| Fill in this information to identify the case: |
| --- |

United States Bankruptcy Court for the:

**Southern District of New York**
(State)

Case number *(if known)*: _____    Chapter    **11**

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| 1. | Debtor's Name | Voyager Digital Holdings, Inc. |
| --- | --- | --- |

| 2. | All other names debtor used in the last 8 years |  |
| --- | --- | --- |
|  | Include any assumed names, trade names, and *doing business as* names |  |

| 3. | Debtor's federal Employer Identification Number (EIN) | 8 2 – 3 9 9 7 6 8 7 |
| --- | --- | --- |

**4. Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
| --- | --- |
| **33**       **Irving Place,   3rd Floor** |  |
| Number    Street | Number       Street |
|  | P.O. Box |
| **New York**          **NY**    **10003** |  |
| City          State    Zip Code | City          State    Zip Code |
|  | **Location of principal assets, if different from principal place of business** |
| **New York** |  |
| County | Number       Street |
|  | City          State    Zip Code |

| 5. | Debtor's website (URL) | https://www.investvoyager.com |
| --- | --- | --- |

| Debtor | Voyager Digital Holdings, Inc. | Case number (if known) | |
|--------|-------------------------------|------------------------|--|
| | Name | | |

**6.   Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

**7.   Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.   NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.
**5239**

**8.   Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.   *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725.  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.**  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☒ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Debtor    Voyager Digital Holdings, Inc. _____      Case number *(if known)* _____

Name

---

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list

☒ No
☐ Yes.

District _____   When _____   Case number _____
                       MM / DD /YYYY
District _____   When _____   Case number _____
                       MM / DD /YYYY

---

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

   List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.

Debtor    **See Rider 1** _____    Relationship    **Affiliate** _____

District    **Southern District of New York** _____    When    **07/05/2022** _____
                                                                MM / DD / YYYY

Case number, if known _____

**11.** **Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12.** **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?** _____
               Number      Street

_____
City            State    Zip Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____

        Contact name _____

        Phone _____

---

<span style="background:black">         </span> **Statistical and administrative information**

---

Debtor_____Voyager Digital Holdings, Inc._____  Case number (if known)_____
         Name

| | | |
|---|---|---|
| **13. Debtor's estimation of available funds** | Check one: | |
| | ☒ Funds will be available for distribution to unsecured creditors. | |
| | ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. | |

| | | | |
|---|---|---|---|
| **14. Estimated number of creditors**[1] | ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| | ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| | ☐ 100-199 | ☐ 10,001-25,000 | ☒ More than 100,000 |
| | ☐ 200-999 | | |

| | | | |
|---|---|---|---|
| **15. Estimated assets** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| | ☐ $50,001-$100,000 | ☒ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| | | | |
|---|---|---|---|
| **16. Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

████  **Request for Relief, Declaration, and Signatures**

**WARNING --**   Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to
$500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     __**07/05/2022**__
                MM/ DD / YYYY

✗    __*/s/ Stephen Ehrlich*__                                     __Stephen Ehrlich__
     Signature of authorized representative of debtor        Printed name

     Title   __**Chief Executive Officer**__

---

[1]   The estimated number of creditors and estimated amounts of assets and liabilities are being listed on a consolidated basis for all Debtor affiliates
listed on Rider 1, attached hereto.

Debtor     Voyager Digital Holdings, Inc.        Case number *(if known)* _____
      Name

**18. Signature of attorney**     ✖    */s/ Joshua A. Sussberg*      Date     **07/05/2022**
                                    Signature of attorney for debtor                              MM/ DD/YYYY

                                    **Joshua A. Sussberg**
                                    Printed name

                                    **Kirkland & Ellis LLP**
                                    Firm name

                                    **601 Lexington Avenue**
                                    Number                    Street

                                    **New York**                               **NY**      **10022**
                                    City                                             State      ZIP Code

                                    **(212) 446-4800**                    **joshua.sussberg@kirkland.com**
                                    Contact phone                                Email address

                                    **4216453**                             **NY**
                                    Bar number                                State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of New York**

(State)

Case number *(if known)*: _____    Chapter    **11**

☐ Check if this is an
amended filing

## Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

  On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of New York for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Voyager Digital Holdings, Inc.

| |
|---|
| Voyager Digital Holdings, Inc. |
| Voyager Digital, LLC |
| Voyager Digital Ltd. |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC. | ) | Case No. 22-[#####] [(___)] |
| | ) | |
| Debtor. | ) | |
| | ) | |

### LIST OF EQUITY SECURITY HOLDERS[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Voyager Digital Holdings, Inc. | Voyager Digital Ltd. | 333 Bay Street, Suite 2400 Toronto, Ontario M5H 2R2, Canada | 100% |

---

[1]    This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the chapter 11 case.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC. | ) | Case No. 22-[#####] [(___)] |
| | ) | |
| Debtor. | ) | |
| | ) | |

## CORPORATE OWNERSHIP STATEMENT

   Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interests:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Voyager Digital Ltd. | 100% |

<table>
<tr><td colspan="2">
**Fill in this information to identify the case:**

Debtor Name:    *Voyager Digital Holdings, Inc., et al.*

United States Bankruptcy Court for the:    Southern District of New York

Case number (if known): _____
</td><td>☐ Check if this is an amended filing</td></tr>
</table>

Official Form 204
**Chapter 11 or Chapter 9 Cases: Amended List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders[A]   12/15**

**A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code and last 6 digits of customer user ID | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Alameda Research Ltd. Tortola Pier Park, Building 1, Second Floor Wickhams Cay I, Road Town, Tortola, British Virgin Islands Alameda Research Ventures Ltd. 2000 Center Street, 4th Floor, Berkeley, CA 94704 | Alameda Research Ltd. | Unsecured Loan Party | | | | $75,000,000.00 |
| 2 | On file | On file | Customer | | | | $9,771,026.39 |
| 3 | On file | On file | Customer | | | | $7,875,569.88 |

---

[A] On a consolidated basis. The information herein shall not constitute an admission of liability by, nor is it binding on, any Debtors with respect to all or any portion of the claims listed below. Moreover, nothing herein shall affect any Debtor's right to challenge the amount or characterization of any claim at a later date.

Debtor Frontier Communications Corporation, *et al*.                          Case number (if known) _____

      Name

| | Name of creditor and complete mailing address, including zip code and last 6 digits of customer user ID | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| 4 | On file | On file | Customer | | | | $5,133,077.33 |
| 5 | On file | On file | Customer | | | | $3,327,083.25 |
| 6 | On file | On file | Customer | | | | $3,316,285.83 |
| 7 | On file | On file | Customer | | | | $3,084,416.32 |
| 8 | On file | On file | Customer | | | | $2,930,770.56 |
| 9 | On file | On file | Customer | | | | $2,899,546.46 |
| 10 | On file | On file | Customer | | | | $2,699,537.41 |
| 11 | On file | On file | Customer | | | | $2,584,297.56 |

Official Form 204                    **Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims**

Debtor <u>Frontier Communications Corporation, *et al*.</u>          Case number (if known) _____
         Name

| | Name of creditor and complete mailing address, including zip code and last 6 digits of customer user ID | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. |
|---|---|---|---|---|---|
| 12 | On file | On file | Customer | | $2,472,855.31 |
| 13 | On file | On file | Customer | | $2,466,916.67 |
| 14 | On file | On file | Customer | | $2,405,985.41 |
| 15 | On file | On file | Customer | | $2,163,490.52 |
| 16 | On file | On file | Customer | | $2,048,781.58 |
| 17 | On file | On file | Customer | | $1,999,936.23 |
| 18 | On file | On file | Customer | | $1,936,370.03 |
| 19 | On file | On file | Customer | | $1,855,378.84 |

Debtor Frontier Communications Corporation, *et al*.
Name

Case number (if known) _____

| | Name of creditor and complete mailing address, including zip code and last 6 digits of customer user ID | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. |
|---|---|---|---|---|---|
| 20 | On file | On file | Customer | | $1,785,763.23 |
| 21 | On file | On file | Customer | | $1,781,958.34 |
| 22 | On file | On file | Customer | | $1,689,566.42 |
| 23 | On file | On file | Customer | | $1,661,058.19 |
| 24 | On file | On file | Customer | | $1,577,946.44 |
| 25 | On file | On file | Customer | | $1,509,038.80 |
| 26 | On file | On file | Customer | | $1,442,283.33 |
| 27 | 5c72ca | On file | Customer | | $1,391,369.85 |

Official Form 204          **Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims**

Debtor <u>Frontier Communications Corporation, *et al.*</u>                      Case number (if known) _____
       Name

| | Name of creditor and complete mailing address, including zip code and last 6 digits of customer user ID | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional | Indicate if claim is contingent, unliquidated, or disputed | | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. |
|---|---|---|---|---|---|---|
| 28 | On file | On file | Customer | | | $1,329,222.92 |
| 29 | On file | On file | Customer | | | $1,310,281.37 |
| 30 | On file | On file | Customer | | | $1,307,524.62 |
| 31 | On file | On file | Customer | | | $1,260,535.52 |
| 32 | On file | On file | Customer | | | $1,225,553.05 |
| 33 | On file | On file | Customer | | | $1,223,832.81 |
| 34 | On file | On file | Customer | | | $1,174,538.85 |
| 35 | On file | On file | Customer | | | $1,165,604.89 |

Official Form 204        **Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims**

Debtor Frontier Communications Corporation, *et al.* _____    Case number (if known) _____
       Name

| | Name of creditor and complete mailing address, including zip code and last 6 digits of customer user ID | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | |
|---|---|---|---|---|---|---|
| 36 | On file | On file | Customer | | | $1,125,470.69 |
| 37 | On file | On file | Customer | | | $1,116,305.23 |
| 38 | On file | On file | Customer | | | $1,107,941.23 |
| 39 | On file | On file | Customer | | | $1,061,546.38 |
| 40 | On file | On file | Customer | | | $1,024,800.55 |
| 41 | On file | On file | Customer | | | $1,009,999.15 |
| 42 | On file | On file | Customer | | | $1,004,308.85 |
| 43 | On file | On file | Customer | | | $997,520.99 |

Official Form 204          **Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims**

Debtor Frontier Communications Corporation, *et al.* _____    Case number (if known) _____

Name

| | Name of creditor and complete mailing address, including zip code and last 6 digits of customer user ID | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. |
|---|---|---|---|---|---|
| 44 | On file | On file | Customer | | $991,340.08 |
| 45 | On file | On file | Customer | | $988,921.41 |
| 46 | On file | On file | Customer | | $981,899.00 |
| 47 | Google, LLC. Google LLC 1600 Amphitheatre Pkwy Mountain View, CA 94043 | collections@google.com | Vendor | | $959,775.94 |
| 48 | On file | On file | Customer | | $958,713.73 |
| 49 | On file | On file | Customer | | $955,579.05 |
| 50 | On file | On file | Customer | | $955,417.27 |

DocuSign Envelope ID: 68E699CB-8DA5-4C17-827F-538109786739F

# SECRETARY CERTIFICATE

### July 5, 2022

The undersigned, David Brosgol, as the secretary or otherwise authorized signatory, as applicable, of, Voyager Digital Ltd., Voyager Digital Holdings, Inc., and Voyager Digital, LLC (each, a "Company" and, collectively, the "Companies"), hereby certifies as follows:

1.       I am the duly qualified and elected secretary or authorized signatory, as applicable, of the Companies and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Companies.

2.       Attached hereto is a true, complete, and correct copy of the resolutions of the Companies' boards of directors, the manager, or sole member, as applicable (collectively, the "Board"), duly adopted at a properly convened and joint meeting of the Board of July 5, 2022, in accordance with the applicable limited liability company agreements, operating agreement, bylaws, or similar governing document (in each case as amended or amended and restated) of each Company.

3.       Since their adoption and execution, the resolutions have not been modified, rescinded, or amended and are in full force and effect as of the date hereof, and the resolutions are the only resolutions adopted by the Board relating to the authorization and ratification of all corporate actions taken in connection with the matters referred to therein.

*[Signature page follows]*

DocuSign Envelope ID: 68E699CB-8DA5-4C17-827F-539A9078679F

IN WITNESS WHEREOF, I have hereunto set my hand on behalf of the Companies as of the date hereof.

Voyager Digital Ltd.
Voyager Digital Holdings, Inc.
Voyager Digital, LLC

By: _____
Name: David Brosgol

Title:   Authorized Signatory

DocuSign Envelope ID: 68E699GB-8DA5-4C1F-B272-F38A0878639F

## RESOLUTIONS OF THE BOARD
## OF DIRECTORS OF VOYAGER DIGITAL LTD.

### Effective as of July 5, 2022

After due deliberation, the undersigned, being all of the members of the board of directors, the manager, or the sole member, as applicable (each, a "Governing Body", and, collectively, the "Board"), of the applicable entity set forth on **Exhibit A** attached hereto (each, a "Company," and, collectively, the "Companies") hereby take the following actions and adopt the following resolutions (the "Resolutions") pursuant to (as applicable) the articles of incorporation, limited liability company agreement, operating agreement, bylaws, or similar governing document (in each case as amended or amended and restated) of each Company and the laws of the state, province or country of formation of each Company as set forth next to each Company's name on **Exhibit A**:

**WHEREAS**, the Board has reviewed and considered presentations by the management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business;

**WHEREAS**, the Board has had the opportunity to consult with the management and the financial and legal advisors of the Companies and to fully consider each of the strategic alternatives available to the Companies;

**WHEREAS**, the Board has reviewed and considered presentations by the management and the financial and legal advisors of the Company regarding the transactions contemplated under the proposed chapter 11 plan of reorganization (the "Plan").

**NOW**, **THEREFORE, BE IT**,

**Chapter 11 Filing**

**RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the Company, its stakeholders, its creditors, and other parties in interest, that each Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the bankruptcy court for the Southern District of New York (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States.

**RESOLVED**, that any of the Chief Executive Officer, Chief Financial Officer, any Executive Vice President, General Counsel, and Secretary or any other duly appointed officer of each Company (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered, and directed to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business.

RESOLVED, that each of the Authorized Signatories has determined in its business judgment it is desirable and in the best interests of the Company, its stakeholders, its creditors, and other parties in interest that the Authorized Signatories shall be, and hereby are, authorized to file or cause to be filed the Plan, and all other papers or documents (including any amendments) related thereto and to take any and all actions that they deem necessary or appropriate to pursue confirmation and consummation of a plan of reorganization materially consistent with the Plan.

RESOLVED, that the Authorized Signatories, acting alone or with one or more other Authorized Signatories shall be, and hereby are, authorized to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such instruments as each, in his or her discretion, may deem necessary or advisable in order to consummate the Plan if confirmed by the Bankruptcy Court.

**Retention of Professionals**

RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized and directed to employ the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland") as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland.

RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized and directed to employ the firm Berkeley Research Group, LLC ("BRG"), as financial advisors to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of BRG.

RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized and directed to employ the firm Moelis & Company ("Moelis"), as investment bankers to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Moelis.

RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized and directed to employ the firm Consello Group ("Consello"), as strategic and financial advisors to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to

2

execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Consello.

**RESOLVED**, that each of the Authorized Signatories be, and hereby is, authorized and directed to employ the firm of Stretto, Inc. ("Stretto") as notice and claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Stretto.

**RESOLVED**, that each of the Authorized Signatories be, and hereby is, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

**RESOLVED**, that each of the Authorized Signatories be, and hereby is, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of such case.

## CCAA Recognition Application

**RESOLVED**, that in the business judgment of each Governing Body and based on the recommendation from management and the financial and legal advisors of the Companies, it is desirable and in the best interests of each Company, its creditors and other parties in interest that Voyager Digital Ltd. (and such other Company as may be necessary) shall be, and hereby is, authorized to file or cause to be filed an application for recognition in Canada under the Companies' Creditors Arrangement Act (Canada) ("CCAA") of its Chapter 11 Case and to seek such other insolvency or bankruptcy relief in Canada in respect of itself or any other Company (the "Canadian Proceedings").

**RESOLVED**, that each of the Authorized Signatories be, and hereby is, authorized, empowered and directed to execute and file on behalf of Voyager Digital Ltd. (or such Company, as applicable) all petitions, schedules, motions, objections, replies, applications, pleadings, lists, documents and other papers, and to take any and all action that such Authorized Signatories deem necessary, appropriate or desirable to obtain such relief, including, without limitation, any action necessary, appropriate or desirable to maintain the ordinary course operation of such Company's businesses or to assist such Company in the Canadian Proceedings and in carrying out its duties under the provisions of the CCAA.

**Retention of Canadian Professionals**

**RESOLVED**, that each of the Authorized Signatories be, and hereby is, authorized and directed to employ Fasken Martineau DuMoulin LLP ("Fasken") as Canadian bankruptcy counsel to provide Canadian legal advice to the Companies, to represent and assist each Company in carrying out its duties under the CCAA and the Canadian Proceedings, and to take any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings, and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and, if required, to cause to be filed an appropriate application for authority to retain Fasken in accordance with applicable law.

**RESOLVED**, that each of the Authorized Signatories be, and hereby is, authorized and directed to pay the fees and expenses of the proposed Canadian court appointed Information Officer in the Canadian Proceedings, Alvarez & Marsal Canada Inc., and its counsel, Blake, Cassels & Graydon LLP, in connection with the Canadian Proceedings and, as applicable, on such terms and conditions as the Canadian Court shall subsequently approve.

**General**

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein.

**RESOLVED**, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing Resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice.

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing Resolutions except that such acts were taken before the adoption of these Resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by Resolution of the Board.

**RESOLVED**, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these Resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

\* \* \*

4

DocuSign Envelope ID: 68F699CB-8DA5-4C17-827F-53810B78679F

**Exhibit A**

**Company**

| Company | Jurisdiction |
| --- | --- |
| Voyager Digital Ltd. | Canada |
| Voyager Digital Holdings, Inc. | Delaware |
| Voyager Digital, LLC | Delaware |

| Fill in this information to identify the case and this filing: | |
| --- | --- |
| Debtor Name | Voyager Digital Holdings, Inc. |
| United States Bankruptcy Court for the: | **Southern District of New York** |
| | (State) |
| Case number (If known): | |

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### ▉ Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐  *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐  *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐  *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐  *Schedule H: Codebtors (Official Form 206H)*

☐  *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐  Amended *Schedule___*

☒  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*[1]

☒  Other document that requires a declaration_____ **List of Equity Security Holders, Corporate Ownership Statement**_____

I declare under penalty of perjury that the foregoing is true and correct.

| Executed on | <u>07/05/2022</u> | ☒ */s/ Stephen Ehrlich* |
| --- | --- | --- |
| | MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | | **Stephen Ehrlich** |
| | | Printed name |
| | | **Chief Executive Officer** |
| | | Position or relationship to debtor |

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

---

[1]    In lieu of filing an individual list of the debtor's top twenty unsecured, non-insider creditors as set forth on Official Form 204, the debtor and its affiliates have requested authority to file a consolidated list of their top fifty unsecured, non-insider creditors as more fully set forth in the *Debtors' Motion Seeking Entry of an Order (I) Authorizing the Debtors to File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (II) Authorizing the Debtors to File a Consolidated List of the Debtors' Fifty Largest Unsecured Creditors, (III) Authorizing the Debtors to Redact Certain Personally Identifiable Information, (IV) Approving the Form and Manner of Notifying Creditors of Commencement, and (V) Granting Related Relief.*