Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | Case No. 22-10943 (___) |
| Debtors. | (Joint Administration Requested) |

# DEBTORS' MOTION FOR ENTRY OF
# AN ORDER (I) AUTHORIZING VOYAGER DIGITAL LTD.
# TO ACT AS FOREIGN REPRESENTATIVE AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") respectfully state the following in support of this motion (this "<u>Motion</u>"):

**Relief Requested**

1.    The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "<u>Order</u>"):  (a) authorizing Voyager Digital Ltd. ("<u>Voyager</u>") to act as foreign representative[2] on behalf of the Debtors' estates (the "<u>Foreign Representative</u>") in legal proceedings in the Canadian Court (as defined below); and (b) granting related relief.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (N/A); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    A "foreign representative" is defined in section 45(1) of the CCAA (as defined herein) to mean "a person or body, including one appointed on an interim basis, who is authorized, in a foreign proceeding respect of a debtor

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012. The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105, 1107, and 1505 of title 11 of the United States Code (the "Bankruptcy Code"), rule 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

**Background**

5. On July 5, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Stephen Ehrlich, Chief Executive Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously with this Motion and incorporated by reference herein.[3]

---

company to: (a) monitor the debtor company's business and financial affairs for the purpose of reorganization; or (b) act as a representative in respect of the foreign proceeding."

[3] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

6. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrent with the filing of this Motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

### Appointment of a Foreign Representative

7. Voyager, as the proposed Foreign Representative, will seek ancillary relief in Canada on behalf of Voyager, and, to the extent necessary or appropriate, the other Debtors, in the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court") pursuant to the *Companies' Creditors Arrangement Act (Canada) R.S.C., 1985, c. C-36* (as amended, the "CCAA"). The purpose of the ancillary proceeding (the "Canadian Proceeding") is to request that the Canadian Court recognize the chapter 11 case of Voyager[4] and to the extent necessary or appropriate, the other Debtors, as "foreign main proceedings" under the applicable provisions of the CCAA to, among other things, protect Voyager's assets and operations in Canada and obtain a Canadian order staying self-help remedies by stakeholders, lenders, or other parties following the commencement of the chapter 11 cases. Concurrent with the filing of this Motion, Voyager may seek an emergency stay in Canada, pending entry of the proposed Order, to prevent any claimants from taking steps against Voyager's property in Canada.[5]

---

[4] At this time, the Debtors anticipate seeking recognition only of the chapter 11 case commenced by Voyager.

[5] Voyager intends to propose that the Canadian Court appoint Alvarez & Marsal Canada Inc. as information officer in the Canadian Proceeding (the "Information Officer"). The Information Officer will serve as an officer of the Canadian Court and report to the Canadian Court from time to time (including at the hearing on the initial application) on the status of the chapter 11 case, the proposed restructuring of Voyager, the Canadian Proceeding and any other information that may be material to the Canadian Court. The specific duties of the Information Order will be set out in an order of the Canadian Court. The Information Officer, its counsel, and counsel to the

8. The Debtors request authority to appoint Voyager as Foreign Representative in connection with the Canadian Proceeding to satisfy the requirements of the CCAA. Specifically, section 46 of the CCAA provides:

> (1) **Application for recognition of a foreign proceeding.**—A foreign representative may apply to the court for recognition of the foreign proceeding in respect of which he or she is a foreign representative.
>
> (2) **Documents that must accompany application.**—. . . the application must be accompanied by . . . (b) a certified copy of the instrument, however designated, authorizing the foreign representative to act in that capacity or a certificate from the foreign court affirming the foreign representative's authority to act in that capacity. . . .

CCAA, R.S.C., c. C-36, § 46 (1985) (Can.).

9. Absent an order of this Court, the Debtors may find it difficult to satisfy the requirements set out in the CCAA for an application for recognition of these chapter 11 cases. Accordingly, in order for Voyager to be recognized as the Foreign Representative in the Canadian Proceeding, and thereby apply to have its chapter 11 case and, if necessary or appropriate, those chapter 11 cases of the other Debtors, recognized by the Canadian Court, this Court must enter an order authorizing Voyager to act as the Foreign Representative in the Canadian Proceeding. If the order is entered, Voyager will be able to file the order with the Canadian Court as the instrument authorizing Voyager to act as the Foreign Representative pursuant to section 46 of the CCAA. At this time, Voyager has no intention of seeking recognition in any other jurisdictions.

## Basis for Relief

10. Although the provisions of chapter 15 of the Bankruptcy Code generally do not apply to other chapters of the Bankruptcy Code, pursuant to Bankruptcy Code section 103(k)(1),

---

Foreign Representative will be compensated by the Debtors in accordance with the terms of an order of the Canadian Court.

4

Bankruptcy Code section 1505 applies to any case under the Bankruptcy Code. Specifically, Bankruptcy Code section 103(k)(1) provides that "[c]hapter 15 applies only in a case under such chapter, except that—(1) sections 1505, 1513, and 1514 apply in all cases under this title." 11 U.S.C. § 103(k)(1).

11. Section 1505 of the Bankruptcy Code allows a debtor in possession to obtain a court order recognizing the debtor in possession as the foreign representative of the debtor's estate, in order to submit a petition to a foreign court requesting recognition of the debtor's chapter 11 case. Specifically, section 1505 of the Bankruptcy Code provides:

> A trustee or another entity (including an examiner) may be authorized by the court to act in a foreign country on behalf of an estate created under section 541. An entity authorized to act under this section may act in any way permitted by the applicable foreign law.

12. Further, Bankruptcy Code section 1107(a) provides, in relevant part:

> [s]ubject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the rights to compensation under section 330 of this title, and powers, and shall perform all the functions and duties . . . of a trustee serving in a case under this chapter.

11 U.S.C. § 1107(a).

13. The Debtors respectfully submit that sections 1107 and 1505 of the Bankruptcy Code confer upon Voyager, as a debtor in possession, sufficient rights, powers, and duties to act as Foreign Representative of the Debtors' estates. However, to avoid any possible confusion or doubt regarding this authority and to comply with the requirements of section 46 of the CCAA, the Debtors seek entry of an order, pursuant to section 1505 of the Bankruptcy Code, explicitly authorizing Voyager to act as the Foreign Representative of the Debtors' estates in the Canadian Proceeding.

14.     This relief will allow coordination of the chapter 11 cases and the Canadian Proceeding and provide an effective mechanism to protect and maximize the value of the Debtors' assets and estates. Specifically, the Canadian Proceeding will allow the Debtors to seek orders of the Canadian Court, ensuring that the relief granted in this Court is enforceable in Canada and that creditors in the United States and Canada are subject to similar stays as a result of the commencement of these chapter 11 cases.

15.     Courts routinely grant relief similar to that requested herein in other large chapter 11 cases where a debtor has foreign assets or operations requiring a recognition proceeding. *See, e.g.*, *In re Hollander Sleep Products, LLC*, No. 19-11608 (MEW) (Bank. S.D.N.Y. May 22, 2019); *In re Sungard AS New Holdings, LLC*, No. 22-90018 (DRJ) (S.D. Tex. Apr. 12, 2022); *In re BJ Services, LLC*, No. 20-33627 (MI) (Bankr. S.D. Tex. Aug. 10, 2020); *In re Tailored Brands, Inc.*, No. 20-33900 (MI) (Bankr. S.D. Tex. Aug. 3, 2020); *In re Pier 1 Imports, Inc.*, No. 20-30805 (KRH) (Bankr. E.D.Va. Feb., 17, 2020).

16.     Accordingly, the relief requested herein is necessary and appropriate and should be granted in all respects.

### The Requirements of Bankruptcy Rule 6003(b) Are Satisfied

17.     Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm." As set forth in this Motion, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors operations and cause irreparable harm. Furthermore, the failure to receive the requested relief during the first 21 days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture. Accordingly, the Debtors submit that they have

6

satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support the relief requested herein.

### Motion Practice

18. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

### Notice

19. The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the United States Trustee for the Southern District of New York; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) the lender under the Debtors' prepetition loan facility; (d) the United States Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service; (f) the Toronto Stock Exchange; (g) the attorneys general in the states where the Debtors conduct their business operations; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

20. No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| Dated:  July 6, 2022<br>New York, New York | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>Christopher Marcus, P.C.<br>Christine A. Okike, P.C.<br>Allyson B. Smith (*pro hac vice* pending)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:   (212) 446-4800<br>Facsimile:    (212) 446-4900<br>Email:           jsussberg@kirkland.com<br>                      cmarcus@kirkland.com<br>                      christine.okike@kirkland.com<br>                      allyson.smith@kirkland.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**ORDER (I) AUTHORIZING VOYAGER DIGITAL LTD.
TO ACT AS FOREIGN REPRESENTATIVE AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"): (a) authorizing Voyager Digital Ltd. ("Voyager") to act as foreign representative on behalf of the Debtors' estates (the "Foreign Representative") in the Canadian Proceeding; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and that this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (N/A); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Debtor Voyager is hereby authorized to: (a) act as the Foreign Representative of the Debtors; (b) seek recognition of these chapter 11 cases in the Canadian Proceeding; (c) request that the Canadian Court lend assistance to this Court in protecting the property of the estates; and (d) seek any other appropriate relief from the Canadian Court that Voyager deems just and proper in the furtherance of the protection of the Debtors' estates.

3. This Court requests the aid and assistance of the Canadian Court to recognize these chapter 11 cases as a "foreign main proceeding" and Voyager as a "foreign representative" pursuant to the CCAA, and to recognize and give full force and effect in all provinces and territories of Canada to this Order.

4. The Debtors are authorized to pay the costs of the Information Officer and its counsel, consistent with any orders of the Canadian Court.

5. As soon as practical following court action taken by the Foreign Representative in another jurisdiction, the Debtors will file notice of the same on the docket of these chapter 11 cases.

6. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

7.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York  
Dated: _____, 2022

THE HONORABLE [●]  
UNITED STATES BANKRUPTCY JUDGE

3