Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**(I) RESTATING AND ENFORCING THE WORLDWIDE**
**AUTOMATIC STAY, ANTI-DISCRIMINATION PROVISIONS, AND**
***IPSO FACTO* PROTECTIONS OF THE BANKRUPTCY CODE, (II) APPROVING**
**THE FORM AND MANNER OF NOTICE, AND (III) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state the following in support of this motion (this "Motion"):

**Relief Requested**

1.    The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order"): (a) restating and enforcing the worldwide automatic stay,

anti-discrimination provisions, and *ipso facto* protections of the Bankruptcy Code; (b) approving

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (N/A); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

the form and manner of notice related thereto, substantially in the form attached as <u>Exhibit 1</u> to the

Order (the "<u>Notice</u>"); and (c) granting related relief.

2.        The Debtors further seek authority to translate this Motion, the Order, and the

Notice to better inform creditors, governmental units, and interested parties of the relief requested

herein.

## **<u>Jurisdiction and Venue</u>**

3.        The United States Bankruptcy Court for the Southern District of New York

(the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Amended Standing Order of Reference from the United States District Court for the Southern*

*District of New York*, entered February 1, 2012.  The Debtors confirm their consent to the Court

entering a final order in connection with this Motion to the extent that it is later determined that

the Court, absent consent of the parties, cannot enter final orders or judgments in connection

herewith consistent with Article III of the United States Constitution.

4.        Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.        The bases for the relief requested herein are sections 105(a), 362, 365, and 525 of

title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), rules 6003 and 6004 of the Federal

Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and rule 9013-1 of the Local

Bankruptcy Rules for the Southern District of New York (the "<u>Local Rules</u>").

## **<u>Background</u>**

6.        On July 5, 2022 (the "<u>Petition Date</u>"), each Debtor filed a voluntary petition for

relief under chapter 11 of the Bankruptcy Code.  A detailed description of the facts and

circumstances of these chapter 11 cases is set forth in the *Declaration of Stephen Ehrlich, Chief*

*Executive Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions*

(the "First Day Declaration"), filed contemporaneously with this Motion and incorporated by reference herein.[2]

7.      The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Concurrent with the filing of this Motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

### The Debtors' Global Network

8.      The Debtors are a cryptocurrency agency broker whose business operations and customer base are international in scope.  In the ordinary course of business, the Debtors have customers in, and regularly contract with, counterparties that are based outside of the United States.  Further, many of the equity holders of Debtor Voyager Digital Ltd., a Canadian public company listed on the Toronto Stock Exchange, are non-U.S. persons.

9.      The Debtors' customers and contract counterparties located in various foreign jurisdictions may be unfamiliar with the chapter 11 process, including the scope of a debtor in possession's authority to operate its business and the importance of the automatic stay.  The Debtors may owe certain of these customers and contract counterparties prepetition obligations.  These creditors—and others—may attempt to take actions violating the automatic stay to the detriment of the Debtors, their estates, and other creditors.

---

[2]    Capitalized terms not defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

10.     In addition, upon the commencement of these chapter 11 cases, non-U.S. counterparties to certain leases and executory contracts could attempt to terminate such leases or contracts, including pursuant to *ipso facto* provisions in contravention of sections 362 and 365 of the Bankruptcy Code.  Similarly, governmental units outside of the United States may deny, suspend, terminate, or otherwise place conditions upon certain licenses, permits, charters, franchises, or other similar grants held by a Debtor that is required for the Debtors' ongoing business operations, in violation of section 525 of the Bankruptcy Code.

11.     The Debtors seek the relief requested herein out of an abundance of caution and to assist them in better informing non-U.S. creditors and other stakeholders of the broad protections offered by the Bankruptcy Code.  For the avoidance of doubt, the Debtors do not seek to expand or enlarge the rights afforded to them under the Bankruptcy Code with this Motion.  Instead, the Debtors seek to affirm those rights and believe that an order from this Court will help guard the Debtors against improper actions taken by, and provide clarity for, non-U.S. parties in interest.

**Basis for Relief**

## I.   Relief Should Be Granted Hereunder to Better Enforce the Automatic Stay, Anti-Discrimination, and *Ipso Facto* Provisions of the Bankruptcy Code.

12.     As a result of the commencement of these chapter 11 cases, and by operation of section 362 of the Bankruptcy Code, the automatic stay enjoins all persons from, among other things, taking any action to obtain possession of property of the estate or to exercise control over property of the estate.  *See* 11 U.S.C. § 362(a)(3).  The injunction contained in section 362 is a core protection for debtors, providing them with a "breathing spell" from their creditors, which, in combination with other provisions of the Bankruptcy Code, is essential to a debtor's ability to reorganize.  *See, e.g.*, *Shugrue v. Air Line Pilots Ass'n Int'l (In re Ionosphere Clubs, Inc.*), 922 F.2d 984, 989 (2d Cir. 1990) (citations omitted).

13.     Given its fundamental importance to a debtor's reorganization, courts broadly construe the Bankruptcy Code's automatic stay provisions. *In re NextWave Pers. Commc'ns., Inc.*, 244 B.R. 253, 271 (Bankr. S.D.N.Y. 2000). As such, the automatic stay has been held to preclude unilateral actions by non-debtor parties to terminate contracts without court order, protecting a debtor's property and contracts wherever located and by whoever held. *See, e.g., Bonneville Power Admin. v. Mirant Corp. (In re Mirant)*, 440 F.3d 238 (5th Cir. 2006) (holding that the automatic stay prohibited termination of debtor's contract without further relief).

14.     Furthermore, section 362 of the Bankruptcy Code applies worldwide. *See Secs. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Bernard L. Madoff Inv. Secs. LLC)*, Case No. 08-1789 (BRL), 2012 WL 1570859 (S.D.N.Y. May 4, 2012) (upholding extraterritorial enforcement of the automatic stay and injunction barring foreign creditor's lawsuit); *Hong Kong & Shanghai Banking Corp. v. Simon (In re Simon)*, 153 F.3d 991, 996 (9th Cir. 1998); *Nakash v. Zur (In re Nakash)*, 190 B.R. 763, 768 (Bankr. S.D.N.Y. 1996). The Bankruptcy Court has authority to fashion appropriate remedies for violations of the automatic stay. *See, e.g.*, 11 U.S.C. §§ 105(a), 362(k); *see Standard Indus., Inc. v. Acquila, Inc. (In re C.W. Mining Co.)*, 625 F.3d 1240, 1246 (10th Cir. 2010) (holding that a debtor may pursue remedies regarding a stay violation by contempt motion pursuant to Bankruptcy Rules 9020 and 9014); *see also Buckeye Check Cashing, Inc. v. Meadows (In re Meadows)*, 396 B.R. 485, 498 (6th Cir. BAP 2008) ("[A]ctions to recover damages for stay violations are generally brought by motion, with attorney fees expressly allowable under § 362(k).").

15.     Section 525 of the Bankruptcy Code prohibits governmental units from, among other things: (a) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to the Debtors; (b) placing conditions upon such a grant to the

Debtors; or (c) discriminating against the Debtors with respect to such a grant, solely because the Debtors are debtors under the Bankruptcy Code, may have been insolvent before the commencement of these chapter 11 cases, or are insolvent during the pendency of these chapter 11 cases. *See In re Psycho-Therapy and Counseling Ctr., Inc.*, 195 B.R. 522, 533 (Bankr. D. Col. 1996) (holding that the debtor's exclusion from a governmental program on account of its non-payment of a dischargeable debt would interfere with the debtor's breathing spell and fresh start).

16.    Section 365(e)(1)(B) of the Bankruptcy Code prohibits counterparties to debtor contracts from terminating or modifying such contracts, including rights or obligations thereunder, solely on account of a debtor's bankruptcy filing—invalidating such "*ipso facto*" provisions. Section 365 of the Bankruptcy Code also prohibits, absent court approval, third parties from enforcing the terms of a contract against the Debtors. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531–32 (1984). Third parties must thus continue to perform under executory contracts until they are assumed or rejected. *See In re Calpine Corp.*, Case No. 06-10678, 2009 Bankr. LEXIS 1041, at *15 (Bankr. S.D.N.Y. May 7, 2009); *In re El Paso Refinery, L.P.*, 196 B.R. 58, 72 (Bankr. W.D. Tex. 1996).

17.    Pursuant to section 105(a) of the Bankruptcy Code, the Court may issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Section 105(a) therefore authorizes a bankruptcy court to issue injunctions or take other necessary steps in aid of its jurisdiction. *See, e.g., MacArthur Co. v. Johns-Manville Corp.*, 837 F.2d 89, 93 (2d Cir. 1988); *United States v. Sutton*, 786 F.2d 1305, 1307 (5th Cir. 1986). Such orders are appropriate where, as here, they are essential to the debtor's reorganization efforts and do not burden creditors. *See In re Momentum Mfg. Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1994) (holding

that, as courts of equity, bankruptcy courts are empowered to invoke equitable principles to achieve fairness and justice in the reorganization process).

18.    The application of the protections afforded a debtor by sections 362, 365, and 525 of the Bankruptcy Code is automatic upon the filing of a chapter 11 petition. *See* 11 U.S.C. § 362(a)(3) ("[A] petition filed under section 301 . . . of this title . . . operates as a stay, applicable to all entities, of, [among other things,] any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."); 11 U.S.C. § 365(e)(1) ("[A]ny right or obligation under [an executory contract or unexpired lease of the debtor] may not be terminated or modified, at any time after the commencement of the case solely because" an *ipso facto* provision); 11 U.S.C. § 525(a) ("[A governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, discriminate with respect to such a grant against [. . .] a person that is or has been a debtor under this title.").

19.    Despite the automatic effect of these statutes, however, non-U.S. creditors unfamiliar with the Bankruptcy Code may attempt to proceed against the Debtors' property outside the United States even after the Debtors file voluntary petitions triggering the automatic relief provided under the Bankruptcy Code.  Such unilateral self-help, litigation, or collection actions could adversely impact the Debtors' ordinary course operations, thereby jeopardizing the Debtors' reorganization and resulting in irreparable harm to the estates and interested parties.  Although the automatic stay, anti-discrimination provisions, and *ipso facto* protections are self-executing on the Petition Date, the Debtors believe that a Court order is necessary and appropriate to better enforce creditor compliance with the Bankruptcy Code.  To that end, the Debtors submit that service of

the Notice in appropriate circumstances will advance the efficient administration of these chapter 11 cases.

20.    Granting the relief requested herein will better enable the Debtors to inform non-U.S. creditors and interested parties of debtor protections that may be unfamiliar to them. It will help ensure that (a) parties to unexpired leases and executory contracts with the Debtors continue to perform their duties and obligations thereunder, (b) creditors are less likely to seize the Debtors' assets or take other actions violating the automatic stay, and (c) governmental units do not unfairly discriminate or take action against the Debtors violating the Bankruptcy Code. The relief requested herein will facilitate the Debtors' orderly transition into chapter 11 and minimize the disruption of their businesses.[3]

21.    Bankruptcy courts in this district have entered orders restating and enforcing the protections set forth in sections 362, 365, and 525 of the Bankruptcy Code under comparable circumstances. *See, e.g.*, *In re GTT Communications, Inc.*, No. 21-11880 (MEW) (Bankr. S.D.N.Y. Nov. 4, 2021) (enforcing and restating the provisions of sections 362 and 365 of the Bankruptcy Code); *In re Automotores Gildemeister SpA*, Case No. 21-10685 (LGB) (Bankr. S.D.N.Y. Apr. 16, 2021) (same); *In re LATAM Airlines Grp.*, Case No. 20-11254 (JLG) (Bankr. S.D.N.Y. May 28, 2020) (same); *In re Aegean Marine Petroleum Network, Inc.*, No. 18-13374 (MEW) (Bankr. S.D.N.Y. Nov. 16, 2018) (same); *In re CGG Holdings (U.S.) Inc.*, No. 17-11637 (MG) (Bankr. S.D.N.Y. June 15, 2017) (same).[4]

---

[3]    As necessary, the Debtors anticipate translating this Motion, the Order, and/or the Notice in order to better inform creditors, governmental units, and interested parties of the relief requested herein.

[4]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

### The Requirements of Bankruptcy Rule 6003(b) Are Satisfied

22.    Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm." As set forth in this Motion, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors operations and cause irreparable harm. Furthermore, the failure to receive the requested relief during the first 21 days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture. Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support the relief requested herein.

### Waiver of Bankruptcy Rule 6004(a) and 6004(h)

23.    To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

### Motion Practice

24.    This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

### Notice

25.    The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the United States Trustee for the Southern District of New York; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated

basis); (c) the lender under the Debtors' prepetition loan facility; (d) the United States Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service; (f) the Toronto Stock Exchange; (g) the attorneys general in the states where the Debtors conduct their business operations; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### **No Prior Request**

26.     No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated:  July 6, 2022
New York, New York

/s/ Joshua A. Sussberg

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    jsussberg@kirkland.com
            cmarcus@kirkland.com
            christine.okike@kirkland.com
            allyson.smith@kirkland.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**ORDER (I) RESTATING AND ENFORCING THE WORLDWIDE**
**AUTOMATIC STAY, ANTI-DISCRIMINATION PROVISIONS, AND *IPSO***
***FACTO* PROTECTIONS OF THE BANKRUPTCY CODE, (II) APPROVING**
**THE FORM AND MANNER OF NOTICE, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) restating and enforcing the worldwide automatic stay, anti-discrimination provisions, and *ipso facto* protections of the Bankruptcy Code, (b) approving the form and manner of notice, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and that this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors'

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (N/A); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

estates, their creditors, and other parties in interest; and this Court having found that the Debtors'

notice of the Motion and opportunity for a hearing on the Motion were appropriate under the

circumstances and no other notice need be provided; and this Court having reviewed the Motion

and having heard the statements in support of the relief requested therein at a hearing before this

Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth

in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of

the proceedings had before this Court; and after due deliberation and sufficient cause appearing

therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      Subject to section 362 of the Bankruptcy Code, all persons (including individuals,

partnerships, corporations, and other entities and all those acting on their behalf) and governmental

units, whether of the United States, any state or locality therein or any territory or possession

thereof, or any non-U.S. jurisdiction (including any division, department, agency, instrumentality

or service thereof, and all those acting on their behalf), are hereby stayed, restrained and enjoined

from:

> (a)    commencing or continuing (including the issuance or employment of
> process) any judicial, administrative, or other action or proceeding against
> the Debtors that was or could have been commenced before the
> commencement of the Debtors' chapter 11 cases or recovering a claim
> against the Debtors that arose before the commencement of the Debtors'
> chapter 11 cases;

> (b)    enforcing, against the Debtors or against property of their estates, a
> judgment or order obtained before the commencement of the Debtors'
> chapter 11 cases;

> (c)    taking any action, whether inside or outside the United States, to obtain
> possession of property of the Debtors' estates, wherever located or to
> exercise control over property of the estates or interfere in any way with the
> conduct by the Debtors of their business, including, without limitation,
> attempts to arrest, seize or reclaim any assets in which the Debtors have
> legal or equitable interests;

(d)     taking any action to create, perfect, or enforce any lien against the property of the Debtors' estates;

(e)     taking any action to create, perfect, or enforce against property of the Debtors any lien to the extent that such lien secures a claim that arose prior to the commencement of the Debtors' chapter 11 cases;

(f)     taking any action to collect, assess, or recover a claim against the Debtors that arose prior to the commencement of the Debtors' chapter 11 cases;

(g)     offsetting any debt owing to the Debtors that arose before the commencement of the Debtors' chapter 11 cases against any claim against the Debtors; and

(h)     commencing or continuing any proceeding before the United States Tax Court concerning the Debtors, subject to the provisions of 11 U.S.C. § 362(b).

3.      Pursuant to sections 362 and 365 of the Bankruptcy Code, notwithstanding a provision in a contract or lease or any applicable law, all persons are hereby stayed, restrained, and enjoined from terminating or modifying any and all contracts and leases to which the Debtors are party or signatory, at any time after the commencement of these cases because of a provision in such contract or lease that is conditioned on the (a) insolvency or financial condition of the Debtors at any time before the closing of these cases, or (b) commencement of these cases under the Bankruptcy Code.  Accordingly, all such persons are required to continue to perform their obligations under such leases and contracts during the postpetition period.

4.      Pursuant to section 525 of the Bankruptcy Code, all governmental units and other regulatory authorities are prohibited and enjoined from:  (a) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to the Debtors; (b) placing conditions upon such a grant to the Debtors; or (c) discriminating against the Debtors with respect to such a grant, solely because the Debtors are debtors under the Bankruptcy Code, may have been insolvent before the commencement of these chapter 11 cases, or are insolvent during the pendency of these chapter 11 cases.

5.      The form of Notice, substantially in the form attached as **Exhibit 1** hereto, is approved.  The Debtors are authorized to serve the Notice upon creditors, governmental units or other regulatory authorities, and/or interested parties wherever located.

6.      Nothing in this Order or the Motion shall constitute a rejection or assumption by the Debtors, as debtors in possession, of any executory contract or unexpired lease.

7.      The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b)

8.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE [●]
UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT 1**

**Form of Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

————————————————————————— )
In re:                                                    )        Chapter 11
                                                          )
VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1]   )        Case No. 22-10943 (___)
                                                          )
                          Debtors.              )        (Joint Administration Requested)
————————————————————————— )

## NOTICE OF ENTRY OF AN ORDER RESTATING AND
## ENFORCING THE WORLDWIDE AUTOMATIC STAY, ANTI-DISCRIMINATION
## PROVISIONS, AND *IPSO FACTO* PROTECTIONS OF THE BANKRUPTCY CODE

**PLEASE TAKE NOTICE** that on July 5, 2022, the above-captioned debtors and debtors

in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the

United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States

Bankruptcy Court for the Southern District of New York (the "Court"). The Debtors' chapter 11

cases are pending before the Honorable Judge [●], United States Bankruptcy Judge, and are being

jointly administered under the lead case *In re Voyager Digital Holdings, Inc., et. al.*, Case

No. 22-10943 (___).

**PLEASE TAKE FURTHER NOTICE** that pursuant to section 362(a) of the Bankruptcy

Code, the Debtors' filing of their respective voluntary petitions operates as a self-effectuating,

statutory stay or injunction, applicable to all entities and protecting the Debtors from, among other

things: (a) the commencement or continuation of a judicial, administrative, or other action or

proceeding against the Debtors (i) that was or could have been commenced before the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
       number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (N/A); and Voyager Digital, LLC
       (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY
       10003.

commencement of the Debtors' cases; or (ii) to recover a claim against the Debtors that arose before the commencement of the Debtors' cases; (b) the enforcement, against the Debtors or against any property of the Debtors' bankruptcy estates, of a judgment obtained before the commencement of the Debtors' cases; or (c) any act to obtain possession of property of or from the Debtors' bankruptcy estates, or to exercise control over property of the Debtors' bankruptcy estates.[2]

PLEASE TAKE FURTHER NOTICE that pursuant to the *Order (I) Restating and Enforcing the Worldwide Automatic Stay, Anti-Discrimination Provisions, and* Ipso Facto *Protections of the Bankruptcy Code, (II) Approving the Form and Manner of Notice, and (III) Granting Related Relief* (the "Order") [Docket No. [__]], entered on [_____], 2022, and attached hereto as **Exhibit A**, all persons wherever located (including individuals, partnerships, corporations, and other entities and all those acting on their behalf), persons party to a contract or agreement with the Debtors, governmental units, whether of the United States, any state or locality therein or any territory or possession thereof, or any foreign country (including any division, department, agency, instrumentality or service thereof, and all those acting on their behalf), are hereby put on notice that they are subject to the Order and must comply with its terms and provisions.

PLEASE TAKE FURTHER NOTICE that any entity that seeks to assert claims or interests against, seek or assert causes of action or other legal or equitable remedies against, or

---

[2]    Nothing herein shall constitute a waiver of the right to assert any claims, counterclaims, defenses, rights of setoff or recoupment or any other claims of the Debtors against any party to the above-captioned cases. The Debtors expressly reserve the right to contest any claims which may be asserted against the Debtors.

otherwise exercise any rights in law or equity against the Debtors or their estates must do so in front of the Court pursuant to the Order, the Bankruptcy Code, and applicable law.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, any governmental agency, department, division or subdivision, or any similar governing authority is prohibited from, among other things:  (a) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to the Debtors; (b) placing conditions upon such a grant to the Debtors; or (c) discriminating against the Debtors with respect to such a grant, solely because the Debtors are debtors under the Bankruptcy Code, may have been insolvent before the commencement of these chapter 11 cases, or are insolvent during the pendency of these chapter 11 cases as set forth more particularly in the Order.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, parties to contracts or agreements with the Debtors are prohibited from terminating such contracts or agreements because of a Debtor's bankruptcy filing—except as permitted by the Court under applicable law.

**PLEASE TAKE FURTHER NOTICE** that pursuant to sections 105(a) and 362(k) of the Bankruptcy Code and Rule 9020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), among other applicable substantive law and rules of procedure, any person or governmental unit seeking to assert its rights or obtain relief outside of the processes set forth in the Order, the Bankruptcy Code, and applicable law may be subject to proceedings in front of the Court for failure to comply with the Order and applicable law—including contempt proceedings resulting in fines, sanctions, and punitive damages against the entity and its assets inside the United States.

**PLEASE TAKE FURTHER NOTICE** that additional information regarding the Debtors' chapter 11 cases, including copies of pleadings filed therein, may be obtained by

(a) reviewing the publicly available docket of the Debtors' chapter 11 cases at http://www.nysb.uscourts.gov/ (PACER login and password required), (b) accessing the Debtors' publicly available website providing information regarding these chapter 11 cases, located online at http://stretto.com/voyager, or (c) contacting the following proposed counsel for the Debtors.

| | |
|---|---|
| Dated:  July [●], 2022<br>New York, New York | */s/ Draft* |

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    jsussberg@kirkland.com
        cmarcus@kirkland.com
        christine.okike@kirkland.com
        allyson.smith@kirkland.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**Exhibit A**

**Order**