Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:       (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | Case No. 22-10943 (___) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) EXTENDING TIME TO FILE SCHEDULES OF ASSETS
AND LIABILITIES, SCHEDULES OF CURRENT INCOME AND
EXPENDITURES, SCHEDULES OF EXECUTORY CONTRACTS AND
UNEXPIRED LEASES, STATEMENTS OF FINANCIAL AFFAIRS, AND
RULE 2015.3 FINANCIAL REPORTS, (II) WAIVING REQUIREMENTS
TO FILE LIST OF EQUITY HOLDERS, AND (III) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (this "Motion"):

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) extending the deadline by which the Debtors must file their schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (N/A); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements") by 30 days, for a total of 44 days from the Petition Date (as defined below), without prejudice to the Debtors' ability to request additional extensions; (b) extending the deadline by which the Debtors must file their initial reports of financial information with respect to entities in which the Debtors hold a controlling or substantial interest as set forth in rule 2015.3 (the "2015.3 Reports") of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), or to file a motion with the Court (as defined below) seeking a modification of such reporting requirements for cause, to the later of: (i) 30 days after the meeting of creditors to be held pursuant to section 341 (the "341 Meeting") of the Bankruptcy Code (as defined below) and (ii) 44 days from the Petition Date, each without prejudice to the Debtors' ability to request additional extensions; (c) waiving the requirements to file the list of equity security holders, as set forth in Bankruptcy Rule 1007(a)(3), of Debtor Voyager Digital Ltd. ("Voyager"); and (d) granting related relief.

### Jurisdiction and Venue

2.  The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012. The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The bases for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 1007, 2015.3(d), and 9006, and

rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "<u>Local Rules</u>").

### Background

5.      On July 5, 2022 (the "<u>Petition Date</u>"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Stephen Ehrlich, Chief Executive Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions* (the "<u>First Day Declaration</u>"), filed contemporaneously with this Motion and incorporated by reference herein.[2]

6.      The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrent with the filing of this Motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

### Basis for Relief

**I.    Cause Exists to Extend the Time to File the Schedules and Statements.**

7.      Section 521 of the Bankruptcy Code provides that the debtor shall file "(B) unless the court orders otherwise—(i) a schedule of assets and liabilities; (ii) a schedule of current income and current expenditures; (iii) a statement of the debtor's financial affairs . . . ." 11 U.S.C. § 521(a)(1)(B). Pursuant to Bankruptcy Rules 1007(c) and 9006(b), the Court has authority to extend the time required for filing of the Schedules and Statements "for cause."

---

[2]    Capitalized terms not defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

*See* Fed. R. Bankr. P. 1007(c) and 9006(b).  The Debtors submit that ample cause exists to grant the relief requested herein.  To prepare their Schedules and Statements, the Debtors will have to compile information from books, records, and documents relating to thousands of claims, assets, and contracts of the Debtors.  The collection of this necessary information will require a significant expenditure of time and effort on the part of the Debtors, their employees, and the Debtors' advisors.

8.  Given the size and complexity of the Debtors' business and financial affairs, and the critical matters that the Debtors' management and professionals were required to address prior to the commencement of these chapter 11 cases, the Debtors were not in a position to complete the Schedules and Statements as of the Petition Date.

9.  In the weeks leading up to the Petition Date, the Debtors' primary focus has been preparing for these chapter 11 cases, including negotiating with certain creditor constituencies and stabilizing their business operations.  Focusing the attention of key personnel on critical operational and chapter 11 compliance issues during the early days of these chapter 11 cases will facilitate the Debtors' smooth transition into chapter 11, thereby maximizing value for their estates, their creditors, and all parties in interest.  Moreover, preserving an extension will not harm creditors or other parties in interest because, even under the extended deadline, the Debtors will file the Schedules and Statements in advance of any deadline for filing proofs of claim in these chapter 11 cases.

10.  As explained in the First Day Declaration, the Debtors' business operations are complex and vast, and preparing the Schedules and Statements accurately and in appropriate detail will require significant attention from the Debtors' personnel and advisors.  Engaging in such preparation immediately before or after the commencement of these chapter 11 cases would

distract such personnel and advisors from the Debtors' business operations at this juncture. Given the substantial burdens already imposed on the Debtors' management by the commencement of these chapter 11 cases, the limited number of employees available to collect the information, the competing demands upon such employees, and the time and attention the Debtors must devote to the restructuring process, the Debtors submit that "cause" exists to extend the current deadline by 30 days, until 44 days after the Petition Date. The Debtors request such an extension without prejudice to their ability to request waivers or additional extensions from the Court.

11. Courts in this district regularly have found "cause" to extend the deadline for filing schedules and statements in chapter 11 cases, especially when the case involves business operations of comparable size, complexity, and geographic scope. *See, e.g.*, *In re Revlon, Inc.*, No. 22-10760 (DSJ) (Bankr. S.D.N.Y. June 17, 2022) (finding cause to extend the deadline by which the debtors must file their schedules and statements by an additional 45 days); *In re Pareteum Corporation*, No. 22-10615 (LGB) (Bankr. S.D.N.Y. May 18, 2022) (extending the deadline by 30 days, for a total of 44 days after the petition date); *In re A.B.C. Carpet Co., Inc.*, No. 21-11591 (DSJ) (Bankr. S.D.N.Y. Sept. 10, 2021) (extending the deadline by 31 days, for a total of 45 days after the petition date); *In re GBG USA Inc.*, No. 21-11369 (MEW) (Bankr. S.D.N.Y. Aug. 2, 2021) (extending the deadline by 29 days).[3] Accordingly, the Debtors submit that such an extension is appropriate under the circumstances.

**II.    Cause Exists to Extend the Time to File the 2015.3 Reports.**

12. Pursuant to Bankruptcy Rule 2015.3, a chapter 11 debtor must file, no later than seven days before the date set for the 341 Meeting and no less than every six months thereafter,

---

[3]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

5

periodic financial reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in the chapter 11 cases, and in which the estate holds a substantial or controlling interest. *See* Fed. R. Bankr. P. 2015.3(a)–(c). Bankruptcy Rule 9006(b)(1) provides the Court with authority to extend the period of time to file the 2015.3 Reports "for cause." Additionally, Bankruptcy Rule 2015.3(d) provides the Court with the ability, after notice and a hearing, to modify the reporting requirements for cause, including that the debtor is "not able, after a good faith effort, to comply with those reporting requirements, or that the information . . . is publicly available." *See* Fed. R. Bankr. P. 2015.3(d).

13. The Debtors directly and indirectly own non-debtor subsidiaries that are subject to Bankruptcy Rule 2015.3 and, as such, are required to file 2015.3 Reports. Cause exists to extend the deadline for filing the 2015.3 Reports as requested herein based on: (a) the size, complexity, and geographic scope of the Debtors' business; and (b) the substantial burdens imposed by complying with Bankruptcy Rule 2015.3 in the early days of these chapter 11 cases. For the reasons set forth above, the Debtors are not in a position to complete the initial 2015.3 Reports within the time required under Bankruptcy Rule 2015.3.

14. Extending the deadline to file the initial 2015.3 Reports will provide the Debtors with the necessary time to examine the books and records of their non-debtor subsidiaries that are subject to Bankruptcy Rule 2015.3. The additional time will also enable the Debtors to work with their financial advisors and the United States Trustee for the Southern District of New York (the "U.S. Trustee") to determine the appropriate nature and scope of the reports and any proposed modifications to the reporting requirements established by Bankruptcy Rule 2015.3. Accordingly, the Debtors respectfully request that the Court grant an extension of the time by which the Debtors

6

must file their initial 2015.3 Reports to the later of (a) 30 days after the 341 Meeting and (b) 44 days from the Petition Date pursuant to Bankruptcy Rule 2015.3(d).

15. The relief requested herein will not prejudice any party in interest. The Debtors will work cooperatively with the U.S. Trustee and any other necessary parties in these chapter 11 cases to provide access to relevant information regarding the business and financial affairs of the Debtors and their non-debtor subsidiaries.

16. Courts in this district regularly have found "cause" to extend the deadline for filing 2015.3 reports in chapter 11 cases of comparable size, complexity, and geographic scope. *See, e.g.*, *In re Revlon, Inc.*, No. 22-10760 (DSJ) (Bankr. S.D.N.Y. June 17, 2022) (granting the debtors a 45-day extension from the petition date to file 2015.3 reports); *In re Pareteum Corporation*, No. 22-10615 (LGB) (Bankr. S.D.N.Y. May 18, 2022) (granting the debtors a 44-day extension from the petition date to file 2015.3 reports); *In re Philippine Airlines, Inc.*, No. 21-11569 (SCC) (Bankr. S.D.N.Y. Sept. 10, 2021) (granting the debtors an extension to file 2015.3 reports to the later of (a) ten days after the 341 meeting and (b) 59 days from the petition date); *In re Garrett Motion Inc.*, No. 20-12212 (MEW) (Bankr. S.D.N.Y. Sept. 24, 2020) (granting the debtors a 44-day extension from the petition date to file 2015.3 reports).

III.   **It is Appropriate to Waive the Requirements to File a List of and to Provide Notice Directly to the Equity Security Holders Under the Circumstances of These Chapter 11 Cases.**

17. In addition to the Schedules and Statements, the Bankruptcy Rules also contain certain requirements with respect to a debtor's equity security holders. Bankruptcy Rule 1007(a)(3) requires a debtor to file, within 14 days after the petition date, a list of the debtor's equity security holders. Bankruptcy Rule 2002(d), in turn, requires that equity security holders be provided notice of, among other things, the commencement of the bankruptcy case and the confirmation hearing. Bankruptcy courts have authority to modify or waive the

requirements under both rules. Fed. R. Bankr. P. 1007(a)(3) ("[U]nless the court orders otherwise, the debtor shall file . . . a list of the debtor's equity security holders . . . ."); Fed. R. Bankr. P. 2002(d) ("[U]nless the court orders otherwise, the clerk . . . shall in the manner and form directed by the court . . . give notice to all equity security holders . . . ."); *see also* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."); Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.").

18.  The Debtors submit that the requirements to file a list of, and to provide notice directly to, equity holders should be waived in this case as to Debtor Voyager. Voyager is a Canadian public company listed on the Toronto Stock Exchange. As of the Petition Date, Voyager has over 196 million shares of common stock outstanding, which is widely held. The Debtors submit that preparing and submitting such a list with the last known addresses for each such equity security holder and sending notices to all such parties will be expensive and time consuming and will serve little or no beneficial purpose. Moreover, Voyager filed with its petition a list of significant holders of its outstanding common stock. Further, as soon as is practicable following the date hereof, the Debtors intend to cause the notices required under Bankruptcy Rule 2002(d) to be served on registered holders of Voyager's common stock. Accordingly, the Debtors respectfully request that the requirements to file a list of, and to provide notice directly to, Voyager's equity security holders be waived.

19.  Courts in this district routinely grant substantially similar relief. *See, e.g.*, *In re Pareteum Corporation*, No. 22-10615 (LGB) (Bankr. S.D.N.Y. May 18, 2022) (waiving the requirement to file the list of equity security holders); *In re Grupo Posadas S.A.B. de C.V.*,

No. 21-11831 (SHL) (Bankr. S.D.N.Y. Nov. 17, 2021) (same); *In re GTT Communications, Inc.*, No. 21-11880 (MEW) (Bankr. S.D.N.Y. Nov. 4, 2021) (same); *In re Automotores Gildemeister SpA*, No. 21-10685 (LGB) (Bankr. S.D.N.Y. Apr. 16, 2021) (same). Accordingly, the Debtors respectfully submit that ample cause exists for the Court to waive the requirement under Bankruptcy Rule 1007(a)(3) to file the list of equity holders of Voyager.

**The Requirements of Bankruptcy Rule 6003(b) Are Satisfied**

20. Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm." As set forth in this Motion, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm. Furthermore, the failure to receive the requested relief during the first 21 days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture. Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support the relief requested herein.

**Motion Practice**

21. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

**Notice**

22. The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the U.S. Trustee; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) the lender under the Debtors' prepetition loan facility; (d) the United States Attorney's Office for the Southern District of New York; (e) the

9

Internal Revenue Service; (f) the Toronto Stock Exchange; (g) the attorneys general in the states where the Debtors conduct their business operations; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

23. No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: July 6, 2022  
New York, New York

/s/ Joshua A. Sussberg  
**KIRKLAND & ELLIS LLP**  
**KIRKLAND & ELLIS INTERNATIONAL LLP**  
Joshua A. Sussberg, P.C.  
Christopher Marcus, P.C.  
Christine A. Okike, P.C.  
Allyson B. Smith (*pro hac vice* pending)  
601 Lexington Avenue  
New York, New York 10022  
Telephone:   (212) 446-4800  
Facsimile:    (212) 446-4900  
Email:         jsussberg@kirkland.com  
                    cmarcus@kirkland.com  
                    christine.okike@kirkland.com  
                    allyson.smith@kirkland.com  

*Proposed Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) ) ) | Case No. 22-10943 (___) |
| Debtors. | ) ) | (Joint Administration Requested) |

**ORDER (I) EXTENDING TIME
TO FILE SCHEDULES OF ASSETS
AND LIABILITIES, SCHEDULES OF CURRENT INCOME
AND EXPENDITURES, SCHEDULES OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES, STATEMENTS OF FINANCIAL AFFAIRS,
AND RULE 2015.3 FINANCIAL REPORTS, (II) WAIVING REQUIREMENTS
TO FILE LIST OF EQUITY HOLDERS, AND (III) GRANTING RELATED RELIEF.**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) extending the deadline by which the Debtors must file their Schedules and Statements by 30 days, for a total of 44 days from the Petition Date, without prejudice to the Debtors' ability to request additional extensions for cause shown, (b) extending the deadline by which the Debtors must file their 2015.3 Reports to the later of (i) 30 days after the 341 Meeting and (ii) 44 days from the Petition Date, (c) waiving the requirement to file the list of equity security holders of Debtor Voyager Digital Ltd. ("Voyager"), and (d) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (N/A); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

*for the Southern District of New York*, entered February 1, 2012; and that this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The time within which the Debtors must file their Schedules and Statements is extended for an additional 30 days (for a total of 44 days after the Petition Date (August 18, 2022)), without prejudice to the Debtors' right to seek additional extensions.

3. The time within which the Debtors must file the 2015.3 Reports or otherwise file a motion with this Court seeking a modification of such reporting requirements for cause is extended to the later of (a) 30 days after the 341 Meeting and (b) 44 days from the Petition Date, in each case without prejudice to the Debtors' right to seek additional extensions.

4. The requirement under Bankruptcy Rule 1007(a)(3) that the Debtors file the list of equity security holders of Voyager is waived.

5. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York  
Dated: _____, 2022

> THE HONORABLE [●]  
> UNITED STATES BANKRUPTCY JUDGE