Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO HONOR CERTAIN DEBITS UNDER THE VOYAGER DEBIT CARD TO CUSTOMERS IN THE DEBTORS' SOLE DISCRETION AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") respectfully state the following in support of this motion (this "<u>Motion</u>"):

### Relief Requested

1.      The Debtors seek entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B** (respectively, the "<u>Interim Order</u>" and "<u>Final Order</u>"), (a) authorizing, but not directing, the Debtors to honor certain debits under the Voyager Debit Card to customers on a case-by-case basis and in the Debtors' sole discretion, and (b) granting related relief.  In addition, the Debtors request that the Court schedule a final hearing 21 days after the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (N/A); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

commencement of these chapter 11 cases, or as soon thereafter as is convenient for the Court, to consider approval of this Motion on a final basis.

## Jurisdiction and Venue

2.     The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012.  The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.     The bases for the relief requested herein are sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## Background

5.     The Debtors are a leading cryptocurrency brokerage providing customers with trading and cryptocurrency custody services.  As of June 30, 2022, the Debtors had approximately 1.2 million funded accounts.  The Debtors' customer base is primarily comprised of retail customers with an account size of less than $5,000, but the Debtors also provide brokerage services to certain institutional customers.  The cryptocurrency brokerage sector is highly competitive, as other brokerage firms compete with the Debtors for the same customers.  Because the Debtors operate in a competitive market with increasing pressure and quickly evolving technology, the Debtors need to maintain positive customer relationships and a reputation for reliability to ensure

2

that the Debtors' customers continue to use the Debtors' platform. Additionally, the Debtors must engage in significant marketing efforts to attract and retain new customers and drive further growth and trust in the Debtors' ecosystem.

6.      On July 5, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Stephen Ehrlich, Chief Executive Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously with this Motion and incorporated by reference herein.[2]

7.      The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrent with the filing of this Motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

### The Debtors' Customer Programs

8.      On July 1, 2022, the Debtors made the difficult but necessary decision to temporarily suspend trading, deposits, and withdrawals on the platform to provide time to continue exploring strategic alternatives and preserve the value of the Debtors' platform. Prior to this suspension, the Debtors maintained several programs to promote their platform, garner customer business, strengthen customer loyalty, and ensure that the Debtors remain competitive in the marketplace. These customer programs included, among others, a cryptocurrency-backed prepaid

---

[2]    Capitalized terms not defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

debit card (the "Voyager Debit Card") offered in partnership with MasterCard that allows customers to directly spend cryptocurrency loaded or deposited onto the Voyager Debit Card and provides a percentage of cryptocurrency rewards on qualifying transactions.[3]  As of July 1, 2022, the Debtors froze certain rewards provided in connection with the Voyager Debit Card.  Although the Debtors do not seek authority to continue and honor the Voyager Debit Card in full, the Debtors seek to honor certain transactions under the Voyager Debit Card, in their sole discretion, on a case-by-case basis.

9.      The Voyager Debit Card, operated by MasterCard, is a prepaid debit card issued and backed by an FDIC-insured bank (Metropolitan Commercial Bank).  Customers with USD Coin ("USDC") (a cryptocurrency pegged to the value of the United States dollar) in their account can spend USDC directly via the Voyager Debit Card.  To use the Voyager Debit Card, customers can either deposit cash through a linked bank account to purchase USDC in the Debtors' digital app or load and deposit USDC they already own directly from their customer account.  As of the Petition Date, more than 1,600 cards are issued to customers.    In June 2022, over 15,000 transactions were processed, with over $20 million in total transfers.

10.     Customers who use the Voyager Debit Card earn 9% annual rewards (paid out in USDC monthly) based on how much USDC such customers hold on the Debtors' platform.  Customers who are also members of the Voyager Loyalty Program receive Voyager Token

---

[3]    In addition to the Voyager Debit Card, the Debtors maintain (a) a loyalty rewards system (the "Voyager Earn Program") that provides eligible accounts with rewards based on the amount and type of cryptocurrency held in an account and (b) a tokenized loyalty reward system (the "Voyager Loyalty Program") that operates in conjunction with the Voyager Earn Program and provides accounts with benefits based on the number of proprietary tokens ("Voyager Tokens") issued by the Debtors in each account.  Although these programs are presently suspended as a result of the platform freeze, the Debtors continue to monitor and, if appropriate, may seek relief from the Court to continue such programs at a future date.

rewards semi-monthly on every debit card purchase.  The higher the customer's tier in the Voyager Loyalty Program, the greater the returns on purchases paid in Voyager Tokens.

11.     As a result of the trading, deposit, and withdrawal suspension put into effect on July 1, 2022, transactions pursuant to the Voyager Debit Card are suspended.  Prior to the suspension, customers were advised to stop any direct deposits currently remitted into the account connected to the Voyager Debit Card and any automatic payments made from such account.

12.     The Debtors believe that their ability to honor certain obligations under the Voyager Debit Card is critical to retain their reputation for reliability and ensure customer satisfaction. Continuing to honor certain transactions ensures that the Debtors maintain the goodwill of their current customers, which will further enhance the Debtors' revenue and profitability.  Further, certain of the Debtors' customers rely on the Voyager Debit Card for essential purchases, including mortgage payments and paycheck deposits.  Failure to honor these debits on a case-by-case basis would harm the Debtors' goodwill and jeopardize certain customers' livelihoods.

13.     Failure of the Debtors to meet certain obligations under the Voyager Debit Card, would damage the Debtors' standing with their current and potential future customers at this critical time.  The success and viability of the Debtors' businesses, and ultimately the Debtors' ability to maximize the value of their assets, is dependent upon their customers' continued patronage and loyalty.

14.     Although the Debtors do not intend to unfreeze the Voyager Debit Card in its entirety, or pay any rewards related thereto, while the platform is still in "sleep mode," the Debtors seek authority to honor certain debits on a one-off basis in their sole discretion.  Such relief is necessary because failing to honor specific transactions within the debit account for certain

customers could have disastrous repercussions for those customers, particularly those who use the Voyager Debit Card to make essential purchases.

15.     Accordingly, by this Motion, the Debtors seek authority to honor certain customers' debits related to the Voyager Debit Card, in the Debtors' sole discretion on a case-by-case basis. The Debtors believe that the satisfaction of these obligations under the Voyager Debit Card is critical to the Debtors' retention of customers in these chapter 11 cases and will maximize the value of their estates for the benefit of all stakeholders.

**Basis for Relief**

**I.  Continuing to Honor Certain Debits Under the Voyager Debit Card Is Warranted Under Sections 105(a) and 363(b) of the Bankruptcy Code.**

16.     Courts in this district generally acknowledge that it is appropriate to authorize the payment of prepetition obligations where necessary to protect and preserve the estate, including an operating business's going-concern value. *See In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (granting authority to pay prepetition wages); *Armstrong World Indus., Inc. v. James A. Phillips, Inc. (In re James A. Phillips, Inc.)*, 29 B.R. 391, 398 (S.D.N.Y. 1983) (granting authority to pay prepetition claims of suppliers); *see also In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002).  In doing so, these courts acknowledge that several legal theories rooted in sections 105(a) and 363(b) of the Bankruptcy Code support the payment of prepetition claims as provided herein.

17.     Pursuant to section 363(b) of the Bankruptcy Code, courts may authorize payment of prepetition obligations where a sound business purpose exists for doing so.  *See In re Ionosphere Clubs*, 98 B.R. at 175 (noting that section 363(b) provides "broad flexibility" to authorize a debtor to honor prepetition claims where supported by an appropriate business justification); *see also In re James A. Phillips, Inc.*, 29 B.R. at 397 (relying upon section 363 as a basis to allow a

6

contractor to pay the prepetition claims of suppliers who were potential lien claimants). Indeed, courts have recognized that there are instances when a debtor's fiduciary duty can "only be fulfilled by the preplan satisfaction of a prepetition claim." *In re CoServ*, 273 B.R. at 497.

18.     In addition, courts may authorize payment of prepetition claims in appropriate circumstances based on section 105(a) of the Bankruptcy Code, which codifies the Court's inherent equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Under section 105(a) of the Bankruptcy Code, courts may authorize pre-plan payments of prepetition obligations when essential to the continued operation of a debtor's business. *See In re C.A.F. Bindery, Inc*., 199 B.R. 828, 835 (Bankr. S.D.N.Y. 1996); *see also In re Fin. News Network Inc.*, 134 B.R. 732, 735–36 (Bankr. S.D.N.Y. 1991) (holding that the "doctrine of necessity" stands for the principle that a bankruptcy court may allow pre-plan payments of prepetition obligations where such payments are critical to the debtor's reorganization). Specifically, the Court may use its power under section 105(a) of the Bankruptcy Code to authorize payment of prepetition obligations pursuant to the "necessity of payment" rule (also referred to as the "doctrine of necessity"). *In re Ionosphere Clubs*, 98 B.R. at 176.

19.     Several courts apply the doctrine of necessity where payment of a prepetition claim (a) is "necessary for the successful reorganization of the debtor," (b) falls within "the sound business judgment of the debtor," and (c) will not "prejudice other unsecured creditors." *In re United Am., Inc.*, 327 B.R. 776, 782 (Bankr. E.D. Va. 2005). A bankruptcy court's use of its equitable powers to "authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept." *See, e.g.*, *In re Ionosphere Clubs*, 98 B.R. at 175. That is because the rehabilitation of a debtor in reorganization cases remains "the paramount policy and goal of Chapter 11." *Id.* at 175–76; *see also In re Just For Feet*,

242 B.R. 821, 824–26 (D. Del 1999) (finding that payment of prepetition claims to certain trade vendors was "essential to the survival of the debtor during the chapter 11 reorganization").

20.    Implicit in the fiduciary duties of any debtor-in-possession is the obligation to "protect and preserve the estate, including an operating business's going-concern value." *In re CoServ,* 273 B.R. at 497. Some courts note that there are instances in which a debtor can fulfill this fiduciary duty "only . . . by the preplan satisfaction of a prepetition claim." *Id.* The court in *CoServ* specifically noted the pre-plan satisfaction of prepetition claims would be a valid exercise of the debtor's fiduciary duty when the payment "is the only means to effect a substantial enhancement of the estate . . . ." *Id.* Consistent with a debtor's fiduciary duties, courts have also authorized payment of prepetition obligations under section 363(b) of the Bankruptcy Code where a sound business purpose exists for doing so. *See, e.g.*, *In re Ionosphere Clubs*, 98 B.R. at 175.

21.    Here, the payment of certain postpetition transaction debits related to the Voyager Debit Card is an important aspect of the Debtors' relationship with their customers. As described above, the Voyager Debit Card promotes and maintains customer satisfaction, which, in turn, increases the Debtors' goodwill, the value of their brand, and ultimately their revenues. Maintaining customer satisfaction during the pendency of these chapter 11 cases is critical to preserve the value of the Debtors' assets, which will inure to the benefit of the Debtors' estates and their creditors. Therefore, the Debtors seek authorization to honor certain prepetition claims that directly benefit the Debtors' customers.

22.    Bankruptcy courts in this district have granted relief similar to that requested herein. *See*, *e.g.*, *In re Revlon, Inc.*, No. 22-10760 (DSJ) (Bankr. S.D.N.Y. June 17, 2022) (interim order authorizing debtors to continue to maintain and administer prepetition customer programs in the ordinary course of business and honor prepetition obligations related to same); *In re GTT*

*Communications, Inc.*, No. 21-11880 (MEW) (Bankr. S.D.N.Y. Nov. 30, 2021) (final order authorizing debtors to continue to maintain and administer prepetition customer programs in the ordinary course of business and honor prepetition obligations related to same); *In re Grupo Posadas S.A.B. de C.V.*, No. 21-11831 (SHL) (Bankr. S.D.N.Y. Nov. 17, 2022) (same); *In re GBG USA Inc.*, No. 21-11369 (MEW) (Bankr. S.D.N.Y. Sept. 1, 2021) (same); *In re Lakeland Tours, LLC*, No. 20-11647 (JLG) (Bankr. S.D.N.Y. Aug. 6, 2020) (same); *In re Frontier Commc'ns. Corp.*, No. 20-22476 (RDD) (Bankr. S.D.N.Y. May 26, 2020) (same); *In re Barneys New York*, No. 19-36300 (CGM) (Bankr. S.D.N.Y. Sept. 4, 2019) (same).[4]  Accordingly, the Debtors submit that the Court should authorize the Debtors to honor certain debits under the Voyager Debit Card on a case-by-case basis and in the Debtors' sole discretion.

### Processing of Checks and Electronic Fund Transfers Should Be Authorized

23.     The Debtors have sufficient funds to pay the amounts described in this Motion in the ordinary course of business.  In addition, under the Debtors' existing cash management system, which is described in further detail in a separate motion, the Debtors can readily identify checks or wire transfer requests as relating to an authorized payment in respect of the Voyager Debit Card.  Accordingly, the Debtors believe that checks or wire transfer requests that are not related to authorized payments will not be honored inadvertently.  Therefore, the Debtors respectfully request that the Court authorize and direct all applicable financial institutions, when requested by the Debtors, to receive, process, honor, and pay any and all checks or wire transfer requests in respect of the relief requested in this Motion.

---

[4]     Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

9

**The Requirements of Bankruptcy Rule 6003(b) Are Satisfied**

24.      Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after

the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm."

As set forth in this Motion, the Debtors believe an immediate and orderly transition into chapter 11

is critical to the viability of their operations and that any delay in granting the relief requested

could hinder the Debtors operations and cause irreparable harm.  Furthermore, the failure to receive

the requested relief during the first 21 days of these chapter 11 cases would severely disrupt the

Debtors' operations at this critical juncture.  Accordingly, the Debtors submit that they have

satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support

granting the relief requested herein.

**Waiver of Bankruptcy Rule 6004(a) and 6004(h)**

25.      To implement the foregoing successfully, the Debtors request that the Court enter

an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and

that the Debtors have established cause to exclude such relief from the 14-day stay period under

Bankruptcy Rule 6004(h).

**Reservation of Rights**

26.      Nothing contained in this Motion or any actions taken pursuant to any order

granting the relief requested by this Motion is intended or should be construed as (a) an admission

as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to

dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular

claim, (d) an implication or admission that any particular claim is of a type specified or defined in

this Motion or any order granting the relief requested by this Motion, (e) a request or authorization

to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a

waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law,

or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## **Motion Practice**

27.     This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

## **Notice**

28.     The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable:  (a) the United States Trustee for the Southern District of New York, Attn.: Richard C. Morrissey, Esq. and Mark Bruh, Esq.; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) the lender under the Debtors' prepetition loan facility; (d) the United States Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service; (f) the Toronto Stock Exchange; (g) the attorneys general in the states where the Debtors conduct their business operations; (h) the provider of the Voyager Debit Card; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

29.     No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Interim Order and

Final Order, granting the relief requested herein and such other relief as the Court deems

appropriate under the circumstances.

Dated:  July 6, 2022           /s/ Joshua A. Sussberg
New York, New York          **KIRKLAND & ELLIS LLP**
                            **KIRKLAND & ELLIS INTERNATIONAL LLP**
                            Joshua A. Sussberg, P.C.
                            Christopher Marcus, P.C.
                            Christine A. Okike, P.C.
                            Allyson B. Smith (*pro hac vice* pending)
                            601 Lexington Avenue
                            New York, New York 10022
                            Telephone:    (212) 446-4800
                            Facsimile:     (212) 446-4900
                            Email:         jsussberg@kirkland.com
                                           cmarcus@kirkland.com
                                           christine.okike@kirkland.com
                                           allyson.smith@kirkland.com

                            *Proposed Counsel to the Debtors and Debtors in Possession*

## Exhibit A

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

### INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO HONOR CERTAIN DEBITS UNDER THE VOYAGER DEBIT CARD TO CUSTOMERS IN THE DEBTORS' SOLE DISCRETION AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (a) authorizing, but not directing, the Debtors to honor certain debits under the Voyager Debit Card to customers on a case-by-case basis and in the Debtors' sole discretion, (b) scheduling the Final Hearing (as defined below), and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and that this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (N/A); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis as set forth herein.

2.      The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2022, at__:__ _.m., prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on _____, 2022, and shall be served on:  (a) the Debtors, Voyager Digital Holdings, Inc., 33 Irving Place, Suite 3060, New York, New York 10003, Attn: David Brosgol; (b) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., Christopher Marcus, P.C., Christine A. Okike, P.C., and Allyson B. Smith; (c) the Office of The United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn. Richard Morrissey and Mark Bruh; and (d) counsel to any statutory committee appointed in these chapter 11 cases.

3.      The Debtors are authorized to honor certain obligations related to the Voyager Debit Card in the Debtors' sole discretion on a case-by-case basis.

4.      The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored

as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

5.    Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed:  (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Interim Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

6.    The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

7.    Nothing contained in the Motion or this Interim Order is intended or should be construed to create an administrative priority claim on account of any of the customer programs.

8.      Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due prior to the date of the Final Hearing.

9.      The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

10.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

12.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

13.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE [●]
UNITED STATES BANKRUPTCY JUDGE

## **Exhibit B**

**Proposed Final Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

### FINAL ORDER (I) AUTHORIZING THE DEBTORS TO HONOR CERTAIN DEBITS UNDER THE VOYAGER DEBIT CARD TO CUSTOMERS IN THE DEBTORS' SOLE DISCRETION AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"), (a) authorizing, but not directing, the Debtors to honor certain debits under the Voyager Debit Card to customers on a case-by-case basis and in the Debtors' sole discretion, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and that this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors'

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (N/A); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      The Debtors are authorized to honor certain obligations related to the Voyager Debit Card in the Debtors' sole discretion on a case-by-case basis.

3.      The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

4.      Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed:  (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion

2

are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Final Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

5.        The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

6.        Nothing contained in the Motion or this Final Order is intended or should be construed to create an administrative priority claim on account of any of the customer programs.

7.        Notwithstanding the relief granted in this Final Order, any payment made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with any orders entered by the Court approving the Debtors' entry into any postpetition debtor in possession financing facility and any budget in connection therewith and/or authorizing the Debtors' use of cash collateral and any budget in connection therewith.

8.        Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9.        Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

10.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

11.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE [●]
UNITED STATES BANKRUPTCY JUDGE