Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (___) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

**DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL**
**ORDERS (I) ESTABLISHING CERTAIN NOTICE, CASE MANAGEMENT,**
**AND ADMINISTRATIVE PROCEDURES AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>")

respectfully state as follows in support of this motion (this "<u>Motion</u>"):

<u>Relief Requested</u>

1.    The Debtors seek entry of interim and final orders, substantially in the forms

attached hereto as **<u>Exhibit A</u>** and **<u>Exhibit B</u>** (respectively, the "<u>Interim Order</u>" and "<u>Final Order</u>"):

(a) approving and implementing the notice, case management, and administrative procedures

annexed to the Interim Order and Final Order, respectively, as **<u>Exhibit 1</u>**

(the "<u>Case Management Procedures</u>") and (b) granting related relief.    In addition, the Debtors

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (N/A); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

request that the Court (as defined herein) schedule a final hearing to consider approval of this Motion on a final basis.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012.  The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 102(1), 105(a), and 105(d) of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002(m), 9007, and 9036 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 9074-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and the Court's General Orders M-399 and M-543.

## Background

5.      On July 5, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Stephen Ehrlich, Chief Executive Officer*

*of the Debtors, in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously with this Motion and incorporated by reference herein.[2]

6.      The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Concurrent with the filing of this Motion, the Debtors have filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

**Proposed Case Management Procedures**

7.      The proposed Case Management Procedures, among other things:  (a) establish requirements for filing and serving Bankruptcy Court Filings; (b) delineate standards for notices of hearings and agenda letters; (c) fix omnibus hearing dates and articulate mandatory guidelines for the scheduling of hearings and objection deadlines; and (d) limit matters that are required to be heard by the Court.

8.      Given the size and complexity of these chapter 11 cases, the Debtors believe that implementing the Case Management Procedures will facilitate the fair and efficient administration of these chapter 11 cases and promote judicial economy.  Specifically, the proposed Case Management Procedures will benefit the Debtors, the Court, and all parties in interest by, among other things:

> a.      assuring prompt and appropriate notice of matters affecting parties' interests;

---

[2]   Capitalized terms not defined herein shall have the meanings ascribed to such terms in the First Day Declaration and Case Management Procedures.

b.    allowing for electronic notice pursuant to the Court's Electronic Filing System;

c.    providing ample opportunity to parties in interest to prepare for and respond to matters before the Court;

d.    reducing the substantial administrative and financial burden that would otherwise be placed on the Debtors and other parties in interest who file documents in these chapter 11 cases;

e.    reducing the administrative burdens on the Court and the clerk of the Court; and

f.    providing for Omnibus Hearings for the Court to consider motions, pleadings, applications, objections, and responses thereto.

9.    To ensure that parties in interest in these chapter 11 cases are made aware of the Case Management Procedures, the Debtors propose to:  (a) serve the Case Management Procedures on the Master Service List (as defined in the Case Management Procedures); (b) publish the Case Management Procedures on the Debtors' restructuring website at https://cases.stretto.com/Voyager (the "Case Website"); and (c) make the Case Management Procedures readily available on request to the Debtors' proposed claims and noticing agent, Stretto, Inc.  ("Stretto" or the "Claims and Noticing Agent").

**Basis for Relief**

10. The Bankruptcy Code, the Bankruptcy Rules, and the Local Rules provide the Court with authority to approve notice, case management, and administrative procedures.  Specifically, Bankruptcy Rule 2002(m) states that  "[t]he court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules."  *See* Fed. R. Bankr. P. 2002(m); *see also* Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.").  In addition, Bankruptcy Rule 9036 states

4

that "[f]or any recipient, the clerk may send notice or serve a paper by electronic means that the recipient consented to in writing, including by designating an electronic address for receipt of notices." See Fed. R. Bankr. P. 9036.

11.    Section 102(1) of the Bankruptcy Code provides that if the Bankruptcy Code requires an action to occur "after notice and a hearing," such action may occur "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A).  Moreover, section 105(a) of the Bankruptcy Code states that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title . . . ." 11 U.S.C. § 105(a); *see also* 11 U.S.C. § 105(d)(1) ("The Court, on its own motion or on the request of a party in interest . . . shall hold such status conferences as are necessary to further the expeditious and economical resolution of the case . . . .").  In light of the above, the Debtors respectfully request that the Court approve the Case Management Procedures.

12.    In addition, Local Rule 9074-1 allows the Court to set appropriate notice requirements and objection deadlines in connection with the facts and circumstances of these chapter 11 cases.  *See* Local Rule 9074-1(c)(3), (4).  Therefore, the Debtors submit that Omnibus Hearings and electronic notice requirements, as provided in the Case Management Procedures, should be permitted whenever possible to alleviate any notice or hearing burdens that may arise in these chapter 11 cases.

13.    Further, pursuant to the Court's General Order M-399, *Electronic Means for Filing, Signing and Verification of Documents*, dated May 17, 2010, a party's request for an electronic filing password and "[t]he Court's issuance of a [CM/ECF] account to a System user constitutes waiver of conventional service."  General Order M-399 at Ex. 1, Art. II.B.  Accordingly, any party

submitting a Court Filing with the Court's Electronic Filing System has already consented to electronic service as provided by the proposed Interim Order and Final Order and will not be prejudiced by electronic notice. Such registered participants will receive a "Notice of Electronic Filing" via email whenever a filing is made, which will provide additional notice to such parties. If a party cannot reasonably obtain access to email, then such party may seek an exemption from electronic service to receive paper copies of any Court Filing as set forth in the Interim Order and Final Order. Therefore, no party will be adversely affected by electronic service as set forth in the Case Management Procedures.

14.     Courts in this district regularly grant relief similar to that requested herein to expedite case administration and to reduce the costs thereof. *See*, *e.g.*, *In re Revlon, Inc.*, No. 22-10760 (DSJ) (Bankr. S.D.N.Y. June 17, 2022); *In re GBG USA Inc.*, No. 21-11369 (MEW) (Bankr. S.D.N.Y. Sept. 1, 2021); *In re Garrett Motion Inc.*, No. 20-12212 (MEW) (Bankr. S.D.N.Y. Nov. 25, 2020); *In re Grupo Aeromexico, S.A.B. de C.V.*, No. 20-11536 (SCC) (Bankr. S.D.N.Y. July 8, 2020); *In re Jason Industries, Inc.*, No. 20-22766 (RDD) (Bankr. S.D.N.Y. June 27, 2020); *In re Frontier Commc'ns Corp.*, No. 20-22577 (RDD) (Bankr. S.D.N.Y. May 26, 2020); *In re Deluxe Entm't Servs. Grp Inc.*, No. 19-23774 (RDD) (Bankr. S.D.N.Y. Oct. 25, 2019); *In re Barneys, New York Inc.*, No. 19-36300 (CGM) (Bankr. S.D.N.Y., Sept. 4, 2019).[3]

15.     In sum, approval of the Case Management Procedures will promote the efficient and orderly administration of these chapter 11 cases by, among other things:  (a) limiting service of Bankruptcy Court Filings to those parties that have an interest in the subject matter thereof; (b) authorizing electronic service; and (c) fixing monthly Omnibus Hearings.  For the reasons

---

[3]     Because of the voluminous nature of these orders, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

stated herein, the Debtors believe that the relief sought in the proposed Interim Order and Final

Order is appropriate and should be approved and implemented in these chapter 11 cases.

### Motion Practice

16.     This Motion includes citations to the applicable rules and statutory authorities upon

which the relief requested herein is predicated and a discussion of their application to this Motion.

Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

### Notice

17.     The Debtors will provide notice of this Motion to the following parties and/or their

respective counsel, as applicable:  (a) the U.S. Trustee; (b) the holders of the 50 largest unsecured

claims against the Debtors (on a consolidated basis); (c) the lender under the Debtors' prepetition

loan facility; (d); the United States Attorney's Office for the Southern District of New York (e) the

Internal Revenue Service; (f) the Toronto Stock Exchange; (g) the attorneys general in the states

where the Debtors conduct their business operations; and (h) any party that has requested notice

pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief

requested, no other or further notice need be given.

### No Prior Request

18.     No prior request for the relief sought in this Motion has been made to this or any

other court.


*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Interim Order and

Final Order granting the relief requested herein and such other relief as the Court deems

appropriate under the circumstances.

Dated:  July 6, 2022
New York, New York

/s/ Joshua A. Sussberg
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:          jsussberg@kirkland.com
                    cmarcus@kirkland.com
                    christine.okike@kirkland.com
                    allyson.smith@kirkland.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## EXHIBIT A

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

### INTERIM ORDER (I) ESTABLISHING
### CERTAIN NOTICE, CASE MANAGEMENT, AND
### ADMINISTRATIVE PROCEDURES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (a) approving and implementing the notice, case management, and administrative procedures annexed hereto as **Exhibit 1** (the "Case Management Procedures"), (b) scheduling a final hearing to consider approval of the Motion on a final basis, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and that this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (N/A); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or the Case Management Procedures, as applicable.

other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.    The Motion is granted on an interim basis as set forth herein.

2.    The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2022, at __:__ _.m., prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on _____, 2022, and shall be served on:  (a)  the Debtors, Voyager Digital Holdings, LLC, 33 Irving Place, Suite 3060, New York, New York 10003, Attn: David Brosgol; (b) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., Christopher Marcus, P.C., Christine A. Okike, P.C., and Allyson B. Smith; (c) the Office of The United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Richard Morrissey and Mark Bruh; and (d) counsel to any statutory committee appointed in these chapter 11 cases.

3.    Any party who wishes to object to the Motion shall object pursuant to this Interim Order.  Any objections or responses to entry of a final order on the Motion shall be filed, with an email copy to the Court's chambers, on or before 4:00 p.m., prevailing Eastern Time, on _____, 2022, in a manner consistent with the Case Management Procedures, as set forth in

**Exhibit 1** attached hereto.  In the event no objections to entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without need for the Final Hearing.

4.     The Case Management Procedures, as set forth in **Exhibit 1** attached hereto, are approved and shall govern all applicable aspects of these chapter 11 cases until the Final Order is entered (if applicable), except as otherwise ordered by this Court.

5.     The first four Omnibus Hearings are scheduled as follows:

- __:__ _.m. on the __th day of _____;

- __:__ _.m. on the __th day of _____;

- __:__ _.m. on the __th day of _____; and

- __:__ _.m. on the __th day of _____.

6.     The Debtors' Claims and Noticing Agent is authorized to establish the Case Website, available at https://cases.stretto.com/Voyager, where, among other things, electronic copies of all Bankruptcy Court Filings will be posted and viewable free of charge.

7.     Any party requesting a conference with this Court shall file such request with an email copy to the Court's chambers, copying counsel for the other parties involved.

8.     Any notice sent by the Debtors or any other party to the Master Service List or the 2002 List (both lists as defined in the Case Management Procedures attached hereto), or to any parties required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Case Management Procedures, or further order of this Court, shall be deemed sufficient and in compliance with thereof.

9.     Subject to General Order M-543, all hearings and conferences scheduled with this Bankruptcy Court will be conducted telephonically or by Zoom pending further Order by this Bankruptcy Court.  If a party desires to participate in a hearing by telephone, such party must register with CourtSolutions or Zoom.

10.     As soon as practicable after the entry of this Interim Order, a copy of the Case Management Procedures shall be served by the Debtors on each of the parties on the Master Service List.  In addition, shortly after the end of each calendar month, the Claims or Noticing Agent or counsel to the Debtors shall serve a copy of the Case Management Procedures upon any party filing a 2002 Notice Request (as defined therein) within such calendar month.  To help ensure that all parties who may participate in these chapter 11 cases are aware of the terms of the Case Management Procedures, the Debtors will post the Case Management Procedures on the Case Website.

11.     Any notice sent by the Debtors or any other party in interest shall be deemed to comply with the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

12.     All time periods set forth in this Interim Order or in the Case Management Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

13.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

14.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

15.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

16.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE [●]
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

**Case Management Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## CASE MANAGEMENT PROCEDURES

On July 5, 2022 (the "<u>Petition Date</u>"), the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>").  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On [●], 2022, the Court entered an interim order [Docket No. [●]] (the "<u>Interim Order</u>") approving these case management procedures (the "<u>Case Management Procedures</u>") set forth herein pursuant to sections 102(1), 105(a), and 105(d) of the Bankruptcy Code, rules 2002(m), 9007, and 9036 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Local Rule 9074-1 of the Local Bankruptcy Rules for the Southern District of New York (the "<u>Local Rules</u>"), and General Order M-543, dated March 20, 2020 (the "<u>General Order M-543</u>").  Anyone may obtain a copy of the Interim Order, as well as any Court Filing (as defined herein) filed with the Court in these chapter 11 cases, by:  (a) accessing the website maintained by

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (N/A); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

Stretto (the "Claims and Noticing Agent"), at https://cases.stretto.com/Voyager (the "Case Website"); (b) contacting Stretto directly at 410 Exchange, Ste. 100, Irvine, California 92602, by telephone at (855) 473-8665 (Toll-Free) or +1 (949) 271-6507 (International), or by email at VoyagerInquiries@stretto.com; or (c) accessing the PACER system on the Court's website at http://www.nysb.uscourts.gov for a nominal fee.

Pursuant to the Interim Order, all notices, motions, applications, briefs, memoranda, affidavits, declarations, objections, responses, and other documents filed in these chapter 11 cases are subject to, and will not be deemed properly served unless they are served in accordance with, these Case Management Procedures. Additionally, while the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules apply to these chapter 11 cases, to the extent there is a non-binding conflict between the foregoing and these Case Management Procedures, these Case Management Procedures shall govern in all respects. Accordingly, all parties in interest are strongly encouraged to review these Case Management Procedures in their entirety and consult their own legal counsel with respect to any of the matters discussed herein before filing any documents in these chapter 11 cases.

## Case Management Procedures

I.    **Hearing Procedures.**

1.    ***All Matters to Be Heard at Omnibus Hearings***. The Court will schedule periodic omnibus hearings (the "Omnibus Hearings") to consider all notices, motions, applications, and other requests for relief, briefs, memoranda, affidavits, declarations, replies, and other documents filed in support of such papers seeking relief (collectively, the "Requests for Relief"), and all objections and responses to such Requests for Relief (collectively, the "Objections," and together with the Requests for Relief and all other filed documents, the "Bankruptcy Court Filings") pursuant to the following procedures:

2

2.    ***Initial Omnibus Hearings***.   The first four Omnibus Hearings are scheduled as follows:

- __:__ _.m. on the __th day of _____;

- __:__ _.m. on the __th day of _____;

- __:__ _.m. on the __th day of _____; and

- __:__ _.m. on the __th day of _____.

3.    ***Subsequent Omnibus Hearings***.   At or before the Omnibus Hearing held on [●], 2022, the Debtors may request that the Court schedule additional Omnibus Hearings.   The Court may schedule such Omnibus Hearings and, upon scheduling, Stretto shall post the dates of the additional Omnibus Hearings on the Case Website.   Parties may contact Stretto for information concerning all scheduled Omnibus Hearings.

4.    ***Proposed Omnibus Hearing Agenda***.   Two business days before each Omnibus Hearing, Debtors' counsel shall file a proposed agenda with regard to the matters scheduled to be heard at such Omnibus Hearing (the "<u>Proposed Hearing Agenda</u>").   The Proposed Hearing Agenda may include notice of matters that have been consensually adjourned to a later Omnibus Hearing in lieu of parties filing a separate notice of adjournment; *provided*, that for all matters adjourned to a later Omnibus Hearing or some other future date, the Debtors will also electronically file (but need not serve) a notice of adjournment with respect to such matters.

5.    ***Content of Proposed Hearing Agenda***.   The Proposed Hearing Agenda will include, to the extent known by Debtors' counsel:  (a) the docket number and title of each matter scheduled to be heard at such Omnibus Hearing, including the initial filing and any objections, replies, or documents related thereto; (b) whether the matters are contested or uncontested; (c) whether the matters have settled or are proposed to be continued; (d) a suggestion for the order in which the matters should be addressed; and (e) any other comments that will assist the Court.

6.      ***Evidentiary Hearings***.  With respect to any Court Filing, if Objections are filed, the Omnibus Hearing shall not be deemed an evidentiary hearing at which witnesses may testify unless the Proposed Hearing Agenda provides otherwise, provided that parties in interest may make a request to the Court by email (and by copying the opposing party) that such hearing be an evidentiary hearing.  Additionally, any Court Filing requesting or requiring the Court to make a factual finding must be supported by competent evidence (*e.g.*, declarations, affidavits, and/or exhibits).

7.      ***Telephonic Appearances***.    A party desiring to participate in a hearing telephonically must request permission from chambers.   If chambers permits telephonic participation, the party participating telephonically must arrange such participation with CourtSolutions, adhering to the procedures for telephonic participation applicable in the Court. Parties participating by phone must put their phones on "mute," except when they need to be heard, and are not to put their phones on "hold" in any circumstances.

8.      ***Listen-Only Lines***.   Any party may attend hearings through a listen-only line (each, a "Listen-Only Line") by arranging such Listen-Only Line with CourtSolutions.  For the avoidance of doubt, any party wishing to use a Listen-Only Line need not seek permission from the Debtors or the Court in accordance with the procedures on the chambers website.

9.      ***Matters that May Be Heard at Non-Omnibus Hearings***.  Subject to consultation with the Court's chambers, hearings in connection with applications for professional compensation and reimbursement, pre-trial conferences, asset sales, and trials related to adversary proceedings, approval of a disclosure statement, confirmation of a plan, and any other Court Filing may be scheduled for dates other than the Omnibus Hearing dates; *provided, however*, that initial pre-trial conferences scheduled in connection with adversary proceedings involving the Debtors shall be

set on the next available Omnibus Hearing date that is at least 45 days after the filing of the complaint unless a party establishes good cause for holding an initial pre-trial conference on an earlier date; *provided further*, that hearings on all other Requests for Relief, not referenced in this paragraph or requiring emergency relief, filed by any party must be scheduled for an Omnibus Hearing.

## II.    Filing and Service Procedures.

10.    All Bankruptcy Court Filings filed in these chapter 11 cases shall be filed electronically with the Court on the docket of *In re Voyager Digital Holdings, Inc.*, Case No. 22-10943 (___), in accordance with all General Orders of the Court, including General Order M-399 and all orders that address the COVID-19 pandemic (General Orders 540–545), by registered users of the Court's electronic case filing system (the "Electronic Filing System"). Further, pursuant to Local Rule 9070-1, all Bankruptcy Court Filings (other than proofs of claim) shall be:  (a) until further order of the Court, delivered via email to the chambers of the Honorable Judge [●], United States Bankruptcy Court for the Southern District of New York no later than the next business day following the date on which such Court Filing is electronically filed; and (b) at least one hard copy shall be delivered by first class mail or by email to the United States Trustee for the Southern District of New York (the "U.S. Trustee"), 201 Varick Street, Suite 1006, New York, New York 10014, Attn:  Richard Morrissey and Mark Bruh.

### A.    The Service List.

11.    ***Parties Entitled to Service***.  All Bankruptcy Court Filings (other than proofs of claim) shall be served on the following lists of parties (together, the "Service List"), according to the following notice procedures:

  a.   ***Master Service List***.  Stretto shall maintain a master service list (the "Master Service List").  The Master Service List shall be made available by (i) accessing the Case Website, (ii) contacting the Claims and Noticing Agent directly, or

(iii) contacting the Debtors' counsel directly. The Master Service List shall include the following parties:

    i.    the Debtors and their counsel;

    ii.    the U.S. Trustee;

    iii.    holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); [2]

    iv.    the lender under the Debtors' prepetition loan agreement;

    v.    the United States Attorney's Office for the Southern District of New York

    vi.    the Internal Revenue Service;

    vii.    the Toronto Stock Exchange;

    viii.    the attorneys general in the states where the Debtors conduct their business operations; and

    ix.    any party that has requested notice pursuant to Bankruptcy Rule 2002.

b.    ***2002 List***. Stretto shall maintain a list of all parties that have filed a request to receive service of Bankruptcy Court Filings pursuant to Bankruptcy Rule 2002 (the "2002 List").

    i.    ***Filing Requests for Documents Requires Email Address***. A request for service of Bankruptcy Court Filings pursuant to Bankruptcy Rule 2002 (each, a "2002 Notice Request") filed with the Court shall be deemed proper only if it includes the following information with respect to the party filing such request:  (a) name; (b) street address; (c) name of clients, if applicable; (d) telephone number; (e) facsimile number; and (f) email address, or the Certification described immediately below.

    ii.    ***Certification Opting Out of Email Service***.  Any party filing a 2002 Notice Request who does not maintain (and cannot practicably obtain) an email address and therefore cannot receive service by email must include in the 2002 Notice Request a certification to that effect (each, a "Certification").  A Certification shall include a statement certifying that the party (a) does not maintain an email

---

[2]    If a Committee is appointed and counsel is retained, holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis) shall not be included in the Master Service List.

address and (b) cannot practicably obtain an email address at which the party could receive service. Such party will thereafter receive paper service in accordance with the Case Management Procedures.

iii.   ***Email Address Required***. If a 2002 Notice Request fails to include an email address or a Certification, the Debtors shall forward a copy of the Case Management Procedures to such party within five business days of requesting an email address. If no email address or Certification is provided in response to such request, such party shall not be added to the 2002 List or served with copies of Bankruptcy Court Filings unless such Bankruptcy Court Filings directly affect such party.

iv.   ***Changes in Information***. Each party submitting a 2002 Notice Request is responsible for filing with the Court an updated 2002 Notice Request as necessary to reflect changes to any notice information and must serve a copy of such updated 2002 Notice Request upon the Debtors.

c.   ***Affected Entities***. All entities with a particularized interest in the subject matter of a specific Court Filing, including the entity filing the Request for Relief, are "<u>Affected Entities</u>" and shall be served with all Bankruptcy Court Filings relating to that interest.

12.   ***Maintenance of the Service List***. At least every 15 days during the first sixty days of these chapter 11 cases, and at least every 30 days thereafter, Stretto shall update the Service List by making any additions and deletions and post the updated Service List on the Case Website.

**B.   Filing and Service of Bankruptcy Court Filings Generally.**

13.   ***Electronic Filing and Service***. All Bankruptcy Court Filings shall be filed electronically with the Court using the Court's Electronic Filing System and served via email, other than service of a summons and complaint in an adversary proceeding or documents filed under seal or parties who have filed the Certification in Paragraph (11)(b)(ii) hereof, or as provided in Paragraph 14 hereof, which shall be deemed to constitute proper service for all parties who are sent such email service; *provided*, *however*, that Bankruptcy Court Filings shall be served on the Master Service List by email and by first class mail. Subject to paragraph (11)(b)(ii) hereof, each

7

party that files a notice of appearance and a 2002 Notice Request shall be deemed to have consented to electronic service of all Bankruptcy Court Filings.

a.   ***Email Subject Line***.  With respect to the service of any Court Filing, the subject line of the email shall include (i) the Debtors' case name and number *In re Voyager Digital Holdings, Inc.*, Case No. 22-10943 (___), (ii) the name of the party filing such Court Filing, and (iii) the title of the Court Filing being served.  If the title of the Court Filing is too long to fit within the subject line of the email, the subject line shall contain a shortened version of such title, and the text of the email shall contain the full title of such Court Filing.

b.   ***Email Attachments***.  All Bankruptcy Court Filings served by email shall include the entire document, including any proposed forms of order and exhibits, attachments, or other materials, in PDF, readable by Adobe Acrobat or other equivalent document reader programs commonly available without cost.  The relevant Court Filing shall either be attached to the email in a format specified above or the email shall contain a link to such filing in such format.  In addition, all service by email will include a reference to the docket number of the attached document, as well as a link to the website of the Claims and Noticing Agent.  Notwithstanding the foregoing, if a Court Filing cannot be attached to an email (because of its size, technical difficulties, or other concerns), the filing party may serve the Court Filing by U.S. mail, including the proposed forms of order and any exhibits, attachments, and other relevant materials; *provided* that the Court Filing is served by hand or overnight delivery on the Service List.

14.   ***Paper Service of Certain Affected Entities***.  To the extent an Affected Entity's email address is not available, the Debtors (or any other party filing a Court Filing) shall serve such Affected Entity with paper copies by first class mail or private mail service.

15.   ***Waiver of Filing Deadlines***.  If any Court Filing is filed and served electronically via the Electronic Filing System, the filing deadlines requiring three additional days' notice set forth in rule 6(e) of the Federal Rules of Civil Procedure (made applicable to adversary proceedings by Bankruptcy Rule 7005(b)(2)(D)), and Bankruptcy Rule 9006(f) shall not apply.

16.   ***Form of Papers***.  Unless granted prior Court permission, motions, applications, and objections are limited to forty pages and replies and statements are limited to 15 pages.

All Bankruptcy Court Filings (other than exhibits) shall be double-spaced, twelve-point font, with one-inch margins.

17.    ***Certificates of Service***.  Certificates of service for all Bankruptcy Court Filings, including the Service List, need only be filed with the Court.

18.    ***Right to Request Special Notice Procedures***.  Nothing in these Case Management Procedures shall prejudice the right of any party to seek an amendment or waiver of the provisions of the Case Management Procedures from the Court upon a showing of good cause including, without limitation, the right to seek emergency *ex parte* relief or relief upon shortened notice.  Such requests should be made pursuant to the Local Rules and the directions on chambers' website.

19.    ***Section 342 Notice Requirements***.  Any notice sent by the Debtors or any other party in interest shall be deemed to comply with the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

**C.    Filing and Service of Requests for Relief.**

20.    ***Requests for Relief to Be Heard at Omnibus Hearing***.  In accordance with Local Rule 9006-1(b), in the event that a party files and serves a Request for Relief at least 14 days before the next Omnibus Hearing, the matter shall be set for hearing at such Omnibus Hearing. If a Request for Relief is served by overnight delivery, it must be filed and served at least 15 calendar days before the next Omnibus Hearing.  If a Request for Relief is served by U.S. mail only, it must be filed and served at least 17 calendar days before the next Omnibus Hearing.  All applications for reimbursement of fees and expenses by professionals retained by the estate must be filed and served at least 21 calendar days before the next Omnibus Hearing.  If a Request for Relief is filed by a party other than the Debtors and purports to set a hearing date inconsistent with

9

these Case Management Procedures, the Request for Relief shall be heard, without the necessity

of a Court order, at the first Omnibus Hearing after the applicable notice period has expired.

21.    ***Emergency Scheduling Procedures***.  If a movant or applicant determines that a

Request for Relief requires emergency or expedited relief, the movant or applicant shall contact

the attorneys for the parties that would be directly affected by such relief by telephone and email

and request that the Request for Relief be considered on an expedited basis.  If such party or parties

disagree with the movant's or applicant's request for emergency or expedited relief, the movant or

applicant shall (a) inform the Court of the disagreement by email, and (b) arrange for a chambers

conference, telephonic or in-person, to discuss the disagreement.  If the Court agrees with the

movant or applicant regarding the necessity for expedited consideration, the movant or applicant

may schedule an expedited hearing.  The Court's normal practice when scheduling an expedited

hearing is to require the movant (1) to email the motion to shorten to chambers and (2) if the

motion sufficiently supports the request, to schedule the hearing for both (a) a request for expedited

relief, and (b) the underlying Request for Relief for the same day.

22.    ***Notices of Requests for Relief***.  A notice shall be affixed to the front of each

Request for Relief and shall set forth:  (a) the title of the Request for Relief; (b) the time and date

of the objection deadline; (c) the parties on whom any objection is to be served; and

(d) the Omnibus Hearing date at which the party intends to present the Request for

Relief.  The notice may also include a statement that the relief requested therein may be granted,

pursuant to Local Rule 9074-1(b)(1)(K), without a hearing if no objection is timely filed and

served in accordance with the Case Management Procedures (each, a "Notice of

Presentment").  Subject to section E of these Case Management Procedures, if the notice filed with

a Request for Relief includes a Notice of Presentment, after the objection deadline has passed and

if no objection has been filed and served in accordance with these Case Management Procedures, counsel to the party who filed the Request for Relief may file a certification that no objection has been filed or served on them, and may request that the Court grant the relief and enter an order without a hearing. Submission of an order after the presentment period has elapsed without objection must be emailed to the Court and include the underlying Request for Relief, the certificate of service, an electronic version of the proposed order in Microsoft Word format, and a cover note including a representation that (a) the movant sought relief by Notice of Presentment and (b) the objection period has passed and no objections were filed.

23.    ***Service of Requests for Relief***.  For any Court Filing for which particular notice is required to be served on all creditors and parties with a particular interest in the relief sought by any Request for Relief, including under Bankruptcy Rules 2002(a)(2) and (3), 4001, 6004, 6007, and 9019, parties need serve all such Bankruptcy Court Filings only on the Service List and in accordance with the following, unless otherwise ordered by the Court:

> a.    in the case of any use, sale, lease, or abandonment of substantially all of the Debtors' property, on each party asserting an interest in that property;
>
> b.    in the case of any relief from or modification of the automatic stay, on each party asserting a lien or other encumbrance on the affected property;
>
> c.    in the case of the use of cash collateral or obtaining of credit, on each party asserting an interest in the cash collateral or a lien or other interest in property upon which a lien or encumbrance is proposed to be granted, or that otherwise may be directly affected by the relief requested;
>
> d.    in the case of a motion under Bankruptcy Rule 9019, on all parties to the relevant compromise and settlement, or that may be directly affected by such compromise or settlement;
>
> e.    in the case of assumption, assignment, or rejection of an executory contract or an unexpired lease, on each party to the executory contract or the unexpired lease;

f.    in the case of any objection, opposition, response, reply, or further document filed directly in response to another party's Court Filing, on such other party; and

g.    on all parties as required by the Bankruptcy Rules, unless otherwise directed by the Court.

24.    ***Notice Provisions Not Applicable to Certain Matters***.  Except as set forth in these Case Management Procedures or otherwise provided by order of the Court, the notice provisions of these Case Management Procedures shall not apply to notices of the matters or proceedings described in the following Bankruptcy Rules:

a.    Bankruptcy Rule 2002(a)(1) (meeting of creditors pursuant to section 341 of the Bankruptcy Code);

b.    Bankruptcy Rule 2002(a)(2) (any proposed use, sale, or lease of property of the estate other than in the ordinary course of business, to the extent that such use, sale, or lease concerns all or substantially all of the Debtors' assets);

c.    Bankruptcy Rule 2002(a)(4) (hearing on the dismissal of a case or cases or the conversion of a case to another chapter);

d.    Bankruptcy Rule 2002(a)(5) (time fixed to accept or reject a proposed modification of a chapter 11 plan);

e.    Bankruptcy Rule 2002(a)(7) (time fixed for filing a proof of claim pursuant to Bankruptcy Rule 3003(c));

f.    Bankruptcy Rule 2002(b)(1) (time fixed for filing objections to and any hearing to consider approval of a disclosure statement);

g.    Bankruptcy Rule 2002(b)(2) (time fixed for filing objections to and any hearing to consider confirmation of a chapter 11 plan);

h.    Bankruptcy Rule 2002(d) (certain matters for which notice is to be provided to equity security holders);

i.    Bankruptcy Rule 2002(f)(1) (entry of an order for relief);

j.    Bankruptcy Rule 2002(f)(2) (dismissal or conversion of a case to another chapter of the Bankruptcy Code);

k.    Bankruptcy Rule 2002(f)(3) (time allowed for filing claims pursuant to Bankruptcy Rule 3002);

l.      Bankruptcy Rule 2002(f)(6) (waiver, denial, or revocation of a discharge as provided in Bankruptcy Rule 4006);

m.      Bankruptcy Rule 2002(f)(7) (entry of an order confirming a chapter 11 plan); and

n.      Bankruptcy Rule 2002(f)(8) (summary of the trustee's final report and account should a case be converted to chapter 7 of the Bankruptcy Code).

25.     ***Requests for Relief to Include Proposed Order***.  Parties submitting written motions or other Requests for Relief shall be required to include a proposed order with such Request for Relief, which shall be consistent with such Request for Relief.

**D.      Filing and Service of Objections and Replies.**

26.     ***Deadline for Objections***.  Any Objection to a Request for Relief must be filed by the following deadlines (each, as applicable, the "Objection Deadline"):

a.      in the case of a Request for Relief filed 21 or more days before the applicable hearing, 4:00 p.m. (prevailing Eastern Time), seven calendar days before the applicable hearing;

b.      in the case of a Request for Relief filed less than 21 days before the applicable hearing, 4:00 p.m. (prevailing Eastern Time), three calendar days before the applicable hearing;

c.      in the case of a Request for Relief set for hearing on an expedited basis and filed fewer than ten days before the applicable hearing, 12:00 p.m. (prevailing Eastern Time) on the business day preceding the applicable hearing; or

d.      in any case, as otherwise ordered by the Court.

27.     For the avoidance of doubt, the foregoing deadlines apply with equal force regardless of whether the applicable Objection Deadline, as calculated according to the foregoing guidelines, falls on a business day, Saturday, Sunday, or legal holiday.

28.     ***Extension of Objection Deadline***.  The Objection Deadline may be extended without order of the Court upon the consent of the party filing the Request for Relief, which

consent may be granted via email correspondence between the party filing the Objection and the party filing the Request for Relief.

29.    ***Effect of Failure to File Objection by Objection Deadline***.  Failure to file an Objection by the Objection Deadline may cause the Court to disregard the Objection unless an Objection Deadline extension was agreed to between the parties pursuant to paragraph 28.

30.    ***Service of Objections***.  All Objections shall be filed with the Court, served by the applicable Objection Deadline and sent in accordance with paragraphs 10 and 11; *provided*, that if the Objection Deadline is after the date that is seven days before the applicable hearing, Objections shall also be served by email, facsimile, hand delivery, or overnight mail even if otherwise stated in the Request for Relief, in each case, by 4:00 p.m. (prevailing Eastern Time) on the business day that is (a) three days before the date of the applicable hearing for any Court Filing filed on more than 21 days' notice and (b) two business days before the date of the applicable hearing for any Court Filing filed on less than 21 days' notice.

31.    ***Service of Replies to Objections***.  If a Court Filing is a reply to an Objection, such reply shall be filed with the Court and served as provided in paragraphs 10 and 11 so as to actually be received by the parties requested to be served hereby at least one day before the Hearing, with a copy to the Court's chambers.

32.    ***Settlements***.  In the event that a matter is properly noticed for hearing and the parties reach a settlement of the dispute prior to the scheduled hearing, the parties may announce the settlement at the scheduled hearing.  In the event that the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement (*i.e.*, that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further

14

notice of the terms of the settlement. In the event that the Court determines that additional or supplemental notice is required, the Debtors shall serve such notice in accordance with the Case Management Procedures, and a hearing to consider such settlement shall be held on the next hearing date deemed appropriate by the Court.

### E.    Granting a Request for Relief Without a Hearing.

33.    ***Certificate of No Objection***.  If no Objection to a Request for Relief is filed after the Request for Relief is filed and served in a timely fashion, the movant may email a proposed order granting the Request for Relief to the Court's chambers, in accordance with chambers' procedures and paragraph 22, along with a certificate of no objection ("Certificate of No Objection") stating that no Objection has been filed or served on the movant.  By filing such certification, counsel for the movant represents to the Court that the movant is unaware of any Objection to the Request for Relief and that counsel has reviewed the Court's docket and no Objection appears thereon.

34.    ***Order May Be Entered Without Hearing***.  Upon receipt of a Certificate of No Objection as provided in paragraph 33, the Court may enter an order granting the Request for Relief without further pleading, hearing, or request, and once an order granting such Request for Relief is entered, no further hearing on the Request for Relief shall be held.

35.    ***Request for Relief May be Heard at a Hearing***.  After a Certificate of No Objection has been filed, the Request for Relief may be heard at the next Omnibus Hearing if the Court does not enter an order granting the Request for Relief before such Omnibus Hearing.

### F.    Filing and Service of Orders.

36.    ***Service of Orders***.  All parties submitting orders shall serve a conformed copy of any entered order on (a) each Affected Entity, (b) the Debtors, (c) Stretto, and (d) the U.S. Trustee

within two business days of entry of the applicable order.  Stretto shall post all orders on the Case
Website.

### G.    Filing and Service of Adversary Proceedings.

37.    ***Serving Adversary Proceedings***.  All Bankruptcy Court Filings in any adversary
proceeding commenced in these chapter 11 cases shall be served upon each Affected Entity and
any other parties required to be served under any applicable Bankruptcy Rule or Local Rule.

38.    ***Discovery Rules in Contested Matters and Adversary Proceedings***.  Federal Rules
of Civil Procedure 26(a)(1) (initial disclosures), 26(a)(2) (disclosures with respect to expert
testimony), 26(a)(3) (additional pretrial disclosures), and 26(f) (mandatory meeting before
scheduling conference/discovery plan) are inapplicable in contested matters but are applicable to
adversary proceedings arising under these chapter 11 cases.

39.    ***Briefing Schedule in Adversary Proceedings***.  After a hearing date has been set by
the Court, unless otherwise ordered by the Court, the parties to the adversary proceeding shall
confer and agree upon a briefing schedule for all adversary matters, which shall be submitted for
approval of the Court and shall comply with the Court's pretrial order.

### H.    Other Pleadings.

40.    ***Joinders***.  Any party seeking to support any Court Filing may file an expression of
support of such Court Filing (a "Joinder").  Unless otherwise ordered by the Court, filing a Joinder
does <u>not</u> entitle such party to:    (a) be an independent proponent of the Court Filing;
(b) independently support or oppose any related Bankruptcy Court Filings; (c) independently settle
the underlying Request for Relief that is the subject of the applicable Court Filing; or
(d) independently receive a ruling from the Court on the Court Filing.  The Court may deem a
Joinder to be a brief in support of the applicable Court Filing, but the Court shall not consider any

arguments or factual allegations contained in a Joinder but not in the related Court Filing, and no party shall be required to separately respond to a Joinder.

41.    ***Motion Practice for Lift Stay Actions***.  A motion filed by a non-Debtor party seeking relief from the automatic stay (a "<u>Stay Relief Motion</u>") in accordance with section 362 of the Bankruptcy Code shall be noticed for consideration on the Omnibus Hearing date that is at least 21 days after the Stay Relief Motion is filed and notice thereof is served upon the Debtors. Unless otherwise ordered by the Court, the objection deadline shall be the later of (a) 14 calendar days after the filing and service of the Stay Relief Motion or (b) three calendar days prior to the hearing scheduled with respect thereto.

42.    ***Continuation of Automatic Stay.***    Notwithstanding section 362(e) of the Bankruptcy Code, if a Stay Relief Motion is scheduled in accordance with the Case Management Procedures for, or adjourned to, a hearing date 30 days after the filing of the Stay Relief Motion, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect, pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.

43.    ***Motions for Summary Judgment***.  Pursuant to Local Rule 7056-1, no motion for summary judgment may be made without first seeking a pre-motion conference.  A request for such conference should be made by email, filed, and served in accordance with the Case Management Procedures, setting forth the issues to be presented under the summary judgment motion.

44.    ***Motions for Reargument***.  Motions for reargument must identify with particularity the matter for reconsideration in accordance with Local Rule 9023-1.  If, after review of the

motion, the Court determines that it wishes a response, and/or hearing, it will notify the applicable parties accordingly.

45.    ***Motions for Temporary Restraining Orders***.    Parties seeking a temporary restraining order (a "<u>TRO</u>") must comply with the requirements of Federal Rule of Civil Procedure 65(b).  Any request for a TRO must be preceded by an email and a telephone call to chambers, advising chambers of the nature of the controversy, the need for emergency relief, why a noticed hearing for a preliminary injunction would be insufficient, when a hearing on the TRO application is needed, and when the motion papers will be forthcoming.  Except in those rare cases where advance notice of the TRO application would vitiate the purpose of a TRO (and where that can be established by affidavit), immediate telephonic notice of the application must be provided to all parties reasonably expected to be affected by entry of the TRO or provisions therein.  In addition, the motion papers on any TRO application must be hand delivered, emailed, or faxed to any such parties at the same time that the papers are provided to chambers.

46.    ***Automatic Extension of Certain Time Periods***.  If a Request for Relief to extend the time to take any action is filed prior to the expiration of the time period provided by the Bankruptcy Code (including any Request for Relief pursuant to section 1121 of the Bankruptcy Code), the Bankruptcy Rules, the Local Rules, or any order of the Court, the time to so take action shall be automatically extended until the Court considers and rules upon the Request for Relief.

**III.    Additional Case Management Procedures.**

47.    ***Adequate Notice***.    Notice and service accomplished in accordance with the provisions set forth in the Case Management Procedures shall be deemed adequate in all respects pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

48.    ***Computation of Time***.  Unless otherwise specified, all time periods referenced in the Case Management Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

49.      ***Effect of the Case Management Procedures***.  The Bankruptcy Rules and the Local Rules shall continue to apply to all proceedings in these chapter 11 cases, except to the extent that any provision of the Case Management Procedures by its terms supersedes or is inconsistent with such non-binding rules.  In the event of any inconsistency between the Case Management Procedures and the Bankruptcy Rules and the Local Rules, the Case Management Procedures will control.

50.      ***Promulgation of the Case Management Procedures***.  As soon as practicable after the entry of the proposed Order, a copy of the Case Management Procedures shall be served by the Debtors on each of the parties on the Master Service List.  In addition, shortly after the end of each calendar month, Stretto or counsel to the Debtors shall serve a copy of the Case Management Procedures upon any party filing a 2002 Notice Request within such calendar month.  To help ensure that all parties who may participate in these chapter 11 cases are aware of the terms of the Case Management Procedures, the Debtors will post the Case Management Procedures on the Case Website.

## EXHIBIT B

**Proposed Final Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**FINAL ORDER (I) ESTABLISHING CERTAIN NOTICE, CASE MANAGEMENT,**
**AND ADMINISTRATIVE PROCEDURES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of a final order (this "Final Order"), (a) approving and

implementing the notice, case management, and administrative procedures annexed hereto as

**Exhibit 1** (the "Case Management Procedures") and (b) granting related relief, all as more fully

set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over

this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*

*from the United States District Court for the Southern District of New York*, entered February 1,

2012; and that this Court having the power to enter a final order consistent with Article III of the

United States Constitution; and this Court having found that venue of this proceeding and the

Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having

found that the relief requested in the Motion is in the best interests of the Debtors' estates, their

creditors, and other parties in interest; and this Court having found that the Debtors' notice of the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (N/A); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or the Case Management Procedures, as applicable.

Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and

no other notice need be provided; and this Court having reviewed the Motion and having heard the

statements in support of the relief requested therein at a hearing before this Court (the "Hearing");

and this Court having determined that the legal and factual bases set forth in the Motion and at the

Hearing establish just cause for the relief granted herein; and upon all of the proceedings had

before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY

ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      The Case Management Procedures, as set forth in **Exhibit 1** attached hereto, are

approved and shall govern all applicable aspects of these chapter 11 cases, except as otherwise

ordered by this Court.

3.      The first four Omnibus Hearings are scheduled as follows:

- __:__ _.m. on the __th day of _____;

- __:__ _.m. on the __th day of _____;

- __:__ _.m. on the __th day of _____; and

- __:__ _.m. on the __th day of _____.

4.      The Debtors' Claims and Noticing Agent is authorized to establish the

Case Website, available at https://cases.stretto.com/Voyager, where, among other things,

electronic copies of all Bankruptcy Court Filings will be posted and viewable free of charge.

5.      Any party requesting a conference with this Court shall file such request with an

email copy to the Court's chambers, copying counsel for the other parties involved.

6.      Subject to General Order M-543, all hearings and conferences scheduled with this

Bankruptcy Court will be conducted telephonically or by Zoom pending further Order by this

Bankruptcy Court.  If a party desires to participate in a hearing by telephone, such party must register with CourtSolutions or Zoom.

7.      Any notice sent by the Debtors or any other party to the Master Service List or the 2002 List (both lists as defined in the Case Management Procedures attached hereto), or to any parties required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Case Management Procedures, or further order of this Court, shall be deemed sufficient and in compliance with thereof.

8.      As soon as practicable after the entry of this Final Order, a copy of the Case Management Procedures shall be served by the Debtors on each of the parties on the Master Service List.  In addition, shortly after the end of each calendar month, the Claims or Noticing Agent or counsel to the Debtors shall serve a copy of the Case Management Procedures upon any party filing a 2002 Notice Request (as defined therein) within such calendar month.  To help ensure that all parties who may participate in these chapter 11 cases are aware of the terms of the Case Management Procedures, the Debtors will post the Case Management Procedures on the Case Website.

9.      Any notice sent by the Debtors or any other party in interest shall be deemed to comply with the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

10.     All time periods set forth in this Final Order or in the Case Management Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

11.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

12.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final

Order are immediately effective and enforceable upon its entry.

13.     The Debtors are authorized to take all actions necessary to effectuate the relief

granted in this Final Order in accordance with the Motion.

14.     This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Final Order.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE [●]
UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT 1

**Case Management Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## CASE MANAGEMENT PROCEDURES

On July 5, 2022 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On [●], 2022, the Court entered a final order [Docket No. [●]] (the "Final Order") approving these case management procedures (the "Case Management Procedures") set forth herein pursuant to sections 102(1), 105(a), and 105(d) of the Bankruptcy Code, rules 2002(m), 9007, and 9036 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9074-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and General Order M-543, dated March 20, 2020 (the "General Order M-543"). Anyone may obtain a copy of the Final Order, as well as any Court Filing (as defined herein) filed with the Court in these chapter 11 cases, by: (a) accessing the website maintained by

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (N/A); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

Stretto (the "Claims and Noticing Agent"), at https://cases.stretto.com/Voyager (the "Case Website"); (b) contacting Stretto directly at 410 Exchange, Ste. 100, Irvine, California 92602, by telephone at (855) 473-8665 (Toll-Free) or +1 (949) 271-6507 (International), or by email at VoyagerInquiries@stretto.com; or (c) accessing the PACER system on the Court's website at http://www.nysb.uscourts.gov for a nominal fee.

Pursuant to the Final Order, all notices, motions, applications, briefs, memoranda, affidavits, declarations, objections, responses, and other documents filed in these chapter 11 cases are subject to, and will not be deemed properly served unless they are served in accordance with, these Case Management Procedures. Additionally, while the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules apply to these chapter 11 cases, to the extent there is a non-binding conflict between the foregoing and these Case Management Procedures, these Case Management Procedures shall govern in all respects. Accordingly, all parties in interest are strongly encouraged to review these Case Management Procedures in their entirety and consult their own legal counsel with respect to any of the matters discussed herein before filing any documents in these chapter 11 cases.

## Case Management Procedures

### I.    Hearing Procedures.

1.    ***All Matters to Be Heard at Omnibus Hearings***. The Court will schedule periodic omnibus hearings (the "Omnibus Hearings") to consider all notices, motions, applications, and other requests for relief, briefs, memoranda, affidavits, declarations, replies, and other documents filed in support of such papers seeking relief (collectively, the "Requests for Relief"), and all objections and responses to such Requests for Relief (collectively, the "Objections," and together with the Requests for Relief and all other filed documents, the "Bankruptcy Court Filings") pursuant to the following procedures:

2

2.      ***Initial Omnibus Hearings***.  The first four Omnibus Hearings are scheduled as follows:

- __:__ _.m. on the __th day of _____;

- __:__ _.m. on the __th day of _____;

- __:__ _.m. on the __th day of _____; and

- __:__ _.m. on the __th day of _____.

3.      ***Subsequent Omnibus Hearings***.  At or before the Omnibus Hearing held on [●], 2022, the Debtors may request that the Court schedule additional Omnibus Hearings.  The Court may schedule such Omnibus Hearings and, upon scheduling, Stretto shall post the dates of the additional Omnibus Hearings on the Case Website.  Parties may contact Stretto for information concerning all scheduled Omnibus Hearings.

4.      ***Proposed Omnibus Hearing Agenda***.  Two business days before each Omnibus Hearing, Debtors' counsel shall file a proposed agenda with regard to the matters scheduled to be heard at such Omnibus Hearing (the "Proposed Hearing Agenda").  The Proposed Hearing Agenda may include notice of matters that have been consensually adjourned to a later Omnibus Hearing in lieu of parties filing a separate notice of adjournment; *provided*, that for all matters adjourned to a later Omnibus Hearing or some other future date, the Debtors will also electronically file (but need not serve) a notice of adjournment with respect to such matters.

5.      ***Content of Proposed Hearing Agenda***.  The Proposed Hearing Agenda will include, to the extent known by Debtors' counsel:  (a) the docket number and title of each matter scheduled to be heard at such Omnibus Hearing, including the initial filing and any objections, replies, or documents related thereto; (b) whether the matters are contested or uncontested; (c) whether the matters have settled or are proposed to be continued; (d) a suggestion for the order in which the matters should be addressed; and (e) any other comments that will assist the Court.

6.      ***Evidentiary Hearings***.  With respect to any Court Filing, if Objections are filed, the Omnibus Hearing shall not be deemed an evidentiary hearing at which witnesses may testify unless the Proposed Hearing Agenda provides otherwise, provided that parties in interest may make a request to the Court by email (and by copying the opposing party) that such hearing be an evidentiary hearing.  Additionally, any Court Filing requesting or requiring the Court to make a factual finding must be supported by competent evidence (*e.g.*, declarations, affidavits, and/or exhibits).

7.      ***Telephonic Appearances***.      A party desiring to participate in a hearing telephonically must request permission from chambers.   If chambers permits telephonic participation, the party participating telephonically must arrange such participation with CourtSolutions, adhering to the procedures for telephonic participation applicable in the Court. Parties participating by phone must put their phones on "mute," except when they need to be heard, and are not to put their phones on "hold" in any circumstances.

8.      ***Listen-Only Lines***.   Any party may attend hearings through a listen-only line (each, a "Listen-Only Line") by arranging such Listen-Only Line with CourtSolutions.  For the avoidance of doubt, any party wishing to use a Listen-Only Line need not seek permission from the Debtors or the Court in accordance with the procedures on the chambers website.

9.      ***Matters that May Be Heard at Non-Omnibus Hearings***.  Subject to consultation with the Court's chambers, hearings in connection with applications for professional compensation and reimbursement, pre-trial conferences, asset sales, and trials related to adversary proceedings, approval of a disclosure statement, confirmation of a plan, and any other Court Filing may be scheduled for dates other than the Omnibus Hearing dates; *provided, however*, that initial pre-trial conferences scheduled in connection with adversary proceedings involving the Debtors shall be

set on the next available Omnibus Hearing date that is at least 45 days after the filing of the complaint unless a party establishes good cause for holding an initial pre-trial conference on an earlier date; *provided further*, that hearings on all other Requests for Relief, not referenced in this paragraph or requiring emergency relief, filed by any party must be scheduled for an Omnibus Hearing.

## II.    Filing and Service Procedures.

10.    All Bankruptcy Court Filings filed in these chapter 11 cases shall be filed electronically with the Court on the docket of *In re Voyager Digital Holdings, Inc.*, Case No. 22-10943 (___), in accordance with all General Orders of the Court, including General Order M-399 and all orders that address the COVID-19 pandemic (General Orders 540–545), by registered users of the Court's electronic case filing system (the "Electronic Filing System"). Further, pursuant to Local Rule 9070-1, all Bankruptcy Court Filings (other than proofs of claim) shall be:  (a) until further order of the Court, delivered via email to the chambers of the Honorable Judge [●], United States Bankruptcy Court for the Southern District of New York no later than the next business day following the date on which such Court Filing is electronically filed; and (b) at least one hard copy shall be delivered by first class mail or by email to the United States Trustee for the Southern District of New York (the "U.S. Trustee"), 201 Varick Street, Suite 1006, New York, New York 10014, Attn:  Richard Morrissey and Mark Bruh.

### A.    The Service List.

11.    ***Parties Entitled to Service***.  All Bankruptcy Court Filings (other than proofs of claim) shall be served on the following lists of parties (together, the "Service List"), according to the following notice procedures:

> a.    ***Master Service List***.  Stretto shall maintain a master service list (the "Master Service List").  The Master Service List shall be made available by (i) accessing the Case Website, (ii) contacting the Claims and Noticing Agent directly, or

5

(iii) contacting the Debtors' counsel directly.  The Master Service List shall include the following parties:

  i.    the Debtors and their counsel;

  ii.    the U.S. Trustee;

  iii.    holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); [2]

  iv.    the lender under the Debtors' prepetition loan agreement;

  v.    the United States Attorney's Office for the Southern District of New York

  vi.    the Internal Revenue Service;

  vii.    the Toronto Stock Exchange;

  viii.    the attorneys general in the states where the Debtors conduct their business operations; and

  ix.    any party that has requested notice pursuant to Bankruptcy Rule 2002.

b.    ***2002 List***.  Stretto shall maintain a list of all parties that have filed a request to receive service of Bankruptcy Court Filings pursuant to Bankruptcy Rule 2002 (the "2002 List").

  i.    ***Filing Requests for Documents Requires Email Address***.  A request for service of Bankruptcy Court Filings pursuant to Bankruptcy Rule 2002 (each, a "2002 Notice Request") filed with the Court shall be deemed proper only if it includes the following information with respect to the party filing such request:  (a) name; (b) street address; (c) name of clients, if applicable; (d) telephone number; (e) facsimile number;  and  (f) email address,  or  the Certification described immediately below.

  ii.    ***Certification Opting Out of Email Service***.  Any party filing a 2002 Notice Request who does not maintain (and cannot practicably obtain) an email address and therefore cannot receive service by email must include in the 2002 Notice Request a certification to that effect (each, a "Certification").  A Certification shall include a statement certifying that the party (a) does not maintain an email

---

[2]    If a Committee is appointed and counsel is retained, holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis) shall not be included in the Master Service List.

    address and (b) cannot practicably obtain an email address at which the party could receive service.  Such party will thereafter receive paper service in accordance with the Case Management Procedures.

  iii. ***Email Address Required***.  If a 2002 Notice Request fails to include an email address or a Certification, the Debtors shall forward a copy of the Case Management Procedures to such party within five business days of requesting an email address.  If no email address or Certification is provided in response to such request, such party shall not be added to the 2002 List or served with copies of Bankruptcy Court Filings unless such Bankruptcy Court Filings directly affect such party.

  iv. ***Changes in Information***.  Each party submitting a 2002 Notice Request is responsible for filing with the Court an updated 2002 Notice Request as necessary to reflect changes to any notice information and must serve a copy of such updated 2002 Notice Request upon the Debtors.

 c. ***Affected Entities***.  All entities with a particularized interest in the subject matter of a specific Court Filing, including the entity filing the Request for Relief, are "<u>Affected Entities</u>" and shall be served with all Bankruptcy Court Filings relating to that interest.

12. ***Maintenance of the Service List***.  At least every 15 days during the first sixty days of these chapter 11 cases, and at least every 30 days thereafter, Stretto shall update the Service List by making any additions and deletions and post the updated Service List on the Case Website.

  **B.** **Filing and Service of Bankruptcy Court Filings Generally.**

13. ***Electronic Filing and Service***.  All Bankruptcy Court Filings shall be filed electronically with the Court using the Court's Electronic Filing System and served via email, other than service of a summons and complaint in an adversary proceeding or documents filed under seal or parties who have filed the Certification in Paragraph (11)(b)(ii) hereof, or as provided in Paragraph 14 hereof, which shall be deemed to constitute proper service for all parties who are sent such email service; *provided*, *however*, that Bankruptcy Court Filings shall be served on the Master Service List by email and by first class mail.  Subject to paragraph (11)(b)(ii) hereof, each

party that files a notice of appearance and a 2002 Notice Request shall be deemed to have consented to electronic service of all Bankruptcy Court Filings.

     a.     **Email Subject Line**.  With respect to the service of any Court Filing, the subject line of the email shall include (i) the Debtors' case name and number *In re Voyager Digital Holdings, Inc.*, Case No. 22-10943 (___), (ii) the name of the party filing such Court Filing, and (iii) the title of the Court Filing being served.  If the title of the Court Filing is too long to fit within the subject line of the email, the subject line shall contain a shortened version of such title, and the text of the email shall contain the full title of such Court Filing.

     b.     **Email Attachments**.  All Bankruptcy Court Filings served by email shall include the entire document, including any proposed forms of order and exhibits, attachments, or other materials, in PDF, readable by Adobe Acrobat or other equivalent document reader programs commonly available without cost.  The relevant Court Filing shall either be attached to the email in a format specified above or the email shall contain a link to such filing in such format.  In addition, all service by email will include a reference to the docket number of the attached document, as well as a link to the website of the Claims and Noticing Agent.  Notwithstanding the foregoing, if a Court Filing cannot be attached to an email (because of its size, technical difficulties, or other concerns), the filing party may serve the Court Filing by U.S. mail, including the proposed forms of order and any exhibits, attachments, and other relevant materials; *provided* that the Court Filing is served by hand or overnight delivery on the Service List.

14.     **Paper Service of Certain Affected Entities**.  To the extent an Affected Entity's email address is not available, the Debtors (or any other party filing a Court Filing) shall serve such Affected Entity with paper copies by first class mail or private mail service.

15.     **Waiver of Filing Deadlines**.  If any Court Filing is filed and served electronically via the Electronic Filing System, the filing deadlines requiring three additional days' notice set forth in rule 6(e) of the Federal Rules of Civil Procedure (made applicable to adversary proceedings by Bankruptcy Rule 7005(b)(2)(D)), and Bankruptcy Rule 9006(f) shall not apply.

16.     **Form of Papers**.  Unless granted prior Court permission, motions, applications, and objections are limited to forty pages and replies and statements are limited to 15 pages.

All Bankruptcy Court Filings (other than exhibits) shall be double-spaced, twelve-point font, with one-inch margins.

17.     ***Certificates of Service***.  Certificates of service for all Bankruptcy Court Filings, including the Service List, need only be filed with the Court.

18.     ***Right to Request Special Notice Procedures***.  Nothing in these Case Management Procedures shall prejudice the right of any party to seek an amendment or waiver of the provisions of the Case Management Procedures from the Court upon a showing of good cause including, without limitation, the right to seek emergency *ex parte* relief or relief upon shortened notice.  Such requests should be made pursuant to the Local Rules and the directions on chambers' website.

19.     ***Section 342 Notice Requirements***.  Any notice sent by the Debtors or any other party in interest shall be deemed to comply with the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

**C.     Filing and Service of Requests for Relief.**

20.     ***Requests for Relief to Be Heard at Omnibus Hearing***.  In accordance with Local Rule 9006-1(b), in the event that a party files and serves a Request for Relief at least 14 days before the next Omnibus Hearing, the matter shall be set for hearing at such Omnibus Hearing. If a Request for Relief is served by overnight delivery, it must be filed and served at least 15 calendar days before the next Omnibus Hearing.  If a Request for Relief is served by U.S. mail only, it must be filed and served at least 17 calendar days before the next Omnibus Hearing.  All applications for reimbursement of fees and expenses by professionals retained by the estate must be filed and served at least 21 calendar days before the next Omnibus Hearing.  If a Request for Relief is filed by a party other than the Debtors and purports to set a hearing date inconsistent with

9

these Case Management Procedures, the Request for Relief shall be heard, without the necessity

of a Court order, at the first Omnibus Hearing after the applicable notice period has expired.

21.    ***Emergency Scheduling Procedures***.  If a movant or applicant determines that a

Request for Relief requires emergency or expedited relief, the movant or applicant shall contact

the attorneys for the parties that would be directly affected by such relief by telephone and email

and request that the Request for Relief be considered on an expedited basis.  If such party or parties

disagree with the movant's or applicant's request for emergency or expedited relief, the movant or

applicant shall (a) inform the Court of the disagreement by email, and (b) arrange for a chambers

conference, telephonic or in-person, to discuss the disagreement.  If the Court agrees with the

movant or applicant regarding the necessity for expedited consideration, the movant or applicant

may schedule an expedited hearing.  The Court's normal practice when scheduling an expedited

hearing is to require the movant (1) to email the motion to shorten to chambers and (2) if the

motion sufficiently supports the request, to schedule the hearing for both (a) a request for expedited

relief, and (b) the underlying Request for Relief for the same day.

22.    ***Notices of Requests for Relief***.  A notice shall be affixed to the front of each

Request for Relief and shall set forth:  (a) the title of the Request for Relief; (b) the time and date

of the objection deadline; (c) the parties on whom any objection is to be served; and

(d) the Omnibus Hearing date at which the party intends to present the Request for

Relief.  The notice may also include a statement that the relief requested therein may be granted,

pursuant to Local Rule 9074-1(b)(1)(K), without a hearing if no objection is timely filed and

served in accordance with the Case Management Procedures (each, a "Notice of

Presentment").  Subject to section E of these Case Management Procedures, if the notice filed with

a Request for Relief includes a Notice of Presentment, after the objection deadline has passed and

if no objection has been filed and served in accordance with these Case Management Procedures, counsel to the party who filed the Request for Relief may file a certification that no objection has been filed or served on them, and may request that the Court grant the relief and enter an order without a hearing. Submission of an order after the presentment period has elapsed without objection must be emailed to the Court and include the underlying Request for Relief, the certificate of service, an electronic version of the proposed order in Microsoft Word format, and a cover note including a representation that (a) the movant sought relief by Notice of Presentment and (b) the objection period has passed and no objections were filed.

23.     ***Service of Requests for Relief***.  For any Court Filing for which particular notice is required to be served on all creditors and parties with a particular interest in the relief sought by any Request for Relief, including under Bankruptcy Rules 2002(a)(2) and (3), 4001, 6004, 6007, and 9019, parties need serve all such Bankruptcy Court Filings only on the Service List and in accordance with the following, unless otherwise ordered by the Court:

a.      in the case of any use, sale, lease, or abandonment of substantially all of the Debtors' property, on each party asserting an interest in that property;

b.      in the case of any relief from or modification of the automatic stay, on each party asserting a lien or other encumbrance on the affected property;

c.      in the case of the use of cash collateral or obtaining of credit, on each party asserting an interest in the cash collateral or a lien or other interest in property upon which a lien or encumbrance is proposed to be granted, or that otherwise may be directly affected by the relief requested;

d.      in the case of a motion under Bankruptcy Rule 9019, on all parties to the relevant compromise and settlement, or that may be directly affected by such compromise or settlement;

e.      in the case of assumption, assignment, or rejection of an executory contract or an unexpired lease, on each party to the executory contract or the unexpired lease;

11

f.    in the case of any objection, opposition, response, reply, or further document filed directly in response to another party's Court Filing, on such other party; and

g.    on all parties as required by the Bankruptcy Rules, unless otherwise directed by the Court.

24.    ***Notice Provisions Not Applicable to Certain Matters***.  Except as set forth in these Case Management Procedures or otherwise provided by order of the Court, the notice provisions of these Case Management Procedures shall not apply to notices of the matters or proceedings described in the following Bankruptcy Rules:

a.    Bankruptcy Rule 2002(a)(1) (meeting of creditors pursuant to section 341 of the Bankruptcy Code);

b.    Bankruptcy Rule 2002(a)(2) (any proposed use, sale, or lease of property of the estate other than in the ordinary course of business, to the extent that such use, sale, or lease concerns all or substantially all of the Debtors' assets);

c.    Bankruptcy Rule 2002(a)(4) (hearing on the dismissal of a case or cases or the conversion of a case to another chapter);

d.    Bankruptcy Rule 2002(a)(5) (time fixed to accept or reject a proposed modification of a chapter 11 plan);

e.    Bankruptcy Rule 2002(a)(7) (time fixed for filing a proof of claim pursuant to Bankruptcy Rule 3003(c));

f.    Bankruptcy Rule 2002(b)(1) (time fixed for filing objections to and any hearing to consider approval of a disclosure statement);

g.    Bankruptcy Rule 2002(b)(2) (time fixed for filing objections to and any hearing to consider confirmation of a chapter 11 plan);

h.    Bankruptcy Rule 2002(d) (certain matters for which notice is to be provided to equity security holders);

i.    Bankruptcy Rule 2002(f)(1) (entry of an order for relief);

j.    Bankruptcy Rule 2002(f)(2) (dismissal or conversion of a case to another chapter of the Bankruptcy Code);

k.    Bankruptcy Rule 2002(f)(3) (time allowed for filing claims pursuant to Bankruptcy Rule 3002);

12

l.      Bankruptcy Rule 2002(f)(6) (waiver, denial, or revocation of a discharge as provided in Bankruptcy Rule 4006);

m.     Bankruptcy Rule 2002(f)(7) (entry of an order confirming a chapter 11 plan); and

n.      Bankruptcy Rule 2002(f)(8) (summary of the trustee's final report and account should a case be converted to chapter 7 of the Bankruptcy Code).

25.     ***Requests for Relief to Include Proposed Order***.  Parties submitting written motions or other Requests for Relief shall be required to include a proposed order with such Request for Relief, which shall be consistent with such Request for Relief.

**D.     Filing and Service of Objections and Replies.**

26.     ***Deadline for Objections***.  Any Objection to a Request for Relief must be filed by the following deadlines (each, as applicable, the "Objection Deadline"):

a.      in the case of a Request for Relief filed 21 or more days before the applicable hearing, 4:00 p.m. (prevailing Eastern Time), seven calendar days before the applicable hearing;

b.      in the case of a Request for Relief filed less than 21 days before the applicable hearing, 4:00 p.m. (prevailing Eastern Time), three calendar days before the applicable hearing;

c.      in the case of a Request for Relief set for hearing on an expedited basis and filed fewer than ten days before the applicable hearing, 12:00 p.m. (prevailing Eastern Time) on the business day preceding the applicable hearing; or

d.      in any case, as otherwise ordered by the Court.

27.     For the avoidance of doubt, the foregoing deadlines apply with equal force regardless of whether the applicable Objection Deadline, as calculated according to the foregoing guidelines, falls on a business day, Saturday, Sunday, or legal holiday.

28.     ***Extension of Objection Deadline***.  The Objection Deadline may be extended without order of the Court upon the consent of the party filing the Request for Relief, which

consent may be granted via email correspondence between the party filing the Objection and the party filing the Request for Relief.

29.     ***Effect of Failure to File Objection by Objection Deadline***.  Failure to file an Objection by the Objection Deadline may cause the Court to disregard the Objection unless an Objection Deadline extension was agreed to between the parties pursuant to paragraph 28.

30.     ***Service of Objections***.  All Objections shall be filed with the Court, served by the applicable Objection Deadline and sent in accordance with paragraphs 10 and 11; *provided*, that if the Objection Deadline is after the date that is seven days before the applicable hearing, Objections shall also be served by email, facsimile, hand delivery, or overnight mail even if otherwise stated in the Request for Relief, in each case, by 4:00 p.m. (prevailing Eastern Time) on the business day that is (a) three days before the date of the applicable hearing for any Court Filing filed on more than 21 days' notice and (b) two business days before the date of the applicable hearing for any Court Filing filed on less than 21 days' notice.

31.     ***Service of Replies to Objections***.  If a Court Filing is a reply to an Objection, such reply shall be filed with the Court and served as provided in paragraphs 10 and 11 so as to actually be received by the parties requested to be served hereby at least one day before the Hearing, with a copy to the Court's chambers.

32.     ***Settlements***.  In the event that a matter is properly noticed for hearing and the parties reach a settlement of the dispute prior to the scheduled hearing, the parties may announce the settlement at the scheduled hearing.  In the event that the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement (*i.e.*, that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further

14

notice of the terms of the settlement.  In the event that the Court determines that additional or supplemental notice is required, the Debtors shall serve such notice in accordance with the Case Management Procedures, and a hearing to consider such settlement shall be held on the next hearing date deemed appropriate by the Court.

### E.    Granting a Request for Relief Without a Hearing.

33.    ***Certificate of No Objection***.  If no Objection to a Request for Relief is filed after the Request for Relief is filed and served in a timely fashion, the movant may email a proposed order granting the Request for Relief to the Court's chambers, in accordance with chambers' procedures and paragraph 22, along with a certificate of no objection ("Certificate of No Objection") stating that no Objection has been filed or served on the movant.  By filing such certification, counsel for the movant represents to the Court that the movant is unaware of any Objection to the Request for Relief and that counsel has reviewed the Court's docket and no Objection appears thereon.

34.    ***Order May Be Entered Without Hearing***.  Upon receipt of a Certificate of No Objection as provided in paragraph 33, the Court may enter an order granting the Request for Relief without further pleading, hearing, or request, and once an order granting such Request for Relief is entered, no further hearing on the Request for Relief shall be held.

35.    ***Request for Relief May be Heard at a Hearing***.  After a Certificate of No Objection has been filed, the Request for Relief may be heard at the next Omnibus Hearing if the Court does not enter an order granting the Request for Relief before such Omnibus Hearing.

### F.    Filing and Service of Orders.

36.    ***Service of Orders***.  All parties submitting orders shall serve a conformed copy of any entered order on (a) each Affected Entity, (b) the Debtors, (c) Stretto, and (d) the U.S. Trustee

15

within two business days of entry of the applicable order.  Stretto shall post all orders on the Case Website.

### G.  Filing and Service of Adversary Proceedings.

37.   *Serving Adversary Proceedings*.  All Bankruptcy Court Filings in any adversary proceeding commenced in these chapter 11 cases shall be served upon each Affected Entity and any other parties required to be served under any applicable Bankruptcy Rule or Local Rule.

38.   *Discovery Rules in Contested Matters and Adversary Proceedings*.  Federal Rules of Civil Procedure 26(a)(1) (initial disclosures), 26(a)(2) (disclosures with respect to expert testimony), 26(a)(3) (additional pretrial disclosures), and 26(f) (mandatory meeting before scheduling conference/discovery plan) are inapplicable in contested matters but are applicable to adversary proceedings arising under these chapter 11 cases.

39.   *Briefing Schedule in Adversary Proceedings*.  After a hearing date has been set by the Court, unless otherwise ordered by the Court, the parties to the adversary proceeding shall confer and agree upon a briefing schedule for all adversary matters, which shall be submitted for approval of the Court and shall comply with the Court's pretrial order.

### H.  Other Pleadings.

40.   *Joinders*.  Any party seeking to support any Court Filing may file an expression of support of such Court Filing (a "Joinder").  Unless otherwise ordered by the Court, filing a Joinder does <u>not</u> entitle such party to:   (a) be an independent proponent of the Court Filing; (b) independently support or oppose any related Bankruptcy Court Filings; (c) independently settle the underlying Request for Relief that is the subject of the applicable Court Filing; or (d) independently receive a ruling from the Court on the Court Filing.  The Court may deem a Joinder to be a brief in support of the applicable Court Filing, but the Court shall not consider any

16

arguments or factual allegations contained in a Joinder but not in the related Court Filing, and no party shall be required to separately respond to a Joinder.

41.     ***Motion Practice for Lift Stay Actions***.  A motion filed by a non-Debtor party seeking relief from the automatic stay (a "Stay Relief Motion") in accordance with section 362 of the Bankruptcy Code shall be noticed for consideration on the Omnibus Hearing date that is at least 21 days after the Stay Relief Motion is filed and notice thereof is served upon the Debtors. Unless otherwise ordered by the Court, the objection deadline shall be the later of (a) 14 calendar days after the filing and service of the Stay Relief Motion or (b) three calendar days prior to the hearing scheduled with respect thereto.

42.     ***Continuation of Automatic Stay.***    Notwithstanding section 362(e) of the Bankruptcy Code, if a Stay Relief Motion is scheduled in accordance with the Case Management Procedures for, or adjourned to, a hearing date 30 days after the filing of the Stay Relief Motion, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect, pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.

43.     ***Motions for Summary Judgment***.  Pursuant to Local Rule 7056-1, no motion for summary judgment may be made without first seeking a pre-motion conference.  A request for such conference should be made by email, filed, and served in accordance with the Case Management Procedures, setting forth the issues to be presented under the summary judgment motion.

44.     ***Motions for Reargument***.  Motions for reargument must identify with particularity the matter for reconsideration in accordance with Local Rule 9023-1.  If, after review of the

17

motion, the Court determines that it wishes a response, and/or hearing, it will notify the applicable parties accordingly.

45.     ***Motions for Temporary Restraining Orders***.    Parties seeking a temporary restraining order (a "TRO") must comply with the requirements of Federal Rule of Civil Procedure 65(b).  Any request for a TRO must be preceded by an email and a telephone call to chambers, advising chambers of the nature of the controversy, the need for emergency relief, why a noticed hearing for a preliminary injunction would be insufficient, when a hearing on the TRO application is needed, and when the motion papers will be forthcoming.  Except in those rare cases where advance notice of the TRO application would vitiate the purpose of a TRO (and where that can be established by affidavit), immediate telephonic notice of the application must be provided to all parties reasonably expected to be affected by entry of the TRO or provisions therein.  In addition, the motion papers on any TRO application must be hand delivered, emailed, or faxed to any such parties at the same time that the papers are provided to chambers.

46.     ***Automatic Extension of Certain Time Periods***.  If a Request for Relief to extend the time to take any action is filed prior to the expiration of the time period provided by the Bankruptcy Code (including any Request for Relief pursuant to section 1121 of the Bankruptcy Code), the Bankruptcy Rules, the Local Rules, or any order of the Court, the time to so take action shall be automatically extended until the Court considers and rules upon the Request for Relief.

**III.    Additional Case Management Procedures.**

47.     ***Adequate Notice***.    Notice and service accomplished in accordance with the provisions set forth in the Case Management Procedures shall be deemed adequate in all respects pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

48.     ***Computation of Time***.  Unless otherwise specified, all time periods referenced in the Case Management Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

49.     ***Effect of the Case Management Procedures***.  The Bankruptcy Rules and the Local Rules shall continue to apply to all proceedings in these chapter 11 cases, except to the extent that any provision of the Case Management Procedures by its terms supersedes or is inconsistent with such non-binding rules.   In the event of any inconsistency between the Case Management Procedures and the Bankruptcy Rules and the Local Rules, the Case Management Procedures will control.

50.     ***Promulgation of the Case Management Procedures***.  As soon as practicable after the entry of the proposed Order, a copy of the Case Management Procedures shall be served by the Debtors on each of the parties on the Master Service List.  In addition, shortly after the end of each calendar month, Stretto or counsel to the Debtors shall serve a copy of the Case Management Procedures upon any party filing a 2002 Notice Request within such calendar month.  To help ensure that all parties who may participate in these chapter 11 cases are aware of the terms of the Case Management Procedures, the Debtors will post the Case Management Procedures on the Case Website.