Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## DEBTORS' MOTION SEEKING ENTRY OF
## AN ORDER (I) AUTHORIZING THE DEBTORS
## TO FILE A CONSOLIDATED LIST OF CREDITORS
## IN LIEU OF SUBMITTING A SEPARATE MAILING
## MATRIX FOR EACH DEBTOR, (II) AUTHORIZING THE
## DEBTORS TO FILE A CONSOLIDATED LIST OF THE DEBTORS'
## FIFTY LARGEST UNSECURED CREDITORS, (III) AUTHORIZING
## THE DEBTORS TO REDACT CERTAIN PERSONALLY IDENTIFIABLE
## INFORMATION, (IV) APPROVING THE FORM AND MANNER OF NOTIFYING
## CREDITORS OF COMMENCEMENT, AND (V) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state the following in support of this motion (this "Motion"):

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (N/A); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

## Relief Requested

1.      The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order"):  (a) authorizing the Debtors to (i) prepare a consolidated list of creditors

in lieu of submitting a separate mailing matrix for each Debtor, (ii) file a consolidated list of the

Debtors' fifty largest unsecured creditors, and (iii) redact certain personally identifiable

information; (b) approving the form and manner of notifying creditors of the commencement of

these chapter 11 cases; and (c) granting related relief.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of New York

(the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Amended Standing Order of Reference from the United States District Court for the Southern*

*District of New York*, entered February 1, 2012.  The Debtors confirm their consent to the Court

entering a final order in connection with this Motion to the extent that it is later determined that

the Court, absent consent of the parties, cannot enter final orders or judgments in connection

herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a), 107(c), 342(a), and

521 of title 11 of the United States Code (the "Bankruptcy Code"), rules 1007, 2002, and 9013-1

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 1007-1, 5075-1,

and 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "Local

Rules").

## Jurisdiction and Venue

5.      On July 5, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for

relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Stephen Ehrlich, Chief Executive Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously with this Motion and incorporated by reference herein.[2]

6.      The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrent with the filing of this Motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

### Basis for Relief

**I.      Cause Exists to Authorize the Debtors to Prepare a List of Creditors in Lieu of Submitting a Formatted Mailing Matrix.**

7.      Section 521(a) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), and Local Rule 1007-1(a) require a debtor in a voluntary chapter 11 case to file a list containing the name and complete address of each creditor. In addition, Bankruptcy Rule 1007(d) requires a debtor to file a list containing the name, address, and claim of the creditors holding the twenty largest unsecured claims against the debtor.

8.      Permitting the Debtors to maintain a consolidated list of their creditors (the "Creditor Matrix") in electronic format only, in lieu of each Debtor filing a creditor matrix, is warranted under the circumstances of these cases. Because the Debtors have many thousands of

---

[2]      Capitalized terms not defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

creditors and other parties in interest, converting the Debtors' computerized information to a format compatible with the matrix requirements would be a burdensome task and would greatly increase the risk of error with respect to information already on computer systems maintained by the Debtors or their agents.

9.      The Debtors, working together with Stretto, Inc. ("Stretto") as their notice and claims agent in these chapter 11 cases (the "Proposed Claims and Noticing Agent"),[3] have already prepared a single, consolidated list of the Debtors' creditors in electronic format.  The Debtors are prepared to make the Creditor Matrix available in electronic form to any party in interest who so requests (or in non-electronic form at such requesting party's sole cost and expense) in lieu of submitting a mailing matrix to the clerk of this Court.

10.     The Debtors submit that the proposed maintenance of the Creditor Matrix with the Proposed Claims and Noticing Agent is consistent with applicable Local Rules.  Pursuant to Local Rule 5075-1, a debtor filing a petition with more than 250 creditors and equity interest holders, in the aggregate, as is the case here, is required to retain an approved claims and noticing agent pursuant to an order of this Court.

11.     Courts in this jurisdiction have approved relief similar to the relief requested herein with respect to preparation of a consolidated, electronic list of a debtor's creditors.  *See*, *e.g.*, *In re Revlon, Inc.*, No. 22-10760 (DJS) (Bankr. S.D.N.Y. June 17, 2022) (authorizing the debtors to prepare a list of creditors in lieu of submitting a formatted mailing matrix); *In re GTT Comm'ns, Inc.*, No. 21-11880 (MEW) (Bankr. S.D.N.Y. Nov. 4, 2021) (same); *In re Jason Industries, Inc.*,

---

[3]     The request to retain the Proposed Claims and Noticing Agent is made pursuant to section 156(c) of title 28 of the United States Code, which empowers the Court to use outside facilities or services pertaining to the provision of notice of administrative information to parties in interest so long as the costs of the services are paid for out of assets of the estate.  *See* 28 U.S.C. § 156(c); *see also Debtors' Application Seeking Entry of an Order (I) Authorizing and Approving the Appointment of Stretto, Inc. as Claims and Noticing Agent and (II) Granting Related Relief*, filed contemporaneously herewith.

No. 20-22766 (RDD) (Bankr. S.D.N.Y. July 27, 2020) (same); *In re Lakeland Tours, LLC*, No. 20-11647 (JLG) (Bankr. S.D.N.Y. July 27, 2020) (same); *In re Frontier Communications Corporation, Inc.*, No. 20-22476 (RDD) (Bankr. S.D.N.Y. May 26, 2020) (same); *In re Deluxe Media*, No. 19-23774 (RDD) (Bankr. S.D.N.Y. Oct. 9, 2019) (same); *In re Barneys New York, Inc.*, No. 19-36300 (CGM) (Bankr. S.D.N.Y. Nov. 4, 2019) (same).[4]

## II. Cause Exists to Authorize the Debtors to File a Single Consolidated List of the Debtors' Fifty Largest Unsecured Creditors.

12.     Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the name, address, and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." Because certain of the Debtors share many creditors and the Debtors operate as a single business enterprise, the Debtors request authority to file a single, consolidated list of their fifty largest general unsecured creditors.

13.     Compiling separate top twenty creditor lists for each individual Debtor would consume a substantial amount of the Debtors' time and resources. Further, the Debtors believe a single, consolidated list of the Debtors' fifty largest unsecured, non-insider creditors will aid the United States Trustee for the Southern District of New York (the "U.S. Trustee") in its efforts to communicate with these creditors. Filing a single consolidated list of the fifty largest unsecured creditors in these chapter 11 cases is appropriate for these reasons.

14.     Courts in this jurisdiction have approved relief similar to the relief requested herein with respect to filing a single consolidated list of the largest unsecured creditors of a debtor and its debtor affiliates. *See, e.g., In re Revlon, Inc.*, No. 22-10760 (DJS) (Bankr. S.D.N.Y. June 17, 2022) (authorizing the debtors to file a single list of their fifty largest unsecured creditors); *In re GTT*

---

[4]     Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these cited orders are available upon request to the Debtors' proposed counsel.

*Communications, Inc.*, No. 21-11880 (MEW) (Bankr. S.D.N.Y. Nov. 4, 2021) (authorizing the debtors to file a single list of their thirty largest unsecured creditors); *In re Jason Industries, Inc.*, No. 20-22766 (RDD) (Bankr. S.D.N.Y. July 27, 2020) (authorizing the debtors to file a single list of their thirty-five largest unsecured creditors); *In re Lakeland Tours, LLC*, No. 20-11647 (JLG) (Bankr. S.D.N.Y. July 27, 2020) (authorizing the debtors to file a single list of their fifty largest unsecured creditors); *In re Frontier Communications Corporation, Inc.*, No. 20-22476 (RDD) (Bankr. S.D.N.Y. May 26, 2020) (same); *In re Deluxe Media*, No. 19-23774 (RDD) (Bankr. S.D.N.Y. Oct. 9, 2019) (authorizing the debtors to file a single list of their thirty largest unsecured creditors); *In re Barneys New York, Inc.*, No. 19-36300 (CGM) (Bankr. S.D.N.Y. Nov. 4, 2019) (same).[5]

### III.    Cause Exists to Redact Certain Personal Identification Information for Individual Creditors.

15.    Section 107(c) of the Bankruptcy Code provides that the Court:

> for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) Any means of identification . . . contained in a paper filed, or to be filed in a case under [the Bankruptcy Code].
>
> (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1).

16.    In addition, privacy and data protection regulations have been enacted in key jurisdictions.  The United Kingdom Data Protection Act of 2018 and the United Kingdom General

---

[5]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these cited orders are available upon request to the Debtors' proposed counsel.

Data Protection Regulation (together, the "UK GDPR"), the European General Data Protection Regulation (the "EU GDPR"), and similar laws in other jurisdictions, impose significant constraints on the processing (which includes the transferring or disclosing of) information relating to identified or identifiable individuals (which includes names and home addresses of individuals and individual business contacts) ("Personal Data").  The UK GDPR and EU GDPR apply to the processing of Personal Data in the context of an establishment of a controller or processor in the United Kingdom, regardless of whether the processing takes place in the United Kingdom, or the European Economic Area, regardless of whether the processing takes place in the European Economic Area (and, in some circumstances, organizations established in other countries when processing Personal Data relating to individuals located in the United Kingdom or European Economic Area).

17.     The UK GDPR and EU GDPR require a legal basis for any processing (including disclosure) of Personal Data. The only possible legal basis that may apply for disclosing the Personal Data in this instance would be the "legitimate interests" ground (Article 6(1)(f) UK GDPR and EU GDPR).  This ground, however, will only apply where the processing is necessary for the relevant purpose.  Such processing will not be necessary where there is a less intrusive way of achieving that purpose.  This ground will also not apply if, when balanced against each other, the rights and freedoms of the relevant individuals override the legitimate interest in question.  The legal basis of "compliance with a legal obligation" (Article 6(1)(c) UK GDPR and EU GDPR) would not be applicable in this situation because the legal obligation must exist under UK or EU law, which is not the case in the context of this chapter 11 case.

18.     In addition, processing (including disclosure) under the UK GDPR and EU GDPR must comply with certain key principles, including the principle of data minimization, which

requires that any processing must be necessary in relation to its purpose. The disclosure of the unredacted names and home addresses (or other Personal Data) of individual creditors on the public docket is not necessary for the purpose of reviewing the claim amounts of individual creditors in connection with a plan of reorganization or administering the chapter 11 cases, and the proposed redaction would be a less intrusive way of achieving this purpose. The right of individual creditors not to have their unredacted names and home addresses disclosed on the public docket would also override the legitimate interest of disclosing such information to facilitate these chapter 11 cases. Disclosure in an unredacted form therefore risks breaching the UK GDPR and EU GDPR on account of (i) having no legal basis and (ii) breaching the minimization principle.

19.     Violators of the UK GDPR and EU GDPR risk severe penalties. If an organization is found to have processed information in breach of the UK GDPR, the organization may be fined up to the higher of £17,500,000 or 4% of worldwide annual turnover—i.e., total annual revenues—of the preceding financial year. *See* United Kingdom Data Protection Act 2018, section 157(5)(a) (as amended by Data Protection, Privacy and Electronic Communications (Amendments etc.) (EU Exit) Regulations 2019). Similarly, for a breach of the EU GDPR, the organization may be fined up to the higher of €20,000,000 or 4% of worldwide annual turnover—i.e., total annual revenues—of the preceding financial year. *See* General Data Protection Regulation (EU) 2016/679, art. 83(5). The processing of information includes transferring or disclosing it to others. The UK GDPR and EU GDPR may apply to the Debtors, specifically, as certain of the Debtors may be processing data relating to their individual creditors, including employees, contract

workers, and individual equity holders in the context of an establishment in the United Kingdom or in a member state of the European Economic Area.

20.    The Debtors respectfully submit that it is appropriate to authorize the Debtors to redact from any paper filed or to be filed with the Court in these chapter 11 cases, including the Creditor Matrix and Schedules and Statements,[6] (a) the home addresses of individual creditors—including the Debtors' employees and contract workers—and individual equity holders and (b) the names, addresses, and other Personal Data of any natural person to the extent they are processed subject to the UK GDPR or EU GDPR because, respectively, (x) such information can be used to perpetrate identity theft and phishing scams, or to locate survivors of domestic violence, harassment, or stalking under 11 U.S.C. § 107(c)(1) and (y) disclosure risks violating the UK GDPR and EU GDPR, exposing the Debtors to potential civil liability and significant financial penalties.    The risk in relation to 11 U.S.C. § 107(c)(1) is not merely speculative.    In at least one recent chapter 11 case, the abusive former partner of a debtor's employee used the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee at her new address that had not been publicly available until then, forcing the employee to change addresses again.[7]    This event suggests that disclosure of Personal Data would not satisfy a

---

[6]    "Schedules and Statements" has the meaning assigned to it in the *Debtors' Motion for Entry of an Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases, Statements of Financial Affairs, and Rule 2015.3 Financial Reports; (II) Waiving Requirements to File List of Equity Holders; and (III) Granting Related Relief,* filed contemporaneously herewith.

[7]    The incident, which took place during the first Charming Charlie chapter 11 proceedings in 2017, is described in the "creditor matrix motion" filed in *Charming Charlie Holdings Inc.*, Case No. 19-11534 (CSS) (Bankr. D. Del. Jul. 11, 2019), ECF No. 4.

legitimate interests assessment and would not be compliant with the minimization principle under the UK GDPR and EU GDPR.

21.    The Debtors propose to provide an unredacted version of the Creditor Matrix, Schedules and Statements, and any other applicable filings redacted pursuant to the proposed orders to (a) the Court, the U.S. Trustee, counsel to any official committee appointed in these chapter 11 cases, and (b) any party in interest upon a request to the Debtors (email is sufficient) or to the Court that is reasonably related to these chapter 11 cases.  In each case, this would be subject to a review of whether such disclosure, on a case-by-case basis, would violate any obligation under the UK GDPR, EU GDPR or any other privacy or data protection law or regulation.  In addition, the Debtors will distribute as applicable any notices that are received at the Debtors' corporate headquarters and are intended for a current employee.

22.    Courts in this jurisdiction have granted the relief requested herein in comparable chapter 11 cases.  *See, e.g.*, *In re Vewd Software USA, LLC*, No. 21-12065 (MEW) (Bankr. S.D.N.Y. Dec. 17, 2021) (authorizing the debtors to redact home addresses of individuals listed on the creditor matrix or other documents filed with the court and names and addresses of individuals protected by the GDPR); *In re GTT Commc'ns. Inc.,* No. 21-11880 (MEW) (Bankr. S.D.N.Y. Nov. 4, 2021) (authorizing the debtors to redact personally identifiable information, including home addresses and personal e-mail addresses, of individuals listed on the creditor matrix or other documents filed with the court and names and addresses of individuals protected by the GDPR); *In re Grupo Posadas S.A.B. de C.V.*, No. 21-11831 (SHL) (Bankr. S.D.N.Y. Oct. 27, 2021) (authorizing the debtors to redact personally identifiable information, including home addresses and personal e-mail addresses, of individuals listed on the creditor matrix or other documents filed with the court); *In re MatlinPatterson Glob. Opportunities Partners II L.P.*, No. 21-11255 (DSJ)

(Bankr. S.D.N.Y. July 9, 2021) (authorizing the debtors to redact personally identifiable information, including home addresses, of individual creditors listed on any document filed with the court and certain limited partners listed on the corporate ownership statement); *In re Automotores Gildemeister SpA*, No. 21-10685 (LGB) (Bankr. S.D.N.Y. Apr. 15, 2021) (authorizing the debtors to redact the home addresses of individuals listed on the consolidated creditors list or other documents filed with the court); *In re Garrett Motion Inc.*, No. 20-12212 (MEW) (Bankr. S.D.N.Y. Sept. 24, 2020) (authorizing the debtors to file under seal the portions of the creditor matrix containing the addresses of the debtors' current and former employees and individual contractors); *In re Centric Brands Inc.*, No. 20-22637 (SHL) (Bankr. S.D.N.Y. Sept. 23, 2020) (authorizing the debtors to redact the home addresses of current or former employees, certain customers, and other parties in interest listed on the creditor matrix or similar documents filed with the court); *In re Jason Indus., Inc.*, No. 20-22766 (RDD) (Bankr. S.D.N.Y. July 27, 2020) (authorizing the debtors to redact home addresses of individuals listed on the creditor matrix or other documents filed with the court and names and addresses of individuals protected by the GDPR); *In re Lakeland Tours, LLC*, No. 20-11647 (JLG) (Bankr. S.D.N.Y. July 22, 2020) (same); *In re Frontier Commc'ns. Corp.*, No. 20-22476 (RDD) (Bankr. S.D.N.Y. May 26, 2020) (authorizing the debtors to redact home addresses of individuals listed on the creditor matrix, schedules and statements, or other documents filed with the court); *In re The McClatchy Co.*, No. 20-10418 (MEW) (Bankr. S.D.N.Y. Feb. 14, 2020) (authorizing the debtors to use corporate addresses for, or redact address information of, individual creditors on the creditor matrix); *In re Fairway Grp. Holdings Corp.*, No. 20-10161 (JLG) (Bankr. S.D.N.Y. Feb. 3, 2020) (authorizing the debtors to redact address information of individual creditors and interest holders listed on the creditor matrix and lists of equity holders); *Aegean Marine Petroleum Network Inc.*, No. 18-13374

(MEW) (Bankr. S.D.N.Y. Jan. 22, 2020) (authorizing the debtors to redact personal information from public versions of the statements and schedules); *In re Barneys New York, Inc.*, No. 19-36300 (CGM) (Bankr. S.D.N.Y. Nov. 4, 2019) (authorizing the debtors to redact personally identifiable information, including home address information, of their employees on the creditor matrix, schedules and statements, or similar documents filed with the court).[8]

23.     Courts in this and other districts have also expounded on the importance of authorizing debtors to redact employees' and other individual creditors' personally identifiable information.  In *In re Windstream*, Judge Drain noted that the consequences of releasing private information could be "very serious," and "[o]nce [private information is] out there, it's out there." *In re Windstream Holdings, Inc.*, No. 19-22312 (RDD) (Bankr. S.D.N.Y. Feb. 26, 2019), Hr'g Tr. at 88:6-12, 89:5-8.  In *Forever 21*, in overruling the objection of the United States Trustee for the District of Delaware to the same redaction relief proposed here, Judge Gross noted that "[w]e live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses withheld."  *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019), Hr'g Tr. at 60:22–25.  Judge Gross further found that it was not necessary to the effective administration of the debtors' bankruptcy estates to disclose the personally identifiable information of the debtors' stakeholders who are European Economic Area citizens, which created risk that debtors could be fined under the UK or EU GDPR for unnecessary disclosures of personal information.

> But I'll say the GDPR contains a necessity test in its guidelines.  Is disclosure necessary for the legal proceedings at hand?  Clearly, disclosing home addresses is not necessary for the conduct of the bankruptcy case and the absence of the address does not prejudice

---

[8]     Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these cited orders are available upon request to the Debtors' proposed counsel.

anyone; indeed, there's been no objection from any creditor in this
case.

*Id.*, Hr'g Tr. at 62:16–22.

24.     For these reasons, the Debtors respectfully submit that cause exists to authorize the
Debtors to redact, pursuant to 11 U.S.C. § 107(c)(1) and in compliance with the UK GDPR and
EU GDPR, the home addresses of individuals (and, where such information has been provided to,
and is being processed by, an organization with an establishment located in the United Kingdom
or a member state of the European Economic Area, the names, home addresses, and other Personal
Data of any individual) listed on the Creditor Matrix, Schedules and Statements, or any other
document filed with the Court.  Absent such relief, the Debtors (a) may be in violation of
applicable data privacy law, thereby exposing them to severe monetary penalties that could
threaten the Debtors' operations during this sensitive stage of their restructuring, (b) would
unnecessarily render individuals more susceptible to identity theft, and (c) could jeopardize the
safety of employees, contract workers, and other individual creditors or individual equity holders
who, unbeknownst to the Debtors, are survivors of domestic violence, harassment, or stalking by
publishing their home addresses without any advance notice or opportunity to opt out or take
protective measures.

## IV.    The Court Should Authorize Stretto to Mail Required Notices to Creditors.

25.     Bankruptcy Rule 2002(a)(1) provides that the clerk (or other person directed by the
Court) must give the debtor, the U.S. Trustee, all creditors, and any indenture trustee at least
twenty-one days' notice by mail of the meeting of creditors under section 341 of the Bankruptcy
Code.  Bankruptcy Rule 2002(f)(1) further provides that notice of "the order for relief" shall be
sent by mail to all creditors.

26.     The Debtors propose that Stretto undertake all mailings directed by the Court or the U.S. Trustee, or as required by section 342(a) of the Bankruptcy Code and Bankruptcy Rules 2002 (a) and (f), including the notice of commencement of these chapter 11 cases, substantially in the form attached as <u>Exhibit 1</u> to **<u>Exhibit A</u>** attached hereto.  The Debtors believe that using Stretto to promptly provide notices to all applicable parties will maximize efficiency in administering these chapter 11 cases and will ease administrative burdens that would otherwise fall upon the Court and the U.S. Trustee.  Additionally, Stretto will assist the Debtors in preparing creditor lists and mailing initial notices, and therefore there are efficiencies in authorizing Stretto to mail the notice of commencement of these chapter 11 cases.  Accordingly, the Debtors respectfully submit that Stretto should undertake such mailings.

### Motion Practice

27.     This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

### Notice

28.     The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable:  (a) the U.S. Trustee; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) the lender under the Debtors' prepetition loan facility; (d) the United States Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service; (f) the Toronto Stock Exchange; (g) the attorneys general in the states where the Debtors conduct their business operations; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

14

### **No Prior Request**

29.     No prior request for the relief sought in this Motion has been made to this or any

other court.


*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated:  July 6, 2022
New York, New York

/s/ Joshua A. Sussberg

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        jsussberg@kirkland.com
              cmarcus@kirkland.com
              christine.okike@kirkland.com
              allyson.smith@kirkland.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**ORDER (I) AUTHORIZING THE**
**DEBTORS TO FILE A CONSOLIDATED LIST OF**
**CREDITORS IN LIEU OF SUBMITTING A SEPARATE**
**MAILING MATRIX FOR EACH DEBTOR, (II) AUTHORIZING**
**THE DEBTORS TO FILE A CONSOLIDATED LIST OF THE DEBTORS'**
**FIFTY LARGEST UNSECURED CREDITORS, (III) AUTHORIZING**
**THE DEBTORS TO REDACT CERTAIN PERSONALLY IDENTIFIABLE**
**INFORMATION, (IV) APPROVING THE FORM AND MANNER OF NOTIFYING**
**CREDITORS OF COMMENCEMENT OF THESE CHAPTER 11 CASES, AND**
**(V) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing the Debtors to (i) prepare a consolidated list of creditors in lieu of submitting a separate mailing matrix for each Debtor, (ii) file a consolidated list of the Debtors' fifty largest unsecured creditors, and (iii) redact certain personally identifiable information; (b) approving the form and manner of notifying creditors of the commencement of these chapter 11 cases; and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*,

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (N/A); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]   Capitalized terms used but not defined herein have the meanings given to such terms in the Motion.

entered February 1, 2012; and that this Court having the power to enter a final order consistent

with Article III of the United States Constitution; and this Court having found that venue of this

proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

this Court having found that the relief requested in the Motion is in the best interests of the Debtors'

estates, their creditors, and other parties in interest; and this Court having found that the Debtors'

notice of the Motion and opportunity for a hearing on the Motion were appropriate under the

circumstances and no other notice need be provided; and this Court having reviewed the Motion

and having heard the statements in support of the relief requested therein at a hearing before this

Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth

in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of

the proceedings had before this Court; and after due deliberation and sufficient cause appearing

therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      As soon as practicable after entry of an order authorizing the engagement of the

Proposed Claims and Noticing Agent in these chapter 11 cases, the Debtors shall furnish to the

Proposed Claims and Noticing Agent a consolidated creditor list.

3.      In lieu of submitting a formatted mailing matrix, the Debtors, with the assistance

of the Proposed Claims and Noticing Agent (upon the Court's approval of the Debtors' retention

of the Proposed Claims and Noticing Agent), shall make available a single, consolidated list of all

of the Debtors' creditors in electronic form to any entity who so requests and in non-electronic

form at such requesting entity's sole cost and expense.

4.      The notice of commencement of these chapter 11 cases, substantially in the form

attached to this Order as **Exhibit 1**, is hereby approved.

2

5.      The Debtors are authorized to file a consolidated list of the fifty largest unsecured creditors in these chapter 11 cases in lieu of each Debtor filing a list of its twenty largest unsecured creditors.

6.      The Debtors are authorized to redact on the Creditor Matrix, Schedules and Statements, or other document filed with the Court (a) the home addresses of individuals and (b) the names, addresses, and other Personal Data of any natural person whose personally identifiable information has been provided to an organization with an establishment in the United Kingdom or a European Economic Area member state.  The Debtors shall provide an unredacted version of the Creditor Matrix, Schedules and Statements, and any other filings redacted pursuant to this Order to (x) the Court, the U.S. Trustee, and counsel to any official committee appointed in these chapter 11 cases, and (y) to any party in interest upon a request to the Debtors (email is sufficient) or to the Court that is reasonably related to these chapter 11 cases; *provided* that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request.  The Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Order.

7.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE [●]
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 1</u>**

**Notice of Commencement**

| **Information to identify the case:** |

Debtor: <u>Voyager Digital Holdings, Inc.</u>[1]
            Name

EIN    <u>8 2 – 3 9 9 7 6 8 7</u>

United States Bankruptcy Court for the: <u>Southern</u> District of <u>New York</u>
                                                                                (State)

Date case filed for chapter 11:   <u>July 05, 2022</u>
                                                                      MM / DD / YYYY

Case Number:    <u>22-10943 ([●])</u>

---

## Official Form 309F1 (For Corporations or Partnerships)
# Notice of Chapter 11 Bankruptcy Case                                                    **10/20**

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors and debtors, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

1.        **Debtors' full name:  See chart below.**

          **List of Jointly Administered Cases**

| No. | Debtor | Former Name | Address | Case No. | EIN # |
|-----|--------|-------------|---------|----------|-------|
| 1 | **Voyager Digital Holdings, Inc.** | **N/A** | **33 Irving Place, 3rd Floor New York, NY 10003** | **22-10943 ([●])** | **82-3997687** |
| 2 | **Voyager Digital Ltd.** | **Voyager Digital (Canada) Ltd.** | **333 Bay Street Suite 2400 Toronto, Ontario M5H 2R2** | **22-10944 ([●])** | **N/A** |
| 3 | **Voyager Digital, LLC** | **N/A** | **78 SW 7th Street, 8th Floor Miami, FL 33130** | **22-10945 ([●])** | **82-4138013** |

---

[1]      The Debtors have requested joint administration of these chapter 11 cases. The location of the Debtors' service address for purposes of these chapter 11 cases is:  33 Irving Place, 3rd Floor New York, NY 10003.

**For more information, see page 2 ▶**

| Debtor | Voyager Digital Holdings, Inc. | Case number (*if known*) 22-10943 (•) |
|---|---|---|
| | Name | |

| 2. | **All other names used in the last 8 years** | See chart above |
|---|---|---|

| 3. | **Address** | See chart above |
|---|---|---|

| 4. | **Debtor's attorney**<br>Name and address | Joshua A. Sussberg, P.C.<br>Christopher Marcus, P.C.<br>Christine A. Okike, P.C.<br>Allyson B. Smith<br>Kirkland & Ellis LLP<br>Kirkland & Ellis International LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:  (212) 446-4800<br>Facsimile:    (212) 446-4900 | |
|---|---|---|

| 5. | **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. | U.S. Bankruptcy Court<br>Southern District of New York<br>One Bowling Green<br>New York, NY 10004<br><br>All documents in this case are available free of charge on the website of the Debtors' notice and claims agent at https://cases.stretto.com/Voyager | Hours open<br>8:30 a.m. to 5:00  p.m. (prevailing Eastern Time)[2]<br><br>Contact phone:<br>(212) 668-2870 |
|---|---|---|---|

| 6. | **Meeting of creditors**<br>The debtor's representative must attend the meeting to be questioned under oath. Creditors may attend, but are not required to do so. | Time and Date to be Determined<br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location to be Determined |
|---|---|---|---|

| 7. | **Proof of claim deadline** | **Deadline for filing proof of claim:** | **Not yet set. If a deadline is set court will send you another notice.** |
|---|---|---|---|

A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.

Your claim will be allowed in the amount scheduled unless:

☒ your claim is designated as *disputed*, *contingent*, or *unliquidated*;
☒ you file a proof of claim in a different amount; or
☒ you receive another notice.

If your claim is not scheduled or if your claim is designated as *disputed*, *contingent*, or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.

You may review the schedules at the bankruptcy clerk's office or online at https://pacer.uscourts.gov.

Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial.

---

[2]    Please reference the Court's website for operating procedures in response to the COVID-19 pandemic:  http://www.nysb.uscourts.gov/general-orders-and-guidance-created-covid-19.

Debtor   Voyager Digital Holdings, Inc._____   Case number (*if known*)_22-10943 ([●])
         Name

| 8. | Exception to discharge deadline<br>The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. | If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below.<br><br>**Deadline for filing the complaint:**       **Not yet set. If a deadline is set court will send you another notice.** |
|---|---|---|
| 9. | **Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| 10. | **Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. |
| 11. | **Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. |