**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | )   Chapter 11 |
| | ) |
| VOYAGER DIGITAL HOLDINGS, INC., | )   Case No. 22-10943 (MEW) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 82-3997687 | ) |
| | ) |
| In re: | )   Chapter 11 |
| | ) |
| VOYAGER DIGITAL LTD., | )   Case No. 22-10944 (MEW) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. N/A | ) |
| | ) |
| In re: | )   Chapter 11 |
| | ) |
| VOYAGER DIGITAL, LLC | )   Case No. 22-10945 (MEW) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 82-4138013 | ) |

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF THE
CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of an order (this "Order"), (a) directing the joint

administration of the Debtors' chapter 11 cases for procedural purposes only, and (b) granting

related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and

this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Amended Standing Order of Reference from the United States District Court for the Southern*

---

[1]   Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

*District of New York*, entered February 1, 2012; and that this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.    The Motion is granted as set forth herein.

2.    The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 22-10943 (MEW).

3.    The caption of the jointly administered cases should read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC. *et al,*[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (N/A); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

4.      The foregoing caption satisfies the requirements set forth in section 342(c)(1) of

the Bankruptcy Code.

5.      A docket entry, substantially similar to the following, shall be entered on the docket

of each of the Debtors, other than Voyager Digital Holdings, Inc., to reflect the joint administration

of these chapter 11 cases:

> An order has been entered in accordance with rule 1015(b) of the
> Federal Rules of Bankruptcy Procedure directing the joint
> administration of the chapter 11 cases of:  Voyager Digital
> Holdings, Inc., No. 22-10943 (MEW); Voyager Digital Ltd.,
> No. 22-10944 (MEW); Voyager Digital, LLC, No. 22-10945
> (MEW).  **All further pleadings and other papers shall be filed in
> and all further docket entries shall be made in
> Case No. 22-10943 (MEW).**

6.      The Debtors shall maintain, and the Clerk of the Court shall keep, with the

assistance of the notice and claims agent retained by the Debtors in these chapter 11 cases, one

consolidated docket, one file, and one consolidated service list.

7.      The Debtors shall file the monthly operating reports required by the *Operating

Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, issued by the

U.S. Trustee, in accordance with the applicable Instructions for UST Form 11-MOR: Monthly

Operating Report and Supporting Documentation.

8.      Nothing contained in the Motion or this Order shall be deemed or construed as

directing or otherwise effecting a substantive consolidation of these chapter 11 cases, and this

Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively

consolidating their respective cases.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief

granted in this Order in accordance with the Motion.

3

10.     Notice of the Motion as provided therein shall be deemed good and sufficient notice

of such motion, and the requirements of the Bankruptcy Code, Bankruptcy Rules, and Local Rules

of this Court are satisfied by such notice.

11.     This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: July 6, 2022

                                                    **s/Michael E. Wiles**
                                                    THE HONORABLE MICHAEL E. WILES
                                                    UNITED STATES BANKRUPTCY JUDGE