Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | Case No. 22-10943 (MEW) |
| Debtors. | (Jointly Administered) |

## DEBTORS' MOTION FOR ENTRY OF INTERIM
## AND FINAL ORDERS (I) AUTHORIZING THE PAYMENT
## OF CERTAIN TAXES AND FEES AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state the following in support of this motion (this "Motion"):

### Relief Requested

1.    The Debtors seek entry of interim and final orders, substantially in the forms

attached hereto as **Exhibit A** and **Exhibit B** (respectively, the "Interim Order" and "Final

Order"): (a) authorizing the Debtors, in their sole discretion, to remit and pay (or use applicable

credits to offset) Taxes and Fees (as defined below); and (b) granting related relief. In addition,

the Debtors request that the Court schedule a final hearing 21 days after the commencement of

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (N/A); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

these chapter 11 cases, or as soon thereafter as is convenient for the Court, to consider approval of this Motion on a final basis.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012.  The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a), 363(b), 507(a)(8), and 541 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## Background

5.      On July 5, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Stephen Ehrlich, Chief Executive Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 15] (the "First Day Declaration"), incorporated by reference herein.[2]

---

[2]    Capitalized terms not defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

6.      The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 18].  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

### Taxes and Fees

7.      In the ordinary course of their business, the Debtors collect, withhold, incur, and/or pay sales, use, franchise, and income taxes as well as other governmental taxes, fees, and assessments (collectively, the "Taxes and Fees").[3]  The Debtors pay or remit, as applicable, the Taxes and Fees to various federal, state, and local governments, including taxing and licensing authorities, identified in a schedule attached hereto as **Exhibit C** (each an "Authority," and collectively, the "Authorities").[4]  In the ordinary course, the Debtors pay Taxes and Fees on behalf of the Debtors and certain of their non-Debtor affiliates through the Debtors' bank accounts.[5]  The Debtors remit and pay the Taxes and Fees through checks and electronic transfers that are processed through their banks and other financial institutions or tax service providers.  From time

---

[3]    By this Motion, the Debtors do not seek the authority to collect and remit state and federal employee-related taxes and withholdings.  Such relief is instead requested in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs and (II) Granting Related Relief,* filed contemporaneously herewith.

[4]    Although **Exhibit C** is intended to be comprehensive, the Debtors may have inadvertently omitted Authorities from **Exhibit C**.  By this Motion, the Debtors request relief with respect to Taxes and Fees payable to all Authorities, regardless of whether such Authority is specifically identified on **Exhibit C**.

[5]    The Debtors' bank accounts and cash management system is described in detail in the the *Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief.*

to time, the Debtors may also receive tax credits for overpayments or refunds in respect of Taxes or Fees. The Debtors generally use these credits in the ordinary course of business to offset against future Taxes and Fees, or have the amount of such credits refunded to the Debtors.

8.    The Debtors pay the Taxes and Fees to the Authorities on a periodic basis, typically remitting them monthly, quarterly, and annually depending on the nature and incurrence of a particular Tax or Fee. Although the Debtors believe that they are current with respect to their payment of Taxes and Fees, the Debtors seek authority pursuant to this Motion to make such payments where: (a) Taxes and Fees accrue or are incurred postpetition; (b) Taxes and Fees have accrued or were incurred prepetition but were not paid prepetition, or were paid in an amount less than actually owed; (c) payments made prepetition by the Debtors were lost or otherwise not received in full by any of the Authorities; and (d) Taxes and Fees incurred for prepetition periods become due and payable after the commencement of these chapter 11 cases. In addition, for the avoidance of doubt, the Debtors seek authority to pay Taxes and Fees for so-called "straddle" periods.[6]

9.    Due to the nature of the Debtors' business, the Debtors have widespread taxing and licensing obligations across various states, as discussed below. In order to streamline the payment process, the Debtors utilize a third-party service provider, Corporate Service Company ("CSC"), for their Business Licensing Fees and State Registrations (each as defined herein). CSC is a software program which tracks and pays the Debtors' tax and licenses obligations and then passes

---

[6]    The Debtors reserve their rights with respect to the proper characterization of any "straddle" Taxes and Fees and to seek reimbursement of any portion of any payment made that ultimately is not entitled to administrative priority treatment.

through an invoice to the Debtors on a monthly basis. The Debtors seek authority to pay the Taxes and Fees to CSC in the ordinary course of business as those amounts become due.[7]

### A.    Income Taxes.

10.    The Debtors incur and are required to pay various state, local, and federal income taxes (collectively, the "Income Taxes") in the jurisdictions where the Debtors operate. The Debtors generally remit Income Taxes on an annual basis. In the twelve-month period ending June 2022, the Debtors paid approximately $13.7 million in aggregate Income Taxes to the Authorities. Due to a net operating loss carryforward, the Debtors do not have any federal or combined state income tax payments accrued that will become due in the first 21 days following the Petition Date.

11.    The Debtors request authority to satisfy any amounts owed on account of such Income Taxes that may become due and owing in the ordinary course of business during their chapter 11 cases.

### B.    Business Licensing Fees.

12.    In the ordinary course of business, the Debtors incur fees in connection with business licensing in various jurisdictions and to various Authorities (collectively, the "Business Licensing Fees"). Federal law classifies certain businesses that transmit or convert money, such as the Debtors' business, as "money transmitting businesses" ("MTBs"). MTBs are required to register with certain federal and state agencies and typically must obtain appropriate business licenses in each state to or from which money is transferred in order to operate their business in that state (the "Money Transmitter Licenses").

---

[7]    For the avoidance of doubt, the Debtors are not seeking to pay through this Motion any administrative fees for the services that CSC provides.

13.     The Debtors' Business Licensing Fees cover the costs of obtaining the Money Transmitter Licenses, which are indispensable to the Debtors' viability to operate.  Further, in order to be eligible to obtain a Money Transmitter License in the states in which the Debtors operate, the Debtors must be in good standing in those states through state registrations and related fees (the "State Registrations").  The Debtors incur certain fees in connection with renewing and otherwise maintaining good standing.

14.     The Debtors typically remit the Business Licensing Fees to the relevant Authorities on a monthly basis.  In the twelve-month period ended June 30, 2022, the Debtors paid approximately $28,932.43 on account of Business Licensing Fees and State Registrations.

15.     The Debtors request authority to pay any Business Licensing Fees and related fees, including those that may be billed through CSC, that have accrued before the Petition Date, and to continue paying those fees on a postpetition basis in the ordinary course of business.

16.     The Debtors estimate that approximately $3,000 in aggregate Taxes and Fees relating to the prepetition period will become due and owing to the Authorities after the Petition Date, approximately $350 of that on account of non-Debtor affiliates, all of which is expected to become due and payable in the first 21 days following the Petition Date.

17.     Additionally, the Debtors may become subject to routine audit investigations on account of tax returns and/or tax obligations in respect of prior years ("Audits") during these chapter 11 cases.  Audits may result in additional prepetition Taxes and Fees being assessed against the Debtors (such additional Taxes and Fees, the "Assessments").  The Debtors may also be subject to additional Audits in the future, which could result in additional Assessments on account of

prepetition Taxes and Fees.  Thus, out of an abundance of caution, the Debtors request authority

to pay all Assessments, as applicable, as they come due in the ordinary course of business.[8]

18.    Failure by the Debtors to pay the Taxes and Fees when due could materially disrupt

the Debtors' business operations in several ways, including (but not limited to):  (a) the Authorities

may initiate audits of the Debtors, which would unnecessarily divert the Debtors' attention from

these chapter 11 cases; (b) the Authorities may attempt to suspend the Debtors' operations, file

liens, seek to lift the automatic stay, and/or pursue other remedies that will harm the estates; and

(c) in certain instances, the Debtors' directors and officers could be subject to claims of personal

liability, which would likely distract those key individuals from their duties related to the Debtors'

restructuring.  Taxes and Fees not paid on the due date as required by law may result in fines and

penalties, the accrual of interest, or both.  The Debtors also collect and hold certain outstanding

tax liabilities in trust for the benefit of the applicable Authorities, and these funds may not

constitute property of the Debtors' estates.  Accordingly, the Debtors seek authority to pay, in their

reasonable discretion, the Taxes and Fees in the ordinary course as they become due.

## **Basis for Relief**

**I.    Certain of the Taxes and Fees May Not Be Property of the Debtors' Estates.**

19.    Section 541(d) of the Bankruptcy Code provides, in relevant part, that "[p]roperty

in which the debtor holds, as of the commencement of the case, only legal title and not an equitable

interest . . . becomes property of the estate under subsection (a)(1) or (2) of this section only to the

extent of the debtors' legal title to such property, but not to the extent of any equitable interest in

such property that the debtor does not hold."  Certain of the Taxes and Fees are collected or

---

[8]    Nothing in this Motion or any related order constitutes or should be construed as an admission of liability by the Debtors with respect to any Audit or Assessment. The Debtors expressly reserve all rights with respect to any Audit.  Furthermore, the Debtors reserve the right to contest any Assessment, if any, claimed to be due as a result of the Audits.

withheld by the Debtors on behalf of the applicable Authorities and are held in trust by the Debtors. *See, e.g.*, 26 U.S.C. § 7501 (stating that certain Taxes and Fees are held in trust); *Begier v. Internal Revenue Serv.*, 496 U.S. 53, 57–60 (1990) (holding that certain taxes are property held by the debtor in trust for another and, as such, do not constitute property of the estate); *In re Shank*, 792 F.2d 829, 833 (9th Cir. 1986) (holding that a sales tax required by state law to be collected by sellers from their customers is a "trust fund" tax and not released by bankruptcy discharge).  For example, all U.S. federal internal revenue tax withheld is considered to be held in a special fund in trust for the United States.  *Begier*, 496 U.S. at 60.  Because the Debtors may not have an equitable interest in funds held on account of such "trust fund" Taxes and Fees, the Debtors should be permitted to pay those funds to the applicable Authorities as they become due.[9]

## II.    Certain of the Taxes and Fees May Be Secured or Priority Claims Entitled to Special Treatment under the Bankruptcy Code.

20.    Claims for certain of the Taxes and Fees are, or may be, priority claims entitled to payment before general unsecured claims.  *See* 11 U.S.C. § 507(a)(8) (describing taxes entitled to priority treatment).  Moreover, to the extent that such amounts are entitled to priority treatment under the Bankruptcy Code, the respective Authorities may attempt to assess interest and penalties if such amounts are not paid.  *See* 11 U.S.C. § 507(a)(8)(G) (granting eighth priority status to "a penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss").  Claims entitled to priority status pursuant to section 507(a)(8) of the Bankruptcy Code must be paid in full under a confirmable plan pursuant to section 1129(a)(9)(C) of the Bankruptcy Code.  Therefore, payment of certain of the Taxes and Fees at this time only affects the timing of the payment for the amounts at issue and will not unduly prejudice the rights and

---

[9]    For clarity, the Debtors are requesting authority to pay the Taxes and Fees as provided herein regardless of whether such Taxes and Fees constitute trust fund obligations.

recoveries of junior creditors.  Payment of such Taxes and Fees likely will give Authorities no more than that to which they otherwise would be entitled under a chapter 11 plan and will save the Debtors the potential interest expense, legal expense, and penalties that might otherwise accrue on the Taxes and Fees during these chapter 11 cases.

**III.    Payment of the Taxes and Fees as Provided Herein Is a Sound Exercise of the Debtors' Business Judgment.**

21.    Courts in this jurisdiction and others generally acknowledge that it is appropriate to authorize the payment of prepetition obligations where necessary to protect and preserve the estate, including an operating business's going-concern value.  *See, e.g., In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (granting authority to pay prepetition wages); *Armstrong World Indus., Inc. v. James A. Phillips, Inc. (In re James A. Phillips, Inc.)*, 29 B.R. 391, 398 (S.D.N.Y. 1983) (granting authority to pay prepetition claims of suppliers); *see also In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002).   In doing so, these courts acknowledge that several legal theories rooted in sections 105(a) and 363(b) of the Bankruptcy Code support the payment of prepetition claims as provided herein.

22.    Pursuant to section 363(b) of the Bankruptcy Code, courts may authorize payment of prepetition obligations where a sound business purpose exists for doing so.  *See In re Ionosphere Clubs*, 98 B.R. at 175 (noting that section 363(b) provides "broad flexibility" to authorize a debtor to honor prepetition claims where supported by an appropriate business justification); *see also James A. Phillips, Inc.*, 29 B.R. at 397 (relying upon section 363 as a basis to allow a contractor to pay the prepetition claims of suppliers who were potential lien claimants).  Indeed, courts have recognized that there are instances when a debtor's fiduciary duty can "only be fulfilled by the pre-plan satisfaction of a prepetition claim."  *In re CoServ*, 273 B.R. at 497.

23.     In addition, courts may authorize payment of prepetition claims in appropriate circumstances based on section 105(a) of the Bankruptcy Code, which codifies the Court's inherent equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *See* 11 U.S.C. § 105(a).   Under section 105(a) of the Bankruptcy Code, courts may authorize pre-plan payments of prepetition obligations when essential to the continued operation of a debtor's business.   *See In re C.A.F. Bindery, Inc.*, 199 B.R. 828, 835 (Bankr. S.D.N.Y. 1996); *see also In re Fin. News Network Inc.*, 134 B.R. 732, 735–36 (Bankr. S.D.N.Y. 1991) (holding that the "doctrine of necessity" stands for the principle that a bankruptcy court may allow pre-plan payments of prepetition obligations where such payments are critical to the debtor's reorganization).   Specifically, the Court may use its power under section 105(a) of the Bankruptcy Code to authorize payment of prepetition obligations pursuant to the "necessity of payment" rule (also referred to as the "doctrine of necessity").   *In re Ionosphere Clubs*, 98 B.R. at 176.

24.     Several courts apply the doctrine of necessity where payment of a prepetition claim (a) is "necessary for the successful reorganization of the debtor," (b) falls within "the sound business judgment of the debtor," and (c) will not "prejudice other unsecured creditors." *In re United Am. Inc.*, 327 B.R. 776, 782 (Bankr. E.D. Va. 2005); *see also In re Ionosphere Clubs*, 98 B.R. at 176.   A bankruptcy court's use of its equitable powers to "authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept."   *See, e.g.*, *In re Ionosphere Clubs*, 98 B.R. at 175.   That is because the rehabilitation of a debtor in reorganization cases remains "the paramount policy and goal of Chapter 11."   *Id.* at 175-76; *see also In re Just for Feet*, 242 B.R. 821, 826 (D. Del 1999) (finding

that payment of prepetition claims to certain trade vendors was "essential to the survival of the debtor during the chapter 11 reorganization").

25.      Implicit in the fiduciary duties of any debtor in possession is the obligation to "protect and preserve the estate, including an operating business's going concern value." *See also In re CoServ*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002).   Some courts note that there are instances in which a debtor can fulfill this fiduciary duty "only . . . by the preplan satisfaction of a prepetition claim."   *Id.*   The court in *CoServ* specifically noted the preplan satisfaction of prepetition claims would be a valid exercise of the debtor's fiduciary duty when the payment "is the only means to effect a substantial enhancement of the estate . . . ."  *Id.*  Consistent with a debtor's fiduciary duties, courts have also authorized payment of prepetition obligations under section 363(b) of the Bankruptcy Code where a sound business purpose exists for doing so. *See, e.g.*, *In re Ionosphere Clubs*, 98 B.R. at 175.

26.      These standards are clearly satisfied here.  The Debtors' ability to pay the Taxes and Fees is critical to the efficient and value-maximizing administration of the Debtors' estates. If certain Taxes and Fees remain unpaid, certain Governmental Authorities may seek to impose penalties on the Debtors' directors, officers, and/or employees, thereby distracting them from the administration of the Debtors' chapter 11 cases.  *See, e.g.*, N.Y. Tax Law § 1133 ("[E]very person required to collect any tax imposed by this article shall be personally liable for the tax imposed, collected or required to be collected under this article."); *Schmehl v. Helton*, 662 S.E.2d 697, 707 (W. Va. 2008) (noting that corporate officers may be held responsible for payment of certain corporate taxes); *see also In re Am. Motor Club, Inc.*, 139 B.R. 578, 581–83 (Bankr. E.D.N.Y. 1992) (stating "[i]f the employer fails to pay over the trust fund taxes, the IRS may collect an equivalent amount directly from officers or employees of the employer who are responsible for

collecting the tax" and finding a director personally liable for unpaid taxes) (citing *United States v. Energy Res. Co.*, 495 U.S. 545, 547 (1990)).  Any collection action on account of such penalties, and any ensuing liability, would distract the Debtors and their personnel to the detriment of all parties in interest.  The dedicated and active participation of the Debtors' officers and employees is essential to the orderly administration of these chapter 11 cases and maximizing the value of the Debtors' estates for the benefit of their stakeholders.

27.    Furthermore, the Debtors' obligations to pay the Taxes and Fees may ultimately result in increased tax liability for the Debtors if interest and penalties accrue on the tax claims. As priority claims, pursuant to section 507(a)(8)(C) of the Bankruptcy Code, the Debtors must pay these obligations in full in cash before any general unsecured obligations may be satisfied.  Thus, the Debtors' failure to pay the prepetition Taxes and Fees as they come due may ultimately increase the amount of priority claims held by the Governmental Authorities against the Debtors' estates, to the detriment of the Debtors' general unsecured creditors and other stakeholders.  *See* 11 U.S.C. § 507(a)(8)(C), (G).  Accordingly, the Court should grant the Debtors' authority to pay, in their sole discretion, the prepetition Taxes and Fees as provided herein.

28.    Courts in this jurisdiction have often authorized payment of prepetition taxes under section 363(b) of the Bankruptcy Code.  *See, e.g.*, *In re GTT Comm., Inc.*, No. 21-11880 (MEW) (Bankr. S.D.N.Y. Nov. 30, 2021) (authorizing the debtors to pay certain taxes and fees); *In re Grupo Posadas S.A.B. de C.V.*, No. 21-11831 (SHL) (Bankr. S.D.N.Y. Nov. 17, 2021) (same); *In re Lakeland Tours, LLC*, No. 20-11647 (JLG) (Bankr. S.D.N.Y. Aug. 13, 2020) (same); *In re Jason Industries, Inc.*, No. 20-22766 (Bankr. S.D.N.Y. July 27, 2020) (same); *In re Frontier Comm. Corp.*, No. 20-22476 (RDD) (Bankr. S.D.N.Y. May 26, 2020) (same).[10]

---

10    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion.

### Processing of Checks and Electronic Fund Transfers Should Be Authorized

29.     The Debtors have sufficient funds to pay the amounts described in this Motion in the ordinary course of business.  In addition, under the Debtors' existing cash management system, which is described in further detail in a separate motion, the Debtors can readily identify checks or wire transfer requests as relating to an authorized payment in respect of the Taxes and Fees.  Accordingly, the Debtors believe that checks or wire transfer requests that are not related to authorized payments will not be honored inadvertently.  Therefore, the Debtors respectfully request that the Court authorize and direct all applicable financial institutions, when requested by the Debtors, to receive, process, honor, and pay any and all checks or wire transfer requests in respect of the relief requested in this Motion.

### The Requirements of Bankruptcy Rule 6003(b) Are Satisfied

30.     Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm."  As set forth in this Motion, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors operations and cause irreparable harm.  Furthermore, the failure to receive the requested relief during the first 21 days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture.  Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support the relief requested herein.

---

Copies of these orders are available upon request to the Debtors' proposed counsel.

## **Waiver of Bankruptcy Rule 6004(a) and 6004(h)**

31.    To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## **Reservation of Rights**

32.    Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as (a) an admission as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law, or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

### Motion Practice

33.    This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

### Notice

34.    The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the United States Trustee for the Southern District of New York; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) the lender under the Debtors' prepetition loan facility; (d) the United States Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service; (f) the Toronto Stock Exchange; (g) the attorneys general in the states where the Debtors conduct their business operations; (h) the Authorities; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

35.    No prior request for the relief sought in this Motion has been made to this or any other court.


*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Interim Order and

Final Order granting the relief requested herein and such other relief as the Court deems

appropriate under the circumstances.

Dated:  July 6, 2022
New York, New York

/s/ Joshua A. Sussberg

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:          jsussberg@kirkland.com
                cmarcus@kirkland.com
                christine.okike@kirkland.com
                allyson.smith@kirkland.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC. *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

## INTERIM ORDER (I) AUTHORIZING THE PAYMENT
## OF CERTAIN TAXES AND FEES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (a) authorizing the Debtors, in their sole discretion, to remit and pay certain accrued and outstanding Taxes and Fees, (b) scheduling a final hearing to consider approval of the Motion on a final basis, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and that this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (N/A); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

were appropriate under the circumstances and no other notice need be provided; and this Court

having reviewed the Motion and having heard the statements in support of the relief requested

therein at a hearing before this Court (the "Hearing"); and this Court having determined that the

legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief

granted herein; and upon all of the proceedings had before this Court; and after due deliberation

and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis as set forth herein.

2.      The final hearing (the "Final Hearing") on the Motion shall be held on _____,

2022, at__:__ .m., prevailing Eastern Time.  Any objections or responses to entry of a final order

on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on _____, 2022,

and shall be served on:  (a) the Debtors, Voyager Digital Holdings, Inc., 33 Irving Place, Suite

3060, New York, New York 10003, Attn: David Brosgol; (b) proposed counsel to the Debtors,

Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A.

Sussberg, P.C., Christopher Marcus, P.C., Christine A. Okike, P.C., and Allyson B. Smith; (c) the

Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006,

New York, New York 10014, Attn.: Richard Morrissey and Mark Bruh; and (d) counsel to any

statutory committee appointed in these chapter 11 cases.

3.      The Debtors are authorized to pay or remit (or use applicable credits to offset), in

their sole discretion, the Taxes and Fees (including, for the avoidance of doubt, posting collateral

or a letter of credit in connection with any dispute related to the Assessments), whether accrued

prior to or after the Petition Date, that are payable during the pendency of these chapter 11 cases,

on an interim basis, at such time when the Taxes and Fees are payable in the ordinary course of

business.  To the extent that the Debtors have overpaid any Taxes and Fees, the Debtors are

authorized to seek a refund or credit on account of any such Taxes and Fees.

4.      Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due prior to the date of the Final Hearing.

5.      The Debtors are authorized to honor any amounts owed on account of any audits conducted in connection with their Taxes and Fees in the ordinary course of business.

6.      Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Interim Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

7.      The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this

Interim Order.

8.      The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any the relief granted herein.

9.      The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

10.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

12.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

13.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

New York, New York
Dated: _____, 2022

                                      _____
                                        THE HONORABLE MICHAEL E. WILES
                                        UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit B</u>**

**Proposed Final Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC. *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

_____

## FINAL ORDER (I) AUTHORIZING THE PAYMENT
## OF CERTAIN TAXES AND FEES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"), (a) authorizing the Debtors, in their sole discretion, to remit and pay certain accrued and outstanding Taxes and Fees; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and that this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (N/A); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      The Debtors are authorized to pay or remit (or use applicable credits to offset), in their sole discretion, the Taxes and Fees (including, for the avoidance of doubt, posting collateral or a letter of credit in connection with any dispute related to the Assessments), whether accrued prior to or after the Petition Date, that are payable during the pendency of these chapter 11 cases, on a final basis, at such time when the Taxes and Fees are payable in the ordinary course of business.  To the extent that the Debtors have overpaid any Taxes and Fees, the Debtors are authorized to seek a refund or credit on account of any such Taxes and Fees.

3.      The Debtors are authorized to honor any amounts owed on account of any audits conducted in connection with their Taxes and Fees in the ordinary course of business.

4.      Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed:  (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e)  a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors

that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Final Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

5.    The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

6.    The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any the relief granted herein.

7.    The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

8.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

10.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

11.     This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Final Order.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

**Exhibit C**

**List of Governmental Authorities**

| PAYEE | ADDRESS |
|---|---|
| State of Alabama | Alabama Department of Revenue<br>50 N. Ripley<br>Montgomery, AL 36130 |
| State of Alaska | Department of Revenue<br>PO Box 110400<br>Juneau, AK 99811-0400 |
| State of Arizona | Arizona Department of Revenue<br>PO Box 29085<br>Phoenix, AZ 85038 |
| State of Arkansas | Department of Finance and Administration<br>DFA Building<br>1509 W 7Th St, Rm 401<br>Little Rock, AR 72201 |
| State of California | California Franchise Tax Board<br>300 South Spring Street, Suite 5704<br>Los Angeles, CA 90013-1265 |
| State of Connecticut | Department of Revenue Services<br>450 Columbus Blvd., Ste 1<br>Hartford, CT 6103 |
| State of Delaware | Division of Revenue<br>820 N. French Street<br>Wilmington, DE 19801 |
| State of Florida | Florida Department of Revenue<br>5050 W Tennessee St<br>Tallahassee, FL 32399-0100 |
| State of Georgia | Georgia Department of Revenue<br>1800 Century Boulevard, NE<br>Atlanta, GA 30345 |
| State of Idaho | Idaho State Tax Commission<br>Collection Division<br>PO Box 36<br>Boise, ID 83722-0410 |
| State of Illinois | Department of Revenue<br>Willard Ice Building<br>101 West Jefferson St<br>Springfield, IL 62702 |
| State of Indiana | Indiana Department of Revenue<br>Attn: Legal Division<br>100 N. Senate Ave, MS 102<br>Indianapolis, IN 46204 |
| State of Iowa | Department of Revenue |

| PAYEE | ADDRESS |
|---|---|
|  | PO Box 10460<br>Des Moines, IA 50306-0460 |
| State of Kansas | Kansas Department of Revenue<br>Scott State Office Building<br>120 SE 10th Avenue<br>Topeka, KS 66612-1103 |
| State of Kentucky | Kentucky Department of Revenue<br>501 High Street<br>Station 38<br>Frankfort, KY 40601 |
| State of Louisiana | Louisiana Department of Revenue<br>Baton Rouge Headquarters<br>617 North Third Street<br>Baton Rouge, LA 70802 |
| State of Maine | Maine Revenue Services<br>Taxpayer Contact Center<br>PO Box 1057<br>Augusta, ME 04332-1057 |
| State of Maryland | Comptroller of Maryland<br>Revenue Administration Center<br>Taxpayer Service Division<br>110 Carroll Street<br>Annapolis, MD 21411-0001 |
| State of Michigan | Michigan Department of Treasury<br>Lansing, MI 48922 |
| State of Minnesota | Minnesota Department of Revenue<br>600 North Robert St<br>St. Paul, MN 55101 |
| State of Mississippi | Mississippi Department of Revenue<br>500 Clinton Center Drive<br>Clinton, MS 39056 |
| State of Nebraska | Department of Revenue<br>Nebraska State Office Building<br>301 Centennial Mall S.<br>Lincoln, NE 68508 |
| State of New Hampshire | Department of Revenue Administration<br>Governor Hugh Gallen State Office Park<br>109 Pleasant Street<br>Concord, NH 3301 |
| State of New Jersey | New Jersey Division of Taxation<br>Revenue Processing Center<br>PO Box 281<br>Trenton, NJ 08695-0281 |
| State of New Mexico | New Mexico Tax And Revenue Dept<br>1100 South St. Francis Drive, Suite 1100 |

| PAYEE | ADDRESS |
|---|---|
|  | Sante Fe, NM 87504 |
| State of North Carolina | Department of Revenue<br>PO Box 25000<br>Raleigh, NC 27640-0640 |
| State of North Dakota | Office of State Tax Commissioner<br>600 E. Boulevard Ave.<br>Dept 127<br>Bismarck, ND 58505-0599 |
| State of Oklahoma | Tax Commission<br>2501 North Lincoln Boulevard<br>Oklahoma City, OK 73194 |
| State of Oregon | Oregon Department of Revenue<br>955 Center St NE<br>Salem, OR 97301-2555 |
| State of Pennsylvania | Department of Revenue<br>1846 Brookwood St<br>Harrisburg, PA 17104 |
| State of Rhode Island | Division of Taxation<br>One Capital Hill<br>Providence, RI 2908 |
| State of South Carolina | South Carolina Department of Revenue<br>300A Outlet Pointe Boulevard<br>Columbia, SC 29210 |
| State of Tennessee | Attn: David Gerregano, Commissioner<br>Tennessee Department of Revenue<br>Collection Services Division<br>500 Deaderick Street<br>Nashville, TN 37242 |
| State of Texas | Texas Comptroller of Pub. Accounts<br>PO Box 13528<br>Capitol Station<br>Austin, TX 78711-3528 |
| State of Utah | State Tax Commission<br>210 North 1950 West<br>Salt Lake City, UT 84134-0700 |
| State of Virginia | Department of Taxation<br>1957 Westmoreland Street<br>Richmond, VA 23230 |
| District of Columbia - Office of Tax and Revenue | 1101 4th St., SW, Suite 270 West<br>Washington DC 20024 |
| State of West Virginia | West Virginia Tax Department<br>State Capitol<br>Building 1, W-300<br>Charleston, WV 25305 |
| State of Wisconsin | Wisconsin Department of Revenue |

3

| PAYEE | ADDRESS |
|---|---|
| | PO Box 8949<br>Madison, WI 53713 |