UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**SUPPLEMENTAL DECLARATION OF ERIC KURTZMAN IN SUPPORT OF DEBTORS' APPLICATION SEEKING ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING THE APPOINTMENT OF STRETTO, INC. AS CLAIMS AND NOTICING AGENT AND (II) GRANTING RELATED RELIEF**

I, Eric Kurtzman, under penalty of perjury, declare as follows:

1. I am Chief Executive Officer of Stretto, Inc. ("Stretto"), a chapter 11 administrative services firm with offices at 410 Exchange, Suite 100, Irvine, California 92602. Except as otherwise noted, I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

2. At the Court's request, Stretto submits this supplemental declaration in further support of the *Debtors' Application Seeking Entry of an Order (I) Authorizing and Approving the Appointment of Stretto as Claims and Noticing Agent and (II) Granting Related Relief* [Docket No. 5] (the "Application").

3. Stretto is party to an agreement with Xclaim, Inc. ("Xclaim"), whereby Stretto provides Xclaim with a daily formatted data file containing a debtor's public claims register to facilitate claims trading on Xclaim's platform. In exchange, Stretto receives a small processing

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (N/A); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Application.

fee.  Stretto only provides Xclaim with information found on publicly-available claims registers. Nothing in the agreement impacts any other party's ability to access public claims registers.

4. Stretto hereby stipulates that the Debtors' claims registers shall be excluded from Stretto's arrangement with Xclaim, and Stretto shall not receive any compensation with respect to such arrangement related to the Debtors' claims registers.

5. Stretto has no contract with any other party under which Stretto (a) provides or will provide exclusive access to claims data or (b) will be compensated for claims data that is made available by Stretto.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated:  July 7, 2022

STRETTO, INC.

_____
Name:  Eric Kurtzman
Title:   Chief Executive Officer