**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS
TO (A) PAY PREPETITION EMPLOYEE WAGES, SALARIES,
OTHER COMPENSATION, AND REIMBURSABLE
EXPENSES AND (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS AND
(II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (a) authorizing, but not directing, the Debtors to (i) pay certain prepetition employee wages, salaries, other compensation, and reimbursable employee expenses and (ii) continue employee benefits programs in the ordinary course, including payment of certain prepetition obligations related thereto; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and that this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (N/A); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on August 4, 2022, at 11:00 a.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on July 28, 2022, and shall be served on: (a) the Debtors, Voyager Digital Holdings, Inc., 33 Irving Place, Suite 3060, New York, New York 10003, Attn: David Brosgol; (b) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., Christopher Marcus, P.C., Christine A. Okike, P.C., and Allyson B. Smith; (c) the Office of The United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Richard Morrissey and Mark Bruh; and (d) counsel to any statutory committee appointed in these chapter 11 cases.

3. The Debtors are authorized, but not directed, to continue and/or modify, change, or discontinue the Employee Compensation and Benefits and to honor and pay, in the ordinary course and in accordance with the Debtors' prepetition policies and prepetition practices, any obligations

on account of the Employee Compensation and Benefits, irrespective of whether such obligations arose prepetition or postpetition; *provided*, that pending entry of the Final Order, the Debtors shall not make any payment to, or on account of, any individual with respect to any prepetition claim on account of the Employee Compensation and Benefits in excess of the priority cap set forth in sections 507(a)(4) or 507(a)(5) of the Bankruptcy Code; *provided, further*, that payments on account of the Director Compensation and Non-Insider Ad Hoc Bonuses, shall not be made by this Interim Order and shall be made solely pursuant to the Final Order; *provided, further*, that the Debtors determine that in the absence of making payments on account of the Unpaid Independent Contractor Obligations, the Debtors would suffer a loss of value in excess of such payment amount and the Debtors determine that there is a risk of immediate loss of value if they do not make such payment.

4.      The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to any prepetition amounts owed to their Employees.

5.      Nothing in this Interim Order authorizes the Debtors to accelerate any payments, including outstanding claims with respect to Reimbursable Expenses, not otherwise due prior to the date of the Final Hearing.

6.      The Debtors shall not make any non-ordinary course bonus, incentive, or severance payments to their Employees or any Insiders (as such term is defined in section 101(31) of the Bankruptcy Code) without further order of this Court. For the avoidance of doubt, no bonus, incentive, or severance payments shall be made to any Insider without further order of this Court. Nothing in the Motion or this Interim Order shall constitute a determination by the Court as to

whether any individual seeking payment pursuant to this Interim Order is or is not an "insider" as that term is defined in section 101(31) of the Bankruptcy Code. Nothing in the Motion or this Interim Order should be construed as approving any transfer pursuant to section 503(c) of the Bankruptcy Code, and a separate motion will be filed for any requests that are governed by section 503(c) of the Bankruptcy Code; *provided* that nothing herein shall prejudice the Debtors' ability to seek approval for such relief pursuant to section 503(c) of the Bankruptcy Code at a later time.

7. The automatic stay of section 362(a) of the Bankruptcy Code, to the extent applicable, is hereby lifted to permit, without further order of this Court: (a) current or former Employees to proceed with their claims (whether arising prior to or subsequent to the Petition Date) under the Workers' Compensation Programs in the appropriate judicial or administrative forum; (b) insurers, including but not limited to The Hartford, and third-party administrators to handle, administer, defend, settle, and/or pay workers' compensation claims and direct action claims; (c) the Debtors to continue the Workers' Compensation Programs and pay any amounts relating thereto in the ordinary course; and (d) insurers, including but not limited to The Hartford, and third-party administrators providing coverage for any workers' compensation or direct action claims to draw on any and all collateral and/or prefunded loss accounts provided by or on behalf of the Debtors therefor, if and when the Debtors fail to pay and/or reimburse any insurers and third-party administrators for any amounts in relation thereto. The modification of the automatic stay in this paragraph pertains solely to claims under the Workers' Compensation Programs and direct action claims.

8. Nothing herein (a) alters or amends the terms and conditions of the Workers' Compensation Programs; (b) relieves the Debtors of any of their obligations under the Workers' Compensation Programs; (c) precludes or limits, in any way, the rights of any insurer to contest

and/or litigate the existence, primacy, and/or scope of available coverage under the Workers' Compensation Programs; or (d) creates a direct right of action against any insurers or third-party administrators where such right of action does not already exist under non-bankruptcy law.

9. The Debtors are authorized, but not directed, to forward any unpaid amounts on account of Withholding and Deduction Obligations to the appropriate third-party recipients or taxing authorities in accordance with the Debtors' prepetition policies and practices.

10. The Debtors are authorized, but not directed, to pay costs and expenses incidental to payment of the Employee Compensation and Benefits obligations, including all administrative and processing costs and payments to outside professionals.

11. Nothing contained herein is intended or should be construed to create an administrative priority claim on account of the Employee Compensation and Benefits obligations.

12. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order without any duty of further inquiry and without liability for following the Debtors' instructions.

13. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this

Interim Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Interim Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.  The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to any prepetition amounts owed to their Employees.

14. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

15. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

16. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

17. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: New York, New York
      July 8, 2022

                                  /s/ **Michael E. Wiles**
                                  THE HONORABLE MICHAEL E. WILES
                                  UNITED STATES BANKRUPTCY JUDGE