Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC. *et al.*,[1] | Case No. 22-10943 (MEW) |
| Debtors. | (Jointly Administered) |

# DECLARATION OF
# JOSHUA A. SUSSBERG IN SUPPORT OF ORDER TO SHOW
# CAUSE AND NOTICE FIXING HEARING AND OBJECTION DEADLINE
# TO CONSIDER DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY
# OF AN ORDER (I) AUTHORIZING THE DEBTORS TO PAY PREPETITION
# CORPORATE CARD EXPENSES AND (II) GRANTING RELATED RELIEF

Joshua A. Sussberg hereby declares under penalty of perjury pursuant to section 1746 of title 28 of the United States Code:

1.    I am an attorney admitted to practice before this Court and a partner at Kirkland & Ellis LLP, proposed counsel for the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"). I submit this declaration in support of the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to Pay Prepetition Corporate Card*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

*Expenses and (II) Granting Related Relief* (the "Supplemental Cash Management Motion")[2] seeking an order to show cause (the "Order to Show Cause"). Unless otherwise stated, I have personal knowledge of the facts set forth herein.

2.  As set forth in the Supplemental Cash Management Motion, as of the Petition Date, the Corporate Cards held a balance of approximately $76,000. On July 13, 2022, Brex terminated the agreement with the Debtors and shut off the Debtors' access to the Corporate Cards due to non-payment of certain prepetition expenses.

3.  The Corporate Cards allow the Debtors' employees to incur costs related to business-related travel and operational expenses so that these employees do not bear the burden of carrying those costs until they obtain reimbursement. The Corporate Cards are also necessary to pay certain vendors for services rendered for the benefit of the Debtors in the ordinary course of business, which vendors exclusively accept payment via credit card. Accordingly, the Corporate Cards provide the Debtors with a streamlined system for funding necessary business expenses and contribute to the overall efficiency of the Debtors' business operations.

4.  Without expedited consideration of the Supplemental Cash Management Motion pursuant to the Order to Show Cause, the Debtors may be unable to provide comfort to Brex to encourage them to reinstate the Corporate Cards, resulting in the Debtors' employees having to pay for necessary operational expenses on their personal accounts until they can seek reimbursement from the Debtors and certain vendors who only accept payment via credit card refusing to render services to the Debtors. Discontinuation of the Corporate Cards have

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Supplemental Cash Management Motion.

unnecessarily threatened disruption to the Debtors' operations to the detriment of the Debtors and their stakeholders.

New York, New York
Dated: July 15, 2022

                                      *Joshua A. Sussberg*
                                      Joshua A. Sussberg