**Hearing Date and Time:  August 4, 2022, at 11:00 a.m. (prevailing Eastern Time)**
**Objection Deadline:  July 28, 2022, at 4:00 p.m. (prevailing Eastern Time)**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:       (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | Case No. 22-10943 (MEW) |
| Debtors. | (Jointly Administered) |

## NOTICE OF HEARING OF
## DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) SETTING BAR
## DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROCEDURES
## FOR SUBMITTING PROOFS OF CLAIM, AND (III) APPROVING NOTICE THEREOF

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Motion for Entry of an Order (I) Setting Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, and (III) Approving Notice Thereof* (the "Motion") will be held on **August 4, 2022, at 11:00 a.m.**, **prevailing Eastern Time** (the "Hearing").  In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted telephonically.  Any parties wishing to participate must do so by making arrangements through CourtSolutions by visiting https://www.court-solutions.com.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Motion shall:  (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served so as to be actually received by **July 28, 2022, at 4:00 p.m., prevailing Eastern Time**, by (i) the entities on the Master Service List available on the case website of the above-captioned debtors and debtors in possession (the "Debtors")  at  https://cases.stretto.com/Voyager  and  (ii) any  person  or  entity  with  a particularized interest in the subject matter of the Motion.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing.  Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Debtors.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/Voyager.  You may also obtain copies of the Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

*[Remainder of page intentionally left blank]*

Dated:  July 18, 2022          */s/ Joshua A. Sussberg*
New York, New York             **KIRKLAND & ELLIS LLP**
                               **KIRKLAND & ELLIS INTERNATIONAL LLP**
                               Joshua A. Sussberg, P.C.
                               Christopher Marcus, P.C.
                               Christine A. Okike, P.C.
                               Allyson B. Smith (admitted *pro hac vice*)
                               601 Lexington Avenue
                               New York, New York 10022
                               Telephone:     (212) 446-4800
                               Facsimile:     (212) 446-4900
                               Email:         jsussberg@kirkland.com
                                              cmarcus@kirkland.com
                                              christine.okike@kirkland.com
                                              allyson.smith@kirkland.com

                               *Proposed Counsel to the Debtors and Debtors in Possession*

**Hearing Date and Time:  August 4, 2022, at 11:00 a.m. (prevailing Eastern Time)**
**Objection Deadline:  July 28, 2022, at 4:00 p.m. (prevailing Eastern Time)**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) ) | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) ) ) | Case No. 22-10943 (MEW) |
| Debtors. | ) ) | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) SETTING BAR**
**DATES FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROCEDURES**
**FOR SUBMITTING PROOFS OF CLAIM, AND (III) APPROVING NOTICE THEREOF**

Voyager Digital Holdings, Inc. and the other above-captioned debtors and debtors in

possession (collectively, the "Debtors") respectfully state the following in support of this motion

(the "Motion"):

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

## Relief Requested

1.    The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Bar Date Order"):[2] (a) setting Bar Dates (as defined herein) for creditors to submit Proofs of Claim (as defined herein) in these chapter 11 cases; (b) approving the procedures described herein for submitting Proofs of Claim in these chapter 11 cases and the form of the Proof of Claim attached as **Exhibit B** hereto; and (c) approving the form and manner of service of the notice of the Bar Dates, substantially in the form attached hereto as **Exhibit C** (the "Bar Date Notice"), including the publication version of the Bar Date Notice, substantially in the form attached hereto as **Exhibit D**, and allowing for publication notice as described in this Motion.

## Jurisdiction and Venue

2.    The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012.  The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.    The bases for the relief requested herein are sections 501, 502(b)(9), and 503(b)(9) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 2002

---

[2]    Except as otherwise defined herein, all terms shall have the meanings ascribed to them by the Bankruptcy Code. In particular, as used herein:  (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

and 3003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rules 2002-1 and 3003-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and the *Procedural Guidelines for Filing Requests for Orders to Set the Last Date for Filing Proofs of Claim* of the United States Bankruptcy Court for the Southern District of New York (the "Guidelines").

## Background

5.      On July 5, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Stephen Ehrlich, Chief Executive Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 15] (the "First Day Declaration"), incorporated by reference herein.

6.      The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 18].  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

## Proposed Bar Dates

7.      Except as otherwise set forth herein, the Debtors seek to establish **5:00 p.m. Eastern Time on October 3, 2022** (the "General Claims Bar Date"), as the deadline by which all persons and entities must submit proofs of claim (each, a "Proof of Claim") asserting claims that arose on or before the Petition Date (each, a "Claim") against the Debtors in these chapter 11 cases. This date is 35 days after August 29, 2022, the date by which the Debtors propose to disseminate the bar date packages with the Bar Date Notice.  The proposed General Claims Bar Date includes

3

Claims asserted under section 503(b)(9) of the Bankruptcy Code.[3]  If approved, the proposed General Claims Bar Date would occur at least 35 days after the proposed date of service of the Bar Date Notice as set forth herein and is therefore in compliance with the Guidelines.

8.      In addition to the General Claims Bar Date, pursuant to section 502(b)(9), the deadline by which all governmental units must submit Proofs of Claim asserting Claims that arose on or before the Petition Date against the Debtors in these chapter 11 cases (the "Governmental Bar Date") is **5:00 p.m. prevailing Eastern Time on January 3, 2023**.

9.      The Debtors seek authority to establish supplemental bar dates (any such date, a "Supplemental Bar Date") without further order of the Bankruptcy Court to the extent the Debtors amend or supplement their schedules of assets and liabilities to provide adequate notice and opportunity to submit a Proof of Claim to parties holding claims affected thereby.  In such instances, the Debtors will provide such parties with notice, in a form substantially similar to the Bar Date Notice, that will clearly set forth the Supplemental Bar Date by which such parties must submit a Proof of Claim (and which shall afford parties at least 35 days from the notice date to submit Proofs of Claim consistent with the Guidelines).

10.      Lastly, the Debtors seek to require any person or entity that holds a Claim arising from the rejection of an executory contract or unexpired lease to submit a Proof of Claim based on such rejection on or before the later of (a) the General Claims Bar Date and (b) any date the Bankruptcy Court may fix in the applicable order authorizing such rejection and, if no such date is provided, 30 days from the date of entry of such order (the "Rejection Bar Date," and together with the General Claims Bar Date, the Supplemental Bar Date and the Governmental Bar Date,

---

[3]      "503(b)(9) Claims" are Claims on account of goods received by a Debtor within 20 days before the Petition Date, where such goods were sold to the Debtor in the ordinary course of such Debtor's business, and entitled to administrative expense priority pursuant to section 503(b)(9) of the Bankruptcy Code. *See* 11 U.S.C. § 503(b)(9).

collectively, the "Bar Dates").  The Debtors will provide notice of the Rejection Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtors reject any executory contract or unexpired lease.

### Proposed Procedures for Submitting Proofs of Claim

## I.    Parties Required to Submit a Proof of Claim

11.    In accordance with the Guidelines and Bankruptcy Rule 3003(c)(2), the Debtors propose that any person or entity *other than* those listed below that holds a Claim against any Debtor in these chapter 11 cases be required to submit a Proof of Claim to assert such Claim in accordance with the Bar Date Order.  Subject to Bankruptcy Court approval of the Bar Dates and Bar Date Order, the Debtors propose that the following persons or entities do *not* need to submit a Proof of Claim in these chapter 11 cases on or prior to the General Claims Bar Date:

a)    any person or entity that has already submitted a Proof of Claim against the Debtors with the Clerk of the Bankruptcy Court or the Debtors' Notice and Claims Agent (as defined herein) in a form substantially similar to Official Bankruptcy Form No. 410;

b)    any person or entity whose Claim is listed on the Schedules filed by the Debtors; provided that (i) the Claim is *not* scheduled as "disputed," "contingent," or "unliquidated"; (ii) the claimant agrees with the amount, nature, and priority of the Claim as set forth in the Schedules; and (iii) the claimant does not dispute that the Claim is an obligation of the specific Debtor against which the Claim is listed on the Schedules;

c)    any individual holder of a Claim for principal, interest, or applicable fees or charges on account of any note, bond, or debenture issued by the Debtors pursuant to an indenture or a credit agreement with respect to such Claim;

d)    any holder of a Claim that has already been paid in full;

e)    any holder of a Claim for which a specific deadline has previously been fixed by the Bankruptcy Court or otherwise fixed pursuant to the Bar Date Order;

f)       any Debtor having a Claim against another Debtor or any of the non-Debtor subsidiaries (whether direct or indirect) of Voyager Digital Ltd. having a Claim against the Debtors;

g)       any holder of a Claim based on an equity interest in the Debtors;

h)       any holder of a Claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided* that any person or entity asserting a Claim entitled to administrative expense status under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a Proof of Claim on or prior to the General Claims Bar Date;

i)       any current employee of the Debtors, if an order of the Bankruptcy Court authorized the Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit; any current or former employee must submit a Proof of Claim by the General Claims Bar Date for all other Claims arising before the Petition Date, including Claims for wrongful termination, discrimination, harassment, hostile work environment, and retaliation;

j)       any current or former officer or director for indemnification, contribution, or reimbursement;

k)       claims for fees and expenses of professionals retained in these proceedings; and

l)       any person or entity holding a Claim solely against a non-Debtor entity.

## II.    The Proof of Claim Form

12.    The Debtors seek approval of the form of the Proof of Claim attached as **<u>Exhibit B</u>** hereto, which, although based upon Official Form 410, has been modified, *inter alia*, to allow creditors to assert 503(b)(9) Claims and to require holders of Claims based on cryptocurrency held in accounts on the Debtors platform to list the number of units of each cryptocurrency held in lieu of denominating their Claim in United States dollars.  In accordance with the Guidelines, and with the assistance of its notice and claims agent, Stretto, Inc. (the "<u>Notice and Claims Agent</u>"), the Debtors propose to provide each of the creditors listed on the Schedules with a "personalized"

Proof of Claim that will include: (a) the identity of the Debtor against which the person or entity's

Claim is scheduled; (b) the amount of the scheduled Claim, if any; (c) whether the Claim is listed

as contingent, unliquidated, or disputed; and (d) whether the Claim is listed as secured, unsecured

priority, or unsecured non-priority.

13.    If a creditor disagrees with the information set forth on the personalized Proof of

Claim Form, such creditor must submit a Proof of Claim identifying the Debtor against which the

creditor asserts a Claim and the amount and type of that Claim as set forth in section III below.

Additionally, creditors may choose not to use the personalized Proof of Claim Form provided by

the Debtors and instead submit Proofs of Claim on Official Form 410.

**III.    Requirements for Preparing and Submitting Proofs of Claim**

14.    In accordance with the Guidelines, the Debtors request that the Bankruptcy Court

require all Proofs of Claim submitted in these chapter 11 cases be consistent with the following:

a) Each Proof of Claim must: (i) be written in English; (ii) set forth
(A) for any Claim based on cryptocurrency(ies) held in an
account on the Debtors' platform, the number of units of each
cryptocurrency held in such account;[4] and (B) in the case of any
other Claim, the amount of such Claim denominated in United
States dollars; (iii) conform substantially with the Proof of
Claim Form provided by the Debtors or Official Form 410;
(iv) be signed or electronically transmitted through the interface
available on the Notice and Claims Agent's website at
https://cases.stretto.com/Voyager by the claimant or by an
authorized agent or legal representative of the claimant; and
(v) unless otherwise consented to by the Debtors in writing,
include supporting documentation unless voluminous, in which
case a summary must be attached or an explanation provided as
to why documentation is not available;

b) In addition to the requirements set forth in (a) above, any Proof
of Claim asserting a 503(b)(9) Claim must also: (i) include the
value of the goods delivered to and received by the Debtors in

---

[4]    For the avoidance of doubt, all claims for cryptocurrency held by any holder must clearly state (i) each type of
cryptocurrency held and (ii) the number of units of each cryptocurrency held.

the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iii) attach documentation of any reclamation demand made to any Debtor under section 546(c) of the Bankruptcy Code (if applicable); and (iv) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of the Bankruptcy Court authorizing the Debtors to pay prepetition Claims;

c) Parties who wish to receive proof of receipt of their Proofs of Claim from the Notice and Claims Agent must also include with their Proof of Claim a copy of their Proof of Claim and a self-addressed, stamped envelope;

d) Each Proof of Claim must specify by name and case number the Debtor against which the Claim is submitted. A Proof of Claim submitted under Case No. 22-10943 or that does not identify a Debtor will be deemed as submitted only against Voyager Digital, LLC. A Proof of Claim that names a subsidiary Debtor but is submitted under the Case No. 22-10943 will be treated as having been submitted against the subsidiary Debtor with a notation that a discrepancy in the submission exists;

e) If the holder asserts a Claim against more than one Debtor or has Claims against different Debtors, a separate Proof of Claim form must be submitted with respect to each Debtor. To the extent more than one Debtor is listed on the Proof of Claim, such Claim will be treated as if submitted only against the first-listed Debtor; and

f) Each Proof of Claim, including supporting documentation, must be submitted so that the Notice and Claims Agent *actually receives* the Proof of Claim on or before the applicable Bar Date by: (i) electronically using the interface available on the Notice and Claims Agent's website at https://cases.stretto.com/Voyager, or (ii) first-class U.S. Mail, overnight mail, or other hand-delivery system, which Proof of Claim must include an *original* signature, at the following address: Voyager Claims Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL <u>NOT</u> BE ACCEPTED AND WILL <u>NOT</u> BE DEEMED TIMELY SUBMITTED.**

## IV.    Consequences of Failing to Timely Submit a Proof of Claim

15.    In accordance with Bankruptcy Rule 3003(c)(2) and the Guidelines, the Debtors propose that any entity that is required, but fails, to submit a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date will be forever barred, estopped, and enjoined from asserting such Claim—including any such Claim asserting administrative expense status under section 503(b)(9) of the Bankruptcy Code—against the Debtors (or submitting a Proof of Claim with respect to that Claim), and the Debtors and their property will be forever discharged from any and all indebtedness or liability with respect to or arising from that Claim.  Moreover, such creditor will be prohibited from (a) voting on any chapter 11 plan filed in these chapter 11 cases on account of such Claim, and (b) participating in any distribution in these chapter 11 cases on account of such Claim.

### The Bar Date Notice

16.    The Bar Date Notice is substantially similar to the form notice annexed to the Guidelines, as required thereby.  Among other things, the proposed Bar Date Notice:  (a) identifies the Bar Dates, (b) includes detailed procedures for submitting a timely and accurate Proof of Claim, (c) lists the parties who are not required to submit a Proof of Claim, (d) describes the consequences of failing to submit a Proof of Claim in accordance with the Bar Date Order and Guidelines, and (e) provides creditors with the name and telephone number of the Notice and Claims Agent, where questions may be addressed and from whom additional information may be obtained.

17.    With the assistance of the Notice and Claims Agent, by no later than August 29, 2022 (35 days in advance of the General Claims Bar Date), the Debtors will cause the Notice and Claims Agent to serve the Bar Date Notice and a Proof of Claim form (personalized where applicable) in accordance with the *Interim Order (I) Establishing Certain Notice, Case*

*Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 60] (as amended, supplemented, or modified by order of the Court, the "Case Management Procedures"):

   a) the Master Service List (as defined in the Case Management Procedures);

   b) all known creditors and other known holders of potential Claims against the Debtors as of the date of entry of the Bar Date Order, including all persons or entities listed in the Schedules for which the Debtors have mailing addresses or email addresses;

   c) all entities that have filed proofs of claim in these chapter 11 cases as of the date of the Bar Date Order;

   d) all known non-Debtor equity and interest holders of the Debtors as of the date the Bar Date Order is entered;

   e) all entities who are party to executory contracts and unexpired leases with the Debtors;

   f) all entities who are party to litigation with the Debtors;

   g) all current and former employees (to the extent that contact information for former employees is available in the Debtors' records);

   h) all regulatory authorities that regulate the Debtors' businesses, including consumer protection, environmental, and permitting authorities; and

   i) all taxing authorities for the jurisdictions in which the Debtors maintain or conduct business.

18.    The Debtors also intend to provide notice of the Bar Dates by publication to help ensure that all potential claimants receive adequate notice of the Bar Dates. Specifically, the Debtors propose to publish the Bar Date Notice, modified for publication substantially in the form attached hereto as **Exhibit D**, on one occasion in *The New York Times* (National Edition), the *Financial Times* (International Edition), and any other such publications that the Debtors deem

appropriate and disclose in their Affidavit of Service at least 28 days before the General Claims

Bar Date in accordance with Bankruptcy Rule 2002 and the Guidelines.

## Basis for Relief

**I.    The Proposed Bar Dates Comply with the Guidelines and Should Be Approved**

19.    Generally, claimants must submit a Proof of Claim to assert a Claim in a bankruptcy

proceeding.    *See* 11 U.S.C. § 501(a).    Bankruptcy Rule 3003(c)(3) typically governs the

submission of Proofs of Claim in a chapter 11 case and provides, in relevant part, that "[t]he court

shall fix and for cause shown may extend the time within which proofs of claim or interest may be

filed."    General claims bar dates are integral to the twin goals of chapter 11—preserving

going-concerns and maximizing creditor recovery value.    *See In re Waterman S.S. Corp.*,

59 B.R. 724, 726 (Bankr. S.D.N.Y. 1986).    Indeed, prolonged uncertainty regarding the aggregate

liabilities of the bankruptcy estate could delay or derail the development of a sound restructuring

plan process to the detriment of creditors and parties in interest.    *Id.*    ("Absent the setting of a bar

date, a Chapter 11 case could not be administered to a conclusion.").

20.    Recognizing the importance of setting deadlines for submitting claims against a

debtor, courts in this jurisdiction routinely approve relief similar to that requested in the motion.

*See, e.g.*, *In re Pareteum Corp.*, No. 22-10615 (LGB) (Bankr. S.D.N.Y. July 11, 2022); *In re GBG

USA Inc.*, No. 21-11369 (MEW) (Bankr. S.D.N.Y. Sept. 27, 2021); *In re Centric Brands, Inc.*, No.

20-22637 (SHL) (Bankr. June 5, 2020); *In re Barneys New York, Inc.*, No. 19-36300 (CMG)

(Bankr. S.D.N.Y. Sept. 4, 2019); *In re Hollander Sleep Prods., LLC*, No. 19-11608 (MEW)

(Bankr. S.D.N.Y. June 21, 2019); *In re Windstream Holdings, Inc.*, No. 19-22312 (RDD) (Bankr.

S.D.N.Y. May 13, 2019); *In re Aegean Marine Petroleum Network*, No. 18-13374 (MEW) (Bankr. S.D.N.Y. Dec. 18, 2018).[5]

21.     To ensure that the Debtors are able to confirm and consummate a chapter 11 plan, the Debtors will require accurate information regarding the nature, validity, amount, and status of all Claims that will be asserted against its estates in these chapter 11 cases.  Given the sheer number of potential claimants in these chapter 11 cases, it is important that the Debtors begin the claims analysis and reconciliation process as soon as possible pursuant to clear procedures designed to both limit confusion on the part of creditors and facilitate an efficient process that conserves estate resources.  Fixing the Bar Dates as proposed herein will help the Debtors accomplish the foregoing objectives.

22.     In addition, (a) requiring holders of 503(b)(9) Claims to assert such Claims using the Form of Proof of Claim attached hereto on or prior to the General Claims Bar Date and (b) requiring holders of Claims based on cryptocurrency held in accounts on the Debtors' platform to list the number of units of each cryptocurrency held in lieu of denominating their Claim in United States dollars will ensure that the Debtors have accurate information regarding the nature, validity, and amount of such Claims while affording parties asserting such Claims appropriate and adequate notice.  Moreover, this approach facilitates a cost-effective, efficient claims process for such creditors and helps conserve estate resources to the benefit of the Debtors' unsecured creditors.[6]

---

[5]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request.

[6]    Parties asserting administrative claims under all other sub-parts of section 503(b) of the Bankruptcy Code must make separate requests for payment in accordance with section 503(a) of the Bankruptcy Code.

23.     Although the Guidelines include holders of claims allowable under section 503 of

the Bankruptcy Code in the list of parties not required to submit a Proof of Claim and require that

Proofs of Claim be denominated in United States currency, the Guidelines also provide that "there

will of course be variations in specific situations and the list is not intended to be exhaustive."  *See*

Guidelines, at ¶ 9.  The Debtors submit that the adjustments to the Proof of Claim form set forth

herein are justified and warranted under the circumstances present here.   While denominating

Proofs of Claim in cryptocurrency(ies) is a matter of first impression in this Court, other courts in

this jurisdiction regularly deviate from the Guidelines, *inter alia*, with respect to fixing bar dates

for submitting claims under section 503(b)(9) of the Bankruptcy Code.  *See, e.g.*, *In re Vewd*

*Software USA, LLC*, No. 21-12065 (MEW) (Bankr. S.D.N.Y. Feb. 3. 2022) (establishing a bar date

for 503(b)(9) claims); *In re GBG USA Inc.*, No. 21-11369 (MEW) (Bankr. S.D.N.Y. Sept. 27,

2021) (same); *In re Greensill Capital Inc.*, No. 21-10561 (MEW) (Bankr. S.D.N.Y. Apr. 26, 2021)

(same); *In re Garrett Motion Inc.*, No. 20-12212 (MEW) (Bankr. S.D.N.Y. Nov. 4, 2020) (same);

*In re Barneys New York, Inc.*, No. 19-36300 (CMG) (Bankr. S.D.N.Y. Sept. 4, 2019) (same);

*In re Hollander Sleep Prods., LLC*, No. 19-11608 (MEW) (Bankr. S.D.N.Y. June 21, 2019)

(same); *In re Windstream Holdings, Inc.*, No. 19-22312 (RDD) (Bankr. S.D.N.Y. May 13, 2019)

(same); *In re Aegean Marine Petroleum Network*, No. 18-13374 (MEW) (Bankr. S.D.N.Y. Dec.

18, 2018) (same); *In re Nine West Holdings, Inc.*, No. 18-10947 (SCC) (Bankr. S.D.N.Y. May 15,

2018) (same).

24.     Finally, the Bar Dates proposed herein comply with the Guidelines and the

applicable provisions of the Bankruptcy Code, are appropriate, and should be approved.  First, the

General Claims Bar Date will be at least 35 days after the Debtors provide notice to claimants of

such bar date.  Second, the Governmental Bar Date is the first business day following 180 days

after the Petition Date in accordance with section 502(b)(9) of the Bankruptcy Code. Third, the Rejection Bar Date and Supplemental Bar Dates are necessary to provide the Debtors with flexibility to handle situations in which a creditor's claim status may change during these chapter 11 cases (such as in the event of contract or lease rejections) or to ensure that creditors receive proper notice and an opportunity to assert claims. Accordingly, the Debtors request the Bankruptcy Court establish the Bar Dates set forth herein.

## II.    The Proposed Procedures for Submitting Proofs of Claim Should Be Approved

25.    The Debtors have worked to design procedures that: (a) provide creditors with ample notice and opportunity to submit Proofs of Claim, (b) provide a clear process for effecting the same, and (c) achieve administrative and judicial efficiency. Indeed, the procedures described above are calibrated to achieve the twin goals of providing comprehensive notice and clear instructions to creditors, on the one hand, and allowing these chapter 11 cases to move forward quickly with a minimum of administrative expense and delay, on the other hand.

26.    Among other things, the proposed procedures provide clear instructions for submitting Proofs of Claim that are calculated to avoid confusion or uncertainty among creditors that might lead them to submit unnecessary protective Proofs of Claim or multiple Proofs of Claim, which, in either event, would result in unnecessary expense and delay in the claims reconciliation process for all parties affected thereby. For example, the proposed use of a personalized Proof of Claim form for all known creditors is designed to streamline the claims analysis and reconciliation process and provide useful information to creditors as to whether and how their claims are reflected in the Schedules. Indeed, the Debtors believe that the use of the personalized Proof of Claim will help mitigate creditors' confusion and result in a claims reconciliation process that is less burdensome, costly, and time-consuming for the Debtors, all of which inure to the benefit of these bankruptcy estates.

27.     Lastly, the Debtors propose that claimants be permitted to submit Proofs of Claim in person, by hand delivery, or via mail. *Although proofs of claim submitted by facsimile or electronic mail will not be accepted*, the Debtors propose that Proofs of Claim be permitted to be submitted electronically using the interface available on the Notice and Claims Agent's website at https://cases.stretto.com/Voyager.  A similar electronic interface has been utilized in other large bankruptcy cases. *See, e.g., In re Vewd Software USA, LLC*, No. 21-12065 (MEW) (Bankr. S.D.N.Y. Feb. 3. 2022) (approving procedures for submission of proofs of claim through electronic interface); *In re GBG USA Inc.*, No. 21-11369 (MEW) (Bankr. S.D.N.Y. Sept. 27, 2021) (same); *In re Greensill Capital Inc.*, No. 21-10561 (MEW) (Bankr. S.D.N.Y. Apr. 26, 2021) (same); *In re Garrett Motion Inc.*, No. 20-12212 (MEW) (Bankr. S.D.N.Y. Nov. 4, 2020) (same); *In re Barneys New York, Inc.*, No. 19-36300 (CMG) (Bankr. S.D.N.Y. Sept. 4, 2019) (same); *In re Hollander Sleep Prods., LLC*, No. 19-11608 (MEW) (Bankr. S.D.N.Y. June 21, 2019) (same); *In re Windstream Holdings, Inc.*, No. 19-22312 (RDD) (Bankr. S.D.N.Y. May 13, 2019) (same); *In re Aegean Marine Petroleum Network*, No. 18-13374 (MEW) (Bankr. S.D.N.Y. Dec. 18, 2018) (same); *In re Nine West Holdings, Inc.*, No. 18-10947 (SCC) (Bankr. S.D.N.Y. May 15, 2018) (same).  The Debtors believe that these procedures will facilitate the claims process by establishing guidelines for noticing and publishing the Bar Dates and providing claimants with clear instructions regarding the procedures and other requirements for submitting a Proof of Claim. Accordingly, the Debtors submit that these procedures should be approved.

## III.    The Proposed Form and Manner of the Bar Date Notice Should be Approved

### A.    The Form of Bar Date Notice Satisfies the Requirements of the Guidelines.

28.     The Bar Date Notice substantially conforms to the form notice annexed to the Guidelines, varying only to the extent appropriate and necessary given the size, complexity, and circumstances of these chapter 11 cases.  Moreover, the publication version of the Bar Date Notice

will be substantially similar to the attached Bar Date Notice and will only omit provisions that are not applicable or are not absolutely necessary (such as the official definition of "claim") to reduce publication costs.  *See* Guidelines, at ¶ 5.

29.     The Debtors believe that the Bar Date Notice and Bar Date Order and all exhibits and attachments thereto substantially comply with the applicable rules and the Guidelines establishing the procedural guidelines relating to the establishment of bar dates and providing notice thereof.  The Bar Date Notice and the Bar Date Order were modeled on the forms attached to the Guidelines.  The Debtors submit that any alterations to these forms are appropriate, minimal, and generally have been limited to those instances where such deviations:  (a) are necessary or appropriate to tailor the Bar Date Notice and Bar Date Order for use in these chapter 11 cases; (b) adopt changes that are expressly contemplated by the Guidelines; or (c) provide additional information for the benefit of potentially interested parties.

### B.    The Proposed Notice and Service Satisfies Due Process Requirements.

30.     Bankruptcy Rule 2002(a)(7) requires that the Debtors provide claimants at least 21-days' notice by mail of the time fixed for submitting Proofs of Claim pursuant to Bankruptcy Rule 3003(c).  In addition, Bankruptcy Rule 2002(*l*) provides that the Bankruptcy Court may order notice by publication if it finds that notice by mail is impractical or that it is desirable to supplement other notice.  Bankruptcy Rule 9008 also provides that the Bankruptcy Court shall determine the form and manner of publication notice, the newspapers used, and the frequency of publication.

31.     To determine the adequacy of notice to a creditor, the case law distinguishes between "known" and "unknown" creditors.  Generally speaking, the former is a creditor whose identity is either known or is reasonably ascertainable by the debtor, while the latter is one whose interests are conjectural or future or, although potentially discoverable upon investigation, do not

come to the knowledge of the debtor in the ordinary course of business. *See Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950) (publication is acceptable where it is not "reasonably possible or practicable to give more adequate warning," whereas when names and addresses are available, notice must be mailed).

32.     Where a creditor is known to the debtor, due process requires that the debtor take reasonable steps, such as direct mailing, to provide actual notice of the deadline for submitting proofs of claim. *See, e.g.*, *In re Enron Corp.*, 2006 WL 898031, at *4 (Bankr. S.D.N.Y. Mar. 29, 2006) ("[D]ebtor must send actual notice of the bar date to any known creditor, while constructive notice is generally sufficient with an unknown creditor."); *Daewoo Int'l (Am.) Corp. Creditor Trust v. SSTS Am. Corp.*, 2003 WL 21355214, at *3 (S.D.N.Y. June 11, 2003) (same); *Pope*, 485 U.S. at 491 (where creditor was known or "reasonably ascertainable," then due process only requires "notice by mail or other means as certain to ensure actual notice").

33.     Where a creditor is unknown to the debtor, due process requires only that the debtor take reasonable steps, such as notice by publication, to provide constructive notice of the deadline for submitting proofs of claim. *See, e.g.*, *In re XO Commc'ns*, 301 B.R. 782, 793 (Bankr. S.D.N.Y. 2003) (finding that if a creditor is unknown constructive notice is generally sufficient); *DePippo v. Kmart Corp.*, 335 B.R. 290, 296 (S.D.N.Y. 2005) ("It is well-settled that when a creditor is 'unknown' to the debtor, publication notice of the claims bar date is adequate constructive notice sufficient to satisfy due process requirements . . . ."); *In re U.S.H. Corp. of New York*, 223 B.R. 654, 659 (Bankr. S.D.N.Y. 1998) (same). Furthermore, debtors are not required to publish notice in an excessive number of publications. *See In re Best Prods. Co., Inc.*, 140 B.R. 353, 358

(Bankr. S.D.N.Y. 1992) (finding it impracticable to expect a debtor to publish notice in every newspaper that an unknown creditor possibly may read).

34.    To provide creditors reasonably known to the Debtors with actual notice of the Bar Dates proposed herein, the Debtors propose to serve the Bar Date Notice by no later than August 29, 2022 (35 days in advance of the General Claims Bar Date), upon all creditors identified during a thorough review of the Debtors' books and records.  As such, the Debtors will be providing actual notice to creditors reasonably known to them with no less than 35-days' notice of the General Claims Bar Date in satisfaction of Bankruptcy Rule 2002(a)(7).

35.    After the initial mailings of the Bar Date Notices and Proof of Claim Forms, the Debtors may, in their discretion, make supplemental mailings of notices, including in the event that:  (a) notices are returned by the post office with forwarding addresses;[7] (b) certain parties acting on behalf of parties in interest (*e.g.*, banks and brokers with respect to equity interest holders) decline to pass along notices to these parties and instead provide their names and addresses to the Debtors for direct mailing; and (c) additional potential claimants become known to the Debtors.  In these and similar circumstances, the Debtors request that the Bankruptcy Court permit them to make supplemental mailings of the Bar Date Notices and Proof of Claim Forms at any time up to 21 days in advance of the applicable Bar Date, with any such mailings deemed timely and the applicable Bar Date being enforced against the relevant creditors.

36.    To provide creditors unknown to the Debtors with constructive notice of the Bar Dates proposed herein, the Debtors propose to publish the Bar Date Notice, modified as necessary (but consistent with the requirements of the Guidelines), in each of *The New York Times* (National

---

[7]    However, if notices are returned as "return to sender" without a forwarding address, the Debtors respectfully request that they should not be required to mail additional notices to such creditors.

Edition), the *Financial Times* (International Edition), and any other such publications that the Debtors deem appropriate and disclose in their Affidavit of Service 28 days prior to the General Claims Bar Date. As such, the Debtors will be providing unknown creditors with at least 28 days' constructive notice of the General Claims Bar Date in satisfaction of the Guidelines and Bankruptcy Rule 2002(a)(7).

37. In light of the foregoing, service and publication of the Bar Date Notice as proposed herein is reasonably designed to reach all interested parties in a cost-effective manner and satisfies the requirements of the relevant provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and the Guidelines. Accordingly, the Debtors respectfully request that the Bankruptcy Court deem the proposed form of Bar Date Notice and mailing and publication thereof good, adequate, and sufficient notice of the Bar Dates set forth herein.

## **Reservation of Rights**

38. Nothing contained herein is intended or should be construed as (a) an admission as to the validity or priority of any claim or lien against the Debtors, (b) a waiver of the Debtors' rights to subsequently dispute such claim or lien on any grounds, (c) a promise or requirement to pay any prepetition claim, (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or the Bar Date Order, (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

## **Motion Practice**

39. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

**Notice**

40.     Notice of this Motion will be provided in accordance with the Case Management

Procedures.  The Debtors submit that, in light of the nature of the relief requested, no other or

further notice need be given.

**No Prior Request**

41.     No prior request for the relief sought in this Motion has been made to this or any

other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Bar Date Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

New York, New York
Dated:  July 18, 2022

*/s/ Joshua A. Sussberg*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        jsussberg@kirkland.com
              cmarcus@kirkland.com
              christine.okike@kirkland.com
              allyson.smith@kirkland.com

*Proposed Counsel to the Debtors and Debtors in Possession*

# **EXHIBIT A**

**Proposed Bar Date Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER (I) SETTING BAR DATES**
**FOR SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROCEDURES**
**FOR SUBMITTING PROOFS OF CLAIM, AND (III) APPROVING NOTICE THEREOF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of an order (this "Bar Date Order") pursuant to Federal Rule

of Bankruptcy Procedure 3003(c)(3):  (a) setting bar dates for creditors to submit Proofs of Claim in

these chapter 11 cases, (b) approving procedures for submitting Proofs of Claim, and

(c) approving the form of notice of the bar dates and manner of service thereof; all as more fully

set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over

this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*

*from the United States District Court for the Southern District of New York*, entered February 1,

2012; and this Court may enter a final order consistent with Article III of the United States

Constitution; and this Court having found that venue of this proceeding and the Motion in this

district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is

a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that the Debtors'

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

notice of the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted to the extent set forth herein.

2.      Except as otherwise provided herein, all persons and entities including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts, that assert a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors which arose before the Petition Date, <u>including</u> claims pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "503(b)(9) Claim"), shall submit a written proof of such Claim so that it is ***actually received*** by Stretto, Inc. (the "Notice and Claims Agent") on or before the later of **5:00 p.m. Eastern Time on October 3, 2022** (the "General Claims Bar Date"), in accordance with this Bar Date Order.

3.      Notwithstanding any other provision of this Bar Date Order, Proofs of Claim submitted by governmental units must be submitted so as to be ***actually received*** by the Notice and Claims Agent before **5:00 p.m. Eastern Time on January 3, 2023** (the "Governmental Bar Date"), the date that is the first business day following 180 days from the Petition Date.

4.      Any person or entity that holds a Claim arising from the rejection of an executory contract or unexpired lease must submit a Proof of Claim based on such rejection on or before the later of (a) the General Claims Bar Date and (b) any date this Court may fix in the applicable order authorizing such rejection and, if no such date is provided, 30 days from the date of entry of such order.   The Debtors will provide notice of the Rejection Bar Date to the contract or lease

counterparty whose contract or lease is being rejected at the time the Debtors reject any executory contract or unexpired lease.

5.      If the Debtors amend or supplement their schedules of assets and liabilities subsequent to the date hereof, the Debtors shall provide notice of any amendment or supplement to the holders of Claims affected thereby.  The Debtors shall also provide such holders with notice that they will be afforded at least 35 days from the date of such notice to submit Proofs of Claim with respect to Claims affected by the amendment or supplement of the Schedules or otherwise be forever barred from doing so.

6.      In accordance with Bankruptcy Rule 3003(c)(2) and the Guidelines, any holder of a Claim that is not excepted from the requirements of the Bar Date Order and fails to timely submit a Proof of Claim in the appropriate form shall be forever barred, estopped, and enjoined from (a) asserting such Claim against the Debtors and their chapter 11 estates, (b) voting on any chapter 11 plan filed in this case on account of such Claim, and (c) participating in any distribution in these chapter 11 cases on account of such Claim.

7.      As appropriate, the Debtors shall mail one or more Proofs of Claim forms substantially similar to the Form of Proof of Claim annexed as **Exhibit B** to the Motion, which is hereby approved, indicating on the form how the Debtors have listed such creditor's Claim in the Schedules (including the identity of the Debtor, the amount of the Claim and whether the Claim has been scheduled as "contingent," "unliquidated," or "disputed").

8.      The following procedures for the submission of Proofs of Claim asserting Claims against the Debtors in these chapter 11 cases shall apply:

> a)  Each Proof of Claim must:  (i) be written in English; (ii) set forth (A) for any Claim based on cryptocurrency(ies) held in an account on the Debtors' platform, the number of units of each

3

cryptocurrency held in such account;[3] and (B) in the case of any other Claim, the amount of such Claim denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; (iv) be signed or electronically transmitted through the interface available on the Notice and Claims Agent's website at http://cases.stretto.com/Voyager by the claimant or by an authorized agent or legal representative of the claimant; and (v) unless otherwise consented to by the Debtors in writing, include supporting documentation unless voluminous, in which case a summary must be attached or an explanation provided as to why documentation is not available.

b)   In addition to the requirements set forth in (a) above, any Proof of Claim asserting a 503(b)(9) Claim must also:  (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iii) attach documentation of any reclamation demand made to any Debtor under section 546(c) of the Bankruptcy Code (if applicable); and (iv) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of the Bankruptcy Court authorizing the Debtors to pay prepetition Claims.

c)   Parties who wish to receive proof of receipt of their Proofs of Claim from the Notice and Claims Agent must also include with their Proof of Claim a copy of their Proof of Claim and a self-addressed, stamped envelope.

d)   Each Proof of Claim must specify by name and case number the Debtor against which the Claim is submitted.  A Proof of Claim submitted under Case No. 22-10943 or that does not identify a Debtor will be deemed as submitted only against Voyager Digital, LLC.  A Proof of Claim that names a subsidiary Debtor but is submitted under the Case No. 22-10943 will be treated as having been submitted against the subsidiary Debtor with a notation that a discrepancy in the submission exists.

e)   If the holder asserts a Claim against more than one Debtor or has Claims against different Debtors, a separate Proof of Claim form

---

[3]   For the avoidance of doubt, all claims for cryptocurrency held by any holder must clearly state (i) each type of cryptocurrency held and (ii) the number of units of each cryptocurrency held.

4

must be submitted with respect to each Debtor.  To the extent more than one Debtor is listed on the Proof of Claim, such Claim will be treated as if submitted only against the first-listed Debtor.

f)  Each Proof of Claim, including supporting documentation, must be submitted so that the Notice and Claims Agent **actually receives** the Proof of Claim on or before the applicable Bar Date by: (i) electronically using the interface available on the Notice and Claims Agent's website at https://cases.stretto.com/Voyager, or (ii) first-class U.S. Mail, overnight mail, or other hand-delivery system, which Proof of Claim must include an *original* signature, at the following address:  Voyager Claims Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL <u>NOT</u> BE ACCEPTED AND WILL <u>NOT</u> BE DEEMED TIMELY SUBMITTED.**

9.  The following persons or entities need *not* submit a Proof of Claim in these chapter 11 cases on or prior to the General Claims Bar Date:

a)  any person or entity that has already submitted a Proof of Claim against the Debtors with the Clerk of the Bankruptcy Court or the Debtors' Notice and Claims Agent (defined herein) in a form substantially similar to Official Bankruptcy Form No. 410;

b)  any person or entity whose Claim is listed on the Schedules filed by the Debtors; provided that (i) the Claim is *not* scheduled as "disputed," "contingent" or "unliquidated"; (ii) the claimant agrees with the amount, nature and priority of the Claim as set forth in the Schedules; *and* (iii) the claimant does not dispute that the Claim is an obligation of the specific Debtor against which the Claim is listed on the Schedules;

c)  any individual holder of a Claim for principal, interest, or applicable fees or charges on account of any note, bond, or debenture issued by the Debtors pursuant to an indenture or a credit agreement with respect to such Claim;

d)  any holder of a Claim that has already been paid in full;

e)  any holder of a Claim for which a specific deadline has previously been fixed by the Bankruptcy Court or otherwise fixed pursuant to the Bar Date Order;

5

f)   any Debtor having a Claim against another Debtor or any of the non-debtor subsidiaries (whether direct or indirect) of Voyager Digital Ltd. having a Claim against the Debtors;

g)   any holder of a Claim based on an equity interest in the Debtors;

h)   any holder of a Claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided* that any person or entity asserting a claim entitled to administrative expense status under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a Proof of Claim on or prior to the General Claims Bar Date;

i)   any current employee of the Debtors, if an order of the Bankruptcy Court authorized the Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit; any current or former employee must submit a Proof of Claim by the General Claims Bar Date for all other Claims arising before the Petition Date, including Claims for wrongful termination, discrimination, harassment, hostile work environment, and retaliation;

j)   any current or former officer or director for indemnification, contribution, or reimbursement;

k)   claims for fees and expenses of professionals retained in these proceedings; and

l)   any person or entity holding a Claim solely against a non-Debtor entity.

10.    Nothing in this Bar Date Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any Claim reflected in the Schedules.

11.    The notice substantially in the form annexed as **<u>Exhibit C</u>** to the Motion is approved and shall be deemed adequate and sufficient if served by first-class mail at least 35 days prior to the General Claims Bar Date on:

a)   the Master Service List (as defined in the *Interim Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 60]);

6

b) all known creditors and other known holders of potential Claims against the Debtors as of the date of entry of the Bar Date Order, including all persons or entities listed in the Schedules for which the Debtors have mailing addresses or email addresses;

c) all entities that have filed proofs of claim in these chapter 11 cases as of the date of the Bar Date Order;

d) all known non-Debtor equity and interest holders of the Debtors as of the date the Bar Date Order is entered;

e) all entities who are party to executory contracts and unexpired leases with the Debtors;

f) all entities who are party to litigation with the Debtors;

g) all current and former employees (to the extent that contact information for former employees is available in the Debtors' records);

h) all regulatory authorities that regulate the Debtors' businesses, including consumer protection, environmental, and permitting authorities; and

i) all taxing authorities for the jurisdictions in which the Debtors maintain or conduct business.

12.     After the initial mailing of the Bar Date Notices and Proof of Claim Forms, the Debtors may, in their discretion, make supplemental mailings of notices, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known to the Debtors. In this regard, the Debtors may make supplemental mailings of the Bar Date Notices and Proof of Claim Forms in these and similar circumstances at any time up to 21 days in advance of the applicable Bar Date, with any such mailings being deemed timely and the appropriate Bar Date being applicable to the recipient creditors.

13.     Pursuant to Bankruptcy Rules 2002(f) and 2002(*l*), the Debtors shall publish a form of the Bar Date Notice (modified as necessary but consistent with the requirements of the

Guidelines), substantially in the form annexed as **Exhibit D** to the Motion, on one occasion in each of *The New York Times* (National Edition), the *Financial Times* (International Edition), and any other such publications that the Debtors deem appropriate and disclose in their Affidavit of Service at least 28 days prior to the General Claims Bar Date, which publication is hereby approved and shall be deemed good, adequate, and sufficient publication notice of the General Claims Bar Date.

14.    Any person or entity who desires to rely on the Schedules will have the responsibility for determining that such person's or entity's Claim is accurately listed in the Schedules.

15.    The Debtors' and their Notice and Claims Agent are authorized to take all actions and make any payments necessary to effectuate the relief granted pursuant to this Bar Date Order in accordance with the Motion.

16.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Local Rules of this Court are satisfied by such notice.

17.    Notwithstanding anything to the contrary, the terms and conditions of this Bar Date Order are immediately effective and enforceable upon its entry.

18.    Entry of this Bar Date Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of Claims or interests not subject to the General Claims Bar Date established herein must submit such Proofs of Claim or interest or be barred from doing so.

19.    The Bankruptcy Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Bar Date Order.

New York, New York
Dated: _____, 2022

_____
UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT B**

**Proposed Form of Proof of Claim**

**Fill in this information to identify the case:**

Name of Debtor & Case Number:

❑   Voyager Digital Holdings, Inc. (Case No. 22-10943)

❑   Voyager Digital Ltd. (Case No. 22-10944)

❑   Voyager Digital, LLC (Case No. 22-10945)

**United States Bankruptcy Court for the Southern District of New York**

Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of administrative expenses arising under 11 U.S.C. §503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

| | | |
| --- | --- | --- |
| 1. | **Who is the current creditor?** | Name of the current creditor (the person or entity to be paid for this claim) _____<br><br>Other names the creditor used with the debtor  _____ |
| 2. | **Has this claim been acquired from someone else?** | ❑ No<br>❑ Yes.  From whom? _____ |
| 3. | **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** <td>**Where should payments to the creditor be sent?** (if different)</td> |

Where should notices to the creditor be sent?

Name  _____

Number        Street

City                        State              ZIP Code

Contact phone  _____

Contact email  _____

Where should payments to the creditor be sent? (if different)

Name  _____

Number        Street

City                        State              ZIP Code

Contact phone  _____

Contact email  _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

| | | |
| --- | --- | --- |
| 4. | **Does this claim amend one already filed?** | ❑ No<br>❑ Yes.  Claim number on court claims registry (if known) _____          Filed on  _____<br>                                                                                                          MM   /  DD   / YYYY |
| 5. | **Do you know if anyone else has filed a proof of claim for this claim?** | ❑ No<br>❑ Yes.  Who made the earlier filing?  _____ |

6. **Do you have any number you use to identify the debtor?**

☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

7a. **How much is the claim?**    $_____ . **Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

7b. **List the number of each type of coin held in your account as of the date the case was filed.**

| | |
|---|---|
| AAVE (AAVE)_____ | Fantom (FTM)_____ |
| Cardano (ADA)_____ | Gala (GALA)_____ |
| Algorand (ALGO)_____ | Golem (GLM)_____ |
| MyNeighborAlice (ALICE)_____ | The Graph (GRT)_____ |
| Amp (AMP)_____ | Hedera Hashgraph (HBAR)_____ |
| Ankr Protocol (ANKR)_____ | Internet Computer (ICP)_____ |
| ApeCoin (APE)_____ | ICON (ICX)_____ |
| Cosmos (ATOM)_____ | IOTA (IOT)_____ |
| Audius (AUDIO)_____ | JASMYCoin (JASMY)_____ |
| Avalanche (AVAX)_____ | Kava (KAVA)_____ |
| Axie Infinity (AXS)_____ | Keep Network (KEEP)_____ |
| Band Protocol (BAND)_____ | Kyber Network (KNC)_____ |
| Basic Attention Token (BAT)_____ | Kusama (KSM)_____ |
| Bitcoin Cash (BCH)_____ | ChainLink (LINK)_____ |
| Biconomy (BICO)_____ | Locked Luna (LLUNA)_____ |
| Bancor (BNT)_____ | Livepeer (LPT)_____ |
| Bitcoin (BTC)_____ | Loopring (LRC)_____ |
| BitTorrent (BTT)_____ | Litecoin (LTC)_____ |
| Pancake Swap (CAKE)_____ | Terra Luna (LUNA)_____ |
| Celo (CELO)_____ | Luna Classic (LUNC)_____ |
| Chiliz (CHZ)_____ | Decentraland (MANA)_____ |
| Nervos Network (CKB)_____ | Polygon (MATIC)_____ |
| Compound (COMP)_____ | Maker (MKR)_____ |
| Curve Dao Token (CRV)_____ | Neo (NEO)_____ |
| Dai (DAI)_____ | Ocean Protocol (OCEAN)_____ |
| Dash (DASH)_____ | OMG Network (OMG)_____ |
| DigiByte (DGB)_____ | Ontology (ONT)_____ |
| Dogecoin (DOGE)_____ | Optimism (OP)_____ |
| Polkadot (DOT)_____ | Orchid (OXT)_____ |
| dYdX (DYDX)_____ | Perpetual Protocol (PERP)_____ |
| Elrond (EGLD)_____ | Polymath (POLY)_____ |
| Enjin (ENJ)_____ | Quant (QNT)_____ |
| Ethereum Name Service (ENS)_____ | Qtum (QTUM)_____ |
| Eos (EOS)_____ | Raydium (RAY)_____ |
| Ethereum Classic (ETC)_____ | Ren (REN)_____ |
| Ethereum (ETH)_____ | Oasis Network (ROSE)_____ |
| Harvest Finance (FARM)_____ | Sandbox (SAND)_____ |
| Fetch.ai (FET)_____ | Shiba Inu (SHIB)_____ |
| Filecoin (FIL)_____ | Skale (SKL)_____ |
| Flow (FLOW)_____ | Solana (SOL)_____ |

Spell Token (SPELL)_____

Serum (SRM)_____

StormX (STMX)_____

SushiSwap (SUSHI)_____

OriginTrail (TRAC)_____

TRON (TRX)_____

TrueUSD (TUSD)_____

UMA (UMA)_____

Uniswap (UNI)_____

USD Coin (USDC)_____

Tether (USDT)_____

VeChain (VET)_____

Voyager Token (VGX)_____

Wrapped Bitcoin (WBTC)_____

Stellar Lumens (XLM)_____

Monero (XMR)_____

Ripple (XRP)_____

Tezos (XTZ)_____

Verge (XVG)_____

yearn.finance (YFI)_____

DFI.Money (YFII)_____

Yield Guild Games (YGG)_____

Zcash (ZEC)_____

Horizen (ZEN)_____

0x (ZRX)_____

| 8. | **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. |
| | | Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). |
| | | Limit disclosing information that is entitled to privacy, such as health care information. |
| | | _____ |

| 9. | **Is all or part of the claim secured?** | ☐ No |
| | | ☐ Yes.  The claim is secured by a lien on property. |

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a _Mortgage Proof of Claim Attachment_ (Official Form 410-A) with this _Proof of Claim_.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

| 10. | **Is this claim based on a lease?** | ☐ No |
| | | ☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ |

| 11. | **Is this claim subject to a right of setoff?** | ☐ No |
| | | ☐ Yes. Identify the property: _____ |

| | | Amount entitled to priority |
|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br>☐ Yes. *Check one:* | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No<br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within twenty (20) days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____ |

## Part 3:   Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
                  MM  /  DD  /  YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name  _____
      First name            Middle name            Last name

Title  _____

Company  _____
         Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  _____
         Number        Street

_____
City                        State    ZIP Code

Contact phone  _____   Email  _____

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                        12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure  (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or go to https://cases.stretto.com/Voyager

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured  claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Do not file these instructions with your form.**

**EXHIBIT C**

**Proposed Bar Date Notice**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) Case No. 22-10943 (MEW) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**NOTICE OF DEADLINE**
**REQUIRING SUBMISSION OF PROOFS**
**OF CLAIM ON OR BEFORE OCTOBER 3, 2022,**
**AND RELATED PROCEDURES FOR SUBMITTING PROOFS**
**OF CLAIM IN THE ABOVE-CAPTIONED CHAPTER 11 CASES**

**TO:    ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY DEBTOR LISTED ON PAGE 2 OF THIS NOTICE IN THE ABOVE-CAPTIONED CHAPTER 11 CASES.**

The United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has entered an order (the "Bar Date Order") establishing **5:00 p.m. Eastern Time on October 3, 2022** (the "General Claims Bar Date"), as the last date for each person or entity[2] (including individuals, partnerships, corporations, joint ventures, and trusts) to submit a Proof of Claim against any of the Debtors listed on page 2 of this notice (collectively, the "Debtors").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital, Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

Except for those holders of the claims listed below that are specifically excluded from the General Claims Bar Date submission requirement, the Bar Dates[3] and the procedures set forth below for submitting proofs of claim (each, a "Proof of Claim") apply to all Claims (defined below) against the Debtors that arose prior to **July 5, 2022** (the "Petition Date"), the date on which the Debtors commenced cases under chapter 11 of the United States Bankruptcy Code, **including parties asserting Claims pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "503(b)(9) Claim")**.[4]  In addition, governmental units have until **5:00 p.m. Eastern Time on January 3, 2023** (the date that is the first business day following 180 days after the order for relief), to submit Proofs of Claim.

> **A holder of a possible Claim against the Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should submit a Proof of Claim.**

## Debtors in these Chapter 11 Cases

| Debtor Name | Last Four Digits of Tax Identification Number | Case Number |
|---|---|---|
| Voyager Digital Holdings, Inc. | 7687 | 22-10943 |
| Voyager Digital Ltd. | 7224 | 22-10944 |
| Voyager Digital, LLC | 8013 | 22-10945 |

## Who Must Submit a Proof of Claim

You **MUST** submit a Proof of Claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a Claim that arose before the Petition Date and it is *not* one of the types of Claims described under the heading "Who Need Not Submit a Proof of Claim" below.  Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be submitted on or prior to the applicable Bar Date, even if such Claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the Petition Date.

---

[2]  As used herein, the term "entity" has the meaning given to it in section 101(15) of title 11 of the United States Code (the "Bankruptcy Code"), and includes all persons, estates, trusts and the United States trustee.  Further, the terms "person" and "governmental unit" have the meanings given to them in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

[3]  Defined collectively as the Rejection Bar Date (further defined herein), the General Claims Bar Date, the Supplemental Bar Date (further defined herein), and the Governmental Bar Date.

[4]  "503(b)(9) Claims" are Claims on account of goods received by a Debtor within 20 days before the Petition Date, where such goods were sold to the Debtor in the ordinary course of such Debtor's business.  *See* 11 U.S.C. § 503(b)(9).

Under section 101(5) of the Bankruptcy Code and as used in this notice, the word "Claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## **What To Submit**

The Debtors are enclosing a Proof of Claim form for use in the cases; if your Claim is scheduled by the Debtors, the form also sets forth the amount of your Claim as scheduled by the Debtors, the specific Debtor against which the Claim is scheduled, and whether the Claim is scheduled as disputed, contingent, or unliquidated. You will receive a different Proof of Claim form for each Claim scheduled in your name by the Debtors. You may utilize the Proof of Claim form(s) provided by the Debtors to submit your Claim.

Your Proof of Claim form must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).

Additional Proof of Claim forms may be obtained by contacting the Debtors' notice and claims agent, Stretto, Inc. (the "Notice and Claims Agent"), by calling 855-473-8665 for callers in the United States or by calling 949-271-6507 for callers outside the United States and/or visiting the Debtors' restructuring website at: http://cases.stretto.com/Voyager.

The following procedures for the submission of Proofs of Claim against the Debtors in these chapter 11 cases shall apply:

a) Each Proof of Claim must: (i) be written in English; (ii) set forth (A) for any Claim based on cryptocurrency(ies) held in an account on the Debtors' platform, the number of units of each cryptocurrency held in such account;[5] and (B) in the case of any other Claim, the amount of such Claim denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; (iv) be signed or electronically transmitted through the interface available on the Notice and Claims Agent's website at http://cases.stretto.com/Voyager by the claimant or by an authorized agent or legal representative of the claimant; and (v) unless otherwise consented to by the Debtors in writing, include supporting documentation unless voluminous, in which

---

[5]   For the avoidance of doubt, all claims for cryptocurrency held by any holder must clearly state (i) each type of cryptocurrency held and (ii) the number of units of each cryptocurrency held.

case a summary must be attached or an explanation provided as to why documentation is not available.

b)  In addition to the requirements set forth in (a) above, any Proof of Claim asserting a 503(b)(9) Claim must also:  (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iii) attach documentation of any reclamation demand made to any Debtor under section 546(c) of the Bankruptcy Code (if applicable); and (iv) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of the Bankruptcy Court authorizing the Debtors to pay prepetition Claims.

c)  Parties who wish to receive proof of receipt of their Proofs of Claim from the Notice and Claims Agent must also include with their Proof of Claim a copy of their Proof of Claim and a self-addressed, stamped envelope.

d)  Each Proof of Claim must specify by name and case number the Debtor against which the Claim is submitted.  A Proof of Claim submitted under Case No. 22-10943 or that does not identify a Debtor will be deemed as submitted only against Voyager Digital, LLC.  A Proof of Claim that names a subsidiary Debtor, but is submitted under Case No. 22-10943 will be treated as having been submitted against the subsidiary Debtor with a notation that a discrepancy in the submission exists.

e)  If the holder asserts a Claim against more than one Debtor or has Claims against different Debtors, a separate Proof of Claim form must be submitted with respect to each Debtor.  To the extent more than one Debtor is listed on the Proof of Claim, such Claim will be treated as if submitted only against the first-listed Debtor.

f)  Receipt of Service:   Any claimant wishing to receive acknowledgment that Stretto received its Proof of Claim must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Stretto) and (ii) a self-addressed, stamped envelope.

## **When and Where To Submit**

Each Proof of Claim, including supporting documentation, must be submitted so that the Notice and Claims Agent *actually receives* the Proof of Claim on or before the applicable Bar Date by: (i) electronically using the interface available on the Notice and Claims Agent's website at

https://cases.stretto.com/Voyager, or (ii) first-class U.S. Mail, overnight mail, or other hand-delivery system, which Proof of Claim must include an ***original*** signature, at the following address: Voyager Claims Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL <u>NOT</u> BE ACCEPTED AND WILL <u>NOT</u> BE DEEMED TIMELY SUBMITTED.**

**<u>Who Need Not Submit a Proof of Claim</u>**

You do not need to submit a Proof of Claim on or prior to the General Claims Bar Date if you are:

a) any person or entity that has already submitted a Proof of Claim against the Debtors with the Clerk of the Bankruptcy Court or the Debtors' Notice and Claims Agent (defined herein) in a form substantially similar to Official Bankruptcy Form No. 410;

b) any person or entity whose Claim is listed on the Schedules (as defined below) filed by the Debtors; provided that (i) the Claim is ***not*** scheduled as "disputed," "contingent," or "unliquidated"; (ii) the claimant agrees with the amount, nature and priority of the Claim as set forth in the Debtors' Schedules (defined below); and (iii) the claimant does not dispute that the Claim is an obligation of the specific Debtor against which the Claim is listed on the Schedules;

c) any individual holder of a Claim for principal, interest, or applicable fees or charges on account of any note, bond, or debenture issued by the Debtors pursuant to an indenture or a credit agreement with respect to such Claim;

d) any holder of a Claim that has already been paid in full;

e) any holder of a Claim for which a specific deadline has previously been fixed by the Bankruptcy Court or otherwise fixed pursuant to the Bar Date Order;

f) any Debtor having a Claim against another Debtor or any of the non-debtor subsidiaries (whether direct or indirect) of Voyager Digital Ltd. having a Claim against the Debtors;

g) any holder of a Claim based on an equity interest in the Debtors;

h) any holder of a Claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided* that any person or entity asserting a claim entitled to administrative expense status under section 503(b)(9) of the Bankruptcy Code

5

must assert such claims by filing a request for payment or a Proof of Claim on or prior to the General Claims Bar Date;

i) any current employee of the Debtors, if an order of the Bankruptcy Court authorized the Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit; any current or former employee must submit a Proof of Claim by the General Claims Bar Date for all other Claims arising before the Petition Date, including Claims for wrongful termination, discrimination, harassment, hostile work environment, and retaliation;

j) any current or former officer or director for indemnification, contribution, or reimbursement;

k) claims for fees and expenses of professionals retained in these proceedings; and

l) any person or entity holding a Claim solely against a non-Debtor entity.

THIS NOTICE IS BEING SENT TO MANY PERSONS AND ENTITIES THAT HAVE HAD SOME RELATIONSHIP WITH OR HAVE DONE BUSINESS WITH THE DEBTORS BUT MAY NOT HAVE AN UNPAID CLAIM AGAINST THE DEBTORS.  THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE BANKRUPTCY COURT BELIEVE THAT YOU HAVE ANY CLAIM.

## Executory Contracts and Unexpired Leases

If you have a Claim arising from the rejection of an executory contract or unexpired lease, you must submit your Proof of Claim based on such rejection on or before the later of (a) the General Claims Bar Date and (b) any date the Bankruptcy Court may fix in the applicable order authorizing such rejection and, if no such date is provided, 30 days from the date of entry of such order (the "Rejection Bar Date").  The Debtors will provide notice of the Rejection Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtors reject any executory contract or unexpired lease.

## Supplemental Bar Date

In the event the Debtors amend or supplement their Schedules, the Debtors shall give notice of any such amendment to the holders of any Claim affected thereby, and such holders shall be afforded at least 35 days from the date on which such notice is given to submit a Proof of Claim with respect to such amended Claim (any such date, a "Supplemental Bar Date") or be forever barred from doing so.

## The Debtors' Schedules and Access Thereto

You may be listed as the holder of a Claim against one or more of the Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules").

Copies of the Debtors' Schedules are available: (a) from the Notice and Claims Agent by calling 855-473-8665 for callers in the United States or by calling 949-271-6507 for callers outside the United States and/or visiting the Debtors' restructuring website at: http://cases.stretto.com/Voyager; (b) by written request to Debtors' counsel at the address and telephone number set forth below; and/or (c) for inspection on the Bankruptcy Court's Internet Website at http://ecf.nysb.uscourts.gov. A login and password to the Bankruptcy Court's Public Access to Electronic Court Records are required to access this information and can be obtained at http://www.pacer.psc.uscourts.gov. Copies of the Schedules may also be examined between the hours of 8:30 a.m. and 4:00 p.m., Monday through Friday, at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, New York, New York 10004.

To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim forms regarding the nature, amount, and classification of your Claim(s). If the Debtors believe that you hold Claims against more than one Debtor, you will receive multiple Proof of Claim forms, each of which will reflect the nature and amount of your Claim listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the Claim is accurately listed in the Schedules; however, you may rely on the enclosed Proof of Claim form, which lists your Claim as scheduled, identifies the Debtor against which it is scheduled, and specifies whether the Claim is disputed, contingent, or unliquidated.

As set forth above, if you agree with the nature, amount, and classification of your Claim as listed in the Debtors' Schedules, and if you do not dispute that your Claim is only against the Debtor specified by the Debtors, and if your Claim is **not** described as "disputed," "contingent," or "unliquidated," **you need not submit a Proof of Claim**. Otherwise, or if you decide to submit a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this notice.

### Reservation of Rights

Nothing contained in this Bar Date Notice is intended, or should be construed, as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any submitted Proof of Claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification of such claims; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

### Consequences of Failure to Submit a Proof of Claim by the Applicable Bar Date

ANY HOLDER OF A CLAIM THAT IS <u>NOT</u> LISTED IN THIS NOTICE AS A PARTY EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER AND THAT FAILS TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM

AGAINST THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (2) VOTING ON ANY CHAPTER 11 PLAN OF REORGANIZATION FILED IN THESE CASES ON ACCOUNT OF SUCH CLAIM, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

**BY ORDER OF THE COURT**

New York, New York
Dated: _____, 2022

*/s/ Draft*
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:          jsussberg@kirkland.com
                cmarcus@kirkland.com
                christine.okike@kirkland.com
                allyson.smith@kirkland.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## EXHIBIT D

**Proposed Publication Notice**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) |
| | ) Case No. 22-10943 (MEW) |
| Debtors. | ) |
| | ) (Jointly Administered) |
| | ) |

**NOTICE OF BAR DATES FOR**
**SUBMITTING PROOFS OF CLAIM AND CLAIMS UNDER**
**SECTION 503(B)(9) OF THE BANKRUPTCY CODE AGAINST THE DEBTORS**

**PLEASE TAKE NOTICE THAT** the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has entered an order (the "Bar Date Order") establishing **5:00 p.m. Eastern Time on October 3, 2022** (the "General Claims Bar Date"), as the last date for each person or entity (including individuals, partnerships, corporations, joint ventures and trusts) to submit a Proof of Claim against any of the Debtors listed below (collectively, the "Debtors"). A copy of the Bar Date Order, and any exhibits thereto are available (i) at the Debtors' expense upon request to Stretto, Inc. (the noticing and claims agent retained in these chapter 11 cases), by calling 855-473-8665 for callers in the United States or by calling 949-271-6507 for callers outside the United States, (ii) for no charge by visiting the Debtors' restructuring website at http://cases.stretto.com/Voyager, or (iii) for a fee via PACER by visiting http://ecf.nysb.uscourts.gov.

The Bar Date Order requires that all entities (collectively, the "Claimants") holding or wishing to assert a claim that arose or is deemed to have arisen prior to July 5, 2022 (the "Petition Date"), against the Debtors ("Claims") to submit a Proof of Claim so as to be actually received by

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital, Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

Stretto, Inc. (the "Notice and Claims Agent") on or before the applicable bar date (collectively, the "Bar Dates") as set forth below. None of the bar dates described herein apply to any governmental unit. Pursuant to section 502(b)(9) of the Bankruptcy Code, all governmental units shall have at least 180 days from the commencement of these chapter 11 cases to submit Claims against the Debtors.

| Debtor Name | Last Four Digits of Tax Identification Number | Case Number |
|---|---|---|
| Voyager Digital Holdings, Inc. | 7687 | 22-10943 |
| Voyager Digital Ltd. | 7224 | 22-10944 |
| Voyager Digital, LLC | 8013 | 22-10945 |

| **General Claims Bar Date** (Applicable to 503(b)(9) Claims) | All Claimants holding or wishing to assert a Claim must submit a Proof of Claim with respect to such Claim so as to be **actually received** by the Notice and Claims Agent by **October 3, 2022, at 5:00 p.m. prevailing Eastern Time** (the "General Claims Bar Date"), including parties asserting Claims pursuant to section 503(b)(9) of the Bankruptcy Code. |
|---|---|
| **Supplemental Bar Date** | In the event the Debtors amend or supplement their schedules of assets and liabilities (collectively, the "Schedules"), the Debtors shall give notice of any such amendment to the holders of any Claim affected thereby, and such holders shall be afforded at least 35 days from the date on which such notice is given to submit a Proof of Claim with respect to such amended Claim (any such date, a "Supplemental Bar Date") or be forever barred from doing so. |
| **Rejection Bar Date** | If you have a Claim arising from the rejection of an executory contract or unexpired lease, you must submit a Proof of Claim based on such rejection on or before the later of (a) the General Claims Bar Date and (b) any date the Bankruptcy Court may fix in the applicable order authorizing such rejection and, if no such date is provided, 30 days from the date of entry of such order (the "Rejection Bar Date"). The Debtors will provide notice of the Rejection Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtors reject any executory contract or unexpired lease. |

## When and Where To Submit

Each Proof of Claim, including supporting documentation, must be submitted so that the Notice and Claims Agent **actually receives** the Proof of Claim on or before the applicable Bar Date by: (i) electronically using the interface available on the Notice and Claims Agent's website at https://cases.stretto.com/Voyager, or (ii) first-class U.S. Mail, overnight mail, or other hand-delivery system, which Proof of Claim must include an **original** signature, at the following address: Voyager Claims Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED AND WILL NOT BE DEEMED TIMELY SUBMITTED.**

**Contents of Proofs of Claim.**  Each Proof of Claim must:  (i) be written in English; (ii) set forth (A) for any Claim based on cryptocurrency(ies) held in an account on the Debtors' platform, the number of units of each cryptocurrency held in such account;[2] and (B) in the case of any other Claim, the amount of such Claim denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; (iv) be signed or electronically transmitted through the interface available on the Notice and Claims Agent's website at https://cases.stretto.com/Voyager by the claimant or by an authorized agent or legal representative of the claimant; and (v) unless otherwise consented to by the Debtors in writing, include supporting documentation unless voluminous, in which case a summary must be attached or an explanation provided as to why documentation is not available.  **Please note** that each Proof of Claim must state a Claim against only one Debtor.  To the extent the Proof of Claim lists more than one Debtor, the applicable Claim may be treated as if submitted only against the first-listed Debtor.  If a Proof of Claim does not identify a specific Debtor, the Proof of Claim will be considered as submitted only against Voyager Digital, LLC.

**Section 503(b)(9) Claims.**  Vendors and suppliers of goods may be entitled to request an administrative priority Claim under section 503(b)(9) of the Bankruptcy Code to the extent they delivered, and the Debtor received, goods within the twenty-day period prior to the Petition Date. The Bankruptcy Court has deemed the submission of a Proof of Claim as satisfying the procedural requirements for asserting such a Claim under section 503(b)(9) of the Bankruptcy Code.  In addition to the other requirements listed above, any Proof of Claim asserting a 503(b)(9) Claim must (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; (iii) attach documentation of any reclamation demand made against the Debtors under section 546(c) of the Bankruptcy Code (if applicable); and (iv) set forth whether any portion of the Section 503(b)(9) Claim was satisfied by payments made by the Debtors.

**Consequences of Failing to Timely Submit Your Proof of Claim.**  Any Claimant who is required, but fails, to submit a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such Claim against the Debtors (or submitting a Proof of Claim with respect thereto).  In such event, the Debtors' property shall be forever discharged from any and all indebtedness or liability with respect to such Claim, and such holder shall not be permitted to vote to accept or reject any plan of reorganization filed in these chapter 11 cases or participate in any distribution on account of such Claim or receive further notices regarding such Claim.

**Reservation of Rights.**  Nothing contained in this notice is intended to or should be construed as a waiver of the Debtor's right to:  (a) dispute, or assert offsets or defenses against, any submitted Claim or any Claim listed or reflected in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled Claim as disputed, contingent, or unliquidated; and (c) otherwise amend the Schedules.

---

[2]    For the avoidance of doubt, all claims for cryptocurrency held by any holder must clearly state (i) each type of cryptocurrency held and (ii) the number of units of each cryptocurrency held.

**<u>Additional Information.</u>**  If you have any questions regarding the claims process and/or if you wish to obtain a copy of the Bar Date Order (which contains a more detailed description of the requirements for submitting proofs of claim), a Proof of Claim form or related documents, you may do so by visiting the Debtors' restructuring website at http://cases.stretto.com/Voyager or contacting the Notice and Claims Agent by calling 855-473-8665 for callers in the United States or by calling 949-271-6507 for callers outside the United States and/or writing to the following address:  Voyager Claims Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602. Please note that the Notice and Claims Agent cannot advise you how to submit, or whether you should submit, a Proof of Claim.