**Hearing Date:  August 4, 2022, at 11:00 a.m. (prevailing Eastern Time)**
**Objection Deadline:  July 28, 2022, at 4:00 p.m. (prevailing Eastern Time)**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:       (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### NOTICE OF HEARING OF
### DEBTORS' OMNIBUS MOTION
### FOR ENTRY OF AN ORDER AUTHORIZING
### THE DEBTORS TO FILE UNDER SEAL THE NAMES OF
### CERTAIN CUSTOMERS AND CONFIDENTIAL PARTIES IN INTEREST
### RELATED TO THE DEBTORS' PROFESSIONAL RETENTION APPLICATIONS

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Omnibus Motion for Entry of an Order Authorizing the Debtors to File Under Seal the Names of Certain Customers and Confidential Parties in Interest Related to the Debtors' Professional Retention Applications* (the "Motion") will be held on August 4, 2022, at 11:00 a.m., prevailing Eastern Time (the "Hearing").  In accordance with General Order M-543 dated March 20, 2020, the Hearing will

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:   Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

be conducted telephonically.   Any parties wishing to participate must do so by making arrangements through CourtSolutions by visiting https://www.court-solutions.com.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Motion shall:  (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served so as to be actually received by **July 28, 2022, at 4:00 p.m., prevailing Eastern Time,** by (i) the entities on the Master Service List available on the case website of the above-captioned debtors and debtors in possession (the "Debtors")  at  https://cases.stretto.com/Voyager  and  (ii) any  person  or  entity  with  a particularized interest in the subject matter of the Motion.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing.  Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Debtors.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/Voyager.  You may also obtain copies of the Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated:  July 20, 2022           /s/ Joshua A. Sussberg
New York, New York              **KIRKLAND & ELLIS LLP**
                                **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                Joshua A. Sussberg, P.C.
                                Christopher Marcus, P.C.
                                Christine A. Okike, P.C.
                                Allyson B. Smith (admitted *pro hac vice*)
                                601 Lexington Avenue
                                New York, New York 10022
                                Telephone:    (212) 446-4800
                                Facsimile:    (212) 446-4900
                                Email:        jsussberg@kirkland.com
                                              cmarcus@kirkland.com
                                              christine.okike@kirkland.com
                                              allyson.smith@kirkland.com

                                *Proposed Counsel to the Debtors and Debtors in Possession*

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## DEBTORS' OMNIBUS MOTION
## FOR ENTRY OF AN ORDER AUTHORIZING
## THE DEBTORS TO FILE UNDER SEAL THE NAMES OF
## CERTAIN CUSTOMERS AND CONFIDENTIAL PARTIES IN INTEREST
## RELATED TO THE DEBTORS' PROFESSIONAL RETENTION APPLICATIONS

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>")

respectfully state the following in support of this motion (this "<u>Motion</u>"):

### <u>Relief Requested</u>

1.     The Debtors seek entry of an order (the "<u>Order</u>"), substantially in the form attached

hereto as **<u>Exhibit A</u>**:  (a) authorizing the Debtors to redact and file under seal the names of the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

Confidential Parties (as defined below) in connection with the Debtors' Professional Applications

(as defined below), and (b) granting related relief.[2]

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of New York

(the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Amended Standing Order of Reference from the United States District Court for the Southern*

*District of New York*, entered February 1, 2012.  The Debtors confirm their consent to the Court

entering a final order in connection with this Motion to the extent that it is later determined that

the Court, absent consent of the parties, cannot enter final orders or judgments in connection

herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a), 107(b), and 107(c) of

title 11 of the United States Code (the "Bankruptcy Code"), rule 9018-1 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 9037-1 and 9013-1 of the Local

Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## Background

5.      On July 5, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for

relief under chapter 11 of the Bankruptcy Code.  A detailed description of the facts and

circumstances of these chapter 11 cases is set forth in the *Declaration of Stephen Ehrlich, Chief*

---

[2]    Additional evidence in support of the relief requested herein will be presented at the hearing on this Motion to the extent requested, and the Debtors will make reasonable efforts to share such evidence, if any, with the United States Trustee for the Southern District of New York (the "U.S. Trustee") in advance of the hearing.

*Executive Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions*
[Docket No. 15] (the "First Day Declaration"), incorporated by reference herein.[3]

6.    The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 18].  On July 19, 2022, the United States Trustee for the Southern District of New York ("U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") [Docket No. 102].  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

## The Professional Applications

7.    The Debtors are filing contemporaneously herewith several applications to retain certain Professionals (as defined below) in these chapter 11 cases:

- Berkeley Research Group, LLC ("BRG"), as restructuring advisor to the Debtors (the "BRG Application"), together with an accompanying declaration from Mark A. Renzi, a Managing Director of BRG  (the "Renzi Declaration");

- Kirkland & Ellis LLP ("Kirkland"), as attorneys for the Debtors (the "Kirkland Application"), together with an accompanying declaration from Joshua Sussberg, a partner of the law firm of Kirkland (the "Sussberg Declaration");

- Moelis & Company, LLC ("Moelis"), as financial advisor to the Debtors (the "Moelis Application"), together with an accompanying declaration from Zul Jamal, a Managing Director at Moelis (the "Jamal Declaration");

- Stretto Inc. ("Stretto"), as administrative advisor to the Debtors (the  "Stretto Application"), together with an accompanying declaration from Sheryl Betance, a Senior Managing Director at Stretto (the "Betance Declaration"); and

- At a later date, the Debtors may file applications to retain other professionals, including Fasken Martineau Dumoulin LLP and Quinn Emanuel Urquhart & Sullivan, LLP (collectively with BRG, Kirkland, Moelis, and Stretto, the "Professionals") pursuant to section 327 of the Bankruptcy Code  (collectively, with the BRG Application, the Kirkland Application, the Moelis Application, and the Stretto Application, and any other applications to retain any Professionals pursuant to section 327 of the Bankruptcy

---

[3]    Capitalized terms not defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

Code, the "Professional Applications"), along with corresponding accompanying declarations (collectively, with the Renzi Declaration, the Sussberg Declaration, the Jamal Declaration, and the Betance Declaration, and any other declarations filed in connection with the Professional Applications, the "Professional Declarations").

8.      In connection with their proposed retention, the Professionals searched names and entities to determine whether any potential conflicts or other relationship exists that preclude the Professionals from meeting the disinterestedness standard under the Bankruptcy Code.  As such, included with the Professional Declarations are schedules setting forth the names and entities searched by the Professionals and the results of such searches.

9.      To protect the Debtors' commercially sensitive information and the Debtors' customers' personal information while providing the necessary disclosures required under the Bankruptcy Code and the Bankruptcy Rules, the Professionals disclosed in their schedules their relationships with certain of the Debtors' potential transaction counterparties (the "Confidential NDA Parties") and customers (the "Confidential Customer Parties," and together with the Confidential NDA Parties, the "Confidential Parties") without disclosing the names of such entities and individuals.

10.      The identities of the Confidential NDA Parties are redacted because the Confidential NDA Parties' non-disclosure agreements with the Debtors require that their identities remain confidential, and disclosure of their identities may unduly disrupt the Debtors' efforts to consummate a going-concern transaction.  The Debtors are currently engaged in an active and ongoing marketing process among certain potential transaction counterparties for a going-concern transaction.  Due to the inherently competitive nature of this process, revealing potential counterparties may chill the marketing process by preventing current potential counterparties from moving forward with negotiations.  Disclosing the identities of the potential counterparties before a transaction is negotiated in violation of the underlying confidentiality agreements could severely

hamper the sensitive negotiations between the Debtors and the potential counterparties, to the detriment of the marketing process, and interfere with the Debtors' ability to provide the greatest value for the benefit of their estates and all stakeholders.

11.    Additionally, the identities of the Confidential Customer Parties are redacted to prevent the Debtors' competitors from obtaining competitive commercial information regarding the Debtors' customers and to protect the safety and privacy of the customers' personally identifiable information.  The Debtors' customers are the Debtors' most valuable asset.  Based in the United States and around the world, the Debtors' customers use the Debtors' simple and secure platform to buy, sell, trade, and store cryptocurrency.  The Debtors' competitors do not have access to the Debtors' customers' personally identifiable information, including the names of the Debtors' customers.  If the Debtors' customer names are made publicly available, the Debtors' competitors could strategically target and pursue the Debtors' customers, which would, in turn, negatively impact the Debtors' business and ability to maximize the value of their estates.

12.    Furthermore, like many individuals who invest in cryptocurrencies, the Debtors' customers are particularly concerned with the security and privacy of their personally identifiable information because disclosure of such information could potentially result in a customer becoming the target of identity theft, blackmail, harassment, and stalking.  To protect customers' assets and personally identifiable information, all information the Debtors collect in connection with customer accounts are subject to the Debtors' privacy policy.  The Debtors' privacy policy provides, among other things, physical, electronic, and procedural safeguards that comply with state and federal regulations to protect customers' personal information.  Accordingly, the Debtors' ability to continue to protect customers' personal information is critical to maintaining customers' continued safety, loyalty, and business.

13.     In addition, on July 8, 2022, the Court entered the *Order (I) Authorizing the Debtors to File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (II) Authorizing the Debtors to File a Consolidated List of the Debtors' Fifty Largest Unsecured Creditors, (III) Authorizing the Debtors to Redact Certain Personally Identifiable Information, (IV) Approving the Form and Manner of Notifying Creditors of Commencement of These Chapter 11 Cases, and (V) Granting Related Relief* [Docket No. 54], authorizing the Debtors to redact on the Creditor Matrix, Schedules and Statements, and other documents filed with the Court individuals' personally identifiable information.

14.     Importantly, the Professionals have not represented and will not represent any of the Confidential Parties in connection with any matter in these chapter 11 cases.  Thus, the Professionals' connections to the Confidential Parties do not preclude the Professionals from meeting the disinterestedness standard under section 327(a) of the Bankruptcy Code.

15.     Unredacted versions of the Professional Declarations will be provided to the Court Clerk's office in accordance with Local Rule 9037-1(c).  The Debtors will also provide the U.S. Trustee with an unredacted version of the Professional Declarations in advance of the Hearing.

**Basis for Relief**

**I.     Redacting the Names of the Confidential Parties is Warranted Under Section 107(b) of the Bankruptcy Code.**

16.     Section 107(b) of the Bankruptcy Code provides bankruptcy courts with authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information.  This section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may:

>> (1)     protect an entity with respect to a trade secret or confidential research, development, or ***commercial information***; or

(2)    protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.[4]

17.    Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code.  Specifically, Bankruptcy Rule 9018 provides, in relevant part, that, upon motion, "the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information."  Fed. R. Bankr. P. 9018.

18.    If the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting party and has no discretion to deny the application."  *Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original).  Stated differently, section 107(b) of the Bankruptcy Code does not require a party seeking its protections to demonstrate "good cause."  *Orion Pictures*, 21 F.3d at 28. "Courts have supervisory power over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose."  *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes."  *Orion Pictures*, 21 F.3d at 27.  Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice."  *See In re Glob. Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003).  Confidential commercial information "has been defined as information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'"  *In re Faucett*, 438 B.R. 564, 567–68 (Bankr. W.D. Tex.

---

[4]    11 U.S.C. § 107(b) (emphasis added).

2010) (quoting *Orion Pictures Corp.*, 21 F.3d at 27).  Commercial information need not rise to the

level of a trade secret to be protected under section 107(b) of the Bankruptcy Code.[5]  Courts have

also held that the resulting sealing order should be broad (*i.e.*, "any order which justice requires").

*See, e.g.*, *In re Glob. Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) (citing Fed. R.

Bankr. P. 9018).

19.    Moreover, courts have held that such confidential commercial information includes

information related to a debtor's contractual non-disclosure agreements and customer lists.  *See*

*In re Windstream Holdings, Inc.*, No. 19-22312 (Bankr. S.D.N.Y. Aug. 2, 2022) (sealing

confidential information in connection with a retention application filed by certain of the debtors'

proposed retained professionals); *In re Carlson Travel, Inc.*, No. 90017 (Bankr. S.D. Tex. Jan. 10,

2022) (authorizing the debtors to seal identities of certain confidential parties pursuant to non-

disclosure agreements); *In re Washington Prime Group, Inc.*, No. 21-31948 (Bankr. S.D. Tex.

July 23, 2021) (same); *In re Altegrity, Inc.*, 2015 WL 10963572 (Bankr. D. Del. July 6, 2015)

(authorizing the debtors to seal certain governmental customer identities); *In re Faucett*, 428 B.R.

564 (Bankr. W.D. Tex. Oct. 12, 2010) (authorizing the debtors to seal certain exhibits that included

screenshots of customer lists).

20.    The Debtors submit that the names of the Confidential Parties contained in the

schedules to the Professional Declarations constitutes confidential commercial information that

may be protected under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018.  The

---

[5]    *See In re Northstar Energy, Inc.*, 315 B.R. 425, 429 (Bankr. E.D. Tex. 2004) ("A bankruptcy court is required to seal 'documentary information filed in court that does not rise to the level of a trade secret but that is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors.'"); *see also Orion Pictures*, 21 F.3d at 27–28 (holding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party must show only that the information it wishes to seal is "confidential" and "commercial" in nature).

Confidential NDA Parties are participants in the Debtors' efforts to negotiate a going-concern transaction for the benefit of all their stakeholders. The Debtors are required to maintain the confidentiality of the identities of the Confidential NDA Parties pursuant to certain non-disclosure agreements, and public disclosure of such identities may impair the negotiation process. In either case, the Confidential NDA Parties had an expectation of privacy and such expectation was reasonable given the requirement that such Confidential NDA Parties enter into non-disclosure agreements in order to receive diligence related to any proposed transaction. Due to the inherently competitive nature of such transactions, it is imperative that the identities of the Confidential NDA Parties remain confidential, or parties will be discouraged from participating in future transactions with the Debtors.

21. Furthermore, certain Confidential NDA Parties have requested, after soliciting their consent to disclosure, to remain confidential. When requested by a party in interest, protection of confidential commercial information under section 107(b) of the Bankruptcy Code is mandatory. *In re Orion Pictures Corp.*, 21 F.3d at 27 ("... the court is *required* to protect a requesting interested party and has no discretion to deny the application") (emphasis in original). Accordingly, a court is *required* to protect "documentary information filed in court . . . that is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors." *In re Northstar Energy, Inc.*, 315 B.R. at 429 (citing *In re Barney's, Inc.*, 201 B.R. 703, 708-09 (Bankr. S.D.N.Y. 1996)).

22. The names of the Debtors' customers also constitute confidential commercial information under section 107(b) of the Bankruptcy Code. The Debtors operate in a highly competitive market and the publication of the names of the Confidential Customer Parties may enable competitors to induce the Debtors' customers to use their services and products instead of

9

the Debtors'.  If any of the customers' names are publicly disclosed, the competitive advantage the Debtors' competitors would obtain will undoubtedly harm the Debtors' revenue and jeopardize the Debtors' ability to maximize the value of their estates.  Accordingly, disclosure of the Confidential Customer Parties would negatively impact the Debtors' business, put the Debtors at an enormous competitive disadvantage, and undermine the Debtors' efforts to reorganize.  The Debtors' competitors should not be allowed to use customer names to obtain an unfair business advantage to the detriment of the Debtors' estates and creditors.

23.     Public disclosure of the Confidential Parties could also potentially harm innocent third parties who have no stake in these chapter 11 cases and have relied on the Debtors and the Professionals to keep their relationships confidential.  As set forth in the Professional Declarations, the Professionals will not represent any of the Confidential Parties in connection with any matter in these chapter 11 cases.  Accordingly, the Debtors and the Professionals do not believe that the Professionals' connections to the Confidential Parties in matters unrelated to the Debtors preclude the Professionals from meeting the disinterestedness standard under the Bankruptcy Code.

24.     The Professionals have recognized (and been responsive to) their disclosure obligations under the Bankruptcy Code and have narrowly tailored the request set forth in this Motion to protect only the kind of commercially sensitive information that is entitled to be protected under section 107 of the Bankruptcy Code.  Indeed, the Professionals, collectively, have disclosed over 900 connections to potential parties in interest and request authority to maintain the confidentiality of a limited number of Confidential Parties at this time, together with any future customers or parties who (a) have executed nondisclosure agreements requiring the Debtors to maintain the confidentiality of their identities and/or (b) did not otherwise consent to the public disclosure of their identities.

25.    As a result, the Debtors believe that, in addition to all that has been disclosed in the Professional Declarations, authorizing the names of the Confidential Parties to be filed under seal is the best method to ensure transparency with respect to information disclosure while still preventing the negative implications of public disclosure.

## II.    Redacting the Names of the Confidential Customer Parties is Warranted Under Section 107(c) of the Bankruptcy Code and Required by Privacy and Data Protection Regulations.

26.    Section 107(c) of the Bankruptcy Code authorizes courts to issue orders that will protect information that would create "undue risk of identity theft or unlawful injury to the individual or the individual's property." 11 U.S.C. § 107(c)(1). Section 107(c) of the Bankruptcy Code protects "means of identification" from being publicly disclosed. 11 U.S.C. § 107(c)(1)(A). Means of identification includes "any name or number that may be used, along or in conjunction with any other information, to identify a specific individual[.]" 18 U.S.C. § 1028(d)(7).

27.    As noted by Collier on Bankruptcy, "[s]ection 107(c) gives the court broad discretion to protect an individual with respect to any information, including identifying information, in a paper filed or to be filed with the court to the extent that the court finds that disclosure of the information would create an undue risk of identity theft or unlawful injury to the individual or the individual's property." 2 COLLIER ON BANKRUPTCY ¶ 107.04 (16th ed.). Stated differently, "[t]he types of information that can be protected by the court are unlimited" and go beyond the types of identification referenced in Bankruptcy Code section 107(c)(1)(A), especially in light of the broad language in Bankruptcy Code section 107(c)(1)(B) authorizing protection of "other information." *Id.*

28.    In addition, privacy and data protection regulations have been enacted in key jurisdictions where certain of the Debtors' customers reside. The United Kingdom Data Protection Act of 2018 and the United Kingdom General Data Protection Regulation (together, the "UK

11

GDPR"), the European General Data Protection Regulation (the "EU GDPR"), and similar laws in other jurisdictions, impose significant constraints on the processing (which includes the transferring or disclosing) of information relating to identified or identifiable individuals (which includes names and home addresses of individuals and individual business contacts) ("Personal Data").   The UK GDPR and EU GDPR require a legal basis for any processing (including disclosure) of Personal Data.  The only possible legal basis that may apply for disclosing the Personal Data in this instance would be the "legitimate interests" ground (Article 6(1)(f) UK GDPR and EU GDPR).  This ground, however, will only apply where the processing is necessary for the relevant purpose.  Such processing will not be necessary where there is a less intrusive way of achieving that purpose.  This ground will also not apply if, when balanced against each other, the rights and freedoms of the relevant individuals override the legitimate interest in question.  The legal basis of "compliance with a legal obligation" (Article 6(1)(c) UK GDPR and EU GDPR) would not be applicable in this situation because the legal obligation must exist under UK or EU law, which is not the case in the context of this chapter 11 case.

29.     In addition, processing (including disclosure) under the UK GDPR and EU GDPR must comply with certain key principles, including the principle of data minimization, which requires that any processing must be necessary in relation to its purpose.  The Professionals will provide the Court, the U.S. Trustee, and any statutorily formed committees with unredacted versions of the Professional Declarations.  Accordingly, the public disclosure of the names of the Confidential Customer Parties is not necessary for the purpose of determining the disinterestedness of the Debtors' Professionals.  The right of individual customers not to have their unredacted names disclosed on the public docket would also override the legitimate interest of disclosing such information in connection with the Professional Applications.  Disclosure in an unredacted form

12

therefore risks breaching the UK GDPR and EU GDPR on account of (i) having no legal basis and (ii) breaching the minimization principle.

30.     Violators of the UK GDPR and EU GDPR risk severe penalties.  If an organization is found to have processed information in breach of the UK GDPR, the organization may be fined up to the higher of £17,500,000 or 4% of worldwide annual turnover—i.e., total annual revenues—of the preceding financial year.  *See* United Kingdom Data Protection Act 2018, section 157(5)(a) (as amended by Data Protection, Privacy and Electronic Communications (Amendments etc.) (EU Exit) Regulations 2019).  Similarly, for a breach of the EU GDPR, the organization may be fined up to the higher of €20,000,000 or 4% of worldwide annual turnover—i.e., total annual revenues—of the preceding financial year.  *See* General Data Protection Regulation (EU) 2016/679, art. 83(5).

31.     The Debtors submit that the names of the Confidential Customer Parties contained in the schedules to the Professional Declarations constitutes personal information that may be protected under section 107(c)(1) of the Bankruptcy Code.  The privacy and security of personal identification information in the cryptocurrency industry is particularly important given the extreme high-risk and high-upside common in the crypto sector.  The public disclosure of any personal information regarding the Debtors' customers, including the Debtors' customer names, can put the Debtors' customers at a real risk of becoming the target of identity theft, blackmail, harassment, and stalking.  Furthermore, because certain of the Debtors' customers reside in jurisdictions all over the world, disclosing customer names risks violating the UK GDPR and EU GDPR and exposing the Debtors to potential civil liability and significant financial penalties.

32.     The risk in relation to 11 U.S.C. § 107(c)(1) is not merely speculative.  In at least one recent chapter 11 case, the abusive former partner of a debtor's employee used the publicly

13

accessible creditor and employee information filed in the chapter 11 case to track the employee at her new address that had not been publicly available until then, forcing the employee to change addresses again.[6]  This event suggests that disclosure of Personal Data would not satisfy a legitimate interests assessment and would not be compliant with the minimization principle under the UK GDPR and EU GDPR.

### III.    The Court Should Authorize the Professionals to Redact the Names of the Confidential Parties.

33.    The Debtors request authority for the Debtors and the Professionals to file redacted versions of the names of the Confidential Parties in the Professional Declarations.  The Debtors will provide the Court, the U.S. Trustee, and counsel to any statutorily formed committees with unredacted versions of the Professional Declarations.  The Debtors further request that the Order authorizing the seal remain for the duration of these chapter 11 cases so as not to frustrate the purpose of the Order.  At the conclusion of these chapter 11 cases, the Debtors will request to unseal or retrieve the Professional Declarations in compliance with Local Rule 9018-1.

34.    This proposed format for disclosure is carefully tailored to provide appropriate levels of information in these cases while still maintaining confidentiality of "commercial information" where truly necessary.

### Notice

35.    The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable:  (a) the U.S. Trustee; (b) the Committee; (c) the lender under the Debtors' prepetition loan facility; (d) the United States Attorney's Office for the Southern District

---

[6]    The incident, which took place during the first Charming Charlie chapter 11 proceedings in 2017, is described in the "creditor matrix motion" filed in *Charming Charlie Holdings Inc.*, Case No. 19-11534 (CSS) (Bankr. D. Del. Jul. 11, 2019), ECF No. 4.

of New York; (e) the Internal Revenue Service; (f) the Toronto Stock Exchange; (g) the attorneys general in the states where the Debtors conduct their business operations; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: July 20, 2022
New York, New York

/s/ Joshua A. Sussberg

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    jsussberg@kirkland.com
    cmarcus@kirkland.com
    christine.okike@kirkland.com
    allyson.smith@kirkland.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER AUTHORIZING THE DEBTORS**
**TO FILE UNDER SEAL THE NAMES OF CERTAIN**
**CUSTOMERS AND CONFIDENTIAL PARTIES IN INTEREST**
**RELATED TO THE DEBTORS' PROFESSIONAL RETENTION APPLICATIONS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing the Debtors to redact and file under seal the names of the Confidential Parties, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital, Ltd. (7224); and Voyager Digital, LLC  (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Debtors are authorized, pursuant to sections 105(a), 107(b), and 107(c) of the Bankruptcy Code, to (i) file the Professional Declarations and any documents related thereto with the names of the Confidential Parties under seal, and (ii) file the unredacted versions of such schedules under seal pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

2.      The unredacted version shall not be made available to any party without the sealing party's consent, may not be filed on the public docket, and shall remain under seal until further order of the Court.

3.      The Debtors shall submit an unredacted copy of the schedules to the Professional Declarations to the Clerk of the Court in an envelope under seal, clearly indicating that the same has been filed under seal by order of the Court.

4.      The Debtors are authorized to cause the unredacted versions of the Professional Declarations and any documents related thereto to be served on and made available, on a confidential basis, to: (a) the Court, (b) the U.S. Trustee, and (c) any other party as may be ordered by the Court or agreed to in writing by the Debtors and the Professionals, in each case under appropriate confidentiality agreements reasonably satisfactory to the Debtors and the

Professionals, that preserve the confidentiality of the names of the Confidential Parties (and any information derived therefrom).

5.      For the avoidance of doubt, this Order is without prejudice to the rights of the U.S. Trustee or any party in interest to seek to unseal the Professional Declarations, or any part thereof.

6.      The Professionals and any party authorized to receive the unredacted versions of the Professional Declarations shall be authorized and directed, subject to Local Rule 9037-1, to redact specific references to the information set forth therein from pleadings filed on the public docket maintained in these chapter 11 cases.

7.      Any party who receives the names of the Confidential Parties in accordance with this Order shall not disclose or otherwise disseminate this information to any other person or entity, including in response to a request under the Freedom of Information Act.

8.      The requirements set forth in Local Rules 9013-1, 9018-1, and 9037-1 are satisfied by the contents of the Motion.

9.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

10.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.     The Debtors and the Professionals are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12.    This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE