Hearing Date: August 4, 2022 at 11:00 a.m. (ET)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
:
In re                                                            :    Chapter 11
:
:    Case No. 22-10943 (MEW)
**VOYAGER DIGITAL HOLDINGS, INC.**, *et al.*,                    :
:    (Jointly Administered)
Debtors.[1]                                                      :
:    Re: Docket Nos. 73, 173
---------------------------------------------------------------- x

**STATEMENT OF METROPOLITAN COMMERCIAL BANK IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO (A) HONOR WITHDRAWALS FROM THE MC FBO ACCOUNTS, (B) LIQUIDATE CRYPTOCURRENCY FROM CUSTOMER ACCOUNTS WITH A NEGATIVE BALANCE, (C) SWEEP CASH HELD IN THIRD-PARTY EXCHANGES, (D) CONDUCT ORDINARY COURSE RECONCILIATION OF CUSTOMER ACCOUNTS, AND (E) CONTINUE STAKING CRYPTOCURRENCY, AND (II) GRANTING RELATED RELIEF**

Metropolitan Commercial Bank hereby submits this statement in support of *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to (A) Honor Withdrawals from the MC FBO Accounts, (B) Liquidate Cryptocurrency from Customer Accounts with a Negative Balance, (C) Sweep Cash Held in Third-Party Exchanges, (D) Conduct Ordinary Course Reconciliation of Customer Accounts, and (E) Continue Staking Cryptocurrency, and (II) Granting Related Relief* [ECF No. 73] (the "FBO Motion") and the Supplement to the FBO Motion [ECF No. 173] (the "FBO Motion Supplement") and states as follows:[2]

1.  Metropolitan Commercial Bank ("MC Bank") is a New York-based bank that provides various banking services to Voyager. As set forth in the FBO Motion and FBO Motion

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (N/A); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2] Capitalized terms not defined herein have the meanings ascribed to them in the FBO Motion and the FBO Motion Supplement.

Supplement, MC Bank holds two accounts that were opened by Voyager and are governed by an agreement (the "FBO Agreement") between MC Bank and Voyager, but are for the benefit of Voyager's customers (the "FBO Accounts").[3] Voyager is not named as an account holder of the FBO Accounts, and Voyager does not have any claim to the customer funds in the FBO Accounts.

2. As of the Petition Date, the FBO Accounts held approximately $270 million of Voyager customers' funds.

3. As the Court is aware, in the ordinary course Voyager customers use Voyager's mobile application to transfer U.S. dollars from their personal accounts into their Voyager accounts (which funds are held in the applicable FBO Account) and make withdrawals the same way. U.S. dollars held by customers in their Voyager accounts are deposited to the applicable FBO Account, and credits and debits of U.S. dollars from customers' Voyager accounts are cleared through the applicable FBO Account. Customers may then use U.S. dollar balances in their Voyager accounts (which are held in the applicable FBO Account) to purchase crypto via the Voyager platform. The vast majority of these transactions are made through Automated Clearing House ("ACH") transactions for which, under section 3.6 of the FBO Agreement, MC Bank agreed to serve as Originating and Receiving Depository Institution, pursuant to a separate ACH Agreement. Pursuant to the FBO Agreement, the Debtors are responsible for maintaining customer records and reconciling accounts to ensure that all customer cash transactions and balances are accounted for.

4. In the first days of these cases, the Debtors — and by extension MC Bank and the applicable FBO Account — were faced with an influx of ACH return (also referred to as

---

[3] There are two Voyager-related FBO Accounts, one for wire transfers and one for Automated Clearing House ("ACH") transfers.

chargeback) requests, many of which are suspected to be fraudulent. Under the National Automated Clearing House Association rules, those returns were immediately debited from the applicable FBO Account with MC Bank only having the right to investigate and challenge suspected fraud subsequently. Pursuant to the interim cash management order, MC Bank's rights to investigate and challenge chargebacks were delegated to Voyager. *See* ECF No. 53 ¶ 8.

5. Pursuant to the FBO and ACH Agreements, Voyager is responsible to cover any amounts debited from the applicable FBO Account by reason of returns or ACH chargebacks, even if fraudulent. In the ordinary course of business before these cases were commenced, the Debtors transferred funds from Voyager's general operating account to cover the amounts of those debits, as required by the governing agreements.

6. That procedure has not been followed for the first several weeks of the case, resulting in an imbalance in the applicable FBO Account. If the Debtors are not authorized to comply with their obligations under the FBO and ACH Agreements to make the applicable FBO Account whole, and if customers seek to withdraw all funds, the Debtors, their customers, and MC Bank would be placed in an untenable position, whereby some customer accounts may come up short. In order to ensure that customer withdrawals can resume in an orderly manner and ensure fair treatment of all similarly situated customers, the Debtors must be authorized and directed to perform their obligations under the FBO and ACH Agreements to cover the amounts that have been debited from the applicable FBO Account.

7. MC Bank is aware of the anxiety and hardship that customers have experienced from the freezing of USD balances in their accounts. It is fully supportive of the Debtors' request that they be permitted to resume all ordinary course practices with respect to the FBO

Accounts, allowing customers to withdraw funds rightfully owing to them, and ensure the sufficiency of such funds in the account.

For the foregoing reasons, MC Bank respectfully requests that the Court grant the relief requested in the FBO Motion and the FBO Motion Supplement and such other relief as may be just and proper.

| | |
|---|---|
| Dated: July 30, 2022<br>New York, New York | Respectfully submitted,<br><br>/s/ Amy R. Wolf<br>Richard G. Mason<br>Amy R. Wolf<br>Angela K. Herring<br>WACHTELL, LIPTON, ROSEN & KATZ<br>51 West 52nd Street<br>New York, New York  10019<br>Telephone:  (212) 403-1000<br>Facsimile:  (212) 403-2000<br>Email:  RGMason@wlrk.com<br>          ARWolf@wlrk.com<br>          AKHerring@wlrk.com<br><br>*Attorneys for Metropolitan Commercial Bank* |