Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) ) ) | Case No. 22-10943 (MEW) |
| Debtors. | ) ) | (Jointly Administered) |

**NOTICE OF FILING OF REVISED
PROPOSED FINAL ORDER (I) AUTHORIZING THE PAYMENT
OF CERTAIN TAXES AND FEES AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that on July 6, 2022, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief* [Docket No. 30] (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that on July 7, 2022, the Debtors filed a revised proposed *Interim Order (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief* [Docket No. 41] (the "Revised Proposed Interim Order"). On July 8, 2022, the Court entered the Revised Proposed Interim Order [Docket No. 56].

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file a revised proposed *Final Order (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief* attached hereto as **Exhibit A** (the "Revised Proposed Order").

**PLEASE TAKE FURTHER NOTICE THAT** a comparison between the Revised Proposed Order and the Revised Proposed Interim Order is attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in the above-captioned chapter 11 cases may be obtained free of charge by visiting the website of Stretto at http://www.cases.stretto.com/Voyager. You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

[*Remainder of page intentionally left blank.*]

| | |
|---|---|
| Dated: August 2, 2022<br>New York, New York | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>Christopher Marcus, P.C.<br>Christine A. Okike, P.C.<br>Allyson B. Smith (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:  (212) 446-4800<br>Facsimile:   (212) 446-4900<br>Email:         jsussberg@kirkland.com<br>                    cmarcus@kirkland.com<br>                    christine.okike@kirkland.com<br>                    allyson.smith@kirkland.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |

## Exhibit A

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**FINAL ORDER (I) AUTHORIZING THE PAYMENT
OF CERTAIN TAXES AND FEES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"), (a) authorizing the Debtors, in their sole discretion, to remit and pay certain accrued and outstanding Taxes and Fees and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and that this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth herein.

2. The Debtors are authorized to pay or remit (or use applicable credits to offset), in their sole discretion, the Taxes and Fees (including, for the avoidance of doubt, posting collateral or a letter of credit in connection with any dispute related to the Assessments), whether accrued prior to or after the Petition Date, that are payable during the pendency of these chapter 11 cases, on a final basis, at such time when the Taxes and Fees are payable in the ordinary course of business. To the extent that the Debtors have overpaid any Taxes and Fees, the Debtors are authorized to seek a refund or credit on account of any such Taxes and Fees.

3. The Debtors are authorized to honor any amounts owed on account of any audits conducted in connection with their Taxes and Fees in the ordinary course of business.

4. The Debtors shall not make any payments with respect to the Taxes and Fees to or for the benefit of a non-Debtor without prior written consent of the Committee, which consent shall not be unreasonably withheld.

5. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim;

(d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Final Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

6. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

7. Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis is expressly reserved.

8. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored

as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any the relief granted herein.

9. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

New York, New York
Dated: _____, 2022

                                                THE HONORABLE MICHAEL E. WILES
                                                UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit B</u>**

**Redline**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC. *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**INTERIMFINAL ORDER (I) AUTHORIZING THE PAYMENT
OF CERTAIN TAXES AND FEES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interima final order (this "InterimFinal Order"), (a) authorizing the Debtors, in their sole discretion, to remit and pay certain accrued and outstanding Taxes and Fees, and (b) scheduling a final hearing to consider approval of the Motion on a final basis, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and that this Court having the power to enter a final order consistent with Article III of the United States Constitution; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (N/A7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on ~~an interim~~ a final basis as set forth herein.

~~2. The final hearing (the "Final Hearing") on the Motion shall be held on August 4, 2022, at 11:00 a.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on July 28, 2022, and shall be served on: (a) the Debtors, Voyager Digital Holdings, Inc., 33 Irving Place, Suite 3060, New York, New York 10003, Attn: David Brosgol; (b) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., Christopher Marcus, P.C., Christine A. Okike, P.C., and Allyson B. Smith; (c) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn.: Richard Morrissey and Mark Bruh; and (d) counsel to any statutory committee appointed in these chapter 11 cases.~~

2. ~~3.~~ The Debtors are authorized to pay or remit (or use applicable credits to offset), in their sole discretion, the Taxes and Fees (including, for the avoidance of

2

doubt, posting collateral or a letter of credit in connection with any dispute related to the Assessments), whether accrued prior to or after the Petition Date, that are payable during the pendency of these chapter 11 cases, ~~in an amount not to exceed $3,000, absent further order of this Court, on an interim~~<ins>on a final</ins> basis, at such time when the Taxes and Fees are payable in the ordinary course of business~~, *provided* that the Debtors determine that in the absence of making such payment, the Debtors would suffer a loss of value in excess of such payment amount and the Debtors determine that there is a risk of immediate loss of value if they do not make such payment~~. To the extent that the Debtors have overpaid any Taxes and Fees, the Debtors are authorized to seek a refund or credit on account of any such Taxes and Fees.

~~4. Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due prior to the date of the Final Hearing.~~

3.  ~~5.~~ The Debtors are authorized to honor any amounts owed on account of any audits conducted in connection with their Taxes and Fees in the ordinary course of business.

4.  <ins>The Debtors shall not make any payments with respect to the Taxes and Fees to or for the benefit of a non-Debtor without prior written consent of the Committee, which consent shall not be unreasonably withheld.</ins>

5.  ~~6.~~ Notwithstanding the relief granted in this ~~Interim~~<ins>Final</ins> Order and any actions taken pursuant to such relief, nothing in this ~~Interim~~<ins>Final</ins> Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this ~~Interim~~<ins>Final</ins> Order or the Motion; (e) a request or authorization to

3

assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this ~~Interim~~Final Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

6. ~~7.~~ The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this ~~Interim~~Final Order.

7. Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis is expressly reserved.

8. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed

4

in connection with any the relief granted herein.

9. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this ~~Interim~~Final Order are immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this ~~Interim~~Final Order in accordance with the Motion.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this ~~Interim~~Final Order.

New York, New York
Dated: _____, 2022

                                        THE HONORABLE MICHAEL E. WILES
                                        UNITED STATES BANKRUPTCY JUDGE