Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | Case No. 22-10943 (MEW) |
| Debtors. | (Jointly Administered) |

**FIRST SUPPLEMENTAL DECLARATION OF**
**JOSHUA A. SUSSBERG IN SUPPORT OF THE DEBTORS'**
**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING**
**THE RETENTION AND EMPLOYMENT OF KIRKLAND & ELLIS LLP**
**AND KIRKLAND & ELLIS INTERNATIONAL LLP AS ATTORNEYS FOR**
**THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF JULY 5, 2022**

I, Joshua A. Sussberg, being duly sworn, state the following under penalty of perjury:

1.  I am the president of Joshua A. Sussberg, P.C., a partner of the law firm of Kirkland & Ellis LLP, located at 601 Lexington Avenue, New York, New York 10022, and a partner of Kirkland & Ellis International, LLP (together with Kirkland & Ellis LLP, collectively, "Kirkland"). I am a member in good standing of the Bar of the State of New York, and I have been admitted to practice in New York. There are no disciplinary proceedings pending against me.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

2. On July 5, 2022 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed a petition with this Court under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On July 20, 2022, the Debtors filed an application to employ and retain Kirkland as counsel for the Debtors [Docket No. 116] (the "Application")[2] pursuant to sections 327(a) and 330 of the Bankruptcy Code, rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

3. My declaration in support of the Application (the "Original Declaration") was attached to the Application as Exhibit B.

4. In connection with the Application, I submit this supplemental declaration (this "Supplemental Declaration") to provide additional disclosures in response to requests made by the U.S. Trustee and in accordance with Bankruptcy Rules 2014(a) and 2016(b). Unless otherwise stated in this Supplemental Declaration, I have personal knowledge of the facts set forth herein.

5. In paragraph 11 of the Original Declaration, I disclosed that it is Kirkland's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for the representation of that particular client. For the avoidance of doubt, the term "overtime expenses" used in paragraph 11 of the Original Declaration refers only to the reimbursement of necessary and actual outside secretarial overtime arising out of business necessity and charges for overtime meals and overtime transportation consistent with the Amended Guidelines and the Local Rules. Kirkland

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

2

submits that it will not charge the Debtors for internal secretarial overtime in these chapter 11 cases.

6.  Kirkland's policies and standard charges for client-reimbursable expenses and other charges were attached to the Engagement Letter filed with the Application. On page 3 of this attachment to the Engagement Letter, Kirkland provided, in relevant part, that "[t]here is no client charge for standard office supplies. Clients are charged for special items (e.g., a minute book, exhibit tabs/indexes/dividers, binding, etc.) and then at [Kirkland]'s actual cost." Kirkland submits that it will not charge the Debtors for standard office supplies in these chapter 11 cases.

7.  Paragraph 19 of the Original Declaration provides responses to the requests for information set forth in Paragraph D.1 of the Revised UST Guidelines. In response to the question in paragraph 19(c) of the Original Declaration, I disclosed Kirkland's current hourly rates for services rendered on behalf of the Debtors. For the avoidance of doubt, Kirkland's current hourly rates listed in paragraph 19(c) of the Original Declaration are the same hourly rates Kirkland used for services performed on behalf of the Debtors before the Petition Date.

[*Remainder of page intentionally left blank*]

3

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  August 2, 2022                                        Respectfully submitted,

/s/ *Joshua A. Sussberg*
Joshua A. Sussberg
as President of Joshua A. Sussberg, P.C., as Partner of Kirkland & Ellis LLP; and as Partner of Kirkland & Ellis International LLP