Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC. *et al.*,[1] | Case No. 22-10943 (MEW) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF JARED DERMONT
IN SUPPORT OF THE DEBTORS' OMNIBUS REPLY TO OBJECTIONS TO
BIDDING PROCEDURES MOTION AND FBO MOTION**

I, Jared Dermont, declare as follows under penalty of perjury:

1.     I am a Managing Director and head of the Financial Institutions Group (the "FIG Group") at Moelis & Company LLC ("Moelis"), an investment banking firm that has its principal office at 399 Park Avenue, 5th Floor, New York, New York 10022. Among the businesses and products that fall within the purview of the FIG Group are cryptocurrency, banks, asset managers, securities exchanges, and insurance companies. I also oversee Moelis' special purpose acquisition company advisory and capital markets businesses.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

2. Moelis has been engaged as the proposed investment banker to the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"). I submit this declaration (this "Declaration") in support of the *Debtors' Reply in Support of the Debtors' Motion Seeking Entry of an Order (I) Approving the Bidding Procedures and Related Dates and Deadlines, (II) Scheduling Hearings and Objection Deadlines with Respect to the Debtors' Sale, Disclosure Statement, and Plan Confirmation, and (III) Granting Related Relief* [Docket No. 215] (the "Reply"),[2] and to supplement my prior *Declaration of Jared Dermont Regarding the Debtors' Marketing Process and in Support of the Debtors Chapter 11 Petitions and First Day Motions* [Docket No. 16] and *Declaration of Jared Dermont in Support of the Debtors' Motion Seeking Entry of an Order (I) Approving the Bidding Procedures and Related Dates and Deadlines, (II) Scheduling Hearings and Objection Deadlines with Respect to the Debtors' Sale, Disclosure Statement and Plan Confirmation, and (III) Granting Related Relief* [Docket No. 151] (together, the "Previous Declarations"), which are incorporated into this Declaration by reference.

3. A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Steve Ehrlich, Co-Founder and Chief Executive Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 15] (the "First Day Declaration"), and is incorporated by reference herein.

4. Unless otherwise indicated, all facts set forth in this Declaration are based upon (a) my personal knowledge of the prepetition and postpetition marketing process, (b) information learned from my review of relevant documents, or (c) information I received from Moelis or the

---

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Reply or the First Day Declaration (as defined herein), as applicable. The material terms of the bidding procedures are set forth in greater detail in the *Debtors' Motion Seeking Entry of an Order (I) Approving the Bidding Procedures and Related Dates and Deadlines, (II) Scheduling Hearings and Objection Deadlines with Respect to the Debtors' Sale, Disclosure Statement, and Plan Confirmation, and (III) Granting Related Relief* [Docket No. 126] (the "Bidding Procedures Motion").

2

Debtors' other advisors. I am not being specifically compensated for this testimony other than through payments that are proposed to be received by Moelis as a professional retained by the Debtors. If I were called upon to testify, I could and would competently testify to the facts set forth herein. I am authorized to submit this Declaration on behalf of the Debtors.

### The Bidding Procedures

5. I believe that the proposed Bidding Procedures and timeline are reasonable and appropriate under the circumstances. The Debtors are engaged in a competitive sales process, having already received several initial indications of interest from third parties. Further, the Debtors expect to potentially receive additional proposals very shortly. The multiple indications of interest received to date, and those expected to be received in short order, evidence the need to let the sales process play out to ensure the highest value available under the circumstances is achieved. It is my belief that a competitive and thorough process is necessary to enhance the value for all stakeholders under the circumstances. The proposed Bidding Procedures and timeline contemplated therein are appropriate and necessary to encourage such a process. Accordingly, I do not believe it would be in the best interest of the Debtors or their estates to curtail the marketing process at this juncture.

6. Further, as more fully described in the Reply, the Bidding Procedures allow for appropriate flexibility and do not require any specific fiat, deal structure, or specific equity/asset acquisition. The Debtors crafted the Bidding Procedures in this way to increase interest and participation from interested parties. The optionality provided by the Bidding Procedures permits the Debtors to assess multiple paths forward and proceed down the one that, in their business judgment, will generate the most value available under the circumstances for their stakeholders.

7. Based on my experience, I believe that the Bidding Procedures properly enhance value for the Debtors and their stakeholders by facilitating a competitive process in which potential bidders are encouraged to participate and submit competing bids within the specified time frame necessary in chapter 11 cases of this size and complexity. Additionally, given (a) the duration and scope of the Debtors' prepetition marketing process, (b) the due diligence conducted to date by potential interested parties, (c) the postpetition marketing process described in the Bidding Procedures, (d) the initial indications of interest received to date and those expected to be received in short order, (e) the timeline proposed by the Debtors, and (f) the significant costs to the Debtors' estates of remaining in chapter 11 for a prolonged period of time, it is my view that the Bidding Procedures are reasonable and appropriate under the circumstances and should be approved.

[*Remainder of page intentionally left blank.*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated: August 3, 2022  
New York, New York

By:   */s/ Jared Dermont*  
Name: Jared Dermont  
Title: Managing Director  
Moelis & Company LLC  
*Proposed Investment Banker and Financial Advisor to the Debtors and Debtors-in-Possession*