Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF FILING OF REVISED PROPOSED
ORDER (I) AUTHORIZING THE DEBTORS TO
(A) HONOR WITHDRAWALS FROM THE MC FBO
ACCOUNTS, (B) LIQUIDATE CRYPTOCURRENCY FROM
CUSTOMER ACCOUNTS WITH A NEGATIVE BALANCE, (C) SWEEP
CASH HELD IN THIRD-PARTY EXCHANGES, (D) CONDUCT ORDINARY
COURSE RECONCILIATION OF CUSTOMER ACCOUNTS, AND (E) CONTINUE
STAKING CRYPTOCURRENCY, AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that on July 14, 2022, the above-captioned debtors and debtors

in possession (collectively, the "Debtors") filed the *Debtors' Motion for Entry of an Order*

*(I) Authorizing the Debtors to (A) Honor Withdrawals from the MC FBO Accounts, (B) Liquidate*

*Cryptocurrency from Customer Accounts with a Negative Balance, (C) Sweep Cash Held in*

*Third-Party Exchanges, (D) Conduct Ordinary Course Reconciliation of Customer Accounts, and*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

(E) *Continue Staking Cryptocurrency, and (II) Granting Related Relief* [Docket No. 173] (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that on August 2, 2022, the Debtors filed a revised proposed *Order (I) Authorizing the Debtors to (A) Honor Withdrawals from the MC FBO Accounts, (B) Liquidate Cryptocurrency from Customer Accounts with a Negative Balance, (C) Sweep Cash Held in Third-Party Exchanges, (D) Conduct Ordinary Course Reconciliation of Customer Accounts, and (E) Continue Staking Cryptocurrency, and (II) Granting Related Relief* [Docket No. 200] (the "Initial Revised Proposed Order").

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file a further revised proposed *Order (I) Authorizing the Debtors to (A) Honor Withdrawals from the MC FBO Accounts, (B) Liquidate Cryptocurrency from Customer Accounts with a Negative Balance, (C) Sweep Cash Held in Third-Party Exchanges, (D) Conduct Ordinary Course Reconciliation of Customer Accounts, and (E) Continue Staking Cryptocurrency, and (II) Granting Related Relief* attached hereto as **Exhibit A** (the "Second Revised Proposed Order").

**PLEASE TAKE FURTHER NOTICE** that a comparison between the Second Revised Proposed Order and the order filed with the Motion is attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that a comparison between the Second Revised Proposed Order and the Initial Revised Proposed Order is attached hereto as **Exhibit C**.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in the above-captioned chapter 11 cases may be obtained free of charge by visiting the website of Stretto at http://www.cases.stretto.com/Voyager.  You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated:  August 3, 2022          /s/ Joshua A. Sussberg
New York, New York          **KIRKLAND & ELLIS LLP**
                            **KIRKLAND & ELLIS INTERNATIONAL LLP**
                            Joshua A. Sussberg, P.C.
                            Christopher Marcus, P.C.
                            Christine A. Okike, P.C.
                            Allyson B. Smith (admitted *pro hac vice*)
                            601 Lexington Avenue
                            New York, New York 10022
                            Telephone:    (212) 446-4800
                            Facsimile:    (212) 446-4900
                            Email:        jsussberg@kirkland.com
                                          cmarcus@kirkland.com
                                          christine.okike@kirkland.com
                                          allyson.smith@kirkland.com

                            *Proposed Counsel to the Debtors and Debtors in Possession*

## Exhibit A

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) |
| | ) |
| VOYAGER DIGITAL HOLDINGS, INC. *et al.*,[1] | ) |
| | ) |
| Debtors. | ) |
| | ) |

Chapter 11

Case No. 22-10943 (MEW)

(Jointly Administered)

**ORDER (I) AUTHORIZING THE DEBTORS TO (A) HONOR WITHDRAWALS
FROM THE MC FBO ACCOUNTS, (B) LIQUIDATE CRYPTOCURRENCY
FROM CUSTOMER ACCOUNTS WITH A NEGATIVE BALANCE, (C) SWEEP
CASH HELD IN THIRD-PARTY EXCHANGES, (D) CONDUCT ORDINARY
COURSE RECONCILIATION OF CUSTOMER ACCOUNTS, AND (E) CONTINUE
STAKING CRYPTOCURRENCY, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing the Debtors to: (i) honor customer withdrawals from the MC FBO Accounts, (ii) liquidate cryptocurrency from customer accounts with a negative balance, (iii) sweep cash held in third-party exchanges, (iv) conduct ordinary course reconciliation of customer accounts, and (v) continue to stake cryptocurrency; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and that this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in

the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in

interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a

hearing on the Motion were appropriate under the circumstances and no other notice need be

provided; and this Court having reviewed the Motion and having heard the statements in support

of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having

determined that the legal and factual bases set forth in the Motion and at the Hearing establish just

cause for the relief granted herein; and upon all of the proceedings had before this Court; and after

due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      The Debtors are authorized to reinstate their ordinary course practices and

otherwise honor obligations with respect to the Cryptocurrency Transactions, whether occurring

prior to or after the Petition Date, as they deem appropriate in the ordinary course of business;

*provided, however*, that the Debtors shall give seven (7) business days' written notice

(the "Staking Notice") to the Committee prior to staking or unstaking cryptocurrency.  For the

avoidance of doubt, nothing in this Order shall authorize the Debtors to conduct any lending

activity.

3.      The Staking Notice shall include information sufficient to allow the Committee to

evaluate the proposed staking and unstaking, including, without limitation, the staking protocol,

the smart contract address, anticipated yield, the cryptocurrency to be staked, the cryptocurrency

or fiat the Debtors propose to convert to stake, staking mechanics, lock-up period, transaction fees,

actions required to unstake, and the involvement of any third-party and their respective fees.  If

the Committee objects to the proposed staking or unstaking within seven (7) business days of

receiving the Staking Notice, the Debtors shall not stake or unstake until such objection is adjudicated by this Court.

4.     Upon request by the Committee, the Debtors shall provide information sufficient to allow the Committee to evaluate staking positions entered into after the Petition Date.  Nothing in this Order shall affect the Committee's rights to object to the Debtors' staking positions entered into after the Petition Date.

5.     The Committee shall have thirty (30) days after entry of this Order to evaluate the Debtors' staking positions that existed as of the Petition Date.  The Debtors shall comply with all reasonable requests for information from the Committee to allow the Committee to conduct its evaluation of such staking positions, including, but not limited to the information identified in Paragraph 3 of this Order.  Nothing in this Order shall affect the Committee's rights to object to the Debtors' staking positions that existed as of the Petition Date.

6.     Nothing provided in this Order shall be deemed to modify, alter, or supersede the relief granted in paragraph 8 of the Cash Management Order, including, but not limited to, MC Bank's authority to honor cash withdrawal requests from customers that have cash in the MC FBO Accounts as of the Petition Date.

7.     Nothing provided in this Order shall affect any claims or causes of action arising under chapter 5 of the Bankruptcy Code.

8.     For the avoidance of doubt, MC Bank is authorized to continue performing under the MC Bank Agreements on a postpetition basis in the ordinary course of business, including to honor any requests for withdrawal of customer funds from customers that have cash in the applicable MC FBO Account as of the Petition Date, which funds are property of such customers and not of the Debtors' estates.

3

9.     The Debtors are authorized to reinstate their ordinary course practices and otherwise honor their obligation to cover any amounts debited from the applicable FBO Account by reason of returned entries or ACH Chargebacks pursuant to paragraph 3.6 and Schedule C of the FBO Agreement and sections 9, 11(a), and 12 of the ACH Agreement.

10.    Notwithstanding any language to the contrary in the Motion or this Order, no provision of the Motion or Order shall constitute a finding as to whether the Cryptocurrency Transactions are securities or comply with federal or state securities laws, and the right of the United States Securities and Exchange Commission to challenge such transactions on any basis are expressly reserved.

11.    Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis is expressly reserved.

12.    Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors

4

expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

13.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

14.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

15.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

16.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit B</u>**

**Redline**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC. *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER (I) AUTHORIZING THE DEBTORS TO (A) HONOR WITHDRAWALS
FROM THE MC FBO ACCOUNTS, (B) LIQUIDATE CRYPTOCURRENCY
FROM CUSTOMER ACCOUNTS WITH A NEGATIVE BALANCE, (C) SWEEP
CASH HELD IN THIRD-PARTY EXCHANGES, (D) CONDUCT ORDINARY
COURSE RECONCILIATION OF CUSTOMER ACCOUNTS, AND (E) CONTINUE
STAKING CRYPTOCURRENCY, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing the Debtors to: (i) honor customer withdrawals from the MC FBO Accounts, (ii) liquidate cryptocurrency from customer accounts with a negative balance, (iii) sweep cash held in third-party exchanges, (iv) conduct ordinary course reconciliation of customer accounts, and (v) continue to stake cryptocurrency; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and that this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (~~N/A~~7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      The Debtors are authorized to reinstate their ordinary course practices and otherwise honor obligations with respect to the Cryptocurrency Transactions, whether occurring prior to or after the Petition Date, as they deem appropriate in the ordinary course of business.; *provided, however*, that the Debtors shall give seven (7) business days' written notice (the "Staking Notice") to the Committee prior to staking or unstaking cryptocurrency. For the avoidance of doubt, nothing in this Order shall authorize the Debtors to conduct any lending activity.

3.      The Staking Notice shall include information sufficient to allow the Committee to evaluate the proposed staking and unstaking, including, without limitation, the staking protocol, the smart contract address, anticipated yield, the cryptocurrency to be staked, the cryptocurrency or fiat the Debtors propose to convert to stake, staking mechanics, lock-up period, transaction fees, actions required to unstake, and the involvement of any third-party and their respective fees. If the Committee objects to the proposed staking or unstaking within seven (7) business days of

receiving the Staking Notice, the Debtors shall not stake or unstake until such objection is adjudicated by this Court.

4.      Upon request by the Committee, the Debtors shall provide information sufficient to allow the Committee to evaluate staking positions entered into after the Petition Date.  Nothing in this Order shall affect the Committee's rights to object to the Debtors' staking positions entered into after the Petition Date.

~~2.~~5.      The Committee shall have thirty (30) days after entry of this Order to evaluate the Debtors' staking positions that existed as of the Petition Date.  The Debtors shall comply with all reasonable requests for information from the Committee to allow the Committee to conduct its evaluation of such staking positions, including, but not limited to the information identified in Paragraph 3 of this Order.  Nothing in this Order shall affect the Committee's rights to object to the Debtors' staking positions that existed as of the Petition Date.

~~3.~~6.      Nothing provided in this Order shall be deemed to modify, alter, or supersede the relief granted in paragraph 8 of the Cash Management Order ~~with respect~~, including, but not limited to ~~the Debtors'~~, MC Bank's authority ~~granted herein~~ to honor ~~customer~~cash withdrawal requests from customers that have cash in the MC~~-~~ FBO Accounts as of the Petition Date.

7.      Nothing provided in this Order shall affect any claims or causes of action arising under chapter 5 of the Bankruptcy Code.

8.      For the avoidance of doubt, MC Bank is authorized to continue performing under the MC Bank Agreements on a postpetition basis in the ordinary course of business, including to honor any requests for withdrawal of customer funds from customers that have cash in the applicable MC FBO Account as of the Petition Date, which funds are property of such customers and not of the Debtors' estates.

9.    The Debtors are authorized to reinstate their ordinary course practices and otherwise honor their obligation to cover any amounts debited from the applicable FBO Account by reason of returned entries or ACH Chargebacks pursuant to paragraph 3.6 and Schedule C of the FBO Agreement and sections 9, 11(a), and 12 of the ACH Agreement.

10.    Notwithstanding any language to the contrary in the Motion or this Order, no provision of the Motion or Order shall constitute a finding as to whether the Cryptocurrency Transactions are securities or comply with federal or state securities laws, and the right of the United States Securities and Exchange Commission to challenge such transactions on any basis are expressly reserved.

11.    Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis is expressly reserved.

4.12.    Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors

4

expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

5.    The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any the relief granted herein.

6.13.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

7.14.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8.15.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9.16.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit C</u>**

**Redline**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC. *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER (I) AUTHORIZING THE DEBTORS TO (A) HONOR WITHDRAWALS
FROM THE MC FBO ACCOUNTS, (B) LIQUIDATE CRYPTOCURRENCY
FROM CUSTOMER ACCOUNTS WITH A NEGATIVE BALANCE, (C) SWEEP
CASH HELD IN THIRD-PARTY EXCHANGES, (D) CONDUCT ORDINARY
COURSE RECONCILIATION OF CUSTOMER ACCOUNTS, AND (E) CONTINUE
STAKING CRYPTOCURRENCY, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing the Debtors to:

(i) honor customer withdrawals from the MC FBO Accounts, (ii) liquidate cryptocurrency from

customer accounts with a negative balance, (iii) sweep cash held in third-party exchanges,

(iv) conduct ordinary course reconciliation of customer accounts, and (v) continue to stake

cryptocurrency; and (b) granting related relief, all as more fully set forth in the Motion; and upon

the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C.

§§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District*

*Court for the Southern District of New York*, entered February 1, 2012; and that this Court having

the power to enter a final order consistent with Article III of the United States Constitution; and

this Court having found that venue of this proceeding and the Motion in this district is proper

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      The Debtors are authorized to reinstate their ordinary course practices and otherwise honor obligations with respect to the Cryptocurrency Transactions, whether occurring prior to or after the Petition Date, as they deem appropriate in the ordinary course of business; *provided, however*, that the Debtors shall give seven (7) business days' written notice (the "<u>Staking Notice</u>") to the Committee prior to staking or unstaking cryptocurrency. For the avoidance of doubt, nothing in this Order shall authorize the Debtors to conduct any lending activity.

3.      The Staking Notice shall include information sufficient to allow the Committee to evaluate the proposed staking and unstaking, including, without limitation, the staking protocol, the smart contract address, anticipated yield, the cryptocurrency to be staked, the cryptocurrency or fiat the Debtors propose to convert to stake, staking mechanics, lock-up period, transaction fees, actions required to unstake, and the involvement of any third-party and their respective fees. If the Committee objects to the proposed staking or unstaking within seven (7) business days of

receiving the Staking Notice, the Debtors shall not stake or unstake until such objection is adjudicated by this Court.

4.      Upon request by the Committee, the Debtors shall provide information sufficient to allow the Committee to evaluate staking positions entered into after the Petition Date.  Nothing in this Order shall affect the Committee's rights to object to the Debtors' staking positions entered into after the Petition Date.

5.      The Committee shall have thirty (30) days after entry of this Order to evaluate the Debtors' staking positions that existed as of the Petition Date.  The Debtors shall comply with all reasonable requests for information from the Committee to allow the Committee to conduct its evaluation of such staking positions, including, but not limited to the information identified in Paragraph 3 of this Order.  Nothing in this Order shall affect the Committee's rights to object to the Debtors' staking positions that existed as of the Petition Date.

6.      Nothing provided in this Order shall be deemed to modify, alter, or supersede the relief granted in paragraph 8 of the Cash Management Order, including, but not limited to, MC Bank's authority to honor cash withdrawal requests from customers that have cash in the MC FBO Accounts as of the Petition Date.

7.      Nothing provided in this Order shall affect any claims or causes of action arising under chapter 5 of the Bankruptcy Code.

8.      For the avoidance of doubt, MC Bank is authorized to continue performing under the MC Bank Agreements on a postpetition basis in the ordinary course of business, including to honor any requests for withdrawal of customer funds from customers that have cash in the applicable MC FBO Account as of the Petition Date, which funds are property of such customers and not of the Debtors' estates.

9.      The Debtors are authorized to reinstate their ordinary course practices and otherwise honor their obligation to cover any amounts debited from the applicable FBO Account by reason of returned entries or ACH Chargebacks pursuant to paragraph 3.6 and Schedule C of the FBO Agreement and sections 9, 11(a), and 12 of the ACH Agreement.

10.     Notwithstanding any language to the contrary in the Motion or this Order, no provision of the Motion or Order shall constitute a finding as to whether the Cryptocurrency Transactions are securities or comply with federal or state securities laws, and the right of the United States Securities and Exchange Commission to challenge such transactions on any basis are expressly reserved.

11.     Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis is expressly reserved.

11.12.  Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors

4

expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

12.13.  Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

13.14.  Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

14.15.  The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

15.16.  This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE