**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

### FINAL ORDER (I) ESTABLISHING
### CERTAIN NOTICE, CASE MANAGEMENT, AND
### ADMINISTRATIVE PROCEDURES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"), (a) approving and implementing the notice, case management, and administrative procedures annexed hereto as **Exhibit 1** (the "Case Management Procedures") and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and that this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or the Case Management Procedures, as applicable.

Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and

no other notice need be provided; and this Court having reviewed the Motion and having heard the

statements in support of the relief requested therein at a hearing before this Court (the "Hearing");

and this Court having determined that the legal and factual bases set forth in the Motion and at the

Hearing establish just cause for the relief granted herein; and upon all of the proceedings had

before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY

ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      The Case Management Procedures, as set forth in **Exhibit 1** attached hereto, are

approved and shall govern all applicable aspects of these chapter 11 cases, except as otherwise

ordered by this Court.

3.      The first four Omnibus Hearings are scheduled as follows:

- August 16, 2022, at 11:00 a.m., prevailing Eastern Time;

- September 13, 2022, at 11:00 a.m., prevailing Eastern Time;

- October 18, 2022, at 11:00 a.m., prevailing Eastern Time; and

- November 15, 2022, at 11:00 a.m., prevailing Eastern Time.

4.      The Debtors' Claims and Noticing Agent is authorized to establish the

Case Website, available at https://cases.stretto.com/Voyager, where, among other things,

electronic copies of all Court Filings will be posted and viewable free of charge.

5.      Any party requesting a conference with this Court shall file such request with an

email copy to the Court's chambers, copying counsel for the other parties involved.

6.      Subject to General Order M-543, all hearings and conferences scheduled with this

Bankruptcy Court will be conducted telephonically or by Zoom pending further order by this

Bankruptcy Court. If a party desires to participate in a hearing by telephone, such party must register with CourtSolutions or Zoom.

7.      Any notice sent by the Debtors or any other party to the Master Service List or the 2002 List (both lists as defined in the Case Management Procedures attached hereto), or to any parties required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Case Management Procedures, or further order of this Court, shall be deemed sufficient and in compliance with thereof.

8.      As soon as practicable after the entry of this Final Order, a copy of the Case Management Procedures shall be served by the Debtors on each of the parties on the Master Service List.  In addition, shortly after the end of each calendar month, the Claims or Noticing Agent or counsel to the Debtors shall serve a copy of the Case Management Procedures upon any party filing a 2002 Notice Request (as defined therein) within such calendar month.  To help ensure that all parties who may participate in these chapter 11 cases are aware of the terms of the Case Management Procedures, the Debtors will post the Case Management Procedures on the Case Website.

9.      Notwithstanding anything to the contrary in the Motion, this Final Order, or any findings announced at the Hearing, nothing in the Motion, this Final Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis is expressly reserved.

10.      Any notice sent by the Debtors or any other party in interest shall be deemed to comply with the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

11.     All time periods set forth in this Final Order or in the Case Management Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

12.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

13.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

14.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

15.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

New York, New York
Dated: August 4, 2022

　　　　　　　　　　　**s/Michael E. Wiles**
　　　　　　　　　　　THE HONORABLE MICHAEL E. WILES
　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT 1

**Case Management Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE, CASE MANAGEMENT,
## AND ADMINISTRATIVE PROCEDURES

On July 5, 2022 (the "<u>Petition Date</u>"), the above-captioned debtors and debtors in possession in the above-captioned cases (collectively, the "<u>Debtors</u>") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

On [●], 2022, the Court entered a final order [Docket No. [●]] (the "<u>Final Order</u>") approving notice, case management, and administrative procedures (collectively, the "<u>Case Management Procedures</u>") set forth herein pursuant to Bankruptcy Code sections 102(1), 105(a), and 105(d), Rules 1015(c), 2002(m), 9007, 9014, and 9036 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), Rule 9074-1 of the Local Bankruptcy Rules for the Court (the "<u>Local Rules</u>"), and General Order M-399 of the Court (Bankr. S.D.N.Y. May 17, 2010) (superseding General Order M-242) ("<u>General Order M-399</u>"). Anyone may obtain a copy of the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

Final Order, as well as any document filed with the Court in the Debtors' chapter 11 cases by: (a) accessing the website maintained by the Debtors' claims and notice agent, Stretto, Inc. (the "Claims and Noticing Agent"), at https://cases.stretto.com/Voyager (the "Case Website"); (b) contacting Stretto, Inc. directly at 410 Exchange, Ste. 100, Irvine, California 92602, by telephone at (855) 473-8665 (Toll-Free) or +1 (949) 271-6507 (International), or by email at VoyagerInquiries@stretto.com; or (c) for a nominal fee, accessing the PACER system on the Court's website at www.nysb.uscourts.gov.

Pursuant to the Final Order, all notices, motions, applications, briefs, memoranda, affidavits, declarations, objections, responses, replies, and other documents filed in the chapter 11 cases are subject to, and will not be deemed properly served unless they are served in accordance with, these Case Management Procedures, the Bankruptcy Rules, the Bankruptcy Code, and the Local Rules. To the extent there is a conflict between the Local Rules and the Case Management Procedures, the Case Management Procedures govern in all respects. Accordingly, all parties in interest are strongly encouraged to review these Case Management Procedures in their entirety and consult their own legal counsel with respect to any of the matters discussed herein prior to filing any documents in these chapter 11 cases.

## CASE MANAGEMENT PROCEDURES

### I.    Hearing Procedures

1.    ***All Matters to Be Heard at Omnibus Hearings***. The Debtors shall be authorized to schedule, in cooperation with the Court, periodic omnibus hearings (the "Omnibus Hearings") to consider all notices, motions, applications, and other requests for relief, briefs, memoranda, affidavits, declarations, replies, and other documents filed in support of such papers seeking relief (collectively, the "Requests for Relief"), and all objections and responses to such Requests for

Relief (collectively, the "Objections," and together with the Requests for Relief and all other filed documents, the "Court Filings") pursuant to the following procedures:

2.      ***Initial Omnibus Hearing***.   The first four Omnibus Hearings are scheduled as follows:

- August 16, 2022, at 11:00 a.m., prevailing Eastern Time;

- September 13, 2022, at 11:00 a.m., prevailing Eastern Time;

- October 18, 2022, at 11:00 a.m., prevailing Eastern Time; and

- November 15, 2022, at 11:00 a.m., prevailing Eastern Time.

3.      ***Subsequent Omnibus Hearings***.   At or before the first Omnibus Hearing held on August 16, 2022, the Debtors shall be authorized to request that the Court schedule additional Omnibus Hearings.  The Court shall schedule such Omnibus Hearings and, upon scheduling, the Claims and Noticing Agent shall post the dates of the additional Omnibus Hearings on the Case Website.  Parties may contact the Claims and Noticing Agent for information concerning all scheduled Omnibus Hearings.

4.      ***Matters that May Be Heard at Non-Omnibus Hearings***.  Subject to consultation with the Court's chambers, matters that may be heard at non-omnibus hearings include hearings in connection with applications for professional compensation and reimbursement, pre-trial conferences, asset sales, and trials related to adversary proceedings, approval of a disclosure statement, and confirmation of a plan; *provided* that initial pre-trial conferences scheduled in connection with adversary proceedings involving the Debtors shall be set on the next available Omnibus Hearing date that is at least 45 days after the filing of the complaint; *provided further*, that hearings on all other Requests for Relief filed by a party other than the Debtors, except for those Requests for Relief specifically referenced in this paragraph or requiring emergency relief, must be scheduled for an Omnibus Hearing.

5.      ***Proposed Omnibus Hearing Agenda***.  Two business days before each Omnibus Hearing, the Debtors' counsel shall file a proposed agenda with regard to the matters scheduled to be heard at such Omnibus Hearing (the "<u>Proposed Hearing Agenda</u>").  The Proposed Hearing Agenda may include notice of matters that have been consensually adjourned to a later Omnibus Hearing; *provided*, that for all matters adjourned to a later Omnibus Hearing or some other future date, the Debtors will also electronically file (but need not serve) a notice of adjournment with respect to such matters.  The Proposed Hearing Agenda shall not be required where the Debtors have less than 48 hours notice of the Omnibus Hearing.

6.      ***Content of Proposed Hearing Agenda***.   The Proposed Hearing Agenda will include, to the extent known by Debtors' counsel:  (a) the docket number and title of each matter scheduled to be heard at such Omnibus Hearing, including the initial filing and any objections, replies, or documents related thereto; (b) whether the matters are contested or uncontested; (c) whether the matters have settled or are proposed to be continued; (d) a suggestion for the order in which the matters should be addressed; and (e) any other comments that will assist the Court; provided that the matters listed on the Proposed Hearing Agenda shall be limited to matters of substance and shall not include administrative filings such as notices of appearance and affidavits of service.   The Proposed Hearing Agenda may include notice of matters that have been consensually adjourned to a later hearing date in lieu of parties filing a separate notice of such adjournment.

7.      ***Bridge Order Not Required in Certain Circumstances***.   Pursuant to Local Rule 9006-2, when a motion to extend time to take any action is filed by the Debtors before the expiration of the period prescribed by the Bankruptcy Code, Bankruptcy Rules, Local Rules, or order of the Court, the time shall be automatically extended until the Court acts on the motion, as

4

long as the movant files the motion with a return date that is no later than 14 days after the filing of such motion.

8.      ***Evidentiary Hearings***.  With respect to any Court Filing, if an Objection or other responsive pleading is filed, the Omnibus Hearing shall not be deemed an evidentiary hearing at which witnesses may testify, unless the Proposed Hearing Agenda provides otherwise.  If, upon or after a Court Filing, any party wishes an evidentiary hearing, such party must confer with all other parties involved to determine whether there is agreement that an evidentiary hearing is appropriate. In the absence of an ability to agree, the Court will consider requests for an evidentiary hearing by conference call.  Notwithstanding Local Rule 9014-2, the Court may, upon advance request and for cause shown, order that the Omnibus Hearing on a motion of the type specified in Local Rule 9014-2 will be a non-evidentiary hearing.  Generally, interests of judicial economy and the absence of disputed material issues of fact will collectively suggest that a non-evidentiary hearing is appropriate.  Additionally, any Court Filing requesting or requiring the Court to make a factual finding must be supported by competent evidence (*e.g.*, declarations, affidavits, and/or exhibits). Concurrently with any determination that an evidentiary hearing is necessary or desirable, Chambers (as defined below) must be notified with an estimate of expected trial time; parties may be informed that a different return date is necessary if the available time on the requested day is insufficient.  Any motion noticed as an evidentiary hearing must prominently state, just below the return date in the upper right corner, "Evidentiary Hearing Requested."

9.      ***Telephonic Appearances***.    A party desiring to participate in a hearing telephonically must request permission from Chambers and notify counsel to the Debtors at least 48 hours before the applicable hearing.  If Chambers permits telephonic participation, the party participating telephonically must arrange such participation with CourtSolutions, adhering to the

procedures for telephonic participation applicable in the Court. Those parties participating by phone may not use speakerphones unless first authorized by the Court; by reason of technical limitations of the equipment, and the way speakerphones disrupt proceedings in the courtroom, speakerphone authorizations usually will not be granted. Persons participating by phone must put their phones on "mute" except when they need to be heard. Persons so participating are not to put their phones on "hold" under any circumstances.

10. ***Listen-Only Lines***. Any party may attend hearings through a listen-only line (each, a "Listen-Only Line") by arranging such Listen-Only Line with CourtSolutions. For the avoidance of doubt, any party wishing to use a Listen-Only Line need not seek permission from the Debtors or the Court.

## II.    Filing and Service Procedures

11. All Court Filings filed in these chapter 11 cases shall be filed electronically with the Court on the docket of *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW), in accordance with the Court's General Order M-399, by registered users of the Court's case filing system (the "Electronic Filing System") in searchable portable document format ("PDF").

### A.    The Service List.

12. ***Parties Entitled to Service***. All Court Filings (other than proofs of claim) shall be served on the following parties (collectively, the "Service List"), in the manner set forth in these Case Management Procedures.

    a.    **Master Service List**. The Claims and Noticing Agent shall maintain a master service list (the "Master Service List"). The Master Service List shall be made available by (a) accessing the Case Website, (b) contacting the Claims and Noticing Agent directly, or (c) contacting the Debtors' counsel directly. The Master Service List shall include the following parties:

        i.    the Chambers of the Honorable Michael E. Wiles (the "Chambers"), United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004;

6

ii.    the Debtors and their counsel;

iii.    United States Trustee for the Southern District of New York;

iv.    counsel to the Official Committee of Unsecured Creditors appointed in these chapter 11 cases (the "<u>Committee</u>");

v.    counsel to any statutory committee of unsecured creditors, if one is appointed;

vi.    the lender under the Debtors' prepetition loan agreement;

vii.    the United States Attorney's Office for the Southern District of New York;

viii.    the United States Internal Revenue Service;

ix.    the United States Securities and Exchange Commission;

x.    the Toronto Stock Exchange;

xi.    the attorneys general in the states where the Debtors conduct their business operations; and

xii.    any party that has requested notice pursuant to Bankruptcy Rule 2002.

b. **2002 List**.  The Claims and Noticing Agent shall maintain a list of all parties that have filed a request to receive service of Court Filings pursuant to Bankruptcy Rules 2002 and 9010(b) and these Case Management Procedures (the "<u>2002 List</u>").

i.    ***Filing Requests for Documents Requires Email Address***.  A request for service of Court Filings pursuant to Bankruptcy Rules 2002 and 9010(b) and these Case Management Procedures (each, a "<u>2002 Notice Request</u>") filed with the Court shall be deemed proper only if it includes the following information with respect to the party filing such request: (a) name; (b) street address; (c) name of client(s), if applicable; (d) telephone number; (e) facsimile number; and (f) email address.

ii.    ***Certification Opting Out of Email Service***.  Any party filing a 2002 Notice Request who does not maintain (and cannot practicably obtain) an email address and thereafter cannot receive service by email must include in the 2002 Notice Request a certification to that effect (each, a "<u>Certification</u>").  A Certification shall include a statement certifying that the party (a) does not maintain an email address and (b) cannot practicably obtain an email address at which the party could receive service.  Such party will thereafter receive

paper service by U.S. mail, overnight delivery, or hand delivery; the choice of the foregoing being in the Debtors' sole discretion.

iii.    ***Email Address Required***.  If a 2002 Notice Request fails to include an email address or a Certification, the Debtors shall forward a copy of these Case Management Procedures to such party within five business days requesting an email address.  If no email address or Certification is provided in response to such request, such party shall not be added to the 2002 List or served with copies of Court Filings unless such party is an Affected Entity (defined below).

iv.    ***Changes in Information***.  Each party submitting a 2002 Notice Request is responsible for filing with the Court an updated 2002 Notice Request as necessary to reflect changes to any notice information and must serve a copy of such updated 2002 Notice Request upon the Debtors.

c.    **Affected Entities**.  All entities with a particularized interest in the subject matter of a specific Court Filing, including the entity filing the Request for Relief (each, an "Affected Entity"), are entitled to be served with all Court Filings relating to that interest.

13.    ***Maintenance of the Master Service List***.  At least every 15 days during the first 60 days of these chapter 11 cases, and at least every 30 days thereafter, the Claims and Noticing Agent shall update the Service List by making any necessary additions and deletions and post the updated Service List on the Case Website.  The Claims and Noticing Agent shall post the Service List on the Case Website commencing as of the date that is no later than ten days from the date hereof.

**B.    Filing and Service of Court Filings Generally.**

14.    ***Electronic Filing and Service***.  Other than service of a summons and complaint in an adversary proceeding or documents filed under seal, all Court Filings shall be filed electronically with the Court, using the Court's Electronic Filing System and served via email to the extent available (which for the avoidance of doubt shall include a notice of electronic filing e-mail sent by the Court's Electronic Filing System), which shall be deemed to constitute proper service for all parties who are sent such email service; *provided, however*, Court Filings may be

8

served on the Master Service List by email and by first class mail. Subject to the limited exclusions

set forth herein, each party that files a notice of appearance and a 2002 Notice Request shall be

deemed to have consented to electronic service of all Court Filings, except as provided herein.

Service by email shall be effective as of the date the email is sent to the email address provided by

a party. Notwithstanding the foregoing, if service is made by email, the Debtors shall not be

required to serve a paper copy on interested parties and email service shall satisfy the Court's rules

for service.

      a.  **Email Subject Line**. With respect to the service of any Court Filing, the subject line of the email shall include (a) the Debtors' case name and number, In re Voyager Digital Holdings, Inc., No. 22-10943 (MEW), (b) the name of the party filing such Court Filing, and (c) the title of the Court Filing being served. If the title of the Court Filing is too long to fit within the subject line of the email, the subject line shall contain a shortened version of such title, and the text of the email shall contain the full title of such Court Filing.

      b.  **Email Attachments**. All Court Filings served by email (other than e-mail service via the Court's Electronic Filing System) shall include the entire document, including any proposed form(s) of order and exhibits, attachments, or other materials, in PDF, readable by Adobe Acrobat or other equivalent document reader programs commonly available without cost. The relevant Court Filing shall either be attached to the email in a format specified above or the email shall contain a link to such filing in such format. Notwithstanding the foregoing, if a Court Filing cannot be attached to an email (because of its size, technical difficulties, or other concerns), the Debtors may, in their sole discretion (a) serve the Court Filing by U.S. mail or overnight delivery, including the proposed form(s) of order and any exhibits, attachments, and other relevant materials, or (b) email the parties being served and include a notation that the Court Filing cannot be annexed and will be (i) mailed if requested, or (ii) posted on the Case Website.

    15.    ***Paper Service of Certain Affected Entities***. To the extent an Affected Entity's

email address is not available, the Debtors (or any other party filing a Court Filing) shall use

commercially reasonable best efforts to serve such Affected Entity with paper copies by first class

mail or private mail service.

    16.    ***Waiver of Filing Deadlines***. If any Court Filing is filed and served electronically

via the Electronic Filing System, the filing deadlines requiring three additional days' notice set

forth in Rule 6(e) of the Federal Rules of Civil Procedure (made applicable to adversary proceedings by Bankruptcy Rule 7005(b)(2)(D)), and Bankruptcy Rule 9006(f) shall not apply.

17.    ***Form of Papers***.  Unless prior permission has been granted, motions, memoranda of law in support of motions, applications, and objections are limited to 35 pages and replies and statements are limited to 15 pages.  All Court Filings (other than exhibits) shall be double-spaced, 12-point font, with one-inch margins.  The applicable Objection Deadline (as defined below) and hearing date shall appear on the upper right corner of the first page of the Notice of Hearing and on the upper right corner of the first page of each Pleading.  The applicable hearing date shall appear on the upper right corner of the first page of any filed Objection.

18.    ***Certificates of Service***.  Certificates of service for all Court Filings, including the Service List, need only be filed with the Court.

19.    ***Right to Request Special Notice Procedures***.  Nothing herein shall prejudice the right of any party to seek an amendment or waiver of the provisions of these Case Management Procedures upon a showing of good cause including, without limitation, the right to file a motion seeking emergency ex parte relief or relief upon shortened notice.

20.    ***Section 342 Notice Requirements***.  Any notice sent by the Debtors or any other party in interest shall be deemed to comply with the requirements set forth in Bankruptcy Code section 342(c)(1).

**C.    Filing and Service of Requests for Relief.**

21.    ***Requests for Relief to Be Heard at Omnibus Hearing***.  In accordance with Local Rule 9006-1(b), in the event that a party files and serves a Request for Relief at least 14 days before the next Omnibus Hearing, the matter shall be set for hearing at such Omnibus Hearing.  If a Request for Relief is served by overnight delivery, it must be filed and served at least 15 calendar days before the next Omnibus Hearing.  If a Request for Relief is served by U.S. mail only, it must

be filed and served at least 17 calendar days before the next Omnibus Hearing. If a Request for Relief is filed by a party other than the Debtors and purports to set a hearing date inconsistent with the Case Management Procedures, the Request for Relief shall be heard, without the necessity of a Court order, at the first Omnibus Hearing after the applicable notice period has expired.

22.    Notwithstanding the immediately preceding paragraph, a party may settle or present a proposed order for approval by the Court in accordance with Local Rule 9074-1; *provided, however*, that the presentment of a proposed order pursuant to Local Rule 9074-1(c), or any other similar administrative or standard order, must be filed and served at least seven calendar days before the presentment date (the "Presentment Procedures").

23.    ***Emergency Scheduling Procedures***.    If a movant or applicant other than the Debtors determines that a Request for Relief requires emergency or expedited relief, the movant or applicant shall contact counsel for the Debtors by telephone, and request that the motion or application be considered on an expedited basis.    If the Debtors disagree with the movant's or applicant's request for emergency or expedited relief, the movant or applicant shall (i) inform the Court of the disagreement by telephone and (ii) arrange for a Chambers conference, telephonic or in-person, to discuss the disagreement.    If the Court agrees with the position of the movant or applicant regarding the necessity for expedited consideration, the movant or applicant may, by order to show cause, request an expedited hearing.

24.    ***Notices of Requests for Relief***.    A notice shall be affixed to the front of each Request for Relief and shall set forth (i) the title of the Request for Relief, (ii) the time and date of the Objection Deadline (as defined below), (iii) the parties on whom any Objection is to be served, and (iv) the Omnibus Hearing date at which the party intends to present the Request for Relief. The notice may also include a statement that the relief requested therein may be granted without a

hearing if no Objection is timely filed and served in accordance with these Case Management Procedures (a "<u>Presentment Notice</u>").  If the notice filed with a Request for Relief includes a Presentment Notice, if no Objection has been filed and served in accordance with these Case Management Procedures as of the presentment date, counsel to the party who filed the Request for Relief may file a certification that no Objection has been filed or served on them and may request that the Court grant the relief and enter an order without a hearing.  If the Court does not grant the relief, the Request for Relief will be heard at the Omnibus Hearing that is at least seven calendar days after the date the Presentment Notice is received by the Court.

25.     ***Service of Requests for Relief***.  For any Court Filing for which particular notice is required to be served on all creditors and parties with a particular interest in the relief sought by any Request for Relief, including Bankruptcy Rules 2002(a)(2) and (3), 4001, 6004, 6007, and 9019, parties shall serve all such Court Filings only on the Service List in accordance with the following, unless otherwise ordered by the Court:

   a.  in the case of any use, sale, lease, or abandonment of substantially all of the Debtors' property, on each party asserting an interest in that property;

   b.  in the case of any relief from or modification of the automatic stay, on each party asserting a lien or other encumbrance on the affected property;

   c.  in the case of the use of cash collateral or obtaining of credit, on each party asserting an interest in the cash collateral or a lien or other interest in property upon which a lien or encumbrance is proposed to be granted;

   d.  in the case of a motion under Bankruptcy Rule 9019, on all parties to the relevant compromise and settlement, or that may be directly affected by such compromise or settlement;

   e.  in the case of assumption, assignment, or rejection of an executory contract or an unexpired lease, on each party to the executory contract or the unexpired lease;

   f.  any objection, opposition, response, reply, or further document filed directly in response to another party's Court Filing, on such other party; and

g. on all parties as required by the Bankruptcy Rules, unless otherwise directed by the Court.

26. ***Notice Provisions Not Applicable to Certain Matters***.  Except as set forth in the Case Management Procedures, or otherwise provided by order of this Court, the notice provisions of the Case Management Procedures shall not apply to notices of the matters or proceedings described in the following Bankruptcy Rules:

a. Bankruptcy Rule 2002(a)(1) (meeting of creditors pursuant to Bankruptcy Code section 341);

b. Bankruptcy Rule 2002(a)(2) (any proposed use, sale, or lease of property of the estate other than in the ordinary course of business, to the extent that such use, sale, or lease concerns all or substantially all of the Debtors' assets);

c. Bankruptcy Rule 2002(a)(4) (hearing on the dismissal of a case or cases or the conversion of a case to another chapter);

d. Bankruptcy Rule 2002(a)(5) (time fixed to accept or reject a proposed modification of a chapter 11 plan);

e. Bankruptcy Rule 2002(a)(7) (time fixed for filing a proof of claim pursuant to Bankruptcy Rule 3003(c));

f. Bankruptcy Rule 2002(b)(1) (time fixed for filing objections to and any hearing to consider approval of a disclosure statement);

g. Bankruptcy Rule 2002(b)(2) (time fixed for filing objections to and any hearing to consider confirmation of a chapter 11 plan);

h. Bankruptcy Rule 2002(d) (certain matters for which notice is to be provided to equity security holders);

i. Bankruptcy Rule 2002(f)(1) (entry of an order for relief);

j. Bankruptcy Rule 2002(f)(2) (dismissal or conversion of a case to another chapter of the Bankruptcy Code);

k. Bankruptcy Rule 2002(f)(3) (time allowed for filing claims pursuant to Bankruptcy Rule 3002);

l. Bankruptcy Rule 2002(f)(6) (waiver, denial, or revocation of a discharge as provided in Bankruptcy Rule 4006);

m. Bankruptcy Rule 2002(f)(7) (entry of an order confirming a chapter 11 plan); and

22-10943-mew    Doc 240    Filed 08/04/22    Entered 08/04/22 20:43:39    Main Document
Pg 19 of 27

n. Bankruptcy Rule 2002(f)(8) (summary of the trustee's final report and account should a case be converted to chapter 7 of the Bankruptcy Code).

27. ***Requests for Relief to Include Proposed Order***.  Parties submitting written motions or other Requests for Relief shall be required to include a proposed order with such Request for Relief.

**D.    Filing and Service of Objections and Replies.**

28. ***Deadline for Objections***.  Any Objection to a Request for Relief must be filed with the Court and served upon the party filing the Request for Relief and those parties on the Service List by the following deadlines (each, as applicable, the "Objection Deadline"):

a. in the case of a Request for Relief (other than a Request for Relief set for hearing on an expedited basis and filed fewer than ten days before the applicable hearing), 4:00 p.m. (prevailing Eastern Time), seven calendar days before the applicable hearing;

b. in the case of a Request for Relief set for hearing on an expedited basis and filed fewer than ten days before the applicable hearing, 12:00 p.m. (prevailing Eastern Time) on the business day preceding the applicable hearing; and

c. in any case, as otherwise ordered by the Court.

29. ***Extension of Objection Deadline***.  The Objection Deadline may be extended upon the consent of the Court and the party filing the Request for Relief.

30. ***Effect of Failure to File Objection by Objection Deadline***.  Failure to file an Objection by the Objection Deadline may cause the Court to not consider the Objection.

31. ***Effect of Adjournment***.  If any Request for Relief is adjourned, the Objection Deadline with respect thereto shall be extended to 4:00 p.m. (Prevailing Eastern Time) on the date that is seven calendar days prior to the applicable hearing, and all other applicable deadlines shall be likewise extended.

32. ***Service of Objections***.  All Objections shall be filed with the Court and served by the applicable Objection Deadline upon the party filing the Request for Relief, and those parties

14

on the Service List including each Affected Entity; *provided* that if the Objection Deadline is after the date that is seven days before the applicable hearing, then Objections shall also be served by email, facsimile, hand delivery, or overnight mail even if otherwise stated in the Request for Relief, in each case, by 4:00 p.m. (prevailing Eastern Time) on the business day that is (a) three days before the date of the applicable hearing for any Court Filing filed on more than 21 days' notice and (b) two business days before the date of the applicable hearing for any Court Filing filed on less than 21 days' notice.

33.    ***Service of Replies to Objections***.  If a Court Filing is a reply to an Objection, such reply shall be filed with the Court and served as provided in paragraphs 12 and 32 so as to actually be received by the parties required to be served hereby at least two calendar days before the Hearing, with an email copy to the Court's chambers.  Sur-replies shall not be permitted or considered unless authorized by the Court.

34.    ***Settlements***.  In the event that a matter is properly noticed for hearing and the parties reach a settlement of the dispute prior to the scheduled hearing, the parties may announce the settlement at the scheduled hearing.  In the event that the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement (*i.e.*, that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement.

35.    ***Supplemental Notice***.  In the event that the Court determines that additional or supplemental notice is required, the Debtors shall serve such notice in accordance with the procedures set forth herein, and a hearing to consider such settlement shall be held on the next hearing date deemed appropriate by the Court.

36.    Court Filings related to a compromise or settlement must be served on the Master Service List and any Affected Parties, but need not be served on all creditors.

**E.    Granting a Request for Relief Without a Hearing.**

37.    *Certificate of No Objection*.  If no Objection to a Request for Relief is filed and served in a timely fashion, the movant may submit a proposed order granting the Request for Relief to the Court along with a certificate of no objection (a "Certificate of No Objection") stating that no Objection has been filed or served on the movant.  By filing such certification, counsel for the movant represents to the Court that the movant is unaware of any Objection to the Request for Relief and that counsel has reviewed the Court's docket and no Objection appears thereon.

38.    *Order May Be Entered Without Hearing*.  Upon receipt of a Certificate of No Objection, the Court may enter an order granting the Request for Relief without further pleading, hearing, or request, and once an order granting such Request for Relief is entered, no further hearing on the Request for Relief shall be held.

39.    *Request for Relief May be Heard at a Hearing*.  After a Certificate of No Objection has been filed, the Request for Relief may be heard at the next Omnibus Hearing if the Court does not enter an order granting the Request for Relief before such Omnibus Hearing.

**F.    Filing and Service of Orders.**

40.    *Service of Orders*.  All parties submitting orders shall serve a conformed copy of any entered order (except for orders granting admission of attorneys *pro hac vice*) on (i) each Affected Entity, (ii) the Debtors, (iii) the Claims and Noticing Agent, and (iv) the Committee, within two business days of entry of the order and file a certificate of service related thereto.  The Claims and Noticing Agent shall post all orders on the Case Website.

16

G.     **Filing and Service of Adversary Proceedings.**

41.     ***Serving Adversary Proceedings***.  All Court Filings in any adversary proceeding commenced in these chapter 11 cases shall be served upon each Affected Entity and any other parties required to be served under any applicable Bankruptcy Rule or Local Rule.

42.     ***Discovery Rules in Contested Matters and Adversary Proceedings***.  Federal Rules of Civil Procedure 26(a)(1) (initial disclosures), 26(a)(2) (disclosures with respect to expert testimony), 26(a)(3) (additional pretrial disclosures), and 26(f) (mandatory meeting before scheduling conference/discovery plan) are inapplicable in contested matters but are applicable to adversary proceedings arising under these chapter 11 cases.

43.     ***Discovery Disputes***.  Parties are required in the first instance to resolve discovery and due diligence disputes arising in the chapter 11 cases and any related adversary proceedings by negotiation in good faith.  If parties are unable to reach resolution, a party may request a conference call with the Court by submitting a letter setting forth, *inter alia*, the nature of the dispute, the parties' efforts at resolving such dispute, and the parties' availability for a conference with the Court.  Unless otherwise ordered by the Court, no Motion with respect to a discovery or due diligence dispute may be filed unless the parties have first conferred in good faith to resolve it and also sought to resolve the matter by conference call with the Court.

44.     ***Direct Testimony in Contested Matters***.  Except as otherwise ordered by the Court for cause shown before the hearing, all direct testimony in contested matters in the chapter 11 cases, other than duly designated deposition testimony, must be submitted by affidavit, and all cross-examination and subsequent examination will be taken live.  Unless otherwise ordered by the Court, all affidavits and any designated testimony must be submitted to the adversary and the Court no later than three full business days before the hearing.

17

45.     Notwithstanding the foregoing paragraph, parties may, if they are so advised, introduce the testimony of witnesses who reasonably can be expected not to be cooperative (such as employees or agents of adversaries) by calling them as adverse witnesses and taking their testimony on "adverse direct." The Court will generally regard taking direct testimony "live" as appropriate if, but only if, matters of credibility are important in the particular case, and credibility on direct, as well as after cross-examination, is at issue; the Court will generally regard "live" direct as inappropriate where the bulk of the testimony is historical or involves more than minimal discussion of accounting information or other financial or numerical analysis. In any instances where direct testimony will proceed "live," the proponent(s) of such testimony will be responsible for so advising Chambers in advance and taking such steps (*e.g.*, subpoenas) as are necessary to secure the attendance of any non-cooperating witnesses.

46.     ***Briefing Schedule in Adversary Proceedings***. After a hearing date has been set by the Court, unless otherwise ordered by the Court, the parties to the adversary proceeding shall confer and agree upon a briefing schedule for all adversary matters, which briefing schedule shall be submitted for approval of the Court.

### H.     Other Pleadings.

47.     ***Joinders***. Any party seeking to support any Court Filing may file an expression of support of such Court Filing (a "Joinder"). Unless otherwise ordered by the Court, filing a Joinder does not entitle such party to: (i) be an independent proponent of the Court Filing; (ii) independently support or oppose any related Court Filings; (iii) independently settle the underlying Request for Relief that is the subject of the applicable Court Filing; or (iv) independently receive a ruling from the Court on the Court Filing. The Court may deem a Joinder to be a brief in support of the applicable Court Filing, but the Court shall not consider any

18

arguments or factual allegations contained in a Joinder but not in the related Court Filing, and no party shall be required to separately respond to a Joinder.

48.       ***Motion Practice for Lift Stay Actions***.  A motion filed by a non-Debtor party seeking relief from the automatic stay (a "<u>Stay Relief Motion</u>") in accordance with Bankruptcy Code section 362 shall be noticed for consideration on the Omnibus Hearing date that is at least 21 days after the Stay Relief Motion is filed and notice thereof is served upon the Debtors.  Unless otherwise ordered by the Court, the objection deadline shall be the later of (i) 14 calendar days after the filing and service of the Stay Relief Motion or (ii) three calendar days prior to the hearing scheduled with respect thereto.

49.       ***Continuation of the Automatic Stay***.  Notwithstanding Bankruptcy Code section 362(e), if a Stay Relief Motion is scheduled in accordance with these Case Management Procedures for, or adjourned to, a hearing date 30 days after the filing of the Stay Relief Motion, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under Bankruptcy Code section 362(d) and shall be deemed to have waived its right to assert the termination of the automatic stay under Bankruptcy Code section 362(e).

50.       ***Motions for Summary Judgment***.  Pursuant to Local Rule 7056-1, no motion for summary judgment may be made without first seeking a pre-motion conference.  A request for such conference should be made by letter, filed and served in accordance with these Case Management Procedures, setting forth the issues to be presented under the summary judgment motion.

51.       ***Motions for Reargument***.  Motions for reargument must identify with particularity the matter for reconsideration in accordance with Local Rule 9023-1.  If, after review of the

motion, the Court determines that it wishes a response and/or hearing, it will notify the applicable parties accordingly.

52. ***Motions for Temporary Restraining Orders***.    Parties seeking a temporary restraining order (a "TRO") must comply with the requirements of Federal Rule of Civil Procedure 65(b).  Applications for a TRO will be heard in open court, on the record, with a court reporter or audio recording.  Parties wishing to oppose a TRO may be heard by telephone (CourtSolutions) upon Court approval.  Applicants seeking TROs are reminded of the need to submit with their motion papers the written affidavit required under Federal Rule of Civil Procedure 65(b) confirming the notice provided to anyone who might wish to oppose the application.  Any assertions that notice cannot or should not be given must likewise be supported by affidavit.  Any request for a TRO must be preceded by a telephone call to Chambers, advising Chambers of the nature of the controversy, the need for emergency relief, why a noticed hearing for a preliminary injunction would be insufficient, when a hearing on the TRO application is needed, and when the motion papers will be forthcoming.  Except in those rare cases where advance notice of the TRO application would vitiate the purpose of a TRO (and where that can be established by affidavit), immediate telephonic notice of the application must be provided to all parties reasonably expected to be affected by entry of the TRO, or provisions therein.  In addition, the motion papers on any TRO application must be hand delivered, emailed, or faxed to any such parties at the same time that the papers are provided to Chambers.

## III.    Additional Case Management Procedures

53. ***Adequate Notice***.    Notice and service accomplished in accordance with the provisions set forth in these Case Management Procedures shall be deemed adequate in all respects pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

54.  ***Computation of Time***.  Unless otherwise specified herein, all time periods referenced in these Case Management Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

55.  ***Effect of these Case Management Procedures***.  The Bankruptcy Rules and the Local Rules shall continue to apply to all proceedings in these chapter 11 cases, except to the extent that any provision of these Case Management Procedures by its terms supersedes or is inconsistent with such rules.  Nothing in the Final Order shall prejudice the rights of any party in interest to seek an amendment or waiver of the provisions of the Case Management Procedures upon a showing of good cause.  The Debtors may seek to amend the Case Management Procedures from time to time throughout the chapter 11 cases and shall present such amendments to the Court by notice of presentment in accordance with the Case Management Procedures.  Nothing in the Case Management Procedures shall prejudice the right of any party to move the Court to request relief under Bankruptcy Code section 107(b) or Bankruptcy Rule 9018 to protect any entity with respect to a trade secret or confidential research, development, or commercial information, or to protect a person with respect to scandalous or defamatory matter contained in a Court Filing in these chapter 11 cases.  The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of the Final Order.

56.  ***Promulgation of these Case Management Procedures***.  As soon as practicable after the entry of the Final Order, a copy of these Case Management Procedures shall be served by the Claims and Noticing Agent on each of the parties on the Master Service List.  In addition, shortly after the end of each calendar month, the Claims and Noticing Agent shall serve a copy of these Case Management Procedures upon any party filing a 2002 Notice Request within such calendar month.  To help ensure that all parties who may participate in these chapter 11 cases are

aware of the terms of these Case Management Procedures, the Claims and Noticing Agent shall post these Case Management Procedures on the Case Website.

[*Remainder of page intentionally left blank*]