UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) ) ) | Case No. 22-10943 (MEW) |
| Debtors. | ) ) ) | (Jointly Administered) |

**ORDER PURSUANT TO 11 U.S.C. §§ 327(e) AND 328(a) AND FED. R. BANKR. P. 2014, 2016 AND 5002 AUTHORIZING DEBTOR VOYAGER DIGITAL, LLC TO EMPLOY AND RETAIN QUINN EMANUEL URQUHART & SULLIVAN, LLP AS SPECIAL COUNSEL EFFECTIVE JULY 13, 2022**

Upon the application (the "Application")[2] of Voyager Digital, LLC ("Voyager LLC"), a debtor and debtor in possession in the above-captioned case, for entry of an order, pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rules 2014(a), 2016 and 5002, and Local Bankruptcy Rules 2014-1 and 2016-1, authorizing Voyager LLC employ and retain Quinn Emanuel as its special counsel, effective as of July 13, 2022; and upon the Kirpalani Declaration and Ehrlich Declaration (together, the "Declarations"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and this proceeding being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Application in this Court being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been given; and the Court having found that

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

no other or further notice is needed or necessary; and the Court having found that the relief requested in the Application is in the best interests of the Voyager LLC's estate and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and any objections to the relief requested in the Application having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** that:

1. The Application is granted as set forth in this Order.

2. Pursuant to section 327(e) of the Bankruptcy Code, Voyager LLC is hereby authorized to retain Quinn Emanuel as special counsel, effective as of July 13, 2022, pursuant to the terms and conditions set forth in the Application and the Engagement Letter.

3. Retention pursuant to section 327(e) of the Bankruptcy Code is appropriate given the specific scope of the proposed retention.

4. For the avoidance of doubt, and to resolve an informal objection raised by the Office of the United States Trustee, Quinn Emanuel will not perform services for Voyager LLC (or any of the Debtors) that relate to any claim or cause of action that Alameda Research Ventures LLC, Alameda Research Ltd., or Alameda Ventures Ltd. (collectively, "Alameda") may hold against the Debtors, or to any claim or cause of action that the Debtors may have against Alameda; such matters will be handled by the Debtors' general bankruptcy counsel, Kirkland & Ellis, LLP or such other counsel as may be retained by the Debtors.

5. Quinn Emanuel shall file interim and final fee applications for allowance of its compensation and reimbursement of its expenses with respect to services rendered in these

chapter 11 cases with the Court, in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, this Order, and such other procedures as may be fixed by order of the Court.

6. Quinn Emanuel shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

7. Prior to any increases in Quinn Emanuel's rates for providing services in these cases, Quinn Emanuel shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the U.S. Trustee, the Committee, and any other official committee appointed by the U.S. Trustee, which supplemental affidavit shall explain the basis for the requested rate and state whether Voyager LLC has consented to the rate increase. The U.S. Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court.

8. Notwithstanding anything to the contrary in the Application, the Engagement Letter, or the Declarations attached to the Application, the reimbursement provisions allowing the reimbursement of fees and expenses incurred in connection with participating in, preparing for, or responding to any action, claim, suit, or proceeding brought by or against any party that relates to the legal services provided under the Engagement Letter and fees for defending any objection to Quinn Emanuel's fee applications under the Bankruptcy Code are not approved pending further order of the Court.

9. To the extent there is any inconsistency between the terms of the Engagement Letter, the Application, and this Order, the terms of this Order shall govern.

10. Voyager LLC is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Date: August 4, 2022

                                            **s/Michael E. Wiles**
                                            THE HONORABLE MICHAEL E. WILES
                                            UNITED STATES BANKRUPTCY JUDGE