UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) ) ) | Case No. 22-10943 (MEW) |
| Debtors. | ) ) | (Jointly Administered) |

**ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF
PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), authorizing the Debtors to retain and compensate professionals utilized in the ordinary course of business, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital, Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized to retain and compensate the professionals identified on the OCP Lists (collectively, the "OCPs"), attached as **Exhibit A** and **Exhibit B** to the Order, in the ordinary course of business, pursuant to the following OCP Procedures:

   a. Within thirty days after the date on which an OCP commences work for the Debtors, such OCP shall provide a declaration of disinterestedness, substantially in the form annexed as **Exhibit 1** hereto (each, a "Declaration of Disinterestedness"), to be filed with the Court and served upon: (i) Voyager Digital Holdings, Inc., 33 Irving Place, Suite 3060, New York, New York 10003, Attn: David Brosgol; (ii) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., Christopher Marcus, P.C., Christine A. Okike, P.C., and Allyson B. Smith; (iii) counsel to the Official Committee of Unsecured Creditors, McDermott Will & Emery LLP, One Vanderbilt Avenue, New York, New York 10017, Attn: Darren Azman; (iv) the U.S. Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Richard Morrissey and Mark Bruh; (v) the holders of the fifty largest unsecured claims against the Debtors (on a consolidated basis); and (vi) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").

   b. Among other things, in each Declaration of Disinterestedness, the OCP shall certify that the OCP does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter(s) on which such OCP is to be employed. Each such OCP shall periodically update its Declaration of Disinterestedness to the extent necessary to reflect new facts or circumstances relevant to its retention and set forth in reasonable written detail the nature of the services expected to be rendered by the OCP, and the estimated monthly disbursements expected to be made by the Debtors to the OCP, during these chapter 11 cases.

2

c. The Notice Parties shall have fourteen days after the date of filing of each OCP's Declaration of Disinterestedness (the "Objection Deadline") to object to the retention of such OCP. The objecting party shall file any such objection and serve such objection upon the Notice Parties and the respective OCP on or before the Objection Deadline and otherwise in compliance with the Case Management Procedures[3] approved by the Court. If any such objection cannot be resolved within fourteen days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date that is no less than fourteen days from that date or on a date otherwise agreeable to the parties. The Debtors shall not be authorized to retain and compensate such OCP until all outstanding objections have been withdrawn, resolved, or overruled by order of the Court.

d. If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular OCP, the Debtors shall be authorized to: (i) retain such OCP as of the date such OCP commenced providing services to the Debtors and (ii) compensate such OCP as set forth below.

e. The Debtors shall be authorized to pay, without formal application to the Court by any OCP, 100 percent of fees and disbursements to each of the OCPs retained by the Debtors pursuant to the OCP Procedures upon submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date; *provided* that while these chapter 11 cases are pending, the following limitations, exclusive of costs and disbursements, shall apply to the compensation:

- for the Tier 1 OCP set forth on **Exhibit A** attached to the Order (the "Tier 1 OCP"), **$150,000 per month** on average over a rolling three-month period (the "Tier 1 Monthly OCP Cap") or **$750,000 in the aggregate** (the "Tier 1 Case Cap"); and

- for each Tier 2 OCP set forth on **Exhibit B** attached to the Order (collectively, the "Tier 2 OCPs"), **$40,000 per month** on average over a rolling three-month period (the "Tier 2 Monthly OCP Cap," and together with the Tier 1 Monthly OCP Cap, the "OCP Monthly Caps") or **$250,000 in the aggregate** (the "Tier 2 Case Cap," and together with the Tier 1 Case Cap, the "OCP Case Caps").

f. To the extent an OCP seeks to increase the OCP Monthly Cap or the OCP Case Cap (the "Increased Cap"), the Debtors shall file a notice with the Court of any such agreed increase (the "Notice of Increased Cap").

---

[3] The Case Management Procedures are set forth in Exhibit 1 of the *Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief.*

3

        Interested parties shall have fourteen days to file an objection to the Notice of Increased Cap with the Court, which objection shall be filed in compliance with the Case Management Procedures approved by the Court. If after fourteen days no objection is filed, and the Court approves the Increased Cap, the OCP may be paid 100 percent of its fees and 100 percent of its expenses without the need to file a fee application. An OCP seeking fees in excess of the OCP Monthly Cap or the OCP Case Cap shall be entitled to interim payment of its requested fees up to the OCP Monthly Cap or the OCP Case Cap, as applicable, pending the Court's allowance of those requested fees in excess of the OCP Monthly Cap or the OCP Case Cap, as applicable.

g. To the extent the Court does not approve an Increased Cap as indicated in subparagraph (f), or in the Debtors' discretion, the OCP shall file with the Court a fee application for the amount in excess of the OCP Monthly Cap or OCP Case Cap in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. An OCP seeking fees in excess of the OCP Monthly Cap or the OCP Case Cap shall be entitled to interim payment of its requested fees up to the OCP Monthly Cap or the OCP Case Cap amount, as applicable, subject to subparagraph (f), pending that OCP's retention and the Court's allowance of those requested fees in excess of the OCP Monthly Cap or the OCP Case Cap, as applicable.

h. To the extent the Court does not approve an Increased Cap as indicated in subparagraph (f), the OCP shall file with the Court a retention application in accordance with section 327 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules unless the U.S. Trustee agrees otherwise.

i. Beginning on the quarter ending September 30, 2022, and for each quarter thereafter during which these chapter 11 cases are pending, the Debtors shall, within thirty days thereof, file with the Court and serve on the Notice Parties a statement with respect to each OCP paid during the immediately preceding quarterly period (the "**Quarterly Statement**"). Each Quarterly Statement shall include: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported quarter; and (iii) a general description of the services rendered by that OCP.

j. The Debtors reserve the right to retain additional OCPs from time to time during these chapter 11 cases by: (i) including such OCPs on an amended version of the OCP Lists that are filed with the Court and served on the Notice Parties and (ii) having such OCPs comply with the OCP Procedures.

3. The Debtors are authorized to supplement the OCP Lists as necessary to add or remove OCPs, from time to time, without the need for any further hearing and without the need to

4

file individual retention applications for newly added OCPs.  In such event, the Debtors shall file the amended OCP Lists with the Court and serve such list on the Notice Parties.  Each additional OCP listed in the OCP Lists shall file with the Court and serve a Declaration of Disinterestedness on the Notice Parties as provided in the OCP Procedures.  If no objections are filed within fourteen days to any such additional OCP's Declaration of Disinterestedness, then retention of such OCPs shall be deemed approved by the Court pursuant to this Order without a hearing or further order.

4. Nothing contained herein shall affect the Debtors' or any appropriate party-in-interest's ability to dispute any invoice submitted by an OCP, and nothing contained herein shall preclude the Debtors from seeking authority to pay any OCP in an amount greater than the applicable OCP Monthly Cap or OCP Case Cap, subject to the rights of any party in interest to oppose any such request.

5. This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

6. Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis is expressly reserved.

7. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: August 5, 2022

                                                      **s/Michael E. Wiles**
                                                      THE HONORABLE MICHAEL E. WILES
                                                      UNITED STATES BANKRUPTCY JUDGE

22-10943-mew    Doc 244    Filed 08/05/22    Entered 08/05/22 08:30:45    Main Document

# Exhibit 1

**Declaration of Disinterestedness**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF DISINTERESTEDNESS**
**OF [ENTITY] PURSUANT TO THE ORDER**
**AUTHORIZING THE RETENTION AND COMPENSATION OF**
**PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

I, [NAME], declare under penalty of perjury:

1. I am a [POSITION] of [ENTITY], located at [STREET, CITY, STATE, ZIP CODE] (the "Firm").

2. Voyager Digital Holdings, Inc. and the other above-captioned debtors and debtors in possession (collectively, the "Debtors"), have requested that the Firm provide [SPECIFIC DESCRIPTION] services to the Debtors, and the Firm has consented to provide such services.

3. The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to these chapter 11 cases for persons that are parties in interest in the Debtors' chapter 11 cases. The Firm, however, does not perform services for any such person in connection with these chapter 11 cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

4. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

5. Neither I nor any principal, partner, director, or officer, of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

6. Neither I nor any principal, partner, director, or officer, of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

7. The arrangements for compensation and reimbursement of the Firm include the following [fee structure, etc.]:

   a. Average hourly rate (if applicable): $[___].

   b. Estimated average monthly compensation based on prepetition retention (if applicable): $[___].

8. As of the date on which the Debtors commenced these chapter 11 cases (the "Petition Date"), the Debtors owed the Firm $[___] for prepetition services, the payment of which is subject to limitations contained in title 11 of the United States Code, 11 U.S.C. §§ 101–1532.

9. As of the Petition Date, the Firm [was/was not] party to an agreement for indemnification with certain of the Debtors. [A copy of such agreement is attached as **Exhibit 1** to this Declaration.]

10. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: _____, 2022

                                                **[DECLARANT'S NAME]**

**<u>Exhibit A</u>**

**Tier 1 OCP List**

## Tier 1 Ordinary Course Professional

| NAME | ADDRESS | TYPE OF SERVICE |
|---|---|---|
| Paul Hastings LLP | 1170 Peachtree Street N.E. Suite 100 Atlanta, GA 30309 United States | Legal Services |

**<u>Exhibit B</u>**

**Tier 2 OCP List**

**Tier 2 Ordinary Course Professionals**

| NAME | ADDRESS | TYPE OF SERVICE |
|---|---|---|
| Berger Singerman LLP | Berger Singerman, LLP<br>201 E Las Olas Blvd<br>Suite 1500<br>Fort Lauderdale, FL 33301<br>United States | Legal Services |
| Campbells Legal (BVI) Limited | Campbells Legal (BVI) Limited<br>Floor 4, Banco Popular Building<br>PO Box 4467<br>Road Town, Tortola VG-1110<br>British Virgin Islands | Legal Services |
| Conyers Dill & Pearman | Conyers Dill & Pearman<br>PO Box 3140<br>Commerce House, Wichams Cay 1<br>Road Town Tortola VG1110<br>British Indian Ocean Territory | Legal Services |
| Day Pitney LLP | Day Pitney LLP<br>One Jefferson Road<br>Parsippany, New Jersey 07054<br>United States | Legal Services |
| Frankfurt Kurnit Klein & Selz, P.C. | Frankfurt Kurnit Klein & Selz, P.C.28 Liberty Street<br>New York, NY 10005<br>United States | Legal Services |
| Jackson Lewis P.C. | Jackson Lewis P.C.<br>58 South Service Road<br>Melville, New York 11747<br>United States | Legal Services |
| Jenner & Block LLP | Jenner & Block LLP<br>353 N Clark Street<br>Chicago, IL 60654<br>United States | Legal Services |
| Kramer Levin Naftalis & Frankel LLP | Kramer Levin Naftalis & Frankel LLP<br>47 Avenue Hoche<br>Paris 75008<br>France | Legal Services |

| NAME | ADDRESS | TYPE OF SERVICE |
|---|---|---|
| Lowenstein Sandler LLP | Lowenstein Sandler LLP<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br>United States | Legal Services |
| Mintz & Gold LLP | Mintz & Gold<br>600 Third Avenue, 25th Floor<br>New York, New York 10016<br>United States | Legal Services |
| Seyfarth Shaw LLP | Seyfarth Shaw LLP<br>233 S. Wacker Drive<br>Suite 8000<br>Chicago, IL 60606<br>United States | Legal Services |
| Troutman Pepper Hamilton Sanders LLP | Troutman Pepper Hamilton Sanders LLP<br>222 Central Park Avenue<br>Suite 2000<br>Virginia Beach, VA 23462<br>United States | Legal Services |
| Walkers Corporate Limited | Walkers Corporate Limited<br>90 Elgin Avenue<br>George Town<br>Cayman Islands | Legal Services |