**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF DISINTERESTEDNESS**
**OF LOWENSTEIN SANDLER LLP PURSUANT TO THE ORDER**
**AUTHORIZING THE RETENTION AND COMPENSATION OF**
**PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

I, Ethan L. Silver, declare under penalty of perjury:

1.      I am an attorney with Lowenstein Sandler LLP, with offices located at 1251 Avenue of the Americas, New York, New York 10020 (the "Firm").

2.      Voyager Digital Holdings, Inc. and the other above-captioned debtors and debtors in possession (collectively, the "Debtors") have requested that the Firm continue to provide regulatory related legal services to the Debtors, and the Firm has consented to continue to provide such services.

3.      The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to these chapter 11 cases for persons that are parties in interest in the Debtors' chapter 11 cases.  The Firm, however, does not perform services for any such person in connection with these chapter 11 cases, or have any relationship

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

with any such person, their attorneys, or accountants that would be adverse to the Debtors or their

estates.

4.      As part of its customary practice, the Firm is retained in cases, proceedings, and

transactions involving many different parties, some of whom may represent or be employed by the

Debtors, claimants, and parties in interest in these chapter 11 cases.

5.      Neither I nor any principal, partner, director, or officer, of, or professional

employed by, the Firm has agreed to share or will share any portion of the compensation to be

received from the Debtors with any other person other than the principal and regular employees of

the Firm.

6.      Neither I nor any principal, partner, director, or officer, of, or professional

employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest

adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be

employed.

7.      The arrangement for compensation and reimbursement of the Firm is on an hourly

basis for services rendered, together with reimbursement of reasonable out of pocket expenses in

connection therewith, as follows:

    a.      The Firm's hourly rates generally range from $690 to $1,715 for Partners, $790 to $1,390 for Of Counsel, $610 to $1,330 for Senior Counsel, $560 to $1,010 for Counsel and $450 to $910 for Associates.

    b.      Estimated average monthly compensation based on prepetition retention (if applicable): $40,000.00.

8.      As of the date on which the Debtors commenced these chapter 11 cases

(the "Petition Date"), the Debtors owed the Firm $0.00[2] for prepetition services, the payment of

---

[2] The Firm is holding a retainer in the amount of $79,544.57.

2

which is subject to limitations contained in title 11 of the United States Code, 11 U.S.C. §§ 101–1532.

9.      As of the Petition Date, the Firm was not party to an agreement for indemnification with the Debtors.

10.     The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 4, 2022                                    /s/ *Ethan L. Silver*
                                                          Ethan L. Silver
                                                          LOWENSTEIN SANDLER LLP
                                                          1251 Avenue of the Americas
                                                          New York, NY 10020