UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC. *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER (I) AUTHORIZING THE DEBTORS TO (A) HONOR WITHDRAWALS FROM THE MC FBO ACCOUNTS, (B) LIQUIDATE CRYPTOCURRENCY FROM CUSTOMER ACCOUNTS WITH A NEGATIVE BALANCE, (C) SWEEP CASH HELD IN THIRD-PARTY EXCHANGES, (D) CONDUCT ORDINARY COURSE RECONCILIATION OF CUSTOMER ACCOUNTS, AND (E) CONTINUE STAKING CRYPTOCURRENCY, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing the Debtors to: (i) honor customer withdrawals from the MC FBO Accounts, (ii) liquidate cryptocurrency from customer accounts with a negative balance, (iii) sweep cash held in third-party exchanges, (iv) conduct ordinary course reconciliation of customer accounts, and (v) continue to stake cryptocurrency; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and that this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED**:

1. The Motion is granted on a final basis to the extent set forth herein.

2. The record of the Hearing demonstrated that funds held in two FBO Accounts at MC Bank and administered by the Debtors are funds held for the benefit of customers and that those funds belong to customers and are not property of the estate. MC Bank and the Debtors are authorized to honor any requests for withdrawals by customers of cash held on the customers' behalf in the applicable MC FBO Accounts as of the Petition Date. In the case of each customer, nothing in this paragraph shall be interpreted as authorizing any withdrawal of any amount other than the cash actually held in two designated MC FBO Accounts for the benefit of that customer as of the Petition Date, and nothing in this paragraph shall authorize the withdrawals of cryptocurrency or any efforts to rescind, recharacterize, fulfill or reverse any cryptocurrency trades made by or on behalf of such customer. Any issues as to the amounts of cash held by individual customers in the MC FBO Accounts shall be resolved pursuant to the normal operating procedures

of MC Bank and the Debtors, or if such issues cannot be resolved they may be presented to the Court for resolution.

3. The Debtors are authorized to reinstate their ordinary course practices with respect to: (a) liquidating cryptocurrency for customer accounts with a negative USD balance, (b) sweeping cash held in third party exchanges, (c) reconciling customer records to reflect the status of accounts as of the commencement of these cases (including, but not limited to, reconciliations to reflect transactions that were fulfilled or partially fulfilled prior to the commencement of these cases), (d) closing accounts that are unfunded and/or deemed to be fraudulent; (e) disabling user access to closed accounts; and (f) recovering funds that were sent to incorrect blockchains.

4. To the extent that customers placed orders that were not filled or that were only partially filled prior to the commencement of these cases, the Debtors are authorized to cancel the portions of such orders that were not filled.

5. The Debtors may "stake" cryptocurrency pursuant to their ordinary course practices as they deem appropriate in the ordinary course of business; *provided, however*, that the Debtors shall give seven (7) business days' written notice (the "Staking Notice") to the Committee prior to staking or unstaking cryptocurrency. The Staking Notice shall include information sufficient to allow the Committee to evaluate the proposed staking and unstaking, including, without limitation, the staking protocol, the smart contract address, anticipated yield, the cryptocurrency to be staked, the cryptocurrency or fiat the Debtors propose to convert to stake, staking mechanics, lock-up period, transaction fees, actions required to unstake, and the involvement of any third-party and their respective fees. If the Committee objects to the proposed staking or unstaking within seven (7) business days of receiving the Staking Notice, the Debtors shall not stake or unstake until such

objection is adjudicated by this Court. For the avoidance of doubt, nothing in this Order shall authorize the Debtors to conduct any lending activity.

6. The Committee shall have thirty (30) days after entry of this Order to evaluate the Debtors' staking positions that existed as of the Petition Date. The Debtors shall comply with all reasonable requests for information from the Committee to allow the Committee to conduct its evaluation of such staking positions. Nothing in this Order shall affect the Committee's rights to object to the Debtors' staking positions that existed as of the Petition Date.

7. Nothing provided in this Order shall be deemed to modify, alter, or supersede the relief granted in paragraph 8 of the Cash Management Order regarding the assignment, to the Debtors, of MC Bank's authority to challenge cash withdrawal requests from customers and to challenge efforts by customers to reverse prior ACH transfers.

8. Nothing provided in this Order shall affect any claims or causes of action arising under chapter 5 of the Bankruptcy Code.

9. The Debtors are authorized to reinstate their ordinary course practices and otherwise honor their obligation to cover any amounts debited from the applicable FBO Account by reason of returned entries or ACH Chargebacks pursuant to paragraph 3.6 and Schedule C of the FBO Agreement and sections 9, 11(a), and 12 of the ACH Agreement.

10. Notwithstanding any language to the contrary in the Motion or this Order, no provision of the Motion or Order shall constitute a finding as to whether the Cryptocurrency Transactions are securities or comply with federal or state securities laws, and the right of the United States Securities and Exchange Commission to challenge such transactions on any basis are expressly reserved.

11. Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis is expressly reserved.

12. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

13. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

14. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

16. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: New York, New York
       August 5, 2022

                                          /s/ **Michael E. Wiles**
                                          THE HONORABLE MICHAEL E. WILES
                                          UNITED STATES BANKRUPTCY JUDGE