**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) ) ) | Case No. 22-10943 (MEW) |
| Debtors. | ) ) | (Jointly Administered) |

**DECLARATION OF DISINTERESTEDNESS**
**OF BERGER SINGERMAN LLP PURSUANT TO THE ORDER**
**AUTHORIZING THE RETENTION AND COMPENSATION OF**
**PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

I, Gavin Gaukroger, declare under penalty of perjury:

1. Through my professional association, I am a Partner of Berger Singerman LLP, located at 201 East Las Olas Blvd., Suite 1500, Fort Lauderdale, Florida 33301 (the "Firm").

2. Prior to the commencement of these chapter 11 cases, the Firm represented Voyager Digital, LLC and Voyager Digital Ltd. in litigation pending in the United States District for the Southern District of Florida. Voyager Digital, LLC, Voyager Digital Ltd. and the other above-captioned debtors and debtors in possession (collectively, the "Debtors"), have requested that the Firm represent the Debtors in connection with litigation matters, and the Firm has consented to provide such services.

3. The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to these chapter 11 cases for persons that are parties in interest in the Debtors' chapter 11 cases. The Firm, however, does not perform

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

services for any such person in connection with these chapter 11 cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

4. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

5. Neither I nor any principal, partner, director, or officer, of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

6. Neither I nor any principal, partner, director, or officer, of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

7. The arrangements for compensation and reimbursement of the Firm include the following fee structure:

   a. Average hourly rate: $595.00.

   b. Estimated average monthly compensation based on prepetition retention: $12,000.00.

8. On June 30, 2022, the Firm received a payment of $30,000 from the Debtors, of which the Firm applied $12,194.39 towards the fees and costs owed to the Firm for pre-petition services and $17,805.61 of which was deposited into the Firm's trust account as a retainer. As of the date on which the Debtors commenced these chapter 11 cases (the "Petition Date"), the Debtors

were not indebted to the Firm for prepetition services, the payment of which is subject to limitations contained in title 11 of the United States Code, 11 U.S.C. §§ 101–1532.

9. As of the Petition Date, the Firm was not party to an agreement for indemnification with any of the Debtors.

10. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: August 11, 2022

*[signature]*
Gavin C. Gaukroger, Partner