UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) Case No. 22-10943 (MEW) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**DECLARATION OF DISINTERESTEDNESS
OF FRANKFURT KURNIT KLEIN & SELZ PURSUANT TO THE ORDER
AUTHORIZING THE RETENTION AND COMPENSATION OF
PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

I, Hannah Taylor, declare under penalty of perjury:

1. I am a Partner at Frankfurt Kurnit Klein & Selz, located at 28 Liberty St., 35th Fl., New York, NY 10005 (the "Firm").

2. Voyager Digital Holdings, Inc. and the other above-captioned debtors and debtors in possession (collectively, the "Debtors"), have requested that the Firm provide adverting and Web3 counseling and transactional services to the Debtors, and the Firm has consented to provide such services.

3. The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to these chapter 11 cases for persons that are parties in interest in the Debtors' chapter 11 cases. The Firm, however, does not perform services for any such person in connection with these chapter 11 cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

1

4.  As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

5.  Neither I nor any principal, partner, director, or officer, of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

6.  Neither I nor any principal, partner, director, or officer, of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

7.  The arrangements for compensation and reimbursement of the Firm include the following fee structure:

   a.  Average hourly rate (if applicable): $687.

   b.  Estimated average monthly compensation based on prepetition retention (if applicable): $17,800.

8.  As of the date on which the Debtors commenced these chapter 11 cases (the "Petition Date"), the Debtors owed the Firm $33,497.50 for prepetition services, the payment of which is subject to limitations contained in title 11 of the United States Code, 11 U.S.C. §§ 101–1532.

9.  As of the Petition Date, the Firm was a party to an agreement for indemnification with certain of the Debtors. A copy of such agreement is attached as **Exhibit 1** to this Declaration.

10. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its

employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: August 11, 2022

Hannah Taylor
FRANKFURT KURNIT KLEIN & SELZ PC
28 Liberty St., Fl. 35
New York, NY 10005

# Frankfurt Kurnit Klein + Selz PC

**Hannah Taylor**
28 Liberty Street
New York, New York 10005
T (212) 705-4849
htaylor@fkks.com

April 5, 2022

**BY E-MAIL**
Voyager Digital, LLC
33 Irving Place, 3rd Floor
New York, N.Y. 10003
Attn: David Brosgol, General Counsel (dbrosgol@investvoyager.com)

Re:     Engagement Letter

All:

We are pleased that you have asked Frankfurt Kurnit Klein & Selz, P.C. ("FKKS", the "firm," "we", "us", "our") to represent Voyager Digital, LLC ("you") in connection with the matters set forth below. As required by the professional rules governing attorney conduct (as well as by good business practice), we write this letter to confirm the terms of our representation of you and your written agreement to those terms.

1.   General Nature of the Representation

We will provide you with legal advice and services in connection with advertising, non-fungible tokens (NFTs), and any other matters that you may request, and we may accept (the "Engagement").

*The services we shall provide will be strictly of a legal nature. We are not being engaged to provide business, tax, accounting, or investment advice, nor to review, assess, or evaluate the creditworthiness or credibility of any person with whom you may deal. In addition, you understand that the legal and regulatory landscape for blockchain technology, including cryptocurrency and digital assets, is uncertain and evolving, and that any use of blockchain technology carries a certain level of risk. As part of our Engagement, we may identify issues that a blockchain-related project potentially raises under various financial related laws and regulations including, without limitation, securities, money service business, money transmitter, banking, commodities, and Office of Foreign Asset Control (OFAC) matters (collectively, "Blockchain Financial Matters"). However, you agree and acknowledge that Blockchain Financial Matters are outside the scope of the Engagement and that you will seek independent counsel (we are happy to recommend co-counsel) in connection with any such Blockchain Financial Matters.*

Voyager Digital, LLC
April 5, 2022
Page 2

    2.    <u>Attorneys' Fees and Disbursements</u>

In return for legal services, you will pay FKKS legal fees on an hourly basis or on such other basis as may be agreed from time-to-time. The 2022 hourly rates of FKKS lawyers range from $325 to $1,000. My billable rate for 2022 is $750. FKKS' clerks, interns, and legal assistants are currently billed at $215 to $400 per hour. Rates may change during our representation, with the new rates to be applied prospectively from the date the adjustment goes into effect; this will not occur during the year 2022.

In addition to fees, you will be required to pay directly or to reimburse us for all usual disbursements, including, without limitation, outside messengers and pre-approved travel expenses. Where outside vendors are involved, you will be billed at cost as reflected in the vendors' bills. To the extent services are provided by outside vendors and other third parties, we will either pay these costs or forward them to you, at the firm's discretion. If costs are forwarded to you, you will be required to pay them; if we pay them, you will be required to reimburse us.

You agree to pay us a **$5,000** advance (the "Initial Advance"), which will be placed in the firm's operating account and applied against the time and disbursement charges as they are earned. If total time and disbursement charges are less than the Initial Advance, we will refund the difference. If the total time and disbursement charges exceed the Initial Advance, you will be expected to pay the balance. Just to be clear, the Initial Advance is neither a minimum nor a maximum fee; you are obligated to pay the time and disbursement charges actually accrued. We reserve the right to ask for additional advances if your account balance equals or exceeds the amount of the current advance from you.

We will send you a monthly statement detailing all time charges (if applicable) and disbursements. You agree that you will promptly review the statements and raise any questions or objections regarding the amounts and items billed. If you do not object to the charges, you agree that you will pay the bill no later than thirty (30) days of presentation. If you object to only a portion of the charges on a given statement, then you agree to pay the remainder of the charges within thirty (30) days of presentation pending resolution of your objection.

Please note that our fee is not contingent on any event or result, and we do not guarantee or promise any particular result. Any statements or comments about the outcome of your matters are expressions of opinion only and are not to be considered binding. Moreover, it is often impractical to determine in advance the amount of effort that will be needed to complete all the necessary work on a matter or the total amount of fees and costs which may be incurred. Obviously, any estimates or budgets may need to be adjusted upwards or downwards as changes occur. Moreover, these estimates and budgets are not intended to be binding (unless this agreement specifically states otherwise), are subject to unforeseen circumstances (including but not limited to unforeseen actions by adverse counsel or adverse parties), and by their nature are inexact. In any event, FKKS will be paid based solely on the fees and disbursements accrued, as set forth in this Agreement.

    3.    <u>Termination of the Attorney-Client Relationship</u>

While we hope that our relationship with you will be mutually satisfactory, it is understood that you may terminate FKKS at any time by written notice, effective when received by us unless judicial approval is required for us to withdraw. Unless specifically agreed by both of us, we will provide no further services and advance no further costs on your behalf after receipt of such a written notice. Similarly, we may terminate or withdraw from your representation under the circumstances permitted by the New York Rules of Professional Conduct of the State Bar of New York, which may include, but not

Voyager Digital, LLC
April 5, 2022
Page 3

be limited to, your failure to pay invoices in a timely manner or unreasonably failing to cooperate in the Engagement. In the event of such withdrawal or termination, you will be expected to pay unpaid time and disbursements (and, if applicable, unpaid interest) accrued up to the date of such withdrawal or termination. This obligation will exist even if the firm seeks to withdraw from your representation and that application is denied. You also will be expected to pay for all costs and fees (including any attorney or paralegal time at the rates described herein) incurred in duplicating and sending your file to you or to successor counsel, as well as any costs and fees incurred in providing information about the matter to successor counsel. Upon termination of the Engagement, the attorney-client relationship with you will end, and the firm shall have no continuing obligation to advise you on any matter unless such firm otherwise expressly agrees in writing. If we are not terminated and do not withdraw, our professional relationship and our agreement with you will conclude at the time we have completed the legal services we have been asked to undertake as provided for in this agreement and we have sent you our final invoice for fees and costs.

If there is a dispute regarding fees between $1,000 and $50,000, you have the right – but are not obligated – to arbitrate the dispute in accordance with the New York State Fee Dispute Resolution Program. A copy of the rules governing that Program is available upon request.

If any claim is brought against the firm or any of its personnel based on your negligence or misconduct, if we are asked to testify as a result of the Engagement, or if the firm must defend the confidentiality of your communications in any proceeding following the termination of representation, you agree to indemnify and hold harmless the firm and each current or former firm attorney or other firm employee against any such claim (including all reasonable costs, fees and expenses of defending against any such claim), as well as pay for any resulting costs incurred for our attorneys' time and disbursements, at the rates described herein. Such indemnification shall include advancement of the firm's reasonable attorneys' fees and costs, to the extent not covered by the firm's professional liability insurance policy.

4.  Document Retention and Destruction

During the course of the Engagement, we are likely to come into possession of copies or originals of documents or other materials belonging to you or others (collectively, "Materials"). Under FKKS' records retention policy, FKKS will retain such Materials for a period of seven years after FKKS' engagement in connection with such matter has ended (the "Document Holding Period"), unless FKKS makes other arrangements with you. After the Document Holding Period expires, all Materials may be destroyed or discarded without notice to you. Accordingly, if there are Materials you wish to have returned to you at the conclusion of the Engagement, you must advise FKKS in writing to ensure that such Materials are not destroyed. FKKS' internal billing files, and any documents or files FKKS is permitted by applicable law to retain, will not be sent, or returned to you, either at the conclusion of the matter or at any other time.

5.  Miscellaneous

    A.  This agreement is governed by the laws of the State of New York.

    B.  This agreement contains the entire agreement between the parties with respect to the Engagement described above, and supersedes any prior oral representations, statements, misstatements, guarantees or promises of any kind.

Voyager Digital, LLC
April 5, 2022
Page 4

C. This agreement may be modified only by a subsequent written agreement of the parties.

D. If any provision of this agreement is held, in whole or in part, to be unenforceable for any reason, the remainder of that provision and of the entire agreement will be severable and remain in effect.

E. Except as otherwise stated herein, this agreement shall apply to any additional or subsequent matters we agree to undertake on your behalf unless we agree in writing to a different arrangement.

If this letter accurately reflects your understanding of our relationship, please acknowledge your approval and acceptance of these terms by signing and returning to us a copy of this retainer letter.

We look forward to working together.

Very truly yours,

Hannah Taylor

Agreed to this 5th day of April, 2022

Voyager Digital, LLC

By: _____
DocuSigned by:
David Brosgol, General Counsel
139EC73A2D4F474...