UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re:<br><br>VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-10943 (MEW)<br><br>(Jointly Administered) |

**DECLARATION OF DISINTERESTEDNESS
OF CONYERS DILL & PEARMAN PURSUANT TO THE ORDER
AUTHORIZING THE RETENTION AND COMPENSATION OF
PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

I, Mary Stewart, declare under penalty of perjury:

1. I am an Associate of Conyers Dill & Pearman, located at Commerce House, Wickhams Cay 1, PO Box 3140, Road Town, Tortola, British Virgin Islands VG1110 (the "Firm").

2. Voyager Digital Holdings, Inc. and the other above-captioned debtors and debtors in possession (collectively, the "Debtors"), have requested that the Firm provide advice and representation services to the Debtors in connection with the liquidation of Three Arrows Capital Ltd, and the Firm has consented to provide such services.

3. The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to these chapter 11 cases for persons that are parties in interest in the Debtors' chapter 11 cases. The Firm, however, does not perform services for any such person in connection with these chapter 11 cases, or have any relationship

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

Legal – 21379615.1

with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

4. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

5. Neither I nor any principal, partner, director, or officer, of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

6. Neither I nor any principal, partner, director, or officer, of, or professional employed by, the Firm, insofar as I have been abe to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

7. The arrangements for compensation and reimbursement of the Firm include the following fee structure, etc.:

    a. Time is charged on a time spent basis.

       Rates are hourly and vary according to seniority. The current applicable charging rates are as follows: $975 per hour (Partner), $895 per hour (Partner) and $400 per hour (Associate).

    b. The total reimbursement due to this Firm to date is $32,783.60.

8. As of the date on which the Debtors commenced these chapter 11 cases (the "Petition Date"), the Debtors owed the Firm $0 for prepetition services, the payment of which is subject to limitations contained in title 11 of the United States Code, 11 U.S.C. §§ 101–1532.

9. As of the Petition Date, the Firm was not party to an agreement for indemnification with certain of the Debtors.

10. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: 12th August, 2022

_____
**Mary Stewart**