Hearing Date: August 24, 2022, at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline: August 17, 2022, at 4:00 p.m. (prevailing Eastern Time)

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | Case No. 22-10943 (MEW) |
| Debtors. | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF
AN ORDER AUTHORIZING THE DEBTORS TO REDACT
AND FILE UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION
RELATED TO THE DEBTORS' KEY EMPLOYEE RETENTION PLAN**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (this "Motion"):

**Relief Requested**[2]

1.    The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), authorizing the Debtors to (a) redact and file under seal the KERP Participants' job titles, supervisors, and corresponding salary and proposed KERP award, as set

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the *Debtors' Motion for Entry of an Order (I) Approving the Debtors' Key Employee Retention Plan and (II) Granting Related Relief* [Docket No. 212] (the "KERP Motion").

forth in the *Declaration of Stephen Ehrlich, Chief Executive Officer of the Debtors, in Support of the Debtors' Motion for Entry of an Order (I) Approving the Debtors' Key Employee Retention Plan and (II) Granting Related Relief* (the "Ehrlich Declaration"); and (b) provide unredacted versions of the Ehrlich Declaration solely to (i) the United States Bankruptcy Court for the Southern District of New York, (ii) the United States Trustee for the Southern District of New York, and (iii) McDermott Will & Emery LLP as counsel to the official committee of unsecured creditors appointed in the Debtors' chapter 11 cases (collectively, the "Receiving Parties" and in each case of the foregoing parties listed in (i) through (iii), on a confidential and professionals' eyes only basis).

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012. The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a), 107(b), and 107(c) of title 11 of the United States Code (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 9013-1, 9018-1, and 9037-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

5. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 18]. On July 19, 2022, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") [Docket No. 102]. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

## Background

6. On July 5, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Stephen Ehrlich, Chief Executive Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 15] (the "First Day Declaration"), incorporated by reference herein.

7. On August 2, 2022, the Debtors filed the KERP Motion, which seeks authorization for the Debtors' to award retention based compensation to 38 of the Debtors' non-insider employees. In support of the KERP Motion, the Debtors prepared the Ehrlich Declaration[3] and shared, prior to their filing, the Ehrlich Declaration with the U.S. Trustee and the Committee. Prior to filing, the Debtors also discussed this Motion—along with the Ehrlich Declaration—with the Committee and the U.S. Trustee. The Ehrlich Declaration contains commercially and personally sensitive information with respect to the Debtors' reporting structure and the Debtors' employees, including their job titles, their supervisors' names, their salaries, and their proposed KERP awards

---

[3] The Debtors also filed the *Declaration of Zachary P. Georgeson in Support of the Debtors' Motion for Entry of an Order (I) Approving the Debtors' Key Employee Retention Plan and (II) Granting Related Relief* (the "Georgeson Declaration"). *See* Docket No. 258. Mr. Georgeson is a Senior Consulting Director at Willis Towers Watson US LLC, the compensation consultant engaged by the Debtors in these chapter 11 cases.

3

(the "Confidential Information"). In light of the non-public, personal, and/or sensitive information related to the Debtors' employees set forth in the Ehrlich Declaration, the Debtors respectfully submit that the Court should restrict access to the Confidential Information and any subsequent notices containing information related thereto to the Receiving Parties pursuant to section 107 of the Bankruptcy Code.

8. Disclosure of the Confidential Information would allow the Debtors' competitors to obtain competitive commercial information regarding the Debtors' employment practices, internal reporting structures, and individual employees. The Debtors' competitors do not have access to the Confidential Information, and if any Confidential Information were made publicly available, the Debtors' competitors could gain an improper advantage and/or strategically target and pursue the Debtors' employees, which would, in turn, negatively impact the Debtors' business and ability to maximize the value of their estates. Certain of the Debtors' employees, including those specifically disclosed in the Ehrlich Declaration, provide vital assistance to the Debtors' advisors to facilitate the administration of these chapter 11 cases and position the Debtors for a smooth transition to post-emergence operations. Disclosure of the Confidential Information would allow the Debtors' competitors to attract the very employees necessary to the Debtors' operations and restructuring efforts.

9. An unredacted version of the Ehrlich Declaration will be provided to the Court Clerk's office in accordance with Local Rule 9037-1(c).

**Basis for Relief**

I. **Redacting the Confidential Information is Warranted Under Section 107(b) of the Bankruptcy Code.**

10. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with authority to issue orders that will protect entities from the potential harm that may result from the disclosure of certain confidential information. This section provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may:
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or *commercial information*; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b) (emphasis added).

11. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code. Specifically, Bankruptcy Rule 9018 provides, in relevant part, that, upon motion, "the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

12. If the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original). Stated differently, section 107(b) of the Bankruptcy Code does not require a party seeking its protections to demonstrate "good cause." *Orion Pictures*, 21 F.3d at 28. "Courts have supervisory power over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del.

5

2005). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *See In re Glob. Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003). Confidential commercial information "has been defined as information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Faucett*, 438 B.R. 564, 567–68 (Bankr. W.D. Tex. 2010) (quoting *Orion Pictures Corp.*, 21 F.3d at 27). Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code.[4] Courts have also held that the resulting sealing order should be broad (*i.e.*, "any order which justice requires"). *See, e.g.*, *In re Glob. Crossing, Ltd.*, 295 B.R. at 724 (citing Bankruptcy Rule 9018).

13. The Debtors submit that the Confidential Information contained in the Ehrlich Declaration constitutes confidential commercial information that may be protected under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018. Courts in this district have held that such confidential commercial information includes information related to a debtor's key employee retention plan. *See In re Revlon, Inc.*, No. 22-10760 (DSJ) (Bankr. S.D.N.Y. July 22, 2022) (sealing job descriptions, job titles, compensation data, supervisors, and number of reports); *In re Purdue Pharma L.P.*, No. 19-23649 (RDD) (Bankr. S.D.N.Y. May 20, 2022) (sealing performance metrics); *In re A.B.C. Carpet Co., Inc.*, No. 21-11591 (DSJ) (Bankr. S.D.N.Y. Oct. 7, 2021) (sealing the names of participants, their job titles, and specific payout amounts);

---

[4] *See In re Northstar Energy, Inc.*, 315 B.R. 425, 429 (Bankr. E.D. Tex. 2004) ("A bankruptcy court is required to seal 'documentary information filed in court that does not rise to the level of a trade secret but that is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors.'"); *see also Orion Pictures*, 21 F.3d at 27–28 (holding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party must show only that the information it wishes to seal is "confidential" and "commercial" in nature).

*In re Frontier Commc'ns Corp.*, No. 20-22476 (RDD) (Bankr. S.D.N.Y. May 26, 2020) (sealing employee names, job titles, supervisors' names, and number of reports); *In re Fairway Grp. Holdings Corp.*, No. 20-10161 (JLG) (Bankr. S.D.N.Y. Apr. 8, 2020) (sealing salary, severance, and proposed payout amounts).

14. The Debtors operate in a highly competitive market and the publication of the Confidential Information—which includes the title, job description, supervisor, salary, and KERP award of each Participant—may enable competitors to poach the Debtors' key employees. If any of the Confidential Information is publicly disclosed, the competitive advantage the Debtors' competitors would obtain will undoubtedly harm and jeopardize the Debtors' ability to maximize the value of their estates.

15. Further, disclosure of the Confidential Information would enable the Debtors' employees to learn or intuit certain information with respect to their colleagues, which is not only inappropriate, but also is likely to negatively affect employee morale to the detriment of the Debtors and their estates. Accordingly, disclosure of the Confidential Information would negatively impact the Debtors' business, put the Debtors at an enormous competitive disadvantage, erode employee morale, and undermine the Debtors' efforts to reorganize. The Debtors' competitors should not be allowed to use confidential employee and retention information to obtain an unfair business advantage to the detriment of the Debtors' estates and creditors.

16. The Debtors have narrowly tailored the request set forth in this Motion to protect only the kind of commercially sensitive information that is entitled to be protected under section 107 of the Bankruptcy Code. As a result, the Debtors believe that authorizing the Confidential Information to be redacted and filed under seal is the best method to ensure

transparency with respect to information disclosure while still preventing the negative implications of public disclosure.

**II.     Redacting the Names of the Debtors' Employees is Warranted Under Section 107(c) of the Bankruptcy Code.**

17.     Section 107(c) of the Bankruptcy Code authorizes courts to issue orders that will protect information that would create "undue risk of identity theft or unlawful injury to the individual or the individual's property." 11 U.S.C. § 107(c)(1). Section 107(c) of the Bankruptcy Code protects "means of identification" from being publicly disclosed. 11 U.S.C. § 107(c)(1)(A). Means of identification includes "any name or number that may be used, along or in conjunction with any other information, to identify a specific individual[.]" 18 U.S.C. § 1028(d)(7).

18.     As noted by Collier on Bankruptcy, "[s]ection 107(c) gives the court broad discretion to protect an individual with respect to any information, including identifying information, in a paper filed or to be filed with the court to the extent that the court finds that disclosure of the information would create an undue risk of identity theft or unlawful injury to the individual or the individual's property." 2 COLLIER ON BANKRUPTCY ¶ 107.04 (16th ed.). Stated differently, "[t]he types of information that can be protected by the court are unlimited" and go beyond the types of identification referenced in Bankruptcy Code section 107(c)(1)(A), especially in light of the broad language in Bankruptcy Code section 107(c)(1)(B) authorizing protection of "other information." *Id.*

19.     The Debtors submit that the names of the employees contained in the Ehrlich Declaration constitute personal information that may be protected under section 107(c)(1) of the Bankruptcy Code. The privacy and security of personal identification information in the cryptocurrency industry is particularly important given the extreme high-risk and high-upside common in the crypto sector.

20. The public disclosure of any personal information regarding the Debtors' employees, including their names, can put the Debtors' employees at a real risk of becoming the target of identity theft, blackmail, harassment, and stalking, or other harm. *See, e.g.*, *Brennan v. Stevenson*, 2015 U.S. Dist. LEXIS 158848, *2, 2015 WL 7454109 (explaining "doxing" as "searching on the Internet for, and publishing, private identifying information about an individual, typically with malicious intent."). Even if only portions of the Confidential Information were to be redacted, parties might be able piece together certain bits of the available information in furtherance of fraud, identity theft, or other crimes. By requesting to file the Confidential Information under seal, the Debtors are seeking to protect their employees, and their respective families, to the maximum extent possible.

21. The Debtors have sufficiently described the KERP in the KERP Motion, the Georgeson Declaration, and the Ehlrich Declaration. Thus, the public has been provided with adequate information to evaluate the relief sought in the KERP Motion, and the Debtors have only withheld the information that would have the potential to harm the Debtors' estates and stakeholders. Moreover, limiting the disclosure to the Receiving Parties will enable sufficient scrutiny of the KERP Motion while minimizing the potential adverse impact of disclosure. As a result, the Debtors submit that the factual and legal predicates for filing the Confidential Information under seal have been satisfied.

22. The Debtors further request that the Order authorizing the seal remain for the duration of these chapter 11 cases so as not to frustrate the purpose of the Order. This proposed

format for disclosure is carefully tailored to provide appropriate levels of information in these cases while still maintaining confidentiality of "commercial information" where truly necessary.

## Notice

23. The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the U.S. Trustee; (b) the Committee; (c) the lender under the Debtors' prepetition loan facility; (d) the United States Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service; (f) the Toronto Stock Exchange; (g) the attorneys general in the states where the Debtors conduct their business operations; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| Dated: August 12, 2022<br>New York, New York | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>Christopher Marcus, P.C.<br>Christine A. Okike, P.C.<br>Allyson B. Smith (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br>Email: jsussberg@kirkland.com<br>cmarcus@kirkland.com<br>christine.okike@kirkland.com<br>allyson.smith@kirkland.com<br><br>*Counsel to the Debtors and Debtors in Possession* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### ORDER AUTHORIZING THE DEBTORS TO REDACT AND FILE UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION RELATED TO THE DEBTORS' KEY EMPLOYEE RETENTION PLAN

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), authorizing the Debtors to (a) redact and file under seal the KERP Participants' job titles, supervisors, corresponding salary, and proposed KERP award, as set forth in the Ehrlich Declaration, (b) provide unredacted versions solely to the Receiving Parties, and (c) granting related relief, all as more fully set forth in the Motion and Georgeson Declaration; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors'

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital, Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized, pursuant to sections 105(a), 107(b), and 107(c) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, to file the Ehrlich Declaration with the Confidential Information under seal.

3. The unredacted version of the Ehrlich Declaration shall remain confidential and shall not be made available to anyone other than the Receiving Parties without the Debtors' consent, may not be filed on the public docket, and shall remain under seal until further order of the Court.

4. The Debtors shall submit an unredacted copy of the Ehrlich Declaration to the Clerk of the Court in an envelope under seal, clearly indicating that the same has been filed under seal by order of the Court.

5. The Clerk of this Court shall treat the Confidential Information contained in the Ehrlich Declaration as confidential, and counsel for the Debtors shall contact the Clerk's Office regarding the return or disposition of the Ehrlich Declaration as soon as practicable following the effective date of any chapter 11 plan in this case or any successor cases.

6. The Debtors are authorized to cause the unredacted versions of the Ehrlich Declaration to be served on and made available, on a confidential basis, to the Receiving Parties.

7. Any party authorized to receive the unredacted versions of the Ehrlich Declaration shall be authorized and directed, subject to Local Rule 9037-1, to redact specific references to the information set forth therein from pleadings filed on the public docket maintained in these chapter 11 cases. If the Confidential Information is attached or referred to in any future pleadings or documents filed with this Court relating to these chapter 11 cases, this Order shall apply to such pleading or document.

8. Any party who receives the Confidential Information in accordance with this Order shall not disclose or otherwise disseminate this information to any other person or entity, including in response to a request under the Freedom of Information Act.

9. The requirements set forth in Local Rules 9013-1, 9018-1, and 9037-1 are satisfied by the contents of the Motion.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2022

                                        THE HONORABLE MICHAEL E. WILES
                                        UNITED STATES BANKRUPTCY JUDGE