Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) SOLICITATION AND NOTICE PROCEDURES, (III) FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Motion for Entry of an Order Approving (I) the Adequacy of the Disclosure Statement, (II) Solicitation and Notice Procedures, (III) Forms of Ballots and Notices in Connection Therewith, and (IV) Certain Dates With Respect Thereto* (the "Motion,") will be held on **September 15, 2022, at 10:00 a.m., prevailing Eastern Time** (the "Hearing").  In accordance with General Order M-543 dated March 20, 2020, the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

Hearing will be conducted telephonically. Any parties wishing to participate must do so by making arrangements through CourtSolutions by visiting https://www.court-solutions.com.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (each, an "Objection") to the relief requested in the Motion shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Rules for the Southern District of New York, all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York, and the *Interim Order Establishing Certain Notice, Case Management, and Administrative Procedures* [Docket No. 60] (the "Case Management Order") approved by the Court; (c) be filed electronically with the Court on the docket of *In re Voyager Digital Holdings, Inc.,* Case No. 22-10943 (MEW) by registered users of the Court's electronic filing system and in accordance with General Order M-399 (which is available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served in accordance with the Case Management Order so as to be **actually received** by **September 9, 2022, at 4:00 p.m., prevailing Eastern Time** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Debtors shall, on or after the Objection Deadline, submit to the Court an order substantially in the form annexed as Exhibit A to the Motion, which order the Court may enter with no further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing. The Debtors will file an agenda before the Hearing, which may modify or supplement the Motion to be heard at the Hearing.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Motion may be obtained free

of charge by visiting the website of Stretto at https://cases.stretto.com/Voyager.  You may also

obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in

accordance with the procedures and fees set forth therein.

| | |
|---|---|
| Dated:  August 12, 2022<br>New York, New York | */s/ Joshua A. Sussberg* |

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:          jsussberg@kirkland.com
                cmarcus@kirkland.com
                christine.okike@kirkland.com
                allyson.smith@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

**Hearing Date:  September 15, 2022, at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline:  September 9, 2022 at 4:00 p.m. (prevailing Eastern Time)**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC. *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### DEBTORS' MOTION FOR ENTRY
### OF AN ORDER APPROVING (I) THE
### ADEQUACY OF THE DISCLOSURE STATEMENT,
### (II) SOLICITATION AND NOTICE PROCEDURES,
### (III) FORMS OF BALLOTS AND NOTICES IN CONNECTION
### THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO

Voyager Digital Holdings, Inc., and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully state the following in support of this motion (this "Motion"):

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

## Relief Requested

1.    The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "<u>Disclosure Statement Order</u>"), granting the following relief and such other relief

as is just and proper:

    a.    ***Disclosure Statement.***  Approving the Disclosure Statement[2] as containing "adequate information" pursuant to section 1125 of chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>");

    b.    ***Solicitation and Voting Procedures.***  Approving the procedures for (i) soliciting, receiving, and tabulating votes to accept or reject the Plan, (ii) voting to accept or reject the Plan, and (iii) filing objections to the Plan (the "<u>Solicitation and Voting Procedures</u>"), substantially in the form attached to the Disclosure Statement Order as **Exhibit 1**;

    c.    ***Disclosure Statement Hearing Notice***. Approving the form and manner of notice of the hearing to consider approval of the Disclosure Statement (the "<u>Disclosure Statement Hearing</u>" and the notice thereof, the "<u>Disclosure Statement Hearing Notice</u>"), substantially in the form attached to the Disclosure Statement Order as **Exhibit 2**;

    d.    ***Non-Voting Status Notices.***  Approving (a) the form of notice applicable to Holders of Allowed Claims or Allowed Interests that are Unimpaired under the Plan and who are, pursuant to section 1126(f) of the Bankruptcy Code, conclusively presumed to accept the Plan; (b) the form of notice applicable to Holders of Claims or Interests that are Impaired under the Plan and who are, pursuant to section 1126(g) of the Bankruptcy Code, conclusively deemed to reject the Plan; and (c) the form of notice applicable to Holders of Claims that are subject to a pending objection by the Debtors and who are not entitled to vote the disputed portion of such Claim (each, a "<u>Non-Voting Status Notice</u>"), substantially in the forms attached to the Disclosure Statement Order as **Exhibit 3A**, **Exhibit 3B**, and **Exhibit 3C**;

    e.    ***Ballots.***  Approving the Class 3 Ballots (Account Holder Claims) and the Class 5 Ballots (General Unsecured Claims) (collectively, the "<u>Ballots</u>"),

---

[2]   The "<u>Disclosure Statement</u>" shall mean that *Disclosure Statement for the First Amended Joint Plan of Reorganization of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 288]. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Disclosure Statement or the *First Amended Joint Plan of Reorganization of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 287] (as may be amended, supplemented, or modified from time to time, the "<u>Plan</u>"), as applicable.

substantially in the form attached to the Disclosure Statement Order as **Exhibit 4A** and **Exhibit 4B**, respectively;

f.  ***Solicitation Packages.***  Finding that the solicitation materials and documents included in the solicitation packages (the "Solicitation Packages") that will be sent to, among others, Holders of Claims entitled to vote to accept or reject the Plan, comply with rules 3017(d) and 2002(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules");

g.  ***Cover Letter.***  Approving the form of letter (the "Cover Letter") that the Debtors will send to Holders of Claims entitled to vote to accept or reject the Plan urging such parties to vote in favor of the Plan, substantially in the form attached to the Disclosure Statement Order as **Exhibit 5**;

h.  ***Confirmation Hearing Notice.***  Approving the form and manner of notice of the hearing to consider Confirmation of the Plan (the "Confirmation Hearing," and the notice thereof, the "Confirmation Hearing Notice"), substantially in the form attached to the Disclosure Statement Order as **Exhibit 6**;

i.  ***Plan Supplement Notice.***  Approving the notice related to the filing of the Plan Supplement (the "Plan Supplement Notice"), substantially in the form attached to the Disclosure Statement Order as **Exhibit 7**;

j.  ***Rejection Notice.***  Approving the form of notice to counterparties to Executory Contracts and Unexpired Leases that will be rejected pursuant to the Plan, (the "Rejection Notice") substantially in the form attached to the Disclosure Statement Order as **Exhibit 8**;

k.  ***Confirmation Timeline.***  Establishing the following dates and deadlines, subject to modification as necessary:

   i.  ***Voting Record Date.* September 15, 2022** as the date for determining (i) which Holders of Claims in the Voting Classes are entitled to vote to accept or reject the Plan and receive Solicitation Packages in connection therewith and (ii) whether Claims have been properly assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of the respective Claim (the "Voting Record Date");

   ii.  ***Disclosure Statement Objection Deadline.* September 9, 2022, at 4:00 p.m.** prevailing Eastern Time as the deadline by which objections to the Disclosure Statement must be filed with the Court and served so as to be **actually received** by the appropriate notice parties (the "Disclosure Statement Objection Deadline");

iii.    ***Disclosure Statement Reply Deadline.*** **September 13, 2022, at 4:00 p.m.** prevailing Eastern Time as the deadline by which replies to objections to the Disclosure Statement must be filed with the Court and served so as to be **actually received** by the appropriate notice parties (the "Disclosure Statement Reply Deadline");

iv.    ***Disclosure Statement Hearing.*** **September 15, 2022, at 10:00 a.m.** prevailing Eastern Time, or as soon thereafter as the Debtors may be heard, as the date for the hearing at which the Court will consider approval of the Disclosure Statement;

v.    ***Solicitation Deadline.*** **September 26, 2022** as the deadline for distributing Solicitation Packages, including Ballots, to Holders of Claims entitled to vote to accept or reject the Plan (the "Solicitation Deadline");

vi.    ***Publication Deadline.*** **Five (5) business days after entry of the Disclosure Statement Order** as the last date by which the Debtors will submit the Confirmation Hearing Notice for publication in a format modified for publication (the "Publication Notice");

vii.    ***Plan Supplement Filing Date***. The date that is no later than seven (7) days prior to the Voting Deadline (the "Plan Supplement Filing Date");

viii.    ***Voting Deadline.*** **October 24, 2022, at 4:00 p.m.** prevailing Eastern Time as the deadline by which **all** Ballots must be properly executed, completed, and delivered so that they are **actually received** (the "Voting Deadline") by Stretto, Inc. (the "Claims, Noticing, and Solicitation Agent");

ix.    ***Plan Objection Deadline.*** **October 24, 2022, at 4:00 p.m.** prevailing Eastern Time as the deadline by which objections to the Plan must be filed with the Court and served so as to be **actually received** by the appropriate notice parties (the "Plan Objection Deadline");

x.    ***Deadline to File Voting Report.*** **October 27, 2022, at 4:00 p.m.**, prevailing Eastern Time, as the date by which the report tabulating the voting on the Plan (the "Voting Report") shall be filed with the Court;

xi.    ***Confirmation Brief and Plan Objection Reply Deadline.*** **October 27, 2022, at 4:00 p.m.** prevailing Eastern Time as

the deadline by which the Debtors shall file their brief in support of Confirmation of the Plan (the "Confirmation Brief Deadline") and deadline by which replies to objections to the Plan must be filed with the Court (the "Plan Objection Reply Deadline"); and

xii.  ***Confirmation Hearing Date.*** **November 1, 2022,** or as soon thereafter as the Debtors may be heard, as the date for the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing Date").

### Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012.  The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are sections 1125, 1126, and 1128 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002, 3016, 3017, 3018, and 3020 of the Bankruptcy Rules, and rules 3017-1, 3018-1, and 3020-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

### Background

5.      On July 5, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Stephen Ehrlich, Chief*

*Executive Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 15] (the "First Day Declaration"), incorporated by reference herein.

6.      The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 18].  On July 19, 2022, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 102] (the "Committee").  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

**Disclosure Statement**

7.      The Debtors are committed to proceeding expeditiously through these chapter 11 cases and returning value to their stakeholders, including customers, as soon as possible.  To that end, prior to the Petition Date, the Debtors engaged in a marketing process to ascertain interest in a sale of the Debtors' assets to, or an investment in the Debtors' business from, a strategic third-party investor. Discussions with interested third parties ultimately revealed that an in-court process would be necessary to yield the most value-maximizing path forward for the Debtors' stakeholders.  Accordingly, the Debtors commenced these chapter 11 cases and continued to engage with interested strategic partners and investors.  On August 5, 2022, the Court entered the *Order (I) Approving the Bidding Procedures and Related Dates and Deadlines, (II) Scheduling Hearings and Objection Deadlines with Respect to the Debtors' Sale, Disclosure Statement, and Plan Confirmation, and (III) Granting Related Relief* [Docket No. 248] (the "Bidding Procedures Order").  The Bidding Procedures Order provides a roadmap for a potential sale of the Debtors' business and set forth the procedures for obtaining bids from interested third parties.  As of the

6

date hereof, the Debtors have received several bids, and the Debtors expect to receive additional bids in advance of the Bid Deadline (as defined in the Bidding Procedures Order).

8.      The Debtors understand the need to move expeditiously through these chapter 11 cases and facilitate distributions to Account Holders as soon as possible.  Accordingly, the Debtors filed the Plan at the outset of these chapter 11 cases to provide a "floor" for interested third parties to bid against.  The Plan contemplates a holistic restructuring of the Debtors' business that will provide Account Holders with a meaningful return on an expedited basis, and does not involve an investment from, or sale to, a third party.  If the Debtors identify a transaction with a third-party investor that provides Account Holders with greater value than the value provided under the Plan, the Debtors will pursue such transaction and file an amended Plan and Disclosure Statement prior to the Disclosure Statement Hearing.

9.      The Plan classifies Holders of Claims or Interests into certain Classes for all purposes, including with respect to voting on the Plan, pursuant to section 1126 of the Bankruptcy Code.  The following chart represents the Classes of Claims or Interests under the Plan:[3]

| Class | Claim or Interest | Status | Voting Rights |
| --- | --- | --- | --- |
| 1 | Secured Tax Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| 2 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| 3 | Account Holder Claims | Impaired | Entitled to Vote |
| 4 | Alameda Loan Facility Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 5 | General Unsecured Claims | Impaired | Entitled to Vote |
| 6 | Section 510(b) Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 7 | Intercompany Claims | Unimpaired / Impaired | Not Entitled to Vote (Presumed to Accept) |
| 8 | Intercompany Interests | Unimpaired / Impaired | Not Entitled to Vote (Presumed to Accept) |

---

[3]     The Plan constitutes a separate chapter 11 plan for each Debtor.  The classifications set forth in Classes 1, 2, 3, 4, 5, 6, 7, 8, and 9 shall be deemed to apply to each Debtor.

| Class | Claim or Interest | Status | Voting Rights |
|-------|-------------------|--------|---------------|
| 9 | Existing Equity Interests | Impaired | Not Entitled to Vote (Deemed to Reject) |

10.    The Debtors propose to solicit votes to accept or reject the Plan from Holders of

Claims in Class 3 (Account Holder Claims) and Class 5 (General Unsecured Claims) (each a

"Voting Class" and collectively, the "Voting Classes").  The Debtors do not propose to solicit

votes from Holders of Claims or Interests in Classes 1, 2, 4, 6, 7, 8, and 9 (each a "Non-Voting

Class" and collectively, the "Non-Voting Classes").[4]

## Basis for Relief

**I.    The Court Should Approve the Disclosure Statement.**

**A.    The Disclosure Statement Contains Adequate Information.**

11.    Pursuant to section 1125 of the Bankruptcy Code, the proponent of a proposed

chapter 11 plan must provide "adequate information" regarding that plan to holders of impaired

claims and interests entitled to vote on the plan.  11 U.S.C. § 1125.  Specifically, section 1125(a)(1)

of the Bankruptcy Code states, in relevant part, as follows:

> "[A]dequate information" means information of a kind, and in sufficient detail, as
> far as is reasonably practicable in light of the nature and history of the debtor and
> the condition of the debtor's books and records, including a discussion of the
> potential material Federal tax consequences of the plan to the debtor, any successor
> to the debtor, and a hypothetical investor typical of the holders of claims or interests
> in the case, that would enable such a hypothetical investor of the relevant class to
> make an informed judgment about the plan.

11 U.S.C. § 1125(a)(1).

12.    A disclosure statement must, as a whole, provide information that is "reasonably

practicable" to permit an "informed judgment" by creditors and interest holders, if applicable, to

---

[4]    If the Debtors amend the Plan prior to the hearing to consider approval of the Disclosure Statement such that any
Non-Voting Class is no longer either unimpaired or fully impaired, the Debtors would propose to solicit votes
from Holders of Claims or Interests in such Class and treat it as a Voting Class.

vote on a plan.[5]  "Adequate information" is a flexible standard, based on the facts and circumstances of each case.[6]  This Court and others have acknowledged that determining what constitutes "adequate information" for the purpose of satisfying section 1125 of the Bankruptcy Code resides within the broad discretion of the court.[7]

13.    In making a determination as to whether a disclosure statement contains adequate information as required by section 1125 of the Bankruptcy Code, courts typically look for disclosures related to topics such as:

---

[5]    *See In re Momentum Mfg. Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1994); *see also In re Ionosphere Clubs, Inc.*, 179 B.R. 24, 29 (Bankr. S.D.N.Y. 1995) (adequacy of a disclosure statement "is to be determined on a case-specific basis under a flexible standard that can promote the policy of chapter 11 towards fair settlement through a negotiation process between informed interested parties" (internal citation omitted)); *see also In re Copy Crafters Quickprint, Inc.*, 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (same); *see also In re Amfesco Indus., Inc.*, No. CV-88-2952 (JBW), 1988 WL 141524, at *5 (E.D.N.Y. Dec. 21, 1988) (stating that "[u]nder section 1125 of the Bankruptcy Code, a reasonable and typical creditor or equity security holder must be provided 'adequate information' to make an informed judgment regarding a proposed plan."); *BSL Operating Corp. v. 125 E Taverns, Inc. (In re BSL Operating Corp.)*, 57 B.R. 945, 950 (Bankr. S.D.N.Y. 1986) (stating that "[s]ection 1125 might be described as a non-rigid 'how-to-inform' section . . . . A disclosure statement . . . is evaluated only in terms of whether it provides sufficient information to permit enlightened voting by holders of claims or interests.").

[6]    11 U.S.C. § 1125(a)(1) ("'adequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records"); *see also Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case."); *First Am. Bank of N.Y. v. Century Glove, Inc.*, 81 B.R. 274, 279 (D. Del. 1988) (noting that adequacy of disclosure for a particular debtor will be determined based on how much information is available from outside sources); S. Rep. No. 95-989, at 121 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5907 ("the information required will necessarily be governed by the circumstances of the case").

[7]    *See, e.g.*, *Kirk v. Texaco, Inc.*, 82 B.R. 678, 682 (S.D.N.Y. 1988) ("The legislative history could hardly be more clear in granting broad discretion to bankruptcy judges under § 1125(a): 'Precisely what constitutes adequate information in any particular instance will develop on a case-by-case basis.  Courts will take a practical approach as to what is necessary under the circumstances of each case.'" (*quoting* H.R. Rep. No. 595, at 408–09 (1977))); *see also In re River Village Assoc.*, 181 B.R. 795, 804 (E.D. Pa. 1995) ("[T]he Bankruptcy Court is thus given substantial discretion in considering the adequacy of a disclosure statement."); *In re Tex. Extrusion Corp.*, 844 F.2d 1142, 1157 (5th Cir. 1988) ("The determination of what is adequate information is subjective and made on a case by case basis.  This determination is largely within the discretion of the bankruptcy court."); *In re Phoenix Petroleum Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001) (same); *In re PC Liquidation Corp.*, 383 B.R. 856, 865 (E.D.N.Y. 2008) (internal citations omitted) ("The standard for disclosure is, thus, flexible and what constitutes 'adequate information' in any particular situation is determined on a case-by-case basis, with the determination being largely within the discretion of the bankruptcy court."); *In re Lisanti Foods, Inc.*, 329 B.R. 491, 507 (Bankr. D.N.J. 2005) ("The information required will necessarily be governed by the circumstances of the case.").

a.      the events that led to the filing of a bankruptcy petition;

b.      the relationship of the debtor with its affiliates;

c.      a description of the available assets and their value;

d.      the company's anticipated future;

e.      the source of information stated in the disclosure statement;

f.      the debtor's condition while in chapter 11;

g.      claims asserted against the debtor;

h.      the estimated return to creditors under a chapter 7 liquidation;

i.      the future management of the debtor;

j.      the chapter 11 plan or a summary thereof;

k.      financial information, valuations, and projections relevant to a creditor's decision to accept or reject the chapter 11 plan;

l.      information relevant to the risks posed to creditors under the plan;

m.      the actual or projected realizable value from recovery of preferential or otherwise avoidable transfers;

n.      litigation likely to arise in a nonbankruptcy context; and

o.      tax attributes of the debtor.[8]

14.      Despite the foregoing guidance, "adequate information" is determined on a case-specific basis, and disclosure regarding all topics is not necessary in every case.[9]

---

[8]    *See In re U.S. Brass Corp.*, 194 B.R. 420, 424–25 (Bankr. E.D. Tex. 1996); *see also In re Scioto Valley Mortg. Co.*, 88 B.R. 168, 170–71 (Bankr. S.D. Ohio 1988) (listing the factors courts have considered in determining the adequacy of information provided in a disclosure statement); *In re Metrocraft Pub. Serv., Inc.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984) (same).

[9]    *See In re U.S. Brass Corp.*, 194 B.R. at 425; *see also In re Phoenix Petroleum Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001) ("[C]ertain categories of information which may be necessary in one case may be omitted in another; no one list of categories will apply in every case.").

15.    Here, the Disclosure Statement provides "adequate information" to allow Holders of Allowed Claims in the Voting Classes to make informed decisions about whether to vote to accept or reject the Plan.  Specifically, the Disclosure Statement contains a number of categories of information that courts consider "adequate information," including:

a.    ***The Debtors' Business Operations and Capital Structure.*** An overview of the Debtors' corporate history, business operations, assets, organizational structure, and capital structure, which are described in detail in Article V of the Disclosure Statement;

b.    ***Events Leading to these Chapter 11 Cases.***  An overview of the events leading to the commencement of the Debtors' chapter 11 cases, which are described in detail in Article VI of the Disclosure Statement;

c.    ***Events of these Chapter 11 Cases***. An overview of key events in the Debtors' chapter 11 cases, which are described in detail in Article VI of the Disclosure Statement;

d.    ***Liquidation Analysis, Financial Projections, and Valuation Analysis.*** A liquidation analysis, certain projected financial information, and a valuation analysis are attached to the Disclosure Statement as Exhibit B, Exhibit C, and Exhibit D, respectively;[10]

e.    ***Risk Factors.***  Certain risks associated with the Debtors' businesses, as well as certain risks associated with forward-looking statements and an overall disclaimer as to the information provided by and set forth in the Disclosure Statement, which are described in Article IX of the Disclosure Statement;

f.    ***Solicitation and Voting Procedures.***  A description of the procedures for soliciting votes to accept or reject the Plan and voting on the Plan, which are described in Article X of the Disclosure Statement;

g.    ***Confirmation of the Plan.***  Confirmation procedures and statutory requirements for Confirmation and Consummation of the Plan, which are described in Article XI of the Disclosure Statement;

h.    ***Important Securities Laws Disclosures.***  A description of the applicability of section 1145 of the Bankruptcy Code and the issuance of New Common Stock under the Plan is provided in Article XII of the Disclosure Statement;

---

[10]    The Debtors shall file their liquidation analysis, projected financial information, and valuation analysis in advance of Disclosure Statement Objection Deadline.

i.    ***Certain United States Federal Income Tax Consequences of the Plan.*** A description of certain U.S. federal income tax law consequences of the Plan, which are described in Article XIII of the Disclosure Statement; and

j.    ***Recommendation of the Debtors.*** A recommendation by the Debtors that Holders of Claims in the Voting Classes should vote to accept the Plan, stated in Article XIV of the Disclosure Statement.

16.    Based on the foregoing, the Debtors submit that the Disclosure Statement complies with all aspects of section 1125 of the Bankruptcy Code and addresses the information set forth above in a manner that provides adequate information to Holders of Claims entitled to vote to accept or reject the Plan.  Accordingly, the Debtors submit that the Disclosure Statement contains "adequate information" and therefore should be approved.

**B.    The Disclosure Statement Provides Sufficient Notice of Injunction, Exculpation, and Release Provisions in the Plan.**

17.    Bankruptcy Rule 3016(c) requires that, if a plan provides for an injunction against conduct not otherwise enjoined under the Bankruptcy Code, the plan and disclosure statement must describe, in specific and conspicuous language, the acts to be enjoined and the entities subject to the injunction. Fed. R. Bankr. P. 3016(c).

18.    Article IV.L of the Disclosure Statement describes in detail the entities subject to an injunction under the Plan and the acts that they are enjoined from pursuing, including bolded language related to the Debtor Release, Third-Party Release, Exculpation, and Injunction.  Article IV.L also summarizes the appointment of the Special Committee to investigate certain historical transactions, including the facts and circumstances related to the Debtors' loan to 3AC (the "Investigation"), and states that any releases and exculpations in the Plan are expressly subject to the outcome of the Investigation.  Further, the relevant language in Article VIII of the Plan is in bold font, making it conspicuous to anyone who reads it.  Accordingly, the Debtors respectfully

submit that the Disclosure Statement complies with Bankruptcy Rule 3016(c) by conspicuously describing the conduct and parties enjoined by the Plan.

## II.    The Debtors' Proposed Noticing Provides Adequate Notice of the Disclosure Statement Hearing.

19.    Bankruptcy Rule 3017(a) requires that notice of the hearing to consider the proposed disclosure statement be provided to creditors and other parties-in-interest, and Bankruptcy Rule 2002(b) requires twenty-eight days' notice for filing objections to the Disclosure Statement.[11]

20.    At least twenty-eight days prior to the objection deadline for this Motion, the Debtors will serve all known creditors with the Disclosure Statement Hearing Notice, attached hereto as **Exhibit 2**.  The Disclosure Statement Hearing Notice identifies the following:  (a) the date, time, and place of the Disclosure Statement Hearing; (b) the manner in which a copy of the Disclosure Statement (and exhibits thereto, including the Plan) can be obtained; and (c) the deadline and procedures for filing objections to the approval of the Disclosure Statement. Additionally, the Debtors will distribute copies of the Disclosure Statement, including exhibits, to parties who have requested notice under Bankruptcy Rule 2002 (the "2002 List").  Accordingly, the Debtors submit that the Disclosure Statement Hearing Notice should be approved as appropriate and in compliance with the requirements of the Bankruptcy Code and the Bankruptcy Rules.

---

[11]    *See* Fed. R. Bankr. P. 3017(a) (providing that after a disclosure statement is filed, it must be mailed with the notice of the hearing to consider the disclosure statement and any objections or modifications thereto on no less than twenty-eight days' notice thereof); *see also* Fed. R. Bankr. P. 2002(b) (requiring not less than twenty-eight days' notice by mail of the time for filing objections and the hearing to consider the approval of a disclosure statement).

III.    **The Court Should Approve the Confirmation Timeline and Related Forms.**

    A.    **The Court Should Approve the Voting Record Date, Solicitation Deadline, and Voting Deadline.**

21.    Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in connection with the confirmation of a plan, "creditors and equity security holders shall include holders of stocks, bonds, debentures, notes, and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing." Fed. R. Bankr. P. 3017(d). Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes. Fed. R. Bankr. P. 3018(a). Additionally, Bankruptcy Rule 3017(c) provides that before approving the disclosure statement, the Court must fix a time within which the holders of claims and interests may accept or reject a plan and may fix a date for the hearing on confirmation of a plan. *See* Fed. R. Bankr. P. 3017(c).

22.    The Debtors request that the Court exercise its authority under Bankruptcy Rules 3017(d) and 3018(a) to establish **September 15, 2022** as the Voting Record Date, **September 26, 2022** as the Solicitation Deadline, and **October 24, 2022, at 4:00 p.m.**, prevailing Eastern Time, as the Voting Deadline. Moreover, the Debtors propose that, with respect to any transferred Claim, the transferee shall be entitled to receive a Solicitation Package and, if the Holder of such Claim is entitled to vote with respect to the Plan, cast a Ballot on account of such Claim only if: (a) all actions necessary to effectuate the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date or (b) the transferee files by the Voting Record Date (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer. In the event a Claim is transferred after the Voting Record Date, the transferee of such

Claim shall be bound by any vote on the Plan made by the Holder of such Claim as of the Voting Record Date.

23.      The Debtors request that, after the Debtors distribute Solicitation Packages to Holders of Claims entitled to vote on the Plan as part of the Solicitation Deadline, the Court require that all Holders of Claims entitled to vote on the Plan complete, execute, and return their Ballots so that they are **actually received** by the Claims, Noticing, and Solicitation Agent on or before the Voting Deadline.  The foregoing timing and materials will afford Holders of Claims entitled to vote on the Plan at least twenty-eight days, within which to review and analyze such materials and subsequently make an informed decision as to whether to vote to accept or reject the Plan before the Voting Deadline consistent with the requirements of the applicable Bankruptcy Rules.[12] Accordingly, the Debtors request that the Court approve the form of, and the Debtors' proposed procedures for distributing, the Solicitation Packages to the Holders of Claims in the Voting Classes and the deadline for Holders of Claims in the Voting Classes to vote to accept or reject the Plan.

## B.      The Court Should Approve the Forms of the Ballots.

24.      Bankruptcy Rule 3018(c) requires that "[a]n acceptance or rejection shall be in writing, identify the plan or plans accepted or rejected, be signed by the creditor or equity security holder or an authorized agent, and conform to the appropriate Official Form." Fed. R. Bankr. P. 3018(c).   In accordance with Bankruptcy Rule 3018(c), the Debtors have prepared and customized the Ballots.  Although based on Official Form No. 314, the Ballots have been modified to (a) address the particular circumstances of these chapter 11 cases and (b) include

---

[12]    *See* Fed. R. Bankr. P. 3017(d) (after approval of a disclosure statement, the debtor must transmit the plan, the approved disclosure statement, a notice of the time within which acceptances and rejections of such plan may be filed, and any other information that the court may direct to certain holders of claims).

certain additional information that are relevant and appropriate for Claims in the Voting Classes. The proposed Ballots for the Voting Classes are annexed as **Exhibit 2A** and **Exhibit 2B** to the Disclosure Statement Order. The Debtors respectfully submit that the form of the Ballots complies with Bankruptcy Rule 3018(c) and, therefore, should be approved.

### C.    The Court Should Approve the Form and Distribution of Solicitation Packages to Parties Entitled to Vote on the Plan.

25.    Bankruptcy Rule 3017(d) specifies the materials to be distributed to holders of allowed claims and/or equity interests upon approval of a disclosure statement, including the court-approved plan and disclosure statement and notice of the time within which acceptances and rejections of the plan may be filed. Fed. R. Bankr. P. 3017(d). In accordance with this requirement, the Debtors propose to send the Solicitation Packages to provide Holders of Claims in the Voting Classes with the information they need to be able to make informed decisions with respect to how to vote on the Plan. Specifically, on the Solicitation Deadline, the Debtors will cause the Solicitation Packages to be distributed through the Claims, Noticing, and Solicitation Agent by electronic mail ("e-mail") to those Holders of Claims in Class 3 and by first-class U.S. mail to those Holders of Claims in Class 5. Each Solicitation Package will include the following materials:

a.    a copy of the Solicitation and Voting Procedures;

b.    the applicable form of Ballot, which will include detailed voting instructions and instructions on how to submit the Ballot;

c.    the Cover Letter;

d.    the Disclosure Statement (and exhibits thereto, including the Plan);

e.    the Disclosure Statement Order (without exhibits);

f.    the Confirmation Hearing Notice; and

g.    such other materials as the Court may direct.

26.     The Debtors request that they be authorized to distribute the Class 3 (Account Holder Claims) Solicitation Packages via e-mail.   Class 3 is comprised solely of customers of the Debtors who maintain an account on the Debtors' platform.   As of the date hereof, the Debtors estimate that Class 3 is compromised of over 1.1 million individual Account Holders, each of which is entitled to vote on the Plan and, accordingly, will receive a Solicitation Package. Each Account Holder provided the Debtors with their e-mail address when they registered on the Debtors' platform and the Debtors send Account Holders information regarding their account via e-mail.   Accordingly, service via e-mail is consistent with the Debtors' business practices and the means by which Account Holders receive a majority, if not all, of communications regarding their Account.   Additionally, the Debtors estimate that the cost of soliciting Holders of Class 3 Claims via first-class mail is approximately $15 million.[13]   Soliciting holders of Class 3 Claims via e-mail will generate significant cost savings that will directly inure to the benefit of the Debtors' stakeholders and enhance recoveries under the Plan.   Account Holders are not required to provide their home address when creating an account on the Debtors' platform.   Accordingly, the Debtors believe that service via e-mail to Holders of Class 3 Claims is in the best interest of such Holders and maximizes recoveries under the Plan.

27.     The Debtors will provide a copy of the Plan, the Disclosure Statement, and the Disclosure Statement Order (without exhibits) to Holders of Claims in Class 5 in electronic format (CD-ROM or flash drive) and to Holders of Claims in Class 3 via e-mail.   The Ballots, the Cover Letter, the Solicitation and Voting Procedures, and the Confirmation Hearing Notice will be provided by e-mail to Holders of Claims in Class 3 and in paper format to Holders of Claims in

---

[13]   Estimated costs include cost-saving reduction strategies such as mailing a CD-ROM or flash drive to Holders of Account Holder Claims that contains certain larger documents.  If the Debtors' were to print and distribute the entire Solicitation Package, the cost of solicitation would be exponentially higher than $15 million.

Class 5.  Given the length of the Plan, the Disclosure Statement, and the proposed Disclosure Statement Order, distribution in this manner will translate into significant monetary savings for the Debtors' estates.

28.    Additionally, the Debtors will provide complete Solicitation Packages (excluding the Ballots) to the U.S. Trustee and all parties on the 2002 List as of the Voting Record Date.  Any party that receives the material in electronic format but would prefer paper format may contact the Claims, Noticing, and Solicitation Agent and request paper copies of the corresponding materials previously received in electronic format (to be provided at the Debtors' expense). The Debtors will not mail Solicitation Packages or other solicitation materials to (a) Holders of Claims that have already been paid in full during these chapter 11 cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court, (b) any party to whom the Disclosure Statement Hearing Notice was sent but was subsequently returned as undeliverable, or (c) Holders of Claims in Class 3, unless a request for paper copies is made to the Claims, Noticing, and Solicitation Agent.

29.    The Debtors respectfully request that the Claims, Noticing, and Solicitation Agent be authorized (to the extent not authorized by another order of the Court) to assist the Debtors in: (a) distributing the Solicitation Packages; (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims against the Debtors; (c) responding to inquiries from Holders of Claims or Interests and other parties-in-interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan; (d) soliciting votes on the Plan; and (e) if necessary, contacting creditors regarding the Plan.

**D.    The Court Should Approve the Confirmation Hearing Notice.**

30.    The Confirmation Hearing Notice includes the following:  (a) instructions as to how to view or obtain copies of the Disclosure Statement (including the Plan and the other exhibits thereto), the Disclosure Statement Order, and all other materials in the Solicitation Package (excluding Ballots) from the Claims, Noticing, and Solicitation Agent's and/or the Court's website via PACER; (b) notice of the Voting Deadline; (c) notice of the date by which the Debtors will file the Plan Supplement; (d) notice of the Plan Objection Deadline; and (e) notice of the Confirmation Hearing Date and information related thereto.  The Debtors will serve the Confirmation Hearing Notice on all known Holders of Claims or Interests and the 2002 List (regardless of whether such parties are entitled to vote on the Plan) by no later than **October 3, 2022**.  The Debtors will serve the Confirmation Hearing Notice on Account Holders via e-mail.

31.    Bankruptcy Rule 2002(l) permits the Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." Fed. R. Bankr. P. 2002(l).  Therefore, in addition to the foregoing distribution of the Confirmation Hearing Notice, the Debtors will publish the Publication Notice in the national edition of *The New York Times* (National Edition) and the *Financial Times* (International Edition) five business days following the entry of the Disclosure Statement Order, or as soon as practicable thereafter. The Debtors believe that the Publication Notice will provide sufficient notice of, among other things, the entry of the Disclosure Statement Order, the Voting Deadline, the Plan Objection Deadline, and the Confirmation Hearing to parties who did not otherwise receive notice thereof by mail.  Additionally, service of the Confirmation Hearing Notice and publication of the Publication Notice comports with the requirements of Bankruptcy Rule 2002 and should be approved.

**E.       The Court Should Approve the Plan Supplement Notice.**

32.       The Plan defines "Plan Supplement" to mean the compilation of documents and

forms of documents, schedules, and exhibits to the Plan to be filed by the Debtors no later than

7 days prior to the Voting Deadline or such later date as may be approved by the Court on notice

to parties-in-interest.[14]   The Plan Supplement will include the following materials in connection

with confirmation, as applicable: (a) the New Organizational Documents; (b) to the extent known,

the identity and members of the New Board; (c) the Schedule of Rejected Executory Contracts and

Unexpired Leases; (d) the Schedule of Retained Causes of Action; (e) the Restructuring

Transactions Memorandum; and (f) any additional documents necessary to effectuate the

Restructuring Transactions or that is contemplated by the Plan.

33.       To ensure that all Holders of Claims or Interests receive notice of the Debtors' filing

of the Plan Supplement, the Debtors propose to send the Plan Supplement Notice on the date the

Debtors file the Plan Supplement, or as soon as practicable thereafter.    Accordingly, the

Plan Supplement Notice should be approved.

**F.       The Court Should Approve the Form of Notices to Non-Voting Classes.**

34.       As discussed above, the Non-Voting Classes are not entitled to vote on the Plan.

As a result, they will not receive Solicitation Packages and, instead, the Debtors propose that such

parties receive a Non-Voting Status Notice.   Specifically, in lieu of solicitation materials, the

Debtors propose to provide the following to Holders of Claims or Interests in Non-Voting Classes:

      a.        ***Unimpaired Claims—Conclusively Presumed to Accept.***    Holders of
           Claims in Classes 1 and 2 are not impaired under the Plan and, therefore,
           are conclusively presumed to have accepted the Plan.  As such, Holders of
           such Claims will receive a notice, substantially in the form attached to the
           Disclosure Statement Order as **<u>Exhibit 3A</u>**, in lieu of a Solicitation Package.

---

[14]    *See* Plan at Art. I.A.

b.    ***Other Interests and Claims—Deemed to Reject.*** Holders of Claims or Interests in Class 4 (Alameda Loan Facility Claims), Class 6 (Section 510(b) Claims), and Class 9 (Existing Equity Holders), are not entitled to a distribution under the Plan and, therefore, are deemed to reject the Plan and will receive a notice, substantially in the form attached to the Disclosure Statement Order as **Exhibit 3B**, in lieu of a Solicitation Package.

c.    ***Disputed Claims.*** Holders of Claims that are subject to a pending objection by the Debtors filed on or before the Solicitation Launch Date are not entitled to vote the disputed portion of their claim. As such, Holders of such Claims will receive a notice, substantially in the form attached to the Disclosure Statement Order as **Exhibit 3C**.

35.    The Debtors will not provide the Holders in Class 7 (Intercompany Claims) and Class 8 (Intercompany Interests) with a Solicitation Package or any other type of notice in connection with the solicitation. Intercompany Claims and Intercompany Interests will either be reinstated or canceled. Thus, the Holders of Intercompany Claims or Intercompany Interests will not be entitled to vote to accept or reject the Plan. Nevertheless, in light of the fact that the Intercompany Claims and Intercompany Interests are all held by the Debtors or affiliates of the Debtors, the Debtors are requesting a waiver from any requirement to serve such Holders of Intercompany Claims or Intercompany Interests with any notices or the Solicitation Package.

36.    Each Non-Voting Status Notice will include, among other things: (a) instructions as to how to view or obtain copies of the Disclosure Statement (including the Plan and the other exhibits thereto), the Disclosure Statement Order, and all other materials in the Solicitation Package (excluding Ballots) from the Claims, Noticing, and Solicitation Agent and/or the Court's website via PACER; (b) a disclosure regarding the settlement, release, exculpation, and injunction language set forth in Article VIII of the Plan; (c) notice of the Plan Objection Deadline; and (d) notice of the Confirmation Hearing Date and information related thereto.

37.    The Debtors believe that the mailing of Non-Voting Status Notices in lieu of Solicitation Packages satisfies the requirements of Bankruptcy Rule 3017(d). Accordingly, unless

the Court orders otherwise, the Debtors do not intend to distribute Solicitation Packages to Holders of Claims or Interests in the Non-Voting Classes.

**G.    The Court Should Approve the Forms of Notice to Contract and Lease Counterparties.**

38.    Article V.A of the Plan provides that each of the Debtors' Executory Contracts and Unexpired Leases shall be deemed assumed, without the need for any further notice to or action, order, or approval of the Court, as of the Effective Date, unless such Executory Contract or Unexpired Lease:  (a) was previously assumed, assumed and assigned, or rejected by the Debtors; (b)  previously expired or terminated pursuant to its own terms; (c) is the subject of a motion to assume, assume and assign, or reject Filed on or before the Confirmation Date that is pending on the Effective Date; or (d) is designated specifically, or by category, as an Executory Contract or Unexpired Lease on the Schedule of Rejected Executory Contracts and Unexpired Leases, if any.

39.    To ensure that counterparties to Executory Contracts and Unexpired Leases receive notice of the rejection of their Executory Contract or Unexpired Lease, if any, pursuant to the Plan, the Debtors will mail the Rejection Notice within the time periods specified in the Plan. Accordingly, the Rejection Notice should be approved.

**IV.    The Court Should Approve the Solicitation and Voting Procedures.**

40.    Section 1126(c) of the Bankruptcy Code provides that:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designed under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c).

41.    Additionally, Bankruptcy Rule 3018(c) provides, in part, that "[a]n acceptance or rejection [of a plan] shall be in writing, identify the plan or plans accepted or rejected, be signed

by the creditor or equity security holder or an authorized agent, and conform to the appropriate

Official Form." Fed. R. Bankr. P. 3018(c). Consistent with these requirements, the Debtors

propose using the Solicitation and Voting Procedures. The Solicitation and Voting Procedures

include specific voting and tabulation requirements and procedures, as described below.

### A.    Completion of Ballots.

42.    To ease and clarify the process of tabulating all votes received, the Debtors propose

that a Ballot be counted in determining the acceptance or rejection of the Plan only if it satisfies

certain criteria. Specifically, the Solicitation and Voting Procedures provide that the Debtors will

not count a Ballot if it is, among other things, illegible, submitted by a Holder of a Claim or Interest

that is not entitled to vote on the Plan, unsigned, or not clearly marked. Further, the Debtors may

waive any defects or irregularities as to any particular Ballot at any time, either before or after the

close of voting, and any such waivers shall be documented in the Voting Report.

### B.    General Ballot Tabulation and Voting Procedures.

43.    The proposed Solicitation and Voting Procedures set forth specific criteria with

respect to the general tabulation of Ballots, voting procedures applicable to Holders of Claims, and

tabulation of such votes. The Debtors believe that the proposed Solicitation and Voting Procedures

will facilitate the Plan confirmation process. Specifically, the procedures will clarify any

obligations of Holders of Claims entitled to vote to accept or reject the Plan and will create a

straightforward process by which the Debtors can determine whether they have satisfied the

numerosity and amount requirements of section 1126(c) of the Bankruptcy Code. Accordingly,

the Debtors submit that the Solicitation and Voting Procedures are in the best interests of the

Debtors' estates, Holders of Claims and Interests, and other parties-in-interest, and that good cause

supports the relief requested herein.

44.     The Debtors respectfully request that the Claims, Noticing, and Solicitation Agent be authorized (to the extent not authorized by another order of the Court) to assist the Debtors in: (a) distributing the Solicitation Package; (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by holders of Claims against the Debtors; (c) responding to inquiries from holders of Claims and Interests and other parties-in-interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, and all other documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan; (d) soliciting votes on the Plan; and (e) if necessary, contacting creditors regarding the Plan.

## V.     The Court Should Approve the Procedures for Confirming the Plan.

### A.     The Confirmation Hearing Date.

45.     Section 1128 of the Bankruptcy Code provides that a court shall hold a hearing on confirmation of a plan and provides that parties-in-interest can object to confirmation. 11 U.S.C. § 1128.  Additionally, Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, a court shall fix a time for the hearing on confirmation of a plan. Fed. R. Bankr. P. 3017(c).  In accordance with Bankruptcy Rule 3017(c) and section 1128 of the Bankruptcy Code, the Debtors request that the Court establish **November 1, 2022**, as the Confirmation Hearing Date.  The Debtors further request that the Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice to parties-in-interest other than announcement of such adjournment in open court and/or filing a notice of adjournment with the Court and serving such notice on the 2002 List.

### B.     The Court Should Approve the Procedures for Filing Objections to the Plan.

46.     Bankruptcy Rule 2002 requires no less than twenty-eight days' notice to all Holders of Claims of the time fixed for filing objections to the hearing on confirmation of a chapter 11

plan.  Fed. R. Bankr. P. 2002(b), (d).  The Debtors request that the Court establish **October 24, 2022, at 4:00 p.m.** prevailing Eastern Time, as the Plan Objection Deadline.

47.    The Debtors also request that the Court direct the manner in which parties-in-interest may object to confirmation of the Plan.  Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court." Fed. R. Bankr. P. 3020(b)(1).  The Confirmation Hearing Notice will require that objections to confirmation of the Plan or requests for modifications to the Plan, if any, must:

   a.    be in writing;

   b.    conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court;

   c.    state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and

   d.    be filed with the Court and served upon the notice parties so as to be **actually received** on or before the Plan Objection Deadline.

48.    The Debtors believe that the Plan Objection Deadline for filing and service of objections (and proposed modifications, if any) will afford the Court, the Debtors, and other parties-in-interest reasonable time to consider the objections and proposed modifications prior to the Confirmation Hearing.

**C.    The Court Should Approve the Consequences of Not Confirming or Consummating the Plan.**

49.    The Debtors reserve the right to revoke or withdraw the Plan before the Confirmation Hearing and to file subsequent plans of reorganization.  If the Debtors revoke or withdraw the Plan, or if Confirmation or the Effective Date does not occur, then:  (1) the Plan will be null and void in all respects; (2) any settlement or compromise not previously approved by Final Order of the Court embodied in the Plan (including the fixing or limiting to an amount certain

of the Claims or Interests or Classes of Claims or Interests), assumption or rejection of Executory

Contracts or Unexpired Leases effectuated by the Plan, and any document or agreement executed

pursuant to the Plan will be null and void in all respects; and (3) nothing contained in the Plan

shall (a) constitute a waiver or release of any Claims, Interests, or Causes of Action by any Entity,

(b) prejudice in any manner the rights of any Debtor or any other Entity, or (c) constitute an

admission, acknowledgement, offer, or undertaking of any sort by any Debtor or any other Entity.

### Non-Substantive Modifications

50.     The Debtors request authorization to make non-substantive changes to the

Disclosure Statement, Disclosure Statement Hearing Notice, Plan, Confirmation Hearing Notice,

Solicitation Packages, Non-Voting Status Notices, Ballots, Publication Notice, Cover Letter,

Solicitation and Voting Procedures, Plan Supplement Notice, Rejection Notice, and related

documents without further order of the Court, including changes to correct typographical and

grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan,

and any other materials in the Solicitation Packages before distribution.

### Motion Practice

51.     This Motion includes citations to the applicable rules and statutory authorities upon

which the relief requested herein is predicated and a discussion of their application to this Motion.

Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

### Notice

52.     The Debtors will provide notice of this Motion to the following parties and/or their

respective counsel, as applicable:  (a) the United States Trustee for the Southern District of

New York; (b) the Committee; (c) the lender under the Debtors' prepetition loan facility; (d) the

United States Attorney's Office for the Southern District of New York; (e) the Internal Revenue

Service; (f) the Toronto Stock Exchange; (g) the attorneys general in the states where the Debtors

conduct their business operations; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

53.    No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Disclosure Statement Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as is just and proper.

Dated:  August 12, 2022
New York, New York

*/s/ Joshua A. Sussberg*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    jsussberg@kirkland.com
cmarcus@kirkland.com
christine.okike@kirkland.com
allyson.smith@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Disclosure Statement Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER APPROVING (I) THE**
**ADEQUACY OF THE DISCLOSURE STATEMENT,**
**(II) THE SOLICITATION AND NOTICE PROCEDURES,**
**(III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION**
**THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO**

Upon the motion (the "Motion")[2] of the Debtors for entry of an order pursuant to sections 105, 363, 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3016, 3017, 3018, 3020, and Local Rules 3017-1, 3018-1, and 3020-1 approving: (a) the *Disclosure Statement Relating to the First Amended Joint Plan of Reorganization of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement"); (a) the Solicitation and Voting Procedures; (b) the Disclosure Statement Hearing Notice; (c) the Non-Voting Status Notices; (d) the Ballots; (e) the manner and form of the Solicitation Packages and the materials contained therein; (f) the Plan Supplement Notice; (g) the Rejection Notice; (h) the Voting Record Date; (i) the Disclosure Statement Objection Deadline and Disclosure Statement Reply Deadline; (j) the Disclosure Statement Hearing date; (k) the Solicitation Deadline; (l) the Publication Deadline; (m) the Plan Supplement

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital, Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

Filing Date; (n) the Voting Deadline and Plan Objection Deadline; (o) the deadline to file the

Voting Report; (p) the Confirmation Brief and Plan Objection Reply Deadline; (q) the

Confirmation Hearing Date and Confirmation Hearing Notice; and (r) the dates and deadlines

related thereto, all as more fully described in the Motion; and this Court having jurisdiction over

this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*

*from the United States District Court for the Southern District of New York*, entered February 1,

2012; and this Court having the power to enter a final order consistent with Article III of the United

States Constitution; and this Court having found that venue of this proceeding and the Motion in

this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that

the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and

other parties in interest; and this Court having found that the Debtors' notice of the Motion and

opportunity for a hearing on the Motion were appropriate under the circumstances and no other

notice need be provided; and this Court having reviewed the Motion and having heard the

statements in support of the relief requested therein at a hearing before this Court (the "Hearing");

and this Court having determined that the legal and factual bases set forth in the Motion and at the

Hearing establish just cause for the relief granted herein; and upon all of the proceedings had

before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY

ORDERED THAT:

1.      The Motion is granted as provided herein.

**I.      Approval of the Disclosure Statement.**

2.      The Disclosure Statement is hereby approved as providing Holders of Claims

entitled to vote on the Plan with adequate information to make an informed decision as to whether

to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code.

3.    The Disclosure Statement (including all applicable exhibits thereto) provides Holders of Claims or Interests, and other parties-in-interest with sufficient notice of the injunction, exculpation, and release provisions contained in Article VIII of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

## II.    Approval of the Disclosure Statement Hearing Notice.

4.    The Disclosure Statement Hearing Notice, filed by the Debtors and served upon parties-in-interest in these chapter 11 cases, constitutes adequate and sufficient notice of the hearing to consider approval of the Disclosure Statement, the manner in which a copy of the Disclosure Statement (and exhibits thereto, including the Plan) could be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

## III.    Approval of the Materials and Timeline for Soliciting Votes.

### A.    Approval of Key Dates and Deadlines with Respect to the Plan and Disclosure Statement.

5.    The following dates are hereby established (subject to modification as necessary) with respect to the solicitation of votes to accept, and voting on, the Plan:

a.    ***Voting Record Date***. **September 15, 2022** as the date for determining (i) which Holders of Claims in the Voting Classes are entitled to vote to accept or reject the Plan and receive Solicitation Packages in connection therewith and (ii) whether Claims have been properly assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of the respective Claim (the "Voting Record Date");

b.    ***Disclosure Statement Objection Deadline.*** **September 9, 2022, at 4:00 p.m.** prevailing Eastern Time as the deadline by which objections to the Disclosure Statement must be filed with the Court and served so as to be **actually received** by the appropriate notice parties (the "Disclosure Statement Objection Deadline");

c.    ***Disclosure Statement Reply Deadline.*** **September 13, 2022, at 4:00 p.m.** prevailing Eastern Time as the deadline by which replies to objections to

the Disclosure Statement must be filed with the Court and served so as to be **actually received** by the appropriate notice parties (the "Disclosure Statement Reply Deadline");

d. ***Disclosure Statement Hearing.*** **September 15, 2022, at 10:00 a.m.** prevailing Eastern Time, or as soon thereafter as the Debtors may be heard, as the date for the hearing at which the Court will consider approval of the Disclosure Statement;

e. ***Solicitation Deadline.*** **September 26, 2022** as the deadline for distributing Solicitation Packages, including Ballots, to Holders of Claims entitled to vote to accept or reject the Plan (the "Solicitation Deadline");

f. ***Publication Deadline.*** **Five (5) business days after entry of the Disclosure Statement Order** as the last date by which the Debtors will submit the Confirmation Hearing Notice for publication in a format modified for publication (the "Publication Notice");

g. ***Plan Supplement Filing Deadline.*** **Seven (7) days prior to the Voting Deadline** as the deadline by which the Debtors must file the Plan Supplement (the "Plan Supplement Filing Deadline"); and

h. ***Voting Deadline.*** **October 24, 2022, at 4:00 p.m.** prevailing Eastern Time as the deadline by which **all** Ballots must be properly executed, completed, and delivered so that they are **actually received** (the "Voting Deadline") by Stretto, Inc. (the "Claims, Noticing, and Solicitation Agent").

**B.    Approval of the Form of, and Distribution of, Solicitation Packages to Parties Entitled to Vote on the Plan.**

6.    In addition to the Disclosure Statement and exhibits thereto, the Solicitation Packages to be transmitted on the Solicitation Deadline to those Holders of Claims in the Voting Classes entitled to vote on the Plan as of the Voting Record Date, shall include the following, the form of each of which is hereby approved:

a.    the Disclosure Statement (and exhibits thereto, including the Plan);

     b.     a copy of the Solicitation and Voting Procedures, attached hereto as **Exhibit 1**;

     c.     the applicable form of Ballot, which will include detailed voting instructions and instructions on how to submit the Ballot, which are attached hereto as **Exhibit 4A** and **Exhibit 4B**;

     d.     the Cover Letter, attached hereto as **Exhibit 5**;

     e.     this Disclosure Statement Order (without exhibits);

     f.     the Confirmation Hearing Notice, attached hereto as **Exhibit 6**; and

     g.     such other materials as the Court may direct.

7.     The Solicitation Packages provide the Holders of Allowed Claims entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Local Rules.

8.     The Debtors shall distribute Solicitation Packages to all Holders of Allowed Claims entitled to vote on the Plan on the Solicitation Deadline. Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

9.     The Debtors are authorized, but not directed or required, to cause the Solicitation Packages to be distributed through the Claims, Noticing, and Solicitation Agent by e-mail to those Holders of Claims in Class 3 and by first-class U.S. mail to those Holders of Claims in Class 5. The Debtors shall provide a copy of the Plan, the Disclosure Statement, and this Disclosure Statement Order (without exhibits) to Holders of Claims in Class 5 in electronic format (CD-ROM or flash drive) and to Holders of Claims in Class 3 via e-mail. The Ballots, the Cover Letter, the Solicitation and Voting Procedures, and the Confirmation Hearing Notice shall be provided by e-mail to Holders of Claims in Class 3 and in paper format to Holders of Claims in Class 5. On the Solicitation Deadline, the Debtors (through the Claims, Noticing, and Solicitation Agent) shall

provide complete Solicitation Packages (other than Ballots) to the U.S. Trustee and to all parties on the 2002 List as of the Voting Record Date.

10.    Any party that receives the materials in electronic format but would prefer to receive materials in paper format, may contact the Claims, Noticing, and Solicitation Agent and request paper copies of the corresponding materials previously received in electronic format (to be provided at the Debtors' expense).

11.    The Claims, Noticing, and Solicitation Agent is authorized to assist the Debtors in: (a) distributing the Solicitation Packages; (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims against the Debtors; (c) responding to inquiries from Holders of Claims or Interests and other parties-in-interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan; (d) soliciting votes on the Plan; and (e) if necessary, contacting creditors regarding the Plan.

**C.    Approval of the Confirmation Hearing Notice.**

12.    The Confirmation Hearing Notice, in the form attached hereto as **<u>Exhibit 6</u>** filed by the Debtors and served upon parties-in-interest in these chapter 11 cases on the Solicitation Deadline constitutes adequate and sufficient notice of the hearing to consider approval of the Plan, the manner in which a copy of the Plan could be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.    Five business days following the entry of this Disclosure Statement Order, or as soon as practicable thereafter, the Debtors shall submit the Publication Notice for publication in *The New York Times* (National Edition) and the *Financial Times* (International Edition).

**D.      Approval of Notice of Filing of the Plan Supplement.**

13.      The Debtors are authorized to send notice of the filing of the Plan Supplement substantially in the form attached hereto as **Exhibit 7** on the Plan Supplement Filing Deadline or as soon as reasonably practicable thereafter.

**E.      Approval of the Form of Notices to Non-Voting Classes.**

14.      Except to the extent the Debtors determine otherwise, the Debtors are not required to provide Solicitation Packages to Holders of Claims or Interests in Non-Voting Classes, as such Holders are not entitled to vote on the Plan.  Instead, on the Solicitation Deadline, the Claims, Noticing, and Solicitation Agent shall mail (first-class postage pre-paid) a Non-Voting Status Notice in lieu of Solicitation Packages, the form of each of which is hereby approved, to those parties, outlined below, who are not entitled to vote on the Plan:

a.      ***Unimpaired Claims—Conclusively Presumed to Accept.***  Holders of Claims in Classes 1 and 2 are not impaired under the Plan and, therefore, are conclusively presumed to have accepted the Plan.  As such, Holders of such Claims will receive a notice, substantially in the form attached to this Disclosure Statement Order as **Exhibit 3A**, in lieu of a Solicitation Package.

b.      ***Other Interests and Claims—Deemed to Reject.***  Holders of Claims or Interests in Class 4 (Alameda Loan Facility Claims), Class 6 (Section 510(b) Claims), and Class 9 (Existing Equity Holders), are not entitled to a distribution under the Plan and, therefore, are deemed to reject the Plan and will receive a notice, substantially in the form attached to this Disclosure Statement Order as **Exhibit 3B**, in lieu of a Solicitation Package.

c.      ***Disputed Claims.***  Holders of Claims that are subject to a pending objection by the Debtors filed on or before the Solicitation Launch Date are not entitled to vote the disputed portion of their claim.  As such, Holders of such Claims will receive a notice, substantially in the form attached to this Disclosure Statement Order as **Exhibit 3C**.

15.      The Debtors are not required to mail Solicitation Packages or other solicitation materials to:  (a) Holders of Claims that have already been paid in full during these chapter 11 cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order

previously entered by this Court; or (b) any party to whom the Disclosure Statement Hearing Notice was sent but was subsequently returned as undeliverable.

16.    The Debtors will not provide the Holders of Class 7 Intercompany Claims or Class 8 Intercompany Interests with a Solicitation Package or any other type of notice in connection with solicitation.

**F.    Approval of Notices to Contract and Lease Counterparties.**

17.    The Debtors are authorized to mail a notice of rejection of any Executory Contracts or Unexpired Leases, in the form attached hereto as **Exhibit 8**, to the applicable counterparties to Executory Contracts and Unexpired Leases that will be rejected pursuant to the Plan, within the time periods specified in the Plan.

**IV.    Approval of the Solicitation and Voting Procedures.**

18.    The Debtors are authorized to solicit, receive, and tabulate votes to accept the Plan in accordance with the Solicitation and Voting Procedures attached hereto as **Exhibit 1**, which are hereby approved in their entirety.  The Debtors are authorized to convert each Claim asserted in currency other than U.S. dollars to the equivalent U.S. dollar value using the conversion rate for the applicable currency at prevailing market prices as of 8:00 a.m. (prevailing Eastern Time) on the Voting Record Date, *provided* that such conversion shall be for voting tabulation purposes only and shall not be binding for any other purpose on the Debtors, including, without limitation, for purposes of the allowance of, and distribution with respect to, Claims under the Plan.

**V.    Approval of Procedures for Confirming the Plan.**

**A.    Approval of the Timeline for Filing Objections to the Plan and Confirming the Plan.**

19.    The following dates are hereby established (subject to modification as needed) with respect to filing objections to the Plan and confirming the Plan:

a.  ***Plan Objection Deadline.*** <u>**October 24, 2022, at 4:00 p.m.**</u> prevailing Eastern Time as the deadline by which objections to the Plan must be filed with the Court and served so as to be <u>**actually received**</u> by the appropriate notice parties (the "<u>Plan Objection Deadline</u>");

b.  ***Deadline to File Voting Report.*** <u>**October 27, 2022, at 4:00 p.m.**</u>, prevailing Eastern Time, as the date by which the report tabulating the voting on the Plan (the "<u>Voting Report</u>") shall be filed with the Court;

c.  ***Confirmation Brief and Plan Objection Reply Deadline.*** <u>**October 27, 2022, at 4:00 p.m.**</u> prevailing Eastern Time as the deadline by which the Debtors shall file their brief in support of Confirmation of the Plan (the "<u>Confirmation Brief Deadline</u>") and deadline by which replies to objections to the Plan must be filed with the Court (the "<u>Plan Objection Reply Deadline</u>"); and

d.  ***Confirmation Hearing Date.*** <u>**November 1, 2022**</u>, or as soon thereafter as the Debtors may be heard, as the date for the hearing at which the Court will consider Confirmation of the Plan (the "<u>Confirmation Hearing Date</u>").

**B.    Approval of the Procedures for Filing Objections to the Plan.**

20.    Objections to the Plan will not be considered by the Court unless such objections are timely filed and properly served in accordance with this Disclosure Statement Order and Case Management Order.  Specifically, all objections to confirmation of the Plan or requests for modifications to the Plan, if any, **must**:  (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court and served upon the notice parties so as to be <u>**actually received**</u> on or before the <u>**October 24, 2022, at 4:00 p.m.**</u>, prevailing Eastern Time by each of the notice parties identified in the Confirmation Hearing Notice.

**C.    Approval of Consequences of Not Confirming or Consummating the Plan.**

21.    If the Debtors revoke or withdraw the Plan, or if Confirmation or the Effective Date does not occur, then:  (1) the Plan will be null and void in all respects; (2) any settlement or compromise not previously approved by Final Order of the Court embodied in the Plan (including

the fixing or limiting to an amount certain of the Claims or Interests or Classes of Claims or Interests), assumption or rejection of Executory Contracts or Unexpired Leases effectuated by the Plan, and any document or agreement executed pursuant to the Plan will be null and void in all respects; and (3) nothing contained in the Plan shall (a) constitute a waiver or release of any Claims, Interests, or Causes of Action by any Entity, (b) prejudice in any manner the rights of any Debtor or any other Entity, or (c) constitute an admission, acknowledgement, offer, or undertaking of any sort by any Debtor or any other Entity.

**VI.    Miscellaneous.**

22.    The Debtors reserve the right to modify the Plan in accordance with Article X thereof, including the right to withdraw the Plan as to any or all Debtors at any time before the Confirmation Date.

23.    Nothing in this Disclosure Statement Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a proof of claim after the Voting Record Date.

24.    All time periods set forth in this Disclosure Statement Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

25.    Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

26.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Disclosure Statement Order in accordance with the Motion.

27.    The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Disclosure Statement Order.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

**Solicitation and Voting Procedures**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

<div align="center">

**SOLICITATION AND VOTING PROCEDURES**

</div>

---

**PLEASE TAKE NOTICE THAT** on [●], 2022, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order") (a) authorizing Voyager Digital Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *First Amended Joint Plan of Reorganization of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement Relating to the First Amended Joint Plan of Reorganization of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

       1.       The Voting Record Date.

The Court has approved **September 15, 2022** as the record date for purposes of determining which Holders of Claims in Class 3 (Account Holder Claims) and Class 5 (General Unsecured Claims) are entitled to vote on the Plan (the "Voting Record Date").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the *Debtors' Motion for Entry of an Order Approving (I) the Adequacy of the Disclosure Statement, (II) Solicitation and Notice Procedures, (III) Forms of Ballots and Notices in Connection Therewith, and (IV) Certain Dates With Respect Thereto or the Plan* [Docket No. [●]] or the Plan.

2.      The Voting Deadline.

The Court has approved **October 24, 2022, at 4:00 p.m.** prevailing Eastern Time as the voting deadline (the "Voting Deadline") for the Plan. The Debtors may extend the Voting Deadline, in their discretion, without further order of the Court. The Voting Deadline for any counterparty to an Unexpired Lease or Executory Contract which is identified as rejected on the Schedules of Assumed and Rejected Contracts filed later than five (5) days prior to the Voting Deadline shall be extended by two (2) Business Days.

To be counted as votes to accept or reject the Plan, all ballots (the "Ballots") must be executed, completed, and delivered pursuant to the instructions set forth on the applicable Ballot so that they are **actually received** by Stretto, Inc. (the "Claims, Noticing, and Solicitation Agent") no later than the Voting Deadline. Delivery of a Ballot to the Claims, Noticing, and Solicitation Agent by e-mail, facsimile, or other electronic means, other than via the Stretto online voting portal at https://cases.stretto.com/Voyager/balloting.

3.      Form, Content, and Manner of Notices.

(i)     The Solicitation Package.

The following materials shall constitute the solicitation package (the "Solicitation Package"):

a.      a copy of these Solicitation and Voting Procedures;

b.      the applicable form of Ballot, substantially attached as **Exhibit 4A** or **Exhibit 4B** to the Disclosure Statement Order, as applicable;

c.      a pre-paid, pre-addressed return envelope for Holders of Claims in Class 5 (General Unsecured Claims);

d.      the Cover Letter, which describes the contents of the Solicitation Package and urges Holders of Claims in each of the Voting Classes to vote to accept the Plan;

e.      the approved Disclosure Statement (and exhibits thereto, including the Plan);

f.      the Disclosure Statement Order (excluding exhibits, except for these Solicitation and Voting Procedures);

g.      the Confirmation Hearing Notice; and

h.      any additional documents that the Court has ordered to be made available.

(ii)    Distribution of the Solicitation Package.

The Solicitation Package shall provide the Plan, the Disclosure Statement, and the Disclosure Statement Order (without exhibits, except the Solicitation and Voting Procedures) in electronic format, and all other contents of the Solicitation Package, including the Ballots and the Cover Letter, shall be provided in paper format, except with respect to Holders of Claims in Class 3 (Account Holder Claims) that will receive the entire Solicitation Package in electronic format. Any party that receives the materials in electronic format but would prefer paper format may contact the Claims, Noticing, and Solicitation Agent by: calling the Claims, Noticing, and Solicitation Agent at (855) 473-8665 (Toll-Free) or +1 (949) 271-6507 (International), (b) e-mailing the Claims, Noticing, and Solicitation Agent at VoyagerInquiries@Stretto.com with a reference to "In re: Voyager - Solicitation Inquiry" in the subject line, or (c) writing to the Claims, Noticing, and Solicitation Agent at Voyager Inquiries, c/o Stretto 410 Exchange, Suite 100 Irvine, CA 92602.

The Debtors shall serve, or cause to be served, all of the materials in the Solicitation Package (excluding the Ballots) on the U.S. Trustee and all parties who have requested service of papers in this case pursuant to Bankruptcy Rule 2002

as of the Voting Record Date.  In addition, the Debtors shall distribute, or cause to be distributed, the Solicitation Package to all Holders of Claims in the Voting Classes on or before **September 26, 2022** who are entitled to vote, as described in Section 4(i) below.

To avoid duplication and reduce expenses, the Debtors will make every reasonable effort to ensure that any Holder of a Claim who has filed duplicative Claims against a Debtor (whether against the same or multiple Debtors) that are classified under the Plan in the same Voting Class receives no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claim and with respect to that Class as against that Debtor.

(iii)　　Resolution of Disputed Claims for Voting Purposes; Resolution Event.

   a.　　If a Claim in a Voting Class is subject to an objection that is filed with the Court on or prior to seven days before the Voting Deadline:  (i) the Debtors shall cause the applicable Holder to be served with the *Notice of Non-Voting Status with Respect to Disputed Claims* substantially in the form annexed as **Exhibit 3C** to the Disclosure Statement Order; and (ii) the applicable Holder shall not be entitled to vote to accept or reject the Plan on account of such Claim unless a Resolution Event (as defined herein) occurs as provided herein.

   b.　　If a Claim in a Voting Class is subject to an objection that is filed with the Court less than seven days prior to the Voting Deadline, the applicable Claim shall be deemed temporarily allowed for voting purposes only, without further action by the Holder of such Claim and without further order of the Court, unless the Court orders otherwise.

   c.　　A "Resolution Event" means the occurrence of one or more of the following events no later than two business days prior to the Voting Deadline:

     i.　　an order of the Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code;

     ii.　　an order of the Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a);

     iii.　　a stipulation or other agreement is executed between the Holder of such Claim and the Debtors resolving the objection and allowing such Claim in an agreed upon amount; or

     iv.　　the pending objection is voluntarily withdrawn by the objecting party.

   d.　　No later than one business day following the occurrence of a Resolution Event, the Debtors shall cause the Claims, Noticing, and Solicitation Agent to distribute via email, hand delivery, or overnight courier service a Solicitation Package and a pre-addressed, postage pre-paid envelope to the relevant Holder.

(iv)　　Non-Voting Status Notices for Unimpaired Classes and Classes Deemed to Reject the Plan.

Certain Holders of Claims and Interests that are not classified in accordance with section 1123(a)(1) of the Bankruptcy Code or who are not entitled to vote because they are Unimpaired or otherwise presumed to accept the Plan under section 1126(f) of the Bankruptcy Code will receive only the *Notice of Non-Voting Status to Holders of Unimpaired Claims Conclusively Presumed to Accept the Plan*, substantially in the form annexed as **Exhibit 3A** to the Disclosure Statement Order.  Such notice will instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots).  Certain Holders of Claims or Interests who are not entitled to vote because they are deemed to reject the Plan under section 1126(g) of the Bankruptcy Code will receive the *Notice of Non-Voting Status to Holders of Impaired Claims and Interests Deemed to Reject the Plan*, substantially in the form annexed as **Exhibit 3B** to the Disclosure Statement Order.  Such notice will instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots).  In addition, Holders of

Claims or Interests in the classes deemed to reject the Plan will also receive the Disclosure Statement (together with the Plan attached as **Exhibit A** thereto).

(v)      Notices in Respect of Executory Contracts and Unexpired Leases.

Counterparties to Executory Contracts and Unexpired Leases that receive a *Notice of Rejection of Executory Contracts and Unexpired Leases* or *Notice of Rejection of Executory Contracts and Unexpired Leases* substantially in the form attached as **Exhibit 8** to the Disclosure Statement Order, may file an objection to the Debtors' proposed assumption, rejection, or cure amount, as applicable. Such objections must be in writing and filed with the Clerk of the United States Bankruptcy Court for the Southern District of New York on or before **October 24, 2022, at 4:00 p.m.** and shall be served and served as set forth in the applicable notice of assumption or rejection.

4.      Voting and Tabulation Procedures.

(i)      Holders of Claims Entitled to Vote.

Only the following Holders of Claims in the Voting Classes shall be entitled to vote with regard to such Claims:

      a.      Holders of Claims who, on or before the Voting Record Date, have timely filed a Proof of Claim (or an untimely Proof of Claim that has been Allowed as timely by the Court under applicable law on or before the Voting Record Date) that: (i) has not been expunged, disallowed, disqualified, withdrawn, or superseded prior to the Voting Record Date; and (ii) is not the subject of a pending objection filed with the Court at least seven (7) days prior to the Voting Deadline, pending a Resolution Event as provided herein; *provided* that a Holder of a Claim that is the subject of a pending objection on a "reduce and allow" basis shall receive a Solicitation Package and be entitled to vote such Claim in the reduced amount contained in such objection absent a further order of the Bankruptcy Court;

      b.      Holders of Claims that are listed in the Schedules, *provided* that Claims that are scheduled as contingent, unliquidated, or disputed (excluding such scheduled disputed, contingent, or unliquidated Claims that have been paid or superseded by a timely Filed Proof of Claim) shall be allowed to vote only in the amounts set forth in Section 4(ii) of these Solicitation and Voting Procedures;

      c.      Holders whose Claims arise:  (i) pursuant to an agreement or settlement with the Debtors, as reflected in a document filed with the Court; (ii) from an order entered by the Court; or (vii) from a document executed by the Debtors pursuant to authority granted by the Court, in each case regardless of whether a Proof of Claim has been filed or the Claim was scheduled as contingent, unliquidated, or disputed; and

      d.      Holders of any Claim that has been temporarily allowed to vote on the Plan pursuant to Bankruptcy Rule 3018; and

      e.      with respect to any Entity described in subparagraphs (a) through (d) above, who, on or before the Voting Record Date, has transferred such Entity's Claim to another Entity, the assignee of such Claim; *provided* that such transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the Claims Register on the Voting Record Date.

(ii)      Establishing Claim Amounts for Voting Purposes.

**Filed and Scheduled Claims.**  The Claim amounts established herein shall control for voting purposes only and shall not constitute the Allowed amount of any Claim.  Moreover, any amounts filled in on Ballots by the Debtors through

the Claims, Noticing, and Solicitation Agent, as applicable, are not binding for purposes of allowance and distribution. In tabulating votes, the amount of the Claim associated with each claimant's vote shall be determined as follows:

a.      the Claim amount: (i) settled and/or agreed upon by the Debtors, as reflected in a document filed with the Court; (ii) set forth in an order of the Court; or (iii) set forth in a document executed by the Debtors pursuant to authority granted by the Bankruptcy Court;

b.      the Claim amount Allowed (temporarily or otherwise) pursuant to a Resolution Event;

c.      the Claim amount contained in a Proof of Claim that has been timely filed (or deemed timely filed by the Court under applicable law), except for any amounts asserted on account of any interest accrued after the Petition Date; *provided*, *however*, that Ballots cast by Holders of Class 5 Claims who timely file a Proof of Claim in respect of a contingent Classs5 Claim or in a wholly-unliquidated or unknown amount that is not the subject of a pending objection, based on a reasonable review of the Proof of Claim and supporting documentation by the Debtors or their advisors, will count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and will count in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code, and, if such Proof of Claim is filed as partially liquidated and partially unliquidated, such Class 5 Claim will be Allowed for voting purposes only in the liquidated amount; *provided*, *further*, *however*, that to the extent that any Claim amount contained in a Proof of Claim is different from the Claim amount set forth in a document filed with the Court referenced in subparagraph (a) above, the Claim amount in the document filed with the Court shall supersede the Claim amount set forth on the respective Proof of Claim;

d.      the Claim amount listed in the Schedules (to the extent such Claim is not superseded by a timely Filed Proof of Claim, provided that such Claim is not scheduled as contingent, disputed, or unliquidated; if a Claim is listed in the Debtors' Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the applicable bar date for filing Proofs of Claim established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Record Date, such Claim shall be disallowed for voting purposes.

e.      Holders of Proofs of Claim filed for $0.00 or zero (0) Cryptocurrency, as applicable, are not entitled to vote;

f.      Claims that have been paid, scheduled to be paid in the ordinary course, or otherwise satisfied are disallowed for voting purposes;

g.      notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall, to the extent possible, be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims; and

h.      in the absence of any of the foregoing, such Claim shall be disallowed for voting purposes.

If a Proof of Claim is amended, the last filed Claim shall be subject to these rules and will supersede any earlier filed Claim, and any earlier filed Claim will be disallowed for voting purposes.

(iii)    <u>Voting and Ballot Tabulation Procedures</u>.

The following voting procedures and standard assumptions shall be used in tabulating Ballots, subject to the Debtors' right to waive any of the below specified requirements for completion and submission of Ballots, so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, or Bankruptcy Local Rules:

a.    solely for tabulation purposes, each Claim asserted in currency other than U.S. dollars shall be automatically deemed converted to the equivalent U.S. dollar value using the conversion rate for the applicable currency at prevailing market prices as of 8:00 a.m. (prevailing Eastern Time) on the Voting Record Date. Such conversion shall be for voting tabulation purposes only and shall not be binding for any other purpose on the Debtors, including, without limitation, for purposes of allowance of, and distribution with respect to, Claims under the Plan;

b.    except as otherwise provided in the Solicitation and Voting Procedures, unless the Ballot being furnished is timely submitted and actually received by the Claims, Noticing, and Solicitation Agent on or prior to the Voting Deadline (as the same may be extended by the Debtors), the Debtors shall reject such Ballot as invalid and, therefore, shall not count it in connection with confirmation of the Plan;

c.    the Claims, Noticing, and Solicitation Agent will date-stamp all Ballots when received. The Claims, Noticing, and Solicitation Agent shall retain the original Ballots and an electronic copy of the same for a period of one year after the Effective Date of the Plan, unless otherwise ordered by the Court;

d.    the Claims, Noticing, and Solicitation Agent shall tabulate Ballots on a Debtor-by-Debtor basis;

e.    the Debtors will file the Voting Report by **<u>October 27, 2022 at 4:00 p.m</u>** prevailing Eastern Time. The Voting Report shall, among other things, delineate every Ballot that does not conform to the coting instructions or that contains any form of irregularity (each an "<u>Irregular Ballot</u>"), including those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or other necessary information, or damaged. The Voting Report shall indicate the Debtors' decision with regard to such Irregular Ballots. Neither the Debtors nor any other Person or Entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report nor will any of them incur any liability for failure to provide such notification;

f.    the method of delivery of Ballots to be sent to the Claims, Noticing, and Solicitation Agent is at the election and risk of each Holder, and except as otherwise provided, a Ballot will be deemed delivered only when the Claims, Noticing, and Solicitation Agent actually receives the executed Ballot;

g.    an executed Ballot is required to be submitted by the Entity submitting such Ballot. Delivery of a Ballot to the Claims, Noticing, and Solicitation Agent by facsimile, or any electronic means other than expressly provided in these Solicitation and Voting Procedures will not be valid;

h.    no Ballot should be sent to the Debtors, the Debtors' agents (other than the Claims, Noticing, and Solicitation Agent), or the Debtors' financial or legal advisors, and, if so sent, will not be counted;

i.    if multiple Ballots are received from the same Holder with respect to the same Claim or Interest prior to the Voting Deadline, the last properly executed Ballot timely received will

be deemed to reflect that voter's intent and will supersede and revoke any prior received Ballot;

j.    Holders must vote all of their Claims or Interests within a particular Class either to accept or reject the Plan and may not split any votes. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted. Further, to the extent there are multiple Claims or Interests within the same Class, the applicable Debtor may, in its discretion, aggregate the Claims or Interests of any particular Holder within a Class for the purpose of counting votes;

k.    a person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity of a Holder of Claims or Interests must indicate such capacity when signing;

l.    the Debtors, subject to a contrary order of the Court, may waive any defects or irregularities as to any particular Irregular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report;

m.    neither the Debtors nor any other Entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report nor will any of them incur any liability for failure to provide such notification;

n.    unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted;

o.    in the event a designation of lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim or Interest will be counted for purposes of determining whether the Plan has been accepted and/or rejected;

p.    subject to any order of the Court, the Debtors reserve the right to reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; *provided* that any such rejections will be documented in the Voting Report;

q.    if a Claim has been estimated or otherwise Allowed only for voting purposes by order of the Court, such Claim shall be temporarily Allowed in the amount so estimated or Allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

r.    if an objection to a Claim or Interest is filed, such Claim or Interest shall be treated in accordance with the procedures set forth herein;

s.    the following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of such Claim or Interest; (ii) any Ballot cast by any Entity that does not hold a Claim or Interest in a Voting Class; (iii) any Ballot cast for a General Unsecured Claim scheduled as unliquidated, contingent, or disputed for which no Proof of Claim was timely filed by the Voting Record Date (unless the applicable bar date has not yet passed, in which case such Claim shall be entitled to vote in the amount of $1.00); (iv) any unsigned Ballot or Ballot lacking an original signature (for the avoidance of doubt, a Ballot submitted via the Claims, Noticing, and Solicitation Agent's online balloting portal shall be deemed an original signature); (v) any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan; (vi) any Ballot transmitted by facsimile,

email, or other electronic means not specifically approved pursuant to the Disclosure Statement Order; any Ballot sent sent any of the Debtors, the Debtors' agents or representatives, or the Debtors' advisors (other than the Claims, Noticing, and Solicitation Agent); and (vi) any Ballot submitted by any Entity not entitled to vote pursuant to the procedures described herein;

t.      a Ballot shall not be counted in determining the acceptance or rejection of the Plan if: (i) it is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (ii) it was transmitted by facsimile, email, or other electronic means not specifically approved pursuant to the Disclosure Statement Order; (iii) it was cast by an entity that is not entitled to vote on the Plan; (iv) it was sent to the Debtors, the Debtors' agents/representatives (other than the Claims, Noticing, and Solicitation Agent), an indenture trustee, or the Debtors' financial or legal advisors instead of the Claims, Noticing, and Solicitation Agent; (v) it is unsigned; or (vi) it is not clearly marked to either accept or reject the Plan or is marked both to accept and reject the Plan;

u.      after the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Debtors or further order of the Court;

v.      the Debtors are authorized to enter into stipulations with the Holder of any Claim or Interest agreeing to the amount of a Claim or Interest for voting purposes; and

w.      where any portion of a single Claim or Interest has been transferred to a transferee, all holders of any portion of such single Claim or Interest will be (a) treated as a single creditor for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code (and for the other solicitation and voting procedures set forth herein), and (b) required to vote every portion of such Claim or Interest collectively to accept or reject the Plan. In the event that (a) a Ballot, (b) a group of Ballots within a Voting Class received from a single creditor, or (c) a group of Ballots received from the various Holders of multiple portions of a single Claim or Interest partially reject and partially accept the Plan, such Ballots shall not be counted.

5.      Amendments to the Plan and Solicitation and Voting Procedures.

The Debtors reserve the right to make non-substantive or immaterial changes to the Disclosure Statement, Disclosure Statement Hearing Notice, Plan, Confirmation Hearing Notice, Solicitation Packages, Non-Voting Status Notices, Ballots, Publication Notice, Cover Letter, Solicitation and Voting Procedures, Plan Supplement Notice, Rejection Notice, and any related documents without further order of the Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan, and any other materials in the Solicitation Packages before distribution.

*       *       *       *       *

**<u>Exhibit 2</u>**

**Disclosure Statement Hearing Notice**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF HEARING TO CONSIDER**
**APPROVAL OF DISCLOSURE STATEMENT FOR THE FIRST AMENDED**
**JOINT PLAN OF REORGANIZATION OF VOYAGER DIGITAL HOLDINGS, INC.**
**AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**TO ALL PARTIES IN INTEREST**:

**PLEASE TAKE NOTICE THAT** on July 6, 2022, the above-captioned debtors and debtors in possession (collectively, the "Debtors"), filed the *First Amended Joint Plan of Reorganization of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as may be amended, modified, or supplemented in accordance with the terms therein, the "Plan") and the proposed *Disclosure Statement for the First Amended Joint Plan of Reorganization of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as may be amended, modified, or supplemented, the "Disclosure Statement").

**PLEASE TAKE FURTHER NOTICE THAT**:

1.    A hearing (the "Hearing") will be held before the Honorable Judge Michael E. Wiles, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), One Bowling Green, Courtroom 617, New York, New York 10004, on **September 15, 2022, at 10:00 a.m.** (prevailing Eastern Time), to consider entry of an order determining, among other things, that the Disclosure Statement contains "adequate information" within the meaning ascribed to such term in section 1125 of the Bankruptcy Code and approving the Disclosure Statement.

2.    Any party in interest wishing to obtain a copy of the Disclosure Statement and the Plan should contact Stretto, Inc., the Debtors' claims, noticing, and solicitation agent, by writing to Voyager Ballot Processing, c/o Stretto 410 Exchange, Suite 100 Irvine, CA 92602, or by email at VoyagerInquiries@Stretto.com with a reference to "In re: Voyager - Solicitation Inquiry" in the subject line.  Interested parties may also review the Disclosure Statement and the Plan free of charge at https://cases.stretto.com/Voyager/.  In addition, the Disclosure Statement and Plan are on file with the Bankruptcy Court and may be reviewed by accessing the Bankruptcy Court's website:

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

www.nysb.uscourts.gov.  Note that a PACER password and login are needed to access documents on the Bankruptcy Court's website.  A PACER password can be obtained at: www.pacer.psc.uscourts.gov.  Copies of the Disclosure Statement and Plan may also be examined by interested parties during normal business hours at the office of the Clerk of the Bankruptcy Court.

3.    Objections, if any, to approval of the Disclosure Statement must: (a) be in writing, (b) comply with the Bankruptcy Rules and the Bankruptcy Local Rules, (c) set forth the name of the objector and the nature and amount of any claim or interest asserted by the objector against or in the Debtors, (d) state with particularity the legal and factual bases for the objection, and (e) be filed, contemporaneously with a proof of service, with the Bankruptcy Court and served on the following parties by no later than **September 9, 2022, at 4:00 p.m.** (prevailing Eastern Time):

| *Debtors* | |
| --- | --- |
| **Voyager Digital Holdings, Inc.**<br>3 Irving Place, Suite 3060,<br>New York, NY 10003<br>Attention: Stephen Ehrlich and David Brosgol | |
| *Counsel to the Debtors* | *Counsel to the Committee* |
| **Kirkland & Ellis LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Attention:  Joshua A. Sussberg; Christopher Marcus;<br>Christine A. Okike; Allyson B. Smith | **McDermott Will & Emery LLP**<br>One Vanderbilt Avenue<br>New York, NY 10017-3852<br>Attention: Darren Azman; Joseph B. Evans; Grayson<br>Williams; Gregg Steinman |
| *United States Trustee* | |
| **Office of the United States Trustee for the Southern District of New York**<br>U.S. Federal Office Building<br>201 Varick Street, Room 1006<br>New York, NY 10014<br>Attention: Richard Morrissey; Mark Bruh | |

**4.    IF AN OBJECTION TO THE DISCLOSURE STATEMENT IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO THE DISCLOSURE STATEMENT OR THE ADEQUACY THEREOF AND MAY NOT BE HEARD AT THE HEARING.**

5.    The Hearing may be adjourned from time to time without further notice to parties in interest other than by an announcement in Bankruptcy Court of such adjournment on the date scheduled for the Hearing or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court. The Debtors may modify the Disclosure Statement, if necessary, prior to, during, or as a result of the Hearing without further notice.

[*Remainder of Page Intentionally Left Blank*]

Dated: _____, 2022
New York, New York

/s/ Draft
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    jsussberg@kirkland.com
    cmarcus@kirkland.com
    christine.okike@kirkland.com
    allyson.smith@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

## **Exhibit 3A**

**Unimpaired Non-Voting Status Notice**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### NOTICE OF NON-VOTING STATUS TO HOLDERS OF
### UNIMPAIRED CLAIMS CONCLUSIVELY PRESUMED TO ACCEPT THE PLAN

**PLEASE TAKE NOTICE THAT** on [●], 2022, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order") (a) authorizing Voyager Digital Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *First Amended Joint Plan of Reorganization of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement for the First Amended Joint Plan of Reorganization of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim under the Plan, **you are not entitled to vote on the Plan**. Specifically, under the terms of the Plan, as a Holder of a Claim (as currently asserted against the Debtors) that is not Impaired and conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, you are **not** entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **November 1, 2022 at [●] [●].m.** prevailing Eastern Time, or such other time as the Court determines, before the Honorable Michael E. Wiles, in the United States Bankruptcy Court for the Southern District of New York, located at One Bowling Green, New York, New York 10004.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **October 24, 2022 at 4:00 p.m.** prevailing Eastern Time (the "Plan Objection Deadline").  Any objection to the Plan **must**: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **October 24, 2022 at 4:00 p.m.** prevailing Eastern Time:

| Debtors |
|---|
| **Voyager Digital Holdings, Inc.**<br>3 Irving Place, Suite 3060,<br>New York, NY 10003<br>Attention: Stephen Ehrlich and David Brosgol |

| Counsel to the Debtors | Counsel to the Committee |
|---|---|
| **Kirkland & Ellis LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Attention:  Joshua A. Sussberg; Christopher Marcus;<br>Christine A. Okike; Allyson B. Smith | **McDermott Will & Emery LLP**<br>One Vanderbilt Avenue<br>New York, NY 10017-3852<br>Attention: Darren Azman; Joseph B. Evans; Grayson<br>Williams; Gregg Steinman |

| United States Trustee |
|---|
| **Office of the United States Trustee for the Southern District of New York**<br>U.S. Federal Office Building<br>201 Varick Street, Room 1006<br>New York, NY 10014<br>Attention: Richard Morrissey; Mark Bruh |

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Stretto, Inc., the claims, notice, and solicitation agent retained by the Debtors in these chapter 11 cases (the "Claims, Noticing, and Solicitation Agent"), by: (a) calling the Claims, Noticing, and Solicitation Agent at (855) 473-8665 (Toll Free) or +1 (949) 271-6507 (International), (b) e-mailing the Claims, Noticing, and Solicitation Agent at VoyagerInquiries@Stretto.com with a reference to "In re: Voyager - Solicitation Inquiry" in the subject line, or (c) writing to the Claims, Noticing, and Solicitation Agent at Voyager Inquiries, c/o Stretto 410 Exchange, Suite 100 Irvine, CA 92602.  You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, https://cases.stretto.com/Voyager/, or for a fee via PACER at:  http://pacer.psc.uscourts.gov.

<div style="border:1px solid black;padding:8px;text-align:center">

**ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE VIII.C CONTAINS A THIRD-PARTY RELEASE.  PURSUANT TO THE PLAN YOU ARE DEEMED TO ACCEPT THE PLAN AND THEREFORE ARE DEEMED TO HAVE CONSENTED TO THE RELEASES SET FORTH IN ARTICLE VIII.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.  IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE CLAIMS, NOTICING, AND SOLICITATION AGENT.**

</div>

Dated: _____, 2022
New York, New York

/s/ Draft

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:         jsussberg@kirkland.com
               cmarcus@kirkland.com
               christine.okike@kirkland.com
               allyson.smith@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

## **Exhibit 3B**

**Impaired Non-Voting Status Notice**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF NON-VOTING STATUS TO HOLDERS OF**
**IMPAIRED CLAIMS AND INTERESTS DEEMED TO REJECT THE PLAN**

**PLEASE TAKE NOTICE THAT** on [●], 2022, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order") (a) authorizing Voyager Digital Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *First Amended Joint Plan of Reorganization of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement for the First Amended Joint Plan of Reorganization of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim or Interest under the Plan, **you are not entitled to vote on the Plan**. Specifically, under the terms of the Plan, as a Holder of a Claim or Interest (as currently asserted against the Debtors) that is receiving no distribution under the Plan, you are deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code and are not entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **November 1, 2022 at [●] [●].m.** prevailing Eastern Time, or such other time as the Court determines, before the Honorable Michael E. Wiles, in the United States Bankruptcy Court for the Southern District of New York, located at One Bowling Green, New York, New York 10004.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is <u>**October 24, 2022 at 4:00 p.m.**</u> prevailing Eastern Time (the "<u>Plan Objection Deadline</u>").  Any objection to the Plan **must**: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before <u>**October 24, 2022 at 4:00 p.m.**</u> prevailing Eastern Time:

| *Debtors* |
|---|
| **Voyager Digital Holdings, Inc.** <br> 3 Irving Place, Suite 3060, <br> New York, NY 10003 <br> Attention: Stephen Ehrlich and David Brosgol |

| *Counsel to the Debtors* | *Counsel to the Committee* |
|---|---|
| **Kirkland & Ellis LLP** <br> 601 Lexington Avenue <br> New York, New York 10022 <br> Attention:  Joshua A. Sussberg; Christopher Marcus; Christine A. Okike; Allyson B. Smith | **McDermott Will & Emery LLP** <br> One Vanderbilt Avenue <br> New York, NY 10017-3852 <br> Attention: Darren Azman; Joseph B. Evans; Grayson Williams; Gregg Steinman |

| *United States Trustee* |
|---|
| **Office of the United States Trustee for the Southern District of New York** <br> U.S. Federal Office Building <br> 201 Varick Street, Room 1006 <br> New York, NY 10014 <br> Attention: Richard Morrissey; Mark Bruh |

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Stretto, Inc., the claims, notice, and solicitation agent retained by the Debtors in these chapter 11 cases (the "<u>Claims, Noticing, and Solicitation Agent</u>"), by: (a) calling the Claims, Noticing, and Solicitation Agent at (855) 473-8665 (Toll Free) or +1 (949) 271-6507 (International), (b) e-mailing the Claims, Noticing, and Solicitation Agent at <u>VoyagerInquiries@Stretto.com</u> with a reference to "In re: Voyager - Solicitation Inquiry" in the subject line, or (c) writing to the Claims, Noticing, and Solicitation Agent at Voyager Inquiries, c/o Stretto 410 Exchange, Suite 100 Irvine, CA 92602.  You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, https://cases.stretto.com/Voyager/, or for a fee via PACER at:  http://pacer.psc.uscourts.gov.

<div style="border:1px solid">

<u>**ARTICLE VIII**</u> **OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND** <u>**ARTICLE VIII.C CONTAINS A THIRD-PARTY RELEASE**</u>**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.  IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE CLAIMS, NOTICING, AND SOLICITATION AGENT.**

</div>

Dated: _____, 2022
New York, New York

/s/ Draft
_____

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900
Email:           jsussberg@kirkland.com
                    cmarcus@kirkland.com
                    christine.okike@kirkland.com
                    allyson.smith@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit 3C</u>**

**Notice to Disputed Claim Holders**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**NOTICE OF NON-VOTING STATUS TO HOLDERS OF**
**IMPAIRED CLAIMS AND INTERESTS DEEMED TO REJECT THE PLAN**

**PLEASE TAKE NOTICE THAT** on [●], 2022, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order") (a) authorizing Voyager Digital Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *First Amended Joint Plan of Reorganization of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement for the First Amended Joint Plan of Reorganization of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Stretto, Inc., the claims, notice, and solicitation agent retained by the Debtors in these chapter 11 cases (the "Claims, Noticing, and Solicitation Agent"), by: (a) calling the Claims, Noticing, and Solicitation Agent at (855) 473-8665 (Toll Free) or +1 (949) 271-6507 (International), (b) e-mailing the Claims, Noticing, and Solicitation Agent at VoyagerInquiries@Stretto.com with a reference to "In re: Voyager - Solicitation Inquiry" in the subject line, or (c) writing to the Claims, Noticing, and Solicitation Agent at Voyager Inquiries, c/o Stretto 410 Exchange, Suite 100 Irvine, CA 92602.  You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, https://cases.stretto.com/Voyager/, or for a fee via PACER at:  http://pacer.psc.uscourts.gov.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because you are the Holder of a Claim that is subject to a pending objection by the Debtors. **You are not entitled to vote any disputed portion of your Claim on the Plan unless one or more of the following events have taken place before a date that is three business days before the Voting Deadline** (each, a "Resolution Event"):

     1.     an order of the Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

     2.     an order of the Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

     3.     a stipulation or other agreement is executed between the Holder of such Claim and the Debtors temporarily allowing the Holder of such Claim to vote its Claim in an agreed upon amount; or

     4.     the pending objection to such Claim is voluntarily withdrawn by the objecting party.

Accordingly, this notice and the *Notice of Entry of Order (I) Approving the Adequacy of the Disclosure Statement, (II) Approving the Solicitation and Notice Procedures, (III) Approving the Form of Ballots and Notices in Connection Therewith, and (IV) Scheduling Certain Dates with Respect Thereto, and (V) Granting Related Relief,* are being sent to you for informational purposes only.

**PLEASE TAKE FURTHER NOTICE THAT** if a Resolution Event occurs, then no later than one business day thereafter, the Notice and Claims Agent shall distribute a ballot, and a pre-addressed, postage pre-paid envelope to you, which must be returned to the Notice and Claims Agent no later than the Voting Deadline, which is on **October 24, 2022 at 4:00 p.m.** prevailing Eastern Time.

**PLEASE TAKE FURTHER NOTICE THAT** if you have any questions about the status of any of your Claims, you should contact the Claims, Noticing, and Solicitation Agent in accordance with the instructions provided above.

---

**ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE VIII.C CONTAINS A THIRD-PARTY RELEASE.** THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE CLAIMS, NOTICING, AND SOLICITATION AGENT.**

Dated: _____, 2022
New York, New York

/s/ Draft
_____

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        jsussberg@kirkland.com
              cmarcus@kirkland.com
              christine.okike@kirkland.com
              allyson.smith@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit 4A</u>**

**Class 3 Ballots (Account Holders)**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:       (212) 446-4800
Facsimile:       (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**BALLOT FOR VOTING TO ACCEPT OR REJECT**
**THE FIRST AMENDED JOINT PLAN OF REORGANIZATION OF VOYAGER DIGITAL HOLDINGS,**
**INC. AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 3 HOLDERS OF ACCOUNT HOLDER CLAIMS**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS
CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY
RECEIVED* BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT BY OCTOBER 24, 2022,
AT 4:00 P.M., PREVAILING EASTERN TIME (THE "VOTING DEADLINE").**

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes to accept or reject the Plan in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), to accept the *First Amended Joint Plan of Reorganization of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time, the "Plan"), attached as **Exhibit A** to the *Disclosure Statement for the First Amended Joint Plan of Reorganization of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented from time to time and including all exhibits or supplements thereto, the "Disclosure Statement") from Holders of Account Holder Claims and General Unsecured Claims (each, a "Voting Class" and collectively, the "Voting Classes").

Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein.  A Voting Class will accept the Plan if Holders of at least two thirds in amount and more than one-half in number of Claims in that Voting Class votes to accept the Plan.  The Bankruptcy Court may confirm the Plan,

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

which contemplates effectuating the Restructuring Transactions, if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding on all Holders of Allowed Claims in the Voting Classes, among others.  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this ballot (the "Ballot") because you are the Holder (as defined below) of A Class 3 Account Holder Claim in the Plan as of **September 15, 2022** (the "Voting Record Date").  **For additional discussion of the treatment of Class 3 Claims under the Plan and the rights of Holders of Class 3 Claims under the Plan, please read the Disclosure Statement.**

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Ballot.  If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them from (a) Stretto, Inc. (the "Claims, Noticing, and Solicitation Agent"), at no charge by: (i) accessing the Debtors' restructuring website at https://cases.stretto.com/Voyager/; (ii) writing to the Claims, Noticing, and Solicitation Agent at Voyager Inquiries, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602; (iii) calling (855) 473-8665 (Toll Free) or +1 (949) 271-6507 (International); or (iv) emailing VoyagerInquiries@stretto.com and referencing "In re Voyager - Solicitation Inquiry" in the subject line; or (b) for a fee via PACER at https://www.nysb.uscourts.gov/ecf-and-pacer-information.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan.  If you believe you have received this Ballot in error, please contact the Claims, Noticing, and Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

The Court may confirm the Plan and thereby bind all Holders of Claims and Interests.  To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Claims, Noticing, and Solicitation Agent *actually receives* it on or before the Voting Deadline.

**THE VOTING DEADLINE IS ON OCTOBER 24, 2022, AT 4:00 P.M., PREVAILING EASTERN TIME.**

<u>Item 1</u>.    **Amount of Class 3 Claims.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of Class 3 Account Holder Claims in the following aggregate principal amount (*please list the number of each type of Cryptocurrency held in your account as of the date the case was filed*):

| List of Coins Held on the Debtors' Platform as of the Petition Date | | | |
|---|---|---|---|
| **Cyrptocurrency** | **Number of Units Held by Account Holder** | **Cyrptocurrency** | **Number of Units Held** |
| 1. AAVE (AAVE) | | 54. ChainLink (LINK) | |
| 2. Cardano (ADA) | | 55. Locked Luna (LLUNA) | |
| 3. Algorand (ALGO) | | 56. Livepeer (LPT) | |
| 4. MyNeighborAlice (ALICE) | | 57. Loopring (LRC) | |
| 5. Amp (AMP) | | 58. Litecoin (LTC) | |
| 6. Ankr Protocol (ANKR) | | 59. Terra Luna (LUNA) | |
| 7. ApeCoin (APE) | | 60. Luna Classic (LUNC) | |
| 8. Cosmos (ATOM) | | 61. Decentraland (MANA) | |
| 9. Audius (AUDIO) | | 62. Polygon (MATIC) | |
| 10. Avalanche (AVAX) | | 63. Maker (MKR) | |
| 11. Axie Infinity (AXS) | | 64. Neo (NEO) | |
| 12. Band Protocol (BAND) | | 65. Ocean Protocol (OCEAN) | |
| 13. Basic Attention Token (BAT) | | 66. OMG Network (OMG) | |
| 14. Bitcoin Cash (BCH) | | 67. Ontology (ONT) | |
| 15. Biconomy (BICO) | | 68. Optimism (OP) | |

| | | | |
|---|---|---|---|
| 16. Bancor (BNT) | | 69. Orchid (OXT) | |
| 17. Bitcoin (BTC) | | 70. Perpetual Protocol (PERP) | |
| 18. BitTorrent (BTT) | | 71. Polymath (POLY) | |
| 19. Pancake Swap (CAKE) | | 72. Quant (QNT) | |
| 20. Celo (CELO) | | 73. Qtum (QTUM) | |
| 21. Chiliz (CHZ) | | 74. Raydium (RAY) | |
| 22. Nervos Network (CKB) | | 75. Ren (REN) | |
| 23. Compound (COMP) | | 76. Oasis Network (ROSE) | |
| 24. Curve Dao Token (CRV) | | 77. Sandbox (SAND) | |
| 25. Dai (DAI) | | 78. Shiba Inu (SHIB) | |
| 26. Dash (DASH) | | 79. Skale (SKL) | |
| 27. DigiByte (DGB) | | 80. Solana (SOL) | |
| 28. Dogecoin (DOGE) | | 81. Spell Token (SPELL) | |
| 29. Polkadot (DOT) | | 82. Serum (SRM) | |
| 30. dYdX (DYDX) | | 83. StormX (STMX) | |
| 31. Elrond (EGLD) | | 84. SushiSwap (SUSHI) | |
| 32. Enjin (ENJ) | | 85. OriginTrail (TRAC) | |
| 33. Ethereum Name Service (ENS) | | 86. TRON (TRX) | |
| 34. Eos (EOS) | | 87. TrueUSD (TUSD) | |
| 35. Ethereum Classic (ETC) | | 88. UMA (UMA) | |
| 36. Harvest Finance (FARM) | | 89. Uniswap (UNI) | |
| 37. Fetch.ai (FET) | | 90. USD Coin (USDC) | |
| 38. Filecoin (FIL) | | 91. Tether (USDT) | |
| 39. Flow (FLOW) | | 92. VeChain (VET) | |
| 40. Fantom (FTM) | | 93. Voyager Token (VGX) | |
| 41. Gala (GALA) | | 94. Waves (WAVES) | |
| 42. Golem (GLM) | | 95. Wrapped Bitcoin (WBTC) | |
| 43. The Graph (GRT) | | 96. Stellar Lumens (XLM) | |
| 44. Hedera Hashgraph (HBAR) | | 97. Monero (XMR) | |
| 45. Internet Computer (ICP) | | 98. Ripple (XRP) | |
| 46. ICON (ICX) | | 99. Tezos (XTZ) | |
| 47. IOTA (IOT) | | 100. Verge (XVG) | |
| 48. JASMYCoin (JASMY) | | 101. yearn.finance (YFI) | |
| 49. Kava (KAVA) | | 102. DFI.Money (YFII) | |
| 50. Keep Network (KEEP) | | 103. Yield Guild Games (YGG) | |
| 51. Kyber Network (KNC) | | 104. Zcash (ZEC) | |
| 52. Kusama (KSM) | | 105. Horizen (ZEN) | |
| 53. ChainLink (LINK) | | 106. 0x (ZRX) | |

**Item 2.**    **Recovery**

Pursuant to Article III.B.3 of the Plan, each Holder of an Allowed Account Holder Claim will receive in full and final satisfaction, compromise, settlement, release, and discharge of such Allowed Account Holder Claim, its Pro Rata share of: (i) the Coin Allocation; (ii) the Claims Equity Allocation; (iii) the Voyager Token Allocation; and (iv) the 3AC Recovery Allocation, *provided* that subclauses (i) and (ii) shall be subject to such Holder's Coin Election or Equity Election, as applicable.

**Item 2.**    **Vote on Plan.**

The Holder of the Class 3 Account Holder Claims against the Debtors set forth in Item 1 votes to (please check <u>one</u>):

| | |
|---|---|
| ☐  **ACCEPT** (vote FOR) the Plan | ☐  **REJECT** (vote AGAINST) the Plan |

**Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and Item 2 above.**

**Item 3.  Certifications.**

1.    the undersigned is (a) the Holder of the Account Holder Claims (Class 3) being voted, or (b) the authorized signatory for an entity that is a Holder of such Account Holder Claims;

2.    the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein;

3.    the undersigned has cast the same vote with respect to all of its Account Holder Claims (Class 3) in connection with the Plan; and

4.    (a) no other Ballot with respect to the same Account Holder Claims (Class 3) identified in Item 1 has been cast or (b) if any other Ballot has been cast with respect to such Account Holder Claims, then any such earlier Ballots are hereby revoked and deemed to be null and void.

**Item 4.  Ballot Completion Information.**

| | |
|---|---|
| Name of Holder: | _____ |
| | _____ |
| Signature: | _____ |
| Signatory Name (if other than the Holder): | _____ |
| Title: | _____ |
| Address: | _____ |
| Email Address: | _____ |
| Telephone Number: | _____ |
| Date Completed: | _____ |

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.  This Ballot shall not constitute or be deemed a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT IN ACCORDANCE WITH INSTRUCTIONS CONTAINED HEREIN.  THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS ACTUALLY RECEIVED BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT PRIOR TO THE VOTING DEADLINE VIA THE ONLINE VOTING PORTAL AT HTTPS://CASES.STRETTO.COM/VOYAGER/BALLOTING.**

---

**THE VOTING DEADLINE IS OCTOBER 24, 2022, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS CLASS 3 BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

| Class 3 — Account Holder Claims |
|---|

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1.  The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meanings set forth in the Plan, a copy of which also accompanies the Ballot. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.  The Plan can be confirmed by the Court and thereby made binding upon the Holders if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3.  This Ballot contains voting options with respect to the Plan.

4.  To vote, you <u>MUST</u>: (a) fully complete this Ballot; (b) clearly indicate your decision to accept or reject the Plan in Item 2 of this Ballot; and (c) sign, date, and return this Ballot via the Claims, Noticing, and Solicitation Agent's online voting portal as described more fully below.

    To submit your Ballot via the online voting portal, please visit https://cases.stretto.com/Voyager/balloting and follow the instructions to submit your Ballot.

    **IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:**

    **Unique E-Ballot ID#:** _____

    **PIN#:** _____

    The Claims, Noticing, and Solicitation Agent's online voting platform is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, e-mail or other means of electronic transmission will not be counted.

    Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your Ballot. Please complete and submit a Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the Claims, Noticing, and Solicitation Agent's online voting portal should <u>NOT</u> also submit a hard copy Ballot.

3.  Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned will <u>NOT</u> be counted unless the Debtors otherwise determine.

4.  To vote, you <u>MUST</u> deliver your completed Ballot so that it is **ACTUALLY RECEIVED** by the Claims, Noticing, and Solicitation Agent on or before the Voting Deadline by one of the methods described above. The Voting Deadline is **October 24, 2022, at 4:00 p.m.** prevailing Eastern Time.

5.  Any Ballot received by the Claims, Noticing, and Solicitation Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine. No Ballot may be withdrawn or modified after the Voting Deadline without the Debtors' prior consent.

6.  Delivery of a Ballot reflecting your vote to the Claims, Noticing, and Solicitation Agent will be deemed to have occurred only when the Claims, Noticing, and Solicitation Agent actually receives the originally executed Ballot (for the avoidance of doubt, a Ballot submitted via the Claims, Noticing, and Solicitation Agent online voting

portal shall be deemed to contain an original signature).  In all cases, you should allow sufficient time to assure timely delivery.

7.   If you deliver multiple Ballots to the Claims, Noticing, and Solicitation Agent, <u>ONLY</u> the last properly executed Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s).

8.   You must vote all of your Class 3 Account Holder Claims either to accept or reject the Plan, and may not split your vote.  Further, if a Holder has multiple Claims within Class 3, the Debtors may direct the Claims, Noticing, and Solicitation Agent to aggregate the Claims of any particular Holder within Class 3 for the purpose of counting votes.

9.   This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim or an Interest, in the Debtors' Chapter 11 Cases.

10.  You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

11.  <u>SIGN AND DATE</u> your Ballot.[2]  Please provide your name and mailing address in the space provided on this Ballot if it is different from that set forth on the Ballot or if no address is presented on the Ballot.

12.  If your Claim is held in multiple accounts, you may receive more than one Ballot coded for each such account for which your Claims are held.  Each Ballot votes only your Claims indicated on that Ballot.  Accordingly, complete and return each Ballot you receive.

**PLEASE RETURN YOUR BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS CLASS 3 BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE CLAIMS, NOTICING, AND SOLICITATION AGENT AT: (855) 473-8665 (TOLL-FREE) OR +1 (949) 271-6507 (INTERNATIONAL) OR EMAIL VOYAGERINQUIRIES@STRETTO.COM AND REFERENCE "IN RE: VOYAGER - SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

**THE VOTING DEADLINE IS OCTOBER 24, 2022, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS CLASS 3 BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

[2]   If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims, Noticing, and Solicitation Agent, the Debtors, the Debtors' counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

**Exhibit 4B**

**Class 5 Ballot (General Unsecured Claims)**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

<div align="center">

**BALLOT FOR VOTING TO ACCEPT OR REJECT**
**THE FIRST AMENDED JOINT PLAN OF REORGANIZATION OF VOYAGER DIGITAL HOLDINGS,**
**INC. AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 5 HOLDERS OF GENERAL UNSECURED CLAIMS**

</div>

<div align="center">

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS**
**CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY***
***RECEIVED* BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT BY OCTOBER 24, 2022,**
**AT 4:00 P.M., PREVAILING EASTERN TIME (THE "VOTING DEADLINE").**

</div>

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes to accept or reject the Plan in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), to accept the *First Amended Joint Plan of Reorganization of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time, the "Plan"), attached as **Exhibit A** to the *Disclosure Statement for the First Amended Joint Plan of Reorganization of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented from time to time and including all exhibits or supplements thereto, the "Disclosure Statement") from Holders of Account Holder Claims and General Unsecured Claims (each, a "Voting Class" and collectively, the "Voting Classes").

Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein. A Voting Class will accept the Plan if Holders of at least two thirds in amount and more than one-half in number of Claims in that Voting Class votes to accept the Plan. The Bankruptcy Court may confirm the Plan,

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

which contemplates effectuating the Restructuring Transactions, if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding on all Holders of Allowed Claims in the Voting Classes, among others.  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

You are receiving this ballot (the "Ballot") because you are the Holder (as defined below) of Class 5 General Unsecured Claims as of **September 15, 2022** (the "Voting Record Date").  **For additional discussion of the treatment of Class 5 Claims under the Plan and the rights of Holders of Class 5 Claims under the Plan, please read the Disclosure Statement.**

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Ballot.  If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them from (a) Stretto, Inc. (the "Claims, Noticing, and Solicitation Agent"), at no charge by: (i) accessing the Debtors' restructuring website at https://cases.stretto.com/Voyager/; (ii) writing to the Claims, Noticing, and Solicitation Agent at Voyager Inquiries, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602; (iii) calling (855) 473-8665 (Toll Free) or +1 (949) 271-6507 (International); or (iv) emailing VoyagerInquiries@stretto.com and referencing "In re Voyager -Solicitation Inquiry" in the subject line; or (b) for a fee via PACER at https://www.nysb.uscourts.gov/ecf-and-pacer-information.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan.  If you believe you have received this Ballot in error, please contact the Claims, Noticing, and Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

The Court may confirm the Plan and thereby bind all Holders of Claims and Interests.  To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Claims, Noticing, and Solicitation Agent *actually receives* it on or before the Voting Deadline.

**THE VOTING DEADLINE IS ON OCTOBER 24, 2022, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**Item 1.    Amount of Class 5 Claims.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of Class 5 General Unsecured Claims in the following aggregate principal amount (*please fill in the amount if not otherwise completed*):

> Amount of Claims:  $_____

**Item 2.    Recovery**

Pursuant to Article III.B.5 of the Plan, Each Holder of an Allowed General Unsecured Claim shall receive, in full and final satisfaction, compromise, settlement, release, and discharge of such Allowed General Unsecured Claim, its *Pro Rata* share of the Claims Allocation Pool.

**Item 2.    Vote on Plan.**

The Holder of the Class 5 General Unsecured Claims against the Debtors set forth in Item 1 votes to (please check one):

> ☐  **ACCEPT** (vote FOR) the Plan               ☐  **REJECT** (vote AGAINST) the Plan

**Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and Item 2 above.**

**Item 3.  Certifications.**

1.     the undersigned is (a) the Holder of the General Unsecured Claims (Class 5) being voted, or (b) the authorized signatory for an entity that is a Holder of such General Unsecured Claims;

2.     the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein;

3.     the undersigned has cast the same vote with respect to all of its General Unsecured Claims (Class 5) in connection with the Plan; and

4.     (a) no other Ballot with respect to the same General Unsecured Claims (Class 5) identified in Item 1 has been cast or (b) if any other Ballot has been cast with respect to such General Unsecured Claims, then any such earlier Ballots are hereby revoked and deemed to be null and void.

**Item 4.  Ballot Completion Information.**

| | |
|---|---|
| Name of Holder: | _____ |
| | _____ |
| Signature: | _____ |
| Signatory Name (if other than the Holder): | _____ |
| Title: | _____ |
| Address: | _____ |
| Email Address: | _____ |
| Telephone Number: | _____ |
| Date Completed: | _____ |

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.  This Ballot shall not constitute or be deemed a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT IN ACCORDANCE WITH INSTRUCTIONS CONTAINED HEREIN.  THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS ACTUALLY RECEIVED BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT PRIOR TO THE VOTING DEADLINE VIA THE ONLINE VOTING PORTAL AT HTTPS://CASES.STRETTO.COM/VOYAGER/BALLOTING.**

**THE VOTING DEADLINE IS OCTOBER 24, 2022, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS CLASS 5 BALLOT ON OR BEFORE THE VOTING DEADLINE.**

| Class 5 — General Unsecured Claims |
|---|

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1.  The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meanings set forth in the Plan, a copy of which also accompanies the Ballot. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.  The Plan can be confirmed by the Court and thereby made binding upon the Holders if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3.  This Ballot contains voting options with respect to the Plan.

4.  To vote, you <u>MUST</u>: (a) fully complete this Ballot; (b) clearly indicate your decision to accept or reject the Plan in Item 2 of this Ballot; and (c) sign, date, and return this Ballot via the Claims, Noticing, and Solicitation Agent's online voting portal as described more fully below.

    To submit your Ballot via the online voting portal, please visit https://cases.stretto.com/Voyager/balloting and follow the instructions to submit your Ballot.

    **IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:**

    **Unique E-Ballot ID#:** _____

    **PIN#:** _____

    The Claims, Noticing, and Solicitation Agent's online voting platform is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, e-mail or other means of electronic transmission will not be counted.

    Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your Ballot. Please complete and submit a Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the Claims, Noticing, and Solicitation Agent's online voting portal should <u>NOT</u> also submit a hard copy Ballot.

3.  Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned will <u>NOT</u> be counted unless the Debtors otherwise determine.

4.  To vote, you <u>MUST</u> deliver your completed Ballot so that it is **ACTUALLY RECEIVED** by the Claims, Noticing, and Solicitation Agent's on or before the Voting Deadline by one of the methods described above. The Voting Deadline is **<u>October 24, 2022, at 4:00 p.m., prevailing Eastern Time</u>**.

5.  Any Ballot received by the Claims, Noticing, and Solicitation Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine. No Ballot may be withdrawn or modified after the Voting Deadline without the Debtors' prior consent.

6.  Delivery of a Ballot reflecting your vote to the Claims, Noticing, and Solicitation Agent will be deemed to have occurred only when the Claims, Noticing, and Solicitation Agent actually receives the originally executed Ballot (for the avoidance of doubt, a Ballot submitted via the Claims, Noticing, and Solicitation Agent online voting

portal shall be deemed to contain an original signature). In all cases, you should allow sufficient time to assure timely delivery.

7.   If you deliver multiple Ballots to the Claims, Noticing, and Solicitation Agent, <u>ONLY</u> the last properly executed Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s).

8.   You must vote all of your Class 5 General Unsecured Claims either to accept or reject the Plan, and may not split your vote. Further, if a Holder has multiple Claims within Class 5, the Debtors may direct the Claims, Noticing, and Solicitation Agent to aggregate the Claims of any particular Holder within Class 5 for the purpose of counting votes.

9.   This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim or an Interest, in the Debtors' Chapter 11 Cases.

10.  You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

11.  <u>SIGN AND DATE</u> your Ballot.[2] Please provide your name and mailing address in the space provided on this Ballot if it is different from that set forth on the Ballot or if no address is presented on the Ballot.

12.  If your Claim is held in multiple accounts, you may receive more than one Ballot coded for each such account for which your Claims are held. Each Ballot votes only your Claims indicated on that Ballot. Accordingly, complete and return each Ballot you receive.

**PLEASE RETURN YOUR BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS CLASS 5 BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE CLAIMS, NOTICING, AND SOLICITATION AGENT AT: (855) 473-8665 (TOLL-FREE) OR +1 (949) 271-6507 (INTERNATIONAL) OR EMAIL VOYAGERINQUIRIES@STRETTO.COM AND REFERENCE "IN RE: VOYAGER - SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

---

**THE VOTING DEADLINE IS OCTOBER 24, 2022, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS CLASS 3 BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

[2]   If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims, Noticing, and Solicitation Agent, the Debtors, the Debtors' counsel, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

**<u>Exhibit 5</u>**

**Cover Letter**



[●], 2022

**Subject**:  Summary of Plan of Reorganization, Information Regarding Certain Key Dates, and Certain Other Matters

Dear Stakeholders,

Voyager Digital Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors")[1] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court") on July 5, 2022.

You have received this letter and the enclosed materials because you are entitled to vote on the *First Amended Joint Plan of Reorganization of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as modified, amended, or supplemented from time to time, the "Plan").[2]  On [●], 2022, the Court entered an order [Docket No. [●]] (the "Disclosure Statement Order") (a) authorizing the Debtors to solicit acceptances for the Plan; (b) approving the *Disclosure Statement for the First Amended Joint Plan of Reorganization of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Package"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan, and for filing objections to the Plan.

As you review these materials, please keep in mind that:

- **Chapter 11 is not a Liquidation or Insolvency Event**.  Chapter 11 is a court-supervised process used to oversee the restructuring of a company and is designed to minimize the disruption of a restructuring on a company's business operations—it is not a liquidation or insolvency event.  The Plan effectuates a comprehensive restructuring process that will maximize the value of the Debtors' go-forward business and position the Debtors to emerge from chapter 11 swiftly.

- **The Alternative to the Plan is A Value-Destructive Liquidation**.  The Plan represents the best path forward for the Debtors and allows the Debtors to swiftly reorganize and deliver a meaningful recovery to the Debtors' customers and creditors.  The alternative to the Plan is a liquidation of the Debtors' estates, which would likely result in reduced recoveries for Holders of Allowed Claims.  Accordingly, the Plan provides Account Holders with the strongest possible recovery on account of their Claims.

- **Voyager 2.0**.  Voyager views its restructuring efforts as a positive and direct step to reorganize its business and pursue a transaction that maximizes value for its customers.  Voyager intends to move forward as quickly and efficiently through its chapter 11 cases as possible.

The materials in the Solicitation Package are intended to be self-explanatory.  If you should have any questions, however, please feel free to contact Stretto the claims, noticing, and solicitation agent retained by the Debtors in these chapter 11 cases (the "Claims, Noticing, and Solicitation Agent"), by: (a) calling the Claims, Noticing, and Solicitation Agent at (855) 473-8665 (Toll Free) or +1 (949) 271-6507 (International), (b) writing to the Claims,

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

Noticing, and Solicitation Agent at Voyager Inquiries, c/o Stretto 410 Exchange, Suite 100 Irvine, CA 92602, or (c) e-mailing the Claims, Noticing, and Solicitation Agent at VoyagerInquiries@stretto.com with a reference to "In re Voyager - Solicitation Inquiry" in the subject line.  You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, https://cases.stretto.com/Voyager/, or for a fee via PACER at:  http://pacer.psc.uscourts.gov.  Please be advised that the Claims, Noticing, and Solicitation Agent is authorized to answer questions about, and provide additional copies of solicitation materials, but may **not** advise you as to whether you should vote to accept or reject the Plan.

**I. The Plan.**

The Debtors filed these Chapter 11 Cases in response to a short-term "run on the bank" caused by the downturn in the cryptocurrency industry generally and the default of a significant loan made to a third party.  But the Debtors have a viable business and a plan for the future.  As set forth in this Disclosure Statement, the Debtors have worked tirelessly with their advisors to develop a strategy that will position the Debtors for long-term success.  Ultimately, the Debtors filed for chapter 11 relief to protect their customers and preserve the value of their business.

The Primary Purpose of the Plan is to expediently reorganize the Debtors' business and maximize recoveries to Holders of Account Holder Claims and General Unsecured Claims.

The Plan provides, among other things, that upon the Effective Date:

- All Secured Tax Claims and Priority Tax Claims shall be paid in full in Cash, or receive such other customary treatment that renders such Claims Unimpaired under the Bankruptcy Code.

- Each Holder of an Allowed Account Holder Claim shall receive in full and final satisfaction, compromise, settlement, release, and discharge of such Allowed Account Holder Claim, its Pro Rata share of (i) the Coin Allocation; (ii) the Claims Equity Allocation; (iii) the Voyager Token Allocation; and (iv) the 3AC Recovery Allocation, *provided* that subclauses (i) and (ii) shall be subject to such Holder's Coin Election or Equity Election, as applicable;

- All Alameda Loan Facility Claims shall be cancelled, released, discharged, and extinguished as of the Effective Date and will be of no further force or effect, and Holders of Alameda Loan Facility Claims will not receive any distribution on account of such Alameda Loan Facility Claims;

- Each Holder of an Allowed General Unsecured Claim shall receive, in full and final satisfaction, compromise, settlement, release, and discharge of such Allowed General Unsecured Claim, its Pro Rata share of Claims Allocation Pool; and

- On the Effective Date, all Existing Equity Interests will be cancelled, released, and extinguished, and will be of no further force or effect, and Holders of Existing Equity Interests will not receive any distribution on account of such Existing Equity Interests.

The following chart summarizes the classification of Claims and Interests set forth in the Plan and indicates whether such class is entitled to vote on the Plan:

| Class | Claim or Interest | Status | Voting Rights |
|---|---|---|---|
| 1 | Secured Tax Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| 2 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| 3 | Account Holder Claims | Impaired | Entitled to Vote |
| 4 | Alameda Loan Facility Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 5 | General Unsecured Claims | Impaired | Entitled to Vote |

| Class | Claim or Interest | Status | Voting Rights |
|-------|-------------------|--------|---------------|
| 6 | Section 510(b) Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 7 | Intercompany Claims | Unimpaired / Impaired | Not Entitled to Vote (Presumed to Accept/Deemed to Reject) |
| 8 | Intercompany Interests | Unimpaired / Impaired | Not Entitled to Vote (Presumed to Accept/Deemed to Reject) |
| 9 | Existing Equity Interests | Impaired | Not Entitled to Vote (Deemed to Reject) |

## II. The Solicitation Package

This letter is part of your Solicitation Package, which was approved by the Court for distribution to Holders of Claims in connection with the solicitation of votes to accept or reject the Plan.  Please review these materials carefully and follow instructions contained therein.  The Solicitation Package consists of the following:

- a copy of the Solicitation and Voting Procedures;

- the applicable form of Ballot;

- a pre-addressed, postage pre-paid return envelope for Holders of Claims in Class 5 (General Unsecured Claims)[3];

- this Cover Letter;

- the Disclosure Statement (and exhibits thereto, including the Plan);

- the Disclosure Statement Order (without exhibits, except the Solicitation and Voting Procedures); and

- the Confirmation Hearing Notice.

If you have any questions regarding your Solicitation Package, please do not hesitate to reach out to the Claims, Noticing, and Solicitation Agent.

## III. Key Upcoming Dates

The Deadline to vote to accept or reject the Plan is **October 24, 2022 at 4:00 p.m. prevailing Eastern Time**.  **You must submit your Ballot per the instructions included in your Ballot by October 24, 2022 at 4:00 p.m. prevailing Eastern Time**.

After votes on the Plan are counted, the Court will hold a hearing to confirm the Plan (the "Confirmation Hearing").  The Confirmation Hearing will be held on **November 1, 2022, at [●] [●].m.** prevailing Eastern Time.  If the Court confirms the Plan at the Confirmation Hearing, the Debtors will seek to effectuate the Plan, distribute assets to Account Holders and other creditors, and emerge from chapter 11 as quickly as possible.

---

[3]    Holders of Account Holder Claims shall submit their votes electronically through Claims, Noticing, and Solicitation Agent's online ballot portal.  Please refer to your Ballot for detailed instructions on how to submit your vote.

### III. Recommendation

Voyager Digital Holdings, Inc. (on behalf of itself and each of the other Debtors) has approved the filing of the Plan and the solicitation of votes to accept or reject the Plan. The Debtors believe that the acceptance of the Plan is in the best interests of their estates, Holders of Claims or Interests, and all other parties in interest. The Debtors believe that any valid alternative to confirmation of the Plan would result in significant delays, litigation, additional costs, and, ultimately, might result in smaller distributions (or no distributions) on account of Claims asserted in these chapter 11 cases.

---

**THE DEBTORS STRONGLY URGE YOU TO PROPERLY AND TIMELY
SUBMIT YOUR BALLOT CASTING A VOTE TO ACCEPT THE PLAN IN
ACCORDANCE WITH THE INSTRUCTIONS IN YOUR BALLOT.**

**THE VOTING DEADLINE IS OCTOBER 24, 2022, AT 4 P.M. PREVAILING EASTERN TIME.**

---

Sincerely,

*/s/ DRAFT*

Name:  Stephen Ehrlich
Title:  Co-Founder and Chief Executive Officer; Voyager Digital Ltd.

**Exhibit 6**

**Confirmation Hearing Notice**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:        (212) 446-4800
Facsimile:        (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### NOTICE OF HEARING TO CONSIDER
### CONFIRMATION OF THE CHAPTER 11 PLAN FILED BY THE
### DEBTORS AND RELATED VOTING AND OBJECTION DEADLINES

**PLEASE TAKE NOTICE THAT** on [●], 2022, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order") (a) authorizing Voyager Digital Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *First Amended Joint Plan of Reorganization of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement for the First Amended Joint Plan of Reorganization of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **November 1, 2022 at [●] [●].m.**, prevailing Eastern Time, or such other time that the Court determines, before the Honorable Michael E. Wiles, in the United States Bankruptcy Court for the Southern District of New York, located at One Bowling Green, Courtroom 617, New York, New York 10004.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan.

> **PLEASE BE ADVISED**:  THE CONFIRMATION HEARING MAY BE CONTINUED FROM TIME TO TIME BY THE COURT OR THE DEBTORS **WITHOUT FURTHER NOTICE** OTHER THAN BY SUCH ADJOURNMENT BEING ANNOUNCED IN OPEN COURT OR BY A NOTICE OF ADJOURNMENT FILED WITH THE COURT AND SERVED ON ALL PARTIES ENTITLED TO NOTICE.

## CRITICAL INFORMATION REGARDING VOTING ON THE PLAN

**Voting Record Date**.  The voting record date is **September 15, 2022** (the "Voting Record Date"), which is the date for determining which Holders of Class 3 Claims (Account Holder Claims) and Class 5 Claims (General Unsecured Claims) are entitled to vote on the Plan.

**Voting Deadline**.  The deadline for voting on the Plan is on **October 24, 2022 at 4:00 p.m.** prevailing Eastern Time (the "Voting Deadline").  If you received a Solicitation Package, including a Ballot and intend to vote on the Plan you **must**:  (a) follow the instructions carefully; (b) complete **all** of the required information on the ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions so that it is **actually received** by the Debtors' claims, noticing, and solicitation agent Stretto, Inc. (the "Claims, Noticing, and Solicitation Agent") on or before the Voting Deadline.  **A failure to follow such instructions may disqualify your vote**.

## CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN

**Objection Deadline**.  The deadline for filing objections to the Plan is **October 24, 2022 at 4:00 p.m.** prevailing Eastern Time (the "Plan Objection Deadline").  All objections to the relief sought at the Confirmation Hearing **must**: (a) be in writing; (b) conform to the Bankruptcy Rules, the Bankruptcy Local Rules, and any orders of the Court; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; **and** (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **October 24, 2022 at 4:00 p.m.** prevailing Eastern Time:

| *Debtors* | |
|---|---|
| **Voyager Digital Holdings, Inc.**<br>3 Irving Place, Suite 3060,<br>New York, NY 10003<br>Attention: Stephen Ehrlich and David Brosgol | |
| *Counsel to the Debtors* | *Counsel to the Committee* |
| **Kirkland & Ellis LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Attention:  Joshua A. Sussberg; Christopher Marcus;<br>Christine A. Okike; Allyson B. Smith | **McDermott Will & Emery LLP**<br>One Vanderbilt Avenue<br>New York, NY 10017-3852<br>Attention: Darren Azman; Joseph B. Evans; Grayson<br>Williams; Gregg Steinman |
| *United States Trustee* | |
| **Office of the United States Trustee for the Southern District of New York**<br>U.S. Federal Office Building<br>201 Varick Street, Room 1006<br>New York, NY 10014<br>Attention: Richard Morrissey; Mark Bruh | |

**Article VIII of the Plan contains release, exculpation, and injunction provisions, and Article VIII.C contains a third-party release. Thus, you are advised to review and consider the Plan carefully because your rights might be affected thereunder.**

**You may elect not to grant the releases contained in article VIII.C of the Plan only if you (a) do not vote to accept the Plan and (b) return a Ballot checking the box to "opt out" from the third-party releases. Subject to any final order of the Court to the contrary, regardless of whether the Court determines that you have a right to opt-out of the releases, if you (a) vote to accept the Plan, (b) fail to submit a Ballot by the voting deadline, or (c) submit the Ballot but abstain from voting to accept or reject the Plan or vote to reject the Plan and, in either case, fail to check the box to "opt out" from the third party releases, in each case you will be deemed to consent to the releases set forth in Article VIII.F of the Plan.**

## ADDITIONAL INFORMATION

**Obtaining Solicitation Materials**. The materials in the Solicitation Package are intended to be self-explanatory. If you should have any questions or if you would like to obtain additional solicitation materials (or paper copies of solicitation materials if you received the materials in electronic format, or on a CD-ROM or flash drive), please feel free to contact the Debtors' Claims, Noticing, and Solicitation Agent, by: (a) calling the Claims, Noticing, and Solicitation Agent at (855) 473-8665 (Toll Free) or +1 (949) 271-6507 (International), (b) e-mailing the Claims, Noticing, and Solicitation Agent at VoyagerInquiries@Stretto.com with a reference to "In re: Voyager - Solicitation Inquiry" in the subject line, or (c) writing to the Claims, Noticing, and Solicitation Agent at Voyager Inquiries, c/o Stretto 410 Exchange, Suite 100 Irvine, CA 92602. You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, https://cases.stretto.com/Voyager/, or for a fee via PACER at: http://pacer.psc.uscourts.gov. Please be advised that the Claims, Noticing, and Solicitation Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may **not** advise you as to whether you should vote to accept or reject the Plan.

**Filing the Plan Supplement**. The Debtors will file the Plan Supplement (as defined in the Plan) on or before **October 17, 2022** and will serve notice on all Holders of Claims entitled to vote on the Plan, which will: (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information contained in the Plan Supplement; and (c) explain how parties may obtain copies of the Plan Supplement.

## BINDING NATURE OF THE PLAN

**IF CONFIRMED, THE PLAN SHALL BIND ALL HOLDERS OF CLAIMS AND INTERESTS TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, WHETHER OR NOT SUCH HOLDER WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, HAS FILED A PROOF OF CLAIM IN THESE CHAPTER 11 CASES, OR FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN OR VOTED TO REJECT THE PLAN.**

Dated: _____, 2022
New York, New York

*/s/ Draft*
_____
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:     jsussberg@kirkland.com
          cmarcus@kirkland.com
          christine.okike@kirkland.com
          allyson.smith@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit 7</u>**

**Plan Supplement Notice**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF FILING OF PLAN SUPPLEMENT

**PLEASE TAKE NOTICE THAT** on [●], 2022, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order") (a) authorizing Voyager Digital Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *First Amended Joint Plan of Reorganization of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement for the First Amended Joint Plan of Reorganization of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** as contemplated by the Plan and the Disclosure Statement Order approving the Disclosure Statement, the Debtors filed the Plan Supplement with the Court on October 17, 2022 [Docket No. [●]]. The Plan Supplement contains the following documents each as defined in the Plan: (a) the New Organizational Documents; (b) to the extent known, the identity and members of the New Board; (c) the Schedule of Rejected Executory Contracts and Unexpired Leases; (d) the Schedule of Retained Causes of Action; (e) the Restructuring Transactions Memorandum; and (f) any additional documents necessary to effectuate the Restructuring Transactions or that is contemplated by the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **November 1, 2022 at [●] [●].m.**, prevailing Eastern Time, or such

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan.

other time that the Court determines, before the Honorable Michael E. Wiles, in the United States Bankruptcy Court for the Southern District of New York, located at One Bowling Green, Courtroom 617, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **October 24, 2022 at 4:00 p.m. prevailing Eastern Time** (the "Plan Objection Deadline").  Any objection to the Plan **must**:  (a) be in writing; (b) conform to the Bankruptcy Rules, the Bankruptcy Local Rules, and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **October 24, 2022 at 4:00 p.m. prevailing Eastern Time**:

| Debtors | |
| --- | --- |
| **Voyager Digital Holdings, Inc.**<br>3 Irving Place, Suite 3060,<br>New York, NY 10003<br>Attention: Stephen Ehrlich and David Brosgol | |
| **Counsel to the Debtors** | **Counsel to the Committee** |
| **Kirkland & Ellis LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Attention:  Joshua A. Sussberg; Christopher Marcus;<br>Christine A. Okike; Allyson B. Smith | **McDermott Will & Emery LLP**<br>One Vanderbilt Avenue<br>New York, NY 10017-3852<br>Attention: Darren Azman; Joseph B. Evans; Grayson<br>Williams; Gregg Steinman |
| United States Trustee | |
| **Office of the United States Trustee for the Southern District of New York**<br>U.S. Federal Office Building<br>201 Varick Street, Room 1006<br>New York, NY 10014<br>Attention: Richard Morrissey; Mark Bruh | |

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Stretto, Inc., the claims, noticing, and solicitation agent retained by the Debtors in these chapter 11 cases (the "Claims, Noticing, and Solicitation Agent"), by:  (a) calling the Claims, Noticing, and Solicitation Agent at (855) 473-8665 (Toll Free) or +1 (949) 271-6507 (International), (b) e-mailing the Claims, Noticing, and Solicitation Agent at VoyagerInquiries@Stretto.com with a reference to "In re: Voyager - Solicitation Inquiry" in the subject line, or (c) writing to the Claims, Noticing, and Solicitation Agent at Voyager Inquiries, c/o Stretto 410 Exchange, Suite 100 Irvine, CA 92602.  You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, https://cases.stretto.com/Voyager/, or for a fee via PACER at:  http://pacer.psc.uscourts.gov.

**Article VIII of the Plan contains release, exculpation, and injunction provisions, and Article VIII.C contains a third-party release.  Thus, you are advised to review and consider the Plan carefully because your rights might be affected thereunder.**

**You may elect not to grant the releases contained in article VIII.C of the Plan only if you (a) do not vote to accept the Plan and (b) return a Ballot checking the box to "opt out" from the third-party releases.  Subject to any final order of the Court to the contrary, regardless of whether the Court determines that you have a right to opt-out of the releases, if you (a) vote to accept the Plan, (b) fail to submit a Ballot by the voting deadline, or**

**(c) submit the Ballot but abstain from voting to accept or reject the Plan or vote to reject the Plan and, in either case, fail to check the box to "opt out" from the third party releases, in each case you will be deemed to consent to the releases set forth in Article VIII.F of the Plan.**

Dated: _____, 2022
New York, New York

*/s/ Draft* _____

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          jsussberg@kirkland.com
                cmarcus@kirkland.com
                christine.okike@kirkland.com
                allyson.smith@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

VIII.

**Exhibit 8**

**Notice of Rejection of Executory Contracts and Unexpired Leases**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE REGARDING EXECUTORY CONTRACTS**
**AND UNEXPIRED LEASES TO BE REJECTED PURSUANT TO THE PLAN**

**PLEASE TAKE NOTICE THAT** on [●], 2022, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order") (a) authorizing Voyager Digital Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *First Amended Joint Plan of Reorganization of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement for the First Amended Joint Plan of Reorganization of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT**, on [●], 2022, the Debtors filed the *Schedule of Rejected Executory Contracts and Unexpired Leases* (the "Rejection Schedule") with the Court as part of the *Plan Supplement for the Joint Chapter 11 Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates* [Docket No. [●]] (the "Plan Supplement"), as contemplated under the Plan.  The determination to reject the agreements identified on the Rejection Schedule was made as of [●], 2022 and is subject to revision.

**PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because the Debtors' records reflect that you are a party to a contract that is listed on the Rejection Schedule.  Therefore, you are advised to review carefully the information contained in this notice and the related provisions of the Plan, including the Rejection Schedule.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the Plan provides that except as otherwise provided in the Plan, each Executory Contract and Unexpired Lease shall be deemed assumed, without the need for any further notice to or action, order, or approval of the Bankruptcy Court, as of the Effective Date, pursuant to sections 365 and 1123 of the Bankruptcy Code, unless such Executory Contract or Unexpired Lease (a) was previously assumed, assumed and assigned, or rejected by the Debtors; (b) previously expired or terminated pursuant to its own terms; (c) is the subject of a motion to assume, assume and assign, or reject Filed on or before the Confirmation Date that is pending on the Effective Date; or (d) is designated specifically, or by category, as an Executory Contract or Unexpired Lease on the Schedule of Rejected Executory Contracts and Unexpired Leases, if any. The assumption of Executory Contracts and Unexpired Leases hereunder may include the assignment of certain of such contracts to Affiliates. The Confirmation Order will constitute an order of the Bankruptcy Court approving the above-described assumptions and assignments, all pursuant to sections 365(a) and 1123 of the Bankruptcy Code and effective on the occurrence of the Effective Date. Notwithstanding anything to the contrary in the Plan, the Debtors or the Reorganized Debtors, as applicable, shall have the right to alter, amend, modify, or supplement the Schedule of Rejected Executory Contracts and Unexpired Leases at any time through and including 45 days after the Effective Date..

> **PLEASE TAKE FURTHER NOTICE THAT YOU ARE RECEIVING THIS NOTICE BECAUSE THE DEBTORS' RECORDS REFLECT THAT YOU ARE A PARTY TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE THAT WILL BE REJECTED PURSUANT TO THE PLAN. THEREFORE, YOU ARE ADVISED TO REVIEW CAREFULLY THE INFORMATION CONTAINED IN THIS NOTICE AND THE RELATED PROVISIONS OF THE PLAN.[3]**

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **November 1, 2022 at [●] [●].m.**, prevailing Eastern Time, or such other time that the Court determines, before the Honorable Michael E. Wiles, in the United States Bankruptcy Court for the Southern District of New York, located at One Bowling Green, Courtroom 617, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE THAT** all proofs of Claim with respect to Claims arising from the rejection of Executory Contracts or Unexpired Leases, if any, must be filed with the Bankruptcy Court within **30 days** after the date of entry of the order of the Bankruptcy Court (including the Confirmation Order) approving such rejection. Any Claims arising from the rejection of an Executory Contract or Unexpired Lease not filed within such time will be automatically disallowed, forever barred from assertion, and shall not be enforceable against the Debtors or the Reorganized Debtors, their Estates, or their property without the need for any objection by the Reorganized Debtors or further notice to, or action, order, or approval of the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **October 24, 2022 at 4:00 p.m, prevailing Eastern Time** (the "Plan Objection Deadline"). Any objection to the Plan **must**: (a) be in writing; (b) conform to the Bankruptcy Rules, the Bankruptcy Local Rules, and any orders of the Court; (c) state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **October 24, 2022 at 4:00 p.m, prevailing Eastern Time**:

---

[3]    Neither the exclusion nor inclusion of any Executory Contract or Unexpired Lease on the Rejected Executory Contract and Unexpired Lease List, nor anything contained in the Plan, shall constitute an admission by the Debtors that any such contract or lease is in fact an Executory Contract or Unexpired Lease or that any Reorganized Debtor has any liability thereunder. Further, the Debtors expressly reserve the right to (a) remove any Executory Contract or Unexpired Lease from the Rejection Schedule and assume such Executory Contract or Unexpired Lease pursuant to the terms of the Plan, up until the Effective Date and (b) contest any Claim asserted in connection with rejection of any Executory Contract or Unexpired Lease.

| *Debtors* | |
|---|---|
| **Voyager Digital Holdings, Inc.**<br>3 Irving Place, Suite 3060,<br>New York, NY 10003<br>Attention: Stephen Ehrlich and David Brosgol | |
| *Counsel to the Debtors* | *Counsel to the Committee* |
| **Kirkland & Ellis LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Attention:  Joshua A. Sussberg; Christopher Marcus;<br>Christine A. Okike; Allyson B. Smith | **McDermott Will & Emery LLP**<br>One Vanderbilt Avenue<br>New York, NY 10017-3852<br>Attention: Darren Azman; Joseph B. Evans; Grayson<br>Williams; Gregg Steinman |
| *United States Trustee* | |
| **Office of the United States Trustee for the Southern District of New York**<br>U.S. Federal Office Building<br>201 Varick Street, Room 1006<br>New York, NY 10014<br>Attention: Richard Morrissey; Mark Bruh | |

**PLEASE TAKE FURTHER NOTICE THAT** any objections to Plan in connection with the rejection of the Executory Contract(s) and Unexpired Lease(s) identified above and/or related rejection damages proposed in connection with the Plan that remain unresolved as of the Confirmation Hearing will be heard at the Confirmation Hearing (or such other date as fixed by the Court).

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Stretto, Inc., the claims, noticing, and solicitation agent retained by the Debtors in these chapter 11 cases  (the "Claims, Noticing, and Solicitation Agent"), by: (a) calling the Claims, Noticing, and Solicitation Agent at (855) 473-8665 (Toll Free) or +1 (949) 271-6507 (International), (b) e-mailing the Claims, Noticing, and Solicitation Agent at VoyagerInquiries@Stretto.com with a reference to "In re: Voyager - Solicitation Inquiry" in the subject line, or (c) writing to the Claims, Noticing, and Solicitation Agent at Voyager Inquiries, c/o Stretto 410 Exchange, Suite 100 Irvine, CA 92602.  You may also obtain copies of any pleadings filed with the Bankruptcy Court for free by visiting the Debtors' restructuring website, https://cases.stretto.com/Voyager/, or for a fee via PACER at:  http://pacer.psc.uscourts.gov.

> **ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION,
> AND INJUNCTION PROVISIONS, AND ARTICLE VIII.C CONTAINS A THIRD-
> PARTY RELEASE.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN
> CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**
>
> **THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.  IF YOU HAVE
> QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING
> STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT
> THE NOTICE AND CLAIMS AGENT.**

Dated: _____, 2022
New York, New York

*/s/ Draft*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    jsussberg@kirkland.com
          cmarcus@kirkland.com
          christine.okike@kirkland.com
          allyson.smith@kirkland.com

*Counsel to the Debtors and Debtors in Possession*