**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## SCHEDULES OF ASSETS AND LIABILITIES
## OF VOYAGER DIGITAL HOLDINGS, INC. (CASE NO. 22-10943)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## GLOBAL NOTES AND STATEMENT OF
## LIMITATIONS, METHODOLOGY AND DISCLAIMERS
## REGARDING THE DEBTORS' SCHEDULES OF ASSETS
## AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

     Voyager Digital Holdings, Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors"),[2] have filed these respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements") in the United States Bankruptcy Court for the Southern District of New York (the "Court").  The Debtors, with the assistance of their legal and financial advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code (the "Bankruptcy Code") and rule 1007 of the Federal Rules of Bankruptcy Procedure, and rule 1007–1 of the Bankruptcy Local Rules for the Southern District of New York.

    Mr. Stephen Ehrlich, Chief Executive Officer of the Debtors, has signed each set of the Schedules and Statements.  Mr. Ehrlich is an authorized signatory for each of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Ehrlich has necessarily relied upon

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]   Capitalized terms used herein but not defined shall have the meanings set forth in the *Joint Plan of Reorganization of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 17] (as may be amended, supplemented, or modified from time to time, the "Plan").

the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' legal and financial advisors. Mr. Ehrlich has not (and could not have) personally verified the accuracy of each such statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and respective creditor contact information.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made commercially reasonable efforts to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. For the avoidance of doubt, the Debtors hereby reserve all of their rights, including to amend and/or supplement the Schedules and Statements, as may be necessary or appropriate.

The Debtors and their agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and will not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law. In no event will the Debtors or their agents, attorneys, and/or financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

These *Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of, each Debtor's respective Schedules and Statements. The Global Notes should be referred to and considered in connection with any review of the Schedules and Statements.[3] In the event that the Schedules and/or Statements differ from these Global Notes, the Global Notes control.

---

[3]   These Global Notes supplement and are in addition to any specific notes contained in each Debtor's Schedules or Statements. The fact that the Debtors have prepared a Global Note with respect to any of individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any of the Debtors' other Schedules and Statements, as appropriate.

## Global Notes and Overview of Methodology

1.  **Description of Cases.**  On July 5, 2022 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.[4]  The Debtors' chapter 11 cases are being jointly administered for procedural purposes only under lead case *In re Voyager Digital Holdings, Inc.*, Case No. 22-10943 (MEW) (Bankr. S.D.N.Y.). The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On July 19, 2022, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 102] (the "Committee").  The Committee has appointed legal and financial advisors McDermott Will & Emery LLP and FTI Consulting, Inc.  Additional information regarding the Committee and its legal and financial advisors can be obtained at https://dm.epiq11.com/case/voyagercommittee/info.  The information provided herein, except as otherwise noted, is reported as of the close of business on the Petition Date.

2.  **Reservation of Rights**.  Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist.  The Debtors reserve all rights to:  (i) amend and/or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including the right to amend the Schedules and Statements with respect to the description, designation, or Debtor against which any claim against a Debtor ("Claim")[5] is asserted; (ii) dispute or otherwise assert offsets, setoffs, or other defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; (iii) subsequently designate any Claim as "disputed," "contingent," or "unliquidated"; or (iv) object to the extent, validity, enforceability, priority, or avoidability of any Claim (regardless of whether of such Claim is designated in the Schedules and Statements as "disputed," "contingent," or "unliquidated").  Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated."  Listing a Claim does not constitute an admission of (a) liability or (b) amounts due or owed, if any, in each case, by the Debtor against which the Claim is listed or against any of the Debtors.  Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving or defenses against Claims, substantive consolidation, defenses, statuary or equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation or rights contained elsewhere in the Global Notes does not limit in any respect

---

[4]  Copies of publicly filed documents in these chapter 11 cases are available at http://cases.stretto.com/Voyager (free of charge) or the Court's website at https://www.nysb.uscourts.gov/ecf-and-pacer-information (for a fee).

[5]  For the purposes of these Global Notes, the term Claim shall have the meaning as defined under section 101(5) of the Bankruptcy Code.

the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

(a)     **No Admission.**  Nothing contained in the Schedules and Statements is intended as, or should be construed as, an admission or stipulation of the validity of any Claim against any Debtor, any assertion made therein or herein, or a waiver of any Debtor's rights to dispute any Claim or assert any cause of action or defense against any party.

(b)     **Recharacterization.**  The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. Nevertheless, due to the complexity of the Debtors' business, the Debtors may not have accurately characterized, classified, categorized, or designated certain items and/or may have omitted certain items. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

(c)     **Classifications.**  Listing (i) a Claim on Schedule D as "secured," (ii) a Claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty, or a waiver of the Debtors' rights to recharacterize or reclassify such Claim or contract or to setoff such Claims.

(d)     **Estimates and Assumptions.**  The preparation of the Schedules and Statements required the Debtors to make commercially reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods. Actual results could differ from such estimates.

(e)     **Causes of Action.**  Despite reasonable efforts, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The Debtors reserve all rights with respect to any causes of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any Claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether

4

arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law they may have (collectively, "Causes of Action"), and neither the Global Notes nor the Schedules and Statements shall be deemed a waiver of any such Claims, Causes of Action, or avoidance actions or in any way prejudice or impair the assertion of such Claims or Causes of Action.

(f)    **Intellectual Property Rights.**  Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

(g)    **Cryptocurrency.**  Certain of the Debtors' assets are cryptocurrencies, or digital tokens, based on a publicly accessible blockchain.  Cryptocurrencies are unique assets.  Certain laws and regulations that may be applicable to cryptocurrencies do not contemplate or address unique issues associated with the cryptocurrency economy, are subject to significant uncertainty, and vary widely across U.S. federal, state, and local and international jurisdictions.  The Debtors make no representations or admissions concerning the status of cryptocurrency as a "security" under any state, federal, or local domestic or international statute, including United States federal securities laws, and reserve all rights to amend and/or supplement the Schedules and Statements as they deem appropriate in this regard.  Furthermore, the Debtors have taken the position that cryptocurrency held on the Debtors' platform is property of the Debtors' estate pursuant to section 341 of the Bankruptcy Code, and the Debtors reserve all rights to amend and/or supplement the Schedules and Statements as they deem appropriate in this regard.

(h)    **Insiders.**  The Debtors have attempted to include all payments made on or within 12 months before the Petition Date to any individual or entity deemed an "insider." As to each Debtor, an individual or entity is designated as an "insider" for the purposes of the Schedules and Statements if such individual or entity, based on the totality of the circumstances, has at least a controlling interest in, or exercises sufficient authority over, the Debtor so as to unqualifiably dictate corporate policy and the disposition of corporate assets.  Certain of the individuals or entities identified as insiders may not have been insiders for the entirety of the 12-month period before the Petition Date, but the Debtors have included them herein out of an abundance of caution.

The listing or omission of a party as an insider for purposes of the Schedules and Statements is for informational purposes and is not intended to be, nor should it be, construed as an admission that those parties are insiders for purpose of section 101(31) of the Bankruptcy Code.  Information regarding the individuals or entities listed as insiders in the Schedules and Statements may not be used for:

(a) the purposes of determining (i) control of the Debtors; (ii) the extent to which any individual or entity exercised management responsibilities or functions; (iii) corporate decision-making authority over the Debtors; or (iv) whether such individual or entity could successfully argue that it is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or (b) any other purpose. Furthermore, the listing or omission of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved.

3.    **Methodology.**

(a)    **Basis of Presentation.**  Prior to the Petition Date, the Debtors relied on their Chief Financial Officer, including certain key personnel who worked closely with the Chief Financial Officer, as well as their outside accounting firm to maintain the Debtors' books and records.  Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements.  The Schedules and Statements have not, however, been subject to procedures that would typically be applied to financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP") or International Financial Reporting Standards ("IFRS") and are not intended to reconcile fully with any financial statements of each Debtor prepared under GAAP or IFRS.  Therefore, combining the assets and liabilities set forth in the Schedules and Statements would result in amounts that are substantially different from financial information that would be prepared on a consolidated basis under GAAP or IFRS.  For financial reporting purposes, prior to the Petition Date, the Debtors prepared financial statements on a consolidated basis.  Unlike the consolidated financial statements, the Schedules and Statements, except where otherwise indicated, reflect the assets and liabilities of each separate Debtor.  Moreover, given, among other things, the uncertainty surrounding the valuation, collection, and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, it is not an admission that the Debtor was solvent as of the Petition Date or at any time before the Petition Date.  Likewise, to the extent a Debtor shows more liabilities than assets, it is not an admission that the Debtor was insolvent at the Petition Date or any time before the Petition Date.  For the avoidance of doubt, nothing contained in the Schedules and Statements is indicative of the Debtors' enterprise value.  The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.

(b)    **Confidential or Sensitive Information.**  There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to, among other things, the nature of an agreement between a Debtor and a third party, local restrictions on disclosure, concerns about the confidential or commercially sensitive nature of certain information (*e.g.* customer names and other information), or concerns for the privacy of an individual.  The alterations will be limited to only what is necessary to protect the Debtor or applicable

third party.  The Debtors may also be authorized or required to redact certain information from the public record pursuant to orders of the Court sealing or otherwise protecting such information from public disclosure.  All such redacted information shall be made available as directed by orders of the Court or to the individual customer or creditor scheduled, as applicable.

(c)     **Duplication.**  Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Statements and Schedules.  To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities, and prepetition payments once.

(d)     **Net Book Value.**  In certain instances, current market valuations for certain assets are neither maintained by, nor readily available to, the Debtors.  Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values.  Market values may vary, sometimes materially, from net book values.  The Debtors believe that it would be an inefficient use of estate assets for the Debtors to obtain the current market values of their property.  Accordingly, the Debtors have indicated in the Schedules and Statements that the values of certain assets and liabilities are undetermined or unknown.

Certain other assets, such as investments in subsidiaries and other intangible assets, are listed at undetermined amounts, as the net book values may differ materially from fair market values.  Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material.  Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein.  In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

In addition, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value.  The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset.  Given, among other things, the current market valuation of certain assets and the valuation and nature of certain liabilities, nothing in the Schedules and Statements shall be, or shall be deemed to be, an admission that any Debtor was solvent or insolvent as of the Petition Date.

(e)     **Property and Equipment.**  The Debtors' office property leases are set forth on Schedule G.  Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to same.

**(f)**    **Allocation of Liabilities.**  The Debtors, in consultation with their advisors, have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change.  The Debtors reserve the right to amend and/or supplement the Schedules and Statements as they deem appropriate in this regard.

**(g)**    **Undetermined Amounts.**  The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.

**(h)**    **Unliquidated Claim Amounts.**  Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

**(i)**    **Totals.**  All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

**(j)**    **Cryptocurrency.**  Cryptocurrency values presented utilize market prices as of 12:00 a.m. UTC on the Petition Date.  Changes in valuation relate to conversions, liquidations, collections received in kind and periodic mark to market adjustments.  Actual net realizable value may vary significantly.  The Debtors make no representations or admissions concerning the status of cryptocurrency as a "security" under any state, federal, or local domestic or international statute, including United States federal securities laws and reserve all rights to amend and/or supplement the Schedules and Statements as they deem appropriate in this regard.

**(k)**    **Paid Claims.**  Pursuant to certain orders of the Court entered in the Debtors' chapter 11 cases entered shortly after the Petition Date (collectively, the "First Day Orders") as well as other orders of the Court, the Debtors have authority to pay certain outstanding prepetition payables pursuant to bankruptcy or other court order; as such, outstanding liabilities may have been reduced by any court-approved postpetition payments made on prepetition payables.  Where and to the extent these liabilities have been satisfied, they are not listed in the Schedules and Statements, unless otherwise indicated.  Regardless of whether such claims are listed in the Schedules and Statements, to the extent the Debtors later pay any amount of the claims listed in the Schedules and Statements pursuant to any orders entered by the Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements or to take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payments for liabilities.  Nothing contained herein should be deemed to alter the rights of any party in interest to contest a payment made pursuant to an order of the Court where such order preserves the right to contest such payment.

(l)     **Intercompany Receivables and Payables.**  Receivables and payables among the Debtors and among the Debtors and their non-Debtor affiliates are reported on Schedule A/B and Schedule E/F, respectively, per the Debtors' books and records. Intercompany loan amounts scheduled may include accrued and unpaid interest. The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission or conclusion of the Debtors' regarding the allowance, classification, validity, or priority of such account or characterization of such balances as debt, equity, or otherwise.  For the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including with respect to the characterization of intercompany claims, loans, and notes.

(m)    **Guarantees and Other Secondary Liability Claims.**  The Debtors have exercised reasonable efforts to locate and identify guarantees in their executory contracts, unexpired leases, and other such agreements.   Where guarantees have been identified, they have been included in the relevant Schedules G and H for the affected Debtor or Debtors.   The Debtors may have inadvertently omitted guarantees embedded in their contractual agreements and may identify additional guarantees as they continue their review of their books and records and contractual agreements.  The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if additional guarantees are identified.

(n)     **Excluded Assets and Liabilities.**  The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including without limitation, accrued salaries and employee benefit accruals.  In addition and as set forth above, the Debtors may have excluded amounts for which the Debtors have paid or have been granted authority to pay pursuant to the First Day Orders or other order that may be entered by the Court.  Additionally, certain immaterial or *de minimis* assets and liabilities may have been excluded.

(o)     **Currency.**  Unless otherwise indicated, all amounts are reflected in U.S. dollars. The Debtors' methodology and assumptions regarding the calculation of the U.S. dollar-value of cryptocurrency holdings is set forth in greater detail in paragraph 4(l) of these Global Notes.

(p)     **Setoffs.**  The Debtors may incur certain setoffs and other similar rights during the ordinary course of business.  Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, warranties, and other disputes between the Debtors and their customers and/or suppliers.  These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately.  Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are excluded from the Schedules.

(q)     **Customer Account Adjustments.**  Any of the Debtors' customers who, as of the Petition Date, had cryptocurrency on the Voyager platform are listed in redacted

form on Schedule E/F, as noted in more detail below. A customer's cryptocurrency holdings listed in the Schedules may not accurately reflect such customer's cryptocurrency holdings as of the Petition Date due to certain ordinary course reconciliation practices that the Debtors were authorized to undergo pursuant to the *Order (I) Authorizing the Debtors to (a) Honor Withdrawals from the MC FBO Accounts, (b) Liquidate Cryptocurrency From Customer Accounts With a Negative Balance, (c) Sweep Cash Held in Third-Party Exchanges, (d) Conduct Ordinary Course Reconciliation of Customer Accounts, and (e) Continue Staking Cryptocurrency, and (II) Granting Related Relief* [Docket No. 247] (the "FBO Order"), entered by the Court on August 5, 2022. Specifically, pursuant to the FBO Order, the Court authorized, among other relief, the Debtors to conduct:

(i)     postpetition reconciliation of accounts that held a negative USD balance. Pursuant to the FBO Order, the Debtors liquidated cryptocurrency in customer accounts with a negative USD balance to cover the USD deficit ("Negative USD Balance Cryptocurrency Liquidation");

(ii)    postpetition cancellation of orders to buy or sell cryptocurrency that were stuck in a "held" status such that the Debtors were unable to previously determine whether an order was processed prior to undergoing a reconciliation. The Debtors have cancelled all outstanding orders to buy or sell cryptocurrency and have reconciled customer accounts and cryptocurrency portfolio balances to reflect the available coins and USD available; and

(iii)   postpetition reconciliation of cryptocurrency deposits that were "stuck" such that the Debtors were unable to previously determine that the deposits were received until undergoing a reconciliation. The Debtors have identified certain previously stuck cryptocurrency deposits and have updated customer cryptocurrency portfolio balances to accurately reflect such cryptocurrency deposits ("Reconciliation").

Details with respect to the above ordinary course reconciliation processes are provided in the *Debtors' Motion For An Order (I) Authorizing the Debtors to (a) Honor Withdrawals from the MC FBO Accounts, (b) Liquidate Cryptocurrency From Customer Accounts With a Negative Balance, (c) Sweep Cash Held in Third-Party Exchanges, (d) Conduct Ordinary Course Reconciliation of Customer Accounts, and (e) Continue Staking Cryptocurrency, and (II) Granting Related Relief* [Docket No. 73] (the "FBO Motion"). Certain customer cryptocurrency holdings listed on Schedule E/F have undergone these reconciliation processes and may differ from the holdings listed in individual accounts on the Voyager platform on the Petition Date. The Debtors believe that each of the foregoing reconciliatory practices authorized under the FBO Order is necessary to ensure that customer balances properly reflect all trading and transfer activity that took place prepetition so that customer accounts reflect correct and fully reconciled balances. If the Debtors receive information that additional customer claims should be adjusted to reflect a reconciliation in accordance with FBO Order, the Debtors will, as soon as

reasonably practicable, use commercially reasonable efforts to file an amendment to the Schedules.

**(r)** **Contingent Assets.** The Debtors believe that they may possess certain Claims and Causes of Action against various parties. Additionally, the Debtors may possess contingent claims in the form of various avoidance actions they could commence under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws. The Debtors, despite reasonable efforts, may not have identified and/or set forth all of their Causes of Action against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The Debtors reserve all of their rights with respect to any Claims, Causes of Action, or avoidance actions they may have and nothing contained in these Global Notes or the Schedules and Statements shall be deemed a waiver of any such claims, avoidance actions, or Causes of Action or in any way prejudice or impair the assertion of such claims. Additionally, prior to the Petition Date, each Debtor, as plaintiff, may have commenced various lawsuits in the ordinary course of its business against third parties seeking monetary damages.

**(s)** **Executory Contracts.** Although the Debtors made diligent efforts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so. Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G. The Debtors have excluded nondisclosure agreements entered into in connection with these chapter 11 cases to avoid any potential breach of such nondisclosure agreements.

**(t)** **Fiscal Year.** Each Debtor's fiscal year ends on or about June 30.

**(u)** **Claims of Third-Party Related Entities.** While the Debtors have made every effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations to same. Therefore, to the extent that the Debtors have classified their estimate of claims of a creditor as disputed, all claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered as disputed, whether or not they are designated as such.

**(v)** **Umbrella or Master Agreements.** Contracts listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors. Where relevant, such agreements have been listed in the Schedules and Statements only of the Debtor that signed the original umbrella or master agreement. The master service agreements have been listed in Schedule G, but do not reflect any decision by the Debtor as to whether or not such agreements are executory in nature.

11

(w) **Credits and Adjustments.**  The Claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may either (i) not reflect credits, allowances, or other adjustments due from such creditors to the Debtors or (ii) be net of accrued credits, allowances, or other adjustments that are actually owed by a creditor to the Debtors on a postpetition basis on account of such credits, allowances, or other adjustments earned from prepetition payments and vendor payments, if applicable. The Debtors reserve all of their rights with regard to such credits, allowances, or other adjustments, including, but not limited to, the right to modify the Schedules, assert claims objections and/or setoffs with respect to the same, or apply such allowances in the ordinary course of business on a post-petition basis.

(x) **Payments.**  The financial affairs and business of the Debtors are complex.  Prior to the Petition Date, the Debtors maintained a cash management and disbursement system in the ordinary course of their businesses, as described in the Cash Management Motion, as defined herein.  Although efforts have been made to attribute open payable amounts to the correct legal entity, the Debtors reserve the right to modify or amend their Schedules and Statements to attribute such payment to a different legal entity, if appropriate.

4. **Specific Schedules Disclosures.**

(a) **Schedule A/B, Questions 1 and 2 – Cash and Cash Equivalents; Cash on Hand.** Details with respect to the Debtors' cash management system and bank accounts are provided in the *Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief* (the "Cash Management Motion") and any orders of the Court granting the relief requested in the Cash Management Motion [Docket Nos. 53, 237].  The Debtors do not hold any physical cash.  Accordingly, cash on hand held as of the Petition Date is disclosed on Schedule A/B, Question 3 in connection with cash held in the Debtors' bank accounts.

(b) **Schedule A/B, Question 3 – Checking, Savings, Money Market, or Financial Brokerage Accounts.**  Amounts listed are as of the Petition Date for the corresponding Debtor and reflect the actual bank balance, not the net book value. For the avoidance of doubt, the bank accounts and cash balances set forth on Schedule A/B, Question 3 do not include cash held in the "for the benefit of" accounts ("FBO Accounts") maintained by Metropolitan Commercial Bank ("MC Bank"), as described in the Cash Management Motion and the FBO Motion. As discussed in the FBO Motion, the Debtors do not have a legal or equitable interest in the cash held in the FBO Accounts; such held funds are owned by the Debtors' customers.

(c)    **Schedule A/B, Question 4 – Other Cash Equivalents.**  Other cash equivalents set forth in Schedule A/B, Question 4 are comprised entirely of cash held in an unrestricted escrow account with respect to which Voyager Digital Ltd. is the sole beneficiary.  In July 2022, the Debtors clawed back all funds held in the escrow account disclosed in Schedule A/B, Question 4.

(d)    **Schedule A/B, Question 7 – Deposits.**  The Debtors are required to make deposits from time to time with various vendors and other service providers in the ordinary course of business.  The Debtors have exercised reasonable efforts to report the current value of any deposits.  The Debtors may have inadvertently omitted deposits and conversely may have reported deposits that are no longer outstanding.  The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if deposits are incorrectly identified.

(e)    **Schedule A/B, Question 8 – Prepayments.**  The Debtors are required to make prepayments from time to time on account of executory contracts, leases, insurance policies, taxes, and rent as part of the ordinary course of business.  The Debtors have exercised reasonable efforts to identify any prepayments.  The Debtors may have inadvertently omitted certain prepayments and conversely may have reported prepayments for which services have already been provided.  The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if prepayments are incorrectly identified.

(f)    **Schedule A/B, Question 15 – Non-Publicly Traded Stock.**  Ownership interests in subsidiaries, partnerships, and joint ventures have been listed in Schedule A/B, Question 15 as undetermined amounts on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.  Further, Voyager Digital Holdings, Inc.'s 50 percent beneficial ownership of VYGR Digital Securities, LLC is attributable to Voyager Digital Holdings, Inc.'s 50 percent stake in VYGR Holdings, LLC, the direct parent of VYGR Digital Securities, LLC.

(g)    **Schedule A/B, Question 55 – Real Property.**  The Debtors do not own any real property.  The Debtors' office property leases are set forth on Schedule G.

(h)    **Schedule A/B, Question 63 – Customer Lists, Mailing Lists, Other Compilations.**  Assets set forth in Schedule A/B, Question 63 include the net book value of the Debtors' relationships with Coinify and Circle customers.

(i)    **Schedule A/B, Question 64 – Other Intangibles or Intellectual Property.**  Assets set forth in Schedule A/B, Question 64 include the net book value of the brand and technology of the Debtors and their non-Debtor affiliates.

(j)    **Schedule A/B, Question 65 – Goodwill.**  All of the Debtors' goodwill was written off of the Debtors' balance sheet prior to the Petition Date.

(k)    **Schedule A/B, Question 71 – Notes Receivable.**  Notes receivable set forth in Schedule A/B, Question 71 include cryptocurrency assets loaned.  Current values

shown are equal to market value in USD as of the Petition Date, as indicated on the conversion chart in Schedule A/B, Question 77. All figures set forth in Schedule A/B, Question 71 are preliminary, unreviewed, and unaudited and subject to final adjustments following, *inter alia*, completion of quarterly and year-end close procedures. In addition, the balances set forth in Schedule A/B, Question 71 do not include $350 million of USDC and 15,250 BTC loaned to Three Arrows Capital. As of the time of filing the Schedules and Statements, all of the notes receivable set forth in Schedule A/B, Question 71, with the exception of the loans provided to Alameda Ventures Ltd. and Galaxy Digital, have been called.

(l)     **Schedule A/B, Question 72 – Tax Refunds and Unused Net Operating Losses (NOLs).** The Debtors current accounting entries remain subject to completion and review of tax compliance procedures and audit processes. Completed and audited accounting entries may indicate that net operating losses and general business credit carryforwards are available to offset taxable income or reduce the tax liability for the Debtors for the year ending on June 30, 2022. The Debtors hereby reserve their right to amend or supplement Schedule A/B, Question 72 upon completion and audit of tax compliance procedures and financial statements. The Debtors may have the ability to claim NOLs for subsequent years, but such amounts cannot be quantified at this time.

(m)     **Schedule A/B, Question 77 – Other property of any kind not already listed.** Schedule A/B, Question 77 lists the Debtors' cryptocurrency, or digital tokens, assets based on a publicly accessible blockchain. The current value shown is the market value in USD as of the Petition Date. All figures set forth in Schedule A/B, Question 77 are preliminary, unreviewed, and unaudited and are subject to final adjustments following, *inter alia*, completion of quarterly and year-end close procedures.

In calculating the fair market value as to the Debtors' cryptocurrency assets, the following table sets forth the rate of conversion to U.S. dollars based upon the type of cryptocurrency held as of 12:00 a.m. UTC on the Petition Date.

| Cryptocurrency | | Conversion Rate to USD as of 12:00 a.m. UTC on July 5, 2022 |
|---|---|---|
| AAVE | AAVE | $ 60.63 |
| ADA | Cardano | $ 0.46 |
| ALGO | Algorand | $ 0.31 |
| ALICE | MyNeighborAlice | $ 2.22 |
| AMP | Amp | $ 0.01 |
| ANKR | Ankr Protocol | $ 0.03 |
| APE | ApeCoin | $ 4.91 |
| ATOM | Cosmos | $ 8.91 |
| AUDIO | Audius | $ 0.33 |
| AVAX | Avalanche | $ 18.01 |
| AXS | Axie Infinity | $ 14.46 |

| Cryptocurrency | | Conversion Rate to USD as of 12:00 a.m. UTC on July 5, 2022 |
|---|---|---|
| BAND | Band Protocol | $ 1.32 |
| BAT | Basic Attention Token | $ 0.44 |
| BCH | Bitcoin Cash | $ 103.96 |
| BICO | Biconomy | $ 0.49 |
| BNT | Bancor | $ 0.49 |
| BTC | Bitcoin | $ 20,157.69 |
| BTT | BitTorrent | $ 0.00 |
| CAKE | Pancake Swap | $ 3.09 |
| CELO | Celo | $ 0.91 |
| CHZ | Chiliz | $ 0.10 |
| CKB | Nervos Network | $ 0.00 |
| COMP | Compound | $ 45.88 |
| CRV | Curve DAO Token | $ 0.96 |
| DAI | Multi Collateral Dai | $ 1.00 |
| DASH | Dash | $ 43.07 |
| DGB | DigiByte | $ 0.01 |
| DOGE | DogeCoin | $ 0.07 |
| DOT | Polkadot | $ 6.84 |
| DYDX | dYdX | $ 1.86 |
| EGLD | Elrond | $ 54.03 |
| ENJ | Enjin Coin | $ 0.54 |
| ENS | Ethereum Name Service | $ 9.30 |
| EOS | EOS | $ 0.97 |
| ETC | Ethereum Classic | $ 14.91 |
| ETH | Ethereum | $ 1,131.60 |
| FARM | Harvest Finance | $ 43.57 |
| FET | Fetch.ai | $ 0.07 |
| FIL | Filecoin | $ 5.48 |
| FLOW | Flow | $ 1.60 |
| FTM | Fantom | $ 0.26 |
| GALA | Gala | $ 0.05 |
| GLM | Golem | $ 0.24 |
| GRT | The Graph | $ 0.10 |
| HBAR | Hedera Hashgraph | $ 0.06 |
| ICP | Internet Computer | $ 5.51 |
| ICX | ICON | $ 0.29 |
| IOT | IOTA | $ 0.27 |
| JASMY | JASMYCoin | $ 0.01 |
| KAVA | Kava | $ 1.81 |
| KEEP | Keep Network | $ 0.18 |
| KNC | KNC Legacy | $ 1.37 |
| KSM | Kusama | $ 50.33 |
| LINK | Chainlink | $ 6.31 |

| Cryptocurrency | | Conversion Rate to USD as of 12:00 a.m. UTC on July 5, 2022 |
|---|---|---|
| LLUNA | Locked Terra 2.0 | $ 2.16 |
| LPT | Livepeer | $ 8.34 |
| LRC | Loopring | $ 0.41 |
| LTC | Litecoin | $ 49.68 |
| LUNA | Terra 2.0 | $ 2.16 |
| LUNC | Luna Classic | $ 0.00 |
| MANA | Decentraland | $ 0.87 |
| MATIC | Polygon | $ 0.51 |
| MKR | Maker | $ 931.18 |
| NEO | NEO | $ 8.38 |
| OCEAN | Ocean Protocol | $ 0.17 |
| OMG | OMG Network | $ 1.81 |
| ONT | Ontology | $ 0.23 |
| OP | Optimism | $ 0.52 |
| OXT | Orchid | $ 0.10 |
| PERP | Perpetual Protocol | $ 0.67 |
| POLY | Polymath | $ 0.19 |
| QNT | Quant | $ 59.64 |
| QTUM | Qtum | $ 2.82 |
| RAY | Raydium | $ 0.70 |
| REN | Ren | $ 0.12 |
| ROSE | Oasis Network | $ 0.05 |
| SAND | The Sandbox | $ 1.18 |
| SHIB | Shiba Inu | $ 0.00 |
| SKL | Skale Network | $ 0.05 |
| SOL | Solana | $ 35.36 |
| SPELL | Spell Token | $ 0.00 |
| SRM | Serum | $ 0.75 |
| STMX | StormX | $ 0.01 |
| SUSHI | SushiSwap | $ 1.09 |
| TRAC | Origin Trail | $ 0.19 |
| TRX | Tron | $ 0.07 |
| TUSD | TrueUSD | $ 1.00 |
| UMA | UMA | $ 2.63 |
| UNI | Uniswap | $ 5.30 |
| USDC | USD Coin | $ 1.00 |
| USDT | Tether | $ 1.00 |
| VET | VeChain | $ 0.02 |
| VGX | Voyager Token | $ 0.24 |
| WAVES | Waves | $ 5.26 |
| WBTC | Wrapped Bitcoin | $ 20,154.83 |
| XLM | Stellar Lumens | $ 0.11 |
| XMR | Monero | $ 122.39 |

| | Cryptocurrency | Conversion Rate to USD as of 12:00 a.m. UTC on July 5, 2022 |
|---|---|---|
| XRP | Ripple | $ 0.33 |
| XTZ | Tezos | $ 1.47 |
| XVG | Verge | $ 0.00 |
| YFI | Yearn.Finance | $ 6,141.38 |
| YFII | DFI.Money | $ 951.66 |
| YGG | Yield Guild Games | $ 0.68 |
| ZEC | Zcash | $ 57.07 |
| ZEN | Horizen | $ 14.58 |
| ZRX | 0x | $ 0.30 |

**(n)**    **Schedule D – Creditors Who Have Claims Secured by Property.**  As of the date hereof, the Debtors are unaware of any secured claims asserted against the Debtors. Nonetheless, except as otherwise agreed pursuant to a stipulation, or agreed order, or general order entered by the Court that is or becomes final, the Debtors and their estates reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to any creditor of any Debtor.  The Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's Claim.

The Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.

**(o)**    **Schedule E/F – Creditors Who Have Unsecured Claims.**  The listing of any Claim on Schedule E/F does not constitute an admission by the Debtors that such Claim or any portion thereof is entitled to priority treatment under section 507 of the Bankruptcy Code.  The Debtors reserve all of their rights to dispute the amount and/or the priority status of any Claim on any basis at any time.

*Part 1 - Creditors with Priority Unsecured Claims.*  Pursuant to the *Final Order (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief* [Docket No. 235] (the "Taxes Order"), the Court granted the Debtors authority to pay, in their sole discretion, certain tax liabilities and regulatory fees, including certain business licensing fees, that accrued prepetition.  Accordingly, any unsecured priority claims based upon prepetition tax accruals that have been paid pursuant to the Taxes Order are not listed in Schedule E.

Furthermore, pursuant to the *Final Order Authorizing the Debtors to (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs and (II) Continue Employee Benefits Programs* [Docket No. 233] (the "Wages Order"), the Court granted the Debtors authority to pay or honor certain prepetition obligations for employee wages, salaries, and other compensation, reimbursable employee expenses, and employee medical and similar

benefits, in the ordinary course of business. The Debtors believe that all such Claims have been, or will be, satisfied in the ordinary course during their chapter 11 cases pursuant to the authority granted in the Wages Order, and such satisfied amounts are set forth on Schedule E.

The listing of a claim on Schedule E/F, Part 1 does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority status.

***Part 2 - Creditors with Nonpriority Unsecured Claims.*** The liabilities identified in Schedule E/F, Part 2 are derived from the Debtors' books and records. The Debtors made a reasonable attempt to set forth their unsecured obligations, although the actual amount of Claims against the Debtors may vary from those liabilities represented on Schedule E/F, Part 2. The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed Claims or the correct amount of all unsecured Claims. Certain creditors listed on Schedule E/F may owe amounts to the Debtors and, as such, the Debtors may have valid setoff or recoupment rights with respect to such amounts. The amounts listed on Schedule E/F do not reflect any such right of setoff or recoupment and the Debtors reserve all rights to assert any such setoff or recoupment rights.

Trade payables listed on Schedule E/F, Part 2 contain the prepetition liability information available to the Debtors as of the Petition Date and include, among other vendor claims and trade payables, invoices that were paid subsequent to the Petition Date related to prepetition obligations pursuant to the *Order (I) Authorizing the Debtors to Pay Prepetition Corporate Card Expenses and (II) Granting Related Relief* [Docket No. 138].

Schedule E/F, Part 2 contains information regarding threatened or pending litigation involving the Debtors. The amounts for these potential claims are listed as "undetermined" and are marked as contingent, unliquidated, and disputed in the Schedules and Statements. In certain instances, the date on which a litigation claim arose is an open issue of fact. Determining the date upon which each claim in Schedule E/F, Part 2 was incurred or arose would be unduly burdensome and prohibitively costly and, therefore, the Debtors do not list a date for each claim listed on Schedule E/F, Part 2.

As discussed above, certain customer cryptocurrency holdings listed on Schedule F have undergone reconciliation processes and may differ from the holdings listed in individual accounts on the Petition Date. Those customer cryptocurrency accounts that have undergone Reconciliation are denoted with one (1) asterisk (*). Those customer cryptocurrency accounts that have undergone Negative USD Balance Cryptocurrency Liquidation are denoted with two (2) asterisks (**). If the Debtors receive information that additional customer cryptocurrency accounts should be adjusted to reflect reconciliation undertaken in accordance with the FBO Order, the Debtors will, as soon as reasonably practicable, use commercially reasonable efforts to file an amendment to Schedule E/F, Part 2.

18

Schedule E/F, Part 2 reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease. In addition, Schedule E/F, Part 2 does not include rejection damage claims, to the extent such damage claims exist, of the counterparties to the executory contracts and unexpired leases that have been or may be rejected.

Schedule E/F, Part 2 does not include certain deferred credits, deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, such amounts are reflected on the Debtors' books and records as required in accordance with GAAP or IFRS.

The claims of individual creditors for, among other things, goods, services, or taxes listed on the Debtors' books and records may not reflect credits or allowances due from such creditors. The Debtors reserve all of their rights in respect of such credits or allowances. The dollar amounts listed may be exclusive of contingent or unliquidated amounts.

(p)    **Schedule G – Executory Contracts and Unexpired Leases.** While reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. Additionally, in certain instances, executory contracts and unexpired leases may be omitted due to their confidential nature but can be made available to the U.S. Trustee on a confidential basis. Additionally, relationships between the Debtors and their vendors are often governed by a master services agreement, under which vendors also place work and purchase orders, which may be considered executory contracts. Disclosure of these purchase and work orders, however, is impracticable and unduly burdensome. Accordingly, to the extent the Debtors have determined to disclose non-confidential master services agreements in Schedule G, purchase and work orders placed thereunder have been omitted.

Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as supplemental agreements and letter agreement, which documents may not be set forth in Schedule G.

The Debtors reserve all rights to dispute or challenge the characterization of any transaction or any document or instrument related to a creditor's claim.

In some cases, the same supplier or provider may appear multiple times in Schedule G.  Multiple listings, if any, reflect distinct agreements between the applicable Debtor and such supplier or provider.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract.  The Debtors reserve the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease.  The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

(q)     **Schedule H – Co-Debtors**.  In the ordinary course of their business, the Debtors pay certain expenses on behalf of their subsidiaries.  The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, debt instruments, and other agreements.  Further, certain of the guarantees reflected on Schedule H may have expired or may no longer be enforceable.  Thus, the Debtors reserve their rights to amend Schedule H to the extent that additional guarantees are identified or such guarantees are discovered to have expired or become unenforceable.

In the ordinary course of their business, the Debtors may be involved in pending or threatened litigation and claims arising out of certain ordinary course of business transactions.  These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties.  Because such claims are contingent, disputed, and/or unliquidated, such claims have not been set forth individually on Schedule H.  However, some such claims may be listed elsewhere in the Schedules and Statements.

Due to their voluminous nature, and to avoid unnecessary duplication, the Debtors have excluded debts that more than one Debtor may be liable for on Schedule H because such debts are otherwise reflected on Schedules D, E/F, or G for each Debtor.

5.     **Specific Statements Disclosures.**

(a)     **Statement Question 1 – Gross Revenue.**   The Debtors have provided gross revenue figures for Debtors Voyager Digital Holdings, Inc. and Voyager Digital, LLC for July 1, 2019, through June 30, 2020; July 1, 2020, through June 30, 2021; and July 1, 2021, through the Petition Date.   Debtor Voyager Digital Ltd. has no gross revenue.

(b)     **Statement Questions 3 and 4 – Payments to Certain Creditors.**   Prior to the Petition Date, the Debtors maintained a centralized cash management system through which the Debtors affiliates made certain payments on behalf of other entities, as described in the Cash Management Motion.   Consequently, all payments to creditors and insiders listed in response to Statement Questions 3 and 4 on each of the Debtors' Statements reflect payments made by the Debtors from operating bank accounts, on behalf of the corresponding Debtor, pursuant to the Debtors' cash management system described in the Cash Management Motion.   Payments listed on Statement Question 4 were made by Debtor Voyager Digital Holdings, Inc. and are, therefore, listed on Debtor Voyager Digital Holdings, Inc.'s Statements.   Certain payments listed on Statement Question 3 were denominated in cryptocurrency as these payments were provided to the respective creditor in cryptocurrency.   For the avoidance of doubt, any payments made in connection with the Debtors' bankruptcy within the 12-month period prior to the Petition Date are disclosed in response to Statement Question 11 and therefore are not listed in response to Statement Question 3.   Further, any payments made to an "insider" within the 12-month period prior to the Petition Date are disclosed in response to Statement Question 4 and therefore are not listed in response to Statement Question 3.

The Debtors have responded to Statement Questions 4 and 30 in detailed format by insider in the attachment for Statement Question 4.   To the extent:  (i) a person qualified as an "insider" in the year prior to the Petition Date but later resigned their insider status or (ii) did not begin the year as an "insider" but later became an "insider," the Debtors have listed in response to Statement Question 4 all payments made during the applicable 12-month period, irrespective of when such person was defined as an "insider."

As discussed above, the inclusion of a party as an "insider" is not intended to be, nor should be, construed as a legal characterization of such party as an "insider" and does not act as an admission of any fact, Claim, right, or defense, and any such rights, Claims, and defenses are hereby expressly reserved.

(c)     **Statement Question 7 – Legal Actions.**   The Debtors have included certain known state regulatory and civil actions and against the Debtors.   The Debtors are not aware of any pending workers' compensation claims.   However, if any workers' compensation claims become known, the Debtors maintain that disclosing such claims would violate certain laws, including the Health Insurance Portability and Accountability Act of 1996.

(d)     **Statement Question 11 – Payments Made Related to Bankruptcy.** All payments for services of any entities that provided consultation concerning debt restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date were made by Debtor Voyager Digital Holdings, Inc. (for the benefit of all Debtors) and are, therefore, listed on Debtor Voyager Digital Holdings, Inc.'s Statements. For the avoidance of doubt, Fasken Martineau DuMoulin, LLP and Alvarez & Marsal Canada Inc. were retained as legal counsel and information officer, respectively, in connection with the Debtors' proceeding commenced pursuant to Part IV of the Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36 in the Ontario Superior Court of Justice (Commercial List). Additional information regarding the Debtors' retention of professional service firms is more fully described in the individual retention applications for those professionals and related orders. Although the Debtors have made reasonable efforts to distinguish between payments made for professional services related and unrelated to their restructuring efforts, some amounts listed in response to Statement Question 11 may include payments for professional services unrelated to bankruptcy.

(e)     **Statement Question 18 – Closed Financial Accounts.** Within the year before the Petition Date, the Debtors did not have any closed financial accounts. As described in the Cash Management Motion, as of the Petition Date, Debtor Voyager Digital, LLC maintained a master operating account and an exchange network account at Silvergate Bank. On July 8, 2022, Silvergate Bank closed each of these accounts.

(f)     **Statement Question 20 – Off-Premises Storage.** The Debtors do not have any physical off-premise storage. However, the Debtors utilize several cloud storage service providers to house the Debtors' information. These vendor contracts are included in Schedule G. The Debtors reserve all of their rights to amend and/or supplement Schedule G as may be necessary or appropriate.

(g)     **Statement Question 21 – Property Held for Another.** The Debtors have excluded cash held in the FBO Accounts maintained by MC Bank in the data set forth in the Debtors' response to Statement Question 21.

(h)     **Statement Question 26 – Books, Records, and Financial Statements.** Pursuant to the requirements of National Instrument 51-102 – *Continuous Disclosure Obligations*, the Debtors filed with the Ontario Securities Commission and the securities regulatory authorities in each of the other provinces and territories of Canada audited financial statements on an annual basis and unaudited financial statements on a quarterly basis. These filings contain consolidated financial information relating to the Debtors and non-Debtors. The Debtors have not filed any financial information specifically related to the Debtors either individually or on a combined or consolidated basis. Additionally, financial information for the Debtors is available through the company's website at https://www.investvoyager.com/investorrelations/overview/. In addition, the Debtors provide certain parties, such as banks, auditors, potential investors, vendors, and financial advisors, with financial statements that may not be part of a

public filing.  The Debtors do not maintain complete lists or other records tracking such disclosures.  As such, the Debtors have not provided lists of these parties in their response to this Statement.

(i)    **Statement Question 30 – Payments, Distributions, or Withdrawals Credited or Given to Insiders.**  Distributions by the Debtors to their directors and officers are listed on the attachment to Statement Question 4.  Certain directors and executive officers of Debtor Voyager Digital Holdings, Inc. are also directors and executive officers of certain of the other Debtors and non-Debtor affiliates.  Such individuals are only compensated for services rendered to the Debtors on a consolidated basis, so to the extent payments to such individuals are not listed in the response to Statement Question 4 on the Statements for such Debtor affiliates, they did not receive payment from the Debtors for their services as directors or executive officers of these entities.

*        *        *        *        *

| Fill in this information to identify the case: |
|---|
| **Debtor name: Voyager Digital Holdings, Inc.** |
| **United States Bankruptcy Court for the: Southern District of New York** |
| **Case number: 22-10943** |

☐ Check if this is an amended filing

Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

**1. Schedule A/B: Assets - Real and Personal Property** (Official Form 206A/B)

1a. **Real property:**                                                                                                           $0.00
    Copy line 88 from Schedule A/B

1b. **Total personal property:**                                                                                    $80,984,490.34
    Copy line 91A from Schedule A/B

1c. **Total of all property:**                                                                                         $80,984,490.34
    Copy line 92 from Schedule A/B

**2. Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)                  $0.00
Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D

**3. Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

3a. **Total claim amounts of priority unsecured claims:**                                                       $0.00
    Copy the total claims from Part 1 from line 5a of Schedule E/F

3b. **Total amount of claims of nonpriority amount of unsecured claims:**                      $110,054,353.61
    Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F

**4. Total Liabilities**                                                                                              $110,054,353.61
Lines 2 + 3a + 3b

**Fill in this information to identify the case:**

Debtor name: Voyager Digital Holdings, Inc.

United States Bankruptcy Court for the: Southern District of New York

Case number: 22-10943

☐ Check if this is an amended filing

## Official Form 206A/B

## Schedule A/B: Assets — Real and Personal Property 12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1: Cash and Cash Equivalents

**1. Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.

☑ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

**2. Cash on hand**

| 2.1 | | | |
|---|---|---|---|
| None | | | $0.00 |

**3. Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account # | |
|---|---|---|---|
| 3.1 | | | |
| Metropolitan Commercial Bank | Operating Account | 0238 | $1,741,235.99 |
| 3.2 | | | |
| Signature Bank | Dormant Account | 1609 | $310.10 |

**4. Other cash equivalents** *(Identify all)*

| 4.1 | | | |
|---|---|---|---|
| None | | | $0.00 |

**5. Total of Part 1**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| $1,741,546.09 |
|---|

**Part 2:**    **Deposits and prepayments**

**6. Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.

☑ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|
| **7. Deposits, including security deposits and utility deposits**<br>Description, including name of holder of deposit | |
| 7.1  Rent Deposit - WeWork | $20,545.00 |
| **8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**<br>Description, including name of holder of prepayment | |
| 8.1  Prepaid Dues & Subscriptions - Deloitte & Touche LLP | $100.58 |
| 8.2  Prepaid Professional Fees - Segment.IO, Inc. | $21,992.63 |
| 8.3  Prepaid Retainers - Lowenstein Sandler LLP | $100,000.00 |
| 8.4  Prepaid Retainers - Pickwick Capital Partners, LLC | $300,000.00 |
| 8.5  Prepaid Software & Tools - Oracle America, Inc. | $14,011.66 |

**9. Total of Part 2**

Add lines 7 through 8. Copy the total to line 81.

| | $456,649.87 |
|---|---|

**Part 3:**    **Accounts receivable**

**10. Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.

☑ Yes. Fill in the information below.

| | | | | Current value of debtor's interest |
|---|---|---|---|---|
| **11. Accounts receivable** | | | | |
| 11a.  90 days old or less: | $77,281.20 − | $0.00 | = ........ ➜ | $77,281.20 |
| | face amount | doubtful or uncollectible accounts | | |
| 11b.  Over 90 days old: | − | | = ........ ➜ | $0.00 |
| | face amount | doubtful or uncollectible accounts | | |

**12. Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.

| | $77,281.20 |
|---|---|

## Part 4:    Investments

**13. Does the debtor own any investments?**

☐ No. Go to Part 5.

☑ Yes. Fill in the information below.

| | | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**14. Mutual funds or publicly traded stocks not included in Part 1**
Name of fund or stock:

| 14.1 | | | |
|---|---|---|---|
| | None | | $0.00 |

**15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**
Name of entity:                                    % of ownership:

| 15.1 | | | | |
|---|---|---|---|---|
| | See Schedule A/B 15 Attachment | Various | N/A | Undetermined |

**16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
Describe:

| 16.1 | | | |
|---|---|---|---|
| | None | | $0.00 |

**17. Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.

| $0.00 |
|---|

## Part 5:    Inventory, excluding agriculture assets

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| 19.1 | | | | $0.00 |
| **20. Work in progress** | | | | |
| 20.1 | | | | $0.00 |
| **21. Finished goods, including goods held for resale** | | | | |
| 21.1 | | | | $0.00 |
| **22. Other inventory or supplies** | | | | |
| 22.1 | | | | $0.00 |

**23. Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.

| | $0.00 |
|---|---|

**24. Is any of the property listed in Part 5 perishable?**

☐ No

☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes      Book value _____      Valuation method _____      Current value _____

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No

☐ Yes

| **Part 6:** | **Farming and fishing-related assets (other than titled motor vehicles and land)** |
|---|---|

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | | | |
| 28.1 _____ | _____ | _____ | _____ $0.00 |
| **29. Farm animals** *Examples:* Livestock, poultry, farm-raised fish | | | |
| 29.1 _____ | _____ | _____ | _____ $0.00 |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| 30.1 _____ | _____ | _____ | _____ $0.00 |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| 31.1 _____ | _____ | _____ | _____ $0.00 |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |
| 32.1 _____ | _____ | _____ | _____ $0.00 |

**33. Total of Part 6**

Add lines 28 through 32. Copy the total to line 85.

| | $0.00 |
|---|---|

**34. Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

  ☐ No

  ☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes     Book value _____     Valuation method _____     Current value _____

**36. Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 7:**    Office furniture, fixtures, and equipment; and collectibles

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39. Office furniture** | | | |
| 39.1 _____ | _____ | _____ | $0.00 |
| **40. Office fixtures** | | | |
| 40.1 _____ | _____ | _____ | $0.00 |
| **41. Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 41.1 _____ | _____ | _____ | $0.00 |
| **42. Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 _____ | _____ | _____ | $0.00 |

**43. Total of Part 7**

Add lines 39 through 42. Copy the total to line 86.

| $0.00 |
|---|

**44. Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 8:** **Machinery, equipment, and vehicles**

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 | | | $0.00 |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1 | | | $0.00 |
| **49. Aircraft and accessories** | | | |
| 49.1 | | | $0.00 |
| **50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| 50.1 | | | $0.00 |

**51. Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

$0.00

**52. Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 9:** **Real Property**

**54. Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 | | | | $0.00 |

**56. Total of Part 9.**

Add the current value of all lines in question 55 and entries from any additional sheets. Copy the total to line 88.

$0.00

**57. Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No

☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

| Part 10: | Intangibles and intellectual property |
|---|---|

**59. Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.

☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.1 None | | | $0.00 |
| **61. Internet domain names and websites** | | | |
| 61.1 cryptotrading-tech.com | N/A | N/A | Undetermined |
| 61.2 cryptotradinginc.com | N/A | N/A | Undetermined |
| 61.3 htctrading.org | N/A | N/A | Undetermined |
| 61.4 investvoyager.com | N/A | N/A | Undetermined |
| 61.5 shopvoyager.com | N/A | N/A | Undetermined |
| 61.6 vgxtoken.com | N/A | N/A | Undetermined |
| 61.7 voyager-pay.com | N/A | N/A | Undetermined |
| 61.8 voyagerpayment.com | N/A | N/A | Undetermined |
| **62. Licenses, franchises, and royalties** | | | |
| 62.1 None | | | $0.00 |
| **63. Customer lists, mailing lists, or other compilations** | | | |
| 63.1 None | | | $0.00 |
| **64. Other intangibles, or intellectual property** | | | |
| 64.1 None | | | $0.00 |

**65. Goodwill**

65.1

None                                                                    $0.00

**66. Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

| Undetermined |
|---|

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☑ No

☐ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☑ No

☐ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No

☐ Yes

---

**Part 11:    All other assets**

---

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☑ No. Go to Part 12.

☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**71. Notes receivable**
Description (include name of obligor)

71.1

| Intercompany Receivable - Term Loan | $75,528,875.00 | N/A | = ➔ | $75,528,875.00 |
|---|---|---|---|---|
| | total face amount | doubtful or uncollectible amount | | |

71.2

| Notes Receivable VYGR | $250,000.00 | N/A | = ➔ | $250,000.00 |
|---|---|---|---|---|
| | total face amount | doubtful or uncollectible amount | | |

**72. Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

72.1

| Tax Receivable | Tax year | 2022 | $18,991.05 |
|---|---|---|---|

**73. Interests in insurance policies or annuities**

73.1

None                                                                    $0.00

**74. Causes of action against third parties (whether or not a lawsuit has been filed)**

74.1

None                                                                    $0.00

Nature of Claim

Amount requested

**75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

75.1

| None | $0.00 |

Nature of Claim

Amount requested

**76. Trusts, equitable or future interests in property**

76.1

| None | $0.00 |

**77. Other property of any kind not already listed** *Examples:* Season tickets, country club membership

77.1

| Intercompany Receivable - Voyager Digital LLC | $138,079.02 |

77.2

| Intercompany Receivable - VOYAGER DIGITAL NY LLC | $221,589.74 |

77.3

| Intercompany Receivable - VYGR Digital Securities, LLC | $168,750.00 |

77.4

| Intercompany Receivable - VYGR Holding, LLC | $729,927.86 |

77.5

| Investments - Other | $1,652,800.51 |

**78. Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.

| $78,709,013.18 |

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No

☐ Yes

**Part 12:** **Summary**

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| **80. Cash, cash equivalents, and financial assets.** Copy line 5, Part 1. | $1,741,546.09 | |
| **81. Deposits and prepayments.** Copy line 9, Part 2. | $456,649.87 | |
| **82. Accounts receivable.** Copy line 12, Part 3. | $77,281.20 | |
| **83. Investments.** Copy line 17, Part 4. | $0.00 | |
| **84. Inventory.** Copy line 23, Part 5. | $0.00 | |
| **85. Farming and fishing-related assets.** Copy line 33, Part 6. | $0.00 | |
| **86. Office furniture, fixtures, and equipment; and collectibles.** Copy line 43, Part 7. | $0.00 | |
| **87. Machinery, equipment, and vehicles.** Copy line 51, Part 8. | $0.00 | |
| **88. Real property.** Copy line 56, Part 9. | → | $0.00 |
| **89. Intangibles and intellectual property.** Copy line 66, Part 10. | Undetermined | |
| **90. All other assets.** Copy line 78, Part 11. | $78,709,013.18 | |
| **91. Total.** Add lines 80 through 90 for each column        91a. | $80,984,490.34 | 91b. $0.00 |
| **92. Total of all property on Schedule A/B.** Lines 91a + 91b = 92. | | $80,984,490.34 |

**SCHEDULE A/B 5 ATTACHMENT**

Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses

| Name of Entity | % of Ownership | Valuation Method | Current Value |
|---|---|---|---|
| Alto Solutions, Inc. | <1% | N/A | Undetermined |
| Ayers Socure II LLC | <1% | N/A | Undetermined |
| Ayers Socure III LLC | <1% | N/A | Undetermined |
| Blockdaemon Inc. | <1% | N/A | Undetermined |
| Coin Ledger, Inc | 0.6% | N/A | Undetermined |
| Figment Inc. | <1% | N/A | Undetermined |
| Fundstrat | 4.0% | N/A | Undetermined |
| Milo Holdings, Inc. | <1% | N/A | Undetermined |
| Talos Trading, Inc | <1% | N/A | Undetermined |
| USIO, Inc. | <1% | N/A | Undetermined |
| Voyager Digital LLC | 100.0% | N/A | Undetermined |
| VYGR Digital Securities, LLC | 50.0% | N/A | Undetermined |
| VYGR Holding, LLC | 50.0% | N/A | Undetermined |
| VYGR Management LLC | 50.0% | N/A | Undetermined |

Total   Undetermined

**Fill in this information to identify the case:**

Debtor name: Voyager Digital Holdings, Inc.

United States Bankruptcy Court for the: Southern District of New York

Case number: 22-10943

☐ Check if this is an amended filing

## Official Form 206D
## Schedule D: Creditors Who Have Claims Secured by Property

Be as complete and accurate as possible.

**Part 1:** **List Creditors Who Have Claims Secured by Property**

**1. Do any creditors have claims secured by debtor's property?**

☑ No. Check this box and submit page 1 of this form to the court with debtor`s other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in the information below.

**2. List creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | *Column A* **Amount of Claim** Do not deduct the value of collateral. | *Column B* **Value of collateral that supports this claim** |
|---|---|---|---|
| 2.1 | **Describe debtor's property that is subject to the lien:** | $0.00 | |
| **Date debt was incurred?** | **Describe the lien** | | |
| **Last 4 digits of account number** | **Is the creditor an insider or related party?** ☐ No ☐ Yes | | |
| **Do multiple creditors have an interest in the same property?** ☐ No ☐ Yes. Specify each creditor, including this creditor, and its relative priority. | **Is anyone else liable on this claim?** ☐ No ☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H) | | |
| | **As of the petition filing date, the claim is:** Check all that apply. ☐ Contingent ☐ Unliquidated ☐ Disputed | | |

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**                      $0.00

**Part 2:**   List Others to Be Notified for a Debt That You Already Listed

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| 3.1 | | |

| Fill in this information to identify the case: |
| --- |
| Debtor name: **Voyager Digital Holdings, Inc.** |
| United States Bankruptcy Court for the: **Southern District of New York** |
| Case number: **22-10943** |

☐ Check if this is an amended filing

## Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:    List All Creditors with PRIORITY Unsecured Claims**

**1. Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☑ No. Go to Part 2.

☐ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  | Total claim | Priority amount |
| --- | --- | --- |

2.1

_____

**Date or dates debt was incurred**

_____

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**

11 U.S.C. § 507(a) (__)

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

_____

**Is the claim subject to offset?**

☐ No

☐ Yes

Total claim: _____    Priority amount: $0.00

**Part 2:**    List All Creditors with NONPRIORITY Unsecured Claims

**3. List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | Amount of claim |
|---|---|

3.1

See Schedule F Attachment

**Date or dates debt was incurred**
Various

As of the petition filing date, the claim is:    $110,054,353.61
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
Various

**Is the claim subject to offset?**

☐ No

☐ Yes

**Part 3:**    List Others to Be Notified About Unsecured Claims

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| 4.1 | Line | |
| | ☐ Not listed. Explain | |

**Part 4:**    Total Amounts of the Priority and Nonpriority Unsecured Claims

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | Total of claim amounts |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | $0.00 |
| 5b. **Total claims from Part 2** | 5b. | $110,054,353.61 |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $110,054,353.61 |

SCHEDULE E ATTACHMENT
Non-Customer Creditors Holding Unsecured Priority Unsecured Claims

| ID | Creditor's Name | Address 1 | Address 2 | City | State | ZIP | Country | Date Incurred | Last 4 Digits of Account # | Basis for Claim | Contingent | Unliquidated | Disputed | Is the Claim Subject to Offset? (Yes/No) | Total Claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3.001 | Alameda Ventures Ltd | F20 1st Floor, Eden Plaza | | Eden Island | | | Seychelles | 6/21/2022 | N/A | Loan - Crypto Assets Borrowed | X | X | X | No | $75,125,000.00 |
| 3.002 | BPM LLP | 2001 North Main Street | Suite 360 | Walnut Creek | CA | 94596 | United States | Various Dates | N/A | Various, Trade Payable | X | X | X | No | $750.00 |
| 3.003 | Brex Credit Card | 12832 Frontrunner Blvd | Suite 500 | Draper | UT | 84020 | United States | 7/5/2022 | N/A | Credit Card Claim | | | | No | $75,486.93 |
| 3.004 | Commonwealth of Kentucky, Department of Financial Institutions vs. Voyager Digital LLC, et al. | 500 Metro Street | | Frankfort | KY | 40601 | United States | 3/29/2022 | N/A | Litigation Claim | X | X | X | No | Undetermined |
| 3.005 | Securities Commissioner of South Carolina vs. Voyager Digital LLC, et al. | P.O Box 11549 | | Columbia | SC | 29211 | United States | 4/6/2022 | N/A | Litigation Claim | X | X | X | No | Undetermined |
| 3.006 | State of Alabama Securities Commission vs. Voyager Digital LLC, et al. | 445 Dexter Avenue, Suite 12000 | | Montgomery | AL | 36104 | United States | 3/29/2022 | N/A | Litigation Claim | X | X | X | No | Undetermined |
| 3.007 | State of California Business, Consumer Services And Housing Agency, Department of Financial Protection And Innovation vs. Voyager Digital LLC, et al. | 2101 Arena Boulevard | | Sacramento | CA | 95834 | United States | 6/3/2022 | N/A | Litigation Claim | X | X | X | No | Undetermined |
| 3.008 | State of Indiana, Office of The Secretary of State, Securities Division vs. Voyager Digital LLC, et al. | 302 W Washington St, 5th Floor | | Indianapolis | IN | 46204 | United States | Undetermined | N/A | Litigation Claim | X | X | X | No | Undetermined |
| 3.009 | State of New Jersey Bureau of Securities vs. Voyager Digital LLC, et al. | P.O. Box 47029 | | Newark | NJ | 07101 | United States | 3/29/2022 | N/A | Litigation Claim | X | X | X | No | Undetermined |
| 3.010 | State of Oklahoma Department of Securities vs. Voyager Digital LLC, et al. | 204 North Robinson, Suite 400 | | Oklahoma City | OK | 73102 | United States | 3/29/2022 | N/A | Litigation Claim | X | X | X | No | Undetermined |
| 3.011 | State of Vermont Department of Financial Regulation vs. Voyager Digital LLC, et al. | 89 Main Street | | Montpelier | VT | 05620 | United States | 3/29/2022 | N/A | Litigation Claim | X | X | X | No | Undetermined |
| 3.012 | SweatCo Ltd | 107 Cheapside | 9th Floor | London | 0 | EC2V 6DN | United Kingdom | Various Dates | N/A | Various, Trade Payable | X | X | X | No | $28,420.00 |
| 3.013 | Texas State Securities Board vs. Voyager Digital LLC, et al. | 208 E. 10th Street, 5th Floor | | Austin | TX | 78701 | United States | 4/12/2022 | N/A | Litigation Claim | X | X | X | No | Undetermined |
| 3.014 | Troutman Pepper Hamilton Sanders LLP | 222 Central Park Avenue | Suite 2000 | Virginia Beach | VA | 23462 | United States | Various Dates | N/A | Various, Trade Payable | X | X | X | No | $71,540.00 |
| 3.015 | Vijay Kumar B | Door No.14, 1st Floor, 7th Cross | Anjanapura Main Road,New Bank Colony, Pai Layout | Bangalore | Karnataka | 560062 | India | Various Dates | N/A | Various, Trade Payable | X | X | X | No | $16,249.98 |
| 3.016 | Voyager Digital LLC | 33 Irving Place | 3rd Floor | New York | NY | 10003 | United States | Various Dates | N/A | Intercompany | | | | No | $26,274,919.31 |
| 3.018 | Voyager Digital Ltd. | 33 Irving Place | 3rd Floor | New York | NY | 10003 | United States | Various Dates | N/A | Intercompany | | | | No | $2,132,044.79 |
| 3.017 | Voyager Digital Ltd. | 33 Irving Place | 3rd Floor | New York | NY | 10003 | United States | 10/1/2021 | N/A | Intercompany | | | | No | $6,329,942.60 |

TOTAL: **$110,054,353.61**

---

**Fill in this information to identify the case:**

Debtor name: Voyager Digital Holdings, Inc.

United States Bankruptcy Court for the: Southern District of New York

Case number: 22-10943

☐ Check if this is an amended filing

---

Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**Schedule G:** Executory Contracts and Unexpired Leases

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|

2.1   **State what the contract or lease is for and the nature of the debtor's interest**     See Schedule G Attachment

      **State the term remaining**

      **List the contract number of any government contract**

**SCHEDULE G ATTACHMENT**
Executory Contracts and Unexpired Leases

| Description of Contract or Lease | Remainder of Term (Days) | Contract ID | Notice Party's Name | Address 1 | Address 2 | Address 3 | City | State | ZIP | Country |
|---|---|---|---|---|---|---|---|---|---|---|
| New Subscription | 317 | Unknown | 15Five | Dept LA 25012 | | | Pasadena | CA | 91185 | United States |
| Statement of Work for Master Services Agreement | 941 | Unknown | A-LIGN Compliance and Security, Inc., d/b/a A-LIGN | 400 N Ashley Drive | Suite 1325 | | Tampa | FL | 33602 | United States |
| Engagement Agreement | N/A | Unknown | Bates Group LLC (f.k.a. CorCom) | 5005 Meadows Road | Suite 300 | | Lake Oswego | OR | 97305 | United States |
| Engagement for Legal Services | N/A | Unknown | Behmer & Blackford LLP | 12526 High Bluff Drive | Suite 300 | | San Diego | CA | 92130 | United States |
| Order Form | N/A | Unknown | Blockdaemon Inc. | 6060 Center Drive | 10th Floor | | Los Angeles | CA | 90045 | United States |
| Validator Agreement | N/A | Unknown | Blockdaemon Limited | 6060 Center Drive | 10th Floor | | Los Angeles | CA | 90045 | United States |
| Insertion Order | N/A | Unknown | BTC Media, LLC | 438 Houston St. | Office 257 | | Nashville | TN | 37203 | United States |
| Consulting Agreement | N/A | Unknown | Charles Shrem | 536 North Spoonbill Drive | | | Sarasota | FL | 34236 | United States |
| Recruiting Master Services Agreement | N/A | Unknown | Cirrus Group Consulting, Inc. | 4020 Calle Bienvenido | | | San Clemente | CA | 92673 | United States |
| Enterprise Service Order Form | N/A | Unknown | Cloudflare | 101 Townsend Street | | | San Francisco | CA | 94107 | United States |
| Insertion Order Form | N/A | Unknown | Cloudflare | 101 Townsend Street | | | San Francisco | CA | 94107 | United States |
| Consulting Agreement | N/A | Unknown | Coding Lobster, LLC | 113 Nassau St | | | New York | NY | 10038 | United States |
| Series Seed Preferred Stock Purchase Agreement | N/A | Unknown | Coin Ledger, Inc. | Attention: David R. Kemmerer | 1336 NE 106th Terrace | | Kansas City | MO | 64155 | United States |
| Engagement Letter | N/A | Unknown | Compliance Exchange Group, LLC | 150 Motor Parkway | Suite 401 | | Hauppauge | NY | 11788 | United States |
| Recruiting Master Services Agreement | N/A | Unknown | Conexíon | 75 State St | | | Boston | MA | 02109 | United States |
| Engagement Letter | N/A | Unknown | Conselo MB LLC | Conselo MB LLC, Attn: General Counsel | 590 Madison Avenue | | New York | NY | 10022 | United States |
| Consulting Agreement | N/A | Unknown | Cordell Ratzlaff | Undetermined | | | | | | |
| Retainer Agreement Cyber Job Central and Voyager | N/A | Unknown | Cyber Job Central | 20 Sycamore Ln | | | Glennmore | PA | 19343 | United States |
| Recruiting Master Services Agreement | N/A | Unknown | Cypress Group Staffing | 1460 Broadway | 12th Floor | | New York | NY | 10036 | United States |
| Sponsorship Agreement | N/A | Unknown | Dallas Mavericks | 1333 N. Stemmons Fwy. | Suite 105 | | Dallas | TX | 75207 | United States |
| Statement of Work | 34 | Unknown | Datasite | Baker Center | 733 S. Marquette Ave | Suite 600 | Minneapolis | MN | 55402 | United States |
| Recruiting Master Services Agreement | N/A | Unknown | Declarative Recruitment | 10875 71ST AVE | | | Seminole | FL | 33772 | United States |
| Excess Insurance Policy | 188 | Q-15157-1 | Euclid Financial Institution Underwriters, LLC | 234 Spring Lake Drive | | | Itasca | IL | 60143 | United States |
| Consulting Agreement | N/A | Unknown | Eva Yuen | 10 Wesley Lane | | | Wells | ME | 04090 | United States |
| MASTER SERVICES AGREEMENT | N/A | Unknown | FUSION OF IDEAS, INC., | 40 empire Dr. | | | Lake Forest | CA | 92630 | United States |
| Background Screening Order Form For Voyager Digital Holdings, Inc | N/A | Unknown | Goodhire | 555 Twin Dolphin Drive | Suite #630 | | Redwood City | CA | 94065 | United States |
| MASTER SERVICES ORDER FORM | 175 | Unknown | GoWrk | 3534 Fifth Ave | | | San Diego | CA | 92103 | United States |
| Software Subscription | N/A | Unknown | Greenhouse Software | 18 W 18th Street | 11th Floor | | New York | NY | 10011 | United States |
| Recruiting Master Services Agreement | N/A | Unknown | High Country Search Group | 1221 S. Clarkson St. | Suite 316 | | Denver | CO | 80210 | United States |
| Recruiting Master Services Agreement | N/A | Unknown | Huxley Associates | 330 Hudson Street | Suite 304 | | New York | NY | 10013 | United States |
| Consulting Agreement | N/A | Unknown | Infinite I.P. Inc., LLC | 52 Mill Road | | | Princeton Junction | NJ | 08550 | United States |
| Recruiting Master Services Agreement | N/A | Unknown | Jackson Hogg | Wincomblee Road | | | Newcastle upon Tyne | | NE6 3QS | United Kingdom |
| Recruiting Master Services Agreement | N/A | Unknown | Jackson Hogg | Wincomblee Road | | | Newcastle upon Tyne | | NE6 3QS | United Kingdom |
| AMENDED Engagement and Fee Agreement: General Advice & Counseling, Handbook Review, Advice & Counsel R 2021 | N/A | Unknown | Jackson Lewis P.C. | 666 Third Avenue | | | New York | NY | 10017-4030 | United States |
| Consulting Agreement | N/A | Unknown | JDI Studio LLC | 850 Pacific Street | Unit 1255 | | Stamford | CT | 06902 | United States |
| Recruiting Master Services Agreement | N/A | Unknown | KFORCE, Inc | 1001 E. Palm Ave | | | Tampa | FL | 33605 | United States |
| Recruiting Master Services Agreement | N/A | Unknown | KFORCE, Inc | 1001 E. Palm Ave. | | | Tampa | FL | 33605 | United States |
| Consulting Agreement | N/A | Unknown | Marla Knapp | Undetermined | | | | | | |
| Recruiting Master Services Agreement | N/A | Unknown | MINDSBEAM TECHNOLOGIES INC | #2, Mullai Complex | Mohan Nagar Main St | Madambakkam | Tamil Nadu | | 600126 | India |
| Recruiting Master Services Agreement | N/A | Unknown | Motion Recruitment | 185 Dartmouth St. | Suite 1105 | | Boston | MA | 02116 | United States |
| Mutual Non-Disclosure Agreement | N/A | Unknown | Name on File | Address on File | | | | | | |
| Mutual Non-Disclosure Agreement | 1024 | Unknown | Name on File | Address on File | | | | | | |
| Mutual Non-Disclosure Agreement | N/A | Unknown | Name on File | Address on File | | | | | | |
| Mutual Non-Disclosure Agreement | N/A | Unknown | Name on File | Address on File | | | | | | |
| Mutual Non-Disclosure Agreement | 48 | Unknown | Name on File | Address on File | | | | | | |
| Mutual Non-Disclosure Agreement | N/A | Unknown | Name on File | Address on File | | | | | | |
| Mutual Non-Disclosure Agreement | N/A | Unknown | Name on File | Address on File | | | | | | |
| Non-Disclosure Agreement (Standard) | N/A | Unknown | Name on File | Address on File | | | | | | |
| Nasdaq Service Order & MSA | N/A | Unknown | Nasdaq Corporate Solutions, LLC ("Corporate Solutions") | One Liberty Plaza | 165 Broadway | | New York | NY | 10006 | United States |
| Letter Agreement - NWSL Sponsorship | N/A | Unknown | National Women's Soccer League | 4130 Ben Miller Road | | | Gibsonia | PA | 15044 | United States |
| Recruiting Master Services Agreement | N/A | Unknown | NBSM World, LLC d/b/a Nort | 25 W 45th St. | | | New York | NY | 10036 | United States |
| Statement of Work | N/A | Unknown | Network Redux LLC | 5200 S Macadam Avenue | | | Portland | OR | 97239 | United States |
| ADVISOR AGREEMENT | N/A | Unknown | Ogon LLC, | 379 West Broadway | Suite 2080 | | New York | NY | 10003 | United States |
| Statement of Work | N/A | Unknown | Online Business System | 8600 Normandale Lake Blvd | Suite 350 | | Bloomington | MN | 55437 | United States |
| Recruiting Master Services Agreement | N/A | Unknown | Peaple Talent | 4 Colston Yard | | | Bristol | | BS1 5BD | United Kingdom |
| Recruiting Master Services Agreement | N/A | Unknown | Peaple Talent | Colston Yd, 4 Colston Yard | | | Bristol | | BS1 5BD | United Kingdom |
| Engagement Letter | N/A | Unknown | Pickwick Capital Partners, LLC | Conselo MB LLC, Attn: General Counsel | 590 Madison Avenue | | New York | NY | 10022 | United States |
| Platform Subscription Order Form | N/A | Unknown | Pitchbook Data, Inc. | 901 Fifth Avenue | Suite 1200 | | Seattle | WA | 98164 | United States |

**SCHEDULE G ATTACHMENT**
Executory Contracts and Unexpired Leases

| Description of Contract or Lease | Remainder of Term (Days) | Contract ID | Notice Party's Name | Address 1 | Address 2 | Address 3 | City | State | ZIP | Country |
|---|---|---|---|---|---|---|---|---|---|---|
| Statement of Work for Master Services Agreement | 941 | Unknown | Price and Associates CPAs, LLC, d/b/a ALIGN ASSURANCE | 400 N Ashley Drive | Suite 1325 | | Tampa | FL | 33602 | United States |
| Sourced Talent Agreement | 135 | Unknown | Publicist Inc. | 12A Mohammed El Maraashly | Mohammed Mazhar | Zamalek | Cairo Governorate | | 4271151 | United States |
| Recruiting Master Services Agreement | N/A | Unknown | Quantum Talent Group | 383 Via Andalusia | | | Encinitas | CA | 92024 | United States |
| Consulting Agreement | N/A | Unknown | Raj Ramnarine | Undetermined | | | | | | |
| Recruiting Master Services Agreement | N/A | Unknown | Remoti s.a.s. | 207 Old Street | | | London | | EC1V 9NR GB | United Kingdom |
| Master Services Agreement | 582 | Unknown | Security Risk Advisors Intl, LLC | Attn: Managing Director | 1750 Market St | 3rd Floor | Philadelphia | PA | 19103 | United States |
| Statement of Work | N/A | Unknown | Seprio LLC | 1200 Valley W Dr | # 500 | | West Des Moines | IA | 50266 | United States |
| Recruiting Master Services Agreement | N/A | Unknown | Talently | 1923 Highland Dr | | | Newport Beach | CA | 92660 | United States |
| Recruiting Master Services Agreement | N/A | Unknown | Teamblind Hub LLC | 3003 North 1st Street | Suite 221 | | San Jose | CA | 95134 | United States |
| Terminal, Inc. Services Agreement, SOW | N/A | Unknown | Terminal, Inc. | 1 Letterman Dr | | | San Francisco | CA | 94129 | United States |
| Master Services Agreement | N/A | Unknown | ThoughtWorks, Inc. | 200 E Randolph St | 25th Floor | | Chicago | IL | 60601 | United States |
| Statement of Work | N/A | Unknown | ThoughtWorks, Inc. | 200 E Randolph St | 25th Floor | | Chicago | IL | 60601 | United States |
| WeWork New York | 104 | N/A | WeWork | 33 Irving Place | 3rd Floor | | New York | NY | 10003 | United States |
| Contingency In-House Recruiting Agreement | N/A | Unknown | Whistler Search Partners, LLC | 45 W 21st St | 3rd Floor | | New York | NY | 10010 | United States |
| Recruiting Master Services Agreement | N/A | Unknown | WorkBeast, LLC | 69 Island St. | | | Keene | NH | 03431 | United States |
| Recruiting Master Services Agreement | N/A | Unknown | X4 Group Ltd | Brettenham House | | | London | | WC2R 7EN | United Kingdom |
| Recruiting Master Services Agreement | N/A | Unknown | Yoh Services LLC | 1500 Spring Garden Street | | | Philadelphia | PA | 19130 | United States |
| Recruiting Master Services Agreement | N/A | Unknown | Zagalabs | Cl. 93b #18-12 | | | Bogota | | | Colombia |

**Fill in this information to identify the case:**

Debtor name: Voyager Digital Holdings, Inc.

United States Bankruptcy Court for the: Southern District of New York

Case number: 22-10943

☐ Check if this is an amended filing

Official Form 206H

## Schedule H: Codebtors

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Does the debtor have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☑ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors,** *Schedules D-G.* Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| Name | Mailing Address | Name | Check all schedules that apply: |
| 2.1 See Schedule H Attachment | | | ☐ D<br>☐ E/F<br>☐ G |

SCHEDULE H ATTACHMENT
Codebtors

| Codebtor Name | Codebtor Address | Creditor's Name | Creditor's Address | D | E/F | G |
|---|---|---|---|---|---|---|
| Voyager Digital LLC | 33 Irving Place, 3rd Floor, New York, NY 10003 | Commonwealth Of Kentucky, Department Of Financial Institutions vs. Voyager Digital LLC, et al. | 500 Metro Street, Frankfort, KY 40601 | | X | |
| Voyager Digital LLC | 33 Irving Place, 3rd Floor, New York, NY 10003 | Conselo MB LLC | Consello MB LLC, Attn: General Counsel, 590 Madison Avenue, New York NY 10022 | | | X |
| Voyager Digital LLC | 33 Irving Place, 3rd Floor, New York, NY 10003 | Microsoft Corporation & Affiliates | One Microsoft Way, Redmond, WA 98052-6399 | | | X |
| Voyager Digital LLC | 33 Irving Place, 3rd Floor, New York, NY 10003 | Pickwick Capital Partners, LLC | Consello MB LLC, Attn: General Counsel, 590 Madison Avenue, New York NY 10022 | | | X |
| Voyager Digital LLC | 33 Irving Place, 3rd Floor, New York, NY 10003 | Securities Commissioner Of South Carolina vs. Voyager Digital LLC, et al. | P.O Box 11549, Columbia, SC 29211 | | X | |
| Voyager Digital LLC | 33 Irving Place, 3rd Floor, New York, NY 10003 | State Of Alabama Securities Commission vs. Voyager Digital LLC, et al. | 445 Dexter Avenue, Suite 12000, Montgomery, AL 36104 | | X | |
| Voyager Digital LLC | 33 Irving Place, 3rd Floor, New York, NY 10003 | State Of California Business, Consumer Services And Housing Agency, Department Of Financial Protection And Innovation vs. Voyager Digital LLC, et al. | 2101 Arena Boulevard, Sacramento, CA 95834 | | X | |
| Voyager Digital LLC | 33 Irving Place, 3rd Floor, New York, NY 10003 | State Of Indiana, Office Of The Secretary Of State, Securities Division vs. Voyager Digital LLC, et al. | 302 W WASHINGTON ST, 5TH FLOOR, Indianapolis, IN 46204 | | X | |
| Voyager Digital LLC | 33 Irving Place, 3rd Floor, New York, NY 10003 | State Of New Jersey Bureau Of Securities vs. Voyager Digital LLC, et al. | P.O. Box 47029, Newark, NJ 07101 | | X | |
| Voyager Digital LLC | 33 Irving Place, 3rd Floor, New York, NY 10003 | State Of Oklahoma Department Of Securities vs. Voyager Digital LLC, et al. | 204 North Robinson, Suite 400, Oklahoma City, OK 73102 | | X | |
| Voyager Digital LLC | 33 Irving Place, 3rd Floor, New York, NY 10003 | State Of Vermont Department Of Financial Regulation vs. Voyager Digital LLC, et al. | 89 Main Street, Montpelier, VT 05620 | | X | |
| Voyager Digital LLC | 33 Irving Place, 3rd Floor, New York, NY 10003 | Texas State Securities Board vs. Voyager Digital LLC, et al. | 208 E. 10th Street, 5th Floor, Austin, TX 78701 | | X | |
| Voyager Digital Ltd. | 33 Irving Place, 3rd Floor, New York, NY 10003 | Commonwealth Of Kentucky, Department Of Financial Institutions vs. Voyager Digital LLC, et al. | 500 Metro Street, Frankfort, KY 40601 | | X | |
| Voyager Digital Ltd. | 33 Irving Place, 3rd Floor, New York, NY 10003 | Conselo MB LLC | Consello MB LLC, Attn: General Counsel, 590 Madison Avenue, New York NY 10022 | | | X |
| Voyager Digital Ltd. | 33 Irving Place, 3rd Floor, New York, NY 10003 | Microsoft Corporation & Affiliates | One Microsoft Way, Redmond, WA 98052-6399 | | | X |
| Voyager Digital Ltd. | 33 Irving Place, 3rd Floor, New York, NY 10003 | Pickwick Capital Partners, LLC | Consello MB LLC, Attn: General Counsel, 590 Madison Avenue, New York NY 10022 | | | X |
| Voyager Digital Ltd. | 33 Irving Place, 3rd Floor, New York, NY 10003 | Securities Commissioner Of South Carolina vs. Voyager Digital LLC, et al. | P.O Box 11549, Columbia, SC 29211 | | X | |
| Voyager Digital Ltd. | 33 Irving Place, 3rd Floor, New York, NY 10003 | State Of Alabama Securities Commission vs. Voyager Digital LLC, et al. | 445 Dexter Avenue, Suite 12000, Montgomery, AL 36104 | | X | |

SCHEDULE H ATTACHMENT
Codebtors

| Codebtor Name | Codebtor Address | Creditor's Name | Creditor's Address | D | E/F | G |
|---|---|---|---|---|---|---|
| Voyager Digital Ltd. | 33 Irving Place, 3rd Floor, New York, NY 10003 | State Of California Business, Consumer Services And Housing Agency, Department Of Financial Protection And Innovation vs. Voyager Digital LLC, et al. | 2101 Arena Boulevard, Sacramento, CA 95834 | | X | |
| Voyager Digital Ltd. | 33 Irving Place, 3rd Floor, New York, NY 10003 | State Of Indiana, Office Of The Secretary Of State, Securities Division vs. Voyager Digital LLC, et al. | 302 W WASHINGTON ST, 5TH FLOOR, Indianapolis, IN 46204 | | X | |
| Voyager Digital Ltd. | 33 Irving Place, 3rd Floor, New York, NY 10003 | State Of New Jersey Bureau Of Securities vs. Voyager Digital LLC, et al. | P.O. Box 47029, Newark, NJ 07101 | | X | |
| Voyager Digital Ltd. | 33 Irving Place, 3rd Floor, New York, NY 10003 | State Of Oklahoma Department Of Securities vs. Voyager Digital LLC, et al. | 204 North Robinson, Suite 400, Oklahoma City, OK 73102 | | X | |
| Voyager Digital Ltd. | 33 Irving Place, 3rd Floor, New York, NY 10003 | State Of Vermont Department Of Financial Regulation vs. Voyager Digital LLC, et al. | 89 Main Street, Montpelier, VT 05620 | | X | |
| Voyager Digital Ltd. | 33 Irving Place, 3rd Floor, New York, NY 10003 | Texas State Securities Board vs. Voyager Digital LLC, et al. | 208 E. 10th Street, 5th Floor, Austin, TX 78701 | | X | |

In re: Voyager Digital Holdings, Inc.
Case No. 22-10943

**Fill in this information to identify the case:**

Debtor name: Voyager Digital Holdings, Inc.

United States Bankruptcy Court for the: Southern District of New York

Case number: 22-10943

☐ Check if this is an
amended filing

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a _____

declaration

I declare under penalty of perjury that the foregoing is true and correct.

| 8/18/2022 | /s/ Stephen Ehrlich |
|---|---|
| Executed on | Signature of individual signing on behalf of debtor |
| | Stephen Ehrlich |
| | Printed name |
| | Chief Executive Officer and Co-Founder of Voyager |
| | Position or relationship to debtor |