**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## STATEMENT OF FINANCIAL AFFAIRS
## OF VOYAGER DIGITAL HOLDINGS, INC. (CASE NO. 22-10943)

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## GLOBAL NOTES AND STATEMENT OF
## LIMITATIONS, METHODOLOGY AND DISCLAIMERS
## REGARDING THE DEBTORS' SCHEDULES OF ASSETS
## AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Voyager Digital Holdings, Inc. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors"),[2] have filed these respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements") in the United States Bankruptcy Court for the Southern District of New York (the "Court"). The Debtors, with the assistance of their legal and financial advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code (the "Bankruptcy Code") and rule 1007 of the Federal Rules of Bankruptcy Procedure, and rule 1007–1 of the Bankruptcy Local Rules for the Southern District of New York.

Mr. Stephen Ehrlich, Chief Executive Officer of the Debtors, has signed each set of the Schedules and Statements. Mr. Ehrlich is an authorized signatory for each of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Ehrlich has necessarily relied upon

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2] Capitalized terms used herein but not defined shall have the meanings set forth in the *Joint Plan of Reorganization of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 17] (as may be amended, supplemented, or modified from time to time, the "Plan").

the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' legal and financial advisors. Mr. Ehrlich has not (and could not have) personally verified the accuracy of each such statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and respective creditor contact information.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made commercially reasonable efforts to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. For the avoidance of doubt, the Debtors hereby reserve all of their rights, including to amend and/or supplement the Schedules and Statements, as may be necessary or appropriate.

The Debtors and their agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and will not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law. In no event will the Debtors or their agents, attorneys, and/or financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

These *Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of, each Debtor's respective Schedules and Statements. The Global Notes should be referred to and considered in connection with any review of the Schedules and Statements.[3] In the event that the Schedules and/or Statements differ from these Global Notes, the Global Notes control.

---

[3]   These Global Notes supplement and are in addition to any specific notes contained in each Debtor's Schedules or Statements. The fact that the Debtors have prepared a Global Note with respect to any of individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any of the Debtors' other Schedules and Statements, as appropriate.

## Global Notes and Overview of Methodology

1.  **Description of Cases.**  On July 5, 2022 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.[4]  The Debtors' chapter 11 cases are being jointly administered for procedural purposes only under lead case *In re Voyager Digital Holdings, Inc.*, Case No. 22-10943 (MEW) (Bankr. S.D.N.Y.). The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On July 19, 2022, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 102] (the "Committee").  The Committee has appointed legal and financial advisors McDermott Will & Emery LLP and FTI Consulting, Inc.  Additional information regarding the Committee and its legal and financial advisors can be obtained at https://dm.epiq11.com/case/voyagercommittee/info.  The information provided herein, except as otherwise noted, is reported as of the close of business on the Petition Date.

2.  **Reservation of Rights**.  Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist.  The Debtors reserve all rights to:  (i) amend and/or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including the right to amend the Schedules and Statements with respect to the description, designation, or Debtor against which any claim against a Debtor ("Claim")[5] is asserted; (ii) dispute or otherwise assert offsets, setoffs, or other defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; (iii) subsequently designate any Claim as "disputed," "contingent," or "unliquidated"; or (iv) object to the extent, validity, enforceability, priority, or avoidability of any Claim (regardless of whether of such Claim is designated in the Schedules and Statements as "disputed," "contingent," or "unliquidated").  Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated."  Listing a Claim does not constitute an admission of (a) liability or (b) amounts due or owed, if any, in each case, by the Debtor against which the Claim is listed or against any of the Debtors.  Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving or defenses against Claims, substantive consolidation, defenses, statuary or equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation or rights contained elsewhere in the Global Notes does not limit in any respect

---

[4]   Copies of publicly filed documents in these chapter 11 cases are available at http://cases.stretto.com/Voyager (free of charge) or the Court's website at https://www.nysb.uscourts.gov/ecf-and-pacer-information (for a fee).

[5]   For the purposes of these Global Notes, the term Claim shall have the meaning as defined under section 101(5) of the Bankruptcy Code.

the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

(a)    **No Admission.** Nothing contained in the Schedules and Statements is intended as, or should be construed as, an admission or stipulation of the validity of any Claim against any Debtor, any assertion made therein or herein, or a waiver of any Debtor's rights to dispute any Claim or assert any cause of action or defense against any party.

(b)    **Recharacterization.** The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. Nevertheless, due to the complexity of the Debtors' business, the Debtors may not have accurately characterized, classified, categorized, or designated certain items and/or may have omitted certain items. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

(c)    **Classifications.** Listing (i) a Claim on Schedule D as "secured," (ii) a Claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty, or a waiver of the Debtors' rights to recharacterize or reclassify such Claim or contract or to setoff such Claims.

(d)    **Estimates and Assumptions.** The preparation of the Schedules and Statements required the Debtors to make commercially reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods. Actual results could differ from such estimates.

(e)    **Causes of Action.** Despite reasonable efforts, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The Debtors reserve all rights with respect to any causes of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any Claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether

arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law they may have (collectively, "Causes of Action"), and neither the Global Notes nor the Schedules and Statements shall be deemed a waiver of any such Claims, Causes of Action, or avoidance actions or in any way prejudice or impair the assertion of such Claims or Causes of Action.

(f)    **Intellectual Property Rights.**  Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

(g)    **Cryptocurrency.**  Certain of the Debtors' assets are cryptocurrencies, or digital tokens, based on a publicly accessible blockchain.  Cryptocurrencies are unique assets.  Certain laws and regulations that may be applicable to cryptocurrencies do not contemplate or address unique issues associated with the cryptocurrency economy, are subject to significant uncertainty, and vary widely across U.S. federal, state, and local and international jurisdictions.  The Debtors make no representations or admissions concerning the status of cryptocurrency as a "security" under any state, federal, or local domestic or international statute, including United States federal securities laws, and reserve all rights to amend and/or supplement the Schedules and Statements as they deem appropriate in this regard.  Furthermore, the Debtors have taken the position that cryptocurrency held on the Debtors' platform is property of the Debtors' estate pursuant to section 341 of the Bankruptcy Code, and the Debtors reserve all rights to amend and/or supplement the Schedules and Statements as they deem appropriate in this regard.

(h)    **Insiders.**  The Debtors have attempted to include all payments made on or within 12 months before the Petition Date to any individual or entity deemed an "insider." As to each Debtor, an individual or entity is designated as an "insider" for the purposes of the Schedules and Statements if such individual or entity, based on the totality of the circumstances, has at least a controlling interest in, or exercises sufficient authority over, the Debtor so as to unqualifiably dictate corporate policy and the disposition of corporate assets.  Certain of the individuals or entities identified as insiders may not have been insiders for the entirety of the 12-month period before the Petition Date, but the Debtors have included them herein out of an abundance of caution.

The listing or omission of a party as an insider for purposes of the Schedules and Statements is for informational purposes and is not intended to be, nor should it be, construed as an admission that those parties are insiders for purpose of section 101(31) of the Bankruptcy Code.  Information regarding the individuals or entities listed as insiders in the Schedules and Statements may not be used for:

(a) the purposes of determining (i) control of the Debtors; (ii) the extent to which any individual or entity exercised management responsibilities or functions; (iii) corporate decision-making authority over the Debtors; or (iv) whether such individual or entity could successfully argue that it is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or (b) any other purpose. Furthermore, the listing or omission of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved.

3.    **Methodology.**

(a)    <u>**Basis of Presentation.**</u>  Prior to the Petition Date, the Debtors relied on their Chief Financial Officer, including certain key personnel who worked closely with the Chief Financial Officer, as well as their outside accounting firm to maintain the Debtors' books and records.  Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements.  The Schedules and Statements have not, however, been subject to procedures that would typically be applied to financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("<u>GAAP</u>") or International Financial Reporting Standards ("<u>IFRS</u>") and are not intended to reconcile fully with any financial statements of each Debtor prepared under GAAP or IFRS.  Therefore, combining the assets and liabilities set forth in the Schedules and Statements would result in amounts that are substantially different from financial information that would be prepared on a consolidated basis under GAAP or IFRS.  For financial reporting purposes, prior to the Petition Date, the Debtors prepared financial statements on a consolidated basis.  Unlike the consolidated financial statements, the Schedules and Statements, except where otherwise indicated, reflect the assets and liabilities of each separate Debtor. Moreover, given, among other things, the uncertainty surrounding the valuation, collection, and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, it is not an admission that the Debtor was solvent as of the Petition Date or at any time before the Petition Date.  Likewise, to the extent a Debtor shows more liabilities than assets, it is not an admission that the Debtor was insolvent at the Petition Date or any time before the Petition Date.  For the avoidance of doubt, nothing contained in the Schedules and Statements is indicative of the Debtors' enterprise value.  The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.

(b)    <u>**Confidential or Sensitive Information.**</u>  There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to, among other things, the nature of an agreement between a Debtor and a third party, local restrictions on disclosure, concerns about the confidential or commercially sensitive nature of certain information (*e.g.* customer names and other information), or concerns for the privacy of an individual.  The alterations will be limited to only what is necessary to protect the Debtor or applicable

third party.  The Debtors may also be authorized or required to redact certain information from the public record pursuant to orders of the Court sealing or otherwise protecting such information from public disclosure.  All such redacted information shall be made available as directed by orders of the Court or to the individual customer or creditor scheduled, as applicable.

(c)     **Duplication.**  Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Statements and Schedules.  To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities, and prepetition payments once.

(d)     **Net Book Value.**  In certain instances, current market valuations for certain assets are neither maintained by, nor readily available to, the Debtors.  Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values.  Market values may vary, sometimes materially, from net book values.  The Debtors believe that it would be an inefficient use of estate assets for the Debtors to obtain the current market values of their property.  Accordingly, the Debtors have indicated in the Schedules and Statements that the values of certain assets and liabilities are undetermined or unknown.

Certain other assets, such as investments in subsidiaries and other intangible assets, are listed at undetermined amounts, as the net book values may differ materially from fair market values.  Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material.  Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein.  In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

In addition, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value.  The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset.  Given, among other things, the current market valuation of certain assets and the valuation and nature of certain liabilities, nothing in the Schedules and Statements shall be, or shall be deemed to be, an admission that any Debtor was solvent or insolvent as of the Petition Date.

(e)     **Property and Equipment.**  The Debtors' office property leases are set forth on Schedule G.  Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to same.

(f)     **Allocation of Liabilities.**  The Debtors, in consultation with their advisors, have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change.  The Debtors reserve the right to amend and/or supplement the Schedules and Statements as they deem appropriate in this regard.

(g)     **Undetermined Amounts.**  The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.

(h)     **Unliquidated Claim Amounts.**  Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

(i)     **Totals.**  All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

(j)     **Cryptocurrency.**  Cryptocurrency values presented utilize market prices as of 12:00 a.m. UTC on the Petition Date.  Changes in valuation relate to conversions, liquidations, collections received in kind and periodic mark to market adjustments.  Actual net realizable value may vary significantly.  The Debtors make no representations or admissions concerning the status of cryptocurrency as a "security" under any state, federal, or local domestic or international statute, including United States federal securities laws and reserve all rights to amend and/or supplement the Schedules and Statements as they deem appropriate in this regard.

(k)     **Paid Claims.**  Pursuant to certain orders of the Court entered in the Debtors' chapter 11 cases entered shortly after the Petition Date (collectively, the "First Day Orders") as well as other orders of the Court, the Debtors have authority to pay certain outstanding prepetition payables pursuant to bankruptcy or other court order; as such, outstanding liabilities may have been reduced by any court-approved postpetition payments made on prepetition payables.  Where and to the extent these liabilities have been satisfied, they are not listed in the Schedules and Statements, unless otherwise indicated.  Regardless of whether such claims are listed in the Schedules and Statements, to the extent the Debtors later pay any amount of the claims listed in the Schedules and Statements pursuant to any orders entered by the Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements or to take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payments for liabilities.  Nothing contained herein should be deemed to alter the rights of any party in interest to contest a payment made pursuant to an order of the Court where such order preserves the right to contest such payment.

(l)     **Intercompany Receivables and Payables.**  Receivables and payables among the Debtors and among the Debtors and their non-Debtor affiliates are reported on Schedule A/B and Schedule E/F, respectively, per the Debtors' books and records. Intercompany loan amounts scheduled may include accrued and unpaid interest. The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission or conclusion of the Debtors' regarding the allowance, classification, validity, or priority of such account or characterization of such balances as debt, equity, or otherwise.  For the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including with respect to the characterization of intercompany claims, loans, and notes.

(m)     **Guarantees and Other Secondary Liability Claims.**  The Debtors have exercised reasonable efforts to locate and identify guarantees in their executory contracts, unexpired leases, and other such agreements.   Where guarantees have been identified, they have been included in the relevant Schedules G and H for the affected Debtor or Debtors.   The Debtors may have inadvertently omitted guarantees embedded in their contractual agreements and may identify additional guarantees as they continue their review of their books and records and contractual agreements.  The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if additional guarantees are identified.

(n)     **Excluded Assets and Liabilities.**  The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including without limitation, accrued salaries and employee benefit accruals.  In addition and as set forth above, the Debtors may have excluded amounts for which the Debtors have paid or have been granted authority to pay pursuant to the First Day Orders or other order that may be entered by the Court.  Additionally, certain immaterial or *de minimis* assets and liabilities may have been excluded.

(o)     **Currency.**  Unless otherwise indicated, all amounts are reflected in U.S. dollars. The Debtors' methodology and assumptions regarding the calculation of the U.S. dollar-value of cryptocurrency holdings is set forth in greater detail in paragraph 4(l) of these Global Notes.

(p)     **Setoffs.**  The Debtors may incur certain setoffs and other similar rights during the ordinary course of business.  Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, warranties, and other disputes between the Debtors and their customers and/or suppliers.  These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately.  Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are excluded from the Schedules.

(q)     **Customer Account Adjustments.**  Any of the Debtors' customers who, as of the Petition Date, had cryptocurrency on the Voyager platform are listed in redacted

form on Schedule E/F, as noted in more detail below.  A customer's cryptocurrency holdings listed in the Schedules may not accurately reflect such customer's cryptocurrency holdings as of the Petition Date due to certain ordinary course reconciliation practices that the Debtors were authorized to undergo pursuant to the *Order (I) Authorizing the Debtors to (a) Honor Withdrawals from the MC FBO Accounts, (b) Liquidate Cryptocurrency From Customer Accounts With a Negative Balance, (c) Sweep Cash Held in Third-Party Exchanges, (d) Conduct Ordinary Course Reconciliation of Customer Accounts, and (e) Continue Staking Cryptocurrency, and (II) Granting Related Relief* [Docket No. 247] (the "FBO Order"), entered by the Court on August 5, 2022.  Specifically, pursuant to the FBO Order, the Court authorized, among other relief, the Debtors to conduct:

(i)      postpetition reconciliation of accounts that held a negative USD balance. Pursuant to the FBO Order, the Debtors liquidated cryptocurrency in customer accounts with a negative USD balance to cover the USD deficit ("Negative USD Balance Cryptocurrency Liquidation");

(ii)     postpetition cancellation of orders to buy or sell cryptocurrency that were stuck in a "held" status such that the Debtors were unable to previously determine whether an order was processed prior to undergoing a reconciliation.  The Debtors have cancelled all outstanding orders to buy or sell cryptocurrency and have reconciled customer accounts and cryptocurrency portfolio balances to reflect the available coins and USD available; and

(iii)    postpetition reconciliation of cryptocurrency deposits that were "stuck" such that the Debtors were unable to previously determine that the deposits were received until undergoing a reconciliation.  The Debtors have identified certain previously stuck cryptocurrency deposits and have updated customer cryptocurrency portfolio balances to accurately reflect such cryptocurrency deposits ("Reconciliation").

Details with respect to the above ordinary course reconciliation processes are provided in the *Debtors' Motion For An Order (I) Authorizing the Debtors to (a) Honor Withdrawals from the MC FBO Accounts, (b) Liquidate Cryptocurrency From Customer Accounts With a Negative Balance, (c) Sweep Cash Held in Third-Party Exchanges, (d) Conduct Ordinary Course Reconciliation of Customer Accounts, and (e) Continue Staking Cryptocurrency, and (II) Granting Related Relief* [Docket No. 73] (the "FBO Motion").  Certain customer cryptocurrency holdings listed on Schedule E/F have undergone these reconciliation processes and may differ from the holdings listed in individual accounts on the Voyager platform on the Petition Date.  The Debtors believe that each of the foregoing reconciliatory practices authorized under the FBO Order is necessary to ensure that customer balances properly reflect all trading and transfer activity that took place prepetition so that customer accounts reflect correct and fully reconciled balances.  If the Debtors receive information that additional customer claims should be adjusted to reflect a reconciliation in accordance with FBO Order, the Debtors will, as soon as

reasonably practicable, use commercially reasonable efforts to file an amendment to the Schedules.

(r)  **Contingent Assets.**  The Debtors believe that they may possess certain Claims and Causes of Action against various parties.  Additionally, the Debtors may possess contingent claims in the form of various avoidance actions they could commence under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws.  The Debtors, despite reasonable efforts, may not have identified and/or set forth all of their Causes of Action against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets.  The Debtors reserve all of their rights with respect to any Claims, Causes of Action, or avoidance actions they may have and nothing contained in these Global Notes or the Schedules and Statements shall be deemed a waiver of any such claims, avoidance actions, or Causes of Action or in any way prejudice or impair the assertion of such claims.  Additionally, prior to the Petition Date, each Debtor, as plaintiff, may have commenced various lawsuits in the ordinary course of its business against third parties seeking monetary damages.

(s)  **Executory Contracts.**  Although the Debtors made diligent efforts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so.  Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.  The Debtors have excluded nondisclosure agreements entered into in connection with these chapter 11 cases to avoid any potential breach of such nondisclosure agreements.

(t)  **Fiscal Year.**  Each Debtor's fiscal year ends on or about June 30.

(u)  **Claims of Third-Party Related Entities.**  While the Debtors have made every effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations to same.  Therefore, to the extent that the Debtors have classified their estimate of claims of a creditor as disputed, all claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered as disputed, whether or not they are designated as such.

(v)  **Umbrella or Master Agreements.**  Contracts listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors.  Where relevant, such agreements have been listed in the Schedules and Statements only of the Debtor that signed the original umbrella or master agreement.  The master service agreements have been listed in Schedule G, but do not reflect any decision by the Debtor as to whether or not such agreements are executory in nature.

(w)     **Credits and Adjustments.**  The Claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may either (i) not reflect credits, allowances, or other adjustments due from such creditors to the Debtors or (ii) be net of accrued credits, allowances, or other adjustments that are actually owed by a creditor to the Debtors on a postpetition basis on account of such credits, allowances, or other adjustments earned from prepetition payments and vendor payments, if applicable. The Debtors reserve all of their rights with regard to such credits, allowances, or other adjustments, including, but not limited to, the right to modify the Schedules, assert claims objections and/or setoffs with respect to the same, or apply such allowances in the ordinary course of business on a post-petition basis.

(x)     **Payments.**  The financial affairs and business of the Debtors are complex.  Prior to the Petition Date, the Debtors maintained a cash management and disbursement system in the ordinary course of their businesses, as described in the Cash Management Motion, as defined herein.  Although efforts have been made to attribute open payable amounts to the correct legal entity, the Debtors reserve the right to modify or amend their Schedules and Statements to attribute such payment to a different legal entity, if appropriate.

4.     **Specific Schedules Disclosures.**

(a)     **Schedule A/B, Questions 1 and 2 – Cash and Cash Equivalents; Cash on Hand.** Details with respect to the Debtors' cash management system and bank accounts are provided in the *Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief* (the "Cash Management Motion") and any orders of the Court granting the relief requested in the Cash Management Motion [Docket Nos. 53, 237].  The Debtors do not hold any physical cash.  Accordingly, cash on hand held as of the Petition Date is disclosed on Schedule A/B, Question 3 in connection with cash held in the Debtors' bank accounts.

(b)     **Schedule A/B, Question 3 – Checking, Savings, Money Market, or Financial Brokerage Accounts.**  Amounts listed are as of the Petition Date for the corresponding Debtor and reflect the actual bank balance, not the net book value. For the avoidance of doubt, the bank accounts and cash balances set forth on Schedule A/B, Question 3 do not include cash held in the "for the benefit of" accounts ("FBO Accounts") maintained by Metropolitan Commercial Bank ("MC Bank"), as described in the Cash Management Motion and the FBO Motion. As discussed in the FBO Motion, the Debtors do not have a legal or equitable interest in the cash held in the FBO Accounts; such held funds are owned by the Debtors' customers.

(c)     **Schedule A/B, Question 4 – Other Cash Equivalents.**  Other cash equivalents set forth in Schedule A/B, Question 4 are comprised entirely of cash held in an unrestricted escrow account with respect to which Voyager Digital Ltd. is the sole beneficiary.  In July 2022, the Debtors clawed back all funds held in the escrow account disclosed in Schedule A/B, Question 4.

(d)     **Schedule A/B, Question 7 – Deposits.**  The Debtors are required to make deposits from time to time with various vendors and other service providers in the ordinary course of business.  The Debtors have exercised reasonable efforts to report the current value of any deposits.  The Debtors may have inadvertently omitted deposits and conversely may have reported deposits that are no longer outstanding.  The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if deposits are incorrectly identified.

(e)     **Schedule A/B, Question 8 – Prepayments.**  The Debtors are required to make prepayments from time to time on account of executory contracts, leases, insurance policies, taxes, and rent as part of the ordinary course of business.  The Debtors have exercised reasonable efforts to identify any prepayments.  The Debtors may have inadvertently omitted certain prepayments and conversely may have reported prepayments for which services have already been provided.  The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if prepayments are incorrectly identified.

(f)     **Schedule A/B, Question 15 – Non-Publicly Traded Stock.**  Ownership interests in subsidiaries, partnerships, and joint ventures have been listed in Schedule A/B, Question 15 as undetermined amounts on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.  Further, Voyager Digital Holdings, Inc.'s 50 percent beneficial ownership of VYGR Digital Securities, LLC is attributable to Voyager Digital Holdings, Inc.'s 50 percent stake in VYGR Holdings, LLC, the direct parent of VYGR Digital Securities, LLC.

(g)     **Schedule A/B, Question 55 – Real Property.**  The Debtors do not own any real property.  The Debtors' office property leases are set forth on Schedule G.

(h)     **Schedule A/B, Question 63 – Customer Lists, Mailing Lists, Other Compilations.**  Assets set forth in Schedule A/B, Question 63 include the net book value of the Debtors' relationships with Coinify and Circle customers.

(i)     **Schedule A/B, Question 64 – Other Intangibles or Intellectual Property.**  Assets set forth in Schedule A/B, Question 64 include the net book value of the brand and technology of the Debtors and their non-Debtor affiliates.

(j)     **Schedule A/B, Question 65 – Goodwill.**  All of the Debtors' goodwill was written off of the Debtors' balance sheet prior to the Petition Date.

(k)     **Schedule A/B, Question 71 – Notes Receivable.**  Notes receivable set forth in Schedule A/B, Question 71 include cryptocurrency assets loaned.  Current values

shown are equal to market value in USD as of the Petition Date, as indicated on the conversion chart in Schedule A/B, Question 77. All figures set forth in Schedule A/B, Question 71 are preliminary, unreviewed, and unaudited and subject to final adjustments following, *inter alia*, completion of quarterly and year-end close procedures. In addition, the balances set forth in Schedule A/B, Question 71 do not include $350 million of USDC and 15,250 BTC loaned to Three Arrows Capital. As of the time of filing the Schedules and Statements, all of the notes receivable set forth in Schedule A/B, Question 71, with the exception of the loans provided to Alameda Ventures Ltd. and Galaxy Digital, have been called.

(l)     **Schedule A/B, Question 72 – Tax Refunds and Unused Net Operating Losses (NOLs).** The Debtors current accounting entries remain subject to completion and review of tax compliance procedures and audit processes. Completed and audited accounting entries may indicate that net operating losses and general business credit carryforwards are available to offset taxable income or reduce the tax liability for the Debtors for the year ending on June 30, 2022. The Debtors hereby reserve their right to amend or supplement Schedule A/B, Question 72 upon completion and audit of tax compliance procedures and financial statements. The Debtors may have the ability to claim NOLs for subsequent years, but such amounts cannot be quantified at this time.

(m)    **Schedule A/B, Question 77 – Other property of any kind not already listed.** Schedule A/B, Question 77 lists the Debtors' cryptocurrency, or digital tokens, assets based on a publicly accessible blockchain. The current value shown is the market value in USD as of the Petition Date. All figures set forth in Schedule A/B, Question 77 are preliminary, unreviewed, and unaudited and are subject to final adjustments following, *inter alia*, completion of quarterly and year-end close procedures.

In calculating the fair market value as to the Debtors' cryptocurrency assets, the following table sets forth the rate of conversion to U.S. dollars based upon the type of cryptocurrency held as of 12:00 a.m. UTC on the Petition Date.

| Cryptocurrency | | Conversion Rate to USD as of 12:00 a.m. UTC on July 5, 2022 |
|---|---|---|
| AAVE | AAVE | $         60.63 |
| ADA | Cardano | $           0.46 |
| ALGO | Algorand | $           0.31 |
| ALICE | MyNeighborAlice | $           2.22 |
| AMP | Amp | $           0.01 |
| ANKR | Ankr Protocol | $           0.03 |
| APE | ApeCoin | $           4.91 |
| ATOM | Cosmos | $           8.91 |
| AUDIO | Audius | $           0.33 |
| AVAX | Avalanche | $         18.01 |
| AXS | Axie Infinity | $         14.46 |

| Cryptocurrency | | Conversion Rate to USD as of 12:00 a.m. UTC on July 5, 2022 | |
|---|---|---|---|
| BAND | Band Protocol | $ | 1.32 |
| BAT | Basic Attention Token | $ | 0.44 |
| BCH | Bitcoin Cash | $ | 103.96 |
| BICO | Biconomy | $ | 0.49 |
| BNT | Bancor | $ | 0.49 |
| BTC | Bitcoin | $ | 20,157.69 |
| BTT | BitTorrent | $ | 0.00 |
| CAKE | Pancake Swap | $ | 3.09 |
| CELO | Celo | $ | 0.91 |
| CHZ | Chiliz | $ | 0.10 |
| CKB | Nervos Network | $ | 0.00 |
| COMP | Compound | $ | 45.88 |
| CRV | Curve DAO Token | $ | 0.96 |
| DAI | Multi Collateral Dai | $ | 1.00 |
| DASH | Dash | $ | 43.07 |
| DGB | DigiByte | $ | 0.01 |
| DOGE | DogeCoin | $ | 0.07 |
| DOT | Polkadot | $ | 6.84 |
| DYDX | dYdX | $ | 1.86 |
| EGLD | Elrond | $ | 54.03 |
| ENJ | Enjin Coin | $ | 0.54 |
| ENS | Ethereum Name Service | $ | 9.30 |
| EOS | EOS | $ | 0.97 |
| ETC | Ethereum Classic | $ | 14.91 |
| ETH | Ethereum | $ | 1,131.60 |
| FARM | Harvest Finance | $ | 43.57 |
| FET | Fetch.ai | $ | 0.07 |
| FIL | Filecoin | $ | 5.48 |
| FLOW | Flow | $ | 1.60 |
| FTM | Fantom | $ | 0.26 |
| GALA | Gala | $ | 0.05 |
| GLM | Golem | $ | 0.24 |
| GRT | The Graph | $ | 0.10 |
| HBAR | Hedera Hashgraph | $ | 0.06 |
| ICP | Internet Computer | $ | 5.51 |
| ICX | ICON | $ | 0.29 |
| IOT | IOTA | $ | 0.27 |
| JASMY | JASMYCoin | $ | 0.01 |
| KAVA | Kava | $ | 1.81 |
| KEEP | Keep Network | $ | 0.18 |
| KNC | KNC Legacy | $ | 1.37 |
| KSM | Kusama | $ | 50.33 |
| LINK | Chainlink | $ | 6.31 |

| Cryptocurrency | | Conversion Rate to USD as of 12:00 a.m. UTC on July 5, 2022 |
|---|---|---|
| LLUNA | Locked Terra 2.0 | $ 2.16 |
| LPT | Livepeer | $ 8.34 |
| LRC | Loopring | $ 0.41 |
| LTC | Litecoin | $ 49.68 |
| LUNA | Terra 2.0 | $ 2.16 |
| LUNC | Luna Classic | $ 0.00 |
| MANA | Decentraland | $ 0.87 |
| MATIC | Polygon | $ 0.51 |
| MKR | Maker | $ 931.18 |
| NEO | NEO | $ 8.38 |
| OCEAN | Ocean Protocol | $ 0.17 |
| OMG | OMG Network | $ 1.81 |
| ONT | Ontology | $ 0.23 |
| OP | Optimism | $ 0.52 |
| OXT | Orchid | $ 0.10 |
| PERP | Perpetual Protocol | $ 0.67 |
| POLY | Polymath | $ 0.19 |
| QNT | Quant | $ 59.64 |
| QTUM | Qtum | $ 2.82 |
| RAY | Raydium | $ 0.70 |
| REN | Ren | $ 0.12 |
| ROSE | Oasis Network | $ 0.05 |
| SAND | The Sandbox | $ 1.18 |
| SHIB | Shiba Inu | $ 0.00 |
| SKL | Skale Network | $ 0.05 |
| SOL | Solana | $ 35.36 |
| SPELL | Spell Token | $ 0.00 |
| SRM | Serum | $ 0.75 |
| STMX | StormX | $ 0.01 |
| SUSHI | SushiSwap | $ 1.09 |
| TRAC | Origin Trail | $ 0.19 |
| TRX | Tron | $ 0.07 |
| TUSD | TrueUSD | $ 1.00 |
| UMA | UMA | $ 2.63 |
| UNI | Uniswap | $ 5.30 |
| USDC | USD Coin | $ 1.00 |
| USDT | Tether | $ 1.00 |
| VET | VeChain | $ 0.02 |
| VGX | Voyager Token | $ 0.24 |
| WAVES | Waves | $ 5.26 |
| WBTC | Wrapped Bitcoin | $ 20,154.83 |
| XLM | Stellar Lumens | $ 0.11 |
| XMR | Monero | $ 122.39 |

| | Cryptocurrency | Conversion Rate to USD as of 12:00 a.m. UTC on July 5, 2022 |
|---|---|---|
| XRP | Ripple | $ 0.33 |
| XTZ | Tezos | $ 1.47 |
| XVG | Verge | $ 0.00 |
| YFI | Yearn.Finance | $ 6,141.38 |
| YFII | DFI.Money | $ 951.66 |
| YGG | Yield Guild Games | $ 0.68 |
| ZEC | Zcash | $ 57.07 |
| ZEN | Horizen | $ 14.58 |
| ZRX | 0x | $ 0.30 |

(n)     **Schedule D – Creditors Who Have Claims Secured by Property.**  As of the date hereof, the Debtors are unaware of any secured claims asserted against the Debtors. Nonetheless, except as otherwise agreed pursuant to a stipulation, or agreed order, or general order entered by the Court that is or becomes final, the Debtors and their estates reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to any creditor of any Debtor.  The Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's Claim.

The Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.

(o)     **Schedule E/F – Creditors Who Have Unsecured Claims.**  The listing of any Claim on Schedule E/F does not constitute an admission by the Debtors that such Claim or any portion thereof is entitled to priority treatment under section 507 of the Bankruptcy Code.  The Debtors reserve all of their rights to dispute the amount and/or the priority status of any Claim on any basis at any time.

*Part 1 - Creditors with Priority Unsecured Claims.*  Pursuant to the *Final Order (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief* [Docket No. 235] (the "Taxes Order"), the Court granted the Debtors authority to pay, in their sole discretion, certain tax liabilities and regulatory fees, including certain business licensing fees, that accrued prepetition.  Accordingly, any unsecured priority claims based upon prepetition tax accruals that have been paid pursuant to the Taxes Order are not listed in Schedule E.

Furthermore, pursuant to the *Final Order Authorizing the Debtors to (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs and (II) Continue Employee Benefits Programs* [Docket No. 233] (the "Wages Order"), the Court granted the Debtors authority to pay or honor certain prepetition obligations for employee wages, salaries, and other compensation, reimbursable employee expenses, and employee medical and similar

17

benefits, in the ordinary course of business. The Debtors believe that all such Claims have been, or will be, satisfied in the ordinary course during their chapter 11 cases pursuant to the authority granted in the Wages Order, and such satisfied amounts are set forth on Schedule E.

The listing of a claim on Schedule E/F, Part 1 does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority status.

***Part 2 - Creditors with Nonpriority Unsecured Claims.*** The liabilities identified in Schedule E/F, Part 2 are derived from the Debtors' books and records. The Debtors made a reasonable attempt to set forth their unsecured obligations, although the actual amount of Claims against the Debtors may vary from those liabilities represented on Schedule E/F, Part 2. The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed Claims or the correct amount of all unsecured Claims. Certain creditors listed on Schedule E/F may owe amounts to the Debtors and, as such, the Debtors may have valid setoff or recoupment rights with respect to such amounts. The amounts listed on Schedule E/F do not reflect any such right of setoff or recoupment and the Debtors reserve all rights to assert any such setoff or recoupment rights.

Trade payables listed on Schedule E/F, Part 2 contain the prepetition liability information available to the Debtors as of the Petition Date and include, among other vendor claims and trade payables, invoices that were paid subsequent to the Petition Date related to prepetition obligations pursuant to the *Order (I) Authorizing the Debtors to Pay Prepetition Corporate Card Expenses and (II) Granting Related Relief* [Docket No. 138].

Schedule E/F, Part 2 contains information regarding threatened or pending litigation involving the Debtors. The amounts for these potential claims are listed as "undetermined" and are marked as contingent, unliquidated, and disputed in the Schedules and Statements. In certain instances, the date on which a litigation claim arose is an open issue of fact. Determining the date upon which each claim in Schedule E/F, Part 2 was incurred or arose would be unduly burdensome and prohibitively costly and, therefore, the Debtors do not list a date for each claim listed on Schedule E/F, Part 2.

As discussed above, certain customer cryptocurrency holdings listed on Schedule F have undergone reconciliation processes and may differ from the holdings listed in individual accounts on the Petition Date. Those customer cryptocurrency accounts that have undergone Reconciliation are denoted with one (1) asterisk (*). Those customer cryptocurrency accounts that have undergone Negative USD Balance Cryptocurrency Liquidation are denoted with two (2) asterisks (**). If the Debtors receive information that additional customer cryptocurrency accounts should be adjusted to reflect reconciliation undertaken in accordance with the FBO Order, the Debtors will, as soon as reasonably practicable, use commercially reasonable efforts to file an amendment to Schedule E/F, Part 2.

Schedule E/F, Part 2 reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease. In addition, Schedule E/F, Part 2 does not include rejection damage claims, to the extent such damage claims exist, of the counterparties to the executory contracts and unexpired leases that have been or may be rejected.

Schedule E/F, Part 2 does not include certain deferred credits, deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, such amounts are reflected on the Debtors' books and records as required in accordance with GAAP or IFRS.

The claims of individual creditors for, among other things, goods, services, or taxes listed on the Debtors' books and records may not reflect credits or allowances due from such creditors. The Debtors reserve all of their rights in respect of such credits or allowances. The dollar amounts listed may be exclusive of contingent or unliquidated amounts.

(p)    **Schedule G – Executory Contracts and Unexpired Leases.** While reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. Additionally, in certain instances, executory contracts and unexpired leases may be omitted due to their confidential nature but can be made available to the U.S. Trustee on a confidential basis. Additionally, relationships between the Debtors and their vendors are often governed by a master services agreement, under which vendors also place work and purchase orders, which may be considered executory contracts. Disclosure of these purchase and work orders, however, is impracticable and unduly burdensome. Accordingly, to the extent the Debtors have determined to disclose non-confidential master services agreements in Schedule G, purchase and work orders placed thereunder have been omitted.

Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as supplemental agreements and letter agreement, which documents may not be set forth in Schedule G.

The Debtors reserve all rights to dispute or challenge the characterization of any transaction or any document or instrument related to a creditor's claim.

In some cases, the same supplier or provider may appear multiple times in Schedule G. Multiple listings, if any, reflect distinct agreements between the applicable Debtor and such supplier or provider.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract. The Debtors reserve the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

(q)  **Schedule H – Co-Debtors**. In the ordinary course of their business, the Debtors pay certain expenses on behalf of their subsidiaries. The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, debt instruments, and other agreements. Further, certain of the guarantees reflected on Schedule H may have expired or may no longer be enforceable. Thus, the Debtors reserve their rights to amend Schedule H to the extent that additional guarantees are identified or such guarantees are discovered to have expired or become unenforceable.

In the ordinary course of their business, the Debtors may be involved in pending or threatened litigation and claims arising out of certain ordinary course of business transactions. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because such claims are contingent, disputed, and/or unliquidated, such claims have not been set forth individually on Schedule H. However, some such claims may be listed elsewhere in the Schedules and Statements.

Due to their voluminous nature, and to avoid unnecessary duplication, the Debtors have excluded debts that more than one Debtor may be liable for on Schedule H because such debts are otherwise reflected on Schedules D, E/F, or G for each Debtor.

5.    **Specific Statements Disclosures.**

(a)    **Statement Question 1 – Gross Revenue.**  The Debtors have provided gross revenue figures for Debtors Voyager Digital Holdings, Inc. and Voyager Digital, LLC for July 1, 2019, through June 30, 2020; July 1, 2020, through June 30, 2021; and July 1, 2021, through the Petition Date.  Debtor Voyager Digital Ltd. has no gross revenue.

(b)    **Statement Questions 3 and 4 – Payments to Certain Creditors.**  Prior to the Petition Date, the Debtors maintained a centralized cash management system through which the Debtors affiliates made certain payments on behalf of other entities, as described in the Cash Management Motion.  Consequently, all payments to creditors and insiders listed in response to Statement Questions 3 and 4 on each of the Debtors' Statements reflect payments made by the Debtors from operating bank accounts, on behalf of the corresponding Debtor, pursuant to the Debtors' cash management system described in the Cash Management Motion.  Payments listed on Statement Question 4 were made by Debtor Voyager Digital Holdings, Inc. and are, therefore, listed on Debtor Voyager Digital Holdings, Inc.'s Statements. Certain payments listed on Statement Question 3 were denominated in cryptocurrency as these payments were provided to the respective creditor in cryptocurrency.  For the avoidance of doubt, any payments made in connection with the Debtors' bankruptcy within the 12-month period prior to the Petition Date are disclosed in response to Statement Question 11 and therefore are not listed in response to Statement Question 3.  Further, any payments made to an "insider" within the 12-month period prior to the Petition Date are disclosed in response to Statement Question 4 and therefore are not listed in response to Statement Question 3.

The Debtors have responded to Statement Questions 4 and 30 in detailed format by insider in the attachment for Statement Question 4.  To the extent:  (i) a person qualified as an "insider" in the year prior to the Petition Date but later resigned their insider status or (ii) did not begin the year as an "insider" but later became an "insider," the Debtors have listed in response to Statement Question 4 all payments made during the applicable 12-month period, irrespective of when such person was defined as an "insider."

As discussed above, the inclusion of a party as an "insider" is not intended to be, nor should be, construed as a legal characterization of such party as an "insider" and does not act as an admission of any fact, Claim, right, or defense, and any such rights, Claims, and defenses are hereby expressly reserved.

(c)    **Statement Question 7 – Legal Actions.**  The Debtors have included certain known state regulatory and civil actions and against the Debtors.  The Debtors are not aware of any pending workers' compensation claims.  However, if any workers' compensation claims become known, the Debtors maintain that disclosing such claims would violate certain laws, including the Health Insurance Portability and Accountability Act of 1996.

(d)     **Statement Question 11 – Payments Made Related to Bankruptcy.** All payments for services of any entities that provided consultation concerning debt restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date were made by Debtor Voyager Digital Holdings, Inc. (for the benefit of all Debtors) and are, therefore, listed on Debtor Voyager Digital Holdings, Inc.'s Statements. For the avoidance of doubt, Fasken Martineau DuMoulin, LLP and Alvarez & Marsal Canada Inc. were retained as legal counsel and information officer, respectively, in connection with the Debtors' proceeding commenced pursuant to Part IV of the Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36 in the Ontario Superior Court of Justice (Commercial List). Additional information regarding the Debtors' retention of professional service firms is more fully described in the individual retention applications for those professionals and related orders. Although the Debtors have made reasonable efforts to distinguish between payments made for professional services related and unrelated to their restructuring efforts, some amounts listed in response to Statement Question 11 may include payments for professional services unrelated to bankruptcy.

(e)     **Statement Question 18 – Closed Financial Accounts.** Within the year before the Petition Date, the Debtors did not have any closed financial accounts. As described in the Cash Management Motion, as of the Petition Date, Debtor Voyager Digital, LLC maintained a master operating account and an exchange network account at Silvergate Bank. On July 8, 2022, Silvergate Bank closed each of these accounts.

(f)     **Statement Question 20 – Off-Premises Storage.** The Debtors do not have any physical off-premise storage. However, the Debtors utilize several cloud storage service providers to house the Debtors' information. These vendor contracts are included in Schedule G. The Debtors reserve all of their rights to amend and/or supplement Schedule G as may be necessary or appropriate.

(g)     **Statement Question 21 – Property Held for Another.** The Debtors have excluded cash held in the FBO Accounts maintained by MC Bank in the data set forth in the Debtors' response to Statement Question 21.

(h)     **Statement Question 26 – Books, Records, and Financial Statements.** Pursuant to the requirements of National Instrument 51-102 – *Continuous Disclosure Obligations*, the Debtors filed with the Ontario Securities Commission and the securities regulatory authorities in each of the other provinces and territories of Canada audited financial statements on an annual basis and unaudited financial statements on a quarterly basis. These filings contain consolidated financial information relating to the Debtors and non-Debtors. The Debtors have not filed any financial information specifically related to the Debtors either individually or on a combined or consolidated basis. Additionally, financial information for the Debtors is available through the company's website at https://www.investvoyager.com/investorrelations/overview/. In addition, the Debtors provide certain parties, such as banks, auditors, potential investors, vendors, and financial advisors, with financial statements that may not be part of a

public filing.  The Debtors do not maintain complete lists or other records tracking such disclosures.  As such, the Debtors have not provided lists of these parties in their response to this Statement.

(i)    **Statement Question 30 – Payments, Distributions, or Withdrawals Credited or Given to Insiders.**  Distributions by the Debtors to their directors and officers are listed on the attachment to Statement Question 4.  Certain directors and executive officers of Debtor Voyager Digital Holdings, Inc. are also directors and executive officers of certain of the other Debtors and non-Debtor affiliates.  Such individuals are only compensated for services rendered to the Debtors on a consolidated basis, so to the extent payments to such individuals are not listed in the response to Statement Question 4 on the Statements for such Debtor affiliates, they did not receive payment from the Debtors for their services as directors or executive officers of these entities.

*       *       *       *       *

| Fill in this information to identify the case: |
|---|
| Debtor name: Voyager Digital Holdings, Inc. |
| United States Bankruptcy Court for the: Southern District of New York |
| Case number: 22-10943 |

☐ Check if this is an amended filing

## Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

### Part 1:    Income

**1. Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From<br>7/1/2021    to    Filing Date | ☐ Operating a business<br>☑ Other<br><br>N/A | $0.00 |
| **For prior year:** | From<br>7/1/2020    to    6/30/2021 | ☑ Operating a business<br>☐ Other | $-25,553.00 |
| **For the year before that:** | From<br>7/1/2019    to    6/30/2020 | ☑ Operating a business<br>☐ Other | $45,553.00 |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From _____    to    Filing Date | _____ | _____ |
| **For prior year:** | From _____    to    _____ | _____ | _____ |
| **For the year before that:** | From _____    to    _____ | _____ | _____ |

**Part 2:**    List Certain Transfers Made Before Filing for Bankruptcy

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers - including expense reimbursements - to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|
| 3.1<br><br>See SOFA 3 Attachment | | $1,192,388.72 | ☐ Secured debt<br><br>☐ Unsecured loan repayments<br><br>☐ Suppliers or vendors<br><br>☐ Services<br><br>☐ Other |

### 4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1<br><br>See SOFA 4 Attachment<br><br>Relationship to debtor | | $8,415,736.35 | ☐ Secured debt<br><br>☐ Unsecured loan repayments<br><br>☐ Suppliers or vendors<br><br>☐ Services<br><br>☐ Other |

### 5. Repossessions, foreclosures, and returns

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller.
Do not include property listed in line 6.

☑ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| 5.1 | | | |

### 6. Setoffs

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| 6.1 | Last 4 digits of account number | | |

**Part 3:    Legal Actions or Assignments**

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1 **Name** See SOFA 7 Attachment **Case number** | | Name ___ Street ___ City ___ State ___ Zip ___ | ☐ Pending ☐ On appeal ☐ Concluded |

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| 8.1 Custodian's name and address ___ Street ___ City ___ State ___ Zip ___ | Case title ___ Case number ___ Date of order or assignment ___ | Court name and address Name ___ Street ___ City ___ State ___ Zip ___ |

**Part 4:    Certain Gifts and Charitable Contributions**

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☐ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1 Recipient's name The Friends of Flacon Hockey Inc. Street 575 Highland Ave City Cheshire State CT Zip 06410 **Recipient's relationship to debtor** None | Cash Donation | 10/15/2021 | $15,000.00 |

**Part 5:**   **Losses**

**10. All losses from fire, theft, or other casualty within 1 year before filing this case**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. List unpaid claims on Official Form 106A/B (Schedule A/B: Assets – Real and Personal Property). | Date of loss | Value of property lost |
|---|---|---|---|
| 10.1 | | | |

**Part 6:**   **Certain Payments or Transfers**

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.1 | | | $5,318,842.76 |
|     See SOFA 11 Attachment | | | |
| **Email or website address** | | | |
| **Who made the payment, if not debtor?** | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| 12.1 | | | |
| **Trustee** | | | |

**13. Transfers not already listed on this statement**

List any transfers of money or other property□by sale, trade, or any other means□made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| 13.1 | | | |
| Relationship to debtor | | | |

**Part 7:**    **Previous Locations**

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| Address | | | | Dates of occupancy | |
|---|---|---|---|---|---|

14.1

| Street 54 Thompson St, Fl 3 | | | | From 8/1/2019 | to 2/1/2020 |
| City New York | State NY | Zip 10012 | | | |

14.2

| Street 154 Grand St | | | | From 1/1/2018 | to 8/1/2019 |
| City New York | State NY | Zip 10013 | | | |

**Part 8:**    **Health Care Bankruptcies**

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

☐ diagnosing or treating injury, deformity, or disease, or

☐ providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

15.1

| Street | | | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider | **How are records kept?** Check all that apply: ☐ Electronically |
| City | State | Zip | | ☐ Paper |

**Part 9:**    **Personally Identifiable Information**

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.

☐ Yes. State the nature of the information collected and retained. _____

      Does the debtor have a privacy policy about that information?

      ☑ No

      ☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.

☑ Yes. Does the debtor serve as plan administrator?

    ☐ No. Go to Part 10.

    ☑ Yes. Fill in below:

| **Name of plan** | **Employer identification number of the plan** |
|---|---|
| Transamerica 401(K) | 82-4138013 |

Has the plan been terminated?

☑ No

☐ Yes

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred? Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| 18.1 <br><br>Name _____ <br> Street _____ <br> City ____ State ____ Zip ____ | _____ | ☐ Checking <br> ☐ Savings <br> ☐ Money market <br> ☐ Brokerage <br> ☐ Other <br><br> _____ | _____ | _____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| 19.1 <br><br>Name _____ <br> Street _____ <br> City ____ State ____ Zip ____ | Address _____ | _____ | ☐ No <br> ☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☐ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|

20.1

| | | | |
|---|---|---|---|
| Name<br>Amazon Web Services | Rakesh Gidwani | Cloud storage | ☐ No |
| Street<br>P.O. Box 84023 | Address<br>33 Irving Place, Suite 3060, New York, NY 10003 | | ☑ Yes |
| City<br>Seattle   State<br>WA   Zip<br>98124 | | | |

20.2

| | | | |
|---|---|---|---|
| Name<br>Google Workspace | Rakesh Gidwani | Cloud storage | ☐ No |
| Street<br>Unknown | Address<br>33 Irving Place, Suite 3060, New York, NY 10003 | | ☑ Yes |
| City   State   Zip | | | |

20.3

| | | | |
|---|---|---|---|
| Name<br>Postgres on GCP | Rakesh Gidwani | Cloud storage | ☐ No |
| Street<br>Unknown | Address<br>33 Irving Place, Suite 3060, New York, NY 10003 | | ☑ Yes |
| City   State   Zip | | | |

**Part 11:    Property the Debtor Holds or Controls that the Debtor Does Not Own**

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|

21.1

| Part 12: | Details About Environmental Information |
|---|---|

**For the purpose of Part 12, the following definitions apply:**

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders

☑ No.

☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| 22.1 _____ Case Number _____ | Name _____ Street _____ City ____ State ____ Zip ____ | _____ | ☐ Pending ☐ On appeal ☐ Concluded |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| 23.1 Name _____ Street _____ City ____ State ____ Zip ____ | Name _____ Street _____ City ____ State ____ Zip ____ | _____ | _____ |

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| 24.1 Name _____ Street _____ City ____ State ____ Zip ____ | Name _____ Street _____ City ____ State ____ Zip ____ | _____ | _____ |

**Part 13:**   **Details About the Debtor's Business or Connections to Any Business**

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| Business name and address | Describe the nature of the business | Employer Identification number |
|---|---|---|
| | | Do not include Social Security number or ITIN. |

25.1

Voyager Digital LLC
Brickell City Centre
78 SW 7th Street
Miami, FL 33130

Digital Asset Broker

EIN    82-4138013

**Dates business existed**
From    1/24/2018    to    Current

25.2

VYGR Digital Securities, LLC
33 Irving Place
3rd Floor
New York, NY 10003

Minimal Activities

EIN    86-3093741

**Dates business existed**
From    7/1/2008    to    Current

25.3

VYGR Holding, LLC
33 Irving Place
3rd Floor
New York, NY 10003

Holding Company

EIN    86-2827500

**Dates business existed**
From    3/24/2021    to    Current

25.4

VYGR Management LLC
33 Irving Place
3rd Floor
New York, NY 10003

Minimal Activities

EIN    86-3531241

**Dates business existed**
From    4/28/2021    to    Current

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|

26a.1

Ashwin Prithipaul
33 Irving Place, 3rd Floor
New York, NY 10003

From    5/16/2022    to    Present

26a.2

Evan Psaropoulos
33 Irving Place, 3rd Floor
New York, NY 10003

From    9/1/2020    to    5/16/2022

26a.3

Stephen Ehrlich
33 Irving Place, 3rd Floor
New York, NY 10003

From    1/23/2018    to    8/31/2020

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26b.1 Marcum LLP<br>750 Third Avenue<br>New York, NY 10017 | From<br>4/30/2018      to<br>Present |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1 Grant Thornton LLP<br>3333 Finley Road<br>Ste 700<br>Downers Grove, IL 60515 | |
| 26c.2 Williams Marston LLC<br>3300 Irvine Ave<br>Ste 350<br>Newport Beach, CA 92662 | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☑ None

| Name and address |
|---|
| 26d.1 |

**27. Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name and Address | Position and nature of any interest | % of interest, if any |
|---|---|---|
| 28.1 See attached SOFA 28 Exhibit | | |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No

☑ Yes. Identify below.

| Name and Address | Position and nature of any interest | Period during which position or interest was held | |
|---|---|---|---|
| 29.1 <br><br> Akbar Ladhani <br> 33 Irvine Place, Suite 3060 <br> New York, NY 10003 | Chief Global Data Officer | From <br> 5/20/2021 | to <br> 12/17/2021 |
| 29.2 <br><br> Evan Psaropoulos <br> 33 Irving Place, 3rd Floor <br> New York, NY 10003 | Chief Financial Officer | From <br> 9/1/2020 | to <br> 5/16/2022 |
| 29.3 <br><br> Lewis Bateman <br> 33 Irvine Place, Suite 3060 <br> New York, NY 10003 | Chief International Officer | From <br> 10/01/2020 | to <br> 06/09/2022 |
| 29.4 <br><br> Michael Legg <br> 33 Irving Place, 3rd Floor <br> New York, NY 10003 | Chief Communications Officer | From <br> 8/11/2020 | to <br> 2/15/2022 |

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No

☑ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1 <br><br> See SOFA 4 | | | |

| Relationship To Debtor |
|---|
| |

**31.Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ No

☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| 31.1 | EIN |

22-10943-mew    Doc 312    Filed 08/19/22    Entered 08/19/22 00:04:04    Main Document
Pg 36 of 49

**32.** **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| 32.1 | EIN |

**SOFA 3 ATTACHMENT**
Certain payments or transfers to creditors within 90 days before filing this case

| Creditor's Name | Payment Date | Payment Amount | Reason for Payment or Transfer |
|---|---|---|---|
| Eva Yuen | 5/28/2022 | $10,010.29 | Payment for Services |
| Eva Yuen | 6/23/2022 | $10,000.00 | Payment for Services |
| Eva Yuen | 4/28/2022 | $110.00 | Expense Reimbursement |
| **Eva Yuen Total** | | **$20,120.29** | |
| | | | |
| Korn Ferry (US) | 4/6/2022 | $80,850.00 | Payment for Services |
| Korn Ferry (US) | 4/6/2022 | $37,150.00 | Payment for Services |
| Korn Ferry (US) | 6/9/2022 | $90,650.00 | Payment for Services |
| **Korn Ferry (US) Total** | | **$208,650.00** | |
| | | | |
| Lowenstein Sandler LLP | 5/28/2022 | $472.50 | Payment for Services |
| Lowenstein Sandler LLP | 5/28/2022 | $11,385.00 | Payment for Services |
| Lowenstein Sandler LLP | 6/9/2022 | $28,282.50 | Payment for Services |
| Lowenstein Sandler LLP | 6/9/2022 | $496.80 | Payment for Services |
| Lowenstein Sandler LLP | 6/9/2022 | $729.00 | Payment for Services |
| Lowenstein Sandler LLP | 6/9/2022 | $269.39 | Payment for Services |
| Lowenstein Sandler LLP | 6/23/2022 | $19,369.87 | Payment for Services |
| Lowenstein Sandler LLP | 6/23/2022 | $100,000.00 | Payment for Services |
| Lowenstein Sandler LLP | 6/30/2022 | $65,878.20 | Payment for Services |
| Lowenstein Sandler LLP | 6/30/2022 | $1,053.00 | Payment for Services |
| Lowenstein Sandler LLP | 6/30/2022 | $13,064.04 | Payment for Services |
| Lowenstein Sandler LLP | 6/30/2022 | $7,546.50 | Payment for Services |
| Lowenstein Sandler LLP | 6/30/2022 | $6,885.00 | Payment for Services |
| Lowenstein Sandler LLP | 6/30/2022 | $14,859.90 | Payment for Services |
| Lowenstein Sandler LLP | 6/30/2022 | $2,117.95 | Payment for Services |
| **Lowenstein Sandler LLP Total** | | **$272,409.65** | |
| | | | |
| Ogon,LLC | 6/9/2022 | $100,000.00 | Payment for Services |
| Ogon,LLC | 6/9/2022 | $10,000.00 | Payment for Services |
| **Ogon,LLC Total** | | **$110,000.00** | |
| | | | |
| Oracle America, Inc. | 4/18/2022 | $25,781.46 | Payment for Services |
| **Oracle America, Inc. Total** | | **$25,781.46** | |
| | | | |
| Pickwick Capital Partners, LLC | 6/23/2022 | $300,000.00 | Payment for Services |
| **Pickwick Capital Partners, LLC Total** | | **$300,000.00** | |
| | | | |
| Segment.IO, Inc. | 5/12/2022 | $33,728.20 | Payment for Services |
| **Segment.IO, Inc. Total** | | **$33,728.20** | |
| | | | |
| Troutman Pepper Hamilton Sanders LLP | 4/18/2022 | $2,835.00 | Payment for Services |

**SOFA 3 ATTACHMENT**
Certain payments or transfers to creditors within 90 days before filing this case

| Creditor's Name | Payment Date | Payment Amount | Reason for Payment or Transfer |
|---|---|---|---|
| Troutman Pepper Hamilton Sanders LLP | 4/28/2022 | $2,900.00 | Payment for Services |
| Troutman Pepper Hamilton Sanders LLP | 5/28/2022 | $18,358.00 | Payment for Services |
| Troutman Pepper Hamilton Sanders LLP | 5/28/2022 | $7,831.00 | Payment for Services |
| Troutman Pepper Hamilton Sanders LLP | 5/28/2022 | $5,885.00 | Payment for Services |
| Troutman Pepper Hamilton Sanders LLP | 5/28/2022 | $22,015.00 | Payment for Services |
| Troutman Pepper Hamilton Sanders LLP | 5/28/2022 | $1,200.00 | Payment for Services |
| Troutman Pepper Hamilton Sanders LLP | 6/30/2022 | $480.00 | Payment for Services |
| Troutman Pepper Hamilton Sanders LLP | 6/30/2022 | $670.00 | Payment for Services |
| Troutman Pepper Hamilton Sanders LLP | 6/30/2022 | $400.00 | Payment for Services |
| Troutman Pepper Hamilton Sanders LLP | 6/30/2022 | $3,360.00 | Payment for Services |
| **Troutman Pepper Hamilton Sanders LLP Total** | | **$65,934.00** | |
| | | | |
| Vijay Kumar B | 5/12/2022 | $6,115.46 | Payment for Services |
| Vijay Kumar B | 6/6/2022 | $5,416.66 | Payment for Services |
| Vijay Kumar B | 5/12/2022 | $6,115.46 | Payment for Services |
| **Vijay Kumar B Total** | | **$17,647.58** | |
| | | | |
| WeWork | 4/4/2022 | $14,169.15 | April 2022 Rent |
| WeWork | 4/4/2022 | $4,287.50 | April 2022 Rent |
| WeWork | 5/3/2022 | $21,006.65 | Payment for Services |
| WeWork | 6/3/2022 | $15,306.65 | Payment for Services |
| **WeWork Total** | | **$54,769.95** | |
| | | | |
| Whistler Search Partners, LLC | 4/28/2022 | $60,000.00 | Payment for Services |
| **Whistler Search Partners, LLC Total** | | **$60,000.00** | |
| | | | |
| Erika Szychowski | 6/10/2022 | $3,960.54 | Expense Reimbursement |
| Erika Szychowski | 6/10/2022 | $1,877.02 | Expense Reimbursement |
| Erika Szychowski | 6/10/2022 | $5,818.40 | Expense Reimbursement |
| Erika Szychowski | 6/10/2022 | $721.72 | Expense Reimbursement |
| Erika Szychowski | 6/10/2022 | $2,143.80 | Expense Reimbursement |
| Erika Szychowski | 6/10/2022 | $6,547.20 | Expense Reimbursement |
| Erika Szychowski | 6/10/2022 | $235.36 | Expense Reimbursement |
| Erika Szychowski | 6/10/2022 | $756.91 | Expense Reimbursement |
| Erika Szychowski | 6/10/2022 | $1,286.64 | Expense Reimbursement |
| **Erika Szychowski Total** | | **$23,347.59** | |
| | | | |
| **Grand Total** | | **$1,192,388.72** | |

In re: Voyager Digital Holdings, Inc.
Case No. 22-10943

SOFA 4 Attachment

Certain payments or transfers to creditors within 90 days before filing this case

| Insider's Name | Address 1 | Address 2 | City | State | ZIP | Country | Relationship to the Debtor | Payment Date | Payment Amount | Reason for Payment or Transfer |
|---|---|---|---|---|---|---|---|---|---|---|
| Akbarali Amirali Ladhani | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Former Chief Global Data Officer | 10/15/2021 | $595.48 | Expense Reimbursement |
| Akbarali Amirali Ladhani | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Former Chief Global Data Officer | 12/31/2021 | $244.28 | Expense Reimbursement |
| Akbarali Amirali Ladhani | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Former Chief Global Data Officer | 7/15/2021 | $13,542.73 | Payroll + Benefits |
| Akbarali Amirali Ladhani | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Former Chief Global Data Officer | 7/31/2021 | $13,542.73 | Payroll + Benefits |
| Akbarali Amirali Ladhani | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Former Chief Global Data Officer | 8/15/2021 | $13,542.73 | Payroll + Benefits |
| Akbarali Amirali Ladhani | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Former Chief Global Data Officer | 8/31/2021 | $13,542.73 | Payroll + Benefits |
| Akbarali Amirali Ladhani | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Former Chief Global Data Officer | 9/15/2021 | $13,542.73 | Payroll + Benefits |
| Akbarali Amirali Ladhani | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Former Chief Global Data Officer | 9/30/2021 | $13,542.73 | Payroll + Benefits |
| Akbarali Amirali Ladhani | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Former Chief Global Data Officer | 10/15/2021 | $21,460.46 | Payroll + Benefits |
| Akbarali Amirali Ladhani | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Former Chief Global Data Officer | 11/30/2021 | $54,166.67 | Payroll + Benefits |
| Akbarali Amirali Ladhani | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Former Chief Global Data Officer | 12/31/2021 | $0.00 | Payroll + Benefits |
| **Akbarali Amirali Ladhani Total** | | | | | | | | | **$157,723.27** | |
| | | | | | | | | | | |
| Ashwin Prithipaul | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Financial Officer | 5/31/2022 | $14,583.33 | Payroll + Benefits |
| Ashwin Prithipaul | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Financial Officer | 6/15/2022 | $14,583.33 | Payroll + Benefits |
| Ashwin Prithipaul | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Financial Officer | 6/30/2022 | $15,198.75 | Payroll + Benefits |
| **Ashwin Prithipaul Total** | | | | | | | | | **$44,365.41** | |
| | | | | | | | | | | |
| Brian Brooks | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Director | 3/31/2022 | $12,500.00 | Director Compensation |
| Brian Brooks | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Director | 5/17/2022 | $2,484.52 | Expense Reimbursement |
| Brian Brooks | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Director | 6/30/2022 | $12,500.00 | Director Compensation |
| **Brian Brooks  Total** | | | | | | | | | **$27,484.52** | |
| | | | | | | | | | | |
| Daniel Costantino | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Information Security Officer | 7/15/2021 | $12,826.24 | Payroll + Benefits |
| Daniel Costantino | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Information Security Officer | 7/31/2021 | $12,826.24 | Payroll + Benefits |
| Daniel Costantino | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Information Security Officer | 8/15/2021 | $12,826.24 | Payroll + Benefits |
| Daniel Costantino | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Information Security Officer | 8/31/2021 | $12,826.24 | Payroll + Benefits |
| Daniel Costantino | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Information Security Officer | 9/15/2021 | $12,826.24 | Payroll + Benefits |
| Daniel Costantino | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Information Security Officer | 9/30/2021 | $12,826.24 | Payroll + Benefits |
| Daniel Costantino | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Information Security Officer | 10/15/2021 | $12,826.24 | Payroll + Benefits |
| Daniel Costantino | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Information Security Officer | 10/31/2021 | $12,826.24 | Payroll + Benefits |
| Daniel Costantino | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Information Security Officer | 11/15/2021 | $12,826.24 | Payroll + Benefits |
| Daniel Costantino | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Information Security Officer | 11/30/2021 | $12,826.24 | Payroll + Benefits |
| Daniel Costantino | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Information Security Officer | 12/15/2021 | $12,826.24 | Payroll + Benefits |
| Daniel Costantino | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Information Security Officer | 12/31/2021 | $12,826.24 | Payroll + Benefits |
| Daniel Costantino | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Information Security Officer | 1/15/2022 | $13,186.15 | Payroll + Benefits |
| Daniel Costantino | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Information Security Officer | 1/31/2022 | $13,686.60 | Payroll + Benefits |
| Daniel Costantino | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Information Security Officer | 2/15/2022 | $15,686.60 | Payroll + Benefits |
| Daniel Costantino | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Information Security Officer | 2/28/2022 | $13,686.60 | Payroll + Benefits |
| Daniel Costantino | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Information Security Officer | 3/15/2022 | $13,686.60 | Payroll + Benefits |
| Daniel Costantino | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Information Security Officer | 3/31/2022 | $13,686.60 | Payroll + Benefits |
| Daniel Costantino | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Information Security Officer | 4/15/2022 | $13,686.60 | Payroll + Benefits |
| Daniel Costantino | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Information Security Officer | 4/30/2022 | $13,686.60 | Payroll + Benefits |
| Daniel Costantino | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Information Security Officer | 5/15/2022 | $13,686.60 | Payroll + Benefits |
| Daniel Costantino | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Information Security Officer | 5/31/2022 | $13,686.60 | Payroll + Benefits |
| Daniel Costantino | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Information Security Officer | 6/15/2022 | $13,686.60 | Payroll + Benefits |
| Daniel Costantino | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Information Security Officer | 6/30/2022 | $13,686.60 | Payroll + Benefits |
| Daniel Costantino | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Information Security Officer | 2/15/2022 | $50,000.00 | Bonus |
| Daniel Costantino | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Information Security Officer | 8/31/2021 | $223.41 | Expense Reimbursement |
| Daniel Costantino | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Information Security Officer | 9/30/2021 | $125.00 | Expense Reimbursement |
| Daniel Costantino | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Information Security Officer | 11/15/2021 | $125.69 | Expense Reimbursement |
| Daniel Costantino | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Information Security Officer | 12/31/2021 | $2,649.56 | Expense Reimbursement |
| Daniel Costantino | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Information Security Officer | 3/15/2022 | $564.83 | Expense Reimbursement |
| Daniel Costantino | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Information Security Officer | 3/31/2022 | $166.00 | Expense Reimbursement |
| Daniel Costantino | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Information Security Officer | 4/30/2022 | $2,584.33 | Expense Reimbursement |
| Daniel Costantino | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Information Security Officer | 6/15/2022 | $610.95 | Expense Reimbursement |
| **Daniel Costantino Total** | | | | | | | | | **$376,703.40** | |
| | | | | | | | | | | |
| David Brosgol | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | General Counsel | 7/15/2021 | $10,742.91 | Payroll + Benefits |

Certain payments or transfers to creditors within 90 days before filing this case

| Insider's Name | Address 1 | Address 2 | City | State | ZIP | Country | Relationship to the Debtor | Payment Date | Payment Amount | Reason for Payment or Transfer |
|---|---|---|---|---|---|---|---|---|---|---|
| David Brosgol | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | General Counsel | 7/31/2021 | $10,742.91 | Payroll + Benefits |
| David Brosgol | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | General Counsel | 8/15/2021 | $10,742.91 | Payroll + Benefits |
| David Brosgol | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | General Counsel | 8/31/2021 | $10,742.91 | Payroll + Benefits |
| David Brosgol | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | General Counsel | 9/15/2021 | $10,742.91 | Payroll + Benefits |
| David Brosgol | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | General Counsel | 9/30/2021 | $10,742.91 | Payroll + Benefits |
| David Brosgol | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | General Counsel | 10/15/2021 | $10,742.91 | Payroll + Benefits |
| David Brosgol | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | General Counsel | 10/31/2021 | $10,742.91 | Payroll + Benefits |
| David Brosgol | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | General Counsel | 11/15/2021 | $10,742.91 | Payroll + Benefits |
| David Brosgol | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | General Counsel | 11/30/2021 | $10,742.91 | Payroll + Benefits |
| David Brosgol | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | General Counsel | 12/15/2021 | $10,742.91 | Payroll + Benefits |
| David Brosgol | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | General Counsel | 12/31/2021 | $10,742.91 | Payroll + Benefits |
| David Brosgol | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | General Counsel | 1/15/2022 | $15,267.25 | Payroll + Benefits |
| David Brosgol | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | General Counsel | 2/15/2022 | $500,000.00 | Bonus |
| David Brosgol | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | General Counsel | 2/28/2022 | $50,000.00 | Bonus |
| David Brosgol | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | General Counsel | 1/31/2022 | $15,852.30 | Payroll + Benefits |
| David Brosgol | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | General Counsel | 2/15/2022 | $26,882.20 | Payroll + Benefits |
| David Brosgol | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | General Counsel | 2/28/2022 | $15,267.25 | Payroll + Benefits |
| David Brosgol | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | General Counsel | 3/15/2022 | $15,267.25 | Payroll + Benefits |
| David Brosgol | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | General Counsel | 3/31/2022 | $15,267.25 | Payroll + Benefits |
| David Brosgol | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | General Counsel | 4/15/2022 | $15,267.25 | Payroll + Benefits |
| David Brosgol | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | General Counsel | 4/30/2022 | $15,267.25 | Payroll + Benefits |
| David Brosgol | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | General Counsel | 5/15/2022 | $15,267.25 | Payroll + Benefits |
| David Brosgol | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | General Counsel | 5/31/2022 | $15,267.25 | Payroll + Benefits |
| David Brosgol | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | General Counsel | 6/15/2022 | $15,267.25 | Payroll + Benefits |
| David Brosgol | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | General Counsel | 6/30/2022 | $15,267.25 | Payroll + Benefits |
| David Brosgol | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | General Counsel | 9/15/2021 | $249.15 | Expense Reimbursement |
| David Brosgol | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | General Counsel | 11/15/2021 | $120.60 | Expense Reimbursement |
| David Brosgol | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | General Counsel | 4/30/2022 | $223.52 | Expense Reimbursement |
| **David Brosgol Total** | | | | | | | | | **$874,915.19** | |
| | | | | | | | | | | |
| Evan Psaropoulos | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Commercial Officer | 5/15/2022 | $27,053.34 | Non-Qualified Stock Options |
| Evan Psaropoulos | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Commercial Officer | 2/15/2022 | $50,000.00 | Bonus |
| Evan Psaropoulos | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Commercial Officer | 7/15/2021 | $9,376.06 | Payroll + Benefits |
| Evan Psaropoulos | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Commercial Officer | 7/31/2021 | $9,376.06 | Payroll + Benefits |
| Evan Psaropoulos | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Commercial Officer | 8/15/2021 | $9,376.06 | Payroll + Benefits |
| Evan Psaropoulos | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Commercial Officer | 8/31/2021 | $9,376.06 | Payroll + Benefits |
| Evan Psaropoulos | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Commercial Officer | 9/15/2021 | $9,376.06 | Payroll + Benefits |
| Evan Psaropoulos | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Commercial Officer | 9/30/2021 | $9,376.06 | Payroll + Benefits |
| Evan Psaropoulos | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Commercial Officer | 10/15/2021 | $9,376.06 | Payroll + Benefits |
| Evan Psaropoulos | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Commercial Officer | 10/31/2021 | $9,376.06 | Payroll + Benefits |
| Evan Psaropoulos | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Commercial Officer | 11/15/2021 | $9,376.06 | Payroll + Benefits |
| Evan Psaropoulos | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Commercial Officer | 11/30/2021 | $9,376.06 | Payroll + Benefits |
| Evan Psaropoulos | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Commercial Officer | 12/15/2021 | $9,376.06 | Payroll + Benefits |
| Evan Psaropoulos | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Commercial Officer | 12/31/2021 | $9,376.06 | Payroll + Benefits |
| Evan Psaropoulos | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Commercial Officer | 1/15/2022 | $10,057.81 | Payroll + Benefits |
| Evan Psaropoulos | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Commercial Officer | 1/31/2022 | $10,433.34 | Payroll + Benefits |
| Evan Psaropoulos | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Commercial Officer | 2/15/2022 | $10,414.98 | Payroll + Benefits |
| Evan Psaropoulos | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Commercial Officer | 2/28/2022 | $9,760.56 | Payroll + Benefits |
| Evan Psaropoulos | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Commercial Officer | 3/15/2022 | $9,760.56 | Payroll + Benefits |
| Evan Psaropoulos | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Commercial Officer | 3/31/2022 | $9,760.56 | Payroll + Benefits |
| Evan Psaropoulos | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Commercial Officer | 4/15/2022 | $9,760.56 | Payroll + Benefits |
| Evan Psaropoulos | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Commercial Officer | 4/30/2022 | $9,760.56 | Payroll + Benefits |
| Evan Psaropoulos | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Commercial Officer | 5/15/2022 | $9,760.56 | Payroll + Benefits |
| Evan Psaropoulos | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Commercial Officer | 5/31/2022 | $9,760.56 | Payroll + Benefits |
| Evan Psaropoulos | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Commercial Officer | 6/15/2022 | $9,760.56 | Payroll + Benefits |
| Evan Psaropoulos | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Commercial Officer | 6/30/2022 | $9,760.56 | Payroll + Benefits |
| Evan Psaropoulos | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Commercial Officer | 10/15/2021 | $2,044.35 | Expense Reimbursement |
| Evan Psaropoulos | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Commercial Officer | 11/15/2021 | $223.98 | Expense Reimbursement |
| Evan Psaropoulos | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Commercial Officer | 11/30/2021 | $145.69 | Expense Reimbursement |

SOFA 4 Attachment
Certain payments or transfers to creditors within 90 days before filing this case

| Insider's Name | Address 1 | Address 2 | City | State | ZIP | Country | Relationship to the Debtor | Payment Date | Payment Amount | Reason for Payment or Transfer |
|---|---|---|---|---|---|---|---|---|---|---|
| Evan Psaropoulos | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Commercial Officer | 12/31/2021 | $954.30 | Expense Reimbursement |
| Evan Psaropoulos | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Commercial Officer | 1/31/2022 | $413.98 | Expense Reimbursement |
| Evan Psaropoulos | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Commercial Officer | 3/15/2022 | $2,177.08 | Expense Reimbursement |
| **Evan Psaropoulos Total** | | | | | | | | | **$314,276.61** | |
| Gerard Hanshe | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Operating Officer | 6/15/2022 | $35,062.72 | Non-Qualified Stock Options |
| Gerard Hanshe | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Operating Officer | 7/15/2021 | $9,701.24 | Payroll + Benefits |
| Gerard Hanshe | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Operating Officer | 7/31/2021 | $9,701.24 | Payroll + Benefits |
| Gerard Hanshe | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Operating Officer | 8/15/2021 | $9,701.24 | Payroll + Benefits |
| Gerard Hanshe | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Operating Officer | 8/31/2021 | $9,701.24 | Payroll + Benefits |
| Gerard Hanshe | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Operating Officer | 9/15/2021 | $9,701.24 | Payroll + Benefits |
| Gerard Hanshe | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Operating Officer | 9/30/2021 | $9,701.24 | Payroll + Benefits |
| Gerard Hanshe | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Operating Officer | 10/15/2021 | $9,701.24 | Payroll + Benefits |
| Gerard Hanshe | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Operating Officer | 10/31/2021 | $9,701.24 | Payroll + Benefits |
| Gerard Hanshe | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Operating Officer | 11/15/2021 | $9,701.24 | Payroll + Benefits |
| Gerard Hanshe | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Operating Officer | 11/30/2021 | $9,701.24 | Payroll + Benefits |
| Gerard Hanshe | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Operating Officer | 12/15/2021 | $9,701.24 | Payroll + Benefits |
| Gerard Hanshe | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Operating Officer | 12/31/2021 | $9,701.24 | Payroll + Benefits |
| Gerard Hanshe | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Operating Officer | 1/15/2022 | $10,048.84 | Payroll + Benefits |
| Gerard Hanshe | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Operating Officer | 1/31/2022 | $10,048.84 | Payroll + Benefits |
| Gerard Hanshe | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Operating Officer | 2/15/2022 | $13,173.85 | Payroll + Benefits |
| Gerard Hanshe | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Operating Officer | 2/28/2022 | $12,132.17 | Payroll + Benefits |
| Gerard Hanshe | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Operating Officer | 3/15/2022 | $16,298.84 | Payroll + Benefits |
| Gerard Hanshe | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Operating Officer | 3/31/2022 | $12,132.17 | Payroll + Benefits |
| Gerard Hanshe | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Operating Officer | 4/15/2022 | $11,458.33 | Payroll + Benefits |
| Gerard Hanshe | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Operating Officer | 4/30/2022 | $11,458.33 | Payroll + Benefits |
| Gerard Hanshe | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Operating Officer | 5/15/2022 | $11,458.33 | Payroll + Benefits |
| Gerard Hanshe | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Operating Officer | 5/31/2022 | $11,458.33 | Payroll + Benefits |
| Gerard Hanshe | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Operating Officer | 6/15/2022 | $11,458.33 | Payroll + Benefits |
| Gerard Hanshe | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Operating Officer | 6/30/2022 | $11,458.33 | Payroll + Benefits |
| Gerard Hanshe | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Operating Officer | 7/15/2021 | $2,275,512.74 | Non-Qualified Stock Options |
| Gerard Hanshe | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Operating Officer | 3/31/2022 | $52,565.80 | Non-Qualified Stock Options |
| Gerard Hanshe | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Operating Officer | 4/15/2022 | $74,684.24 | Non-Qualified Stock Options |
| Gerard Hanshe | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Operating Officer | 6/15/2022 | $21,182.50 | Non-Qualified Stock Options |
| Gerard Hanshe | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Operating Officer | 3/15/2022 | $392.20 | Expense Reimbursement |
| **Gerard Hanshe Total** | | | | | | | | | **$2,718,399.77** | |
| Glenn Stevens | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Director | 1/6/2022 | $30,958.90 | Director Compensation |
| Glenn Stevens | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Director | 3/31/2022 | $12,500.00 | Director Compensation |
| Glenn Stevens | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Director | 6/30/2022 | $12,500.00 | Director Compensation |
| **Glenn Stevens  Total** | | | | | | | | | **$55,958.90** | |
| Janice Barrilleaux | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Administrative Officer | 12/31/2021 | $7,542.73 | Payroll + Benefits |
| Janice Barrilleaux | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Administrative Officer | 1/15/2022 | $7,542.73 | Payroll + Benefits |
| Janice Barrilleaux | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Administrative Officer | 1/31/2022 | $7,844.40 | Payroll + Benefits |
| Janice Barrilleaux | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Administrative Officer | 2/15/2022 | $7,844.40 | Payroll + Benefits |
| Janice Barrilleaux | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Administrative Officer | 2/28/2022 | $7,844.40 | Payroll + Benefits |
| Janice Barrilleaux | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Administrative Officer | 3/15/2022 | $8,344.40 | Payroll + Benefits |
| Janice Barrilleaux | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Administrative Officer | 3/31/2022 | $7,844.40 | Payroll + Benefits |
| Janice Barrilleaux | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Administrative Officer | 4/15/2022 | $7,844.40 | Payroll + Benefits |
| Janice Barrilleaux | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Administrative Officer | 4/30/2022 | $7,844.40 | Payroll + Benefits |
| Janice Barrilleaux | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Administrative Officer | 5/15/2022 | $7,844.40 | Payroll + Benefits |
| Janice Barrilleaux | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Administrative Officer | 5/31/2022 | $7,844.40 | Payroll + Benefits |
| Janice Barrilleaux | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Administrative Officer | 6/15/2022 | $7,844.40 | Payroll + Benefits |
| Janice Barrilleaux | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Administrative Officer | 6/30/2022 | $7,844.40 | Payroll + Benefits |
| Janice Barrilleaux | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Administrative Officer | 7/15/2021 | $7,542.73 | Payroll + Benefits |
| Janice Barrilleaux | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Administrative Officer | 7/31/2021 | $7,542.73 | Payroll + Benefits |
| Janice Barrilleaux | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Administrative Officer | 8/15/2021 | $7,542.73 | Payroll + Benefits |
| Janice Barrilleaux | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Administrative Officer | 8/31/2021 | $7,542.73 | Payroll + Benefits |

Certain payments or transfers to creditors within 90 days before filing this case

| Insider's Name | Address 1 | Address 2 | City | State | ZIP | Country | Relationship to the Debtor | Payment Date | Payment Amount | Reason for Payment or Transfer |
|---|---|---|---|---|---|---|---|---|---|---|
| Janice Barrilleaux | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Administrative Officer | 9/15/2021 | $7,542.73 | Payroll + Benefits |
| Janice Barrilleaux | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Administrative Officer | 9/30/2021 | $7,542.73 | Payroll + Benefits |
| Janice Barrilleaux | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Administrative Officer | 10/15/2021 | $7,542.73 | Payroll + Benefits |
| Janice Barrilleaux | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Administrative Officer | 10/31/2021 | $7,542.73 | Payroll + Benefits |
| Janice Barrilleaux | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Administrative Officer | 11/15/2021 | $7,542.73 | Payroll + Benefits |
| Janice Barrilleaux | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Administrative Officer | 11/30/2021 | $7,542.73 | Payroll + Benefits |
| Janice Barrilleaux | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Administrative Officer | 12/15/2021 | $7,542.73 | Payroll + Benefits |
| Janice Barrilleaux | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Administrative Officer | 3/15/2022 | $12,500.00 | Bonus |
| Janice Barrilleaux | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Administrative Officer | 9/15/2021 | $774.33 | Expense Reimbursement |
| **Janice Barrilleaux Total** | | | | | | | | | **$198,118.22** | |
| | | | | | | | | | | |
| Jennifer Ackart | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Director | 12/14/2021 | $1,441.12 | Expense Reimbursement |
| Jennifer Ackart | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Director | 12/22/2021 | $30,958.90 | Director Compensation |
| Jennifer Ackart | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Director | 12/29/2021 | $779.41 | Expense Reimbursement |
| Jennifer Ackart | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Director | 3/31/2022 | $12,500.00 | Director Compensation |
| Jennifer Ackart | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Director | 5/25/2022 | $964.79 | Expense Reimbursement |
| Jennifer Ackart | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Director | 6/30/2022 | $12,500.00 | Director Compensation |
| **Jennifer Ackart Total** | | | | | | | | | **$59,144.22** | |
| | | | | | | | | | | |
| Jill Frizzley | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Director | 7/5/2022 | $30,000.00 | Director Compensation |
| **Jill Frizzley Total** | | | | | | | | | **$30,000.00** | |
| | | | | | | | | | | |
| Krisztian Toth | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Director | 3/31/2022 | $5,443.28 | Director Compensation |
| Krisztian Toth | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Director | 6/30/2022 | $12,500.00 | Director Compensation |
| **Krisztian Toth Total** | | | | | | | | | **$17,943.28** | |
| | | | | | | | | | | |
| Lewis Bateman | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Former Chief International Officer | 10/9/2021 | $46.46 | Expense Reimbursement |
| Lewis Bateman | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Former Chief International Officer | 10/9/2021 | $172.76 | Expense Reimbursement |
| Lewis Bateman | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Former Chief International Officer | 10/9/2021 | $56.21 | Expense Reimbursement |
| Lewis Bateman | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Former Chief International Officer | 10/9/2021 | $17.64 | Expense Reimbursement |
| Lewis Bateman | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Former Chief International Officer | 10/9/2021 | $69.53 | Expense Reimbursement |
| Lewis Bateman | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Former Chief International Officer | 10/9/2021 | $462.86 | Expense Reimbursement |
| Lewis Bateman | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Former Chief International Officer | 10/9/2021 | $115.08 | Expense Reimbursement |
| Lewis Bateman | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Former Chief International Officer | 10/9/2021 | $129.38 | Expense Reimbursement |
| Lewis Bateman | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Former Chief International Officer | 10/9/2021 | $141.70 | Expense Reimbursement |
| Lewis Bateman | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Former Chief International Officer | 10/9/2021 | $257.32 | Expense Reimbursement |
| Lewis Bateman | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Former Chief International Officer | 10/9/2021 | $14.03 | Expense Reimbursement |
| Lewis Bateman | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Former Chief International Officer | 10/9/2021 | $7.35 | Expense Reimbursement |
| Lewis Bateman | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Former Chief International Officer | 10/9/2021 | $21.24 | Expense Reimbursement |
| Lewis Bateman | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Former Chief International Officer | 10/9/2021 | $75.35 | Expense Reimbursement |
| Lewis Bateman | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Former Chief International Officer | 10/9/2021 | $84.28 | Expense Reimbursement |
| Lewis Bateman | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Former Chief International Officer | 10/9/2021 | $47.27 | Expense Reimbursement |
| Lewis Bateman | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Former Chief International Officer | 10/9/2021 | $26.16 | Expense Reimbursement |
| Lewis Bateman | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Former Chief International Officer | 10/9/2021 | $82.91 | Expense Reimbursement |
| Lewis Bateman | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Former Chief International Officer | 10/9/2021 | $103.14 | Expense Reimbursement |
| Lewis Bateman | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Former Chief International Officer | 10/9/2021 | $52.25 | Expense Reimbursement |
| Lewis Bateman | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Former Chief International Officer | 10/9/2021 | $94.00 | Expense Reimbursement |
| Lewis Bateman | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Former Chief International Officer | 10/9/2021 | $5,067.85 | Expense Reimbursement |
| Lewis Bateman | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Former Chief International Officer | 10/9/2021 | $170.55 | Expense Reimbursement |
| Lewis Bateman | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Former Chief International Officer | 10/9/2021 | $76.03 | Expense Reimbursement |
| Lewis Bateman | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Former Chief International Officer | 10/9/2021 | $20.31 | Expense Reimbursement |
| Lewis Bateman | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Former Chief International Officer | 10/9/2021 | $26.50 | Expense Reimbursement |
| Lewis Bateman | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Former Chief International Officer | 10/9/2021 | $15.59 | Expense Reimbursement |
| Lewis Bateman | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Former Chief International Officer | 10/9/2021 | $481.95 | Expense Reimbursement |
| Lewis Bateman | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Former Chief International Officer | 10/9/2021 | $498.25 | Expense Reimbursement |
| Lewis Bateman | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Former Chief International Officer | 10/9/2021 | $46.60 | Expense Reimbursement |
| **Lewis Bateman Total** | | | | | | | | | **$8,480.55** | |
| | | | | | | | | | | |
| Marshall Peter Jensen | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Head of Corporate Development | 12/15/2021 | $12,513.37 | Payroll + Benefits |

Certain payments or transfers to creditors within 90 days before filing this case

| Insider's Name | Address 1 | Address 2 | City | State | ZIP | Country | Relationship to the Debtor | Payment Date | Payment Amount | Reason for Payment or Transfer |
|---|---|---|---|---|---|---|---|---|---|---|
| Marshall Peter Jensen | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Head of Corporate Development | 12/31/2021 | $12,513.37 | Payroll + Benefits |
| Marshall Peter Jensen | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Head of Corporate Development | 1/15/2022 | $12,513.37 | Payroll + Benefits |
| Marshall Peter Jensen | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Head of Corporate Development | 1/31/2022 | $12,513.37 | Payroll + Benefits |
| Marshall Peter Jensen | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Head of Corporate Development | 2/15/2022 | $12,513.37 | Payroll + Benefits |
| Marshall Peter Jensen | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Head of Corporate Development | 2/28/2022 | $12,513.37 | Payroll + Benefits |
| Marshall Peter Jensen | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Head of Corporate Development | 3/15/2022 | $12,513.37 | Payroll + Benefits |
| Marshall Peter Jensen | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Head of Corporate Development | 3/31/2022 | $12,513.37 | Payroll + Benefits |
| Marshall Peter Jensen | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Head of Corporate Development | 4/15/2022 | $12,513.37 | Payroll + Benefits |
| Marshall Peter Jensen | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Head of Corporate Development | 4/30/2022 | $12,513.37 | Payroll + Benefits |
| Marshall Peter Jensen | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Head of Corporate Development | 5/15/2022 | $12,513.37 | Payroll + Benefits |
| Marshall Peter Jensen | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Head of Corporate Development | 5/31/2022 | $12,513.37 | Payroll + Benefits |
| Marshall Peter Jensen | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Head of Corporate Development | 6/15/2022 | $12,513.37 | Payroll + Benefits |
| Marshall Peter Jensen | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Head of Corporate Development | 6/30/2022 | $12,513.37 | Payroll + Benefits |
| **Marshall Peter Jensen Total** | | | | | | | | | **$175,187.18** | |
| Matt Ray | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Director | 7/5/2022 | $30,000.00 | Director Compensation |
| **Matt Ray Total** | | | | | | | | | **$30,000.00** | |
| Pamela Spaan Kramer | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Marketing Officer | 7/15/2021 | $14,171.52 | Payroll + Benefits |
| Pamela Spaan Kramer | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Marketing Officer | 7/31/2021 | $14,171.52 | Payroll + Benefits |
| Pamela Spaan Kramer | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Marketing Officer | 8/15/2021 | $14,171.52 | Payroll + Benefits |
| Pamela Spaan Kramer | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Marketing Officer | 8/31/2021 | $14,171.52 | Payroll + Benefits |
| Pamela Spaan Kramer | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Marketing Officer | 9/15/2021 | $14,171.52 | Payroll + Benefits |
| Pamela Spaan Kramer | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Marketing Officer | 9/30/2021 | $14,171.52 | Payroll + Benefits |
| Pamela Spaan Kramer | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Marketing Officer | 10/15/2021 | $14,171.52 | Payroll + Benefits |
| Pamela Spaan Kramer | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Marketing Officer | 10/31/2021 | $14,171.52 | Payroll + Benefits |
| Pamela Spaan Kramer | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Marketing Officer | 11/15/2021 | $14,171.52 | Payroll + Benefits |
| Pamela Spaan Kramer | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Marketing Officer | 11/30/2021 | $14,171.52 | Payroll + Benefits |
| Pamela Spaan Kramer | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Marketing Officer | 12/15/2021 | $14,171.52 | Payroll + Benefits |
| Pamela Spaan Kramer | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Marketing Officer | 12/31/2021 | $14,171.52 | Payroll + Benefits |
| Pamela Spaan Kramer | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Marketing Officer | 1/15/2022 | $14,230.44 | Payroll + Benefits |
| Pamela Spaan Kramer | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Marketing Officer | 1/31/2022 | $14,230.44 | Payroll + Benefits |
| Pamela Spaan Kramer | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Marketing Officer | 2/15/2022 | $14,230.44 | Payroll + Benefits |
| Pamela Spaan Kramer | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Marketing Officer | 2/28/2022 | $14,230.44 | Payroll + Benefits |
| Pamela Spaan Kramer | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Marketing Officer | 3/15/2022 | $14,230.44 | Payroll + Benefits |
| Pamela Spaan Kramer | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Marketing Officer | 3/31/2022 | $14,230.44 | Payroll + Benefits |
| Pamela Spaan Kramer | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Marketing Officer | 4/15/2022 | $14,230.44 | Payroll + Benefits |
| Pamela Spaan Kramer | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Marketing Officer | 4/30/2022 | $14,230.44 | Payroll + Benefits |
| Pamela Spaan Kramer | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Marketing Officer | 5/15/2022 | $14,230.44 | Payroll + Benefits |
| Pamela Spaan Kramer | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Marketing Officer | 5/31/2022 | $14,230.44 | Payroll + Benefits |
| Pamela Spaan Kramer | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Marketing Officer | 6/15/2022 | $14,230.44 | Payroll + Benefits |
| Pamela Spaan Kramer | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Marketing Officer | 6/30/2022 | $14,230.44 | Payroll + Benefits |
| Pamela Spaan Kramer | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Marketing Officer | 2/15/2022 | $50,000.00 | Bonus |
| Pamela Spaan Kramer | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Marketing Officer | 9/15/2021 | $9,203.16 | Expense Reimbursement |
| Pamela Spaan Kramer | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Marketing Officer | 1/31/2022 | $7,329.86 | Expense Reimbursement |
| Pamela Spaan Kramer | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Marketing Officer | 4/30/2022 | $6,484.00 | Expense Reimbursement |
| Pamela Spaan Kramer | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Marketing Officer | 6/15/2022 | $6,589.48 | Expense Reimbursement |
| **Pamela Spaan Kramer Total** | | | | | | | | | **$420,430.02** | |
| Philip Eytan | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Strategy Officer | 7/15/2021 | $6,251.06 | Payroll + Benefits |
| Philip Eytan | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Strategy Officer | 7/31/2021 | $6,251.06 | Payroll + Benefits |
| Philip Eytan | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Strategy Officer | 8/15/2021 | $6,251.06 | Payroll + Benefits |
| Philip Eytan | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Strategy Officer | 8/31/2021 | $6,251.06 | Payroll + Benefits |
| Philip Eytan | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Strategy Officer | 9/15/2021 | $6,251.06 | Payroll + Benefits |
| Philip Eytan | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Strategy Officer | 9/30/2021 | $6,251.06 | Payroll + Benefits |
| Philip Eytan | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Strategy Officer | 10/15/2021 | $6,251.06 | Payroll + Benefits |
| Philip Eytan | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Strategy Officer | 10/31/2021 | $6,251.06 | Payroll + Benefits |
| Philip Eytan | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Strategy Officer | 11/15/2021 | $6,251.06 | Payroll + Benefits |
| Philip Eytan | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Strategy Officer | 11/30/2021 | $6,251.06 | Payroll + Benefits |

Certain payments or transfers to creditors within 90 days before filing this case

| Insider's Name | Address 1 | Address 2 | City | State | ZIP | Country | Relationship to the Debtor | Payment Date | Payment Amount | Reason for Payment or Transfer |
|---|---|---|---|---|---|---|---|---|---|---|
| Philip Eytan | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Strategy Officer | 12/15/2021 | $6,251.06 | Payroll + Benefits |
| Philip Eytan | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Strategy Officer | 12/31/2021 | $6,251.06 | Payroll + Benefits |
| Philip Eytan | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Strategy Officer | 1/15/2022 | $6,256.69 | Payroll + Benefits |
| Philip Eytan | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Strategy Officer | 1/31/2022 | $6,256.69 | Payroll + Benefits |
| Philip Eytan | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Strategy Officer | 2/15/2022 | $6,256.69 | Payroll + Benefits |
| Philip Eytan | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Strategy Officer | 2/28/2022 | $6,256.69 | Payroll + Benefits |
| Philip Eytan | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Strategy Officer | 3/15/2022 | $6,256.69 | Payroll + Benefits |
| Philip Eytan | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Strategy Officer | 3/31/2022 | $6,256.69 | Payroll + Benefits |
| Philip Eytan | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Strategy Officer | 4/15/2022 | $6,256.69 | Payroll + Benefits |
| Philip Eytan | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Strategy Officer | 4/30/2022 | $6,256.69 | Payroll + Benefits |
| Philip Eytan | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Strategy Officer | 5/15/2022 | $6,256.69 | Payroll + Benefits |
| Philip Eytan | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Strategy Officer | 5/31/2022 | $6,256.69 | Payroll + Benefits |
| Philip Eytan | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Strategy Officer | 6/15/2022 | $6,256.69 | Payroll + Benefits |
| Philip Eytan | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Strategy Officer | 6/30/2022 | $6,256.69 | Payroll + Benefits |
| Philip Eytan | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Strategy Officer | 9/30/2021 | $4,532.43 | Expense Reimbursement |
| Philip Eytan | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Strategy Officer | 10/31/2021 | $16,894.73 | Expense Reimbursement |
| Philip Eytan | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Strategy Officer | 11/15/2021 | $1,563.42 | Expense Reimbursement |
| Philip Eytan | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Strategy Officer | 2/15/2022 | $882.95 | Expense Reimbursement |
| Philip Eytan | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Strategy Officer | 4/30/2022 | $24,496.83 | Expense Reimbursement |
| **Philip Eytan Total** | | | | | | | | | **$198,463.36** | |
| | | | | | | | | | | |
| Rakesh Gidwani | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Technology Officer | 10/15/2021 | $17,115.38 | Payroll + Benefits |
| Rakesh Gidwani | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Technology Officer | 10/31/2021 | $12,500.00 | Payroll + Benefits |
| Rakesh Gidwani | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Technology Officer | 11/15/2021 | $12,503.18 | Payroll + Benefits |
| Rakesh Gidwani | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Technology Officer | 11/30/2021 | $12,501.06 | Payroll + Benefits |
| Rakesh Gidwani | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Technology Officer | 12/15/2021 | $12,501.06 | Payroll + Benefits |
| Rakesh Gidwani | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Technology Officer | 12/31/2021 | $12,501.06 | Payroll + Benefits |
| Rakesh Gidwani | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Technology Officer | 1/15/2022 | $12,757.26 | Payroll + Benefits |
| Rakesh Gidwani | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Technology Officer | 1/31/2022 | $13,257.76 | Payroll + Benefits |
| Rakesh Gidwani | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Technology Officer | 2/15/2022 | $13,257.76 | Payroll + Benefits |
| Rakesh Gidwani | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Technology Officer | 2/28/2022 | $17,257.76 | Payroll + Benefits |
| Rakesh Gidwani | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Technology Officer | 3/15/2022 | $13,257.76 | Payroll + Benefits |
| Rakesh Gidwani | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Technology Officer | 3/31/2022 | $13,257.76 | Payroll + Benefits |
| Rakesh Gidwani | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Technology Officer | 4/15/2022 | $13,257.76 | Payroll + Benefits |
| Rakesh Gidwani | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Technology Officer | 4/30/2022 | $13,257.76 | Payroll + Benefits |
| Rakesh Gidwani | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Technology Officer | 5/15/2022 | $13,257.76 | Payroll + Benefits |
| Rakesh Gidwani | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Technology Officer | 5/31/2022 | $13,257.76 | Payroll + Benefits |
| Rakesh Gidwani | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Technology Officer | 6/15/2022 | $13,257.76 | Payroll + Benefits |
| Rakesh Gidwani | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Technology Officer | 6/30/2022 | $13,257.76 | Payroll + Benefits |
| Rakesh Gidwani | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Technology Officer | 2/28/2022 | $100,000.00 | Bonus |
| Rakesh Gidwani | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Technology Officer | 1/31/2022 | $408.32 | Expense Reimbursement |
| Rakesh Gidwani | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Technology Officer | 2/15/2022 | $745.47 | Expense Reimbursement |
| Rakesh Gidwani | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Technology Officer | 3/15/2022 | $559.96 | Expense Reimbursement |
| Rakesh Gidwani | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Technology Officer | 3/31/2022 | $2,225.70 | Expense Reimbursement |
| Rakesh Gidwani | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Technology Officer | 4/30/2022 | $3,501.17 | Expense Reimbursement |
| **Rakesh Gidwani Total** | | | | | | | | | **$349,654.98** | |
| | | | | | | | | | | |
| Scott Vogel | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Director | 7/5/2022 | $30,000.00 | Director Compensation |
| **Scott Vogel Total** | | | | | | | | | **$30,000.00** | |
| | | | | | | | | | | |
| Stephen Ehrlich | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Executive Officer | 4/15/2022 | $15,276.73 | Payroll + Benefits |
| Stephen Ehrlich | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Executive Officer | 4/30/2022 | $15,276.73 | Payroll + Benefits |
| Stephen Ehrlich | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Executive Officer | 5/15/2022 | $15,276.73 | Payroll + Benefits |
| Stephen Ehrlich | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Executive Officer | 5/31/2022 | $15,276.73 | Payroll + Benefits |
| Stephen Ehrlich | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Executive Officer | 6/15/2022 | $15,276.73 | Payroll + Benefits |
| Stephen Ehrlich | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Executive Officer | 6/30/2022 | $15,276.73 | Payroll + Benefits |
| Stephen Ehrlich | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Executive Officer | 2/28/2022 | 1,900,000.0 | Bonus |
| Stephen Ehrlich | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Executive Officer | 7/15/2022 | $15,186.76 | Payroll + Benefits |
| Stephen Ehrlich | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Executive Officer | 7/31/2021 | $15,186.76 | Payroll + Benefits |

SOFA 4 Attachment
Certain payments or transfers to creditors within 90 days before filing this case

| Insider's Name | Address 1 | Address 2 | City | State | ZIP | Country | Relationship to the Debtor | Payment Date | Payment Amount | Reason for Payment or Transfer |
|---|---|---|---|---|---|---|---|---|---|---|
| Stephen Ehrlich | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Executive Officer | 8/15/2021 | $15,186.76 | Payroll + Benefits |
| Stephen Ehrlich | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Executive Officer | 8/31/2021 | $15,186.76 | Payroll + Benefits |
| Stephen Ehrlich | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Executive Officer | 9/15/2021 | $15,186.76 | Payroll + Benefits |
| Stephen Ehrlich | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Executive Officer | 9/30/2021 | $15,186.76 | Payroll + Benefits |
| Stephen Ehrlich | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Executive Officer | 10/15/2021 | $15,186.76 | Payroll + Benefits |
| Stephen Ehrlich | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Executive Officer | 10/31/2021 | $15,186.76 | Payroll + Benefits |
| Stephen Ehrlich | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Executive Officer | 11/15/2021 | $15,186.76 | Payroll + Benefits |
| Stephen Ehrlich | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Executive Officer | 11/30/2021 | $15,186.76 | Payroll + Benefits |
| Stephen Ehrlich | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Executive Officer | 12/15/2021 | $15,186.76 | Payroll + Benefits |
| Stephen Ehrlich | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Executive Officer | 12/31/2021 | $15,186.76 | Payroll + Benefits |
| Stephen Ehrlich | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Executive Officer | 1/15/2022 | $15,276.73 | Payroll + Benefits |
| Stephen Ehrlich | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Executive Officer | 1/31/2022 | $15,862.64 | Payroll + Benefits |
| Stephen Ehrlich | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Executive Officer | 2/15/2022 | $15,862.64 | Payroll + Benefits |
| Stephen Ehrlich | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Executive Officer | 2/28/2022 | $26,304.91 | Payroll + Benefits |
| Stephen Ehrlich | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Executive Officer | 3/15/2022 | $15,276.73 | Payroll + Benefits |
| Stephen Ehrlich | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Executive Officer | 3/31/2022 | $15,276.73 | Payroll + Benefits |
| Stephen Ehrlich | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Chief Executive Officer | 3/31/2022 | 20,725.6 | Expense Reimbursement |
| **Stephen Ehrlich Total** | | | | | | | | | **2,298,487.5** | |
| Tim Pohl | 33 Irving Place | Suite 3060 | New York | NY | 10003 | | Director | 7/5/2022 | $30,000.00 | Director Compensation |
| **Tim Pohl  Total** | | | | | | | | | **$30,000.00** | |
| **Grand Total** | | | | | | | | | **$8,415,736.35** | |

Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

| Case Title | Case # | Nature of Case | Court or Agency's Name | Court or Agency's Address | Status of Case (Pending / On Appeal / Concluded) |
|---|---|---|---|---|---|
| Commonwealth Of Kentucky, Department Of Financial Institutions vs. Voyager Digital LLC, et al. | 2022-AH-0002 | State Regulatory Action | Commonwealth of Kentucky, Department of Financial Institutions | 500 Metro Street Frankfort, KY 40601 | Pending |
| Securities Commissioner Of South Carolina vs. Voyager Digital LLC, et al. | 20221067 | State Regulatory Action | Securities Commissioner Of South Carolina | P.O Box 11549 Columbia, SC 29211 | Pending |
| State Of Alabama Securities Commission vs. Voyager Digital LLC, et al. | SC-2022-006 | State Regulatory Action | State Of Alabama Securities Commission | 445 Dexter Avenue, Suite 12000 Montgomery, AL 36104 | Pending |
| State Of California Business, Consumer Services And Housing Agency, Department Of Financial Protection And Innovation vs. Voyager Digital LLC, et al. | Undetermined | State Regulatory Action | State Of California Business, Consumer Services And Housing Agency, Department Of Financial Protection And Innovation | 2101 Arena Boulevard Sacramento, CA 95834 | Pending |
| State Of Indiana, Office Of The Secretary Of State, Securities Division vs. Voyager Digital LLC, et al. | 22-0005 CD | State Regulatory Action | State Of Indiana, Office Of The Secretary Of State, Securities Division | 302 W Washington St, 5th Floor Indianapolis, IN 46204 | Pending |
| State Of New Jersey Bureau Of Securities vs. Voyager Digital LLC, et al. | Undetermined | State Regulatory Action | State Of New Jersey Bureau Of Securities | P.O. Box 47029 Newark, NJ 07101 | Pending |
| State Of Oklahoma Department Of Securities vs. Voyager Digital LLC, et al. | 22-038 | State Regulatory Action | State Of Oklahoma Department Of Securities | 204 North Robinson, Suite 400 Oklahoma City, OK 73102 | Pending |
| State Of Vermont Department Of Financial Regulation vs. Voyager Digital LLC, et al. | 22-004-S | State Regulatory Action | State Of Vermont Department Of Financial Regulation | 89 Main Street Montpelier, VT 05620 | Pending |
| Texas State Securities Board vs. Voyager Digital LLC, et al. | 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 | State Regulatory Action | Texas State Securities Board | 208 E. 10th Street, 5th Floor Austin, TX 78701 | Pending |

| Who Was Paid or Received the Transfer | Address 1 | Address 2 | Address 3 | City | State | ZIP | Country | Email Address or Website | Who Made the Payment, if Not the Debtor? | If Not Money, Describe Any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Alvarez & Marsal Canada Inc | 200 Bay Street, Royal Bank Plaza South Tower | Suite 2900 | PO Box 22 | Toronto | ON | M5J 2J1 | Canada | https://www.alvarezandmarsal.com | | | 7/5/2022 | $116,039.85 |
| Berkeley Research Group, LLC | 2200 Powell Street | Suite 1200 | | Emeryville | CA | 94608 | | https://www.thinkbrg.com | | | 6/30/2022 | $250,000.00 |
| Berkeley Research Group, LLC | 2200 Powell Street | Suite 1200 | | Emeryville | CA | 94608 | | https://www.thinkbrg.com | | | 7/5/2022 | $500,000.00 |
| Fasken Martineau DuMoulin, LLP | 333 Bay Street | Suite 2400 | | Toronto | ON | M5H 2T6 | Canada | https://www.fasken.com | | | 6/22/2022 | $577,780.50 |
| Kirkland & Ellis LLP | 300 N LaSalle Drive | | | Chicago | IL | 60654 | | https://www.kirkland.com | | | 7/5/2022 | $750,000.00 |
| Kirkland & Ellis LLP | 300 N LaSalle Drive | | | Chicago | IL | 60654 | | https://www.kirkland.com | | | 6/23/2022 | $1,000,000.00 |
| Kirkland & Ellis LLP | 300 N LaSalle Drive | | | Chicago | IL | 60654 | | https://www.kirkland.com | | | 7/1/2022 | $750,000.00 |
| Kirkland & Ellis LLP | 300 N LaSalle Drive | | | Chicago | IL | 60654 | | https://www.kirkland.com | | | 7/1/2022 | $500,000.00 |
| Moelis & Company LLC | 399 Park Avenue, 5th Floor | | | New York | NY | 10021 | | https://www.moelis.com | | | 6/24/2022 | $625,000.00 |
| Moelis & Company LLC | 399 Park Avenue, 5th Floor | | | New York | NY | 10021 | | https://www.moelis.com | | | 7/5/2022 | $200,022.41 |
| Stretto, Inc | 410 Exchange | Ste 100 | | Irvine | CA | 92602 | | https://www.stretto.com | | | 7/5/2022 | $50,000.00 |

**SOFA ATTACHMENT**

Current officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of filing this case

| Name | Address | Position and Nature of Any Interest | % of Interest |
|---|---|---|---|
| Ashwin Prithipaul | 33 Irving Place, Suite 3060 New York, NY 10003 | Chief Financial Officer | N/A |
| Daniel Costantino | 33 Irving Place, Suite 3060 New York, NY 10003 | Chief Information Security Officer | N/A |
| David Brosgol | 33 Irving Place, Suite 3060 New York, NY 10003 | General Counsel | N/A |
| Evan Psaropoulos | 33 Irving Place, Suite 3060 New York, NY 10003 | Chief Commercial Officer | N/A |
| Gerard Hanshe | 33 Irving Place, Suite 3060 New York, NY 10003 | Chief Operating Officer | N/A |
| Janice Barrilleaux | 33 Irving Place, Suite 3060 New York, NY 10003 | Chief Administrative Officer | N/A |
| Marshall Jensen | 33 Irving Place, Suite 3060 New York, NY 10003 | Head of Corp Dev | N/A |
| Pam Kramer | 33 Irving Place, Suite 3060 New York, NY 10003 | Chief Marketing Officer | N/A |
| Rakesh Gidwani | 33 Irving Place, Suite 3060 New York, NY 10003 | Chief Technology Officer | N/A |
| Scott Vogel | 33 Irving Place, Suite 3060 New York, NY 10003 | Director | N/A |
| Stephen Ehrlich | 33 Irving Place, Suite 3060 New York, NY 10003 | Chief Executive Officer / Co-Founder | N/A |
| Voyager Digital Ltd. | 33 Irving Place, Suite 3060 New York, NY 10003 | Parent Company | 100.0% |

**Fill in this information to identify the case:**

Debtor name: Voyager Digital Holdings, Inc.

United States Bankruptcy Court for the: Southern District of New York

Case number: 22-10943

☐ **Check if this is an amended filing**

**WARNING** - Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this Statement of Financial Affairs and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on
8/18/2022

/s/ Stephen Ehrlich                                                    Stephen Ehrlich
Signature of individual signing on behalf of debtor          Printed name

Chief Executive Officer and Co-Founder of Voyager
Position or relationship to debtor

**Are additional pages to Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207) attached?**

☐ No
☑ Yes