Hearing Date: **September 13, 2022 at 11:00 a.m. (prevailing Eastern Time)**
Objection Deadline: **September 6, 2022 at 4:00 p.m. (prevailing Eastern Time)**

**MCDERMOTT WILL & EMERY LLP**
Darren Azman
Joseph B. Evans
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

**MCDERMOTT WILL & EMERY LLP**
Charles R. Gibbs (admitted *pro hac vice*)
Grayson Williams (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201-1664
Telephone: (214) 295-8000
Facsimile: (972) 232-3098

*Proposed Counsel to the Official
Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | ) Case No. 22-10943 (MEW) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |
| | ) |

**NOTICE OF APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT AND
RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF VOYAGER
DIGITAL HOLDINGS, INC., *ET AL.*, EFFECTIVE AS OF JULY 25, 2022**

**PLEASE TAKE NOTICE** that a hearing on the *Application for Order Authorizing

the Employment and Retention of FTI Consulting, Inc.as Financial Advisor to the Official

Committee of Unsecured Creditors of Voyager Digital Holdings, Inc., et al., Effective as of

July 25, 2022* (the "Application") filed by the Official Committee of Unsecured Creditors of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Voyager Digital Holdings, Inc.'s and Voyager Digital Ltd.'s principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003. Voyager Digital, LLC's principal place of business is 701 S. Miami Ave, 8th Floor, Miami, FL 33131.

Voyager Digital Holdings, *et al.* (the "Committee") will be held on **September 13, 2022 at 11:00 a.m., prevailing Eastern Time** (the "Hearing"). In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted telephonically. Any parties wishing to participate must do so by making arrangements through CourtSolutions by visiting https://www.court-solutions.com.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the relief requested in the Application shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of *In re Voyager Digital Holdings, Inc*., No. 22-10943 (MEW) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served so as to be actually received by **September 6, 2022 at 4:00 p.m., prevailing Eastern Time**, by the entities on the Master Service List available on the case website of the above-captioned debtors and debtors in possession (the "Debtors") at https://cases.stretto.com/Voyager.

PLEASE TAKE FURTHER NOTICE that only those responses or objections that are timely filed, served, and received will be considered at the Hearing. Failure to file a timely objection may result in entry of a final order granting the Application as requested by the Committee.

PLEASE TAKE FURTHER NOTICE that copies of the Application and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/Voyager. You may also obtain copies of the

Application and other pleadings filed in these chapter 11 cases by visiting the Court's website

at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

| | |
|---|---|
| Dated:   New York, New York<br>August 22, 2022 | M\ cDERMOTT WILL & EMERY LLP |

/s/ Darren Azman
Darren Azman
Joseph B. Evans
One Vanderbilt Avenue
New York, NY 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
E-mail: dazman@mwe.com
E-mail: jbevans@mwe.com

and

Charles R. Gibbs (admitted *pro hac vice*)
Grayson Williams (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
E-mail: crgibbs@mwe.com
E-mail: gwilliams@mwe.com

and

Gregg Steinman (admitted *pro hac vice*)
333 SE 2nd Avenue, Suite 4500
Miami, FL 33131-2184
Telephone: (305) 329-4473
Facsimile: (305) 503-8805
E-mail: gsteinman@mwe.com

*Proposed Counsel to the Official*
*Committee of Unsecured Creditors*

**MCDERMOTT WILL & EMERY LLP**
Darren Azman
Joseph B. Evans
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

**MCDERMOTT WILL & EMERY LLP**
Charles R. Gibbs (admitted *pro hac vice*)
Grayson Williams (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201-1664
Telephone: (214) 295-8000
Facsimile: (972) 232-3098

*Proposed Counsel to the Official*
*Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | Case No. 22-10943 (MEW) |
| Debtors.[1] | (Jointly Administered) |

## APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF VOYAGER DIGITAL HOLDINGS, INC., *ET AL.*, EFFECTIVE AS OF JULY 25, 2022

The Official Committee of Unsecured Creditors (the "Committee") appointed in the

above-captioned chapter 11 cases (the "Chapter 11 Cases") of Voyager Digital Holdings,

Inc., *et al.* (collectively, the "Debtors") hereby submits this *Application for Order*

*Authorizing the Employment and Retention of FTI Consulting, Inc. as Financial Advisor to*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax
identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and
Voyager Digital, LLC (8013). The location of the Voyager Digital Holdings, Inc.'s and Voyager Digital
Ltd.'s principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003. Voyager
Digital, LLC's principal place of business is 701 S. Miami Ave, 8th Floor, Miami, FL 33131.

*the Official Committee of Unsecured Creditors of Voyager Digital Holdings, Inc., et al.,*

*Effective as of July 25, 2022* (the "Application"), pursuant to sections 328(a) and 1103 of title

11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the

Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), for entry

of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"),

authorizing the employment and retention of FTI Consulting, Inc. (together with its wholly-

owned subsidiaries, "FTI") as financial advisor to the Committee. In support of the

Application, the Committee submits the declaration of Michael Cordasco, a Senior Managing

Director at FTI, attached hereto as **Exhibit B** (the "Cordasco Declaration"). In further support

of this Application, the Committee respectfully states as follows:

### JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of New York

(the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

Amended Standing Order of Reference from the United States District Court for the Southern

District of New York, entered February 1, 2012. This matter is a core proceeding within the

meaning of 28 U.S.C. § 157(b)(2), and the Committee confirms its consent to the Court

entering a final order in connection with the Application to the extent that it is later

determined that the Court, absent consent of the parties, cannot enter final orders or

judgments in connection herewith consistent with Article III of the United States

Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are Bankruptcy Code sections 328(a)

and 1103(a), Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1.

**BACKGROUND**

4.    On July 5, 2022 (the "Petition Date"), each of the Debtors filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their

businesses and managing their properties as debtors in possession pursuant to Bankruptcy

Code sections 1107(a) and 1108.

5.    On July 6, 2022, the Court entered an order authorizing the joint

administration and procedural consolidation of the Chapter 11 Cases pursuant to Bankruptcy

Rule 1015(b). *See* Docket No. 18.

6.    On July 19, 2022, the United States Trustee for the Southern District of New

York (the "U.S. Trustee") appointed the Committee pursuant to Bankruptcy Code section

1102. *See* Docket No. 102. The Committee currently comprises: (i) Jason Raznick; (ii)

Russell G. Stewart; (iii) Brandon Mullenberg; (iv) Richard Kiss for Thincat Trust; (v)

Christopher Moser; (vi) Byron Walker; and (vii) Melissa and Adam Freeman. As of the date

hereof, no request for the appointment of a trustee or examiner has been made in the Chapter

11 Cases.

7.    On July 22, 2022 (the "Retention Date"), the Committee selected McDermott

Will & Emery LLP as its proposed counsel, subject to this Court's approval. On July 25,

2022, the Committee selected FTI to serve as its financial advisor, subject to this Court's

approval.

**RELIEF REQUESTED**

8.    By the Application, the Committee seeks to employ and retain FTI pursuant to

Bankruptcy Code sections 328(a) and 1103(a) to perform financial advisory services for the

Committee in these Chapter 11 Cases, effective  as of July 25, 2022.

9.    The Committee is familiar with the professional standing and reputation of

FTI. The Committee understands and recognizes that FTI has a wealth of experience in

providing financial advisory services in restructurings and reorganizations and enjoys an

excellent reputation for services it has rendered in chapter 11 cases on behalf of debtors and

creditors throughout the United States.

10.     The services of FTI are necessary to enable the Committee to assess and

monitor the efforts of the Debtors and their professional advisors to maximize the value of

their estates and to successfully reorganize. Further, FTI is well qualified and able to

represent the Committee in a cost-effective, efficient, and timely manner.

## SCOPE OF SERVICES

11.     FTI will provide such financial advisory services to the Committee and its

legal advisor as they deem appropriate and feasible to advise the Committee in the course of

these Chapter 11 Cases, including but not limited to the following:

- Assistance in the review of financial related disclosures required by the Court, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs, and Monthly Operating Reports;

- Assistance with the assessment and monitoring of the Debtors' short-term cash flow, liquidity, and operating results;

- Assistance with the review of the Debtors' proposed key employee retention and other employee benefit programs;

- Assistance with the review of the Debtors' analysis of core business assets, including cryptocurrency, and the potential disposition or liquidation of non-core assets;

- Assistance with the review of the Debtors' cost/benefit analysis with respect to the affirmation or rejection of various executory contracts and leases;

- Assistance with the review of the Debtors' identification of potential cost savings, including overhead and operating expense reductions and efficiency improvements;

- Assistance in the review and monitoring of the asset sale process, including, but not limited to an assessment of the adequacy of the marketing process, completeness of any buyer lists, review, and quantifications of any bids;

- Assistance with review of any tax issues associated with, but not limited to, claims/stock trading, cryptocurrency trading, preservation of net operating losses, refunds due to the Debtors, plans of reorganization, and asset sales;

- Assistance in the review of the claims reconciliation and estimation process;

- Assistance in the review of other financial information prepared by the Debtors, including, but not limited to, cash flow projections and budgets, business plans, cash receipts, and disbursement analysis, asset and liability analysis, and the economic analysis of proposed transactions for which Court approval is sought;

- Assistance in the review and analysis of cryptocurrency and digital assets transactions such as staking, loans, and hedging from digital wallets using blockchain and digital ledger technologies;

- Attendance at meetings and assistance in discussions with the Debtors, potential investors, banks, other secured lenders, the Committee and any other official committees organized in these chapter 11 proceedings, the U.S. Trustee, other parties in interest, and professionals hired by the same, as requested;

- Assistance in the review and/or preparation of information and analysis necessary for the confirmation of a plan and related disclosure statement in these chapter 11 proceedings;

- Assistance in the evaluation and analysis of avoidance actions, including fraudulent conveyances and preferential transfers;

- Assistance in the prosecution of Committee responses/objections to the Debtors' motions, including attendance at depositions and provision of expert reports/testimony on case issues as required by the Committee; and

- Render such other general business consulting or such other assistance as the Committee or its counsel may deem necessary that are consistent with the role of a financial advisor and not duplicative of services provided by other professionals in these proceedings.

## FTI'S ELIGIBILITY FOR EMPLOYMENT

12.     The Committee has reviewed the Cordasco Declaration and believes that, except as set forth in the Cordasco Declaration, is "disinterested," as that term is defined in Bankruptcy Code section 101(14), and does not hold or represent an interest adverse to the Debtors' estates with respect to the matters for which FTI is to be employed. To the best of the Committee's knowledge and based upon the Cordasco Declaration: (a) FTI's connections with the Debtors, creditors, any other party in interest, or their respective attorneys are disclosed on Exhibit B to the Cordasco Declaration; and (b) the FTI professionals working on this matter are not relatives of the United States Trustee or of any known employee in the

office thereof, or any United States Bankruptcy Judge of the Southern District of New York.

FTI has not provided, and will not provide any professional services to the Debtors, any of

the creditors, other parties-in-interest, or their respective attorneys and accountants with

regard to any matter related to these Chapter 11 Cases.

13.     FTI will conduct an ongoing review of its files to ensure that no conflicts or

other disqualifying circumstances exist or arise. If any new material facts or relationships are

discovered, FTI will supplement its disclosure to the Court.

14.     FTI has agreed not to share with any person or firm the compensation to be

paid for professional services rendered in connection with these cases.

## **TERMS OF RETENTION**

15.     FTI is not owed any amounts with respect to pre-petition fees and expenses.

16.     The Committee understands that FTI intends to apply to the Court for

allowance of compensation and reimbursement of expenses for its financial advisory services

in accordance with the Bankruptcy Code sections 328, 330, and 331. FTI seeks to be

compensated on an hourly fee basis, plus reimbursement of actual and necessary expenses

incurred by FTI. Actual and necessary expenses would include any reasonable legal fees

incurred by FTI related to FTI's retention in these cases or the preparation of future fee

applications, subject to Court approval.

17.     FTI's customary hourly rates, subject to periodic adjustments, for the FTI

professionals anticipated to be assigned to this case are as follows:

| **United States** | Per Hour (USD) |
|---|---|
| Senior Managing Directors | $550 - 1,325 |
| Directors / Senior Directors / Managing Directors | $390 -   960 |
| Consultants/Senior Consultants | $225 -   695 |
| Administrative / Paraprofessionals | $160 -   300 |

18.    In addition to FTI professionals anticipated to be assigned to this case, FTI may use independent contractors in the provision of its services to the Committee. FTI intends to include as an expense reimbursement in its fee applications the amounts invoiced to FTI by independent contractors used in the provision of services to the Committee without any mark up or increase. To the extent FTI utilizes the services of independent contractors, each independent contractor will file a separate declaration in support of the Application.

19.    FTI understands that interim and final fee awards are subject to approval by this Court.

## INDEMNIFICATION

20.    In addition to the foregoing, and as a material part of the consideration for the agreement of FTI to furnish services to the Committee pursuant to the terms of this Application, FTI believes that the following indemnification terms are customary and reasonable for financial advisors in chapter 11 cases:

a.    subject to the provisions of subparagraphs (b) and (c) below and approval of the Court, the Debtors are authorized to indemnify, and shall indemnify, FTI for any claims arising from, related to, or in connection with FTI's engagement under this Application, but not for any claim arising from, related to, or in connection with FTI's post-petition performance of any other services other than those in connection with the engagement, unless such post-petition services and indemnification therefore are approved by this Court; and

b.    the Debtors shall have no obligation to indemnify FTI for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from FTI's gross negligence, willful misconduct, or fraud unless the Court determines that indemnification would be permissible pursuant to applicable law, or (ii) settled prior to a judicial determination as to FTI's gross negligence, willful misconduct, or fraud, but determined by this Court, after notice and a hearing, to be a claim or expense for which FTI is not entitled to receive indemnity under the terms of this Application; and

c.    if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, FTI believes that it is entitled to the payment of any amounts

7

by the Debtors on account of the Debtors' indemnification obligations under the Application, including, without limitation, the advancement of defense costs, FTI must file an application in this Court, and the Debtors may not pay any such amounts to FTI before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by FTI for indemnification, and not as a provision limiting the duration of the Debtors' obligation to indemnify FTI.

21.    The Committee believes that indemnification is customary and reasonable for financial advisors in chapter 11 proceedings. *See In re Joan & David Halpern, Inc.*, 248 B.R. 43 (Bankr. S.D.N.Y. 2000).

## NO PRIOR REQUEST

22.    No prior request for the relief sought in this Application has been made in this or any other Court.

## NOTICE

23.    Notice of this Application has been provided in accordance with the *Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 240]. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto, authorizing the Committee to employ and retain FTI as financial advisors to the Committee for the purposes set forth above, effective as of July 25, 2022, and grant such further relief as is just and proper.

Dated:   New York, New York
         August 15, 2022

Respectfully submitted,

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF VOYAGER DIGITAL HOLDINGS, INC., *ET AL.*

By: _____

Jason Raznick, not in his individual capacity but solely as Chair of the Official Committee of Unsecured Creditors of Voyager Digital Holdings, Inc., *et al*.

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI
CONSULTING, INC. AS FINANCIAL ADVISOR TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF VOYAGER
DIGITAL HOLDINGS, INC., *ET AL.*, EFFECTIVE AS OF JULY 25, 2022**

Upon the *Application for Order Authorizing the Employment and Retention of FTI Consulting, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors of Voyager Digital Holdings, Inc., et al., Effective as of July 25, 2022* (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Voyager Digital Holdings, Inc., *et al.* (collectively, the "Debtors") for entry of an order (this "Order") authorizing the Committee to employ and retain FTI Consulting, Inc. (together with its wholly owned subsidiaries, "FTI") as its financial advisor, effective as of the Retention Date, all as more fully set forth in the Application; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this district

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Voyager Digital Holdings, Inc.'s and Voyager Digital Ltd.'s principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003. Voyager Digital, LLC's principal place of business is 701 S. Miami Ave, 8th Floor, Miami, FL 33131.

[2]   Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Application.

is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief

requested in the Application is in the best interests of the Debtors' estates, their creditors, and

other parties in interest; and this Court having found that the Committee's notice of the

Application and opportunity for a hearing on the Application were appropriate under the

circumstances and no other notice need be provided; and the Court having reviewed the

Application and Cordasco Declaration and having heard the statements in support of the

relief requested therein at a hearing before this Court (the "Hearing"); and this Court having

determined that the legal and factual bases set forth in the Application, the Cordasco

Declaration, and at the Hearing establish just cause for the relief granted herein; and the

Court being satisfied, based on the representations made in the Application and the Cordasco

Declaration, that FTI is a "disinterested person" as defined in Bankruptcy Code

section 101(14) and does not hold or represent an interest adverse to the Debtors' estates with

respect to any of the matters for which FTI is to be engaged; and the Court finding that the

employment of FTI is necessary to the performance of the Committee's duties; and upon all

of the proceedings had before this Court; and after due deliberation and sufficient cause

appearing therefor, it is HEREBY ORDERED THAT:

1.      The Application is granted as set forth herein.

2.      Pursuant to Bankruptcy Code sections 328 and 1103(a), the Committee is

authorized to employ and retain FTI as its financial advisor, effective as of July 25, 2022, on

the terms set forth in the Application.

3.      FTI shall apply for compensation of professional services and reimbursement

of expenses incurred in connection with the Chapter 11 Cases in compliance with Bankruptcy

Code sections 330 and 331 and the applicable provisions of the Bankruptcy Rules, the Local

Rules, and any applicable orders of this Court.

4.      FTI is authorized to use independent contractors, and is entitled to

reimbursement of related fees, without any markup or increase, provided that such

independent contractors have filed declarations in support of the Application in accordance

with Bankruptcy Rule 2014.

5.    FTI shall provide ten (10) days' notice to the Debtors, the United States

Trustee, and the Committee in connection with any increase in the hourly rates listed in the

Application.

6.    FTI is entitled to reimbursement of actual and necessary expenses, including

legal fees related to this retention application and preparation of future fee applications as

approved by the Court.

7.    The following indemnification provisions are approved:

a.    subject to the provisions of subparagraphs (b) and (c) below and
approval of the Court, the Debtors are authorized to indemnify, and
shall indemnify, FTI for any claims arising from, related to, or in
connection with the services to be provided by FTI as specified in the
Application, but not for any claim arising from, related to, or in
connection with FTI's post-petition performance of any other services
other than those in connection with the engagement, unless such post-
petition services and indemnification therefore are approved by this
Court; and

b.    the Debtors shall have no obligation to indemnify FTI for any claim or
expense that is either (i) judicially determined (the determination
having become final) to have arisen primarily from FTI's gross
negligence, willful misconduct, or fraud unless the Court determines
that indemnification would be permissible pursuant to applicable law,
or (ii) settled prior to a judicial determination as to FTI's gross
negligence, willful misconduct, or fraud, but determined by this Court,
after notice and a hearing, to be a claim or expense for which FTI is
not entitled to receive indemnity under the terms of this Application;
and

c.    if, before the earlier of (i) the entry of an order confirming a chapter 11
plan in these cases (that order having become a final order no longer
subject to appeal), and (ii) the entry of an order closing these chapter
11 cases, FTI believes that it is entitled to the payment of any amounts
by the Debtors on account of the Debtors' indemnification obligations
under the Application, including, without limitation, the advancement
of defense costs, FTI must file an application in this Court, and the
Debtors may not pay any such amounts to FTI before the entry of an
order by this Court approving the payment. This subparagraph (c) is

3

intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by FTI for indemnification, and not as a provision limiting the duration of the Debtors' obligation to indemnify FTI.

8.      To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

9.      Notice of the Application as provided therein shall be deemed good and sufficient notice of the Application, and the Local Rules are satisfied by the contents of the Application.

10.     The Committee and McDermott are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

11.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12.     The Court shall retain jurisdiction with respect to any matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: New York, New York
            _____, 2022

_____
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

**Exhibit B**

**Cordasco Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**DECLARATION OF MICHAEL CORDASCO IN SUPPORT OF APPLICATION
FOR ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI
CONSULTING, INC. AS FINANCIAL ADVISOR TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF VOYAGER
DIGITAL HOLDINGS, INC., *ET AL.*, EFFECTIVE AS OF JULY 25, 2022**

Pursuant to 28 U.S.C. section 1746, Michael Cordasco declares as follows:

1.       I am a Senior Managing Director with FTI Consulting, Inc. (together with its

wholly owned subsidiaries, "FTI"), an international consulting firm. I submit this declaration

(the "Declaration") on behalf of FTI in support of the application (the "Application") of the

Official Committee of Unsecured Creditors (the "Committee") of Voyager Digital Holdings,

Inc., *et al.* (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter

11 Cases"), for an order authorizing the employment and retention of FTI as the Committee's

financial advisor under the terms and conditions set forth in the Application. Except as

otherwise noted,[2] I have personal knowledge of the matters set forth herein.

## DISINTERESTEDNESS AND ELIGIBILITY

2.       In connection with the preparation of this Declaration, FTI conducted a review

of its contacts with the Debtors, their affiliates, and certain entities holding large claims

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax
identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and
Voyager Digital, LLC (8013). The location of the Voyager Digital Holdings, Inc.'s and Voyager Digital
Ltd.'s principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003. Voyager
Digital, LLC's principal place of business is 701 S. Miami Ave, 8th Floor, Miami, FL 33131.

[2]    Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at FTI
and are based on information provided by them.

against or interests in the Debtors that were made reasonably known to FTI. A listing of the parties reviewed is reflected on **Exhibit A** to this Declaration. FTI's review, completed under my supervision, consisted of a query of the Exhibit A parties within an internal computer database[3] containing names of individuals and entities that are present or recent former clients of FTI. A listing of such relationships that FTI identified during this process is set forth on **Exhibit B** to this Declaration.

3.      Based on the results of its review, FTI does not have a relationship with any of the parties on Exhibit A in matters related to the Debtors or the Debtors' Chapter 11 Cases. FTI has provided and could reasonably expect to continue to provide services unrelated to the Debtors or the Debtors' Chapter 11 Cases for the various entities identified on **Exhibit B**. FTI's assistance to these parties has been related to providing various financial restructuring, litigation support, technology, strategic communications, and economic consulting services. To the best of my knowledge and except as otherwise disclosed herein, no services have been provided to these parties in interest that involve their rights in the Debtors' cases, nor does FTI's involvement in these cases compromise its ability to continue such consulting services.

4.      As the Court is aware, the vast majority of the Debtors' creditors are individual customers who maintain accounts with Voyager. These individual Voyager customers include certain current FTI employees (collectively, the "Voyager Account Holder Employees"). The Voyager Account Holder Employees have not and will not render services to the Committee in connection with FTI's engagement by the Committee in these Chapter 11 Cases (the "FTI Committee Engagement"). Furthermore, as set forth below, Voyager Account Holder Employees will not have access to confidential information related to the FTI Committee Engagement.

---

[3]    For the avoidance of doubt, FTI's computer database covers FTI Consulting, Inc. and its wholly owned subsidiaries globally.

5.      Specifically, to maintain the confidentiality of the client information in connection with the FTI Committee Engagement, FTI has implemented, and will maintain, the following procedures:

(i)    each FTI professional working on the FTI Committee Engagement (collectively, the "FTI Committee Professionals") shall acknowledge in writing that he or she may receive certain nonpublic information and that he or she is aware of the ethical wall in effect and will follow these ethical wall procedures;

(ii)   no Voyager Account Holder Employee, shall serve as an FTI Committee Professional;

(iii)  FTI Committee Professionals will not directly or indirectly share any nonpublic information generated by, received from, or relating to FTI Committee Engagement activities with any person who is not an FTI Committee Professional, except that a good-faith communication of publicly available information shall not be presumed to be a breach of the obligations of FTI or any FTI Committee Professional under these ethical wall procedures;

(iv)   FTI has established electronic internal security walls to ensure that only FTI Committee Professionals and other employees involved with or working on the FTI Committee Engagement have access to the information, databases, emails, schedules, or any other information relating to the FTI Committee Engagement;

(v)    FTI shall periodically monitor, consistent with its ordinary course compliance practice, communications through electronic means among FTI Committee Professionals and other FTI professionals and employees to ensure that such exchanges are performed in a manner consistent with these ethical wall procedures; and

(vi)   FTI shall immediately disclose to the Committee's counsel and the U.S. Trustee any material breaches of the procedures described herein.

If FTI ceases to act as advisor to the Committee, it will continue to follow the procedures set forth above until a plan has been confirmed in the Debtors' Chapter 11 Cases or these Chapter 11 Cases have been converted or dismissed.

6.      The mother of FTI Consultant Jacob Baltaytis has been retained by Matthew Levitt, a creditor of the Debtors in connection with the Debtors' chapter 11 cases. Mr. Baltaytis is an FTI Committee Professional, and as such, has agreed to follow the ethical wall procedures set forth above. In addition, Mr. Baltaytis has been counseled to not discuss any

aspect of the FTI Committee Engagement with his mother and he has confirmed that he will not do so.

7.    As part of its diverse practice, FTI appears in numerous cases, proceedings, and transactions that involve many different professionals, including attorneys, accountants and financial consultants, who may represent claimants and parties-in-interest in the Debtors' Chapter 11 Cases. Also, FTI has performed in the past, and may perform in the future, advisory consulting services for various attorneys and law firms, and has been represented by several attorneys and law firms, some of whom may be involved in these proceedings. In addition, FTI has in the past, may currently, and in the future likely will be working with or against other professionals involved in these Chapter 11 Cases in matters unrelated to the Debtors and these Chapter 11 Cases. Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships create interests adverse to the Debtors' estates and none are in connection with the Debtors' Chapter 11 Cases.

8.    FTI is not a "creditor" of the Debtors within the meaning of Bankruptcy Code section 101(10). Further, neither I nor any other member of the FTI engagement team serving the Committee, to the best of my knowledge, (a) is a creditor, equity security holder, or insider of the Debtor; (b) is or has been within two years before the Petition Date, a director, officer, or employee of the Debtor; or (c) has any interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason. As such, to the best of my knowledge, and based upon the results of the relationship search described above and disclosed herein, FTI (i) is a "disinterested person" as defined in Bankruptcy Code section 101(14) and (ii) does not hold or represent any interest adverse to

the Debtors' estates. Therefore, FTI believes it is eligible to represent the Committee under

Bankruptcy Code section 1103(b).

9.      It is FTI's policy and intent to update and expand its ongoing relationship

search for additional parties in interest in an expedient manner. If any new material relevant

facts or relationships are discovered or arise, FTI will file a supplemental declaration

pursuant to Bankruptcy Rule 2014(a).

## PROFESSIONAL COMPENSATION

10.     Subject to Court approval and in accordance with the applicable provisions of

the Bankruptcy Code, Bankruptcy Rules, the local rules of this District, orders of this Court,

and applicable U.S. Trustee guidelines, FTI will seek payment for compensation on an hourly

basis, plus reimbursement of actual and necessary expenses incurred by FTI, including legal

fees related to this retention application and the preparation of future fee applications, as

approved by the Court. FTI's customary hourly rates as charged in bankruptcy and non-

bankruptcy matters of this type by the professionals assigned to this engagement are outlined

in the Application for the employment of FTI. These hourly rates are adjusted periodically.

11.     FTI may use independent contractors in the provision of its services to the

Committee. FTI intends to include as an expense reimbursement in its fee applications the

amounts invoiced to FTI by independent contractors under this contract without any mark up

or increase. To the extent FTI utilizes the services of independent contractors, each

independent contractor will file a separate declaration in support of the Application.

12.     According to FTI's books and records, during the ninety-day period prior to

the Debtors' petition date, FTI performed no professional services or incurred any

reimbursable expenses on behalf of the Debtors.

13.     To the best of my knowledge: (i) no commitments have been made or received

by FTI with respect to compensation or payment in connection with these cases other than in

accordance with the provisions of the Bankruptcy Code; and (ii) FTI has no agreement with

any other entity to share with such entity any compensation received by FTI in connection

with these Chapter 11 Cases.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 22, 2022               _/s/ Michael Cordasco_____
                                          Michael Cordasco, Senior Managing Director
                                          FTI Consulting, Inc.

## <u>EXHIBIT A</u>

**Parties-in-Interest Reviewed for Current and Recent Former Relationships**

**Debtors**
Voyager Digital Holdings, Inc.
Voyager Digital Ltd.
Voyager Digital, LLC

**Current and Former Affiliates**
Coinify Financial Services ApS
Coinify Global Solutions Inc. USA
Coinify Ltd.
Coinify Payments OU
Coinify Technologies ApS
HTC Trading, Inc.
LGO SAS France
Voyager Digital Brokerage Canada Ltd.
Voyager Digital Brokerage Ltd.
Voyager Digital NY LLC USA
Voyager Digital, LLC USA
Voyager Europe France
Voyager European Holdings ApS
Voyager IP, LLC USA
VYGR Holdings, LLC USA
VYGR Management LLC USA

**Current Directors and Officers**
Ashwin Prithipaul
Brian Brooks
Daniel Costantino
David Brosgol
Evan Psaropoulos
Gerard Hanshe
Glenn Stevens
Janice Barrilleaux
Jennifer Ackart
Jill Frizzley
Krizstian Toth
Mark Egert
Marshall Jensen
Matt Ray
Michael Legg
Pam Kramer
Philip Eytan
Rakesh Gidwani
Scott Vogel
Stephen Ehrlich

Tim Pohl
Akbar Ladhani
Brandi Reynolds
Erin Walmesley
Gaspard Aupepin de Lamothe Dreuzy
Guy Elliott
Jarrett Lilien
Jeffrey B. Lightfoot
Jordana Keslassy
Lewis Bateman
Serge Kreiker
Shingo Lavine
Victor Hugo

**Bankruptcy Judges - Southern District of NY**
Chief Judge Martin Glenn
Judge Cecelia G. Morris
Judge David S. Jones
Judge James L. Garrity, Jr.
Judge Lisa G. Beckerman
Judge Michael E. Wiles
Judge Robert D. Drain
Judge Sean H. Lane
Judge Shelley C. Chapman

**Bankruptcy Professionals**
Berkeley Research Group, LLC (BRG)
Deloitte & Touche
Deloitte Tax LLP
Fasken Martineau DuMoulin LLP
Grant Thornton LLP
Grant Thornton US
Kirkland & Ellis LLP
Moelis & Company
Quinn Emmanuel
Stretto
Valuation Research Corp.

**Banks, Lenders, Admin Agents**
Alameda Research Ltd.
Alameda Ventures Ltd
Anchorage Digital Bank N.A.
Anchorage Lending CA, LLC
Bank of Montreal

BitGo Prime, LLC
BMO
Galaxy Digital LLC
Genesis Global Capital, LLC
Metropolitan Commercial Bank
Signature Bank
Silvergate Bank
Tai Mo Shan Limited (Jump Operations, LLC)
Tesseract Group Oy
Three Arrows Capital Ltd.

**Contract Counterparties**
Amazon
Celsius
Chainalysis Inc.
Copper Technologies (UK) Limited
Cumberland DRW LLC
Dallas Basketball Limited (Dallas Mavericks)
Dinwiddie, Inc.
DV Chain, LLC
FiCentive, Inc.
Fireblocks Inc.
Fireblocks Ltd.
Gronk Endorsements LLC
JSCT, LLC (Jane Street)
Landon Cassill, Inc.
Ledger Technologies INC
Tai Mo Shan Limited
Talos Trading, Inc.
ThoughtWorks, Inc.
Usio, Inc.
Wintermute Trading Ltd

**Customers**
[REDACTED]

**Insurance**
CAC Specialty Co.
Euclid's Lloyds of London Syndicate
FirstBrook Cassie & Anderson Ltd
Great Midwestern Insurance Co.
Hartford Fire Insurance Company
Hartford Underwriters Insurance Company
MJD3 Associates, LLC.
Regus
Relm Insurance Limited
XL Specialty Ins. Company

**Landlords**
WeWork Inc.

**Litigation**
Commonwealth of Kentucky Department of Financial Institutions
Jordan Berk
Mark Cassidy, on behalf of himself and all others similarly situated
Securities Commissioner of South Carolina
State of Alabama Securities Commission
State of California Business, Consumer Services and Housing Agency Department of Financial Protection and Innovation
State of Indiana Securities Division
State of New Jersey Bureau of Securities
State of Oklahoma Department of Securities
State of Vermont Department of Financial Regulation
State of Washington Department of Financial Institutions Securities Division
Texas State Securities Board
U.S. Bank National Association

**NDA Counterparties**
[REDACTED]

**Office of the US Trustee Southern District of NY**
Andrea B. Schwartz
Andy Velez-Rivera
Annie Wells
Benjamin J. Higgins
Brian S. Masumoto
Greg M. Zipes
Linda A. Riffkin
Mark Bruh
Paul K. Schwartzberg
Richard C. Morrissey
Shannon Scott
Shara Cornell
Susan Arbeit
Tara Tiantian
William K. Harrington

**Official Creditors' Committee Attorneys**
McDermott Will & Emery LLP

**Official Creditors' Committee Members' Attorneys**
Jaffe Raitt Heuer & Weiss

**Official Creditors' Committee Members**
Brandon Mullenberg

2

Byron Walker
Christopher Moser
Jason Raznick
Melissa and Adam Freedman
Richard Kiss for Thincat Trust
Russell G. Stewart

**Ordinary Course Professionals**
Berger Singerman LLP
Conyers Dill & Pearman
Day Pitney LLP
Frankfurt Kurnit Klein & Selz, P.C.
Jackson Lewis P.C.
Jenner & Block LLP
Kramer Levin Naftalis & Frankel LLP
Lowenstein Sandler LLP
Mintz & Gold LLP
Paul Hastings LLP
Seyfarth Shaw LLP
Troutman Pepper Hamilton Sanders LLP
Walkers Corporate Limited

**Significant Equity Holder**
Alameda Research Ventures LLC

**Taxing Authorities - Gov. Reg. Agencies**
District of Columbia - Office of Tax and
Revenue
State of Alabama
State of Alaska
State of Arizona
State of Arkansas
State of California
State of Connecticut
State of Delaware
State of Florida
State of Georgia
State of Idaho
State of Illinois
State of Indiana
State of Iowa
State of Kansas
State of Kentucky
State of Louisiana
State of Maine
State of Maryland
State of Michigan
State of Minnesota
State of Mississippi
State of Nebraska
State of New Hampshire

State of New Jersey
State of New Mexico
State of North Carolina
State of North Dakota
State of Oklahoma
State of Oregon
State of Pennsylvania
State of Rhode Island
State of South Carolina
State of Tennessee
State of Texas
State of Utah
State of Virginia
State of West Virginia
State of Wisconsin

**Top Unsecured Creditor**
Alameda Research
[REDACTED]

**Utilities**
Phone.com
Verizon Wireless

**Vendors**
Accretive Capital
Accura Advokatpartnerselskab
Accurate Staffing Solutions Corp.
Actimize, Inc.
Ada Support Inc.
Adobe
Advokaadibüroo COBALT OÜ (COBALT Law
firm)
Aiven
Alejandro Benabe
Ally Watt
Amalgamated Suncoast Portfolio LLC (Charlie
Shrem)
Amazon Web Services
Amazon Web Services, Inc
American Airlines
Anthony Duclair
Aon Consulting Inc.
App Annie Inc.
App.bitrise.io
Apple
Apple Inc.
Apple Search Ads
Appsflyer
Arrow Search Partners
Ashtyn Davis

3

Atlassian
Authentic8, Inc.
Ba Int - Usd
Baker & McKenzie LLP
Barefoot LLC
Bateman Capital Inc
Bates Group LLC
Beekman Social LLC
Behmer & Blackford LLP
Benzinga
Berger Singerman LLP
BetterInvesting
Beutler Enterprises Inc.
Beutler Ink
Beyond Studios
Big Outdoor Holdings, LLC
BitGo, Inc.
Blackwired (US), Inc.
Blockchain Association
Blockdaemon, Inc.
Bloomberg Finance L.P.
BPM LLP
Brill Advisors, LLC
British Airways
Broadridge
BTC Media
Buddakan
Campbells LLP
Canada Revenue Agency
Carbone
Carbone NYC
CC API
CC Data
CCM Advisory LLC
CDW, LLC
Certified Kernel Tech LLC
Chandkumar  R. Ramnarine
Chandler Belk
Chord Advisors LLC
Chris Gronkowski
Christen Westphal
Christopher Gronkowski
Christopher Gronkowski (DBA:G13
Endorsements)
Citigate Dewe Rogerson Ltd
Cloud Posse, LLC
Cloudflare, Inc.
CNW Group Ltd.
Cockroach Labs, Inc.
ColorArt
Complex Sports & Entertainment

Computershare
Consensus 2022
CorCom LLC
Cordell Ratzlaff
Corporation Service Company (CSC)
Crypto Rating Council
CSC (Corporation Service Company)
CXG Holdings, Inc.
Cyber Job Central, LLC
Cypress Group Staffing, Inc.
Dallas Mavericks
Daniel Gronkowski
Danielle Colaprico
Data.ai Inc.
Datadog, Inc.
Daversa Partners
David Helman
Day Pitney LLP
Delta Air Lines
Delta Airlines
Devexperts Sofia Ltd.
Digital Niche Agency
Distinguished Search LLC
Docker Inc.
Donnelley Financial Solutions Canada
Corporation
Dorian Finney-Smith
Dropbox
Dwight Powell
Elasticsearch, Inc
Elevate Brand Marketing
Endeavor Parent, LLC
Essential Accessibility Inc
Estelle Johnson
Eva  Yuen
Exzac Inc.
Fastly, Inc.
Figma
Find Your Happy LLC
Fivetran
Fivetran Inc.
Fort Capital Ontario Inc.
Fragomen, Del Rey, Bernsen & Loewy, LLP
Frank Ntilikina
Frankfurt Kurnit Klein & Selz, P.C.
Freshworks
Fundamental Research Corp.
Fusion of Ideas, Inc
G Suite
Github
Github, Inc.

Glendale Securities Inc.
Glenn Gronkowski
Glushon Sports Management
Goodbay Technologies
GoodHire
Google Ads
Google Cloud
Google G Suite
Google, LLC.
Gordon Gronkowski
Gordon Gronkowski Jr
Gravitational, Inc.
Greenhouse Software, Inc.
Greg Malocca
GroWrk Remote
HackerRank
HappyFunCorp LLC
HardHead Marketing
HiFi Project Inc.
Hireclout, Inc
Hotjar Limited
IMG Models,LLC
Impact Tech, Inc
Independent Trading Group (ITG) Inc.
Indianapolis Motor Speedway
Infinite Agency, LLC
Infinite IP Corporation
Infinity Consulting Solutions, Inc
Intuit
IPQualityScore
IQTalent Partners Inc
Ironclad, Inc
Isaiah Stone
Iterable, Inc
JA Visual Solutions LLC
Jackson Lewis P.C.
Jalen Brunson
JDI Studio LLC
Jess McDonald
JetBlue Airways
JetBrains
JFrog INC
Jivaro Professional Headhunters, LLC
Kate Leavell Companies LLC
Kauling Racing, Inc
Kcsa Strategic Communications
Ketchum Inc.
Kforce Inc
KnowBe4 Inc.
Korn Ferry (US)
Koto Studio LLC

Kristen Hamilton
La Cantera Resort & Spa
Landon Cassill
Las Vegas Motor Speedway
Lastpass
LaunchDarkly
Laurel Hill Advisory Group Company
Learfield Communications, LLC
Levin Group Limited
Lindsey Harris
LogMeIn
LogMeIn USA, Inc.
Loyalist, LLC
MaestroQA, Inc.
Major, Lindsey & Africa, LLC
Marcum LLP
Market One Media Group Inc.
Market Rebellion, LLC
Marla K Knapp
Marquez Valdes-Scantling
Mary Kratka
Matrix-IFS
Maximilian Kleber
Maxx Management LLC
McCarter & English, LLP
Medium Rare Live, LLC
Meghan Klingenberg
Meltwater News US Inc
Merlin Media LLC
MessageBank, LLC
Meta Platforms, Inc.
Michael Gorsuch
Microsoft
Miko Tam
Mintz & Gold LLP
Miro
Mixpanel Inc
Mobile Action Inc.
monday.com Ltd
Money Services Business Association
Motivate Design LLC
Mountain Shadows Resort
MPJ Advisors LLC
MSG Arena LLC
Nasdaq Corporate Solutions, LLC
National Women's Soccer League, LLC
Network Redux
Next for Me Media, Inc.
NMLS
NOBLE Capital Markets
Noble Capital Markets, Inc

Nominis Advisory Ltd
Ogon, LLC
Online Business Systems
OpsGenie
Optimal Workshop
Oracle America, Inc.
Organic Inc.
OTC Markets Group Inc.
Pada Ventures, Inc.
Paypal Transaction - Innovativec
Pickwick Capital Partners, LLC
Piper Companies, LLC
PitchBook Data, Inc.
Plaid Inc.
Popnoggins LLC
PORTSWIGGER
Postman Basic Monthly
Printed Threads
Proconsul Capital Ltd
Project 1972, Inc.
Publicist Inc.
Quantum Talent Group
Reciprocity, Inc.
Regus
Regus Management Group, LLC
Residence Inn by Marriott Dayton Beavercreek
Roadmunk
Rob Gronkowski
Robert B. Holt
S&S Activewear
Sam Staab
Schiff Hardin LLP
Seeking Alpha
Segment.IO, Inc.
Seprio, LLC
Sheraton Grand Nashville Downtown
Sift Science, Inc.
Slack Technologies, LLC
SLS South Beach
Smart City Networks
Snapchat
Snowflake Inc
Snyk Inc.
Socure Inc.
soona

Spacelift, Inc.
Spencer Dinwiddie
Standout Tech Solutions LLC
Swag.com
Tableau Software, Inc.
Taylor & Gray LLC
Teneo Strategy LLC
Terminal, Inc.
The Block Crypto, Inc.
The Cosmopolitan of Las Vegas
The Friends of Falcon Hockey Inc
The Sports Girls
The Winslow
Toni Pressley
Travelbank
Trea Turner
Troutman Pepper Hamilton Sanders LLP
TSX Inc.
Tuple
Twilio
Twitter Online Ads
Twitter, Inc.
Tyler Lussi
Typeform, S.l.
Uber
United Airlines
UPS
Upside Business Travel
User Testing, Inc.
UX Hires
Vijay Kumar B
W Dallas - Victory
W New York Union Square
Walkers Corporate Limited
Wall Street Dead aHead Networking LLC
Weisman Tech Law LLC
WeWork
Whistler Search Partners, LLC
WilliamsMarston LLC
Willis Towers Watson PLC
WINJIT INC
Wrike, Inc.
Zapier
Zendesk, Inc
ZeroFOX, Inc.

## EXHIBIT B

### Listing of Parties-in-Interest Noted for Court Disclosure

### Relationships in Matters Related to These Proceedings

**None**

### Relationships in Unrelated Matters - Current

**Bankruptcy Professionals**
Deloitte & Touche
Fasken Martineau DuMoulin LLP
Grant Thornton LLP
Quinn Emmanuel

**Banks, Lenders, Admin Agents**
Anchorage Digital Bank N.A.
Bank of Montreal
BMO
Galaxy Digital LLC

**Contract Counterparties**
Amazon
Celsius

**Insurance**
XL Specialty Ins. Company

**Landlords**
WeWork Inc.

**Litigation**
U.S. Bank National Association

**Official Creditors' Committee Attorneys**
McDermott Will & Emery LLP

**Ordinary Course Professionals**
Berger Singerman LLP
Day Pitney LLP
Frankfurt Kurnit Klein & Selz, P.C.
Jackson Lewis P.C.
Jenner & Block LLP
Kramer Levin Naftalis & Frankel LLP
Lowenstein Sandler LLP
Paul Hastings LLP
Seyfarth Shaw LLP
Troutman Pepper Hamilton Sanders LLP

**Taxing Authorities - Gov. Reg. Agencies**
State of Alaska
State of California
State of Indiana
State of Louisiana
State of New Mexico
State of North Dakota
State of Oklahoma
State of Oregon
State of Pennsylvania
State of Rhode Island
State of West Virginia

**Utilities**
Verizon Wireless

**Vendors**
Adobe
Amazon Web Services
Amazon Web Services, Inc
American Airlines
Aon Consulting Inc.
Apple
Apple Inc.
Baker & McKenzie LLP
Berger Singerman LLP
Broadridge
Campbells LLP
Day Pitney LLP
Delta Air Lines
Delta Airlines
Dropbox
Frankfurt Kurnit Klein & Selz, P.C.
Google, LLC.
Intuit
Jackson Lewis P.C.
Korn Ferry (US)
Marcum LLP

McCarter & English, LLP
Meta Platforms, Inc.
Microsoft
National Women's Soccer League, LLC
OTC Markets Group Inc.
Schiff Hardin LLP
Slack Technologies, LLC
Snowflake Inc
Tableau Software, Inc.
Troutman Pepper Hamilton Sanders LLP
Twitter, Inc.
Uber
United Airlines
UPS
WeWork

### Relationships in Unrelated Matters – Former Clients (Last Two Years)

**Bankruptcy Professionals**
Deloitte Tax LLP
Moelis & Company

**Ordinary Course Professionals**
Conyers Dill & Pearman

**Vendors**
BitGo, Inc.
Bloomberg Finance L.P.
Cloudflare, Inc.
Fort Capital Ontario Inc.
JetBlue Airways
Miro
Willis Towers Watson PLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of August 2022, a true and correct copy of the foregoing *Application for Order Authorizing the Employment and Retention of FTI Consulting, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors of Voyager Digital Holdings, Inc., et al. Effective as of July 25, 2022* has been served on the Service List via (i) electronic notification pursuant to the CM/ECF system for the United States Bankruptcy Court for the Southern District of New York, (ii) e-mail, or (iii) First Class U.S. Mail, as indicated in the service list attached hereto.

*/s/ Darren Azman*_____
Darren Azman

## SERVICE LIST

| Name | Attention | Address 1 | Address 2 | City | State | Zip | Country | Email | Method of Service |
|------|-----------|-----------|-----------|------|-------|-----|---------|-------|-------------------|
| DISTRICT OF COLUMBIA | OFFICE OF THE ATTORNEY GENERAL | 400 6TH STREET NW | | WASHINGTON | DC | 20001 | | OAG@DC.GOV | VIA E-MAIL |
| FRANCINE DE SOUSA | C/O SISKINDS LLP | ATTN: ANTHONY O'BRIEN | 100 LOMBARD STREET SUITE 302 | TORONTO | ON | M5C1M3 | | ANTHONY.OBRIEN@SISKINDS.COM | VIA E-MAIL |
| FRANCINE DE SOUSA | C/O SISKINDS LLP | ATTN: MICHAEL G. ROBB & GARETT M. HUNTER | 275 DUNDAS STREET UNIT 1 | LONDON | ON | N6B3L1 | | MICHAEL.ROBB@SISKINDS.COM GARETT.HUNTER@SISKINDS.COM | VIA E-MAIL |
| GOOGLE, LLC | | 1600 AMPHITHEATRE PKWY | | MOUNTAIN VIEW | CA | 94043 | | COLLECTIONS@GOOGLE.COM | VIA E-MAIL |
| INTERNAL REVENUE SERVICE | | PO BOX 7346 | | PHILADELPHIA | PA | 19101-7346 | | | VIA FIRST CLASS MAIL |
| OFFICE OF THE UNITED STATES TRUSTEE | FOR THE SOUTHERN DIST OF NEW YORK | ATTN: RICHARD C. MORRISSEY, ESQ. AND MARK BRUH, ESQ. | 201 VARICK STREET, ROOM 1006 | NEW YORK | NY | 10014 | | RICHARD.MORRISSEY@USDOJ.GOV MARK.BRUH@USDOJ.GOV | VIA E-MAIL VIA E-MAIL |
| SECURITIES & EXCHANGE COMMISSION | | 100 F STREET NE | | WASHINGTON | DC | 20549 | | SECBANKRUPTCY-OGC-ADO@SEC.GOV | VIA E-MAIL |
| SECURITIES & EXCHANGE COMMISSION | NEW YORK REGIONAL OFFICE | 100 PEARL STREET SUITE 20-100 | | NEW YORK | NY | 10004-2616 | | NYROBANKRUPTCY@SEC.GOV | VIA E-MAIL |
| SECURITIES & EXCHANGE COMMISSION | NEW YORK REGIONAL OFFICE | ATTN: ANDREW CALAMARI REGIONAL DIRECTOR | 200 VESEY STREET SUITE 400 | NEW YORK | NY | 10281-1022 | | BANKRUPTCYNOTICESCHR@SEC.GOV | VIA E-MAIL |
| STATE OF ALABAMA | OFFICE OF THE ATTORNEY GENERAL | 501 WASHINGTON AVE | | MONTGOMERY | AL | 36104 | | CONSUMERINTEREST@ALABAMAAG.GOV | VIA E-MAIL |
| STATE OF ALASKA | OFFICE OF THE ATTORNEY GENERAL | 1031 W 4TH AVE, STE 200 | | ANCHORAGE | AK | 99501 | | ATTORNEY.GENERAL@ALASKA.GOV | VIA E-MAIL |
| STATE OF ARIZONA | OFFICE OF THE ATTORNEY GENERAL | 2005 N CENTRAL AVE | | PHOENIX | AZ | 85004 | | AGINFO@AZAG.GOV | VIA E-MAIL |
| STATE OF ARKANSAS | OFFICE OF THE ATTORNEY GENERAL | 323 CENTER ST, STE 200 | | LITTLE ROCK | AR | 72201 | | OAG@ARKANSASAG.GOV | VIA E-MAIL |
| STATE OF CALIFORNIA | OFFICE OF THE ATTORNEY GENERAL | PO BOX 944255 | | SACRAMENTO | CA | 94244-2550 | | XAVIER.BECERRA@DOJ.CA.GOV | VIA E-MAIL |
| STATE OF COLORADO | OFFICE OF THE ATTORNEY GENERAL | RALPH L. CARR JUDICIAL BUILDING | 1300 BROADWAY, 10TH FL | DENVER | CO | 80203 | | CORA.REQUEST@COAG.GOV | VIA E-MAIL |
| STATE OF CONNECTICUT | OFFICE OF THE ATTORNEY GENERAL | 165 CAPITOL AVENUE | | HARTFORD | CT | 06106 | | ATTORNEY.GENERAL@CT.GOV | VIA E-MAIL |
| STATE OF FLORIDA | OFFICE OF THE ATTORNEY GENERAL | THE CAPITOL PL01 | | TALLHASSEE | FL | 32399 | | ASHLEY.MOODY@MYFLORIDALEGAL.CO | VIA E-MAIL |
| STATE OF GEORGIA | OFFICE OF THE ATTORNEY GENERAL | 40 CAPITOL SQ SW | | ATLANTA | GA | 30334 | | | VIA FIRST CLASS MAIL |
| STATE OF HAWAII | OFFICE OF THE ATTORNEY GENERAL | 425 QUEEN STREET | | HONOLULU | HI | 96813 | | HAWAIIAG@HAWAII.GOV | VIA E-MAIL |
| STATE OF IDAHO | OFFICE OF THE ATTORNEY GENERAL | 700 W. JEFFERSON ST, SUITE 210 | PO BOX 83720 | BOISE | ID | 83720 | | LAWRENCE.WASDEN@AG.IDAHO.GOV AGWASDEN@AG.IDAHO.GOV | VIA E-MAIL |
| STATE OF ILLINOIS | OFFICE OF THE ATTORNEY GENERAL | JAMES R. THOMPSON CENTER | 100 W. RANDOLPH ST | CHICAGO | IL | 60601 | | INFO@LISAMADIGAN.ORG | VIA E-MAIL |
| STATE OF INDIANA | OFFICE OF THE INDIANA ATTORNEY GENERAL | INDIANA GOVERNMENT CENTER SOUTH | 302 W WASHINGTON ST, 5TH FLOOR | INDIANAPOLIS | IN | 46204 | | | VIA FIRST CLASS MAIL |
| STATE OF IOWA | OFFICE OF THE ATTORNEY GENERAL | HOOVER STATE OFFICE BUILDING | 1305 E. WALNUT STREET | DES MOINES | IA | 50319 | | CONSUMER@AG.IOWA.GOV | VIA E-MAIL |
| STATE OF KANSAS | ATTN: ATTORNEY GENERAL DEREK SCHMIDT | 120 SW 10TH AVE, 2ND FLOOR | | TOPEKA | KS | 66612 | | DEREK.SCHMIDT@AG.KS.GOV | VIA E-MAIL |
| STATE OF KENTUCKY | ATTORNEY GENERAL - DANIEL CAMERON | 700 CAPITAL AVENUE, SUITE 118 | | FRANKFORT | KY | 40601 | | | VIA FIRST CLASS MAIL |
| STATE OF LOUISIANA | DEPT. OF JUSTICE - ATTORNEY GENERAL'S OFFICE | 300 CAPITAL DRIVE | | BATON ROUGE | LA | 70802 | | ADMININFO@AG.STATE.LA.US | VIA E-MAIL |
| STATE OF MAINE | OFFICE OF THE ATTORNEY GENERAL | 6 STATE HOUSE STATION | | AUGUSTA | ME | 04333 | | ATTORNEY.GENERAL@MAINE.GOV | VIA E-MAIL |
| STATE OF MARYLAND | OFFICE OF THE ATTORNEY GENERAL | 200 ST. PAUL PLACE | | BALTIMORE | MD | 21202 | | OAG@OAG.STATE.MD.US | VIA E-MAIL |
| STATE OF MASSACHUSETTS | ATTORNEY GENERAL'S OFFICE | 1 ASHBURTON PLACE, 20TH FLOOR | | BOSTON | MA | 02108 | | | VIA FIRST CLASS MAIL |
| STATE OF MICHIGAN | DEPARTMENT OF ATTORNEY GENERAL | 525 W OTTAWA ST | | LANSING | MI | 48906 | | | VIA FIRST CLASS MAIL |
| STATE OF MINNESOTA | OFFICE OF THE ATTORNEY GENERAL | 445 MINNESOTA ST, STE 1400 | | ST. PAUL | MN | 55101 | | ATTORNEY.GENERAL@AG.STATE.MN.US | VIA E-MAIL |
| STATE OF MISSISSIPPI | OFFICE OF THE ATTORNEY GENERAL | WALTER SILLERS BUILDING | 550 HIGH ST, PO BOX 220 | JACKSON | MS | 39201 | | | VIA FIRST CLASS MAIL |
| STATE OF MISSOURI | OFFICE OF THE ATTORNEY GENERAL | SUPREME COURT BUILDING | 207 W HIGH ST | JEFFERSON CITY | MO | 65101 | | CONSUMER.HELP@AGO.MO.GOV | VIA E-MAIL |
| STATE OF MONTANA | OFFICE OF THE ATTORNEY GENERAL | JUSTICE BUILDING, 3RD FLOOR | 215 N SANDERS, PO BOX 201401 | HELENA | MT | 59602 | | CONTACTDOJ@MT.GOV | VIA E-MAIL |
| STATE OF NEBRASKA | OFFICE OF THE ATTORNEY GENERAL | 2115 STATE CAPITOL | | LINCOLN | NE | 68509 | | | VIA FIRST CLASS MAIL |
| STATE OF NEVADA | OFFICE OF THE ATTORNEY GENERAL | OLD SUPREME COURT BUILDING | 100 N CARSON ST | CARSON CITY | NV | 89701 | | | VIA FIRST CLASS MAIL |
| STATE OF NEW HAMPSHIRE | OFFICE OF THE ATTORNEY GENERAL | NH DEPARTMENT OF JUSTICE | 33 CAPITOL ST. | CONCORD | NH | 03301 | | ATTORNEYGENERAL@DOJ.NH.GOV | VIA E-MAIL |
| STATE OF NEW JERSEY | OFFICE OF THE ATTORNEY GENERAL | RICHARD J. HUGHES JUSTICE COMPLEX | 25 MARKET ST 8TH FL, WEST WING BOX 080 | TRENTON | NJ | 08611 | | | VIA FIRST CLASS MAIL |
| STATE OF NEW MEXICO | OFFICE OF THE ATTORNEY GENERAL | 408 GALISTEO STREET | VILLAGRA BUILDING | SANTA FE | NM | 87501 | | HBALDERAS@NMAG.GOV | VIA E-MAIL |
| STATE OF NEW YORK | OFFICE OF THE ATTORNEY GENERAL | THE CAPITOL | 2ND FLOOR | ALBANY | NY | 12224 | | | VIA FIRST CLASS MAIL |
| STATE OF NORTH CAROLINA | OFFICE OF THE ATTORNEY GENERAL | 114 W EDENTON ST | | RALEIGH | NC | 27603 | | | VIA FIRST CLASS MAIL |
| STATE OF NORTH DAKOTA | OFFICE OF THE ATTORNEY GENERAL | STATE CAPITOL, 600 E | DEPT. 125 | BISMARCK | ND | 58505 | | NDAG@ND.GOV | VIA E-MAIL |
| STATE OF OHIO | OFFICE OF THE ATTORNEY GENERAL | STATE OFFICE TOWER | 30 E BROAD ST 14TH FL | COLUMBUS | OH | 43215 | | | VIA FIRST CLASS MAIL |
| STATE OF OKLAHOMA | OFFICE OF THE ATTORNEY GENERAL | 313 NE 21ST ST | | OKLAHOMA CITY | OK | 73105 | | QUESTIONS@OAG.OK.GOV | VIA E-MAIL |
| STATE OF OREGON | OFFICE OF THE ATTORNEY GENERAL | 1162 COURT ST NE | | SALEM | OR | 97301-4096 | | ELLEN.ROSENBLUM@DOG.STATE.OR.US ATTORNEYGENERAL@DOJ.STATE.OR.U | VIA E-MAIL |
| STATE OF PENNSYLVANIA | OFFICE OF THE ATTORNEY GENERAL | STRAWBERRY SQUARE 16TH FL | | HARRISBURG | PA | 17120 | | | VIA FIRST CLASS MAIL |
| STATE OF RHODE ISLAND | OFFICE OF THE ATTORNEY GENERAL | 150 S MAIN ST | | PROVIDENCE | RI | 02903 | | AG@RIAG.RI.GOV | VIA E-MAIL |
| STATE OF SOUTH CAROLINA | OFFICE OF THE ATTORNEY GENERAL | PO BOX 11549 | | COLUMBIA | SC | 29211 | | | VIA FIRST CLASS MAIL |
| STATE OF SOUTH CAROLINA | OFFICE OF THE ATTORNEY GENERAL | REMBERT C. DENNIS BLDG | 1000 ASSEMBLY ST RM 519 | COLUMBIA | SC | 29201 | | | VIA FIRST CLASS MAIL |
| STATE OF SOUTH DAKOTA | OFFICE OF THE ATTORNEY GENERAL | 1302 E HIGHWAY 14, STE 1 | | PIERRE | SD | 57501-8501 | | | VIA FIRST CLASS MAIL |

| Entity | Firm / Office | Address 1 | Address 2 | Address 3 | City | State | Zip | | Email | Method |
|---|---|---|---|---|---|---|---|---|---|---|
| STATE OF TENNESSEE | OFFICE OF THE ATTORNEY GENERAL | PO BOX 20207 | | | NASHVILLE | TN | 37202-0207 | | | VIA FIRST CLASS MAIL |
| STATE OF TEXAS | OFFICE OF THE ATTORNEY GENERAL | 300 W. 15TH ST | | | AUSTIN | TX | 78701 | | | VIA FIRST CLASS MAIL |
| STATE OF UTAH | OFFICE OF THE ATTORNEY GENERAL | UTAH STATE CAPITOL COMPLEX | 350 NORTH STATE ST STE 230 | | SALT LAKE CITY | UT | 84114 | | UAG@UTAH.GOV | VIA E-MAIL |
| STATE OF VERMONT | OFFICE OF THE ATTORNEY GENERAL | 109 STATE ST. | | | MONTPELIER | VT | 05609 | | AGO.INFO@VERMONT.GOV | VIA E-MAIL |
| STATE OF VIRGINIA | OFFICE OF THE ATTORNEY GENERAL | 202 N. NINTH ST. | | | RICHMOND | VA | 23219 | | MAIL@OAG.STATE.VA.US | VIA E-MAIL |
| STATE OF WASHINGTON | OFFICE OF THE ATTORNEY GENERAL | 1125 WASHINGTON ST SE | | | OLYMPIA | WA | 98501 | | | VIA FIRST CLASS MAIL |
| STATE OF WASHINGTON | OFFICE OF THE ATTORNEY GENERAL | PO BOX 40100 | | | OLYMPIA | WA | 98504-00 | | | VIA FIRST CLASS MAIL |
| STATE OF WEST VIRGINIA | OFFICE OF THE ATTORNEY GENERAL | STATE CAPITOL, 1900 KANAWHA | BUILDING 1 RM E-26 | | CHARLESTON | WV | 25305 | | CONSUMER@WVAGO.GOV | VIA E-MAIL |
| STATE OF WISCONSIN | OFFICE OF THE ATTORNEY GENERAL | 17 WEST MAIN STREET, ROOM 114 EAST P | | | MADISON | WI | 53702 | | | VIA FIRST CLASS MAIL |
| STATE OF WYOMING | OFFICE OF THE ATTORNEY GENERAL | 109 STATE CAPITOL | | | CHEYENNE | WY | 82002 | | | VIA FIRST CLASS MAIL |
| TORONTO STOCK EXCHANGE | | 300 - 100 ADELAIDE ST. | | | WEST TORONTO | ON | M5H 1S3 | | WEBMASTER@TMX.COM | VIA E-MAIL |
| UNITED STATES ATTORNEY'S OFFICE | SOUTHERN DISTRICT OF NEW YORK | ONE ST. ANDREWS PLAZA | | | NEW YORK | NY | 10007 | | | VIA FIRST CLASS MAIL |
| UNITED STATES DEPARTMENT OF | ATTORNEY GENERAL OF THE U.S. | 950 PENNSYLVANIA AVE, NW | | | WASHINGTON | DC | 20530-0001 | | | VIA FIRST CLASS MAIL |
| KELLEHER PLACE MANAGEMENT, LLC | HORWOOD MARCUS & BERK CHARTERED | 500 W. MADISON ST. | SUITE 3700 | | CHICAGO | IL | 60661 | | AHAMMER@HMBLAW.COM / NDELMAN@HMBLAW.COM | VIA ECF / VIA E-MAIL |
| METROPOLITAN COMMERCIAL BANK | BALLARD SPAHR LLP | 200 IDS CENTER | 80 SOUTH 8TH STREET | | MINNEAPOLIS | MN | 55402-2119 | | SINGERG@BALLARDSPAHR.COM | VIA E-MAIL |
| METROPOLITAN COMMERCIAL BANK | WACHTELL, LIPTON, ROSEN & KATZ | 51 WEST 52ND STREET | | | NEW YORK | NY | 10019-6150 | | RGMASON@WLRK.COM / ARWOLF@WLRK.COM / AKHERRING@WLRK.COM | VIA E-MAIL / VIA E-MAIL / VIA E-MAIL |
| MATTHEW LEVITT | J. SINGER LAW GROUP, PLLC | ONE LIBERTY PLAZA | 23RD FLOOR | | NEW YORK | NY | 10038 | | JSINGER@SINGERLAWGROUP.COM | VIA ECF |
| JASON RAZNICK | JAFFE RAITT HEUER & WEISS, P.C. | 27777 FRANKLIN ROAD | SUITE 2500 | | SOUTHFIELD | MI | 48034 | | PHAGE@JAFFELAW.COM | VIA ECF |
| STEVE LAIRD | FORSHEY & PROSTOK LLP | 777 MAIN STREET | SUITE 1550 | | FORT WORTH | TX | 76102 | | BFORSHEY@FORSHEYPROSTOK.COM | VIA ECF |
| ORACLE AMERICA, INC. | BUCHALTER, A PROFESSIONAL CORPORA | 425 MARKET ST. | SUITE 2900 | | SAN FRANCISCO | CA | 94105 | | SCHRISTIANSON@BUCHALTER.COM | VIA ECF |
| ALAMEDA RESEARCH LLC & AFFILIATES | SULLIVAN & CROMWELL LLP | 125 BROAD STREET | | | NEW YORK | NY | 10004 | | DIETDERICHA@SULLCROM.COM / GLUECKSTEINB@SULLCROM.COM / BELLERB@SULLCROM.COM | VIA ECF / VIA ECF / VIA E-MAIL |
| VOYAGER DIGITAL HOLDINGS, INC., ET AL. | KIRKLAND & ELLIS LLP / KIRKLAND & ELLIS INTERNATIONAL LLP | 601 LEXINGTON AVENUE | | | NEW YORK | NY | 10022 | | JSUSSBERG@KIRKLAND.COM / CMARCUS@KIRKLAND.COM / CHRISTINE.OKIKE@KIRKLAND.COM / ALLYSON.SMITH@KIRKLAND.COM | VIA ECF / VIA E-MAIL / VIA E-MAIL / VIA E-MAIL |
| EMERALD OCEAN ISLE, LLC, AMANO GLOBAL HOLDINGS, INC., SHINGO LAVINE, AND ADAM LAVINE | C/O GOLDSTEIN & MCCLINKOCK LLLP | ATTN: MATTHEW E. MCCLINTOCK, HARLEY GOLDSTEIN, AND STEVE YACHIK | 111 W WASHINGTON STREET SUITE 1221 | | CHICAGO | IL | 60602 | | MATTM@GOLDMCLAW.COM / HARLEYG@RESTRUCTURINGSHOP.COM / STEVENY@GOLDMCLAW.COM | VIA E-MAIL / VIA E-MAIL / VIA E-MAIL |
| EMERALD OCEAN ISLE, LLC, AMANO GLOBAL HOLDINGS, INC., SHINGO LAVINE, AND ADAM LAVINE | C/O LAW OFFICES OF DOUGLAS T. TABACHNIK, P.C. | ATTN: DOUGLAS T. TABACHNIK | 63 WEST MAIN STREET SUITE C | | FREEHOLD | NJ | 07728-2141 | | DTABACHNIK@DTTLAW.COM | VIA ECF |
| MATTHEW EDWARDS | C/O LIZ GEORGE AND ASSOCIATES | ATTN: LYSBETH GEORGE | 8101 S. WALKER SUITE F | | OKLAHOMA CITY | OK | 73139 | | GEORGELAWOK@GMAIL.COM | VIA ECF |
| TEXAS STATE SECURITIES BOARD | OFFICE OF THE ATTORNEY GENERAL OF TEXAS | ATTN: ABIGAIL R RYAN, LAYLA D MILLIGAN & JASON B BINFORD | BANKRUPTCY & COLLECTIONS DIVISION PO BOX 12548 | | AUSTIN | TX | 78711-2548 | | ABIGAIL.RYAN@OAG.TEXAS.GOV / LAYLA.MILLIGAN@OAG.TEXAS.GOV / JASON.BINFORD@OAG.TEXAS.GOV | VIA ECF / VIA E-MAIL / VIA E-MAIL |
| OFFICE OF THE ATTORNEY GENERAL OF TEXAS | | ATTN: ROMA N. DESAI | BANKRUPTCY & COLLECTIONS DIVISION PO BOX 12548 | | AUSTIN | TX | 78711-2548 | | ROMA.DESAI@OAG.TEXAS.GOV | VIA ECF |
| OFFICE OF THE ATTORNEY GENERAL | BANKRUPTCY DIVISION | ATTN: MARVIN E. CLEMENTS, JR. | BANKRUPTCY DIVISION P O BOX 20207 | | NASHVILLE | TN | 37202-0207 | | AGBANKNEWYORK@AG.TN.GOV | VIA ECF |
| VERMONT DEPARTMENT OF FINANCIAL REGULATION | ASSISTANT GENERAL COUNSEL | ATTN: JENNIFER ROOD | 89 MAIN STREET THIRD FLOOR | | MONTPELIER | VT | 05620 | | JENNIFER.ROOD@VERMONT.GOV | VIA ECF |
| ROBERT SNYDERS & LISA SNYDERS | C/O JOHNSON, POPE, BOKOR, RUPPEL & BURNS, LLP | ATTN: ANGELINA E. LIM | 401 E JACKSON STREET SUITE 3100 | | TAMPA | FL | 33602 | | ANGELINAL@JPFIRM.COM | VIA ECF |
| MICHAEL LEGG | C/O MCCARTHY, LEBIT, CRYSTAL & LIFFMAN CO. | ATTN: ROBERT R. KRACHT & NICHOLAS R. OLESKI | 1111 SUPERIOR AVENUE EAST SUITE 2700 | | CLEVELAND | OH | 44114 | | RRK@MCCARTHYLEBIT.COM / NRO@MCCARTHYLEBIT.COM | VIA E-MAIL / VIA ECF |
| MICHAEL GENTSCH | C/O BARSKI LAW PLC | ATTN: CHRIS D. BRASKI | 9375 E. SHEA BLVD. STE 100 | | SCOTTSDALE | AZ | 85260 | | CBARSKI@BARSKILAW.COM | VIA ECF |
| ILLINOIS SECRETARY OF STATE | C/O OFFICE OF THE ATTORNEY GENERAL | ATTN: JOHN P. REDING | 100 W. RANDOLPH ST FLOOR 13 | | CHICAGO | IL | 60601 | | JOHN.REDING@ILAG.GOV | VIA ECF |