UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) ) ) | Case No. 22-10943 (MEW) |
| Debtors. | ) ) ) | (Jointly Administered) |

### DECLARATION OF DISINTERESTEDNESS OF FRAGOMEN, DEL REY, BERNSEN & LOEWY, LLP PURSUANT TO THE ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

I, Daniel Schwarz, declare under penalty of perjury:

1. I am a Partner of Fragomen, Del Rey, Bernsen & Loewy, LLP located at 1400 Broadway, New York, NY 10018 (the "Firm").

2. Voyager Digital Holdings, Inc. and the other above-captioned debtors and debtors in possession (collectively, the "Debtors"), have requested that the Firm provide legal immigration services to the Debtors, namely the preparation and filing of visa petitions and related immigration documents on behalf of Debtors' employees and their dependents, and the Firm has consented to provide such services.

3. The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to these chapter 11 cases for persons that are parties in interest in the Debtors' chapter 11 cases. The Firm, however, does not perform services for any such person in connection with these chapter 11 cases, or have any relationship

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

4. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

5. Neither I nor any principal, partner, director, or officer, of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm. The Firm may pass through to Debtors expenses or disbursements incurred in the provision of the immigration services for incidental services such as translations or courier services that are paid to third parties.

6. Neither I nor any principal, partner, director, or officer, of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

7. The arrangements for compensation and reimbursement of the Firm include the following:

    a. Average hourly rate (if applicable): N/A[2]

    b. Flat professional fee based on nature of petition or application plus pass-through expenses (e.g., government filing fees or translation expenses paid to third parties)

---

[2] Hourly rates are not applicable as the Firm bills the Debtors a flat fee per application.

   c. Estimated average monthly compensation based on prepetition retention (if applicable): Less than $3,000 in professional fees monthly

8. As of the date on which the Debtors commenced these chapter 11 cases (the "Petition Date"), the Debtors owed the Firm $7,883.00 for prepetition services, the payment of which is subject to limitations contained in title 11 of the United States Code, 11 U.S.C. §§ 101–1532.

9. As of the Petition Date, the Firm was not party to an agreement for indemnification with certain of the Debtors.

10. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: August 22, 2022

_____
Daniel Schwarz

3