**Presentment Date and Time: September 13, 2022 at 11:00 a.m. ET**
**Objection Deadline: September 6, 2022 at 4:00 p.m. ET**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
:
In re:                                                             :    Chapter 11
:
VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1]    :    Case No. 22-10943 (MEW)
:
Debtors.                                 :    (Jointly Administered)
:
-------------------------------------------------------------------x

## NOTICE OF PRESENTMENT OF COMMON INTEREST CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

**PLEASE TAKE NOTICE** that Voyager Digital, LLC, through their undersigned counsel, in accordance with the Case Management Procedures and Local Rule 9074-1, will present the proposed *Common Interest Confidentiality Stipulation and Protective Order*, attached hereto as Exhibit A (the "Protective Order"), to the Honorable Michael E. Wiles, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York (the "Court"), on September 13, 2022 at 11:00 a.m. (Eastern Time) for approval and signature.

**PLEASE TAKE FURTHER NOTICE** that the following parties have agreed to the Protective Order: the Debtors; the Official Committee of Unsecured Creditors; and the Special Committee of Voyager Digital, LLC.

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the Protective Order is filed with the Court in accordance with the customary practices of the Court and General Order M-399 and delivered to the undersigned and the chambers of the Honorable Michael E. Wiles, so as to be received by September 6, 2022 at 4:00 p.m. (Eastern Time), there will not be a

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Voyager Digital Holdings, Inc.'s and Voyager Digital Ltd.'s principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003. Voyager Digital, LLC's principal place of business is 701 S Miami Ave, 8th Floor, Miami, FL 33131.

hearing to consider the Protective Order absent questions from the Court, and the Protective Order

may be signed and entered by the Court.

New York, New York
Dated:  August 24, 2022

/s/ Susheel Kirpalani
Susheel Kirpalani
Kate Scherling
Zachary Russell
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: 212-849-7000
Facsimile: 212-849-7100

*Special Counsel to Debtor Voyager Digital, LLC*

## EXHIBIT A

**Stipulation and Order**

**EXECUTION VERSION**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

In re:

VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1]

                Debtors.

------------------------------------------------------------x

: Chapter 11

: Case No. 22-10943 (MEW)

: (Jointly Administered)

## COMMON INTEREST CONFIDENTIALITY
## STIPULATION AND PROTECTIVE ORDER

This Stipulation (the "Stipulation" or "Protective Order") is entered into by and between the undersigned counsel, acting for and on behalf of their respective clients: (a) Voyager Digital Holdings, Inc., Voyager Digital Ltd., and Voyager Digital, LLC (the "Debtors"), (b) the Special Committee of Voyager Digital, LLC (the "Special Committee"), and (c) the Official Committee of Unsecured Creditors of the Debtors (the "Committee" and, together with the Debtors and the Special Committee, the "Parties" and each a "Party").

WHEREAS, on July 5, 2022 (the "Petition Date"), each Debtor commenced a voluntary case (the "Bankruptcy") under chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court" or "Court");

WHEREAS, the board of directors of Voyager Digital, LLC formally established the Special Committee, comprising independent directors Timothy Pohl and Jill Frizzley (the "Independent Directors"), and vested it with authority to, among other things: (a) investigate any

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Voyager Digital Holdings, Inc.'s and Voyager Digital Ltd.'s principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003. Voyager Digital, LLC's principal place of business is 701 S Miami Ave, 8th Floor, Miami, FL 33131.

historical transactions relating to Voyager Digital, LLC, and (b) investigate any potential estate claims and causes of action against insiders of Voyager Digital, LLC, including claims arising from its loan to Three Arrows Capital, and (c) perform any other activities consistent with the foregoing that the Special Committee or Voyager Digital, LLC's board otherwise deems necessary or appropriate ((a)-(c), the "Investigation");

WHEREAS, the Committee was appointed on July 19, 2022 and, pursuant to section 1103(c)(2) of the Bankruptcy Code, the Committee has a common interest with the Debtors and the Special Committee to investigate the existence of potential estate claims and causes of action;

WHEREAS, given the unique features of these chapter 11 cases, including that (a) the Debtors have no material creditor constituency other than the creditors represented by the Committee, (b) the Debtors have filed a plan which, if pursued and confirmed, provides that such creditors would own the Debtors in a stand-alone reorganization, (c) the Debtors desire to have the Investigation completed prior to the Court's consideration of that plan, (d) the Debtors seek to accelerate the timetable for these cases as a means to maximize value for creditors and minimize costs, and (e) the Parties have exhibited cooperation to date, the Special Committee has agreed to allow the Committee to participate in the Investigation provided that the Debtors' privileges are not waived;

WHEREAS, the Special Committee and the Committee have served informal document requests seeking information from the Debtors and have requested interviews of certain employees of the Debtors (the "Interviews") (all documents and information provided pursuant to such requests, including all information disclosed during the course of the Interviews are collectively referred to as the "Discovery Materials");

2

WHEREAS, the Parties have agreed that the Discovery Materials shall be subject to a protective order, pursuant to Federal Rule of Bankruptcy Procedure 7026, and Federal Rule of Civil Procedure 26 incorporated therein, to protect privilege and the confidentiality of sensitive information; and

WHEREAS, the Parties have entered into this Stipulation and agreed to be bound by its terms, subject to approval by the Court; pending such approval, the Parties agree that all Discovery Material is being shared pursuant to their common interests and will continue to be treated as "Highly Confidential" as described below.

NOW THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND UPON COURT APPROVAL, IT IS ORDERED THAT:

1.    Designation of Documents. Any Party or third party producing Discovery Material (the "Producing Party") to any Party (the "Receiving Party") may designate Discovery Material as "Confidential Material" or "Highly Confidential Material" (any such Discovery Material, "Designated Material") in accordance with the following provisions:

a.    Confidential Material: A Producing Party may designate Discovery Material as "Confidential" if such Producing Party believes in good faith that such Discovery Material constitutes or includes information that: (i) constitutes or contains technical, business, financial, personal, or other information of a nature that can be protected under Rule 26(c) of the Federal Rules of Civil Procedure and Bankruptcy Rules 7026 or 9018 of the Federal Rules of Bankruptcy Procedure; (ii) is subject by law or by contract to a legally protected right of privacy; or (iii) the Producing Party is under a preexisting obligation to a third-party to treat as confidential.

b.    <u>Highly Confidential Material</u>: A Producing Party may designate Discovery

Material as "Highly Confidential" if such Producing Party believes in good faith that such

Discovery Material is Confidential Material of such confidential nature that a risk of

competitive injury may be created if it were disclosed to persons other than those identified

in Paragraphs 2 of this Order, such as trade secrets or sensitive financial or business

information.  Insofar as the Parties have agreed that (pending entry of a Protective Order

by the Court) all Discovery Material shall be treated as Highly Confidential (a/k/a

Professionals' Eyes Only), the Debtors shall, following the completion of their production

in response to all requests made by the Special Committee and the Committee (the

"Completion Date"), re-review all produced documents and re-produce them (to the extent

designations are to be changed) with the "Confidential" or "Highly Confidential"

designations identified in this Order.  The Debtors shall conduct that re-review during the

five-business day period following the Completion Date.  Until the date that is six business

days after the Completion Date, all documents produced by the Debtors shall continue to

be treated on a Highly Confidential (a/k/a Professionals' Eyes Only) basis, as the Parties

had agreed prior to the negotiation of this Stipulation and Protective Order.

c.    <u>Exclusions:</u> Confidential Material and Highly Confidential Material does

not include information which: (a) is or becomes generally available to the public other

than as a result of a disclosure by the Receiving Party in violation of this Agreement or

another improper disclosure by any person; (b) was available to the Receiving Party on a

non-confidential basis prior to its disclosure by the Producing Party; (c) becomes available

to the Receiving Party on a non-confidential basis from a Person other than the Producing

Party who is not otherwise bound by a confidentiality agreement prohibiting disclosure of

such information; (d) has been independently developed by the Receiving Party; or (e) the Producing Party has previously authorized in writing to divulge or communicate to third parties.

A Producing Party shall designate Discovery Materials as Confidential or Highly Confidential Discovery Material by applying the legend "Confidential" or "Highly Confidential" to each page containing any Confidential or Highly Confidential Discovery Material.  In the case of electronically stored information, the "Confidential" or "Highly Confidential" legend, if any, shall be printed on the cover or container of the disk, tape, or other medium in which the electronic form data is stored, and the "Confidential" or "Highly Confidential" legend shall be applied, by electronic means to each electronic document or other electronically stored information containing any Confidential or Highly Confidential Discovery Materials. The failure to designate Discovery Material as "Confidential" or "Highly Confidential" does not constitute a waiver of such claim, and a Producing Party may so designate Discovery Material after such Discovery Material has been produced in accordance with paragraph 10, with the effect that such Discovery Material is subject thereafter to the protections of this Stipulation.  The Interviews shall be considered Highly Confidential, subject to the procedures set forth in Paragraphs 7 and 11.

2.    <u>Treatment of Confidential and Highly Confidential Discovery Material</u>.  Any Discovery Material designated as "Confidential" or "Highly Confidential" shall be maintained in confidence by any Receiving Party and shall be stored under the direct control of counsel of record who shall be responsible for preventing any disclosure not in accordance with this Stipulation.

a.    <u>Disclosing Highly Confidential Material.</u>  Highly Confidential Material shall only be disclosed to the following after executing a Non-Disclosure Declaration in the form annexed as an Exhibit hereto:

    i.       Outside counsel to a Party, and legal assistants, secretaries, staff, or agents and consultants; and

    ii.      Outside consultants, financial advisors, or experts.

Counsel for the Committee may also provide their client with high-level summaries of Highly Confidential Discovery Material in connection with said counsel's ongoing obligations, provided that no information that is privileged to the Debtors or the Special Committee, or that constitutes attorney work product of the Special Committee or its professionals, may be divulged to the members of the Committee.

    b.    <u>Disclosing Confidential Material.</u>  In addition to the persons identified in the above section 2(a), Confidential Material shall only be disclosed to the following after executing a Non-Disclosure Declaration in the form annexed as an Exhibit hereto:

    i.       The Committee;

    ii.      The Special Committee;

    iii.     Current employees, officers, or directors of a Party;

    iv.     Any current employee, officer, director, or other manger or member of the Debtors and/or any affiliate of the Debtors;

    v.      Persons expected to be interviewees, deponents, trial witnesses, and hearing witnesses in these chapter 11 cases and counsel to such persons, provided that counsel has a good-faith basis for believing that such witnesses had access to or knowledge of the Confidential Discovery Material or meets one of the other provisions of this paragraph, and for those who do not, provided that counsel ascertain as soon as practicable whether such witnesses had such access or knowledge, and provided that upon the first indication that such witnesses did not have such access or knowledge, counsel must immediately refrain from any further disclosure to such witnesses;

    vi.     Any person identified as an author of a document, or any person to whom a copy of such document was sent prior to its production in these chapter 11 cases;

vii.    Court officials involved in these chapter 11 cases;

viii.    Court-reporting personnel involved in taking or transcribing testimony in these chapter 11 cases; and

ix.    Any mediator engaged by the Parties or appointed by the Court.

3.    <u>Public Disclosure, Including, But Not Limited to Disclosure Made In Support or Opposition The Chapter 11 Plan and Associated Releases</u>.  Any public filing or communication, including those in support of or in opposition to the Chapter 11 Plan and associated releases, that seeks to quote or otherwise include Confidential or Highly Confidential Material, shall be filed under seal with the Bankruptcy Court in accordance with the procedures provided in Paragraph 7 below.

4.    <u>Permitted Purposes</u>.  All Discovery Materials disclosed pursuant to this Stipulation (except such materials publicly available in substantially the same form), whether or not containing Confidential or Highly Confidential Materials, shall be used solely in connection with these chapter 11 cases (including any adversary proceeding or contested matter in these chapter 11 cases), and not for any other legal, business, commercial, competitive, personal, or other purpose. Any summary, compilation, notes, memoranda, analysis, or copy containing Confidential or Highly Confidential Material, and any electronic image or database containing Confidential or Highly Confidential Material shall be subject to the terms of this Stipulation to the same extent as the Discovery Material from which such summary, compilation, notes, copy, memoranda, analysis, electronic image, or database is derived.  No Confidential or Highly Confidential Material shall be used for any other purpose, including business, governmental, commercial, administrative, or other judicial proceedings.

5.        <u>Third Party Disclosures</u>. The production of any Confidential or Highly Confidential Discovery Material by any non-party shall be subject to and governed by the terms of this Stipulation.

6.        <u>Preservation of Privileges</u>.  In accordance with Rule 502(d) of the Federal Rules of Evidence, all privileges, protections, confidentiality, and immunities (including, without limitation, the attorney-client privilege, and the work product doctrine), shall remain in full force and effect as to any privileged Discovery Material shared by or among the Parties, whether documentary or disclosed during Interviews, (regardless of the reason for the disclosure), and shall not be waived or in any way impaired in connection with these chapter 11 cases (including in connection with any current or subsequent adversary proceeding or contested matter in these chapter 11 cases) or in any other Federal, State or other proceeding outside these chapter 11 cases by disclosure or production by any Party to another party, or by disclosing such Discovery Material to the Court in the context of resolving a request or dispute as to sealing.  Any party receiving documents or information that the party realizes, or the Producing Party claims, are protected by a privilege, protection, or immunity (including but not limited to the attorney-client privilege or the work product protection), shall return them to the producing party or destroy them within three (3) days of the Producing Party's request (or the receiving party's realization that they have inadvertently received protected information), delete any versions of the documents it maintains, and make no use of the information contained therein regardless of whether the receiving party agrees with the claim of privilege and/or work product protection.  Nothing in this Order shall prevent a Receiving Party from challenging the privilege or protection asserted by the Producing Party by properly noticed motion.

7.    <u>Sealing of Designated Material Filed With Or Submitted to the Court</u>.  For the avoidance of doubt, no papers containing Confidential or Highly Confidential Discovery Material shall be disseminated to creditors or other stakeholders generally without the Producing Party's express written consent or an order of the Court permitting such dissemination.  For the further avoidance of doubt, no Party shall attempt to file any Discovery Material that contains privileged information with the Court under any circumstances.  Otherwise, pleadings, documents, or other papers (or attachments thereto) containing Confidential or Highly Confidential Discovery Material that a Party seeks to file with the Court shall be handled in the following manner:

a.    The pleadings, documents, or other papers (or attachments thereto) containing Designated Materials should be redacted to remove all portions containing Designated Material, and the Party seeking to file or communicate these materials to creditors shall file the pleadings, documents, or other papers (or attachments thereto) with the aforementioned redactions on the Court's electronic docket under a temporary seal;

b.    Unredacted copies of the pleadings, documents, or other papers filed under temporary seal shall be delivered to the Court in a separate sealed envelope conspicuously marked "Filed Under Temporary Seal – Subject to Voyager Digital Holdings, Inc. Protective Order" together with such other markings as may be required by the Court; and

c.    Any Party filing ("Filing Party") with the Court pleadings, documents, or other papers (or attachments thereto) containing Designated Material under the temporary seal shall serve the Debtors, the U.S. Trustee, and Counsel for the Committee with un-redacted copies.

d.    Each Filing Party shall use best efforts when filing with the Court pleadings, documents, or other papers (or attachments thereto) to remove only Designated Material

from pleadings, documents, or other papers (or attachments thereto). Under no circumstances shall entire transcripts of depositions be filed under the temporary seal.

e.      Unless the Producing Party provides written notice to the Filing Party within seven days of the date on which the Filing Party filed a pleading, document, or other paper (or attachments thereto) with the Court under the temporary seal, the Filing Party shall file a notice with the Court advising the Court that the pleading, document, or other paper (or attachments thereto) does not meet the requirements for sealing under section 107(b) of the Bankruptcy Code and requesting that the temporary seal be lifted and the pleadings, documents, or other papers (or attachments thereto) provided in the sealed envelope be filed by the Clerk on the Court's electronic docket.  The Filing Party shall assist the Clerk in any way requested to ensure that the temporary seal is lifted and that the public has access to the unredacted documents.

f.       Following a filing pursuant to this paragraph, a Producing Party seeking to keep a filing sealed shall, within five (5) business days, file a sealing Motion with the Court under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 seeking Court authorization to have the pleading, document, or other paper (or attachments) remain under seal, otherwise the pleading, document, or other paper (or attachments) shall automatically become unsealed.  The Court shall decide whether sealing is appropriate pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018.  Until the Court decides the sealing motion, the pleading, document, or other paper (or attachments thereto) shall remain under temporary seal.

8.      <u>Compelled Disclosure</u>.  Notwithstanding the foregoing, solely in the event that a Receiving Party is requested or required (through discovery, subpoena, civil investigative demand,

or other similar legal or investigative process) to disclose any of the Confidential or Highly Confidential Discovery Material, the Receiving Party shall provide the Producing Party with prompt written notice of any such request or requirement so that the Producing Party may seek a protective order or other appropriate remedy and/or waive compliance with the provisions of this Stipulation in respect of such request or requirement.  If, in the absence of a protective order or other remedy or the receipt of a waiver by the Producing Party, a Receiving Party is nonetheless, in the opinion of its counsel, legally compelled to disclose such Confidential or Highly Confidential Discovery Material or else stand liable for contempt or suffer other censure or significant penalty, the Receiving Party may, without liability under this Stipulation, disclose only that portion of the Confidential or Highly Confidential Discovery Material which its counsel advises it is legally required to be disclosed, provided that the Receiving Party exercises its commercially reasonable efforts to preserve the confidentiality of the Confidential or Highly Confidential Discovery Material, including, without limitation, by taking commercially reasonable measures to cooperate with the Producing Party to obtain an appropriate protective order or other reliable assurance that confidential treatment will be accorded the Confidential or Highly Confidential Discovery Material by the party to whom such material will be produced, and then only with as much prior written notice to the Producing Party as is practical under the circumstances.  In no event will a Receiving Party oppose action by a Producing Party to obtain a protective order or other relief to prevent the disclosure of the Confidential or Highly Confidential Discovery Material or to obtain reliable assurance that confidential treatment will be afforded the Confidential or Highly Confidential Discovery Material.

9.    <u>Subsequent Divergence of Interests.</u>   The sharing of Confidential or Highly Confidential Discovery Material that is protected by one or more privileges is solely in furtherance

of the Parties' common interests.  In the event the interests of any Party diverges from the others, all Parties agree that prior disclosure or production of any documents or information in reliance on common interests shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by that Party of any privilege or protection otherwise applicable to those documents, including the attorney-client privilege or the work product doctrine.  The Debtors and the Special Committee agree not to take the position that McDermott Will & Emery or its professionals are disqualified from any future litigation involving the Debtors, the Debtors' directors and officers, non-Debtor affiliates, or any other person or entity related to these chapter 11 cases by virtue of its receipt of information provided pursuant to this Protective Order, including with respect to any material or information that is covered by the common interest privilege and/or that is covered by any other privileges.

10.    <u>No Waiver</u>.  Neither this Stipulation nor disclosure of any Confidential or Highly Confidential Discovery Material by a Producing Party shall be deemed by implication or otherwise to vest in the Receiving Party rights in or to such Confidential or Highly Confidential Discovery Material other than the right to use such Confidential or Highly Confidential Discovery Material solely in accordance with this Stipulation.  It is understood and agreed by the Parties that no failure or delay by a Producing Party in exercising any right, power, or privilege pursuant to this Stipulation shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any right, power or privilege pursuant to this Stipulation.  If at any time a Producing Party determines or realizes that certain testimony or some portion(s) of Discovery Materials that it previously produced should be designated as "Confidential" or "Highly Confidential," the Producing Party may apprise the Parties in writing, and such designated testimony or portion(s) of Discovery Materials will thereafter be

treated as Confidential or Highly Confidential Discovery Materials under the terms of this Stipulation and Protective Order, provided, however, that the Producing Party shall, at its cost, provide the Receiving Party with substitute copies, bearing the legend "Confidential" or the legend "Highly Confidential," of any such Discovery Materials at which time the Receiving Party shall promptly return to the Producing Party the copies of such substituted Discovery Materials. Entry into this Stipulation and/or producing Confidential or Highly Confidential Discovery Material pursuant hereto shall not prejudice in any way a Producing Party's rights to object to the authenticity or admissibility into evidence of any testimony or other evidence subject hereto.

11.    Objections to Designation.    In the event a Receiving Party objects to any designation of testimony or Discovery Materials as "Confidential" or "Highly Confidential" or wants to show such documents to its clients or other persons other than counsel, retained professionals, or retained experts, the Receiving Party shall so inform the Producing Party, stating the grounds of the objection, and they shall have five business (5) days to attempt to respond in the event that the request involves less than 20 documents, at the end of which the Producing Party may seek a ruling from the Court, on no less than five (5) business days' notice to the Receiving Party, provided that no Confidential or Highly Confidential Discovery Material shall be filed in the public record or otherwise disclosed prior to a determination by the Court that it does not meet the requirements for sealing under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018. If a Receiving Party challenges the designation of more than 20 documents, the Receiving Party and Producing Party shall work in good faith to establish a reasonable schedule for addressing challenges to confidentiality designations.

12.    Use in Depositions.    If Confidential or Highly Confidential Discovery Materials are utilized in a deposition, then it shall be indicated on the record by counsel for one of the Parties

(or, if counsel for the Producing Party is present, by counsel for the Producing Party) that a question, or a line of questioning concerning a particular subject matter, calls for Confidential or Highly Confidential Discovery Material, in which case the transcript of the designated testimony (if any) shall be bound in a separate volume and marked "Confidential Discovery Material Governed by Protective Order" or "Highly Confidential Discovery Material Governed by Protective Order" by the reporter.  Any notes taken by any Party or its agents shall similarly indicate the requirement of confidentiality and existence of this Stipulation.  Any Party may also designate the actual transcript of a deposition as "Confidential" or "Highly Confidential" by stating as such on the record of such deposition.  All depositions shall be treated as "Highly Confidential" under this Stipulation and Protective Order until five business days after a transcript is made available by the Court Reporter to the person defending the deposition, and during that five -day period the person defending the deposition should advise the Parties and the Court Reporter of what portions of the deposition should receive a "Highly Confidential" designation, a "Confidential" designation, or no designation.

13.    Use by any Professional Firm or Individual Retained in Connection with these Chapter 11 Cases.  Counsel for the Party retaining any professional firm or individual in connection with these chapter 11 cases, including outside consultants, financial advisors or experts (collectively, the "Permitted Recipients," and each a "Permitted Recipient"), shall provide a copy of this Stipulation to the Permitted Recipient or a representative of the Permitted Recipient, and the Permitted Recipient or a representative of the Permitted Recipient must execute a Non-Disclosure Declaration in the form annexed as an Exhibit hereto prior to the Permitted Recipient receiving any Confidential or Highly Confidential Discovery Material.

14.    <u>Enforcement Pending Entry</u>.  The Parties agree to be bound by the terms of this Stipulation pending the entry of this Stipulation as an order of the Court, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation has been entered by the Court. The provisions of this Stipulation shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of these chapter 11 cases.

15.    <u>Disposition of Confidential or Highly Confidential Discovery Material</u>.  Within sixty (60) days after receiving notice of the entry of an order, judgment, or decree finally disposing of or resolving any and all disputes among the Parties' hereto arising out of or relating to these chapter 11 cases and/or adversary proceedings, including the exhaustion of all possible appeals and other review, all persons having received Confidential or Highly Confidential Discovery Material shall either return such material and all copies thereof (including summaries and excerpts) to the Producing Parties or destroy all such Confidential or Highly Confidential Discovery Material and certify that fact to the Producing Parties.  Discovery Material that has been received electronically and that cannot be returned or destroyed must be electronically deleted and deleted from "trash" files. This paragraph 15 applies to Confidential and Highly Confidential Discovery Material only and does not require that counsel for the Parties destroy work product or correspondence.

16.    Any Party or non-party may seek relief from, or modification of, this Stipulation or any provision thereof by properly noticed motion to the Court.

17.    This Stipulation shall, as a default rule, subject to any person's ability to challenge its application, apply to all discovery requests made in any contested matters or adversary proceedings in these Chapter 11 cases.

18.    This Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original and electronic signatures shall be deemed original signatures.

**KIRKLAND & ELLIS LLP**

_____

Joshua Sussberg, P.C.
Christopher Marcus, P.C.
Christine Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Avenue
New York, NY 10022
Tel: 212-446-4800

Michael B. Slade (*pro hac vice*)
Richard U.S. Howell, P.C. (*pro hac vice*)
Nicholas F. Wasdin
Zachary A. Cirullo
300 N. LaSalle Drive
Chicago, IL  60654
Tel: 312-862-2000

*Counsel to the Debtors and Debtors in Possession*

**MCDERMOTT WILL & EMERY LLP**

_____

Darren Azman
John J. Calandra
Joseph B. Evans
One Vanderbilt Avenue
New York, NY 10017-3852
Tel: 212-547-5400

*Proposed Counsel to the Official Committee of Unsecured Creditors*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

_____

Susheel Kirpalani
Katherine Lemire
Kate Scherling
Zachary Russell
51 Madison Avenue, 22nd Fl.
New York, NY 10010
Tel: 212-849-7000

*Counsel for the Special Committee of Voyager Digital, LLC*

18.     This Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original and electronic signatures shall be deemed original signatures.


**KIRKLAND & ELLIS LLP**

_____

Joshua Sussberg, P.C.
Christopher Marcus, P.C.
Christine Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Avenue
New York, NY 10022
Tel: 212-446-4800

Michael B. Slade (*pro hac vice*)
Richard U.S. Howell, P.C. (*pro hac vice*)
Nicholas F. Wasdin
Zachary A. Cirullo
300 N. LaSalle Drive
Chicago, IL  60654
Tel: 312-862-2000

*Counsel to the Debtors and Debtors in Possession*


**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

_____

Susheel Kirpalani
Katherine Lemire
Kate Scherling
Zachary Russell
51 Madison Avenue, 22nd Fl.
New York, NY 10010
Tel: 212-849-7000

*Counsel for the Special Committee of Voyager Digital, LLC*


**MCDERMOTT WILL & EMERY LLP**

_____

Darren Azman
John J. Calandra
Joseph B. Evans
One Vanderbilt Avenue
New York, NY 10017-3852
Tel: 212-547-5400

*Proposed Counsel to the Official Committee of Unsecured Creditors*


16

18.    This Stipulation may be signed in counterparts, which, when fully executed, shall

constitute a single original and electronic signatures shall be deemed original signatures.

**KIRKLAND & ELLIS LLP**

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

_____

_____

Joshua Sussberg, P.C.
Christopher Marcus, P.C.
Christine Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Avenue
New York, NY 10022
Tel: 212-446-4800

Susheel Kirpalani
Katherine Lemire
Kate Scherling
Zachary Russell
51 Madison Avenue, 22nd Fl.
New York, NY 10010
Tel: 212-849-7000

Michael B. Slade (*pro hac vice*)
Richard U.S. Howell, P.C. (*pro hac vice*)
Nicholas F. Wasdin
Zachary A. Cirullo
300 N. LaSalle Drive
Chicago, IL  60654
Tel: 312-862-2000

*Counsel for the Special Committee of Voyager Digital, LLC*

*Counsel to the Debtors and Debtors in Possession*

**MCDERMOTT WILL & EMERY LLP**



_____

Darren Azman
John J. Calandra
Joseph B. Evans
One Vanderbilt Avenue
New York, NY 10017-3852
Tel: 212-547-5400

*Proposed Counsel to the Official Committee of Unsecured Creditors*

SO ORDERED:

New York, New York
Date:  August 23, 2022

_____
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                            :    Chapter 11
In re:                                      :
                                            :    Case No. 22-10943 (MEW)
VOYAGER DIGITAL HOLDINGS, INC., et al.,²    :
                                            :    (Jointly Administered)
                    Debtors.                :
                                            :
------------------------------------------------------------x
```

I, _____ , state that:

1.      My address is_____.

2.      My present occupation or job description is _____.

3.      I have received a copy of the Stipulation for the Production and Exchange of Confidential

Information (the "Stipulation") entered in the above-entitled action on _____.

4.      I have carefully read and understand the provisions of the Stipulation.

5.      I will comply with all provisions of the Stipulation.

6.      I will hold in confidence, will not disclose to anyone not qualified under the Stipulation,

and will use only for purposes of this action, any Confidential or Highly Confidential Discovery

Material that is disclosed to me.

7.      I will return all Confidential Discovery Material or Highly Confidential Material that

comes into my possession, and documents or things that I have prepared relating thereto, to counsel

---

² The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Voyager Digital Holdings, Inc.'s and Voyager Digital Ltd.'s principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.  Voyager Digital, LLC's principal place of business is 701 S Miami Ave, 8th Floor, Miami, FL 33131.

1

for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Discovery Material or Highly Confidential Discovery Material.

8.      I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Stipulation in this action.

Dated: _____                          _____