**Hearing Date: September 13, 2022 at 11:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: September 6, 2022 at 4:00 p.m. (prevailing Eastern Time)**

**MCDERMOTT WILL & EMERY LLP**
Darren Azman
Joseph B. Evans
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

**MCDERMOTT WILL & EMERY LLP**
Charles R. Gibbs (admitted *pro hac vice*)
Grayson Williams (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201-1664
Telephone: (214) 295-8000
Facsimile: (972) 232-3098

*Proposed Counsel to the Official*
*Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | ) | Case No. 22-10943 (MEW) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |
|  | ) |  |

**NOTICE OF HEARING ON THE MOTION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS FOR ENTRY OF AN ORDER CLARIFYING THE
REQUIREMENT TO PROVIDE ACCESS TO CONFIDENTIAL OR PRIVILEGED
INFORMATION AND APPROVING A PROTOCOL REGARDING CREDITOR
REQUESTS FOR INFORMATION, EFFECTIVE AS OF JULY 19, 2022**

**PLEASE TAKE NOTICE** that a hearing on the *Motion of the Official Committee of*

*Unsecured Creditors for Entry of an Order Clarifying the Requirement to Provide Access to*

*Confidential or Privileged Information and Approving a Protocol Regarding Creditor*

*Requests for Information, Effective as of July 19, 2022* (the "Motion") filed by the Official

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax
    identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and
    Voyager Digital, LLC (8013). The location of the Voyager Digital Holdings, Inc.'s and Voyager Digital
    Ltd.'s principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003. Voyager
    Digital, LLC's principal place of business is 701 S. Miami Ave, 8th Floor, Miami, FL 33131.

Committee of Unsecured Creditors of Voyager Digital Holdings, Inc., *et al.* (the

"Committee") will be held on **September 13, 2022 at 11:00 a.m., prevailing Eastern Time**

(the "Hearing"). In accordance with General Order M-543 dated March 20, 2020, the Hearing

will be conducted telephonically. Any parties wishing to participate must do so by making

arrangements through CourtSolutions by visiting https://www.court-solutions.com.

PLEASE TAKE FURTHER NOTICE that any responses or objections to the relief

requested in the Motion shall: (a) be in writing; (b) conform to the Federal Rules of

Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York,

and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court

for the Southern District of New York; (c) be filed electronically with the Court on the docket

of *In re Voyager Digital Holdings, Inc*., No. 22-10943 (MEW) by registered users of the

Court's electronic filing system and in accordance with all General Orders applicable to

chapter 11 cases in the United States Bankruptcy Court for the Southern District of New

York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d)

be served so as to be actually received by **September 6, 2022 at 4:00 p.m., prevailing**

**Eastern Time**, by (i) the entities on the Master Service List available on the case website of

the above-captioned debtors and debtors in possession (the "Debtors") at

https://cases.stretto.com/Voyager and (ii) any person or entity with a particularized interest in

the subject matter of the Motion.

PLEASE TAKE FURTHER NOTICE that only those responses or objections that

are timely filed, served, and received will be considered at the Hearing. Failure to file a

timely objection may result in the entry of a final order granting the Motion as requested by

the Committee.

PLEASE TAKE FURTHER NOTICE that copies of the Motion and other

pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the

website of Stretto at https://cases.stretto.com/Voyager. You may also obtain copies of the

Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at

http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated: August 25, 2022  
      New York, New York

MCDERMOTT WILL & EMERY LLP

*/s/ Darren Azman*         
Darren Azman  
Joseph B. Evans  
One Vanderbilt Avenue  
New York, NY 10017-3852  
Telephone: (212) 547-5400  
Facsimile: (212) 547-5444  
E-mail: dazman@mwe.com  
E-mail: jbevans@mwe.com

and

Charles R. Gibbs (admitted *pro hac vice*)  
Grayson Williams (admitted *pro hac vice*)  
2501 North Harwood Street, Suite 1900  
Dallas, TX 75201  
Telephone: (214) 295-8000  
Facsimile: (972) 232-3098  
E-mail: crgibbs@mwe.com  
E-mail: gwilliams@mwe.com

and

Gregg Steinman (admitted *pro hac vice*)  
333 SE 2nd Avenue, Suite 4500  
Miami, FL 33131-2184  
Telephone: (305) 329-4473  
Facsimile: (305) 503-8805  
E-mail: gsteinman@mwe.com

*Proposed Counsel to the Official*  
*Committee of Unsecured Creditors*

Hearing Date: September 13, 2022 at 11:00 a.m. (prevailing Eastern Time)
Objection Deadline: September 6, 2022 at 4:00 p.m. (prevailing Eastern Time)

**MCDERMOTT WILL & EMERY LLP**
Darren Azman
Joseph B. Evans
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

**MCDERMOTT WILL & EMERY LLP**
Charles R. Gibbs (admitted *pro hac vice*)
Grayson Williams (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201-1664
Telephone: (214) 295-8000
Facsimile: (972) 232-3098

*Proposed Counsel to the Official*
*Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR ENTRY OF AN ORDER CLARIFYING THE REQUIREMENT TO
PROVIDE ACCESS TO CONFIDENTIAL OR PRIVILEGED INFORMATION
AND APPROVING A PROTOCOL REGARDING CREDITOR REQUESTS FOR
INFORMATION, EFFECTIVE AS OF JULY 19, 2022**

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") appointed in the

above-captioned chapter 11 cases (the "<u>Chapter 11 Cases</u>") of Voyager Digital Holdings,

Inc., *et al.* (collectively, the "<u>Debtors</u>") hereby submits this motion (the "<u>Motion</u>") for entry

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Voyager Digital Holdings, Inc.'s and Voyager Digital Ltd.'s principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003. Voyager Digital, LLC's principal place of business is 701 S. Miami Ave, 8th Floor, Miami, FL 33131.

of an order, pursuant to sections 105(a), 107(b), 1102(b)(3), and 1103 of title 11 of the United

States Code (the "<u>Bankruptcy Code</u>") and Rule 9018 of the Federal Rules of Bankruptcy

Procedure (the "<u>Bankruptcy Rules</u>"), substantially in the form attached hereto as **Exhibit A**

(the "<u>Proposed Order</u>"), (i) clarifying the requirements of the Committee to provide access to

confidential or privileged information to creditors, (ii) approving a protocol regarding

creditor requests for information, and (iii) authorizing the establishment of a website to

provide creditors with access to critical information. In support of this Motion, the

Committee respectfully states as follows:

## PRELIMINARY STATEMENT

1.       In view of the unique circumstances of these chapter 11 cases, the Debtors'

creditors and the general public alike have a heightened interest in the conduct and outcome

of these proceedings. As the fiduciary for all unsecured creditors, the Committee and its

professionals take seriously their obligation to ensure that creditors have access to clear and

comprehensive information regarding the status of and key developments in these Chapter 11

Cases, as well as designated points of contact and vehicles for creditors to raise and discuss

specific concerns. Open communication with creditors is essential to achieve the

Committee's goal of appropriate transparency in these cases.

2.       Over the last several weeks, hundreds of thousands of customers have

accessed their accounts on the Debtor's mobile application only to discover their funds are

frozen. Unable to withdraw or resume trading activity, these customers have reached out to

the Debtors, the Committee, and others desperate to discover how they can recover not just

their investments, but for many, their life savings. As the letters filed on the docket illustrate,

many of these customers relied on their holdings on the Debtors' platform to pay basic

personal expenses. With this in mind, the Committee has created a website and a social media

account (via Twitter) to connect with customers and all unsecured creditors, and provide much-needed communication regarding the status of these Chapter 11 Cases.

3.      By this Motion, and in furtherance of the objective to establish clear lines of communication with unsecured creditors, the Committee seeks authority to establish and implement a protocol that will enable the Committee to satisfy its obligation to ensure that *all* of the Debtors' unsecured creditors have access to the information to which they are entitled, while at the same time protecting the confidentiality of information received from the Debtors and non-Debtor parties as necessary to facilitate these Chapter 11 Cases.

## JURISDICTION AND VENUE

4.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 1, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Committee confirms its consent to the Court entering a final order in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The statutory bases for the relief requested herein are Bankruptcy Code sections 105(a), 107(b), 1102(b)(3), and 1103, Bankruptcy Rules 2014 and 9018, and rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## BACKGROUND

7.      On July 5, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their

businesses and managing their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

8.      On July 6, 2022, the Court entered an order authorizing the joint administration and procedural consolidation of the Debtors' chapter 11 cases (the "Chapter 11 Cases") pursuant to Bankruptcy Rule 1015(b). [Docket No. 18].

9.      On July 19, 2022, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the Committee pursuant to Bankruptcy Code section 1102 (the "Committee Formation Date"). [Docket No. 102]. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

10.     The Committee has adopted by-laws that are in place to protect the confidentiality of all material, including communications produced to, by or related to the Committee, its members, and its professionals, in addition to privileged information (collectively, the "Confidential Committee Information").[2] Confidential Committee Information also includes written correspondence, oral correspondence, reports, and memoranda prepared by the Committee Professionals for the benefit of the Committee as well as all related communications received by any of the members of the Committee, including reports disseminated by Committee members among themselves and the Committee. Professionals. Further, as described herein, the by-laws protect the confidentiality provisions of Confidential Information (as defined below) shared by or on behalf of the any of the Debtors with the Committee, its members, or its professionals (collectively, the "Confidential Debtor Information").

---

[2]    The Committee has retained selected Epiq Corporate Restructuring LLC ("Epiq") as its noticing and information agent, subject to Court approval.

4

## RELIEF REQUESTED

11.     Pursuant to this Motion, the Committee requests entry of the Proposed Order, effective as of the Committee Formation Date, authorizing the Committee to establish and implement a protocol (the "Creditor Information Protocol") pursuant to Bankruptcy Code section 1102(b)(3)(A).

12.     The Committee also seeks express authority to maintain certain information platforms, including, but not limited to, a company website, Twitter account, YouTube page, and any other social media accounts or channels (collectively, the "Information Platforms") to keep the Debtors' unsecured creditors apprised of non-confidential and non-privileged information. Notably, many of the Debtors' creditors use Twitter to share, learn, and receive information regarding these Chapter 11 Cases. Accordingly, the Committee created the Twitter account @VoyagerUCC, through which it may post information to the Information Platforms to inform them of upcoming hearings, provide access to significant pleadings or notify them of events such as town hall meetings.

13.     The Committee seeks to reserve its right to establish additional accounts and channels on other platforms when appropriate to ensure it can reach as much of its creditor constituency as possible.

14.     The Committee requests authority from the Court to establish and maintain the Information Platforms until such time as the Committee is dissolved, the Chapter 11 Cases are dismissed or converted, or until such other time as the Court directs. The Information Platforms will function as a helpful resource for both account holders and unsecured creditors and enable the Committee to solicit and receive comments from creditors. The Committee will use the Information Platforms to keep customers and unsecured creditors informed of the status and important deadlines related to these Chapter 11 Cases. The topics posted to the Information Platforms include, but are not limited to,

5

the following:

    a.  general information regarding the Chapter 11 Cases, including the Petition Date and case number;

    b.  contact information for the Committee, the Committee Professionals, the Debtors, and the Debtors' professional advisors;

    c.  a case calendar of significant events in the Chapter 11 Cases, as well as relevant deadlines, including the voting deadline in connection with any Chapter 11 plan of reorganization filed in the Chapter 11 Cases and the deadline to file proofs of claims;

    d.  responses to frequently asked questions;

    e.  select court filings and other documents that the Committee deems to be of particular interest to unsecured creditors;

    f.  access to a telephone hotline and an email address maintained by Epiq to the extent creditors would like additional information or to discuss specific concerns;

    g.  information regarding town hall meetings hosted by Committee professionals;

    h.  information concerning the process for claims resolution;

    i.  the Debtors' monthly operating reports;

    j.  press releases, if any, issued by the Committee; and

    k.  links to other relevant websites (*e.g.*, the Debtors' corporate website, the Debtors' claims and noticing agent's website, the website of the U.S. Trustee, and the Court website).

15.    The relief requested herein will efficiently and effectively promote the exchange of information while simultaneously ensuring that confidential, privileged, proprietary, and other material non-public information will not be disseminated to the detriment of the Debtors' estates.  Accordingly, such relief will instead encourage the Committee, the Debtors, and other parties in interest to communicate with each other and facilitate the Committee's performance of its statutory obligations as proscribed under the Bankruptcy Code.  The requested relief will also ensure that creditors have access to clear and organized information regarding the status of the Debtors' cases, and other critical issues to

receive answers to questions and communicate with the other parties to work towards plan confirmation. Given the significant implications that the outcome of these Chapter 11 Cases may have on creditors, the Committee seeks to use the Information Platforms as a means to ensure transparency by disseminating necessary information.

16. Accordingly, the Committee is seeking to implement the Creditor Information Protocol through the Proposed Order, which provides as follows:

a. Privileged and Confidential Information. The Committee shall not be required to disseminate to any entity (as defined in Bankruptcy Code section 101(15): (i) without further order of the Court, Confidential Debtor Information, Confidential Committee Information, or confidential and non-public proprietary information from other parties (the "Confidential Non-Debtor Information" and, collectively with Confidential Debtor Information and Confidential Committee Information, the "Confidential Information") or (ii) any information subject to attorney-client or some other state, federal, or other jurisdictional law privilege (including attorney-work product), whether such privilege is solely controlled by the Committee or is a joint or common interest privilege with the Debtors or some other party (collectively, the "Privileged Information"). Moreover, the Committee shall not be required to provide access to information or solicit comments from any entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds a claim of the kind described in Bankruptcy Code section 1102(b)(3).

b. Information Obtained Through Discovery. Any information received (formally or informally) pursuant to Bankruptcy Rule 2004, or in connection with any formal or informal discovery in any contested matter, adversary proceeding, or other litigation shall not be governed by any order entered with respect to this Motion but, rather, by any order or applicable confidentiality agreement governing such discovery. The Committee shall not be obligated to provide any information the Committee obtains from third parties to any creditor.

c. Creditor Information Requests: If a creditor (a "Requesting Creditor") submits a written request to the Committee or the Committee Professionals (an "Information Request") for the Committee to disclose information, pursuant to Bankruptcy Code section 1102(b)(3)(A), the Committee shall, as soon as reasonably practicable, but no more than thirty (30) days after receipt of the Information Request, provide a response to the Information Request (a "Response"), including providing access to the information requested or the reasons the Committee cannot disclose the information requested by such Information Request. If the Response to deny the Information Request is because the Committee believes the Information Request implicates Confidential Information or

7

Privileged Information that need not be disclosed, including, but not limited to, (i) pursuant to the terms of the Proposed Order or otherwise under Bankruptcy Code section 1102(b)(3)(A), (ii) because such disclosure is prohibited under applicable law or contains Privileged Information, (iii) because such information was obtained by the Committee pursuant to an agreement to maintain it as confidential or is otherwise Confidential Information, or (iv) that the Information Request is unduly burdensome, the requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion. Such motion shall be properly served, including on the Debtors and the Committee Professionals, and the hearing on such motion shall be noticed and scheduled. Nothing in the Proposed Order shall preclude the Requesting Creditor from requesting (or the Committee or Debtors from objecting to such request) that the Committee provides the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information or Privileged Information. Further, nothing herein shall preclude the Requesting Creditor from requesting (or the Committee or Debtors from objecting to such request) that the Court conduct an *in camera* review of information that the Committee sets forth in the Response that it cannot share.

d.    <u>Release of Confidential Information of Third Parties</u>. If the Information Request implicates Confidential Debtor Information or Confidential Non-Debtor Information and the Committee, in consultation with the Debtors with respect to Confidential Debtor Information, believes that such request should be satisfied, or if the Committee, in consultation with the Debtors with respect to Confidential Debtor Information, without a third party request, wishes to disclose such Confidential Information to creditors, the Committee may request (a "<u>Demand</u>") for the benefit of the Debtors' creditors: (i) if the Confidential Information is Confidential Debtor Information, by submitting a written request to counsel for the Debtors, requesting that such information be disclosed and (ii) if the Confidential Information is Confidential Non-Debtor Information, by submitting a written request to such third party and its counsel of record, with a copy to the Debtors' counsel, that such information be disclosed. If the Debtors or such other entity does not agree in writing within ten (10) days after receipt of the Demand to disclose such information, the Committee or the Requesting Creditor may file a motion seeking a ruling with respect to the Demand, and the Debtors or such other entity, as applicable, may file an objection to such motion, including on the basis that any information provided to creditors should only be done pursuant to an order of the Court requiring that such information remain confidential. Demands submitted to counsel to the Debtors pursuant to this paragraph (d) shall be submitted by email to: dazman@mwe.com, crgibbs@mwe.com, and gsteinman@mwe.com. The Committee will not be authorized to disclose Confidential Debtor Information or Confidential Non-Debtor Information absent an

8

agreement in writing from the Debtors (or their professional advisors) or such third party, as applicable, or further order of the Court. For the avoidance of doubt, this paragraph (d) is subject to paragraph (b) above.

e.  <u>Confidential Information Shared Subject to Confidentiality Agreement</u>. Nothing herein precludes the Committee (or its members and representatives) from discussing commonly-received Confidential Information (and sharing analyses or other documents generated by the Committee based on such commonly-received Confidential Information) with any other party in interest in the Debtors' Chapter 11 Cases and/or its advisor(s) that have signed a confidentiality agreement with the Debtors governing such Confidential Information (or such analyses or other documents generated by the Committee as applicable); *provided* that, for the avoidance of doubt, nothing herein modifies or otherwise alters the terms of any confidentiality agreement between the Debtors and any applicable party. The approved disclosure of Confidential Information shared pursuant to a confidentiality agreement does not waive any applicable privileges, work product, or other protections against disclosure to non-parties.

17.    The Proposed Order would also permit, but not require, the Committee to provide access to Privileged Information to any party so long as the relevant privilege was held and controlled solely by the Committee and did not include Confidential Debtor Information or Confidential Non-Debtor Information.

<b><u>BASIS FOR RELIEF</u></b>

18.    Bankruptcy Code section 1102(a) provides, in relevant part, that a creditors' committee appointed shall "provide access to information for creditors . . . who (i) hold claims of the kind represented by that committee; and (ii) are not appointed to the committee[.]" 11 U.S.C. § 1102(b)(3)(A).  Bankruptcy Code section 1102(b)(3)(A) and the legislative history regarding this section are silent on the process as to how a creditors' committee should provide "access to information" to creditors, nor does its legislative history provide any guidance on the congressional intent of sharing sensitive information.

19.    Bankruptcy Code section 1102(b)(3)(A) simply requires a creditors' committee to "provide access to information," yet fails to set forth any guidelines as to the type, kind, and extent of the information to be provided. Due to the ambiguous nature of the

9

statute, the wording could be read as requiring a creditors' committee to provide access to all information provided to it by any party, or developed through the exercise of its investigative function, regardless of whether the information is confidential, privileged, proprietary, or material non-public information and regardless of any implication of securities law disclosure requirements (where applicable). Not only is this ambiguity a source of confusion for creditors and the Committee, but it may also delay the restructuring process as the Debtors and the Committee may be hesitant to share this sensitive information.

20.     Due to the nature of the business and number of creditors, the Committee has already received, and expects to continue to receive, confidential and other non-public proprietary information from the Debtors or other parties in interest.  Such information will be used by the Committee to comprehend the functions of the Debtors' operations, provide a valuation of the Debtors' assets, analyze potential means of recovery such as potential claims and causes of actions, and implement a plan of reorganization. Disclosing this information will likely hinder the restructuring process and deplete the assets of the estate as Committee and stakeholders may be more hesitant to disclose information.

21.     Moreover, Bankruptcy Code section 1102(b)(3)(A) could be interpreted to allow the disclosure of attorney-client privileged information or information protected by any other applicable privilege or doctrine.  If the Committee or any professional the Committee intends to retain had an obligation to disseminate protected or privileged information or Confidential Committee Information, it would be difficult to work with and communicate effectively with the Committee. This is contrary to public policy as the Committee is in place to work effectively with the Professionals and other interested parties in ultimately confirming a plan.

22.     The Committee believes that the relief requested herein will ensure an expeditious administration of these Chapter 11 Cases, while mitigating losses to customer

accounts and unsecured creditors generally. Additionally, the relief will require that the Committee be actively engaged and advocating on behalf of creditors.

23.     Legislative history shows that Congress did not intend for a creditors' committee to be required to provide unfettered access to every type and kind of information that a creditors' committee receives from another party as that would result in section 1102(b)(3) frustrating other provisions of the Bankruptcy Code and Bankruptcy Rules, including Bankruptcy Code section 107(b) and Bankruptcy Rule 9018.

24.     For example, Bankruptcy Code section 107(b)(1) provides that "on request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information." This language is mandatory, not permissive. *See Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (holding that the protections offered by section 107(b)(1) are mandatory upon request).

25.     Moreover, the plain language of section 1102(b)(3) supports an interpretation that the Bankruptcy Code does not require creditors' committees to disseminate confidential or privileged information or materials. The rule states, in relevant part, that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Notwithstanding, Bankruptcy Rule 9018 permits the Court to act *sua sponte*.

26.     Finally, Bankruptcy Code section 105(a) empowers the Court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." The Committee submits that the requested relief is both necessary to fulfill the obligations set forth under section 1102(b)(3), and appropriate in light of Bankruptcy Code section 107(b)(1), Bankruptcy Rule 9018, and the equitable considerations of

efficient case administration.

27.     The Creditor Information Protocol sets forth narrowly tailored rules designed to protect the interests of the Debtors, the Committee, and affected creditors while permitting reasonable access to information for the Debtors' customers and unsecured creditors.  The relief requested also ensures the proper functioning of the chapter 11 process, open informal discovery, and due diligence, and is specifically tailored to the unique facts of this case to leverage Twitter and other channels to ensure appropriate information is provided to as many customers and unsecured creditors as possible.  Bankruptcy courts in this District routinely grant relief similar to that requested by this Motion. *See, e.g.*, *In re GBG USA Inc.*, No. 21-11369 (MEW) (Bankr. S.D.N.Y Oct. 15, 2021) [Docket No. 305]; *In re Garrett Motion, Inc.*, No. 20-12212 (MEW) (Bankr. S.D.N.Y. Nov. 25, 2020) [Docket No. 472]; *In re Aegean Marine Petroleum Network Inc.*, No. 18-13374 (MEW) (Bankr. S.D.N.Y. Jan. 17, 2019) [Docket No. 309]; *In re Nine West Holdings, Inc.*, No. 18-10947 (SCC) (Bankr. S.D.N.Y. June 5, 2018) [Docket No. 353].

28.     The Committee believes that implementing the Creditor Information Protocol, effective as of the Formation Date is warranted under the circumstances to ensure that all confidential communications received by the Committee are protected and there is no lapse in protection simply due to the delay of filing this Motion.

## **MOTION PRACTICE**

29.     This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Committee submits that this Motion satisfies Local Rule 9013-1(a).

## NO PRIOR REQUEST

30.    No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Committee respectfully requests that the Court (i) enter the Proposed Order, substantially in the form attached hereto as **Exhibit A** and (ii) grant the Committee such other and further relief as is just, proper, and equitable.

Dated:   New York, New York        **MCDERMOTT WILL & EMERY LLP**
         August 25, 2022

*/s/ Darren Azman*
Darren Azman
Joseph B. Evans
One Vanderbilt Avenue
New York, NY 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
E-mail: dazman@mwe.com
E-mail: jbevans@mwe.com

and

Charles R. Gibbs (admitted *pro hac vice*)
Grayson Williams (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
E-mail: crgibbs@mwe.com
E-mail: gwilliams@mwe.com

and

Gregg Steinman (admitted *pro hac vice*)
333 SE 2nd Avenue, Suite 4500
Miami, FL 33131-2184
Telephone: (305) 329-4473
Facsimile: (305) 503-8805
E-mail: gsteinman@mwe.com

*Proposed Counsel to the Official
Committee of Unsecured Creditors*

13

## CERTIFICATE OF SERVICE

      I hereby certify that on this 25th day of August 2022, a true and correct copy of the foregoing *Motion of the Official Committee of Unsecured Creditors for Entry of an Order Clarifying the Requirement to Provide Access to Confidential or Privileged Information and Approving a Protocol Regarding Creditor Requests for Information, Effective as of July 19, 2022* has been served on the Service List via (i) electronic notification pursuant to the CM/ECF system for the United States Bankruptcy Court for the Southern District of New York, (ii) e-mail, or (iii) First Class U.S. Mail, as indicated in the service list attached hereto.

*/s/ Darren Azman*_____

Darren Azman

## SERVICE LIST

| Name | Attention | Address 1 | Address 2 | City | State | Zip | Country | Email | Method of Service |
|---|---|---|---|---|---|---|---|---|---|
| DISTRICT OF COLUMBIA | OFFICE OF THE ATTORNEY GENERAL | 400 6TH STREET NW | | WASHINGTON | DC | 20001 | | OAG@DC.GOV | VIA E-MAIL |
| FRANCINE DE SOUSA | C/O SISKINDS LLP | ATTN: ANTHONY O'BRIEN | 100 LOMBARD STREET SUITE 302 | TORONTO | ON | M5C1M3 | | ANTHONY.OBRIEN@SISKINDS.COM | VIA E-MAIL |
| FRANCINE DE SOUSA | C/O SISKINDS LLP | ATTN: MICHAEL G. ROBB & GARETT M. HUNTER | 275 DUNDAS STREET UNIT 1 | LONDON | ON | N6B3L1 | | MICHAEL.ROBB@SISKINDS.COM GARETT.HUNTER@SISKINDS.COM | VIA E-MAIL |
| GOOGLE, LLC | | 1600 AMPHITHEATRE PKWY | | MOUNTAIN VIEW | CA | 94043 | | COLLECTIONS@GOOGLE.COM | VIA E-MAIL |
| INTERNAL REVENUE SERVICE | | PO BOX 7346 | | PHILADELPHIA | PA | 19101-7346 | | | VIA FIRST CLASS MAIL |
| OFFICE OF THE UNITED STATES TRUSTEE | FOR THE SOUTHERN DIST OF NEW YORK | ATTN: RICHARD C. MORRISSEY, ESQ. AND MARK BRUH, ESQ. | 201 VARICK STREET, ROOM 1006 | NEW YORK | NY | 10014 | | RICHARD.MORRISSEY@USDOJ.GOV MARK.BRUH@USDOJ.GOV | VIA E-MAIL |
| SECURITIES & EXCHANGE COMMISSION | | 100 F STREET NE | | WASHINGTON | DC | 20549 | | SECBANKRUPTCY-OGC-ADO@SEC.GOV | VIA E-MAIL |
| SECURITIES & EXCHANGE COMMISSION | NEW YORK REGIONAL OFFICE | 100 PEARL STREET SUITE 20-100 | | NEW YORK | NY | 10004-2616 | | NYROBANKRUPTCY@SEC.GOV | VIA E-MAIL |
| SECURITIES & EXCHANGE COMMISSION | NEW YORK REGIONAL OFFICE | ATTN: ANDREW CALAMARI REGIONAL DIRECTOR | 200 VESEY STREET SUITE 400 | NEW YORK | NY | 10281-1022 | | BANKRUPTCYNOTICESCHR@SEC.GOV | VIA E-MAIL |
| STATE OF ALABAMA | OFFICE OF THE ATTORNEY GENERAL | 501 WASHINGTON AVE | | MONTGOMERY | AL | 36104 | | CONSUMERINTEREST@ALABAMAAG.GO | VIA E-MAIL |
| STATE OF ALASKA | OFFICE OF THE ATTORNEY GENERAL | 1031 W 4TH AVE, STE 200 | | ANCHORAGE | AK | 99501 | | ATTORNEY.GENERAL@ALASKA.GOV | VIA E-MAIL |
| STATE OF ARIZONA | OFFICE OF THE ATTORNEY GENERAL | 2005 N CENTRAL AVE | | PHOENIX | AZ | 85004 | | AGINFO@AZAG.GOV | VIA E-MAIL |
| STATE OF ARKANSAS | OFFICE OF THE ATTORNEY GENERAL | 323 CENTER ST, STE 200 | | LITTLE ROCK | AR | 72201 | | OAG@ARKANSASAG.GOV | VIA E-MAIL |
| STATE OF CALIFORNIA | OFFICE OF THE ATTORNEY GENERAL | PO BOX 944255 | | SACRAMENTO | CA | 94244-2550 | | XAVIER.BECERRA@DOJ.CA.GOV | VIA E-MAIL |
| STATE OF COLORADO | OFFICE OF THE ATTORNEY GENERAL | RALPH L. CARR JUDICIAL BUILDING | 1300 BROADWAY, 10TH FL | DENVER | CO | 80203 | | CORA.REQUEST@COAG.GOV | VIA E-MAIL |
| STATE OF CONNECTICUT | OFFICE OF THE ATTORNEY GENERAL | 165 CAPITOL AVENUE | | HARTFORD | CT | 06106 | | ATTORNEY.GENERAL@CT.GOV | VIA E-MAIL |
| STATE OF FLORIDA | OFFICE OF THE ATTORNEY GENERAL | THE CAPITOL PL01 | | TALLHASSEE | FL | 32399 | | ASHLEY.MOODY@MYFLORIDALEGAL.CO | VIA E-MAIL |
| STATE OF GEORGIA | OFFICE OF THE ATTORNEY GENERAL | 40 CAPITOL SQ SW | | ATLANTA | GA | 30334 | | | VIA FIRST CLASS MAIL |
| STATE OF HAWAII | OFFICE OF THE ATTORNEY GENERAL | 425 QUEEN STREET | | HONOLULU | HI | 96813 | | HAWAIIAG@HAWAII.GOV | VIA E-MAIL |
| STATE OF IDAHO | OFFICE OF THE ATTORNEY GENERAL | 700 W. JEFFERSON ST, SUITE 210 | PO BOX 83720 | BOISE | ID | 83720 | | LAWRENCE.WASDEN@AG.IDAHO.GOV AGWASDEN@AG.IDAHO.GOV | VIA E-MAIL |
| STATE OF ILLINOIS | OFFICE OF THE ATTORNEY GENERAL | JAMES R. THOMPSON CENTER | 100 W. RANDOLPH ST | CHICAGO | IL | 60601 | | INFO@LISAMADIGAN.ORG | VIA E-MAIL |
| STATE OF INDIANA | OFFICE OF THE INDIANA ATTORNEY GENERAL | INDIANA GOVERNMENT CENTER SOUTH | 302 W WASHINGTON ST, 5TH FLOOR | INDIANAPOLIS | IN | 46204 | | | VIA FIRST CLASS MAIL |
| STATE OF IOWA | OFFICE OF THE ATTORNEY GENERAL | HOOVER STATE OFFICE BUILDING | 1305 E. WALNUT STREET | DES MOINES | IA | 50319 | | CONSUMER@AG.IOWA.GOV | VIA E-MAIL |
| STATE OF KANSAS | ATTN: ATTORNEY GENERAL DEREK SCHMIDT | 120 SW 10TH AVE, 2ND FLOOR | | TOPEKA | KS | 66612 | | DEREK.SCHMIDT@AG.KS.GOV | VIA E-MAIL |
| STATE OF KENTUCKY | ATTORNEY GENERAL - DANIEL CAMERON | 700 CAPITAL AVENUE, SUITE 118 | | FRANKFORT | KY | 40601 | | | VIA FIRST CLASS MAIL |
| STATE OF LOUISIANA | DEPT. OF JUSTICE - ATTORNEY GENERAL'S OFFICE | 300 CAPITAL DRIVE | | BATON ROUGE | LA | 70802 | | ADMININFO@AG.STATE.LA.US | VIA E-MAIL |
| STATE OF MAINE | OFFICE OF THE ATTORNEY GENERAL | 6 STATE HOUSE STATION | | AUGUSTA | ME | 04333 | | ATTORNEY.GENERAL@MAINE.GOV | VIA E-MAIL |
| STATE OF MARYLAND | OFFICE OF THE ATTORNEY GENERAL | 200 ST. PAUL PLACE | | BALTIMORE | MD | 21202 | | OAG@OAG.STATE.MD.US | VIA E-MAIL |
| STATE OF MASSACHUSETTS | ATTORNEY GENERAL'S OFFICE | 1 ASHBURTON PLACE, 20TH FLOOR | | BOSTON | MA | 02108 | | | VIA FIRST CLASS MAIL |
| STATE OF MICHIGAN | DEPARTMENT OF ATTORNEY GENERAL | 525 W OTTAWA ST | | LANSING | MI | 48906 | | | VIA FIRST CLASS MAIL |
| STATE OF MINNESOTA | OFFICE OF THE ATTORNEY GENERAL | 445 MINNESOTA ST, STE 1400 | | ST. PAUL | MN | 55101 | | ATTORNEY.GENERAL@AG.STATE.MN.US | VIA E-MAIL |
| STATE OF MISSISSIPPI | OFFICE OF THE ATTORNEY GENERAL | WALTER SILLERS BUILDING | 550 HIGH ST, PO BOX 220 | JACKSON | MS | 39201 | | | VIA FIRST CLASS MAIL |
| STATE OF MISSOURI | OFFICE OF THE ATTORNEY GENERAL | SUPREME COURT BUILDING | 207 W HIGH ST | JEFFERSON CITY | MO | 65101 | | CONSUMER.HELP@AGO.MO.GOV | VIA E-MAIL |
| STATE OF MONTANA | OFFICE OF THE ATTORNEY GENERAL | JUSTICE BUILDING, 3RD FLOOR | 215 N SANDERS, PO BOX 201401 | HELENA | MT | 59602 | | CONTACTDOJ@MT.GOV | VIA E-MAIL |
| STATE OF NEBRASKA | OFFICE OF THE ATTORNEY GENERAL | 2115 STATE CAPITOL | | LINCOLN | NE | 68509 | | | VIA FIRST CLASS MAIL |
| STATE OF NEVADA | OFFICE OF THE ATTORNEY GENERAL | OLD SUPREME COURT BUILDING | 100 N CARSON ST | CARSON CITY | NV | 89701 | | | VIA FIRST CLASS MAIL |
| STATE OF NEW HAMPSHIRE | OFFICE OF THE ATTORNEY GENERAL | NH DEPARTMENT OF JUSTICE | 33 CAPITOL ST. | CONCORD | NH | 03301 | | ATTORNEYGENERAL@DOJ.NH.GOV | VIA E-MAIL |
| STATE OF NEW JERSEY | OFFICE OF THE ATTORNEY GENERAL | RICHARD J. HUGHES JUSTICE COMPLEX | 25 MARKET ST 8TH FL, WEST WING BOX 080 | TRENTON | NJ | 08611 | | | VIA FIRST CLASS MAIL |
| STATE OF NEW MEXICO | OFFICE OF THE ATTORNEY GENERAL | 408 GALISTEO STREET | VILLAGRA BUILDING | SANTA FE | NM | 87501 | | HBALDERAS@NMAG.GOV | VIA E-MAIL |
| STATE OF NEW YORK | OFFICE OF THE ATTORNEY GENERAL | THE CAPITOL | 2ND FLOOR | ALBANY | NY | 12224 | | | VIA FIRST CLASS MAIL |
| STATE OF NORTH CAROLINA | OFFICE OF THE ATTORNEY GENERAL | 114 W EDENTON ST | | RALEIGH | NC | 27603 | | | VIA FIRST CLASS MAIL |
| STATE OF NORTH DAKOTA | OFFICE OF THE ATTORNEY GENERAL | STATE CAPITOL, 600 E | DEPT. 125 | BISMARCK | ND | 58505 | | NDAG@ND.GOV | VIA E-MAIL |
| STATE OF OHIO | OFFICE OF THE ATTORNEY GENERAL | STATE OFFICE TOWER | 30 E BROAD ST 14TH FL | COLUMBUS | OH | 43215 | | | VIA FIRST CLASS MAIL |
| STATE OF OKLAHOMA | OFFICE OF THE ATTORNEY GENERAL | 313 NE 21ST ST | | OKLAHOMA CITY | OK | 73105 | | QUESTIONS@OAG.OK.GOV | VIA E-MAIL |
| STATE OF OREGON | OFFICE OF THE ATTORNEY GENERAL | 1162 COURT ST NE | | SALEM | OR | 97301-4096 | | ELLEN.ROSENBLUM@DOJ.STATE.OR.US ATTORNEYGENERAL@DOJ.STATE.OR.U | VIA E-MAIL |
| STATE OF PENNSYLVANIA | OFFICE OF THE ATTORNEY GENERAL | STRAWBERRY SQUARE 16TH FL | | HARRISBURG | PA | 17120 | | | VIA FIRST CLASS MAIL |
| STATE OF RHODE ISLAND | OFFICE OF THE ATTORNEY GENERAL | 150 S MAIN ST | | PROVIDENCE | RI | 02903 | | AG@RIAG.RI.GOV | VIA E-MAIL |
| STATE OF SOUTH CAROLINA | OFFICE OF THE ATTORNEY GENERAL | PO BOX 11549 | | COLUMBIA | SC | 29211 | | | VIA FIRST CLASS MAIL |
| STATE OF SOUTH CAROLINA | OFFICE OF THE ATTORNEY GENERAL | REMBERT C. DENNIS BLDG | 1000 ASSEMBLY ST RM 519 | COLUMBIA | SC | 29201 | | | VIA FIRST CLASS MAIL |
| STATE OF SOUTH DAKOTA | OFFICE OF THE ATTORNEY GENERAL | 1302 E HIGHWAY 14, STE 1 | | PIERRE | SD | 57501-8501 | | | VIA FIRST CLASS MAIL |

| Name | Firm | Address | Address 2 | City | State | Zip | | Email | Method |
|---|---|---|---|---|---|---|---|---|---|
| STATE OF TENNESSEE | OFFICE OF THE ATTORNEY GENERAL | PO BOX 20207 | | NASHVILLE | TN | 37202-0207 | | | VIA FIRST CLASS MAIL |
| STATE OF TEXAS | OFFICE OF THE ATTORNEY GENERAL | 300 W. 15TH ST | | AUSTIN | TX | 78701 | | | VIA FIRST CLASS MAIL |
| STATE OF UTAH | OFFICE OF THE ATTORNEY GENERAL | UTAH STATE CAPITOL COMPLEX | 350 NORTH STATE ST STE 230 | SALT LAKE CITY | UT | 84114 | | UAG.GOV@UTAH.GOV | VIA E-MAIL |
| STATE OF VERMONT | OFFICE OF THE ATTORNEY GENERAL | 109 STATE ST. | | MONTPELIER | VT | 05609 | | AGO.INFO@VERMONT.GOV | VIA E-MAIL |
| STATE OF VIRGINIA | OFFICE OF THE ATTORNEY GENERAL | 202 N. NINTH ST. | | RICHMOND | VA | 23219 | | MAIL@OAG.STATE.VA.US | VIA E-MAIL |
| STATE OF WASHINGTON | OFFICE OF THE ATTORNEY GENERAL | 1125 WASHINGTON ST SE | | OLYMPIA | WA | 98501 | | | VIA FIRST CLASS MAIL |
| STATE OF WASHINGTON | OFFICE OF THE ATTORNEY GENERAL | PO BOX 40100 | | OLYMPIA | WA | 98504-00 | | | VIA FIRST CLASS MAIL |
| STATE OF WEST VIRGINIA | OFFICE OF THE ATTORNEY GENERAL | STATE CAPITOL, 1900 KANAWHA | BUILDING 1 RM E-26 | CHARLESTON | WV | 25305 | | CONSUMER@WVAGO.GOV | VIA E-MAIL |
| STATE OF WISCONSIN | OFFICE OF THE ATTORNEY GENERAL | 17 WEST MAIN STREET, ROOM 114 EAST P | | MADISON | WI | 53702 | | | VIA FIRST CLASS MAIL |
| STATE OF WYOMING | OFFICE OF THE ATTORNEY GENERAL | 109 STATE CAPITOL | | CHEYENNE | WY | 82002 | | | VIA FIRST CLASS MAIL |
| TORONTO STOCK EXCHANGE | | 300 - 100 ADELAIDE ST. | | WEST TORONTO | ON | M5H 1S3 | | WEBMASTER@TMX.COM | VIA FIRST CLASS MAIL |
| UNITED STATES ATTORNEY'S OFFICE | SOUTHERN DISTRICT OF NEW YORK | ONE ST. ANDREWS PLAZA | | NEW YORK | NY | 10007 | | | VIA FIRST CLASS MAIL |
| UNITED STATES DEPARTMENT OF | ATTORNEY GENERAL OF THE U.S. | 950 PENNSYLVANIA AVE, NW | | WASHINGTON | DC | 20530-0001 | | | VIA FIRST CLASS MAIL |
| KELLEHER PLACE MANAGEMENT, LLC | HORWOOD MARCUS & BERK CHARTERED | 500 W. MADISON ST. | SUITE 3700 | CHICAGO | IL | 60661 | | AHAMMER@HMBLAW.COM NDELMAN@HMBLAW.COM | VIA ECF VIA E-MAIL |
| METROPOLITAN COMMERCIAL BANK | BALLARD SPAHR LLP | 200 IDS CENTER | 80 SOUTH 8TH STREET | MINNEAPOLIS | MN | 55402-2119 | | SINGERG@BALLARDSPAHR.COM | VIA E-MAIL |
| METROPOLITAN COMMERCIAL BANK | WACHTELL, LIPTON, ROSEN & KATZ | 51 WEST 52ND STREET | | NEW YORK | NY | 10019-6150 | | RGMASON@WLRK.COM ARWOLF@WLRK.COM AKHERRING@WLRK.COM | VIA E-MAIL VIA ECF VIA E-MAIL |
| JASON RAZNICK | JAFFE RAITT HEUER & WEISS, P.C. | 27777 FRANKLIN ROAD | SUITE 2500 | SOUTHFIELD | MI | 48034 | | PHAGE@JAFFELAW.COM | VIA ECF |
| STEVE LAIRD | FORSHEY & PROSTOK LLP | 777 MAIN STREET | SUITE 1550 | FORT WORTH | TX | 76102 | | BFORSHEY@FORSHEYPROSTOK.COM | VIA ECF |
| ORACLE AMERICA, INC. | BUCHALTER, A PROFESSIONAL CORPORA | 425 MARKET ST. | SUITE 2900 | SAN FRANCISCO | CA | 94105 | | SCHRISTIANSON@BUCHALTER.COM | VIA ECF |
| ALAMEDA RESEARCH LLC & AFFILIATES | SULLIVAN & CROMWELL LLP | 125 BROAD STREET | | NEW YORK | NY | 10004 | | DIETDERICHA@SULLCROM.COM GLUECKSTEINB@SULLCROM.COM BELLERB@SULLCROM.COM | VIA ECF VIA ECF VIA E-MAIL |
| VOYAGER DIGITAL HOLDINGS, INC., ET AL | KIRKLAND & ELLIS LLP KIRKLAND & ELLIS INTERNATIONAL LLP | 601 LEXINGTON AVENUE | | NEW YORK | NY | 10022 | | JSUSSBERG@KIRKLAND.COM CMARCUS@KIRKLAND.COM CHRISTINE.OKIKE@KIRKLAND.COM ALLYSON.SMITH@KIRKLAND.COM | VIA ECF VIA ECF VIA E-MAIL VIA E-MAIL |
| EMERALD OCEAN ISLE, LLC, AMANO GLOBAL HOLDINGS, INC., SHINGO LAVINE, AND ADAM LAVINE | C/O GOLDSTEIN & MCCLINKOCK LLLP | ATTN: MATTHEW E. MCCLINTOCK, HARLEY GOLDSTEIN, AND STEVE YACHIK | 111 W WASHINGTON STREET SUITE 1221 | CHICAGO | IL | 60602 | | MATTM@GOLDMCLAW.COM HARLEYG@RESTRUCTURINGSHOP.COM STEVENY@GOLDMCLAW.COM | VIA ECF VIA E-MAIL VIA E-MAIL |
| EMERALD OCEAN ISLE, LLC, AMANO GLOBAL HOLDINGS, INC., SHINGO LAVINE, AND ADAM LAVINE | C/O LAW OFFICES OF DOUGLAS T. TABACHNIK, P.C. | ATTN: DOUGLAS T. TABACHNIK | 63 WEST MAIN STREET SUITE C | FREEHOLD | NJ | 07728-2141 | | DTABACHNIK@DTTLAW.COM | VIA ECF |
| MATTHEW EDWARDS | C/O LIZ GEORGE AND ASSOCIATES | ATTN: LYSBETH GEORGE | 8101 S. WALKER SUITE F | OKLAHOMA CITY | OK | 73139 | | GEORGELAWOK@GMAIL.COM | VIA ECF |
| TEXAS STATE SECURITIES BOARD | OFFICE OF THE ATTORNEY GENERAL OF TEXAS | ATTN: ABIGAIL R RYAN, LAYLA D MILLIGAN & JASON B BINFORD | BANKRUPTCY & COLLECTIONS DIVISION PO BOX 12548 | AUSTIN | TX | 78711-2548 | | ABIGAIL.RYAN@OAG.TEXAS.GOV LAYLA.MILLIGAN@OAG.TEXAS.GOV JASON.BINFORD@OAG.TEXAS.GOV | VIA E-MAIL VIA E-MAIL VIA E-MAIL |
| OFFICE OF THE ATTORNEY GENERAL OF TEXAS | | ATTN: ROMA N. DESAI | BANKRUPTCY & COLLECTIONS DIVISION PO BOX 12548 | AUSTIN | TX | 78711-2548 | | ROMA.DESAI@OAG.TEXAS.GOV | VIA ECF |
| OFFICE OF THE ATTORNEY GENERAL | BANKRUPTCY DIVISION | ATTN: MARVIN E. CLEMENTS, JR. | BANKRUPTCY DIVISION P O BOX 20207 | NASHVILLE | TN | 37202-0207 | | AGBANKNEWYORK@AG.TN.GOV | VIA ECF |
| VERMONT DEPARTMENT OF FINANCIAL REGULATION | ASSISTANT GENERAL COUNSEL | ATTN: JENNIFER ROOD | 89 MAIN STREET THIRD FLOOR | MONTPELIER | VT | 05620 | | JENNIFER.ROOD@VERMONT.GOV | VIA ECF |
| ROBERT SNYDERS & LISA SNYDERS | C/O JOHNSON, POPE, BOKOR, RUPPEL & BURNS, LLP | ATTN: ANGELINA E. LIM | 401 E JACKSON STREET SUITE 3100 | TAMPA | FL | 33602 | | ANGELINAL@JPFIRM.COM | VIA ECF |
| MICHAEL LEGG | C/O MCCARTHY, LEBIT, CRYSTAL & LIFFMAN CO. | ATTN: ROBERT R. KRACHT & NICHOLAS R. OLESKI | 1111 SUPERIOR AVENUE EAST SUITE 2700 | CLEVELAND | OH | 44114 | | RRK@MCCARTHYLEBIT.COM NRO@MCCARTHYLEBIT.COM | VIA E-MAIL VIA ECF |
| MICHAEL GENTSCH | C/O BARSKI LAW PLC | ATTN: CHRIS D. BRASKI | 9375 E. SHEA BLVD. STE 100 | SCOTTSDALE | AZ | 85260 | | CBARSKI@BARSKILAW.COM | VIA ECF |
| ILLINOIS SECRETARY OF STATE | C/O OFFICE OF THE ATTORNEY GENERAL | ATTN: JOHN P. REDING | 100 W. RANDOLPH ST FLOOR 13 | CHICAGO | IL | 60601 | | JOHN.REDING@ILAG.GOV | VIA ECF |
| MATTHEW LEVITT | C/O MCGRAIL & BENSINGER LLP | ATTN: ILANA VOLKOV | 888-C 8TH ABENUE #107 | NEW YORK | NY | 10019 | | IVOLKOV@MCGRAILBENSINGER.COM | VIA ECF |
| GEORGIA DEPARTMENT OF BANKING AND FINANCE | | ATTN: NATHAN HOVEY, ASSISTANT ATTORNEY GENERAL | DEPARTMENT OF LAW 40 CAPITOL SQUARE SW | ATLANTA | GA | 30334 | | NHOVEY@LAW.GA.GOV | VIA ECF |

**<u>EXHIBIT A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | ) | Case No. 22-10943(MEW) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |
|  | ) |  |

### ORDER CLARIFYING THE REQUIREMENT TO PROVIDE ACCESS TO CONFIDENTIAL OR PRIVILEGED INFORMATION AND APPROVING PROTOCOL REGARDING CREDITOR REQUESTS FOR INFORMATION

Upon the motion (the "Motion")[2] of the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Voyager Digital Holdings, Inc., *et al.* (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to 105(a), 107(b), 1102(b)(3), and 1103 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy (the "Bankruptcy Rules"), all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157 and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Voyager Digital Holdings, Inc.'s and Voyager Digital Ltd.'s principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003. Voyager Digital, LLC's principal place of business is 701 S. Miami Ave, 8th Floor, Miami, FL 33131.

[2]     Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion.

Court having found that the Committee's notice of the Motion and opportunity for a hearing

on the Motion were appropriate under the circumstances and no other notice need be

provided; and this Court having reviewed the Motion and having reviewed the Motion; and

this Court having determined that the legal and factual bases set forth in the Motion and at the

Hearing establish just cause for the relief granted herein; and upon all of the proceedings had

before this Court; and after due deliberation and sufficient cause appearing therefor, it is

**HEREBY ORDERED THAT**:

1.      The relief requested in the Motion is granted, effective as of the Committee

Formation Date.

2.      The Committee shall implement the following protocol for providing access to

information for creditors (the "Creditor Information Protocol") in accordance with

Bankruptcy Code sections 1102(b)(3)(A) and (B):

> (a)    Privileged and Confidential Information. The Committee shall not be
> required to disseminate to any entity (as defined in Bankruptcy Code
> section 101(15): (i) without further order of the Court, Confidential
> Debtor Information, Confidential Committee Information, or
> confidential and non-public proprietary information from other parties
> (the "Confidential Non-Debtor Information" and, collectively with
> Confidential Debtor Information and Confidential Committee
> Information, the "Confidential Information") or (ii) any information
> subject to attorney-client or some other state, federal, or other
> jurisdictional law privilege (including attorney-work product), whether
> such privilege is solely controlled by the Committee or is a joint or
> common interest privilege with the Debtors or some other party
> (collectively, the "Privileged Information"). Moreover, the Committee
> shall not be required to provide access to information or solicit
> comments from any entity that has not demonstrated to the satisfaction
> of the Committee, in its sole discretion, or to the Court, that it holds a
> claim of the kind described in Bankruptcy Code section 1102(b)(3).

> (b)    Information Obtained Through Discovery. Any information received
> (formally or informally) pursuant to Bankruptcy Rule 2004, or in
> connection with any formal or informal discovery in any contested
> matter, adversary proceeding, or other litigation shall not be governed by
> any order entered with respect to this Motion but, rather, by any order or
> applicable confidentiality agreement governing such discovery. The
> Committee shall not be obligated to provide any information the
> Committee obtains from third parties to any creditor.

2

(c)     Creditor Information Requests: If a creditor (a "Requesting Creditor")
submits a written request to the Committee or the Committee
Professionals (an "Information Request") for the Committee to disclose
information, pursuant to Bankruptcy Code section 1102(b)(3)(A), the
Committee shall, as soon as reasonably practicable, but no more than
thirty (30) days after receipt of the Information Request, provide a
response to the Information Request (a "Response"), including providing
access to the information requested or the reasons the Committee cannot
disclose the information requested by such Information Request. If the
Response to deny the Information Request is because the Committee
believes the Information Request implicates Confidential Information or
Privileged Information that need not be disclosed, including, but not
limited to, (i) pursuant to the terms of the Proposed Order or otherwise
under Bankruptcy Code section 1102(b)(3)(A), (ii) because such
disclosure is prohibited under applicable law or contains Privileged
Information, (iii) because such information was obtained by the
Committee pursuant to an agreement to maintain it as confidential or is
otherwise Confidential Information, or (iv) that the Information Request
is unduly burdensome, the requesting Creditor may, after a good faith
effort to meet and confer with an authorized representative of the
Committee regarding the Information Request and the Response, seek to
compel such disclosure for cause pursuant to a motion. Such motion
shall be properly served, including on the Debtors and the Committee
Professionals, and the hearing on such motion shall be noticed and
scheduled. Nothing in the Proposed Order shall preclude the Requesting
Creditor from requesting (or the Committee or Debtors from objecting to
such request) that the Committee provides the Requesting Creditor a log
or other index of any information specifically responsive to the
Requesting Creditor's request that the Committee deems to be
Confidential Information or Privileged Information. Further, nothing
herein shall preclude the Requesting Creditor from requesting (or the
Committee or Debtors from objecting to such request) that the Court
conduct an *in camera* review of information that the Committee sets
forth in the Response that it cannot share.

(d)     Release of Confidential Information of Third Parties. If the Information
Request implicates Confidential Debtor Information or Confidential
Non-Debtor Information and the Committee, in consultation with the
Debtors with respect to Confidential Debtor Information, believes that
such request should be satisfied, or if the Committee, in consultation
with the Debtors with respect to Confidential Debtor Information,
without a third party request, wishes to disclose such Confidential
Information to creditors, the Committee may request (a "Demand") for
the benefit of the Debtors' creditors: (i) if the Confidential Information is
Confidential Debtor Information, by submitting a written request to
counsel for the Debtors, requesting that such information be disclosed
and (ii) if the Confidential Information is Confidential Non-Debtor
Information, by submitting a written request to such third party and its
counsel of record, with a copy to the Debtors' counsel, that such

3

information be disclosed. If the Debtors or such other entity does not agree in writing within ten (10) days after receipt of the Demand to disclose such information, the Committee or the Requesting Creditor may file a motion seeking a ruling with respect to the Demand, and the Debtors or such other entity, as applicable, may file an objection to such motion, including on the basis that any information provided to creditors should only be done pursuant to an order of the Court requiring that such information remain confidential. Demands submitted to counsel to the Debtors pursuant to this paragraph (d) shall be submitted by email to: dazman@mwe.com, crgibbs@mwe.com, and gsteinman@mwe.com. The Committee will not be authorized to disclose Confidential Debtor Information or Confidential Non-Debtor Information absent an agreement in writing from the Debtors (or their professional advisors) or such third party, as applicable, or further order of the Court. For the avoidance of doubt, this paragraph (d) is subject to paragraph (b) above.

(e)     <u>Confidential Information Shared Subject to Confidentiality Agreement</u>. Nothing herein precludes the Committee (or its members or representatives) from discussing commonly-received Confidential Information (and sharing analyses or other documents generated by the Committee based on such commonly-received Confidential Information) with any other party in interest in the Debtors' Chapter 11 Cases and/or its advisor(s) that have signed a confidentiality agreement with the Debtors governing such Confidential Information (or such analyses or other documents generated by the Committee as applicable); *provided* that, for the avoidance of doubt, nothing herein modifies or otherwise alters the terms of any confidentiality agreement between the Debtors and any applicable party. The approved disclosure of Confidential Information shared pursuant to a confidentiality agreement does not waive any applicable privileges, work product, or other protections against disclosure to non-parties.

3.      The Committee shall be permitted, but is not required, pursuant to Bankruptcy Code section 1102(b)(3)(A), to provide access to any Confidential Information to any creditor with a claim of the kind represented by the Committee except as set forth in the Creditor Information Protocol.

4.      The Committee shall not be required, pursuant to Bankruptcy Code section 1102(b)(3)(A), to provide access to any Privileged Information to any creditor with a claim of the kind represented by the Committee.  Nonetheless, the Committee shall be permitted, but is not required, to provide access to Privileged Information or Confidential Committee Information to any party so long as (i) such Privileged Information or

4

Confidential Committee Information does not include any Confidential Debtor Information or Confidential Non-Debtor Information and (ii) any relevant privilege is held and controlled solely by the Committee.

5.      The Committee may establish and maintain the Information Platforms and other accounts and channels as described in the Motion.  Nothing in this Order shall diminish or modify the rights and obligations of the Committee or its members and representatives under the Committee by-laws or any confidentiality agreement entered into with the Debtors or any other party (including the Committee's, its members', and their representatives' rights to disclose Confidential Information as permitted under such confidentiality agreement or obligations to keep such Confidential Information confidential), which rights and obligations shall remain in full force and effect notwithstanding any provision of this Order.

6.      None of the Debtors, the Committee, or any of their respective directors, officers, employees, members, attorneys, consultants, advisors, and agents (acting in such capacity) (collectively, the "Exculpated Parties") shall incur any liability to any entity (including the Debtors and their affiliates) for any act or omission in connection with the preparation, dissemination, or implementation of to the Creditor Information Protocol set forth herein or the establishment or maintenance of the Information Platforms; *provided*, *however*, that the foregoing shall not affect the liability of any Exculpated Party protected pursuant to this paragraph that otherwise would result from any such act or omission to the extent that such act or omission is determined in a final non-appealable order by a court of competent jurisdiction to have constituted a breach of fiduciary duty, gross negligence, or willful misconduct, including, without limitation, fraud and criminal misconduct.  Without limiting the foregoing, the exculpation provided in this paragraph shall be coextensive with any Exculpated Party's qualified immunity under applicable law.

7.      The Committee is authorized to take all actions necessary to effectuate the

relief granted pursuant to this Order in accordance with the Motion.

8.      The fourteen (14) day stay provided for in Bankruptcy Rule 6004(h) is hereby

waived and this Order shall be effective immediately.

9.      Nothing in this Order shall expand, restrict, affirm, or deny the right or

obligation, if any, of the Committee to provide or decline access to the Debtors' information

to any party, except as explicitly provided herein.

10.     This Court retains exclusive jurisdiction with respect to all matters arising

from or related to the implementation, interpretation, and enforcement of this Order.


Dated:  [_____], 2022
         New York, New York


                                        _____
                                        THE HONORABLE MICHAEL E. WILES
                                        UNITED STATES BANKRUPTCY JUDGE