**Shaik Taj Baba,**
117 Old Tavern Circle,
Lynchburg VA 24501.
Telephone: (312) 927 - 7548
Email: shaiktaj27@gmail.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____
In re:                                                        )   Chapter 11
                                                              )
VOYAGER DIGITAL HOLDINGS, INC. *et al.,*[1]   )   Case No. 22-10943 (MEW)
                                                              )
              Debtors.                                  )   (Jointly Administered)
_____)


# MOTION TO HONOR (OR) DISHONOR MY BOTH MARKET BUY AND BLOCKCHAIN CRYPTO TRANSFER ORDERS WHICH TOOK PLACE AFTER DEBTORS FROZE VOYAGER TRADING PLATFORM ON JULY 1, 2022 AND GRANT RELATED RELIEF

TO THE HONORABLE MICHAEL E. WILES,
UNITED STATES BANKRUPTCY JUDGE

      I, Shaik Taj Baba, a customer creditor in this case, files this motion for (A) dishonor my 10,000.00 USDC market buy order which took place after Voyager froze trading platform on July 1, 2022, or (B) honor my 9,999.00 USDC blockchain crypto transfer order which is placed on July 1, 2022 but Voyager rejected on July 5, 2022, and / or (C) grant such other and further relief as the Court deems just and proper.

_____

[1] The debtors in these chapter 11 cases (collectively, the "*Debtors*"), along with the last four digits of each debtor's federal tax identification numbers are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (N/A); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

1

## JURISDICTION AND VENUE

The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

1. I, Shaik Taj Baba, I am over the age of eighteen years old. I am a creditor in this bankruptcy matter by virtue of being a customer of Voyager since July 2021. As of the Debtor's petition date July 6, 2022, I am holding 14 different types of crypto assets in my account on Voyager platform.

2. On July 1, 2022, I placed two orders. First order is 10,000.00 USDC market buy order placed at 2:07 pm EDT *(See the attached **EXHIBIT_A**)* and the second order is 9,999.00 USDC blockchain crypto transfer order placed at 2:09 pm EDT *(See the attached **EXHIBIT_B**)* before Voyager suspend trading, deposits, withdrawals on July 1st 2022. On the same day around at 2:48 pm EDT, Voyager issued the public press release statement on suspension of trading, deposits, withdrawals, and loyalty rewards, effective at 2:00 PM EDT on July 1st 2022 *(See the attached **EXHIBIT_C**)*. Stephen Ehrlich, CEO of the Debtors made the same declaration in support of Chapter 11 petitions of the case Docket #15 referring to page #24 with item #64 "On July 1, 2002, the Company froze all withdrawals and trading activity on its platform" *(See the attached **EXHIBIT_D**)*. Also referring to the case Docket #15, page# 49 with item #59 "On July 1, 2002, the Debtors made the difficult but necessary decision to temporarily suspend trading, deposits, and withdrawals on the platform" *(See the attached **EXHIBIT_E**).*

3. Based on the Debtors declaration in Chapter 11 petitions the case Docket #15, Voyager should have dishonored my both 10,000.00 USDC market buy and 9,999.00 USDC blockchain crypto transfer orders since Voyager froze all trading and withdrawals effective 2pm EDT on July 1, 2022 and these two orders were placed after 2 PM EDT on July 1, 2022. However Voyager honored my market buy order although Voyager's platform is froze and rejected my blockchain crypto transfer order after four days on July 5, 2022 which is totally unfair and detrimental. These actions clearly exposes the Debtors false pretenses, false representation and intent to deceive the customers pursuant to 11 U.S.C. § 523(a)(2)(A) and (B)(iv).

4. I reached out to Voyager customer support to resolve this issue asking them to honor my USDC blockchain crypto transfer order or dishonor my USDC market buy order which is honored after Voyager platform is froze. I got no resolution and all my efforts are in vain.

5. On August 6, 2022, I emailed to Stephen Ehrlich, Chief Executive Officer of the Debtors and David Brosgol, General Counsel of the Debtors to resolve my issue. I received no email replies and no resolution. All my efforts are in vain.

6. On August 30, 2022, I sent a follow-up email to Stephen Ehrlich, Chief Executive Officer of the Debtors to resolve my issue. Again I received no email reply and no resolution. All my efforts are in vain.

3

7. On August 30, 2022, I emailed to Voyager Official Committee of Unsecured Creditors to look into this issue and provide a resolution. I received no email reply and no resolution. All my efforts are in vain.

8. On August 30, 2022, I emailed to the Debtor's counsel KIRKLAND & ELLIS LLP representatives to look into this issue and provide a resolution. Kirkland's representative "Allyson B Smith" replied to my email saying they are looking into this issue and will revert back to me as soon as possible *(See the attached **EXHIBIT_F**)*.

9. On August 31, 2022, Kirkland's representative "Nikki Sauer" replied to my email explaining the flaws and defects in Voyager's order system which caused to honor my 10,000.00 USDC market buy order even after Voyager platform is froze but provided no resolution on my 9,999.00 USDC blockchain crypto transfer order which is rejected on July 5, 2022 after four days Voyager platform is froze *(See the attached **EXHIBIT_G**)*.

**ARUGMENT**

10. Based on the Debtors declaration on Voyager platform froze in Chapter 11 petitions the case Docket #15, Voyager should have dishonored my both 10,000.00 USDC market buy and 9,999.00 USDC blockchain crypto transfer orders since Voyager froze all trading and withdrawals effective 2pm EDT on July 1, 2022. But the Debtors Violated its own declaration and rules by honoring my market buy order even after Voyager platform is froze but the same rule is not applied on honoring my blockchain crypto transfer order. These actions clearly exposes the Debtors false pretenses, false representation and intent to deceive the customers pursuant to 11 U.S.C. § 523(a)(2)(A) and (B)(iv).

4

11. The Debtors counsel Kirkland's representative "Nikki Sauer" admits this issue is occurred due to flaws in Voyager's Order System but failed to provide a resolution on my $10,000.00 US Dollars by dishonoring my 10,000.00 USDC market buy order or by honoring my 9,999.00 USDC blockchain crypto transfer order.

12. Voyager's Order System is Voyager's engineers coded software programs which could have fixed it and the customers should not have detrimental impact due to the issues in Voyager's Order System. But Voyager neglected to fix the issues in their Order System and intended to deceive the customers including my $10,000.00 US Dollars by honoring my 10,000.00 USDC market buy order even after Voyager froze the trading platform and dishonored my 9,999.00 USDC blockchain crypto transfer order.

## CONCLUSION

13. WHEREFORE for the reasons stated herein and exhibits attached thereto, this Court may order the Debtors to (A) dishonor my 10,000.00 USDC market buy order which took place after Voyager froze trading platform on July 1, 2022, or (B) honor my 9,999.00 USDC blockchain crypto transfer order which is placed on July 1, 2022 but Voyager rejected on July 5, 2022, and / or (C) grant such other and further relief as the Court deems just and proper.

Date: September 5, 2022                    **/s/ Shaik Taj Baba**
                       Shaik Taj Baba,
                       117 Old Tavern Circle,
                       Lynchburg VA 24501.
                       Telephone: (312) 927 - 7548
                       Email: shaiktaj27@gmail.com

Pg 6 of 12

# EXHIBIT A

**Order Detail**

| Type | Order ID |
|---|---|
| Market Buy | N5ZKG0 |

| Placed on | Executed On |
|---|---|
| Jul 1, 02:07 PM | Jul 1, 02:07 PM |

| Est. Price | Filled Price |
|---|---|
| 1.0000 USD | 1.0000 USD |

| Quantity | Order Total |
|---|---|
| 10,000.00 USDC | 10,000.00 USD |

6

# EXHIBIT B



# EXHIBIT C



# EXHIBIT D

> 22-10943    Doc 15    Filed 07/06/22    Entered 07/06/22 04:24:19    Main Document
> Pg 24 of 141
>
> 64.   Voyager hoped that lower withdrawal limits would allow the Company to stabilize its business. However, as the cryptocurrency markets continued to trend down, the Company realized that further steps were required to preserve customer investments, avoid irreparable damage to the Debtors' business, and ensure that its trading platform operated smoothly for all customers. Accordingly, on July 1, 2022, the Company froze all withdrawals and trading activity on its platform.

# EXHIBIT E

59.    On July 1, 2022, the Debtors made the difficult but necessary decision to temporarily suspend trading, deposits, and withdrawals on the platform to provide time to continue exploring strategic alternatives and preserve the value of the Debtors' platform. Prior to this suspension, the Debtors maintained several programs to promote their platform, garner customer business, strengthen customer loyalty, and ensure that the Debtors remain competitive in the marketplace. These customer programs included, among others, a cryptocurrency-backed prepaid debit card offered in partnership with MasterCard that allows customers to directly spend cryptocurrency loaded or deposited onto the Voyager Debit Card and provides a percentage of cryptocurrency rewards on qualifying transactions. As of July 1, 2022, the Debtors froze certain rewards provided in connection with the Voyager Debit Card. Although the Debtors do not seek

# EXHIBIT F

Taj,

Thank you for reaching out. We are looking into this and will revert as soon as possible.

Thanks,

Allyson B. Smith

**KIRKLAND & ELLIS LLP**

601 Lexington Avenue, New York, NY 10022

# EXHIBIT G

> Shaik,
>
> While the buy order was executed just after Voyager announced the platform shutdown, due to the complex processes to fully shut down the platform, Voyager's order system required a gradual wind-down to complete a shutoff and therefore, orders were still making their way through the Voyager system as they begun to shut off the buy feature. Whereas, the shutoff processes for withdrawal transactions included a more definitive cutoff approach and Voyager was able to action withdrawals (and deposits) as of a specific time. Therefore, we are unable to reverse your order to buy 10,000 USDC since that order was fulfilled prior to the gradual shut down of buy orders.
>
> We thank you for your patience as Voyager navigates the complexities of their bankruptcy case.
>
> **Nikki Sauer**
>
> **KIRKLAND & ELLIS LLP**
> 601 Lexington Avenue, New York, NY 10022