## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC. et al.[1], | ) | Case No. 22-10943 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

## LIMITED OBJECTION OF THE GEORGIA DEPARTMENT OF BANKING AND FINANCE TO THE SALE OF VOYAGER DIGITAL, LLC IN WHOLE OR IN PART

COMES NOW, the Georgia Department of Banking and Finance, by and through counsel, Christopher M. Carr, Attorney General for the State of Georgia, and files its limited objection to the sale of Voyager Digital, LLC in whole or in part by stating as follows:

### FACTUAL BACKGROUND

1.

The Debtors filed Chapter 11 petitions on July 5, 2022. Doc. No. 1.

2.

The Debtors filed their Motion Seeking Entry of an Order (I) Approving the Bidding Procedures and Related Dates and Deadlines, (II) Scheduling Hearings and Objection Deadlines with Respect to the Debtors' Sale, Disclosure Statement, and Plan Confirmation, and (III) Granting Related Relief on or about July 21, 2022. Doc. No. 126.

---

[1] The Debtors in this jointly administered chapter 11 case, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (N/A); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

3.

An order approving the bidding procedures, scheduling the bid deadlines and the auction, approving the form and manner of notice thereof, scheduling hearings and objection deadlines with respect to the Debtors' sale, disclosure statement, and plan confirmation, and granting related relief was entered on or about August 5, 2022. Doc. No. 248.

4.

The bidding requirements provide that, "A Bid must set forth each regulatory and third-party approval required for the Acceptable Bidder to consummate the applicable Sale, if any, and the time period within which the Acceptable Bidder expects to receive such regulatory and third-party approvals (and in the case that receipt of any such regulatory or third-party approval is expected to take more than thirty (30) days following execution and delivery of the Plan and/or asset purchase agreement, those actions the Acceptable Bidder will take to ensure receipt of such approvals as promptly as possible)." Doc. No. 248. Bidding Procedures for the Submission, Receipt, and Analysis of Bids in Connection with the Sale of the Debtors ("Debtors' Bidding Requirements"), Section (D)(xv).

5.

Pursuant to 28 U.S.C. § 959, a debtor-in-possession is required to operate the property of the estate according to the requirements of the laws of the State of Georgia in the same manner that the owner or possessor of such property would be bound to do so if in possession outside of bankruptcy.

6.

The Georgia Department of Banking and Finance is a state department charged

with the licensing of persons to engage in the transmission of money.  O.C.G.A. §§ 7-1-

680 through 698.

7.

Voyager Digital, LLC is a money transmitter licensed by the Georgia Department

of Banking and Finance pursuant to O.C.G.A. § 7-1-681.

8.

Pursuant to O.C.G.A. § 7-1-686(b), no license to engage in the transmission of

money shall be transferable or assignable.

9.

O.C.G.A. § 7-1-688(a) provides, in relevant part, "Except as provided in this

Code section, no person shall become an ultimate equitable owner of any licensee

through acquisition or other change in control or become an executive officer of a

licensee as a result of such acquisition or other change in control unless the person has

first received written approval for such acquisition, change in control, or designation as

an executive officer from the department…" The application provisions of this code

section do not apply in the case of an acquisition by a passive investor or an acquisition

by a person licensed by the department, though there are additional requirements to

qualify for either exception. O.C.G.A. § 7-1-688(d).

10.

The approval of the change in control of Voyager Digital, LLC by the Georgia

Department of Banking and Finance should be the type of regulatory approval

contemplated by the Debtors' Bidding Requirements.

## OBJECTION

11.

In the event that the Debtors are successful in finding a buyer through the bid or

auction process and the transaction includes an acquisition of Voyager Digital, LLC that

results in a change in control, the Georgia Department of Banking and Finance objects to

the consummation of the sale to the extent that the proposed buyer is not licensed as a

money transmitter in the State of Georgia and has not received the approval of the

Georgia Department of Banking and Finance pursuant to O.C.G.A. § 7-1-688(a).

12.

In the event that the Debtors are successful in finding a buyer through the bid or

auction process and the transaction takes the form of an acquisition of Voyager Digital,

LLC that results in a change in control, the Georgia Department of Banking and Finance

objects to the consummation of the sale to the extent that the proposed buyer is licensed

as a money transmitter in the State of Georgia but does not meet the requirements for an

exception to approval outlined in O.C.G.A. § 7-1-688(d).

13.

In the event that the Debtors are successful in finding a buyer through the bid or

auction process and the transaction takes the form of an asset sale of all or a portion of

Voyager Digital, LLC's business engaged in money transmissions within the State of

Georgia, the Georgia Department of Banking and Finance objects to the consummation of the sale to the extent that the proposed buyer is not licensed as a money transmitter and the acquisition results in unlicensed money transmission activity within the State of Georgia.

14.

The Georgia Department of Banking and Finance reserves all rights to bring an enforcement action against Voyager Digital, LLC, any buyer of Voyager Digital, LLC or any other party, in the event that the foregoing transaction, regardless of form, results in a violation of Georgia laws and regulations governing the business of money transmission. No action taken by the Georgia Department of Banking and Finance in the above-styled matter shall act as a waiver of those rights unless expressly stated.

WHEREFORE, the Georgia Department of Banking and Finance requests that:
1) any acquisition of Voyager Digital, LLC's money transmitter operations in whole or in part be stayed until the buyer has received the required regulatory approval from the Georgia Department of Banking and Finance, unless an exception applies;
2) in the event the change in control of Voyager Digital, LLC is not approved by the Georgia Department of Banking and Finance, and an exception does not apply, that the order approving the sale of Voyager Digital, LC in whole or in part be set aside;
3) that all rights of the Georgia Department of Banking and Finance to pursue an enforcement action relating to any sale or acquisition of Voyager Digital, LLC be reserved; and
4) for such other and further relief as the Court deems just and proper.

*[Signature on following page]*

This _9th_ day of September, 2022.

Respectfully submitted,

CHRISTOPHER M. CARR                    112505
Attorney General

LOGAN B. WINKLES                       136906
Deputy Attorney General

/s/ Brooke Heinz Chaplain
BROOKE HEINZ CHAPLAIN                   927752
Senior Assistant Attorney General

/s/ Nathan D. Hovey
NATHAN D. HOVEY                         329132
Assistant Attorney General

PLEASE ADDRESS ALL
COMMUNICATIONS TO:

Nathan Hovey
Assistant Attorney General
Department of Law
40 Capitol Square SW
Atlanta, GA 30334
Telephone 404-458-3483
Email: nhovey@law.ga.gov

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing *Limited Objection of the Georgia Department of Banking and Finance to the Sale of Voyager Digital, LLC In Whole or In Part* has been served via the Court's Electronic Filing System on all parties requesting notice in this proceeding on September 9th, 2022. Additionally, a true and correct copy of the foregoing was served by first class U.S. Mail, with adequate postage prepaid on the following persons or entities at the addresses stated:

Joshua A. Sussberg
Christopher Marcus
Christine A. Okike
Allyson B. Smith
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
*Debtors' Counsel*

Jared Dermont
Barak Klein
Mike DiYanni
Brian Tichenor
Moelis & Company LLC
399 Park Avenue, 4th Floor
New York, New York 10022
*Debtor's Financial Advisor and Investment Banker*

Richard C. Morrissey
Mark Bruh
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014
*Office of the United States Trustee*

Daren Azman
Charles Gibbs
McDermott Will & Emery LLP
One Vanderbilt Avenue
New York, New York 10017
*Committee's Counsel*

Voyager Digital Holdings, Inc., *et al*
33 Irving Place
3rd Floor
New York, NY 10003
*Debtors*

This ___9th___ day of September, 2022.

/s/ Nathan D.  Hovey_____
Nathan D. Hovey
Assistant Attorney General