# EXHIBIT A

## Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | ) | Case No. 22-10943(MEW) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF MCDERMOTT WILL & EMERY LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF VOYAGER DIGITAL HOLDINGS, INC., *ET AL.*, EFFECTIVE AS OF JULY 22, 2022**

Upon the *Application for Order Authorizing the Employment and Retention of McDermott Will & Emery LLP as Counsel to the Official Committee of Unsecured Creditors of Voyager Digital Holdings, Inc.,* et al.*, Effective as of July 22, 2022* (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Voyager Digital Holdings, Inc., *et al.* (collectively, the "Debtors") for entry of an order (this "Order") authorizing the Committee to employ and retain McDermott as its legal counsel effective as of the Retention Date, all as more fully set forth in the Application; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Voyager Digital Holdings, Inc.'s and Voyager Digital Ltd.'s principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003. Voyager Digital, LLC's principal place of business is 701 S. Miami Ave, 8th Floor, Miami, FL 33131.

[2] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Application.

having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Committee's notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Application and Supporting Declarations and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application, the Supporting Declarations, and at the Hearing establish just cause for the relief granted herein; and the Court being satisfied, based on the representations made in the Application and the Supporting Declarations, that McDermott is a "disinterested person" as defined in Bankruptcy Code section 101(14) and does not hold or represent an interest adverse to the Debtors' estates with respect to any of the matters for which McDermott is to be engaged; and the Court finding that the employment of McDermott is necessary to the performance of the Committee's duties; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted as set forth herein.

2. Pursuant to Bankruptcy Code sections 328 and 1103(a), the Committee is authorized to employ and retain McDermott as its legal counsel, effective as of July 22, 2022, on the terms set forth in the Application.

3. McDermott shall apply for compensation of professional services and reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with Bankruptcy Code sections 330 and 331 and the applicable provisions of the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court.

4. McDermott shall use its reasonable efforts to avoid any duplication of services

provided by any of the Committee's other retained professionals in the Chapter 11 Cases.

5. McDermott shall file a supplemental declaration with this Court and give not less than ten (10) business days' notice to the Debtors, the U.S. Trustee, and the Committee prior to any increases in the rates set forth in the Azman Declaration. The supplemental declaration shall explain the basis for the requested increases in accordance with Bankruptcy Code section 330(a)(3)(F) and state whether the Committee has consented to the rate increase. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in Bankruptcy Code section 330, and the Court retains the right to review any rate increase pursuant to Bankruptcy Code section 330.

6. To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

7. Notice of the Application as provided therein shall be deemed good and sufficient notice of the Application, and the Local Rules are satisfied by the contents of the Application.

8. The Committee and McDermott are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. The Court shall retain jurisdiction with respect to any matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: New York, New York
_____, 2022

THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE