## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI**
**CONSULTING, INC. AS FINANCIAL ADVISOR TO THE**
**OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF VOYAGER**
**DIGITAL HOLDINGS, INC.,** ***ET AL.*,** **EFFECTIVE AS OF JULY 25, 2022**

Upon the *Application for Order Authorizing the Employment and Retention of FTI Consulting, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors of Voyager Digital Holdings, Inc., et al., Effective as of July 25, 2022* (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Voyager Digital Holdings, Inc., *et al.* (collectively, the "Debtors") for entry of an order (this "Order") authorizing the Committee to employ and retain FTI Consulting, Inc. (together with its wholly owned subsidiaries, "FTI") as its financial advisor, effective as of the Retention Date, all as more fully set forth in the Application; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this district

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Voyager Digital Holdings, Inc.'s and Voyager Digital Ltd.'s principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003. Voyager Digital, LLC's principal place of business is 701 S. Miami Ave, 8th Floor, Miami, FL 33131.

[2]    Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Application.

is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief

requested in the Application is in the best interests of the Debtors' estates, their creditors, and

other parties in interest; and this Court having found that the Committee's notice of the

Application and opportunity for a hearing on the Application were appropriate under the

circumstances and no other notice need be provided; and the Court having reviewed the

Application and Cordasco Declaration and having heard the statements in support of the

relief requested therein at a hearing before this Court (the "Hearing"); and this Court having

determined that the legal and factual bases set forth in the Application, the Cordasco

Declaration, and at the Hearing establish just cause for the relief granted herein; and the

Court being satisfied, based on the representations made in the Application and the Cordasco

Declaration, that FTI is a "disinterested person" as defined in Bankruptcy Code

section 101(14) and does not hold or represent an interest adverse to the Debtors' estates with

respect to any of the matters for which FTI is to be engaged; and the Court finding that the

employment of FTI is necessary to the performance of the Committee's duties; and upon all

of the proceedings had before this Court; and after due deliberation and sufficient cause

appearing therefor, it is HEREBY ORDERED THAT:

1.      The Application is granted to the extent set forth herein.

2.      Pursuant to Bankruptcy Code sections 328 and 1103(a), the Committee is

authorized to employ and retain FTI as its financial advisor, effective as of July 25, 2022, on

the terms set forth in the Application.

3.      FTI shall apply for compensation of professional services and reimbursement

of expenses incurred in connection with the Chapter 11 Cases in compliance with Bankruptcy

Code sections 330 and 331 and the applicable provisions of the Bankruptcy Rules, the Local

Rules, applicable fee guidelines, and any applicable orders of this Court.

4.      To the extent that FTI uses the services of independent contractors or

subcontractors (collectively, the "Contractors") in these cases, FTI shall (i) pass-through the

cost of such Contractors at the same rate that FTI pays the Contractors; (ii) seek

reimbursement for actual costs only; and (iii) ensure that the Contractors are subject to the

same conflict checks as required for FTI, and (iv) shall file with the Court such disclosures

required by Bankruptcy Rule 2014.

5.      Prior to any increases in FTI's rates for any individual retained by FTI and

providing services in these cases, FTI shall file a supplemental declaration with the Court and

provide ten (10) business days' notice to the Debtors, the United States Trustee, the

Committee, and any other official committee. The supplemental declaration shall explain the

basis for the requested rate increases in accordance with section 330(a)(3)(F) of the

Bankruptcy Code and state whether the Committee has consented to the rate increase. The

United States Trustee retains all rights to object to any rate increase on all grounds including,

but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy

Code.

6.      FTI is entitled to reimbursement of actual and necessary expenses, including

reasonable legal fees related to this retention application and preparation of future fee

applications as approved by the Court; *provided*, *however* that FTI shall not seek

reimbursement of legal fees incurred in defending applications for compensation filed in

accordance with paragraph 3 hereof.

7.      The following indemnification provisions are approved:

    a.      subject to the provisions of subparagraphs (b) and (c) below and
approval of the Court, the Debtors are authorized to indemnify, and
shall indemnify, FTI for any claims arising from, related to, or in
connection with the services to be provided by FTI as specified in the
Application, but not for any claim arising from, related to, or in
connection with FTI's post-petition performance of any other services
other than those in connection with the engagement, unless such post-
petition services and indemnification therefore are approved by this
Court; and

     b.     the Debtors shall have no obligation to indemnify FTI for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from FTI's gross negligence, willful misconduct, bad faith, or breach of fiduciary duties (if any), or fraud unless the Court determines that indemnification would be permissible pursuant to applicable law, or (ii) settled prior to a judicial determination as to FTI's gross negligence, willful misconduct, or fraud, but determined by this Court, after notice and a hearing, to be a claim or expense for which FTI is not entitled to receive indemnity under the terms of this Application; and

     c.     if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, FTI believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification obligations under the Application, including, without limitation, the advancement of defense costs, FTI must file an application in this Court, and the Debtors may not pay any such amounts to FTI before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by FTI for indemnification, and not as a provision limiting the duration of the Debtors' obligation to indemnify FTI.

     d.     In the event FTI seeks reimbursement from the Debtors for reasonable attorneys' fees in connection with a request by FTI for payment of indemnity as set forth in this Order, the invoices and supporting time records from such attorneys shall be included in FTI's own application (both interim and final) and such invoices and time records shall be subject to the Fee Guidelines and the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

8.     To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

9.     Notice of the Application as provided therein shall be deemed good and sufficient notice of the Application, and the Local Rules are satisfied by the contents of the Application.

10.     The Committee and McDermott are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

11.     The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

12.     The Court shall retain jurisdiction with respect to any matters arising from or

related to the implementation, interpretation, and enforcement of this Order, and FTI's

retention.


Dated:  New York, New York                    THE HONORABLE MICHAEL E. WILES
                                _____, 2022          UNITED STATES BANKRUPTCY JUDGE