# EXHIBIT B

## Redline

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF VOYAGER DIGITAL HOLDINGS, INC., *ET AL.*, EFFECTIVE AS OF JULY 25, 2022**

Upon the *Application for Order Authorizing the Employment and Retention of FTI Consulting, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors of Voyager Digital Holdings, Inc., et al., Effective as of July 25, 2022* (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Voyager Digital Holdings, Inc., *et al.* (collectively, the "Debtors") for entry of an order (this "Order") authorizing the Committee to employ and retain FTI Consulting, Inc. (together with its wholly owned subsidiaries, "FTI") as its financial advisor, effective as of the Retention Date, all as more fully set forth in the Application; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Voyager Digital Holdings, Inc.'s and Voyager Digital Ltd.'s principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003. Voyager Digital, LLC's principal place of business is 701 S. Miami Ave, 8th Floor, Miami, FL 33131.

[2]   Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Application.

States Constitution; and the Court having found that venue of this proceeding and the

Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court

having found that the relief requested in the Application is in the best interests of the

Debtors' estates, their creditors, and other parties in interest; and this Court having found that

the Committee's notice of the Application and opportunity for a hearing on the Application

were appropriate under the circumstances and no other notice need be provided; and the

Court having reviewed the Application and Cordasco Declaration and having heard the

statements in support of the relief requested therein at a hearing before this Court (the

"Hearing"); and this Court having determined that the legal and factual bases set forth in the

Application, the Cordasco Declaration, and at the Hearing establish just cause for the relief

granted herein; and the Court being satisfied, based on the representations made in the

Application and the Cordasco Declaration, that FTI is a "disinterested person" as defined in

Bankruptcy Code section 101(14) and does not hold or represent an interest adverse to the

Debtors' estates with respect to any of the matters for which FTI is to be engaged; and the

Court finding that the employment of FTI is necessary to the performance of the Committee's

duties; and upon all of the proceedings had before this Court; and after due deliberation and

sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.    The Application is granted ~~as~~to the extent set forth herein.

2.    Pursuant to Bankruptcy Code sections 328 and 1103(a), the Committee is
authorized to employ and retain FTI as its financial advisor, effective as of July 25, 2022, on
the terms set forth in the Application.

3.    FTI shall apply for compensation of professional services and reimbursement
of expenses incurred in connection with the Chapter 11 Cases in compliance with Bankruptcy
Code sections 330 and 331 and the applicable provisions of the Bankruptcy Rules, the Local
Rules, applicable fee guidelines, and any applicable orders of this Court.

4.    To the extent that FTI ~~is authorized to use~~uses the services of independent contractors~~, and is entitled to reimbursement of related fees, without any markup or increase, provided that such independent contractors have filed declarations in support of the Application in accordance with~~ or subcontractors (collectively, the "Contractors") in these cases, FTI shall (i) pass-through the cost of such Contractors at the same rate that FTI pays the Contractors; (ii) seek reimbursement for actual costs only; and (iii) ensure that the Contractors are subject to the same conflict checks as required for FTI, and (iv) shall file with the Court such disclosures required by Bankruptcy Rule 2014.

5.    ~~FTI shall~~Prior to any increases in FTI's rates for any individual retained by FTI and providing services in these cases, FTI shall file a supplemental declaration with the Court and provide ten (10) business days' notice to the Debtors, the United States Trustee, the Committee, and ~~the Committee in connection with~~any other official committee. The supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Committee has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase ~~in the hourly rates listed in the Application~~on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

6.    FTI is entitled to reimbursement of actual and necessary expenses, including reasonable legal fees related to this retention application and preparation of future fee applications as approved by the Court; *provided, however* that FTI shall not seek reimbursement of legal fees incurred in defending applications for compensation filed in accordance with paragraph 3 hereof.

7.    The following indemnification provisions are approved:

a.    subject to the provisions of subparagraphs (b) and (c) below and approval of the Court, the Debtors are authorized to indemnify, and shall indemnify, FTI for any claims arising from, related to, or in connection with the services to be provided by FTI as specified in the

Application, but not for any claim arising from, related to, or in connection with FTI's post-petition performance of any other services other than those in connection with the engagement, unless such post-petition services and indemnification therefore are approved by this Court; and

b.      the Debtors shall have no obligation to indemnify FTI for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from FTI's gross negligence, willful misconduct, bad faith, or breach of fiduciary duties (if any), or fraud unless the Court determines that indemnification would be permissible pursuant to applicable law, or (ii) settled prior to a judicial determination as to FTI's gross negligence, willful misconduct, or fraud, but determined by this Court, after notice and a hearing, to be a claim or expense for which FTI is not entitled to receive indemnity under the terms of this Application; and

c.      if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, FTI believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification obligations under the Application, including, without limitation, the advancement of defense costs, FTI must file an application in this Court, and the Debtors may not pay any such amounts to FTI before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by FTI for indemnification, and not as a provision limiting the duration of the Debtors' obligation to indemnify FTI.

d.      In the event FTI seeks reimbursement from the Debtors for reasonable attorneys' fees in connection with a request by FTI for payment of indemnity as set forth in this Order, the invoices and supporting time records from such attorneys shall be included in FTI's own application (both interim and final) and such invoices and time records shall be subject to the Fee Guidelines and the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

8.      To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

9.      Notice of the Application as provided therein shall be deemed good and sufficient notice of the Application, and the Local Rules are satisfied by the contents of the

Application.

10. The Committee and McDermott are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. The Court shall retain jurisdiction with respect to any matters arising from or related to the implementation, interpretation, and enforcement of this Order, and FTI's retention.


Dated: New York, New York     THE HONORABLE MICHAEL E. WILES
     _____, 2022  UNITED STATES BANKRUPTCY JUDGE

Document comparison by Workshare Compare on Monday, September 12, 2022 9:37:35 AM

| Input: | |
|---|---|
| Document 1 ID | iManage://IMANAGEUS.MWE.COM/DM_US/190546961/1 |
| Description | #190546961v1<IMANAGEUS.MWE.COM> - VOYG - FTI Retention Application Proposed Order |
| Document 2 ID | iManage://IMANAGEUS.MWE.COM/DM_US/190546961/3 |
| Description | #190546961v3<IMANAGEUS.MWE.COM> - VOYG - FTI Retention Application Proposed Order |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 19 |
| Deletions | 8 |
| Moved from | 0 |
| Moved to | 0 |
| Style changes | 0 |
| Format changes | 0 |
| Total changes | 27 |