UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) ) ) | Case No. 22-10943 (MEW) |
| Debtors. | ) ) | (Jointly Administered) |

**DECLARATION OF DISINTERESTEDNESS
OF DAY PITNEY LLP PURSUANT TO THE ORDER
AUTHORIZING THE RETENTION AND COMPENSATION OF
PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

I, RICHARD D. HARRIS, declare under penalty of perjury:

1. I am a partner of Day Pitney LLP, located at 242 Trumbull Street, Hartford, Connecticut 06103 (the "Firm").

2. Voyager Digital Holdings, Inc. and the other above-captioned debtors and debtors in possession (collectively, the "Debtors"), have requested that the Firm provide legal services to the Debtors relating to matters for which the Firm was engaged by the Debtors prior to July 6, 2022, and the Firm has consented to provide such services in accordance with the terms and conditions of set forth in the Standard Terms of Representations attached hereto as Exhibit 1.

3. The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to these chapter 11 cases for persons that are parties in interest in the Debtors' chapter 11 cases. The Firm, however, does not perform services for any such person in connection with these chapter 11 cases, or have any relationship

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

112548986.2

with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

4. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

5. Neither I nor any principal, partner, director, or officer, of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

6. Neither I nor any principal, partner, director, or officer, of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

7. The arrangements for compensation and reimbursement of the Firm include the following fee structure:

    a. Fees are determined on the basis of time spent by our lawyers and paralegals on a particular matter.  Each lawyer has a separate rate, ranging from $320 to $995 per hour for lawyers and $185 to $395 for paralegals.  These rates may be increased annually, usually at the beginning of January, consistent with the Firm's standard practice.

    b. In addition to our fees, the Firm, will charge for expenses incurred in the course of representing Debtors.

    c. Estimated average monthly compensation is: $10,000.

8. The Firm will perform and invoice for professional services in accordance with the terms and conditions of set forth in the Standard Terms of Representations attached hereto as <u>Exhibit 1</u>.

9.    As of July 5, 2022 (the "Petition Date"), the Debtors owed the Firm $9,289.00 for prepetition services, the payment of which is subject to limitations contained in title 11 of the United States Code, 11 U.S.C. §§ 101–1532.

10.    As of the Petition Date, the Firm was not party to an agreement for indemnification with certain of the Debtors.

11.    The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date:  September 14, 2022

_____
Richard D. Harris

**STANDARD TERMS OF REPRESENTATION**

These Standard Terms of Representation (these "Standard Terms") together with the Engagement Letter to which these Standard Terms are attached (our "Engagement Letter") and any referenced Schedules, set forth the terms of our engagement as your lawyers.

Unless modified in writing by mutual agreement, these Standard Terms are an integral part of our agreement with you. Therefore, we ask that you review these materials *carefully* and contact us promptly if you have any questions or concerns. You should retain a copy of these materials in your files.

(All references herein to "you" are to the client(s) as so identified in our Engagement Letter and the term "persons" includes individuals and all types of entities.)

### *Billing Practices/Expenses*

In the normal course, we expect to forward to you on a monthly basis a confidential statement of professional services rendered and expenses and service charges incurred during the preceding month or at such other intervals as specified in our Engagement Letter**.** This invoice may be sent to you by electronic mail.

The invoice will include not only our fee for services rendered but also expenses paid on your behalf. Such expenses include, but are not limited to, the expenses listed on the attached sheet, as it may be revised from time to time. Depending upon the type or amount of certain expenses, we may request that you pay those costs directly, or provide us in advance with sufficient funds to pay those costs.

Unless we have previously agreed in writing on different payment terms, we expect that our invoices will be paid promptly and in any event within 30 days after they are sent to you. In the event that an invoice is not paid within 30 days after it is sent to you, we reserve the right to add a service charge to your outstanding balance at the rate of 1% per month for the period the invoice remains unpaid after the initial 30 days. We also may request an advance payment to continue performing further services.

We reserve the right to decline to perform further services for you if you are delinquent in the payment of our invoices or any requested advance payments. Subject to our obligations under the applicable Rules of Professional Conduct, we may terminate our legal services and withdraw from any engagement with you if you are delinquent.

### *IOLTA Account Deposits*

Unless specifically provided otherwise in the Engagement Letter, the amount of any advance payments or retainer for fees and expenses provided by you will be held by the Firm in an IOLTA trust account and applied as set forth in the Engagement Letter. An IOLTA ("Interest On Lawyer Trust Accounts") account is maintained in accordance with court rules under which the bank aggregates the interest earned on all IOLTA accounts and transmits that interest to charitable organizations identified by the rules. IOLTA accounts are used when the expected

duration for which funds will be held along with the amount of the funds and the prevailing interest rates generally make it impractical to deal with the accounting and tax consequences of an account under which interest is paid to the owner of the funds.  If as reflected in the Engagement Letter, you direct that the advance payments or retainer be held in an interest bearing account for your benefit, you will be responsible for the costs of our administrators managing the account, which are approximately $300 per year, and for providing us with a signed IRS Form W-9 for the reporting of interest earned.

### *Views About Outcomes*

Either at the commencement or during the course of our representation of you, we may provide comments concerning the matter at hand or various courses of action and the results that might be anticipated.  Any such statement made by any lawyer or paralegal of the Firm is intended to be an expression of our best professional judgment only, based on information available to us at the time, and should not be construed as a promise or guarantee of any outcome.

### *Duration of Engagement*

Except as may be provided in our Engagement Letter, both you and we reserve the right to terminate this engagement by written notice at any time for any reason.  In the event of such termination by you, our fees and expenses that have already been invoiced shall become due and payable immediately.  Any additional invoices will be payable upon your receipt of our invoice.  Our right to withdraw as counsel or suspend our services shall be subject to our obligations under the applicable provisions of the Rules of Professional Conduct.

Unless previously terminated or extended in writing by mutual agreement to a new matter, our representation in the matter specified in our Engagement Letter or in such subsequent writing will terminate upon our sending to you our final statement for our services rendered in the matter.

### *Audit Letter Requests*

From time to time, we are requested to prepare and submit to auditors information about contingent matters to which we are devoting substantial attention on behalf of a client.  While such audit letters are not required in order for a client to be able to report the status of any matter(s) we may be handling for that client, we will provide an audit letter if requested by the client.  If you request that we prepare such a letter, we will prepare and submit the letter and will invoice for all attorneys' fees and expenses for the preparation of descriptions of matters to be included in such letters, in accordance with our standard hourly rates, even if our representation in the matter that is the subject of a description has concluded.  The providing of such a letter does not extend our attorney-client relationship beyond the time specified in the preceding paragraph.

### *Return of Materials*

At your request, we will return to you promptly any materials in your client file that you may wish to keep in your possession at the conclusion of our representation.  If you do not


request that the materials in your client file be returned, we will have the right to destroy all such materials pursuant to our file retention/destruction policy (available on request).

We will maintain most materials in your client file only in electronic form. In accordance with our file retention/destruction policy, we will maintain physical copies of only certain documents, such as original contracts and deeds, corporate minute books and certain testamentary documents such as wills, trusts, powers of attorney and similar instruments.

### *Conflicts Of Interest -- Who Is Our Client*

It is our policy that the person that we represent (the "you" identified in our Engagement Letter) is our only "client" in the engagement. Unless otherwise provided explicitly in writing, our representation of you does not extend to your agents (*e.g.*, employees, officers, or directors) or to any persons otherwise affiliated with you, including anyone with an ownership interest in you (such as your shareholders, partners or members, as applicable) or any of your subsidiaries or related entities (referred to collectively, as your "affiliates"). In the case of an individual, our representation of the individual does not extend to any other family member unless expressly so provided in writing.

For purposes of evaluating conflicts of interest, you have agreed that our representation of you as the client in the matter described in our Engagement Letter does not give rise to an attorney-client relationship between us and any of your affiliates, except as agreed by us in writing. Accordingly, except in such circumstance our representation of you in this matter will not give rise to any conflict of interest in the event other clients of ours are adverse to any persons affiliated with you.

### *Privileged Internal Consultations*

We encourage our lawyers to discuss ethics and professional responsibility issues with our firm's internal counsel who represent the firm and its lawyers in such matters. We believe that being able to have candid discussions with such counsel enhances our ability to provide quality legal services, especially in complex matters and matters involving multiple clients and potential conflicts of interest. We consider such consultations to be attorney-client privileged communications between firm personnel and counsel for the firm. In retaining us to provide you legal services, you acknowledge that we may engage in such internal consultations with our firm ethics counsel and you agree that our representation of you does not, thereby, waive any attorney-client privilege or confidentiality held by the firm with respect to such communications.

### *Electronic Communications*

Communication by email and other electronic media is common and we will use such communication channels in the course of our representation of you in your matters. If this is a personal matter, you should be careful to use a personal email account and not your business email or the email account of your employer or others. In all cases you should confirm that your email account is properly secure for communications on confidential and privileged matters. In some circumstances, such as personal matters, confidentiality may be compromised and the attorney-client privilege can be put at risk by personal use of an email account or computer system provided by an employer for business use. We will assume that you are communicating

*Standard Terms of Representation*
*Page 4*

with us over an appropriate, secure and confidential electronic channel unless you advise us otherwise in writing. We would be pleased to discuss any related risks and concerns you may have with respect to electronic communications.

*Arbitration of Fees in Certain New York Matters*

The State of New York has established a Fee Dispute Resolution Program that provides for resolution of some fee disputes between attorneys and clients in civil matters governed by the Fee Dispute Resolution Program. For more information about New York's Fee Dispute Resolution Program, you may visit http://www.nycourts.gov/admin/feedispute/. If any portion of your matter is handled by our lawyers in New York and does not involve a criminal or personal injury matter, the Fee Dispute Resolution Program may be available to you.

**DAY PITNEY LLP**

BOSTON   CONNECTICUT   FLORIDA   NEW JERSEY   NEW YORK   PROVIDENCE   WASHINGTON, DC

Day Pitney LLP's charges for disbursements and other expenses incurred on a client's behalf are based on the following schedule. Charges apply to all offices. This schedule is subject to periodic adjustment.

| | |
|---|---|
| Audio Visual Services | At Firm cost |
| Automated Document Preparation/Word Processing | $46.00 per hour |
| Automobile Travel | At IRS standard business mileage reimbursement rate |
| Courier and Overnight Delivery Services | Actual invoice cost |
| Electronic Document Processing and Hosting: | Actual invoice cost |
| Filing, Recording, Valuation, Registration Fees | Actual invoice cost |
| Food Service | Actual invoice cost |

<u>Reprographics</u>

| | |
|---|---|
| Impressions B/W (copy/print/scan) | $.15 per copy |
| Impressions Color (copy/print/scan) | $.60 per copy |
| Digital Media | $5.00 per item |
| Reprographic Supplies | At Firm cost |

| | |
|---|---|
| Postage | Actual cost when postage is $1.00 or more. No charge when postage is less than $1.00 |

<u>Presentation Tools</u>

| | |
|---|---|
| Oversized Color Prints | $20.00 per sq. ft. |
| Oversized Black & White Prints | $1.25 per sq. ft. |
| Desktop Publishing | $35.15 per hour |
| Exhibit Preparation | $2.75 per sq. ft. per exhibit (including materials) |
| Projector Equipment | $150.00 per day for use of equipment |

| | |
|---|---|
| Secretarial and other Support Staff Overtime | No charge except in extraordinary situations |
| Specialized Software Fees for Tax Preparation | $48.00 per return |
| Videoconferencing Equipment | $125.00 per hour per site |

*Certain Computer and Data Services are subject to applicable CT Sales Tax

Effective January 1, 2022

112548986.2