Hearing Date: September 29, 2022, at 2:00 p.m. (prevailing Eastern Time)
Objection Deadline: September 22, 2022, at 4:00 p.m. (prevailing Eastern Time)

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | Case No. 22-10943 (MEW) |
| Debtors. | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN
ORDER AUTHORIZING THE DEBTORS TO REDACT AND FILE
UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION RELATED TO
DEBTORS' MOTION SEEKING ENTRY OF AN ORDER (I) AUTHORIZING THE
DEBTORS TO RETURN COLLATERAL AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (this "Motion"):

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), authorizing the Debtors to (a) redact and file under seal the terms of the Alameda Loans; (b) redact and file under seal the parties' cryptocurrency wallet addresses; and (c)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

provide an unredacted version of the Unwind Motion to (i) the United States Bankruptcy Court for the Southern District of New York, (ii) the United States Trustee for the Southern District of New York, and (iii) McDermott Will & Emery LLP as counsel to the official committee of unsecured creditors appointed in the Debtors' chapter 11 cases (collectively, the "Receiving Parties" and in each case of the foregoing parties listed in (i) through (iii), on a confidential and professionals' eyes only basis).

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012. The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a), 107(b), and 107(c) of title 11 of the United States Code (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 9013-1, 9018-1, and 9037-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

5. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 18]. On July 19, 2022, the United States Trustee for the

Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") [Docket No. 102].  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

## Background

6.      On July 5, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Stephen Ehrlich, Chief Executive Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 15] (the "First Day Declaration"), incorporated by reference herein.

7.      On September 12, 2022, the Debtors filed *Debtors' Motion Seeking Entry of an Order (I) Authorizing the Debtors to Return Collateral and (II) Granting Related Relief* (the "Unwind Motion")[2], which seeks authorization to return the Alameda Loan Collateral and unwind the outstanding Alameda Loans.  Prior to filing, the Debtors shared and discussed the Unwind Motion with the Committee and the U.S. Trustee.  The Unwind Motion contains commercially sensitive information regarding the Alameda Loans and the parties' cryptocurrency wallet addresses (the "Confidential Information").  Due to the non-public and/or sensitive nature of the Confidential Information, the Debtors respectfully submit that the Court should restrict access to the Confidential Information and any subsequent notices containing information related thereto to the Receiving Parties pursuant to section 107 of the Bankruptcy Code.

8.      In 2021, the Debtors and Alameda executed a non-disclosure agreement (the "NDA") concerning potential transactions that the Debtors and Alameda may pursue,

---

[2]  Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Unwind Motion.

3

including potential lending arrangements. Pursuant to the NDA, the Debtors and Alameda are prohibited from disclosing information concerning the parties' negotiations and, ultimately, any documents that memorialize the parties' negotiations or the terms of any transaction without the other party's consent. The NDA expires in 2023 and, accordingly, is in effect as of the date hereof.

9. The terms of the Alameda Loans and Alameda's cryptocurrency addresses (collectively, the "Alameda Confidential Information") are exactly the type of information that the NDA is intended to address. The terms of the Alameda Loans are not public and would provide other industry participants with commercial information regarding the Alameda Loans that otherwise would not be disclosed. Further, though Alameda consented to unwinding the Alameda Loans, Alameda did not consent to the disclosure of the terms of the Alameda Loans or its cryptocurrency wallet addresses. Accordingly, the Debtors are bound by the NDA and precluded from disclosing the Alameda Confidential Information contained in the Unwind Motion.

10. The Debtors' cryptocurrency wallet addresses are also commercially sensitive information. Cryptocurrency wallet addresses can be likened to a bank account number. Unlike a bank account number, however, anyone with access to a specific wallet address can see the wallet owner's transactions and holdings. Accordingly, making the Debtors' cryptocurrency wallet addresses public would adversely affect the Debtors' restructuring efforts by allowing the public to access the Debtors' commercially sensitive financial information.

11. An unredacted version of the Unwind Motion will be provided to the Court Clerk's office in accordance with Local Rule 9037-1(c).

**Basis for Relief**

I.  **Redacting the Confidential Information is Warranted Under Section 107(b) of the Bankruptcy Code.**

12. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with authority to issue orders that will protect entities from the potential harm that may result from the disclosure of certain confidential information. This section provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may:
>
> > (1) protect an entity with respect to a trade secret or confidential research, development, or *commercial information*; or
> >
> > (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b) (emphasis added).

13. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code. Specifically, Bankruptcy Rule 9018 provides, in relevant part, that, upon motion, "the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

14. If the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original). Stated differently, section 107(b) of the Bankruptcy Code does not require a party seeking its protections to demonstrate "good cause." *Orion Pictures*, 21 F.3d at 28. "Courts have supervisory power over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del.

5

2005). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *See In re Glob. Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003). Confidential commercial information "has been defined as information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Faucett*, 438 B.R. 564, 567–68 (Bankr. W.D. Tex. 2010) (quoting *Orion Pictures Corp.*, 21 F.3d at 27). Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code.[3] Courts have also held that the resulting sealing order should be broad (*i.e.*, "any order which justice requires"). *See, e.g.*, *In re Glob. Crossing, Ltd.*, 295 B.R. at 724 (citing Bankruptcy Rule 9018).

15. The Debtors submit that the Confidential Information contained in the Unwind Motion constitutes confidential commercial information that may be protected under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018. The Alameda Confidential Information is sensitive information that is the product of negotiations between the Debtors and Alameda, and is exactly the information that the NDA precludes disclosure of without Alameda's consent. As Alameda has not consented to the disclosure of the terms of the Alameda Loans or its cryptocurrency wallet addresses, the Debtors are bound by the NDA and precluded from disclosing the Alameda Confidential Information.

---

[3] *See In re Northstar Energy, Inc.*, 315 B.R. 425, 429 (Bankr. E.D. Tex. 2004) ("A bankruptcy court is required to seal 'documentary information filed in court that does not rise to the level of a trade secret but that is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors.'"); *see also Orion Pictures*, 21 F.3d at 27–28 (holding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party must show only that the information it wishes to seal is "confidential" and "commercial" in nature).

6

16.     Additionally, disclosure of the Debtors' wallet addresses would provide the general public with access to commercially sensitive information regarding the Debtors' financial position. Making the Debtors' cryptocurrency wallet addresses public would allow anyone to view the Debtors' wallet holdings and transactions, potentially causing unwarranted speculation and attention surrounding any account activity.  As such, disclosure of the Debtors' cryptocurrency wallet addresses would adversely affect the Debtors' efforts to reorganize.

17.     The Debtors have narrowly tailored the request set forth in this Motion to protect only the kind of commercially sensitive information that is entitled to be protected under section 107 of the Bankruptcy Code.  As a result, the Debtors believe that authorizing the Confidential Information to be redacted and filed under seal is the best method to ensure transparency with respect to information disclosure while still preventing the negative implications of public disclosure.

## Notice

18.     The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable:  (a) the U.S. Trustee; (b) the Committee; (c) the lender under the Debtors' prepetition loan facility; (d) the United States Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service; (f) the Toronto Stock Exchange; (g) the attorneys general in the states where the Debtors conduct their business operations; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| Dated: September 19, 2022<br>New York, New York | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>Christopher Marcus, P.C.<br>Christine A. Okike, P.C.<br>Allyson B. Smith (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:  (212) 446-4800<br>Facsimile:  (212) 446-4900<br>Email:  jsussberg@kirkland.com<br>  cmarcus@kirkland.com<br>  christine.okike@kirkland.com<br>  allyson.smith@kirkland.com<br><br>*Counsel to the Debtors and Debtors in Possession* |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER AUTHORIZING THE DEBTORS TO REDACT AND FILE
UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION RELATED TO
DEBTORS' MOTION SEEKING ENTRY OF AN ORDER (I) AUTHORIZING THE
DEBTORS TO RETURN COLLATERAL AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), authorizing the Debtors to (a) redact and file under seal the terms of the Alameda Loans set forth in the Unwind Motion, (b) provide unredacted versions solely to the Receiving Parties, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors'

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital, Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Unwind Motion.

estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized, pursuant to sections 105(a), 107(b), and 107(c) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, to file the Unwind Motion with the Confidential Information under seal.

3. The unredacted versions of the Unwind Motion shall remain confidential and shall not be made available to anyone other than the Receiving Parties without the Debtors' consent, may not be filed on the public docket, and shall remain under seal until further order of the Court.

4. The Debtors shall submit an unredacted copy of the Unwind Motion to the Clerk of the Court in an envelope under seal, clearly indicating that the same has been filed under seal by order of the Court.

5. The Clerk of this Court shall treat the Confidential Information contained in the Unwind Motion as confidential, and counsel for the Debtors shall contact the Clerk's Office regarding the return or disposition of the Unwind Motion as soon as practicable following the effective date of any chapter 11 plan in this case or any successor cases.

6. The Debtors are authorized to cause the unredacted versions of the Unwind Motion to be served on and made available, on a confidential basis, to the Receiving Parties.

7. Any party authorized to receive the unredacted version of the Unwind Motion shall be authorized and directed, subject to Local Rule 9037-1, to redact specific references to the information set forth therein from pleadings filed on the public docket maintained in these chapter 11 cases. If the Confidential Information is attached or referred to in any future pleadings or documents filed with this Court relating to these chapter 11 cases, this Order shall apply to such pleading or document.

8. Any party who receives the Confidential Information in accordance with this Order shall not disclose or otherwise disseminate this information to any other person or entity, including in response to a request under the Freedom of Information Act.

9. The requirements set forth in Local Rules 9013-1, 9018-1, and 9037-1 are satisfied by the contents of the Motion.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2022

                                                    _____
                                                    THE HONORABLE MICHAEL E. WILES
                                                    UNITED STATES BANKRUPTCY JUDGE