Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | Case No. 22-10943 (MEW) |
| Debtors. | (Jointly Administered) |

### NOTICE OF FILING OF REDACTED PAYOFF LETTER

**PLEASE TAKE NOTICE** that on September 12, 2022, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Debtors' Motion Seeking Entry of an Order (I) Authorizing the Debtors to Return Collateral and (II) Granting Related Relief* [Docket No. 402] (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file the redacted version of the Payoff Letter,[2] attached hereto as **Exhibit A**, as a supplement to the Debtors' proposed *Order (I) Authorizing the Debtors to Return Collateral and (II) Granting Related Relief* [Docket No. 402] (the "Order").

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]  Capitalized terms used but not defined herein have the meanings given to such terms in the Motion.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/Voyager  You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| Dated: September 19, 2022<br>New York, New York | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>Christopher Marcus, P.C.<br>Christine A. Okike, P.C.<br>Allyson B. Smith (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:   (212) 446-4800<br>Facsimile:    (212) 446-4900<br>Email:          jsussberg@kirkland.com<br>                    cmarcus@kirkland.com<br>                    christine.okike@kirkland.com<br>                    allyson.smith@kirkland.com<br><br>*Counsel to the Debtors and Debtors in Possession* |

## Exhibit A

**Payoff Letter**

**VOYAGER**

September 19, 2022

**Alameda Research Ltd**
**Tortola Pier Park**
**Building I, Second Floor**
**Wickhams Cay**
**Tortola, British Virgin Islands**
**Borrower Email:  info@alameda-research.com**

Ladies and Gentlemen:

Reference is hereby made to (i) that certain Master Loan Agreement dated as of September 2, 2021 (as amended, restated, supplemented or otherwise modified from time to time, the "Credit Agreement"), by and between **ALAMEDA RESEARCH LTD**, a company incorporated under the laws of the British Virgin Islands ("Borrower"), on the one hand, and **VOYAGER DIGITAL LLC** and **HTC TRADING, INC.** (collectively, "Lender"), on the other hand, and (ii) those certain Loan Term Sheets, between Lender and Borrower identified on Annex I and Annex II attached hereto (as amended, restated, supplemented or otherwise modified from time to time, the "Specified Term Sheets" and together with the Credit Agreement, the "Loan Documents"), pursuant to which Lender has made certain Loans as more specifically described on Annex I and Annex II attached hereto (collectively, the "Specified Loans"), which represent all of the Loans outstanding under the Credit Agreement.  The Specified Loans identified in the Specified Term Sheets set forth on Annex I were made by Lender to Borrower in BTC (collectively, the "Specified BTC Loans").  The Specified Loans identified in the Specified Term Sheets set forth on Annex II were made by Lender to Borrower in ETH (collectively, the "Specified ETH Loans"). Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed thereto in the Credit Agreement.

The parties have agreed that Borrower will repay all outstanding amounts under the Specified Loans, giving consideration to all prior repayments and refinancings thereof, in accordance with the terms of the Credit Agreement and this payoff letter (this "Payoff Letter").

1. This Payoff Letter confirms that, upon receipt by Lender no later than 5:00 p.m. (New York time) on September 30, 2022 (such time and date, the "Anticipated Payoff Date") of:

(a) a transmission of Digital Currency to Lender's designated wallet address identified in Section 2 below in the aggregate amount of (x) 6,500 BTC in respect of the principal amount of the Specified BTC Loans outstanding under the Loan Documents, plus (y) 53.423288 BTC in respect of accrued and unpaid Loan Fees on such outstanding principal amount, subject to adjustment as set forth in this Section 1 (as so adjusted, the "BTC Payoff Amount");

(b) a transmission of Digital Currency to Lender's designated wallet address identified in Section 2 below in the aggregate amount of (x) 50,000 ETH in respect of the principal amount of the Specified ETH Loans outstanding under the Loan Documents, plus (y) 1204.386849 ETH in respect of accrued and unpaid Loan Fees on such outstanding principal amount, subject to adjustment as set forth in this Section 1 (as so adjusted, the "ETH Payoff Amount");

(c)    a transmission of Digital Currency to Lender's applicable designated wallet address identified in Section 2 below in the following amounts, in each case, representing accrued and unpaid Loan Fees owing with respect to Loans made by Lender to Borrower in such Digital Currency pursuant to the Credit Agreement and as to which the principal amount thereof has been repaid by Borrower to Lender prior to the date of this Payoff Letter (the aggregate amount of such Loan Fees, the "Unpaid Interest Payoff Amount" and, together with the BTC Payoff Amount and the ETH Payoff Amount, the "Payoff Amount"): (i) 1,972.600137 VGX; (ii) 319.558082 LTC; (iii) 3,550.684247 LINK; (iv) 1,301,917.81 DOGE; (v) 45,912.32644 SAND; (vi) 7,939.726301 LUNC; and (vii) 493,150.6842 USDC;

(d)    for each day or portion thereof that elapses after 5:00 p.m. (New York time) on the Anticipated Payoff Date before Lender receives payment in full of the applicable Payoff Amount (including any accrued per diem Loan Fees or other fees), (i) the BTC Payoff Amount shall increase by 1.07 BTC per day and (ii) the ETH Payoff Amount shall increase by 9.59 ETH per day (collectively, the "Per Diem Amounts");

(e)    entry of an order of the United States Bankruptcy Court for the Southern District of New York approving this Payoff Letter and the transactions contemplated herein; and

(f)    a fully-executed counterpart of this Payoff Letter signed by Borrower (the first date on which all of the conditions set forth in Sections 1(a) through (e) above and this 1(f), are satisfied, the "Actual Payoff Date");

then (i) the outstanding Loan Balance (other than any Incremental Token Amount (as defined below)) with respect to each of the Specified Loans (and any guarantees thereof by any Person) shall be indefeasibly paid and satisfied in full and irrevocably discharged, terminated and released and all Liens granted or created thereunder shall be automatically released and terminated, (ii) the Credit Agreement and all other Loan Documents shall terminate and have no further force or effect; provided that (1) any provision of the Credit Agreement or any other Loan Document that by its terms specifically survives termination of such agreement shall remain in full force and effect, Section V of the Credit Agreement relating to any Hard Force or Airdrop in the blockchain for any Loaned Assets and any Party's rights to New Tokens as set forth in such Section V, and Section XV of the Credit Agreement relating to governing law and dispute resolution shall remain in full force and effect, (2) to the extent that any payments or proceeds (or any portion thereof) received by Lender shall be subsequently invalidated, declared to be fraudulent or a fraudulent conveyance or preferential, set aside or required to be repaid to a trustee, receiver, debtor-in-possession or any other party ("Returned Payment or Proceeds") under any bankruptcy law, state or federal law, common law or equitable cause, then to the extent that the Returned Payment or Proceeds must be restored or otherwise returned by Lender, whether as a result of any insolvency proceeding or otherwise, that portion of the Loan Balance of each of the Specified Loans and other obligations, or part thereof that were intended to be satisfied by any such Returned Payment or Proceeds shall be revived and continue to be in full force and effect to the extent of the Returned Payment or Proceeds only, as if the Returned Payment or Proceeds had never been received by Lender, and this Payoff Letter shall in no way impair the unsecured claims of Lender with respect to the revived obligations to Lender respecting the Returned Payment or Proceeds, and (3) Borrower hereby agrees to pay to Lender the Incremental Token Amount, if any, in accordance with Section 4 of this Payoff Letter, and (iii) except as otherwise provided herein, all other obligations of the Borrower under the Loan Documents shall be automatically released and terminated. If the foregoing assumptions regarding the calculation of each of the components of the Payoff Amount are not correct, we will so advise Borrower in writing on or before the Anticipated Payoff Date of the adjusted figure for the Payoff Amount (and any component thereof), reflecting the appropriate changes in the amounts of principal, interest, fees and other amounts. If the Payoff Amount is not received by Lender on or before 5:00 p.m. (New York time) on October 31, 2022, then this Payoff Letter shall terminate and be of no further force or effect.

2. Each portion of the Payoff Amount should be transmitted and transferred to the applicable designated wallet address identified with respect thereto on Annex III in the applicable Digital Currency, for receipt on the Actual Payoff Date.

3. Lender will, as promptly as practicable, upon the satisfaction of the conditions referred to in Sections 1(a) through 1(f) above, (a) return to Borrower, at its applicable designated wallet address set forth on Annex IV or as otherwise directed in writing by Borrower to Lender, the Collateral identified on Annex IV and (b) execute and deliver to Borrower, at Borrower's expense, all other documents and instruments reasonably requested by Borrower to further evidence the release and termination of the liens and security interests in favor of the Lender in and to the Collateral.

4. Borrower understands, acknowledges and agrees that, pursuant to Section V(c) of the Credit Agreement, Lender is entitled to receive the benefit and ownership of any incremental tokens generated as a result of any Hard Fork and/or Airdrop that may occur with respect to ETH (or any other Digital Currency) (any such New Tokens, the "Specified New Tokens"). Notwithstanding the occurrence of the Payoff Date, Borrower hereby promises to pay and transmit to Lender, at its applicable designated wallet address or as otherwise directed by Lender, any such Specified New Tokens within 60 days of the applicable Hard Fork or Airdrop with respect to ETH (or such other Digital Currency, as the case may be). The aggregate amount of Specified New Tokens required to be paid by Borrower to Lender pursuant to this Section 4 and Section V of the Credit Agreement is herein referred to as the "Incremental Token Amount".

5. Borrower understands, acknowledges and agrees that the amounts referred to in Section 1 above are enforceable obligations of it owed to Lender pursuant to the provisions of the Credit Agreement and the other Loan Documents and confirms its agreement to the terms and provisions of this Payoff Letter by returning to Lender a signed counterpart of this Payoff Letter. Borrower and Lender hereby waive the 30 days' prior notice condition for termination of the Credit Agreement under Section XVIII of the Credit Agreement and confirm that the Credit Agreement, the other Loan Documents and any commitments of Lender under any of the Loan Documents to make Loans are terminated effective as of the date hereof.

6. This Payoff Letter may be executed in any number of counterparts, all of which taken together shall constitute one and the same instrument, and any of the parties hereto may execute this Payoff Letter by signing any such counterpart. Delivery of an executed counterpart of this Payoff Letter by telefacsimile or other electronic method shall be equally as effective as delivery of an original executed counterpart. Any party delivering an executed counterpart of this Payoff Letter by telefacsimile or other electronic method also shall deliver an original executed counterpart, but the failure to deliver an original executed counterpart shall not affect the validity, enforceability, and binding effect of this Payoff Letter.

7. This Payoff Letter shall be governed by, and construed and enforced in accordance with, the laws of the State of New York as applied to agreements among parties resident therein. Whenever possible, each provision of this Payoff Letter shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Payoff Letter shall be prohibited by or invalid under applicable law, such provision shall be ineffective only to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Payoff Letter.

[Signature pages follow]

Very truly yours,

**VOYAGER DIGITAL LLC**, as Lender

By: _____
Name: _____
Title: _____

**HTC TRADING INC.**, as Lender

By: _____
Name: _____
Title: _____

[SIGNATURE PAGE TO PAYOFF LETTER]

Agreed to by the undersigned as of the date first written above:

**ALAMEDA RESEARCH LTD**, as Borrower

By: _____
Name: _____
Title: _____

[SIGNATURE PAGE TO PAYOFF LETTER]

ANNEX I

Specified BTC Loan Term Sheets

1. Loan Term Sheet, dated March 2, 2022, between Borrower and Lender, for an Open Loan with respect to Loaned Assets in the amount of 15,000 BTC.

2. Loan Term Sheet, dated April 1, 2022, between Borrower and Lender, for an Open Loan with respect to Loaned Assets in the amount of 10,000 BTC.

3. Loan Term Sheet, dated May 10, 2022, between Borrower and Lender, for an Open Loan with respect to Loaned Assets in the amount of 5,000 BTC.

4. Loan Term Sheet, dated May 10, 2022, between Borrower and Lender, for an Open Loan with respect to Loaned Assets in the amount of 5,000 BTC.

5. Loan Term Sheet, dated May 12, 2022, between Borrower and Lender, for an Open Loan with respect to Loaned Assets in the amount of 5,000 BTC.

6. Loan Term Sheet, dated June 13, 2022, between Borrower and Lender, for an Open Loan with respect to Loaned Assets in the amount of 12,000 BTC.

ANNEX II

Specified ETH Loan Term Sheets

1. Loan Term Sheet dated December 3, 2021, between Borrower and Lender, for a Fixed Term Loan with respect to Loaned Assets in the amount of 50,000 ETH, with an initial Maturity Date of March 3, 2022.

2. Loan Term Sheet dated June 13, 2022, between Borrower and Lender, for an Open Loan with respect to Loaned Assets in the amount of 155,000 ETH.

3. Loan Term Sheet – ETH Fixed Term dated June 28, 2022, between Borrower and Lender, for a Fixed Term Loan with respect to Loaned Assets in the amount of 62,500 ETH.

4. Loan Term Sheet – ETH Open Term Reduction dated June 28, 2022, between Borrower and Lender, for an Open Loan with respect to Loaned Assets in the amount of 92,500 ETH.

## ANNEX III

Designated Wallet Addresses



ANNEX IV

Return of Collateral

Collateral:

| Asset | Amount |
|---|---|
| FTT | 4,650,000 |
| SRM | 63,750,000 |

Borrower's Designated Wallet Address:

1. Designated Wallet Address for FTT:

    

2. Designated Wallet Address for SRM: