**MCDERMOTT WILL & EMERY LLP**
Darren Azman
Joseph B. Evans
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

**MCDERMOTT WILL & EMERY LLP**
Charles R. Gibbs (admitted *pro hac vice*)
Grayson Williams (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201-1664
Telephone: (214) 295-8000
Facsimile: (972) 232-3098

*Counsel to the Official Committee of
Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**NOTICE OF APPLICATION FOR ORDER AUTHORIZING THE
EMPLOYMENT AND RETENTION OF EPIQ CORPORATE
RESTRUCTURING, LLC AS NOTICING AND INFORMATION AGENT FOR
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF VOYAGER
DIGITAL HOLDINGS, INC., *ET AL.*, EFFECTIVE AS OF JULY 26, 2022**

**PLEASE TAKE NOTICE** that a hearing on the *Application for Order Authorizing the*

*Employment and Retention of Epiq Corporate Restructuring, LLC as Noticing and Information*

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Voyager Digital Holdings, Inc.'s and Voyager Digital Ltd.'s principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003. Voyager Digital, LLC's principal place of business is 701 S. Miami Ave, 8th Floor, Miami, FL 33131.

*Agent for the Official Committee of Unsecured Creditors, Effective as of July 26, 2022* (the

"Application") filed by the Official Committee of Unsecured Creditors of Voyager Digital

Holdings, *et al.* (the "Committee") will be held on **October 18, 2022 at 11:00 a.m., prevailing**

**Eastern Time** (the "Hearing"). In accordance with General Order M-543 dated March 20, 2020,

the Hearing will be conducted telephonically. Any parties wishing to participate must do so by

making arrangements through CourtSolutions by visiting https://www.court-solutions.com.

 **PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief

requested in the Application shall: (a) be in writing; (b) conform to the Federal Rules of

Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and

all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the

Southern District of New York; (c) be filed electronically with the Court on the docket of *In re*

*Voyager Digital Holdings, Inc*., No. 22-10943 (MEW) by registered users of the Court's

electronic filing system and in accordance with all General Orders applicable to chapter 11 cases

in the United States Bankruptcy Court for the Southern District of New York (which are

available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served so as to be

actually received by **October 11, 2022 at 4:00 p.m., prevailing Eastern Time** by (i) the entities

on the Master Service List available on the case website of the above-captioned debtors and

debtors in possession (the "Debtors") at https://cases.stretto.com/Voyager and (ii) any person or

entity with a particularized interest in the subject matter of the Application.

 **PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are

timely filed, served, and received will be considered at the Hearing. Failure to file a timely

objection may result in entry of a final order granting the Application as requested by the

Committee.

**PLEASE TAKE FURTHER NOTICE** that copies of the Application and other

pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website

of Stretto at https://cases.stretto.com/Voyager. You may also obtain copies of the Application

and other pleadings filed in these chapter 11 cases by visiting the Court's website at

http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein

Dated:  New York, New York
        September 26, 2022

MCDERMOTT WILL & EMERY LLP

*/s/ Darren Azman*_____
Darren Azman
Joseph B. Evans
One Vanderbilt Avenue
New York, NY 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
E-mail: dazman@mwe.com
E-mail: jbevans@mwe.com

and

Charles R. Gibbs (admitted *pro hac vice*)
Grayson Williams (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
E-mail: crgibbs@mwe.com
E-mail: gwilliams@mwe.com

and

Gregg Steinman (admitted *pro hac vice*)
333 SE 2nd Avenue, Suite 4500
Miami, FL 33131-2184
Telephone: (305) 329-4473
Facsimile: (305) 503-8805
E-mail: gsteinman@mwe.com

*Counsel to the Official*
*Committee of Unsecured Creditors*

**MCDERMOTT WILL & EMERY LLP**
Darren Azman
Joseph B. Evans
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

**MCDERMOTT WILL & EMERY LLP**
Charles R. Gibbs (admitted *pro hac vice*)
Grayson Williams (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201-1664
Telephone: (214) 295-8000
Facsimile: (972) 232-3098

*Counsel to the Official Committee of*
*Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT AND
RETENTION OF EPIQ CORPORATE RESTRUCTURING, LLC AS
NOTICING AND INFORMATION AGENT FOR THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF VOYAGER DIGITAL
HOLDINGS, *ET AL.*, EFFECTIVE AS OF JULY 26, 2022**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the

above-captioned chapter 11 cases (the "Chapter 11 Cases") of Voyager Digital Holdings, Inc., *et*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Voyager Digital Holdings, Inc.'s and Voyager Digital Ltd.'s principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003. Voyager Digital, LLC's principal place of business is 701 S. Miami Ave, 8th Floor, Miami, FL 33131.

*al.* (collectively, the "Debtors") hereby submits this application (the "Application"), pursuant to sections 105(a), 1102(b)(3)(A), and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), for entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, authorizing the Committee to employ Epiq Corporate Restructuring, LLC ("Epiq") as noticing and information agent for the Committee, effective as of July 26, 2022. In support of the Application, the Committee relies upon and incorporates by reference the Declaration of Kate Mailloux, Senior Director of Epiq, attached hereto as **Exhibit B** (the "Mailloux Declaration"). In further support of the Application, the Committee respectfully represents as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, entered February 1, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Committee confirms its consent to the Court entering the Proposed Order to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are Bankruptcy Code sections 105(a), 1102(b)(3)(A), and 1103(a), rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

2

## BACKGROUND

4.      On July 5, 2022 (the "Petition Date"), each of the Debtors filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their

businesses and managing their properties as debtors in possession pursuant to Bankruptcy Code

sections 1107(a) and 1108.

5.      On July 6, 2022, the Court entered an order authorizing the joint administration

and procedural consolidation of the Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).

Docket No. 18.

6.      On July 19, 2022, the U.S. Trustee for the Southern District of New York (the

"U.S. Trustee") appointed the Committee pursuant to Bankruptcy Code section 1102. Docket

No. 102. No request for the appointment of a trustee or examiner has been made in the Chapter

11 Cases.

## RELIEF REQUESTED

7.      By this Application, the Committee seeks entry of the Proposed Order authorizing

it to employ and retain Epiq as noticing and information agent for the Committee, effective as of

July 26, 2022.

## I.      Services to Be Provided

8.      Subject to this Court's approval, Epiq will render professional services to the

Committee enabling the Committee to comply with its obligations under Bankruptcy Code

section 1102(b)(3). Epiq will undertake, *inter alia*, the following actions and procedures, as may

be necessary and appropriate:

      a.      Establish and maintain a website (the "Committee Website") at
                dm.epiq11.com/case/voyagercommittee/info that provides, without limitation:

     i.      General information regarding the Chapter 11 Cases;

     ii.      Contact information for the Committee (and any information hotlines that they establish), the Debtors' counsel, and the Committee's counsel;

     iii.      The date by which unsecured creditors must file their proofs of claim;

     iv.      The voting deadline with respect to any chapter 11 plan of reorganization filed in the Chapter 11 Cases;

     v.      Access to the claims docket, as established by the Debtors or any claims agent retained in the Chapter 11 Cases;

     vi.      The Debtors' monthly operating reports;

     vii.      A list of upcoming omnibus hearing dates and the calendar of matters on such hearing dates;

     viii.      Answers to frequently asked questions;

     ix.      Information regarding town halls hosted by the Committee, including scheduling information, materials used at the town hall, and previously recorded town halls;

     x.      Links to other relevant websites (*e.g.*, the Debtors' corporate website, the website of the Debtors' notice, claims, and soliciting agent, Stretto, the Bankruptcy Court website, and the website of the U.S. Trustee); and

     xi.      Email functionality whereby viewers may submit an inquiry to the Committee.

b.      Provide a call center or other creditor hotline, respond to creditor inquiries via telephone, letter, email, facsimile, or otherwise, as appropriate, and related services (which shall be published on the Committee Website);

c.      Assist the Committee with certain administrative tasks, including, but not limited to, printing and serving documents as directed by the Committee and its counsel;

d.      Provide a confidential data room, if necessary;

e.      Provide such other claims, noticing, balloting, and related administrative services as may be requested from time to time; and

f.      Promptly comply with such further conditions and requirements as the Court may at any time prescribe.

## II.    Epiq's Qualifications

9.    The Committee has selected Epiq as its noticing and information agent because Epiq is particularly well-suited to perform the tasks discussed above, including the administration of the Committee Website. In the normal course of its business, Epiq is often called upon to create websites for the purpose of providing access to information for creditors. Epiq is experienced and well-qualified to provide the Committee and unsecured creditors with access to information in connection with the Chapter 11 Cases, having previously been retained as a communications services agent for official committees in other chapter 11 cases. *See, e.g. In re Sanchez Energy Corp.*, Case No. 19-34508 (Bankr. S.D. Tex. November 15, 2019) [Docket No. 591]; *In re Exco Resources, Inc.*, Case No. 18-30155 (Bankr. S.D. Tex. March 28, 2018) [Docket No. 557]; *In re FirstEnergy Solutions, Inc.*, Case No. 18-50757 (Bankr. N.D. Ohio June 12, 2018) [Docket No. 727]; *In re Toys "R" Us, Inc.*, Case No. 17-34665 (Bankr. E.D. Va. Dec. 27, 2017) [Docket No. 1375]; *In re Westinghouse Electric Co. LLC*, Case No. 17-10751 (Bankr. S.D.N.Y. July 18, 2017) [Docket No. 934]; *In re Magnum Hunter Resources Corp.*, Case No. 15-12533 (Bankr. D. Del. Jan. 27, 2016) [Docket No. 404]; *In re Energy Future Holdings Corp.*, Case No. 14-10979 (Bankr. D. Del. Apr. 29, 2014) [Docket No. 3240].

10.    Accordingly, Epiq is well-qualified to prepare the Committee Website and to assist the Committee in providing the Debtors' unsecured creditors with access to information in connection with the Chapter 11 Cases.

## III.    Epiq's Disinterestedness

11.    Although the Committee is not seeking to employ Epiq pursuant to Bankruptcy Code section 327, it has asked Epiq to review its electronic database to determine whether it has any relationships with the parties in interest in the Chapter 11 Cases. To the best of the

5

Committee's knowledge, information, and believe, and except as otherwise stated in the

Mailloux Declaration, Epiq neither holds nor represents any interest materially adverse to the

interests of the Committee or the Debtors' estates with respect to any matter upon which Epiq is

to be engaged, and the Committee believes that Epiq's employment will be in the best interests

of the unsecured creditors.

12.    As set forth in the Mailloux Declaration, Epiq is a "disinterested person" as

defined in Bankruptcy Code section 101(14). To the extent that Epiq discovers any new relevant

facts or relationships bearing on the matters described herein during the period of its retention,

Epiq will use reasonable efforts to promptly file a supplement to the Mailloux Declaration.

**IV.    Professional Compensation**

13.    Epiq seeks to be compensated by the Debtors' estates for professional services

rendered on behalf of the Committee in connection with the Chapter 11 Cases in accordance with

the provisions of the standard services agreement (and pricing schedule annexed thereto) by and

between the Committee and Epiq, a copy of which is annexed hereto as **Exhibit C** (the "Services

Agreement"). The Committee respectfully submits that the rates charged by Epiq are fair and

reasonable and have been negotiated with the Committee.

14.    The Committee respectfully requests that the fees and expenses incurred by Epiq

pursuant to the Services Agreement be treated as administrative expenses of the Debtors' estates

pursuant to section 503(b)(1)(A) and be paid in the ordinary course of business without further

application to or order of the Court. Epiq will provide invoices to the Committee, the Debtors,

and the U.S. Trustee on a monthly basis summarizing in reasonable detail the services rendered

and expenses incurred in connection therewith, and such parties will have ten (10) business days

to advise Epiq of any objections to the monthly invoices. If an objection cannot be resolved, the

6

Committee will schedule a hearing before the Court to consider the disputed invoice. Unless

advised of an objection, the Debtors will pay each Epiq invoice within thirty (30) days after the

ten-day review period, in the ordinary course of business. If an objection is raised to an Epiq

invoice, the Debtors will remit to Epiq only the undisputed portion of the invoice and, if

applicable, will pay the remainder to Epiq upon the resolution of the dispute or as directed by the

Court.

## **BASIS FOR RELIEF**

15.    Subject to this Court's approval, Epiq will render information and noticing

services to the Committee, which is a section 1102(a) committee, thereby enabling the

Committee to comply with its obligations under Bankruptcy Code section 1102(b)(3).

Bankruptcy Code section 1103 provides that a creditors' committee "may select and authorize

the employment by such committee of one or more attorneys, accountants, or other agents, to

represent or perform services for such committee." 11 U.S.C. § 1103(a). Bankruptcy Code

section 1102(b)(3) provides:

A committee appointed under subsection (a) shall—

(A) provide access to information for creditors who—

 (i) hold claims of the kind represented by that committee; and

  (ii) are not appointed to the committee;

(B) solicit and receive comments from the creditors described in
subparagraph (A); and

(C) be subject to a court order that compels any additional report or
disclosure to be made to the creditors described in subparagraph
(A).

16.     The Committee believes that the retention of Epiq to assist the Committee in complying with its obligations under Bankruptcy Code section 1102(b)(3) will add to the effective administration of the Chapter 11 Cases and reduce the overall expense of administering the Chapter 11 Cases. Without Epiq's retention, the Committee's other professionals would be required to perform the informational and solicitation services required under Bankruptcy Code section 1102(b)(3). Because the functions served by Epiq are administrative in nature, the Committee believes there will be a significant cost savings, ultimately inuring to the benefit of the Debtors' estates and their creditors.

17.     Courts in this and other districts have approved the retention of third parties to provide similar services to official committees of unsecured creditors. S*ee e.g., In re Purdue Pharma L.P.*, No. 19-23649 (RDD) (Bankr. S.D.N.Y. Dec. 23, 2019) [Docket No. 699]; *In re EXCO Resources Inc.*, No. 18-30155 (MI) (Bankr. S.D. Tex. March 28, 2018) [Docket No. 557]; *In re FirstEnergy Solutions, Inc.*, No. 18-50757 (AMK) (Bankr. N.D. Ohio June 12, 2018) [Docket No. 727]; *In re Toys "R" Us, Inc.*, No. 17-3466 (KLP) (Bankr. E.D. Va. Dec 27, 2017) [Docket No. 1375]; *In re Westinghouse Electric Co. LLC*, No. 17-10751 (MEW) (Bankr. S.D.N.Y. July 18, 2017) [Docket No. 934].

## MOTION PRACTICE

18.     This Application includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Application. Accordingly, the Committee submits that this Application satisfies Local Rule 9013-1(a).

8

## NOTICE

19.     Notice of this Application has been provided in accordance with the *Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 240] (the "Case Management Order"). The Committee submits that, in light of the nature of the relief requested, no other and further notice need be given.

## NO PRIOR REQUEST

20.     No prior request for the relief sought in this Application has been made in this or any other court.

WHEREFORE, the Committee respectfully requests that the Court enter the an order, substantially in the form of the Proposed Order, authorizing the employment and retention of Epiq as noticing and information agent for the Committee effective as of July 26, 2022, and granting the Committee such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         September 20, 2022

Respectfully submitted,

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF VOYAGER DIGITAL HOLDINGS, INC., *ET AL.*

By:    _____
       Jason Raznick, not in his individual capacity but solely as Chair of the Official Committee of Unsecured Creditors of Voyager Digital Holdings, Inc., *et al.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of September 2022, a true and correct copy of the foregoing *Notice of Application* and *Application for Order Authorizing the Employment and Retention of Epiq Corporate Restructuring, LLC as Noticing and Information Agent for the Official Committee of Unsecured Creditors of Voyager Digital Holdings, Inc., et al., Effective as of July 26, 2022* has been served on the Service List via (i) electronic notification pursuant to the CM/ECF system for the United States Bankruptcy Court for the Southern District of New York, (ii) e-mail, or (iii) First Class U.S. Mail, as indicated in the service list attached hereto.

*/s/ Darren Azman*
Darren Azman

## SERVICE LIST

| Name | Attention | Address 1 | Address 2 | City | State | Zip | Country | Email | Method of Service |
|------|-----------|-----------|-----------|------|-------|-----|---------|-------|-------------------|
| DISTRICT OF COLUMBIA | OFFICE OF THE ATTORNEY GENERAL | 400 6TH STREET NW | | WASHINGTON | DC | 20001 | | OAG@DC.GOV | VIA E-MAIL |
| FRANCINE DE SOUSA | C/O SISKINDS LLP | ATTN: ANTHONY O'BRIEN | 100 LOMBARD STREET SUITE 302 | TORONTO | ON | M5C1M3 | | ANTHONY.OBRIEN@SISKINDS.COM | VIA E-MAIL |
| FRANCINE DE SOUSA | C/O SISKINDS LLP | ATTN: MICHAEL G. ROBB & GARETT M. HUNTER | 275 DUNDAS STREET UNIT 1 | LONDON | ON | N6B3L1 | | MICHAEL.ROBB@SISKINDS.COM GARETT.HUNTER@SISKINDS.COM | VIA E-MAIL |
| GOOGLE, LLC | | 1600 AMPHITHEATRE PKWY | | MOUNTAIN VIEW | CA | 94043 | | COLLECTIONS@GOOGLE.COM | VIA E-MAIL |
| INTERNAL REVENUE SERVICE | | PO BOX 7346 | | PHILADELPHIA | PA | 19101-7346 | | | VIA FIRST CLASS MAIL |
| OFFICE OF THE UNITED STATES TRUSTEE | FOR THE SOUTHERN DIST OF NEW YORK | ATTN: RICHARD C. MORRISSEY, ESQ. AND MARK BRUH, ESQ. | 201 VARICK STREET, ROOM 1006 | NEW YORK | NY | 10014 | | RICHARD.MORRISSEY@USDOJ.GOV MARK.BRUH@USDOJ.GOV | VIA E-MAIL |
| SECURITIES & EXCHANGE COMMISSION | | 100 F STREET NE | | WASHINGTON | DC | 20549 | | SECBANKRUPTCY-OGC-ADO@SEC.GOV | VIA E-MAIL |
| SECURITIES & EXCHANGE COMMISSION | NEW YORK REGIONAL OFFICE | 100 PEARL STREET SUITE 20-100 | | NEW YORK | NY | 10004-2616 | | NYROBANKRUPTCY@SEC.GOV | VIA E-MAIL |
| SECURITIES & EXCHANGE COMMISSION | NEW YORK REGIONAL OFFICE | ATTN: ANDREW CALAMARI REGIONAL DIRECTOR | 200 VESEY STREET SUITE 400 | NEW YORK | NY | 10281-1022 | | BANKRUPTCYNOTICESCHR@SEC.GOV | VIA E-MAIL |
| STATE OF ALABAMA | OFFICE OF THE ATTORNEY GENERAL | 501 WASHINGTON AVE | | MONTGOMERY | AL | 36104 | | CONSUMERINTEREST@ALABAMAAG.GOV | VIA E-MAIL |
| STATE OF ALASKA | OFFICE OF THE ATTORNEY GENERAL | 1031 W 4TH AVE, STE 200 | | ANCHORAGE | AK | 99501 | | ATTORNEY.GENERAL@ALASKA.GOV | VIA E-MAIL |
| STATE OF ARIZONA | OFFICE OF THE ATTORNEY GENERAL | 2005 N CENTRAL AVE | | PHOENIX | AZ | 85004 | | AGINFO@AZAG.GOV | VIA E-MAIL |
| STATE OF ARKANSAS | OFFICE OF THE ATTORNEY GENERAL | 323 CENTER ST, STE 200 | | LITTLE ROCK | AR | 72201 | | OAG@ARKANSASAG.GOV | VIA E-MAIL |
| STATE OF CALIFORNIA | OFFICE OF THE ATTORNEY GENERAL | PO BOX 944255 | | SACRAMENTO | CA | 94244-2550 | | XAVIER.BECERRA@DOJ.CA.GOV | VIA E-MAIL |
| STATE OF COLORADO | OFFICE OF THE ATTORNEY GENERAL | RALPH L. CARR JUDICIAL BUILDING | 1300 BROADWAY, 10TH FL | DENVER | CO | 80203 | | CORA.REQUEST@COAG.GOV | VIA E-MAIL |
| STATE OF CONNECTICUT | OFFICE OF THE ATTORNEY GENERAL | 165 CAPITOL AVENUE | | HARTFORD | CT | 06106 | | ATTORNEY.GENERAL@CT.GOV | VIA E-MAIL |
| STATE OF FLORIDA | OFFICE OF THE ATTORNEY GENERAL | THE CAPITOL PL01 | | TALLHASSEE | FL | 32399 | | ASHLEY.MOODY@MYFLORIDALEGAL.CO | VIA E-MAIL |
| STATE OF GEORGIA | OFFICE OF THE ATTORNEY GENERAL | 40 CAPITOL SQ SW | | ATLANTA | GA | 30334 | | | VIA FIRST CLASS MAIL |
| STATE OF HAWAII | OFFICE OF THE ATTORNEY GENERAL | 425 QUEEN STREET | | HONOLULU | HI | 96813 | | HAWAIIAG@HAWAII.GOV | VIA E-MAIL |
| STATE OF IDAHO | OFFICE OF THE ATTORNEY GENERAL | 700 W. JEFFERSON ST, SUITE 210 | PO BOX 83720 | BOISE | ID | 83720 | | LAWRENCE.WASDEN@AG.IDAHO.GOV AGWASDEN@AG.IDAHO.GOV | VIA E-MAIL |
| STATE OF ILLINOIS | OFFICE OF THE ATTORNEY GENERAL | JAMES R. THOMPSON CENTER | 100 W. RANDOLPH ST | CHICAGO | IL | 60601 | | INFO@LISAMADIGAN.ORG | VIA E-MAIL |
| STATE OF INDIANA | OFFICE OF THE INDIANA ATTORNEY GENERAL | INDIANA GOVERNMENT CENTER SOUTH | 302 W WASHINGTON ST, 5TH FLOOR | INDIANAPOLIS | IN | 46204 | | | VIA FIRST CLASS MAIL |
| STATE OF IOWA | OFFICE OF THE ATTORNEY GENERAL | HOOVER STATE OFFICE BUILDING | 1305 E. WALNUT STREET | DES MOINES | IA | 50319 | | CONSUMER@AG.IOWA.GOV | VIA E-MAIL |
| STATE OF KANSAS | ATTN: ATTORNEY GENERAL DEREK SCHMIDT | 120 SW 10TH AVE, 2ND FLOOR | | TOPEKA | KS | 66612 | | DEREK.SCHMIDT@AG.KS.GOV | VIA E-MAIL |
| STATE OF KENTUCKY | ATTORNEY GENERAL - DANIEL CAMERON | 700 CAPITAL AVENUE, SUITE 118 | | FRANKFORT | KY | 40601 | | | VIA FIRST CLASS MAIL |
| STATE OF LOUISIANA | DEPT. OF JUSTICE - ATTORNEY GENERAL'S OFFICE | 300 CAPITAL DRIVE | | BATON ROUGE | LA | 70802 | | ADMININFO@AG.STATE.LA.US | VIA E-MAIL |
| STATE OF MAINE | OFFICE OF THE ATTORNEY GENERAL | 6 STATE HOUSE STATION | | AUGUSTA | ME | 04333 | | ATTORNEY.GENERAL@MAINE.GOV | VIA E-MAIL |
| STATE OF MARYLAND | OFFICE OF THE ATTORNEY GENERAL | 200 ST. PAUL PLACE | | BALTIMORE | MD | 21202 | | OAG@OAG.STATE.MD.US | VIA E-MAIL |
| STATE OF MASSACHUSETTS | ATTORNEY GENERAL'S OFFICE | 1 ASHBURTON PLACE, 20TH FLOOR | | BOSTON | MA | 02108 | | | VIA FIRST CLASS MAIL |
| STATE OF MICHIGAN | DEPARTMENT OF ATTORNEY GENERAL | 525 W OTTAWA ST | | LANSING | MI | 48906 | | | VIA FIRST CLASS MAIL |
| STATE OF MINNESOTA | OFFICE OF THE ATTORNEY GENERAL | 445 MINNESOTA ST, STE 1400 | | ST. PAUL | MN | 55101 | | ATTORNEY.GENERAL@AG.STATE.MN.US | VIA E-MAIL |
| STATE OF MISSISSIPPI | OFFICE OF THE ATTORNEY GENERAL | WALTER SILLERS BUILDING | 550 HIGH ST, PO BOX 220 | JACKSON | MS | 39201 | | | VIA FIRST CLASS MAIL |
| STATE OF MISSOURI | OFFICE OF THE ATTORNEY GENERAL | SUPREME COURT BUILDING | 207 W HIGH ST | JEFFERSON CITY | MO | 65101 | | CONSUMER.HELP@AGO.MO.GOV | VIA E-MAIL |
| STATE OF MONTANA | OFFICE OF THE ATTORNEY GENERAL | JUSTICE BUILDING, 3RD FLOOR | 215 N SANDERS, PO BOX 201401 | HELENA | MT | 59602 | | CONTACTDOJ@MT.GOV | VIA E-MAIL |
| STATE OF NEBRASKA | OFFICE OF THE ATTORNEY GENERAL | 2115 STATE CAPITOL | | LINCOLN | NE | 68509 | | | VIA FIRST CLASS MAIL |
| STATE OF NEVADA | OFFICE OF THE ATTORNEY GENERAL | OLD SUPREME COURT BUILDING | 100 N CARSON ST | CARSON CITY | NV | 89701 | | | VIA FIRST CLASS MAIL |
| STATE OF NEW HAMPSHIRE | OFFICE OF THE ATTORNEY GENERAL | NH DEPARTMENT OF JUSTICE | 33 CAPITOL ST. | CONCORD | NH | 03301 | | ATTORNEYGENERAL@DOJ.NH.GOV | VIA E-MAIL |
| STATE OF NEW JERSEY | OFFICE OF THE ATTORNEY GENERAL | RICHARD J. HUGHES JUSTICE COMPLEX | 25 MARKET ST 8TH FL, WEST WING BOX 080 | TRENTON | NJ | 08611 | | | VIA FIRST CLASS MAIL |
| STATE OF NEW MEXICO | OFFICE OF THE ATTORNEY GENERAL | 408 GALISTEO STREET | VILLAGRA BUILDING | SANTA FE | NM | 87501 | | HBALDERAS@NMAG.GOV | VIA E-MAIL |
| STATE OF NEW YORK | OFFICE OF THE ATTORNEY GENERAL | THE CAPITOL | 2ND FLOOR | ALBANY | NY | 12224 | | | VIA E-MAIL |
| STATE OF NORTH CAROLINA | OFFICE OF THE ATTORNEY GENERAL | 114 W EDENTON ST | | RALEIGH | NC | 27603 | | | VIA FIRST CLASS MAIL |
| STATE OF NORTH DAKOTA | OFFICE OF THE ATTORNEY GENERAL | STATE CAPITOL, 600 E | DEPT. 125 | BISMARCK | ND | 58505 | | NDAG@ND.GOV | VIA E-MAIL |
| STATE OF OHIO | OFFICE OF THE ATTORNEY GENERAL | STATE OFFICE TOWER | 30 E BROAD ST 14TH FL | COLUMBUS | OH | 43215 | | | VIA FIRST CLASS MAIL |
| STATE OF OKLAHOMA | OFFICE OF THE ATTORNEY GENERAL | 313 NE 21ST ST | | OKLAHOMA CITY | OK | 73105 | | QUESTIONS@OAG.OK.GOV | VIA E-MAIL |
| STATE OF OREGON | OFFICE OF THE ATTORNEY GENERAL | 1162 COURT ST NE | | SALEM | OR | 97301-4096 | | ELLEN.ROSENBLUM@DOG.STATE.OR.US ATTORNEYGENERAL@DOJ.STATE.OR.U | VIA E-MAIL |
| STATE OF PENNSYLVANIA | OFFICE OF THE ATTORNEY GENERAL | STRAWBERRY SQUARE 16TH FL | | HARRISBURG | PA | 17120 | | | VIA FIRST CLASS MAIL |
| STATE OF RHODE ISLAND | OFFICE OF THE ATTORNEY GENERAL | 150 S MAIN ST | | PROVIDENCE | RI | 02903 | | AG@RIAG.RI.GOV | VIA E-MAIL |
| STATE OF SOUTH CAROLINA | OFFICE OF THE ATTORNEY GENERAL | PO BOX 11549 | | COLUMBIA | SC | 29211 | | | VIA FIRST CLASS MAIL |
| STATE OF SOUTH CAROLINA | OFFICE OF THE ATTORNEY GENERAL | REMBERT C. DENNIS BLDG | 1000 ASSEMBLY ST RM 519 | COLUMBIA | SC | 29201 | | | VIA FIRST CLASS MAIL |
| STATE OF SOUTH DAKOTA | OFFICE OF THE ATTORNEY GENERAL | 1302 E HIGHWAY 14, STE 1 | | PIERRE | SD | 57501-8501 | | | VIA FIRST CLASS MAIL |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| STATE OF TENNESSEE | OFFICE OF THE ATTORNEY GENERAL | PO BOX 20207 | | NASHVILLE | TN | 37202-0207 | | VIA FIRST CLASS MAIL |
| STATE OF TEXAS | OFFICE OF THE ATTORNEY GENERAL | 300 W. 15TH ST | | AUSTIN | TX | 78701 | | VIA FIRST CLASS MAIL |
| STATE OF UTAH | OFFICE OF THE ATTORNEY GENERAL | UTAH STATE CAPITOL COMPLEX | 350 NORTH STATE ST STE 230 | SALT LAKE CITY | UT | 84114 | UAG@UTAH.GOV | VIA E-MAIL |
| STATE OF VERMONT | OFFICE OF THE ATTORNEY GENERAL | 109 STATE ST. | | MONTPELIER | VT | 05609 | AGO.INFO@VERMONT.GOV | VIA E-MAIL |
| STATE OF VIRGINIA | OFFICE OF THE ATTORNEY GENERAL | 202 N. NINTH ST. | | RICHMOND | VA | 23219 | MAIL@OAG.STATE.VA.US | VIA E-MAIL |
| STATE OF WASHINGTON | OFFICE OF THE ATTORNEY GENERAL | 1125 WASHINGTON ST SE | | OLYMPIA | WA | 98501 | | VIA FIRST CLASS MAIL |
| STATE OF WASHINGTON | OFFICE OF THE ATTORNEY GENERAL | PO BOX 40100 | | OLYMPIA | WA | 98504-00 | | VIA FIRST CLASS MAIL |
| STATE OF WEST VIRGINIA | OFFICE OF THE ATTORNEY GENERAL | STATE CAPITOL, 1900 KANAWHA | BUILDING 1 RM E-26 | CHARLESTON | WV | 25305 | CONSUMER@WVAGO.GOV | VIA E-MAIL |
| STATE OF WISCONSIN | OFFICE OF THE ATTORNEY GENERAL | 17 WEST MAIN STREET, ROOM 114 EAST P | | MADISON | WI | 53702 | | VIA FIRST CLASS MAIL |
| STATE OF WYOMING | OFFICE OF THE ATTORNEY GENERAL | 109 STATE CAPITOL | | CHEYENNE | WY | 82002 | | VIA FIRST CLASS MAIL |
| TORONTO STOCK EXCHANGE | | 300 - 100 ADELAIDE ST. | | WEST TORONTO | ON | M5H 1S3 | WEBMASTER@TMX.COM | VIA FIRST CLASS MAIL |
| UNITED STATES ATTORNEY'S OFFICE | SOUTHERN DISTRICT OF NEW YORK | ONE ST. ANDREWS PLAZA | | NEW YORK | NY | 10007 | | VIA FIRST CLASS MAIL |
| UNITED STATES DEPARTMENT OF | ATTORNEY GENERAL OF THE U.S. | 950 PENNSYLVANIA AVE, NW | | WASHINGTON | DC | 20530-0001 | | VIA FIRST CLASS MAIL |
| KELLEHER PLACE MANAGEMENT, LLC | HORWOOD MARCUS & BERK CHARTERED | 500 W. MADISON ST. | SUITE 3700 | CHICAGO | IL | 60661 | AHAMMER@HMBLAW.COM; NDELLMAN@HMBLAW.COM | VIA ECF |
| METROPOLITAN COMMERCIAL BANK | BALLARD SPAHR LLP | 200 IDS CENTER | 80 SOUTH 8TH STREET | MINNEAPOLIS | MN | 55402-2119 | SINGERG@BALLARDSPAHR.COM | VIA E-MAIL |
| METROPOLITAN COMMERCIAL BANK | WACHTELL, LIPTON, ROSEN & KATZ | 51 WEST 52ND STREET | | NEW YORK | NY | 10019-6150 | RGMASON@WLRK.COM ARWOLF@WLRK.COM AKHERRING@WLRK.COM | VIA E-MAIL VIA E-MAIL VIA E-MAIL |
| JASON RAZNICK | JAFFE RAITT HEUER & WEISS, P.C. | 27777 FRANKLIN ROAD | SUITE 2500 | SOUTHFIELD | MI | 48034 | PHAGE@JAFFELAW.COM | VIA ECF |
| STEVE LAIRD | FORSHEY & PROSTOK LLP | 777 MAIN STREET | SUITE 1550 | FORT WORTH | TX | 76102 | BFORSHEY@FORSHEYPROSTOK.COM | VIA ECF |
| ORACLE AMERICA, INC. | BUCHALTER, A PROFESSIONAL CORPORA | 425 MARKET ST. | SUITE 2900 | SAN FRANCISCO | CA | 94105 | SCHRISTIANSON@BUCHALTER.COM | VIA ECF |
| ALAMEDA RESEARCH LLC & AFFILIATES | SULLIVAN & CROMWELL LLP | 125 BROAD STREET | | NEW YORK | NY | 10004 | DIETDERICHA@SULLCROM.COM GLUECKSTEINB@SULLCROM.COM BELLERB@SULLCROM.COM | VIA ECF VIA ECF VIA E-MAIL |
| VOYAGER DIGITAL HOLDINGS, INC., ET AL. | KIRKLAND & ELLIS LLP KIRKLAND & ELLIS INTERNATIONAL LLP | 601 LEXINGTON AVENUE | | NEW YORK | NY | 10022 | JSUSSBERG@KIRKLAND.COM CMARCUS@KIRKLAND.COM CHRISTINE.OKIKE@KIRKLAND.COM ALLYSON.SMITH@KIRKLAND.COM | VIA ECF VIA E-MAIL VIA E-MAIL VIA E-MAIL |
| EMERALD OCEAN ISLE, LLC, AMANO GLOBAL HOLDINGS, INC., SHINGO LAVINE, AND ADAM LAVINE | C/O GOLDSTEIN & MCCLINKOCK LLLP | ATTN: MATTHEW E. MCCLINTOCK, HARLEY GOLDSTEIN, AND STEVE YACHIK | 111 W WASHINGTON STREET SUITE 1221 | CHICAGO | IL | 60602 | MATTM@GOLDMCLAW.COM HARLEYG@RESTRUCTURINGSHOP.COM STEVENY@GOLDMCLAW.COM | VIA E-MAIL VIA E-MAIL VIA E-MAIL |
| EMERALD OCEAN ISLE, LLC, AMANO GLOBAL HOLDINGS, INC., SHINGO LAVINE, AND ADAM LAVINE | C/O LAW OFFICES OF DOUGLAS T. TABACHNIK, P.C. | ATTN: DOUGLAS T. TABACHNIK | 63 WEST MAIN STREET SUITE C | FREEHOLD | NJ | 07728-2141 | DTABACHNIK@DTTLAW.COM | VIA ECF |
| MATTHEW EDWARDS | C/O LIZ GEORGE AND ASSOCIATES | ATTN: LYSBETH GEORGE | 8101 S. WALKER SUITE F | OKLAHOMA CITY | OK | 73139 | GEORGELAWOK@GMAIL.COM | VIA ECF |
| TEXAS STATE SECURITIES BOARD | OFFICE OF THE ATTORNEY GENERAL OF TEXAS | ATTN: ABIGAIL R RYAN, LAYLA D MILLIGAN & JASON B BINFORD | BANKRUPTCY & COLLECTIONS DIVISION PO BOX 12548 | AUSTIN | TX | 78711-2548 | ABIGAIL.RYAN@OAG.TEXAS.GOV LAYLA.MILLIGAN@OAG.TEXAS.GOV JASON.BINFORD@OAG.TEXAS.GOV | VIA E-MAIL VIA E-MAIL VIA E-MAIL |
| OFFICE OF THE ATTORNEY GENERAL OF TEXAS | | ATTN: ROMA N. DESAI | BANKRUPTCY & COLLECTIONS DIVISION PO BOX 12548 | AUSTIN | TX | 78711-2548 | ROMA.DESAI@OAG.TEXAS.GOV | VIA ECF |
| OFFICE OF THE ATTORNEY GENERAL | BANKRUPTCY DIVISION | ATTN: MARVIN E. CLEMENTS, JR. | BANKRUPTCY DIVISION P O BOX 20207 | NASHVILLE | TN | 37202-0207 | AGBANKNEWYORK@AG.TN.GOV | VIA ECF |
| VERMONT DEPARTMENT OF FINANCIAL REGULATION | ASSISTANT GENERAL COUNSEL | ATTN: JENNIFER ROOD | 89 MAIN STREET THIRD FLOOR | MONTPELIER | VT | 05620 | JENNIFER.ROOD@VERMONT.GOV | VIA ECF |
| ROBERT SNYDERS & LISA SNYDERS | C/O JOHNSON, POPE, BOKOR, RUPPEL & BURNS, LLP | ATTN: ANGELINA E. LIM | 401 E JACKSON STREET SUITE 3100 | TAMPA | FL | 33602 | ANGELINAL@JPFIRM.COM | VIA ECF |
| MICHAEL LEGG | C/O MCCARTHY, LEBIT, CRYSTAL & LIFFMAN CO | ATTN: ROBERT R. KRACHT & NICHOLAS R. OLESKI | 1111 SUPERIOR AVENUE EAST SUITE 2700 | CLEVELAND | OH | 44114 | RRK@MCCARTHYLEBIT.COM NRO@MCCARTHYLEBIT.COM | VIA E-MAIL VIA ECF |
| MICHAEL GENTSCH | C/O BARSKI LAW PLC | ATTN: CHRIS D. BARSKI | 9375 E. SHEA BLVD. STE 100 | SCOTTSDALE | AZ | 85260 | CBARSKI@BARSKILAW.COM | VIA ECF |
| ILLINOIS SECRETARY OF STATE | C/O OFFICE OF THE ATTORNEY GENERAL | ATTN: JOHN P. REDING | 100 W. RANDOLPH ST FLOOR 13 | CHICAGO | IL | 60601 | JOHN.REDING@ILAG.GOV | VIA ECF |
| MATTHEW LEVITT | C/O MCGRAIL & BENSINGER LLP | ATTN: ILANA VOLKOV | 888-C 8TH ABENUE #107 | NEW YORK | NY | 10019 | IVOLKOV@MCGRAILBENSINGER.COM | VIA ECF |
| GEORGIA DEPARTMENT OF BANKING AND FINANCE | | ATTN: NATHAN HOVEY, ASSISTANT ATTORNEY GENERAL | DEPARTMENT OF LAW 40 CAPITOL SQUARE SW | ATLANTA | GA | 30334 | NHOVEY@LAW.GA.GOV | VIA ECF |
| MARK CUBAN AND DALLAS BASKETBALL LIMITED, D/B/A DALLAS MAVERICKS | C/O BROWN RUDNICK LLP | ATTN: SIGMUND S. WISSNER-GROSS ESQ. & KENNETH J. AULET | SEVEN TIMES SQUARE | NEW YORK | NY | 10036 | SWISSNER-GROSS@BROWNRUDNICK.COM KAULET@BROWNRUDNICK.COM | VIA ECF VIA E-MAIL |
| MARK CUBAN AND DALLAS BASKETBALL LIMITED D/B/A DALLAS MAVERICKS. | C/O BROWN RUDNICK LLP | ATTN: STEPHEN A. BEST ESQ & RACHEL O. WOLKINSON, ESQ | 601 THIRTEENTH STREET NW SUITE 600 | WASHINGTON | DC | 2005 | SBEST@BROWNRUDNICK.COM RWOLKINSON@BROWNRUDNICK.COM | VIA E-MAIL VIA E-MAIL |
| ED BOLTON | C/O AKERMAN LLP | ATTN: R. ADAM SWICK, JOHN H. THOMPSON, JOANNE GELFAND | 1251 AVENUE OF THE AMERICAS, 37TH FL | NEW YORK | NY | 10020 | ADAM.SWICK@AKERMAN.COM; JOHN.THOMPSON@AKERMAN.COM; JOANNE.GELFAND@AKERMAN.COM | VIA ECF VIA ECF VIA ECF |
| JON GIACOBBE | C/O AKERMAN LLP | ATTN: A. MANNY ALICANDRO | 11 BROADWAY, SUITE 615 | NEW YORK | NY | 10004 | MANNY@ALICANDROLAWOFFICE.COM | VIA ECF |
| WELLS FARGO BANK, N.A. | C/O ALDRIDGE PITE, LLP | ATTN: GREGORY WALLACH | FIFTEEN PIEDMONT CENTER 3575 PIEDMONT ROAD, N.E. | ATLANTA | GA | 30305 | GWALLACH@ALDRIDGEPITE.COM | VIA ECF |
| AD HOC GROUP OF EQUITY INTEREST HOLDERS | C/O KILPATRICK TOWNSEND & STOCKTON LLP | ATTN: DAVID M. POSNER & KELLY E. MOYNIHAN | THE GRACE BUILDING 1114 AVENUE OF THE | NEW YORK | NY | 10036 | DPOSNER@KILPATRICKTOWNSEND.COM KMOYNIHAN@KILPATRICKTOWNSEND.C OM | VIA E-MAIL VIA E-MAIL |
| AD HOC GROUP OF EQUITY INTEREST HOLDERS | C/O KILPATRICK TOWNSEND & STOCKTON LLP | ATTN: PAUL M. ROSENBLATT | 1100 PEACHTREE STREET NE SUITE 2800 | ATLANTA | GA | 30309 | PROSENBLATT@KILPATRICKTOWNSEND. COM | VIA E-MAIL |
| PIERCE ROBERTSON | C/O PACHULSKI STANG ZIEHL & JONES LLP | ATTN: RICHARD M. PACHULSKI, ALAN J. KORNFELD, DEBRA I. GRASSGREEN, AND JASON H. ROSELL | 10100 SANTA MONICA BLVD 13TH FLOOR | LOS ANGELES | CA | 90067 | RPACHULSKI@PSZJLAW.COM AKORNFELD@PSZJLAW.COM DGRASSGREEN@PSZJLAW.COM JROSELL@PSZJLAW.COM | VIA E-MAIL VIA E-MAIL VIA E-MAIL VIA ECF |

# <u>EXHIBIT A</u>

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF EPIQ
CORPORATE RESTRUCTURING, LLC AS NOTICING AND
INFORMATION AGENT FOR THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF VOYAGER DIGITAL
HOLDINGS, *ET AL.*, EFFECTIVE AS OF JULY 26, 2022**

Upon the application (the "Application")[2] of the Official Committee of Unsecured

Creditors (the "Committee") appointed in the above-captioned chapter 11 cases (the "Chapter

11 Cases") of Voyager Digital Holdings, Inc., *et al.* (collectively, the "Debtors") for entry of an

order (this "Order") authorizing the Committee to employ Epiq as noticing and information

agent for the Committee, effective as of July 26, 2022, all as more fully set forth in the

Application; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334 and the Amended Standing Order of Reference from the United States District Court

for the Southern District of New York, entered February 1, 2012; and this Court having the

power to enter a final order consistent with Article III of the United States Constitution; and this

Court having found that venue of this proceeding and the Application in this district is proper

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Voyager Digital Holdings, Inc.'s and Voyager Digital Ltd.'s principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003. Voyager Digital, LLC's principal place of business is 701 S. Miami Ave, 8th Floor, Miami, FL 33131.

[2]    Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in

the Application is in the best interests of the Debtors' estates, their creditors, and other parties in

interest; and this Court having found that the Committee's notice of the Application and

opportunity for a hearing on the Application were appropriate under the circumstances and no

other notice need be provided; and this Court having reviewed the Application and having heard

the statements in support of the relief requested therein at a hearing before this Court (the

"Hearing"); and this Court having determined that the legal and factual bases set forth in the

Application and at the Hearing establish just cause for the relief granted herein; and upon all of

the proceedings had before this Court; and after due deliberation and sufficient cause appearing

therefor, it is HEREBY ORDERED THAT:

1.      The Application is granted to the extent provided herein.

2.      The Committee is authorized to employ and retain Epiq as its noticing and

information agent in the Chapter 11 Cases, effective as of July 26, 2022, for the purposes set

forth in the Application and the Mailloux Declaration.

3.      The Debtors are authorized and directed to compensate Epiq on a monthly basis

in accordance with the terms and conditions of the Services Agreement, upon Epiq's submission

to the Committee, the Debtors, and the U.S. Trustee of monthly invoices summarizing in

reasonable detail the services rendered and expenses incurred in connection therewith.

4.      The Committee, the Debtors, and the U.S. Trustee shall have ten (10) business

days to advise Epiq of any objections to the monthly invoices. If a timely objection is raised to

an Epiq invoice, the Debtors will remit to Epiq only the undisputed portion of the invoice and, if

applicable, will pay the remainder to Epiq upon the resolution of the dispute. All objections that

are not resolved by the parties shall be preserved and presented to the Court by the objecting

2

party at the next interim or final fee application hearing to be heard by the Court. For the

avoidance of doubt, under no circumstances shall any of the compensation or expense

reimbursement obligations be an obligation of, or paid by, the Committee or any of its members

or professionals.

5.      Epiq shall use its reasonable best efforts to avoid any duplication of services

provided by any of the Debtors' or the Committee's other retained professionals in the Chapter

11 Cases.

6.      To the extent the terms of this Order are in any way inconsistent with the

Services Agreement and this Order, the terms of this Order shall govern.

7.      The Committee is authorized to take all actions necessary to effectuate the relief

granted pursuant to this Order in accordance with the Application.

8.      The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

9.      Notwithstanding any stay that might be imposed by Bankruptcy Rule 6004(h) or

otherwise, the terms and conditions of this Order shall be immediately effective and enforceable

upon its entry.

10.     The Court retains jurisdiction with respect to all matters arising from or related to

the interpretation and implementation of this Order.

      11.     Notice of the Application as provided herein shall be deemed good and sufficient notice of the Application.

Dated:      _____, 2022
            New York, New York

                     _____
                     HONORABLE MICHAEL E. WILES
                     UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT B**

**Mailloux Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**DECLARATION OF KATE MAILLOUX IN SUPPORT OF THE APPLICATION
FOR ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF EPIQ
CORPORATE RESTRUCTURING, LLC AS NOTICING AND INFORMATION
AGENT FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
EFFECTIVE AS OF JULY 26, 2022**

I, Kate Mailloux, do hereby declare under penalty of perjury that the following is true

and correct to the best of my knowledge, information, and belief:

1.     I am a Senior Director of Epiq Corporate Restructuring, LLC ("Epiq"),[2] and I

am authorized to make and submit this declaration (the "Declaration") on behalf of Epiq. This

Declaration is submitted in support of the application of the Official Committee of Unsecured

Creditors (the "Committee") of Voyager Digital Holdings, Inc., *et al.* (collectively, the

"Debtors") in the above-captioned jointly administered chapter 11 cases (the "Chapter 11

Cases"), to retain Epiq as its noticing and information agent, effective as of July 26, 2022 (the

"Application"). The statements contained herein are based upon personal knowledge.[3]

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC
(8013). The location of the Voyager Digital Holdings, Inc.'s and Voyager Digital Ltd.'s principal place of
business is 33 Irving Place, Suite 3060, New York, NY 10003. Voyager Digital, LLC's principal place of
business is 701 S. Miami Ave, 8th Floor, Miami, FL 33131.

[2]    Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Application.

[3]    Certain of the disclosures herein relate to matters within the knowledge of other professionals at Epiq and are
based on information provided by them.

2.      Epiq is one of the country's leading chapter 11 administrators with expertise in noticing, claims processing, balloting, and distribution. In the normal course of its business, Epiq is often called upon to create websites for the purpose of providing access to information to creditors. Epiq is well-qualified to provide the Committee and the Debtors' creditors with access to information in connection with these cases. Large chapter 11 cases in which Epiq has provided services similar to those which the Committee seeks to retain Epiq to provide in the Chapter 11 Cases include: *See, e.g. In re Sanchez Energy Corp.*, Case No. 19-34508 (Bankr. S.D. Tex. November 15, 2019) [Docket No. 591]; *In re Exco Resources, Inc.*, Case No. 18-30155 (Bankr. S.D. Tex. March 28, 2018) [Docket No. 557]; *In re FirstEnergy Solutions, Inc.*, Case No. 18-50757 (Bankr. N.D. Ohio June 12, 2018) [Docket No. 727]; *In re Toys "R" Us, Inc.*, Case No. 17-34665 (Bankr. E.D. Va. Dec. 27, 2017) [Docket No. 1375]; *In re Westinghouse Electric Co. LLC*, Case No. 17-10751 (Bankr. S.D.N.Y. July 18, 2017) [Docket No. 934]; *In re Magnum Hunter Resources Corp.*, Case No. 15-12533 (Bankr. D. Del. Jan. 27, 2016) [Docket No. 404]; *In re Energy Future Holdings Corp.*, Case No. 14-10979 (Bankr. D. Del. Apr. 29, 2014) [Docket No. 3240].

3.      The Committee selected Epiq to serve as its noticing and information agent for these cases, as set forth in more detail in the Application filed contemporaneously herewith. I authorized our conflicts system to review the names of all known potential parties in interest (the "Potential Parties in Interest") in the Chapter 11 Cases. The list of Potential Parties in Interest was provided by the Debtors and included, among other parties, the Debtors, directors and officers of the Debtors, equity interest holders, secured creditors, and the Debtors' largest unsecured creditors. Epiq's professionals under my supervision compiled and reviewed the

results of the conflicts check. As set forth in further detail herein, Epiq is not currently aware of

any relationship that would present a disqualifying conflict of interest.

4.     To the extent that Epiq's conflicts check has revealed that certain Potential

Parties in Interest were current or former clients of Epiq, these parties have been identified on a

list annexed hereto as Schedule 1 (the "Client Match List"). However, given Epiq's neutral

position as noticing and information agent for any parties listed on the Client Match List, Epiq

does not view such relationships as real or potential conflicts. Further, to the best of my

knowledge, any such relationship between Epiq and any parties on the Client Match List is

completely unrelated to these Chapter 11 Cases. Should Epiq discover any new relevant facts or

relationships bearing on the matters described herein during the period of its retention, Epiq will

use reasonable efforts to promptly file a supplemental declaration.

5.     To the best of my knowledge, based solely upon information provided to me by

the Committee, and except as provided herein, neither Epiq, nor any employee thereof, has any

materially adverse connection to the Committee or the Debtors' estates with respect to any

matter upon which Epiq is to be engaged. Epiq may have relationships with certain of the

Committee members, the Debtors or the Debtors' creditors as vendors or in connection with

chapter 11 cases in which Epiq serves or has served in a neutral capacity as noticing, claims,

balloting, or information agent for other chapter 11 debtors.

6.     In addition, Epiq personnel may have relationships with some of the Committee

members, the Debtors, the Debtors' creditors, or other parties-in-interest. However, to the best

of my knowledge, such relationships, to the extent they exist, are of a personal nature and

unrelated to the Chapter 11 Cases. In addition, Epiq has, had, and will continue to have,

relationships in the ordinary course of its business with certain vendors, professionals, and other

parties-in-interest that may be Debtors or involved in the Debtors' cases in matters unrelated to

the Chapter 11 Cases. Epiq may also provide professional services to entities or persons that

may be Debtors, creditors, or parties-in-interest in the Chapter 11 Cases, which services do not

directly relate to, or have any direct connection with, the Chapter 11 Cases or the Committee.

To the best of my knowledge, and except as provided herein, neither Epiq, nor any employees

thereof, represents any interest materially adverse to the Committee or the Debtors' estates with

respect to any matter upon which Epiq is to be engaged. Based on the foregoing, and except as

provided herein, I believe that Epiq is a "disinterested person" as that term is defined in

Bankruptcy Code section 101(14).

7.       Epiq shares a corporate parent with certain companies that provide integrated

technology products and services to the legal profession for electronic discovery, class action

settlements, financial transactions, chapter 7 and 13 bankruptcy, litigation, and regulatory

compliance. Given the legal and operational separateness of Epiq from its affiliates and the

administrative nature of the services performed by such companies, Epiq does not believe that a

conflict would arise solely from any relationship or claim of an Epiq affiliate or its corporate

parent.

4

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is

true and correct to the best of my information, knowledge and belief.

Dated:  September 26, 2022
       New York, New York

                                           */s/ Kate Mailloux*
                                           Kate Mailloux
                                           Senior Director

5

**Schedule 1**

**Client Match List**

| Name | Relationship to Debtor |
| --- | --- |
| AMAZON | Vendor, Contract Counterparty |
| AMERICAN AIRLINES | Vendor |
| APPLE INC. | Vendor |
| BMO | Debtor Bank Accounts |
| DELOITTE TAX LLP / DELOITTE & TOUCHE | Tax Professional |
| DELTA AIRLINES | Vendor |
| GOOGLE, LLC. | Vendor |
| INTUIT | Vendor |
| JETBLUE AIRWAYS | Vendor |
| KIRKLAND & ELLIS LLP | Vendor, Bankruptcy Professional |
| MICROSOFT | Vendor |
| NATIONAL WOMEN'S SOCCER LEAGUE, LLC | Vendor, Contract Counterparty |
| NOMURA INTERNATIONAL PLC. | Transaction Counterparty |
| PAYPAL TRANSACTION - INNOVATIVEC | Vendor |
| STATE OF CALIFORNIA | Taxing Authority / Government / Regulatory Agency |
| STATE OF CONNECTICUT | Taxing Authority / Government / Regulatory Agency |
| STATE OF OKLAHOMA | Taxing Authority / Government / Regulatory Agency |
| STATE OF OREGON | Taxing Authority / Government / Regulatory Agency |
| STATE OF TEXAS | Taxing Authority / Government / Regulatory Agency |
| TWITTER, INC. | Vendor |
| UBER | Vendor |
| UNITED AIRLINES | Vendor |
| UPS | Vendor |
| VERIZON WIRELESS | Vendor, Utilities |

**<u>EXHIBIT C</u>**

**Services Agreement**



# EPIQ CORPORATE RESTRUCTURING

## 1.    STANDARD SERVICES AGREEMENT

This Standard Services Agreement is being entered into by and between the undersigned parties, referred to herein as "Epiq" and "Client" as of the Effective Date, as defined below.  In consideration of the premises herein contained and of other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

## 2.    General Terms and Conditions

**1.  <u>Services.</u>**

In accordance with the charges, terms and conditions contained in this agreement and in the schedule(s) attached hereto (collectively, the "<u>Agreement</u>"), Epiq agrees to furnish Client with the services set forth on the <u>Services Schedule</u> hereto (the "<u>Services</u>") in connection with a corporate restructuring.  Services will be provided on an as needed basis and upon request or agreement of Client. Charges for the Services will be based on the pricing schedule provided to Client hereto (the "<u>Pricing Schedule</u>").  The Pricing Schedule sets forth individual unit pricing for each of the Services provided by Epiq and represents a bona fide proposal for that Service.  Client may request separate Services or all of the Services reflected in the Pricing Schedule.

**2.  <u>Term.</u>**

This Agreement shall become effective on the date of its acceptance by both Epiq and Client; provided, however, Epiq acknowledges that Bankruptcy Court approval of its engagement may be required in order for Epiq to be engaged in a chapter 11 proceeding.  The Agreement shall remain in effect until terminated: (a) by Client, on thirty (30) days' prior written notice to Epiq and, to the extent Epiq has been retained by Bankruptcy Court order, entry of an order of the Bankruptcy Court discharging Epiq; or (b) by Epiq, on ninety (90) days' prior written notice to Client and, to the extent Epiq has been retained by Bankruptcy Court order, entry of an order of the Bankruptcy Court discharging Epiq.

**3.  <u>Charges.</u>**

3.1    For the Services and materials furnished by Epiq under this Agreement, Client shall pay the fees, charges and costs set forth in the Pricing Schedule subject to any previously agreed upon discount if applicable.  Epiq will bill Client monthly.  All invoices shall be due and payable upon receipt.

3.2    Epiq reserves the right to make reasonable increases to the unit prices, charges and professional service rates reflected in the Pricing Schedule on an annual basis effective



January 2, 2023.  If such annual increases exceed 10% from the prior year's level, Epiq shall provide sixty (60) days' prior written notice to Client of such proposed increases.

3.3    Client agrees to pay Epiq for all materials necessary for performance of the Services under this Agreement (other than computer hardware and software) and any reasonable out of pocket expenses including, without limitation, transportation, long distance communications, printing, photocopying, fax, postage and related items.

3.4    Client shall pay or reimburse all taxes applicable to services performed under this Agreement and, specifically, taxes based on disbursements made on behalf of Client, notwithstanding how such taxes may be designated, levied or based.  This provision is intended to include sales, use and excise taxes, among other taxes, but is not intended to include personal property taxes or taxes based on net income of Epiq.

3.5    Client shall pay to Epiq any actual charges (including fees, costs and expenses as set forth in the Pricing Schedule) related to, arising out of or resulting from any Client error or omission.  Such charges may include, without limitation, print or copy re-runs, supplies, long distance phone calls, travel expenses and overtime expenses for work chargeable at the rates set forth on the Pricing Schedule.

3.6    In the event of termination pursuant to Section 2 hereof, Client shall be liable for all amounts then accrued and/or due and owing to Epiq under the Agreement.

## 4.    <u>Confidentiality.</u>

Client data provided to Epiq during the term of this Agreement in connection with the Services ("<u>Client Data</u>") shall be maintained confidentially by Epiq in the same manner and to the same level as Epiq safeguards data relating to its own business; <u>provided</u>, <u>however</u>, that if Client Data is publicly available, was already in Epiq's possession or known to it, was required to be disclosed by law, was independently developed by Epiq without use or reference to any Client Data, or was rightfully obtained by Epiq from a third party, Epiq shall bear no responsibility for public disclosure of such data. Client agrees that Epiq shall not be liable for damages or losses of any nature whatsoever arising out of the unauthorized acquisition or use of any Client Data or other Client materials provided to Epiq in the performance of this Agreement.

## 5.    <u>Title to Property.</u>

Epiq reserves all property rights in and to all materials, concepts, creations, inventions, works of authorship, improvements, designs, innovations, ideas, discoveries, know-how, techniques, programs, systems and other information, including, without limitation, data processing programs, specifications, applications, processes, routines, sub-routines, procedural manuals and documentation furnished or developed by Epiq for itself or for use by Client (collectively, the "<u>Property</u>").  Charges paid by Client



do not vest in Client any rights to the Property, it being expressly understood that the Property is made available to Client under this Agreement solely for Client's use during and in connection with each use of the Epiq equipment and services.  Client agrees not to copy or permit others to copy any of the Property.

## 6.   Disposition of Data.

6.1    Client is responsible for the accuracy of the programs and Client Data it provides or gives access to Epiq and for the output resulting from such data.  Client shall initiate and maintain backup files that would allow Client to regenerate or duplicate all programs and Client Data which Client provides or gives access to Epiq.  Client agrees, represents and warrants to Epiq that, prior to delivery of any Client Data to Epiq, it has full authority to deliver Client Data to Epiq.  Client agrees, represents and warrants to Epiq that it has obtained binding consents, permits, licenses and approvals from all necessary persons, authorities or individuals, and has complied with all applicable policies, regulations and laws, required by Client, in order to allow Epiq to use all Client Data delivered to it in connection with its Services. Epiq shall not be liable for, and Client accepts full responsibility for, any liability or obligation with respect to Client Data prior to Epiq's receipt, including without limitation, any liability arising during the delivery of Client Data to Epiq.

6.2    Any Client Data, programs, storage media or other materials furnished by Client to Epiq in connection with this Agreement (collectively, the "Client Materials") may be retained by Epiq until the services provided pursuant to this Agreement are paid for in full, or until this Agreement is terminated with the services provided herein having been paid for in full.  Client shall remain liable for all out of pocket charges incurred by Epiq under this Agreement as a result of any Client Materials maintained by Epiq.  Epiq shall dispose of Client Materials in the manner requested by Client (except to the extent disposal may be prohibited by law).  Client agrees to pay Epiq for reasonable expenses incurred as a result of the disposition of Client Materials.  Epiq reserves the right to dispose of any Client Materials if this Agreement is terminated without Client's direction as to the return or disposal of Client Materials or Client has not paid all charges due to Epiq for a period of at least ninety (90) days; provided, however, Epiq shall provide Client with thirty (30) days' prior written notice of its intent to dispose of such data and media.

## 7.   Indemnification.

Client shall indemnify, defend and hold Epiq, its affiliates, parent, and each such entity's officers, members, directors, agents, representatives, managers, consultants and employees (each an "Indemnified Person") harmless from and against any and all losses, claims, damages, liabilities, costs (including, without limitation, costs of preparation and attorneys' fees) and expenses as incurred (collectively, "Losses"), to which any Indemnified Person may become subject or involved in any capacity arising out of or relating to this Agreement or Epiq's rendering of services pursuant hereto, regardless of whether any of such Indemnified Persons is a party thereto, other than Losses resulting solely from Epiq's gross negligence or willful misconduct.  Without limiting the generality of the foregoing, "Losses" includes any liabilities resulting from claims by third persons against any Indemnified Person.  Client and Epiq shall notify the other party in writing promptly of the



commencement, institution, threat, or assertion of any claim, action or proceeding of which Client is aware with respect to the services provided by Epiq under this Agreement.  Such indemnity shall remain in full force and effect regardless of any investigation made by or on behalf of Client, and shall survive the termination of this Agreement until the expiration of all applicable statutes of limitation with respect to Epiq's liabilities.

## 8. <u>Limitation of Liability</u>

NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THIS AGREEMENT, THIS SECTION SHALL CONTROL.

(a) EACH PARTY AND ITS RESPECTIVE AGENTS SHALL NOT HAVE ANY OBLIGATION OR LIABILITY TO THE OTHER PARTY OR TO ANY THIRD PARTY (WHETHER IN TORT, EQUITY, CONTRACT, WARRANTY OR OTHERWISE AND NOTWITHSTANDING ANY FAULT, NEGLIGENCE, PRODUCT LIABILITY, OR STRICT LIABILITY IN ACCORDANCE WITH APPLICABLE LAW, RULE OR REGULATION) FOR ANY INDIRECT, GENERAL, PUNITIVE, INCIDENTAL, SPECIAL, OR CONSEQUENTIAL DAMAGES, INCLUDING BUT NOT LIMITED TO BUSINESS INTERRUPTION, LOST WAGES, BUSINESS OR PROFITS, OR LOSS OF DATA INCURRED BY CLIENT OR ANY OTHER PERSON, ARISING OUT OF RELATING TO THIS AGREEMENT, OR ANY USE, INABILITY TO USE OR RESULTS OF USE OF THE SERVICES OR SOFTWARE OR OTHERWISE, EVEN IF SUCH PARTY WAS ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

(b) EPIQ SHALL NOT BE LIABLE TO CLIENT FOR ANY LOSSES REGARDLESS OF THEIR NATURE THAT ARE CAUSED BY OR RELATED TO A FORCE MAJEURE EVENT.

(c) THE TOTAL LIABILITY OF EACH PARTY AND ITS AGENTS TO THE OTHER PARTY OR TO ANY THIRD PARTY FOR ALL LOSSES ARISING OUT OF OR RELATING TO THIS AGREEMENT, OR THE SERVICES SHALL NOT EXCEED THE TOTAL AMOUNT PAID BY THE CLIENT TO EPIQ FOR THE PARTICULAR SERVICES WHICH GAVE RISE TO THE LOSSES IN THE IMMEDIATE SIX (6) MONTHS PRIOR TO THE DATE OF THE ACTION GIVING RISE TO THE ALLEGED LOSS.

## 9. <u>Representations / Warranties.</u>

Epiq makes no representations or warranties, express or implied, including, without limitation, any implied or express warranty of merchantability, suitability, fitness or adequacy for a particular purpose or use, quality, productiveness or capacity.



## 10. Confidential On-Line Workspace

Upon request of Client, Epiq shall be authorized to: (a) establish a confidential on-line workspace with an outside vendor in connection with the provision of its services to Client pursuant to this Agreement; and (b) with the consent of Client and/or its designees, publish documents and other information to such confidential workspace. By publishing documents and other information to this confidential workspace in accordance with the foregoing, Epiq shall not be considered in violation of any of the provisions of this Agreement, including, but not limited to, Section 4 (Confidentiality).

## 11. General

11.1 No waiver, alteration, amendment or modification of any of the provisions of this Agreement shall be binding upon either party unless signed in writing by a duly authorized representative of both parties.

11.2 This Agreement may not be assigned by Client without the express written consent of Epiq, which consent shall not be unreasonably withheld. The services provided under this Agreement are for the sole benefit and use of Client, and shall not be made available to any other persons.

11.3 This Agreement shall be governed by the laws of the State of New York, without regard to that state's provisions for choice of law. Client and Epiq agree that any controversy or claim arising out of or relating to this Agreement or the alleged breach thereof shall be settled by mandatory, final and binding arbitration before the American Arbitration Association in New York, New York and such arbitration shall comply with and be governed by the rules of the American Arbitration Association, provided that each party may seek interim relief in court as it deems necessary to protect its confidential information and intellectual property rights. Any arbitration award rendered pursuant to this provision shall be enforceable worldwide.

11.4 The parties hereto agree that this Agreement is the complete and exclusive statement of the agreement between the parties which supersedes all proposals or prior agreements, oral or written, and all other communications between the parties relating to the subject matter of this Agreement.

11.5 Client will use its best efforts to cooperate with Epiq at Client's facilities if any portion of the Services requires its physical presence thereon.

11.6 In no event shall Epiq's Services constitute or contain legal advice or opinion, and neither Epiq nor its personnel shall be deemed to practice law hereunder.

11.7 Except for Client's obligation to pay fees, expenses and charges hereunder when due, neither party shall be in default or otherwise liable for any delay in or failure of its performance under this Agreement to the extent such delay or failure arises by reason of any act of God, any governmental requirement, act of terrorism, riots, epidemics, flood, strike, lock-out, industrial or transportational disturbance, fire, lack of materials, war, event of force majeure, or other acts beyond the reasonable control of a performing party.



11.8   This Agreement may be executed in counterparts, each of which shall be deemed to be an original, but all of which shall constitute one and the same agreement.

11.9   All clauses and covenants in this Agreement are severable; in the event any or part of them are held invalid or unenforceable by any court, such clauses or covenants shall be valid and enforced to the fullest extent available, and this Agreement will be interpreted as if such invalid or unenforceable clauses or covenants were not contained herein.  The parties are independent contractors and, except as expressly stated herein, neither party shall have any rights, power or authority to act or create an obligation on behalf of the other party.

11.10   Notices to be given or submitted by either party to the other, pursuant to this Agreement, shall be sufficiently given or made if given or made in writing and sent by hand delivery, overnight or certified mail, postage prepaid, and addressed as follows:

If to Epiq:

Epiq Corporate Restructuring, LLC
777 Third Avenue, 12th Floor
New York, New York 10017
Attn:  Brad Tuttle

If to Client:

Official Committee of Unsecured Creditors of Voyager Digital Holdings Inc., et al
McDermott Will & Emery LLP
One Vanderbilt Avenue
New York, NY  10017-3852
Attn:  Darren Azman

If to Debtors:

Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
Attn: Joshua Sussberg

11.11  Invoices should be delivered to the Debtors, with a copy to Client at the following addresses:

Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
Attn: Joshua Sussberg

Email:      jsussberg@kirkland.com

With a copy to:

Official Committee of Unsecured Creditors of Voyager Digital



Holdings Inc., et al
McDermott Will & Emery LLP
One Vanderbilt Avenue
New York, NY  10017-3852
Attn:  Darren Azman

Email:        dazman@mwe.com

11.12   The "Effective Date" of this Agreement is July 26, 2022.



IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

      **1.**      ***EPIQ CORPORATE RESTRUCTURING, LLC***

_____

Name:  Brad Tuttle
Title:    General Manager

      **2.**      ***OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF VOYAGER DIGITAL HOLDINGS INC., ET AL***

By:_____

Name:  Jason Raznick

Title:    Chairperson



# 3. SERVICES SCHEDULE

### 1.  *WEBSITE SERVICES*

➢ Create and maintain a website with general case information provided by the Committee, key documents, claim search function, and mirror of ECF case docket and other case information as requested by the Client.

➢ Website will also contain links to the Debtors' claims agent's website, the Debtors' corporate website, the Bankruptcy Court, and the Office of the United States Trustee.

➢ Provide email functionality whereby viewers may send email inquiries to the Committee to a designated email address.

### 2.  *NOTICING*

➢ Prepare and serve required notices in accordance with case management or other relevant procedures.

➢ After service of a particular notice - whether by regular mail, overnight or hand delivery, email or facsimile service  - file with the Clerk's office an affidavit of service that includes a copy of the notice involved, a list of persons to whom the notice was mailed and the date and manner of mailing.

➢ Update noticing database to reflect undeliverable or changed addresses.

Coordinate publication of certain notices in periodicals and other media.

### 3.  *CALL CENTER*

➢ Provide state-of-the-art Call Center facility and services, including (as needed):

- Create frequently asked questions, call scripts, escalation procedures and call log formats.
- Record automated messaging.
- Train Call Center staff.
- Maintain and transmit call log to Client and advisors.



### 4.    *MISCELLANEOUS*

➢ Provide such other noticing and related administrative services as may be requested from time to time by the Client.

➢ Promptly comply with such further conditions and requirements as the Court may at any time prescribe.

➢ Comply with applicable federal, state, municipal, and local statutes, ordinances, rules, regulations, orders and other requirements.

➢ Undertake such other duties as may be requested by the Client.



# 4. <u>PRICING SCHEDULE</u>

## 1. *<u>ADMINISTRATIVE HOURLY RATES</u>*

| <u>Title</u> | <u>Rates</u> |
|---|---|
| Clerical/Administrative Support | $25.00 – $55.00 |
| IT / Programming | $55.00 – $75.00 |
| Project Managers/Consultants/ Directors | $75.00 – $180.00 |
| Solicitation Consultant | $180.00 |
| Executive Vice President, Solicitation | $190.00 |
| Executives | No Charge |

## 2. *<u>NOTICING RATES</u>*[1]

| | |
|---|---|
| Printing | $0.10 per image |
| Personalization / Labels | WAIVED |
| Envelopes | VARIES BY SIZE |
| Postage / Overnight Delivery | AT COST AT PREFERRED RATES |
| E-Mail Noticing | WAIVED FOR MSL* |
| High Volume email noticing | $0.05 per email |
| Fax Noticing | $0.05 per page |
| Publication Noticing | Quoted at time of request |

## 3. *<u>DATA MANAGEMENT RATES</u>*

| | |
|---|---|
| Data Storage, Maintenance and Security | $0.10 per record/month |
| Electronic Imaging | $0.10 per image; no monthly storage charge |
| Website Hosting Fee | NO CHARGE |
| CD- ROM (Mass Document Storage) | Quoted at time of request |

---

[1]  Noticing via overnight delivery after traditional overnight drop-off times (e.g., 9:00 p.m. in NYC) may result in additional print charges.



## 4.    *CALL CENTER RATES*

Standard Call Center Setup                    NO CHARGE

Call Center Operator                          $55 per hour

Voice Recorded Message                        $0.34 per minute

## 5.    *OTHER SERVICES RATES*

Town Hall Services                            Quoted at time of request

Custom Software, Workflow
and Review Resources                          Quoted at time of request

Strategic Communication Services              Quoted at time of request

Escrow Services                               Quoted at time of request /competitive rates

Securities Exchange / ATOP Event              Quoted at time of request

eDiscovery                                    Quoted at time of request, bundled pricing

available Virtual Data Room --
Confidential On-Line Workspace                Quoted at time of request

Disbursements -- Check and/or Form 1099       Quoted at time of

request Disbursements -- Record to Transfer Agent    Quoted at time of

request