Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## CERTIFICATE OF NO OBJECTION REGARDING CERTAIN MOTIONS

Pursuant to 28 U.S.C. § 1746, rule 9075-2 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and in accordance with this Court's case management procedures set forth in the *Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 240] (the "Case Management Order"), the undersigned counsel for the above-captioned debtors and debtors in possession (the "Debtors") hereby certifies as follows:

1.      On September 12, 2022, the Debtors filed the *Debtors' Motion Seeking Entry of an Order (I) Authorizing the Debtors to Return Collateral and (II) Granting Related Relief* [Docket No. 402] (the "Unwind Motion").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

2.      On September 14, 2022, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Extending the Time to File Notices of Removal of Civil Actions and (II) Granting Related Relief* [Docket No. 424] (the "Removal Motion").

3.      In accordance with the Case Management Order, responses or objections to the Unwind Motion and Removal Motion and the relief requested therein were due no later than September 22, 2022, at 4:00 p.m., prevailing Eastern Time (the "Objection Deadline").  Local Rule 9075-2 provides that the motion may be granted without a hearing if (a) no objections or other responsive pleadings have been filed on or before the applicable objection deadline and (b) the attorney for the entity that filed the motion complies with such rule.

4.      As of the filing of this certificate of no objection, more than forty-eight hours have elapsed since the Objection Deadline and, to the best of my knowledge, no responsive pleading to the Unwind Motion or Removal Motion has been (a) filed with the Court on the docket of the above-captioned chapter 11 cases or (b) served on the Debtors or their counsel.

5.      Accordingly, the Debtors respectfully request entry of the proposed orders attached hereto as **Exhibit A** and **Exhibit B** (the "Proposed Orders") at the Court's earliest convenience.

*[Remainder of page intentionally left blank.]*

Dated:  September 27, 2022
New York, New York

/s/ Joshua A. Sussberg

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900
Email:          jsussberg@kirkland.com
               cmarcus@kirkland.com
               christine.okike@kirkland.com
               allyson.smith@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER (I) AUTHORIZING THE DEBTORS TO
## RETURN COLLATERAL AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing and directing the Debtors to return the Alameda Loan Collateral upon the repayment of the Collateralized Alameda Loans; and (b) granting related relief, all as more fully set forth in the Motion and Ehrlich Declaration; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital, Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Debtors are authorized to perform, execute, and deliver all documents, and take all actions, necessary to immediately unwind the Collateralized Alameda Loans in accordance with the terms, conditions, and agreements set forth in the Payoff Letter attached hereto as **Exhibit 1** which is hereby approved.

3.      The Debtors are authorized and directed to return the Alameda Loan Collateral to Alameda in connection with and upon the repayment and unwinding of the Collateralized Alameda Loans pursuant to Paragraph 2 of this Order.

4.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual,

common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

5.    Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis is expressly reserved.

6.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

7.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

**Exhibit B**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER (I) EXTENDING THE TIME TO FILE NOTICES**
**OF REMOVAL OF CIVIL ACTIONS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") granting the Debtors an extension to file notices of removal of Actions pursuant to 28 U.S.C. § 1452, section 105(a) of the Bankruptcy Code, and Bankruptcy Rules 9006(b) and 9027, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital, Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]     Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The time period by which the Debtors may file notices of removal in this Court with respect to the Actions pursuant to Bankruptcy Rule 9027(a)(2) is extended through and including the later of (a) April 3, 2023 and (b) the first day that is 30 days after entry of an order terminating the automatic stay provided by section 362 of the Bankruptcy Code with respect to the particular Action sought to be removed.

3.      This Order is without prejudice to the Debtors' right to request a further extension of time to file notices of removal of any or all of the Actions.

4.      This Order shall be without prejudice to any position the Debtors may take regarding whether section 362 of the Bankruptcy Code applies to stay any Action.

5.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

6.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

7.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE