**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER GRANTING THE DEBTORS' APPLICATION FOR
ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND
RETENTION OF GRANT THORNTON LLP TO PROVIDE TAX COMPLIANCE
SERVICES AND TAX ADVISORY SERVICES EFFECTIVE AS OF JULY 5, 2022**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") authorizing the Debtors to retain and employ Grant Thornton LLP ("Grant Thornton") to provide tax compliance services and tax advisory services effective as of the Petition Date; all as more fully set forth in the Application and the Lehmann Declaration; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this case and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital, Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2] Capitalized terms used in this Order and not defined have the meanings given to such terms in the Application.

0

Parties-in-Interest; and this Court having found that the Debtors provided appropriate notice of the Application and the opportunity for a hearing on the Application under the circumstances; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted to the extent set forth herein, effective as of the Petition Date.

2. The Debtors are authorized pursuant to sections 327(a) and 328 of the Bankruptcy Code to employ and retain Grant Thornton to provide tax compliance services and tax advisory services accordance with the terms and conditions set forth in the Application and in the Engagement Agreements, as the Engagement Agreements have been modified by this Order and subject to the terms of this Order.

3. Notwithstanding anything contrary to the Application, Grant Thornton shall not perform additional services outside the scope of the Engagement Agreements without further order of the Court.

4. Notwithstanding anything in the Engagement Agreements to the contrary, for the avoidance of doubt, the Bankruptcy Court shall have exclusive jurisdiction over any and all matters arising under or in connection with Grant Thornton's engagement by the Debtors on behalf of the Debtors and the Engagement Agreements, including without limitation any disputes as to fees or as to the services provided by Grant Thornton.

5. Any provision in the Engagement Agreements that would entitle Grant Thornton to an administrative recovery fee for the administrative time incurred in performing the Services shall be of no force or effect.

6. Grant Thornton shall be compensated for fees and reimbursed for reasonable and necessary documented expenses and will file interim and final fee applications for allowance of its compensation and expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated December 21, 2010 (General Order M-412), Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated January 29, 2013 (General Order M-447), the U.S. Trustee 1996 Guidelines, and any applicable orders of this Court. For billing purposes, Grant Thornton shall submit detailed time records in half hour (0.5) increments in connection with their fee applications to be filed with the Court. Without limiting the foregoing, any request for reimbursement of expenses relating to Grant Thornton or Grant Thornton's counsel, Sklar Kirsh LLP, or for any other professional shall be made in accordance with Local Rule 2016-1.

7. Grant Thornton shall provide ten business-days' notice to the Debtors, the U.S. Trustee, and the Committee before any increases in the rates set forth in the Application or the Engagement Agreements are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

8. In the event that Grant Thornton seeks reimbursement from the Debtors for attorneys' fees and expenses pursuant to the Application and the Engagement Agreements, the

2

invoices and supporting time records for the attorneys' fees and expenses shall be included in Grant Thornton's own applications, both interim and final, and such invoices and time records shall be subject to the approval of the Court pursuant to section 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code. Attorneys' fees and/or expenses reimbursed under the Engagement Agreements shall be limited to those expended in representing Grant Thornton in retention and fee application matters. For the avoidance of doubt, the preceding sentence does not apply to, and in no way limits, the provisions with respect to reimbursement of attorneys' fees and/or expenses set forth in Engagement Agreements with respect to indemnification.

9. The indemnification, exculpation, contribution, and reimbursement provisions included in Attachment A to the Engagement Letter are approved, subject during the pendency of these chapter 11 cases to the following modifications:

(a) All requests of Grant Thornton for payment of indemnity pursuant to the Engagement Agreements shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Agreements and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, provided, however, that in no event shall Grant Thornton be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct;

(b) In the event that Grant Thornton seeks reimbursement from the Debtors for reasonable attorneys' fees in connection with a request by Grant Thornton for payment of indemnity pursuant to the Engagement Agreements, as modified by this Order, the invoices and supporting time records from such attorneys shall be included in Grant Thornton's own application (both interim and final), and such invoices and time records shall be subject to the Fee Guidelines and the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code;

3

(c)      Grant Thornton shall not be entitled to reimbursement by the Debtors for any fees, disbursements, and other charges of Grant Thornton's counsel other than those incurred in connection with a request of Grant Thornton for payment of indemnity, retention of Grant Thornton, and preparation of fee applications; and

(d)      In no event shall Grant Thornton be indemnified if the Debtor(s) or representatives of the estates assert a claim for, and a court determines by final order that such claim arose out of, Grant Thornton's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

10.      Paragraph 3(b) of <u>Attachment A</u> to the Engagement Letter is hereby modified so as to provide that the proposed limitation of liability to the amount of fees paid shall apply only to the extent that Grant Thornton's liability is premised on negligence. That limitation shall not apply to the extent that Grant Thornton's liability is premised on gross negligence, willful misconduct or fraud.

11.      Paragraphs 3(c) and 3(d) of <u>Attachment A</u> to the Engagement Letter shall be stricken and shall be of no force and effect during the pendency of these cases.

12.      Notwithstanding anything in the Application to the contrary, to the extent that Grant Thornton uses the services of independent contractors or subcontractors (collectively, the "<u>Contractors</u>") in these cases, Grant Thornton shall (i) pass through the cost of such Contractors to the Debtors at the same rate that Grant Thornton pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflict checks as required for Grant Thornton; and (iv) file with the Court such disclosures required by Bankruptcy Rule 2014.

13.      Services other than those set forth in the Application that the Debtors may request that Grant Thornton provide during the course of these chapter 11 cases, and as agreed to by Grant Thornton, shall be subject to separate application and order of this Court.

14. Notwithstanding any provision to the contrary in the Engagement Agreements, disputes relating to the services provided by Grant Thornton shall not be referred to arbitration or mediation unless this Court does not have, retain, or exercise jurisdiction over the dispute.

15. Grant Thornton shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

16. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

17. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

18. To the extent the Application or Engagement Agreements are inconsistent with this Order, the terms of this Order shall govern.

19. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  New York, New York
       September 30, 2022

                                      /s/ **Michael E. Wiles**
                                      THE HONORABLE MICHAEL E. WILES
                                      UNITED STATES BANKRUPTCY JUDGE