WILLIAM K. HARRINGTON  
UNITED STATES TRUSTEE, REGION 2  
U.S. Department of Justice  
Office of the United States Trustee  
201 Varick Street, Suite 1006  
New York, New York 10014  
Telephone: (212) 510–0500  
By: Richard C. Morrissey  
    Trial Attorney  

Hearing Date: October 19, 2022  
Hearing Time: 2:00 p.m.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  

---------------------------------------------------------- x  
In re : Chapter 11  
:  
VOYAGER DIGITAL HOLDINGS, INC., : Case No. 22-10943 (MEW)  
*et al.*, :  
: Jointly Administered  
Debtors. :  
:x  
----------------------------------------------------------

### STATEMENT OF THE UNITED STATES TRUSTEE REGARDING MOTION FOR ENTRY OF AN ORDER DIRECTING THE UNITED STATES TRUSTEE TO APPOINT AN OFFICIAL EQUITY COMMITTEE

TO: **THE HONORABLE MICHAEL E. WILES,**  
      **UNITED STATES BANKRUPTCY JUDGE:**

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), hereby submits this statement (the "Statement") regarding the Motion of Shikar S Partab, a "minority shareholder" of the above-captioned debtors (the "Debtors") for the entry of an order directing the United States Trustee to appoint an official equity committee "to protect minority shareholders in Voyager Digital" (the "Motion"). ECF No. 373. The United States Trustee respectfully states that he takes no position with respect to the Motion.

## BACKGROUND

### General Background

1.⠀⠀⠀⠀On July 5, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2.⠀⠀⠀⠀The Debtors continue to operate their businesses and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 16, 2022, the Court entered an order authorizing the joint administration and procedural consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b). ECF Doc. No. 18.

3.⠀⠀⠀⠀On July 19, 2022, the United States Trustee filed an Amended Appointment of Official Creditors' Committee (the "Committee") pursuant to section 1102 of the Bankruptcy Code. ECF No. 106. No entity has requested the appointment of a trustee or examiner in these chapter 11 cases.

4.⠀⠀⠀⠀By letter dated September 1, 2022, Shikar S. Partab, who identified himself as "a minority shareholder and investor in Voyager Digital" (the "Partab Letter") requested that the Court grant several motions, including a motion for an order directing that an equity committee "be appointed to protect minority shareholders in Voyager Digital." Partab Letter, pg 3 of 3, ECF Doc. No. 373.

## STATEMENT

### A.⠀⠀⠀⠀The Statutory Framework

Section 1102(a)(1) of the Bankruptcy Code provides that:

> Except as provided in paragraph (3), as soon as practicable after the order for relief under chapter 11 of this title, the United States trustee shall appoint a committee of creditors holding unsecured claims and may appoint additional committees of creditors or of equity security holders as the United States Trustee deems appropriate.

11 U.S.C. §1102(a)(1).  The plain language of the statute indicates that the appointment of an equity committee is a discretionary act of the United States Trustee.

Section 1102(a)(2) authorizes the Court to appoint an equity committee and provides that:

> On request of a party in interest, the court may order the appointment of additional committees of creditors or of equity security holders if **necessary** to assure adequate representation of creditors or of equity security holders. The United States trustee shall appoint any such committee.

11 U.S.C. § 1102(a)(2). (Emphasis added). "The proponents must demonstrate that appointment of an official committee is 'necessary' to adequately represent equity's interests, 'a high standard that is far more onerous than if the statute merely provided that a committee be useful or appropriate.'" *In re SunEdison, Inc.,* 556 B.R. 94, 103 (Bankr. S.D.N.Y. 2016) quoting *Eastman Kodak Co.*, 2012 Bankr. LEXIS 2944, 2012 WL 2501071, at *2 (additional citations omitted).

The Court in *In re Williams Communications Group, Inc.*, 281 B.R. 216 (Bankr. S.D.N.Y. 2002) set forth the standard for the appointment of an equity committee, emphasizing that such appointment should be the rare exception. *Id.* at 223.  The Court determined that an equity committee should not be appointed unless the equity holders established that:

> (i)    there is a substantial likelihood that they will receive a meaningful distribution in the case under a strict application of the absolute priority rule, and
>
> (ii)   they are unable to represent their interests in the bankruptcy case without an official committee. Factors to consider include the complexity of the case; the number of shareholders, and whether the cost of the additional committee outweighs the concerns for adequate representation. *Id.* at 219

*Id.* at 223.  *See In re SunEdison, Inc.,* 556 B.R. 94, 103 (Bankr. S.D.N.Y. 2016)(Court found that the moving party failed to satisfy the high standard that an official committee was necessary

3

to adequately represent equity interests); *Eastman Kodak* Co., 2012 Bankr. LEXIS 2944, 2012 WL 2501071 at *2 (Court concluded that there appears to be uniform recognition that the appointment of an official committee constitutes extraordinary relief and is the exception rather than the rule in chapter 11 cases); *In re Dewey & LeBoeuf LLP*, 2012 Bankr. LEXIS 5534 at *12-3 (Noting that, in the vast majority of chapter 11 cases, a single committee of creditors has been deemed sufficient, high standard for appointing an additional committee requires the moving parties to prove that they are unable to represent their interests without an official committee, while ultimately declining to appoint a committee of former partners); I*n re Residential Capital, LLC*, 480 B.R. 550, 557 (Bankr. S.D.N.Y. 2012)(Concluding that the appointment of an additional committee is an extraordinary remedy that courts are reluctant to grant, the Court declined to appoint a Borrowers Committee).

The party seeking the appointment of an official equity committee bears the burden of proof. *In re SunEdison, Inc.,* 556 B.R. 94, 103 (Bankr. S.D.N.Y. 2016), citing *Eastman Kodak* Co., 2012 Bankr. LEXIS 2944, 2012 WL 2501071, at *4; *In re Ampex Corp.,* No. 08-11094 (AJG), 2008 Bankr. LEXIS 1536, 2008 WL 2051128, at *2 (Bankr. S.D.N.Y. May 14, 2008); *Johns-Manville,* 68 B.R. 155, 158 (S.D.N.Y. 1986).

**CONCLUSION**

As noted above, the United States Trustee does not take a position with respect to the Motion.

Dated: New York, New York
October 3, 2022

                          Respectfully submitted,

                          WILLIAM K. HARRINGTON
                          UNITED STATES TRUSTEE, Region 2

By:   */s/ Richard C. Morrissey*
      Richard C. Morrissey
      Trial Attorney
      201 Varick Street, Room 1006
      New York, New York 10014
      Tel. (212) 510-0500