Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:    (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**SECOND SUPPLEMENTAL DECLARATION OF
JOSHUA A. SUSSBERG IN SUPPORT OF THE DEBTORS'
APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING
THE RETENTION AND EMPLOYMENT OF KIRKLAND & ELLIS LLP
AND KIRKLAND & ELLIS INTERNATIONAL LLP AS ATTORNEYS FOR
THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF JULY 5, 2022**

I, Joshua A. Sussberg, being duly sworn, state the following under penalty of perjury:

1. I am the president of Joshua A. Sussberg, P.C., a partner of the law firm of Kirkland & Ellis LLP, located at 601 Lexington Avenue, New York, New York 10022, and a partner of Kirkland & Ellis International, LLP (together with Kirkland & Ellis LLP, collectively, "Kirkland"). I am a member in good standing of the Bar of the State of New York,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

and I have been admitted to practice in New York. There are no disciplinary proceedings pending against me.

2. On July 5, 2022 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed a petition with this Court under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On July 20, 2022, the Debtors filed an application to employ and retain Kirkland as counsel for the Debtors [Docket No. 116] (the "Application")[2] pursuant to sections 327(a) and 330 of the Bankruptcy Code, rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"). My declaration in support of the Application (the "Original Declaration") was attached to the Application as Exhibit B.

3. On August 2, 2022, the Debtors filed the *First Supplemental Declaration of Joshua A. Sussberg in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of July 5, 2022* [Docket No. 201] (the "First Supplemental Declaration" and together with the Original Declaration, the "Prior Declarations") in further support of the Application.

4. On August 4, 2022, the Court entered the *Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of July 5, 2022* [Docket No. 234] (the "Retention Order").

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

2

5. In connection with the Application, I submit this second supplemental declaration (this "Second Supplemental Declaration") in further support of the Application to supplement disclosures set forth in the Prior Declarations in accordance with Bankruptcy Rules 2014(a) and 2016(b). Unless otherwise stated in this Supplemental Declaration, I have personal knowledge of the facts set forth herein.

### Additional Disclosures

6. As I stated in the Prior Declarations, Kirkland has searched its electronic database of representations for connections to parties in interest in these chapter 11 cases. Certain connections were disclosed in the Prior Declarations. Since the Petition Date, Kirkland has updated those conflicts searches and has searched additional parties as Kirkland became aware of additional parties in interest in these chapter 11 cases. In addition to the entities searched and disclosed in the Prior Declarations, Kirkland searched its electronic database for the entities listed on **Schedule 1**, attached hereto. The following is a list of the additional categories that Kirkland has searched:[3]

| Schedule | Category |
|---|---|
| 1(a) | Customer |
| 1(b) | Litigation |
| 1(c) | Minority Shareholder |
| 1(d) | NDA Counterparties |
| 1(e) | Notice of Appearance / Pro Hac Vice |
| 1(f) | U.S. Trustee Personnel |
| 1(g) | UCC Member |
| 1(h) | UCC Professional |

---

[3] Kirkland's inclusion of parties in the following schedules is solely to illustrate Kirkland's conflict search process and is not an admission that any party has a valid claim against the Debtors or that any party properly belongs in the schedules or has a claim or legal relationship to the Debtors of the nature described in the schedules.

3

7.     I have included the results of Kirkland's conflicts searches of the entities included in the above-listed categories on **Schedule 2** to this Second Supplemental Declaration.[4]  In addition, Kirkland re-ran searches in its electronic database for the entities that were previously reviewed in the Prior Declarations.  The results of Kirkland's conflict searches from the entities that were re-run are listed on **Schedule 3**.  All current and prior representations of the parties identified on **Schedule 2** and **Schedule 3** are in matters unrelated to the Debtors and these chapter 11 cases.

8.     Based on the conflicts searches conducted to date, to the best of my knowledge, neither I, Kirkland, nor any partner, of counsel, or associate thereof, insofar as I have been able to ascertain, has any connections with the Debtors, their creditors, or any other entities who may be parties in interest, their respective attorneys or accountants, the U.S. Trustee, any person employed by the U.S. Trustee, or any person employed by the Bankruptcy Court for the Southern District of New York, the United States District Court for the Southern District of New York, or the United States Court of Appeals for the Second Circuit, except as disclosed or otherwise described herein and in the Prior Declarations.

9.     As disclosed on **Schedule 2** and **Schedule 3**, certain parties in interest in these chapter 11 cases are current or former Kirkland clients.  Kirkland has not represented, nor will

---

[4]   As referenced in **Schedule 2** and **Schedule 3**, the term "current" means an entity listed as a client in Kirkland's conflicts search system to whom time was posted in the 12 months preceding the Petition Date.  As referenced in **Schedule 2** and **Schedule 3**, the term "former" means an entity listed as a client in Kirkland's conflicts search system to whom time was posted between 12 and 36 months preceding the Petition Date.  As referenced in **Schedule 2** and **Schedule 3**, the term "closed" means an entity listed as a client in Kirkland's conflicts search system to whom time was posted in the 36 months preceding the Petition Date, but for which the client representation has been closed.  Whether an actual client relationship exists can only be determined by reference to the documents governing Kirkland's representation rather than its potential listing in Kirkland's conflicts search system.  The list generated from Kirkland's conflicts search system is over-inclusive.  As a general matter, Kirkland discloses connections with "former" or "closed" clients for whom time was posted in the last 36 months, but does not disclose connections if time was billed more than 36 months before the Petition Date.

4

Kirkland represent, any of these parties or any of their affiliates in any matter related to these chapter 11 cases. I do not believe these representations preclude Kirkland from being disinterested under the Bankruptcy Code.

10. For the avoidance of doubt, Kirkland will not commence a cause of action in these chapter 11 cases against the entities listed on **Schedule 2** or **Schedule 3** that are current clients of Kirkland unless Kirkland has an applicable waiver on file or first receives a waiver from such entity allowing Kirkland to commence such an action.

11. Generally, it is Kirkland's policy to disclose entities in the capacity that they first appear in a conflicts search. For example, if an entity already has been disclosed in the Original Declaration in one capacity (e.g., a customer), and the entity appears in a subsequent conflicts search in a different capacity (e.g., a vendor), Kirkland does not disclose the same entity again in supplemental declarations, unless the circumstances are such in the latter capacity that additional disclosure is required.

12. Furthermore, prior to joining Kirkland, certain Kirkland attorneys represented clients adverse to Kirkland's current and former restructuring clients. Certain of these attorneys (the "Screened Kirkland Attorneys") have not and will not perform work in connection with Kirkland's representation of the Debtors and have not and will not have access to confidential information related to the representation. Kirkland's formal ethical screen as described on the original declaration provides sufficient safeguards and procedures to prevent imputation of conflicts by isolating the Screened Kirkland Attorneys and protecting confidential information.

### Specific Disclosures

13. The official committee of unsecured creditors (the "Committee") retained FTI Consulting, Inc. ("FTI") as its financial advisor. As disclosed on **Schedule 2**, Kirkland currently

5

represents, and in the past has represented, FTI and certain of its employees in a variety of matters. All current and prior Kirkland representations of FTI have been in matters unrelated to the Debtors and these chapter 11 cases. Kirkland has not represented, and will not represent, FTI in connection with any matter in these chapter 11 cases during the pendency of these chapter 11 cases. I do not believe that Kirkland's current or prior representations of FTI precludes Kirkland from meeting the disinterestedness standard under the Bankruptcy Code.

14. The Committee retained McDermott Will & Emery LLP ("McDermott") as its counsel in these chapter 11 cases. As disclosed on **Schedule 2**, Kirkland currently represents, and in the past has represented, McDermott and certain of its employees in a variety of matters. All current and prior Kirkland representations of McDermott have been in matters unrelated to the Debtors and these chapter 11 cases. Kirkland has not represented, and will not represent, McDermott in connection with any matter in these chapter 11 cases during the pendency of these chapter 11 cases. I do not believe that Kirkland's current or prior representations of McDermott precludes Kirkland from meeting the disinterestedness standard under the Bankruptcy Code.

15. Matt Ray, independent director of Voyager Digital Ltd., has served, or may serve from time to time, in various management and/or director capacities of certain Kirkland clients or affiliates thereof, including as founding partner of Portage Point Partners. Kirkland currently represents Portage Point Partners in matters unrelated to these chapter 11 cases. I do not believe that Kirkland's current representation of Portage Point Partners precludes Kirkland from meeting the disinterestedness standard under the Bankruptcy Code.

16. Nicole Cipriano, a Kirkland associate, was a judicial extern for the Honorable Cecelia G. Morris of the United States Bankruptcy Court for the Southern District of New York from May 2020 to August 2020. Ms. Cipriano began working at Kirkland in September 2022 and

had no connection with the Debtors' chapter 11 cases while working for the Court. I do not believe that Ms. Cipriano's prior work for judge Morris precludes Kirkland from meeting the disinterestedness standard under the Bankruptcy Code.

17. Graham Fisher, a current law clerk for the Honorable Philip Bentley of the United States Bankruptcy Court for the Southern District of New York, was a former Kirkland restructuring associate from September 2021 to September 2022. While employed at Kirkland, Mr. Fisher worked as an associate representing the Debtors in these chapter 11 cases. I do not believe that Mr. Fisher's current role for judge Bentley precludes Kirkland from meeting the disinterestedness under the Bankruptcy Court.

[*Remainder of page intentionally left blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: October 6, 2022 Respectfully submitted,

 /s/ *Joshua A. Sussberg*
Joshua A. Sussberg
as President of Joshua A. Sussberg, P.C., as
Partner of Kirkland & Ellis LLP; and as Partner
of Kirkland & Ellis International LLP

# SCHEDULE 1

| Schedule | Category |
|---|---|
| 1(a) | Customer |
| 1(b) | Litigation |
| 1(c) | Minority Shareholder |
| 1(d) | NDA Counterparties |
| 1(e) | Notice of Appearance / Pro Hac Vice |
| 1(f) | U.S. Trustee Personnel |
| 1(g) | UCC Member |
| 1(h) | UCC Professional |

# SCHEDULE 1(a)

**Customer**

Ali, Nada
Ali, Noha
Ali, Zainab
Angle, Donald
Baba, Shaik Taj
Bednarski, Ryan
Beeler, Jack
Bohle, Kim
Bostwick, Juewett
Brucker, Trevor
Carmichael, Sariena
Chi, Xiang
Conny, Dlany
Dagnoli, Lisa
Dai, Xiaojie
Foss, Gregory
George, William
Goyal, Digant
Hammodeh, Jacoub
Hawley, Daniel
Hourigan, Ryan
Hu, Dawei (David)
Jani, Niraj
Johartchi, Alireza
Marcy, Christine
McAleer, Jeremy
Mirabs, Chris
Nardone, Nick
Pedraza, Gerardo
Pritchard, Grant
Quezada, Jon
Ragusa, Josh
Redburn, Jacob
Rouse, Christopher
Ruda, John
Sasso, Vincent T.
Theodoropoulos, Aristea
Van, Analicia
Velazquez, Marquis
Walsh, Jennifer

## SCHEDULE 1(b)

**Litigation**

Cuban, Mark

## SCHEDULE 1(c)

**Minority Shareholder**

Partab, Shikar S.

## SCHEDULE 1(d)

**NDA Counterparties**

[Confidential]

# SCHEDULE 1(e)

**Notice of Appearance / Pro Hac Vice**

A. Manny Alicandro, Esq.
Akerman LLP
Aldridge Pite LLP
Ballard Spahr LLP
Barski Law Firm plc
Brown Rudnick LLP
Buchalter, A Professional Corporation
Forshey & Prostok LLP
Georgia, State of, Department of Banking and Finance
Goldstein & McClintock LLLP
Horwood Marcus & Berk Chartered
Illinois, State of, Secretary of State
J. Singer Law Group PLLC
Jaffe Raitt Heuer & Weiss PC
Johnson Pope Bokor Ruppel & Burns LLP
Kelleher Place Management LLC
Law Offices of Douglas T. Tabachnik PC
Levitt Group LLC, The
Liz George & Associates
McCarthy Lebit Crystal & Liffman Co. LPA
McGrail & Bensinger LLP
Murphy Place Management LLC
Pulman Cappuccio & Pullen LLP
Sullivan & Cromwell LLP
Texas, State of, Office of the Attorney General
Texas, State of, Securities Board
Vermont, State of, Department of Financial Regulation
Wachtell Lipton Rosen & Katz LLP
Wells Fargo Bank NA
Wisconsin, State of, Department of Financial Institutions

## SCHEDULE 1(f)

**U.S. Trustee Personnel**

Abriano, Victor
Gannone, James
Joseph, Nadkarni
Mendoza, Ercilia A.
Moroney, Mary V.
Ogunleye, Alaba
Rodriguez, Ilusion
Sharp, Sylvester
Vescovacci, Madeleine

# SCHEDULE 1(g)

### UCC Member

Freedman, Adam
Freedman, Melissa
Kiss, Richard
Moser, Chirsopher
Muillenberg, Brandon
Raznick, Jason
Stewart, Russell G.
Walker, Byron

## SCHEDULE 1(h)

### UCC Professional

Cassels Brock & Blackwell LLP
FTI Consulting Inc.
McDermott Will & Emery LLP

## SCHEDULE 2

| Name of Entity Searched | Name of Entity and/or Affiliate of Entity, that is a K&E Client | Status |
|---|---|---|
| FTI Consulting Inc. | FTI Consulting Inc. | Current |
|  | John Howard Batchelor | Current |
| McDermott Will & Emery LLP | Jeffrey E. Stone | Current |

## SCHEDULE 3

| Name of Entity Searched | Name of Entity and/or Affiliate of Entity, that is a K&E Client | Status |
|---|---|---|
| Acxiom LLC | Acxiom LLC | Current |
|  | The Interpublic Group of Companies, Inc. | Current |
| Alvarez & Marsal Canada Inc. | A&M Opportunities Fund | Current |
| Benchmark Co. LLC, The | The Benchmark Company, LLC | Current |
| Business Wire Inc. | Berkshire Hathaway Inc. | Current |
| Chord Advisors LLC | Maranon Capital, L.P. | Current |
| WilliamsMarston LLC | WM Parent Holding Company, LLC | Current |
| Cumberland DRW LLC | DRW Holdings LLC | Current |
| Segment.IO Inc. | Twilio Inc. | Current |
| Twilio Inc. |  |  |
| Snapchat | Snap Inc. | Current |
| Travelers Cos. Inc., The | The Travelers Companies, Inc. | Current |
| WeWork Inc. | Softbank Energy Corp. | Current |
| Winjit Technologies Pvt. Ltd. | Schneider Electric SE | Current |
| Wrike Inc. | Wrangler Topco, LLC | Closed |

2