Amish R. Doshi, Esq.  
**DOSHI LEGAL GROUP, P.C.**  
1979 Marcus Avenue, Suite 210E  
Lake Success, New York 11042  
Telephone: (516) 622-2335  
E-Mail: amish@doshilegal.com

**Hearing Date: October 19, 2022**  
**Hearing Time: 2:00 PM**  
**Objection Date: October 12, 2022**

And

Shawn M. Christianson, Esq.  
**BUCHALTER, A Professional Corporation**  
425 Market Street, Suite 2900  
San Francisco, California 94105-2126  
Telephone: (415) 227-0900  
E-Mail: schristianson@buchalter.com

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**VOYAGER DIGITAL HOLDINGS, INC., et al.,**<br><br>                              Debtors. | **Chapter 11**<br><br>**Case No.   22-10943 (MEW)**<br><br>**Jointly Administered** |

### ORACLE'S RIGHTS RESERVATION REGARDING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING ENTRY INTO THE ASSET PURCHASE AGREEMENT AND (II) GRANTING RELATED RELIEF

Oracle America, Inc., successor in interest to NetSuite, Inc., ("Oracle"), a creditor and contract counter-party in the above-captioned jointly administered Chapter 11 cases, submits this Rights Reservation ("Rights Reservation") in response to the *Debtors' Motion for Entry of an Order (I) Authorizing Entry Into the Asset Purchase Agreement and (II) Granting Related Relief* [Dkt. No. 472] ("APA Motion") filed by Voyager Digital Holdings, Inc., *et al.* ("Debtors").

1.      By the APA Motion, the Debtors are seeking Bankruptcy Court authority to, among other things, sell certain assets which will be consummated through the Debtors' *Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* ("Plan") [Dkt. No. 496].

2.      Attached as Exhibit "B" to the APA Motion is an asset purchase agreement

("APA") between the Debtors and West Realm Shires, Inc. ("Purchaser").

3.      The APA appears to intend to grant both the Purchaser and the Debtors

simultaneous access to certain information for up to three (3) years following the Closing Date.

The relevant language on this point in the APA is as follows:

> From and after the Closing for a period of three (3) years following the Closing
> Date (or, if later, the closing of the Bankruptcy Case), Purchaser will provide Seller
> and its Advisors with reasonable access, during normal business hours, and upon
> reasonable advance notice, to the books and records, including work papers,
> schedules, memoranda, Tax Returns, Tax schedules, Tax rulings, and other
> documents (for the purpose of examining and copying) relating to the Acquired
> Assets, the Excluded Assets, the Assumed Liabilities or the Excluded Liabilities
> with respect to periods or occurrences prior to the Closing Date, and reasonable
> access, during normal business hours, and upon reasonable advance notice, to
> employees, officers, Advisors, accountants, offices and properties of Purchaser
> (including for the purpose of better understanding the books and records). Unless
> otherwise consented to in writing by Seller, Purchaser will not, for a period of three
> (3) years following the Closing Date, destroy, alter or otherwise dispose of any
> of the books and records without first offering to surrender to Seller such books and
> records or any portion thereof that Purchaser may intend to destroy, alter or dispose
> of. From and after the Closing, Purchaser will, and will cause its employees to,
> provide Seller with reasonable assistance, support and cooperation with Seller's
> wind-down and related activities (*e.g.*, helping to locate documents or information
> related to preparation of Tax Returns or prosecution or processing of
> insurance/benefit claims).

APA @ 6.2(c).

4.      At the time of filing this Rights Reservation, the Debtors have not identified any

contracts to be assumed and assigned. Therefore, it is unclear how, or whether, Oracle's contracts

will be impacted via the sale or the post-closing provisions of the APA.

5.      Pursuant to the Plan, the Debtors state that they will identify in the Plan

Supplement[1], those contracts to be assumed or assumed and assigned, presumably with

corresponding proposed cure amounts.

---

[1] Capitalized terms used herein shall have the same meaning as those described in the Plan.

6.      In addition, the Debtors indicate that the Plan Supplement will include a Management Transition Plan, which may include transition services.

7.      Given that Oracle will not know whether its contracts are impacted by the sale or the APA Motion until after the sale objection deadline, Oracle files this Rights Reservation to reserve its right to object to assumption, assignment, cure, the scope of continuing access to information post-closing and/or transitional use, pending the filing of the Plan Supplement and an opportunity to review the contract schedule and assess whether and how Oracle's contracts are impacted.

8.      Therefore, Oracle respectfully hereby reserves its right to be heard on all issues set forth herein, whether deemed responsive to the APA Motion, the Plan and/or the Plan Supplement

Dated:  October 11, 2022
        Lake Success, New York

Respectfully submitted,

By:    /s/ Amish R. Doshi
Amish R. Doshi, Esq.
**DOSHI LEGAL GROUP, P.C.**
1979 Marcus Avenue, Suite 210E
Lake Success, NY 11042
Tel: (516) 622-2335
E-Mail: amish@doshilegal.com

Shawn M. Christianson, Esq.
**BUCHALTER, A Professional Corporation**
425 Market Street, Suite 2900
San Francisco, California 94105-2126
Telephone: (415) 227-0900
E-Mail: schristianson@buchalter.com

Peggy Bruggman, Esq.
Benjamin Wheeler, Esq.
**ORACLE AMERICA, INC.**
500 Oracle Parkway
Redwood City, California 94065

**Attorneys for Oracle America, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2022, I served a copy of *Oracle's Rights Reservation Regarding Debtors' Motion For Entry Of An Order (I) Authorizing Entry Into The Asset Purchase Agreement And (II) Granting Related Relief* on the parties listed on the attached service list via email containing a pdf of the document.  With respect to the parties by regular a copy of the document was mailed in sealed envelope, postage pre-paid to the address listed.  In addition, the parties entitled to receive notice by the Court's CM-ECF system were sent an email notification of such filing by the Court's CM-ECF System.

_/s/ Amish R. Doshi_____

## SERVICE LIST

**By E-Mail**

Joshua A. Sussberg, Esq. – jsussberg@kirkland.com
Christopher Marcus, Esq. – cmarcus@kirkland.com
Christine A. Okike, Esq. – Christine.okike@kirkland.com
Allyson B. Smith, Esq. – Allyson.smith@kirkland.com
Jared Dermont - jared.dermont@moelis.com
Barak Klein – barak.klein@moelis.com
Michael DiYanni – Michael.diyanni@moelis.com
Brian Tichenor – Brian.tichenor@Moelis.com
Darren Azman, Esq. – dazman@mwe.com
Charles Gibbs, Esq. – crgibbs@mwe.com

**By Regular Mail**

Richard Morrisssey, Esq.
Mark Bruh, Esq.
OFFICE OF US TRUSTEE, SDNY
US Federal Office Building
201 Varick Street, Room 1006
New York, New York 10014