Hearing Date: October 19, 2022 at 2:00 p.m. (ET)
Objection Deadline: October 12, 2022 at 4:00 p.m. (ET)

David M. Posner
Kelly E. Moynihan
**KILPATRICK TOWNSEND &
STOCKTON LLP**
The Grace Building
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 775-8700
Facsimile: (212) 775-8800
Email: dposner@kilpatricktownsend.com
       kmoynihan@kilpatricktownsend.com

Paul M. Rosenblatt, Esq.
**KILPATRICK TOWNSEND &
STOCKTON LLP**
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
Email: prosenblatt@kilpatricktownsend.com

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | : | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **VOYAGER DIGITAL HOLDINGS, LLC,** *et al.*, | : | Case No. 22-10943 (MEW) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |
| | : | |

**LIMITED OBJECTION OF THE AD HOC GROUP OF EQUITY HOLDERS TO
DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING ENTRY INTO
THE ASSET PURCHASE AGREEMENT AND (II) GRANTING RELATED RELIEF**

The Ad Hoc Group of Equity Holders (the "AHG") of Voyager Digital Ltd. ("TopCo"), a debtor and debtor-in-possession in the above-captioned chapter 11 cases (collectively with each other debtor in the above-captioned cases, the "Debtors" or the "Company," as applicable), by and through its undersigned counsel, hereby submits this Limited Objection (the "Limited Objection") to the *Debtors' Motion for Entry of an Order (I) Authorizing Entry into the Asset Purchase*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

*Agreement and (II) Granting Related Relief* [ECF No. 472] (the "APA Motion"). In support of this Limited Objection, the AHG respectfully represents as follows:

## BACKGROUND

1. On July 5, 2022, (the "Petition Date"), the Debtors each filed a voluntary petition for relief (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

2. On or about September 19, 2022, the AHG, which comprises holders of equity interests in Debtor Voyager Digital Ltd. ("TopCo"), formally retained counsel and a financial advisor in connection with the Chapter 11 Cases. See *First Amended Verified Statement of the Ad Hoc Group of Equity Holders Pursuant to Bankruptcy Rule 2019* [ECF No. 482].

3. On July 6, 2022, the Debtors filed the *Joint Plan of Reorganization of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [ECF No. 17].

4. On July 21, 2022, the Debtors filed the *Debtors' Motion Seeking Entry of an Order (I) Approving the Bidding Procedures and Related Dates and Deadlines, (II) Scheduling Hearings and Objection Deadlines with Respect to the Debtors' Sale, Disclosure Statement, and Plan Confirmation, and (III) Granting Related Relief* [ECF No. 126]. On August 5, 2022, the Court entered an order approving the same. ECF No. 248.

5. The Debtors held an auction, commencing on August 12, 2022. At the conclusion of the auction, the Debtors selected the bid from West Realm Shires Inc. ("FTX US") as the Successful Bid[2].

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the APA Motion and APA.

6. On September 27, 2022, Voyager Digital, LLC and FTX US entered into the Asset Purchase Agreement.

7. On September 28, 2022, the Debtors filed the APA Motion seeking the Court's authority to enter into the Asset Purchase Agreement (the "APA").

8. On October 5, 2022, the Debtors filed the *Second Amended Joint Plan of Reorganization of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [ECF No. 496] (the "Plan").

9. In conjunction with the filing of the Plan, the Debtors also filed the *First Amended Disclosure Statement Relating to the Second Amended Joint Plan of Reorganization of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [ECF No. 498] (the "Disclosure Statement").

10. The Plan incorporates the sale (the "Sale") of substantially all of the Debtors' assets to FTX US pursuant to the APA. *See* Disclosure Statement § II [ECF No. 498 at p. 14 of 186]. Despite the APA Motion, the Plan is also the vehicle pursuant to which the Debtors intend to implement the transactions contemplated by the APA. Following the Sale, the remaining assets of the Debtors will be transferred to a Wind-Down Trust that will distribute such assets pursuant to the Wind-Down Trust Agreement to be filed with the Plan Supplement.

11. The Debtors propose to provide Holders of Existing Equity Interests their Pro Rata share of the Wind-Down Trust Units, provided that any distributions to Existing Equity Interests shall only be made following payment in full of all Account Holder Claims and General Unsecured Claims. Essentially the Plan effectuates a subordination of the Existing Equity Interests by substantively consolidating the Debtors into a single Wind-Down Entity and paying in full creditors of all the Debtors prior to making any distribution to Existing Equity Interests, though

the Debtors propose to reveal the particulars of the Wind-Down Entity in a Restructuring Transactions Memorandum to be filed as part of the Plan Supplement. Plan § III.C.9(b) [ECF No. 496 at p. 30 of 139].

12.     The Debtors further propose to provide Holders of Allowed General Unsecured Claims and Allowed Account Holder Claims with (i) their Pro Rata share of Transferred Cryptocurrency Value in Cryptocurrency or Cash; (ii) the right to become a Transferred Creditor; (iii) their Pro Rata share of Distributable Cash; and (iv) their Pro Rata share of Wind-Down Trust Units. Plan §§ III.C.3(b), III.C.5(b) [ECF No. 496 at pp. 27, 28 of 139].

## LIMITED OBJECTION

13.     The AHG has significant concerns regarding the terms of the Plan and Disclosure Statement, including the the lack of value attributed to TopCo and its equity interests, the releases, the lack of disclosure, and the fact that crucial issues are to be determined by an as yet unseen Restructuring Transactions Memorandum as set forth in detail the AHG's Disclosure Statement Objection.[3] The Debtors propose to consummate the Sale on the terms set forth in the APA through the Plan. The Plan is thus the implementation vehicle for the transactions contemplated by the APA. Yet, the AHG has identified conflicts between the APA and the Plan regarding causes of action to be retained by the Debtors for the benefit of the Debtors' creditors and interest holders.

14.     On the Petition Date, the board of directors of Voyager Digital, LLC appointed two independent directors to the board and established a Special Committee tasked with investigating certain historical transactions. Disclosure Statement § M. The investigation remains ongoing. *Id*.

---

[3] *Objection of the Ad Hoc Group of Equity Holders to the Debtors' Motion for Entry of an Order Approving (I) the Adequacy of the Disclosure Statement, (II) Solicitation and Notice Procedures, (III) Forms of Ballots and Notices in Connection Therewith, and (IV) Certain Dates with Respect Thereto* and the *Declaration of Matthew Dundon in Support of the Objection of the Ad Hoc Group of Equity Holders to the Debtors' Motion for Entry of an Order Approving (I) the Adequacy of the Disclosure Statement, (II) Solicitation and Notice Procedures, (III) Forms of Ballots and Notices in Connection Therewith, and (IV) Certain Dates with Respect Thereto* filed contemporaneously herewith (the "Disclosure Statement Objection").

The Debtors assert that if viable Causes of Action "against certain parties" are identified, such parties will be carved out of the Released Parties and Exculpated Parties definitions in the Plan and the Causes of Action will be retained for pursuit by the Wind-Down Entity (thus far as set forth in the Disclosure Statement Objection only the CEO is carved out of the releases on a limited basis and his personal assets are ring-fence protected). *Id.*

15. The APA purports to reflect the sale of "all Avoidance Actions or affirmative causes of action or claims against Seller's customers . . . other than the Retained Avoidance Actions." APA § 1.1(d). Retained Avoidance Actions includes any Avoidance Action against (i) 3AC or any of its Affiliates, (ii) any insider as defined in the Bankruptcy Code; (iii) any other Avoidance Action that FTX US agrees prior to Closing may be retained by the Debtors; and (iv) any claims for actual fraudulent transfers. APA § 11.1(ggg). Without the completion of the Investigation and the filing of the Schedule of Retained Causes of Action (which the Debtors intend to file with the Plan Supplement), it is unclear as to whether certain causes of action, including those being investigated by the Special Committee are being inadvertently, or at worst inappropriately, sold to FTX US through the APA.

16. In addition, without disclosures regarding the Debtors' customers' identities, parties in interest have no manner of determining whether potentially valuable causes of action are being transferred to FTX US. The AHG would request that the Court direct the Debtors to (a) provide clarity as to the causes of action being investigated by the Special Committee and the retention by the Debtors of such causes of action versus those being sold to FTX US, and (b) clarify the APA or resolve the conflict between the APA and the Plan in the proposed order attached to the APA Motion.

17. The AHG has identified in the Disclosure Statement Objection and accompanying declaration the lack of disclosures and its preliminary list of infirmities with the Plan. Since neither the APA nor the proposed order attached to the APA Motion incorporate all of the terms set forth in the Plan and since the Plan effectuates the APA sale transaction pursuant to its terms, to the extent of a conflict between the terms of the Plan and Confirmation Order on the one hand and the APA or the APA Motion on the other, the AHG believes that the Plan and Confirmation Order should govern.

18. To that end, in the event that the Court approves the APA Motion, the AHG requests that language be added to the proposed order providing for the preservation of the AHG's rights to object to any chapter 11 plan or disclosure statement filed or to be filed by the Debtors and clarifying that the lack of objection to the APA Motion and the APA does not reflect a waiver or limitation of the AHG's rights to object to the terms of the current Plan and Disclosure Statement or any other or amended chapter 11 plan or disclosure statement filed in these Chapter 11 Cases.

19. Alternatively, the APA Motion should be adjourned and heard at the same time as the Plan confirmation hearing. Neither the Court, nor creditors nor Existing Equity Interests should be put in the position of the APA controlling what provisions can or should be contained in the Plan or Confirmation Order, since consummation of the APA is conditioned upon entry of the Plan Confirmation Order. [ECF No. 472 at p. 74 of 109, § 7.1(b)(ii)].

## CONCLUSION

**WHEREFORE**, the AHG respectfully requests that the Court enter an order: (i) denying the APA Motion, or, in the alternative, requiring the Debtors to amend the APA and the proposed order so as to address the issues and concerns raised in this Objection, or in the alternative,

adjourning the hearing on the APA Motion to coincide with the Plan confirmation hearing; and

(ii) granting such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: October 12, 2022 | /s/ *David M. Posner* |

**KILPATRICK TOWNSEND & STOCKTON LLP**
David M. Posner, Esq.
Kelly Moynihan, Esq.
The Grace Building
1114 Avenue of the Americas
New York, New York 10036-7703
Telephone: (212) 775-8700
Facsimile: (212) 775-8800
Email: dposner@kilpatricktownsend.com
kmoynihan@kilpatricktownsend.com

-and-

Paul M. Rosenblatt, Esq.
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
Email: prosenblatt@kilpatricktownsend.com

*Counsel to the Ad Hoc Group of Equity Holders of Voyager Digital Ltd.*