Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | Case No. 22-10943 (MEW) |
| Debtors. | (Jointly Administered) |

**SUPPLEMENTAL DECLARATION OF
EDWARD F. BECHOLD IN SUPPORT OF DEBTORS'
APPLICATION FOR ENTRY OF AN ORDER
AUTHORIZING THE EMPLOYMENT AND RETENTION
OF MARCUM LLP TO PROVIDE AUDITING SERVICES AND FOREIGN
COMPLIANCE SERVICES EFFECTIVE AS OF THE PETITION DATE**

I, Edward F. Bechold, hereby declare under penalty of perjury, as follows:

1.     I am a Partner of Marcum LLP ("Marcum").  I am an Engagement Partner in Marcum's Assurance Services group. I am duly authorized to execute this declaration on behalf of Marcum.

2.     On September 14, 2022, the Debtors filed the *Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Marcum LLP to Provide Auditing Services and Foreign Compliance Services Effective as of the Petition Date* [Docket No. 423]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

(the "Application").[2] In further support of the Application, the Debtors filed the *Declaration of Edward F. Bechold in Support of Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Marcum LLP to Provide Auditing Services and Foreign Compliance Services Effective as of the Petition Date*, which was attached to the Application as Exhibit C (the "Declaration").

3. I submit this supplemental declaration (the "Supplemental Declaration") to provide additional disclosures in response to requests made by the United States Trustee for the Southern District of New York (the "U.S. Trustee") and in further support of the Application in accordance with section 327 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

4. In the Engagement Letter and in paragraph 16 of the Application, it was disclosed that Marcum is entitled to an administrative recovery fee (the "Administrative Recovery Fee") equal to three percent of fees for administrative time incurred in performing the Services. Notwithstanding the Engagement Letter and paragraph 16 of the Application, Marcum has agreed to waive any right to the Administrative Recovery Fee.

5. In paragraph 13 of the Declaration, Marcum disclosed that Marcum has retained the law firm of Mintz & Gold LLP ("M&G") to represent it on this engagement. In paragraph 26 of the Declaration, Marcum disclosed that M&G previously represented the Debtors in unconnected matters including customer disputes, responding to court, legal, and regulatory subpoenas, and providing general advice on consumer facing issues. M&G did not provide advice

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

2

regarding these cases or restructuring in general to the Debtors. Marcum further submits that M&G will not represent the Debtors with respect to any dispute between Marcum and the Debtors that may arise during the pendency of the chapter 11 cases.

6. The Debtors filed the Application approximately two months after the Petition Date. I submit that the extra time between the Petition Date and the date the Application was filed was necessary to properly prepare the Application for submission to the Court. On or around July 19, 2022, Marcum retained M&G as its counsel and only then was it determined necessary that Marcum be retained under section 327 of the Bankruptcy Code. Since that time, Marcum, with the assistance of M&G, and the Debtors with the assistance of their advisors, negotiated and drafted the terms of the retention. The parties engaged in numerous rounds of review, comment, and negotiation regarding the Engagement Letter, which was executed on July 25, 2022. Given the specific nature of the retention, unique issues were involved that took meticulous analysis and discussion among the parties.

7. In paragraph 9 of the Declaration, Marcum disclosed that it is owed prepetition Outstanding Fees in the amount of $398,847 related to Services for the period from March 2022 to July 2022. I disclose that upon further review of Marcum's records, such amount was misstated. The Debtors paid all outstanding amounts, including the Outstanding Fees, due and owing to Marcum through the Petition Date and such amounts were all received by Marcum prepetition. When the Declaration was filed, Marcum was still in the process of reconciling its bills and Marcum's internal accounting system had not yet reflected the payment of the Outstanding Fees. As a result, I believe there are no Outstanding Fees owed to Marcum and thus, there is no prepetition claim that would preclude Marcum from meeting the disinterestedness standard under the Bankruptcy Code.

3

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: October 13, 2022    /s/ Edward F. Bechold
Edward F. Bechold
Partner
Marcum LLP