# EXHIBIT A

# Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF CASSELS BROCK & BLACKWELL LLP AS CANADIAN COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF VOYAGER DIGITAL HOLDINGS, INC., *ET AL.*, EFFECTIVE JULY 29, 2022**

Upon the *Application for Order Authorizing the Employment and Retention of Cassels Brock & Blackwell LLP as Canadian Counsel to the Official Committee of Unsecured Creditors of Voyager Digital Holdings, Inc., et al., Effective as of July 29, 2022* (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Voyager Digital Holdings, Inc., *et al.* (collectively, the "Debtors") for entry of an order (this "Order") authorizing the Committee to employ and retain Cassels Brock & Blackwell LLP ("Cassels") as its legal counsel effective as of July 29, 2022, all as more fully set forth in the Application; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Voyager Digital Holdings, Inc.'s and Voyager Digital Ltd.'s principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003. Voyager Digital, LLC's principal place of business is 701 S. Miami Ave, 8th Floor, Miami, FL 33131.

[2] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Application.

United States Constitution; and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Committee's notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Application and Jacobs Declaration and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application, the Jacobs Declaration, and at the Hearing establish just cause for the relief granted herein; and the Court being satisfied, based on the representations made in the Application and the Jacobs Declaration, that Cassels is a "disinterested person" as defined in Bankruptcy Code section 101(14) and does not hold or represent an interest adverse to the Debtors' estates with respect to any of the matters for which Cassels is to be engaged; and the Court finding that the employment of Cassels is necessary to the performance of the Committee's duties; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

    1.    The relief requested in the Application is granted as set forth herein.

    2.    In accordance with Bankruptcy Code sections 328(a) and 1103(a) and Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, the Committee is hereby authorized and empowered to retain and employ Cassels as its Canadian counsel to represent it in these cases under chapter 11 of the Bankruptcy Code on the terms set forth in the Application and the Jacobs Declaration, effective as of July 29, 2022.

3. Cassels shall be compensated in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, the applicable Bankruptcy Rules, the applicable Local Rules and any other applicable order of the Court.

4. Cassels shall file a supplemental declaration with this Court and give not less than 10 business days' notice to the Debtors, the U.S. Trustee and the Committee prior to implementing any increases in the rates set forth in the Jacobs Declaration in these cases. The supplemental declaration shall explain the basis for the requested rate increases in accordance with Bankruptcy Code section 330(a)(3)(F) and state whether the Committee has consented to the rate increase.

5. The Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application.

6. To the extent any provision of the Application is inconsistent with this Order, the terms of this Order shall govern.

7. The terms and conditions of this order shall be immediately effective and enforceable upon its entry.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this order.