JASON B. BINFORD
Texas Bar No. 24045499
ABIGAIL R. RYAN
Texas Bar No. 24035956
LAYLA D. MILLIGAN
Texas State Bar No. 24026015
ROMA N. DESAI
S.D.N.Y. Bar Number RD8227
Texas Bar No. 24095553
Assistant Attorneys General
Bankruptcy & Collections Division
P. O. Box 12548
Austin, Texas 78711-2548
P: (512) 463-2173/F: (512) 936-1409
jason.binford@oag.texas.gov
abigail.ryan@oag.texas.gov
layla.milligan@oag.texas.gov
roma.desai@oag.texas.gov

ATTORNEYS FOR THE TEXAS STATE SECURITIES BOARD AND
THE TEXAS DEPARTMENT OF BANKING

**Hearing Date: October 19, 2022, at 2:00 PM (ET)**
**Objection Deadline: October 12, 2022, at 4:00 PM (ET)**
**Objection Deadline Extended by Parties: October 14, 2022, at 4:00 PM (ET)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>VOYAGER DIGITAL HOLDINGS, INC., *et al.*[1],<br><br>Debtors. | Chapter: 11<br><br>Case No. 22-10943 (MEW)<br><br>(Jointly Administered) |

**LIMITED OBJECTION OF THE TEXAS STATE SECURITIES BOARD AND THE TEXAS DEPARTMENT OF BANKING TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING ENTRY INTO THE ASSET PURCHASE AGREEMENT AND (II) GRANTING RELATED RELIEF**

The Texas State Securities Board ("SSB") and the Texas Department of Banking ("DOB"), by and

through the Office of the Texas Attorney General ("Texas"), hereby files this Limited Objection (the

"Objection") to the *Debtors' Motion for Entry of an Order Approving (I) Authorizing Entry into the*

*Asset Purchase Agreement (II) Granting Related Relief* [D.E. 472] (the "Motion"). In support of the

Objection, Texas respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

## I.    OVERVIEW

The SSB and DOB object to the Debtors' motion because, at this time, the Debtor and FTX are not in compliance with Texas law. As such, the SSB and DOB object to the Motion to the extent that the proposed sale, or order approving the sale, attempts to limit the Debtors' liability for unlawful post-petition—but pre-sale closing—conduct for which state-regulatory fines and penalties may apply, and the SSB and DOB herein request language to ensure the purchaser fully complies with state-regulatory laws before commencing business in Texas.

## II.    BACKGROUND

1.   On July 5, 2022, Voyager filed bankruptcy and continued to operate its businesses as a debtor-in-possession pursuant to sections 1107 and 1108 of title 11 of the United States Code (the "Bankruptcy Code"). [2]

2.   On July 19, 2022, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the Official Creditors' Committee (the "Committee").

3.   The Debtors started this bankruptcy on a two-track process by which the Debtors would either restructure as set out in its First Amended Joint Plan of Reorganization[3] or sell the company.

4.   To continue the second track, 16 days into the case, the Debtors filed a motion seeking an order establishing bid procedures[4] for a potential sale; however, at that time only the Debtors and the potential bidders who—before bankruptcy—signed confidentiality agreements, knew what the assets and liabilities of the Debtors were and what assets would be included in any sale—the Account Holders and Regulators were kept in the dark.[5]

5.   The Bid Procedures Order was approved, and the Debtors continued the marketing efforts it had started before the bankruptcy. As this Court is aware, an auction of the Debtors' assets has been

---

[2] Dkt. No. 1.
[3] Dkt. No. 287.
[4] Dkt. No. 248 "Bid Procedures Order."
[5] *See* Dkt. No. 186 Texas's Objection to the Debtors' Motion for Bid Procedures.

held, and the winning bidder was West Realm Shires, Inc. ("FTX").[6]

6.    Pursuant to the Asset Purchase Agreement[7] filed with this Court, as Exhibit B to the
Debtors' Motion, the sale to FTX will be consummate through confirmation of a plan, and the sale to
FTX is the keystone of the Debtors' plan.

## III.    LIMITED OBJECTION

7.    In bankruptcy, a Chapter 11 Debtor is required to comply with state laws under 28 U.S.C.
Section 959(b)—and state regulators are allowed to move forward in state court under their police
and regulatory powers granted by 11 U.S.C. Section 362(b)(4) of the Bankruptcy Code. Further, the
bankruptcy process does not shield the Debtors from administrative claims for fines and penalties
accrued by illegal operations that continue post-petition. These post-petition fines and penalties are
administrative expenses because they are seen by courts as a cost of doing business.[8]

8.    Neither the Debtors or FTX are in compliance with Texas's laws, and, until compliance is achieved,
the neither the Debtors or FTX may operate in Texas.

9.    Under Texas law, money transmissions are regulated through the Texas Department of
Banking. The Debtors' do business in Texas and admit that they hold and exercise control over
"FBO" bank accounts "through which funds sent by customers would be held."[9] The Debtors also
(purportedly) hold cryptocurrency on behalf of customers, including convertible or redeemable
"stablecoin."[10]

---

[6] *See* Dkt. No. 457.
[7] Hereinafter "APA."
[8] 11 U.S.C. 503(b)(1)(A). *See also In re BVS Constr., Inc.*, No. 19-60004-RBK, 2020 WL 1479826, at *2 (Bankr. W.D.
Tex. Mar. 20, 2020) *Finding* (Payment of civil fines and penalties are generally part of the cost of doing business."). And
*Stating* ("Multiple court of appeals cases also support the proposition that post-petition civil fines and penalties are
simply part of the cost of doing business and are allowed as an administrative expense. *See Cumberland Farms, Inc. v.
Fla. Dep't of Envtl. Prot.*, 116 F.3d 16 (1st Cir. 1997); *Ala. Surface Mining Comm'n v. N.P. Mining Co.* (*In re N.P.
Mining Co.*), 963 F.2d 1449 (11th Cir. 1992); *U.S. Dep't of Interior v. Elliott* (*In re Elkins Energy Corp.*), 761 F.2d 168
(4th Cir. 1985)).
[9] Dkt. no. 250 (*Decision as to Motion to Permit Withdrawals by Customers of Funds Held in FBO Accounts at
Metropolitan Commercial Bank*, entered August 5, 2022).
[10] *Id.* at 2.

10. By receiving customer cash and stablecoin in exchange for promising to fulfill customer orders regarding the custody and transmission of that monetary value, the Debtors have engaged in money transmission under Texas law.[11]

11. The Debtors do not have a license to conduct this money transmission and do not qualify for an exemption from licensing; Debtor Voyager Digital, LLC in fact had applied to the DOB but withdrew that license in July 2018—while nevertheless continuing to operate. Knowingly managing or owning an unlicensed money transmission business is a felony under federal law punishable by up to five years' imprisonment.[12] Administrative penalties for unauthorized money transmission are $5,000 per day per violation under Texas law.[13]

12. The DOB has been investigating Voyager and has requested information that has not been provided, but the DOB will continue to work toward a conclusion of its investigation and its assessment of appropriate regulatory responses, including potential fines and penalties.

13. FTX appears to be in the same regulatory compliance situation as the Debtors—engaging in unlicensed money transmission and illegal securities offerings.

---

[11] *See* Tex. Fin. Code § 151.301(b)(4) ("'Money transmission' means the receipt of money or monetary value by any means in exchange for a promise to make the money or monetary value available at a later time or different location."); *see also* Texas Department of Banking Supervisory Memorandum 1037, *Regulatory Treatment of Virtual Currency Under the Texas Money Services Act* (Apr. 1, 2019 (rev.)), https://www.dob.texas.gov/sites/default/files/files/consumer-information/sm1037.pdf ("Stablecoins that are pegged to sovereign currency may be considered a claim that can be converted into currency and thus fall within the definition of money or monetary value under Finance Code § 151.301(b)(3).").

[12] 18 U.S.C. § 1960. Given that the Debtors' business was grounded in obvious, and potentially criminal, violations of money transmission laws, it is unclear why the Debtors remain in possession and a trustee has not been appointed. *See* 11 U.S.C. § 1104(a) (identifying fraud and gross mismanagement as cause for appointing a trustee & (e) (stating that the U.S. Department of Justice "shall move for the appointment of a trustee under subsection (a) if there are reasonable grounds to suspect that current members of the governing body of the debtor [or] the debtor's chief executive or chief financial officer …participated in actual fraud, dishonesty, or criminal conduct in the management of the debtor") (emphasis added).

[13] Tex. Fin. Code § 151.707(c). The Department is filing proofs of claim against all Debtors that are estimated based on the limited information made available by the Debtors. The Debtors' plan should include an appropriate mechanism to pay distributions on regulatory claims such as these to victims.

14.  As set out in the attached declaration, FTX is currently conducting business in Texas without complying with the SSB's laws. Unless and until FTX obtains the proper permits and licenses, it must not do business in Texas and may face liability for unauthorized activities.

15. The bankruptcy sale process also does not offer protection to non-debtors, such as FTX, for any acts of ongoing illegal conduct by FTX, even if the assets are bought from the estate.[14]

16. In an effort to clarify state regulatory obligations, the SSB and the DOB request that the following language be included in any order approving the Debtors' Motion:

> ***No Effect on Governmental Regulatory Authority:***
>
> *For the avoidance of doubt, nothing in this Order, the APA, the Plan, or any Order confirming the Plan shall authorize or require the transfer of any Assets to a Purchaser unless and until the Purchaser is registered as appropriate with the Texas State Securities Board, the Texas Department of Banking, and otherwise complies with all nonbankruptcy law.*
>
> *Nothing in this Order, the APA, the Plan, or any Order confirming the Plan or related documents discharges, releases, precludes, or enjoins: (i) any liability to any governmental unit as defined in 11 U.S.C. § 101(27) ("Governmental Unit"); (ii) any liability to a Governmental Unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the date of the closing of the Sale; or (iv) any liability to a Governmental Unit on the part of any Person other than the Debtors. Nor shall anything in this Order or related documents enjoin or otherwise bar a Governmental Unit from asserting or enforcing, outside this Court, any liability described in the preceding sentence.*
>
> *Further, nothing in this Order, the APA, the Plan, or any Order confirming the Plan or related documents authorize the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law. Nothing in this Order, the APA, the Plan, or any Order confirming the Plan or related documents shall relieve any entity from any obligation to address or comply with information requests or inquiries from any Governmental Unit. Nothing this Order, the APA, the Plan, or any Order confirming the Plan or related documents shall affect any setoff or recoupment rights of any Governmental Unit. Nothing in this Order, the APA, the Plan, or any Order confirming the Plan divests any tribunal of any jurisdiction it may have*

---

[14] *See In re Oldco M. Corp.*, 438 B.R. 775, 785 (Bankr. S.D.N.Y. 2010) (noting that, even when a bankruptcy sale is "free and clear," the purchaser must comply with applicable legal obligations "starting with the day it got the property"); *see also In re Welker*, 163 B.R. 488, 489 (Bankr. N.D. Tex. 1994) (stating that "[n]o subsection of § 363 applies to authorize the trustee to sell free and clear of [governmental regulatory] interests.").

*under police or regulatory law to interpret this Order or to adjudicate any defense asserted under this Order, the APA, the Plan, or any Order confirming the Plan.*

## IV.  RESERVATION OF RIGHTS

17.  Texas reserves the right to supplement this Objection or to raise additional or further

objections to the Debtors' Motion at or prior to the Hearing or at any other relevant hearing.

## V.  PRAYER

WHEREFORE premise considered, the Texas State Securities Board and the Texas Department

of Banking request that the following language be included in any order approving the Debtors'

Motion:

*No Effect on Governmental Regulatory Authority:*

*For the avoidance of doubt, nothing in this Order, the APA, the Plan, or any Order confirming the Plan shall authorize or require the transfer of any Assets to a Purchaser unless and until the Purchaser is registered as appropriate with the Texas State Securities Board, the Texas Department of Banking, and otherwise complies with all nonbankruptcy law.*

*Nothing in this Order, the APA, the Plan, or any Order confirming the Plan or related documents discharges, releases, precludes, or enjoins: (i) any liability to any governmental unit as defined in 11 U.S.C. § 101(27) ("Governmental Unit"); (ii) any liability to a Governmental Unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the date of the closing of the Sale; or (iv) any liability to a Governmental Unit on the part of any Person other than the Debtors. Nor shall anything in this Order or related documents enjoin or otherwise bar a Governmental Unit from asserting or enforcing, outside this Court, any liability described in the preceding sentence.*

*Further, nothing in this Order, the APA, the Plan, or any Order confirming the Plan or related documents authorize the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law. Nothing in this Order, the APA, the Plan, or any Order confirming the Plan or related documents shall relieve any entity from any obligation to address or comply with information requests or inquiries from any Governmental Unit. Nothing this Order, the APA, the Plan, or any Order confirming the Plan or related documents shall affect any setoff or recoupment rights of any Governmental Unit. Nothing in this Order, the APA, the Plan, or any Order confirming the Plan divests any tribunal of any jurisdiction it may have under police or regulatory law to interpret this Order or to adjudicate any defense asserted under this Order, the APA, the Plan, or any Order confirming the Plan.*

Finally, the Texas State Securities Board and the Texas Department of Banking pray for any

other relief that the Court finds them entitled.

*[Remainder of Page Intentionally Left Blank]*

Dated: October 14, 2022,                          Respectfully submitted,

                                                  KEN PAXTON
                                                  Attorney General of Texas

                                                  BRENT WEBSTER
                                                  First Assistant Attorney General

                                                  GRANT DORFMAN
                                                  Deputy First Assistant Attorney General

                                                  SHAWN E. COWLES
                                                  Deputy Attorney General for Civil Litigation

                                                  RACHEL R. OBALDO
                                                  Assistant Attorney General
                                                  Chief, Bankruptcy & Collections Division

                                                  /s/ Abigail Ryan
                                                  JASON B. BINFORD
                                                  Texas State Bar No. 24045499
                                                  LAYLA D. MILLIGAN
                                                  Texas State Bar No. 24026015
                                                  ABIGAIL R. RYAN
                                                  Texas State Bar No. 24035956
                                                  ROMA N. DESAI
                                                  S.D.N.Y. Bar Number RD8227
                                                  Texas Bar No. 24095553
                                                  Office of the Attorney General of Texas
                                                  Bankruptcy & Collections Division
                                                  P. O. Box 12548
                                                  Austin, Texas 78711-2548
                                                  Telephone: (512) 463-2173
                                                  Facsimile: (512) 936-1409
                                                  jason.binford@oag.texas.gov
                                                  layla.milligan@oag.texas.gov
                                                  abigail.ryan@oag.texas.gov
                                                  roma.desai@oag.texas.gov

                                                  ATTORNEYS FOR THE TEXAS STATE SECURITIES BOARD
                                                  AND THE TEXAS DEPARTMENT OF BANKING

## <u>CERTIFICATE OF SERVICE</u>

      I certify that a true and correct copy of the foregoing has been served via the Court's Electronic Filing System on all parties requesting notice in this proceeding on October 14, 2022.

<u>*/s/ Abigail Ryan*</u>
ABIGAIL RYAN
Assistant Attorney General
