UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | ) ) ) | Case No. 22-10943 (MEW) |
| Debtors.[1] | ) ) ) | (Jointly Administered) |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF EPIQ CORPORATE RESTRUCTURING, LLC AS NOTICING AND INFORMATION AGENT FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF VOYAGER DIGITAL HOLDINGS, *ET AL.*, EFFECTIVE AS OF JULY 26, 2022**

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Voyager Digital Holdings, Inc., *et al.* (collectively, the "Debtors") for entry of an order (this "Order") authorizing the Committee to employ Epiq as noticing and information agent for the Committee, effective as of July 26, 2022, all as more fully set forth in the Application; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Voyager Digital Holdings, Inc.'s and Voyager Digital Ltd.'s principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003. Voyager Digital, LLC's principal place of business is 701 S. Miami Ave, 8th Floor, Miami, FL 33131.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Committee's notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted to the extent provided herein.

2. The Committee is authorized to employ and retain Epiq as its noticing and information agent in the Chapter 11 Cases, effective as of July 26, 2022, for the purposes set forth in the Application and the Mailloux Declaration.

3. The Debtors are authorized and directed to compensate Epiq in accordance with the procedures set forth in the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professional and (II) Granting Related Relief* [Docket No. 236].

4. For the avoidance of doubt, under no circumstances shall any of the compensation or expense reimbursement obligations be an obligation of, or paid by, the Committee or any of its members or professionals.

5. Epiq shall use its reasonable best efforts to avoid any duplication of services provided by any of the Debtors' or the Committee's other retained professionals in the Chapter 11 Cases.

6. To the extent the terms of this Order are in any way inconsistent with the Services Agreement and this Order, the terms of this Order shall govern.

7. The Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. Notwithstanding any stay that might be imposed by Bankruptcy Rule 6004(h) or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation and implementation of this Order.

11. Notice of the Application as provided herein shall be deemed good and sufficient notice of the Application.

Dated: New York, New York
      October 18, 2022

                                  /s/ Michael E. Wiles
                                  HONORABLE MICHAEL E. WILES
                                  UNITED STATES BANKRUPTCY JUDGE