Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | Case No. 22-10943 (MEW) |
| Debtors. | (Jointly Administered) |

### NOTICE OF FILING OF
### THE REVISED ORDER APPROVING (I) THE ADEQUACY OF
### THE DISCLOSURE STATEMENT, (II) SOLICITATION AND NOTICE
### PROCEDURES, (III) FORMS OF BALLOTS AND NOTICES IN CONNECTION
### THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby file a revised *Order Approving (I) the Adequacy of the Disclosure Statement, (II) Solicitation and Notice Procedures, (III) Forms of Ballots and Notices in Connection Therewith, and (IV) Certain Dates With Respect Thereto* (the "Revised Disclosure Statement Order"), attached hereto as **Exhibit A**. A redline of the Revised Disclosure Statement Order is attached hereto as **Exhibit B**, which reflects changes from the original *Order Approving (I) the Adequacy of the Disclosure Statement, (II) Solicitation and Notice Procedures, (III) Forms*

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

*of Ballots and Notices in Connection Therewith, and (IV) Certain Dates With Respect Thereto* [Docket No. 289, Exhibit A] filed on August 12, 2022.

**PLEASE TAKE FURTHER NOTICE** that the Debtors reserve the right to materially alter, amend, or modify the Revised Disclosure Statement Order; *provided* that if the Revised Disclosure Statement Order is altered, amended, or modified in any materials respect, the Debtors will file a revised version of such document the United States Bankruptcy Court for the Southern District of New York (the "Court").

**PLEASE TAKE FURTHER NOTICE** that the hearing (the "Disclosure Statement Hearing") at which the Court will consider approval and entry of the Revised Disclosure Statement Order will be held before the Honorable Michael E. Wiles of the United States Bankruptcy Court for the Southern District of New York on **October 19, 2022, at 2:00 p.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that copies of the First Amended Disclosure Statement, the Disclosure Statement Motion, and other pleadings filed in the above-captioned chapter 11 cases may be obtained free of charge by visiting the website of Stretto at http://www.cases.stretto.com/Voyager.  You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated:  October 19, 2022          */s/ Joshua A. Sussberg*
New York, New York                **KIRKLAND & ELLIS LLP**
                                  **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                  Joshua A. Sussberg, P.C.
                                  Christopher Marcus, P.C.
                                  Christine A. Okike, P.C.
                                  Allyson B. Smith (admitted *pro hac vice*)
                                  601 Lexington Avenue
                                  New York, New York 10022
                                  Telephone:    (212) 446-4800
                                  Facsimile:    (212) 446-4900
                                  Email:        jsussberg@kirkland.com
                                                cmarcus@kirkland.com
                                                christine.okike@kirkland.com
                                                allyson.smith@kirkland.com

                                  *Counsel to the Debtors and Debtors in Possession*

## Exhibit A

**Revised Disclosure Statement Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### ORDER APPROVING (I) THE
### ADEQUACY OF THE DISCLOSURE STATEMENT,
### (II) THE SOLICITATION AND NOTICE PROCEDURES,
### (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION
### THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO

Upon the motion (the "Motion")[2] of the Debtors for entry of an order pursuant to sections 105, 363, 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3016, 3017, 3018, 3020, and Local Rules 3017-1, 3018-1, and 3020-1 approving: (a) the *First Amended Disclosure Statement Relating to the Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement"); (a) the Solicitation and Voting Procedures; (b) the Disclosure Statement Hearing Notice; (c) the Non-Voting Status Notices; (d) the Ballots; (e) the manner and form of the Solicitation Packages and the materials contained therein; (f) the Plan Supplement Notice; (g) the Assumption and Rejection Notices; (h) the Voting Record Date; (i) the Disclosure Statement Objection Deadline and Disclosure Statement Reply Deadline; (j) the Disclosure Statement Hearing date; (k) the Solicitation Deadline; (l) the Publication Deadline; (m) the Plan

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital, Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

Supplement Filing Date; (n) the Voting Deadline and Plan Objection Deadline; (o) the deadline to file the Voting Report; (p) the Confirmation Brief Deadline and Plan Objection Reply Deadline; (q) the Confirmation Hearing Date and Confirmation Hearing Notice; and (r) the dates and deadlines related thereto, all as more fully described in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.    The Motion is granted as provided herein.

**I.    Approval of the Disclosure Statement.**

2.    The Disclosure Statement is hereby approved as providing Holders of Claims entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code.

3.     The Disclosure Statement (including all applicable exhibits thereto) provides Holders of Claims or Interests, and other parties-in-interest with sufficient notice of the injunction, exculpation, and release provisions contained in Article VIII of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

## II.     Approval of the Disclosure Statement Hearing Notice.

4.     The Disclosure Statement Hearing Notice, filed by the Debtors and served upon parties-in-interest in these chapter 11 cases, constitutes adequate and sufficient notice of the hearing to consider approval of the Disclosure Statement, the manner in which a copy of the Disclosure Statement (and exhibits thereto, including the Plan) can be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

## III.    Approval of the Materials and Timeline for Soliciting Votes.

### A.     Approval of Key Dates and Deadlines with Respect to the Plan and Disclosure Statement.

5.     The following dates are hereby established (subject to modification as necessary) with respect to the solicitation of votes to accept or reject, and voting on, the Plan:

a.     ***Disclosure Statement Objection Deadline.*** **October 12, 2022, at 4:00 p.m.** prevailing Eastern Time as the deadline by which objections to the Disclosure Statement must be filed with the Court and served so as to be **actually received** by the appropriate notice parties (the "Disclosure Statement Objection Deadline");

b.     ***Disclosure Statement Reply Deadline.*** **October 18, 2022** as the deadline by which replies to objections to the Disclosure Statement must be filed with the Court and served so as to be **actually received** by the appropriate notice parties (the "Disclosure Statement Reply Deadline");

c.     ***Voting Record Date***. **October 19, 2022** as the date for determining (i) which Holders of Claims in the Voting Classes are entitled to vote to accept or reject the Plan and receive Solicitation Packages in connection therewith and (ii) whether Claims have been properly assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that

the assignee can vote as the Holder of the respective Claim (the "Voting Record Date");

d.  ***Disclosure Statement Hearing.***  **October 19, 2022, at 2:00 p.m.** prevailing Eastern Time as the date for the hearing at which the Court will consider approval of the Disclosure Statement;

e.  ***Publication Deadline.***  **Five (5) business days after entry of the Disclosure Statement Order** as the last date by which the Debtors will submit the Confirmation Hearing Notice for publication in a format modified for publication (the "Publication Notice");

f.  ***Solicitation Deadline.***  **October 28, 2022** as the deadline for distributing Solicitation Packages, including Ballots, to Holders of Claims entitled to vote to accept or reject the Plan (the "Solicitation Deadline");

g.  ***Plan Supplement Filing Deadline.***  **Seven (7) days prior to the Voting Deadline** as the deadline by which the Debtors must file the Plan Supplement (the "Plan Supplement Filing Deadline"); and

h.  ***Voting Deadline.***  **November 25, 2022, at 4:00 p.m.** prevailing Eastern Time as the deadline by which **all** Ballots must be properly executed, completed, and delivered so that they are **actually received** (the "Voting Deadline") by Stretto, Inc. (the "Claims, Noticing, and Solicitation Agent").

**B.    Approval of the Form of, and Distribution of, Solicitation Packages to Parties Entitled to Vote on the Plan.**

6.    In addition to the Disclosure Statement and exhibits thereto, the Solicitation Packages to be transmitted on or before the Solicitation Deadline to those Holders of Claims in the Voting Classes entitled to vote on the Plan as of the Voting Record Date, shall include the following, the form of each of which is hereby approved:

a.    the Disclosure Statement (and exhibits thereto, including the Plan);

b.    a copy of the Solicitation and Voting Procedures, attached hereto as **Exhibit 1**;

c.    the applicable forms of Ballots, including the mechanisms for (i) opting in to the Third-Party Release contained in Article VIII.B of the Plan and (ii) electing to contribute Contributed Third-Party Claims, and which will include the detailed voting instructions and instructions on how to submit the Ballot, which are attached hereto as **Exhibit 4A**, **Exhibit 4B**, and **Exhibit 4C**, **Exhibit 4D**, **Exhibit 4E**;

4

    d.      the Cover Letter, attached hereto as **Exhibit 5**;

    e.      this Disclosure Statement Order (without exhibits);

    f.      the Confirmation Hearing Notice, attached hereto as **Exhibit 6**;

    g.      the Committee Letter; attached hereto as **Exhibit 11**; and

    h.      such other materials as the Court may direct.

7.      The Solicitation Packages provide the Holders of Allowed Claims entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Local Rules.

8.      The Debtors shall distribute Solicitation Packages to all Holders of Allowed Claims entitled to vote on the Plan on or before the Solicitation Deadline.  Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

9.      The Debtors are authorized, but not directed or required, to cause the Solicitation Packages to be distributed through the Claims, Noticing, and Solicitation Agent by e-mail to those Holders of Claims in Class 3 and by first-class U.S. mail to those Holders of Claims in Class 4 and Class 5.  The Debtors shall provide a copy of the Plan, the Disclosure Statement, and this Disclosure Statement Order (without exhibits) to Holders of Claims in Class 4, Class 5A, Class 5B, and Class 5C in electronic format (CD-ROM or flash drive) and to Holders of Claims in Class 3 via e-mail.  The Ballots, the Cover Letter, the Committee Letter, the Solicitation and Voting Procedures, and the Confirmation Hearing Notice shall be provided by e-mail to Holders of Claims in Class 3 and in paper format to Holders of Claims in Class 4, Class 5A, Class 5B, and Class 5C. On or before the Solicitation Deadline, the Debtors (through the Claims, Noticing, and Solicitation Agent) shall provide complete Solicitation Packages (other than Ballots) to the U.S. Trustee and to all parties on the 2002 List as of the Voting Record Date.

10.     Any party that receives the materials in electronic format but would prefer to receive materials in paper format may contact the Claims, Noticing, and Solicitation Agent and request paper copies of the corresponding materials previously received in electronic format (to be provided at the Debtors' expense).

11.     The Claims, Noticing, and Solicitation Agent is authorized to assist the Debtors in: (a) distributing the Solicitation Packages; (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims against the Debtors; (c) responding to inquiries from Holders of Claims or Interests and other parties-in-interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan; (d) soliciting votes on the Plan; and (e) if necessary, contacting stakeholders regarding the Plan.

**C.      Approval of the Confirmation Hearing Notice.**

12.     The Confirmation Hearing Notice, in the form attached hereto as **<u>Exhibit 6</u>**, filed by the Debtors and served upon parties-in-interest in these chapter 11 cases on or before the Solicitation Deadline, constitutes adequate and sufficient notice of the hearing to consider approval of the Plan, the manner in which a copy of the Plan can be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  Five business days following the entry of this Disclosure Statement Order, or as soon as practicable thereafter, the Debtors shall submit the Publication Notice for publication in *The New York Times* (National Edition) and the *Financial Times* (International Edition).

**D.    Approval of Notice of Filing of the Plan Supplement.**

13.    The Debtors are authorized to send notice of the filing of the Plan Supplement substantially in the form attached hereto as **Exhibit 7** on the Plan Supplement Filing Deadline or as soon as reasonably practicable thereafter.

**E.    Approval of the Form of Notices to Non-Voting Classes.**

14.    Except to the extent the Debtors determine otherwise, the Debtors are not required to provide Solicitation Packages to Holders of Claims or Interests in Non-Voting Classes, as such Holders are not entitled to vote on the Plan.  Instead, on or before the Solicitation Deadline, the Claims, Noticing, and Solicitation Agent shall mail (first-class postage pre-paid) a Non-Voting Status Notice in lieu of Solicitation Packages, the form of each of which, including the mechanisms for (i) opting in to the Third-Party Release contained in Article VIII.B of the Plan and (ii) electing to contribute Contributed Third-Party Claims, is hereby approved, to those parties, outlined below, who are not entitled to vote on the Plan:

a.    ***Unimpaired Claims—Conclusively Presumed to Accept.***  Holders of Claims in Classes 1 and 2 are not impaired under the Plan and, therefore, are conclusively presumed to have accepted the Plan.  As such, Holders of such Claims will receive a notice, substantially in the form attached to this Disclosure Statement Order as **Exhibit 3A**, in lieu of a Solicitation Package.

b.    ***Other Interests and Claims—Deemed to Reject.***  Holders of Claims or Interests in Class 6 (Section 510(b) Claims) and Class 9 (Existing Equity Holders) may not be entitled to a distribution under the Plan and, therefore, are deemed to reject the Plan and will receive a notice, substantially in the form attached to this Disclosure Statement Order as **Exhibit 3B**, in lieu of a Solicitation Package.

c.    ***Disputed Claims.***  Holders of Claims that are subject to a pending objection by the Debtors filed on or before the Solicitation Deadline are not entitled to vote the disputed portion of their claim.  As such, Holders of such Claims will receive a notice, substantially in the form attached to this Disclosure Statement Order as **Exhibit 3C**.

15.     The Debtors are not required to mail Solicitation Packages or other solicitation materials to:  (a) Holders of Claims that have already been paid in full during these chapter 11 cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court; or (b) any party to whom the Disclosure Statement Hearing Notice was sent but was subsequently returned as undeliverable.

16.     The Debtors will not provide the Holders of Class 7 Intercompany Claims or Class 8 Intercompany Interests with a Solicitation Package or any other type of notice in connection with solicitation.

**F.      Approval of Notices to Contract and Lease Counterparties.**

17.     The Debtors are authorized to mail a notice of rejection or assumption of any Executory Contracts or Unexpired Leases, in the forms attached hereto as **Exhibit 8**, **Exhibit 9**, and **Exhibit 10**, respectively, to the applicable counterparties to Executory Contracts and Unexpired Leases that will be rejected or assumed pursuant to the Plan, respectively, within the time periods specified in the Plan.

**IV.    Approval of the Solicitation and Voting Procedures.**

18.     The Debtors are authorized to solicit, receive, and tabulate votes to accept the Plan in accordance with the Solicitation and Voting Procedures attached hereto as **Exhibit 1**, which are hereby approved in their entirety.  The Debtors are authorized to convert each Claim asserted in currency other than U.S. dollars to the equivalent U.S. dollar value using the conversion rate for the applicable currency at prevailing market prices as of 8:00 a.m. (prevailing Eastern Time) on the Voting Record Date, *provided* that such conversion shall be for voting tabulation purposes only and shall not be binding for any other purpose on the Debtors, including, without limitation, for purposes of the allowance of, and distribution with respect to, Claims under the Plan.

V.      **Approval of Procedures for Confirming the Plan.**

   A.      **Approval of the Timeline for Filing Objections to the Plan and Confirming the Plan.**

   19.     The following dates are hereby established (subject to modification as needed) with

respect to filing objections to the Plan and confirming the Plan:

   a.    ***Plan Objection Deadline.*** **November 25, 2022, at 4:00 p.m.** prevailing Eastern Time as the deadline by which objections to the Plan must be filed with the Court and served so as to be **actually received** by the appropriate notice parties (the "Plan Objection Deadline");

   b.    ***Deadline to File Voting Report.*** **December 2, 2022, at 4:00 p.m.**, prevailing Eastern Time, as the date by which the report tabulating the voting on the Plan (the "Voting Report") shall be filed with the Court;

   c.    ***Confirmation Brief Deadline and Plan Objection Reply Deadline.*** **December 2, 2022, at 4:00 p.m.** prevailing Eastern Time as the deadline by which the Debtors shall file their brief in support of Confirmation of the Plan (the "Confirmation Brief Deadline") and deadline by which replies to objections to the Plan must be filed with the Court (the "Plan Objection Reply Deadline"); and

   d.    ***Confirmation Hearing Date.*** **December 6, 2022**, or as soon thereafter as the Debtors may be heard, as the date for the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing Date").

   B.      **Approval of the Procedures for Filing Objections to the Plan.**

   20.     Objections to the Plan will not be considered by the Court unless such objections

are timely filed and properly served in accordance with this Disclosure Statement Order and the

Case Management Order.  Specifically, all objections to confirmation of the Plan or requests for

modifications to the Plan, if any, **must**:  (a) be in writing; (b) conform to the Bankruptcy Rules

and the Local Rules; (c) state, with particularity, the legal and factual basis for the objection and,

if practicable, a proposed modification to the Plan (or related materials) that would resolve such

objection; and (d) be filed with the Court and served upon the notice parties so as to be

**actually received** on or before the **November 25, 2022, at 4:00 p.m.** prevailing Eastern Time by each of the notice parties identified in the Confirmation Hearing Notice.

#### C.    Approval of Consequences of Not Confirming or Consummating the Plan.

21.    If the Debtors revoke or withdraw the Plan, or if Confirmation or the Effective Date does not occur, then:  (1) the Plan will be null and void in all respects; (2) any settlement or compromise not previously approved by Final Order of the Court embodied in the Plan (including the fixing or limiting to an amount certain of the Claims or Interests or Classes of Claims or Interests), assumption or rejection of Executory Contracts or Unexpired Leases effectuated by the Plan, and any document or agreement executed pursuant to the Plan will be null and void in all respects; and (3) nothing contained in the Plan shall (a) constitute a waiver or release of any Claims, Interests, or Causes of Action by any Entity, (b) prejudice in any manner the rights of any Debtor or any other Entity, or (c) constitute an admission, acknowledgement, offer, or undertaking of any sort by any Debtor or any other Entity.

### VI.    Miscellaneous.

22.    The Debtors reserve the right to modify the Plan in accordance with Article X thereof, including the right to withdraw the Plan as to any or all Debtors at any time before the Confirmation Date.

23.    Nothing in this Disclosure Statement Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a proof of claim after the Voting Record Date.

24.    The rights of the Ad Hoc Group of Equity Interest Holders, the Texas State Securities Board, the Texas Department of Banking, and the Office of the Texas Attorney General to object to the Plan are expressly preserved.

25.     Notwithstanding anything to the contrary in the Disclosure Statement, the Plan, this Order, or any findings announced at the Disclosure Statement Hearing, nothing in the Disclosure Statement, the Plan, this Order, or announced at the Disclosure Statement Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis is expressly reserved.

26.     The Debtors shall maintain copies of their books and records as set forth in the Plan. Nothing in this Disclosure Statement Order shall affect the obligations of the Debtors and/or any transferee or custodian to maintain all books and records that are subject to any governmental subpoena, document preservation letter, or other investigative request from a governmental agency.

27.     All time periods set forth in this Disclosure Statement Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

28.     Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

29.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Disclosure Statement Order in accordance with the Motion.

30.     The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Disclosure Statement Order.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

**Solicitation and Voting Procedures**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## SOLICITATION AND VOTING PROCEDURES

**PLEASE TAKE NOTICE THAT** on [●], 2022, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) authorizing Voyager Digital Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement Relating to the Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

       1.       The Voting Record Date.

The Court has approved **October 19, 2022** as the record date for purposes of determining which Holders of Claims in Class 3 (Account Holder Claims), Class 4 (Alameda Loan Facility Claims), Class 5A (OpCo General Unsecured Claims), Class 5B (HoldCo General Unsecured Claims), and Class 5C (TopCo General Unsecured Claims) are entitled to vote on the Plan (the "Voting Record Date").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    Capitalized terms not otherwise defined herein shall have the meaning given to them in the *Debtors' Motion for Entry of an Order Approving (I) the Adequacy of the Disclosure Statement, (II) Solicitation and Notice Procedures, (III) Forms of Ballots and Notices in Connection Therewith, and (IV) Certain Dates with Respect Thereto* [Docket No. [●]] or the Plan, as applicable.

2.       The Voting Deadline.

The Court has approved **November 25, 2022, at 4:00 p.m.** prevailing Eastern Time as the voting deadline (the "Voting Deadline") for the Plan. The Debtors may extend the Voting Deadline, in their discretion, without further order of the Court. The Voting Deadline for any counterparty to an Unexpired Lease or Executory Contract which is identified as rejected through the *Notice Regarding Executory Contracts and Unexpired Leases to be Rejected Pursuant to the Plan* mailed later than five (5) days prior to the Voting Deadline shall be extended by two (2) Business Days.

To be counted as votes to accept or reject the Plan, all ballots (the "Ballots") must be executed, completed, and delivered pursuant to the instructions set forth on the applicable Ballot so that they are **actually received** by Stretto, Inc. (the "Claims, Noticing, and Solicitation Agent") no later than the Voting Deadline. Delivery of a Ballot to the Claims, Noticing, and Solicitation Agent by e-mail, facsimile, or other electronic means, other than via the Stretto online voting portal at https://cases.stretto.com/Voyager/balloting, shall not be valid.

3.       Form, Content, and Manner of Notices.

(i)       The Solicitation Package.

The following materials shall constitute the solicitation package (the "Solicitation Package"):

a.       a copy of these Solicitation and Voting Procedures;

b.       the applicable opt-in release notice, substantially in form attached as **Exhibit 3A** and **Exhibit 3B** to the Disclosure Statement Order, as applicable;

c.       the applicable form of Ballot, substantially in the form attached as **Exhibit 4A**, **Exhibit 4B**, **Exhibit 4C**, **Exhibit 4D**, or **Exhibit 4E** to the Disclosure Statement Order, as applicable;

d.       a pre-paid, pre-addressed return envelope for Holders of Claims in Class 5A (OpCo General Unsecured Claims), Class 5B (HoldCo General Unsecured Claims), and Class 5C (TopCo General Unsecured Claims);

e.       the Cover Letter, which describes the contents of the Solicitation Package and urges Holders of Claims in each of the Voting Classes to vote to accept the Plan;

f.       the Committee Letter;

g.       the approved Disclosure Statement (and exhibits thereto, including the Plan);

h.       the Disclosure Statement Order (excluding exhibits, except for these Solicitation and Voting Procedures);

i.       the Confirmation Hearing Notice; and

j.       any additional documents that the Court has ordered to be made available.

(ii)       Distribution of the Solicitation Package.

The Solicitation Package shall provide the Plan, the Disclosure Statement, and the Disclosure Statement Order (without exhibits, except the Solicitation and Voting Procedures) in electronic format, and all other contents of the Solicitation Package, including the Ballots and the Cover Letter, shall be provided in paper format, except with respect to Holders of Claims in Class 3 (Account Holder Claims), who shall receive the entire Solicitation Package in electronic format. Any party that receives the materials in electronic format but would prefer paper format may contact the Claims, Noticing, and Solicitation Agent by:  calling the Claims, Noticing, and Solicitation Agent at (855) 473-

8665 (Toll-Free) or +1 (949) 271-6507 (International); (b) e-mailing the Claims, Noticing, and Solicitation Agent at VoyagerInquiries@Stretto.com with a reference to "In re: Voyager - Solicitation Inquiry" in the subject line; or (c) writing to the Claims, Noticing, and Solicitation Agent at Voyager Inquiries, c/o Stretto 410 Exchange, Suite 100 Irvine, CA 92602.

The Debtors shall serve, or cause to be served, all of the materials in the Solicitation Package (excluding the Ballots) on the U.S. Trustee and all parties who have requested service of papers in this case pursuant to Bankruptcy Rule 2002 as of the Voting Record Date. In addition, the Debtors shall distribute, or cause to be distributed, the Solicitation Package to all Holders of Claims in the Voting Classes on or before **October 28, 2022** who are entitled to vote, as described in Section 4(i) below.

To avoid duplication and reduce expenses, the Debtors will make every reasonable effort to ensure that any Holder of a Claim who has filed duplicative Claims against a Debtor (whether against the same or multiple Debtors) that are classified under the Plan in the same Voting Class receives no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claim and with respect to that Class as against that Debtor.

(iii)     <u>Resolution of Disputed Claims for Voting Purposes; Resolution Event.</u>

   a.     If a Claim in a Voting Class is subject to an objection that is filed with the Court on or prior to seven days before the Voting Deadline: (i) the Debtors shall cause the applicable Holder to be served with the *Notice of Non-Voting Status with Respect to Disputed Claims* substantially in the form annexed as **Exhibit 3C** to the Disclosure Statement Order; and (ii) the applicable Holder shall not be entitled to vote to accept or reject the Plan on account of such Claim unless a Resolution Event (as defined herein) occurs as provided herein.

   b.     If a Claim in a Voting Class is subject to an objection that is filed with the Court less than seven days prior to the Voting Deadline, the applicable Claim shall be deemed temporarily allowed for voting purposes only, without further action by the Holder of such Claim and without further order of the Court, unless the Court orders otherwise.

   c.     A "<u>Resolution Event</u>" means the occurrence of one or more of the following events no later than two business days prior to the Voting Deadline:

        i.     an order of the Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code;

        ii.     an order of the Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a);

        iii.     a stipulation or other agreement is executed between the Holder of such Claim and the Debtors resolving the objection and allowing such Claim in an agreed upon amount; or

        iv.     the pending objection is voluntarily withdrawn by the objecting party.

   d.     No later than one Business Day following the occurrence of a Resolution Event, the Debtors shall cause the Claims, Noticing, and Solicitation Agent to distribute via email, hand delivery, or overnight courier service a Solicitation Package and a pre-addressed, postage pre-paid envelope to the relevant Holder.

(iv)     <u>Non-Voting Status Notices for Unimpaired Classes and Classes Deemed to Reject the Plan.</u>

Certain Holders of Claims and Interests that are not classified in accordance with section 1123(a)(1) of the Bankruptcy Code or who are not entitled to vote because they are Unimpaired or otherwise presumed to accept the Plan under section 1126(f) of the Bankruptcy Code will receive only the *Notice of Non-Voting Status to Holders of Unimpaired*

3

*Claims Conclusively Presumed to Accept the Plan*, substantially in the form annexed as **Exhibit 3A** to the Disclosure Statement Order. Such notice will instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots). Certain Holders of Claims or Interests who are not entitled to vote because they are deemed to reject the Plan under section 1126(g) of the Bankruptcy Code will receive the *Notice of Non-Voting Status to Holders of Impaired Claims and Interests Deemed to Reject the Plan*, substantially in the form annexed as **Exhibit 3B** to the Disclosure Statement Order. Such notice will instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots). In addition, Holders of Claims or Interests in the classes deemed to reject the Plan will also receive the Disclosure Statement (together with the Plan attached as **Exhibit A** thereto).

(v)        Notices in Respect of Executory Contracts and Unexpired Leases.

Counterparties to Executory Contracts and Unexpired Leases that receive a *Notice of Rejection of Executory Contracts and Unexpired Leases* substantially in the form attached as **Exhibit 9** or a *Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* substantially in the form attached as **Exhibit 10** to the Disclosure Statement Order, may file an objection to the Debtors' proposed assumption, rejection, or cure amount, as applicable. Such objections must be in writing and filed with the Clerk of the United States Bankruptcy Court for the Southern District of New York on or before **November 25, 2022, at 4:00 p.m.** and shall be served as set forth in the applicable notice of assumption or rejection.

4.        Voting and Tabulation Procedures.

(i)        Holders of Claims Entitled to Vote.

Only the following Holders of Claims in the Voting Classes shall be entitled to vote with regard to such Claims:

a.        Holders of Claims who, on or before the Voting Record Date, have timely filed a Proof of Claim (or an untimely Proof of Claim that has been Allowed as timely by the Court under applicable law on or before the Voting Record Date) that: (i) has not been expunged, disallowed, disqualified, withdrawn, or superseded prior to the Voting Record Date; and (ii) is not the subject of a pending objection filed with the Court at least seven (7) days prior to the Voting Deadline, pending a Resolution Event as provided herein; *provided* that a Holder of a Claim that is the subject of a pending objection on a "reduce and allow" basis shall receive a Solicitation Package and be entitled to vote such Claim in the reduced amount contained in such objection absent a further order of the Court;

b.        Holders of Claims that are listed in the Schedules, *provided* that Claims that are scheduled as contingent, unliquidated, or disputed (excluding such scheduled disputed, contingent, or unliquidated Claims that have been paid or superseded by a timely Filed Proof of Claim) shall be allowed to vote only in the amounts set forth in Section 4(ii) of these Solicitation and Voting Procedures;

c.        Holders whose Claims arise: (i) pursuant to an agreement or settlement with the Debtors, as reflected in a document filed with the Court; (ii) from an order entered by the Court; or (iii) from a document executed by the Debtors pursuant to authority granted by the Court, in each case regardless of whether a Proof of Claim has been filed or the Claim was scheduled as contingent, unliquidated, or disputed;

d.        Holders of any Claim that has been temporarily allowed to vote on the Plan pursuant to Bankruptcy Rule 3018; and

e.        with respect to any Entity described in subparagraphs (a) through (d) above, who, on or before the Voting Record Date, has transferred such Entity's Claim to another Entity, the assignee of such Claim; *provided* that such transfer or assignment has been fully

effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the Claims Register on the Voting Record Date.

(ii)    <u>Establishing Claim Amounts for Voting Purposes</u>.

**<u>Filed and Scheduled Claims.</u>** The Claim amounts established herein shall control for voting purposes only and shall not constitute the Allowed amount of any Claim. Moreover, any amounts filled in on Ballots by the Debtors through the Claims, Noticing, and Solicitation Agent, as applicable, are not binding for purposes of allowance and distribution. In tabulating votes, the amount of the Claim associated with each claimant's vote shall be determined as follows:

a.    the Claim amount: (i) settled and/or agreed upon by the Debtors, as reflected in a document filed with the Court; (ii) set forth in an order of the Court; or (iii) set forth in a document executed by the Debtors pursuant to authority granted by the Court;

b.    the Claim amount Allowed (temporarily or otherwise) pursuant to a Resolution Event;

c.    the Claim amount contained in a Proof of Claim that has been timely filed (or deemed timely filed by the Court under applicable law), except for any amounts asserted on account of any interest accrued after the Petition Date; *provided*, *however*, that Ballots cast by Holders of Class 5A, Class 5B, and Class 5C Claims who timely file a Proof of Claim in respect of a contingent Class 5A, Class 5B, and/or Class 5C Claim or in a wholly-unliquidated or unknown amount that is not the subject of a pending objection, based on a reasonable review of the Proof of Claim and supporting documentation by the Debtors or their advisors, will count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and will count in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code, and, if such Proof of Claim is filed as partially liquidated and partially unliquidated, such Class 5A, Class 5B, and/or Class 5C Claim will be Allowed for voting purposes only in the liquidated amount; *provided*, *further*, *however*, that to the extent that any Claim amount contained in a Proof of Claim is different from the Claim amount set forth in a document filed with the Court referenced in subparagraph (a) above, the Claim amount in the document filed with the Court shall supersede the Claim amount set forth on the respective Proof of Claim;

d.    the Claim amount listed in the Schedules (to the extent such Claim is not superseded by a timely Filed Proof of Claim), provided that such Claim is not scheduled as contingent, disputed, or unliquidated; if a Claim is listed in the Debtors' Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the applicable bar date for filing Proofs of Claim established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Record Date, such Claim shall be disallowed for voting purposes;

e.    Holders of Proofs of Claim filed for $0.00 or zero (0) Cryptocurrency, as applicable, are not entitled to vote;

f.    Claims that have been paid, scheduled to be paid in the ordinary course, or otherwise satisfied are disallowed for voting purposes;

g.    notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall, to the extent possible, be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims; and

h.    in the absence of any of the foregoing, such Claim shall be disallowed for voting purposes.

If a Proof of Claim is amended, the last filed Claim shall be subject to these rules and will supersede any earlier filed Claim, and any earlier filed Claim will be disallowed for voting purposes.

(iii)    <u>Voting and Ballot Tabulation Procedures.</u>

The following voting procedures and standard assumptions shall be used in tabulating Ballots, subject to the Debtors' right to waive any of the below specified requirements for completion and submission of Ballots, so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, or Local Rules:

a.    solely for tabulation purposes, each Claim asserted in currency other than U.S. dollars shall be automatically deemed converted to the equivalent U.S. dollar value using the conversion rate for the applicable currency at prevailing market prices as of 8:00 a.m. (prevailing Eastern Time) on the Voting Record Date. Such conversion shall be for voting tabulation purposes only and shall not be binding for any other purpose on the Debtors, including, without limitation, for purposes of allowance of, and distribution with respect to, Claims under the Plan;

b.    except as otherwise provided in the Solicitation and Voting Procedures, unless the Ballot being furnished is timely submitted and actually received by the Claims, Noticing, and Solicitation Agent on or prior to the Voting Deadline (as the same may be extended by the Debtors), the Debtors shall reject such Ballot as invalid and, therefore, shall not count it in connection with confirmation of the Plan;

c.    the Claims, Noticing, and Solicitation Agent will date-stamp all Ballots when received. The Claims, Noticing, and Solicitation Agent shall retain the original Ballots and an electronic copy of the same for a period of one year after the Effective Date of the Plan, unless otherwise ordered by the Court;

d.    the Claims, Noticing, and Solicitation Agent shall tabulate Ballots on a Debtor-by-Debtor basis;

e.    the Debtors will file the Voting Report by **<u>December 2, 2022 at 4:00 p.m.</u>** prevailing Eastern Time. The Voting Report shall, among other things, delineate every Ballot that does not conform to the voting instructions or that contains any form of irregularity (each an "<u>Irregular Ballot</u>"), including those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or other necessary information, or damaged. The Voting Report shall indicate the Debtors' decision with regard to such Irregular Ballots;

f.    the method of delivery of Ballots to be sent to the Claims, Noticing, and Solicitation Agent is at the election and risk of each Holder, and except as otherwise provided, a Ballot will be deemed delivered only when the Claims, Noticing, and Solicitation Agent actually receives the executed Ballot;

g.    an executed Ballot is required to be submitted by the Entity submitting such Ballot. Delivery of a Ballot to the Claims, Noticing, and Solicitation Agent by facsimile, or any electronic means other than expressly provided in these Solicitation and Voting Procedures will not be valid;

h.    no Ballot should be sent to the Debtors, the Debtors' agents (other than the Claims, Noticing, and Solicitation Agent), or the Debtors' financial or legal advisors, and, if so sent, will not be counted;

i.    if multiple Ballots are received from the same Holder with respect to the same Claim or Interest prior to the Voting Deadline, the last properly executed Ballot timely received will

be deemed to reflect that voter's intent and will supersede and revoke any prior received Ballot;

j.  Holders must vote all of their Claims within a particular Class either to accept or reject the Plan and may not split any votes.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.  Further, to the extent there are multiple Claims within the same Class, the applicable Debtor may, in its discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes;

k.  a person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity of a Holder of Claims must indicate such capacity when signing;

l.  the Debtors, subject to a contrary order of the Court, may waive any defects or irregularities as to any particular Irregular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report;

m.  unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted; *provided* that the Debtors shall notify any Holder who submitted a Ballot not in proper form of any such defects and their intent to reject such Ballot if the alleged defects are not remedied prior to the Voting Deadline after receipt of notice of such alleged defect;

n.  in the event a designation of lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim will be counted for purposes of determining whether the Plan has been accepted and/or rejected;

o.  subject to any order of the Court, the Debtors reserve the right to reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; *provided* that any such rejections will be documented in the Voting Report;

p.  if a Claim has been estimated or otherwise Allowed only for voting purposes by order of the Court, such Claim shall be temporarily Allowed in the amount so estimated or Allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

q.  if an objection to a Claim is filed, such Claim shall be treated in accordance with the procedures set forth herein;

r.  the following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of such Claim; (ii) any Ballot cast by any Entity that does not hold a Claim in a Voting Class; (iii) any Ballot cast for an OpCo General Unsecured Claim, HoldCo General Unsecured Claim, or TopCo General Unsecured Claim scheduled as unliquidated, contingent, or disputed for which no Proof of Claim was timely filed by the Voting Record Date (unless the applicable bar date has not yet passed, in which case such Claim shall be entitled to vote in the amount of $1.00); (iv) any unsigned Ballot or Ballot lacking an original signature (for the avoidance of doubt, a Ballot submitted via the Claims, Noticing, and Solicitation Agent's online balloting portal shall be deemed an original signature); (v) any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan; (vi) any Ballot transmitted by facsimile, email, or other electronic means not specifically approved pursuant to the Disclosure Statement Order; (vii) any Ballot sent to any of the Debtors, the Debtors' agents or representatives, or the Debtors'

advisors (other than the Claims, Noticing, and Solicitation Agent); and (viii) any Ballot submitted by any Entity not entitled to vote pursuant to the procedures described herein;

s. after the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Debtors or further order of the Court;

t. the Debtors are authorized to enter into stipulations with the Holder of any Claim agreeing to the amount of a Claim for voting purposes; and

u. where any portion of a single Claim has been transferred to a transferee, all holders of any portion of such single Claim will be (a) treated as a single creditor for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code (and for the other solicitation and voting procedures set forth herein) and (b) required to vote every portion of such Claim collectively to accept or reject the Plan.  In the event that (a) a Ballot, (b) a group of Ballots within a Voting Class received from a single creditor, or (c) a group of Ballots received from the various Holders of multiple portions of a single Claim or partially reject and partially accept the Plan, such Ballots shall not be counted.

5. Amendments to the Plan and Solicitation and Voting Procedures.

The Debtors reserve the right to make non-substantive or immaterial changes to the Plan, Disclosure Statement, Disclosure Statement Hearing Notice, Confirmation Hearing Notice, Solicitation Packages, Non-Voting Status Notices, Ballots, Publication Notice, Cover Letter, the Committee Letter, these Solicitation and Voting Procedures, Plan Supplement Notice, Assumption and Assignment Notice, Rejection Notice, and any related documents without further order of the Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to the any materials in the Solicitation Packages before distribution.

\*  \*  \*  \*  \*

**<u>Exhibit 2</u>**

**Disclosure Statement Hearing Notice**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**NOTICE OF RESCHEDULED**
**SALE AND DISCLOSURE STATEMENT HEARING DATE**

**PLEASE TAKE NOTICE** that, on August 18, 2022, the above-captioned debtors and debtors in possession (the "Debtors") filed the *Debtors' Motion for Entry of an Order Approving (I) the Adequacy of the Disclosure Statement, (II) Solicitation and Notice Procedures, (III) Forms of Ballots and Notices in Connection Therewith, and (IV) Certain Dates with Respect Thereto* [Docket No. 289] (the "Disclosure Statement Motion"), which provided notice of a scheduled hearing on September 15, 2022, at 10:00 a.m. (prevailing Eastern Time) to consider approval of the Disclosure Statement Motion (the "Disclosure Statement Hearing").

**PLEASE TAKE FURTHER NOTICE** that, on August 22, 2022, the Debtors filed the *Notice of Filing of Revised Bidding Procedures* [Docket No. 328], which provided notice of a hearing on September 29, 2022, to consider approval of the successful bid or bids for the Debtors' assets (the "Sale Hearing").

**PLEASE TAKE FURTHER NOTICE** that, on August 24, 2022, the Debtors filed the *Amended Notice of Hearing to Consider Approval of Disclosure Statement for the First Amended Joint Plan of Reorganization of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 343], which provided notice of the Disclosure

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

Statement Hearing being rescheduled for September 29, 2022, at 10:00 a.m. (prevailing Eastern Time).

**PLEASE TAKE FURTHER NOTICE** that, on August 31, 2022, the Debtors filed the *Notice of Rescheduled Sale and Disclosure Statement Hearing Date* [Docket No. 365], which provided notice of the Disclosure Statement Hearing being rescheduled for September 29, 2022, at 2:00 p.m. (prevailing Eastern Time).

**PLEASE TAKE FURTHER NOTICE** that the United States Bankruptcy Court for the Southern District of New York has rescheduled the date and time for the Sale Hearing and the Disclosure Statement Hearing in the above-captioned chapter 11 cases for **Wednesday, October 19, 2022, at 2:00 p.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that all documents filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/Voyager. You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated: September 20, 2022        */s/ Joshua A. Sussberg*
New York, New York           **KIRKLAND & ELLIS LLP**
                 **KIRKLAND & ELLIS INTERNATIONAL LLP**
                 Joshua A. Sussberg, P.C.
                 Christopher Marcus, P.C.
                 Christine A. Okike, P.C.
                 Allyson B. Smith (admitted *pro hac vice*)
                 601 Lexington Avenue
                 New York, New York 10022
                 Telephone:    (212) 446-4800
                 Facsimile:    (212) 446-4900
                 Email:     jsussberg@kirkland.com
                        cmarcus@kirkland.com
                        christine.okike@kirkland.com
                        allyson.smith@kirkland.com

                 *Counsel to the Debtors and Debtors in Possession*

2

## **Exhibit 3A**

**Unimpaired Non-Voting Status Notice**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF**
**(I) NON-VOTING STATUS TO**
**HOLDERS OF UNIMPAIRED CLAIMS CONCLUSIVELY**
**PRESUMED TO ACCEPT THE PLAN, (II) OPPORTUNITY TO OPT IN TO THE**
**THIRD-PARTY RELEASES, AND (III) OPPORTUNITY TO CONTRIBUTE THIRD-PARTY CLAIMS**

**PLEASE TAKE NOTICE THAT** on [●], 2022, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) authorizing Voyager Digital Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit acceptances for the *Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *First Amended Disclosure Statement for the Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim under the Plan, **you are not entitled to vote on the Plan**. Specifically, under the terms of the Plan, as a Holder of a Claim (as currently asserted against the Debtors) that is Unimpaired and conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, you are **not** entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **December 6, 2022 at 11:00 a.m.** prevailing Eastern Time, or such

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan.

other time as the Court determines, before the Honorable Michael E. Wiles, in the United States Bankruptcy Court for the Southern District of New York, located at One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **November 25, 2022 at 4:00 p.m.** prevailing Eastern Time (the "Plan Objection Deadline"). Any objection to the Plan **must**: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **November 25, 2022 at 4:00 p.m.** prevailing Eastern Time:

| Debtors |
|---|
| **Voyager Digital Holdings, Inc.**<br>33 Irving Place, Suite 3060<br>New York, NY 10003<br>Attention: Stephen Ehrlich and David Brosgol |

| Counsel to the Debtors | Counsel to the Committee |
|---|---|
| **Kirkland & Ellis LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Attention: Joshua A. Sussberg; Christopher Marcus; Christine A. Okike; Allyson B. Smith | **McDermott Will & Emery LLP**<br>One Vanderbilt Avenue<br>New York, NY 10017-3852<br>Attention: Darren Azman; Joseph B. Evans; Grayson Williams; Gregg Steinman |

| United States Trustee |
|---|
| **Office of the United States Trustee for the Southern District of New York**<br>U.S. Federal Office Building<br>201 Varick Street, Room 1006<br>New York, NY 10014<br>Attention: Richard Morrissey; Mark Bruh |

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Stretto, Inc., the claims, noticing, and solicitation agent retained by the Debtors in these chapter 11 cases (the "Claims, Noticing, and Solicitation Agent"), by: (a) calling the Claims, Noticing, and Solicitation Agent at (855) 473-8665 (Toll Free) or +1 (949) 271-6507 (International); (b) e-mailing the Claims, Noticing, and Solicitation Agent at VoyagerInquiries@Stretto.com with a reference to "In re: Voyager - Solicitation Inquiry" in the subject line; or (c) writing to the Claims, Noticing, and Solicitation Agent at Voyager Inquiries, c/o Stretto 410 Exchange, Suite 100 Irvine, CA 92602. You may also obtain copies of any pleadings filed with the Court for free by visiting the Debtors' restructuring website, https://cases.stretto.com/Voyager/, or for a fee via PACER at: http://pacer.psc.uscourts.gov.

## OPTIONAL:  RELEASE OPT IN NOTICE

You are receiving this opt in form (the "Opt In Notice") because you are a Holder of a Claim that is not entitled to vote on the Plan.  Article IV of the Plan contains certain information regarding contribution of Contributed Third-Party Claims.  Article VIII of the Plan contains certain release, injunction, and exculpation provisions, including the Third-Party Releases set forth below. You are advised to carefully review and consider the Plan, including the release, injunction, and exculpation provisions, as your rights may be affected.

**If you choose to opt into the Third-Party Release set forth in Article VIII.B of the Plan and/or to contribute your Contributed Third-Party Claim(s) to the Wind-Down Entity, you may submit your election to opt-in by submitting the electronic version of your Opt In Notice through the e-balloting portal (the "E-Balloting Portal"), which can be accessed via the Debtors' restructuring website, https://cases.stretto.com/Voyager/balloting, according to instructions provided below**

**THIS OPT IN NOTICE MUST BE ACTUALLY RECEIVED BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT BY NOVEMBER 25, 2022, AT 4:00 P.M. PREVAILING EASTERN TIME (THE "OPT IN DEADLINE").**

**Item 1.  Amount of Claim.**

The undersigned hereby certifies that, as of October 19, 2022 (the "Voting Record Date"), the undersigned was the Holder of Claims in one or more of Classes 1 or 2 in the following aggregate amount of claims (insert amount in box below):

| |
|---|
| Class 1 $ _____ |
| |
| Class 2 $ _____ |

<u>**Item 2**</u>.                **Important information regarding the Third-Party Release.**

AS A HOLDER OF A CLAIM, YOU ARE A "RELEASING PARTY" UNDER THE PLAN IF YOU OPT IN TO THE RELEASES CONTAINED IN THE PLAN.  YOU MAY CHECK THE BOX BELOW TO ELECT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.B OF THE PLAN.  YOU WILL BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN <u>ONLY IF</u> (I) THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT IN TO THE RELEASES AND (II) YOU CHECK THE BOX BELOW AND SUBMIT THE OPT IN NOTICE BY THE OPT IN DEADLINE.

| | |
|---|---|
| ☐ | **By checking this box, you elect to opt <u>IN</u> to the Third-Party Releases.** |

**Article VIII.B of the Plan contains the following Third-Party Release:**

**Except as expressly set forth in the Plan, effective on the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by each and all of the Releasing Parties, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, from any and all Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise, including any derivative claims asserted or assertable on behalf of any of the Debtors, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), their capital structure, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Alameda Loan Facility, the Debtors' out of court restructuring efforts, intercompany transactions between or among a Debtor and another Debtor, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Definitive Documents or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Definitive Documents, the pursuit of consummation of the Plan, the administration and implementation of the Restructuring Transactions, or upon any other act or omission, transaction, agreement, event, or other occurrence related to the Debtors taking place on or before the Effective Date, provided that nothing in Article VIII.B of the Plan shall be construed to release the Released Parties from actual fraud, willful misconduct, or gross negligence as determined by a Final Order.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in Article VIII.B of the Plan, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that each release described in Article VIII.B of the Plan is:  (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good-faith settlement and compromise of such Causes of Action; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) a sound exercise of the Debtors' business judgment; and (7) except to the extent contemplated by Article IV.E and Article IV.F of the Plan, a bar to any of the Releasing Parties or the Debtors or Wind-Down Debtors or their respective Estates or Wind-Down Entity asserting any Cause of Action related thereto, of any kind, against any of the Released Parties or their property.**

**For the avoidance of doubt, any Contributed Third-Party Claims that Contributing Claimants elect on their ballots or opt-in forms to contribute to the Wind-Down Entity are subject to the release and exculpation provisions of the Plan to the extent they may be brought against Released Parties or Exculpated Parties.**

Definitions Related to the Debtor Release and the Third-Party Release:

(1)     Under the Plan, "***Released Party***" means, collectively, in each case in its capacity as such:  (a) the Debtors; (b) the Wind-Down Debtors; (c) the Committee, and each of the members thereof; (d) Purchaser and each of its Related Parties; (e) Alameda and each of its Related Parties; (f) each of the Released Professionals; and (g) each of the Released Voyager Employees (subject to the limitations contained in Article IV.E and Article IV.F of the Plan).

(2)     Under the Plan, "***Releasing Party***" means, collectively, in each case in its capacity as such:  (a) the Debtors; (b) the Wind-Down Debtors; (c) the Committee, and each of the members thereof; (d) each of the Released Professionals; (e) each of the Released Voyager Employees; (f) Alameda and each of its Related Parties to the extent Alameda is able to bind such Related Parties; (g)  Purchaser and each of its Related Parties to the extent Purchaser is able to bind such Related Parties; (h) all Holders of Claims that vote to accept the Plan and affirmatively opt into the releases provided by the Plan; (i) all Holders of Claims that vote to reject the Plan and affirmatively opt into the releases provided by the Plan; and (j) all Holders of Claims or Interests that abstain from voting (or are otherwise not entitled to vote) on the Plan and affirmatively opt into the releases provided by the Plan.

**Item 3**.  **Contributed Third-Party Claims.**

Aggregating and contributing your claims to the Wind-Down Entity may enable the pursuit and settlement of such litigation claims in a more efficient and effective manner.  Accordingly, each Holder of a Claim may agree to contribute its Contributed Third-Party Claims to the Wind-Down Entity.

By electing such option on this Ballot, you agree that, subject to the occurrence of the Effective Date and the formation of the Wind-Down Entity, you will be deemed, without further action, (i) to have irrevocably contributed your Contributed Third-Party Claims to the Wind-Down Entity, and (ii) to have agreed to execute any documents reasonably requested by the Debtors or the Wind-Down Entity to memorialize and effectuate such contribution.  For the avoidance of doubt, any Contributed Third-Party Claims that you elect to contribute to the Wind-Down Entity are subject to the release and exculpation provisions of the Plan to the extent they may be brought against Released Parties or Exculpated Parties.

**The Committee strongly encourages you to elect to contribute your Contributing Third-Party Claims to the Wind-Down Entity, which will allow the Wind-Down Entity to potentially seek greater recoveries for the benefit of Holders of Claims and Interests.**

> [ ]     **By checking this box, you elect to to contribute your Contributed Third-Party Claims to the Wind-Down Entity.**

Definitions Related to Contributed Third-Party Claims:

Under the Plan, "***Contributed Third-Party Claims***" means all direct Causes of Action that any Contributing Claimant has against any Person (other than a Debtor) and that are related in any way to the Debtors, their predecessors, or respective affiliates, including:  (a) all Causes of Action based on, arising out of, or related to the marketing, sale, and issuance of Cryptocurrency; (b) all Causes of Action based on, arising out of, or related to the alleged misrepresentation of any of the Debtors' financial information, business operations, or related internal controls; and (c) all Causes of Action based on, arising out of, or related to any alleged failure to disclose, or actual or attempted cover up or obfuscation of, any of the Debtors' conduct prior to the Petition Date; *provided*, *however*, that Contributed Third-Party Claims does not include any derivative claims of the Debtors; *provided further*, *however*, that Contributed Third-Party Claims do not include (i) any direct Causes of Action that any Contributing Claimant has against Mark Cuban, Dallas Basketball Limited d/b/a Dallas Mavericks, the National Basketball Association, and any of their Related Parties and (ii) any direct Causes

of Action that any Contributing Claimant, in its capacity as an equity holder of Voyager Digital Ltd., has that are asserted in the currently filed complaint, dated as of July 6, 2022, in the Ontario Superior Court of Justice by Francine De Sousa, against Voyager Digital Ltd., Stephen Ehrlich, Philip Eytan, Evan Psaropoulos, Lewis Bateman, Krisztian Toth, Jennifer Ackart, Glenn Stevens, and Brian Brooks.

**Item 4.    Certifications.**

By signing this Opt In Notice, the undersigned certifies:

(a)  that, as of the Record Date, either:  (i) the Entity is the Holder of the Claims set forth in Item 1; or (ii) the Entity is an authorized signatory for an Entity that is a Holder of the Claims or Interests set forth in Item 1;

(b)  that the Holder has received a copy of the *Notice of (I) Non-Voting Status to Holders of Unimpaired Claims Conclusively Presumed to Accept the Plan, (II) Opportunity to Opt In to the Third-Party Releases, and (III) Opportunity to Contribute Third-Party Claims* and that this Opt In Notice is submitted pursuant to the terms and conditions set forth therein;

(c)  that the Entity has submitted the same respective election concerning the releases with respect to all Claims in a single Class set forth in Item 1; and

(d)  that no other Opt In Notice with respect to the amount(s) of Claims identified in Item 1 have been submitted or, if any other Opt In Notices have been submitted with respect to such Claims, then any such earlier Opt In Notices are hereby revoked.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| | |
| Name of Signatory: | |
| | (If other than Holder) |
| Title: | |
| | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| | |
| Email: | |
| | |
| Date Completed: | |

6

**IF YOU WISH TO MAKE THE OPT IN ELECTION AND/OR ELECT TO CONTRIBUTE YOUR THIRD-PARTY CLAIMS, PLEASE SUBMIT THE ELECTRONIC VERSION OF YOUR OPT IN NOTICE THROUGH THE E-BALLOTING PORTAL PER INSTRUCTIONS PROVIDED BELOW:**

To submit your Opt In Notice via the online voting portal, please visit https://cases.stretto.com/Voyager/balloting and follow the instructions to submit your Opt In Notice.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized Opt In Notice:**

**Unique Opt In Notice ID#:** _____

**PIN#:** _____

The Claims, Noticing, and Solicitation Agent's online voting platform is the sole manner in which Opt In Notices will be accepted via electronic or online transmission. Opt In Notices submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

Each Opt In Notice ID# is to be used solely in relation to those Claims described in Item 1 of your Opt In Notices. Please complete and submit an Opt In Notice for each Opt In Notice ID# you receive, as applicable.

<p style="text-align:center">*        *        *</p>

Dated: _____, 2022
New York, New York

/s/ Draft
_____

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:         jsussberg@kirkland.com
               cmarcus@kirkland.com
               christine.okike@kirkland.com
               allyson.smith@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit 3B</u>**

**Impaired Non-Voting Status Notice**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:        (212) 446-4800
Facsimile:        (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF (I) NON-VOTING STATUS TO HOLDERS**
**OF IMPAIRED CLAIMS OR INTERESTS CONCLUSIVELY PRESUMED**
**TO REJECT THE PLAN, (II) OPPORTUNITY TO OPT IN TO THE THIRD-PARTY**
**RELEASES, AND (III) OPPORTUNITY TO CONTRIBUTE THIRD-PARTY CLAIMS**

**PLEASE TAKE NOTICE THAT** on [●], 2022, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) authorizing Voyager Digital Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit acceptances for the *Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *First Amended Disclosure Statement for the Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim or Interest under the Plan, **you are not entitled to vote on the Plan**. Specifically, under the terms of the Plan, as a Holder of a Claim or Interest (as currently asserted against the Debtors) that may receive no distribution under the Plan, you are deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code and are not entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **December 6, 2022 at 11:00 a.m.** prevailing Eastern Time, or such other time as the Court determines, before the Honorable Michael E. Wiles, in the United States Bankruptcy Court for the Southern District of New York, located at One Bowling Green, New York, New York 10004.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings given to them in the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **November 25, 2022 at 4:00 p.m.** prevailing Eastern Time (the "Plan Objection Deadline").  Any objection to the Plan **must**: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **November 25, 2022 at 4:00 p.m.** prevailing Eastern Time:

| Debtors | |
|---|---|
| **Voyager Digital Holdings, Inc.**<br>33 Irving Place, Suite 3060<br>New York, NY 10003<br>Attention:  Stephen Ehrlich and David Brosgol | |
| ***Counsel to the Debtors*** | ***Counsel to the Committee*** |
| **Kirkland & Ellis LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Attention:  Joshua A. Sussberg; Christopher Marcus;<br>Christine A. Okike; Allyson B. Smith | **McDermott Will & Emery LLP**<br>One Vanderbilt Avenue<br>New York, NY 10017-3852<br>Attention:  Darren Azman; Joseph B. Evans; Grayson<br>Williams; Gregg Steinman |
| ***United States Trustee*** | |
| **Office of the United States Trustee for the Southern District of New York**<br>U.S. Federal Office Building<br>201 Varick Street, Room 1006<br>New York, NY 10014<br>Attention:  Richard Morrissey; Mark Bruh | |

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Stretto, Inc., the claims, noticing, and solicitation agent retained by the Debtors in these chapter 11 cases (the "Claims, Noticing, and Solicitation Agent"), by: (a) calling the Claims, Noticing, and Solicitation Agent at (855) 473-8665 (Toll Free) or +1 (949) 271-6507 (International); (b) e-mailing the Claims, Noticing, and Solicitation Agent at VoyagerInquiries@Stretto.com with a reference to "In re: Voyager - Solicitation Inquiry" in the subject line; or (c) writing to the Claims, Noticing, and Solicitation Agent at Voyager Inquiries, c/o Stretto 410 Exchange, Suite 100 Irvine, CA 92602.  You may also obtain copies of any pleadings filed with the Court for free by visiting the Debtors' restructuring website, https://cases.stretto.com/Voyager/, or for a fee via PACER at:  http://pacer.psc.uscourts.gov.

## OPTIONAL:  RELEASE OPT IN NOTICE

You are receiving this opt in form (the "Opt In Notice") because you are a Holder of a Claim or Interest that is not entitled to vote on the Plan.  Article IV of the Plan contains contains certain information regarding contribution of Contributed Third-Party Claims.  Article VIII of the Plan contains certain release, injunction, and exculpation provisions, including the Third-Party Releases set forth below.  You are advised to carefully review and consider the Plan, including the release, injunction, and exculpation provisions, as your rights may be affected.

**If you choose to opt into the Third-Party Release set forth in Article VIII.B of the Plan and/or to contribute your Contributed Third-Party Claim(s) to the Wind-Down Entity, you may submit your election to opt-in by submitting the electronic version of your Opt In Notice through the e-balloting portal (the "E-Balloting Portal"), which can be accessed via the Debtors' restructuring website, https://cases.stretto.com/Voyager/balloting, according to instructions provided below**

**THIS OPT IN NOTICE MUST BE ACTUALLY RECEIVED BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT BY NOVEMBER 25, 2022, AT 4:00 P.M. PREVAILING EASTERN TIME (THE "OPT IN DEADLINE").**

<u>**Item 1**</u>.  **Amount of Claim or Interest.**

The undersigned hereby certifies that, as of October 19, 2022 (the "Voting Record Date"), the undersigned was the Holder of Claims or Interests in one or more of Classes 6 or 9 in the following aggregate amount of claims or interests (insert amount in box below):

| |
|---|
| Class 6 $ _____ |
| Class 9 Share Amount _____ |

<u>Item 2</u>.                 **Important information regarding the Third-Party Release.**

AS A HOLDER OF A CLAIM OR INTEREST, YOU ARE A "RELEASING PARTY" UNDER THE PLAN IF YOU OPT IN TO THE RELEASES CONTAINED IN THE PLAN. YOU MAY CHECK THE BOX BELOW TO ELECT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.B OF THE PLAN. YOU WILL BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN <u>ONLY IF</u> (I) THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT IN TO THE RELEASES AND (II) YOU CHECK THE BOX BELOW AND SUBMIT THE OPT IN NOTICE BY THE OPT IN DEADLINE.

> ☐     **By checking this box, you elect to opt <u>IN</u> to the Third-Party Releases.**

**Article VIII.B of the Plan contains the following Third-Party Release:**

Except as expressly set forth in the Plan, effective on the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by each and all of the Releasing Parties, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, from any and all Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise, including any derivative claims asserted or assertable on behalf of any of the Debtors, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), their capital structure, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Alameda Loan Facility, the Debtors' out of court restructuring efforts, intercompany transactions between or among a Debtor and another Debtor, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Definitive Documents or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Definitive Documents, the pursuit of consummation of the Plan, the administration and implementation of the Restructuring Transactions, or upon any other act or omission, transaction, agreement, event, or other occurrence related to the Debtors taking place on or before the Effective Date, provided that nothing in Article VIII.B of the Plan shall be construed to release the Released Parties from actual fraud, willful misconduct, or gross negligence as determined by a Final Order.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in Article VIII.B of the Plan, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that each release described in Article VIII.B of the Plan is: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good-faith settlement and compromise of such Causes of Action; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) a sound exercise of the Debtors' business judgment; and (7) except to the extent contemplated by Article IV.E and Article IV.F of the Plan, a bar to any of the Releasing Parties or the Debtors or Wind-Down Debtors or their respective Estates or Wind-Down Entity asserting any Cause of Action related thereto, of any kind, against any of the Released Parties or their property.

For the avoidance of doubt, any Contributed Third-Party Claims that Contributing Claimants elect on their ballots or opt-in forms to contribute to the Wind-Down Entity are subject to the release and exculpation provisions of the Plan to the extent they may be brought against Released Parties or Exculpated Parties.

Definitions Related to the Debtor Release and the Third-Party Release:

(1)    Under the Plan, "***Released Party***" means, collectively, in each case in its capacity as such:  (a) the Debtors; (b) the Wind-Down Debtors; (c) the Committee, and each of the members thereof; (d) Purchaser and each of its Related Parties; (e) Alameda and each of its Related Parties; (f) each of the Released Professionals; and (g) each of the Released Voyager Employees (subject to the limitations contained in Article IV.E and Article IV.F of the Plan).

(2)    Under the Plan, "***Releasing Party***" means, collectively, in each case in its capacity as such:  (a) the Debtors; (b) the Wind-Down Debtors; (c) the Committee, and each of the members thereof; (d) each of the Released Professionals; (e) each of the Released Voyager Employees; (f) Alameda and each of its Related Parties to the extent Alameda is able to bind such Related Parties; (g)  Purchaser and each of its Related Parties to the extent Purchaser is able to bind such Related Parties; (h) all Holders of Claims that vote to accept the Plan and affirmatively opt into the releases provided by the Plan; (i) all Holders of Claims that vote to reject the Plan and affirmatively opt into the releases provided by the Plan; and (j) all Holders of Claims or Interests that abstain from voting (or are otherwise not entitled to vote) on the Plan and affirmatively opt into the releases provided by the Plan.

## <u>Item 3</u>.  Contributed Third-Party Claims.

Aggregating and contributing your claims to the Wind-Down Entity may enable the pursuit and settlement of such litigation claims in a more efficient and effective manner.  Accordingly, each Holder of a Claim or Interest may agree to contribute its Contributed Third-Party Claims to the Wind-Down Entity.

By electing such option on this Ballot, you agree that, subject to the occurrence of the Effective Date and the formation of the Wind-Down Entity, you will be deemed, without further action, (i) to have irrevocably contributed your Contributed Third-Party Claims to the Wind-Down Entity, and (ii) to have agreed to execute any documents reasonably requested by the Debtors or the Wind-Down Entity to memorialize and effectuate such contribution.  For the avoidance of doubt, any Contributed Third-Party Claims that you elect to contribute to the Wind-Down Entity are subject to the release and exculpation provisions of the Plan to the extent they may be brought against Released Parties or Exculpated Parties.

**The Committee strongly encourages you to elect to contribute your Contributing Third-Party Claims to the Wind-Down Entity, which will allow the Wind-Down Entity to potentially seek greater recoveries for the benefit of Holders of Claims and Interests.**

| ☐ | **By checking this box, you elect to to contribute your Contributed Third-Party Claims to the Wind-Down Entity.** |
|---|---|

Definitions Related to Contributed Third-Party Claims:

Under the Plan, "***Contributed Third-Party Claims***" means all direct Causes of Action that any Contributing Claimant has against any Person (other than a Debtor) and that are related in any way to the Debtors, their predecessors, or respective affiliates, including:  (a) all Causes of Action based on, arising out of, or related to the marketing, sale, and issuance of Cryptocurrency; (b) all Causes of Action based on, arising out of, or related to the alleged misrepresentation of any of the Debtors' financial information, business operations, or related internal controls; and (c) all Causes of Action based on, arising out of, or related to any alleged failure to disclose, or actual or attempted cover up or obfuscation of, any of the Debtors' conduct prior to the Petition Date; *provided*, *however*, that Contributed Third-Party Claims does not include any derivative claims of the Debtors; *provided further*, *however*, that Contributed Third-Party Claims do not include (i) any direct Causes of Action that any Contributing Claimant has against Mark Cuban, Dallas Basketball Limited d/b/a Dallas Mavericks, the National Basketball Association, and any of their Related Parties and (ii) any direct Causes of Action that any Contributing Claimant, in its capacity as an equity holder of Voyager Digital Ltd., has that are asserted in the currently filed complaint, dated as of July 6, 2022, in the Ontario Superior Court of Justice

by Francine De Sousa, against Voyager Digital Ltd., Stephen Ehrlich, Philip Eytan, Evan Psaropoulos, Lewis Bateman, Krisztian Toth, Jennifer Ackart, Glenn Stevens, and Brian Brooks.

**Item 4.    Certifications.**

By signing this Opt In Notice, the undersigned certifies:

(a)    that, as of the Record Date, either:  (i) the Entity is the Holder of the Claims or Interests set forth in Item 1; or (ii) the Entity is an authorized signatory for an Entity that is a Holder of the Claims or Interests set forth in Item 1;

(b)    that the Holder has received a copy of the *Notice of (I) Non-Voting Status to Holders of Impaired Claims or Interests Conclusively Deemed to Reject the Plan, (II) Opportunity to Opt In to the Third-Party Releases, and (III) Opportunity to Contribute Third-Party Claims* and that this Opt In Notice is submitted pursuant to the terms and conditions set forth therein;

(c)    that the Entity has submitted the same respective election concerning the releases with respect to all Claims or Interests in a single Class set forth in Item 1; and

(d)    that no other Opt In Notice with respect to the amount(s) of Claims or Interests identified in Item 1 have been submitted or, if any other Opt In Notices have been submitted with respect to such Claims and Interests, then any such earlier Opt In Notices are hereby revoked.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| | |
| Name of Signatory: | |
| | (If other than Holder) |
| Title: | |
| Address: | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

**IF YOU WISH TO MAKE THE OPT IN ELECTION AND/OR ELECT TO CONTRIBUTE YOUR THIRD-PARTY CLAIMS, PLEASE SUBMIT THE ELECTRONIC VERSION OF YOUR OPT IN NOTICE THROUGH THE E-BALLOTING PORTAL PER INSTRUCTIONS PROVIDED BELOW:**

To submit your Opt In Notice via the online voting portal, please visit https://cases.stretto.com/Voyager/balloting and follow the instructions to submit your Opt In Notice.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized Opt In Notice:**

**Unique Opt In Notice ID#:**  _____

**PIN#:**  _____


The Claims, Noticing, and Solicitation Agent's online voting platform is the sole manner in which Opt In Notices will be accepted via electronic or online transmission.  Opt In Notices submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

Each Opt In Notice ID# is to be used solely in relation to those Claims or Interests described in Item 1 of your Opt In Notices.  Please complete and submit an Opt In Notice for each Opt In Notice ID# you receive, as applicable.

<div align="center">*        *        *</div>

Dated: _____, 2022          /s/ Draft _____
New York, New York                   **KIRKLAND & ELLIS LLP**
                                     **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                     Joshua A. Sussberg, P.C.
                                     Christopher Marcus, P.C.
                                     Christine A. Okike, P.C.
                                     Allyson B. Smith (admitted *pro hac vice*)
                                     601 Lexington Avenue
                                     New York, New York 10022
                                     Telephone:    (212) 446-4800
                                     Facsimile:    (212) 446-4900
                                     Email:        jsussberg@kirkland.com
                                                   cmarcus@kirkland.com
                                                   christine.okike@kirkland.com
                                                   allyson.smith@kirkland.com

                                     *Counsel to the Debtors and Debtors in Possession*

## Exhibit 3C

**Notice to Disputed Claim Holders**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:        (212) 446-4800
Facsimile:        (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF NON-VOTING STATUS WITH RESPECT TO DISPUTED CLAIMS

**PLEASE TAKE NOTICE THAT** on [●], 2022, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) authorizing Voyager Digital Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit acceptances for the *Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *First Amended Disclosure Statement for the Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Stretto, Inc., the claims, noticing, and solicitation agent retained by the Debtors in these chapter 11 cases (the "Claims, Noticing, and Solicitation Agent"), by: (a) calling the Claims, Noticing, and Solicitation Agent at (855) 473-8665 (Toll Free) or +1 (949) 271-6507 (International); (b) e-mailing the Claims, Noticing, and Solicitation Agent at VoyagerInquiries@Stretto.com with a reference to "In re: Voyager - Solicitation Inquiry" in the subject line; or (c) writing to the Claims, Noticing, and Solicitation Agent at Voyager Inquiries, c/o Stretto 410 Exchange, Suite 100 Irvine, CA 92602. You may also obtain copies of any pleadings filed with the Court for free by visiting the Debtors' restructuring website, https://cases.stretto.com/Voyager/, or for a fee via PACER at: http://pacer.psc.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because you are the Holder of a Claim that is subject to a pending objection by the Debtors. **You are not entitled to vote any disputed portion of your**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan.

**Claim on the Plan unless one or more of the following events have taken place before a date that is three business days before the Voting Deadline** (each, a "Resolution Event"):

1.  an order of the Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

2.  an order of the Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

3.  a stipulation or other agreement is executed between the Holder of such Claim and the Debtors temporarily allowing the Holder of such Claim to vote its Claim in an agreed upon amount; or

4.  the pending objection to such Claim is voluntarily withdrawn by the objecting party.

Accordingly, this notice and the *Notice of Entry of Order (I) Approving the Adequacy of the Disclosure Statement, (II) Approving the Solicitation and Notice Procedures, (III) Approving the Form of Ballots and Notices in Connection Therewith, and (IV) Scheduling Certain Dates with Respect Thereto, and (V) Granting Related Relief* are being sent to you for informational purposes only.

**PLEASE TAKE FURTHER NOTICE THAT** if a Resolution Event occurs, then no later than one Business Day thereafter, the Claims, Noticing, and Solicitation Agent shall distribute a Ballot, and a pre-addressed, postage pre-paid envelope to you, which must be returned to the Claims, Noticing, and Solicitation Agent no later than the Voting Deadline, which is on **November 25, 2022 at 4:00 p.m.** prevailing Eastern Time.

**PLEASE TAKE FURTHER NOTICE THAT** if you have any questions about the status of any of your Claims, you should contact the Claims, Noticing, and Solicitation Agent in accordance with the instructions provided above.

---

**ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE VIII.B CONTAINS A THIRD-PARTY RELEASE. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE CLAIMS, NOTICING, AND SOLICITATION AGENT.**

---

Dated: _____, 2022
New York, New York

/s/ Draft
_____

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    jsussberg@kirkland.com
    cmarcus@kirkland.com
    christine.okike@kirkland.com
    allyson.smith@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

## Exhibit 4A

**Class 3 Ballots (Account Holder Claims)**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**BALLOT FOR VOTING TO ACCEPT OR REJECT**
**THE SECOND AMENDED JOINT PLAN OF VOYAGER DIGITAL HOLDINGS, INC.**
**AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 3 HOLDERS OF ACCOUNT HOLDER CLAIMS**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS
CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY
RECEIVED* BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT BY NOVEMBER 25, 2022,
AT 4:00 P.M., PREVAILING EASTERN TIME (THE "VOTING DEADLINE").**

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), to accept or reject the *Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time, the "Plan"),[2] attached as Exhibit A to the *First Amended Disclosure Statement for the Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented from time to time and including all exhibits or supplements thereto, the "Disclosure Statement") from Holders of Account Holder Claims, Alameda Loan Facility Claims, OpCo General Unsecured Claims, HoldCo General Unsecured Claims, and TopCo General Unsecured Claims (each, a "Voting Class" and collectively, the "Voting Classes").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan.

Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein.  A Voting Class will accept the Plan if Holders of at least two-thirds in amount and more than one-half in number of Claims in that Voting Class votes to accept the Plan.  The Court may confirm the Plan, which contemplates effectuating the Restructuring Transactions, if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding on all Holders of Allowed Claims in the Voting Classes, among others.

You are receiving this ballot (this "Ballot") because you are the Holder of a Class 3 Account Holder Claim in the Plan as of **October 19, 2022** (the "Voting Record Date").  **For additional discussion of the treatment of Class 3 Claims under the Plan and the rights of Holders of Class 3 Claims under the Plan, please read the Disclosure Statement.**

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Ballot.  If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them from:  (a) Stretto, Inc. (the "Claims, Noticing, and Solicitation Agent"), at no charge by:  (i) accessing the Debtors' restructuring website at https://cases.stretto.com/Voyager/; (ii) writing to the Claims, Noticing, and Solicitation Agent at Voyager Inquiries, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602; (iii) calling (855) 473-8665 (Toll Free) or +1 (949) 271-6507 (International); or (iv) emailing VoyagerInquiries@stretto.com and referencing "In re Voyager - Solicitation Inquiry" in the subject line; or (b) for a fee via PACER at http://pacer.psc.uscourts.gov.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan.  If you believe you have received this Ballot in error, please contact the Claims, Noticing, and Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

The Court may confirm the Plan and thereby bind all Holders of Claims and Interests.  To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Claims, Noticing, and Solicitation Agent *actually receives* it on or before the Voting Deadline.

As further described in the Committee Letter, the Committee recommends that you vote to accept the Plan and contribute your third-party claims.

**THE VOTING DEADLINE IS ON NOVEMBER 25, 2022, AT 4:00 P.M., PREVAILING EASTERN TIME.**

Item 1.    **Amount of Class 3 Claims.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of Class 3 Account Holder Claims in the following aggregate principal amount (*please list the number of each type of Cryptocurrency held in your account as of July 5, 2022*):

| **List of Coins Held on the Debtors' Platform as of the Petition Date** | | | |
|---|---|---|---|
| **Cyrptocurrency** | **Number of Units Held by Account Holder** | **Cyrptocurrency** | **Number of Units Held by Account Holder** |
| 1. AAVE (AAVE) | | 54. ChainLink (LINK) | |
| 2. Cardano (ADA) | | 55. Locked Luna (LLUNA) | |
| 3. Algorand (ALGO) | | 56. Livepeer (LPT) | |
| 4. MyNeighborAlice (ALICE) | | 57. Loopring (LRC) | |
| 5. Amp (AMP) | | 58. Litecoin (LTC) | |
| 6. Ankr Protocol (ANKR) | | 59. Terra Luna (LUNA) | |
| 7. ApeCoin (APE) | | 60. Luna Classic (LUNC) | |
| 8. Cosmos (ATOM) | | 61. Decentraland (MANA) | |
| 9. Audius (AUDIO) | | 62. Polygon (MATIC) | |
| 10. Avalanche (AVAX) | | 63. Maker (MKR) | |
| 11. Axie Infinity (AXS) | | 64. Neo (NEO) | |

| | | | |
|---|---|---|---|
| 12. Band Protocol (BAND) | | 65. Ocean Protocol (OCEAN) | |
| 13. Basic Attention Token (BAT) | | 66. OMG Network (OMG) | |
| 14. Bitcoin Cash (BCH) | | 67. Ontology (ONT) | |
| 15. Biconomy (BICO) | | 68. Optimism (OP) | |
| 16. Bancor (BNT) | | 69. Orchid (OXT) | |
| 17. Bitcoin (BTC) | | 70. Perpetual Protocol (PERP) | |
| 18. BitTorrent (BTT) | | 71. Polymath (POLY) | |
| 19. Pancake Swap (CAKE) | | 72. Quant (QNT) | |
| 20. Celo (CELO) | | 73. Qtum (QTUM) | |
| 21. Chiliz (CHZ) | | 74. Raydium (RAY) | |
| 22. Nervos Network (CKB) | | 75. Ren (REN) | |
| 23. Compound (COMP) | | 76. Oasis Network (ROSE) | |
| 24. Curve Dao Token (CRV) | | 77. Sandbox (SAND) | |
| 25. Dai (DAI) | | 78. Shiba Inu (SHIB) | |
| 26. Dash (DASH) | | 79. Skale (SKL) | |
| 27. DigiByte (DGB) | | 80. Solana (SOL) | |
| 28. Dogecoin (DOGE) | | 81. Spell Token (SPELL) | |
| 29. Polkadot (DOT) | | 82. Serum (SRM) | |
| 30. dYdX (DYDX) | | 83. StormX (STMX) | |
| 31. Elrond (EGLD) | | 84. SushiSwap (SUSHI) | |
| 32. Enjin (ENJ) | | 85. OriginTrail (TRAC) | |
| 33. Ethereum Name Service (ENS) | | 86. TRON (TRX) | |
| 34. Eos (EOS) | | 87. TrueUSD (TUSD) | |
| 35. Ethereum Classic (ETC) | | 88. UMA (UMA) | |
| 36. Harvest Finance (FARM) | | 89. Uniswap (UNI) | |
| 37. Fetch.ai (FET) | | 90. USD Coin (USDC) | |
| 38. Filecoin (FIL) | | 91. Tether (USDT) | |
| 39. Flow (FLOW) | | 92. VeChain (VET) | |
| 40. Fantom (FTM) | | 93. Voyager Token (VGX) | |
| 41. Gala (GALA) | | 94. Waves (WAVES) | |
| 42. Golem (GLM) | | 95. Wrapped Bitcoin (WBTC) | |
| 43. The Graph (GRT) | | 96. Stellar Lumens (XLM) | |
| 44. Hedera Hashgraph (HBAR) | | 97. Monero (XMR) | |
| 45. Internet Computer (ICP) | | 98. Ripple (XRP) | |
| 46. ICON (ICX) | | 99. Tezos (XTZ) | |
| 47. IOTA (IOT) | | 100. Verge (XVG) | |
| 48. JASMYCoin (JASMY) | | 101. yearn.finance (YFI) | |
| 49. Kava (KAVA) | | 102. DFI.Money (YFII) | |
| 50. Keep Network (KEEP) | | 103. Yield Guild Games (YGG) | |
| 51. Kyber Network (KNC) | | 104. Zcash (ZEC) | |
| 52. Kusama (KSM) | | 105. Horizen (ZEN) | |
| 53. ChainLink (LINK) | | 106. 0x (ZRX) | |

**Item 2.    Recovery.**

Pursuant to Article III.B.3 of the Plan, each Holder of an Allowed Account Holder Claim will receive in full and final satisfaction, compromise, settlement, release, and discharge of such Allowed Account Holder Claim (i) its Pro Rata share of Transferred Cryptocurrency Value, in Cryptocurrency or Cash as provided in the Customer Migration Protocol; (ii) the right to become a Transferred Creditor as provided in the Customer Migration Protocol; (iii) its Pro Rata share of Distributable Cash; and (iv) to effectuate distributions from the Wind-Down Entity, its Pro Rata share of the Wind-Down Trust Units (if applicable) on account of any recovery of Wind-Down Trust Assets attributable to OpCo; *provided* that any distributions on account of Wind-Down Trust Units shall only be made following payment in full of Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Secured Tax Claims, and Allowed Other Priority Claims.

Item 3.    **Vote on Plan.**

The Holder of the Class 3 Account Holder Claims against the Debtors set forth in Item 1 votes to (please check <u>one</u>):

| **ACCEPT** (vote FOR) the Plan | **REJECT** (vote AGAINST) the Plan |
|---|---|

**<u>Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and Item 3 above.</u>**

Item 4.    **Third-Party Release.**

AS A HOLDER OF A CLASS 3 CLAIM, YOU ARE A "RELEASING PARTY" UNDER THE PLAN IF YOU OPT IN TO THE RELEASES CONTAINED IN THE PLAN. YOU MAY CHECK THE BOX BELOW TO ELECT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.B OF THE PLAN. YOU WILL BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN <u>ONLY IF</u> (I) THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT IN TO THE RELEASES AND (II) YOU CHECK THE BOX BELOW AND SUBMIT THE OPT IN NOTICE BY THE OPT IN DEADLINE. YOUR RECOVERY UNDER THE PLAN REMAINS UNAFFECTED WHETHER OR NOT YOU ELECT TO OPT IN TO THE THIRD-PARTY RELEASE.

| ☐ | **By checking this box, you elect to opt <u>IN</u> to the Third-Party Releases.** |
|---|---|

**Article VIII.B of the Plan contains the following Third-Party Release:**

**Except as expressly set forth in the Plan, effective on the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by each and all of the Releasing Parties, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, from any and all Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise, including any derivative claims asserted or assertable on behalf of any of the Debtors, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), their capital structure, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Alameda Loan Facility, the Debtors' out of court restructuring efforts, intercompany transactions between or among a Debtor and another Debtor, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Definitive Documents or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Definitive Documents, the pursuit of consummation of the Plan, the administration and implementation of the Restructuring Transactions, or upon any other act or omission, transaction, agreement, event, or other occurrence related to the Debtors taking place on or before the Effective Date, provided that nothing in Article VIII.B of the Plan shall be construed to release the Released Parties from actual fraud, willful misconduct, or gross negligence as determined by a Final Order.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in Article VIII.B of the Plan, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that each release described in Article VIII.B of the Plan is: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good-faith settlement and compromise of such**

**Causes of Action; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) a sound exercise of the Debtors' business judgment; and (7) except to the extent contemplated by Article IV.E and Article IV.F of the Plan, a bar to any of the Releasing Parties or the Debtors or Wind-Down Debtors or their respective Estates or Wind-Down Entity asserting any Cause of Action related thereto, of any kind, against any of the Released Parties or their property.**

**For the avoidance of doubt, any Contributed Third-Party Claims that Contributing Claimants elect on their ballots or opt-in forms to contribute to the Wind-Down Entity are subject to the release and exculpation provisions of the Plan to the extent they may be brought against Released Parties or Exculpated Parties.**

Definitions Related to the Debtor Release and the Third-Party Release:

(1)    Under the Plan, "*Released Party*" means, collectively, in each case in its capacity as such:  (a) the Debtors; (b) the Wind-Down Debtors; (c) the Committee, and each of the members thereof; (d) Purchaser and each of its Related Parties; (e) Alameda and each of its Related Parties; (f) each of the Released Professionals; and (g) each of the Released Voyager Employees (subject to the limitations contained in Article IV.E and Article IV.F of the Plan).

(2)    Under the Plan, "*Releasing Party*" means, collectively, in each case in its capacity as such:  (a) the Debtors; (b) the Wind-Down Debtors; (c) the Committee, and each of the members thereof; (d) each of the Released Professionals; (e) each of the Released Voyager Employees; (f) Alameda and each of its Related Parties to the extent Alameda is able to bind such Related Parties; (g)  Purchaser and each of its Related Parties to the extent Purchaser is able to bind such Related Parties; (h) all Holders of Claims that vote to accept the Plan and affirmatively opt into the releases provided by the Plan; (i) all Holders of Claims that vote to reject the Plan and affirmatively opt into the releases provided by the Plan; and (j) all Holders of Claims or Interests that abstain from voting (or are otherwise not entitled to vote) on the Plan and affirmatively opt into the releases provided by the Plan.

<u>**Item 5**</u>.  **Contributed Third-Party Claims.**

Aggregating and contributing your claims to the Wind-Down Entity may enable the pursuit and settlement of such litigation claims in a more efficient and effective manner.  Accordingly, each Holder of a Claim in Class 3 may agree to contribute its Contributed Third-Party Claims to the Wind-Down Entity.

By electing such option on this Ballot, you agree that, subject to the occurrence of the Effective Date and the formation of the Wind-Down Entity, you will be deemed, without further action, (i) to have irrevocably contributed your Contributed Third-Party Claims to the Wind-Down Entity, and (ii) to have agreed to execute any documents reasonably requested by the Debtors or the Wind-Down Entity to memorialize and effectuate such contribution.  For the avoidance of doubt, any Contributed Third-Party Claims that you elect to contribute to the Wind-Down Entity are subject to the release and exculpation provisions of the Plan to the extent they may be brought against Released Parties or Exculpated Parties.

**The Committee strongly encourages you to elect to contribute your Contributing Third-Party Claims to the Wind-Down Entity, which will allow the Wind-Down Entity to potentially seek greater recoveries for the benefit of Holders of Claims and Interests.**

| ☐ | **By checking this box, you elect to to contribute your Contributed Third-Party Claims to the Wind-Down Entity.** |
|---|---|

Definitions Related to Contributed Third-Party Claims:

Under the Plan, "*Contributed Third-Party Claims*" means all direct Causes of Action that any Contributing Claimant has against any Person (other than a Debtor) and that are related in any way to the Debtors, their

predecessors, or respective affiliates, including: (a) all Causes of Action based on, arising out of, or related to the marketing, sale, and issuance of Cryptocurrency; (b) all Causes of Action based on, arising out of, or related to the alleged misrepresentation of any of the Debtors' financial information, business operations, or related internal controls; and (c) all Causes of Action based on, arising out of, or related to any alleged failure to disclose, or actual or attempted cover up or obfuscation of, any of the Debtors' conduct prior to the Petition Date; *provided*, *however*, that Contributed Third-Party Claims does not include any derivative claims of the Debtors; *provided further*, *however*, that Contributed Third-Party Claims do not include (i) any direct Causes of Action that any Contributing Claimant has against Mark Cuban, Dallas Basketball Limited d/b/a Dallas Mavericks, the National Basketball Association, and any of their Related Parties and (ii) any direct Causes of Action that any Contributing Claimant, in its capacity as an equity holder of Voyager Digital Ltd., has that are asserted in the currently filed complaint, dated as of July 6, 2022, in the Ontario Superior Court of Justice by Francine De Sousa, against Voyager Digital Ltd., Stephen Ehrlich, Philip Eytan, Evan Psaropoulos, Lewis Bateman, Krisztian Toth, Jennifer Ackart, Glenn Stevens, and Brian Brooks.

**Item 6. Certifications.**

1.  The undersigned is (a) the Holder of the Account Holder Claims (Class 3) being voted or (b) the authorized signatory for an entity that is a Holder of such Account Holder Claims;

2.  the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein;

3.  the undersigned has cast the same vote with respect to all of its Account Holder Claims (Class 3) in connection with the Plan; and

4.  (a) no other Ballot with respect to the same Account Holder Claims (Class 3) identified in Item 1 has been cast or (b) if any other Ballot has been cast with respect to such Account Holder Claims, then any such earlier Ballots are hereby revoked and deemed to be null and void.

**Item 7. Ballot Completion Information.**

Name of Holder:  _____

_____

Signature:  _____

Signatory Name (if other than the Holder):  _____

Title:  _____

Address:  _____

Email Address:  _____

Telephone Number:  _____

Date Completed:  _____

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan. This Ballot shall not constitute or be deemed a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT IN ACCORDANCE WITH INSTRUCTIONS CONTAINED HEREIN.  THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS ACTUALLY RECEIVED BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT PRIOR TO THE VOTING DEADLINE VIA THE ONLINE VOTING PORTAL AT HTTPS://CASES.STRETTO.COM/VOYAGER/BALLOTING.**

**THE VOTING DEADLINE IS NOVEMBER 25, 2022, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS CLASS 3 BALLOT ON OR BEFORE THE VOTING DEADLINE.**

| Class 3 — Account Holder Claims |
|---|

**INSTRUCTIONS FOR COMPLETING THIS BALLOT**

1.  The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meanings set forth in the Plan, a copy of which also accompanies the Ballot. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.  The Plan can be confirmed by the Court and thereby made binding upon the Holders if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of Impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3.  This Ballot contains voting options with respect to the Plan.

4.  To vote, you **MUST**: (a) fully complete this Ballot; (b) clearly indicate your decision to accept or reject the Plan in Item 3 of this Ballot; and (c) sign, date, and return this Ballot via the Claims, Noticing, and Solicitation Agent's online voting portal as described more fully below.

    To submit your Ballot via the online voting portal, please visit https://cases.stretto.com/Voyager/balloting and follow the instructions to submit your Ballot.

    **IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:**

    **Unique E-Ballot ID#:** _____

    **PIN#:** _____

    The Claims, Noticing, and Solicitation Agent's online voting platform is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

    Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your Ballot. Please complete and submit a Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the Claims, Noticing, and Solicitation Agent's online voting portal should <u>NOT</u> also submit a hard copy Ballot.

5.  Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned will <u>NOT</u> be counted unless the Debtors otherwise determine.

6.  To vote, you <u>MUST</u> deliver your completed Ballot so that it is **ACTUALLY RECEIVED** by the Claims, Noticing, and Solicitation Agent on or before the Voting Deadline by one of the methods described above. The Voting Deadline is **November 25, 2022, at 4:00 p.m.** prevailing Eastern Time.

7.  Any Ballot received by the Claims, Noticing, and Solicitation Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine. No Ballot may be withdrawn or modified after the Voting Deadline without the Debtors' prior consent.

8.  Delivery of a Ballot reflecting your vote to the Claims, Noticing, and Solicitation Agent will be deemed to have occurred only when the Claims, Noticing, and Solicitation Agent actually receives the originally executed Ballot (for the avoidance of doubt, a Ballot submitted via the Claims, Noticing, and Solicitation Agent online voting

portal shall be deemed to contain an original signature).  In all cases, you should allow sufficient time to assure timely delivery.

9.    If you deliver multiple Ballots to the Claims, Noticing, and Solicitation Agent, <u>ONLY</u> the last properly executed Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s).

10.   You must vote all of your Class 3 Account Holder Claims either to accept or reject the Plan, and may not split your vote.  Further, if a Holder has multiple Claims within Class 3, the Debtors may direct the Claims, Noticing, and Solicitation Agent to aggregate the Claims of any particular Holder within Class 3 for the purpose of counting votes.

11.   This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim or an Interest, in the Debtors' Chapter 11 Cases.

12.   You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

13.   <u>SIGN AND DATE</u> your Ballot.[3]  Please provide your name and mailing address in the space provided on this Ballot if it is different from that set forth on the Ballot or if no address is presented on the Ballot.

14.   If your Claim is held in multiple accounts, you may receive more than one Ballot coded for each such account for which your Claims are held.  Each Ballot votes only your Claims indicated on that Ballot.  Accordingly, complete and return each Ballot you receive.

## PLEASE RETURN YOUR BALLOT PROMPTLY

**IF YOU HAVE ANY QUESTIONS REGARDING THIS CLASS 3 BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE CLAIMS, NOTICING, AND SOLICITATION AGENT AT: (855) 473-8665 (TOLL-FREE) OR +1 (949) 271-6507 (INTERNATIONAL) OR EMAIL VOYAGERINQUIRIES@STRETTO.COM AND REFERENCE "IN RE VOYAGER - SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

---

**THE VOTING DEADLINE IS NOVEMBER 25, 2022, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS CLASS 3 BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

[3]    If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims, Noticing, and Solicitation Agent, the Debtors, the Debtors' counsel, or the Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

**Exhibit 4B**

**Class 4 Ballot (Alameda Loan Facility Claims)**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**BALLOT FOR VOTING TO ACCEPT OR REJECT**
**THE SECOND AMENDED JOINT PLAN OF VOYAGER DIGITAL HOLDINGS, INC.**
**AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 4 HOLDERS OF ALAMEDA LOAN FACILITY CLAIMS**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT BY NOVEMBER 25, 2022, AT 4:00 P.M., PREVAILING EASTERN TIME (THE "VOTING DEADLINE").**

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), to accept or reject the *Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time, the "Plan"),[2] attached as Exhibit A to the *First Amended Disclosure Statement for the Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented from time to time and including all exhibits or supplements thereto, the "Disclosure Statement") from Holders of Account Holder Claims, Alameda Loan Facility Claims, OpCo General Unsecured Claims, HoldCo General Unsecured Claims, and TopCo General Unsecured Claims (each, a "Voting Class" and collectively, the "Voting Classes").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    Capitalized terms used but not otherwise defined herein shall have the meaning given to them in the Plan.

Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein. A Voting Class will accept the Plan if Holders of at least two-thirds in amount and more than one-half in number of Claims in that Voting Class votes to accept the Plan. The Court may confirm the Plan, which contemplates effectuating the Restructuring Transactions, if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding on all Holders of Allowed Claims in the Voting Classes, among others.

You are receiving this ballot (this "Ballot") because you are the Holder of Class 4 Alameda Loan Facility Claims as of **October 19, 2022** (the "Voting Record Date"). **For additional discussion of the treatment of Class 4 Claims under the Plan and the rights of Holders of Class 4 Claims under the Plan, please read the Disclosure Statement.**

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Ballot. If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them from: (a) Stretto, Inc. (the "Claims, Noticing, and Solicitation Agent"), at no charge by: (i) accessing the Debtors' restructuring website at https://cases.stretto.com/Voyager/; (ii) writing to the Claims, Noticing, and Solicitation Agent at Voyager Inquiries, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602; (iii) calling (855) 473-8665 (Toll Free) or +1 (949) 271-6507 (International); or (iv) emailing VoyagerInquiries@stretto.com and referencing "In re Voyager - Solicitation Inquiry" in the subject line; or (b) for a fee via PACER at http://pacer.psc.uscourts.gov.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, please contact the Claims, Noticing, and Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

The Court may confirm the Plan and thereby bind all Holders of Claims and Interests. To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Claims, Noticing, and Solicitation Agent *actually receives* it on or before the Voting Deadline.

As further described in the Committee Letter, the Committee recommends that you vote to accept the Plan and contribute your third-party claims.

**THE VOTING DEADLINE IS ON NOVEMBER 25, 2022, AT 4:00 P.M., PREVAILING EASTERN TIME.**

<u>Item 1</u>.    **Amount of Class 4 Claims.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of Class 4 Alameda Loan Facility Loan Claims in the following aggregate principal amount (*please fill in the amount if not otherwise completed*):

| Amount of Claims:  $_____ |
| --- |

<u>Item 2</u>.    **Recovery.**

Pursuant to the Asset Purchase Agreement, on the Effective Date, the Alameda Loan Facility Claims shall be deemed Allowed, and all rights, titles, and interests in the Alameda Loan Facility Claims shall be conveyed to OpCo, and OpCo shall be entitled to any recovery on account of the Alameda Loan Facility Claims. The treatment of Class 4 Alameda Loan Facility Claims is contractually settled pursuant to the Asset Purchase Agreement.

**Item 3.**    **Vote on Plan.**

The Holder of the Class 4 Alameda Loan Facility Claims against the Debtors set forth in Item 1 votes to (please check <u>one</u>):

| | |
|---|---|
| <u>**ACCEPT**</u> (vote FOR) the Plan | <u>**REJECT**</u> (vote AGAINST) the Plan |

**Item 4.**    **Third-Party Release.**

AS A HOLDER OF A CLASS 4 CLAIM, YOU ARE A "RELEASING PARTY" UNDER THE PLAN IF YOU OPT IN TO THE RELEASES CONTAINED IN THE PLAN.  YOU MAY CHECK THE BOX BELOW TO ELECT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.B OF THE PLAN.  YOU WILL BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN <u>ONLY IF</u> (I) THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT IN TO THE RELEASES AND (II) YOU CHECK THE BOX BELOW AND SUBMIT THE OPT IN NOTICE BY THE OPT IN DEADLINE.  YOU WILL BE A "RELEASED PARTY" UNDER THE PLAN ONLY TO THE EXTENT THAT YOU OPT IN TO THE RELEASES AND ARE A "RELEASING PARTY" UNDER THE PLAN.  YOUR RECOVERY UNDER THE PLAN REMAINS UNAFFECTED WHETHER OR NOT YOU ELECT TO OPT IN TO THE THIRD-PARTY RELEASE.

| | |
|---|---|
| ☐ | **By checking this box, you elect to opt <u>IN</u> to the Third-Party Releases.** |

**Article VIII.B of the Plan contains the following Third-Party Release:**

**Except as expressly set forth in the Plan, effective on the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by each and all of the Releasing Parties, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, from any and all Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise, including any derivative claims asserted or assertable on behalf of any of the Debtors, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), their capital structure, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Alameda Loan Facility, the Debtors' out of court restructuring efforts, intercompany transactions between or among a Debtor and another Debtor, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Definitive Documents or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Definitive Documents, the pursuit of consummation of the Plan, the administration and implementation of the Restructuring Transactions, or upon any other act or omission, transaction, agreement, event, or other occurrence related to the Debtors taking place on or before the Effective Date, provided that nothing in Article VIII.B of the Plan shall be construed to release the Released Parties from actual fraud, willful misconduct, or gross negligence as determined by a Final Order.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in Article VIII.B of the Plan, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that each release described in Article VIII.B of the Plan is:  (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good-faith settlement and compromise of such Causes of Action; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair,**

**equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) a sound exercise of the Debtors' business judgment; and (7) except to the extent contemplated by Article IV.E and Article IV.F of the Plan, a bar to any of the Releasing Parties or the Debtors or Wind-Down Debtors or their respective Estates or Wind-Down Entity asserting any Cause of Action related thereto, of any kind, against any of the Released Parties or their property.**

**For the avoidance of doubt, any Contributed Third-Party Claims that Contributing Claimants elect on their ballots or opt-in forms to contribute to the Wind-Down Entity are subject to the release and exculpation provisions of the Plan to the extent they may be brought against Released Parties or Exculpated Parties.**

Definitions Related to the Debtor Release and the Third-Party Release:

(1)     Under the Plan, "*Released Party*" means, collectively, in each case in its capacity as such:  (a) the Debtors; (b) the Wind-Down Debtors; (c) the Committee, and each of the members thereof; (d) Purchaser and each of its Related Parties; (e) Alameda and each of its Related Parties; (f) each of the Released Professionals; and (g) each of the Released Voyager Employees (subject to the limitations contained in Article IV.E and Article IV.F of the Plan).

(2)     Under the Plan, "*Releasing Party*" means, collectively, in each case in its capacity as such:  (a) the Debtors; (b) the Wind-Down Debtors; (c) the Committee, and each of the members thereof; (d) each of the Released Professionals; (e) each of the Released Voyager Employees; (f) Alameda and each of its Related Parties to the extent Alameda is able to bind such Related Parties; (g)  Purchaser and each of its Related Parties to the extent Purchaser is able to bind such Related Parties; (h) all Holders of Claims that vote to accept the Plan and affirmatively opt into the releases provided by the Plan; (i) all Holders of Claims that vote to reject the Plan and affirmatively opt into the releases provided by the Plan; and (j) all Holders of Claims or Interests that abstain from voting (or are otherwise not entitled to vote) on the Plan and affirmatively opt into the releases provided by the Plan.

<u>**Item 5**</u>.  **Contributed Third-Party Claims.**

Aggregating and contributing your claims to the Wind-Down Entity may enable the pursuit and settlement of such litigation claims in a more efficient and effective manner.  Accordingly, each Holder of a Claim in Class 4 may agree to contribute its Contributed Third-Party Claims to the Wind-Down Entity.

By electing such option on this Ballot, you agree that, subject to the occurrence of the Effective Date and the formation of the Wind-Down Entity, you will be deemed, without further action, (i) to have irrevocably contributed your Contributed Third-Party Claims to the Wind-Down Entity, and (ii) to have agreed to execute any documents reasonably requested by the Debtors or the Wind-Down Entity to memorialize and effectuate such contribution.  For the avoidance of doubt, any Contributed Third-Party Claims that you elect to contribute to the Wind-Down Entity are subject to the release and exculpation provisions of the Plan to the extent they may be brought against Released Parties or Exculpated Parties.

**The Committee strongly encourages you to elect to contribute your Contributing Third-Party Claims to the Wind-Down Entity, which will allow the Wind-Down Entity to potentially seek greater recoveries for the benefit of Holders of Claims and Interests.**

| | |
|---|---|
| ☐ | **By checking this box, you elect to to contribute your Contributed Third-Party Claims to the Wind-Down Entity.** |

Definitions Related to Contributed Third-Party Claims:

Under the Plan, "*Contributed Third-Party Claims*" means all direct Causes of Action that any Contributing Claimant has against any Person (other than a Debtor) and that are related in any way to the Debtors, their predecessors, or respective affiliates, including:  (a) all Causes of Action based on, arising out of, or related

to the marketing, sale, and issuance of Cryptocurrency; (b) all Causes of Action based on, arising out of, or related to the alleged misrepresentation of any of the Debtors' financial information, business operations, or related internal controls; and (c) all Causes of Action based on, arising out of, or related to any alleged failure to disclose, or actual or attempted cover up or obfuscation of, any of the Debtors' conduct prior to the Petition Date; *provided*, *however*, that Contributed Third-Party Claims does not include any derivative claims of the Debtors; *provided further*, *however*, that Contributed Third-Party Claims do not include (i) any direct Causes of Action that any Contributing Claimant has against Mark Cuban, Dallas Basketball Limited d/b/a Dallas Mavericks, the National Basketball Association, and any of their Related Parties and (ii) any direct Causes of Action that any Contributing Claimant, in its capacity as an equity holder of Voyager Digital Ltd., has that are asserted in the currently filed complaint, dated as of July 6, 2022, in the Ontario Superior Court of Justice by Francine De Sousa, against Voyager Digital Ltd., Stephen Ehrlich, Philip Eytan, Evan Psaropoulos, Lewis Bateman, Krisztian Toth, Jennifer Ackart, Glenn Stevens, and Brian Brooks.

**Item 6. Certifications.**

1. The undersigned is (a) the Holder of the Alameda Loan Facility Claims (Class 4) being voted or (b) the authorized signatory for an entity that is the Holder of such Alameda Loan Facility Claims;

2. the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein;

3. the undersigned has cast the same vote with respect to all of its Alameda Loan Facility Claims (Class 4) in connection with the Plan; and

4. (a) no other Ballot with respect to the same Alameda Loan Facility Claims (Class 4) identified in Item 1 has been cast or (b) if any other Ballot has been cast with respect to such Alameda Loan Facility Claims, then any such earlier Ballots are hereby revoked and deemed to be null and void.

**Item 7. Ballot Completion Information.**

| | |
|---|---|
| Name of Holder: | _____ |
| | _____ |
| Signature: | _____ |
| Signatory Name (if other than the Holder): | _____ |
| Title: | _____ |
| Address: | _____ |
| Email Address: | _____ |
| Telephone Number: | _____ |
| Date Completed: | _____ |

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan. This Ballot shall not constitute or be deemed a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT IN ACCORDANCE WITH INSTRUCTIONS CONTAINED HEREIN.  THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS ACTUALLY RECEIVED BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT PRIOR TO THE VOTING DEADLINE VIA THE ONLINE VOTING PORTAL AT HTTPS://CASES.STRETTO.COM/VOYAGER/BALLOTING.**

---

**THE VOTING DEADLINE IS NOVEMBER 25, 2022, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS CLASS 4 BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

| Class 4 — Alameda Loan Facility Claims |
|---|

### INSTRUCTIONS FOR COMPLETING THIS BALLOT

1. The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meanings set forth in the Plan, a copy of which also accompanies the Ballot. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. The Plan can be confirmed by the Court and thereby made binding upon the Holders if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3. This Ballot contains voting options with respect to the Plan.

4. To vote, you <u>MUST</u>: (a) fully complete this Ballot; (b) clearly indicate your decision to accept or reject the Plan in Item 3 of this Ballot; and (c) sign, date, and return this Ballot via the Claims, Noticing, and Solicitation Agent's online voting portal as described more fully below.

   To submit your Ballot via the online voting portal, please visit https://cases.stretto.com/Voyager/balloting and follow the instructions to submit your Ballot.

   **IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:**

   **Unique E-Ballot ID#:** _____

   **PIN#:** _____

   The Claims, Noticing, and Solicitation Agent's online voting platform is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

   Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your Ballot. Please complete and submit a Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the Claims, Noticing, and Solicitation Agent's online voting portal should <u>NOT</u> also submit a hard copy Ballot.

5. Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned will <u>NOT</u> be counted unless the Debtors otherwise determine.

6. To vote, you <u>MUST</u> deliver your completed Ballot so that it is **ACTUALLY RECEIVED** by the Claims, Noticing, and Solicitation Agent on or before the Voting Deadline by one of the methods described above. The Voting Deadline is **November 25, 2022, at 4:00 p.m., prevailing Eastern Time**.

7. Any Ballot received by the Claims, Noticing, and Solicitation Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine. No Ballot may be withdrawn or modified after the Voting Deadline without the Debtors' prior consent.

8. Delivery of a Ballot reflecting your vote to the Claims, Noticing, and Solicitation Agent will be deemed to have occurred only when the Claims, Noticing, and Solicitation Agent actually receives the originally executed Ballot

(for the avoidance of doubt, a Ballot submitted via the Claims, Noticing, and Solicitation Agent online voting portal shall be deemed to contain an original signature).  In all cases, you should allow sufficient time to assure timely delivery.

9.   If you deliver multiple Ballots to the Claims, Noticing, and Solicitation Agent, <u>ONLY</u> the last properly executed Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s).

10.  You must vote all of your Class 4 Alameda Loan Facility Claims either to accept or reject the Plan, and may not split your vote.  Further, if a Holder has multiple Claims within Class 4, the Debtors may direct the Claims, Noticing, and Solicitation Agent to aggregate the Claims of any particular Holder within Class 4 for the purpose of counting votes.

11.  This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim or an Interest, in the Debtors' Chapter 11 Cases.

12.  You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

13.  <u>SIGN AND DATE</u> your Ballot.[3]  Please provide your name and mailing address in the space provided on this Ballot if it is different from that set forth on the Ballot or if no address is presented on the Ballot.

14.  If your Claim is held in multiple accounts, you may receive more than one Ballot coded for each such account for which your Claims are held.  Each Ballot votes only your Claims indicated on that Ballot.  Accordingly, complete and return each Ballot you receive.

**<u>PLEASE RETURN YOUR BALLOT PROMPTLY</u>**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS CLASS 4 BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE CLAIMS, NOTICING, AND SOLICITATION AGENT AT: (855) 473-8665 (TOLL-FREE) OR +1 (949) 271-6507 (INTERNATIONAL) OR EMAIL VOYAGERINQUIRIES@STRETTO.COM AND REFERENCE "IN RE VOYAGER - SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

---

**THE VOTING DEADLINE IS NOVEMBER 25, 2022, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS CLASS 4 BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

[3]   If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims, Noticing, and Solicitation Agent, the Debtors, the Debtors' counsel, or the Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

**Exhibit 4C**

**Class 5A Ballot (OpCo General Unsecured Claims)**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) Case No. 22-10943 (MEW) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

<div align="center">

**BALLOT FOR VOTING TO ACCEPT OR REJECT**
**THE SECOND AMENDED JOINT PLAN OF VOYAGER DIGITAL HOLDINGS, INC.**
**AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 5A HOLDERS OF OPCO GENERAL UNSECURED CLAIMS**

</div>

> **PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**
>
> **THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT BY NOVEMBER 25, 2022, AT 4:00 P.M., PREVAILING EASTERN TIME (THE "VOTING DEADLINE").**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), to accept or reject the *Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time, the "Plan"),[2] attached as Exhibit A to the *First Amended Disclosure Statement for the Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented from time to time and including all exhibits or supplements thereto, the "Disclosure Statement") from Holders of Account Holder Claims, Alameda Loan Facility Claims, OpCo General Unsecured Claims, HoldCo General Unsecured Claims, and TopCo General Unsecured Claims (each, a "Voting Class" and collectively, the "Voting Classes").

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]   Capitalized terms used but not otherwise defined herein shall have the meaning given to them in the Plan.

Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein. A Voting Class will accept the Plan if Holders of at least two-thirds in amount and more than one-half in number of Claims in that Voting Class votes to accept the Plan. The Court may confirm the Plan, which contemplates effectuating the Restructuring Transactions, if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding on all Holders of Allowed Claims in the Voting Classes, among others.

You are receiving this ballot (this "Ballot") because you are the Holder of Class 5A OpCo General Unsecured Claims as of **October 19, 2022** (the "Voting Record Date"). **For additional discussion of the treatment of Class 5A Claims under the Plan and the rights of Holders of Class 5A Claims under the Plan, please read the Disclosure Statement.**

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Ballot. If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them from: (a) Stretto, Inc. (the "Claims, Noticing, and Solicitation Agent"), at no charge by: (i) accessing the Debtors' restructuring website at https://cases.stretto.com/Voyager/; (ii) writing to the Claims, Noticing, and Solicitation Agent at Voyager Inquiries, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602; (iii) calling (855) 473-8665 (Toll Free) or +1 (949) 271-6507 (International); or (iv) emailing VoyagerInquiries@stretto.com and referencing "In re Voyager - Solicitation Inquiry" in the subject line; or (b) for a fee via PACER at http://pacer.psc.uscourts.gov.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, please contact the Claims, Noticing, and Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

The Court may confirm the Plan and thereby bind all Holders of Claims and Interests. To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Claims, Noticing, and Solicitation Agent *actually receives* it on or before the Voting Deadline.

As further described in the Committee Letter, the Committee recommends that you vote to accept the Plan and contribute your third-party claims.

**THE VOTING DEADLINE IS ON NOVEMBER 25, 2022, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**Item 1.    Amount of Class 5A Claims.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of Class 5A OpCo General Unsecured Claims in the following aggregate principal amount (*please fill in the amount if not otherwise completed*):

Amount of Claims: $_____

**Item 2.    Recovery.**

Pursuant to Article III.B.5 of the Plan, each Holder of an Allowed OpCo General Unsecured Claim will receive in full and final satisfaction, compromise, settlement, release, and discharge of such Allowed OpCo General Unsecured Claim (i) its Pro Rata share of Transferred Cryptocurrency Value, in Cryptocurrency or Cash as provided in the Customer Migration Protocol; (ii) the right to become a Transferred Creditor as provided in the Customer Migration Protocol; (iii) its Pro Rata share of Distributable OpCo Cash; and (iv) to effectuate distributions from the Wind-Down Entity, its Pro Rata share of the Wind-Down Trust Units on account of any recovery of Wind-Down Trust Assets attributable to OpCo; *provided* that any distributions on account of Wind-Down Trust Units shall only be made following payment in full of Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Secured Tax Claims, and Allowed Other Priority Claims.

**Item 3.    Vote on Plan.**

The Holder of the Class 5A OpCo General Unsecured Claims against the Debtors set forth in Item 1 votes to (please check <u>one</u>):

| | |
|---|---|
| <u>**ACCEPT**</u> (vote FOR) the Plan | <u>**REJECT**</u> (vote AGAINST) the Plan |

<u>**Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and Item 3 above.**</u>

**Item 4.    Third-Party Release.**

AS A HOLDER OF A CLASS 5A CLAIM, YOU ARE A "RELEASING PARTY" UNDER THE PLAN IF YOU OPT IN TO THE RELEASES CONTAINED IN THE PLAN.  YOU MAY CHECK THE BOX BELOW TO ELECT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.B OF THE PLAN.  YOU WILL BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN <u>ONLY IF</u> (I) THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT IN TO THE RELEASES AND (II) YOU CHECK THE BOX BELOW AND SUBMIT THE OPT IN NOTICE BY THE OPT IN DEADLINE.   YOUR RECOVERY UNDER THE PLAN REMAINS UNAFFECTED WHETHER OR NOT YOU ELECT TO OPT IN TO THE THIRD-PARTY RELEASE.

| | |
|---|---|
| ☐ | **By checking this box, you elect to opt <u>IN</u> to the Third-Party Releases.** |

**Article VIII.B of the Plan contains the following Third-Party Release:**

**Except as expressly set forth in the Plan, effective on the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by each and all of the Releasing Parties, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, from any and all Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise, including any derivative claims asserted or assertable on behalf of any of the Debtors, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), their capital structure, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Alameda Loan Facility, the Debtors' out of court restructuring efforts, intercompany transactions between or among a Debtor and another Debtor, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Definitive Documents or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Definitive Documents, the pursuit of consummation of the Plan, the administration and implementation of the Restructuring Transactions, or upon any other act or omission, transaction, agreement, event, or other occurrence related to the Debtors taking place on or before the Effective Date, provided that nothing in Article VIII.B of the Plan shall be construed to release the Released Parties from actual fraud, willful misconduct, or gross negligence as determined by a Final Order.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in Article VIII.B of the Plan, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy**

**Court's finding that each release described in Article VIII.B of the Plan is:  (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good-faith settlement and compromise of such Causes of Action; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) a sound exercise of the Debtors' business judgment; and (7) except to the extent contemplated by Article IV.E and Article IV.F of the Plan, a bar to any of the Releasing Parties or the Debtors or Wind-Down Debtors or their respective Estates or Wind-Down Entity asserting any Cause of Action related thereto, of any kind, against any of the Released Parties or their property.**

**For the avoidance of doubt, any Contributed Third-Party Claims that Contributing Claimants elect on their ballots or opt-in forms to contribute to the Wind-Down Entity are subject to the release and exculpation provisions of the Plan to the extent they may be brought against Released Parties or Exculpated Parties.**

Definitions Related to the Debtor Release and the Third-Party Release:

(1)     Under the Plan, "*Released Party*" means, collectively, in each case in its capacity as such:  (a) the Debtors; (b) the Wind-Down Debtors; (c) the Committee, and each of the members thereof; (d) Purchaser and each of its Related Parties; (e) Alameda and each of its Related Parties; (f) each of the Released Professionals; and (g) each of the Released Voyager Employees (subject to the limitations contained in Article IV.E and Article IV.F of the Plan).

(2)     Under the Plan, "*Releasing Party*" means, collectively, in each case in its capacity as such:  (a) the Debtors; (b) the Wind-Down Debtors; (c) the Committee, and each of the members thereof; (d) each of the Released Professionals; (e) each of the Released Voyager Employees; (f) Alameda and each of its Related Parties to the extent Alameda is able to bind such Related Parties; (g)  Purchaser and each of its Related Parties to the extent Purchaser is able to bind such Related Parties; (h) all Holders of Claims that vote to accept the Plan and affirmatively opt into the releases provided by the Plan; (i) all Holders of Claims that vote to reject the Plan and affirmatively opt into the releases provided by the Plan; and (j) all Holders of Claims or Interests that abstain from voting (or are otherwise not entitled to vote) on the Plan and affirmatively opt into the releases provided by the Plan.

<u>Item 5</u>.  **Contributed Third-Party Claims.**

Aggregating and contributing your claims to the Wind-Down Entity may enable the pursuit and settlement of such litigation claims in a more efficient and effective manner.  Accordingly, each Holder of a Claim in Class 5A may agree to contribute its Contributed Third-Party Claims to the Wind-Down Entity.

By electing such option on this Ballot, you agree that, subject to the occurrence of the Effective Date and the formation of the Wind-Down Entity, you will be deemed, without further action, (i) to have irrevocably contributed your Contributed Third-Party Claims to the Wind-Down Entity, and (ii) to have agreed to execute any documents reasonably requested by the Debtors or the Wind-Down Entity to memorialize and effectuate such contribution.  For the avoidance of doubt, any Contributed Third-Party Claims that you elect to contribute to the Wind-Down Entity are subject to the release and exculpation provisions of the Plan to the extent they may be brought against Released Parties or Exculpated Parties.

**The Committee strongly encourages you to elect to contribute your Contributing Third-Party Claims to the Wind-Down Entity, which will allow the Wind-Down Entity to potentially seek greater recoveries for the benefit of Holders of Claims and Interests.**

☐     **By checking this box, you elect to to contribute your Contributed Third-Party Claims to the Wind-Down Entity.**

Definitions Related to Contributed Third-Party Claims:

Under the Plan, "***Contributed Third-Party Claims***" means all direct Causes of Action that any Contributing Claimant has against any Person (other than a Debtor) and that are related in any way to the Debtors, their predecessors, or respective affiliates, including:  (a) all Causes of Action based on, arising out of, or related to the marketing, sale, and issuance of Cryptocurrency; (b) all Causes of Action based on, arising out of, or related to the alleged misrepresentation of any of the Debtors' financial information, business operations, or related internal controls; and (c) all Causes of Action based on, arising out of, or related to any alleged failure to disclose, or actual or attempted cover up or obfuscation of, any of the Debtors' conduct prior to the Petition Date; *provided*, *however*, that Contributed Third-Party Claims does not include any derivative claims of the Debtors; *provided further*, *however*, that Contributed Third-Party Claims do not include (i) any direct Causes of Action that any Contributing Claimant has against Mark Cuban, Dallas Basketball Limited d/b/a Dallas Mavericks, the National Basketball Association, and any of their Related Parties and (ii) any direct Causes of Action that any Contributing Claimant, in its capacity as an equity holder of Voyager Digital Ltd., has that are asserted in the currently filed complaint, dated as of July 6, 2022, in the Ontario Superior Court of Justice by Francine De Sousa, against Voyager Digital Ltd., Stephen Ehrlich, Philip Eytan, Evan Psaropoulos, Lewis Bateman, Krisztian Toth, Jennifer Ackart, Glenn Stevens, and Brian Brooks.

**<u>Item 6</u>. Certifications.**

1.   The undersigned is (a) the Holder of the OpCo General Unsecured Claims (Class 5A) being voted or (b) the authorized signatory for an entity that is a Holder of such OpCo General Unsecured Claims;

2.   the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein;

3.   the undersigned has cast the same vote with respect to all of its OpCo General Unsecured Claims (Class 5A) in connection with the Plan; and

4.   (a) no other Ballot with respect to the same OpCo General Unsecured Claims (Class 5A) identified in Item 3 has been cast or (b) if any other Ballot has been cast with respect to such OpCo General Unsecured Claims, then any such earlier Ballots are hereby revoked and deemed to be null and void.

**<u>Item 7</u>.  Ballot Completion Information.**

Name of Holder:

Signature:

Signatory Name (if other than the Holder):

Title:

Address:

Email Address:

Telephone Number:

Date Completed:

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.  This Ballot shall not constitute or be deemed a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT IN ACCORDANCE WITH INSTRUCTIONS CONTAINED HEREIN.  THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS ACTUALLY RECEIVED BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT PRIOR TO THE VOTING DEADLINE VIA THE ONLINE VOTING PORTAL AT HTTPS://CASES.STRETTO.COM/VOYAGER/BALLOTING.**

---

**THE VOTING DEADLINE IS NOVEMBER 25, 2022, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS CLASS 5A BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

| Class 5A — OpCo General Unsecured Claims |
|---|

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1.  The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meanings set forth in the Plan, a copy of which also accompanies the Ballot.  **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.  The Plan can be confirmed by the Court and thereby made binding upon the Holders if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

3.  This Ballot contains voting options with respect to the Plan.

4.  To vote, you <u>MUST</u>:  (a) fully complete this Ballot; (b) clearly indicate your decision to accept or reject the Plan in Item 3 of this Ballot; and (c) sign, date, and return this Ballot via the Claims, Noticing, and Solicitation Agent's online voting portal or by mail as described more fully below.

    (a)    To submit your Ballot via the online voting portal, please visit https://cases.stretto.com/Voyager/balloting and follow the instructions to submit your Ballot.

    **IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:**

    **Unique E-Ballot ID#:**  _____

    **PIN#:**  _____

    The Claims, Noticing, and Solicitation Agent's online voting platform is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

    Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your Ballot.  Please complete and submit a Ballot for each E-Ballot ID# you receive, as applicable.  Creditors who cast a Ballot using the Claims, Noticing, and Solicitation Agent's online voting portal should <u>NOT</u> also submit a hard copy Ballot.

    (b)    To submit your Ballot via mail, complete, sign, and date this Ballot and return it (with an original signature) promptly in the envelope provided via first-class mail, overnight courier, or hand-delivery to:

    Voyager Ballot Processing
    c/o Stretto
    410 Exchange, Suite 100
    Irvine, CA 92602

5.  Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned will <u>NOT</u> be counted unless the Debtors otherwise determine.

6.  To vote, you <u>MUST</u> deliver your completed Ballot so that it is **ACTUALLY RECEIVED** by the Claims, Noticing, and Solicitation Agent on or before the Voting Deadline by one of the methods described above. The Voting Deadline is **November 25, 2022, at 4:00 p.m., prevailing Eastern Time**.

7.  Any Ballot received by the Claims, Noticing, and Solicitation Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine. No Ballot may be withdrawn or modified after the Voting Deadline without the Debtors' prior consent.

8.  Delivery of a Ballot reflecting your vote to the Claims, Noticing, and Solicitation Agent will be deemed to have occurred only when the Claims, Noticing, and Solicitation Agent actually receives the originally executed Ballot (for the avoidance of doubt, a Ballot submitted via the Claims, Noticing, and Solicitation Agent online voting portal shall be deemed to contain an original signature). In all cases, you should allow sufficient time to assure timely delivery.

9.  If you deliver multiple Ballots to the Claims, Noticing, and Solicitation Agent, <u>ONLY</u> the last properly executed Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s).

10. You must vote all of your Class 5A OpCo General Unsecured Claims either to accept or reject the Plan, and may not split your vote. Further, if a Holder has multiple Claims within Class 5A, the Debtors may direct the Claims, Noticing, and Solicitation Agent to aggregate the Claims of any particular Holder within Class 5A for the purpose of counting votes.

11. This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim or an Interest, in the Debtors' Chapter 11 Cases.

12. You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

13. <u>SIGN AND DATE</u> your Ballot.[3]  Please provide your name and mailing address in the space provided on this Ballot if it is different from that set forth on the Ballot or if no address is presented on the Ballot.

14. If your Claim is held in multiple accounts, you may receive more than one Ballot coded for each such account for which your Claims are held. Each Ballot votes only your Claims indicated on that Ballot. Accordingly, complete and return each Ballot you receive.

### PLEASE RETURN YOUR BALLOT PROMPTLY

**IF YOU HAVE ANY QUESTIONS REGARDING THIS CLASS 5A BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE CLAIMS, NOTICING, AND SOLICITATION AGENT AT: (855) 473-8665 (TOLL-FREE) OR +1 (949) 271-6507 (INTERNATIONAL) OR EMAIL VOYAGERINQUIRIES@STRETTO.COM AND REFERENCE "IN RE VOYAGER - SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

<div style="border:1px solid">

**THE VOTING DEADLINE IS NOVEMBER 25, 2022, AT 4:00 P.M., PREVAILING EASTERN TIME. THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS CLASS 5A BALLOT ON OR BEFORE THE VOTING DEADLINE.**

</div>

---

[3]  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims, Noticing, and Solicitation Agent, the Debtors, the Debtors' counsel, or the Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

**<u>Exhibit 4D</u>**

**Class 5B Ballot (HoldCo General Unsecured Claims)**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:        (212) 446-4800
Facsimile:        (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | Case No. 22-10943 (MEW) |
| Debtors. | (Jointly Administered) |

**BALLOT FOR VOTING TO ACCEPT OR REJECT**
**THE SECOND AMENDED JOINT PLAN OF VOYAGER DIGITAL HOLDINGS, INC.**
**AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 5B HOLDERS OF HOLDCO GENERAL UNSECURED CLAIMS**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT BY NOVEMBER 25, 2022, AT 4:00 P.M., PREVAILING EASTERN TIME (THE "VOTING DEADLINE").**

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), to accept or reject the *Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time, the "Plan"),[2] attached as Exhibit A to the *First Amended Disclosure Statement for the Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented from time to time and including all exhibits or supplements thereto, the "Disclosure Statement") from Holders of Account Holder Claims, Alameda Loan Facility Claims, OpCo General Unsecured Claims, HoldCo General Unsecured Claims, and TopCo General Unsecured Claims (each, a "Voting Class" and collectively, the "Voting Classes").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    Capitalized terms used but not otherwise defined herein shall have the meaning given to them in the Plan.

1

Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein. A Voting Class will accept the Plan if Holders of at least two-thirds in amount and more than one-half in number of Claims in that Voting Class votes to accept the Plan. The Court may confirm the Plan, which contemplates effectuating the Restructuring Transactions, if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding on all Holders of Allowed Claims in the Voting Classes, among others.

You are receiving this ballot (this "Ballot") because you are the Holder of Class 5B HoldCo General Unsecured Claims as of **October 19, 2022** (the "Voting Record Date"). **For additional discussion of the treatment of Class 5B Claims under the Plan and the rights of Holders of Class 5B Claims under the Plan, please read the Disclosure Statement.**

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Ballot. If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them from: (a) Stretto, Inc. (the "Claims, Noticing, and Solicitation Agent"), at no charge by: (i) accessing the Debtors' restructuring website at https://cases.stretto.com/Voyager/; (ii) writing to the Claims, Noticing, and Solicitation Agent at Voyager Inquiries, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602; (iii) calling (855) 473-8665 (Toll Free) or +1 (949) 271-6507 (International); or (iv) emailing VoyagerInquiries@stretto.com and referencing "In re Voyager - Solicitation Inquiry" in the subject line; or (b) for a fee via PACER at http://pacer.psc.uscourts.gov.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, please contact the Claims, Noticing, and Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

The Court may confirm the Plan and thereby bind all Holders of Claims and Interests. To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Claims, Noticing, and Solicitation Agent *actually receives* it on or before the Voting Deadline.

As further described in the Committee Letter, the Committee recommends that you vote to accept the Plan and contribute your third-party claims.

**THE VOTING DEADLINE IS ON NOVEMBER 25, 2022, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**Item 1.** **Amount of Class 5B Claims.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of Class 5B HoldCo General Unsecured Claims in the following aggregate principal amount (*please fill in the amount if not otherwise completed*):

Amount of Claims: $_____

**Item 2.** **Recovery.**

Pursuant to Article III.B.6 of the Plan, each Holder of an Allowed HoldCo General Unsecured Claim will receive in full and final satisfaction, compromise, settlement, release, and discharge of such Allowed HoldCo General Unsecured Claim (i) its Pro Rata share of Distributable HoldCo Cash and (ii) to effectuate distributions from the Wind-Down Entity, its Pro Rata share of the Wind-Down Trust Units (if applicable) on account of any recovery of Wind-Down Trust Assets attributable to HoldCo; *provided* that any distributions on account of Wind-Down Trust Units shall only be made following payment in full of Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Secured Tax Claims, and Allowed Other Priority Claims.

<u>Item 3</u>.    **Vote on Plan.**

The Holder of the Class 5B HoldCo General Unsecured Claims against the Debtors set forth in Item 1 votes to (please check <u>one</u>):

| | |
|---|---|
| **<u>ACCEPT</u>** (vote FOR) the Plan | **<u>REJECT</u>** (vote AGAINST) the Plan |

**<u>Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and Item 3 above.</u>**

<u>Item 4</u>.    **Third-Party Release.**

AS A HOLDER OF A CLASS 5B CLAIM, YOU ARE A "RELEASING PARTY" UNDER THE PLAN IF YOU OPT IN TO THE RELEASES CONTAINED IN THE PLAN.  YOU MAY CHECK THE BOX BELOW TO ELECT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.B OF THE PLAN.  YOU WILL BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN <u>ONLY IF</u> (I) THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT IN TO THE RELEASES AND (II) YOU CHECK THE BOX BELOW AND SUBMIT THE OPT IN NOTICE BY THE OPT IN DEADLINE.   YOUR RECOVERY UNDER THE PLAN REMAINS UNAFFECTED WHETHER OR NOT YOU ELECT TO OPT IN TO THE THIRD-PARTY RELEASE.

| | |
|---|---|
| ☐ | **By checking this box, you elect to opt <u>IN</u> to the Third-Party Releases.** |

**Article VIII.B of the Plan contains the following Third-Party Release:**

> **Except as expressly set forth in the Plan, effective on the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by each and all of the Releasing Parties, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, from any and all Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise, including any derivative claims asserted or assertable on behalf of any of the Debtors, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), their capital structure, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Alameda Loan Facility, the Debtors' out of court restructuring efforts, intercompany transactions between or among a Debtor and another Debtor, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Definitive Documents or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Definitive Documents, the pursuit of consummation of the Plan, the administration and implementation of the Restructuring Transactions, or upon any other act or omission, transaction, agreement, event, or other occurrence related to the Debtors taking place on or before the Effective Date, provided that nothing in Article VIII.B of the Plan shall be construed to release the Released Parties from actual fraud, willful misconduct, or gross negligence as determined by a Final Order.**

> **Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in Article VIII.B of the Plan, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy**

**Court's finding that each release described in Article VIII.B of the Plan is: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good-faith settlement and compromise of such Causes of Action; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) a sound exercise of the Debtors' business judgment; and (7) except to the extent contemplated by Article IV.E and Article IV.F of the Plan, a bar to any of the Releasing Parties or the Debtors or Wind-Down Debtors or their respective Estates or Wind-Down Entity asserting any Cause of Action related thereto, of any kind, against any of the Released Parties or their property.**

**For the avoidance of doubt, any Contributed Third-Party Claims that Contributing Claimants elect on their ballots or opt-in forms to contribute to the Wind-Down Entity are subject to the release and exculpation provisions of the Plan to the extent they may be brought against Released Parties or Exculpated Parties.**

Definitions Related to the Debtor Release and the Third-Party Release:

(1)    Under the Plan, "*Released Party*" means, collectively, in each case in its capacity as such: (a) the Debtors; (b) the Wind-Down Debtors; (c) the Committee, and each of the members thereof; (d) Purchaser and each of its Related Parties; (e) Alameda and each of its Related Parties; (f) each of the Released Professionals; and (g) each of the Released Voyager Employees (subject to the limitations contained in Article IV.E and Article IV.F of the Plan).

(2)    Under the Plan, "*Releasing Party*" means, collectively, in each case in its capacity as such: (a) the Debtors; (b) the Wind-Down Debtors; (c) the Committee, and each of the members thereof; (d) each of the Released Professionals; (e) each of the Released Voyager Employees; (f) Alameda and each of its Related Parties to the extent Alameda is able to bind such Related Parties; (g) Purchaser and each of its Related Parties to the extent Purchaser is able to bind such Related Parties; (h) all Holders of Claims that vote to accept the Plan and affirmatively opt into the releases provided by the Plan; (i) all Holders of Claims that vote to reject the Plan and affirmatively opt into the releases provided by the Plan; and (j) all Holders of Claims or Interests that abstain from voting (or are otherwise not entitled to vote) on the Plan and affirmatively opt into the releases provided by the Plan.

**Item 5**. **Contributed Third-Party Claims.**

Aggregating and contributing your claims to the Wind-Down Entity may enable the pursuit and settlement of such litigation claims in a more efficient and effective manner. Accordingly, each Holder of a Claim in Class 5B may agree to contribute its Contributed Third-Party Claims to the Wind-Down Entity.

By electing such option on this Ballot, you agree that, subject to the occurrence of the Effective Date and the formation of the Wind-Down Entity, you will be deemed, without further action, (i) to have irrevocably contributed your Contributed Third-Party Claims to the Wind-Down Entity, and (ii) to have agreed to execute any documents reasonably requested by the Debtors or the Wind-Down Entity to memorialize and effectuate such contribution. For the avoidance of doubt, any Contributed Third-Party Claims that you elect to contribute to the Wind-Down Entity are subject to the release and exculpation provisions of the Plan to the extent they may be brought against Released Parties or Exculpated Parties.

**The Committee strongly encourages you to elect to contribute your Contributing Third-Party Claims to the Wind-Down Entity, which will allow the Wind-Down Entity to potentially seek greater recoveries for the benefit of Holders of Claims and Interests.**

☐    **By checking this box, you elect to to contribute your Contributed Third-Party Claims to the Wind-Down Entity.**

Definitions Related to Contributed Third-Party Claims:

Under the Plan, "***Contributed Third-Party Claims***" means all direct Causes of Action that any Contributing Claimant has against any Person (other than a Debtor) and that are related in any way to the Debtors, their predecessors, or respective affiliates, including:  (a) all Causes of Action based on, arising out of, or related to the marketing, sale, and issuance of Cryptocurrency; (b) all Causes of Action based on, arising out of, or related to the alleged misrepresentation of any of the Debtors' financial information, business operations, or related internal controls; and (c) all Causes of Action based on, arising out of, or related to any alleged failure to disclose, or actual or attempted cover up or obfuscation of, any of the Debtors' conduct prior to the Petition Date; *provided*, *however*, that Contributed Third-Party Claims does not include any derivative claims of the Debtors; *provided further*, *however*, that Contributed Third-Party Claims do not include (i) any direct Causes of Action that any Contributing Claimant has against Mark Cuban, Dallas Basketball Limited d/b/a Dallas Mavericks, the National Basketball Association, and any of their Related Parties and (ii) any direct Causes of Action that any Contributing Claimant, in its capacity as an equity holder of Voyager Digital Ltd., has that are asserted in the currently filed complaint, dated as of July 6, 2022, in the Ontario Superior Court of Justice by Francine De Sousa, against Voyager Digital Ltd., Stephen Ehrlich, Philip Eytan, Evan Psaropoulos, Lewis Bateman, Krisztian Toth, Jennifer Ackart, Glenn Stevens, and Brian Brooks.

## <u>Item 6</u>.  Certifications.

1.   The undersigned is (a) the Holder of the HoldCo General Unsecured Claims (Class 5B) being voted or (b) the authorized signatory for an entity that is a Holder of such HoldCo General Unsecured Claims;

2.   the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein;

3.   the undersigned has cast the same vote with respect to all of its HoldCo General Unsecured Claims (Class 5B) in connection with the Plan; and

4.   (a) no other Ballot with respect to the same HoldCo General Unsecured Claims (Class 5B) identified in Item 3 has been cast or (b) if any other Ballot has been cast with respect to such HoldCo General Unsecured Claims, then any such earlier Ballots are hereby revoked and deemed to be null and void.

## <u>Item 7</u>.  Ballot Completion Information.

Name of Holder: _____

_____

Signature: _____

Signatory Name (if other than the Holder): _____

Title: _____

Address: _____

Email Address: _____

Telephone Number: _____

Date Completed: _____

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.  This Ballot shall not constitute or be deemed a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT IN ACCORDANCE WITH INSTRUCTIONS CONTAINED HEREIN. THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS ACTUALLY RECEIVED BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT PRIOR TO THE VOTING DEADLINE VIA THE ONLINE VOTING PORTAL AT HTTPS://CASES.STRETTO.COM/VOYAGER/BALLOTING.**

**THE VOTING DEADLINE IS NOVEMBER 25, 2022, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS CLASS 5B BALLOT ON OR BEFORE THE VOTING DEADLINE.**

| Class 5B — HoldCo General Unsecured Claims |
| --- |

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1. The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meanings set forth in the Plan, a copy of which also accompanies the Ballot. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. The Plan can be confirmed by the Court and thereby made binding upon the Holders if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3. This Ballot contains voting options with respect to the Plan.

4. To vote, you MUST: (a) fully complete this Ballot; (b) clearly indicate your decision to accept or reject the Plan in Item 3 of this Ballot; and (c) sign, date, and return this Ballot via the Claims, Noticing, and Solicitation Agent's online voting portal or by mail as described more fully below.

    (a) To submit your Ballot via the online voting portal, please visit https://cases.stretto.com/Voyager/balloting and follow the instructions to submit your Ballot.

    **IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:**

    **Unique E-Ballot ID#:** _____

    **PIN#:** _____

    The Claims, Noticing, and Solicitation Agent's online voting platform is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

    Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your Ballot. Please complete and submit a Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the Claims, Noticing, and Solicitation Agent's online voting portal should NOT also submit a hard copy Ballot.

    (b) To submit your Ballot via mail, complete, sign, and date this Ballot and return it (with an original signature) promptly in the envelope provided via first-class mail, overnight courier, or hand-delivery to:

    Voyager Ballot Processing
    c/o Stretto
    410 Exchange, Suite 100
    Irvine, CA 92602

5. Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned will NOT be counted unless the Debtors otherwise determine.

6. To vote, you MUST deliver your completed Ballot so that it is **ACTUALLY RECEIVED** by the Claims, Noticing, and Solicitation Agent on or before the Voting Deadline by one of the methods described above. The Voting Deadline is **November 25, 2022, at 4:00 p.m., prevailing Eastern Time**.

7. Any Ballot received by the Claims, Noticing, and Solicitation Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine. No Ballot may be withdrawn or modified after the Voting Deadline without the Debtors' prior consent.

8. Delivery of a Ballot reflecting your vote to the Claims, Noticing, and Solicitation Agent will be deemed to have occurred only when the Claims, Noticing, and Solicitation Agent actually receives the originally executed Ballot (for the avoidance of doubt, a Ballot submitted via the Claims, Noticing, and Solicitation Agent online voting portal shall be deemed to contain an original signature). In all cases, you should allow sufficient time to assure timely delivery.

9. If you deliver multiple Ballots to the Claims, Noticing, and Solicitation Agent, ONLY the last properly executed Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s).

10. You must vote all of your Class 5B HoldCo General Unsecured Claims either to accept or reject the Plan, and may not split your vote. Further, if a Holder has multiple Claims within Class 5B, the Debtors may direct the Claims, Noticing, and Solicitation Agent to aggregate the Claims of any particular Holder within Class 5B for the purpose of counting votes.

11. This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim or an Interest, in the Debtors' Chapter 11 Cases.

12. You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

13. SIGN AND DATE your Ballot.[3] Please provide your name and mailing address in the space provided on this Ballot if it is different from that set forth on the Ballot or if no address is presented on the Ballot.

14. If your Claim is held in multiple accounts, you may receive more than one Ballot coded for each such account for which your Claims are held. Each Ballot votes only your Claims indicated on that Ballot. Accordingly, complete and return each Ballot you receive.

**PLEASE RETURN YOUR BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS CLASS 5B BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE CLAIMS, NOTICING, AND SOLICITATION AGENT AT: (855) 473-8665 (TOLL-FREE) OR +1 (949) 271-6507 (INTERNATIONAL) OR EMAIL VOYAGERINQUIRIES@STRETTO.COM AND REFERENCE "IN RE VOYAGER - SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

---

**THE VOTING DEADLINE IS NOVEMBER 25, 2022, AT 4:00 P.M., PREVAILING EASTERN TIME. THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS CLASS 5B BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

[3] If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims, Noticing, and Solicitation Agent, the Debtors, the Debtors' counsel, or the Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

**Exhibit 4E**

**Class 5C Ballot (TopCo General Unsecured Claims)**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**BALLOT FOR VOTING TO ACCEPT OR REJECT**
**THE SECOND AMENDED JOINT PLAN OF VOYAGER DIGITAL HOLDINGS, INC.**
**AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 5C HOLDERS OF TOPCO GENERAL UNSECURED CLAIMS**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT BY NOVEMBER 25, 2022, AT 4:00 P.M., PREVAILING EASTERN TIME (THE "VOTING DEADLINE").**

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), to accept or reject the *Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time, the "Plan"),[2] attached as Exhibit A to the *First Amended Disclosure Statement for the Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented from time to time and including all exhibits or supplements thereto, the "Disclosure Statement") from Holders of Account Holder Claims, Alameda Loan Facility Claims, OpCo General Unsecured Claims, HoldCo General Unsecured Claims, and TopCo General Unsecured Claims (each, a "Voting Class" and collectively, the "Voting Classes").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    Capitalized terms used but not otherwise defined herein shall have the meaning given to them in the Plan.

Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein. A Voting Class will accept the Plan if Holders of at least two-thirds in amount and more than one-half in number of Claims in that Voting Class votes to accept the Plan. The Court may confirm the Plan, which contemplates effectuating the Restructuring Transactions, if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding on all Holders of Allowed Claims in the Voting Classes, among others.

You are receiving this ballot (this "Ballot") because you are the Holder of Class 5C TopCo General Unsecured Claims as of **October 19, 2022** (the "Voting Record Date"). **For additional discussion of the treatment of Class 5C Claims under the Plan and the rights of Holders of Class 5C Claims under the Plan, please read the Disclosure Statement.**

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Ballot. If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them from: (a) Stretto, Inc. (the "Claims, Noticing, and Solicitation Agent"), at no charge by: (i) accessing the Debtors' restructuring website at https://cases.stretto.com/Voyager/; (ii) writing to the Claims, Noticing, and Solicitation Agent at Voyager Inquiries, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602; (iii) calling (855) 473-8665 (Toll Free) or +1 (949) 271-6507 (International); or (iv) emailing VoyagerInquiries@stretto.com and referencing "In re Voyager - Solicitation Inquiry" in the subject line; or (b) for a fee via PACER at http://pacer.psc.uscourts.gov.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, please contact the Claims, Noticing, and Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

The Court may confirm the Plan and thereby bind all Holders of Claims and Interests. To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Claims, Noticing, and Solicitation Agent *actually receives* it on or before the Voting Deadline.

As further described in the Committee Letter, the Committee recommends that you vote to accept the Plan and contribute your third-party claims.

**THE VOTING DEADLINE IS ON NOVEMBER 25, 2022, AT 4:00 P.M., PREVAILING EASTERN TIME.**

<u>**Item 1**</u>.    **Amount of Class 5C Claims.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of Class 5C TopCo General Unsecured Claims in the following aggregate principal amount (*please fill in the amount if not otherwise completed*):

> Amount of Claims: $_____

<u>**Item 2**</u>.    **Recovery.**

Pursuant to Article III.B.7 of the Plan, each Holder of an Allowed TopCo General Unsecured Claim will receive in full and final satisfaction, compromise, settlement, release, and discharge of such Allowed TopCo General Unsecured Claim (i) its Pro Rata share of Distributable TopCo Cash and (ii) to effectuate distributions from the Wind-Down Entity, its Pro Rata share of the Wind-Down Trust Units (if applicable) on account of any recovery of Wind-Down Trust Assets attributable to TopCo; provided that any distributions on account of Wind-Down Trust Units shall only be made following payment in full of Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Secured Tax Claims, and Allowed Other Priority Claims.

**Item 3.**    **Vote on Plan.**

The Holder of the Class 5C TopCo General Unsecured Claims against the Debtors set forth in Item 1 votes to (please check <u>one</u>):

| | |
|---|---|
| <u>**ACCEPT**</u> (vote FOR) the Plan | <u>**REJECT**</u> (vote AGAINST) the Plan |

<u>**Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and Item 3 above.**</u>

**Item 4.**    **Third-Party Release.**

AS A HOLDER OF A CLASS 5C CLAIM, YOU ARE A "RELEASING PARTY" UNDER THE PLAN IF YOU OPT IN TO THE RELEASES CONTAINED IN THE PLAN.  YOU MAY CHECK THE BOX BELOW TO ELECT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.B OF THE PLAN.  YOU WILL BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN <u>ONLY IF</u> (I) THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT IN TO THE RELEASES AND (II) YOU CHECK THE BOX BELOW AND SUBMIT THE OPT IN NOTICE BY THE OPT IN DEADLINE.   YOUR RECOVERY UNDER THE PLAN REMAINS UNAFFECTED WHETHER OR NOT YOU ELECT TO OPT IN TO THE THIRD-PARTY RELEASE.

| | |
|---|---|
| ☐ | **By checking this box, you elect to opt <u>IN</u> to the Third-Party Releases.** |

**Article VIII.B of the Plan contains the following Third-Party Release:**

**Except as expressly set forth in the Plan, effective on the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by each and all of the Releasing Parties, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, from any and all Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise, including any derivative claims asserted or assertable on behalf of any of the Debtors, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), their capital structure, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Alameda Loan Facility, the Debtors' out of court restructuring efforts, intercompany transactions between or among a Debtor and another Debtor, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Definitive Documents or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Definitive Documents, the pursuit of consummation of the Plan, the administration and implementation of the Restructuring Transactions, or upon any other act or omission, transaction, agreement, event, or other occurrence related to the Debtors taking place on or before the Effective Date, provided that nothing in Article VIII.B of the Plan shall be construed to release the Released Parties from actual fraud, willful misconduct, or gross negligence as determined by a Final Order.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in Article VIII.B of the Plan, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy**

**Court's finding that each release described in Article VIII.B of the Plan is:  (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good-faith settlement and compromise of such Causes of Action; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) a sound exercise of the Debtors' business judgment; and (7) except to the extent contemplated by Article IV.E and Article IV.F of the Plan, a bar to any of the Releasing Parties or the Debtors or Wind-Down Debtors or their respective Estates or Wind-Down Entity asserting any Cause of Action related thereto, of any kind, against any of the Released Parties or their property.**

**For the avoidance of doubt, any Contributed Third-Party Claims that Contributing Claimants elect on their ballots or opt-in forms to contribute to the Wind-Down Entity are subject to the release and exculpation provisions of the Plan to the extent they may be brought against Released Parties or Exculpated Parties.**

Definitions Related to the Debtor Release and the Third-Party Release:

(1)    Under the Plan, "*Released Party*" means, collectively, in each case in its capacity as such:  (a) the Debtors; (b) the Wind-Down Debtors; (c) the Committee, and each of the members thereof; (d) Purchaser and each of its Related Parties; (e) Alameda and each of its Related Parties; (f) each of the Released Professionals; and (g) each of the Released Voyager Employees (subject to the limitations contained in Article IV.E and Article IV.F of the Plan).

(2)    Under the Plan, "*Releasing Party*" means, collectively, in each case in its capacity as such:  (a) the Debtors; (b) the Wind-Down Debtors; (c) the Committee, and each of the members thereof; (d) each of the Released Professionals; (e) each of the Released Voyager Employees; (f) Alameda and each of its Related Parties to the extent Alameda is able to bind such Related Parties; (g)  Purchaser and each of its Related Parties to the extent Purchaser is able to bind such Related Parties; (h) all Holders of Claims that vote to accept the Plan and affirmatively opt into the releases provided by the Plan; (i) all Holders of Claims that vote to reject the Plan and affirmatively opt into the releases provided by the Plan; and (j) all Holders of Claims or Interests that abstain from voting (or are otherwise not entitled to vote) on the Plan and affirmatively opt into the releases provided by the Plan.

<u>Item 5</u>.  **Contributed Third-Party Claims.**

Aggregating and contributing your claims to the Wind-Down Entity may enable the pursuit and settlement of such litigation claims in a more efficient and effective manner.  Accordingly, each Holder of a Claim in Class 5C may agree to contribute its Contributed Third-Party Claims to the Wind-Down Entity.

By electing such option on this Ballot, you agree that, subject to the occurrence of the Effective Date and the formation of the Wind-Down Entity, you will be deemed, without further action, (i) to have irrevocably contributed your Contributed Third-Party Claims to the Wind-Down Entity, and (ii) to have agreed to execute any documents reasonably requested by the Debtors or the Wind-Down Entity to memorialize and effectuate such contribution.  For the avoidance of doubt, any Contributed Third-Party Claims that you elect to contribute to the Wind-Down Entity are subject to the release and exculpation provisions of the Plan to the extent they may be brought against Released Parties or Exculpated Parties.

**The Committee strongly encourages you to elect to contribute your Contributing Third-Party Claims to the Wind-Down Entity, which will allow the Wind-Down Entity to potentially seek greater recoveries for the benefit of Holders of Claims and Interests.**

☐    **By checking this box, you elect to to contribute your Contributed Third-Party Claims to the Wind-Down Entity.**

Definitions Related to Contributed Third-Party Claims:

Under the Plan, "***Contributed Third-Party Claims***" means all direct Causes of Action that any Contributing Claimant has against any Person (other than a Debtor) and that are related in any way to the Debtors, their predecessors, or respective affiliates, including (a) all Causes of Action based on, arising out of, or related to the marketing, sale, and issuance of Cryptocurrency; (b) all Causes of Action based on, arising out of, or related to the alleged misrepresentation of any of the Debtors' financial information, business operations, or related internal controls; and (c) all Causes of Action based on, arising out of, or related to any alleged failure to disclose, or actual or attempted cover up or obfuscation of, any of the Debtors' conduct prior to the Petition Date; *provided*, *however*, that Contributed Third-Party Claims does not include any derivative claims of the Debtors; *provided further*, *however*, that Contributed Third-Party Claims do not include (i) any direct Causes of Action that any Contributing Claimant has against Mark Cuban, Dallas Basketball Limited d/b/a Dallas Mavericks, the National Basketball Association, and any of their Related Parties and (ii) any direct Causes of Action that any Contributing Claimant, in its capacity as an equity holder of Voyager Digital Ltd., has that are asserted in the currently filed complaint, dated as of July 6, 2022, in the Ontario Superior Court of Justice by Francine De Sousa, against Voyager Digital Ltd., Stephen Ehrlich, Philip Eytan, Evan Psaropoulos, Lewis Bateman, Krisztian Toth, Jennifer Ackart, Glenn Stevens, and Brian Brooks.

## <u>Item 6</u>.  Certifications.

1.  The undersigned is (a) the Holder of the TopCo General Unsecured Claims (Class 5C) being voted or (b) the authorized signatory for an entity that is a Holder of such TopCo General Unsecured Claims;

2.  the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein;

3.  the undersigned has cast the same vote with respect to all of its TopCo General Unsecured Claims (Class 5C) in connection with the Plan; and

4.  (a) no other Ballot with respect to the same TopCo General Unsecured Claims (Class 5C) identified in Item 3 has been cast or (b) if any other Ballot has been cast with respect to such TopCo General Unsecured Claims, then any such earlier Ballots are hereby revoked and deemed to be null and void.

## <u>Item 7</u>.  Ballot Completion Information.

Name of Holder:  _____

_____

Signature:  _____

Signatory Name (if other than the Holder):  _____

Title:  _____

Address:  _____

Email Address:  _____

Telephone Number:  _____

Date Completed:  _____

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.  This Ballot shall not constitute or be deemed a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT IN ACCORDANCE WITH INSTRUCTIONS CONTAINED HEREIN.  THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS ACTUALLY RECEIVED BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT PRIOR TO THE VOTING DEADLINE VIA THE ONLINE VOTING PORTAL AT HTTPS://CASES.STRETTO.COM/VOYAGER/BALLOTING.**

---

**THE VOTING DEADLINE IS NOVEMBER 25, 2022, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS CLASS 5C BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

| Class 5C — TopCo General Unsecured Claims |
|---|

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1. The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meanings set forth in the Plan, a copy of which also accompanies the Ballot. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. The Plan can be confirmed by the Court and thereby made binding upon the Holders if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3. This Ballot contains voting options with respect to the Plan.

4. To vote, you <u>MUST</u>: (a) fully complete this Ballot; (b) clearly indicate your decision to accept or reject the Plan in Item 3 of this Ballot; and (c) sign, date, and return this Ballot via the Claims, Noticing, and Solicitation Agent's online voting portal or by mail as described more fully below.

    (a)    To submit your Ballot via the online voting portal, please visit https://cases.stretto.com/Voyager/balloting and follow the instructions to submit your Ballot.

    **IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:**

    **Unique E-Ballot ID#:** _____

    **PIN#:** _____

    The Claims, Noticing, and Solicitation Agent's online voting platform is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

    Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your Ballot. Please complete and submit a Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the Claims, Noticing, and Solicitation Agent's online voting portal should <u>NOT</u> also submit a hard copy Ballot.

    (b)    To submit your Ballot via mail, complete, sign, and date this Ballot and return it (with an original signature) promptly in the envelope provided via first-class mail, overnight courier, or hand-delivery to:

<div align="center">

Voyager Ballot Processing
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602

</div>

5. Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned will <u>NOT</u> be counted unless the Debtors otherwise determine.

6.  To vote, you MUST deliver your completed Ballot so that it is **ACTUALLY RECEIVED** by the Claims, Noticing, and Solicitation Agent on or before the Voting Deadline by one of the methods described above.  The Voting Deadline is **November 25, 2022, at 4:00 p.m., prevailing Eastern Time**.

7.  Any Ballot received by the Claims, Noticing, and Solicitation Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine.  No Ballot may be withdrawn or modified after the Voting Deadline without the Debtors' prior consent.

8.  Delivery of a Ballot reflecting your vote to the Claims, Noticing, and Solicitation Agent will be deemed to have occurred only when the Claims, Noticing, and Solicitation Agent actually receives the originally executed Ballot (for the avoidance of doubt, a Ballot submitted via the Claims, Noticing, and Solicitation Agent online voting portal shall be deemed to contain an original signature).  In all cases, you should allow sufficient time to assure timely delivery.

9.  If you deliver multiple Ballots to the Claims, Noticing, and Solicitation Agent, ONLY the last properly executed Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s).

10.  You must vote all of your Class 5C TopCo General Unsecured Claims either to accept or reject the Plan, and may not split your vote.  Further, if a Holder has multiple Claims within Class 5C, the Debtors may direct the Claims, Noticing, and Solicitation Agent to aggregate the Claims of any particular Holder within Class 5C for the purpose of counting votes.

11.  This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim or an Interest, in the Debtors' Chapter 11 Cases.

12.  You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

13.  SIGN AND DATE your Ballot.[3]  Please provide your name and mailing address in the space provided on this Ballot if it is different from that set forth on the Ballot or if no address is presented on the Ballot.

14.  If your Claim is held in multiple accounts, you may receive more than one Ballot coded for each such account for which your Claims are held.  Each Ballot votes only your Claims indicated on that Ballot.  Accordingly, complete and return each Ballot you receive.

**PLEASE RETURN YOUR BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS CLASS 5C BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE CLAIMS, NOTICING, AND SOLICITATION AGENT AT: (855) 473-8665 (TOLL-FREE) OR +1 (949) 271-6507 (INTERNATIONAL) OR EMAIL VOYAGERINQUIRIES@STRETTO.COM AND REFERENCE "IN RE VOYAGER - SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

---

**THE VOTING DEADLINE IS NOVEMBER 25, 2022, AT 4:00 P.M., PREVAILING EASTERN TIME. THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS CLASS 5C BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

[3]  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims, Noticing, and Solicitation Agent, the Debtors, the Debtors' counsel, or the Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

## Exhibit 5

**Cover Letter**



**[●], 2022**

<u>Subject</u>:  Summary of the Plan, Information Regarding Certain Key Dates, and Certain Other Matters

Dear Stakeholders,

You are receiving this letter because you are entitled to vote on the Debtors' Plan, an important step in the return of value to you and other stakeholders.  This letter and the materials enclosed concern the proposed sale of substantially all the assets of Voyager Digital Holdings, Inc. and its affiliated Debtors to FTX US, following the Debtors' July 5, 2022 voluntary filing of these Chapter 11 Cases.  Your vote to accept or reject the Plan must be received by November 25, 2022, at 4:00 p.m. prevailing Eastern Time.  Instructions on how to vote are included in this Solicitation Package.

As described below and in the Plan and Disclosure Statement also enclosed, the Debtors believe that the sale to FTX US is in the best interest of all stakeholders and, ultimately, is the best possible transaction available.  Holders of Account Holder Claims and Holders of each class of General Unsecured Claims will receive significantly more consideration for their Claims under the Plan than in a liquidation.  As such, Voyager Digital Holdings, Inc. (on behalf of itself and each of the other Debtors) urge you to properly and timely submit your Ballot, in advance of the November 25, 2022 deadline, with a vote to accept the Plan.  Further details and instructions regarding how to get additional information appear on the following pages.

# # #

Voyager Digital Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>")[1] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") on July 5, 2022 (collectively, the "<u>Chapter 11 Cases</u>").

You have received this letter and the enclosed materials because you are entitled to vote on the *Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as modified, amended, or supplemented from time to time, the "<u>Plan</u>").[2]  On [●], 2022, the Court entered an order [Docket No. [●]] (the "<u>Disclosure Statement Order</u>"):  (a) authorizing the Debtors to solicit acceptances for the Plan; (b) approving the *First Amended Disclosure Statement for the Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as modified, amended, or supplemented from time to time, the "<u>Disclosure Statement</u>") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "<u>Solicitation Package</u>"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan, and for filing objections to the Plan.

The materials in the enclosed Solicitation Package are intended to be self-explanatory.  Should you have any questions, however, please feel free to contact Stretto, Inc., the claims, noticing, and solicitation agent retained by the Debtors in these chapter 11 cases (the "<u>Claims, Noticing, and Solicitation Agent</u>"), by:  (a) calling the Claims, Noticing, and Solicitation Agent at (855) 473-8665 (Toll Free) or +1 (949) 271-6507 (International), (b) writing to the Claims, Noticing, and Solicitation Agent at Voyager Inquiries, c/o Stretto 410 Exchange, Suite 100 Irvine, CA 92602, or (c) e-mailing the Claims, Noticing, and Solicitation Agent at <u>VoyagerInquiries@stretto.com</u> with a reference to "In re

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

Voyager - Solicitation Inquiry" in the subject line.  You may also obtain copies of any pleadings filed with the Court for free by visiting the Debtors' restructuring website, https://cases.stretto.com/Voyager/, or for a fee via PACER at http://pacer.psc.uscourts.gov.  Please be advised that the Claims, Noticing, and Solicitation Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may **not** advise you as to whether you should vote to accept or reject the Plan.

As described herein and in the Plan and Disclosure Statement, the Debtors believe that the sale to FTX US is in the best interest of stakeholders and, ultimately, is the most value-maximizing transaction available to the Debtors. **Account Holders and each class of General Unsecured Creditors will receive significantly more consideration on account of their claims under the Plan than they would in a liquidation**:

| Class | Claim or Interest | Amount of Allowed Claims (in $mm) | Plan Recovery | Liquidation Recovery |
|---|---|---|---|---|
| 1 | Secured Tax Claims | $0.0 | N/A | N/A |
| 2 | Other Priority Claims | $0.0 | N/A | N/A |
| 3 | Account Holder Claims | $1,763.9 | 72% | 51 - 60% |
| 4 | Alameda Loan Facility Claims | $75.1 | 0% | 6% |
| 5A | OpCo General Unsecured Claims | $12.1 | 72% | 51% - 60% |
| 5B | HoldCo General Unsecured Claims | $0.0 | 0% | 0% - 0% |
| 5C | TopCo General Unsecured Claims | $2.3 | 0% | 0% - 0% |
| 6 | Section 510(b) Claims | N/A | N/A | N/A |
| 7 | Intercompany Claims | $6.3[3] | 8% | 4%-5% |
| 8 | Intercompany Interests | $0 | 0% | 0% |
| 9 | Existing Equity Interests | $0 | 0% | 0% |

**I. The Sale Transaction**

On September 26, 2022, the Debtors announced that, after multiple rounds of bidding in a highly competitive auction process that lasted two weeks, they selected West Realm Shires Inc. ("FTX US") as the highest and best bid for their assets.  FTX US's bid is valued at approximately $1.422 billion, comprised of (i) the fair market value of all Voyager cryptocurrency at a to-be-determined date in the future, which at current market prices as of September 26, 2022 is estimated to be $1.311 billion, plus (ii) additional consideration that is estimated as providing approximately $111 million of incremental value. The Debtors and FTX US executed an asset purchase agreement (the "Asset Purchase Agreement") memorializing the terms of FTX US's bid on September 27, 2022.

On September 28, 2022, the Debtors filed *Debtors' Motion for Entry of An Order (I) Authorizing Entry Into the Asset Purchase Agreement and (II) Granting Related Relief* [Docket No. 472] (the "Asset Purchase Agreement Motion"). The Asset Purchase Agreement Motion sought approval from the Court to enter into the Asset Purchase Agreement and effectuate the sale transaction through a chapter 11 plan of reorganization.  On October [●], 2022, the Court entered an order approving the Debtors' entry into the Asset Purchase Agreement.

---

[3]    The recovery to Intercompany Claims reflects the assumption for purposes of the recovery analysis that the Intercompany Obligation by HoldCo to TopCo under the Promissory Note is a valid loan and all other Intercompany Obligations are capital contributions.  The Intercompany Obligations and the analysis related thereto are described in greater detail in Article V.C.2 of the Disclosure Statement.

The Debtors believe that the sale to FTX US contemplated by the Asset Purchase Agreement and the Plan is a success for the Debtors and their creditors. The sale transaction maximizes value and minimizes the remaining duration of the Debtors' restructuring by providing a clear path forward for the Debtors to consummate a chapter 11 plan and return value to their customers and other creditors. FTX US's secure trading platform will enable customers to trade and store cryptocurrency after the conclusion of these Chapter 11 Cases.

**II. Plan.**

The Court's order approving the Asset Purchase Agreement only approves entry into the Asset Purchase Agreement. The transactions contemplated by the Asset Purchase Agreement (including distributions to Account Holders) will be effectuated pursuant to the Plan.

The Plan provides, among other things, that upon the Effective Date:

- All Administrative Claims, Priority Tax Claims, Secured Tax Claims, and Other Priority Claims shall be paid in full in Cash, or receive such other customary treatment that renders such Claims Unimpaired under the Bankruptcy Code;

- Each Holder of an Allowed Account Holder Claim shall receive in full and final satisfaction, compromise, settlement, release, and discharge of such Allowed Account Holder Claim (i) its Pro Rata share of Transferred Cryptocurrency Value, in Cryptocurrency or Cash as provided in the Customer Migration Protocol; (ii) the right to become a Transferred Creditor as provided in the Customer Migration Protocol; (iii) its Pro Rata share of Distributable OpCo Cash; and (iv) to effectuate distributions from the Wind-Down Entity, its Pro Rata share of the Wind-Down Trust Units (if applicable) on account of any recovery of Wind-Down Trust Assets attributable to OpCo; *provided* that any distributions on account of Wind-Down Trust Units shall only be made following payment in full of Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Secured Tax Claims, and Allowed Other Priority Claims;

- Each Holder of an Allowed OpCo General Unsecured Claim will receive in full and final satisfaction, compromise, settlement, release, and discharge of such Allowed OpCo General Unsecured Claim (i) its Pro Rata share of Transferred Cryptocurrency Value, in Cryptocurrency or Cash as provided in the Customer Migration Protocol; (ii) the right to become a Transferred Creditor as provided in the Customer Migration Protocol; (iii) its Pro Rata share of Distributable OpCo Cash; and (iv) to effectuate distributions from the Wind-Down Entity, its Pro Rata share of the Wind-Down Trust Units on account of any recovery of Wind-Down Trust Assets attributable to OpCo; provided that any distributions on account of Wind-Down Trust Units shall only be made following payment in full of Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Secured Tax Claims, and Allowed Other Priority Claims;

- Each Holder of an Allowed HoldCo General Unsecured Claim will receive in full and final satisfaction, compromise, settlement, release, and discharge of such Allowed HoldCo General Unsecured Claim (i) its Pro Rata share of Distributable HoldCo Cash and (ii) to effectuate distributions from the Wind-Down Entity, its Pro Rata share of the Wind-Down Trust Units (if applicable) on account of any recovery of Wind-Down Trust Assets attributable to HoldCo; provided that any distributions on account of Wind-Down Trust Units shall only be made following payment in full of Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Secured Tax Claims, and Allowed Other Priority Claims;

- Each Holder of an Allowed TopCo General Unsecured Claim will receive in full and final satisfaction, compromise, settlement, release, and discharge of such Allowed TopCo General Unsecured Claim (i) its Pro Rata share of Distributable TopCo Cash and (ii) to effectuate distributions from the Wind-Down Entity, its Pro Rata share of the Wind-Down Trust Units (if applicable) on account of any recovery of Wind-Down Trust Assets attributable to TopCo; provided that any distributions on account of Wind-Down Trust Units shall only be made following payment in full of Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Secured Tax Claims, and Allowed Other Priority Claims;

- Pursuant to the Asset Purchase Agreement, on the Effective Date, the Alameda Loan Facility Claims shall be deemed Allowed, and all rights, titles, and interests in the Alameda Loan Facility Claims shall be conveyed to OpCo, and OpCo shall be entitled to any recovery on account of the Alameda Loan Facility Claims. The treatment of Class 4 Alameda Loan Facility Claims is contractually settled pursuant to the Asset Purchase Agreement; and

- Each Holder of Existing Equity Interests or Section 501(b) Claims against TopCo, if any, will receive, to effectuate distributions, if applicable, from the Wind-Down Entity, its Pro Rata share of the Wind-Down Trust Units (if applicable) on account of any recovery of Wind-Down Trust Assets attributable to TopCo, *provided* that any distributions on account of Wind-Down Trust Units shall only be made following payment in full of all Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Secured Tax Claims, Allowed Other Priority Claims, and Allowed TopCo General Unsecured Claims.

The following chart summarizes the classification of Claims and Interests set forth in the Plan and indicates whether such class is entitled to vote on the Plan:

| Class | Claim or Interest | Status | Voting Rights |
|-------|-------------------|--------|---------------|
| 1 | Secured Tax Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 2 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 3 | Account Holder Claims | Impaired | Entitled to Vote |
| 4 | Alameda Loan Facility Claims | Impaired | Entitled to Vote |
| 5A | OpCo General Unsecured Claims | Impaired | Entitled to Vote |
| 5B | HoldCo General Unsecured Claims | Impaired | Entitled to Vote |
| 5C | TopCo General Unsecured Claims | Impaired | Entitled to Vote |
| 6 | Section 510(b) Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 7 | Intercompany Claims | Unimpaired / Impaired | Not Entitled to Vote (Presumed to Accept) |
| 8 | Intercompany Interests | Unimpaired / Impaired | Not Entitled to Vote (Presumed to Accept) |
| 9 | Existing Equity Interests | Impaired | Not Entitled to Vote (Deemed to Reject) |

## II. The Solicitation Package

This letter is part of your Solicitation Package, which was approved by the Court for distribution to Holders of Claims in connection with the solicitation of votes to accept or reject the Plan. Please review these materials carefully and follow instructions contained therein. The Solicitation Package consists of the following:

- a copy of the Solicitation and Voting Procedures;

- the applicable form of Ballot;

- a pre-addressed, postage pre-paid return envelope for Holders of Claims in Class 5A (OpCo General Unsecured Claims), Class 5B (HoldCo General Unsecured Claims), and Class 5C (TopCo General Unsecured Claims);[4]

- this cover letter;

- the Committee Letter;

- the Disclosure Statement (and exhibits thereto, including the Plan);

- the Disclosure Statement Order (without exhibits, except the Solicitation and Voting Procedures); and

- the Confirmation Hearing Notice.

If you have any questions regarding your Solicitation Package, please do not hesitate to reach out to the Claims, Noticing, and Solicitation Agent.

### III. Key Upcoming Dates

The Deadline to vote to accept or reject the Plan is **November 25, 2022 at 4:00 p.m. prevailing Eastern Time**. **You must submit your Ballot per the instructions included in your Ballot by November 25, 2022 at 4:00 p.m. prevailing Eastern Time**.

After votes on the Plan are counted, the Court will hold a hearing to confirm the Plan (the "Confirmation Hearing"). The Confirmation Hearing will be held on **December 6, 2022, at 11:00 a.m.** prevailing Eastern Time.  If the Court confirms the Plan at the Confirmation Hearing, the Debtors will seek to effectuate the Plan, consummate the sale of substantially all of the Debtors' assets, and distribute value to Holders of Account Holder Claims, Holders of each class of General Unsecured Claims, and other creditors.

### III. Recommendation

Voyager Digital Holdings, Inc. (on behalf of itself and each of the other Debtors) has approved the filing of the Plan and the solicitation of votes to accept or reject the Plan.  The Debtors believe that the acceptance of the Plan is in the best interests of their estates, Holders of Claims or Interests, and all other parties in interest.  The Debtors believe that any valid alternative to confirmation of the Plan would result in significant delays, litigation, additional costs, and, ultimately, might result in smaller distributions (or no distributions) on account of Claims asserted in these chapter 11 cases.

---

**THE DEBTORS STRONGLY URGE YOU TO PROPERLY AND TIMELY SUBMIT YOUR BALLOT CASTING A VOTE TO ACCEPT THE PLAN IN ACCORDANCE WITH THE INSTRUCTIONS IN YOUR BALLOT.**

**THE VOTING DEADLINE IS NOVEMBER 25, 2022, AT 4:00 P.M. PREVAILING EASTERN TIME.**

---

Sincerely,

---

[4]    Holders of Account Holder Claims shall submit their votes electronically through the Claims, Noticing, and Solicitation Agent's online ballot portal.  Please refer to your Ballot for detailed instructions on how to submit your vote.

_/s/ DRAFT_
Name:  Stephen Ehrlich
Title:  Co-Founder and Chief Executive Officer; Voyager Digital Holdings, Inc.

**<u>Exhibit 6</u>**

**Confirmation Hearing Notice**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:        (212) 446-4800
Facsimile:        (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF HEARING TO CONSIDER**
**CONFIRMATION OF THE CHAPTER 11 PLAN FILED BY THE**
**DEBTORS AND RELATED VOTING AND OBJECTION DEADLINES**

**PLEASE TAKE NOTICE THAT** on [●], 2022, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) authorizing Voyager Digital Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *First Amended Disclosure Statement for the Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **December 6, 2022 at 11:00 a.m.**, prevailing Eastern Time, or such other time that the Court determines, before the Honorable Michael E. Wiles, in the United States Bankruptcy Court for the Southern District of New York, located at One Bowling Green, Courtroom 617, New York, New York 10004.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan.

1

---

**PLEASE BE ADVISED**:  THE CONFIRMATION HEARING MAY BE CONTINUED FROM TIME TO TIME BY THE COURT OR THE DEBTORS **WITHOUT FURTHER NOTICE** OTHER THAN BY SUCH ADJOURNMENT BEING ANNOUNCED IN OPEN COURT OR BY A NOTICE OF ADJOURNMENT FILED WITH THE COURT AND SERVED ON ALL PARTIES ENTITLED TO NOTICE.

---

## CRITICAL INFORMATION REGARDING VOTING ON THE PLAN

**Voting Record Date**.  The voting record date is **October 19, 2022** (the "Voting Record Date"), which is the date for determining which Holders of Class 3 Claims (Account Holder Claims), Class 4 Claims (Alameda Loan Facility Claims), Class 5A Claims (OpCo General Unsecured Claims), Class 5B Claims (HoldCo General Unsecured Claims), and Class 5C (TopCo General Unsecured Claims) are entitled to vote on the Plan.

**Voting Deadline**.  The deadline for voting on the Plan is on **November 25, 2022 at 4:00 p.m.** prevailing Eastern Time (the "Voting Deadline").  If you received a Solicitation Package, including a Ballot and intend to vote on the Plan you **must**:  (a) follow the instructions carefully; (b) complete **all** of the required information on the ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions so that it is **actually received** by the Debtors' claims, noticing, and solicitation agent Stretto, Inc. (the "Claims, Noticing, and Solicitation Agent") on or before the Voting Deadline.  **A failure to follow such instructions may disqualify your vote**.

## CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN

**Objection Deadline**.  The deadline for filing objections to the Plan is **November 25, 2022 at 4:00 p.m.** prevailing Eastern Time (the "Plan Objection Deadline").  All objections to the relief sought at the Confirmation Hearing **must**: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; **and** (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **November 25, 2022 at 4:00 p.m.** prevailing Eastern Time:

| Debtors | |
|---|---|
| **Voyager Digital Holdings, Inc.**<br>33 Irving Place, Suite 3060<br>New York, NY 10003<br>Attention:  Stephen Ehrlich and David Brosgol | |
| *Counsel to the Debtors* | *Counsel to the Committee* |
| **Kirkland & Ellis LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Attention: Joshua A. Sussberg; Christopher Marcus;<br>Christine A. Okike; Allyson B. Smith | **McDermott Will & Emery LLP**<br>One Vanderbilt Avenue<br>New York, NY 10017-3852<br>Attention:  Darren Azman; Joseph B. Evans; Grayson<br>Williams; Gregg Steinman |
| *United States Trustee* | |
| **Office of the United States Trustee for the Southern District of New York**<br>U.S. Federal Office Building<br>201 Varick Street, Room 1006<br>New York, NY 10014<br>Attention:  Richard Morrissey; Mark Bruh | |

## ADDITIONAL INFORMATION

**Obtaining Solicitation Materials**.  The materials in the Solicitation Package are intended to be self-explanatory.  If you should have any questions or if you would like to obtain additional solicitation materials (or paper copies of solicitation materials if you received the materials in electronic format, or on a CD-ROM or flash drive), please feel free to contact the Debtors' Claims, Noticing, and Solicitation Agent, by:  (a) calling the Claims, Noticing, and Solicitation Agent at (855) 473-8665 (Toll Free) or +1 (949) 271-6507 (International), (b) e-mailing the Claims, Noticing, and Solicitation Agent at VoyagerInquiries@Stretto.com with a reference to "In re: Voyager - Solicitation Inquiry" in the subject line, or (c) writing to the Claims, Noticing, and Solicitation Agent at Voyager Inquiries, c/o Stretto 410 Exchange, Suite 100 Irvine, CA 92602.  You may also obtain copies of any pleadings filed with the Court for free by visiting the Debtors' restructuring website, https://cases.stretto.com/Voyager/, or for a fee via PACER at:  http://pacer.psc.uscourts.gov.  Please be advised that the Claims, Noticing, and Solicitation Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may **not** advise you as to whether you should vote to accept or reject the Plan.

**Filing the Plan Supplement**.  The Debtors will file the Plan Supplement (as defined in the Plan) on or before **November 18, 2022** and will serve notice on all Holders of Claims entitled to vote on the Plan, which will:  (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information contained in the Plan Supplement; and (c) explain how parties may obtain copies of the Plan Supplement.

<div style="border:1px solid black; padding:10px">

### BINDING NATURE OF THE PLAN

**IF CONFIRMED, THE PLAN SHALL BIND ALL HOLDERS OF CLAIMS AND INTERESTS TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, WHETHER OR NOT SUCH HOLDER WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, HAS FILED A PROOF OF CLAIM IN THESE CHAPTER 11 CASES, OR FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN OR VOTED TO REJECT THE PLAN.**

</div>

<div style="border:1px solid black; padding:10px">

### HOW TO OPT INTO THE RELEASES

Any Holder of a Claim or Interest that wants to grant the Third-Party Release set forth in Article VIII.B of the Plan must return its Ballot or Non-Voting Status Notice, as applicable, to the Claims, Noticing, and Solicitation Agent by no later than **November 25, 2022**, by following the instructions for electing to opt into the Third-Party Release set forth in such Ballot or Non-Voting Status Notice, as applicable.

</div>

## RELEASES

**Article VIII.A of the Plan contains the following Debtor Release**:

**Notwithstanding anything contained in the Plan to the contrary, on and after the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by each and all of the Debtors, the Wind-Down Debtors, and their Estates, the Wind-Down Entity, and in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of, the foregoing Entities, from any and all Causes of Action, including any derivative claims, asserted or assertable on behalf of any of the Debtors, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise, that the Debtors would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), their capital structure, the**

purchase, sale, or rescission of the purchase or sale of any Security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Chapter 11 Cases and related adversary proceedings, the Alameda Loan Facility, the Debtors' out-of-court restructuring efforts, intercompany transactions between or among a Debtor and another Debtor, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Definitive Documents or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Definitive Documents, the pursuit of consummation of the Plan, the administration and implementation of the Restructuring Transactions or upon any other act or omission, transaction, agreement, event, or other occurrence related to the Debtors taking place on or before the Effective Date; provided that, subject to the D&O Settlement, nothing in Article VIII.A of the Plan shall be construed to release the Released Parties from actual fraud, willful misconduct, or gross negligence as determined by a Final Order.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to section 1123(b) of the Bankruptcy Code and Bankruptcy Rule 9019, of the releases described in Article VIII.A of the Plan by the Debtors, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that each release described in Article VIII.A of the Plan is:  (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good-faith settlement and compromise of such Causes of Action; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) a sound exercise of the Debtors' business judgment; and (7) except to the extent contemplated by Article IV.E and Article IV.F of the Plan, a bar to any of the Debtors or Wind-Down Debtors or their respective Estates or Wind-Down Entity asserting any Cause of Action related thereto, of any kind, against any of the Released Parties or their property.

Notwithstanding anything to the contrary contained herein, nothing in the Plan shall release, waive, or otherwise limit the (i) rights, duties, or obligations of the Purchaser under the Asset Purchase Agreement and (ii) the Non-Released D&O Claims, but such Non-Released D&O Claims shall remain subject to the limitations contained in Article IV.E and Article IV.F of the Plan.

<u>Article VIII.B of the Plan contains the following Third-Party Release</u>:

Except as expressly set forth in the Plan, effective on the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by each and all of the Releasing Parties, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, from any and all Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise, including any derivative claims asserted or assertable on behalf of any of the Debtors, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), their capital structure, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Alameda Loan Facility, the Debtors' out of court restructuring efforts, intercompany transactions between or among a Debtor and another Debtor, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Definitive Documents or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Definitive Documents, the pursuit of consummation of the Plan, the administration and implementation of the Restructuring Transactions, or upon any other act or omission, transaction, agreement, event, or other occurrence related to the Debtors taking place on or before the Effective Date, provided that nothing in Article VIII.B of the Plan shall be construed to release the Released Parties from actual fraud, willful misconduct, or gross negligence as determined by a Final Order.

4

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in Article VIII.B of the Plan, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that each release described in Article VIII.B of the Plan is: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good-faith settlement and compromise of such Causes of Action; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) a sound exercise of the Debtors' business judgment; and (7) except to the extent contemplated by Article IV.E and Article IV.F of the Plan, a bar to any of the Releasing Parties or the Debtors or Wind-Down Debtors or their respective Estates or Wind-Down Entity asserting any Cause of Action related thereto, of any kind, against any of the Released Parties or their property.

For the avoidance of doubt, any Contributed Third-Party Claims that Contributing Claimants elect on their ballots or opt-in forms to contribute to the Wind-Down Entity are subject to the release and exculpation provisions of the Plan to the extent they may be brought against Released Parties or Exculpated Parties.

<u>Article VIII.C of the Plan provides for the following Exculpation</u>:

Effective as of the Effective Date, to the fullest extent permissible under applicable law and without affecting or limiting either the Debtor release or the third-party release, and except as otherwise specifically provided in the Plan, no Exculpated Party shall have or incur, and each Exculpated Party is exculpated from any Cause of Action for any act or omission arising on or after the Petition Date and prior to the Effective Date based on the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation or filing, or consummation of the Disclosure Statement, the Plan, the Special Committee Investigation, any Definitive Documents or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of consummation of the Plan, the administration and implementation of the Plan, including the issuance of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement (including, for the avoidance of doubt, providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion), except for Causes of Action related to any act or omission that is determined in a Final Order of a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.

The Exculpated Parties have, and upon Consummation of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

<u>Article VIII.D of the Plan provides for the following Injunction</u>:

Except as otherwise provided in the Plan or the Confirmation Order, all Entities who have held, hold, or may hold Claims, Interests, Causes of Action, or liabilities that: (a) are subject to compromise and settlement pursuant to the terms of the Plan; (b) have been released pursuant to Article VIII.A of the Plan; (c) have been released pursuant to Article VIII.B of the Plan, (d) are subject to exculpation pursuant to Article VIII.C of the Plan, or (e) are otherwise discharged, satisfied, stayed, or terminated pursuant to the terms of the Plan, are permanently enjoined and precluded, from and after the Effective Date, from commencing or continuing in any manner, any action or other proceeding, including on account of any Claims, Interests, Causes of Action, or liabilities that have been compromised or settled against the Debtors, the Wind-Down Debtors, the Wind-Down Entity, or any Entity so released or exculpated (or the property or estate of any Entity, directly or

**indirectly, so released or exculpated) on account of, or in connection with or with respect to, any discharged, released, settled, compromised, or exculpated Claims, Interests, Causes of Action, or liabilities.**

**Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former directors, managers, officers, principals, predecessors, successors, employees, agents, and direct and indirect Affiliates shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan. Each Holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, distributions under the Plan, shall be deemed to have consented to the injunction provisions set forth in Article VIII.D of the Plan.**

Dated: _____, 2022         /s/ Draft _____
New York, New York                     **KIRKLAND & ELLIS LLP**
                                       **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                       Joshua A. Sussberg, P.C.
                                       Christopher Marcus, P.C.
                                       Christine A. Okike, P.C.
                                       Allyson B. Smith (admitted *pro hac vice*)
                                       601 Lexington Avenue
                                       New York, New York 10022
                                       Telephone:      (212) 446-4800
                                       Facsimile:      (212) 446-4900
                                       Email:          jsussberg@kirkland.com
                                                       cmarcus@kirkland.com
                                                       christine.okike@kirkland.com
                                                       allyson.smith@kirkland.com

                                       *Counsel to the Debtors and Debtors in Possession*

## **Exhibit 7**

**Plan Supplement Notice**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

### NOTICE OF FILING OF PLAN SUPPLEMENT

**PLEASE TAKE NOTICE THAT** on [●], 2022, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) authorizing Voyager Digital Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit acceptances for the *Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *First Amended Disclosure Statement for the Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** as contemplated by the Plan and the Disclosure Statement Order, the Debtors filed the Plan Supplement with the Court on [●], 2022 [Docket No. [●]]. The Plan Supplement contains the following documents each as defined in the Plan: (a) the Schedule of Assumed Executory Contracts and Unexpired Leases; (b) the Schedule of Retained Causes of Action; (c) the Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases; (d) the Customer Migration Protocol; (e) the Restructuring Transactions Memorandum; (f) the Wind-Down Trust Agreement; and (g) any additional documents necessary to effectuate or that is contemplated by the Plan, including any compensation program for any of the Debtors' employees to be established as contemplated in the Plan and the Definitive Documents to facilitate the transfer of Acquired Assets pursuant to the Asset Purchase Agreement and the wind-down of the Debtors' Estates.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **December 6, 2022 at 11:00 a.m.**, prevailing Eastern Time, or such other time that the Court determines, before the Honorable Michael E. Wiles, in the United States Bankruptcy Court for the Southern District of New York, located at One Bowling Green, Courtroom 617, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **November 25, 2022 at 4:00 p.m. prevailing Eastern Time** (the "Plan Objection Deadline"). Any objection to the Plan **must**: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **November 25, 2022 at 4:00 p.m. prevailing Eastern Time**:

| Debtors | |
|---|---|
| **Voyager Digital Holdings, Inc.** 33 Irving Place, Suite 3060 New York, NY 10003 Attention: Stephen Ehrlich and David Brosgol | |
| *Counsel to the Debtors* | *Counsel to the Committee* |
| **Kirkland & Ellis LLP** 601 Lexington Avenue New York, New York 10022 Attention: Joshua A. Sussberg; Christopher Marcus; Christine A. Okike; Allyson B. Smith | **McDermott Will & Emery LLP** One Vanderbilt Avenue New York, NY 10017-3852 Attention: Darren Azman; Joseph B. Evans; Grayson Williams; Gregg Steinman |
| *United States Trustee* | |
| **Office of the United States Trustee for the Southern District of New York** U.S. Federal Office Building 201 Varick Street, Room 1006 New York, NY 10014 Attention: Richard Morrissey; Mark Bruh | |

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Stretto, Inc., the claims, noticing, and solicitation agent retained by the Debtors in these chapter 11 cases (the "Claims, Noticing, and Solicitation Agent"), by: (a) calling the Claims, Noticing, and Solicitation Agent at (855) 473-8665 (Toll Free) or +1 (949) 271-6507 (International), (b) e-mailing the Claims, Noticing, and Solicitation Agent at VoyagerInquiries@Stretto.com with a reference to "In re: Voyager - Solicitation Inquiry" in the subject line, or (c) writing to the Claims, Noticing, and Solicitation Agent at Voyager Inquiries, c/o Stretto 410 Exchange, Suite 100 Irvine, CA 92602. You may also obtain copies of any pleadings filed with the Court for free by visiting the Debtors' restructuring website, https://cases.stretto.com/Voyager/, or for a fee via PACER at: http://pacer.psc.uscourts.gov.

---

**ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE VIII.B CONTAINS A THIRD-PARTY RELEASE. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

**YOUR RECOVERY UNDER THE PLAN REMAINS UNAFFECTED WHETHER OR NOT YOU ELECT TO OPT IN TO THE THIRD-PARTY RELEASE.**

---

Dated: _____, 2022          */s/ Draft*
New York, New York                   **KIRKLAND & ELLIS LLP**
                                     **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                     Joshua A. Sussberg, P.C.
                                     Christopher Marcus, P.C.
                                     Christine A. Okike, P.C.
                                     Allyson B. Smith (admitted *pro hac vice*)
                                     601 Lexington Avenue
                                     New York, New York 10022
                                     Telephone:      (212) 446-4800
                                     Facsimile:      (212) 446-4900
                                     Email:          jsussberg@kirkland.com
                                                     cmarcus@kirkland.com
                                                     christine.okike@kirkland.com
                                                     allyson.smith@kirkland.com

                                     *Counsel to the Debtors and Debtors in Possession*

**Exhibit 8**

**Notice of Rejection of Executory Contracts and Unexpired Leases**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE REGARDING EXECUTORY CONTRACTS**
**AND UNEXPIRED LEASES TO BE REJECTED PURSUANT TO THE PLAN**

**PLEASE TAKE NOTICE THAT** on [●], 2022, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) authorizing Voyager Digital Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit acceptances for the *Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *First Amended Disclosure Statement for the Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT**, on [●], 2022, the Debtors filed the *Schedule of Assumed Executory Contracts and Unexpired Leases* and the *Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases* (together, the "Assumption Schedules") with the Court as part of the *Plan Supplement for the Second Amended Joint Chapter 11 Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates* [Docket No. [●]] (the "Plan Supplement"), as contemplated under the Plan. All Executory Contracts and Unexpired Leases that are not being assumed or assumed and assigned pursuant to the Assumption Schedules are automatically rejected as of the Effective Date. The determination to reject those Executory Contracts and Unexpired Leases that are not on the Assumption Schedules is subject to revision.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]     Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan.

> **PLEASE TAKE FURTHER NOTICE THAT YOU ARE RECEIVING THIS NOTICE BECAUSE THE DEBTORS' RECORDS REFLECT THAT YOU ARE A PARTY TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE THAT WILL BE REJECTED PURSUANT TO THE PLAN. THEREFORE, YOU ARE ADVISED TO REVIEW CAREFULLY THE INFORMATION CONTAINED IN THIS NOTICE AND THE RELATED PROVISIONS OF THE PLAN.[3]**

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **December 6, 2022 at 11:00 a.m.**, prevailing Eastern Time, or such other time that the Court determines, before the Honorable Michael E. Wiles, in the United States Bankruptcy Court for the Southern District of New York, located at One Bowling Green, Courtroom 617, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE THAT** all proofs of Claim with respect to Claims arising from the rejection of Executory Contracts or Unexpired Leases, if any, must be filed with the Court within **30 days** after the date of entry of the order of the Court (including the Confirmation Order) approving such rejection. Any Claims arising from the rejection of an Executory Contract or Unexpired Lease not filed within such time will be automatically disallowed, forever barred from assertion, and shall not be enforceable against the Debtors or the Wind-Down Debtors, their Estates, or their property without the need for any objection by the Wind-Down Debtors or further notice to, or action, order, or approval of the Court.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **November 25, 2022 at 4:00 p.m., prevailing Eastern Time** (the "Plan Objection Deadline"). Any objection to the Plan **must**: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **November 25, 2022 at 4:00 p.m, prevailing Eastern Time**:

| Debtors | |
|---|---|
| **Voyager Digital Holdings, Inc.**<br>33 Irving Place, Suite 3060<br>New York, NY 10003<br>Attention:  Stephen Ehrlich and David Brosgol | |
| ***Counsel to the Debtors*** | ***Counsel to the Committee*** |
| **Kirkland & Ellis LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Attention:  Joshua A. Sussberg; Christopher Marcus;<br>Christine A. Okike; Allyson B. Smith | **McDermott Will & Emery LLP**<br>One Vanderbilt Avenue<br>New York, NY 10017-3852<br>Attention:  Darren Azman; Joseph B. Evans; Grayson<br>Williams; Gregg Steinman |

---

[3]    Neither the exclusion nor inclusion of any Executory Contract or Unexpired Lease on the Assumed Executory Contract and Unexpired Lease List, nor anything contained in the Plan, shall constitute an admission by the Debtors that any such contract or lease is in fact an Executory Contract or Unexpired Lease or that any Reorganized Debtor has any liability thereunder. Further, the Debtors expressly reserve the right to (a) remove any Executory Contract or Unexpired Lease from the Rejection Schedule and assume such Executory Contract or Unexpired Lease pursuant to the terms of the Plan, up until the Effective Date and (b) contest any Claim asserted in connection with rejection of any Executory Contract or Unexpired Lease.

| *United States Trustee* |
|---|
| **Office of the United States Trustee for the Southern District of New York**<br>U.S. Federal Office Building<br>201 Varick Street, Room 1006<br>New York, NY 10014<br>Attention:  Richard Morrissey; Mark Bruh |

**PLEASE TAKE FURTHER NOTICE THAT** any objections to Plan in connection with the rejection of the Executory Contract(s) and Unexpired Lease(s) identified above and/or related rejection damages proposed in connection with the Plan that remain unresolved as of the Confirmation Hearing will be heard at the Confirmation Hearing (or such other date as fixed by the Court).

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Stretto, Inc., the claims, noticing, and solicitation agent retained by the Debtors in these chapter 11 cases (the "Claims, Noticing, and Solicitation Agent"), by: (a) calling the Claims, Noticing, and Solicitation Agent at (855) 473-8665 (Toll Free) or +1 (949) 271-6507 (International), (b) e-mailing the Claims, Noticing, and Solicitation Agent at VoyagerInquiries@Stretto.com with a reference to "In re: Voyager - Solicitation Inquiry" in the subject line, or (c) writing to the Claims, Noticing, and Solicitation Agent at Voyager Inquiries, c/o Stretto 410 Exchange, Suite 100 Irvine, CA 92602. You may also obtain copies of any pleadings filed with the Court for free by visiting the Debtors' restructuring website, https://cases.stretto.com/Voyager/, or for a fee via PACER at:  http://pacer.psc.uscourts.gov.

---

**ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE VIII.B CONTAINS A THIRD-PARTY RELEASE. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.  IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE CLAIMS, NOTICING, AND SOLICITATION AGENT.**

---

Dated: _____, 2022          */s/ Draft*
New York, New York                **KIRKLAND & ELLIS LLP**
                                  **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                  Joshua A. Sussberg, P.C.
                                  Christopher Marcus, P.C.
                                  Christine A. Okike, P.C.
                                  Allyson B. Smith (admitted *pro hac vice*)
                                  601 Lexington Avenue
                                  New York, New York 10022
                                  Telephone:    (212) 446-4800
                                  Facsimile:     (212) 446-4900
                                  Email:          jsussberg@kirkland.com
                                                  cmarcus@kirkland.com
                                                  christine.okike@kirkland.com
                                                  allyson.smith@kirkland.com

                                  *Counsel to the Debtors and Debtors in Possession*

## **Exhibit 9**

**Notice of Assumption of Executory Contracts and Unexpired Leases**
**(Asset Purchase Agreement)**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:        (212) 446-4800
Facsimile:        (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**NOTICE TO CONTRACT PARTIES**
**TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS**

> **YOU ARE RECEIVING THIS NOTICE BECAUSE**
> **YOU OR ONE OF YOUR AFFILIATES IS A COUNTERPARTY**
> **TO AN EXECUTORY CONTRACT WITH ONE OR MORE**
> **OF THE DEBTORS AS SET FORTH ON <u>EXHIBIT A</u> ATTACHED HERETO.**

        **PLEASE TAKE NOTICE** that on September 28, 2022, the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") filed the *Motion for Entry of an Order (I) Authorizing Entry into the Asset Purchase Agreement and (II) Granting Related Relief* [Docket No. 472] (the "<u>APA Motion</u>"),[2] authorizing the Debtors to, among other things, enter into the Asset Purchase Agreement between the Debtors and West Realm Shires, Inc. ("<u>FTX US</u>") for the sale of substantially all of the Debtors' assets.  The Debtors will consummate the sale transaction provided therein pursuant to a chapter 11 plan.[3]

        **PLEASE TAKE FURTHER NOTICE** that, pursuant to the APA Motion and the terms of the Asset Purchase Agreement, the Debtors will assume and assign to FTX US certain contracts (the "<u>Assigned Contracts</u>") listed on the *Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases* (the "<u>Assigned Contract Schedule</u>") filed with the Court as part of the *Plan Supplement for the Second Amended Joint Chapter 11 Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates* [Docket No. [●]] (the "<u>Plan Supplement</u>"), one or more of which you are a counterparty, upon approval of the Sale.  The Assigned Contracts Schedule can also be viewed on the Debtors' case website (https://cases.stretto.com/Voyager/).  The Debtors have conducted a review of their books and

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    Capitalized terms used but not otherwise defined herein shall have the meaning given to them in the Plan (as defined herein) or the APA Motion.

[3]    On [●], 2022, the Debtors filed the *Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "<u>Plan</u>").

records and have determined that the cure amount for unpaid monetary obligations under such Assigned Contracts is as set forth on **Exhibit A** attached hereto (the "Cure Costs").

**PLEASE TAKE FURTHER NOTICE** that if you disagree with the proposed Cure Costs, object to a proposed assignment to FTX US of any Assigned Contract, or object to the ability of FTX US to provide adequate assurance of future performance with respect to any Assigned Contract, your objection (a "Cure Objection") must: (i) be in writing; (ii) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (iii) state with specificity the nature of the objection and, if the objection pertains to the proposed Cure Costs, state the correct cure amount alleged to be owed to the objecting contract counterparty, together with any applicable and appropriate documentation in support thereof; (iv) be filed electronically with the Court on the docket of *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (the "Court") (which are available on the Court's website at http://www.nysb.uscourts.gov); and (v) be served so as to be actually received by **November 25, 2022, at 4:00 p.m., prevailing Eastern Time** (the "Cure Objection Deadline"), on counsel for the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg (jsussberg@kirkland.com); Christopher Marcus (cmarcus@kirkland.com); Christine Okike (christine.okike@kirkland.com); and Allyson B. Smith (allyson.smith@kirkland.com).

**PLEASE TAKE FURTHER NOTICE** that if no objection to (a) the Cure Costs, (b) the proposed assignment and assumption of any Assigned Contract, or (c) adequate assurance of FTX US's ability to perform is filed by the Cure Objection Deadline, then (i) you will be deemed to have stipulated that the Cure Costs as determined by the Debtors are correct, (ii) you will be forever barred, estopped, and enjoined from asserting any additional cure amount under the proposed Assigned Contract, and (iii) you will be forever barred, estopped, and enjoined from objecting to such proposed assignment to FTX US on the grounds that FTX US has not provided adequate assurance of future performance as of the closing date of the Sale.

**PLEASE TAKE FURTHER NOTICE** that any Cure Objection in connection with the Asset Purchase Agreement that otherwise complies with these procedures yet remains unresolved as of the commencement of the Hearing, shall be heard at the Hearing or a later date to be fixed by the Court.

**PLEASE TAKE FURTHER NOTICE** that, notwithstanding anything herein, the mere listing of any Assigned Contract on the Assigned Contracts Schedule does not require or guarantee that such Assigned Contract will be assumed by the Debtors at any time or assumed and assigned, and all rights of the Debtors and FTX US with respect to such Assigned Contract are reserved. Moreover, the Debtors explicitly reserve their rights, in their reasonable discretion, to seek to reject or assume each Assigned Contract pursuant to section 365(a) of the Bankruptcy Code and in accordance with the procedures allowing the Debtors and/or FTX US, as applicable, to designate any Assigned Contract as either rejected or assumed on a post-closing basis.

**PLEASE TAKE FURTHER NOTICE** that, nothing herein (i) alters in any way the prepetition nature of the Assigned Contracts or the validity, priority, or amount of any claims of a counterparty to any Assigned Contract against the Debtors that may arise under such Assigned Contract, (ii) creates a postpetition contract or agreement, or (iii) elevates to administrative expense priority any claims of a counterparty to any Assigned Contract against the Debtors that may arise under such Assigned Contract.

[*Remainder of Page Intentionally Left Blank*]

Dated: _____, 2022          /s/ DRAFT
New York, New York                **KIRKLAND & ELLIS LLP**
                                  **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                  Joshua A. Sussberg, P.C.
                                  Christopher Marcus, P.C.
                                  Christine A. Okike, P.C.
                                  Allyson B. Smith (admitted *pro hac vice*)
                                  601 Lexington Avenue
                                  New York, New York 10022
                                  Telephone:      (212) 446-4800
                                  Facsimile:      (212) 446-4900
                                  Email:          jsussberg@kirkland.com
                                                  cmarcus@kirkland.com
                                                  christine.okike@kirkland.com
                                                  allyson.smith@kirkland.com

                                  *Counsel to the Debtors and Debtors in Possession*

**Exhibit 10**

**Notice of Assumption of Executory Contracts and Unexpired Leases**
**(Wind-Down Entity)**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE TO CONTRACT PARTIES**
**TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS**

**PLEASE TAKE NOTICE THAT** on [●], 2022, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) authorizing Voyager Digital Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit acceptances for the *Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *First Amended Disclosure Statement for the Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT**, on [●], 2022, the Debtors filed the *Schedule of Assumed Executory Contracts and Unexpired Leases* (the "Assumed Contracts Schedule") with the Court as part of the *Plan Supplement for the Second Amended Joint Chapter 11 Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates* [Docket No. [●]] (the "Plan Supplement"), as contemplated under the Plan.

**PLEASE TAKE FURTHER NOTICE** that, on the Effective Date, the Wind-Down Entity will assume the contracts (the "Assumed Contracts") listed on the Assumed Contracts Schedule, attached hereto as **Exhibit A**, one or more of which you are a counterparty. The Assumed Contracts Schedule can also be viewed on the Debtors' case website (https://cases.stretto.com/Voyager/). The Debtors have conducted a review of their books and records and have

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan.

determined that the cure amounts for unpaid monetary obligations under such Assumed Contracts are as set forth on **Exhibit A** attached hereto (the "Cure Costs").

**PLEASE TAKE FURTHER NOTICE** that if you disagree with the proposed Cure Costs, your objection (a "Cure Objection") must: (i) be in writing; (ii) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (iii) state with specificity the nature of the objection and, if the objection pertains to the proposed Cure Costs, state the correct cure amount alleged to be owed to the objecting contract counterparty, together with any applicable and appropriate documentation in support thereof; (iv) be filed electronically with the Court on the docket of *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (the "Court") (which are available on the Court's website at http://www.nysb.uscourts.gov); and (v) be served so as to be actually received by **November 25, 2022, at 4:00 p.m., prevailing Eastern Time** (the "Cure Objection Deadline"), on counsel for the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg (jsussberg@kirkland.com); Christopher Marcus (cmarcus@kirkland.com); Christine Okike (christine.okike@kirkland.com); and Allyson B. Smith (allyson.smith@kirkland.com).

**PLEASE TAKE FURTHER NOTICE** that if no objection to is filed by the Cure Objection Deadline, then (i) you will be deemed to have stipulated that the Cure Costs as determined by the Debtors are correct, (ii) you will be forever barred, estopped, and enjoined from asserting any additional cure amount under the proposed Assumed Contract, and (iii) you will be forever barred, estopped, and enjoined from objecting to such proposed assumption.

**PLEASE TAKE FURTHER NOTICE** that any Cure Objection that otherwise complies with these procedures yet remains unresolved as of the commencement of the Confirmation Hearing, shall be heard at the Confirmation Hearing or a later date to be fixed by the Court.

**PLEASE TAKE FURTHER NOTICE** that, notwithstanding anything herein, the mere listing of any Assumed Contract on the Assumed Contract Schedule does not require or guarantee that such Assumed Contract will be assumed by the Debtors at any time or assumed and assigned, and all rights of the Debtors with respect to such Assumed Contract are reserved.  Moreover, the Debtors explicitly reserve their rights, in their reasonable discretion, to seek to reject or assume each Assumed Contract pursuant to section 365(a) of the Bankruptcy Code and in accordance with the procedures allowing the Debtors to designate any Assumed Contract as either rejected or assumed on a post-closing basis.

**PLEASE TAKE FURTHER NOTICE** that, nothing herein (i) alters in any way the prepetition nature of the Assumed Contracts or the validity, priority, or amount of any claims of a counterparty to any Assumed Contract against the Debtors that may arise under such Assumed Contract, (ii) creates a postpetition contract or agreement, or (iii) elevates to administrative expense priority any claims of a counterparty to any Assumed Contract against the Debtors that may arise under such Assumed Contract.

*[Remainder of Page Intentionally Left Blank]*

Dated: _____, 2022        */s/ DRAFT*
New York, New York

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:         jsussberg@kirkland.com
               cmarcus@kirkland.com
               christine.okike@kirkland.com
               allyson.smith@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

## **Exhibit 11**

**Committee Letter**

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**of Voyager Digital Holdings, Inc.,** *et al.*

Case No. 22-20943 (MEW)
in the United States Bankruptcy Court
for the Southern District of New York

c/o McDermott Will & Emery LLP
One Vanderbilt Avenue
New York, NY 10017-3852

To:     Customers and Creditors of Voyager Digital Holdings, Inc., *et al.*,

## I.      Introduction

The Official Committee of Unsecured Creditors (the "UCC") was appointed by the United States Trustee to represent the interests of all unsecured creditors in the chapter 11 bankruptcy cases (the "Bankruptcy Cases") of Voyager Digital Holdings, Inc., *et al.* (collectively, "Voyager"). We write to advise you of the UCC's position regarding Voyager's revised chapter 11 plan filed on October [__], 2022 (the "Plan").[1] The deadline to vote on whether to accept or reject the Plan is November 25, 2022 (the "Voting Deadline"). On December 6, 2022, the Bankruptcy Court will hold a hearing to consider confirmation of the Plan (the "Confirmation Hearing"). For the reasons set forth below, the UCC recommends that you *vote to accept the Plan* and *opt-in* to contributing your direct claims to the Wind-Down Entity.

The UCC's primary focus is getting the maximum amount of fiat and crypto returned to creditors as quickly as possible. Maximizing value is not only limited to recovering the greatest amount possible, but also to preserving the amounts that are currently available. Every decision in these Bankruptcy Cases involves your assets because each decision risks the depletion of funds that would otherwise be distributed to you.

## II.     How Did the Settlement Come About?

The UCC has been faced with many difficult decisions throughout the course of these Bankruptcy Cases. Each decision has been made after thorough analysis, research, and discourse to ensure that both sides of each decision have been properly vetted. The UCC's decision with respect to the releases set forth in the Plan was one of the most difficult. The releases contained in the Plan, as described in more detail below, release (in part) Voyager's claims against its directors and officers. Importantly, the releases in the Plan do NOT release, diminish, or in any way affect any claims you, government regulators, or any other third parties may have against Voyager's directors and officers. As you all know, the UCC is comprised of individuals who like you lost substantial amounts of cryptocurrency because of Voyager and those operating Voyager. As you all read in the objection that we filed to Voyager's disclosure statement, the UCC intended to vigorously object to the release of these individuals (collectively, the "Released Parties") from

---

[1]     All documents filed in Voyager's bankruptcy cases are available free of charge at https://cases.stretto.com/voyager/court-docket/. The Plan is available at Docket No. [__].

liability for their actions. It was the UCC's position then, and now, that if the individuals want to be released, then they need to pay for it.

By the same token, the UCC is not going to engage in contentious, expensive, and time-consuming legal battles that drain estate resources and delay your recoveries. The time for gambling with your money is over. Accordingly, the UCC conducted an investigation to determine the most efficient and effective resolution of potential claims against Voyager insiders, including Stephen Ehrlich, Voyager's Chief Executive Officer (CEO), and others.

A special committee of independent directors of Voyager (the "Special Committee") was appointed to investigate claims that Voyager may have against Ehrlich and other insiders. The Special Committee, in turn, hired the law firm of Quinn Emmanuel to conduct an investigation into any such claims. The UCC conducted its own investigation of the claims on behalf of creditors. The UCC investigation revealed that Ehrlich and Voyager's Chief Commercial Officer (CCO) were extremely careless in their investigation of Three Arrows Capital's (3AC) creditworthiness and thus, in their decision to loan almost $1 billion of Voyager assets to 3AC. As a result, the UCC has concluded that the Debtors have valid and substantial claims against Ehrlich and the CCO for breach of their duties of care relating to their role in approving Voyager's ill-fated loans to 3AC.[2]

To ensure that pursuing litigation against Ehrlich is a worthwhile use of resources, however, the Special Committee and the UCC investigated Ehrlich's and the CCO's personal finances to determine the extent of their assets that would be available to pay a judgment if the Wind-Down Entity (as defined in the Plan), which will be governed by a trustee selected by the UCC, successfully prosecuted Voyager's claims against them. In connection with that investigation, both individuals provided written financial disclosures attesting to their assets under penalty of perjury. According to those financial statements, neither Ehrlich nor the CCO currently have substantial assets that would justify the uncertainty and expense of protracted litigation over confirmation of the Plan. Ehrlich's assets are approximately $2.7 million (inclusive of his home), which is likely *less* than the combined legal costs Voyager's estates would incur if the UCC objects to the settlement and releases and Voyager and the Special Committee defend them. In other words, the depletion of assets that would otherwise be available to distribute to creditors is greater than the amount creditors stand to collect if the Wind-Down Entity brought claims against Ehrlich, and they succeed.

In light of the limited collectability, the Special Committee and its counsel negotiated a settlement with Ehrlich and the CCO. In connection with those discussions, the UCC insisted that even if Ehrlich's assets were as limited as he represented in his sworn disclosures, he should not be given a release without making a settlement payment for the benefit of creditors that represents a significant portion of his assets. The proposed settlement reflected in the Plan, though insignificant from the standpoint of the damages caused, does require Ehrlich to pay $1.125 million, which amount represents more than 40% of his assets. Importantly, despite the settlement, the Wind-Down Entity will retain the right to prosecute claims against Ehrlich and the CCO for their role in the 3AC loan, but the recovery is limited to amounts available under applicable D&O insurance policies. Thus, although Voyager is foregoing further claims against Ehrlich's and the

---

[2]    Background regarding the relationship between Voyager and 3AC and Voyager's loan to 3AC can be found beginning on page 36 of Voyager's First Amended Disclosure Statement available at Docket No. 540.

CCO's personal assets, Voyager's rights to sue them have been preserved, albeit capped at the insurance policies.

Moreover, the settlement requires Ehrlich and the CCO to forgo and subordinate any rights they have to the proceeds of the second of Voyager's two $10 million policies (the "Second 10m Policy"). Unlike the earlier $10 million policy, the Second 10m Policy was taken out shortly before the Bankruptcy Cases were filed at a time in which Voyager was insolvent. The UCC believes that the Wind-Down Entity can bring an avoidance action to recover for the benefit of creditors the $10 million Voyager paid to the insurer under that policy. The settlement makes that recovery far more likely.

Further, the settlement requires Ehrlich to subordinate prepetition claims he has against Voyager such that all of your claims must get paid first *in full* before he can recover one dime on any of his prepetition claims. The claims subject to such subordination include his claims for the return of assets that he personally had on the Voyager platform that, like yours, were frozen shortly before the Bankruptcy Cases. The CCO will subordinate half of such claims. Further, both Ehrlich and the CCO agree to certain subordination provisions for indemnification of their legal fees they may otherwise have against Voyager. The UCC insisted on these rights to ensure that Ehrlich receives nothing unless and until you receive everything you lost.

Be assured, Ehrlich's apparent lack of wealth was surprising to the UCC as much as it must be surprising to many of you. There have been numerous reports by the media stating that Ehrlich personally made around $37 million (Canadian) from sales of Voyager's stock last year. During the course of our ongoing investigation, however, we were advised that very little of those proceeds went to Ehrlich personally. Ehrlich was only one of several owners of the consulting company that received the proceeds. That said, although we appreciate the Special Committee and its counsel have satisfied themselves that Ehrlich's financial statements are accurate, the UCC has indicated that between now and the Confirmation Hearing, it intends to vigorously continue its investigation into the accuracy of the financial disclosures by, among other things, interviewing Ehrlich and the CCO, as well as obtaining confirmatory documentation. The UCC will also investigate transfers that Ehrlich made to anyone. If the UCC determines Ehrlich's or the CCO's financial disclosures are not accurate or are misleading – for example, that Ehrlich is hiding assets that could be reached by a judgment against him – the UCC will advise you of this and will promptly pull its support for the releases and settlement contained in the Plan.

As an additional measure of protection for creditors, the UCC negotiated for the Plan to provide an "out" in case the financial disclosures we received prove untrue. Indeed, the Plan states that if a court determines at any point in the future that the financial disclosures we relied upon in agreeing to the settlement are materially inaccurate, the releases of Ehrlich and the CCO shall become void and ineffective – meaning one or both can be sued personally by the Wind-Down Entity on the precise claims that were otherwise released. It is the combination of this protection and the additional investigation we will undertake that gives the UCC confidence in the settlement reached.

If the UCC's investigation confirms the accuracy of the financial disclosure statements, the UCC has decided not to object to the settlement or the releases because, as set forth in greater

detail below, the benefits of the settlement outweigh the costs. For that reason, as well as the reasons set forth below, the UCC encourages you to ***vote to accept the Plan***.

### III.    What are the Terms of the Settlement?

Before addressing why we believe the settlement is in your best interests (putting aside strong personal feelings towards those being released), we wanted to provide a brief bullet point summary of the material terms of the settlement. In exchange for Voyager releasing certain claims that can be brought against the Released Parties:

- Ehrlich shall pay $1.125 million, and contribute any tax refund he may be entitled to receive on account of the $1.125 million for the benefit of creditors;
- 3AC claims against Ehrlich and the CCO may still be prosecuted, but they shall be paid solely from the applicable D&O insurance policies;
- Any indemnification claims asserted by Ehrlich and the CCO are subject to certain subordination restrictions to creditor claims;
- Any prepetition claim by Ehrlich against Voyager shall be subordinated in full to creditor claims;
- Any prepetition claim by the CCO for assets he personally has on the Voyager platform will be subordinated in part (half) to creditor claims;
- Ehrlich and the CCO shall not make any claims against the Second 10m Policy, thereby allowing the Wind-Down Entity to attempt to clawback the recently paid $10 million premium from the insurance company; and
- If the financial disclosure statements that were provided by Ehrlich or the CCO are ever adjudicated to have been materially inaccurate, the releases given to them become void and their personal assets thus become subject to any judgment against them.
-

### IV.    Why Should I Approve of the Settlement?

As an initial matter, the UCC is not happy that Ehrlich is only paying $1.125 million. However, assuming the financial statements are accurate, that $1.125 million represents approximately 60% of Ehrlich's net worth if you do not include his house and 40% of his net worth if you do. If the UCC objects to the settlement and succeeds, it is unclear whether a $1.125 million recovery is possible later, after protracted litigation. There is also a possibility that Ehrlich files for bankruptcy before that date, which would likely result in no recovery for creditors. The UCC is not going to gamble with your assets in an attempt to draw blood from a stone. Doing so would be throwing good money after bad money.

With that said, the individual payment is the least important aspect of the settlement. The critical benefit for creditors is the preservation of (i) assets to be recovered (i.e., insurance policies) and (ii) current assets (i.e., avoiding costly litigation).

***First***, as part of the settlement, *only* the Wind-Down Entity (and therefore, creditors) may benefit from the Second 10m Policy. Ehrlich cannot deplete such policy by filing claim after claim to cover their personal litigation defense costs until such time as the Wind-Down Entity has the opportunity to avoid and recover the $10 million premium paid for the policy. The value preserved

through this component of the settlement is up to $10 million. Importantly, if the settlement fails, that $10 million will be depleted by Ehrlich and others as they defend against the same claims that are being released.

**Second**, reaching a resolution preserves a substantial amount of resources by avoiding protracted litigation over Plan confirmation. Absent a settlement, the UCC intended to object to the releases set forth in the Plan, take depositions, and present witnesses and experts at trial. The Confirmation Hearing would be heavily contested resulting in significant legal fees being incurred and likely a significant extension of time before cryptocurrency and fiat are returned to creditors. Moreover, if the UCC's objections were successful, then the Plan would not be able to be confirmed with the inclusion of the releases. Although the Court could approve the Plan if the releases are removed, Voyager would not have been required to move forward with that result. Instead, Voyager could have simply withdrawn the Plan, which would put the FTX transaction and an expeditious exit from chapter 11 at risk and certainly would have delayed the return of the creditors' monies. The settlement avoids these costly delays and risks that would only serve to reduce and further delay creditor recoveries.

The UCC is tasked with objectively making decisions to increase creditor recoveries, no matter how difficult those decisions are to stomach. The settlement between Voyager, the Special Committee, Ehrlich, and the CCO preserves millions in assets for creditors. If the settlement fails, there is significant risk that creditors will not receive any benefit from these individuals or Voyager's insurance policies, while at the same time incurring substantial litigation costs. It is this cost-benefit analysis guiding the UCC's decision to agree to the settlement.

However, as stated above, the UCC will investigate the accuracy of the sworn financial statements because of the disclosures contained therein are false, the releases **will be void**.

## V.    Contributed Third Party Claims

As an additional benefit of the settlement, Voyager has agreed to include a mechanism for creditors to contribute direct claims to the Wind-Down Entity that they may have against third parties that are in any way affiliated with Voyager. Specifically, the ballots that creditors receive to vote on the Plan will include an option to "opt in" to contributing their direct claims to the Wind-Down Entity.

As you know, the UCC conducted an investigation into the Released Parties. The investigation, however, did not include an investigation into claims Voyager and creditors may have against other third parties. Upon the effective date of the Plan, the Wind-Down Entity will conduct an investigation into these third parties. Although the Wind-Down Entity will have standing to pursue causes of action held by Voyager, causes of action held individually by creditors will not be included. If creditors contribute their direct claims against third parties to the Wind-Down Entity, the Trust will have the ability to bolster its causes of action against third parties and create a better chance at a larger recovery for creditors. Creditors that "opt in" to contributing their claims will also be contributing direct claims they hold against Voyager's directors and officers, including Ehrlich. To be clear, the Wind-Down Entity will not pursue those claims because they are being released as part of the settlement discussed above. However, claims against the directors and officers are not the claims that provide the best opportunity to recover significant assets for

customers because those targets do not have substantial assets. It is claims against other not yet identified third parties. Accordingly, the UCC encourages creditors to "opt in" to contributing their direct claims to the Wind-Down Entity.

## VI.  Why Should I Accept the Plan?

The Plan must be confirmed to ensure that creditors receive distributions in the greatest amount and as quickly as possible. The Plan accomplishes this goal. The UCC fully supports the FTX transaction, which was selected after an extensive marketing and auction process, because the UCC believes that its consummation will maximize recoveries to creditors in the most timely, efficient, and effective manner.

If the Plan is not confirmed, there is risk of delay and a significant reduction to creditor recoveries. That is not a result that the UCC supports.

\*\*\*

For the foregoing reasons, the UCC, urges you to ***vote to accept*** the Plan and ***opt-in*** to contributing your direct claims to the Wind-Down Entity.

Sincerely,

*The Official Committee of Unsecured Creditors*

## Exhibit B

**Redline**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### ORDER APPROVING (I) THE
### ADEQUACY OF THE DISCLOSURE STATEMENT,
### (II) THE SOLICITATION AND NOTICE PROCEDURES,
### (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION
### THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO

Upon the motion (the "Motion")[2] of the Debtors for entry of an order pursuant to sections 105, 363, 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3016, 3017, 3018, 3020, and Local Rules 3017-1, 3018-1, and 3020-1 approving: (a) the *First Amended* Disclosure *Statement Relating to the ~~First~~Second Amended Joint Plan ~~of Reorganization~~ of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement"); (a) the Solicitation and Voting Procedures; (b) the Disclosure Statement Hearing Notice; (c) the Non-Voting Status Notices; (d) the Ballots; (e) the manner and form of the Solicitation Packages and the materials contained therein; (f) the Plan Supplement Notice; (g) the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital, Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

Assumption and Rejection Notices; (h) the Voting Record Date; (i) the Disclosure Statement Objection Deadline and Disclosure Statement Reply Deadline; (j) the Disclosure Statement Hearing date; (k) the Solicitation Deadline; (l) the Publication Deadline; (m) the Plan Supplement Filing Date; (n) the Voting Deadline and Plan Objection Deadline; (o) the deadline to file the Voting Report; (p) the Confirmation Brief Deadline and Plan Objection Reply Deadline; (q) the Confirmation Hearing Date and Confirmation Hearing Notice; and (r) the dates and deadlines related thereto, all as more fully described in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other ~~parties in interest~~parties-in-interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as provided herein.

**I.      Approval of the Disclosure Statement.**

2.      The Disclosure Statement is hereby approved as providing Holders of Claims entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code.

3.      The Disclosure Statement (including all applicable exhibits thereto) provides Holders of Claims or Interests, and other parties-in-interest with sufficient notice of the injunction, exculpation, and release provisions contained in Article VIII of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

## II.      Approval of the Disclosure Statement Hearing Notice.

4.      The Disclosure Statement Hearing Notice, filed by the Debtors and served upon parties-in-interest in these chapter 11 cases, constitutes adequate and sufficient notice of the hearing to consider approval of the Disclosure Statement, the manner in which a copy of the Disclosure Statement (and exhibits thereto, including the Plan) ~~could~~can be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

## III.      Approval of the Materials and Timeline for Soliciting Votes.

### A.      Approval of Key Dates and Deadlines with Respect to the Plan and Disclosure Statement.

5.      The following dates are hereby established (subject to modification as necessary) with respect to the solicitation of votes to accept or reject, and voting on, the Plan:

> ~~a. *Voting Record Date*. **September 15, 2022** as the date for determining (i) which Holders of Claims in the Voting Classes are entitled to vote to accept or reject the Plan and receive Solicitation Packages in connection therewith and (ii) whether Claims have been properly assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of the respective Claim (the "Voting Record Date");~~

> a.                      ~~b.~~ *Disclosure Statement Objection Deadline.* ~~September 9~~October 12**, 2022, at 4:00 p.m.** prevailing Eastern Time as the deadline by which objections to the Disclosure Statement must be filed with the

Court and served so as to be **actually received** by the appropriate notice parties (the "Disclosure Statement Objection Deadline");

b.    ~~c.~~ *Disclosure Statement Reply Deadline.* ~~September~~October 13~~8~~, 2022~~, at 4:00 p.m.~~ ~~prevailing Eastern Time~~ as the deadline by which replies to objections to the Disclosure Statement must be filed with the Court and served so as to be **actually received** by the appropriate notice parties (the "Disclosure Statement Reply Deadline");

c.    *Voting Record Date.* **October 19, 2022** as the date for determining (i) which Holders of Claims in the Voting Classes are entitled to vote to accept or reject the Plan and receive Solicitation Packages in connection therewith and (ii) whether Claims have been properly assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of the respective Claim (the "Voting Record Date");

d.    *Disclosure Statement Hearing.* ~~September~~October 15~~9~~, 2022, at 1~~0~~2:00 ~~a~~p.m. prevailing Eastern Time~~, or as soon thereafter as the Debtors may be heard,~~ as the date for the hearing at which the Court will consider approval of the Disclosure Statement;

~~e. *Solicitation Deadline.* September 26, 2022 as the deadline for distributing Solicitation Packages, including Ballots, to Holders of Claims entitled to vote to accept or reject the Plan (the "Solicitation Deadline");~~

e.    ~~f.~~ *Publication Deadline.* **Five (5) business days after entry of the Disclosure Statement Order** as the last date by which the Debtors will submit the Confirmation Hearing Notice for publication in a format modified for publication (the "Publication Notice");

f.    *Solicitation Deadline.* **October 28, 2022** as the deadline for distributing Solicitation Packages, including Ballots, to Holders of Claims entitled to vote to accept or reject the Plan (the "Solicitation Deadline");

g.    *Plan Supplement Filing Deadline.* **Seven (7) days prior to the Voting Deadline** as the deadline by which the Debtors must file the Plan Supplement (the "Plan Supplement Filing Deadline"); and

h.    *Voting Deadline.* ~~October~~November 2~~4~~5, 2022, at 4:00 p.m. prevailing Eastern Time as the deadline by which **all** Ballots must be properly executed, completed, and delivered so that they are **actually received** (the "Voting Deadline") by Stretto, Inc. (the "Claims, Noticing, and Solicitation Agent").

**B.** **Approval of the Form of, and Distribution of, Solicitation Packages to Parties Entitled to Vote on the Plan.**

6.     In addition to the Disclosure Statement and exhibits thereto, the Solicitation Packages to be transmitted on or before the Solicitation Deadline to those Holders of Claims in the Voting Classes entitled to vote on the Plan as of the Voting Record Date, shall include the following, the form of each of which is hereby approved:

a.          the Disclosure Statement (and exhibits thereto, including the Plan);

b.          a copy of the Solicitation and Voting Procedures, attached hereto as **Exhibit 1**;

c.          the applicable forms of Ballots, including the mechanisms for (i) opting in to the Third-Party Release contained in Article VIII.B of the Plan and (ii) electing to contribute Contributed Third-Party Claims, and which will include the detailed voting instructions and instructions on how to submit the Ballot, which are attached hereto as **Exhibit 4A** ~~and~~, **Exhibit 4B, and Exhibit 4C, Exhibit 4D, Exhibit 4E**;

d.          the Cover Letter, attached hereto as **Exhibit 5**;

e.          this Disclosure Statement Order (without exhibits);

f.          the Confirmation Hearing Notice, attached hereto as **Exhibit 6**; ~~and~~

g.          the Committee Letter, attached hereto as **Exhibit 11**; and

h.          ~~g.~~ such other materials as the Court may direct.

7.     The Solicitation Packages provide the Holders of Allowed Claims entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Local Rules.

8.     The Debtors shall distribute Solicitation Packages to all Holders of Allowed Claims entitled to vote on the Plan on or before the Solicitation Deadline.  Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

9.      The Debtors are authorized, but not directed or required, to cause the Solicitation Packages to be distributed through the Claims, Noticing, and Solicitation Agent by e-mail to those Holders of Claims in Class 3 and by first-class U.S. mail to those Holders of Claims in Class 4 and Class 5.  The Debtors shall provide a copy of the Plan, the Disclosure Statement, and this Disclosure Statement Order (without exhibits) to Holders of Claims in Class 4, Class 5A, Class 5B, and Class 5C in electronic format (CD-ROM or flash drive) and to Holders of Claims in Class 3 via e-mail.  The Ballots, the Cover Letter, the Committee Letter, the Solicitation and Voting Procedures, and the Confirmation Hearing Notice shall be provided by e-mail to Holders of Claims in Class 3 and in paper format to Holders of Claims in Class 4, Class 5A, Class 5B, and Class 5C.  On or before the Solicitation Deadline, the Debtors (through the Claims, Noticing, and Solicitation Agent) shall provide complete Solicitation Packages (other than Ballots) to the U.S. Trustee and to all parties on the 2002 List as of the Voting Record Date.

10.      Any party that receives the materials in electronic format but would prefer to receive materials in paper format, may contact the Claims, Noticing, and Solicitation Agent and request paper copies of the corresponding materials previously received in electronic format (to be provided at the Debtors' expense).

11.      The Claims, Noticing, and Solicitation Agent is authorized to assist the Debtors in: (a) distributing the Solicitation Packages; (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims against the Debtors; (c) responding to inquiries from Holders of Claims or Interests and other parties-in-interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan; (d) soliciting votes on the Plan; and (e) if necessary, contacting creditorsstakeholders regarding the Plan.

6

**C.      Approval of the Confirmation Hearing Notice.**

12.      The Confirmation Hearing Notice, in the form attached hereto as **Exhibit 6**, filed by the Debtors and served upon parties-in-interest in these chapter 11 cases on or before the Solicitation Deadline, constitutes adequate and sufficient notice of the hearing to consider approval of the Plan, the manner in which a copy of the Plan could can be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  Five business days following the entry of this Disclosure Statement Order, or as soon as practicable thereafter, the Debtors shall submit the Publication Notice for publication in *The New York Times* (National Edition) and the *Financial Times* (International Edition).

**D.      Approval of Notice of Filing of the Plan Supplement.**

13.      The Debtors are authorized to send notice of the filing of the Plan Supplement substantially in the form attached hereto as **Exhibit 7** on the Plan Supplement Filing Deadline or as soon as reasonably practicable thereafter.

**E.      Approval of the Form of Notices to Non-Voting Classes.**

14.      Except to the extent the Debtors determine otherwise, the Debtors are not required to provide Solicitation Packages to Holders of Claims or Interests in Non-Voting Classes, as such Holders are not entitled to vote on the Plan.  Instead, on or before the Solicitation Deadline, the Claims, Noticing, and Solicitation Agent shall mail (first-class postage pre-paid) a Non-Voting Status Notice in lieu of Solicitation Packages, the form of each of which, including the mechanisms for (i) opting in to the Third-Party Release contained in Article VIII.B of the Plan and (ii) electing to contribute Contributed Third-Party Claims, is hereby approved, to those parties, outlined below, who are not entitled to vote on the Plan:

  a.      ***Unimpaired Claims—Conclusively Presumed to Accept.***  Holders of Claims in Classes 1 and 2 are not impaired under the Plan and, therefore, are

conclusively presumed to have accepted the Plan.  As such, Holders of such Claims will receive a notice, substantially in the form attached to this Disclosure Statement Order as **Exhibit 3A**, in lieu of a Solicitation Package.

b.      ***Other Interests and Claims—Deemed to Reject.***  Holders of Claims or Interests in Class ~~4 (Alameda Loan Facility Claims), Class~~ 6 (Section 510(b) Claims)~~,~~ and Class 9 (Existing Equity Holders)~~, are~~ may not be entitled to a distribution under the Plan and, therefore, are deemed to reject the Plan and will receive a notice, substantially in the form attached to this Disclosure Statement Order as **Exhibit 3B**, in lieu of a Solicitation Package.

c.      ***Disputed Claims.***  Holders of Claims that are subject to a pending objection by the Debtors filed on or before the Solicitation ~~Launch Date~~Deadline are not entitled to vote the disputed portion of their claim.  As such, Holders of such Claims will receive a notice, substantially in the form attached to this Disclosure Statement Order as **Exhibit 3C**.

15.      The Debtors are not required to mail Solicitation Packages or other solicitation materials to:  (a) Holders of Claims that have already been paid in full during these chapter 11 cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court; or (b) any party to whom the Disclosure Statement Hearing Notice was sent but was subsequently returned as undeliverable.

16.      The Debtors will not provide the Holders of Class 7 Intercompany Claims or Class 8 Intercompany Interests with a Solicitation Package or any other type of notice in connection with solicitation.

**F.      Approval of Notices to Contract and Lease Counterparties.**

17.      The Debtors are authorized to mail a notice of rejection or assumption of any Executory Contracts or Unexpired Leases, in the forms attached hereto as **Exhibit 8**, **Exhibit 9, and Exhibit 10, respectively**, to the applicable counterparties to Executory Contracts and Unexpired Leases that will be rejected or assumed pursuant to the Plan, respectively, within the time periods specified in the Plan.

**IV.      Approval of the Solicitation and Voting Procedures.**

18.     The Debtors are authorized to solicit, receive, and tabulate votes to accept the Plan in accordance with the Solicitation and Voting Procedures attached hereto as **Exhibit 1**, which are hereby approved in their entirety.  The Debtors are authorized to convert each Claim asserted in currency other than U.S. dollars to the equivalent U.S. dollar value using the conversion rate for the applicable currency at prevailing market prices as of 8:00 a.m. (prevailing Eastern Time) on the Voting Record Date, *provided* that such conversion shall be for voting tabulation purposes only and shall not be binding for any other purpose on the Debtors, including, without limitation, for purposes of the allowance of, and distribution with respect to, Claims under the Plan.

**V.     Approval of Procedures for Confirming the Plan.**

    **A.     Approval of the Timeline for Filing Objections to the Plan and Confirming the Plan.**

19.     The following dates are hereby established (subject to modification as needed) with respect to filing objections to the Plan and confirming the Plan:

    a.     ***Plan Objection Deadline.*** ~~October~~November 2~~4~~5, **2022, at 4:00 p.m.** prevailing Eastern Time as the deadline by which objections to the Plan must be filed with the Court and served so as to be **actually received** by the appropriate notice parties (the "Plan Objection Deadline");

    b.     ***Deadline to File Voting Report.*** ~~October~~December 2~~7~~, **2022, at 4:00 p.m.**, prevailing Eastern Time, as the date by which the report tabulating the voting on the Plan (the "Voting Report") shall be filed with the Court;

    c.     ***Confirmation Brief Deadline and Plan Objection Reply Deadline.*** ~~October~~December 2~~7~~, **2022, at 4:00 p.m.** prevailing Eastern Time as the deadline by which the Debtors shall file their brief in support of Confirmation of the Plan (the "Confirmation Brief Deadline") and deadline by which replies to objections to the Plan must be filed with the Court (the "Plan Objection Reply Deadline"); and

    d.     ***Confirmation Hearing Date.*** ~~Nov~~December 1~~6~~, **2022**, or as soon thereafter as the Debtors may be heard, as the date for the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing Date").

**B.** **Approval of the Procedures for Filing Objections to the Plan.**

20.      Objections to the Plan will not be considered by the Court unless such objections are timely filed and properly served in accordance with this Disclosure Statement Order and the Case Management Order.  Specifically, all objections to confirmation of the Plan or requests for modifications to the Plan, if any, **must**:  (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court and served upon the notice parties so as to be **actually received** on or before the October November 24 5, 2022, at 4:00 p.m., prevailing Eastern Time by each of the notice parties identified in the Confirmation Hearing Notice.

**C.    Approval of Consequences of Not Confirming or Consummating the Plan.**

21.    If the Debtors revoke or withdraw the Plan, or if Confirmation or the Effective Date does not occur, then: (1) the Plan will be null and void in all respects; (2) any settlement or compromise not previously approved by Final Order of the Court embodied in the Plan (including the fixing or limiting to an amount certain of the Claims or Interests or Classes of Claims or Interests), assumption or rejection of Executory Contracts or Unexpired Leases effectuated by the Plan, and any document or agreement executed pursuant to the Plan will be null and void in all respects; and (3) nothing contained in the Plan shall (a) constitute a waiver or release of any Claims, Interests, or Causes of Action by any Entity, (b) prejudice in any manner the rights of any Debtor or any other Entity, or (c) constitute an admission, acknowledgement, offer, or undertaking of any sort by any Debtor or any other Entity.

**VI.    Miscellaneous.**

22.    The Debtors reserve the right to modify the Plan in accordance with Article X thereof, including the right to withdraw the Plan as to any or all Debtors at any time before the Confirmation Date.

23.    Nothing in this Disclosure Statement Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a proof of claim after the Voting Record Date.

24.    The rights of the Ad Hoc Group of Equity Interest Holders, the Texas State Securities Board, the Texas Department of Banking, and the Office of the Texas Attorney General to object to the Plan are expressly preserved.

25.    Notwithstanding anything to the contrary in the Disclosure Statement, the Plan, this Order, or any findings announced at the Disclosure Statement Hearing, nothing in the Disclosure Statement, the Plan, this Order, or announced at the Disclosure Statement Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are

11

securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis is expressly reserved.

26.    The Debtors shall maintain copies of their books and records as set forth in the Plan. Nothing in this Disclosure Statement Order shall affect the obligations of the Debtors and/or any transferee or custodian to maintain all books and records that are subject to any governmental subpoena, document preservation letter, or other investigative request from a governmental agency.

27.    24. All time periods set forth in this Disclosure Statement Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

28.    25. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

29.    26. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Disclosure Statement Order in accordance with the Motion.

30.    27. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Disclosure Statement Order.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

12

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**SOLICITATION AND VOTING PROCEDURES**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

**PLEASE TAKE NOTICE THAT** on [  ], 2022, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. [  ]] (the "Disclosure Statement Order"): (a) authorizing Voyager Digital Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [  ]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement Relating to the Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [  ]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

      1.      The Voting Record Date.

The Court has approved **October 19, 2022** as the record date for purposes of determining which Holders of Claims in Class 3 (Account Holder Claims), Class 4 (Alameda Loan Facility Claims), Class 5A (OpCo General Unsecured Claims), Class 5B (HoldCo General Unsecured Claims), and Class 5C (TopCo General Unsecured Claims) are entitled to vote on the Plan (the "Voting Record Date").

      2.      The Voting Deadline.

The Court has approved **November 25, 2022, at 4:00 p.m.** prevailing Eastern Time as the voting deadline (the "Voting Deadline") for the Plan. The Debtors may extend the Voting Deadline, in their discretion, without further order of the Court. The Voting Deadline for any counterparty to an Unexpired Lease or Executory Contract which is identified as rejected through the *Notice Regarding Executory Contracts and Unexpired Leases to be Rejected Pursuant to the Plan* mailed later than five (5) days prior to the Voting Deadline shall be extended by two (2) Business Days.

To be counted as votes to accept or reject the Plan, all ballots (the "Ballots") must be executed, completed, and delivered pursuant to the instructions set forth on the applicable Ballot so that they are **actually received** by Stretto, Inc. (the "Claims, Noticing, and Solicitation Agent") no later than the Voting Deadline. Delivery of a Ballot to the Claims, Noticing, and Solicitation Agent by e-mail, facsimile, or other electronic means, other than via the Stretto online voting portal at https://cases.stretto.com/Voyager/balloting, shall not be valid.

      3.      Form, Content, and Manner of Notices.

      (i)      The Solicitation Package.

      The following materials shall constitute the solicitation package (the "Solicitation Package"):

---

[2]    Capitalized terms not otherwise defined herein shall have the meaning given to them in the *Debtors' Motion for Entry of an Order Approving (I) the Adequacy of the Disclosure Statement, (II) Solicitation and Notice Procedures, (III) Forms of Ballots and Notices in Connection Therewith, and (IV) Certain Dates with Respect Thereto* [Docket No. [  ]] or the Plan, as applicable.

a.      a copy of these Solicitation and Voting Procedures;

b.      the applicable opt-in release notice, substantially in form attached as **Exhibit 3A** and **Exhibit 3B** to the Disclosure Statement Order, as applicable;

c.      ~~b.~~ the applicable form of Ballot, substantially in the form attached as **Exhibit 4A**, **Exhibit 4B**, ~~or~~ **Exhibit 4C**, **Exhibit 4D**, or **Exhibit 4E** to the Disclosure Statement Order, as applicable;

d.      ~~c.~~ a pre-paid, pre-addressed return envelope for Holders of Claims in Class 5A (OpCo General Unsecured Claims), Class 5B (HoldCo General Unsecured Claims), and Class 5C (TopCo General Unsecured Claims);

e.      ~~d.~~ the Cover Letter, which describes the contents of the Solicitation Package and urges Holders of Claims in each of the Voting Classes to vote to accept the Plan;

f.      the Committee Letter;

g.      ~~e.~~ the approved Disclosure Statement (and exhibits thereto, including the Plan);

h.      ~~f.~~ the Disclosure Statement Order (excluding exhibits, except for these Solicitation and Voting Procedures);

i.      ~~g.~~ the Confirmation Hearing Notice; and

j.      ~~h.~~ any additional documents that the Court has ordered to be made available.

(ii)    <u>Distribution of the Solicitation Package</u>.

The Solicitation Package shall provide the Plan, the Disclosure Statement, and the Disclosure Statement Order (without exhibits, except the Solicitation and Voting Procedures) in electronic format, and all other contents of the Solicitation Package, including the Ballots and the Cover Letter, shall be provided in paper format, except with respect to Holders of Claims in Class 3 (Account Holder Claims), who shall receive the entire Solicitation Package in electronic format. Any party that receives the materials in electronic format but would prefer paper format may contact the Claims, Noticing, and Solicitation Agent by: calling the Claims, Noticing, and Solicitation Agent at (855) 473-8665 (Toll-Free) or +1 (949) 271-6507 (International); (b) e-mailing the Claims, Noticing, and Solicitation Agent at VoyagerInquiries@Stretto.com with a reference to "In re: Voyager - Solicitation Inquiry" in the subject line; or (c) writing to the Claims, Noticing, and Solicitation Agent at Voyager Inquiries, c/o Stretto 410 Exchange, Suite 100 Irvine, CA 92602.

The Debtors shall serve, or cause to be served, all of the materials in the Solicitation Package (excluding the Ballots) on the U.S. Trustee and all parties who have requested service of papers in this case pursuant to Bankruptcy Rule 2002 as of the Voting Record Date. In addition, the Debtors shall distribute, or cause to be distributed, the Solicitation Package to all Holders of Claims in the Voting Classes on or before **October 28, 2022** who are entitled to vote, as described in Section 4(i) below.

To avoid duplication and reduce expenses, the Debtors will make every reasonable effort to ensure that any Holder of a Claim who has filed duplicative Claims against a Debtor (whether against the same or multiple Debtors) that are classified under the Plan in the same Voting Class receives no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claim and with respect to that Class as against that Debtor.

(iii)    <u>Resolution of Disputed Claims for Voting Purposes; Resolution Event</u>.

a.    If a Claim in a Voting Class is subject to an objection that is filed with the Court on or prior to seven days before the Voting Deadline: (i) the Debtors shall cause the applicable Holder to be served with the *Notice of Non-Voting Status with Respect to Disputed Claims* substantially in the form annexed as **Exhibit 3C** to the Disclosure Statement Order; and (ii) the applicable Holder shall not be entitled to vote to accept or reject the Plan on account of such Claim unless a Resolution Event (as defined herein) occurs as provided herein.

b.    If a Claim in a Voting Class is subject to an objection that is filed with the Court less than seven days prior to the Voting Deadline, the applicable Claim shall be deemed temporarily allowed for voting purposes only, without further action by the Holder of such Claim and without further order of the Court, unless the Court orders otherwise.

c.    A "<u>Resolution Event</u>" means the occurrence of one or more of the following events no later than two business days prior to the Voting Deadline:

i.    an order of the Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code;

ii.    an order of the Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a);

iii.    a stipulation or other agreement is executed between the Holder of such Claim and the Debtors resolving the objection and allowing such Claim in an agreed upon amount; or

iv.    the pending objection is voluntarily withdrawn by the objecting party.

d.    No later than one Business Day following the occurrence of a Resolution Event, the Debtors shall cause the Claims, Noticing, and Solicitation Agent to distribute via email,

hand delivery, or overnight courier service a Solicitation Package and a pre-addressed, postage pre-paid envelope to the relevant Holder.

(iv)    <u>Non-Voting Status Notices for Unimpaired Classes and Classes Deemed to Reject the Plan</u>.

Certain Holders of Claims and Interests that are not classified in accordance with section 1123(a)(1) of the Bankruptcy Code or who are not entitled to vote because they are Unimpaired or otherwise presumed to accept the Plan under section 1126(f) of the Bankruptcy Code will receive only the *Notice of Non-Voting Status to Holders of Unimpaired Claims Conclusively Presumed to Accept the Plan*, substantially in the form annexed as **Exhibit 3A** to the Disclosure Statement Order.  Such notice will instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots).  Certain Holders of Claims or Interests who are not entitled to vote because they are deemed to reject the Plan under section 1126(g) of the Bankruptcy Code will receive the *Notice of Non-Voting Status to Holders of Impaired Claims and Interests Deemed to Reject the Plan*, substantially in the form annexed as **Exhibit 3B** to the Disclosure Statement Order.  Such notice will instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots).  In addition, Holders of Claims or Interests in the classes deemed to reject the Plan will also receive the Disclosure Statement (together with the Plan attached as **Exhibit A** thereto).

(v)    <u>Notices in Respect of Executory Contracts and Unexpired Leases</u>.

Counterparties to Executory Contracts and Unexpired Leases that receive a *Notice of Rejection of Executory Contracts and Unexpired Leases* substantially in the form attached as **Exhibit 9** or a *Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* substantially in the form attached as **Exhibit 10** to the Disclosure Statement Order, may file an objection to the Debtors' proposed assumption, rejection, or cure amount, as applicable.  Such objections must be in writing and filed with the Clerk of the United States Bankruptcy Court for the Southern District of New York on or before **November 25, 2022, at 4:00 p.m.** and shall be served as set forth in the applicable notice of assumption or rejection.

4.    Voting and Tabulation Procedures.

(i)    <u>Holders of Claims Entitled to Vote</u>.

Only the following Holders of Claims in the Voting Classes shall be entitled to vote with regard to such Claims:

a.    Holders of Claims who, on or before the Voting Record Date, have timely filed a Proof of Claim (or an untimely Proof of Claim that has been Allowed as timely by the Court under applicable law on or before the Voting Record Date) that: (i) has not been expunged, disallowed, disqualified, withdrawn, or superseded prior to the Voting Record Date; and (ii) is not the subject of a pending objection filed with the Court at least seven (7) days prior to the Voting Deadline, pending a Resolution Event as provided herein; *provided* that a Holder of a Claim that is the subject of a pending objection on a "reduce and allow" basis shall receive a Solicitation Package and be entitled to vote such Claim in the reduced amount contained in such objection absent a further order of the Court;

b.    Holders of Claims that are listed in the Schedules, *provided* that Claims that are scheduled as contingent, unliquidated, or disputed (excluding such scheduled disputed, contingent, or unliquidated Claims that have been paid or superseded by a timely Filed Proof of Claim) shall be allowed to vote only in the amounts set forth in Section 4(ii) of these Solicitation and Voting Procedures;

c.    Holders whose Claims arise: (i) pursuant to an agreement or settlement with the Debtors, as reflected in a document filed with the Court; (ii) from an order entered by the Court; or (iii) from a document executed by the Debtors pursuant to authority granted by the Court, in each case regardless of whether a Proof of Claim has been filed or the Claim was scheduled as contingent, unliquidated, or disputed;

5

      d.      Holders of any Claim that has been temporarily allowed to vote on the Plan pursuant to Bankruptcy Rule 3018; and

      e.      with respect to any Entity described in subparagraphs (a) through (d) above, who, on or before the Voting Record Date, has transferred such Entity's Claim to another Entity, the assignee of such Claim; *provided* that such transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the Claims Register on the Voting Record Date.

(ii)    <u>Establishing Claim Amounts for Voting Purposes.</u>

**<u>Filed and Scheduled Claims.</u>** The Claim amounts established herein shall control for voting purposes only and shall not constitute the Allowed amount of any Claim. Moreover, any amounts filed in on Ballots by the Debtors through the Claims, Noticing, and Solicitation Agent, as applicable, are not binding for purposes of allowance and distribution. In tabulating votes, the amount of the Claim associated with each claimant's vote shall be determined as follows:

      a.      the Claim amount: (i) settled and/or agreed upon by the Debtors, as reflected in a document filed with the Court; (ii) set forth in an order of the Court; or (iii) set forth in a document executed by the Debtors pursuant to authority granted by the Court;

      b.      the Claim amount Allowed (temporarily or otherwise) pursuant to a Resolution Event;

      c.      the Claim amount contained in a Proof of Claim that has been timely filed (or deemed timely filed by the Court under applicable law), except for any amounts asserted on account of any interest accrued after the Petition Date; *provided*, *however*, that Ballots cast by Holders of Class 5A, Class 5B, and Class 5C Claims who timely file a Proof of Claim in respect of a contingent Class 5A, Class 5B, and/or Class 5C Claim or in a wholly-unliquidated or unknown amount that is not the subject of a pending objection, based on a reasonable review of the Proof of Claim and supporting documentation by the Debtors or their advisors, will count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and will count in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code, and, if such Proof of Claim is filed as partially liquidated and partially unliquidated, such Class 5A, Class 5B, and/or Class 5C Claim will be Allowed for voting purposes only in the liquidated amount; *provided*, *further*, *however*, that to the extent that any Claim amount contained in a Proof of Claim is different from the Claim amount set forth in a document filed with the Court referenced in subparagraph (a) above, the Claim amount in the document filed with the Court shall supersede the Claim amount set forth on the respective Proof of Claim;

      d.      the Claim amount listed in the Schedules (to the extent such Claim is not superseded by a timely Filed Proof of Claim), provided that such Claim is not scheduled as contingent, disputed, or unliquidated; if a Claim is listed in the Debtors' Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the applicable bar date for filing Proofs of Claim established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Record Date, such Claim shall be disallowed for voting purposes;

      e.      Holders of Proofs of Claim filed for $0.00 or zero (0) Cryptocurrency, as applicable, are not entitled to vote;

      f.      Claims that have been paid, scheduled to be paid in the ordinary course, or otherwise satisfied are disallowed for voting purposes;

g.        notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall, to the extent possible, be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims; and

h.        in the absence of any of the foregoing, such Claim shall be disallowed for voting purposes.

If a Proof of Claim is amended, the last filed Claim shall be subject to these rules and will supersede any earlier filed Claim, and any earlier filed Claim will be disallowed for voting purposes.

(iii)   <u>Voting and Ballot Tabulation Procedures</u>.

The following voting procedures and standard assumptions shall be used in tabulating Ballots, subject to the Debtors' right to waive any of the below specified requirements for completion and submission of Ballots, so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, or Local Rules:

a.        solely for tabulation purposes, each Claim asserted in currency other than U.S. dollars shall be automatically deemed converted to the equivalent U.S. dollar value using the conversion rate for the applicable currency at prevailing market prices as of 8:00 a.m. (prevailing Eastern Time) on the Voting Record Date. Such conversion shall be for voting tabulation purposes only and shall not be binding for any other purpose on the Debtors, including, without limitation, for purposes of allowance of, and distribution with respect to, Claims under the Plan;

b.        except as otherwise provided in the Solicitation and Voting Procedures, unless the Ballot being furnished is timely submitted and actually received by the Claims, Noticing, and Solicitation Agent on or prior to the Voting Deadline (as the same may be extended by the Debtors), the Debtors shall reject such Ballot as invalid and, therefore, shall not count it in connection with confirmation of the Plan;

c.        the Claims, Noticing, and Solicitation Agent will date-stamp all Ballots when received. The Claims, Noticing, and Solicitation Agent shall retain the original Ballots and an electronic copy of the same for a period of one year after the Effective Date of the Plan, unless otherwise ordered by the Court;

d.        the Claims, Noticing, and Solicitation Agent shall tabulate Ballots on a Debtor-by-Debtor basis;

e.        the Debtors will file the Voting Report by **December 2, 2022 at 4:00 p.m.** prevailing Eastern Time. The Voting Report shall, among other things, delineate every Ballot that does not conform to the voting instructions or that contains any form of irregularity (each an "<u>Irregular Ballot</u>"), including those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or other necessary information, or damaged. The Voting Report shall indicate the Debtors' decision with regard to such Irregular Ballots. ~~Neither the Debtors nor any other Person or Entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report nor will any of them incur any liability for failure to provide such notification;~~

f.        the method of delivery of Ballots to be sent to the Claims, Noticing, and Solicitation Agent is at the election and risk of each Holder, and except as otherwise provided, a Ballot will be deemed delivered only when the Claims, Noticing, and Solicitation Agent actually receives the executed Ballot;

g.    an executed Ballot is required to be submitted by the Entity submitting such Ballot. Delivery of a Ballot to the Claims, Noticing, and Solicitation Agent by facsimile, or any electronic means other than expressly provided in these Solicitation and Voting Procedures will not be valid;

h.    no Ballot should be sent to the Debtors, the Debtors' agents (other than the Claims, Noticing, and Solicitation Agent), or the Debtors' financial or legal advisors, and, if so sent, will not be counted;

i.    if multiple Ballots are received from the same Holder with respect to the same Claim or Interest prior to the Voting Deadline, the last properly executed Ballot timely received will be deemed to reflect that voter's intent and will supersede and revoke any prior received Ballot;

j.    Holders must vote all of their Claims within a particular Class either to accept or reject the Plan and may not split any votes. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted. Further, to the extent there are multiple Claims within the same Class, the applicable Debtor may, in its discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes;

k.    a person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity of a Holder of Claims must indicate such capacity when signing;

l.    the Debtors, subject to a contrary order of the Court, may waive any defects or irregularities as to any particular Irregular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report;

m.    unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted; *provided* that the Debtors shall notify any Holder who submitted a Ballot not in proper form of any such defects and their intent to reject such Ballot if the alleged defects are not remedied prior to the Voting Deadline after receipt of notice of such alleged defect;

n.    in the event a designation of lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim will be counted for purposes of determining whether the Plan has been accepted and/or rejected;

o.    subject to any order of the Court, the Debtors reserve the right to reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; *provided* that any such rejections will be documented in the Voting Report;

p.    if a Claim has been estimated or otherwise Allowed only for voting purposes by order of the Court, such Claim shall be temporarily Allowed in the amount so estimated or Allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

q.    if an objection to a Claim is filed, such Claim shall be treated in accordance with the procedures set forth herein;

r.    the following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of such Claim; (ii) any Ballot cast by any Entity that does not hold a Claim in a Voting Class; (iii) any Ballot cast for an OpCo General Unsecured Claim, HoldCo General Unsecured Claim, or TopCo General Unsecured Claim scheduled as

unliquidated, contingent, or disputed for which no Proof of Claim was timely filed by the Voting Record Date (unless the applicable bar date has not yet passed, in which case such Claim shall be entitled to vote in the amount of $1.00); (iv) any unsigned Ballot or Ballot lacking an original signature (for the avoidance of doubt, a Ballot submitted via the Claims, Noticing, and Solicitation Agent's online balloting portal shall be deemed an original signature); (v) any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan; (vi) any Ballot transmitted by facsimile, email, or other electronic means not specifically approved pursuant to the Disclosure Statement Order; (vii) any Ballot sent to any of the Debtors, the Debtors' agents or representatives, or the Debtors' advisors (other than the Claims, Noticing, and Solicitation Agent); and (viii) any Ballot submitted by any Entity not entitled to vote pursuant to the procedures described herein;

s.      after the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Debtors or further order of the Court;

t.      the Debtors are authorized to enter into stipulations with the Holder of any Claim agreeing to the amount of a Claim for voting purposes; and

u.      where any portion of a single Claim has been transferred to a transferee, all holders of any portion of such single Claim will be (a) treated as a single creditor for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code (and for the other solicitation and voting procedures set forth herein) and (b) required to vote every portion of such Claim collectively to accept or reject the Plan. In the event that (a) a Ballot, (b) a group of Ballots within a Voting Class received from a single creditor, or (c) a group of Ballots received from the various Holders of multiple portions of a single Claim or partially reject and partially accept the Plan, such Ballots shall not be counted.

5.      Amendments to the Plan and Solicitation and Voting Procedures.

The Debtors reserve the right to make non-substantive or immaterial changes to the Plan, Disclosure Statement, Disclosure Statement Hearing Notice, Confirmation Hearing Notice, Solicitation Packages, Non-Voting Status Notices, Ballots, Publication Notice, Cover Letter, ~~FTX US~~the Committee Letter ~~in Support of the Plan~~, these Solicitation and Voting Procedures, Plan Supplement Notice, Assumption and Assignment Notice, Rejection Notice, and any related documents without further order of the Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to the any materials in the Solicitation Packages before distribution.

*       *       *       *       *

9

**Exhibit 2**

**Disclosure Statement Hearing Notice**

**<u>Exhibit 3A</u>**

**Unimpaired Non-Voting Status Notice**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF**
**(I) NON-VOTING STATUS TO**
**HOLDERS OF UNIMPAIRED CLAIMS CONCLUSIVELY ~~PRESUMED~~**
**PRESUMED TO ACCEPT THE PLAN ~~AND~~, (II) OPPORTUNITY TO OPT IN TO THE ~~THIRD-PARTY RELEASES~~**
**THIRD-PARTY RELEASES, AND (III) OPPORTUNITY TO CONTRIBUTE THIRD-PARTY CLAIMS**

**PLEASE TAKE NOTICE THAT** on [ ], 2022, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. [ ]] (the "Disclosure Statement Order"): (a) authorizing Voyager Digital Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit acceptances for the *Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [ ]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *First Amended Disclosure Statement for the Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [ ]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]     Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim under the Plan, **you are not entitled to vote on the Plan**. Specifically, under the terms of the Plan, as a Holder of a Claim (as currently asserted against the Debtors) that is Unimpaired and conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, you are **not** entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **December 6, 2022 at 11:00 a.m.** prevailing Eastern Time, or such other time as the Court determines, before the Honorable Michael E. Wiles, in the United States Bankruptcy Court for the Southern District of New York, located at One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **November 25, 2022 at 4:00 p.m.** prevailing Eastern Time (the "Plan Objection Deadline"). Any objection to the Plan **must**: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **November 25, 2022 at 4:00 p.m.** prevailing Eastern Time:

| Debtors |
| --- |
| **Voyager Digital Holdings, Inc.**<br>33 Irving Place, Suite 3060<br>New York, NY 10003<br>Attention:  Stephen Ehrlich and David Brosgol |

| Counsel to the Debtors | Counsel to the Committee |
| --- | --- |
| **Kirkland & Ellis LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Attention:  Joshua A. Sussberg; Christopher Marcus;<br>Christine A. Okike; Allyson B. Smith | **McDermott Will & Emery LLP**<br>One Vanderbilt Avenue<br>New York, NY 10017-3852<br>Attention:  Darren Azman; Joseph B. Evans; Grayson<br>Williams; Gregg Steinman |

| United States Trustee |
| --- |
| **Office of the United States Trustee for the Southern District of New York**<br>U.S. Federal Office Building<br>201 Varick Street, Room 1006<br>New York, NY 10014<br>Attention:  Richard Morrissey; Mark Bruh |

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Stretto, Inc., the claims, noticing, and solicitation agent retained by the Debtors in these chapter 11 cases (the "Claims, Noticing, and Solicitation Agent"), by: (a) calling the Claims, Noticing, and Solicitation Agent at (855) 473-8665 (Toll Free) or +1 (949) 271-6507 (International); (b) e-mailing the Claims, Noticing, and Solicitation Agent at VoyagerInquiries@Stretto.com with a reference to "In re: Voyager - Solicitation Inquiry" in the subject line; or (c) writing to the Claims, Noticing, and Solicitation Agent at Voyager Inquiries, c/o Stretto 410 Exchange, Suite 100 Irvine, CA 92602. You may also obtain copies of any pleadings filed with the Court for free by visiting the Debtors' restructuring website, https://cases.stretto.com/Voyager/, or for a fee via PACER at: http://pacer.psc.uscourts.gov.

**OPTIONAL:  RELEASE OPT IN NOTICE**

You are receiving this opt in form (the "<u>Opt In Notice</u>") because you are a Holder of a Claim that is not entitled to vote on the Plan.  Article IV of the Plan contains contains certain information regarding contribution of Contributed Third-Party Claims.  Article VIII of the Plan contains certain release, injunction, and exculpation provisions, including the Third-Party Releases set forth below. You are advised to carefully review and consider the Plan, including the release, injunction, and exculpation provisions, as your rights may be affected.

**If you choose to opt into the Third-Party Release set forth in Article VIII.B of the Plan and/or to contribute your Contributed Third-Party Claim(s) to the Wind-Down Entity, you may submit your election to opt-in by submitting the electronic version of your Opt In Notice through the e-balloting portal (the "<u>E-Balloting Portal</u>"), which can be accessed via the Debtors' restructuring website, https://cases.stretto.com/Voyager/balloting, according to instructions provided below**

**THIS  OPT IN NOTICE MUST BE ACTUALLY RECEIVED BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT BY NOVEMBER 25, 2022, AT 4:00 P.M. PREVAILING EASTERN TIME (THE "<u>OPT IN DEADLINE</u>").**

<u>Item 1</u>.    **Amount of Claim.**

The undersigned hereby certifies that, as of October 19, 2022 (the "<u>Voting Record Date</u>"), the undersigned was the Holder of Claims in one or more of Classes 1 or 2 in the following aggregate amount of claims (insert amount in box below):

Class 1 $ _____

Class 2 $ _____

**Item 2.**              **Important information regarding the Third-Party Release.**

AS A HOLDER OF A CLAIM, YOU ARE A "RELEASING PARTY" UNDER THE PLAN IF YOU OPT IN TO THE RELEASES CONTAINED IN THE PLAN.  YOU MAY CHECK THE BOX BELOW TO ELECT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.B OF THE PLAN.  YOU WILL BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN <u>ONLY IF</u> (I) THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT IN TO THE RELEASES AND (II) YOU CHECK THE BOX BELOW AND SUBMIT THE OPT IN NOTICE BY THE OPT IN DEADLINE.

| |
|---|
| ☐    **By checking this box, you elect to opt <u>IN</u> to the Third-Party Releases.** |

**Article VIII.B of the Plan contains the following Third-Party Release:**

Except as expressly set forth in the Plan, effective on the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by each and all of the Releasing Parties, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, from any and all Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise, including any derivative claims asserted or assertable on behalf of any of the Debtors, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), their capital structure, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Alameda Loan Facility, the Debtors' ~~out-of-court~~ out of court restructuring efforts, intercompany transactions between or among a Debtor and another Debtor, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Definitive Documents or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Definitive Documents, the pursuit of consummation of the Plan, the administration and implementation of the Restructuring Transactions, or upon any other act or omission, transaction, agreement, event, or other occurrence related to the Debtors taking place on or before the Effective Date, provided that nothing in Article VIII.B of the Plan shall be construed to release the Released Parties from actual fraud, willful misconduct, or gross negligence as determined by a Final Order.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in Article VIII.B of the Plan, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that each release described in Article VIII.B of the Plan is:  (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good-faith settlement and compromise of such Causes of Action; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) a sound exercise of the Debtors' business judgment; and (7) except to the extent contemplated by Article IV.E and Article IV.F of the Plan, a bar to any of the Releasing Parties or the Debtors or Wind-Down Debtors or their respective Estates or Wind-Down Entity asserting any Cause of Action related thereto, of any kind, against any of the Released Parties or their property.

For the avoidance of doubt, any Contributed Third-Party Claims that Contributing Claimants elect on their ballots or opt-in forms to contribute to the Wind-Down Entity are subject to the release and exculpation provisions of the Plan to the extent they may be brought against Released Parties or Exculpated Parties.

Definitions Related to the Debtor Release and the Third-Party Release:

(1)     Under the Plan, "**_Released Party_**" means, collectively, in each case in its capacity as such: (a) the Debtors; (b) the Wind-Down Debtors; (c) the Committee, and each of the members thereof; (d) Purchaser and each of the Purchaser its Related Parties; (e) Alameda and each of its Related Parties; (f) each of the Released Professionals; and (g) each of the Released Voyager Employees (subject to the limitations contained in Article IV.E and Article IV.F of the Plan).

(2)     Under the Plan, "**_Releasing Party_**" means, collectively, in each case in its capacity as such: (a) the Debtors; (b) the Wind-Down Debtors; (c) the Committee, and each of the members thereof; (d) each of the Released Professionals; (e) each of the Released Voyager Employees; (f) each of the Purchaser Parties; (g) Alameda and each of its Related Parties to the extent Alameda is able to bind such Related Parties; (g) Purchaser and each of its Related Parties to the extent Purchaser is able to bind such Related Parties; (h) all Holders of Claims that vote to accept the Plan and affirmatively opt into the releases provided by the Plan; (i) all Holders of Claims that vote to reject the Plan and affirmatively opt into the releases provided by the Plan; and (j) all Holders of Claims or Interests that abstain from voting (or are otherwise not entitled to vote) on the Plan and affirmatively opt into the releases provided by the Plan.

**Item 3. Contributed Third-Party Claims.**

Aggregating and contributing your claims to the Wind-Down Entity may enable the pursuit and settlement of such litigation claims in a more efficient and effective manner. Accordingly, each Holder of a Claim may agree to contribute its Contributed Third-Party Claims to the Wind-Down Entity.

By electing such option on this Ballot, you agree that, subject to the occurrence of the Effective Date and the formation of the Wind-Down Entity, you will be deemed, without further action, (i) to have irrevocably contributed your Contributed Third-Party Claims to the Wind-Down Entity, and (ii) to have agreed to execute any documents reasonably requested by the Debtors or the Wind-Down Entity to memorialize and effectuate such contribution. For the avoidance of doubt, any Contributed Third-Party Claims that you elect to contribute to the Wind-Down Entity are subject to the release and exculpation provisions of the Plan to the extent they may be brought against Released Parties or Exculpated Parties.

**The Committee strongly encourages you to elect to contribute your Contributing Third-Party Claims to the Wind-Down Entity, which will allow the Wind-Down Entity to potentially seek greater recoveries for the benefit of Holders of Claims and Interests.**

> ☐     **By checking this box, you elect to to contribute your Contributed Third-Party Claims to the Wind-Down Entity.**

Definitions Related to Contributed Third-Party Claims:

Under the Plan, "**_Contributed Third-Party Claims_**" means all direct Causes of Action that any Contributing Claimant has against any Person (other than a Debtor) and that are related in any way to the Debtors, their predecessors, or respective affiliates, including: (a) all Causes of Action based on, arising out of, or related to the marketing, sale, and issuance of Cryptocurrency; (b) all Causes of Action based on, arising out of, or related to the alleged misrepresentation of any of the Debtors' financial information, business operations, or related internal controls; and (c) all Causes of Action based on, arising out of, or related to any alleged failure to disclose, or actual or attempted cover up or obfuscation of, any of the Debtors' conduct prior to the Petition Date; _provided_, _however_, that Contributed Third-Party Claims does not include any derivative claims of the Debtors; _provided further, however, that Contributed Third-Party Claims do not include (i) any direct Causes of Action that any Contributing Claimant has against Mark Cuban, Dallas Basketball Limited d/b/a Dallas Mavericks, the National Basketball Association, and any of their Related Parties and (ii) any direct Causes of Action that any Contributing Claimant, in its capacity as an equity holder of Voyager_

Digital Ltd., has that are asserted in the currently filed complaint, dated as of July 6, 2022, in the Ontario Superior Court of Justice by Francine De Sousa, against Voyager Digital Ltd., Stephen Ehrlich, Philip Eytan, Evan Psaropoulos, Lewis Bateman, Krisztian Toth, Jennifer Ackart, Glenn Stevens, and Brian Brooks.

**Item 4.    Certifications.**

By signing this Opt In Notice, the undersigned certifies:

(a)    that, as of the Record Date, either:  (i) the Entity is the Holder of the Claims set forth in Item 1; or (ii) the Entity is an authorized signatory for an Entity that is a Holder of the Claims or Interests set forth in Item 1;

(b)    that the Holder has received a copy of the *Notice of (I) Non-Voting Status to Holders of Unimpaired Claims Conclusively Presumed to Accept the Plan and, (II) Opportunity to Opt In to the Third-Party Releases, and (III) Opportunity to Contribute Third-Party Claims* and that this Opt In Notice is submitted pursuant to the terms and conditions set forth therein;

(c)    that the Entity has submitted the same respective election concerning the releases with respect to all Claims in a single Class set forth in Item 1; and

(d)    that no other Opt In Notice with respect to the amount(s) of Claims identified in Item 1 have been submitted or, if any other Opt In Notices have been submitted with respect to such Claims, then any such earlier Opt In Notices are hereby revoked.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| | |
| Name of Signatory: | |
| | (If other than Holder) |
| Title: | |
| | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| | |
| Email: | |
| | |
| Date Completed: | |

**IF YOU WISH TO MAKE THE OPT IN ELECTION AND/OR ELECT TO CONTRIBUTE YOUR THIRD-PARTY CLAIMS, PLEASE SUBMIT THE ELECTRONIC VERSION OF YOUR OPT IN NOTICE THROUGH THE E-BALLOTING PORTAL PER INSTRUCTIONS PROVIDED BELOW:**

To submit your Opt In Notice via the online voting portal, please visit https://cases.stretto.com/Voyager/balloting and follow the instructions to submit your Opt In Notice.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized Opt In Notice:**

**Unique Opt In Notice ID#:** _____

**PIN#:** _____

The Claims, Noticing, and Solicitation Agent's online voting platform is the sole manner in which Opt In Notices will be accepted via electronic or online transmission. Opt In Notices submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

Each Opt In Notice ID# is to be used solely in relation to those Claims described in Item 1 of your Opt In Notices. Please complete and submit an Opt In Notice for each Opt In Notice ID# you receive, as applicable.

*          *          *

Dated: _____, 2022
New York, New York

/s/ Draft
_____
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          jsussberg@kirkland.com
                cmarcus@kirkland.com
                christine.okike@kirkland.com
                allyson.smith@kirkland.com
*Counsel to the Debtors and Debtors in Possession*

**Exhibit 3B**

**Impaired Non-Voting Status Notice**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF (I) NON-VOTING STATUS TO HOLDERS**
**OF IMPAIRED CLAIMS OR INTERESTS CONCLUSIVELY PRESUMED**
**TO REJECT THE PLAN ~~AND~~, (II) OPPORTUNITY TO OPT IN TO THE THIRD-PARTY ~~RELEASES~~**
**RELEASES, AND (III) OPPORTUNITY TO CONTRIBUTE THIRD-PARTY CLAIMS**

**PLEASE TAKE NOTICE THAT** on [ ], 2022, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. [ ]] (the "Disclosure Statement Order"): (a) authorizing Voyager Digital Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit acceptances for the *Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [ ]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *First Amended Disclosure Statement for the Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [ ]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings given to them in the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim or Interest under the Plan, **you are not entitled to vote on the Plan**. Specifically, under the terms of the Plan, as a Holder of a Claim or Interest (as currently asserted against the Debtors) that may receive no distribution under the Plan, you are deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code and are not entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **December 6, 2022 at 11:00 a.m.** prevailing Eastern Time, or such other time as the Court determines, before the Honorable Michael E. Wiles, in the United States Bankruptcy Court for the Southern District of New York, located at One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **November 25, 2022 at 4:00 p.m.** prevailing Eastern Time (the "Plan Objection Deadline"). Any objection to the Plan **must**: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **November 25, 2022 at 4:00 p.m.** prevailing Eastern Time:

| Debtors |
|---|
| **Voyager Digital Holdings, Inc.**<br>33 Irving Place, Suite 3060<br>New York, NY 10003<br>Attention: Stephen Ehrlich and David Brosgol |

| Counsel to the Debtors | Counsel to the Committee |
|---|---|
| **Kirkland & Ellis LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Attention: Joshua A. Sussberg; Christopher Marcus;<br>Christine A. Okike; Allyson B. Smith | **McDermott Will & Emery LLP**<br>One Vanderbilt Avenue<br>New York, NY 10017-3852<br>Attention: Darren Azman; Joseph B. Evans; Grayson<br>Williams; Gregg Steinman |

| United States Trustee |
|---|
| **Office of the United States Trustee for the Southern District of New York**<br>U.S. Federal Office Building<br>201 Varick Street, Room 1006<br>New York, NY 10014<br>Attention: Richard Morrissey; Mark Bruh |

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Stretto, Inc., the claims, noticing, and solicitation agent retained by the Debtors in these chapter 11 cases (the "Claims, Noticing, and Solicitation Agent"), by: (a) calling the Claims, Noticing, and Solicitation Agent at (855) 473-8665 (Toll Free) or +1 (949) 271-6507 (International); (b) e-mailing the Claims, Noticing, and Solicitation Agent at VoyagerInquiries@Stretto.com with a reference to "In re: Voyager - Solicitation Inquiry" in the subject line; or (c) writing to the Claims, Noticing, and Solicitation Agent at Voyager Inquiries, c/o Stretto 410 Exchange, Suite 100 Irvine, CA 92602. You may also obtain copies of any pleadings filed with the Court for free by visiting the Debtors' restructuring website, https://cases.stretto.com/Voyager/, or for a fee via PACER at: http://pacer.psc.uscourts.gov.

**OPTIONAL:  RELEASE OPT IN NOTICE**

You are receiving this opt in form (the "Opt In Notice") because you are a Holder of a Claim or Interest that is not entitled to vote on the Plan.  Article IV of the Plan contains contains certain information regarding contribution of Contributed Third-Party Claims.  Article VIII of the Plan contains certain release, injunction, and exculpation provisions, including the Third-Party Releases set forth below.  You are advised to carefully review and consider the Plan, including the release, injunction, and exculpation provisions, as your rights may be affected.

**If you choose to opt into the Third-Party Release set forth in Article VIII.B of the Plan and/or to contribute your Contributed Third-Party Claim(s) to the Wind-Down Entity, you may submit your election to opt-in by submitting the electronic version of your Opt In Notice through the e-balloting portal (the "E-Balloting Portal"), which can be accessed via the Debtors' restructuring website, https://cases.stretto.com/Voyager/balloting, according to instructions provided below**

**THIS OPT IN NOTICE MUST BE ACTUALLY RECEIVED BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT BY NOVEMBER 25, 2022, AT 4:00 P.M. PREVAILING EASTERN TIME (THE "OPT IN DEADLINE").**

<u>Item 1</u>.    **Amount of Claim or Interest.**

The undersigned hereby certifies that, as of October 19, 2022 (the "Voting Record Date"), the undersigned was the Holder of Claims or Interests in one or more of Classes 6 or 9 in the following aggregate amount of claims or interests (insert amount in box below):

Class 6 $ _____

Class 9 Share Amount _____

__Item 2.__                    __Important information regarding the Third-Party Release.__

AS A HOLDER OF A CLAIM OR INTEREST, YOU ARE A "RELEASING PARTY" UNDER THE PLAN IF YOU OPT IN TO THE RELEASES CONTAINED IN THE PLAN.  YOU MAY CHECK THE BOX BELOW TO ELECT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.B OF THE PLAN.  YOU WILL BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN ONLY IF (I) THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT IN TO THE RELEASES AND (II) YOU CHECK THE BOX BELOW AND SUBMIT THE OPT IN NOTICE BY THE OPT IN DEADLINE.

---

☐     __By checking this box, you elect to opt IN to the Third-Party Releases.__

---

__Article VIII.B of the Plan contains the following Third-Party Release:__

__Except as expressly set forth in the Plan, effective on the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by each and all of the Releasing Parties, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, from any and all Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise, including any derivative claims asserted or assertable on behalf of any of the Debtors, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), their capital structure, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Alameda Loan Facility, the Debtors' ~~out-of-court~~ out of court restructuring efforts, intercompany transactions between or among a Debtor and another Debtor, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Definitive Documents or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Definitive Documents, the pursuit of consummation of the Plan, the administration and implementation of the Restructuring Transactions, or upon any other act or omission, transaction, agreement, event, or other occurrence related to the Debtors taking place on or before the Effective Date, provided that nothing in Article VIII.B of the Plan shall be construed to release the Released Parties from actual fraud, willful misconduct, or gross negligence as determined by a Final Order.__

__Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in Article VIII.B of the Plan, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that each release described in Article VIII.B of the Plan is:  (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good-faith settlement and compromise of such Causes of Action; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) a sound exercise of the Debtors' business judgment; and (7) except to the extent contemplated by Article IV.E and Article IV.F of the Plan, a bar to any of the Releasing Parties or the Debtors or Wind-Down Debtors or their respective Estates or Wind-Down Entity asserting any Cause of Action related thereto, of any kind, against any of the Released Parties or their property.__

__For the avoidance of doubt, any Contributed Third-Party Claims that Contributing Claimants elect on their ballots or opt-in forms to contribute to the Wind-Down Entity are subject to the release and exculpation provisions of the Plan to the extent they may be brought against Released Parties or Exculpated Parties.__

Definitions Related to the Debtor Release and the Third-Party Release:

(1)    Under the Plan, "**Released Party**" means, collectively, in each case in its capacity as such: (a) the Debtors; (b) the Wind-Down Debtors; (c) the Committee, and each of the members thereof; (d) Purchaser and each of the Purchaser~~its Related~~ Parties; (e) Alameda and each of its Related Parties; (f) each of the Released Professionals; and (g) each of the Released Voyager Employees (subject to the limitations contained in Article IV.E and Article IV.F of the Plan).

(2)    Under the Plan, "**Releasing Party**" means, collectively, in each case in its capacity as such: (a) the Debtors; (b) the Wind-Down Debtors; (c) the Committee, and each of the members thereof; (d) each of the Released Professionals; (e) each of the Released Voyager Employees; (f) ~~each of the Purchaser Parties; (g)~~ Alameda and each of its Related Parties to the extent Alameda is able to bind such Related Parties; (g) Purchaser and each of its Related Parties to the extent Purchaser is able to bind such Related Parties; (h) all Holders of Claims that vote to accept the Plan and affirmatively opt into the releases provided by the Plan; (i) all Holders of Claims that vote to reject the Plan and affirmatively opt into the releases provided by the Plan; and (j) all Holders of Claims or Interests that abstain from voting (or are otherwise not entitled to vote) on the Plan and affirmatively opt into the releases provided by the Plan.

**<u>Item 3</u>. Contributed Third-Party Claims.**

Aggregating and contributing your claims to the Wind-Down Entity may enable the pursuit and settlement of such litigation claims in a more efficient and effective manner. Accordingly, each Holder of a Claim or Interest may agree to contribute its Contributed Third-Party Claims to the Wind-Down Entity.

By electing such option on this Ballot, you agree that, subject to the occurrence of the Effective Date and the formation of the Wind-Down Entity, you will be deemed, without further action, (i) to have irrevocably contributed your Contributed Third-Party Claims to the Wind-Down Entity, and (ii) to have agreed to execute any documents reasonably requested by the Debtors or the Wind-Down Entity to memorialize and effectuate such contribution. For the avoidance of doubt, any Contributed Third-Party Claims that you elect to contribute to the Wind-Down Entity are subject to the release and exculpation provisions of the Plan to the extent they may be brought against Released Parties or Exculpated Parties.

**<u>The Committee strongly encourages you to elect to contribute your Contributing Third-Party Claims to the Wind-Down Entity, which will allow the Wind-Down Entity to potentially seek greater recoveries for the benefit of Holders of Claims and Interests.</u>**

---

☐    **By checking this box, you elect to to contribute your Contributed Third-Party Claims to the Wind-Down Entity.**

---

Definitions Related to Contributed Third-Party Claims:

Under the Plan, "**Contributed Third-Party Claims**" means all direct Causes of Action that any Contributing Claimant has against any Person (other than a Debtor) and that are related in any way to the Debtors, their predecessors, or respective affiliates, including: (a) all Causes of Action based on, arising out of, or related to the marketing, sale, and issuance of Cryptocurrency; (b) all Causes of Action based on, arising out of, or related to the alleged misrepresentation of any of the Debtors' financial information, business operations, or related internal controls; and (c) all Causes of Action based on, arising out of, or related to any alleged failure to disclose, or actual or attempted cover up or obfuscation, of any of the Debtors' conduct prior to the Petition Date; *provided*, *however*, that Contributed Third-Party Claims does not include any derivative claims of the Debtors<u>; *provided further, however,* that Contributed Third-Party Claims do not include (i) any direct Causes of Action that any Contributing Claimant has against Mark Cuban, Dallas Basketball Limited d/b/a Dallas Mavericks, the National Basketball Association, and any of their Related Parties and (ii) any direct Causes of Action that any Contributing Claimant, in its capacity as an equity holder of Voyager Digital Ltd., has that are asserted in the currently filed complaint, dated as of July 6, 2022, in the Ontario</u>

Superior Court of Justice by Francine De Sousa, against Voyager Digital Ltd., Stephen Ehrlich, Philip Eytan, Evan Psaropoulos, Lewis Bateman, Krisztian Toth, Jennifer Ackart, Glenn Stevens, and Brian Brooks.

**Item 4.    Certifications.**

By signing this Opt In Notice, the undersigned certifies:

(a)    that, as of the Record Date, either:  (i) the Entity is the Holder of the Claims or Interests set forth in Item 1; or (ii) the Entity is an authorized signatory for an Entity that is a Holder of the Claims or Interests set forth in Item 1;

(b)    that the Holder has received a copy of the *Notice of (I) Non-Voting Status to Holders of Impaired Claims or Interests Conclusively Deemed to Reject the Plan and, (II) Opportunity to Opt In to the Third-Party Releases, and (III) Opportunity to Contribute Third-Party Claims* and that this Opt In Notice is submitted pursuant to the terms and conditions set forth therein;

(c)    that the Entity has submitted the same respective election concerning the releases with respect to all Claims or Interests in a single Class set forth in Item 1; and

(d)    that no other Opt In Notice with respect to the amount(s) of Claims or Interests identified in Item 1 have been submitted or, if any other Opt In Notices have been submitted with respect to such Claims and Interests, then any such earlier Opt In Notices are hereby revoked.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than Holder) |
| Title: | |
| Address: | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

**IF YOU WISH TO MAKE THE OPT IN ELECTION AND/OR ELECT TO CONTRIBUTE YOUR THIRD-PARTY CLAIMS, PLEASE SUBMIT THE ELECTRONIC VERSION OF YOUR OPT IN NOTICE THROUGH THE E-BALLOTING PORTAL PER INSTRUCTIONS PROVIDED BELOW:**

To submit your Opt In Notice via the online voting portal, please visit https://cases.stretto.com/Voyager/balloting and follow the instructions to submit your Opt In Notice.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized Opt In Notice:**

**Unique Opt In Notice ID#:** _____

**PIN#:** _____

The Claims, Noticing, and Solicitation Agent's online voting platform is the sole manner in which Opt In Notices will be accepted via electronic or online transmission. Opt In Notices submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

Each Opt In Notice ID# is to be used solely in relation to those Claims or Interests described in Item 1 of your Opt In Notices. Please complete and submit an Opt In Notice for each Opt In Notice ID# you receive, as applicable.

<div style="text-align:center">*        *        *</div>

Dated: _____, 2022
New York, New York

*/s/ Draft*_____

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:        (212) 446-4800
Facsimile:        (212) 446-4900
Email:            jsussberg@kirkland.com
                  cmarcus@kirkland.com
                  christine.okike@kirkland.com
                  allyson.smith@kirkland.com
*Counsel to the Debtors and Debtors in Possession*

**Exhibit 3C**

**Notice to Disputed Claim Holders**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### NOTICE OF NON-VOTING STATUS WITH RESPECT TO DISPUTED CLAIMS

**PLEASE TAKE NOTICE THAT** on [  ], 2022, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. [  ]] (the "Disclosure Statement Order"): (a) authorizing Voyager Digital Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit acceptances for the *Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [  ]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *First Amended Disclosure Statement for the Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [  ]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Stretto, Inc., the claims, noticing, and solicitation agent retained by the Debtors in these chapter 11 cases (the "Claims, Noticing, and Solicitation Agent"),

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]     Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan.

by: (a) calling the Claims, Noticing, and Solicitation Agent at (855) 473-8665 (Toll Free) or +1 (949) 271-6507 (International); (b) e-mailing the Claims, Noticing, and Solicitation Agent at VoyagerInquiries@Stretto.com with a reference to "In re: Voyager - Solicitation Inquiry" in the subject line; or (c) writing to the Claims, Noticing, and Solicitation Agent at Voyager Inquiries, c/o Stretto 410 Exchange, Suite 100 Irvine, CA 92602. You may also obtain copies of any pleadings filed with the Court for free by visiting the Debtors' restructuring website, https://cases.stretto.com/Voyager/, or for a fee via PACER at: http://pacer.psc.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because you are the Holder of a Claim that is subject to a pending objection by the Debtors. **You are not entitled to vote any disputed portion of your Claim on the Plan unless one or more of the following events have taken place before a date that is three business days before the Voting Deadline** (each, a "Resolution Event"):

1.  an order of the Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

2.  an order of the Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

3.  a stipulation or other agreement is executed between the Holder of such Claim and the Debtors temporarily allowing the Holder of such Claim to vote its Claim in an agreed upon amount; or

4.  the pending objection to such Claim is voluntarily withdrawn by the objecting party.

Accordingly, this notice and the *Notice of Entry of Order (I) Approving the Adequacy of the Disclosure Statement, (II) Approving the Solicitation and Notice Procedures, (III) Approving the Form of Ballots and Notices in Connection Therewith, and (IV) Scheduling Certain Dates with Respect Thereto, and (V) Granting Related Relief* are being sent to you for informational purposes only.

**PLEASE TAKE FURTHER NOTICE THAT** if a Resolution Event occurs, then no later than one Business Day thereafter, the Claims, Noticing, and Solicitation Agent shall distribute a Ballot, and a pre-addressed, postage pre-paid envelope to you, which must be returned to the Claims, Noticing, and Solicitation Agent no later than the Voting Deadline, which is on **November 25, 2022 at 4:00 p.m.** prevailing Eastern Time.

**PLEASE TAKE FURTHER NOTICE THAT** if you have any questions about the status of any of your Claims, you should contact the Claims, Noticing, and Solicitation Agent in accordance with the instructions provided above.

---

**ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE VIII.B CONTAINS A THIRD-PARTY RELEASE. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE CLAIMS, NOTICING, AND SOLICITATION AGENT.**

---

Dated: _____, 2022
New York, New York

/s/ Draft
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          jsussberg@kirkland.com
                cmarcus@kirkland.com
                christine.okike@kirkland.com
                allyson.smith@kirkland.com
*Counsel to the Debtors and Debtors in Possession*

**Exhibit 4A**

**Class 3 Ballots (Account Holder Claims)**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

<div align="center">

**BALLOT FOR VOTING TO ACCEPT OR REJECT**
**THE SECOND AMENDED JOINT PLAN OF VOYAGER DIGITAL HOLDINGS, INC.**
**AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 3 HOLDERS OF ACCOUNT HOLDER CLAIMS**

</div>

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT BY NOVEMBER 25, 2022, AT 4:00 P.M., PREVAILING EASTERN TIME (THE "VOTING DEADLINE").**

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), to accept or reject the *Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time, the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

"Plan"),[2] attached as Exhibit A to the *First Amended Disclosure Statement for the Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented from time to time and including all exhibits or supplements thereto, the "Disclosure Statement") from Holders of Account Holder Claims, Alameda Loan Facility Claims, OpCo General Unsecured Claims, HoldCo General Unsecured Claims, and TopCo General Unsecured Claims (each, a "Voting Class" and collectively, the "Voting Classes").

Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein.  A Voting Class will accept the Plan if Holders of at least two-thirds in amount and more than one-half in number of Claims in that Voting Class votes to accept the Plan.  The Court may confirm the Plan, which contemplates effectuating the Restructuring Transactions, if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding on all Holders of Allowed Claims in the Voting Classes, among others.

You are receiving this ballot (this "Ballot") because you are the Holder of a Class 3 Account Holder Claim in the Plan as of **October 19, 2022** (the "Voting Record Date").  **For additional discussion of the treatment of Class 3 Claims under the Plan and the rights of Holders of Class 3 Claims under the Plan, please read the Disclosure Statement.**

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Ballot.  If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them from:  (a) Stretto, Inc. (the "Claims, Noticing, and Solicitation Agent"), at no charge by:  (i) accessing the Debtors' restructuring website at https://cases.stretto.com/Voyager/; (ii) writing to the Claims, Noticing, and Solicitation Agent at Voyager Inquiries, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602; (iii) calling (855) 473-8665 (Toll Free) or +1 (949) 271-6507 (International); or (iv) emailing VoyagerInquiries@stretto.com and referencing "In re Voyager - Solicitation Inquiry" in the subject line; or (b) for a fee via PACER at http://pacer.psc.uscourts.gov.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan.  If you believe you have received this Ballot in error, please contact the Claims, Noticing, and Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

The Court may confirm the Plan and thereby bind all Holders of Claims and Interests.  To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Claims, Noticing, and Solicitation Agent *actually receives* it on or before the Voting Deadline.

As further described in the Committee Letter, the Committee recommends that you vote to accept the Plan and contribute your third-party claims.

**THE VOTING DEADLINE IS ON NOVEMBER 25, 2022, AT 4:00 P.M., PREVAILING EASTERN TIME.**

---

[2]    Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan.

<u>Item 1</u>.    **Amount of Class 3 Claims.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of Class 3 Account Holder Claims in the following aggregate principal amount (*please list the number of each type of Cryptocurrency held in your account as of July 5, 2022*):

| Cyrptocurrency | Number of Units Held by Account Holder | Cyrptocurrency | Number of Units Held by Account Holder |
|---|---|---|---|
| 1. AAVE (AAVE) | | 54. ChainLink (LINK) | |
| 2. Cardano (ADA) | | 55. Locked Luna (LLUNA) | |
| 3. Algorand (ALGO) | | 56. Livepeer (LPT) | |
| 4. MyNeighborAlice (ALICE) | | 57. Loopring (LRC) | |
| 5. Amp (AMP) | | 58. Litecoin (LTC) | |
| 6. Ankr Protocol (ANKR) | | 59. Terra Luna (LUNA) | |
| 7. ApeCoin (APE) | | 60. Luna Classic (LUNC) | |
| 8. Cosmos (ATOM) | | 61. Decentraland (MANA) | |
| 9. Audius (AUDIO) | | 62. Polygon (MATIC) | |
| 10. Avalanche (AVAX) | | 63. Maker (MKR) | |
| 11. Axie Infinity (AXS) | | 64. Neo (NEO) | |
| 12. Band Protocol (BAND) | | 65. Ocean Protocol (OCEAN) | |
| 13. Basic Attention Token (BAT) | | 66. OMG Network (OMG) | |
| 14. Bitcoin Cash (BCH) | | 67. Ontology (ONT) | |
| 15. Biconomy (BICO) | | 68. Optimism (OP) | |
| 16. Bancor (BNT) | | 69. Orchid (OXT) | |
| 17. Bitcoin (BTC) | | 70. Perpetual Protocol (PERP) | |
| 18. BitTorrent (BTT) | | 71. Polymath (POLY) | |
| 19. Pancake Swap (CAKE) | | 72. Quant (QNT) | |
| 20. Celo (CELO) | | 73. Qtum (QTUM) | |
| 21. Chiliz (CHZ) | | 74. Raydium (RAY) | |
| 22. Nervos Network (CKB) | | 75. Ren (REN) | |
| 23. Compound (COMP) | | 76. Oasis Network (ROSE) | |
| 24. Curve Dao Token (CRV) | | 77. Sandbox (SAND) | |
| 25. Dai (DAI) | | 78. Shiba Inu (SHIB) | |
| 26. Dash (DASH) | | 79. Skale (SKL) | |
| 27. DigiByte (DGB) | | 80. Solana (SOL) | |
| 28. Dogecoin (DOGE) | | 81. Spell Token (SPELL) | |
| 29. Polkadot (DOT) | | 82. Serum (SRM) | |
| 30. dYdX (DYDX) | | 83. StormX (STMX) | |
| 31. Elrond (EGLD) | | 84. SushiSwap (SUSHI) | |
| 32. Enjin (ENJ) | | 85. OriginTrail (TRAC) | |
| 33. Ethereum Name Service (ENS) | | 86. TRON (TRX) | |
| 34. Eos (EOS) | | 87. TrueUSD (TUSD) | |
| 35. Ethereum Classic (ETC) | | 88. UMA (UMA) | |
| 36. Harvest Finance (FARM) | | 89. Uniswap (UNI) | |
| 37. Fetch.ai (FET) | | 90. USD Coin (USDC) | |
| 38. Filecoin (FIL) | | 91. Tether (USDT) | |
| 39. Flow (FLOW) | | 92. VeChain (VET) | |
| 40. Fantom (FTM) | | 93. Voyager Token (VGX) | |
| 41. Gala (GALA) | | 94. Waves (WAVES) | |
| 42. Golem (GLM) | | 95. Wrapped Bitcoin (WBTC) | |
| 43. The Graph (GRT) | | 96. Stellar Lumens (XLM) | |
| 44. Hedera Hashgraph (HBAR) | | 97. Monero (XMR) | |
| 45. Internet Computer (ICP) | | 98. Ripple (XRP) | |
| 46. ICON (ICX) | | 99. Tezos (XTZ) | |

| 47. IOTA (IOT) | | 100. Verge (XVG) | |
| 48. JASMYCoin (JASMY) | | 101. yearn.finance (YFI) | |
| 49. Kava (KAVA) | | 102. DFI.Money (YFII) | |
| 50. Keep Network (KEEP) | | 103. Yield Guild Games (YGG) | |
| 51. Kyber Network (KNC) | | 104. Zcash (ZEC) | |
| 52. Kusama (KSM) | | 105. Horizen (ZEN) | |
| 53. ChainLink (LINK) | | 106. 0x (ZRX) | |

**Item 2.    Recovery.**

Pursuant to Article III.B.3 of the Plan, each Holder of an Allowed Account Holder Claim will receive in full and final satisfaction, compromise, settlement, release, and discharge of such Allowed Account Holder Claim (i) its Pro Rata share of Transferred Cryptocurrency Value, in Cryptocurrency or Cash as provided in the Customer Migration Protocol; (ii) the right to become a Transferred Creditor as provided in the Customer Migration Protocol; (iii) its Pro Rata share of Distributable Cash; and (iv) to effectuate distributions from the Wind-Down Entity, its Pro Rata share of the Wind-Down Trust Units (if applicable) on account of any recovery of Wind-Down Trust Assets attributable to OpCo; *provided* that any distributions on account of Wind-Down Trust Units shall only be made following payment in full of Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Secured Tax Claims, and Allowed Other Priority Claims.

**Item 3.    Vote on Plan.**

The Holder of the Class 3 Account Holder Claims against the Debtors set forth in Item 1 votes to (please check <u>one</u>):

| | |
|---|---|
| ☐ **ACCEPT** (vote FOR) the Plan | ☐ **REJECT** (vote AGAINST) the Plan |

**<u>Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and Item 3 above.</u>**

**Item 4.    Third-Party Release.**

AS A HOLDER OF A CLASS 3 CLAIM, YOU ARE A "RELEASING PARTY" UNDER THE PLAN IF YOU OPT IN TO THE RELEASES CONTAINED IN THE PLAN.  YOU MAY CHECK THE BOX BELOW TO ELECT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.B OF THE PLAN.  YOU WILL BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN <u>ONLY IF</u> (I) THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT IN TO THE RELEASES AND (II) YOU CHECK THE BOX BELOW AND SUBMIT THE OPT IN NOTICE BY THE OPT IN DEADLINE.  <u>YOUR RECOVERY UNDER THE PLAN REMAINS UNAFFECTED WHETHER OR NOT YOU ELECT TO OPT IN TO THE THIRD-PARTY RELEASE.</u>

| | |
|---|---|
| ☐ | **By checking this box, you elect to opt <u>IN</u> to the Third-Party Releases.** |

**Article VIII.B of the Plan contains the following Third-Party Release:**

**Except as expressly set forth in the Plan, effective on the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by each and all of the Releasing Parties, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, from any and all Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise, including any derivative claims asserted or assertable on behalf of any of the Debtors, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity), based on or relating to, or in any manner**

4

arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), their capital structure, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Alameda Loan Facility, the Debtors' ~~out-of-court~~ out of court restructuring efforts, intercompany transactions between or among a Debtor and another Debtor, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Definitive Documents or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Definitive Documents, the pursuit of consummation of the Plan, the administration and implementation of the Restructuring Transactions, or upon any other act or omission, transaction, agreement, event, or other occurrence related to the Debtors taking place on or before the Effective Date, provided that nothing in Article VIII.B of the Plan shall be construed to release the Released Parties from actual fraud, willful misconduct, or gross negligence as determined by a Final Order.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in Article VIII.B of the Plan, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that each release described in Article VIII.B of the Plan is: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good-faith settlement and compromise of such Causes of Action; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) a sound exercise of the Debtors' business judgment; and (7) except to the extent contemplated by Article IV.E and Article IV.F of the Plan, a bar to any of the Releasing Parties or the Debtors or Wind-Down Debtors or their respective Estates or Wind-Down Entity asserting any Cause of Action related thereto, of any kind, against any of the Released Parties or their property.

For the avoidance of doubt, any Contributed Third-Party Claims that Contributing Claimants elect on their ballots or opt-in forms to contribute to the Wind-Down Entity are subject to the release and exculpation provisions of the Plan to the extent they may be brought against Released Parties or Exculpated Parties.

Definitions Related to the Debtor Release and the Third-Party Release:

(1)     Under the Plan, "***Released Party***" means, collectively, in each case in its capacity as such: (a) the Debtors; (b) the Wind-Down Debtors; (c) the Committee, and each of the members thereof; (d) Purchaser and each of ~~the Purchaser~~its Related Parties; (e) Alameda and each of its Related Parties; (f) each of the Released Professionals; ~~and~~ (g) each of the Released Voyager Employees (subject to the limitations contained in Article IV.E and Article IV.F of the Plan).

(2)     Under the Plan, "***Releasing Party***" means, collectively, in each case in its capacity as such: (a) the Debtors; (b) the Wind-Down Debtors; (c) the Committee, and each of the members thereof; (d) each of the Released Professionals; (e) each of the Released Voyager Employees; (f) ~~each of the Purchaser Parties; (g)~~ Alameda and each of its Related Parties to the extent Alameda is able to bind such Related Parties; (g) Purchaser and each of its Related Parties to the extent Purchaser is able to bind such Related Parties; (h) all Holders of Claims that vote to accept the Plan and affirmatively opt into the releases provided by the Plan; (i) all Holders of Claims that vote to reject the Plan and affirmatively opt into the releases provided by the Plan; and (j) all Holders of Claims or Interests that abstain from voting (or are otherwise not entitled to vote) on the Plan and affirmatively opt into the releases provided by the Plan.

**Item 5.  Contributed Third-Party Claims.**

Aggregating and contributing your claims to the Wind-Down Entity may enable the pursuit and settlement of such litigation claims in a more efficient and effective manner.  Accordingly, each Holder of a Claim in Class 3 may agree to contribute its Contributed Third-Party Claims to the Wind-Down Entity.

By electing such option on this Ballot, you agree that, subject to the occurrence of the Effective Date and the formation of the Wind-Down Entity, you will be deemed, without further action, (i) to have irrevocably contributed your Contributed Third-Party Claims to the Wind-Down Entity, and (ii) to have agreed to execute any documents reasonably requested by the Debtors or the Wind-Down Entity to memorialize and effectuate such contribution.  For the avoidance of doubt, any Contributed Third-Party Claims that you elect to contribute to the Wind-Down Entity are subject to the release and exculpation provisions of the Plan to the extent they may be brought against Released Parties or Exculpated Parties.

**The Committee strongly encourages you to elect to contribute your Contributing Third-Party Claims to the Wind-Down Entity, which will allow the Wind-Down Entity to potentially seek greater recoveries for the benefit of Holders of Claims and Interests.**

☐     **By checking this box, you elect to to contribute your Contributed Third-Party Claims to the Wind-Down Entity.**

Definitions Related to Contributed Third-Party Claims:

Under the Plan, "*Contributed Third-Party Claims*" means all direct Causes of Action that any Contributing Claimant has against any Person (other than a Debtor) and that are related in any way to the Debtors, their predecessors, or respective affiliates, including: (a) all Causes of Action based on, arising out of, or related to the marketing, sale, and issuance of Cryptocurrency; (b) all Causes of Action based on, arising out of, or related to the alleged misrepresentation of any of the Debtors' financial information, business operations, or related internal controls; and (c) all Causes of Action based on, arising out of, or related to any alleged failure to disclose, or actual or attempted cover up or obfuscation of, any of the Debtors' conduct prior to the Petition Date; *provided*, *however*, that Contributed Third-Party Claims does not include any derivative claims of the Debtors; *provided further, however,* that Contributed Third-Party Claims do not include (i) any direct Causes of Action that any Contributing Claimant has against Mark Cuban, Dallas Basketball Limited d/b/a Dallas Mavericks, the National Basketball Association, and any of their Related Parties and (ii) any direct Causes of Action that any Contributing Claimant, in its capacity as an equity holder of Voyager Digital Ltd., has that are asserted in the currently filed complaint, dated as of July 6, 2022, in the Ontario Superior Court of Justice by Francine De Sousa, against Voyager Digital Ltd., Stephen Ehrlich, Philip Eytan, Evan Psaropoulos, Lewis Bateman, Krisztian Toth, Jennifer Ackart, Glenn Stevens, and Brian Brooks.

**Item 6.  Certifications.**

1.   The undersigned is (a) the Holder of the Account Holder Claims (Class 3) being voted or (b) the authorized signatory for an entity that is a Holder of such Account Holder Claims;

2.   the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein;

3.   the undersigned has cast the same vote with respect to all of its Account Holder Claims (Class 3) in connection with the Plan; and

4.   (a) no other Ballot with respect to the same Account Holder Claims (Class 3) identified in Item 1 has been cast or (b) if any other Ballot has been cast with respect to such Account Holder Claims, then any such earlier Ballots are hereby revoked and deemed to be null and void.

<u>Item 7</u>.  **Ballot Completion Information.**

| | |
|---|---|
| Name of Holder: | |
| | |
| Signature: | |
| Signatory Name (if other than the Holder): | |
| Title: | |
| Address: | |
| Email Address: | |
| Telephone Number: | |
| Date Completed: | |

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.  This Ballot shall not constitute or be deemed a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT IN ACCORDANCE WITH INSTRUCTIONS CONTAINED HEREIN.  THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS ACTUALLY RECEIVED BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT PRIOR TO THE VOTING DEADLINE VIA THE ONLINE VOTING PORTAL AT HTTPS://CASES.STRETTO.COM/VOYAGER/BALLOTING.**

---

**THE VOTING DEADLINE IS NOVEMBER 25, 2022, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS CLASS 3 BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

| Class 3 — Account Holder Claims |
|---|

### INSTRUCTIONS FOR COMPLETING THIS BALLOT

1. The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meanings set forth in the Plan, a copy of which also accompanies the Ballot. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. The Plan can be confirmed by the Court and thereby made binding upon the Holders if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of Impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3. This Ballot contains voting options with respect to the Plan.

4. To vote, you <u>MUST</u>: (a) fully complete this Ballot; (b) clearly indicate your decision to accept or reject the Plan in Item 3 of this Ballot; and (c) sign, date, and return this Ballot via the Claims, Noticing, and Solicitation Agent's online voting portal as described more fully below.

   To submit your Ballot via the online voting portal, please visit https://cases.stretto.com/Voyager/balloting and follow the instructions to submit your Ballot.

   **IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:**

   **Unique E-Ballot ID#:** _____

   **PIN#:** _____

   The Claims, Noticing, and Solicitation Agent's online voting platform is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

   Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your Ballot. Please complete and submit a Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the Claims, Noticing, and Solicitation Agent's online voting portal should <u>NOT</u> also submit a hard copy Ballot.

5. Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned will <u>NOT</u> be counted unless the Debtors otherwise determine.

6. To vote, you <u>MUST</u> deliver your completed Ballot so that it is **ACTUALLY RECEIVED** by the Claims, Noticing, and Solicitation Agent on or before the Voting Deadline by one of the methods described above. The Voting Deadline is **November 25, 2022, at 4:00 p.m.** prevailing Eastern Time.

7. Any Ballot received by the Claims, Noticing, and Solicitation Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine. No Ballot may be withdrawn or modified after the Voting Deadline without the Debtors' prior consent.

8. Delivery of a Ballot reflecting your vote to the Claims, Noticing, and Solicitation Agent will be deemed to have occurred only when the Claims, Noticing, and Solicitation Agent actually receives the originally executed Ballot (for the avoidance of doubt, a Ballot submitted via the Claims, Noticing, and Solicitation Agent online voting

8

portal shall be deemed to contain an original signature).  In all cases, you should allow sufficient time to assure timely delivery.

9.   If you deliver multiple Ballots to the Claims, Noticing, and Solicitation Agent, <u>ONLY</u> the last properly executed Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s).

10.  You must vote all of your Class 3 Account Holder Claims either to accept or reject the Plan, and may not split your vote.  Further, if a Holder has multiple Claims within Class 3, the Debtors may direct the Claims, Noticing, and Solicitation Agent to aggregate the Claims of any particular Holder within Class 3 for the purpose of counting votes.

11.  This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim or an Interest, in the Debtors' Chapter 11 Cases.

12.  You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

13.  <u>SIGN AND DATE</u> your Ballot.[3]  Please provide your name and mailing address in the space provided on this Ballot if it is different from that set forth on the Ballot or if no address is presented on the Ballot.

14.  If your Claim is held in multiple accounts, you may receive more than one Ballot coded for each such account for which your Claims are held.  Each Ballot votes only your Claims indicated on that Ballot.  Accordingly, complete and return each Ballot you receive.

<div align="center">

**PLEASE RETURN YOUR BALLOT PROMPTLY**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS CLASS 3 BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE CLAIMS, NOTICING, AND SOLICITATION AGENT AT: (855) 473-8665 (TOLL-FREE) OR +1 (949) 271-6507 (INTERNATIONAL) OR EMAIL VOYAGERINQUIRIES@STRETTO.COM AND REFERENCE "IN RE VOYAGER - SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

</div>

---

<div align="center">

**THE VOTING DEADLINE IS NOVEMBER 25, 2022, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS CLASS 3 BALLOT ON OR BEFORE THE VOTING DEADLINE.**

</div>

---

[3]   If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims, Noticing, and Solicitation Agent, the Debtors, the Debtors' counsel, or the Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

**Exhibit 4B**

**Class 4 Ballot (Alameda Loan Facility Claims)**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**BALLOT FOR VOTING TO ACCEPT OR REJECT**
**THE SECOND AMENDED JOINT PLAN OF VOYAGER DIGITAL HOLDINGS, INC.**
**AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 4 HOLDERS OF ALAMEDA LOAN FACILITY CLAIMS**

> **PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS**
> **CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**
>
> **THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY***
> ***RECEIVED* BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT BY NOVEMBER 25, 2022, AT 4:00**
> **P.M., PREVAILING EASTERN TIME (THE "VOTING DEADLINE").**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), to accept or reject the *Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time, the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

1

"Plan"),[2] attached as Exhibit A to the *First Amended Disclosure Statement for the Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented from time to time and including all exhibits or supplements thereto, the "Disclosure Statement") from Holders of Account Holder Claims, Alameda Loan Facility Claims, OpCo General Unsecured Claims, HoldCo General Unsecured Claims, and TopCo General Unsecured Claims (each, a "Voting Class" and collectively, the "Voting Classes").

Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein. A Voting Class will accept the Plan if Holders of at least two-thirds in amount and more than one-half in number of Claims in that Voting Class votes to accept the Plan. The Court may confirm the Plan, which contemplates effectuating the Restructuring Transactions, if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding on all Holders of Allowed Claims in the Voting Classes, among others.

You are receiving this ballot (this "Ballot") because you are the Holder of Class 4 Alameda Loan Facility Claims as of **October 19, 2022** (the "Voting Record Date"). **For additional discussion of the treatment of Class 4 Claims under the Plan and the rights of Holders of Class 4 Claims under the Plan, please read the Disclosure Statement.**

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Ballot. If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them from: (a) Stretto, Inc. (the "Claims, Noticing, and Solicitation Agent"), at no charge by: (i) accessing the Debtors' restructuring website at https://cases.stretto.com/Voyager/; (ii) writing to the Claims, Noticing, and Solicitation Agent at Voyager Inquiries, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602; (iii) calling (855) 473-8665 (Toll Free) or +1 (949) 271-6507 (International); or (iv) emailing VoyagerInquiries@stretto.com and referencing "In re Voyager - Solicitation Inquiry" in the subject line; or (b) for a fee via PACER at http://pacer.psc.uscourts.gov.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, please contact the Claims, Noticing, and Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

The Court may confirm the Plan and thereby bind all Holders of Claims and Interests. To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Claims, Noticing, and Solicitation Agent *actually receives* it on or before the Voting Deadline.

As further described in the Committee Letter, the Committee recommends that you vote to accept the Plan and contribute your third-party claims.

**THE VOTING DEADLINE IS ON NOVEMBER 25, 2022, AT 4:00 P.M., PREVAILING EASTERN TIME.**

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meaning given to them in the Plan.

**Item 1.**    **Amount of Class 4 Claims.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of Class 4 Alameda Loan Facility Loan Claims in the following aggregate principal amount (*please fill in the amount if not otherwise completed*):

Amount of Claims:  $_____

**Item 2.**    **Recovery.**

Pursuant to the Asset Purchase Agreement, on the Effective Date, the Alameda Loan Facility Claims shall be deemed Allowed, and all rights, titles, and interests in the Alameda Loan Facility Claims shall be conveyed to OpCo, and OpCo shall be entitled to any recovery on account of the Alameda Loan Facility Claims.  The treatment of Class 4 Alameda Loan Facility Claims is contractually settled pursuant to the Asset Purchase Agreement.

**Item 3.**    **Vote on Plan.**

The Holder of the Class 4 Alameda Loan Facility Claims against the Debtors set forth in Item 1 votes to (please check one):

**ACCEPT** (vote FOR) the Plan          **REJECT** (vote AGAINST) the Plan

**Item 4.**    **Third-Party Release.**

AS A HOLDER OF A CLASS 4 CLAIM, YOU ARE A "RELEASING PARTY" UNDER THE PLAN IF YOU OPT IN TO THE RELEASES CONTAINED IN THE PLAN.  YOU MAY CHECK THE BOX BELOW TO ELECT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.B OF THE PLAN.  YOU WILL BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN ONLY IF (I) THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT IN TO THE RELEASES AND (II) YOU CHECK THE BOX BELOW AND SUBMIT THE OPT IN NOTICE BY THE OPT IN DEADLINE.  YOU WILL BE A "RELEASED PARTY" UNDER THE PLAN ONLY TO THE EXTENT THAT YOU OPT IN TO THE RELEASES AND ARE A "RELEASING PARTY" UNDER THE PLAN.  YOUR RECOVERY UNDER THE PLAN REMAINS UNAFFECTED WHETHER OR NOT YOU ELECT TO OPT IN TO THE THIRD-PARTY RELEASE.

By checking this box, you elect to opt **IN** to the Third-Party Releases.

**Article VIII.B of the Plan contains the following Third-Party Release:**

Except as expressly set forth in the Plan, effective on the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by each and all of the Releasing Parties, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, from any and all Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise, including any derivative claims asserted or assertable on behalf of any of the Debtors, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), their capital structure, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, business or contractual arrangements between any Debtor and any Released Party, the Alameda Loan Facility, the Debtors' out-of-court out of court restructuring efforts, intercompany transactions between or among a Debtor and

3

another Debtor, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Definitive Documents or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Definitive Documents, the pursuit of consummation of the Plan, the administration and implementation of the Restructuring Transactions, or upon any other act or omission, transaction, agreement, event, or other occurrence related to the Debtors taking place on or before the Effective Date, provided that nothing in Article VIII.B of the Plan shall be construed to release the Released Parties from actual fraud, willful misconduct, or gross negligence as determined by a Final Order.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in Article VIII.B of the Plan, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that each release described in Article VIII.B of the Plan is:  (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good-faith settlement and compromise of such Causes of Action; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) a sound exercise of the Debtors' business judgment; and (7) except to the extent contemplated by Article IV.E and Article IV.F of the Plan, a bar to any of the Releasing Parties or the Debtors or Wind-Down Debtors or their respective Estates or Wind-Down Entity asserting any Cause of Action related thereto, of any kind, against any of the Released Parties or their property.

For the avoidance of doubt, any Contributed Third-Party Claims that Contributing Claimants elect on their ballots or opt-in forms to contribute to the Wind-Down Entity are subject to the release and exculpation provisions of the Plan to the extent they may be brought against Released Parties or Exculpated Parties.

Definitions Related to the Debtor Release and the Third-Party Release:

(1)     Under the Plan, "***Released Party***" means, collectively, in each case in its capacity as such: (a) the Debtors; (b) the Wind-Down Debtors; (c) the Committee, and each of the members thereof; (d) Purchaser and each of ~~the Purchaser~~its Related Parties; (e) Alameda and each of its Related Parties; (f) each of the Released Professionals; and (g) each of the Released Voyager Employees (subject to the limitations contained in Article IV.E and Article IV.F of the Plan)~~]~~.

(2)     Under the Plan, "***Releasing Party***" means, collectively, in each case in its capacity as such: (a) the Debtors; (b) the Wind-Down Debtors; (c) the Committee, and each of the members thereof; (d) each of the Released Professionals; (e) each of the Released Voyager Employees; (f) ~~each of the Purchaser Parties; (g)~~ Alameda and each of its Related Parties to the extent Alameda is able to bind such Related Parties; (g) Purchaser and each of its Related Parties to the extent Purchaser is able to bind such Related Parties; (h) all Holders of Claims that vote to accept the Plan and affirmatively opt into the releases provided by the Plan; (i) all Holders of Claims that vote to reject the Plan and affirmatively opt into the releases provided by the Plan; and (j) all Holders of Claims or Interests that abstain from voting (or are otherwise not entitled to vote) on the Plan and affirmatively opt into the releases provided by the Plan.

**Item 5.  Contributed Third-Party Claims.**

Aggregating and contributing your claims to the Wind-Down Entity may enable the pursuit and settlement of such litigation claims in a more efficient and effective manner.  Accordingly, each Holder of a Claim in Class 4 may agree to contribute its Contributed Third-Party Claims to the Wind-Down Entity.

By electing such option on this Ballot, you agree that, subject to the occurrence of the Effective Date and the formation of the Wind-Down Entity, you will be deemed, without further action, (i) to have irrevocably contributed your Contributed Third-Party Claims to the Wind-Down Entity, and (ii) to have agreed to execute any documents reasonably requested by the Debtors or the Wind-Down Entity to memorialize and effectuate such contribution.  For the avoidance of doubt, any Contributed Third-Party Claims that you elect to contribute to the Wind-Down Entity are subject to the release and exculpation provisions of the Plan to the extent they may be brought against Released Parties or Exculpated Parties.

**The Committee strongly encourages you to elect to contribute your Contributing Third-Party Claims to the Wind-Down Entity, which will allow the Wind-Down Entity to potentially seek greater recoveries for the benefit of Holders of Claims and Interests.**

☐       **By checking this box, you elect to to contribute your Contributed Third-Party Claims to the Wind-Down Entity.**

Definitions Related to Contributed Third-Party Claims:

Under the Plan, "***Contributed Third-Party Claims***" means all direct Causes of Action that any Contributing Claimant has against any Person (other than a Debtor) and that are related in any way to the Debtors, their predecessors, or respective affiliates, including: (a) all Causes of Action based on, arising out of, or related to the marketing, sale, and issuance of Cryptocurrency; (b) all Causes of Action based on, arising out of, or related to the alleged misrepresentation of any of the Debtors' financial information, business operations, or related internal controls; and (c) all Causes of Action based on, arising out of, or related to any alleged failure to disclose, or actual or attempted cover up or obfuscation of, any of the Debtors' conduct prior to the Petition Date; *provided*, *however*, that Contributed Third-Party Claims does not include any derivative claims of the Debtors*; provided further, however, that Contributed Third-Party Claims do not include (i) any direct Causes of Action that any Contributing Claimant has against Mark Cuban, Dallas Basketball Limited d/b/a Dallas Mavericks, the National Basketball Association, and any of their Related Parties and (ii) any direct Causes of Action that any Contributing Claimant, in its capacity as an equity holder of Voyager Digital Ltd., has that are asserted in the currently filed complaint, dated as of July 6, 2022, in the Ontario Superior Court of Justice by Francine De Sousa, against Voyager Digital Ltd., Stephen Ehrlich, Philip Eytan, Evan Psaropoulos, Lewis Bateman, Krisztian Toth, Jennifer Ackart, Glenn Stevens, and Brian Brooks.*

**Item 6.  Certifications.**

1.    The undersigned is (a) the Holder of the Alameda Loan Facility Claims (Class 4) being voted or (b) the authorized signatory for an entity that is the Holder of such Alameda Loan Facility Claims;

2.    the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein;

3.    the undersigned has cast the same vote with respect to all of its Alameda Loan Facility Claims (Class 4) in connection with the Plan; and

4.    (a) no other Ballot with respect to the same Alameda Loan Facility Claims (Class 4) identified in Item 1 has been cast or (b) if any other Ballot has been cast with respect to such Alameda Loan Facility Claims, then any such earlier Ballots are hereby revoked and deemed to be null and void.

<u>Item 7</u>.  **Ballot Completion Information.**

| | |
|---|---|
| Name of Holder: | |
| | |
| Signature: | |
| Signatory Name (if other than the Holder): | |
| Title: | |
| Address: | |
| Email Address: | |
| Telephone Number: | |
| Date Completed: | |

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.  This Ballot shall not constitute or be deemed a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT IN ACCORDANCE WITH INSTRUCTIONS CONTAINED HEREIN.  THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS ACTUALLY RECEIVED BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT PRIOR TO THE VOTING DEADLINE VIA THE ONLINE VOTING PORTAL AT HTTPS://CASES.STRETTO.COM/VOYAGER/BALLOTING.**

---

**THE VOTING DEADLINE IS NOVEMBER 25, 2022, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS CLASS 4 BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

| Class 4 — Alameda Loan Facility Claims |
|:---:|

### INSTRUCTIONS FOR COMPLETING THIS BALLOT

1.  The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meanings set forth in the Plan, a copy of which also accompanies the Ballot. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.  The Plan can be confirmed by the Court and thereby made binding upon the Holders if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3.  This Ballot contains voting options with respect to the Plan.

4.  To vote, you <u>MUST</u>: (a) fully complete this Ballot; (b) clearly indicate your decision to accept or reject the Plan in Item 3 of this Ballot; and (c) sign, date, and return this Ballot via the Claims, Noticing, and Solicitation Agent's online voting portal as described more fully below.

    To submit your Ballot via the online voting portal, please visit https://cases.stretto.com/Voyager/balloting and follow the instructions to submit your Ballot.

    **IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:**

    **Unique E-Ballot ID#:** _____

    **PIN#:** _____

    The Claims, Noticing, and Solicitation Agent's online voting platform is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

    Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your Ballot. Please complete and submit a Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the Claims, Noticing, and Solicitation Agent's online voting portal should <u>NOT</u> also submit a hard copy Ballot.

5.  Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned will <u>NOT</u> be counted unless the Debtors otherwise determine.

6.  To vote, you <u>MUST</u> deliver your completed Ballot so that it is **ACTUALLY RECEIVED** by the Claims, Noticing, and Solicitation Agent on or before the Voting Deadline by one of the methods described above. The Voting Deadline is **November 25, 2022, at 4:00 p.m., prevailing Eastern Time**.

7.  Any Ballot received by the Claims, Noticing, and Solicitation Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine. No Ballot may be withdrawn or modified after the Voting Deadline without the Debtors' prior consent.

8.  Delivery of a Ballot reflecting your vote to the Claims, Noticing, and Solicitation Agent will be deemed to have occurred only when the Claims, Noticing, and Solicitation Agent actually receives the originally executed Ballot

(for the avoidance of doubt, a Ballot submitted via the Claims, Noticing, and Solicitation Agent online voting portal shall be deemed to contain an original signature). In all cases, you should allow sufficient time to assure timely delivery.

9.  If you deliver multiple Ballots to the Claims, Noticing, and Solicitation Agent, ONLY the last properly executed Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s).

10. You must vote all of your Class 4 Alameda Loan Facility Claims either to accept or reject the Plan, and may not split your vote. Further, if a Holder has multiple Claims within Class 4, the Debtors may direct the Claims, Noticing, and Solicitation Agent to aggregate the Claims of any particular Holder within Class 4 for the purpose of counting votes.

11. This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim or an Interest, in the Debtors' Chapter 11 Cases.

12. You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

13. SIGN AND DATE your Ballot.[3] Please provide your name and mailing address in the space provided on this Ballot if it is different from that set forth on the Ballot or if no address is presented on the Ballot.

14. If your Claim is held in multiple accounts, you may receive more than one Ballot coded for each such account for which your Claims are held. Each Ballot votes only your Claims indicated on that Ballot. Accordingly, complete and return each Ballot you receive.

### PLEASE RETURN YOUR BALLOT PROMPTLY

**IF YOU HAVE ANY QUESTIONS REGARDING THIS CLASS 4 BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE CLAIMS, NOTICING, AND SOLICITATION AGENT AT: (855) 473-8665 (TOLL-FREE) OR +1 (949) 271-6507 (INTERNATIONAL) OR EMAIL VOYAGERINQUIRIES@STRETTO.COM AND REFERENCE "IN RE VOYAGER - SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

---

**THE VOTING DEADLINE IS NOVEMBER 25, 2022, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS CLASS 4 BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

[3]  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims, Noticing, and Solicitation Agent, the Debtors, the Debtors' counsel, or the Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

**Exhibit 4C**

**Class 5A Ballot (OpCo General Unsecured Claims)**

---

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**BALLOT FOR VOTING TO ACCEPT OR REJECT**
**THE SECOND AMENDED JOINT PLAN OF VOYAGER DIGITAL HOLDINGS, INC.**
**AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 5A HOLDERS OF OPCO GENERAL UNSECURED CLAIMS**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT BY NOVEMBER 25, 2022, AT 4:00 P.M., PREVAILING EASTERN TIME (THE "VOTING DEADLINE").**

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), to accept or reject the *Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time, the

---
[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

"Plan"),[2] attached as Exhibit A to the *First Amended Disclosure Statement for the Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented from time to time and including all exhibits or supplements thereto, the "Disclosure Statement") from Holders of Account Holder Claims, Alameda Loan Facility Claims, OpCo General Unsecured Claims, HoldCo General Unsecured Claims, and TopCo General Unsecured Claims (each, a "Voting Class" and collectively, the "Voting Classes").

Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein. A Voting Class will accept the Plan if Holders of at least two-thirds in amount and more than one-half in number of Claims in that Voting Class votes to accept the Plan. The Court may confirm the Plan, which contemplates effectuating the Restructuring Transactions, if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding on all Holders of Allowed Claims in the Voting Classes, among others.

You are receiving this ballot (this "Ballot") because you are the Holder of Class 5A OpCo General Unsecured Claims as of **October 19, 2022** (the "Voting Record Date"). **For additional discussion of the treatment of Class 5A Claims under the Plan and the rights of Holders of Class 5A Claims under the Plan, please read the Disclosure Statement.**

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Ballot. If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them from: (a) Stretto, Inc. (the "Claims, Noticing, and Solicitation Agent"), at no charge by: (i) accessing the Debtors' restructuring website at https://cases.stretto.com/Voyager/; (ii) writing to the Claims, Noticing, and Solicitation Agent at Voyager Inquiries, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602; (iii) calling (855) 473-8665 (Toll Free) or +1 (949) 271-6507 (International); or (iv) emailing VoyagerInquiries@stretto.com and referencing "In re Voyager - Solicitation Inquiry" in the subject line; or (b) for a fee via PACER at http://pacer.psc.uscourts.gov.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, please contact the Claims, Noticing, and Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

The Court may confirm the Plan and thereby bind all Holders of Claims and Interests. To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Claims, Noticing, and Solicitation Agent *actually receives* it on or before the Voting Deadline.

As further described in the Committee Letter, the Committee recommends that you vote to accept the Plan and contribute your third-party claims.

**THE VOTING DEADLINE IS ON NOVEMBER 25, 2022, AT 4:00 P.M., PREVAILING EASTERN TIME.**

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meaning given to them in the Plan.

**Item 1.**    **Amount of Class 5A Claims.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of Class 5A OpCo General Unsecured Claims in the following aggregate principal amount (*please fill in the amount if not otherwise completed*):

Amount of Claims:  $_____

**Item 2.**    **Recovery.**

Pursuant to Article III.B.5 of the Plan, each Holder of an Allowed OpCo General Unsecured Claim will receive in full and final satisfaction, compromise, settlement, release, and discharge of such Allowed OpCo General Unsecured Claim (i) its Pro Rata share of Transferred Cryptocurrency Value, in Cryptocurrency or Cash as provided in the Customer Migration Protocol; (ii) the right to become a Transferred Creditor as provided in the Customer Migration Protocol; (iii) its Pro Rata share of Distributable OpCo Cash; and (iv) to effectuate distributions from the Wind-Down Entity, its Pro Rata share of the Wind-Down Trust Units on account of any recovery of Wind-Down Trust Assets attributable to OpCo; *provided* that any distributions on account of Wind-Down Trust Units shall only be made following payment in full of Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Secured Tax Claims, and Allowed Other Priority Claims.

**Item 3.**    **Vote on Plan.**

The Holder of the Class 5A OpCo General Unsecured Claims against the Debtors set forth in Item 1 votes to (please check <u>one</u>):

<u>**ACCEPT**</u> (vote FOR) the Plan            <u>**REJECT**</u> (vote AGAINST) the Plan

<u>**Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and Item 3 above.**</u>

**Item 4.**    **Third-Party Release.**

AS A HOLDER OF A CLASS 5A CLAIM, YOU ARE A "RELEASING PARTY" UNDER THE PLAN IF YOU OPT IN TO THE RELEASES CONTAINED IN THE PLAN.  YOU MAY CHECK THE BOX BELOW TO ELECT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.B OF THE PLAN.  YOU WILL BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN <u>ONLY IF</u> (I) THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT IN TO THE RELEASES AND (II) YOU CHECK THE BOX BELOW AND SUBMIT THE OPT IN NOTICE BY THE OPT IN DEADLINE.  <u>YOUR RECOVERY UNDER THE PLAN REMAINS UNAFFECTED WHETHER OR NOT YOU ELECT TO OPT IN TO THE THIRD-PARTY RELEASE.</u>

☐        **By checking this box, you elect to opt <u>IN</u> to the Third-Party Releases.**

**Article VIII.B of the Plan contains the following Third-Party Release:**

**Except as expressly set forth in the Plan, effective on the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by each and all of the Releasing Parties, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, from any and all Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract,**

tort, or otherwise, including any derivative claims asserted or assertable on behalf of any of the Debtors, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), their capital structure, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Alameda Loan Facility, the Debtors' ~~out-of-court~~ out of court restructuring efforts, intercompany transactions between or among a Debtor and another Debtor, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Definitive Documents or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Definitive Documents, the pursuit of consummation of the Plan, the administration and implementation of the Restructuring Transactions, or upon any other act or omission, transaction, agreement, event, or other occurrence related to the Debtors taking place on or before the Effective Date, provided that nothing in Article VIII.B of the Plan shall be construed to release the Released Parties from actual fraud, willful misconduct, or gross negligence as determined by a Final Order.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in Article VIII.B of the Plan, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that each release described in Article VIII.B of the Plan is: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good-faith settlement and compromise of such Causes of Action; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) a sound exercise of the Debtors' business judgment; and (7) except to the extent contemplated by Article IV.E and Article IV.F of the Plan, a bar to any of the Releasing Parties or the Debtors or Wind-Down Debtors or their respective Estates or Wind-Down Entity asserting any Cause of Action related thereto, of any kind, against any of the Released Parties or their property.

For the avoidance of doubt, any Contributed Third-Party Claims that Contributing Claimants elect on their ballots or opt-in forms to contribute to the Wind-Down Entity are subject to the release and exculpation provisions of the Plan to the extent they may be brought against Released Parties or Exculpated Parties.

Definitions Related to the Debtor Release and the Third-Party Release:

(1)    Under the Plan, "**Released Party**" means, collectively, in each case in its capacity as such: (a) the Debtors; (b) the Wind-Down Debtors; (c) the Committee, and each of the members thereof; (d) Purchaser and each of ~~the Purchaser~~ its Related Parties; (e) Alameda and each of its Related Parties; (f) each of the Released Professionals; and (g) each of the Released Voyager Employees (subject to the limitations contained in Article IV.E and Article IV.F of the Plan).

(2)    Under the Plan, "**Releasing Party**" means, collectively, in each case in its capacity as such: (a) the Debtors; (b) the Wind-Down Debtors; (c) the Committee, and each of the members thereof; (d) each of the Released Professionals; (e) each of the Released Voyager Employees; (f) ~~each of the Purchaser Parties; (g)~~ Alameda and each of its Related Parties to the extent Alameda is able to bind such Related Parties; (g) Purchaser and each of its Related Parties to the extent Purchaser is able to bind such Related Parties; (h) all Holders of Claims that vote to accept the Plan and affirmatively opt into the releases provided by the Plan; (i) all Holders of Claims that vote to reject the Plan and affirmatively opt into the releases provided by the Plan; and (j) all Holders of Claims or Interests that abstain from voting (or are otherwise not entitled to vote) on the Plan and affirmatively opt into the releases provided by the Plan.

**Item 5.  Contributed Third-Party Claims.**

Aggregating and contributing your claims to the Wind-Down Entity may enable the pursuit and settlement of such litigation claims in a more efficient and effective manner.  Accordingly, each Holder of a Claim in Class 5A may agree to contribute its Contributed Third-Party Claims to the Wind-Down Entity.

By electing such option on this Ballot, you agree that, subject to the occurrence of the Effective Date and the formation of the Wind-Down Entity, you will be deemed, without further action, (i) to have irrevocably contributed your Contributed Third-Party Claims to the Wind-Down Entity, and (ii) to have agreed to execute any documents reasonably requested by the Debtors or the Wind-Down Entity to memorialize and effectuate such contribution.  For the avoidance of doubt, any Contributed Third-Party Claims that you elect to contribute to the Wind-Down Entity are subject to the release and exculpation provisions of the Plan to the extent they may be brought against Released Parties or Exculpated Parties.

**The Committee strongly encourages you to elect to contribute your Contributing Third-Party Claims to the Wind-Down Entity, which will allow the Wind-Down Entity to potentially seek greater recoveries for the benefit of Holders of Claims and Interests.**

☐　　**By checking this box, you elect to to contribute your Contributed Third-Party Claims to the Wind-Down Entity.**

Definitions Related to Contributed Third-Party Claims:

Under the Plan, "*Contributed Third-Party Claims*" means all direct Causes of Action that any Contributing Claimant has against any Person (other than a Debtor) and that are related in any way to the Debtors, their predecessors, or respective affiliates, including: (a) all Causes of Action based on, arising out of, or related to the marketing, sale, and issuance of Cryptocurrency; (b) all Causes of Action based on, arising out of, or related to the alleged misrepresentation of any of the Debtors' financial information, business operations, or related internal controls; and (c) all Causes of Action based on, arising out of, or related to any alleged failure to disclose, or actual or attempted cover up or obfuscation of, any of the Debtors' conduct prior to the Petition Date; *provided*, *however*, that Contributed Third-Party Claims does not include any derivative claims of the Debtors; *provided further, however,* that Contributed Third-Party Claims do not include (i) any direct Causes of Action that any Contributing Claimant has against Mark Cuban, Dallas Basketball Limited d/b/a Dallas Mavericks, the National Basketball Association, and any of their Related Parties and (ii) any direct Causes of Action that any Contributing Claimant, in its capacity as an equity holder of Voyager Digital Ltd., has that are asserted in the currently filed complaint, dated as of July 6, 2022, in the Ontario Superior Court of Justice by Francine De Sousa, against Voyager Digital Ltd., Stephen Ehrlich, Philip Eytan, Evan Psaropoulos, Lewis Bateman, Krisztian Toth, Jennifer Ackart, Glenn Stevens, and Brian Brooks.

**Item 6.  Certifications.**

1.　The undersigned is (a) the Holder of the OpCo General Unsecured Claims (Class 5A) being voted or (b) the authorized signatory for an entity that is a Holder of such OpCo General Unsecured Claims;

2.　the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein;

3.　the undersigned has cast the same vote with respect to all of its OpCo General Unsecured Claims (Class 5A) in connection with the Plan; and

4.    (a) no other Ballot with respect to the same OpCo General Unsecured Claims (Class 5A) identified in Item 3 has been cast or (b) if any other Ballot has been cast with respect to such OpCo General Unsecured Claims, then any such earlier Ballots are hereby revoked and deemed to be null and void.

**Item 7.  Ballot Completion Information.**

Name of Holder: _____

_____

Signature: _____

Signatory Name (if other than the Holder): _____

Title: _____

Address: _____

Email Address: _____

Telephone Number: _____

Date Completed: _____

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.  This Ballot shall not constitute or be deemed a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT IN ACCORDANCE WITH INSTRUCTIONS CONTAINED HEREIN.  THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS ACTUALLY RECEIVED BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT PRIOR TO THE VOTING DEADLINE VIA THE ONLINE VOTING PORTAL AT HTTPS://CASES.STRETTO.COM/VOYAGER/BALLOTING.**

---

**THE VOTING DEADLINE IS NOVEMBER 25, 2022, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS CLASS 5A BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

| Class 5A — OpCo General Unsecured Claims |
|:---:|

### INSTRUCTIONS FOR COMPLETING THIS BALLOT

1.  The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meanings set forth in the Plan, a copy of which also accompanies the Ballot. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.  The Plan can be confirmed by the Court and thereby made binding upon the Holders if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3.  This Ballot contains voting options with respect to the Plan.

4.  To vote, you <u>MUST</u>: (a) fully complete this Ballot; (b) clearly indicate your decision to accept or reject the Plan in Item 3 of this Ballot; and (c) sign, date, and return this Ballot via the Claims, Noticing, and Solicitation Agent's online voting portal or by mail as described more fully below.

    (a)  To submit your Ballot via the online voting portal, please visit https://cases.stretto.com/Voyager/balloting and follow the instructions to submit your Ballot.

    **IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:**

    **Unique E-Ballot ID#:** _____

    **PIN#:** _____

    The Claims, Noticing, and Solicitation Agent's online voting platform is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

    Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your Ballot. Please complete and submit a Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the Claims, Noticing, and Solicitation Agent's online voting portal should <u>NOT</u> also submit a hard copy Ballot.

    (b) To submit your Ballot via mail, complete, sign, and date this Ballot and return it (with an original signature) promptly in the envelope provided via first-class mail, overnight courier, or hand-delivery to:

    Voyager Ballot Processing
    c/o Stretto
    410 Exchange, Suite 100
    Irvine, CA 92602

5.  Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned will <u>NOT</u> be counted unless the Debtors otherwise determine.

6.  To vote, you <u>MUST</u> deliver your completed Ballot so that it is **<u>ACTUALLY RECEIVED</u>** by the Claims, Noticing, and Solicitation Agent on or before the Voting Deadline by one of the methods described above.  The Voting Deadline is **<u>November 25, 2022, at 4:00 p.m., prevailing Eastern Time</u>**.

7.  Any Ballot received by the Claims, Noticing, and Solicitation Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine.  No Ballot may be withdrawn or modified after the Voting Deadline without the Debtors' prior consent.

8.  Delivery of a Ballot reflecting your vote to the Claims, Noticing, and Solicitation Agent will be deemed to have occurred only when the Claims, Noticing, and Solicitation Agent actually receives the originally executed Ballot (for the avoidance of doubt, a Ballot submitted via the Claims, Noticing, and Solicitation Agent online voting portal shall be deemed to contain an original signature).  In all cases, you should allow sufficient time to assure timely delivery.

9.  If you deliver multiple Ballots to the Claims, Noticing, and Solicitation Agent, <u>ONLY</u> the last properly executed Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s).

10. You must vote all of your Class 5A OpCo General Unsecured Claims either to accept or reject the Plan, and may not split your vote.  Further, if a Holder has multiple Claims within Class 5A, the Debtors may direct the Claims, Noticing, and Solicitation Agent to aggregate the Claims of any particular Holder within Class 5A for the purpose of counting votes.

11. This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim or an Interest, in the Debtors' Chapter 11 Cases.

12. You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

13. <u>SIGN AND DATE</u> your Ballot.[3]  Please provide your name and mailing address in the space provided on this Ballot if it is different from that set forth on the Ballot or if no address is presented on the Ballot.

14. If your Claim is held in multiple accounts, you may receive more than one Ballot coded for each such account for which your Claims are held.  Each Ballot votes only your Claims indicated on that Ballot.  Accordingly, complete and return each Ballot you receive.

<div align="center">

**<u>PLEASE RETURN YOUR BALLOT PROMPTLY</u>**

</div>

---

[3]  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims, Noticing, and Solicitation Agent, the Debtors, the Debtors' counsel, or the Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS CLASS 5A BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE CLAIMS, NOTICING, AND SOLICITATION AGENT AT: (855) 473-8665 (TOLL-FREE) OR +1 (949) 271-6507 (INTERNATIONAL) OR EMAIL VOYAGERINQUIRIES@STRETTO.COM AND REFERENCE "IN RE VOYAGER - SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

**THE VOTING DEADLINE IS NOVEMBER 25, 2022, AT 4:00 P.M., PREVAILING EASTERN TIME. THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS CLASS 5A BALLOT ON OR BEFORE THE VOTING DEADLINE.**

**Exhibit 4D**

**Class 5B Ballot (HoldCo General Unsecured Claims)**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**BALLOT FOR VOTING TO ACCEPT OR REJECT**
**THE SECOND AMENDED JOINT PLAN OF VOYAGER DIGITAL HOLDINGS, INC.**
**AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 5B HOLDERS OF HOLDCO GENERAL UNSECURED CLAIMS**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT BY NOVEMBER 25, 2022, AT 4:00 P.M., PREVAILING EASTERN TIME (THE "VOTING DEADLINE").**

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), to accept or reject the *Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time, the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

"Plan"),[2] attached as Exhibit A to the *First Amended Disclosure Statement for the Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented from time to time and including all exhibits or supplements thereto, the "Disclosure Statement") from Holders of Account Holder Claims, Alameda Loan Facility Claims, OpCo General Unsecured Claims, HoldCo General Unsecured Claims, and TopCo General Unsecured Claims (each, a "Voting Class" and collectively, the "Voting Classes").

Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein. A Voting Class will accept the Plan if Holders of at least two-thirds in amount and more than one-half in number of Claims in that Voting Class votes to accept the Plan. The Court may confirm the Plan, which contemplates effectuating the Restructuring Transactions, if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding on all Holders of Allowed Claims in the Voting Classes, among others.

You are receiving this ballot (this "Ballot") because you are the Holder of Class 5B HoldCo General Unsecured Claims as of **October 19, 2022** (the "Voting Record Date"). **For additional discussion of the treatment of Class 5B Claims under the Plan and the rights of Holders of Class 5B Claims under the Plan, please read the Disclosure Statement.**

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Ballot. If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them from: (a) Stretto, Inc. (the "Claims, Noticing, and Solicitation Agent"), at no charge by: (i) accessing the Debtors' restructuring website at https://cases.stretto.com/Voyager/; (ii) writing to the Claims, Noticing, and Solicitation Agent at Voyager Inquiries, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602; (iii) calling (855) 473-8665 (Toll Free) or +1 (949) 271-6507 (International); or (iv) emailing VoyagerInquiries@stretto.com and referencing "In re Voyager - Solicitation Inquiry" in the subject line; or (b) for a fee via PACER at http://pacer.psc.uscourts.gov.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, please contact the Claims, Noticing, and Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

The Court may confirm the Plan and thereby bind all Holders of Claims and Interests. To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Claims, Noticing, and Solicitation Agent *actually receives* it on or before the Voting Deadline.

As further described in the Committee Letter, the Committee recommends that you vote to accept the Plan and contribute your third-party claims.

**THE VOTING DEADLINE IS ON NOVEMBER 25, 2022, AT 4:00 P.M., PREVAILING EASTERN TIME.**

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meaning given to them in the Plan.

**Item 1.    Amount of Class 5B Claims.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of Class 5B HoldCo General Unsecured Claims in the following aggregate principal amount (*please fill in the amount if not otherwise completed*):

> Amount of Claims:  $_____

**Item 2.    Recovery.**

Pursuant to Article III.B.6 of the Plan, each Holder of an Allowed HoldCo General Unsecured Claim will receive in full and final satisfaction, compromise, settlement, release, and discharge of such Allowed HoldCo General Unsecured Claim (i) its Pro Rata share of Distributable HoldCo Cash and (ii) to effectuate distributions from the Wind-Down Entity, its Pro Rata share of the Wind-Down Trust Units (if applicable) on account of any recovery of Wind-Down Trust Assets attributable to HoldCo; *provided* that any distributions on account of Wind-Down Trust Units shall only be made following payment in full of Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Secured Tax Claims, and Allowed Other Priority Claims.

**Item 3.    Vote on Plan.**

The Holder of the Class 5B HoldCo General Unsecured Claims against the Debtors set forth in Item 1 votes to (please check one):

> **ACCEPT** (vote FOR) the Plan                    **REJECT** (vote AGAINST) the Plan

**Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and Item 3 above.**

**Item 4.    Third-Party Release.**

AS A HOLDER OF A CLASS 5B CLAIM, YOU ARE A "RELEASING PARTY" UNDER THE PLAN IF YOU OPT IN TO THE RELEASES CONTAINED IN THE PLAN.  YOU MAY CHECK THE BOX BELOW TO ELECT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.B OF THE PLAN.  YOU WILL BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN <u>ONLY IF</u> (I) THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT IN TO THE RELEASES AND (II) YOU CHECK THE BOX BELOW AND SUBMIT THE OPT IN NOTICE BY THE OPT IN DEADLINE.  <u>YOUR RECOVERY UNDER THE PLAN REMAINS UNAFFECTED WHETHER OR NOT YOU ELECT TO OPT IN TO THE THIRD-PARTY RELEASE.</u>

> ☐    **By checking this box, you elect to opt <u>IN</u> to the Third-Party Releases.**

**Article VIII.B of the Plan contains the following Third-Party Release:**

> **Except as expressly set forth in the Plan, effective on the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by each and all of the Releasing Parties, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, from any and all Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise, including any derivative claims asserted or assertable on behalf of any of the Debtors, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively or on behalf of**

the Holder of any Claim against, or Interest in, a Debtor or other Entity), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), their capital structure, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Alameda Loan Facility, the Debtors' ~~out-of-court~~out of court restructuring efforts, intercompany transactions between or among a Debtor and another Debtor, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Definitive Documents or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Definitive Documents, the pursuit of consummation of the Plan, the administration and implementation of the Restructuring Transactions, or upon any other act or omission, transaction, agreement, event, or other occurrence related to the Debtors taking place on or before the Effective Date, provided that nothing in Article VIII.B of the Plan shall be construed to release the Released Parties from actual fraud, willful misconduct, or gross negligence as determined by a Final Order.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in Article VIII.B of the Plan, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that each release described in Article VIII.B of the Plan is: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good-faith settlement and compromise of such Causes of Action; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) a sound exercise of the Debtors' business judgment; and (7) except to the extent contemplated by Article IV.E and Article IV.F of the Plan, a bar to any of the Releasing Parties or the Debtors or Wind-Down Debtors or their respective Estates or Wind-Down Entity asserting any Cause of Action related thereto, of any kind, against any of the Released Parties or their property.

For the avoidance of doubt, any Contributed Third-Party Claims that Contributing Claimants elect on their ballots or opt-in forms to contribute to the Wind-Down Entity are subject to the release and exculpation provisions of the Plan to the extent they may be brought against Released Parties or Exculpated Parties.

Definitions Related to the Debtor Release and the Third-Party Release:

(1)     Under the Plan, "*Released Party*" means, collectively, in each case in its capacity as such: (a) the Debtors; (b) the Wind-Down Debtors; (c) the Committee, and each of the members thereof; (d) Purchaser and each of ~~the Purchaser~~its Related Parties; (e) Alameda and each of its Related Parties; (f) each of the Released Professionals; ~~and~~ (g) each of the Released Voyager Employees (subject to the limitations contained in Article IV.E and Article IV.F of the Plan).

(2)     Under the Plan, "*Releasing Party*" means, collectively, in each case in its capacity as such: (a) the Debtors; (b) the Wind-Down Debtors; (c) the Committee, and each of the members thereof; (d) each of the Released Professionals; (e) each of the Released Voyager Employees; (f) ~~each of the Purchaser Parties; (g)~~ Alameda and each of its Related Parties to the extent Alameda is able to bind such Related Parties; (g) Purchaser and each of its Related Parties to the extent Purchaser is able to bind such Related Parties; (h) all Holders of Claims that vote to accept the Plan and affirmatively opt into the releases provided by the Plan; (i) all Holders of Claims that vote to reject the Plan and affirmatively opt into the releases provided by the Plan; and (j) all Holders of Claims or Interests that abstain from voting (or are otherwise not entitled to vote) on the Plan and affirmatively opt into the releases provided by the Plan.

**Item 5.  Contributed Third-Party Claims.**

Aggregating and contributing your claims to the Wind-Down Entity may enable the pursuit and settlement of such litigation claims in a more efficient and effective manner.  Accordingly, each Holder of a Claim in Class 5B may agree to contribute its Contributed Third-Party Claims to the Wind-Down Entity.

By electing such option on this Ballot, you agree that, subject to the occurrence of the Effective Date and the formation of the Wind-Down Entity, you will be deemed, without further action, (i) to have irrevocably contributed your Contributed Third-Party Claims to the Wind-Down Entity, and (ii) to have agreed to execute any documents reasonably requested by the Debtors or the Wind-Down Entity to memorialize and effectuate such contribution.  For the avoidance of doubt, any Contributed Third-Party Claims that you elect to contribute to the Wind-Down Entity are subject to the release and exculpation provisions of the Plan to the extent they may be brought against Released Parties or Exculpated Parties.

**The Committee strongly encourages you to elect to contribute your Contributing Third-Party Claims to the Wind-Down Entity, which will allow the Wind-Down Entity to potentially seek greater recoveries for the benefit of Holders of Claims and Interests.**

☐       **By checking this box, you elect to to contribute your Contributed Third-Party Claims to the Wind-Down Entity.**

Definitions Related to Contributed Third-Party Claims:

Under the Plan, "*Contributed Third-Party Claims*" means all direct Causes of Action that any Contributing Claimant has against any Person (other than a Debtor) and that are related in any way to the Debtors, their predecessors, or respective affiliates, including: (a) all Causes of Action based on, arising out of, or related to the marketing, sale, and issuance of Cryptocurrency; (b) all Causes of Action based on, arising out of, or related to the alleged misrepresentation of any of the Debtors' financial information, business operations, or related internal controls; and (c) all Causes of Action based on, arising out of, or related to any alleged failure to disclose, or actual or attempted cover up or obfuscation of, any of the Debtors' conduct prior to the Petition Date; *provided*, *however*, that Contributed Third-Party Claims does not include any derivative claims of the Debtors *; provided further, however,* that Contributed Third-Party Claims do not include (i) any direct Causes of Action that any Contributing Claimant has against Mark Cuban, Dallas Basketball Limited d/b/a Dallas Mavericks, the National Basketball Association, and any of their Related Parties and (ii) any direct Causes of Action that any Contributing Claimant, in its capacity as an equity holder of Voyager Digital Ltd., has that are asserted in the currently filed complaint, dated as of July 6, 2022, in the Ontario Superior Court of Justice by Francine De Sousa, against Voyager Digital Ltd., Stephen Ehrlich, Philip Eytan, Evan Psaropoulos, Lewis Bateman, Krisztian Toth, Jennifer Ackart, Glenn Stevens, and Brian Brooks.

**Item 6.  Certifications.**

1.    The undersigned is (a) the Holder of the HoldCo General Unsecured Claims (Class 5B) being voted or (b) the authorized signatory for an entity that is a Holder of such HoldCo General Unsecured Claims;

2.    the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein;

3.    the undersigned has cast the same vote with respect to all of its HoldCo General Unsecured Claims (Class 5B) in connection with the Plan; and

4.    (a) no other Ballot with respect to the same HoldCo General Unsecured Claims (Class 5B) identified in Item 3 has been cast or (b) if any other Ballot has been cast with respect to such HoldCo General Unsecured Claims, then any such earlier Ballots are hereby revoked and deemed to be null and void.

**Item 7.  Ballot Completion Information.**

Name of Holder:                   _____

                                  _____

Signature:                        _____
Signatory Name (if other than
the Holder):                      _____
Title:                            _____
Address:                          _____
Email Address:                    _____
Telephone Number:                 _____
Date Completed:                   _____

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.  This Ballot shall not constitute or be deemed a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT IN ACCORDANCE WITH INSTRUCTIONS CONTAINED HEREIN.  THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS ACTUALLY RECEIVED BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT PRIOR TO THE VOTING DEADLINE VIA THE ONLINE VOTING PORTAL AT HTTPS://CASES.STRETTO.COM/VOYAGER/BALLOTING.**

| **THE VOTING DEADLINE IS NOVEMBER 25, 2022, AT 4:00 P.M., PREVAILING EASTERN TIME.** |
| --- |
| **THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS CLASS 5B BALLOT ON OR BEFORE THE VOTING DEADLINE.** |

| Class 5B — HoldCo General Unsecured Claims |
|---|

### INSTRUCTIONS FOR COMPLETING THIS BALLOT

1. The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meanings set forth in the Plan, a copy of which also accompanies the Ballot. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. The Plan can be confirmed by the Court and thereby made binding upon the Holders if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3. This Ballot contains voting options with respect to the Plan.

4. To vote, you <u>MUST</u>: (a) fully complete this Ballot; (b) clearly indicate your decision to accept or reject the Plan in Item 3 of this Ballot; and (c) sign, date, and return this Ballot via the Claims, Noticing, and Solicitation Agent's online voting portal or by mail as described more fully below.

   <u>(a)</u> ~~(c)~~ To submit your Ballot via the online voting portal, please visit https://cases.stretto.com/Voyager/balloting and follow the instructions to submit your Ballot.

   **IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:**

   **Unique E-Ballot ID#:** _____

   **PIN#:** _____

   The Claims, Noticing, and Solicitation Agent's online voting platform is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

   Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your Ballot. Please complete and submit a Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the Claims, Noticing, and Solicitation Agent's online voting portal should <u>NOT</u> also submit a hard copy Ballot.

   <u>(b)</u> ~~(d)~~ To submit your Ballot via mail, complete, sign, and date this Ballot and return it (with an original signature) promptly in the envelope provided via first-class mail, overnight courier, or hand-delivery to:

   <div align="center">

   Voyager Ballot Processing
   c/o Stretto
   410 Exchange, Suite 100
   Irvine, CA 92602

   </div>

5. Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned will <u>NOT</u> be counted unless the Debtors otherwise determine.

6.  To vote, you <u>MUST</u> deliver your completed Ballot so that it is **<u>ACTUALLY RECEIVED</u>** by the Claims, Noticing, and Solicitation Agent on or before the Voting Deadline by one of the methods described above. The Voting Deadline is **<u>November 25, 2022, at 4:00 p.m., prevailing Eastern Time</u>**.

7.  Any Ballot received by the Claims, Noticing, and Solicitation Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine. No Ballot may be withdrawn or modified after the Voting Deadline without the Debtors' prior consent.

8.  Delivery of a Ballot reflecting your vote to the Claims, Noticing, and Solicitation Agent will be deemed to have occurred only when the Claims, Noticing, and Solicitation Agent actually receives the originally executed Ballot (for the avoidance of doubt, a Ballot submitted via the Claims, Noticing, and Solicitation Agent online voting portal shall be deemed to contain an original signature). In all cases, you should allow sufficient time to assure timely delivery.

9.  If you deliver multiple Ballots to the Claims, Noticing, and Solicitation Agent, <u>ONLY</u> the last properly executed Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s).

10. You must vote all of your Class 5B HoldCo General Unsecured Claims either to accept or reject the Plan, and may not split your vote. Further, if a Holder has multiple Claims within Class 5B, the Debtors may direct the Claims, Noticing, and Solicitation Agent to aggregate the Claims of any particular Holder within Class 5B for the purpose of counting votes.

11. This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim or an Interest, in the Debtors' Chapter 11 Cases.

12. You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

13. <u>SIGN AND DATE</u> your Ballot.[3] Please provide your name and mailing address in the space provided on this Ballot if it is different from that set forth on the Ballot or if no address is presented on the Ballot.

14. If your Claim is held in multiple accounts, you may receive more than one Ballot coded for each such account for which your Claims are held. Each Ballot votes only your Claims indicated on that Ballot. Accordingly, complete and return each Ballot you receive.

**<u>PLEASE RETURN YOUR BALLOT PROMPTLY</u>**

---

[3]  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims, Noticing, and Solicitation Agent, the Debtors, the Debtors' counsel, or the Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS CLASS 5B BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE CLAIMS, NOTICING, AND SOLICITATION AGENT AT: (855) 473-8665 (TOLL-FREE) OR +1 (949) 271-6507 (INTERNATIONAL) OR EMAIL VOYAGERINQUIRIES@STRETTO.COM AND REFERENCE "IN RE VOYAGER - SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

---

**THE VOTING DEADLINE IS NOVEMBER 25, 2022, AT 4:00 P.M., PREVAILING EASTERN TIME. THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS CLASS 5B BALLOT ON OR BEFORE THE VOTING DEADLINE.**

**<u>Exhibit 4E</u>**

**Class 5C Ballot (TopCo General Unsecured Claims)**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**BALLOT FOR VOTING TO ACCEPT OR REJECT**
**THE SECOND AMENDED JOINT PLAN OF VOYAGER DIGITAL HOLDINGS, INC.**
**AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

**CLASS 5C HOLDERS OF TOPCO GENERAL UNSECURED CLAIMS**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS
CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY
RECEIVED* BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT BY NOVEMBER 25, 2022, AT 4:00
P.M., PREVAILING EASTERN TIME (THE "VOTING DEADLINE").**

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), are soliciting votes in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), to accept or reject the *Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or otherwise modified from time to time, the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

"Plan")[2] attached as Exhibit A to the *First Amended Disclosure Statement for the Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented from time to time and including all exhibits or supplements thereto, the "Disclosure Statement") from Holders of Account Holder Claims, Alameda Loan Facility Claims, OpCo General Unsecured Claims, HoldCo General Unsecured Claims, and TopCo General Unsecured Claims (each, a "Voting Class" and collectively, the "Voting Classes").

Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein. A Voting Class will accept the Plan if Holders of at least two-thirds in amount and more than one-half in number of Claims in that Voting Class votes to accept the Plan. The Court may confirm the Plan, which contemplates effectuating the Restructuring Transactions, if the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code, and the Plan then would be binding on all Holders of Allowed Claims in the Voting Classes, among others.

You are receiving this ballot (this "Ballot") because you are the Holder of Class 5C TopCo General Unsecured Claims as of **October 19, 2022** (the "Voting Record Date"). **For additional discussion of the treatment of Class 5C Claims under the Plan and the rights of Holders of Class 5C Claims under the Plan, please read the Disclosure Statement.**

The rights and treatment for each Class are described in the Disclosure Statement, which is included in the package (the "Solicitation Package") you are receiving with this Ballot. If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them from: (a) Stretto, Inc. (the "Claims, Noticing, and Solicitation Agent"), at no charge by: (i) accessing the Debtors' restructuring website at https://cases.stretto.com/Voyager/; (ii) writing to the Claims, Noticing, and Solicitation Agent at Voyager Inquiries, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602; (iii) calling (855) 473-8665 (Toll Free) or +1 (949) 271-6507 (International); or (iv) emailing VoyagerInquiries@stretto.com and referencing "In re Voyager - Solicitation Inquiry" in the subject line; or (b) for a fee via PACER at http://pacer.psc.uscourts.gov.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, please contact the Claims, Noticing, and Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

The Court may confirm the Plan and thereby bind all Holders of Claims and Interests. To have your vote count as either an acceptance or rejection of the Plan, you must complete and return this Ballot so that the Claims, Noticing, and Solicitation Agent *actually receives* it on or before the Voting Deadline.

As further described in the Committee Letter, the Committee recommends that you vote to accept the Plan and contribute your third-party claims.

**THE VOTING DEADLINE IS ON NOVEMBER 25, 2022, AT 4:00 P.M., PREVAILING EASTERN TIME.**

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning given to them in the Plan.

**Item 1.    Amount of Class 5C Claims.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of Class 5C TopCo General Unsecured Claims in the following aggregate principal amount (*please fill in the amount if not otherwise completed*):

| |
|---|
| Amount of Claims:  $_____ |

**Item 2.    Recovery.**

Pursuant to Article III.B.7 of the Plan, each Holder of an Allowed TopCo General Unsecured Claim will receive in full and final satisfaction, compromise, settlement, release, and discharge of such Allowed TopCo General Unsecured Claim (i) its Pro Rata share of Distributable TopCo Cash and (ii) to effectuate distributions from the Wind-Down Entity, its Pro Rata share of the Wind-Down Trust Units (if applicable) on account of any recovery of Wind-Down Trust Assets attributable to TopCo; provided that any distributions on account of Wind-Down Trust Units shall only be made following payment in full of Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Secured Tax Claims, and Allowed Other Priority Claims.

**Item 3.    Vote on Plan.**

The Holder of the Class 5C TopCo General Unsecured Claims against the Debtors set forth in Item 1 votes to (please check <u>one</u>):

| | |
|---|---|
| **ACCEPT** (vote FOR) the Plan | **REJECT** (vote AGAINST) the Plan |

**<u>Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and Item 3 above.</u>**

**Item 4.    Third-Party Release.**

AS A HOLDER OF A CLASS 5C CLAIM, YOU ARE A "RELEASING PARTY" UNDER THE PLAN IF YOU OPT IN TO THE RELEASES CONTAINED IN THE PLAN.  YOU MAY CHECK THE BOX BELOW TO ELECT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.B OF THE PLAN.  YOU WILL BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN <u>ONLY IF</u> (I) THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT IN TO THE RELEASES AND (II) YOU CHECK THE BOX BELOW AND SUBMIT THE OPT IN NOTICE BY THE OPT IN DEADLINE.  <u>YOUR RECOVERY UNDER THE PLAN REMAINS UNAFFECTED WHETHER OR NOT YOU ELECT TO OPT IN TO THE THIRD-PARTY RELEASE.</u>

| | |
|---|---|
| ☐ | **By checking this box, you elect to opt <u>IN</u> to the Third-Party Releases.** |

**Article VIII.B of the Plan contains the following Third-Party Release:**

**Except as expressly set forth in the Plan, effective on the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by each and all of the Releasing Parties, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, from any and all Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise, including any derivative claims asserted or assertable on behalf of any of the Debtors, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively or on behalf of**

3

the Holder of any Claim against, or Interest in, a Debtor or other Entity), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), their capital structure, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Alameda Loan Facility, the Debtors' ~~out-of-court~~ out of court restructuring efforts, intercompany transactions between or among a Debtor and another Debtor, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Definitive Documents or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Definitive Documents, the pursuit of consummation of the Plan, the administration and implementation of the Restructuring Transactions, or upon any other act or omission, transaction, agreement, event, or other occurrence related to the Debtors taking place on or before the Effective Date, provided that nothing in Article VIII.B of the Plan shall be construed to release the Released Parties from actual fraud, willful misconduct, or gross negligence as determined by a Final Order.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in Article VIII.B of the Plan, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that each release described in Article VIII.B of the Plan is: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good-faith settlement and compromise of such Causes of Action; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) a sound exercise of the Debtors' business judgment; and (7) except to the extent contemplated by Article IV.E and Article IV.F of the Plan, a bar to any of the Releasing Parties or the Debtors or Wind-Down Debtors or their respective Estates or Wind-Down Entity asserting any Cause of Action related thereto, of any kind, against any of the Released Parties or their property.

For the avoidance of doubt, any Contributed Third-Party Claims that Contributing Claimants elect on their ballots or opt-in forms to contribute to the Wind-Down Entity are subject to the release and exculpation provisions of the Plan to the extent they may be brought against Released Parties or Exculpated Parties.

Definitions Related to the Debtor Release and the Third-Party Release:

(1)    Under the Plan, "*Released Party*" means, collectively, in each case in its capacity as such: (a) the Debtors; (b) the Wind-Down Debtors; (c) the Committee, and each of the members thereof; (d) Purchaser and each of ~~the Purchaser~~ its Related Parties; (e) Alameda and each of its Related Parties; (f) each of the Released Professionals; ~~and~~ (g) each of the Released Voyager Employees (subject to the limitations contained in Article IV.E and Article IV.F of the Plan).

(2)    Under the Plan, "*Releasing Party*" means, collectively, in each case in its capacity as such: (a) the Debtors; (b) the Wind-Down Debtors; (c) the Committee, and each of the members thereof; (d) each of the Released Professionals; (e) each of the Released Voyager Employees; (f) ~~each of the Purchaser Parties; (g)~~ Alameda and each of its Related Parties to the extent Alameda is able to bind such Related Parties; (g) Purchaser and each of its Related Parties to the extent Purchaser is able to bind such Related Parties; (h) all Holders of Claims that vote to accept the Plan and affirmatively opt into the releases provided by the Plan; (i) all Holders of Claims that vote to reject the Plan and affirmatively opt into the releases provided by the Plan; and (j) all Holders of Claims or Interests that abstain from voting (or are otherwise not entitled to vote) on the Plan and affirmatively opt into the releases provided by the Plan.

**Item 5.  Contributed Third-Party Claims.**

Aggregating and contributing your claims to the Wind-Down Entity may enable the pursuit and settlement of such litigation claims in a more efficient and effective manner.  Accordingly, each Holder of a Claim in Class 5C may agree to contribute its Contributed Third-Party Claims to the Wind-Down Entity.

By electing such option on this Ballot, you agree that, subject to the occurrence of the Effective Date and the formation of the Wind-Down Entity, you will be deemed, without further action, (i) to have irrevocably contributed your Contributed Third-Party Claims to the Wind-Down Entity, and (ii) to have agreed to execute any documents reasonably requested by the Debtors or the Wind-Down Entity to memorialize and effectuate such contribution.  For the avoidance of doubt, any Contributed Third-Party Claims that you elect to contribute to the Wind-Down Entity are subject to the release and exculpation provisions of the Plan to the extent they may be brought against Released Parties or Exculpated Parties.

**The Committee strongly encourages you to elect to contribute your Contributing Third-Party Claims to the Wind-Down Entity, which will allow the Wind-Down Entity to potentially seek greater recoveries for the benefit of Holders of Claims and Interests.**

☐      **By checking this box, you elect to to contribute your Contributed Third-Party Claims to the Wind-Down Entity.**

Definitions Related to Contributed Third-Party Claims:

Under the Plan, "***Contributed Third-Party Claims***" means all direct Causes of Action that any Contributing Claimant has against any Person (other than a Debtor) and that are related in any way to the Debtors, their predecessors, or respective affiliates, including (a) all Causes of Action based on, arising out of, or related to the marketing, sale, and issuance of Cryptocurrency; (b) all Causes of Action based on, arising out of, or related to the alleged misrepresentation of any of the Debtors' financial information, business operations, or related internal controls; and (c) all Causes of Action based on, arising out of, or related to any alleged failure to disclose, or actual or attempted cover up or obfuscation of, any of the Debtors' conduct prior to the Petition Date; *provided*, *however*, that Contributed Third-Party Claims does not include any derivative claims of the Debtors *; provided further, however, that Contributed Third-Party Claims do not include (i) any direct Causes of Action that any Contributing Claimant has against Mark Cuban, Dallas Basketball Limited d/b/a Dallas Mavericks, the National Basketball Association, and any of their Related Parties and (ii) any direct Causes of Action that any Contributing Claimant, in its capacity as an equity holder of Voyager Digital Ltd., has that are asserted in the currently filed complaint, dated as of July 6, 2022, in the Ontario Superior Court of Justice by Francine De Sousa, against Voyager Digital Ltd., Stephen Ehrlich, Philip Eytan, Evan Psaropoulos, Lewis Bateman, Krisztian Toth, Jennifer Ackart, Glenn Stevens, and Brian Brooks.*

**Item 6.  Certifications.**

1.    The undersigned is (a) the Holder of the TopCo General Unsecured Claims (Class 5C) being voted or (b) the authorized signatory for an entity that is a Holder of such TopCo General Unsecured Claims;

2.    the undersigned has received a copy of the solicitation materials, including the Plan and the Disclosure Statement, and acknowledges that the undersigned's vote as set forth on this Ballot is subject to the terms and conditions set forth therein and herein;

3.    the undersigned has cast the same vote with respect to all of its TopCo General Unsecured Claims (Class 5C) in connection with the Plan; and

4.    (a) no other Ballot with respect to the same TopCo General Unsecured Claims (Class 5C) identified in Item 3 has been cast or (b) if any other Ballot has been cast with respect to such TopCo General Unsecured Claims, then any such earlier Ballots are hereby revoked and deemed to be null and void.

**Item 7.  Ballot Completion Information.**

Name of Holder:    _____

_____

Signature:    _____

Signatory Name (if other than the Holder):    _____

Title:    _____

Address:    _____

Email Address:    _____

Telephone Number:    _____

Date Completed:    _____

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.  This Ballot shall not constitute or be deemed a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT IN ACCORDANCE WITH INSTRUCTIONS CONTAINED HEREIN.  THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS ACTUALLY RECEIVED BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT PRIOR TO THE VOTING DEADLINE VIA THE ONLINE VOTING PORTAL AT HTTPS://CASES.STRETTO.COM/VOYAGER/BALLOTING.**

**THE VOTING DEADLINE IS NOVEMBER 25, 2022, AT 4:00 P.M., PREVAILING EASTERN TIME.**

**THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS CLASS 5C BALLOT ON OR BEFORE THE VOTING DEADLINE.**

| Class 5C — TopCo General Unsecured Claims |
|---|

### INSTRUCTIONS FOR COMPLETING THIS BALLOT

1. The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meanings set forth in the Plan, a copy of which also accompanies the Ballot. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. The Plan can be confirmed by the Court and thereby made binding upon the Holders if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class of impaired creditors that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3. This Ballot contains voting options with respect to the Plan.

4. To vote, you <u>MUST</u>: (a) fully complete this Ballot; (b) clearly indicate your decision to accept or reject the Plan in Item 3 of this Ballot; and (c) sign, date, and return this Ballot via the Claims, Noticing, and Solicitation Agent's online voting portal or by mail as described more fully below.

    <u>(a)</u> <s>(e)</s> To submit your Ballot via the online voting portal, please visit https://cases.stretto.com/Voyager/balloting and follow the instructions to submit your Ballot.

    **IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:**

    **Unique E-Ballot ID#:** _____

    **PIN#:** _____

    The Claims, Noticing, and Solicitation Agent's online voting platform is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

    Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your Ballot. Please complete and submit a Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the Claims, Noticing, and Solicitation Agent's online voting portal should <u>NOT</u> also submit a hard copy Ballot.

    <u>(b)</u> <s>(f)</s> To submit your Ballot via mail, complete, sign, and date this Ballot and return it (with an original signature) promptly in the envelope provided via first-class mail, overnight courier, or hand-delivery to:

    Voyager Ballot Processing
    c/o Stretto
    410 Exchange, Suite 100
    Irvine, CA 92602

5. Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned will <u>NOT</u> be counted unless the Debtors otherwise determine.

6.    To vote, you <u>MUST</u> deliver your completed Ballot so that it is **<u>ACTUALLY RECEIVED</u>** by the Claims, Noticing, and Solicitation Agent on or before the Voting Deadline by one of the methods described above.  The Voting Deadline is **<u>November 25, 2022, at 4:00 p.m., prevailing Eastern Time</u>**.

7.    Any Ballot received by the Claims, Noticing, and Solicitation Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Debtors otherwise determine.  No Ballot may be withdrawn or modified after the Voting Deadline without the Debtors' prior consent.

8.    Delivery of a Ballot reflecting your vote to the Claims, Noticing, and Solicitation Agent will be deemed to have occurred only when the Claims, Noticing, and Solicitation Agent actually receives the originally executed Ballot (for the avoidance of doubt, a Ballot submitted via the Claims, Noticing, and Solicitation Agent online voting portal shall be deemed to contain an original signature).  In all cases, you should allow sufficient time to assure timely delivery.

9.    If you deliver multiple Ballots to the Claims, Noticing, and Solicitation Agent, <u>ONLY</u> the last properly executed Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior received Ballot(s).

10.    You must vote all of your Class 5C TopCo General Unsecured Claims either to accept or reject the Plan, and may not split your vote.  Further, if a Holder has multiple Claims within Class 5C, the Debtors may direct the Claims, Noticing, and Solicitation Agent to aggregate the Claims of any particular Holder within Class 5C for the purpose of counting votes.

11.    This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim or an Interest, in the Debtors' Chapter 11 Cases.

12.    You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

13.    <u>SIGN AND DATE</u> your Ballot.[3]  Please provide your name and mailing address in the space provided on this Ballot if it is different from that set forth on the Ballot or if no address is presented on the Ballot.

14.    If your Claim is held in multiple accounts, you may receive more than one Ballot coded for each such account for which your Claims are held.  Each Ballot votes only your Claims indicated on that Ballot.  Accordingly, complete and return each Ballot you receive.

<div align="center">**<u>PLEASE RETURN YOUR BALLOT PROMPTLY</u>**</div>

---

[3]    If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims, Noticing, and Solicitation Agent, the Debtors, the Debtors' counsel, or the Court, must submit proper evidence to the requesting party of authority to so act on behalf of such holder.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS CLASS 5C BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE CLAIMS, NOTICING, AND SOLICITATION AGENT AT: (855) 473-8665 (TOLL-FREE) OR +1 (949) 271-6507 (INTERNATIONAL) OR EMAIL VOYAGERINQUIRIES@STRETTO.COM AND REFERENCE "IN RE VOYAGER - SOLICITATION INQUIRY" IN THE SUBJECT LINE.**

**THE VOTING DEADLINE IS NOVEMBER 25, 2022, AT 4:00 P.M., PREVAILING EASTERN TIME. THE CLAIMS, NOTICING, AND SOLICITATION AGENT MUST ACTUALLY RECEIVE THIS CLASS 5C BALLOT ON OR BEFORE THE VOTING DEADLINE.**

## **Exhibit 5**

**Cover Letter**



[  ], 2022

**Subject**:  Summary of the Plan, Information Regarding Certain Key Dates, and Certain Other Matters

Dear Stakeholders,

You are receiving this letter because you are entitled to vote on the Debtors' Plan, an important step in the return of value to you and other stakeholders.  This letter and the materials enclosed concern the proposed sale of substantially all the assets of Voyager Digital Holdings, Inc. and its affiliated Debtors to FTX US, following the Debtors' July 5, 2022 voluntary filing of these Chapter 11 Cases.  Your vote to accept or reject the Plan must be received by November 25, 2022, at 4:00 p.m. prevailing Eastern Time.  Instructions on how to vote are included in this Solicitation Package.

As described below and in the Plan and Disclosure Statement also enclosed, the Debtors believe that the sale to FTX US is in the best interest of all stakeholders and, ultimately, is the best possible transaction available.  Holders of Account Holder Claims and Holders of each class of General Unsecured Claims will receive significantly more consideration for their Claims under the Plan than in a liquidation.  As such, Voyager Digital Holdings, Inc. (on behalf of itself and each of the other Debtors) urge you to properly and timely submit your Ballot, in advance of the November 25, 2022 deadline, with a vote to accept the Plan.  Further details and instructions regarding how to get additional information appear on the following pages.

# # #

Voyager Digital Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors")[1] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court") on July 5, 2022 (collectively, the "Chapter 11 Cases").

You have received this letter and the enclosed materials because you are entitled to vote on the *Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as modified, amended, or supplemented from time to time, the "Plan").[2]  On [  ], 2022, the Court entered an order [Docket No. [  ]] (the "Disclosure Statement Order"): (a) authorizing the Debtors to solicit acceptances for the Plan; (b) approving the *First Amended Disclosure Statement for the Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Package"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan, and for filing objections to the Plan.

The materials in the enclosed Solicitation Package are intended to be self-explanatory. Should you have any questions, however, please feel free to contact Stretto, Inc., the claims, noticing, and solicitation agent retained by the Debtors in these chapter 11 cases (the "Claims, Noticing, and Solicitation Agent"), by: (a) calling the Claims, Noticing, and Solicitation Agent at (855) 473-8665 (Toll Free) or +1 (949) 271-6507 (International), (b) writing to the Claims, Noticing, and Solicitation Agent at Voyager Inquiries, c/o Stretto 410 Exchange, Suite 100 Irvine, CA 92602, or (c) e-mailing the Claims, Noticing, and Solicitation Agent at VoyagerInquiries@stretto.com with a reference to "In re Voyager - Solicitation Inquiry" in the subject line. You may also obtain copies of any pleadings filed with the Court for free by visiting the Debtors' restructuring website, https://cases.stretto.com/Voyager/, or for a fee via PACER at http://pacer.psc.uscourts.gov. Please be advised that the Claims, Noticing, and Solicitation Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may **not** advise you as to whether you should vote to accept or reject the Plan.

As described herein and in the Plan and Disclosure Statement, the Debtors believe that the sale to FTX US is in the best interest of stakeholders and, ultimately, is the most value-maximizing transaction available to the Debtors. **Account Holders and each class of General Unsecured Creditors will receive significantly more consideration on account of their claims under the Plan than they would in a liquidation**:

|   |   |   |   |   |
|---|---|---|---|---|
| 1 | Secured Tax Claims | $0.0 | N/A | N/A |
| 2 | Other Priority Claims | $0.0 | N/A | N/A |
| 3 | Account Holder Claims | $1,763.9 | 72% | 51 - 60% |
| 4 | Alameda Loan Facility Claims | $75.1 | 0% | 6% |
| 5A | OpCo General Unsecured Claims | $12.1 | 72% | 51% - 60% |
| 5B | HoldCo General Unsecured Claims | $0.0 | 0% | 0% - 0% |
| 5C | TopCo General Unsecured Claims | $2.3 | 0% | 0% - 0% |
| 6 | Section 510(b) Claims | N/A | N/A | N/A |
| 7 | Intercompany Claims | $6.3[3] | 8% | 4%-5% |
| 8 | Intercompany Interests | $0 | 0% | 0% |

---

[3] The recovery to Intercompany Claims reflects the assumption for purposes of the recovery analysis that the Intercompany Obligation by HoldCo to TopCo under the Promissory Note is a valid loan and all other Intercompany Obligations are capital contributions. The Intercompany Obligations and the analysis related thereto are described in greater detail in Article V.C.2 of the Disclosure Statement.

| | | | | |
|---|---|---|---|---|
| ████ | ████████████████ | ████ | ███ | ███ |
| 9 | Existing Equity Interests | $0 | 0% | 0% |

## I. The Sale Transaction

On September 26, 2022, the Debtors announced that, after multiple rounds of bidding in a highly competitive auction process that lasted two weeks, they selected West Realm Shires Inc. ("FTX US") as the highest and best bid for their assets. FTX US's bid is valued at approximately $1.422 billion, comprised of (i) the fair market value of all Voyager cryptocurrency at a to-be-determined date in the future, which at current market prices as of September 26, 2022 is estimated to be $1.311 billion, plus (ii) additional consideration that is estimated as providing approximately $111 million of incremental value. The Debtors and FTX US executed an asset purchase agreement (the "Asset Purchase Agreement") memorializing the terms of FTX US's bid on September 27, 2022.

On September 28, 2022, the Debtors filed *Debtors' Motion for Entry of An Order (I) Authorizing Entry Into the Asset Purchase Agreement and (II) Granting Related Relief* [Docket No. 472] (the "Asset Purchase Agreement Motion"). The Asset Purchase Agreement Motion sought approval from the Court to enter into the Asset Purchase Agreement and effectuate the sale transaction through a chapter 11 plan of reorganization. On October [  ], 2022, the Court entered an order approving the Debtors' entry into the Asset Purchase Agreement.

The Debtors believe that the sale to FTX US contemplated by the Asset Purchase Agreement and the Plan is a success for the Debtors and their creditors. The sale transaction maximizes value and minimizes the remaining duration of the Debtors' restructuring by providing a clear path forward for the Debtors to consummate a chapter 11 plan and return value to their customers and other creditors. FTX US's secure trading platform will enable customers to trade and store cryptocurrency after the conclusion of these Chapter 11 Cases.

## II. Plan.

The Court's order approving the Asset Purchase Agreement only approves entry into the Asset Purchase Agreement. The transactions contemplated by the Asset Purchase Agreement (including distributions to Account Holders) will be effectuated pursuant to the Plan.

The Plan provides, among other things, that upon the Effective Date:

- All Administrative Claims, Priority Tax Claims, Secured Tax Claims, and Other Priority Claims shall be paid in full in Cash, or receive such other customary treatment that renders such Claims Unimpaired under the Bankruptcy Code;

- Each Holder of an Allowed Account Holder Claim shall receive in full and final satisfaction, compromise, settlement, release, and discharge of such Allowed Account Holder Claim (i) its Pro Rata share of Transferred Cryptocurrency Value, in Cryptocurrency or Cash as provided in the Customer Migration Protocol; (ii) the right to become a Transferred Creditor as provided in the Customer Migration Protocol; (iii) its Pro Rata share of Distributable OpCo Cash; and (iv) to effectuate distributions from the Wind-Down Entity, its Pro Rata share of the Wind-Down Trust Units (if applicable) on account of any recovery of Wind-Down Trust Assets attributable to OpCo; *provided* that any distributions on account of Wind-Down Trust Units shall only be made following payment in full of Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Secured Tax Claims, and Allowed Other Priority Claims;

- Each Holder of an Allowed OpCo General Unsecured Claim will receive in full and final satisfaction, compromise, settlement, release, and discharge of such Allowed OpCo General Unsecured Claim (i) its Pro Rata share of Transferred Cryptocurrency Value, in Cryptocurrency or Cash as provided in the Customer Migration Protocol; (ii) the right to become a Transferred Creditor as provided in the Customer Migration Protocol; (iii) its Pro Rata share of Distributable OpCo Cash; and (iv) to effectuate distributions from the Wind-Down Entity, its Pro Rata share of the Wind-Down Trust Units on account

of any recovery of Wind-Down Trust Assets attributable to OpCo; provided that any distributions on account of Wind-Down Trust Units shall only be made following payment in full of Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Secured Tax Claims, and Allowed Other Priority Claims;

- Each Holder of an Allowed HoldCo General Unsecured Claim will receive in full and final satisfaction, compromise, settlement, release, and discharge of such Allowed HoldCo General Unsecured Claim (i) its Pro Rata share of Distributable HoldCo Cash and (ii) to effectuate distributions from the Wind-Down Entity, its Pro Rata share of the Wind-Down Trust Units (if applicable) on account of any recovery of Wind-Down Trust Assets attributable to HoldCo; provided that any distributions on account of Wind-Down Trust Units shall only be made following payment in full of Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Secured Tax Claims, and Allowed Other Priority Claims;

- Each Holder of an Allowed TopCo General Unsecured Claim will receive in full and final satisfaction, compromise, settlement, release, and discharge of such Allowed TopCo General Unsecured Claim (i) its Pro Rata share of Distributable TopCo Cash and (ii) to effectuate distributions from the Wind-Down Entity, its Pro Rata share of the Wind-Down Trust Units (if applicable) on account of any recovery of Wind-Down Trust Assets attributable to TopCo; provided that any distributions on account of Wind-Down Trust Units shall only be made following payment in full of Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Secured Tax Claims, and Allowed Other Priority Claims;

- Pursuant to the Asset Purchase Agreement, on the Effective Date, the Alameda Loan Facility Claims shall be deemed Allowed, and all rights, titles, and interests in the Alameda Loan Facility Claims shall be conveyed to OpCo, and OpCo shall be entitled to any recovery on account of the Alameda Loan Facility Claims. The treatment of Class 4 Alameda Loan Facility Claims is contractually settled pursuant to the Asset Purchase Agreement; and

- Each Holder of Existing Equity Interests or Section 501(b) Claims against TopCo, if any, will receive, to effectuate distributions, if applicable, from the Wind-Down Entity, its Pro Rata share of the Wind-Down Trust Units (if applicable) on account of any recovery of Wind-Down Trust Assets attributable to TopCo, *provided* that any distributions on account of Wind-Down Trust Units shall only be made following payment in full of all Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Secured Tax Claims, Allowed Other Priority Claims, and Allowed TopCo General Unsecured Claims.

The following chart summarizes the classification of Claims and Interests set forth in the Plan and indicates whether such class is entitled to vote on the Plan:

| | | | |
|---|---|---|---|
| 1 | Secured Tax Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 2 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 3 | Account Holder Claims | Impaired | Entitled to Vote |
| 4 | Alameda Loan Facility Claims | Impaired | Entitled to Vote |
| 5A | OpCo General Unsecured Claims | Impaired | Entitled to Vote |
| 5B | HoldCo General Unsecured Claims | Impaired | Entitled to Vote |
| 5C | TopCo General Unsecured Claims | Impaired | Entitled to Vote |
| 6 | Section 510(b) Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 7 | Intercompany Claims | Unimpaired / Impaired | Not Entitled to Vote (Presumed to Accept) |

| | | | |
|---|---|---|---|
| 8 | Intercompany Interests | Unimpaired / Impaired | Not Entitled to Vote (Presumed to Accept) |
| 9 | Existing Equity Interests | Impaired | Not Entitled to Vote (Deemed to Reject) |

**II. The Solicitation Package**

This letter is part of your Solicitation Package, which was approved by the Court for distribution to Holders of Claims in connection with the solicitation of votes to accept or reject the Plan.  Please review these materials carefully and follow instructions contained therein.  The Solicitation Package consists of the following:

- a copy of the Solicitation and Voting Procedures;

- the applicable form of Ballot;

- a pre-addressed, postage pre-paid return envelope for Holders of Claims in Class 5A (OpCo General Unsecured Claims), Class 5B (HoldCo General Unsecured Claims), and Class 5C (TopCo General Unsecured Claims);[4]

- this cover letter;

- the Committee Letter;

- the Disclosure Statement (and exhibits thereto, including the Plan);

- the Disclosure Statement Order (without exhibits, except the Solicitation and Voting Procedures); and

- the Confirmation Hearing Notice.

If you have any questions regarding your Solicitation Package, please do not hesitate to reach out to the Claims, Noticing, and Solicitation Agent.

**III. Key Upcoming Dates**

The Deadline to vote to accept or reject the Plan is **November 25, 2022 at 4:00 p.m. prevailing Eastern Time**. **You must submit your Ballot per the instructions included in your Ballot by November 25, 2022 at 4:00 p.m. prevailing Eastern Time**.

---

[4]     Holders of Account Holder Claims shall submit their votes electronically through the Claims, Noticing, and Solicitation Agent's online ballot portal.  Please refer to your Ballot for detailed instructions on how to submit your vote.

After votes on the Plan are counted, the Court will hold a hearing to confirm the Plan (the "Confirmation Hearing"). The Confirmation Hearing will be held on **December 6, 2022, at 11:00 a.m.** prevailing Eastern Time. If the Court confirms the Plan at the Confirmation Hearing, the Debtors will seek to effectuate the Plan, consummate the sale of substantially all of the Debtors' assets, and distribute value to Holders of Account Holder Claims, Holders of each class of General Unsecured Claims, and other creditors.

### III. Recommendation

Voyager Digital Holdings, Inc. (on behalf of itself and each of the other Debtors) has approved the filing of the Plan and the solicitation of votes to accept or reject the Plan. The Debtors believe that the acceptance of the Plan is in the best interests of their estates, Holders of Claims or Interests, and all other parties in interest. The Debtors believe that any valid alternative to confirmation of the Plan would result in significant delays, litigation, additional costs, and, ultimately, might result in smaller distributions (or no distributions) on account of Claims asserted in these chapter 11 cases.

---

**THE DEBTORS STRONGLY URGE YOU TO PROPERLY AND TIMELY
SUBMIT YOUR BALLOT CASTING A VOTE TO ACCEPT THE PLAN IN
ACCORDANCE WITH THE INSTRUCTIONS IN YOUR BALLOT.**

**THE VOTING DEADLINE IS NOVEMBER 25, 2022, AT 4:00 P.M. PREVAILING EASTERN TIME.**

---

Sincerely,

_/s/ DRAFT_
Name: Stephen Ehrlich
Title: Co-Founder and Chief Executive Officer; Voyager
Digital Holdings, Inc.

**Exhibit 6**

**Confirmation Hearing Notice**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

---

**NOTICE OF HEARING TO CONSIDER**
**CONFIRMATION OF THE CHAPTER 11 PLAN FILED BY THE**
**DEBTORS AND RELATED VOTING AND OBJECTION DEADLINES**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

PLEASE TAKE NOTICE THAT on [ ], 2022, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. [ ]] (the "Disclosure Statement Order"): (a) authorizing Voyager Digital Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [ ]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *First Amended Disclosure Statement for the Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [ ]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

PLEASE TAKE FURTHER NOTICE THAT the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **December 6, 2022 at 11:00 a.m.**, prevailing Eastern Time, or such other time that the Court determines, before the Honorable Michael E. Wiles, in the United States Bankruptcy Court for the Southern District of New York, located at One Bowling Green, Courtroom 617, New York, New York 10004.

PLEASE BE ADVISED: THE CONFIRMATION HEARING MAY BE CONTINUED FROM TIME TO TIME BY THE COURT OR THE DEBTORS WITHOUT FURTHER NOTICE OTHER THAN BY SUCH ADJOURNMENT BEING ANNOUNCED IN OPEN COURT OR BY A NOTICE OF ADJOURNMENT FILED WITH THE COURT AND SERVED ON ALL PARTIES ENTITLED TO NOTICE.

## CRITICAL INFORMATION REGARDING VOTING ON THE PLAN

Voting Record Date. The voting record date is **October 19, 2022** (the "Voting Record Date"), which is the date for determining which Holders of Class 3 Claims (Account Holder Claims), Class 4 Claims (Alameda Loan Facility Claims), Class 5A Claims (OpCo General Unsecured Claims), Class 5B Claims (HoldCo General Unsecured Claims), and Class 5C (TopCo General Unsecured Claims) are entitled to vote on the Plan.

Voting Deadline. The deadline for voting on the Plan is on **November 25, 2022 at 4:00 p.m.** prevailing Eastern Time (the "Voting Deadline"). If you received a Solicitation Package, including a Ballot and intend to vote on the Plan you **must**: (a) follow the instructions carefully; (b) complete **all** of the required information on the ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions so that it is **actually received** by the Debtors' claims, noticing, and solicitation agent Stretto, Inc. (the "Claims, Noticing, and Solicitation Agent") on or before the Voting Deadline. **A failure to follow such instructions may disqualify your vote**.

## CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN

Objection Deadline. The deadline for filing objections to the Plan is **November 25, 2022 at 4:00 p.m.** prevailing Eastern Time (the "Plan Objection Deadline"). All objections to the relief sought at the Confirmation Hearing **must**: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; **and** (d) be filed with the Court (contemporaneously with a proof

---

[2]     Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan.

of service) and served upon the following parties so as to be **actually received** on or before **November 25, 2022 at 4:00 p.m.** prevailing Eastern Time:

| Debtors |
|---|
| **Voyager Digital Holdings, Inc.**<br>33 Irving Place, Suite 3060<br>New York, NY 10003<br>Attention:  Stephen Ehrlich and David Brosgol |

| Counsel to the Debtors | Counsel to the Committee |
|---|---|
| **Kirkland & Ellis LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Attention: Joshua A. Sussberg; Christopher Marcus;<br>Christine A. Okike; Allyson B. Smith | **McDermott Will & Emery LLP**<br>One Vanderbilt Avenue<br>New York, NY 10017-3852<br>Attention:  Darren Azman; Joseph B. Evans; Grayson<br>Williams; Gregg Steinman |

| United States Trustee |
|---|
| **Office of the United States Trustee for the Southern District of New York**<br>U.S. Federal Office Building<br>201 Varick Street, Room 1006<br>New York, NY 10014<br>Attention:  Richard Morrissey; Mark Bruh |

### ADDITIONAL INFORMATION

**Obtaining Solicitation Materials**.  The materials in the Solicitation Package are intended to be self-explanatory.  If you should have any questions or if you would like to obtain additional solicitation materials (or paper copies of solicitation materials if you received the materials in electronic format, or on a CD-ROM or flash drive), please feel free to contact the Debtors' Claims, Noticing, and Solicitation Agent, by: (a) calling the Claims, Noticing, and Solicitation Agent at (855) 473-8665 (Toll Free) or +1 (949) 271-6507 (International), (b) e-mailing the Claims, Noticing, and Solicitation Agent at VoyagerInquiries@Stretto.com with a reference to "In re: Voyager - Solicitation Inquiry" in the subject line, or (c) writing to the Claims, Noticing, and Solicitation Agent at Voyager Inquiries, c/o Stretto 410 Exchange, Suite 100 Irvine, CA 92602.  You may also obtain copies of any pleadings filed with the Court for free by visiting the Debtors' restructuring website, https://cases.stretto.com/Voyager/, or for a fee via PACER at: http://pacer.psc.uscourts.gov.  Please be advised that the Claims, Noticing, and Solicitation Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may **not** advise you as to whether you should vote to accept or reject the Plan.

**Filing the Plan Supplement**.  The Debtors will file the Plan Supplement (as defined in the Plan) on or before **November 18, 2022** and will serve notice on all Holders of Claims entitled to vote on the Plan, which will: (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information contained in the Plan Supplement; and (c) explain how parties may obtain copies of the Plan Supplement.

<div style="border:1px solid">

**BINDING NATURE OF THE PLAN**

IF CONFIRMED, THE PLAN SHALL BIND ALL HOLDERS OF CLAIMS AND INTERESTS TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, WHETHER OR NOT SUCH HOLDER WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, HAS FILED A PROOF OF CLAIM IN THESE CHAPTER 11 CASES, OR FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN OR VOTED TO REJECT THE PLAN.

</div>

<div style="border:1px solid">

**HOW TO OPT INTO THE RELEASES**

Any Holder of a Claim or Interest that wants to grant the Third-Party Release set forth in Article VIII.B of the Plan must return its Ballot or Non-Voting Status Notice, as applicable, to the Claims, Noticing, and Solicitation Agent by no later than **November 25, 2022**, by following the instructions for electing to opt into the Third-Party Release set forth in such Ballot or Non-Voting Status Notice, as applicable.

</div>

**RELEASES**

**Article VIII.A of the Plan contains the following Debtor Release**:

Notwithstanding anything contained in the Plan to the contrary, on and after the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by each and all of the Debtors, the Wind-Down Debtors, and their Estates, the Wind-Down Entity, and in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of, the foregoing Entities, from any and all Causes of Action, including any derivative claims, asserted or assertable on behalf of any of the Debtors, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise, that the Debtors would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), their capital structure, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Chapter 11 Cases and related adversary proceedings, the Alameda Loan Facility, the Debtors' out-of-court restructuring efforts, intercompany transactions between or among a Debtor and another Debtor, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Definitive Documents or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Definitive Documents, the pursuit of consummation of the Plan, the administration and implementation of the Restructuring Transactions or upon any other act or omission, transaction, agreement, event, or other occurrence related to the Debtors taking place on or before the Effective Date; provided that, subject to the D&O Settlement, nothing in Article VIII.A of the Plan shall be construed to release the Released Parties from actual fraud, willful misconduct, or gross negligence as determined by a Final Order.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to section 1123(b) of the Bankruptcy Code and Bankruptcy Rule 9019, of the releases described in Article VIII.A of the Plan by the Debtors, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that each release described in Article VIII.A of the Plan is:  (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good-faith settlement and compromise of such Causes of Action; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) a sound exercise of the Debtors' business judgment; and (7) except to the extent contemplated by Article IV.E and Article IV.F of the Plan, a bar to any of the Debtors or Wind-Down Debtors or their respective

11

Estates or Wind-Down Entity asserting any Cause of Action related thereto, of any kind, against any of the Released Parties or their property.

Notwithstanding anything to the contrary contained herein, nothing in the Plan shall release, waive, or otherwise limit the (i) rights, duties, or obligations of the Purchaser under the Asset Purchase Agreement and (ii) the Non-Released D&O Claims, but such Non-Released D&O Claims shall remain subject to the limitations contained in Article IV.E and Article IV.F of the Plan.

Article VIII.B of the Plan contains the following Third-Party Release:

Except as expressly set forth in the Plan, effective on the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by each and all of the Releasing Parties, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, from any and all Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise, including any derivative claims asserted or assertable on behalf of any of the Debtors, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), their capital structure, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Alameda Loan Facility, the Debtors' ~~out-of-court~~ out of court restructuring efforts, intercompany transactions between or among a Debtor and another Debtor, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Definitive Documents or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Definitive Documents, the pursuit of consummation of the Plan, the administration and implementation of the Restructuring Transactions, or upon any other act or omission, transaction, agreement, event, or other occurrence related to the Debtors taking place on or before the Effective Date, provided that nothing in Article VIII.B of the Plan shall be construed to release the Released Parties from actual fraud, willful misconduct, or gross negligence as determined by a Final Order.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in Article VIII.B of the Plan, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that each release described in Article VIII.B of the Plan is: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good-faith settlement and compromise of such Causes of Action; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) a sound exercise of the Debtors' business judgment; and (7) except to the extent contemplated by Article IV.E and Article IV.F of the Plan, a bar to any of the Releasing Parties or the Debtors or Wind-Down Debtors or their respective Estates or Wind-Down Entity asserting any Cause of Action related thereto, of any kind, against any of the Released Parties or their property.

For the avoidance of doubt, any Contributed Third-Party Claims that Contributing Claimants elect on their ballots or opt-in forms to contribute to the Wind-Down Entity are subject to the release and exculpation provisions of the Plan to the extent they may be brought against Released Parties or Exculpated Parties.

Article VIII.C of the Plan provides for the following Exculpation:

Effective as of the Effective Date, to the fullest extent permissible under applicable law and without affecting or limiting either the Debtor release or the third-party release, and except as otherwise specifically provided in the Plan, no Exculpated Party shall have or incur, and each Exculpated Party is exculpated from any Cause of Action for any act or omission arising on or after the Petition Date and prior to the Effective Date based on the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation or filing, or consummation of the Disclosure Statement, the Plan, the Special Committee Investigation, any Definitive Documents or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of consummation of the Plan, the administration and implementation of the Plan, including the issuance of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement (including, for the avoidance of doubt, providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion), except for Causes of Action related to any act or omission that is determined in a Final Order of a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.

The Exculpated Parties have, and upon Consummation of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

<u>Article VIII.D of the Plan provides for the following Injunction</u>:

Except as otherwise provided in the Plan or the Confirmation Order, all Entities who have held, hold, or may hold Claims, Interests, Causes of Action, or liabilities that:  (a) are subject to compromise and settlement pursuant to the terms of the Plan; (b) have been released pursuant to Article VIII.A of the Plan; (c) have been released pursuant to Article VIII.B of the Plan, (d) are subject to exculpation pursuant to Article VIII.C of the Plan, or (e) are otherwise discharged, satisfied, stayed, or terminated pursuant to the terms of the Plan, are permanently enjoined and precluded, from and after the Effective Date, from commencing or continuing in any manner, any action or other proceeding, including on account of any Claims, Interests, Causes of Action, or liabilities that have been compromised or settled against the Debtors, the Wind-Down Debtors, the Wind-Down Entity, or any Entity so released or exculpated (or the property or estate of any Entity, directly or indirectly, so released or exculpated) on account of, or in connection with or with respect to, any discharged, released, settled, compromised, or exculpated Claims, Interests, Causes of Action, or liabilities.

Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former directors, managers, officers, principals, predecessors, successors, employees, agents, and direct and indirect Affiliates shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan.  Each Holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, distributions under the Plan, shall be deemed to have consented to the injunction provisions set forth in Article VIII.D of the Plan.

Dated: _____, 2022    <u>*/s/ Draft*</u>
New York, New York    **KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Avenue

New York, New York 10022
Telephone:          (212) 446-4800
Facsimile:          (212) 446-4900
Email:              jsussberg@kirkland.com
                    cmarcus@kirkland.com
                    christine.okike@kirkland.com
                    allyson.smith@kirkland.com
*Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit 7</u>**

**Plan Supplement Notice**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF FILING OF PLAN SUPPLEMENT

**PLEASE TAKE NOTICE THAT** on [  ], 2022, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. [  ]] (the "Disclosure Statement Order"): (a) authorizing Voyager Digital Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit acceptances for the *Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [  ]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *First Amended Disclosure Statement for the Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [  ]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** as contemplated by the Plan and the Disclosure Statement Order, the Debtors filed the Plan Supplement with the Court on [  ], 2022 [Docket No. [  ]]. The Plan Supplement contains the following documents each as defined in the Plan: (a) the Schedule of Assumed Executory Contracts and Unexpired

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan.

Leases; (b) the Schedule of Retained Causes of Action; (c) the Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases; (d) the Customer Migration Protocol; (e) the Restructuring Transactions Memorandum; (f) the Wind-Down Trust Agreement; and (g) any additional documents necessary to effectuate or that is contemplated by the Plan, including any compensation program for any of the Debtors' employees to be established as contemplated in the Plan and the Definitive Documents to facilitate the transfer of Acquired Assets pursuant to the Asset Purchase Agreement and the wind-down of the Debtors' Estates.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **December 6, 2022 at 11:00 a.m.**, prevailing Eastern Time, or such other time that the Court determines, before the Honorable Michael E. Wiles, in the United States Bankruptcy Court for the Southern District of New York, located at One Bowling Green, Courtroom 617, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **November 25, 2022 at 4:00 p.m. prevailing Eastern Time** (the "Plan Objection Deadline"). Any objection to the Plan **must**: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **November 25, 2022 at 4:00 p.m. prevailing Eastern Time**:

| *Debtors* |
|---|
| **Voyager Digital Holdings, Inc.**<br>33 Irving Place, Suite 3060<br>New York, NY 10003<br>Attention: Stephen Ehrlich and David Brosgol |

| *Counsel to the Debtors* | *Counsel to the Committee* |
|---|---|
| **Kirkland & Ellis LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Attention: Joshua A. Sussberg; Christopher Marcus; Christine A. Okike; Allyson B. Smith | **McDermott Will & Emery LLP**<br>One Vanderbilt Avenue<br>New York, NY 10017-3852<br>Attention: Darren Azman; Joseph B. Evans; Grayson Williams; Gregg Steinman |

| *United States Trustee* |
|---|
| **Office of the United States Trustee for the Southern District of New York**<br>U.S. Federal Office Building<br>201 Varick Street, Room 1006<br>New York, NY 10014<br>Attention: Richard Morrissey; Mark Bruh |

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Stretto, Inc., the claims, noticing, and solicitation agent retained by the Debtors in these chapter 11 cases (the "Claims, Noticing, and Solicitation Agent"), by: (a) calling the Claims, Noticing, and Solicitation Agent at (855) 473-8665 (Toll Free) or +1 (949) 271-6507 (International), (b) e-mailing the Claims, Noticing, and Solicitation Agent at VoyagerInquiries@Stretto.com with a reference to "In re: Voyager - Solicitation Inquiry" in the subject line, or (c) writing to the Claims, Noticing, and Solicitation Agent at Voyager Inquiries, c/o Stretto 410 Exchange, Suite 100 Irvine, CA 92602. You may also obtain copies of any pleadings filed with the Court for free by visiting the Debtors' restructuring website, https://cases.stretto.com/Voyager/, or for a fee via PACER at: http://pacer.psc.uscourts.gov.

**ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE VIII.B CONTAINS A THIRD-PARTY RELEASE. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

**YOUR RECOVERY UNDER THE PLAN REMAINS UNAFFECTED WHETHER OR NOT YOU ELECT TO OPT IN TO THE THIRD-PARTY RELEASE.**

Dated: _____, 2022                    /s/ Draft
New York, New York                              **KIRKLAND & ELLIS LLP**
                                                **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                                Joshua A. Sussberg, P.C.
                                                Christopher Marcus, P.C.
                                                Christine A. Okike, P.C.
                                                Allyson B. Smith (admitted *pro hac vice*)
                                                601 Lexington Avenue
                                                New York, New York 10022
                                                Telephone:      (212) 446-4800
                                                Facsimile:      (212) 446-4900
                                                Email:          jsussberg@kirkland.com
                                                                cmarcus@kirkland.com
                                                                christine.okike@kirkland.com
                                                                allyson.smith@kirkland.com

                                                *Counsel to the Debtors and Debtors in Possession*

**Exhibit 8**

**Notice of Rejection of Executory Contracts and Unexpired Leases**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

<div align="center">

**NOTICE REGARDING EXECUTORY CONTRACTS**
**AND UNEXPIRED LEASES TO BE REJECTED PURSUANT TO THE PLAN**

</div>

**PLEASE TAKE NOTICE THAT** on [  ], 2022, the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") entered an order [Docket No. [   ]] (the "<u>Disclosure Statement Order</u>"): (a) authorizing Voyager Digital Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>") to solicit acceptances for the *Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [   ]] (as modified, amended, or supplemented from time to time, the "<u>Plan</u>");[2] (b) approving the *First Amended Disclosure Statement for the Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [   ]] (as modified, amended, or supplemented from time to time, the "<u>Disclosure Statement</u>") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "<u>Solicitation Packages</u>"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan.

**PLEASE TAKE FURTHER NOTICE THAT**, on [  ], 2022, the Debtors filed the *Schedule of Assumed Executory Contracts and Unexpired Leases* and the *Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases* (together, the "Assumption Schedules") with the Court as part of the *Plan Supplement for the Second Amended Joint Chapter 11 Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates* [Docket No. [  ]] (the "Plan Supplement"), as contemplated under the Plan. All Executory Contracts and Unexpired Leases that are not being assumed or assumed and assigned pursuant to the Assumption Schedules are automatically rejected as of the Effective Date. The determination to reject those Executory Contracts and Unexpired Leases that are not on the Assumption Schedules is subject to revision.

> **PLEASE TAKE FURTHER NOTICE THAT YOU ARE RECEIVING THIS NOTICE BECAUSE THE DEBTORS' RECORDS REFLECT THAT YOU ARE A PARTY TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE THAT WILL BE REJECTED PURSUANT TO THE PLAN.  THEREFORE, YOU ARE ADVISED TO REVIEW CAREFULLY THE INFORMATION CONTAINED IN THIS NOTICE AND THE RELATED PROVISIONS OF THE PLAN.[3]**

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **December 6, 2022 at 11:00 a.m.**, prevailing Eastern Time, or such other time that the Court determines, before the Honorable Michael E. Wiles, in the United States Bankruptcy Court for the Southern District of New York, located at One Bowling Green, Courtroom 617, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE THAT** all proofs of Claim with respect to Claims arising from the rejection of Executory Contracts or Unexpired Leases, if any, must be filed with the Court within **30 days** after the date of entry of the order of the Court (including the Confirmation Order) approving such rejection.  Any Claims arising from the rejection of an Executory Contract or Unexpired Lease not filed within such time will be automatically disallowed, forever barred from assertion, and shall not be enforceable against the Debtors or the Wind-Down Debtors, their Estates, or their property without the need for any objection by the Wind-Down Debtors or further notice to, or action, order, or approval of the Court.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **November 25, 2022 at 4:00 p.m., prevailing Eastern Time** (the "Plan Objection Deadline").  Any objection to the Plan **must**: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **November 25, 2022 at 4:00 p.m, prevailing Eastern Time**:

| *Debtors* |
| --- |
| |

---

[3]    Neither the exclusion nor inclusion of any Executory Contract or Unexpired Lease on the Assumed Executory Contract and Unexpired Lease List, nor anything contained in the Plan, shall constitute an admission by the Debtors that any such contract or lease is in fact an Executory Contract or Unexpired Lease or that any Reorganized Debtor has any liability thereunder.  Further, the Debtors expressly reserve the right to (a) remove any Executory Contract or Unexpired Lease from the Rejection Schedule and assume such Executory Contract or Unexpired Lease pursuant to the terms of the Plan, up until the Effective Date and (b) contest any Claim asserted in connection with rejection of any Executory Contract or Unexpired Lease.

<table>
<tr><td colspan="2" align="center"><strong>Voyager Digital Holdings, Inc.</strong><br>33 Irving Place, Suite 3060<br>New York, NY 10003<br>Attention: Stephen Ehrlich and David Brosgol</td></tr>
<tr><td align="center"><em>Counsel to the Debtors</em></td><td align="center"><em>Counsel to the Committee</em></td></tr>
<tr><td align="center"><strong>Kirkland & Ellis LLP</strong><br>601 Lexington Avenue<br>New York, New York 10022<br>Attention: Joshua A. Sussberg; Christopher Marcus;<br>Christine A. Okike; Allyson B. Smith</td><td align="center"><strong>McDermott Will & Emery LLP</strong><br>One Vanderbilt Avenue<br>New York, NY 10017-3852<br>Attention: Darren Azman; Joseph B. Evans; Grayson<br>Williams; Gregg Steinman</td></tr>
<tr><td colspan="2" align="center"><em>United States Trustee</em></td></tr>
<tr><td colspan="2" align="center"><strong>Office of the United States Trustee for the Southern District of New York</strong><br>U.S. Federal Office Building<br>201 Varick Street, Room 1006<br>New York, NY 10014<br>Attention: Richard Morrissey; Mark Bruh</td></tr>
</table>

**PLEASE TAKE FURTHER NOTICE THAT** any objections to Plan in connection with the rejection of the Executory Contract(s) and Unexpired Lease(s) identified above and/or related rejection damages proposed in connection with the Plan that remain unresolved as of the Confirmation Hearing will be heard at the Confirmation Hearing (or such other date as fixed by the Court).

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Stretto, Inc., the claims, noticing, and solicitation agent retained by the Debtors in these chapter 11 cases (the "Claims, Noticing, and Solicitation Agent"), by: (a) calling the Claims, Noticing, and Solicitation Agent at (855) 473-8665 (Toll Free) or +1 (949) 271-6507 (International), (b) e-mailing the Claims, Noticing, and Solicitation Agent at VoyagerInquiries@Stretto.com with a reference to "In re: Voyager - Solicitation Inquiry" in the subject line, or (c) writing to the Claims, Noticing, and Solicitation Agent at Voyager Inquiries, c/o Stretto 410 Exchange, Suite 100 Irvine, CA 92602. You may also obtain copies of any pleadings filed with the Court for free by visiting the Debtors' restructuring website, https://cases.stretto.com/Voyager/, or for a fee via PACER at: http://pacer.psc.uscourts.gov.

<table>
<tr><td align="center"><strong>ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE VIII.B CONTAINS A THIRD-PARTY RELEASE.</strong> THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.<br><br>THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE CLAIMS, NOTICING, AND SOLICITATION AGENT.</td></tr>
</table>

Dated: _____, 2022          /s/ Draft
New York, New York                     **KIRKLAND & ELLIS LLP**
                                       **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                       Joshua A. Sussberg, P.C.
                                       Christopher Marcus, P.C.
                                       Christine A. Okike, P.C.
                                       Allyson B. Smith (admitted *pro hac vice*)

601 Lexington Avenue
New York, New York 10022
Telephone:        (212) 446-4800
Facsimile:        (212) 446-4900
Email:            jsussberg@kirkland.com
                  cmarcus@kirkland.com
                  christine.okike@kirkland.com
                  allyson.smith@kirkland.com
*Counsel to the Debtors and Debtors in Possession*

## Exhibit 9

**Notice of Assumption of Executory Contracts and Unexpired Leases
(Asset Purchase Agreement)**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE TO CONTRACT PARTIES**

**TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS**

---

**YOU ARE RECEIVING THIS NOTICE BECAUSE
YOU OR ONE OF YOUR AFFILIATES IS A COUNTERPARTY
TO AN EXECUTORY CONTRACT WITH ONE OR MORE
OF THE DEBTORS AS SET FORTH ON EXHIBIT A ATTACHED HERETO.**

---

**PLEASE TAKE NOTICE** that on September 28, 2022, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Motion for Entry of an Order (I) Authorizing Entry into the Asset Purchase Agreement and (II) Granting Related Relief* [Docket No. 472] (the "APA Motion"),[2] authorizing the Debtors to, among other things, enter into the Asset Purchase Agreement between the Debtors and West Realm Shires, Inc. ("FTX US") for the sale of substantially all of the Debtors' assets. The Debtors will consummate the sale transaction provided therein pursuant to a chapter 11 plan.[3]

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    Capitalized terms used but not otherwise defined herein shall have the meaning given to them in the Plan (as defined herein) or the APA Motion.

[3]    On [ ], 2022, the Debtors filed the *Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [ ]] (as modified, amended, or supplemented from time to time, the "Plan").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the APA Motion and the terms of the Asset Purchase Agreement, the Debtors will assume and assign to FTX US certain contracts (the "Assigned Contracts") listed on the *Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases* (the "Assigned Contract Schedule") filed with the Court as part of the *Plan Supplement for the Second Amended Joint Chapter 11 Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates* [Docket No. [  ]] (the "Plan Supplement"), one or more of which you are a counterparty, upon approval of the Sale. The Assigned Contracts Schedule can also be viewed on the Debtors' case website (https://cases.stretto.com/Voyager/). The Debtors have conducted a review of their books and records and have determined that the cure amount for unpaid monetary obligations under such Assigned Contracts is as set forth on **Exhibit A** attached hereto (the "Cure Costs").

**PLEASE TAKE FURTHER NOTICE** that if you disagree with the proposed Cure Costs, object to a proposed assignment to FTX US of any Assigned Contract, or object to the ability of FTX US to provide adequate assurance of future performance with respect to any Assigned Contract, your objection (a "Cure Objection") must: (i) be in writing; (ii) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (iii) state with specificity the nature of the objection and, if the objection pertains to the proposed Cure Costs, state the correct cure amount alleged to be owed to the objecting contract counterparty, together with any applicable and appropriate documentation in support thereof; (iv) be filed electronically with the Court on the docket of *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (the "Court") (which are available on the Court's website at http://www.nysb.uscourts.gov); and (v) be served so as to be actually received by **November 25, 2022, at 4:00 p.m., prevailing Eastern Time** (the "Cure Objection Deadline"), on counsel for the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg (jsussberg@kirkland.com); Christopher Marcus (cmarcus@kirkland.com); Christine Okike (christine.okike@kirkland.com); and Allyson B. Smith (allyson.smith@kirkland.com).

**PLEASE TAKE FURTHER NOTICE** that if no objection to (a) the Cure Costs, (b) the proposed assignment and assumption of any Assigned Contract, or (c) adequate assurance of FTX US's ability to perform is filed by the Cure Objection Deadline, then (i) you will be deemed to have stipulated that the Cure Costs as determined by the Debtors are correct, (ii) you will be forever barred, estopped, and enjoined from asserting any additional cure amount under the proposed Assigned Contract, and (iii) you will be forever barred, estopped, and enjoined from objecting to such proposed assignment to FTX US on the grounds that FTX US has not provided adequate assurance of future performance as of the closing date of the Sale.

**PLEASE TAKE FURTHER NOTICE** that any Cure Objection in connection with the Asset Purchase Agreement that otherwise complies with these procedures yet remains unresolved as of the commencement of the Hearing, shall be heard at the Hearing or a later date to be fixed by the Court.

**PLEASE TAKE FURTHER NOTICE** that, notwithstanding anything herein, the mere listing of any Assigned Contract on the Assigned Contracts Schedule does not require or guarantee that such Assigned Contract will be assumed by the Debtors at any time or assumed and assigned, and all rights of the Debtors and FTX US with respect to such Assigned Contract are reserved. Moreover, the Debtors explicitly reserve their rights, in their reasonable discretion, to seek to reject or assume each Assigned Contract pursuant to section 365(a) of the Bankruptcy Code and in accordance with the procedures allowing the Debtors and/or FTX US, as applicable, to designate any Assigned Contract as either rejected or assumed on a post-closing basis.

**PLEASE TAKE FURTHER NOTICE** that, nothing herein (i) alters in any way the prepetition nature of the Assigned Contracts or the validity, priority, or amount of any claims of a counterparty to any Assigned Contract against the Debtors that may arise under such Assigned Contract, (ii) creates a postpetition contract or agreement, or (iii) elevates to administrative expense priority any claims of a counterparty to any Assigned Contract against the Debtors that may arise under such Assigned Contract.

*[Remainder of Page Intentionally Left Blank]*

Dated: _____, 2022          */s/ DRAFT* _____

New York, New York

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:         jsussberg@kirkland.com
               cmarcus@kirkland.com
               christine.okike@kirkland.com
               allyson.smith@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

3

**Exhibit 10**

**Notice of Assumption of Executory Contracts and Unexpired Leases**
**(Wind-Down Entity)**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**NOTICE TO CONTRACT PARTIES**

**TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS**

**PLEASE TAKE NOTICE THAT** on [  ], 2022, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. [  ]] (the "Disclosure Statement Order"): (a) authorizing Voyager Digital Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit acceptances for the *Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [  ]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *First Amended Disclosure Statement for the Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. [  ]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]     Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan.

**PLEASE TAKE FURTHER NOTICE THAT**, on [  ], 2022, the Debtors filed the *Schedule of Assumed Executory Contracts and Unexpired Leases* (the "Assumed Contracts Schedule") with the Court as part of the *Plan Supplement for the Second Amended Joint Chapter 11 Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates* [Docket No. [  ]] (the "Plan Supplement"), as contemplated under the Plan.

**PLEASE TAKE FURTHER NOTICE** that, on the Effective Date, the Wind-Down Entity will assume the contracts (the "Assumed Contracts") listed on the Assumed Contracts Schedule, attached hereto as **Exhibit A**, one or more of which you are a counterparty. The Assumed Contracts Schedule can also be viewed on the Debtors' case website (https://cases.stretto.com/Voyager/). The Debtors have conducted a review of their books and records and have determined that the cure amounts for unpaid monetary obligations under such Assumed Contracts are as set forth on **Exhibit A** attached hereto (the "Cure Costs").

**PLEASE TAKE FURTHER NOTICE** that if you disagree with the proposed Cure Costs, your objection (a "Cure Objection") must: (i) be in writing; (ii) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (iii) state with specificity the nature of the objection and, if the objection pertains to the proposed Cure Costs, state the correct cure amount alleged to be owed to the objecting contract counterparty, together with any applicable and appropriate documentation in support thereof; (iv) be filed electronically with the Court on the docket of *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (the "Court") (which are available on the Court's website at http://www.nysb.uscourts.gov); and (v) be served so as to be actually received by **November 25, 2022, at 4:00 p.m., prevailing Eastern Time** (the "Cure Objection Deadline"), on counsel for the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg (jsussberg@kirkland.com); Christopher Marcus (cmarcus@kirkland.com); Christine Okike (christine.okike@kirkland.com); and Allyson B. Smith (allyson.smith@kirkland.com).

**PLEASE TAKE FURTHER NOTICE** that if no objection to is filed by the Cure Objection Deadline, then (i) you will be deemed to have stipulated that the Cure Costs as determined by the Debtors are correct, (ii) you will be forever barred, estopped, and enjoined from asserting any additional cure amount under the proposed Assumed Contract, and (iii) you will be forever barred, estopped, and enjoined from objecting to such proposed assumption.

**PLEASE TAKE FURTHER NOTICE** that any Cure Objection that otherwise complies with these procedures yet remains unresolved as of the commencement of the Confirmation Hearing, shall be heard at the Confirmation Hearing or a later date to be fixed by the Court.

**PLEASE TAKE FURTHER NOTICE** that, notwithstanding anything herein, the mere listing of any Assumed Contract on the Assumed Contract Schedule does not require or guarantee that such Assumed Contract will be assumed by the Debtors at any time or assumed and assigned, and all rights of the Debtors with respect to such Assumed Contract are reserved. Moreover, the Debtors explicitly reserve their rights, in their reasonable discretion, to seek to reject or assume each Assumed Contract pursuant to section 365(a) of the Bankruptcy Code and in accordance with the procedures allowing the Debtors to designate any Assumed Contract as either rejected or assumed on a post-closing basis.

**PLEASE TAKE FURTHER NOTICE** that, nothing herein (i) alters in any way the prepetition nature of the Assumed Contracts or the validity, priority, or amount of any claims of a counterparty to any Assumed Contract against the Debtors that may arise under such Assumed Contract, (ii) creates a postpetition contract or agreement, or (iii) elevates to administrative expense priority any claims of a counterparty to any Assumed Contract against the Debtors that may arise under such Assumed Contract.

*[Remainder of Page Intentionally Left Blank]*

Dated: _____, 2022           */s/ DRAFT*
New York, New York                  **KIRKLAND & ELLIS LLP**
                                    **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                    Joshua A. Sussberg, P.C.
                                    Christopher Marcus, P.C.

2

Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:        (212) 446-4800
Facsimile:        (212) 446-4900
Email:            jsussberg@kirkland.com
                  cmarcus@kirkland.com
                  christine.okike@kirkland.com
                  allyson.smith@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

3

**Exhibit 11**

**Committee Letter**

4

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**of Voyager Digital Holdings, Inc.,** *et al.*

Case No. 22-20943 (MEW)
in the United States Bankruptcy Court
for the Southern District of New York

c/o McDermott Will & Emery LLP
One Vanderbilt Avenue
New York, NY 10017-3852

To:    Customers and Creditors of Voyager Digital Holdings, Inc., *et al.*,

**I.    Introduction**

The Official Committee of Unsecured Creditors (the "UCC") was appointed by the United States Trustee to represent the interests of all unsecured creditors in the chapter 11 bankruptcy cases (the "Bankruptcy Cases") of Voyager Digital Holdings, Inc., *et al.* (collectively, "Voyager"). We write to advise you of the UCC's position regarding Voyager's revised chapter 11 plan filed on October [___], 2022 (the "Plan").[1] The deadline to vote on whether to accept or reject the Plan is November 25, 2022 (the "Voting Deadline"). On December 6, 2022, the Bankruptcy Court will hold a hearing to consider confirmation of the Plan (the "Confirmation Hearing"). For the reasons set forth below, the UCC recommends that you ***vote to accept the Plan*** and ***opt-in*** to contributing your direct claims to the Wind-Down Entity.

The UCC's primary focus is getting the maximum amount of fiat and crypto returned to creditors as quickly as possible. Maximizing value is not only limited to recovering the greatest amount possible, but also to preserving the amounts that are currently available. Every decision in these Bankruptcy Cases involves your assets because each decision risks the depletion of funds that would otherwise be distributed to you.

**II.    How Did the Settlement Come About?**

The UCC has been faced with many difficult decisions throughout the course of these Bankruptcy Cases. Each decision has been made after thorough analysis, research, and discourse to ensure that both sides of each decision have been properly vetted. The UCC's decision with respect to

---

[1]    All documents filed in Voyager's bankruptcy cases are available free of charge at https://cases.stretto.com/voyager/court-docket/. The Plan is available at Docket No. [___].

the releases set forth in the Plan was one of the most difficult. The releases contained in the Plan, as described in more detail below, release (in part) Voyager's claims against its directors and officers. Importantly, the releases in the Plan do NOT release, diminish, or in any way affect any claims you, government regulators, or any other third parties may have against Voyager's directors and officers. As you all know, the UCC is comprised of individuals who like you lost substantial amounts of cryptocurrency because of Voyager and those operating Voyager. As you all read in the objection that we filed to Voyager's disclosure statement, the UCC intended to vigorously object to the release of these individuals (collectively, the "Released Parties") from liability for their actions. It was the UCC's position then, and now, that if the individuals want to be released, then they need to pay for it.

By the same token, the UCC is not going to engage in contentious, expensive, and time-consuming legal battles that drain estate resources and delay your recoveries. The time for gambling with your money is over. Accordingly, the UCC conducted an investigation to determine the most efficient and effective resolution of potential claims against Voyager insiders, including Stephen Ehrlich, Voyager's Chief Executive Officer (CEO), and others.

A special committee of independent directors of Voyager (the "Special Committee") was appointed to investigate claims that Voyager may have against Ehrlich and other insiders. The Special Committee, in turn, hired the law firm of Quinn Emmanuel to conduct an investigation into any such claims. The UCC conducted its own investigation of the claims on behalf of creditors. The UCC investigation revealed that Ehrlich and Voyager's Chief Commercial Officer (CCO) were extremely careless in their investigation of Three Arrows Capital's (3AC) creditworthiness and thus, in their decision to loan almost $1 billion of Voyager assets to 3AC. As a result, the UCC has concluded that the Debtors have valid and substantial claims against Ehrlich and the CCO for breach of their duties of care relating to their role in approving Voyager's ill-fated loans to 3AC.[2]

To ensure that pursuing litigation against Ehrlich is a worthwhile use of resources, however, the Special Committee and the UCC investigated Ehrlich's and the CCO's personal finances to determine the extent of their assets that would be available to pay a judgment if the Wind-Down Entity (as defined in the Plan), which will be governed by a trustee selected by the UCC, successfully prosecuted Voyager's claims against them. In connection with that investigation, both individuals provided written financial disclosures attesting to their assets under penalty of perjury. According to those financial statements, neither Ehrlich nor the CCO currently have substantial assets that would justify the uncertainty and expense of protracted litigation over confirmation of the Plan. Ehrlich's assets are approximately $2.7 million (inclusive of his home), which is likely *less* than the combined legal costs Voyager's estates would incur if the UCC objects to the settlement and releases and Voyager and the

---

[2] Background regarding the relationship between Voyager and 3AC and Voyager's loan to 3AC can be found beginning on page 36 of Voyager's First Amended Disclosure Statement available at Docket No. 540.

Special Committee defend them. In other words, the depletion of assets that would otherwise be available to distribute to creditors is greater than the amount creditors stand to collect if the Wind-Down Entity brought claims against Ehrlich, and they succeed.

In light of the limited collectability, the Special Committee and its counsel negotiated a settlement with Ehrlich and the CCO. In connection with those discussions, the UCC insisted that even if Ehrlich's assets were as limited as he represented in his sworn disclosures, he should not be given a release without making a settlement payment for the benefit of creditors that represents a significant portion of his assets. The proposed settlement reflected in the Plan, though insignificant from the standpoint of the damages caused, does require Ehrlich to pay $1.125 million, which amount represents more than 40% of his assets. Importantly, despite the settlement, the Wind-Down Entity will retain the right to prosecute claims against Ehrlich and the CCO for their role in the 3AC loan, but the recovery is limited to amounts available under applicable D&O insurance policies. Thus, although Voyager is foregoing further claims against Ehrlich's and the CCO's personal assets, Voyager's rights to sue them have been preserved, albeit capped at the insurance policies.

Moreover, the settlement requires Ehrlich and the CCO to forgo and subordinate any rights they have to the proceeds of the second of Voyager's two $10 million policies (the "Second 10m Policy"). Unlike the earlier $10 million policy, the Second 10m Policy was taken out shortly before the Bankruptcy Cases were filed at a time in which Voyager was insolvent. The UCC believes that the Wind-Down Entity can bring an avoidance action to recover for the benefit of creditors the $10 million Voyager paid to the insurer under that policy. The settlement makes that recovery far more likely.

Further, the settlement requires Ehrlich to subordinate prepetition claims he has against Voyager such that all of your claims must get paid first *in full* before he can recover one dime on any of his prepetition claims. The claims subject to such subordination include his claims for the return of assets that he personally had on the Voyager platform that, like yours, were frozen shortly before the Bankruptcy Cases. The CCO will subordinate half of such claims. Further, both Ehrlich and the CCO agree to certain subordination provisions for indemnification of their legal fees they may otherwise have against Voyager. The UCC insisted on these rights to ensure that Ehrlich receives nothing unless and until you receive everything you lost.

Be assured, Ehrlich's apparent lack of wealth was surprising to the UCC as much as it must be surprising to many of you. There have been numerous reports by the media stating that Ehrlich personally made around $37 million (Canadian) from sales of Voyager's stock last year. During the course of our ongoing investigation, however, we were advised that very little of those proceeds went to Ehrlich personally. Ehrlich was only one of several owners of the consulting company that received the proceeds. That said, although we appreciate the Special Committee and its counsel have satisfied themselves that Ehrlich's financial statements are accurate, the UCC has indicated that between now and the Confirmation Hearing, it intends to vigorously continue its investigation into the accuracy of the financial disclosures by, among other things, interviewing Ehrlich and the CCO, as well as obtaining confirmatory documentation. The UCC will also investigate transfers that Ehrlich made to anyone. If the UCC determines Ehrlich's or the CCO's financial disclosures are not accurate or are misleading – for example, that Ehrlich is hiding assets that could be reached by a judgment against him – the UCC will advise you of this and will promptly pull its support for the releases and settlement contained in the Plan.

As an additional measure of protection for creditors, the UCC negotiated for the Plan to provide an "out" in case the financial disclosures we received prove untrue. Indeed, the Plan states that

if a court determines at any point in the future that the financial disclosures we relied upon in agreeing to the settlement are materially inaccurate, the releases of Ehrlich and the CCO shall become void and ineffective – meaning one or both can be sued personally by the Wind-Down Entity on the precise claims that were otherwise released. It is the combination of this protection and the additional investigation we will undertake that gives the UCC confidence in the settlement reached.

If the UCC's investigation confirms the accuracy of the financial disclosure statements, the UCC has decided not to object to the settlement or the releases because, as set forth in greater detail below, the benefits of the settlement outweigh the costs. For that reason, as well as the reasons set forth below, the UCC encourages you to *vote to accept the Plan*.

### III.    What are the Terms of the Settlement?

Before addressing why we believe the settlement is in your best interests (putting aside strong personal feelings towards those being released), we wanted to provide a brief bullet point summary of the material terms of the settlement. In exchange for Voyager releasing certain claims that can be brought against the Released Parties:

- Ehrlich shall pay $1.125 million, and contribute any tax refund he may be entitled to receive on account of the $1.125 million for the benefit of creditors;
- 3AC claims against Ehrlich and the CCO may still be prosecuted, but they shall be paid solely from the applicable D&O insurance policies;
- Any indemnification claims asserted by Ehrlich and the CCO are subject to certain subordination restrictions to creditor claims;
- Any prepetition claim by Ehrlich against Voyager shall be subordinated in full to creditor claims;
- Any prepetition claim by the CCO for assets he personally has on the Voyager platform will be subordinated in part (half) to creditor claims;
- Ehrlich and the CCO shall not make any claims against the Second 10m Policy, thereby allowing the Wind-Down Entity to attempt to clawback the recently paid $10 million premium from the insurance company; and
- If the financial disclosure statements that were provided by Ehrlich or the CCO are ever adjudicated to have been materially inaccurate, the releases given to them become void and their personal assets thus become subject to any judgment against them.
-

### IV.    Why Should I Approve of the Settlement?

As an initial matter, the UCC is not happy that Ehrlich is only paying $1.125 million. However, assuming the financial statements are accurate, that $1.125 million represents approximately 60% of Ehrlich's net worth if you do not include his house and 40% of his net worth if you do. If the UCC objects to the settlement and succeeds, it is unclear whether a $1.125 million recovery is possible later, after protracted litigation. There is also a possibility that Ehrlich files for bankruptcy before that date, which would likely result in no recovery for creditors. The UCC is not going to gamble with your assets in an attempt to draw blood from a stone. Doing so would be throwing good money after bad money.

With that said, the individual payment is the least important aspect of the settlement. The critical benefit for creditors is the preservation of (i) assets to be recovered (i.e., insurance policies) and (ii) current assets (i.e., avoiding costly litigation).

*First*, as part of the settlement, *only* the Wind-Down Entity (and therefore, creditors) may benefit from the Second 10m Policy. Ehrlich cannot deplete such policy by filing claim after claim to cover their personal litigation defense costs until such time as the Wind-Down Entity has the opportunity to avoid and recover the $10 million premium paid for the policy. The value preserved through this component of the settlement is up to $10 million. Importantly, if the settlement fails, that $10 million will be depleted by Ehrlich and others as they defend against the same claims that are being released.

*Second*, reaching a resolution preserves a substantial amount of resources by avoiding protracted litigation over Plan confirmation. Absent a settlement, the UCC intended to object to the releases set forth in the Plan, take depositions, and present witnesses and experts at trial. The Confirmation Hearing would be heavily contested resulting in significant legal fees being incurred and likely a significant extension of time before cryptocurrency and fiat are returned to creditors. Moreover, if the UCC's objections were successful, then the Plan would not be able to be confirmed with the inclusion of the releases. Although the Court could approve the Plan if the releases are removed, Voyager would not have been required to move forward with that result. Instead, Voyager could have simply withdrawn the Plan, which would put the FTX transaction and an expeditious exit from chapter 11 at risk and certainly would have delayed the return of the creditors' monies. The settlement avoids these costly delays and risks that would only serve to reduce and further delay creditor recoveries.

The UCC is tasked with objectively making decisions to increase creditor recoveries, no matter how difficult those decisions are to stomach. The settlement between Voyager, the Special Committee, Ehrlich, and the CCO preserves millions in assets for creditors. If the settlement fails, there is significant risk that creditors will not receive any benefit from these individuals or Voyager's insurance policies, while at the same time incurring substantial litigation costs. It is this cost-benefit analysis guiding the UCC's decision to agree to the settlement.

However, as stated above, the UCC will investigate the accuracy of the sworn financial statements because of the disclosures contained therein are false, the releases ***will be void***.

## V. Contributed Third Party Claims

As an additional benefit of the settlement, Voyager has agreed to include a mechanism for creditors to contribute direct claims to the Wind-Down Entity that they may have against third parties that are in any way affiliated with Voyager. Specifically, the ballots that creditors receive to vote on the Plan will include an option to "opt in" to contributing their direct claims to the Wind-Down Entity.

As you know, the UCC conducted an investigation into the Released Parties. The investigation, however, did not include an investigation into claims Voyager and creditors may have against other third parties. Upon the effective date of the Plan, the Wind-Down Entity will conduct an investigation into these third parties. Although the Wind-Down Entity will have standing to pursue causes of action held by Voyager, causes of action held individually by creditors will not be included. If creditors contribute their direct claims against third parties to the Wind-Down Entity, the Trust will have the ability to bolster its causes of action against third parties and create a better chance at a larger recovery for creditors. Creditors that "opt in" to contributing their claims will also be contributing direct claims they hold against

Voyager's directors and officers, including Ehrlich. To be clear, the Wind-Down Entity will not pursue those claims because they are being released as part of the settlement discussed above. However, claims against the directors and officers are not the claims that provide the best opportunity to recover significant assets for customers because those targets do not have substantial assets. It is claims against other not yet identified third parties. Accordingly, the UCC encourages creditors to "opt in" to contributing their direct claims to the Wind-Down Entity.

## VI.    Why Should I Accept the Plan?

The Plan must be confirmed to ensure that creditors receive distributions in the greatest amount and as quickly as possible. The Plan accomplishes this goal. The UCC fully supports the FTX transaction, which was selected after an extensive marketing and auction process, because the UCC believes that its consummation will maximize recoveries to creditors in the most timely, efficient, and effective manner.

If the Plan is not confirmed, there is risk of delay and a significant reduction to creditor recoveries. That is not a result that the UCC supports.

\*\*\*

For the foregoing reasons, the UCC, urges you to *vote to accept* the Plan and *opt-in* to contributing your direct claims to the Wind-Down Entity.

Sincerely,

*The Official Committee of Unsecured Creditors*