Re: Docket Nos. 564, 565

**MCDERMOTT WILL & EMERY LLP**
Darren Azman
Joseph B. Evans
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

**MCDERMOTT WILL & EMERY LLP**
Charles R. Gibbs (admitted *pro hac vice*)
Grayson Williams (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201-1664
Telephone: (214) 295-8000
Facsimile: (972) 232-3098

*Counsel to the Official Committee of
Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF FILING OF LETTER OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS IN SUPPORT OF JOINT CHAPTER 11 PLAN OF
VOYAGER DIGITAL HOLDINGS, INC. AND ITS DEBTOR AFFILIATES**

**PLEASE TAKE NOTICE** that on October 19, 2022, the Debtors filed the *Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 564] (the "Plan") and the *First Amended Disclosure Statement Relating to the Second Amended Joint Plan of Voyager Digital*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Voyager Digital Holdings, Inc.'s and Voyager Digital Ltd.'s principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003. Voyager Digital, LLC's principal place of business is 701 S. Miami Ave, 8th Floor, Miami, FL 33131.

*Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code)* [Docket No. 565] (the "Disclosure Statement").

**PLEASE TAKE FURTHER NOTICE** that on October 12, 2022, the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter 11 cases of Voyager Digital Holdings, Inc., *et al.* (collectively, the "Debtors") filed the *Objection of the Official Committee of Unsecured Creditors to Debtors' Motion for Entry of an Order Approving (I) the Adequacy of the Amended Disclosure Statement, (II) Solicitation and Notice Procedures, (III) Forms of Ballots and Notices in Connection Therewith, and (IV) Certain Dates With Respect Thereto* [Docket No. 553] (the "Objection") under temporary seal in accordance with *Common Interest and Confidentiality Stipulation and Protective Order* [Docket No. 408].

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Objection, the Committee seeks Court authority for the Committee Letter (as defined in the Objection) to be sent to general unsecured creditors.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have agreed to include the Committee Letter in the Plan and Disclosure statement solicitation package.

**PLEASE TAKE FURTHER NOTICE** that the Committee hereby files the Committee Letter, attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/Voyager. You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

| | |
|---|---|
| Dated:  New York, New York<br>October 19, 2022 | **MCDERMOTT WILL & EMERY LLP**<br><br>*/s/ Darren Azman*<br>Darren Azman<br>Joseph B. Evans<br>One Vanderbilt Avenue<br>New York, NY 10017-3852<br>Telephone: (212) 547-5400<br>Facsimile: (212) 547-5444<br>E-mail: dazman@mwe.com<br>E-mail: jbevans@mwe.com<br><br>and<br><br>Charles R. Gibbs (admitted *pro hac vice*)<br>Grayson Williams (admitted *pro hac vice*)<br>2501 North Harwood Street, Suite 1900<br>Dallas, TX 75201<br>Telephone: (214) 295-8000<br>Facsimile: (972) 232-3098<br>E-mail: crgibbs@mwe.com<br>E-mail: gwilliams@mwe.com<br><br>and<br><br>Gregg Steinman (admitted *pro hac vice*)<br>333 SE 2nd Avenue, Suite 4500<br>Miami, FL 33131-2184<br>Telephone: (305) 329-4473<br>Facsimile: (305) 503-8805<br>E-mail: gsteinman@mwe.com<br><br>*Counsel to the Official*<br>*Committee of Unsecured Creditors* |

## CERTIFICATE OF SERVICE

       I hereby certify that on this 19th day of October 2022, I caused a true and correct copy of the foregoing *Notice of Filing of Letter of the Official Committee of Unsecured Creditors in Support of Joint Chapter 11 Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates* to be served on the Service List via (i) electronic notification pursuant to the CM/ECF system for the United States Bankruptcy Court for the Southern District of New York, (ii) e-mail, or (iii) First Class U.S. Mail, as indicated in the service list attached hereto.

                                                  */s/ Darren Azman*
                                                    Darren Azman

## SERVICE LIST

| Name | Attention | Address 1 | Address 2 | City | State | Zip | Country | Email | Method of Service |
|---|---|---|---|---|---|---|---|---|---|
| DISTRICT OF COLUMBIA | OFFICE OF THE ATTORNEY GENERAL | 400 6TH STREET NW | | WASHINGTON | DC | 20001 | | OAG@DC.GOV | VIA E-MAIL |
| FRANCINE DE SOUSA | C/O SISKINDS LLP | ATTN: ANTHONY O'BRIEN | 100 LOMBARD STREET SUITE 302 | TORONTO | ON | M5C1M3 | | ANTHONY.OBRIEN@SISKINDS.COM | VIA E-MAIL |
| FRANCINE DE SOUSA | C/O SISKINDS LLP | ATTN: MICHAEL G. ROBB & GARETT M. HUNTER | 275 DUNDAS STREET UNIT 1 | LONDON | ON | N6B3L1 | | MICHAEL.ROBB@SISKINDS.COM GARETT.HUNTER@SISKINDS.COM | VIA E-MAIL |
| GOOGLE, LLC | | 1600 AMPHITHEATRE PKWY | | MOUNTAIN VIEW | CA | 94043 | | COLLECTIONS@GOOGLE.COM | VIA E-MAIL |
| INTERNAL REVENUE SERVICE | | PO BOX 7346 | | PHILADELPHIA | PA | 19101-7346 | | | VIA FIRST CLASS MAIL |
| OFFICE OF THE UNITED STATES TRUSTEE | FOR THE SOUTHERN DIST OF NEW YORK | ATTN: RICHARD C. MORRISSEY, ESQ. AND MARK BRUH, ESQ. | 201 VARICK STREET, ROOM 1006 | NEW YORK | NY | 10014 | | RICHARD.MORRISSEY@USDOJ.GOV MARK.BRUH@USDOJ.GOV | VIA E-MAIL VIA E-MAIL |
| SECURITIES & EXCHANGE COMMISSION | | 100 F STREET NE | | WASHINGTON | DC | 20549 | | SECBANKRUPTCY-OGC-ADO@SEC.GOV | VIA E-MAIL |
| SECURITIES & EXCHANGE COMMISSION | NEW YORK REGIONAL OFFICE | 100 PEARL STREET SUITE 20-100 | | NEW YORK | NY | 10004-2616 | | NYROBANKRUPTCY@SEC.GOV | VIA E-MAIL |
| SECURITIES & EXCHANGE COMMISSION | NEW YORK REGIONAL OFFICE | ATTN: ANDREW CALAMARI REGIONAL DIRECTOR | 200 VESEY STREET SUITE 400 | NEW YORK | NY | 10281-1022 | | BANKRUPTCYNOTICESCHR@SEC.GOV | VIA E-MAIL |
| STATE OF ALABAMA | OFFICE OF THE ATTORNEY GENERAL | 501 WASHINGTON AVE | | MONTGOMERY | AL | 36104 | | CONSUMERINTEREST@ALABAMAAG.GO | VIA E-MAIL |
| STATE OF ALASKA | OFFICE OF THE ATTORNEY GENERAL | 1031 W 4TH AVE, STE 200 | | ANCHORAGE | AK | 99501 | | ATTORNEY.GENERAL@ALASKA.GOV | VIA E-MAIL |
| STATE OF ARIZONA | OFFICE OF THE ATTORNEY GENERAL | 2005 N CENTRAL AVE | | PHOENIX | AZ | 85004 | | AGINFO@AZAG.GOV | VIA E-MAIL |
| STATE OF ARKANSAS | OFFICE OF THE ATTORNEY GENERAL | 323 CENTER ST, STE 200 | | LITTLE ROCK | AR | 72201 | | OAG@ARKANSASAG.GOV | VIA E-MAIL |
| STATE OF CALIFORNIA | OFFICE OF THE ATTORNEY GENERAL | PO BOX 944255 | | SACRAMENTO | CA | 94244-2550 | | XAVIER.BECERRA@DOJ.CA.GOV | VIA E-MAIL |
| STATE OF COLORADO | OFFICE OF THE ATTORNEY GENERAL | RALPH L. CARR JUDICIAL BUILDING | 1300 BROADWAY, 10TH FL | DENVER | CO | 80203 | | CORA.REQUEST@COAG.GOV | VIA E-MAIL |
| STATE OF CONNECTICUT | OFFICE OF THE ATTORNEY GENERAL | 165 CAPITOL AVENUE | | HARTFORD | CT | 06106 | | ATTORNEY.GENERAL@CT.GOV | VIA E-MAIL |
| STATE OF FLORIDA | OFFICE OF THE ATTORNEY GENERAL | THE CAPITOL PL01 | | TALLHASSEE | FL | 32399 | | ASHLEY.MOODY@MYFLORIDALEGAL.CO | VIA E-MAIL |
| STATE OF GEORGIA | OFFICE OF THE ATTORNEY GENERAL | 40 CAPITOL SQ SW | | ATLANTA | GA | 30334 | | | VIA FIRST CLASS MAIL |
| STATE OF HAWAII | OFFICE OF THE ATTORNEY GENERAL | 425 QUEEN STREET | | HONOLULU | HI | 96813 | | HAWAIIAG@HAWAII.GOV | VIA E-MAIL |
| STATE OF IDAHO | OFFICE OF THE ATTORNEY GENERAL | 700 W. JEFFERSON ST, SUITE 210 | PO BOX 83720 | BOISE | ID | 83720 | | LAWRENCE.WASDEN@AG.IDAHO.GOV AGWASDEN@AG.IDAHO.GOV | VIA E-MAIL |
| STATE OF ILLINOIS | OFFICE OF THE ATTORNEY GENERAL | JAMES R. THOMPSON CENTER | 100 W. RANDOLPH ST | CHICAGO | IL | 60601 | | INFO@LISAMADIGAN.ORG | VIA E-MAIL |
| STATE OF INDIANA | OFFICE OF THE INDIANA ATTORNEY GENERAL | INDIANA GOVERNMENT CENTER SOUTH | 302 W WASHINGTON ST, 5TH FLOOR | | IN | 46204 | | | VIA FIRST CLASS MAIL |
| STATE OF IOWA | OFFICE OF THE ATTORNEY GENERAL | HOOVER STATE OFFICE BUILDING | 1305 E. WALNUT STREET | DES MOINES | IA | 50319 | | CONSUMER@AG.IOWA.GOV | VIA E-MAIL |
| STATE OF KANSAS | ATTN: ATTORNEY GENERAL DEREK SCHMIDT | 120 SW 10TH AVE, 2ND FLOOR | | TOPEKA | KS | 66612 | | DEREK.SCHMIDT@AG.KS.GOV | VIA E-MAIL |
| STATE OF KENTUCKY | ATTORNEY GENERAL - DANIEL CAMERON | 700 CAPITAL AVENUE, SUITE 118 | | FRANKFORT | KY | 40601 | | | VIA FIRST CLASS MAIL |
| STATE OF LOUISIANA | DEPT. OF JUSTICE - ATTORNEY GENERAL'S OFFICE | 300 CAPITAL DRIVE | | BATON ROUGE | LA | 70802 | | ADMININFO@AG.STATE.LA.US | VIA E-MAIL |
| STATE OF MAINE | OFFICE OF THE ATTORNEY GENERAL | 6 STATE HOUSE STATION | | AUGUSTA | ME | 04333 | | ATTORNEY.GENERAL@MAINE.GOV | VIA E-MAIL |
| STATE OF MARYLAND | OFFICE OF THE ATTORNEY GENERAL | 200 ST. PAUL PLACE | | BALTIMORE | MD | 21202 | | OAG@OAG.STATE.MD.US | VIA E-MAIL |
| STATE OF MASSACHUSETTS | ATTORNEY GENERAL'S OFFICE | 1 ASHBURTON PLACE, 20TH FLOOR | | BOSTON | MA | 02108 | | | VIA FIRST CLASS MAIL |
| STATE OF MICHIGAN | DEPARTMENT OF ATTORNEY GENERAL | 525 W OTTAWA ST | | LANSING | MI | 48906 | | | VIA FIRST CLASS MAIL |
| STATE OF MINNESOTA | OFFICE OF THE ATTORNEY GENERAL | 445 MINNESOTA ST, STE 1400 | | ST. PAUL | MN | 55101 | | ATTORNEY.GENERAL@AG.STATE.MN.US | VIA E-MAIL |
| STATE OF MISSISSIPPI | OFFICE OF THE ATTORNEY GENERAL | WALTER SILLERS BUILDING | 550 HIGH ST, PO BOX 220 | JACKSON | MS | 39201 | | | VIA FIRST CLASS MAIL |
| STATE OF MISSOURI | OFFICE OF THE ATTORNEY GENERAL | SUPREME COURT BUILDING | 207 W HIGH ST | JEFFERSON CITY | MO | 65101 | | CONSUMER.HELP@AGO.MO.GOV | VIA E-MAIL |
| STATE OF MONTANA | OFFICE OF THE ATTORNEY GENERAL | JUSTICE BUILDING, 3RD FLOOR | 215 N SANDERS, PO BOX 201401 | HELENA | MT | 59602 | | CONTACTDOJ@MT.GOV | VIA E-MAIL |
| STATE OF NEBRASKA | OFFICE OF THE ATTORNEY GENERAL | 2115 STATE CAPITOL | | LINCOLN | NE | 68509 | | | VIA FIRST CLASS MAIL |
| STATE OF NEVADA | OFFICE OF THE ATTORNEY GENERAL | OLD SUPREME COURT BUILDING | 100 N CARSON ST | CARSON CITY | NV | 89701 | | | VIA FIRST CLASS MAIL |
| STATE OF NEW HAMPSHIRE | OFFICE OF THE ATTORNEY GENERAL | NH DEPARTMENT OF JUSTICE | 33 CAPITOL ST. | CONCORD | NH | 03301 | | ATTORNEYGENERAL@DOJ.NH.GOV | VIA E-MAIL |
| STATE OF NEW JERSEY | OFFICE OF THE ATTORNEY GENERAL | RICHARD J. HUGHES JUSTICE COMPLEX | 25 MARKET ST 8TH FL, WEST WING BOX 080 | TRENTON | NJ | 08611 | | | VIA FIRST CLASS MAIL |
| STATE OF NEW MEXICO | OFFICE OF THE ATTORNEY GENERAL | 408 GALISTEO STREET | VILLAGRA BUILDING | SANTA FE | NM | 87501 | | HBALDERAS@NMAG.GOV | VIA E-MAIL |
| STATE OF NEW YORK | OFFICE OF THE ATTORNEY GENERAL | THE CAPITOL | 2ND FLOOR | ALBANY | NY | 12224 | | | VIA FIRST CLASS MAIL |
| STATE OF NORTH CAROLINA | OFFICE OF THE ATTORNEY GENERAL | 114 W EDENTON ST | | RALEIGH | NC | 27603 | | | VIA FIRST CLASS MAIL |
| STATE OF NORTH DAKOTA | OFFICE OF THE ATTORNEY GENERAL | STATE CAPITOL, 600 E | DEPT. 125 | BISMARCK | ND | 58505 | | NDAG@ND.GOV | VIA E-MAIL |
| STATE OF OHIO | OFFICE OF THE ATTORNEY GENERAL | STATE OFFICE TOWER | 30 E BROAD ST 14TH FL | COLUMBUS | OH | 43215 | | | VIA FIRST CLASS MAIL |
| STATE OF OKLAHOMA | OFFICE OF THE ATTORNEY GENERAL | 313 NE 21ST ST | | OKLAHOMA CITY | OK | 73105 | | QUESTIONS@OAG.OK.GOV | VIA E-MAIL |
| STATE OF OREGON | OFFICE OF THE ATTORNEY GENERAL | 1162 COURT ST NE | | SALEM | OR | 97301-4096 | | ELLEN.ROSENBLUM@DOG.STATE.OR.US ATTORNEYGENERAL@DOJ.STATE.OR.U | VIA E-MAIL |
| STATE OF PENNSYLVANIA | OFFICE OF THE ATTORNEY GENERAL | STRAWBERRY SQUARE 16TH FL | | HARRISBURG | PA | 17120 | | | VIA FIRST CLASS MAIL |
| STATE OF RHODE ISLAND | OFFICE OF THE ATTORNEY GENERAL | 150 S MAIN ST | | PROVIDENCE | RI | 02903 | | AG@RIAG.RI.GOV | VIA E-MAIL |
| STATE OF SOUTH CAROLINA | OFFICE OF THE ATTORNEY GENERAL | PO BOX 11549 | | COLUMBIA | SC | 29211 | | | VIA FIRST CLASS MAIL |
| STATE OF SOUTH CAROLINA | OFFICE OF THE ATTORNEY GENERAL | REMBERT C. DENNIS BLDG | 1000 ASSEMBLY ST RM 519 | COLUMBIA | SC | 29201 | | | VIA FIRST CLASS MAIL |
| STATE OF SOUTH DAKOTA | OFFICE OF THE ATTORNEY GENERAL | 1302 E HIGHWAY 14, STE 1 | | PIERRE | SD | 57501-8501 | | | VIA FIRST CLASS MAIL |

| Name | Firm/Org | Address 1 | Address 2 | City | State | Zip | | Email | Method |
|---|---|---|---|---|---|---|---|---|---|
| STATE OF TENNESSEE | OFFICE OF THE ATTORNEY GENERAL | PO BOX 20207 | | NASHVILLE | TN | 37202-0207 | | | VIA FIRST CLASS MAIL |
| STATE OF TEXAS | OFFICE OF THE ATTORNEY GENERAL | 300 W. 15TH ST | | AUSTIN | TX | 78701 | | | VIA FIRST CLASS MAIL |
| STATE OF UTAH | OFFICE OF THE ATTORNEY GENERAL | UTAH STATE CAPITOL COMPLEX | 350 NORTH STATE ST STE 230 | SALT LAKE CITY | UT | 84114 | | UAG@UTAH.GOV | VIA E-MAIL |
| STATE OF VERMONT | OFFICE OF THE ATTORNEY GENERAL | 109 STATE ST. | | MONTPELIER | VT | 05609 | | AGO.INFO@VERMONT.GOV | VIA E-MAIL |
| STATE OF VIRGINIA | OFFICE OF THE ATTORNEY GENERAL | 202 N. NINTH ST. | | RICHMOND | VA | 23219 | | MAIL@OAG.STATE.VA.US | VIA E-MAIL |
| STATE OF WASHINGTON | OFFICE OF THE ATTORNEY GENERAL | 1125 WASHINGTON ST SE | | OLYMPIA | WA | 98501 | | | VIA FIRST CLASS MAIL |
| STATE OF WASHINGTON | OFFICE OF THE ATTORNEY GENERAL | PO BOX 40100 | | OLYMPIA | WA | 98504-00 | | | VIA FIRST CLASS MAIL |
| STATE OF WEST VIRGINIA | OFFICE OF THE ATTORNEY GENERAL | STATE CAPITOL, 1900 KANAWHA | BUILDING 1 RM E-26 | CHARLESTON | WV | 25305 | | CONSUMER@WVAGO.GOV | VIA E-MAIL |
| STATE OF WISCONSIN | OFFICE OF THE ATTORNEY GENERAL | 17 WEST MAIN STREET, ROOM 114 EAST P | | MADISON | WI | 53702 | | | VIA FIRST CLASS MAIL |
| STATE OF WYOMING | OFFICE OF THE ATTORNEY GENERAL | 109 STATE CAPITOL | | CHEYENNE | WY | 82002 | | | VIA FIRST CLASS MAIL |
| TORONTO STOCK EXCHANGE | | 300 - 100 ADELAIDE ST. | | WEST TORONTO | ON | M5H 1S3 | | WEBMASTER@TMX.COM | VIA E-MAIL |
| UNITED STATES ATTORNEY'S OFFICE | SOUTHERN DISTRICT OF NEW YORK | ONE ST. ANDREWS PLAZA | | NEW YORK | NY | 10007 | | | VIA FIRST CLASS MAIL |
| UNITED STATES DEPARTMENT OF | ATTORNEY GENERAL OF THE U.S. | 950 PENNSYLVANIA AVE, NW | | WASHINGTON | DC | 20530-0001 | | | VIA FIRST CLASS MAIL |
| KELLEHER PLACE MANAGEMENT, LLC | HORWOOD MARCUS & BERK CHARTERED | 500 W. MADISON ST. | SUITE 3700 | CHICAGO | IL | 60661 | | AHAMMER@HMBLAW.COM NDELMAN@HMBLAW.COM | VIA ECF VIA E-MAIL |
| METROPLITAN COMMERCIAL BANK | BALLARD SPAHR LLP | 200 IDS CENTER | 80 SOUTH 8TH STREET | MINNEAPOLIS | MN | 55402-2119 | | SINGERG@BALLARDSPAHR.COM | VIA E-MAIL |
| METROPLITAN COMMERCIAL BANK | WACHTELL, LIPTON, ROSEN & KATZ | 51 WEST 52ND STREET | | NEW YORK | NY | 10019-6150 | | RGMASON@WLRK.COM ARWOLF@WLRK.COM AKHERRING@WLRK.COM | VIA E-MAIL VIA ECF VIA E-MAIL |
| JASON RAZNICK | JAFFE RAITT HEUER & WEISS, P.C. | 27777 FRANKLIN ROAD | SUITE 2500 | SOUTHFIELD | MI | 48034 | | PHAGE@JAFFELAW.COM | VIA ECF |
| STEVE LAIRD | FORSHEY & PROSTOK LLP | 777 MAIN STREET | SUITE 1550 | FORT WORTH | TX | 76102 | | BFORSHEY@FORSHEYPROSTOK.COM | VIA ECF |
| ORACLE AMERICA, INC. | BUCHALTER, A PROFESSIONAL CORPORA | 425 MARKET ST. | SUITE 2900 | SAN FRANCISCO | CA | 94105 | | SCHRISTIANSON@BUCHALTER.COM | VIA ECF |
| ALAMEDA RESEARCH LLC & AFFILIATES | SULLIVAN & CROMWELL LLP | 125 BROAD STREET | | NEW YORK | NY | 10004 | | DIETDERICHA@SULLCROM.COM GLUECKSTEINB@SULLCROM.COM BELLERB@SULLCROM.COM | VIA ECF VIA ECF VIA E-MAIL |
| VOYAGER DIGITAL HOLDINGS, INC., ET AL. | KIRKLAND & ELLIS LLP KIRKLAND & ELLIS INTERNATIONAL LLP | 601 LEXINGTON AVENUE | | NEW YORK | NY | 10022 | | JSUSSBERG@KIRKLAND.COM CMARCUS@KIRKLAND.COM CHRISTINE.OKIKE@KIRKLAND.COM ALLYSON.SMITH@KIRKLAND.COM | VIA ECF VIA E-MAIL VIA E-MAIL VIA E-MAIL |
| EMERALD OCEAN ISLE, LLC, AMANO GLOBAL HOLDINGS, INC., SHINGO LAVINE, AND ADAM LAVINE | C/O GOLDSTEIN & MCCLINTOCK LLLP | ATTN: MATTHEW E. MCCLINTOCK, HARLEY GOLDSTEIN, AND STEVE YACHIK | 111 W WASHINGTON STREET SUITE 1221 | CHICAGO | IL | 60602 | | MATTM@GOLDMCLAW.COM HARLEYG@RESTRUCTURINGSHOP.COM STEVENY@GOLDMCLAW.COM | VIA E-MAIL VIA E-MAIL VIA E-MAIL |
| EMERALD OCEAN ISLE, LLC, AMANO GLOBAL HOLDINGS, INC., SHINGO LAVINE, AND ADAM LAVINE | C/O LAW OFFICES OF DOUGLAS T. TABACHNIK, P.C. | ATTN: DOUGLAS T. TABACHNIK | 63 WEST MAIN STREET SUITE C | FREEHOLD | NJ | 07728-2141 | | DTABACHNIK@DTTLAW.COM | VIA ECF |
| MATTHEW EDWARDS | C/O LIZ GEORGE AND ASSOCIATES | ATTN: LYSBETH GEORGE | 8101 S. WALKER SUITE F | OKLAHOMA CITY | OK | 73139 | | GEORGELAWOK@GMAIL.COM | VIA ECF |
| TEXAS STATE SECURITIES BOARD | OFFICE OF THE ATTORNEY GENERAL OF TEXAS | ATTN: ABIGAIL R RYAN, LAYLA D MILLIGAN & JASON B BINFORD | BANKRUPTCY & COLLECTIONS DIVISION PO BOX 12548 | AUSTIN | TX | 78711-2548 | | ABIGAIL.RYAN@OAG.TEXAS.GOV LAYLA.MILLIGAN@OAG.TEXAS.GOV JASON.BINFORD@OAG.TEXAS.GOV | VIA ECF VIA E-MAIL VIA E-MAIL |
| OFFICE OF THE ATTORNEY GENERAL OF TEXAS | | ATTN: ROMA N. DESAI | BANKRUPTCY & COLLECTIONS DIVISION PO BOX 12548 | AUSTIN | TX | 78711-2548 | | ROMA.DESAI@OAG.TEXAS.GOV | VIA ECF |
| OFFICE OF THE ATTORNEY GENERAL | BANKRUPTCY DIVISION | ATTN: MARVIN E. CLEMENTS, JR. | BANKRUPTCY DIVISION P O BOX 20207 | NASHVILLE | TN | 37202-0207 | | AGBANKNEWYORK@AG.TN.GOV | VIA ECF |
| VERMONT DEPARTMENT OF FINANCIAL REGULATION | ASSISTANT GENERAL COUNSEL | ATTN: JENNIFER ROOD | 89 MAIN STREET THIRD FLOOR | MONTPELIER | VT | 05620 | | JENNIFER.ROOD@VERMONT.GOV | VIA ECF |
| ROBERT SNYDERS & LISA SNYDERS | C/O JOHNSON, POPE, BOKOR, RUPPEL & BURNS, LLP | ATTN: ANGELINA E. LIM | 401 E JACKSON STREET SUITE 3100 | TAMPA | FL | 33602 | | ANGELINAL@JPFIRM.COM | VIA ECF |
| MICHAEL LEGG | C/O MCCARTHY, LEBIT, CRYSTAL & LIFFMAN CO. | ATTN: ROBERT R. KRACHT & NICHOLAS R. OLESKI | 1111 SUPERIOR AVENUE EAST SUITE 2700 | CLEVELAND | OH | 44114 | | RRK@MCCARTHYLEBIT.COM NRO@MCCARTHYLEBIT.COM | VIA E-MAIL VIA ECF |
| MICHAEL GENTSCH | C/O BARSKI LAW PLC | ATTN: CHRIS D. BRASKI | 9375 E. SHEA BLVD. STE 100 | SCOTTSDALE | AZ | 85260 | | CBARSKI@BARSKILAW.COM | VIA ECF |
| ILLINOIS SECRETARY OF STATE | C/O OFFICE OF THE ATTORNEY GENERAL | ATTN: JOHN P. REDING | 100 W. RANDOLPH ST FLOOR 13 | CHICAGO | IL | 60601 | | JOHN.REDING@ILAG.GOV | VIA ECF |
| GEORGIA DEPARTMENT OF BANKING AND FINANCE | | ATTN: NATHAN HOVEY, ASSISTANT ATTORNEY GENERAL | DEPARTMENT OF LAW 40 CAPITOL SQUARE SW | ATLANTA | GA | 30334 | | NHOVEY@LAW.GA.GOV | VIA ECF |
| MARK CUBAN AND DALLAS BASKETBALL LIMITED D/B/A DALLAS MAVERICKS | C/O BROWN RUDNICK LLP | ATTN: SIGMUND S. WISSNER-GROSS ESQ. & KENNETH J. AULET | SEVEN TIMES SQUARE | NEW YORK | NY | 10036 | | SWISSNER-GROSS@BROWNRUDNICK.COM KAULET@BROWNRUDNICK.COM | VIA ECF VIA E-MAIL |
| MARK CUBAN AND DALLAS BASKETBALL LIMITED D/B/A DALLAS MAVERICKS | C/O BROWN RUDNICK LLP | ATTN: STEPHEN A. BEST ESQ & RACHEL O. WOLKINSON, ESQ. | 601 THIRTEENTH STREET NW SUITE 600 | WASHINGTON | DC | 2005 | | SBEST@BROWNRUDNICK.COM RWOLKINSON@BROWNRUDNICK.COM | VIA E-MAIL VIA E-MAIL |
| ED BOLTON | C/O AKERMAN LLP | ATTN: R. ADAM SWICK, JOHN H. THOMPSON, JOANNE GELFAND | 1251 AVENUE OF THE AMERICAS, 37TH FL | NEW YORK | NY | 10020 | | ADAM.SWICK@AKERMAN.COM; JOHN.THOMPSON@AKERMAN.COM; JOANNE.GELFAND@AKERMAN.COM | VIA ECF VIA ECF VIA ECF |
| JON GIACOBBE | | ATTN: A. MANNY ALICANDRO | 11 BROADWAY, SUITE 615 | NEW YORK | NY | 10004 | | MANNY@ALICANDROLAWOFFICE.COM | VIA ECF |
| WELLS FARGO BANK, N.A. | C/O ALDRIDGE PITE, LLP | ATTN: GREGORY WALLACH | FIFTEEN PIEDMONT CENTER 3575 PIEDMONT ROAD, N.E. | ATLANTA | GA | 30305 | | GWALLACH@ALDRIDGEPITE.COM | VIA ECF |
| AD HOC GROUP OF EQUITY INTEREST HOLDERS | C/O KILPATRICK TOWNSEND & STOCKTON LLP | ATTN: DAVID M. POSNER & KELLY E. MOYNIHAN | THE GRACE BUILDING 1114 AVENUE OF THE | NEW YORK | NY | 10036 | | DPOSNER@KILPATRICKTOWNSEND.COM KMOYNIHAN@KILPATRICKTOWNSEND.C | VIA ECF VIA E-MAIL |
| AD HOC GROUP OF EQUITY INTEREST HOLDERS | C/O KILPATRICK TOWNSEND & STOCKTON LLP | ATTN: PAUL M. ROSENBLATT | 1100 PEACHTREE STREET NE SUITE 2800 | ATLANTA | GA | 30309 | | PROSENBLATT@KILPATRICKTOWNSEND.COM | VIA E-MAIL |
| PIERCE ROBERTSON | C/O PACHULSKI STANG ZIEHL & JONES LLP | ATTN: RICHARD M. PACHULSKI, ALAN J. KORNFELD, DEBRA I. GRASSGREEN, AND JASON H. ROSELL | 10100 SANTA MONICA BLVD 13TH FLOOR | LOS ANGELES | CA | 90067 | | RPACHULSKI@PSZJLAW.COM AKORNFELD@PSZJLAW.COM DGRASSGREEN@PSZJLAW.COM JROSELL@PSZJLAW.COM | VIA E-MAIL VIA E-MAIL VIA E-MAIL VIA ECF |

# 22-10943-mew    Doc 566    Filed 10/19/22    Entered 10/19/22 13:30:17    Main Document
Pg 7 of 14

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| STATE OF WASHINGTON | OFFICE OF ATTORNEY GENERAL | ATTN: STEPHEN MANNING, ASSISTANT ATTORNEY GENERAL | GOVERNMENT COMPLIANCE AND ENFORCEMENT DIVISION P.O. BOX 40100 | OLYMPIA | WA | 98504-4010 | | STEPHEN.MANNING@ATG.WA.GOV | VIA ECF |
| MARCUM LLP | MINTZ & GOLD LLP | ATTN: ANDREW R. GOTTESMAN | 600 THIRD AVENUE, 25TH | NEW YORK | NY | 10016 | | GOTTESMAN@MINTZANDGOLD.COM | VIA ECF |
| U.S. SECURITIES & EXCHANGE COMMISSION | | ATTN: THERESE A. SCHEUER | 100 F STREET, NE | WASHINGTON | DC | 20549 | | SCHEUERT@SEC.GOV | VIA E-MAIL |

# EXHIBIT A

**Committee Letter**

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**of Voyager Digital Holdings, Inc.,** *et al.*

Case No. 22-20943 (MEW)
in the United States Bankruptcy Court
for the Southern District of New York

c/o McDermott Will & Emery LLP
One Vanderbilt Avenue
New York, NY 10017-3852

To:     Customers and Creditors of Voyager Digital Holdings, Inc., *et al.*,

**I.     Introduction**

The Official Committee of Unsecured Creditors (the "UCC") was appointed by the United States Trustee to represent the interests of all unsecured creditors in the chapter 11 bankruptcy cases (the "Bankruptcy Cases") of Voyager Digital Holdings, Inc., *et al.* (collectively, "Voyager"). We write to advise you of the UCC's position regarding Voyager's revised chapter 11 plan filed on October 19, 2022 (the "Plan").[1] The deadline to vote on whether to accept or reject the Plan is November 25, 2022 (the "Voting Deadline"). On December 6, 2022, the Bankruptcy Court will hold a hearing to consider confirmation of the Plan (the "Confirmation Hearing"). For the reasons set forth below, the UCC recommends that you ***vote to accept the Plan*** and ***opt-in*** to contributing your direct claims to the Wind-Down Entity.

The UCC's primary focus is getting the maximum amount of fiat and crypto returned to creditors as quickly as possible. Maximizing value is not only limited to recovering the greatest amount possible, but also to preserving the amounts that are currently available. Every decision in these Bankruptcy Cases involves your assets because each decision risks the depletion of funds that would otherwise be distributed to you.

**II.    How Did the Settlement Come About?**

The UCC has been faced with many difficult decisions throughout the course of these Bankruptcy Cases. Each decision has been made after thorough analysis, research, and discourse to ensure that both sides of each decision have been properly vetted. The UCC's decision with respect to the releases set forth in the Plan was one of the most difficult. The releases contained in the Plan, as described in more detail below, release (in part) Voyager's claims against its directors and officers. Importantly, the releases in the Plan do NOT release, diminish, or in any way affect any claims you, government regulators, or any other third parties may have against Voyager's directors and officers. As you all know, the UCC is comprised of individuals who like you lost substantial amounts of cryptocurrency because of Voyager and those operating Voyager. As you all read in the objection that we filed to Voyager's disclosure statement, the UCC intended to vigorously object to the release of these individuals (collectively, the "Released

---

[1] All documents filed in Voyager's bankruptcy cases are available free of charge at https://cases.stretto.com/voyager/court-docket/. The Plan is available at Docket No. 564.

Parties") from liability for their actions. It was the UCC's position then, and now, that if the individuals want to be released, then they need to pay for it.

By the same token, the UCC is not going to engage in contentious, expensive, and time-consuming legal battles that drain estate resources and delay your recoveries. The time for gambling with your money is over. Accordingly, the UCC conducted an investigation to determine the most efficient and effective resolution of potential claims against Voyager insiders, including Stephen Ehrlich, Voyager's Chief Executive Officer (CEO), and others.

A special committee of independent directors of Voyager (the "Special Committee") was appointed to investigate claims that Voyager may have against Ehrlich and other insiders. The Special Committee, in turn, hired the law firm of Quinn Emmanuel to conduct an investigation into any such claims. The UCC conducted its own investigation of the claims on behalf of creditors. The UCC investigation revealed that Ehrlich and Voyager's Chief Commercial Officer (CCO) were extremely careless in their investigation of Three Arrows Capital's (3AC) creditworthiness and thus, in their decision to loan almost $1 billion of Voyager assets to 3AC. As a result, the UCC has concluded that the Debtors have valid and substantial claims against Ehrlich and the CCO for breach of their duties of care relating to their role in approving Voyager's ill-fated loans to 3AC.[2]

To ensure that pursuing litigation against Ehrlich is a worthwhile use of resources, however, the Special Committee and the UCC investigated Ehrlich's and the CCO's personal finances to determine the extent of their assets that would be available to pay a judgment if the Wind-Down Entity (as defined in the Plan), which will be governed by a trustee selected by the UCC, successfully prosecuted Voyager's claims against them. In connection with that investigation, both individuals provided written financial disclosures attesting to their assets under penalty of perjury. According to those financial statements, neither Ehrlich nor the CCO currently have substantial assets that would justify the uncertainty and expense of protracted litigation over confirmation of the Plan. Ehrlich's assets are approximately $2.7 million (inclusive of his home), which is likely *less* than the combined legal costs Voyager's estates would incur if the UCC objects to the settlement and releases and Voyager and the Special Committee defend them. In other words, the depletion of assets that would otherwise be available to distribute to creditors is greater than the amount creditors stand to collect if the Wind-Down Entity brought claims against Ehrlich, and they succeed.

In light of the limited collectability, the Special Committee and its counsel negotiated a settlement with Ehrlich and the CCO. In connection with those discussions, the UCC insisted that even if Ehrlich's assets were as limited as he represented in his sworn disclosures, he should not be given a release without making a settlement payment for the benefit of creditors that represents a significant portion of his assets. The proposed settlement reflected in the Plan, though insignificant from the standpoint of the damages caused, does require Ehrlich to pay $1.125 million, which amount represents more than 40% of his assets. Importantly, despite the settlement, the Wind-Down Entity will retain the right to prosecute claims against Ehrlich and the CCO for their role in the 3AC loan, but the recovery is limited to amounts available under

---

[2] Background regarding the relationship between Voyager and 3AC and Voyager's loan to 3AC can be found beginning on page 36 of Voyager's First Amended Disclosure Statement available at Docket No. 540.

2

applicable D&O insurance policies. Thus, although Voyager is foregoing further claims against Ehrlich's and the CCO's personal assets, Voyager's rights to sue them have been preserved, albeit capped at the insurance policies.

Moreover, the settlement requires Ehrlich and the CCO to forgo and subordinate any rights they have to the proceeds of the second of Voyager's two $10 million policies (the "Second 10m Policy"). Unlike the earlier $10 million policy, the Second 10m Policy was taken out shortly before the Bankruptcy Cases were filed at a time in which Voyager was insolvent. The UCC believes that the Wind-Down Entity can bring an avoidance action to recover for the benefit of creditors the $10 million Voyager paid to the insurer under that policy. The settlement makes that recovery far more likely.

Further, the settlement requires Ehrlich to subordinate prepetition claims he has against Voyager such that all of your claims must get paid first *in full* before he can recover one dime on any of his prepetition claims. The claims subject to such subordination include his claims for the return of assets that he personally had on the Voyager platform that, like yours, were frozen shortly before the Bankruptcy Cases. The CCO will subordinate half of such claims. Further, both Ehrlich and the CCO agree to certain subordination provisions for indemnification of their legal fees they may otherwise have against Voyager. The UCC insisted on these rights to ensure that Ehrlich receives nothing unless and until you receive everything you lost.

Be assured, Ehrlich's apparent lack of wealth was surprising to the UCC as much as it must be surprising to many of you. There have been numerous reports by the media stating that Ehrlich personally made around $37 million (Canadian) from sales of Voyager's stock last year. During the course of our ongoing investigation, however, we were advised that very little of those proceeds went to Ehrlich personally. Ehrlich was only one of several owners of the consulting company that received the proceeds. That said, although we appreciate the Special Committee and its counsel have satisfied themselves that Ehrlich's financial statements are accurate, the UCC has indicated that between now and the Confirmation Hearing, it intends to vigorously continue its investigation into the accuracy of the financial disclosures by, among other things, interviewing Ehrlich and the CCO, as well as obtaining confirmatory documentation. The UCC will also investigate transfers that Ehrlich made to anyone. If the UCC determines Ehrlich's or the CCO's financial disclosures are not accurate or are misleading – for example, that Ehrlich is hiding assets that could be reached by a judgment against him – the UCC will advise you of this and will promptly pull its support for the releases and settlement contained in the Plan.

As an additional measure of protection for creditors, the UCC negotiated for the Plan to provide an "out" in case the financial disclosures we received prove untrue. Indeed, the Plan states that if a court determines at any point in the future that the financial disclosures we relied upon in agreeing to the settlement are materially inaccurate, the releases of Ehrlich and the CCO shall become void and ineffective – meaning one or both can be sued personally by the Wind-Down Entity on the precise claims that were otherwise released. It is the combination of this protection and the additional investigation we will undertake that gives the UCC confidence in the settlement reached.

If the UCC's investigation confirms the accuracy of the financial disclosure statements, the UCC has decided not to object to the settlement or the releases because, as set forth in greater detail below, the benefits of the settlement outweigh the costs. For that reason, as well as the reasons set forth below, the UCC encourages you to ***vote to accept the Plan***.

### III.    What are the Terms of the Settlement?

Before addressing why we believe the settlement is in your best interests (putting aside strong personal feelings towards those being released), we wanted to provide a brief bullet point summary of the material terms of the settlement. In exchange for Voyager releasing certain claims that can be brought against the Released Parties:

- Ehrlich shall pay $1.125 million, and contribute any tax refund he may be entitled to receive on account of the $1.125 million for the benefit of creditors;
- 3AC claims against Ehrlich and the CCO may still be prosecuted, but they shall be paid solely from the applicable D&O insurance policies;
- Any indemnification claims asserted by Ehrlich and the CCO are subject to certain subordination restrictions to creditor claims;
- Any prepetition claim by Ehrlich against Voyager shall be subordinated in full to creditor claims;
- Any prepetition claim by the CCO for assets he personally has on the Voyager platform will be subordinated in part (half) to creditor claims;
- Ehrlich and the CCO shall not make any claims against the Second 10m Policy, thereby allowing the Wind-Down Entity to attempt to clawback the recently paid $10 million premium from the insurance company; and
- If the financial disclosure statements that were provided by Ehrlich or the CCO are ever adjudicated to have been materially inaccurate, the releases given to them become void and their personal assets thus become subject to any judgment against them.

### IV.    Why Should I Approve of the Settlement?

As an initial matter, the UCC is not happy that Ehrlich is only paying $1.125 million. However, assuming the financial statements are accurate, that $1.125 million represents approximately 60% of Ehrlich's net worth if you do not include his house and 40% of his net worth if you do. If the UCC objects to the settlement and succeeds, it is unclear whether a $1.125 million recovery is possible later, after protracted litigation. There is also a possibility that Ehrlich files for bankruptcy before that date, which would likely result in no recovery for creditors. The UCC is not going to gamble with your assets in an attempt to draw blood from a stone. Doing so would be throwing good money after bad money.

With that said, the individual payment is the least important aspect of the settlement. The critical benefit for creditors is the preservation of (i) assets to be recovered (i.e., insurance policies) and (ii) current assets (i.e., avoiding costly litigation).

***First***, as part of the settlement, *only* the Wind-Down Entity (and therefore, creditors) may benefit from the Second 10m Policy. Ehrlich cannot deplete such policy by filing claim after

claim to cover their personal litigation defense costs until such time as the Wind-Down Entity has the opportunity to avoid and recover the $10 million premium paid for the policy. The value preserved through this component of the settlement is up to $10 million. Importantly, if the settlement fails, that $10 million will be depleted by Ehrlich and others as they defend against the same claims that are being released.

*Second*, reaching a resolution preserves a substantial amount of resources by avoiding protracted litigation over Plan confirmation. Absent a settlement, the UCC intended to object to the releases set forth in the Plan, take depositions, and present witnesses and experts at trial. The Confirmation Hearing would be heavily contested resulting in significant legal fees being incurred and likely a significant extension of time before cryptocurrency and fiat are returned to creditors. Moreover, if the UCC's objections were successful, then the Plan would not be able to be confirmed with the inclusion of the releases. Although the Court could approve the Plan if the releases are removed, Voyager would not have been required to move forward with that result. Instead, Voyager could have simply withdrawn the Plan, which would put the FTX transaction and an expeditious exit from chapter 11 at risk and certainly would have delayed the return of the creditors' monies. The settlement avoids these costly delays and risks that would only serve to reduce and further delay creditor recoveries.

The UCC is tasked with objectively making decisions to increase creditor recoveries, no matter how difficult those decisions are to stomach. The settlement between Voyager, the Special Committee, Ehrlich, and the CCO preserves millions in assets for creditors. If the settlement fails, there is significant risk that creditors will not receive any benefit from these individuals or Voyager's insurance policies, while at the same time incurring substantial litigation costs. It is this cost-benefit analysis guiding the UCC's decision to agree to the settlement.

However, as stated above, the UCC will investigate the accuracy of the sworn financial statements because of the disclosures contained therein are false, the releases **will be void**.

V.    **Contributed Third Party Claims**

As an additional benefit of the settlement, Voyager has agreed to include a mechanism for creditors to contribute direct claims to the Wind-Down Entity that they may have against third parties that are in any way affiliated with Voyager. Specifically, the ballots that creditors receive to vote on the Plan will include an option to "opt in" to contributing their direct claims to the Wind-Down Entity.

As you know, the UCC conducted an investigation into the Released Parties. The investigation, however, did not include an investigation into claims Voyager and creditors may have against other third parties. Upon the effective date of the Plan, the Wind-Down Entity will conduct an investigation into these third parties. Although the Wind-Down Entity will have standing to pursue causes of action held by Voyager, causes of action held individually by creditors will not be included. If creditors contribute their direct claims against third parties to the Wind-Down Entity, the Trust will have the ability to bolster its causes of action against third parties and create a better chance at a larger recovery for creditors. Creditors that "opt in" to contributing their claims will also be contributing direct claims they hold against Voyager's

5

directors and officers, including Ehrlich. To be clear, the Wind-Down Entity will not pursue those claims because they are being released as part of the settlement discussed above. However, claims against the directors and officers are not the claims that provide the best opportunity to recover significant assets for customers because those targets do not have substantial assets. It is claims against other not yet identified third parties. Accordingly, the UCC encourages creditors to "opt in" to contributing their direct claims to the Wind-Down Entity.

## VI. Why Should I Accept the Plan?

The Plan must be confirmed to ensure that creditors receive distributions in the greatest amount and as quickly as possible. The Plan accomplishes this goal. The UCC fully supports the FTX transaction, which was selected after an extensive marketing and auction process, because the UCC believes that its consummation will maximize recoveries to creditors in the most timely, efficient, and effective manner.

If the Plan is not confirmed, there is risk of delay and a significant reduction to creditor recoveries. That is not a result that the UCC supports.

***

For the foregoing reasons, the UCC, urges you to **vote to accept** the Plan and **opt-in** to contributing your direct claims to the Wind-Down Entity.

Sincerely,

*The Official Committee of Unsecured Creditors*