**MCDERMOTT WILL & EMERY LLP**
Darren Azman
Joseph B. Evans
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

**MCDERMOTT WILL & EMERY LLP**
Charles R. Gibbs (admitted *pro hac vice*)
Grayson Williams (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201-1664
Telephone: (214) 295-8000
Facsimile: (972) 232-3098

*Counsel to the Official Committee of*
*Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN RESPONSE TO OBJECTION OF THE AD HOC GROUP OF EQUITY HOLDERS TO DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) SOLICITATION AND NOTICE PROCEDURES, (III) FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the

above-captioned chapter 11 cases (the "Chapter 11 Cases") of Voyager Digital Holdings,

Inc., *et al.* (collectively, the "Debtors") hereby submits this statement in response (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Voyager Digital Holdings, Inc.'s and Voyager Digital Ltd.'s principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003. Voyager Digital, LLC's principal place of business is 701 S. Miami Ave, 8th Floor, Miami, FL 33131.

"Statement") to the *Objection of the Ad Hoc Group of Equity Holders to Debtors' Motion for Entry of an Order Approving (I) the Adequacy of the Disclosure Statement, (II) Solicitation and Notice Procedures, (III) Forms of Ballots and Notices in Connection Therewith, and (IV) Certain Dates With Respect Thereto* [Docket No. 524] (the "Equity Objection"),[2] and respectfully states as follows:

## RESPONSE

1.      Although the Committee filed an objection to the broad releases contained in the Debtors' Second Amended Plan,[3] it engaged in around-the-clock negotiations with the Debtors and the Special Committee to resolve these critical issues, and reflected in revised versions of the Plan and Disclosure Statement. More importantly, the Committee remains fully supportive of the FTX Sale Transaction and prompt distributions under the Second Amended Plan. After all, the Debtors' unsecured creditors (principally, the Account Holders) have borne the brunt of financial hardship in connection with these Chapter 11 Cases, with approximately $1.8 billion in cryptocurrency claims frozen since June 2022. And although the Committee is sympathetic with the Debtors' equity holders' loss of investment, the positions asserted by the Ad Hoc Group of Equity Holders (the "Ad Hoc Group") in the Equity Objection or supporting declaration[4] are substantiated in either law or fact.

2.      To be sure, certain of these issues may need to be addressed either in connection with confirmation or post-confirmation, and thus are not Disclosure Statement issues. At the same time, in connection with the upcoming Disclosure Statement hearing,

---

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Equity Objection.

[3]     *See Objection of the Official Committee of Unsecured Creditors to Debtors' Motion for Entry of an Order Approving (I) the Adequacy of the Amended Disclosure Statement, (II) Solicitation and Notice Procedures, (III) Forms of Ballots and Notices in Connection Therewith, and (IV) Certain Dates with Respect Thereto* [Docket No. 526].

[4]     *See Declaration of Matthew Dundon in Support of the Objection of the Ad Hoc Group of Equity Interest Holders to the Debtors' Motion for Entry of an Order Approving (I) the Adequacy of the Disclosure Statement, (II) Solicitation and Notice Procedures, (III) Forms of Ballots and Notices in Connection Therewith, and (IV) Certain Dates with Respect Thereto* (the "Dundon Declaration").

additional context and disclosure at this juncture in the Chapter 11 Cases is critical to the Court, the creditors, and all parties in interest.

3.      Although the Debtors' Chapter 11 Cases are undoubtedly complex in many ways, the Second Amended Plan is relatively simple and straightforward. Unsecured creditors receive all of the value from the Debtors' estates after payment of (or reserve for) administrative and priority claims. To the extent that the 3AC Recovery or recoveries from other litigation results in creditors being paid in full, equity holders will receive any incremental recoveries. Indeed, the Committee worked closely with the Debtors to ensure that the Plan would provide for any accretive value after creditors are paid in full to inure to equity holders. That change is now reflected in the Second Amended Plan, and the Committee is certainly hopeful of a result that provides for unsecured claims to be paid in full, with additional amounts flowing to equity.

4.      But the Ad Hoc Group seeks more than they are otherwise entitled to receive under the Bankruptcy Code. In doing so, the Ad Hoc Group asserts that hundreds of millions of dollars of value should flow to equity, even *before* creditors are paid in full. The argument, according to the Equity Objection, is that TopCo has few (or no liabilities), and significant assets. The Ad Hoc Group is wrong on both counts. As a result, the Committee files this Statement to clarify the record. Although the Committee reserves the right, if necessary, to brief these issues at the appropriate time, the Committee wishes to correct no fewer than four material misstatements in the Equity Objection.

5.      ***First***, the Ad Hoc Group takes the position that the "sole material obligation" of TopCo is the Alameda Loan Facility Claim. Equity Obj. at ¶ 2. At the outset, as described more fully below, the Alameda Loan Facility Claim is **not** the only material obligation of TopCo; rather TopCo equity interests sit behind approximately $1.8 billion in Account Holder Claims.  But, setting that issue aside for a moment, at a minimum, the Alameda Loan

3

Facility Claim—which is a $75 million claim of TopCo—must be satisfied in full prior to any

recovery on account of TopCo equity interests. The Ad Hoc Group's assertion that the Plan

cancels any recovery on account of the Alameda Loan Facility Claim is a fundamental

misreading of the Plan and the Asset Purchase Agreement.

6.      Under the Asset Purchase Agreement, the Purchaser (who is an affiliate of

Alameda) agreed to "the transfer to [OpCo] all right, title and interest in the Loan Claims."

Asset Purchase Agreement at § 2.1(a). The Asset Purchase Agreement does not provide for

the cancellation of those claims, nor that those claims would somehow be satisfied. Rather,

the intention of the Purchaser was to take any recovery its affiliates would otherwise be

entitled to receive on account of the $75 million loan, and contribute that recovery to the

Debtors' customers. The Plan now says exactly that. The treatment of Class 4 (Alameda Loan

Facility Claims) provides that "Pursuant to the Asset Purchase Agreement . . . all rights, titles,

and interests in the Alameda Loan Facility Claims shall be conveyed to OpCo, and OpCo

shall be entitled to any recovery on account of the Alameda Loan Facility Claims." To the

extent that the treatment of the Alameda Loan Facility Claims was previously unclear on this

point, the modified Plan is now consistent with the Asset Purchase Agreement. Thus, the Ad

Hoc Group's argument that $75 million of TopCo claims was somehow released under the

Plan—therefore paving the way for an enhanced equity recovery—is mistaken.

7.      ***Second***, the Ad Hoc Group identifies approximately $217.5 million in

intercompany transfers that TopCo holds against OpCo, and rushes to the unsupported

conclusion that TopCo Interests are necessarily "in the money." Since its appointment, the

Committee has spent significant time analyzing and assessing the Debtors' intercompany

transfers. The chart below represents the four intercompany payables owing from OpCo to

TopCo.

*($ in millions USD)*

| No. | Lender | Borrower | Documentation | Total Amount |
|---|---|---|---|---|
| 1 | TopCo | OpCo | Significantly after transfer | $ 78.9 |
| 2 | TopCo | OpCo | Significantly after transfer | 1.5 |
| **Subtotal (I/C Loans w/ Documentation)** | | | | **$ 80.4** |
| 3 | TopCo | OpCo | None | 79.3 |
| 4 | TopCo | OpCo | None | 57.8 |
| **Subtotal (I/C Loans w/o Documentation)** | | | | **$ 137.1** |
| **Total** | | | | **$ 217.5** |

*Source:  Debtors' First Amended Disclosure Statement [D.I. 540]*

8.      The Committee concurs with the Debtors' assessment that each of these

intercompany transfers can be recharacterized as equity.[5] Recharacterization permits a

bankruptcy court to treat an investment as an equity infusion when that investment—despite

being styled as debt—more closely resembles a contribution to capital in substance. Courts

analyzing recharacterization claims balance the factors set forth by the Sixth Circuit in *Basco*

*Corp. v. Masco Tech, Inc. (In re AutoStyle Plastics, Inc.)*, 269 F.3d 726 (6th Cir. 2001).[6] *See*

*In re LATAM Airlines Group, S.A.*, Case No. 20-11254 (JLG), 2022 WL 1295928, at *9 n.23

(Bankr. S.D.N.Y. Apr. 29, 2022).

9.      As noted in the above chart, nearly two-thirds of the amounts owing from

OpCo to TopCo are *not even documented* in a loan or similar agreement, and therefore have

no fixed payment or maturity schedule. *See e.g.*, *In re AutoStyle Plastics, Inc.*, 269 F.3d at

---

[5]     For the first time, the Committee reviewed the Debtors' recharacterization analysis in the recently revised Disclosure Statement.  The Committee's review of these issues remains ongoing, and the Committee reserves all rights in connection therewith.

[6]     Those factors are: (1) the names given to the certificates evidencing the indebtedness; (2) the presence or absence of a fixed maturity date and schedule of payments; (3) the presence or absence of a fixed rate of interest and interest payments; (4) the source of repayments; (5) the adequacy or inadequacy of capitalization; (6) identity of interest between creditor and stockholder; (7) the security, if any, for the advances; (8) the corporation's ability to obtain financing from outside lending institutions; (9) the extent to which the advances were subordinated to the claims of outside creditors; (10) the extent to which the advance was used to acquire capital assets; and (11) the presence or absence of a sinking fund to provide repayments.  *In re AutoStyle Plastics*, 269 F.3d at 750.

750 ("The absence of notes or other instruments of indebtedness is a ***strong indication*** that the advances were capital contributions and not loans") (emphasis added); *see also In re Lyondell Chem. Co.*, 544 B.R. 75, 94 (Bankr. S.D.N.Y. 2016) ("When an advance occurs without any instruments of indebtedness, such an action points to an equity contribution."). Further, the other two intercompany payables that do have documentation, were documented *many months after the investments were made*, which should "raise doubts in [the] Court's mind as to whether the parties determined what they wanted to call the transaction until well after the actual exchange." *In re Cold Harbor Assocs. L.P.*, 204 B.R. 904 (Bankr. E.D. Va. 1997) (noting concern where "loans" were not documented until well after the transaction was finalized); *see also In re RJC Indus., Inc.*, 369 B.R. 845, 853 (Bankr. M.D. Pa. 2006) (concluding that "the entire $350,000 investment represent[ed] an equity investment" where, among other things, "[w]ritten loan agreements with terms were not drafted until long after the advances were made."). And with respect to the two transfers that are now reflected in loan agreements, those transactions contain substantive terms that are clearly indicative of an equity infusion, including without limitation, (i) no fixed repayment schedule; (ii) amounts payable on demand, even if no default of obligor exists; and (iii) lack of enforcement by lender after no interest paid.

10.    Although the Committee recognizes that the parties need not, at this stage, formally brief the recharacterization issues relating to these intercompany payables, needless to say, the Ad Hoc Group's conclusion that these intercompany payables necessarily put TopCo in the money is premature and incorrect.

11.    Nor is it appropriate for the Ad Hoc Committee to rely upon the Information Officer's reports in the Canadian proceeding as somehow expressing an opinion or recommendation of the Information Officer. In doing so, both the Equity Objection and the Dundon Declaration rely exclusively on the First and Second Reports of the Information

Officer filed in the associated Canadian proceeding, implying that the Information Officer

completed an investigation and provided an opinion. *See* Equity Obj. at ¶ 23; Dundon Dec. at

¶ 10, 16, 21. To the contrary, paragraphs 2.1 of the First Information Officer Report and

Second Information Officer Report both clearly state that the information has been provided

by the Debtors and its Canadian Counsel, and that the Information Officer has not

independently investigated or verified the accuracy of the information. And paragraphs 6.1

and 6.2 of the Second Report clearly state that information regarding the intercompany claims

and interests were provided in the Debtors' books and records, and no independent opinion is

being provided by the Information Officer at this time. The Ad Hoc Group's wholesale

reliance on these reports is therefore misplaced.

12.     ***Third***, TopCo is a co-obligor **on approximately $1.8 billion** in Account

Holder Claims.[7] This would result in TopCo equity interests being even more hopelessly out

of the money. The agreement that governs the relationship between Voyager and the Account

Holders is the Customer Agreement (the "Customer Agreement"), which is attached hereto as

**Exhibit A**. The preamble of the Customer Agreement states that "this Customer Agreement

governs the relationship between Customer and Voyager . . . as it relates to the services

provided by Voyager as described" in the Customer Agreement.  Accordingly, both Voyager,

for its part, and Customer, for its part, "agree[d] to the terms and conditions" set forth in, and

thus are bound by, the Customer Agreement.

13.     "Voyager" is a defined term in the Customer Agreement, and is defined as not

only Voyager Digital, LLC (*i.e.*, OpCo) but also expressly "includes affiliated entities." Thus,

any reference to "Voyager" and its obligations in the Customer Agreement necessarily

---

[7]     Fed. R. Bankr. P. 1009 provides, in part, that "A voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed. On motion of a party in interest, after notice and a hearing, the court may order any voluntary petition, list, schedule, or statement to be amended and the clerk shall give notice of the amendment to entities designated by the court."  The Committee reserves all rights in connection therewith.

include both OpCo and OpCo's affiliates.  Voyager Digital Ltd. Canada (*i.e.*, TopCo) directly

owns 100% of the stock in Voyager Digital Holdings, Inc. (*i.e.*, HoldCo), which in turn holds

100% of the membership interests in Voyager Digital, LLC (*i.e.*, OpCo).  There is no

question that TopCo is an affiliate of OpCo.  *See, e.g.*, *Rothstein v. Am. Int'l Grp., Inc.*, 837

F.3d 195, 206 (2d Cir. 2016); *see also In re Ditech Holding Corp.*, Case No. 19-10412 (JLG),

2021 WL 3716398, at *11 (Bankr. S.D.N.Y. Aug. 20, 2021); *In re Lehman Brothers Inc.*, 503

B.R. 778, 783 (Bankr. S.D.N.Y. 2014). Accordingly, OpCo, TopCo, HoldCo, and its other

affiliated entities are bound by the Customer Agreement.

14.     Paragraph 8 of the Customer Agreement references Cryptocurrency

withdrawals. Specifically, "Voyager will effectuate a Withdrawal based upon Customer's

written instructions." Customer Agreement at § 8. Because the defined term "Voyager" in the

Customer Agreement expressly includes affiliates, TopCo and OpCo are also obligated to

provide withdrawals under the Customer Agreement. Failure to provide withdrawals to

customers under the Customer Agreement is a breach by all Voyager entities.

15.     As a result, equity interests in TopCo sit behind another $1.8 billion in

Account Holder Claims. Although it is theoretically possible that equity interests are "in the

money," this would require either a substantial recovery on litigation or other claims. The

Second Amended Plan already contemplates for this "home run" scenario, providing that any

incremental recoveries after payment in full of Account Holder Claims and General

Unsecured Claims would flow to TopCo equity.

16.     **_Fourth_**, although causes of action against the Debtors' officers and directors,

as well as proceeds under the Debtors' D&O insurance policies, may provide enhanced

recoveries to the Debtors' creditors, it is far from the saving grace for holders of equity

interests.  There is a drastic difference between the theoretical value of those causes of action,

and the ability to collect meaningful sums from the Debtors' directors and officers. Needless

to say, although the Committee's analysis of personal financial statements remains ongoing, the Equity Objection vastly overstates the amount of personal assets available for recovery and, in any event, such amounts—even if they were to be substantial (which they are not)— would not make any material difference when accounting for the $1.8 billion in Account Holder Claims and $75 million in Alameda Loan Facility Claims, both of which sit ahead of equity interests.

## **CONCLUSION**

17.     The Committee has worked extensively since its appointment on countless issues facing the Debtors, all toward the end goal of confirming a Plan that provides for fair, timely, efficient, and value-maximizing recoveries before the end of the calendar year. More particularly, over the past month, the Committee has worked nearly round-the-clock on issues relating to the Sale Transaction and Plan issues with the Debtors, FTX and other key stakeholders. All of these efforts are singularly focused on providing recovery to the Debtors' creditors to relieve them of the weighty financial and emotional burdens caused by this bankruptcy. And the Committee has, thus far, been successful in this pursuit, and remains optimistic that the Plan accomplishes these goals. To allow equity holders, with no basis in law or fact, to achieve material recoveries before creditors are paid in full would be a difficult pill to swallow.

Dated:   New York, New York         **MᴄDᴇʀᴍᴏᴛᴛ Wɪʟʟ & Eᴍᴇʀʏ LLP**
         October 19, 2022

                                    _/s/ Darren Azman_
                                    Darren Azman
                                    Joseph B. Evans
                                    One Vanderbilt Avenue
                                    New York, NY 10017-3852
                                    Telephone: (212) 547-5400
                                    Facsimile: (212) 547-5444
                                    E-mail: dazman@mwe.com
                                    E-mail: jbevans@mwe.com

                                    and

Charles R. Gibbs (admitted *pro hac vice*)
Grayson Williams (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
E-mail: crgibbs@mwe.com
E-mail: gwilliams@mwe.com

and

Gregg Steinman (admitted *pro hac vice*)
333 SE 2nd Avenue, Suite 4500
Miami, FL 33131-2184
Telephone: (305) 329-4473
Facsimile: (305) 503-8805
E-mail: gsteinman@mwe.com

*Counsel to the Official*
*Committee of Unsecured Creditors*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of October 2022, I caused a true and correct copy of the foregoing *Statement of the Official Committee of Unsecured Creditors in Response to Objection of the Ad Hoc Group of Equity Holders to Debtors' Motion for Entry of an Order Approving (I) the Adequacy of the Disclosure Statement, (II) Solicitation and Notice Procedures, (III) Forms of Ballots and Notices in Connection Therewith, and (IV) Certain Dates with Respect Thereto* to be served on the Service List via (i) electronic notification pursuant to the CM/ECF system for the United States Bankruptcy Court for the Southern District of New York, (ii) e-mail, or (iii) First Class U.S. Mail, as indicated in the service list attached hereto.

*/s/ Darren Azman*
Darren Azman

## SERVICE LIST

| Name | Attention | Address 1 | Address 2 | City | State | Zip | Country | Email | Method of Service |
|---|---|---|---|---|---|---|---|---|---|
| DISTRICT OF COLUMBIA | OFFICE OF THE ATTORNEY GENERAL | 400 6TH STREET NW | | WASHINGTON | DC | 20001 | | OAG@DC.GOV | VIA E-MAIL |
| FRANCINE DE SOUSA | C/O SISKINDS LLP | ATTN: ANTHONY O'BRIEN | 100 LOMBARD STREET SUITE 302 | TORONTO | ON | M5C1M3 | | ANTHONY.OBRIEN@SISKINDS.COM | VIA E-MAIL |
| FRANCINE DE SOUSA | C/O SISKINDS LLP | ATTN: MICHAEL G. ROBB & GARETT M. HUNTER | 275 DUNDAS STREET UNIT 1 | LONDON | ON | N6B3L1 | | MICHAEL.ROBB@SISKINDS.COM GARETT.HUNTER@SISKINDS.COM | VIA E-MAIL |
| GOOGLE, LLC | | 1600 AMPHITHEATRE PKWY | | MOUNTAIN VIEW | CA | 94043 | | | VIA E-MAIL |
| INTERNAL REVENUE SERVICE | | PO BOX 7346 | | PHILADELPHIA | PA | 19101-7346 | | COLLECTIONS@GOOGLE.COM | VIA FIRST CLASS MAIL |
| OFFICE OF THE UNITED STATES TRUSTEE | FOR THE SOUTHERN DIST OF NEW YORK | ATTN: RICHARD C. MORRISSEY, ESQ. AND MARK BRUH, ESQ. | 201 VARICK STREET, ROOM 1006 | NEW YORK | NY | 10014 | | RICHARD.MORRISSEY@USDOJ.GOV MARK.BRUH@USDOJ.GOV | VIA E-MAIL |
| SECURITIES & EXCHANGE COMMISSION | | 100 F STREET NE | | WASHINGTON | DC | 20549 | | SECBANKRUPTCY-OGC-ADO@SEC.GOV | VIA E-MAIL |
| SECURITIES & EXCHANGE COMMISSION | NEW YORK REGIONAL OFFICE | 100 PEARL STREET SUITE 20-100 | | NEW YORK | NY | 10004-2616 | | NYROBANKRUPTCY@SEC.GOV | VIA E-MAIL |
| SECURITIES & EXCHANGE COMMISSION | NEW YORK REGIONAL OFFICE | ATTN: ANDREW CALAMARI REGIONAL DIRECTOR | 200 VESEY STREET SUITE 400 | NEW YORK | NY | 10281-1022 | | BANKRUPTCYNOTICESCHR@SEC.GOV | VIA E-MAIL |
| STATE OF ALABAMA | OFFICE OF THE ATTORNEY GENERAL | 501 WASHINGTON AVE | | MONTGOMERY | AL | 36104 | | CONSUMERINTEREST@ALABAMAAG.GO | VIA E-MAIL |
| STATE OF ALASKA | OFFICE OF THE ATTORNEY GENERAL | 1031 W 4TH AVE, STE 200 | | ANCHORAGE | AK | 99501 | | ATTORNEY.GENERAL@ALASKA.GOV | VIA E-MAIL |
| STATE OF ARIZONA | OFFICE OF THE ATTORNEY GENERAL | 2005 N CENTRAL AVE | | PHOENIX | AZ | 85004 | | AGINFO@AZAG.GOV | VIA E-MAIL |
| STATE OF ARKANSAS | OFFICE OF THE ATTORNEY GENERAL | 323 CENTER ST, STE 200 | | LITTLE ROCK | AR | 72201 | | OAG@ARKANSASAG.GOV | VIA E-MAIL |
| STATE OF CALIFORNIA | OFFICE OF THE ATTORNEY GENERAL | PO BOX 944255 | | SACRAMENTO | CA | 94244-2550 | | XAVIER.BECERRA@DOJ.CA.GOV | VIA E-MAIL |
| STATE OF COLORADO | OFFICE OF THE ATTORNEY GENERAL | RALPH L. CARR JUDICIAL BUILDING | 1300 BROADWAY, 10TH FL | DENVER | CO | 80203 | | CORA.REQUEST@COAG.GOV | VIA E-MAIL |
| STATE OF CONNECTICUT | OFFICE OF THE ATTORNEY GENERAL | 165 CAPITOL AVENUE | | HARTFORD | CT | 06106 | | ATTORNEY.GENERAL@CT.GOV | VIA E-MAIL |
| STATE OF FLORIDA | OFFICE OF THE ATTORNEY GENERAL | THE CAPITOL PL01 | | TALLHASSEE | FL | 32399 | | ASHLEY.MOODY@MYFLORIDALEGAL.CO | VIA FIRST CLASS MAIL |
| STATE OF GEORGIA | OFFICE OF THE ATTORNEY GENERAL | 40 CAPITOL SQ SW | | ATLANTA | GA | 30334 | | | VIA FIRST CLASS MAIL |
| STATE OF HAWAII | OFFICE OF THE ATTORNEY GENERAL | 425 QUEEN STREET | | HONOLULU | HI | 96813 | | HAWAIIAG@HAWAII.GOV | VIA E-MAIL |
| STATE OF IDAHO | OFFICE OF THE ATTORNEY GENERAL | 700 W. JEFFERSON ST, SUITE 210 | PO BOX 83720 | BOISE | ID | 83720 | | LAWRENCE.WASDEN@AG.IDAHO.GOV AGWASDEN@AG.IDAHO.GOV | VIA E-MAIL |
| STATE OF ILLINOIS | OFFICE OF THE ATTORNEY GENERAL | JAMES R. THOMPSON CENTER | 100 W. RANDOLPH ST | CHICAGO | IL | 60601 | | INFO@LISAMADIGAN.ORG | VIA E-MAIL |
| STATE OF INDIANA | OFFICE OF THE INDIANA ATTORNEY GENERAL | INDIANA GOVERNMENT CENTER SOUTH | 302 W WASHINGTON ST, 5TH FLOOR | | IN | 46204 | | | VIA FIRST CLASS MAIL |
| STATE OF IOWA | OFFICE OF THE ATTORNEY GENERAL | HOOVER STATE OFFICE BUILDING | 1305 E. WALNUT STREET | DES MOINES | IA | 50319 | | CONSUMER@AG.IOWA.GOV | VIA E-MAIL |
| STATE OF KANSAS | ATTN: ATTORNEY GENERAL DEREK SCHMIDT | 120 SW 10TH AVE, 2ND FLOOR | | TOPEKA | KS | 66612 | | DEREK.SCHMIDT@AG.KS.GOV | VIA E-MAIL |
| STATE OF KENTUCKY | ATTORNEY GENERAL - DANIEL CAMERON | 700 CAPITAL AVENUE, SUITE 118 | | FRANKFORT | KY | 40601 | | | VIA FIRST CLASS MAIL |
| STATE OF LOUISIANA | DEPT. OF JUSTICE - ATTORNEY GENERAL'S OFFICE | 300 CAPITAL DRIVE | | BATON ROUGE | LA | 70802 | | ADMININFO@AG.STATE.LA.US | VIA E-MAIL |
| STATE OF MAINE | OFFICE OF THE ATTORNEY GENERAL | 6 STATE HOUSE STATION | | AUGUSTA | ME | 04333 | | ATTORNEY.GENERAL@MAINE.GOV | VIA E-MAIL |
| STATE OF MARYLAND | OFFICE OF THE ATTORNEY GENERAL | 200 ST. PAUL PLACE | | BALTIMORE | MD | 21202 | | OAG@OAG.STATE.MD.US | VIA E-MAIL |
| STATE OF MASSACHUSETTS | ATTORNEY GENERAL'S OFFICE | 1 ASHBURTON PLACE, 20TH FLOOR | | BOSTON | MA | 02108 | | | VIA FIRST CLASS MAIL |
| STATE OF MICHIGAN | DEPARTMENT OF ATTORNEY GENERAL | 525 W OTTAWA ST | | LANSING | MI | 48906 | | | VIA FIRST CLASS MAIL |
| STATE OF MINNESOTA | OFFICE OF THE ATTORNEY GENERAL | 445 MINNESOTA ST, STE 1400 | | ST. PAUL | MN | 55101 | | ATTORNEY.GENERAL@AG.STATE.MN.US | VIA FIRST CLASS MAIL |
| STATE OF MISSISSIPPI | OFFICE OF THE ATTORNEY GENERAL | WALTER SILLERS BUILDING | 550 HIGH ST, PO BOX 220 | JACKSON | MS | 39201 | | | VIA FIRST CLASS MAIL |
| STATE OF MISSOURI | OFFICE OF THE ATTORNEY GENERAL | SUPREME COURT BUILDING | 207 W HIGH ST | JEFFERSON CITY | MO | 65101 | | CONSUMER.HELP@AGO.MO.GOV | VIA E-MAIL |
| STATE OF MONTANA | OFFICE OF THE ATTORNEY GENERAL | JUSTICE BUILDING, 3RD FLOOR | 215 N SANDERS, PO BOX 201401 | HELENA | MT | 59602 | | CONTACTDOJ@MT.GOV | VIA E-MAIL |
| STATE OF NEBRASKA | OFFICE OF THE ATTORNEY GENERAL | 2115 STATE CAPITOL | | LINCOLN | NE | 68509 | | | VIA FIRST CLASS MAIL |
| STATE OF NEVADA | OFFICE OF THE ATTORNEY GENERAL | OLD SUPREME COURT BUILDING | 100 N CARSON ST | CARSON CITY | NV | 89701 | | | VIA FIRST CLASS MAIL |
| STATE OF NEW HAMPSHIRE | OFFICE OF THE ATTORNEY GENERAL | NH DEPARTMENT OF JUSTICE | 33 CAPITOL ST. | CONCORD | NH | 03301 | | ATTORNEYGENERAL@DOJ.NH.GOV | VIA E-MAIL |
| STATE OF NEW JERSEY | OFFICE OF THE ATTORNEY GENERAL | RICHARD J. HUGHES JUSTICE COMPLEX | 25 MARKET ST 8TH FL, WEST WING BOX 080 | TRENTON | NJ | 08611 | | | VIA FIRST CLASS MAIL |
| STATE OF NEW MEXICO | OFFICE OF THE ATTORNEY GENERAL | 408 GALISTEO STREET | VILLAGRA BUILDING | SANTA FE | NM | 87501 | | HBALDERAS@NMAG.GOV | VIA E-MAIL |
| STATE OF NEW YORK | OFFICE OF THE ATTORNEY GENERAL | THE CAPITOL | 2ND FLOOR | ALBANY | NY | 12224 | | | VIA FIRST CLASS MAIL |
| STATE OF NORTH CAROLINA | OFFICE OF THE ATTORNEY GENERAL | 114 W EDENTON ST | | RALEIGH | NC | 27603 | | | VIA FIRST CLASS MAIL |
| STATE OF NORTH DAKOTA | OFFICE OF THE ATTORNEY GENERAL | STATE CAPITOL, 600 E | DEPT. 125 | BISMARCK | ND | 58505 | | NDAG@ND.GOV | VIA E-MAIL |
| STATE OF OHIO | OFFICE OF THE ATTORNEY GENERAL | STATE OFFICE TOWER | 30 E BROAD ST 14TH FL | COLUMBUS | OH | 43215 | | | VIA FIRST CLASS MAIL |
| STATE OF OKLAHOMA | OFFICE OF THE ATTORNEY GENERAL | 313 NE 21ST ST | | OKLAHOMA CITY | OK | 73105 | | QUESTIONS@OAG.OK.GOV | VIA E-MAIL |
| STATE OF OREGON | OFFICE OF THE ATTORNEY GENERAL | 1162 COURT ST NE | | SALEM | OR | 97301-4096 | | ELLEN.ROSENBLUM@DOJ.STATE.OR.US ATTORNEYGENERAL@DOJ.STATE.OR.U | VIA E-MAIL |
| STATE OF PENNSYLVANIA | OFFICE OF THE ATTORNEY GENERAL | STRAWBERRY SQUARE 16TH FL | | HARRISBURG | PA | 17120 | | | VIA FIRST CLASS MAIL |
| STATE OF RHODE ISLAND | OFFICE OF THE ATTORNEY GENERAL | 150 S MAIN ST | | PROVIDENCE | RI | 02903 | | AG@RIAG.RI.GOV | VIA E-MAIL |
| STATE OF SOUTH CAROLINA | OFFICE OF THE ATTORNEY GENERAL | PO BOX 11549 | | COLUMBIA | SC | 29211 | | | VIA FIRST CLASS MAIL |
| STATE OF SOUTH CAROLINA | OFFICE OF THE ATTORNEY GENERAL | REMBERT C. DENNIS BLDG | 1000 ASSEMBLY ST RM 519 | COLUMBIA | SC | 29201 | | | VIA FIRST CLASS MAIL |
| STATE OF SOUTH DAKOTA | OFFICE OF THE ATTORNEY GENERAL | 1302 E HIGHWAY 14, STE 1 | | PIERRE | SD | 57501-8501 | | | VIA FIRST CLASS MAIL |

| Name | Attention/Firm | Address 1 | Address 2 | City | State | Zip | Email | Method |
|---|---|---|---|---|---|---|---|---|
| STATE OF TENNESSEE | OFFICE OF THE ATTORNEY GENERAL | PO BOX 20207 | | NASHVILLE | TN | 37202-0207 | | VIA FIRST CLASS MAIL |
| STATE OF TEXAS | OFFICE OF THE ATTORNEY GENERAL | 300 W. 15TH ST | | AUSTIN | TX | 78701 | | VIA FIRST CLASS MAIL |
| STATE OF UTAH | OFFICE OF THE ATTORNEY GENERAL | UTAH STATE CAPITOL COMPLEX | 350 NORTH STATE ST STE 230 | SALT LAKE CITY | UT | 84114 | UAG@UTAH.GOV | VIA E-MAIL |
| STATE OF VERMONT | OFFICE OF THE ATTORNEY GENERAL | 109 STATE ST. | | MONTPELIER | VT | 05609 | AGO.INFO@VERMONT.GOV | VIA E-MAIL |
| STATE OF VIRGINIA | OFFICE OF THE ATTORNEY GENERAL | 202 N. NINTH ST. | | RICHMOND | VA | 23219 | MAIL@OAG.STATE.VA.US | VIA E-MAIL |
| STATE OF WASHINGTON | OFFICE OF THE ATTORNEY GENERAL | 1125 WASHINGTON ST SE | | OLYMPIA | WA | 98501 | | VIA FIRST CLASS MAIL |
| STATE OF WASHINGTON | OFFICE OF THE ATTORNEY GENERAL | PO BOX 40100 | | OLYMPIA | WA | 98504-00 | | VIA FIRST CLASS MAIL |
| STATE OF WEST VIRGINIA | OFFICE OF THE ATTORNEY GENERAL | STATE CAPITOL, 1900 KANAWHA | BUILDING 1 RM E-26 | CHARLESTON | WV | 25305 | CONSUMER@WVAGO.GOV | VIA E-MAIL |
| STATE OF WISCONSIN | OFFICE OF THE ATTORNEY GENERAL | 17 WEST MAIN STREET, ROOM 114 EAST P | | MADISON | WI | 53702 | | VIA FIRST CLASS MAIL |
| STATE OF WYOMING | OFFICE OF THE ATTORNEY GENERAL | 109 STATE CAPITOL | | CHEYENNE | WY | 82002 | | VIA FIRST CLASS MAIL |
| TORONTO STOCK EXCHANGE | | 300 - 100 ADELAIDE ST. | | WEST TORONTO | ON | M5H 1S3 | | VIA FIRST CLASS MAIL |
| UNITED STATES ATTORNEY'S OFFICE | SOUTHERN DISTRICT OF NEW YORK | ONE ST. ANDREWS PLAZA | | NEW YORK | NY | 10007 | WEBMASTER@TMX.COM | VIA FIRST CLASS MAIL |
| UNITED STATES DEPARTMENT OF | ATTORNEY GENERAL OF THE U.S. | 950 PENNSYLVANIA AVE, NW | | WASHINGTON | DC | 20530-0001 | | VIA FIRST CLASS MAIL |
| KELLEHER PLACE MANAGEMENT, LLC | HORWOOD MARCUS & BERK CHARTERED | 500 W. MADISON ST. | SUITE 3700 | CHICAGO | IL | 60661 | AHAMMER@HMBLAW.COM NDELMAN@HMBLAW.COM | VIA ECF |
| METROPOLITAN COMMERCIAL BANK | BALLARD SPAHR LLP | 200 IDS CENTER | 80 SOUTH 8TH STREET | MINNEAPOLIS | MN | 55402-2119 | SINGERG@BALLARDSPAHR.COM | VIA E-MAIL |
| METROPOLITAN COMMERCIAL BANK | WACHTELL, LIPTON, ROSEN & KATZ | 51 WEST 52ND STREET | | NEW YORK | NY | 10019-6150 | RGMASON@WLRK.COM ARWOLF@WLRK.COM AKHERRING@WLRK.COM | VIA E-MAIL VIA E-MAIL VIA E-MAIL |
| JASON RAZNICK | JAFFE RAITT HEUER & WEISS, P.C. | 27777 FRANKLIN ROAD | SUITE 2500 | SOUTHFIELD | MI | 48034 | PHAGE@JAFFELAW.COM | VIA ECF |
| STEVE LAIRD | FORSHEY & PROSTOK LLP | 777 MAIN STREET | SUITE 1550 | FORT WORTH | TX | 76102 | BFORSHEY@FORSHEYPROSTOK.COM | VIA ECF |
| ORACLE AMERICA, INC. | BUCHALTER, A PROFESSIONAL CORPORA | 425 MARKET ST. | SUITE 2900 | SAN FRANCISCO | CA | 94105 | SCHRISTIANSON@BUCHALTER.COM | VIA ECF |
| ALAMEDA RESEARCH LLC & AFFILIATES | SULLIVAN & CROMWELL LLP | 125 BROAD STREET | | NEW YORK | NY | 10004 | DIETDERICHA@SULLCROM.COM GLUECKSTEINB@SULLCROM.COM BELLERB@SULLCROM.COM | VIA ECF VIA ECF VIA E-MAIL |
| VOYAGER DIGITAL HOLDINGS, INC., ET AL | KIRKLAND & ELLIS LLP KIRKLAND & ELLIS INTERNATIONAL LLP | 601 LEXINGTON AVENUE | | NEW YORK | NY | 10022 | JSUSSBERG@KIRKLAND.COM CMARCUS@KIRKLAND.COM CHRISTINE.OKIKE@KIRKLAND.COM ALLYSON.SMITH@KIRKLAND.COM | VIA ECF VIA ECF VIA E-MAIL VIA E-MAIL |
| EMERALD OCEAN ISLE, LLC, AMANO GLOBAL HOLDINGS, INC., SHINGO LAVINE, AND ADAM LAVINE | C/O GOLDSTEIN & MCCLINKOCK LLLP | ATTN: MATTHEW E. MCCLINTOCK, HARLEY GOLDSTEIN, AND STEVE YACHIK | 111 W WASHINGTON STREET SUITE 1221 | CHICAGO | IL | 60602 | MATTM@GOLDMCLAW.COM HARLEYG@RESTRUCTURINGSHOP.COM STEVENY@GOLDMCLAW.COM | VIA E-MAIL VIA E-MAIL VIA E-MAIL |
| EMERALD OCEAN ISLE, LLC, AMANO GLOBAL HOLDINGS, INC., SHINGO LAVINE, AND ADAM LAVINE | C/O LAW OFFICES OF DOUGLAS T. TABACHNIK, P.C. | ATTN: DOUGLAS T. TABACHNIK | 63 WEST MAIN STREET SUITE C | FREEHOLD | NJ | 07728-2141 | DTABACHNIK@DTTLAW.COM | VIA E-MAIL |
| MATTHEW EDWARDS | C/O LIZ GEORGE AND ASSOCIATES | ATTN: LYSBETH GEORGE | 8101 S. WALKER SUITE F | OKLAHOMA CITY | OK | 73139 | GEORGELAWOK@GMAIL.COM | VIA ECF |
| TEXAS STATE SECURITIES BOARD | OFFICE OF THE ATTORNEY GENERAL OF TEXAS | ATTN: ABIGAIL R RYAN, LAYLA D MILLIGAN & JASON B BINFORD | BANKRUPTCY & COLLECTIONS DIVISION PO BOX 12548 | AUSTIN | TX | 78711-2548 | ABIGAIL.RYAN@OAG.TEXAS.GOV LAYLA.MILLIGAN@OAG.TEXAS.GOV JASON.BINFORD@OAG.TEXAS.GOV | VIA E-MAIL VIA E-MAIL VIA E-MAIL |
| OFFICE OF THE ATTORNEY GENERAL OF TEXAS | | ATTN: ROMA N. DESAI | BANKRUPTCY & COLLECTIONS DIVISION PO BOX 12548 | AUSTIN | TX | 78711-2548 | ROMA.DESAI@OAG.TEXAS.GOV | VIA ECF |
| OFFICE OF THE ATTORNEY GENERAL | BANKRUPTCY DIVISION | ATTN: MARVIN E. CLEMENTS, JR. | BANKRUPTCY DIVISION P O BOX 20207 | NASHVILLE | TN | 37202-0207 | AGBANKNEWYORK@AG.TN.GOV | VIA ECF |
| VERMONT DEPARTMENT OF FINANCIAL REGULATION | ASSISTANT GENERAL COUNSEL | ATTN: JENNIFER ROOD | 89 MAIN STREET THIRD FLOOR | MONTPELIER | VT | 05620 | JENNIFER.ROOD@VERMONT.GOV | VIA ECF |
| ROBERT SNYDERS & LISA SNYDERS | C/O JOHNSON, POPE, BOKOR, RUPPEL & BURNS, LLP | ATTN: ANGELINA E. LIM | 401 E JACKSON STREET SUITE 3100 | TAMPA | FL | 33602 | ANGELINAL@JPFIRM.COM | VIA ECF |
| MICHAEL LEGG | C/O MCCARTHY, LEBIT, CRYSTAL & LIFFMAN CO. | ATTN: ROBERT R. KRACHT & NICHOLAS R. OLESKI | 1111 SUPERIOR AVENUE EAST SUITE 2700 | CLEVELAND | OH | 44114 | RRK@MCCARTHYLEBIT.COM NRO@MCCARTHYLEBIT.COM | VIA E-MAIL VIA ECF |
| MICHAEL GENTSCH | C/O BARSKI LAW PLC | ATTN: CHRIS D. BARSKI | 9375 E. SHEA BLVD. STE 100 | SCOTTSDALE | AZ | 85260 | CBARSKI@BARSKILAW.COM | VIA ECF |
| ILLINOIS SECRETARY OF STATE | C/O OFFICE OF THE ATTORNEY GENERAL | ATTN: JOHN P. REDING | 100 W. RANDOLPH ST FLOOR 13 | CHICAGO | IL | 60601 | JOHN.REDING@ILAG.GOV | VIA ECF |
| GEORGIA DEPARTMENT OF BANKING AND FINANCE | | ATTN: NATHAN HOVEY, ASSISTANT ATTORNEY GENERAL | DEPARTMENT OF LAW 40 CAPITOL SQUARE SW | ATLANTA | GA | 30334 | NHOVEY@LAW.GA.GOV | VIA ECF |
| MARK CUBAN AND DALLAS BASKETBALL LIMITED, D/B/A DALLAS MAVERICKS | C/O BROWN RUDNICK LLP | ATTN: SIGMUND S. WISSNER-GROSS ESQ. & KENNETH J. AULET | SEVEN TIMES SQUARE | NEW YORK | NY | 10036 | SWISSNER-GROSS@BROWNRUDNICK.COM KAULET@BROWNRUDNICK.COM | VIA ECF VIA E-MAIL |
| MARK CUBAN AND DALLAS BASKETBALL LIMITED D/B/A DALLAS MAVERICKS | C/O BROWN RUDNICK LLP | ATTN: STEPHEN A. BEST ESQ & RACHEL O. WOLKINSON, ESQ. | 601 THIRTEENTH STREET NW SUITE 600 | WASHINGTON | DC | 2005 | SBEST@BROWNRUDNICK.COM RWOLKINSON@BROWNRUDNICK.COM | VIA E-MAIL VIA E-MAIL |
| ED BOLTON | C/O AKERMAN LLP | ATTN: R. ADAM SWICK, JOHN H. THOMPSON, JOANNE GELFAND | 1251 AVENUE OF THE AMERICAS, 37TH FL | NEW YORK | NY | 10020 | ADAM.SWICK@AKERMAN.COM; JOHN.THOMPSON@AKERMAN.COM; JOANNE.GELFAND@AKERMAN.COM | VIA ECF VIA ECF VIA ECF |
| JON GIACOBBE | C/O AKERMAN LLP | ATTN: A. MANNY ALICANDRO | 11 BROADWAY, SUITE 615 | NEW YORK | NY | 10004 | MANNY@ALICANDROLAWOFFICE.COM | VIA ECF |
| WELLS FARGO BANK, N.A. | C/O ALDRIDGE PITE, LLP | ATTN: GREGORY WALLACH | FIFTEEN PIEDMONT CENTER 3575 PIEDMONT ROAD, N.E. | ATLANTA | GA | 30305 | GWALLACH@ALDRIDGEPITE.COM | VIA ECF |
| AD HOC GROUP OF EQUITY INTEREST HOLDERS | C/O KILPATRICK TOWNSEND & STOCKTON LLP | ATTN: DAVID M. POSNER & KELLY E. MOYNIHAN | THE GRACE BUILDING 1114 AVENUE OF THE | NEW YORK | NY | 10036 | DPOSNER@KILPATRICKTOWNSEND.COM KMOYNIHAN@KILPATRICKTOWNSEND.C | VIA E-MAIL |
| AD HOC GROUP OF EQUITY INTEREST HOLDERS | C/O KILPATRICK TOWNSEND & STOCKTON LLP | ATTN: PAUL M. ROSENBLATT | 1100 PEACHTREE STREET NE SUITE 2800 | ATLANTA | GA | 30309 | PROSENBLATT@KILPATRICKTOWNSEND.COM | VIA E-MAIL |
| PIERCE ROBERTSON | C/O PACHULSKI STANG ZIEHL & JONES LLP | ATTN: RICHARD M. PACHULSKI, ALAN J. KORNFELD, DEBRA I. GRASSGREEN, AND JASON H. ROSELL | 10100 SANTA MONICA BLVD 13TH FLOOR | LOS ANGELES | CA | 90067 | RPACHULSKI@PSZJLAW.COM AKORNFELD@PSZJLAW.COM DGRASSGREEN@PSZJLAW.COM JROSELL@PSZJLAW.COM | VIA E-MAIL VIA E-MAIL VIA E-MAIL VIA ECF |

| STATE OF WASHINGTON | OFFICE OF ATTORNEY GENERAL | ATTN: STEPHEN MANNING, ASSISTANT ATTORNEY GENERAL | GOVERNMENT COMPLIANCE AND ENFORCEMENT DIVISION P.O. BOX 40100 | OLYMPIA | WA | 98504-4010 | | STEPHEN.MANNING@ATG.WA.GOV | VIA ECF |
|---|---|---|---|---|---|---|---|---|---|
| MARCUM LLP | MINTZ & GOLD LLP | ATTN: ANDREW R. GOTTESMAN | 600 THIRD AVENUE, 25TH | NEW YORK | NY | 10016 | | GOTTESMAN@MINTZANDGOLD.COM | VIA ECF |
| U.S. SECURITIES & EXCHANGE COMMISSION | | ATTN: THERESE A. SCHEUER | 100 F STREET, NE | WASHINGTON | DC | 20549 | | SCHEUERT@SEC.GOV | VIA E-MAIL |