Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:    (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**AMENDED[2] AGENDA FOR HEARING TO BE HELD**
**OCTOBER 19, 2022, AT 2:00 P.M. (PREVAILING EASTERN TIME)**

| | |
|---|---|
| Time and Date of Hearing: | October 19, 2022, at 2:00 p.m. (prevailing Eastern Time) |
| Location of Hearing: | The Honorable Judge Michael E. Wiles<br>United States Bankruptcy Court for the Southern District of New York<br>Alexander Hamilton Custom House<br>One Bowling Green, Courtroom 617<br>New York, New York 10004 |
| Hearing Attendance Instructions: | In accordance with General Order M-543 ("General Order M-543"), dated March 20, 2020, the Hearing will only be conducted telephonically. Any parties wishing to participate in the Hearing must make arrangements through CourtSolutions LLC. Instructions to register for CourtSolutions LLC are attached to General Order M-543. |
| Copies of Motions: | A copy of each pleading may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/Voyager. You may also obtain copies of any pleadings by visiting the Court's website at |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2] **Amended items appear in bold.**

http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

## I. Uncontested Matters:

1. ***Cash Management Motion.*** Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief [Docket No. 10].

    Objection Deadline: September 20, 2022, at 4:00 p.m. (prevailing Eastern Time). The objection deadline was extended to October 11, 2022, at 4:00 p.m. (prevailing Eastern Time) for the United States Trustee.

    Responses Received: None.

    Related Documents:

    A. Notice of Filing of Revised Proposed Interim Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (Iii) Granting Related Relief [Docket No. 46].

    B. Interim Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief [Docket No. 53].

    C. Notice of Filing of Revised Proposed Second Interim Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief [Docket No. 211].

D.    Notice of Filing of Revised Proposed Second Interim Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief [Docket No. 227].

E.    Second Interim Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief [Docket No. 237].

F.    Notice of Adjournment of the Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief [Docket No. 398].

G.    Notice of Adjournment of Certain Motions [Docket No. 453].

H.    Notice of (I) Cancellation of the Hearing Scheduled for October 18, 2022 and (II) Adjournment of Matters Related Thereto [Docket No. 502].

I.    **Certification of Counsel in Support of Third Interim Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief [Docket No. 562].**

**Status**: This matter is going forward.

2. ***Marcum Retention Application.*** Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Marcum LLP to Provide Auditing Services and Foreign Compliance Services Effective as of the Petition Date [Docket No. 423].

<u>Objection Deadline</u>:    September 22, 2022, at 4:00 p.m. (prevailing Eastern Time).  The objection deadline was extended to October 11, 2022, at 4:00 p.m. (prevailing Eastern Time) for the United States Trustee.

<u>Responses Received</u>:  None.

<u>Related Documents</u>:

A. Notice of Adjournment of Certain Motions [Docket No. 453].

B. Notice of (I) Cancellation of the Hearing Scheduled for October 18, 2022 and (II) Adjournment of Matters Related Thereto [Docket No. 502].

C. Supplemental Declaration of Edward F. Bechold in Support of Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Marcum LLP to Provide Auditing Services and Foreign Compliance Services Effective as of the Petition Date [Docket no. 527].

D. Notice of Filing of Revised Proposed Order Granting the Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Marcum LLP to Provide Auditing Services and Foreign Compliance Services Effective as of the Petition Date [Docket No. 528].

E. Certification of Counsel in Support of Order Granting the Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Marcum LLP to Provide Auditing Services and Foreign Compliance Services Effective as of the Petition Date [Docket No. 541].

**Status**:   This matter is going forward.

3. ***Deloitte Tax Retention Application.*** Debtors' Application for Entry of an Order Authorizing the Debtors to Employ and Retain Deloitte Tax LLP as Tax Services Provider Effective as of August 1, 2022 [Docket No. 478].

<u>Objection Deadline</u>:  October 11, 2022, at 4:00 p.m. (prevailing Eastern Time).

<u>Responses Received</u>:  None.

<u>Related Documents</u>:

A. Notice of (I) Cancellation of the Hearing Scheduled for October 18, 2022 and (II) Adjournment of Matters Related Thereto [Docket No. 502].

      B.      **Notice of Filing Revised Proposed Order Authorizing the Debtors to Employ and Retain Deloitte Tax LLP as Tax Services Provider Effective as of August 1, 2022 [Docket No. 557].**

      Status: This matter is going forward.

4.    *Deloitte & Touche Retention Application.* Debtors' Application for Entry of an Order Authorizing the Debtors to Employ and Retain Deloitte & Touche LLP as Accounting Advisors Effective as of August 24, 2022 [Docket No. 479].

    Objection Deadline: October 11, 2022, at 4:00 p.m. (prevailing Eastern Time).

    Responses Received: None.

    Related Documents:

      A.      Notice of (I) Cancellation of the Hearing Scheduled for October 18, 2022 and (II) Adjournment of Matters Related Thereto [Docket No. 502].

      B.      **Notice of Filing Revised Proposed Order Authorizing the Debtors to Employ and Retain Deloitte & Touche LLP as Accounting Advisors Effective as of August 24, 2022 [Docket No. 556].**

    Status: This matter is going forward.

## II.    Contested Matters:

5.    *Disclosure Statement Motion.* Debtors' Motion for Entry of an Order Approving (I) The Adequacy of the Disclosure Statement, (II) Solicitation and Notice Procedures, (III) Forms of Ballots and Notices in Connection Therewith, and (IV) Certain Dates with Respect Thereto [Docket No. 289].

    Objection Deadline: October 12, 2022, at 4:00 p.m. (prevailing Eastern Time). The objection deadline was extended to October 18, 2022, at 4:00 p.m. (prevailing Eastern Time) **for certain parties**.

    Responses Received:

      A.      Objection of Pierce Robertson to Disclosure Statement Relating to the First Amended Joint Plan of Reorganization of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 443].

B. Supplemental Objection of Pierce Robertson to First Amended Disclosure Statement Relating to the Second Amended Joint Plan of Reorganization of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Docket No. 512].

C. Objection to Second Amended Joint Plan of Voyager Digital Holdings, Inc. and First Amended Disclosure Statement [Docket No. 521]

D. Objection of the Ad Hoc Group of Equity Holders to Debtors' Motion for Entry of an Order Approving (i) the Adequacy of the Disclosure Statement, (ii) Solicitation and Notice Procedures, (iii) Forms of Ballots and Notices in Connection Therewith, and (iv) Certain Dates with Respect Thereto [Docket No. 524].

E. Declaration of Matthew Dundon in Support of the Objection of the Ad Hoc Group of Equity Holders to Debtors' Motion for Entry of an Order Approving (i) the Adequacy of the Disclosure Statement, (ii) Solicitation and Notice Procedures, (iii) Forms of Ballots and Notices in Connection Therewith, and (iv) Certain Dates with Respect Thereto [Docket No. 525].

F. Objection of the Official Committee of Unsecured Creditors to Debtors' Motion for Entry of an Order Approving (I) the Adequacy of the Amended Disclosure Statement, (II) Solicitation and Notice Procedures, (III) Forms of Ballots and Notices in Connection Therewith, and (IV) Certain Dates with Respect Thereto [Docket No. 526].

G. Letter dated October 6, 2022 to Judge Wiles in re: Objection to Joint Plan and Objection to Disclosure Statement Relating to the Second Amended Joint Plan [Docket No. 529].

H. Objection of the United States Trustee to First Amended Disclosure Statement Relating to Second Amended Joint Plan of Reorganization of Voyager Digital Holdings, Inc., and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code (ECF Doc. No. 498) [Docket No. 530].

I. Objection of the Texas State Securities Board and the Texas Department of Banking to Debtors' Motion for Entry of an Order [Docket No. 533].

J. **Document Under Seal Per Court Order. Objection of the Official Committee of Unsecured Creditors to Debtors' Motion for Entry of an Order Approving (I) the Adequacy of the Amended Disclosure Statement, (II) Solicitation and Notice**

22-10943-mew    Doc 569    Filed 10/19/22    Entered 10/19/22 13:56:45    Main Document
                                  Pg 7 of 16

      **Procedures, (III) Forms of Ballots and Notices in Connection Therewith, and (IV) Certain Dates with Respect Thereto [Docket No. 553].**

K.    **Debtors' Omnibus Reply to Objections to the Disclosure Statement Motion [Docket No. 559].**

Related Documents:

L.    Joint Plan of Reorganization of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 17].

M.    First Amended Joint Plan of Reorganization of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 287].

N.    Disclosure Statement Relating to the First Amended Joint Plan of Reorganization of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 288].

O.    Amended Notice of Hearing to Consider Approval of Disclosure Statement for the First Amended Joint Plan of Reorganization of Voyager Digital Holdings, Inc. And Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 343].

P.    Notice of Rescheduled Sale and Disclosure Statement Hearing Date [Docket No. 365].

Q.    Second Amended Notice of Hearing to Consider Approval of Disclosure Statement for the First Amended Joint Plan of Reorganization of Voyager Digital Holdings, Inc. And Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 441].

R.    Notice of Rescheduled Sale and Disclosure Statement Hearing Date [Docket No. 442].

S.    Notice of Filing of Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 496].

T.    First Amended Disclosure Statement Relating to the Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 498].

    U.    Second Amended Joint Plan of Voyager Digital Holdings, Inc. And Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 539].

    V.    First Amended Disclosure Statement Relating to the Second Amended Joint Plan of Voyager Digital Holdings, Inc. And Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 540].

    W.    **Notice of Filing of Exhibits to the Motion for Entry of an Order Approving (I) the Adequacy of the Disclosure Statement, (II) Solicitation and Notice Procedures, (III) Forms of Ballots and Notices in Connection Therewith, and (IV) Certain Dates with Respect Thereto [Docket No. 546].**

    X.    **Notice of Filing of Exhibits to the First Amended Disclosure Statement Relating to the Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 547].**

    Y.    **Notice of Filing of the Revised Order Approving (I) the Adequacy of the Disclosure Statement, (II) Solicitation and Notice Procedures, (III) Forms of Ballots and Notices in Connection Therewith, and (IV) Certain Dates with Respect Thereto [Docket No. 563].**

    Z.    **Notice of Filing of Second Amended Joint Plan of Voyager Digital Holdings, Inc. And Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 564].**

    AA.    **Notice of Filing of First Amended Disclosure Statement Relating to the Second Amended Joint Plan of Voyager Digital Holdings, Inc. And Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 565].**

    **Status**: This matter is going forward. **The Debtors believe all objections to the Disclosure Statement Motion, other than the objection of the Ad Hoc Group of Equity Holders, are resolved.**

6.    *Sale Motion.* Debtors' Motion for Entry of an Order (I) Authorizing Entry into the Asset Purchase Agreement and (II) Granting Related Relief [Docket No. 472].

Objection Deadline: October 12, 2022, at 4:00 p.m. (prevailing Eastern Time). The objection deadline was extended to October 18, 2022, at 4:00 p.m. (prevailing Eastern Time) **for certain parties**.

Responses Received:

A. Limited Objection of the Georgia Department of Banking and Finance to the Sale of Voyager Digital, LLC in Whole or in Part [Docket No. 388]

B. Objection of Pierce Robertson to Debtors' Motion for Entry of an Order (I) Authorizing Entry into the Asset Purchase Agreement and (II) Granting Related Relief [Docket No. 507].

C. Oracle's Rights Reservation Regarding Debtors' Motion for Entry of an Order (I) Authorizing Entry into the Asset Purchase Agreement and (II) Granting Related Relief [Docket No. 520].

D. Limited Objection of the Ad Hoc Group of Equity Holders to Debtors' Motion for Entry of an Order (I) Authorizing Entry into the Asset Purchase Agreement and (II) Granting Related Relief [Docket No. 523].

E. Limited Objection of the Texas State Securities Board and the Texas Department of Banking to Debtors' Motion for Entry of an Order (I) Authorizing Entry into the Asset Purchase Agreement and (II) Granting Related Relief [Docket No. 535].

F. Declaration in support of Texas State Securities Board's and Texas Department of Banking's Limited Objection to the Debtors Motion for Entry of an Order [Docket No. 536].

G. **Withdrawal of the Limited Objection of the Georgia Department of Banking and Finance to the Sale of Voyager Digital, LLC in Whole or in Part (Dkt. #388) [Docket No. 551].**

H. **Debtors' Omnibus Reply to Objections to APA Motion [Docket No. 558].**

Related Documents:

I. Notice of Response to Wave Financial Interview [Docket No. 523].

J. Declaration of Brian Tichenor in Support of the Debtors' Motion for Entry of an Order (I) Authorizing Entry into the Asset Purchase Agreement, and (II) Granting Related Relief [Docket No. 476].

  K. **Notice of Filing of First Amendment to Asset Purchase Agreement [Docket No. 548].**

  L. **Notice of Filing of the Revised Order (I) Authorizing Entry into the Asset Purchase Agreement and (II) Granting Related Relief [Docket No. 560].**

  M. **Notice of Filing of the Revised Order (I) Authorizing Entry into the Asset Purchase Agreement and (II) Granting Related Relief [Docket No. 568].**

 <u>Status</u>: This matter is going forward. **The Debtors believe all objections to the Sale Motion have been resolved.**

**III. <u>Adversary Proceedings:</u>**

 7. ***Extend Automatic Stay Motion.*** The Debtors' Motion to Extend the Automatic Stay or, in the Alternative, for Injunctive Relief Enjoining Prosecution of Certain Pending Litigation (Adversary Proceeding No. 22-01138) [Docket No. 2].

 <u>Objection Deadline</u>: October 11, 2022, at 4:00 p.m. (prevailing Eastern Time).

 <u>Responses Received</u>:

  A. Objection to Defendants to Debtors' Motion to Extend the Automatic Stay or, in the Alternative, for Injunctive Relief Enjoining Prosecution of Certain Pending Litigation [Docket No. 18].

  B. Notice of Filing of <u>Exhibit A</u> to Objection to Defendants to Debtors' Motion to Extend the Automatic Stay or, in the Alternative, for Injunctive Relief Enjoining Prosecution of Certain Pending Litigation [Docket No. 23].

  C. Official Committee of Unsecured Creditors' Reservation of Rights Relating to Debtors' Motion to Extend the Automatic Stay or, in the Alternative, for Injunctive Relief Enjoining Prosecution of Certain Pending Litigation [Docket No. 27].

  D. Reply in Support of the Debtors' Motion to Extend the Automatic Stay or, in the Alternative, for Injunctive Relief Enjoining Prosecution of Certain Pending Litigation [Docket No. 31].

 <u>Related Documents</u>:

E. Joinder of Mark Cuban and the Dallas Basketball Limited d/b/a Dallas Mavericks in the Debtors' Motion to Extend the Automatic Stay or, in the Alternative, for Injunctive Relief Enjoining Prosecution of Certain Pending Litigation [Docket No. 8].

F. Notice of (I) Cancellation of the Hearing Scheduled for October 18, 2022 and (II) Adjournment of Matters Related Thereto [Docket No. 502].

G. **Stipulation and Agreed Order Resolving Adversary Proceeding No: 22-01138 [Docket No. 37].**

H. **Limited Objection of Mark Cuban and Dallas Basketball Limited, D/B/A Dallas Mavericks to Debtors' Stipulation and Agreed Order Resolving Adversary Proceeding No: 22-01138 [Docket No. 38].**

I. **Exhibit A to the Limited Objection to Stipulation and Agreed Order [Docket No. 39].**

**Status**: **The Debtors, the Robertson defendants, and the Debtors' CEO have reached agreement on the terms of a stipulation, filed as Docket No. 37, which would resolve the motion and adversary proceeding. We understand that the proposed intervenors (Mr. Cuban and Dallas Basketball Limited d/b/a Dallas Mavericks) may want to be heard at the hearing, although there is a dispute about their standing to object.**

8. *Pre-Trial Conference.* Pre-Trial Conference (Adversary Proceeding No. 22-01138) [Docket No. 5].

Objection Deadline: October 11, 2022, at 4:00 p.m. (prevailing Eastern Time).

Responses Received: None.

Related Documents:

A. Notice of (I) Cancellation of the Hearing Scheduled for October 18, 2022 and (II) Adjournment of Matters Related Thereto [Docket No. 502].

**Status**: **The Debtors, the Robertson defendants, and the Debtors' CEO have reached agreement on the terms of a stipulation, filed as Docket No. 37, which would resolve the motion and adversary proceeding. We understand that the proposed intervenors (Mr. Cuban and Dallas Basketball Limited d/b/a**

> Dallas Mavericks) may want to be heard at the hearing, although there is a dispute about their standing to object.

9. *M. Cuban Intervene Motion.* Amended Motion to Intervene by Mark Cuban and Dallas Basketball Limited d/b/a Dallas Mavericks Pursuant to Rule 24 and Bankruptcy Rule 7024 to Intervene in Adversary Proceeding (Adversary Proceeding No. 22-01138) [Docket No. 25]

Objection Deadline:  October 11, 2022, at 4:00 p.m. (prevailing Eastern Time).

Responses Received:

A. Objection of Defendants to Amended Motion by Mark Cuban and Dallas Basketball Limited d/b/a Dallas Mavericks Pursuant to Rule 24 and Bankruptcy Rule 7024 to Intervene in Adversary Proceeding [Docket No. 28].

B. Reply in Support of Motion to Intervene by Mark Cuban and Dallas Basketball Limited d/b/a Dallas Mavericks Pursuant to Rule 24 and Bankruptcy Rule 7024 to Intervene in Adversary Proceeding [Docket No. 32].

Related Documents:

C. Motion to Intervene by Mark Cuban and Dallas Basketball Limited d/b/a Dallas Mavericks Pursuant to Rule 24 and Bankruptcy Rule 7024 to Intervene in Adversary Proceeding [Docket No. 20].

D. Notice of (I) Cancellation of the Hearing Scheduled for October 18, 2022 and (II) Adjournment of Matters Related Thereto [Docket No. 22].

E. Amended Notice of Motion of Mark Cuban and Dallas Basketball Limited d/b/a Dallas Mavericks Pursuant to Federal Rule 24 and Bankruptcy Rule 7024 to Intervene in Adversary Proceeding [Docket No. 26].

**Status**: **The Debtors, the Robertson defendants, and the Debtors' CEO have reached agreement on the terms of a stipulation, filed as Docket No. 37, which would resolve the motion and adversary proceeding. We understand that the proposed intervenors (Mr. Cuban and Dallas Basketball Limited d/b/a Dallas Mavericks) may want to be heard at the hearing, although there is a dispute about their standing to object.**

**IV.    Matters Already Entered**

10. **Cassels Brock Retention Application.** Application for Order Authorizing the Employment and Retention of Cassels Brock & Blackwell LLP as Canadian Counsel to the Official Committee of Unsecured Creditors of Voyager Digital Holdings, Inc., et al., Effective as of July 29, 2022 [Docket No. 383].

    Objection Deadline:  October 11, 2022, at 4:00 p.m. (prevailing Eastern Time).

    Responses Received:  None.

    Related Documents:

    A.  Notice of (I) Cancellation of the Hearing Scheduled for October 18, 2022 and (II) Adjournment of Matters Related Thereto [Docket No. 502].

    B.  Certificate of No Objection Pursuant to LR 9075-2 Regarding Application for Order Authorizing the Employment and Retention of Cassels Brock & Blackwell LLP as Canadian Counsel to the Official Committee of Unsecured Creditors of Voyager Digital Holdings, Inc., et al., Effective as of July 29, 2022 [Docket No. 532].

    C.  **Order Authorizing the Employment and Retention of Cassels Brock & Blackwell LLP as Canadian Counsel to the Official Committee of Unsecured Creditors of Voyager Digital Holdings, Inc., et al., Effective as of July 29, 2022 [Docket No. 550].**

    **Status**:  **On October 18, 2022, the Court entered the proposed form of order.  Therefore, no hearing on this matter is necessary.**

11. **Epiq Retention Application.** Application for Order Authorizing the Employment and Retention of Epiq Corporate Restructuring, LLC as Noticing and Information Agent for the Official Committee of Unsecured Creditors of Voyager Digital Holdings, Inc., et al., Effective as of July 26, 2022 [Docket No. 454].

    Objection Deadline:  October 11, 2022, at 4:00 p.m. (prevailing Eastern Time).

    Responses Received:  None.

    Related Documents:

      A.    Notice of (I) Cancellation of the Hearing Scheduled for October 18, 2022 and (II) Adjournment of Matters Related Thereto [Docket No. 502].

      B.    Certificate of No Objection Pursuant to LR 9075-2 Regarding Application for Order Authorizing the Employment and Retention of Epiq Corporate Restructuring, LLC as Noticing and Information Agent for the Official Committee of Unsecured Creditors of Voyager Digital Holdings, Inc., et al., Effective as of July 26, 2022 [Docket No. 531].

      C.    **Order Authorizing the Employment and Retention of Epiq Corporate Restructuring, LLC as Noticing and Information Agent for the Official Committee of Unsecured Creditors of Voyager Digital Holdings, et al., Effective as of July 26, 2022 [Docket No. 552].**

    <u>Status</u>:  **On October 18, 2022, the Court entered the proposed form of order.  Therefore, no hearing on this matter is necessary.**

12.    *First UCC Intervene Motion.*  Motion of the Official Committee of Unsecured Creditors Pursuant to Federal Rule 24 and Bankruptcy Rule 7024 to Intervene in Adversary Proceeding (Adversary Proceeding No. 22- 01133) [Docket No. 10].

<u>Objection Deadline</u>:  October 11 2022, at 4:00 p.m. (prevailing Eastern Time).

<u>Responses Received</u>:  None.

<u>Related Documents</u>:

      A.    Notice of Motion of the Official Committee of Unsecured Creditors Pursuant to Federal Rule 24 and Bankruptcy Rule 7024 to Intervene in Adversary Proceeding [Docket No. 12].

      B.    Amended Notice of Motion of the Official Committee of Unsecured Creditors Pursuant to Federal Rule 24 and Bankruptcy Rule 7024 to Intervene in Adversary Proceeding [Docket No. 13].

      C.    Notice of (I) Cancellation of the Hearing Scheduled for October 18, 2022 and (II) Adjournment of Matters Related Thereto [Docket No. 14].

      D.    Certificate of No Objection Pursuant to LR 9075-2 Regarding Motion of the Official Committee of Unsecured Creditors Pursuant to Federal Rule 24 and Bankruptcy Rule 7024 to Intervene in Adversary Proceeding [Docket No. 15].

|     |     |     |
| --- | --- | --- |
|     | E.  | **Order Granting Motion of the Official Committee of Unsecured Creditors Pursuant to Federal Rule 24 and Bankruptcy Rule 7024 to Intervene in Adversary Proceeding [Docket No. 17].** |

Status: On October 18, 2022, the Court entered the proposed form of order. Therefore, no hearing on this matter is necessary.

13. ***Second UCC Intervene Motion.*** Motion of the Official Committee of Unsecured Creditors Pursuant to Federal Rule 24 and Bankruptcy Rule 7024 to Intervene in Adversary Proceeding (Adversary Proceeding No. 22- 01138) [Docket No. 9].

    Objection Deadline: October 11, 2022, at 4:00 p.m. (prevailing Eastern Time).

    Responses Received: None.

    Related Documents:

    A. Notice of Motion of the Official Committee of Unsecured Creditors Pursuant to Federal Rule 24 and Bankruptcy Rule 7024 to Intervene in Adversary Proceeding [Docket No. 10].

    B. Amended Notice of Motion of the Official Committee of Unsecured Creditors Pursuant to Federal Rule 24 and Bankruptcy Rule 7024 to Intervene in Adversary Proceeding [Docket No. 11].

    C. Notice of (I) Cancellation of the Hearing Scheduled for October 18, 2022 and (II) Adjournment of Matters Related Thereto [Docket No. 14].

    D. Certificate of No Objection Pursuant to LR 9075-2 Regarding Motion of the Official Committee of Unsecured Creditors Pursuant to Federal Rule 24 and Bankruptcy Rule 7024 to Intervene in Adversary Proceeding [Docket No. 33].

    E. **Order Granting Motion of the Official Committee of Unsecured Creditors Pursuant to Federal Rule 24 and Bankruptcy Rule 7024 to Intervene in Adversary Proceeding [Docket No. 36].**

    Status: On October 18, 2022, the Court entered the proposed form of order. Therefore, no hearing on this matter is necessary.

## IV. Adjourned Matters

14. ***Equity Committee Motion.*** Letter to Judge Wiles [Docket No. 373].

Objection Deadline:  October 11, 2022, at 4:00 p.m. (prevailing Eastern Time).

Responses Received:

A. Statement of the United States Trustee Regarding Objection and Motion for Appointment of an Equity Committee and a Motion to Hold Directors Personally Liable [Docket No. 492].

Related Documents:

B. Notice of Hearing for Motions to Be Heard on September 29, 2022 at 2:00 P.M. [Docket No. 377].

C. Notice of Adjournment Re Docket No. 373 [Docket No. 444].

D. Letter dated September 30, 2022 to Judge Wiles in re: Recovery for Existing Shareholders [Docket No. 491].

E. Notice of Adjournment Re Docket Nos. 373 and 491 [Docket No. 500].

**Status**:  This matter has been adjourned to November 15, 2022, at 11:00 a.m. (prevailing Eastern Time).

Dated:  October 19, 2022         */s/ Joshua A. Sussberg*
New York, New York               **KIRKLAND & ELLIS LLP**
                                 **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                 Joshua A. Sussberg, P.C.
                                 Christopher Marcus, P.C.
                                 Christine A. Okike, P.C.
                                 Allyson B. Smith (admitted *pro hac vice*)
                                 601 Lexington Avenue
                                 New York, New York 10022
                                 Telephone:   (212) 446-4800
                                 Facsimile:   (212) 446-4900
                                 Email:       jsussberg@kirkland.com
                                              cmarcus@kirkland.com
                                              christine.okike@kirkland.com
                                              allyson.smith@kirkland.com

*Counsel to the Debtors and Debtors in Possession*