UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) ) ) | Case No. 22-10943 (MEW) |
| Debtors. | ) ) ) | (Jointly Administered) |

**ORDER GRANTING THE DEBTORS' APPLICATION FOR
ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND
RETENTION OF MARCUM LLP TO PROVIDE AUDITING SERVICES AND
FOREIGN COMPLIANCE SERVICES EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") authorizing the Debtors to retain and employ Marcum LLP ("Marcum") to provide auditing services and foreign compliance services effective as of the Petition Date; all as more fully set forth in the Application and the Bechold Declaration; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this case and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other Parties-in-

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital, Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2] Capitalized terms used in this Order and not defined have the meanings given to such terms in the Application.

Interest; and this Court having found that the Debtors provided appropriate notice of the Application and the opportunity for a hearing on the Application under the circumstances; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted to the extent set forth herein, effective as of the Petition Date.

2. The Debtors are authorized pursuant to sections 327(a) and 328 of the Bankruptcy Code to employ and retain Marcum to provide auditing services and foreign compliance services in accordance with the terms and conditions set forth in the Application and in the Engagement Letter, as the Engagement Letter has been modified by this Order and subject to the terms of this Order.

3. Notwithstanding anything in the Engagement Letter to the contrary, for the avoidance of doubt, the Bankruptcy Court shall have exclusive jurisdiction over any and all matters arising under or in connection with Marcum's engagement by the Debtors pursuant to the Engagement Letter, including without limitation, any disputes as to fees or as to the services provided by Marcum.

4. Marcum shall be compensated for fees and reimbursed for reasonable and necessary expenses and will file interim and final fee applications for allowance of its compensation and expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Order Establishing Procedures for Monthly Compensation and

Reimbursement of Expenses of Professionals, dated December 21, 2010 (General Order M-412), Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated January 29, 2013 (General Order M-447), the U.S. Trustee 1996 Guidelines, and any applicable orders of this Court.

5. Notwithstanding anything to the contrary in the Application, the Engagement Letter, or the Bechold Declaration, Marcum shall not be entitled to an administrative fee for the administrative time incurred in performing the Services and such provision in the Engagement Letter shall have no force and effect.

6. Attorneys' fees and/or expenses reimbursed under the Engagement Letter shall be limited to those expended in representing Marcum in retention and fee application matters.

7. Notwithstanding anything to the contrary in the Application, the Engagement Letter, or the Bechold Declaration, Marcum shall apply any remaining amounts of its prepetition advance payment retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to an order of the Court awarding fees and expenses to Marcum. Marcum is authorized without further order of the Court to reserve and apply amounts from the prepetition advance payment retainer that would otherwise be applied toward payment of postpetition fees and expenses as are necessary and appropriate to compensate and reimburse Marcum for fees or expenses incurred on or prior to the Petition Date consistent with its ordinary course billing practices.

8. Marcum shall provide ten business-days' notice to the Debtors, the U.S. Trustee, and the Committee before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in

section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

9. Notwithstanding anything in the Application to the contrary, to the extent that Marcum uses the services of independent contractors or subcontractors (collectively, the "Contractors") in these cases, Marcum shall (i) pass through the cost of such Contractors to the Debtors at the same rate that Marcum pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflict checks as required for Marcum; and (iv) file with the Court such disclosures required by Bankruptcy Rule 2014.

10. Notwithstanding any provision to the contrary in the Engagement Letter, disputes relating to the services provided by Marcum shall not be referred to arbitration or mediation unless this Court does not have, retain, or exercise jurisdiction over the dispute.

11. Marcum shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

13. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. To the extent the Application or Engagement Letter are inconsistent with this Order, the terms of this Order shall govern.

15. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York
Dated:   October 19, 2022

                                                **s/Michael E. Wiles**
                                                THE HONORABLE MICHAEL E. WILES
                                                UNITED STATES BANKRUPTCY JUDGE