Hearing Date: November 15, 2022, at 11:00 a.m. (prevailing Eastern Time)
Objection Deadline:   November 9, 2022, at 4:00 p.m. (prevailing Eastern Time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., et al.,[1] | Case No. 22-10943-MEW |
| | (Jointly Administered) |
| Debtors. | |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that the New York State Department of Financial Services (the "Department") will move before the Honorable Judge Michael Wiles, Bankruptcy Judge for the Southern District of New York, at the U.S. Bankruptcy Court located at One Bowling Green, New York, New York, Courtroom 617 on November 15, 2022, at 11:00 a.m. (ET).,via Telephonic Hearing, or as soon thereafter as counsel can be heard, for an order lifting the automatic stay so that the Department may proceed with an investigation into whether the Debtors, or any one of them, have violated applicable law, pursuant to 11 U.S.C. § 362(d).

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 9006-1 of the Local Rules of Bankruptcy Practice for the Southern District of New York, answering papers and memoranda of law, if any, must be filed with the Court and served upon the undersigned so as to be received by the undersigned no later than seven (7) calendar days before the return date for this motion.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital, Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and served, the Court may enter an order granting the relief requested with no further notice or opportunity to be heard.

Dated: New York, New York
October 19, 2022

/s/ Kevin R. Puvalowski
KEVIN R. PUVALOWSKI
Acting Executive Deputy Superintendent
Consumer Protection and Financial Enforcement
New York State Department of Financial Services
One State Street
New York, NY 10004-1511
(212) 709-7156
Kevin.Puvalowski@dfs.ny.gov


/s/ Linda Donahue
LINDA DONAHUE
Deputy General Counsel for Litigation
New York State Department of Financial Services
One State Street
New York, NY 10004-1511
(212) 709-1641
Linda.Donahue@dfs.ny.gov


/s/ Jason D. St. John
JASON D. ST. JOHN
Assistant Deputy Superintendent
Consumer Protection and Financial Enforcement
New York State Department of Financial Services
One State Street
New York, NY 10004-1511
(646) 343-4199
Jason.Stjohn@dfs.ny.gov

Hearing Date: November 15, 2022, at 11:00 a.m. (prevailing Eastern Time)
Objection Deadline:   November 9, 2022, at 4:00 p.m. (prevailing Eastern Time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., et al.,[1] | Case No. 22-10943-MEW |
| | (Jointly Administered) |
| Debtors. | |

MOTION OF THE NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES
FOR AN ORDER LIFTING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)

The New York State Department of Financial Services (the "Department" or "DFS"), moves pursuant to 362(d) of Title 11 of the United States Code ("Bankruptcy Code") and Rule 4001 of the Rules of Bankruptcy Procedure, for an order lifting the automatic stay to permit DFS to proceed with an investigation into whether the Debtors, or any one of them, have engaged in fraudulent activity and/or violated applicable law with respect to unlicensed cryptocurrency business activities within New York.

FACTUAL BACKGROUND

1.      The Department supervises and regulates the activities of nearly 3000 financial institutions, including banks, trust companies and insurance companies. DFS is responsible for, among other things, protecting consumers, fighting consumer fraud, and ensuring that regulated entities comply with applicable New York and federal laws and regulations. DFS accomplishes this, among other methods, by investigating and bringing enforcement actions against individuals and entities who may have violated such laws and regulations. *See* New York Financial Services

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687, hereinafter "Holdings"); Voyager Digital, Ltd. (7224, hereinafter, the "Canadian Parent Company"); and Voyager Digital, LLC (8013, hereinafter, "Voyager"). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

Law §§ 102, 201, 301, 306, 404, 408 ("Applicable Law"). Specifically relevant to this matter, the Department administers and enforces New York's nation-leading virtual currency (also known as "cryptocurrency") regime. *See* 23 N.Y.C.R.R Part 200.

2. The Debtors are engaged in the virtual currency brokerage, custody, and lending businesses, with a customer base purporting to be international in scope.[2] Indeed, according to the Declaration filed in this case by Steven Ehrlich, Voyager's Chief Executive Office: "Voyager grew rapidly – in just [the past] four years, Voyager's platform evolved from a small start-up to an industry-leading brokerage with 3.5 million users and over $5.9 billion of crypto currency assets held."[3] If and to the extent the Debtors' virtual currency business activities are conducted in New York State or with New Yorkers, they would be subject to licensure and regulation under Applicable Law.

3. To date, the Department has not licensed any of the Debtors to conduct virtual currency business activities in New York State or with New York consumers. The Debtors currently have pending with the Department applications for Voyager Digital New York, LLC, which the Department understands to be a not-yet operational member of the Voyager family of companies, to become licensed as both a virtual currency business and a money transmission business in New York.

4. Despite the fact that none of the Debtors are licensed in New York, the Department is aware of allegations and other information indicating that one or more of the Debtors may have operated and may be continuing to operate in New York in violation of Applicable Law. This information includes allegations in an adversary proceeding related to this bankruptcy made by a self-identifying New Yorker who seeks an order directing that amounts allegedly owed to him by

---

[2] *See* Docket No. 6 at p 3.
[3] *See* Docket No. 15 at p. 9.

Voyager and Holdings be excepted from discharge because he claims that the funds he paid to and invested with Voyager were obtained through false premises, false representations, or actual fraud, including that Voyager claimed in its marketing materials to be a "fully compliant and licensed crypto broker," notwithstanding that it does not possess either a virtual currency or money transmission license under Applicable Law.[4]

5.      These claims of fraudulent marketing materials are consistent with findings by the Federal Deposit Insurance Corporation and the Board of Governors of the Federal Reserve System in a cease and desist letter jointly issued by those agencies to Voyager on July 28, 2022.[5]

6.      Separately, Voyager and its Canadian Parent Company were also named in a class action complaint filed in U.S. District Court for the Southern District of Florida in December 2021, which alleged, *inter alia,* that "the Voyager platform is based on false pretenses, false representations, and is specifically designed to take advantage of investors that utilize mobile apps that make their investments in an unfair, unsavory and deceptive manner.…"[6]

## RELIEF REQUESTED

7.      The Department, consistent with its statutory obligations and authority, intends to commence an investigation into whether the Debtors, or any one of them, have violated Applicable Law. In this regard, the Department believes that its investigatory authority under Applicable Law falls squarely within the "police power exception" to the automatic stay found in Section 362(b)(4) of the Code, which makes clear that, for considered policy reasons, the stay does not extend to "the commencement or continuation of an action or proceeding by a governmental unit… to enforce

---

[4] *See* Complaint, *Giacobbe v. Voyager Digital Holdings, Inc.*, Case No. 22-01145, Dkt. No. 1 ¶¶ 14-15, 19-20, 44-45, 53 (Sept. 1, 2022); *see also* Debtors' Motion to Dismiss and Memorandum in Support, *Giacobbe v. Voyager Digital Holdings, Inc.*, Case No. 22-01145, Dkt. No. 7 (Oct. 14, 2022).
[5] https://www.fdic.gov/news/press-releases/2022/pr22056a.pdf
[6] https://www.classaction.org/media/cassidy-v-voyager-digital-ltd-et-al.pdf at ¶ 2.

Pg 6 of 7

such governmental unit's… police or regulatory power, including the enforcement of a judgment other than a money judgment...." *See, e.g., MCorp v. Board of Governors of the Federal Reserve System*, 502 U.S. 32, 40-41 (1991) (broad reading of the Code's automatic stay in the regulatory context would conflict with the broad discretion Congress expressly granted many administrative agencies as well as with the limited authority Congress vested in the bankruptcy courts, and the stay does not apply to ongoing, non-final administrative proceedings).

8.     The Second Circuit has made clear that the purpose of 11 U.S.C. § 362(b)(4) is to prevent frustration of necessary governmental functions and, thus, "'where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay.'" *SEC v. Brennan*, 230 F.3d 65, 71 (2d Cir. 2000) (quoting H.R. REP. NO. 95-595, at 343; S. REP. NO. 95-989, at 52) (stay only applies to enforcement of money judgment obtained in a governmental unit's enforcement of its police and regulatory power, not to the proceeding itself). Here, DFS is seeking to investigate the Debtor's fraudulent activities, which may ultimately result in an administrative proceeding, but is several steps away from obtaining or seeking to enforce any kind of judgment. Accordingly, DFS submits that the stay does not bar DFS's investigation.

9.     However, out of an abundance of caution, the Department respectfully seeks an order lifting the stay in order to permit DFS to proceed with its investigation on the basis that the public interest advanced by the Department's investigation constitutes adequate cause, pursuant to Section 362(d) of the Bankruptcy Code. The stay is not intended to provide refuge for a debtor in the bankruptcy court from a determination of its liability to vindicate the public interest. DFS should be permitted to proceed with its investigation.

CONCLUSION

10.    For the foregoing reasons, the Department respectfully requests that the Court enter an order lifting the automatic stay to permit the Department to pursue its investigation of the Debtors.

Dated:  New York, New York
        October 19, 2022

*/s/ Kevin R. Puvalowski*
Kevin R. Puvalowski
Acting Executive Deputy Superintendent
Consumer Protection and Financial Enforcement
New York State Department of Financial Services
One State Street
New York, New York 10004-1511
(212) 709-7156
Kevin.Puvalowski@dfs.ny.gov

*/s/ Linda Donahue*
Linda Donahue
Deputy General Counsel for Litigation
New York State Department of Financial Services
One State Street
New York, New York 10004-1511
(212) 709-1641
Linda.Donahue@dfs.ny.gov

*/s/ Jason D. St. John*
Jason D. St. John
Assistant Deputy Superintendent
Consumer Protection and Financial Enforcement
New York State Department of Financial Services
One State Street
New York, New York 10004-1511
(646) 343-4199
Jason.Stjohn@dfs.ny.gov