**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**ORDER AUTHORIZING THE DEBTORS TO
EMPLOY AND RETAIN DELOITTE & TOUCHE LLP AS
ACCOUNTING ADVISORS EFFECTIVE AS OF AUGUST 24, 2022**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") authorizing the Debtors to employ and retain Deloitte & Touche LLP ("Deloitte & Touche") as accounting advisors, effective as of July 5, 2022, pursuant to the terms and conditions set forth in the Engagement Letter, attached hereto as **Exhibit 1**, as more fully set forth in the Application; and upon the *Declaration of Todd Bauer in Support of the Debtors' Application for Entry of an Order Authorizing the Debtors to Employ and Retain Deloitte & Touche LLP as Accounting Advisors Effective as of August 24, 2022* (the "Bauer Declaration"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital, Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and it appearing that Deloitte & Touche does not hold or represent an adverse interest to the Debtors or their estates and that it is disinterested under section 101(14) of the Bankruptcy Code; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted to the extent set forth herein.

2. In accordance with sections 327(a), 328(a), and 1107(b) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rules 2014-1 and 2016-1, the Debtors are authorized to employ and retain Deloitte & Touche as accounting advisors to the Debtors on the terms and conditions set forth in the Application and the Engagement Letter, as the Engagement Letter has been modified by this Order and subject to the terms of this Order effective as of August 24, 2022.

3. The terms and conditions of the Engagement Letter are reasonable and, as modified by this Order, are approved.

4. Deloitte & Touche shall be compensated in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, this Order, and any other applicable orders of this Court.

5.      Deloitte & Touche shall include in its fee applications, among other things, contemporaneous time records setting forth a description of the services rendered by each professional and the amount of time spent on each date by each such individual in rendering services on behalf of the Debtors in one-tenth hour increments.

6.      In the event that the rates of compensation for the services increase from the rates disclosed for services in the Application or the Engagement Letter, Deloitte & Touche will file a supplemental declaration with this Court describing such increased rates and serve such supplemental declaration upon the Debtors and the United States Trustee at least ten (10) business days prior to the effective date of such increases, which supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and indicate whether the Debtors have received notice of and approved the proposed rate increase.

7.      Notwithstanding anything in the Application or the Engagement Letter to the contrary, prior to the effective date of a chapter 11 plan, this Court retains exclusive jurisdiction over all matters arising out of and/or pertaining to Deloitte & Touche's engagement, including without limitation any disputes as to fees or as to the services provided by Deloitte & Touche, until such jurisdiction is relinquished.

8.      The indemnification provisions set forth in the Engagement Letter are hereby approved, subject to the following modifications with respect to the services performed thereunder from August 24, 2022, through the effective date of a chapter 11 plan:

   a.   All requests for payment of indemnity, contribution, or otherwise pursuant to the indemnification provisions shall be made by means of a fee application (interim or final) and shall be subject to the approval and review by this Court to ensure that such payment conforms to the terms of the indemnification provisions and is reasonable based on the circumstances of the litigation or settlement in respect of which indemnity is sought;

3

   *provided, however*, that in no event shall an indemnified party be indemnified or receive contribution to the extent that any claim arose or expense has resulted from any such losses finally judicially determined by a court of competent jurisdiction to have primarily resulted from the gross negligence, willful misconduct, or bad faith of any indemnified parties;

 b. In no event shall any indemnified party be indemnified or receive contribution or other payment of an indemnity claim under the indemnification provisions if the Debtors or a representative of the Debtors' estates asserts a claim for, and a court determines by final order that, such claim primarily arose out of the gross negligence, willful misconduct, or intentional fraud of such indemnified party; and

 c. In the event an indemnified party seeks reimbursement of attorneys' fees from the Debtors in connection with the payment of an indemnity claim pursuant to the indemnification provisions, the invoices and supporting time records from such attorneys shall be attached to Deloitte & Touche's own interim and/or final fee applications, and such invoices and time records shall be subject to the applicable Fee Guidelines and the approval of this Court under the standards of section 330 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

9. Notwithstanding anything in the Engagement Letter to the contrary, the following provisions are hereby modified with respect to services performed thereunder for the Debtors from August 24, 2022, through the effective date of a chapter 11 plan, as follows:

 a. Section 10 of the General Business Terms appended to the Engagement Letter shall be deemed deleted and replaced with the following:

 Nothing contained in the Agreement shall alter in any way the duties imposed by law on Deloitte & Touche in respect of the Services provided hereunder. It is understood and agreed that, with respect to the relationship between Deloitte & Touche, on the one hand, and Client, on the other hand, each party hereto is an independent contractor and neither party is nor shall be considered to be, nor shall purport to act as, the other's agent, distributor, partner, joint venture, or representative.

 b. Section 6(a) of the General Business Terms appended to the Engagement Letter shall be deemed deleted.

 c. Section 6(b) of the General Business Terms appended to the Engagement Letter is hereby modified so as to provide that the proposed limitation of liability to the amount of fees paid shall apply only to the extent that Deloitte

4

& Touche's liability is based on negligence. That limitation shall not apply to the extent that Deloitte & Touche's liability is based on gross negligence, willful misconduct, or fraud.

d. Disputes relating to the services provided by Deloitte Tax shall not be referred to arbitration or mediation unless this Court does not have, retain, or exercise jurisdiction over the dispute.

10. To the extent the Debtors and Deloitte & Touche enter into any additional engagement letter(s) for additional services, the Debtors will file such engagement letter(s) with the Court and serve such engagement letter(s) upon the applicable notice parties. Absent any objection filed within 14 days after the filing and service of any additional engagement letter(s), Deloitte & Touche shall be deemed authorized and approved to provide and be compensated for such additional services pursuant to this Order and the terms of such additional engagement letter(s). To the extent any such parties object to such additional engagement letter(s), the Debtors will promptly schedule a hearing before the Court within 10 days of receipt of any such objection or as soon thereafter as practicable. All additional services will be subject to the provisions of this Order.

11. Notwithstanding anything in the Application or the Engagement Letter to the contrary, to the extent that Deloitte & Touche uses the services of independent contractors, which are not affiliates or subsidiaries of Deloitte & Touche (collectively, the "Contractors") in these chapter 11 cases, Deloitte & Touche shall (i) pass-through the cost of such Contractors to the Debtors at the same rate that Deloitte & Touche pays the Contractors, (ii) seek reimbursement for actual costs only, (iii) ensure that the Contractors are subject to the same conflict checks as required for Deloitte & Touche, and (iv) file with the Court such disclosures required by Bankruptcy Rule 2014.

12. The Debtors and Deloitte & Touche are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

13. The Debtors will coordinate with Deloitte & Touche and the Debtors' other professionals to minimize unnecessary duplication of efforts among the Debtors' professionals.

14. To the extent that there may be any inconsistency between the terms of the Application, the Bauer Declaration, the Engagement Letter, and this Order, the terms of this Order shall govern.

15. Notice of the Application as provided herein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

16. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: October 20, 2022

                                         **s/Michael E. Wiles**
                                        THE HONORABLE MICHAEL E. WILES
                                        UNITED STATES BANKRUPTCY JUDGE