UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER (I) AUTHORIZING ENTRY INTO THE
## ASSET PURCHASE AGREEMENT AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"): (i) authorizing entry into the Asset Purchase Agreement and (ii) granting related relief; and this Court having entered the Bidding Procedures Order on August 5, 2022 approving, among other things, the proposed form of notice of the Hearing (as defined herein); and the Debtors having determined, after an extensive marketing process, that West Realm Shires, Inc. ("FTX US" or the "Purchaser") has submitted the highest or otherwise best bid for the Acquired Assets; and the Debtors having selected FTX US as the Winning Bidder pursuant to the Bidding Procedures Order; and upon adequate and sufficient notice of the Motion, all as more fully set forth in the Motion; and upon the First Day Declaration and the Tichenor Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and this Court

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

KE 90853802

having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

I.   **Notice of the Motion**.

1.   Notice of the Hearing, the Motion, and the Debtors' entry into the Asset Purchase Agreement, was timely, proper, and reasonably calculated to provide interested parties with timely and proper notice thereof, and no other or further notice of the Motion and the Hearing is, or shall be, required. The requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

2.   A reasonable opportunity to object and be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

II.  **Highest or Otherwise Best Offer.**

3.   The Debtors' pre- and postpetition marketing process with respect to the Acquired Assets afforded a full, fair, and reasonable opportunity for any person or entity to make a higher or otherwise better offer to purchase the Acquired Assets. The transactions contemplated by the Asset Purchase Agreement constitute the highest or otherwise best offer for the Acquired Assets,

2

and the Debtors' determination that the terms of the Asset Purchase Agreement constitute the highest or otherwise best offer for the Acquired Assets constitutes a valid and sound exercise of the Debtors' business judgment; *provided* that nothing in this Order shall limit or otherwise restrict in any way the Seller's rights and obligations under section 5.2 of the Asset Purchase Agreement.

4. Approval of the Motion and entry into the Asset Purchase Agreement is in the best interests of the Debtors' chapter 11 estates, their creditors, and other parties in interest.

### III. General Provisions.

5. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to these chapter 11 cases pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

6. All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled as announced to the Court at the Hearing or by stipulation filed with the Court, and all reservations of rights included in such objections or otherwise, are hereby denied and overruled on the merits with prejudice.

7. The Motion is granted as set forth herein.

8. Voyager Digital, LLC, as seller under the Asset Purchase Agreement, is authorized to enter into the Asset Purchase Agreement and perform its obligations under the Asset Purchase Agreement other than those obligations to be performed at or after the consummation of the Sale, which obligations the Debtors will seek approval of in connection with confirmation of a chapter 11 plan. For the avoidance of doubt, the Asset Purchase Agreement is conditioned upon the confirmation and consummation of the Debtors' pending plan of reorganization. If the pending plan of reorganization is not confirmed or the plan is not consummated, then the approval granted

3

by this Order shall terminate and be rendered ineffective, and in that event any request by the parties to proceed with the transactions contemplated by the Asset Purchase Agreement shall require a further application to the Court and entry of a further order.

9. The Asset Purchase Agreement shall be binding and specifically enforceable against the parties thereto in accordance with its terms, including, without limitation, Section 5.2 (the "No-Shop" provision) and, as applicable, those additional obligations set forth in Article V (Bankruptcy Court Matters) and Article VI (Covenants and Agreements) of the Asset Purchase Agreement.

10. The Debtors are authorized, but not directed, to enter into non-material amendments to the Asset Purchase Agreement from time to time as necessary, subject to the terms and conditions set forth in the Asset Purchase Agreement, and without further order of the Court.

11. The Debtors are authorized to rebalance their cryptocurrency portfolio; *provided* that such rebalancing transactions are subject to the consent of the Committee and FTX US pursuant to the consent rights held by FTX US under the Asset Purchase Agreement.

12. The rights of the Ad Hoc Group of Equity Interest Holders, the Texas State Securities Board, the Texas Department of Banking, and the Office of the Texas Attorney General to object to the Plan are expressly preserved notwithstanding the approval of the Asset Purchase Agreement and the entry of this Order.

13. Nothing in this Order, the Asset Purchase Agreement, the Plan, or any order confirming the Plan discharges, releases, impairs or otherwise precludes: (i) any liability to any governmental unit as defined in 11 U.S.C. § 101(27) ("Governmental Unit") that is not a "claim" within the meaning section 101(5) of the Bankruptcy Code; (ii) any claim of any Governmental Unit under police and regulatory statutes or regulations that any entity would be subject to as the

owner or operator of property after the date of the closing of the Sale; or (iii) any liability to a Governmental Unit on the part of any Person other than the Debtors. Nor shall anything in this Order or related documents enjoin or otherwise bar a Governmental Unit from asserting or enforcing any liability described in the preceding sentence.  Notwithstanding anything to the contrary, nothing in this paragraph 13 shall be construed as a determination as to any liability or claim owing to a Governmental Unit or whether any Governmental Unit is subject to the automatic stay under section 362 of the Bankruptcy Code or limits, lifts or otherwise modifies the automatic stay under section 362 of the Bankruptcy Code.

14. Further, nothing in this Order, the Asset Purchase Agreement, the Plan, or any order confirming the Plan authorize the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law. Nothing in this Order, the Asset Purchase Agreement, the Plan, or any order confirming the Plan shall relieve any entity from any otherwise applicable obligation to address or comply with information requests or inquiries from any Governmental Unit. Nothing in this Order, the Asset Purchase Agreement, the Plan, or any order confirming the Plan shall affect any valid setoff or recoupment rights of any Governmental Unit. Nothing in this Order, the Asset Purchase Agreement, the Plan, or any order confirming the Plan divests any state tribunal of any otherwise applicable jurisdiction it may have under police or regulatory law.  Nothing in this Order, the Asset Purchase Agreement, the Plan, or any order confirming the Plan, shall be construed as a determination of whether the automatic stay applies to this paragraph 14 or limits, lifts or otherwise modifies the automatic stay under section 362 of the Bankruptcy Code.

15. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens. Any payment made pursuant to this Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

16. The Debtors shall maintain copies of their books and records as set forth in the Plan. Nothing in this Order shall affect the obligations of the Debtors and/or any transferee or custodian to maintain all books and records that are subject to any governmental subpoena, document preservation letter, or other investigative request from a governmental agency.

17. Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis is expressly reserved.

18. Nothing in this Order shall be deemed a waiver or limitation of the Committee's rights to object to any chapter 11 plan or disclosure statement filed or to be filed by the Debtors, other than with respect to provisions of such plan or disclosure statement effectuating the Sale, and any such rights are expressly preserved.

19. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

20. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

21. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

22. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

23. The failure to specifically include any particular provision of the Asset Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that entry into the Asset Purchase Agreement be authorized and approved in its entirety; *provided* that this Order shall govern if there is any inconsistency between the Asset Purchase Agreement (including all ancillary documents executed in connection therewith) and this Order.

24. The Court shall retain exclusive jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the Asset Purchase Agreement, all amendments thereto and any waivers and consents thereunder, and to adjudicate, if necessary,

any and all disputes concerning or relating in any way to interpretation, implementation, or enforcement of the Asset Purchase Agreement.

25. To the extent that this Order is inconsistent with the Motion, the terms of this Order shall govern.

Dated: New York, New York
       October 20, 2022

/s/ **Michael E. Wiles**
THE HONORABLE MICHAEL E WILES
UNITED STATES BANKRUPTCY JUDGE