UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| *In re:* <br><br> VOYAGER DIGITAL HOLDINGS, INC., *et al.*[1] <br><br><br> Debtors. | Case No. 22-10943 (MEW) <br><br> **Chapter 11** <br> **(Jointly Administered)** |

**STIPULATION AND AGREED ORDER EXTENDING TIME TO TAKE ACTION, TO THE EXTENT NECESSARY, TO DETERMINE THE NONDISCHARGEABILITY OF A DEBT OWING TO A GOVERNMENTAL UNIT PURSUANT TO 11 U.S.C. § 1141(d)(6)**

**WHEREAS,** Section 1141(d)(6) of the Bankruptcy Code provides that "the confirmation of a plan does not discharge a debtor that is a corporation from any debt * * * (A) of a kind specified in paragraph (2)(A) or (2)(B) of section 523(a) that is owed to a domestic governmental unit;"

**WHEREAS,** the staff of the U.S. Securities and Exchange Commission (the "**Commission**") takes the position that Section 523(c) of the Bankruptcy Code and the corresponding deadline in Bankruptcy Rule 4007(c), do not apply to the nondischargeability of a debt under Section 1141(d)(6); and thus, that Section 1141(d)(6) is self-effectuating and the Commission may take whatever action may be required, if any, to determine the nondischargeability of a debt pursuant to Section 1141(d)(6) at any time, including following the confirmation of a Chapter 11 Plan (*See, e.g., In re Hawker Beechcraft, Inc., et. al.*, Case No. 1:13-mc-00373-PKC, 515 B.R. 416 (Mar. 27, 2014 S.D.N.Y)).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

1

**WHEREAS,** without binding precedent in this jurisdiction on this issue, and in order to avoid unnecessary litigation, the undersigned parties nonetheless seek an extension of the Section 523(c)/Rule 4007(c) deadline out of an abundance of caution, without prejudice to the Commission staff's right to seek further extensions (and without prejudice to Debtors' ability to later take a position contrary to the Commission staff's position regarding Section 523(c));

Based on the foregoing stipulation of the parties, it is ORDERED that:

1.      To the extent Section 523(c) or Rule 4007(c) applies, the date by which the Commission must file its complaint or take other action that may be required, if any, in this Chapter 11 case to determine the nondischargeability of a debt, pursuant to Section 1141(d)(6) of the Bankruptcy Code, shall be January 30, 2023, or such later date as may be ordered by the Court, without prejudice to the Commission's right to seek further extensions of the date.

2.      Nothing in this Stipulation and Agreed Order constitutes a determination that Section 523(c) or Rule 4007(c) applies, or that any deadline exists to seek a determination of nondischargeability under Section 1141(d)(6) of the Code.

# # #

**PREPARED BY:**

By: /s/ *Therese A. Scheuer*
Therese A. Scheuer
Senior Trial Counsel
U.S. Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549
(202) 551-6029 (Telephone)
(202) 772-9317 (Facsimile)
scheuert@sec.gov

*Counsel for the U.S. Securities and Exchange Commission*

**AGREED TO BY:**

By: /s/ *Joshua A. Sussberg*
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email: jsussberg@kirkland.com
        cmarcus@kirkland.com
        christine.okike@kirkland.com
        allyson.smith@kirkland.com

*Counsel for the Debtors*