**Hearing Date: November 15, 2022, at 11:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: November 8, 2022, at 4:00 p.m. (prevailing Eastern Time)**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | Case No. 22-10943 (MEW) |
| Debtors. | (Jointly Administered) |

**NOTICE OF DEBTORS' MOTION FOR ENTRY
OF AN ORDER (I) EXTENDING THE DEBTORS'
EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND
SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121
OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief* (the "Motion") will be held on **November 15, 2022, at 11:00 am, prevailing Eastern Time** (the "Hearing"). In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted telephonically. Any parties wishing to participate must do so by making arrangements through CourtSolutions by visiting https://www.court-solutions.com.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Motion shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served so as to be actually received by **November 8, 2022, at 4:00 p.m., prevailing Eastern Time**, by (i) the entities on the Master Service List available on the case website of the above-captioned debtors and debtors in possession (the "Debtors") at https://cases.stretto.com/Voyager and (ii) any person or entity with a particularized interest in the subject matter of the Motion.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing. Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Debtors.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/Voyager. You may also obtain copies of the Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

| | |
|---|---|
| Dated: November 1, 2022<br>New York, New York | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>Christopher Marcus, P.C.<br>Christine A. Okike, P.C.<br>Allyson B. Smith (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:    (212) 446-4800<br>Facsimile:     (212) 446-4900<br>Email:           jsussberg@kirkland.com<br>                      cmarcus@kirkland.com<br>                      christine.okike@kirkland.com<br>                      allyson.smith@kirkland.com<br><br>*Counsel to the Debtors and Debtors in Possession* |

Hearing Date: November 15, 2022, at 11:00 a.m. (prevailing Eastern Time)
Objection Deadline: November 8, 2022, at 4:00 p.m. (prevailing Eastern Time)

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | Case No. 22-10943 (MEW) |
| Debtors. | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF
AN ORDER (I) EXTENDING THE DEBTORS'
EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND
SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121
OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (this "Motion"):

**Introduction**

1. In the approximately four months since the Petition Date, the Debtors have made substantial progress towards achieving their goals in these chapter 11 cases. The Debtors smoothly transitioned into chapter 11, continued their robust prepetition marketing process for a sale of the Debtors' assets, engaged in a two-week, highly competitive auction, entered into an asset purchase

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

agreement memorializing the terms of the successful bid, obtained approval of their disclosure statement, and commenced solicitation on a chapter 11 plan under which the proposed sale will be implemented. While a great deal of work remains, the Debtors are working expeditiously towards confirmation of their chapter 11 plan and consummation of the proposed sale transaction. As such, the Debtors seek a 61-day extension of the Filing Exclusivity Period and a 57-day extension of the Soliciting Exclusivity Period to permit the Debtors to bring these chapter 11 cases to an orderly close.

2. Since commencing these chapter 11 cases, the Debtors have:

- filed a standalone chapter 11 plan of reorganization, which could be effectuated without the participation of a third-party partner, and which complemented the Debtors' ongoing marketing efforts by setting a floor against which potential transactions would be measured;

- obtained important procedural and operational relief in the form of "first day" and "second day" relief, stabilizing the Debtors' business and the Debtors' relationships with third parties following the commencement of these chapter 11 cases;

- obtained court authority for, among other things, procedures and a timeline for interested parties to submit bids for an acquisition of the Debtors' equity and/or assets and an auction to facilitate a sale of such assets, if a value-maximizing bid was received;

- obtained court approval to honor customer withdrawals from the "for the benefit of" accounts ("FBO Accounts") held at Metropolitan Commercial Bank that, to date, returned approximately $248 million of customer funds from the FBO Accounts;

- sought and were granted an Initial Recognition Order and Supplemental Order by Madam Justice Kimmel of the Ontario Superior Court of Justice (Commercial List), which, among other things, recognized the chapter 11 case of Debtor Voyager Digital Ltd. as a foreign main proceeding;

- conducted arms-length negotiations with all potential transaction parties resulting in the sale of Coinify ApS, a global cryptocurrency payment processor distinct from the Voyager platform, in exchange for, among other things, $2 million in cash;

2

- maintained responsive communication with the Debtors' customers, comprised of over 1.1 million active users as of the Petition Date;

- obtained court approval authorizing the Debtors to return collateral held on account of certain loans as part of and upon Alameda Research Ltd.'s return of lent cryptocurrency to the Debtors;

- engaged meaningfully with the Committee, including providing extensive diligence and holding numerous telephonic and in-person meetings;

- assisted the Special Committee with their investigation into, among other things, certain historical transactions, including by holding over 55 hours of interviews with 12 Voyager employees, producing over 11,000 documents totaling more than 40,000 pages, and hosting numerous information sessions with management and counsel to the Committee;

- prepared and submitted the Debtors' schedules of assets and liabilities and statements of financial affairs;

- conducted a two-week, highly competitive auction process, resulting in the selection of a bid valued at approximately $1.422 billion, which will provide a meaningful recovery to creditors and enable the Debtors to facilitate a quick and efficient resolution of these chapter 11 cases;

- through the Special Committee, negotiated the terms of the proposed D&O Settlement—which provides for, among other things, the return of approximately $1.2 million in cash to the Debtors' estates, and is supported by the Committee;

- filed their *Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 590] (as may be supplemented or amended from time to time, the "Plan")[2] and their *First Amended Disclosure Statement Relating to the Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 591] (as may be supplemented or amended from time to time, the "Disclosure Statement");

- resolved formal objections and informal comments to obtain approval of (a) entry into the Asset Purchase Agreement on October 20, 2022, which memorialized the terms of the successful bid and proposed sale transaction to be consummated through a chapter 11 plan, and (b) the Disclosure Statement on October 19, 2022; and

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Plan or the *Declaration of Stephen Ehrlich, Chief Executive Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 15] (the "First Day Declaration"), as applicable.

3

- completed solicitation of the Plan on November 1, 2022.

3.  Despite this significant progress, given the size and complexity of these chapter 11 cases, much work remains. Most critically, solicitation must be completed, and the Court must confirm the Debtors' plan and bring these chapter 11 cases to a value-maximizing conclusion. Among other things, the Debtors are continuing negotiations with parties in interest regarding the Debtors' Plan in advance of the Plan confirmation hearing on December 8, 2022. The Debtors intend to use the weeks ahead to narrow any remaining issues and work towards consensual resolutions with their stakeholders. If acceptable resolutions cannot be reached, the Debtors are prepared to meet their burden with respect to confirmation.

4.  The Debtors therefore believe it is prudent to seek an extension of the Exclusivity Periods to permit the Debtors to proceed toward their goal of confirming a value-maximizing transaction in an efficient, organized fashion. Further, the Debtors have consulted with the Committee and it does not object to the proposed extension.

5.  The Debtors' progress to date has been achieved in no small part due to the breathing room provided by chapter 11. The Debtors believe that maintaining their exclusive right to file and solicit votes on a plan is critical to their ability to complete a value-maximizing process and achieve their remaining restructuring goals. Accordingly, the Debtors request a 61-day extension of the Filing Exclusivity Period, and a 57-day extension of the Soliciting Exclusivity Period—so they have the exclusive right to file a plan until January 2, 2023 and solicit votes thereon until March 1, 2023—to allow the Debtors to continue the Plan confirmation process without the costly disruption that would occur if competing plans were to be proposed.

**Relief Requested**

6.  The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) extending the Debtors' exclusive right to file a chapter 11 plan by

4

61 days through and including January 2, 2023 (the "Filing Exclusivity Period"), and to solicit votes thereon by approximately 57 days[3] through and including March 1, 2023 (the "Soliciting Exclusivity Period," and together with the Filing Exclusivity Period, the "Exclusivity Periods"), without prejudice to the Debtors' right to seek further extensions to the Exclusivity Periods; and (b) granting related relief.

## Jurisdiction and Venue

7.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012. The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

8.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

9.      The bases for the relief requested herein are section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code"), rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9006-2 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## Background

10.     On July 5, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and

---

[3] For the avoidance of doubt, section 1121 provides for a 60-day extension of the exclusivity period for purposes of solicitation. The Debtors request a 57-day extension of the already extended deadline (*i.e.*, 117 days from the original Filing Exclusivity Period).

5

circumstances of these chapter 11 cases is set forth in the First Day Declaration, incorporated by reference herein.

11.     The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 18]. On July 19, 2022, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 102] (the "Committee"). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

## Basis for Relief

12.     A debtor has the exclusive right to propose a chapter 11 plan for the first 120 days of a chapter 11 case pursuant to section 1121(b) of the Bankruptcy Code. Section 1121(c)(3) of the Bankruptcy Code extends the period of exclusivity for an additional sixty days, to an initial maximum of 180 days, where the debtor has filed a chapter 11 plan and is soliciting votes on such plan. "[T]he point of exclusivity is to promote an environment in which the debtor's business may be rehabilitated and a consensual plan may be negotiated." *In re Burns and Roe Enters., Inc.*, No. 00-41610 (RG), 2005 WL 6289213, at *4 (D.N.J. Nov. 2, 2005). In these chapter 11 cases, the Exclusivity Periods set forth in sections 1121(b) and 1121(c) of the Bankruptcy Code will expire on November 2, 2022, and January 3, 2023,[4] respectively, absent further order of the Court.[5]

---

[4] Although 180 days from July 5, 2022 is January 1, 2023, Bankruptcy Rule 9006(a)(1)(C) provides the last day of a period stated in days continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. *See* Fed. R. Bankr. P. 9006(a)(1)(C). Therefore, the current Soliciting Exclusivity Period will expire on January 3, 2023, absent further order of the Court.

[5] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the current deadlines shall serve to automatically extend the current deadlines without the necessity for the entry of a bridge order, until the Court rules on the Motion. *See* N.Y. Bankr. L.R. 9006-2.

The Debtors seek an extension of the Exclusivity Periods to continue working toward their goal of confirming a value-maximizing chapter 11 plan.

13. Section 1121(d)(1) permits a court to extend a debtor's exclusivity "for cause," subject to certain limitations not relevant here. Specifically, section 1121(d) provides that "on request of a party in interest made within the respective periods . . . of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section." Although the term "cause" is not defined by the Bankruptcy Code, such term should be viewed flexibly in this context "to allow the debtor to reach an agreement." H.R. Rep. No. 95, 95th Cong., 1st Sess. 232 (1997); *see also In re Public Serv. Co. of New Hampshire*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("[Section] 1121(d) provides a 'for cause' standard in determining exclusivity extension requests. As might be inferred from such a general standard, the legislative intent has been construed to leave the question to the reorganization court in the exercise of its discretion and to promote maximum flexibility . . . ."). Simply put, a debtor should be given a reasonable opportunity to negotiate an acceptable plan with creditors and to prepare adequate financial and nonfinancial information concerning the ramifications of any proposed plan for disclosure to creditors. *See In re Texaco Inc.*, 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987).

14. Courts within the Second Circuit and in other jurisdictions have held that the decision to extend the Exclusivity Periods is left to the sound discretion of a bankruptcy court and should be based on the totality of circumstances in each case. *See, e.g.*, *In re Excel Mar. Carriers Ltd.*, No. 13-23060 (RDD), 2013 WL 5155040, at *2 (Bankr. S.D.N.Y. Sept. 13, 2013); *In re Dow Corning Corp.*, 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997); *In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987); *First Am. Bank of N.Y. v. Sw. Gloves & Safety Equip., Inc.*,

7

64 B.R. 963, 965 (Bankr. D. Del. 1986). In general, as long as debtors give the court "no reason to believe that they are abusing their exclusivity rights . . . [a] requested extension of exclusivity . . . should be granted." *In re Global Crossing Ltd.*, 295 B.R. 726, 730 (Bankr. S.D.N.Y. 2003); *see also In re Borders Grp., Inc.*, 460 B.R. 818, 822 (Bankr. S.D.N.Y. 2011) (noting the debtors' "substantial efforts . . . to stabilize their business and develop a viable exit strategy"). In particular, courts examine a number of factors to determine whether a debtor has had an adequate opportunity to develop, negotiate, and propose a chapter 11 plan and thus whether there is "cause" for extension of the Exclusivity Periods. *See In re Adelphia Commc'ns Corp.*, 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006); *In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 183 (Bankr. D.N.J. 2002); *McLean Indus.*, 87 B.R. at 834; *see also Dow Corning*, 208 B.R. at 664 (identifying the below factors and noting that courts generally rely on the same factors to determine whether exclusivity should be extended); *In re Friedman's Inc.*, 336 B.R. 884, 888 (Bankr. D. Ga. 2005) (same). These factors include the following:

(a) the size and complexity of the case;

(b) the existence of good faith progress toward reorganization;

(c) the necessity of sufficient time to negotiate a plan of reorganization and prepare adequate information to allow a creditor to determine whether to accept such plan;

(d) whether the debtor is paying its debts as they become due;

(e) whether the debtor has demonstrated reasonable prospects for filing a viable plan;

(f) whether the debtor has made progress negotiating with creditors;

(g) the amount of time which has elapsed in the case;

(h) whether the debtor is seeking an extension to pressure creditors; and

(i) whether an unresolved contingency exists.

15. Not all of these factors are relevant to every case, and courts use only the relevant subset of the above factors to determine whether cause exists to grant an exclusivity extension in a particular chapter 11 case. *See, e.g.*, *In re Express One Int'l Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (identifying four of the factors as relevant in determining whether "cause" exists to extend exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (finding that the debtor showed "cause" to extend exclusivity based upon three of the factors); *In re Texaco, Inc.*, 76 B.R. at 327 (holding that size and complexity of the chapter 11 case provided sufficient cause to extend exclusivity). For example, both Congress and courts have recognized that the size and complexity of a debtor's case alone may constitute cause for extension of a debtor's exclusive periods to file a plan and solicit acceptances of such a plan. H.R. No. 95-595, at 231–232, 406 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6191 ("[I]f an unusually large company were to seek reorganization under chapter 11, the court would probably need to extend the time in order to allow the debtor to reach an agreement."). *See also Texaco*, 76 B.R. at 326 ("The large size of the debtor and the consequent difficulty in formulating a plan of reorganization for a huge debtor with a complex financial structure are important factors which generally constitute cause for extending the exclusivity periods.").

16. Throughout these chapter 11 cases, the Debtors engaged with the Committee and additional key stakeholders in hard-fought, good-faith negotiations regarding the sale of the Debtors' assets and the formulation of the Plan. Despite these efforts, much work remains for the Debtors prior to the Debtors' confirmation hearing on December 8, 2022. An extension of the Exclusivity Periods will provide the Debtors with the necessary time and breathing space required to efficiently negotiate and build additional consensus on the terms of the Plan and take the necessary steps toward confirmation and implementation of the transactions contemplated therein.

17. The Debtors submit that sufficient "cause" exists pursuant to section 1121(d) of the Bankruptcy Code to extend the Exclusivity Periods as provided herein. Each of the relevant factors weighs in favor of an extension of the Exclusivity Periods, as follows:

- *The Debtors' Chapter 11 Cases Are Large and Complex.* These chapter 11 cases involve three Debtor entities who operate a cryptocurrency trading platform in the complex and evolving cryptocurrency industry. The Debtors provide trading services for 100 unique digital assets and, as of the Petition Date, had over 1.1 million customers. Further, the Debtors have numerous active constituents, including the Committee, customers, various contractual and litigation counterparties, creditors, shareholders and other parties in interest, and state and federal governmental units, as well as each constituent's agents and advisors.

- *The Debtors Have Made Good Faith Progress Toward Exiting Chapter 11.* The Debtors have already satisfied several key milestones in these chapter 11 cases, including entering into an asset purchase agreement for the sale of substantially all of their assets, obtaining approval of a disclosure statement, and launching solicitation on a chapter 11 plan. The Debtors have been heavily engaged with their stakeholders, but require additional time to resolve lingering issues regarding Plan confirmation.

- *An Extension of the Exclusivity Periods Will Not Prejudice Creditors.* Continued exclusivity will permit the Debtors to maintain flexibility so competing plans do not derail the Debtors' process. Being required to dual-track negotiations across multiple plans could give rise to uncertainty to the detriment of all stakeholders and could cause substantial delay in returning value to the Debtors' creditors. Moreover, throughout these chapter 11 cases, the Debtors have had ongoing and transparent communications with their major creditor groups and continue to meet their postpetition obligations in the ordinary course. Ultimately, extending the Exclusivity Periods will benefit the Debtors' estates, their creditors, and all other key parties in interest.

- *The Debtors Are Paying Their Bills as They Come Due.* Since the Petition Date, the Debtors have paid their vendors in the ordinary course of business or as otherwise provided by orders of the Court.

- *The Debtors Have Filed a Viable Plan.* During their short time in chapter 11, the Debtors have already taken significant steps toward resolving these chapter 11 cases, including by negotiating a chapter 11 plan that the Debtors believe to be viable, and commencing solicitation thereon. The Debtors have constructively engaged with their key constituencies to date and have obtained the support of the Committee. The Debtors simply require additional time to resolve remaining issues and build consensus.

10

- *These Cases Are Less Than Four Months Old.* The Debtors' request for an extension of the Exclusivity Periods is the Debtors' first such request and comes less than four months after the Petition Date. During this short time, the Debtors have accomplished a great deal and continue to work diligently towards a timely resolution of these chapter 11 cases.

- *An Extension Will Not Pressure Creditors.* The Debtors are not seeking an extension of the Exclusivity Periods to pressure or prejudice any of their stakeholders. All creditor groups or their advisors have had an opportunity to actively participate in substantive discussions with the Debtors throughout these chapter 11 cases. Further, the Debtors consulted with and provided their key stakeholders, including the Committee, with an opportunity to review and comment on the Debtors' request for an extension of the Exclusivity Periods. The Debtors are seeking an extension of the Exclusivity Periods to preserve and capitalize on the progress made to date in their negotiations.

18. An objective analysis of the relevant factors demonstrates that the Debtors are doing everything that they should be doing as chapter 11 debtors to facilitate a successful conclusion to these chapter 11 cases. Accordingly, the Debtors respectfully submit that sufficient cause exists to extend the Exclusivity Periods as provided herein. Similar relief is regularly granted in large chapter 11 cases in this district. *See, e.g.*, *In re GTT Commc'ns, Inc.*, No. 21-11880 (MEW) (Bankr. S.D.N.Y. Oct. 11, 2022) (extending the debtors' exclusive periods for the third time by a total of 306 days); *In re GBG USA Inc.*, No. 21-11369 (MEW) (Bankr. S.D.N.Y. Nov. 29, 2021) (extending the debtors' exclusive periods by 60 days); *In re Frontier Commc'ns Corp.*, No. 20-22476 (RDD) (Bankr. S.D.N.Y. Feb. 23, 2021) (extending the debtors' filing exclusivity period for the second time by a total of 428 days); *In re Garrett Motion Inc.*, Case No. 20-12212 (MEW) (Bankr. S.D.N.Y. Mar. 15, 2021) (extending the debtors' exclusive periods by 90 days); *In re Windstream Holdings, Inc.*, No. 19-22312 (RDD) (Bankr. S.D.N.Y. June 22, 2020) (extending the debtors' exclusive periods for the fourth time by a total of 427 days).[6]

---

[6] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' counsel.

11

**Motion Practice**

19. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

**Notice**

20. The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the U.S. Trustee; (b) the Committee; (c) the lender under the Debtors' prepetition loan facility; (d) the United States Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service; (f) the Toronto Stock Exchange; (g) the attorneys general in the states where the Debtors conduct their business operations; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

21. No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| Dated: November 1, 2022<br>New York, New York | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>Christopher Marcus, P.C.<br>Christine A. Okike, P.C.<br>Allyson B. Smith (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:   (212) 446-4800<br>Facsimile:   (212) 446-4900<br>Email:        jsussberg@kirkland.com<br>                  cmarcus@kirkland.com<br>                  christine.okike@kirkland.com<br>                  allyson.smith@kirkland.com<br><br>*Counsel to the Debtors and Debtors in Possession* |

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER (I) EXTENDING THE DEBTORS'**
**EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND**
**SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121**
**OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) extending the Filing Exclusivity Period through and including January 2, 2023, and the Soliciting Exclusivity Period through and including March 1, 2023, without prejudice to the Debtors' right to seek further extensions to the Exclusivity Periods, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital, Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Pursuant to section 1121(d) of the Bankruptcy Code, the Filing Exclusivity Period pursuant to section 1121(b) of the Bankruptcy Code is hereby extended through and including January 2, 2023.

3. Pursuant to section 1121(d) of the Bankruptcy Code, the Soliciting Exclusivity Period pursuant to section 1121(c) of the Bankruptcy Code is hereby extended through and including March 1, 2023.

4. Nothing herein shall prejudice the Debtors' rights to seek further extensions of the Exclusivity Periods consistent with section 1121(d) of the Bankruptcy Code.

5. Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis is expressly reserved.

6. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2022

                                                     THE HONORABLE MICHAEL E. WILES
                                                     UNITED STATES BANKRUPTCY JUDGE