Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**CERTIFICATE OF NO OBJECTION REGARDING**
**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) EXTENDING**
**THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11**
**PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION**
**1121 OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF**

Pursuant to 28 U.S.C. § 1746, rule 9075-2 of the Local Bankruptcy Rules for the Southern

District of New York (the "Local Rules"), and in accordance with this Court's case management

procedures set forth in the *Final Order (I) Establishing Certain Notice, Case Management, and*

*Administrative Procedures and (II) Granting Related Relief* [Docket No. 240] (the "Case

Management Order"), the undersigned counsel for the above-captioned debtors and debtors in

possession (the "Debtors") hereby certifies as follows:

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

1.      On November 1, 2022, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File A Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief* [Docket No. 609] (the "Motion").

2.      In accordance with the Case Management Order, responses or objections to the Motion and the relief requested therein were due no later than November 8, 2022, at 4:00 p.m., prevailing Eastern Time (the "Objection Deadline").  Local Rule 9075-2 provides that the motion may be granted without a hearing if (a) no objections or other responsive pleadings have been filed on or before the applicable objection deadline and (b) the attorney for the entity that filed the motion complies with such rule.

3.      As of the filing of this certificate of no objection, more than forty-eight hours have elapsed since the Objection Deadline and, to the best of my knowledge, no responsive pleading to the Motion has been (a) filed with the Court on the docket of the above-captioned chapter 11 cases or (b) served on the Debtors or their counsel.

4.      Accordingly, the Debtors respectfully request entry of the proposed order attached hereto as **Exhibit A** (the "Proposed Order") at the Court's earliest convenience.

*[Remainder of page intentionally left blank.]*

Dated:  November 10, 2022            /s/ Joshua A. Sussberg
New York, New York                   **KIRKLAND & ELLIS LLP**
                                     **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                     Joshua A. Sussberg, P.C.
                                     Christopher Marcus, P.C.
                                     Christine A. Okike, P.C.
                                     Allyson B. Smith (admitted *pro hac vice*)
                                     601 Lexington Avenue
                                     New York, New York 10022
                                     Telephone:    (212) 446-4800
                                     Facsimile:    (212) 446-4900
                                     Email:        jsussberg@kirkland.com
                                                   cmarcus@kirkland.com
                                                   christine.okike@kirkland.com
                                                   allyson.smith@kirkland.com

                                     *Counsel to the Debtors and Debtors in Possession*

## **Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER (I) EXTENDING THE DEBTORS'**
**EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND**
**SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121**
**OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) extending the Filing Exclusivity Period through and including January 2, 2023, and the Soliciting Exclusivity Period through and including March 1, 2023, without prejudice to the Debtors' right to seek further extensions to the Exclusivity Periods, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital, Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      Pursuant to section 1121(d) of the Bankruptcy Code, the Filing Exclusivity Period pursuant to section 1121(b) of the Bankruptcy Code is hereby extended through and including January 2, 2023.

3.      Pursuant to section 1121(d) of the Bankruptcy Code, the Soliciting Exclusivity Period pursuant to section 1121(c) of the Bankruptcy Code is hereby extended through and including March 1, 2023.

4.      Nothing herein shall prejudice the Debtors' rights to seek further extensions of the Exclusivity Periods consistent with section 1121(d) of the Bankruptcy Code.

5.      Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis is expressly reserved.

6.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

7.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

3