Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**AMENDED[2] AGENDA FOR HEARING TO BE HELD**
**NOVEMBER 15 2022, AT 11:00 A.M. (PREVAILING EASTERN TIME)**

Time and Date of Hearing:   November 15, 2022, at 11:00 a.m. (prevailing Eastern Time)

Location of Hearing:   The Honorable Judge Michael E. Wiles
United States Bankruptcy Court for the Southern District of New York
Alexander Hamilton Custom House
One Bowling Green, Courtroom 617
New York, New York 10004

Hearing Attendance
Instructions:   In accordance with General Order M-543 ("General Order M-543"), dated March 20, 2020, the Hearing will only be conducted telephonically.  Any parties wishing to participate in the Hearing must make arrangements through CourtSolutions LLC.  Instructions to register for CourtSolutions LLC are attached to General Order M-543.

Copies of Motions:   A copy of each pleading may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/Voyager.  You may also obtain copies of any pleadings by visiting the Court's website at

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]   **Amended items appear in bold.**

http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

## I.     <u>Matters Going Forward</u>

1.     ***Cash Management Motion.*** Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief [Docket No. 10].

Objection Deadline: September 20, 2022, at 4:00 p.m. (prevailing Eastern Time). The objection deadline was extended to October 11, 2022, at 4:00 p.m. (prevailing Eastern Time) for the United States Trustee.

Responses Received: None.

Related Documents:

A.     Notice of Filing of Revised Proposed Interim Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (Iii) Granting Related Relief [Docket No. 46].

B.     Interim Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief [Docket No. 53].

C.     Notice of Filing of Revised Proposed Second Interim Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief [Docket No. 211].

D.    Notice of Filing of Revised Proposed Second Interim Order
(I) Authorizing the Debtors to (A) Continue to Operate Their Cash
Management System, (B) Honor Certain Prepetition Obligations
Related Thereto, (C) Maintain Existing Business Forms, and
(D) Continue to Perform Intercompany Transactions, (II) Granting
Superpriority Administrative Expense Status to Postpetition
Intercompany Balances, and (III) Granting Related Relief
[Docket No. 227].

E.    Second Interim Order (I) Authorizing the Debtors to (A) Continue
to Operate Their Cash Management System, (B) Honor Certain
Prepetition Obligations Related Thereto, (C) Maintain Existing
Business Forms, and (D) Continue to Perform Intercompany
Transactions, (II) Granting Superpriority Administrative Expense
Status to Postpetition Intercompany Balances, and (III) Granting
Related Relief [Docket No. 237].

F.    Notice of Adjournment of the Debtors' Motion Seeking Entry of
Interim and Final Orders (I) Authorizing the Debtors to
(A) Continue to Operate Their Cash Management System,
(B) Honor Certain Prepetition Obligations Related Thereto,
(C) Maintain Existing Business Forms, and (D) Continue to
Perform Intercompany Transactions, (II) Granting Superpriority
Administrative Expense Status to Postpetition Intercompany
Balances, and (III) Granting Related Relief [Docket No. 398].

G.    Notice of Adjournment of Certain Motions [Docket No. 453].

H.    Certification of Counsel in Support of Third Interim Order (I)
Authorizing the Debtors to (A) Continue to Operate Their Cash
Management System, (B) Honor Certain Prepetition Obligations
Related Thereto, (C) Maintain Existing Business Forms, and (D)
Continue to Perform Intercompany Transactions, (Ii) Granting
Superpriority Administrative Expense Status to Postpetition
Intercompany Balances, and (Iii) Granting Related Relief
[Docket No. 562].

I.    Third Interim Order (I) Authorizing the Debtors to (A) Continue to
Operate Their Cash Management System, (B) Honor Certain
Prepetition Obligations Related Thereto, (C) Maintain Existing
Business Forms, and (D) Continue to Perform Intercompany
Transactions, (II) Granting Superpriority Administrative Expense
Status to Postpetition Intercompany Balances, and (III) Granting
Related Relief [Docket No. 580].

J.    Certification of Counsel in Support of Fourth Interim Order (I)
Authorizing the Debtors to (A) Continue to Operate Their Cash

Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief [Docket No. 629].

**Status**:   This matter is going forward.

2.    ***Niman Letter.***  Letter to Judge Wiles in re: Grant Release of Assets [Docket No. 509].

Objection Deadline:  November 8, 2022, at 4:00 p.m. (prevailing Eastern Time).

Related Documents:

A.    Debtors' Objection to Letter Filed by Aaron Niman [Docket No. 625].

Related Documents:

B.    Response to the Court Document filed by Joshua A. Sussberg, P.C. [Docket No. 628].

**Status**:   This matter is going forward.

3.    ***UCC BVI Retention Application.***  **Notice of Application for Order Authorizing the Employment and Retention of Harney Westwood & Riegels LP as BVI Counsel to the Official Committee of Unsecured Creditors of Voyager Digital Holdings, Inc., et al., Effective as of July 31, 2022 [Docket No. 608].**

**Objection Deadline:**    **November 8, 2022, at 4:00 p.m. (prevailing Eastern Time).**

**Responses Received:  None.**

**Related Documents:**

A.    **Certificate of No Objection Regarding Application for Order Authorizing the Employment and Retention of Harney Westwood & Riegels LP as BVI Counsel to the Official Committee of Unsecured Creditors of Voyager Digital Holdings, Inc., et al., Effective as of July 31, 2022 [Docket No. 633].**

**Status:**        **This matter is going forward.**

4.    ***Exclusivity Motion.***   Notice of Debtors' Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File A Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief [Docket No. 609].

Objection Deadline:  November 8, 2022, at 4:00 p.m. (prevailing Eastern Time).

Responses Received:  None.

Related Documents:

A.    Certificate of No Objection Regarding Debtors' Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File A Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief [Docket No. 630].

**Status**: This matter is going forward.

## II.    **Adjourned Matters**

5.    ***Equity Committee Motion.***   Letter to Judge Wiles [Docket No. 373].

Objection Deadline:  December 1, 2022, at 4:00 p.m. (prevailing Eastern Time).

Responses Received:

A.    Statement of the United States Trustee Regarding Objection and Motion for Appointment of an Equity Committee and a Motion to Hold Directors Personally Liable [Docket No. 492].

Related Documents:

B.    Notice of Hearing for Motions to Be Heard on September 29, 2022 at 2:00 P.M. [Docket No. 377].

C.    Notice of Adjournment Re Docket No. 373 [Docket No. 444].

D.    Letter dated September 30, 2022 to Judge Wiles in re: Recovery for Existing Shareholders [Docket No. 491].

E.    Notice of Adjournment Re Docket Nos. 373 and 491 [Docket No. 500].

F.    Notice of Adjournment Re Docket Nos. 373 and 491 [Docket No. 613].

**Status**:This matter has been adjourned to December 8, 2022, at 11:00 a.m. (prevailing Eastern Time).

6. ***Extend Automatic Stay Motion.*** The Debtors' Motion to Extend Automatic Stay or, in the Alternative, for Injunctive Relief Enjoining Prosecution of Certain Pending Litigation Against the Debtors' Directors and Officers [Adv. Pro. 22-01133, Docket No. 3].

Objection Deadline: August 23, 2022, at 4:00 p.m. (prevailing Eastern Time).

Responses Received: None.

Related Documents:

A.   Declaration of Michael B. Slade in Support of the Debtors' Motion to Extend Automatic Stay or, in the Alternative, for Injunctive Relief Enjoining Prosecution of Certain Pending Litigation Against the Debtors' Directors and Officers [Adv. Pro. 22-01133, Docket No. 2].

B.   Notice of Hearing of the Debtors' Motion to Extend Automatic Stay Or, in the Alternative, for Injunctive Relief Enjoining Prosecution of Certain Pending Litigation Against the Debtors' Directors and Officers [Adv. Pro. 22-01133, Docket No. 4].

C.   Notice of Adjournment of Debtors' Motion to Extend Automatic Stay Or, in the Alternative, for Injunctive Relief Enjoining Prosecution of Certain Pending Litigation Against the Debtors' Directors and Officers [Adv. Pro. 22-01133, Docket No. 8].

D.   Notice of Adjournment of Debtors' Motion to Extend Automatic Stay Or, in the Alternative, for Injunctive Relief Enjoining Prosecution of Certain Pending Litigation Against the Debtors' Directors and Officers [Adv. Pro. 22-01133, Docket No. 19].

**Status**:This matter has been adjourned to December 8, 2022, at 11:00 a.m. (prevailing Eastern Time).

Dated:  November 14, 2022　　　　*/s/ Joshua A. Sussberg*
New York, New York

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:　　(212) 446-4800
Facsimile:　　(212) 446-4900
Email:　　　　jsussberg@kirkland.com
　　　　　　　cmarcus@kirkland.com
　　　　　　　christine.okike@kirkland.com
　　　　　　　allyson.smith@kirkland.com

*Counsel to the Debtors and Debtors in Possession*