**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>VOYAGER DIGITAL HOLDINGS, INC. *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-10943 (MEW)<br>(Jointly Administered) |

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

This Stipulation (the "Stipulation" or "Protective Order") is entered into by and between the undersigned counsel, acting for and on behalf of their respective clients: (a) Voyager Digital Holdings, Inc., Voyager Digital Ltd., and Voyager Digital, LLC (the "Debtors"), and (b) the ad hoc group of equity interest holders of Voyager Digital Ltd. (the "Ad Hoc Equity Group" and, together with the Debtors, the "Parties" and each a "Party");

WHEREAS, on July 5, 2022 (the "Petition Date"), each Debtor commenced a voluntary case (the "Bankruptcy") under chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court" or "Court");

WHEREAS, certain investors in Voyager Digital Ltd. formed the Ad Hoc Equity Group;

WHEREAS, the Ad Hoc Equity Group has sought information regarding the Debtors' insurance policies and the Parties may serve discovery requests seeking information from each other (all documents and information provided pursuant to such requests are collectively referred to as the "Discovery Materials");

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

WHEREAS, the Parties have agreed that the Discovery Materials shall be subject to a protective order, pursuant to Federal Rule of Bankruptcy Procedure 7026, and Federal Rule of Civil Procedure 26, to protect privilege and the confidentiality of sensitive information; and

WHEREAS, the Parties have entered into this Stipulation and agreed to be bound by its terms, subject to approval by the Court; pending such approval, the Parties agree that all Discovery Material is being shared pursuant to their common interests and will continue to be treated as "Highly Confidential" as described below.

NOW THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND UPON COURT APPROVAL, IT IS ORDERED THAT:

1.      Designation of Documents.  Any Party or third party producing Discovery Material (the "Producing Party") to any Party (the "Receiving Party") may designate Discovery Material as "Confidential Material" or "Highly Confidential Material" (any such Discovery Material, "Designated Material") in accordance with the following provisions:

a.      Confidential Material: A Producing Party may designate Discovery Material as "Confidential" if such Producing Party believes in good faith that such Discovery Material constitutes or includes information that: (i) constitutes or contains technical, business, financial, personal, or other information of a nature that can be protected under Rule 26(c) of the Federal Rules of Civil Procedure and Bankruptcy Rules 7026 or 9018 of the Federal Rules of Bankruptcy Procedure; (ii) is subject by law or by contract to a legally protected right of privacy; or (iii) the Producing Party is under a preexisting obligation to a third-party to treat as confidential.

b.      Highly Confidential Material: A Producing Party may designate Discovery Material as "Highly Confidential" if such Producing Party believes in good faith that such

2

Discovery Material is of such confidential nature that a risk of competitive injury may be created if it were disclosed to persons other than those identified in Paragraphs 2 of this Order, such as trade secrets or sensitive financial or business information.

c. Exclusions: Confidential Material and Highly Confidential Material does not include information which: (a) is or becomes generally available to the public other than as a result of a disclosure by the Receiving Party in violation of this Agreement or another improper disclosure by any person; (b) was available to the Receiving Party on a non-confidential basis prior to its disclosure by the Producing Party; (c) becomes available to the Receiving Party on a non-confidential basis from a Person other than the Producing Party who is not otherwise bound by a confidentiality agreement prohibiting disclosure of such information; (d) has been independently developed by the Receiving Party; or (e) the Producing Party has previously authorized in writing to divulge or communicate to third parties.

A Producing Party shall designate Discovery Materials as Confidential or Highly Confidential Discovery Material by applying the legend "Confidential" or "Highly Confidential" to each page containing any Confidential or Highly Confidential Discovery Material. In the case of electronically stored information, the "Confidential" or "Highly Confidential" legend, if any, shall be printed on the cover or container of the disk, tape, or other medium in which the electronic form data is stored, and the "Confidential" or "Highly Confidential" legend shall be applied, by electronic means to each electronic document or other electronically stored information containing any Confidential or Highly Confidential Discovery Materials. The failure to designate Discovery Material as "Confidential" or "Highly Confidential" does not constitute a waiver of such claim, and a Producing Party may so designate Discovery Material after such Discovery Material has

been produced in accordance with paragraph 10, with the effect that such Discovery Material is subject thereafter to the protections of this Stipulation.

2.    Treatment of Confidential and Highly Confidential Discovery Material.    Any Discovery Material designated as "Confidential" or "Highly Confidential" shall be maintained in confidence by any Receiving Party and shall be stored under the direct control of counsel of record who shall be responsible for preventing any disclosure not in accordance with this Stipulation.

a.    Disclosing Highly Confidential Material.    Highly Confidential Material shall only be disclosed to outside counsel to a Party,[2] and legal assistants, secretaries, staff, or agents, and outside consultants, financial advisors, or experts to such Party, after executing a Non-Disclosure Declaration in the form annexed as an Exhibit hereto.    Counsel for the Ad Hoc Equity Group may also provide their client with high level summaries of Highly Confidential Discovery Material provided that the members of the Ad Hoc Equity Group agree in writing that no such information will be made public in any form.

b.    Disclosing Confidential Material.    In addition to the persons identified in the above section 2(a), Confidential Material shall only be disclosed to the following after executing a Non-Disclosure Declaration in the form annexed as an Exhibit hereto:

  i.    Any current employee, officer, director, or other manger or member of the Debtors and/or any affiliate of the Debtors;

  ii.    Any person identified as an author of a document, any person to whom a copy of such document was sent prior to its production in these chapter 11 cases, and/or any other person expected to be a deponent or a witness in these chapter 11 cases provided that there is a good faith basis to believe that such person is already aware of the confidential information in such document and has an obligation to keep it confidential;

---

[2]    For the avoidance of doubt outside counsel for the Ad Hoc Equity Group include Kilpatrick Townsend & Stockton LLP, Aird & Berlis LLP, and Siskinds LLP.

iii.     Court officials involved in these chapter 11 cases;

iv.     Court-reporting personnel involved in taking or transcribing testimony in these chapter 11 cases; and

v.     Any mediator engaged by the Parties or appointed by the Court.

Counsel for the Ad Hoc Equity Group may also provide their client with high level summaries of Confidential Discovery Material provided that the members of the Ad Hoc Equity Group agree in writing that no such information will be made public in any form.

3.     <u>Public Disclosure, Including, But Not Limited to Disclosure Made In Support or Opposition The Chapter 11 Plan and Associated Releases</u>.  Any public filing or communication, including those in support of or in opposition to the Chapter 11 Plan and associated releases, that seeks to quote or otherwise include Confidential or Highly Confidential Material, shall be filed under seal with the Bankruptcy Court in accordance with the procedures provided in Paragraph 7 below.

4.     <u>Permitted Purposes</u>.  All Discovery Materials disclosed pursuant to this Stipulation (except such materials publicly available in substantially the same form), whether or not containing Confidential or Highly Confidential Materials, shall be used solely in connection with these chapter 11 cases (including any adversary proceeding or contested matter in these chapter 11 cases), and not for any other legal, business, commercial, competitive, personal, or other purpose. Any summary, compilation, notes, memoranda, analysis, or copy containing Confidential or Highly Confidential Material, and any electronic image or database containing Confidential or Highly Confidential Material shall be subject to the terms of this Stipulation to the same extent as the Discovery Material from which such summary, compilation, notes, copy, memoranda, analysis, electronic image, or database is derived.  No Confidential or Highly Confidential Material shall be

used for any other purpose, including business, governmental, commercial, administrative, or other judicial proceedings.

5.        Third Party Disclosures. The production of any Confidential or Highly Confidential Discovery Material by any non-party shall be subject to and governed by the terms of this Stipulation.

6.        Preservation of Privileges.  In accordance with Rule 502(d) of the Federal Rules of Evidence, all privileges, protections, confidentiality, and immunities (including, without limitation, the attorney-client privilege, and the work product doctrine), shall remain in full force and effect as to any privileged Discovery Material shared, and shall not be waived or in any way impaired in connection with these chapter 11 cases (including in connection with any current or subsequent adversary proceeding or contested matter in these chapter 11 cases) or in any other Federal, State or other proceeding outside these chapter 11 cases by disclosure or production, or by disclosing such Discovery Material to the Court in the context of resolving a request or dispute as to sealing.  Any party receiving documents or information that the party realizes, or the Producing Party claims, are protected by a privilege, protection, or immunity (including but not limited to the attorney-client privilege or the work product protection), shall return them to the producing party or destroy them within three (3) days of the Producing Party's request (or the receiving party's realization that they have inadvertently received protected information), delete any versions of the documents it maintains, and make no use of the information contained therein regardless of whether the receiving party agrees with the claim of privilege and/or work product protection.  Nothing in this Order shall prevent a Receiving Party from challenging the privilege or protection asserted by the Producing Party by properly noticed motion.

7.     <u>Sealing of Designated Material Filed With Or Submitted to the Court</u>.  For the avoidance of doubt, no papers containing Confidential or Highly Confidential Discovery Material shall be disseminated to creditors or other stakeholders generally without the Producing Party's express written consent or an order of the Court permitting such dissemination.  For the further avoidance of doubt, no Party shall attempt to file any Discovery Material that contains privileged information with the Court under any circumstances.  Otherwise, pleadings, documents, or other papers (or attachments thereto) containing Confidential or Highly Confidential Discovery Material that a Party seeks to file with the Court shall be handled in the following manner:

a.     The pleadings, documents, or other papers (or attachments thereto) containing Designated Materials should be redacted to remove all portions containing Designated Material, and the Party seeking to file or communicate these materials to creditors shall file the pleadings, documents, or other papers (or attachments thereto) with the aforementioned redactions on the Court's electronic docket under a temporary seal;

b.     Unredacted copies of the pleadings, documents, or other papers filed under temporary seal shall be delivered to the Court in a separate sealed envelope conspicuously marked "Filed Under Temporary Seal – Subject to Voyager Digital Holdings, Inc. Protective Order" together with such other markings as may be required by the Court; and

c.     Any Party filing ("Filing Party") with the Court pleadings, documents, or other papers (or attachments thereto) containing Designated Material under the temporary seal shall serve the Debtors and the U.S. Trustee with un-redacted copies.

d.     Each Filing Party shall use best efforts when filing with the Court pleadings, documents, or other papers (or attachments thereto) to remove only Designated Material

from pleadings, documents, or other papers (or attachments thereto). Under no circumstances shall entire transcripts of depositions be filed under the temporary seal.

       e.     Unless the Producing Party provides written notice to the Filing Party within seven days of the date on which the Filing Party filed a pleading, document, or other paper (or attachments thereto) with the Court under the temporary seal, the Filing Party shall file a notice with the Court advising the Court that the pleading, document, or other paper (or attachments thereto) does not meet the requirements for sealing under section 107(b) of the Bankruptcy Code and requesting that the temporary seal be lifted and the pleadings, documents, or other papers (or attachments thereto) provided in the sealed envelope be filed by the Clerk on the Court's electronic docket. The Filing Party shall assist the Clerk in any way requested to ensure that the temporary seal is lifted and that the public has access to the unredacted documents.

       f.     Following a filing pursuant to this paragraph, a Producing Party seeking to keep a filing sealed shall, within five (5) business days, file a sealing Motion with the Court under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 seeking Court authorization to have the pleading, document, or other paper (or attachments) remain under seal, otherwise the pleading, document, or other paper (or attachments) shall automatically become unsealed. The Court shall decide whether sealing is appropriate pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018. Until the Court decides the sealing motion, the pleading, document, or other paper (or attachments thereto) shall remain under temporary seal.

8.     Compelled Disclosure. Notwithstanding the foregoing, solely in the event that a Receiving Party is requested or required (through discovery, subpoena, civil investigative demand,

or other similar legal or investigative process) to disclose any of the Confidential or Highly

Confidential Discovery Material, the Receiving Party shall provide the Producing Party with

prompt written notice of any such request or requirement so that the Producing Party may seek a

protective order or other appropriate remedy and/or waive compliance with the provisions of this

Stipulation in respect of such request or requirement.  If, in the absence of a protective order or

other remedy or the receipt of a waiver by the Producing Party, a Receiving Party is nonetheless,

in the opinion of its counsel, legally compelled to disclose such Confidential or Highly

Confidential Discovery Material or else stand liable for contempt or suffer other censure or

significant penalty, the Receiving Party may, without liability under this Stipulation, disclose only

that portion of the Confidential or Highly Confidential Discovery Material which its counsel

advises it is legally required to be disclosed, provided that the Receiving Party exercises its

commercially reasonable efforts to preserve the confidentiality of the Confidential or Highly

Confidential Discovery Material, including, without limitation, by taking commercially reasonable

measures to cooperate with the Producing Party to obtain an appropriate protective order or other

reliable assurance that confidential treatment will be accorded the Confidential or Highly

Confidential Discovery Material by the party to whom such material will be produced, and then

only with as much prior written notice to the Producing Party as is practical under the

circumstances.  In no event will a Receiving Party oppose action by a Producing Party to obtain a

protective order or other relief to prevent the disclosure of the Confidential or Highly Confidential

Discovery Material or to obtain reliable assurance that confidential treatment will be afforded the

Confidential or Highly Confidential Discovery Material.

      9.     <u>No Waiver</u>.  Neither this Stipulation nor disclosure of any Confidential or Highly

Confidential Discovery Material by a Producing Party shall be deemed by implication or otherwise

to vest in the Receiving Party rights in or to such Confidential or Highly Confidential Discovery

Material other than the right to use such Confidential or Highly Confidential Discovery Material

solely in accordance with this Stipulation.  It is understood and agreed by the Parties that no failure

or delay by a Producing Party in exercising any right, power, or privilege pursuant to this

Stipulation shall operate as a waiver thereof, nor shall any single or partial exercise thereof

preclude any other or further exercise thereof or the exercise of any right, power or privilege

pursuant to this Stipulation.  If at any time a Producing Party determines or realizes that certain

testimony or some portion(s) of Discovery Materials that it previously produced should be

designated as "Confidential" or "Highly Confidential," the Producing Party may apprise the Parties

in writing, and such designated testimony or portion(s) of Discovery Materials will thereafter be

treated as Confidential or Highly Confidential Discovery Materials under the terms of this

Stipulation and Protective Order, provided, however, that the Producing Party shall, at its cost,

provide the Receiving Party with substitute copies, bearing the legend "Confidential" or the legend

"Highly Confidential," of any such Discovery Materials at which time the Receiving Party shall

promptly return to the Producing Party the copies of such substituted Discovery Materials. Entry

into this Stipulation and/or producing Confidential or Highly Confidential Discovery Material

pursuant hereto shall not prejudice in any way a Producing Party's rights to object to the

authenticity or admissibility into evidence of any testimony or other evidence subject hereto.

10.    <u>Objections to Designation</u>.    In the event a Receiving Party objects to any

designation of testimony or Discovery Materials as "Confidential" or "Highly Confidential" or

wants to show such documents to its clients or other persons other than counsel, retained

professionals, or retained experts, the Receiving Party shall so inform the Producing Party, stating

the grounds of the objection, and they shall have five business (5) days to attempt to respond in

the event that the request involves less than 20 documents, at the end of which the Producing Party

may seek a ruling from the Court, on no less than five (5) business days' notice to the Receiving

Party, provided that no Confidential or Highly Confidential Discovery Material shall be filed in

the public record or otherwise disclosed prior to a determination by the Court that it does not meet

the requirements for sealing under section 107(b) of the Bankruptcy Code and Bankruptcy Rule

9018.  If a Receiving Party challenges the designation of more than 20 documents, the Receiving

Party and Producing Party shall work in good faith to establish a reasonable schedule for

addressing challenges to confidentiality designations.

11.    Use in Depositions.   If Confidential or Highly Confidential Discovery Materials

are utilized in a deposition, then it shall be indicated on the record by counsel for one of the Parties

(or, if counsel for the Producing Party is present, by counsel for the Producing Party) that a

question, or a line of questioning concerning a particular subject matter, calls for Confidential or

Highly Confidential Discovery Material, in which case the transcript of the designated testimony

(if any) shall be bound in a separate volume and marked "Confidential Discovery Material

Governed by Protective Order" or "Highly Confidential Discovery Material Governed by

Protective Order" by the reporter.  Any notes taken by any Party or its agents shall similarly

indicate the requirement of confidentiality and existence of this Stipulation.  Any Party may also

designate the actual transcript of a deposition as "Confidential" or "Highly Confidential" by stating

as such on the record of such deposition.  All depositions shall be treated as "Highly Confidential"

under this Stipulation and Protective Order until five business days after a transcript is made

available by the Court Reporter to the person defending the deposition, and during that five -day

period the person defending the deposition should advise the Parties and the Court Reporter of

what portions of the deposition should receive a "Highly Confidential" designation, a "Confidential" designation, or no designation.

12.    <u>Use by any Professional Firm or Individual Retained in Connection with these Chapter 11 Cases</u>.  Counsel for the Party retaining any professional firm or individual in connection with these chapter 11 cases, including outside consultants, financial advisors or experts (collectively, the "<u>Permitted Recipients</u>," and each a "<u>Permitted Recipient</u>"), shall provide a copy of this Stipulation to the Permitted Recipient or a representative of the Permitted Recipient, and the Permitted Recipient or a representative of the Permitted Recipient must execute a Non-Disclosure Declaration in the form annexed as an Exhibit hereto prior to the Permitted Recipient receiving any Confidential or Highly Confidential Discovery Material.

13.    <u>Enforcement Pending Entry</u>.  The Parties agree to be bound by the terms of this Stipulation pending the entry of this Stipulation as an order of the Court, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation has been entered by the Court. The provisions of this Stipulation shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of these chapter 11 cases.

14.    <u>Disposition of Confidential or Highly Confidential Discovery Material</u>.  Within sixty (60) days after receiving notice of the entry of an order, judgment, or decree finally disposing of or resolving any and all disputes among the Parties' hereto arising out of or relating to these chapter 11 cases and/or adversary proceedings, including the exhaustion of all possible appeals and other review, all persons having received Confidential or Highly Confidential Discovery Material shall either return such material and all copies thereof (including summaries and excerpts) to the Producing Parties or destroy all such Confidential or Highly Confidential Discovery Material

and certify that fact to the Producing Parties.  Discovery Material that has been received

electronically and that cannot be returned or destroyed must be electronically deleted and deleted

from "trash" files. This paragraph 15 applies to Confidential and Highly Confidential Discovery

Material only and does not require that counsel for the Parties destroy work product or

correspondence.

15.    Any Party or non-party may seek relief from, or modification of, this Stipulation or

any provision thereof by properly noticed motion to the Court.

16.    This Stipulation may be signed in counterparts, which, when fully executed, shall

constitute a single original and electronic signatures shall be deemed original signatures.

AGREED TO BY:

Dated:  November 12, 2022                    **KILPATRICK TOWNSEND & STOCKTON
                                             LLP**

                                             /s/
                                             _____
                                             David M. Posner
                                             Kelly E. Moynihan
                                             The Grace Building
                                             1114 Avenue of the Americas
                                             New York, New York  10036-7703
                                             Telephone:  (212) 775-8700
                                             Facsimile:   (212) 775-8800
                                             dposner@kilpatricktownsend.com
                                             kmoynihan@kilpatricktownsend.com

                                             Paul Rosenblatt
                                             1100 Peachtree Street NE, Suite 2800
                                             Atlanta, GA  30309
                                             Telephone:  (404) 815-6500
                                             Facsimile:  (404) 815-6555
                                             prosenblatt@kilpatricktownsend.com

                                             *Counsel to the Ad Hoc Equity Group*

**KIRKLAND & ELLIS LLP**

*/s/  Michael Slade*
Joshua Sussberg, P.C.
Christopher Marcus, P.C.
Christine Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Avenue
New York, NY 10022
Tel: 212-446-4800

Michael B. Slade (admitted *pro hac vice*)
Richard U.S. Howell, P.C. (admitted *pro hac vice*)
Nicholas F. Wasdin
Zachary A. Cirullo
300 N. LaSalle Drive
Chicago, IL  60654
Tel: 312-862-2000

Counsel to the Debtors

SO ORDERED:

New York, New York
Date:  November 18, 2022                              **s/Michael E. Wiles**
                                                     THE HONORABLE MICHAEL E. WILES
                                                     UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

In re:                                                             :   Chapter 11
                                                                   :
                                                                   :   Case No. 22-10943 (MEW)
VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[3]                        :
                                                                   :   (Jointly Administered)
                                                   Debtors.        :
                                                                   :
                                                                   :
-------------------------------------------------------------------x

I, _____ , state that:

1.      My address is_____.

2.      My present occupation or job description is _____.

3.      I have received a copy of the Stipulation for the Production and Exchange of Confidential

Information (the "Stipulation") entered in the above-entitled action on _____.

4.      I have carefully read and understand the provisions of the Stipulation.

5.      I will comply with all provisions of the Stipulation.

6.      I will hold in confidence, will not disclose to anyone not qualified under the Stipulation,

and will use only for purposes of this action, any Confidential or Highly Confidential Discovery

Material that is disclosed to me.

7.      I will return all Confidential Discovery Material or Highly Confidential Material that

comes into my possession, and documents or things that I have prepared relating thereto, to counsel

---

[3]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Voyager Digital Holdings, Inc.'s and Voyager Digital Ltd.'s principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.  Voyager Digital, LLC's principal place of business is 701 S Miami Ave, 8th Floor, Miami, FL 33131.

1

for the party by whom I am employed or retained, or to counsel from whom I received the

Confidential Discovery Material or Highly Confidential Discovery Material.

8.        I hereby submit to the jurisdiction of this court for the purpose of enforcement of the

Stipulation in this action.

Dated: _____                                        _____