**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                                            :
In re:                                                      :   Chapter 11
                                                            :
VOYAGER DIGITAL HOLDINGS, INC., et al.,¹                    :   Case No. 22-10943 (MEW)
                                                            :
                       Debtors.                             :   (Jointly Administered)
                                                            :
------------------------------------------------------------x
```

**SUPPLEMENTAL DECLARATION OF SUSHEEL KIRPALANI IN CONNECTION**
**WITH EMPLOYMENT AS SPECIAL COUNSEL TO**
**<u>DEBTOR VOYAGER DIGITAL, LLC</u>**

I, Susheel Kirpalani, hereby declare under penalty of perjury:

1. I am a partner in the firm of Quinn Emanuel Urquhart & Sullivan, LLP ("<u>Quinn Emanuel</u>" or the "<u>Firm</u>"), and I lead the Firm's engagement as special counsel to Voyager Digital, LLC ("<u>Voyager LLC</u>") as debtor and debtor in possession in the above-captioned chapter 11 cases. The Firm maintains offices for the practice of law at 51 Madison Avenue, Floor 22, New York, New York 10010, among other domestic and international offices. I am admitted in, practicing in, and a member in good standing of, the bar of the State of New York and the bar of the United States District Court for the Southern District of New York, among others.

2. I submit this supplemental declaration (the "<u>Supplemental Declaration</u>"), pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), to supplement the disclosures contained in the *Declaration of Susheel Kirpalani in Support of Debtor Voyager Digital, LLC's Application for Entry of an Order Pursuant to 11 U.S.C. §§ 327(e) and*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Voyager Digital Holdings, Inc.'s and Voyager Digital Ltd.'s principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003. Voyager Digital, LLC's principal place of business is 701 S Miami Ave, 8th Floor, Miami, FL 33131.

1

*328(a) and Fed. R. Bankr. P. 2014, 2016, and 5002 Authorizing Employment and Retention of Quinn Emanuel Urquhart & Sullivan, LLP as Special Counsel to Voyager Digital, LLC Effective July 13, 2022* (the "Original Declaration") attached as Exhibit B to *Debtor Voyager Digital, LLC's Application for Entry of an Order Pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Fed. R. Bankr. P. 2014, 2016, and 5002 Authorizing Employment and Retention of Quinn Emanuel Urquhart & Sullivan, LLP as Special Counsel to Voyager Digital, LLC Effective July 13, 2022* (the "Application").[2]

3. Unless otherwise stated in this Supplemental Declaration, I have personal knowledge of the facts set forth herein and, if called as a witness, I would testify thereto.

4. On July 21, 2022, Voyager LLC filed the Application (Dkt. No. 125) seeking to retain Quinn Emanuel to provide independent advice to, and act at the exclusive direction of, the Special Committee in connection with the Special Committee's mandate. That mandate was to: (a) conduct an independent investigation with respect to any historical transactions relating to Voyager LLC; (b) determine the existence of, prosecute, and/or settle any potential estate claims and causes of action against insiders of Voyager LLC, including any claims arising from the loans made to Three Arrows Capital (the "Investigation"); and (c) provide any other services to Voyager LLC consistent with the foregoing, as directed by the Special Committee. The Application was approved by the Bankruptcy Court on August 4, 2022. *See* Dkt. No. 242.

5. The Firm, at the direction of the Special Committee, conducted the Investigation and, on October 7, 2022 delivered to the Special Committee an investigation report ("Investigation Report"), which set forth the factual record developed over the course of the Investigation, the

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Original Declaration.

legal framework of potential estate causes of action, and Quinn Emanuel's legal conclusions and recommendations. Thereafter, the Special Committee, represented by Quinn Emanuel, negotiated independent settlements with Voyager LLC's CEO and former CFO, which were set forth in the *Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code, see* Dkt. No. 590, and its related *Disclosure Statement*, *see* Dkt. No. 592.

6.    Prior to the Petition Date, Quinn Emanuel represented Alameda Research Ltd., Alameda Ventures Ltd., and certain of their affiliates ("Alameda") in a litigation advisory role focused on specific matters, including with regard to cryptocurrencies, but not with regard to any matters related to any of the Debtors. Given that Alameda was a significant party in interest of the Debtors, to avoid the potential for conflicts (including conflicting positions), (i) Alameda retained separate counsel to represent it in connection with Voyager, (ii) Quinn Emanuel agreed not to provide any advice to Alameda regarding Voyager, and (iii) any Quinn Emanuel attorneys who were providing other advice to Alameda were walled off from the Engagement. The Firm agreed that no confidential information about Voyager LLC or the other Debtors was to be shared with Alameda or these attorneys.

7.    At the request of the United States Trustee, Quinn Emanuel agreed to confirm, as set forth in the Order authorizing the Engagement (Dkt. No. 242), that the Firm would not perform services for Voyager LLC (or any of the Debtors) that relate to any claim or cause of action that Alameda may hold against the Debtors, or to any claim or cause of action that the Debtors may have against Alameda. I confirm that the Engagement did not and will not involve such services.

3

## SUBSEQUENT EVENTS

8. On November 11, 2022 and November 14, 2022, FTX Trading Ltd. and certain affiliates, including Alameda (the "FTX Group"), filed for chapter 11 protection in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court") (Case No. 22-11068 (JTD)).

9. Following the FTX Group's bankruptcy filing, the directors of the FTX Group retained Quinn Emanuel to serve as special counsel to the debtors and debtors in possession, pursuant to section 327(e) of the Bankruptcy Code (the "FTX Engagement"). Subject to Delaware Bankruptcy Court approval, Quinn Emanuel will perform legal services pursuant to the FTX Engagement, at the exclusive direction of the post-petition boards of directors of the FTX Group. In no event will Quinn Emanuel provide any advice to the FTX Group regarding Voyager LLC or the other Debtors.

10. Quinn Emanuel attorneys who work on the FTX Engagement will be walled from the Engagement. No confidential information about Voyager LLC or the other Debtors will be shared with the FTX Group.

11. Two Quinn Emanuel attorneys who assisted with the Investigation and Investigation Report, and who ceased providing advice or services in connection with the Engagement at approximately that time—Katherine Lemire and Meredith Mandell—will, going forward, be working on the FTX Engagement. Ms. Lemire and Ms. Mandell, like all other Quinn Emanuel attorneys working on the FTX Engagement, will hereafter be walled from the Engagement. In light of the completion of the Investigation, the delivery to the Special Committee of the Investigation Report, and the narrow scope of work remaining for Quinn Emanuel in this case, the Special Committee has consented to the foregoing.

12. As set forth above, Quinn Emanuel's role as special counsel to Voyager LLC does not relate to the FTX Group, and its role as special counsel to the FTX Group will not relate to Voyager LLC or any of the Debtors in this case. Accordingly, I believe Quinn Emanuel "does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed," consistent with the requirement of section 327(e) of the Bankruptcy Code.

13. Continued inquiry will be made following the filing of this Supplemental Declaration by undertaking the same procedures described in the Original Declaration on a periodic basis, except where otherwise specified, with additional disclosures to be filed in this Court if necessary or otherwise appropriate.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: New York, New York
       November 21, 2022

*/s/ Susheel Kirpalani*
Susheel Kirpalani
Partner, Quinn Emanuel Urquhart &
Sullivan LP

5