UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
: 
In re : Chapter 11
:
VOYAGER DIGITAL HOLDINGS, INC., *et al.*, : Case No. 22-10943 (MEW)
:
Debtors.[1] : (Jointly Administered)
:
:
------------------------------------------------------------------- x

*EX PARTE* MOTION FOR AN ENTRY OF AN ORDER AUTHORIZING METROPOLITAN COMMERCIAL BANK TO REDACT AND FILE UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION WITHIN THE OBJECTION OF METROPOLITAN COMMERCIAL BANK TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) COMPELLING THE RELEASE OF THE RESERVE HELD BY METROPOLITAN COMMERCIAL BANK ON DEBTORS' BANK ACCOUNT AND (II) GRANTING RELATED RELIEF AND CROSS-MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT SETOFF AND ACCOMPANYING DECLARATION

Metropolitan Commercial Bank ("MC Bank") respectfully submits this *ex parte* motion to file under seal certain information in the *Objection of Metropolitan Commercial Bank to Debtors' Motion for Entry of an Order (I) Compelling the Release of the Reserve Held by Metropolitan Commercial Bank on Debtors' Bank Account and (II) Granting Related Relief and Cross-Motion for Relief from the Automatic Stay to Permit Setoff* (the "Reserve Objection") and the accompanying *Declaration of David Jenkins* (the "Jenkins Declaration"):[2]

## REQUESTED RELIEF

1. MC Bank seeks entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), authorizing MC Bank to (a) redact and file under seal certain

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2] Capitalized terms not defined herein have the meanings ascribed to them in the Reserve Objection.

paragraphs of the Reserve Objection, Exhibit B to the Reserve Objection, and two paragraphs of the Jenkins Declaration and (b) provide unredacted versions of the Reserve Objection, Exhibit B thereto, and the Jenkins Declaration to (i) the United States Bankruptcy Court for the Southern District of New York (the "Court"), (ii) the United States Trustee for the Southern District of New York, (iii) Kirkland & Ellis LLP as counsel to the Debtors, and (iv) McDermott Will & Emery LLP as counsel to the official committee of unsecured creditors (collectively, the "Receiving Parties" and in each case of the foregoing parties listed in (i) through (iv), on a confidential and professionals' eyes only basis).

## JURISDICTION

2. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The relief requested in this motion is pursuant to sections 105(a), 107(b), and 107(c) of title 11 of the United States Code (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 9013-1 and 9018-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## RELEVANT BACKGROUND

3. MC Bank is a New York-based bank that provides various banking services to the Voyager debtors. Relevant to this matter, Voyager maintains several accounts with MC Bank, including its primary operating account, and pursuant to the FBO Account Payment Services Agreement dated as of June 3, 2019 (the "FBO Agreement"), MC Bank holds two accounts "for the benefit of" Voyager customers.

4.     On December 2, 2022, the Debtors filed *Debtors' Motion for Entry of an Order (I) Compelling the Release of the Reserve Held by Metropolitan Commercial Bank on Debtors' Bank Account and (II) Granting Related Relief* [Dkt. No. 690] (the "Reserve Motion") in an attempt to force MC Bank to turn over the reserve maintained in connection with the FBO Agreement (the "Reserve").

5.     On December 7, 2022, MC Bank filed the Reserve Objection and the Jenkins Declaration. Two paragraphs of the Reserve Objection, Exhibit B to the Reserve Objection, and two paragraphs of the Jenkins Declaration contain certain confidential information (the "Confidential Bank Information"), the disclosure of which could cause significant harm to MC Bank, the Debtors and customers alike.

6.     Unredacted versions of the Reserve Objection, Exhibit B thereto, and the Jenkins Declaration will be provided to the Court Clerk's office in accordance with Local Rule 9018-1(c).

**BASIS FOR RELIEF**

7.     Section 107(b) of the Bankruptcy Code authorizes bankruptcy courts to protect entities or persons from harm that could result from disclosure of certain confidential commercial information. The section provides, in the relevant part, "(b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may: (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1).

8.     Bankruptcy Rule 9018 sets forth the procedures for a party to move for relief under section 107(b) of the Bankruptcy Code. Specifically, Bankruptcy Rule 9018 provides that, upon motion, "the court may make any order which justice requires . . . to protect the estate or

any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

9. If the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting party and has no discretion to deny the application." *Video Software Dealers Ass'n* v. *Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original). This authority is especially relevant when there is risk of foul play involved. *See Orion Pictures*, 21 F.3d at 27 ("In limited circumstances, courts must deny access to judicial documents, generally where open inspection may be used as vehicle for improper purposes.").

10. MC Bank submits that the Confidential Bank Information described in the Reserve Objection, Exhibit B thereto, and the Jenkins Declaration is confidential commercial information that may be protected pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018. The Confidential Bank Information relates to the core banking security procedures of the bank's operations, the disclosure of which could cause harm to MC Bank, Voyager, and/or Voyager customers. MC Bank respectfully submits that the portions of the Reserve Objection, Exhibit B thereto, and the Jenkins Declaration proposed to be redacted explain the confidential nature of the information at issue and why it should not be disseminated widely. Moreover the redactions that MC Bank seeks are narrow in scope and the bank is looking only to redact sensitive information related to internal bank management and processes.

## **NO PRIOR REQUEST**

11. No prior request for the relief sought in the motion has been made to this or any other Court.

## CONCLUSION

For the foregoing reasons, MC Bank respectfully requests that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: December 7, 2022
       New York, New York

Respectfully submitted,

/s/ *Amy R. Wolf*
Richard G. Mason
Amy R. Wolf
Rosemary Spaziani (*pro hac vice* pending)
Angela K. Herring
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York  10019
Telephone:  (212) 403-1000
Facsimile:  (212) 403-2000
Email: RGMason@wlrk.com
      ARWolf@wlrk.com
      RSpaziani@wlrk.com
      AKHerring@wlrk.com

*Attorneys for Metropolitan Commercial Bank*

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------ x
                                                             :
In re                                                        :   Chapter 11
                                                             :
VOYAGER DIGITAL HOLDINGS, INC., et al.,                      :   Case No. 22-10943 (MEW)
                                                             :
                               Debtors.¹                     :   (Jointly Administered)
                                                             :
                                                             :
------------------------------------------------------------ x
```

**ORDER AUTHORIZING METROPOLITAN COMMERCIAL BANK TO REDACT AND FILE UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION WITHIN THE OBJECTION OF METROPOLITAN COMMERCIAL BANK TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) COMPELLING THE RELEASE OF THE RESERVE HELD BY METROPOLITAN COMMERCIAL BANK ON DEBTORS' BANK ACCOUNT AND (II) GRANTING RELATED RELIEF AND CROSS-MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT SETOFF AND ACCOMPANYING DECLARATION**

Upon the *ex parte* motion (the "Motion")² of Metropolitan Commercial Bank ("MC Bank") for entry of an order (this "Order") authorizing MC Bank to (a) redact and file under seal certain paragraphs of the Reserve Objection, Exhibit B to the Reserve Objection, and the Jenkins Declaration and (b) provide unredacted versions of the Reserve Objection, Exhibit B thereto, and the Jenkins Declaration to the Receiving Parties; and granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and this Court having the

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

² Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Reserve Objection.

power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having determined that the factual and legal bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. MC Bank is authorized, pursuant to sections 105(a), 107(b), and 107(c) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, to file the Reserve Objection and the Jenkins Declaration with the Confidential Bank Information under seal.

3. The unredacted versions of the Reserve Objection, Exhibit B to the Reserve Objection, and the Jenkins Declaration (the "Sealed Documents") shall remain confidential and shall not be made available to anyone other than the Receiving Parties without MC Bank's consent, may not be filed on the public docket, and shall remain under seal until further order of the Court.

4. MC Bank shall submit an unredacted copy of the Sealed Documents to the Clerk of the Court in an envelope under seal, clearly indicating that the same has been filed under seal by order of the Court.

5. The Clerk of this Court shall treat the Confidential Bank Information contained in the Sealed Documents as confidential, and counsel for MC Bank shall contact the Clerk's Office

regarding the return or disposition of the Sealed Documents as soon as practicable following the effective date of any chapter 11 plan in this case or any successor cases.

6.  Any party in interest, or the United States Trustee for the Southern District of New York, may seek to unseal the redacted portions of the Sealed Documents, or any part of such documents, without prejudice.

7.  Any party authorized to receive the unredacted versions of the Sealed Documents shall be authorized and directed to redact specific references to the information set forth therein from pleadings filed on the public docket maintained in these chapter 11 cases. If the Confidential Bank Information is attached or referred to in any future pleadings or documents filed with this Court relating to these chapter 11 cases, this Order shall apply to such pleading or document.

8.  Any party who receives the Confidential Bank Information in accordance with this Order shall not disclose or otherwise disseminate this information to any other person or entity, including in response to a request under the Freedom of Information Act.

9.  The requirements set forth in Local Rules 9013-1 and 9018-1 are satisfied by the contents of the Motion.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. MC Bank is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

-4-

Dated: _____
      New York, New York

                                                                                  _____
                                                                                   THE HONORABLE MICHAEL E. WILES
                                                                                    UNITED STATES BANKRUPTCY JUDGE