Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted pro hac vice)
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF HEARING ON APPLICATION OF DEBTOR VOYAGER DIGITAL LTD.
FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF KATTEN MUCHIN ROSENMAN LLP AS SPECIAL COUNSEL
FOR DEBTOR VOYAGER DIGITAL LTD., ON BEHALF OF AND AT THE SOLE
DIRECTION OF THE INDEPENDENT DIRECTOR,
EFFECTIVE AS OF NOVEMBER 11, 2022**

**PLEASE TAKE NOTICE** that a hearing on the *Application of Debtor Voyager Digital Ltd. for Entry of an Order Authorizing the Retention and Employment of Katten Muchin Rosenman LLP as Special Counsel for Debtor on Behalf of and at the Sole Direction of the Independent Director, Effective as of November 11, 2022* (the "Application,") will be held on **January 24, 2023, at 11:00 a.m., prevailing Eastern Time** (the "Hearing"). In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted telephonically. Any

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

parties wishing to participate must do so by making arrangements through CourtSolutions by visiting https://www.court-solutions.com.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Application shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served so as to be actually received by **January 17, 2023, at 4:00 p.m., prevailing Eastern Time**, by (i) the entities on the Master Service List available on the case website of the above-captioned debtors and debtors in possession (the "Debtors") at https://cases.stretto.com/Voyager and (ii) any person or entity with a particularized interest in the subject matter of the Application.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing. Failure to file a timely objection may result in entry of a final order granting the Application as requested by the Debtors.

**PLEASE TAKE FURTHER NOTICE** that copies of the Application and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/Voyager. You may also obtain copies of the Application and other

pleadings    filed    in    these    chapter    11    cases    by    visiting    the    Court's    website    at

http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.


Dated:  December 9, 2022          */s/ Joshua A. Sussberg*
New York, New York              **KIRKLAND & ELLIS LLP**
                                **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                Joshua A. Sussberg, P.C.
                                Christopher Marcus, P.C.
                                Christine A. Okike, P.C.
                                Allyson B. Smith (admitted *pro hac vice*)
                                601 Lexington Avenue
                                New York, New York 10022
                                Telephone:    (212) 446-4800
                                Facsimile:    (212) 446-4900
                                Email:        jsussberg@kirkland.com
                                              cmarcus@kirkland.com
                                              christine.okike@kirkland.com
                                              allyson.smith@kirkland.com

                                *Counsel to the Debtors and Debtors in Possession*

Hearing Date:  January 24, 2023, at 11:00 a.m. (prevailing Eastern Time)
Objection Deadline:  January 17, 2023, at 4:00 p.m. (prevailing Eastern Time)

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | Case No. 22-10943 (MEW) |
| Debtors. | (Jointly Administered) |

**APPLICATION OF DEBTOR VOYAGER DIGITAL LTD. FOR ENTRY OF AN ORDER
AUTHORIZING THE RETENTION AND EMPLOYMENT OF KATTEN MUCHIN
ROSENMAN LLP AS SPECIAL COUNSEL FOR DEBTOR VOYAGER DIGITAL LTD.,
ON BEHALF OF AND AT THE SOLE DIRECTION OF THE INDEPENDENT
DIRECTOR, EFFECTIVE AS OF NOVEMBER 11, 2022**

Voyager Digital Ltd. ("TopCo"), one of the above-captioned debtors and debtors in
possession (collectively, the "Debtors") respectfully states the following in support of this
application (this "Application"):

**Relief Requested**

1.     TopCo seeks entry of an order, substantially in the form attached hereto as
**Exhibit A** (the "Order"), (a) authorizing TopCo to retain and employ Katten Muchin Rosenman
LLP ("Katten") as special counsel on behalf of and at the sole direction of the independent director,

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC
(8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY
10003.

Matthew D. Ray (the "Independent Director"), of TopCo effective as of November 11, 2022, in accordance with the terms and conditions of the engagement letter dated as of November 11, 2022 (the "Engagement Letter") attached hereto as **Exhibit 1** to **Exhibit A** and incorporated herein by reference; and (b) granting related relief.

2.      In support of this Application, TopCo submits the declaration of Steven J. Reisman, a partner of Katten (the "Reisman Declaration"), which is attached hereto as **Exhibit B** and the declaration of Matthew D. Ray (the "Ray Declaration"), which is attached hereto as **Exhibit C**.

## Jurisdiction and Venue

3.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012.  TopCo confirms its consent to the Court entering a final order in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The bases for the relief requested herein are sections 327(a) and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## Background

6.      On July 5, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Stephen Ehrlich, Chief*

*Executive Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions*

[Docket No. 15] (the "First Day Declaration"), incorporated by reference herein.[2]

7.     The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 18].  On July 19, 2022, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 102] (the "Committee").  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

**Katten's Qualifications**

8.     TopCo seeks to retain Katten because of Katten's recognized expertise and extensive experience in, among other areas, financial restructuring, litigation, corporate governance, corporate finance, and independent investigations in the context of chapter 11 cases.

9.     Katten lawyers have significant experience representing and advising the spectrum of constituents in chapter 11 cases, including, debtors, committees, secured and unsecured creditors, independent or disinterested directors, special committees, shareholders, and others, as well as providing advice with respect to fiduciary duties in connection with chapter 11 cases.

10.     The Debtors retained Kirkland & Ellis LLP and Kirkland & Ellis International LLP ("Kirkland") as their primary counsel in connection with these chapter 11 cases [Docket No. 234]. It is intended that the services of Katten shall complement, and not duplicate, the services to be rendered by Kirkland.  Moreover, the responsibilities of Katten shall be confined to discrete legal matters that are distinct from the matters handled by Kirkland.  Katten shall act on its own and will

---

[2]     Capitalized terms not defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

3

not act under the direct supervision of Kirkland.  Indeed, TopCo is extremely mindful of the need

to avoid duplication of services and appropriate procedures will be implemented to ensure that

there is no such duplication.

11.     Katten has been actively involved in major chapter 11 cases and has served as lead

debtor counsel in many cases, including: *In re CraftWorks Parent, LLC*, No. 20-10475 (BLS)

(Bankr. D. Del. Apr. 11, 2020); *In re Sizmek, Inc.*, No. 19-10971 (SMB) (Bankr. S.D.N.Y. Apr.

23, 2019); *In re J&M Stores, Inc.*, No. 18-11901 (LSS) (Bankr. D. Del., Aug. 27, 2018); and *In re

Vitamin World, Inc.*, No 17-11933 (KJC) (Bankr. D. Del., Oct. 18, 2017).

12.     In addition, the attorneys at Katten have extensive experience representing

independent or disinterested directors in numerous chapter 11 cases, including, among others:  *In

re GWG Holdings, Inc.*, No. 22-90032 (MI) (Bankr. S.D. Tex. Aug. 23, 2022); *In re Nordic

Aviation Capital Designated Activity Co.*, No. 21-33693 (KRH) (Bankr. E.D. Va. Feb. 28, 2022);

*In re Alex and Ani, LLC*, No. 21-10918 (CTG) (Bankr. D. Del. July 15, 2021); *In re Seadrill Ltd.*,

No. 21-30427 (DRJ) (Bankr. S.D. Tex. June 9, 2021); *In re Gulfport*, No. 20-35562 (DRJ) (Bankr.

S.D. Tex. Jan. 14, 2021); *In re Mallinckrodt PLC*, No. 20-12522 (JTD) (Bankr. D. Del. Nov. 19,

2020); *In re Le Tote, Inc.*, No. 20-33332 (KLP) (Bankr. E.D. Va. Aug. 2, 2020); *In re Sable

Permian Resources, LLC*, No. 20-33193 (MI) (Bankr. S.D. Tex. July 15, 2020); *In re Neiman

Marcus Group LTD LLC*, No. 20-32519 (DRJ) (Bankr. S.D. Tex. July 8, 2020); *In re J.C. Penney

Co., Inc.*, No. 20-20182 (DRJ) (Bankr. S.D. Tex. July 2, 2020); *In re Intelsat S.A.*, No. 20-32299

(KLP) (Bankr. E.D. Va. July 1, 2020); *In re Sheridan Holding Company I, LLC*, No. 20-31884

(DRJ) (Bankr. N.D. Tex. Apr. 24, 2020); *In re Anna Holdings, Inc.*, No. 19-12551 (Bankr. D. Del.

Jan. 7, 2020); *In re Toys "R" Us, Inc.*, No. 17-34665 (KLP) (Bankr. E.D. Va. May 24, 2018); and

*In re PES Holdings, LLC*, No. 18-10122 (KG) (Bankr. D. Del. May 14, 2018).  Moreover, the

attorneys at Katten have broad experience acting as conflicts counsel to debtors in large chapter 11 cases, including in *In re Barneys New York, Inc.*, No. 19-36300 (CGM) (Bankr. S.D.N.Y. Sept. 19, 2019) and *In re Windstream Holdings, Inc.*, No. 19-22312 (RDD) (Bankr. S.D.N.Y. Apr. 22, 2019). While at a prior firm, certain of the attorneys at Katten working on this engagement represented debtors as conflicts counsel in numerous cases, including, among others: *In re Breitburn Energy Partners LP*, No. 16-11390 (SMB) (Bankr. S.D.N.Y. June 15, 2016); *In re Fairway Grp. Holdings Corp.*, No. 16-11241 (MEW) (Bankr. S.D.N.Y. June 1, 2016); *In re Genco Shipping & Trading Limited*, No. 14-11108 (SHL) (Bankr. S.D.N.Y. May 16, 2014); *In re American Roads LLC*, No. 13-12412 (BRL) (Bankr. S.D.N.Y. Aug. 21, 2013); *In re Residential Capital, LLC*, No. 12-12020 (MG) (Bankr. S.D.N.Y. July 16, 2012); and *In re Lehman Brothers Holdings Inc.*, No. 08-13555 (JMP) (Bankr. S.D.N.Y. Nov. 21, 2008).

13.     Katten is familiar with the Debtors' businesses and the types of legal issues that may arise in the context of these chapter 11 cases. Katten is well-qualified and uniquely able to serve the needs of the Independent Director in these chapter 11 cases in an efficient and cost-effective manner.

## Services to be Provided

14.     Subject to further order of the Court, and consistent with the Engagement Letter, TopCo requests authority to retain and employ Katten for the purpose of providing legal counsel to the Independent Director of TopCo, in his capacity as such, in connection with these chapter 11 cases, including investigating certain transactions between TopCo and its Debtor subsidiaries (the "Intercompany Transactions").

## Professional Compensation

15.     Katten intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with these chapter 11 cases,

subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court. The hourly rates and corresponding rate structure Katten will use in these chapter 11 cases are the same as the hourly rates and corresponding rate structure that Katten uses in other chapter 11 matters, as well as similar complex corporate, securities, and litigation matters whether in court or otherwise, regardless of whether a fee application is required. These rates and the rate structure reflect that such chapter 11 and other complex matters typically are national in scope and involve great complexity, high stakes, and severe time pressures.

16.     Katten operates in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance, and reputation, the nature of the work involved, and other factors.

17.     Katten's current hourly rates for matters related to these chapter 11 cases range as follows:[3]

| Billing Category[4] | U.S. Range |
|---|---|
| Partners | $835 - $1,795 |
| Associates | $300 - $935 |
| Counsel and Special Staff | $460 - $1,230 |
| Of Counsel | $735 - $1,440 |
| Paralegal | $90 - $650 |

18.     Katten's hourly rates are set at a level designed to compensate Katten fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Hourly rates

---

[3]     For professionals and paraprofessionals residing outside of the U.S., hourly rates are billed in the applicable currency. When billing a U.S. entity, such foreign rates are converted into U.S. dollars at the then applicable conversion rate. After converting these foreign rates into U.S. dollars, it is possible that certain rates may exceed the billing rates listed in the chart herein.

[4]     Although Katten does not anticipate using contract attorneys during these chapter 11 cases, in the unlikely event that it becomes necessary to use contract attorneys, Katten will not charge a markup to TopCo with respect to fees billed by such attorneys. Moreover, any contract attorneys or non-attorneys who are employed by TopCo in connection with work performed by Katten will be subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code. While the rate ranges provided for in this Application may change if

vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments.[5]

19.     Moreover, these hourly rates are consistent with the rates that Katten charges other comparable chapter 11 clients, regardless of the location of the chapter 11 case.

20.     The rate structure provided by Katten is appropriate and not significantly different from (a) the rates that Katten charges for other similar types of representations or (b) the rates that other comparable counsel would charge to do work substantially similar to the work Katten will perform in these chapter 11 cases.

21.     It is Katten's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also Katten's policy to charge its clients only the amount actually incurred by Katten in connection with such items. Examples of such expenses include postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying, airfare, meals, and lodging.

22.     To ensure compliance with all applicable deadlines in these chapter 11 cases, from time to time Katten utilizes the services of overtime secretaries. Katten charges fees for these services pursuant to the Engagement Letter, which permits Katten to bill TopCo for overtime secretarial charges that arise out of business necessity. In addition, Katten professionals also may

---

an individual leaves or joins Katten, and if any such individual's billing rate falls outside the ranges disclosed above, Katten does not intend to update the ranges for such circumstances.

[5]     For example, like many of its peer law firms, Katten typically increases the hourly billing rate of attorneys and paraprofessionals once a year in the form of: (i) step increases historically awarded in the ordinary course on the basis of advancing seniority and promotion and (ii) periodic increases within each attorney's and paraprofessional's current level of seniority. The step increases do not constitute "rate increases" (as the term is used in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013). As set forth in the Order, Katten will provide ten business-days' notice to TopCo, the U.S. Trustee, and any official committee before implementing any periodic increases, and shall file any such notice with the Court.

charge their overtime meals and overtime transportation to TopCo consistent with prepetition practices.

23.     Katten currently charges its clients $0.20 per page for standard black and white duplication and $0.25 per page for color duplication. Notwithstanding the foregoing and consistent with the Local Rules and the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Cases*, Katten will charge no more than $0.10 per page for standard duplication services in these chapter 11 cases. Katten does not charge its clients for incoming facsimile transmissions. Katten has negotiated a discounted rate for Westlaw computer assisted legal research. Computer-assisted legal research is used whenever the researcher determines that it is more cost effective than using other (non-computer assisted legal research) techniques.

## Compensation Received by Katten from TopCo

24.     As of the Petition Date, TopCo had not paid any fees or any advance payment retainer to Katten.

25.     Pursuant to Bankruptcy Rule 2016(b), Katten has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, associates, and contract attorneys associated with Katten or (b) any compensation another person or party has received or may receive.

26.     As of the Petition Date, TopCo did not owe Katten any amounts for legal services rendered before the Petition Date.

## Katten's Disinterestedness

27.     To the best of TopCo's knowledge and as disclosed herein and in the Reisman Declaration, (a) Katten is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or

represent an interest adverse to the Debtors' estates, and (b) Katten has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Reisman Declaration.

28.     Katten will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, Katten will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

### **Supporting Authority**

29.     TopCo seeks retention of Katten as special counsel to the Independent Director pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

30.     Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

31.    TopCo submits that for all the reasons stated above and in the Reisman Declaration,

the retention and employment of Katten as special counsel to the Independent Director is

warranted.  Further, as stated in the Reisman Declaration, Katten is a "disinterested person" within

the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the

Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and

has no connection to the Debtors, their creditors, or other parties in interest, except as may be

disclosed in the Reisman Declaration.

## **Notice**

32.    TopCo will provide notice of this Application to the following parties and/or their

respective counsel, as applicable: (a) the U.S. Trustee; (b) the Committee; (c) the lender under the

Debtors' prepetition loan facility; (d) the United States Attorney's Office for the Southern District

of New York; (e) the Internal Revenue Service; (f) the Toronto Stock Exchange; (g) the attorneys

general in the states where the Debtors conduct their business operations; (h) Katten; and (i) any

party that has requested notice pursuant to Bankruptcy Rule 2002.  TopCo submits that, in light of

the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

33.    No prior request for the relief sought in this Application has been made to this or

any other court.


*[Remainder of page intentionally left blank.]*

WHEREFORE, TopCo respectfully requests that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

Dated: December 1, 2022                    /s/ Matthew D. Ray
      New York, New York              Matthew D. Ray
                                       Independent Director
                                       Voyager Digital Ltd.

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF KATTEN MUCHIN ROSENMAN LLP AS SPECIAL COUNSEL FOR DEBTOR VOYAGER DIGITAL LTD., ON BEHALF OF AND AT THE SOLE DIRECTION OF THE INDEPENDENT DIRECTOR, EFFECTIVE AS OF NOVEMBER 11, 2022

Upon the application (the "Application")[2] of Voyager Digital Ltd., one of the above-captioned debtors and debtors in possession ("TopCo") for the entry of an order (this "Order") authorizing TopCo to retain and employ Katten Muchin Rosenman LLP ("Katten") as special counsel for TopCo, on behalf of and at the sole direction of Matthew D. Ray (the "Independent Director"), pursuant to sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"); and the Court having reviewed the Application, the Declaration of Steven J. Reisman, a partner of Katten (the "Reisman Declaration"), and the declaration of Matthew D. Ray, Independent Director for Voyager Digital Ltd. (the "Ray Declaration" and, together with the Reisman Declaration, the "Declarations"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital, Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

*Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of TopCo's estate, its creditors, and other parties in interest; and this Court having found that TopCo's notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted as set forth herein.

2. TopCo is authorized pursuant to 327(a) and 328 of the Bankruptcy Code to retain and employ Katten as of November 11, 2022 as special counsel, on behalf of and at the sole direction of the Independent Director, in accordance with the terms and conditions set forth in the Application and in the Engagement Letter attached hereto as **Exhibit 1**.

3. Katten shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with TopCo's chapter 11 case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.

4.      Notwithstanding anything to the contrary in the Application, the Engagement

Letter, or the Declarations attached to the Application, the reimbursement provisions allowing the

reimbursement of fees and expenses incurred in connection with participating in, preparing for, or

responding to any action, claim, suit, or proceeding brought by or against any party that relates to

the legal services provided under the Engagement Letter and fees for defending any objection to

Katten's fee applications under the Bankruptcy Code are not approved pending further order of

the Court.

5.      Katten shall not charge a markup to TopCo with respect to fees billed by contract

attorneys who are hired by Katten to provide services to TopCo and shall ensure that any such

contract attorneys are subject to conflict checks and disclosures in accordance with the

requirements of the Bankruptcy Code and Bankruptcy Rules.

6.      Katten shall provide ten-business-days' notice to TopCo, the U.S. Trustee, and the

Committee before any increases in the rates set forth in the Application or the Engagement Letter

are implemented and shall file such notice with the Court.  The U.S. Trustee retains all rights to

object to any rate increase on all grounds, including the reasonableness standard set forth in section

330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant

to section 330 of the Bankruptcy Code.

7.      TopCo and Katten are authorized to take all actions necessary to effectuate the relief

granted pursuant to this Order in accordance with the Application.

8.      Katten shall use its reasonable best efforts to avoid any duplication of services

provided by any of Debtors' other retained professionals in these chapter 11 cases.

9.      Notice of the Application as provided therein is deemed to be good and sufficient

notice of such Application, and the requirements of the Local Rules are satisfied by the contents

of the Application.

10.      To the extent the Application, the Reisman Declaration, the Ray Declaration, or the

Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

11.      The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

12.      This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2023

_____
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 1</u>**

**Engagement Letter**

# Katten

50 Rockefeller Plaza
New York, NY 10020-1605
212.940.8800 tel
www.katten.com

STEVEN J. REISMAN
sreisman@katten.com
212.940.8700 direct

Dated as of November 11, 2022

*VIA EMAIL: mray@pppllc.com*

Matthew Ray
Independent Director of
Voyager Digital Ltd.
Portage Point Partners
300 North LaSalle, Suite 1420
Chicago, Illinois  60654

Re:  **Engagement Agreement**

Dear Mr. Ray:

We are pleased to confirm the engagement of Katten Muchin Rosenman LLP (the "Firm") to act as special counsel to Voyager Digital Ltd. ("Voyager Ltd." or "you" or "Client" or "Company") to render independent services at the sole direction of Matthew Ray in his capacity as the independent director of Voyager Ltd. (the "Independent Director"), in connection with (a) investigating certain transactions between the Company and certain of its subsidiaries, and (b) the Chapter 11 cases of *Voyager Digital Holdings, Inc.* and its debtor affiliates (collectively, the "Debtors") jointly administered at Bankruptcy Case No: 22-10943, pending before the Honorable Judge Michael E. Wiles in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") as it relates to the preceding clause (a) (collectively, the "Matter").  To the extent the Client requests and the Firm agrees to provide additional services, the terms and scope of such services will be set forth in an addendum to this Engagement Agreement.

This letter and the enclosed Terms of Engagement, which contains a provision on conflicts of interest, describe the basis on which the Firm will provide legal services to the Client.

The Company has agreed to be responsible to the Firm for all reasonable legal fees and expenses incurred in this Matter as described in this engagement agreement. This undertaking by the Company is made with the express understanding that the sole professional obligation of myself and the Firm is to the Client at the sole direction of the Independent Director.  The Firm is not required to disclose any legal strategy, theory, plan of action, or the like to the Company, and the payment of legal fees by the Company to the Firm in no way depends upon such disclosure.

KATTEN MUCHIN ROSENMAN LLP
CENTURY CITY    CHARLOTTE    CHICAGO    DALLAS    LOS ANGELES
NEW YORK    ORANGE COUNTY    SHANGHAI    WASHINGTON, DC
A limited liability partnership including professional corporations
LONDON: KATTEN MUCHIN ROSENMAN UK LLP

# Katten

Matthew Ray
Dated as of November 11, 2022
Page 2

Notwithstanding anything contained herein, the the parties hereto agree that the Firm shall have a professional relationship with the Independent Director as a result of the rendering of legal services by us in connection with the matter, and the Independent Director shall control any attorney-client, work product, or other privilege belonging to the Company in connection with the Firm's work or privileged communications on the Matter.

Nevertheless, certain confidential communications between the Firm and counsel for the Debtors may, with the Independent Director's consent, occur. These confidential communications will be subject to any and all applicable privileges, to the extent provided under law and agreed upon by the Firm and counsel for the Debtors. Once again, however, the payment of legal fees and expenses under this agreement is neither conditioned upon nor dependent upon the Firm's cooperation with counsel for the Debtors or any other party.

On a monthly basis, the Firm will send a detailed invoice to the Client providing a fulsome description for all timekeeper entries and a summary of work performed during the billing period. The Firm will apply for compensation for professional services rendered and reimbursement of expenses incurred in this matter in compliance with 11 U.S.C. §§ 330 and 331 and applicable provisions of the Federal Rules of Bankruptcy Procedure, the local rules of the Bankruptcy Court, the Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief [Docket No. 236], and any other applicable procedures and orders of the Bankruptcy Court.

I will be the lawyer at the firm with the primary responsibility for the Matter and understand that it is your expectation, as well as my own intention, that I be involved in managing all aspects of this engagement.  I will be assisted by Shaya Rochester, and such other partners, associates, and other members of the Firm as appropriate.  As indicated in the Terms of Engagement, our fees are based upon our hourly rates unless otherwise noted herein.

I understand that Voyager Digital Holdings, Inc. has engaged Kirkland & Ellis LLP ("K&E") as general chapter 11 counsel to the Debtors, including the Company.  The services rendered and functions performed by the Firm will not be duplicative of work performed by K&E or any other law firm retained by the Company.

Please review the Terms of Engagement (which immediately follow the signature page), with the assistance of independent counsel if you wish, and let me know if you have any questions about them.  If all the terms are satisfactory, please indicate your consent by signing this letter and returning it to me.  However, your continuing instructions in this matter will amount to your acceptance of the terms of this letter, including the Terms of Engagement (collectively, the "Terms").  All parties to this agreement agree that a digital signature shall be effective to prove each party's agreement to the Terms.  Furthermore, the parties agree that the Terms may be proven

# Katten

Matthew Ray
Dated as of November 11, 2022
Page 3

through an electronic copy in digital format, and that no "original" hard-copy document need be retained to prove the Terms.

A schedule of the Firm's standard hourly rates is attached as <u>Exhibit A</u>.  The Firm's disbursements that are billed on a per-unit basis are attached as <u>Exhibit B</u>.  The Firm's wiring instructions are attached as <u>Exhibit C</u>, and the Firm's W-9 Taxpayer Certification is attached as <u>Exhibit D</u>.

Thank you for allowing us the privilege of this representation.  We value and appreciate the trust and confidence you have placed in us and we assure you we will do our best to see that your expectations are satisfied.

My best.

Sincerely,

*/s/ Steven J. Reisman*

Steven J. Reisman

w/attachments

cc:     Joshua A. Sussberg, P.C. (w/attachments, via email: joshua.sussberg@kirkland.com)
        Christine A. Okike, P.C. (w/attachments, via email: christine.okike@kirkland.com)
               (Kirkland & Ellis LLP)
        Shaya Rochester, Esq. (w/attachments, via email: srochester@katten.com)
               (Katten Muchin Rosenman LLP)

**Katten**

Matthew Ray
Dated as of November 11, 2022
Page 4


This letter and the Terms of Engagement are agreed to:

**MATTHEW RAY**
**INDEPENDENT DIRECTOR OF**
**VOYAGER DIGITAL LTD.**


By: _____
Name:  Matthew Ray
Title:    Independent Director
            Dated as of November 11, 2022

# Katten

Matthew Ray
Dated as of November 11, 2022
Page 5


Acknowledged and agreed to:

**VOYAGER DIGITAL LTD, a Canadian Limited Company**


By: _____

Name: David Brosgol

Title: General Counsel

Dated as of November 9, 2022

**KATTEN MUCHIN ROSENMAN LLP**
**TERMS OF ENGAGEMENT**

The information below describes the terms that apply to the legal services provided for you by Katten Muchin Rosenman LLP (the "Firm"). We encourage you to discuss any of these Terms with us at any time. If modifications to the Terms are needed, you should discuss that with us so that agreement on changes can be reached and reduced to writing. All references to "you" or "your" means only the client or clients identified in our engagement letter. **Individuals or entities that are related to or affiliated with you, such as partners, officers, directors, stockholders, parent companies, related companies, or family members, are not clients, unless we otherwise agree in writing.**

**I.     Scope of Representation.**  The scope of the work we will do for you is limited to the description stated in our engagement letter. Any changes or additions to the scope of our work, which we would be pleased to consider, must be agreed to and memorialized by letter or email. Unless that description states otherwise, **our engagement does not include responsibility for:** (1) review of your insurance policies to determine the possibility of coverage for our fees and costs or for the claim asserted against you, (2) notification of your insurance carriers about a matter, (3) advice to you about your disclosure obligations concerning a matter under the federal securities laws or any other applicable law, or (4) advice to you about tax issues that relate to a matter. If we agree to represent you in additional matters, we will do so in writing by letter or email, and the Terms of our engagement will remain the same for these additional matters unless changed by agreement in writing.

Additionally, if in response to your request or by requirement of lawful process we: testify; gather and/or produce documents; respond to document hold or production requests; or respond to any other requests in connection with possible, threatened or actual proceedings commenced by third parties that relate to our representation of you, you agree to pay us our reasonable fees and costs incurred.

**II.     Staffing.**  Steven J. Reisman will have the primary responsibility for our relationship. We assign additional lawyers and other personnel when needed based upon the type of work and the appropriate experience level required.

**III.     Client Responsibilities.**  You agree to use best efforts to provide us with all information that we believe is necessary or appropriate to fulfill our professional responsibilities in this matter and to cooperate with us in matters such as fact investigation, preparation of pleadings, discovery responses, settlement conferences, etc. You will designate one or more persons to give us instructions and authority to receive our requests and inquiries. You further agree that without our express written consent, you will not use our name or the fact of your engagement of us in any form of advertising or solicitation of business.

**IV.     Financial Arrangements.**

     A.     Fees and Expenses.  Our fees are based primarily upon the hourly rates of our lawyers and other personnel in effect when the services are performed. These rates change periodically based upon economic factors and the experience level of our personnel. We

are affiliated with Katten Muchin Rosenman UK LLP of London, England, and if we obtain advice or services on your behalf from that firm, we will include their time and expenses on our bill.

Expenses include items such as consultants, experts, filing fees, court reporting fees, travel costs, overnight or other special mail services, messenger services, photocopies, long distance telephone, outgoing faxes, research service charges (e.g., LEXIS), secretarial and other staff overtime charges (when required to meet the needs of the matter), and other special services such as document imaging. Certain of these charges are adjusted to include administrative and overhead expenses incurred by the Firm to provide the billed service. With respect to costs incurred and payable to third parties, such as court reporters or experts, it is our usual policy to forward those bills to you for payment directly to the third party, and you agree to pay those fees directly to the provider. As an accommodation to you, however, we may advance those costs on your behalf and include them in our monthly bills. Some large disbursements may be forwarded to you for direct payment. Some charges may not be in the system at the time of monthly billing and will appear on a later bill.

B.    Fee Deposits.  Intentionally omitted.

C.    Billing and Payment.  We generally forward our statements monthly; however, we may request payment more frequently, such as on a weekly or bi-weekly basis. The statements will include a brief description of the work performed, the date the work was performed, the time required to do the work, and the expenses incurred. Payment is due within 20 days of mailing of our invoice. We reserve the right to terminate our representation of clients who do not pay promptly. We do not and cannot guarantee the outcome of any matter, and payment of our fees and disbursements is not conditioned on any particular outcome.

**V.    Electronic Communication.**    The use of email can be an efficient means of communication, and we use it often in communicating with clients. Some clients also use instant messaging as a means of communication. However, these electronic communications can be delayed or blocked (for example, by anti-spam software) or otherwise not transmitted. You must not assume that an email or instant message sent to us was actually opened and read by us unless you receive a non-automated reply message indicating that we have read your message.

**VI.    Responses to Auditors' Inquiries.**    We are frequently asked to provide information to auditing firms regarding client legal matters and we respond to those inquiries with the same level of care and professionalism used to handle the client's other legal work. We will accordingly charge for those services at the same rates. When you make a written request that we provide information to an auditing firm, we will deem your request to be your consent for us to disclose the requested information on your behalf. Additionally, when an auditing firm makes a written request for information on your behalf, that request will be deemed to be your consent for us to disclose that information to the auditing firm.

**VII.    Conflicts of Interest Issues.**    As you know, we are a large general services law firm with many clients and with offices located in Charlotte, North Carolina; Chicago, Illinois; Dallas,

Texas; Los Angeles, California (Century City and Downtown); New York, New York; Orange County, California; Washington D.C.; and Shanghai, China, and we have an affiliate in London, England.  It is possible that, during the course of our engagement, an existing or future client may seek to hire the Firm in connection with an actual or potential transaction or pending or potential litigation or other dispute resolution proceeding in which such other client's interests are or potentially may become adverse to your interests.

Because the duty of loyalty would otherwise prevent the Firm from being adverse to a current client, rules of professional conduct prevent the Firm from accepting such engagements during the Firm's representation of you absent informed consent by you and the waiver of the duty of loyalty.  Notwithstanding any affirmative consent and waiver, the Firm will not undertake any such representation unless we first reasonably determine that we will be able to provide competent and diligent representation to both of the affected clients. We also will continue to maintain the confidentiality of the confidential information you provide to us in the course of the Firm's engagement by you, and will not use such information for any purpose except for the benefit of, and on behalf of, you without your written consent.

Potential adverse consequences may result from the Firm's representing parties that are adverse to you.  These may include a perception that the Firm's loyalty and independence of judgment with respect to you are impaired.  Also, the Firm's representation of parties adverse to you may come at a time when it would harm your interests to terminate the services of the Firm, or after expenditures of fees and costs to the Firm that might need to be replicated by new counsel.  The Firm encourages you to have this conflicts waiver reviewed by independent counsel acting on your behalf before agreeing to these Terms of Engagement.

Further, in the course of our representation of you, it may be necessary for our lawyers to analyze or address their professional duties or responsibilities or those of the Firm, and to consult with the Firm's General Counsel, Deputy General Counsel, Conflicts Counsel, or other lawyers in doing so.  To the extent we are addressing our duties, obligations or responsibilities to you in those consultations, it is possible that a conflict of interest might be deemed to exist as between our Firm and you.  As a condition of this engagement, you waive any conflict of interest that might be deemed to arise out of any such consultations.  You further agree that these consultations are protected from disclosure by the Firm's attorney-client privilege.  Nothing in the foregoing shall diminish or otherwise affect our obligation to keep you informed of material developments in your representation, including any conclusions arising out of such consultations to the extent that they affect your interests.

**VIII.** **Arbitration of Disputes.**  At the prior request of the United States Trustee in other cases, this paragraph has been removed.

**IX.** **Conclusion of Representation.**  Our representation of you will terminate when we send you our final statement for services rendered in this matter.  We may also terminate our representation for any reason consistent with rules of professional responsibility, including conflicts of interest or your failure to pay our fees and expenses.  Our representation may also be terminated upon your request.  Following termination, any nonpublic information you have supplied to us which is retained by us will be kept confidential in accordance with applicable rules of professional responsibility.  Once our representation is concluded, we will not be obligated to

take any steps such as keeping track of deadlines, filing papers, pursuing appeals, or monitoring or advising you about changes in the law or circumstances that might bear upon the concluded matter.

**X.**    **Disposition of Client Files.**    Upon conclusion of your representation, we may return to you your original papers, documents and/or other property that you provided to the Firm during our engagement. You agree to accept the return of such documents and/or property.  If you so request, we will also provide to you, at your expense, copies or originals of your complete file.  We reserve the right to make, at our expense, copies of all documents generated or received by us in the course of our representation of you.  The Firm will not provide copies or originals of the Firm Administrative or Matter Administration files pertaining to the matter, which will be retained by the Firm.  All such documents retained by the Firm, including client files (including any original documents and/or property that we attempted unsuccessfully to return to you) and Firm Administrative or Matter Administration files, will be transferred to the person responsible for administering our records retention program.  For various reasons, including the minimization of unnecessary storage expenses, we reserve the right to destroy or otherwise dispose of any documents or other materials retained by us within a reasonable time, but not less than seven (7) years after the matter is closed.  We will not destroy, discard or otherwise dispose of any such documents without first providing you with thirty (30) days' prior written notice.

## EXHIBIT A

### RATES

| PROFESSIONALS | STANDARD RANGE |
|---|---|
| Partner | $835 - $1,795 |
| Associate | $300 - $935 |
| Counsel and Special Staff | $460 - $1,230 |
| Of Counsel | $735 - $1,440 |
| Paralegal | $90 - $650 |

## EXHIBIT B

## PER UNIT EXPENSES

| DESCRIPTION | COST PER PAGE |
|---|---|
| Fax | $1.60 |
| Photocopy Costs | $  .20 |
| Photocopy – Wide Format | $1.00 |
| Color Printing / Copies | $  .25 |

**Exhibit B**

**Reisman Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF STEVEN J. REISMAN IN SUPPORT
OF THE APPLICATION OF DEBTOR VOYAGER DIGITAL LTD. FOR ENTRY OF
AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF KATTEN
MUCHIN ROSENMAN LLP AS SPECIAL COUNSEL FOR DEBTOR VOYAGER
DIGITAL LTD., ON BEHALF OF AND AT THE SOLE DIRECTION OF THE
INDEPENDENT DIRECTOR, EFFECTIVE AS OF NOVEMBER 11, 2022**

I, Steven J. Reisman, being duly sworn, state the following under penalty of perjury:

1.      I am a partner of the law firm of Katten Muchin Rosenman LLP, located at 50

Rockefeller Plaza, New York, NY 10020, ("Katten").[2]  I am one of the lead attorneys from Katten

working on the above-captioned chapter 11 cases.  I am a member in good standing of the Bar of

the State of New York, and I have been admitted to practice in the Southern District of New York.

There are no disciplinary proceedings pending against me.

2.      I submit this declaration (the "Declaration") in support of TopCo's *Application of*

*Debtor Voyager Digital Ltd. for Entry of an Order Authorizing the Retention and Employment of*

*Katten Muchin Rosenman LLP as Special Counsel for Debtor Voyager Digital Ltd., on Behalf of*

*and at the Sole Direction of the Independent Director, Effective as of November 11, 2022*

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]     Capitalized terms used but not otherwise defined herein shall have the meaning as set forth in the Application.

(the "Application").[3]  Except as otherwise noted, I have personal knowledge of the matters set forth herein.

### Katten's Qualifications

4.      TopCo seeks to retain Katten on behalf of and at the sole direction of the Independent Director, because of Katten's recognized expertise and extensive experience in, among other areas, financial restructuring, litigation, corporate governance, corporate finance, and independent investigations in the context of chapter 11 cases.

5.      Katten has significant experience representing and advising the spectrum of constituents in chapter 11 cases, including debtors, committees, secured and unsecured creditors, independent or disinterested directors, special committees, shareholders, and others, and providing advice with respect to fiduciary duties in connection with chapter 11 cases.

6.      Katten has been actively involved in major chapter 11 cases and has served as lead debtor counsel in many cases, including: *In re CraftWorks Parent, LLC*, No. 20-10475 (BLS) (Bankr. D. Del. Apr. 11, 2020); *In re Sizmek, Inc.*, No. 19-10971 (SMB) (Bankr. S.D.N.Y. Apr. 23, 2019); *In re J&M Stores, Inc.*, No. 18-11901 (LSS) (Bankr. D. Del., Aug. 27, 2018); and *In re Vitamin World, Inc.*, No 17-11933 (KJC) (Bankr. D. Del., Oct. 18, 2017).

7.      In addition, the attorneys at Katten have extensive experience representing independent or disinterested directors in numerous chapter 11 cases, including, among others:  *In re GWG Holdings, Inc.*, No. 22-90032 (MI) (Bankr. S.D. Tex. Aug. 23, 2022); *In re Nordic Aviation Capital Designated Activity Co.*, No. 21-33693 (KRH) (Bankr. E.D. Va. Feb. 28, 2022); *In re Alex and Ani, LLC*, No. 21-10918 (CTG) (Bankr. D. Del. July 15, 2021); *In re Seadrill Ltd.*, No. 21-30427 (DRJ) (Bankr. S.D. Tex. June 9, 2021); *In re Gulfport*, No. 20-35562 (DRJ) (Bankr.

---

3     Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

S.D. Tex. Jan. 14, 2021); *In re Mallinckrodt PLC*, No. 20-12522 (JTD) (Bankr. D. Del. Nov. 19, 2020); *In re Le Tote, Inc.*, No. 20-33332 (KLP) (Bankr. E.D. Va. Aug. 2, 2020); *In re Sable Permian Resources, LLC*, No. 20-33193 (MI) (Bankr. S.D. Tex. July 15, 2020); *In re Neiman Marcus Group LTD LLC*, No. 20-32519 (DRJ) (Bankr. S.D. Tex. July 8, 2020); *In re J.C. Penney Co., Inc.*, No. 20-20182 (DRJ) (Bankr. S.D. Tex. July 2, 2020); *In re Intelsat S.A.*, No. 20-32299 (KLP) (Bankr. E.D. Va. July 1, 2020); *In re Sheridan Holding Company I, LLC*, No. 20-31884 (DRJ) (Bankr. N.D. Tex. Apr. 24, 2020); *In re Anna Holdings, Inc.*, No. 19-12551 (Bankr. D. Del. Jan. 7, 2020); *In re Toys "R" Us, Inc.*, No. 17-34665 (KLP) (Bankr. E.D. Va. May 24, 2018); and *In re PES Holdings, LLC*, No. 18-10122 (KG) (Bankr. D. Del. May 14, 2018). Moreover, the attorneys at Katten have broad experience acting as conflicts counsel to debtors in large chapter 11 cases, including in *In re Barneys New York, Inc.*, No. 19-36300 (CGM) (Bankr. S.D.N.Y. Sept. 19, 2019) and *In re Windstream Holdings, Inc.*, No. 19-22312 (RDD) (Bankr. S.D.N.Y. Apr. 22, 2019). While at a prior firm, certain of the attorneys at Katten working on this engagement represented debtors as conflicts counsel in numerous cases, including, among others: *In re Breitburn Energy Partners LP*, No. 16-11390 (SMB) (Bankr. S.D.N.Y. June 15, 2016); *In re Fairway Grp. Holdings Corp.*, No. 16-11241 (MEW) (Bankr. S.D.N.Y. June 1, 2016); *In re Genco Shipping & Trading Limited*, No. 14-11108 (SHL) (Bankr. S.D.N.Y. May 16, 2014); *In re American Roads LLC*, No. 13-12412 (BRL) (Bankr. S.D.N.Y. Aug. 21, 2013); *In re Residential Capital, LLC*, No. 12-12020 (MG) (Bankr. S.D.N.Y. July 16, 2012); and *In re Lehman Brothers Holdings Inc.*, No. 08-13555 (JMP) (Bankr. S.D.N.Y. Nov. 21, 2008).

8.      I believe that Katten is both well-qualified and uniquely able to serve the needs of the Independent Director in these chapter 11 cases in an efficient and cost-effective manner.

**Services to Be Provided**

9.      Subject to further order of the Court and that certain engagement letter dated as of November 11, 2022 (the "Engagement Letter"), a copy of which is attached as **Exhibit 1** to **Exhibit A** to the Application, TopCo retained Katten to render legal services to the Independent Director of TopCo, in his capacity as such, in connection with these chapter 11 cases, including investigating certain transactions between TopCo and its Debtor subsidiaries (the "Intercompany Transactions").

**Professional Compensation**

10.      Katten intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.  The hourly rates and corresponding rate structure Katten will use in these chapter 11 cases are the same as the hourly rates and corresponding rate structure that Katten uses in other debtor representations, and are comparable to the hourly rates and corresponding rate structure that Katten uses for complex corporate, securities, and litigation matters whether in court or otherwise, regardless of whether a fee application is required.  These rates and the rate structure reflect that such restructuring and other complex matters typically are national in scope and involve great complexity, high stakes, and severe time pressures.

11.      Katten operates in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance, and reputation, the nature of the work involved, and other factors.

4

12.   Katten's current hourly rates for matters related to these chapter 11 cases range as follows:[4]

| Billing Category[5] | U.S. Range |
|---|---|
| Partners | $835 - $1,795 |
| Associates | $300 - $935 |
| Counsel and Special Staff | $460 - $1,230 |
| Of Counsel | $735 - $1,440 |
| Paralegal | $90 - $650 |

13.   Katten's hourly rates are set at a level designed to compensate Katten fairly for the work of its attorneys and paralegals and to cover fixed and routine expenses.  Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions.[6]

14.   It is Katten's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been

---

[4]   For professionals and paraprofessionals residing outside of the U.S., hourly rates are billed in the applicable currency.  When billing a U.S. entity, such foreign rates are converted into U.S. dollars at the then applicable conversion rate.  After converting these foreign rates into U.S. dollars, it is possible that certain rates may exceed the billing rates listed in the chart herein.

[5]   Although Katten does not anticipate using contract attorneys during these chapter 11 cases, in the unlikely event that it becomes necessary to use contract attorneys, Katten will not charge a markup to TopCo with respect to fees billed by such attorneys.  Moreover, any contract attorneys or non-attorneys who are employed by TopCo in connection with work performed by Katten will be subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code. While the rate ranges provided for in this Application may change if an individual leaves or joins Katten, and if any such individual's billing rate falls outside the ranges disclosed above, Katten does not intend to update the ranges for such circumstances.

[6]   For example, like many of its peer law firms, Katten typically increases the hourly billing rate of attorneys and paraprofessionals once a year in the form of: (i) step increases historically awarded in the ordinary course on the basis of advancing seniority and promotion and (ii) periodic increases within each attorney's and paraprofessional's current level of seniority. The step increases do not constitute "rate increases" (as the term is used in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013).  As set forth in the Order, Katten will provide ten business days' notice to TopCo, the U.S. Trustee, and the Committee before implementing any periodic increases, and shall file such notice with the Court.

incurred except for representation of that particular client.  It is also Katten's policy to charge its clients only the amount actually incurred by Katten in connection with such items.  Examples of such expenses include postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying, airfare, meals, and lodging.

15.    To ensure compliance with all applicable deadlines in these chapter 11 cases, Katten utilizes the services of overtime secretaries.  Katten charges fees for these services pursuant to the Engagement Letter between Katten and TopCo, which permits Katten to bill TopCo for overtime secretarial charges that arise out of business necessity.  In addition, Katten professionals also may charge their overtime meals and overtime transportation to TopCo consistent with prepetition practices.

16.    Katten currently charges its clients $0.20 per page for standard black and white duplication and $0.25 per page for color duplication.  Notwithstanding the foregoing and consistent with the Local Rules, Katten will charge no more than $0.10 per page for standard duplication services in these chapter 11 cases.  Katten does not charge its clients for incoming facsimile transmissions.  Katten has negotiated a discounted rate for Westlaw computer assisted legal research.  Computer-assisted legal research is used whenever the researcher determines that it is more cost effective than using other (non-computer assisted legal research) techniques.

### Compensation Received by Katten from TopCo

17.    As of the Petition Date, TopCo had not paid any fees or any advance payment retainer to Katten.

18.    Pursuant to Bankruptcy Rule 2016(b), Katten has not shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, associates, and contract attorneys associated with Katten or (b) any compensation another person or party has received or may receive.

6

19.    As of the Petition Date, TopCo did not owe Katten any amounts for legal services rendered before the Petition Date.

### Statement Regarding U.S. Trustee Guidelines

20.    Katten shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with TopCo's chapter 11 case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.  Katten also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective As of November 1, 2013* (the "Revised UST Guidelines"), both in connection with this Application and the interim and final fee applications to be filed by Katten in these chapter 11 cases.

### Attorney Statement Pursuant to Revised UST Guidelines

21.    The following is provided in response to the request for additional information set forth in Paragraph D.1. of the Revised UST Guidelines:

a.    **Question**: Did Katten agree to any variations from, or alternatives to, Katten's standard billing arrangements for this engagement?

**Answer**: No. Katten and TopCo have not agreed to any variations from, or alternatives to, Katten's standard billing arrangements for this engagement. The rate structure provided by Katten is appropriate and is not significantly different from (a) the rates that Katten charges for other non-bankruptcy representations or (b) the rates of other comparably skilled professionals.

b.    **Question**: Do any of the Katten professionals in this engagement vary their rate based on the geographic location of TopCo's chapter 11 case?

**Answer**: No. The hourly rates used by Katten in representing TopCo is consistent with the rates that Katten charges other comparable chapter 11 clients, regardless of the location of the chapter 11 case.

7

c.  **Question**: If Katten has represented TopCo in the 12 months prepetition,
disclose Katten's billing rates and material financial terms for the prepetition
engagement, including any adjustments during the 12 months prepetition. If
Katten's billing rates and material financial terms have changed postpetition,
explain the difference and the reasons for the difference.

**Answer**: Katten did not represent TopCo in the twelve-month period prior to
the Petition Date.

d.  **Question**: Has TopCo approved Katten's budget and staffing plan, and, if so,
for what budget period?

**Answer**: Yes, for the period from November 11, 2022 through May 11, 2023.

### Katten's Disinterestedness

22.    Katten has a large and diversified legal practice that encompasses the representation

of, and representations adverse to, select individuals, funds, institutions, partnerships, limited

liability companies, and corporations, some of which are or may consider themselves to be (or in

the case of committees, the members may consider themselves to be) creditors or parties-in-interest

in the chapter 11 cases, or otherwise to have interests in these chapter 11 cases

23.    In preparing this Declaration, I used a set of procedures developed by Katten to

comply with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules,

and any other applicable procedures and orders of the Court regarding the retention of

professionals by estate fiduciaries under the Bankruptcy Code (the "Katten Disclosure

Procedures").    Pursuant to the Katten Disclosure Procedures, I performed, or caused to be

performed, the following actions to identify the parties relevant to this Declaration and to ascertain

Katten's connection to such parties:

(a)    Katten has conducted, and continues to conduct, research into its connections with
the Debtors, its creditors, and other parties in interest in these chapter 11 cases. As
part of this inquiry, Kirkland, the Debtors' primary counsel in connection with these
chapter 11 cases, provided Katten with a list of names of individuals and entities
that may be parties in interest in these chapter 11 cases (the "Potential Party List"
and such parties, the "Potential Parties in Interest") annexed hereto as **Schedule 1**.

8

The Potential Party List includes: (a) Current and Former Affiliates; (b) Current and Former Directors and Officers; (c) Significant Equityholder; (d) Bankruptcy Professionals; (e) Banks / Lenders / Administrative Agents; (f) Contract Parties; (g) Customers; (h) Insurance; (i) Landlords; (j) Litigation; (k) Ordinary Course Professionals; (l) Potential M&A Transaction Counterparties; (m) Taxing Authorities / Government / Regulatory Agencies; (n) Top 50 Unsecured Creditors; (o) U.S. Trustee Personnel, Judges; and Court Contacts for the Southern District of New York; (p) Utilities; and (q) Vendors.

(b)    Katten maintains a database containing the name of each current and former client, the name of the parties who are or were related or adverse to such current or former client, and the names of the Katten personnel who are or were responsible for current or former matters for such client for the last ten years (the "Database"). Katten maintains the Database to include additional entities that become related to current and former clients.

(c)    Katten compared, and is continuing to compare, the names included in the Potential Party List to the names in the Database to identify any matches, determine whether such matches are current or former clients, and identify the Katten personnel responsible for such matters (the "Client Match List").

(d)    Using information in the Database and by making specific inquiries of Katten personnel, an attorney working under my supervision and I verified that, except as disclosed herein, Katten does not represent any entity on the Client Match List in connection with these chapter 11 Cases or in any matter related to the Debtors. An attorney under my supervision and I then reviewed the Client Match List and deleted obvious name coincidences. The remaining client connections were compiled for purposes of preparing this Declaration. In particular, to the best of my knowledge, information, and belief, Katten has represented or currently represents the entities identified on the schedule annexed hereto as **Schedule 2** in matters unrelated to these Chapter 11 Cases or to the Debtors, except as disclosed herein.

(e)    Certain Katten attorneys represented Potential Parties in Interest in matters unrelated to these Chapter 11 Cases, except as disclosed herein. Katten has employed screening procedures and such attorneys (the "Screened Katten Attorneys") will not perform work in connection with Katten's representation of the Independent Director and will not have access to confidential information related to the representation. Katten's formal ethical screen provides sufficient safeguards and procedures to prevent imputation of conflicts by isolating the Screened Katten Attorneys and protecting confidential information. Under Katten's screening procedures, the following occurs when a wall is established: (1) notice goes out to the Screened Katten Attorneys informing them that they cannot work on, access, bill time, or discuss with anyone the matters from which they are walled; (2) notice goes out to all Katten personnel stating that the Screened Katten Attorneys are walled from the specific matters and that personnel must not assign

any work to, share any records with or discuss any aspect, either verbally or via electronic means, with the Screened Katten Attorneys; (3) restricted stickers are being used to flag physical files belonging to each matter, further notifying all personnel of the wall in place; (4) the Screened Katten Attorneys are unable to access physical files in the records management system relating to the matters from which they are walled; (5) the Screened Katten Attorneys are unable to enter time on the matters from which they are walled; (6) the Screened Katten Attorneys are unable to access electronic documents in the document management libraries from which they are walled; (7) the Screened Katten Attorneys are unable to view details in the billing system on matters from which they are walled; and (8) the Screened Katten Attorneys are unable to access litigation support data on the network file shares relating to the matters from which they are walled.

24.    As a matter of retention and disclosure policy, I will continue to apply the Katten Disclosure Procedures as additional information concerning entities having a connection to the Debtors is developed and will file appropriate supplemental disclosures with this Court, if warranted.

## **Katten's Connections with Potential Parties in Interest**

25.    To the best of my knowledge, information, and belief, neither Katten, nor any of its partners, counsel, or associates, has any connection to the Potential Parties in Interest except as described in this Declaration and the attached **Schedule 2**.  Out of an abundance of caution, I am disclosing certain representations, which are not, to my understanding, disqualifying or problematic under either sections 327(a) or section 327(c) of the Bankruptcy Code or applicable standards of professional ethics:

(a)    Katten currently represents a trade creditor of TopCo that has a prepetition claim for less than $75,000. The Katten professionals working on that matter are Screened Katten Attorneys and are subject to the screening procedures described herein.

(b)    Katten previously represented an entity in connection with a potential financing transaction regarding certain assets of Voyager Digital Holdings, Inc.

26.    For the avoidance of doubt, Katten will not commence a cause of action in these chapter 11 cases against the entities identified herein or in **Schedule 2** that are current clients of

Katten unless Katten has an applicable waiver from such entity allowing Katten to commence such an action. To the extent that a waiver does not exist or is not obtained from such client and it is necessary for TopCo, at the direction of the Independent Director, to commence an action against that client, TopCo will be represented in such particular matter by conflicts counsel.

27.    From time to time, certain debt holders of TopCo may be represented by Katten in connection with trading activity involving outstanding debt of TopCo. To the extent Katten becomes aware of such representation through the Katten Disclosure Procedures, the Katten attorneys representing these debt holders would be Screened Katten Attorneys and would not perform work relating to Katten's representation of the Independent Director.

28.    From time to time, Katten has referred work to other professionals retained or that may be retained in these chapter 11 cases. Likewise, certain such professionals have referred work to Katten.

29.    Certain insurance companies pay the legal bills of Katten clients. Some of these insurance companies may be involved in these chapter 11 cases. None of these insurance companies, however, are Katten clients as a result of the fact that they pay legal fees on behalf of Katten clients.

30.    It is possible that certain Katten attorneys or employees hold interests in mutual funds or other investment vehicles that may own interests in the Debtors.

31.    None of the entities listed on **<u>Schedule 2</u>** represented more than 2% of Katten's fee receipts for the Firm's current fiscal year.

32.    Despite the efforts described above to identify and disclose Katten's connections with Potential Parties in Interest, because Katten is an international firm with hundreds of attorneys in several offices worldwide, and because the Debtors consist of corporate enterprises with

numerous creditors and other relationships, I am unable to state with absolute certainty that every client representation or other connection has been disclosed.

33.     Katten will review its Database periodically during the course of its engagement in these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, Katten will use reasonable efforts to identify such further developments and will file promptly a supplemental declaration, as required by Bankruptcy Rule 2014(a).

34.     By reason of the foregoing, I believe Katten is eligible for employment and retention by TopCo on behalf of and at the sole direction of the Independent Director pursuant to sections 327(a) and 330 of the Bankruptcy Code and the applicable Bankruptcy Rules and Local Rules.

35.     Except as provided herein, to the best of my knowledge, information, and belief formed after reasonable inquiry:  (a) Katten has no connection with the Debtors, their affiliates, their creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee, any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the Southern District of New York, or any other entity with an actual or potential interest in the chapter 11 cases or their respective attorneys or accountants; (b) Katten is not a creditor, equity security holder, or insider of the Debtors; (c) none of Katten's attorneys is or were, within two years of the Petition Date, a director, officer, or employee of the Debtors; and (d) Katten neither holds nor represents an interest materially adverse to the Debtors or their estates by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, or for any other reason.

36.     Accordingly, to the best of my knowledge, (a) Katten is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, and does not hold or represent an

interest adverse to the Debtors' estates, and (b) Katten has no connection to the Debtors, their creditors, or other parties in interest, except as disclosed herein.

[*Remainder of page intentionally left blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  December 1, 2022                                    Respectfully submitted,

                                                           /s/ Steven J. Reisman
                                                           Steven J. Reisman
                                                           Partner
                                                           Katten Muchin Rosenman LLP

## Schedule 1

The following lists contain the names of reviewed entities as described more fully in the *Declaration of Steven J. Reisman in Support of the Application of Debtor Voyager Digital Ltd. for Entry of an Order Authorizing the Retention and Employment of Katten Muchin Rosenman LLP as Special Counsel to Debtor Voyager Digital Ltd. on Behalf of and at the Sole Direction of the Independent Director, Effective as of November 11, 2022* (the "Reisman Declaration").[1]  Where the names of the entities reviewed are incomplete or ambiguous, the scope of the search was intentionally broad and inclusive, and Katten Muchin Rosenman LLP reviewed each entity in its records, as more fully described in the Reisman Declaration, matching the incomplete or ambiguous name.

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Reisman Declaration.

**Schedule 1**

**List of Schedules**

| <u>Schedule</u> | <u>Category</u> |
|---|---|
| 1(a) | Current and Former Affiliates |
| 1(b) | Current and Former Directors and Officers |
| 1(c) | Significant Equityholder |
| 1(d) | Bankruptcy Professionals |
| 1(e) | Banks / Lenders / Administrative Agents |
| 1(f) | Contract Parties |
| 1(g) | Customers |
| 1(h) | Insurance |
| 1(i) | Landlords |
| 1(j) | Litigation |
| 1(k) | Ordinary Course Professionals |
| 1(l) | Potential M&A Transaction Counterparties |
| 1(m) | Taxing Authorities / Government / Regulatory Agencies |
| 1(n) | Top 50 Unsecured Creditors |
| 1(o) | U.S. Trustee Personnel, Judges, and Court Contacts for the Southern District of New York |
| 1(p) | Utilities |
| 1(q) | Vendors |

**Schedule 1(a)**

<u>Current and Former Affiliates</u>

Coinify Financial Services ApS
Coinify Global Solutions Inc.
Coinify Ltd.
Coinify Payments OU
Coinify Technologies ApS
HTC Trading Inc.
LGO SAS
Voyager Digital Brokerage Canada Ltd.
Voyager Digital Brokerage Ltd.
Voyager Digital Holdings Inc.
Voyager Digital LLC
Voyager Digital Ltd.
Voyager Digital NY LLC
Voyager Europe
Voyager European Holdings ApS
Voyager IP LLC
VYGR Holdings LLC
VYGR Management LLC

## Schedule 1(b)

Current and Former Directors and Officers

Ackart, Jennifer
Barrilleaux, Janice
Bateman, Lewis
Brooks, Brian
Brosgol, David
Costantino, Daniel
Dreuzy, Gaspard Aupepin de Lamothe
Egert, Mark
Ehrlich, Stephen
Elliott, Guy
Eytan, Philip
Frizzley, Jill
Gidwani, Rakesh
Hanshe, Gerard
Hugo, Victor
Jensen, Marshall
Keslassy, Jordana
Kramer, Pam
Kreiker, Serge
Ladhani, Akbar
Lavine, Shingo
Legg, Michael
Lightfoot, Jeffrey B.
Lilien, Jarrett
Pohl, Tim
Prithipaul, Ashwin
Psaropoulos, Evan
Ray, Matthew
Reynolds, Brandi
Stevens, Glenn
Toth, Krisztian
Vogel, Scott
Walmesley, Erin

**Schedule 1(c)**

<u>Significant Equityholder</u>

Alameda Research Ventures LLC

**Schedule 1(d)**

<u>Bankruptcy Professionals</u>

Berkeley Research Group LLC
Deloitte & Touche LLP
Fasken Martineau DuMoulin LLP
Grant Thornton LLP
Moelis & Co.
Quinn Emanuel Urquhart & Sullivan LLP
Stretto
Valuation Research Corp.

**Schedule 1(e)**

<u>Banks / Lenders / Administrative Agents</u>

Alameda Research Ltd.
Alameda Ventures Ltd
Anchorage Digital Bank NA
Anchorage Lending CA LLC
Bank of Montreal
BitGo Prime LLC
BMO
Galaxy Digital LLC
Genesis Global Capital LLC
Metropolitan Commercial Bank
Signature Bank
Silvergate Bank
Tesseract Group Oy
Three Arrows Capital Ltd.

**Schedule 1(f)**

<u>Contract Parties</u>

Amazon.com Inc.
Celsius Network Ltd.
Chainalysis Inc.
Copper Technologies (UK) Ltd.
Cumberland DRW LLC
Dallas Basketball Ltd.
Dinwiddie Corp., The
DV Chain LLC
FiCentive Inc.
Fireblocks Inc.
Fireblocks Ltd.
Gronk Endorsements LLC
JSCT LLC
Landon Cassill Inc.
Ledger Technologies Inc.
Tai Mo Shan Ltd.
Talos Trading Inc.
ThoughtWorks Inc.
Usio Inc.
Wintermute Trading Ltd.

**Schedule 1(g)**

<u>Customers</u>

[REDACTED]

**Schedule 1(h)**

<u>Insurance</u>

CAC Specialty Co.
FirstBrook Cassie & Anderson Ltd.
Great Midwestern Insurance Co.
Hartford Fire Insurance Co.
Hartford Underwriters Insurance Co.
Lloyd's of London Syndicate
MJD3 Associates LLC
Relm Insurance Ltd.
XL Specialty Insurance Co.

**Schedule 1(i)**

<u>Landlords</u>

Regus
WeWork, Inc.

**Schedule 1(j)**

<u>Litigation</u>

Alabama, State of, Securities Commission
Berk, Jordan
California, State of, Business, Consumer Services & Housing Agency, Department of Financial
        Protection & Innovation
Cassidy, Mark
Indiana, State of, Securities Division
Kentucky, Commonwealth of, Department of Financial Institutions
New Jersey, State of, Bureau of Securities
Oklahoma, State of, Department of Securities
South Carolina, State of, Securities Commissioner
Texas, State of, Securities Board
US Bank NA
Vermont, State of, Department of Financial Regulation
Washington, State of, Department of Financial Institutions, Securities Division

**Schedule 1(k)**

<u>Ordinary Course Professionals</u>

Berger Singerman LLP
Conyers Dill & Pearman LLP
Day Pitney LLP
Frankfurt Kurnit Klein & Selz PC
Jackson Lewis PC
Jenner & Block LLP
Kramer Levin Naftalis & Frankel LLP
Lowenstein Sandler LLP
Mintz & Gold LLP
Paul Hastings LLP
Seyfarth Shaw LLP
Troutman Pepper Hamilton Sanders LLP
Walkers Corporate Ltd.

**Schedule 1(l)**

<u>Potential M&A Transaction Counterparties</u>

[REDACTED]

**Schedule 1(m)**

<u>Taxing Authorities / Government / Regulatory Agencies</u>

Alabama, State of, Department of Revenue
Alaska, State of, Department of Revenue
Arizona, State of, Department of Revenue
Arkansas, State of, Department of Finance & Administration
California, State of, Franchise Tax Board
Connecticut, State of, Department of Revenue Services
Delaware, State of, Department of Revenue
Florida, State of, Department of Revenue
Georgia, State of, Department of Revenue
Idaho, State of, Tax Commission
Illinois, State of, Department of Revenue
Indiana, State of, Department of Revenue
Iowa, State of, Department of Revenue
Kansas, State of, Department of Revenue
Kentucky, Commonwealth of, Department of Revenue
Louisiana, State of, Department of Revenue
Maine, State of, Department of Revenue Services
Maryland, State of, Comptroller
Michigan, State of, Department of Treasury
Minnesota, State of, Department of Revenue
Mississippi, State of, Department of Revenue
Nebraska, State of, Department of Revenue
New Hampshire, State of, Department of Revenue Administration
New Jersey, State of, Division of Taxation
New Mexico, State of, Department of Tax & Revenue
North Carolina, State of, Department of Revenue
North Dakota, State of, Office of State Tax Commissioner
Oklahoma, State of, Tax Commission
Oregon, State of, Department of Revenue
Pennsylvania, Commonwealth of, Department of Revenue
Rhode Island, State of, Division of Taxation
South Carolina, State of, Department of Revenue
Tennessee, State of, Deparment of Revenue
Texas, State of, Comptroller of Public Accounts
Utah, State of, State Tax Commission
Virgina, Commonwealth of, Department of Taxation
Washington, D.C., Office of Tax & Revenue
West Virginia, State of, Tax Department
Wisconsin, State of, Department of Revenue

**Schedule 1(n)**

Top 50 Unsecured Creditors

[REDACTED]

**Schedule 1(o)**

U.S. Trustee Personnel, Judges, and Court Contacts for the Southern District of New York

Arbeit, Susan
Beckerman, Lisa G.
Bruh, Mark, Esq.
Chapman, Shelley C.
Cornell, Shara
Drain, Robert D.
Garrity, James L., Jr.
Glenn, Martin
Harrington, William K.
Higgins, Benjamin J.
Jones, David S.
Lane, Sean H.
Masumoto, Brian S.
Morris, Cecelia G.
Morrissey, Richard C.
Riffkin, Linda A.
Schwartz, Andrea B.
Schwartzberg, Paul K.
Scott, Shannon
Tiantian, Tara
Velez-Rivera, Andy
Wells, Annie
Wiles, Michael E.
Zipes, Greg M.

**Schedule 1(p)**

<u>Utilities</u>

Phone.com Inc.
Verizon Wireless
WeWork Inc.

**Schedule 1(q)**

<u>Vendors</u>

15Five Inc.
33 Irving Tenant LLC
A&V Sports Group LLC
Accretive Capital
Accura Advokatpartnerselskab
Accurate Staffing Solutions Corp.
Ackart, Jennifer C.
Actimize lnc.
Acxiom LLC
Ada Support Inc.
Adam Atlas, Attorneys at Law
AdColony Inc.
Adobe
Adperio Network LLC
Advokaadibüroo Cobalt OÜ
Aiven
aktiencheck.de AG
A-LIGN
Alps Consulting LLP
Already Design Co.
Alvarez & Marsal Canada Inc.
Amalgamated Suncoast Portfolio LLC
Amazon
Amazon Web Services
Amazon Web Services Inc.
American Airlines
American Arbitration Association Inc.
Amicaz Group LLC
Angry Pug Sportswear LLC
Aon Consulting Inc.
Apple
Apple Inc.
Apple Search Ads
Appsflyer
Arianna Jonae LLC
Arndt, Krista
Arrow Search Partners
Atlassian
Aura Sub LLC
Authentic8 Inc.
Baker & McKenzie LLP
Bank Khanty-Mansiysk
Barefoot LLC

Barkley, Matthew M.
Bateman Capital Inc.
BDA International Ltd.
Beekman Social LLC
Behmer & Blackford LLP
Belk, Chandler
Benabe, Alejandro
Benchmark Co. LLC, The
Berger Singerman LLP
BetterInvesting Inc.
Beutler Enterprises Inc.
Beyond Studios
Big Outdoor Holdings LLC
BitGo Inc.
Bitrise.io
Blackwired (US) Inc.
Blake Cassels & Graydon LLP
Block Crypto Inc., The
Blockchain Association
Blockdaemon Inc.
BlockWorks Advisors LLC
BlockWorks Group LLC
Bloomberg Finance LP
Botero-Uribe, Sergio
BPM LLP
Brent, Karen
BrightEdge Technologies Inc.
Brill Advisors LLC
British Airways
Broadridge Financial Solutions Inc.
Brooks, Brian P.
Brunson, Jalen
Brunson, Jalen M.
BTC Media Ltd.
BTIG LLC
Buddakan
Business Wire Inc.
Cabezas, Jamie
Campbells LLP
Canada Revenue Agency
Capone, Steven Carbone
Carbone NYC
Cassill, Landon

Catamorphic Co.
CC API
CC Data
CCM Advisory LLC
CDS Clearing & Depository Services
CDW LLC
Certified Kernel Tech LLC
Chameleon Collective Consulting LLC
Chang Tsi & Co.
Chorba, Phillip J.
Chord Advisors LLC
Citigate Dewe Rogerson Ltd.
Cloud Posse LLC
Cloudflare Inc.
Cloudinary Ltd.
CNSX Markets Inc.
CNW Group Ltd.
Cockroach Labs Inc.
Coding Lobster
Coinbound Inc.
Colaprico, Danielle
ColorArt
Complex Sports & Entertainment LLC
Computershare Ltd.
Conbere, Anders
Concur Technologies Inc.
Consensus 2022
Constant Plan LLC, The
Conyers Dill & Pearman LLP
CorCom LLC
Corey Thomas Design
Corpay One Inc.
Cosmopolitan of Las Vegas, The
Costantino, Dan
Costantino, Daniel
Creative Circle LLC
Crypto Rating Council LLC, The
CXG Holdings Inc.
Cyber Job Central LLC
Cypress Group Staffing Inc.
CyZen Tech Co. Ltd.
Dajax LLC
Dallas Mavericks Inc.
Data.ai Inc.
Datadog Inc.
Daversa Partners Ltd.

David Bolton PC
Davis, Ashtyn
Day Pitney LLP
de Dreuzy, Gaspard
Dechert (Paris) LLP
Delaware, State of, Division of Revenue,
    Tax Agency
DeLeon, Zusette
Deloitte & Touche LLP
Delta Air Lines Inc.
Deshchenko, Anton
Devexperts Sofia Ltd.
Dezenhall Resources Ltd.
Diamond Equity Research LLC
Dianomi Inc.
Digital Commerce Bank
Digital Niche Agency
Digital257 Technologies Inc.
Dinwiddie Inc.
Dinwiddie, Spencer
Distinguished Search LLC
Distrust LLC
Docker Inc.
DocuSign Inc.
Donnelley Financial Solutions Canada Corp.
dotdigital Inc.
Dotmailer Inc.
DoubleStruck Designs
Dropbox Inc.
Duane Morris LLP
Duclair, Anthony
Elasticsearch Inc.
Elevate Brand Marketing Inc.
Ellenoff Grossman & Schole LLP
Endeavor Parent LLC
EQS Group AG
Eronin, Max
eSSENTIAL Accessibility Inc.
Esterhuizen, Eben
Exzac Inc.
Eytan, Philip
Fastly Inc.
Feissli, Stefan
Fidelifacts Metropolitan New York Inc.
Figma Inc.

Financial Services Information Sharing &
    Analysis Center
Find Your Happy LLC
Finney-Smith, Dorian
FirstBrook Cassie & Anderson Ltd.
Fivetran Inc.
Flint Inc.
Florida, State of, Department of Agriculture
    & Consumer Services
Fogie, Seth
Fort Capital Ontario Inc.
Fragomen Del Rey Bernsen & Loewy LLP
Frankfurt Kurnit Klein & Selz PC
Freshworks Inc.
Friends of Falcon Hockey Inc., The
Fundamental Research Corp.
Fusion of Ideas Inc.
Gilja, Neha
GitHub Inc.
Glass Lewis & Co. LLC
Glendale Securities Inc.
Glushon Sports Management
Good Causes Inc.
Goodbay Technologies Inc.
GoodHire
Google Ads Management Ltd.
Google Cloud
Google G Suite
Google LLC
Google Voice Inc.
Gorsuch, Michael
GRA Enterprises LLC
Grant Thornton LLP
Gravitational Inc.
Green, Derek
Green, Sheri
Greenhouse Software Inc.
Greifenkamp, Jonathan
Gronkowski, Chris
Gronkowski, Christopher
Gronkowski, Daniel
Gronkowski, Glenn
Gronkowski, Gordon
Gronkowski, Gordon, Jr.
Gronkowski, Rob
G-Suite Holdings Ltd.

Gyamfi, Andrew
HackerOne Inc.
Hamilton, Kristen
HappyFunCorp LLC
HardHead Marketing
Harris, Lindsey
Harrison, Tom
Hashtag Business LLC
Helman, David
Hill Dickinson LLP
Hireclout Inc.
Holt, Robert B.
Hotjar Ltd.
Hunt, Akeem
ICE Systems Inc.
Impact Tech Inc.
Independent Trading Group (ITG) Inc.
Indianapolis Motor Speedway LLC
Infinite Agency LLC
Infinite IP Corp.
Infinity Consulting Solutions Inc.
Interviewstreet Inc.
Intralinks SA
Intuit Inc.
IPQualityScore
IQTalent Partners Inc.
Ironclad Inc.
Iterable Inc.
JA Visual Solutions LLC
Jackson Lewis PC
Jackson, Davin A.
Jackson, Sean
JDI Studio LLC
Jensen Hughes Inc.
JetBlue Airways Corp.
JetBrains s.r.o.
JFrog Ltd.
Jivaro Professional Headhunters LLC
Johnson Rivers Lyons LLC
Johnson, Estelle
JP Galda & Co.
Jumio Corp.
Karashik, Adam
Kate Leavell Cos. LLC
Kaulig Racing Inc.
KCSA Strategic Communications

Kelber, Maximilian
Ketchum Inc.
Kforce Inc.
KLDiscovery Ontrack LLC
Kleber, Maximilian
Klingenberg, Meghan
Knapp, Marla K.
KnowBe4 Inc.
Korn Ferry (US)
Koto Studio LLC
Kramer Levin Naftalis & Frankel LLP
Kramer, Pamela
Kratka, Mary
Kreiker, Serge
La Cantera Resort & Spa
Lagiglia, Dominique
Lakeshore Securities Inc.
Landgraf, Jennifer
Las Vegas Motor Speedway
LastPass
Laurel Hill Advisory Group LLC
LD Micro Inc.
Learfield Communications LLC
Lee, Janice
Levin Group Ltd.
Lin, Monica
LogMeIn
LogMeIn USA Inc.
Lord, Jessica
Loyalist LLC
Luk, Brian
Lussi, Tyler
Lytham Partners LLC
MaestroQA Inc.
Major Lindsey & Africa LLC
Malocca, Greg
Malwarebytes Inc.
Marcum LLP
Mark Fabiani LLC
Market One Media Group Inc.
Market Rebellion LLC
Marrelli Support Services Inc.
Maxx Management LLC
McCarter & English LLP
McCarthy Lebit Crystal & Liffman Co. LPA
McCrary, Chelsea

McCurdy, Tess
McDonald, Jess
McDonald, Jessica
Mediant Communications Inc.
Medium Rare Live LLC
Meltwater News US Inc.
Merlin Media LLC
MessageBank LLC
Meta Platforms Inc.
Microsoft Corp.
Mintz & Gold LLP
Miro SA
Mitchell, Jonahthan
Mixpanel Inc.
Mobile Action Inc.
Mohseni, Cyrus
monday.com Ltd.
Money Services Business Association Inc.,
    The
Mortimer, Kelsey
Motivate Design LLC
Motive Interactive Inc.
Mountain Shadows Resort
MPJ Advisors LLC
MSG Arena LLC
NAI Interactive Ltd.
Nasdaq Corporate Solutions LLC
National Women's Soccer League LLC
NBCN Clearing Inc.
Netki Inc.
Network Redux LLC
New York, State of, Department of Taxation
    & Finance
Next for Me Media Inc.
NMLS
Noble Capital Markets
Noble Capital Markets Inc.
Nominis Advisory Ltd.
Ntilikina, Frank
NuMedia LLC
Octive
Ogon LLC
Olivia Faria LLC
Online Business Systems Inc.
OnlineNotary.net
Ontario Securities Commission

OpsGenie
OpsGenie Inc.
Optimal Workshop
Oracle America Inc.
Organic Inc.
OST Labz Pvt. Ltd.
OTC Markets Group Inc.
Owen Bird Law Corp.
Pada Ventures Inc.
Pager Inc.
Pagerduty Inc.
Penn Recruiting LLC
Perkins Coie LLP
Pickwick Capital Partners LLC
Piper Cos. LLC
PitchBook Data Inc.
Plaid Inc.
PN Agency
PopNoggins LLC
PortSwigger Ltd.
Postman Basic Monthly
Powell, Dwight
PR Newswire Inc.
Premier Partnerships Inc.
Pressley, Toni
Printed Threads
Proconsul Capital Ltd.
Project 1972 Inc.
Pro-Sport Media Management LLC
Psaropoulos, Evan
PSAV Inc.
Psyhnov, Timofy
Publicist Inc.
QLUE Forensic Systems Inc.
Quality Wolves
Quantstamp Inc.
Quantum Talent Group, The
QWIL Inc.
Ramnarine, Chandkumar R.
Rashad A. Jennings Inc.
Ratzlaff, Cordell
Reciprocity Inc.
Regus
Regus Management Group LLC
Reisz, Carey
Republic Crypto LLC

Residence Inn by Marriott Dayton
Beavercreek
Ringside Canada Inc.
Ripple, Peter I.
Roadmunk
Rocketship HQ LLC
Rockwell, Fred
Rodriguez, Kevin
Ronick, David
S&S Activewear LLC
Sabetmoghaddam, Paniz
Santoshi Enterprise Ltd.
Santucci, Amanda
Schiff Hardin LLP
Scott, John M.
Seeking Alpha Inc.
Segment.IO Inc.
Seprio LLC
Seyfarth Shaw LLP
Shei, Christopher
Sheraton Grand Nashville Downtown Hotel
Sidoti & Co. LLC
Sift Science Inc.
Silver Management Group Inc.
Singular Research LLC
Slack Technologies LLC
Sloane & Co. LLC
SLS South Beach
Smarsh Inc.
Smart City Networks LP
Snapchat
Snowflake Inc.
Snyk Inc.
Soar, Hannah
Socure Inc.
Soona Co.
Sovran, William O.
Spacelift Inc.
Spatialize
Sports Girls, The
SquareWorks Consulting LLC
Staab, Sam
Staab, Samantha
Standout Tech Solutions LLC
Stephenson, Charles
Sterling Trading Tech

STK International Inc.
Stockhouse Publishing Ltd.
Stockjock.com LP
StockVest Inc.
Stone, Isaiah
Swag.com Inc.
Sweet, Noah C.
Tableau Software Inc.
Tam, Miko
Tapjoy Inc.
Taylor & Gray LLC
Techracers Pvt. Ltd.
Teneo Strategy LLC
Tennessee, State of, Department of Revenue
Terminal Inc.
Thompson House Group
TradingView Inc.
Travelator Inc.
Travelbank Ltd.
Travelers Cos. Inc., The
Troutman Pepper Hamilton Sanders LLP
TSX Inc.
Tuple Technologies Pte. Ltd.
Turnbull, James
Turner, Trea
Turner, Trea V.
Twilio Inc.
Twitter Inc.
Typeform SL
Uber Technologies Inc.
Unique Prints LLC
United Airlines Holdings Inc.
United Parcel Service Inc.
Unity Technologies Corp.
Upside Business Travel

UserTesting Inc.
Valdes-Scantling, Marquez
Valuation Research Corp.
Venture Group Capital LLC
Verizon Wireless Services LLC
Vijay, Kumar B.
Vincent Manufacturing Inc.
Vo, Donna
Vulcanize Inc.
W Dallas - Victory
W New York - Union Square
Walkers Corporate Ltd.
Walkers Ireland LLP
Wall Street Blockchain Alliance
Wall Street Dead aHead Networking LLC
Wandering Bear Inc.
Watt, Ally
Watt, Ally M.
Weisman Tech Law LLC
Westphal, Christen
WeWork Inc.
Whistler Search Partners LLC
White, Jarobi
WilliamsMarston LLC
Willis Towers Watson PLC
Winjit Technologies Pvt. Ltd.
Winslow, The
Wrike Inc.
WRZ Chartered Accountants
Yanpolsky, Andre
Yuen, Eva
Zapier Inc.
Zendesk Inc.
ZeroFox Inc.
Zoom Video Communications Inc.

**Schedule 2**

| Name of Entity Searched | Category | Status |
|---|---|---|
| ██████████ | Customers | Former client affiliate in unrelated matter(s) |
| ████████ | Customers | Active client in unrelated matter(s) |
| Adobe | Vendors | Active client affiliate in unrelated matters(s) |
| Alameda Research LLC | Top 50 Unsecured Creditors | Former client in unrelated matter(s) |
| ████████████████ | Banks / Lenders / Administrative Agents; Potential M&A Transaction Counterparties | Former client in unrelated matter(s) |
| ██████████ | Customers | Former client affiliate in unrelated matter(s) |
| Amazon | Contract Parties | Former client in unrelated matter(s) |
| American Airlines | Vendors | Former client in unrelated matter(s) |
| ██████████ | Customers | Former client in unrelated matter(s) |
| ████████ | Customers | Former client in unrelated matter(s) |
| ██████████ | Customers | Former client in unrelated matter(s) |
| Aon Consulting Inc. | Vendors | Former client in unrelated matter(s) |
| ████████████████ | Potential M&A Transaction Counterparties | Active client affiliate in unrelated matter(s) |
| Apple Inc. | Vendors | Former client in unrelated matter(s) |
| Apple Search Ads | Vendors | Former client affiliate in unrelated matter(s) |
| Arizona, State of, Department of Revenue | Taxing Authorities / Government / Regulatory Agencies | Former client affiliate in unrelated matter(s) |
| Bank of Montreal | Banks / Lenders / Administrative Agents | Active client in unrelated matter(s) |
| ██████████████ | Potential M&A Transaction Counterparties | Active client affiliate in unrelated matter(s) |
| Berger Singerman LLP | Ordinary Course Professionals | Former client in unrelated matter(s) |
| Big Outdoor Holdings, LLC | Vendors | Active client affiliate in unrelated matters(s) |

| Name of Entity Searched | Category | Status |
|---|---|---|
| ██████████ | Potential M&A Transaction Counterparties | Active client in unrelated matter(s) |
| ██████ | Potential M&A Transaction Counterparties | Active client in unrelated matter(s) |
| BMO | Banks / Lenders / Administrative Agents | Active client in unrelated matter(s) |
| ████████████ | Potential M&A Transaction Counterparties | Active client affiliate in unrelated matter(s) |
| ██████ | Customers | Former client in unrelated matter(s) |
| British Airways | Vendors | Former client in unrelated matter(s) |
| Broadridge | Vendors | Former client in unrelated matter(s) |
| California, State of, Franchise Tax Board | Taxing Authorities / Government / Regulatory Agencies | Active client affiliate in unrelated matter(s) |
| Carbone | Vendors | Former client in unrelated matter(s) |
| CDW, LLC | Vendors | Active client in unrelated matter(s) |
| █████ | Customers | Former client in unrelated matter(s) |
| ████████ | Potential M&A Transaction Counterparties | Active client in unrelated matter(s) |
| Computershare | Vendors | Active client in unrelated matter(s) |
| Conyers Dill & Pearman | Ordinary Course Professionals | Active client affiliate in unrelated matter(s) |
| Cordell Ratzlaff | Vendors | Active client in unrelated matter(s) |
| █████ | Customers | Former client affiliate in unrelated matter(s) |
| Cumberland DRW LLC | Contract Parties | Active client affiliate in unrelated matter(s) |
| Dallas Basketball Limited (Dallas Mavericks) | Contract Parties | Active client affiliate in unrelated matter(s) |
| ████ | Top 50 Unsecured Creditors | Former client in unrelated matter(s) |
| █████ | Customers | Former client in unrelated matter(s) |
| █████ | Customers | Active client in unrelated matter(s) |
| █████ | Top 50 Unsecured Creditors | Active client in unrelated matter(s) |
| ██████ | Customers | Active client affiliate in unrelated matter(s) |
| Deloitte Tax LLP / Deloitte & Touche | Bankruptcy Professionals | Former client in unrelated matter(s) |

| Name of Entity Searched | Category | Status |
|---|---|---|
| Delta Airlines / Delta Air Lines | Vendors | Former client affiliate in unrelated matter(s) |
| Donnelley Financial Solutions Canada Corporation | Vendors | Former client affiliate in unrelated matter(s) |
| ███████████ | Potential M&A Transaction Counterparties | Former client affiliate in unrelated matter(s) |
| ███████████ | Potential M&A Transaction Counterparties | Active client in unrelated matter(s) |
| Frankfurt Kurnit Klein & Selz, P.C. | Ordinary Course Professionals; Vendors | Former client in unrelated matter(s) |
| Galaxy Digital LLC | Banks / Lenders / Administrative Agents | Active client affiliate in unrelated matter(s) |
| ███████████ | Potential M&A Transaction Counterparties | Active client affiliate in unrelated matter(s) |
| Genesis Global Capital, LLC | Banks / Lenders / Administrative Agents | Active client in unrelated matter(s) |
| ███████████ | Potential M&A Transaction Counterparties | Former client in unrelated matter(s) |
| Goodbay Technologies Inc. | Vendors | Current client in related matter |
| Google, LLC | Vendors | Former client in unrelated matter(s) |
| Grant Thornton US / Grant Thornton LLP | Bankruptcy Professionals | Former client in unrelated matter(s) |
| Guy Elliott | Current and Former Directors and Officers | Former client affiliate in unrelated matter(s) |
| Hartford Fire Insurance Company | Insurance | Former client affiliate in unrelated matter(s) |
| Hartford Underwriters Insurance Company | Insurance | Former client affiliate in unrelated matter(s) |
| Illinois, State of, Department of Revenue | Taxing Authorities / Government / Regulatory Agencies | Active client affiliate in unrelated matter(s) |
| Independent Trading Group (ITG) Inc. | Vendors | Former client affiliate in unrelated matter(s) |
| Intuit | Vendors | Former client in unrelated matter(s) |
| ███████████ | Potential M&A Transaction Counterparties | Active client in unrelated matter(s) |
| Jackson Lewis P.C. | Ordinary Course Professionals; Vendors | Former client in unrelated matter(s) |
| Jenner & Block LLP | Ordinary Course Professionals | Former client in unrelated matter(s) |
| Jill Frizzley | Current and Former Directors and Officers | Former client in unrelated matter(s) |
| ███████████ | Customers | Former client affiliate in unrelated matter(s) |
| ███████████ | Customers | Active client affiliate in unrelated matter(s) |

| Name of Entity Searched | Category | Status |
|---|---|---|
| ███████████ | Customers | Former client affiliate in unrelated matter(s) |
| ████████ | Customers | Active client affiliate in unrelated matter(s) |
| █████████████ | Potential M&A Transaction Counterparties | Active client in unrelated matter(s) |
| ██████████████████ | Potential M&A Transaction Counterparties | Active client affiliate in unrelated matter(s) |
| █████████████ | Potential M&A Transaction Counterparties | Active client in unrelated matter(s) |
| Ketchum Inc. | Vendors | Former client affiliate in unrelated matter(s) |
| Kforce Inc. | Vendors | Former client in unrelated matter(s) |
| Kirkland & Ellis LLP | Bankruptcy Professionals | Active client in unrelated matter(s) |
| Korn Ferry (US) | Vendors | Former client affiliate in unrelated matter(s) |
| Kramer Levin Naftalis & Frankel LLP | Ordinary Course Professionals | Active client in unrelated matter(s) |
| Levin Group Limited | Vendors | Former client affiliate in unrelated matter(s) |
| ████████████ | Top 50 Unsecured Creditors | Former client affiliate in unrelated matter(s) |
| Microsoft | Vendors | Active client in unrelated matter(s) |
| Miro | Vendors | Former client affiliate in unrelated matter(s) |
| Moelis & Company | Bankruptcy Professionals | Active client in unrelated matter(s) |
| MSG Arena LLC | Vendors | Active client in unrelated matter(s) |
| NMLS | Vendors | Active client in unrelated matter(s) |
| ███████████████ | Potential M&A Transaction Counterparties | Active client affiliate in unrelated matter(s) |
| North Carolina, State of, Department of Revenue | Taxing Authorities / Government / Regulatory Agencies | Former client in unrelated matter(s) |
| Oracle America, Inc. | Vendors | Former client in unrelated matter(s) |
| Organic Inc. | Vendors | Former client affiliate in unrelated matter(s) |
| OTC Markets Group, Inc. | Vendors | Active client in unrelated matter(s) |
| Paul Hastings LLP | Ordinary Course Professionals | Former client in unrelated matter(s) |
| ████████████████ | Potential M&A Transaction Counterparties | Active client in unrelated matter(s) |

| Name of Entity Searched | Category | Status |
|---|---|---|
| ████████████████ | Potential M&A Transaction Counterparties | Active client in unrelated matter(s) |
| Quinn Emanuel Urquhart & Sullivan LLP | Bankruptcy Professionals | Active client in unrelated matter(s) |
| ██████████ | Customers | Former client in unrelated matter(s) |
| ██████████ | Customers | Former client in unrelated matter(s) |
| ████████████████ | Potential M&A Transaction Counterparties | Active client affiliate in unrelated matter(s) |
| Scott Vogel | Current and Former Directors and Officers | Former client affiliate in unrelated matter(s) |
| Seyfarth Shaw LLP | Ordinary Course Professionals | Former client in unrelated matter(s) |
| Signature Bank | Banks / Lenders / Administrative Agents | Former client in unrelated matter(s) |
| ██████████ | Customers | Active client affiliate in unrelated matter(s) |
| ████████████████████ | Potential M&A Transaction Counterparties | Active client affiliate in unrelated matter(s) |
| Texas, State of, Comptroller of Public Accounts | Taxing Authorities / Government / Regulatory Agencies | Active client affiliate in unrelated matter(s) |
| Texas, State of, Securities Board | Litigation | Active client affiliate in unrelated matter(s) |
| ████████████ | Customers | Former client in unrelated matter(s) |
| ████████████ | Customers | Former client in unrelated matter(s) |
| Three Arrows Capital Ltd. | Banks / Lenders / Administrative Agents | Former client in unrelated matter(s) |
| ██████████ | Customers | Former client in unrelated matter(s) |
| ████████████ | Top 50 Unsecured Creditors | Former client in unrelated matter(s) |
| ████████████ | Customers | Active client affiliate in unrelated matter(s) |
| Troutman Pepper Hamilton Sanders LLP | Ordinary Course Professionals | Former client in unrelated matter(s) |
| Uber | Vendors | Active client affiliate in unrelated matters(s) |
| United Airlines | Vendors | Former client affiliate in unrelated matter(s) |
| UPS | Vendors | Former client in unrelated matter(s) |
| US Bank NA | Litigation | Active client in unrelated matter(s) |
| Verizon Wireless | Utilities | Former client in unrelated matter(s) |

| Name of Entity Searched | Category | Status |
|---|---|---|
| ███████████████ | Potential M&A Transaction Counterparties | Former client affiliate in unrelated matter(s) |
| Wisconsin, State of, Department of Revenue | Taxing Authorities / Government / Regulatory Agencies | Active client affiliate in unrelated matter(s) |
| XL Specialty Ins. Company | Insurance | Former client in unrelated matter(s) |

## **EXHIBIT C**

**Ray Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**DECLARATION OF MATTHEW D. RAY, INDEPENDENT DIRECTOR, IN SUPPORT
OF THE APPLICATION OF DEBTOR VOYAGER DIGITAL LTD. FOR ENTRY OF
AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF KATTEN
MUCHIN ROSENMAN LLP AS SPECIAL COUNSEL FOR DEBTOR VOYAGER
DIGITAL LTD., ON BEHALF OF AND AT THE SOLE DIRECTION OF THE
INDEPENDENT DIRECTOR, EFFECTIVE AS OF NOVEMBER 11, 2022**

I, Matthew D. Ray, Independent Director of Voyager Digital Ltd., being duly sworn, state

the following under penalty of perjury:

1.      I am an independent director (the "<u>Independent Director</u>") of Voyager Digital Ltd.

("<u>TopCo</u>"), located at 333 Bay Street, Suite 2400, Toronto, ON M5H 2R2.

2.      I submit this declaration (the "<u>Declaration</u>") in support of TopCo's *Application of

Debtor Voyager Digital Ltd. for Entry of an Order Authorizing the Retention and Employment of

Katten Muchin Rosenman LLP as Special Counsel for Debtor Voyager Digital Ltd., on Behalf of

and at the Sole Direction of the Independent Director, Effective as of November 11, 2022* (the

"<u>Application</u>").[2]  Except as otherwise noted, I have personal knowledge of the matters set forth

herein.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC
(8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY
10003.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

## The Independent Director's Selection of Counsel

3.      Katten Muchin Rosenman LLP ("Katten"), TopCo, and I, in my capacity as Independent Director, executed an engagement letter dated as of November 11, 2022 (the "Engagement Letter") regarding the retention of Katten as special counsel for TopCo, acting on behalf of and at the sole director of the Independent Director.  I agree and accept the retention of Katten as counsel on the terms of the Engagement Letter.

4.      I recognize that when selecting legal counsel in complex chapter 11 cases, a comprehensive review process is necessary to ensure that bankruptcy professionals are subject to the same client-driven market forces, scrutiny, and accountability as professionals in non-bankruptcy engagements.

5.      TopCo and I retained Katten to render legal services on my behalf because, among other things, Katten possesses experience in, among other areas, financial restructuring, litigation, corporate governance, corporate finance, and independent investigations in the context of chapter 11 cases.  In addition, Katten lawyers have significant experience representing and advising the spectrum of constituents in chapter 11 cases, including, debtors, committees, secured and unsecured creditors, independent or disinterested directors, special committees, shareholders, and others, as well as providing advice with respect to fiduciary duties in connection with chapter 11 cases.

6.      I believe that Katten is familiar with the Debtors' businesses and the types of legal issues that may arise in the context of these chapter 11 cases.  I also believe Katten is both well qualified and uniquely able to represent me in my capacity as an Independent Director in an efficient and cost-effective manner.

## Rate Structure

7.    In my capacity as Independent Director, I am responsible for supervising outside counsel retained by TopCo in the ordinary course of business. Katten has informed TopCo that its rates for bankruptcy representations are comparable to the rates Katten charges for non-bankruptcy representations.

## Cost Supervision

8.    TopCo has approved the prospective budget and staffing plan for the period from November 11, 2022 through May 11, 2023, recognizing that in the course of a large chapter 11 case like these chapter 11 cases, it is possible that there may be unforeseen fees and expenses to be addressed by TopCo and Katten. TopCo further recognizes that it is its responsibility to monitor closely the billing practices of its counsel to ensure the fees and expenses paid by the estate remain consistent with TopCo's expectations and the exigencies of the chapter 11 cases. TopCo will review the statements that Katten regularly submits, and, together with Katten, amend the budget and staffing plans periodically, as the case develops.

9.    TopCo will bring discipline, predictability, client involvement, and accountability to the counsel fees and expenses reimbursement process. While every chapter 11 case is unique, these budgets will provide guidance on the periods of time involved the level of the attorneys and professionals that will work on various matters, and projections of average hourly rates for the attorneys and professionals for various matters.

*[Remainder of page intentionally left blank]*

3

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct to the best of my knowledge and belief.

Dated: December 1, 2022                          Respectfully submitted,

                                                 _/s/ Matthew D. Ray_____
                                                 Matthew D. Ray
                                                 Independent Director
                                                 Voyager Digital Ltd.