Susheel Kirpalani
Katherine Lemire
Kate Scherling
Zachary Russell
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 489-7000
Facsimile: (212) 846-4900

*Special Counsel to Debtor Voyager Digital,
LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                              :
In re:                                        :        Chapter 11
                                              :
VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1]  :        Case No. 22-10943 (MEW)
                                              :
                          Debtors.            :        (Jointly Administered)
                                              :
-----------------------------------------------------------------x

**SUMMARY SHEET FOR FIRST INTERIM FEE APPLICATION OF QUINN
EMANUEL URQUHART & SULLIVAN, LLP FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED AS SPECIAL
COUNSEL FOR VOYAGER DIGITAL LLC FOR THE PERIOD FROM JULY 13, 2022
THROUGH AND INCLUDING OCTOBER 31, 2022**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
       number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital, Ltd. (7224); and Voyager Digital, LLC
       (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY
       10003.

| Basic Information | |
|---|---|
| Name of Applicant: | Quinn Emanuel Urquhart & Sullivan, LLP |
| Name of Client: | Voyager Digital, LLC |
| Petition Date: | July 5, 2022 |
| Date of Order Approving Employment and Retention: | August 4, 2022, *nunc pro tunc* to July 13, 2022[2] |
| **This Interim Application** | |
| Time Period Covered: | July 13, 2022 through October 31, 2022 |
| Total Hours Billed | 2,709.00 |
| Total Fees Requested: | $3,162,787.20[3] |
| Total Expenses Requested | $21,084.61 |
| Total Fees and Expenses Requested: | $3,183,871.81 |
| Blended Rate for Attorneys: | $1,377.98 |
| Blended Rate for All Timekeepers: | $1,297.23 |
| Rate Increases Not Previously Approved or Disclosed: | N/A |
| Total Professionals: | 17 |
| Total Professionals Billing Less than 15 Hours | 6 |
| **Historical** | |
| Fees Approved to Date: | $0 |
| Expenses Approved to Date: | $0 |
| Total Fees and Expenses Approved to Date: | $0 |
| Approved Amounts Paid to Date: | $0 |
| Fees Paid Pursuant to Monthly Statements, Not Yet Allowed: | $2,530,229.76 |
| Expenses Paid Pursuant to Monthly Statements, Not Yet Allowed: | $21,094.86[4] |
| **Related Information and Case Status** | |
| This is an interim application. | |
| The Court has entered the Order (I) Directing Joint Administration of the Chapter 11 Cases and (II) Granting Related Relief [ECF No. 18]. | |

---

[2]   This Court approved the retention of Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") as Special Counsel to Voyager Digital LLC ("Voyager LLC") on August 4, 2022, *nunc pro tunc* to July 13, 2022. [ECF No. 242].

[3]   Quinn Emanuel agreed with Voyager LLC to a 10% discount off of its customary fees. Accordingly, Quinn Emanuel only seeks approval herein of 90% of its customary fees as set forth in the monthly invoices to Voyager LLC (the "Net Billed Fees"). *See, e.g.*, Quinn Emanuel's *First Monthly Fee Statement* [ECF No. 358], at 10.

[4]   In Quinn Emanuel's first invoice to Voyager LLC, Voyager LLC was incorrectly billed $9.00 for "Word processing," and $1.25 for "Velobind," for a total of $10.25 (the additional $2.50 in Velobind charges in this invoice were proper). These items should not have been billed to Voyager LLC. Quinn Emanuel also incorrectly requested approval for both of these items in its First Fee Statement [ECF No. 358], at 8. Quinn Emanuel is not requesting allowance of this $10.25 herein, and is in the process of refunding this $10.25 charge to Voyager LLC.

Susheel Kirpalani
Katherine Lemire
Kate Scherling
Zachary Russell
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:  (212) 489-7000
Facsimile:  (212) 846-4900

*Special Counsel to Debtor Voyager Digital,
LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | : | Case No. 22-10943 (MEW) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

-----------------------------------------------------------------x

**FIRST INTERIM APPLICATION OF QUINN EMANUEL URQUHART & SULLIVAN
LLP FOR ALLOWANCE OF INTERIM COMPENSATION FOR PROFESSIONAL
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS
SPECIAL COUNSEL TO VOYAGER DIGITAL LLC FROM JULY 13, 2022
<u>THROUGH AND INCLUDING OCTOBER 31, 2022</u>**

Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), Special Counsel to Voyager Digital LLC (the "Company" or "Voyager LLC"), hereby submits this application (the "Application" or the "First Interim Application") pursuant to sections 330 and 331 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (as amended, the "Local Bankruptcy Rules"), the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, dated January 29, 2013 (the "Local Guidelines"), the United States Trustee Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "U.S. Trustee Guidelines" and, together with the Local Guidelines, the "Guidelines"), and this Court's *Order (i) Establishing Procedures for Interim Compensation and Reimbursement of Expenses For Retained Professionals; and (ii) Granting Related Relief*, entered on August 4, 2022 [ECF No. 236] (the "Interim Compensation Order"), for interim allowance of compensation for professional services rendered by Quinn Emanuel to Voyager LLC for the period from July 13, 2022 through and including October 31, 2022 (the "Interim Application Period") and reimbursement of actual and necessary expenses incurred by Quinn Emanuel in connection with rendering such services during the Interim Application Period.

Pursuant to the Guidelines, Quinn Emanuel submits the declaration of Susheel Kirpalani, a Quinn Emanuel partner (the "Kirpalani Declaration"), regarding Quinn Emanuel's compliance with the Guidelines, which is attached hereto as **Exhibit A** and is incorporated herein by reference. In further support of this Application, Quinn Emanuel respectfully represents as follows:

1

**Jurisdiction and Venue**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

2.      The bases for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Bankruptcy Rule 2016-1(a), and the Interim Compensation Order.

**Background**

3.      On July 5, 2022 (the "Petition Date"), Voyager LLC, Voyager Digital Holdings, Inc. ("Voyager Holdings"), and Voyager Digital Ltd. ("Voyager Ltd." and collectively with Voyager LLC and Voyager Holdings, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* [ECF No. 18] .

5.      On July 19, 2022, the United States Trustee for the Southern District of New York appointed an official committee of unsecured creditors (the "Committee").  *See Notice of Appointment of Official Committee of Unsecured Creditors* [ECF No. 102].  No trustee or examiner has been appointed in these cases.

6.      Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the filing of these cases is set forth in the *Declaration of Stephen Ehrlich,*

*Chief Executive Officer of the Debtors in Support of Chapter 11 Petitions and First Day Motions* [ECF No. 15].

7.      On July 5, 2022, the board of directors of Voyager LLC formally established the special committee (the "Special Committee"), comprising independent directors Timothy Pohl and Jill Frizzley (the "Independent Directors") and vested it with authority to, among other things (a) investigate any historical transactions, public reporting, or regulatory issues undertaken by Voyager LLC that the Special Committee deemed necessary or appropriate, and the facts and circumstances surrounding such transactions; (b) interview and solicit information and views from management, representatives, consultants, advisors, or any other party in connection with any historical transactions undertaken by Voyager LLC that the Special Committee deems necessary or appropriate; (c) request documentation and information regarding Voyager LLC's business, assets, properties, liabilities and business dealings with respect to any historical transactions undertaken by Voyager LLC that the Special Committee deems necessary and appropriate to review; (d) perform any other activities consistent with the matters described herein or as the Special Committee or Voyager LLC's board of directors otherwise deems necessary or appropriate; and (e) conduct an independent investigation with respect to any potential estate claims and causes of action against insiders of Voyager LLC, including any claims arising from loans made to Three Arrows Capital ("3AC"). The Special Committee was also vested with sole authority to prosecute, settle, or extinguish any and all claims and causes of action arising from the historical transactions investigated by the Special Committee ((a)-(e), the ("Special Committee's Mandate")).

8.      To aid the Special Committee with its Mandate, on July 21, 2022, Voyager LLC sought the retention of Quinn Emanuel to provide independent advice to, and act at the exclusive

direction of, the Special Committee. *See Debtor Voyager Digital, LLC's Application for Entry of An Order, Pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Fed. R. Bankr. P. 2014, 2016 and 5002 Authorizing Employment and Retention of Quinn Emanuel Urquhart & Sullivan, LLP as Special Counsel to Voyager Digital, LLC, Effective July 13, 2022* [ECF No. 125].

9. On August 4, 2022, the Court issued the *Order Authorizing Debtor Voyager Digital, LLC to Employ and Retain Quinn Emanuel Urquhart & Sullivan, LLP as Special Counsel Effective July 13, 2022* [ECF No. 242] (the "Retention Order"), authorizing Voyager LLC to employ and retain Quinn Emanuel as its counsel effective as of July 13, 2022.

10. During the Interim Fee Period, Quinn Emanuel and the Special Committee conducted a comprehensive investigation (the "Investigation") into the historical transactions, public reporting, and regulatory issues, as outlined in the Special Committee Mandate, to determine whether any estate causes of action relating to those issues existed and were worth pursuing by Voyager LLC. During the Investigation, Quinn Emanuel sought and received information relating to, among other things: Voyager LLC's loans to third parties, with a particular focus on the 3AC Loan; the diligence performed in connection with those loans; Voyager LLC's risk committee; Voyager LLC's staking of customer cryptocurrency assets; Voyager LLC's regulatory compliance; Voyager LLC's communications with the public; Voyager LLC's pre-petition payments to insiders and certain third parties; and other aspects of Voyager LLC's business. Voyager LLC collected and provided to the Special Committee responsive documents from its internal hard copy and electronic files, its outside counsel, and various third parties (*e.g.*, cryptocurrency custodians and exchanges). Among many other things, Voyager LLC collected email, Slack communications, and, in certain cases, Telegram and cell phone data from a dozen Voyager LLC employees, including Voyager LLC's most senior officers and others. In addition

4

to several voluminous spreadsheets of data, Voyager LLC produced more than 11,000 documents—collectively totaling more than 40,000 pages.

11.     Additionally, Quinn Emanuel interviewed 12 Voyager LLC employees regarding the range of topics most relevant to the Investigation, including Stephen Ehrlich (Chief Executive Officer ("CEO")), Gerard Hanshe (Chief Operations Officer), Evan Psaropoulos (Chief Commercial Officer ("CCO")), Ashwin Prithipaul (Chief Financial Officer), Pamela Kramer (Chief Marketing Officer), David Brosgol (General Counsel), Marshall Jensen (Head of Corporate Development), Ryan Whooley (Treasury Director), Jon Brosnahan (Treasurer), Brian Silard (Treasury Team), David Brill (Deputy General Counsel), and Manisha Lalwani (in-house regulatory counsel).

12.     Throughout the course of the Investigation, Quinn Emanuel also provided regular updates to members of the Special Committee.  In particular, Quinn Emanuel held five formal videoconference meetings with the Special Committee concerning the status of the Investigation, including facts learned, impressions obtained, and relevant legal documents and standards.

13.     At the conclusion of the Investigation, on October 7, 2022, Quinn Emanuel delivered to the Special Committee a comprehensive report (the "Investigation Report"), setting forth, among other things, the factual record developed over the course of the Investigation, the legal framework of potential estate causes of action, and Quinn Emanuel's legal conclusions and recommendations.

14.     Upon review of the Investigation Report, the Special Committee concluded that the estate had colorable claims against its CEO and CCO related to the 3AC Loan.  On behalf of the Special Committee, Quinn Emanuel then negotiated independent settlements with each of the CEO and CCO concerning the estate's claims against them.

15.     Additional information regarding the Investigation, including the Company's settlements with its CEO and CCO, is set forth in detail in the *First Amended Disclosure Statement Relating to the Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [ECF No. 540] at 48–50.

16.     Following the conclusion of the Investigation, Quinn Emanuel assisted the Special Committee with several other matters that the Special Committee deemed necessary and appropriate, including the preparation of presentation materials concerning the Investigation, the analysis of possible causes of action by and against Voyager LLC related to certain pre-petition intercompany transactions, and the representation of Voyager LLC with respect to a potential claim against Voyager LLC asserted by the estate of Celsius Network LLC and/or an affiliated debtor ("Celsius").

## Compensation Procedures

17.     The Retention Order authorizes Quinn Emanuel to receive interim and final compensation pursuant to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Guidelines, and the local rules and orders of this Court.

18.     On August 4, 2022, the Court entered the Interim Compensation Order, [ECF No. 236] which approved certain compensation procedures for these cases (the "Compensation Procedures"). Pursuant to the Compensation Procedures, retained professionals such as Quinn Emanuel are authorized to serve monthly fee statements (each, a "Monthly Statement") on or after the 20th day of each month following the month for which compensation is sought or as soon thereafter as practicable. Provided that no objection to a Monthly Statement is raised, Voyager LLC is authorized to pay such professionals an amount equal to eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in such Monthly Statement.

19.     In addition, the Compensation Procedures provide that, beginning with the period ending on October 31, 2022, and at four-month intervals thereafter, retained professionals are authorized to file interim applications with the Court for the allowance of compensation and reimbursement of expenses sought in the monthly fee statements submitted during the applicable Interim Fee Period (as defined in the Interim Compensation Order).[5]  Upon allowance by the Court of a professional's interim fee application, Voyager LLC is authorized to promptly pay such professional all unpaid fees and expenses for the applicable Interim Fee Period.

### **Compensation Paid and Its Sources**

20.     All services during the Interim Fee Period for which compensation is requested by Quinn Emanuel were performed for or on behalf of Voyager LLC.  Except as provided in this Application, Quinn Emanuel has not received any payment or promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with matters covered by this Application.  A certification confirming Quinn Emanuel's compliance with the Guidelines is annexed hereto as **Exhibit A**.

21.     To the extent that billable time or disbursement charges for services rendered or expenses incurred which relate to the Interim Application Period were not processed prior to the preparation of this Application, Quinn Emanuel reserves the right to request compensation for such services and reimbursement of such expenses in a future fee application.

22.     These professional services were rendered by Quinn Emanuel's partners, associates, other attorneys and paraprofessionals.

---

[5]     The Interim Compensation Order further provides: "Each Professional shall file its first Interim Fee Application on or before December 20, 2022, and the first Interim Fee Application shall cover the Interim Fee Period from the Petition Date (or the effective date of the Professional's retention) through and including October 31, 2022." *Id.* at 4.

**Billing History**

23.    Pursuant to the terms of the Compensation Procedures, Quinn Emanuel served four

Monthly Statements for the services rendered and expenses incurred during the Interim

Application Period as follows:

| ECF No. | Period Covered by Monthly Statement | Total Fees Requested in Fee Statements | Total Expenses Requested in Fee Statements | Objection Deadline | Total Amounts Received | Total Amounts Outstanding |
|---|---|---|---|---|---|---|
| ECF No. 358 | July 13, 2022 - July 31, 2022 | $195,264.00 (80% of $244,080.00) | $137.65[6] | September 13, 2022 | $195,401.65 | $48,816.00 |
| ECF No. 474 | August 1, 2022 - August 31, 2022 | $1,193,484.96 (80% of $1,491,856.20) | $9,489.87 | October 13, 2022 | $1,202,974.83 | $298,371.24 |
| ECF No. 603 | September 1, 2022 - September 30, 2022 | $876,515.04 (80% of $1,095,643.80)[7] | $5,021.25 | November 15, 2022 | $881,536.29 | $219,128.76 |
| ECF No 674 | October 1, 2022 - October 31, 2022 | $264,965.76 (80% of $331,207.20) | $6,446.09 | December 8, 2022 | $271,411.85 | $66,241.44 |
| **Total** | | $2,530,229.76 | $21,094.86[8] | N/A | $2,551,324.62 | $632,557.44 |

---

[6]    As stated above, $9.00 in costs for "Word processing" and $1.25 for "Velobind" were incorrectly billed to Voyager LLC.  Quinn Emanuel is in the process of refunding these amounts.  Accordingly, this figure, and the total costs incurred are $10.25 higher than the actual billings to Voyager LLC following the refunding of the $10.25.

[7]    In Exhibit A to the *Third Monthly Fee Statement* [ECF No. 603],  the "Total Hours" and "Total Fees" displayed are incorrect.  The proper number of "Total Hours" for the *Third Monthly Fee Statement* is 983.6, and the proper amount of "Total Fees" is $1,217,382.00 as reflected in the "Total Fees Billed to Voyager LLC After Application of 10% Discount" in Exhibit A and elsewhere in the *Third Monthly Fee Statement* [ECF No. 603].

[8]    Following the above mentioned refund of $10.25, Quinn Emanuel is actually requesting expenses of $21,084.61, as stated in the Summary Sheet above, and elsewhere.

8

24.     Quinn Emanuel maintains detailed time records of services rendered by its professionals and paraprofessionals.  Copies of these time records have been filed on the docket with Quinn Emanuel's Monthly Statements.

**Relief Requested**

25.     In this application, Quinn Emanuel is requesting entry of an order granting the interim allowance of (i) compensation for the actual, reasonable and necessary professional services that Quinn Emanuel has rendered to Voyager LLC in the amount of $3,162,787.20 and (ii) the actual, reasonable and necessary out-of-pocket expenses incurred in representing Voyager LLC in the amount of $21,084.61.

26.     In accordance with the Guidelines, the following exhibits are attached to this Application:

a.      **Exhibit A** is the Kirpalani Declaration.

b.      **Exhibit B** is a schedule of the number of hours billed by partners, of counsel, associates, contract attorneys, and paraprofessionals during the Interim Application Period with respect to each of the subject matter categories Quinn Emanuel has established in accordance with its internal billing procedures.  Quinn Emanuel attorneys and paraprofessionals have billed a total of 2,709 hours in connection with this matter during the Interim Application Period.

c.      **Exhibit C** is a schedule providing certain information regarding Quinn Emanuel attorneys and paraprofessionals for whose work compensation is sought in this Application, including position, level of experience, hourly rate, total hours spent working in these cases during the Interim Application Period, and amount of compensation sought on account thereof.

d.      **Exhibit D** contains a summary schedule of the actual and necessary out-of-pocket expenses incurred by Quinn Emanuel during the Interim Application Period.

e.      **Exhibit E** contains a disclosure of "customary and comparable compensation" charged by Quinn Emanuel's professionals and paraprofessionals, including a summary of the blended hourly rates of the applicable timekeepers (segregated by rank) as compared to the blended hourly rates for all timekeepers in Quinn Emanuel's U.S. Offices.

      f.      **Exhibit F** contains Quinn Emanuel's budget and staffing plans for these cases during the Interim Application Period.

<u>Summary of Legal Services Rendered</u>

27.     During the Interim Application Period, Quinn Emanuel provided reasonable and appropriate professional services to Voyager LLC that were necessary to the administration of these cases.

28.     To provide a meaningful summary of Quinn Emanuel's services rendered on behalf of Voyager LLC, Quinn Emanuel has established, in accordance with its internal billing procedures, certain subject matter categories tailored to these cases. The following is a summary of professional services rendered for the subject matter categories during the Interim Application Period.

29.     During the Interim Application Period, Quinn Emanuel: (a) billed 2,709.0 hours; (b) incurred $3,514,208 in total fees ($3,162,787.20 following application of the agreed 10% discount) and (c) incurred $21,084.61 in expenses.

**VO01: Case Administration—46.8 Hours—$13,106.50 ($11,795.85 following application of the 10% discount)**

30.     During the Interim Application Period, Quinn Emanuel attorneys and paraprofessionals spent a total of 46.8 hours on administrative tasks necessary to facilitate the Investigation, including processing and loading document productions onto Quinn Emanuel's review platform, executing document searches and creating review batches, and preparing hard copy document binders for attorney review and witness interviews.

**VO02: Fee Applications—22.0 Hours—$23,894.50 ($21,505.05 following application of the 10% discount)**

31.     During the Interim Application Period, Quinn Emanuel attorneys and paraprofessionals spent a total of 22.0 hours preparing and revising the *First Monthly Fee Statement of Quinn Emanuel Urquhart & Sullivan LLP for Compensation for Services Rendered as Special Counsel to Voyager Digital, LLC During the Period of July 13, 2022 through July 31, 2022* [ECF No. 358]; the *Second Monthly Fee Statement of Quinn Emanuel Urquhart & Sullivan LLP for Compensation for Services Rendered as Special Counsel to Voyager Digital, LLC During the Period of August 1, 2022 through August 31, 2022* [ECF No. 474]; the *Third Monthly Fee Statement of Quinn Emanuel Urquhart & Sullivan LLP for Compensation for Services Rendered as Special Counsel to Voyager Digital, LLC During the Period of September 1, 2022 through September 30, 2022* [ECF No. 603]; the *Fourth Monthly Fee Statement of Quinn Emanuel Urquhart & Sullivan LLP for Compensation for Services Rendered as Special Counsel to Voyager Digital, LLC During the Period of October 1, 2022 through October 31, 2022* [ECF No. 674] and this first Interim Fee Application.

**VO03:  Employment  Applications—56.1  Hours—$71,883.00  ($64,694.70  following application of the 10% discount)**

32.     During the Interim Application Period, Quinn Emanuel billed 56.1 hours preparing *Debtor Voyager Digital, LLC's Application for Entry of An Order, Pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Fed. R. Bankr. P. 2014, 2016 and 5002 Authorizing Employment and Retention of Quinn Emanuel Urquhart & Sullivan, LLP as Special Counsel to Voyager Digital, LLC, Effective July 13, 2022* [ECF No. 125], the *Declaration of Susheel Kirpalani in Support of Debtor Voyager Digital, LLC's Application for Entry of an Order Pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Fed. R. Bankr. P. 2014, 2016, and 5002 Authorizing Employment and Retention of Quinn Emanuel Urquhart & Sullivan, LLP as Special Counsel to Voyager Digital, LLC Effective*

*July 13, 2022* [ECF No. 125 at 46–63] (the "<u>First Kirpalani Declaration</u>"), the *Supplemental Declaration of Susheel Kirpalani in Connection with Employment as Special Counsel to Debtor Voyager Digital, LLC* [ECF No. 668] (the "<u>Supplemental Kirpalani Declaration</u>"), and the *Second Supplemental Declaration of Susheel Kirpalani in Connection with Employment as Special Counsel to Debtor Voyager Digital, LLC* [ECF No. 693] (the "<u>Second Supplemental Kirpalani Declaration</u>").

**VO05: Special Committee Investigation—2,584.1 hours—$3,405,324.00 ($3,064,791.60 following application of the 10% discount)**

33.     During the Interim Application Period, Quinn Emanuel attorneys spent a total of 2,584.1 hours on tasks related to the Investigation (summarized above, *supra* ¶¶ 7-16), including requesting and reviewing substantial amounts of documents, interviewing witnesses, attending meetings and hearings, conducting legal analyses, and preparing memoranda, including the comprehensive Investigation Report.

**<u>Summary of Actual and Necessary Expenses Incurred</u>**

34.     During the Interim Application Period, certain documents required Document Reproduction.  The $50.10 in document reproduction fees incurred represent the actual cost to Quinn Emanuel.

35.     During the Interim Application Period, certain documents required Color Document Reproduction.  The $74.80 in color document reproduction fees represent the actual cost to Quinn Emanuel.

36.     During the Interim Application Period, Velobind services were required.  The $2.50 in velobinding fees represent the actual cost to Quinn Emanuel.

37.     During the Interim Application Period, Express Mail services were required.  The $671.71 in express mail fees represent the actual cost to Quinn Emanuel.

12

38.     During the Interim Application Period, Document Services were required.  These services included drilling, punching, and color printing for binders used during witness interviews. The $9,797.45 in document services represent the actual cost to Quinn Emanuel.

39.     During the Interim Application Period, Online Research was required.  This research was conducted outside of Quinn Emanuel's subscription, and thus costs were incurred. The $153.00 in online research represents the actual cost to Quinn Emanuel.

40.     During the Interim Application Period, Messenger Services were required.  The $814.67 in messenger services represent the actual cost to Quinn Emanuel.

41.     During the Interim Application Period, Local Meals were required.  The $466.11 in local meals represent the actual cost to Quinn Emanuel.

42.     During the Interim Application Period, Conference Fees were required.  The $350 in conference fees represent the actual cost to Quinn Emanuel.

43.     During the Interim Application Period, Meals During Travel were required.  The $34.16 in meals during travel represent the actual cost to Quinn Emanuel.

44.     During the Interim Application Period, Hotel Stays were required to facilitate witness interviews.  The $3,383.72 in hotel stays represent the actual cost to Quinn Emanuel.

45.     During the Interim Application Period, Out-of-Town-Travel was required.  The Out-of-Town Travel expenses included taxis to and from airports and hotels in order to facilitate witness interviews.  The $499.06 in out of town travel represent the actual cost to Quinn Emanuel.

46.     During the Interim Application Period, Air Travel was required to facilitate witness interviews.  The $2,770.60 in air travel represents the actual cost to Quinn Emanuel.

47.     During the Interim Application Period, Local Business Travel was required to facilitate witness interviews.  The $180.52 in local business travel represents the actual cost to Quinn Emanuel.

48.     During the Interim Application Period, Travel was required. This travel included use of a car service from an airport to a hotel in order to facilitate witness interviews.  The $72.45 in travel represents the actual cost to Quinn Emanuel.

49.     During the Interim Application Period, Litigation Support Costs, in the form of RelOne Active Hosting (per GB) was required.  The $263.76 in RelOne Active Hosting represent the actual cost to Quinn Emanuel.

50.     During the Interim Application Period, Litigation Support Costs, in the form of a RelOne User Fee was required.  The $1,500 in RelOne User Fee represents the actual cost to Quinn Emanuel.

51.     The actual expenses incurred in providing professional services to Voyager LLC were necessary, reasonable, and justified under the circumstances.

52.     Quinn Emanuel has made every effort to minimize disbursements of this nature in these cases.  Quinn Emanuel regularly reviews its bills to ensure that Voyager LLC is only billed for services that were actual and necessary.

**Basis for Relief**

53.     Section 331 of the Bankruptcy Code provides for interim compensation for services rendered and reimbursement of expenses in chapter 11 cases and incorporates the substantive standards of section 330 to govern the award of such compensation.

> [A]ny professional person . . . may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered . . . or reimbursement for expenses . . . as is provided under section 330 of this title. . . .

14

11 U.S.C. § 331.

54.    With respect to the level of compensation, section 330(a)(1)(A) of the Bankruptcy

Code provides, in pertinent part, that the Court may award to a professional person "reasonable

compensation for actual, necessary services rendered[.]"  Section 330(a)(3), in turn, provides that:

> In determining the amount of reasonable compensation to be awarded to . . . [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and expertise in the bankruptcy field; and
>
> (F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

55.    Quinn Emanuel respectfully submits that the services for which it seeks

compensation in this Application were, at the time rendered, necessary for and beneficial to the

Debtor Voyager LLC.  Quinn Emanuel performed the services for Voyager LLC efficiently and

effectively, and the results obtained benefited not only Voyager LLC, but also its creditors and

other parties in interest.  Quinn Emanuel further submits that the compensation requested herein

is reasonable in light of the nature, extent, and value of the services rendered.

56.     During the Interim Application Period, Quinn Emanuel's hourly billing rates for attorneys ranged from $425.00 to $2,130.00, prior to the application of the agreed 10% discount referenced above.  These rates and the corresponding rate structure reflect the great complexity, high stakes, and severe time pressures involved in these cases.  These hourly rates and the rate structure are equivalent to the hourly rates and corresponding rate structure used by Quinn Emanuel not only for restructuring, workout, bankruptcy, insolvency, and comparable matters, but also for other complex corporate, securities, and litigation matters, whether in-court or otherwise, regardless of whether a fee application is required.  Quinn Emanuel strives to be efficient in the staffing of all of its matters.

57.     Moreover, Quinn Emanuel's hourly rates are set at a level designed to compensate Quinn Emanuel fairly for the work of its attorneys and paraprofessionals and to cover certain fixed overhead expenses.  Hourly rates vary with the experience and seniority of each individual performing a particular service.  These hourly rates are subject to yearly adjustments to reflect economic and other conditions and are consistent with the rates charged by comparable firms.

58.     In sum, Quinn Emanuel respectfully submits that the professional services provided by its attorneys and paraprofessionals on behalf of Voyager LLC during the Interim Application Period were necessary and appropriate given the relevant factors set forth in section 330 of the Bankruptcy Code, *i.e.*, the complexity of these cases, the time expended, the nature and extent of the services provided, the value of such services, and the cost of comparable services outside of bankruptcy.  Accordingly, Quinn Emanuel respectfully submits that approval of compensation for the fees incurred for professional services and reimbursement of expenses sought herein is warranted.

### Reservation of Rights

59.     Although every effort has been made to include all fees and expenses incurred during the Interim Application Period, some fees and expenses might not be included in this Application due to delays in connection with accounting and processing of such time and expenses or for other reasons.  Accordingly, Quinn Emanuel reserves the right to make further applications to this Court for the allowance of additional fees and expenses incurred during the Interim Application Period that are not included herein.

### Notice

60.     Notice of this Application will be provided in accordance with the procedures set forth in the *Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [ECF No. 240].  Voyager LLC respectfully submits that no further notice is required.

### No Prior Request

61.     No previous request for the relief sought herein has been made by Quinn Emanuel to this or any other Court.

### Conclusion

WHEREFORE, Quinn Emanuel respectfully requests that the Court enter an order (i) allowing on an interim basis, (a) compensation to Quinn Emanuel of $3,162,787.20 for reasonable and necessary professional services rendered to Voyager LLC, and (b) $21,084.61 for reimbursement of actual and necessary costs and expenses incurred by Quinn Emanuel, for a total of $3,183,871.81; and (ii) granting such other relief as the Court deems proper and just.

Respectfully submitted this 20th day of December, 2022.

New York, New York

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

*/s/* SUSHEEL KIRPALANI
Susheel Kirpalani
Katherine Lemire
Kate Scherling
Zachary Russell
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:  (212) 849-7000
Facsimile:  (212) 849-7100

*Special Counsel to Debtor Voyager
Digital LLC.*

## Exhibit A

**Kirpalani Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                                  :
In re:                                                            :    Chapter 11
                                                                  :
VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[9]                      :    Case No. 22-10943 (MEW)
                                                                  :
                                      Debtors.                    :    (Jointly Administered)
                                                                  :
------------------------------------------------------------------x

**DECLARATION OF SUSHEEL KIRPALANI IN SUPPORT OF INTERIM**
**APPLICATION OF QUINN EMANUEL URQUHART & SULLIVAN, LLP**
**FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**
**INCURRED AS SPECIAL COUNSEL FOR VOYAGER DIGITAL, LLC FOR THE**
**PERIOD FROM JULY 13, 2022, THROUGH AND INCLUDING OCTOBER 31, 2022**

---

[9]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital, Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

1.      I am a partner at Quinn Emanuel Urquhart & Sullivan LLP ("Quinn Emanuel"), counsel to Voyager Digital LLC ("Voyager LLC").  I am admitted to the bar in the State of New York and have been admitted to practice in the United States Bankruptcy Court for the Southern District of New York.  I am one of the lead Quinn Emanuel attorneys working on Voyager LLC's chapter 11 case and I am familiar with the work performed on behalf of Voyager LLC by Quinn Emanuel.

2.      I have read the foregoing *First Interim Application of Quinn Emanuel Urquhart & Sullivan LLP for Allowance of Interim Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred as Special Counsel to Voyager Digital LLC from July 13, 2022 Through and Including October 31, 2022* (the  "First Interim Application").[10]  To the best of my knowledge, information and belief, the statements contained in the First Interim Application are true and correct and comply in material part with Local Bankruptcy Rule 2016-1(a) and the Local Guidelines.

3.      In accordance with the Local Guidelines, I certify that:

a.      I have read the First Interim Application.

b.      To the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Guidelines;

c.      The fees and disbursements sought are billed at rates in accordance with those customarily charged by Quinn Emanuel and generally accepted by Quinn Emanuel's clients[11]; and

d.      In providing a reimbursable service, Quinn Emanuel does not make a profit on that service, whether the service is performed by Quinn Emanuel in-house or through a third party.

---

[10]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the First Interim Application.

[11]   Indeed, Quinn Emanuel and Voyager LLC agreed to a 10% discount on Quinn Emanuel's customary fees.

4.     In accordance with the Local Guidelines, and as required by the Interim Compensation Order, I also certify that Quinn Emanuel has complied with provisions requiring it to provide Voyager LLC, the official committee of unsecured creditors (the "Committee"), and the U.S. Trustee with a statement of Quinn Emanuel's fees and disbursements accrued during the previous month.

5.     In accordance with the Local Guidelines, I further certify that Voyager LLC, the Committee, and the U.S. Trustee are each being provided with a copy of this Application.

6.     Quinn Emanuel responds to the questions identified in the U.S. Trustee Guidelines as follows:

**Question:**     Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the First Interim Application Period? If so, please explain.

Response:     Yes. As stated in footnote 3 of the First Interim Application, Quinn Emanuel agreed with Voyager LLC to a 10% discount of its customary fees.

**Question:**     If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

Response:     Not applicable.

**Question:**     Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

Response:     No.

**Question:**     Does this fee application include time or fees related to reviewing the time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.). If so, please quantify by hours and fees.

Response:     No.

**Question:**     Does the Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify hours and fees.

3

<u>Response</u>:        No.

7.        Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct to the best of my knowledge and belief.


Dated:  December 20, 2022                    <u>/s/ Susheel Kirpalani</u>
New York, New York                          Susheel Kirpalani
                                            Partner, Quinn Emanuel Urquhart & Sullivan, LLP

**Exhibit B**

**Summary of Fees By Subject Matter**

| Task Code | Project Category | Total Hours Billed | Amount |
|---|---|---|---|
| VO01 | Case Administration | 46.8 | $13,106.50 |
| VO02 | Fee Applications | 22.0 | $23,894.50 |
| VO03 | Employment Applications | 56.1 | $71,883.00 |
| VO05 | Special Committee Investigation | 2,584.1 | $3,405,324.00 |
| | **TOTALS:** | 2,709.0 | $3,514,208.00[12] |

---

[12]   As stated in footnote 3 above, the Net Billed Fees (which are the only fees requested herein) represent 90% of the total fees in the four invoices referenced herein.

**Exhibit C**

**Attorneys and Paraprofessionals' Information**

| Name | Position | Bar Admission | Hourly Rate | Total Hours Billed | Total Fees Incurred |
|---|---|---|---|---|---|
| Susheel Kirpalani | Partner | 1998 | $2,130 | 260.9 | $555,717.00 |
| Danielle Gilmore | Partner | CA 1994 | $1,770 | 15.8 | $27,966.00 |
| Katherine Lemire | Partner | 1998 | $1,770 | 136.9 | $242,313.00 |
| Eric M. Kay | Counsel | 1996 | $1,465 | 99.8 | $146,207.00 |
| Daniel Holzman | Counsel | 1999 | $1,350 | 139.8 | $188,730.00 |
| Katherine A. Scherling | Counsel | 2010 | $1,350 | 430.2 | $580,770.00 |
| Zachary Russell | Associate | 2017 | $1,270 | 624.3 | $779,657.00 |
| Meredith Mandell | Associate | 2017 | $1,270 | 293.9 | $367,221.00 |
| Joanna Caytas | Associate | 2018 | $1,165 | 492.1 | $554,060.50 |
| Daniel Needleman | Attorney | 1999 | $425 | 6.7 | $2,847.50 |
| Caitlin Garvey | Paralegal | N/A | $480 | 93.8 | $45,024.00 |
| Kathyann Small | Paralegal | N/A | $480 | 11.5 | $5,520.00 |
| James Bandes | Litigation Support | N/A | $250 | 1.3 | $325.00 |
| Steven Wong | Litigation Support | N/A | $175 | 97.8 | $17,115.00 |
| Anthony Bentancourt | Litigation Support | N/A | $175 | .2 | $35.00 |
| Jet Ma | Litigation Support | N/A | $175 | 3.1 | $542.50 |
| Daryl Lyew | Litigation Support | N/A | $175 | .9 | $157.50 |
| | **TOTALS:** | | ---[13] | 2,709.0 | $3,514,208.00 |

---

[13]    The blended rate for attorneys is $1,377.98/hour.  The blended rate for paraprofessionals excluding litigation support is $480.00/hour.  The blended rate for litigation support is $175.94/hour.

**Exhibit D**

**Summary of Expenses Incurred During the Interim Application Period**

**(July 13, 2022 – October 31, 2022)**

| Expense Categories | Amount |
|---|---|
| Document Reproduction | $50.10 |
| Color Document Reproduction | $74.80 |
| Velobind | $2.50 |
| Express Mail | $671.71 |
| Document Services | $9,797.45 |
| Messenger Services | $814.67 |
| Local Meals | $466.11 |
| Conference Fees | $350.00 |
| Meals During Travel | $34.16 |
| Hotel | $3,383.72 |
| Out of Town Travel | $499.06 |
| Air Travel | $2,770.60 |
| Online Research | $153.00 |
| Local Business Travel | $180.52 |
| Travel | $72.45 |
| Litigation Support (RelOne Active Hosting (per GB) | $263.76 |
| Litigation Support (RelOne User Fee) | $1,500 |
| **TOTALS:** | $21,084.61 |

**Exhibit E**

**Customary and Comparable Compensation**

| Category of Timekeeper | Blended Hourly Rate | | Blended Hourly Rate |
|---|---|---|---|
| | Billed Firm-wide for preceding fiscal year (FY2021) | Billed Firm-wide July 1, 2022 through October 31, 2022 | Billed to In Re Voyager Holdings S.A. et al from July 13, 2022 through October 31, 2022[14] |
| Partner | $1,235.77 | $1,351.65 | $1,997.09 |
| Counsel | $1,099.72 | $1,137.24 | $1,367.13 |
| Associate | $866.66 | $967.54 | $1,206.08 |
| Attorney (staff attorneys) | $383.55 | $402.64 | $425.00 |
| Paraprofessional | $360.30 | $405.30 | $480.00 |
| Litigation Support | $190.84 | $186.61 | $175.94 |
| Aggregated | $933.13 | $1,003.55 | $1,297.23 |

---

[14]    Each blended rate on this matter is prior to application of the 10% discount described in footnote 3 above.

**<u>Exhibit F</u>**

**<u>Quinn Emanuel Budget and Staffing Plan</u>**

Quinn Emanuel and Voyager LLC have not agreed on either a budget or a staffing plan.