**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**SUMMARY COVER SHEET TO THE FIRST INTERIM APPLICATION OF
CASSELS BROCK & BLACKWELL LLP FOR COMPENSATION FOR SERVICES
AND REIMBURSEMENT OF EXPENSES AS CANADIAN COUNSEL TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD
FROM JULY 29, 2022, THROUGH OCTOBER 31, 2022**

In accordance with the Local Rules for the Southern District of New York, Cassels Brock & Blackwell LLP ("Cassels" or the "Firm"), Canadian counsel to the Official Committee of Unsecured Creditors (the "Committee") of Voyager Digital Holdings, Inc. and its affiliated debtors (collectively, the "Debtors"), submits this summary (this "Summary") of fees and expenses sought as actual, reasonable, and necessary in the fee application to which this Summary is attached (the "Application") for the period from July 29, 2022, through October 31, 2022 (the "Application Period").

Cassels submits the Application as an interim fee application in accordance with the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals and (II) Granting Related Relief*, dated August 4, 2022 [Docket No. 236] (the "Interim Compensation Order").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of Voyager Digital Holdings, Inc.'s and Voyager Digital Ltd.'s principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003. Voyager Digital, LLC's principal place of business is 701 S. Miami Ave, 8th Floor, Miami, FL 33131.

| Name of Applicant: | Cassels Brock & Blackwell LLP |
|---|---|
| Name of client: | Official Committee of Unsecured Creditors of Voyager Digital Holdings, Inc., *et al.* |
| Time period covered by this application: | July 29, 2022, through October 31, 2022[2] |
| Total compensation sought this period: | CAD$107,292.60[3] |
| Total expenses sought this period: | CAD$258.09 |
| Petition Date: | July 5, 2022 |
| Retention Date: | October 18, 2022, effective as of July 29, 2022 |
| Date of order approving employment: | October 18, 2022 |
| Total compensation approved by interim order to date: | $0 |
| Total expenses approved by interim order to date: | $0 |
| Total allowed compensation paid to date: | $0 |
| Total allowed expenses paid to date: | $0 |
| Blended rate in this application for all lawyers: | CAD$946.87[4] |
| Blended rate in this application for all timekeepers: | CAD$905.00[5] |
| Compensation sought in this application already paid pursuant to a monthly compensation order but not yet allowed: | $0 |
| Expenses sought in this application already paid pursuant to a monthly compensation order but not yet allowed: | $0 |
| Number of professionals or paraprofessionals included in this application | 4 |
| If applicable, number of professionals in this application not included in staffing plan approved by client: | N/A |
| If applicable, difference between fees budgeted and compensation sought for this period: | N/A |
| Number of professionals or paraprofessionals billing fewer than 15 hours to the case during this period: | 1 |
| Are any rates higher than those approved or disclosed at retention? If yes, calculate and disclose the total compensation sought in this application using the rates originally disclosed in the retention application: | N/A |

---

[2] Cassels reserves the right to include any time expended in the Application Period in future application(s) if it is not included herein.

[3] Cassels has agreed to provide the Committee with a discount of 10% on its fees, which discount is reflected on each invoice. Cassels has also written off all time incurred by timekeepers with less than 5 hours incurred in a monthly period. This amount reflects the total compensation sought after such voluntary reductions.

[4] Does not reflect the 10% discount on fees included on each invoice.

[5] Does not reflect the 10% discount on fees included on each invoice.

Dated: December 20, 2022
Toronto, Ontario

**CASSELS BROCK & BLACKWELL LLP**

By:   */s/ Ryan C. Jacobs*

Name:   Ryan C. Jacobs

Title:   Partner

Cassels Brock & Blackwell LLP
Suite 2100, Scotia Plaza
40 King St. W.
Toronto, ON  M5H 3C2 Canada
Email: rjacobs@cassels.com
Telephone: +1 (416) 860 6465

*Canadian Counsel to the Official
Committee of Unsecured Creditors of
Voyager Digital Holdings, Inc., et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**FIRST INTERIM APPLICATION OF**
**CASSELS BROCK & BLACKWELL LLP FOR COMPENSATION FOR SERVICES**
**AND REIMBURSEMENT OF EXPENSES AS CANADIAN COUNSEL TO THE**
**OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD**
**FROM JULY 29, 2022 THROUGH OCTOBER 31, 2022**

Cassels Brock & Blackwell LLP ("Cassels"), Canadian counsel to the Official Committee of Unsecured Creditors (the "Committee") of Voyager Digital Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") in these chapter 11 cases (these "Chapter 11 Cases"), hereby submits its first interim fee application (the "Application"), pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1(a) of the Local Rules for the Southern District of New York (the "Local Rules"), requesting: (a) interim allowance and payment of compensation for professional services rendered by Cassels as Canadian counsel to the Committee from July 29, 2022 through October 31, 2022 (the "Application Period") in the amount of CAD$107,292.60; and (b) interim allowance and payment of the reimbursement of actual and necessary expenses incurred by Cassels during the Application Period in the amount of CAD$258.09. As of the date hereof,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Voyager Digital Holdings, Inc.'s and Voyager Digital Ltd.'s principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003. Voyager Digital, LLC's principal place of business is 701 S. Miami Ave, 8th Floor, Miami, FL 33131.

Cassels has not received payment under the Interim Compensation Order. In support of the Application, Cassels submits the declaration of Ryan C. Jacobs attached hereto as **Exhibit A** (the "Jacobs Declaration") and incorporated herein by reference. In further support of the Application, Cassels respectfully states as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and other bases for the relief requested herein are Bankruptcy Code sections 330 and 331, Rule 2016 of the Bankruptcy Rules, Rule 2016-1(a) of the Local Rules, the applicable provisions of the *Appendix B Guidelines* fo*r Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "UST Guidelines"), the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases* (the "Local Guidelines"), and the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Docket No. 236] (the "Interim Compensation Order").

## BACKGROUND

A.      **The Debtors' Chapter 11 Cases**

4.      On July 5, 2022, (the "Petition Date") each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their

business and manage their properties as debtors in possession pursuant to Bankruptcy Code

sections 1107(a) and 1108. No trustee or examiner has been appointed in these Chapter 11 Cases.

5.      On July 8, 2022, Voyager Digital Ltd. commenced an application under the

*Companies' Creditors Arrangement Act* (Canada) (the "CCAA"), seeking, among other things,

recognition of its Chapter 11 Case as a foreign main proceeding in Canada (the "Recognition

Proceedings"). On July 12, 2022, the Ontario Superior Court of Justice (Commercial List) (the

"Canadian Court") issued orders, among other things, recognizing the Chapter 11 Case of

Voyager Digital Ltd. as a foreign proceeding (subject to a further determination of whether the

Chapter 11 Case was a foreign main proceeding or foreign non-main proceeding), appointing

Alvarez & Marsal Canada Inc. as information officer (the "Information Officer"), and

recognizing certain other orders of the Court. On August 5, 2022, the Canadian Court granted an

amended and restated order confirming that the Chapter 11 Case of Voyager Digital Limited was

a "foreign main proceeding."

6.      On July 19, 2022, the Office of the United States Trustee (the "U.S. Trustee")

appointed the Committee pursuant to Bankruptcy Code section 1102. *See Amended Notice of*

*Appointment of Official Committee of Unsecured Creditors* [Docket No. 106].

7.      On August 4, 2022, the Court entered the Interim Compensation Order.

**B.      Retention of Cassels as Counsel to the Committee**

8.      On September 7, 2022, the Committee filed the *Application for Order Authorizing*

*the Employment and Retention of Cassels Brock & Blackwell LLP as Canadian Counsel to the*

*Official Committee of Unsecured Creditors of Voyager Digital Holdings, Inc. et al., Effective as*

*of July 29, 2022* [Docket No. 383].

9.      On October 18, 2022, the Court entered an *Order Authorizing the Employment and Retention of Cassels Brock & Blackwell LLP as Canadian Counsel to the Official Committee of Unsecured Creditors of Voyager Digital Holdings, Inc., et al., Effective July 29, 2022* (the "Retention Order") [Docket No. 550]. The Retention Order authorized Cassels to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

10.     On December 7, 2022, Cassels filed the *Combined First Monthly Fee Statement of Cassels Brock & Blackwell LLP for Compensation for Services and Reimbursement of Expenses as Canadian Counsel to the Official Committee of Unsecured Creditors of Voyager Digital Holdings, Inc., et al. for the Period from July 30, 2022 Through August 31, 2022* [Docket No. 705] ("First Monthly Fee Statement"), pursuant to which Cassels sought payment of CAD$59,937.84, which is equal to 80% of the total amount of compensation sought for actual and necessary legal services rendered (CAD$74,922.30) and allowance and payment of CAD$162.00 for the actual and necessary expenses that Cassels incurred in connection with such services.

11.     On December 7, 2022, Cassels filed the *Second Monthly Fee Statement of Cassels Brock & Blackwell LLP for Compensation for Services and Reimbursement of Expenses as Canadian Counsel to the Official Committee of Unsecured Creditors of Voyager Digital Holdings, Inc., et al. for the Period from September 1, 2022, Through September 30, 2022* [Docket No. 707] ("Second Monthly Fee Statement"), pursuant to which Cassels sought payment of CAD$9,338.04, which is equal to 80% of the total amount of compensation sought for actual and necessary legal services rendered (CAD$11,672.55). Cassels did not seek any expenses in the Second Monthly Fee Statement.

12.     On December 15, 2022, Cassels filed the *Third Monthly Fee Statement of Cassels Brock & Blackwell LLP for Compensation for Services and Reimbursement of Expenses as Canadian Counsel to the Official Committee of Unsecured Creditors of Voyager Digital Holdings, Inc., et al. for the Period from October 1, 2022, Through October 31, 2022* [Docket No. 740] ("Third Monthly Fee Statement"), pursuant to which Cassels sought payment of CAD$16,558.20, which is equal to 80% of the total amount of compensation sought for actual and necessary legal services rendered (CAD$20,697.75) and allowance and payment of CAD$96.09[2] for the actual and necessary expenses that Cassels incurred in connection with such services.

## SUMMARY OF PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED

13.     The Application has been prepared in accordance with the applicable provisions of the UST Guidelines, the Local Guidelines, and the Interim Compensation Order (collectively, the "Guidelines"). By the Application, Cassels requests allowance of interim compensation for professional services rendered to the Committee during the Application Period in the amount of CAD$107,292.60 and expense reimbursements of CAD$258.09. During the Application Period, Cassels lawyers and paraprofessionals expended a total of approximately 131.7 hours for which compensation is sought.

14.     In accordance with the Interim Compensation Order, Cassels filed and served the Monthly Fee statements described in Table 1 to the Application Recipients, as identified in the Interim Compensation Order.

---

[2]     This amount was incorrectly stated as CAD$96.06 on pages 1 and 2 of the Third Monthly Fee Statement.

**Table 1**

| Date Filed | Period Covered | Requested | | Preliminarily Allowed[3] | |
|---|---|---|---|---|---|
| | | Fees (100%) | Expenses (100%) | Fees (80%) | Expenses (100%) |
| December 7, 2022 [Docket No. 705] | July 30, 2022 – August 31, 2022 | CAD$74,922.30 USD$54,895.57 | CAD$162.00 USD$118.70 | N/A | N/A |
| December 7, 2022 [Docket No. 707] | September 1, 2022 – September 30, 2022 | CAD$11,672.55 USD$8,552.48 | CAD$0.00 USD$0.00 | N/A | N/A |
| December 15, 2022 [Docket No. 740] | October 1, 2022 – October 31, 2022 | CAD$20,697.75 USD$15,154.89 | CAD$96.09 USD$70.36 | N/A | N/A |

15.     The fees charged by Cassels in these Chapter 11 Cases are billed in accordance with its existing billing rates and procedures in effect during the Application Period (subject to the 10% discount agreed to with the Committee). The rates Cassels charges for the services rendered by its professionals and paraprofessionals (before applicable discounts) in connection with the Recognition Proceedings are the same rates Cassels charges for professional and paraprofessional services rendered in comparable non-bankruptcy related matters. Such fees are reasonable based on customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.

16.     All services for which Cassels requests compensation were performed for or on behalf of the Committee. Cassels has received no payment and no promises for payment from any source other than the Debtors for which services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between Cassels and any other person other than the partners of Cassels for the sharing of compensation to be received for services rendered in these Chapter 11 Cases. Cassels has not received a retainer in these Chapter 11 Cases.

---

[3]   Pursuant to the Interim Compensation Order, the deadline for objections to each of Cassels's monthly fee statements has not yet passed and as such, as of this Application, no fees or expenses are currently preliminarily allowed.

17.     Pursuant to the Local Guidelines, Cassels has classified all services performed for which compensation is sought for this period into one of several major categories. Cassels attempted to place the services performed in the category that best relates to the service provided. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category.

18.     **Exhibit B** sets forth a timekeeper summary that includes the respective names, positions, department, bar admissions, hourly billing rates, and aggregate hours spent by each Cassels professional and paraprofessional that provided services to the Committee during the Application Period. **Exhibit C** sets forth a task code summary that includes the aggregate hours per task code spent by Cassels professionals and paraprofessionals in rendering services to the Committee during the Application Period. **Exhibit D** sets forth a disbursement summary that includes the aggregate expenses, organized by general disbursement categories, incurred by Cassels in connection with services rendered to the Committee during the Application Period.

19.     Cassels maintains computerized records of the time spent by Cassels lawyers and paraprofessionals in connection with the representation of the Committee. **Exhibit E** sets forth Cassels's computerized records of time expended providing professional services to the Committee and Cassels's computerized records of expenses incurred during the Fee Period in the rendition of professional services to the Committee.

## SUMMARY OF SERVICES PERFORMED BY CASSELS DURING THE APPLICATION PERIOD

20.     As described in more detail below, during the Application Period, the Committee was confronted with a variety of complex legal issues that required effort and attention from Cassels and the Committee's other professionals on an expedited timeframe. As described below, the services provided by Cassels during this Application Period were actual and necessary for the

administration of these Chapter 11 Cases and the Recognition Proceedings, performed at the request of the Committee, commensurate with the complexity and significance of the tasks, and provided substantial benefits to unsecured creditors.

21.    The following is a summary of the professional services rendered by Cassels for the Committee during the Application Period. The following summary is organized in accordance with the internal system of task codes based on the Local Guidelines set up by Cassels at the outset of these Chapter 11 Cases. Task codes for which no time was billed are not included below. Cassels reserves the right to bill time to such task codes during the subsequent periods.

**A. Case Administration**
**Cassels Billing Code: B110**
**Fees: $1,579.50/Hours Billed: 2.0**

22.    This category relates to work regarding administration of the Chapter 11 Cases and the Recognition Proceedings. During the Application Period, Cassels, among other things: (i) reviewed and analyzed case background documents; (ii) monitored key dates and deadlines in the Chapter 11 Cases for their impact on the Recognition Proceedings; and (iii) analyzed the US docket for updates that may impact the Recognition Proceedings.

**B. Asset Disposition**
**Cassels Billing Code B130**
**Fees: $684.50/Hours Billed: 0.7**

23.    Time billed to this category includes time related to reviewing the Debtors' proposed asset sale, the applicable agreement, and the proposed next steps in Canada.

**C. Meetings/Communications with Creditor**
   **Cassels Billing Code: B150**
   **Fees: $401.50/Hours Billed: 0.5**

24.    Time billed to this category relates primarily to communications with the

Committee regarding the various filings and strategies of the case. During the Application

Period, Cassels, among other things, participated a status call with the Committee regarding case

issues and strategy, as requested.

**D. Court Hearings**
   **Cassels Billing Code: B155**
   **Fees: $3,828.50/Hours Billed: 4.7**

25.    During the Application Period, Cassels attended a hearing before the U.S.

Bankruptcy Court regarding matters that were expected to be addressed before the Canadian

Court in the Recognition Proceedings. Cassels limited its involvement in the U.S. hearings to

matters that would involve: (i) the Canadian proceedings; or (ii) the advice that may be requested

by the Committee or U.S. counsel in connection with cross-border issues.

**E. Fee/Employment Applications**
   **Cassels Billing Code: B160**
   **Fees: $16,554.50/Hours Billed: 24.1**

26.    This category includes time spent by Cassels's professionals and

paraprofessionals providing services related to the retention of Cassels as the Committee's

Canadian counsel and time in connection with the preparation of fee statements.

27.    Specifically, with respect to the retention of Cassels as the Committee's Canadian

counsel, Cassels's professionals and paraprofessionals spent time preparing pleadings and

completed a comprehensive conflict analysis under applicable Canadian law necessary to obtain

the order of the Court approving the employment of Cassels to represent the Committee.

**F. Plan and Disclosure Statement**
   **Cassels Billing Code: B320**
   **Fees: $3,052.00/Hours Billed: 3.3**

28.    Time billed to this category relates to research and correspondence regarding the

Debtors' plan and disclosure statement. During the Application Period, Cassels, among other

things: (i) reviewed and considered certain Canadian implications to the Plan and Disclosure

Statement; and (ii) communicated with U.S. counsel regarding the Plan and Disclosure

Statement.

**G. Foreign Proceedings**
   **Cassels Billing Code: B470**
   **Fees: $93,113.50/Hours Billed: 96.4**

29.    Time billed to this category relates to Cassels's services in connection with the

Recognition Proceedings, including: (i) reviewing and summarizing the motion materials filed by

the Debtors and equity holders and the reports filed by the Information Officer; (ii) facilitating a

discussion between U.S. counsel and the Information Officer regarding intercompany issues; (iii)

advising the Committee and U.S. Counsel on Canadian procedure and legal matters, including

positions advocated by other parties; and (iv) attending hearings before the Canadian Court.

Cassels worked closely with the other Canadian professionals to ensure that the Committee

received up to date information and to respond to inquiries from the Committee and U.S.

Counsel.

## ACTUAL AND NECESSARY EXPENSES

30.    As set forth on **Exhibit D**, Cassels seeks allowance of reimbursement in the

amount of CAD$258.09 for expenses incurred during the Application Period in the course of

providing professional services to the Committee. The expenses incurred were limited to court

and filing fees, and charges for telephonic hearing appearances charges. These charges are

intended to cover Cassels's direct operating costs, which are not incorporated into Cassels's hourly billing rates. Only clients who actually use services of the types set forth in **Exhibit D** are separately charged for such services. Cassels made every effort to minimize its disbursements in these Chapter 11 Cases. The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Committee.

## **BASIS FOR RELIEF**

31.     Bankruptcy Code section 331 provides for the allowance of interim compensation for services rendered and reimbursement of expenses in bankruptcy cases:

> Any professional person . . . may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered . . . as is provided under section 330 of this title.

11 U.S.C. § 331.

32.      Section 330 provides that a court may award a professional employed under Bankruptcy Code section 327 "reasonable compensation for actual necessary services rendered and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . ., the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;
>
> (C)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)     whether the services were performed within a reasonable amount of time commensurate with the

11

> complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3). The clear Congressional intent and policy expressed by the statute is to provide for adequate compensation to professionals in order to continue to attract qualified and competent bankruptcy practitioners to bankruptcy cases. *See In re Drexel Burnham Lambert Group, Inc.*, 133 B.R. 13, 20 (Bankr. S.D.N.Y. 1991) ("Congress' objective on requiring that the market, not the Court, establish lawyers' rates was to ensure that bankruptcy cases were staffed by appropriate legal specialists."); *In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 850 (3d Cir. 1994) ("Congress rather clearly intended to provide sufficient economic incentive to lure competent bankruptcy specialists to practice in the bankruptcy courts.").

33.    In assessing the "reasonableness" of the fees requested, courts have looked to a number of factors, including those first enumerated by the Fifth Circuit in *In re First Colonial Corp. of America*, 544 F.2d 1291, 1298–99 (5th Cir. 1977), and thereafter adopted by most courts. *See In re Nine Assocs., Inc.*, 76 B.R. 943, 945 (S.D.N.Y. 1987) (adopting *First Colonial/Johnson* analysis); *In re Cuisine Magazine, Inc.*, 61 B.R. 210, 212–13 (Bankr. S.D.N.Y 986) (same). Among other things, such factors include: (i) the time and labor required; (ii) the novelty and difficulty of the legal questions involved; (iii) the skill requisite to perform the legal services properly; (iv) the preclusion of other employment by applicant due to acceptance of the case; (v) the customary fees for matters of this type; (vi) the amounts involved; and (vii) the

experience, reputation and ability of the lawyers. Cassels respectfully submits that application of such factors supports allowance of the compensation requested by Cassels.

a. **Time and Labor Required**: Cassels billed a total of CAD$107,292.60 (after applicable discounts) and 131.7 hours, of professional and paraprofessional services during the Application Period. As evidenced by this Application, Cassels professionals and paraprofessionals worked diligently and efficiently without unnecessary duplication of efforts throughout the Application Period. Whenever possible, Cassels sought to minimize the costs of Cassels's services to the Committee by utilizing more junior lawyers to handle the more routine aspects of the assignments. The services were performed in an effective and efficient manner commensurate with the complexity, exigency, and importance of the issues involved. In addition, Cassels's representation of the Committee has required it to balance the need to provide quality services with the need to act quickly and represent the Committee in an effective, efficient, and timely manner. Cassels submits that the hours spent were reasonable given the size and complexity of the Chapter 11 Cases, and the Recognition Proceedings.

b. **Novelty and Difficulty of the Legal Questions Involved**: Cassels tasked knowledgeable lawyers to analyze and advise the Committee on difficult and complex issues during the Application Period, including issues related to the recognition of a foreign proceeding and the role of a Canadian court in appointing representative counsel and resolving complex cross border questions.

c. **Skill Requisite to Perform the Legal Services Properly**: Cassels believes that its recognized expertise in the areas of financial restructuring and corporate reorganization, with particular experience in cross border matters has contributed to the effective administration of the Chapter 11 Cases and the Recognition Proceedings and benefited the Committee, the Debtors, their estates, and their unsecured creditors. Due to the nature and complexity of the legal issues presented by the Chapter 11 Cases, Cassels was required to exhibit a high degree of legal skill. Additionally, Cassels's strong working relationship with Canadian advisors to other parties in interest and the Information Officer, as well as Cassels's strong relationship with the Committee's U.S. counsel, enabled Cassels to work towards efficient resolution of the issues presented.

d. **Preclusion of Other Employment by Applicant Due to Acceptance of the Case**: Due to the size of Cassels's restructuring departments, Cassels's representation of the Committee did not preclude its acceptance of new clients.

e. **Customary Fees for Matters of this Type**: The fees charged by Cassels in the Chapter 11 Cases are billed in accordance with its existing billing rates and procedures in effect during the Application Period, subject to the agreed 10% discount on fees. The rates Cassels charges for the services rendered by its professionals and paraprofessionals in the Recognition Proceedings are comparable

13

to the rates Cassels charges for professional and paraprofessional services rendered in comparable non-bankruptcy related matters. Moreover, when Cassels's restructuring professionals and paraprofessionals work on non-bankruptcy matters, the firm generally charges their standard rate. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market. In addition, the firm's customary hourly rates and rate structure reflect that restructuring and related matters typically involve great complexity, numerous tasks requiring a high level of expertise, and severe time pressures, as is the case here.

f.    **Whether the Fee is Fixed or Contingent**: Pursuant to Bankruptcy Code sections 330 and 331, all fees sought by professionals employed under Bankruptcy Code section 1103 are contingent pending final approval by the Court and are subject to adjustment depending on the services rendered and the results obtained. The contingency of full and actual compensation to Cassels increased the risk Cassels was assuming by representing the Committee in the Chapter 11 Cases.

g.    **Time Limitations Imposed by the Client or Other Circumstances**: Given the nature of cross border matters, Cassels was required to respond quickly and efficiently when matters were discussed in the Chapter 11 cases that may impact the Recognition Proceedings. Cassels was prepared to meet the timelines requested.

h.    **Amounts Involved and Results Obtained**: Cassels's professionals and paraprofessionals worked diligently to maximize value for the Debtors' estates and creditors. During the Application Period, and as described in the summary of services herein.

i.    **Undesirability of the Cases**: This factor is not applicable to the Chapter 11 Cases.

j.    **The Experience, Reputation, and Ability of the Lawyers**: Cassels is a Canadian law firm that is consistently recognized as a top tier law firm in the field of Insolvency and Restructuring. During the Application Period, Cassels solicited the skill and expertise of its lawyers. Cassels's professionals have actively represented debtors, creditors and creditors' committees, as well as other parties in interests, in a number of the latest cross border restructurings. Cassels extensive experience enables it to perform the services described herein competently and expeditiously.

k.    **Nature and Length of Professional Relationship**: Cassels has been rendering professional services to the Committee since it was selected as counsel to the Committee on July 29, 2022.

34.    For the foregoing reasons, Cassels respectfully submits that the services rendered by Cassels were necessary and beneficial to the Committee and performed in a timely manner.

14

The compensation requested during the Application Period is reasonable in light of the nature, extent and value of the professional services performed during the Chapter 11 Cases. Accordingly, Cassels respectfully submits that the Court approve the compensation for professional services and reimbursement of expenses sought herein.

### **STATEMENT PURSUANT TO APPENDIX B GUIDELINES**

35.      The following is provided in response to the request for additional information set forth in Section C.5 of the UST Trustee Guidelines:

**Question**:    Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

**Response**:    Cassels agreed to a 10% discount on fees. The discount is reflected on the invoices rendered each month.

**Question**:    If the fees sought in this application as compared to the fees budgeted for the Application Period are higher by 10% or more, did you discuss the reasons for the variation with the client?

**Response**:    Not applicable.

**Question**:    Have any of the professionals included in this application varied their hourly rate based on the geographic location of the bankruptcy case?

**Response**:    No.

**Question**:    Does the application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.) If so, please quantify by hours and fees?

**Response**:    No.

**Question**:    Does this application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

**Response**:    No.

**Question**:    If the application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation consistent with ABA Formal Ethics Opinion 11-458??

**Response**:    Not applicable.

## RESERVATION OF RIGHTS

36.    It is possible that some professional or paraprofessional time expended, or expenses incurred by Cassels, are not reflected in this Application. Cassels reserves the right to include such amounts in future fee applications.

## NO PRIOR REQUEST

37.    No prior application for the relief requested herein has been made to this or any other court.

## NOTICE

38.    Pursuant to the Interim Compensation Order, notice of this First Interim Fee Application has been served upon: (i) Voyager Digital Holdings, Inc., 33 Irving Place, Suite 3060, New York, NY 10003 (Attn.: David Brosgol and Brian Nistler); (ii) counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022 (Attn.: Joshua A. Sussberg, P.C., Christopher Marcus, P.C., Christine A. Okike, P.C. and Allyson B. Smith), email: jsussberg@kirkland.com, cmarcus@kirkland.com, christine.okike@kirkland.com, allyson.smith@kirkland.com; and (iii) United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn.: Richard Morrissey and Mark Bruh), email: richard.morrissey@usdoj.gov; mark.bruh@usdoj.gov. A copy of this Application is also available on the website of the Debtors' claims, noticing, and solicitation agent at

https://cases.stretto.com/Voyager. The Committee submits that, in light of the nature of the relief

requested, no other or further notice need be given.

## CONCLUSION

WHEREFORE, Cassels respectfully requests that this Court enter an order: (a) allowing

Cassels: (i) interim compensation for services rendered and expenses incurred during the

Application Period in the amount of CAD$107,292.60; and (ii) reimbursement of actual and

necessary costs and expenses in the amount of CAD$258.09; and (b) granting any other relief

that this Court deems necessary and appropriate.

Dated: December 20, 2022        **CASSELS BROCK & BLACKWELL LLP**
Toronto, Ontario

By:   */s/ Ryan C. Jacobs*
Name:   Ryan C. Jacobs
Title:   Partner

Cassels Brock & Blackwell LLP
Suite 2100, Scotia Plaza
40 King St. W.
Toronto, ON  M5H 3C2 Canada
Email: rjacobs@cassels.com
Telephone: +1 (416) 860 6465

*Canadian Counsel to the Official
Committee of Unsecured Creditors of
Voyager Digital Holdings, Inc., et al.*

17

**EXHIBIT A**

**Jacobs Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF RYAN C. JACOBS IN SUPPORT OF THE FIRST INTERIM**
**APPLICATION OF CASSELS BROCK & BLACKWELL LLP FOR INTERIM**
**ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND**
**REIMBURSEMENT OF EXPENSES AS CANADIAN COUNSEL TO THE**
**OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD**
**FROM JULY 29, 2022 THROUGH OCTOBER 31, 2022**

Under 28 U.S.C. § 1746, I, Ryan C. Jacobs, declare as follows under the penalty of perjury:

1.     I am a Partner of the firm of Cassels Brock & Blackwell LLP ("Cassels"),
Canadian counsel to the Official Committee of Unsecured Creditors (the "Committee") in the
above-captioned chapter 11 cases (the "Chapter 11 Cases"). I am a lawyer admitted to practice in
the Province of Ontario and in the State of New York. Cassels maintains offices at, among other
places, 40 King Street West, Toronto, Ontario Canada M5H 3C2. There are no disciplinary
proceedings pending against me.

2.     Cassels submits this first application for interim compensation in accordance with
sections 330 and 331 of title 11 of the United States Code, Rule 2016 of the Federal Rules of
Bankruptcy Procedure, Rule 2016-1(a) of the Local Rules for the Southern District of New York,
the applicable provisions of  Appendix A and Appendix B of the *Guidelines* for *Reviewing*

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC
(8013). The location of the Voyager Digital Holdings, Inc.'s and Voyager Digital Ltd.'s principal place of
business is 33 Irving Place, Suite 3060, New York, NY 10003. Voyager Digital, LLC's principal place of
business is 701 S. Miami Ave, 8th Floor, Miami, FL 33131.

*Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Lawyers in Larger Chapter 11 Cases* (the "UST Guidelines"), the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases* (the "Local Guidelines"), and the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Docket No. 236] (the "Interim Compensation Order" and, together with the UST Guidelines and Local Guidelines, the "Guidelines").

3.      I am the professional designated by Cassels with the responsibility for Cassels's compliance with the Guidelines in these Chapter 11 Cases. This certification is made in respect of Cassels's application, dated December 20, 2022 (the "Application"), for interim allowance of compensation for professional services and reimbursement of expenses for the period commencing July 29, 2022 through and including October 31, 2022 (the "Application Period") in accordance with the Guidelines.

4.      Pursuant to paragraph B.1 of the Local Guidelines, I certify that:

a.      I have read the Application;

b.      To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Guidelines, except as specifically set forth herein;

c.      The fees and disbursements sought are billed at rates and in accordance with practices customarily employed by Cassels and generally accepted by Cassels's clients; and

d.      In providing a reimbursable service, Cassels does not make a profit on that service, whether the service is performed by Cassels in-house or through a third party.

5.      With respect to Section B.2 of the Local Guidelines, I certify that the Committee, the Debtors, and the U.S. Trustee have all been provided with a statement of the fees and disbursements accrued during each month subject to the Application, containing a list of

2

professionals and paraprofessionals providing services, their respective billing rates, the

aggregate hours spent by each professional and paraprofessional, a general description of

services rendered, a reasonably detailed breakdown of the disbursements incurred and an

explanation of billing practices. Due to administrative limitations and the fast-paced nature of

these Chapter 11 Cases, such statements were not provided within the time frame set forth in the

Local Guidelines but were in compliance with the Interim Compensation Order.

6.    With respect to Section B.3 of the Local Guidelines, I certify that the Committee,

the Debtors, and the U.S. Trustee will each be provided with a copy of the Application

concurrently with the filing thereof and will have at least 14 days to review such Application

prior to any objection deadline with respect thereto.

7.    The following is provided in response to the request for additional information set

forth in section C.5. of the UST Guidelines:

**Question**:    Did you agree to any variations from, or alternatives to, your standard or
customary billing arrangements for this engagement?

**Response**:    Cassels agreed to a 10% discount on fees. The discount is reflected on the
invoices rendered each month.

**Question**:    If the fees sought in this application as compared to the fees budgeted for
the Application Period are higher by 10% or more, did you discuss the
reasons for the variation with the client?

**Response**:    Not applicable.

**Question**:    Have any of the professionals included in this application varied their hourly
rate based on the geographic location of the bankruptcy case?

**Response**:    No.

**Question**:    Does the application include time or fees related to reviewing or revising
time records or preparing, reviewing, or revising invoices? (This is limited
to work involved in preparing and editing billing records that would not be
compensable outside of bankruptcy and does not include reasonable fees for
preparing a fee application.) If so, please quantify by hours and fees?

3

**Response**:    No.

**Question**:    Does this application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

**Response**:    No.

**Question**:    If the application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation consistent with ABA Formal Ethics Opinion 11-458??

**Response**:    Not applicable.

Dated: December 20, 2022
Toronto, Ontario

                              /s/ *Ryan C. Jacobs*
                              Ryan C. Jacobs

## **EXHIBIT B**

**Timekeeper Summary**

| Timekeeper Name | Title | Dept. | Year Admitted to Bar | Hourly Rate (CAD) | Billed Hours | Billed Amount[1] |
|---|---|---|---|---|---|---|
| Shayne Kukulowicz | Partner | Restructuring and Insolvency | Ontario 1990, Alberta 2016 | $1,075.00 | 50.3 | $54,072.50 |
| Ryan Jacobs | Partner | Restructuring and Insolvency | New York 2004, Ontario 2011 | $1,150.00 | 22.3 | $25,645.00 |
| Natalie Levine | Partner | Restructuring and Insolvency | New York 2008, District of Columbia 2011, Ontario 2013 | $735.00 | 51.8 | $38,073.00 |
| Natalie Thompson[2] | Associate/Student | Restructuring and Insolvency | Alberta 2022 | $195.00 | 7.3 | $1,423.50 |
| **TOTALS** | | | | | 131.7 | $119,214.00 |

---

[1] Does not reflect 10% discount applied on individual invoices.

[2] Ms. Thompson was billed at the lower rate charged by Cassels for its articling students until she was admitted to the bar in September 2022.

**<u>EXHIBIT C</u>**

**Summary of Fees by Task Code**

| Matter Number | Matter Category Description | Total Hours | Total Fees[1] |
|---|---|---|---|
| B110 | Case Administration | 2.0 | $1,579.50 |
| B130 | Asset Disposition | 0.7 | $684.50 |
| B150 | Creditor Meetings and Communication | 0.5 | $401.50 |
| B155 | Court Hearings | 4.7 | $3,828.50 |
| B160 | Fee/Employment Applications | 24.1 | $16,554.50 |
| B320 | Plan and Disclosure Statement | 3.3 | $3,052.00 |
| B470 | Foreign Proceedings | 96.4 | $93,113.50 |
| **TOTALS** | | **131.7** | **$119,214.00** |

---

[1] Does not reflect 10% discount applied on individual invoices.

## **EXHIBIT D**

**Summary of Actual and Necessary Expenses**

## Expense Summary

| Expense Category | Amount |
|------------------|--------|
| Court/Filing Fees | $162.00 |
| Court Telephonic Participation | $96.09 |
| **TOTAL** | **$258.09** |

## **EXHIBIT E**

**Time and Expense Records**

Cassels Brock & Blackwell LLP                                                    Page 2 of 7
Official Committee of Unsecured Creditors of Voyager Digital          Invoice No: 2182387
Holdings, Inc
Re: CCAA Recognition Proceedings                                     Matter No. 057782-00001

| | FEE DETAIL | | | |
|---|---|---|---|---|

| Date | Name | Task | Description | Hours |
|---|---|---|---|---|
| Jul-31-22 | R. Jacobs | B160 | Draft engagement letter for Committee (.6); correspondence with D. Azman of MWE regarding same (.1); | 0.70 |
| Aug-01-22 | R. Jacobs | B470 | Review of CCAA proceeding documents (.7); attend call with D. Azman and N. Levine and advise of same (.4); outline summary for memo for Committee (.4); | 1.50 |
| Aug-01-22 | N. Levine | B320 | Review plan documents; | 1.00 |
| Aug-01-22 | N. Levine | B470 | Participate in call with D. Azman and R. Jacobs re CCAA proceedings (.4); correspond with Canadian counsel to company (S. Brotman) and Information Officer re service list (L. Rogers) (.1); correspond with C. McIntyre re proceedings (.1); | 0.60 |
| Aug-02-22 | N. Levine | B470 | Call with counsel to the Information Officer (C. McIntyre) (.4); review CCAA pleadings (2); review new notice of motion (.4); correspondence with S. Brotman re CCAA (.1); revise summary for UCC (1.1); | 4.00 |
| Aug-02-22 | S. Kukulowicz | B470 | Review CCAA documents to prepare for hearing; | 2.80 |
| Aug-02-22 | R. Jacobs | B470 | Correspondence with D. Azman regarding CCAA status and hearings (.2); review motion record and relief sought by class action plaintiff (1.2); draft correspondence to N. Levine regarding action on same (.1); | 1.50 |
| Aug-03-22 | S. Kukulowicz | B470 | Review documents re proposed class action (1); telephone attendance with R. Jacobs regarding class action (.2); further review of initial CCAA recognition pleadings and US Chapter 22 pleadings (3); | 4.20 |
| Aug-03-22 | R. Jacobs | B470 | Revise draft memorandum for UCC regarding CCAA proceeding and recommendations on plaintiff motions (.9); discuss with N. Levine (.2); attend meeting with S. Brotman (company counsel) and N. Levine (.5); update correspondence to D. Azman (.2); call with S. Kukulowicz re background (.2); | 2.00 |
| Aug-03-22 | N. Levine | B470 | Participate in call with D. Richer, S. Brotman (company counsel) and R. Jacobs (.5); correspond with D. Azman re hearing in Canada and update to committee (.3); draft additional materials for committee (.2); review US plan issues to address NOM (.8); | 1.80 |
| Aug-04-22 | N. Levine | B470 | Review all Canadian motion materials (2); review cross examination questions from Company counsel (.2); | 2.20 |
| Aug-04-22 | N. Levine | B110 | Review US materials to analyze CCAA schedule; | 0.90 |

Cassels Brock & Blackwell LLP

Official Committee of Unsecured Creditors of Voyager Digital
Holdings, Inc

Re: CCAA Recognition Proceedings

Page 3 of 7

Invoice No: 2182387

Matter No. 057782-00001

| Date | Name | Task | Description | Hours |
|------|------|------|-------------|-------|
| Aug-04-22 | S. Kukulowicz | B470 | Review memorandum to UCC regarding Canadian proceedings (.2); analyze current CCAA stay against D&O (.2); review of summary of US docket materials (.5); review of motion record of Class Action Plaintiff and review of prior pleadings regarding COMI and foreign main proceeding (3.4); review of CCAA court endorsement regarding "foreign main proceeding" (.2); review of written cross-examination questions for class action plaintiff (.3); | 4.80 |
| Aug-04-22 | R. Jacobs | B470 | Review CCAA Court decision on recognition (.3); report to D. Azman re same (.2); respond to related inquiries from D. Azman (.1); review motion record filed by plaintiffs and correspondence from Fasken regarding interrogatories (.6); | 1.20 |
| Aug-05-22 | N. Levine | B470 | Review motion materials (.9); discuss same with S. Kukulowicz (.6); | 1.50 |
| Aug-05-22 | S. Kukulowicz | B470 | Conference call with N. Levine regarding class action plaintiff materials and CCAA court's endorsement (.6); review of summary of US orders granted on August 4, 2022 (.5); correspond with D. Azman (committee counsel) re orders (.2); review of responses to written cross-examination questions (.2); further review of class action counsel motion materials (2.4); | 3.90 |
| Aug-06-22 | N. Levine | B160 | Correspond with D. Azman re retention; | 0.10 |
| Aug-06-22 | N. Levine | B470 | Analyze Canadian motion record (.5); draft email re issues to D. Azman (.1); | 0.60 |
| Aug-06-22 | S. Kukulowicz | B470 | Review of VDL motion record for recognition of US court orders; | 0.80 |
| Aug-07-22 | N. Levine | B470 | Correspond with D. Azman re case strategy; | 0.10 |
| Aug-07-22 | S. Kukulowicz | B470 | Review of amended affidavit of class action plaintiff; | 0.30 |
| Aug-07-22 | R. Jacobs | B470 | Review amended affidavit evidence filed by plaintiff (0.2) and correspondence with Cassels team regarding same (0.2); | 0.40 |
| Aug-08-22 | N. Levine | B470 | Prepare for hearing (.5); participate in hearing (.5); discuss Canadian materials with R. Jacobs and S. Kukulowicz (.4); review endorsement (.1); | 1.50 |
| Aug-08-22 | N. Levine | B150 | Participate in committee meeting (.3); prepare for same (.1); | 0.40 |
| Aug-08-22 | S. Kukulowicz | B470 | Review of First Report of the Information Officer; | 0.60 |
| Aug-08-22 | S. Kukulowicz | B470 | Attended hearing in CCAA proceedings (.5); prepare for same (1.1); | 1.60 |
| Aug-08-22 | S. Kukulowicz | B150 | Office conference with N. Levine regarding UCC meeting; | 0.10 |
| Aug-08-22 | S. Kukulowicz | B470 | Prepare for August 8 hearing; | 0.50 |
| Aug-08-22 | S. Kukulowicz | B470 | Review of court endorsement; | 0.30 |

Official Committee of Unsecured Creditors of Voyager Digital                Invoice No: 2182387
Holdings, Inc
Re: CCAA Recognition Proceedings                                           Matter No. 057782-00001

| Date | Name | Task | Description | Hours |
|------|------|------|-------------|-------|
| Aug-08-22 | R. Jacobs | B470 | Correspondence with D. Azman regarding CCAA hearing (.2); call with N. Levine regarding reporting to UCC (.1); review Information Officers report (.7); | 1.00 |
| Aug-09-22 | N. Levine | B110 | Review US docket updates; | 0.10 |
| Aug-09-22 | N. Levine | B470 | Review IOs report (.5); draft email to US counsel re same (.1); discuss hearing submissions with S. Kukulowicz (.3); draft additional correspondence to D. Simon re Canadian proceedings (.3); | 1.20 |
| Aug-09-22 | N. Levine | B160 | Correspond with D. Azman and B. Nasri re retention application; | 0.10 |
| Aug-09-22 | S. Kukulowicz | B470 | Review of Court materials; | 0.80 |
| Aug-09-22 | R. Jacobs | B470 | Review class plaintiff's factum; | 0.80 |
| Aug-09-22 | S. Kukulowicz | B470 | Office conference with N. Levine regarding various issues for hearing; | 0.30 |
| Aug-10-22 | N. Levine | B110 | Draft email G. Steinman re retention materials; | 0.10 |
| Aug-10-22 | N. Levine | B470 | Call with S. Kukulowicz re motion materials (.2); draft email to D. Price re motion materials (.1); review motion materials (1); call with S. Kukulowicz re research issues (.3); analysis of research (.5); call with S. McIntyre re hearing (.1); review applicant factum (.4); prepare for hearing (.2); | 2.80 |
| Aug-10-22 | R. Jacobs | B470 | Review Company factum; | 0.50 |
| Aug-10-22 | R. Jacobs | B470 | Prepare for contested CCAA hearing; | 0.50 |
| Aug-10-22 | S. Kukulowicz | B470 | Review of additional case law (Grace decisions and pleadings); | 0.40 |
| Aug-10-22 | S. Kukulowicz | B470 | Discussion with plaintiff's counsel (S. Graff) (.6); correspond with N. Levine and R. Jacobs re same (.3); | 0.90 |
| Aug-10-22 | S. Kukulowicz | B470 | Review of VDL factum; | 1.10 |
| Aug-10-22 | S. Kukulowicz | B470 | Correspond with counsel for Proposed Plaintiffs (S. Graff); | 0.60 |
| Aug-10-22 | S. Kukulowicz | B470 | Review of factum and authorities filed by Proposed Plaintiff; | 1.20 |
| Aug-10-22 | S. Kukulowicz | B470 | Telephone attendance with N. Levine regarding research; | 0.30 |
| Aug-11-22 | R. Jacobs | B470 | Draft update email to D. Azman regarding CCAA hearing; | 0.10 |
| Aug-11-22 | R. Jacobs | B470 | Attend CCAA hearing regarding appointment of equity committee; | 1.00 |
| Aug-11-22 | S. Kukulowicz | B470 | Participated in Court hearing for recognition order and to oppose motion by Proposed Plaintiff for Representative Counsel (1); prepare for same (.4); | 1.40 |
| Aug-11-22 | S. Kukulowicz | B470 | Prepare for Court hearing; | 1.10 |
| Aug-11-22 | N. Levine | B110 | Brief review of US docket updates; | 0.10 |
| Aug-11-22 | N. Levine | B470 | Review complaint for Canadian stay issues (.7); correspond with US counsel re hearing (.1); | 0.80 |

Cassels Brock & Blackwell LLP                                                      Page 5 of 7
Official Committee of Unsecured Creditors of Voyager Digital          Invoice No: 2182387
Holdings, Inc
Re: CCAA Recognition Proceedings                                      Matter No. 057782-00001

| Date | Name | Task | Description | Hours |
|------|------|------|-------------|-------|
| Aug-12-22 | N. Levine | B470 | Review Cavanagh J. endorsement re equity committee (.1); review correspondence to D. Simon re same (.1); correspond with G. Steinmann re Canadian proceedings (.1); | 0.30 |
| Aug-12-22 | N. Levine | B110 | Review US docket for Canadian issues; | 0.10 |
| Aug-12-22 | S. Kukulowicz | B470 | Review of decision denying request by Proposed Plaintiff to appoint Rep Counsel for equity holders and related emails; | 0.50 |
| Aug-14-22 | N. Levine | B320 | Review revised plan docs for Canadian issues; | 0.10 |
| Aug-15-22 | R. Jacobs | B320 | Review plan and disclosure statement; | 1.10 |
| Aug-15-22 | N. Levine | B320 | Review disclosure statement motion (.4); brief review of additional plan materials filed (.1); correspond with US counsel re need for Canadian review (.1); | 0.60 |
| Aug-15-22 | N. Levine | B155 | Review US hearing agenda for matters relating to Canada; | 0.10 |
| Aug-17-22 | S. Kukulowicz | B470 | Review correspondence from N. Levine re updated on US proceedings and potential recognition orders; | 0.30 |
| Aug-18-22 | S. Kukulowicz | B320 | Review correspondence from N. Levine re plan; | 0.50 |
| Aug-18-22 | N. Levine | B470 | Call with company counsel (D. Richer) re upcoming hearings (.4); draft email to D. Simon and D. Azman re upcoming Canadian matters (.1); | 0.50 |
| Aug-19-22 | R. Jacobs | B160 | Email to N. Levine regarding Cassels retention application; | 0.20 |
| Aug-19-22 | R. Jacobs | B470 | Email correspondence to N. Levine regarding recognition of foreign orders; | 0.30 |
| Aug-19-22 | N. Levine | B160 | Prepare retention application schedules; | 0.20 |
| Aug-20-22 | N. Levine | B470 | Brief review of US motions to be recognized in Canada; | 0.10 |
| Aug-21-22 | N. Levine | B470 | Review stipulation with Canadian proposed plaintiff; | 0.10 |
| Aug-21-22 | N. Levine | B470 | Review committee objection to KERP motion; | 0.10 |
| Aug-22-22 | S. Kukulowicz | B470 | Review of stipulation regarding Ontario class action plaintiff in US proceedings; | 0.20 |
| Aug-23-22 | N. Levine | B470 | Review US complaint re shareholder issues for impact on Canadian proceedings; | 0.50 |
| Aug-24-22 | N. Levine | B470 | Review US materials to be recognized in Canada; | 0.30 |
| Aug-25-22 | N. Levine | B160 | Correspond with G. Steinman re retention application; | 0.10 |
| Aug-25-22 | N. Levine | B470 | Review protective order for implications in Canada; | 0.10 |
| Aug-25-22 | S. Kukulowicz | B160 | Respond to question from N. Levine re Cassels retention application; | 0.30 |
| Aug-26-22 | R. Jacobs | B470 | Email correspondence with N. Levine regarding Cassels retention application; | 0.30 |
| Aug-26-22 | N. Levine | B160 | Prepare Cassels retention application; | 0.90 |
| Aug-26-22 | N. Levine | B470 | Discuss foreign proceeding with N. Thompson; | 0.40 |
| Aug-26-22 | N. Thompson | B470 | Call with N. Levine to discuss cross border issues; | 0.40 |
| Aug-26-22 | S. Kukulowicz | B155 | Review of US docket update for impact on Canada; | 0.80 |
| Aug-27-22 | N. Levine | B160 | Revise retention application schedules; | 1.90 |
| Aug-28-22 | R. Jacobs | B470 | Analysis and interpretation of legal conflict results; | 1.00 |

Cassels Brock & Blackwell LLP
Official Committee of Unsecured Creditors of Voyager Digital
Holdings, Inc
Re: CCAA Recognition Proceedings

Page 6 of 7
Invoice No: 2182387

Matter No. 057782-00001

| Date | Name | Task | Description | Hours |
|------|------|------|-------------|-------|
| Aug-28-22 | N. Levine | B160 | Revise retention application; | 1.10 |
| Aug-29-22 | N. Levine | B160 | Finalize retention application (4.6); correspond with N. Thompson re same (.2); call with R. Jacobs re same (.2); | 5.00 |
| Aug-29-22 | N. Levine | B470 | Correspond with D. Richer (company counsel) re Canadian hearing; | 0.20 |
| Aug-29-22 | R. Jacobs | B160 | Comment on draft retention application and Jacobs' declaration; | 1.40 |
| Aug-29-22 | N. Thompson | B160 | Review and analyze legal conflicts reports (4.5); correspondence with N. Levine regarding same (.2); | 4.70 |
| Aug-29-22 | N. Thompson | B160 | Review draft Retention Application (1); correspondence with N. Levine to finalize Schedules to Retention Application (.9); | 1.90 |
| Aug-29-22 | S. Kukulowicz | B155 | Review of US docket update; | 0.30 |
| Aug-29-22 | S. Kukulowicz | B160 | Review of conflict searches for Cassels' retention application; | 2.20 |
| Aug-29-22 | R. Jacobs | B160 | Phone call with N. Levine regarding proposed conflict disclosures; | 0.20 |
| Aug-29-22 | R. Jacobs | B160 | Examine legal conflicts review and proposed disclosures; | 0.50 |
| Aug-30-22 | N. Thompson | B160 | Review and revise Retention Application; | 0.30 |
| Aug-30-22 | R. Jacobs | B470 | Email correspondence with N. Levine regarding CCAA action items; | 0.20 |
| Aug-30-22 | R. Jacobs | B160 | Finalize retention application and Jacobs declaration; | 0.40 |
| Aug-30-22 | S. Kukulowicz | B160 | Review of final version of retention application; | 0.90 |
| Aug-30-22 | N. Levine | B160 | Correspond with G. Steinman re retention application (.1); finalize application (.3); | 0.40 |
| Aug-30-22 | N. Levine | B470 | Correspond with D. Richer re Canadian hearing (.1); review additional complaint filed with US court for Canadian issues (.2); | 0.30 |
| Aug-30-22 | N. Levine | B110 | Brief review of US docket for CCAA matters; | 0.10 |
| Aug-31-22 | S. Kukulowicz | B470 | Exchanged emails with D. Azman regarding status of equity committee; | 0.20 |
| Aug-31-22 | S. Kukulowicz | B110 | Emails with R. Jacobs regarding budget; | 0.20 |
| Aug-31-22 | R. Jacobs | B110 | Email with D. Azman regarding Cassels budget; | 0.10 |
| Aug-31-22 | R. Jacobs | B470 | Email with N. Levine regarding update from Fasken on CCAA motions and timing; | 0.30 |
| Aug-31-22 | N. Levine | B470 | Call with D. Richer (company counsel) (.2); draft summary of Canadian issues (.2); review additional US filings for upcoming recognition motion (.3); | 0.70 |

Cassels Brock & Blackwell LLP
Official Committee of Unsecured Creditors of Voyager Digital
Holdings, Inc
Re: CCAA Recognition Proceedings

Page 7 of 7
Invoice No: 2182387

Matter No. 057782-00001

| FEE SUMMARY | | | | |
|---|---|---|---|---|
| **Name** | **Title** | **Hours** | **Rate** | **Amount** |
| Jacobs, Ryan | Partner | 17.20 | 1,150.00 | 19,780.00 |
| Levine, Natalie | Partner | 34.10 | 735.00 | 25,063.50 |
| Kukulowicz, Shayne | Partner | 34.40 | 1,075.00 | 36,980.00 |
| Thompson, Natalie | Law Student | 7.30 | 195.00 | 1,423.50 |
| **Total (CAD)** | | **93.00** | | **83,247.00** |

| TASK CODE SUMMARY | | | |
|---|---|---|---|
| **Task** | **Description** | **Hours** | **Amount** |
| B110 | Case Administration | 1.70 | 1,359.00 |
| B150 | Meetings/Communications w/Creditors | 0.50 | 401.50 |
| B155 | Court Hearings | 1.20 | 1,256.00 |
| B160 | Fee/Employment Applications | 23.50 | 16,113.50 |
| B320 | Plan and Disclosure Statement | 3.30 | 3,052.00 |
| B470 | Foreign Proceedings | 62.80 | 61,065.00 |
| **Total (CAD)** | | **93.00** | **83,247.00** |

| | | |
|---|---|---|
| Our Fees | 83,247.00 | |
| Less: 10% Discount on Fees | (8,324.70) | |
| Total Fees | 74,922.30 | |
| **TOTAL FEES (CAD)** | | **74,922.30** |

| DISBURSEMENT SUMMARY | | |
|---|---|---|
| **Non-Taxable Disbursements** | | |
| NT Filing Fees | 162.00 | |
| Total Non-Taxable Disbursements | 162.00 | |

| | |
|---|---|
| **TOTAL DISBURSEMENTS (CAD)** | **162.00** |

| | |
|---|---|
| **TOTAL FEES** | **74,922.30** |
| **TOTAL DISBURSEMENTS** | **162.00** |
| **TOTAL FEES AND DISBURSEMENTS (CAD)** | **75,084.30** |

Cassels Brock & Blackwell LLP                                                    Page 2 of 4
Official Committee of Unsecured Creditors of Voyager Digital          Invoice No: 2182388
Holdings, Inc
Re: CCAA Recognition Proceedings                                     Matter No. 057782-00001

| | | | **FEE DETAIL** | |
|---|---|---|---|---|
| **Date** | **Name** | **Task** | **Description** | **Hours** |
| Sep-01-22 | N. Levine | B110 | Correspond with G. Steinman re confidentiality agreement; | 0.10 |
| Sep-01-22 | N. Levine | B470 | Review upcoming hearing changes for recognition motion updates; | 0.10 |
| Sep-01-22 | S. Kukulowicz | B470 | Review of proposed NDA and related emails; | 0.40 |
| Sep-02-22 | N. Levine | B470 | Review US docket for revised timelines; | 0.10 |
| Sep-02-22 | S. Kukulowicz | B470 | Review schedule for town hall meeting; | 0.20 |
| Sep-07-22 | N. Levine | B110 | Review updated US hearing schedule for impact on Canadian hearings; | 0.10 |
| Sep-07-22 | N. Levine | B470 | Evaluate impact of US equity committee motion on Canadian proceedings; | 0.20 |
| Sep-07-22 | N. Levine | B160 | Prepare fee application; | 0.10 |
| Sep-07-22 | S. Kukulowicz | B470 | Review US equity committee motion for impact on Canada; | 0.30 |
| Sep-12-22 | S. Kukulowicz | B470 | Review of AMA Q&A transcript; | 0.40 |
| Sep-12-22 | N. Levine | B110 | Correspond with G Steinmann re upcoming CCAA hearings; | 0.10 |
| Sep-13-22 | S. Kukulowicz | B470 | Analyze US auction status for impact on Canadian proceedings; | 0.30 |
| Sep-13-22 | N. Levine | B470 | Review motions regarding return of collateral for recognition purposes (.2); evaluate AMA update for motion record (.1); correspond with D. Azman re sale (.1); correspond with R. Jacobs re hearing (.1); | 0.50 |
| Sep-14-22 | N. Levine | B470 | Correspond with N. Thompson and N. Shivartan re CCAA status; | 0.10 |
| Sep-15-22 | N. Levine | B470 | Review US docket update for recognition purposes; | 0.10 |
| Sep-16-22 | S. Kukulowicz | B130 | Review US docket re sale update; | 0.20 |
| Sep-20-22 | S. Kukulowicz | B470 | Review of filing in CCAA case by Ad Hoc Committee of equity holders; | 0.20 |
| Sep-20-22 | N. Levine | B130 | Review US sale update from docket; | 0.20 |
| Sep-20-22 | N. Levine | B470 | Analyze US docket updates on equity committee; | 0.10 |
| Sep-21-22 | S. Kukulowicz | B470 | Review of US docket filings for purpose of Canadian recognition; | 0.30 |
| Sep-21-22 | N. Levine | B470 | Confer with D. Richer re next hearing (.1); draft email to D. Azman re next hearing in light of US adjournment (.1); review US docket (.1); | 0.30 |
| Sep-22-22 | S. Kukulowicz | B470 | Review of US docket update; | 0.10 |
| Sep-22-22 | N. Levine | B470 | Review US docket updates for impact on Canadian proceedings (.2); draft email update to R. Jacobs and S. Kukulowicz re same (.1); | 0.30 |
| Sep-23-22 | N. Levine | B470 | Review US docket updates for impact on Canadian proceedings; | 0.20 |

Cassels Brock & Blackwell LLP
Official Committee of Unsecured Creditors of Voyager Digital
Holdings, Inc
Re: CCAA Recognition Proceedings

Page 3 of 4
Invoice No: 2182388

Matter No. 057782-00001

| Date | Name | Task | Description | Hours |
|------|------|------|-------------|-------|
| Sep-27-22 | N. Levine | B470 | Review stay motion materials for impact on Canadian proceedings; | 0.70 |
| Sep-27-22 | S. Kukulowicz | B130 | Review of press release regarding auction and evaluated Canadian issues; | 0.30 |
| Sep-28-22 | N. Levine | B470 | Review motion record of Foreign Rep (.2); correspond with D. Richer re same (.1); | 0.30 |
| Sep-28-22 | S. Kukulowicz | B470 | Review of Canadian Motion Record for recognition of retention orders; | 0.80 |
| Sep-28-22 | S. Kukulowicz | B470 | Review US docket for impact on Canadian motion; | 0.30 |
| Sep-29-22 | N. Levine | B470 | Review motion materials and precedents (.5) Calls with D. Richer re motion materials (.5); call with S. Kukulowicz re same (.1); draft email to D. Azman re same (.1); call with C. McIntyre re hearing and materials (.2); call with S. Brotman re record (.1); calls with S. Ferguson re meeting (.2); call with G Steinmann re same (.3); call with R. Jacobs re IO meeting (.2); | 2.20 |
| Sep-29-22 | S. Kukulowicz | B470 | Call with G. Steinman re IO meeting (.3); call with S. Ferguson re same (.2); evaluate strategy for IO meeting (.3); | 0.80 |
| Sep-29-22 | S. Kukulowicz | B470 | Further review of motion record for recognition of retention orders (.3) and discussed same with N. Levine (.1); | 0.40 |
| Sep-29-22 | S. Kukulowicz | B470 | Analysis of intercompany transfers and implication for CCAA proceedings; | 0.70 |
| Sep-30-22 | N. Levine | B470 | Participate in call with L. Rogers, S. Ferguson, D. Azman, S. Kukulowicz re intercompany claims (.4); prepare for same by reviewing relevant reports and US pleadings (1); correspond with D. Azman motion record (.1); correspond with D. Richer re same (.1); correspond with R. Jacobs re same (.1); review final report (.2); | 1.90 |
| Sep-30-22 | S. Kukulowicz | B470 | Review portion of Information Officer report describing intercompany transfers; | 0.30 |
| Sep-30-22 | S. Kukulowicz | B470 | Conference call with Information Officer and counsel regarding intercompany debt (.4); strategize for same (.4); | 0.80 |

| FEE SUMMARY | | | | |
|-------------|-------|-------|------|--------|
| Name | Title | Hours | Rate | Amount |
| Levine, Natalie | Partner | 7.70 | 735.00 | 5,659.50 |
| Kukulowicz, Shayne | Partner | 6.80 | 1,075.00 | 7,310.00 |
| **Total (CAD)** | | **14.50** | | **12,969.50** |

Cassels Brock & Blackwell LLP                                                    Page 4 of 4
Official Committee of Unsecured Creditors of Voyager Digital        Invoice No: 2182388
Holdings, Inc
Re: CCAA Recognition Proceedings                                   Matter No. 057782-00001

| TASK CODE SUMMARY | | | |
|---|---|---|---|
| Task | Description | Hours | Amount |
| B110 | Case Administration | 0.30 | 220.50 |
| B130 | Asset Disposition | 0.70 | 684.50 |
| B160 | Fee/Employment Applications | 0.10 | 73.50 |
| B470 | Foreign Proceedings | 13.40 | 11,991.00 |
| **Total (CAD)** | | **14.50** | **12,969.50** |

| | | |
|---|---|---|
| Our Fees | 12,969.50 | |
| Less: 10% Discount on Fees | (1,296.95) | |
| Total Fees | 11,672.55 | |
| **TOTAL FEES (CAD)** | | **11,672.55** |

| OUTSTANDING INVOICES | | | | |
|---|---|---|---|---|
| Invoice Number | Invoice Date | Bill Amount | Payments / Credits | Balance Due |
| 2182388 | 10/31/22 | 11,672.55 | 0.00 | 11,672.55 |
| 2182387 | 10/31/22 | 75,084.30 | 0.00 | 75,084.30 |
| **Total (CAD)** | | **86,756.85** | **0.00** | **86,756.85** |

Cassels Brock & Blackwell LLP

Official Committee of Unsecured Creditors of Voyager Digital
Holdings, Inc

Re: CCAA Recognition Proceedings

Page 2 of 4

Invoice No: 2186379

Matter No. 057782-00001

## FEE DETAIL

| Date | Name | Task | Description | Hours |
|------|------|------|-------------|-------|
| Oct-03-22 | N. Levine | B470 | Correspond with D. Richer and S. Kukulowicz re recognition hearing; | 0.20 |
| Oct-03-22 | S. Kukulowicz | B470 | Correspond with N. Levine regarding recognition hearing; | 0.20 |
| Oct-03-22 | S. Kukulowicz | B470 | Analyze recognition orders not being opposed; | 0.20 |
| Oct-06-22 | N. Levine | B470 | Correspondence with S. Kukulowicz re hearing (.1); review update to D. Azman re same (.1); | 0.20 |
| Oct-06-22 | S. Kukulowicz | B470 | Attend hearing for recognition of various retention orders (.5) draft report to D. Azman re same (.1); correspond with N. Levine re hearing (.1); | 0.70 |
| Oct-06-22 | S. Kukulowicz | B470 | Review of Court's endorsement and issued recognition order; | 0.30 |
| Oct-07-22 | N. Levine | B470 | Correspond with S. Kukulowicz re plan impacts in Canada; | 0.10 |
| Oct-07-22 | S. Kukulowicz | B470 | Exchange emails with N. Levine regarding Chapter 11 plan and sale and potential Canadian issues; | 0.20 |
| Oct-07-22 | S. Kukulowicz | B470 | Review of Second Amended Plan; | 0.40 |
| Oct-10-22 | N. Levine | B470 | Analyze updates on plan distribution issues for impact on Canadian proceedings; | 0.20 |
| Oct-11-22 | N. Levine | B470 | Analyze plan objections; | 0.20 |
| Oct-12-22 | S. Kukulowicz | B470 | Review of Ad Hoc Equity Committee filings; | 0.30 |
| Oct-13-22 | S. Kukulowicz | B470 | Review of objections filed by Ad Hoc Equity Committee and UCC; | 1.20 |
| Oct-13-22 | R. Jacobs | B470 | Review equity committee motion; | 2.40 |
| Oct-13-22 | N. Levine | B470 | Review equity committee pleadings (.8); draft email to S. Kukulowicz and R. Jacobs re misstatements of Canadian law (.2); | 1.00 |
| Oct-14-22 | S. Kukulowicz | B470 | Further review of objections filed in respect of the APA and plan disclosure; | 0.40 |
| Oct-14-22 | N. Levine | B470 | Correspond with D. Simon re objection (.1); confer with S. Kukulowicz re intercompany issues (.2); | 0.30 |
| Oct-14-22 | R. Jacobs | B470 | Analysis of equity committee pleadings regarding claim characterization; | 2.70 |
| Oct-14-22 | S. Kukulowicz | B470 | Consider bullet points on Information Officer report and intercompany receivable issue; | 0.30 |
| Oct-14-22 | S. Kukulowicz | B470 | Office conference with N. Levine regarding intercompany receivable issue; | 0.20 |
| Oct-15-22 | S. Kukulowicz | B470 | Review of Information Officer's Second Report and Limited Objection of Ad Hoc Equity Committee regarding references to intercompany receivables; | 1.10 |
| Oct-15-22 | S. Kukulowicz | B470 | Summarize issues and commentary on intercompany receivables (.7); discuss same with N. Levine (.1); | 0.80 |
| Oct-15-22 | N. Levine | B470 | Call with S. Kukulowicz re IO report (.1); review equity materials re IO report (.4); | 0.50 |

Official Committee of Unsecured Creditors of Voyager Digital                  Invoice No: 2186379
Holdings, Inc
Re: CCAA Recognition Proceedings                                             Matter No. 057782-00001

| Date | Name | Task | Description | Hours |
|------|------|------|-------------|-------|
| Oct-16-22 | S. Kukulowicz | B470 | Telephone conference with N. Levine regarding comments on draft commentary; | 0.20 |
| Oct-16-22 | S. Kukulowicz | B470 | Review of draft commentary on Information Officer's Second Report references to intercompany receivable and objection by Ad Hoc Equity Committee to plan related documents; | 0.40 |
| Oct-16-22 | N. Levine | B470 | Draft summary of Canadian issues for D. Simon (.3); research re same (.1); call with S. Kukulowicz re same (.2); | 0.60 |
| Oct-17-22 | S. Kukulowicz | B470 | Assess legal filings for Canadian implications; | 0.80 |
| Oct-18-22 | N. Levine | B155 | Prepare for US hearing; | 0.10 |
| Oct-19-22 | S. Kukulowicz | B470 | Office conference with N. Levine regarding US hearing (.2) review of related pleadings (.4); | 0.60 |
| Oct-19-22 | N. Levine | B155 | Confer with S. Kukulowicz to prepare for hearing (.2); participate in US hearing (3.2); | 3.40 |
| Oct-20-22 | N. Levine | B470 | Review of plan documents from US hearing to prepare for recognition issues; | 0.30 |
| Oct-21-22 | N. Levine | B470 | Review updated plan documents; | 0.30 |
| Oct-24-22 | N. Levine | B160 | Prepare fee application; | 0.30 |
| Oct-25-22 | N. Levine | B160 | Prepare fee application; | 0.20 |
| Oct-25-22 | N. Levine | B470 | Analysis of updated disclosure statement for impact on Canada; | 1.50 |
| Oct-25-22 | S. Kukulowicz | B470 | Assess legal U.S. filings for Canadian implications; | 0.50 |
| Oct-28-22 | N. Levine | B470 | Correspond with D. Azman re next Canadian hearing; | 0.20 |
| Oct-28-22 | S. Kukulowicz | B470 | Review of emails with D. Azman regarding recognition of Sale Order or the Disclosure Statement Order; | 0.30 |
| Oct-31-22 | N. Levine | B470 | Call with D. Richer re hearing (.1); correspond with D. Azman re same (.1); analyze precedent recognition orders (.2); | 0.40 |

| FEE SUMMARY | | | | |
|------|------|------|------|------|
| **Name** | **Title** | **Hours** | **Rate** | **Amount** |
| Levine, Natalie | Partner | 10.00 | 735.00 | 7,350.00 |
| Kukulowicz, Shayne | Partner | 9.10 | 1,075.00 | 9,782.50 |
| Jacobs, Ryan | Partner | 5.10 | 1,150.00 | 5,865.00 |
| **Total (CAD)** | | **24.20** | | **22,997.50** |

Cassels Brock & Blackwell LLP
Official Committee of Unsecured Creditors of Voyager Digital
Holdings, Inc
Re: CCAA Recognition Proceedings

Invoice No: 2186379

Matter No. 057782-00001

## TASK CODE SUMMARY

| Task | Description | Hours | Amount |
|------|-------------|-------|--------|
| B155 | Court Hearings | 3.50 | 2,572.50 |
| B160 | Fee/Employment Applications | 0.50 | 367.50 |
| B470 | Foreign Proceedings | 20.20 | 20,057.50 |
| **Total (CAD)** | | **24.20** | **22,997.50** |

| | | |
|---|---|---|
| Our Fees | 22,997.50 | |
| Less: 10% Discount on Fees | (2,299.75) | |
| Total Fees | 20,697.75 | |
| **TOTAL FEES (CAD)** | | **20,697.75** |

## DISBURSEMENT SUMMARY

**Non-Taxable Disbursements**

| | |
|---|---|
| Court - Sundry | 96.09 |
| Total Non-Taxable Disbursements | 96.09 |

| | |
|---|---|
| **TOTAL DISBURSEMENTS (CAD)** | **96.09** |

| | |
|---|---|
| **TOTAL FEES** | **20,697.75** |
| **TOTAL DISBURSEMENTS** | **96.09** |
| **TOTAL FEES AND DISBURSEMENTS (CAD)** | **20,793.84** |

## OUTSTANDING INVOICES

| Invoice Number | Invoice Date | Bill Amount | Payments / Credits | Balance Due |
|----------------|--------------|-------------|--------------------|-------------|
| 2182388 | 10/31/22 | 11,672.55 | 0.00 | 11,672.55 |
| 2182387 | 10/31/22 | 75,084.30 | 0.00 | 75,084.30 |
| 2186379 | 12/13/22 | 20,793.84 | 0.00 | 20,793.84 |
| **Total (CAD)** | | **107,550.69** | **0.00** | **107,550.69** |

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 20th day of December 2022, I caused a true and correct copy of the foregoing *First Interim Application of Cassels Brock & Blackwell LLP for Compensation for Services and Reimbursement of Expenses as Canadian Counsel for the Official Committee of Unsecured Creditors for the Period from July 29, 2022 through October 31, 2022* to be served via (i) electronic notification pursuant to the CM/ECF system for the United States Bankruptcy Court for the Southern District of New York or (ii) e-mail, as indicated in the service list attached hereto.

*/s/ Darren Azman*_____

Darren Azman

| Name | Attention | Address 1 | Address 2 | City | State | Zip | Country | Email | Method of Service |
|---|---|---|---|---|---|---|---|---|---|
| DISTRICT OF COLUMBIA | OFFICE OF THE ATTORNEY GENERAL | 400 6TH STREET NW | | WASHINGTON | DC | 20001 | | OAG@DC.GOV | VIA E-MAIL |
| FRANCINE DE SOUSA | C/O SISKINDS LLP | ATTN: ANTHONY O'BRIEN | 100 LOMBARD STREET SUITE 302 | TORONTO | ON | M5C1M3 | | ANTHONY.OBRIEN@SISKINDS.COM | VIA E-MAIL |
| FRANCINE DE SOUSA | C/O SISKINDS LLP | ATTN: MICHAEL G. ROBB & GARETT M. HUNTER | 275 DUNDAS STREET UNIT 1 | LONDON | ON | N6B3L1 | | MICHAEL.ROBB@SISKINDS.COM GARETT.HUNTER@SISKINDS.COM | VIA E-MAIL |
| GOOGLE, LLC | | 1600 AMPHITHEATRE PKWY | | MOUNTAIN VIEW | CA | 94043 | | COLLECTIONS@GOOGLE.COM | VIA E-MAIL |
| OFFICE OF THE UNITED STATES TRUSTEE | FOR THE SOUTHERN DIST OF NEW YORK | ATTN: RICHARD C. MORRISSEY, ESQ. AND MARK BRUH, ESQ. | 201 VARICK STREET, ROOM 1006 | NEW YORK | NY | 10014 | | RICHARD.MORRISSEY@USDOJ.GOV MARK.BRUH@USDOJ.GOV | VIA E-MAIL VIA E-MAIL |
| SECURITIES & EXCHANGE COMMISSION | | 100 F STREET NE | | WASHINGTON | DC | 20549 | | SECBANKRUPTCY-OGC-ADO@SEC.GOV | VIA E-MAIL |
| SECURITIES & EXCHANGE COMMISSION | NEW YORK REGIONAL OFFICE | 100 PEARL STREET SUITE 20-100 | | NEW YORK | NY | 10004-2616 | | NYROBANKRUPTCY@SEC.GOV | VIA E-MAIL |
| SECURITIES & EXCHANGE COMMISSION | NEW YORK REGIONAL OFFICE | ATTN: ANDREW CALAMARI REGIONAL DIRECTOR | 200 VESEY STREET SUITE 400 | NEW YORK | NY | 10281-1022 | | BANKRUPTCYNOTICESCHR@SEC.GOV | VIA E-MAIL |
| STATE OF ALABAMA | OFFICE OF THE ATTORNEY GENERAL | 501 WASHINGTON AVE | | MONTGOMERY | AL | 36104 | | CONSUMERINTEREST@ALABAMAAG.GO | VIA E-MAIL |
| STATE OF ALASKA | OFFICE OF THE ATTORNEY GENERAL | 1031 W 4TH AVE, STE 200 | | ANCHORAGE | AK | 99501 | | ATTORNEY.GENERAL@ALASKA.GOV | VIA E-MAIL |
| STATE OF ARIZONA | OFFICE OF THE ATTORNEY GENERAL | 2005 N CENTRAL AVE | | PHOENIX | AZ | 85004 | | AGINFO@AZAG.GOV | VIA E-MAIL |
| STATE OF ARKANSAS | OFFICE OF THE ATTORNEY GENERAL | 323 CENTER ST, STE 200 | | LITTLE ROCK | AR | 72201 | | OAG@ARKANSASAG.GOV | VIA E-MAIL |
| STATE OF CALIFORNIA | OFFICE OF THE ATTORNEY GENERAL | PO BOX 944255 | | SACRAMENTO | CA | 94244-2550 | | XAVIER.BECERRA@DOJ.CA.GOV | VIA E-MAIL |
| STATE OF COLORADO | OFFICE OF THE ATTORNEY GENERAL | RALPH L. CARR JUDICIAL BUILDING | 1300 BROADWAY, 10TH FL | DENVER | CO | 80203 | | CORA.REQUEST@COAG.GOV | VIA E-MAIL |
| STATE OF CONNECTICUT | OFFICE OF THE ATTORNEY GENERAL | 165 CAPITOL AVENUE | | HARTFORD | CT | 06106 | | ATTORNEY.GENERAL@CT.GOV | VIA E-MAIL |
| STATE OF FLORIDA | OFFICE OF THE ATTORNEY GENERAL | THE CAPITOL PL-01 | | TALLAHASSEE | FL | 32399 | | ASHLEY.MOODY@MYFLORIDALEGAL.CO | VIA E-MAIL |
| STATE OF HAWAII | OFFICE OF THE ATTORNEY GENERAL | 425 QUEEN STREET | | HONOLULU | HI | 96813 | | HAWAIIAG@HAWAII.GOV | VIA E-MAIL |
| STATE OF IDAHO | OFFICE OF THE ATTORNEY GENERAL | 700 W. JEFFERSON ST, SUITE 210 | PO BOX 83720 | BOISE | ID | 83720 | | LAWRENCE.WASDEN@AG.IDAHO.GOV AGWASDEN@AG.IDAHO.GOV | VIA E-MAIL |
| STATE OF ILLINOIS | OFFICE OF THE ATTORNEY GENERAL | JAMES R. THOMPSON CENTER | 100 W. RANDOLPH ST | CHICAGO | IL | 60601 | | INFO@LISAMADIGAN.ORG | VIA E-MAIL |
| STATE OF IOWA | OFFICE OF THE ATTORNEY GENERAL | HOOVER STATE OFFICE BUILDING | 1305 E. WALNUT STREET | DES MOINES | IA | 50319 | | CONSUMER@AG.IOWA.GOV | VIA E-MAIL |
| STATE OF KANSAS | ATTN: ATTORNEY GENERAL DEREK SCHMIDT | 120 SW 10TH AVE, 2ND FLOOR | | TOPEKA | KS | 66612 | | DEREK.SCHMIDT@AG.KS.GOV | VIA E-MAIL |
| STATE OF LOUISIANA | DEPT. OF JUSTICE - ATTORNEY GENERAL'S OFFICE | 300 CAPITAL DRIVE | | BATON ROUGE | LA | 70802 | | ADMININFO@AG.STATE.LA.US | VIA E-MAIL |
| STATE OF MAINE | OFFICE OF THE ATTORNEY GENERAL | 6 STATE HOUSE STATION | | AUGUSTA | ME | 04333 | | ATTORNEY.GENERAL@MAINE.GOV | VIA E-MAIL |
| STATE OF MARYLAND | OFFICE OF THE ATTORNEY GENERAL | 200 ST. PAUL PLACE | | BALTIMORE | MD | 21202 | | OAG@OAG.STATE.MD.US | VIA E-MAIL |
| STATE OF MINNESOTA | OFFICE OF THE ATTORNEY GENERAL | 445 MINNESOTA ST, STE 1400 | | ST. PAUL | MN | 55101 | | ATTORNEY.GENERAL@AG.STATE.MN.US | VIA E-MAIL |
| STATE OF MISSOURI | OFFICE OF THE ATTORNEY GENERAL | SUPREME COURT BUILDING | 207 W HIGH ST | JEFFERSON CITY | MO | 65101 | | CONSUMER.HELP@AGO.MO.GOV | VIA E-MAIL |
| STATE OF MONTANA | OFFICE OF THE ATTORNEY GENERAL | JUSTICE BUILDING, 3RD FLOOR | 215 N SANDERS, PO BOX 201401 | HELENA | MT | 59602 | | CONTACTDOJ@MT.GOV | VIA E-MAIL |
| STATE OF NEW HAMPSHIRE | OFFICE OF THE ATTORNEY GENERAL | NH DEPARTMENT OF JUSTICE | 33 CAPITOL ST. | CONCORD | NH | 03301 | | ATTORNEYGENERAL@DOJ.NH.GOV | VIA E-MAIL |
| STATE OF NEW MEXICO | OFFICE OF THE ATTORNEY GENERAL | 408 GALISTEO STREET | VILLAGRA BUILDING | SANTA FE | NM | 87501 | | HBALDERAS@NMAG.GOV | VIA E-MAIL |
| STATE OF NORTH DAKOTA | OFFICE OF THE ATTORNEY GENERAL | STATE CAPITOL, 600 E | DEPT. 125 | BISMARCK | ND | 58505 | | NDAG@ND.GOV | VIA E-MAIL |
| STATE OF OKLAHOMA | OFFICE OF THE ATTORNEY GENERAL | 313 NE 21ST ST | | OKLAHOMA CITY | OK | 73105 | | QUESTIONS@OAG.OK.GOV | VIA E-MAIL |
| STATE OF OREGON | OFFICE OF THE ATTORNEY GENERAL | 1162 COURT ST NE | | SALEM | OR | 97301-4096 | | ELLEN.ROSENBLUM@DOJ.STATE.OR.US ATTORNEYGENERAL@DOJ.STATE.OR.U | VIA E-MAIL VIA E-MAIL |
| STATE OF RHODE ISLAND | OFFICE OF THE ATTORNEY GENERAL | 150 S MAIN ST | | PROVIDENCE | RI | 02903 | | AG@RIAG.RI.GOV | VIA E-MAIL |
| STATE OF UTAH | OFFICE OF THE ATTORNEY GENERAL | UTAH STATE CAPITOL COMPLEX | 350 NORTH STATE ST STE 230 | SALT LAKE CITY | UT | 84114 | | UAG@UTAH.GOV | VIA E-MAIL |
| STATE OF VERMONT | OFFICE OF THE ATTORNEY GENERAL | 109 STATE ST. | | MONTPELIER | VT | 05609 | | AGO.INFO@VERMONT.GOV | VIA E-MAIL |
| STATE OF VIRGINIA | OFFICE OF THE ATTORNEY GENERAL | 202 N. NINTH ST. | | RICHMOND | VA | 23219 | | MAIL@OAG.STATE.VA.US | VIA E-MAIL |
| STATE OF WEST VIRGINIA | OFFICE OF THE ATTORNEY GENERAL | STATE CAPITOL, 1900 KANAWHA | BUILDING 1 RM E-26 | CHARLESTON | WV | 25305 | | CONSUMER@WVAGO.GOV | VIA E-MAIL |
| TORONTO STOCK EXCHANGE | | 300 - 100 ADELAIDE ST. | | WEST TORONTO | ON | M5H 1S3 | | WEBMASTER@TMX.COM | VIA E-MAIL |
| KELLEHER PLACE MANAGEMENT, LLC | HORWOOD MARCUS & BERK CHARTERED | 500 W. MADISON ST. | SUITE 3700 | CHICAGO | IL | 60661 | | AHAMMER@HMBLAW.COM NDELMAN@HMBLAW.COM | VIA ECF VIA E-MAIL |
| METROPOLITAN COMMERCIAL BANK | BALLARD SPAHR LLP | 200 IDS CENTER | 80 SOUTH 8TH STREET | MINNEAPOLIS | MN | 55402-2119 | | SINGERG@BALLARDSPAHR.COM | VIA ECF |
| METROPOLITAN COMMERCIAL BANK | WACHTELL, LIPTON, ROSEN & KATZ | 51 WEST 52ND STREET | | NEW YORK | NY | 10019-6150 | | RGMASON@WLRK.COM ARWOLF@WLRK.COM AKHERRING@WLRK.COM | VIA E-MAIL VIA ECF VIA E-MAIL |
| JASON RAZNICK | JAFFE RAITT HEUER & WEISS, P.C. | 27777 FRANKLIN ROAD | SUITE 2500 | SOUTHFIELD | MI | 48034 | | PHAGE@JAFFELAW.COM | VIA ECF |
| STEVE LAIRD | FORSHEY & PROSTOK LLP | 777 MAIN STREET | SUITE 1550 | FORT WORTH | TX | 76102 | | BFORSHEY@FORSHEYPROSTOK.COM | VIA E-MAIL |
| ORACLE AMERICA, INC. | BUCHALTER, A PROFESSIONAL CORPORA | 425 MARKET ST. | SUITE 2900 | SAN FRANCISCO | CA | 94105 | | SCHRISTIANSON@BUCHALTER.COM | VIA ECF |
| ALAMEDA RESEARCH LLC & AFFILIATES | SULLIVAN & CROMWELL LLP | 125 BROAD STREET | | NEW YORK | NY | 10004 | | DIETDERICHA@SULLCROM.COM GLUECKSTEINB@SULLCROM.COM BELLERB@SULLCROM.COM | VIA ECF VIA ECF VIA E-MAIL |
| VOYAGER DIGITAL HOLDINGS, INC., ET AL | KIRKLAND & ELLIS LLP KIRKLAND & ELLIS INTERNATIONAL LLP | 601 LEXINGTON AVENUE | | NEW YORK | NY | 10022 | | JSUSSBERG@KIRKLAND.COM CMARCUS@KIRKLAND.COM CHRISTINE.OKIKE@KIRKLAND.COM ALLYSON.SMITH@KIRKLAND.COM | VIA ECF VIA E-MAIL VIA E-MAIL VIA E-MAIL |

| Name | C/O | ATTN | Address | City | State | Zip | Email | Method |
|---|---|---|---|---|---|---|---|---|
| EMERALD OCEAN ISLE, LLC, AMANO GLOBAL HOLDINGS, INC., SHINGO LAVINE, AND ADAM LAVINE | C/O GOLDSTEIN & MCCLINKOCK LLLP | ATTN: MATTHEW E. MCCLINTOCK, HARLEY GOLDSTEIN, AND STEVE YACHIK | 111 W WASHINGTON STREET SUITE 1221 | CHICAGO | IL | 60602 | MATTM@GOLDMCLAW.COM; HARLEY@RESTRUCTURINGSHOP.COM; STEVENY@GOLDMCLAW.COM | VIA E-MAIL; VIA E-MAIL; VIA E-MAIL |
| EMERALD OCEAN ISLE, LLC, AMANO GLOBAL HOLDINGS, INC., SHINGO LAVINE, AND ADAM LAVINE | C/O LAW OFFICES OF DOUGLAS T. TABACHNIK, P.C. | ATTN: DOUGLAS T. TABACHNIK | 63 WEST MAIN STREET SUITE C | FREEHOLD | NJ | 07728-2141 | DTABACHNIK@DTTLAW.COM | VIA ECF |
| MATTHEW EDWARDS | C/O LIZ GEORGE AND ASSOCIATES | ATTN: LYSBETH GEORGE | 8101 S. WALKER SUITE F | OKLAHOMA CITY | OK | 73139 | GEORGELAWOK@GMAIL.COM | VIA ECF |
| TEXAS STATE SECURITIES BOARD | OFFICE OF THE ATTORNEY GENERAL OF TEXAS | ATTN: ABIGAIL R RYAN, LAYLA D MILLIGAN & JASON B BINFORD | BANKRUPTCY & COLLECTIONS DIVISION PO BOX 12548 | AUSTIN | TX | 78711-2548 | ABIGAIL.RYAN@OAG.TEXAS.GOV; LAYLA.MILLIGAN@OAG.TEXAS.GOV; JASON.BINFORD@OAG.TEXAS.GOV | VIA ECF; VIA E-MAIL; VIA E-MAIL |
| OFFICE OF THE ATTORNEY GENERAL OF TEXAS | | ATTN: ROMA N. DESAI | BANKRUPTCY & COLLECTIONS DIVISION PO BOX 12548 | AUSTIN | TX | 78711-2548 | ROMA.DESAI@OAG.TEXAS.GOV | VIA ECF |
| OFFICE OF THE ATTORNEY GENERAL | BANKRUPTCY DIVISION | ATTN: MARVIN E. CLEMENTS, JR. | BANKRUPTCY DIVISION P O BOX 20207 | NASHVILLE | TN | 37202-0207 | AGBANKNEWYORK@AG.TN.GOV | VIA ECF |
| VERMONT DEPARTMENT OF FINANCIAL REGULATION | ASSISTANT GENERAL COUNSEL | ATTN: JENNIFER ROOD | 89 MAIN STREET THIRD FLOOR | MONTPELIER | VT | 05620 | JENNIFER.ROOD@VERMONT.GOV | VIA ECF |
| ROBERT SNYDERS & LISA SNYDERS | C/O JOHNSON, POPE, BOKOR, RUPPEL & BURNS, LLP | ATTN: ANGELINA E. LIM | 401 E JACKSON STREET SUITE 3100 | TAMPA | FL | 33602 | ANGELINAL@JPFIRM.COM | VIA ECF |
| MICHAEL LEGG | C/O MCCARTHY, LEBIT, CRYSTAL & LIFFMAN CO. | ATTN: ROBERT R. KRACHT & NICHOLAS R. OLESKI | 1111 SUPERIOR AVENUE EAST SUITE 2700 | CLEVELAND | OH | 44114 | RRK@MCCARTHYLEBIT.COM; NRO@MCCARTHYLEBIT.COM | VIA E-MAIL; VIA ECF |
| MICHAEL GENTSCH | C/O BARSKI LAW PLC | ATTN: CHRIS D. BRASKI | 9375 E. SHEA BLVD. STE 100 | SCOTTSDALE | AZ | 85260 | CBARSKI@BARSKILAW.COM | VIA ECF |
| ILLINOIS SECRETARY OF STATE | C/O OFFICE OF THE ATTORNEY GENERAL | ATTN: JOHN P. REDING | 100 W. RANDOLPH ST FLOOR 13 | CHICAGO | IL | 60601 | JOHN.REDING@ILAG.GOV | VIA ECF |
| GEORGIA DEPARTMENT OF BANKING AND FINANCE | | ATTN: NATHAN HOVEY, ASSISTANT ATTORNEY GENERAL | DEPARTMENT OF LAW 40 CAPITOL SQUARE SW | ATLANTA | GA | 30334 | NHOVEY@LAW.GA.GOV | VIA ECF |
| MARK CUBAN AND DALLAS BASKETBALL LIMITED, D/B/A DALLAS MAVERICKS | C/O BROWN RUDNICK LLP | ATTN: SIGMUND S. WISSNER-GROSS ESQ. & KENNETH J. AULET | SEVEN TIMES SQUARE | NEW YORK | NY | 10036 | SWISSNER-GROSS@BROWNRUDNICK.COM; KAULET@BROWNRUDNICK.COM | VIA ECF; VIA E-MAIL |
| MARK CUBAN AND DALLAS BASKETBALL LIMITED, D/B/A DALLAS MAVERICKS | C/O BROWN RUDNICK LLP | ATTN: STEPHEN D. BEST ESQ & RACHEL O. WOLKINSON, ESQ. | 601 THIRTEENTH STREET NW SUITE 600 | WASHINGTON | DC | 2005 | SBEST@BROWNRUDNICK.COM; RWOLKINSON@BROWNRUDNICK.COM | VIA ECF; VIA E-MAIL |
| ED BOLTON | C/O AKERMAN LLP | ATTN: R. ADAM SWICK, JOHN H. THOMPSON, JOANNE GELFAND | 1251 AVENUE OF THE AMERICAS, 37TH FL | NEW YORK | NY | 10020 | ADAM.SWICK@AKERMAN.COM; JOHN.THOMPSON@AKERMAN.COM; JOANNE.GELFAND@AKERMAN.COM | VIA ECF; VIA ECF; VIA ECF |
| JON GIACOBBE | | ATTN: A. MANNY ALICANDRO | 11 BROADWAY, SUITE 615 | NEW YORK | NY | 10004 | MANNY@ALICANDROLAWOFFICE.COM | VIA ECF |
| WELLS FARGO BANK, N.A. | C/O ALDRIGE PITE, LLP | ATTN: GREGORY WALLACH | FIFTEEN PIEDMONT CENTER 3575 PIEDMONT ROAD, N.E. | ATLANTA | GA | 30305 | GWALLACH@ALDRIDGEPITE.COM | VIA ECF |
| AD HOC GROUP OF EQUITY INTEREST HOLDERS | C/O KILPATRICK TOWNSEND & STOCKTON LLP | ATTN: DAVID M. POSNER & KELLY E. MOYNIHAN | THE GRACE BUILDING 1114 AVENUE OF THE AMERICAS | NEW YORK | NY | 10036 | DPOSNER@KILPATRICKTOWNSEND.COM; KMOYNIHAN@KILPATRICKTOWNSEND.C OM | VIA ECF |
| AD HOC GROUP OF EQUITY INTEREST HOLDERS | C/O KILPATRICK TOWNSEND & STOCKTON LLP | ATTN: PAUL M. ROSENBLATT | 1100 PEACHTREE STREET NE SUITE 2800 | ATLANTA | GA | 30309 | PROSENBLATT@KILPATRICKTOWNSEND .COM | VIA E-MAIL |
| PIERCE ROBERTSON | C/O PACHULSKI STANG ZIEHL & JONES LLP | ATTN: RICHARD M. PACHULSKI, ALAN J. KORNFELD, DEBRA I. GRASSGREEN, AND JASON H. ROSELL | 10100 SANTA MONICA BLVD 13TH FLOOR | LOS ANGELES | CA | 90067 | RPACHULSKI@PSZJLAW.COM; AKORNFELD@PSZJLAW.COM; DGRASSGREEN@PSZJLAW.COM; JROSELL@PSZJLAW.COM | VIA E-MAIL; VIA E-MAIL; VIA E-MAIL; VIA E-MAIL |
| STATE OF WASHINGTON | OFFICE OF ATTORNEY GENERAL | ATTN: STEPHEN MANNING, ASSISTANT ATTORNEY GENERAL | GOVERNMENT COMPLIANCE AND ENFORCEMENT DIVISION P.O. BOX 40100 | OLYMPIA | WA | 98504-4010 | STEPHEN.MANNING@ATG.WA.GOV | VIA ECF |
| MARCUM LLP | MINTZ & GOLD LLP | ATTN: ANDREW R. GOTTESMAN | 600 THIRD AVENUE, 25TH | NEW YORK | NY | 10016 | GOTTESMAN@MINTZANDGOLD.COM | VIA ECF |
| U.S. SECURITIES & EXCHANGE COMMISSION | | ATTN: THERESE A. SCHEUER | 100 F STREET, NE | WASHINGTON | DC | 20549 | SCHEUERT@SEC.GOV | VIA E-MAIL |
| NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES | CONSUMER PROTECTION AND FINANCIAL ENFORCEMENT | ATTN: KEVIN R. PUVALOWSKI, LINDA DONAHUE, JASON D. ST. JOHN | ONE STATE STREET | NEW YORK | NY | 10004 | KEVIN.PUVALOWSKI@DFS.NY.GOV; LINDA.DONAHUE@DFS.NY.GOV; JASON.ST.JOHN@DFS.NY.GOV | VIA E-MAIL; VIA E-MAIL; VIA ECF |
| NEW JERSEY BUREAU OF SECURITIES | C/O MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP | ATTN: VIRGINIA T. SHEA | 1300 MT KEMBLE AVENUE PO BOX 2075 | MORRISTOWN | NJ | 02075 | VSHEA@MDMC-LAW.COM | VIA ECF |
| NEW JERSEY BUREAU OF SECURITIES | C/O MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP | ATTN: NICOLE LEONARD | 225 LIBERTY STREET, 36TH FLOOR | NEW YORK | NY | 10281 | NLEONARD@MDMC-LAW.COM | VIA ECF |
| USIO, INC. | PULMAN, CAPPUCCIO & PULLEN, LLP | ATTN: RANDALL A. PULMAN | 2161 NW MILITARY HIGHWAY SUITE 400 | SAN ANTONIO | TX | 78213 | RPULMAN@PULMANLAW.COM | E-MAIL |