**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

### SUMMARY COVER SHEET TO THE FIRST INTERIM APPLICATION OF HARNEY WESTWOOD & RIEGELS LP FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS BVI COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM JULY 31, 2022 THROUGH OCTOBER 31, 2022

In accordance with the Local Rules for the Southern District of New York, Harney Westwood & Riegels LP ("Harneys" or the "Firm"), BVI counsel to the Official Committee of Unsecured Creditors (the "Committee") of Voyager Digital Holdings, Inc. and its affiliated debtors (collectively, the "Debtors"), submits this summary (this "Summary") of fees and expenses sought as actual, reasonable, and necessary in the fee application to which this Summary is attached (the "Application") for the period from July 31, 2022 through October 31, 2022 (the "Application Period").

Harneys submits the Application as an interim fee application in accordance with the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals and (II) Granting Related Relief*, dated August 4, 2022 [Docket No. 236] (the "Interim Compensation Order").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of Voyager Digital Holdings, Inc.'s and Voyager Digital Ltd.'s principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003. Voyager Digital, LLC's principal place of business is 701 S. Miami Ave, 8th Floor, Miami, FL 33131.

| | |
|---|---|
| Name of Applicant: | Harney Westwood & Riegels LP |
| Name of client: | Official Committee of Unsecured Creditors of Voyager Digital Holdings, Inc., et al. |
| Time period covered by this application: | July 31, 2022 through October 31, 2022[2] |
| Total compensation sought this period: | $8,223.00 |
| Total expenses sought this period: | $0 |
| Petition Date: | July 5, 2022 |
| Retention Date: | November 15, 2022, effective as of July 31, 2022 |
| Date of order approving employment: | November 15, 2022 |
| Total compensation approved by interim order to date: | $0 |
| Total expenses approved by interim order to date: | $0 |
| Total allowed compensation paid to date: | $0 |
| Total allowed expenses paid to date: | $0 |
| Blended rate in this application for all lawyers: | N/A |
| Blended rate in this application for all timekeepers: | N/A |
| Compensation sought in this application already paid pursuant to a monthly compensation order but not yet allowed: | $0 |
| Expenses sought in this application already paid pursuant to a monthly compensation order but not yet allowed: | $0 |
| Number of professionals included in this application | 2 |
| If applicable, number of professionals in this application not included in staffing plan approved by client: | N/A |
| If applicable, difference between fees budgeted and compensation sought for this period: | N/A |
| Number of professionals billing fewer than 15 hours to the case during this period: | 2 |
| Are any rates higher than those approved or disclosed at retention?  If yes, calculate and disclose the total compensation sought in this application using the rates originally disclosed in the retention application: | N/A |

---

[2]    Harneys reserves the right to include any time expended in the Application Period in future application(s) if it is not included herein.

Dated: December 20, 2022                    **HARNEY WESTWOOD & RIEGELS LP**


By:  _/s/ Christopher Pease_
Name:      Christopher Pease
Title:      Partner

Harney Westwood & Riegels LP
Cragmuir Chambers
PO Box 71
Road Town, Tortola VG1110
British Virgin Islands
Email: Christopher.Pease@harneys.com
Telephone: +1 (284) 494 2233

*BVI Counsel to the Official Committee*
*of Unsecured Creditors of Voyager*
*Digital Holdings, Inc., et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | ) | Case No. 22-10943 (MEW) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |

### FIRST INTERIM APPLICATION OF HARNEY WESTWOOD & RIEGELS LP FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS BVI COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM JULY 31, 2022 THROUGH OCTOBER 31, 2022

Harney Westwood & Riegels LP ("Harneys"), BVI counsel to the Official Committee of Unsecured Creditors (the "Committee") of Voyager Digital Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") in these chapter 11 cases (these "Chapter 11 Cases"), hereby submits its first interim fee application (the "Application"), pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1(a) of the Local Rules for the Southern District of New York (the "Local Rules"), requesting interim allowance and payment of compensation for professional services rendered by Harneys as BVI counsel to the Committee from July 31, 2022 through October 31, 2022 (the "Application Period") in the amount of $8,223.00. As of the date hereof, Harneys has not received payment under the Interim Compensation Order.[2] In support of the Application,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Voyager Digital Holdings, Inc.'s and Voyager Digital Ltd.'s principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003. Voyager Digital, LLC's principal place of business is 701 S. Miami Ave, 8th Floor, Miami, FL 33131.

[2] Given the amount of interim compensation being sought by Harneys for the Application Period and in order to conserve estate resources, Harneys elected not to file monthly fee statements for the Application Period.

Harneys submits the declaration of Christopher Pease attached hereto as **Exhibit A** (the "Pease Declaration") and incorporated herein by reference. In further support of the Application, Harneys respectfully states as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and other bases for the relief requested herein are Bankruptcy Code sections 330 and 331, Rule 2016 of the Bankruptcy Rules, Rule 2016-1(a) of the Local Rules, the applicable provisions of the *Appendix B Guidelines* for *Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "UST Guidelines"), the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases* (the "Local Guidelines"), and the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Docket No. 236] (the "Interim Compensation Order").

## BACKGROUND

**A.      The Debtors' Chapter 11 Cases**

4.      On July 5, 2022, (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee or examiner has been appointed in these Chapter 11 Cases.

5.       On July 19, 2022, the Office of the United States Trustee (the "U.S. Trustee") appointed the Committee pursuant to Bankruptcy Code section 1102. *See Amended Notice of Appointment of Official Committee of Unsecured Creditors* [Docket No. 106].

6.       On August 4, 2022, the Court entered the Interim Compensation Order.

**B.       Retention of Harneys as Counsel to the Committee**

7.       On June 27, 2022, the High Court of Justice in the British Virgin Islands, Commercial Division (the "BVI Court") heard (i) an application filed by Three Arrows Capital Ltd ("3AC") for the appointment of joint liquidators in respect of itself, 3AC, and (ii) an application filed by a creditor of 3AC, DRB Panama Inc, to appoint joint provisional liquidators and thereafter, liquidators in respect of 3AC. After the hearings, the BVI Court entered an order appointing Russell Crumpler and Christopher Farmer of Teneo (BVI) Limited as joint liquidators of 3AC (the "3AC Liquidation").

8.       The Debtors are one of 3AC's largest creditors and are a member of the Creditors' Committee in the 3AC Liquidation. In these Chapter 11 Cases, creditor recoveries can be materially affected by the outcome of the 3AC Liquidation. Accordingly, the Committee determined that it was appropriate to retain BVI Counsel.

9.       On October 31, 2022, the Committee filed the *Application for Order Authorizing the Employment and Retention of Harney Westwood & Riegels LP as BVI Counsel to the Official Committee of Unsecured Creditors of Voyager Digital Holdings, Inc. et al., Effective as of July 31, 2022* [Docket No. 608].

10.       On November 15, 2022, the Court entered an *Order Authorizing the Employment and Retention of Harney Westwood & Riegels LP as BVI Counsel to the Official Committee of Unsecured Creditors of Voyager Digital Holdings, Inc., et al., Effective July 31, 2022* (the

"Retention Order") [Docket No. 642]. The Retention Order authorized Harneys to be

compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket

expenses.

### SUMMARY OF PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED

11.     The Application has been prepared in accordance with the applicable provisions

of the UST Guidelines, the Local Guidelines, and the Interim Compensation Order (collectively,

the "Guidelines"). By the Application, Harneys requests allowance of interim compensation for

professional services rendered to the Committee during the Application Period in the amount of

$8,223.00. During the Application Period, Harneys lawyers and paraprofessionals expended a

total of approximately 10.2 hours for which compensation is sought.

12.     The fees charged by Harneys in these Chapter 11 Cases are billed in accordance

with its existing billing rates and procedures in effect during the Application Period. The rates

Harneys charges for the services rendered by its professionals and paraprofessionals in these

Chapter 11 Cases are the same rates Harneys charges for professional and paraprofessional

services rendered in comparable non-bankruptcy related matters. Such fees are reasonable based

on customary compensation charged by comparably skilled practitioners in comparable non-

bankruptcy cases in a competitive national legal market.

13.     All services for which Harneys requests compensation were performed for or on

behalf of the Committee. Harneys has received no payment and no promises for payment from

any source other than the Debtors for which services rendered or to be rendered in any capacity

whatsoever in connection with the matters covered by this Application. There is no agreement or

understanding between Harneys and any other person other than the partners of Harneys for the

sharing of compensation to be received for services rendered in these Chapter 11 Cases. Harneys

has not received a retainer in these Chapter 11 Cases.

14.    Pursuant to the Local Guidelines, Harneys has classified all services performed

for which compensation is sought for this period into one of several major categories. Harneys

attempted to place the services performed in the category that best relates to the service provided.

However, because certain services may relate to one or more categories, services pertaining to

one category may in fact be included in another category.

15.    **Exhibit B** sets forth a timekeeper summary that includes the respective names,

positions, department, bar admissions, hourly billing rates, and aggregate hours spent by each

Harneys professional and paraprofessional that provided services to the Committee during the

Application Period. **Exhibit C** sets forth a task code summary that includes the aggregate hours

per task code spent by Harneys professionals and paraprofessionals in rendering services to the

Committee during the Application Period.

16.    Harneys maintains computerized records of the time spent by Harneys lawyers

and paraprofessionals in connection with the representation of the Committee. **Exhibit D** sets

forth Harneys computerized records of time expended providing professional services to the

Committee.

## SUMMARY OF SERVICES PERFORMED BY
## HARNEYS DURING THE APPLICATION PERIOD

17.    Harneys has rendered professional advisory services for the Committee. As

described below, the services provided by Harneys during this Application Period were actual

and necessary for the administration of these Chapter 11 Cases, performed at the request of the

Committee, commensurate with the complexity and significance of the tasks, and provided

substantial benefits to unsecured creditors.

18.     The following is a summary of the professional services rendered by Harneys for the Committee during the Application Period. The following summary is organized in accordance with the internal system of task codes based on the Guidelines set up by Harneys at the outset of these Chapter 11 Cases. Task codes for which no time was billed are not included below. Harneys reserves the right to bill time to such task codes during subsequent periods.

**A.  Fee/Employment Applications**
**Harneys Billing Code: B160**
**Fees: $2,808.00/Hours Billed: 3.80**

19.     This category includes time spent by Harneys' lawyers providing services related to the retention of Harneys as the Committee's BVI counsel and time in connection with the preparation of fee statements.

20.     Specifically, with respect to the retention of Harneys as the Committee's BVI counsel, Harneys' attorneys and paraprofessionals spent time preparing and reviewing pleadings necessary to obtain the order of the Court approving the employment of Harneys to represent the Committee and communicating with McDermott Will & Emery LLP, Counsel to the Committee, in respect of the same.

**B.  Foreign Proceedings**
**Harneys Billing Code: B470**
**Fees: $5,415.00/Hours Billed: 6.40**

21.     Time billed to this category relates to foreign litigation pending against the Debtors. During the Application Period, time billed to this category relates to time spent by Harneys attorneys and paraprofessionals providing services related to reviewing, monitoring, and discussing pending foreign matters related to 3AC and ongoing class-action litigation against the Debtors.

## BASIS FOR RELIEF

22.    Bankruptcy Code section 331 provides for the allowance of interim compensation

for services rendered and reimbursement of expenses in bankruptcy cases:

> Any professional person . . . may apply to the court not more than
> once every 120 days after an order for relief in a case under this title,
> or more often if the court permits, for such compensation for
> services rendered . . . as is provided under section 330 of this title.

11 U.S.C. § 331.

23.    Section 330 provides that a court may award a professional employed under

Bankruptcy Code section 327 "reasonable compensation for actual necessary services rendered

and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets

forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be
> awarded . . ., the court should consider the nature, the extent, and
> the value of such services, taking into account all relevant factors,
> including –
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the
> administration of, or beneficial at the time at which
> the service was rendered toward the completion of, a
> case under this title;
>
> (D)    whether the services were performed within a
> reasonable amount of time commensurate with the
> complexity, importance, and nature of the problem,
> issue, or task addressed;
>
> (E)    with respect to a professional person, whether the
> person is board certified or otherwise has
> demonstrated skill and experience in the bankruptcy
> field; and
>
> (F)    whether the compensation is reasonable based on the
> customary compensation charged by comparably

7

> skilled practitioners in cases other than cases under
> this title.

11 U.S.C. § 330(a)(3). The clear Congressional intent and policy expressed by the statute is to

provide for adequate compensation to professionals in order to continue to attract qualified and

competent bankruptcy practitioners to bankruptcy cases. *See In re Drexel Burnham Lambert*

*Group, Inc*., 133 B.R. 13, 20 (Bankr. S.D.N.Y. 1991) ("Congress' objective on requiring that the

market, not the Court, establish lawyers' rates was to ensure that bankruptcy cases were staffed

by appropriate legal specialists."); *In re Busy Beaver Bldg. Ctrs., Inc*., 19 F.3d 833, 850 (3d Cir.

1994) ("Congress rather clearly intended to provide sufficient economic incentive to lure

competent bankruptcy specialists to practice in the bankruptcy courts.").

24.     In assessing the "reasonableness" of the fees requested, courts have looked to a

number of factors, including those first enumerated by the Fifth Circuit in *In re First Colonial*

*Corp. of America*, 544 F.2d 1291, 1298–99 (5th Cir. 1977), and thereafter adopted by most

courts. *See In re Nine Assocs., Inc*., 76 B.R. 943, 945 (S.D.N.Y. 1987) (adopting *First*

*Colonial/Johnson* analysis); *In re Cuisine Magazine, Inc*., 61 B.R. 210, 212–13 (Bankr. S.D.N.Y.

1986) (same). Among other things, such factors include: (i) the time and labor required; (ii) the

novelty and difficulty of the legal questions involved; (iii) the skill requisite to perform the legal

services properly; (iv) the preclusion of other employment by applicant due to acceptance of the

case; (v) the customary fees for matters of this type; (vi) the amounts involved; and (vii) the

experience, reputation and ability of the lawyers. Harneys respectfully submits that application of

such factors supports allowance of the compensation requested by Harneys.

a.      **Time and Labor Required**: Harneys billed a total of $8,223.00 and 10.2 hours,
        respectively, of professional and paraprofessional services during the Application
        Period. As evidenced by this Application, Harneys professionals and
        paraprofessionals worked diligently and efficiently without unnecessary
        duplication of efforts throughout the Application Period. Whenever possible,
        Harneys sought to minimize the costs of Harneys' services to the Committee by

utilizing talented junior attorneys and paraprofessionals to handle the more routine aspects of the assignments. The services were performed in an effective and efficient manner commensurate with the complexity, exigency, and importance of the issues involved. Harneys submits that the hours spent were reasonable given the size and complexity of the Chapter 11 Cases, the significant, and often urgent, legal and business issues raised, and the numerous pleadings filed in the Chapter 11 Cases. As is demonstrated in the timesheets, Harneys undertook substantial work, particularly in relation to the retention application, at zero cost.

b.      **Novelty and Difficulty of the Legal Questions Involved**: Harneys tasked knowledgeable lawyers to research, analyze, and advise the Committee on difficult and complex issues during the Application Period, including issues related to bankruptcy, cryptocurrency, litigation, tax, and mergers & acquisitions.

c.      **Skill Requisite to Perform the Legal Services Properly**: Harneys believes that its recognized expertise in the areas of financial restructuring and corporate reorganization, as well as cryptocurrency, and its ability to draw from highly experienced professionals in other areas of Harneys' practice has contributed to the effective administration of the Chapter 11 Cases and benefited the Committee, the Debtors, their estates, and their unsecured creditors. Due to the nature and complexity of the legal issues presented by the Chapter 11 Cases, Harneys was required to exhibit a high degree of legal skill in areas related to, among others, bankruptcy, cryptocurrency, litigation, tax, and mergers & acquisitions. Additionally, Harneys' strong working relationship with the legal and financial advisors to other parties in interest enabled Harneys to work with such advisors towards a swift, consensual resolution of some of the salient issues in the Chapter 11 Cases.

d.      **Preclusion of Other Employment by Applicant Due to Acceptance of the Case**: Due to the size of Harneys' restructuring and litigation departments, Harneys' representation of the Committee did not preclude its acceptance of new clients, but the demands for immediate and substantive action in the Chapter 11 Cases imposed significant burdens on Harneys professionals and paraprofessionals working concurrently on other matters

e.      **Customary Fees for Matters of this Type**: The fees charged by Harneys in the Chapter 11 Cases are billed in accordance with its existing billing rates and procedures in effect during the Application Period. The rates Harneys charges for the services rendered by its professionals and paraprofessionals in the Chapter 11 Cases are comparable to the rates Harneys charges for professional and paraprofessional services rendered in comparable nonbankruptcy related matters. Moreover, when Harneys' restructuring professionals and paraprofessionals work on nonbankruptcy matters, the firm generally charges their standard rate. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in a competitive national legal market. In addition, the firm's customary hourly rates and rate structure reflect

that restructuring and related matters typically involve great complexity, numerous tasks requiring a high level of expertise, and severe time pressures, as is the case here.

f.    **Whether the Fee is Fixed or Contingent**: Pursuant to Bankruptcy Code sections 330 and 331, all fees sought by professionals employed under Bankruptcy Code section 1103 are contingent pending final approval by the Court and are subject to adjustment depending on the services rendered and the results obtained. The contingency of full and actual compensation to Harneys increased the risk Harneys was assuming by representing the Committee in the Chapter 11 Cases.

g.    **Time Limitations Imposed by the Client or Other Circumstances**: During the Application Period, Harneys was required to analyze and address certain issues arising in the Chapter 11 Cases under compressed timelines. For example, Harneys and the Committee's other advisors were faced with limited time in which to evaluate the Debtors' approach to these unprecedented Chapter 11 Cases, including the need to evaluate potentially valuable claims and causes of action within 90 days after entry the Petition Date. The efforts of Harneys professionals and paraprofessionals in completing this work permitted the Committee to address effectively various issues for the benefit of the Debtors' unsecured creditors.

h.    **Amounts Involved and Results Obtained**: Harneys professionals and paraprofessionals worked diligently to maximize value for the Debtors' estates and creditors. During the Application Period, and as described in the summary of services herein, Harneys was instrumental in analyzing potential sources of recovery for the benefit of unsecured creditors.

i.    **Undesirability of the Cases**: This factor is not applicable to the Chapter 11 Cases.

j.    **The Experience, Reputation, and Ability of the Lawyers**: Harneys is an international law firm that is recognized services in the field of creditors' rights, business restructuring, and cryptocurrency. During the Application Period, Harneys solicited the skill and expertise of its attorneys and paraprofessionals. Harneys' extensive experience enables it to perform the services described herein competently and expeditiously.

k.    **Nature and Length of Professional Relationship**: Harneys has been rendering professional services to the Committee since it was selected as BVI counsel to the Committee on July 31, 2022.

25.    For the foregoing reasons, Harneys respectfully submits that the services rendered

by Harneys were necessary and beneficial to the Committee and performed in a timely manner.

The compensation requested during the Application Period is reasonable in light of the nature,

extent and value of the professional services performed during the Chapter 11 Cases.

Accordingly, Harneys respectfully submits that the Court approve the compensation for

professional services and reimbursement of expenses sought herein

### **STATEMENT PURSUANT TO APPENDIX B GUIDELINES**

26.     The following is provided in response to the request for additional information set

forth in Section C.5 of the UST Trustee Guidelines:

**Question**:     Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

**Response**:     Harneys agreed to waive its ordinary outlays and expenses charge usually applicable and applied at a rate of four and half per cent of professional fees incurred. There is also a minor reduction to the hourly rate of Megan Elms.

**Question**:     If the fees sought in this application as compared to the fees budgeted for the Application Period are higher by 10% or more, did you discuss the reasons for the variation with the client?

**Response**:     Not applicable.

**Question**:     Have any of the professionals included in this application varied their hourly rate based on the geographic location of the bankruptcy case?

**Response**:     No.

**Question**:     Does the application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.) If so, please quantify by hours and fees?

**Response**:     No.

**Question**:     Does this application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

**Response**:     No.

11

**Question**:    If the application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation consistent with ABA Formal Ethics Opinion 11-458??

**Response**:    Not applicable.

## RESERVATION OF RIGHTS

27.    It is possible that some professional time expended or expenses incurred by Harneys are not reflected in this Application. Harneys reserves the right to include such amounts in future fee applications.

## NO PRIOR REQUEST

28.    No prior application for the relief requested herein has been made to this or any other court.

## NOTICE

29.    Pursuant to the Interim Compensation Order, notice of this First Interim Fee Application has been served upon: (i) Voyager Digital Holdings, Inc., 33 Irving Place, Suite 3060, New York, NY 10003 (Attn.: David Brosgol and Brian Nistler); (ii) counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022 (Attn.: Joshua A. Sussberg, P.C., Christopher Marcus, P.C., Christine A. Okike, P.C. and Allyson B. Smith), email: jsussberg@kirkland.com, cmarcus@kirkland.com, christine.okike@kirkland.com, allyson.smith@kirkland.com; and (iii) United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn.: Richard Morrissey and Mark Bruh), email: richard.morrissey@usdoj.gov; mark.bruh@usdoj.gov. A copy of this Application is also available on the website of the Debtors' claims, noticing, and solicitation agent at

https://cases.stretto.com/Voyager. The Committee submits that, in light of the nature of the relief

requested, no other or further notice need be given.

## **CONCLUSION**

WHEREFORE, Harneys respectfully requests that this Court enter an order allowing

Harneys interim compensation for services rendered during the Application Period in the amount

of $8,223.00; and (b) granting any other relief that this Court deems necessary and appropriate.

Dated: December 20, 2022                    **HARNEY WESTWOOD & RIEGELS LP**


By:   */s/ Christopher Pease*
Name:      Christopher Pease
Title:      Partner

Harney Westwood & Riegels LP
Cragmuir Chambers
PO Box 71
Road Town, Tortola VG1110
British Virgin Islands
Email: Christopher.Pease@harneys.com
Telephone: +1 (284) 494 2233

*BVI Counsel to the Official Committee*
*of Unsecured Creditors of Voyager*
*Digital Holdings, Inc., et al.*

# EXHIBIT A

**Pease Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF CHRISTOPHER PEASE IN SUPPORT OF THE FIRST**
**INTERIM APPLICATION OF HARNEY WESTWOOD & RIEGELS LP FOR**
**INTERIM ALLOWANCE OF COMPENSATION FOR SERVICES**
**RENDERED AND REIMBURSEMENT OF EXPENSES AS BVI COUNSEL**
**TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR**
**THE PERIOD FROM JULY 31, 2022 THROUGH OCTOBER 31, 2022**

Under 28 U.S.C. § 1746, I, Christopher Pease, declare as follows under the penalty of perjury:

1.    I am a Partner employed in the Dispute Resolution department of Harney Westwood & Riegels LP ("Harneys"), Craigmuir Chambers, Road Town, Tortola, British Virgin Islands ("BVI"), and I make this declaration in support of the First Interim Application of Harney Westwood & Riegels LP for Compensation for Services and Reimbursement of Expenses as BVI Counsel to the Official Committee of Unsecured Creditors for the Period from July 31, 2022 through October 31, 2022 (the "Application").[2] I am a lawyer admitted to practice in the BVI. There are no disciplinary proceedings against me.

2.    Harneys submits this first application for interim compensation in accordance with sections 330 and 331 of title 11 of the United States Code, Rule 2016 of the Federal Rules

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Voyager Digital Holdings, Inc.'s and Voyager Digital Ltd.'s principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003. Voyager Digital, LLC's principal place of business is 701 S. Miami Ave, 8th Floor, Miami, FL 33131.

[2]    Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Application.

of Bankruptcy Procedure, Rule 2016-1(a) of the Local Rules for the Southern District of New

York, the applicable provisions of  Appendix A and Appendix B of the *Guidelines for Reviewing*

*Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by*

*Lawyers in Larger Chapter 11 Cases* (the "UST Guidelines"), the *Amended Guidelines for Fees*

*and Disbursements for Professionals in Southern District of New York Bankruptcy Cases* (the

"Local Guidelines"), and the *Order (I) Establishing Procedures for Interim Compensation and*

*Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Docket

No. 236] (the "Interim Compensation Order" and, together with the UST Guidelines and Local

Guidelines, the "Guidelines").

3.      I am the professional designated by Harneys with the responsibility for Harneys'

compliance with the Guidelines in these Chapter 11 Cases. This certification is made in respect

of Harneys' application, dated December 20, 2022 (the "Application"), for interim allowance of

compensation for professional services and reimbursement of expenses for the period

commencing July 31, 2022 through and including October 31, 2022 (the "Application Period")

in accordance with the Guidelines.

4.      Pursuant to paragraph B.1 of the Local Guidelines, I certify that:

    a.      I have read the Application;

    b.      To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Guidelines, except as specifically set forth herein;

    c.      The fees and disbursements sought are billed at rates and in accordance with practices customarily employed by Harneys and generally accepted by Harneys clients; and

    d.      In providing a reimbursable service, Harneys does not make a profit on that service, whether the service is performed by Harneys in-house or through a third party.

2

5.      With respect to Section B.2 of the Local Guidelines, I certify that the Committee, the Debtors, and the U.S. Trustee have all been provided with a statement of the fees and disbursements accrued during each month subject to the Application, containing a list of professionals and paraprofessionals providing services, their respective billing rates, the aggregate hours spent by each professional and paraprofessional, a general description of services rendered, a reasonably detailed breakdown of the disbursements incurred and an explanation of billing practices. Due to administrative limitations and the fast-paced nature of these Chapter 11 Cases, such statements were not provided within the time frame set forth in the Local Guidelines but were in compliance with the Interim Compensation Order.

6.      With respect to Section B.3 of the Local Guidelines, I certify that the Committee, the Debtors, and the U.S. Trustee will each be provided with a copy of the Application concurrently with the filing thereof and will have at least 14 days to review such Application prior to any objection deadline with respect thereto.

7.      The following is provided in response to the request for additional information set forth in section C.5. of the UST Guidelines:

**Question**:    Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

**Response**:    Yes, Harneys agreed to waive its ordinary outlays and expense charge usually applicable and applied at a rate four and half per cent of professional fees incurred. There is also a minor reduction to the hourly rate of Megan Elms.

**Question**:    If the fees sought in this application as compared to the fees budgeted for the Application Period are higher by 10% or more, did you discuss the reasons for the variation with the client?

**Response**:    Not applicable.

3

**Question**:    Have any of the professionals included in this application varied their hourly rate based on the geographic location of the bankruptcy case?

**Response**:    No.

**Question**:    Does the application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.) If so, please quantify by hours and fees?

**Response**:    No.

**Question**:    Does this application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

**Response**:    No.

**Question**:    If the application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation consistent with ABA Formal Ethics Opinion 11-458??

**Response**:    Not applicable.

Dated: December 20, 2022

Road Town, Tortola

/s/ *Christopher Pease*
Christopher Pease

4

## **EXHIBIT B**

**Timekeeper Summary**

| Timekeeper Name | Title | Dept. | Year Admitted to Bar | Hourly Rate | Billed Hours | Billed Amount |
|---|---|---|---|---|---|---|
| Christopher Pease | Partner | Litigation, Insolvency, and Restructuring | England 2009, BVI 2017 | $925.00 | 7.8 | $7,215.00 |
| Megan Elms | Associate | Litigation, Insolvency, and Restructuring | England 2019, BVI 2021 | $420.00 | 2.4 | $1,008.00 |
| **TOTALS** | | | | | **10.2** | **$8,223.00** |

## **EXHIBIT C**

**Summary of Fees by Task Code**

| Matter Number | Matter Category Description | Total Hours | Total Fees |
|---|---|---|---|
| B160 | Fee/Employment Applications | 3.8 | $2,808.00 |
| B470 | Foreign Proceedings | 6.4 | $5,415.00 |
| **TOTALS** | | **10.2** | $8,223.00 |

# EXHIBIT D

**Time Record**



# TIME DETAIL

| Matter: | **Advising regarding Three Arrows Capital** | Invoice Date: | **20 December 2022** |
| Our Reference: | **CJP/059084.0001** | Invoice Number: | **1416534** |

| Task | Date | Timekeeper | Description | Hours | USD |
|---|---|---|---|---|---|
| B110 | 16/08/2022 | CJP | NB - Researching status of 3AC liquidation; reviewing press re Voyager Chapter 11 process; considering Chapter 11 process; considering provisions of Insolvency Act and Insolvency RUles and ability to participate in 3AC liquidation as indirect creditor. | 2.00 | 0.00 |
| | | | | **2.00** | **0.00** |

| Task | Date | Timekeeper | Description | Hours | USD |
|---|---|---|---|---|---|
| B160 | 31/08/2022 | MEE | Calll with CJP and email to client re: fees | 0.80 | 0.00 |
| B160 | 31/08/2022 | CJP | Emails with MWE re estimate for work to end of November; liaising with MEE re preparing same and discussion. | 0.20 | 0.00 |
| | | | | **1.00** | **0.00** |

| Task | Date | Timekeeper | Description | Hours | USD |
|---|---|---|---|---|---|
| B470 | 17/08/2022 | CJP | Preparing for call with MWE, Kirkland and Campbells to discuss strategy and access to information in 3AC liquidation; discussing background to case; attending call; preparing summary of call and suggested next steps; liaising with PAF re same. | 2.00 | 1,850.00 |
| B470 | 19/08/2022 | CJP | Drafting advice to MWE re seeking information directly from 3AC liquidators. | 0.80 | 740.00 |
| B470 | 23/08/2022 | CJP | Emails with MWE re next steps and whether to liaise with 3AC liquidators or seek to agree protocol via Voyager; emails with Mark Goodman (Campbells); scheduling call with C Farmer. | 0.40 | 370.00 |
| B470 | 24/08/2022 | CJP | Phone call with Chris Farmer (liquidator of 3AC) to discuss possibility of Voyager UCC having direct access to information; updating client following call. | 0.40 | 370.00 |
| B470 | 29/08/2022 | CJP | Emails with G Carroll from Ogier re request for information directly from 3AC JLs; scheduling call to discuss. | 0.20 | 185.00 |
| B470 | 30/08/2022 | CJP | Call with Grant Carroll at Ogier re request for information from 3AC JLs; updating MWE re same. | 0.40 | 370.00 |
| B470 | 30/08/2022 | MEE | Reviewing emails re: comms with TAC liquidators | 0.20 | 0.00 |
| | | | | **4.40** | **3,885.00** |

# HARNEYS

## TIME CHARGE SUMMARY

| Matter: | **Advising regarding Three Arrows Capital** | Invoice Date: | **20 December 2022** |
|---|---|---|---|
| Our Reference: | **CJP/059084.0001** | Invoice Number: | **1416534** |

| Timekeeper | Initials | Rate | Hours | Amount USD |
|---|---|---|---|---|
| Christopher Pease | CJP | 925.00 | 4.20 | 3,885.00 |
| **Total: Fees** | | | **4.20** | **3,885.00** |

| Task Code | Task Name | Hours | USD |
|---|---|---|---|
| B470 | Foreign Proceedings | 4.20 | 3,885.00 |
| **Total: Fees** | | **4.20** | **3,885.00** |

# HARNEYS

## TIME DETAIL

| Matter: | **Advising regarding Three Arrows Capital** | Invoice Date: | **20 December 2022** |
| Our Reference: | **CJP/059084.0001** | Invoice Number: | **1416541** |

| Task | Date | Timekeeper | Description | Hours | USD |
|------|------|-----------|-------------|-------|-----|
| B160 | 12/10/2022 | MEE | Review of materials in connection with retention application. | 0.20 | 0.00 |
| B160 | 13/10/2022 | MEE | Review of materials in connection with retention application. | 0.60 | 0.00 |
| B160 | 13/10/2022 | CJP | Liaising with MEE re retention application. | 0.20 | 185.00 |
| B160 | 13/10/2022 | CJP | Review of materials in connection with retention application. | 0.40 | 0.00 |
| B160 | 19/10/2022 | MEE | Review of materials in connection with retention application. | 0.40 | 0.00 |
| B160 | 24/10/2022 | MEE | Review of materials in connection with retention application. | 0.20 | 0.00 |
| B160 | 26/10/2022 | MEE | Review of materials in connection with retention application. | 0.60 | 0.00 |
| B160 | 26/10/2022 | CJP | Review of materials in connection with retention application. | 0.20 | 0.00 |
| B160 | 26/10/2022 | CJP | Reviewing retention application and related documents; amends/comments on same. | 0.60 | 555.00 |
| B160 | 27/10/2022 | CJP | Liaising with MWE re retention application; emails with Ben O'Neill re searches and outcome of same; considering information in tables and queries/comments on same; reviewing and revising application documents; further emails and discussions with Ben O'Neill to clarify approach to search entities and results. | 2.40 | 0.00 |
| B160 | 28/10/2022 | CJP | Reviewing and finalising retention application documents; liaising with MEE re same; emails with MWE. | 0.60 | 555.00 |
| B160 | 28/10/2022 | MEE | Reviewing retention application; considering CJP final comments and email out to MWE | 1.40 | 588.00 |
| B160 | 30/10/2022 | CJP | Reviewing updated retention app. | 0.60 | 555.00 |
| B160 | 31/10/2022 | CJP | Emails with MWE; providing comments on retention app documents. | 0.40 | 370.00 |
| | | | | **8.80** | **2,808.00** |

| Task | Date | Timekeeper | Description | Hours | USD |
|------|------|-----------|-------------|-------|-----|
| B470 | 24/10/2022 | CJP | Emails with Darren Azman re update on UCC settlement with Voyager and next steps. | 0.20 | 185.00 |
| B470 | 26/10/2022 | MEE | Attending call re: information protocol | 0.60 | 252.00 |
| B470 | 26/10/2022 | CJP | Reviewing updates in relation to Voyager Chapter 11 liquidation and reviewing filings; reviewing updates in relation to 3AC liquidation and court filings; preparing for call with Voyager, K&E and MWE. | 1.00 | 0.00 |
| B470 | 26/10/2022 | CJP | Attending call with Voyager, K&E and MWE. | 0.60 | 555.00 |
| | | | | **2.40** | **992.00** |

# HARNEYS

### TIME CHARGE SUMMARY

| Matter: | **Advising regarding Three Arrows Capital** | Invoice Date: | **20 December 2022** |
|---|---|---|---|
| Our Reference: | **CJP/059084.0001** | Invoice Number: | **1416541** |

| Timekeeper | Initials | Rate | Hours | Amount USD |
|---|---|---|---|---|
| Christopher Pease | CJP | 925.00 | 3.20 | 2,960.00 |
| Megan Elms | MEE | 420.00 | 2.00 | 840.00 |
| **Total: Fees** | | | **5.20** | **3,800.00** |

| Task Code | Task Name | Hours | USD |
|---|---|---|---|
| B160 | Employment Applications | 3.80 | 2,808.00 |
| B470 | Foreign Proceedings | 1.40 | 992.00 |
| **Total: Fees** | | **5.20** | **3,800.00** |

# HARNEYS

**TIME DETAIL**

| Matter: | **Advising regarding Three Arrows Capital** | Invoice Date: | **20 December 2022** |
|---|---|---|---|
| Our Reference: | **CJP/059084.0001** | Invoice Number: | **1416517** |

| Task | Date | Timekeeper | Description | Hours | USD |
|---|---|---|---|---|---|
| B160 | 01/09/2022 | MEE | Call with BON re: matter set up; further matter set up admin | 0.60 | 0.00 |
| B160 | 01/09/2022 | MEE | Reviewing confidentiality agreement and joinder; email to CJP on same; disc. engagement with PAF; email to MWE; updates to engagement letter | 1.20 | 0.00 |
| B160 | 01/09/2022 | CJP | Review of materials in connection with retention application. | 0.40 | 0.00 |
| B160 | 01/09/2022 | CJP | Email in from G Steinman re NDAs; quick review of same and email MEE re analysing, | 0.20 | 0.00 |
| B160 | 02/09/2022 | CJP | Liaising with MEE re LoE and conflicts. | 0.20 | 0.00 |
| B160 | 02/09/2022 | CJP | Reviewing email from K&E re Voyager info position. | 0.20 | 0.00 |
| B160 | 02/09/2022 | MEE | Emails and calls re: conflict checks; updates to engagement letter and email out to MWE | 1.20 | 0.00 |
| B160 | 05/09/2022 | MEE | Emails re: conflict searches | 0.20 | 0.00 |
| B160 | 05/09/2022 | CJP | Review of materials in connection with retention application. | 0.20 | 0.00 |
| B160 | 06/09/2022 | CJP | Review of materials in connection with retention application. | 0.40 | 0.00 |
| B160 | 06/09/2022 | MEE | Disc. re: conflicts | 0.20 | 0.00 |
| B160 | 06/09/2022 | MEE | Reviewing MWE amendments to engagement letter | 0.20 | 0.00 |
| B160 | 08/09/2022 | MEE | Reviewing current conflicts results; email to CJP | 0.60 | 0.00 |
| B160 | 09/09/2022 | MEE | Disc. with CJP; call with BON; update email to MWE; finalise updated engagement letter | 1.40 | 0.00 |
| B160 | 09/09/2022 | CJP | Review of materials in connection with retention application. | 0.20 | 0.00 |
| B160 | 13/09/2022 | MEE | Review of materials in connection with retention application. | 0.20 | 0.00 |
| B160 | 27/09/2022 | MEE | September fee review | 0.20 | 0.00 |
| | | | | **7.80** | **0.00** |

| Task | Date | Timekeeper | Description | Hours | USD |
|---|---|---|---|---|---|
| B470 | 05/09/2022 | CJP | Emails with MWE re strategy for obtaining information; considering email from Kirkland. | 0.20 | 185.00 |
| B470 | 09/09/2022 | MEE | Considering authority on replacing creditors' commitee member in the BVI; email to CJP | 0.40 | 168.00 |
| B470 | 09/09/2022 | CJP | Updating MWE re discussion with Russell Crumpler (JL of 3AC). | 0.20 | 185.00 |
| | | | | **0.80** | **538.00** |

# HARNEYS

**TIME CHARGE SUMMARY**

| | | | | |
|---|---|---|---|---|
| Matter: | **Advising regarding Three Arrows Capital** | | Invoice Date: | **20 December 2022** |
| Our Reference: | **CJP/059084.0001** | | Invoice Number: | **1416517** |

| Timekeeper | Initials | Rate | Hours | Amount USD |
|---|---|---|---|---|
| Christopher Pease | CJP | 925.00 | 0.40 | 370.00 |
| Megan Elms | MEE | 420.00 | 0.40 | 168.00 |
| **Total: Fees** | | | **0.80** | **538.00** |

| Task Code | Task Name | Hours | USD |
|---|---|---|---|
| B470 | Foreign Proceedings | 0.80 | 538.00 |
| **Total: Fees** | | **0.80** | **538.00** |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of December 2022, I caused a true and correct copy of the foregoing *First Interim Application of Harney Westwood & Riegels LP for Compensation for Services and Reimbursement of Expenses as BVI Counsel to the Official Committee of Unsecured Creditors for the Period from July 31, 2022 through October 31, 2022* to be served via (i) electronic notification pursuant to the CM/ECF system for the United States Bankruptcy Court for the Southern District of New York or (ii) e-mail, as indicated in the service list attached hereto.

*/s/ Darren Azman*_____
Darren Azman

| Name | Attention | Address 1 | Address 2 | City | State | Zip | Country | Email | Method of Service |
|------|-----------|-----------|-----------|------|-------|-----|---------|-------|-------------------|
| DISTRICT OF COLUMBIA | OFFICE OF THE ATTORNEY GENERAL | 400 6TH STREET NW | | WASHINGTON | DC | 20001 | | OAG@DC.GOV | VIA E-MAIL |
| FRANCINE DE SOUSA | C/O SISKINDS LLP | ATTN: ANTHONY O'BRIEN | 100 LOMBARD STREET SUITE 302 | TORONTO | ON | M5C1M3 | | ANTHONY.OBRIEN@SISKINDS.COM | VIA E-MAIL |
| FRANCINE DE SOUSA | C/O SISKINDS LLP | ATTN: MICHAEL G. ROBB & GARETT M. HUNTER | 275 DUNDAS STREET UNIT 1 | LONDON | ON | N6B3L1 | | MICHAEL.ROBB@SISKINDS.COM GARETT.HUNTER@SISKINDS.COM | VIA E-MAIL |
| GOOGLE, LLC | | 1600 AMPHITHEATRE PKWY | | MOUNTAIN VIEW | CA | 94043 | | COLLECTIONS@GOOGLE.COM | VIA E-MAIL |
| OFFICE OF THE UNITED STATES TRUSTEE | FOR THE SOUTHERN DIST OF NEW YORK | ATTN: RICHARD C. MORRISSEY, ESQ. AND MARK BRUH, ESQ. | 201 VARICK STREET, ROOM 1006 | NEW YORK | NY | 10014 | | RICHARD.MORRISSEY@USDOJ.GOV MARK.BRUH@USDOJ.GOV | VIA E-MAIL VIA E-MAIL |
| SECURITIES & EXCHANGE COMMISSION | | 100 F STREET NE | | WASHINGTON | DC | 20549 | | SECBANKRUPTCY-OGC-ADO@SEC.GOV | VIA E-MAIL |
| SECURITIES & EXCHANGE COMMISSION | NEW YORK REGIONAL OFFICE | 100 PEARL STREET SUITE 20-100 | | NEW YORK | NY | 10004-2616 | | NYROBANKRUPTCY@SEC.GOV | VIA E-MAIL |
| SECURITIES & EXCHANGE COMMISSION | NEW YORK REGIONAL OFFICE | ATTN: ANDREW CALAMARI REGIONAL DIRECTOR | 200 VESEY STREET SUITE 400 | NEW YORK | NY | 10281-1022 | | BANKRUPTCYNOTICESCHR@SEC.GOV | VIA E-MAIL |
| STATE OF ALABAMA | OFFICE OF THE ATTORNEY GENERAL | 501 WASHINGTON AVE | | MONTGOMERY | AL | 36104 | | CONSUMERINTEREST@ALABAMAAG.GO | VIA E-MAIL |
| STATE OF ALASKA | OFFICE OF THE ATTORNEY GENERAL | 1031 W 4TH AVE, STE 200 | | ANCHORAGE | AK | 99501 | | ATTORNEY.GENERAL@ALASKA.GOV | VIA E-MAIL |
| STATE OF ARIZONA | OFFICE OF THE ATTORNEY GENERAL | 2005 N CENTRAL AVE | | PHOENIX | AZ | 85004 | | AGINFO@AZAG.GOV | VIA E-MAIL |
| STATE OF ARKANSAS | OFFICE OF THE ATTORNEY GENERAL | 323 CENTER ST, STE 200 | | LITTLE ROCK | AR | 72201 | | OAG@ARKANSASAG.GOV | VIA E-MAIL |
| STATE OF CALIFORNIA | OFFICE OF THE ATTORNEY GENERAL | PO BOX 944255 | | SACRAMENTO | CA | 94244-2550 | | XAVIER.BECERRA@DOJ.CA.GOV | VIA E-MAIL |
| STATE OF COLORADO | OFFICE OF THE ATTORNEY GENERAL | RALPH L. CARR JUDICIAL BUILDING | 1300 BROADWAY, 10TH FL | DENVER | CO | 80203 | | CORA.REQUEST@COAG.GOV | VIA E-MAIL |
| STATE OF CONNECTICUT | OFFICE OF THE ATTORNEY GENERAL | 165 CAPITOL AVENUE | | HARTFORD | CT | 06106 | | ATTORNEY.GENERAL@CT.GOV | VIA E-MAIL |
| STATE OF FLORIDA | OFFICE OF THE ATTORNEY GENERAL | THE CAPITOL PL01 | | TALLAHASSEE | FL | 32399 | | ASHLEY.MOODY@MYFLORIDALEGAL.CO | VIA E-MAIL |
| STATE OF HAWAII | OFFICE OF THE ATTORNEY GENERAL | 425 QUEEN STREET | | HONOLULU | HI | 96813 | | HAWAIIAG@HAWAII.GOV | VIA E-MAIL |
| STATE OF IDAHO | OFFICE OF THE ATTORNEY GENERAL | 700 W. JEFFERSON ST, SUITE 210 | PO BOX 83720 | BOISE | ID | 83720 | | LAWRENCE.WASDEN@AG.IDAHO.GOV AGWASDEN@AG.IDAHO.GOV | VIA E-MAIL |
| STATE OF ILLINOIS | OFFICE OF THE ATTORNEY GENERAL | JAMES R. THOMPSON CENTER | 100 W. RANDOLPH ST | CHICAGO | IL | 60601 | | INFO@LISAMADIGAN.ORG | VIA E-MAIL |
| STATE OF IOWA | OFFICE OF THE ATTORNEY GENERAL | HOOVER STATE OFFICE BUILDING | 1305 E. WALNUT STREET | DES MOINES | IA | 50319 | | CONSUMER@AG.IOWA.GOV | VIA E-MAIL |
| STATE OF KANSAS | ATTN: ATTORNEY GENERAL DEREK SCHMIDT | 120 SW 10TH AVE, 2ND FLOOR | | TOPEKA | KS | 66612 | | DEREK.SCHMIDT@AG.KS.GOV | VIA E-MAIL |
| STATE OF LOUISIANA | DEPT. OF JUSTICE - ATTORNEY GENERAL'S OFFICE | 300 CAPITAL DRIVE | | BATON ROUGE | LA | 70802 | | ADMININFO@AG.STATE.LA.US | VIA E-MAIL |
| STATE OF MAINE | OFFICE OF THE ATTORNEY GENERAL | 6 STATE HOUSE STATION | | AUGUSTA | ME | 04333 | | ATTORNEY.GENERAL@MAINE.GOV | VIA E-MAIL |
| STATE OF MARYLAND | OFFICE OF THE ATTORNEY GENERAL | 200 ST. PAUL PLACE | | BALTIMORE | MD | 21202 | | OAG@OAG.STATE.MD.US | VIA E-MAIL |
| STATE OF MINNESOTA | OFFICE OF THE ATTORNEY GENERAL | 445 MINNESOTA ST, STE 1400 | | ST. PAUL | MN | 55101 | | ATTORNEY.GENERAL@AG.STATE.MN.US | VIA E-MAIL |
| STATE OF MISSOURI | OFFICE OF THE ATTORNEY GENERAL | SUPREME COURT BUILDING | 207 W HIGH ST | JEFFERSON CITY | MO | 65101 | | CONSUMER.HELP@AGO.MO.GOV | VIA E-MAIL |
| STATE OF MONTANA | OFFICE OF THE ATTORNEY GENERAL | JUSTICE BUILDING, 3RD FLOOR | 215 N SANDERS, PO BOX 201401 | HELENA | MT | 59602 | | CONTACTDOJ@MT.GOV | VIA E-MAIL |
| STATE OF NEW HAMPSHIRE | OFFICE OF THE ATTORNEY GENERAL | NH DEPARTMENT OF JUSTICE | 33 CAPITOL ST. | CONCORD | NH | 03301 | | ATTORNEYGENERAL@DOJ.NH.GOV | VIA E-MAIL |
| STATE OF NEW MEXICO | OFFICE OF THE ATTORNEY GENERAL | 408 GALISTEO STREET | VILLAGRA BUILDING | SANTA FE | NM | 87501 | | HBALDERAS@NMAG.GOV | VIA E-MAIL |
| STATE OF NORTH DAKOTA | OFFICE OF THE ATTORNEY GENERAL | STATE CAPITOL, 600 E | DEPT. 125 | BISMARCK | ND | 58505 | | NDAG@ND.GOV | VIA E-MAIL |
| STATE OF OKLAHOMA | OFFICE OF THE ATTORNEY GENERAL | 313 NE 21ST ST | | OKLAHOMA CITY | OK | 73105 | | QUESTIONS@OAG.OK.GOV | VIA E-MAIL |
| STATE OF OREGON | OFFICE OF THE ATTORNEY GENERAL | 1162 COURT ST NE | | SALEM | OR | 97301-4096 | | ELLEN.ROSENBLUM@DOG.STATE.OR.US ATTORNEYGENERAL@DOG.STATE.OR.U | VIA E-MAIL |
| STATE OF RHODE ISLAND | OFFICE OF THE ATTORNEY GENERAL | 150 S MAIN ST | | PROVIDENCE | RI | 02903 | | AG@RIAG.RI.GOV | VIA E-MAIL |
| STATE OF UTAH | OFFICE OF THE ATTORNEY GENERAL | UTAH STATE CAPITOL COMPLEX | 350 NORTH STATE ST STE 230 | SALT LAKE CITY | UT | 84114 | | UAG@UTAH.GOV | VIA E-MAIL |
| STATE OF VERMONT | OFFICE OF THE ATTORNEY GENERAL | 109 STATE ST. | | MONTPELIER | VT | 05609 | | AGO.INFO@VERMONT.GOV | VIA E-MAIL |
| STATE OF VIRGINIA | OFFICE OF THE ATTORNEY GENERAL | 202 N. NINTH ST. | | RICHMOND | VA | 23219 | | MAIL@OAG.STATE.VA.US | VIA E-MAIL |
| STATE OF WEST VIRGINIA | OFFICE OF THE ATTORNEY GENERAL | STATE CAPITOL, 1900 KANAWHA | BUILDING 1 RM E-26 | CHARLESTON | WV | 25305 | | CONSUMER@WVAGO.GOV | VIA E-MAIL |
| TORONTO STOCK EXCHANGE | | 300 - 100 ADELAIDE ST. | | WEST TORONTO | ON | M5H 1S3 | | WEBMASTER@TMX.COM | VIA E-MAIL |
| KELLEHER PLACE MANAGEMENT, LLC | HORWOOD MARCUS & BERK CHARTERED | 500 W. MADISON | SUITE 3700 | CHICAGO | IL | 60661 | | AHAMMER@HMBLAW.COM NDELMAN@HMBLAW.COM | VIA ECF VIA E-MAIL |
| METROPOLITAN COMMERCIAL BANK | BALLARD SPAHR LLP | 200 IDS CENTER | 80 SOUTH 8TH STREET | MINNEAPOLIS | MN | 55402-2119 | | SINGERG@BALLARDSPAHR.COM | VIA ECF |
| METROPOLITAN COMMERCIAL BANK | WACHTELL, LIPTON, ROSEN & KATZ | 51 WEST 52ND STREET | | NEW YORK | NY | 10019-6150 | | RGMASON@WLRK.COM ARWOLF@WLRK.COM AKHERRING@WLRK.COM | VIA E-MAIL VIA ECF VIA ECF |
| JASON RAZNICK | JAFFE RAITT HEUER & WEISS, P.C. | 27777 FRANKLIN ROAD | SUITE 2500 | SOUTHFIELD | MI | 48034 | | PHAGE@JAFFELAW.COM | VIA ECF |
| STEVE LAIRD | FORSHEY & PROSTOK LLP | 777 MAIN STREET | SUITE 1550 | FORT WORTH | TX | 76102 | | BFORSHEY@FORSHEYPROSTOK.COM | VIA ECF |
| ORACLE AMERICA, INC. | BUCHALTER, A PROFESSIONAL CORPORA | 425 MARKET ST. | SUITE 2900 | SAN FRANCISCO | CA | 94105 | | SCHRISTIANSON@BUCHALTER.COM | VIA ECF |
| ALAMEDA RESEARCH LLC & AFFILIATES | SULLIVAN & CROMWELL LLP | 125 BROAD STREET | | NEW YORK | NY | 10004 | | DIETDERICHA@SULLCROM.COM GLUECKSTEINB@SULLCROM.COM BELLERB@SULLCROM.COM | VIA ECF VIA ECF VIA ECF |
| VOYAGER DIGITAL HOLDINGS, INC., ET AL | KIRKLAND & ELLIS LLP KIRKLAND & ELLIS INTERNATIONAL LLP | 601 LEXINGTON AVENUE | | NEW YORK | NY | 10022 | | JSUSSBERG@KIRKLAND.COM CMARCUS@KIRKLAND.COM CHRISTINE.OKIKE@KIRKLAND.COM ALLYSON.SMITH@KIRKLAND.COM | VIA ECF VIA E-MAIL VIA E-MAIL VIA E-MAIL |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| EMERALD OCEAN ISLE, LLC, AMANO GLOBAL HOLDINGS, INC., SHINGO LAVINE, AND ADAM LAVINE | C/O GOLDSTEIN & MCCLINKOCK LLLP | ATTN: MATTHEW E. MCCLINTOCK, HARLEY GOLDSTEIN, AND STEVE YACHIK | 111 W WASHINGTON STREET SUITE 1221 | CHICAGO | IL | 60602 | MATTM@GOLDMCLAW.COM HARLEY@RESTRUCTURINGSHOP.COM STEVENY@GOLDMCLAW.COM | VIA E-MAIL VIA E-MAIL VIA E-MAIL |
| EMERALD OCEAN ISLE, LLC, AMANO GLOBAL HOLDINGS, INC., SHINGO LAVINE, AND ADAM LAVINE | C/O LAW OFFICES OF DOUGLAS T. TABACHNIK, P.C. | ATTN: DOUGLAS T. TABACHNIK | 63 WEST MAIN STREET SUITE C | FREEHOLD | NJ | 07728-2141 | DTABACHNIK@DTTLAW.COM | VIA ECF |
| MATTHEW EDWARDS | C/O LIZ GEORGE AND ASSOCIATES | ATTN: LYSBETH GEORGE | 8101 S. WALKER SUITE F | OKLAHOMA CITY | OK | 73139 | GEORGELAWOK@GMAIL.COM | VIA ECF |
| TEXAS STATE SECURITIES BOARD | OFFICE OF THE ATTORNEY GENERAL OF TEXAS | ATTN: ABIGAIL R RYAN, LAYLA D MILLIGAN & JASON B BINFORD | BANKRUPTCY & COLLECTIONS DIVISION PO BOX 12548 | AUSTIN | TX | 78711-2548 | ABIGAIL.RYAN@OAG.TEXAS.GOV LAYLA.MILLIGAN@OAG.TEXAS.GOV JASON.BINFORD@OAG.TEXAS.GOV | VIA ECF VIA E-MAIL VIA E-MAIL |
| OFFICE OF THE ATTORNEY GENERAL OF TEXAS | | ATTN: ROMA N. DESAI | BANKRUPTCY & COLLECTIONS DIVISION PO BOX 12548 | AUSTIN | TX | 78711-2548 | ROMA.DESAI@OAG.TEXAS.GOV | VIA ECF |
| OFFICE OF THE ATTORNEY GENERAL | BANKRUPTCY DIVISION | ATTN: MARVIN E. CLEMENTS, JR. | BANKRUPTCY DIVISION P O BOX 20207 | NASHVILLE | TN | 37202-0207 | AGBANKNEWYORK@AG.TN.GOV | VIA ECF |
| VERMONT DEPARTMENT OF FINANCIAL REGULATION | ASSISTANT GENERAL COUNSEL | ATTN: JENNIFER ROOD | 89 MAIN STREET THIRD FLOOR | MONTPELIER | VT | 05620 | JENNIFER.ROOD@VERMONT.GOV | VIA ECF |
| ROBERT SNYDERS & LISA SNYDERS | C/O JOHNSON, POPE, BOKOR, RUPPEL & BURNS, LLP | ATTN: ANGELINA E. LIM | 401 E JACKSON STREET SUITE 3100 | TAMPA | FL | 33602 | ANGELINAL@JPFIRM.COM | VIA ECF |
| MICHAEL LEGG | C/O MCCARTHY, LEBIT, CRYSTAL & LIFFMAN CO. | ATTN: ROBERT R. KRACHT & NICHOLAS R. OLESKI | 1111 SUPERIOR AVENUE EAST SUITE 2700 | CLEVELAND | OH | 44114 | RRK@MCCARTHYLEBIT.COM NRO@MCCARTHYLEBIT.COM | VIA E-MAIL VIA ECF |
| MICHAEL GENTSCH | C/O BARSKI LAW PLC | ATTN: CHRIS D. BRASKI | 9375 E. SHEA BLVD. STE 100 | SCOTTSDALE | AZ | 85260 | CBARSKI@BARSKILAW.COM | VIA ECF |
| ILLINOIS SECRETARY OF STATE | C/O OFFICE OF THE ATTORNEY GENERAL | ATTN: JOHN P. REDING | 100 W. RANDOLPH ST FLOOR 13 | CHICAGO | IL | 60601 | JOHN.REDING@ILAG.GOV | VIA ECF |
| GEORGIA DEPARTMENT OF BANKING AND FINANCE | | ATTN: NATHAN HOVEY, ASSISTANT ATTORNEY GENERAL | DEPARTMENT OF LAW 40 CAPITOL SQUARE SW | ATLANTA | GA | 30334 | NHOVEY@LAW.GA.GOV | VIA ECF |
| MARK CUBAN AND DALLAS BASKETBALL LIMITED, D/B/A DALLAS MAVERICKS | C/O BROWN RUDNICK LLP | ATTN: SIGMUND S. WISSNER-GROSS ESQ. & KENNETH J. AULET | SEVEN TIMES SQUARE | NEW YORK | NY | 10036 | SWISSNER-GROSS@BROWNRUDNICK.COM KAULET@BROWNRUDNICK.COM | VIA ECF VIA E-MAIL |
| MARK CUBAN AND DALLAS BASKETBALL LIMITED, D/B/A DALLAS MAVERICKS | C/O BROWN RUDNICK LLP | ATTN: STEPHEN A. BEST ESQ & RACHEL O. WOLKINSON, ESQ. | 601 THIRTEENTH STREET NW SUITE 600 | WASHINGTON | DC | 2005 | SBEST@BROWNRUDNICK.COM RWOLKINSON@BROWNRUDNICK.COM | VIA ECF VIA E-MAIL |
| ED BOLTON | C/O AKERMAN LLP | ATTN: R. ADAM SWICK, JOHN H. THOMPSON, JOANNE GELFAND | 1251 AVENUE OF THE AMERICAS, 37TH FL | NEW YORK | NY | 10020 | ADAM.SWICK@AKERMAN.COM; JOHN.THOMPSON@AKERMAN.COM; JOANNE.GELFAND@AKERMAN.COM | VIA ECF VIA ECF VIA ECF |
| JON GIACOBBE | | ATTN: A. MANNY ALICANDRO | 11 BROADWAY, SUITE 615 | NEW YORK | NY | 10004 | MANNY@ALICANDROLAWOFFICE.COM | VIA ECF |
| WELLS FARGO BANK, N.A. | C/O ALDRIDGE PITE, LLP | ATTN: GREGORY WALLACH | FIFTEEN PIEDMONT CENTER 3575 PIEDMONT ROAD, N.E. | ATLANTA | GA | 30305 | GWALLACH@ALDRIDGEPITE.COM | VIA ECF |
| AD HOC GROUP OF EQUITY INTEREST HOLDERS | C/O KILPATRICK TOWNSEND & STOCKTON LLP | ATTN: DAVID M. POSNER & KELLY E. MOYNIHAN | THE GRACE BUILDING 1114 AVENUE OF THE | NEW YORK | NY | 10036 | DPOSNER@KILPATRICKTOWNSEND.COM KMOYNIHAN@KILPATRICKTOWNSEND.C | VIA ECF |
| AD HOC GROUP OF EQUITY INTEREST HOLDERS | C/O KILPATRICK TOWNSEND & STOCKTON LLP | ATTN: PAUL M. ROSENBLATT | 1100 PEACHTREE STREET NE SUITE 2800 | ATLANTA | GA | 30309 | PROSENBLATT@KILPATRICKTOWNSEND COM | VIA E-MAIL |
| PIERCE ROBERTSON | C/O PACHULSKI STANG ZIEHL & JONES LLP | ATTN: RICHARD M. PACHULSKI, ALAN J. KORNFELD, DEBRA I. GRASSGREEN, AND JASON H. ROSELL | 10100 SANTA MONICA BLVD 13TH FLOOR | LOS ANGELES | CA | 90067 | RPACHULSKI@PSZJLAW.COM AKORNFELD@PSZJLAW.COM DGRASSGREEN@PSZJLAW.COM JROSELL@PSZJLAW.COM | VIA E-MAIL VIA E-MAIL VIA E-MAIL VIA E-MAIL |
| STATE OF WASHINGTON | OFFICE OF ATTORNEY GENERAL | ATTN: STEPHEN MANNING, ASSISTANT ATTORNEY GENERAL | GOVERNMENT COMPLIANCE AND ENFORCEMENT DIVISION P.O. BOX 40100 | OLYMPIA | WA | 98504-4010 | STEPHEN.MANNING@ATG.WA.GOV | VIA ECF |
| MARCUM LLP | MINTZ & GOLD LLP | ATTN: ANDREW R. GOTTESMAN | 600 THIRD AVENUE, 25TH | NEW YORK | NY | 10016 | GOTTESMAN@MINTZANDGOLD.COM | VIA ECF |
| U.S. SECURITIES & EXCHANGE COMMISSION | | ATTN: THERESE A. SCHEUER | 100 F STREET, NE | WASHINGTON | DC | 20549 | SCHEUERT@SEC.GOV | VIA ECF |
| NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES | CONSUMER PROTECTION AND FINANCIAL ENFORCEMENT | ATTN: KEVIN R. PUVALOWSKI, LINDA DONAHUE, JASON D. ST. JOHN | ONE STATE STREET | NEW YORK | NY | 10004 | KEVIN.PUVALOWSKI@DFS.NY.GOV LINDA.DONAHUE@DFS.NY.GOV JASON.ST.JOHN@DFS.NY.GOV | VIA E-MAIL VIA E-MAIL VIA ECF |
| NEW JERSEY BUREAU OF SECURITIES | C/O MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP | ATTN: VIRGINIA T. SHEA | 1300 MT KEMBLE AVENUE PO BOX 2075 | MORRISTOWN | NJ | 02075 | VSHEA@MDMC-LAW.COM | VIA ECF |
| NEW JERSEY BUREAU OF SECURITIES | C/O MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP | ATTN: NICOLE LEONARD | 225 LIBERTY STREET, 36TH FLOOR | NEW YORK | NY | 10281 | NLEONARD@MDMC-LAW.COM | VIA ECF |
| USIO, INC. | PULMAN, CAPPUCCIO & PULLEN, LLP | ATTN: RANDALL A. PULMAN | 2161 NW MILITARY HIGHWAY SUITE 400 | SAN ANTONIO | TX | 78213 | RPULMAN@PULMANLAW.COM | E-MAIL |