Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted pro hac vice)
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF HEARING ON**
**DEBTORS' APPLICATION**
**SEEKING ENTRY OF AN ORDER**
**AUTHORIZING THE RETENTION AND**
**EMPLOYMENT OF POTTER ANDERSON & CORROON LLP**
**AS DELAWARE COUNSEL EFFECTIVE AS OF NOVEMBER 30, 2022**

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Application Seeking Entry of an Order Authorizing the Retention and Employment of Potter Anderson & Corroon LLP as Delaware Counsel Effective as of November 30, 2022* (the "Application,") will be held on **January 24, 2023, at 11:00 a.m., prevailing Eastern Time** (the "Hearing").  In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted telephonically.  Any parties wishing to participate must do so by making arrangements through CourtSolutions by visiting

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

https://www.court-solutions.com.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Application shall:  (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served so as to be actually received by **January 17, 2023, at 4:00 p.m., prevailing Eastern Time**, by (i) the entities on the Master Service List available on the case website of the above-captioned debtors and debtors in possession (the "Debtors") at https://cases.stretto.com/Voyager and (ii) any person or entity with a particularized interest in the subject matter of the Application.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing.  Failure to file a timely objection may result in entry of a final order granting the Application as requested by the Debtors.

**PLEASE TAKE FURTHER NOTICE** that copies of the Application and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/Voyager.  You may also obtain copies of the Application and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

*[Remainder of page intentionally left blank]*

2

Dated:  December 30, 2022
New York, New York

*/s/ Joshua A. Sussberg*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        jsussberg@kirkland.com
              cmarcus@kirkland.com
              christine.okike@kirkland.com
              allyson.smith@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DEBTORS' APPLICATION**
**SEEKING ENTRY OF AN ORDER**
**AUTHORIZING THE RETENTION AND**
**EMPLOYMENT OF POTTER ANDERSON & CORROON LLP**
**AS DELAWARE COUNSEL EFFECTIVE AS OF NOVEMBER 30, 2022**

Voyager Digital Holdings Inc., one of the above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this application (this "Application"):

**Relief Requested**

1.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) authorizing the Debtors to retain and employ Potter Anderson & Corroon LLP ("Potter Anderson") as Delaware counsel to the Debtors in connection with the

---

1       The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

chapter 11 bankruptcy proceedings of FTX Trading Ltd., *et al.*, Case No. 22- 11068 (JTD), currently pending in the United States Bankruptcy Court for the District of Delaware (the "<u>FTX Bankruptcy</u>") effective as of November 30, 2022, in accordance with the terms and conditions of the engagement letter dated as of November 30, 2022 (the "<u>Engagement Letter</u>") attached hereto as **<u>Exhibit 1</u>** to **<u>Exhibit A</u>** and incorporated herein by reference; and (b) granting related relief.

2.    In support of this Application, the Debtors submit the declaration of Christopher M. Samis, a partner of Potter Anderson (the "<u>Samis Declaration</u>"), which is attached hereto as **<u>Exhibit B</u>**.

## <u>Jurisdiction and Venue</u>

3.    The United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012.  The Debtors confirm their consent to the Court entering a final order in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.    The bases for the relief requested herein are sections 327(e) and 328 (a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "<u>Local Rules</u>").

## Background

6.      On July 5, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Stephen Ehrlich, Chief Executive Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 15] (the "First Day Declaration"), incorporated by reference herein.[2]

7.      The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 18]. On July 19, 2022, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 102] (the "Committee"). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

## Potter Anderson's Qualifications

8.      The Debtors seek to retain Potter Anderson because of Potter Anderson's recognized expertise as one of the few bankruptcy practices in Delaware with an extensive litigation practice. Potter Anderson is well known for their extraordinarily deep bench of litigators with extensive experience practicing before the Delaware Court of Chancery and Delaware Supreme Court on matters of corporate law. Potter Anderson's corporate litigators have expertise and extensive experience in, among other areas, corporate law, corporate litigation, intellectual property issues, and commercial litigation in the context of chapter 11 cases.

---

[2]    Capitalized terms not defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

9.     Potter Anderson's lawyers have significant experience representing and advising a wide spectrum of clients in chapter 11 cases, including, secured lenders, debtors, asset purchasers, official creditor committees, independent or disinterested directors, special committees, shareholders, and others, as well as providing advice with respect to fiduciary duties in connection with chapter 11 cases.

10.    The Debtors retained Kirkland & Ellis LLP and Kirkland & Ellis International LLP ("K&E") as their primary counsel in connection with these chapter 11 cases [Docket No. 234].  It is intended that the services of Potter Anderson shall complement, and not duplicate, the services to be rendered by K&E.  Moreover, the responsibilities of Potter Anderson shall be confined to discrete legal matters that are distinct from the matters handled by K&E.  Potter Anderson shall act on its own and will not act under the direct supervision of K&E.  Indeed, the Debtors are extremely mindful of the need to avoid duplication of services and appropriate procedures will be implemented to ensure that there is no such duplication.

11.    Potter Anderson has been actively involved in major corporate litigation cases including *Twitter, Inc. v. Musk*, No. 2022-0613-KSJM (Del. Ch. 2022); *United Food & Com. Workers Union v. Zuckerberg*, 250 A.3d 862 (Del. Ch. 2020); *Vintage Rodeo Parent, LLC v. Rent-A-Center, Inc.*, C.A. No. 2018-0927-SG (Del. Ch. Mar. 14, 2019); *In re Alere-Abbott Merger Litig.*, C.A. No. 12691-VCG (Del.Ch. 2017); *In re El Paso Pipeline Partners, L.P. Deriv. Litig., C.A. No. 7141-VCL (Del. Ch. Apr. 20, 2015); In re Answers Corp. S'holders Litig., Consol. C.A. No. 617-VCN, 2014 WL 463163 (Del. Ch. Feb. 3, 2014); In re Walt Disney Co. Derivative Litig, - 907 A.2d 693 (Del. Ch. 2005); and In re Schnell v. Chris-Craft Industries, Inc., 285 A.2d 437 (Del. 1971).*

4

12.     In addition, the attorneys at Potter Anderson have extensive experience representing significant parties in numerous chapter 11 cases, including, among others, *Taronis Fuels, Inc.*, *Clarus Therapeutics Holdings, Inc.*, *Packable Holdings, LLC f/k/a Entourage Commerce, LLC*, *Lighthouse Resources Inc.*, *Proteus Digital Health, Inc.*, *Blackhawk Mining LLC*, *John Varvatos Enterprises Inc.*, *Rubio's Restaurants, Inc.*, *smarTours, LLC*, *Furniture Factory Ultimate Holding, L.P.*, *In-Shape Holdings, LLC*, *Knotel, Inc.*, *Renovate America, Inc.*, *Medley LLC*, *The Collected Group, LLC*, *BHCosmetics Holdings, LLC*, *Lear Capital, Inc.*, *Salem Harbor Power Development LP (f/k/a Footprint Power Salem Harbor Development LP)*, *Mallinckrodt PLC*, and *Media Lodge, Inc.*

13.     Potter Anderson is familiar with the Debtors' businesses and the types of legal issues that may arise in the context of these chapter 11 cases.  Potter Anderson is well-qualified and uniquely able to serve the needs of the Debtors in these chapter 11 cases in an efficient and cost-effective manner.

## Services to be Provided

14.     Subject to further order of the Court, and consistent with the Engagement Letter, the Debtors request authority to retain and employ Potter Anderson for the purpose of providing legal counsel and to serve as Delaware counsel to the Debtors in connection with the FTX Bankruptcy.

## Professional Compensation

15.     Potter Anderson intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.  The hourly rates and corresponding rate structure Potter Anderson will

use in these chapter 11 cases are the same as the hourly rates and corresponding rate structure that Potter Anderson uses in other chapter 11 matters, as well as similar complex corporate, securities, and litigation matters whether in court or otherwise, regardless of whether a fee application is required. These rates and the rate structure reflect that such chapter 11 and other complex matters typically are national in scope and involve great complexity, high stakes, and severe time pressures.

16.     Potter Anderson operates in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance, and reputation, the nature of the work involved, and other factors.

17.     Potter Anderson's current hourly rates for matters related to these chapter 11 cases range as follows:

| Billing Category[3] | U.S. Range |
|---|---|
| Partners | $830 - $950 |
| Associates | $440 - $640 |
| Counsel | $705 |
| Paralegals/Administrative | $330 - $350 |

18.     Potter Anderson's hourly rates are set at a level designed to compensate Potter Anderson fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine

---

[3]     Although Potter Anderson does not anticipate using contract attorneys during these chapter 11 cases, in the unlikely event that it becomes necessary to use contract attorneys, Potter Anderson will not charge a markup to the Debtors with respect to fees billed by such attorneys. Moreover, any contract attorneys or non-attorneys who are employed by the Debtors in connection with work performed by Potter Anderson will be subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code. While the rate ranges provided for in this Application may change if an individual leaves or joins Potter Anderson, and if any such individual's billing rate falls outside the ranges disclosed above, Potter Anderson does not intend to update the ranges for such circumstances.

expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments.[4]

19.    Moreover, these hourly rates are consistent with the rates that Potter Anderson charges other comparable chapter 11 clients, regardless of the location of the chapter 11 case.

20.    The rate structure provided by Potter Anderson is appropriate and not significantly different from (a) the rates that Potter Anderson charges for other similar types of representations or (b) the rates that other comparable counsel would charge to do work substantially similar to the work Potter Anderson will perform in these chapter 11 cases.

21.    It is Potter Anderson's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also Potter Anderson's policy to charge its clients only the amount actually incurred by Potter Anderson in connection with such items. Examples of such expenses include postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying, airfare, meals, and lodging.

22.    To ensure compliance with all applicable deadlines in these chapter 11 cases, from time-to-time Potter Anderson utilizes the services of overtime secretaries. Potter Anderson charges fees for these services pursuant to the Engagement Letter, which permits Potter Anderson to bill the Debtors for overtime secretarial charges that arise out of business necessity. In addition,

---

[4]    For example, like many of its peer law firms, Potter Anderson typically increases the hourly billing rate of attorneys and paraprofessionals once a year in the form of: (i) step increases historically awarded in the ordinary course on the basis of advancing seniority and promotion and (ii) periodic increases within each attorney's and paraprofessional's current level of seniority. The step increases do not constitute "rate increases" (as the term is used in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013). As set forth in the Order, Potter Anderson will provide ten business-days' notice to the Debtors, the U.S. Trustee, and any official committee before implementing any periodic increases, and shall file any such notice with the Court.

Potter Anderson professionals also may charge their overtime meals and overtime transportation to Potter Anderson consistent with prepetition practices.

23.     Potter Anderson charges all of its bankruptcy clients $0.10 per page for photocopying expenses ($0.80 for color copies) and $0.10 per page for printing.  Notwithstanding the foregoing and consistent with the Local Rules and the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Cases*, Potter Anderson will charge no more than $0.10 per page for standard duplication services in these chapter 11 cases. Actual long-distance carrier charges for outgoing facsimile transmissions are reflected in the long-distance telephone charges.  Potter Anderson has negotiated a discounted rate for Westlaw computer assisted legal research.  Computer-assisted legal research is used whenever the researcher determines that it is more cost effective than using other (non-computer assisted legal research) techniques.

## Compensation Received by Potter Anderson from the Debtors

24.     As of the Petition Date, the Debtors have not paid any fees or any advance payment retainer to Potter Anderson.

25.     Pursuant to Bankruptcy Rule 2016(b), Potter Anderson has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, associates, and contract attorneys associated with Potter Anderson or (b) any compensation another person or party has received or may receive.

26.     As of the Petition Date, the Debtors did not owe Potter Anderson any amounts for legal services rendered before the Petition Date.

## Potter Anderson's Disinterestedness

27.     To the best of the Debtors' knowledge and as disclosed herein and in the Samis Declaration, (a) Potter Anderson is a "disinterested person" within the meaning of section 101(14)

of the Bankruptcy Code, as required by section 327(e) of the Bankruptcy Code, and does not hold

or represent an interest adverse to the Debtors' estates, and (b) Potter Anderson has no connection

to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Samis

Declaration.

28.    Potter Anderson will review its files periodically during the pendency of these

chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If

any new relevant facts or relationships are discovered or arise, Potter Anderson will use reasonable

efforts to identify such further developments and will promptly file a supplemental declaration, as

required by Bankruptcy Rule 2014(a).

### Supporting Authority

29.    The Debtors seek retention of Potter Anderson as Delaware counsel in connection

with the FTX Bankruptcy pursuant to section 327(e) of the Bankruptcy Code, which provides that

a debtor, subject to Court approval:

> [M]ay employ, for a specified special purpose, other than to
> represent the trustee in conducting the case, an attorney that has
> represented the debtor, if in the best interest of the estate, and if such
> attorney does not represent or hold any interest adverse to the debtor
> or to the estate with respect to the matter on which such attorney is
> to be employed.

11 U.S.C. § 327(e).

30.    Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name
> of the [firm] to be employed, the reasons for the selection, the
> professional services to be rendered, any proposed arrangement for
> compensation, and, to the best of the applicant's knowledge, all of
> the [firm's] connections with the debtor, creditors, any other party
> in interest, their respective attorneys and accountants, the United
> States trustee, or any person employed in the office of the United
> States trustee.

Fed. R. Bankr. P. 2014.

31.     The Debtors submit that for all the reasons stated above and in the Samis Declaration, the retention and employment of Potter Anderson as Delaware counsel is warranted. Further, as stated in the Samis Declaration, Potter Anderson is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(e) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Samis Declaration.

### Notice

32.     The Debtors will provide notice of this Application to the following parties and/or their respective counsel, as applicable: (a) the U.S. Trustee; (b) the Committee; (c) the lender under the Debtors' prepetition loan facility; (d) the United States Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service; (f) the Toronto Stock Exchange; (g) the attorneys general in the states where the Debtors conduct their business operations; (h) Potter Anderson; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

33.     No prior request for the relief sought in this Application has been made to this or any other court.


*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

Dated: December 30, 2022
        New York, New York

*/s/ Stephen Ehrlich*
Stephen Ehrlich
Chief Executive Officer Voyager Digital, LLC

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER AUTHORIZING THE RETENTION AND**
**EMPLOYMENT OF POTTER ANDERSON & CORROON LLP AS DELAWARE**
**COUNSEL FOR THE DEBTORS EFFECTIVE AS OF NOVEMBER 30, 2022**

Upon the application (the "Application")[2] of the Debtors for the entry of an order (this "Order") authorizing the Debtors to retain and employ Potter Anderson & Corroon LLP ("Potter Anderson") as Delaware counsel for the Debtors pursuant to sections 327(e) and 328 (a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"); and the Court having reviewed the Application, the Declaration of Christopher M. Samis, a partner of Potter Anderson (the "Samis Declaration"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital, Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the

relief requested in the Application is in the best interests of the Debtors' estate, its creditors, and

other parties in interest; and this Court having found that the Debtors' notice of the Application

and opportunity for a hearing on the Application were appropriate under the circumstances and no

other notice need be provided; and this Court having reviewed the Application and having heard

the statements in support of the relief requested therein at a hearing before this Court

(the "Hearing"); and this Court having determined that the legal and factual bases set forth in the

Application and at the Hearing establish just cause for the relief granted herein; and upon all of

the proceedings had before this Court; and after due deliberation and sufficient cause appearing

therefor, it is HEREBY ORDERED THAT:

1.      The Application is granted as set forth herein.

2.      The Debtors are authorized pursuant to 327(e) and 328 (a) of the Bankruptcy Code

to retain and employ Potter Anderson as of November 30, 2022, as Delaware counsel in accordance

with the terms and conditions set forth in the Application and in the Engagement Letter attached

hereto as **Exhibit 1**.

3.      Potter Anderson shall apply for compensation for professional services rendered

and reimbursement of expenses incurred in connection with the Debtors' chapter 11 case in

compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the

Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.

4.      Notwithstanding anything to the contrary in the Application, the Engagement

Letter, or the Declarations attached to the Application, the reimbursement provisions allowing the

reimbursement of fees and expenses incurred in connection with participating in, preparing for, or

responding to any action, claim, suit, or proceeding brought by or against any party that relates to

the legal services provided under the Engagement Letter and fees for defending any objection to Potter Anderson's fee applications under the Bankruptcy Code are not approved pending further order of the Court.

5.      Potter Anderson shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are hired by Potter Anderson to provide services to the Debtors and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

6.      Potter Anderson shall provide ten-business-days' notice to the Debtors, the U.S. Trustee, and the Committee before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court.  The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

7.      The Debtors and Potter Anderson are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

8.      Potter Anderson shall use its reasonable best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

9.      Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

10.      To the extent the Application, the Samis Declaration, or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

3

11.    The terms and conditions of this Order shall be immediately effective and
enforceable upon its entry.

12.    This Court retains exclusive jurisdiction with respect to all matters arising from or
related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2022

_____
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1

**Engagement Letter**

DocuSign Envelope ID: AA94B286-9196-472E-B015-13AEDE7D5759



1313 North Market Street
P.O. Box 951
Wilmington, DE 19801- 0951
302 984 6000
www.potteranderson.com

Christopher M. Samis
Partner
Attorney at Law
csamis@potteranderson.com
302-984-6050 Direct Phone
302-658-1192 Firm Fax

**HIGHLY CONFIDENTIAL**
**ATTORNEY CLIENT PRIVILEGED**

November 30, 2022

***VIA E-MAIL***

Mr. Stephen Ehrlich, CEO
Voyager Digital Ltd.
33 Irving Pl
New York, NY 10003
E-mail: sehrlich@investvoyager.com

Re:    **Retention Agreement of Potter Anderson & Corroon LLP**

Dear Mr. Ehrlich:

I am writing to confirm that our firm has agreed to serve as Special Counsel and Conflicts Counsel to Voyager Digital Ltd. and certain of its affiliates (collectively, the "Client") in connection with the chapter 11 bankruptcy proceedings of FTX Trading Ltd., *et al.*, Case No. 22-11068 (JTD), currently pending in the United States Bankruptcy Court for the District of Delaware (the "FTX Bankruptcy").

1.    Terms of Engagement.

Either Client or we may terminate the engagement at any time for any reason by written notice, subject on our part to the applicable rules of professional conduct and court approval, if necessary.  In the event that we terminate the engagement, we will take such steps as are reasonably practicable to protect Client's interests in any pending litigation.  If permission for withdrawal is required by a court in any such litigation, we will promptly apply for such permission, and Client agrees to engage successor counsel to represent it.

Client is engaging the firm to provide legal services in connection with a specific matter. After completion of this matter, changes may occur in the applicable laws or regulations that could have an impact upon Client's future rights and liabilities.  Unless Client actually engages us after the completion of this matter to provide additional advice on issues arising therefrom, the firm has no continuing obligation to advise Client with respect to future legal developments.

DocuSign Envelope ID: AA94B266-9196-472E-B9J8-13AEDE7D5759

November 30, 2022
Page 2

It is expressly understood that our representation extends only to Client and does not extend to any affiliates of Client, including parties owned, directly or indirectly, by Client and parties that hold direct or indirect ownership interests by Client. It is our express understanding that we are not being asked to provide, and will not be providing, legal advice to, or establishing an attorney-client relationship with, any such affiliated party and will not be expected to do so unless we have been asked and expressly agree to do so.

As a general matter, Potter Anderson represents many other companies and individuals. It is possible that during the time that we are representing Client, some of our present or future clients could have disputes with or matters adverse to Client. As Client is aware, Potter Anderson has a substantial corporate workout, bankruptcy and insolvency practice, and other practice areas. Accordingly, Client agrees that Potter Anderson may represent other clients in workout, bankruptcy and insolvency, and other matters and proceedings (collectively "Other Matters"). This is so provided that the representation of the other client is in accordance with the applicable ethical and professional rules governing the conduct of lawyers, including disclosures, waivers, and ethical walls. Client agrees that it will not assert that this instant engagement or any future engagement is a basis for disqualifying Potter Anderson from representing others in future matters in which Potter Anderson is retained to represent a party in Other Matters. In other circumstances, Client agrees to promptly evaluate requests for waiver of any future potential conflicts in Other Matters. Further, Client agrees that Potter Anderson may continue to represent or undertake in the future to represent existing or new clients in any matter, including the FTX Bankruptcy, that is not ethically barred by its work for Client in this matter.

Our fees will be based on the billing rate for each attorney and paralegal devoting time to this matter. I will be primarily responsible for this matter and my current billing rate is $865 per hour. Other partners, counsel, associates and paralegals may also devote time to this matter, and their respective hourly rates are as follows: partners - $830 to $950; counsel - $705; associates - $440 to $640; and paralegals and other administrative personnel - $330 to $350. The firm's rates are subject to adjustment periodically, usually annually. We comply with applicable provisions of The Delaware Lawyers' Rules of Professional Conduct, which identify the following factors to be considered as guides in determining the reasonableness of a fee: time and labor required; novelty and difficulty of the questions involved; skill requisite to perform the legal service properly; likelihood that acceptance of the particular employment will preclude other employment by the law firm or lawyer; fee customarily charged in the locality for similar legal services; amount involved and, results obtained; time limitations imposed by the Client or by the circumstances; nature and length of the professional relationship with the Client; experience, reputation and ability of the lawyer or lawyers performing the services; and whether the fee is fixed or contingent.

Potter Anderson understands that it will be retained as a professional in the chapter 11 cases of the Client. Accordingly, all attorneys' fees and expenses incurred on behalf of the Client must be approved by the United States Bankruptcy Court for the Southern District of New York based upon fee applications which we file periodically. Those applications contain a complete description of all of the services performed and the time spent performing those services. All entries are itemized in the fee application.

DocuSign Envelope ID: AA94B286-9196-472E-B9A5-13AFDE7D5759

November 30, 2022
Page 3

2.      <u>Client's Responsibilities</u>.

Client agrees to cooperate fully with us and to provide all information known or available to it relevant to our representation.  Client also agrees to pay our statements for services and expenses in accordance with Section 1 above.


3.      <u>Disposition of Files</u>.

As part of our administrative operations, we periodically review client files after the completion of matters in order to determine whether they should be destroyed.  Unless otherwise requested by Client in writing to return such files, we will make reasonable efforts to notify Client in writing at least 30 days before the destruction of any of its files.  Client will then have the option to take possession of the files.  It will be Client's obligation to maintain a current address with us in order to communicate with Client concerning such matters.

4.      <u>Use of E-mail</u>.

Due to its inherent nature, e-mail may be vulnerable to interception by unauthorized parties during transmission.  We cannot guarantee the confidentiality of any information sent by e-mail or that it will be considered "attorney-client" privileged.  If you do not wish us to communicate by e-mail on your matters, please notify us at your earliest convenience.  In the absence of such notification, your consent will be assumed and we will not take any additional security measures, including but not limited to encryption.  Although we subscribe to and use virus protection software we believe to be reliable, we cannot warrant that any e-mails or attachments are free from any virus.  We recommend that you independently take steps to ensure they are actually virus-free.

5.      <u>Governing Law/Interpretation/Jurisdiction</u>.

This Agreement shall be construed and enforced in accordance with the laws of the State of Delaware, and the Courts of the State of Delaware or the United States Bankruptcy Court for Southern District of New York shall have exclusive jurisdiction over all matters relating to any disputes arising from this Agreement.

DocuSign Envelope ID: AA94B286-9196-472E-B915-13AEDE7D5759

November 30, 2022
Page 4


      If the foregoing is acceptable, please countersign this letter and return it to me for our files signifying your agreement to our representation on the terms outlined herein and that you are authorized to agree on behalf of Client.  I would like to take this opportunity to tell you how pleased we are to represent Client and that we look forward to a mutually rewarding relationship.


      Best regards,

      */s/ Christopher M. Samis*

      Christopher M. Samis
      Partner


AGREED AND ACCEPTED:

By: _____
    Mr. Stephen Ehrlich, CEO
    for Voyager Digital Ltd.

CMS:kem

IMPAC 10454796v.3

## Exhibit B

**Samis Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**DECLARATION OF**
**CHRISTOPHER M. SAMIS**
**IN SUPPORT OF DEBTORS' APPLICATION**
**SEEKING ENTRY OF AN ORDER AUTHORIZING THE**
**RETENTION AND EMPLOYMENT OF POTTER ANDERSON & CORROON LLP**
**AS DELAWARE COUNSEL EFFECTIVE AS OF NOVEMBER 30, 2022**

I, Christopher M. Samis, being duly sworn, state the following under penalty of perjury:

1.        I am a partner of the law firm of Potter Anderson & Corroon LLP, located at 1313 N Market St, Wilmington, DE 19801, ("Potter Anderson").[2]  I am one of the lead attorneys from Potter Anderson working on the above-captioned chapter 11 cases.  I am an attorney-at-law, duly admitted, and in good standing to practice in the State of Delaware and the United States District Court for the District of Delaware.  There are no disciplinary proceedings pending against me.

2.        I submit this declaration (the "Declaration") in support of the *Debtors' Application Seeking Entry of an Order Authorizing the Retention and Employment of Potter Anderson &*

---

[1]        The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]        Capitalized terms used but not otherwise defined herein shall have the meaning as set forth in the Application.

*Corroon LLP as Delaware Counsel Effective as of November 30, 2022* (the "Application").[3]
Except as otherwise noted, I have personal knowledge of the matters set forth herein.

### Potter Anderson's Qualifications

4.      The Debtors seek to retain Potter Anderson because of Potter Anderson's
recognized expertise as one of the few bankruptcy practices in Delaware with an extensive
litigation practice.  Potter Anderson is well known for their extraordinarily deep bench of litigators
with extensive experience practicing before the Delaware Court of Chancery and Delaware
Supreme Court on matters of corporate law.  Potter Anderson's corporate litigators have expertise
and extensive experience in, among other areas, corporate law, corporate litigation, intellectual
property issues, and commercial litigation in the context of chapter 11 cases.

5.      Potter Anderson's lawyers have significant experience representing and advising a
wide spectrum of clients in chapter 11 cases, including, secured lenders, debtors, asset purchasers,
official creditor committees, independent or disinterested directors, special committees,
shareholders, and others, as well as providing advice with respect to fiduciary duties in connection
with chapter 11 cases.

6.      Potter Anderson has been actively involved in major corporate litigation cases
including *Twitter, Inc. v. Musk, No. 2022-0613-KSJM (Del. Ch. 2022); United Food & Com.
Workers Union v. Zuckerberg, 250 A.3d 862 (Del. Ch. 2020); Vintage Rodeo Parent, LLC v. Rent-
A-Center, Inc., C.A. No. 2018-0927-SG (Del. Ch. Mar. 14, 2019); In re Alere-Abbott Merger Litig.,
C.A. No. 12691-VCG (Del.Ch. 2017); In re El Paso Pipeline Partners, L.P. Deriv. Litig., C.A. No.
7141-VCL (Del. Ch. Apr. 20, 2015); In re Answers Corp. S'holders Litig., Consol. C.A. No. 617-*

---

[3]      Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

*VCN, 2014 WL 463163 (Del. Ch. Feb. 3, 2014); In re Walt Disney Co. Derivative Litig, 907 A.2d*

*693 (Del. Ch. 2005); and In re Schnell v. Chris-Craft Industries, Inc., 285 A.2d 437 (Del. 1971).*

7.    In addition, the attorneys at Potter Anderson have extensive experience representing significant parties in numerous chapter 11 cases, including, among others, *Taronis Fuels, Inc.*, *Clarus Therapeutics Holdings, Inc.*, *Packable Holdings, LLC f/k/a Entourage Commerce, LLC*, *Lighthouse Resources Inc.*, *Proteus Digital Health, Inc.*, *Blackhawk Mining LLC*, *John Varvatos Enterprises Inc.*, *Rubio's Restaurants, Inc.*, *smarTours, LLC*, *Furniture Factory Ultimate Holding, L.P.*, *In-Shape Holdings, LLC*, *Knotel, Inc.*, *Renovate America, Inc.*, *Medley LLC*, *The Collected Group, LLC*, *BHCosmetics Holdings, LLC*¸ *Lear Capital, Inc.*, *Salem Harbor Power Development LP (f/k/a Footprint Power Salem Harbor Development LP)*¸ *Mallinckrodt PLC*, and *Media Lodge, Inc.*

8.    I believe that Potter Anderson is both well-qualified and uniquely able to serve the needs of the Delaware counsel in these chapter 11 cases in an efficient and cost-effective manner.

## Services to Be Provided

9.    Subject to further order of the Court and that certain engagement letter dated as of November 30, 2022 (the "Engagement Letter"), a copy of which is attached as **Exhibit 1** to **Exhibit A** to the Application, the Debtors retained Potter Anderson to render legal services as Delaware counsel in connection with the FTX bankruptcy.

## Professional Compensation

10.    Potter Anderson intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.  The hourly rates and corresponding rate structure Potter Anderson will

use in these chapter 11 cases are the same as the hourly rates and corresponding rate structure that

Potter Anderson uses in other debtor representations and are comparable to the hourly rates and

corresponding rate structure that Potter Anderson uses for complex corporate, securities, and

litigation matters whether in court or otherwise, regardless of whether a fee application is required.

These rates and the rate structure reflect that such restructuring and other complex matters typically

are national in scope and involve great complexity, high stakes, and severe time pressures.

11.    Potter Anderson operates in a national marketplace for legal services in which rates

are driven by multiple factors relating to the individual lawyer, his or her area of specialization,

the firm's expertise, performance, and reputation, the nature of the work involved, and other

factors.

12.    Potter Anderson's current hourly rates for matters related to these chapter 11 cases

range as follows:[4]

| Billing Category[5] | U.S. Range |
| :---: | :---: |
| Partners | $830 - $950 |
| Associates | $440 - $640 |
| Counsel | $705 |
| Paralegals/Administrative | $330 - $350 |

---

[4]    For professionals and paraprofessionals residing outside of the U.S., hourly rates are billed in the applicable currency.  When billing a U.S. entity, such foreign rates are converted into U.S. dollars at the then applicable conversion rate.  After converting these foreign rates into U.S. dollars, it is possible that certain rates may exceed the billing rates listed in the chart herein.

[5]    Although Potter Anderson does not anticipate using contract attorneys during these chapter 11 cases, in the unlikely event that it becomes necessary to use contract attorneys, Potter Anderson will not charge a markup to the Debtors with respect to fees billed by such attorneys.  Moreover, any contract attorneys or non-attorneys who are employed by the Debtors in connection with work performed by Potter Anderson will be subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code.  While the rate ranges provided for in this Application may change if an individual leaves or joins Potter Anderson, and if any such individual's billing rate falls outside the ranges disclosed above, Potter Anderson does not intend to update the ranges for such circumstances.

4

13.    Potter Anderson's hourly rates are set at a level designed to compensate Potter Anderson fairly for the work of its attorneys and paralegals and to cover fixed and routine expenses.  Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions.[6]

14.    It is Potter Anderson's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client.  It is also Potter Anderson's policy to charge its clients only the amount actually incurred by Potter Anderson in connection with such items.  Examples of such expenses include postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying, airfare, meals, and lodging.

15.    To ensure compliance with all applicable deadlines in these chapter 11 cases, Potter Anderson utilizes the services of overtime secretaries.  Potter Anderson charges fees for these services pursuant to the Engagement Letter between the Debtors and Potter Anderson, which permits Potter Anderson to bill the Debtors for overtime secretarial charges that arise out of business necessity.  In addition, Potter Anderson professionals also may charge their overtime meals and overtime transportation to the Debtors consistent with prepetition practices.

16.    Potter Anderson charges all of its bankruptcy clients $0.10 per page for photocopying expenses ($0.80 for color copies) and $0.10 per page for printing. Notwithstanding the foregoing

---

[6]    For example, like many of its peer law firms, Potter Anderson typically increases the hourly billing rate of attorneys and paraprofessionals once a year in the form of: (i) step increases historically awarded in the ordinary course on the basis of advancing seniority and promotion and (ii) periodic increases within each attorney's and paraprofessional's current level of seniority. The step increases do not constitute "rate increases" (as the term is used in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013).  As set forth in the Order, Potter Anderson will provide ten business days' notice to the Debtors, the U.S. Trustee, and the Committee before implementing any periodic increases, and shall file such notice with the Court.

and consistent with the Local Rules and the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Cases*, Potter Anderson will charge no more than $0.10 per page for standard duplication services in these chapter 11 cases.  Actual long-distance carrier charges for outgoing facsimile transmissions are reflected in the long-distance telephone charges.  Potter Anderson has negotiated a discounted rate for Westlaw computer assisted legal research.  Computer-assisted legal research is used whenever the researcher determines that it is more cost effective than using other (non-computer assisted legal research) techniques.

### Compensation Received by Potter Anderson from the Debtors

17.    As of the Petition Date, the Debtors have not paid any fees or any advance payment retainer to Potter Anderson.

18.    Pursuant to Bankruptcy Rule 2016(b), Potter Anderson has not shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, associates, and contract attorneys associated with Potter Anderson or (b) any compensation another person or party has received or may receive.

19.    As of the Petition Date, the Debtors do not owe Potter Anderson any amounts for legal services rendered before the Petition Date.

### Statement Regarding U.S. Trustee Guidelines

20.    Potter Anderson shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.  Potter Anderson also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in*

6

*Larger Chapter 11 Cases Effective As of November 1, 2013* (the "<u>Revised UST Guidelines</u>"), both

in connection with this Application and the interim and final fee applications to be filed by Potter

Anderson in these chapter 11 cases.

### <u>Attorney Statement Pursuant to Revised UST Guidelines</u>

21.    The following is provided in response to the request for additional information set

forth in Paragraph D.1. of the Revised UST Guidelines:

a.  **Question**: Did Potter Anderson agree to any variations from, or alternatives to, Potter Anderson's standard billing arrangements for this engagement?

**Answer**: No. Potter Anderson and the Debtors have not agreed to any variations from, or alternatives to, Potter Anderson's standard billing arrangements for this engagement.  The rate structure provided by Potter Anderson is appropriate and is not significantly different from (a) the rates that Potter Anderson charges for other non-bankruptcy representations or (b) the rates of other comparably skilled professionals.

b.  **Question**: Do any of the Potter Anderson professionals in this engagement vary their rate based on the geographic location of the Debtors' chapter 11 case?

**Answer**: No. The hourly rates used by Potter Anderson in representing the Debtors is consistent with the rates that Potter Anderson charges other comparable chapter 11 clients, regardless of the location of the chapter 11 case.

c.  **Question**: If Potter Anderson has represented the Debtors in the 12 months prepetition, disclose Potter Anderson's billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition.  If Potter Anderson's billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

**Answer**: Potter Anderson did not represent the Debtors in the twelve-month period prior to the Petition Date.

d.  **Question**:  Have the Debtors approved Potter Anderson's budget and staffing plan, and, if so, for what budget period?

**Answer**: The Debtors and Potter Anderson expect to develop a prospective budget and staffing plan for Potter Anderson's engagement for the post-petition, as appropriate.  In accordance with the U.S. Trustee Guidelines, the budget may be amended as necessary to reflect changed or unanticipated developments.

### <u>Potter Anderson's Disinterestedness</u>

22.    Potter Anderson has a large and diversified legal practice that encompasses the representation of, and representations adverse to, select individuals, funds, institutions, partnerships, limited liability companies, and corporations, some of which are or may consider themselves to be (or in the case of committees, the members may consider themselves to be) creditors or parties-in-interest in the chapter 11 cases, or otherwise to have interests in these chapter 11 cases.

23.    In preparing this Declaration, I used a set of procedures developed by Potter Anderson to comply with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court regarding the retention of professionals by estate fiduciaries under the Bankruptcy Code (the "<u>Potter Anderson Disclosure Procedures</u>").  Pursuant to the Potter Anderson Disclosure Procedures, I performed, or caused to be performed, the following actions to identify the parties relevant to this Declaration and to ascertain Potter Anderson's connection to such parties:

(a)    Potter Anderson has conducted, and continues to conduct, research into its connections with the Debtors, its creditors, and other parties in interest in these chapter 11 cases.  As part of this inquiry, K&E, the Debtors' primary counsel in connection with these chapter 11 cases, provided Potter Anderson with a list of names of individuals and entities that may be parties in interest in these chapter 11 cases (the "<u>Potential Party List</u>" and such parties, the "<u>Potential Parties in Interest</u>") annexed hereto as **<u>Schedule 1</u>**.  The Potential Party List includes:  (a) Current and Former Affiliates; (b) Current and Former Directors and Officers; (c) Significant Equity holder; (d) Bankruptcy Professionals; (e) Banks / Lenders / Administrative Agents; (f) Contract Parties; (g) Customers; (h) Insurance; (i) Landlords; (j) Litigation; (k) Ordinary Course Professionals; (l) Potential M&A Transaction Counterparties; (m) Taxing Authorities / Government / Regulatory Agencies; (n) Top 50 Unsecured Creditors; (o) U.S. Trustee Personnel, Judges; and Court Contacts for the Southern District of New York; (p) Utilities; and (q) Vendors.

(b)    Potter Anderson maintains a database containing the name of each current and former client, the name of the parties who are or were related or adverse to such current or former client, and the names of the Potter Anderson personnel who are or were responsible for current or former matters for such client for the last ten

years (the "Database").  Potter Anderson maintains the Database to include additional entities that become related to current and former clients.

(c)     Potter Anderson compared, and is continuing to compare, the names included in the Potential Party List to the names in the Database to identify any matches, determine whether such matches are current or former clients, and identify the Potter Anderson personnel responsible for such matters (the "Client Match List").

(d)     Using information in the Database and by making specific inquiries of Potter Anderson personnel, an attorney working under my supervision, and I verified that, except as disclosed herein, Potter Anderson does not represent any entity on the Client Match List in connection with these chapter 11 Cases or in any matter related to the Debtors.  An attorney under my supervision and I then reviewed the Client Match List and deleted obvious name coincidences.  The remaining client connections were compiled for purposes of preparing this Declaration.  In particular, to the best of my knowledge, information, and belief, Potter Anderson currently represents the entities identified on the schedule annexed hereto as **Schedule 2** in matters unrelated to these Chapter 11 Cases or to the Debtors, except as disclosed herein.  Additionally, Potter Anderson has represented within the last five (5) years the entities identified on the schedule annexed hereto as **Schedule 3**.

24.    As a matter of retention and disclosure policy, I will continue to apply the Potter Anderson Disclosure Procedures as additional information concerning entities having a connection to the Debtors is developed and will file appropriate supplemental disclosures with this Court, if warranted.

### Potter Anderson's Connections with Potential Parties in Interest

25.    To the best of my knowledge, information, and belief, neither Potter Anderson, nor any of its partners, counsel, or associates, has any connection to the Potential Parties in Interest except as described in this Declaration and the attached **Schedule 2** and **Schedule 3**.  Out of an abundance of caution, I am disclosing certain representations, which are not, to my understanding, disqualifying or problematic under either sections 327(e) or section 327(c) of the Bankruptcy Code or applicable standards of professional ethics: one of Potter Anderson's partners, Kevin Shannon, is the brother of the Honorable Brendan Linehan Shannon, Judge of the United States Bankruptcy

Court for the District of Delaware. Potter Anderson has instituted the appropriate measures, consistent with the Code of Conduct for United States Judges, so that Potter Anderson attorneys may appear in front of Judge Shannon. To the best of my knowledge, no other attorney at Potter Anderson is a relative of, currently has a connection with, the bankruptcy judges for the District of Delaware that would render the employment of Potter Anderson as Debtors' counsel improper.

26.    For the avoidance of doubt, Potter Anderson will not commence a cause of action in these chapter 11 cases against the entities identified herein or in **<u>Schedule 2</u>** that are current clients of Potter Anderson unless Potter Anderson has an applicable waiver from such entity allowing Potter Anderson to commence such an action. To the extent that a waiver does not exist or is not obtained from such client, and it is necessary for the Debtors to commence an action against that client, the Debtors will be represented in such particular matter by conflicts counsel.

27.    From time to time, certain debt holders of the Debtors may be represented by Potter Anderson in connection with trading activity involving outstanding debt of the Debtors. To the extent Potter Anderson becomes aware of such representation through the Potter Anderson Disclosure Procedures, the Potter Anderson attorneys representing these debt holders would be Screened Potter Anderson Attorneys and would not perform work relating to Potter Anderson's representation of the Independent Director.

28.    From time to time, Potter Anderson has referred work to other professionals retained or that may be retained in these chapter 11 cases. Likewise, certain such professionals have referred work to Potter Anderson.

29.    Certain insurance companies pay the legal bills of Potter Anderson clients. Some of these insurance companies may be involved in these chapter 11 cases. None of these insurance

companies, however, are Potter Anderson clients as a result of the fact that they pay legal fees on behalf of Potter Anderson clients.

30.     It is possible that certain Potter Anderson attorneys or employees hold interests in mutual funds or other investment vehicles that may own interests in the Debtors.

31.     None of the entities listed on **Schedule 2** and **Schedule 3** represented more than 1% of Potter Anderson's fee receipts for the Firm's current fiscal year.

32.     Despite the efforts described above to identify and disclose Potter Anderson's connections with Potential Parties in Interest, because Potter Anderson is the oldest and one of the largest firms in Delaware with approximately 86 attorneys, and because the Debtors consist of corporate enterprises with numerous creditors and other relationships, I am unable to state with absolute certainty that every client representation or other connection has been disclosed.

33.     Potter Anderson will review its Database periodically during the course of its engagement in these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, Potter Anderson will use reasonable efforts to identify such further developments and will file promptly a supplemental declaration, as required by Bankruptcy Rule 2014(a).

34.     By reason of the foregoing, I believe Potter Anderson is eligible for employment and retention by the Debtors pursuant to sections 327(e) and 328 (a) of the Bankruptcy Code and the applicable Bankruptcy Rules and Local Rules.

35.     Except as provided herein, to the best of my knowledge, information, and belief formed after reasonable inquiry:  (a) Potter Anderson has no connection with the Debtors, their affiliates, their creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee, any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the Southern

District of New York, or any other entity with an actual or potential interest in the chapter 11 cases or their respective attorneys or accountants; (b) Potter Anderson is not a creditor, equity security holder, or insider of the Debtors; (c) none of Potter Anderson's attorneys is or were, within two years of the Petition Date, a director, officer, or employee of the Debtors; and (d) Potter Anderson neither holds nor represents an interest materially adverse to the Debtors or their estates by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, or for any other reason.

36.    Accordingly, to the best of my knowledge, (a) Potter Anderson is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and does not hold or represent an interest adverse to the Debtors' estates, and (b) Potter Anderson has no connection to the Debtors, their creditors, or other parties in interest, except as disclosed herein.

[*Remainder of page intentionally left blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  December 30, 2022                Respectfully submitted,

                                          /s/ Christopher M. Samis
                                         Christopher M. Samis
                                         Partner, Potter Anderson & Corroon LLP

## Schedule 1[1]
## List of Potential Parties-in-Interest [2]

**Debtors**
Voyager Digital Holdings, Inc.
Voyager Digital Ltd.
Voyager Digital, LLC

**Current and Former Affiliates**
Coinify Financial Services ApS Denmark
Coinify Global Solutions Inc. USA
Delaware
Coinify Ltd. [United Kingdom]
Coinify Payments OU Estonia
Coinify Technologies ApS Denmark
HTC Trading, Inc. Cayman Islands
LGO SAS France
Voyager Digital Brokerage Canada Ltd.
Canada
Voyager Digital Brokerage Ltd. Canada
Voyager Digital NY LLC USA Delaware
Voyager Digital, LLC USA Delaware
Voyager Europe France
Voyager European Holdings ApS Denmark
Voyager IP, LLC USA Delaware
VYGR Holdings, LLC USA Delaware
VYGR Management LLC USA Delaware

**Current and Former Directors and Officers**
Akbar Ladhani
Ashwin Prithipaul
Brandi Reynolds
Brian Brooks
Daniel Costantino
David Brosgol
Erin Walmesley
Evan Psaropoulos

Gaspard Aupepin de Lamothe Dreuzy
Gerard Hanshe
Glenn Stevens
Guy Elliott
Janice Barrilleaux
Jarrett Lilien
Jeffrey B. Lightfoot
Jennifer Ackart
Jill Frizzley
Jordana Keslassy
Krisztian Toth
Lewis Bateman
Mark Egert
Marshall Jensen
Matt Ray
Michael Legg
Pam Kramer
Philip Eytan
Rakesh Gidwani
Scott Vogel
Serge Kreiker
Shingo Lavine
Stephen Ehrlich
Tim Pohl
Victor Hugo

**Significant Equityholders**
Alameda Research Ventures LLC

**Top 50 Unsecured Creditors**
[Confidential]
[Confidential]
[Confidential]
Alameda Research
[Confidential]
[Confidential]

---

1   The identification and categorization herein of various entities or individuals is not intended and shall not be deemed to be an admission of the legal rights or status of any such individual or entity.

2   Entities and individuals that fall into multiple categories are listed only once.

| | |
|---|---|
| [Confidential] | [Confidential] |
| [Confidential] | |
| [Confidential] | **Lenders** |
| [Confidential] | Three Arrows Capital Ltd. |
| [Confidential] | Alameda Research Ltd. |
| [Confidential] | Alameda Ventures Ltd |
| [Confidential] | Genesis Global Capital, LLC |
| [Confidential] | Galaxy Digital LLC |
| [Confidential] | BitGo Prime, LLC |
| [Confidential] | Anchorage Lending CA, LLC |
| [Confidential] | Anchorage Digital Bank N.A. |
| [Confidential] | Tesseract Group Oy |
| [Confidential] | |
| [Confidential] | **Banks** |
| [Confidential] | Metropolitan Commercial Bank |
| [Confidential] | Signature Bank |
| [Confidential] | Bank of Montreal |
| [Confidential] | BMO |
| [Confidential] | Silvergate Bank |
| [Confidential] | |
| [Confidential] | **Vendors** |
| [Confidential] | Accretive Capital dba Benzinga |
| [Confidential] | Accura Advokatpartnerselskab |
| [Confidential] | Accurate Staffing Solutions Corp. |
| [Confidential] | Actimize, Inc. |
| [Confidential] | Ada Support Inc. |
| [Confidential] | Adobe |
| [Confidential] | Advokaadibüroo COBALT OÜ (COBALT |
| [Confidential] | Law firm) |
| [Confidential] | Aiven |
| [Confidential] | Alejandro Benabe |
| [Confidential] | Ally Watt |
| [Confidential] | Amalgamated Suncoast Portfolio LLC |
| [Confidential] | (Charlie Shrem) |
| [Confidential] | Amazon Web Services |
| [Confidential] | Amazon Web Services, Inc |
| [Confidential] | American Airlines |
| [Confidential] | Anthony Duclair |
| [Confidential] | Aon Consulting Inc. |
| [Confidential] | App.bitrise.io |
| [Confidential] | Apple |
| [Confidential] | Apple Inc. |
| [Confidential] | Apple Search Ads |

Appsflyer
Arrow Search Partners
Ashtyn Davis
Atlassian
Authentic8, Inc.
Ba Int - Usd
Baker & McKenzie LLP
Barefoot LLC
Bateman Capital Inc
Bates Group LLC
Beekman Social LLC
Behmer & Blackford LLP
Berger Singerman LLP
BetterInvesting
Beutler Enterprises Inc d/b/a Beutler Ink
Beyond Studios
Big Outdoor Holdings, LLC
BitGo, Inc.
Blackwired (US), Inc.
Blockchain Association
Blockdaemon, Inc.
Bloomberg Finance L.P.
BPM LLP
Brill Advisors, LLC
British Airways
Broadridge
BTC Media
Buddakan
Campbells LLP
Canada Revenue Agency
Carbone
Carbone NYC
CC API
CC Data
CCM Advisory LLC
CDW, LLC
Certified Kernel Tech LLC
Chandkumar R Ramnarine
Chandler Belk
Chord Advisors LLC
Chris Gronkowski
Christen Westphal
Christopher Gronkowski(DBA:G13

Endorsements)
Citigate Dewe Rogerson Ltd
Cloud Posse, LLC
Cloudflare, Inc.
CNW Group Ltd.
Cockroach Labs, Inc.
ColorArt
Complex Sports & Entertainment
Computershare
Consensus 2022
CorCom LLC
Cordell Ratzlaff
Crypto Rating Council
CSC (Corporation Service Company)
CXG Holdings, Inc.
Cyber Job Central, LLC
Cypress Group Staffing, Inc.
Daniel Gronkowski
Danielle Colaprico
Data.ai Inc. (Formerly Known As App
Annie Inc.)
Datadog, Inc.
Daversa Partners
David Helman
Day Pitney LLP
Delta Air Lines
Delta Airlines
Devexperts Sofia Ltd.
Digital Niche Agency
Distinguished Search LLC
Docker Inc.
Donnelley Financial Solutions Canada
Corporation
Dorian Finney-Smith
Dropbox
Dwight Powell
Elasticsearch, Inc
Elevate Brand Marketing
Endeavor Parent, LLC (dba. IMG
Models,LLC)
Essential Accessibility Inc
Estelle Johnson
Eva Yuen

3

Exzac Inc. dba Matrix-IFS
Fastly, Inc.
Figma
Find Your Happy LLC
Fivetran
Fivetran Inc.
Fort Capital Ontario Inc.
Fragomen, Del Rey, Bernsen & Loewy, LLP
Frank Ntilikina
Frankfurt Kurnit Klein & Selz, P.C.
Freshworks
Fundamental Research Corp.
Fusion of Ideas, Inc
G Suite
Github
Github, Inc.
Glendale Securities Inc.
Glenn Gronkowski
Glushon Sports Management
Goodbay Technologies
GoodHire
Google Ads
Google Cloud
Google G Suite
Google, LLC.
Gordon Gronkowski
Gordon Gronkowski Jr
Gravitational, Inc.
Greenhouse Software, Inc.
Greg Malocca
HackerRank
HappyFunCorp LLC
HardHead Marketing
HiFi Project Inc.
Hireclout, Inc
Hotjar Limited
Impact Tech, Inc
Independent Trading Group (ITG) Inc.
Indianapolis Motor Speedway
Infinite Agency, LLC
Infinite IP Corporation
Infinity Consulting Solutions, Inc
Intuit

IPQualityScore
IQTalent Partners Inc
Ironclad, Inc
Isaiah Stone
Iterable, Inc
JA Visual Solutions LLC
Jackson Lewis P.C.
Jalen Brunson
JDI Studio LLC
Jess McDonald
JetBlue Airways
JetBrains
JFrog INC
Jivaro Professional Headhunters, LLC
Kate Leavell Companies LLC
Kauling Racing, Inc
Kcsa Strategic Communications
Ketchum Inc.
Kforce Inc
KnowBe4 Inc.
Korn Ferry (US)
Koto Studio LLC
Kristen Hamilton
La Cantera Resort & Spa
Landon Cassill
Las Vegas Motor Speedway
Lastpass
LaunchDarkly
Laurel Hill Advisory Group Company
Learfield Communications, LLC
Levin Group Limited
Lindsey Harris
LogMeIn
LogMeIn USA, Inc.
Loyalist, LLC
MaestroQA, Inc.
Major, Lindsey & Africa, LLC
Marcum LLP
Market One Media Group Inc.
Market Rebellion, LLC
Marla K Knapp
Marquez Valdes-Scantling
Mary Kratka

4

Maximilian Kleber

Maxx Management LLC

McCarter & English, LLP

Medium Rare Live, LLC

Meghan Klingenberg

Meltwater News US Inc

Merlin Media LLC

MessageBank, LLC

Meta Platforms, Inc.

Michael Gorsuch

Microsoft

Miko Tam

Mintz & Gold LLP

Miro

Mixpanel Inc

Mobile Action Inc.

monday.com Ltd

Money Services Business Association

Motivate Design LLC (dba UX Hires)

Mountain Shadows Resort

MPJ Advisors LLC

MSG Arena LLC

Nasdaq Corporate Solutions, LLC

National Women's Soccer League, LLC

Network Redux

Next for Me Media, Inc.

NMLS

NOBLE Capital Markets

Noble Capital Markets, Inc

Nominis Advisory Ltd

Ogon,LLC

Online Business Systems

OpsGenie

Optimal Workshop

Oracle America, Inc.

Organic Inc.

OTC Markets Group Inc.

Pada Ventures,Inc. d/b/a GroWrk Remote

Paypal Transaction - Innovativec

Pickwick Capital Partners, LLC

Piper Companies, LLC

PitchBook Data, Inc.

Plaid Inc.

Popnoggins Llc

PORTSWIGGER

Postman Basic Monthly

Printed Threads

Proconsul Capital Ltd

Project 1972, Inc.

Publicist Inc.

Quantum Talent Group

Reciprocity, Inc.

Regus

Regus Management Group, LLC

Residence Inn by Marriott Dayton
Beavercreek

Roadmunk

Rob Gronkowski

Robert B. Holt

S&S Activewear

Sam Staab

Schiff Hardin LLP

Seeking Alpha

Segment.IO, Inc.

Seprio, LLC

Sheraton Grand Nashville Downtown

Sift Science, Inc.

Slack Technologies, LLC

SLS South Beach

Smart City Networks

Snapchat

Snowflake Inc

Snyk Inc.

Socure Inc.

soona

Spacelift, Inc.

Spencer Dinwiddie

Standout Tech Solutions LLC

Swag.com

Tableau Software, Inc.

Taylor & Gray LLC

Teneo Strategy LLC

Terminal, Inc.

The Block Crypto, Inc.

The Cosmopolitan of Las Vegas

The Friends  of Falcon Hockey Inc

The Sports Girls
The Winslow
Toni Pressley
Travelbank
Trea Turner
Troutman Pepper Hamilton Sanders LLP
TSX Inc.
Tuple
Twilio
Twitter Online Ads
Twitter, Inc.
Tyler Lussi
Typeform, S.l.
Uber
United Airlines
UPS
Upside Business Travel
User Testing, Inc.
Vijay B. Kumar
W Dallas - Victory
W New York - Union Square
Walkers Corporate Limited
Wall Street Dead aHead Networking LLC
Weisman Tech Law LLC
WeWork
Whistler Search Partners, LLC
WilliamsMarston LLC
Willis Towers Watson PLC
WINJIT INC
Wrike, Inc.
Zapier
Zendesk, Inc
ZeroFOX, Inc.

**Contract Parties**
Amazon
Celsius
Chainalysis Inc.
Copper Technologies (UK) Limited
Cumberland DRW LLC
Dallas Basketball Limited (Dallas Mavericks)
Dinwiddie, Inc.

DV Chain, LLC
FiCentive, Inc.
Fireblocks Inc.
Fireblocks Ltd.
Gronk Endorsements LLC
JSCT, LLC (Jane Street)
Landon Cassill, Inc.
Ledger Technologies INC
Tai Mo Shan Limited
Talos Trading, Inc.
ThoughtWorks, Inc.
Usio, Inc.
Wintermute Trading Ltd

**Customers**
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
Alireza Johartchi
[Confidential]
[Confidential]
Analicia Van
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
Aristea Theodoropoulos
[Confidential]

6

[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
Chris Mirabs
[Confidential]
Christine Marcy
Christopher Rouse
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
Daniel Hawley
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]

[Confidential]
[Confidential]
Dawei (David) Hu
[Confidential]
[Confidential]
Digant Goyal
[Confidential]
Dlany Conny
Donald Angle
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
Gerardo Pedraza
[Confidential]
[Confidential]
[Confidential]
[Confidential]
Grant Pritchard
Gregory Foss
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
Jack Beeler
Jacob Redburn
Jacoub Hammodeh
[Confidential]
[Confidential]
[Confidential]
Jennifer Walsh
Jeremy McAleer
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]
[Confidential]

| | |
|---|---|
| [Confidential] | [Confidential] |
| [Confidential] | [Confidential] |
| [Confidential] | [Confidential] |
| [Confidential] | [Confidential] |
| John Ruda | Nada Ali |
| [Confidential] | [Confidential] |
| [Confidential] | [Confidential] |
| Jon Quezada | [Confidential] |
| [Confidential] | [Confidential] |
| [Confidential] | [Confidential] |
| Josh Ragusa | Nick Nardone |
| [Confidential] | Niraj Jani |
| Juewett Bostwick | [Confidential] |
| [Confidential] | [Confidential] |
| [Confidential] | Noha Ali |
| [Confidential] | [Confidential] |
| [Confidential] | [Confidential] |
| [Confidential] | [Confidential] |
| [Confidential] | [Confidential] |
| [Confidential] | [Confidential] |
| Kim Bohle | [Confidential] |
| [Confidential] | [Confidential] |
| [Confidential] | [Confidential] |
| [Confidential] | [Confidential] |
| [Confidential] | [Confidential] |
| [Confidential] | [Confidential] |
| [Confidential] | [Confidential] |
| [Confidential] | [Confidential] |
| [Confidential] | [Confidential] |
| [Confidential] | [Confidential] |
| Lisa Dagnoli | [Confidential] |
| [Confidential] | [Confidential] |
| [Confidential] | [Confidential] |
| [Confidential] | [Confidential] |
| [Confidential] | [Confidential] |
| [Confidential] | [Confidential] |
| [Confidential] | Ryan Bednarski |
| [Confidential] | [Confidential] |
| Marquis Velazquez | Ryan Hourigan |
| [Confidential] | [Confidential] |
| [Confidential] | [Confidential] |
| [Confidential] | [Confidential] |
| [Confidential] | Sariena Carmichael |
| [Confidential] | [Confidential] |

| | |
|---|---|
| [Confidential] | Regus |
| [Confidential] | |
| [Confidential] | **Insurers/Brokers** |
| Shaik Taj Baba | CAC Specialty Co. |
| [Confidential] | Euclid's Lloyds of London Syndicate |
| [Confidential] | FirstBrook Cassie & Anderson Ltd |
| [Confidential] | Great Midwestern Insurance Co. |
| [Confidential] | Hartford Fire Insurance Company |
| [Confidential] | Hartford Underwriters Insurance Company |
| Stephen D. | MJD3 Associates, LLC. |
| [Confidential] | Relm Insurance Limited |
| [Confidential] | XL Specialty Ins. Company |
| [Confidential] | |
| [Confidential] | **Ordinary Course Professionals** |
| [Confidential] | Berger Singerman LLP |
| [Confidential] | Campbells Legal (BVI) Limited |
| [Confidential] | Conyers Dill & Pearman |
| [Confidential] | Day Pitney LLP |
| [Confidential] | Fragomen, Del Rey, Bernsen & Loewy, LLP |
| [Confidential] | Frankfurt Kurnit Klein & Selz, P.C. |
| [Confidential] | Jackson Lewis P.C. |
| [Confidential] | Jenner & Block LLP |
| [Confidential] | Kramer Levin Naftalis & Frankel LLP |
| [Confidential] | Lowenstein Sandler LLP |
| [Confidential] | Mintz & Gold LLP |
| [Confidential] | Paul Hastings LLP |
| Trevor Brucker | Seyfarth Shaw LLP |
| [Confidential] | Troutman Pepper Hamilton Sanders LLP |
| [Confidential] | Walkers Corporate Limited |
| [Confidential] | |
| Vincent T. Sasso | **NDA Counterparties** |
| William George | [Confidential] |
| Xiang Chi | [Confidential] |
| [Confidential] | [Confidential] |
| Xiaojie Dai | [Confidential] |
| [Confidential] | [Confidential] |
| [Confidential] | [Confidential] |
| [Confidential] | [Confidential] |
| [Confidential] | [Confidential] |
| Zainab Ali | [Confidential] |
| | [Confidential] |
| **Landlords** | [Confidential] |
| WeWork Inc. | [Confidential] |

| | |
|---|---|
| [Confidential] | [Confidential] |
| [Confidential] | [Confidential] |
| [Confidential] | [Confidential] |
| [Confidential] | [Confidential] |
| [Confidential] | [Confidential] |
| [Confidential] | [Confidential] |
| [Confidential] | [Confidential] |
| [Confidential] | |
| [Confidential] | **Bankruptcy Professionals** |
| [Confidential] | Berkeley Research Group, LLC (BRG) |
| [Confidential] | Deloitte Tax LLP / Deloitte & Touche |
| [Confidential] | Fasken Martineau DuMoulin LLP |
| [Confidential] | Grant Thornton US / Grant Thornton LLP |
| [Confidential] | Kirkland & Ellis LLP |
| [Confidential] | Moelis & Company |
| [Confidential] | Quinn Emmanuel |
| [Confidential] | Stretto |
| [Confidential] | Valuation Research Corp. |
| [Confidential] | |
| [Confidential] | **Taxing Authorities** |
| [Confidential] | Alabama, State of, Department of Revenue |
| [Confidential] | Alaska, State of, Department of Revenue |
| [Confidential] | Arizona, State of, Department of Revenue |
| [Confidential] | Arkansas, State of, Department of Finance |
| [Confidential] | & Administration |
| [Confidential] | California, State of, Franchise Tax Board |
| [Confidential] | Connecticut, State of, Department of |
| [Confidential] | Revenue Services |
| [Confidential] | Delaware, State of, Department of Revenue |
| [Confidential] | Florida, State of, Department of Revenue |
| [Confidential] | Georgia, State of, Department of Revenue |
| [Confidential] | Idaho, State of, Tax Commission |
| [Confidential] | Illinois, State of, Department of Revenue |
| [Confidential] | Indiana, State of, Department of Revenue |
| [Confidential] | Iowa, State of, Department of Revenue |
| [Confidential] | Kansas, State of, Department of Revenue |
| [Confidential] | Kentucky, Commonwealth of, Department |
| [Confidential] | of Revenue |
| [Confidential] | Louisiana, State of, Department of Revenue |
| [Confidential] | Maine, State of, Department of Revenue |
| [Confidential] | Services |
| [Confidential] | Maryland, State of, Comptroller |
| [Confidential] | Michigan, State of, Department of Treasury |

Minnesota, State of, Department of Revenue
Mississippi, State of, Department of Revenue
Nebraska, State of, Department of Revenue
New Hampshire, State of, Department of Revenue Administration
New Jersey, State of, Division of Taxation
New Mexico, State of, Department of Tax & Revenue
North Carolina, State of, Department of Revenue
North Dakota, State of, Office of State Tax Commissioner
Oklahoma, State of, Tax Commission
Oregon, State of, Department of Revenue
Pennsylvania, Commonwealth of, Department of Revenue
Rhode Island, State of, Division of Taxation
South Carolina, State of, Department of Revenue
Tennessee, State of, Deparment of Revenue
Texas, State of, Comptroller of Public Accounts
Utah, State of, State Tax Commission
Virgina, Commonwealth of, Department of Taxation
Washington, D.C., Office of Tax & Revenue
West Virginia, State of, Tax Department
Wisconsin, State of, Department of Revenue

**Utilites**
Phone.com
Verizon Wireless
WeWork Inc.

**Litigation Parties**
Alabama, State of, Securities Commission
California, State of, Business, Consumer Services & Housing Agency, Department of Financial Protection & Innovation
Indiana, State of, Securities Division
Jordan Berk

Kentucky, Commonwealth of, Department of Financial Institutions
Mark Cassidy
Mark Cuban
New Jersey, State of, Bureau of Securities
Oklahoma, State of, Department of Securities
South Carolina, State of, Securities Commissioner
Texas, State of, Securities Board
US Bank NA
Vermont, State of, Department of Financial Regulation
Washington, State of, Department of Financial Institutions, Securities Division

**United States Bankruptcy Judges in the District of Delaware**
Chief Judge Martin Glenn
Judge Cecelia G. Morris
Judge David S. Jones
Judge James L. Garrity, Jr.
Judge Lisa G. Beckerman
Judge Michael E. Wiles
Judge Robert D. Drain
Judge Sean H. Lane
Judge Shelley C. Chapman

**Office of the United States Trustee**
Alaba Ogunleye
Andrea B. Schwartz
Andy Velez-Rivera
Annie Wells
Benjamin J. Higgins
Brian S. Masumoto
Ercilia A. Mendoza
Greg M. Zipes
Ilusion Rodriguez
James Gannone
Linda A. Riffkin
Madeleine Vescovacci
Mark Bruh
Mary V. Moroney
Nadkarni Joseph
Paul K. Schwartzberg

11

Richard C. Morrissey
Shannon Scott
Shara Cornell
Susan Arbeit
Sylvester Sharp
Tara Tiantian
Victor Abriano
William K. Harrington

**<u>Additional Parties in Interest</u>**
A. Manny Alicandro, Esq
Adam Freedman
Akerman LLP
Aldridge Pite, LLP
Ballard Spahr LLP
Barski Law PLC
Brandon Muillenberg
Brown Rudnick LLP
Buchalter, A Professional Corporation
Byron Walker
Cassels Brock & Blackwell LLP
Chirsopher Moser
Forshey & Prostok LLP
FTI Consulting, Inc.
State of Wisconsin and its Department
of Financial Institutions
Sullivan & Cromwell LLP
Texas State Securities Board
The Levitt Group
Vermont Department of Financial Regulation
Wachtell, Lipton, Rosen & Katz
Wells Fargo Bank, N.A

Georgia Department of Banking and
Finance
Goldstein & McClintock LLLP
Horwood Marcus & Berk Chartered
Illinois Secretary of State
J. Singer Law Group, PLLC
Jaffe Raitt Heuer & Weiss, P.C.
Jason Raznick
Johnson, Pope, Bokor, Ruppel & Burns,
LLP
Kelleher Place Management, LLC
Law Offices of Douglas T. Tabachnik, P.C
Liz George and Associates
McCarthy, Lebit, Crystal & Liffman Co.,
LPA
McDermott Will & Emery LLP
McGrail & Bensinger LLP
Melissa Freedman
Murphy Place Management LLC
Office of Attorney General of Texas
Pulman, Cappuccio & Pullen, LLP
Richard Kiss
Russell G. Stewart
Shikar S. Partab

## Schedule 2[1] - Current Clients[2]

Amazon
ANRP II Phoenix Services Holdings (LP)
Apex Fintech Solutions, Inc.
Apollo Global Management LLC
Baupost Group, LLC
Coinbase Global, Inc.
HTC Corporation
Meta Platforms, Inc.
Microsoft Corporation
Robinhood Markets, Inc.
Snowflake, Inc.
Twitter, Inc.
Uber Technologies, Inc.

---

[1]    Parties that are both current clients and former clients of Potter Anderson are listed only on Exhibit 2 – Current Clients.

[2]    Due to the similarity of names and certain entities, Potter Anderson was not able to determine if all the entities listed herein are actually affiliates of certain clients. However, out of an abundance of caution, Potter Anderson has listed those entities which it reasonably believes to be affiliates of current clients.

## Schedule 3 - Former Clients[1]

ACP X, LP
Deloitte Financial Advisory GmbH
Fidelity Investments
Kirkland & Ellis LLP
Microsoft Corporation
Nomura Securities
OTC Global Holdings LP
Paul Hastings LLP
PEAK6 Investments LLC
[Confidential]
Twilio Inc.
United Airline

---

[1]    Due to the similarity of names and certain entities, Potter Anderson was not able to determine if all the entities listed herein are actually affiliates of certain clients. However, out of an abundance of caution, Potter Anderson has listed those entities which it reasonably believes to be affiliates of former clients.