| | |
|---|---|
| Amish R. Doshi, Esq.<br>**DOSHI LEGAL GROUP, P.C.**<br>1979 Marcus Avenue, Suite 210E<br>Lake Success, New York 11042<br>Telephone: (516) 622-2335<br>E-Mail: amish@doshilegal.com | Hearing Date: January 10, 2023<br>Hearing Time: 2:00 PM<br>Objection Date: January 4, 2023 |

And

Shawn M. Christianson, Esq.
**BUCHALTER, A Professional Corporation**
425 Market Street, Suite 2900
San Francisco, California 94105-2126
Telephone: (415) 227-0900
E-Mail: schristianson@buchalter.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**VOYAGER DIGITAL HOLDINGS, INC.,** et al.,<br><br>Debtors. | **Chapter 11**<br><br>**Case No.   22-10943 (MEW)**<br><br>**Jointly Administered** |

### ORACLE'S RENEWED RIGHTS RESERVATION REGARDING DEBTORS' NOTICE OF SUCCESSFUL BIDDER AND RELATED REQUEST FOR ENTRY OF AN ORDER AUTHORIZING ENTRY INTO ASSET PURCHASE AGREEMENT

Oracle America, Inc., successor in interest to NetSuite, Inc. ("Oracle"), a creditor and contract counter-party in the above-captioned jointly administered Chapter 11 cases, submits this renewed Rights Reservation ("Renewed Rights Reservation") in response to the Debtors' Notice of Successful Bidder and the Debtors' related intent to enter into an Asset Purchase Agreement with successful bidder, BAM Trading Services, Inc., d/b/a Binance.US, as Purchaser ("Purchaser") [CM-ECF No. 748] ("Recent APA Motion"), about which Voyager Digital Holdings, Inc., *et al.* ("Debtors") now is seeking Court authority.

1.     Oracle earlier filed a Rights Reservation regarding, and appeared at the hearing on, the Debtors' prior proposed APA with a different potential purchaser, which is lodged at

CM-ECF No. 520 on the Court's docket  At the prior hearing, Oracle's Reservation of Rights was preserved on the Court's record.

2.     By the Recent APA Motion, the Debtors are seeking Bankruptcy Court authority to, among other things, sell certain assets which sale will be consummated through the Debtors' *Third Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* ("Plan") [CM-ECF No. 777].

3.     Attached as Exhibit "A" to the Recent APA Motion is an asset purchase agreement ("APA") between the Debtors and Purchaser.  The APA appears to intend to grant both the Purchaser and the Debtors simultaneous access to certain information for an indeterminate time period up to the Closing Date, and thereafter for three years.

4.     The relevant language on this point in the APA is as follows:

> From and after the Closing for a period of three (3) years following the Closing Date (or, if later, the closing of the Bankruptcy Case), Purchaser will, following Seller's good faith written request… provide Seller and its Advisors with reasonable access, during normal business hours, and upon reasonable advance notice, to the books and records in Purchaser's custody or control, including work papers, schedules, memoranda, Tax Returns, Tax schedules, Tax rulings, and other documents (for the purpose of examining and copying), in each case to the extent relating to the Acquired Assets, the Excluded Assets, the Assumed Liabilities or the Excluded Liabilities with respect to periods or occurrences prior to the Closing Date, and reasonable access, during normal business hours, and upon reasonable advance notice, to employees, officers, Advisors, accountants, offices and properties of Purchaser provided that (i) such access does not unreasonably interfere with the normal operations of Purchaser and (ii) nothing herein will require Purchaser to provide access to, or to disclose any information to, Seller or its Advisors if such access or disclosure (A) would waive any legal privilege or (B) would be in violation of applicable Laws or would violate any fiduciary duty; provided that, in the event that Purchaser withholds access or information in reliance on the foregoing clause (A) or (B), Purchaser shall provide (to the extent possible without waiving or violating the applicable agreement, legal privilege, Law or fiduciary duty) notice to Seller that such access or information is being so withheld and shall use reasonable best efforts to provide such access or information in a way that would not risk waiver of such legal privilege, applicable Law, or fiduciary duty. Unless otherwise consented to in writing by Seller, Purchaser will not, for a period of three (3) years following the Closing Date, destroy, alter or otherwise dispose of any of such books and records without first offering to

        surrender to Seller such books and records or any portion thereof that Purchaser may intend to destroy, alter or dispose of.

APA @ 6.2(c).

5.     At the time of filing this Rights Reservation, the Debtors have not identified any contracts to be assumed and assigned.

6.     Therefore, it is unclear how, or whether, Oracle's contracts will be impacted via the sale or the post-closing provisions of the APA.

7.     Pursuant to the Plan, the Debtors state that they will identify in the Plan Supplement[1], those contracts to be assumed or assumed and assigned, presumably with corresponding proposed cure amounts.

8.     In addition, the Debtors indicate that the Plan Supplement will include a Management Transition Plan, which may include transition services.

9.     Given that Oracle will not know whether its contracts are impacted by the sale or the APA Motion until after the sale objection deadline, Oracle files this Rights Reservation to preserve its right to object to assumption, assignment, cure, the scope of continuing access to information post-closing and/or transitional use, pending the filing of the Plan Supplement and an opportunity to review the contract schedule and assess whether and how Oracle's contracts are impacted.

---

[1] Capitalized terms used herein shall have the same meaning as those described in the Plan.

10. Therefore, Oracle respectfully hereby reserves its right to be heard on all issues set forth herein, whether deemed responsive to the Recent APA Motion, the Plan and/or the Plan Supplement.

Dated: January 3, 2023
Lake Success, New York

Respectfully submitted,

By: /s/ Amish R. Doshi
Amish R. Doshi, Esq.
**DOSHI LEGAL GROUP, P.C.**
1979 Marcus Avenue, Suite 210E
Lake Success, NY 11042
Tel: (516) 622-2335
E-Mail: amish@doshilegal.com

Shawn M. Christianson, Esq.
**BUCHALTER, A Professional Corporation**
425 Market Street, Suite 2900
San Francisco, California 94105-2126
Telephone: (415) 227-0900
E-Mail: schristianson@buchalter.com

Peggy Bruggman, Esq.
Benjamin Wheeler, Esq.
**ORACLE AMERICA, INC.**
500 Oracle Parkway
Redwood City, California 94065

**Attorneys for Oracle America, Inc.**

# CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2023, I served a copy of *Oracle's Renewed Rights Reservation Regarding Debtors' Notice Of Successful Bidder And Related Request For Entry Of An Order Authorizing Entry Into Asset Purchase Agreement* on the parties listed on the attached service list via email containing a pdf of the document.  With respect to the parties by regular a copy of the document was mailed in sealed envelope, postage pre-paid to the address listed.  In addition, the parties entitled to receive notice by the Court's CM-ECF system were sent an email notification of such filing by the Court's CM-ECF System.

          /s/ Amish R. Doshi_____

## SERVICE LIST

**By E-Mail**

> Joshua A. Sussberg, Esq. – jsussberg@kirkland.com
> Christopher Marcus, Esq. – cmarcus@kirkland.com
> Christine A. Okike, Esq. – Christine.okike@kirkland.com
> Allyson B. Smith, Esq. – Allyson.smith@kirkland.com
> Darren Azman, Esq. – dazman@mwe.com
> Charles Gibbs, Esq. – crgibbs@mwe.com

**By Regular Mail**

Richard Morrisssey, Esq.
Mark Bruh, Esq.
OFFICE OF US TRUSTEE, SDNY
US Federal Office Building
201 Varick Street, Room 1006
New York, New York 10014