**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | Case No. 22-10943 |
| Debtors. | (Jointly Administered) |

**OBJECTION TO DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING ENTRY INTO THE BINANCE US ASSET PURCHASE AGREEMENT AND JOINDER IN THE OBJECTIONS OF THE STATES OF NEW JERSEY AND TEXAS**

The Vermont Department of Financial Regulation (Vermont) hereby objects to Debtors' Motion for Entry of an Order Authorizing Entry into the Binance US Purchase Agreement (APA) and Granting Related Relief. DE # 775. (The Motion). Vermont also joins in the objections of the New Jersey Bureau of Securities and the Texas State Securities Board and Texas Department of Banking as they relate to the Motion. In support of this Objection, Vermont states as follows:

**INTRODUCTION**

1. Debtors filed the above-captioned Chapter 11 cases on July 5, 2022. (Petition Date). The cases have been consolidated for procedural purposes and are jointly administered pursuant to Bankruptcy Rule 1015(b).

2. Since the Petition Date, Debtors have been operating their businesses and managing their property as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108; however, Debtors have ceased accepting new customers on their crypto trading platform and have discontinued most pre-petition business activities.

3. Debtors filed their initial Chapter 11 plan and disclosure statement on the Petition Date. Debtors' initial plan contemplated, *inter alia*, the sale of the Voyager platform. Debtors subsequently amended the initial plan and disclosure statement and also entered into an Asset Purchase Agreement with West Realm Shires Inc. (FTX US).

---

[1] Debtors include Voyager Digital Holdings, Inc., Voyager Digital Ltd., and Voyager Digital, LLC. Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, New York 10003.

4. On November 11, 2022, FTX US and most of its affiliated companies filed their own Chapter 11 cases in the United States Bankruptcy Court for the District of Delaware. The FTX bankruptcy filings led to the collapse of Debtors' planned sale transaction. The details of the FTX collapse, subsequent bankruptcy filings, and their impact on the sale transaction are set forth in Debtors' Second Amended Disclosure Statement, dated December 22, 2022 (the Disclosure Statement).

5. Debtors also filed on December 22, 2022 an Asset Purchase Agreement with BAM Trading Services Inc. d/b/a Binance.US (Binance US), a Third Amended Plan of Reorganization (the Plan), and a Motion for Entry of an Order: (i) scheduling a combined disclosure statement approval and plan confirmation; (ii) conditionally approving the adequacy of the debtors' disclosure statement; (iii) approving: a) procedures for solicitation; b) forms of ballots and notices; c) procedures for tabulation of votes; and d) procedures for objections; and (iv) granting related relief.

6. Vermont objects to the Motion. Vermont also joins in the Objections of the New Jersey Bureau of Securities (New Jersey) and the Texas State Securities Board and Texas Department of Banking (Texas).

### THE APA DISCRIMINATES UNFAIRLY AGAINST ACCOUNT HOLDERS IN UNSUPPORTED JURISDICTIONS[2]

7. Under the Plan, all account holders are placed in Class 3. Account holders outside the four so-called "unsupported" jurisdictions are given identical treatment, which roughly consists of the opportunity to migrate to the Binance US platform, immediate access to such account holder's net Owned Coins pursuant to Section 6.12 of the APA, and a pro rata share of future bankruptcy distributions. Account holders in Unsupported Jurisdictions, on the other hand, are only entitled to a cash distribution equal to the value at which the Net Owned coins allocable to such account holders are liquidated (the Cash Distribution), on a delayed basis, and a pro rata share of any future bankruptcy distributions. Debtors have articulated no valid reason for this disparate treatment. Debtors have not even asserted that a money transmitter license is required

---

[2] The "unsupported" jurisdictions include Hawaii, New York, Texas, and Vermont. These are jurisdictions in which Binance US lacks a money transmitter license. On information and belief, there are other jurisdictions in which Binance lacks a license which have not been included in the "Unsupported" group. This disparate treatment causes the Plan to violate 11 U.S.C. §1123(a)(4).

for a purchaser to make a distribution under a Court-approved plan.[3] The delay will mean that the cash value such account holders will received in a delayed distribution will be based on the then-prevailing exchange rates, including applicable fees, spreads, costs and expenses. Moreover, accounts holders in Unsupported jurisdictions will not be able to access or trade their positions in the Net Owned Coins during this delay period.

### NEITHER DEBTORS NOR PURCHASER ARE IN COMPLIANCE WITH STATE LAW AS IS REQUIRED BY 28 U.S.C.§ 959(b)

8. Prior to the Petition Date, Debtors were engaged in unlicensed securities activities throughout the United States and in many jurisdictions, also engaged in unlicensed money transmission, in violation of state law. This Court cannot confirm a plan which calls for the violation of state law and should not authorize Debtors to enter into an APA which will lead to the violation of state law.

9. The business activities contemplated by purchaser Binance US are far from clear. To the extent Binance intends to trade Debtors' VGX token or its own BNB token, securities registration will be required. To the extent Binance US intends to resume its former staking activities, securities registration will be required. The APA does not include any discussion of contemplated securities registration.

10. It is not at all clear under the APA how and with what entity customer assets will be custodied, i.e., will the assets be held in the United States or by an offshore, unregulated entity. If purchaser Binance US contemplates custody by an offshore entity, that custody arrangement likely will violate state law.

### THE FITNESS AND SOLVENCY OF BINANCE US IS NOT CLEAR

11. As is articulated thoroughly in the Objection filed by the New Jersey Bureau of Securities the fitness of Binance US to purchase under the APA is not clear. Moreover, it is not clear whether Binance US is sufficiently solvent to support the customer platform contemplated by the APA.

---

[3] Vermont does not believe a money transmitter license would be required for such a distribution, and indeed Section 6.12(b) of the APA suggests that it is not.

**CONCLUSION**

12. Vermont joins fully in the Objection of Texas to the Motion and also joins fully in the Objections of New Jersey to the extent it relates to the Motion. For all the reasons set forth herein and, in those objections, Vermont requests the Court deny the Debtors' Motion.

Dated: January 4, 2023

Vermont Department of Financial Regulation

By: */s/ Jennifer Rood*

Jennifer.rood@vermont.gov