ABIGAIL R. RYAN
Texas Bar No. 24035956
LAYLA D. MILLIGAN
Texas State Bar No. 24026015
ROMA N. DESAI
S.D.N.Y. Bar Number RD8227
Texas Bar No. 24095553
AUTUMN D. HIGHSMITH
Texas Bar No. 24048806
Assistant Attorneys General
Bankruptcy & Collections Division
P. O. Box 12548
Austin, Texas 78711-2548
P: (512) 463-2173/F: (512) 936-1409
abigail.ryan@oag.texas.gov
layla.milligan@oag.texas.gov
roma.desai@oag.texas.gov
autumn.highsmith@oag.texas.gov

ATTORNEYS FOR THE TEXAS STATE SECURITIES BOARD AND
THE TEXAS DEPARTMENT OF BANKING

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>VOYAGER DIGITAL HOLDINGS, INC., *et al.*[1],<br><br>Debtors. | Chapter: 11<br><br>Case No. 22-10943 (MEW)<br><br>(Jointly Administered) |

### OBJECTION OF THE TEXAS STATE SECURITIES BOARD AND THE TEXAS DEPARTMENT OF BANKING TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING ENTRY INTO THE BINANCE US PURCHASE AGREEMENT AND (II) GRANTING RELATED RELIEF

The Texas State Securities Board ("**SSB**") and the Texas Department of Banking ("**DOB**"), by and through the Office of the Texas Attorney General (together, "Texas"), hereby file this Objection (the "**Objection**") to the *Debtors' Motion for Entry of an Order (I) Authorizing Entry into the Binance US Purchase Agreement and (II) Granting Related Relief* [D.E. 775] (the "**Motion**"). In support of the Objection, Texas respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

## I.    OVERVIEW

The SSB and DOB object to the Debtors' Motion because, at this time, the Debtors and Binance US ("**Purchaser**") are not in compliance with Texas law and are not authorized to conduct business in Texas. Further, the SSB and DOB object to the disparate treatment provided to creditors in certain states (referred to as "Unsupported" jurisdictions") as indicated in the proposed Asset Purchase Agreement ("APA").

## II.    OBJECTION

### A.    Debtors and Purchaser are Required to Comply with State Law Pursuant to 28 U.S.C. Section 959(b).

1.    In bankruptcy, a Chapter 11 debtor is required to comply with state laws under 28 U.S.C. Section 959(b) and state regulators are allowed to move forward in state court under their police and regulatory powers under Section 362(b)(4) of the Bankruptcy Code. Further, the bankruptcy process does not shield debtors from administrative claims for fines and penalties incurred because of post-petition illegal operations. These post-petition fines and penalties are administrative expenses because they are seen by courts as a cost of doing business.[2]

2.    Neither the Debtors nor Purchaser are complying with Texas's laws, and until they can comply, neither the Debtors nor Purchaser may operate in Texas.

### B.    The Debtors and Purchaser are Not in Compliance with State Law.

3.    Debtors have received cease-and-desist letters from several states.[3] Debtors remain unlicensed by the SSB and DOB in the State of Texas. Likewise, Purchaser is not licensed by the SSB or the DOB

---

[2] 11 U.S.C. 503(b)(1)(A). *See also In re BVS Constr., Inc.,* No. 19-60004-RBK, 2020 WL 1479826, at *2 (Bankr. W.D. Tex. Mar. 20, 2020) Finding (Payment of civil fines and penalties are generally part of the cost of doing business."). And Stating ("Multiple court of appeals cases also support the proposition that post-petition civil fines and penalties are simply part of the cost of doing business and are allowed as an administrative expense. *See Cumberland Farms, Inc. v. Fla. Dep't of Envtl. Prot.,* 116 F.3d 16 (1st Cir. 1997); *Ala. Surface Mining Comm'n v. N.P. Mining Co.* (In re N.P. Mining Co.), 963 F.2d 1449 (11th Cir. 1992); *U.S. Dep't of Interior v. Elliott (In re Elkins Energy Corp.),* 761 F.2d 168 (4th Cir. 1985)).
[3] https://www.coindesk.com/policy/2022/03/29/new-jersey-orders-voyager-digital-to-cease-and-desist-crypto-interest-offering/

22-10943-mew    Doc 815    Filed 01/04/23    Entered 01/04/23 16:00:35    Main Document
Pg 3 of 8


and, as such, cannot legally transact business in Texas.[4]

### i. *The Debtors have engaged in unauthorized money transmission.*

4.    Under Texas law, money transmissions are regulated through the Texas Department of Banking. The Debtors do business in Texas and admit that they hold and exercise control over "FBO" bank accounts "through which funds sent by customers would be held."[5] The Debtors also (purportedly) hold cryptocurrency on behalf of customers, including convertible or redeemable "stablecoin."[6]

5.    By receiving customer cash and stablecoin in exchange for promising to fulfill customer orders regarding the custody and transmission of that monetary value, the Debtors have engaged in money transmission under Texas law.[7]

6.    The Debtors do not have a license to conduct this money transmission and do not qualify for an exemption from licensing. In fact, Debtor Voyager Digital, LLC applied to the DOB for a license, but withdrew that application in July 2018 while nevertheless continuing to operate. Knowingly managing or owning an unlicensed money transmission business is a felony under federal law

---

[4] https://support.binance.us/hc/en-us/articles/360046786914-List-of-Unsupported-States

[5] Dkt. no. 250 (*Decision as to Motion to Permit Withdrawals by Customers of Funds Held in FBO Accounts at Metropolitan Commercial Bank*, entered August 5, 2022).

[6] *Id*. at 2.

[7] *See* Tex. Fin. Code § 151.301(b)(4) ("'Money transmission' means the receipt of money or monetary value by any means in exchange for a promise to make the money or monetary value available at a later time or different location."); *see also* Texas Department of Banking Supervisory Memorandum 1037, *Regulatory Treatment of Virtual Currency Under the Texas Money Services Act* (Apr. 1, 2019 (rev.)), https://www.dob.texas.gov/sites/default/files/files/consumer-information/sm1037.pdf ("Stablecoins that are pegged to sovereign currency may be considered a claim that can be converted into currency and thus fall within the definition of money or monetary value under Finance Code § 151.301(b)(3).").

3

punishable by up to five years' imprisonment.[8] Administrative penalties for unauthorized money transmission are $5,000 per day per violation under Texas law.[9]

7.    A Consent Order was issued by the Texas Department of Banking relating to Debtor Voyager Digital, LLC effective December 20, 2022, based on the Commission's finding that Debtor violated Texas Finance Code, Chapter 151, and reflecting that Voyager has ceased unlicensed money transmission in Texas.

8.    At this time, Purchaser also appears to be operating illegally in Texas—it appears to be engaged in unregistered securities offerings. Purchaser acknowledges its lack of appropriate licensure in the APA itself, carving Texas and three other states out of the transaction as "Unsupported jurisdictions."[10]

### ii.  _The bankruptcy process and sale does not shelter the Debtors for violations of state laws._

9.    The SSB and DOB reserve all rights, authority, and remedies regarding ongoing illegal operations by the Debtors and any purchasers. In bankruptcy, a chapter 11 debtor is required to comply with state laws under 28 U.S.C. Section 959(b) and state regulators are allowed to move forward in state court under their police and regulatory powers under Section 362(b)(4) of the Bankruptcy Code. Further, the bankruptcy process does not shield the Debtors from administrative claims for fines and penalties accrued by illegal post-petition operations. These post-petition fines and penalties are administrative expenses because they are seen by courts as a cost of doing business.[11]

---

[8] 18 U.S.C. § 1960. Given that the Debtors' business was grounded in obvious, and potentially criminal, violations of money transmission laws, it is unclear why the Debtors remain in possession and a trustee has not been appointed. _See_ 11 U.S.C. § 1104(a) (identifying fraud and gross mismanagement as cause for appointing a trustee & (e) (stating that the U.S. Department of Justice "<u>shall</u> move for the appointment of a trustee under subsection (a) if there are reasonable grounds to suspect that current members of the governing body of the debtor [or] the debtor's chief executive or chief financial officer …participated in actual fraud, dishonesty, or criminal conduct in the management of the debtor") (emphasis added).

[9] Tex. Fin. Code § 151.707(c). The Department is filing proofs of claim against all Debtors that are estimated based on the limited information made available by the Debtors. The Debtors' plan should include an appropriate mechanism to pay distributions on regulatory claims such as these to victims.

[10] Dkt. No. 775, Section 6.12(b).

[11] 11 U.S.C. 503(b)(1)(A). _See also In re BVS Constr., Inc._, No. 19-60004-RBK, 2020 WL 1479826, at *2 (Bankr. W.D. Tex. Mar. 20, 2020) _Finding_ (Payment of civil fines and penalties are generally part of the cost of doing business."). And

10.   Purchaser appears to be in the same regulatory compliance situation as the Debtors—engaging in illegal securities offerings. The bankruptcy sale process also does not offer protection to non-debtors, such as purchasers of assets, for any acts of ongoing illegal conduct by Purchaser, even if the assets are bought from the estate.[12]

## C.    The Proposed APA Results in Unfair Discrimination Against Certain Customers Based on Purchaser's Failure to Comply with State Law.

11. Section 6.12(a) of the APA provides that, subject to other provisions of the APA, on the User Asset Migration Date, Purchaser shall credit… "to the Binance.US Platform account of each User such User's Net Owed Coins and (ii) to the Binance.US Platform account of each Eligible Creditor, the applicable amount payable to such Eligible Creditor as set forth in the Seller Statement." Essentially, customers in "supported" jurisdictions in which Purchaser has an active and compliant money transmission license, assets will be moved to the Binance.US Platform and customers will have access to their accounts following the customers' agreement to Binance.US's particular terms.

12. However, Section 6.12(b) of the APA provides that for customers located in four (4) specific states (Hawaii, New York, Texas, or Vermont) or any other state where Purchaser does not have a Money Transmitter License or similar license, the Purchaser is *not* required to credit or make payment to those account holders, or permit any person to be active or conduct trading on the Binance.US platform. Instead, Purchaser is allowed six (6) months to attempt to get the appropriate licenses in the "Unsupported" jurisdictions. Should Purchaser not successfully obtain licenses, Purchaser will then liquidate the crypto assets and deliver those assets to the Debtors for disbursement per the Plan.

---

*Stating* ("Multiple court of appeals cases also support the proposition that post-petition civil fines and penalties are simply part of the cost of doing business and are allowed as an administrative expense. *See Cumberland Farms, Inc. v. Fla. Dep't of Envtl. Prot.*, 116 F.3d 16 (1st Cir. 1997); *Ala. Surface Mining Comm'n v. N.P. Mining Co.* (*In re N.P. Mining Co.*), 963 F.2d 1449 (11th Cir. 1992); *U.S. Dep't of Interior v. Elliott* (*In re Elkins Energy Corp.*), 761 F.2d 168 (4th Cir. 1985)).

[12] *See In re Oldco M. Corp.*, 438 B.R. 775, 785 (Bankr. S.D.N.Y. 2010) (noting that, even when a bankruptcy sale is "free and clear," the purchaser must comply with applicable legal obligations "starting with the day it got the property"); *see also In re Welker*, 163 B.R. 488, 489 (Bankr. N.D. Tex. 1994) (stating that "[n]o subsection of § 363 applies to authorize the trustee to sell free and clear of [governmental regulatory] interests.").

13. Purchaser has unsuccessfully attempted to become licensed in the State of Texas through the Texas Department of Banking. To date, Purchaser has also failed to become licensed pursuant to Texas securities laws. As a result, customers in Texas will be required to wait for six (6) months in a highly volatile and fluctuating market while Purchaser purports to obtain appropriate licensure, and failing that approval, have their assets liquidated by the Purchaser (subject to costs and expenses) and returned to the *Debtors* for disbursement pursuant to a Plan.

14. The terms of the APA, which are incorporated into the proposed Third Amended Joint Plan[13] do not meet with the requirements of confirmation in a Chapter 11 case because of the unreasonable discrimination between customers based on their state of residency. As a result, the Debtors' request to enter the APA should be denied.

### III.  RESERVATION OF RIGHTS

15. Texas reserves the right to supplement this Objection or to raise additional or further objections to the Disclosure Statement, Sale Motion, or Plan at or prior to the Hearing, or any other relevant hearing.

### PRAYER

WHEREFORE premise considered, the SSB and DOB request that the Debtors' Motion be denied, and request any other and further relief to which the Court finds them justly entitled.

*[Remainder of Page Intentionally Left Blank]*

---

[13] Dkt. No. 777.

Dated: January 4, 2023                     Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN E. COWLES
Deputy Attorney General for Civil Litigation

RACHEL R. OBALDO
Assistant Attorney General
Chief, Bankruptcy & Collections Division

*/s/ Layla D. Milligan*
ABIGAIL R. RYAN
Texas Bar No. 24035956
LAYLA D. MILLIGAN
Texas State Bar No. 24026015
ROMA N. DESAI
S.D.N.Y. Bar Number RD8227
Texas Bar No. 24095553
AUTUMN D. HIGHSMITH
Texas Bar No. 24048806
Assistant Attorneys General
Bankruptcy & Collections Division
P. O. Box 12548
Austin, Texas 78711-2548
P: (512) 463-2173/F: (512) 936-1409
abigail.ryan@oag.texas.gov
layla.milligan@oag.texas.gov
roma.desai@oag.texas.gov
autumn.highsmith@oag.texas.gov

ATTORNEYS FOR THE TEXAS STATE SECURITIES BOARD
AND
TEXAS DEPARTMENT OF BANKING

<u>**CERTIFICATE OF SERVICE**</u>

I certify that a true and correct copy of the foregoing has been served via the Court's Electronic Filing System on all parties requesting notice in this proceeding on January 4, 2023.

*/s/ Layla D. Milligan*
LAYLA D. MILLIGAN
Assistant Attorney General
