Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) ) | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) ) | Case No. 22-10943 (MEW) |
| Debtors. | ) ) ) | (Jointly Administered) |

**NOTICE OF FILING OF**
**THE REVISED ORDER (I) AUTHORIZING ENTRY INTO THE**
**ASSET PURCHASE AGREEMENT AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** Debtors hereby file a revised *Order (I) Authorizing Entry into the Asset Purchase Agreement and (II) Granting Related Relief* (the "Revised APA Order"), attached hereto as **Exhibit A**.  A redline of the Revised APA Order is attached hereto as Exhibit B, which reflects changes from the *Order (I) Authorizing Entry into the Asset Purchase Agreement and (II) Granting Related Relief* [Docket No. 833, Exhibit A] filed on January 9, 2023.

**PLEASE TAKE FURTHER NOTICE** that the Debtors reserve the right to materially alter, amend, or modify the Revised APA Order; *provided* that if the Revised APA Order is altered,

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

amended, or modified in any materials respect, the Debtors will file a revised version of such

document the United States Bankruptcy Court for the Southern District of New York (the "Court").

PLEASE TAKE FURTHER NOTICE that the hearing at which the Court will consider

approval and entry of the APA Order will be held before the Honorable Michael E. Wiles of the

United States Bankruptcy Court for the Southern District of New York on **January 10, 2023, at**

**2:00 p.m. (prevailing Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that copies of the Revised APA Order and other

pleadings filed in the above-captioned chapter 11 cases may be obtained free of charge by visiting

the website of Stretto at http://www.cases.stretto.com/Voyager.  You may also obtain copies of

any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with

the procedures and fees set forth therein.

Dated:  January 10, 2023          /s/ Joshua A. Sussberg
New York, New York                **KIRKLAND & ELLIS LLP**
                                  **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                  Joshua A. Sussberg, P.C.
                                  Christopher Marcus, P.C.
                                  Christine A. Okike, P.C.
                                  Allyson B. Smith (admitted *pro hac vice*)
                                  601 Lexington Avenue
                                  New York, New York 10022
                                  Telephone:    (212) 446-4800
                                  Facsimile:    (212) 446-4900
                                  Email:        jsussberg@kirkland.com
                                                cmarcus@kirkland.com
                                                christine.okike@kirkland.com
                                                allyson.smith@kirkland.com

                                  *Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Revised APA Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER (I) AUTHORIZING ENTRY INTO THE**
**BINANCE US PURCHASE AGREEMENT AND (II) GRANTING RELATED RELIEF**

Upon the Motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of an order (this "Order"): (i) authorizing entry into the

Binance US Purchase Agreement and (ii) granting related relief; and the Debtors having

determined, after an extensive marketing process, that BAM Trading Services Inc. d/b/a

Binance.US ("Binance US" or the "Purchaser") has submitted the highest or otherwise best bid for

the Acquired Assets; and the Debtors having selected Binance US as the Winning Bidder pursuant

to the Bidding Procedures Order; and upon adequate and sufficient notice of the Motion, all as

more fully set forth in the Motion; and upon the First Day Declaration and the Tichenor

Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334 and the *Amended Standing Order of Reference from the United States District Court for the*

*Southern District of New York*, entered February 1, 2012; and this Court having the power to enter

a final order consistent with Article III of the United States Constitution; and this Court having

found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

§§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY FOUND AND DETERMINED THAT:

A.      The Debtors and the Purchaser negotiated the Binance US Purchase Agreement at arm's length and in good faith, without collusion, all within the meaning of section 363(m) of the Bankruptcy Code.

B.      The Purchaser Expenses, as set forth in the Binance US Purchase Agreement, are: (1) commensurate to the real and substantial benefits conferred upon the Debtors' estates by the Purchaser; (2) reasonable and appropriate in light of the size and nature of the proposed sale contemplated by the Binance US Purchase Agreement, the commitments that have been made by the Purchaser, and the efforts that have been and will be expended by the Purchaser; and (3) necessary to induce the Purchaser to continue to pursue such sale and continue to be bound by the Binance US Purchase Agreement.  The Purchaser Expenses are an essential inducement to, and condition of, the Purchaser's entry into, and continuing obligations under, the Binance US Purchase Agreement.  Unless it is assured that the Purchaser Expenses will be available, the Purchaser is unwilling to be bound to the terms of the Binance US Purchase Agreement (including the obligation to maintain its committed offer in accordance with the terms of the Binance US

2

Purchase Agreement while such offer is subject to higher or otherwise better bids as contemplated by the Bidding Procedures). The Purchaser has provided a material benefit to the Debtors and their creditors by providing a baseline value, thereby increasing the likelihood that the value of the Acquired Assets will be maximized through the Debtors' sale process.

C.    Accordingly, the Purchaser Expenses are (1) fair, reasonable and appropriate and designed to maximize value for the benefit of the Debtors' estates; and (2) an actual and necessary cost of preserving the Debtors' estates within the meanings of sections 503(b) and 507(a) of the Bankruptcy Code.

IT IS HEREBY ORDERED THAT:

**I.    Notice of the Motion.**

1.    Notice of the Hearing, the Motion, and the Debtors' entry into the Binance US Purchase Agreement, was timely, proper, and reasonably calculated to provide interested parties with timely and proper notice thereof, and no other or further notice of the Motion and the Hearing is, or shall be, required. The requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice. A reasonable opportunity to object and be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

**II.    Highest or Otherwise Best Offer.**

2.    The Debtors' pre- and postpetition marketing process with respect to the Acquired Assets afforded a full, fair, and reasonable opportunity for any person or entity to make a higher or otherwise better offer to purchase the Acquired Assets. The transactions contemplated by the Binance US Purchase Agreement constitute the highest or otherwise best offer for the Acquired Assets, and the Debtors' determination that the terms of the Binance US Purchase Agreement constitute the highest or otherwise best offer for the Acquired Assets constitutes a valid and sound exercise of the Debtors' business judgment; *provided* that nothing in this Order shall limit or

3

otherwise restrict in any way the Seller's rights and obligations under section 5.2 of the Binance

US Purchase Agreement.  Entry of this Order, including approval of the Seller's entry into, and

performance (for the limited purposes approved by this Order) under, the Binance US Purchase

Agreement, is in the best interests of the Debtors, their estates, creditors, and all other parties in

interest.

## III.    General Provisions.

3.    The findings and conclusions set forth herein constitute the Court's findings of fact

and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to these chapter 11

cases pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact

constitute conclusions of law, they are adopted as such.  To the extent any of the following

conclusions of law constitute findings of fact, they are adopted as such.

4.    All objections to the Motion to Authorize the Debtors to enter into the Binance US

Purchase Agreement or the relief requested therein that have not been withdrawn, waived, or

settled as announced to the Court at the Hearing or by stipulation filed with the Court, and all

reservations of rights regarding the Motion, are hereby denied and overruled on the merits with

prejudice; *provided* that, notwithstanding anything in this Order or the Binance US Purchase

Agreement, the rights of all parties to object to the Plan and the Disclosure Statement are expressly

reserved and preserved.

5.    The Motion is granted as set forth herein.

6.    Voyager Digital, LLC, as seller under the Binance US Purchase Agreement, is

authorized, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, to enter into the

Binance US Purchase Agreement and perform its obligations under the Binance US Purchase

Agreement other than those obligations to be performed at or after the consummation of the Sale,

which obligations the Debtors will seek approval of in connection with confirmation of a

4

chapter 11 plan. The Seller and Purchaser are granted all rights and remedies provided to them under the Binance US Purchase Agreement.

7.    The Binance US Purchase Agreement shall be binding and specifically enforceable against the parties thereto in accordance with its terms, including, without limitation, Section 5.2 (the "No-Shop" provision) and, as applicable, those additional obligations set forth in Article V (Bankruptcy Court Matters) and Article VI (Covenants and Agreements) of the Binance US Purchase Agreement.

8.    The Debtors are authorized, but not directed, to enter into non-material amendments to the Binance US Purchase Agreement from time to time as necessary, subject to the terms and conditions set forth in the Binance US Purchase Agreement, and without further order of the Court.

9.    The Seller is authorized to satisfy the Purchaser Expenses pursuant to the terms and conditions set forth in the Binance US Purchase Agreement, and the Purchaser Expenses, as set forth in the Binance US Purchase Agreement, are approved in their entirety. The Purchaser Expenses provisions in the Binance US Purchase Agreement and this Order shall be binding on the Seller, its successors and assigns, and shall survive the termination of the Binance US Purchase Agreement, appointment of a chapter 11 trustee or similar fiduciary, and dismissal or conversion of the chapter 11 cases; *provided, however*, that the obligation to pay or honor the Purchaser Expenses shall be subject to the terms and conditions of the Binance US Purchase Agreement. The Purchaser Expenses shall be entitled to administrative expense status under sections 503(b) and 507(a)(2) of the Bankruptcy Code.

10.    The Purchaser is obligated to satisfy the terms and conditions of the Binance US Purchase Agreement in its entirety, including Section 2.2 (Good Faith Deposit), Section 6.21

5

(Seller Expenses), and Section 8.3 (the Reverse Termination Fee).

11.     To the extent the automatic stay provisions of section 362 of the Bankruptcy Code would otherwise apply, such provisions are vacated and modified to the extent necessary to permit the parties to the Binance US Purchase Agreement to exercise their termination rights thereunder in accordance with its terms, and deliver any notice contemplated thereunder, in each case, without further order of the Court.

12.     The Debtors are authorized to rebalance their cryptocurrency portfolio subject to the terms of the Binance US Purchase Agreement.

13.     For the avoidance of doubt, notwithstanding anything to the contrary in this Order, this Order does not approve the Binance US Transaction or authorize the Debtors to consummate the Binance US Transaction.

14.     Nothing in this Order or the Binance US Purchase Agreement releases, impairs or otherwise precludes: (i) any liability to any governmental unit as defined in 11 U.S.C. § 101(27) ("Governmental Unit") that is not a "claim" within the meaning section 101(5) of the Bankruptcy Code; (ii) any claim of any Governmental Unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the date of the closing of the Sale; or (iii) any liability to a Governmental Unit on the part of any Person other than the Debtors.  Nor shall anything in this Order or Binance US Purchase Agreement enjoin or otherwise bar a Governmental Unit from asserting or enforcing any liability described in the preceding sentence.  Notwithstanding anything to the contrary, nothing in this paragraph 14 shall be construed as a determination as to any liability or claim owing to a Governmental Unit or whether any Governmental Unit is subject to the automatic stay under section 362 of the Bankruptcy Code or limits, lifts or otherwise modifies the automatic stay under section 362 of the Bankruptcy Code.

15.     Further, nothing in this Order or the Binance US Purchase Agreement authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law. Nothing in this Order or the Binance US Purchase Agreement shall relieve any entity from any otherwise applicable obligation to address or comply with information requests or inquiries from any Governmental Unit. Nothing in this Order or the Binance US Purchase Agreement shall affect any valid setoff or recoupment rights of any Governmental Unit.  Nothing in this Order or the Binance US Purchase Agreement divests any state tribunal of any otherwise applicable jurisdiction it may have under police or regulatory law.  Nothing in this Order or the Binance US Purchase Agreement shall be construed as a determination of whether the automatic stay applies to this paragraph 14 or limits, lifts or otherwise modifies the automatic stay under section 362 of the Bankruptcy Code.

16.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all

such liens.  Any payment made pursuant to this Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

17.    Notwithstanding anything to the contrary in this Order or the Binance US Purchase Agreement, no transitional use of Oracle America Inc.'s (including any of its predecessors-in-interest) (collectively, "Oracle")) licenses, products or services is authorized to any party by virtue of the Binance US Purchase Agreement approval herein, absent a further agreement between Oracle, Debtors and the Purchaser, or further order of Court specifically relating to transitional services.

18.    The Debtors shall maintain copies of their books and records as set forth in the Plan.  Nothing in this Order shall affect the obligations of the Debtors and/or any transferee or custodian to maintain all books and records that are subject to any governmental subpoena, document preservation letter, or other investigative request from a governmental agency.

19.    Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis is expressly reserved.

20.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

21.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

22.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

23.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

24.     The failure to specifically include any particular provision of the Binance US Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that entry into the Binance US Purchase Agreement be authorized and approved in its entirety.

25.     The Court shall retain exclusive jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the Binance US Purchase Agreement, all amendments thereto and any waivers and consents thereunder, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to interpretation, implementation, or enforcement of the Binance US Purchase Agreement, including, but not limited to, any matter, claim, or dispute arising from or relating to the Binance US Purchase Agreement, and any purported termination of the Binance US Purchase Agreement pursuant to paragraph 11 of this Order.

26.     To the extent that this Order is inconsistent with the Motion, the terms of this Order shall govern.

Dated: _____, 2022
New York, New York              _____
                                THE HONORABLE MICHAEL E WILES
                                UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit B</u>**

**Redline**

UNITED               STATES          BANKRUPTCY          COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER (I) AUTHORIZING ENTRY INTO THE
## BINANCE US PURCHASE AGREEMENT AND (II) GRANTING RELATED RELIEF

Upon the Motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of an order (this "<u>Order</u>"):  (i) authorizing entry into the Binance US Purchase Agreement and (ii) granting related relief; and the Debtors having determined, after an extensive marketing process, that BAM Trading Services Inc. d/b/a Binance.US ("<u>Binance US</u>" or the "<u>Purchaser</u>") has submitted the highest or otherwise best bid for the Acquired Assets; and the Debtors having selected Binance US as the Winning Bidder pursuant to the Bidding Procedures Order; and upon adequate and sufficient notice of the Motion, all as more fully set forth in the Motion; and upon the First Day Declaration and the Tichenor Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY FOUND AND DETERMINED THAT:

A.      The Debtors and the Purchaser negotiated the Binance US Purchase Agreement at arm's length and in good faith, without collusion, all within the meaning of section 363(m) of the Bankruptcy Code.

B.      The Purchaser Expenses, as set forth in the Binance US Purchase Agreement, are: (1) commensurate to the real and substantial benefits conferred upon the Debtors' estates by the Purchaser; (2) reasonable and appropriate in light of the size and nature of the proposed sale contemplated by the Binance US Purchase Agreement, the commitments that have been made by the Purchaser, and the efforts that have been and will be expended by the Purchaser; and (3) necessary to induce the Purchaser to continue to pursue such sale and continue to be bound by the Binance US Purchase Agreement.  The Purchaser Expenses are an essential inducement to, and condition of, the Purchaser's entry into, and continuing obligations under, the Binance US Purchase Agreement.  Unless it is assured that the Purchaser Expenses will be available, the

2

Purchaser is unwilling to be bound to the terms of the Binance US Purchase Agreement (including the obligation to maintain its committed offer in accordance with the terms of the Binance US Purchase Agreement while such offer is subject to higher or otherwise better bids as contemplated by the Bidding Procedures). The Purchaser has provided a material benefit to the Debtors and their creditors by providing a baseline value, thereby increasing the likelihood that the value of the Acquired Assets will be maximized through the Debtors' sale process.

C.    Accordingly, the Purchaser Expenses are (1) fair, reasonable and appropriate and designed to maximize value for the benefit of the Debtors' estates; and (2) an actual and necessary cost of preserving the Debtors' estates within the meanings of sections 503(b) and 507(a) of the Bankruptcy Code.

IT IS HEREBY ORDERED THAT:

## I.    Notice of the Motion.

1.    Notice of the Hearing, the Motion, and the Debtors' entry into the Binance US Purchase Agreement, was timely, proper, and reasonably calculated to provide interested parties with timely and proper notice thereof, and no other or further notice of the Motion and the Hearing is, or shall be, required. The requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice. A reasonable opportunity to object and be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

## II.    Highest or Otherwise Best Offer.

2.    The Debtors' pre- and postpetition marketing process with respect to the Acquired Assets afforded a full, fair, and reasonable opportunity for any person or entity to make a higher or otherwise better offer to purchase the Acquired Assets. The transactions contemplated by the

Binance US Purchase Agreement constitute the highest or otherwise best offer for the Acquired Assets, and the Debtors' determination that the terms of the Binance US Purchase Agreement constitute the highest or otherwise best offer for the Acquired Assets constitutes a valid and sound exercise of the Debtors' business judgment; *provided* that nothing in this Order shall limit or otherwise restrict in any way the Seller's rights and obligations under section 5.2 of the Binance US Purchase Agreement.  Entry of this Order, including approval of the Seller's entry into, and performance (for the limited purposes approved by this Order) under, the Binance US Purchase Agreement, is in the best interests of the Debtors, their estates, creditors, and all other parties in interest.

**III.    General Provisions.**

3.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to these chapter 11 cases pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

4.    All objections to the Motion to Authorize the Debtors to enter into the Binance US Purchase Agreement or the relief requested therein that have not been withdrawn, waived, or settled as announced to the Court at the Hearing or by stipulation filed with the Court, and all reservations of rights included in such objections or otherwiseregarding the Motion, are hereby denied and overruled on the merits with prejudice; provided that, notwithstanding anything in this Order or the Binance US Purchase Agreement, the rights of all parties to object to the Plan and the Disclosure Statement are expressly reserved and preserved.

5.    The Motion is granted as set forth herein.

6.      Voyager Digital, LLC, as seller under the Binance US Purchase Agreement, is authorized, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, to enter into the Binance US Purchase Agreement and perform its obligations under the Binance US Purchase Agreement other than those obligations to be performed at or after the consummation of the Sale, which obligations the Debtors will seek approval of in connection with confirmation of a chapter 11 plan.  The Seller and Purchaser are granted all rights and remedies provided to them under the Binance US Purchase Agreement.

7.      The Binance US Purchase Agreement shall be binding and specifically enforceable against the parties thereto in accordance with its terms, including, without limitation, Section 5.2 (the "No-Shop" provision) and, as applicable, those additional obligations set forth in Article V (Bankruptcy Court Matters) and Article VI (Covenants and Agreements) of the Binance US Purchase Agreement.

8.      The Debtors are authorized, but not directed, to enter into non-material amendments to the Binance US Purchase Agreement from time to time as necessary, subject to the terms and conditions set forth in the Binance US Purchase Agreement, and without further order of the Court.

9.      The Seller is authorized to satisfy the Purchaser Expenses pursuant to the terms and conditions set forth in the Binance US Purchase Agreement, and the Purchaser Expenses, as set forth in the Binance US Purchase Agreement, are approved in their entirety.  The Purchaser Expenses provisions in the Binance US Purchase Agreement and this Order shall be binding on the Seller, its successors and assigns, and shall survive the termination of the Binance US Purchase Agreement, appointment of a chapter 11 trustee or similar fiduciary, and dismissal or conversion of the chapter 11 cases; *provided, however*, that the obligation to pay or honor the Purchaser Expenses shall be subject to the terms and conditions of the Binance US Purchase Agreement.  The Purchaser Expenses shall be entitled to administrative expense status under sections 503(b) and 507(a)(2) of the Bankruptcy Code.

10.      The Purchaser is obligated to satisfy the terms and conditions of the Binance US Purchase Agreement in its entirety, including Section 2.2 (Good Faith Deposit), Section 6.21 (Seller Expenses), and Section 8.3 (the Reverse Termination Fee).

11.      To the extent the automatic stay provisions of section 362 of the Bankruptcy Code would otherwise apply, such provisions are vacated and modified to the extent necessary to permit the parties to the Binance US Purchase Agreement to exercise their termination rights thereunder in accordance with its terms, and deliver any notice contemplated thereunder, in each case, without further order of the Court.

12.      The Debtors are authorized to rebalance their cryptocurrency portfolio subject to the terms of the Binance US Purchase Agreement.

13.      For the avoidance of doubt, notwithstanding anything to the contrary in this Order, this Order does not approve the Binance US Transaction or authorize the Debtors to consummate the Binance US Transaction.

14.    Nothing in this Order or the Binance US Purchase Agreement releases, impairs or otherwise precludes: (i) any liability to any governmental unit as defined in 11 U.S.C. § 101(27) ("Governmental Unit") that is not a "claim" within the meaning section 101(5) of the Bankruptcy Code; (ii) any claim of any Governmental Unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the date of the closing of the Sale; or (iii) any liability to a Governmental Unit on the part of any Person other than the Debtors.  Nor shall anything in this Order or Binance US Purchase Agreement enjoin or otherwise bar a Governmental Unit from asserting or enforcing any liability described in the preceding sentence.  Notwithstanding anything to the contrary, nothing in this paragraph 14 shall be construed as a determination as to any liability or claim owing to a Governmental Unit or whether any Governmental Unit is subject to the automatic stay under section 362 of the Bankruptcy Code or limits, lifts or otherwise modifies the automatic stay under section 362 of the Bankruptcy Code.

15.    Further, nothing in this Order or the Binance US Purchase Agreement authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law. Nothing in this Order or the Binance US Purchase Agreement shall relieve any entity from any otherwise applicable obligation to address or comply with information requests or inquiries from any Governmental Unit. Nothing in this Order or the Binance US Purchase Agreement shall affect any valid setoff or recoupment rights of any Governmental Unit.  Nothing in this Order or the Binance US Purchase Agreement divests any state tribunal of any otherwise applicable jurisdiction it may have under police or regulatory law.  Nothing in this Order or the Binance US

Purchase Agreement shall be construed as a determination of whether the automatic stay applies to this paragraph 14 or limits, lifts or otherwise modifies the automatic stay under section 362 of the Bankruptcy Code.

16.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

17.     Notwithstanding anything to the contrary in this Order or the Binance US Purchase Agreement, no transitional use of Oracle America Inc.'s (including any of its predecessors-in-interest) (collectively, "Oracle")) licenses, products or services is authorized to any party by virtue of the Binance US Purchase Agreement approval herein, absent a further agreement between Oracle, Debtors and the Purchaser, or further order of Court specifically relating to transitional services.

18.    ~~17.~~ The Debtors shall maintain copies of their books and records as set forth in the Plan.  Nothing in this Order shall affect the obligations of the Debtors and/or any transferee or custodian to maintain all books and records that are subject to any governmental subpoena, document preservation letter, or other investigative request from a governmental agency.

19.    ~~18.~~ Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, nothing in the Motion, this Order, or announced at the Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis is expressly reserved.

20.    ~~19.~~ Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

21.    ~~20.~~ Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

22.    ~~21.~~ The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

23.    ~~22.~~ This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

24.    ~~23.~~ The failure to specifically include any particular provision of the Binance US Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that entry into the Binance US Purchase Agreement be authorized and approved in its entirety.

25.    24. The Court shall retain exclusive jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the Binance US Purchase Agreement, all amendments thereto and any waivers and consents thereunder, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to interpretation, implementation, or enforcement of the Binance US Purchase Agreement, including, but not limited to, any matter, claim, or dispute arising from or relating to the Binance US Purchase Agreement, and any purported termination of the Binance US Purchase Agreement pursuant to paragraph 11 of this Order.

26.    25. To the extent that this Order is inconsistent with the Motion, the terms of this Order shall govern.


Dated: _____, 2022
New York, New York                    _____
                                      THE HONORABLE MICHAEL E WILES
                                      UNITED STATES BANKRUPTCY JUDGE