UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER (I) SCHEDULING
A COMBINED DISCLOSURE STATEMENT
APPROVAL AND PLAN CONFIRMATION HEARING,
(II) CONDITIONALLY APPROVING THE ADEQUACY OF THE DEBTORS'
DISCLOSURE STATEMENT, (III) APPROVING (A) PROCEDURES FOR
SOLICITATION, (B) FORMS OF BALLOTS AND NOTICES, (C) PROCEDURES
FOR TABULATION OF VOTES AND (D) PROCEDURES FOR OBJECTIONS**

Upon the motion (the "Motion")[2] of the Debtors for entry of an order pursuant to sections 105, 363, 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3016, 3017, 3018, 3020, and 9006 and Local Rules 3017-1, 3018-1, and 3020-1 (i) conditionally approving the *Second Amended Disclosure Statement Relating to the Third Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement"); (ii) scheduling a combined Disclosure Statement approval and Plan confirmation hearing; and (iii) approving: (a) the Solicitation and Voting Procedures; (b) the Combined Hearing Notice; (c) the Non-Voting Status Notices; (d) the Ballots; (e) the manner and form of the Solicitation Packages and the materials contained therein; (f) the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital, Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion or the Disclosure Statement, as applicable.

Plan Supplement Notice; (g) the Assumption Notice and Rejection Notice; (h) the Voting Record Date; (i) the Plan and Disclosure Statement Objection Deadline; (j) the Solicitation Deadline; (k) the Publication Deadline; (l) the Plan Supplement Filing Deadline; (m) the Voting Deadline; (n) the deadline to file the Voting Report; (o) the Confirmation Brief Deadline and Plan Objection Reply Deadline; (p) the Combined Hearing Date; and (q) the dates and deadlines related thereto, all as more fully described in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as provided herein.

**I.      Conditional Approval of the Disclosure Statement.**

2. The Disclosure Statement is hereby conditionally approved as providing Holders of Claims entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code.

3. The Disclosure Statement (including all applicable exhibits thereto) provides Holders of Claims or Interests, and other parties-in-interest with sufficient notice of the injunction, exculpation, and release provisions contained in Article VIII of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

4. The Debtors' request for a Combined Hearing on the final approval of the Disclosure Statement and Confirmation of the Plan, and the Confirmation dates and deadlines provided herein are approved.

**II.     Approval of the Combined Hearing Notice.**

5. The Combined Hearing Notice, in the form attached hereto as **Exhibit 6** filed by the Debtors and served upon parties-in-interest in these chapter 11 cases by no later than the Solicitation Deadline, constitutes adequate and sufficient notice of the hearing to consider approval of the Disclosure Statement and confirmation of the Plan, the manner in which a copy of the Plan and Disclosure Statement can be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  Five business days following the entry of this Order, or as soon as practicable thereafter, the Debtors shall submit the Publication Notice for publication in *The New York Times* (National Edition) and the *Financial Times* (International Edition).

**III.    Approval of the Materials and Timeline for Soliciting Votes.**

   **A.    Approval of Key Dates and Deadlines with Respect to the Plan and Disclosure Statement.**

The following dates are hereby established (subject to modification as necessary) with respect to the solicitation of votes to accept or reject, and voting on, the Plan:

   a. ***Voting Record Date.*** **January 10, 2023**, as the date for determining (i) which Holders of Claims in the Voting Classes are entitled to vote to accept or reject the Plan and receive Solicitation Packages in connection therewith and (ii) whether Claims have been properly assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of the respective Claim (the "Voting Record Date");

   b. ***Solicitation Deadline.*** **January 25, 2023**, as the deadline for distributing Solicitation Packages, including Ballots, to Holders of Claims entitled to vote to accept or reject the Plan (the "Solicitation Deadline");

   c. ***Publication Deadline.*** **Five (5) business days after entry of the Order** as the last date by which the Debtors will submit the Combined Hearing Notice for publication in a format modified for publication (the "Publication Notice");

   d. ***Plan Supplement Filing Deadline.*** **February 15, 2023**, as the deadline by which the Debtors must file the Plan Supplement; *provided that* the Debtors must file the Schedule of Assumed Executory Contracts and Unexpired Leases and the Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases by **February 1, 2023** and the Schedule of Retained Causes of Action and the Customer Onboarding Protocol by **February 8, 2023** (each such date collectively, the "Plan Supplement Filing Deadline");

   e. ***Voting Deadline.*** **February 22, 2023, at 4:00 p.m.** prevailing Eastern Time as the deadline by which **all** Ballots must be properly executed, completed, and delivered so that they are **actually received** (the "Voting Deadline") by Stretto, Inc. (the "Claims, Noticing, and Solicitation Agent").

   **B.    Approval of the Form of, and Distribution of, Solicitation Packages to Parties Entitled to Vote on the Plan.**

   6.    The Solicitation Packages to be transmitted by the Solicitation Deadline to those Holders of Claims in the Voting Classes entitled to vote on the Plan as of the Voting Record Date,

4

shall include the following, the form of each of which is hereby approved (and with respect to the Disclosure Statement on a conditional basis only):

    a.    the Disclosure Statement (and exhibits thereto, including the Plan);

    b.    a copy of the Solicitation and Voting Procedures, attached hereto as **Exhibit 1**;

    c.    the applicable forms of Ballots, including the mechanisms for (i) opting in to the Third-Party Release contained in Article VIII.B of the Plan and (ii) electing to contribute Contributed Third-Party Claims, and which will include the detailed voting instructions and instructions on how to submit the Ballot, which are attached hereto as **Exhibit 3A**, **Exhibit 3B**, **Exhibit 3C**, and **Exhibit 3D**;

    d.    the Cover Letter, attached hereto as **Exhibit 4**;

    e.    the letter from the Committee, attached hereto as **Exhibit 5** (the "Committee Letter")

    f.    this Order (without exhibits);

    g.    the Combined Hearing Notice, attached hereto as **Exhibit 6**;

    h.    the Plan Supplement Notice, attached hereto as **Exhibit 7**;

    i.    the Notice of Rejection of Executory Contracts and Unexpired Leases, attached hereto as **Exhibit 8**;

    j.    the Notice of Assumption and Assignment of Executory Contracts and Unexpired Leases (Asset Purchase Agreement), attached hereto as **Exhibit 9**;

    k.    the Notice of Assumption of Executory Contracts and Unexpired Leases (Wind-Down Entity), attached hereto as **Exhibit 10**; and

    l.    such other materials as the Court may direct.

7.     The Solicitation Packages provide the Holders of Allowed Claims entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Local Rules.

8. The Debtors shall distribute Solicitation Packages to all Holders of Claims who are entitled to vote. The Debtors shall distribute the Disclosure Statement (including the Plan), and copies of the Committee Letter to all other creditors and interest holders as required by Rule 3017 of the Federal Rules of Bankruptcy Procedure; *provided* that the Disclosure Statement (including the Plan) and the Committee Letter need to be sent to creditors in unimpaired classes only to the extent such creditors are being asking to release claims against non-debtors, or to contribute claims to a trust, or both. The Debtors shall also send notices to various groups of creditors or interest holders in the forms attached to this Order and in the manner described in this Order.

9. The Debtors are authorized, but not directed or required, to cause the Solicitation Packages to be distributed through the Claims, Noticing, and Solicitation Agent by e-mail to those Holders of Claims in Class 3 and by first-class U.S. mail to those Holders of Claims in Class 4A, Class 4B, and Class 4C. The Debtors shall provide a copy of the Plan, the Disclosure Statement, and this Order (without exhibits) to Holders of Claims in Class 4A, Class 4B, and Class 4C in electronic format (CD-ROM or flash drive) and to Holders of Claims in Class 3 via e-mail. The Ballots, the Cover Letter, the letter from the Committee, the Solicitation and Voting Procedures, and the Combined Hearing Notice shall be provided by e-mail to Holders of Claims in Class 3 and in paper format to Holders of Claims in Class 4A, Class 4B, and Class 4C. On or before the Solicitation Deadline, the Debtors (through the Claims, Noticing, and Solicitation Agent) shall provide complete Solicitation Packages (other than Ballots) to the U.S. Trustee and to all parties on the 2002 List as of the Voting Record Date.

10. Any party that receives the materials in electronic format but would prefer to receive materials in paper format may contact the Claims, Noticing, and Solicitation Agent and

request paper copies of the corresponding materials previously received in electronic format (to be provided at the Debtors' expense).

11.     The Claims, Noticing, and Solicitation Agent is authorized to assist the Debtors in: (a) distributing the Solicitation Packages; (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims against the Debtors; (c) responding to inquiries from Holders of Claims or Interests and other parties-in-interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan; (d) soliciting votes on the Plan; and (e) if necessary, contacting stakeholders regarding the Plan.

C.      **Approval of Notice of Filing of the Plan Supplement.**

12.     The Debtors are authorized to send notice of the filing of the Plan Supplement substantially in the form attached hereto as **Exhibit 7** on the Plan Supplement Filing Deadline or as soon as reasonably practicable thereafter; *provided that* the Debtors shall file the Schedule of Assumed Executory Contracts and Unexpired Leases and the Schedule of Assumed and Assigned Executory Contracts and Unexpired Leases by February 1, 2023 and the Schedule of Retained Causes of Action and the Customer Onboarding Protocol by February 8, 2023.

D.      **Approval of the Form of Notices to Non-Voting Classes.**

13.     On or before the Solicitation Deadline, the Claims, Noticing, and Solicitation Agent shall mail (first-class postage pre-paid) a Non-Voting Status Notice, the form of each of which, including the mechanisms for (i) opting in to the Third-Party Release contained in Article VIII.B

of the Plan and (ii) electing to contribute Contributed Third-Party Claims, is hereby approved, to the parties outlined below, who are not entitled to vote on the Plan:

    a. ***Unimpaired Claims—Conclusively Presumed to Accept.*** Holders of Claims in Classes 1 and 2 are not impaired under the Plan and, therefore, are conclusively presumed to have accepted the Plan. Holders of such Claims will receive a notice, substantially in the form attached to this Order as **Exhibit 2A**, and to the extent they are being asked to release claims against third parties and/or to contribute claims to a trust they shall also receive materials described in paragraph 14.

    b. ***Other Interests and Claims—Deemed to Reject.*** Holders of Claims or Interests in Class 5 (Alameda Loan Facility Claims), Class 6 (Section 510(b) Claims) and Class 9 (Existing Equity Holders) may not be entitled to a distribution under the Plan and, therefore, are deemed to reject the Plan and will receive a notice, substantially in the form attached to this Order as **Exhibit 2B**, in addition to the materials specified in paragraph 14.

    c. ***Disputed Claims.*** Holders of Claims that are subject to a pending objection by the Debtors filed on or before the Solicitation Deadline are not entitled to vote the disputed portion of their claim. As such, Holders of such Claims will receive a notice, substantially in the form attached to this Order as **Exhibit 2C**, in additional to the materials specified in paragraph 14.

14. On or before the Solicitation Deadline, the Claims, Noticing, and Solicitation Agent shall also provide copies of the Disclosure Statement and the Committee Letter (or a link to download such materials, as applicable) by electronic mail to Holders of Claims or Interests in Class 5 (Alameda Loan Facility Claims), Class 6 (Section 510(b) Claims), Class 9 (Existing Equity Holders), and Holders of Claims that are subject to a pending objection by the Debtors filed on or before the Solicitation Deadline.

15. The Debtors are not required to mail Solicitation Packages or other solicitation materials to Holders of Claims that have already been paid in full during these chapter 11 cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court unless such Holders are being asked to provide releases in favor of non-Debtor parties and/or are being asked to contribute claims to a trust. In addition, the

8

Debtors are not required to mail Solicitation Packages or other solicitation materials to any party to whom the Combined Hearing Notice was sent but was subsequently returned as undeliverable if, despite reasonable efforts, the Debtors are unable to locate current addresses for such parties.

16. The Debtors will not provide the Holders of Class 7 Intercompany Claims or Class 8 Intercompany Interests with a Solicitation Package or any other type of notice in connection with solicitation.

### E. Approval of Notices to Contract and Lease Counterparties.

17. The Debtors are authorized to mail a notice of rejection or assumption of any Executory Contracts or Unexpired Leases, in the forms attached hereto as **Exhibit 8**, **Exhibit 9**, and **Exhibit 10**, respectively, to the applicable counterparties to Executory Contracts and Unexpired Leases that will be rejected or assumed pursuant to the Plan, respectively, within the time periods specified in the Plan.

## IV. Approval of the Solicitation and Voting Procedures.

18. The Debtors are authorized to solicit, receive, and tabulate votes to accept the Plan in accordance with the Solicitation and Voting Procedures attached hereto as **Exhibit 1**, which are hereby approved in their entirety. The Debtors are authorized to convert each Claim asserted in currency other than U.S. dollars (other than Cryptocurrency) to the equivalent U.S. dollar value using the conversion rate for the applicable currency at prevailing market prices as of 8:00 a.m. (prevailing Eastern Time) on the Petition Date, and to convert each Claim in Cryptocurrency using the fair market value of the Cryptocurrency (based in U.S. Dollars) as of July 5, 2022 at 00:00 UTC, *provided* that such conversion shall be for voting tabulation purposes only and shall not be binding for any other purpose on the Debtors, including, without limitation, for purposes of the allowance of, and distribution with respect to, Claims under the Plan as set forth in Section 4(iii)(a) and (b) of the Solicitation and Voting Procedures.

9

**V.      Approval of Procedures for Confirming the Plan.**

**A.      Approval of the Timeline for Filing Objections to the Plan and Disclosure Statement.**

19.     The following dates are hereby established (subject to modification as needed) with respect to filing objections to the Plan and confirming the Plan:

a.  ***Cure Notice Deadline.*** **February 1, 2023** as the deadline by which the Debtors must serve each assumption notice to the applicable counterparty to Executory Contracts and Unexpired Leases;

b.  ***Cure Objection Deadline.*** **February 22, 2023, at 4:00 p.m.** prevailing Eastern Time as the deadline by which objections to the proposed cure costs and objections to the assumption and/or assignment of Executory Contracts and Unexpired Leases must be filed with the Court and served so as to be **actually received** by the appropriate notice parties (the "Cure Objection Deadline");

c.  ***Plan and Disclosure Statement Objection Deadline.*** **February 22, 2023, at 4:00 p.m.** prevailing Eastern Time as the deadline by which objections to the Plan and Disclosure Statement must be filed with the Court and served so as to be **actually received** by the appropriate notice parties (the "Plan and Disclosure Statement Objection Deadline");

d.  ***Deadline to File Voting Report.*** **February 28, 2023, at 4:00 p.m.**, prevailing Eastern Time, as the date by which the report tabulating the voting on the Plan (the "Voting Report") shall be filed with the Court;

e.  ***Confirmation Brief Deadline and Plan Objection Reply Deadline.*** **February 28, 2023, at 4:00 p.m.** prevailing Eastern Time as the deadline by which the Debtors shall file their brief in support of the adequacy of the Disclosure Statement and Confirmation of the Plan (the "Confirmation Brief Deadline") and deadline by which replies to objections to the Disclosure Statement and Plan must be filed with the Court (the "Plan Objection Reply Deadline"); and

f.  ***Combined Hearing Date.*** **March 2, 2023**, or as soon thereafter as the Debtors may be heard, as the date for the hearing at which the Court will consider approval of the Disclosure Statement and Confirmation of the Plan (the "Combined Hearing Date").

10

    **B.**    **Approval of the Procedures for Filing Objections to the Adequacy of the Disclosure Statement or Confirmation of the Plan.**

20.    Objections to the final approval of the Disclosure Statement or confirmation of the Plan will not be considered by the Court unless such objections are timely filed and properly served in accordance with this Order and the Case Management Order. Specifically, all objections to final approval of the Disclosure Statement or confirmation of the Plan or requests for modifications to the Plan, if any, **must**: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court and served upon the notice parties so as to be **actually received** on or before the **February 22, 2023, at 4:00 p.m.** prevailing Eastern Time by each of the notice parties identified in the Combined Hearing Notice.

    **C.**    **Approval of the Procedures for Filing Objections to Proposed Cure Costs or to the Assumption or Assignment of Executory Contracts and Unexpired Leases.**

21.    Objections to proposed cure costs in connection with an assumption notice, or to the assumption or assignment of Executory Contracts and Unexpired Leases, will not be considered by the Court unless such objections are timely filed and properly served in accordance with this Order and the Case Management Order. Specifically, all such objections **must**: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court and served upon the notice parties so as to be **actually received** on or before the **February 22, 2023, at 4:00**

11

**p.m.** prevailing Eastern Time by each of the notice parties identified in the Combined Hearing Notice.

22. Notwithstanding the foregoing provisions, if (pursuant to the Binance US Purchase Agreement) any party receives a Notice of Assumption and Assignment of Executory Contracts and Unexpired Leases after February 1, 2023, such party shall have 21 days from the mailing of such notice to object to any proposed cure and to object to any proposed assumption or assignment of such Executory Contract or Unexpired Lease, and the confirmation of the Plan and the approval and effectuation of the Binance.US Transaction shall not be contingent upon or affected by the resolution of such objections.

### D. Approval of Consequences of Not Confirming or Consummating the Plan.

23. If the Debtors revoke or withdraw the Plan, or if Confirmation or the Effective Date does not occur, then: (1) the Plan will be null and void in all respects; (2) any settlement or compromise not previously approved by Final Order of the Court embodied in the Plan (including the fixing or limiting to an amount certain of the Claims or Interests or Classes of Claims or Interests), assumption or rejection of Executory Contracts or Unexpired Leases effectuated by the Plan, and any document or agreement executed pursuant to the Plan will be null and void in all respects; and (3) nothing contained in the Plan shall (a) constitute a waiver or release of any Claims, Interests, or Causes of Action by any Entity, (b) prejudice in any manner the rights of any Debtor or any other Entity, or (c) constitute an admission, acknowledgement, offer, or undertaking of any sort by any Debtor or any other Entity.

## VI. No Effect on Governmental Regulatory Authority

24. Nothing in this Order or the order approving entry into the Binance US APA releases, precludes, or enjoins: (i) any liability to any governmental unit as defined in 11 U.S.C. § 101(27) ("Governmental Unit") that is not a "claim" within the meaning section 101(5) of the

Bankruptcy Code; (ii) any liability to a Governmental Unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the date of the closing of the Binance US Transaction; or (iii) any liability to a Governmental Unit on the part of any Person other than the Debtors. Nor shall anything in this Order or the order approving entry into the Binance US APA enjoin or otherwise bar a Governmental Unit from asserting or enforcing any liability described in the preceding sentence. Notwithstanding anything to the contrary, nothing in this paragraph 21 shall be construed as a determination as to any liability or claim owing to a Governmental Unit or whether any Governmental Unit is subject to the automatic stay under section 362 of the Bankruptcy Code or limits, lifts or otherwise modifies the automatic stay under section 362 of the Bankruptcy Code.

25. Further, nothing in this Order or the order approving entry into the Binance US APA authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law. Nothing in this Order or the order approving entry into the Binance US APA shall relieve any entity from any otherwise applicable obligation to address or comply with information requests or inquiries from any Governmental Unit. Nothing in this Order or the order approving entry into the Binance US APA shall affect any valid setoff or recoupment rights of any Governmental Unit. Nothing in this Order or the order approving entry into the Binance US APA divests any tribunal of any otherwise applicable jurisdiction it may have under police or regulatory law. Nothing in this order or the order approving entry into the Binance US APA shall be construed as a determination of whether the automatic stay applies to this paragraph 22 or limits, lifts or otherwise modifies the automatic stay under section 362 of the Bankruptcy Code.

**VII.    Miscellaneous.**

26.    The Debtors reserve the right to modify the Plan in accordance with Article X thereof, including the right to withdraw the Plan as to any or all Debtors at any time before the Confirmation Date.

27.    Nothing in this Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a proof of claim after the Voting Record Date.

28.    Notwithstanding anything to the contrary in the Disclosure Statement, the Plan, this Order, or any findings announced at the Combined Hearing, nothing in the Disclosure Statement, the Plan, this Order, or announced at the Combined Hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the right of the United States Securities and Exchange Commission to challenge transactions involving crypto tokens on any basis is expressly reserved.

29.    The Debtors shall maintain copies of their books and records as set forth in the Plan. Nothing in this Order shall affect the obligations of the Debtors and/or any transferee or custodian to maintain all books and records that are subject to any governmental subpoena, document preservation letter, or other investigative request from a governmental agency.

30.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

31.    Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

32.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

33. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated: New York, New York
      January 13, 2023

                    /s/ **Michael E. Wiles**
                    THE HONORABLE MICHAEL E. WILES
                    UNITED STATES BANKRUPTCY JUDGE