Jonathan D. Canfield
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000

Matthew M. Murphy
Michael C. Whalen
PAUL HASTINGS LLP
71 S. Wacker Drive
Forty-Fifth Floor
Chicago, Illinois 60606
Telephone: (312) 499-6000

Memorandum Endorsement
The motion is denied, without prejudice to renewal.  As filed, the motion fails to establish that any parts of the agreements are entitled to confidential treatment under the governing standards, let alone that the agreements should be sealed in their entirety.          MEW 01/20/2023

*Proposed Special Regulatory and Conflicts Counsel*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | Case No. 22-10943 (MEW) |
| Debtors. | (Jointly Administered) |

### *EX PARTE* MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO REDACT AND FILE UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION RELATED TO DEBTORS' OBJECTION TO MOTION OF CELSIUS NETWORK LLC FOR ORDER (I) LIFTING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. 362(D)(1) AND BANKRUPTCY RULE 4001 AND (II) GRANTING LEAVE TO FILE LATE PROOF OF CLAIM PURSUANT TO BANKRUPTCY RULES 3003(C) AND 9006(B)(1)

The above-captioned debtors and debtors in possession (the "Debtors") state the following in support of this motion (this "Motion"):

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

**RELIEF REQUESTED**

1. The Debtors seek entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), authorizing the Debtors to (a) file under seal (i) the Omnibus Wallet Services Agreement entered into as of June 12, 2020 between the Debtors and an affiliate of Celsius Network LLC ("Celsius"); and (ii) the amended Wallet Agreement (together, the "Wallet Agreements") entered into as of August 19, 2021 between the Debtors and certain Celsius affiliates; and (b) provide unredacted versions of the Wallet Agreements to (i) the United States Bankruptcy Court for the Southern District of New York, (ii) the United States Trustee for the Southern District of New York, (iii) Akin Gump Strauss Hauer & Feld LLP as counsel to Celsius, and (iv) McDermott Will & Emery LLP as counsel to the official committee of unsecured creditors appointed in the Debtors' chapter 11 cases (collectively, the "Receiving Parties" and in each case of the foregoing parties listed in (i) through (iv), on a confidential and professionals' eyes only basis).

**JURISDICTION AND VENUE**

2. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012. The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a), 107(b), and 107(c) of title 11 of the United States Code (the "Bankruptcy Code"), rule 9018 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 9013-1, 9018-1, and 9037-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

5. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 18]. On July 19, 2022, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") [Docket No. 102]. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

## BACKGROUND

5. On July 5, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the Declaration of Stephen Ehrlich, Chief Executive Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions [Docket No. 15] (the "First Day Declaration"), incorporated by reference herein.

6. On December 22, 2022, Celsius filed the *Motion of Celsius Network LLC for Order (I) Lifting the Automatic Stay Pursuant to 11 U.S.C. 362(d)(1) and Bankruptcy Rule 4001 and (II) Granting Leave to File Late Proof of Claim Pursuant to Bankruptcy Rules 3003(c) and 9006(b)(1)* [Docket No. 778] ("Relief Motion"), which seeks authorization to (i) file a late proof of claim in the Debtors' chapter 11 cases and (ii) lift the automatic stay. The Relief Motion is predicated on legal theories of Celsius, put forward in its own chapter 11 cases, regarding the ownership of certain cryptocurrency assets placed on its platform by investors. Such investors included the Debtors. The Debtors placement of assets on Celsius's platforms were governed by the Wallet Agreements. The Wallet Agreements contain commercially sensitive information related to the

Debtors' relationship with Celsius, aspects of which are subject to potential future claims by Celsius in private arbitration. Further, the Wallet Agreements have not been publicly disclosed. Due to the non-public and sensitive nature of the Wallet Agreements, the Debtors respectfully submit that the Court should restrict access to the Wallet Agreements and any subsequent filings or notices containing information related thereto pursuant to section 107 of the Bankruptcy Code.

7. The Debtors have attached the Wallet Agreements as exhibits to their objection to the Relief Motion.

8. Unredacted versions of the Wallet Agreements will be provided to the Court Clerk's office in accordance with Local Rule 9037-1(c).

**BASIS FOR RELIEF**

I. **Redacting the Wallet Agreements is Warranted Under Section 107(b) of the Bankruptcy Code.**

9. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with authority to issue orders that will protect entities from the potential harm that may result from the disclosure of certain confidential information. This section provides, in relevant part:

(b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may:

(1) protect an entity with respect to a trade secret or confidential research, development, or *commercial information*; or

(2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b) (emphasis added).

10. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code. Specifically, Bankruptcy Rule 9018 provides, in relevant part, that, upon motion, "the court may make any order which justice requires . . . to

protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

11. If the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original). Stated differently, section 107(b) of the Bankruptcy Code does not require a party seeking its protections to demonstrate "good cause." *Orion Pictures*, 21 F.3d at 28. "Courts have supervisory power over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *See In re Glob. Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003). Confidential commercial information "has been defined as information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Faucett*, 438 B.R. 564, 567–68 (Bankr. W.D. Tex. 2010) (quoting *Orion Pictures Corp.*, 21 F.3d at 27). Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code.[2] Courts have

---

[2] *See In re Northstar Energy, Inc.*, 315 B.R. 425, 429 (Bankr. E.D. Tex. 2004) ("A bankruptcy court is required to seal 'documentary information filed in court that does not rise to the level of a trade secret but that is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors.'"); *see also Orion Pictures*, 21 F.3d at 27–28 (holding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party must show only that the information it wishes to seal is "confidential" and "commercial" in nature).

also held that the resulting sealing order should be broad (i.e., "any order which justice requires"). *See, e.g.*, *In re Glob. Crossing, Ltd.*, 295 B.R. at 724 (citing Bankruptcy Rule 9018).

12.   The Debtors submit that the Wallet Agreements attached to the Debtors' objection to the Relief Motion constitutes confidential commercial information that may be protected under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018. The Wallet Agreements reflect sensitive information that is the product of negotiations between the Debtors and Celsius, and contains sensitive information regarding the Debtors' investments and the operation of Celsius's platforms.

13.   Additionally, disclosure of the terms of the Wallet Agreements would provide the general public with access to commercially sensitive information regarding the Debtors' investment terms and commercial agreements.

14.   The Debtors have narrowly tailored the request set forth in this Motion to protect only the kind of commercially sensitive information that is entitled to be protected under section 107 of the Bankruptcy Code, as the Debtors do not redact any portion of their objection to the Relief Motion. As a result, the Debtors believe that authorizing the Wallet Agreements to be filed under seal is the best method to ensure transparency with respect to information disclosure while still preventing the negative implications of public disclosure.

## **NOTICE**

15.   The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the U.S. Trustee; (b) the Committee; (c) the lender under the Debtors' prepetition loan facility; (d) the United States Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service; (f) the Toronto Stock Exchange; (g) the attorneys general in the states where the Debtors conduct their business operations; and (h) any party that

has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

**PAUL HASTINGS LLP**

Dated: January 17, 2023
New York, New York

/s/ Jonathan D. Canfield
Jonathan D. Canfield
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Email: joncanfield@paulhastings.com

-and-

Matthew M. Murphy (*pro hac vice* admission pending)
Michael C. Whalen (*pro hac vice* admission pending)
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone: (312) 499-6000
Email: mattmurphy@paulhastings.com
michaelcwhalen@paulhastings.com

*Proposed Special Regulatory and Conflicts Counsel*