Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**CERTIFICATE OF NO OBJECTION REGARDING**
**APPLICATION OF DEBTOR VOYAGER DIGITAL LTD. FOR ENTRY**
**OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF**
**KATTEN MUCHIN ROSENMAN LLP AS SPECIAL COUNSEL FOR DEBTOR**
**VOYAGER DIGITAL LTD., ON BEHALF OF AND AT THE SOLE DIRECTION**
**OF THE INDEPENDENT DIRECTOR, EFFECTIVE AS OF NOVEMBER 11, 2022**

Pursuant to 28 U.S.C. § 1746, rule 9075-2 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and in accordance with this Court's case management procedures set forth in the *Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 240] (the "Case Management Order"), the undersigned counsel for the above-captioned debtors and debtors in possession (the "Debtors") hereby certifies as follows:

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

1.      On December 14, 2022, the Debtors filed the *Application of Debtor Voyager Digital Ltd. for Entry of an Order Authorizing the Retention and Employment of Katten Muchin Rosenman LLP as Special Counsel for Debtor Voyager Digital Ltd., on Behalf of and at the Sole Direction of the Independent Director, Effective as of November 11, 2022* [Docket No. 732] (the "Application").

2.      In accordance with the Case Management Order, responses or objections to the Application and the relief requested therein were due no later than January 17, 2022, at 4:00 p.m., prevailing Eastern Time (the "Objection Deadline").  Local Rule 9075-2 provides that the application may be granted without a hearing if (a) no objections or other responsive pleadings have been filed on or before the applicable objection deadline and (b) the attorney for the entity that filed the application complies with such rule.

3.      As of the filing of this certificate of no objection, more than forty-eight hours have elapsed since the Objection Deadline and, to the best of my knowledge, no responsive pleading to the Application has been (a) filed with the Court on the docket of the above-captioned chapter 11 cases or (b) served on the Debtors or their counsel.

4.      Accordingly, the Debtors respectfully request entry of the proposed order attached hereto as **Exhibit A** (the "Proposed Order") at the Court's earliest convenience.

[*Remainder of page intentionally left blank.*]

Dated: January 20, 2023      */s/ Joshua A. Sussberg*
New York, New York           **KIRKLAND & ELLIS LLP**
                             **KIRKLAND & ELLIS INTERNATIONAL LLP**
                             Joshua A. Sussberg, P.C.
                             Christopher Marcus, P.C.
                             Christine A. Okike, P.C.
                             Allyson B. Smith (admitted *pro hac vice*)
                             601 Lexington Avenue
                             New York, New York 10022
                             Telephone:   (212) 446-4800
                             Facsimile:   (212) 446-4900
                             Email:       jsussberg@kirkland.com
                                          cmarcus@kirkland.com
                                          christine.okike@kirkland.com
                                          allyson.smith@kirkland.com

                             *Counsel to the Debtors and Debtors in Possession*

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF KATTEN MUCHIN ROSENMAN LLP AS SPECIAL COUNSEL FOR DEBTOR VOYAGER DIGITAL LTD., ON BEHALF OF AND AT THE SOLE DIRECTION OF THE INDEPENDENT DIRECTOR, EFFECTIVE AS OF NOVEMBER 11, 2022**

Upon the application (the "Application")[2] of Voyager Digital Ltd., one of the above-captioned debtors and debtors in possession ("TopCo") for the entry of an order (this "Order") authorizing TopCo to retain and employ Katten Muchin Rosenman LLP ("Katten") as special counsel for TopCo, on behalf of and at the sole direction of Matthew D. Ray (the "Independent Director"), pursuant to sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"); and the Court having reviewed the Application, the Declaration of Steven J. Reisman, a partner of Katten (the "Reisman Declaration"), and the declaration of Matthew D. Ray, Independent Director for Voyager Digital Ltd. (the "Ray Declaration" and, together with the Reisman Declaration, the "Declarations"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital, Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

*Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of TopCo's estate, its creditors, and other parties in interest; and this Court having found that TopCo's notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.    The Application is granted as set forth herein.

2.    TopCo is authorized pursuant to 327(a) and 328 of the Bankruptcy Code to retain and employ Katten as of November 11, 2022 as special counsel, on behalf of and at the sole direction of the Independent Director, in accordance with the terms and conditions set forth in the Application and in the Engagement Letter attached hereto as **Exhibit 1**.

3.    Katten shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with TopCo's chapter 11 case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.

4.    Notwithstanding anything to the contrary in the Application, the Engagement Letter, or the Declarations attached to the Application, the reimbursement provisions allowing the reimbursement of fees and expenses incurred in connection with participating in, preparing for, or responding to any action, claim, suit, or proceeding brought by or against any party that relates to the legal services provided under the Engagement Letter and fees for defending any objection to Katten's fee applications under the Bankruptcy Code are not approved pending further order of the Court.

5.    Katten shall not charge a markup to TopCo with respect to fees billed by contract attorneys who are hired by Katten to provide services to TopCo and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

6.    Katten shall provide ten-business-days' notice to TopCo, the U.S. Trustee, and the Committee before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court.  The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

7.    TopCo and Katten are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

8.    Katten shall use its reasonable best efforts to avoid any duplication of services provided by any of Debtors' other retained professionals in these chapter 11 cases.

3

9.      Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

10.      To the extent the Application, the Reisman Declaration, the Ray Declaration, or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

11.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2023

_____
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE