Hearing Date: January 24, 2023
Hearing Time: 11:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

In re                                                          Chapter 11

VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1]    Case No. 22-10943 (MEW)

                                                               Jointly Administered
            Debtors.

-----------------------------------------------------------------x

# LIMITED OBJECTION TO CASH MANAGEMENT

TO:   **THE HONORABLE MICHAEL E. WILES,**
      **UNITED STATES BANKRUPTCY JUDGE:**

William K. Harrington, the United States Trustee for Region 2 (the "**United States Trustee**"), hereby submits this Limited Objection (the "**Objection**") regarding cash management and the application of section 345 of the Bankruptcy Code.  See ECF Doc. Nos. 10.  In support thereof, the United States Trustee respectfully states as follows:

   A.    **Section 345 is Designed to Protect Assets of the Bankruptcy Estate**

   1.    Section § 345(b) of the Code provides as follows:

(b) Except with respect to a deposit or investment that is insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States or backed by the full faith and credit of the United States, the trustee shall require from an entity with which such money is deposited or invested--
(1) a bond--
        (A) in favor of the United States;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (N/A); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

> (B) secured by the undertaking of a corporate surety approved by the United States trustee for the district in which the case is pending; and generally, unless the funds are insured, guaranteed, or backed by the full faith and credit of the United States Government or its agencies, the institution holding the estate funds must post a bond in favor of the United States or, in the alternative, deposit securities pursuant to 31 U.S.C. § 9303 as security.
>
> (C) conditioned on--
>   (i) a proper accounting for all money so deposited or invested and for any return on such money;
>   (ii) prompt repayment of such money and return; and
>   (iii) faithful performance of duties as a depository; or
> (2) the deposit of securities of the kind specified in section 9303 of title 31; unless the court for cause orders otherwise.

11 U.S.C. § 345(b). Generally, unless the funds are insured, guaranteed, or backed by the full faith and credit of the United States Government or its agencies, the institution holding the estate funds must post a bond in favor of the United States or, in the alternative, deposit securities pursuant to 31 U.S.C. § 9303 as security.

2. This Court has recognized that

> [t]he legislative purpose behind the enactment of section 345(b) was to ensure "that the funds of a bankrupt that are obligated to creditors are invested prudently and safely with the eventual goal of being able to satisfy all claims against the bankrupt estate," while also giving bankruptcy courts the flexibility to modify such requirement for "just cause" where strict compliance might "work to needlessly handcuff larger, more sophisticated debtors."

*In re Ditech Holding Corp.*, 605 B.R. 10, 22 (Bankr. S.D.N.Y. 2019) (citing H.R. Rep. 103-835, 103rd Cong., 2d Sess. 210 (Oct. 4, 1994)); *see also* 3 Collier on Bankruptcy ¶ 345.03 (16th 2022) ("Section 345(a) provides for the deposit or investment of the money of the bankruptcy estate in a manner that will yield the greatest reasonable return while considering the safety of such deposit or investment.").

3. The most common way that debtors comply with Section 345(b) is to have their accounts at banks(a) insured by the Federal Deposit Insurance Corporation (FDIC), which protects funds up to $250,000, and (b) which have signed Uniform Depository Agreement("UDA")with the

United States Trustee's office, which requires the signatory bank to post a bond to protect all of the debtor's funds at a bank insured by the FDIC, regardless of amount. With the enactment of the Bankruptcy Code in 1978 and the creation of the United States Trustee Program, many of the Bankruptcy Court's duties to oversee the investment of estate funds devolved to the United States Trustee. *See In re Columbia Gas Systems Inc*., 33 F.3d 294, 297-98 (3d Cir. 1994). For example, Section 345(b)(1)(B) provides that the United States Trustee must approve of corporate sureties used under that section. *Id*. at 297. Accordingly, to ensure that trustees and debtors in possession meet their responsibilities to safeguard funds in accordance with section 345, the United States Trustee monitors fiduciaries and depositories and requires that chapter 11 estate assets be held in accounts at "authorized depositories," *i.e.*, those that have entered into UDA with the United States Trustee. *See* United States Trustee Program Policy and Practices Manual, Volume 7, "Banking and Bonding," ("Manual"), § 7-1.1, pp. 1-2, at https://www.justice.gov/ust/file/volume_7_banking_and_bonding.pdf/download.

4.	The UDA requires the depository to maintain collateral, unless an order of the bankruptcy court provides otherwise, in an amount of no less than 115 percent of the aggregate bankruptcy funds on deposit in each bankruptcy estate that exceeds the FDIC insurance limit. Pursuant to the UDA, each authorized depository is required to provide quarterly reports for all bankruptcy estate accounts on deposit at all branches of the depository within the district. *See* Manual, § 7- 1.3.2, p. 6. *See* Manual, § 7-1.2.1, p. 2. The Manual also states that, should a chapter 11 debtor, trustee, or examiner establish accounts in financial institutions or depositories outside the United States, it is required to seek prior approval of the United States Trustee or the bankruptcy court. *See* Manual, § 7-1.2.3, pp. 4-5.

5. This Court may exercise its discretion to waive the requirements under 11 U.S.C. § 345(b), but only "for cause." *See, e.g.*, *In re Serv. Merch. Co.*, 240 B.R. 894, 896 (Bankr. M.D. Tenn. 1999) (finding "cause" exists for waiver of investment, deposit, and reporting requirement where debtor is large, sophisticated entity with complex cash management system); *see also Ditech Holding*, 605 B.R. at 17-18.

B. **Cryptocurrency Held by the Debtors-in-Possession Must Be Kept Secure**

6. This case presents an issue regarding the requirements of section 345 and its application to cryptocurrency and other digital assets. Traditionally, section 345 concerns "the deposit or investment of the money of the estate." 11 U.S.C. § 345(a). However, the Bankruptcy Code does not define the term "money." *See* 11 U.S.C. § 101.[2] Similarly, bankruptcy courts or other courts have had limited opportunity to determine whether cryptocurrency is money.

7. In contrast to fiat currency, cryptocurrencies are not controlled by a central authority (*e.g.*, a central bank) and are not FDIC-insured or held on deposit in accounts at traditional banks that have executed a uniform depository agreement with the United States Trustee.

8. Regardless of whether cryptocurrency is characterized as digital money or property, it has value, and the issue is what should be done to protect the Debtors', and by extension its

---

[2] Legislative bodies have interpreted "money" in a variety of other contexts but have not made a probative determination regarding cryptocurrency. *See, e.g.,* UCC ¶1-201(b)(24) (stating "'Money' means a medium of exchange currently authorized or adopted by a domestic or foreign government … [including] a monetary unit of account established by an intergovernmental organization or by agreement between two or more countries."); *see also* 31C.F.R.§1010.100(m) ("The coin and paper money of the United States or of any other country that is designated as legal tender and that circulates and is customarily used and accepted as a medium of exchange in the country of issuance.");*see also* I.R.S., Notice 2014-21,at 1-2 (2014), available at http://www.irs.gov/pub/irs-drop/n-14-21.pdf (stating that virtual currencies are considered property for income tax purposes).

creditors', risk with respect to the handling of the same under the circumstances. *See, generally*, 3 Collier on Bankruptcy ¶ 345.02 (16th Ed. 2022) ("safeguarding cash is important in every case, particularly when the debtor is a business of any sort"). Although there is no need to reach the issue as to whether cryptocurrency is money, as an asset of the debtors, it must be kept safe.

9. The United States Trustee leaves the Debtors to their burden to demonstrate that the requirements of 11 U.S.C. § 345, as applicable, are satisfied.[3]

**WHEREFORE,** the United States Trustee respectfully requests that the Court sustain the foregoing Limited Objection and grant such other and further relief as the Court may deem just and proper.

Dated: New York, New York
January 20, 2023

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, Region 2

By: */s/ Richard C. Morrissey*
Trial Attorney
Office of the United States Trustee – NY Office
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, NY 10004-1408
Tel. (212) 510-0500

---

[3] The United States Trustee is still in discussions with the Debtors and the Official Committee of Unsecured Creditors regarding certain issues with respect to section 345 of the Bankruptcy Code. Depending on the outcome of those discussions, the United States Trustee reserves his right to supplement this Limited Objection.