Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | Case No. 22-10943 (MEW) |
| Debtors. | (Jointly Administered) |

**AGENDA FOR HEARING TO BE HELD**
**JANUARY 24, 2023, AT 11:00 A.M. (PREVAILING EASTERN TIME)**

| | |
|---|---|
| Time and Date of Hearing: | January 24, 2023, at 11:00 a.m. (prevailing Eastern Time) |
| Location of Hearing: | The Honorable Judge Michael E. Wiles<br>United States Bankruptcy Court for the Southern District of New York<br>Alexander Hamilton Custom House<br>One Bowling Green, Courtroom 617<br>New York, New York 10004 |
| Hearing Attendance Instructions: | In accordance with General Order M-543 ("General Order M-543"), dated March 20, 2020, the Hearing will only be conducted telephonically. Any parties wishing to participate in the Hearing must make arrangements through CourtSolutions LLC. Instructions to register for CourtSolutions LLC are attached to General Order M-543. |
| Copies of Motions: | A copy of each pleading may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/Voyager. You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

fees set forth therein.

## I. Matters Going Forward

1. ***Lift Automatic Stay Motion.*** Motion of Celsius Network LLC for Order (I) Lifting the Automatic Stay Pursuant to 11 U.S.C. 362(D)(1) and Bankruptcy Rule 4001 and (II) Granting Leave to File Late Proof of Claim Pursuant to Bankruptcy Rules 3003(C) and 9006(B)(1) [Docket No. 727].

    Objection Deadline: January 17, 2023, at 4:00 p.m. (prevailing Eastern Time).

    Responses Received:

    A. Objection of the Official Committee of Unsecured Creditors to Celsius Network LLC's Motion Seeking an Order (I) Lifting the Automatic Stay Pursuant to 11 U.S.C. § 362(D)(1) and Bankruptcy Rule 4001 and (II) Granting Leave to File Late Proof of Claim Pursuant to Bankruptcy Rules 3003(C) and 9006(B)(1) [Docket No. 866].

    B. Debtors' Objection to Motion of Celsius Network LLC for Order (I) Lifting the Automatic Stay Pursuant to 11 U.S.C. 362(D)(1) and Bankruptcy Rule 4001 and (II) Granting Leave to File Late Proof of Claim Pursuant to Bankruptcy Rules 3003(C) and 9006(B)(1) [Docket No. 867].

    Related Documents:

    C. Notice of Celsius Network LLC's Motion for Order (I) Lifting the Automatic Stay Pursuant to 11 U.S.C. 362(D)(1) and Bankruptcy Rule 4001 and (II) Granting Leave to File Late Proof of Claim Pursuant to Bankruptcy Rules 3003(C) and 9006(B)(1) [Docket No. 726].

    D. Declaration of Holden Bixler in Support of Motion of Celsius Network LLC for Order (I) Lifting the Automatic Stay Pursuant to 11 U.S.C. 362(D)(1) and Bankruptcy Rule 4001 and (II) Granting Leave to File Late Proof of Claim Pursuant to Bankruptcy Rules 3003(C) and 9006(B)(1) [Docket No. 728].

    E. Declaration of Christopher Ferraro in Support of Motion of Celsius Network LLC for Order (I) Lifting the Automatic Stay Pursuant to 11 U.S.C. 362(D)(1) and Bankruptcy Rule 4001 and (II) Granting Leave to File Late Proof of Claim Pursuant to Bankruptcy Rules 3003(C) and 9006(B)(1) [Docket No. 729].

F.     Declaration of Mitchell P. Hurley in Support of Motion of Celsius Network LLC for Order (I) Lifting the Automatic Stay Pursuant to 11 U.S.C. 362(D)(1) and Bankruptcy Rule 4001 and (II) Granting Leave to File Late Proof of Claim Pursuant to Bankruptcy Rules 3003(C) and 9006(B)(1) [Docket No. 730].

G.     Notice of Celsius Network LLC's Motion for Order (I) Lifting the Automatic Stay Pursuant to 11 U.S.C. 362(D)(1) and Bankruptcy Rule 4001 and (II) Granting Leave to File Late Proof of Claim Pursuant to Bankruptcy Rules 3003(C) and 9006(B)(1) [Docket No. 733].

H.     Joint Stipulation and Agreed Order Among Voyager Digital LLC, Official Committee of Unsecured Creditors, and Celsius Network LLC Setting Deadline to File Objections to Motion [Docket No. 781].

I.     Updated Notice of Celsius Network LLC's Motion for Order (I) Lifting the Automatic Stay Pursuant to 11 U.S.C. 362(D)(1) and Bankruptcy Rule 4001 and (II) Granting Leave to File Late Proof of Claim Pursuant to Bankruptcy Rules 3003(C) and 9006(B)(1) [Docket No. 788].

J.     Updated Motion of Celsius Network LLC for Order (I) Lifting the Automatic Stay Pursuant to 11 U.S.C. 362(D)(1) and Bankruptcy Rule 4001 and (II) Granting Leave to File Late Proof of Claim Pursuant to Bankruptcy Rules 3003(C) and 9006(B)(1) [Docket No. 789].

K.     Declaration of Michael C. Whalen in Support of Debtors' Objection to Motion of Celsius Network LLC for Order (I) Lifting the Automatic Stay Pursuant to 11 U.S.C. 362(D)(1) and Bankruptcy Rule 4001 and (II) Granting Leave to File Late Proof of Claim Pursuant to Bankruptcy Rules 3003(C) and 9006(B)(1) [Docket No. 868].

L.     Ex Parte Motion of the Debtors for Entry of an Order Authorizing the Debtors to Redact and File Under Seal Certain Confidential Information Related to Debtors' Objection to Motion of Celsius Network LLC for Order (I) Lifting the Automatic Stay Pursuant to 11 U.S.C. 362(D)(1) and Bankruptcy Rule 4001 and (II) Granting Leave to File Late Proof of Claim Pursuant to Bankruptcy Rules 3003(C) and 9006(B)(1) [Docket No. 869].

M.     Memorandum Endorsement [Docket No. 881].

**Status**   This matter is going forward.

2. ***Katten Retention Application.*** Application of Debtor Voyager Digital Ltd. for Entry of an Order Authorizing the Retention and Employment of Katten Muchin Rosenman LLP as Special Counsel for Debtor Voyager Digital Ltd., on Behalf of and at the Sole Direction of the Independent Director, Effective as of November 11, 2022 [Docket No. 732].

   Objection Deadline: January 17, 2023, at 4:00 p.m. (prevailing Eastern Time).

   Responses Received: None.

   Related Documents:

   A.  First Supplemental Declaration of Steven J. Reisman in Support of Application of Debtor Voyager Digital Ltd. for Entry of an Order Authorizing the Retention and Employment of Katten Muchin Rosenman LLP as Special Counsel for Debtor Voyager Digital Ltd., on Behalf of and at the Sole Direction of the Independent Director, Effective as of November 11, 2022 [Docket No. 857].

   B.  Certificate of No Objection Regarding Application of Debtor Voyager Digital Ltd. For Entry of an Order Authorizing the Retention and Employment of Katten Muchin Rosenman LLP as Special Counsel for Debtor Voyager Digital Ltd., on Behalf of and at the Sole Direction of the Independent Director, Effective as of November 11, 2022 [Docket No. 882].

   **Status** This matter is going forward.

3. ***ArentFox Schiff Retention Application.*** Debtor Voyager Digital Holdings, Inc.'s Application for Entry of an Order Authorizing the Retention and Employment of ArentFox Schiff LLP as Special Counsel Effective as of November 10, 2022 [Docket No. 746].

   Objection Deadline: January 17, 2023, at 4:00 p.m. (prevailing Eastern Time).

   Responses Received: None.

   Related Documents:

   A.  Certificate of No Objection Regarding Debtor Voyager Digital Holdings, Inc.'s Application for Entry of an Order Authorizing the Retention and Employment of ArentFox Schiff LLP as Special Counsel Effective as of November 10, 2022 [Docket No. 884].

   **Status**: This matter is going forward.

4. ***Second Exclusivity Extension Motion.*** Debtors' Second Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief [Docket No. 796].

   Objection Deadline: January 17, 2023, at 4:00 p.m. (prevailing Eastern Time).

   Responses Received: None.

   Related Documents:

   A. Order (I) Extending the Debtors' Exclusive Periods to File A Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief [Docket No. 643].

   B. Bridge Order Pending a Hearing on the Debtors' Second Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief [Docket No. 825].

   C. Certificate of No Objection Regarding Debtors' Second Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File A Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief [Docket No. 885].

   **Status**: This matter is going forward.

5. ***Potter Anderson Retention Application.*** Debtors' Application Seeking Entry of an Order Authorizing the Retention and Employment of Potter Anderson & Corroon LLP as Delaware Counsel Effective as of November 30, 2022 [Docket No. 798].

   Objection Deadline: January 17, 2023, at 4:00 p.m. (prevailing Eastern Time).

   Responses Received: None.

   Related Documents:

   A. Certificate of No Objection Regarding Debtors' Application Seeking Entry of an Order Authorizing the Retention and Employment of Potter Anderson & Corroon LLP as Delaware Counsel Effective as of November 30, 2022 [Docket No. 883].

**Status**: This matter is going forward.

## II. Adjourned Matters

6. ***Cash Management Motion.*** Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief [Docket No. 10].

    Objection Deadline: September 20, 2022, at 4:00 p.m. (prevailing Eastern Time). The objection deadline was extended to October 11, 2022, at 4:00 p.m. (prevailing Eastern Time) for the United States Trustee. The objection deadline was extended to January 20, 2023, at 4:00 p.m. (prevailing Eastern Time) for the United States Trustee.

    Responses Received:

    A.  Limited Objection to Cash Management [Docket No. 886].

    Related Documents:

    B.  Notice of Filing of Revised Proposed Interim Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (Iii) Granting Related Relief [Docket No. 46].

    C.  Interim Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief [Docket No. 53].

    D.  Notice of Filing of Revised Proposed Second Interim Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition

| | |
|---|---|
| | Intercompany Balances, and (III) Granting Related Relief [Docket No. 211]. |
| E. | Notice of Filing of Revised Proposed Second Interim Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief [Docket No. 227]. |
| F. | Second Interim Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief [Docket No. 237]. |
| G. | Notice of Adjournment of the Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief [Docket No. 398]. |
| H. | Notice of Adjournment of Certain Motions [Docket No. 453]. |
| I. | Certification of Counsel in Support of Third Interim Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief [Docket No. 562]. |
| J. | Third Interim Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief [Docket No. 580]. |

      K.     Certification of Counsel in Support of Fourth Interim Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief [Docket No. 629].

      L.     Notice of Adjournment of Hearing of Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief [Docket No. 687].

      M.     Notice of Adjournment of the Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status to Postpetition Intercompany Balances, and (III) Granting Related Relief [Docket No. 889].

**Status**: This matter has been adjourned to February 7, 2023, at 10:00 a.m. (prevailing Eastern Time).

7. ***Equity Committee Motion.*** Letter to Judge Wiles [Docket No. 373].

Objection Deadline: December 1, 2022, at 4:00 p.m. (prevailing Eastern Time).

Responses Received:

      A.     Statement of the United States Trustee Regarding Objection and Motion for Appointment of an Equity Committee and a Motion to Hold Directors Personally Liable [Docket No. 492].

Related Documents:

      B.     Notice of Hearing for Motions to Be Heard on September 29, 2022, at 2:00 P.M. [Docket No. 377].

      C.     Notice of Adjournment Re Docket No. 373 [Docket No. 444].

  D. Letter dated September 30, 2022, to Judge Wiles in re: Recovery for Existing Shareholders [Docket No. 491].

  E. Notice of Adjournment Re Docket Nos. 373 and 491 [Docket No. 500].

  F. Notice of Adjournment Re Docket Nos. 373 and 491 [Docket No. 613].

  G. Notice of Adjournment Re Docket Nos. 373 and 491 [Docket No. 682].

  H. Notice of Adjournment of Certain Pleadings [Docket No. 887].

**Status**: This matter has been adjourned to March 2, 2023, at 10:00 a.m. (prevailing Eastern Time).

8. ***Extend Automatic Stay Motion.*** Debtors' Motion to Extend Automatic Stay or, in the Alternative, for Injunctive Relief Enjoining Prosecution of Certain Pending Litigation Against the Debtors' Directors and Officers [Adv. Pro. 22-01133, Docket No. 3].

Objection Deadline: January 17, 2023, at 4:00 p.m. (prevailing Eastern Time).

Responses Received: None.

Related Documents:

  A. Declaration of Michael B. Slade in Support of the Debtors' Motion to Extend Automatic Stay or, in the Alternative, for Injunctive Relief Enjoining Prosecution of Certain Pending Litigation Against the Debtors' Directors and Officers [Adv. Pro. 22-01133, Docket No. 2].

  B. Notice of Hearing of the Debtors' Motion to Extend Automatic Stay Or, in the Alternative, for Injunctive Relief Enjoining Prosecution of Certain Pending Litigation Against the Debtors' Directors and Officers [Adv. Pro. 22-01133, Docket No. 4].

  C. Notice of Adjournment of Debtors' Motion to Extend Automatic Stay Or, in the Alternative, for Injunctive Relief Enjoining Prosecution of Certain Pending Litigation Against the Debtors' Directors and Officers [Adv. Pro. 22-01133, Docket No. 8].

  D. Notice of Adjournment of Debtors' Motion to Extend Automatic Stay Or, in the Alternative, for Injunctive Relief Enjoining

                    Prosecution of Certain Pending Litigation Against the Debtors' Directors and Officers [Adv. Pro. 22-01133, Docket No. 19].

       E.       Notice of (I) Cancellation of the Hearing Scheduled for December 8, 2022, and (II) Adjournment of Matters Related Thereto [Adv. Pro. 22-01133, Docket No. 21].

       F.       Notice of Adjournment of Certain Pleadings [Adv. Pro. 22-01133, Docket No. 22].

       **Status**: This matter has been adjourned to March 2, 2023, at 10:00 a.m. (prevailing Eastern Time).

9.    ***Pretrial Conference Summons.***  Summons with Notice of Pretrial Conference [Adv. Pro. 22-01170, Docket No. 2].

       Responses Received: None.

       Related Documents:

       A.       Notice of Adjournment of Debtors' Summons with Notice of Pretrial Conference in an Adversary Proceeding [Adv. Pro. 22-01170, Docket No. 5].

       B.       Notice of Adjournment of Certain Pleadings [Docket No. Adv. Pro. 22-01170, Docket No. 6].

       **Status**: This matter has been adjourned to March 2, 2023, at 10:00 a.m. (prevailing Eastern Time).

| | |
|---|---|
| Dated: January 20, 2023<br>New York, New York | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>Christopher Marcus, P.C.<br>Christine A. Okike, P.C.<br>Allyson B. Smith (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:  (212) 446-4800<br>Facsimile:   (212) 446-4900<br>Email:         jsussberg@kirkland.com<br>                    cmarcus@kirkland.com<br>                    christine.okike@kirkland.com<br>                    allyson.smith@kirkland.com<br><br>*Counsel to the Debtors and Debtors in Possession* |