Jonathan D. Canfield
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000

Matthew M. Murphy
Michael C. Whalen
PAUL HASTINGS LLP
71 S. Wacker Drive
Forty-Fifth Floor
Chicago, Illinois 60606
Telephone: (312) 499-6000

*Proposed Special Regulatory and Conflicts Counsel*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | Case No. 22-10943 (MEW) |
| Debtors. | (Jointly Administered) |

## *EX PARTE* RENEWED MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO REDACT AND FILE UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION RELATED TO DEBTORS' OBJECTION TO MOTION OF CELSIUS NETWORK LLC FOR ORDER (I) LIFTING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. 362(D)(1) AND BANKRUPTCY RULE 4001 AND (II) GRANTING LEAVE TO FILE LATE PROOF OF CLAIM PURSUANT TO BANKRUPTCY RULES 3003(C) AND 9006(B)(1)

The above-captioned debtors and debtors in possession (the "Debtors") state the following in support of this motion (this "Motion"):

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

**RELIEF REQUESTED**

1. The Debtors seek entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), authorizing the Debtors to (a) redact and file under seal Section 3 and the final sentence of Section 4.7 of the Omnibus Wallet Services Agreement entered into as of June 12, 2020 between the Debtors and an affiliate of Celsius Network LLC ("Celsius") (the "Wallet Agreement"); and (b) provide unredacted versions of the Wallet Agreement to (i) the United States Bankruptcy Court for the Southern District of New York, (ii) the United States Trustee for the Southern District of New York, (iii) Akin Gump Strauss Hauer & Feld LLP as counsel to Celsius, and (iv) McDermott Will & Emery LLP as counsel to the official committee of unsecured creditors appointed in the Debtors' chapter 11 cases (collectively, the "Receiving Parties" and in each case of the foregoing parties listed in (i) through (iv), on a confidential and professionals' eyes only basis).

**JURISDICTION AND VENUE**

2. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012. The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a), 107(b), and 107(c) of title 11 of the United States Code (the "Bankruptcy Code"), rule 9018 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 9013-1, 9018-1, and 9037-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

5. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 18]. On July 19, 2022, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") [Docket No. 102]. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

## BACKGROUND

5. On July 5, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the Declaration of Stephen Ehrlich, Chief Executive Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions [Docket No. 15] (the "First Day Declaration"), incorporated by reference herein.

6. On December 22, 2022, Celsius filed the Motion of Celsius Network LLC for Order (I) Lifting the Automatic Stay Pursuant to 11 U.S.C. 362(d)(1) and Bankruptcy Rule 4001 and (II) Granting Leave to File Late Proof of Claim Pursuant to Bankruptcy Rules 3003(c) and 9006(b)(1) [Docket No. 778] ("Relief Motion"), which seeks authorization to (i) file a late proof of claim in the Debtors' chapter 11 cases and (ii) lift the automatic stay. The Relief Motion is predicated on legal theories of Celsius, put forward in its own chapter 11 cases, regarding the ownership of certain cryptocurrency assets placed on its platform by investors. Such investors included the Debtors. The Debtors' placement of assets on Celsius's platforms were governed by the Wallet Agreement.

7.  The Wallet Agreement requires the Debtors to "disclose only such Confidential Information as is legally required and [] exercise reasonable efforts to obtain confidential treatment for any Confidential Information being disclosed." Wallet Agr't § 9.1. Under the circumstances, the Debtors are willing to file the Amended Wallet Agreement on the public docket, and the Wallet Agreement with minimal redactions, specifically to Section 3 and the final sentence of Section 4.7 (the "Confidential Provisions"). Due to the non-public and sensitive nature of the Wallet Agreement and the matters described in the Confidential Provisions, the Debtors respectfully submit that the Court should restrict access to the Confidential Provisions and any subsequent filings or notices containing information related thereto pursuant to section 107 of the Bankruptcy Code.

8.  The Debtors have attached the Wallet Agreement as an exhibit to their objection to the Relief Motion.[2]

9.  An unredacted version of the Wallet Agreement will be provided to the Court Clerk's office in accordance with Local Rule 9037-1(c).

## BASIS FOR RELIEF

10. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with authority to issue orders that will protect entities from the potential harm that may result from the disclosure of certain confidential information. This section provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may:
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or *commercial information*; or

---

[2] The Debtors are refiling the Wallet Agreement and the Amended Wallet Agreement contemporaneously herewith to reflect the relief sought herein.

      (2)      protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b) (emphasis added).

11. Bankruptcy Rule 9018 provides that, upon motion, "the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

12. If the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original). Stated differently, section 107(b) of the Bankruptcy Code does not require a party seeking its protections to demonstrate "good cause." *Orion Pictures*, 21 F.3d at 28. "Courts have supervisory power over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27.

13. Confidential commercial information, as used in section 107(b) of the Bankruptcy Code, "has been defined as information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Faucett*, 438 B.R. 564, 567–68 (Bankr. W.D. Tex. 2010) (quoting *Orion Pictures*, 21 F.3d at 27). Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code.[3] "Rather, the term includes situations where a bankruptcy court may reasonably

---

[3] *See In re Northstar Energy, Inc.*, 315 B.R. 425, 429 (Bankr. E.D. Tex. 2004) ("A bankruptcy court is required to seal 'documentary information filed in court that does not rise to the level of a trade secret but that is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's

determine that allowing such disclosure would have a 'chilling effect on [business] negotiations, ultimately affecting the viability of Debtors.'" *In re Borders Grp., Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011) (quoting *In re Lomas Fin. Corp.*, No. 90 Civ. 7827, 1991 WL 21231, at *2 (S.D.N.Y. Feb. 11, 1991)).

14.  The Debtors submit that the Confidential Provisions of the Wallet Agreement constitute confidential commercial information that is protectable under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018. The Confidential Provisions reflect sensitive information regarding the operation of the Debtors' non-public accounts with Celsius. Should competitors obtain the information in the Confidential Provisions, it would prejudice the Debtors by revealing the terms upon which the Debtors have engaged in commercial relationships in the past and the terms of investments made by the Debtors as part of their business operations, all of which would be of benefit to competitors. *See Orion Pictures*, 21 F.3d at 27 (quoting *Ad Hoc Protective Comm. for 10 1/2% Debenture Holders v. Itel Corp. (In re Itel Corp.)*, 17 B.R. 942, 944 (9th Cir. BAP 1982)) (quotation marks omitted). The Confidential Provisions are further the product of negotiations between the Debtors and Celsius, and would thus reveal to competitors the terms upon which the Debtors enter into commercial relationships and make investments. *See In re Borders*, 462 B.R. at 47 (protectable information under section 107(b) of the Bankruptcy Code includes that which would have a "chilling effect on [business] negotiations"). Moreover, granting the Debtors' request to file the Confidential Provisions under seal will also protect Celsius, the Debtors' counterparty. *See id*. at 48 (determining that sealing was warranted to protect the confidential information of both contracting parties).

---

competitors.'"); *see also Orion Pictures*, 21 F.3d at 27–28 (holding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party must show only that the information it wishes to seal is "confidential" and "commercial" in nature).

15. The Debtors have narrowly tailored the request set forth in this Motion to protect only the kind of commercially sensitive information that is entitled to be protected under section 107 of the Bankruptcy Code, as the Debtors have proposed limited redactions to cover only the Confidential Provisions and have filed the majority of the Wallet Agreement publicly and have filed the entirety of the Amended Wallet Agreement publicly. As a result, the Debtors believe that authorizing the Confidential Provisions to be filed under seal is the best method to ensure transparency with respect to information disclosure while still preventing the negative implications of public disclosure of the Debtors' confidential commercial information.

## **NOTICE**

16. The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the U.S. Trustee; (b) the Committee; (c) the lender under the Debtors' prepetition loan facility; (d) the United States Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service; (f) the Toronto Stock Exchange; (g) the attorneys general in the states where the Debtors conduct their business operations; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

**PAUL HASTINGS LLP**

Dated: January 20, 2023
New York, New York

/s/ Jonathan D. Canfield
Jonathan D. Canfield
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Email: joncanfield@paulhastings.com

-and-

Matthew M. Murphy (*pro hac vice* admission pending)
Michael C. Whalen (*pro hac vice* admission pending)
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone: (312) 499-6000
Email: mattmurphy@paulhastings.com
michaelcwhalen@paulhastings.com

*Proposed Special Regulatory and Conflicts Counsel*

**<u>Exhibit A</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) ) | Case No. 22-10943 (MEW) |
| Debtors. | ) ) ) | (Jointly Administered) |

**ORDER GRANTING *EX PARTE* RENEWED MOTION OF THE
DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE
DEBTORS TO REDACT AND FILE UNDER SEAL CERTAIN CONFIDENTIAL
INFORMATION RELATED TO DEBTORS' OBJECTION TO MOTION OF
CELSIUS NETWORK LLC FOR ORDER (I) LIFTING THE AUTOMATIC
STAY PURSUANT TO 11 U.S.C. 362(D)(1) AND BANKRUPTCY RULE 4001
AND (II) GRANTING LEAVE TO FILE LATE PROOF OF
CLAIM PURSUANT TO BANKRUPTCY RULES 3003(C) AND 9006(B)(1)**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), authorizing the Debtors to (a) redact and file under seal Section 3 and the final sentence of Section 4.7 of the Omnibus Wallet Services Agreement entered into as of June 12, 2020 between the Debtors and an affiliate of Celsius Network LLC ("Celsius") (the "Wallet Agreement"); and (b) provide unredacted versions of the Wallet Agreement to (i) the United States Bankruptcy Court for the Southern District of New York, (ii) the United States Trustee for the Southern District of New York, (iii) Akin Gump Strauss Hauer & Feld LLP as counsel to Celsius, and (iv) McDermott Will & Emery LLP as counsel to the official committee of unsecured creditors appointed in the Debtors' chapter 11 cases (collectively, the "Receiving Parties" and in each case of the foregoing parties listed in (i) through

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

(iv), on a confidential and professionals' eyes only basis).; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized, pursuant to sections 105(a), 107(b), and 107(c) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, to file under seal the Confidential Provisions of the Wallet Agreement.

3. The unredacted version of the Wallet Agreement shall remain confidential and shall not be made available to anyone other than the Receiving Parties without the Debtors' consent, may not be filed on the public docket, and shall remain under seal until further order of the Court.

4. The Debtors shall submit an unredacted copy of the Wallet Agreement to the Clerk of the Court in an envelope under seal, clearly indicating that the same has been filed under seal by order of the Court.

5. The Clerk of this Court shall treat the Confidential Provisions contained in the Wallet Agreement as confidential, and counsel for the Debtors shall contact the Clerk's Office regarding the return or disposition of the Wallet Agreement as soon as practicable following the effective date of any chapter 11 plan in this case or any successor cases.

6. The Debtors are authorized to cause the unredacted versions of the Wallet Agreement to be served on and made available, on a confidential basis, to the Receiving Parties.

7. Any party authorized to receive the unredacted version of the Wallet Agreement shall be authorized and directed, subject to Local Rule 9037-1, to redact specific references to the information set forth therein from pleadings filed on the public docket maintained in these chapter 11 cases. If the Confidential Provisions are attached or referred to in any future pleadings or documents filed with this Court relating to these chapter 11 cases, this Order shall apply to such pleading or document.

8. Any party who receives the Confidential Provisions in accordance with this Order shall not disclose or otherwise disseminate this information to any other person or entity, including in response to a request under the Freedom of Information Act.

9. The requirements set forth in Local Rules 9013-1, 9018-1, and 9037-1 are satisfied by the contents of the Motion.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

14. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2023
       New York, New York

                                        _____
                                        THE HONORABLE MICHAEL E. WILES
                                        UNITED STATES BANKRUPTCY JUDGE