**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER AUTHORIZING THE RETENTION AND**
**EMPLOYMENT OF POTTER ANDERSON & CORROON LLP AS DELAWARE**
**COUNSEL FOR THE DEBTORS EFFECTIVE AS OF NOVEMBER 30, 2022**

Upon the application (the "Application")[2] of the Debtors for the entry of an order (this "Order") authorizing the Debtors to retain and employ Potter Anderson & Corroon LLP ("Potter Anderson") as Delaware counsel for the Debtors pursuant to sections 327(e) and 328 (a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"); and the Court having reviewed the Application, the Declaration of Christopher M. Samis, a partner of Potter Anderson (the "Samis Declaration"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital, Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estate, its creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted as set forth herein.

2. The Debtors are authorized pursuant to 327(e) and 328 (a) of the Bankruptcy Code to retain and employ Potter Anderson as of November 30, 2022, as Delaware counsel in accordance with the terms and conditions set forth in the Application and in the Engagement Letter attached hereto as **Exhibit 1**.

3. Potter Anderson shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.

4. Notwithstanding anything to the contrary in the Application, the Engagement Letter, or the Declarations attached to the Application, the reimbursement provisions allowing the reimbursement of fees and expenses incurred in connection with participating in, preparing for, or responding to any action, claim, suit, or proceeding brought by or against any party that relates to

the legal services provided under the Engagement Letter and fees for defending any objection to Potter Anderson's fee applications under the Bankruptcy Code are not approved pending further order of the Court.

5. Potter Anderson shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are hired by Potter Anderson to provide services to the Debtors and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

6. Potter Anderson shall provide ten-business-days' notice to the Debtors, the U.S. Trustee, and the Committee before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court.  The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

7. The Debtors and Potter Anderson are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

8. Potter Anderson shall use its reasonable best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

9. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

10. To the extent the Application, the Samis Declaration, or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: January 24, 2023

                                                          s/Michael E. Wiles
                                                          THE HONORABLE MICHAEL E. WILES
                                                          UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

**Engagement Letter**



1313 North Market Street
P.O. Box 951
Wilmington, DE 19801- 0951
302 984 6000
www.potteranderson.com

Christopher M. Samis
Partner
Attorney at Law
csamis@potteranderson.com
302-984-6050 Direct Phone
302-658-1192 Firm Fax

**HIGHLY CONFIDENTIAL**
**ATTORNEY CLIENT PRIVILEGED**

November 30, 2022

*VIA E-MAIL*

Mr. Stephen Ehrlich, CEO
Voyager Digital Ltd.
33 Irving Pl
New York, NY 10003
E-mail: sehrlich@investvoyager.com

      Re:    <u>Retention Agreement of Potter Anderson & Corroon LLP</u>

Dear Mr. Ehrlich:

    I am writing to confirm that our firm has agreed to serve as Special Counsel and Conflicts Counsel to Voyager Digital Ltd. and certain of its affiliates (collectively, the "Client") in connection with the chapter 11 bankruptcy proceedings of FTX Trading Ltd., *et al.*, Case No. 22-11068 (JTD), currently pending in the United States Bankruptcy Court for the District of Delaware (the "FTX Bankruptcy").

    1.    <u>Terms of Engagement</u>.

    Either Client or we may terminate the engagement at any time for any reason by written notice, subject on our part to the applicable rules of professional conduct and court approval, if necessary. In the event that we terminate the engagement, we will take such steps as are reasonably practicable to protect Client's interests in any pending litigation. If permission for withdrawal is required by a court in any such litigation, we will promptly apply for such permission, and Client agrees to engage successor counsel to represent it.

    Client is engaging the firm to provide legal services in connection with a specific matter. After completion of this matter, changes may occur in the applicable laws or regulations that could have an impact upon Client's future rights and liabilities. Unless Client actually engages us after the completion of this matter to provide additional advice on issues arising therefrom, the firm has no continuing obligation to advise Client with respect to future legal developments.

DocuSign Envelope ID: AA94B266-9196-472E-B015-13AFDE7DE759

November 30, 2022
Page 2

It is expressly understood that our representation extends only to Client and does not extend to any affiliates of Client, including parties owned, directly or indirectly, by Client and parties that hold direct or indirect ownership interests by Client. It is our express understanding that we are not being asked to provide, and will not be providing, legal advice to, or establishing an attorney-client relationship with, any such affiliated party and will not be expected to do so unless we have been asked and expressly agree to do so.

As a general matter, Potter Anderson represents many other companies and individuals. It is possible that during the time that we are representing Client, some of our present or future clients could have disputes with or matters adverse to Client. As Client is aware, Potter Anderson has a substantial corporate workout, bankruptcy and insolvency practice, and other practice areas. Accordingly, Client agrees that Potter Anderson may represent other clients in workout, bankruptcy and insolvency, and other matters and proceedings (collectively "Other Matters"). This is so provided that the representation of the other client is in accordance with the applicable ethical and professional rules governing the conduct of lawyers, including disclosures, waivers, and ethical walls. Client agrees that it will not assert that this instant engagement or any future engagement is a basis for disqualifying Potter Anderson from representing others in future matters in which Potter Anderson is retained to represent a party in Other Matters. In other circumstances, Client agrees to promptly evaluate requests for waiver of any future potential conflicts in Other Matters. Further, Client agrees that Potter Anderson may continue to represent or undertake in the future to represent existing or new clients in any matter, including the FTX Bankruptcy, that is not ethically barred by its work for Client in this matter.

Our fees will be based on the billing rate for each attorney and paralegal devoting time to this matter. I will be primarily responsible for this matter and my current billing rate is $865 per hour. Other partners, counsel, associates and paralegals may also devote time to this matter, and their respective hourly rates are as follows: partners - $830 to $950; counsel - $705; associates - $440 to $640; and paralegals and other administrative personnel - $330 to $350. The firm's rates are subject to adjustment periodically, usually annually. We comply with applicable provisions of The Delaware Lawyers' Rules of Professional Conduct, which identify the following factors to be considered as guides in determining the reasonableness of a fee: time and labor required; novelty and difficulty of the questions involved; skill requisite to perform the legal service properly; likelihood that acceptance of the particular employment will preclude other employment by the law firm or lawyer; fee customarily charged in the locality for similar legal services; amount involved and, results obtained; time limitations imposed by the Client or by the circumstances; nature and length of the professional relationship with the Client; experience, reputation and ability of the lawyer or lawyers performing the services; and whether the fee is fixed or contingent.

Potter Anderson understands that it will be retained as a professional in the chapter 11 cases of the Client. Accordingly, all attorneys' fees and expenses incurred on behalf of the Client must be approved by the United States Bankruptcy Court for the Southern District of New York based upon fee applications which we file periodically. Those applications contain a complete description of all of the services performed and the time spent performing those services. All entries are itemized in the fee application.

November 30, 2022
Page 3

2. Client's Responsibilities.

Client agrees to cooperate fully with us and to provide all information known or available to it relevant to our representation. Client also agrees to pay our statements for services and expenses in accordance with Section 1 above.

3. Disposition of Files.

As part of our administrative operations, we periodically review client files after the completion of matters in order to determine whether they should be destroyed. Unless otherwise requested by Client in writing to return such files, we will make reasonable efforts to notify Client in writing at least 30 days before the destruction of any of its files. Client will then have the option to take possession of the files. It will be Client's obligation to maintain a current address with us in order to communicate with Client concerning such matters.

4. Use of E-mail.

Due to its inherent nature, e-mail may be vulnerable to interception by unauthorized parties during transmission. We cannot guarantee the confidentiality of any information sent by e-mail or that it will be considered "attorney-client" privileged. If you do not wish us to communicate by e-mail on your matters, please notify us at your earliest convenience. In the absence of such notification, your consent will be assumed and we will not take any additional security measures, including but not limited to encryption. Although we subscribe to and use virus protection software we believe to be reliable, we cannot warrant that any e-mails or attachments are free from any virus. We recommend that you independently take steps to ensure they are actually virus-free.

5. Governing Law/Interpretation/Jurisdiction.

This Agreement shall be construed and enforced in accordance with the laws of the State of Delaware, and the Courts of the State of Delaware or the United States Bankruptcy Court for Southern District of New York shall have exclusive jurisdiction over all matters relating to any disputes arising from this Agreement.

November 30, 2022
Page 4

    If the foregoing is acceptable, please countersign this letter and return it to me for our files signifying your agreement to our representation on the terms outlined herein and that you are authorized to agree on behalf of Client. I would like to take this opportunity to tell you how pleased we are to represent Client and that we look forward to a mutually rewarding relationship.

    Best regards,

    */s/ Christopher M. Samis*

    Christopher M. Samis
    Partner

AGREED AND ACCEPTED:

By: *Stephen Ehrlich*
    Mr. Stephen Ehrlich, CEO
    for Voyager Digital Ltd.

CMS:kem

IMPAC 10454796v.3