**Hearing Date: February 22, 2023 at 10:00 AM**
**Objection Deadline: February 15, 2023 at 4:00 PM**

Matthew M. Murphy, Esq.
Matthew Micheli, Esq.
PAUL HASTINGS LLP
71 S. Wacker Drive
Forty-Fifth Floor
Chicago, Illinois 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100

and

Chris Daniel, Esq.
PAUL HASTINGS LLP
1170 Peachtree Street, N.E.
Suite 100
Atlanta, Georgia 30309
Telephone: (404) 815-2100
Facsimile: (404) 815-2424

and

LK Greenbacker, Esq.
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
Telephone: (202) 551-1700
Facsimile: (202) 551-1705

*Proposed Special Regulatory and Conflicts
Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- X

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | : | Case No. 22-10943 (MEW) |
| | : | (Jointly Administered) |
| Debtors.[1] | : | |

---------------------------------------------------------- X

**NOTICE OF APPLICATION OF DEBTORS PURSUANT TO SECTIONS
327(e) AND 330 OF THE BANKRUPTCY CODE FOR AUTHORITY TO EMPLOY
AND RETAIN PAUL HASTINGS LLP AS SPECIAL REGULATORY AND
CONFLICTS COUNSEL, EFFECTIVE AS OF THE PETITION DATE**

 **PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby file this application (the "Application") for entry of an order, substantially in the form attached to the Application as Exhibit A, pursuant to sections 327(e)

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the retention and employment of Paul Hastings LLP as the Debtors' special regulatory and conflicts counsel.

**PLEASE TAKE FURTHER NOTICE** that the Application will be heard at a hearing scheduled for **February 22, 2023, at 10:00 a.m.** (prevailing Eastern Time) (the "Hearing") before the Honorable Michael E. Wiles, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004-1408 (the "Bankruptcy Court"), or at such other time as the Bankruptcy Court may determine.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Bankruptcy Court's General Order M-543, dated March 20, 2020 ("General Order M-543"), the Hearing will be conducted telephonically. Parties wishing to participate in the Hearing should do so by making arrangements through CourtSolutions by visiting https://www.court-solutions.com.

**PLEASE TAKE FURTHER NOTICE** that objections or responses, if any, to the Application shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served so as to be actually received by **February 15, 2023, at 4:00 p.m.** (prevailing Eastern Time), by (i) the entities on the Master Service List available on the case website of the Debtors at https://cases.stretto.com/Voyager and (ii) any person or entity with a particularized interest in the subject matter of the Application.

**PLEASE TAKE FURTHER NOTICE** that copies of the Application and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/Voyager. You may also obtain copies of the Application and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that if you do not want the Bankruptcy Court to grant the relief requested in the Application, or if you want the Bankruptcy Court to consider your views on the Application, then you or your attorney must attend the Hearing. If you or your attorney do not take these steps, the Bankruptcy Court may decide that you do not oppose the relief sought in the Application and may enter orders granting the relief requested in the Application.

*[Remainder of page intentionally left blank]*

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written objection to the relief requested in the Application, the Bankruptcy Court may deem any opposition waived, treat the Application as conceded, and enter an order granting the relief requested in the Application without further notice or hearing.

Dated: January 25, 2023
New York, New York

*/s/ Matthew M. Murphy*

Matthew M. Murphy, Esq.
Matthew Micheli, Esq.
PAUL HASTINGS LLP
71 S. Wacker Drive
Forty-Fifth Floor
Chicago, Illinois 60606
Telephone: (312) 499-6000
Facsimile:  (312) 499-6100
mattmurphy@paulhastings.com
mattmicheli@paulhastings.com

and

Chris Daniel, Esq.
PAUL HASTINGS LLP
1170 Peachtree Street, N.E.
Suite 100
Atlanta, Georgia 30309
Telephone: (404) 815-2100
Facsimile: (404) 815-2424
chrisdaniel@paulhastings.com

and

LK Greenbacker, Esq.
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
Telephone: (202) 551-1700
Facsimile: (202) 551-1705
lkgreenbacker@paulhastings.com

*Proposed Special Regulatory and Conflicts Counsel*
*to the Debtors and Debtors in Possession*

**Hearing Date: February 22, 2023 at 10:00 AM**
**Objection Deadline: February 15, 2023 at 4:00 PM**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- X
          :
*In re*          :     Chapter 11
          :
VOYAGER DIGITAL HOLDINGS, INC., *et al.*,:     Case No. 22-10943 (MEW)
          :
          :     (Jointly Administered)
         Debtors.[1]   :
---------------------------------------------------------- X

## APPLICATION OF THE DEBTORS PURSUANT TO SECTIONS 327(e) AND 330 OF THE BANKRUPTCY CODE FOR AUTHORITY TO EMPLOY AND RETAIN PAUL HASTINGS LLP AS SPECIAL REGULATORY AND CONFLICTS COUNSEL, EFFECTIVE AS OF THE PETITION DATE

The above-captioned debtors and debtors in possession (collectively, the "Debtors") in these chapter 11 cases (the "Chapter 11 Cases") respectfully represent as follows in support of this application (the "Application"):

### Relief Requested

1.     By this Application, the Debtors seek entry of an order authorizing the retention and employment of Paul Hastings as special regulatory and conflicts counsel to the Debtors. A proposed form of order granting the relief requested herein is attached hereto as Exhibit A (the "Proposed Order"). In support of this Application, the Debtors rely upon the declaration of Matthew M. Murphy (the "Murphy Declaration"), attached hereto as Exhibit C, and the declaration of Stephen Ehrlich (the "Ehrlich Declaration"), attached hereto as Exhibit D.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of New York (the

"Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Amended Standing Order of Reference from the United States District Court for the Southern*

*District of New York* dated as of January 31, 2012.  This is a core proceeding within the meaning

of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent to the Court entering a final

order in connection with this Application to the extent that it is later determined that the Court,

absent consent of the parties, cannot enter final orders or judgments in connection herewith

consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are sections 327(e) and 330 of

title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"),[2] Rule 2014

and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2014-1

and 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District

of New York (the "Local Rules"), and, to the extent required by the foregoing, the guidelines

adopted by the Office for United States Trustee (the "U.S. Trustee").  To the extent the

Application does not comply in every respect with such requirements, the Debtors respectfully

request a waiver for any such non-compliance.

## Background

5.      On July 5, 2022 (the "Petition Date"), the Debtors filed with the Court voluntary

petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate

---

[2]      Section 327(e) of the Bankruptcy Code provides that:  "The trustee, with the court's approval, may employ, for
a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has
represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any
interest adverse to the debtor or the estate with respect to the matter on which such attorney is to be employed."
*See* 11 U.S.C. § 327(e).

their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 18].

6.      No trustee or examiner has been appointed in the Chapter 11 Cases.  On July 19, 2022, the U.S. Trustee appointed the Official Committee of Unsecured Creditors pursuant to section 1102 of the Bankruptcy Code [Docket No. 106].

7.      On August 5, 2022, the Court entered the *Order Authorizing the Retention and Compensation of Professionals Utilized in the Ordinary Course of Business* [Docket No. 244] (the "OCP Order").  Since the Petition Date, in accordance with the OCP Order, Paul Hastings has served as an ordinary course professional to the Debtors in the Chapter 11 Cases.   In accordance with the OCP Order, on August 17, 2022, Paul Hastings filed the *Declaration of Disinterestedness of Paul Hastings LLP Pursuant to the Order Authorizing the Retention and Compensation of Professionals Utilized in the Ordinary Course of Business* [Docket No. 303].

8.      Paul Hastings' role in the Chapter 11 Cases has been to provide financial services regulatory advice. This includes interfacing with state and federal agencies and providing strategic advice with respect to post-petition licensing matters. Further, Paul Hastings has been working with state and federal agencies as they investigate the events leading up to the Chapter 11 Cases as well as prepetition regulatory compliance issues. As the cases have progressed, the regulatory issues and investigations have played a meaningful role requiring significant work from Paul Hastings. Furthermore, on December 6, 2022, the Debtors asked Paul Hastings to represent the Debtors with regard to an effort by Celsius Network LLC to bring a late filed claim against the Debtors' estates. As a result, Paul Hastings' fees have exceeded the fee caps set forth

in the OCP Order.  In such instances, the OCP Order provides that professionals, like Paul Hastings, may request increased fee caps and, if denied, seek retention under Bankruptcy Code Section 327.  More specifically, the OCP Order provides:

> To the extent the Court does not approve an Increased Cap as indicated in subparagraph (f), the OCP shall file with the Court a retention application in accordance with section 327 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules unless the U.S. Trustee agrees otherwise.

*See* OCP Order [Docket No. 244].  Pursuant to the terms of the OCP Order, the Debtors hereby seek authorization to employ Paul Hastings as special regulatory and conflicts counsel under Bankruptcy Code Section 327(e) effective as of the Petition Date.

### Paul Hastings' Qualifications

9.    The Debtors seek authorization to retain Paul Hastings as special regulatory and conflicts counsel to provide the following services to the extent necessary and as requested by the Debtors:  (a) advise the Debtors regarding financial services regulatory matters that have arisen and may arise in the Chapter 11 Cases, including but not limited to compliance, litigation, discovery, and related federal and state judicial and administrative proceedings; (b) advise the Debtors on all issues relating to financial services regulatory law and compliance as applied to a debtor-in-possession under the Bankruptcy Code; (c) assist and counsel the Debtors in objecting to and litigating any potential bankruptcy claims by regulatory entities; (d) such other issues as may be assigned by the Debtors in relation to (a) through (c) above (collectively, the "Special Regulatory Matters");  and (e) filing and prosecuting a claim in the chapter 11 cases of Celsius Network LLC and its affiliated debtors and debtors in possession and opposing the late filed claim of Celsius Network LLC in the Debtors' Chapter 11 Cases (the "Conflict Matter").

10.    The Debtors seek authorization to retain Paul Hastings as of Petition Date because the firm has rendered services on the Debtors' behalf in excess of the OCP fee caps since that date.

11.    The Debtors seek to retain Paul Hastings as special regulatory and conflicts counsel based on (a) Paul Hastings' established reputation, experience, and expertise in financial services regulatory matters, associated state and federal law and regulations, and related compliance; (b) Paul Hastings' extensive experience and expertise on financial services regulatory issues in the cryptocurrency industry; (c) the general knowledge and information that Paul Hastings has obtained regarding the Debtors and their businesses, operations, and financial services regulatory matters as a result of Paul Hastings' prior services to the Debtors; and (d) Paul Hastings' experience and expertise in complex restructurings and chapter 11 cases.

12.    The Paul Hastings' attorneys who represent the Debtors in the chapter 11 cases have represented the Debtors with respect to their regulatory matters since July 2021, a copy of the Engagement Letter is attached hereto as <u>Exhibit B</u>.  Further, the Paul Hastings Fintech team, led by Chris Daniel has been rated Band 1 by Chambers USA from 2020-2023.  In addition, Paul Hastings' lawyers have played a significant role in numerous chapter 11 cases, including representing debtors in AbitibiBowater; Adelphia Communications; Aerosoles, ALCO Stores; Allegiance Telecom; Alta Mesa; American Airlines; Atlas Energy; Calpine Corporation; Castex Energy Partners; Charming Charlie Holdings Inc.; Chisholm Oil & Gas; Circuit City Stores; CIT Group; Comdisco; Compute North Holdings; Cred Inc.; Cypress Environmental Partners; Dictaphone; Education Holdings 1; EHT US1, Inc.; Enron; FairPoint Communications; Fruit of the Loom; Furniture Brands International; General Growth Properties; GT Advanced Technologies; Hostess Brands; Innkeepers USA; Kmart; Lehman Brothers; Magna

Entertainment; Mark IV Industries; McLeod USA; Molycorp; National Steel; NewPage; One Aviation; OneWeb Global Limited; Pioneer Energy Services; Quotient Limited; Reddy Ice; Refco; Sabine Oil & Gas Corporation; Sable Permian; SandRidge Energy; Six Flags; Spansion; The Clare; United Airlines; US Airways; Vanguard Natural Resources; Velti; Visteon Corporation; Washington Mutual; WorldCom; and Zenith Electronics.

13.    Based on its regulatory expertise in the cryptocurrency industry and its services to the Debtors to date, Paul Hastings is intimately familiar with the complex financial services regulatory issues impacting the Debtors and is well suited to serve as their special regulatory and conflicts counsel.

14.    The Debtors intentionally selected Paul Hastings to advise the Debtors on the Special Regulatory Matters.  The interruption of much needed guidance and the duplicative cost involved in obtaining substitute counsel to replace Paul Hastings' unique role at this juncture would be extremely harmful to the Debtors and their estates.  Were the Debtors required to retain counsel other than Paul Hastings in connection with the specific and limited matters upon which Paul Hastings' advice is sought, the Debtors, their estates, and all parties in interest would be unduly prejudiced by the time and expense necessary to replicate Paul Hastings' ready familiarity with the intricacies of financial services regulatory law and the Debtors' current regulatory issues.  Accordingly, the Debtors submit that Paul Hastings is well-qualified and uniquely able to provide the specialized legal advice sought by the Debtors in connection with the Special Regulatory Matters.

15.    As it relates to Paul Hastings' role as conflicts counsel on the Conflict Matter, Paul Hastings has significant experience in dealing with such matters. Paul Hastings' finance and restructuring group provides an array of services to assist financially distressed businesses and

their creditors in maximizing values and ultimate recoveries in a broad range of challenging circumstances, including the aforementioned chapter 11 cases. Paul Hastings also has extensive institutional knowledge of the Debtors' businesses that will allow for efficient representation of the Debtors with respect to the Conflict Matter, as well as avoid costs and potential delays that might occur if the Debtors were required to retain new counsel. Paul Hastings' retention as special regulatory and conflicts counsel is in the best interest of the Debtors and their estates, and the engagement of Paul Hastings is essential to enable the Debtors to maximize the value of their estates.

16.    In addition to Paul Hastings, the Debtors have employed, among other professionals, (a) Kirkland & Ellis, LLP as the Debtors' counsel, (b) BRG and Moelis & Company LLC as financial advisors, and (c) Quinn Emanuel Urquhart & Sullivan, LLP as special counsel to provide independent advice to, and act at the exclusive direction of, the special committee of Voyager LLC. The Debtors currently seek to retain Paul Hastings solely with respect to the Special Regulatory Matters and the Conflict Matter. While certain aspects of the representations may necessarily involve Paul Hastings as well as other law firms, the Debtors believe that the services Paul Hastings will provide will be complementary to, rather than duplicative of, the services to be performed by any other retained counsel. All of the professional roles have been and will continue to be clearly delineated to prevent the unnecessary and inefficient duplication of services.

## Compensation

17.    In accordance with section 330(a) of the Bankruptcy Code, compensation will be paid to Paul Hastings on an hourly basis, plus reimbursement of actual necessary expenses incurred by Paul Hastings. Paul Hastings' hourly rates are set at a level designed to compensate

it fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned and may be adjusted by Paul Hastings from time to time. It is Paul Hastings' policy to charge its clients in all areas of practice for all other expenses incurred in connection with a client's matter. The expenses charged to clients include, among other things, photocopying; witness fees; travel expenses; filing and recording fees; long distance telephone calls; postage; express mail and messenger charges; computerized legal research charges and other computer services; expenses for "working meals;" and telecopier charges. Paul Hastings will charge the Debtors for these expenses in a manner and at rates consistent with charges generally made to its other clients.

18.    Paul Hastings will submit interim and final applications for compensation, subject to the Court's approval, in accordance with the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and (II) Granting Related Relief* [Docket No. 236] (the "Interim Compensation Order"), the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Cases* (the "Amended Guidelines"), the U.S. Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases effective as of November 1, 2013* (the "Appendix B Guidelines"), sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any further order of the Court.

## No Adverse Interest

19.    To the best of the Debtors' knowledge, and based upon the Murphy Declaration, Paul Hastings does not represent or hold any interest adverse to the Debtors or their estates with respect to the Special Regulatory Matters and the Conflict Matter. To the best of the Debtors'

knowledge and based on the Murphy Declaration, except as set forth therein, Paul Hastings does

not have any connection with any creditors or other parties in interest, or their respective

attorneys or accountants, or the United States Trustee for the Southern District of New York or

any of its employees.

## Basis for Relief

20.     Retention pursuant to section 327(e) of the Bankruptcy Code is appropriate given

the specific scope of the proposed retention and Paul Hastings's prepetition representation.

21.     Section 327(e) of the Bankruptcy Code provides that a debtor subject to court

approval:

> [M]ay employ, for a specified special purpose, other than to
> represent the trustee in conducting the case, an attorney that has
> represented the debtor, if in the best interest of the estate, and if
> such attorney does not represent or hold any interest adverse to the
> debtor or to the estate with respect to the matter on which such
> attorney is to be employed.

11 U.S.C. § 327(e).

22.     Retention of an attorney under section 327(e) does not require the same searching

inquiry required for a debtor to retain general bankruptcy counsel under section 327(a).  *See*

*Meespierson Inc. v. Strategic Telecom Inc.*, 202 B.R. 845, 847 (D. Del. 1996) ("[S]pecial counsel

employed under [section] 327(e) need only avoid possessing a conflict of interest concerning the

matter at hand.").

23.     Nevertheless, the phrase "does not represent or hold any interest adverse to the

debtor or to the estate" requires a factual determination of "all relevant facts surrounding the

debtors' case, including, but not limited to, the nature of the debtor's business, all foreseeable

employment of special counsel, [and] the expense of replacement counsel . . . ." *In re*

*Woodworkers Warehouse, Inc.*, 323 B.R. 403, 406 (D. Del. 2005). In general, however, subject

to the requirements of section 327, a debtor-in-possession is entitled to the counsel of its choosing. *In re Vouzianas*, 259 F.3d 103, 108 (2d Cir. 2001) (observing that "[o]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel").

**A.    Paul Hastings's Retention Is Necessary and Is in the Best Interests of the Debtors and Their Estates.**

24.    The Debtors selected Paul Hastings prior to the Petition Date in light of Paul Hastings's extensive experience in financial services regulatory matters. As such, the Debtors believe it is in the best interests of the Debtors and their estates to retain Paul Hastings as special counsel to provide advice related to the Special Regulatory Matters. Moreover, Paul Hastings has extensive institutional knowledge of the Debtors' businesses and financial regulatory issues relevant to these cases. Indeed, Paul Hastings represented the Debtors prior to the Petition Date with respect to financial regulatory matters and Paul Hastings has been advising the Debtors since the Petition Date as an ordinary course professional with respect to the Special Regulatory Matters. If the Debtors are required to retain different counsel to replace Paul Hastings with respect to the Special Regulatory Matters, the Debtors will need to find, educate and integrate new counsel in these matters, and expend significant resources in doing so, which could impact the current chapter 11 case timeline.

25.    Moreover, Paul Hastings has extensive institutional knowledge of the Debtors' businesses, the relationship between the Debtors and Celsius, and the issues being raised by Celsius against the Debtors. This will allow Paul Hastings to efficiently represent the Debtors with respect to the Conflict Matter, avoiding the costs and potential delays that might occur if the Debtors were required to retain new counsel. In this respect, retaining Paul Hastings will avoid unnecessary administrative expenses and delays, result in cost efficiencies, and provide valuable assistance to the Debtors' efforts to reorganize.

10

**B.      Paul Hastings neither Holds nor Represents any Interest Adverse to the Debtors.**

26.      Except as set forth herein and in the Murphy Declaration, based on information provided by Paul Hastings, the partners, counsel, and associates of Paul Hastings do not represent, and do not hold, any interest adverse to the Debtors or their estates, its creditors or equity security holders, its attorneys and accountants, the U.S. Trustee, any person employed by the Office of the U.S. Trustee, or any other party in interest in these chapter 11 cases that is connected to matters for which Paul Hastings is to be retained.

27.      Moreover, the lawyers and staff expected to provide services to the Debtors on behalf of Paul Hastings are not related to the U.S. Trustee assigned to these cases, any person employed in the Office of the U.S. Trustee, or the Bankruptcy Judge presiding over these cases.

## Notice

28.      The Debtors will provide notice of this Application in accordance with the procedures set forth in the *Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 240] (the "Case Management Order"). The Debtors respectfully submit that no further notice is required.

## No Prior Request

29.      No previous request for the relief sought in this Application has been made by the Debtors to this or any other court.

*[Remainder of page intentionally left blank]*

11

WHEREFORE, the Debtors respectfully request entry of the Proposed Order authorizing the employment of Paul Hastings as special regulatory and conflicts counsel, effective as of the Petition Date, and granting such other and further relief as the Court deems just.

Dated: January 25, 2023
       New York, New York

VOYAGER DIGITAL HOLDINGS, INC., *ET AL.*


By: */s/ Stephen Ehrlich*
Stephen Ehrlich
Voyager Digital Holdings, Inc.
Chief Executive Office

# EXHIBIT A

## Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------- X
                                                         :
In re                                                    :      Chapter 11
                                                         :
VOYAGER DIGITAL HOLDINGS, INC., et al.,                  :      Case No. 22-10943 (MEW)
                                                         :      (Jointly Administered)
                               Debtors.¹                 :
-------------------------------------------------------- X
```

### ORDER AUTHORIZING AND APPROVING RETENTION AND EMPLOYMENT OF PAUL HASTINGS LLP AS SPECIAL REGULATORY AND CONFLICTS COUNSEL TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE

Upon consideration of the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for an order pursuant to sections 327(e) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), authorizing the retention and employment of Paul Hastings LLP ("Paul Hastings") effective as of the Petition Date, as special regulatory and conflicts counsel to the Debtors; and upon consideration of the Murphy Declaration and the Ehrlich Declaration; and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]     Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

proper notice of the Application having been given; and the Court having found that (i) the relief requested in the Application is in the best interest of the Debtors, their creditors, and all parties in interest, (ii) the legal and factual bases set forth in the Application, the Murphy Declaration, and the Ehrlich Declaration, and upon the record of any hearing on the Application before this Court establish just cause for the relief granted herein, (iii) Paul Hastings does not represent or hold any interest adverse to the Debtors or their estates with respect to matters on which the Debtors seek to employ Paul Hastings; and upon all of the proceedings had before this Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1.　　The Application is granted and approved to the extent set forth herein.

2.　　In accordance with sections 327(e) and 330 of the Bankruptcy Code, the Debtors are authorized to employ and retain Paul Hastings as their special regulatory and conflicts counsel on the terms set forth in the Application, the Murphy Declaration, and the Ehrlich Declaration, effective as of the Petition Date.  Paul Hastings will charge its regular hourly rates in effect from time to time, as such rates may be increased periodically, annually or otherwise.

3.　　Paul Hastings is authorized to act as the Debtors' special regulatory and conflicts counsel and perform those services described in the Application as follows: (a) advise the Debtors regarding financial services regulatory matters that have arisen and may arise in the Chapter 11 Cases, including but not limited to compliance, litigation, discovery, and related federal and state judicial and administrative proceedings; (b) advise the Debtors on all issues relating to financial services regulatory law and compliance as applied to a debtor-in-possession under the Bankruptcy Code; (c) assist and counsel the Debtors in objecting to and litigating any potential bankruptcy claims by regulatory entities; (d) such other issues as may be assigned by

the Debtors in relation to (a) through (c) above; and (e) filing and prosecuting a claim in the chapter 11 cases of Celsius Network LLC and its affiliated debtors and debtors in possession and opposing the late filed claim of Celsius Network LLC in the Debtors' Chapter 11 Cases.

4. Paul Hastings shall be compensated for its services and reimbursed for any related expenses in accordance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Amended Guidelines, the Local Rules, and any other application procedures and orders of the Court. Paul Hastings shall make a reasonable effort to comply with the U.S. Trustee's request for information and additional disclosures set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, both in connection with the Application and all applications for compensation and reimbursement of expenses filed by Paul Hastings in the Chapter 11 Cases. The Debtors shall be jointly and severally responsible for Paul Hastings' compensation and reimbursement of expenses in the Chapter 11 Cases.

5. Paul Hastings shall provide no less than ten business days' notice to the Debtors, the U.S. Trustee, and counsel to any official committee before implementing rate increases in the Chapter 11 Cases and shall file such notice with the Court.

6. Paul Hastings shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are hired by Paul Hastings solely to provide services to the Debtors and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and the Bankruptcy Rules.

7. Paul Hastings shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in the Chapter 11 Cases.

8.      Paul Hastings shall not withdraw as the Debtors' counsel prior to the effective date of any chapter 11 plan confirmed in the Chapter 11 Cases without prior approval of this Court in accordance with Local Rule 2090-1(e).

9.      To the extent the Application, the Murphy Declaration, or the Paul Hastings Agreement is inconsistent with this Order, the terms of this Order shall govern.

10.     Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

11.     The Debtors and Paul Hastings are authorized and empowered to take all necessary actions to implement the relief granted in this Order.

12.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order, including without limitation any disputes as to fees or as to the services provided by Paul Hastings.

Dated: _____, 2023          _____
        New York, New York                  THE HONORABLE MICHAEL E. WILES
                                             UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT B

## Paul Hastings Agreement



1(404) 815-2217
chrisdaniel@paulhastings.com

July 28, 2021

*Via email to dbrill@investvoyager.com*

David Brosgol
General Counsel
Voyager Digital, LLC
33 Irving Place, 3rd Floor
New York, N.Y. 10003

Re: Engagement Letter

Dear David:

It is a pleasure for Paul Hastings LLP (the "Firm") to represent Voyager Digital, LLC ("Client") in the below matter. The purpose of this letter is to set forth the terms and conditions that will govern our relationship, consistent, of course, with the rules of professional conduct which apply to all attorneys.

### SCOPE OF REPRESENTATION

The Firm will represent Client with respect to general financial services regulatory advice. Our engagement may include other matters as may be assigned from time to time. Our engagement is limited to the legal services described herein, and does not include representation of any or all client affiliates including any parent and/or subsidiaries of Client. It does not include any business, investment, insurance or accounting advice, any investigation into the character or credit status of persons or entities with whom you may be dealing, or the handling of an appeal in the case of litigation. We will, of course, be happy to perform additional services on this or future matters for Client subject to the Firm's written confirmation on mutually agreeable terms.

### FEE ARRANGEMENT & STAFFING

Fees for our legal services are based on the time which we devote to this matter. We are pleased to extend to Client a 20% discount off of the Firm's standard rates. Chris Daniel, partner, will have primary responsibility for our services to Client and his hourly rate after discount is $1,100. The other persons we presently anticipate devoting time to this matter are LK Greenbacker, associate, whose hourly rate after discount is $772; Kelly Lersch, associate, whose hourly rate after discount is $548; and Sarah Quattrocchi, associate, whose hourly rate after discount is $520.

It may be necessary or advisable to delegate various portions of this matter to other Firm attorneys. Their hourly rates currently range from $680 to $1,675. In an effort to provide legal services efficiently, we will assign tasks in a manner commensurate with the level of expertise required. We may also employ the services of paralegal personnel and other support staff where appropriate. Paralegal hourly rates currently range from $165 to $630. The Firm's rates are periodically revised which may result in an increase in the foregoing rates.

In the course of our representation, it will be necessary for the Firm to incur certain costs and service charges. The services for which we customarily charge clients include, but are not limited to, computer support, document reproduction, on-line or computerized legal research, facsimile charges, messenger and courier services, postage charges, printing, secretarial or administrative overtime, travel and parking, and document processing services.

Paul Hastings LLP | 1170 Peachtree Street N.E. | Suite 100 | Atlanta, GA 30309
t: +1.404.815.2400 | www.paulhastings.com



July 28, 2021
Page 2

After obtaining your permission, we may contract with outside parties (including experts) for services in connection with our representation of Client. We also may forward any third-party invoice to Client and ask you to pay the invoice directly. Client is responsible for the payment of all fees, costs and expert services in connection with this matter.

## BILLING PROCEDURES

We will normally send monthly statements for our fees and costs. We expect each monthly statement to be paid promptly upon presentation (i.e. no later than the 30th day after the date of receipt). You have the right to receive the form of our statement of services in any reasonable manner you choose, and to which we agree, including a bill reflecting daily time entries, or summary bill. Payment may be sent directly to the Accounting Department of our Firm in Los Angeles or wired directly to our Firm's bank account in either New York or Los Angeles in accordance with the instructions on each statement. From time to time you may ask us for estimates of fees and costs for the work which we will perform for Client. We will be happy to provide Client with such estimates with the understanding they will be just that – estimates. We cannot guarantee that the actual fees and costs will not be higher than estimated amounts, because our assigned tasks sometimes involve unexpected difficulties which take additional time and effort to resolve.

The attorney-client relationship is one of mutual trust and confidence. We encourage our clients to feel free to raise questions about any billing matters. If Client disagrees on any billing issue, we will try to resolve the differences among ourselves. If we cannot resolve our differences, we may be required, consistent with applicable ethics rules, to withdraw from the matter. We hope and expect that our attorney-client relationship will be smooth and harmonious. However, if a problem or dispute does arise, we are committed to the principle of alternative dispute resolution.

## CLIENT FILES

Generally, the Firm keeps client files for seven (7) years after we have concluded a specific representation. After that time, we may destroy those files, unless we are instructed otherwise. If Client wants us to keep its files for a longer period, please tell us. Client is entitled to secure the original files upon reasonable notice. If Client wishes to secure a copy of the original files, you agree to notify the Firm in writing.

## TERMINATION OF REPRESENTATION

While we hope that our relationship will be long and mutually satisfying, Client nevertheless has the right to terminate the Firm's engagement on this matter by notice at any time. The Firm has the right to terminate its relationship with you in the event that you fail to pay our fees and costs in timely manner, if the Firm feels that your lack of cooperation renders it unreasonably difficult to carry out our representation effectively, or for any other reason, in each circumstance consistent with applicable ethical standards. Following termination, the Firm will provide reasonable assistance in effecting a transfer of responsibilities to new counsel, and promptly bill Client for all outstanding services and costs incurred through the termination date. Client agrees to pay for any copy of the file provided to successor counsel.

Upon the termination of the representation, our attorney-client relationship with you will end, and we shall have no continuing obligation to advise you on any matter unless we otherwise expressly agree in writing. This agreement is governed by the laws of the State of New York and shall not be modified or amended except in writing signed by both Client and the Firm.



July 28, 2021
Page 3

## WAIVER

Our engagement on behalf of Client is understood to include your consent to our representation of other present or future clients in transactions in which we have not been engaged to represent you and in which you may have other counsel, and in which one of our other clients would be adverse to you; provided, however, that we will give you advance notice in the event of any such representation; and provided, further, that we would only undertake such representation of other clients under circumstances in which we know that the matters are not substantially related, that is, we know we do not possess confidential or proprietary information of a non-public nature from Client which if known to such other client(s), could be used to your disadvantage. In addition, in any matter where there is direct adversity between Client and a current or future client of the Firm, the Firm will firewall those attorneys that work on the Client matter from the other matter. We, of course, will not enter into any litigation, contested matters including seeking equitable relief, and those related to insolvency adverse to Client without seeking your further consent.

We have asked, and are entering into, similar engagement letters with many of our other clients, so that we can likewise preserve our ability to represent you. In this regard, we have discussed the Firm's past and ongoing representation of numerous other clients in matters that are not currently adverse to Client. As we discussed, we are not aware of any current adversity between Client and other companies we represent.

Please advise the Firm if you have any questions about the nature of our relationship with you. If the arrangement described above is acceptable, please sign this letter and return a copy of it to me via email. We look forward to working with you.

Sincerely,

Chris Daniel
of PAUL HASTINGS LLP

UNDERSTOOD AND AGREED:

Dated: _7/28/2021_

Voyager Digital, LLC
DocuSigned by:

60AF9787C3FC4E8...

## <u>EXHIBIT C</u>

**Murphy Declaration**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ X
                                                             :
*In re*                                                      :    Chapter 11
                                                             :
VOYAGER DIGITAL HOLDINGS, INC., *et al.*, :    Case No. 22-10943 (MEW)
                                                             :    (Jointly Administered)
                                       Debtors.[1]           :
------------------------------------------------------------ X

### DECLARATION OF MATTHEW M. MURPHY IN SUPPORT OF DEBTORS' APPLICATION PURSUANT TO SECTIONS 327(e) AND 330 OF THE BANKRUPTCY CODE FOR AUTHORITY TO EMPLOY AND RETAIN PAUL HASTINGS LLP AS SPECIAL REGULATORY AND CONFLICTS COUNSEL, EFFECTIVE AS OF THE PETITION DATE

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), I, Matthew M. Murphy, declare as follows:

1.      I am a partner of the law firm of Paul Hastings LLP ("Paul Hastings"), located at, among other offices worldwide, 71 S. Wacker Drive, Forty-Fifth Floor, Chicago, Illinois 60606. I am one of the lead attorneys from Paul Hastings working on the above-captioned chapter 11 cases. I am a member in good standing of the Bar of the State of Illinois and have been admitted *pro hac vice* to this Court. There are no disciplinary proceedings pending against me.

2.      I submit this declaration in support of the *Debtors' Application Pursuant to Sections 327(e) and 330 of the Bankruptcy Code for Authority to Retain and Employ Paul Hastings LLP as Special Regulatory and Conflicts Counsel, Effective as of the Petition Date*

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

(the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order authorizing the employment and retention of Paul Hastings as the Debtors' special regulatory and conflicts counsel under the terms and conditions set forth in the Application.

3.    The facts set forth in this declaration are based upon my personal knowledge, discussions with other Paul Hastings attorneys, and the firm's client/matter records that were reviewed by me or other Paul Hastings attorneys acting under my supervision and direction.  To the extent any information disclosed in this declaration requires amendment or modification upon Paul Hastings' completion of further review or as additional information becomes available, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

## The Debtors' Retention of Paul Hastings

4.    In July 2021, the Debtors and Paul Hastings entered into an engagement letter (the "Paul Hastings Agreement"), a copy of which is attached as Exhibit B to the Application.  Since then, Paul Hastings has represented one or more of the Debtors on their financial services regulatory matters.  Since the Petition Date, in accordance with the OCP Order, Paul Hastings has served as an ordinary course professional to the Debtors in the Chapter 11 Cases.  In accordance with the OCP Order, on August 17, 2022, Paul Hastings filed the *Declaration of Disinterestedness of Paul Hastings LLP Pursuant to the Order Authorizing the Retention and Compensation of Professionals Utilized in the Ordinary Course of Business* [Docket No. 303]. As the Chapter 11 Cases have progressed, the Debtors have requested additional services from Paul Hastings and expanded its role as financial services regulatory and conflicts counsel.  As a

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Application.

result, Paul Hastings' fees have exceeded the fee caps set forth in the OCP Order. Pursuant to
the OCP Order, the Debtors and Paul Hastings requested increased fee caps, which were denied.

5.      As a result and in accordance with the OCP Order, by the Application, the
Debtors seek authorization to retain Paul Hastings as special regulatory and conflicts counsel to
provide the following services to the extent necessary and as requested by the Debtors: (a) advise
the Debtors regarding financial services regulatory matters that have arisen and may arise in the
Chapter 11 Cases, including but not limited to compliance, litigation, discovery, and related
federal and state judicial and administrative proceedings; (b) advise the Debtors on all issues
relating to financial services regulatory law and compliance as applied to a debtor-in-possession
under the Bankruptcy Code; (c) assist and counsel the Debtors in objecting to and litigating any
potential bankruptcy claims by regulatory entities; (d) such other issues as may be assigned by
the Debtors in relation to (a) through (c) above (collectively, the "Special Regulatory Matters");
and (e) filing and prosecuting a claim in the chapter 11 cases of Celsius Network LLC and its
affiliated debtors and debtors in possession and opposing the late filed claim of Celsius Network
LLC in the Debtors' Chapter 11 Cases (the "Conflict Matter").

6.      The Debtors seek authorization to retain Paul Hastings as of the Petition Date,
because the firm rendered services on the Debtors' behalf in excess of the OCP fee caps since
that date.

### Paul Hastings' Qualifications

7.      The Paul Hastings' attorneys who represent the Debtors in the chapter 11 cases
have represented the Debtors with respect to their regulatory matters since July 2021, a copy of
the Engagement Letter is attached to the Application as Exhibit B. Further, the Paul Hastings
Fintech team, led by Chris Daniel has been rated Band 1 by Chambers USA from 2020-2023. In

addition, Paul Hastings' lawyers have played a significant role in numerous chapter 11 cases, including representing debtors in AbitibiBowater; Adelphia Communications; Aerosoles, ALCO Stores; Allegiance Telecom; Alta Mesa; American Airlines; Atlas Energy; Calpine Corporation; Castex Energy Partners; Charming Charlie Holdings Inc.; Chisholm Oil & Gas; Circuit City Stores; CIT Group; Comdisco; Compute North Holdings; Cred Inc.; Cypress Environmental Partners; Dictaphone; Education Holdings 1; EHT US1, Inc.; Enron; FairPoint Communications; Fruit of the Loom; Furniture Brands International; General Growth Properties; GT Advanced Technologies; Hostess Brands; Innkeepers USA; Kmart; Lehman Brothers; Magna Entertainment; Mark IV Industries; McLeod USA; Molycorp; National Steel; NewPage; One Aviation; OneWeb Global Limited; Pioneer Energy Services; Quotient Limited; Reddy Ice; Refco; Sabine Oil & Gas Corporation; Sable Permian; SandRidge Energy; Six Flags; Spansion; The Clare; United Airlines; US Airways; Vanguard Natural Resources; Velti; Visteon Corporation; Washington Mutual; WorldCom; and Zenith Electronics.

8.      Based on its regulatory expertise in the cryptocurrency industry and its services to the Debtors to date, Paul Hastings is intimately familiar with the complex financial services regulatory issues impacting the Debtors and is well suited to serve as their special regulatory and conflicts counsel.

## Paul Hastings' Disclosure Procedures

9.      Paul Hastings has a large and diversified legal practice that encompasses the representation of many financial institutions and commercial corporations.  In preparing this declaration, I used a set of procedures developed by Paul Hastings to ensure compliance with the applicable requirements of the Bankruptcy Code and the Bankruptcy Rules regarding the retention of professionals (the "Firm Disclosure Procedures").  Pursuant to the Firm Disclosure

Procedures, I caused to be performed the actions described below to identify Paul Hastings' connections to parties in interest in these proceedings.

10.    In preparing this declaration, I caused to be submitted for review under our conflicts check system the names of parties in interest in the Chapter 11 Cases identified on Schedule 1 hereto (collectively, the "Interested Parties").[3]    The Schedule 1 Interested Parties include names provided by counsel for the Debtors.    The results of our conflict check were compiled and analyzed by Paul Hastings attorneys acting under my supervision.[4]

### Paul Hastings' Connections with Interested Parties

11.    Paul Hastings and certain of its partners, of counsel, and associates may have in the past represented, may currently represent, and likely in the future will represent, entities that may be parties in interest in the Chapter 11 Cases in connection with matters unrelated (except as otherwise disclosed herein) to the Debtors and the Chapter 11 Cases.    Paul Hastings has searched on its electronic database for its connection to the Interested Parties on Schedule 1 attached hereto.    To the extent such searches indicated that Paul Hastings has performed any services for any such entity within the last five years, the identity of such entity and the nature of Paul Hastings' relationship with such entity are set forth in Schedule 2 hereto.

12.    To the best of my knowledge, based on the review procedures described above, Paul Hastings does not have any "connection" to the Interested Parties, except as described in this declaration.    Neither the term "connection," as used in Bankruptcy Rule 2014, nor the proper

---

[3]    Paul Hastings' inclusion of any parties in the attached schedules is solely to illustrate Paul Hastings' conflict search process and is not an admission that any party has a valid claim against the Debtors or that any party properly belongs in the schedules or has a claim or legal relationship to the Debtors of the nature described in the schedules.

[4]    The list of Interested Parties may be changed without our knowledge and may change during the pendency of the Chapter 11 Cases.    Accordingly, Paul Hastings will update this declaration as necessary and when Paul Hastings becomes aware of additional material information.

scope of a professional's search for "connection" has been defined, and I am therefore uncertain what this Court may consider a "connection" requiring disclosure. Out of an abundance of caution, therefore, I am disclosing many representations that are not, to my understanding, disqualifying or problematic under the Bankruptcy Code or applicable standards of professional ethics.

13.       Neither I, nor any partner, of counsel, or associate of Paul Hastings, as far as I have been able to ascertain, has any connection with the Interested Parties, except as set forth below or otherwise in this declaration (including the Schedules hereto):

a.      Attached hereto as <u>Schedule 2</u> and incorporated herein by reference is a list of Interested Parties (or their affiliates) whom Paul Hastings represents, or has represented within the last five years, in matters ***<u>unrelated</u>*** to the matters on which the Debtors seek to retain Paul Hastings. Although Paul Hastings has represented, currently represents, and may continue to represent certain entities and individuals listed on <u>Schedule 2</u> hereto, Paul Hastings will not represent any such entity or individual in the Chapter 11 Cases.

b.      Certain current and former officers of Celsius Network LLC, in their individual capacity, are current clients of Paul Hastings in government investigation and civil litigation matters unrelated to the Debtors.

c.      BAM Trading Services Inc. (d/b/a Binance U.S.) is a current client of Paul Hastings in regulatory and transactional matters unrelated to the Debtors. The fees collected by Paul Hastings in connection with such representation accounted for less than approximately 0.07% of the aggregate fees collected by Paul Hastings during the firm's fiscal year ending January 31, 2022. BAM Trading Services Inc. sought to engage Paul Hastings to represent it as a buyer of the Debtors' assets, but after conversations with the Office of the United States Trustee, Paul Hastings declined to pursue taking on the engagement.

d.      Binance Capital Management Co. Ltd. is a former client of Paul Hastings. The fees collected by Paul Hastings in connection with such representation accounted for less than approximately 0.02% of the aggregate fees collected by Paul Hastings during the firm's fiscal year ending January 31, 2022.

e.      Paul Hastings has been retained to act as lead counsel to the Official Committee of Unsecured Creditors in the chapter 11 cases of FTX Trading Ltd. and certain of its affiliates.

f.      Each of the entities and individuals identified on <u>Schedule 2</u> (and any affiliates thereof) for whom Paul Hastings has performed services accounted for 1% or less of Paul Hastings' fees collected for the firm's fiscal year ending January 31, 2022, except for Alphabet, Inc. and Wells Fargo & Company, each of whom (and related entities) accounted for less than 1.3% of such revenues.  I do not believe that Paul Hastings' connection to such entities precludes it from representing the Debtors, but disclose such connections out of an abundance of caution.

g.      Certain Interested Parties may be creditors of existing debtor clients of Paul Hastings or may have been creditors of former clients of Paul Hastings.  In addition, certain Interested Parties may have been members of other official creditors' committees represented by Paul Hastings.

h.      Paul Hastings will not represent any entity other than the Debtors in the Chapter 11 Cases.

i.      In matters unrelated to the Chapter 11 Cases, Paul Hastings has worked with professionals that the Debtors or other parties in interest have retained or are seeking to retain in the Chapter 11 Cases, including attorneys and financial advisors for such parties. From time to time, Paul Hastings has referred work to other professionals retained or to be retained in the Chapter 11 Cases.  Likewise, certain such professionals have referred work to Paul Hastings.

j.      Certain insurance companies pay the legal bills of certain Paul Hastings clients.  Some of these insurance companies may be involved in the Chapter 11 Cases.  None of these insurance companies, however, are Paul Hastings clients as a result of this situation

k.      Several attorneys at Paul Hastings have professional or social relationships with firms or professionals at firms that represent clients with interests adverse to the Debtors.  In addition, several attorneys at Paul Hastings have spouses, parents, children, siblings, fiancés or fiancées who are attorneys at other law firms or companies.  Also, certain attorneys at Paul Hastings may have spouses, parents, children, siblings, fiancés or fiancées who are employees of one or more of the Debtors.  Paul Hastings has strict policies against disclosing confidential information to anyone outside of Paul Hastings, including spouses, parents, children, siblings, fiancés and fiancées.

l.      Certain Paul Hastings attorneys, paraprofessionals and/or employees may hold interests in mutual funds or other investment vehicles that may be

7

creditors of the Debtors, and certain Paul Hastings attorneys, paraprofessionals and/or employees maintain accounts and have deposited funds with the Debtors.

m.  Paul Hastings attorneys have, in the past, clerked or interned for certain Judges in the U.S. District Court or the U.S. Bankruptcy Court for the Southern District of New York.  In addition, Paul Hastings attorneys have, in the past, worked at law firms at which certain Judges in the U.S. Bankruptcy Court or the U.S. District Court for the Southern District of New York were employed or were partners.

14.     Despite the efforts described above to identify and disclose Paul Hastings' connections with parties in interest in the Chapter 11 Cases, Paul Hastings is unable to state with certainty that every client representation or other connection has been disclosed.  In this regard, if Paul Hastings discovers additional information that requires disclosure, Paul Hastings will file a supplemental disclosure with the Court.

15.     I am not related to and, to the best of my knowledge, no other attorney at Paul Hastings is related to: (a) any United States Bankruptcy Judge for the Southern District of New York or any United States District Court Judge for the Southern District of New York or (b) the United States Trustee for the Southern District of New York, or any person employed by the Office of such United States Trustee.

16.     Based on the foregoing and except as provided herein, to the best of my knowledge, information, and belief formed after reasonable inquiry, Paul Hastings does not: (a) represent any interest adverse to the Debtors or their estates with respect to the Special Regulatory Matters or the Conflict Matter or (b) have any connection with the Debtors, any creditors or other parties in interest, their respective attorneys and accountants, the United States Trustee for the Southern District of New York, or any person employed by the Office of such United States Trustee.

**Compensation of Paul Hastings**

17.     Paul Hastings shall apply for compensation for professional services rendered and
reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with
sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules,
the Local Rules, the Amended Guidelines, the Interim Compensation Order, and any other
applicable procedures and orders of the Court.

18.     The hourly rates and corresponding rate structure Paul Hastings will use in the
Chapter 11 Cases are generally the same as the hourly rates and corresponding rate structure that
Paul Hastings uses in similar matters (with the exception of Puerto Rico's Title III cases), as well
as other complex transactional and litigation matters whether in court or otherwise, regardless of
whether a fee application is required and regardless of the location of the chapter 11 cases.  Paul
Hastings' rates and rate structure reflect that such restructuring and other complex matters
typically are national and international in scope and involve great complexity, high stakes, and
severe time pressures.

19.     Paul Hastings operates in a national marketplace for legal services in which rates
are driven by multiple factors relating to the individual lawyer, his or her area of specialization,
the firm's expertise, performance, and reputation, the nature of the work involved, and other
factors.  Paul Hastings' current customary hourly rate ranges in the United States are as follows:

| Timekeeper Category | U.S. Hourly Rate Range |
| --- | --- |
| Partners | $1,400 - $2,075 |
| Of Counsel | $1,400 - $2,000 |
| Associates | $800 - $1,320 |
| Paraprofessionals | $275 - $600 |

20.     Paul Hastings' hourly rates are set at a level designed to compensate it fairly for
the work of its attorneys and paraprofessionals and to cover fixed and routine expenses.  Hourly
rates vary with the experience and seniority of the individuals assigned.  I believe these rates are

reasonable and commensurate with the hourly rates of other firms of similar size and expertise. Paul Hastings' hourly rates are subject to periodic adjustments to reflect economic and other conditions.[5]

21.    It is Paul Hastings' policy to charge its clients in all areas of practice for expenses incurred in connection with a client's case.  The expenses charged to clients include, among other things, photocopying; witness fees; travel expenses; filing and recording fees; long distance telephone calls; postage; express mail and messenger charges; computerized legal research charges and other computer services; expenses for "working meals"; and telecopier charges. Paul Hastings will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to its other clients, subject to this Court's approval.  Paul Hastings believes that failure to charge these expenses would require the firm to increase its current hourly rates.

22.    Paul Hastings currently charges $0.08 per page for standard black and white duplication and $0.50 per page for standard color copies in its offices in the United States.  Paul Hastings does not charge its clients for incoming facsimile transmissions.  Because Paul Hastings believes that on-line legal research (*e.g.*, LEXIS and WESTLAW) is far more cost-efficient than manual research using hardbound volumes, Paul Hastings encourages computerized legal research even though it is not a profit center for Paul Hastings.

---

[5]    For example, like many of its peer law firms, Paul Hastings adjusts the hourly billing rate of attorneys and paraprofessionals in the form of:  (i) step increases historically awarded in the ordinary course on the basis of advancing seniority and promotion and (ii) periodic increases within each attorney's and paraprofessional's current level of seniority.  The step increases do not constitute "rate increases" (as the term is used in the Appendix B Guidelines)*.* As set forth in the Proposed Order, Paul Hastings will provide ten business days' notice to the Debtors, the U.S. Trustee, and counsel to any official committee before implementing periodic increases, and shall file any such notice with the Court.

23.     During the 90-day period before the Petition Date, Paul Hastings received from the Debtors a total of approximately $1,414,377.00 for services rendered, and costs and expenses incurred, in representing the Debtors.

24.     As of the Petition Date, Paul Hastings held an advance payment retainer in the amount of approximately $361,176.00.  Paul Hastings applied such funds to the payment of its fees for services rendered and reimbursement of its expenses incurred in accordance with the OCP Order.

25.     Paul Hastings has agreed to accept as compensation for its services in these cases such sums as may be allowed by this Court, based upon the time spent and services rendered, the results achieved, the difficulties encountered, and other appropriate factors.  Paul Hastings has not received any promises as to payment or compensation in connection with the Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code and as disclosed herein.  Paul Hastings has not agreed to share any of its compensation from the Debtors with any other person, other than the partners, counsel, associates, and staff employed by Paul Hastings as permitted by section 504 of the Bankruptcy Code.  The proposed retention of Paul Hastings is not prohibited by Bankruptcy Rule 5002.

## **Other Professionals**

26.     I am informed that, in addition to Paul Hastings, the Debtors have retained, among other professionals, (a) Kirkland & Ellis, LLP as the Debtors' counsel, (b) BRG and Moelis & Company LLC as financial advisors, and (c) Quinn Emanuel Urquhart & Sullivan, LLP as special counsel to provide independent advice to, and act at the exclusive direction of, the special committee of Voyager LLC. Paul Hastings will use its best efforts to avoid any

duplication of services provided by the Debtors' other retained professionals in the Chapter 11 Cases.

### Statement Regarding U.S. Trustee Appendix B Guidelines

27.    Paul Hastings intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and disclosures both in connection with the Application and the interim and final fee applications the firm will file.  Paul Hastings reserves all rights as to the relevance and substantive legal effect of the Appendix B Guidelines in the Chapter 11 Cases.

28.    Paul Hastings provides the following response to the request for information set forth in Paragraph D.1. of the Appendix B Guidelines.

| | |
|---|---|
| Question: | Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? |
| Response: | Yes. At the time of Paul Hasting's engagement in July 2021, as a courtesy to the Debtors and based on circumstances unique to this client at that time, Paul Hastings reduced its hourly rates by twenty percent (20%). |
| Question: | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
| Response: | No. |
| Question: | If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference. |
| Response: | Paul Hastings billing arrangements are set forth above. |
| Question: | Has your client approved your prospective budget and staffing plan, and, if so, for what budget period? |
| Response: | The Debtors and Paul Hastings expect to work together to develop a budget and staffing plan for the period from entry of an order approving Paul Hastings' retention through the effective date of any plan in these Chapter 11 Cases. |

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 25th day of January, 2023

/s/ Matthew M. Murphy
Matthew M. Murphy

## Schedule 1

### Parties in Interest as of 12-14-22

**Debtors**
Voyager Digital Holdings, Inc.
Voyager Digital Ltd.
Voyager Digital LLC

**Current and Former Debtor Affiliates**
Coinify Financial Services ApS Denmark
Coinify Global Solutions Inc. USA Delaware
Coinify Ltd. [United Kingdom]
Coinify Payments OU Estonia
Coinify Technologies ApS Denmark
HTC Trading, Inc. Cayman Islands
LGO SAS France
Voyager Digital Brokerage Canada Ltd. Canada
Voyager Digital Brokerage Ltd. Canada
Voyager Digital Holdings, Inc.
Voyager Digital Ltd.
Voyager Digital NY LLC USA Delaware
Voyager Digital, LLC
Voyager Digital, LLC USA Delaware
Voyager Europe France
Voyager European Holdings ApS Denmark
Voyager IP, LLC USA Delaware
VYGR Holdings, LLC USA Delaware
VYGR Management LLC USA Delaware

**Current and Former Directors and Officers**
**Current D&O**
Jennifer Ackart
Janice Barrilleaux
Brian Brooks
David Brosgol
Daniel Costantino
Mark Egert
Stephen Ehrlich
Philip Eytan
Jill Frizzley
Rakesh Gidwani
Gerard Hanshe
Marshall Jensen
Pam Kramer
Michael Legg
Tim Pohl
Ashwin Prithipaul
Evan Psaropoulos

Matt Ray
Glenn Stevens
Krisztian Toth
Scott Vogel

**Former D&O**
Lewis Bateman
Gaspard Aupepin de Lamothe Dreuzy
Guy Elliott
Victor Hugo
Jordana Keslassy
Serge Kreiker
Akbar Ladhani
Shingo Lavine
Jeffrey B. Lightfoot
Jarrett Lilien
Brandi Reynolds
Erin Walmesley

**Banks/Lenders/Administrative Agents**
Alameda Research Ltd.
Alameda Ventures Ltd.
Anchorage Digital Bank N.A.
Anchorage Lending CA, LLC
Bank of Montreal
BitGo Prime, LLC
BMO
Galaxy Digital LLC
Genesis Global Capital, LLC
Metropolitan Commercial Bank
Signature Bank
Silvergate Bank
Tesseract Group Oy
Three Arrows Capital Ltd.

**Contract Parties**
Amazon
Celsius
Chainalysis Inc.
Copper Technologies (UK) Limited
Cumberland DRW LLC
Dallas Basketball Limited (Dallas Mavericks)
Dinwiddie, Inc.
DV Chain, LLC
FiCentive, Inc.

Fireblocks Inc.
Fireblocks Ltd.
Gronk Endorsements LLC
JSCT, LLC (Jane Street)
Landon Cassill, Inc.
Ledger Technologies Inc.
Tai Mo Shan Limited
Talos Trading, Inc.
ThoughtWorks, Inc.
Usio, Inc.
Wintermute Trading Ltd.

**Customers**
[CONFIDENTIAL]

**Insurance**
CAC Specialty Co.
Euclid's Lloyds of London Syndicate
FirstBrook Cassie & Anderson Ltd.
Great Midwestern Insurance Co.
Hartford Fire Insurance Company
Hartford Underwriters Insurance Company
MJD3 Associates, LLC
Relm Insurance Limited
XL Specialty Ins. Company

**Landlords**
Regus
WeWork Inc.

**Litigation**
Alabama, State of, Securities Commission
Berk, Jordan
California, State of, Business, Consumer
    Services & Housing Agency, Department of
    Financial Protection & Innovation
Cassidy, Mark
Celsius Network LLC
Indiana, State of, Securities Division
Kentucky, Commonwealth of, Department of
    Financial Institutions
Metropolitan Commercial Bank
New Jersey, State of, Bureau of Securities
Aaron Niman
Oklahoma, State of, Department of Securities
South Carolina, State of, Securities
    Commissioner
Texas, State of, Securities Board
US Bank NA
Vermont, State of, Department of Financial
    Regulation

Washington, State of, Department of Financial
    Institutions, Securities Division

**Potential M&A Transaction Counterparties**
[CONFIDENTIAL]

**Professionals**
**Bankruptcy Professionals**
Berkeley Research Group, LLC (BRG)
Deloitte Tax LLP / Deloitte & Touche
Fasken Martineau DuMoulin LLP
Grant Thornton US / Grant Thornton LLP
Kirkland & Ellis LLP
Moelis & Company
Quinn Emmanuel
Stretto
Valuation Research Corp.

**Ordinary Course Professionals**
Berger Singerman LLP
Campbells Legal (BVI) Limited
Conyers Dill & Pearman
Day Pitney LLP
Fragomen, Del Rey, Bernsen & Loewy, LLP
Frankfurt Kurnit Klein & Selz, P.C.
Jackson Lewis P.C.
Jenner & Block LLP
Kramer Levin Naftalis & Frankel LLP
Lowenstein Sandler LLP
Mintz & Gold LLP
Seyfarth Shaw LLP
Troutman Pepper Hamilton Sanders LLP
Walkers Corporate Limited
[CONFIDENTIAL]

**Significant Equityholder**
Alameda Research Ventures LLC

**Taxing Authorities/ Government/ Regulatory
Agencies**
Alabama, State of, Department of Revenue
Alaska, State of, Department of Revenue
Arizona, State of, Department of Revenue
Arkansas, State of, Department of Finance &
    Administration
California, State of, Franchise Tax Board
Connecticut, State of, Department of Revenue
    Services
Delaware, State of, Department of Revenue
Florida, State of, Department of Revenue
Georgia, State of, Department of Revenue

Idaho, State of, Tax Commission
Illinois, State of, Department of Revenue
Indiana, State of, Department of Revenue
Iowa, State of, Department of Revenue
Kansas, State of, Department of Revenue
Kentucky, Commonwealth of, Department of Revenue
Louisiana, State of, Department of Revenue
Maine, State of, Department of Revenue Services
Maryland, State of, Comptroller
Michigan, State of, Department of Treasury
Minnesota, State of, Department of Revenue
Mississippi, State of, Department of Revenue
Nebraska, State of, Department of Revenue
New Hampshire, State of, Department of Revenue Administration
New Jersey, State of, Division of Taxation
New Mexico, State of, Department of Tax & Revenue
North Carolina, State of, Department of Revenue
North Dakota, State of, Office of State Tax Commissioner
Oklahoma, State of, Tax Commission
Oregon, State of, Department of Revenue
Pennsylvania, Commonwealth of, Department of Revenue
Rhode Island, State of, Division of Taxation
South Carolina, State of, Department of Revenue
Tennessee, State of, Deparment of Revenue
Texas, State of, Comptroller of Public Accounts
Utah, State of, State Tax Commission
Virginia, Commonwealth of, Department of Taxation
Washington, D.C., Office of Tax & Revenue
West Virginia, State of, Tax Department
Wisconsin, State of, Department of Revenue

**Top 50 Unsecured Creditors**
Alameda Research
[CONFIDENTIAL]

**U.S. Trustee Personnel, Judges, and Court Contacts for the S.D.N.Y.**
Susan Arbeit
Judge Lisa G. Beckerman
Mark Bruh
Judge Shelley C. Chapman
Shara Cornell

Judge Robert D. Drain
Judge James L. Garrity, Jr.
Chief Judge Martin Glenn
William K. Harrington
Benjamin J. Higgins
Judge David S. Jones
Judge Sean H. Lane
Brian S. Masumoto
Judge Cecelia G. Morris
Richard C. Morrissey
Linda A. Riffkin
Andrea B. Schwartz
Paul K. Schwartzberg
Shannon Scott
Tara Tiantian
Andy Velez-Rivera
Annie Wells
Judge Michael E. Wiles
Greg M. Zipes

**Utilities**
Phone.com
Verizon Wireless
WeWork Inc.

**Vendors**
Accretive Capital dba Benzinga
Accura Advokatpartnerselskab
Accurate Staffing Solutions Corp.
Actimize, lnc.
Ada Support Inc.
Adobe
Advokaadibüroo Cobalt OÜ (COBALT Law firm)
Aiven
Amalgamated Suncoast Portfolio LLC (Charlie Shrem)
Amazon Web Services
Amazon Web Services, Inc.
American Airlines
Anthony Duclair
Aon Consulting Inc.
App.bitrise.io
Apple
Apple Inc.
Apple Search Ads
Appsflyer
Arrow Search Partners
Atlassian
Authentic8, Inc.
Vijay Kumar B.

Ba Int - Usd
Baker & McKenzie LLP
Barefoot LLC
Bateman Capital Inc.
Bates Group LLC
Beekman Social LLC
Behmer & Blackford LLP
Chandler Belk
Alejandro Benabe
Berger Singerman LLP
BetterInvesting
Beutler Enterprises Inc. d/b/a Beutler Ink
Beyond Studios
Big Outdoor Holdings, LLC
BitGo, Inc.
Blackwired (US), Inc.
Blockchain Association
Blockdaemon, Inc.
Bloomberg Finance L.P.
BPM LLP
Brill Advisors, LLC
British Airways
Broadridge
Jalen Brunson
BTC Media
Buddakan
Campbells LLP
Canada Revenue Agency
Carbone
Carbone NYC
Landon Cassill
CC API
CC Data
CCM Advisory LLC
CDW, LLC
Certified Kernel Tech LLC
Chord Advisors LLC
Citigate Dewe Rogerson Ltd.
Cloud Posse, LLC
Cloudflare, Inc.
CNW Group Ltd.
Cockroach Labs, Inc.
Danielle Colaprico
ColorArt
Complex Sports & Entertainment
Computershare
Consensus 2022
CorCom LLC
Cordell Ratzlaff
Crypto Rating Council
CSC (Corporation Service Company)

CXG Holdings, Inc.
Cyber Job Central, LLC
Cypress Group Staffing, Inc.
Data.ai Inc. (fka App Annie Inc.)
Datadog, Inc.
Daversa Partners
Ashtyn Davis
Day Pitney LLP
Delta Air Lines
Delta Airlines
Devexperts Sofia Ltd.
Digital Niche Agency
Spencer Dinwiddie
Distinguished Search LLC
Docker Inc.
Donnelley Financial Solutions Canada
Corporation
Dropbox
Elasticsearch, Inc.
Elevate Brand Marketing
Endeavor Parent, LLC (dba IMG Models, LLC)
Essential Accessibility Inc.
Exzac Inc. dba Matrix-IFS
Fastly, Inc.
Figma
Find Your Happy LLC
Dorian Finney-Smith
Fivetran
Fivetran Inc.
Fort Capital Ontario Inc.
Fragomen, Del Rey, Bernsen & Loewy, LLP
Frankfurt Kurnit Klein & Selz, P.C.
Freshworks
Fundamental Research Corp.
Fusion of Ideas, Inc.
G Suite
Github
Github, Inc.
Glendale Securities Inc.
Glushon Sports Management
Goodbay Technologies
GoodHire
Google Ads
Google Cloud
Google G Suite
Google, LLC.
Michael Gorsuch
Gravitational, Inc.
Greenhouse Software, Inc.
Chris Gronkowski
Christopher Gronkowski (dba: G13

Endorsements)
Daniel Gronkowski
Glenn Gronkowski
Gordon Gronkowski
Gordon Gronkowski Jr.
Rob Gronkowski
HackerRank
Kristen Hamilton
HappyFunCorp LLC
HardHead Marketing
Lindsey Harris
David Helman
HiFi Project Inc.
Hireclout, Inc.
Robert B. Holt
Hotjar Limited
Impact Tech, Inc.
Independent Trading Group (ITG) Inc.
Indianapolis Motor Speedway
Infinite Agency, LLC
Infinite IP Corporation
Infinity Consulting Solutions, Inc.
Intuit
IPQualityScore
IQTalent Partners Inc.
Ironclad, Inc.
Iterable, Inc.
JA Visual Solutions LLC
Jackson Lewis P.C.
JDI Studio LLC
JetBlue Airways
JetBrains
JFrog Inc.
Jivaro Professional Headhunters, LLC
Estelle Johnson
Kate Leavell Companies LLC
Kauling Racing, Inc.
Kcsa Strategic Communications
Ketchum Inc.
Kforce Inc.
Maximilian Kleber
Meghan Klingenberg
Marla K. Knapp
KnowBe4 Inc.
Korn Ferry (US)
Koto Studio LLC
Mary Kratka
La Cantera Resort & Spa
Las Vegas Motor Speedway
Lastpass
LaunchDarkly

Laurel Hill Advisory Group Company
Learfield Communications, LLC
Levin Group Limited
LogMeIn
LogMeIn USA, Inc.
Loyalist, LLC
Tyler Lussi
MaestroQA, Inc.
Major, Lindsey & Africa, LLC
Greg Malocca
Marcum LLP
Market One Media Group Inc.
Market Rebellion, LLC
Maxx Management LLC
McCarter & English, LLP
Jess McDonald
Medium Rare Live, LLC
Meltwater News US Inc.
Merlin Media LLC
MessageBank, LLC
Meta Platforms, Inc.
Microsoft
Mintz & Gold LLP
Miro
Mixpanel Inc
Mobile Action Inc.
monday.com Ltd.
Money Services Business Association
Motivate Design LLC (dba UX Hires)
Mountain Shadows Resort
MPJ Advisors LLC
MSG Arena LLC
Nasdaq Corporate Solutions, LLC
National Women's Soccer League, LLC
Network Redux
Next for Me Media, Inc.
NMLS
NOBLE Capital Markets
Noble Capital Markets, Inc.
Nominis Advisory Ltd.
Frank Ntilikina
Ogon, LLC
Online Business Systems
OpsGenie
Optimal Workshop
Oracle America, Inc.
Organic Inc.
OTC Markets Group Inc.
Pada Ventures,Inc. d/b/a GroWrk Remote
Paypal Transaction - Innovativec
Pickwick Capital Partners, LLC

Piper Companies, LLC
PitchBook Data, Inc.
Plaid Inc.
Popnoggins LLC
Portswigger
Postman Basic Monthly
Dwight Powell
Toni Pressley
Printed Threads
Proconsul Capital Ltd
Project 1972, Inc.
Publicist Inc.
Quantum Talent Group
Chandkumar R. Ramnarine
Reciprocity, Inc.
Regus
Regus Management Group, LLC
Residence Inn by Marriott Dayton Beavercreek
Roadmunk
S&S Activewear
Schiff Hardin LLP
Seeking Alpha
Segment.IO, Inc.
Seprio, LLC
Sheraton Grand Nashville Downtown
Sift Science, Inc.
Slack Technologies, LLC
SLS South Beach
Smart City Networks
Snapchat
Snowflake Inc.
Snyk Inc.
Socure Inc.
soona
Spacelift, Inc.
Sam Staab
Standout Tech Solutions LLC
Isaiah Stone
Swag.com
Tableau Software, Inc.
Miko Tam
Taylor & Gray LLC
Teneo Strategy LLC
Terminal, Inc.
The Block Crypto, Inc.
The Cosmopolitan of Las Vegas
The Friends of Falcon Hockey Inc.
The Sports Girls
The Winslow
Travelbank
Trea Turner

Troutman Pepper Hamilton Sanders LLP
TSX Inc.
Tuple
Twilio
Twitter Online Ads
Twitter, Inc.
Typeform, S.l.
Uber
United Airlines
UPS
Upside Business Travel
User Testing, Inc.
Marquez Valdes-Scantling
W Dallas - Victory
W New York - Union Square
Walkers Corporate Limited
Wall Street Dead aHead Networking LLC
Ally Watt
Weisman Tech Law LLC
Christen Westphal
WeWork
Whistler Search Partners, LLC
WilliamsMarston LLC
Willis Towers Watson PLC
Winjit Inc.
Wrike, Inc.
Eva Yuen
Zapier
Zendesk, Inc.
ZeroFOX, Inc.

**Supplemental PIIL**
Victor Abriano
Akerman LLP
A. Manny Alicandro, Esq
Aldridge Pite, LLP
Ballard Spahr LLP
Barski Law PLC
Juewett Bostwick
Brown Rudnick LLP
Buchalter, a Professional Corporation
Cassels Brock & Blackwell LLP
CoinShares
Mark Cuban
Forshey & Prostok LLP
FTI Consulting, Inc.
James Gannone
Georgia Department of Banking and Finance
Goldstein & McClintock LLP
Horwood Marcus & Berk Chartered
Illinois Secretary of State

J. Singer Law Group, PLLC
Jaffe Raitt Heuer & Weiss, P.C.
Johnson, Pope, Bokor, Ruppel & Burns, LLP
Nadkarni Joseph
Kelleher Place Management, LLC
Richard Kiss
Law Offices of Douglas T. Tabachnik, P.C
Liz George and Associates
McCarthy, Lebit, Crystal & Liffman Co., LPA
McDermott Will & Emery LLP
McGrail & Bensinger LLP
Ercilia A. Mendoza
Mary V. Moroney
Christopher Moser
Brandon Muillenberg
Murphy Place Management LLC
Office of Attorney General of Texas
Alaba Ogunleye

Shikar S. Partab
Pulman, Cappuccio & Pullen, LLP
Jason Raznick
Ilusion Rodriguez
Sylvester Sharp
State of Wisconsin and its Department of
    Financial Institutions
David Stephenson
Russell G. Stewart
Sullivan & Cromwell LLP
Texas State Securities Board
The Levitt Group
Vermont Department of Financial Regulation
Madeleine Vescovacci
Wachtell, Lipton, Rosen & Katz
Byron Walker
Wells Fargo Bank, N.A
[CONFIDENTIAL]

**Schedule 2**

**Interested Parties or Their Affiliates Whom Paul Hastings Represents or May Have Represented within the Last Five Years in Matters *Unrelated* to the Debtors**[1]

| Interested Parties | Relationship to Debtors | Clients & Their Affiliates |
|---|---|---|
| Alameda Research Ltd. | Banks/Lenders/Administrative Agents | Not a client. Entities related to parent West Realm Shires Services Inc. are former clients. |
| Alameda Ventures Ltd. | Banks/Lenders/Administrative Agents | Not a client. Entities related to parent West Realm Shires Services Inc. are former clients. |
| Anchorage Digital Bank N.A. | Banks/Lenders/Administrative Agents | Not a client. Parent Anchor Labs Inc. is a current client. |
| Anchorage Lending CA, LLC | Banks/Lenders/Administrative Agents | Not a client. Parent Anchor Labs Inc. is a current client. |
| Bank of Montreal | Banks/Lenders/Administrative Agents | Current client. |
| BitGo Prime, LLC | Banks/Lenders/Administrative Agents | Not a client. Related entity/parent Bitgo Inc. is a current client. |
| BMO | Banks/Lenders/Administrative Agents | Current client (Bank of Montreal). |
| Genesis Global Capital, LLC | Banks/Lenders/Administrative Agents | Not a client. Entities related to parent DCG Holdco Inc. are current clients. |
| Amazon | Contract Parties | Former client. Related entities are current clients. |
| Talos Trading, Inc. | Contract Parties | Current client. |
| ThoughtWorks, Inc. | Contract Parties | Not a client. Entity related to parent Apax Partners Ltd. is a current client. |
| Wintermute Trading Ltd. | Contract Parties | Current client. |
| Euclid's Lloyds of London Syndicate | Insurance | Not a client. Parent Lloyds of London is a current client. |
| XL Specialty Ins. Company | Insurance | Not a client. Entities related to parent AXA Group are current clients. |
| Regus | Landlords | Not a client. Related entity HQ Global Workplaces is a former client. |
| WeWork Inc. | Landlords | Former client. Related entities are also former clients. |
| California, State of, Business, Consumer Services & Housing Agency, Department of Financial Protection & Innovation | Litigation | Not a client. Related entities under parent State of California are current clients. |
| New Jersey, State of, Bureau of Securities | Litigation | Not a client. Related entity under parent State of New Jersey is a current client. |

[1]    The Interested Parties include several individuals identified on Schedule 1. While Paul Hastings does not believe that it has any connection to these individuals, Paul Hastings does not have sufficient information to definitively make this determination.

| Interested Parties | Relationship to Debtors | Clients & Their Affiliates |
|---|---|---|
| South Carolina, State of, Securities Commissioner | Litigation | Not a client. A related entity under parent State of South Carolina is a current client. |
| Texas, State of, Securities Board | Litigation | Not a client. Related entities under parent State of Texas are former clients. |
| US Bank NA | Litigation | Current client. Entities related to parent US Bancorp are also current clients. |
| Washington, State of, Department of Financial Institutions, Securities Division | Litigation | Not a client. Related entity under parent State of Washington is a current client. |
| Berkeley Research Group, LLC (BRG) | Bankruptcy Professionals | Current client. Related entities and parent Endeavour Capital are also current clients. |
| Deloitte Tax LLP / Deloitte & Touche | Bankruptcy Professionals | Deloitte & Touche is a former client. Related entities and parent Deloitte Touche Tohmatsu are former clients. |
| Fasken Martineau DuMoulin LLP | Bankruptcy Professionals | Current client. |
| Moelis & Company | Bankruptcy Professionals | Current client. Related entities are also current clients. |
| Fragomen, Del Rey, Bernsen & Loewy, LLP | Ordinary Course Professionals | Current client. |
| Alameda Research Ventures LLC | Significant Equityholder | Not a client. Entities related to parent West Realm Shires Services Inc. are former clients. |
| California, State of, Franchise Tax Board | Taxing Authorities/ Government/ Regulatory Agencies | Not a client. Related entities under parent State of California are current clients. |
| Georgia, State of, Department of Revenue | Taxing Authorities/ Government/ Regulatory Agencies | Not a client. Related entities and parent State of Georgia are former clients. |
| Iowa, State of, Department of Revenue | Taxing Authorities/ Government/ Regulatory Agencies | Not a client. Related entities under parent State of Iowa are former clients. |
| Maryland, State of, Comptroller | Taxing Authorities/ Government/ Regulatory Agencies | Not a client.  Related entities are former pro bono clients. |
| Michigan, State of, Department of Treasury | Taxing Authorities/ Government/ Regulatory Agencies | Not a client.  Related entities are current and former pro bono clients. |
| New Jersey, State of, Division of Taxation | Taxing Authorities/ Government/ Regulatory Agencies | Not a client.  Related entities under parent State of New Jersey are current clients. |
| South Carolina, State of, Department of Revenue | Taxing Authorities/ Government/ Regulatory Agencies | Not a client.  Related entities Music Foundation for Research Development and the University of South Carolina are current clients. |
| Texas, State of, | Taxing Authorities/ | Not a client. Related entities under parent State |

| Interested Parties | Relationship to Debtors | Clients & Their Affiliates |
|---|---|---|
| Comptroller of Public Accounts | Government/ Regulatory Agencies | of Texas are former clients. |
| Alameda Research | Top 50 Unsecured Creditors (redactions needed) | Not a client. Entities related to parent West Realm Shires Services Inc. are former clients. |
| Verizon Wireless | Utilities | Former client. Entities related to parent Verizon Communications are current clients. |
| WeWork Inc. | Utilities | Former client. Related entities are also former clients. |
| Amazon Web Services | Vendors | Former client. Entities related to parent Amazon.com Inc. are current clients. |
| Amazon Web Services, Inc. | Vendors | Former client. Entities related to parent Amazon.com Inc. are current clients. |
| American Airlines | Vendors | Not a client. Entity related to parent American Airlines Group Inc. is a current client. |
| Aon Consulting Inc. | Vendors | Not a client. Related entities and parent Aon Plc are former clients. |
| Apple | Vendors | Apple Inc. is a former client. Related entities are also former clients. |
| Apple Inc. | Vendors | Former client. Related entities are also former clients. |
| Apple Search Ads | Vendors | Not a client. Related entities and parent Apple Inc. are former clients. |
| BitGo, Inc. | Vendors | Current client. |
| Bloomberg Finance L.P. | Vendors | Not a client. Entity related to parent Bloomberg Limited Partnership is a current client. |
| Broadridge | Vendors | Current client. |
| Canada Revenue Agency | Vendors | Not a client. Entities related to parent Government of Canada are current clients. |
| CDW, LLC | Vendors | Former client. Entity related to parent CDW Corp is also a former client. |
| Citigate Dewe Rogerson Ltd. | Vendors | Not a client. Entities related to parent Clayton Dubilier & Rice Inc. are former clients. |
| Crypto Rating Council | Vendors | Current client. Parent Crypto Rating Counsel LLC is also a current client. |
| CSC (Corporation Service Company) | Vendors | Not a client. Entities related to parent WMB Holdings Inc. are current clients. |
| Delta Air Lines | Vendors | Former client. Entities related to parent Delta Air Lines Inc. are also former clients. |
| Delta Airlines | Vendors | Former client. Related entities are also former clients. |
| Donnelley Financial Solutions Canada Corporation | Vendors | Not a client. Parent Donnelley Financial Solutions Inc. is a former client. |
| Elasticsearch, Inc. | Vendors | Current client. |
| Endeavor Parent, LLC (dba IMG Models, LLC) | Vendors | Not a client. Entities related to parent William Morris Endeavor Entertainment LLC are current clients. |

| Interested Parties | Relationship to Debtors | Clients & Their Affiliates |
|---|---|---|
| Fastly, Inc. | Vendors | Former client. |
| Fragomen, Del Rey, Bernsen & Loewy, LLP | Vendors | Current client. |
| G Suite | Vendors | Not a client. Parent Alphabet Inc. and related entities are current clients. |
| Github | Vendors | Not a client. Entities related to parent Microsoft Corporation are current clients. |
| Github, Inc. | Vendors | Not a client. Entities related to parent Microsoft Corporation are current clients. |
| Google Ads | Vendors | Not a client. Parent Alphabet Inc. and related entities are current clients. |
| Google Cloud | Vendors | Not a client. Parent Alphabet Inc. and related entities are current clients. |
| Google G Suite | Vendors | Not a client. Parent Alphabet Inc. and related entities are current clients. |
| Google, LLC | Vendors | Current client. Parent Alphabet Inc. and related entities are also current clients. |
| Infinity Consulting Solutions, Inc. | Vendors | Not a client. Parent Korn Ferry International is a current client. |
| Intuit | Vendors | Current client. |
| Ketchum Inc. | Vendors | Not a client. Entities related to parent Omnicom Group Inc. are former clients. |
| Korn Ferry (US) | Vendors | Not a client. Parent Korn Ferry International is a current client. |
| Lastpass | Vendors | Current client. Related entities and parent Francisco Partners Management are also current clients. |
| Learfield Communications, LLC | Vendors | Not a client. Entities related to parent William Morris Endeavor Entertainment LLC are current clients. |
| LogMeIn | Vendors | Not a client. Related entities and parent Francisco Partners Management LLC are current clients. |
| LogMeIn USA, Inc. | Vendors | Not a client. Related entities and parent Francisco Partners Management LLC are current clients. |
| Meta Platforms, Inc. | Vendors | Current client. Related entities are also current clients. |
| Microsoft | Vendors | Microsoft Corporation is a former client. Related entities are current clients. |
| Mountain Shadows Resort | Vendors | Not a client. Parent entity Pyramid Hotel Group is a former client. |
| MSG Arena LLC | Vendors | Not a client. Entity related to parent Madison Square Garden Sports Corp is a current client. |
| Nasdaq Corporate Solutions, LLC | Vendors | Not a client. Entity related to parent NASDAQ OMX Group Inc. is a current client. |
| NMLS | Vendors | Not a client. Parent entity Conference of |

| Interested Parties | Relationship to Debtors | Clients & Their Affiliates |
|---|---|---|
| | | State Bank Supervisors is a former client. |
| Optimal Workshop | Vendors | Not a client. Parent Pioneer Capital Management Limited is a former client. |
| Oracle America, Inc. | Vendors | Former client. Related entities and parent Oracle Corporation are also former clients. |
| Organic Inc. | Vendors | Not a client. Entities related to parent Omnicom Group Inc. are former clients. |
| Paypal Transaction - Innovativec | Vendors | Not a client. Entities related to parent PayPal Holdings Inc. are current clients. |
| Plaid Inc. | Vendors | Current client. |
| Residence Inn by Marriott Dayton Beavercreek | Vendors | Not a client. Related entities and parent Marriott International Inc. are former clients. |
| Slack Technologies, LLC | Vendors | Current client. Related entities and parent Salesforce Com Inc. are also current clients. |
| SLS South Beach | Vendors | Not a client. Related entities and parent Accor SA are current clients. |
| Snapchat | Vendors | Former client. Parent Snap Inc. is a current client. |
| Tableau Software, Inc. | Vendors | Not a client. Related entities and parent Salesforce.Com Inc. are current clients. |
| Teneo Strategy LLC | Vendors | Not a client. Related entities and parent CVC Capital Partners Ltd. are current clients. |
| The Cosmopolitan of Las Vegas | Vendors | Current client. Entity related to parent MGM Resorts International is also a current client. |
| Twitter Online Ads | Vendors | Not a client. Entities related to parent Elon R. Musk are current clients. |
| Twitter, Inc. | Vendors | Current client. Entities related to parent Elon R. Musk are current clients. |
| Uber | Vendors | Current client. Related entities are also current clients. |
| United Airlines | Vendors | Current client. Related entities and parent United Continental Holdings Inc. are current clients. |
| UPS | Vendors | Former client. Related entity is a current client. |
| WeWork | Vendors | Former client. Related entities are also former clients. |
| Willis Towers Watson PLC | Vendors | Current client. |
| FTI Consulting, Inc. | Supplemental PIIL | Current client. |
| Sullivan & Cromwell LLP | Supplemental PIIL | Former client. |
| Wells Fargo Bank, N.A. | Supplemental PIIL | Current client. Parent Wells Fargo & Company and related entities are also current clients. |
| Confidential | Confidential | Confidential |
| Confidential | Confidential | Confidential |
| Confidential | Confidential | Confidential |
| Confidential | Confidential | Confidential |

| Interested Parties | Relationship to Debtors | Clients & Their Affiliates |
|---|---|---|
| Confidential | Confidential | Confidential |
| Confidential | Confidential | Confidential |
| Confidential | Confidential | Confidential |
| Confidential | Confidential | Confidential |
| Confidential | Confidential | Confidential |
| Confidential | Confidential | Confidential |
| Confidential | Confidential | Confidential |
| Confidential | Confidential | Confidential |
| Confidential | Confidential | Confidential |
| Confidential | Confidential | Confidential |
| Confidential | Confidential | Confidential |
| Confidential | Confidential | Confidential |
| Confidential | Confidential | Confidential |
| Confidential | Confidential | Confidential |
| Confidential | Confidential | Confidential |
| Confidential | Confidential | Confidential |
| Confidential | Confidential | Confidential |
| Confidential | Confidential | Confidential |
| Confidential | Confidential | Confidential |

## **EXHIBIT D**

**Ehrlich Declaration**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------- X
                          :
*In re*                         :       Chapter 11
                          :
VOYAGER DIGITAL HOLDINGS, INC., *et al.*, :       Case No. 22-10943 (MEW)
                          :       (Jointly Administered)
                 Debtors.[1]   :
----------------------------------------------------------- X

**DECLARATION OF STEPHEN EHRLICH IN SUPPORT OF DEBTORS'**
**APPLICATION PURSUANT TO SECTIONS 327(e) AND 330 OF THE**
**BANKRUPTCY CODE FOR AUTHORITY TO EMPLOY AND**
**RETAIN PAUL HASTINGS LLP AS SPECIAL REGULATORY**
**AND CONFLICTS COUNSEL, EFFECTIVE AS OF THE PETITION DATE**

I, Stephen Ehrlich, pursuant to 28 U.S.C. section 1746, under penalty of perjury declare as follows:

1.       I am the Chief Executive Officer of Voyager Digital Holdings, Inc. located at 33 Irving Place, Suite 3060, New York, NY 10003.

2.       In my capacity as Chief Executive Officer, I am generally familiar with the Debtors' day-to-day operations, business and financial affairs, and books and records. I am over the age of 18 and am duly authorized to make this declaration on behalf of the Debtors in support of the *Application of the Debtors Pursuant to Sections 327(e) and 330 of the Bankruptcy Code for Authority to Employ and Retain Paul Hastings LLP as Special Regulatory and Conflicts Counsel, Effective as of the Petition Date* (the "<u>Application</u>").[2]  Except as otherwise noted,[3] I

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    Capitalized terms used but not defined herein shall have the meanings set forth in the Application.

have personal knowledge of the matters set forth herein and, if called as a witness, I could and would testify thereto.

3.      The Debtors selected Paul Hastings as their financial services regulatory counsel in the Chapter 11 Cases because they found Paul Hastings to be uniquely qualified for this engagement.  Paul Hastings has extensive experience and knowledge of financial services regulatory law, associated regulatory and compliance matters, and application of same in the cryptocurrency industry.  Based on Paul Hastings' past experience and expertise in this field, Paul Hastings' broad and directly applicable skill set, and the Debtors' experience with Paul Hastings to date, the Debtors decided to retain Paul Hastings initially as an ordinary course professional and now as special regulatory and conflicts counsel in the Chapter 11 Cases.  I believe that Paul Hastings is uniquely able to represent the Debtors as special regulatory and conflicts counsel in the Chapter 11 Cases in an efficient and timely manner.

4.      Since July 2021, when Paul Hastings began representing the Debtors pursuant to the Paul Hastings Agreement, the firm has become familiar with the Debtors' business and capital structure, their organizational structure, and their financial services regulatory needs. Paul Hastings has played and will continue to play a central role in assisting the Debtors with respect to the Special Regulatory Matters. Further, Paul Hastings' extensive institutional knowledge of the Debtors' businesses will allow Paul Hastings to efficiently represent the Debtors with respect to the Conflict Matter.  If the Debtors are required to hire replacement counsel for Paul Hastings, the Debtors and their estates would be severely prejudiced.

5.      In selecting Paul Hastings, the Debtors reviewed the firm's rates and compared them to outside law firms the Debtors have used in the past to determine that the rates are

---

[3]     Certain of the disclosures herein relate to matters within the personal knowledge of other professionals of the Debtors and are based on information provided by them.

reasonable. Paul Hastings has informed the Debtors that its current hourly rates are Paul Hastings' standard hourly rates for work of this nature.

6.      In my capacity as Chief Executive Officer, I am one of the executives responsible for supervising outside counsel retained by the Debtors in the ordinary course of business. I am also responsible for reviewing the invoices regularly submitted by Paul Hastings, and can confirm that the rates Paul Hastings charged the Debtors in the prepetition period are the same as the rates Paul Hastings has charged the Debtors in the postpetition period, subject to periodic adjustment to reflect economic and other conditions. So long as Paul Hastings charges its standard hourly rates in effect at the time, the Debtors consent to such annual and other periodic rate increases.

7.      The Debtors and Paul Hastings are working together on a budget for the period from entry of an order approving Paul Hastings' retention through the effective date of any plan in these Chapter 11 Cases, recognizing that in the course of chapter 11 cases like these, it is possible that there may be a number of unforeseen fees and expenses that will need to be addressed by the Debtors and Paul Hastings. The Debtors also recognize that it is their responsibility to closely monitor the billing practices of Paul Hastings and their other counsel to ensure that fees and expenses paid by their estates remain consistent with the Debtors' expectations, taking into account the exigencies of the Chapter 11 Cases. To that end, the Debtors will continue to review and monitor the invoices submitted by Paul Hastings, and, together with Paul Hastings, periodically amend the budget and staffing plans to reflect developments in the Chapter 11 Cases as applicable.

8.      As they did prepetition, the Debtors will continue to supervise the applicant's fees and expenses and manage costs. To this end, the budget will provide guidance on the amount of

time and the level of professionals involved, as well as projections of average hourly rates for the

professionals for various matters.

[*Remainder of page intentionally left blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

Executed on:  January 25, 2023            */s/ Stephen Ehrlich*
             New York, New York            Stephen Ehrlich
                                    Chief Executive Officer