Tracy Hendershott
Pro Se Creditor
Florida, USA

Trevor Brucker
Pro Se Creditor
Minnesota, USA

Seth Jones
Pro Se Creditor
Florida, USA

Jessica Roth
Pro Se Creditor
California, USA

Jumbo Jeter
Pro Se Creditor
Alabama, USA

**UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| _____ | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Voyager Digital Holdings, Inc, et al.,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors | ) | (Jointly Administered) |
| _____ | ) | |

**OBJECTION TO INTERIM AND FINAL FEE APPLICATION AND MOTION TO APPOINT FEE EXAMINER ON THIS MEGA BANKRUPTCY CASE**

 The above-captioned creditor (the "Creditors") state the following in support of this objection (this "Objection") and motion (this "Motion"):

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

## RELIEF REQUESTED

1. The Creditors seek entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), requesting this Court to require the appointment of a Fee Examiner, in collaboration with the responsibility of the UST.

## JURISDICTION AND VENUE

3. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, entered February 1, 2012. The Creditors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The bases for the relief requested herein are sections 330 (a)(1)(a), 330 (a)(1)(b), 330 (a)(2), 330 (a)(3), 330 (a)(4), 330 (a)(5), 330 (a)(6) and 1104 (c ) of title 11 of the United States Code (the "Bankruptcy Code") and Fed.R.Evid. 706(a).

6. These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 18].

## BACKGROUND

7. The Creditor(s) respectfully submits this omnibus response to the final fee applications (the "Final Applications") of the retained professionals (the "Retained Professionals") seeking awards

2

of compensation and reimbursement of out-of-pocket expenses in the above captioned chapter

11 cases of Voyager Digital Inc, et al, and its affiliated debtors (collectively, the "Debtors"):

| APPLICANT | PERIOD COVERED | FEES REQUESTED TO BE ALLOWED | EXPENSES REQUESTED TO BE ALLOWED |
|---|---|---|---|
| **Debtor Professionals** | | | |
| Moelis & Company LLC | July 5th, 2022 - October 31st, 2022 | $800,000.00 | $88,307.62 |
| Quinn Emmanuel Urquhart & Sullivan, LLP | | $3,162,787.20 | $21,084.61 |
| Stretto, Inc | | $89,729.68 | $0.00 |
| Kirkland & Ellis LLP | | $14,836,834.00 | $317,936.45 |
| Berkeley Research Group | | $6,166,951.00 | $29,172.86 |
| **Totals for 4 month period** | | **$25,056,301.88** | **$427,328.68** |
| **Official Committee of Unsecured Creditors Professionals** | | | |
| Cassels Brock & Blackwell LLP | | CAD $107,292.60 USD $80,595.39 | CAD $258.09 USD  $193.87 |
| FTI Consulting Inc | | $4,081,091.10 | $22,224.87 |
| Epiq Corporate Restructuring LLC | | $31,205.00 | $51,426.50 |
| McDermott Will & Emery LLP | | $5,658,727.50 | $103,415.61 |
| Harney, Westwood & Riegels LP | | $8,223.00 | $0.00 |
| **Totals for 4 month period** | | **$9,859,841.99** | **$177,260.85** |
| | | | |
| **Total Unsecured Creditors recovery spent on Professional Fees** | | **$34,916,143.87** | **$604,589.53** |

8.  The Creditors understand the significant amount of time and effort that goes into these Mega

Bankruptcy cases, as well as there are going to be significant fees associated with hiring the

best minds to protect the Debtors and UCC membership.  With that being said though, and even more so in large and complex Mega trials, professionals are required to act as stewards of the creditor assets and have fiduciary duty to do so.  Expectations are for them to maintain same billing judgment and efficiency that they would in lesser sized Chapter 11 cases, or cases outside of the Bankruptcy realm. In addition, under United States 11 USC § 330, all services and expenses have to be "reasonable", "necessary" and "beneficial to the estate".  Upon review of the detailed invoices submitted from most of the Professional's, Creditors have identified serious concerns with multiple line items not being in compliance with the above criteria, despite assurance from the Debtors that they "recognize that it is their responsibility to monitor closely the billing practices of their counsel to ensure the fees and expenses paid by the estate remain consistent with the Debtors' expectations and the exigencies of the Chapter 11 cases." [2] They also state "As they did prepetition, the Debtors will continue to bring discipline, predictability, client involvement and accountability to the counsel fees and expenses reimbursement process." [2] The Creditors find this hollow attestation from the Debtors, seeing a quick review identified many concerns in the counsel fees and expenses, as well as the lack of discipline, predictability, client involvement and accountability prepetition by the Debtors, that resulted singularly, in the Creditors losing over $600 million of their investments.


9.  We understand that UST office finds it impossible to source the staffing required for review of each line item in these Mega Cases, and feel it is unrealistic to expect them to maintain this level of engagement with every chapter 11 case given the scope of responsibilities under § 586.


2. https://cases.stretto.com/public/x193/11753/PLEADINGS/1175307202280000000091.pdf

10.   Likewise the Bankruptcy Courts have publicly acknowledged they have a duty for scrutiny of fees, [3] but again the Creditors understand it is unrealistic to expect Judge Wile and his chambers to review 10s of thousands of line entries, every calendar quarter.  This also has been codified in case law, "[M]any bankruptcy courts have bemoaned their duty to review fee applications as a thankless, onerous burden, one which consumes a significant share of a bankruptcy judge's time." [4]

11.   So who does this leave to protect the Creditor interests from inappropriate and non-compliant fees?  It is well documented that reliance upon the Debtor's themselves or even the UCC counsel, is frequently against the best interests of the Creditors with fee examination. The Debtor's have no incentive because "[t]he debtor will often not object to its attorney's fee application because the fees will frequently be derived from its creditors' award rather than its own assets." 19 F.3d at 843." [4]  In addition, the Courts have recognized UCC counsel attorneys may refrain from objecting as professional courtesy, for fear of retaliation, or any other number of reasons. [3]  The answer, regrettably, appears to be no one (which is evident by the lack of any objections placed on the docket as of yet, challenging any aspect of the proposed $35 million in fees and expenses, incurred just in the first 4 months).  Our relief requested objection to finalization of current fees, and including a fee examiner, appointed by the UST office, remedies this Creditor hardship.

12.   In a timely and concurrent case, also in the 2nd District with Chapter 11 Bankruptcy case Celsius, a Fee Examiner was appointed early on.  This is evidenced with the examination of

---

3. In re Armstrong World Industries, Inc., 366 B.R. 278, 281 n.2 (D. Del. 2007)
4. In re Busy Beaver Bldg. Centers, Inc., 19 F.3d 833, 843 (3rd Cir. 1994)

even a handful of line items submitted by the Professionals in that case, versus with ours at Voyager Digital Holdings Inc.  For example, in the Celsius case expenses, hotel rooms are capped $500 [5] per night, while on Voyager, it is not uncommon to see hotel room expenses at multiples of that, $1,000, $2,000 or $3,000 [6] per night (for the exact same time period (August, 2022) in the exact same city (New York City)). Is it "reasonable" to pay $58 for an "agency fee" on a $248 flight from Chicago to NY? [7] Who even uses a "travel agency" anymore and wouldn't it be prudent to just book flights online, either yourself or utilizing admin? Is it "reasonable" to pass through $1,618.68 for a single flight, when all your colleagues, on the exact same route, are charging less than $500 on average? [7] In Celsius invoices, meals are capped at $20/meal while in Voyager, it is double that, [8] and even more, with Debtors paying their Counsel an average of $10,000 [9] per month, just for catered food!  Is it reasonable for anyone to charge $125 meal to the Estate and Creditor recovery? [10]  Multiple charges for same night, in the same city, for one Professional? [11] How many Professionals billing for same action, "review UST guidelines" and for how many hours, before consideration of "duplication" of effort is applied? [12] Haven't guidelines been established out of UST for some time now and most Bankruptcy Professionals would be aware of these standards?  This is clear evidence that the Debtors attestation of ""As they did prepetition, the Debtors will continue to bring discipline, predictability, client involvement and accountability to the counsel fees and expenses reimbursement process" is just another false and misleading representation to their Creditors and this Court, as they made prepetition as well. [13]

5. Celsius hotel room fees

**Travel Expense**

| Date | Description | Amount |
|------|-------------|--------|
| 08/10/22 | Alison Wirtz - Alison Wirtz, Lodging, New York, NY to , Committee meeting and Client Meeting in NY 08/10/2020 | 500.00 |
| 08/11/22 | Alison Wirtz - Alison Wirtz, Lodging, New York, NY to , Committee meeting and Client Meeting in NY 08/11/2022 | 500.00 |
| 08/12/22 | Ross M. Kwasteniet, P.C. - Ross M. Kwasteniet, Lodging, New York, NY to Creditor meetings. 8/10/2022-8/12/2022 | 1,000.00 |
| 08/12/22 | Heidi Hockberger - Heidi Hockberger, Lodging, New York, NY to Meeting with creditors. 8/10/2022-8/12/2022 | 1,000.00 |
| 08/23/22 | Heidi Hockberger - Heidi Hockberger, Lodging, New York, NY to , Attend meetings. 08/23/2022 | 500.00 |
| 08/23/22 | Alison Wirtz - Alison Wirtz, Lodging, New York, NY to , Committee Mtg. 08/23/2022 | 500.00 |
| 08/24/22 | Patrick J. Nash Jr., P.C. - Patrick J. Nash, Lodging, New York, NY to Travel to NY re meetings. 8/22/2022-8/24/2022 | 1,000.00 |
| | **Total** | **5,000.00** |

6. Voyager hotel room fees

**Travel Expense**

| Date | Description | Amount |
|------|-------------|--------|
| 08/04/22 | Michael B. Slade - Michael B. Slade, Lodging, New York City, NY to , Client court hearing in NYC. 08/04/2022 | 2,265.33 |
| 08/12/22 | Nick Wasdin - Nick Wasdin, Lodging, New York, Hearing 08/12/2022 | 755.11 |
| 08/12/22 | Michael B. Slade - Michael B. Slade, Lodging, New York City, NY, Client meetings in NYC. 08/12/2022 | 1,510.22 |
| 08/21/22 | Yates French - Yates French, Lodging, New York, NY, Prep sessions. 08/21/2022 | 730.73 |
| 08/21/22 | Zac Ciullo - Zac Ciullo, Lodging, New York, Attend interviews. 08/21/2022 | 311.19 |
| 08/22/22 | Zac Ciullo - Zac Ciullo, Lodging, New York, Attend interviews. 08/22/2022 | 325.65 |
| 08/22/22 | Yates French - Yates French, Lodging, New York, NY, Prep sessions. 08/22/2022 | 825.40 |
| 08/23/22 | Aleschia D. Hyde - Aleschia D. Hyde, Lodging, NY, Interview prep 08/23/2022 | 282.04 |
| 08/23/22 | Yates French - Yates French, Lodging, New York, NY, Prep sessions. 08/23/2022 | 1,521.98 |
| 08/24/22 | Michael B. Slade - Michael B. Slade, Lodging, New York City, NY, Client meetings located in NYC. 08/24/2022 | 2,265.33 |
| 08/29/22 | Aleschia D. Hyde - Aleschia D. Hyde, Lodging, NY, Interview/interview prep 08/29/2022 | 305.29 |
| 08/30/22 | Aleschia D. Hyde - Aleschia D. Hyde, Lodging, NY, Interview/interview prep 08/30/2022 | 314.47 |
| 08/30/22 | Zac Ciullo - Zac Ciullo, Lodging, New York, Attend interviews. 08/30/2022 | 309.07 |
| 08/31/22 | Aleschia D. Hyde - Aleschia D. Hyde, Lodging, NY, Interview/interview prep 08/31/2022 | 314.47 |
| 08/31/22 | Yates French - Yates French, Lodging, New York, NY, Interviews and Prep. 08/31/2022 | 1,234.77 |
| | **Total** | **13,271.05** |

**Travel Expense**

| Date | Description | Amount |
|------|-------------|--------|
| 09/01/22 | Aleschia D. Hyde - Aleschia D. Hyde, Lodging, NY, Interview/interview prep 09/01/2022 | 312.17 |
| 09/01/22 | Nick Wasdin - Nick Wasdin, Lodging, New York, Deposition prep in NY, 09/01/2022 | 755.11 |
| 09/01/22 | Nick Wasdin - Nick Wasdin, Lodging, New York, Deposition prep in NY, 09/01/2022 | 755.11 |
| 09/01/22 | Michael B. Slade - Michael B. Slade, Lodging, New York City, NY, Client interviews and meetings located in New York City. 09/01/2022 | 2,265.33 |
| 09/01/22 | Katie J. Welch - Katie J. Welch, Lodging, New York, NY, witness interviews 09/01/2022 | 2,265.33 |
| 09/01/22 | Yates French - Yates French, Lodging, New York, NY, Interviews and Prep. 09/01/2022 | 1,234.77 |
| 09/02/22 | Aleschia D. Hyde - Aleschia D. Hyde, Lodging, NY, Interview/interview prep 09/02/2022 | 413.15 |
| 09/05/22 | Yates French - Yates French, Lodging, New York, NY, Interviews and prep. 09/05/2022 | 1,151.00 |
| 09/05/22 | Zac Ciullo - Zac Ciullo, Lodging, New York, Attend interviews. 09/05/2022 | 325.65 |
| 09/06/22 | Aleschia D. Hyde - Aleschia D. Hyde, Lodging, NY, Interview/interview prep 09/06/2022 | 2,265.33 |
| 09/06/22 | Yates French - Yates French, Lodging, New York, NY, Interviews and prep. 09/06/2022 | 1,657.05 |
| 09/06/22 | Zac Ciullo - Zac Ciullo, Lodging, New York, Attend interviews. 09/06/2022 | 554.92 |
| 09/07/22 | Yates French - Yates French, Lodging, New York, NY, Interviews and prep. 09/07/2022 | 1,657.05 |
| 09/07/22 | Zac Ciullo - Zac Ciullo, Lodging, New York, Attend interviews. 09/07/2022 | 555.15 |
| 09/08/22 | Nick Wasdin - Nick Wasdin, Lodging, New York, Hearings 09/08/2022 | 3,667.54 |
| 09/09/22 | Michael B. Slade - Michael B. Slade, Lodging, New York City, NY, Client interviews in New York City. 09/09/2022 | 2,488.04 |
| 09/11/22 | Michael E. Tracht - Michael E. Tracht, Lodging, New York, NY, Attend interviews of Stephen Ehrlich and Evan Psaropoulos by the Special Committee and the Unsecured Creditors Committee. 09/11/2022 | 343.28 |

https://cases.stretto.com/public/x193/11753/PLEADINGS/1175312022280000000031.pdf

7. Voyager Transportation fees

| Date | Description | Amount |
|------|-------------|--------|
| 09/01/22 | Katie J. Welch - Katie J. Welch, Baggage Fee, witness interviews 09/01/2022 | 35.00 |
| 09/01/22 | Zac Ciullo - Zac Ciullo, Airfare, New York to, Attend interviews. 09/01/2022 | 803.78 |
| 09/01/22 | Zac Ciullo - Zac Ciullo, Agency Fee, Attend interviews. 09/01/2022 | 58.00 |
| 09/02/22 | Aleschia D. Hyde - Aleschia D. Hyde, Airfare, Chicago to, Interview prep/interview 09/02/2022 | 375.20 |
| 09/02/22 | Yates French - Yates French, Airfare, Chicago, IL to, Interviews and Prep. 09/02/2022 | 270.98 |
| 09/05/22 | Yates French - Yates French, Airfare, New York, NY to, Interviews and prep. 09/05/2022 | 399.98 |
| 09/05/22 | Zac Ciullo - Zac Ciullo, Baggage Fee, Attend interviews. 09/05/2022 | 30.00 |
| 09/06/22 | Yates French - Yates French, Agency Fee, Interviews and prep. 09/06/2022 | 58.00 |
| 09/06/22 | Yates French - Yates French, Airfare, Chicago, IL to, Interviews and prep. 09/06/2022 | 245.52 |
| 09/07/22 | Zac Ciullo - Zac Ciullo, Baggage Fee, Attend interviews. 09/07/2022 | 30.00 |
| 09/08/22 | Yates French - Yates French, Baggage Fee, Interviews and prep. 09/08/2022 | 30.00 |
| 09/08/22 | Zac Ciullo - Zac Ciullo, Airfare, New York/Chicago to, Attend interviews. 09/08/2022 | 52.19 |
| 09/08/22 | Yates French - Yates French, Airfare, New York, NY to, Interviews and prep. 09/08/2022 | 356.98 |
| 09/11/22 | Richard U. S. Howell, P.C. - Richard U. S. Howell, Agency Fee, Travel to NY to attend witness interviews. 09/11/2022 | 58.00 |
| 09/11/22 | Richard U. S. Howell, P.C. - Richard U. S. Howell, Airfare, New York, NY to, Travel to NY to attend witness interviews. 09/11/2022 | 1,618.68 |
| 09/12/22 | Nick Wasdin - Nick Wasdin, Airfare, Chicago, IL to New York - Roundtrip to, Deposition preparation 09/12/2022 | 239.65 |
| 09/12/22 | Sal Trinchetto - Sal Trinchetto, Agency Fee, Business trip to NY for the Voyager auction. 09/12/2022 | 58.00 |
| 09/12/22 | Sal Trinchetto - Sal Trinchetto, Airfare, ORD to NY to, Business trip to NY for the Voyager auction. 09/12/2022 | 632.83 |

8. Voyager OT Meal

**Working Meals/K&E Only**

| Date | Description | Amount |
|------|-------------|--------|
| 08/04/22 | Inhae Song - Inhae Song, Working Meal/K and E Only, New York OT Meal 8/4/22 Inhae Song 08/04/2022 | 40.00 |
| 08/17/22 | Inhae Song - Inhae Song, Working Meal/K and E Only, New York OT Meal 8/17/22 Inhae Song 08/17/2022 | 40.00 |

9. Voyager Catering Expenses

| | |
|---|---|
| Professional Fees | 6,080.50 |
| Working Meals/K&E Only | 80.00 |
| Catering Expenses | 40,270.25 |
| Outside Retrieval Service | 114.95 |

10. Voyager Meals

| | | |
|---|---|---|
| 09/01/22 | Aleschia D. Hyde - Aleschia D. Hyde, Travel Meals, NY Interview/interview prep Aleschia D. Hyde 09/01/2022 | 117.75 |
| 09/01/22 | Nick Wasdin - Nick Wasdin, Travel Meals, New York Deposition prep in NY Nick Wasdin 09/01/2022 | 11.97 |
| 09/01/22 | Nick Wasdin - Nick Wasdin, Travel Meals, New York Deposition prep in NY, 09/01/2022 | 7.31 |
| 09/01/22 | Nick Wasdin - Nick Wasdin, Hotel - Travel Meals, New York Deposition prep in NY 09/01/2022 | 24.42 |
| 09/01/22 | Nick Wasdin - Nick Wasdin, Hotel - Travel Meals, New York Deposition prep in NY, 09/01/2022 | 15.71 |
| 09/01/22 | Katie J. Welch - Katie J. Welch, Travel Meals, New York, NY witness interviews Katie J. Welch 09/01/2022 | 11.39 |
| 09/01/22 | Yates French - Yates French, Travel Meals, New York, NY Interviews and Prep. Yates French 09/01/2022 | 93.27 |
| 09/01/22 | Yates French - Yates French, Hotel - Travel Meals, New York, NY Interviews and Prep. Yates French 09/01/2022 | 40.00 |
| 09/02/22 | Yates French - Yates French, Travel Meals, New York, NY Interviews and Prep. Yates French 09/02/2022 | 47.95 |
| 09/02/22 | Yates French - Yates French, Travel Meals, New York, NY Interviews and Prep. Yates French 09/02/2022 | 125.00 |
| 09/03/22 | Aleschia D. Hyde - Aleschia D. Hyde, Travel Meals, NY Interview/interview prep Aleschia D. Hyde 09/03/2022 | 125.00 |
| 09/04/22 | Aleschia D. Hyde - Aleschia D. Hyde, Hotel - Travel Meals, NY Exchange ticket penalty Aleschia D. Hyde 09/04/2022 | 40.00 |
| 09/04/22 | Aleschia D. Hyde - Aleschia D. Hyde, Hotel - Travel Meals, NY Interview/interview prep Aleschia D. Hyde 09/04/2022 | 50.00 |
| 09/04/22 | Aleschia D. Hyde - Aleschia D. Hyde, Travel Meals, NY Interview/interview prep Aleschia D. Hyde 09/04/2022 | 83.71 |
| 09/05/22 | Aleschia D. Hyde - Aleschia D. Hyde, Travel Meals, NY Interview/interview prep Aleschia D. Hyde 09/05/2022 | 125.00 |
| 09/05/22 | Aleschia D. Hyde - Aleschia D. Hyde, Hotel - Travel Meals, NY Exchange ticket penalty Aleschia D. Hyde 09/05/2022 | 50.00 |
| 09/05/22 | Michael B. Slade - Michael B. Slade, Hotel - Travel Meals, New York City, NY Client interviews in New York City. Michael B. Slade 09/05/2022 | 12.15 |
| 09/05/22 | Michael B. Slade - Michael B. Slade, Hotel - Travel Meals, New York City, NY Client interviews in New York City. Michael B. Slade 09/05/2022 | 51.55 |

https://cases.stretto.com/public/x193/11753/PLEADINGS/1175312022280000000031.pdf

11.  Voyager Hotels

| | | |
|---|---|---|
| | and prep. 09/14/2022 | |
| 09/15/22 | Sal Trinchetto - Sal Trinchetto, Lodging, New York, Business trip to NY for the Voyager auction. 09/15/2022 | 777.03 |
| 09/15/22 | Sal Trinchetto - Sal Trinchetto, Lodging, New York, Business trip to NY for the Voyager auction. 09/15/2022 | 777.03 |
| 09/15/22 | Sal Trinchetto - Sal Trinchetto, Lodging, New York, Business trip to NY for the Voyager auction. 09/15/2022 | 622.12 |
| | 09/16/2022 | |
| 09/20/22 | Steve Toth - Steve Toth, Lodging, The Lexington Hotel - New York, NY, Lodging. Meeting with clients. 09/20/2022 | 587.57 |
| 09/20/22 | Steve Toth - Steve Toth, Lodging, The Lexington Hotel - New York, NY, Lodging. Meeting with clients. 09/20/2022 | 920.35 |
| 09/21/22 | Steve Toth - Steve Toth, Lodging, The Lexington Hotel - New York, NY, Lodging. Meeting with clients. 09/21/2022 | 1,058.05 |
| | Travel to NY - Business Meeting with Client 09/15/2022 | |
| 09/15/22 | Steve Toth - Steve Toth, Lodging, The 48Lex - New York, Travel to NY - Business Meeting with Client 09/15/2022 | 1,011.40 |
| 09/15/22 | Steve Toth - Steve Toth, Lodging, The 48Lex - New York, Travel to NY - Business Meeting with Client 09/15/2022 | 499.29 |

https://cases.stretto.com/public/x193/11753/PLEADINGS/1175312022280000000031.pdf

12. Voyager "duplication"

| | | | |
|---|---|---|---|
| 10/14/22 | Rachel Young | 1.10 | Review, revise K&E bill for privilege, confidentiality issues, compliance with U.S. Trustee guidelines. |
| 10/15/22 | Zak Piech | 4.00 | Review, revise K&E bill for privilege, confidentiality issues, compliance with U.S. Trustee guidelines. |
| 10/16/22 | Zak Piech | 3.50 | Review, revise K&E bill for privilege, confidentiality issues, compliance with U.S. Trustee guidelines. |
| 10/17/22 | Wes Lord | 1.30 | Review, revise K&E bill for privilege, confidentiality issues, compliance with U.S. Trustee guidelines. |
| 10/17/22 | Oliver Pare | 6.10 | Review, revise K&E bill for privilege, confidentiality issues, compliance with U.S. Trustee guidelines. |
| 10/17/22 | Adrian Salmen | 4.40 | Review, revise K&E bill for privilege, confidentiality issues, compliance with U.S. Trustee guidelines. |
| 10/17/22 | Gelareh Sharafi | 3.50 | Review, revise K&E bill for privilege, confidentiality issues, compliance with U.S. Trustee guidelines. |
| 10/18/22 | Olivia Acuna | 2.40 | Review, revise K&E bill for privilege, confidentiality issues, compliance with U.S. Trustee guidelines. |
| 10/18/22 | Melissa Mertz | 1.60 | Review, revise K&E bill for privilege, confidentiality issues, compliance with U.S. Trustee guidelines. |
| 10/18/22 | Oliver Pare | 1.20 | Review, revise K&E bill for privilege, confidentiality issues, compliance with U.S. Trustee guidelines. |

| Date | Name | Hours | Description |
|------|------|-------|-------------|
| 10/18/22 | Claire Terry | 1.90 | Review, revise K&E bill for privilege, confidentiality issues, compliance with U.S. Trustee guidelines. |
| 10/19/22 | Melissa Mertz | 2.10 | Review, revise K&E bill for privilege, confidentiality issues, compliance with U.S. Trustee guidelines. |
| 10/20/22 | Melissa Mertz | 5.40 | Review, revise K&E bill for privilege, confidentiality issues, compliance with U.S. Trustee guidelines. |
| 10/21/22 | Melissa Mertz | 6.40 | Revise K&E invoice for confidentiality, privilege, compliance with U.S. Trustee guidelines (6.0); correspond with M. Vera re same (.2); telephone conference with E. Swager re same (.2). |
| 10/23/22 | Melissa Mertz | 3.30 | Review, revise K&E bill for privilege, confidentiality issues, compliance with U.S. Trustee guidelines. |
| 10/25/22 | Olivia Acuna | 4.20 | Correspond with E. Swager re K&E August bill (.3); review, revise K&E bill for privilege, confidentiality issues, compliance with U.S. Trustee guidelines (3.9). |
| 10/25/22 | Nicholas Adzima | 2.20 | Review, revise K&E bill for privilege, confidentiality issues, compliance with U.S. Trustee guidelines. |
| 10/25/22 | Melissa Mertz | 5.10 | Correspond with A. Smith, K&E team re invoice issues, updates (.2); review, revise K&E bill for privilege, confidentiality issues, compliance with U.S. Trustee guidelines (4.7); telephone conference with E. Swager re same (.2). |
| 10/25/22 | Oliver Pare | 3.10 | Review, revise K&E bill for privilege, confidentiality issues, compliance with U.S. Trustee guidelines. |
| 10/25/22 | Claire Terry | 1.00 | Review, revise K&E bill for privilege, confidentiality issues, compliance with U.S. Trustee guidelines. |
| 10/25/22 | Lydia Yale | 0.50 | Draft August monthly fee statement. |
| 10/26/22 | Nikki Gavey | 5.60 | Review, revise K&E bill for privilege, confidentiality issues, compliance with U.S. Trustee guidelines. |
| 10/26/22 | Evan Swager | 3.50 | Review, revise K&E bill for privilege, confidentiality issues, compliance with U.S. Trustee guidelines. |
| **Date** | **Name** | **Hours** | **Description** |
| 10/26/22 | Claire Terry | 0.80 | Review, revise K&E bill for privilege, confidentiality issues, compliance with U.S. Trustee guidelines. |
| 10/27/22 | Evan Swager | 1.20 | Review, revise K&E bill for privilege, confidentiality issues, compliance with U.S. Trustee guidelines. |
| 10/28/22 | Evan Swager | 7.80 | Review, revise K&E bill for privilege, confidentiality issues, compliance with U.S. Trustee guidelines. |
| 10/30/22 | Allyson B. Smith | 6.10 | Review, revise K&E bill for privilege, confidentiality issues, compliance with U.S. Trustee guidelines. |

https://cases.stretto.com/public/x193/11753/PLEADINGS/1175312032280000000012.pdf

13. https://www.fdic.gov/news/press-releases/2022/pr22056.html

13.  Your honor, this is just an example pulled just two different fee applications, out of the plethora that has already been released and will continue to be released throughout this case. We don't profess to be experts, nor does any Court Officer or office or any Creditor have the resources to go through such a large volume of data.  There are also larger fee assignment questions that would be beneficial for the Estate and Creditors to have answers too:

1) Is it necessary and reasonable to pay a Professional group $12 or $13 million for asset sale, that only resulted in a liquidation of Creditor investments?  Are those types of fees reasonable, for an offer that only provides $20 million, when the fees alone to a single professional organization, consume 65% of the $20 million, and the transaction is basically a liquidation of the Creditor investments, with $0 value for any other asset of the company being paid for?

2) As this case converted from one of proposed reorganization and to one of liquidation, was and is it necessary to continue with the extremely large load of the number of timekeepers at each Professional organization?

Again, as Creditors in the case, we don't profess to have these answers, but the as the preponderance of evidence suggests, we do not feel either the estate or Creditor benefits are being adequately managed or overseen in this case and plead for an impartial and independent fee examiner to provide this service and answers for us.  The Honorable Judge Christopher S. Sontchi, as he and his organization is performing with the Celsius case, would be an ideal candidate for the position due to his existing knowledge of this type of case, as well as direct and immediate knowledge of the billing practices of at least a couple of the Professionals associated with this case.  We believe Judge Sontchi would be able to gear up extremely rapidly, and introduce true value to the Estate and Creditors in this instance.

## BASIS FOR RELIEF

13. **Reasonableness of Fees**

11 U.S. Code § 330(a)(1) provides that:

After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103—

(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B) reimbursement for actual, necessary expenses.

Section 330 of the Bankruptcy Code focuses on reasonableness and benefit to the estate of the professionals' services. [14] Each professional organization submitting invoices seeking compensation and reimbursement of expenses from Creditor recovery funds,  must demonstrate that the professional's services were necessary and conferred a benefit to the estate or its creditors. [15] The burden of proof falls on the applicant, not the Creditors, UST or Court. [16] If the applicant fails to provide the proof as to any required component of the reasonableness of the compensation, the Court may deny the request for compensation.


13. The Court has a requirement to review the fees "lest overreaching … professionals drain [the estate] of wealth which by right should inure to the benefit of unsecured creditors." [17] In

---

14. In re Lederman Enter., Inc., 997 F.2d 1321, 1323 (10th Cir. 1993); In re Fibermark, Inc., 349 B.R. 385, 396 (Bankr. Vt. 2006)

15. In re Engel, 124 F.3d 567, 573 (3d Cir. 1997) (citing In re Arkansas Co., Inc. 798 F.2d 645, 650 (3d Cir. 1986)

16. In re Northwest Airlines Corp., 400 B.R. 393, 398 (Bankr. S.D.N.Y. 2009) (citing In re Keene Corp., 205 B.R. 690, 695 (Bankr. S.D.N.Y. 1997)); In re JLM, Inc., 210 B.R. 19, 24 (B.A.P. 2d Cir. 1997).

17.  In re Beverly Mfg. Corp., 841 F.2d 365 (11th Cir. 1988)

addition, the Court can reduce any fee or expense when it is disproportionate to the benefit to the estate and Creditor recovery, even after approving the Professional organization under Sections 327 and 328 Bankruptcy Code.[19]

14. **Actual and Necessary Expenses**

The Courts have ruled that the submitting Professional must "furnish enough specificity for the Court to establish whether a given expense was both actual and necessary."[20] "Actual" has been ruled as those that are incurred and not formulaic or pro rata calculations.[21] Fees are classified as "necessary" only if they are "reasonably needed to accomplish proper representation of the client".[22]

15) **Fee Examiner**

11 U.S. Code § 1104 provides that:

    **(c)**If the court does not order the appointment of a trustee under this section, then at any time before the confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of an examiner to conduct such an investigation of the debtor as is appropriate, including an investigation of any allegations of fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor of or by current or former management of the debtor, if—

    **(1)**such appointment is in the interests of creditors, any equity security holders, and other

18. Keene Corp., 205 B.R. at 695 (quoting In re Busy Beaver Bldg. Ctrs., Inc., 19 F.3d 833, 844 (3d Cir. 1994)
19. In re Taxman Clothing Co., 49 F.3d 310, 316 (7th Cir. 1995)
20. .In re Korea Chosun Daily Times, Inc., 337 B.R. 758, 769 (Bankr. E.D.N.Y. 2005) (quoting In re S.T.N. Enters., Inc., 70 B.R. 823, 834 (Bankr. D. Vt. 1987)
21. In re Bennett Funding Group, Inc., 213 B.R. 234, 244 (Bankr. N.D.N.Y. 1997)
22. In re American Preferred Prescription, Inc., 218 B.R. 680, 686-87 (Bankr. E.D.N.Y. 1998)

interests of the estate; or

**(2)** the debtor's fixed, liquidated, unsecured debts, other than debts for goods, services, or

taxes, or owing to an insider, exceed $5,000,000.

With $35,000,000 of Creditor recovery already liquidated within just the first 4 months of this

trial, with multiples of that number expected by conclusion of the trial, and the fact that no

resources have been dedicated or are capable of reviewing the voluminous output of billing fees

from the multitude of professionals used by the Debtors and UCC, a Fee Examiner appointment

is undoubtedly within the best interests of the Creditors.  Especially with the fact that even a

quick review, by layman Creditors such as ourselves, quickly identifies numerous questionable

fees unchallenged by any existing entity in the case. In regards to the 11 USC (c )(2), the

Debtors unsecured debts vastly exceeds $5,000,000, further qualifying this Mega Case for

assignment of Fee Examiner.


16)  **Appointed Expert Witnesses**

Rule 706. Court-Appointed Expert Witnesses, states:

(a) Appointment Process. On a party's motion or on its own, the court may order the

parties to show cause why expert witnesses should not be appointed and may ask the

parties to submit nominations. The court may appoint any expert that the parties agree

on and any of its own choosing. But the court may only appoint someone who consents

to act.

(b) Expert's Role. The court must inform the expert of the expert's duties. The court may

do so in writing and have a copy filed with the clerk or may do so orally at a conference

in which the parties have an opportunity to participate. The expert:

(1) must advise the parties of any findings the expert makes;

17

(2) may be deposed by any party;

(3) may be called to testify by the court or any party; and

(4) may be cross-examined by any party, including the party that called the expert.

(c) Compensation. The expert is entitled to a reasonable compensation, as set by the court. The compensation is payable as follows:

(1) in a criminal case or in a civil case involving just compensation under the Fifth Amendment, from any funds that are provided by law; and

(2) in any other civil case, by the parties in the proportion and at the time that the court directs — and the compensation is then charged like other costs.

In large Mega Case, and highly complex (due to uniqueness of digital assets industry) cases just as Voyager Digital Holding Inc, et al is, it is not uncommon to assign a fee examiner, to assist the Court and UST with their fee examination duties, especially in cases like this, where it would overwhelm the offices of both parties to do so. [14, 15, 16]

23. *In re Maruko Inc.,* 160 B.R. 633 (Bankr.C.D.Cal.1993)
24. *In re Continental Airlines, Inc.,* 138 B.R. 439 (Bankr.D.Del. 1992)
25. *In re Owens Corning,* Case No. 00-3837 (Bankr.D.Del.2000)

**NOTICE**

15.  The Creditors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the U.S. Trustee; (b) the Committee; ( c) the United States Attorney's Office for the Southern District of New York; (d) the Attorney General in the States where the Debtors conducted their business operations and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Creditors submit, that in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Creditors respectfully request that the Court grant the requested reliefs herein and such other relief as the Court deems appropriate under the circumstances.

Dated:  January 30th, 2023

CREDITORS

/s/ Tracy Hendershott
Tracy Hendershott
Florida, USA
tokyotracy@gmail.com

/s/ Trevor Brucker
Trevor Brucker
Minnesota, USA
TrevorBrucker@hotmail.com

/s/ Seth Jones
Seth Jones
Florida, USA
VoyagerVictims@gmail.com

/s/ Jessica Roth
Jessica Roth
California, USA
Thejessicamoss@mac.com

/s/ Jumbo Jeter

Jumbo Jeter
Alabama, USA
JumboJeter712@gmail.com

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK**

---

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Voyager Digital Holdings, Inc, et al.,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors | ) | (Jointly Administered) |
| | ) | |

**ORDER APPOINTING INDEPENDENT FEE EXAMINER AND ESTABLISHING RELATED PROCEDURES FOR THE REVIEW OF FEE APPLICATIONS OF RETAINED PROFESSIONALS**

Upon consideration of the Order _____) [ECF No. ___] and Order _____ [ECF No. ___] entered by the Court in these cases; upon further consideration that the size and complexity of these jointly administered chapter 11 cases will result in the filing of numerous, lengthy and complex professional fee applications; upon the Court's conclusion that the appointment of a fee examiner (the "Fee Examiner") under Bankruptcy Code section 105 appears to be in the best interests of the Debtors, their estates and creditors, and other parties-in-interest; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and this matter being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and upon the Declaration of _____ in Conjunction With His Appointment as Fee Examiner dated _____ [ECF No. _____]; and good and sufficient cause appearing therefor; it is hereby,

FOUND AND DETERMINED THAT:

A. The Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code on July __, 2022 (the "Petition Date").

B. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. [ECF No. 53].

C. On July __, 2022, the United States Trustee appointed an official committee of unsecured creditors (the "Official Committee") [ECF No. ___].

D. On August __, 2022, the Court entered the Initial Interim Compensation Order.

EF. On _____ ___, 2022, the Court entered the First Amended Interim Compensation Order.

G. Given the size and complexity of these chapter 11 cases, the Creditors proposed that the Court authorize the appointment of an independent Fee Examiner to review and report on, as appropriate, all interim and final applications for allowance of compensation and reimbursement of expenses filed by retained professionals retained appointed pursuant to Bankruptcy Code sections 105, 327, 1103, 1104 or similar authority or otherwise requesting compensation and/or reimbursement of expenses on an interim basis pursuant to the First Amended Interim Compensation Order (the "Retained Professionals"), in accordance with Bankruptcy Code sections 327, 330, and 331 and the First Amended Interim Compensation Order (collectively, the "Applications"), and the Debtors and the Official Committee have consented to such proposal on the terms set forth herein.

H. For the purposes of this Order, the term "Retained Professionals" (i) shall specifically include (a) any and all professionals in these cases requesting compensation and/or reimbursement of expenses on an interim basis pursuant to Bankruptcy Code sections 327, 330, 331, or 1103, (b) the UCC and all professionals retained by the UCC, (c) each professional subject to the Order Authorizing Debtors to Employ Professionals Used in the Ordinary Course of Business Nunc Pro Tunc to the Petition Date [ECF No. ___] (as may be amended or supplemented from time to time, the "Ordinary Course Professionals Order") (d) any and all professionals of any official committee of preferred equity holders, if one is appointed.

23

I. For purposes of this Order, the term "Retained Professionals" shall exclude (a) professionals retained pursuant to sections 328 and 363 of the Bankruptcy Code, (b) any requests for compensation submitted pursuant to Bankruptcy Code sections 503(b)(3) or 503(b)(4), and/or for making a substantial contribution to these chapter 11 cases.

J. _____, the proposed Fee Examiner, is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14).

IT IS HEREBY ORDERED THAT:

1. The Court hereby appoints _____ to serve as the Fee Examiner in these cases, subject to the terms and conditions of this Order and of the First Amended Interim Compensation Order.

2. In the performance of his duties and powers as provided in this Order, the Fee Examiner shall enjoy the maximum immunity permitted by law from all manner of claims, demands, suits, or civil actions for all acts taken or omitted by him. Any and all claims, demands, suits, or civil actions not brought or asserted against the Fee Examiner prior to the thirtieth (30th) calendar day after entry of an order determining the last final fee Application in these cases pursuant to 11 U.S. C. § 330 shall be barred forever and discharged, and all persons and entities shall be enjoined from prosecuting such claims in any manner thereafter. No person or entity shall seek discovery from the Fee Examiner, subpoena the Fee Examiner as a witness, or commence an action against the Fee Examiner in connection with his duties or powers hereunder except in this Court and with the prior approval of this Court, which retains exclusive jurisdiction therefor.

3. The Fee Examiner may retain attorneys and other professionals, assistants, or consultants to the extent he deems it necessary to discharge his duties. The Fee Examiner's retention of professionals shall be subject to Court approval under standards equivalent to those set out in 11 U.S.C. § 327, after notice and opportunity for hearing pursuant to the Local Bankruptcy Rules of this Court.

4. The fees and expenses of the Fee Examiner and any Court-approved attorneys and professionals for the Fee Examiner shall be subject to application and review pursuant to Bankruptcy Code section 330 and shall be paid from the Debtors' estates as an expense of administration under Bankruptcy Code section 503(b)(2) and in accordance with the procedures in the First Amended Interim Compensation Order, except that neither the Fee Examiner nor any professional retained by him shall review their own fee applications. The Fee Examiner's compensation shall not be contingent, dependent or based on any element of success or result. The Fee Examiner's fees and expenses shall be subject to the information detail requirements set forth in Local Bankruptcy Rule 2016-1 and the applicable United States Trustee Appendix B Guidelines for Compensation.

5. Except as otherwise provided herein, the scope of the Fee Examiner's duties and responsibilities shall encompass all interim and final Applications. Unless the Court orders otherwise, the scope of the Fee Examiner's duties and responsibilities shall not extend to any requests for compensation submitted pursuant to Bankruptcy Code sections 503(b)(3) or 503(b)(4), and/or for making a substantial contribution to these chapter 11 cases.

6. Except as provided in Paragraph 5 above, the Fee Examiner shall review and assess all Applications filed by Retained Professionals, and the fees and reimbursement of expenses for which allowance is sought pursuant to the Applications for compliance with (1) Bankruptcy Code sections 329, 330 and 331, as applicable, (2) Rule 2016 of the Federal Rules of Bankruptcy Procedure, (3) the First Amended Interim Compensation Order (as amended herein), and (4) Local Bankruptcy Rule 2016-1 and the applicable guidelines for compensation. The Fee Examiner is further authorized and shall have standing before the Court:

(a) to prepare reports (as discussed in further detail below) for the Court to aid in the review and approval of interim and final fee Applications, which may include such matters as the efficiency and reasonableness of staffing and expenses and the appropriateness of periodic increases in hourly rates;

25

(b) to require applicants for compensation to provide him such supplemental information as he may reasonably require in order to evaluate the reasonableness of any particular fee item; provided, however, that nothing herein shall require a Retained Professional to provide any information that would disclose privileged information, work product or anything (including potential strategies) that in the Retained Professional's reasonable discretion could be damaging or prejudicial to its clients (collectively, "Privileged Information"); provided, for the avoidance of doubt, that a Retained Professional's general discussion of projects and tasks without reference to confidential details shall not be considered a waiver of any privilege or discovery immunity; provided further, if a Retained Professional or its client does provide Privileged Information to the Fee Examiner, the Fee Examiner shall treat such information as confidential and the disclosure of such information to the Fee Examiner shall not be deemed to be a waiver by the disclosing party of any applicable work product, attorney-client, or other privilege;

(c) to conduct such discovery as may be pertinent and necessary to the performance of his other duties and responsibilities after first securing approval of this Court, which may be granted only upon notice to all interested parties and opportunity for hearing, and the Court retains exclusive jurisdiction over all matters relating to such discovery; and

(d) subject to the completion of the procedures set forth in Paragraph 7 for submission of a Confidential Letter Report and Fee Examiner Summary Report (each as defined below) with respect to the applicable fees or expenses, to object to the allowance of fees or expenses sought by any Retained Professional in a fee application on the same grounds as any party in interest in this case, including based on the reasonableness standard provided in 11 U.S.C. § 330.

e) To evaluate the "necessary" and "reasonableness" of the following questions:

1) Is it necessary and reasonable to pay a Professional group $12 or $13 million for asset sale, that only resulted in a liquidation of Creditor investments? Are those types of fees reasonable, for an offer that only provides $20 million, when the fees alone to a single professional organization, consume 65% of the $20 million, and the transaction is basically a liquidation of the Creditor investments, with $0 value for any other asset of the company being paid for?

2) As this case converted from one of proposed reorganization and to one of liquidation, was and is it necessary to continue with the extremely large load of the number of timekeepers at each Professional organization?

Notwithstanding these enumerated powers, the Court shall have the final role in evaluating or judging the legal or factual merits of any papers filed or positions taken by parties in interest or their Retained Professionals, but this restriction shall not limit the ability of the Fee Examiner to consider the factors set forth in 11 U.S.C. §§ 330(a)(3)(C)-(D) in his evaluation of Applications.

7. The Fee Examiner shall review the Applications filed by each Retained Professional. To the extent practicable, the Fee Examiner shall avoid duplicative review when reviewing (1) interim fee Applications comprised of monthly fee statements and (2) final fee Applications comprised of interim fee Applications that have already been reviewed by the Fee Examiner. After reviewing each Retained Professional's Application, the Fee Examiner shall:

(a) For each Retained Professional's first interim Application, within sixty (60) days after a Retained Professional files a the Application and, thereafter, within forty-five (45) days after a Retained Professional files a second or any subsequent Application, prepare a confidential report on each Application (each, a "Confidential Letter Report") for which the Fee Examiner has a potential issue or objection, and serve any such Confidential Letter Report on the Retained

Professional. The Fee Examiner's Confidential Letter Report shall quantify and present information relevant to whether the requested fees, disbursements, and expenses meet the applicable standards of 11 U.S.C. § 330 and Local Bankruptcy Rule 2016-1. These Confidential Letter Reports are to be treated as part of settlement discussions with the Retained Professionals and, as such, shall not be discoverable. The contents of the Confidential Letter Report shall be maintained in confidence by such parties until such time as the Fee Examiner incorporates all or any content of the Confidential Letter Report into a Fee Examiner Summary Report in accordance with paragraph 4(e) of the First Amended Interim Compensation Order and Paragraph 7(c) below.

(b) within thirty 30 days after service of the Confidential Letter Report for any professional's first interim application and within 20 days after service of the Confidential Letter Report for any professional's second or any subsequent Application, engage in written communication with each Retained Professional, the objective of which is to resolve matters raised in the Confidential Letter Report and endeavor to address and resolve, to the mutual satisfaction of the Fee Examiner and the Retained Professional, any issues identified or to amend its Application in a Confidential Letter Report.

(c) after a reasonable opportunity to resolve the issues identified in the Confidential Letter Report or amend the Application, file a final report (the "Fee Examiner Summary Report") with the Court outlining in general terms the Applications recommended for Court approval on an uncontested basis, with agreed adjustments, if any. Because all Retained Professionals and Monthly Fee Statement Recipients are users of the Court's Electronic Case Filing System, as defined in the Amended Final Order _____ [ECF No. _____] , the filing of the Fee Examiner Summary Reports on the Court's Electronic Case Filing System shall be deemed suitable notice and no further electronic or mail service of Fee Examiner Summary Reports shall be required. [2] The Retained Professional may file a reply to the Fee Examiner Summary Report. The Fee Examiner Summary Report shall be in a format

designed to quantify and present information relevant to whether the requested fees and

expenses of each Retained Professional meet the applicable standards of 11 U.S.C. § 330 and

Local Bankruptcy Rule 2016-1. The Fee Examiner Summary Report shall also inform the Court

of any proposed consensual resolutions of the fee or expense reimbursement request for each

Retained Professional.

(d) The Fee Examiner shall file his Fee Examiner Summary Report at least ten (10) days

before the hearing date on the relevant Application and each Fee Examiner Summary Report

shall include a proposed order, to be e-mailed to the Court in Microsoft Word format. The Court

may, in its discretion, enter a proposed order allowing uncontested interim fee applications

recommended by the Fee Examiner prior to the scheduled hearing date without further need for

a hearing.

8. The Application submission and reporting schedule for the first four interim fee periods, if

applicable, shall be as follows:

Insert table

9. Any of the Fee Examiner's reporting periods set forth in paragraph 8, above, may be

extended with the consent of the Fee Examiner and the applicable Retained Professional

without further order of the Court. For all parties other than the Fee Examiner and the U.S.

Trustee, the deadline to object to an Application remains governed by Fed. R. Bankr. P.

2002(a)(6) absent a Court order extending that deadline.

2 Nothing in the terms of this Order shall alter the Fee Examiner's obligation to deliver all Bankruptcy Court Filings, as defined in the Amended Case Management Procedures Order, including Fee Examiner Summary Reports, via email to the chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York and to the U.S. Trustee no later than the next business day following the next business day following the date on which such Bankruptcy Court Filing is electronically filed.

10. The Fee Examiner, the Debtors, the Official Committee and the Retained Professionals shall use best efforts to have undisputed portions of Applications both allowed by the Court and paid as soon as reasonably practicable, even if a Contested Amount remains disputed and subject to the procedures set forth above.

11. All Retained Professionals (including attorneys, the Examiner, financial advisors, auditors, and claims consultants, but excluding all professionals retained pursuant to sections 328 and 363 of the Bankruptcy Code) shall cooperate with the Fee Examiner in the discharge of the Fee Examiner's duties and shall, subject to the qualification set forth in Paragraph 6(b) above with respect to privileged matters or work product, promptly respond to any reasonable request for information from the Fee Examiner.

12. Nothing contained herein shall affect the right, if any, of any party in interest in these cases to object or otherwise respond to any interim fee Application, including those of the Fee Examiner. Nothing herein shall affect any party's right to request a waiver of the requirements of Local Bankruptcy Rule 2016-1 or the applicable Guidelines for Compensation and the requirements under 11 U.S.C. § 330, to the extent they apply. Nothing herein shall alter or modify prior orders governing the retention of professionals.

13. Any communication between the Fee Examiner (or any agent thereof) and any Monthly Fee Statement Recipient (or any agent thereof), as defined in the First Amended Interim Compensation Order that pertains to the fees or expenses of any Retained Professional of another Monthly Fee Statement Recipient shall be in writing and copies thereof shall be sent to the Retained Professional whose fees or expenses are the subject of such communication, at the same time and by the same means as the communication between the Fee Examiner or the Monthly Fee Statement Recipient.

14. The Monthly Fee Statement Recipients, as defined in the First Amended Interim Compensation Order, are authorized and empowered to take any and all actions necessary to implement and effectuate the terms of this Order, but only to the extent such actions are not inconsistent with the express terms of the Order.

15. All previously filed Applications and related Fee Details (as defined in the First Amended Interim Compensation Order) shall be provided to the Fee Examiner by electronic mail only to _____, by each Retained Professional within 20 days of entry of this Order. All previously filed Applications, all future Applications, supporting data, and all other documents, notices, or pleadings required to be sent to or served upon any Monthly Statement Recipient under the First Amended Interim Compensation Order on and after the date hereof shall be served upon the Fee Examiner by email only to _____.

16. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry and shall remain in effect unless and until the Court orders otherwise.

17. To the extent there is any inconsistency between the terms of any Retained Professional's retention agreement and this Order, the term of this Order shall govern.

18. The Court retains jurisdiction to enforce, modify or vacate this Order after hearing upon not less than fourteen (14) days' notice to the Fee Examiner, the Debtors, the Official Committee, the Ad Hoc Committees, the Examiner, and the United States Trustee. Notwithstanding any provisions of this Order to the contrary, the Court retains ultimate authority to determine whether fees and expenses requested by any Retained Professional are necessary and reasonable under Bankruptcy Code section 330.

Dated: _____, 2023

      New York, New York


_____

THE HONORABLE MICHAEL E. WILES

UNITED STATES BANKRUPTCY JUDGE

## <u>CERTIFICATE OF SERVICE</u>

 I hereby certify that on this 30th day of January 2023, a true and correct copy of the foregoing **OBJECTION TO INTERIM AND FINAL FEE APPLICATION AND MOTION TO APPOINT FEE EXAMINER ON THIS MEGA BANKRUPTCY CASE** has been served via-email, as indicated in the attached Service List.

/s/ <u>Tracy Hendershott         </u>
                Tracy Hendershott
                Pro Se Creditor

| Name | Email | Method of Service |
|---|---|---|
| DISTRICT OF COLUMBIA OFFICE OF THE ATTORNEY GENERAL | OAG@DC.GOV | Email |
| FRANCINE DE SOUSA C/O SISKINDS LLP | ANTHONY.OBRIEN@SISKINDS.COM MICHAEL.ROBB@SISKINDS.COM GARETT.HUNTER@SISKINDS.COM | Email |
| GOOGLE, LLC | COLLECTIONS@GOOGLE.COM | Email |
| OFFICE OF THE UNITED STATES TRUSTEE FOR THE SOUTHERN DIST OF NEW YORK | RICHARD.MORRISSEY@USDOJ.GOV MARK.BRUH@USDOJ.GOV | Email |
| SECURITIES & EXCHANGE COMMISSION | SECBANKRUPTCY-OGC-ADO@SEC.GOV BANKRUPTCYNOTICESCHR@SEC.GOV | Email |
| SECURITIES & EXCHANGE COMMISSION NEW YORK REGIONAL OFFICE | NYROBANKRUPTCY@SEC.GOV | Email |
| STATE OF ALABAMA OFFICE OF THE ATTORNEY GENERAL | CONSUMERINTEREST@ALABAMAAG.GOV | Email |
| STATE OF ALASKA OFFICE OF THE ATTORNEY GENERAL | ATTORNEY.GENERAL@ALASKA.GOV | Email |
| STATE OF ARIZONA OFFICE OF THE ATTORNEY GENERAL | AGINFO@AZAG.GOV | Email |
| STATE OF ARKANSAS OFFICE OF THE ATTORNEY GENERAL | OAG@ARKANSASAG.GOV | Email |
| STATE OF CALIFORNIA OFFICE OF THE ATTORNEY GENERAL | XAVIER.BECERRA@DOJ.CA.GOV | Email |
| STATE OF COLORADO OFFICE OF THE ATTORNEY GENERAL | CORA.REQUEST@COAG.GOV | Email |
| STATE OF CONNECTICUT OFFICE OF THE ATTORNEY GENERAL | ATTORNEY.GENERAL@CT.GOV | Email |
| STATE OF FLORIDA OFFICE OF THE ATTORNEY GENERAL | ASHLEY.MOODY@MYFLORIDALEGAL.CO | Email |
| STATE OF HAWAII OFFICE OF THE ATTORNEY GENERAL | HAWAIIAG@HAWAII.GOV | Email |
| STATE OF IDAHO OFFICE OF THE ATTORNEY GENERAL | LAWRENCE.WASDEN@AG.IDAHO.GOV AGWASDEN@AG.IDAHO.GOV | Email |
| STATE OF ILLINOIS OFFICE OF THE ATTORNEY GENERAL | INFO@LISAMADIGAN.ORG | Email |
| STATE OF IOWA OFFICE OF THE ATTORNEY GENERAL | CONSUMER@AG.IOWA.GOV | Email |
| STATE OF KANSAS ATTORNEY GENERAL | DEREK.SCHMIDT@AG.KS.GOV | Email |

| STATE OF LOUISIANA DEPT. OF JUSTICE - ATTORNEY GENERAL'S OFFICE | ADMININFO@AG.STATE.LA.US | Email |
|---|---|---|
| STATE OF MAINE OFFICE OF THE ATTORNEY GENERAL | ATTORNEY.GENERAL@MAINE.GOV | Email |
| STATE OF MARYLAND OFFICE OF THE ATTORNEY GENERAL | OAG@OAG.STATE.MD.US | Email |
| STATE OF MINNESOTA OFFICE OF THE ATTORNEY GENERAL | ATTORNEY.GENERAL@AG.STATE.MN.US | Email |
| STATE OF MISSOURI OFFICE OF THE ATTORNEY GENERAL | CONSUMER.HELP@AGO.MO.GOV | Email |
| STATE OF MONTANA OFFICE OF THE ATTORNEY GENERAL | CONTACTDOJ@MT.GOV | Email |
| STATE OF NEW HAMPSHIRE OFFICE OF THE ATTORNEY GENERAL | ATTORNEYGENERAL@DOJ.NH.GOV | Email |
| STATE OF NEW MEXICO OFFICE OF THE ATTORNEY GENERAL | HBALDERAS@NMAG.GOV | Email |
| STATE OF NORTH DAKOTA OFFICE OF THE ATTORNEY GENERAL | NDAG@ND.GOV | Email |
| STATE OF OKLAHOMA OFFICE OF THE ATTORNEY GENERAL | QUESTIONS@OAG.OK.GOV | Email |
| STATE OF OREGON OFFICE OF THE ATTORNEY GENERAL | ELLEN.ROSENBLUM@DOG.STATE.OR.US | Email |
| STATE OF RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL | AG@RIAG.RI.GOV | Email |
| STATE OF UTAH OFFICE OF THE ATTORNEY GENERAL | UAG@UTAH.GOV | Email |
| STATE OF VERMONT OFFICE OF THE ATTORNEY GENERAL | AGO.INFO@VERMONT.GOV | Email |
| STATE OF VIRGINIA OFFICE OF THE ATTORNEY GENERAL | MAIL@OAG.STATE.VA.US | Email |
| TORONTO STOCK EXCHANGE | WEBMASTER@TMX.COM | Email |
| STATE OF WEST VIRGINIA OFFICE OF THE ATTORNEY GENERAL | CONSUMER@WVAGO.GOV | Email |
| HORWOOD MARCUS & BERK CHARTERED | AHAMMER@HMBLAW.COM NDELMAN@HMBLAW.COM | Email |
| METROPOLITAN COMMERCIAL BANK BALLARD SPAHR LLP | SINGERG@BALLARDSPAHR.COM | Email |
| METROPOLITAN COMMERCIAL BANK WACHTELL, LIPTON, ROSEN & KATZ | RGMASON@WLRK.COM ARWOLF@WLRK.COM | Email |

| | AKHERRING@WLRK.COM | |
|---|---|---|
| JASON RAZNICK JAFFE RAITT HEUER & WEISS, P.C. | PHAGE@JAFFELAW.COM | Email |
| STEVE LAIRD FORSHEY & PROSTOK LLP | BFORSHEY@FORSHEYPROSTOK.COM | Email |
| ORACLE AMERICA, INC. BUCHALTER, A PROFESSIONAL CORPORA | SCHRISTIANSON@BUCHALTER.COM | Email |
| ALAMEDA RESEARCH LLC & AFFILIATES SULLIVAN & CROMWELL LLP | DIETDERICHA@SULLCROM.COM<br>GLUECKSTEINB@SULLCROM.COM<br>BELLERB@SULLCROM.COM | Email |
| VOYAGER DIGITAL HOLDINGS, INC., ET AL. KIRKLAND & ELLIS LLP KIRKLAND & ELLIS INTERNATIONAL LLP | JSUSSBERG@KIRKLAND.COM<br>CMARCUS@KIRKLAND.COM<br>CHRISTINE.OKIKE@KIRKLAND.COM<br>ALLYSON.SMITH@KIRKLAND.COM | Email |
| EMERALD OCEAN ISLE, LLC, AMANO GLOBAL HOLDINGS, INC., SHINGO LAVINE, AND ADAM LAVINE C/O GOLDSTEIN & MCCLINKOCK LLLP | MATTM@GOLDMCLAW.COM<br>HARLEYG@RESTRUCTURINGSHOP.COM<br>STEVENY@GOLDMCLAW.COM | Email |
| EMERALD OCEAN ISLE, LLC, AMANO GLOBAL HOLDINGS, INC., SHINGO LAVINE, AND ADAM LAVINE C/O LAW OFFICES OF DOUGLAS T. TABACHNIK, P.C. | DTABACHNIK@DTTLAW.COM | Email |
| MATTHEW EDWARDS C/O LIZ GEORGE AND ASSOCIATES | GEORGELAWOK@GMAIL.COM | Email |
| TEXAS STATE SECURITIES BOARD OFFICE OF THE ATTORNEY GENERAL OF TEXAS | ABIGAIL.RYAN@OAG.TEXAS.GOV<br>LAYLA.MILLIGAN@OAG.TEXAS.GOV<br>JASON.BINFORD@OAG.TEXAS.GOV | Email |
| OFFICE OF THE ATTORNEY GENERAL OF TEXAS | ROMA.DESAI@OAG.TEXAS.GOV | Email |
| OFFICE OF THE ATTORNEY GENERAL BANKRUPTCY DIVISION | AGBANKNEWYORK@AG.TN.GOV | Email |
| VERMONT DEPARTMENT OF FINANCIAL REGULATION ASSISTANT GENERAL COUNSEL | JENNIFER.ROOD@VERMONT.GOV | Email |
| ROBERT SNYDERS & LISA SNYDERS C/O JOHNSON, POPE, BOKOR, RUPPEL & BURNS, LLP | ANGELINAL@JPFIRM.COM | Email |
| MICHAEL LEGG C/O MCCARTHY, LEBIT, CRYSTAL & LIFFMAN CO. | RRK@MCCARTHYLEBIT.COM<br>NRO@MCCARTHYLEBIT.COM | Email |
| MICHAEL GENTSCH C/O BARSKI LAW PLC | CBARSKI@BARSKILAW.COM | Email |

| ILLINOIS SECRETARY OF STATE C/O OFFICE OF THE ATTORNEY GENERAL | JOHN.REDING@ILAG.GOV | Email |
|---|---|---|
| GEORGIA DEPARTMENT OF BANKING AND FINANCE | NHOVEY@LAW.GA.GOV | Email |
| MARK CUBAN AND DALLAS BASKETBALL LIMITED, D/B/A DALLAS MAVERICKS C/O BROWN RUDNICK LLP ATTN: SIGMUND S. WISSNERGROSS ESQ. & KENNETH J. AULET | SWISSNER-GROSS@BROWNRUDNICK.COM<br>KAULET@BROWNRUDNICK.COM | Email |
| MARK CUBAN AND DALLAS BASKETBALL LIMITED D/B/A DALLAS MAVERICKS C/O BROWN RUDNICK LLP ATTN: STEPHEN A. BEST ESQ & RACHEL O. WOLKINSON, ESQ. | SBEST@BROWNRUDNICK.COM<br>RWOLKINSON@BROWNRUDNICK.COM | Email |
| ED BOLTON C/O AKERMAN LLP | ADAM.SWICK@AKERMAN.COM<br>JOHN.THOMPSON@AKERMAN.COM<br>JOANNE.GELFAND@AKERMAN.COM | Email |
| JON GIACOBBE ATTN: A. MANNY ALICANDRO | MANNY@ALICANDROLAWOFFICE.COM | Email |
| WELLS FARGO BANK, N.A. C/O ALDRIDGE PITE, LLP | GWALLACH@ALDRIDGEPITE.COM | Email |
| AD HOC GROUP OF EQUITY INTEREST HOLDERS C/O KILPATRICK TOWNSEND & STOCKTON LLP | DPOSNER@KILPATRICKTOWNSEND.COM<br>KMOYNIHAN@KILPATRICKTOWNSEND.COM<br>PROSENBLATT@KILPATRICKTOWNSEND.COM | Email |
| PIERCE ROBERTSON C/O PACHULSKI STANG ZIEHL & JONES LLP | RPACHULSKI@PSZJLAW.COM<br>AKORNFELD@PSZJLAW.COM<br>DGRASSGREEN@PSZJLAW.COM<br>JROSELL@PSZJLAW.COM | Email |
| STATE OF WASHINGTON OFFICE OF ATTORNEY GENERAL | STEPHEN.MANNING@ATG.WA.GOV | Email |
| MARCUM LLP MINTZ & GOLD LLP | GOTTESMAN@MINTZANDGOLD.COM | Email |
| U.S. SECURITIES & EXCHANGE COMMISSION | SCHEUERT@SEC.GOV | Email |
| NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES CONSUMER PROTECTION AND FINANCIAL ENFORCEMENT | KEVIN.PUVALOWSKI@DFS.NY.GOV<br>LINDA.DONAHUE@DFS.NY.GOV<br>JASON.STJOHN@DFS.NY.GOV | Email |
| NEW JERSEY BUREAU OF SECURITIES | VSHEA@MDMC-LAW.COM<br>NLEONARD@MDMC-LAW.COM | Email |
| NEW JERSEY BUREAU OF SECURITIES | | Email |

| | | |
|---|---|---|
| USIO, INC. PULMAN, CAPPUCCIO & PULLEN, LLP | RPULMAN@PULMANLAW.COM | Email |
| BAM TRADING SERVICES INC. D/B/A BINANCE.US LATHAM & WATKINS | ADAM.GOLDBERG@LW.COM<br>NACIF.TAOUSSE@LW.COM<br>JON.WEICHSELBAUM@LW.COM<br>ANDREW.SORKIN@LW.COM | Email |
| ATTORNEY FOR THE STATES OF ALABAMA, ARKANSAS, CALIFORNIA, DISTRICT OF COLUMBIA, HAWAII, MAINE, NORTH DAKOTA, OKLAHOMA, AND SOUTH C/O NATIONAL ASSOCIATION OF ATTORNEYS GENERAL | KCORDRY@NAAG.ORG | Email |
| USIO, INC. & FICENTIVE, INC. RUSKIN MOSCOU FALTISCHEK, P.C. | SGIUGLIANO@RMFPC.COM | Email |
| CELSIUS NETWORK LLC AKIN GUMP STRAUSS HAUER & FELD, L.L.P. | MHURLEY@AKINGUMP.COM<br>DCHAPMAN@AKINGUMP.COM | Email |
| VOYAGER DIGITAL HOLDINGS, INC., ET AL. PAUL HASTINGS LLP | JONCANFIELD@PAULHASTINGS.COM<br>MATTMURPHY@PAULHASTINGS.COM<br>MICHAELCWHALEN@PAULHASTINGS.COM | Email |