Hearing Date:  **February 22, 2023, at 10:00 a.m. (prevailing Eastern Time)**
Objection Deadline:  **February 15, 2023, at 4:00 p.m. (prevailing Eastern Time)**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | Case No. 22-10943 (MEW) |
| Debtors. | (Jointly Administered) |

### NOTICE OF HEARING ON THE DEBTORS' MOTION FOR AN ORDER (I) APPROVING (A) OMNIBUS CLAIMS OBJECTION PROCEDURES AND FORM OF NOTICE, (B) OMNIBUS SUBSTANTIVE CLAIMS OBJECTIONS, AND (C) SATISFACTION PROCEDURES AND FORM OF NOTICE, AND (II) WAIVING BANKRUPTCY RULE 3007(e)(6)

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Motion for an Order (I) Approving (A) Omnibus Claims Objection Procedures and Form of Notice, (B) Omnibus Substantive Claims Objections, and (C) Satisfaction Procedures and Form of Notice and (II) Waiving Bankruptcy Rule 3007(e)(6)* (the "Motion,") will be held on **February 22, 2023, at 10:00 a.m., prevailing Eastern Time** (the "Hearing").  In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted telephonically.  Any parties wishing to

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

KE 90826240

participate must do so by making arrangements through CourtSolutions by visiting https://www.court-solutions.com.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Motion shall:  (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served so as to be actually received by **February 15, 2023, at 4:00 p.m., prevailing Eastern Time**, by (i) the entities on the Master Service List available on the case website of the above-captioned debtors and debtors in possession (the "Debtors") at https://cases.stretto.com/Voyager and (ii) any person or entity with a particularized interest in the subject matter of the Motion.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing.  Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Debtors.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/Voyager.  You may also obtain copies of the Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated:  January 30, 2023          /s/ Joshua A. Sussberg
New York, New York                **KIRKLAND & ELLIS LLP**
                                  **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                  Joshua A. Sussberg, P.C.
                                  Christopher Marcus, P.C.
                                  Christine A. Okike, P.C.
                                  Allyson B. Smith (admitted *pro hac vice*)
                                  601 Lexington Avenue
                                  New York, New York 10022
                                  Telephone:    (212) 446-4800
                                  Facsimile:    (212) 446-4900
                                  Email:        jsussberg@kirkland.com
                                                cmarcus@kirkland.com
                                                christine.okike@kirkland.com
                                                allyson.smith@kirkland.com

                                  *Counsel to the Debtors and Debtors in Possession*

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | Case No. 22-10943 (MEW) |
| Debtors. | (Jointly Administered) |

**DEBTORS' MOTION FOR AN ORDER**
**(I) APPROVING (A) OMNIBUS CLAIMS OBJECTION**
**PROCEDURES AND FORM OF NOTICE, (B) OMNIBUS SUBSTANTIVE**
**CLAIMS OBJECTIONS, AND (C) SATISFACTION PROCEDURES AND**
**FORM OF NOTICE AND (II) WAIVING BANKRUPTCY RULE 3007(e)(6)**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state the following in support of this motion (this "Motion"):

**Relief Requested**

1.    The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order"):  (a) approving the objection procedures described herein; (b) authorizing

the Debtors to assert substantive objections to "claims" (collectively, "Claims"), as that term is

defined in section 101(5) of the United States Code, 11 U.S.C. §§ 101–1532

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

(the "<u>Bankruptcy Code</u>"), including requests for payment of administrative expense claims (collectively, "<u>Administrative Claims</u>"), in an omnibus format pursuant to rules 3007(c) and (d) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"); (c) approving the satisfaction procedures and form of notice described herein; and (d) waiving Bankruptcy Rule 3007(e)(6).

### Jurisdiction

2.      The United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012. The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 105(a) and 502(a) of the Bankruptcy Code and Bankruptcy Rules 3007(c) and 3007(d).

### Background

4.      On July 5, 2022 (the "<u>Petition Date</u>"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Stephen Ehrlich, Chief*

*Executive Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 15] (the "First Day Declaration"), incorporated by reference herein.[2]

5.      The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 18].  On July 19, 2022, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 102] (the "Committee").  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

### Claims Reconciliation Process

6.      On August 3, 2022, the Court entered the *Order (I) Setting Deadlines for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, and (III) Approving Notice Thereof* [Docket No. 218] (the "Bar Date Order") establishing certain dates and deadlines for filing proofs of Claims (collectively, the "Proofs of Claim") in these chapter 11 cases. Specifically, among other things, the Court established (a) October 3, 2022, at 5:00 p.m., prevailing Eastern Time, as the last date and time for certain creditors other than governmental units to file Proofs of Claim based on prepetition Claims against any Debtor (the "Claims Bar Date"), (b) January 3, 2023, at 5:00 p.m., prevailing Eastern Time, as the last date and time for each governmental unit to file Proofs of Claim against any Debtor (the "Governmental Bar Date"),[3]

---

[2]    Capitalized terms not defined herein shall have the meanings ascribed to such terms in the First Day Declaration or the *Debtors' Motion for Entry of an Order (I) Setting Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, and (III) Approving Notice Thereof* [Docket No. 98], as applicable.

[3]    The Debtors entered into the *Stipulation and Agreed Order Extending Governmental Bar Date for the States* [Docket No. 840] with the National Association of Attorneys General on behalf of its member states in the United States, the Texas Department of Banking, and the Texas State Securities Board (collectively, the "States"), and the *Stipulation and Agreed Order Extending Governmental Bar Date for the US Securities and Exchange*

(c) the later of (i) the General Claims Bar Date and (ii) any date this Court may fix in the applicable order authorizing rejection of any executory contract or unexpired lease of the Debtors and, if no such date is provided, 30 days from the date of entry of such order, as the deadline by which claimants asserting Claims resulting from the Debtors' rejection of an executory contract or unexpired lease must file Proofs of Claim for damages arising from such rejection, and (d) at least 35 days from the date on which the Debtors provided notice of an amendment or supplement to the Schedules, as the deadline for when claimants holding claims that the filing, amendment, or supplement affected must file Proofs of Claim with respect to such claim.

7.      On September 15, 2022, the Debtors filed the *Amended Schedule of Assets and Liabilities of Voyager Digital Ltd. (Case No. 22-10944)* [Docket No. 9], the *Amended Schedules of Assets and Liabilities of Voyager Digital, LLC (Case No. 22-10945)* [Docket No. 10], and the *Amended Schedules of Assets and Liabilities of Voyager Digital Holdings, Inc. (Case No. 22-10943)* [Docket No. 429] (as amended from time to time, the "Schedules") pursuant to Bankruptcy Rule 1007.  On November 18, 2022, the Debtors filed the *Notice of (I) Filing of Amendment to Schedule of Assets and Liabilities for Voyager Digital, LLC and (II) Deadline Requiring Submission of Proofs of Claim on or Before December 23, 2022 and Related Procedures for Submitting Proofs of Claim in the Above-Captioned Chapter 11 Cases* [Docket No. 666].

8.      Stretto, Inc. (the "Claims, Noticing, and Solicitation Agent") timely provided notice of the Bar Date Order to over one million potential claimants in accordance with the procedures outlined therein.  An employee of the Claims, Noticing, and Solicitation Agent directed and supervised the delivery of the notice via electronic mail or first-class mail, as applicable, upon the

---

*Commission* [Docket No. 839] with the United States Securities and Exchange Commission (the "SEC"), which extended the Governmental Bar Date for the States and the SEC to January 17, 2023.

service lists attached as <u>Exhibit A</u> through <u>Exhibit E</u> to the *Affidavit of Service* [Docket No. 391],

<u>Exhibit A</u> of the *Supplemental Affidavit of Service* [Docket No. 395], a confidential list of 498

parties pursuant to the *Affidavit of Service* [Docket No. 452], <u>Exhibit A</u> and <u>Exhibit B</u> of the

*Affidavit of Service* [Docket No. 459], a confidential list of 469 parties pursuant to the *Affidavit of*

*Service* [Docket No. 489], a confidential list of 6 parties in addition to the named parties in the

*Supplemental Affidavit of Service* [Docket No. 618], a confidential list of 469 parties pursuant to

the *Supplemental Affidavit of Service* [Docket No. 635], a confidential list of 14,043 parties

pursuant to the *Affidavit of Service* [Docket No. 683], and a confidential list of 4 parties pursuant

to the *Affidavit of Service* [Docket No. 735].  The Claims Bar Date and Governmental Bar Date

have passed, and the Debtors believe that a substantial universe of the Claims that could be filed

in these chapter 11 cases have been filed, subject to any additional time that may be permitted

pursuant to mutual agreement among the Debtors and parties in interest, the Bar Date Order, or an

order that the Court may enter in these cases.

9.      As of the date hereof, over 12,000 Proofs of Claim have been filed against the

Debtors, totaling approximately $2.1 billion.[4]  The Debtors, together with their advisors, have

commenced the claims reconciliation process and anticipate that they will object to a substantial

number of Proofs of Claim asserted against the Debtors in accordance with Bankruptcy Rule

3007(d), which authorizes the Debtors to object to multiple claims in an omnibus fashion based

on certain enumerated grounds, and on additional grounds not set forth in Bankruptcy Rule

3007(d).  It would be time-consuming for the Debtors to prepare and file individual pleadings for

each objection not specifically set forth in Bankruptcy Rule 3007(d).  Authority to object to

---

[4]    This total value is an estimate and does not include notional value of cryptocurrency with respect to Account
Holder Claims, unliquidated Claims, and partially liquidated Claims or account for amended or duplicate Claims.

multiple Proofs of Claim in an omnibus basis on grounds other than those set forth in Bankruptcy Rule 3007(d) will ease the administrative and financial burden associated with the claims reconciliation process. Accordingly, the Debtors request authority to file omnibus objections in accordance with the relief sought herein as well as to provide notices of satisfaction to claimants asserting Claims that have been satisfied in full.

### Proposed Objection Procedures

10. The Debtors seek approval of the procedures attached as <u>Exhibit 1</u> to the Order (the "<u>Objection Procedures</u>") to expedite and complete the Claims reconciliation process in a timely, efficient, and cost-effective manner. The Objection Procedures describe the key aspects of the Debtors' proposed Claims objection process, such as the form of omnibus objection (each, an "<u>Omnibus Objection</u>"), types of exhibits and supporting documentation that will be included with each Omnibus Objection, the form of the notice that will be provided to affected creditors (the "<u>Objection Notice</u>"), information for creditors to attempt to resolve informally or file a formal response to the objection to their Claim, implications of failing to resolve or respond to such objection timely, and information relating to filing replies, obtaining discovery, and hearings. In addition, the Objection Procedures and Objection Notice,[5] substantially in the form attached as <u>Exhibit 2</u> to the Order, will contain the procedural safeguards for Omnibus Objections set forth in Bankruptcy Rule 3007(e)(1)–(e)(5) to protect the due process rights of creditors.

### Proposed Satisfaction Procedures

11. The Debtors also seek approval of the procedures for filing and serving notices of satisfaction of Claims, which will further streamline the Claims reconciliation process. The form

---

[5]   The Objection Notice generally will be in the form attached to <u>Exhibit 2</u>, but it may be tailored to address issues specific to particular creditors, Claims, or objections, as necessary and appropriate.

of notice of satisfaction, attached as <u>Exhibit 4</u> to the Order (the "<u>Notice of Satisfaction</u>"),[6] will comply with the satisfaction procedures attached as <u>Exhibit 3</u> to the Order (the "<u>Satisfaction Procedures</u>").  Such procedures provide information about objecting to the Notice of Satisfaction and/or filing a formal response thereto as well as the implications of failing to object or respond to such Notice of Satisfaction in timely manner and in accordance with the procedures.  The Notice of Satisfaction will notify certain claimants of the Debtors' belief that their Claims have been satisfied in full pursuant to an order of the Court or in accordance with the *Third Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 852].  Such notice will also state that these Claims will be expunged from the Claims Register as a result of their satisfaction.

12.    The Debtors have incorporated safeguards into the Satisfaction Procedures and the Notice of Satisfaction to protect the due process rights of creditors.  For example, the Notice of Satisfaction will include (a) the name of the claimant, or Reference Number, as applicable, (b) the Proof of Claim number (if applicable), (c) the amount for which each particular Claim has been satisfied to the extent applicable, and (d) the objection date and procedures for objecting to the Notice of Satisfaction.

## <u>Relief Pursuant to Bankruptcy Rule 3007(c)</u>

13.    Although the Debtors expect to object to a number of Claims on the grounds enumerated in Bankruptcy Rule 3007(d), certain Claims necessitate objections on additional grounds not set forth expressly therein (collectively, the "<u>Additional Grounds</u>").  The Additional Grounds include the following or grounds similar thereto:

a.    the Claims are inconsistent with the Debtors' books and records;

---

[6]    The Notice of Satisfaction generally will be in the form attached to <u>Exhibit 4</u>, but it may be tailored to address issues specific to particular creditors, Claims, or objections, as necessary and appropriate.

b.      the Account Holder Claim is asserted partially or fully in U.S. Dollars rather than cryptocurrency;

c.      the Claims fail to specify the amount or assert the amount as "unliquidated";

d.      the Claims fail to specify sufficiently the basis for the Claim or provide sufficient supporting documentation for such Claim;

e.      the Claims seek to recover amounts for which the Debtors are not liable;

f.      the Claims are classified incorrectly or improperly;

g.      the Claims are filed against non-Debtors, the wrong Debtor, or are filed against multiple Debtors, except to the extent permitted under the Bar Date Order;

h.      the Claims are disallowed pursuant to section 502 of the Bankruptcy Code;

i.      the Claim has been satisfied in full by a party that is not a Debtor;

j.      one or more of the Debtors' insurers are obligated to satisfy the Claims; and

k.      the claimant has withdrawn the Claim formally pursuant to either a pleading or the entry of a Court order.

The Debtors seek authority to object to multiple Claims on the Additional Grounds outlined above in an Omnibus Objection pursuant to Bankruptcy Rules 3007(c) and (d).  This will allow the Debtors to minimize the cost, confusion, and delay attendant to preparing and filing individual objections on a Claim-by-Claim basis.

14.      Additionally, waiver of Bankruptcy Rule 3007(e)(6) will further minimize costs and enable the Debtors to execute an efficient and expedient Claims resolution process which will permit the Debtors to make distributions more quickly.  Over 12,000 Proofs of Claim have been filed, which makes the limitations imposed under Bankruptcy Rule 3007(e)(6) extremely burdensome and counterproductive.  Specifically, adherence to this rule would lead to redundancies and an unnecessary use of Estate resources.  This could create unintended and unforeseeable issues for creditors with multiple Claims as well as complicate the Court's docket. The relief requested herein is intended to maximize value without scarifying the procedural

safeguards contained in Bankruptcy Rule 3007(e) and the additional protections set forth in the Objection Procedures.

## Basis for Relief

15.     Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  Bankruptcy Rule 3001 states that "a proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."  *See* Fed. R. Bankr. P. 3001.  Under section 1111(a) of the Bankruptcy Code, scheduled claims are treated as proofs of claim.  *See* 11 U.S.C. § 1111(a) ("A proof of claim . . . is deemed filed under section 501 of this title for any claim . . . that appears in the schedules . . . except a claim . . . that is scheduled as disputed, contingent or unliquidated.").  As such, the Debtors must review and reconcile all scheduled, and over 12,000 filed, Proofs of Claim in these chapter 11 cases as part of the Claims reconciliation process.

16.     In addition, Bankruptcy Rule 3007(c) affords bankruptcy courts the discretion to authorize omnibus objections based upon grounds beyond those explicitly delineated in Bankruptcy Rule 3007(d).  *See* Fed. R. Bankr. P. 3007(c) ("Unless otherwise ordered by the court or permitted by subdivision (d), objections to more than one Claim shall not be joined in a single objection.").  Section 105(a) of the Bankruptcy Code provides that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions [of the Bankruptcy Code]."  11 U.S.C. § 105.  Thus, a bankruptcy court has power to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets.  *See Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing

circumstances."); *In re Keene Corp.*, 168 B.R. 285, 292 (Bankr. S.D.N.Y. 1994) (the court can "use its equitable powers to assure the orderly conduct of the reorganization proceedings").

17.     It is within the Court's power under section 105(a) of the Bankruptcy Code and Bankruptcy Rule 3007, each as applicable, to authorize the Debtors to file Omnibus Objections consistent with the Objection Procedures and send Notices of Satisfaction consistent with the Satisfaction Procedures. Bankruptcy Rule 3007(c) contemplates an order modifying the limitation set forth therein on joining claims in a single objection, which is what the Debtors seek authority to do pursuant to the relief requested in this Motion. Moreover, Bankruptcy Rule 3007(d) already allows multiple claims against different entities to be included in one omnibus objection. The Debtors merely seek to add to the circumstances under which one omnibus objection can be filed for administrative convenience.

18.     In addition, the proposed Objection Procedures and Satisfaction Procedures conform to the spirit of Bankruptcy Rule 3007. They balance the due process rights of creditors with the efficient administration of large and complex chapter 11 cases. The Objection Procedures and Satisfaction Procedures provide a framework for the careful review, prosecution, and reconciliation of Claims by, among other things, (a) providing greater certainty in administering the objection process, (b) promoting the consensual resolution of Claims objections or, alternatively, establishing efficient and fair mechanisms to (i) settle Claims objections and (ii) notify creditors of the satisfaction of Claims, and (c) reducing the cost, time, and delay of preparing numerous Claims objections. Further, the proposed Objection Procedures include safeguards that respect creditors' due process rights. For example, the Debtors are required to serve the Objection Notice and Notice of Satisfaction on affected creditors in full compliance with the     requirements     in     the     Bankruptcy     Code     and     Bankruptcy     Rules     (except

10

Bankruptcy Rule 3007(e)(6)).  Each notice will contain information about how affected creditors can resolve objections to Claims formally and informally and will include the deadline to file responses to the applicable Omnibus Objections.  The notices will also have a customized schedule attached thereto that will reference the claimant's specific Claim that is subject to an objection or could be deemed satisfied.  Therefore, the Debtors intend to implement a Claims reconciliation process that goes beyond what is required in Bankruptcy Rule 3007 and the Bankruptcy Code.  *See In re The Great Atl. & Pac. Tea Co., Inc.*, No. 10-24549 (RDD) (Bankr. S.D.N.Y. Dec. 14, 2012), Hr'g Tr. 9:9–12, 12:15–19 (approving similar omnibus objection procedures while noting "I'm satisfied that you're not going beyond what was intended in [Bankruptcy Rule] 3007 dealing with omnibus objections" because the individualized notice makes it so that "this isn't even an omnibus objection" but rather "an omnibus hearing" on similar claims objections).

19.     Similarly, if the Debtors are allowed to object to Claims on Additional Grounds in an omnibus format and include more than 100 Claims in an Omnibus Objection, they will be more efficient and cost-effective in administering the Claims resolution process.  All parties in interest will benefit from fewer pleadings and hearings and greater efficiency.  Ultimately, through a well-organized process, estate value will be preserved, and limited resources will be expended on reconciling Claims.

20.     Further, the Notice of Satisfaction will bring certainty to the Claims resolution process, which will involve reconciling over 12,000 Proofs of Claim for the Debtors.  Such notice and Satisfaction Procedures will allow claimants to know when their Claims have been satisfied in accordance with the Bankruptcy Code and can reduce needless litigation and uncertainty around whether and when such Claims have been resolved on a final basis.

21.     The Debtors believe that the relief requested herein appropriately balances judicial and administrative efficiency with due process rights. Specifically, the procedures and notices preserve and protect Estate assets and are designed to streamline the Claims reconciliation process. Accordingly, the Debtors respectfully request that the Court approve the relief requested herein.

### **Motion Practice**

22.     This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York.

### **Notice**

23.     The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the U.S. Trustee; (b) the Committee; (c) the lender under the Debtors' prepetition loan facility; (d) the United States Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service; (f) the Toronto Stock Exchange; (g) the attorneys general in the states where the Debtors conduct their business operations; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### **No Prior Request**

24.     No prior request for the relief sought in this motion has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| Dated:  January 30, 2023<br>New York, New York | _/s/ Joshua A. Sussberg_<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>Christopher Marcus, P.C.<br>Christine A. Okike, P.C.<br>Allyson B. Smith (admitted _pro hac vice_)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:    (212) 446-4800<br>Facsimile:     (212) 446-4900<br>Email:          jsussberg@kirkland.com<br>                    cmarcus@kirkland.com<br>                    christine.okike@kirkland.com<br>                    allyson.smith@kirkland.com<br><br>_Counsel to the Debtors and Debtors in Possession_ |

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER (I) APPROVING (A) OMNIBUS CLAIMS OBJECTION**
**PROCEDURES, (B) OMNIBUS SUBSTANTIVE CLAIMS OBJECTIONS**
**AND FORM OF NOTICE, AND (C) SATISFACTION PROCEDURES AND**
**FORM OF NOTICE AND (II) WAIVING BANKRUPTCY RULE 3007(e)(6)**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order"):  (a) approving the Objection Procedures and the Objection Notice attached hereto; (b) authorizing the Debtors to assert substantive objections to Claims (including requests for payment of Administrative Claims) in an omnibus format pursuant to Bankruptcy Rules 3007(c) and (d); (c) approving the Satisfaction Procedures and the form of Notice of Satisfaction attached hereto; and (d) waiving the requirement in Bankruptcy Rule 3007(e)(6) that Omnibus Objections contain objections to no more than 100 Claims, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital, Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is

a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that the Debtors'

notice of the Motion and opportunity for a hearing on the Motion were appropriate under the

circumstances and no other notice need be provided; and this Court having reviewed the Motion

and having heard the statements in support of the relief requested therein at a hearing, if any, before

this Court (the "Hearing"); and this Court having determined that the legal and factual bases set

forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon

all of the proceedings had before this Court; and after due deliberation and sufficient cause

appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted to the extent set forth herein.

2.      Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy

Rules, or the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules")

and pursuant to Bankruptcy Rule 3007(c), the Debtors may file Omnibus Objections that include

objections to Claims (including requests for payment of Administrative Claims) on any basis

provided for in the Additional Grounds in addition to those provided for in Bankruptcy Rule

3007(d).

3.      Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy

Rules, or the Local Rules, the Debtors may object to more than 100 Claims in a single Omnibus

Objection on any of the bases set forth in Bankruptcy Rule 3007(d) or the Additional Grounds.

4.      The Objection Procedures attached hereto as **Exhibit 1** are approved and the

Debtors may file and prosecute any Omnibus Objections in accordance with the Objection

Procedures and the other procedural safeguards set forth in Bankruptcy Rule 3007(e) except as

stated in the preceding paragraph.

5.      The form of Objection Notice attached hereto as **Exhibit 2** is approved.   The Debtors are authorized to send Objection Notices via first-class mail or electronic mail, as applicable, in accordance with the Objection Procedures.

6.      The Satisfaction Procedures attached hereto as **Exhibit 3** are approved.

7.      The form of Notice of Satisfaction attached to the Order as **Exhibit 4** is approved. The Debtors are authorized to send Notices of Satisfaction via first-class mail or electronic mail, as applicable, in accordance with the Satisfaction Procedures that notify certain claimants of the Debtors' belief that those Claims have been satisfied in full and will be expunged from the Claims Register absent a timely response from the Claim holder.  If no response is received timely from the recipient of the Notice of Satisfaction, the Debtors or the Claims, Noticing, and Solicitation Agent acting on the Debtors' behalf are authorized to expunge such Claim from the Claims Register and such recipient shall not be treated as a creditor with respect to the Claim for purposes of distribution.

8.      Nothing in this Order or in the Motion is or shall be deemed to constitute any admission as to the validity, nature, amount, or priority of any Claim asserted against the Debtors in these chapter 11 cases or a waiver of any right of the Debtors or any other party in interest in these cases to dispute the validity, nature, amount, or priority of or otherwise object, either in the same or subsequent objections, on any grounds to any such Claims.

9.      For the avoidance of doubt, the Debtors may include scheduled Claims in Omnibus Objections.

10.     The terms, conditions, and provisions of this Order shall be immediately effective and enforceable upon entry hereof.

11.     The Debtors are authorized to take any and all actions reasonably necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Motion.

12.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2023

_____
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

## **Objection Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**PROCEDURES FOR FILING AND SERVING OMNIBUS CLAIMS OBJECTIONS**

On [___], 2023, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered the *Order (I) Approving (A) Omnibus Claims Objection Procedures and Form of Notice, (B) Omnibus Substantive Claims Objections, and (C) Satisfaction Procedures and Form of Notice and (II) Waiving Bankruptcy Rule 3007(e)(6)* [Docket No. ___] (the "Order") in the chapter 11 cases of the above-captioned debtors (collectively, the "Debtors").[2]  Among other things, the Order approved these omnibus objection procedures.

**Omnibus Objections**

1.  <u>Grounds for Omnibus Objections</u>.  In addition to those grounds expressly set forth in Bankruptcy Rule 3007(d), the Debtors may file omnibus objections (each, an "Omnibus Objection") to Claims, in whole or part, on the following grounds or grounds similar thereto:

> a.    the Claims are inconsistent with the Debtors' books and records;

> b.    the Account Holder Claim is asserted partially or fully in U.S. Dollars rather than cryptocurrency;

> c.    the Claims fail to specify the amount or assert the amount as "unliquidated";

> d.    the Claims fail to specify sufficiently the basis for the Claim or provide sufficient supporting documentation for such Claim;

> e.    the Claims seek to recover amounts for which the Debtors are not liable;

> f.    the Claims are classified incorrectly or improperly;

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital, Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    All capitalized terms used but not otherwise defined herein have the meanings given to them in the Order.

g.      the Claims are filed against non-Debtors, the wrong Debtor, or are filed against multiple Debtors, except to the extent permitted under the Bar Date Order;

h.      the Claims are disallowed pursuant to section 502 of the Bankruptcy Code;

i.      the Claim has been satisfied in full by a party that is not a Debtor;

j.      one or more of the Debtors' insurers are obligated to satisfy the Claims; and

k.      the claimant has withdrawn the Claim formally pursuant to either a pleading or the entry of a Court order.

2.  <u>Form of Omnibus Objection</u>.  Each Omnibus Objection will be numbered consecutively regardless of basis.

3.  <u>Supporting Documentation</u>.  To the extent appropriate, an affidavit or declaration may be provided in connection with an Omnibus Objection from a party with knowledge of the Debtors' books and records and the manner in which they are maintained that states that such party has reviewed the Claims included therein and applicable supporting information and documentation provided therewith, made reasonable efforts to research the Claim on the Debtors' books and records, and determined that the books and records do not reflect the debt or the amount of debt that is alleged in the Claim.

4.  <u>Claims Exhibits</u>.  An exhibit or exhibits listing the Claims that are subject to the particular Omnibus Objection will be attached thereto.  Each exhibit will include only the Claims for which there is a common basis for the objection.  Claims that have more than one basis for objection appear on only one exhibit with reference to all of the bases for objecting to the Claims.  The Debtors' right to object to a Claim on an additional basis or bases will not be waived if such Claim has been included on an exhibit to either a previous or the same Omnibus Objection.  The exhibits will include the following information and will be listed chronologically based on reference numbers or claim numbers, as applicable:

a.      the Claims that are the subject of the Omnibus Objection and, if applicable, the Proof of Claim number(s) or schedule number(s) related thereto from the Claims Register;

b.      the asserted amount of the Claim, if applicable;

c.      the grounds for the Omnibus Objection;

d.      a cross-reference to the section in the Omnibus Objection discussing such Claim; and

e.      other information, as applicable, including (i) the proposed classification of Claims the Debtors seek to reclassify, (ii) the reduced Claim amount(s) of Claims the Debtors seek to reduce, or (iii) the surviving Claims, if any, of groups of Claims the Debtors seek to expunge.

2

5. <u>Objection Notice</u>.  An objection notice, substantially in the form attached to the Order as <u>Exhibit 2</u>, will accompany each Omnibus Objection (the "<u>Objection Notice</u>") to address a particular creditor, Claim, or objection and will include the following:

      a.      a description of the basic nature of the Omnibus Objection;

      b.      information to claimants that their rights may be affected by the Omnibus Objection and that failure to file a response may result in the Omnibus Objection being granted as to the claimant's Claim;

      c.      procedures for filing a written response (each, a "<u>Response</u>") to the objection, including all relevant dates and deadlines related thereto;

      d.      the hearing date, if applicable, and related information; and

      e.      a description of how copies of Proofs of Claim, the Omnibus Objection, and other pleadings filed in the chapter 11 cases may be obtained.

6. <u>Notice and Service</u>.  Each Omnibus Objection will be filed with the Court and served upon (a) the affected claimant party set forth on the Proof of Claim or their respective attorney of record, (b) the U.S. Trustee, and (c) the Committee, and (d) parties that have filed a request for service of papers under Bankruptcy Rule 2002.

7. <u>Omnibus Hearings</u>.  Each Omnibus Objection shall be set for hearing no less than thirty (30) days after service of the Omnibus Objection (the "<u>Hearing</u>").  The Debtors may request at the Hearing that the Court enter an order granting the Omnibus Objection with respect to each Claim subject to the Omnibus Objection when either (a) no Response has been filed in accordance with the proposed response procedures with respect to the Claim(s) or (b) a Response has been filed in accordance with the proposed response procedures with respect to the Claim(s), but such Response has been resolved prior to the Hearing.  If a Response to an objection to a Claim cannot be resolved and a hearing is determined to be necessary, the Debtors shall file with the Court and serve on the affected claimant(s) a notice of the hearing to the extent the Debtors did not file a notice of hearing previously.  The Debtors may adjourn Hearings regarding Omnibus Objections to subsequent hearing dates without further order of the Court in the Debtors' sole discretion so long as notice is provided to the affected claimant(s).

8. <u>Contested Matter</u>.  Each Claim subject to an Omnibus Objection along with any Responses thereto shall constitute a separate contested matter as contemplated in Bankruptcy Rule 9014, and any order that the Court may enter with respect to an Omnibus Objection will be deemed a separate order with respect to such Claim.  The Debtors may, in their discretion and in accordance with other orders of this Court or the provisions of the Bankruptcy Code and the Bankruptcy Rules, settle the priority, amount, and validity of such contested Claims without any further notice to or action, order, or approval of the Court.

**Responses to Omnibus Objections**

1. <u>Resolving Objections</u>.  Certain of the Debtors' advisors will be available to discuss and resolve consensually the Objection to your Claim(s) without the need for filing a formal response or attending a hearing.  Please contact Allyson Smith and Evan Swager at Kirkland & Ellis LLP, the  Debtors'  counsel,  via  (a)  e-mail  at  Allyson.Smith@kirkland.com  and Evan.Swager@kirkland.com, respectively, or (ii) telephone at (212) 446-4820 or (212) 909-3217, respectively, within ten (10) calendar days after the date of this notice or such other date as the Debtors may agree in writing.  Please have your Proof(s) of Claim and any related material available for any such discussions.

2. <u>Parties Required to File a Response</u>.  If you are <u>not</u> able to consensually resolve the Objection filed with respect to your Claim as set forth above, you must file a response (a "<u>Response</u>") with the Court in accordance with the procedures set forth herein.  If a party's Claim is subject to an Omnibus Objection and such party does not file and serve a Response in compliance with the procedures below, the Court may grant the Omnibus Objection with respect to such Claim without further notice to the claimant.

3. <u>Response Contents</u>.  Each Response must contain the following (at a minimum):

   a.   a caption stating the name of the Court, the name of the Debtors, the case number, the title of the Omnibus Objection to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

   b.   a concise statement setting forth the reasons why the Court should not grant the Omnibus Objection with respect to such Claim, including the specific factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection;

   c.   a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Proof of Claim, upon which the claimant will rely in opposing the Omnibus Objection; *provided, however,* that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided, further, however,* that the claimant shall disclose to the Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

   d.   the following contact information for the responding party:

      (i)   the name, address, telephone number, and email address of the responding claimant or the claimant's attorney or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any; or

4

(ii)  the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the claimant's behalf.

4.  <u>Filing and Service of the Response</u>.  A Response will be deemed timely only if it is filed with the Court and served so as to be *actually received* at or before 4:00 p.m. (prevailing Eastern Time) on the day that is seven (7) calendar days before the Hearing unless the Debtors consent to an extension in writing (the "<u>Response Deadline</u>").  A Response must be filed with the Court served timely on the following parties, with a copy to the Court's chambers:

   **a.  Debtors.**  Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., Christopher Marcus, P.C., Christine A. Okike, P.C., Michael B. Slade, and Allyson B. Smith;

   b.  **Committee.**  McDermott Will & Emery LLP, One Vanderbilt Avenue, New York, New York, 10017-3852, Attn: Darren Azman, Joseph B. Evans, Grayson Williams, Gregg Steinman; and

   c.  **U.S. Trustee.**  The Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Richard Morrissey, Mark Bruh.

5.  <u>Discovery</u>.  If the Debtors determine that discovery is necessary in advance of a hearing on an Omnibus Objection, the Debtors will serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation.  Such notice may be incorporated into the initial agenda letter for the hearing or may be provided in a separate notice.  In accordance with Local Rule 9014-2, the first hearing on any contested Omnibus Objection with respect a particular Claim will not be an evidentiary hearing, and there is no need for any witnesses to appear at such hearing unless the Court orders otherwise in accordance with Local Rule 9014-2.

6.  <u>Failure to Respond</u>.  A Response that is not filed and served on or before the Response Deadline or such other date as agreed with the Debtors, in accordance with the procedures set forth herein, may not be considered at the Hearing before the Court.  **Absent reaching an agreement with the Debtors resolving the Omnibus Objection to a Claim, failure to both file and serve a Response timely as set forth herein may result in the Court granting the Omnibus Objection without further notice or hearing**.  Affected creditors will be served with such order once it has been entered.

7.  <u>Reply to a Response</u>.  The Debtors shall be permitted to file a reply or omnibus reply to any Response or multiple Responses, as applicable, no later than one (1) business day before the Hearing with respect to the relevant Omnibus Objection.

**Miscellaneous**

8.  <u>Additional Information</u>.   Copies of these procedures, the Order, the Motion, or any other pleadings filed in the Debtors' chapter 11 cases are available for free online at https://cases.stretto.com/Voyager.   Copies of these documents may also be obtained upon written request to the Debtors' Claims, Noticing, and Solicitation Agent at the following address:  Voyager Inquiries, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.  You may also obtain copies of any of the documents filed in the Debtors' chapter 11 cases for a fee via PACER at http://www.nysb.uscourts.gov.

9.  <u>Reservation of Rights</u>.    NOTHING IN ANY NOTICE SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS OR ANY OTHER PARTY IN INTEREST TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO ANY CLAIMS ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION (UNLESS THE COURT HAS ALLOWED THE CLAIM OR ORDERED OTHERWISE), OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE.   AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE THEREOF AT SUCH TIME.

## Exhibit 2

**Objection Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |   |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF OBJECTION TO YOUR PROOF OF CLAIM AND DEADLINE**
**TO FILE A RESPONSE WITH THE BANKRUPTCY COURT**

    **PLEASE TAKE NOTICE** that Voyager Digital Holdings, Inc. and its affiliates (collectively, the "Debtors") are objecting to your Claim(s)[2] pursuant to the attached objection (the "Objection").

> **YOU SHOULD LOCATE YOUR REFERENCE NUMBER OR CLAIM NUMBER AND YOUR CLAIM(S) ON THE SCHEDULES ATTACHED HERETO. PLEASE TAKE NOTICE THAT YOUR CLAIM(S) MAY BE DISALLOWED, EXPUNGED, RECLASSIFIED, REDUCED, OR OTHERWISE AFFECTED AS A RESULT OF THE OBJECTION. THEREFORE, PLEASE READ THIS NOTICE AND THE ACCOMPANYING OBJECTION VERY CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

### Important Information Regarding the Objection

    <u>Grounds for the Objection</u>. Pursuant to the Objection, the Debtors are seeking to [disallow/expunge/reclassify/reduce] your Claim(s) listed in the table at the end of this notice on the grounds that your Claim(s) [is/are] [_____]. The Claim(s) subject to the Objection may also be found on the schedules attached to the Objection, a copy of which has been provided with this notice.

    <u>Objection Procedures</u>. On [___], 2023, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. ___] approving procedures for filing and resolving objections to Claims asserted against the Debtors in the chapter 11 cases, attached hereto as **Exhibit A** (the "Objection Procedures"). ***Please review the***

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital, Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection Procedures.

*Objection Procedures to ensure your response to the Objection, if any, is filed and served timely and correctly.*

## Resolving the Objection

Resolving Objections.  Certain of the Debtors' advisors will be available to discuss and resolve consensually the Objection to your Claim(s) without the need for filing a formal response or attending a hearing.  Please contact Allyson Smith and Evan Swager at Kirkland & Ellis LLP, the Debtors' counsel, via (a) e-mail at Allyson.Smith@kirkland.com and Evan.Swager@kirkland.com, respectively, or (ii) telephone at (212) 446-4820 or (212) 909-3217, respectively, within ten (10) calendar days after the date of this notice or such other date as the Debtors may agree in writing.  Please have your Proof(s) of Claim and any related material available for any such discussions.

Parties Required to File a Response.  If you are not able to resolve consensually the Objection filed with respect to your Claim as set forth above, you must file a response (each, a "Response") with the Court in accordance with the procedures described below.

Response Contents.  Each Response must contain the following (at a minimum):

a.    a caption stating the name of the Court, the name of the Debtors, the case number, the title of the Omnibus Objection to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

b.    a concise statement setting forth the reasons why the Court should not grant the Omnibus Objection with respect to such Claim, including the specific factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection;

c.    a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Proof of Claim, upon which the claimant will rely in opposing the Omnibus Objection; *provided*, *however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided*, *further*, *however,* that the claimant shall disclose to the Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

d.    the following contact information for the responding party:

(i)    the name, address, telephone number, and email address of the responding claimant or the claimant's attorney or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any; or

> (ii)   the name, address, telephone number, and email address of the party
> with authority to reconcile, settle, or otherwise resolve the Omnibus
> Objection on the claimant's behalf.

<u>Notice and Service</u>.  Your Response must be filed with the Court and served so as to be *actually received* on or before **4:00 p.m. (prevailing Eastern Time) on [___], 2023**, unless the Debtors consent to an extension in writing) (the "<u>Response Deadline</u>").  The Response must be filed with the Court and served timely on the following parties, with a copy to the Court's chambers:

> a.   **Debtors.** Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., Christopher Marcus, P.C., Christine A. Okike, P.C., Michael B. Slade, and Allyson B. Smith;
>
> b.   **Committee.** McDermott Will & Emery LLP, One Vanderbilt Avenue, New York, New York, 10017-3852, Attn: Darren Azman, Joseph B. Evans, Grayson Williams, Greg Steinman; and
>
> c.   **U.S. Trustee.** The Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Richard Morrissey, Mark Bruh.

<u>Failure to Respond</u>.  A Response that is not filed and served in accordance with the procedures set forth herein may not be considered at the Hearing before the Court.  **Failure to both file and serve a Response timely as set forth herein may result in the Court granting the Objection without further notice or hearing**.  Affected creditors will be served with a copy of the order once it has been entered.

## **Hearing on the Objection**

<u>Date, Time and Location</u>.  A hearing (the "<u>Hearing</u>") on the Objection will be held on [___], 2023, at [___], prevailing Eastern Time, before the Honorable Michael E. Wiles, United States Bankruptcy Judge for the Southern District of New York.  In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted telephonically.  Any parties wishing to participate must do so by making arrangements through CourtSolutions by visiting https://www.court-solutions.com.  The hearing may be adjourned to a subsequent date in these cases in the Court's or Debtors' discretion.  **You must attend the Hearing if you disagree with the Objection and have filed a Response that remains unresolved prior to the Hearing.**  If such Claims cannot be resolved and a hearing is determined to be necessary, the Debtors shall file with the Court and serve on the affected claimants a notice of the hearing to the extent the Debtors did not file a notice of hearing previously.

<u>Discovery</u>.  If the Debtors determine that discovery is necessary in advance of a hearing on an Objection, the Debtors will serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation.  Such notice may be incorporated into the initial agenda letter for the hearing or may be provided in a separate notice.  In accordance with Local Rule 9014-2, the first hearing on any contested Omnibus

Objection with respect a particular Claim will not be an evidentiary hearing, and there is no need for any witnesses to appear at such hearing unless the Court orders otherwise in accordance with Local Rule 9014-2.

## Additional Information

Additional Information.  Copies of these procedures, the Order, the Motion, or any other pleadings filed in the Debtors' chapter 11 cases are available for free online at https://cases.stretto.com/Voyager.  Copies of these documents may also be obtained upon written request to the Debtors' Claims, Noticing, and Solicitation Agent at the following address:  Voyager Inquiries, c/o Stretto 410 Exchange, Suite 100, Irvine CA 92602.  You may also obtain copies of any of the documents filed in the Debtors' chapter 11 cases for a fee via PACER at http://www.nysb.uscourts.gov.  **Please do not contact the Court to discuss the merits of any Claim or any Objection filed with respect thereto**.

## Reservation of Rights

**NOTHING IN ANY NOTICE SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS OR ANY OTHER PARTY IN INTEREST TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO ANY CLAIMS ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION (UNLESS THE COURT HAS ALLOWED THE CLAIM OR ORDERED OTHERWISE), OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE.  AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE THEREOF AT SUCH TIME.**

Dated: _____, 2023         */s/ Draft* _____
New York, New York                    **KIRKLAND & ELLIS LLP**
                                      **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                      Joshua A. Sussberg, P.C.
                                      Christopher Marcus, P.C.
                                      Christine A. Okike, P.C.
                                      Allyson B. Smith (admitted *pro hac vice*)
                                      601 Lexington Avenue
                                      New York, New York 10022
                                      Telephone:    (212) 446-4800
                                      Facsimile:    (212) 446-4900
                                      Email:        jsussberg@kirkland.com
                                                    cmarcus@kirkland.com
                                                    christine.okike@kirkland.com
                                                    allyson.smith@kirkland.com

                                      *Counsel to the Debtors and Debtors in Possession*

| Claimant Name or Identifier | Debtor | Claim Number | Date Filed | Asserted Claim Amount[1] | Proposed Treatment | Basis For Objection | Surviving Claim No. |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

---

[1]    Asserted Claim amounts listed as $0.00 or 0.00 cryptocurrency reflect that the Claim amount asserted on the Proof of Claim is "unliquidated."

## Exhibit 3

**Satisfaction Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## PROCEDURES FOR FILING AND SERVING
## NOTICES OF SATISFACTION OF CLAIMS

On [●], 2023 the above-captioned debtors and debtors in possession (collectively, the "Debtors"),[2] filed the *Debtors' Motion for an Order Approving (A) Omnibus Claims Objection Procedures and Form of Notice, (B) Omnibus Substantive Claims Objections, and (C) Satisfaction Procedures and Form of Notice and (II) Waiving Bankruptcy Rule 3007(e)(6)* (the "Motion") with the United States Bankruptcy Court for the Southern District of New York (the "Court"). On [__], 2023, the Court entered an order [Docket No. __] (the "Order") approving the Motion, including these procedures for serving notices of satisfaction of claims (the "Satisfaction Procedures").

### Satisfaction Procedures

1.     Grounds for Satisfaction Procedures.  The Debtors may file and serve notices of satisfaction in the form attached hereto (each, a "Notice of Satisfaction") with respect to Claims subject to Proofs of Claims or on the Schedules.  A Notice of Satisfaction may be sent on the grounds that such Claims have been satisfied in full according to the Debtors books and records, including pursuant to any confirmed chapter 11 plan or an order of the Court.

### Responses to Notices of Satisfaction

2.     Parties Required to File a Response.  Any party who disagrees with a Notice of Satisfaction is required to file a response (each, a "Response") in accordance with the procedures set forth herein; *provided*, *however*, that such party may not object to any amount that the Court has approved pursuant to an order.  **If a claimant whose Claim is subject to a Notice of Satisfaction does not file and serve a Response in compliance with the procedures below, the**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**Debtors are authorized to instruct the Claims, Noticing, and Solicitation Agent to expunge such Claim from the Claims Register without further notice to the claimant.**

3.      <u>Response Contents</u>.  Each Response to a Notice of Satisfaction must contain the following (at a minimum):

a.      a caption stating the name of the Court, the name of the Debtors, the case number, the Notice of Satisfaction to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

b.      a concise statement setting forth the reasons why the Court should not enter the order with respect to the Notice of Satisfaction regarding such Claim, including the specific factual and legal bases upon which the claimant will rely in opposing the Notice of Satisfaction;

c.      a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Proof of Claim (if applicable), upon which the claimant will rely in opposing the Notice of Satisfaction; *provided*, *however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided*, *further*, *however,* that the claimant shall disclose to the Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

d.      the following contact information for the responding party:

(i)      the name, address, telephone number, and email address of the responding claimant or the claimant's attorney or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any; or

(ii)      the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Notice of Satisfaction on the claimant's behalf.

4.      <u>Filing and Service of the Response</u>.  A Response will be deemed timely only if it is filed with the Court and served so as to be *actually received* on the day that is **seven (7) calendar days before the Hearing on the Notice of Satisfaction** (the "<u>Response Deadline</u>").  The Response must be field with the Court and served timely on the following parties (the "<u>Notice Parties</u>") with a copy to the Court's chambers:

a.      **Debtors.** Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., Christopher Marcus, P.C., Christine A. Okike, P.C., Michael B. Slade, and Allyson B. Smith;

2

b.   **Committee.**  McDermott Will & Emery LLP, One Vanderbilt Avenue, New York, New York, 10017-3852, Attn: Darren Azman, Joseph B. Evans, Grayson Williams, Greg Steinman; and

c.   **U.S. Trustee.**  The Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Richard Morrissey, Mark Bruh.

5.     Failure to Respond.  A Response that is not filed and served in accordance with the procedures set forth herein may not be considered at the Hearing before the Court.  **Absent reaching an agreement with the Debtors resolving the Response to the Notice of Satisfaction, failure to file and serve a Response timely as set forth herein may result in the Debtors causing its Claims, Noticing, and Solicitation Agent to expunge such Claims from the Claims Register, and such claimant shall not be treated as a creditor with respect to the Claim for purposes of distribution.**

6.     Date, Time, and Location.  If you file a Response, a hearing (the "Hearing") on the Notice of Satisfaction will be held on the date set forth in the Notice of Satisfaction before the Honorable Michael E. Wiles, United States Bankruptcy Judge for the Southern District of New York, in Courtroom 617 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004 via telephone.  The Hearing may be adjourned to a subsequent date in these cases in the Court's or the Debtors' discretion.  **You must attend the Hearing if you disagree with the Notice of Satisfaction and have filed a Response that remains unresolved prior to the Hearing.**

7.     Reply to a Response.  The Debtors shall be permitted to file a reply to any Response no later than one (1) business day before the Hearing with respect to the relevant Notice of Satisfaction.

## Miscellaneous

8.     Additional Information.  Copies of these procedures, the Order, the Motion, or any other pleadings filed in the Debtors' chapter 11 cases are available for free online at https://cases.stretto.com/Voyager.  Copies of these documents may also be obtained upon written request to the Debtors' Claims, Noticing, and Solicitation Agent at the following address: Voyager Inquiries, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.  You may also obtain copies of any of the documents filed in the Debtors' chapter 11 cases for a fee via PACER at http://www.nysb.uscourts.gov.

9.     Reservation of Rights.  NOTHING IN ANY NOTICE SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS OR ANY OTHER PARTY IN INTEREST TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO ANY CLAIMS ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION (UNLESS THE COURT HAS ALLOWED THE CLAIM OR ORDERED OTHERWISE), OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE.  AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE THEREOF AT SUCH TIME.

## **Exhibit 4**

**Notice of Satisfaction of Claims**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF SATISFACTION OF CLAIMS

     **PLEASE TAKE NOTICE THAT** the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] have identified you as holding the below Claim(s) against the Debtors, which have been satisfied in full according to the Debtors' books and records.

> **YOU SHOULD LOCATE YOUR CLAIM REFERENCE NUMBER AND YOUR CLAIM(S) ON THE SCHEDULE ATTACHED HERETO. PLEASE TAKE NOTICE THAT YOUR CLAIM(S) MAY BE EXPUNGED FROM THE CLAIM REGISTER AND YOU SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO THE CLAIM FOR PURPOSE OF DISTRIBUTION AS A RESULT OF THE NOTICE OF SATISFACTION. THEREFORE, PLEASE READ THIS NOTICE VERY CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

### Important Information Regarding the Notice of Satisfaction

     <u>Grounds for the Notice of Satisfaction</u>. The Debtors are seeking to expunge your Claim(s) listed in the table at the end of this notice on the grounds that such Claim(s), have been satisfied in full according to the Debtors' books and records.

     <u>Notice of Satisfaction Procedures</u>. On [●], 2023 the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. ___] approving procedures for serving Notices of Satisfaction of Claims asserted against the Debtors in the chapter 11 cases (the "Satisfaction Procedures"). *Please review the Satisfaction Procedures to ensure your response, if any, is timely and correctly filed and served. You may obtain a copy as set forth on page 3 herein.*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**Resolving the Notice of Satisfaction**

<u>Resolving Objections</u>.  Certain of the Debtors' advisors will be available to discuss and resolve consensually the Objection to your Claim(s) without the need for filing a formal response or attending a hearing.  Please contact Allyson Smith and Evan Swager at Kirkland & Ellis LLP, the Debtors' counsel, via (a) e-mail at Allyson.Smith@kirkland.com and Evan.Swager@kirkland.com, respectively, or (ii) telephone at (212) 446-4820 or (212) 909-3217, respectively, within ten (10) calendar days after the date of this notice or such other date as the Debtors may agree in writing.  Please have your Proof(s) of Claim and any related material available for any such discussions.

<u>Parties Required to File a Response</u>.  Any party who disagrees with this Notice of Satisfaction and is unable to consensually resolve the Notice of Satisfaction filed with respect to your Claim must file a response (each, a "<u>Response</u>") with the Court in accordance with the procedures described below; *provided*, *however*, that such party may not object to any amount that the Court has approved previously pursuant to an order.  **The failure to file a Response as provided below may result in the expungement of your affected Claim.**

<u>Response Contents</u>.  Each Response must contain the following (at a minimum):

    a.    a caption stating the name of the Court, the name of the Debtors, the case number, the Notice of Satisfaction to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

    b.    a concise statement setting forth the reasons why the Court should not enter the order with respect to the Notice of Satisfaction regarding such Claim, including the specific factual and legal bases upon which the claimant will rely in opposing the Notice of Satisfaction;

    c.    a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Proof of Claim (if applicable), upon which the claimant will rely in opposing the Notice of Satisfaction; *provided, however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided, further, however,* that the claimant shall disclose to the Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

    d.    the following contact information for the responding party:

        (i)    the name, address, telephone number, and email address of the responding claimant or the claimant's attorney or designated

representative to whom the attorneys for the Debtors should serve a reply to the Response, if any; or

(ii)     the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Notice of Satisfaction on the claimant's behalf.

Notice and Service.  Your Response must be filed with the Court and served so that the following parties (the "Notice Parties") and the Court's chambers *actually receive* the Response on or before **4:00 p.m. (prevailing Eastern Time) on [●], 2023** (the "Response Deadline"):

a.  **Debtors.** Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., Christopher Marcus, P.C., Christine A. Okike, P.C., Michael B. Slade, and Allyson B. Smith;

b.  **Committee.** McDermott Will & Emery LLP, One Vanderbilt Avenue, New York, New York, 10017-3852, Attn: Darren Azman, Joseph B. Evans, Grayson Williams, Greg Steinman; and

c.  **U.S. Trustee.** The Office of The United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Richard Morrissey, Mark Bruh.

Failure to Respond.  A Response that is not filed and served on or before the Response Deadline in accordance with the procedures set forth herein may not be considered at the Hearing before the Court.  **Absent reaching an agreement with the Debtors resolving the Response to the Notice of Satisfaction, failure to file and serve a Response timely as set forth herein may result in the Debtors causing its Claims, Noticing, and Solicitation Agent to expunge such Claims from the Claims Register, and such claimant shall not be treated as a creditor with respect to the Claim for purposes of distribution**.  Affected creditors will be served with such order once it has been entered.

**Hearing on the Notice of Satisfaction**

Date, Time and Location.  If you file a Response, a hearing (the "Hearing") on the Notice of Satisfaction will be held on [    ], 2023, at [    ] prevailing Eastern Time, before the Honorable Michael E. Wiles, United States Bankruptcy Judge for the Southern District of New York.  In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted telephonically.  Any parties wishing to participate must do so by making arrangements through CourtSolutions by visiting https://www.court-solutions.com.  The Hearing may be adjourned to a subsequent date in these cases in the Court's or the Debtors' discretion.  **You must attend the Hearing if you disagree with the Notice of Satisfaction and have filed a Response that has not been resolved prior to the Hearing.**

3

## Additional Information

Additional Information.  Copies of these procedures, the Order, the Motion, or any other pleadings filed in the Debtors' chapter 11 cases are available for free online at https://cases.stretto.com/Voyager.  Copies of these documents may also be obtained upon written request to the Debtors' Claims, Noticing, and Solicitation Agent at the following address:  Voyager Inquiries, c/o Stretto 410 Exchange, Suite 100, Irvine CA 92602.  You may also obtain copies of any of the documents filed in the Debtors' chapter 11 cases for a fee via PACER at http://www.nysb.uscourts.gov.  **Please do not contact the Court to discuss the merits of any Claim or any Objection filed with respect thereto.**

## Reservation of Rights

**NOTHING IN ANY NOTICE SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS OR ANY OTHER PARTY IN INTEREST TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO ANY CLAIMS ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION (UNLESS THE COURT HAS ALLOWED THE CLAIM OR ORDERED OTHERWISE), OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE.  AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE THEREOF AT SUCH TIME.**

Dated:  _____, 2023          */s/ Draft* _____
New York, New York                      **KIRKLAND & ELLIS LLP**
                                        **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                        Joshua A. Sussberg, P.C.
                                        Christopher Marcus, P.C.
                                        Christine A. Okike, P.C.
                                        Allyson B. Smith (admitted *pro hac vice*)
                                        601 Lexington Avenue
                                        New York, New York 10022
                                        Telephone:     (212) 446-4800
                                        Facsimile:     (212) 446-4900
                                        Email:         jsussberg@kirkland.com
                                                       cmarcus@kirkland.com
                                                       christine.okike@kirkland.com
                                                       allyson.smith@kirkland.com

                                        *Counsel to the Debtors and Debtors in Possession*

| Claimant Name or Identifier | Claim / Schedule No. | Total Claim Value |
|---|---|---|
|  |  |  |