Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF PRESENTMENT AND OPPORTUNITY FOR HEARING ON DEBTORS'
MOTION FOR ENTRY OF AN ORDER (I) EXTENDING THE TIME WITHIN
WHICH THE DEBTORS MUST ASSUME OR REJECT UNEXPIRED LEASES
OF NONRESIDENTIAL REAL PROPERTY AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby file the *Motion for Entry of an Order (I) Extending the Time Within Which the Debtors Must Assume or Reject Unexpired Leases of Nonresidential Real Property and (II) Granting Related Relief* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that the Debtors will present the proposed order for entry by the Court, attached to the Motion as Exhibit A (the "Proposed Order"), to the Honorable Michael E. Wiles, United States Bankruptcy Judge, for approval and signature on **February 14, 2023, at 12:00 p.m., prevailing Eastern Time** (the "Presentment Date").

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Motion shall:  (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served in accordance with the *Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 240] by **February 10, 2023, at 4:00 p.m., prevailing Eastern Time** (the "Objection Deadline"), by (i) the entities on the Master Service List available on the case website of the Debtors at https://cases.stretto.com/voyager and (ii) any person or entity with a particularized interest in the subject matter of the Motion and Order.

**PLEASE TAKE FURTHER NOTICE** that if no objections or other responses are timely filed and served by the Objection Deadline with respect to the Motion, the Debtors shall, on the Presentment Date, submit the Order to the Court, which Order the Court may enter without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that if a written objection to the Motion is timely filed, such objection will be heard on **February 22, 2023, at 10:00 a.m., prevailing Eastern Time** (the "Hearing").  In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted telephonically.  Any parties wishing to participate must do so by making arrangements through CourtSolutions by visiting https://www.court-solutions.com.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/Voyager.   You may also obtain copies of the Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

*[Remainder of page intentionally left blank]*

Dated: January 31, 2023          /s/ Joshua A. Sussberg
New York, New York               **KIRKLAND & ELLIS LLP**
                                 **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                 Joshua A. Sussberg, P.C.
                                 Christopher Marcus, P.C.
                                 Christine A. Okike, P.C.
                                 Allyson B. Smith (admitted *pro hac vice*)
                                 601 Lexington Avenue
                                 New York, New York 10022
                                 Telephone:     (212) 446-4800
                                 Facsimile:     (212) 446-4900
                                 Email:         jsussberg@kirkland.com
                                                cmarcus@kirkland.com
                                                christine.okike@kirkland.com
                                                allyson.smith@kirkland.com

                                 *Counsel to the Debtors and Debtors in Possession*

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | Case No. 22-10943 (MEW) |
| Debtors. | (Jointly Administered) |

## DEBTORS' MOTION FOR ENTRY OF AN
## ORDER (I) EXTENDING THE TIME WITHIN WHICH
## THE DEBTORS MUST ASSUME OR REJECT UNEXPIRED LEASES OF
## NONRESIDENTIAL REAL PROPERTY AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") respectfully state the following in support of this motion (this "<u>Motion</u>"):

### Relief Requested

1.    The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, extending the time within which the Debtors must assume or reject their unexpired leases of nonresidential real property (collectively, the "<u>Unexpired Leases</u>") by up to 90 days, through and including the earlier of (i) May 1, 2023 and (ii) the date of entry of an order confirming the Debtors' chapter 11 plan.  The Debtors seek this relief without prejudice to their

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

right to seek further extensions of the time to assume or reject the Unexpired Leases as contemplated under section 365(d)(4) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012.  The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein is section 365(d)(4) of the Bankruptcy Code, rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 6006-1(c) and 9013-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## Background

5.      On July 5, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Stephen Ehrlich, Chief*

*Executive Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions*

[Docket No. 15] (the "<u>First Day Declaration</u>"), incorporated by reference herein.[2]

6.      The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 18].  On July 19, 2022, the United States Trustee for the Southern District of New York (the "<u>U.S. Trustee</u>") appointed an official committee of unsecured creditors [Docket No. 102] (the "<u>Committee</u>").  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

## The Unexpired Leases

7.      The Debtors are party to certain Unexpired Leases, including those listed on **Exhibit B**.[3]  The Debtors' Unexpired Leases include leases for office space and a lease for the Debtors' headquarters.  The Debtors' ability to access these office spaces and maintain their headquarters is critical to the Debtors' ongoing restructuring efforts at this important juncture— roughly one month before confirmation of the Plan.  Moreover, certain of the Debtors' office spaces are necessary for maintaining regulatory licenses, and the process and expense of changing the Debtors' address to a new location would be costly and disruptive to the Debtors' ongoing efforts to confirm a chapter 11 plan.

---

[2]    Capitalized terms not defined herein shall have the meanings ascribed to such terms in the First Day Declaration or the *Third Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "<u>Plan</u>") [Docket No. 852], as applicable.

[3]    The inclusion of any agreement on **Exhibit B** is not a binding determination by the Debtors that such agreement is an enforceable unexpired nonresidential real property lease.  Any inadvertent omission of an unexpired nonresidential real property lease from **Exhibit B** should not preclude the effect of the extension sought herein; rather, the Debtors ask, consistent with precedent, that the relief requested herein be extended to all of their unexpired leases of nonresidential real property, whether listed on **Exhibit B** or not.  In addition, the Debtors reserve the right to amend **Exhibit B** to include any unexpired nonresidential lease that may be subsequently identified by the Debtors.

3

8.      The Debtors have an initial 210-day period to assume or reject the Unexpired

Leases pursuant to section 365(d)(4) of the Bankruptcy Code, which period will expire, absent

extension, on January 31, 2023 (the date that is 210 days after the Petition Date, as calculated in

accordance with Bankruptcy Rule 9006(a)) (the "Section 365(d)(4) Deadline").  The Debtors, in

consultation with their advisors, have been working diligently to review and analyze their

Unexpired Leases. The Debtors' decision regarding whether to assume or reject any particular

Unexpired Lease depends on a number of different factors, including which transaction the

Debtors ultimately consummate.

9.      As the Court is aware, the historic collapse of FTX US and subsequent

termination of the FTX US Transaction (which was anticipated to be confirmed prior to the

365(d)(4) Deadline, rendering an extension of the 365(d)(4) Deadline unnecessary) required the

Debtors to quickly pivot and restart their marketing and sale process.  Ultimately, the Debtors

negotiated an asset purchase agreement (the "Binance.US APA") for the sale of substantially all

of their assets to Binance.US (the "Binance.US Transaction").  The Court authorized entry into

the Binance.US APA on January 13, 2023[4] and conditionally approved the Disclosure

Statement[5] for solicitation on the Plan.  The Plan contemplates effectuation of the Binance.US

Transaction, or if the Binance.US Transaction is not consummated, a self-liquidation.  The

collapse of the FTX Transaction extended the timeline of these chapter 11 cases and requires the

Debtors to conduct a separate analysis on the Unexpired Leases based on the proposed sale to

---

[4]    *See Order (I) Authorizing Entry Into the Binance US Purchase Agreement and (II) Granting Related Relief* [Docket No. 860].

[5]    *See Order (I) Scheduling a Combined Disclosure Statement Approval and Plan Confirmation Hearing, (II) Conditionally Approving the Adequacy of the Debtors' Disclosure Statement, (III) Approving (A) Procedures for Solicitation, (B) Forms of Ballots and Notices, (C) Procedures for Tabulation of Votes and (D) Procedures for Objections, and (IV) Granting Related Relief* [Docket No. 861].

4

Binance.US or a self-liquidation, as applicable.  An extension of the 365(d)(4) Deadline is necessary while the Debtors pursue confirmation of the Plan.

10.     The Debtors therefore request an extension of the Section 365(d)(4) Deadline by up to an additional 90 days, through and including the earlier of (i) May 1, 2023 and (ii) the date of entry of an order confirming the Debtors' chapter 11 plan, as permitted under the Bankruptcy Code.

### The Consolidated Appropriations Act

11.     On December 27, 2020, the Consolidated Appropriations Act, 2021 (the "CAA") was signed into law.  The CAA amended section 365(d)(4) of the Bankruptcy Code to extend the initial deadline to assume unexpired leases of nonresidential real property from 120 days after the petition date to 210 days.  *See* CAA, 2021, Pub. L. No. 116-260, Division FF, Title X, Sec. 1001.

12.     The CAA set December 27, 2022 as the sunset date (the "Sunset Date") for the revisions to section 365(d)(4) of the Bankruptcy Code, after which the deadline for debtors to make assumption and rejection decisions would revert to 120 days from the petition date.[6] *See id*.  The text of the statute does not state, and the Debtors do not believe, that the sunset is meant to apply retroactively to debtors whose cases were pending prior to the Sunset Date.[7] Reading Sunset Date to apply retroactively to these chapter 11 cases would strip the Debtors of valuable rights and run contrary to the intent of the CAA. While this issue is novel and confined to a subset of chapter 11 cases commenced prior to the Sunset Date, courts that have addressed

---

[7]   Indeed, if the sunset applied retroactively, a debtor that had filed a chapter 11 case more than 120 days prior to the Sunset Date but had not yet assumed its unexpired non-residential real property leases prior to the Sunset Date in reliance on the CAA could be deemed to lose all of its unexpired real property leases as of the Sunset Date.  Such an untenable outcome would be in direct contravention of the purpose of the CAA and the reorganization principles underpinning the Bankruptcy Code at large.

the issue, including in this district, have applied the 210-day initial deadline provided for by the CAA.[8]

13.    Accordingly, given that the Sunset Date occurred earlier than the 210-day deadline, the Debtors submit that the CAA's extended 210-day initial deadline will continue to apply to these currently pending chapter 11 cases.[9]

**Basis for Relief**

14.    Section 365(d)(4) of the Bankruptcy Code provides that an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected if the debtor does not assume or reject such unexpired leases within 210 days after filing or before plan confirmation, whichever is earlier.  The Court may extend the period for 90 days on the motion of the debtor or lessor for cause.  11 U.S.C. § 365(d)(4)(B).

15.    Various courts have analyzed what constitutes sufficient cause to extend the time period within which a debtor may assume or reject unexpired leases of nonresidential real property.  In *In re Wedtech Corp.*, 72 B.R. 464 (Bankr. S.D.N.Y. 1987), the bankruptcy court held that the following factors, among others, indicate that "cause" exists to extend the time period to assume or reject unexpired nonresidential real property leases:

> (a)    the leases are an important asset of the estate such that the decision to assume or reject would be central to any plan of reorganization;

> (b)    the debtor has had insufficient time to intelligently appraise each lease's value to the plan of reorganization;

---

[8]    *See, e.g.*, *In re Madison Square Boys & Girls Club, Inc.*, No. 22-10910 (SHL) (Bankr. S.D.N.Y. Nov. 10, 2022) (granting an initial extension of the 365(d)(4) deadline to 300 days after the petition date based on a 210-day initial deadline); *In re Revlon, Inc.*, No. 22-10760 (DSJ) (Bankr. S.D.N.Y. Oct. 26, 2022) (same); *In re Armstrong Flooring, Inc.*, No. 22-10426 (MFW) (Bankr. D. Del. Nov. 21, 2022) (same); *In re Aearo Technologies LLC*, No. 22-02890-JJG-11 (Bankr. S.D. Ind. Nov. 21, 2022) (same); *In re Cineworld Group PLC*, No. 22-90168 (MI) (Bankr. S.D. Tex. December 28, 2022) (same).

[9]    For the avoidance of doubt, if the Court were to determine that the Sunset Date does apply retroactively, by this Motion, the Debtors seek to extend the 365(d)(4) Deadline through and including May 1, 2023, which is 300 days after the Petition Date.

    (c)       the lessor continues to receive monthly rental payments;

    (d)       the case is exceptionally complex and involves large numbers of leases;

    (e)       the need for judicial determination of whether a lease exists; and

    (f)       the existence of any other facts indicating the lack of a reasonable time to decide whether to assume or reject.

*Wedtech*, 72 B.R. at 471–72 (Bankr. S.D.N.Y. 1987); *see also In re Burger Boys*, 94 F.3d 755, 761 (2d Cir. 1996) (considering a substantially similar non-exclusive list of factors); *In re 611 Sixth Ave. Corp.*, 191 B.R. 295, 298 (Bankr. S.D.N.Y. 1996) (same); *In re Channel Home Ctrs.*, Inc., 989 F.2d 682, 689 (3d Cir. 1993), *cert. denied*, 510 U.S. 865 (1993) ("[I]t is permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan it is formulating.") (citing *Wedtech*, 72 B.R. at 471–72).

16.    Here, the various factors weigh in favor of granting the Debtors' extension request. *First*, the Debtors are currently paying, and will continue to pay in the ordinary course of business, the postpetition rent obligations that arise under the Unexpired Leases in a timely fashion to the extent required by section 365(d)(3) of the Bankruptcy Code. Thus, the Debtors' requested extension of time to assume or reject the Unexpired Leases will not prejudice the lessors that are parties to the Unexpired Leases and will not adversely affect the substantive rights of any of the lessors to the remaining Unexpired Leases.

17.    *Second*, the Unexpired Leases are important assets of the Debtors' estates. The properties provide the Debtors with office space to conduct day-to-day management functions and other operations that are critical to these chapter 11 cases and necessary in both consummation of the Binance.US Transaction and a self-liquidation. Further, holding one of the Debtors' Unexpired Leases[10] enables the Debtors to maintain certain of their   money transmitter

---

[10]   The Debtors currently use their Miami address for their money transmitter licenses.

licenses which may be required for the Debtors' implementation of a self-liquidation.[11] Changing the Debtors' address would trigger additional reporting and operational requirements, including the need to obtain various surety bond riders reflecting the new address and to refile the Debtors' updated address with each Secretary of State in the states in which the Debtors maintain money transmitter licenses. Requiring the Debtors to take these additional steps would entail significant time and effort, and would be unnecessarily burdensome to the Debtors' estates, particularly if the Debtors ultimately consummate the Sale Transaction and no longer require their money transmitter licenses.

18.    *Third*, the Debtors' chapter 11 cases are large and complex. Since the Petition Date, the Debtors and their advisors have been required to focus on a number of activities that are critically important to the Debtors' restructuring efforts and goal of maximizing the value of the Debtors' estates. The Debtors have, among other things:

(a)    obtained important procedural and operational relief in the form of "first day" and "second day" relief, stabilizing the Debtors' business and the Debtors' relationships with third parties following the commencement of these chapter 11 cases;

(b)    filed a standalone chapter 11 plan of reorganization,[12] which complemented the Debtors' ongoing marketing efforts by setting a floor against which potential third-party transactions would be measured;

(c)    prepared and submitted the Debtors' schedules of assets and liabilities and statements of financial affairs;

(d)    obtained court authority through the *Order (I) Approving the Bidding Procedures and Related Dates and Deadlines, (II) Scheduling Hearings and Objections*

---

[11]    The Debtors are currently assessing whether certain of their money transmitter licenses will be required if the Debtors pursue a self-liquidation. For the avoidance of doubt, while the Debtors are requesting relief to extend the relevant 365(d)(4) Deadline to provide runway to review their Unexpired Lease portfolio and analyze related issues, nothing contained herein shall be construed as a representation that the Debtors must maintain any money transmitter licenses to effectuate any transaction contemplated by the Plan.

[12]    *See Joint Plan of Reorganization of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 17].

*Deadlines with Respect to the Debtors' Sale, Disclosure Statement, and Plan Confirmation, and (III) Granting Related Relief* [Docket No. 248] (the "Bidding Procedures") for, among other things, procedures and a timeline for interested parties to submit bids for an acquisition of the Debtors' equity and/or assets and an auction, if necessary, to facilitate a sale of such assets;

(e)     retained professionals essential to progress in these chapter 11 cases;

(f)     obtained court approval to honor customer withdrawals from the "for the benefit of" accounts ("FBO Accounts") held at Metropolitan Commercial Bank and (as of the date hereof) returned approximately $248 million of customer funds from the FBO Accounts;

(g)     obtained an initial and supplemental order by Madam Justice Kimmel of the Ontario Superior Court of Justice (Commercial List), which, among other things, recognized the chapter 11 case of Debtor Voyager Digital Ltd. as a foreign main proceeding (the "Canadian Proceeding");

(h)     engaged in arms-length negotiations with interested parties and ultimately negotiated the sale of Coinify ApS, a global cryptocurrency payment processor, in exchange for, among other things, $2 million in cash;

(i)     engaged with and responded to inquiries from the Debtors' customers;

(j)     obtained court approval to unwind certain collateralized loans made to Alameda Research Ltd.;

(k)     engaged in significant discussions and negotiations regarding all aspects of the Debtors' restructuring efforts with the Committee;

(l)     assisted the Special Committee with their investigation into, among other things, certain historical transactions, including by holding over 55 hours of interviews with 12 of the Debtors' employees, producing over 11,000 documents totaling more than 40,000 pages, and hosting numerous information sessions with management and counsel to the Committee;

(m)     through the Special Committee, negotiated the terms of the proposed D&O Settlement—which provides for, among other things, the return of approximately $1.2 million in cash to the Debtors' estates, and is supported by the Committee;

(n)     conducted a comprehensive multi-week auction process, resulting in the selection of a bid and signing of an asset purchase agreement with West Realm Shires, Inc. (the "FTX Asset Purchase Agreement");

(o)     filed the *Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 590], *First Amended Disclosure Statement Relating to the Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to*

9

*Chapter 11 of the Bankruptcy Code* [Docket No. 591] (the "FTX Disclosure Statement"), and *Debtors' Motion for Entry of an Order Approving (I) the Adequacy of the Disclosure Statement, (II) Solicitation and Notice Procedures, (III) Forms of Ballots and Notices in Connection Therewith, and (IV) Certain Dates with Respect Thereto* [Docket No. 289];

(p)     resolved formal objections and informal comments to obtain approval of (a) entry into the FTX Asset Purchase Agreement on October 20, 2022, which memorialized the terms of the successful bid and proposed sale transaction to be consummated through a chapter 11 plan, and (b) the FTX Disclosure Statement on October 19, 2022;

(q)     negotiated and obtained release from the "No-Shop" provision of FTX Purchase Agreement following the historic collapse of FTX;

(r)     engaged in good-faith, arm's-length negotiations with several potential transaction parties following the collapse of the FTX transaction;

(s)     evaluated a variety of deal structures and terms and determined, in an exercise of their business judgment and in consultation with the Committee, that the transaction proposed by Binance.US represented the highest or otherwise best available transaction for the Debtors' assets;

(t)     filed the *Debtors' Motion for Entry of an Order (I) Compelling the Release of the Reserve Held by Metropolitan Commercial Bank on Debtors' Bank Account and (II) Granting Related Relief* [Docket No. 690], pursuant to which the Debtors sought to compel the release of $24 million of the Debtors' cash held in reserve by Metropolitan Commercial Bank ("MC Bank");

(u)     negotiated and obtained Court approval of a joint stipulation with FiCentive, Inc. and MC Bank to, among other things, terminate the Debtors' debit card program and authorize the release to the Debtors of a $500,000 reserve balance held at MC Bank in connection therewith;

(v)     reached agreement with FTX US to, among other things, terminate the FTX Asset Purchase Agreement;

(w)     negotiated and executed the Binance.US Asset Purchase Agreement on December 18, 2022, and filed a motion seeking authorization to enter into the Binance.US Asset Purchase Agreement, which the court authorized entry into on January 13, 2023;[13]

---

[13]     *See Order (I) Authorizing Entry Into the Binance US Purchase Agreement and (II) Granting Related Relief* [Docket No. 860].

(x)    filed the *Third Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 852]; and

(y)    filed the *Second Amended Disclosure Statement Relating to the Third Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 863] and the *Debtors' Motion for Entry of an Order (I) Scheduling a Combined Disclosure Statement Approval and Plan Confirmation Hearing, (II) Conditionally Approving the Adequacy of the Debtors' Disclosure Statement, (III) Approving (A) Procedures for Solicitation, (B) Forms of Ballots and Notices, (C) Procedures for Tabulation of Votes and (D) Procedures for Objections, and (IV) Granting Related Relief* [Docket No. 779], which the court entered on January 13, 2023.[14]

19.    Consequently, although a review of the Debtors' contract and lease obligations is underway, the Debtors and their advisors require additional time to determine whether to assume or reject the Unexpired Leases.  The Debtors' continued use of the leased properties and the extension of the Section 365(d)(4) Deadline will not damage the properties or harm the applicable lessors, nor will the extension adversely affect the substantive rights of any of the lessors to the Unexpired Leases to object to any specific assumption or rejection.  The Debtors will continue paying postpetition rent obligations that arise under the Unexpired Leases as they come due.

20.    Courts in this jurisdiction regularly grant similar relief to the relief requested in this Motion.  *See, e.g.*, *In re Madison Square Boys & Girls Club, Inc.*, No. 22-10910 (SHL) (Bankr. S.D.N.Y. Nov. 10, 2022) (granting 90-day extension); *In re Revlon, Inc.*, No. 22-10760 (DSJ) (Bankr. S.D.N.Y. Oct. 26, 2022) (same); *In re GTT Communications. Inc.*, Case No. 21-11880 (MEW) (Bankr. S.D.N.Y. May 13, 2022) (same); *In re Grupo Aeroméxico, S.A.B. de*

---

[14]    *See Order (I) Scheduling a Combined Disclosure Statement Approval and Plan Confirmation Hearing, (II) Conditionally Approving the Adequacy of the Debtors' Disclosure Statement, (III) Approving (A) Procedures for Solicitation, (B) Forms of Ballots and Notices, (C) Procedures for Tabulation of Votes and (D) Procedures for Objections, and (IV) Granting Related Relief* [Docket No. 861].

*C.V.,* No. 20-11563 (SCC) (Bankr. S.D.N.Y. Jan. 26, 2021) (same); *In re LATAM Airlines Group*

*S.A.*, No. 20-11254 (JLG) (Bankr. S.D.N.Y. Sep. 29, 2020) (same).[15]

21.    Accordingly, the Debtors submit that cause exists for the Court to extend the

Section 365(d)(4) Deadline by up to 90 days, through and including the earlier of

(i) May 1, 2023 and (ii) the date of entry of an order confirming the Debtors' chapter 11 plan.

## **Motion Practice**

22.    This Motion includes citations to the applicable rules and statutory authorities

upon which the relief requested herein is predicated and a discussion of their application to this

Motion.  Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

## **Notice**

23.    The Debtors will provide notice of this Motion to the following parties and/or

their respective counsel, as applicable:  (a) the U.S. Trustee; (b) the Committee; (c) the

Unexpired Lease counterparties listed in **Exhibit B**; (d) the lender under the Debtors' prepetition

loan facility; (e) the United States Attorney's Office for the Southern District of New York;

(f) the Internal Revenue Service; (g) the Toronto Stock Exchange; (h) the attorneys general in the

states where the Debtors conduct their business operations; and (i) any party that has requested

notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the

relief requested, no other or further notice need be given.

## **No Prior Request**

24.    No prior request for the relief sought in this Motion has been made to this or any

other court.

---

[15]    Because of the voluminous nature of the orders cited herein, they are not attached to this Motion.  Copies of
these orders are available upon request of Debtors' counsel.

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting

the relief requested herein and such other relief as the Court deems appropriate under the

circumstances.

| | |
|---|---|
| Dated: January 31, 2023<br>New York, New York | /s/ Joshua A. Sussberg |

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        jsussberg@kirkland.com
              cmarcus@kirkland.com
              christine.okike@kirkland.com
              allyson.smith@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |   |
|---|---|---|
| In re: | ) | Chapter 11 |
|   | ) |   |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
|   | ) |   |
| Debtors. | ) | (Jointly Administered) |
|   | ) |   |

## ORDER (I) EXTENDING THE TIME WITHIN WHICH
## THE DEBTORS MUST ASSUME OR REJECT UNEXPIRED LEASES OF
## NONRESIDENTIAL REAL PROPERTY AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), extending the time within which the Debtors must assume or reject unexpired leases of nonresidential real property (collectively, the "Unexpired Leases"), all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital, Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.       The Motion is granted as set forth herein.

2.       The time within which the Debtors must assume or reject the Unexpired Leases is extended through and including the earlier of **(i) May 1, 2023 and (ii) the date of entry of an order confirming the Debtors' chapter 11 plan**.

3.       All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

4.       This Order is without prejudice to the right of the Debtors to request additional extensions of time to assume or reject the Unexpired Leases consistent with section 365(d)(4) of the Bankruptcy Code.

5.       Nothing in the Motion or this Order shall be deemed or construed as (a) an assumption or rejection of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code or (b) an admission or finding with respect to whether any of the Debtors' contracts or leases is an unexpired lease of nonresidential real property within the meaning of section 365(d) of the Bankruptcy Code.

6.       The Debtors may, but are not required to, amend Exhibit B to the Motion to include Unexpired Leases that are subsequently identified or determined to be subject to section 365(d)(4) of the Bankruptcy Code.

7.       The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8.       Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Local Rules are satisfied by the contents of

the Motion.

9.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.    The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2023

_____
HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

**Exhibit B**

**List of Unexpired Leases**[1]

---

[1] This **Exhibit B** includes, without limitation, unexpired nonresidential leases identified by the Debtors to date. Although the Debtors have made every reasonable effort to ensure that this exhibit is accurate and complete based on information that was available at the time of preparation, inadvertent errors or omissions may exist. The Debtors reserve their right to amend this exhibit to include additional Unexpired Leases that may be subsequently and specifically identified.  Inclusion of an agreement on **Exhibit B** is not an admission that such agreement is binding and enforceable and is without prejudice to the Debtors' and Court's final determination as to the nature of such agreement, including whether such agreement qualifies as a nonresidential real property lease under Section 365(d)(4) of the Bankruptcy Code.

| Debtor Party | Lease Counterparty | Address | Description of Lease |
|---|---|---|---|
| Voyager Digital, LLC | 78 SW 7th Street Tenant LLC | 78 SW 7th Street<br>Miami, FL 33130 | Commercial Office Space |
| Voyager Digital Holdings, Inc. | 150 4th Ave N Tenant LLC | 150 4th Ave N<br>Nashville, TN 37219 | Commercial Office Space |
| Voyager Digital Holdings, Inc. | 33 Irving Tenant LLC | 33 Irving Pl<br>New York, NY 10003 | Commercial Office Space |
| Voyager Digital, LLC | Regus Management Group, LLC | 2500 Plaza 5, 25th Floor<br>Jersey City, NJ 07311 | Commercial Office Space |