# EXHIBIT 16



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*Ct Eph #1*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 18, 2022

Ilan T. Graff, Esq.
Alex Miller, Esq.
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, New York 10004
ilan.graff@friedfrank.com

     Re:   *United States v. Zixiao (Gary) Wang,* **S1 22 Cr. 673 (RA)**

Dear Mr. Graff and Mr. Miller:

    On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Zixiao (Gary) Wang ("the defendant") to the above-referenced Superseding Information (the "Information").

    Count One of the Information charges the defendant with engaging in a conspiracy to commit wire fraud on customers of FTX, in violation of Title 18, United States Code, Section 1349. Count One carries a maximum term of imprisonment of 20 years; a maximum term of supervised release of three years; a maximum fine, pursuant to 18 U.S.C. § 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense; and a $100 mandatory special assessment.

    Count Two of the Information charges the defendant with wire fraud on customers of FTX, and aiding and abetting the same, in violation of 18 U.S.C. §§ 1343 and 2. Count Two carries a maximum term of imprisonment of 20 years; a maximum term of supervised release of three years; a maximum fine, pursuant to 18 U.S.C. § 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense; and a $100 mandatory special assessment.

    Count Three of the Information charges the defendant with conspiracy to commit commodities fraud, in violation of 18 U.S.C. § 371, 7 U.S.C. §§ 9(1) and 13(a)(5), and 17 C.F.R. § 180.1. Count Three carries a maximum term of imprisonment of five years; a maximum term of supervised release of three years; a maximum fine, pursuant to 18 U.S.C. § 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense; and a $100 mandatory special assessment.

22-10943-mew    Doc 937-16    Filed 02/01/23    Entered 02/01/23 00:45:39    Exhibit 16 -
December 18    2022 Wang Guilty Plea Letter    Pg 3 of 7

Page 2

Count Four of the Information charges the defendant with conspiracy to commit securities fraud, in violation of 18 U.S.C. § 371, 15 U.S.C. § 78j(b) and 78ff, and 17 C.F.R. § 240.10b-5. Count Four carries a maximum term of imprisonment of five years; a maximum term of supervised release of three years; a maximum fine, pursuant to 18 U.S.C. § 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense; and a $100 mandatory special assessment.

The total maximum sentence of incarceration on Counts One, Two, Three, and Four of the Information is 50 years' imprisonment.

The defendant agrees to waive any defenses related to venue with respect to One through Four of the Information.

It is further understood that the defendant shall make restitution in an amount to be specified by the Court in accordance with 18 U.S.C. §§ 3663, 3663A, and 3664. This amount shall be paid according to a plan established by the Court.

The defendant hereby admits the forfeiture allegation with respect to Counts One and Two of the Information and agrees to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense. It is further understood that any forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

It is understood that the defendant (a) shall truthfully and completely disclose all information concerning all matters about which this Office inquires, which can be used for any purpose; (b) shall cooperate fully with this Office, the Federal Bureau of Investigation, and any other law enforcement agency designated by this Office; (c) shall attend all meetings requested by this Office; (d) shall provide to this Office, upon request, any document, record, or other tangible evidence relating to matters about which this Office or any designated law enforcement agency inquires; (e) shall truthfully testify before the grand jury and at any trial and other court proceeding when requested to do so by this Office; (f) shall bring to this Office's attention all crimes that the defendant has committed, and all administrative, civil, or criminal proceedings, investigations, or prosecutions in which the defendant has been or is a subject, target, party, or witness; (g) shall commit no further crimes whatsoever; and (h) shall provide notice to this Office before discussing the conduct covered by the Information with anyone other than this Office, law enforcement agencies designated by this Office, and the defendant's attorney. Moreover, any assistance the defendant may provide to federal criminal investigators shall be pursuant to the specific instructions and control of this Office and designated investigators.

It is understood that this Office cannot, and does not, agree not to prosecute the defendant for criminal tax violations, if any. However, if the defendant fully complies with the understandings specified in this Agreement, no testimony or other information given by the

2022.12.14

22-10943-mew    Doc 937-16    Filed 02/01/23    Entered 02/01/23 00:45:39    Exhibit 16 -
December 18    2022 Wang Guilty Plea Letter    Pg 4 of 7

Page 3

defendant (or any other information directly or indirectly derived therefrom) will be used against the defendant in any criminal tax prosecution. Moreover, if the defendant fully complies with the understandings specified in this Agreement, the defendant will not be further prosecuted criminally by this Office for any crimes, except for criminal tax violations, related to his participation in (1) a conspiracy to commit wire fraud and wire fraud on customers of FTX between in or about 2019 and in or about November 2022, as charged in Counts One and Two of the Information; (2) a conspiracy to commit commodities fraud between in or about 2019 and in or about November 2022, as charged in Count Three of the Information; (3) a conspiracy to commit securities fraud between in or about 2019 and in or about November 2022, as charged in Count Four of the Information; ███████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████████ to the extent that he has disclosed such participation to this Office as of the date of this Agreement. It is understood that all of the uncharged conduct set forth above constitutes either relevant conduct, pursuant to U.S.S.G. § 1B1.3, or other conduct of the defendant, pursuant to U.S.S.G. § 1B1.4 and 18 U.S.C. § 3553(a), that the Court may consider at the time of sentencing.

This Agreement does not provide any protection against prosecution for any crimes except as set forth above.

It is understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office. This Office will, however, bring the cooperation of the defendant to the attention of other prosecuting offices, if requested by the defendant.

It is understood that the sentence to be imposed upon the defendant is within the sole discretion of the Court. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive, and will not recommend any specific sentence to the Court. However, this Office will inform the Probation Office and the Court of (a) this Agreement; (b) the nature and extent of the defendant's activities with respect to this case and all other activities of the defendant which this Office deems relevant to sentencing; and (c) the nature and extent of the defendant's cooperation with this Office. In so doing, this Office may use any information it deems relevant, including information provided by the defendant both before and after the signing of this Agreement. In addition, if this Office determines that the defendant has provided substantial assistance in an investigation or prosecution, and if the defendant has fully complied with the understandings specified in this Agreement, this Office will file a motion, pursuant to U.S.S.G. § 5K1.1, requesting the Court to sentence the defendant in light of the factors set forth in Section 5K1.1(a)(1)-(5). It is understood that, even if such a motion is filed, the sentence to be imposed on the defendant remains within the sole discretion of the Court. Moreover, nothing in this Agreement limits this Office's right to present any facts and make any arguments relevant to sentencing to the Probation Office and the Court, or to take any position on post-sentencing motions. The defendant hereby consents to any adjournments of his sentence as may be requested by this Office.

It is understood that, should this Office determine either that the defendant has not provided substantial assistance in an investigation or prosecution, or that the defendant has violated any

2022.12.14

22-10943-mew    Doc 937-16    Filed 02/01/23    Entered 02/01/23 00:45:39    Exhibit 16 -
December 18    2022 Wang Guilty Plea Letter    Pg 5 of 7

Page 4

provision of this Agreement, such a determination will release this Office from any obligation to file a motion pursuant to U.S.S.G. § 5K1.1, but will not entitle the defendant to withdraw the defendant's guilty plea once it has been entered.

It is understood that, should this Office determine, after the filing of a motion pursuant to U.S.S.G. § 5K1.1 and/or 18 U.S.C. § 3553(e), that the defendant has violated any provision of this Agreement, this Office shall have the right to withdraw such motion.

It is understood that, should the defendant commit any further crimes or should it be determined that the defendant has given false, incomplete, or misleading testimony or information, or should the defendant otherwise violate any provision of this Agreement, the defendant shall thereafter be subject to prosecution for any federal criminal violation of which this Office has knowledge, including perjury and obstruction of justice. Any such prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is understood that in the event that it is determined that the defendant has committed any further crimes, given false, incomplete, or misleading testimony or information, or otherwise violated any provision of this Agreement, (a) all statements made by the defendant to this Office or other designated law enforcement agents, and any testimony given by the defendant before a grand jury or other tribunal, whether before or after the signing of this Agreement, and any leads from such statements or testimony shall be admissible in evidence in any criminal proceeding brought against the defendant; and (b) the defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, or any other federal rule that such statements or any leads therefrom should be suppressed. It is the intent of this Agreement to waive all rights in the foregoing respects.

It is further understood that this Office will not object to the defendant's release on the following bail conditions: a $250,000 personal recognizance bond, co-signed by one financially responsible person; travel restricted to the continental United States; the defendant to surrender all travel documents and refrain from making any new applications; supervision as directed by Pretrial Services; and adherence to all other standard conditions of release. This Office reserves the right to move without notice to the defendant for a revocation or modification of the above bail conditions should it determine that the defendant has violated any provision of this Agreement or condition of his release, or should it determine that such a revocation or modification is otherwise appropriate. The defendant hereby consents to any such revocation or modification.

The defendant hereby acknowledges that the defendant has accepted this Agreement and decided to plead guilty because the defendant is in fact guilty.

In connection with the defendant's plea of guilty, the defendant, in consultation with counsel, has chosen not to request discovery materials pursuant to Fed. R. Crim. P. 16 ("Rule 16 Material"). The defendant understands that if not for entering this plea of guilty, the Government

2022.12.14

22-10943-mew    Doc 937-16    Filed 02/01/23    Entered 02/01/23 00:45:39    Exhibit 16 -
December 18    2022 Wang Guilty Plea Letter    Pg 6 of 7

Page 5

would be required to produce Rule 16 Material, and would further be required to produce material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and Fed R. Crim. P. 5(f), and, if the defendant proceeded to trial, impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), and *Jencks* Act material. The defendant acknowledges that the defendant has not and will not receive such information because the defendant has decided to plead guilty, waives the right to this information, and agrees not to withdraw the defendant's plea or to attack the defendant's conviction or sentence, either on direct appeal or collaterally, on the ground that the Government has failed to produce any such information, apart from any information establishing the factual innocence of the defendant.

The defendant recognizes that, if the defendant is not a citizen of the United States, the defendant's guilty plea and conviction make it very likely that the defendant's removal from the United States is presumptively mandatory and that, at a minimum, the defendant is at risk of being removed or suffering other adverse immigration consequences. If the defendant is a naturalized citizen of the United States, the defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status. Under federal law, an individual may be subject to denaturalization and removal if the defendant's naturalization was procured by concealment of a material fact or by willful misrepresentation, or otherwise illegally procured. The defendant acknowledges that the defendant has discussed the possible immigration consequences (including removal or denaturalization) of the defendant's guilty plea and conviction with defense counsel. The defendant affirms that the defendant wants to plead guilty regardless of any immigration or denaturalization consequences that may result from the guilty plea and conviction, even if those consequences include denaturalization and/or removal from the United States. The defendant understands that denaturalization and other immigration consequences are typically the subject of a separate proceeding, and the defendant understands that no one, including the defendant's attorney or the District Court, can predict with certainty the effect of the defendant's conviction on the defendant's immigration or naturalization status. It is agreed that the defendant will have no right to withdraw the defendant's guilty plea based on any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from the guilty plea and conviction. It is further agreed that the defendant will not challenge the defendant's conviction or sentence on direct appeal, or through litigation under Title 28, United States Code, Section 2255 and/or Section 2241, on the basis of any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from the defendant's guilty plea and conviction.

This Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant. No additional understandings, promises, or conditions have been entered

22-10943-mew    Doc 937-16    Filed 02/01/23    Entered 02/01/23 00:45:39    Exhibit 16 -
December 18    2022 Wang Guilty Plea Letter    Pg 7 of 7

Page 6

into other than those set forth in this Agreement, and none will be entered into unless in writing
and signed by all parties.

Very truly yours,

DAMIAN WILLIAMS
United States Attorney

By:

Nicolas Roos
Danielle Sassoon
Assistant United States Attorney
(212) 637-2421 / -1115

APPROVED:

DANIEL GITNER ᴬᴹ
Chief, Criminal Division

AGREED AND CONSENTED TO:

Zixiao (Gary) Wang

12/19/22
DATE

APPROVED:

Ilan T. Graff, Esq.
Alex Miller, Esq.
Attorneys for Zixiao (Gary) Wang

12/19/22
DATE

2022.12.14