UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK                                  Chapter 11

                                                            Case No: 22-10943 (MEW)

                                                            Judge Wiles

In re:

VOYAGER DIGITAL HOLDINGS INC., et al.,

        Debtors.

### AMENDED MOTION TO DENY THE DEBTORS MOTION FOR EXTENSION OF TIME AND DENY THE MOTION FOR THE DEBTORS TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL PROPERTY AND TO DENY RELIEF REQUESTED BY DEBTORS (DOC 935)

      Under 11 U.S.C. 365(d)(4) of the Bankruptcy Code, the debtors have a maximum of 210 days from the petition date to assume or reject unexpired leases of nonresidential real property. This timeline may be extended for cause by the court. The purpose of this provision is to provide the debtor with a reasonable time to decide; regarding the assumption or rejection of leases while protecting the interests of creditors.

      However, In the case of ExpressJet Holdings, Inc., the court found that a bankruptcy debtor does not have the absolute right to assume or reject unexpired leases, and the decision to assume or reject must be made in good faith and in the best interests of the estate.

      Moreover, In the case of Washington Mutual, Inc., the court held that a bankruptcy debtor may not assume a lease if it would result in a material financial burden to the estate.

      These cases illustrate that a bankruptcy court will weigh the potential benefits and drawbacks of a debtor assuming a lease in determining whether to approve the assumption. If the

lease would result in a significant financial burden to the estate, the court may deny the assumption and require the debtor to reject the lease.

Therefore, it may be argued that in a bankruptcy case, the creditors should not be required to pay for offices or leases when the company is bankrupt, as the court may find that it would result in a material financial burden to the estate and deny the assumption of the lease.

Furthermore, it would be illegal and contrary to the Bankruptcy Code for creditors to pay for offices or leases during bankruptcy proceedings, as doing so would essentially require the debtor to assume a lease that may result in a material financial burden to the creditors.  Such action would be contrary to the purpose of the Bankruptcy Code, which is to ensure an equitable distribution of assets among creditors.

For these reasons, your honor, respectfully I pro se creditor, and forgive me your honor if I have not filed in any way to your standards or liking; and allow me a fair chance to amend any mistakes made. None the less, I request that the court at your discretion, consider the illegality of creditors paying for offices or leases during bankruptcy proceedings and take any necessary action to protect the interests of the creditors.

Respectfully submitted,

Dated: 02/02/2023

/s/ Alah Shehadeh

Orland Park, Il 60462

708-578-5102

exclusivetrends@icloud.com