**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
In re:                                                             :    Chapter 11
                                                                         :
VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1]    :    Case No. 22-10943 (MEW)
                                                                         :
                    Debtors.                                       :    (Jointly Administered)
                                                                         :
---------------------------------------------------------------x

### SPECIAL COMMITTEE OF THE BOARD OF DIRECTORS OF VOYAGER DIGITAL, LLC'S OBJECTION TO MOTION TO RELEASE INVESTIGATION REPORT

The special committee of the board of directors of Debtor Voyager Digital, LLC (the "Special Committee"), by its undersigned counsel, hereby objects to the motion ("Motion") (ECF No. 903), filed by two creditors (the "Movants"), seeking the release of the investigation report prepared by Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), special counsel to Debtor Voyager Digital, LLC ("OpCo"), at the request of the Special Committee. In support of this objection, the Special Committee respectfully states as follows:

1.   Throughout its Investigation (defined below), the Special Committee has endeavored to provide as much transparency as possible to creditors, proposing that the Debtors, the Official Committee of Unsecured Creditors (the "Committee"), and the Special Committee enter into an agreed protective order so that the legal and financial advisors representing the Committee—the fiduciary for all unsecured creditors—could meaningfully participate in the Investigation without waiving the Debtors' attorney-client privilege or attorney-work product

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Voyager Digital Holdings, Inc.'s and Voyager Digital Ltd.'s principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003. Voyager Digital, LLC's principal place of business is 701 S Miami Ave, 8th Floor, Miami, FL 33131.

protections. However, the Special Committee submits that public disclosure of the privileged Investigation Report—prepared and presented by Quinn Emanuel to the Special Committee only—is improper, would not benefit creditors, and is premature.

### Relevant Factual Background

2.      On July 5, 2022, the board of directors of OpCo (the "Board") voted to appoint two independent directors to the Board and to establish the Special Committee which was vested with the authority to, among other things, conduct an independent investigation (the "Investigation") with respect to any potential estate claims and causes of action against insiders. The Special Committee was also vested with sole authority to prosecute, settle, or extinguish any and all claims and causes of action arising from the historical transactions investigated by the Special Committee. *See Second Amended Disclosure Statement Relating to Third Amended Joint Plan of Voyager Digital Holdings, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code*, ECF No. 863, (the "Disclosure Statement" or "DS") at 52.

3.      On August 4, 2022, the Bankruptcy Court entered an order approving the retention of Quinn Emanuel as special counsel to OpCo to provide independent advice to, and act at the exclusive direction of, the Special Committee. *See* ECF No. 242.

4.      On August 23, 2022, the Debtors, the Special Committee, and Committee entered into the Common Interest Confidentiality Stipulation and Protective Order (the "Protective Order") pursuant to which the parties (the "Common Interest Parties") agreed to the protections afforded to designated discovery material. Given the unique features of the Debtors' chapter 11 cases, the Common Interest Parties agreed that the attorney-client and attorney work-product privileges would be preserved with respect to privileged documents and information shared among counsel for the Common Interest Parties. The Bankruptcy Court entered the Protective Order on September 13, 2022. *See* ECF No. 342; DS at 52-53.

5. Over the course of approximately 2 months, Quinn Emanuel requested, received, and reviewed approximately 11,000 documents produced by the Debtors, and interviewed 12 Voyager employees. Throughout this Investigation, Quinn Emanuel coordinated with the Committee's professionals, who were given access to the same document productions and were invited to attend, and participate in, the interviews. *See* DS at 53.

6. At the conclusion of the Investigation, on October 7, 2022, Quinn Emanuel delivered its report (the "Investigation Report") to the Special Committee, setting forth, among other things, Quinn Emanuel's mental impressions of the factual record developed over the course of the Investigation, the legal framework of potential estate causes of action, and Quinn Emanuel's legal conclusions and recommendations. Quinn Emanuel presented the contents of the Investigation Report to Special Committee on October 10, 2022. *Id.* at 53-54. No parties other than the members of the Special Committee and Quinn Emanuel have received or otherwise seen the Investigation Report.

7. The Special Committee ultimately negotiated independent settlements with CEO Stephen Ehrlich and former CFO, Evan Psaropoulos, which are embodied in the proposed chapter 11 plan (the "Plan") (ECF No. 829). The deadline for parties to object to the Plan is February 22, 2023.

**Objection**

8.  The Special Committee objects to the disclosure of the Investigation Report on several grounds and, at a minimum, submits that the request to do so is premature.

9.  The Investigation Report—prepared and presented by Quinn Emanuel to the Special Committee for the purpose of providing legal advice and in anticipation of litigation (or settlement)—contains advice of counsel and constitutes work product, all of which is privileged. *Cicel (Beijing) Sci. & Tech. Co. v. Misonix, Inc.*, 331 F.R.D. 218, 231 (E.D.N.Y. 2019) (finding that "the primary purpose" of counsel's internal investigation report was "the provision of legal advice such that the privilege should apply.") Opinion work product, which is the "mental impressions, conclusions, opinions or legal theories of lawyers" or other professionals prepared in anticipation of litigation "has almost absolute protection." *In re Harwood P-G, Inc.*, 403 B.R. 445, 463 (Bankr. W.D. Tex. 2009); *see also Office of Thrift Supervision v. Vinson & Elkins, LLP*, 124 F.3d 1304, 1307 (D.C. Cir. 1997) (deeming opinion work product "virtually undiscoverable"). Investigation reports, which among other things, include summaries of witness interviews and are suffused with the investigator's mental impressions and conclusions, constitute such protected opinion work product. *See S.E.C. v. Brady*, 238 F.R.D. 429, 442 (N.D. Tex. 2006). The facts that Quinn Emanuel considered to be important in assessing the strengths and weaknesses of potential claims, Quinn Emanuel's mental impressions regarding such facts (which in litigation parties may dispute), and whether the resulting settlement is reasonable and advisable, are also protected from disclosure. *See Cities Service Co. v. FTC*, 627 F. Supp. 827, 834 (D.D.C. 1984) (determining that content that identifies which facts an attorney considers to be of special relevance or importance to the investigation, litigation strategy, or settlement plans "surely do[es] constitute work product."). The Special Committee has not waived any privileges that protect the Investigation Report from disclosure.

10. Movants do not explain how their purported "need" for disclosure could possibly override the protections of the attorney-client and attorney work-product privileges, and have not established a substantial, let alone "extraordinary," need for the disclosure of the Investigation Report. *In re Aggrenox Antitrust Lit.*, 2017 WL 5885664, *6 (D. Conn. Nov. 29, 2017). While Movants argue that they "need this information" prior to submitting their votes (Mot. ¶ 11), the Court has already conditionally approved the Disclosure Statement as containing adequate information as required under section 1125 of the Bankruptcy Code. *See* ECF No. 861. Indeed, the approved Disclosure Statement includes more than sufficient detail regarding the Investigation process and findings to allow a creditor to make an informed decision whether to vote to accept or reject the Plan and the settlements contained therein. *See* DS at 52-55, 68-69; Oct. 19, 2022 Hr'g Tr. 74:2-5 ("[T]he disclosure statement is probably more thorough in this regard than . . . any other one I have ever seen in terms of releases of the Debtors' own claims."). Moreover, Movants provide no justification that would explain why their so-called need for "full access to all the Court documentation and evidence" (Mot. ¶ 11) should extend to documents not in the record.

11. *Finally*, the Special Committee submits that, at a minimum, disclosure of the Investigation Report is premature. The deadline to object to the Plan has not yet passed, and the scope of any forthcoming objections is currently unknown. It may well be the case that, in order to address certain objections, the Special Committee will determine that it is advisable to disclose portions of the Investigation Report, but it is premature to make that determination now. And, of course, the Court will need to determine whether settlements embodied in the Plan are reasonable, but that determination likely will not require the disclosure of the Investigation Report itself.[2]

---

[2] *See In re Health Diagnostic Lab., Inc.*, 2016 WL 6068812, at *6 (Bankr. E.D. Va. Oct. 14, 2016) ("The Court will not invade the Liquidating Trustee's attorney/client privilege. The factual testimony presented at the Hearing was sufficient to allow the Court to assess whether the Settlement Agreement is reasonable."); *In re Washington Mut., Inc.*, 442 B.R. 314, 330 (Bankr. D. Del. 2011) (in determining

5

**Conclusion**

WHEREFORE, for the forgoing reasons, the Special Committee respectfully requests that the Motion be denied.

| | |
|---|---|
| New York, New York<br>Dated:  February 3, 2023 | */s/ Susheel Kirpalani*<br>Susheel Kirpalani<br>Kate Scherling<br>Zachary Russell<br>QUINN EMANUEL URQUHART<br>& SULLIVAN LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: 212-849-7000<br>Facsimile: 212-849-7100<br><br>*Special Counsel to Debtor Voyager Digital, LLC* |

---

whether to approve a settlement, "[i]t is sufficient to present the Court with the legal positions asserted by each side and the facts relevant to those issues").

6