Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**REPLY OF KIRKLAND & ELLIS LLP TO THE OBJECTION TO INTERIM AND FINAL FEE APPLICATION AND MOTION TO APPOINT FEE EXAMINER**

Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "K&E"), as counsel to the above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully submit this reply (this "Reply") to the *Objection to Interim and Final Fee Application and Motion to Appoint Fee Examiner on this Mega Bankruptcy Case* [Docket No. 924] (the "Objection")[2] filed *pro se* by Tracy Hendershott, Trevor Brucker, Seth

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2] On February 2, 2023, *pro se* party Heath Mendelsohn filed a joinder to the Objection [Docket No. 952] (the "Joinder"). Additionally, Trevor Brucker (a signatory to the Objection) and Heath Mendelsohn filed letters raising concerns similar to those raised in the Objection [Docket Nos. 823 & 826] (along with the Joinder, the "Additional Opposition"). The Debtors arguments herein are restated and incorporated in their entirety against the Additional Opposition.

Jones, Jessica Roth, and Jumbo Jeter[3] (the "Objecting Parties") regarding the *First Interim Fee Application of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, Attorneys for the Debtors and Debtors in Possession, for the Interim Fee Period from July 5, 2022 Through and Including October 31, 2022* [Docket No. 767] (the "Fee Application" and the fees and expenses requested for payment and reimbursement therein, the "Fees and Expenses")[4] as follows.

**Preliminary Statement**

1. K&E appreciates that professional compensation is a sensitive and important issue in any chapter 11 case. K&E does not take lightly its accountability with respect to the fee and expense reimbursement process. Steps have been taken to ensure meaningful fee review. Over and above the detailed review K&E independently undertook, following extensive discussions with the United States Trustee for the Southern District of New York (the "U.S. Trustee"), K&E agreed to reduce its fees and expenses by $178,912.00 and $26,306.89, respectively, in addition to the $125,000.00 voluntary reduction K&E made before filing the Fee Application. The additional reduction resolves many of the issues raised in the Objection, which will be addressed on a point-by-point basis herein.

2. The Objection also seeks appointment of a fee examiner. Such relief, assuming it is available under the Bankruptcy Code at all, is limited to extraordinary circumstances not present here. Further, appointing a fee examiner at this late stage in these chapter 11 cases—less than a month before confirmation—would only impose substantial and costly administrative burdens on these estates, all to the detriment of Account Holders.

---

[3] The Debtors are unable to find any Account Holder by the name "Jumbo Jeter" or any account associated with the email address provided (JumboJeter712@gmail.com). It is therefore unclear what relationship with or interest in the Debtors Mr. Jeter holds.

[4] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Fee Application.

2

3. K&E respectfully requests that this Court overrule the Objection and approve the Fees and Expenses as requested by K&E.

## Reply

4. Section 330 of the Bankruptcy Code establishes criteria for awarding "reasonable" compensation and reimbursement, providing that "the court should consider the nature, extent, and the value of such services, taking into account all relevant factors." 11 U.S.C. § 330(a)(3). Accordingly, the reasonableness of the fees and expenses sought by K&E for services rendered during the Fee Period should be judged within the contours of these novel and extremely complex chapter 11 cases. The Objecting Parties acknowledge that in cases of this complexity and size, "there are going to be significant fees associated with hiring the best minds to protect the Debtors and UCC membership." Obj. ¶ 8. When viewed in this manner, there can be no question that K&E provided valuable services to the Debtors.

5. In the Objection, the Objecting Parties take issue with certain Fees and Expenses sought by K&E in the Fee Application. Each issue is addressed in turn below.

**I.    Fees.**

    **a. Fee Statement Review.**

6. The Objecting Parties seek further explanation and justification for certain services provided by K&E professionals, namely the review of fee statements to maintain privilege and confidentiality and compliance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases* (the "Revised UST Guidelines"). Each of K&E's monthly fee statements are hundreds of pages in length. It is paramount that K&E undertake a thorough review of each statement before filing to ensure conformity to applicable billing standards and rules in this jurisdiction, as well as protecting attorney-client privilege and certain other confidentiality obligations of the Debtors.

More specifically, pursuant to the Revised UST Guidelines, bankruptcy attorneys who prepare fee applications must certify that they have reviewed the fee application, a component of which is the invoices that support the sought-after fees and expenses. Revised UST Guidelines, A.1. (stating that each application must include a certification by a professional that states, among other things, that "the fees and disbursements sought fall within these Amended Guidelines[.]") Such a certification cannot be made unless the certifying professional has reviewed the invoices supporting a fee application and, in many instances, has directed revisions to those invoices.

7. Notably, the invoice review process generates significant savings for the Debtors' estates. Before submitting the Fee Application, K&E had already written off approximately $125,000 in fees and expenses on a voluntary basis. Notwithstanding the above, and following discussions with the U.S. Trustee, K&E agreed to write-off all additional amounts spent preparing fee statements, reducing its fees accordingly.

## II. Expenses.

### a. Nightly Hotel Expenses.

8. The Objecting Parties object to certain hotel room expenses of K&E, asserting that such expenses are in "multiples of…$1,000, $2,000 or $3,000 per night." Obj. ¶ 12. That is untrue—the expenses in question were for multiple night stays, not a single night. In any event, and following discussions with the U.S. Trustee, K&E agreed to "cap" nightly hotel expenses at $550.00.

### b. Flight Expenses.

9. The Objecting Parties object to certain airfare expenses. K&E is not seeking reimbursement for any flights above coach class, and following discussions with the U.S. Trustee K&E agreed to further reduce airfare expenses by $800.68.

4

      **c. Meal and Catering Expenses.**

10. The Objecting Parties object to certain working and travel meals and catering expenses. K&E agrees to reduce each meal expense, including catering costs, to $20.00 per person, consistent with other cases in this jurisdiction.

**III. Appointing a Fee Examiner in These Chapter 11 Cases Is Inappropriate and Unnecessary.**

11. The Objection also requests that the Court appoint a fee examiner in these chapter 11 cases. Such relief, if available at all, is reserved for extraordinary circumstances not present here. The Objecting Parties' request to appoint a fee examiner should be overruled.

12. Contrary to the Objecting Parties' assertions, Obj. ¶¶ 15–16, neither section 1104(c) of the Bankruptcy Code nor rule 706 of the Federal Rules of Evidence (the "FRE") provides a legal basis for the appointment of a fee examiner. Section 1104(c) of the Bankruptcy Code only authorizes appointment of an examiner to conduct an investigation "of the debtor," not its counsel. 11 U.S.C. § 1104(c). Nor are fee examiners court-appointed experts under FRE 706 in situations where the court did not initiate the appointment process. *See, e.g.*, *In re Relativity Fashion, LLC*, No. 15-11989 (MEW) (Bankr. S.D.N.Y. Apr. 1, 2016) Hr'g Tr. 45:13–45:15 ("I don't regard [a fee examiner] as a court-appointed expert under Rule 706 because I haven't initiated this."). Appointing a fee examiner is not explicitly allowed under the Bankruptcy Code and has been denied as an unnecessary expense where *pro se* litigants conducted their own review of fee applicants' time records. *See In re CCT Commc'ns, Inc.*, 2010 WL 3386947, *5 (Bankr. S.D.N.Y. Aug. 24, 2010) (ruling that appointing a fee examiner "would be an unnecessary expense" where a *pro se* party and the court had independently reviewed time records).

5

13. When courts do appoint fee examiners, such appointment is typically done under section 105(a) of the Bankruptcy Code and only in unusual circumstances. *See, e.g.*, *In re Diocese of Rochester*, 2020 Bankr. LEXIS 1060, at *1 (Bankr. Apr. 16, 2020) (declining to appoint a fee examiner under § 105(a) and commenting that "[t]he role of 'independent fee examiner' is not provided for in the Bankruptcy Code, so the motion [to appoint a fee examiner] is unusual").

14. The extraordinary relief of appointing a fee examiner is unnecessary here. **First**, these chapter 11 cases are proceeding expeditiously to the Combined Hearing scheduled for March 2, 2023. Appointing a fee examiner at this late stage in these chapter 11 cases would impose substantial and costly administrative burdens on these estates. **Second**, contrary to the Objecting Parties' assertions, the U.S. Trustee **has** reviewed the Fees and Expenses and engaged with K&E on multiple points. In fact, each issue raised by the Objecting Parties had already been addressed and resolved between the U.S. Trustee and K&E. **Finally**, the number of professionals and paraprofessionals that K&E has dedicated to prosecuting these chapter 11 cases is consistent with market practice given the nature, size, novelty, and complexity of the issues at hand, and no other party in interest other than the Objecting Parties has asserted otherwise.

15. For the foregoing reasons, appointment of a fee examiner is unjustified under the circumstances. The Objecting Parties' request to appoint a fee examiner should be overruled.

## Reservation of Rights

16. Nothing herein, including K&E's voluntary reductions of Fees and Expenses, should be construed as an admission by K&E as to the validity of those Fees and Expenses and K&E expressly reserves the right to request allowance of such Fees and Expenses in the future in both this and other cases in which K&E acts as counsel. Moreover, K&E expressly reserves the

6

right to request compensation in the future on account of its preparation of this reply and defense of the Fee Application.

## Conclusion

17. As set forth herein and in the Fee Application, K&E's attorneys and paraprofessionals dedicated considerable time, effort, and attention to the success of the Debtors' chapter 11 cases and are entitled to appropriate compensation under applicable law. Accordingly, in light of the substantial benefits provided to the Debtors' estates by K&E's services and the reasonableness of the Fees and Expenses given the size, nature, novelty, and complexity of these chapter 11 cases, K&E respectfully requests the Court overrule the Objection and approve K&E's Fees and Expenses as requested in the Fee Application and in this Reply.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, for the reasons set forth herein and in the Fee Application, the Debtors respectfully request entry of an order (a) approving K&E's Fees and Expenses as requested in the Fee Application and this Reply, (b) overruling the Objection, and (c) granting such other and further relief as is just and proper.

| | |
|---|---|
| Dated: February 5, 2023<br>New York, New York | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>Christopher Marcus, P.C.<br>Christine A. Okike, P.C.<br>Allyson B. Smith (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br>Email: jsussberg@kirkland.com<br>cmarcus@kirkland.com<br>christine.okike@kirkland.com<br>allyson.smith@kirkland.com<br><br>*Counsel to the Debtors and Debtors in Possession* |