Tracy Hendershott
Pro Se Creditor
Florida, USA

Trevor Brucker
Pro Se Creditor
Minnesota, USA

**UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| Voyager Digital Holdings, Inc, et al.,[1] | ) ) | Case No. 22-10943 (MEW) |
| Debtors | ) ) | (Jointly Administered) |

**CREDITOR RESPONSE TO SPECIAL COMMITTEE OBJECTION TO RELEASE INVESTIGATION REPORT**

The above-captioned creditor (the "Creditors") state the following in support of this objection (this "Objection") to Creditor motion (this "Motion"):

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

1

**RESPONSE TO DEBTOR OBJECTION**

1. In the proposed Disclose Statement, Debtors in Possession included the following "At the conclusion of the Investigation, on October 7, 2022, Special Committee Counsel delivered to the Special Committee its report ("Investigation Report"), setting forth, among other things, the factual record developed over the course of the Investigation, the legal framework of potential estate causes of action, and Special Committee Counsel's legal conclusions and recommendations." [1] Now in order to prevent the sharing of information with the unsecured creditors, the Debtors in Possession write "setting forth, among other things, **Quinn Emmanuel's mental impressions of the** factual record developed over the course of the Investigation, the legal framework of potential estate causes of action, and Special Committee Counsel's legal conclusions and recommendations" conveniently applying legal tactics to block any attempt of visibility towards the unsecured creditors. The Creditors ask that the first report (just the factual record developed over the course of the Investigation) be shared, and Quinn Emmanuel can retain their mental impressions securely between themselves and the Debtors in Possession.

2. The Debtors in Possession state in their objection "and have not established a substantial, let alone "extraordinary" need for the disclosure of the Investigation Report. *In re Aggrenox Antitrust Lit., 2017 WL 5885664*" but if they would continue reading that ruling further, they would see the self evidence of our request being considered "crucial", let alone substantial and extraordinary, "With respect to "substantial need"—the precise meaning of which, I noted, was "not clear from the plain language of the rule," id. (quoting Boehringer II, 778 F.3d at 154)—I relied upon district court decisions from this circuit that held "[a] substantial need exists 'where the information sought is "essential" to the party's defense, **is "crucial" to the determination of whether the defendant could**

2

**be held liable for the acts alleged**, or carries great probative value on contested issues.'" Id. (quoting Gucci Am. v. Guess?, Inc., 271 F.R.D. 58, 74-75 (S.D.N.Y. 2010); Nat'l Cong. for P.R. Rights v. City of New York, 194 F.R.D. 105, 110 (S.D.N.Y. 2000))" [2] This is in addition to the Unsecured Creditors clearly stating in our original motion, views that distrust in the very legal system, and this case specifically, grows by being denied access to critical data, required to make informed decisions with our votes.

3. To be more specific in how this information is crucial to our voting decisions, the existing proposed Disclosure Statement completely ignores or glosses over the following critical questions:  Why no remedy for actions of CFO/COO?  What was responsibility of Risk Committee Members?  What was responsibility of Compliance Committee Members (chose to ignore regulatory prohibition against interest bearing instruments, ignored securing Money Transmitter license in many States)?  What was the responsibility for in house legal counsel? For all the individuals above, what level of stock/tokens did they possess and what volume/when did they sell?  Is liquidating customer accounts to Binance for $20/account in best interests for creditors or is initiating Chapter 7 liquidation with corresponding clawbacks going to provide a greater return to creditors (Madoff, liquidation with clawbacks resulted in 90% payout to creditors)?  These all classify as substantial need, with no possibility of gaining this information elsewhere.

4. The Debtors in possession cite valid and frequent rulings codifying the concepts of privileged confidentiality and opinion work product (In re Cicel (Beijing) Sci & Tech Co, In re Harwood P-G Inc, In re S.E.C, In re See Cities Service Co) where they are highlighting "privileged", "absolute protection" and "protected".  We would like to counter that while valuable to the legal system, they are not "absolute protections" and exceptions do exist and are applicable in this case.

5. We are asking for the "factual record developed" and paid for out of the Estate and Creditor recovery pool.  The privilege protects communications; [3] it does not protect

3

facts, and it is clear that facts otherwise discoverable cannot be shielded from disclosure merely by relaying them to an attorney. [4] *In re Garner v. Wolfinbarger,* Circuit Judge Godbold quotes *8 Wigmore, Evidence, § 2192,* "the privilege remains an exception to the general duty to disclose. Its benefits are all indirect and speculative; its obstruction is plain and concrete. * * * It is worth preserving for the sake of a general policy, but is nonetheless an obstacle to the investigation of the truth. It ought to be strictly confined within the narrowest possible limits, consistent with the logic of its principle." This establishes the grounds for Fiduciary Exception and obligations on the previous administrative Executives, to conduct their activity as Debtors in Possession, to the benefit of the Estate and Creditors. This new role and title, elevates the rights of the Creditors above the potential of injury to the Debtors in Possession as evidenced with Court ruling: "But in assessing management assertions of injury to the corporation it must be borne in mind that management does not manage for itself and that the beneficiaries of its action are the stockholders." With this case establishing precedence prior to the inception of digital assets, stockholders are equivalent to stakeholders, whether they are represented as true stockholders or digital asset customers.

6. Garner ruling further states: "management judgment must stand on its merits, not behind an ironclad veil of secrecy which under all circumstances preserves it from being questioned by those for whom it is, at least in part, exercised." As the Special Committee is an extension of the Debtor in Possession Board, Garner also established that outside counsel does not afford any special rights or privileges, to provide crucial documentation: "We do not consider it determinative whether the attorney consulted is corporated or house counsel, or whether his fees are paid for by the corporation or by management on its own account."

7. Garner also highlights the second exception to "absolute protection" and that is with joint attorney exception. As a Debtor in Possession, Voyager management has an absolute obligation to the Estate, which is also the entire source of remedy to the Unsecured Creditor class. This establishes a concrete, mutual relationship to any professional providing services to the estate. They represent both the Debtors in Possession and the Creditors, who have sole interest of the Estate. In Garner, the court agreed with previous ruling found in *In Pattie Lea, Inc. v. District Court, 161 Colo. 493, 423 P.2d 27 (1967)* stating: "In Pattie Lea, Inc. v. District Court, 161 Colo. 493, 423 P.2d 27 (1967) (en banc), a case strikingly similar to this one, the Supreme Court of Colorado held that the statutory privilege for communications between a certified public accountant and his corporate client did not protect the corporation from being required to disclose to its own stockholders in a good faith derivative suit brought by them against the corporation communications from the corporation to the CPA. The Colorado court relied upon the analogy of the joint attorney exception and pointed out that employment of certified public accountants by the corporation was for the benefit of all the stockholders." In our instance, the Debtors in Possession hired professionals Quinn Emmanuel for the benefit of all stockholders and creditors, invoking the joint attorney exception. Garner states: "In many situations in which the same attorney acts for two or more parties having a common interest, neither party may exercise the privilege in a subsequent controversy with the other. This is true even where the attorney acts jointly for two or more persons having no formalized business arrangement between them."

8. *Finally*, the Debtors in Possession state disclosure is premature. Nothing could be farther from the truth. The unanswered questions have everything to do with urgency and if this APA vote should be supported or denied. Voting ends in 2 weeks. Action and decisions of significant financial consequences to the creditors need to be made now, not at the leisure of the Special Committee and Debtors in Possession.

5

1. Disclosure document, page 53: Doc 863
2. IN RE AGGRENOX ANTITRUST LITIGATION THIS DOCUMENT RELATES TO: Humana, No. 3:14-cv-00572 (SRU), and Louisiana Health, No. 3:15-cv-00964 (SRU
3. See RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 68 (2000)
4. 6 See id. § 69 cmt. d

## **NOTICE**

9. The Creditors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the U.S. Trustee; (b) the Committee; ( c) the United States Attorney's Office for the Southern District of New York; (d) the Attorney General in the States where the Debtors conducted their business operations and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Creditors submit, that in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Creditors respectfully request that the Court grant the requested reliefs herein and such other relief as the Court deems appropriate under the circumstances.

Dated:  February 6th, 2023

`

**CREDITORS**

/s/ Tracy Hendershott
Tracy Hendershott
Florida, USA
tokyotracy@gmail.com


/s/ Trevor Brucker
Trevor Brucker
Minnesota, USA
TrevorBrucker@hotmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of February 2023, a true and correct copy of the foregoing **OBJECTION TO INTERIM AND FINAL FEE APPLICATION AND MOTION TO APPOINT FEE EXAMINER ON THIS MEGA BANKRUPTCY CASE** has been served via-email, as indicated in the attached Service List.

/s/ Tracy Hendershott
Tracy Hendershott
Pro Se Creditor

| Name | Email | Method of Service |
|---|---|---|
| DISTRICT OF COLUMBIA OFFICE OF THE ATTORNEY GENERAL | OAG@DC.GOV | Email |
| FRANCINE DE SOUSA C/O SISKINDS LLP | ANTHONY.OBRIEN@SISKINDS.COM<br>MICHAEL.ROBB@SISKINDS.COM<br>GARETT.HUNTER@SISKINDS.COM | Email |
| GOOGLE, LLC | COLLECTIONS@GOOGLE.COM | Email |
| OFFICE OF THE UNITED STATES TRUSTEE FOR THE SOUTHERN DIST OF NEW YORK | RICHARD.MORRISSEY@USDOJ.GOV<br>MARK.BRUH@USDOJ.GOV | Email |
| SECURITIES & EXCHANGE COMMISSION | SECBANKRUPTCY-OGC-ADO@SEC.GOV<br>BANKRUPTCYNOTICESCHR@SEC.GOV | Email |
| SECURITIES & EXCHANGE COMMISSION NEW YORK REGIONAL OFFICE | NYROBANKRUPTCY@SEC.GOV | Email |
| STATE OF ALABAMA OFFICE OF THE ATTORNEY GENERAL | CONSUMERINTEREST@ALABAMAAG.GOV | Email |
| STATE OF ALASKA OFFICE OF THE ATTORNEY GENERAL | ATTORNEY.GENERAL@ALASKA.GOV | Email |
| STATE OF ARIZONA OFFICE OF THE ATTORNEY GENERAL | AGINFO@AZAG.GOV | Email |
| STATE OF ARKANSAS OFFICE OF THE ATTORNEY GENERAL | OAG@ARKANSASAG.GOV | Email |
| STATE OF CALIFORNIA OFFICE OF THE ATTORNEY GENERAL | XAVIER.BECERRA@DOJ.CA.GOV | Email |
| STATE OF COLORADO OFFICE OF THE ATTORNEY GENERAL | CORA.REQUEST@COAG.GOV | Email |
| STATE OF CONNECTICUT OFFICE OF THE ATTORNEY GENERAL | ATTORNEY.GENERAL@CT.GOV | Email |
| STATE OF FLORIDA OFFICE OF THE ATTORNEY GENERAL | ASHLEY.MOODY@MYFLORIDALEGAL.CO | Email |
| STATE OF HAWAII OFFICE OF THE ATTORNEY GENERAL | HAWAIIAG@HAWAII.GOV | Email |
| STATE OF IDAHO OFFICE OF THE ATTORNEY GENERAL | LAWRENCE.WASDEN@AG.IDAHO.GOV<br>AGWASDEN@AG.IDAHO.GOV | Email |
| STATE OF ILLINOIS OFFICE OF THE ATTORNEY GENERAL | INFO@LISAMADIGAN.ORG | Email |
| STATE OF IOWA OFFICE OF THE ATTORNEY GENERAL | CONSUMER@AG.IOWA.GOV | Email |
| STATE OF KANSAS ATTORNEY GENERAL | DEREK.SCHMIDT@AG.KS.GOV | Email |

| | | |
|---|---|---|
| STATE OF LOUISIANA DEPT. OF JUSTICE - ATTORNEY GENERAL'S OFFICE | ADMININFO@AG.STATE.LA.US | Email |
| STATE OF MAINE OFFICE OF THE ATTORNEY GENERAL | ATTORNEY.GENERAL@MAINE.GOV | Email |
| STATE OF MARYLAND OFFICE OF THE ATTORNEY GENERAL | OAG@OAG.STATE.MD.US | Email |
| STATE OF MINNESOTA OFFICE OF THE ATTORNEY GENERAL | ATTORNEY.GENERAL@AG.STATE.MN.US | Email |
| STATE OF MISSOURI OFFICE OF THE ATTORNEY GENERAL | CONSUMER.HELP@AGO.MO.GOV | Email |
| STATE OF MONTANA OFFICE OF THE ATTORNEY GENERAL | CONTACTDOJ@MT.GOV | Email |
| STATE OF NEW HAMPSHIRE OFFICE OF THE ATTORNEY GENERAL | ATTORNEYGENERAL@DOJ.NH.GOV | Email |
| STATE OF NEW MEXICO OFFICE OF THE ATTORNEY GENERAL | HBALDERAS@NMAG.GOV | Email |
| STATE OF NORTH DAKOTA OFFICE OF THE ATTORNEY GENERAL | NDAG@ND.GOV | Email |
| STATE OF OKLAHOMA OFFICE OF THE ATTORNEY GENERAL | QUESTIONS@OAG.OK.GOV | Email |
| STATE OF OREGON OFFICE OF THE ATTORNEY GENERAL | ELLEN.ROSENBLUM@DOG.STATE.OR.US | Email |
| STATE OF RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL | AG@RIAG.RI.GOV | Email |
| STATE OF UTAH OFFICE OF THE ATTORNEY GENERAL | UAG@UTAH.GOV | Email |
| STATE OF VERMONT OFFICE OF THE ATTORNEY GENERAL | AGO.INFO@VERMONT.GOV | Email |
| STATE OF VIRGINIA OFFICE OF THE ATTORNEY GENERAL | MAIL@OAG.STATE.VA.US | Email |
| TORONTO STOCK EXCHANGE | WEBMASTER@TMX.COM | Email |
| STATE OF WEST VIRGINIA OFFICE OF THE ATTORNEY GENERAL | CONSUMER@WVAGO.GOV | Email |
| HORWOOD MARCUS & BERK CHARTERED | AHAMMER@HMBLAW.COM<br>NDELMAN@HMBLAW.COM | Email |
| METRPOLITAN COMMERCIAL BANK BALLARD SPAHR LLP | SINGERG@BALLARDSPAHR.COM | Email |
| METRPOLITAN COMMERCIAL BANK WACHTELL, LIPTON, ROSEN & KATZ | RGMASON@WLRK.COM<br>ARWOLF@WLRK.COM | Email |

|  | AKHERRING@WLRK.COM |  |
|---|---|---|
| JASON RAZNICK JAFFE RAITT HEUER & WEISS, P.C. | PHAGE@JAFFELAW.COM | Email |
| STEVE LAIRD FORSHEY & PROSTOK LLP | BFORSHEY@FORSHEYPROSTOK.COM | Email |
| ORACLE AMERICA, INC. BUCHALTER, A PROFESSIONAL CORPORA | SCHRISTIANSON@BUCHALTER.COM | Email |
| ALAMEDA RESEARCH LLC & AFFILIATES SULLIVAN & CROMWELL LLP | DIETDERICHA@SULLCROM.COM<br>GLUECKSTEINB@SULLCROM.COM<br>BELLERB@SULLCROM.COM | Email |
| VOYAGER DIGITAL HOLDINGS, INC., ET AL. KIRKLAND & ELLIS LLP KIRKLAND & ELLIS INTERNATIONAL LLP | JSUSSBERG@KIRKLAND.COM<br>CMARCUS@KIRKLAND.COM<br>CHRISTINE.OKIKE@KIRKLAND.COM<br>ALLYSON.SMITH@KIRKLAND.COM | Email |
| EMERALD OCEAN ISLE, LLC, AMANO GLOBAL HOLDINGS, INC., SHINGO LAVINE, AND ADAM LAVINE C/O GOLDSTEIN & MCCLINKOCK LLLP | MATTM@GOLDMCLAW.COM<br>HARLEYG@RESTRUCTURINGSHOP.COM<br>STEVENY@GOLDMCLAW.COM | Email |
| EMERALD OCEAN ISLE, LLC, AMANO GLOBAL HOLDINGS, INC., SHINGO LAVINE, AND ADAM LAVINE C/O LAW OFFICES OF DOUGLAS T. TABACHNIK, P.C. | DTABACHNIK@DTTLAW.COM | Email |
| MATTHEW EDWARDS C/O LIZ GEORGE AND ASSOCIATES | GEORGELAWOK@GMAIL.COM | Email |
| TEXAS STATE SECURITIES BOARD OFFICE OF THE ATTORNEY GENERAL OF TEXAS | ABIGAIL.RYAN@OAG.TEXAS.GOV<br>LAYLA.MILLIGAN@OAG.TEXAS.GOV<br>JASON.BINFORD@OAG.TEXAS.GOV | Email |
| OFFICE OF THE ATTORNEY GENERAL OF TEXAS | ROMA.DESAI@OAG.TEXAS.GOV | Email |
| OFFICE OF THE ATTORNEY GENERAL BANKRUPTCY DIVISION | AGBANKNEWYORK@AG.TN.GOV | Email |
| VERMONT DEPARTMENT OF FINANCIAL REGULATION ASSISTANT GENERAL COUNSEL | JENNIFER.ROOD@VERMONT.GOV | Email |
| ROBERT SNYDERS & LISA SNYDERS C/O JOHNSON, POPE, BOKOR, RUPPEL & BURNS, LLP | ANGELINAL@JPFIRM.COM | Email |
| MICHAEL LEGG C/O MCCARTHY, LEBIT, CRYSTAL & LIFFMAN CO. | RRK@MCCARTHYLEBIT.COM<br>NRO@MCCARTHYLEBIT.COM | Email |
| MICHAEL GENTSCH C/O BARSKI LAW PLC | CBARSKI@BARSKILAW.COM | Email |

| | | |
|---|---|---|
| ILLINOIS SECRETARY OF STATE C/O OFFICE OF THE ATTORNEY GENERAL | JOHN.REDING@ILAG.GOV | Email |
| GEORGIA DEPARTMENT OF BANKING AND FINANCE | NHOVEY@LAW.GA.GOV | Email |
| MARK CUBAN AND DALLAS BASKETBALL LIMITED, D/B/A DALLAS MAVERICKS C/O BROWN RUDNICK LLP ATTN: SIGMUND S. WISSNERGROSS ESQ. & KENNETH J. AULET | SWISSNER-GROSS@BROWNRUDNICK.COM<br>KAULET@BROWNRUDNICK.COM | Email |
| MARK CUBAN AND DALLAS BASKETBALL LIMITED D/B/A DALLAS MAVERICKS C/O BROWN RUDNICK LLP ATTN: STEPHEN A. BEST ESQ & RACHEL O. WOLKINSON, ESQ. | SBEST@BROWNRUDNICK.COM<br>RWOLKINSON@BROWNRUDNICK.COM | Email |
| ED BOLTON C/O AKERMAN LLP | ADAM.SWICK@AKERMAN.COM<br>JOHN.THOMPSON@AKERMAN.COM<br>JOANNE.GELFAND@AKERMAN.COM | Email |
| JON GIACOBBE ATTN: A. MANNY ALICANDRO | MANNY@ALICANDROLAWOFFICE.COM | Email |
| WELLS FARGO BANK, N.A. C/O ALDRIDGE PITE, LLP | GWALLACH@ALDRIDGEPITE.COM | Email |
| AD HOC GROUP OF EQUITY INTEREST HOLDERS C/O KILPATRICK TOWNSEND & STOCKTON LLP | DPOSNER@KILPATRICKTOWNSEND.COM<br>KMOYNIHAN@KILPATRICKTOWNSEND.COM<br>PROSENBLATT@KILPATRICKTOWNSEND.COM | Email |
| PIERCE ROBERTSON C/O PACHULSKI STANG ZIEHL & JONES LLP | RPACHULSKI@PSZJLAW.COM<br>AKORNFELD@PSZJLAW.COM<br>DGRASSGREEN@PSZJLAW.COM<br>JROSELL@PSZJLAW.COM | Email |
| STATE OF WASHINGTON OFFICE OF ATTORNEY GENERAL | STEPHEN.MANNING@ATG.WA.GOV | Email |
| MARCUM LLP MINTZ & GOLD LLP | GOTTESMAN@MINTZANDGOLD.COM | Email |
| U.S. SECURITIES & EXCHANGE COMMISSION | SCHEUERT@SEC.GOV | Email |
| NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES CONSUMER PROTECTION AND FINANCIAL ENFORCEMENT | KEVIN.PUVALOWSKI@DFS.NY.GOV<br>LINDA.DONAHUE@DFS.NY.GOV<br>JASON.STJOHN@DFS.NY.GOV | Email |
| NEW JERSEY BUREAU OF SECURITIES | VSHEA@MDMC-LAW.COM<br>NLEONARD@MDMC-LAW.COM | Email |
| NEW JERSEY BUREAU OF SECURITIES | | Email |

| USIO, INC. PULMAN, CAPPUCCIO & PULLEN, LLP | RPULMAN@PULMANLAW.COM | Email |
|---|---|---|
| BAM TRADING SERVICES INC. D/B/A BINANCE.US LATHAM & WATKINS | ADAM.GOLDBERG@LW.COM<br>NACIF.TAOUSSE@LW.COM<br>JON.WEICHSELBAUM@LW.COM<br>ANDREW.SORKIN@LW.COM | Email |
| ATTORNEY FOR THE STATES OF ALABAMA, ARKANSAS, CALIFORNIA, DISTRICT OF COLUMBIA, HAWAII, MAINE, NORTH DAKOTA, OKLAHOMA, AND SOUTH C/O NATIONAL ASSOCIATION OF ATTORNEYS GENERAL | KCORDRY@NAAG.ORG | Email |
| USIO, INC. & FICENTIVE, INC. RUSKIN MOSCOU FALTISCHEK, P.C. | SGIUGLIANO@RMFPC.COM | Email |
| CELSIUS NETWORK LLC AKIN GUMP STRAUSS HAUER & FELD, L.L.P. | MHURLEY@AKINGUMP.COM<br>DCHAPMAN@AKINGUMP.COM | Email |
| VOYAGER DIGITAL HOLDINGS, INC., ET AL. PAUL HASTINGS LLP | JONCANFIELD@PAULHASTINGS.COM<br>MATTMURPHY@PAULHASTINGS.COM<br>MICHAELCWHALEN@PAULHASTINGS.COM | Email |

13