To the Honorable Judge Wiles,

OBJECTION AND RESPONSE TO REPLY OF QUINN EMANUEL TO THE OBJECTION TO INTERIM AND FINAL FEE APPLICATION AND MOTION TO APPOINT FEE EXAMINERS

At the outset, the Voyager Pro Se Creditors acknowledge the difficult challenges facing the Debtors and the Committees (defined below) over the course of these cases. But even in large, complex cases, professionals are expected to maintain the same billing judgment and efficiency that they would in any other chapter 11 case. Under 11 U.S.C. § 330, professionals should ensure that they only bill for services and expenses that are "reasonable," "necessary," and "beneficial" to the client; that they exercise billing judgment that is comparable to what would be expected of them by a client outside of bankruptcy; and that their requests for fees and expenses are consistent with all applicable fee guidelines and orders.

Pro Se Creditors has identified several major areas of concern based on our review of the Interim Applications. The Interim Applications reflect numerous instances of questionable billing judgment and overstaffing, and in some instances, professionals appear to have simply disregarded the Local Guidelines, as set forth below.

## LEGAL STANDARDS

I. Reasonableness of Fees

Bankruptcy Code Section 330(a)(1) provides that:

After notice to the parties in interest and the United States trustee and a hearing, and subject to section 326, 328, and 329, the court may award to a trustee, ... an examiner, ... or a professional person employed under section 327 or 1103 – (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, ... or attorney and by any paraprofessional person employed by any such person; and (B) reimbursement for actual, necessary expenses. 11 U.S.C. § 330(a)(1)(A) and (B). Section 330 of the Bankruptcy Code focuses on reasonableness and benefit to the estate of the professionals' services. In re Lederman Enter., Inc., 997 F.2d 1321, 1323 (10 th Cir. 1993); In re Fibermark, Inc., 349 B.R. 385, 396 (Bankr. Vt. 2006). Accordingly, an application for compensation and reimbursement of expenses must demonstrate that the professional's services were necessary and conferred a benefit to the estate or its creditors. In re Engel, 124 F.3d 567, 573 (3d Cir. (1997) (citing In re Arkansas Co., Inc. 798 F.2d 645, 650 (3d Cir. 1986) (other citation omitted))

Each applicant bears the burden of proof in all fee matters. In re Northwest Airlines Corp., 400 B.R. 393, 398 (Bankr. S.D.N.Y. 2009) (citing In re Keene Corp., 205 B.R. 690, 695 (Bankr. S.D.N.Y. 1997)); In re JLM, Inc., 210 B.R. 19, 24 (B.A.P. 2d Cir. 1997). The failure of an applicant to sustain the burden of proof as to the reasonableness of the compensation may result in the denial of the request for compensation. In re Beverly Mfg. Corp., 841 F.2d 365 (11th Cir. 1988).

The Court has an independent burden to review fee applications "lest overreaching ... professionals drain [the estate] of wealth which by right should inure to the benefit of unsecured creditors." Keene Corp., 205 B.R. at 695 (quoting In re Busy Beaver Bldg. Ctrs., Inc., 19 F.3d 833, 844 (3d Cir. 1994)). Under Section 330 of the Bankruptcy Code, the Bankruptcy Court has the authority to reduce fees or expenses when they are disproportionate to the benefit to the estate, even if it already has approved the professional's retention under Sections 327 and 328 of the Bankruptcy Code. In re Taxman Clothing Co., 49 F.3d 310, 316 (7th Cir. 1995); see also Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc., 50 F.3d 253, 262-63 (3d Cir. 1995) (affirming lower courts' denial of improperly documented and inadequately detailed expenses)

II. Actual and Necessary Expenses

Under Section 330(a)(1)(B) of the Bankruptcy Code, only documented expenses that are actual and necessary are reimbursable. 11 U.S.C. § 330(a)(1)(B). Professionals must "furnish enough specificity for the Court to establish whether a given expense was both actual and necessary." In re Korea Chosun Daily Times, Inc., 337 B.R. 758, 769 (Bankr. E.D.N.Y. 2005) (quoting In re S.T.N. Enters., Inc., 70 B.R. 823, 834 (Bankr. D. Vt. 1987)). Expenses are "actual" if they are incurred and not based on a formula or pro rata calculation. In re Bennett Funding Group, Inc., 213 B.R. 234, 244 (Bankr. N.D.N.Y. 1997). Expenses are "necessary" if they were "reasonably needed to accomplish proper representation of the client." In re American Preferred Prescription, Inc., 218 B.R. 680, 686-87 (Bankr. E.D.N.Y. 1998).

## OBJECTIONS AND RESPONSES

A. Debtors' Professionals

**QUINN EMANUEL URQUHART & SULIVAN**

**Specific Objections**

A. Block billing: Block billing, also known as "lumping," is the practice of using a single time entry, or a single segment of a time entry, to describe two or more discrete tasks without specifying the total time spent on each task. Block billing is often objectionable because it prevents a reviewer from accurately evaluating the efficiency and necessity of the timekeeper's work and because it raises questions about whether time has been recorded contemporaneously and accurately. See Robinson v. City of Edmund, 160 F.3d 1275 (10th Cir. 1998). Block billing may occur when a timekeeper combines the time for a task and related correspondence or discussions about the task, when a time entry combines multiple communications, or when a timekeeper combines time for preparation for an activity with the activity itself, without specifying how much time was spent on each.

Many such cases of block billing occurred.

8/11: Call with UCC and debtor re background on staking and business model; review notes re call with regulatory counsel; edit memo re same; review Florida lawsuit; call BRG re losses to date and potential returns to customers (4.4)

8/21: review docs and assist drafting master interview outline and email with team members regarding master outline questions and regarding drafting master outline narrative (7.0)
9/22: Prepare and attend Spcecial committe call(1.30)

9/15 Tcnf w/ QE team re catch-up call concerning potential claims, next steps; review docs, emails re potential claims relating to intercompany transactions. (1.7)

9/12: Prepare for and attend internal interview of S. Ehrlich (10.4)

9/13 - PREPARE FOR AND ATTEND INTERVIEW OF E.PSAROPOULOUS (7.5) 10/10- PREPARE FOR AND ATTEND CALL WITH SPECIAL COMMITTEE (.9)

8/31- Prepare for witness interviews; interview J. Brosnahan (7.8)

8/31- Prepare for and attend interviews of Brosnahan and Silard (9.9)

9/7: Voyager interviews Ryan Whooley
and post-interview team discussions (8.5).

Vague entries: A vague entry is a fee entry that does not contain sufficient detail for a reviewer to assess the reasonableness, necessity, or benefit to the client of the fee. Fees may be objectionable if they do not identify the subject of the task performed: thus, entries such as "discuss research" or "review draft motion" may be objectionable to the extent that they do not identify the specific issue, pleading, or document being worked on. Similarly, fees may be objectionable if they contain terms such as "attention to" or "work on" without explaining the exact type of work being performed by the timekeeper. Fee entries which describe correspondence, meetings, or other communications also may be objectionable if they do not identify the other parties to those communications. Finally, vague entries may be appropriate where the combined time value of the tasks is de minimis, the United States Trustee may object to block billing in longer time segments or entries.

Here, the Applicant's Final Application contains many instances of vague entries. For example, the following fee entries or segments do not adequately describe the subject of the task being performed: 7/25: Review documents (1.2)

8/2: DOCUMENT REVIEW (8.7)

8/5: DOCUMENT REVIEW (2.3 HOURS)

8/5: REVIEW DOCUMENT REVIEW WITH [other timekeeper], AND PLAN FOR THE DAY (.5)

8/7: REVIEW PRODUCED DOCUMENTS (12.1 HOURS)

8/8: DOCUMENT REVIEW (5.8 HOURS)

8/10: DOCUMENT REVIEW (7.3 HOURS)

8/11: DOCUMENT REVIEW (6.4 HOURS)

8/12: DOCUMENT REVIEW (8.8 HOURS)

8/16: DOCUMENT REVIEW (10.1)

8/17: REVIEW DOCUMENTS AND PREPARE INTERVIEW BINDERS (8.5)

8/21: REVIEW CORPORATE DOCUMENTS (2.4 HOURS)

8/25: DOCUMENT REVIEW (3.8 HOURS)

8/26: REVIEW DOCUMENT PRODUCTION (10.6)

8/26: REVIEW DOCUMENTS AND DRAFT/EDIT INTERVIEW QUESTIONS 8/290:

9/3: REVIEW PRODUCED DOCUMENTS IN PREPARATION FOR INTERVIEWS

9/3: REVIEW PRODUCED DOCUMENTS (6.8)

9/8: REVIEW PRODUCED DOCUMENTS (12.8)

10/1: REVIEW AND REVISE REPORT (5.4)

10/6: REVIEW AND REVISE REPORT (7.1)

10/8: REVIEW PRODUCED DOCUMENTS

10/9: REVIEW PRODUCED DOCUMENTS

10/10: REVIEW PRODUCED DOCUMENTS

10/12: REVIEW AND ANALYZE PRODUCED DOCUMENTS

Additionally, the following fee entries or segments are examples of the Applicant's fee entries that do not adequately describe the task being performed:

8/25: LEGAL RESEARCH ON MONEY (6.2)

7/27: Prepare work plan memo (6.1); review and revise memo (1.3); correspondence with client rework plan (.3); document review (3.2)

7/28: Review and revise proposed order (1.1); review and revise supplemental RFPs (1.6); Document review (3.6).

8/3: Revise discovery requests to Company (1.80)

8/4: Review documents (.2); call with client re updates, pending issues, and work plan going forward (2.0).

9/12: Prepare summary notes of interviews (7.1); document review (2.3).

9/12: Prepare and index materials for upcoming witness interviews (2.4)


Applicant's fee entries that do not identify the parties to communications:

10/9: REVIEW AND REVISE SLIDES (.5); PREPARE LETTER (3.9)

10/25: PREPARE LETTER (2.1); PREPARE PRESENTATION (2.7)

10/26: PREPARE LETTER (3.5); REVIEW AND REVISE LETTER (.8); PREPARE POWERPOINT (2.9)

10/27: PREPARE DECLARATION (4.5)

10/28: PREPARE DECLARATION (3.8)

10/31: REVIEW AND REVISE DECLARATION (4.6)


Finally, the Final Application contains numerous instances of boilerplate entries or repeated language to describe a timekeeper's work. For example, there are at least 3 entries by the same timekeepers, each at least an hour in length, described simply as "Review produced documents in preparatrion for interviews." Similarly, one of the Applicant's timekeepers billed for "Prepare documents for review per request [Professional]

8/27 Review produced documents in preparation for interviews. (1.5) $2655

8/28 Review produced documents in preparation for interviews. (1.6) $2832

8/29 Review produced documents in preparation for interviews. (3.5) $6195

-----------------------------------------------------------

8/29- Prepare and index witness materials for upcoming interviews (11.8)

8/30- Prepare witness materials for upcoming interviews (3.1)

8/31- Prepare witness materials for upcoming interviews (1.5)

----------------------------------------------------------------

09/09/22 Prepare documents for review per request from Meredith Mandell.(2.0)

09/12/22 Prepare documents for review per request from Joanna Caytas.(2.0)

09/14/22- Prepare documents for review per request from Joanna Caytas. (2.0)

09/22/22- Prepare documents for review per request from Joanna Caytas. (2.0)

09/06/22- Prepare documents for review per request from Kate Scherling (2.0)

--------------------------------------------------------------------

9/25- Edit draft report (2.3)

9/26- Edit draft report (.6)

9/28- Edit draft report (1.4)

**NOTICE**

The Creditors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the U.S. Trustee; (b) the Committee; ( c) the United States Attorney's Office for the Southern District of New York; (d) the Attorney General in the States where the Debtors conducted their business operations and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Creditors submit, that in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Creditors respectfully request that the Court grant the requested reliefs herein and such other relief as the Court deems appropriate under the circumstances.

Dated:  February 6th, 2023                                           **CREDITORS**

/s/ Seth Jones
Seth Jones
Florida, USA

—

/s/ Trevor Brucker
Trevor Brucker
Minnesota, USA