Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | Case No. 22-10943 (MEW) |
| Debtors. | (Jointly Administered) |

**DEBTORS' OMNIBUS OBJECTION TO**
**CERTAIN MOTIONS SET FOR HEARING ON FEBRUARY 22, 2023**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this omnibus objection (this "Objection") to the *Motion for Auditing of Balance Sheets and Financial Oversight* [Docket No. 922] (the "Auditing Motion"), the *Amended Motion for Subpoena in U.S. Bankruptcy Court* [Docket No. 940] (the "Subpoena Motion"), the statement alleging that *Filing Unaudited Balance Sheets in Bankruptcy is Illegal* [Docket No. 942] (the "Supporting Statement"), and the *Motion to Compel the Debtors to File a Statement of Financial Affairs* [Docket No. 945] (the "SOFA Motion," and together with the Auditing Motion, the Subpoena Motion, and the Supporting Statement, the "Motions"), each filed by *pro se* creditor Alah Shehadeh.  In support of this Objection, the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

KE 94110713

**Relief Requested**

1.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), denying the Motions with prejudice.

**Jurisdiction and Venue**

2.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012.  The Debtors confirm their consent to the Court entering a final order in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      Notice of this Objection has been provided in accordance with the requirements set forth in rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

**Background**

5.      On July 5, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the Declaration of Stephen Ehrlich, Chief Executive Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions [Docket No. 15] (the "First Day Declaration"), incorporated by reference herein.[2]

---

[2]     Capitalized terms not defined herein shall have the meanings ascribed to such terms in the First Day Declaration or the Debtors' *Third Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan") [Docket No. 852], as applicable.

2

6.  The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 18]. On July 19, 2022, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 102] (the "Committee").

**Objection**

7.  The Debtors have gone to great lengths in these chapter 11 cases to provide creditors, the Committee, and the Special Committee with information regarding the Debtors' business activities and continue to fully comply with their duties and obligations as debtors-in-possession. Beyond complying with the requirements of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and U.S. Trustee Guidelines (each as defined herein), the Debtors provided creditors with *notice* (via service) of their compliance. *See, e.g.*, Docket Nos. 362, 449, 574, 600, 665, 683, 735, 750, 752, and 828. The Motions blatantly ignore the Debtors' efforts and communications and instead generally allege that the Debtors disenfranchised creditors in these chapter 11 cases by either failing to provide creditors with adequate disclosure, failing to comply with the Bankruptcy Code, or committing acts of financial impropriety that necessitate third-party oversight. Such assertions are baseless, inflammatory, and unequivocally false.

8.  By this Objection, the Debtors are not seeking relief from their obligations under the Bankruptcy Code. Instead, the Debtors file this Objection to affirm the disclosure they have provided to date and address Mr. Shehadeh's accusations. The Debtors are more than willing to engage, and in fact have engaged, with creditors to provide them with the information necessary to cast their vote on the Plan. But the Motions submit requests that (a) the Debtors have already provided or (b) are outside the scope of the Debtors' statutory disclosure requirements and would

3

put an undue burden on the Debtors and their estates. Accordingly, for the reasons set forth herein, the Debtors respectfully request that the Court sustain this Objection.

**I.      The SOFA Motion and the Supporting Statement Should be Denied.**

9.      The SOFA Motion and the Supporting Statement, collectively, allege (a) that the Debtors failed to comply with the requirement and deadline for filing a statement of financial affairs, SOFA Motion, ¶¶ 1–2, (b) the Debtors illegally filed an unaudited balance sheet, Supporting Statement ¶ 1, 4, and (c) that an unaudited balance sheet violates the Bankruptcy Code's requirement of full and fair disclosure, Supporting Statement ¶ 2. These assertions are false.

**A.      The Debtors Filed Their Schedules and SOFAs and MORs.**

10.      Title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") require that a debtor file certain schedules, statements, and other relevant financial documents. *See* Bankruptcy Code § 521(a)(1); Bankruptcy Rule 1007(b). Bankruptcy Rule 1007(b) sets forth the specific requirements and parameters for such documents, including, among other things, the type of financial information that must be disclosed and the relevant timelines for such disclosure. Specifically, Bankruptcy Rule 1007(b)(1) requires that a debtors' schedules and statements are prepared "as prescribed by the appropriate Official Forms, if any." *Id*. Bankruptcy Rule 1007 mandates the use of Official Forms 206 and 207, which can be found on the U.S. Court's website[3] and are the forms pursuant to which a debtor submits its schedules and statements, respectively.

---

[3]    The United States Courts maintains a bankruptcy forms page on its website, which can be found at https://www.uscourts.gov/forms/bankruptcy-forms.

4

11. The Debtors have fully complied with the financial disclosure requirements under the Bankruptcy Code and Bankruptcy Rules. On July 8, 2022 the Court entered the *Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases, Statements of Financial Affairs, and Rule 2015.3 Financial Reports, (II) Waiving Requirements to File List of Equity Holders, and (III) Granting Related Relief* [Docket. No. 59], extending the time by which the Debtors had to submit their initial schedules and statements of financial affairs to August 18, 2022. On August 18, 2022, the Debtors filed the *Schedules of Assets and Liabilities of Voyager Digital Ltd. (Case No. 22-10944)* [Docket No. 6], *Schedules of Assets and Liabilities of Voyager Digital, LLC (Case No. 22-10945)* [Docket No. 7], and *Schedules of Assets and Liabilities of Voyager Digital Holdings, Inc. (Case No. 22-10943)* [Docket No. 311] (as modified, amended, or supplemented, the "<u>Schedules</u>") and the *Statement of Financial Affairs of Voyager Digital, LLC (Case No. 22-10945)* [Docket No. 8], *Statement of Financial Affairs of Voyager Digital Ltd. (Case No. 22-10944)* [Docket No. 7], and *Statement of Financial Affairs of Voyager Digital Holdings, Inc. (Case No. 22-10943)* [Docket No. 312] (as modified, amended, or supplemented, the "<u>SOFAs</u>"). The Debtors have since filed several amended Schedules and SOFAs as additional financial information has become available, including (a) on August 22, 2022, the *Schedules of Assets and Liabilities of Voyager Digital Ltd. (Case No. 22-10944)* [Docket No. 8], *Schedules of Assets and Liabilities of Voyager Digital, LLC (Case No. 22-10945)* [Docket No. 9], and *Schedules of Assets and Liabilities of Voyager Digital Holdings, Inc. (Case No. 22-10943)* [Docket No. 321], (b) on September 15, 2022, the *Amended Schedules of Assets and Liabilities of Voyager Digital Ltd. (Case No. 22-10944)* [Docket No. 9], *Amended Schedules of Assets and Liabilities of Voyager Digital, LLC (Case No. 22-10945)* [Docket No. 10], and *Amended Schedules of Assets and*

5

*Liabilities of Voyager Digital Holdings, Inc. (Case No. 22-10943)* [Docket No. 429] and the *Amended Statement of Financial Affairs of Voyager Digital, LLC (Case No. 22-10945)* [Docket No. 11] and *Amended Statement of Financial Affairs of Voyager Digital Holdings, Inc. (Case No. 22-10943)* [Docket No. 430], and (c) on November 18, 2022, the *Second Amended Schedules of Assets and Liabilities of Voyager Digital, LLC (Case No. 22-10945)* [Docket No. 18]. The SOFAs and Schedules contain all the financial information required by Bankruptcy Code and Bankruptcy Rules. Accordingly, the SOFAs Motion, which incorrectly asserts that the Debtors have not filed their SOFAs and requests the Debtors do so, is moot and should be overruled.

12. Additionally, chapter 11 debtors are subject to further disclosure requirements pursuant to the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees* (the "U.S. Trustee Guidelines"), including the requirement that a debtor file monthly operating reports ("MORs"), which show, among other things, a debtor's cash receipts and disbursements, balance sheet, and bank accounts on a monthly basis. *See* U.S. Trustee Guidelines, ¶ 9. The MORs must be filed in accordance with official forms as set forth by the U.S. Trustee Guidelines. *See id*. The Debtors have submitted each monthly MOR, using the official forms, since the outset of these chapter 11 cases. *In re Voyager Digital Holdings, Inc.*, Case No. 22-10943 (MEW) [Docket Nos. 357, 432, 543, 645, 739, and 874]; *In re Voyager Digital Ltd.,* Case No. 22-10944 [Docket Nos. 10, 12, 13, 14, 17, and 19]; *In re Voyager Digital, LLC,* Case No. 22-10945 [Docket Nos. 12, 14, 15, 17, 20, and 22].

### B. The Debtors Are Not Required to File Audited SOFAs.

13. The Supporting Statement demands that the Debtors submit audited SOFAs because filing unaudited balance sheets is "illegal." Supporting Statement ¶ 1, 4. The Supporting Statement should be denied.

6

14.     ***First***, filing unaudited balance sheets is not illegal. There is no requirement in the Bankruptcy Code, Bankruptcy Rules, or the U.S. Trustee Guidelines that the Debtors' financial documents must be audited. On the contrary, it is typical for chapter 11 debtors to include unaudited statements in their SOFAs. *See In re Aegean Marine Petroleum Network Inc.*, Case No. 18–13374 (MEW) (Bankr. S.D.N.Y. Jan. 2, 2019) [Docket No. 263] (stating that the debtors' schedules and statements contain unaudited information and were not prepared in accordance with Generally Accepted Accounting Principles); *In re Barneys New York, Inc.*, Case No. 19– 36300 (CGM) (Bankr. S.D.N.Y. Sept. 17, 2019) [Docket No. 262] (same); *In re Cenevo, Inc.*, Case No. 18-22178 (RDD) (Bankr. S.D.N.Y. Apr. 24, 2018) [Docket No. 323] (same); *In re Nine West Holdings, Inc.*, Case No. 18–10947 (SCC) (Bankr. S.D.N.Y. May 22, 2018) [Docket No. 297] (same); *In re Sabine Oil & Gas Corp.*, Case No. 15-11835 (SCC) (Bankr. S.D.N.Y. Oct. 14, 2015) [Docket No. 414] (same).

15.     ***Second***, the Supporting Statement states that the SOFAs "must provide a comprehensive overview of the debtor's financial history and transactions and must be filed under penalty of perjury" and that the Bankruptcy Code requires "full and complete disclosure." Supporting Statement ¶ 1. The SOFAs provide precisely that. Courts recognize that the purpose of a debtor's schedules is to ensure "adequate information is available for the debtor's creditors without the need for investigation to determine whether all the information provided in the schedules and SOFAs is true" and that schedules are therefore required to disclose "completely and accurately." *In re Wells*, 426 B.R. 579, 599 (Bankr. N.D. Tex. May 4, 2006). A court will look to the adequacy of disclosure in a debtor's schedules "under the circumstances." *In re Leone*, 463 B.R. 229, 244 (Bankr. N.D.N.Y. Dec. 9, 2011) (discussing adequacy of information in the context of a motion to discharge under section 727 of chapter 7). Additionally, in chapter 11 cases,

7

a debtor's requirement to timely and properly file all schedules and other reports is independently monitored by the United States Trustee, in compliance with the United States Trustee's own duties to supervise the case. 28 U.S.C. § 586(a)(3)(D) ("Each United States trustee, within the region for which such United States trustee is appointed, shall . . . supervise the administration of cases and trustees in cases. . . by, whenever the United States trustee considers it to be appropriate . . . taking such action as the United States trustee deems to be appropriate to ensure that all reports, schedules, and fees required to be filed under title 11 . . . by the debtor are properly and timely filed.").

16.  The Supporting Statement does not assert that any information contained in the SOFAs is untrue or incomplete. No party, including the United States Trustee in its independent role, has raised a concern about the Debtors' SOFAs to date. Blanket assertions of potential inaccuracy are insufficient to justify filing audited SOFAs and contravening established case law in the process.

17.  The Supporting Statement and the SOFA Motion cite to *Grogan v. Garner*, 498 U.S. 279 (1991) as holding that the Bankruptcy Code "requires complete disclosure of the debtor's financial affairs in order to preserve the integrity of the bankruptcy process and to ensure that creditors receive fair treatment." Supporting Statement ¶ 3; SOFA Motion ¶ 3. This quote is not found in either the court's opinion in *Grogan v. Garner*, 498 U.S. 279 (1991) or *Grogan v. Garner*, 806 F.2d 829, 839 (8th Cir. 1986). *Grogan* also addressed a specific issue regarding the "actual fraud" exemption for discharge pursuant to 11 U.S.C. 523(a), and does not appear to have anything to do with filing unaudited schedules. The more applicable test for "adequate disclosure" under the Bankruptcy Code is the test for adequacy of information in the Disclosure Statement under section 1125 of the Bankruptcy Code. 1125(a)(1) requires information "of a kind and in sufficient detail that would enable a hypothetical investor of the relevant class to

make an informed judgment about the plan." 11 U.S.C. § 1125(a)(1). The Debtors explicitly refer to their SOFAs and Schedules in the *Debtors' Second Amended Disclosure Statement Relating to the Third Amended Joint Plan of Voyager Digital Holdings, Inc and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 420], which was conditionally approved by this Court as containing adequate information in the *Order Scheduling a Combined Disclosure Statement Approval and Plan Confirmation Hearing, (II) Conditionally Approving the Adequacy of the Debtors' Disclosure Statement, (III) Approving (A) Procedures for Solicitation, (B) Forms of Ballots and Notices, (C) Procedures for Tabulation of Votes, and (D) Procedures for Objections* [Docket No. 861]. This further supports the adequacy of the SOFAs and Schedules—without sufficient historical and financial information to make an informed decision about voting on the plan, a court may refuse to approve a disclosure statement. *See, e.g., In re Stokes*, 2009 WL 3062314, at *20 (Bankr. D. Mont. Sept. 21, 2009) (finding inadequate information because the disclosure statement contained no historical or current financial information where a debtor did not file schedules or otherwise discuss its financial information in the disclosure statement).

18.    ***Third***, requiring the Debtors to audit each of their financial documents would be costly and time consuming. The Debtors would be required to hire additional professionals, or alternatively to expand the scope of employment for current professionals, to complete the audit. Additionally, due to the size and volume of the Debtors' business and financial statements, any such auditing process would delay the case significantly, increasing administrative expenses to the detriment of customer recoveries. The retention of additional professionals to refile schedules of financial affairs that already comply with the Bankruptcy Code would only waste estate resources.

9

19. The Debtors embrace the need for a transparent process and have worked diligently to ensure that they are complying with the Bankruptcy Code, the Bankruptcy Rules, and the U.S. Trustee Guidelines. However, the Debtors are not required to audit their financial statements and engaging in an audit now would be an unjustifiable and unnecessary estate expense. The purpose of the disclosure requirements under the Bankruptcy Code, the Bankruptcy Rules, and the U.S. Trustee Guidelines is to provide the Debtors' stakeholders, including their customers, with transparency into the affairs of the Debtors—requirements that the Debtors have undoubtedly already satisfied.

## II.    The Auditing Motion Should Be Denied.

20. The Auditing Motion makes a number of baseless assertions regarding the Debtors' postpetition activity. For the reasons set forth herein, the Auditing Motion should be denied.

21. As an initial matter, the Auditing Motion indirectly asserts that the Debtors' postpetition MORs are deficient. Auditing Motion ¶ 1. The Auditing Motion provides no evidence for these assertions.

22. A party challenging the information reported from a debtor's books and records must show that the "(1) Debtor made a statement under oath, (2) the statement was false, (3) Debtor knew the statement was false, (4) Debtor made the statement with fraudulent intent, and (5) the statement related materially to the Debtors' bankruptcy case." *Sears v. Sears*, 542 B.R. 463, 477 (D. Neb. Sept. 21, 2015) (citing section 727(a)(4)(A) of the Bankruptcy Code, and recognizing that the same test can apply to a chapter 11 debtor under section 1141(d)(3) of the Bankruptcy Code). Baselessly labeling certain of the Debtors' employees as a "criminal" is not evidence—the Auditing Motion fails to provide *any* support to the blank assertions that the Debtors' financial statements are inaccurate. The Auditing Motion cites, without explanation, to *Billy v. Arthur Young and Co.*, 3 Cal. 4th 370 (Cal. 1992), Auditing Motion ¶ 2, a case which discusses the scope

and applicability of an auditor's duty of care owed to persons other than the accountant's client for tort liability, without any reference to whether an auditor is or should be necessary during bankruptcy proceedings. The Debtors submit that their SOFAs, Schedules, MORs, and any other financial statements filed in these chapter 11 cases are a true and accurate reflection of the Debtors' books and records and are made under penalty of perjury.

23. Further, the Auditing Motion alleges certain issues with the Debtors' postpetition spending, including payment of executives, payment for software and infrastructure, and a certain transfer of MATIC from the Debtors' bank account. Auditing Motion ¶¶ 5–8. The Debtors' postpetition spending is reasonable, necessary, and compliant with Bankruptcy Code, Bankruptcy Rules, and orders of the Court. *First*, all payments to any employee of the Debtors comply with the orders previously entered by the Court.[4] Accordingly, the payments reflected to employees in the MORs are permissible. *Second*, while the Debtors do not currently maintain an active trading platform, the Debtors must continue to ensure the safety and protection of their cryptocurrency, which requires ongoing security and other operational expenses. Such costs are necessary to keep the Debtors' cryptocurrency secure until such assets can be distributed to account holders pursuant to the Plan. *Third*, the Debtors transferred certain of their MATIC holdings from Fireblocks to a custody account at Coinbase for the purpose of staking, which this Court authorized under the *Order Authorizing the Debtors to Honor Withdrawals from the MC FBO Accounts, Liquidate Cryptocurrency from Customer Accounts with a Negative Balance, Sweep Cash Held in Third-Party Exchanges, Conduct Ordinary Course Reconciliation to Customer Accounts, and*

---

[4] The Debtors are paying employees in accordance with the *Final Order (I) Authorizing the Debtors to (A) Pay Prepetition Employee Wages, Salaries, Other Compensation, and reimbursable Expenses and (B) Continue Employee Benefits Programs and (II) Granting Related Relief* [Docket No. 233], entered on August 4, 2022, and the *Order (I) Approving the Debtors' Key Employee Retention Plan and (II) Granting Related Relief* [Docket No. 345], entered on August 25, 2022.

*Continue Staking Cryptocurrency, and Granting Related Relief* (the "FBO Order") [Docket No. 247], subject to the terms and conditions therein. In accordance with the FBO Order, the transfer was approved by the Committee as a permissible staking transaction prior to being undertaken by the Debtors.

24. For the foregoing reasons, the Debtors respectfully request that the Court deny the Motions.

### III. The Subpoena Motion Should be Denied.

25. The Subpoena Motion seeks that the Court issue a subpoena compelling full disclosure of financial activity between the executives of Voyager Digital, debtors, and creditors in order to provide "a clear and accurate picture of a debtor's financial affairs in order to make informed decisions that protect the rights of all parties in interest." Subpoena Motion, ¶ 1–2. The Subpoena Motion also requests that the Court require the Debtors to provide an audited balance sheet.

26. As mentioned above, on August 18, 2022, each of the Debtors filed its Schedules and SOFAs, and on August 18, 2022, September 15, 2022, and November 18, 2022, the Debtors filed several amended SOFAs and Schedules.

27. The Debtors' SOFAs and Schedules reflect the financial affairs of the Debtors, including the obligations owed to their creditors as of the Petition Date, and were completed in full compliance with applicable requirements. Additionally, the Debtors submit MORs in compliance with the U.S. Trustee Guidelines to ensure ongoing disclosure throughout these chapter 11 cases. As the Debtors are already in full compliance with the Bankruptcy Code, Bankruptcy Rules, and U.S. Trustee Guidelines, granting the relief requested in the Subpoena Motion will not provide customers with any new information and will only serve to increase

administrative expenses and reduce customer recoveries. Accordingly, the Subpoena Motion should be overruled.

## Reservation of Rights

28. Nothing contained in this Objection or any actions taken pursuant to any order granting the relief requested by this Objection is intended or should be construed as (a) an admission as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law, or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Objection are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

## Notice

29. The Debtors will provide notice of this Objection to the following parties and/or their respective counsel, as applicable: (a) the U.S. Trustee; (b) the Committee; (c) the lender under the Debtors' prepetition loan facility; (d) the United States Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service; (f) the Toronto Stock Exchange; (g) the attorneys general in the states where the Debtors conduct their business operations; (h) Alah Shehadeh; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

30. No prior request for the relief sought in this Objection has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

| | |
|---|---|
| Dated:  February 15, 2023<br>New York, New York | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>Christopher Marcus, P.C.<br>Christine A. Okike, P.C.<br>Allyson B. Smith (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:  (212) 446-4800<br>Facsimile:  (212) 446-4900<br>Email:  jsussberg@kirkland.com<br>       cmarcus@kirkland.com<br>       christine.okike@kirkland.com<br>       allyson.smith@kirkland.com<br><br>*Counsel to the Debtors and Debtors in Possession* |

**Exhibit A**

**Objection Order**

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**ORDER GRANTING DEBTORS' OMNIBUS OBJECTIONS
TO CERTAIN MOTIONS SET FOR HEARING ON FEBRUARY 22, 2023**

Upon the objection (the "Objection")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") overruling the Motions filed at Docket Nos. 922, 940, 942, and 945, all as more fully set forth in the Objection; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2022; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' have provided adequate and appropriate notice of the Objection under the circumstances; and this Court having reviewed the Objection and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Objection and at the Hearing, if any, establish just cause for the relief granted herein; and upon all

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital, Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Objection.

of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Objection is granted as set forth herein and the Motions are overruled.

2. Any response to the Objection not otherwise withdrawn, resolved, or adjourned is hereby overruled on its merits with prejudice.

3. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Objection.

4. Notice of the Objection as provided therein, shall be deemed good and sufficient notice of the Objection, and the requirements set forth in rule 9013-1(b) of the Local Rules are satisfied.

5. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2023

                                            THE HONORABLE MICHAEL E. WILES
                                            UNITED STATES BANKRUPTCY JUDGE