**Hearing Date: March 2, 2023 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: February 23, 2023 at 4:00 p.m. (prevailing Eastern Time)**

**MCDERMOTT WILL & EMERY LLP**
Darren Azman
Joseph B. Evans
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

**MCDERMOTT WILL & EMERY LLP**
Charles R. Gibbs (admitted *pro hac vice*)
Grayson Williams (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201-1664
Telephone: (214) 295-8000
Facsimile: (972) 232-3098

**MCDERMOTT WILL & EMERY LLP**
Gregg Steinman (admitted *pro hac vice*)
333 SE 2nd Avenue, Suite 4500
Miami, FL 33131-2184
Telephone: (305) 329-4473
Facsimile: (305) 503-8805

*Counsel to the Official Committee of*
*Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF M3 ADVISORY PARTNERS, LP AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF VOYAGER DIGITAL HOLDINGS, INC., *ET AL.*, EFFECTIVE AS OF JANUARY 4, 2023**

**PLEASE TAKE NOTICE** that a hearing on the *Application for Order Authorizing the Employment and Retention of M3 Advisory Partners, LP as Financial Advisor to the Official Committee of Unsecured Creditors of Voyager Digital Holdings, Inc., et al., Effective as of January 4, 2023* (the "Application") filed by the Official Committee of Unsecured Creditors of Voyager Digital Holdings, Inc., *et al.* (the "Committee") will be held on **March**

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Voyager Digital Holdings, Inc.'s and Voyager Digital Ltd.'s principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003. Voyager Digital, LLC's principal place of business is 701 S. Miami Ave, 8th Floor, Miami, FL 33131.

**2, 2023 at 10:00 a.m., prevailing Eastern Time** (the "Hearing"). In accordance with

General Order M-543 dated March 20, 2020, the Hearing will be conducted telephonically.

Any parties wishing to participate must do so by making arrangements through

CourtSolutions by visiting https://www.court-solutions.com.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief

requested in the Application shall: (a) be in writing; (b) conform to the Federal Rules of

Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York,

and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court

for the Southern District of New York; (c) be filed electronically with the Court on the docket

of *In re Voyager Digital Holdings, Inc*., No. 22-10943 (MEW) by registered users of the

Court's electronic filing system and in accordance with all General Orders applicable to

chapter 11 cases in the United States Bankruptcy Court for the Southern District of New

York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d)

be served so as to be actually received by **February 23, 2023 at 4:00 p.m., prevailing**

**Eastern Time**, by the entities on the Master Service List available on the case website of the

above-captioned debtors and debtors in possession at https://cases.stretto.com/Voyager.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that

are timely filed, served, and received will be considered at the Hearing. Failure to file a

timely objection may result in entry of a final order granting the Application as requested by

the Committee.

**PLEASE TAKE FURTHER NOTICE** that copies of the Application and other

pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the

website of Stretto at https://cases.stretto.com/Voyager. You may also obtain copies of the

Application and other pleadings filed in these chapter 11 cases by visiting the Court's website

at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated:  New York, New York
       February 16, 2023

**McDermott Will & Emery LLP**

*/s/ Darren Azman*         
Darren Azman
Joseph B. Evans
One Vanderbilt Avenue
New York, NY 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
E-mail: dazman@mwe.com
E-mail: jbevans@mwe.com

and

Charles R. Gibbs (admitted *pro hac vice*)
Grayson Williams (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
E-mail: crgibbs@mwe.com
E-mail: gwilliams@mwe.com

and

Gregg Steinman (admitted *pro hac vice*)
333 SE 2nd Avenue, Suite 4500
Miami, FL 33131-2184
Telephone: (305) 329-4473
Facsimile: (305) 503-8805
E-mail: gsteinman@mwe.com

*Counsel to the Official*
*Committee of Unsecured Creditors*

Hearing Date: March 2, 2023 at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline: February 23, 2023 at 4:00 p.m. (prevailing Eastern Time)

**McDermott Will & Emery LLP**
Darren Azman
Joseph B. Evans
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

**McDermott Will & Emery LLP**
Charles R. Gibbs (admitted *pro hac vice*)
Grayson Williams (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201-1664
Telephone: (214) 295-8000
Facsimile: (972) 232-3098

**McDermott Will & Emery LLP**
Gregg Steinman (admitted *pro hac vice*)
333 SE 2nd Avenue, Suite 4500
Miami, FL 33131-2184
Telephone: (305) 329-4473
Facsimile: (305) 503-8805

*Counsel to the Official Committee of*
*Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT AND
RETENTION OF M3 ADVISORY PARTNERS, LP AS FINANCIAL ADVISOR TO
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF VOYAGER
DIGITAL HOLDINGS, INC., *ET AL.*, EFFECTIVE AS OF JANUARY 4, 2023**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the

above-captioned chapter 11 cases (the "Chapter 11 Cases") of Voyager Digital Holdings,

Inc., *et al.* (collectively, the "Debtors") hereby submits this *Application for Order*

*Authorizing the Employment and Retention of M3 Advisory Partners, LP as Financial*

*Advisor to the Official Committee of Unsecured Creditors of Voyager Digital Holdings, Inc.,*

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax
identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and
Voyager Digital, LLC (8013). The location of the Voyager Digital Holdings, Inc.'s and Voyager Digital
Ltd.'s principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003. Voyager
Digital, LLC's principal place of business is 701 S. Miami Ave, 8th Floor, Miami, FL 33131.

22-10943-mew    Doc 1011    Filed 02/16/23    Entered 02/16/23 23:41:51    Main Document
Pg 5 of 40

*et al., Effective as of January 4, 2023* (the "Application"), pursuant to sections 327, 328(a), and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the employment and retention of M3 Advisory Partners, LP (together with its wholly-owned subsidiaries, "M3") as financial advisor to the Committee with respect to the FTX-Related Matters (as defined below). In support of the Application, the Committee submits the declaration of Mohsin Y. Meghji, a Senior Managing Director at M3, attached hereto as **Exhibit B** (the "Meghji Declaration"). In further support of this Application, the Committee respectfully states as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, entered February 1, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Committee confirms its consent to the Court entering a final order in connection with the Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are Bankruptcy Code sections 327, 328(a), and 1103(a), Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1.

**BACKGROUND**

4.     On July 5, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

5.     On July 6, 2022, the Court entered an order authorizing the joint administration and procedural consolidation of the Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). *See* Docket No. 18.

6.     On July 19, 2022, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the Committee pursuant to Bankruptcy Code section 1102. *See* Docket No. 102. As of the date hereof, no request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases.

7.     On July 22, 2022 (the "Retention Date"), the Committee selected McDermott Will & Emery LLP ("McDermott") as its counsel. On July 25, 2022, the Committee selected FTI Consulting, Inc. (together with its wholly-owned subsidiaries, "FTI") to serve as its financial advisor.

8.     On November 11, 2022, FTX and certain of its affiliates (collectively, the "FTX Debtors") filed voluntary petitions for relief in the United States Bankruptcy Court for the District of Delaware. On December 15, 2022, the United States Trustee for the District of Delaware appointed the official committee of unsecured creditors (the "FTX Committee") in the FTX Debtors' chapter 11 cases (the "FTX Cases").

9.     On December 22, 2022, the FTX Committee retained FTI to serve as its financial advisor. FTI will remain as the financial advisor to the Committee with respect to all matters that are not FTX-Related Matters. For the avoidance of doubt, FTI will not provide any financial advisory services to the Committee related to any matters related to the FTX

Debtors and will not be involved in any capacity with respect to any matter that involves the FTX Debtors. Accordingly, after FTI was retained by the FTX Committee, the Committee sought to employ a financial advisor to assist with all matters associated with, and any potential claims related to, the FTX Debtors.

10.     On January 4, 2023, the Committee retained M3 as its financial advisor to assist with all matters related to the FTX Debtors. Upon being retained, M3: (i) assisted the Committee with the *Objection of the Official Committee of Unsecured Creditors to Proofs of Claim Nos. 11206, 11209, and 11213* [Docket No. 936]; (ii) is assisting the Committee in connection with the pending adversary proceeding styled *Alameda Research Ltd. v. Voyager Digital, LLC (In re FTX Trading Ltd.)*, Adv. Proc. No. 23-50084 (JTD), which commenced on January 30, 2023 in the United States Bankruptcy Court for the District of Delaware; and (iii) is assisting with other FTX-related matters, including the Debtors' rebalancing efforts (collectively, the "FTX-Related Matters").

## RELIEF REQUESTED

11.     By the Application, the Committee seeks to employ and retain M3 pursuant to Bankruptcy Code sections 327, 328(a), and 1103(a) to perform financial advisory services solely in connection with the FTX-Related Matters for the Committee in these Chapter 11 Cases, effective as of January 4, 2023.

12.     The Committee is familiar with the professional standing and reputation of M3. The Committee understands and recognizes that M3 is a nationally recognized financial advisory firm and its professionals have a wealth of experience in operational and financial restructurings, matters requiring expert opinions, and providing support for investigations and litigation in connection with financial restructurings. M3's professionals have extensive experience in turnarounds, corporate restructuring, and bankruptcy and corporate financing, including, but not limited to, company business plan viability and plan feasibility, with the

members of its team having worked on (on a combined basis) hundreds of restructurings as

chief restructuring officer, advisor, principal or independent director. In doing this, M3 and

its professionals have assisted and provided strategic advice to debtors, creditors,

bondholders, investors, official committees, and other entities in numerous chapter 11 cases

of similar size and complexity to the Debtors' chapter 11 cases.

13.    The services of M3 are necessary to enable the Committee to investigate and

defend against any claims arising out of the FTX-Related Matters. Further, M3 is well-

qualified and able to represent the Committee in a cost-effective, efficient, and timely manner

**<u>SCOPE OF SERVICES</u>**

14.    The Committee is seeking to retain M3 as its financial advisor solely in

connection with the FTX-Related Matters in these Chapter 11 Cases. M3 will provide such

financial advisory services to the Committee and McDermott as appropriate and feasible to

advise the Committee during the course of these Chapter 11 Cases, including but not limited

to the following:

- representing the Committee in connection with the FTX-Related Matters;

- conducting investigations and analyses sufficient to advise the Committee
  regarding the FTX-Related Matters;

- rendering services to the Committee, including, but not limited to, fact
  investigation, investigatory review of the Debtors' books and records as they
  pertain to FTX-Related Matters, assistance in discovery, and analysis of
  claims and defenses; and

- rendering such other general business consulting or such other assistance as
  the Committee or McDermott may deem necessary that are consistent with
  the role of financial advisor and not duplicative of services provided by other
  professionals in this proceeding.

15.    Although the Committee is currently seeking to employ M3, at this time, only

in connection with the FTX-Related Matters, the Committee may determine that it is

appropriate and in the best interests of creditors to expand the scope of M3's employment to

include representation of the Committee with respect to other matters. To the extent the

Committee wishes to expand the scope of M3's employment beyond those services set forth in this Application (and M3 agrees), the Committee will seek further approval from this Court. Specifically, the Committee will file a notice of any proposed additional services (the "Proposed Additional Services") and, to the extent necessary, a supplemental declaration, with the Court and serve such notice on the U.S. Trustee, the Debtors, and any party requesting notice under Bankruptcy Rule 2002. If no such party files an objection within ten (10) days of the Committee filing such notice, the Proposed Additional Services and any underlying engagement agreement may be approved by the Court by further order without further notice or hearing.

### M3'S ELIGIBILITY FOR EMPLOYMENT

16.     The Committee has reviewed the Meghji Declaration and believes that M3 is "disinterested," as that term is defined in Bankruptcy Code section 101(14), and does not hold or represent an interest adverse to the Debtors' estates with respect to the matters for which M3 is to be employed. To the best of the Committee's knowledge and based upon the Meghji Declaration: (a) M3's connections with the Debtors, creditors, any other party in interest, or their respective attorneys are disclosed on Schedule B to the Meghji Declaration; and (b) the M3 professionals working on this matter are not relatives of the United States Trustee or of any known employee in the office thereof, or any United States Bankruptcy Judge of the Southern District of New York. M3 has not provided, and will not provide any professional services to the Debtors, any of the creditors, other parties-in-interest, or their respective attorneys and accountants with regard to any material matter related to these Chapter 11 Cases. The Meghji Declaration discloses M3's connections with the Debtors and certain parties in interest in these Chapter 11 Cases and is incorporated herein by reference. As set forth in the Meghji Declaration, M3 has in the past provided services to, currently represents, and likely in the future will represent certain parties-in-interest in these Chapter

11 Cases (or related parties) on matters unrelated to the Debtors, the Chapter 11 Cases, or the

FTX-Related Matters.

17.    M3 will conduct an ongoing review of its files to ensure that no conflicts or

other disqualifying circumstances exist or arise. If any new material facts or relationships are

discovered, M3 will supplement its disclosure to the Court.

18.    M3 has agreed not to share with any person or firm the compensation to be

paid for professional services rendered in connection with these cases.

**TERMS OF RETENTION**

19.    M3 is not owed any amounts with respect to pre-petition fees and expenses.

20.    The Committee understands that M3 intends to apply to the Court for

allowance of compensation and reimbursement of expenses for its financial advisory services

in accordance with Bankruptcy Code sections 328, 330, and 331. M3 seeks to be

compensated on an hourly fee basis, plus reimbursement of actual and necessary expenses

incurred by M3. Actual and necessary expenses may include any reasonable legal fees

incurred by M3 related to M3's retention in these cases or the preparation of future fee

applications, subject to Court approval.

21.    M3's customary hourly rates, subject to periodic adjustments, for the M3

professionals anticipated to be assigned to this case are as follows:

| **Professional** | Hourly Rate |
|---|---|
| Managing Partner | $1,350 |
| Senior Managing Director | $1,245 |
| Managing Director | $1,025 - $1,150 |
| Director | $840 - $945 |
| Vice President | $750 |
| Senior Associate | $650 |
| Associate | $550 |
| Analyst | $450 |

22.     In light of the foregoing, the Committee believes that M3's fee structure is reasonable market based and designed to fairly compensate M3 for its work in these Chapter 11 Cases and to cover fixed and routine overhead expenses.

23.     M3 understands that interim and final fee awards are subject to approval by this Court. Due to M3's limited role as financial advisor to the Committee on FTX-Related Matters, the Committee believes and intends that the services with respect to the FTX-Related Matters will complement, and not be duplicative of, the services being rendered by any other professionals retained in these Chapter 11 Cases. M3 understands that the Committee has retained, and may retain, additional professionals during the terms of their engagement and will work cooperatively with such professionals to avoid any duplication of services.

## **INDEMNIFICATION**

24.     In addition to the foregoing, and as a material part of the consideration for the agreement of M3 to furnish services to the Committee pursuant to the terms of this Application, M3 believes that the following indemnification terms are customary and reasonable for financial advisors in chapter 11 cases:

a.      subject to the provisions of subparagraphs (b) and (c) below and approval of the Court, the Debtors are authorized to indemnify, and shall indemnify, M3 for any claims arising from, related to, or in connection with M3's engagement under this Application, but not for any claim arising from, related to, or in connection with M3's post-petition performance of any services not in connection with the engagement, unless such post-petition services and indemnification therefore are approved by this Court; and

b.      the Debtors shall have no obligation to indemnify M3 for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from M3's gross negligence, willful misconduct, or fraud unless the Court determines that indemnification would be permissible pursuant to applicable law, or (ii) settled prior to a judicial determination as to M3's gross negligence, willful misconduct, or fraud, but determined by this Court, after notice and a hearing, to be a claim or expense for which M3 is not entitled to receive indemnity under the terms of this Application; and

c.    if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, M3 believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification obligations under the Application, including, without limitation, the advancement of defense costs, M3 must file an application in this Court, and the Debtors may not pay any such amounts to M3 before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by M3 for indemnification, and not as a provision limiting the duration of the Debtors' obligation to indemnify M3.

25.    The Committee believes that indemnification is customary and reasonable for financial advisors in chapter 11 proceedings. *See In re Joan & David Halpern, Inc.*, 248 B.R. 43 (Bankr. S.D.N.Y. 2000).

## NO PRIOR REQUEST

26.    No prior request for the relief sought in this Application has been made in this or any other Court.

## NOTICE

27.    Notice of this Application has been provided in accordance with the *Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 240]. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

WHEREFORE, the Committee respectfully requests that the Court enter an order,

substantially in the form attached hereto, authorizing the Committee to employ and retain M3

as financial advisor to the Committee for the purposes set forth above, effective as of January

4, 2023, and granting such further relief as is just and proper.

Dated:  New York, New York           Respectfully submitted,
        February 16, 2023

                                     THE OFFICIAL COMMITTEE OF UNSECURED
                                     CREDITORS OF VOYAGER DIGITAL HOLDINGS, INC., *ET
                                     AL.*

                                     By:  _____
                                          Jason Raznick, not in his individual capacity but
                                          solely as Chair of the Official Committee of
                                          Unsecured Creditors of Voyager Digital
                                          Holdings, Inc., *et al*.

10

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of February 2023, I caused a true and correct copy of the foregoing *Notice* and *Application for Order Authorizing the Employment and Retention of M3 Advisory Partners, LP as Financial Advisor to the Official Committee of Unsecured Creditors of Voyager Digital Holdings, Inc., et al., Effective as of January 4, 2023* to be served on the Service List by (i) by electronic notification pursuant to the CM/ECF system for the United States Bankruptcy Court for the Southern District of New York, (ii) e-mail, or (iii) First Class U.S. Mail, as indicated in the attachment hereto.

*/s/ Darren Azman*
Darren Azman

## SERVICE LIST

| Name | Attention | Address 1 | Address 2 | City | State | Zip | Country | Email | Method of Service |
|---|---|---|---|---|---|---|---|---|---|
| DISTRICT OF COLUMBIA | OFFICE OF THE ATTORNEY GENERAL | 400 6TH STREET NW | | WASHINGTON | DC | 20001 | | OAG@DC.GOV | VIA E-MAIL |
| FRANCINE DE SOUSA | C/O SISKINDS LLP | ATTN: ANTHONY O'BRIEN | 100 LOMBARD STREET SUITE 302 | TORONTO | ON | M5C1M3 | | ANTHONY.OBRIEN@SISKINDS.COM | VIA E-MAIL |
| FRANCINE DE SOUSA | C/O SISKINDS LLP | ATTN: MICHAEL G. ROBB & GARETT M. HUNTER | 275 DUNDAS STREET UNIT 1 | LONDON | ON | N6B3L1 | | MICHAEL.ROBB@SISKINDS.COM GARETT.HUNTER@SISKINDS.COM | VIA E-MAIL |
| GOOGLE, LLC | | 1600 AMPHITHEATRE PKWY | | MOUNTAIN VIEW | CA | 94043 | | COLLECTIONS@GOOGLE.COM | VIA E-MAIL |
| INTERNAL REVENUE SERVICE | | PO BOX 7346 | | PHILADELPHIA | PA | 19101-7346 | | | VIA FIRST CLASS MAIL |
| OFFICE OF THE UNITED STATES TRUSTEE | FOR THE SOUTHERN DIST OF NEW YORK | ATTN: RICHARD C. MORRISSEY, ESQ. AND MARK BRUH, ESQ. | 201 VARICK STREET, ROOM 1006 | NEW YORK | NY | 10014 | | RICHARD.MORRISSEY@USDOJ.GOV MARK.BRUH@USDOJ.GOV | VIA E-MAIL |
| SECURITIES & EXCHANGE COMMISSION | | 100 F STREET NE | | WASHINGTON | DC | 20549 | | SECBANKRUPTCY-OGC-ADO@SEC.GOV | VIA E-MAIL |
| SECURITIES & EXCHANGE COMMISSION | NEW YORK REGIONAL OFFICE | 100 PEARL STREET SUITE 20-100 | | NEW YORK | NY | 10004-2616 | | NYROBANKRUPTCY@SEC.GOV | VIA E-MAIL |
| SECURITIES & EXCHANGE COMMISSION | NEW YORK REGIONAL OFFICE | ATTN: ANDREW CALAMARI REGIONAL DIRECTOR | 200 VESEY STREET SUITE 400 | NEW YORK | NY | 10281-1022 | | BANKRUPTCYNOTICESCHR@SEC.GOV | VIA E-MAIL |
| STATE OF ALABAMA | OFFICE OF THE ATTORNEY GENERAL | 501 WASHINGTON AVE | | MONTGOMERY | AL | 36104 | | CONSUMERINTEREST@ALABAMAAG.GO | VIA E-MAIL |
| STATE OF ALASKA | OFFICE OF THE ATTORNEY GENERAL | 1031 W 4TH AVE, STE 200 | | ANCHORAGE | AK | 99501 | | ATTORNEY.GENERAL@ALASKA.GOV | VIA E-MAIL |
| STATE OF ARIZONA | OFFICE OF THE ATTORNEY GENERAL | 2005 N CENTRAL AVE | | PHOENIX | AZ | 85004 | | AGINFO@AZAG.GOV | VIA E-MAIL |
| STATE OF ARKANSAS | OFFICE OF THE ATTORNEY GENERAL | 323 CENTER ST, STE 200 | | LITTLE ROCK | AR | 72201 | | OAG@ARKANSASAG.GOV | VIA E-MAIL |
| STATE OF CALIFORNIA | OFFICE OF THE ATTORNEY GENERAL | PO BOX 944255 | | SACRAMENTO | CA | 94244-2550 | | XAVIER.BECERRA@DOJ.CA.GOV | VIA E-MAIL |
| STATE OF COLORADO | OFFICE OF THE ATTORNEY GENERAL | RALPH L. CARR JUDICIAL BUILDING | 1300 BROADWAY, 10TH FL | DENVER | CO | 80203 | | CORA.REQUEST@COAG.GOV | VIA E-MAIL |
| STATE OF CONNECTICUT | OFFICE OF THE ATTORNEY GENERAL | 165 CAPITOL AVENUE | | HARTFORD | CT | 06106 | | ATTORNEY.GENERAL@CT.GOV | VIA E-MAIL |
| STATE OF FLORIDA | OFFICE OF THE ATTORNEY GENERAL | THE CAPITOL PL01 | | TALLHASSEE | FL | 32399 | | ASHLEY.MOODY@MYFLORIDALEGAL.CO | VIA E-MAIL |
| STATE OF GEORGIA | OFFICE OF THE ATTORNEY GENERAL | 40 CAPITOL SQ SW | | ATLANTA | GA | 30334 | | | VIA FIRST CLASS MAIL |
| STATE OF HAWAII | OFFICE OF THE ATTORNEY GENERAL | 425 QUEEN STREET | | HONOLULU | HI | 96813 | | HAWAIIAG@HAWAII.GOV | VIA E-MAIL |
| STATE OF IDAHO | OFFICE OF THE ATTORNEY GENERAL | 700 W. JEFFERSON ST, SUITE 210 | PO BOX 83720 | BOISE | ID | 83720 | | LAWRENCE.WASDEN@AG.IDAHO.GOV AGWASDEN@AG.IDAHO.GOV | VIA E-MAIL |
| STATE OF ILLINOIS | OFFICE OF THE ATTORNEY GENERAL | JAMES R. THOMPSON CENTER | 100 W. RANDOLPH ST | CHICAGO | IL | 60601 | | INFO@LISAMADIGAN.ORG | VIA E-MAIL |
| STATE OF INDIANA | OFFICE OF THE INDIANA ATTORNEY GENERAL | INDIANA GOVERNMENT CENTER SOUTH | 302 W WASHINGTON ST, 5TH FLOOR | INDIANAPOLIS | IN | 46204 | | | VIA FIRST CLASS MAIL |
| STATE OF IOWA | OFFICE OF THE ATTORNEY GENERAL | HOOVER STATE OFFICE BUILDING | 1305 E. WALNUT STREET | DES MOINES | IA | 50319 | | CONSUMER@AG.IOWA.GOV | VIA E-MAIL |
| STATE OF KANSAS | ATTN: ATTORNEY GENERAL DEREK SCHMIDT | 120 SW 10TH AVE, 2ND FLOOR | | TOPEKA | KS | 66614-2550 | | DEREK.SCHMIDT@AG.KS.GOV | VIA E-MAIL |
| STATE OF KENTUCKY | ATTORNEY GENERAL - DANIEL CAMERON | 700 CAPITAL AVENUE, SUITE 118 | | FRANKFORT | KY | 40601 | | | VIA FIRST CLASS MAIL |
| STATE OF LOUISIANA | DEPT. OF JUSTICE - ATTORNEY GENERAL'S OFFICE | 300 CAPITAL DRIVE | | BATON ROUGE | LA | 70802 | | ADMININFO@AG.STATE.LA.US | VIA E-MAIL |
| STATE OF MAINE | OFFICE OF THE ATTORNEY GENERAL | 6 STATE HOUSE STATION | | AUGUSTA | ME | 04333 | | ATTORNEY.GENERAL@MAINE.GOV | VIA E-MAIL |
| STATE OF MARYLAND | OFFICE OF THE ATTORNEY GENERAL | 200 ST. PAUL PLACE | | BALTIMORE | MD | 21202 | | OAG@OAG.STATE.MD.US | VIA E-MAIL |
| STATE OF MASSACHUSETTS | ATTORNEY GENERAL'S OFFICE | 1 ASHBURTON PLACE, 20TH FLOOR | | BOSTON | MA | 02108 | | | VIA FIRST CLASS MAIL |
| STATE OF MICHIGAN | DEPARTMENT OF ATTORNEY GENERAL | 525 W OTTAWA ST | | LANSING | MI | 48906 | | | VIA FIRST CLASS MAIL |
| STATE OF MINNESOTA | OFFICE OF THE ATTORNEY GENERAL | 445 MINNESOTA ST, STE 1400 | | ST. PAUL | MN | 55101 | | ATTORNEY.GENERAL@AG.STATE.MN.US | VIA E-MAIL |
| STATE OF MISSISSIPPI | OFFICE OF THE ATTORNEY GENERAL | WALTER SILLERS BUILDING | 550 HIGH ST, PO BOX 220 | JACKSON | MS | 39201 | | | VIA FIRST CLASS MAIL |
| STATE OF MISSOURI | OFFICE OF THE ATTORNEY GENERAL | SUPREME COURT BUILDING | 207 W HIGH ST | JEFFERSON CITY | MO | 65101 | | CONSUMER.HELP@AGO.MO.GOV | VIA E-MAIL |
| STATE OF MONTANA | OFFICE OF THE ATTORNEY GENERAL | JUSTICE BUILDING, 3RD FLOOR | 215 N SANDERS, PO BOX 201401 | HELENA | MT | 59602 | | CONTACTDOJ@MT.GOV | VIA E-MAIL |
| STATE OF NEBRASKA | OFFICE OF THE ATTORNEY GENERAL | 2115 STATE CAPITOL | | LINCOLN | NE | 68509 | | | VIA FIRST CLASS MAIL |
| STATE OF NEVADA | OFFICE OF THE ATTORNEY GENERAL | OLD SUPREME COURT BUILDING | 100 N CARSON ST | CARSON CITY | NV | 89701 | | | VIA FIRST CLASS MAIL |
| STATE OF NEW HAMPSHIRE | OFFICE OF THE ATTORNEY GENERAL | NH DEPARTMENT OF JUSTICE | 33 CAPITOL ST. | CONCORD | NH | 03301 | | ATTORNEYGENERAL@DOJ.NH.GOV | VIA E-MAIL |
| STATE OF NEW JERSEY | OFFICE OF THE ATTORNEY GENERAL | RICHARD J. HUGHES JUSTICE COMPLEX | 25 MARKET ST 8TH FL, WEST WING BOX 080 | TRENTON | NJ | 08611 | | | VIA FIRST CLASS MAIL |
| STATE OF NEW MEXICO | OFFICE OF THE ATTORNEY GENERAL | 408 GALISTEO STREET | VILLAGRA BUILDING | SANTA FE | NM | 87501 | | HBALDERAS@NMAG.GOV | VIA E-MAIL |
| STATE OF NEW YORK | OFFICE OF THE ATTORNEY GENERAL | THE CAPITOL | 2ND FLOOR | ALBANY | NY | 12224 | | | VIA FIRST CLASS MAIL |
| STATE OF NORTH CAROLINA | OFFICE OF THE ATTORNEY GENERAL | 114 W EDENTON ST | | RALEIGH | NC | 27603 | | | VIA FIRST CLASS MAIL |
| STATE OF NORTH DAKOTA | OFFICE OF THE ATTORNEY GENERAL | STATE CAPITOL, 600 E | DEPT. 125 | BISMARCK | ND | 58505 | | NDAG@ND.GOV | VIA E-MAIL |
| STATE OF OHIO | OFFICE OF THE ATTORNEY GENERAL | STATE OFFICE TOWER | 30 E BROAD ST 14TH FL | COLUMBUS | OH | 43215 | | | VIA FIRST CLASS MAIL |
| STATE OF OKLAHOMA | OFFICE OF THE ATTORNEY GENERAL | 313 NE 21ST ST | | OKLAHOMA CITY | OK | 73105 | | QUESTIONS@OAG.OK.GOV | VIA E-MAIL |
| STATE OF OREGON | OFFICE OF THE ATTORNEY GENERAL | 1162 COURT ST NE | | SALEM | OR | 97301-4096 | | ELLEN.ROSENBLUM@DOJ.STATE.OR.US ATTORNEYGENERAL@DOJ.STATE.OR.U | VIA E-MAIL |
| STATE OF PENNSYLVANIA | OFFICE OF THE ATTORNEY GENERAL | STRAWBERRY SQUARE 16TH FL | | HARRISBURG | PA | 17120 | | | VIA FIRST CLASS MAIL |
| STATE OF RHODE ISLAND | OFFICE OF THE ATTORNEY GENERAL | 150 S MAIN ST | | PROVIDENCE | RI | 02903 | | AG@RIAG.RI.GOV | VIA E-MAIL |
| STATE OF SOUTH CAROLINA | OFFICE OF THE ATTORNEY GENERAL | PO BOX 11549 | | COLUMBIA | SC | 29211 | | | VIA FIRST CLASS MAIL |
| STATE OF SOUTH CAROLINA | OFFICE OF THE ATTORNEY GENERAL | REMBERT C. DENNIS BLDG | 1000 ASSEMBLY ST RM 519 | COLUMBIA | SC | 29201 | | | VIA FIRST CLASS MAIL |
| STATE OF SOUTH DAKOTA | OFFICE OF THE ATTORNEY GENERAL | 1302 E HIGHWAY 14, STE 1 | | PIERRE | SD | 57501-8501 | | | VIA FIRST CLASS MAIL |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| STATE OF TENNESSEE | OFFICE OF THE ATTORNEY GENERAL | PO BOX 20207 | | NASHVILLE | TN | 37202-0207 | | | VIA FIRST CLASS MAIL |
| STATE OF TEXAS | OFFICE OF THE ATTORNEY GENERAL | 300 W. 15TH ST | | AUSTIN | TX | 78701 | | | VIA FIRST CLASS MAIL |
| STATE OF UTAH | OFFICE OF THE ATTORNEY GENERAL | UTAH STATE CAPITOL COMPLEX | 350 NORTH STATE ST STE 230 | SALT LAKE CITY | UT | 84114 | | UAG@UTAH.GOV | VIA E-MAIL |
| STATE OF VERMONT | OFFICE OF THE ATTORNEY GENERAL | 109 STATE ST. | | MONTPELIER | VT | 05609 | | AGO.INFO@VERMONT.GOV | VIA E-MAIL |
| STATE OF VIRGINIA | OFFICE OF THE ATTORNEY GENERAL | 202 N. NINTH ST. | | RICHMOND | VA | 23219 | | MAIL@OAG.STATE.VA.US | VIA E-MAIL |
| STATE OF WASHINGTON | OFFICE OF THE ATTORNEY GENERAL | 1125 WASHINGTON ST SE | | OLYMPIA | WA | 98501 | | | VIA FIRST CLASS MAIL |
| STATE OF WASHINGTON | OFFICE OF THE ATTORNEY GENERAL | PO BOX 40100 | | OLYMPIA | WA | 98504-00 | | | VIA FIRST CLASS MAIL |
| STATE OF WEST VIRGINIA | OFFICE OF THE ATTORNEY GENERAL | STATE CAPITOL, 1900 KANAWHA | BUILDING 1 RM E-26 | CHARLESTON | WV | 25305 | | CONSUMER@WVAGO.GOV | VIA E-MAIL |
| STATE OF WISCONSIN | OFFICE OF THE ATTORNEY GENERAL | 17 WEST MAIN STREET, ROOM 114 EAST P | | MADISON | WI | 53702 | | | VIA FIRST CLASS MAIL |
| STATE OF WYOMING | OFFICE OF THE ATTORNEY GENERAL | 109 STATE CAPITOL | | CHEYENNE | WY | 82002 | | | VIA FIRST CLASS MAIL |
| TORONTO STOCK EXCHANGE | | 300 - 100 ADELAIDE ST. | | WEST TORONTO | ON | M5H 1S3 | | WEBMASTER@TMX.COM | VIA E-MAIL |
| UNITED STATES ATTORNEY'S OFFICE | SOUTHERN DISTRICT OF NEW YORK | ONE ST. ANDREWS PLAZA | | NEW YORK | NY | 10007 | | | VIA FIRST CLASS MAIL |
| UNITED STATES DEPARTMENT OF | ATTORNEY GENERAL OF THE U.S. | 950 PENNSYLVANIA AVE, NW | | WASHINGTON | DC | 20530-0001 | | | VIA FIRST CLASS MAIL |
| KELLEHER PLACE MANAGEMENT, LLC | HORWOOD MARCUS & BERK CHARTERED | 500 W. MADISON ST. | SUITE 3700 | CHICAGO | IL | 60661 | | AHAMMER@HMBLAW.COM; NDELMAN@HMBLAW.COM | VIA ECF |
| METROPOLITAN COMMERCIAL BANK | BALLARD SPAHR LLP | 200 IDS CENTER | 80 SOUTH 8TH STREET | MINNEAPOLIS | MN | 55402-2119 | | SINGERG@BALLARDSPAHR.COM | VIA E-MAIL |
| METROPOLITAN COMMERCIAL BANK | WACHTELL, LIPTON, ROSEN & KATZ | 51 WEST 52ND STREET | | NEW YORK | NY | 10019-6150 | | RGMASON@WLRK.COM ARWOLF@WLRK.COM AKHERRING@WLRK.COM | VIA E-MAIL VIA ECF VIA E-MAIL |
| JASON RAZNICK | JAFFE RAITT HEUER & WEISS, P.C. | 27777 FRANKLIN ROAD | SUITE 2500 | SOUTHFIELD | MI | 48034 | | PHAGE@JAFFELAW.COM | VIA ECF |
| STEVE LAIRD | FORSHEY & PROSTOK LLP | 777 MAIN STREET | SUITE 1550 | FORT WORTH | TX | 76102 | | BFORSHEY@FORSHEYPROSTOK.COM | VIA ECF |
| ORACLE AMERICA, INC. | BUCHALTER, A PROFESSIONAL CORPORA | 425 MARKET ST. | SUITE 2900 | SAN FRANCISCO | CA | 94105 | | SCHRISTIANSON@BUCHALTER.COM | VIA ECF |
| ALAMEDA RESEARCH LLC & AFFILIATES | SULLIVAN & CROMWELL LLP | 125 BROAD STREET | | NEW YORK | NY | 10004 | | DIETDERICHA@SULLCROM.COM GLUECKSTEINB@SULLCROM.COM BELLERB@SULLCROM.COM | VIA ECF VIA ECF VIA E-MAIL |
| VOYAGER DIGITAL HOLDINGS, INC., ET AL | KIRKLAND & ELLIS LLP KIRKLAND & ELLIS INTERNATIONAL LLP | 601 LEXINGTON AVENUE | | NEW YORK | NY | 10022 | | JSUSSBERG@KIRKLAND.COM CMARCUS@KIRKLAND.COM CHRISTINE.OKIKE@KIRKLAND.COM ALLYSON.SMITH@KIRKLAND.COM | VIA ECF VIA E-MAIL VIA E-MAIL VIA E-MAIL |
| EMERALD OCEAN ISLE, LLC, AMANO GLOBAL HOLDINGS, INC., SHINGO LAVINE, AND ADAM LAVINE | C/O GOLDSTEIN & MCCLINKOCK LLLP | ATTN: MATTHEW E. MCCLINTOCK, HARLEY GOLDSTEIN, AND STEVE YACHIK | 111 W WASHINGTON STREET SUITE 1221 | CHICAGO | IL | 60602 | | MATTM@GOLDMCLAW.COM HARLEYG@RESTRUCTURINGSHOP.COM STEVENY@GOLDMCLAW.COM | VIA E-MAIL VIA E-MAIL VIA E-MAIL |
| EMERALD OCEAN ISLE, LLC, AMANO GLOBAL HOLDINGS, INC., SHINGO LAVINE, AND ADAM LAVINE | C/O LAW OFFICES OF DOUGLAS T. TABACHNIK, P.C. | ATTN: DOUGLAS T. TABACHNIK | 63 WEST MAIN STREET SUITE C | FREEHOLD | NJ | 07728-2141 | | DTABACHNIK@DTTLAW.COM | VIA ECF |
| MATTHEW EDWARDS | C/O LIZ GEORGE AND ASSOCIATES | ATTN: LYSBETH GEORGE | 8101 S. WALKER SUITE F | OKLAHOMA CITY | OK | 73139 | | GEORGELAWOK@GMAIL.COM | VIA ECF |
| TEXAS STATE SECURITIES BOARD | OFFICE OF THE ATTORNEY GENERAL OF TEXAS | ATTN: ABIGAIL R RYAN, LAYLA D MILLIGAN & JASON B BINFORD | BANKRUPTCY & COLLECTIONS DIVISION PO BOX 12548 | AUSTIN | TX | 78711-2548 | | ABIGAIL.RYAN@OAG.TEXAS.GOV LAYLA.MILLIGAN@OAG.TEXAS.GOV JASON.BINFORD@OAG.TEXAS.GOV | VIA E-MAIL VIA E-MAIL VIA E-MAIL |
| OFFICE OF THE ATTORNEY GENERAL OF TEXAS | | ATTN: ROMA N. DESAI | BANKRUPTCY & COLLECTIONS DIVISION PO BOX 12548 | AUSTIN | TX | 78711-2548 | | ROMA.DESAI@OAG.TEXAS.GOV | VIA ECF |
| OFFICE OF THE ATTORNEY GENERAL | BANKRUPTCY DIVISION | ATTN: MARVIN E. CLEMENTS, JR. | BANKRUPTCY DIVISION P O BOX 20207 | NASHVILLE | TN | 37202-0207 | | AGBANKNEWYORK@AG.TN.GOV | VIA ECF |
| VERMONT DEPARTMENT OF FINANCIAL REGULATION | ASSISTANT GENERAL COUNSEL | ATTN: JENNIFER ROOD | 89 MAIN STREET THIRD FLOOR | MONTPELIER | VT | 05620 | | JENNIFER.ROOD@VERMONT.GOV | VIA ECF |
| ROBERT SNYDERS & LISA SNYDERS | C/O JOHNSON, POPE, BOKOR, RUPPEL & BURNS, LLP | ATTN: ANGELINA E. LIM | 401 E JACKSON STREET SUITE 3100 | TAMPA | FL | 33602 | | ANGELINAL@JPFIRM.COM | VIA ECF |
| MICHAEL LEGG | C/O MCCARTHY, LEBIT, CRYSTAL & LIFFMAN CO. | ATTN: ROBERT R. KRACHT & NICHOLAS R. OLESKI | 1111 SUPERIOR AVENUE EAST SUITE 2700 | CLEVELAND | OH | 44114 | | RRK@MCCARTHYLEBIT.COM NRO@MCCARTHYLEBIT.COM | VIA E-MAIL VIA ECF |
| MICHAEL GENTSCH | C/O BARSKI LAW PLC | ATTN: CHRIS D. BARSKI | 9375 E. SHEA BLVD. STE 100 | SCOTTSDALE | AZ | 85260 | | CBARSKI@BARSKILAW.COM | VIA ECF |
| ILLINOIS SECRETARY OF STATE | C/O OFFICE OF THE ATTORNEY GENERAL | ATTN: JOHN P. REDING | 100 W. RANDOLPH ST FLOOR 13 | CHICAGO | IL | 60601 | | JOHN.REDING@ILAG.GOV | VIA ECF |
| GEORGIA DEPARTMENT OF BANKING AND FINANCE | | ATTN: NATHAN HOVEY, ASSISTANT ATTORNEY GENERAL | DEPARTMENT OF LAW 40 CAPITOL SQUARE SW | ATLANTA | GA | 30334 | | NHOVEY@LAW.GA.GOV | VIA ECF |
| MARK CUBAN AND DALLAS BASKETBALL LIMITED, D/B/A DALLAS MAVERICKS | C/O BROWN RUDNICK LLP | ATTN: SIGMUND S. WISSNER-GROSS ESQ. & KENNETH J. AULET | SEVEN TIMES SQUARE | NEW YORK | NY | 10036 | | SWISSNER-GROSS@BROWNRUDNICK.COM KAULET@BROWNRUDNICK.COM | VIA ECF VIA E-MAIL |
| MARK CUBAN AND DALLAS BASKETBALL LIMITED D/B/A DALLAS MAVERICKS | C/O BROWN RUDNICK LLP | ATTN: STEPHEN A. BEST ESQ & RACHEL O. WOLKINSON, ESQ. | 601 THIRTEENTH STREET NW SUITE 600 | WASHINGTON | DC | 2005 | | SBEST@BROWNRUDNICK.COM RWOLKINSON@BROWNRUDNICK.COM | VIA E-MAIL VIA E-MAIL |
| ED BOLTON | C/O AKERMAN LLP | ATTN: R. ADAM SWICK, JOHN H. THOMPSON, JOANNE GELFAND | 1251 AVENUE OF THE AMERICAS, 37TH FL | NEW YORK | NY | 10020 | | ADAM.SWICK@AKERMAN.COM; JOHN.THOMPSON@AKERMAN.COM; JOANNE.GELFAND@AKERMAN.COM | VIA ECF VIA ECF VIA ECF |
| JON GIACOBBE | | ATTN: A. MANNY ALICANDRO | 11 BROADWAY, SUITE 615 | NEW YORK | NY | 10004 | | MANNY@ALICANDROLAWOFFICE.COM | VIA ECF |
| WELLS FARGO BANK, N.A. | C/O ALDRIDGE PITE, LLP | ATTN: GREGORY WALLACH | FIFTEEN PIEDMONT CENTER 3575 PIEDMONT ROAD, N.E. | ATLANTA | GA | 30305 | | GWALLACH@ALDRIDGEPITE.COM | VIA ECF |
| AD HOC GROUP OF EQUITY INTEREST HOLDERS | C/O KILPATRICK TOWNSEND & STOCKTON LLP | ATTN: DAVID M. POSNER & KELLY E. MOYNIHAN | THE GRACE BUILDING 1114 AVENUE OF THE | NEW YORK | NY | 10036 | | DPOSNER@KILPATRICKTOWNSEND.COM KMOYNIHAN@KILPATRICKTOWNSEND.C | VIA ECF VIA ECF |
| AD HOC GROUP OF EQUITY INTEREST HOLDERS | C/O KILPATRICK TOWNSEND & STOCKTON LLP | ATTN: PAUL M. ROSENBLATT | 1100 PEACHTREE STREET NE SUITE 2800 | ATLANTA | GA | 30309 | | PROSENBLATT@KILPATRICKTOWNSEND. COM | VIA E-MAIL |
| PIERCE ROBERTSON | C/O PACHULSKI STANG ZIEHL & JONES LLP | ATTN: RICHARD M. PACHULSKI, ALAN J. KORNFELD, DEBRA I. GRASSGREEN, AND JASON H. ROSELL | 10100 SANTA MONICA BLVD 13TH FLOOR | LOS ANGELES | CA | 90067 | | RPACHULSKI@PSZJLAW.COM AKORNFELD@PSZJLAW.COM DGRASSGREEN@PSZJLAW.COM JROSELL@PSZJLAW.COM | VIA E-MAIL VIA E-MAIL VIA E-MAIL VIA ECF |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| STATE OF WASHINGTON | OFFICE OF ATTORNEY GENERAL | ATTN: STEPHEN MANNING, ASSISTANT ATTORNEY GENERAL | GOVERNMENT COMPLIANCE AND ENFORCEMENT DIVISION P. O. BOX 40100 | OLYMPIA | WA | 98504-4010 | STEPHEN.MANNING@ATG.WA.GOV | VIA ECF |
| MARCUM LLP | MINTZ & GOLD LLP | ATTN: ANDREW R. GOTTESMAN | 600 THIRD AVENUE, 25TH | NEW YORK | NY | 10016 | GOTTESMAN@MINTZANDGOLD.COM | VIA ECF |
| U.S. SECURITIES & EXCHANGE COMMISSION | | ATTN: THERESE A. SCHEUER | 100 F STREET, NE | WASHINGTON | DC | 20549 | SCHEUERT@SEC.GOV | VIA E-MAIL |
| NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES | CONSUMER PROTECTION AND FINANCIAL ENFORCEMENT | ATTN: KEVIN R. PUVALOWSKI, LINDA DONAHUE, JASON D. ST. JOHN | ONE STATE STREET | NEW YORK | NY | 10004 | KEVIN.PUVALOWSKI@DFS.NY.GOV LINDA.DONAHUE@DFS.NY.GOV JASON.ST.JOHN@DFS.NY.GOV | VIA E-MAIL VIA E-MAIL VIA ECF |
| NEW JERSEY BUREAU OF SECURITIES | C/O MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP | ATTN: VIRGINIA T. SHEA | 1300 MT KEMBLE AVENUE PO BOX 2075 | MORRISTOWN | NJ | 02075 | VSHEA@MDMC-LAW.COM | VIA ECF |
| NEW JERSEY BUREAU OF SECURITIES | C/O MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP | ATTN: NICOLE LEONARD | 225 LIBERTY STREET, 36TH FLOOR | NEW YORK | NY | 10281 | NLEONARD@MDMC-LAW.COM | VIA ECF |
| USIO, INC. | PULMAN, CAPPUCCIO & PULLEN, LLP | ATTN RANDALL A. PULMAN | 2161 NW MILITARY HIGHWAY SUITE 400 | SAN ANTONIO | TX | 78213 | RPULMAN@PULMANLAW.COM | E-MAIL |
| BAM TRADING SERVICES INC. D/B/A BINANCE.US | LATHAM & WATKINS LLP | ATTN ADAM J. GOLDBERG, NACIF TAOUSSE, JONATHAN J. WEICHSELBAUM | 1271 AVENUE OF THE AMERICAS | NEW YORK | NY | 10020 | ADAM.GOLDBERG@LW.COM NACIF.TAOUSSE@LW.COM JON.WEICHSELBAUM@LW.COM | VIA ECF VIA E-MAIL VAI E-MAIL |
| BAM TRADING SERVICES INC. D/B/A BINANCE.US | LATHAM & WATKINS LLP | ATTN ANDREW D. SORKIN | 555 ELEVENTH STREET, NW SUITE 1000 | WASHINGTON | DC | 20004 | ANDREW.SORKIN@LW.COM | VIA E-MAIL |
| ATTORNEY FOR THE STATES OF ALABAMA, ARKANSAS, CALIFORNIA, DISTRICT OF COLUMBIA, HAWAII, MAINE, NORTH DAKOTA, OKLAHOMA, AND SOUTH | C/O NATIONAL ASSOCIATION OF ATTORNEYS GENERAL | ATTN KAREN CORDRY BANKRUPTCY COUNSEL | 1850 M ST. NW 12TH FLOOR | WASHINGTON | DC | 20036 | KCORDRY@NAAG.ORG | VIA ECF |
| USIO, INC. & FICENTIVE, INC. | RUSKIN MOSCOU FALTISCHEK, P.C. | ATTN SHERYL P. GUIGLIANO | 1425 RXR PLAZA, 15TH FLOOR | UNIONDALE | NY | 11556 | SGIUGLIANO@RMFPC.COM | VIA ECF |
| CELSIUS NETWORK LLC | AKIN GUMP STRAUSS HAUER & FELD, L L P | ATTN: MITCHELL P. HURLEY, DEAN L. CHAPMAN, JR. | ONE BRYANT PARK | NEW YORK | NY | 10036 | MHURLEY@AKINGUMP.COM DCHAPMAN@AKINGUMP.COM | VIA ECF VIA E-MAIL |
| VOYAGER DIGITAL HOLDINGS, INC., ET AL. | PAUL HASTINGS LLP | ATTN: JONATHAN D. CANFIELD | 200 PARK AVENUE | NEW YORK | NY | 10166 | JONCANFIELD@PAULHASTINGS.COM | VIA ECF |
| VOYAGER DIGITAL HOLDINGS, INC., ET AL. | PAUL HASTINGS LLP | ATTN: MATTHEW M. MURPHY, MICHAEL C. WHALEN | 71 SOUTH WACKER DRIVE SUITE 4500 | CHICAGO | IL | 60606 | MATTMURPHY@PAULHASTINGS.COM MICHAELCWHALEN@PAULHASTINGS.COM | VIA E-MAIL VIA E-MAIL |

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF M3
ADVISORY PARTNERS, LP AS FINANCIAL ADVISOR TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF VOYAGER
DIGITAL HOLDINGS, INC., *ET AL.*, EFFECTIVE AS OF JANUARY 4, 2023**

Upon the *Application for Order Authorizing the Employment and Retention of M3 Advisory Partners, LP as Financial Advisor to the Official Committee of Unsecured Creditors of Voyager Digital Holdings, Inc., et al., Effective as of January* 4, *2023* (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Voyager Digital Holdings, Inc., *et al.* (collectively, the "Debtors") for entry of an order (this "Order") authorizing the Committee to employ and retain M3 Advisory Partners, LP (together with its wholly-owned subsidiaries, "M3") as its financial advisor in connection with the FTX-Related Matters, effective as of the Retention Date, all as more fully set forth in the Application; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution;

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Voyager Digital Holdings, Inc.'s and Voyager Digital Ltd.'s principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003. Voyager Digital, LLC's principal place of business is 701 S. Miami Ave, 8th Floor, Miami, FL 33131.

[2]     Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Application.

and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Committee's notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Application and Meghji Declaration and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application, the Meghji Declaration, and at the Hearing establish just cause for the relief granted herein; and the Court being satisfied, based on the representations made in the Application and the Meghji Declaration, that M3 is a "disinterested person" as defined in Bankruptcy Code section 101(14) and does not hold or represent an interest adverse to the Debtors' estates with respect to any of the matters for which M3 is to be engaged; and the Court finding that the employment of M3 is necessary to the performance of the Committee's duties; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Application is granted as set forth herein.

2.      Pursuant to Bankruptcy Code sections 327, 328, and 1103(a), the Committee is authorized to employ and retain M3 as its financial advisor, effective as of January 4, 2023, on the terms set forth in the Application.

3.      M3 shall apply for compensation of professional services and reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with Bankruptcy Code sections 330 and 331 and the applicable provisions of the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court.

2

4.      M3 is authorized to use independent contractors, and is entitled to reimbursement of related fees, without any markup or increase, provided that such independent contractors have filed declarations in support of the Application in accordance with Bankruptcy Rule 2014.

5.      M3 shall provide ten (10) days' notice to the Debtors, the United States Trustee, and the Committee in connection with any increase in the hourly rates listed in the Application.

6.      To the extent the Committee wishes to expand the scope of M3's employment beyond those services set forth in this Application (and M3 agrees), the Committee shall seek further approval from this Court. Specifically, the Committee shall file notice of any proposed additional services (the "Proposed Additional Services") and, to the extent necessary, a supplemental declaration, with the Court and serve such notice on the U.S. Trustee, the Debtors, and any party requesting notice under Bankruptcy Rule 2002. If no such party files an objection within ten (10) days of the Committee filing such notice, the Proposed Additional Services and any underlying engagement agreement may be approved by the Court by further order without further notice or hearing.

7.      M3 is entitled to reimbursement of actual and necessary expenses, including legal fees related to this retention application and preparation of future fee applications as approved by the Court.

8.      The following indemnification provisions are approved:

a.      subject to the provisions of subparagraphs (b) and (c) below and approval of the Court, the Debtors are authorized to indemnify, and shall indemnify, M3 for any claims arising from, related to, or in connection with the services to be provided by M3 as specified in the Application, but not for any claim arising from, related to, or in connection with M3's post-petition performance of any services other not in connection with the engagement, unless such post-petition services and indemnification therefore are approved by this Court; and

b.      the Debtors shall have no obligation to indemnify M3 for any claim or

3

expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from M3's gross negligence, willful misconduct, or fraud unless the Court determines that indemnification would be permissible pursuant to applicable law, or (ii) settled prior to a judicial determination as to M3's gross negligence, willful misconduct, or fraud, but determined by this Court, after notice and a hearing, to be a claim or expense for which M3 is not entitled to receive indemnity under the terms of this Application; and

c.      if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, M3 believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification obligations under the Application, including, without limitation, the advancement of defense costs, M3 must file an application in this Court, and the Debtors may not pay any such amounts to M3 before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by M3 for indemnification, and not as a provision limiting the duration of the Debtors' obligation to indemnify M3.

9.      To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

10.      Notice of the Application as provided therein shall be deemed good and sufficient notice of the Application, and the Local Rules are satisfied by the contents of the Application.

11.      The Committee and M3 are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

12.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13.      The Court shall retain jurisdiction with respect to any matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: New York, New York
       _____, 2023

_____
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

**Exhibit B**

**Meghji Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF MOHSIN Y. MEGHJI IN SUPPORT OF APPLICATION FOR
ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF M3
ADVISORY PARTNERS, LP AS FINANCIAL ADVISOR TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF VOYAGER
DIGITAL HOLDINGS, INC., *ET AL.*, EFFECTIVE AS OF JANUARY 4, 2023**

Pursuant to 28 U.S.C. section 1746, Mohsin Y. Meghji declares as follows:

1. I am the Managing Partner with M3 Advisory Partners, LP (together with its wholly-owned subsidiaries, "M3"), a nationally-recognized financial advisory firm. I submit this declaration (the "Declaration") on behalf of M3 in support of the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") of Voyager Digital Holdings, Inc., *et al.* (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), for an order authorizing the employment and retention of M3 as the Committee's financial advisor under the terms and conditions set forth in the Application. Except as otherwise noted,[3] I have personal knowledge of the matters set forth herein.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Voyager Digital Holdings, Inc.'s and Voyager Digital Ltd.'s principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003. Voyager Digital, LLC's principal place of business is 701 S. Miami Ave, 8th Floor, Miami, FL 33131.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

[3]  Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at M3 and are based on information provided by them.

**DISINTERESTEDNESS AND ELIGIBILITY**

2.   M3 is a nationally-recognized financial advisory firm and its professionals have a wealth of experience in operational and financial restructurings, matters requiring expert opinions, and providing support for investigations and litigation in connection with financial restructurings. M3's professionals have extensive experience in turnarounds, corporate restructuring, and bankruptcy and corporate financing, including, but not limited to, company business plan viability and plan feasibility, with the members of its team having worked on (on a combined basis) hundreds of restructurings as chief restructuring officer, advisor, principal or independent director. In doing this, M3 and its professionals have assisted and provided strategic advice to debtors, creditors, bondholders, investors, official committees, and other entities in numerous chapter 11 cases of similar size and complexity to the Debtors' Chapter 11 Cases.

3.   The Committee has informed M3 that it selected M3 as its financial advisor based upon, among other things: (a) the Committee's need to retain a financial advisory firm to provide services with respect to the FTX-Related Matters; (b) M3's senior professionals' extensive experience and excellent reputation in providing financial advisory services in chapter 11 cases such as these Chapter 11 Cases; and (c) M3's knowledge of the financial services industries. Furthermore, the Committee has informed M3 that the Committee believes that M3 is well qualified to provide its services in a cost-effective, efficient, and timely manner. M3 has agreed to provide financial advisory services to the Committee related solely to the FTX-Related Matters in the Debtors' Chapter 11 Cases, pursuant to the terms and conditions set forth in the Application.

4.   In connection with the preparation of this Declaration, M3 conducted a review of its contacts with the Debtors, their affiliates, and certain entities holding large claims against or interests in the Debtors that were made reasonably known to M3. A listing of the parties

reviewed is reflected on **Schedule A** to this Declaration. M3's review, completed under my supervision, consisted of a query of the **Schedule A** parties within an internal computer database containing names of individuals and entities that are present or recent former clients of M3. A listing of such relationships that M3 identified during this process is set forth on **Schedule B** to this Declaration.

5.    Based on the results of its review, M3 does not have a relationship with any of the parties on **Schedule A** in connection with the FTX-Related Matters. M3 has provided and could reasonably expect to continue to provide services unrelated to the Debtors or the Debtors' Chapter 11 Cases for the various entities identified on **Schedule B**. M3's assistance to these parties has been related to providing various financial and operational restructuring, litigation support and similar consulting services in matters unrelated to the Debtors or these Chapter 11 Cases. To the best of my knowledge and except as otherwise disclosed herein, no services have been provided to these parties in interest that involve their rights in the Debtors' cases, nor does M3's involvement in these cases compromise its ability to continue such consulting services.

6.    As the Court is aware, the vast majority of the Debtors' creditors are individual customers who maintain accounts with Voyager. To the best of my knowledge after due inquiry, no M3 employee maintains an account with Voyager.

7.    If M3 ceases to act as advisor to the Committee, it will continue to follow the procedures set forth above until a plan has been confirmed in the Debtors' Chapter 11 Cases or these Chapter 11 Cases have been converted or dismissed.

8.    As part of its diverse practice, M3 appears in numerous cases, proceedings, and transactions that involve many different professionals, including attorneys, accountants and financial consultants, who may represent claimants and parties-in-interest in the Debtors' Chapter 11 Cases. Also, M3 has performed in the past, and may perform in the future,

3

advisory consulting services for various attorneys and law firms, and has been represented by several attorneys and law firms, some of whom may be involved in these proceedings. In addition, M3 has in the past, may currently, and in the future likely will be working with or against other professionals involved in these Chapter 11 Cases in matters unrelated to the Debtors and these Chapter 11 Cases. Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships create interests adverse to the Debtors' estates with respect to the scope of this retention.

9.    M3 currently serves as financial advisor to the Official Committee of Unsecured Creditors of Celsius Networks, *et al*. ("Celsius") and, subject to the approval of the United States Bankruptcy Court for the District of New Jersey) has been selected to serve as financial advisor to the Official Committee of Unsecured Creditors of BlockFi Inc., *et al.* ("BlockFi"). The various connections to the Celsius and BlockFi cases are set forth in greater detail in **Schedule B**.

10.    In these Chapter 11 Cases, M3 is being retained for the limited purpose of providing financial advisory services to the Committee in connection with the FTX-Related Matters. Although matters may arise in the BlockFi and Celsius cases that relate to these Chapter 11 Cases, M3 will ensure no adverse interest with respect to the scope of this retention and the FTX-Related Matters.

11.    As such, to the best of my knowledge, and based upon the results of the relationship search described above and disclosed herein, M3 (i) is a "disinterested person" as defined in Bankruptcy Code section 101(14) with respect to the FTX-Related Matters and the scope of this retention, and (ii) does not hold or represent any interest adverse to the Debtors' estates with respect to the scope of M3's retention and the FTX-Related Matters. Therefore, M3 believes it is eligible to represent the Committee under Bankruptcy Code section 1103(b).

12.  M3 will not provide the Committee with financial advisory services outside the scope of the FTX-Related Matters, and M3 will ensure that it remains disinterested with respect to the limited scope of its retention. To the extent M3 is requested to provide financial advisory services outside of the scope of this retention, M3 will file a supplemental declaration explaining such request.

13.  It is M3's policy and intent to update and expand its ongoing relationship search for additional parties in interest in an expedient manner. If any new material relevant facts or relationships are discovered or arise, M3 will file a supplemental declaration pursuant to Bankruptcy Rule 2014(a).

## PROFESSIONAL COMPENSATION

14.  Subject to Court approval and in accordance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the local rules of this District, orders of this Court, and applicable U.S. Trustee guidelines, M3 will seek payment for compensation on an hourly basis, plus reimbursement of actual and necessary expenses incurred by M3, including legal fees related to this retention application and the preparation of future fee applications, as approved by the Court. M3's customary hourly rates as charged in bankruptcy and non-bankruptcy matters of this type by the professionals assigned to this engagement are outlined in the Application for the employment of M3. These hourly rates are adjusted periodically.

15.  M3 may use independent contractors in the provision of its services to the Committee and, in the event that it does so, M3 intends to include as an expense reimbursement in its fee applications the amounts invoiced to M3 by independent contractors under this contract without any mark up or increase. To the extent M3 utilizes the services of independent contractors, each independent contractor will file a separate declaration in support of the Application.

5

16.   According to M3's books and records, during the ninety-day period prior to the Debtors' petition date, M3 performed no professional services or incurred any reimbursable expenses on behalf of the Debtors.

17.   To the best of my knowledge: (i) no commitments have been made or received by M3 with respect to compensation or payment in connection with these cases other than in accordance with the provisions of the Bankruptcy Code; and (ii) M3 has no agreement with any other entity to share with such entity any compensation received by M3 in connection with these Chapter 11 Cases.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 16, 2023               _/s/ Mohsin Y. Meghji_____
                                             Mohsin Y. Meghji, Managing Partner
                                             M3 Advisory Partners, LP

## SCHEDULE A

**Parties-in-Interest Reviewed for Current and Recent Former Relationships**

**Debtors**
Voyager Digital Holdings, Inc.
Voyager Digital Ltd.
Voyager Digital, LLC

**Current and Former Affiliates**
Coinify Financial Services ApS
Coinify Global Solutions Inc. USA
Coinify Ltd.
Coinify Payments OU
Coinify Technologies ApS
HTC Trading, Inc.
LGO SAS France
Voyager Digital Brokerage Canada Ltd.
Voyager Digital Brokerage Ltd.
Voyager Digital NY LLC USA
Voyager Digital, LLC USA
Voyager Europe France
Voyager European Holdings ApS
Voyager IP, LLC USA
VYGR Holdings, LLC USA
VYGR Management LLC USA

**Current Directors and Officers**
Ashwin Prithipaul
Brian Brooks
Daniel Costantino
David Brosgol
Evan Psaropoulos
Gerard Hanshe
Glenn Stevens
Janice Barrilleaux
Jennifer Ackart
Jill Frizzley
Krisztian Toth
Mark Egert
Marshall Jensen
Matt Ray
Michael Legg
Pam Kramer
Philip Eytan
Rakesh Gidwani
Scott Vogel
Stephen Ehrlich

Tim Pohl
Akbar Ladhani
Brandi Reynolds
Erin Walmesley
Gaspard Aupepin de Lamothe Dreuzy
Guy Elliott
Jarrett Lilien
Jeffrey B. Lightfoot
Jordana Keslassy
Lewis Bateman
Serge Kreiker
Shingo Lavine
Victor Hugo

**Bankruptcy Judges - Southern District of NY**
Chief Judge Martin Glenn
Judge Cecelia G. Morris
Judge David S. Jones
Judge James L. Garrity, Jr.
Judge Lisa G. Beckerman
Judge Michael E. Wiles
Judge Robert D. Drain
Judge Sean H. Lane
Judge Shelley C. Chapman

**Bankruptcy Professionals**
Berkeley Research Group, LLC (BRG)
Deloitte & Touche
Deloitte Tax LLP
Fasken Martineau DuMoulin LLP
Grant Thornton LLP
Grant Thornton US
Kirkland & Ellis LLP
Moelis & Company
Quinn Emmanuel
Stretto
Valuation Research Corp.

**Banks, Lenders, Admin Agents**
Alameda Research Ltd.
Alameda Ventures Ltd
Anchorage Digital Bank N.A.
Anchorage Lending CA, LLC
Bank of Montreal

BitGo Prime, LLC
BMO
Galaxy Digital LLC
Genesis Global Capital, LLC
Metropolitan Commercial Bank
Signature Bank
Silvergate Bank
Tai Mo Shan Limited (Jump Operations, LLC)
Tesseract Group Oy
Three Arrows Capital Ltd.

**Contract Counterparties**
Amazon
Celsius
Chainalysis Inc.
Copper Technologies (UK) Limited
Cumberland DRW LLC
Dallas Basketball Limited (Dallas Mavericks)
Dinwiddie, Inc.
DV Chain, LLC
FiCentive, Inc.
Fireblocks Inc.
Fireblocks Ltd.
Gronk Endorsements LLC
JSCT, LLC (Jane Street)
Landon Cassill, Inc.
Ledger Technologies INC
Tai Mo Shan Limited
Talos Trading, Inc.
ThoughtWorks, Inc.
Usio, Inc.
Wintermute Trading Ltd

**Customers**
[REDACTED]

**Insurance**
CAC Specialty Co.
Euclid's Lloyds of London Syndicate
FirstBrook Cassie & Anderson Ltd
Great Midwestern Insurance Co.
Hartford Fire Insurance Company
Hartford Underwriters Insurance Company
MJD3 Associates, LLC.
Regus
Relm Insurance Limited
XL Specialty Ins. Company

**Landlords**
WeWork Inc.

**Litigation**
Commonwealth of Kentucky Department of
Financial Institutions
Jordan Berk
Mark Cassidy, on behalf of himself and all
others similarly situated
Securities Commissioner of South Carolina
State of Alabama Securities Commission
State of California Business, Consumer Services
and Housing Agency Department of Financial
Protection and Innovation
State of Indiana Securities Division
State of New Jersey Bureau of Securities
State of Oklahoma Department of Securities
State of Vermont Department of Financial
Regulation
State of Washington Department of Financial
Institutions Securities Division
Texas State Securities Board
U.S. Bank National Association

**NDA Counterparties**
[REDACTED]

**Office of the US Trustee Southern District of
NY**
Andrea B. Schwartz
Andy Velez-Rivera
Annie Wells
Benjamin J. Higgins
Brian S. Masumoto
Greg M. Zipes
Linda A. Riffkin
Mark Bruh
Paul K. Schwartzberg
Richard C. Morrissey
Shannon Scott
Shara Cornell
Susan Arbeit
Tara Tiantian
William K. Harrington

**Official Creditors' Committee Attorneys**
McDermott Will & Emery LLP

**Official Creditors' Committee Members'
Attorneys**
Jaffe Raitt Heuer & Weiss

**Official Creditors' Committee Members**
Brandon Mullenberg

Byron Walker
Christopher Moser
Jason Raznick
Melissa and Adam Freedman
Richard Kiss for Thincat Trust
Russell G. Stewart

**Ordinary Course Professionals**
Berger Singerman LLP
Conyers Dill & Pearman
Day Pitney LLP
Frankfurt Kurnit Klein & Selz, P.C.
Jackson Lewis P.C.
Jenner & Block LLP
Kramer Levin Naftalis & Frankel LLP
Lowenstein Sandler LLP
Mintz & Gold LLP
Paul Hastings LLP
Seyfarth Shaw LLP
Troutman Pepper Hamilton Sanders LLP
Walkers Corporate Limited

**Significant Equity Holder**
Alameda Research Ventures LLC

**Taxing Authorities - Gov. Reg. Agencies**
District of Columbia - Office of Tax and
Revenue
State of Alabama
State of Alaska
State of Arizona
State of Arkansas
State of California
State of Connecticut
State of Delaware
State of Florida
State of Georgia
State of Idaho
State of Illinois
State of Indiana
State of Iowa
State of Kansas
State of Kentucky
State of Louisiana
State of Maine
State of Maryland
State of Michigan
State of Minnesota
State of Mississippi
State of Nebraska
State of New Hampshire

State of New Jersey
State of New Mexico
State of North Carolina
State of North Dakota
State of Oklahoma
State of Oregon
State of Pennsylvania
State of Rhode Island
State of South Carolina
State of Tennessee
State of Texas
State of Utah
State of Virginia
State of West Virginia
State of Wisconsin

**Top Unsecured Creditor**
Alameda Research
[REDACTED]

**Utilities**
Phone.com
Verizon Wireless

**Vendors**
Accretive Capital
Accura Advokatpartnerselskab
Accurate Staffing Solutions Corp.
Actimize, Inc.
Ada Support Inc.
Adobe
Advokaadibüroo COBALT OÜ (COBALT Law
firm)
Aiven
Alejandro Benabe
Ally Watt
Amalgamated Suncoast Portfolio LLC (Charlie
Shrem)
Amazon Web Services
Amazon Web Services, Inc
American Airlines
Anthony Duclair
Aon Consulting Inc.
App Annie Inc.
App.bitrise.io
Apple
Apple Inc.
Apple Search Ads
Appsflyer
Arrow Search Partners
Ashtyn Davis

Atlassian
Authentic8, Inc.
Ba Int - Usd
Baker & McKenzie LLP
Barefoot LLC
Bateman Capital Inc
Bates Group LLC
Beekman Social LLC
Behmer & Blackford LLP
Benzinga
Berger Singerman LLP
BetterInvesting
Beutler Enterprises Inc.
Beutler Ink
Beyond Studios
Big Outdoor Holdings, LLC
BitGo, Inc.
Blackwired (US), Inc.
Blockchain Association
Blockdaemon, Inc.
Bloomberg Finance L.P.
BPM LLP
Brill Advisors, LLC
British Airways
Broadridge
BTC Media
Buddakan
Campbells LLP
Canada Revenue Agency
Carbone
Carbone NYC
CC API
CC Data
CCM Advisory LLC
CDW, LLC
Certified Kernel Tech LLC
Chandkumar  R. Ramnarine
Chandler Belk
Chord Advisors LLC
Chris Gronkowski
Christen Westphal
Christopher Gronkowski
Christopher Gronkowski (DBA:G13
Endorsements)
Citigate Dewe Rogerson Ltd
Cloud Posse, LLC
Cloudflare, Inc.
CNW Group Ltd.
Cockroach Labs, Inc.
ColorArt
Complex Sports & Entertainment

Computershare
Consensus 2022
CorCom LLC
Cordell Ratzlaff
Corporation Service Company (CSC)
Crypto Rating Council
CSC (Corporation Service Company)
CXG Holdings, Inc.
Cyber Job Central, LLC
Cypress Group Staffing, Inc.
Dallas Mavericks
Daniel Gronkowski
Danielle Colaprico
Data.ai Inc.
Datadog, Inc.
Daversa Partners
David Helman
Day Pitney LLP
Delta Air Lines
Delta Airlines
Devexperts Sofia Ltd.
Digital Niche Agency
Distinguished Search LLC
Docker Inc.
Donnelley Financial Solutions Canada
Corporation
Dorian Finney-Smith
Dropbox
Dwight Powell
Elasticsearch, Inc
Elevate Brand Marketing
Endeavor Parent, LLC
Essential Accessibility Inc
Estelle Johnson
Eva  Yuen
Exzac Inc.
Fastly, Inc.
Figma
Find Your Happy LLC
Fivetran
Fivetran Inc.
Fort Capital Ontario Inc.
Fragomen, Del Rey, Bernsen & Loewy, LLP
Frank Ntilikina
Frankfurt Kurnit Klein & Selz, P.C.
Freshworks
Fundamental Research Corp.
Fusion of Ideas, Inc
G Suite
Github
Github, Inc.

Glendale Securities Inc.
Glenn Gronkowski
Glushon Sports Management
Goodbay Technologies
GoodHire
Google Ads
Google Cloud
Google G Suite
Google, LLC.
Gordon Gronkowski
Gordon Gronkowski Jr
Gravitational, Inc.
Greenhouse Software, Inc.
Greg Malocca
GroWrk Remote
HackerRank
HappyFunCorp LLC
HardHead Marketing
HiFi Project Inc.
Hireclout, Inc
Hotjar Limited
IMG Models,LLC
Impact Tech, Inc
Independent Trading Group (ITG) Inc.
Indianapolis Motor Speedway
Infinite Agency, LLC
Infinite IP Corporation
Infinity Consulting Solutions, Inc
Intuit
IPQualityScore
IQTalent Partners Inc
Ironclad, Inc
Isaiah Stone
Iterable, Inc
JA Visual Solutions LLC
Jackson Lewis P.C.
Jalen Brunson
JDI Studio LLC
Jess McDonald
JetBlue Airways
JetBrains
JFrog INC
Jivaro Professional Headhunters, LLC
Kate Leavell Companies LLC
Kauling Racing, Inc
Kcsa Strategic Communications
Ketchum Inc.
Kforce Inc
KnowBe4 Inc.
Korn Ferry (US)
Koto Studio LLC

Kristen Hamilton
La Cantera Resort & Spa
Landon Cassill
Las Vegas Motor Speedway
Lastpass
LaunchDarkly
Laurel Hill Advisory Group Company
Learfield Communications, LLC
Levin Group Limited
Lindsey Harris
LogMeIn
LogMeIn USA, Inc.
Loyalist, LLC
MaestroQA, Inc.
Major, Lindsey & Africa, LLC
Marcum LLP
Market One Media Group Inc.
Market Rebellion, LLC
Marla K Knapp
Marquez Valdes-Scantling
Mary Kratka
Matrix-IFS
Maximilian Kleber
Maxx Management LLC
McCarter & English, LLP
Medium Rare Live, LLC
Meghan Klingenberg
Meltwater News US Inc
Merlin Media LLC
MessageBank, LLC
Meta Platforms, Inc.
Michael Gorsuch
Microsoft
Miko Tam
Mintz & Gold LLP
Miro
Mixpanel Inc
Mobile Action Inc.
monday.com Ltd
Money Services Business Association
Motivate Design LLC
Mountain Shadows Resort
MPJ Advisors LLC
MSG Arena LLC
Nasdaq Corporate Solutions, LLC
National Women's Soccer League, LLC
Network Redux
Next for Me Media, Inc.
NMLS
NOBLE Capital Markets
Noble Capital Markets, Inc

Nominis Advisory Ltd
Ogon, LLC
Online Business Systems
OpsGenie
Optimal Workshop
Oracle America, Inc.
Organic Inc.
OTC Markets Group Inc.
Pada Ventures, Inc.
Paypal Transaction - Innovativec
Pickwick Capital Partners, LLC
Piper Companies, LLC
PitchBook Data, Inc.
Plaid Inc.
Popnoggins LLC
PORTSWIGGER
Postman Basic Monthly
Printed Threads
Proconsul Capital Ltd
Project 1972, Inc.
Publicist Inc.
Quantum Talent Group
Reciprocity, Inc.
Regus
Regus Management Group, LLC
Residence Inn by Marriott Dayton Beavercreek
Roadmunk
Rob Gronkowski
Robert B. Holt
S&S Activewear
Sam Staab
Schiff Hardin LLP
Seeking Alpha
Segment.IO, Inc.
Seprio, LLC
Sheraton Grand Nashville Downtown
Sift Science, Inc.
Slack Technologies, LLC
SLS South Beach
Smart City Networks
Snapchat
Snowflake Inc
Snyk Inc.
Socure Inc.
soona

Spacelift, Inc.
Spencer Dinwiddie
Standout Tech Solutions LLC
Swag.com
Tableau Software, Inc.
Taylor & Gray LLC
Teneo Strategy LLC
Terminal, Inc.
The Block Crypto, Inc.
The Cosmopolitan of Las Vegas
The Friends of Falcon Hockey Inc
The Sports Girls
The Winslow
Toni Pressley
Travelbank
Trea Turner
Troutman Pepper Hamilton Sanders LLP
TSX Inc.
Tuple
Twilio
Twitter Online Ads
Twitter, Inc.
Tyler Lussi
Typeform, S.l.
Uber
United Airlines
UPS
Upside Business Travel
User Testing, Inc.
UX Hires
Vijay Kumar B
W Dallas - Victory
W New York Union Square
Walkers Corporate Limited
Wall Street Dead aHead Networking LLC
Weisman Tech Law LLC
WeWork
Whistler Search Partners, LLC
WilliamsMarston LLC
Willis Towers Watson PLC
WINJIT INC
Wrike, Inc.
Zapier
Zendesk, Inc
ZeroFOX, Inc.

## SCHEDULE B

### Listing of Parties-in-Interest Noted for Court Disclosure

- In the ordinary course of its financial advisory practice, M3 Advisory Partners, LP or its senior professionals (collectively, "M3") have recently had and/or currently have relationships with various law firms, accounting firms, financial advisory firms, and other professionals and service providers, as well as affiliates of the foregoing (each, an "Ancillary Entity") who are listed on Schedule A as parties-in-interest in these proceedings (the "Debtor Disclosure Schedule"). Such relationships have included, among other things, M3 or its senior professionals serving as an advisor to clients in engagements where (a) such client was or is represented by one or more Ancillary Entities or (b) one or more Ancillary Entities has represented or currently represents one or more parties-in-interest who are not clients of M3. Additionally, certain of the Ancillary Entities may have been retained by M3 and its affiliates in the recent past with respect to matters unrelated to the Debtors and their bankruptcy cases (the "Cases"). The Persons shown on the Debtor Disclosure Schedule who constitute (or whose affiliates constitute) Ancillary Entities include, without limitation, Baker & McKenzie, LLP; Berkeley Research Group, LLC (BRG); Conyers Dill & Pearman; Day Pitney LLP; Deloitte Tax LLP/Deloitte & Touche; Fasken Martineau DuMoulin LLP; Fragomen, Del Rey, Bernsen & Loewy, LLP; Frankfurt Kurnit Klein & Selz, P.C.; Grant Thornton US/Grant Thornton LLP; Jackson Lewis P.C.; Jenner & Block, LLP; Kirkland & Ellis LLP; Kramer Levin Naftalis & Frankel LLP; Lowenstein Sandler LLP; Marcum LLP; McCarter & English, LLP; Moelis & Company; Paul Hastings LLP; Quinn Emmanuel; Schiff Hardin LLP; Seyfarth Shaw LLP; Stretto; Teneo Strategy LLC; Troutman Pepper Hamilton Sanders LLP; Valuation Research Group; and Walkers Corporate Limited. To the best knowledge of the senior professionals at M3 on the date hereof, such relationships have been unrelated to the Debtors, do not create interests adverse to the Debtors and are not in connection with these proceedings.

- M3 has currently has or recently has had relationships with various bank and non-bank lenders, trustees, other financial institutions acting in various capacities, and other equity and debt financing sources, as well as affiliates of any of the foregoing, who are listed on the Debtor Disclosure Schedule as parties-in-interest to these proceedings (collectively, the "Financial Institutions"). Such relationships may include, among other things, (a) a direct relationship between M3 and one or more of the Financial Institutions, (b) M3 advising Persons who themselves have relationships with such Financial Institutions and (c) M3 being involved in a proceeding or other engagement in which one or more Financial Institutions was separately a party-in-interest (the parties-in-interest described in clauses (a), (b) and (c) collectively, "Ancillary Institutions"). Such Ancillary Institutions include, without limitation, Apollo Management IX, L.P.; Bank of Montreal/BMO; Baupost Capital L.L.C.; Brevan Howard Asset Management LP; FMR LLC (d/b/a Fidelity); GoldenTree Asset Management LP; Nomura International Plc; Signature Bank; Silvergate Bank; and WisdomTree Investments, Inc. To the best knowledge of the senior professionals at M3 on the date hereof, such relationships have been unrelated to the Debtors, do not create interests adverse to the Debtors and are not in connection with these proceedings.

- M3 currently purchases or recently has purchased goods and services in the ordinary course of business and in the open market from vendors who are listed on the Debtor

Disclosure Schedule as parties-in-interest to these proceedings. Similarly, clients of M3, and debtors and parties-in-interest with respect to matters in which M3 is currently involved or recently has been involved in various capacities, also purchase or recently have purchased, or sell or recently have sold, goods and services in the ordinary course of business and in the open market from or to certain of the Persons listed on the Debtor Disclosure Schedule as parties-in-interest to these proceedings. To the best knowledge of the senior professionals at M3 on the date hereof, such relationships have been unrelated to the Debtors, do not create interests adverse to the Debtors and are not in connection with these proceedings.

- M3 currently serves or recently has served as a financial advisor to various Persons which have (a) purchased, or currently purchase, insurance (including, without limitation, health and similar insurance), employment benefits services, or utilities from, (b) leased property or assets from landlords or lease counterparties who are, or (c) recently have been or are subject to the taxing or other regulatory authority of, Persons listed on the Debtor Disclosure Schedule as parties-in-interest to these proceedings. In addition, M3 itself purchases or has recently purchased insurance, employment benefits services or utilities from, or currently or recently has leased property or assets from, or is or recently has been subject to the taxing or other regulatory authority of, Persons who are listed on the Debtor Disclosure Schedule as parties-in-interest to these proceedings. To the best knowledge of the senior professionals at M3 on the date hereof, such relationships have been unrelated to the Debtors, do not create interests adverse to the Debtors and are not in connection with these proceedings.

- In the ordinary course of its business, M3 provides services to Persons currently or recently conducting, or involved in, bankruptcy proceedings in various federal bankruptcy courts in the United States. In connection with these proceedings, M3 interacts with Judges of the United States Bankruptcy Courts and personnel of the Office of the United States Trustee in various jurisdictions, including, without limitation, those of the Southern District of New York. To the best knowledge of the senior professionals at M3 on the date hereof, such relationships have been unrelated to the Debtors, do not create interests adverse to the Debtors and are not in connection with these proceedings.

- M3 currently serves as financial advisor to the Official Committee of Unsecured Creditors of Celsius Networks ("Celsius") and, subject to the approval of the United States Bankruptcy Court for the District of New Jersey) has been selected to serve as financial advisor to the Official Committee of Unsecured Creditors of BlockFi Inc. ("BlockFi").

- On the Debtor Disclosure Schedule, (a) Alameda Research is disclosed as a "Top-50 Creditor," (b) Alameda Research Ltd. is disclosed as a "Lender/Lending" ███████ ████████ (c) Alameda Research Ventures LLC is disclosed as a "Significant Equityholder," and (d) Alameda Ventures Ltd. has been disclosed as a "Lenders/Lending." Alameda and Alameda Research Ltd. have been identified as "Institutional Customers" of Celsius; Alameda Research Ltd. has been identified as a "Loan Counterparty" ███████ █████████████████████

- On the Debtor Disclosure Schedule, Anchorage Digital Bank N.A. and Anchorage Lending CA, LLC is disclosed as a "Lender/Lending." ████████████████████ ███████████████████████████ and as a secured lender to a recent M3 client on a matter unrelated to the Debtors and these Chapter

11 Cases, Anchorage Digital Bank N.A. has been identified as a "Custodian" to BlockFi, Anchorage Hold LLC and Anchorage Lending CA LLC are identified as "Institutional Customers" of Celsius.

- On the Debtor Disclosure Schedule, BitGo Prime, LLC is disclosed as a "Lender/Lending" and BitGo, Inc. is disclosed as a "Vendor." Bitgo has been identified as a "Custodian" for BlockFi.



- Certain persons described as "NDA Counterparties" for the Debtors or affiliates thereof on the Debtor Disclosure Schedule also have been identified as "Potential M&A Transaction Counterparties" for BlockFi or "Potential Bidding Parties" for Celsius, including, without limitation:



- 

- 

- On the Debtor Disclosure Schedule, Tim Pohl is disclosed as a member of the "Board." Tim Pohl has been identified as an independent director to various other entities with which M3 has or recently had a relationship.

- 

- 

- On the Debtor Disclosure Schedule, Three Arrows Capital Ltd. has been disclosed as a "Lender." Three Arrows Capital Ltd. has been identified as an "Institutional Customer" of Celsius.

- Certain of the "Top-50 Creditors" or "Customers" of the Debtors also are or (based upon similarity of name) may be "Significant Clients" of BlockFi or "Retail Customers" of Celsius.

- On the Debtor Disclosure Schedule, BlockDaemon, Inc. is disclosed as a "Vendor." BlockDaemon has been identified as a "Custodian" for BlockFi.

- 

- On the Debtor Disclosure Schedule, each of Jill Frizzley and Scott Vogel are disclosed as Board Members. Jill Frizzley has been identified as a "Current and Former Director and Officer" of BlockFi. Scott Vogel has been identified as a "Current and Former Director and Officer" of BlockFi.

- 

- M3 was retained in July 2022 on a confidential basis by a law firm that is representing a special committee of the Board of Directors of a company listed on the Debtor Disclosure Schedule as a "Vendor" to the Debtors with respect to matters relating to the reasonableness of the market terms of certain securities. Work on that engagement has been completed and M3 does not anticipate providing additional services in connection

therewith. To the best knowledge of the senior professionals at M3 on the date hereof, such relationship is unrelated to the Debtors, does not create interests adverse to the Debtors and is not in connection with these Chapter 11 Cases.

- On the Debtor Disclosure Schedule, Twilio is disclosed as a "Vendor" and Marcum LLP is disclosed as a "Vendor." A special purpose acquisition company (the "SPAC"), which was co-sponsored by senior professionals of M3, entered definitive documentation for a merger in a transaction that would have included an equity investment from Twilio. The investment by Twilio was separately negotiated by Twilio directly with the merger target before the SPAC entered into the merger documentation. The merger transaction was not consummated and the definitive agreements with respect to the merger were terminated in February 2022. As a result, MBAC no longer has an ongoing relationship with Twilio. Marcum LLP is the independent auditor for the SPAC. To the best knowledge of the senior professionals at M3 on the date hereof, such relationships have been unrelated to the Debtors, do not create interests adverse to the Debtors and are not in connection with these proceedings, except that there is a potential conflict between the Debtors and Celsius with respect to an approximately $7.7 million preference claim.