Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | Case No. 22-10943 (MEW) |
| Debtors. | (Jointly Administered) |
|  | **Re Docket Nos.: 935, 948** |

**DEBTORS' REPLY IN SUPPORT OF DEBTORS' MOTION
FOR ENTRY OF AN ORDER (I) EXTENDING THE TIME WITHIN WHICH THE
DEBTORS MUST ASSUME OR REJECT UNEXPIRED LEASES OF
NONRESIDENTIAL REAL PROPERTY AND (II) GRANTING RELATED RELIEF**

The debtors and debtors in possession (collectively, the "Debtors") respectfully submit this reply in response to the *Motion to Deny the Debtors Motion for Extension of Time and Deny the Motion for the Debtors to Assume or Reject Unexperied [sic] Leases of Nonresidential Property and to Dent [sic] Relief Requested by Debtors (Doc 935)* [Docket No. 948] (the "Objection") and in support of the *Debtors' Motion for Entry of an Order (I) Extending the Time Within Which the Debtors Must Assume or Reject Unexpired Leases of Nonresidential Real Property and (II) Granting Related Relief* [Docket No. 935] (the "Motion") and respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

**Reply**

1.  The Motion is a typical, non-controversial request in complex cases of this size, seeking an extension of the section 365(d)(4) deadline (the "Deadline") to assume or reject unexpired nonresidential leases (the "Unexpired Leases") by up to 90 days, through and including the earlier of 90 days following the current deadline of January 31, 2023 (May 1, 2023) and confirmation of the Plan, as permitted by the Bankruptcy Code. Motion ¶ 20–21. Mr. Shehadeh, a *pro se* creditor who is not a lessor under any of the Unexpired Leases, objected to the Motion. The Objection has no merit and should be overruled.

2.  As stated unequivocally, the Debtors ***are not*** making a decision as to which Unexpired Leases to assume or reject. Motion ¶¶ 9–10. The Debtors are merely seeking an extension (as permitted by the Bankruptcy Code) through the earlier of 90 days following the current deadline of January 31, 2023 (May 1, 2023) and confirmation of a plan to allow more time to determine which Unexpired Leases to assume or reject (as required by section 365 of the Bankruptcy Code). Motion ¶ 10. The Debtors seek the extension out of an abundance of caution given the critical nature of the Unexpired Leases, primarily in connection with regulatory and licensure requirements and ensuring that the Debtors are in position to consummate either transaction contemplated under the Plan. Given this, the decision to seek an extension of the Deadline is prudent and entirely warranted to assure the Unexpired Leases remain in place through entry of an order confirming the Debtors' Plan.

3.  As set forth in the Motion, the relevant factors outlined in *In re Wedtech Corp.*, 72 B.R. 464, 471–72 (Bankr. S.D.N.Y. 1987) weigh in favor of granting the Debtor's extension request. Motion ¶¶ 16–18. Further, section 365(d)(4)(B)(i) of the Bankruptcy Code clearly

2

authorizes the relief requested in the Motion, and the Debtors have shown sufficient "cause" under the *Wedtech* factors to justify the extension. Motion ¶¶ 16–19.

4.      *First*, the Debtors' chapter 11 cases are large and complex. In the Motion, the Debtors included a comprehensive list of the many activities the Debtors and their advisors have been required to focus on since the Petition Date in order to maximize the value of the Debtors' estates. Motion ¶ 18. To say it has been an active seven months is an understatement.

5.      *Second*, the Unexpired Leases are important assets of the Debtors' estates. As set forth in the Motion, the Debtors' Unexpired Leases include leases for office spaces and a lease for the Debtors' headquarters. Motion ¶ 7. The Debtors' ongoing ability to access these office spaces and maintain their headquarters is critical to the Debtors' ongoing restructuring efforts during this critical point in these chapter 11 cases, given these properties allow the Debtors to conduct day-to-day management functions and other operations that are necessary in both consummation of the Binance.US Transaction or a self-liquidation. Moreover, there are only four leases at issue, so the request does not in any way detrimentally burden the Debtors' estates, but instead benefits the Debtors and all stakeholders compared to the cost and delay that would unfold if the Debtors were forced to reject the Unexpired Leases prematurely.

6.      Extending the Deadline enables the Debtors to maintain certain of their money transmitter licenses[2], which would assist the Debtors in a self-liquidation.[3] Changing the Debtors' address would trigger additional reporting and operational requirements, including the need to

---

[2]   The Debtors currently use their Miami address for their money transmitter licenses.

[3]   The Debtors are currently assessing whether certain of their money transmitter licenses will be required if the Debtors pursue a self-liquidation. For the avoidance of doubt, while the Debtors are requesting relief to extend the relevant Deadline to provide runway to review their Unexpired Lease portfolio and analyze related issues, nothing contained herein shall be construed as a representation that the Debtors must maintain any money transmitter licenses to effectuate any transaction contemplated by the Plan.

3

obtain various surety bond riders reflecting the new address and submitting new reports to various regulators.  Importantly, forcing the Debtors to prematurely reject the Unexpired Leases would not provide a cost-savings to the estate.  If the Debtors were forced to reject the Unexpired Leases, they would have to locate alternative space for the remainder of these cases, as maintaining an address in certain jurisdictions is necessary to remain in compliance with licensing requirements.  Requiring the Debtors to take these additional steps would entail significant time and resources, and would likely require the Debtors to extend the confirmation and plan effectiveness timeline significantly—an entirely unnecessary burden on the doorstep of the confirmation hearing.

7.    *Third*, cause exists to extend the Deadline given the extraordinary circumstances of these cases.  As this Court is aware, the collapse of the FTX Transaction extended the Debtors' timeline materially and required the Debtors to conduct a separate analysis on the Unexpired Leases based on the proposed sale to Binance.US or a self-liquidation, as applicable.  An extension of the Deadline is therefore necessary while the Debtors pursue confirmation of the Plan.  *See In re Channel Home Ctrs.*, Inc., 989 F.2d 682, 689 (3d Cir. 1993), *cert. denied*, 510 U.S. 865 (1993) ("[I]t is permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan it is formulating.") (citing *Wedtech*, 72 B.R. at 471–72).

8.    The Objection does not address these factors, nor does it rebut the Debtors' contention that sufficient "cause" exists to warrant the Deadline extension.  After reviewing the caselaw cited in the Objection, the Debtors respectfully believe that Mr. Shehadeh misunderstands the Debtors' request.  The Debtors can only locate a certification of no objection to the 365(d)(4) extension motion in *In re Washington Mutual, Inc.*, and the Debtors could not locate any 365(d)(4) extension motion that parties could object to in *In re ExpressJet Airlines LLC*.  *See In re ExpressJet*

*Airlines LLC*, No. 22-10787 (MFW) (Bankr. D. Del. 2022).[4]  However, the Debtors can locate orders granting motions to reject unexpired leases in both cases, whereby the underlying debtors successfully argued that, in their business judgment, the leases were a burden on the estates and rejection was appropriate.  Here, the Debtors have not yet determined whether to assume or reject the Unexpired Leases, and they are merely seeking an extension of the Deadline—an extension that is permissible under the Bankruptcy Code—through the earlier of 90 days following the current deadline of January 31, 2023 (May 1, 2023) and confirmation of the Plan.  Motion ¶ 10.

        9.       Courts have long recognized the benefits of granting additional time to assume or reject unexpired leases under section 365(d)(4) of the Bankruptcy Code.  *See In re Burger Boys, Inc.*, 94 F.3d 755, 760–61 (2d Cir. 1996) (citing sufficiency of the debtor's time to formulate a plan in affirming the bankruptcy court's section 365(d)(4) extension).  Temporary business uncertainty and the importance of unexpired leases for plan confirmation are also determinative factors courts rely on when granting extensions, and both of those factors are present here.  *See In re Babylon Ltd. P'ship*, 76 B.R. 270, 274 (Bankr. S.D.N.Y. 1987) (noting that an extension for cause can be granted when the Debtor cannot make an assumption decision due to uncertainty around the future of its business); *In re 611 Sixth Avenue Corp.*, 191 B.R. 295 (Bankr. S.D.N.Y. 1996) (granting an extension because the lease was essential to the plan).  Moreover, as stated in the Motion, Courts in this jurisdiction regularly grant similar relief to the relief requested by the Debtors.  Motion ¶ 20.  *See, e.g.*, *In re Madison Square Boys & Girls Club, Inc.*, No. 22-10910 (SHL) (Bankr. S.D.N.Y. Nov. 10, 2022) (granting 90-day extension); *In re Revlon, Inc.*,

---

[4]   *See Certification of No Objection Regarding Motion of Debtors and Debtors-In-Possession for an Order Pursuant to Section 365(d)(4)(b) of the Bankruptcy Code Extending Time to Assume or Reject Unexpired Leases of Nonresidential Real Property, In re Washington Mut., Inc.*, No. 08-12229 (MFW) (Bankr. D. Del. February 12, 2009) [Docket No. 680].

5

No. 22-10760 (DSJ) (Bankr. S.D.N.Y. Oct. 26, 2022) (same); *In re GTT Communications. Inc.*, Case No. 21-11880 (MEW) (Bankr. S.D.N.Y. May 13, 2022) (same); *In re Grupo Aeroméxico, S.A.B. de C.V.,* No. 20-11563 (SCC) (Bankr. S.D.N.Y. Jan. 26, 2021) (same).[5]

10. The Objection states that it would be "illegal and contrary to the Bankruptcy Code for creditors to pay for offices or leases during the bankruptcy proceedings" which is incorrect and fails to recognize the significant cost and delay connected with the Debtors' rejection of the Unexpired Leases and relocation for regulatory and licensure purposes. *See* Objection, page 2.

11. Finally, the narrative that because the Debtors' platform is not operating, their business should not incur any costs, is simply incorrect. The Debtors' business and industry do not allow the Debtors to simply flip the switch on their operations like locking up a brick-and-mortar retail store. While the Debtors' platform is currently dormant, there is still critical work occurring behind the scenes by the Debtors to, among other things, ensure that the platform can be functional for purposes of effectuating either transaction contemplated under the Plan, and so that security protocols are current so cryptocurrency and other assets are properly safeguarded, which requires continued monitoring and updating in real time.

12. The Unexpired Leases are required for the Debtors' employees to perform their day-to-day operations. The Objection does not provide any valid reason as to why extension of the Deadline is inappropriate here and, therefore, the Debtors' request should be granted.

[*Remainder of page intentionally left blank*]

---

[5] Because of the voluminous nature of the orders cited herein, they are not attached to this Reply. Copies of these orders are available upon request of Debtors' counsel.

For the reasons set forth herein and in the Motion, the Debtors respectfully request that the Court overrule the Objection and grant the relief requested in the Motion as set forth in the Proposed Order.

| | |
|---|---|
| Dated: February 20, 2023<br>New York, New York | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>Christopher Marcus, P.C.<br>Christine A. Okike, P.C.<br>Allyson B. Smith (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br>Email: jsussberg@kirkland.com<br>cmarcus@kirkland.com<br>christine.okike@kirkland.com<br>allyson.smith@kirkland.com<br><br>*Counsel to the Debtors and Debtors in Possession* |