**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### AFFIDAVIT OF SERVICE

I, Gregory A. Lesage, depose and say that I am employed by Stretto, the claims and noticing agent for the Debtors in the above-captioned cases.

On February 15, 2023, at my direction and under my supervision, employees of Stretto caused the following documents to be served via electronic mail on four hundred and thirty-six (436) confidential parties not included herein:

- **Debtors' Omnibus Objection to (I) the Voting Amount Associated with Certain Disputed Account Holder Claims and (II) the Merits of Certain Disputed Account Holder Claims** (Docket No. 993)

- **Notice of Filing of Amended Schedules Relating to Debtors' Omnibus Objection to (I) the Voting Amount Associated with Certain Disputed Account Holder Claims and (II) the Merits of Certain Disputed Account Holder Claims** (Docket No. 1002)

- **[*Customized*] Notice of Objection to Your Proof of Claim and Deadline to File a Response with the Bankruptcy Court** (substantially in the form as **Exhibit 2** to the Omnibus Objection Procedure Motion filed as **Docket No. 925** with Schedule 3 to Docket No. 1002)

[THIS SPACE INTENTIONALLY LEFT BLANK]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

Furthermore, on February 16, 2023, at my direction and under my supervision, employees of Stretto caused the following documents to be served via overnight mail on twenty-three (23) confidential parties not included herein, and via electronic mail on three hundred and nine (309) confidential parties not included herein:

- **Debtors' Omnibus Objection to (I) the Voting Amount Associated with Certain Disputed Account Holder Claims and (II) the Merits of Certain Disputed Account Holder Claims** (Docket No. 993)

- **Notice of Filing of Amended Schedules Relating to Debtors' Omnibus Objection to (I) the Voting Amount Associated with Certain Disputed Account Holder Claims and (II) the Merits of Certain Disputed Account Holder Claims** (Docket No. 1002)

- **Notice to Holders of Disputed Claims** (attached hereto as **Exhibit A**)

- [*Customized*] **Notice of Objection to Your Proof of Claim and Deadline to File a Response with the Bankruptcy Court** (substantially in the form as **Exhibit 2** to the Omnibus Objection Procedure Motion filed as **Docket No. 925** with Schedule 1 to Docket No. 1002)

Furthermore, on February 16, 2023, at my direction and under my supervision, employees of Stretto caused the following documents to be served via overnight mail on fourteen (14) confidential parties not included herein, and via electronic mail on six hundred and forty-five (645) confidential parties not included herein:

- [*Customized*] **Class 3 Holders of Account Holder Claims – Ballot for Voting to Accept or Reject the Third Amended Joint Plan of Voyager Digital Holdings, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code** (substantially in the form attached as **Exhibit 3A** to the Disclosure Statement Order filed as **Docket No. 861**)

- **Debtors' Omnibus Objection to (I) the Voting Amount Associated with Certain Disputed Account Holder Claims and (II) the Merits of Certain Disputed Account Holder Claims** (Docket No. 993)

- **Notice of Filing of Amended Schedules Relating to Debtors' Omnibus Objection to (I) the Voting Amount Associated with Certain Disputed Account Holder Claims and (II) the Merits of Certain Disputed Account Holder Claims** (Docket No. 1002)

- **Notice to Holders of Disputed Claims** (attached hereto as **Exhibit A**)

- [*Customized*] **Notice of Objection to Your Proof of Claim and Deadline to File a Response with the Bankruptcy Court** (substantially in the form as **Exhibit 2** to the Omnibus Objection Procedure Motion filed as **Docket No. 925** with Schedule 1 to Docket No. 1002)

Furthermore, on February 16, 2023, at my direction and under my supervision, employees of Stretto caused the following documents to be served via overnight mail on thirty-five (35) confidential parties not included herein, and via electronic mail on two thousand and nine (2009) confidential parties not included herein:

- **Debtors' Omnibus Objection to (I) the Voting Amount Associated with Certain Disputed Account Holder Claims and (II) the Merits of Certain Disputed Account Holder Claims** (Docket No. 993)

- **Notice of Filing of Amended Schedules Relating to Debtors' Omnibus Objection to (I) the Voting Amount Associated with Certain Disputed Account Holder Claims and (II) the Merits of Certain Disputed Account Holder Claims** (Docket No. 1002)

- **Notice to Holders of Disputed Claims** (attached hereto as **Exhibit A**)

- **[*Customized*] Notice of Objection to Your Proof of Claim and Deadline to File a Response with the Bankruptcy Court** (substantially in the form as **Exhibit 2** to the Omnibus Objection Procedure Motion filed as **Docket No. 925** with Schedule 2 to Docket No. 1002)

Furthermore, on February 17, 2023, at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on seven (7) confidential parties not included herein:

- **Debtors' Omnibus Objection to (I) the Voting Amount Associated with Certain Disputed Account Holder Claims and (II) the Merits of Certain Disputed Account Holder Claims** (Docket No. 993)

- **Notice of Filing of Amended Schedules Relating to Debtors' Omnibus Objection to (I) the Voting Amount Associated with Certain Disputed Account Holder Claims and (II) the Merits of Certain Disputed Account Holder Claims** (Docket No. 1002)

- **[*Customized*] Notice of Objection to Your Proof of Claim and Deadline to File a Response with the Bankruptcy Court** (substantially in the form as **Exhibit 2** to the Omnibus Objection Procedure Motion filed as **Docket No. 925** with Schedule 3 to Docket No. 1002)

Furthermore, on February 17, 2023, at my direction and under my supervision, employees of Stretto caused the following documents to be served via overnight mail on three (3) confidential parties not included herein, and via electronic mail on twenty-six (26) confidential parties not included herein:

- **Debtors' Omnibus Objection to (I) the Voting Amount Associated with Certain Disputed Account Holder Claims and (II) the Merits of Certain Disputed Account Holder Claims** (Docket No. 993)

- **Notice of Filing of Amended Schedules Relating to Debtors' Omnibus Objection to (I) the Voting Amount Associated with Certain Disputed Account Holder Claims and (II) the Merits of Certain Disputed Account Holder Claims** (Docket No. 1002)

- **Notice to Holders of Disputed Claims** (attached hereto as **Exhibit A**)

- [*Customized*] **Notice of Objection to Your Proof of Claim and Deadline to File a Response with the Bankruptcy Court** (substantially in the form as **Exhibit 2** to the Omnibus Objection Procedure Motion filed as **Docket No. 925** with Schedule 1 to Docket No. 1002)

Furthermore, on February 17, 2023, at my direction and under my supervision, employees of Stretto caused the following documents to be served via electronic mail on one (1) confidential party not included herein:

- [*Customized*] **Class 3 Holders of Account Holder Claims – Ballot for Voting to Accept or Reject the Third Amended Joint Plan of Voyager Digital Holdings, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code** (substantially in the form attached as **Exhibit 3A** to the Disclosure Statement Order filed as **Docket No. 861**)

- **Debtors' Omnibus Objection to (I) the Voting Amount Associated with Certain Disputed Account Holder Claims and (II) the Merits of Certain Disputed Account Holder Claims** (Docket No. 993)

- **Notice of Filing of Amended Schedules Relating to Debtors' Omnibus Objection to (I) the Voting Amount Associated with Certain Disputed Account Holder Claims and (II) the Merits of Certain Disputed Account Holder Claims** (Docket No. 1002)

- **Notice to Holders of Disputed Claims** (attached hereto as **Exhibit D**)

- [*Customized*] **Notice of Objection to Your Proof of Claim and Deadline to File a Response with the Bankruptcy Court** (substantially in the form as **Exhibit 2** to the Omnibus Objection Procedure Motion filed as **Docket No. 925** with Schedule 1 to Docket No. 1002)

Furthermore, on February 17, 2023, at my direction and under my supervision, employees of Stretto caused the following documents to be served via electronic mail on seven (7) confidential parties not included herein:

- **Debtors' Omnibus Objection to (I) the Voting Amount Associated with Certain Disputed Account Holder Claims and (II) the Merits of Certain Disputed Account Holder Claims** (Docket No. 993)

- **Notice of Filing of Amended Schedules Relating to Debtors' Omnibus Objection to (I) the Voting Amount Associated with Certain Disputed Account Holder Claims and (II) the Merits of Certain Disputed Account Holder Claims** (Docket No. 1002)

- **Notice to Holders of Disputed Claims** (attached hereto as **Exhibit A**)

- **[*Customized*] Notice of Objection to Your Proof of Claim and Deadline to File a Response with the Bankruptcy Court** (substantially in the form as **Exhibit 2** to the Omnibus Objection Procedure Motion filed as **Docket No. 925** with Schedule 2 to Docket No. 1002)

Dated: February 21, 2023

_____
Gregory A. Lesage

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California,
County of Orange

Subscribed and sworn to (or affirmed) before me on this 21st day of February, 2023, by Gregory A. Lesage, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: _____

NAOMI RODRIGUEZ
Notary Public - California
Orange County
Commission # 2401472
My Comm. Expires Apr 20, 2026

# Exhibit A

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**NOTICE TO HOLDERS OF DISPUTED CLAIMS**

**PLEASE TAKE NOTICE THAT** on January 13, 2023, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. 861] (the "Disclosure Statement Order") that (a) conditionally approved the *Second Amended Disclosure Statement Relating to the Third Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 863] (as modified, amended, or supplemented from time to time, the "Disclosure Statement"), for the purposes of solicitation, (b) authorized the Debtors to solicit votes with regard to the acceptance or rejection of the *Third Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 852] (as modified, amended, or supplemented from time to time, the "Plan"),[2] (c) approved the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approved procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because you are the Holder of a Claim that is subject to a pending objection by the Debtors. **You are not entitled to vote any disputed portion of your Claim on the Plan unless one or more of the following events have taken place before a date that is two (2) business days before the Voting Deadline** (each, a "Resolution Event"):

1.   an order of the Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

2.   an order of the Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]   Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan.

3. a stipulation or other agreement is executed between the Holder of such Claim and the Debtors temporarily allowing the Holder of such Claim to vote its Claim in an agreed upon amount; or

4. the pending objection to such Claim is voluntarily withdrawn by the objecting party.

Copies of the Disclosure Statement (including the Plan) and the Committee Letter are being provided to you in compliance with the applicable Bankruptcy Rules.

If your Claim is being reduced and allowed for the purposes of voting on the Plan pursuant to the Debtors' objection, the Claims, Noticing, and Solicitation will provide you with a revised Ballot and Solicitation Materials for your modified Claim Amount. You are entitled to vote your modified Claim Amount on the Plan. **If you would like to vote the filed amount of your Claim, you must pursue a Resolution Event.**

If your Claim is being disallowed pursuant to the Debtors' objection, you are not entitled to vote on the Plan. Copies of the Disclosure Statement (including the Plan) and the Committee Letter are being provided to you in compliance with the applicable Bankruptcy Rules. **You will not receive a Ballot or other Solicitation Materials unless a Resolution Event occurs.**

**PLEASE TAKE FURTHER NOTICE THAT** if a Resolution Event occurs, then no later than one Business Day thereafter, the Claims, Noticing, and Solicitation Agent shall distribute a Ballot to you, which must be returned to the Claims, Noticing, and Solicitation Agent no later than the Voting Deadline, which is on **February 22, 2023 at 4:00 p.m. prevailing Eastern Time**.

**PLEASE TAKE FURTHER NOTICE THAT** you are receiving an opt in form (the "Opt-In Notice") regarding certain voluntary release provisions and provisions regarding the voluntary contributions of claims. The Plan and Disclosure Statement should be reviewed to inform your decision as to whether to complete the Opt-In Form or to contribute your Contributed Third-Party Claims to the Wind-Down Entity.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of any of the related documents, you should contact Stretto, Inc., the claims, noticing, and solicitation agent retained by the Debtors in these chapter 11 cases (the "Claims, Noticing, and Solicitation Agent"), by: (a) calling the Claims, Noticing, and Solicitation Agent at (855) 473-8665 (Toll Free) or +1 (949) 271-6507 (International); (b) e-mailing the Claims, Noticing, and Solicitation Agent at VoyagerInquiries@Stretto.com with a reference to "In re: Voyager - Solicitation Inquiry" in the subject line; or (c) writing to the Claims, Noticing, and Solicitation Agent at Voyager Inquiries, c/o Stretto 410 Exchange, Suite 100 Irvine, CA 92602. You may also obtain copies of any pleadings filed with the Court for free by visiting the Debtors' restructuring website, https://cases.stretto.com/Voyager/, or for a fee via PACER at: http://pacer.psc.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE THAT** if you have any questions about the status of any of your Claims, you should contact the Claims, Noticing, and Solicitation Agent in accordance with the instructions provided above.

> **ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE VIII.B CONTAINS A THIRD-PARTY RELEASE. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**
>
> **THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE CLAIMS, NOTICING, AND SOLICITATION AGENT.**

Dated: February 13, 2023　　　　　　*/s/ Joshua A. Sussberg*
New York, New York　　　　　　　　**KIRKLAND & ELLIS LLP**
　　　　　　　　　　　　　　　　　**KIRKLAND & ELLIS INTERNATIONAL LLP**
　　　　　　　　　　　　　　　　　Joshua A. Sussberg, P.C.
　　　　　　　　　　　　　　　　　Christopher Marcus, P.C.
　　　　　　　　　　　　　　　　　Christine A. Okike, P.C.
　　　　　　　　　　　　　　　　　Allyson B. Smith (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　601 Lexington Avenue
　　　　　　　　　　　　　　　　　New York, New York 10022
　　　　　　　　　　　　　　　　　Telephone:　　(212) 446-4800
　　　　　　　　　　　　　　　　　Facsimile:　　(212) 446-4900
　　　　　　　　　　　　　　　　　Email:　　　　jsussberg@kirkland.com
　　　　　　　　　　　　　　　　　　　　　　　cmarcus@kirkland.com
　　　　　　　　　　　　　　　　　　　　　　　christine.okike@kirkland.com
　　　　　　　　　　　　　　　　　　　　　　　allyson.smith@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

**OPTIONAL:  RELEASE OPT IN NOTICE**

You are receiving this Opt-In Notice because you are a Holder of a Claim or Interest that is not entitled to vote on the Plan.  Article IV of the Plan contains certain information regarding contribution of Contributed Third-Party Claims.  Article VIII of the Plan contains certain release, injunction, and exculpation provisions, including the Third-Party Releases set forth below.  You are advised to carefully review and consider the Plan, including the release, injunction, and exculpation provisions, as your rights may be affected. **Your decision to complete and return the Opt-In Notice is entirely voluntary and not a requirement under the Plan or applicable law**.

**If you choose to opt into the Third-Party Release set forth in Article VIII.B of the Plan and/or to contribute your Contributed Third-Party Claim(s) to the Wind-Down Entity, you may submit your election to opt-in by submitting the electronic version of your Opt In Notice through the e-balloting portal (the "E-Balloting Portal"), which can be accessed via the Debtors' restructuring website, https://cases.stretto.com/Voyager/balloting, according to instructions provided below**

**THIS OPT IN NOTICE MUST BE ACTUALLY RECEIVED BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT BY FEBRUARY 22, 2023, AT 4:00 P.M. PREVAILING EASTERN TIME (THE "OPT IN DEADLINE").**

**Item 1.  Amount of Claim**

The undersigned hereby certifies that, as of January 10, 2023 (the "Voting Record Date"), the undersigned was the Holder of a Claim in Class 3 in the following aggregate amount of claims (insert amount in box below):

| List of Coins Held on the Debtors' Platform as of the Petition Date | | | |
|---|---|---|---|
| Cyrptocurrency | Number of Units Held by Account Holder | Cyrptocurrency | Number of Units Held by Account Holder |
| 1. AAVE (AAVE) | | 54. ChainLink (LINK) | |
| 2. Cardano (ADA) | | 55. Locked Luna (LLUNA) | |
| 3. Algorand (ALGO) | | 56. Livepeer (LPT) | |
| 4. MyNeighborAlice (ALICE) | | 57. Loopring (LRC) | |
| 5. Amp (AMP) | | 58. Litecoin (LTC) | |
| 6. Ankr Protocol (ANKR) | | 59. Terra Luna (LUNA) | |
| 7. ApeCoin (APE) | | 60. Luna Classic (LUNC) | |
| 8. Cosmos (ATOM) | | 61. Decentraland (MANA) | |
| 9. Audius (AUDIO) | | 62. Polygon (MATIC) | |
| 10. Avalanche (AVAX) | | 63. Maker (MKR) | |
| 11. Axie Infinity (AXS) | | 64. Neo (NEO) | |
| 12. Band Protocol (BAND) | | 65. Ocean Protocol (OCEAN) | |
| 13. Basic Attention Token (BAT) | | 66. OMG Network (OMG) | |
| 14. Bitcoin Cash (BCH) | | 67. Ontology (ONT) | |
| 15. Biconomy (BICO) | | 68. Optimism (OP) | |
| 16. Bancor (BNT) | | 69. Orchid (OXT) | |
| 17. Bitcoin (BTC) | | 70. Perpetual Protocol (PERP) | |
| 18. BitTorrent (BTT) | | 71. Polymath (POLY) | |
| 19. Pancake Swap (CAKE) | | 72. Quant (QNT) | |
| 20. Celo (CELO) | | 73. Qtum (QTUM) | |
| 21. Chiliz (CHZ) | | 74. Raydium (RAY) | |
| 22. Nervos Network (CKB) | | 75. Ren (REN) | |
| 23. Compound (COMP) | | 76. Oasis Network (ROSE) | |
| 24. Curve Dao Token (CRV) | | 77. Sandbox (SAND) | |
| 25. Dai (DAI) | | 78. Shiba Inu (SHIB) | |
| 26. Dash (DASH) | | 79. Skale (SKL) | |
| 27. DigiByte (DGB) | | 80. Solana (SOL) | |
| 28. Dogecoin (DOGE) | | 81. Spell Token (SPELL) | |

| | | | |
|---|---|---|---|
| 29. Polkadot (DOT) | | 82. Serum (SRM) | |
| 30. dYdX (DYDX) | | 83. StormX (STMX) | |
| 31. Elrond (EGLD) | | 84. SushiSwap (SUSHI) | |
| 32. Enjin (ENJ) | | 85. OriginTrail (TRAC) | |
| 33. Ethereum Name Service (ENS) | | 86. TRON (TRX) | |
| 34. Eos (EOS) | | 87. TrueUSD (TUSD) | |
| 35. Ethereum Classic (ETC) | | 88. UMA (UMA) | |
| 36. Harvest Finance (FARM) | | 89. Uniswap (UNI) | |
| 37. Fetch.ai (FET) | | 90. USD Coin (USDC) | |
| 38. Filecoin (FIL) | | 91. Tether (USDT) | |
| 39. Flow (FLOW) | | 92. VeChain (VET) | |
| 40. Fantom (FTM) | | 93. Voyager Token (VGX) | |
| 41. Gala (GALA) | | 94. Waves (WAVES) | |
| 42. Golem (GLM) | | 95. Wrapped Bitcoin (WBTC) | |
| 43. The Graph (GRT) | | 96. Stellar Lumens (XLM) | |
| 44. Hedera Hashgraph (HBAR) | | 97. Monero (XMR) | |
| 45. Internet Computer (ICP) | | 98. Ripple (XRP) | |
| 46. ICON (ICX) | | 99. Tezos (XTZ) | |
| 47. IOTA (IOT) | | 100. Verge (XVG) | |
| 48. JASMYCoin (JASMY) | | 101. yearn.finance (YFI) | |
| 49. Kava (KAVA) | | 102. DFI.Money (YFII) | |
| 50. Keep Network (KEEP) | | 103. Yield Guild Games (YGG) | |
| 51. Kyber Network (KNC) | | 104. Zcash (ZEC) | |
| 52. Kusama (KSM) | | 105. Horizen (ZEN) | |
| 53. ChainLink (LINK) | | 106. 0x (ZRX) | |

**Item 2.**     **Important information regarding the Third-Party Release.**

AS A HOLDER OF A CLAIM OR INTEREST, YOU ARE A "RELEASING PARTY" UNDER THE PLAN IF YOU OPT IN TO THE RELEASES CONTAINED IN THE PLAN. YOU MAY CHECK THE BOX BELOW TO ELECT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.B OF THE PLAN. YOU WILL BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN <u>ONLY IF</u> (I) THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT IN TO THE RELEASES AND (II) YOU CHECK THE BOX BELOW AND SUBMIT THE OPT IN NOTICE BY THE OPT IN DEADLINE.

☐     **By checking this box, you elect to opt <u>IN</u> to the Third-Party Releases.**

**Article VIII.B of the Plan contains the following Third-Party Release:**

**Except as expressly set forth in the Plan, effective on the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by each and all of the Releasing Parties, in each case on behalf of themselves and their respective successors, assigns, and representatives, from any and all Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise, including any derivative claims asserted or assertable on behalf of any of the Debtors, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), their capital structure, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' out-of-court restructuring efforts, intercompany transactions between or among a Debtor and another Debtor, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Definitive Documents or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in**

5

**connection with the Definitive Documents, the pursuit of consummation of the Plan, the administration and implementation of the Restructuring Transactions, or upon any other act or omission, transaction, agreement, event, or other occurrence related to the Debtors taking place on or before the Effective Date, *provided* that nothing in Article VIII.B of the Plan shall be construed to release the Released Parties from actual fraud, willful misconduct, or gross negligence as determined by a Final Order.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in Article VIII.B of the Plan, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that each release described in Article VIII.B of the Plan is: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good-faith settlement and compromise of such Causes of Action; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) a sound exercise of the Debtors' business judgment; and (7) except to the extent contemplated by Article IV.E and Article IV.F of the Plan, a bar to any of the Releasing Parties or the Debtors or Wind-Down Debtors or their respective Estates or Wind-Down Entity asserting any Cause of Action related thereto, of any kind, against any of the Released Parties or their property.**

Definitions Related to the Debtor Release and the Third-Party Release:

1. Under the Plan, "*Released Parties*" means, collectively, in each case in its capacity as such: (a) the Debtors; (b) the Wind-Down Debtors; (c) the Committee, and each of the members thereof; (d) each of the Released Professionals; (e) Purchaser and each of its Related Parties; and (f) each of the Released Voyager Employees (subject to the limitations contained in Article IV.E and Article IV.F of the Plan); *provided that*, if the Asset Purchase Agreement is terminated, Purchaser and each of its Related Parties shall not be "Released Parties" under the Plan.

2. Under the Plan, "*Releasing Parties*" means, collectively, in each case in its capacity as such: (a) the Debtors; (b) the Wind-Down Debtors; (c) the Committee, and each of the members thereof; (d) each of the Released Professionals; (e) each of the Released Voyager Employees; (f) Purchaser and each of its Related Parties to the extent Purchaser is able to bind such Related Parties; (g) all Holders of Claims that vote to accept the Plan and affirmatively opt into the releases provided by the Plan; (h) all Holders of Claims that vote to reject the Plan and affirmatively opt into the releases provided by the Plan; and (i) all Holders of Claims or Interests that abstain from voting (or are otherwise not entitled to vote) on the Plan and affirmatively opt into the releases provided by the Plan; *provided that*, if the Asset Purchase Agreement is terminated, Purchaser and each of its Related Parties shall not be "Releasing Parties" under the Plan.

**Item 3.  Contributed Third-Party Claims.**

If the Plan is confirmed, all causes of action that the Debtors are entitled to bring against third parties not released under the Plan (the "Litigation Targets") will be transferred to the Wind-Down Entity. In addition to these causes of action that can only be commenced by the Wind-Down Entity, certain creditors may have direct causes of action against the Litigation Targets. However, it is difficult and expensive for individual creditors to sue third parties for losses. Accordingly, creditors can elect to contribute direct causes of action to the Wind-Down Entity. By opting in to contribute causes of action to the Wind-Down Entity, you are giving the Wind-Down Entity the right to pursue those direct causes of action on your behalf together with other creditors. As a result, the Wind-Down Entity will be able to use its resources to sue the Litigation Targets on those direct causes of action, and all recoveries will inure to the benefit of all creditors and not just those that agreed to contribute their claims. For the avoidance of doubt, the decision to "opt in" to contribute third-party claims is entirely voluntary, and the failure to "opt in" does not prejudice any electing creditors' rights.

By electing such option on this Ballot, you agree that, subject to the occurrence of the Effective Date and the formation of the Wind-Down Entity, you will be deemed, without further action, (i) to have irrevocably contributed your Contributed Third-Party Claims to the Wind-Down Entity, and (ii) to have agreed to execute any documents reasonably requested by the Debtors or the Wind-Down Entity to memorialize and effectuate such contribution.

6

**The Committee strongly encourages you to elect to contribute your Contributed Third-Party Claims to the Wind-Down Entity, which will allow the Wind-Down Entity to potentially seek greater recoveries for the benefit of Holders of Claims and Interests.**

☐ **By checking this box, you elect to contribute your Contributed Third-Party Claims to the Wind-Down Entity.**

Definitions Related to Contributed Third-Party Claims:

Under the Plan, "*Contributed Third-Party Claims*" means all direct Causes of Action that any Contributing Claimant has against any Person (other than a Debtor) that had a direct relationship with the Debtors, their predecessors, or respective affiliates and that harmed such Contributing Claimant in the claimant's capacity as a creditor of Voyager, including (a) all Causes of Action based on, arising out of, or related to the marketing, sale, and issuance of Cryptocurrency that at any point was held or offered on Voyager's platform; (b) all Causes of Action based on, arising out of, or related to the alleged misrepresentation of any of the Debtors' financial information, business operations, or related internal controls; and (c) all Causes of Action based on, arising out of, or related to any alleged failure to disclose, or actual or attempted cover up or obfuscation of, any of the Debtors' conduct prior to the Petition Date; *provided*, *however*, that Contributed Third-Party Claims do not include (i) any derivative claims of the Debtors; (ii) any direct claims against the Released Parties; (iii) any direct Causes of Action that any Contributing Claimant has against Mark Cuban, Dallas Basketball Limited d/b/a Dallas Mavericks, the National Basketball Association, and any of their Related Parties; or (iv) any direct Causes of Action that any Contributing Claimant, in its capacity as an equity holder of Voyager Digital Ltd., has that are asserted in the currently filed complaint, dated as of July 6, 2022, in the Ontario Superior Court of Justice by Francine De Sousa, against Voyager Digital Ltd., Stephen Ehrlich, Philip Eytan, Evan Psaropoulos, Lewis Bateman, Krisztian Toth, Jennifer Ackart, Glenn Stevens, and Brian Brooks.

**Item 4.    Certifications.**

By signing this Opt In Notice, the undersigned certifies:

(a) that, as of the Record Date, either: (i) the Entity is the Holder of the Claim set forth in Item 1; or (ii) the Entity is an authorized signatory for an Entity that is a Holder of the Claim set forth in Item 1;

(b) that the Holder has received a copy of the *Notice to Holders of Disputed Claims* and that this Opt In Notice is submitted pursuant to the terms and conditions set forth therein;

(c) that the Entity has submitted the same respective election concerning the releases with respect to all Claims in a single Class; and

(d) that no other Opt In Notice with respect to the amount(s) of the Claim have been submitted or, if any other Opt In Notices have been submitted with respect to such Claim, then any such earlier Opt In Notices are hereby revoked.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than Holder) |
| Title: | |
| Address: | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

**IF YOU WISH TO MAKE THE OPT IN ELECTION AND/OR ELECT TO CONTRIBUTE YOUR THIRD-PARTY CLAIMS, PLEASE SUBMIT THE ELECTRONIC VERSION OF YOUR OPT IN NOTICE THROUGH THE E-BALLOTING PORTAL PER INSTRUCTIONS PROVIDED BELOW:**

To submit your Opt In Notice via the online voting portal, please visit https://cases.stretto.com/Voyager/balloting and follow the instructions to submit your Opt In Notice.

The Claims, Noticing, and Solicitation Agent's online voting platform is the sole manner in which Opt In Notices will be accepted via electronic or online transmission. Opt In Notices submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

Please complete and submit an Opt In Notice for each Opt In Notice you receive, as applicable.

*   *   *