UNITED STATES SECURITIES AND
EXCHANGE COMMISSION
Therese A. Scheuer (*admitted pro hac vice*)
100 F. Street, NE
Washington, DC 20549
Phone: (202) 551-6029
Fax: (202) 772-9317
-and-
William M. Uptegrove (*pro hac vice admission pending*)
Atlanta Regional Office
950 East Paces Ferry Road, N.E.
Atlanta, GA 30326
Phone: (404) 842-5765

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

*In re:*

**VOYAGER DIGITAL HOLDINGS, INC., *et al*.,**[1]

**Debtors.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**Chapter 11**
**Case No. 22-10943 (MEW)**

**Jointly Administered**

Obj. Deadline: Feb. 22, 2023 at 4:00 p.m.
Hearing Date: March 2, 2023 at 10:00 a.m.

**OBJECTION OF THE U.S. SECURITIES AND EXCHANGE COMMISSION TO FINAL
APPROVAL OF THE ADEQUACY OF THE DEBTORS' DISCLOSURE STATEMENT
AND CONFIRMATION OF THE CHAPTER 11 PLAN**

The U.S. Securities and Exchange Commission (the "**SEC**") files this objection to final approval of the adequacy of disclosures in the Debtors' *Second Amended Disclosure Statement* ("**Disclosure Statement**") and confirmation of the *Third Amended Plan Joint Plan* [Docket No. 863] (the "**Plan**") because the Plan is unconfirmable under Section 1129 of 11 U.S.C §§ 101 *et seq*. ("**Bankruptcy Code**").[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

1. The SEC is the federal agency responsible for regulating the U.S. securities markets, protecting investors, and enforcing the federal securities laws. In that capacity, the SEC is formally investigating whether the Debtors and others violated the anti-fraud, registration, and other provisions of the federal securities laws.

2. Recent news has highlighted what can go wrong when crypto platforms fail to ensure adequate safeguards over customer assets.[3] For Account Holders, there is perhaps no more important issue. In this case, as set forth in the *Limited Objection And Reservation Of Rights Of The U.S. Securities And Exchange Commission To Debtors' Motions (I) Authorizing Entry Into The Binance US Purchase Agreement And (II) Conditionally Approving The Adequacy Of The Debtors' Disclosure Statement* [Docket No. 807], the Disclosure Statement and Plan do not include necessary information regarding the security of assets on the BAM Trading Services Inc. ("**Binance.US**") platform:[4]

- Specifically, they fail to adequately describe whether third parties, including Binance.US affiliates or foreign persons or entities, will have access to the keys for customer wallets or control over anyone with access to such wallets.

- Nor do they sufficiently explain what safeguards have been established to ensure that customer assets are not transferred off the Binance.US platform.

- Although the Debtors' witness made representations at the Disclosure Statement hearing regarding Binance.US's protocols, no declaration has been filed by Binance.US regarding its internal controls and practices relating to the safety and custody of customer assets.

---

[3] *See, e.g.*, Paul Vigna, *FTX Tapped Into Customer Accounts to Fund Risky Bets, Setting Up Its Downfall,* Wall Street Journal (Nov. 11, 2023), https://www.wsj.com/articles/ftx-tapped-into-customer-accounts-to-fund-risky-bets-setting-up-its-downfall-11668093732?mod=djemcrypto.

[4] At the initial Disclosure Statement hearing held on January 10, 2023, the Debtors stated that parties would be able to object to the sale transaction on any basis at the confirmation hearing. Tr. at 74-75, 77. This court also observed that issues regarding Binance.US's regulatory compliance were confirmation issues. Tr. at 114-15.

At a minimum, the Debtors should have to address these issues by providing evidence about who has access to customer assets and the nature of the controls and safeguards over such assets held at Binance.US post-confirmation.

3. The Plan and Disclosure Statement provide that as part of their Rebalancing Exercise, the Debtors will retain the right to sell crypto assets to provide a distribution to Account Holders. However, the Debtors have yet to demonstrate that they would be able to conduct such sales in compliance with the federal securities laws. *See* 11 U.S.C. 1129(a)(11); *see also In re One Times Square Assocs. Ltd. P'ship*, 159 B.R. 695, 709 (Bankr. S.D.N.Y. 1993) (explaining that feasibility includes any "matters which determine the prospects of a sufficiently successful operation to enable performance of the provisions of the plan"), *citing In re Landmark Plaza Park, Ltd.*, 7 B.R. 653, 659 (Bankr. D.N.J. 1980); *In re Toy & Sports Warehouse, Inc.*, 37 B.R. 141, 151 (Bankr. S.D.N.Y. 1984).

4. Here, the transactions in crypto assets necessary to effectuate the rebalancing, the re-distribution of such assets to Account Holders, may violate the prohibition in Section 5 of the Securities Act of 1933 against the unregistered offer, sale, or delivery after sale of securities. *See* 15 U.S.C. § 77e. The Disclosure Statement does not adequately address the possibility that these transactions may be prohibited or how such prohibition could impact the 51% recovery that Account Holders and holders of Opco General Unsecured Claims are estimated to receive under the Plan.[5]

---

[5] For example, as part of the Debtors' "Rebalancing Exercise," Voyager will buy and sell crypto assets, including the VGX token issued by Voyager, activity which may constitute the unregistered offer or sale of securities under federal law. In addition, Binance.US may be acting as an exchange as defined in Exchange Act Section 3(a)(1) and Rule 3b-16 thereunder without being registered as a national securities exchange or being exempt from such registration.

5.  The Debtors' silence on whether the contemplated transactions can be done consistent with federal law is fatal at confirmation, for it is the Debtors' burden to present credible evidence that the provisions of the Plan are feasible and not in violation of applicable law. *See In re Gramercy Twins Assocs.*, 187 B.R. 112,126 (Bankr. S.D.N.Y. 1995) ("The plan proponent has the burden of showing that the plan is feasible . . .").

6.  The Plan, Disclosure Statement, and APA also do not adequately describe the impact of potential regulatory actions on the purchaser, Binance.US, on account holders and their ability to trade crypto assets.  There are numerous public reports and press accounts concerning investigations into the purchaser and its affiliates.[6]  Regulatory actions, whether involving Voyager, Binance.US or both, could render the transactions in the Plan impossible to consummate, thus making the Plan unfeasible.

7.  Creditors and stakeholders are entitled to know whether this transaction provides them a meaningful economic benefit, or whether this is just a $20 million sale of Voyager's customer list to Binance.US.

8.  The SEC reserves all rights to supplement this Objection and to present evidence at any evidentiary hearing on this matter, including on grounds not raised in this Objection.

---

[6] *See*, *e.g.*, Dave Michaels, *Crypto Giant Binance Expects to Pay Penalties to Resolve U.S. Investigations*, Wall Street Journal (Feb. 15, 2023), https://www.wsj.com/articles/crypto-giant-binance-expects-to-pay-penalties-to-resolve-u-s-investigations-f1e3c9d2.

4

WHEREFORE, the SEC respectfully requests that the Court deny final approval of the Disclosure Statement and confirmation of the Plan, and grant such other and further relief that is just and proper.

Dated: Washington, DC
February 22, 2023

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION

By: /s/ Therese A. Scheuer
Therese A. Scheuer (*admitted pro hac vice*)
Senior Trial Counsel
100 F. Street, NE
Washington, DC 20549
Phone: (202) 551-6029
Fax: (202) 772-9317
scheuert@sec.gov

William M. Uptegrove
(*pro hac vice admission pending*)
Senior Trial Counsel
Atlanta Regional Office
950 East Paces Ferry Road, N.E.
Atlanta, GA 30326
Phone: (404) 842-5765
UptegroveW@sec.gov

Of Counsel: Alistaire Bambach

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of February, 2023, a true and correct copy of the foregoing Objection was furnished to all ECF Participants via the CM/ECF system, and further, served by email upon the following:

<u>Debtors' Counsel</u>
Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
Tel: (212) 446-4800
Fax: (212) 446-4900
Email: jsussberg@kirkland.com
       cmarcus@kirkland.com
       christine.okike@kirkland.com
       allyson.smith@kirkland.com

<u>Counsel to the Official Committee of Unsecured Creditors</u>
Darren T. Azman
Joseph B. Evans
McDermott Will & Emery LLP
340 Madison Avenue
New York, NY 10173
Tel: (212) 547-5615
Fax: (646)728-2942
Email: dazman@mwe.com
       jbevans@mwe.com

<u>Counsel to BAM Trading Services Inc. d/b/a Binance.US</u>
Adam J. Goldberg
Nacif Taousse
Jonathan J. Weichselbaum
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Fax: (212) 751-4864
Email: adam.goldberg@lw.com
       nacif.taousse@lw.com
       jon.weichselbaum@lw.com

Pg 7 of 7

Andrew D. Sorkin
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2200
Email: andrew.sorkin@lw.com

Office of the U.S. Trustee
Richard C. Morrissey
DOJ-UST
One Bowling Green
Room 534
New York, NY 10004
Tel: 212-510-0500
Email: richard.morrissey@usdoj.gov

/s/ Therese A. Scheuer
Therese A. Scheuer (*admitted pro hac vice*)