UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
                                          :
*In re*                                       :     Chapter 11
                                          :
VOYAGER DIGITAL HOLDINGS, INC., *et al.*, :     Case No. 22-10943 (MEW)
                                          :     (Jointly Administered)
                       Debtors.[1]    :
---------------------------------------------------------------- X    Re: Docket No. 911

### SUPPLEMENTAL DECLARATION OF MATTHEW M. MURPHY IN SUPPORT OF DEBTORS' APPLICATION PURSUANT TO SECTIONS 327(e) AND 330 OF THE BANKRUPTCY CODE FOR AUTHORITY TO EMPLOY AND RETAIN PAUL HASTINGS LLP AS SPECIAL REGULATORY AND CONFLICTS COUNSEL, EFFECTIVE AS OF THE PETITION DATE

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), I, Matthew M. Murphy, declare as follows:

1. I am a partner of the law firm of Paul Hastings LLP ("Paul Hastings"), located at, among other offices worldwide, 71 S. Wacker Drive, Forty-Fifth Floor, Chicago, Illinois 60606. I am one of the lead attorneys from Paul Hastings working on the above-captioned chapter 11 cases. I am a member in good standing of the Bar of the State of Illinois and have been admitted *pro hac vice* to this Court. There are no disciplinary proceedings pending against me.

2. I submit this supplemental declaration (the "Supplemental Declaration"), pursuant to Bankruptcy Rule 2014(a) to provide additional details concerning the disclosures contained in my original declaration (the "Original Declaration"), attached as Exhibit C to the *Debtors' Application Pursuant to Sections 327(e) and 330 of the Bankruptcy Code for Authority to Retain*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

1

*and Employ Paul Hastings LLP as Special Regulatory and Conflicts Counsel, Effective as of the Petition Date* [Docket No. 911] (the "<u>Application</u>")[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"). Except as otherwise set forth herein, this Supplemental Declaration does not replace anything in the Application or the Original Declaration.

3. The facts set forth in this declaration are based upon my personal knowledge, discussions with other Paul Hastings attorneys, and the firm's client/matter records that were reviewed by me or other Paul Hastings attorneys acting under my supervision and direction. To the extent any information disclosed in this Supplemental Declaration or the Original Declaration requires amendment or modification upon Paul Hastings' completion of further review or as additional information becomes available, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

## Supplemental Disclosures

4. Paul Hastings has not in the past and does not currently represent Celsius Network Limited ("<u>Celsius</u>"). On and after July 12, 2022, Paul Hastings executed a series of engagement letters (the "<u>Engagement Letters</u>") with certain current and former officers (the "<u>Officers</u>") of Celsius. The Engagement Letters contemplate that Paul Hastings would provide legal services to the Officers in connection with potential governmental investigations, civil litigation, or other proceedings or disputes involving the Officers' role with Celsius Network Limited and its direct or indirect subsidiaries (the "<u>Legal Services</u>"). Celsius was not a party to the Engagement Letters as a client, but did sign one of the Engagement Letters as an indemnitor and guarantor of legal fees. It is my understanding that the Officers have a right of

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Application.

indemnification from Celsius for, among other things, legal fees and costs related to the Legal Services pursuant to indemnity agreements (the "Indemnification Obligations"). Relatedly, certain of the Officers have filed proofs of claim in the bankruptcy cases of Celsius and its affiliate debtors and debtors in possession with respect to such Indemnification Obligations.[3]

5. As set forth in the Engagement Letters, Paul Hastings requested a retainer with respect to the Legal Services. In accordance with the Indemnification Obligations, on July 12, 2022, Celsius issued a wire to Paul Hastings in the amount of $750,000.00 on behalf of the Officers, as an advance retainer for Paul Hastings' representation of the Officers with respect to the Legal Services (the "Retainer Payment").[4]

6. While the Retainer Payment was issued by Celsius, Paul Hastings represents the Officers and not Celsius. The Retainer Payment was made by Celsius on account of the Indemnification Obligations. Paul Hastings has not in the past and does not currently represent Celsius.

7. After filing the Original Declaration, I learned that Paul Hastings was listed on Celsius's Statement of Financial Affairs with respect to the Retainer Payment. *See In re Celsius Network Limited*, Case No. 22-10966 (MG) (Bankr. S.D.N.Y. Oct. 5, 2022) [Docket No. 6]. Paul Hastings does not believe it has preference liability under section 547 of the Bankruptcy Code for the Retainer Payment because the payment was not on account of antecedent debt (*See* Section 547(b)(2)). Nevertheless, if Celsius ultimately brings a preference claim, Paul Hastings and Celsius will be adverse to one another. Further, Paul Hastings is also adverse to Celsius with respect to its representation of the Debtors in the Conflict Matter (i.e., filing and prosecuting a

---

[3] As a courtesy, Paul Hastings assisted certain Officers in filing proofs of claim, but the firm was clear that we were not advising them beyond the matters set forth in the Engagement Letters.

[4] The Officers are also asserting rights for payment of Legal Services under the Directors and Officers Coverage of Celsius Network, Inc.

claim for the Debtors in the chapter 11 cases of Celsius Network LLC and its affiliated debtors and debtors in possession and opposing the late filed claim of Celsius Network LLC in the Debtors' Chapter 11 Cases).

8. Accordingly, Paul Hastings is adverse to Celsius with respect to the Conflict Matter and will be adverse to Celsius if Celsius asserts a preference claim against Paul Hastings. As such, I do not believe that there is any conflict of interests in regards to Paul Hastings representation of the Debtors with respect to the Conflict Matter.

[*Remainder of Page Intentionally Left Blank*]

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 22nd day of February, 2023

/s/ Matthew M. Murphy
Matthew M. Murphy