Tracy Hendershott
Pro Se Creditor
Florida, USA

Seth Jones
Pro Se Creditor
Florida, USA

Trevor Brucker
Pro Se Creditor
Minnesota, USA

**UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK**

_____
                                                      )
In re:                                               )          Chapter 11
                                                      )
Voyager Digital Holdings, Inc, et al.,[1]   )          Case No. 22-10943 (MEW)
                                                      )
                    Creditors              )          (Jointly Administered)
_____ )

**OBJECTION TO DISCLOSURE STATEMENTS AND PLAN, with MOTION TO:**
**1) REMOVE EXISTING DEBTOR AND UCC LEADERSHIP, AND THEIR APPOINTEES FOR ADMINISTRATION OF WIND DOWN TRUST, IN LIEU OF UST APPOINTED TRUSTEE**
**2) CLASSIFY DEBTOR CREDITORS AS FRAUD VICTIMS FOR RELIEF UNDER IRS REVENUE RULING 2009-9**
**3) REMOVE ALL RELEASES FOR DEBTORS AND 3RD PARTIES.**

 The above-captioned creditors (the "Creditors") state the following in support of this objection and motion (this "Motion"):

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

**RELIEF REQUESTED**

1. The Creditors seek entry of an order requesting this Court to remove existing Debtor, UCC

leadership and appointees in lieu of UST appointed Trustee for the Wind Down entity, classify

Voyager Digital customers as Fraud Victims for relief under IRS Revenue Ruling 2009-9, and

remove all releases for Debtors and 3rd parties.


**JURISDICTION AND VENUE**

3. The United States Bankruptcy Court for the Southern District of New York (the "Court") has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing

Order of Reference from the United States District Court for the Southern District of New York,

entered February 1, 2012. The Creditors confirm their consent to the Court entering a final order

in connection with this Motion to the extent that it is later determined that the Court, absent

consent of the parties, cannot enter final orders or judgments in connection herewith consistent

with Article III of the United States Constitution.


4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.


5. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 1334(b) and 157. Venue

of these proceedings and this Motion is proper in this district pursuant to 28 U.S.C. § § 1408

and 1409. This is a core proceeding under 28 U.S.C. § 157(b). The statutory predicates for the

relief requested herein are Bankruptcy Code §§ 105(a), 1104(a), and 1106(a).


6. The Debtors are liquidating and have no intention or possibility of continuing as an ongoing

business entity due to operating an illegal earned interest program, which is causing the SEC to

2

file formal charges amongst the Debtors industry peers for the exact same actions.  Additionally, as defined by Black's Law Dictionary, 9th edition, 2009 [2];  the Debtors appear to have operated as a Ponzi scheme.  Finally, the Debtors released false and misleading advertisements [3] and testimonies [4], to entice additional investors and customers into their scheme.  These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 18].

## **BACKGROUND**

7. May we first begin by pleading with your Honor, as Pro Se creditors with zero bankruptcy or legal training, you please honor the SCOTUS request of granting non-represented creditors "special solicitude"  and "to be given a liberal construction".  We plead that if formatting or process is inadequate in this filing, please grant us opportunity to correct versus dismissal.

8.  We recognize that this relief would be best served if enacted in 2022, at the first opportunity when Debtors were known to not be a viable on-going entity.  It is of our opinion, that the parties responsible for this activity chose not to take action, due to self serving interests, breaking their fiduciary responsibility to the creditors.  That leaves it to the unrepresented, financially damaged unsecured creditors to take action.  For myself, we were located in direct hit from Hurricane Ian in September 2022, which was subsequently declared by the President as a formal Disaster area. [4]  We were without power for almost a month, and without telephone or internet

---

2. "A fraudulent investment scheme in which money contributed by later investors generates artificially high dividends or returns for the original investors, whose example attracts even larger investments. Money from the new investors is used directly to repay or pay interest to earlier investors, [usually] without any operation or revenue-producing activity other than the continual [deposit] of new funds."
3. https://www.fdic.gov/news/press-releases/2022/pr22056.html & https://www.investvoyager.com/blog/voyager-is-now-fdic-insured/ (wayback machine, www.invest.voyager.com, 6-Dec-2019, scan at 22:45:01
4. https://cases.stretto.com/public/x193/11753/PLEADINGS/1175301092380000000090.pdf (attachment 2)

connectivity until year end.  This eliminated our ability to stay fully connected with the on-going proceedings and evolution of this case until January 2023.  We plead that this is taken into consideration when evaluating the timeliness of filing this motion.

9.  The Supreme Court has ruled "The principal purpose of the Bankruptcy Code is to grant a "`fresh start'" to the "`*honest* but unfortunate debtor.'" [5]  The false and misleading actions of the Debtor, has already been documented in previous pleadings and class actions which including independent blockchain analysis by professional 3rd parties, support the removal of Debtors in Possession and appointment of Trustee. [6,7]

10.  The perceived or factual elements of fraud/Ponzi Scheme status is substantial in this case. The Securities and Exchange Commission (SEC) highlights the following elements as Red Flags for Fraud/Ponzi status [8]:

---

4. https://www.fema.gov/press-release/20220929/president-joseph-r-biden-jr-approves-major-disaster-declaration-florida
5. *Grogan v. Garner*, 498 U.S. 279, 286, 287, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) (emphasis added)

**a) High investment returns with little or no risk**

  i)  Debtors offered ever increasing, extraordinary interest rates compared to market

     averages, enticing additional investors into the scheme (all the while, failing to

     deliver profit year after year):

Table 1

| YEAR | Avg. Money Market Interest | Voyager Digital Interest | Multiple of Voyager versus Market | Annual Loss from Continuing Operations | Total Digital Asset Market Cap (midpoint of each year) [15] |
|------|------|------|------|------|------|
| 2019 | 0.35% [9] | 5.00% [12] | **14.3x higher** | (30.8) million | 310 Billion |
| 2020 | 0.16% [10] | 9.50% [13] | **59.4x higher** | (10.2) million | 263 Billion |
| 2021 | 0.13% [11] | 12.0% [14 (Polkadot)] | **92.3x higher** | (51.5) million | 1,443 Billion |
| 2022 | Bankruptcy | | | | |

**b) Overly Consistent Returns**:  As can be evidenced in the last two columns of Table 1,

   even as the volatility of the total market capitalization of digital assets rose and fell,

   extraordinary interest payments and returns were still maintained, while profits from

   continuing operations were in the negative. [13]

**c) Unregistered Investments:**  Debtors received Cease and Desist orders from the

   enforcement agencies of the States of; Indiana, Kentucky, New Jersey, South Carolina,

6. https://cases.stretto.com/public/x193/11753/PLEADINGS/1175302012380000000126.pdf
7. https://www.dropbox.com/s/0g59xy12xbls05n/D.E.%201%20Complaint%20%28With%20Exhibits%2C%20Summons%2C%20and%20Civil%20Cover%29.pdf?dl=0
8. https://www.sec.gov/files/ia_virtualcurrencies.pdf
9. https://www.ncua.gov/analysis/cuso-economic-data/credit-union-bank-rates/credit-union-and-bank-rates-2019-q4
10.. https://www.ncua.gov/analysis/cuso-economic-data/credit-union-bank-rates/credit-union-and-bank-rates-2020-q4
11. https://www.ncua.gov/analysis/cuso-economic-data/credit-union-bank-rates/credit-union-and-bank-rates-2021-q4
12. https://www.businesswire.com/news/home/20191022006202/en/Voyager-Digital-Launches-New-Bitcoin-Interest-Program
13. https://www.investvoyager.com/blog/year-in-review-2020/
14. https://twitter.com/investvoyager/status/1410657710203412484
15. https://coinmarketcap.com/charts/
16. https://cases.stretto.com/public/x193/11753/PLEADINGS/1175301092380000000090.pdf

d) California and Oklahoma and orders to show cause in the States of Alabama, Texas, Vermont and Washington, all focused on varying degrees of offering unregistered investments to the customers. [17]

e) **Unlicensed Sellers**:  The cease and desist orders, as well as the show cause filings, from the various states, have at their core claims of the Debtors being unlicensed sellers, offering unregistered securities, via the Earn Program.  The Debtors are not registered sellers with National or any State agencies for this service type. [18, 19, 20, 21, 22, 23, 24]

f) **Secretive and/or complex strategies and fee structures**: In keeping with the trend for false and misleading marketing, Debtors have consistently promoted their offering of "100% commission free" to prospective customers.  Two independent professional parties, CipherBlade and CASTELL Computer and Systems Telecommunications Limited, were hired to perform analysis on the hidden cost structure of Debtor's "100% commission free" model.[7]  The conclusion of both independent professional's analysis resulted in their statement that activity of the Debtors "are designed to be intentionally obscure and to provide Debtors with hidden commissions on every trade that in most cases exceed the disclosed fees and commissions charged by its competitors." [7]

---

17. https://www.prnewswire.com/news-releases/voyager-news-release-301513643.html
18. https://www.nj.gov/oag/newsreleases22/Voyager%20Summary%20Order.pdf
19. https://kfi.ky.gov/Documents/Voyager%20Digital%20Ltd%202022AH0002.pdf
20. https://dfi.wa.gov/documents/securities-orders/S-21-3218-22-SC01.pdf
21. https://dfr.vermont.gov/reg-bul-ord/voyager-digital-show-cause-order
22.https://www.scag.gov/media/5libuy4x/2022-04-06-in-re-cease-and-desist-voyager-digital-ltd-et-al-matter-no-20221067-final-0294 4493xd2c78.pdf
23. https://dfpi.ca.gov/wp-content/uploads/sites/337/2022/06/D-R-Voyager-Digital-LLC.pdf
24. https://www.ssb.texas.gov/sites/default/files/2022-04/20220412_FINAL_Voyager_NOH_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.pdf

g) **No minimum investor qualifications:** Debtors required only the downloading of an app, manually entering in contact and address information and connecting a bank account to their app, to initiate the customer financial relationship.  They never performed qualifications standardized in the industry for accredited or non-accredited investors, nor even performed basic KYC function with requirement of government issued ID, until much later in their company history.  For example, I was asked to submit a headshot with government issued ID in April of 2022, long after being a customer on their platform.

h) **Issues with paperwork**:  Debtors revised Customer Agreements with zero notification to historical customers, greatly increasing customer risk assignment, exclusively in favor of the Debtors.[6]  There have also been numerous inconsistencies between Debtor Financial Statements, with their filings throughout this bankruptcy process.[6]

i) **Difficulty receiving payments:** Debtors made it impossible for customers to withdraw a significant portion of their investments on the Voyager platform.  These consisted of investments in:  Algorand, Cosmos, Avalanche, BitTorrent, PancakeSwap, Celo, CKB Nervos Network, Digibyte, Polkadot, Elrond, EOS, Filecoin, Flow, Hedera Hashgraph, Internet Computer, ICON, IOTA, Kava, Keep Network, Kusama, Locked Terra Luna, Terra Luna, Luna Classic, NEO, Ontology, Optimism, Qtum, Raydium, Oasis Network, Solana, Tron, VeChain, Waves, Stellar Lumens, Monero, Ripple, Tezos, Verge, Zcash, Horizen. In addition to not allowing their customers to withdraw these investments, the Debtors financially encouraged their customers to "roll over" their interest payments and investments, in order to receive a higher rate of return. This is verbatim from SEC Ponzi warning sheet, where they state: *"Ponzi scheme organizers sometimes encourage participants to "roll over" promised payments by offering higher investment returns."* [8] The Debtors incentivized with offers of increases of 0.5%, 1.0% and 1.5% to all your

interest payments, Refer a Friend program and Crypto Back Rewards,  for rolling over into ever increasing numbers of their proprietary token, VGX.[25]

j)  **It comes through someone with a shared affinity:**  The Debtors relied heavily on recruitment via "Friends & Family" and influencers, both within the Sports world and Crypto Influencer worlds.  This brought in customers, with the vast majority of them being unaccredited and per the words of the CEO Steve Ehrlich, *"99% of our users are retail traders."* [26]  Beyond the Friends and Family program, the Debtors sourced unaccredited customers via shared affinity with Mavericks (of NBA league) and Mark Cuban (owner), Rob Gronkowski (of NFL league), the entire National Women's Soccer League (NWSL) and Landon Cassill (of NASCAR league).  In addition, they used Crypto influencers as sources of shared affinity, establishing relationships with YouTube crypto channels: Wolf of All Streets, MarketRebellion, Digital Asset News, Trade The Chain and DJ Crypto.  All using their influence with mostly unaccredited investors, with at least some achieving personal gain for themselves via partnerships, marketing contracts and/or referral fees.


11.  The actions of the Debtors pre and post bankruptcy, with zero chance of reorganization in this case, since mid-2022, all leads to removal for cause and is the root of overwhelming distrust from the creditors and public at large.  Since submitting documentation that validates the widespread distrust on January 9th, 2023 to this Court's attention (Court Document 843), hundreds more respondents in the independent 3rd party survey service (SurveyMonkey) have added their voices.  The results are exactly the same when there were only 600 respondents.  Summary table of respondent sentiment is below (See attachment A for actual SurveyMonkey screenshots):

25.   https://www.investvoyager.com/vlp
26.   https://www.youtube.com/watch?v=nKevUsTGN3I (5:05 mark)

| QUESTION | Percentage response | Number of Respondents |
|---|---|---|
| Do you feel Steve Ehrlich should be removed from his CEO position immediately, and for cause, forfeiting his salary/benefits/protections as Officer of Voyager? | 97% YES<br><br>3% NO | 804 |
| Do you feel Evan Psaropoulous should be removed from his CCO position immediately, and for cause, forfeiting his salary/benefits/protections as Officer of Voyager? | 97% YES<br><br>3% NO | 797 |
| Do you feel Pam Kramer should be removed from her position as CMO (Chief Marketing Officer) immediately, and for cause, forfeiting her salary/benefits/protections as Officer of Voyager? | 97% YES<br><br>3% NO | 799 |
| Do you feel all Officers and Board of Voyager Digital should be dismissed for cause (forfeiting their pay/benefits/protections), and Executor appointed to liquidate company and assets, immediately? | 96% YES<br><br>4% NO | 801 |
| Do you feel performance of Voyager UCC has adequately represented best interests of creditors? | 97% YES<br><br>3% NO | 811 |
| If you answered No to Question 1, do you recommend removing Jason Raznick as Chairman of UCC and the committee? | 94% YES<br><br>6% NO | 784 |
| If you answered No to Question 1, do you recommend removing MWE (McDermott) as legal counsel from the UCC and representing the creditor class? | 92% YES<br><br>8% NO | 756 |

12.   The creditors in this case have been induced into being customers of the Debtors with False and Misleading statements.  Substantial evidence supports the creditors then facing fraud/Ponzi Scheme type behaviors. The Debtors then take $10 million of creditor recovery funds, and place them into account exclusively for their own individual legal defenses. Both the Debtors and UCC failed in their fiduciary duty to the creditors by choosing to remain in Chapter 11, long after reorganization was known not to be possible.  This is resulting in >$250 million of

professional and bankruptcy fees, in damages to the creditors.    Both the Debtors and UCC choose to move forward with FTX bid, despite numerous concerns from both Creditors and red flags from the public at large.  This knowledge was known by Debtors and UCC and is well documented by counsel for UCC reaching out to counsel for FTX and stating as such. [27] Despite all these creditor concerns, Debtors and UCC still proceeded with FTX, which then collapsed, causing between $114 to $122 million in damages to creditors, by their own admission.  The Debtors and UCC choose to not apply the Back Up Bidder clause, which was in the approved Bidding Plan, resulting in months of delay, and Binance.US reducing their original bid of $50 million, down to $20 million, causing another $30 million in damages to the creditors and unnecessary Debtor salaries and professional fees.  The Debtors and UCC are now pushing for the Binance.US bid, despite Judge Wile requesting that they offer an option for Binance.US or liquidation (Toggle) and the Debtors overruled the Judge's suggestion.  Despite Federal Agency objections, despite State Attorney General objections, despite creditor objections that the parent company has no global domicile address, has no financial auditing firm or service (self declared), has no USD on-ramping or off-ramping (self declared), refuses to share their books with State regulatory agencies and similar other public/creditor concerns as found in the FTX instance. Binance.US has refused to talk or participate in townhalls with creditors, further raising red flags.   This documents a repeated failure of fiduciary duty to both customers (pre-petition) and creditors (post-petition).

13)  Creditors have expressed concerns about perceived conflicts of interest between Debtor and UCC leadership, that we have not been able to receive clarification on from the DOJ or this Court.  There a long standing financial business relationship between the Debtor founder/CEO and UCC leadership, going back a decade.  Debtor Founder (via Lightning company) pays

---

27. https://cases.stretto.com/public/x193/11753/PLEADINGS/1175302012380000000038.pdf (page 252)

funds to UCC Leadership as Sponsorship of Benzinga website for years, while UCC Leadership pays funds to Debtor Founder for Plenary Speaking and Judgeship roles.[28, 29, 30]  as well as publicly proclaimed significant friendship, being "Brothers from another Mother". [31] This level of engagement goes beyond casual associates within the financial world, to one where the damages accrued by creditors, highlighted in paragraph 12, indicate a failure of fiduciary duty to the creditors. In addition, the UCC leadership has channeled creditor assets to their self chosen legal counsel, McDermott, Will & Emory, who then directly paid Jason Raznick's company[32] to sponsor UCC leadership Crypto Conference.  Us creditors feel this is "self dealing" and abuse of authority of their role as leadership and fiduciary duty of creditors, by personally enriching UCC chairman.

---

28. Sponsorship of Benzinga by Steve Ehrlich, Founder/CEO of Lightning (Wayback Machine, https://web.archive.org/web/20140531154857/http://www.benzinga.com/) Screenshot from May 31, 2014

29. Sponsorship of Benzinga by Steve Ehrlich, Founder/CEO of Lightning (Wayback Machine,
https://web.archive.org/web/20151231155530/http://www.benzinga.com/) Screenshot from December 31, 2015



30. Steve Ehrlich Speaking fees ($10,000 - $20,000 event) https://www.aaespeakers.com/keynote-speakers/steve-ehrlich



31. Youtube interview between Steve Ehrlich and Jason Raznick (April 14th, 2021)
https://twitter.com/investvoyager/status/1382375150532894720?s=46&amp;t=o5aImuelTW_touDaAfamYw  Script at 1:09.25 mark–
Jason, "do I count as one of your brothers?" Steve, "I have two biological brothers. You're a brother from another mother." Jason,
"totally."

32. https://www.mondaq.com/pressrelease/102642/future-of-crypto-by-benzinga (McDermott Sponsorship of Benzinga conference)
December 6th, 2022

## United States: Future Of Crypto By Benzinga

06 December 2022

McDermott Will & Emery

McDermott is pleased to sponsor Future of Crypto By Benzinga on December 7, 2022, in New York City.
Known as the biggest day of the year for crypto enthusiasts, entrepreneurs, investors and networkers, Future
of Crypto brings together the brightest minds in crypto and dealmaking.

Joe Evans, Co-Chair of the FinTech & Blockchain Group and Head of Crypto Litigation and Regulatory Defense
at McDermott, is attending the conference taking place at Pier Sixty.

Learn more about the conference and buy tickets here.

### EVENT INFORMATION

LEARN MORE

**December 7, 2022**

14. Additionally, the UCC leadership has abdicated repeatedly their role and responsibilities to the creditor class.   They have disparaged the creditor victims in this case by calling them gamblers,[31] told the creditor class they are not at all empowered or responsible for the legal fee review/approval of their chosen legal representation,[32] refused to act to file motions challenging fee overages from professional invoices,[33] guided creditors to "write letters to the judge" as method of achieving actions that UCC refused to engage themselves, which is clearly not effective and stated as such by Judge Wiles,[33] abdicates their role as being responsible for communication to and for the creditor class,[34] then tells creditors to join the committee and participate, only to reject that exact same action when creditors applied to do so via the DOJ UST office,[35] flippantly treats the creditors with contempt and brushes off any attempts creditors to gain information into case/motion status (never once has the official UCC email channel responded to a single e-mail I have sent to them), [36, 37] and abdicates their role again as fiduciary responsibility for the creditors, by telling creditors the Chairman is not empowered, which is complete falsehood. [38]  Throughout the existing 7 months of this case thus far, UCC has never once filed motion challenging a single professional appointment or fee invoice.

31.  Jason Raznick communication to creditor



32. Jason Raznick communication to creditor dated December 22, 2022



33. Jason Raznick communication to creditor dated December 19, 2022



34. Jason Raznick communication to creditor dated September 26, 2022



35. UST Morrisey response to creditor, after attempting to follow Jason Raznick advice of joining committee.

Re: <u>Voyager Digital Holdings, Inc., *et al.*</u>
Case No. 22-10943 (MEW) SDNY

Dear Mr. Hendershott:

I am writing with respect to your request, dated September 12, 2022, that the United States Trustee expand the membership of the Official Committee of Unsecured Creditors (the "Committee") in the above-referenced chapter 11 cases. Upon receipt of your request, we consulted and raised your concerns with counsel to the Committee.

After considering your request, the United States Trustee has decided not to expand the Committee at this time. We encourage you to reach out to the Committee and its counsel to raise your concerns. Thank you.

Very truly yours,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE
Region 2

By: <u>/s/ Richard C. Morrissey</u>

36.  Jason Raznick communication to creditor dated December 4, 2022



37. Jason Raznick communication to creditor dated October 11, 2022



38. Jason Raznick communication to creditor dated December 2nd, 2022



39.  Jason Raznick communication to creditor forwarding communication between himself and Mr. Hage (Personal counsel currently and proposed Administrator for Wind Down Trust)



15.  In addition, the personal legal counsel for UCC Chairman, Mr. Hage, displays the same level of disregard for creditor communication, and indicates in his opinion that communication has been best in class throughout this case.[40]  The evidence points otherwise.  UCC e-mail channel is not responded too, UCC chairman is antagonistic to creditors, the EPIQ website that is paid for out of Creditor Recovery funds is grossly and negligently outdated,[41, 42] the vast majority of the creditors responding to poll clearly want the UCC removed[(Exhibit A)] and yet Mr. Hage believes this is best in class.  This all supports the removal of the Debtors, UCC leadership and their appointment of Mr. Hage as Administrator of the Wind Down Trust, being replaced with a Trustee by the DOJ UST office. In addition, removal of all releases to Debtor and 3rd parties, is warranted.

16.  Your Honor, you have stated in previous hearings repeatedly about not being able to change the past.  With hindsight, Chapter 7 conversion and appointment of Trustee was warranted in this case.  But these issues and requested reliefs are in the present and for the future. The trust is broken, fraud has occurred and fiduciary roles have failed, and we need a court appointed trustee, not a continuation of "business as usual" with the existing Debtor and UCC organizations, and their appointees.

40. UCC chairman forwarding communication from Mr. Hage (personal counsel at time, proposed Administrator for Wind Down Trust)



41.  Screen grab from February 22nd, 2023 of EPIQ Voyager communication website with no updates as to voting or hearings since 2022.  December 8th, 2022 being last time calendar was updated, leaving creditors with no insight as to current voting schedule or notification of critical hearings.



42.  Screen grab from February 22nd, 2023 of EPIQ Voyager communication website with no updates as to operating reports since September 2022.



**BASIS FOR RELIEF**

16.  Bankruptcy Code 1104(a)(1) states:

 *(a)At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee—*

> *(1)for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or*

> *(2)if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.*

Customers/creditors of the Voyagers have experienced every single element of Fraud/Ponzi highlighted by the SEC, in this case.  Suffering substantial financial harm in the process. Dishonesty has been established by the FTC/Federal Reserve with their uncontested Cease and Desist order, of false and misleading inducement to sign up as customers.  The Debtors own Board Special Investigation, found the existing management at fault of incompetence and gross mismanagement with the placement of $1 billion (at time of loan) of customer/creditor assets into possession of 3rd party, with zero collateral or adequate due diligence.  The Debtors also fraudulently transferred $10 million of creditor assets and placed into escrow account, for their own personal use as legal defense funds.  The Debtors and UCC leadership caused continuing damages post-petition by failing to implement Back Up Bidder, from the Bidding Plan. Debtors and UCC selected a 3rd party, with faulty due diligence, as winner of liquidation auction, causing more financial harm to the creditors, $114 - 122 million in damages, by their own admission . Instead of pursuing estate cause of actions, both the Debtors and UCC plead for full

and comprehensive releases/discharges for all parties, including 3rd parties with zero considerations given in exchange to creditors.  Both the Debtors in Possession and UCC have failed their fiduciary duties to the creditors and estate—such as the duty of care to protect assets, the duty of loyalty, and a duty of impartiality—that debtors-in-possession owe to the bankruptcy estate. *In re Ford Steel, LLC,* 629 B.R. 871, 889 (Bankr. S.D. Tex. 2021) (citing *In re Bowman,* 181 B.R. 836, 843 (Bankr. D. Md. 1995) and *In re Eurospark Indus., Inc.,* 424 B.R. 621, 627 (Bankr. E.D.N.Y. 2010)). As relief, they and their proposed appointee for Wind Down Trust administration role, need to be replaced with DOJ UST appointed Trustee.

17. Bankruptcy code 11 U.S. Code § 727 states:

> *(a)The court shall grant the debtor a discharge, unless—*
>
> > *(1)the debtor is not an individual;*
> >
> > *(2)the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—*
> >
> > > *(A)property of the debtor, within one year before the date of the filing of the petition; or*
> > >
> > > *(B)property of the estate, after the date of the filing of the petition*

Debtors have defrauded creditors' pre-petition by removing $10 million of creditor recovery funds, into self serving policy, acting as escrow account.  This has already been established by Judge Wile in proceedings in this case.  In addition, by failing their responsibility of fiduciary duty to the creditors, both the Debtors and UCC have destroyed over $200 million of creditor assets,

post-petition, in this case.  This excludes them from the Court granting releases/discharges, based upon these actions.

In addition, all non-Debtor remaining 3rd parties, have attempted to achieve releases/discharges in the existing plan.  In *re Purdue Pharma, LP, 635 BR 26 - Dist. Court, SD New York 2021,* it was established that "*There is no indication, either in the text of the statute or in the legislative history, that Congress ever envisioned that a bankruptcy court could discharge the debts of non-debtors that were not also debts of the debtor.*"  In addition, 1123(a)(5) of the Bankruptcy Code provides that a plan of reorganization must "provide adequate means for [its] implementation." 11 U.S.C. § 1123(a)(5). That section contains a laundry list of things that a plan can include in order to make sure that resources are available to implement the plan.  The consideration proposed in exchange for releases being granted to the Debtor CEO and CCO, being less than 0.15% of the estate value, have absolutely no effect on the plan effectiveness.  It is nothing more than an attempted pathway for Debtors to hide from the consequences of their actions.  In addition, the Purdue case states:  "*Injunctions against the prosecution of third-party claims against non-debtors, and the release of such claims, are nowhere to be found on that list.*"  None of the releases to 3rd parties, in the current plan, are required for Plan Confirmation, nor has any single 3rd party exchanged considerations to the estate, to warrant such a substantial protection for their individual and collective actions. For these reasons, as well as those found in the multitude of other objections to existing Plan terms, we respectfully request this Court to eliminate all protections of releases in the existing plan.

**NOTICE**

15.  The Creditors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the U.S. Trustee; (b) the Committee; ( c) the United States Attorney's Office for the Southern District of New York; (d) the Attorney General in the States where the Debtors conducted their business operations and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Creditors submit, that in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Creditors respectfully request that the Court grant the requested reliefs herein and such other relief as the Court deems appropriate under the circumstances.

Dated:  February 22nd, 2023

`

CREDITORS

/s/ Tracy Hendershott
Tracy Hendershott
Florida, USA
tokyotracy@gmail.com

/s/ Trevor Brucker
Trevor Brucker
Minnesota, USA
TrevorBrucker@hotmail.com

/s/ Seth Jones
Seth Jones
Florida, USA
VoyagerVictims@gmail.com

**<u>Exhibit A</u>**

**SurveyMonkey Results**

## Q1 Do you feel performance of Voyager UCC has adequately represented best interests of creditors?



| ANSWER CHOICES | RESPONSES | |
|---|---|---|
| Yes | 3.33% | 27 |
| No | 96.67% | 784 |
| TOTAL | | 811 |

## Q2 If you answered No to Question 1, do you recommend removing Jason Raznick as Chairman of UCC and the committee?



| ANSWER CHOICES | RESPONSES | |
|---|---|---|
| Yes | 93.62% | 734 |
| No | 6.38% | 50 |
| TOTAL | | 784 |

## Q3 If you answered No to Question 1, do you recommend removing MWE (McDermott) as legal counsel from the UCC and representing the creditor class?

Answered: 756    Skipped: 57



| ANSWER CHOICES | RESPONSES | |
|---|---|---|
| Yes | 91.67% | 693 |
| No | 8.33% | 63 |
| TOTAL | | 756 |

## Q4 If you answered No to Question 1, do you recommend expanding the UCC membership from current 7 members to 9 members (with community input to US Treasury, who controls the UCC structure)?

Answered: 774    Skipped: 39



| ANSWER CHOICES | RESPONSES | |
|---|---|---|
| Yes | 90.57% | 701 |
| No | 9.43% | 73 |
| TOTAL | | 774 |

## Q1 Do you feel Steve Ehrlich should be removed from his CEO position immediately, and for cause, forfeiting his salary/benefits/protections as Officer of Voyager?

Answered: 804    Skipped: 3



| ANSWER CHOICES | RESPONSES | |
|---|---|---|
| Yes | 97.26% | 782 |
| No | 2.74% | 22 |
| TOTAL | | 804 |

## Q2 Do you feel Evan Psaropoulous should be removed from his CCO position immediately, and for cause, forfeiting his salary/benefits/protections as Officer of Voyager?

Answered: 797    Skipped: 10



| ANSWER CHOICES | RESPONSES | |
|---|---|---|
| Yes | 97.37% | 776 |
| No | 2.63% | 21 |
| TOTAL | | 797 |

## Q3 Do you feel Pam Kramer should be removed from her position as CMO (Chief Marketing Officer) immediately, and for cause, forfeiting her salary/benefits/protections as Officer of Voyager?



Answered: 799    Skipped: 8

| ANSWER CHOICES | RESPONSES | |
|---|---|---|
| Yes | 96.75% | 773 |
| No | 3.25% | 26 |
| TOTAL | | 799 |

## Q4 Do you feel all Officers and Board of Voyager Digital should be dismissed for cause (forfeiting their pay/benefits/protections), and Executor appointed to liquidate company and assets, immediately?



Answered: 801    Skipped: 6

| ANSWER CHOICES | RESPONSES | |
|---|---|---|
| Yes | 95.76% | 767 |
| No | 4.24% | 34 |
| TOTAL | | 801 |

## <u>CERTIFICATE OF SERVICE</u>

 I hereby certify that on this 22th day of February 2023, a true and correct copy of the foregoing **MOTION TO RELEASE UNREDACTED VERSION OF "NOTICE OF FILING OF REDACTED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING (I) THE ADEQUACY OF THE AMENDED DISCLOSURE STATEMENT, (II) SOLICITATION AND NOTICE PROCEDURES, (III) FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO" (DOC #526), TO RELEASE SPECIAL COMMITTEE SUMMARY REPORTS INTO INVESTIGATION OF DEBTOR ACTIONS, AND OBJECT TO REDACTION OF "MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO REDACT AND FILE UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION RELATED TO DEBTORS' OBJECTION TO MOTION OF CELSIUS NETWORK LLC FOR ORDER (I) LIFTING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. 362(D)(1) AND BANKRUPTCY RULE 4001 AND (II) GRANTING LEAVE TO FILE LATE PROOF OF CLAIM PURSUANT TO BANKRUPTCY RULES 3003(C) AND 9006(B)(1)" (DOC #892)** has been served via-email, as indicated in the attached Service List.

/s/ <u>Tracy Hendershott</u>
Tracy Hendershott
Pro Se Creditor

36

| Name | Email | Method of Service |
|------|-------|-------------------|
| DISTRICT OF COLUMBIA OFFICE OF THE ATTORNEY GENERAL | OAG@DC.GOV | Email |
| FRANCINE DE SOUSA C/O SISKINDS LLP | ANTHONY.OBRIEN@SISKINDS.COM MICHAEL.ROBB@SISKINDS.COM GARETT.HUNTER@SISKINDS.COM | Email |
| GOOGLE, LLC | COLLECTIONS@GOOGLE.COM | Email |
| OFFICE OF THE UNITED STATES TRUSTEE FOR THE SOUTHERN DIST OF NEW YORK | RICHARD.MORRISSEY@USDOJ.GOV MARK.BRUH@USDOJ.GOV | Email |
| SECURITIES & EXCHANGE COMMISSION | SECBANKRUPTCY-OGC-ADO@SEC.GOV BANKRUPTCYNOTICESCHR@SEC.GOV | Email |
| SECURITIES & EXCHANGE COMMISSION NEW YORK REGIONAL OFFICE | NYROBANKRUPTCY@SEC.GOV | Email |
| STATE OF ALABAMA OFFICE OF THE ATTORNEY GENERAL | CONSUMERINTEREST@ALABAMAAG.GOV | Email |
| STATE OF ALASKA OFFICE OF THE ATTORNEY GENERAL | ATTORNEY.GENERAL@ALASKA.GOV | Email |
| STATE OF ARIZONA OFFICE OF THE ATTORNEY GENERAL | AGINFO@AZAG.GOV | Email |
| STATE OF ARKANSAS OFFICE OF THE ATTORNEY GENERAL | OAG@ARKANSASAG.GOV | Email |
| STATE OF CALIFORNIA OFFICE OF THE ATTORNEY GENERAL | XAVIER.BECERRA@DOJ.CA.GOV | Email |
| STATE OF COLORADO OFFICE OF THE ATTORNEY GENERAL | CORA.REQUEST@COAG.GOV | Email |
| STATE OF CONNECTICUT OFFICE OF THE ATTORNEY GENERAL | ATTORNEY.GENERAL@CT.GOV | Email |
| STATE OF FLORIDA OFFICE OF THE ATTORNEY GENERAL | ASHLEY.MOODY@MYFLORIDALEGAL.CO | Email |
| STATE OF HAWAII OFFICE OF THE ATTORNEY GENERAL | HAWAIIAG@HAWAII.GOV | Email |
| STATE OF IDAHO OFFICE OF THE ATTORNEY GENERAL | LAWRENCE.WASDEN@AG.IDAHO.GOV AGWASDEN@AG.IDAHO.GOV | Email |
| STATE OF ILLINOIS OFFICE OF THE ATTORNEY GENERAL | INFO@LISAMADIGAN.ORG | Email |
| STATE OF IOWA OFFICE OF THE ATTORNEY GENERAL | CONSUMER@AG.IOWA.GOV | Email |

| STATE OF KANSAS ATTORNEY GENERAL | DEREK.SCHMIDT@AG.KS.GOV | Email |
|---|---|---|
| STATE OF LOUISIANA DEPT. OF JUSTICE - ATTORNEY GENERAL'S OFFICE | ADMININFO@AG.STATE.LA.US | Email |
| STATE OF MAINE OFFICE OF THE ATTORNEY GENERAL | ATTORNEY.GENERAL@MAINE.GOV | Email |
| STATE OF MARYLAND OFFICE OF THE ATTORNEY GENERAL | OAG@OAG.STATE.MD.US | Email |
| STATE OF MINNESOTA OFFICE OF THE ATTORNEY GENERAL | ATTORNEY.GENERAL@AG.STATE.MN.US | Email |
| STATE OF MISSOURI OFFICE OF THE ATTORNEY GENERAL | CONSUMER.HELP@AGO.MO.GOV | Email |
| STATE OF MONTANA OFFICE OF THE ATTORNEY GENERAL | CONTACTDOJ@MT.GOV | Email |
| STATE OF NEW HAMPSHIRE OFFICE OF THE ATTORNEY GENERAL | ATTORNEYGENERAL@DOJ.NH.GOV | Email |
| STATE OF NEW MEXICO OFFICE OF THE ATTORNEY GENERAL | HBALDERAS@NMAG.GOV | Email |
| STATE OF NORTH DAKOTA OFFICE OF THE ATTORNEY GENERAL | NDAG@ND.GOV | Email |
| STATE OF OKLAHOMA OFFICE OF THE ATTORNEY GENERAL | QUESTIONS@OAG.OK.GOV | Email |
| STATE OF OREGON OFFICE OF THE ATTORNEY GENERAL | ELLEN.ROSENBLUM@DOG.STATE.OR.US | Email |
| STATE OF RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL | AG@RIAG.RI.GOV | Email |
| STATE OF UTAH OFFICE OF THE ATTORNEY GENERAL | UAG@UTAH.GOV | Email |
| STATE OF VERMONT OFFICE OF THE ATTORNEY GENERAL | AGO.INFO@VERMONT.GOV | Email |
| STATE OF VIRGINIA OFFICE OF THE ATTORNEY GENERAL | MAIL@OAG.STATE.VA.US | Email |
| TORONTO STOCK EXCHANGE | WEBMASTER@TMX.COM | Email |
| STATE OF WEST VIRGINIA OFFICE OF THE ATTORNEY GENERAL | CONSUMER@WVAGO.GOV | Email |
| HORWOOD MARCUS & BERK CHARTERED | AHAMMER@HMBLAW.COM NDELMAN@HMBLAW.COM | Email |
| METRPOLITAN COMMERCIAL BANK BALLARD SPAHR LLP | SINGERG@BALLARDSPAHR.COM | Email |

| METRPOLITAN COMMERCIAL BANK WACHTELL, LIPTON, ROSEN & KATZ | RGMASON@WLRK.COM<br>ARWOLF@WLRK.COM<br>AKHERRING@WLRK.COM | Email |
|---|---|---|
| JASON RAZNICK JAFFE RAITT HEUER & WEISS, P.C. | PHAGE@JAFFELAW.COM | Email |
| STEVE LAIRD FORSHEY & PROSTOK LLP | BFORSHEY@FORSHEYPROSTOK.COM | Email |
| ORACLE AMERICA, INC. BUCHALTER, A PROFESSIONAL CORPORA | SCHRISTIANSON@BUCHALTER.COM | Email |
| ALAMEDA RESEARCH LLC & AFFILIATES SULLIVAN & CROMWELL LLP | DIETDERICHA@SULLCROM.COM<br>GLUECKSTEINB@SULLCROM.COM<br>BELLERB@SULLCROM.COM | Email |
| VOYAGER DIGITAL HOLDINGS, INC., ET AL. KIRKLAND & ELLIS LLP KIRKLAND & ELLIS INTERNATIONAL LLP | JSUSSBERG@KIRKLAND.COM<br>CMARCUS@KIRKLAND.COM<br>CHRISTINE.OKIKE@KIRKLAND.COM<br>ALLYSON.SMITH@KIRKLAND.COM | Email |
| EMERALD OCEAN ISLE, LLC, AMANO GLOBAL HOLDINGS, INC., SHINGO LAVINE, AND ADAM LAVINE C/O GOLDSTEIN & MCCLINKOCK LLLP | MATTM@GOLDMCLAW.COM<br>HARLEYG@RESTRUCTURINGSHOP.COM<br>STEVENY@GOLDMCLAW.COM | Email |
| EMERALD OCEAN ISLE, LLC, AMANO GLOBAL HOLDINGS, INC., SHINGO LAVINE, AND ADAM LAVINE C/O LAW OFFICES OF DOUGLAS T. TABACHNIK, P.C. | DTABACHNIK@DTTLAW.COM | Email |
| MATTHEW EDWARDS C/O LIZ GEORGE AND ASSOCIATES | GEORGELAWOK@GMAIL.COM | Email |
| TEXAS STATE SECURITIES BOARD OFFICE OF THE ATTORNEY GENERAL OF TEXAS | ABIGAIL.RYAN@OAG.TEXAS.GOV<br>LAYLA.MILLIGAN@OAG.TEXAS.GOV<br>JASON.BINFORD@OAG.TEXAS.GOV | Email |
| OFFICE OF THE ATTORNEY GENERAL OF TEXAS | ROMA.DESAI@OAG.TEXAS.GOV | Email |
| OFFICE OF THE ATTORNEY GENERAL BANKRUPTCY DIVISION | AGBANKNEWYORK@AG.TN.GOV | Email |
| VERMONT DEPARTMENT OF FINANCIAL REGULATION ASSISTANT GENERAL COUNSEL | JENNIFER.ROOD@VERMONT.GOV | Email |
| ROBERT SNYDERS & LISA SNYDERS C/O JOHNSON, POPE, BOKOR, RUPPEL & BURNS, LLP | ANGELINAL@JPFIRM.COM | Email |
| MICHAEL LEGG C/O MCCARTHY, LEBIT, CRYSTAL & LIFFMAN CO. | RRK@MCCARTHYLEBIT.COM<br>NRO@MCCARTHYLEBIT.COM | Email |
| MICHAEL GENTSCH C/O BARSKI LAW PLC | CBARSKI@BARSKILAW.COM | Email |

| | | |
|---|---|---|
| ILLINOIS SECRETARY OF STATE C/O OFFICE OF THE ATTORNEY GENERAL | JOHN.REDING@ILAG.GOV | Email |
| GEORGIA DEPARTMENT OF BANKING AND FINANCE | NHOVEY@LAW.GA.GOV | Email |
| MARK CUBAN AND DALLAS BASKETBALL LIMITED, D/B/A DALLAS MAVERICKS C/O BROWN RUDNICK LLP ATTN: SIGMUND S. WISSNERGROSS ESQ. & KENNETH J. AULET | SWISSNER-GROSS@BROWNRUDNICK.COM<br>KAULET@BROWNRUDNICK.COM | Email |
| MARK CUBAN AND DALLAS BASKETBALL LIMITED D/B/A DALLAS MAVERICKS C/O BROWN RUDNICK LLP ATTN: STEPHEN A. BEST ESQ & RACHEL O. WOLKINSON, ESQ. | SBEST@BROWNRUDNICK.COM<br>RWOLKINSON@BROWNRUDNICK.COM | Email |
| ED BOLTON C/O AKERMAN LLP | ADAM.SWICK@AKERMAN.COM<br>JOHN.THOMPSON@AKERMAN.COM<br>JOANNE.GELFAND@AKERMAN.COM | Email |
| JON GIACOBBE ATTN: A. MANNY ALICANDRO | MANNY@ALICANDROLAWOFFICE.COM | Email |
| WELLS FARGO BANK, N.A. C/O ALDRIDGE PITE, LLP | GWALLACH@ALDRIDGEPITE.COM | Email |
| AD HOC GROUP OF EQUITY INTEREST HOLDERS C/O KILPATRICK TOWNSEND & STOCKTON LLP | DPOSNER@KILPATRICKTOWNSEND.COM<br>KMOYNIHAN@KILPATRICKTOWNSEND.COM<br>PROSENBLATT@KILPATRICKTOWNSEND.COM | Email |
| PIERCE ROBERTSON C/O PACHULSKI STANG ZIEHL & JONES LLP | RPACHULSKI@PSZJLAW.COM<br>AKORNFELD@PSZJLAW.COM<br>DGRASSGREEN@PSZJLAW.COM<br>JROSELL@PSZJLAW.COM | Email |
| STATE OF WASHINGTON OFFICE OF ATTORNEY GENERAL | STEPHEN.MANNING@ATG.WA.GOV | Email |
| MARCUM LLP MINTZ & GOLD LLP | GOTTESMAN@MINTZANDGOLD.COM | Email |
| U.S. SECURITIES & EXCHANGE COMMISSION | SCHEUERT@SEC.GOV | Email |
| NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES CONSUMER PROTECTION AND FINANCIAL ENFORCEMENT | KEVIN.PUVALOWSKI@DFS.NY.GOV<br>LINDA.DONAHUE@DFS.NY.GOV<br>JASON.STJOHN@DFS.NY.GOV | Email |
| NEW JERSEY BUREAU OF SECURITIES | VSHEA@MDMC-LAW.COM<br>NLEONARD@MDMC-LAW.COM | Email |
| NEW JERSEY BUREAU OF SECURITIES | | Email |

| | | |
|---|---|---|
| USIO, INC. PULMAN, CAPPUCCIO & PULLEN, LLP | RPULMAN@PULMANLAW.COM | Email |
| BAM TRADING SERVICES INC. D/B/A BINANCE.US LATHAM & WATKINS | ADAM.GOLDBERG@LW.COM<br>NACIF.TAOUSSE@LW.COM<br>JON.WEICHSELBAUM@LW.COM<br>ANDREW.SORKIN@LW.COM | Email |
| ATTORNEY FOR THE STATES OF ALABAMA, ARKANSAS, CALIFORNIA, DISTRICT OF COLUMBIA, HAWAII, MAINE, NORTH DAKOTA, OKLAHOMA, AND SOUTH C/O NATIONAL ASSOCIATION OF ATTORNEYS GENERAL | KCORDRY@NAAG.ORG | Email |
| USIO, INC. & FICENTIVE, INC. RUSKIN MOSCOU FALTISCHEK, P.C. | SGIUGLIANO@RMFPC.COM | Email |
| CELSIUS NETWORK LLC AKIN GUMP STRAUSS HAUER & FELD, L.L.P. | MHURLEY@AKINGUMP.COM<br>DCHAPMAN@AKINGUMP.COM | Email |
| VOYAGER DIGITAL HOLDINGS, INC., ET AL. PAUL HASTINGS LLP | JONCANFIELD@PAULHASTINGS.COM<br>MATTMURPHY@PAULHASTINGS.COM<br>MICHAELCWHALEN@PAULHASTINGS.COM | Email |