UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) ) ) | Case No. 22-10943 (MEW) |
| Debtors. | ) ) ) | (Jointly Administered) |

**ORDER (I) APPROVING (A) OMNIBUS CLAIMS OBJECTION
PROCEDURES AND (B) OMNIBUS SUBSTANTIVE CLAIMS OBJECTIONS
AND FORM OF NOTICE AND (II) WAIVING BANKRUPTCY RULE 3007(e)(6)**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order"): (a) approving the Objection Procedures and the Objection Notice attached hereto; (b) authorizing the Debtors to assert substantive objections to Claims (including requests for payment of Administrative Claims) in an omnibus format pursuant to Bankruptcy Rules 3007(c) and (d); and (c) waiving the requirement in Bankruptcy Rule 3007(e)(6) that Omnibus Objections contain objections to no more than 100 Claims, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital, Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted to the extent set forth herein.

2. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, or the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") and pursuant to Bankruptcy Rule 3007(c), the Debtors may file Omnibus Objections that include objections to Claims (including requests for payment of Administrative Claims) on any basis provided for in the Additional Grounds in addition to those provided for in Bankruptcy Rule 3007(d).

3. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, the Debtors may object to more than 100 Claims in a single Omnibus Objection on any of the bases set forth in Bankruptcy Rule 3007(d) or the Additional Grounds.

4. The Objection Procedures attached hereto as **Exhibit 1** are approved and the Debtors may file and prosecute any Omnibus Objections in accordance with the Objection Procedures and the other procedural safeguards set forth in Bankruptcy Rule 3007(e) except as stated in the preceding paragraph.

5. The form of Objection Notice attached hereto as **Exhibit 2** is approved. The Debtors are authorized to send Objection Notices via first-class mail or electronic mail, as applicable, in accordance with the Objection Procedures.

6. Nothing in this Order or in the Motion is or shall be deemed to constitute any admission as to the validity, nature, amount, or priority of any Claim asserted against the Debtors in these chapter 11 cases or a waiver of any right of the Debtors or any other party in interest in these cases to dispute the validity, nature, amount, or priority of or otherwise object, either in the same or subsequent objections, on any grounds to any such Claims.

7. For the avoidance of doubt, the Debtors may include scheduled Claims in Omnibus Objections.

8. The terms, conditions, and provisions of this Order shall be immediately effective and enforceable upon entry hereof.

9. The Debtors are authorized to take any and all actions reasonably necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: New York, New York
      February 23, 2023

                                                  /s/ **Michael E. Wiles**
                                                  THE HONORABLE MICHAEL E. WILES
                                                  UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

## Objection Procedures

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) Case No. 22-10943 (MEW) |
| Debtors. | ) (Jointly Administered) |

**PROCEDURES FOR FILING AND SERVING OMNIBUS CLAIMS OBJECTIONS**

On [__], 2023, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered the *Order (I) Approving (A) Omnibus Claims Objection Procedures and (B) Omnibus Substantive Claims Objections and Form of Notice and (II) Waiving Bankruptcy Rule 3007(e)(6)* [Docket No. ___] (the "Order") in the chapter 11 cases of the above-captioned debtors (collectively, the "Debtors").[2] Among other things, the Order approved these omnibus objection procedures.

**Omnibus Objections**

1. Grounds for Omnibus Objections. In addition to those grounds expressly set forth in Bankruptcy Rule 3007(d), the Debtors may file omnibus objections (each, an "Omnibus Objection") to Claims, in whole or part, on the following grounds or grounds similar thereto:

    a.  the Claims are inconsistent with the Debtors' books and records;

    b.  the Account Holder Claim is asserted partially or fully in U.S. Dollars rather than cryptocurrency;

    c.  the Claims fail to specify the amount or assert the amount as "unliquidated";

    d.  the Claims fail to specify sufficiently the basis for the Claim or provide sufficient supporting documentation for such Claim;

    e.  the Claims seek to recover amounts for which the Debtors are not liable;

    f.  the Claims are classified incorrectly or improperly;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital, Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2] All capitalized terms used but not otherwise defined herein have the meanings given to them in the Order.

      g.    the Claims are filed against non-Debtors, the wrong Debtor, or are filed against multiple Debtors, except to the extent permitted under the Bar Date Order;

      h.    the Claims are disallowed pursuant to section 502 of the Bankruptcy Code;

      i.    the Claim has been satisfied in full by a party that is not a Debtor;

      j.    one or more of the Debtors' insurers are obligated to satisfy the Claims; and

      k.    the claimant has withdrawn the Claim formally pursuant to either a pleading or the entry of a Court order.

2. <u>Form of Omnibus Objection</u>.  Each Omnibus Objection will be numbered consecutively regardless of basis.

3. <u>Supporting Documentation</u>.  To the extent appropriate, an affidavit or declaration may be provided in connection with an Omnibus Objection from a party with knowledge of the Debtors' books and records and the manner in which they are maintained that states that such party has reviewed the Claims included therein and applicable supporting information and documentation provided therewith, made reasonable efforts to research the Claim on the Debtors' books and records, and determined that the books and records do not reflect the debt or the amount of debt that is alleged in the Claim.

4. <u>Claims Exhibits</u>.  An exhibit or exhibits listing the Claims that are subject to the particular Omnibus Objection will be attached thereto.  Each exhibit will include only the Claims for which there is a common basis for the objection.  Claims that have more than one basis for objection appear on only one exhibit with reference to all of the bases for objecting to the Claims.  The Debtors' right to object to a Claim on an additional basis or bases will not be waived if such Claim has been included on an exhibit to either a previous or the same Omnibus Objection.  The exhibits will include the following information and will be listed chronologically based on reference numbers or claim numbers, as applicable:

      a.    the Claims that are the subject of the Omnibus Objection and, if applicable, the Proof of Claim number(s) or schedule number(s) related thereto from the Claims Register;

      b.    the asserted amount of the Claim, if applicable;

      c.    the grounds for the Omnibus Objection;

      d.    a cross-reference to the section in the Omnibus Objection discussing such Claim; and

      e.    other information, as applicable, including (i) the proposed classification of Claims the Debtors seek to reclassify, (ii) the reduced Claim amount(s) of Claims the Debtors seek to reduce, or (iii) the surviving Claims, if any, of groups of Claims the Debtors seek to expunge.

5. <u>Objection Notice</u>.  An objection notice, substantially in the form attached to the Order as <u>Exhibit 2</u>, will accompany each Omnibus Objection (the "<u>Objection Notice</u>") to address a particular creditor, Claim, or objection and will include the following:

   a. a description of the basic nature of the Omnibus Objection;

   b. information to claimants that their rights may be affected by the Omnibus Objection and that failure to file a response may result in the Omnibus Objection being granted as to the claimant's Claim;

   c. procedures for filing a written response (each, a "<u>Response</u>") to the objection, including all relevant dates and deadlines related thereto;

   d. the hearing date, if applicable, and related information; and

   e. a description of how copies of Proofs of Claim, the Omnibus Objection, and other pleadings filed in the chapter 11 cases may be obtained.

6. <u>Notice and Service</u>.  Each Omnibus Objection will be filed with the Court and served upon (a) the affected claimant party set forth on the Proof of Claim or their respective attorney of record, (b) the U.S. Trustee, and (c) the Committee, and (d) parties that have filed a request for service of papers under Bankruptcy Rule 2002.

7. <u>Omnibus Hearings</u>.  Each Omnibus Objection shall be set for hearing no less than thirty (30) days after service of the Omnibus Objection (the "<u>Hearing</u>").  The Debtors may request at the Hearing that the Court enter an order granting the Omnibus Objection with respect to each Claim subject to the Omnibus Objection when either (a) no Response has been filed in accordance with the proposed response procedures with respect to the Claim(s) or (b) a Response has been filed in accordance with the proposed response procedures with respect to the Claim(s), but such Response has been resolved prior to the Hearing.  If a Response to an objection to a Claim cannot be resolved and a hearing is determined to be necessary, the Debtors shall file with the Court and serve on the affected claimant(s) a notice of the hearing to the extent the Debtors did not file a notice of hearing previously.  The Debtors may adjourn Hearings regarding Omnibus Objections to subsequent hearing dates without further order of the Court in the Debtors' sole discretion so long as notice is provided to the affected claimant(s).

8. <u>Contested Matter</u>.  Each Claim subject to an Omnibus Objection along with any Responses thereto shall constitute a separate contested matter as contemplated in Bankruptcy Rule 9014, and any order that the Court may enter with respect to an Omnibus Objection will be deemed a separate order with respect to such Claim.  The Debtors may, in their discretion and in accordance with other orders of this Court or the provisions of the Bankruptcy Code and the Bankruptcy Rules, settle the priority, amount, and validity of such contested Claims without any further notice to or action, order, or approval of the Court.

**Responses to Omnibus Objections**

1. <u>Resolving Objections</u>.  Certain of the Debtors' advisors will be available to discuss and resolve consensually the Objection to any claimant's Claim(s) without the need for filing a formal response or attending a hearing.  Please contact Allyson Smith and Evan Swager at Kirkland & Ellis LLP, the Debtors' counsel, via (a) e-mail at Allyson.Smith@kirkland.com and Evan.Swager@kirkland.com, respectively, or (ii) telephone at (212) 446-4820 or (212) 909-3217, respectively, within ten (10) calendar days after the date of this notice or such other date as the Debtors may agree in writing.  Please have Proof(s) of Claim and any related material available for any such discussions.

2. <u>Parties Required to File a Response</u>.  If the Debtors and the party are unable to consensually resolve the Objection filed with respect to the party's Claim as set forth above, the party must file a response (a "<u>Response</u>") with the Court in accordance with the procedures set forth herein.  If a party's Claim is subject to an Omnibus Objection and such party does not file and serve a Response in compliance with the procedures below, the Court may grant the Omnibus Objection with respect to such Claim without further notice to the claimant.

3. <u>Response Contents</u>.  Each Response must contain the following (at a minimum):

    a. a caption stating the name of the Court, the name of the Debtors, the case number, the title of the Omnibus Objection to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

    b. a concise statement setting forth the reasons why the Court should not grant the Omnibus Objection with respect to such Claim, including the specific factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection;

    c. a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Proof of Claim, upon which the claimant will rely in opposing the Omnibus Objection; *provided, however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided, further, however,* that the claimant shall disclose to the Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

    d. the following contact information for the responding party:

        (i) the name, address, telephone number, and email address of the responding claimant or the claimant's attorney or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any; or

4

   (ii) the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the claimant's behalf.

4. <u>Filing and Service of the Response</u>. A Response will be deemed timely only if it is filed with the Court and served so as to be *actually received* at or before 4:00 p.m. (prevailing Eastern Time) on the day that is seven (7) calendar days before the Hearing unless the Debtors consent to an extension in writing (the "<u>Response Deadline</u>"). A Response must be filed with the Court served timely on the following parties, with a copy to the Court's chambers:

 a. **Debtors.** Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., Christopher Marcus, P.C., Christine A. Okike, P.C., Michael B. Slade, and Allyson B. Smith;

 b. **Committee.** McDermott Will & Emery LLP, One Vanderbilt Avenue, New York, New York, 10017-3852, Attn: Darren Azman, Joseph B. Evans, Grayson Williams, Gregg Steinman; and

 c. **U.S. Trustee.** The Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Richard Morrissey, Mark Bruh.

5. <u>Discovery</u>. If the Debtors determine that discovery is necessary in advance of a hearing on an Omnibus Objection, the Debtors will serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation. Such notice may be incorporated into the initial agenda letter for the hearing or may be provided in a separate notice. In accordance with Local Rule 9014-2, the first hearing on any contested Omnibus Objection with respect a particular Claim will not be an evidentiary hearing, and there is no need for any witnesses to appear at such hearing unless the Court orders otherwise in accordance with Local Rule 9014-2.

6. <u>Failure to Respond</u>. A Response that is not filed and served on or before the Response Deadline or such other date as agreed with the Debtors, in accordance with the procedures set forth herein, may not be considered at the Hearing before the Court. **Absent reaching an agreement with the Debtors resolving the Omnibus Objection to a Claim, failure to both file and serve a Response timely as set forth herein may result in the Court granting the Omnibus Objection without further notice or hearing**. Affected creditors will be served with such order once it has been entered.

7. <u>Reply to a Response</u>. The Debtors shall be permitted to file a reply or omnibus reply to any Response or multiple Responses, as applicable, no later than one (1) business day before the Hearing with respect to the relevant Omnibus Objection.

**Miscellaneous**

8. <u>Additional Information</u>.  Copies of these procedures, the Order, the Motion, or any other pleadings filed in the Debtors' chapter 11 cases are available for free online at https://cases.stretto.com/Voyager.  Copies of these documents may also be obtained upon written request to the Debtors' Claims, Noticing, and Solicitation Agent at the following address:  Voyager Inquiries, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.  Claimants may also obtain copies of any of the documents filed in the Debtors' chapter 11 cases for a fee via PACER at http://www.nysb.uscourts.gov.

9. <u>Reservation of Rights</u>.   NOTHING IN ANY NOTICE SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS OR ANY OTHER PARTY IN INTEREST TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO ANY CLAIMS ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION (UNLESS THE COURT HAS ALLOWED THE CLAIM OR ORDERED OTHERWISE), OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE.  AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE THEREOF AT SUCH TIME.

**Exhibit 2**

**Objection Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**NOTICE OF OBJECTION TO YOUR PROOF OF CLAIM AND DEADLINE
TO FILE A RESPONSE WITH THE BANKRUPTCY COURT**

    **PLEASE TAKE NOTICE** that Voyager Digital Holdings, Inc. and its affiliates (collectively, the "Debtors") are objecting to your Claim(s)[2] pursuant to the attached objection (the "Objection").

> **YOU SHOULD LOCATE YOUR REFERENCE NUMBER OR CLAIM NUMBER AND YOUR CLAIM(S) ON THE SCHEDULES ATTACHED HERETO. PLEASE TAKE NOTICE THAT YOUR CLAIM(S) MAY BE DISALLOWED, EXPUNGED, RECLASSIFIED, REDUCED, OR OTHERWISE AFFECTED AS A RESULT OF THE OBJECTION. THEREFORE, PLEASE READ THIS NOTICE AND THE ACCOMPANYING OBJECTION VERY CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**Important Information Regarding the Objection**

    Grounds for the Objection. Pursuant to the Objection, the Debtors are seeking to [disallow/expunge/reclassify/reduce] your Claim(s) listed in the table at the end of this notice on the grounds that your Claim(s) [is/are] [_____]. The Claim(s) subject to the Objection may also be found on the schedules attached to the Objection, a copy of which has been provided with this notice.

    Objection Procedures. On [___], 2023, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. ___] approving procedures for filing and resolving objections to Claims asserted against the Debtors in the chapter 11 cases, attached hereto as **Exhibit A** (the "Objection Procedures"). ***Please review the***

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital, Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection Procedures.

***Objection Procedures to ensure your response to the Objection, if any, is filed and served timely and correctly****.*

## **Resolving the Objection**

<u>Resolving Objections</u>.  Certain of the Debtors' advisors will be available to discuss and resolve consensually the Objection to your Claim(s) without the need for filing a formal response or attending a hearing.  Please contact Allyson Smith and Evan Swager at Kirkland & Ellis LLP, the Debtors' counsel, via (a) e-mail at Allyson.Smith@kirkland.com and Evan.Swager@kirkland.com, respectively, or (ii) telephone at (212) 446-4820 or (212) 909-3217, respectively, within ten (10) calendar days after the date of this notice or such other date as the Debtors may agree in writing.  Please have your Proof(s) of Claim and any related material available for any such discussions.

<u>Parties Required to File a Response</u>.  If you are <u>not</u> able to resolve consensually the Objection filed with respect to your Claim as set forth above, you must file a response (each, a "<u>Response</u>") with the Court in accordance with the procedures described below.

<u>Response Contents</u>.  Each Response must contain the following (at a minimum):

a. a caption stating the name of the Court, the name of the Debtors, the case number, the title of the Omnibus Objection to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

b. a concise statement setting forth the reasons why the Court should not grant the Omnibus Objection with respect to such Claim, including the specific factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection;

c. a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Proof of Claim, upon which the claimant will rely in opposing the Omnibus Objection; *provided*, *however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided*, *further*, *however,* that the claimant shall disclose to the Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

d. the following contact information for the responding party:

(i) the name, address, telephone number, and email address of the responding claimant or the claimant's attorney or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any; or

2

      (ii)    the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the claimant's behalf.

Notice and Service. Your Response must be filed with the Court and served so as to be *actually received* on or before **4:00 p.m. (prevailing Eastern Time) on [___], 2023**, unless the Debtors consent to an extension in writing) (the "Response Deadline"). The Response must be filed with the Court and served timely on the following parties, with a copy to the Court's chambers:

a. **Debtors.** Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., Christopher Marcus, P.C., Christine A. Okike, P.C., Michael B. Slade, and Allyson B. Smith;

b. **Committee.** McDermott Will & Emery LLP, One Vanderbilt Avenue, New York, New York, 10017-3852, Attn: Darren Azman, Joseph B. Evans, Grayson Williams, Greg Steinman; and

c. **U.S. Trustee.** The Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Richard Morrissey, Mark Bruh.

Failure to Respond. A Response that is not filed and served in accordance with the procedures set forth herein may not be considered at the Hearing before the Court. **Failure to both file and serve a Response timely as set forth herein may result in the Court granting the Objection without further notice or hearing**. Affected creditors will be served with a copy of the order once it has been entered.

## Hearing on the Objection

Date, Time and Location. A hearing (the "Hearing") on the Objection will be held on [___], 2023, at [___], prevailing Eastern Time, before the Honorable Michael E. Wiles, United States Bankruptcy Judge for the Southern District of New York. In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted telephonically. Any parties wishing to participate must do so by making arrangements through CourtSolutions by visiting https://www.court-solutions.com. The hearing may be adjourned to a subsequent date in these cases in the Court's or Debtors' discretion. **You must attend the Hearing if you disagree with the Objection and have filed a Response that remains unresolved prior to the Hearing.** If such Claims cannot be resolved and a hearing is determined to be necessary, the Debtors shall file with the Court and serve on the affected claimants a notice of the hearing to the extent the Debtors did not file a notice of hearing previously.

Discovery. If the Debtors determine that discovery is necessary in advance of a hearing on an Objection, the Debtors will serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation. Such notice may be incorporated into the initial agenda letter for the hearing or may be provided in a separate notice. In accordance with Local Rule 9014-2, the first hearing on any contested Omnibus

Objection with respect a particular Claim will not be an evidentiary hearing, and there is no need for any witnesses to appear at such hearing unless the Court orders otherwise in accordance with Local Rule 9014-2.

### Additional Information

**Additional Information**.  Copies of these procedures, the Order, the Motion, or any other pleadings filed in the Debtors' chapter 11 cases are available for free online at https://cases.stretto.com/Voyager.  Copies of these documents may also be obtained upon written request to the Debtors' Claims, Noticing, and Solicitation Agent at the following address: Voyager Inquiries, c/o Stretto 410 Exchange, Suite 100, Irvine CA 92602.  You may also obtain copies of any of the documents filed in the Debtors' chapter 11 cases for a fee via PACER at http://www.nysb.uscourts.gov.  **Please do not contact the Court to discuss the merits of any Claim or any Objection filed with respect thereto**.

### Reservation of Rights

**NOTHING IN ANY NOTICE SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS OR ANY OTHER PARTY IN INTEREST TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO ANY CLAIMS ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION (UNLESS THE COURT HAS ALLOWED THE CLAIM OR ORDERED OTHERWISE), OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE.  AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE THEREOF AT SUCH TIME.**

Dated: _____, 2023         */s/ Draft*
New York, New York          **KIRKLAND & ELLIS LLP**
                            **KIRKLAND & ELLIS INTERNATIONAL LLP**
                            Joshua A. Sussberg, P.C.
                            Christopher Marcus, P.C.
                            Christine A. Okike, P.C.
                            Allyson B. Smith (admitted *pro hac vice*)
                            601 Lexington Avenue
                            New York, New York 10022
                            Telephone:   (212) 446-4800
                            Facsimile:   (212) 446-4900
                            Email:       jsussberg@kirkland.com
                                         cmarcus@kirkland.com
                                         christine.okike@kirkland.com
                                         allyson.smith@kirkland.com

                            *Counsel to the Debtors and Debtors in Possession*

4

| Claimant Name or Identifier | Debtor | Claim Number | Date Filed | Asserted Claim Amount[1] | Proposed Treatment | Basis For Objection | Surviving Claim No. |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

---

[1] Asserted Claim amounts listed as $0.00 or 0.00 cryptocurrency reflect that the Claim amount asserted on the Proof of Claim is "unliquidated."