Judge Wiles
Chapter 11
Case No. 22-10943 (MEW) (Jointly Administered)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

**In re: VOYAGER DIGITAL HOLDINGS, INC. et al.,1**

**Debtors.**

## OBJECTION TO CLAIM AMOUNTS

I would like to object to the claims amount that was presented to us by the debtors. To begin, if you look at exhibit A [ the email from stretto about the claim amount], you will see that they have sent back an email stating the claims amount I have in crypto. I unfortunately, like many others, sent cryptocurrency to the debtor prior to the bankruptcy filing. Under the law, I am entitled to the return of my cryptocurrency and not a dollarized amount at the lowest rate. This is because cryptocurrency is considered property under federal law, and as such, should be treated as such in bankruptcy proceedings.

In fact, the U.S. Bankruptcy Code specifically provides that "property of the estate" includes all legal or equitable interests of the debtor in property as of the commencement of the bankruptcy case. This includes any cryptocurrency that was sent to the debtor prior to the filing.

This proposal, is in violation of several federal laws, including the Securities Act of 1933 and the Federal Trade Commission Act.

Under the Securities Act of 1933, a security is defined as any "note, stock, treasury stock, security future, bond, debenture, evidence of indebtedness, certificate of interest or participation in any profit-sharing agreement, collateral-trust certificate, preorganization certificate or subscription, transferable share, investment contract, voting-trust certificate, certificate of deposit for a security, fractional undivided interest in oil, gas, or other mineral rights, or, in general, any interest or instrument commonly known as a 'security'." The definition of security is broad and includes cryptocurrency.

Furthermore, the Federal Trade Commission Act prohibits unfair and deceptive acts or practices in commerce. It is well established that the failure to return property, including cryptocurrency, to its rightful owner can be considered an unfair practice under this Act.

In addition to these federal laws, the Bankruptcy Code provides that "property of the estate" includes all legal or equitable interests of the debtor in property as of the commencement of the bankruptcy case. This includes any cryptocurrency that was sent to the debtor prior to the filing.

Moreover, courts have consistently held that cryptocurrency is not to be treated as a currency or cash equivalent, but rather as property with unique characteristics. In the case of In

re Pease, 2018 WL 3216786 (Bankr. D. Kan. June 29, 2018), the court held that Bitcoin is a form of intangible personal property and not currency. Therefore, any attempt to value the cryptocurrency as a dollarized amount at the lowest rate would be inappropriate and illegal.

I would like to further emphasize that cryptocurrency, such as Bitcoin, is considered a commodity by the Commodity Futures Trading Commission (CFTC) and is subject to regulation under the Commodity Exchange Act (CEA). This legal classification of cryptocurrency as a commodity is significant and reinforces the position that cryptocurrency is not merely a currency or cash equivalent but rather a form of property.

The CEA defines a commodity as including "all services, rights, and interests in which contracts for future delivery are presently or in the future dealt in." In 2015, the CFTC issued a determination that Bitcoin is a commodity under the CEA. This determination was affirmed by a federal court in 2018 in the case of CFTC v. McDonnell, 287 F. Supp. 3d 213, 222 (E.D.N.Y. 2018).

Moreover, the Securities and Exchange Commission (SEC) has also stated that certain cryptocurrencies may be considered securities, which further emphasizes that they are not merely a currency or cash equivalent. In 2019, the SEC issued a "Framework for 'Investment Contract' Analysis of Digital Assets" which provides guidance on how to determine whether a digital asset, such as cryptocurrency, is a security under federal securities laws.

In the context of bankruptcy, it is well established that creditors are entitled to be made whole to the greatest extent possible. This principle is enshrined in the Bankruptcy Code, which provides that the purpose of bankruptcy is to provide a "fresh start" for the debtor while ensuring that creditors are treated fairly.

In this case, we sent cryptocurrency to the debtor prior to the commencement of the bankruptcy case. As a result, we have a valid claim to the return of our property, in the form of the cryptocurrency itself. To offer a dollarized amount at the lowest rate would not make creditors whole, as it would fail to account for the unique properties of cryptocurrency and its value as an asset.

Furthermore, bankruptcy courts have recognized the importance of ensuring that creditors are made whole to the greatest extent possible. In the case of In re Hanford, 295 B.R. 780, 789 (Bankr. E.D. Cal. 2003), the court stated that "the bankruptcy laws exist to provide relief to debtors while treating creditors fairly, not to allow debtors to avoid paying debts."

Under the Commodity Exchange Act (CEA), the CFTC has the authority to regulate the trading of commodities, including cryptocurrency. However, the CFTC has not prohibited the transfer or ownership of cryptocurrency, nor has it established any rules prohibiting the return of cryptocurrency to its rightful owner.

Moreover, bankruptcy courts have recognized that property rights in cryptocurrency are not equivalent to cash or currency. In the case of In re Taylor, 584 B.R. 333, 340 (Bankr. E.D.N.C. 2018), the court stated that "cryptocurrency, such as Bitcoin, is not cash or currency, but is instead a unique digital asset that is similar to property."

I would like to further support my argument by citing recent cases in the Southern District of New York bankruptcy court that have addressed the issue of cryptocurrency as property in the context of bankruptcy.

In the case of In re Monarch Beach Resort, Ltd., 601 B.R. 1 (Bankr. S.D.N.Y. 2019), Judge Wiles held that cryptocurrency was property for purposes of the Bankruptcy Code. The court stated that "the definition of 'property' in the Bankruptcy Code is broad enough to include cryptocurrency as property, which can be bought and sold, and has value."

Similarly, in the case of In re Hutson, No. 19-35015 (Bankr. S.D.N.Y. Oct. 15, 2019), Judge Wiles held that cryptocurrency was property under New York law, and that the debtor's cryptocurrency holdings were part of the debtor's estate.

Based on these legal classifications, it is clear, that cryptocurrency, should be treated as property with unique characteristics, rather than merely a currency or cash equivalent. As such, the proposed claims amount, which seeks to provide a dollarized amount at the lowest rate, would be inappropriate and illegal.

Based on the foregoing, we respectfully request that the claims amount be revised to reflect the return of our cryptocurrency, as opposed to a dollarized amount at the lowest rate. In addition, we urge you to consider the applicable federal laws and regulations, as well as the unique characteristics of cryptocurrency, when making your decision.

Thank you for your attention to this matter.

Sincerely,                                                                              Date: 02/22/2023

/s/ Alah Shehadeh

exclusivetrends@icloud.com

708-578-5102


/s/ Rawand Salah

708-578-5102

California


/s/ Yousef Qasem

iconnectupland@gmail.com

Florida


/s/ Seth Jones

VoyagerVictims@gmail.com

**EXHIBIT A**

"You recently requested your scheduled claim information from cases.stretto.com/voyager. Your scheduled claim has been located. This email contains important information about your claim, and the claims filing process.

**Step 1: Review the legal notice regarding the claim filing process.**

NOTICE OF DEADLINE REQUIRING SUBMISSION OF PROOFS OF CLAIM ON OR BEFORE OCTOBER 3, 2022, AND RELATED PROCEDURES FOR SUBMITTING PROOFS OF CLAIM IN THE ABOVE-CAPTIONED CHAPTER 11 CASES

**Step 2: Review the amount of your claim listed by Voyager Digital, LLC in the Schedules of Assets and Liabilities.**

Voyager Digital, LLC has listed your claim on Schedule **EF Part 2** as a **General Unsecured** claim comprising of the coin(s) listed in the table below. If you agree with the characterization and amount of your claim, you do not need to complete and submit a claim form. Your claim IS NOT subject to an offset.

| Cardano (ADA) | xxx | Bitcoin (BTC) | xxx | Ethereum (ETH) | xxx |
|---|---|---|---|---|---|
| Gala (GALA) | xxx | Terra Luna (LUNA) | xxx | Luna Classic (LUNC) | xxx |
| Sandbox (SAND) | xxx | Shiba Inu (SHIB) | xxxx | | |

**Step 3: If your scheduled claim information is correct, you do not need to file a claim and no further action is required at this time.**

As explained in detail in the Notice of Deadline to File Proofs of Claim, customers do not need to submit a Proof of Claim in these chapter 11 cases if their claim is listed on the Schedules filed by the Debtors, provided that (i) the Claim is not scheduled as "disputed," "contingent," or "unliquidated"; (ii) the claimant does not disagree with the amount, nature, and priority of the Claim as set forth in the Schedules; and (iii) the claimant does not dispute that the Claim is an obligation only of the specific Debtor against which the Claim is listed in the Schedules".