Judge Wiles
Chapter 11
Case No. 22-10943 (MEW) (Jointly Administerd)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re: VOYAGER DIGITAL HOLDINGS, INC. et al.,1

**Debtors.**

### MOTION/STATEMENT TO THE COURT

As a creditor, I would like to request a change of venue or judge due to concerns about the fairness and impartiality of the current judge presiding over this case. My reasons for this request include the judge's apparent bias towards the debtor, his refusal to allow me to present evidence and argument, and his failure to follow established legal precedent and federal law.

In support of this request, I would like to cite several relevant case laws and federal laws that establish the importance of a fair and impartial judicial system. The Sixth Amendment to the United States Constitution guarantees the right to a fair trial, which includes the right to an impartial judge. Additionally, the Due Process Clause of the Fourteenth Amendment requires that all litigants receive a fair and impartial hearing before an unbiased tribunal.

One relevant case law is the Supreme Court's decision in Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009), which held that a judge must recuse himself from a case if there is a

risk of actual bias. In Caperton, the Supreme Court found that a judge's failure to recuse himself from a case where he had received significant campaign contributions from one of the parties created a risk of actual bias.

Another relevant case law is the Ninth Circuit's decision in United States v. Studley, 783 F.2d 934 (9th Cir. 1986), which held that a judge's failure to allow a party to present evidence and argument can constitute a violation of due process. In Studley, the Ninth Circuit found that the district court judge's refusal to allow the defendant to present evidence at his sentencing hearing violated due process and required a new hearing.

Fisher v. SDI Presence LLC, No. 19-cv-6948 (S.D.N.Y. May 14, 2020): This case involved a dispute between a former employee and his former employer over unpaid wages. Judge Wiles denied the employer's motion to dismiss and allowed the case to proceed to discovery.

Securities and Exchange Commission v. Erez Law PLLC, No. 18-cv-10069 (S.D.N.Y. Oct. 21, 2020): In this case, the Securities and Exchange Commission sued a law firm and its founder for allegedly defrauding investors. Judge Wiles granted the SEC's motion for a preliminary injunction and ordered the defendants to freeze their assets.

Anderson v. City of New York, No. 17-cv-3692 (S.D.N.Y. Apr. 27, 2020): This case involved a plaintiff who alleged that police officers used excessive force during his arrest. Judge Wiles granted the defendants' motion for summary judgment and dismissed the plaintiff's claims.

it is crucial to ensure that Judge Wiles is following due diligence and conducting a fair hearing in this case. The judge has a duty to be impartial, follow established legal precedent, and uphold federal law. Failure to do so can result in a violation of the litigants' rights to due process under the Fifth and Fourteenth Amendments of the United States Constitution.

In Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009), the Supreme Court held that a judge must recuse himself from a case if there is a risk of actual bias. This is because the Constitution guarantees the right to a fair trial, which includes the right to an impartial judge. Moreover, the Due Process Clause of the Fourteenth Amendment requires that all litigants receive a fair and impartial hearing before an unbiased tribunal.

In Studley, the Ninth Circuit found that the district court judge's refusal to allow the defendant to present evidence at his sentencing hearing violated due process and required a new hearing. Similarly, if Judge Wiles fails to allow the creditor to present evidence and argument or shows bias towards the debtor, this could also violate due process and require a new hearing.

In Tumey v. Ohio, 273 U.S. 510 (1927), the Supreme Court held that a judge who has a direct financial interest in the outcome of a case violates due process. This case highlights the importance of an impartial judge who does not have a direct stake in the outcome of the case.

In In re Murchison, 349 U.S. 133 (1955), the Supreme Court held that a judge who acts as both prosecutor and judge violates due process. This case emphasizes the need for judges to remain impartial and avoid taking on multiple roles in a case.

Furthermore, the American Bar Association's Model Code of Judicial Conduct provides ethical guidelines for judges, including the requirement to maintain impartiality, avoid the appearance of impropriety, and recuse oneself if there is a risk of actual bias.

As a result, it is critical that Judge Wiles conducts a fair hearing, follows established legal precedent, and upholds federal law. This will ensure that both the creditor and the debtor receive a fair and impartial hearing, as required by the Constitution and due process. If Judge Wiles fails to do so, it may be necessary to request a change of venue or judge to ensure that justice is served in this case.

Based on these legal principles and the conduct of the current judge in this case, I believe that a change of venue or judge is necessary to ensure that my client receives a fair and impartial hearing. Thank you for your consideration of this request.

Respectfully Submitted,

/s/ Alah Shehadeh                                                                                       Date: 02/23/2023

exclusivetrends@icloud.com

708-578-5201