**MCDERMOTT WILL & EMERY LLP**
Darren Azman
Joseph B. Evans
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

**MCDERMOTT WILL & EMERY LLP**
Charles R. Gibbs (admitted *pro hac vice*)
Grayson Williams (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201-1664
Telephone: (214) 295-8000
Facsimile: (972) 232-3098

**MCDERMOTT WILL & EMERY LLP**
Gregg Steinman (admitted *pro hac vice*)
333 SE 2nd Avenue, Suite 4500
Miami, FL 33131-2184
Telephone: (305) 329-4473
Facsimile: (305) 503-8805

*Counsel to the Official Committee of
Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | Case No. 22-10943 (MEW) |
| Debtors.[1] | (Jointly Administered) |

**THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS' OMNIBUS OBJECTION TO MOTIONS SEEKING
CONVERSION OR APPOINTMENT OF A CHAPTER 11 TRUSTEE**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Voyager Digital Holdings, Inc., *et al.* (collectively, the "Debtors") hereby files this omnibus objection (the "Objection") to the: (i)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Voyager Digital Holdings, Inc.'s and Voyager Digital Ltd.'s principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003. Voyager Digital, LLC's principal place of business is 701 S. Miami Ave, 8th Floor, Miami, FL 33131.

*Motion for Appointment of a Chapter 11 Trustee* [Docket No. 941] (the "Trustee Motion")[2] filed by Michelle DiVita; and (ii) *Letter dated January 9, 2023* [Docket No. 843] (the "Conversion Motion" and, together with the Trustee Motion, the "Motions") filed by Tracy Hendershott (Ms. DiVita and Mr. Hendershott collectively referred to herein as the "Movants"). In support of the Objection, the Committee respectfully states as follows:

## PRELIMINARY STATEMENT

1. The Motions should be denied because all of the concerns raised therein (i) are either resolved through the confirmation of the Debtors' chapter 11 plan, which is being considered on the same day as the Motions, or (ii) fall short of justifying appointment of a chapter 11 trustee or conversion of these Chapter 11 Cases.

2. *First*, the Movants seek appointment of an independent party to investigate and pursue causes of action, including avoidance actions, as well as take managerial control over the Debtors. If the Debtors' chapter 11 plan is confirmed, then an independent party, the Plan Administrator, who was selected by the Committee in consultation with the Debtors, will be appointed to perform such duties.

3. *Second*, given the current trajectory of these Chapter 11 Cases, the costs and expenses of a trustee would be disproportionately higher than any perceived protection afforded. If a chapter 11 trustee is appointed, the trustee will necessarily need to retain additional professionals and become intimately familiar with the Debtors' business, operations, and ongoing crypto rebalancing and sale process. As a result, there will almost certainly be risk of delay and expense in closing the pending sale and making distributions to creditors. On the other hand, if no

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Trustee Motion.

2

delay occurs, then by the time the trustee becomes familiar with the business, the plan may be going effective, at which time the Plan Administrator would take control of the Debtors' affairs.

4. ***Third***, the Movants' allegations of past misconduct by the Debtors do not rise to the level of "cause" sufficient to upend the Chapter 11 Cases through appointment of a trustee or conversion. Importantly, there are no allegations of fraud, gross mismanagement, or incompetence currently in these cases that satisfies the heavy burden of appointment of a trustee or conversion.

5. To establish such burden, the Movants must demonstrate "cause" or that appointment of a trustee or conversion are in the best interests of creditors. For the foregoing reasons, and the reasons set forth below, the Movants cannot establish either basis, and the Motions should be denied.

## **OBJECTION**

### I.    **The Movants Cannot Meet Their Burden to Support Appointment of a Chapter 11 Trustee**

6. Bankruptcy Code section 1104(a) provides, in relevant part, that upon request of a party-in-interest, and after a notice and a hearing, the court shall order appointment of a trustee:

> 1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or
>
> 2) if such appointment is in the interest of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

11 U.S.C. § 1104(a). The Trustee Motion neither establishes cause for the appointment of a trustee nor demonstrates that appointment of a trustee is in the best interests of the estates or stakeholders.

3

7. The appointment of a chapter 11 trustee is an extraordinary remedy,[3] and the standard for such appointment is heightened. In the Second Circuit, the party seeking the appointment of a chapter 11 trustee bears the burden of proof to establish by clear and convincing evidence that "cause" exists under section 1104(a)(1) or that there is a need for a trustee under section 1104(a)(2). *Adams v. Marwil (In re Bayou Grp., LLC)*, 564 F.3d 541, 546 (2d Cir. 2009). Clear and convincing evidence is a more exacting standard, which establishes in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. *In re Gans*, 75 B.R. 474, 482 (Bankr. S.D.N.Y. 1987) (internal citations omitted).

8. Moreover, there is an elevated presumption that facilitates a debtor-in-possession having a fair opportunity to reorganize. *See Schuster v. Dragone*, 266 B.R. 268, 271 (Bankr. D. Conn. 2001) (internal citations omitted) ("the Bankruptcy Code favors allowing the debtor to remain in possession and operate the business."); *see In re Anchorage Boat Sales, Inc.*, 4 B.R. 635, 645 (Bankr. E.D.N.Y. 1980) ("Since one would expect to find some degree of incompetence or mismanagement in most businesses which have been forced to seek the protections of chapter 11, the Court must find something more aggravated than simple mismanagement in order to appoint a trustee."). Appointing a trustee is the "last resort" and is reserved only for dire situations. *See W.R.*

---

[3] *See In re Adelphia Communications Corp*, 336 B.R. 610, 655 (Bankr. S.D.N.Y 2006) aff'd, 342 B.R. 122 (S.D.N.Y. 2006) ("It is settled that appointment of a trustee should be the exception, rather than the rule. . .") (quoting *In re Sharon Steel Corp.*, 872 F.2d 1225 (3d. Cir. 1989)); *In re Euro-Am. Lodging Corp.*, 365 B.R. 421, 426 (Bankr. S.D.N.Y. 2007) ("The appointment of a § 1104 trustee is an extraordinary remedy"); *In the Matter of Cajun Electric Power Cooperative, Inc.*, 69 F.3d 747, 749 (5th Cir. 1995) ("the appointment of a trustee pursuant to Section 1104(a)(1) is an extraordinary remedy. . ."); *In re Patman Drilling International, Inc.*, Case No. 07-34622-SGJ, 2008 WL 724086 (Bankr. N.D. Tex. March 14, 2008) ("Appointment of a chapter 11 trustee is a draconian remedy. A strong presumption exists that a chapter 11 debtor should be permitted to remain in possession"); *Official Comm. of Asbestos Pers. Injury Claimants v. Sealed Air Corp (In re W.R. Grace)*, 285 B.R. 148, 158 (Bankr. D. Del. 2002) ("appointing a trustee must be considered as a last resort"); see *In re Marvel Entm't Group, Inc*, 140 F.3d 463, 471 (3rd Cir. 1998) ("Thus, the basis for the strong presumption against appointing an outside trustee is that there is often no need for one. . ."); *Official Comm. Of Unsecured Creditors of Cybergenics Corp., ex. rel. Chinery*, 330 F.3d 548, 577 (3rd Cir. 2003) ("Appointing a trustee in a Chapter 11 case is extraordinary remedy. . ."); 7 LAWRENCE KING, COLLIER ON BANKRUPTCY Sections 1104.02 [1], 1104.02 [3][d][i] (16th ed. 2022).

4

*Grace & Co.*, 285 B.R. at 158 (Bankr. D. Del. 2002) (recognizing that "appointing a trustee must be considered a last resort").

9. The Movants fail to demonstrate "cause" sufficient to warrant the appointment of a chapter 11 trustee. Moreover, given the posture of the Chapter 11 Cases, the role of the Committee, and the current chapter 11 plan, the circumstances of the Chapter 11 Cases do not support appointment of a trustee.

### A. Appointment of a Trustee is Not in the Best Interests of Creditors

10. Bankruptcy Code section 1104(a)(2) authorizes a court to order the appointment of a trustee "if such appointment is in the best interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor. 11 U.S.C. § 1104(a)(2).[4] In determining whether appointment of a chapter 11 trustee is in the interests of stakeholders, courts engage in a cost-benefit analysis. *See, e.g., Ionosphere Clubs*, 113 B.R. at 168 (courts weigh "the benefits derived by the appointment of a trustee, balanced against the cost of the appointment"); *In re Cardinal Indus.*, 109 B.R. 755, 766 (Bankr. S.D. Ohio 1990) (comparing "the cost of a trustee to the estate, when compared with the benefit sought to be derived"); *In re Microwave Prods. of Am., Inc.*, 102 B.R. 666, 676 (Bankr. W.D. Tenn. 1989) (same); *see also* H.R. Rep. No. 95-595 (1977) ("may order appointment only if the protection afforded by a trustee is needed and the costs and expenses of a trustee would not be disproportionately higher than the value of the protection afforded."). In

---

[4] Additionally, courts have considered the following four factors in determining whether a chapter 11 trustee should be appointed pursuant to Bankruptcy Code section 1104(a)(2): (i) the trustworthiness of the debtor; (ii) the debtor in possession's past and present performance and prospects of the debtor's rehabilitation; (iii) the confidence—or lack thereof—of the business community and of the creditors in present management, and (iv) the benefits derived by the appointment of a trustee, balanced against the cost of appointment." *Adelphia Commc'ns Corp.*, 336 B.R. at 659 (Bankr. S.D.N.Y. 2006) (citing *In re Ionosphere Clubs, Inc.*, 113 B.R. 164, 168 (Bankr. S.D.N.Y. 1990)).

5

evaluating the cost-benefit analysis, courts "look to the practical realities and necessities." *Ionosphere Clubs*, 113 B.R. at 168.

11.     The practical reality here is that the Chapter 11 Cases are nearing an end, with plan confirmation imminent. *See In re 1031 Tax Group, LLC*, 374 B.R. 78, 92 (Bankr. S.D.N.Y. 2007) ("A major factor in these cases affecting the Creditors best interests is the issue of time."). If the plan, which has been ovewhelminly accepted by creditors, is confirmed, then a Plan Administrator, who is entirely independent of the Debtors, will be appointed. Appointment of the Plan Administrator is akin to what the Movants are seeking here—an independent third party to investigate and pursue causes of action. *See W.R. Grace & Co.*, 285 B.R. at 151 (rejecting motion to appoint a trustee, holding that a trustee should not be appointed "if the same result can be obtained by other means" recognizing that appointing a trustee "should be the exception, rather than the rule.").

12.     Moreover, the Plan Administrator has been selected by the Committee (in consultation with the Debtors). The Committee is comprised of customers (like the Movants). The Committee's ability to select the Plan Administrator to step into the shoes of the Debtors was a critical component of the Committee's negotiations with the Debtors over the plan.  Indeed, under the Debtors' original plan of reorganization, the Debtors retained control over the appointment of the board of directors of any post-confirmation entity. *See Joint Plan of Reorganization of Voyager Digital Holdings, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 17], Art. IV.F.

13.     In any event, the cost of appointing a trustee greatly outweighs any benefit. The appointment of a trustee will unnecessarily delay an exit from chapter 11, and thus delay the closing of the pending sale transaction and distributions to creditors. There would be time involved

in identifying a trustee with the requisite crypto experience necessary to, among other things, continue the Debtors' operations and the ongoing crypto rebalancing that is necessary to consummate the Binance.US transaction. Once appointed, the trustee would need to become familiar with the Debtors' business and the sale transaction, as well as retain professionals, resulting in additional cost. On the other hand, there is no real benefit to the appointment of a trustee given that the trustee will more than likely be replaced by the Plan Administrator shortly after appointment. Accordingly, appointment of a chapter 11 trustee is not in the best interests of creditors or the estates. *See In re North Stay Contracting Corp.*, 128 B.R. 66, 70 (Bankr. S.D.N.Y. 1991) ("The costs of a trustee will only burden this estate with additional administrative expenses and will not be in the best interests of creditors.").

**B.    No "Cause" Exists to Appoint a Chapter 11 Trustee**

14.    The appointment of a chapter 11 trustee is authorized upon the showing of "cause"—inclusive of fraud, dishonesty, incompetence, or gross mismanagement of the debtor's affairs by current management. 11 U.S.C. § 1104(a)(1). These enumerated grounds do not constitute an exhaustive list of factors that warrant the appointment of a trustee; some other "[f]actors relevant to the appointment of a trustee under § 1104(a)(1) include: conflicts of interest, inappropriate relations between corporate parents and the subsidiaries; misuse of assets and funds; inadequate record keeping and reporting; various instances of conduct found to establish fraud or dishonesty; and lack of credibility and creditor confidence." *In re Ashley River Consulting, LLC*, No. 14-13406 (MG), 2015 Bankr. LEXIS 1008, at *28-29 (Bankr. S.D.N.Y. Mar. 31, 2015).

15.    The Movants cite various prepetition misconduct such as "financial and regulatory misgivings" paired with "multiple allegations of criminal conduct" as necessitating the appointment of a "neutral, independent" trustee "with the facilitation and backing of the U.S. Government." Trustee Mot, ¶ 37. Although the § 1104(a)(1) analysis is not limited to postpetition

7

acts, the focus of the analysis is to be based on the debtor's current activities. *See In re Sletteland*, 260 B.R. 657, 672 (Bankr. S.D.N.Y. 2001) ("[O]n a motion for the appointment of a trustee, the focus is on the debtor's current activities, not past misconduct"). The various allegations asserted in the Motions do not demonstrate that the Debtors are currently being victimized by fraud, gross mismanagement, or incompetence that justifies the appointment of a trustee. And the Movants have not made any such allegations. Accordingly, the Motions fall short of clear and convincing evidence that "cause" exists.

II.     **There is No "Cause" to Convert These Cases to Chapter 7**

16.     The Movants seek conversion to chapter 7 on the eve of plan confirmation, which will render all progress made to date worthless and materially impact creditor recoveries. There is no "cause" to convert these cases.

17.     Bankruptcy Code section 1112(b) authorizes a bankruptcy court to convert a chapter 11 case to a case under chapter 7 "for cause." 11 U.S.C. § 1112(b)(1). The Bankruptcy Code provides a non-exhaustive list of "cause," including, among other things, "(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation" and "(B) gross mismanagement of the estate." 11 U.S.C. § 1112(b)(4)(A)-(B). To establish "cause" these factors must have occurred post-petition, when an "estate" actually exists. *See In re SageCrest II LLC*, No. 08-50754 (AHS), 2010 Bankr. LEXIS 4592, at *11-12 (Bankr. D. Conn. Dec. 22, 2010) (observing that "all of the enumerated causes in [section 1112(b)(4)] are based on *post*-bankruptcy behavior") (emphasis in original); *see In re Creech*, 538 B.R. 245, 248-49 (Bankr. E.D.N.C. 2015) ("The circumstances indicating substantial or continuing loss or diminution must have occurred post-petition; pre-petition events will not establish cause"); *see In re Sunnyland Farms, Inc.*, 517 B.R. 263, 267 (Bankr. D.N.M. 2014) ("The alleged gross mismanagement must occur post-petition").

8

18. The Movants cite two primary bases for cause. First, that the Debtors, the Committee, and their professionals have known since the summer of 2022 that a reorganization or rehabilitation was not possible. Conversion Mot., p. 2. Second, that creditors are not being served "by continuously extending the Chapter 11 timeline." *Id*. Such bases do not constitute "cause." Indeed, substantial or continuing loss to or diminution of the estate alone, is not sufficient to justify conversion. *See 1031 Tax Group*, 374 B.R. at 93 (Bankr. S.D.N.Y. 2007) ("The fact there is a continuing loss to the estate, due to the mounting administrative costs and the lack of any new business entering the estate, is insufficient to establish 'cause' within the meaning of § 1112(b)(1)"). Section 1112(b) requires that such loss or diminution be accompanied by the absence of a reasonable likelihood of rehabilitation. *See* 11 U.S.C. § 1112(b)(4)(a) ("[1] substantial or continuing loss to or diminution of the estate *and* [2] the absence of a reasonable likelihood of rehabilitation."); *see also In re BH S&B Holdings, LLC*, 439 B.R. 342, 347 (Bankr. S.D.N.Y. 2010) ("It is not enough just to show continuing loss to the estate; the moving party must also show the absence of a reasonable likelihood of rehabilitation.").

19. The Movants fail to recognize that the original timeline in these Chapter 11 Cases provided for confirmation of a chapter 11 plan within six months of the Petition Date. Absent the unexpected and shocking demise of AlamedaFTX, that result would have been attainable. Even so, the Debtors and the Committee worked to quickly find an alternative exit from chapter 11, which is on track to occur approximately three months after the AlamedaFTX transaction failed. Accordingly, there is a reasonable likelihood of rehabilitation and the Conversion Motion should be denied.

### III. The Committee is Adequately Representing Creditors

20. Mr. Hendershott is among a group of creditors that desires to have a role on the Committee. The Committee, however, is not responsible for appointing members. Pursuant to the Bankruptcy Code, the U.S. Trustee is responsible for appointing a committee of unsecured creditors as the U.S. Trustee deems appropriate. 11 U.S.C. §1102(a)(1). In September 2022, Mr. Hendershott contacted the U.S. Trustee to request that the Committee be expanded such that he could become a member. Such request was denied by the U.S. Trustee's office, as set forth below:

> Re: Voyager Digital Holdings, Inc., et al.
> Case No. 22-10943 (MEW) SDNY
>
> Dear Mr. Hendershott:
>
> I am writing with respect to your request, dated September 12, 2022, that the United States Trustee expand the membership of the Official Committee of Unsecured Creditors (the "Committee") in the above-referenced chapter 11 cases. Upon receipt of your request, we consulted and raised your concerns with counsel to the Committee.
>
> After considering your request, the United States Trustee has decided not to expand the Committee at this time. We encourage you to reach out to the Committee and its counsel to raise your concerns. Thank you.
>
> Very truly yours,
>
> WILLIAM K. HARRINGTON
> UNITED STATES TRUSTEE
> Region 2
>
> By: /s/ Richard C. Morrissey

21. Mr. Hendershott now seeks to reconstitute the Committee on the eve of plan confirmation disregarding the fact that on the effective date of the plan, the Committee will be dissolved. *See* Docket No. 943, p. 176 ("On the Effective Date, any statutory committee appointed in the Chapter 11 Cases shall dissolve, and the members thereof shall be released and discharged from all rights and duties arising from, or related to, the Chapter 11 Cases."). Even if Mr.

10

Hendershott's argument that the Committee should be reconstituted has merit, there is no benefit to appointing an entirely new Committee at this juncture in the Chapter 11 Cases.

22. The Conversion Motion also alleges that the Committee does not inform creditors of the Committee's actions. This is simply false. The Committee has held four multi-hour town halls, regularly answers questions via phone and email from creditors who contact Committee counsel, and maintains a Twitter page where updates are provided frequently. Much of these efforts are atypical for a creditors committee, but the Committee has endeavored to take a proactive approach to provide additional information to its constituency. For the most part, those efforts have been well received by the approximately one million creditors in these cases. The Committee is cognizant that creditors want complete transparency. However, the Committee is bound by confidentiality with respect to many of the issues in these Chapter 11 Cases and has endeavored to provide as much information as possible within those constraints. *See Order Clarifying the Requirement to Provide Access to Confidential or Privileged Information and Approving Protocol Regarding Creditor Requests for Information* [Docket No. 399] ("The Committee shall not be required to disseminate to any entity (as defined in Bankruptcy Code section 101(15)): (i) without further order of the Court, Confidential Debtor Information, Confidential Committee Information, or confidential and non-public proprietary information from other parties or (ii) any information subject to attorney-client or some other state, federal, or other jurisdictional law privilege (including attorney-work product), whether such privilege is solely controlled by the Committee or is a joint or common interest privilege with the Debtors or some other party.")

23. The Committee has and will continue to adequately represent creditors in these Chapter 11 Cases, and any request to remove or replace Committee members at this juncture

should be denied, in particular because the U.S. Trustee has already considered and rejected this request.

## **RESERVATION OF RIGHTS**

24. The Committee reserves all rights to supplement or amend this Objection, to raise additional issues with the Motions and make additional arguments at the hearing, and to present evidence at the hearing.

**CONCLUSION**

WHEREFORE, the Committee respectfully requests that this Court deny the Motions and grant such other and further relief as the Court deems proper.

Dated:  New York, New York
         February 23, 2023

**MCDERMOTT WILL & EMERY LLP**

/s/ Darren Azman
Darren Azman
Joseph B. Evans
One Vanderbilt Avenue
New York, NY 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
E-mail: dazman@mwe.com
E-mail: jbevans@mwe.com

*and*

Charles R. Gibbs (admitted *pro hac vice*)
Grayson Williams (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
E-mail: crgibbs@mwe.com
E-mail: gwilliams@mwe.com

*and*

Gregg Steinman (admitted *pro hac vice*)
333 SE 2nd Avenue, Suite 4500
Miami, FL 33131-2184
Telephone: (305) 329-4473
Facsimile: (305) 503-8805
E-mail: gsteinman@mwe.com

*Counsel to the Official Committee of Unsecured Creditors*

# CERTIFICATE OF SERVICE

       I hereby certify that on this 23rd day of February 2023, I caused a true and correct copy of the foregoing *The Official Committee of Unsecured Creditors' Omnibus Objection to Motions Seeking Conversion or Appointment of a Chapter 11 Trustee* (the "Omnibus Objection") to be served on the Service List by (i) by electronic notification pursuant to the CM/ECF system for the United States Bankruptcy Court for the Southern District of New York, (ii) e-mail, or (iii) First Class U.S. Mail, as indicated in the attachment hereto. I further certify that I caused the Omnibus Objection to be served on this 23rd day of February 2023 upon the parties listed below by e-mail.

                                         */s/ Darren Azman*
                                         Darren Azman

| | |
|---|---|
| Tracy Hendershott | Michelle DiVita |
| tokyotracy@gmail.com | ***E-MAIL ADDRESS REDACTED*** |

## SERVICE LIST

| Name | Attention | Address 1 | Address 2 | City | State | Zip | Country | Email | Method of Service |
|---|---|---|---|---|---|---|---|---|---|
| DISTRICT OF COLUMBIA | OFFICE OF THE ATTORNEY GENERAL | 400 6TH STREET NW | | WASHINGTON | DC | 20001 | | OAG@DC.GOV | VIA E-MAIL |
| FRANCINE DE SOUSA | C/O SISKINDS LLP | ATTN: ANTHONY O'BRIEN | 100 LOMBARD STREET SUITE 302 | TORONTO | ON | M5C1M3 | | ANTHONY.OBRIEN@SISKINDS.COM | VIA E-MAIL |
| FRANCINE DE SOUSA | C/O SISKINDS LLP | ATTN: MICHAEL G. ROBB & GARETT M. HUNTER | 275 DUNDAS STREET UNIT 1 | LONDON | ON | N6B3L1 | | MICHAEL.ROBB@SISKINDS.COM GARETT.HUNTER@SISKINDS.COM | VIA E-MAIL |
| GOOGLE, LLC | | 1600 AMPHITHEATRE PKWY | | MOUNTAIN VIEW | CA | 94043 | | COLLECTIONS@GOOGLE.COM | VIA E-MAIL |
| INTERNAL REVENUE SERVICE | | PO BOX 7346 | | PHILADELPHIA | PA | 19101-7346 | | | VIA FIRST CLASS MAIL |
| OFFICE OF THE UNITED STATES TRUSTEE | FOR THE SOUTHERN DIST OF NEW YORK | ATTN: RICHARD C. MORRISSEY, ESQ. AND MARK BRUH, ESQ. | 201 VARICK STREET, ROOM 1006 | NEW YORK | NY | 10014 | | RICHARD.MORRISSEY@USDOJ.GOV MARK.BRUH@USDOJ.GOV | VIA E-MAIL VIA E-MAIL |
| SECURITIES & EXCHANGE COMMISSION | | 100 F STREET NE | | WASHINGTON | DC | 20549 | | SECBANKRUPTCY-OGC-ADO@SEC.GOV | VIA E-MAIL |
| SECURITIES & EXCHANGE COMMISSION | NEW YORK REGIONAL OFFICE | 100 PEARL STREET SUITE 20-100 | | NEW YORK | NY | 10004-2616 | | NYROBANKRUPTCY@SEC.GOV | VIA E-MAIL |
| SECURITIES & EXCHANGE COMMISSION | NEW YORK REGIONAL OFFICE | ATTN: ANDREW CALAMARI REGIONAL DIRECTOR | 200 VESEY STREET SUITE 400 | NEW YORK | NY | 10281-1022 | | BANKRUPTCYNOTICESCHR@SEC.GOV | VIA E-MAIL |
| STATE OF ALABAMA | OFFICE OF THE ATTORNEY GENERAL | 501 WASHINGTON AVE | | MONTGOMERY | AL | 36104 | | CONSUMERINTEREST@ALABAMAAG.GOV | VIA E-MAIL |
| STATE OF ALASKA | OFFICE OF THE ATTORNEY GENERAL | 1031 W 4TH AVE, STE 200 | | ANCHORAGE | AK | 99501 | | ATTORNEY.GENERAL@ALASKA.GOV | VIA E-MAIL |
| STATE OF ARIZONA | OFFICE OF THE ATTORNEY GENERAL | 2005 N CENTRAL AVE | | PHOENIX | AZ | 85004 | | AGINFO@AZAG.GOV | VIA E-MAIL |
| STATE OF ARKANSAS | OFFICE OF THE ATTORNEY GENERAL | 323 CENTER ST, STE 200 | | LITTLE ROCK | AR | 72201 | | OAG@ARKANSASAG.GOV | VIA E-MAIL |
| STATE OF CALIFORNIA | OFFICE OF THE ATTORNEY GENERAL | PO BOX 944255 | | SACRAMENTO | CA | 94244-2550 | | XAVIER.BECERRA@DOJ.CA.GOV | VIA E-MAIL |
| STATE OF COLORADO | OFFICE OF THE ATTORNEY GENERAL | RALPH L. CARR JUDICIAL BUILDING | 1300 BROADWAY, 10TH FL | DENVER | CO | 80203 | | CORA.REQUEST@COAG.GOV | VIA E-MAIL |
| STATE OF CONNECTICUT | OFFICE OF THE ATTORNEY GENERAL | 165 CAPITOL AVENUE | | HARTFORD | CT | 06106 | | ATTORNEY.GENERAL@CT.GOV | VIA E-MAIL |
| STATE OF FLORIDA | OFFICE OF THE ATTORNEY GENERAL | THE CAPITOL PL01 | | TALLHASSEE | FL | 32399 | | ASHLEY.MOODY@MYFLORIDALEGAL.CO | VIA E-MAIL |
| STATE OF GEORGIA | OFFICE OF THE ATTORNEY GENERAL | 40 CAPITOL SQ SW | | ATLANTA | GA | 30334 | | | VIA FIRST CLASS MAIL |
| STATE OF HAWAII | OFFICE OF THE ATTORNEY GENERAL | 425 QUEEN STREET | | HONOLULU | HI | 96813 | | HAWAIIAG@HAWAII.GOV | VIA E-MAIL |
| STATE OF IDAHO | OFFICE OF THE ATTORNEY GENERAL | 700 W. JEFFERSON ST, SUITE 210 | PO BOX 83720 | BOISE | ID | 83720 | | LAWRENCE.WASDEN@AG.IDAHO.GOV AGWASDEN@AG.IDAHO.GOV | VIA E-MAIL |
| STATE OF ILLINOIS | OFFICE OF THE ATTORNEY GENERAL | JAMES R. THOMPSON CENTER | 100 W. RANDOLPH ST | CHICAGO | IL | 60601 | | INFO@LISAMADIGAN.ORG | VIA E-MAIL |
| STATE OF INDIANA | OFFICE OF THE INDIANA ATTORNEY GENERAL | INDIANA GOVERNMENT CENTER SOUTH | 302 W WASHINGTON ST, 5TH FLOOR | | IN | 46204 | | | VIA FIRST CLASS MAIL |
| STATE OF IOWA | OFFICE OF THE ATTORNEY GENERAL | HOOVER STATE OFFICE BUILDING | 1305 E. WALNUT STREET | DES MOINES | IA | 50319 | | CONSUMER@AG.IOWA.GOV | VIA E-MAIL |
| STATE OF KANSAS | ATTN: ATTORNEY GENERAL DEREK SCHMIDT | 120 SW 10TH AVE, 2ND FLOOR | | TOPEKA | KS | 66612 | | DEREK.SCHMIDT@AG.KS.GOV | VIA E-MAIL |
| STATE OF KENTUCKY | ATTORNEY GENERAL - DANIEL CAMERON | 700 CAPITAL AVENUE, SUITE 118 | | FRANKFORT | KY | 40601 | | | VIA FIRST CLASS MAIL |
| STATE OF LOUISIANA | DEPT. OF JUSTICE - ATTORNEY GENERAL'S OFFICE | 300 CAPITAL DRIVE | | BATON ROUGE | LA | 70802 | | ADMININFO@AG.STATE.LA.US | VIA E-MAIL |
| STATE OF MAINE | OFFICE OF THE ATTORNEY GENERAL | 6 STATE HOUSE STATION | | AUGUSTA | ME | 04333 | | ATTORNEY.GENERAL@MAINE.GOV | VIA E-MAIL |
| STATE OF MARYLAND | OFFICE OF THE ATTORNEY GENERAL | 200 ST. PAUL PLACE | | BALTIMORE | MD | 21202 | | OAG@OAG.STATE.MD.US | VIA E-MAIL |
| STATE OF MASSACHUSETTS | ATTORNEY GENERAL'S OFFICE | 1 ASHBURTON PLACE, 20TH FLOOR | | BOSTON | MA | 02108 | | | VIA FIRST CLASS MAIL |
| STATE OF MICHIGAN | DEPARTMENT OF ATTORNEY GENERAL | 525 W OTTAWA ST | | LANSING | MI | 48906 | | | VIA FIRST CLASS MAIL |
| STATE OF MINNESOTA | OFFICE OF THE ATTORNEY GENERAL | 445 MINNESOTA ST, STE 1400 | | ST. PAUL | MN | 55101 | | ATTORNEY.GENERAL@AG.STATE.MN.US | VIA E-MAIL |
| STATE OF MISSISSIPPI | OFFICE OF THE ATTORNEY GENERAL | WALTER SILLERS BUILDING | 550 HIGH ST, PO BOX 220 | JACKSON | MS | 39201 | | | VIA FIRST CLASS MAIL |
| STATE OF MISSOURI | OFFICE OF THE ATTORNEY GENERAL | SUPREME COURT BUILDING | 207 W HIGH ST | JEFFERSON CITY | MO | 65101 | | CONSUMER.HELP@AGO.MO.GOV | VIA E-MAIL |
| STATE OF MONTANA | OFFICE OF THE ATTORNEY GENERAL | JUSTICE BUILDING, 3RD FLOOR | 215 N SANDERS, PO BOX 201401 | HELENA | MT | 59602 | | CONTACTDOJ@MT.GOV | VIA E-MAIL |
| STATE OF NEBRASKA | OFFICE OF THE ATTORNEY GENERAL | 2115 STATE CAPITOL | | LINCOLN | NE | 68509 | | | VIA FIRST CLASS MAIL |
| STATE OF NEVADA | OFFICE OF THE ATTORNEY GENERAL | OLD SUPREME COURT BUILDING | 100 N CARSON ST | CARSON CITY | NV | 89701 | | | VIA FIRST CLASS MAIL |
| STATE OF NEW HAMPSHIRE | OFFICE OF THE ATTORNEY GENERAL | NH DEPARTMENT OF JUSTICE | 33 CAPITOL ST. | CONCORD | NH | 03301 | | ATTORNEYGENERAL@DOJ.NH.GOV | VIA E-MAIL |
| STATE OF NEW JERSEY | OFFICE OF THE ATTORNEY GENERAL | RICHARD J. HUGHES JUSTICE COMPLEX | 25 MARKET ST 8TH FL, WEST WING BOX 080 | TRENTON | NJ | 08611 | | | VIA FIRST CLASS MAIL |
| STATE OF NEW MEXICO | OFFICE OF THE ATTORNEY GENERAL | 408 GALISTEO STREET | VILLAGRA BUILDING | SANTA FE | NM | 87501 | | HBALDERAS@NMAG.GOV | VIA E-MAIL |
| STATE OF NEW YORK | OFFICE OF THE ATTORNEY GENERAL | THE CAPITOL | 2ND FLOOR | ALBANY | NY | 12224 | | | VIA FIRST CLASS MAIL |
| STATE OF NORTH CAROLINA | OFFICE OF THE ATTORNEY GENERAL | 114 W EDENTON ST | | RALEIGH | NC | 27603 | | | VIA FIRST CLASS MAIL |
| STATE OF NORTH DAKOTA | OFFICE OF THE ATTORNEY GENERAL | STATE CAPITOL, 600 E | DEPT. 125 | BISMARCK | ND | 58505 | | NDAG@ND.GOV | VIA E-MAIL |
| STATE OF OHIO | OFFICE OF THE ATTORNEY GENERAL | STATE OFFICE TOWER | 30 E BROAD ST 14TH FL | COLUMBUS | OH | 43215 | | | VIA FIRST CLASS MAIL |
| STATE OF OKLAHOMA | OFFICE OF THE ATTORNEY GENERAL | 313 NE 21ST ST | | OKLAHOMA CITY | OK | 73105 | | QUESTIONS@OAG.OK.GOV | VIA E-MAIL |
| STATE OF OREGON | OFFICE OF THE ATTORNEY GENERAL | 1162 COURT ST NE | | SALEM | OR | 97301-4096 | | ELLEN.ROSENBLUM@DOG.STATE.OR.US ATTORNEYGENERAL@DOJ.STATE.OR.U | VIA E-MAIL |
| STATE OF PENNSYLVANIA | OFFICE OF THE ATTORNEY GENERAL | STRAWBERRY SQUARE 16TH FL | | HARRISBURG | PA | 17120 | | | VIA FIRST CLASS MAIL |
| STATE OF RHODE ISLAND | OFFICE OF THE ATTORNEY GENERAL | 150 S MAIN ST | | PROVIDENCE | RI | 02903 | | AG@RIAG.RI.GOV | VIA E-MAIL |
| STATE OF SOUTH CAROLINA | OFFICE OF THE ATTORNEY GENERAL | PO BOX 11549 | | COLUMBIA | SC | 29211 | | | VIA FIRST CLASS MAIL |
| STATE OF SOUTH CAROLINA | OFFICE OF THE ATTORNEY GENERAL | REMBERT C. DENNIS BLDG | 1000 ASSEMBLY ST RM 519 | COLUMBIA | SC | 29201 | | | VIA FIRST CLASS MAIL |
| STATE OF SOUTH DAKOTA | OFFICE OF THE ATTORNEY GENERAL | 1302 E HIGHWAY 14, STE 1 | | PIERRE | SD | 57501-8501 | | | VIA FIRST CLASS MAIL |

| Name | Firm | Address 1 | Address 2 | City | State | Zip | Email | Method |
|---|---|---|---|---|---|---|---|---|
| STATE OF TENNESSEE | OFFICE OF THE ATTORNEY GENERAL | PO BOX 20207 | | NASHVILLE | TN | 37202-0207 | | VIA FIRST CLASS MAIL |
| STATE OF TEXAS | OFFICE OF THE ATTORNEY GENERAL | 300 W. 15TH ST | | AUSTIN | TX | 78701 | | VIA FIRST CLASS MAIL |
| STATE OF UTAH | OFFICE OF THE ATTORNEY GENERAL | UTAH STATE CAPITOL COMPLEX | 350 NORTH STATE ST STE 230 | SALT LAKE CITY | UT | 84114 | UAG@UTAH.GOV | VIA E-MAIL |
| STATE OF VERMONT | OFFICE OF THE ATTORNEY GENERAL | 109 STATE ST. | | MONTPELIER | VT | 05609 | AGO.INFO@VERMONT.GOV | VIA E-MAIL |
| STATE OF VIRGINIA | OFFICE OF THE ATTORNEY GENERAL | 202 N. NINTH ST. | | RICHMOND | VA | 23219 | MAIL@OAG.STATE.VA.US | VIA E-MAIL |
| STATE OF WASHINGTON | OFFICE OF THE ATTORNEY GENERAL | 1125 WASHINGTON ST SE | | OLYMPIA | WA | 98501 | | VIA FIRST CLASS MAIL |
| STATE OF WASHINGTON | OFFICE OF THE ATTORNEY GENERAL | PO BOX 40100 | | OLYMPIA | WA | 98504-00 | | VIA FIRST CLASS MAIL |
| STATE OF WEST VIRGINIA | OFFICE OF THE ATTORNEY GENERAL | STATE CAPITOL, 1900 KANAWHA | BUILDING 1 RM E-26 | CHARLESTON | WV | 25305 | CONSUMER@WVAGO.GOV | VIA E-MAIL |
| STATE OF WISCONSIN | OFFICE OF THE ATTORNEY GENERAL | 17 WEST MAIN STREET, ROOM 114 EAST P | | MADISON | WI | 53702 | | VIA FIRST CLASS MAIL |
| STATE OF WYOMING | OFFICE OF THE ATTORNEY GENERAL | 109 STATE CAPITOL | | CHEYENNE | WY | 82002 | | VIA FIRST CLASS MAIL |
| TORONTO STOCK EXCHANGE | | 300 - 100 ADELAIDE ST. | | WEST TORONTO | ON | M5H 1S3 | WEBMASTER@TMX.COM | VIA E-MAIL |
| UNITED STATES ATTORNEY'S OFFICE | SOUTHERN DISTRICT OF NEW YORK | ONE ST. ANDREWS PLAZA | | NEW YORK | NY | 10007 | | VIA FIRST CLASS MAIL |
| UNITED STATES DEPARTMENT OF | ATTORNEY GENERAL OF THE U.S. | 950 PENNSYLVANIA AVE, NW | | WASHINGTON | DC | 20530-0001 | | VIA FIRST CLASS MAIL |
| KELLEHER PLACE MANAGEMENT, LLC | HORWOOD MARCUS & BERK CHARTERED | 500 W. MADISON ST. | SUITE 3700 | CHICAGO | IL | 60661 | AHAMMER@HMBLAW.COM NDELMAN@HMBLAW.COM | VIA ECF VIA E-MAIL |
| METROPLITAN COMMERCIAL BANK | BALLARD SPAHR LLP | 200 IDS CENTER | 80 SOUTH 8TH STREET | MINNEAPOLIS | MN | 55402-2119 | SINGERG@BALLARDSPAHR.COM | VIA E-MAIL |
| METROPLITAN COMMERCIAL BANK | WACHTELL, LIPTON, ROSEN & KATZ | 51 WEST 52ND STREET | | NEW YORK | NY | 10019-6150 | RGMASON@WLRK.COM ARWOLF@WLRK.COM AKHERRING@WLRK.COM | VIA E-MAIL VIA ECF VIA E-MAIL |
| JASON RAZNICK | JAFFE RAITT HEUER & WEISS, P.C. | 27777 FRANKLIN ROAD | SUITE 2500 | SOUTHFIELD | MI | 48034 | PHAGE@JAFFELAW.COM | VIA ECF |
| STEVE LAIRD | FORSHEY & PROSTOK LLP | 777 MAIN STREET | SUITE 1550 | FORT WORTH | TX | 76102 | BFORSHEY@FORSHEYPROSTOK.COM | VIA ECF |
| ORACLE AMERICA, INC. | BUCHALTER, A PROFESSIONAL CORPORA | 425 MARKET ST. | SUITE 2900 | SAN FRANCISCO | CA | 94105 | SCHRISTIANSON@BUCHALTER.COM | VIA ECF |
| ALAMEDA RESEARCH LLC & AFFILIATES | SULLIVAN & CROMWELL LLP | 125 BROAD STREET | | NEW YORK | NY | 10004 | DIETDERICHA@SULLCROM.COM GLUECKSTEINB@SULLCROM.COM BELLERB@SULLCROM.COM | VIA ECF VIA ECF VIA E-MAIL |
| VOYAGER DIGITAL HOLDINGS, INC., ET AL. | KIRKLAND & ELLIS LLP KIRKLAND & ELLIS INTERNATIONAL LLP | 601 LEXINGTON AVENUE | | NEW YORK | NY | 10022 | JSUSSBERG@KIRKLAND.COM CMARCUS@KIRKLAND.COM CHRISTINE.OKIKE@KIRKLAND.COM ALLYSON.SMITH@KIRKLAND.COM | VIA ECF VIA E-MAIL VIA E-MAIL VIA E-MAIL |
| EMERALD OCEAN ISLE, LLC, AMANO GLOBAL HOLDINGS, INC., SHINGO LAVINE, AND ADAM LAVINE | C/O GOLDSTEIN & MCCLINTOCK LLLP | ATTN: MATTHEW E. MCCLINTOCK, HARLEY GOLDSTEIN, AND STEVE YACHIK | 111 W WASHINGTON STREET SUITE 1221 | CHICAGO | IL | 60602 | MATTM@GOLDMCLAW.COM HARLEYG@RESTRUCTURINGSHOP.COM STEVENY@GOLDMCLAW.COM | VIA E-MAIL VIA E-MAIL VIA E-MAIL |
| EMERALD OCEAN ISLE, LLC, AMANO GLOBAL HOLDINGS, INC., SHINGO LAVINE, AND ADAM LAVINE | C/O LAW OFFICES OF DOUGLAS T. TABACHNIK, P.C. | ATTN: DOUGLAS T. TABACHNIK | 63 WEST MAIN STREET SUITE C | FREEHOLD | NJ | 07728-2141 | DTABACHNIK@DTTLAW.COM | VIA ECF |
| MATTHEW EDWARDS | C/O LIZ GEORGE AND ASSOCIATES | ATTN: LYSBETH GEORGE | 8101 S. WALKER SUITE F | OKLAHOMA CITY | OK | 73139 | GEORGELAWOK@GMAIL.COM | VIA ECF |
| TEXAS STATE SECURITIES BOARD | OFFICE OF THE ATTORNEY GENERAL OF TEXAS | ATTN: ABIGAIL R RYAN, LAYLA D MILLIGAN & JASON B BINFORD | BANKRUPTCY & COLLECTIONS DIVISION PO BOX 12548 | AUSTIN | TX | 78711-2548 | ABIGAIL.RYAN@OAG.TEXAS.GOV LAYLA.MILLIGAN@OAG.TEXAS.GOV JASON.BINFORD@OAG.TEXAS.GOV | VIA ECF VIA E-MAIL VIA E-MAIL |
| OFFICE OF THE ATTORNEY GENERAL OF TEXAS | | ATTN: ROMA N. DESAI | BANKRUPTCY & COLLECTIONS DIVISION PO BOX 12548 | AUSTIN | TX | 78711-2548 | ROMA.DESAI@OAG.TEXAS.GOV | VIA ECF |
| OFFICE OF THE ATTORNEY GENERAL | BANKRUPTCY DIVISION | ATTN: MARVIN E. CLEMENTS, JR. | BANKRUPTCY DIVISION P O BOX 20207 | NASHVILLE | TN | 37202-0207 | AGBANKNEWYORK@AG.TN.GOV | VIA ECF |
| VERMONT DEPARTMENT OF FINANCIAL REGULATION | ASSISTANT GENERAL COUNSEL | ATTN: JENNIFER ROOD | 89 MAIN STREET THIRD FLOOR | MONTPELIER | VT | 05620 | JENNIFER.ROOD@VERMONT.GOV | VIA ECF |
| ROBERT SNYDERS & LISA SNYDERS | C/O JOHNSON, POPE, BOKOR, RUPPEL & BURNS, LLP | ATTN: ANGELINA E. LIM | 401 E JACKSON STREET SUITE 3100 | TAMPA | FL | 33602 | ANGELINAL@JPFIRM.COM | VIA ECF |
| MICHAEL LEGG | C/O MCCARTHY, LEBIT, CRYSTAL & LIFFMAN CO. | ATTN: ROBERT R. KRACHT & NICHOLAS R. OLESKI | 1111 SUPERIOR AVENUE EAST SUITE 2700 | CLEVELAND | OH | 44114 | RRK@MCCARTHYLEBIT.COM NRO@MCCARTHYLEBIT.COM | VIA E-MAIL VIA ECF |
| MICHAEL GENTSCH | C/O BARSKI LAW PLC | ATTN: CHRIS D. BRASKI | 9375 E. SHEA BLVD. STE 100 | SCOTTSDALE | AZ | 85260 | CBARSKI@BARSKILAW.COM | VIA ECF |
| ILLINOIS SECRETARY OF STATE | C/O OFFICE OF THE ATTORNEY GENERAL | ATTN: JOHN P. REDING | 100 W. RANDOLPH ST FLOOR 13 | CHICAGO | IL | 60601 | JOHN.REDING@ILAG.GOV | VIA ECF |
| GEORGIA DEPARTMENT OF BANKING AND FINANCE | | ATTN: NATHAN HOVEY, ASSISTANT ATTORNEY GENERAL | DEPARTMENT OF LAW 40 CAPITOL SQUARE SW | ATLANTA | GA | 30334 | NHOVEY@LAW.GA.GOV | VIA ECF |
| MARK CUBAN AND DALLAS BASKETBALL LIMITED, D/B/A DALLAS MAVERICKS | C/O BROWN RUDNICK LLP | ATTN: SIGMUND S. WISSNER-GROSS ESQ. & KENNETH J. AULET | SEVEN TIMES SQUARE | NEW YORK | NY | 10036 | SWISSNER-GROSS@BROWNRUDNICK.COM KAULET@BROWNRUDNICK.COM | VIA ECF VIA E-MAIL |
| MARK CUBAN AND DALLAS BASKETBALL LIMITED, D/B/A DALLAS MAVERICKS | C/O BROWN RUDNICK LLP | ATTN: STEPHEN A. BEST ESQ & RACHEL O. WOLKINSON, ESQ. | 601 THIRTEENTH STREET NW SUITE 600 | WASHINGTON | DC | 2005 | SBEST@BROWNRUDNICK.COM RWOLKINSON@BROWNRUDNICK.COM | VIA E-MAIL VIA E-MAIL |
| ED BOLTON | C/O AKERMAN LLP | ATTN: R. ADAM SWICK, JOHN H. THOMPSON, JOANNE GELFAND | 1251 AVENUE OF THE AMERICAS, 37TH FL | NEW YORK | NY | 10020 | ADAM.SWICK@AKERMAN.COM; JOHN.THOMPSON@AKERMAN.COM; JOANNE.GELFAND@AKERMAN.COM | VIA ECF VIA ECF VIA ECF |
| JON GIACOBBE | | ATTN: A. MANNY ALICANDRO | 11 BROADWAY, SUITE 615 | NEW YORK | NY | 10004 | MANNY@ALICANDROLAWOFFICE.COM | VIA ECF |
| WELLS FARGO BANK, N.A. | C/O ALDRIDGE PITE, LLP | ATTN: GREGORY WALLACH | FIFTEEN PIEDMONT CENTER 3575 PIEDMONT ROAD, N.E. | ATLANTA | GA | 30305 | GWALLACH@ALDRIDGEPITE.COM | VIA ECF |
| AD HOC GROUP OF EQUITY INTEREST HOLDERS | C/O KILPATRICK TOWNSEND & STOCKTON LLP | ATTN: DAVID M. POSNER & KELLY E. MOYNIHAN | THE GRACE BUILDING 1114 AVENUE OF THE | NEW YORK | NY | 10036 | DPOSNER@KILPATRICKTOWNSEND.COM KMOYNIHAN@KILPATRICKTOWNSEND.C | VIA ECF VIA E-MAIL |
| AD HOC GROUP OF EQUITY INTEREST HOLDERS | C/O KILPATRICK TOWNSEND & STOCKTON LLP | ATTN: PAUL M. ROSENBLATT | 1100 PEACHTREE STREET NE SUITE 2800 | ATLANTA | GA | 30309 | PROSENBLATT@KILPATRICKTOWNSEND.COM | VIA E-MAIL |
| PIERCE ROBERTSON | C/O PACHULSKI STANG ZIEHL & JONES LLP | ATTN: RICHARD M. PACHULSKI, ALAN J. KORNFELD, DEBRA I. GRASSGREEN, AND JASON H. ROSELL | 10100 SANTA MONICA BLVD 13TH FLOOR | LOS ANGELES | CA | 90067 | RPACHULSKI@PSZJLAW.COM AKORNFELD@PSZJLAW.COM DGRASSGREEN@PSZJLAW.COM JROSELL@PSZJLAW.COM | VIA E-MAIL VIA E-MAIL VIA E-MAIL VIA ECF |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| STATE OF WASHINGTON | OFFICE OF ATTORNEY GENERAL | ATTN: STEPHEN MANNING, ASSISTANT ATTORNEY GENERAL | GOVERNMENT COMPLIANCE AND ENFORCEMENT DIVISION P.O. BOX 40100 | OLYMPIA | WA | 98504-4010 | | STEPHEN.MANNING@ATG.WA.GOV | VIA ECF |
| MARCUM LLP | MINTZ & GOLD LLP | ATTN: ANDREW R. GOTTESMAN | 600 THIRD AVENUE, 25TH | NEW YORK | NY | 10016 | | GOTTESMAN@MINTZANDGOLD.COM | VIA ECF |
| U.S. SECURITIES & EXCHANGE COMMISSION | | ATTN: THERESE A. SCHEUER | 100 F STREET, NE | WASHINGTON | DC | 20549 | | SCHEUERT@SEC.GOV | VIA E-MAIL |
| NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES | CONSUMER PROTECTION AND FINANCIAL ENFORCEMENT | ATTN: KEVIN R. PUVALOWSKI, LINDA DONAHUE, JASON D. ST. JOHN | ONE STATE STREET | NEW YORK | NY | 10004 | | KEVIN.PUVALOWSKI@DFS.NY.GOV LINDA.DONAHUE@DFS.NY.GOV JASON.STJOHN@DFS.NY.GOV | VIA E-MAIL VIA E-MAIL VIA ECF |
| NEW JERSEY BUREAU OF SECURITIES | C/O MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP | ATTN: VIRGINIA T. SHEA | 1300 MT KEMBLE AVENUE PO BOX 2075 | MORRISTOWN | NJ | 02075 | | VSHEA@MDMC-LAW.COM | VIA ECF |
| NEW JERSEY BUREAU OF SECURITIES | C/O MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP | ATTN: NICOLE LEONARD | 225 LIBERTY STREET, 36TH FLOOR | NEW YORK | NY | 10281 | | NLEONARD@MDMC-LAW.COM | VIA ECF |
| USIO, INC. | PULMAN, CAPPUCCIO & PULLEN, LLP | ATTN: RANDALL A. PULMAN | 2161 NW MILITARY HIGHWAY SUITE 400 | SAN ANTONIO | TX | 78213 | | RPULMAN@PULMANLAW.COM | E-MAIL |
| BAM TRADING SERVICES INC. D/B/A BINANCE.US | LATHAM & WATKINS LLP | ATTN: ADAM J. GOLDBERG, NACIF TAOUSSE, JONATHAN J. WEICHSELBAUM | 1271 AVENUE OF THE AMERICAS | NEW YORK | NY | 10020 | | ADAM.GOLDBERG@LW.COM NACIF.TAOUSSE@LW.COM JON.WEICHSELBAUM@LW.COM | VIA ECF VIA E-MAIL VIA E-MAIL |
| BAM TRADING SERVICES INC. D/B/A BINANCE.US | LATHAM & WATKINS LLP | ATTN: ANDREW D. SORKIN | 555 ELEVENTH STREET, NW SUITE 1000 | WASHINGTON | DC | 20004 | | ANDREW.SORKIN@LW.COM | VIA E-MAIL |
| ATTORNEY FOR THE STATES OF ALABAMA, ARKANSAS, CALIFORNIA, DISTRICT OF COLUMBIA, HAWAII, MAINE, NORTH DAKOTA, OKLAHOMA, AND SOUTH | C/O NATIONAL ASSOCIATION OF ATTORNEYS GENERAL | ATTN: KAREN CORDRY BANKRUPTCY COUNSEL | 1850 M ST. NW 12TH FLOOR | WASHINGTON | DC | 20036 | | KCORDRY@NAAG.ORG | VIA ECF |
| USIO, INC. & FICENTIVE, INC. | RUSKIN MOSCOU FALTISCHEK, P.C. | ATTN: SHERYL P. GUIGLIANO | 1425 RXR PLAZA, 15TH FLOOR | UNIONDALE | NY | 11556 | | SGIUGLIANO@RMFPC.COM | VIA ECF |
| CELSIUS NETWORK LLC | AKIN GUMP STRAUSS HAUER & FELD, L.L.P. | ATTN: MITCHELL P. HURLEY, DEAN L. CHAPMAN, JR. | ONE BRYANT PARK | NEW YORK | NY | 10036 | | MHURLEY@AKINGUMP.COM DCHAPMAN@AKINGUMP.COM | VIA ECF VIA E-MAIL |
| VOYAGER DIGITAL HOLDINGS, INC., ET AL. | PAUL HASTINGS LLP | ATTN: JONATHAN D. CANFIELD | 200 PARK AVENUE | NEW YORK | NY | 10166 | | JONCANFIELD@PAULHASTINGS.COM | VIA ECF |
| VOYAGER DIGITAL HOLDINGS, INC., ET AL. | PAUL HASTINGS LLP | ATTN: MATTHEW M. MURPHY, MICHAEL C. WHALEN | 71 SOUTH WACKER DRIVE SUITE 4500 | CHICAGO | IL | 60606 | | MATTMURPHY@PAULHASTINGS.COM MICHAELCWHALEN@PAULHASTINGS.COM | VIA E-MAIL VIA E-MAIL |
| FEDERAL TRADE COMMISSION | | ATTN: KATHERINE JOHNSON | 600 PENNSYLVANIA AVE., NW MAIL STOP CC-9528 | WASHINGTON | DC | 20580 | | KJOHNSON3@FTC.GOV | VIA ECF |
| OFFICE OF THE ATTORNEY GENERAL OF THE STATE OF NEW YORK | SENIOR ENFORCEMENT COUNSEL INVESTOR PROTECTION BUREAU | ATTN: TANYA TRAKHT | 28 LIBERTY STREET 21ST FLOOR | NEW YORK | NY | 10005 | | TANYA.TRAKHT@AG.NY.GOV | VIA ECF |
| VOYAGER DIGITAL HOLDINGS, INC., ET AL. | KIRKLAND & ELLIS LLP KIRKLAND & ELLIS INTERNATIONAL LLP | ATTN: RAVI SUBRAMANIAN SHANKAR | 300 NORTH LASALLE | CHICAGO | IL | 60654 | | RAVI.SHANKAR@KIRKLAND.COM | VIA ECF |