David M. Posner
Kelly E. Moynihan
**KILPATRICK TOWNSEND & STOCKTON LLP**
The Grace Building
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 775-8700
Facsimile:  (212) 775-8800
Email: dposner@kilpatricktownsend.com
           kmoynihan@kilpatricktownsend.com

Paul M. Rosenblatt, Esq.
**KILPATRICK TOWNSEND & STOCKTON LLP**
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile:  (404) 815-6555
Email: prosenblatt@kilpatricktownsend.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **VOYAGER DIGITAL HOLDINGS, LLC,** *et al.*, | Case No. 22-10943 (MEW) |
| Debtors.[1] | (Jointly Administered) |

**OBJECTION OF THE AD HOC GROUP OF EQUITY
HOLDERS TO JOINT STIPULATION AND AGREED ORDER
BETWEEN THE VOYAGER DEBTORS, THE FTX DEBTORS, AND
THEIR RESPECTIVE OFFICIAL COMMITTEES OF UNSECURED CREDITORS**

The Ad Hoc Group of Equity Holders (the "AHG") of Voyager Digital Ltd. ("TopCo"), a debtor and debtor-in-possession in the above-captioned chapter 11 cases (collectively with each other debtor in the above-captioned cases, the "Debtors," the "Company," or the "Voyager Debtors" as applicable), by and through its undersigned counsel, hereby submits this objection (the "Objection") to the *Joint Stipulation and Agreed Order Between the Voyager Debtors, the FTX Debtors, and Their Respective Official Committees of Unsecured Creditors* [ECF No. 1048] (the "Stipulation").  In support of this Objection, the AHG respectfully represents as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

**OBJECTION**

1.  The Stipulation must not be approved unless all actions to be taken under the Stipulation are subject to further approval of the Court upon proper notice to parties. Baked into the Stipulation is a tactic of the Voyager Official Committee of Unsecured Creditors (the "Committee") to strip TopCo of value that could result in a distribution to TopCo Equity Interests. It is hard to imagine that TopCo, as an independent entity, would approve of this result. The AHG does not.

2.  Prior to the bankruptcy filing, Voyager Digital Holdings, Inc. ("HoldCo") allegedly borrowed $75 million (the "Loan") from Alameda Ventures Ltd. ("FTX"). The amount was allegedly guaranteed (the "Guaranty") by TopCo. FTX filed proofs of claim for this amount. [Claim Nos. 11206, 11209 and 11213].

3.  Throughout this case, the Debtors and the Committee have indicated that the Loan is unenforceable. For example, the Debtors' original Plan indicated the Loan was being cancelled. [Dkt. No. 17, Plan Class 4, p. 23 of 56, "Alameda Loan Facility Claims shall be cancelled, released, discharged and extinguished as of the Effective Date, and will be of no further force or effect, and Holders of Alameda Loan Facility Claims will not receive any distribution on account of such Alameda Loan Facility Claims"].

4.  More recently, both the Debtors and the Committee filed scathing objections to the enforceability of the Loan. [ECF Nos. 929, 936, 937 and 998]. With this backdrop, it is hard to believe that the $75 million Loan has any value or is a valid claim against one or more Voyager Debtors. In the absence of the Loan Guaranty claim against TopCo, TopCo has *de minimis* other claims and will likely be in a position to make a distribution to TopCo Equity Interests.[2]

---

[2] Although various U.S. state agencies filed identical security violation claims against OpCo, HoldCo and TopCo, such state agencies have no jurisdiction over TopCo, such claims are inapplicable to TopCo as a Canadian entity, and

2

5.  Nevertheless, paragraph 1 of the Stipulation provides for the option to assign the Loan to Voyager Digital, LLC ("OpCo"). Should this occur, in the Committee's eyes OpCo will become the lender, HoldCo will be the borrower, and TopCo will be the guarantor. The Committee may then seek to cause OpCo to assert the Guaranty against TopCo. This absurd result could strip TopCo of value that would otherwise be distributed to TopCo Equity Interests. To the extent the Committee thinks OpCo can use the Guaranty claim to offset the intercompany claims OpCo owes to TopCo, Section 553(a)(2)(A) of the Bankruptcy Code disallows setoff if the claim was transferred after the commencement of the bankruptcy case, as would be the situation here.

6.  Any attempt by OpCo to obtain the Loan and assert the Guaranty against TopCo must be subject to further application to the Court upon proper notice to all parties. Surely, TopCo would object to any attempted enforcement of the Guaranty in the hands of OpCo against TopCo. The AHG intends to do so.

7.  Another option provided for in paragraph 2 of the Stipulation is for FTX to assign its Equity Interests in TopCo to OpCo. It is unclear at this time for what purposes the Committee seeks this assignment. Presumably, the Committee seeks this assignment because the Committee knows that there may be value distributed to TopCo Equity Interests. There could be other reasons. Regardless, because it is unknown what the Committee seeks to cause OpCo to do with FTX Equity Interests in TopCo, and because this proposed assignment will occur under unique circumstances, any assignment of FTX Equity Interests in TopCo to OpCo should similarly be subject to further application to the Court upon proper notice to all parties.

8.  Paragraphs 5 and 6 of the Stipulation provide for mediation and the Committee's intervention in all disputes between the Debtors and FTX. As shown above, the Committee's

---

such claims are subject to disallowance as to TopCo. *See, e.g.,* Claim No. 12037 filed by The New Jersey Bureau of Securities on December 30, 2022.

interests are biased in favor of OpCo and against TopCo. Any mediation of these issues should have an independent TopCo representative present to participate and assert the best interests of TopCo and its stakeholders.

9. The TopCo independent director and the AHG are in the best position to represent the interests of TopCo. The TopCo independent director and the AHG should (i) be allowed to participate in any mediation contemplated by the Stipulation; (ii) be afforded consultation rights in any matter affecting TopCo; and (iii) be allowed to intervene, unopposed by any of the Stipulation parties, in any litigation proceeding among the Stipulation parties to the extent such proceeding affects the rights or interests of TopCo.

10. A Stipulation is being proposed that is designed to advantage one Voyager Debtor (*i.e.,* OpCo) over another Voyager Debtor (*i.e.,* TopCo). The AHG understands that there are multiple competing interests that are sought to be resolved in the proposed mediation. The playing field should be level heading into any mediation that accounts for all competing interest holders especially for those matters that could impact Voyager intra-Debtor issues.

## CONCLUSION

**WHEREFORE**, the AHG respectfully requests that the Court enter an order: (i) denying the Stipulation, or, in the alternative, requiring the Debtors to amend the Stipulation so as to address the issues and concerns raised in this Objection; and (ii) granting such other and further relief as the Court deems just and proper.

*[Signature Appears on Following Page]*

| | |
|---|---|
| Dated: February 24, 2023 | /s/ *David M. Posner* |

**KILPATRICK TOWNSEND & STOCKTON LLP**
David M. Posner, Esq.
Kelly Moynihan, Esq.
The Grace Building
1114 Avenue of the Americas
New York, New York 10036-7703
Telephone:  (212) 775-8700
Facsimile:  (212) 775-8800
Email:  dposner@kilpatricktownsend.com
          kmoynihan@kilpatricktownsend.com

-and-

Paul M. Rosenblatt, Esq.
1100 Peachtree Street NE, Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6500
Facsimile:  (404) 815-6555
Email: prosenblatt@kilpatricktownsend.com

*Counsel to the Ad Hoc Group of Equity Holders of Voyager Digital Ltd.*