Hearing Date: March 2, 2023 at 10:00 a.m.
Opp. Deadline:  February 24, 2023 at 4:00 p.m.
by consent

**McELROY, DEUTSCH, MULVANEY**
 **& CARPENTER, LLP**
Jeffrey Bernstein, Esq.
Virginia T. Shea, Esq.
570 Broad Street, Suite 1500
Newark, NJ 07102
Phone: (973) 565-2183
jbernstein@mdmc-law.com
vshea@mdmc-law.com

*Counsel for the New Jersey Bureau of Securities*

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VOYAGER DIGITAL HOLDINGS, INC, *et al* [1] | ) Case No. 22-10943-MEW |
| | ) |
| | ) |
| Debtors. | ) (Jointly Administered) |

**THE NEW JERSEY BUREAU OF SECURITIES' LIMITED OBJECTION TO FINAL APPROVAL OF THE ADEQUACY OF DISCLOSURES IN THE DEBTORS'** *SECOND AMENDED DISCLOSURE STATEMENT* **AND CONFIRMATION OF THE** *THIRD AMENDED JOINT PLAN* **[Docket No. 863] AND JOINDER TO:**

1) *OBJECTION OF THE U.S. SECURITIES AND EXCHANGE COMMISSION TO FINAL APPROVAL OF THE ADEQUACY OF THE DEBTORS' DISCLOSURE STATEMENT AND CONFIRMATION OF THE CHAPTER 11 PLAN* **[Docket No. 1047]; and**

2) *OBJECTION OF THE TEXAS STATE SECURITIES BOARD AND THE TEXAS DEPARTMENT OF BANKING TO FINAL APPROVAL OF THE ADEQUACY OF*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

*THE DEBTORS' DISCLOSURE STATEMENT AND CONFIRMATION OF THE CHAPTER 11 PLAN.*

The New Jersey Bureau of Securities (the "Bureau"), by and through its undersigned counsel, files this Limited Objection to the Debtors' Third Amended Joint Plan and joinder to certain objections filed by other interested parties (the "Limited Objection") and respectfully states the following:

1. The Bureau is charged with protecting New Jersey investors, and, to the extent a violation originates from the State of New Jersey, investors nationwide.

2. The Bureau notes that Debtor Voyager Digital, LLC had or has offices at 185 Hudson Street, Jersey City, New Jersey. (*See*, Docket No. 808, *Response of the New Jersey Bureau of Securities to (A) Debtors' Motion for an Order (I) Authorizing Entry into the Binance.US Purchase Agreement and (II) Granting Related Relief [Doc. No. 775], (B) Debtors' Motion for, Among other Things, Conditional Approval of the Adequacy of the Debtors' Disclosure Statement [Doc. No. 779], and (C) Reservation of Rights* at ¶ 4).

3. Accordingly, the Bureau supports, joins and adopts as its own, the following objections, subject to the comments in paragraphs 4 and 5:

    A. OBJECTION OF THE U.S. SECURITIES AND EXCHANGE COMMISSION TO FINAL APPROVAL OF THE ADEQUACY OF THE DEBTORS' DISCLOSURE STATEMENT AND CONFIRMATION OF THE CHAPTER 11 PLAN (the "SEC Objection") [Docket No. 1047]; and

    B. OBJECTION OF THE TEXAS STATE SECURITIES BOARD AND THE TEXAS DEPARTMENT OF BANKING TO FINAL APPROVAL OF THE ADEQUACY OF THE DEBTORS' DISCLOSURE STATEMENT AND CONFIRMATION OF THE CHAPTER 11 PLAN (the "Texas Objection").

4. To the extent that the SEC Objection states that transactions in crypto assets necessary to effectuate a rebalancing may violate federal law, the Bureau adds that such

2

transactions may also violate New Jersey securities law, separate and apart from any violation of federal law.

5. The Bureau has determined that it need not join in Section C ("The Plan Needlessly and Unfairly Discriminates Against Texas Consumers") of the Texas Objection, as that is a discrete issue which the Bureau may or may not have standing to address, and which the Texas Objection adequately addresses.

6. Additionally, Section 1141(d)(3) of the Bankruptcy Code provides that "confirmation of a plan does not discharge a debtor that is a corporation from any debt – (A) Of a kind specified in paragraph (2)(A) or (2)(B) of section 523(a) that is owed to a domestic governmental unit …." (*See*, *In re Fusion Connect, Inc.*, 2021 WL 3932346 (S.D.N.Y. 2021)(FCC penalty resulting from "fraud on consumers" survived the Debtor's reorganization plan). Accordingly, while the Bureau contends that the language of the Code is self-evident, nevertheless, the Bureau objects to any provision in the Plan that would discharge the Bureau's claims to the extent that such claims, or any portion thereof, fall within the protection of sections 523(a)(2)(A) – (B) of the Bankruptcy Code. To be clear, to the extent that the release contained in Section VIII.B of the Debtors' Third Amended Joint Plan or Injunction contained at Section VIII.D are construed as a "discharge" of any claims against the Debtors, such sections should be stricken, or modified to carve out debts owed to governmental units such as the Bureau that are nondischargeable under Section 1141(d)(3) of the Bankruptcy Code.

## RESERVATION OF RIGHTS

7. The Bureau reserves the right to supplement and/or amend this Limited Objection at or prior to the confirmation hearing, or any other relevant hearing and to join in arguments made by any other party prior to or at the confirmation hearing or any other relevant hearing.

WHEREFORE, The New Jersey Bureau of Securities respectfully requests entry of an Order consistent with the relief requested in this Limited Objection and for such other relief as the Court shall deem just and proper.

Dated: February 24, 2023

Respectfully submitted,

**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**

*/s/ Jeffrey Bernstein*
Jeffrey Bernstein, Esq.
Virginia T. Shea, Esq.
570 Broad Street, Suite 1500
Newark, NJ 07102
Phone: (973) 565-2183
jbernstein@mdmc-law.com
vshea@mdmc-law.com

*Counsel for the New Jersey Bureau of Securities*