**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## SUPPLEMENTAL AFFIDAVIT OF SERVICE

I, Monica Arellano, depose and say that I am employed by Stretto, the claims and noticing agent for the Debtors in the above-captioned cases.

On February 21, 2023, at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on Securities & Exchange Commission, New York Regional Office, Attn: Andrew Calamari Regional Director at 5000 T Rex Ave, Ste 300, Boca Raton, FL 33431-4491, pursuant to USPS forwarding instructions:

- **Order Authorizing the Retention and Employment of Potter Anderson & Corroon LLP as Delaware Counsel for the Debtors Effective as of November 30, 2022** (Docket No. 904)

- **Order Authorizing the Retention and Employment of Arentfox Schiff LLP as Special Counsel Effective as of November 10, 2022** (Docket No. 905)

- **Second Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief** (Docket No. 906)

Furthermore, on February 21, 2023, at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on one hundred and seventeen (117) confidential parties not included herein, pursuant to USPS forwarding instructions:

- **Voyager Cover Letter in Support of Plan** (Substantially in the Form as **Exhibit 4** to the Disclosure Statement Order filed as **Docket No. 861**)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (N/A); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

- **Unsecured Creditors Committee Letter in Support of Plan** (Substantially in the Form as **<u>Exhibit 5</u>** to the Disclosure Statement Order filed as **Docket No. 861**)

- **[Customized] Class 3 Holders of Account Holder Claims – Ballot for Voting to Accept or Reject the Third Amended Joint Plan of Voyager Digital Holdings, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code** (Substantially in the Form as **<u>Exhibit 3A</u>** to the Disclosure Statement Order filed as **Docket No. 861**)

- **Order (I) Scheduling a Combined Disclosure Statement Approval and Plan Confirmation Hearing, (II) Conditionally Approving the Adequacy of the Debtors' Disclosure Statement, (III) Approving (A) Procedures for Solicitation, (B) Forms of Ballots and Notices, (C) Procedures for Tabulation of Votes and (D) Procedures for Objections** (Docket No. 861 *less Exhibits*)

- **Second Amended Disclosure Statement Relating to the Third Amended Joint Plan of Voyager Digital Holdings, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code** (Docket No. 863)

- **Third Amended Joint Plan of Voyager Digital Holdings, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code** (Docket No. 852)

- **Solicitation and Voting Procedures** (Substantially in the Form as **<u>Exhibit 1</u>** to the Disclosure Statement Order filed as **Docket No. 861**)

- **Notice of Hearing to Consider (I) Adequacy of the Second Amended Disclosure Statement and (II) Confirmation of the Third Amended Joint Chapter 11 Plan Filed by the Debtors and Related Voting and Objection Deadlines** (Substantially in the Form as **<u>Exhibit 6</u>** to the Disclosure Statement Order filed as **Docket No. 861**)

- **Pre-addressed, postage prepaid return envelope**

Furthermore, on February 22, 2023, at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on one (1) party not included herein, pursuant to USPS forwarding instructions:

- **Notice of Chapter 11 Bankruptcy Case** (attached hereto as **<u>Exhibit A</u>**)

- **Notice Regarding Meeting of Creditors to be Held August 30, 2022, at 11:00 A.M. (Prevailing Eastern Time)** (Docket No. 71)

[THIS SPACE INTENTIONALLY LEFT BLANK]

Furthermore, on February 22, 2023, at my direction and under my supervision, employees of Stretto caused the following document to be served via first-class mail on one (1) confidential party not included herein, pursuant to USPS forwarding instructions:

- **Notice of Hearing to Consider Confirmation of the Chapter 11 Plan Filed by the Debtors and Related Voting and Objection Deadlines** (Docket No. 593)

Furthermore, on February 22, 2023, at my direction and under my supervision, employees of Stretto caused the following document to be served via first-class mail on seven (7) parties not included herein, pursuant to USPS forwarding instructions:

- **Notice of Deadlines Related to the Second Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code** (Docket No. 646)

Furthermore, on February 22, 2023, at my direction and under my supervision, employees of Stretto caused the following document to be served via first-class mail on one (1) confidential party not included herein, pursuant to USPS forwarding instructions:

- **[Customized for Rule 3001(e)(2)] Notice of Transfer of Claim Pursuant to F.R.B.P. 3001(e)(2) [Re: Docket No. 879]**

Furthermore, on February 22, 2023, at my direction and under my supervision, employees of Stretto caused the following document to be served via first-class mail on one (1) confidential party not included herein, pursuant to USPS forwarding instructions:

- **[Customized for Rule 3001(e)(1)] Notice of Transfer of Claim Pursuant to F.R.B.P. 3001(e)(1) [Re: Docket No. 899]**

Furthermore, on February 22, 2023, at my direction and under my supervision, employees of Stretto caused the following document to be served via first-class mail on one (1) confidential party not included herein, pursuant to USPS forwarding instructions:

- **Notice of Hearing to Consider (I) Adequacy of the Second Amended Disclosure Statement and (II) Confirmation of the Third Amended Joint Chapter 11 Plan Filed by the Debtors and Related Voting and Objection Deadlines** (Substantially in the Form as **Exhibit 6** to the Disclosure Statement Order filed as **Docket No. 861**)

Furthermore, on February 22, 2023, at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on four (4) confidential parties not included herein, pursuant to USPS forwarding instructions:

- **Notice to Equity** (attached hereto as **Exhibit B**)

- **Committee Solicitation Letter (Binance Plan)** (attached hereto as **Exhibit C**)

- **Notice of (I) Non-Voting Status to Holders of Impaired Claims or Interests Conclusively Presumed to Reject the Plan, (II) Opportunity to Opt In to the Third-Party Releases, and (III) Opportunity to Contribute Third-Party Claims** (attached hereto as **Exhibit D**)

Dated: February 27, 2023

_Monica Arellano_

Monica Arellano

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

State of California,
County of Orange

Subscribed and sworn to (or affirmed) before me on this 27th day of February, 2023, by Monica Arellano, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: _____

STEPHANIE M. DELGADO
Notary Public - California
Orange County
Commission # 2288834
My Comm. Expires May 17, 2023

# **Exhibit A**

| Information to identify the case: | | |
|---|---|---|

Debtor: <u>Voyager Digital Holdings, Inc.</u>[1]
Name

EIN  <u>8 2 – 3 9 9 7 6 8 7</u>

United States Bankruptcy Court for the: <u>Southern</u> District of <u>New York</u>
(State)

Date case filed for chapter 11: <u>July 05, 2022</u>
MM / DD / YYYY

Case Number:  <u>22-10943 (MEW)</u>

## Official Form 309F1 (For Corporations or Partnerships)

# Notice of Chapter 11 Bankruptcy Case                            10/20

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors and debtors, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

1.    **Debtors' full name:  <u>See chart below.</u>**

      **List of Jointly Administered Cases**

| No. | Debtor | Former Name | Address | Case No. | EIN # |
|---|---|---|---|---|---|
| 1 | **Voyager Digital Holdings, Inc.** | **N/A** | **33 Irving Place, 3rd Floor New York, NY 10003** | **22-10943 (MEW)** | **82-3997687** |
| 2 | **Voyager Digital Ltd.** | **Voyager Digital (Canada) Ltd.** | **333 Bay Street Suite 2400 Toronto, Ontario M5H 2R2** | **22-10944 (MEW)** | **N/A** |
| 3 | **Voyager Digital, LLC** | **N/A** | **78 SW 7th Street, 8th Floor Miami, FL 33130** | **22-10945 (MEW)** | **82-4138013** |

---

[1]    The Debtors have requested joint administration of these chapter 11 cases. The location of the Debtors' service address for purposes of these chapter 11 cases is:  33 Irving Place, 3rd Floor New York, NY 10003.

**For more information, see page 2 ▶**

| Debtor | Voyager Digital Holdings, Inc. | Case number (*if known*)  22-10943 (MEW) |
|---|---|---|
| | Name | |

| | | |
|---|---|---|
| **2.** | **All other names used in the last 8 years** | See chart above |
| **3.** | **Address** | See chart above |
| **4.** | **Debtor's attorney**<br>Name and address | Joshua A. Sussberg, P.C.<br>Christopher Marcus, P.C.<br>Christine A. Okike, P.C.<br>Allyson B. Smith<br>Kirkland & Ellis LLP<br>Kirkland & Ellis International LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:  (212) 446-4800<br>Facsimile:   (212) 446-4900 |

| | | | |
|---|---|---|---|
| **5.** | **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. | U.S. Bankruptcy Court<br>Southern District of New York<br>One Bowling Green<br>New York, NY 10004<br><br>All documents in this case are available free of charge on the website of the Debtors' notice and claims agent at https://cases.stretto.com/Voyager | Hours open<br><u>8:30 a.m. to 5:00  p.m. (prevailing Eastern Time)</u>[2]<br><br>Contact phone:<br>(212) 668-2870 |
| **6.** | **Meeting of creditors**<br>The debtor's representative must attend the meeting to be questioned under oath. Creditors may attend, but are not required to do so. | Time and Date to be Determined<br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location to be Determined |

| | | | |
|---|---|---|---|
| **7.** | **Proof of claim deadline** | **Deadline for filing proof of claim:** | **Not yet set. If a deadline is set court will send you another notice.** |

A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.

Your claim will be allowed in the amount scheduled unless:

☒ your claim is designated as *disputed*, *contingent*, or *unliquidated*;
☒ you file a proof of claim in a different amount; or
☒ you receive another notice.

If your claim is not scheduled or if your claim is designated as *disputed*, *contingent*, or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.

You may review the schedules at the bankruptcy clerk's office or online at https://pacer.uscourts.gov.

Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial.

---

[2]     Please reference the Court's website for operating procedures in response to the COVID-19 pandemic:  http://www.nysb.uscourts.gov/general-orders-and-guidance-created-covid-19.

Debtor    Voyager Digital Holdings, Inc.          Case number (*if known*)  22-10943 (MEW)
       Name

| 8. | **Exception to discharge deadline**<br>The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. | If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below.<br><br>**Deadline for filing the complaint:**      **Not yet set. If a deadline is set court will send you another notice.** |
|----|----|----|
| 9. | **Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| 10. | **Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. |
| 11. | **Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. |

# **Exhibit B**

**To Holders of Existing Equity Interests (Class 9):**

**PLEASE TAKE NOTICE THAT** on January 13, 2023, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. 861] (the "Disclosure Statement Order") that (a) conditionally approved the *Second Amended Disclosure Statement Relating to the Third Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 863] (as modified, amended, or supplemented from time to time, the "Disclosure Statement"), for the purposes of solicitation, (b) authorized the Debtors to solicit votes with regard to the acceptance or rejection of the *Third Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 852] (as modified, amended, or supplemented from time to time, the "Plan"), (c) approved the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approved procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

Pursuant to the Disclosure Statement Order, Stretto, Inc., the claims, noticing, and solicitation agent retained by the Debtors in these chapter 11 cases, shall mail a Non-Voting Status Notice in lieu of Solicitation Packages to parties who are not entitled to vote on the Plan, including Holders of Interests in Class 9 (Existing Equity Holders).

**If you would like to obtain copies of the Disclosure Statement, the Plan, the Disclosure Statement Order, or related documents, you may do so free of charge by visiting the Debtors' restructuring website, https://cases.stretto.com/Voyager/.**

Additionally, you may contact Stretto by: (a) calling (855) 473-8665 (Toll Free) or +1 (949) 271-6507 (International); (b) e-mailing VoyagerInquiries@Stretto.com with a reference to "In re: Voyager - Solicitation Inquiry" in the subject line; or (c) writing to Voyager Inquiries, c/o Stretto 410 Exchange, Suite 100 Irvine, CA 92602.

1

# **Exhibit C**

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**of Voyager Digital Holdings, Inc.,** *et al.*

Case No. 22-20943 (MEW)
in the United States Bankruptcy Court
for the Southern District of New York

c/o McDermott Will & Emery LLP
Attention: Darren Azman, Joseph B. Evans, and Charles R. Gibbs
One Vanderbilt Avenue
New York, NY 10017-3852

To:    Customers and Creditors of Voyager Digital Holdings, Inc., *et al.*

## I.    Introduction

The Official Committee of Unsecured Creditors (the "Committee") was appointed by the Office of the United States Trustee to represent the interests of all unsecured creditors in the chapter 11 bankruptcy cases (the "Bankruptcy Cases") of Voyager Digital Holdings, Inc., *et al.* (collectively, "Voyager"). We write concerning Voyager's third amended chapter 11 plan filed on January 13, 2023 (the "Plan").[1] For the reasons set forth below, the Committee strongly recommends that you vote as follows:

| | |
|---|---|
| **Item 3 of the Ballot:** | **VOTE TO ACCEPT the Plan.** |
| **Item 5 of the Ballot:** | **OPT-IN to contribute your direct claims.** |

The deadline to vote on whether to accept or reject the Plan is **February 22, 2023.** The hearing to confirm the Plan is currently scheduled on **March 2, 2023**.

## II.    Why You Should Accept the Plan

The Committee's goal is to distribute the maximum amount of crypto and fiat as quickly as possible. With those goals in mind, the proposed but now-terminated deal with FTX.US that was the result of Voyager's auction process was seemingly an attractive option. As part of the negotiations for the FTX.US transaction, the Committee had sought a "toggle" to be included in Voyager's original chapter 11 plan so that if the transaction with FTX failed to close, Voyager would have the ability to distribute crypto to customers outside of a sale without delay. The Committee fought to include that "toggle" in the original plan and reached an agreement with Voyager to do so. FTX, however, refused to include such a provision in any plan contemplating their transaction. Ultimately, as we all now know, despite FTX's representations concerning its financial health and ability to consummate the transaction, FTX filed for bankruptcy and Sam Bankman-Fried is under indictment. This came as a surprise to the Committee as it did to most of the world.

---

[1]    All documents filed in Voyager's Bankruptcy Cases are available free of charge at
https://cases.stretto.com/voyager/court-docket/. The Plan is available at Exhibit A to Docket No. 863.
Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan.

Following the demise of FTX, Voyager and the Committee acted quickly to secure a new method by which crypto and fiat could be distributed to creditors. The Committee considered two options: (1) self-liquidation; and (2) an alternative transaction with a third party. For the following reasons, the Committee supports Voyager's proposed transaction with BAM Trading Services Inc. d/b/a Binance.US ("Binance.US").

**First**, the Committee considered a "self-liquidation" centered around a distribution of crypto directly from Voyager's platform to customers. This option avoided the risks associated with a third-party purchaser. However, there are significant regulatory and practical hurdles in returning hundreds of millions of dollars in fiat and crypto to customers across the United States. For example, many creditors prefer distributions in crypto, but Voyager was the only place they traded and held crypto. Those customers would need to obtain self-hosted wallets or a new crypto exchange account to accept distributions. Even after educating those customers on that subject, a self-liquidation plan would likely include a large number of test transactions and other administrative burdens. Thus, an operating crypto exchange with the infrastructure to handle millions of retail customer crypto transactions appeared to be the most efficient option. Ultimately, the Committee determined that conducting a self-liquidation would materially decrease recoveries for a variety of reasons (e.g., value leakage from mass sales of crypto and working capital funding) and delay returning fiat and crypto to creditors, as compared to a sale to a third party. Moreover, Voyager would receive no cash consideration from a purchaser in a self-liquidation, thereby further reducing creditor recoveries.

**Second**, after FTX's collapse, other potential purchasers began to engage with Voyager. Throughout this process, the Committee had extensive discussions with a number of interested parties to assess the relative value of their offers, including their ability to close timely. Ultimately, the only purchaser that presented an economically attractive and actionable offer was Binance.US. In light of the FTX implosion, the Committee has worked diligently to negotiate protections in the asset purchase agreement with Binance.US to accelerate recoveries to creditors and ensure that all crypto will be safe in the event of a Binance.US insolvency.

More specifically, one of the Committee's concerns with the initial Binance.US proposal was the way in which Voyager would transfer crypto to Binance.US. The initial Binance.US proposal contemplated the transfer of nearly all of Voyager's crypto to Binance.US immediately upon closing. However, certain of that crypto would not be made available to some customers for up to six months because of, among other things, regulatory restrictions in four jurisdictions. The Committee viewed this structure as sub-optimal and voiced its concerns to Voyager and Binance.US.

Following these discussions, Binance.US supported our efforts to ensure that creditors receive distributions in the greatest amount as quickly as possible and agreed to restructure the way in which crypto is transferred. In short, after the transaction closes, crypto will move from Voyager to Binance.US on a weekly basis, and the only crypto that will be transferred is crypto that will be immediately distributed to customer accounts. In other words, each creditor's allocation of crypto distributions will remain at Voyager, rather than the Binance.US platform, until that crypto is ready to be made available to such creditor in accordance with the asset purchase agreement. As a result, the time between when Binance.US receives crypto from Voyager and when customers can access, trade, convert, sell, stake, or withdraw that crypto is

2

now very limited. Binance.US has agreed to other revisions in the amended asset purchase agreement that protect Voyager creditors and the transferred crypto.

Additionally, the new Plan now includes the "toggle" feature discussed above. If the Binance.US transaction fails to close for any reason, the Plan permits Voyager to conduct a self-liquidation. If Binance.US cannot or does not close, Voyager will not need to develop a new plan and instead can continue with a self-liquidation to avoid further delays and costs.

The Committee believes that the Binance.US transaction, relative to all alternatives (whether in the form of an alternative sale transaction or a self-liquidation), provides the highest and best value for creditors, as it offers both the highest value available for creditor recoveries as well as the fastest route to such recoveries.

The Committee supports the Binance.US transaction and the Plan, and encourages you to

**VOTE TO ACCEPT THE PLAN**.

**a.    How to Vote to Accept the Plan.**

Item 3 on the ballot you will receive will include the option to vote to accept or reject the Plan. Below is what the voting box will look like:

<u>**Item 3**</u>.    **Vote on Plan.**

The Holder of the Class 3 Account Holder Claims against the Debtors set forth in Item 1 votes to (please check <u>one</u>):



| ✓ **ACCEPT** (vote FOR) the Plan | ☐ **REJECT** (vote AGAINST) the Plan |

## III.    Why You Should Opt-In to Contributing Direct Claims

If the Plan is confirmed, all causes of action that Voyager is entitled to bring against third parties for damage they caused to Voyager will be transferred to the Wind-Down Entity. The Committee, not Voyager, will select a Trustee to control the Wind-Down Entity. The Wind-Down Entity will investigate all potential causes of action against third parties and pursue litigation for their roles in Voyager's demise. The Wind-Down Entity will also be required to respond to inquiries from state and federal regulators, reconcile claims, and handle various administrative tasks, including determining future additional distributions to creditors.

In addition to these causes of action that can only be commenced by the Wind-Down Entity, certain creditors may have ***direct*** causes of action against third parties. However, it is difficult and expensive for individual creditors to sue third parties for losses. Accordingly, the Committee has negotiated with Voyager to include a mechanism in the Plan that allows you to contribute your direct causes of action to the Wind-Down Entity. By opting-in to contribute your causes of action to the Wind-Down Entity, you are giving the Wind-Down Entity the right to pursue those causes of action on your behalf. As a result, the Wind-Down Entity will be able to use its resources to sue third parties on your behalf, and ***all*** recoveries from those causes of action will inure to the benefit of creditors.

Put simply, "opting-in" to contribute your direct claims to the Wind-Down Entity is a valuable step towards making creditors whole because the Wind-Down Entity will have additional sources of recoveries and the financial means to efficiently pursue that litigation, rather than individual creditors expending their own money to commence separate litigation against third parties.

Accordingly, the Committee strongly encourages you to

**OPT-IN TO CONTRIBUTE YOUR DIRECT CLAIMS**.

a.    **How to Opt-In to Contributing Direct Claims.**

Item 5 on the ballot you receive will include the option to "opt-in" to contribute your causes of action to the Wind-Down Entity. Below is what the "opt-in" box will look like:

| ☐ | **By checking this box, you elect to to contribute your Contributed Third-Party Claims to the Wind-Down Entity.** |
|---|---|

\*\*\*

For the foregoing reasons, the Committee urges you to ***vote to accept*** the Plan and ***opt-in*** to contributing your direct claims to the Wind-Down Entity.

Sincerely,

***The Official Committee of***
***Unsecured Creditors***

4

# Exhibit D

Class 9 — Existing Equity Interests

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | Case No. 22-10943 (MEW) |
| Debtors. | (Jointly Administered) |

**NOTICE OF (I) NON-VOTING STATUS TO HOLDERS**
**OF IMPAIRED CLAIMS OR INTERESTS CONCLUSIVELY PRESUMED**
**TO REJECT THE PLAN, (II) OPPORTUNITY TO OPT IN TO THE THIRD-PARTY**
**RELEASES, AND (III) OPPORTUNITY TO CONTRIBUTE THIRD-PARTY CLAIMS**

**PLEASE TAKE NOTICE THAT** on January 13, 2023, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. 861] (the "Disclosure Statement Order") that (a) conditionally approved the *Second Amended Disclosure Statement Relating to the Third Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 863] (as modified, amended, or supplemented from time to time, the "Disclosure Statement"), for the purposes of solicitation, (b) authorized the Debtors to solicit votes with regard to the acceptance or rejection of the *Third Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 852] (as modified, amended, or supplemented from time to time, the "Plan"),[2] (c) approved the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approved procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim or Interest under the Plan, **you are not entitled to vote on the Plan**. Specifically, under the terms of the Plan, as a Holder of a Claim or Interest (as currently asserted against the Debtors) that may receive no distribution under the Plan, you are deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code and are not entitled to vote on the Plan. However, copies of the Disclosure Statement (including the Plan) and the Committee Letter are being provided to you in compliance with the applicable Bankruptcy Rules and the Bankruptcy Court's order.

**PLEASE TAKE FURTHER NOTICE THAT** you are receiving an opt in form (the "Opt-In Notice") regarding certain voluntary release provisions and provisions regarding the voluntary contributions of claims. The Plan and Disclosure Statement should be reviewed to inform your decision as to whether to complete the Opt-In Form or to

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]     Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan.

contribute your Contributed Third-Party Claims to the Wind-Down Entity.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider approval of the Disclosure Statement and Confirmation of the Plan (the "Combined Hearing") will commence on March 2, 2023 at 10:00 a.m. prevailing Eastern Time, or such other time as the Court determines, before the Honorable Michael E. Wiles, in the United States Bankruptcy Court for the Southern District of New York, located at One Bowling Green, New York, New York 10004. In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted telephonically. Any parties wishing to participate must do so by making arrangements through CourtSolutions by visiting https://www.court-solutions.com.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to confirmation of the Plan and the adequacy of the Disclosure Statement is **February 22, 2023 at 4:00 p.m.** prevailing Eastern Time (the "Plan and Disclosure Statement Objection Deadline"). Any objection to the Plan **must**: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **February 22, 2023 at 4:00 p.m.** prevailing Eastern Time:

| Debtors |
|---|
| **Voyager Digital Holdings, Inc.**<br>33 Irving Place, Suite 3060<br>New York, NY 10003<br>Attention: Stephen Ehrlich and David Brosgol |

| Counsel to the Debtors | Counsel to the Committee |
|---|---|
| **Kirkland & Ellis LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Attention: Joshua A. Sussberg; Christopher Marcus; Christine A. Okike; Allyson B. Smith | **McDermott Will & Emery LLP**<br>One Vanderbilt Avenue<br>New York, NY 10017-3852<br>Attention: Darren Azman; Joseph B. Evans; Grayson Williams; Gregg Steinman |

| United States Trustee |
|---|
| **Office of the United States Trustee for the Southern District of New York**<br>U.S. Federal Office Building<br>201 Varick Street, Room 1006<br>New York, NY 10014<br>Attention: Richard Morrissey; Mark Bruh |

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of any of the related documents, you should contact Stretto, Inc., the claims, noticing, and solicitation agent retained by the Debtors in these chapter 11 cases (the "Claims, Noticing, and Solicitation Agent"), by: (a) calling the Claims, Noticing, and Solicitation Agent at (855) 473-8665 (Toll Free) or +1 (949) 271-6507 (International); (b) e-mailing the Claims, Noticing, and Solicitation Agent at VoyagerInquiries@Stretto.com with a reference to "In re: Voyager - Solicitation Inquiry" in the subject line; or (c) writing to the Claims, Noticing, and Solicitation Agent at Voyager Inquiries, c/o Stretto 410 Exchange, Suite 100 Irvine, CA 92602. You may also obtain copies of any pleadings filed with the Court for free by visiting the Debtors' restructuring website, https://cases.stretto.com/Voyager/, or for a fee via PACER at: http://pacer.psc.uscourts.gov.

Class 9 — Existing Equity Interests

### OPTIONAL:  RELEASE OPT IN NOTICE

You are receiving this Opt-In Notice because you are a Holder of a Claim or Interest that is not entitled to vote on the Plan.  Article IV of the Plan contains certain information regarding contribution of Contributed Third-Party Claims.  Article VIII of the Plan contains certain release, injunction, and exculpation provisions, including the Third-Party Releases set forth below.  You are advised to carefully review and consider the Plan, including the release, injunction, and exculpation provisions, as your rights may be affected.  **Your decision to complete and return the Opt-In Notice is entirely voluntary and not a requirement under the Plan or applicable law**.

**If you choose to opt into the Third-Party Release set forth in Article VIII.B of the Plan and/or to contribute your Contributed Third-Party Claim(s) to the Wind-Down Entity, you may submit your election to opt-in by submitting the electronic version of your Opt In Notice through the e-balloting portal (the "E-Balloting Portal"), which can be accessed via the Debtors' restructuring website, https://cases.stretto.com/Voyager/balloting, according to instructions provided below**

**THIS OPT IN NOTICE MUST BE ACTUALLY RECEIVED BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT BY FEBRUARY 22, 2023, AT 4:00 P.M. PREVAILING EASTERN TIME (THE "OPT IN DEADLINE").**

<u>Item 1</u>.  **Amount of Claim or Interest.**

The undersigned hereby certifies that, as of January 10, 2023 (the "<u>Voting Record Date</u>"), the undersigned was the Holder of Claims or Interests in one or more of Classes 5, 6 or 9 in the following aggregate amount of claims or interests (insert amount in box below):

Class 5 $ _____

Class 6 $ _____

Class 9 Share Amount _____

**Class 9 — Existing Equity Interests**

<u>Item 2.</u>                    **Important information regarding the Third-Party Release.**

AS A HOLDER OF A CLAIM OR INTEREST, YOU ARE A "RELEASING PARTY" UNDER THE PLAN IF YOU OPT IN TO THE RELEASES CONTAINED IN THE PLAN.  YOU MAY CHECK THE BOX BELOW TO ELECT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.B OF THE PLAN.  YOU WILL BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN <u>ONLY IF</u> (I) THE COURT DETERMINES THAT YOU HAVE THE RIGHT TO OPT IN TO THE RELEASES AND (II) YOU CHECK THE BOX BELOW AND SUBMIT THE OPT IN NOTICE BY THE OPT IN DEADLINE.

---

☐     **By checking this box, you elect to opt <u>IN</u> to the Third-Party Releases.**

---

**Article VIII.B of the Plan contains the following Third-Party Release:**

Except as expressly set forth in the Plan, effective on the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by each and all of the Releasing Parties, in each case on behalf of themselves and their respective successors, assigns, and representatives, from any and all Causes of Action, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise, including any derivative claims asserted or assertable on behalf of any of the Debtors, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), their capital structure, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' out-of-court restructuring efforts, intercompany transactions between or among a Debtor and another Debtor, the formulation, preparation, dissemination, negotiation, filing, or consummation of the Definitive Documents or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Definitive Documents, the pursuit of consummation of the Plan, the administration and implementation of the Restructuring Transactions, or upon any other act or omission, transaction, agreement, event, or other occurrence related to the Debtors taking place on or before the Effective Date, *provided* that nothing in Article VIII.B of the Plan shall be construed to release the Released Parties from actual fraud, willful misconduct, or gross negligence as determined by a Final Order.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in Article VIII.B of the Plan, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that each release described in Article VIII.B of the Plan is:  (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good-faith settlement and compromise of such Causes of Action; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) a sound exercise of the Debtors' business judgment; and (7) except to the extent contemplated by Article IV.E and Article IV.F of the Plan, a bar to any of the Releasing Parties or the Debtors or Wind-Down Debtors or their respective Estates or Wind-Down Entity asserting any Cause of Action related thereto, of any kind, against any of the Released Parties or their property.

Definitions Related to the Debtor Release and the Third-Party Release:

1.    Under the Plan, "***Released Parties***" means, collectively, in each case in its capacity as such: (a) the Debtors; (b) the Wind-Down Debtors; (c) the Committee, and each of the members thereof; (d) each of the Released Professionals; (e) Purchaser and each of its Related Parties; and (f) each of the Released Voyager Employees (subject to the limitations contained in Article IV.E and Article IV.F of

the Plan); *provided that*, if the Asset Purchase Agreement is terminated, Purchaser and each of its Related Parties shall not be "Released Parties" under the Plan.

2. Under the Plan, "***Releasing Parties***" means, collectively, in each case in its capacity as such:  (a) the Debtors; (b) the Wind-Down Debtors; (c) the Committee, and each of the members thereof; (d) each of the Released Professionals; (e) each of the Released Voyager Employees; (f) Purchaser and each of its Related Parties to the extent Purchaser is able to bind such Related Parties; (g) all Holders of Claims that vote to accept the Plan and affirmatively opt into the releases provided by the Plan; (h) all Holders of Claims that vote to reject the Plan and affirmatively opt into the releases provided by the Plan; and (i) all Holders of Claims or Interests that abstain from voting (or are otherwise not entitled to vote) on the Plan and affirmatively opt into the releases provided by the Plan; *provided that*, if the Asset Purchase Agreement is terminated, Purchaser and each of its Related Parties shall not be "Releasing Parties" under the Plan.

<u>Item 3</u>.  **Contributed Third-Party Claims.**

If the Plan is confirmed, all causes of action that the Debtors are entitled to bring against third parties not released under the Plan (the "<u>Litigation Targets</u>") will be transferred to the Wind-Down Entity.  In addition to these causes of action that can only be commenced by the Wind-Down Entity, certain creditors may have direct causes of action against the Litigation Targets.  However, it is difficult and expensive for individual creditors to sue third parties for losses.  Accordingly, creditors can elect to contribute direct causes of action to the Wind-Down Entity.  By opting in to contribute causes of action to the Wind-Down Entity, you are giving the Wind-Down Entity the right to pursue those direct causes of action on your behalf together with other creditors.  As a result, the Wind-Down Entity will be able to use its resources to sue the Litigation Targets on those direct causes of action, and all recoveries will inure to the benefit of all creditors and not just those that agreed to contribute their claims.  For the avoidance of doubt, the decision to "opt in" to contribute third-party claims is entirely voluntary, and the failure to "opt in" does not prejudice any electing creditors' rights.

By electing such option on this Ballot, you agree that, subject to the occurrence of the Effective Date and the formation of the Wind-Down Entity, you will be deemed, without further action, (i) to have irrevocably contributed your Contributed Third-Party Claims to the Wind-Down Entity, and (ii) to have agreed to execute any documents reasonably requested by the Debtors or the Wind-Down Entity to memorialize and effectuate such contribution.

**The Committee strongly encourages you to elect to contribute your Contributed Third-Party Claims to the Wind-Down Entity, which will allow the Wind-Down Entity to potentially seek greater recoveries for the benefit of Holders of Claims and Interests.**

☐    **By checking this box, you elect to contribute your Contributed Third-Party Claims to the Wind-Down Entity.**

Definitions Related to Contributed Third-Party Claims:

Under the Plan, "***Contributed Third-Party Claims***" means all direct Causes of Action that any Contributing Claimant has against any Person (other than a Debtor) that had a direct relationship with the Debtors, their predecessors, or respective affiliates and that harmed such Contributing Claimant in the claimant's capacity as a creditor of Voyager, including (a) all Causes of Action based on, arising out of, or related to the marketing, sale, and issuance of Cryptocurrency that at any point was held or offered on Voyager's platform; (b) all Causes of Action based on, arising out of, or related to the alleged misrepresentation of any of the Debtors' financial information, business operations, or related internal controls; and (c) all Causes of Action based on, arising out of, or related to any alleged failure to disclose, or actual or attempted cover up or obfuscation of, any of the Debtors' conduct prior to the Petition Date; *provided, however*, that Contributed Third-Party Claims do not include (i) any derivative claims of the Debtors; (ii) any direct claims against the Released Parties; (iii) any direct Causes of Action that any Contributing Claimant has against Mark Cuban, Dallas Basketball Limited d/b/a Dallas Mavericks, the National Basketball Association, and any of their

Related Parties; or (iv) any direct Causes of Action that any Contributing Claimant, in its capacity as an equity holder of Voyager Digital Ltd., has that are asserted in the currently filed complaint, dated as of July 6, 2022, in the Ontario Superior Court of Justice by Francine De Sousa, against Voyager Digital Ltd., Stephen Ehrlich, Philip Eytan, Evan Psaropoulos, Lewis Bateman, Krisztian Toth, Jennifer Ackart, Glenn Stevens, and Brian Brooks.

**Item 4.    Certifications.**

By signing this Opt In Notice, the undersigned certifies:

(a)    that, as of the Record Date, either:  (i) the Entity is the Holder of the Claims or Interests set forth in Item 1; or (ii) the Entity is an authorized signatory for an Entity that is a Holder of the Claims or Interests set forth in Item 1;

(b)    that the Holder has received a copy of the *Notice of (I) Non-Voting Status to Holders of Impaired Claims or Interests Conclusively Deemed to Reject the Plan, (II) Opportunity to Opt In to the Third-Party Releases, and (III) Opportunity to Contribute Third-Party Claims* and that this Opt In Notice is submitted pursuant to the terms and conditions set forth therein;

(c)    that the Entity has submitted the same respective election concerning the releases with respect to all Claims or Interests in a single Class set forth in Item 1; and

(d)    that no other Opt In Notice with respect to the amount(s) of Claims or Interests identified in Item 1 have been submitted or, if any other Opt In Notices have been submitted with respect to such Claims and Interests, then any such earlier Opt In Notices are hereby revoked.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| | |
| Name of Signatory: | |
| | (If other than Holder) |
| Title: | |
| Address: | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

**IF YOU WISH TO MAKE THE OPT IN ELECTION AND/OR ELECT TO CONTRIBUTE YOUR THIRD-PARTY CLAIMS, PLEASE SUBMIT THE ELECTRONIC VERSION OF YOUR OPT IN NOTICE THROUGH THE E-BALLOTING PORTAL PER INSTRUCTIONS PROVIDED BELOW:**

To submit your Opt In Notice via the online voting portal, please visit https://cases.stretto.com/Voyager/balloting and follow the instructions to submit your Opt In Notice.

The Claims, Noticing, and Solicitation Agent's online voting platform is the sole manner in which Opt In Notices will be accepted via electronic or online transmission.  Opt In Notices submitted by facsimile, e-mail, or other means of electronic transmission will not be counted.

Please complete and submit an Opt In Notice for each Opt In Notice you receive, as applicable.

\*      \*      \*

Dated: January 13, 2023
New York, New York

*/s/ Joshua A. Sussberg*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:         jsussberg@kirkland.com
               cmarcus@kirkland.com
               christine.okike@kirkland.com
               allyson.smith@kirkland.com

*Counsel to the Debtors and Debtors in Possession*