**Hearing Date: March 2, 2023 at 10:00 a.m. (ET)**
**Objection Deadline: February 22, 2023 at 4:00 p.m. (ET)**

| | |
|---|---|
| David M. Posner | Paul M. Rosenblatt, Esq. |
| Kelly E. Moynihan | **KILPATRICK TOWNSEND &** |
| **KILPATRICK TOWNSEND &** | **STOCKTON LLP** |
| **STOCKTON LLP** | 1100 Peachtree Street NE, Suite 2800 |
| The Grace Building | Atlanta, GA 30309 |
| 1114 Avenue of the Americas | Telephone: (404) 815-6500 |
| New York, NY 10036 | Facsimile: (404) 815-6555 |
| Telephone: (212) 775-8700 | Email: prosenblatt@kilpatricktownsend.com |
| Facsimile: (212) 775-8800 | |
| Email: dposner@kilpatricktownsend.com | |
| kmoynihan@kilpatricktownsend.com | |

*Counsel to the Ad Hoc Group of Equity Holders of Voyager Digital Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **VOYAGER DIGITAL HOLDINGS, LLC,** *et al.*, | : | Case No. 22-10943 (MEW) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |
| _____ | : | |

**SUPPLEMENTAL OBJECTION OF THE AD HOC GROUP OF EQUITY HOLDERS TO CONFIRMATION OF THE THIRD AMENDED JOINT PLAN OF VOYAGER DIGITAL HOLDINGS, INC. AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

The Ad Hoc Group of Equity Holders (the "AHG") of Voyager Digital Ltd. ("TopCo"), a debtor and debtor-in-possession in the above-captioned chapter 11 cases (collectively with each other debtor in the above-captioned cases, the "Debtors" or the "Company," as applicable), by and through its undersigned counsel, hereby submits this supplemental objection (the "Objection") to the *Third Amended Joint Plan of Voyager Digital Holdings, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Dkt. No. 852], filed on January 10, 2023 (the "Plan"). In support of its Supplemental Objection (the original Plan Objection can be found at Dkt. No. 1050)[2], the AHG respectfully states as follows:

## OBJECTION

### I.    The Canadian Share Cancellation

1.    Exhibit D of the Second Amended Plan Supplement (the "Canadian Share Cancellation") provides in bracketed language [ECF No. 1006, p. 11 of 45, ¶ 4]:

> On the Effective Date, in redemption of all of the stock of TopCo pursuant to a plan (and in complete liquidation of TopCo pursuant to a plan), Existing Equity Interests shall be cancelled and Holders of Existing Equity Interests shall receive the entitlement to payments from the Wind-Down Debtor of their Pro Rata share of Wind-Down Trust Assets as determined pursuant to the Plan. For the avoidance of doubt, Voyager Digital Ltd. shall continue to exist with no new equity being issued or held by any party.

2.    The Debtors have not explained their reasoning behind including the Canadian Share Cancellation in the Plan. This issue was brought to the attention of the Debtors by letter dated February 24, 2023.

3.    To the extent this provision remains, language should be added to the Confirmation Order preserving the rights of Existing Equity Interests as if the shares had not

---

[2] The AHG and Debtors have reached agreement on language to resolve the issues raised in AGH's original Plan Objection.

been cancelled. The AHG is working with Debtors' counsel in an effort to reach satisfactory language.

## II.    The Wind-Down Entity's Claim Objection Authority

4.     The Debtors' Plan also provides that the Wind-Down Entity is the sole entity with authority to object to proofs of claim. Plan § VII.B. [ECF No. 852, p. 61 of 151].

5.     This Plan provision is not in accordance with the Bankruptcy Code, which provides that a proof of claim "is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).

6.     This issue was raised by the United States Trustee in its objection. [ECF No. 1085, p. 21 of 22, ¶ H].

7.     This issue is of paramount importance to the AHG because of certain high dollar governmental securities claims that the AHG believes were inappropriately filed against TopCo. The AHG identified this issue in its original Plan Objection. [Dkt. No. 1050, p. 7 of 20, fn. 4].

8.     This provision should be stricken. Alternatively, the AHG should be allowed to prosecute claim objections as to claims filed against TopCo.

## CONCLUSION

WHEREFORE, the Committee respectfully requests that the Court enter an order (i) denying confirmation of the Plan absent the Plan being revised in accordance herewith; and (ii) granting such other and further relief as the Court deems just and proper.

*[Signature Appears on Following Page]*

| | |
|---|---|
| Dated: February 27, 2023 | */s/ David M. Posner*  |

**KILPATRICK TOWNSEND & STOCKTON LLP**
David M. Posner, Esq.
Kelly E. Moynihan, Esq.
The Grace Building
1114 Avenue of the Americas
New York, New York 10036-7703
Telephone:  (212) 775-8700
Facsimile:   (212) 775-8800
Email:  dposner@kilpatricktownsend.com
kmoynihan@kilpatricktownsend.com

- and –

Paul M. Rosenblatt, Esq.
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile:  (404) 815-6555
Email: prosenblatt@kilpatricktownsend.com

*Counsel to the Ad Hoc Group of Equity Holders of Voyager Digital Ltd.*