Matthew M. Murphy, Esq.
Matthew Micheli, Esq.
PAUL HASTINGS LLP
71 S. Wacker Drive
Forty-Fifth Floor
Chicago, Illinois 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100

and

Chris Daniel, Esq.
PAUL HASTINGS LLP
1170 Peachtree Street, N.E.
Suite 100
Atlanta, Georgia 30309
Telephone: (404) 815-2100
Facsimile: (404) 815-2424

and

LK Greenbacker, Esq.
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
Telephone: (202) 551-1700
Facsimile: (202) 551-1705

*Proposed Special Regulatory and Conflicts
Counsel to the Debtors and Debtors in Possession*

*Hearing Date*: March 1, 2023 at 10:00 AM

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------- X

| | |
|---|---|
| *In re* | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | Case No. 22-10943 (MEW) |
| | (Jointly Administered) |
| Debtors.[1] | |

----------------------------------------------------------- X

### DEBTORS' OMNIBUS REPLY TO OBJECTIONS TO APPLICATION OF THE DEBTORS PURSUANT TO SECTIONS 327(E) AND 330 OF THE BANKRUPTCY CODE FOR AUTHORITY TO EMPLOY AND RETAIN PAUL HASTINGS LLP AS SPECIAL REGULATORY AND CONFLICTS COUNSEL, EFFECTIVE AS OF THE PETITION DATE

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") in

these chapter 11 cases (the "<u>Chapter 11 Cases</u>"), by and through their undersigned proposed

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

special regulatory and conflicts counsel, hereby submit this reply (this "Reply") in support of the

*Application of the Debtors Pursuant to Sections 327(e) and 330 of the Bankruptcy Code for Authority to Employ and Retain Paul Hastings LLP as Special Regulatory and Conflicts Counsel, Effective as of the Petition Date* [Docket No. 911] (the "Application")[2] and in response to the objections thereto filed by the United States Trustee for Region 2 (the "U.S. Trustee") [Docket No. 1056] (the "U.S. Trustee Objection") and Lisa Dagnoli [Docket No. 916] (the "Dagnoli Objection" and, together with the U.S. Trustee Objection, the "Objections"). In support of the Reply, the Debtors respectfully state as follows:

## Preliminary Statement

1.    Paul Hastings LLP ("Paul Hastings") is not being retained as general bankruptcy counsel to represent or assist the Debtors in carrying out the trustee's duties under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Instead, the Debtors seek to retain Paul Hastings for the limited purpose of providing services with respect to the following discreet, special matters:

> (a)    Paul Hastings has been retained by the Debtors since the Petition Date pursuant to the *Order Authorizing the Retention and Compensation of Professionals Utilized in the Ordinary Course of Business* [Docket No. 244] (the "OCP Order"), as an ordinary course professional to (a) advise the Debtors regarding financial services regulatory matters that have arisen and may arise in the Chapter 11 Cases, including but not limited to compliance, litigation, discovery, and related federal and state judicial and administrative proceedings; (b) advise the Debtors on all issues relating to financial services regulatory law and compliance as applied to a debtor-in-possession under the Bankruptcy Code; (c) assist and counsel the Debtors in objecting to and litigating any potential bankruptcy claims by regulatory entities; (d) such other issues as may be assigned by the Debtors in relation to (a) through (c) above (collectively, the "Special Regulatory Matters"). Paul Hastings is seeking approval of the Application with respect to the Special Regulatory Matters because its fees have exceeded the fee caps set forth in the OCP Order; and

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

(b)    On or about December 6, 2022,[3] the Debtors asked Paul Hastings to represent them in filing and prosecuting a claim in the chapter 11 cases of Celsius Network LLC and its affiliated debtors and debtors in possession (collectively, "Celsius") and opposing the late filed claim of Celsius Network LLC in the Debtors' Chapter 11 Cases (the "Conflict Matter" and, together with the Special Regulatory Matters, the "Services") because the Debtors' primary counsel has a conflict of interest.  The Conflict Matter is narrow in scope, and Paul Hastings is uniquely positioned to efficiently represent the Debtors given its institutional knowledge of the Debtors.

2.    The retention of Paul Hastings to provide these limited services will maximize the value of the Debtors' estates by, among other things, utilizing Paul Hastings' familiarity, experience, and expertise and avoiding delays and costs that would be associated with finding and retaining replacement counsel.  Further, as set forth in detail below, Paul Hastings does not have or represent any interest that is adverse to the Debtors or that would otherwise preclude it from providing the Services in accordance with the Application.

3.    The U.S. Trustee has alleged that Paul Hastings' representation of certain current and former officers of Celsius (the "Individual Officers" and such representation, the "Individual Officers Representation") and its representation of the official committee of unsecured creditors (the "FTX Committee") in the bankruptcy cases of FTX Trading Ltd. and its affiliates ("FTX") precludes it from being retained by the Debtors for the limited purposes set forth in the Application.

4.    As disclosed in the Supplemental Murphy Declaration, Paul Hastings has not in the past and does not currently represent Celsius Network LLC or any of its affiliate debtors or debtors in possession.  To the contrary, Paul Hastings represents the Individual Officers in connection with potential governmental investigations, civil litigation or other proceedings

---

[3]    The Application requests approval of Paul Hastings' retention with respect to the Conflict Matter as of the Petition Date.  After filing the Application, Paul Hastings and the U.S. Trustee agreed that retention with respect to the Conflict Matter should be effective as of December 6, 2022.

3

against the Individual Officers. While Paul Hastings did receive a payment in the amount of $750,000 from Celsius Network Limited, such payment was made pursuant to indemnification agreements by and between the Individual Officers and Celsius. Further, while Celsius was party to one of the engagement letters entered into by and between Paul Hastings and the Individual Officers, Celsius was a signatory to the engagement letter solely as an indemnitor and guarantor of legal fees. Paul Hastings' representation of the Individual Officers in connection with governmental investigations, civil litigation and other proceedings against such Individual Officers does not in any way impact Paul Hastings' undivided loyalty to the Debtors with respect to the Special Regulatory Matters or the Conflict Matter.

5.      Similarly, Paul Hastings' representation of the FTX Committee[4] in FTX's bankruptcy cases does not impact Paul Hastings' ability to provide untainted advice and assistance to the Debtors. Paul Hastings does not represent the Debtors with respect to any claims or causes of action against FTX. Further, Paul Hastings does not represent FTX with respect to any claims and causes of action against the Debtors. To the contrary, the *First Supplemental Declaration of Erez E. Gilad in Support of Application for Entry of an Order Authorizing and Approving the Retention and Employment of Paul Hastings LLP as Lead Counsel to the Official Committee of Unsecured Creditors, Effective as of December 20, 2022, and Notice of Increase in Hourly Rates* (the "Gilad Declaration"),[5] provides that:

> Paul Hastings shall not represent the [FTX] Committee in (a) the adversary proceeding, Adv. Pro. No. 23-50084 (JTD), commenced by Debtor-Alameda Research Ltd. against Voyager and HTC Trading Inc. in the United States Bankruptcy Court for the District of Delaware to avoid

---

[4]     On February 7, 2023, Paul Hastings was retained as counsel to the FTX Committee pursuant to the *Order Authorizing and Approving the Retention and Employment of Paul Hastings LLP as Lead Counsel to the Official Committee of Unsecured Creditors, Effective as of December 20, 2022.   See In re FTX Trading Ltd.*, Case No. 22-11068 (JTD) [Docket No. 635] (Bankr. D. Del. Feb. 7, 2023).

[5]     *See In re FTX Trading Ltd.*, Case No. 22-11068 (JTD) [Docket No. 630] (Bankr. D. Del. Feb. 7, 2023).  A copy of the Gilad Declaration is attached hereto as **Exhibit A**.

and recover preferential transfers, or (b) litigation between WRS and Voyager over the termination of the asset purchase agreement, dated as of September 27, 2022, by and between WRS and Voyager. YCST (or such other conflicts counsel determined by the Committee) shall represent the Committee in such matters.

*See* Gilad Decl., ¶ 7.

6.      Based upon the Application, the Supporting Declarations (as defined below), and the arguments set forth herein, there are no conflicts justifying the denial of Paul Hastings retention by the Debtors and therefore the Objections to the Application should be overruled and the Application should be granted.

## Background

7.      On July 5, 2022 (the "Petition Date"), the Debtors filed with the Court voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 18].

8.      No trustee or examiner has been appointed in the Chapter 11 Cases.   On July 19, 2022, the U.S. Trustee appointed the Official Committee of Unsecured Creditors pursuant to section 1102 of the Bankruptcy Code [Docket No. 106].

9.      On August 5, 2022, the Court entered the OCP Order.  Since the Petition Date, in accordance with the OCP Order, Paul Hastings has served as an ordinary course professional to the Debtors in the Chapter 11 Cases.  In accordance with the OCP Order, on August 17, 2022, Paul Hastings filed the *Declaration of Disinterestedness of Paul Hastings LLP Pursuant to the Order Authorizing the Retention and Compensation of Professionals Utilized in the Ordinary Course of Business* [Docket No. 303].

10.     On January 25, 2023, the Debtors filed the Application and the accompanying *Declaration of Matthew M. Murphy in Support of Application of the Debtors Pursuant to Sections 327(e) and 330 of the Bankruptcy Code for Authority to Employ and Retain Paul Hastings LLP as Special Regulatory and Conflicts Counsel, Effective as of the Petition Date*, attached as <u>Exhibit C</u> to the Application (the "<u>Murphy Declaration</u>") and *Declaration of Stephen Ehrlich in Support of Application of the Debtors Pursuant to Sections 327(e) and 330 of the Bankruptcy Code for Authority to Employ and Retain Paul Hastings LLP as Special Regulatory and Conflicts Counsel, Effective as of the Petition Date*, attached as <u>Exhibit D</u> to the Application (the "<u>Ehrlich Declaration</u>").

11.     On February 22, 2023, the Debtors filed the *Supplemental Declaration of Matthew M. Murphy in Support of Debtors' Application Pursuant to Sections 327(e) and 330 of the Bankruptcy Code for Authority to Employ and Retain Paul Hastings LLP as Special Regulatory and Conflicts Counsel, Effective as of the Petition Date* [Docket No. 1053] (the "<u>Supplemental Murphy Declaration</u>" and, together with the Murphy Declaration and the Ehrlich Declaration, the "<u>Supporting Declarations</u>").

### Reply to Objections

12.     Each of the Objections is addressed in detail below and, for the reasons set forth herein, the Objections should be overruled.

### I.     The U.S. Trustee Objection Should Be Overruled

13.     The U.S. Trustee fails to demonstrate any actual or even potential conflict of interest that would merit denial of the Application.  Moreover, the U.S. Trustee makes a conclusory assertion that the Application must be considered under section 327(a) of the Bankruptcy Code instead of section 327(e), but fails to show (or even discuss) why it has reached such conclusion given the discreet, limited matters for which Paul Hastings would be

retained.   Regardless, Paul Hastings satisfies the requirements for retention under both 327(e)

and 327(a) and the Application should be approved.

## A.    The Application Should Be Approved under Section 327(e) of the Bankruptcy Code[6]

14.    The U.S. Trustee asserts, without argument or analysis, that the Application

cannot be approved pursuant to section 327(e) of the Bankruptcy Code but instead must be

subject to approval under the requirements of section 327(a) of the Bankruptcy Code.  *See* U.S.

Trustee Obj. at 1–2.  The Debtors dispute this contention and submit, as set forth below and in

the Application, that the Application can and should be approved pursuant to section 327(e).

15.    Section 327(e) of the Bankruptcy provides that

> The trustee, with the court's approval, may employ, ***for a specified special purpose, other than to represent the trustee in conducting the case***, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e) (emphasis added).

16.    The U.S. Trustee admits that he does not object to Paul Hastings' retention under

section 327(e) with respect to the Special Regulatory Matters.  *See* U.S. Trustee Obj. at n. 3.  The

Special Regulatory Matters for which Paul Hastings was retained as an ordinary course

professional provide that Paul Hastings will "(a) advise the Debtors regarding financial services

regulatory matters that have arisen and may arise in the Chapter 11 Cases, including but not

limited to compliance, litigation, discovery, and related federal and state judicial and

administrative proceedings; (b) advise the Debtors on all issues relating to financial services

regulatory law and compliance as applied to a debtor-in-possession under the Bankruptcy Code;

---

[6]    The U.S. Trustee and Paul Hastings had discussions as to whether 327(e) or 327(a) is the more appropriate provision with respect to the Conflict Matter, but no definitive conclusion was reached.

(c) assist and counsel the Debtors in objecting to and litigating any potential bankruptcy claims by regulatory entities; (d) such other issues as may be assigned by the Debtors in relation to (a) through (c) above . . . ." *See* Application, ¶ 6. The Special Regulatory Matters are for a "specified special purpose, other than to represent the trustee in conducting the case" and Paul Hastings "does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which [Paul Hastings] is to be employed." *See* 11 U.S.C. § 327(e). In the U.S. Trustee Objection, the U.S. Trustee states that "[s]o long as the firm's representation of the Debtors as special counsel does not relate to Celsius or FTX, the United States Trustee does not object to Paul Hastings' continued services to the Debtor under section 327(e) to handle the matters for which it was retained under the OCP Order." *See* U.S. Trustee Obj. at n. 3. Paul Hastings' representation of the Debtors as special counsel for the Special Regulatory Matters does not relate to Celsius or FTX, therefore it appears that the U.S. Trustee is not objecting to Paul Hastings retention as special regulatory counsel under section 327(e).

17.    Separately, the Debtors are seeking to retain Paul Hastings for the discreet work related to the Conflicts Matter, pursuant to which Paul Hastings would file and prosecute "a claim in the chapter 11 cases of Celsius Network LLC and its affiliated debtors and debtors in possession . . . and opposing the late filed claim of Celsius in the Debtors' Chapter 11 Cases . . . ." *See* Application, ¶ 6. The Debtors submit that such a discreet issue does not rise to the level of "represent[ing] the trustee in conducting the case" but rather is exactly the type of "specified special purpose" that section 327(e) encompasses. Paul Hastings will not be providing services to the Debtors in connection with carrying out the Debtors' duties under the Bankruptcy Code. For example, courts have found representing a debtor with respect to a chapter 11 plan or the sale or liquidation of the Debtors' assets fall within the gambit of

"conducting the case." *See, e.g.*, *In re Hempstead Realty Assocs.*, 34 B.R. 624, 625–26 (Bankr. S.D.N.Y. 1983) (where proposed services included "advice with respect to its powers and duties as debtor in possession" and assistance in "preparing a plan" retention under 327(e) was denied); *see also In re Interstate Distribution Ctr. Assocs. (A), Ltd.*, 137 B.R. 826, 833 (Bankr. D. Colo. 1992) (renegotiating loan and "assisting in the construction of a Chapter 11 Plan and Disclosure Statement are duties clearly beyond the scope and intent of Section 327(e).") (footnote omitted); *In re Tidewater Memorial Hosp., Inc.*, 110 B.R. 221, 227–28 (Bankr. E.D. Va. 1989) (solicitation and negotiation of proposals for the sale or reorganization of the primary asset, including assisting the debtor with its plan of reorganization, which is the principal purpose of the chapter 11 case, is tantamount to representing the debtor in the conduct of the case). Rather, Paul Hastings' representation is narrowly tailored to address the claims dispute by and between two cryptocurrency exchanges—*i.e.*, Voyager on the one hand and Celsius on the other. Given Paul Hastings' familiarity with the Debtors' business, it was in the best interests of the estates to retain Paul Hastings to assist with the Conflict Matter. The U.S. Trustee takes the position that "because [Paul Hastings] concurrently represents employees of an entity in the case that has an interest adverse to the interests of the Debtors, the Paul Hastings Retention Application must be denied." U.S. Trustee Obj. at 2. However, the U.S. Trustee's position appears to be based upon a misunderstanding of the Individual Officers Representation. Paul Hastings does not represent Celsius. Paul Hastings provides "legal services to the Officers in connection with potential governmental investigations, civil litigation, or other proceedings or disputes involving the Officers' role with Celsius Network Limited and its direct or indirect subsidiaries." Suppl. Murphy Decl., ¶ 4. Further, Paul Hastings' representation of the Individual

Officers is wholly unrelated to the Debtors and is not a representation or interest adverse to the Debtors.

18.     In the U.S. Trustee Objection, the U.S. Trustee asserts that payment of the advance retainer by Celsius to Paul Hastings for the benefit of the Individual Officers impacts Paul Hastings' "undivided loyalty" to the Debtors.  U.S. Trustee Obj. at 3, 12.  This assertion is not supported by the facts or applicable law.  Paul Hastings does not represent Celsius, it was engaged to represent the Individual Officers.  Payment of legal fees by a third party on account of indemnification obligations does not create an attorney client relationship between the attorney and the third party.  *See, e.g., David Cutler Indus. v. Direct Group, Inc. (In re David Cutler Indus.)*, 432 B.R. 529, 543 (Bankr. E.D. Pa. 2010 (denying motion to disqualify attorney and finding that, "[g]enerally speaking, payment of an attorney's initial retainer does not create an attorney-client relationship between the payor and the lawyer [because i]t is well established that a client's initial retainer with a[] lawyer may be paid by a third party in appropriate circumstances").

19.     Given the narrowly tailored and specified special purpose of both the Special Regulatory Matters and the Conflict Matter, the Application should be approved by applying the standard of section 327(e) of the Bankruptcy Code, which requires only that Paul Hastings "does not represent or hold any interest adverse to the debtor or to the estate ***with respect to the matter on which such attorney is to be employed***."  11 U.S.C. § 327(e) (emphasis added).  For the reasons set forth herein and the Supporting Declarations, Paul Hastings does not hold or represent any interest adverse to the Debtors or their estates with respect to the Special Regulatory Matters and the Conflict Matter.  Therefore, the Application should be approved.

**B.      In the Alternative, the Application Should Be Approved under Section 327(a) of the Bankruptcy Code**

20.      In the event the Court finds that Paul Hastings cannot be retained to provide the Services to the Debtors pursuant to section 327(e), the Debtors respectfully request that the Court approve Paul Hastings' retention under section 327(a).[7]   As set forth herein and in the Application and Supporting Declarations, Paul Hastings meets the requirements for retention under section 327(a) and the Application may be approved on that basis.

21.      Subject to court approval, under section 327(a) of the Bankruptcy Code a debtor in possession may retain professionals "that do not hold or represent an interest adverse to the estate, and that are disinterested persons."   11 U.S.C. § 327(a).   The phrase "disinterested person" is defined by the Bankruptcy Code in relevant part to mean, "a person that . . . does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason."  11 U.S.C. § 101(14)(C).  Courts have noted the overlap between (a) the first prong on section 327(a), requiring that the professional not hold or represent an interest adverse to the estate, and (b) the definition of disinterested person, requiring that a person does not have an interest materially adverse to the estate, which makes up the second prong of section 327(a).   The Second Circuit Court of Appeals has held that the distinction between these phrases is that the first prong relates to persons that hold *or represent* adverse interests, whereas the second prong relates to professionals that themselves *have* an interest that is adverse to the estate.  *See Bank Brussels Lambert v. Coan (In re AroChem Corp.)*, 176 F.3d 610, 622–23 (2d Cir. 1999).

---

[7]      As discussed herein, Paul Hastings believes that the U.S. Trustee has waived its objection to section 327(e) retention of Paul Hastings for the Special Regulatory Matters.   Notwithstanding that, Paul Hastings also satisfies section 327(a) as it relates to the Special Regulatory Matters and will address retention under section 327(a) in this section with respect to both the Special Regulatory Matters and the Conflicts Matter.

22.     Moreover, the Second Circuit Court of Appeals found that, in situations where counsel is to be retained by the bankruptcy trustee under section 327(a) for a specific matter, as opposed to being retained as general bankruptcy counsel, "there need only be no conflict between the trustee and counsel's creditor client *with respect to the specific matter itself*." *Id.* at 622 (emphasis added). The Second Circuit further elaborated on this principle, stating that "we interpret that part of § 327(a) which reads that attorneys for the trustee may 'not hold or represent an interest adverse to the estate' to mean that the attorney must not represent an adverse interest *relating to the services which are to be performed by that attorney*." *Id.* (emphasis added, internal quotation omitted).

23.     The determination of whether an adverse interest exists is to be made on a case by case basis and is a fact-specific inquiry. *See id.* at 623. "Among the ultimate considerations for the bankruptcy courts in making these decisions must be the protection of the interests of the bankruptcy estate and its creditors, and the efficient, expeditious, and economical resolution of the bankruptcy proceeding." *Id.* at 621 (quoting *In re Harold & Williams Dev. Co.*, 977 F.2d 906, 910 (4th Cir. 1992)).

24.     The burden of proving that there is no adverse interest rests with the applicant seeking to retain a professional, which is typically met by its application and supporting declarations. *See, e.g.*, *In re Huntco Inc.*, 288 B.R. 229, 232 (Bankr. E.D. Mo. 2002). The burden of going forward then shifts to the objecting party to show that the professional's employment violates the applicable standard. *In re Brennan*, 187 B.R. 135, 145 (D.N.J. 1995), *rev'd on other grounds sub nom*; *In re First Jersey Sec., Inc.*, 180 F.3d 504 (3d Cir. 1999). The Debtors have met their initial burden by the filing the Application to retain Paul Hastings, which is supported by the Murphy Declaration, the Supplemental Murphy Declaration, and the Ehrlich

Declaration.  Given Paul Hastings' historical knowledge of the Debtors and their operations as well as Paul Hastings' expertise in both regulatory and restructuring matters, the retention of Paul Hastings is in the best interest of the Debtors' estates and creditors as well as the efficient, expeditious and economical resolution of the Special Regulatory Matters and the Conflict Matter.  Accordingly, the burden of going forward is on the U.S. Trustee to show that Paul Hastings in fact holds or represents an adverse interest.  The U.S. Trustee does not satisfy its burden and the U.S. Trustee Objection should be overruled.

25.     In this case, Paul Hastings neither has nor represents any interest that is adverse to the Debtors, their estates, or creditors with respect to the matters in which the Debtors propose to retain Paul Hastings.  The U.S. Trustee alleges that Paul Hastings' representation of the Individual Officers and of the FTX Committee is somehow disqualifying, but fails to identify how those representations present an actual or even apparent conflict of interest with respect to the Application and the proposed Services.  Upon analysis, the interests held and represented by Paul Hastings in connection with its representation of the Individual Officers and the FTX Committee are entirely unrelated to the Services to be provided to the Debtors.

26.     With respect to the Individual Officers, as noted in the Supplemental Murphy Declaration, Celsius is not a client of Paul Hastings and the firm is solely representing the Individual Officers in their individual capacities in connection with governmental investigations, civil litigation or other proceedings or disputes, all of which are matters wholly unrelated to the Debtors' Chapter 11 Cases.  As such, Paul Hastings does not *represent*, on account of its representation of the Individual Officers, any interest that is adverse to the Debtors or their estates and the U.S. Trustee has not provided any evidence to the contrary.

13

27.    Further, Paul Hastings itself does not *have* any interest adverse to the Debtors or

their estates in connection with its representation of the Individual Officers.  While the Debtors

understand that Celsius owes certain indemnification obligations to the Individual Officers with

respect to legal fees and costs related to the legal services provided by Paul Hastings to the

Individual Officers and that, on account of such indemnification obligations to the Individual

Officers, Celsius issued a retainer payment to Paul Hastings for its representation of the

Individual Officers, it does not follow that Paul Hastings' interests are at odds with the interests

of the Debtors and their estates.  *See TWI Int'l v. Vanguard Oil & Serv. Co.*, 162 B.R. 672, 675

(S.D.N.Y. 1993) ("merely hypothizing that conflicts may arise is not a sufficient basis to warrant

the disqualification of an attorney") (internal quotation omitted).  Despite the U.S. Trustee's

mischaracterization that "Paul Hastings has rendered services that apparently inured to the

benefit of Celsius" (*see* U.S. Trustee Obj. at 11), Paul Hastings does not represent Celsius, has

provided no legal services to Celsius, and has no interest or obligation to provide any "benefit"

to Celsius.  The payment that was issued by Celsius to Paul Hastings was, as set forth clearly in

the Supplemental Murphy Declaration, made on account of indemnification obligations that

Celsius owed *to the Individual Officers*, not on account of any relationship between Celsius and

Paul Hastings.

28.    The U.S. Trustee has not cited to a single case, and the Debtors are aware of no

such case, where proposed counsel for a discreet, limited matter in a debtor's chapter 11 case

was found not to be disinterested on account of a creditor (or potential creditor) owing

indemnification obligations with respect to the legal fees of another client of the firm on wholly

unrelated matters.  The mere fact that Celsius issued payment for the advance retainer for the

Individual Officers does not create an attorney-client relationship between Paul Hastings and

Celsius and does not prevent Paul Hastings from being disinterested in its representation of the Debtors in accordance with the Application. *See, e.g.*, *David Cutler Indus.*, 432 B.R. at 543 ("[g]enerally speaking, payment of an attorney's initial retainer does not create an attorney-client relationship between the payor and the lawyer").

29.     The U.S. Trustee suggests that the Celsius bankruptcy estate may have a preference or other avoidance action with respect to the retainer payment issued to Paul Hastings and that, somehow, such an action would render Paul Hastings not disinterested with respect to the Services it will provide to the Debtors. *See* U.S. Trustee Obj. at 2.  In the event of such an action, however, Paul Hastings would be adverse to Celsius, not to the Debtors.  The defense of such an avoidance action, if one is ever brought (which the Debtors submit is unlikely due to the fact that it was an advance retainer payment), in no way impacts or impairs Paul Hastings' zealous representation of the Debtors with respect to the Conflict Matter.  As such, Paul Hastings does not have an interest adverse to the Debtors or their estates and satisfies the requirements of section 327(a).

30.     Similarly, with respect to the representation of the FTX Committee, that representation is not adverse to the Debtors or their estates with respect to the Services that Paul Hastings will provide to the Debtors. *See  In re AroChem Corp.*, 176 F.3d at 622 (to satisfy first prong of 327(a), "attorney must not represent an adverse interest ***relating to the services which are to be performed by that attorney***") (emphasis added).  While there may be claims asserted by the Debtors against the FTX estate and *vice versa*, Paul Hastings will not be representing the Debtors with respect to such matters.  Paul Hastings is only being retained by the Debtors with respect to the Special Regulatory Matters and the Conflict Matter, both of which are unrelated to FTX.  Further, Paul Hastings itself holds no interest in connection with its representation of the

FTX Committee that is adverse to the interests of the Debtors and their estates.  To the contrary, as set forth in the Gilad Declaration,

> Paul Hastings shall not represent the [FTX] Committee in (a) the adversary proceeding, Adv. Pro. No. 23-50084 (JTD), commenced by Debtor-Alameda Research Ltd. against Voyager and HTC Trading Inc. in the United States Bankruptcy Court for the District of Delaware to avoid and recover preferential transfers, or (b) litigation between WRS and Voyager over the termination of the asset purchase agreement, dated as of September 27, 2022, by and between WRS and Voyager. YCST (or such other conflicts counsel determined by the Committee) shall represent the Committee in such matters.

*See* Gilad Decl., ¶ 7.  The U.S. Trustee does not provide any evidence to the contrary.

31.    Further, the FTX Committee has a fiduciary duty to its unsecured creditor constituency, not to the debtor or other classes of creditors in the FTX bankruptcy cases.  *See In re Smart World Techs., LLC*, 423 F.3d 166, 175 n.12 (2d Cir. 2005) ("A creditors' committee owes a fiduciary duty to the class it represents, but not to the debtor, other classes of creditors, or the estate."); *In re Refco Inc.*, 336 B.R. 187, 195 (Bankr. S.D.N.Y. 2006) ("[T]he members of an official committee owe a fiduciary duty to their constituents—in the case of an official creditors' committee, to all of the debtor's unsecured creditors.").  While it is true that, "under certain circumstances, an official creditors committee may be authorized by the bankruptcy court to act not only on behalf of the unsecured creditor body but also as a fiduciary on behalf of the debtor's estate" (*see id.*), such circumstances arise only "if a debtor unjustifiably refuses to pursue a claim," or where the "debtor in possession consents." *In re Recoton Corp.*, 307 B.R. 751, 761 (Bankr. S.D.N.Y. 2004).  Accordingly, the U.S. Trustee's mere assertion that there may be a conflict in connection with Paul Hastings' representation of the FTX Committee is insufficient to support its U.S. Trustee Objection. *See TWI Int'l*, 162 B.R. at 675.

32.    The U.S. Trustee cites to the case of *Project Orange Associates*, 431 B.R. 363 (Bankr. S.D.N.Y. 2010), to support his claim that Paul Hastings cannot be retained by the

Debtors for the Conflict Matter because of Paul Hastings' representation of the FTX Committee. However, this reliance is misplaced as the situation at issue in *Project Orange Associates* is entirely inapposite to the present case. The issue in the *Project Orange Associates* case was that the debtor's proposed *general bankruptcy counsel* tasked with representing the debtor in carrying out its duties under the Bankruptcy Code also represented the debtor's largest unsecured creditor and critical supplier in unrelated matters and had proposed having separate conflicts counsel handle matters related to that creditor, despite the debtor's acknowledgement that resolution of the issues related to that creditor was essential to the reorganization. *Project Orange Assocs.*, 431 B.R. 363, 365 (Bankr. S.D.N.Y. 2010). In that case, the court concluded that, among other reasons, the proposed general bankruptcy counsel could not be retained, despite employment of conflicts counsel, because the particular creditor with which proposed counsel had the conflict was central to the resolution of the bankruptcy case. *Id.* at 375–76. Unlike the firm at issue in *Project Orange Associates*, Paul Hastings is not seeking be retained as general bankruptcy counsel but only for the narrowly tailored Conflicts Matter as set forth in the Application. Further, neither the Conflicts Matter nor the Special Regulatory Matters are related to the FTX chapter 11 cases. Finally, unlike *Project Orange Associates*, Paul Hastings is not simultaneously representing a creditor of the Debtors. For the reasons set forth above, the U.S. Trustee Objection fails to establish any actual conflict of interest that would disqualify Paul Hastings from being retained under section 327(a) of the Bankruptcy Code to provide the Services to the Debtors. Accordingly, the U.S. Trustee Objection should be overruled and the Application should be granted.

**C.**    **Paul Hastings' Disclosures in the Murphy Declaration and the Supplement Murphy Declaration Were Appropriate and Adequately Disclosed All Connections**

33.    Bankruptcy Rule 2014(a) provides that an application for employment undersection section 327 "shall state . . . to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee." Fed. R. Bankr. P. 2014(a).

34.    Paul Hastings satisfied the requirements of Bankruptcy Rule 2014(a).  The Murphy Declaration discloses the representation of the Individual Officers and the Supplemental Murphy Declaration further discloses the nature of the representation of the Individual Officers, the details of the engagement, and the advance retainer payment made by Celsius to Paul Hastings on behalf of the Individual Officers.

35.    The U.S. Trustee asserts that the advanced retainer payment was not adequately disclosed.  Paul Hastings' conducted a thorough review of all Interested Parties (as defined in the Application) and the results of the conflicts check were compiled and analyzed prior to filing the Application.  *See* Murphy Decl., ¶ 11.  Indeed, Paul Hastings disclosed the representation of the Individual Officers (as well as the representation of the FTX Committee).  After filing the Application, Paul Hastings learned that it was listed on Celsius' Statement of Financial Affairs with respect to the advance retainer payment.  *See* Suppl. Murphy Decl., ¶ 7.  Upon learning this, Paul Hastings informed the U.S. Trustee that (a) it would file a supplemental declaration, (b) the payment was on account of indemnification obligations owed to the Individual Officers, and (c) Paul Hastings did not in the past and does not currently represent Celsius.  Shortly thereafter, Paul Hastings filed the Supplemental Murphy Declaration providing additional disclosures.

Accordingly, Paul Hastings satisfied the requirements of Bankruptcy Rule 2014(a) and its disclosures in connection with the Application were appropriate.

## II.    The Dagnoli Objection Should Be Overruled

36.    The Dagnoli Objection argues that the Application should be denied because it would incur additional and allegedly unnecessary costs to the Debtors' estates. The Debtors are sympathetic to the rationale expressed in the Dagnoli Objection and, in fact, are continuing to focus on maximizing the value of their estates for all stakeholders. In the present case though, in order to maximize value, the Debtors require the services of Paul Hastings, which will inure to the benefit of the Debtors' creditors through the Special Regulatory Matters and the Conflict Matter, each of which is necessary to preserve and maximize the value of the estates. Given Paul Hastings' history, familiarity, and expertise with the Special Regulatory Matters, which Paul Hastings was previously providing under the OCP Order, allowing them to continue to provide those services pursuant to the Application will avoid unnecessary expense and delay related with obtaining replacement counsel. Further, Paul Hastings' work with respect to the Conflict Matter will ensure that all claims of the Debtors' estates against Celsius are preserved and prosecuted and that the late-filed claim of Celsius against the Debtors' estates is defended, all of which will maximize value.

37.    Further, Paul Hastings is working with the Debtors' other professionals to avoid any duplication of efforts. With respect to the Special Conflicts Matter, the Debtors' general bankruptcy counsel is not able to perform services for the Debtors on that matter thus rendering duplication of efforts moot. With respect to the Special Regulatory Matters, Paul Hastings has been providing those services to the Debtors since before the Petition Date and throughout these Chapter 11 Cases and is not aware of other counsel that are providing the same or similar services. Paul Hastings and the Debtors' other professionals have worked, and will continue to

work, to ensure that there is no duplication of work among the various professionals.  Further, all creditors and parties in interest will have the opportunity to verify that there is not duplication of efforts when Paul Hastings files it fee applications.  For these reasons, the Dagnoli Objection should be overruled.

## Conclusion

38.    For the foregoing reasons, Paul Hastings respectfully requests that the Court (a) overrule the Objections, (b) enter the Proposed Order authorizing the employment of Paul Hastings as special regulatory and conflicts counsel, effective as of the Petition Date, and (c) grant such other and further relief as the Court deems just.


[*Remainder of Page Intentionally Left Blank*]

Dated: February 27, 2023
    Chicago, Illinois

Respectfully submitted,

*/s/ Matthew M. Murphy*
Matthew M. Murphy, Esq.
Matthew Micheli, Esq.
PAUL HASTINGS LLP
71 S. Wacker Drive
Forty-Fifth Floor
Chicago, Illinois 60606
Telephone: (312) 499-6000
Facsimile:  (312) 499-6100
mattmurphy@paulhastings.com
mattmicheli@paulhastings.com

and

Chris Daniel, Esq.
PAUL HASTINGS LLP
1170 Peachtree Street, N.E.
Suite 100
Atlanta, Georgia 30309
Telephone: (404) 815-2100
Facsimile: (404) 815-2424
chrisdaniel@paulhastings.com

and

LK Greenbacker, Esq.
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
Telephone: (202) 551-1700
Facsimile: (202) 551-1705
lkgreenbacker@paulhastings.com

*Proposed Special Regulatory and Conflicts
Counsel to the Debtors and Debtors in Possession*

## Exhibit A

**Gilad Declaration**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |

**FIRST SUPPLEMENTAL DECLARATION OF EREZ E. GILAD IN SUPPORT OF APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE RETENTION AND EMPLOYMENT OF PAUL HASTINGS LLP AS LEAD COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF DECEMBER 20, 2022, AND NOTICE OF INCREASE IN HOURLY RATES**

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), I, Erez E. Gilad, declare that the following is true to the best of my knowledge, information, and belief:

1.       I am a partner with the law firm of Paul Hastings LLP ("Paul Hastings"), located at, among other offices worldwide, 200 Park Avenue, New York, New York 10166.

2.       I am an attorney-at-law, duly admitted and in good standing to practice in the State of New York, the United States District Court for the Southern District of New York, and the United States District Court for the Eastern District of New York. I have also been admitted before the United States Court of Appeals for the Second Circuit.

3.       I submit this first supplemental declaration (this " Supplemental Declaration") in support of the *Application for Entry of an Order, Pursuant to Bankruptcy Code Sections 328, 330, and 1103, Authorizing and Approving the Retention and Employment of Paul Hastings LLP*

---

[1]     The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

*as Lead Counsel to the Official Committee of Unsecured Creditors, Effective as of December 20,*

*2022* (the "Application"), which was filed on January 18, 2023 [Docket No. 518].[2]

4.      Except as otherwise set forth herein, the facts set forth in this Supplemental

Declaration are based upon my personal knowledge, discussions with other Paul Hastings

attorneys and employees, the firm's client/matter records that were reviewed by me and/or other

Paul Hastings attorneys or employees acting under my supervision or direction, based on

responses received to email inquiries (or the lack of responses to email inquiries made upon

negative notice), and other information provided to me by other Paul Hastings attorneys and

employees.

5.      On January 18, 2023, I submitted a declaration (the "Initial Declaration") in

support of the Application.  I hereby incorporate by reference, in its entirety, the Initial

Declaration as if fully set forth herein, and supplement the Initial Declaration as follows:

6.      To the best of my knowledge, information and belief:

(i)      I am informed that the Committee interviewed six law firms (including Paul
Hastings) for the position of lead counsel prior to selecting Paul Hastings as
counsel.

(ii)     On January 19, 2023, Genesis Global Holdco, LLC and certain of its affiliates
(collectively, "Genesis") filed voluntary petitions for relief under Chapter 11 of
the Bankruptcy Code in United States Bankruptcy Court for the Southern District
of New York. GGC International Ltd., a member of the Committee, is a non-
debtor affiliate of Genesis. Paul Hastings has represented or currently represents
the following Genesis affiliates, in each case, in matters unrelated to the Debtors
or the Chapter 11 Cases (and the fees collected by Paul Hastings on account of
such representations for the applicable reference periods are summarized below):

---

[2]      Each capitalized term that is used but not defined herein shall have the meaning set forth in the Initial
Declaration.

|  | 2/1/22 -12/31/22 | FY 2021 ending 1/31/22 |
|---|---|---|
| Genesis Global Trading, Inc. | $183,000 | $0 |
| Grayscale Investments, LLC | $15,000 | $0 |
| CoinDesk Inc. | $39,986 | $0 |

A formal conflict search with respect to parties-in-interest involved in the Genesis chapter 11 cases was not performed.

(iii) On January 25, 2023, Paul Hastings filed an application under section 327(e) of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of New York overseeing Voyager's chapter 11 cases to be retained as special regulatory and conflicts counsel to Voyager (the "Voyager Retention Application"). The declaration filed in support of the Voyager Retention Application discloses all known connections to parties-in-interest in Voyager's chapter 11 cases. In addition, on July 13, 2022, Celsius Network LLC ("Celsius") and certain of its affiliates filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. A formal conflict search with respect to parties-in-interest involved in Celsius' chapter 11 cases was not performed. I am aware that Paul Hastings currently represents certain current and former officers of Celsius in their individual capacities, in matters unrelated to the FTX Debtors and the Chapter 11 Cases.

(iv) Except as noted in clause (x) below, neither Paul Hastings nor the attorneys currently working on the representation of the Committee in the FTX Chapter 11 Cases has any connection to Samuel Bankman-Fried, Joseph Bankman, Barbara Fried, Nishad Singh, Gary Wang, Caroline Ellison, Ryan Salame or Ryne Miller.

(v) None of Samuel Bankman-Fried, Joseph Bankman, Barbara Fried, Nishad Singh, Gary Wang, Caroline Ellison, Ryan Salame or Ryne Miller has been a client of Paul Hastings or any of the attorneys currently working on the representation of the Committee in the FTX Chapter 11 Cases.

(vi) Paul Hastings' representation of WRS, described in paragraph 12(b) of the Initial Declaration, terminated on November 18, 2022.

(vii) Fees collected by Paul Hastings on account of its representation of Binance Capital Management Co., Ltd. and BAM Trading Services (Binance US), as described in paragraphs 12(d) and 12(e) of the Initial Declaration, accounted for the following percentages of the aggregate fees collected by Paul Hastings for the periods referenced below:

|  | 2/1/22 – 12/31/22 | FY 2021 ending 1/31/22 | FY 2020 ending 1/31/21 | FY 2019 ending 1/31/20 |
|---|---|---|---|---|
| Binance Capital Management Co., Ltd. | 0.00% | 0.02% | 0.09% | 0.01% |
| BAM Trading Services (Binance US) | 0.29% | 0.07% | 0.07% | 0.01% |

(viii)   Paul Hastings did not advise Binance with respect to its decision not to pursue a sale transaction with the Debtors in the weeks prior to the Petition Date.

(ix)   Neither Paul Hastings (subject to sub-clause (x) below) nor the attorneys currently working on the representation of the Committee in the FTX Chapter 11 Cases has ever represented Changpeng Zhao.

(x)   Paragraph 12(e) of the Initial Declaration is supplemented as follows (which reflects information provided to me by Paul Hastings attorneys and personnel with direct knowledge thereof): In July 2021, Paul Hastings represented Binance Capital Management Co. Ltd. ("Binance") in connection with the structuring, negotiation and sale of its equity stake in FTX to Debtor Euclid Way Ltd.  In connection with such equity sale transaction, Paul Hastings entered into an engagement letter with Binance Capital Management Co. Ltd., as "Client", to serve as legal counsel.  The engagement letter provided that Paul Hastings would "assist Client (including its affiliates) on its investment projects around the world… including its investments in FTX Trading Ltd….". In connection with the July 2021 equity sale transaction, each of Changpeng Zhao, Dinghua Xiao and Samuel Wenjun Lim, respectively, sold shares in FTX to Samuel Bankman-Fried, Zixiao Wang and Nishad Singh, respectively, pursuant to separate share transfer agreements in the form negotiated by Paul Hastings on behalf of Binance. Each such share transfer agreement referred to Paul Hastings as a notice party. However, Paul Hastings did not enter into an attorney-client relationship with Changpeng Zhao, Dinghua Xiao or Samuel Wenjun Lim, in their individual capacities, in connection with the sale of their shares.

(xi)   Certain attorneys working on the representation of the Committee in the FTX Chapter 11 Cases are also representing Voyager in matters unrelated to the FTX Debtors or the FTX Chapter 11 Cases.

(xii)   Paragraph 12(g) of the Initial Declaration is supplemented as follows: Coincident Capital International, Ltd. is a member of the Committee. Paul Hastings represents the following affiliates or entities related to Coincident Capital International, Ltd.:  Paul Hastings represents Coincident Capital GP, LLC, Coincident Management, LLC, and their managers, Wen Hou and Sunil Shah, in litigation adverse to Bryce Gilleland, a former manager and his new management company (Asha Capital Partners, LP), in litigation related to Gilleland's removal

as a manager, and his derivative complaint. Paul Hastings also represents Coincident Capital GP, LLC and Coincident Capital Management, LLC in connection with matters relating to private, pooled investment vehicles managed by such entities or their affiliates.

(xiii)    Paragraph 12(i) of the Initial Declaration is supplemented as follows:

    i.    None of the parties-in-interest reflected in the disclosure in paragraph 12(i) of the Initial Declaration was identified as a party-in-interest by the Debtors, except for Dave, Inc. and HODL Media, Inc.

    ii.    Paul Hastings previously represented Dave, Inc. in a matter related to the Debtors. That matter was closed prior to the filing of the Initial Declaration. Dave, Inc. remains a current client on matters that are unrelated to the Debtors and the Chapter 11 Cases. Paul Hastings collected from Dave, Inc., on account of all of Paul Hastings' representations of Dave, Inc. (including matters related to and unrelated to the Debtors), the aggregate amount of approximately (i) $560,572 for the period February 1, 2022 through December 31, 2022, (ii) $767,242 for the fiscal year ending January 31, 2022, (iii) $1,273,441 for the fiscal year ending January 31, 2021, and (iv) $610,672 for the fiscal year ending January 31, 2020.

    iii.    In addition, Paul Hastings continues to represent certain of the clients reflected in paragraph 12(i) of the Initial Declaration (not identified by the Debtors' counsel as parties-in-interest) on matters that are unrelated to the Debtors and the Chapter 11 Cases.

(xiv)    None of the representations described in paragraph 12(l) of the Initial Declaration involves matters related to the Debtors or the Chapter 11 Cases.

(xv)    None of the referrals referenced in paragraph 12(m) of the Initial Declaration involve Sullivan & Cromwell LLP.

(xvi)    Based on responses to a firm-wide email (made upon negative notice) asking if any attorneys held accounts or deposited funds with FTX, two attorneys at Paul Hastings indicated they have accounts with FTX US with approximately $80 and $500 on deposit in each, and neither attorney works on Committee matters.

(xvii)    None of the connections described in Schedule 2 of the Initial Declaration relate to the FTX Debtors or the Chapter 11 Cases, except as described therein, in the Initial Declaration or this Supplemental Declaration.

(xviii)    Paul Hastings has represented and currently represents one or more entities (which were not identified by the Debtors as a party-in-interest in these Chapter 11 Cases) affiliated with Zach Bruch, in matters that are unrelated to the Debtors and the Chapter 11 Cases. Zach Bruch is a member of the Committee.

(xix)    With respect to certain matters identified in the Initial Declaration as "closed", although work is no longer being performed, the matter may be reflected as "inactive" on Paul Hastings' system due to the fact that an invoice remains outstanding, and such matter is deemed "closed" for purposes of Paul Hastings' systems once such invoice is paid or written off.

7.      Paul Hastings shall not represent the Committee in (a) the adversary proceeding, Adv. Pro. No. 23-50084 (JTD), commenced by Debtor-Alameda Research Ltd. against Voyager and HTC Trading Inc. in the United States Bankruptcy Court for the District of Delaware to avoid and recover preferential transfers, or (b) litigation between WRS and Voyager over the termination of the asset purchase agreement, dated as of September 27, 2022, by and between WRS and Voyager.  YCST (or such other conflicts counsel determined by the Committee) shall represent the Committee in such matters.

8.      In the event an actual conflict of interest arises in connection with Paul Hastings' representation of the Committee, on the one hand, and a current client of Paul Hastings, on the other hand, Paul Hastings shall not represent the Committee in any such matter, and the Committee shall be represented by YCST (or such other conflicts counsel determined by the Committee) in such matter.

9.      Paul Hastings hereby waives any potential claim for indemnification against WRS that may arise in connection with Paul Hastings' prior representation of WRS described in paragraph 12(b) of the Initial Declaration.

10.     In the ordinary course of its business, Paul Hasting periodically adjusts the hourly rates of its attorneys and paraprofessionals. Paul Hastings' new standard hourly rates for 2023 are set forth below (such rates shall apply to Paul Hastings' representation of the Committee in these Chapter 11 Cases beginning on the date that is five business days after the date hereof):

| Title | U.S. Hourly Rate Range[3] |
|---|---|
| Partners | $1,400 - $2,075 |
| Of Counsel | $1,425 - $2,000 |
| Associates | $800 - $1,320 |
| Paraprofessionals | $275 - $600 |

11.     Despite the efforts described in the Initial Declaration and this Supplemental Declaration to identify and disclose Paul Hastings' connection with parties-in-interest in the Chapter 11 Cases, Paul Hastings is unable to state with certainty that every client representation or other connection has been disclosed.  In this regard, if Paul Hastings discovers additional information that requires disclosure, Paul Hastings will file a supplemental disclosure with the Court.

*[Remainder of page intentionally left blank.]*

---

[3]     For professionals and paraprofessionals residing outside of the U.S., hourly rates are billed in the applicable currency. When billing a U.S. entity, such foreign rates are converted into U.S. dollars at the then applicable conversion rate. After converting these foreign rates into U.S. dollars, it is possible that certain rates may exceed the billing rates listed in the chart herein.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable

inquiry, the foregoing is true and correct.

Executed this 7th day of February, 2023.

*/s/ Erez E. Gilad*
Erez E. Gilad