Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF PRESENTMENT OF DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING THE JOINT STIPULATION BY AND AMONG THE DEBTORS, THE FTX DEBTORS, AND THEIR RESPECTIVE UNSECURED CREDITOR COMMITTEES

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Motion for Entry of an Order Approving the Joint Stipulation By and Among the Debtors, the FTX Debtors, and Their Respective Unsecured Creditor Committees* (the "Motion,") will be held on **March 23, 2023, at 11:00 a.m., prevailing Eastern Time** (the "Hearing"). In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted telephonically. Any parties wishing to participate must do so by making arrangements through CourtSolutions by visiting https://www.court-solutions.com.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Motion shall:  (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served so as to be actually received by **March 16, 2023, at 4:00 p.m., prevailing Eastern Time**, by (i) the entities on the Master Service List available on the case website of the above-captioned debtors and debtors in possession (the "Voyager Debtors") at https://cases.stretto.com/Voyager and (ii) any person or entity with a particularized interest in the subject matter of the Motion.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing.  Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Voyager Debtors.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/Voyager.   You may also obtain copies of the Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated:  February 28, 2023
New York, New York

*/s/ Joshua A. Sussberg*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:       jsussberg@kirkland.com
             cmarcus@kirkland.com
             christine.okike@kirkland.com
             allyson.smith@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

**Hearing Date: March 23, 2023, at 11:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: March 16, 2023, at 4:00 p.m. (prevailing Eastern Time)**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING THE JOINT STIPULATION BY AND AMONG THE DEBTORS, THE FTX DEBTORS, AND THEIR RESPECTIVE UNSECURED CREDITOR COMMITTEES

The above-captioned debtors and debtors in possession (collectively, the "<u>Voyager Debtors</u>")[2] respectfully state the following in support of this motion (this "<u>Motion</u>"):

### RELIEF REQUESTED

1.    The Voyager Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "<u>Order</u>"), approving the proposed Joint Stipulation and Agreed Order, annexed to the Order as **Exhibit 1** (the "<u>Joint Stipulation</u>") by and among (i) the Voyager

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    Capitalized terms not defined herein shall have the meanings ascribed to such terms in the *First Amended Disclosure Statement Relating to the Second Amended Joint Plan of Voyager Digital Holdings, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 591] (the "<u>Disclosure Statement</u>") or the *Second Amended Joint Plan of Voyager Digital Holdings, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 590], as applicable.

Debtors, (ii) FTX Trading Ltd. and its affiliated debtors and debtors-in-possession in the chapter 11 cases being jointly administered under the caption *In re FTX Trading Ltd.*, Case No. 22-11068 (JTD) (Bankr. D. Del.), including but not limited to Alameda Ventures Ltd., Alameda Research Ventures Ltd., West Realm Shires Inc. d/b/a FTX US, and Alameda Research Ltd. (collectively, and with their affiliates, the "FTX Debtors"),[3] and (iii) the respective Official Committees of Unsecured Creditors appointed in the chapter 11 cases of the Voyager Debtors and the FTX Debtors (the "UCCs"). The Voyager Debtors, FTX Debtors, and UCCs are each a "Party" and collectively, the "Parties."

## JURISDICTION AND VENUE

2.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012. The Voyager Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") and rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[3]   A complete list of the FTX Debtors is available at https://restructuring.ra.kroll.com/FTX/Home-DownloadPDF?id1=MTQ0NDMzMA%3D%3D&id2=0.

## BACKGROUND

5.      On July 5, 2022 (the "Petition Date"), the Voyager Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Stephen Ehrlich, Chief Executive Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 15], incorporated by reference herein.

6.      The Voyager Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 18].  On July 19, 2022, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 102] (the "Voyager UCC").

7.      Two of the FTX Debtors, Alameda Ventures, Ltd. ("Alameda Ventures") and Alameda Research Ventures LLC ("Alameda Research Ventures"), held common stock of Voyager Digital, Ltd. ("Voyager TopCo").  As of the Petition Date, Alameda Ventures was the beneficial owner of 7,723,995 shares of the common stock of Voyager TopCo and Alameda Research Ventures was the beneficial owner of 10,457,265 shares of the common stock of Voyager TopCo (collectively, the "Alameda Equity Interests").

8.      In addition to stock ownership, on June 21, 2022, Alameda Ventures entered into a loan agreement with debtor Voyager Digital Holdings, Inc. as borrower, and Voyager TopCo as guarantor (the "Alameda Loan Facility").  On October 3, 2022, Alameda Ventures filed Proofs of Claim Nos. 11206, 11209, and 11213 on the Voyager Debtors' claims register asserting certain claims against each of the Voyager Debtors for amounts it contended was due and owing under the Alameda Loan Facility (collectively, the "Alameda Loan Facility Claims").

9.      As the Court knows, in connection with these chapter 11 proceedings, the Voyager Debtors engaged in an auction process.  The FTX Debtors (then believed to be extremely solvent parties trying to "save" the cryptocurrency sector) participated in the auction. As a result of that auction process, on September 27, 2022, Voyager Digital, LLC ("Voyager OpCo") and West Realm Shires Inc. d/b/a FTX US ("West Realm Shires") executed that certain Asset Purchase Agreement (including all exhibits and schedules, the "Initial Asset Purchase Agreement") [Docket No. 472-B]. On October 20, 2022, this Court entered the *Order (I) Authorizing Entry Into the Asset Purchase Agreement and (II) Granting Related Relief* [Docket No. 581].  That same day, Voyager OpCo and West Realm Shires executed the first amendment to the Initial Asset Purchase Agreement (together with the Initial Asset Purchase Agreement, the "FTX APA") [Docket No. 582].

10.      Certain of the FTX Debtors filed for bankruptcy protection on November 11, 2022, and West Realm Shires filed on November 14, 2022, all in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"), and the FTX Debtors' bankruptcy cases are jointly administered under the caption *In re FTX Trading Ltd.*, Case No. 22-11068 (JTD) (Bankr. D. Del. Nov. 11, 2022) (the "FTX Bankruptcy"). Thereafter, on December 15, 2022, the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors in the FTX Bankruptcy (the "FTX UCC") [FTX Bankruptcy, Docket No. 231].

11.      On January 9, 2023, West Realm Shires and the Voyager Debtors entered into that certain stipulation addressing the FTX APA, which was approved by the Delaware Bankruptcy Court on January 9, 2023 [FTX Bankruptcy, Docket No. 423] and by this Court on January 10, 2023 [Docket No. 849].  The next day, the Voyager Debtors filed the Third Amended Joint Chapter 11 Plan of Voyager Digital Holdings, Inc. and its Debtor Affiliates

Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 852] (as modified, amended, or supplemented from time to time, the "Voyager Plan"). Pursuant to the Voyager Plan, the Voyager Debtors sought to equitably subordinate the Alameda Loan Facility Claims, which subordination was contested by the FTX Debtors. The hearing to consider confirmation of the Voyager Plan is scheduled for March 2, 2023 at 10:00 a.m. prevailing Eastern Time (as may be continued from time to time, the "Voyager Confirmation Hearing").

12.     On January 30, 2023, one of the FTX Debtors, Alameda Research Ltd. ("Alameda Research"), filed that certain *Complaint to Avoid and Recover Preferential Transfers* commencing the adversary proceeding captioned *In re FTX Trading Ltd.*, Adv. Pro. No. 23-50084 (JTD) (Bankr. D. Del. Jan. 30, 2023) (the "FTX Adversary Proceeding"), asserting certain preference claims against Voyager OpCo and HTC Trading Inc., which may be amended in accordance with applicable law (with the Voyager Debtors and Voyager UCC reserving their rights to object to any effort to amend) (the "Preference Claims").

**THE JOINT STIPULATION**

13.     The Voyager Debtors, the FTX Debtors, and the UCCs have engaged in arm's length discussions regarding the Alameda Loan Facility (including the asserted equitable subordination of the Alameda Loan Facility Claims), the Alameda Equity Interests, the FTX APA, the Voyager Plan, and the FTX Adversary Proceeding. The negotiations ultimately resulted in the Joint Stipulation which immediately resolves key disputes related to the Voyager Debtors' Confirmation Hearing without risk of additional, costly litigation. In the short term, the Joint Stipulation provides the Voyager Debtors with the FTX Debtors' full support for the Voyager Plan, in advance of the Voyager Confirmation Hearing. In addition, the Parties have reserved all rights on remaining disputes and agreed to a coordinated resolution framework that eliminates the risk of redundant litigation and costly fees.

14.     More specifically, the principal terms of the Joint Stipulation include:

(a)     As to the Alameda Loan Facility Claims, the FTX Debtors will, at the Voyager Debtors' election with the consent of the Voyager UCC, in their sole discretion, following written notice to counsel to the FTX Debtors and FTX UCC of such election, which written notice shall be given no later than the date that is 30 days after the Voyager Confirmation Hearing, (a) withdraw the Alameda Loan Facility Claims in their entirety, with prejudice to the FTX Debtors or any other party reasserting such claims, or (b) contribute the Alameda Loan Facility Claims to Voyager OpCo.  In addition, the Voyager Debtors shall not assert any affirmative claims against the FTX Debtors relating to or arising out of the Alameda Loan Facility.  The Voyager Debtors and Voyager UCC each retains the right to assert any and all allegations or underlying claims relating to or arising out of the Alameda Loan Facility as defenses to, or as a basis for equitable subordination of, any claims the FTX Debtors may have against the Voyager Debtors, including the Preference Claims.

(b)     As to the Alameda Equity Interests, Alameda Ventures, Alameda Research Ventures and, if applicable, any other FTX Debtor will, at the Voyager Debtors' election with the consent of the Voyager UCC, in their sole discretion, following written notice to counsel to the FTX Debtors and FTX UCC of such election, which written notice shall be given no later than the date that is 30 days after the Voyager Confirmation Hearing, (a) waive any and all recoveries to which the FTX Debtors may be entitled on account of their equity interests in Voyager TopCo, or (b) contribute their equity interests in Voyager TopCo to Voyager OpCo.

(c)     Voyager OpCo shall reserve and hold the amount of $445,000,000 in cash of U.S. Dollars (the "Reserved Amount") on account of the Preference Claims asserted by the FTX Debtors and their estates against the Voyager Debtors in the FTX Adversary Proceeding (which Preference Claims shall be capped at the Reserved Amount).  The FTX Debtors and their estates agree not to assert any affirmative claims against the Voyager Debtors, Voyager's affiliates, or current or former Voyager employees, other than the Preference Claims, except as otherwise provided in the Joint Stipulation.  Voyager OpCo's rights to dispute and challenge the Preference Claims, to challenge the classification of any potential Preference Claims, and to seek equitable subordination of any such Preference Claims, are fully preserved.

(d)     The $5,000,000 deposit provided by the FTX Debtors under the FTX APA will continue be held by the Voyager Debtors in escrow and will not be used or distributed until ownership of that deposit is litigated in the New York Bankruptcy Court and decided by settlement or a final and unappealable order, including any appeals therefrom.  In addition, the Voyager Debtors and Voyager UCC (subject to obtaining any necessary standing, with the rights of all other Parties with respect to standing expressly reserved) expressly preserve, and can affirmatively assert, any and all affirmative claims against the FTX Debtors relating to or arising out of the FTX APA (to which the FTX Debtors and their estates retain all defenses).  The FTX Debtors and their estates also expressly reserve, and can affirmatively assert, any and all affirmative claims relating to or arising out of the FTX APA (to which the Voyager Debtors and their estates retain all

defenses).   Thus, the Voyager Debtors' rights to assert affirmative claims against the FTX Debtors arising from their breach of (and/or fraudulent inducement to) the FTX APA are (again) fully preserved.

(e)      The Parties agree to participate in good faith in non-binding mediation with respect to all claims among the Parties, including whether they should be allowed, their classification, and whether they should be equitably subordinated.

(f)      The Voyager Debtors and the FTX Debtors agree not to oppose the FTX UCC's and the Voyager UCC's, respectively, intervention in all disputes between the Voyager Debtors and FTX Debtors, provided that the UCCs shall each take commercially reasonable efforts to avoid duplication of work being undertaken by the Voyager Debtors and the FTX Debtors.

(g)      The Parties agree to postpone all formal or informal discovery requests against one another, each Party's affiliates, and each Party's current or former employees related to the FTX APA, the Alameda Loan Facility (including the asserted equitable subordination of the Alameda Loan Facility Claims), the Voyager Plan, and the FTX Adversary Proceeding. All outstanding requests shall be deemed withdrawn, without prejudice.

15.      The Voyager Debtors submit that, based on the foregoing terms, approval of the Joint Stipulation will provide significant value to and is thus in the best interest of their estates.

## BASIS FOR RELIEF

16.      The Joint Stipulation represents a favorable resolution of those disputes between the Voyager Debtors and the FTX Debtors.  Bankruptcy Rule 9019(a) provides that, "after notice and a hearing, the court may approve a compromise or settlement."  Fed. R. Bankr. P. 9019(a). A settlement under Bankruptcy Rule 9019 need not result in the best possible outcome for the debtors.   Instead the settlement must not "fall below the lowest point in the range of reasonableness." *In re Drexel Burnham Lambert Grp., Inc.*, 134 B.R. 493, 595 (Bankr. S.D.N.Y. 1991).  In determining the range of reasonableness, the bankruptcy court need not decide issues of law and fact raised by the settlement. *See Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983) (citing *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)).  In other words, the Court does not need to conduct a "mini-trial" of the underlying facts and merits; it

needs only to evaluate those facts that are necessary to allow it to assess the settlement and to make an independent judgment about the settlement. *See In re Charter Commc'ns*, 419 B.R. 221, 252 (Bankr. S.D.N.Y. 2009) ("The standard does not require that the settlement be the best the debtor could have obtained nor does it require the court to conduct a mini-trial of the questions of law and fact.").

17.     Ultimately, the decision to accept or reject a compromise or settlement is within the sound discretion of the bankruptcy court. *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994) ("Although a judge must consider the fairness of the settlement to the estate and its creditors, the judge is not required to assess the minutia of each and every claim."); *Drexel Burnham*, 134 B.R. at 505; *see also Abeles v. Infotechnology (In re Infotechnology)*, 1995 U.S. App. LEXIS 39883, at *4–5 (2d Cir. Nov. 9, 1995) (noting that in determining whether to approve a debtor's motion to settle a controversy, a court does not substitute its judgment for that of the debtor).

18.     A court should exercise its discretion in favor of a settlement wherever possible, as settlements are generally favored in bankruptcy. *In re Adelphia Commc'ns Corp.*, 368 B.R. 140, 226 (Bankr. S.D.N.Y. 2007) ("As a general matter, settlements or compromises are favored in bankruptcy and, in fact, encouraged."); *see also In re Hibbard Brown & Co.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998) ("The decision to grant or deny a settlement or compromise lies squarely within the discretion of the bankruptcy court [and such] discretion should be exercised in light of the general public policy favoring settlements.") (citing *Nellis v. Shugrue*, 165 B.R. 115, 121 (S.D.N.Y. 1994); *In re Michael Milken & Assocs. Secs. Litig.*, 150 F.R.D. 46, 53 (S.D.N.Y. 1993) (noting the paramount public policy for settlements)).[4]

---

[4]     Further, under Section 105(a) of the Bankruptcy Code, the Bankruptcy Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." Authorizing

19.    In determining whether to approve a settlement as fair and equitable under Bankruptcy Rule 9019, courts in the Second Circuit consider what is often referred to as the "*Iridium*" factors:    (a) the balance between the litigation's possibility of success and the settlement's future benefits; (b) the likelihood of complex and protracted litigation, with its attendant expense, inconveniences, and delay; (c) the paramount interest of the creditors; (d) whether other parties in interest affirmatively support the proposed settlement; (e) the nature and breadth of releases to be obtained by officers and directors; (f) whether the competency and experience of counsel support the settlement; and (g) the extent to which the settlement is the product of arm's-length bargaining.  *See In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007); *see also Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 292 (2d Cir. 1992); *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 428 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994).

20.    The Joint Stipulation represents a fair and equitable compromise between the Parties, falls well within the range of reasonableness, and satisfies each of the applicable *Iridium* factors.[5]  More specifically, with respect to the first *Iridium* factor, while the Voyager Debtors believe the Court would ultimately rule in their favor on the equitable subordination of the Alameda Loan Facility Claims, Alameda Research Ventures', or any other FTX Debtor's, continued pursuit of these claims would consume significant estate resources at this critical juncture.  In contrast, the Joint Stipulation resolves the Alameda Loan Facility Claims and the Alameda Equity Interests in favor of the Voyager Debtors and ahead of the Voyager

---

the Debtors to proceed with the Joint Stipulation falls squarely within the spirit of Bankruptcy Rule 9019 as well as the Bankruptcy Code's predilection for compromise.  Thus, to the extent necessary, Section 105(a) relief is appropriate in this instance and would best harmonize the settlement processes contemplated by the Bankruptcy Code.

[5]    The Joint Stipulation does not implicate the fifth *Iridium* factor, the nature and breadth of the releases to be obtained by the officers and directors.

Confirmation Hearing.  Time is of the essence in these chapter 11 cases, and it is crucial that the Voyager Debtors avoid the costs and delays associated with litigation.  This result also provides provides certainty to the Voyager Debtors' creditors and adds the FTX Debtors to the list of parties supporting the Voyager Plan, without what would otherwise be wasteful litigation.

21.    With respect to the second *Iridium* factor, in resolving certain claims by and among the Voyager Debtors and the FTX Debtors, the Joint Stipulation also establishes a framework to resolve the Parties' remaining disputes.  The agreed upon process will avoid duplicative litigation across two bankruptcy proceedings and allow for the orderly and consistent resolution of disputes.  Engaging in a single dispute resolution process will provide significant value to the Voyager Debtors' estates and by extension creditors.

22.    With respect to the third *Iridium* factor, the Joint Stipulation benefits each of the Voyager Debtors' stakeholders by maximizing value to the Voyager Debtors' estates and resolving key issues that impact creditor recoveries.  The costs associated with litigation would drain the Voyager Debtors' estates and further delay creditor recoveries.

23.    The Voyager Debtors would obviously prefer to make larger distributions to creditors now, and not hold back the $445 million pending resolution of the Preference Claims. But as a practical matter, given that litigation over the Preference Claims has not yet begun and (absent a settlement) will not be completed before the anticipated Effective Date of Voyager's proposed Plan of Reorganization, the Voyager Debtors concluded that this Court was likely to require them to hold the potential exposure back in order to confirm their Plan anyway.  With that in mind, the Joint Stipulation is all upside for the Voyager Debtors; it defines the sum of the Reserve and caps the Voyager Debtors' recovery for the Preference Claims.  It provides the Voyager Debtors with optionality for treatment of the proceeds from the now resolved Alameda Loan Facility Claims and the Alameda Equity Interests.    It eliminates an obstacle to

confirmation. And now the Debtors can pursue the solution that, in connection with resolution of intercompany disputes, maximizes value and minimizes expense. For these reasons the Joint Stipulation represents a fair and consensual resolution and is therefore in the best interest of each of the Voyager Debtors' stakeholders.

24.    Further, with respect to the sixth and seventh *Iridium* factors, the Joint Stipulation is the product of arm's-length bargaining between independent parties represented by independent, competent counsel, including both the Voyager UCC and the FTX UCC. The Parties engaged in fair and thorough arm's-length negotiations, culminating into the terms proposed in the Joint Stipulation

25.    Thus, the terms of the Joint Stipulation satisfy the Bankruptcy Rule 9019 factors applied in this jurisdiction and the Voyager Debtors respectfully request that the Court approve the Joint Stipulation and authorize each of the Parties to perform thereunder.

## WAIVER OF BANKRUPTCY RULE 6004(A) AND 6004(H)

26.    To implement the foregoing successfully, the Voyager Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Voyager Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## RESERVATION OF RIGHTS

27.    Except as otherwise set forth in the Joint Stipulation, each Party reserves any and all rights, claims, and defenses against the other Party with respect to the subject matters of this Stipulation. Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as a waiver of the rights and reservations set forth in the Joint Stipulation.

## MOTION PRACTICE

28.     This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion.    Accordingly, the Voyager Debtors submit that this Motion satisfies Local Rule 9013-1(a).

## NOTICE

29.     The Voyager Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable:  (a) the U.S. Trustee; (b) the FTX Debtors; (c) the UCCs; (d) the United States Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service; (f) the Toronto Stock Exchange; (g) the attorneys general in the states where the Voyager Debtors conduct their business operations; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Voyager Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

30.     On February 22, 2023, the Voyager Debtors filed the Joint Stipulation seeking approval from the Court [Docket No. 1048]. At the Court's direction, the Voyager Debtors now file this Motion setting forth the legal support for the relief sought in the Joint Stipulation.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Voyager Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: February 28, 2023      */s/ Joshua A. Sussberg*
New York, New York

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    jsussberg@kirkland.com
        cmarcus@kirkland.com
        christine.okike@kirkland.com
        allyson.smith@kirkland.com

*Counsel to the Voyager Debtors and Debtors in Possession*

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | Case No. 22-10943 (MEW) |
| Debtors. | (Jointly Administered) |

### ORDER APPROVING THE JOINT STIPULATION

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Voyager Debtors") for entry of an order (this "Order") approving the Joint Stipulation, annexed hereto as **Exhibit 1** by and among (i) the Voyager Debtors, (ii) FTX Trading Ltd. and its affiliated debtors and debtors-in-possession in the chapter 11 cases being jointly administered under the caption *In re FTX Trading Ltd.*, Case No. 22-11068 (JTD) (Bankr. D. Del.), including but not limited to Alameda Ventures Ltd., Alameda Research Ventures Ltd., West Realm Shires Inc. d/b/a FTX US, and Alameda Research Ltd. (collectively and with their affiliates the "FTX Debtors"),[3] and (iii) the respective Official Committees of Unsecured Creditors appointed in the chapter 11 cases of the Voyager Debtors and the FTX Debtors (the "UCCs"), respectively and each a "Party" and collectively, the "Parties."; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital, Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

[3]    A complete list of the FTX Debtors is available at https://restructuring.ra.kroll.com/FTX/Home-DownloadPDF?id1=MTQ0NDMzMA%3D%3D&id2=0.

*Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Voyager Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Voyager Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.       The Motion is granted as set forth herein.

2.       Pursuant to Bankruptcy Rule 9019, the Parties are authorized to enter into and perform under the Joint Stipulation, and perform, execute, and deliver all documents, and take all actions, necessary to immediately continue and fully implement the Joint Stipulation in accordance with the terms, conditions, and agreements set forth or provided for therein, all of which are approved.

3.       The notice requirements under Bankruptcy Rule 6004(a) are hereby waived.

4.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

5.      The Voyager Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

6.      This Order shall bind the Parties, their estates and any successors or assigns, including without limitation any trustee, liquidating trustee, or other estate representative.

7.      The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2023

_____
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT 1

**The Joint Stipulation**

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**JOINT STIPULATION AND AGREED ORDER**
**BETWEEN THE VOYAGER DEBTORS, THE FTX DEBTORS, AND THEIR**
**RESPECTIVE OFFICIAL COMMITTEES OF UNSECURED CREDITORS**

This *Stipulation and Agreed Order* ("Stipulation") is being entered into between (i) the

above-captioned debtors and debtors in possession (collectively, the "Voyager Debtors"), (ii) FTX

Trading Ltd. and its affiliated debtors and debtors-in-possession in the chapter 11 cases being

jointly administered under the caption *In re FTX Trading Ltd.*, Case No. 22-11068 (JTD) (Bankr.

D. Del.), including but not limited to Alameda Ventures Ltd., Alameda Research Ventures Ltd.,

West Realm Shires Inc. dba FTX US, and Alameda Research Ltd. (collectively with their affiliates

the "FTX Debtors"),[2] and (iii) the respective Official Committees of Unsecured Creditors

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013).  The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2]    A   complete   list   of   the   FTX   Debtors   is   available   at   https://restructuring.ra.kroll.com/FTX/Home-
(Continued)

appointed in the chapter 11 cases of the Voyager Debtors and the FTX Debtors (the "UCCs").  The

Voyager Debtors, FTX Debtors, and UCCs are each a "Party" and collectively, the "Parties."

## RECITALS

**WHEREAS**, on June 21, 2022, Voyager Digital Holdings, Inc., as borrower, and Voyager

Digital, Ltd. ("Voyager TopCo"), as guarantor, entered into a Loan Agreement with Alameda

Ventures, Ltd. ("Alameda Ventures," and the loan facility pursuant to the Loan Agreement, the

"Alameda Loan Facility");

**WHEREAS**, on July 5, 2022 (the "Petition Date"), each Voyager Debtor filed a voluntary

petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code")

in the United States Bankruptcy Court for the Southern District of New York (the "New York

Bankruptcy Court");

**WHEREAS**, as of the Petition Date, Alameda Ventures was the beneficial owner of

7,723,995 shares of the common stock of Voyager TopCo and Alameda Research Ventures LLC

("Alameda Research Ventures") was the beneficial owner of 10,457,265 shares of the common

stock of Voyager TopCo;

**WHEREAS**, on July 19, 2022, the Office of the United States Trustee appointed the

Official Committee of Unsecured Creditors in the Voyager Debtors' chapter 11 cases (the

"Voyager UCC") [Docket No. 106];

**WHEREAS**, on September 27, 2022, Voyager Digital, LLC ("Voyager OpCo") and West

Realm Shires Inc. d/b/a FTX US ("West Realm Shires") executed that certain Asset Purchase

---

DownloadPDF?id1=MTQ0NDMzMA%3D%3D&id2=0.

2

Agreement (including all exhibits and schedules, the "Initial Asset Purchase Agreement") [Docket No. 472-B];

WHEREAS, on October 3, 2022, Alameda Ventures filed Proofs of Claim Nos. 11206, 11209, and 11213 on the Voyager Debtors' claims register asserting certain claims against each of the Voyager Debtors for amounts it contended was due and owing under the Alameda Loan Facility (collectively, the "Alameda Loan Facility Claims");

WHEREAS, on October 20, 2022, the New York Bankruptcy Court entered the *Order (I) Authorizing Entry Into the Asset Purchase Agreement and (II) Granting Related Relief* [Docket No. 581];

WHEREAS, on October 20, 2022, Voyager OpCo and West Realm Shires executed the first amendment to the Initial Asset Purchase Agreement (together with the Initial Asset Purchase Agreement, the "FTX APA") [Docket No. 582];

WHEREAS, on November 11 and 14, 2022,[3] the FTX Debtors, including Alameda Ventures and West Realm Shires, filed petitions for voluntary relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"), which cases are jointly administered under the caption *In re FTX Trading Ltd.*, Case No. 22-11068 (JTD) (Bankr. D. Del. Nov. 11, 2022) (the "FTX Bankruptcy");

WHEREAS, on December 15, 2022, the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors in the FTX Bankruptcy (the "FTX UCC") [FTX Bankruptcy, Docket No. 231];

---

[3]    The petition date applicable to the FTX Debtors is November 11, 2022 except for West Realm Shires, Inc.

**WHEREAS**, on January 9, 2023, West Realm Shires and the Voyager Debtors entered into that certain stipulation addressing the FTX APA (the "FTX APA Stipulation"), which was approved by the Delaware Bankruptcy Court on January 9, 2023 [FTX Bankruptcy, Docket No. 423] and by the New York Bankruptcy Court on January 10, 2023 [Docket No. 849];

**WHEREAS**, on January 10, 2023, the Voyager Debtors filed the *Third Amended Joint Chapter 11 Plan of Voyager Digital Holdings, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 852] (as modified, amended, or supplemented from time to time, the "Voyager Plan");

**WHEREAS**, on January 30, 2023, Alameda Research Ltd. ("Alameda Research") filed that certain *Complaint to Avoid and Recover Preferential Transfers* commencing the adversary proceeding captioned *In re FTX Trading Ltd.*, Adv. Pro. No. 23-50084 (JTD) (Bankr. D. Del. Jan. 30, 2023) (the "FTX Adversary Proceeding"), asserting certain preference claims against Voyager OpCo and HTC Trading Inc., which may be amended in accordance with applicable law (with the Voyager Debtors and Voyager UCC reserving their rights to object to any effort to amend) (the "Preference Claims");

**WHEREAS**, the hearing to consider confirmation of the Voyager Plan is scheduled for March 2, 2023 at 10:00 a.m. prevailing Eastern Time (as may be continued from time to time, the "Voyager Confirmation Hearing"); and

**WHEREAS**, the Voyager Debtors, the FTX Debtors, and the UCCs have engaged in arm's length discussions regarding the FTX APA, the Alameda Loan Facility (including the asserted equitable subordination of the Alameda Loan Facility Claims), the Voyager Plan, and the FTX Adversary Proceeding.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the undersigned counsel for the Parties, and the New York Bankruptcy Court adopts such joint stipulation and **ORDERS** as follows:

1. **Alameda Loan Facility Claims.** The FTX Debtors will, at the Voyager Debtors' election with the consent of the Voyager UCC, in their sole discretion, following written notice to counsel to the FTX Debtors and FTX UCC of such election, which written notice shall be given no later than the date that is 30 days after the Voyager Confirmation Hearing, (a) withdraw the Alameda Loan Facility Claims in their entirety, with prejudice to the FTX Debtors or any other party reasserting such claims, or (b) contribute the Alameda Loan Facility Claims to Voyager OpCo. In addition, the Voyager Debtors shall not assert any affirmative claims against the FTX Debtors relating to or arising out of the Alameda Loan Facility. For the avoidance of doubt, however, the Voyager Debtors and Voyager UCC retains the right to assert any and all allegations or underlying claims relating to or arising out of the Alameda Loan Facility as defenses to, or as a basis for equitable subordination of, any claims the FTX Debtors may have against the Voyager Debtors, including the Preference Claims.

2. **Equity claims.** Alameda Ventures, Alameda Research Ventures and, if applicable, any other FTX Debtor will, at the Voyager Debtors' election with the consent of the Voyager UCC, in their sole discretion, following written notice to counsel to the FTX Debtors and FTX UCC of such election, which written notice shall be given no later than the date that is 30 days after the Voyager Confirmation Hearing, (a) waive any and all recoveries to which the FTX Debtors may be entitled on account of their equity interests in Voyager TopCo, or (b) contribute their equity interests in Voyager TopCo to Voyager OpCo.

3.      **Voyager Reserve and FTX Debtors' Affirmative Claims.**  Voyager OpCo shall

reserve and hold the amount of $445,000,000 in cash of U.S. Dollars (the "Reserved Amount") on

account of the Preference Claims asserted by the FTX Debtors[4] and their estates against the

Voyager Debtors in the FTX Adversary Proceeding (which Preference Claims shall be capped at

the Reserved Amount), subject to all defenses and counterclaims thereto, until the final resolution

of the Preference Claims by settlement or a final and unappealable order of the Delaware

Bankruptcy Court, including any appeals therefrom.  The FTX Debtors and their estates agree not

to assert any affirmative claims against the Voyager Debtors, Voyager affiliates, or current or

former Voyager employees, other than the Preference Claims, in any forum, except (a) as defenses

to any claim brought by or on behalf of the Voyager Debtors or the Voyager UCC (or their

successors and assigns) against them or (b) as described in paragraph 4 below.

4.      **FTX APA Claims.** The $5,000,000 deposit provided by the FTX Debtors under

the FTX APA will continue be held by the Voyager Debtors in escrow and will not be used or

distributed until ownership of that deposit is litigated in the New York Bankruptcy Court and

decided by settlement or a final and unappealable order, including any appeals therefrom.  In

addition, the Voyager Debtors and Voyager UCC (subject to obtaining any necessary standing,

with the rights of all other Parties with respect to standing expressly reserved) expressly preserve,

and can affirmatively assert, any and all affirmative claims against the FTX Debtors relating to or

arising out of the FTX APA (to which the FTX Debtors and their estates retain all defenses).  The

---

[4]     For the avoidance of doubt, if the Preference Claims are determined to be valid, the Parties agree that the Voyager
Debtors may assert a claim under Section 502(h) of the Bankruptcy Code against the FTX Debtors. The Parties
further agree that, if the Preference Claims constitute allowed unsecured claims against any Voyager Debtor, the
Voyager Debtors may satisfy their obligations under Section 502(b) of the Bankruptcy Code by making a
distribution consistent with the Voyager Plan, as proposed as of the date hereof, on account of such allowed
claims.

FTX Debtors and their estates also expressly reserve, and can affirmatively assert, any and all affirmative claims relating to or arising out of the FTX APA (to which the Voyager Debtors and their estates retain all defenses).

5.    **Non-Binding Mediation.**  The Parties agree to participate in good faith in non-binding mediation with respect to all claims among the Parties, including whether they should be allowed, their classification, and whether they should be equitably subordinated.  The Parties shall engage in good faith to agree on a mediator within 7 days of the execution of this Stipulation and, if they cannot do so, the Voyager Debtors and Voyager UCC shall jointly propose two mediators and the FTX Debtors and FTX UCC shall jointly propose two mediators in camera to the New York Bankruptcy Court and the Parties shall jointly ask the New York Bankruptcy Court to select a mediator from among those four options. The Parties agree that all mediation fees shall be divided evenly between the FTX Debtors and the Voyager Debtors.

6.    **Intervention.**  The Voyager Debtors and the FTX Debtors agree not to oppose the FTX UCC's and the Voyager UCC's, respectively, intervention in all disputes between the Voyager Debtors and FTX Debtors, provided that the UCCs shall each take commercially reasonable efforts to avoid duplication of work being undertaken by the Voyager Debtors and the FTX Debtors.

7.    **Discovery.**  The Parties agree to postpone all formal or informal discovery requests against one another, each Party's affiliates, and each Party's current or former employees related to the FTX APA, the Alameda Loan Facility (including the asserted equitable subordination of the Alameda Loan Facility Claims), the Voyager Plan, and the FTX Adversary Proceeding.  Any discovery requests that are outstanding as of the Parties' execution of this Stipulation shall be deemed withdrawn, without prejudice.  The Parties agree that they will not serve formal or

7

informal discovery requests until at least one full day of in-person mediation has occurred and that any such discovery requests shall be consistent with the litigation schedules agreed to in writing by the Parties, as applicable, in accordance with paragraph 9 hereof.  The Parties will meet and confer in good faith with the assistance of the mediator concerning any limited mutual requests for information in connection with the mediation.

8.    **Agreements With Respect To Alleged Preference Claims.**  The Parties agree that the Preference Claims shall be adjudicated in the FTX Adversary Proceeding in the Delaware Bankruptcy Court.  The Parties agree that the Preference Claims, to the extent determined in a final and unappealable order from the Delaware Bankruptcy Court, including any appeals therefrom, will be allowed by a joint stipulation between the Voyager Debtors and FTX Debtors in the New York Bankruptcy Court, *provided* that (a) if the Preference Claims are deemed to be valid by a final and unappealable order from the Delaware Bankruptcy Court, including any appeals therefrom, the administrative or general unsecured status of such claims will be decided in the New York Bankruptcy Court; and (b) each Party reserves all rights with respect to any claim of equitable subordination with respect to the Preference Claims.  The Parties agree that the Voyager Debtors and the Voyager UCC, in their sole discretion, may elect to initiate proceedings (which shall not be duplicative of each other) in the New York Bankruptcy Court to classify and/or equitably subordinate the Preference Claims while the Preference Claims are being litigated in the Delaware Bankruptcy Court, *provided* that the Parties' rights with respect to the proper venue for litigation of any claim of equitable subordination are expressly preserved.

9.    **Litigation Schedules.**  In the event all issues relating to the Preference Claims are not resolved through the mediation described in paragraph 5 above, the Parties shall negotiate and in good faith agree to an expedited litigation schedule in the Delaware Bankruptcy Court with

respect to the Preference Claims and any counterclaims thereto, provided that such expedited litigation schedule shall allow for sufficient time for the Parties to conduct discovery post-mediation. Should the Voyager Debtors or Voyager UCC, in their sole discretion, elect to initiate proceedings in the New York Bankruptcy Court to classify and/or equitably subordinate the Preference Claims while the Preference Claims are being litigated in the Delaware Bankruptcy Court, the Parties shall negotiate and in good faith agree to an expedited litigation schedule for the litigation of such matters, provided that such expedited litigation schedule shall allow for sufficient time for the Parties to conduct discovery post-mediation.

10. **Voyager Plan.** The FTX Debtors agree not to object to confirmation of the Voyager Plan so long as it is consistent in all applicable respects with this Stipulation.

11. **Reservation of Rights.** Except as otherwise set forth in this Stipulation, each Party reserves any and all rights, claims, and defenses against the other Party with respect to the subject matters of this Stipulation.

12. **Cooperation.** Each Party shall cooperate with each other Party and take such actions as are reasonably necessary to obtain approval of this Stipulation by the New York Bankruptcy Court and the Delaware Bankruptcy Court and entry of approval orders, and to effectuate their terms.

13. **Effectiveness.** This Stipulation shall become effective upon entry of an order of the New York Bankruptcy Court and the Delaware Bankruptcy Court.

**AGREED BY**:

February 22, 2023

/s/ Joshua A. Sussberg

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900
Email:            jsussberg@kirkland.com
                      cmarcus@kirkland.com
                      christine.okike@kirkland.com
                      allyson.smith@kirkland.com

Michael B. Slade
Richard U.S. Howell
Ravi S. Shankar
300 N. LaSalle
Chicago, Illinois  60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200
Email:            mslade@kirkland.com
                      rhowell@kirkland.com
                      rshankar@kirkland.com

*Counsel to the Debtors and Debtors in Possession*

*/s/ Andrew G. Dietderich*

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich
Brian D. Glueckstein
Benjamin S. Beller
125 Broad Street
New York, NY 10004
Telephone:    212-558-4000
Email:        dietdericha@sullcrom.com
              gluecksseinb@sullcrom.com
              bellerb@sullcrom.com

*Counsel for the FTX Debtors*

*/s/ Darren Azman*

**MCDERMOTT WILL & EMERY LLP**
Darren Azman
Joseph B. Evans
One Vanderbilt Avenue
New York, NY
Telephone:     (212) 547-5400
Facsimile:     (212) 547-5444
Email:         dazman@mwe.com
               jbevans@mwe.com

*Counsel for the Voyager Official Committee of Unsecured Creditors*

*/s/ Robert F. Poppiti, Jr*

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Matthew B. Lunn
Robert F. Poppiti, Jr.
1270 Avenue of the Americas, Suite 2210
New York, NY 10020
Telephone:     (212) 332-8840
Facsimile:     (212) 332-8855
Email:         mlunn@ycst.com
               rpoppiti@ycst.com

*Counsel for the FTX Official Committee of Unsecured Creditors*

**SO ORDERED**:

New York, New York
Date: _____, 2023

_____
THE HONORABLE P. MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE