UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**AMENDED ORDER GRANTING DEBTORS'
OMNIBUS OBJECTION TO THE VOTING AMOUNT
ASSOCIATED WITH CERTAIN DISPUTED ACCOUNT HOLDER CLAIMS**

Upon the objection (the "Objection")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") reducing and allowing or disallowing, as applicable, each of the Disputed Claims ***solely*** for the purpose of voting to accept or reject the Plan (and no other purpose), in accordance with the treatment for each Disputed Claim on **Exhibit 1** to this Order, all as more fully set forth in the Objection; and upon the Renzi Declaration filed in support of the Objection; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2022; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Objection and opportunity for a hearing on the Objection were appropriate

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital, Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Objection.

under the circumstances and no other notice need be provided; and this Court having reviewed the Objection and having heard the statements in support of the relief requested therein at a hearing before this Court on February 23, 2023; and the Debtors having resolved most issues that had been raised by account holders and those resolutions being reflected in the attachments to the Order; and a remaining issue as to Mr. Ferreira having been resolved at a hearing on February 24, 2024 in the manner reflected in the attachment to the order and for the reasons stated on the record at the February 24, 2023 hearing; and this Court having determined that the legal and factual bases set forth in the Objection and at the Hearing, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Objection is granted as set forth herein solely as it pertains to the Debtors' objection to the Disputed Claims for voting purposes.

2. Pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 3018, the Disclosure Statement Order, and the Solicitation and Voting Procedures, each Disputed Claim identified on **Exhibit 1** hereto is reduced and allowed, or disallowed, as applicable, *solely* for the purpose of voting to accept or reject the Plan consistent with the treatment for each Disputed Claim as set forth on **Exhibit 1** hereto. All other rights of each Claimant and the Debtors, including related to allowance, treatment, and classification under the Plan are reserved.

3. A hearing to consider the relief requested in the Merit Objection Order, attached as Exhibit B to the Objection, shall be conducted on March 23, 2023 at 11:00 a.m. (prevailing Eastern Time).

4. All objections to the relief requested in the Merit Objection Order shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules

1

for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served in accordance with the *Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 240] by **March 16, 2023, at 4:00 p.m., prevailing Eastern Time**, on (i) the entities on the Master Service List available on the case website of the Debtors at https://cases.stretto.com/voyager and (ii) any person or entity with a particularized interest in the subject matter of the Objection.

5. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of any party's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Objection or any order granting the relief requested by this Order as related to the Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Objection.

7. Notice of the Objection as provided therein, shall be deemed good and sufficient notice of the Objection, and the requirements set forth in rule 9013-1(b) of the Local Rules are satisfied.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: February 28, 2023

                                                      s/Michael E. Wiles
                                                    THE HONORABLE MICHAEL E. WILES
                                                    UNITED STATES BANKRUPTCY JUDGE