

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

March 2, 2023

**BY ECF**
Hon. Michael E. Wiles
United States Bankruptcy Judge
United States Bankruptcy Court
One Bowling Green
New York, New York  10004

   Re:  *In re Voyager Digital Holdings, Inc. et al.*, 22 Civ. 10943 (MEW)

Dear Judge Wiles:

   This Office's only involvement in this case to date has been the filing of a notice on behalf of the Committee on Foreign Investment in the United States on December 30, 2022. ECF No. 797.  We learned yesterday evening that the Debtors have, in the most recent proposed order to approve the proposed Chapter 11 plan filed with the Court early this morning, ECF No. 1130, added two objectionable provisions that purport to limit the authority of the United States and the States to enforce the law as to what the proposed plan describes as the "Restructuring Transactions."  We immediately asked the Debtors to remove this language, but they refused.  As explained below, these provisions must be stricken by the Court from the final order, if the proposed plan is confirmed.

   Specifically, Paragraphs 142 and 143 of the latest proposed order include the following language that was not (as far as the undersigned is able to tell) part of previous proposed orders:

   142. . . . *provided*, further, that the United States, the States, and their agencies may not, and will not, allege that the Restructuring Transactions are a violation of any rules or regulations enforced by the United States, the States or any of their agencies, nor will they bring any claim against any Person on account of or relating to the Restructuring Transactions.

   143. . . . *provided*, further, that no Governmental Unit will allege that the Restructuring Transactions are a violation of any rules or regulations enforced by the United States, the States or any of their agencies, nor will they bring any claim against any Person on account of or relating to the Restructuring Transactions . . .

ECF No. 1130, at PDF pages 69-70.

   This Office has no current understanding of the Restructuring Transactions or what they may entail, and has no current knowledge as to what federal laws or rules may be relevant to those transactions.  But it is improper for Debtors to seek a court order—especially on inadequate notice—prospectively immunizing a series of transactions from

the entire body of federal and state law.  This breathtaking release seeking to immunize an unknowable number of "Person[s]," in addition to the Debtors, from any and all liability, including all areas of law enforcement including criminal or civil fraud, securities, environmental, tax, and others, for conduct associated with transactions that may not have even occurred yet, is blatantly illegal.  *See In re Purdue Pharma, L.P.*, 635 B.R. 26, 91-115 (S.D.N.Y. 2021) (bankruptcy court cannot nonconsensually release third-parties from liability), *on appeal*, Nos. 22-110 *et al.* (2d Cir.).  To the extent the Court would entertain Debtors' proposal in this regard, which it should not, we respectfully request an opportunity to submit a full brief and to be heard on this issue.

The United States therefore respectfully requests that the Court strike this objectionable language from any final order approving Debtors' plan (assuming it is confirmed), and permit the undersigned to participate telephonically in tomorrow's continued confirmation hearing should oral argument on this point be necessary.

I thank the Court for its consideration of this request.

Respectfully,

DAMIAN WILLIAMS
United States Attorney

By:     s/ Jean-David Barnea
JEAN-DAVID BARNEA
Assistant United States Attorney
Telephone:  (212) 637-2679
Email: Jean-David.Barnea@usdoj.gov

cc:    Counsel for all parties (by ECF)