

UNITED STATES OF AMERICA
**FEDERAL TRADE COMMISSION**
WASHINGTON, D.C. 20580

Bureau of Consumer Protection
　Division of Enforcement

March 3, 2023

**BY ECF**
Hon. Michael E. Wiles
United States Bankruptcy Judge
United States Bankruptcy Court
One Bowling Green
New York, New York 10004

**RE: In re Voyager Digital Holdings, Inc. et al., 22 Civ. 10943 (MEW)**

Dear Judge Wiles:

The Federal Trade Commission ("FTC") filed its objection (ECF No. 1042) to the approval of the Debtors' plan and disclosure statement (ECF No. 863) based on the scope of the releases and injunctions contained therein that would effectively provide Debtors a discharge and non-debtors a non-consensual release and injunction. Debtors and the FTC negotiated certain carve-out language intended to address the FTC's objection. Such language was presented to the Court in the proposed confirmation order, ECF No. 1120, as follows:

> 141. **Governmental Units.** Nothing in this Confirmation Order or the Plan shall effect a release of any claim by the United States or any of its agencies arising under the Internal Revenue Code, the environmental laws or any civil or criminal laws of the United States, or under any rules or regulations enforced by the United States or any of its agencies against the Released Parties, nor shall anything in the Confirmation Order or the Plan enjoin the United States from bringing any claim, suit, action or other proceedings against the Released Parties for any liability for any claim, suit or action arising under the Internal Revenue Code, the environmental laws or any civil or criminal laws of the United States, or under any rules or regulations enforced by the United States or any of its agencies, nor shall anything in the Confirmation Order or the Plan exculpate any such party from any liability to the United States or any of its agencies, arising under the Internal Revenue Code, the environmental laws or any civil or criminal laws of the United States, or under any rules or regulations enforced by the United States or any of its agencies; *provided*, however, that nothing in this Confirmation Order or the Plan shall modify in any respect the relief previously granted in the Bar Date Order and thus no person or entity, including the United States or any of its agencies, can seek or receive a direct or indirect distribution of any property of the Debtors' estates unless they filed a Proof of Claim prior to the Governmental Bar Date.

("Carve-Out Language").

Immediately preceding the March 2, 2023, hearing, Debtors added an additional paragraph with the following language in a revised confirmation order at ECF No. 1130:

> 143.    Nothing in this Confirmation Order, the Disclosure Statement, the Plan, or the Asset Purchase Agreement releases, precludes, or enjoins: (i) any liability to any governmental unit as defined in 11 U.S.C. § 101(27) ("Governmental Unit") that is not a "claim" as defined in 11 U.S.C. § 101(5) ("Claim"); (ii) any Claim of a Governmental Unit arising on or after the Effective Date; or **(iii) any liability to a Governmental Unit on the part of any non-Debtor (except to the extent set forth in paragraphs 97 and 99 herein)**; provided, however, that nothing in this Confirmation Order or the Plan shall modify in any respect the relief previously granted in the Bar Date Order; provided, further, that no Governmental Unit will allege that the Restructuring Transactions are a violation of any rules or regulations enforced by the United States, the States or any of their agencies, nor will they bring any claim against any Person on account of or relating to the Restructuring Transactions. Nothing in this Confirmation Order, the Disclosure Statement, the Plan, or the Asset Purchase Agreement authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization, or (e) approval, without compliance with all applicable legal requirements., Debtors informed the FTC that it would be amending the language to incorporate two additional Paragraphs from the Confirmation Order into the carve-out language.

(ECF No. 1130 ¶ 143 [emphasis added].)  The FTC does not agree that incorporating Paragraphs 97 and 99 is consistent with the order approving the Asset Purchase Agreement ("APA") (ECF No. 860) or the negotiated Carve-Out Language.  Specifically, the Order approving the APA provided that the agreement would not affect liability to governmental units:

> 16. Nothing in this Order or the Binance US Purchase Agreement releases, impairs or otherwise precludes: (i) any liability to any governmental unit as defined in 11 U.S.C. § 101(27) ("Governmental Unit") that is not a "claim" within the meaning section 101(5) of the Bankruptcy Code; (ii) any claim of any Governmental Unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the date of the closing of the Sale; or (iii) any liability to a Governmental Unit on the part of any Person other than the Debtors. Nor shall anything in this Order or Binance US Purchase Agreement enjoin or otherwise bar a Governmental Unit from asserting or enforcing any liability described in the preceding sentence. Notwithstanding anything to the contrary, nothing in this paragraph 14 shall be construed as a determination as to any liability or claim owing to a Governmental Unit or whether any Governmental Unit is subject to the automatic stay under section 362 of the Bankruptcy Code or limits, lifts or otherwise modifies the automatic stay under section 362 of the Bankruptcy Code.

> 17. Further, nothing in this Order or the Binance US Purchase Agreement authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law.  Nothing in this Order or the Binance US Purchase Agreement shall

relieve any entity from any otherwise applicable obligation to address or comply with information requests or inquiries from any Governmental Unit. Nothing in this Order or the Binance US Purchase Agreement shall affect any valid setoff or recoupment rights of any Governmental Unit. Nothing in this Order or the Binance US Purchase Agreement divests any state tribunal of any otherwise applicable jurisdiction it may have under police or regulatory law. Nothing in this Order or the Binance US Purchase Agreement shall be construed as a determination of whether the automatic stay applies to this paragraph 14 or limits, lifts or otherwise modifies the automatic stay under section 362 of the Bankruptcy Code.

(ECF No. 860 ¶¶ 16-17.) In comparison, Paragraphs 97 and 99 grant the Purchaser broad exclusion from liability for, *inter alia*, governmental unit claims and interests, and causes of action, including possible future injunctive relief. (*See* ECF No. 1130 ¶¶ 97, 99). For instance, such broad language could enjoin the FTC from seeking to enforce a Civil Investigative Demand (CID) against the Purchaser for records related to Debtors' customer accounts. *See, e.g.*, ECF No. 1130 ¶ 99 (enjoining, *inter alia*, governmental entities from "(a) commencing or continuing in any manner any action or other proceeding against the Purchaser and each of its affiliates, successors, assets or properties; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Purchaser and each of its affiliates, successors, assets, or properties" for any claims or interests against the Acquired Assets, which includes account holder information). Debtors further informed the FTC, among others, by email dated March 3, 2023, that it would also incorporate Paragraphs 97 and 99 into the Carve-Out Language negotiated with the FTC as follows:

> **Except as set forth in paragraphs 97 and 99 of the Confirmation Order**, nothing in this Confirmation Order or the Plan shall effect a release by the United States or any of its agencies…

(emphasis added for clarification). The FTC objects to the further revision of the Carve-Out Language, and the incorporation of Paragraphs 97 and 99 to the proposed carve-outs from governmental unit liabilities and obligations. Therefore, the FTC stands on its objection.

/s/ Katherine Johnson
Katherine Johnson (admitted *pro hac vice*)
FEDERAL TRADE COMMISSION
600 Pennsylvania Ave., NW
Mail Stop CC-9528
Washington, DC  20580
(202) 326-2185
(202) 326-3197 (fax)
kjohnson3@ftc.gov
*ATTORNEY FOR FEDERAL TRADE COMMISSION*

cc:  all parties and counsel of record entitled to notice via CM/ECF