Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | Case No. 22-10943 (MEW) |
| Debtors. | (Jointly Administered) |

**SUPPLEMENTAL DECLARATION OF MARK A. RENZI**
**IN SUPPORT OF CONFIRMATION OF THE THIRD**
**AMENDED JOINT PLAN OF VOYAGER DIGITAL HOLDINGS, INC. AND ITS**
**DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

I, Mark. A. Renzi, hereby declare under penalty of perjury, as follows:

1.   I submit this Supplemental Declaration in support of confirmation of the *Third Amended Joint Chapter 11 Plan of Voyager Digital Holdings, Inc., and Its Debtor Affiliates* [Docket No. 1138] (as may be amended, supplemented, or otherwise modified from time to time, the "Plan"). I previously testified via declaration[1] and in court[2]. I have now been asked to address statements of counsel for the United States Securities and Exchange Commission (the "SEC") during the confirmation hearing on March 2 and 3, 2023 (the "Confirmation Hearing").

---

[1] *See* Docket No. 1119 (admitted in large part as Debtors' Exhibit 1) (my "Prior Declaration").

[2] *See* Hearing Tr. Mar. 2, 2023. References to the hearing transcript are paraphrases as the transcript is not yet available.

2.      On March 2, 2023, counsel for the SEC was asked by the Court to clarify the statement in its objection to the Plan that certain activities proposed in the Plan "may" create unspecified securities law violations.[3] Counsel for the SEC declined to take a position in response to the Court's inquiry.[4] Multiple media reports followed, noting that the SEC had declined to take a position or provide guidance.[5]

3.      On March 3, 2023, as the Confirmation Hearing was nearing its end, counsel for the SEC interjected and asked to supplement its prior statements in response to the media reports. The Court permitted the SEC's counsel to do so, and it stated in sum and substance that, although the Commission itself was still unable to take a position, the SEC's "staff" believed the VGX token may be a security. The SEC's counsel made clear that his statement made on behalf of "staff" did not bind the Commission and that, effectively, his client's position from the prior day had not changed.

4.      This supplemental statement from the SEC's counsel was a surprise to the Debtors; I understand from the Debtors that they were asked by the SEC to provide information regarding VGX in 2021 and did so in 2021 (approximately a year and a half ago), while subsequent SEC inquiries addressed different topics. While I am neither a lawyer nor a securities law expert (nor am I taking a position on the matter), I have been advised that the Debtors disagree with any assertion, by SEC staff or otherwise, that VGX is a security, and the Debtors' view is supported by a legal opinion from a nationally recognized law firm.

---

[3] *See Objection of the U.S. Securities and Exchange Commission to Final Approval of the Adequacy of the Debtors' Disclosure Statement and Confirmation of the Chapter 11 Plan* [Docket No. 1047], ¶ 4 ("the transactions in crypto assets necessary to effectuate the rebalancing, the re-distribution of such assets to Account Holders, ___may___ violate the prohibition in Section 5 of the Securities Act of 1933 against the unregistered offer, sale, or delivery after sale of securities") (emphasis added).

[4] Hrg. Tr. Mar. 2, 2023.

[5] *See, e.g.,* https://www.coindesk.com/policy/2023/03/02/voyager-bankruptcy-judge-says-he-is-absolutely-shocked-by-sec-objection-to-binance-us-deal/

2

5.      Nevertheless, it is critical that the Debtors confirm a Plan and execute on it promptly to preserve value and maximize creditor recoveries. The Debtors are burning more than $10 million a month. To the extent possible, these funds should be conserved for distribution to creditors. The Debtors cannot responsibly delay any further to accommodate the SEC's apparent evolving deliberative process.

6.      In response to the various statements made by counsel for the SEC on the issue, the Debtors have decided to modify the proposed Plan and proposed Confirmation Order to make clear that, to the extent it is ultimately necessary, the distributions pursuant to the Plan are exempt from applicable securities laws pursuant to 11 U.S.C. § 1145.[6] As I previously testified at the Confirmation Hearing, the Debtors believe they are in compliance with such laws. However, the statements by counsel for the SEC during the Confirmation Hearing confirm that, as the Disclosure Statement advised creditors,[7] the regulatory landscape is evolving. The Debtors will comply with any laws or applicable rules enacted or promulgated in the future.

7.      None of the activities proposed in the Plan are changing. Proposed or actual creditor recoveries will remain the same following these Plan modifications. Moreover, the Debtors previously disclosed to creditors the regulatory risks and uncertainty in the current environment.[8] The Debtors are simply asking for the Court's confirmation that Section 1145 will ultimately apply if the activities the Plan is proposing are ultimately determined by a regulator to constitute a violation of applicable state or federal securities laws. For these reasons, I have been advised by counsel that these technical amendments to the Plan are not material modifications that would require a re-solicitation of creditors.

---

[6] *See* Plan, Art. VI.E.

[7] *See* Debtors' Exhibit 13 (Second Revised Disclosure Statement) at p. 74-79.

[8] *Id.*

3

8.  The SEC's evolving positions, moreover, further demonstrate the need for the exculpation provisions set forth in the Plan. I previously testified to my belief that such provisions are appropriate in light of, among other things, the fact that they were negotiated at arms' length, were being granted for valuable consideration, and were fair and equitable and in the best interest of the Debtors' estates, creditors, and these chapter 11 cases under the circumstances.[9] I and others have further testified concerning the good faith with which the Plan was negotiated and proposed by the Debtors and their advisors, along with the Official Committee of Unsecured Creditors, its advisors, and other parties of interest.[10]

9.  It is unclear why the Debtors and their advisors could or would proceed with this Plan or any Plan without exculpation given the SEC's evolving positions, particularly given the current political and regulatory environment. Instead, the Debtors and all creditors need those plan provisions to ensure that funds can be returned to creditors as promptly as possible through transactions that are approved by the Court. As the Court previously stated in a prior case:

> If this Court has approved a transaction as being in the best interests of the estate and has authorized the transaction to proceed, then the parties to those transactions should not be subject to claims that effectively seek to undermine or second-guess this Court's determinations. In the absence of gross negligence or intentional wrongdoing, parties should not be liable for doing things that the Court authorized them to do and that the Court decided were reasonable things to do.[11]

10. For these reasons and those I and others previously testified to, I believe the Debtors' Plan should be confirmed as modified.

---

[9] *See* Prior Declaration ¶¶ 45-46; *see also* Debtors' Exhibit 13 at 24 ("The Released Parties and the Exculpated Parties have made substantial and valuable contributions to the Debtors' chapter 11 process through, among other things, efforts to market and sell the Debtors' assets and negotiate and implement the Plan, which will maximize value for the benefit of all parties in interest.").

[10] *See* Prior Declaration ¶ 50; *see also* Debtors' Exhibit 2 (Tichenor Declaration) ¶¶ 39-42.

[11] *In re Aegean Marine Petroleum Network Inc.*, 599 B.R. 717, 721 (Bankr. S.D.N.Y. 2019).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: March 5, 2023  
Boston, Massachusetts

/s/ *Mark A. Renzi*  
Mark A. Renzi  
Managing Director  
Berkley Research Group, LLC