THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| *In re:*  <br>  <br>VOYAGER DIGITAL HOLDINGS, INC., *et al.*[1]  <br>  <br>Debtors. | Case No. 22-10943 (MEW)  <br>  <br>Chapter 11  <br>**(Jointly Administered)** |

**SUPPLEMENTAL OBJECTION OF THE U.S. SECURITIES AND EXCHANGE
COMMISSION TO FINAL APPROVAL OF THE ADEQUACY OF THE DEBTORS'
DISCLOSURE STATEMENT AND CONFIRMATION OF THE CHAPTER 11 PLAN**

The U.S. Securities and Exchange Commission ("**SEC**") files this Supplemental Objection in response to the Debtors' attempts (1) to enjoin the SEC's exercise of its police and regulatory powers, and (2) to have the Court preemptively immunize certain securities transactions under a likely improper application of Section 1145.

**I.    The Debtors Cannot Obtain an Injunction of the SEC**

The SEC objects to Paragraphs 142, 143, and 145 of the proposed confirmation order [ECF No. 1130] and joins in the objection of the United States Attorney for the Southern District of New York [ECF No. 1132]. Those paragraphs provide, in pertinent part:

> 142.   . . . *provided*, however, that nothing in this Confirmation Order or the Plan shall modify in any respect the relief previously granted in the Bar Date Order and thus no person or entity, including the Unites States, the States or any of their agencies, can seek or receive a direct or indirect distribution of any property of the Debtors' estates unless they filed a Proof of Claim prior to the Governmental Bar Date; *provided*, further, that the United States, the States, and their agencies may not, and will not, allege that the Restructuring Transactions are a violation of any rules or

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

regulations enforced by the United States, the States or any of their agencies, nor will they bring any claim against any Person on account of or relating to the Restructuring Transactions.

143. . . . *provided*, further, that no Governmental Unit will allege that the Restructuring Transactions are a violation of any rules or regulations enforced by the United States, the States or any of their agencies, nor will they bring any claim against any Person on account of or relating to the Restructuring Transactions. . . .

145. . . . *provided*, however, that the SEC will not allege that the Restructuring Transactions are a violation of any rules or regulations enforced by the SEC, nor will they bring any claim against any Person on account of or relating to the Restructuring Transactions.

These provisions, which were included in the proposed confirmation order on the eve of the confirmation hearing, are extraordinary and highly improper. They seek, without an adequate evidentiary showing or legal analysis, effectively to enjoin the SEC and other governmental units from exercising their police and regulatory powers and to provide nonconsensual third-party releases in favor of any Person whose conduct may have been illegal in connection with the Restructuring Transactions. These provisions offend well-established law in at least two ways.[2]

First, the Bankruptcy Code has long recognized the need to subordinate private interests in favor of public safety and the welfare of all citizens. It does this by providing exemptions for governmental units exercising their police and regulatory powers. For example, under Section 362(b)(4), the filing of a bankruptcy petition does not operate as a stay "of the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power, including the enforcement of a judgment other than a money judgment." 11 U.S.C. § 362(b)(4); *see, e.g., SEC v. Miller*, 808 F.3d 623, 631-32 (2d Cir.

---

[2] Under Section 27(a) of the Securities Exchange Act of 1934, federal district courts have exclusive jurisdiction over causes of action brought under that title. 15 U.S.C. § 78aa(a).

2015) (obtaining an asset freeze order); *SEC v. Towers Financial Corp.*, 205 B.R. 27, 31 (S.D.N.Y. 1997) (obtaining judgment for disgorgement and civil penalties).  Here, the Debtors seek an order enjoining state and federal law enforcement agencies from exercising their police and regulatory powers.  But the Debtors' proposed injunction runs afoul of Congress's manifest intent that bankruptcy proceedings not impede the SEC from enforcing the federal securities laws.

Second, the Debtors have offered no evidence, no legal analysis, and no rationale whatsoever to warrant giving insiders and their advisors absolute immunity from governmental enforcement actions for past or future violations of the law "relating to" the Restructuring Transactions.  *See In re Metromedia Fiber Network, Inc.*, 416 F.3d 136, 141 (2d Cir. 2005); *see also In re Purdue Pharma, L.P.*, 635 B.R. 26, 91-115 (S.D.N.Y. 2021) (bankruptcy court cannot nonconsensually release third-parties from liability), on appeal, Nos. 22-110 *et al*. (2d Cir.). Congress has also made clear that debts for violations of federal securities laws should not be discharged in most individual bankruptcy cases.  11 U.S.C. § 523(a)(19).  The proposed third-party releases would give these individuals what they could not get in their own bankruptcy cases.  In short, it is unlikely that a bankruptcy court has the authority to grant the extraordinary third-party releases sought by the Debtors even upon some factual showing; it certainly does not have the authority absent one.

The SEC respectfully requests that, should the Plan be confirmed, the Court strike the objectionable language from the above provisions in any final order.

## II. The Last-Ditch Amendment to the Plan Does Not Meet the Requirements for Exemption from the Registration under Section 1145

Late Sunday night, the Debtors filed a supplemental declaration, an amended Plan, and a revised proposed confirmation order.  Among other things, these documents reflect the Debtors'

election to invoke Section 1145 in connection with certain transactions of crypto asset securities. The application of Section 1145 requires a complex, fact-specific analysis, but the SEC and other parties have had insufficient time and information to undertake such an analysis prior to today's continuation of hearing on confirmation of the Plan. As such, the SEC requests an opportunity for its staff to obtain additional information from the Debtors, to confer internally among the relevant SEC components about the Debtors' proposed use of Section 1145, and to file a considered brief setting forth its position.

Upon a preliminary review, it appears that the Debtors have failed to meet the requirements for the exemption under Section 1145. Like their attempt to enjoin the SEC, the Debtors have provided no factual showing and no legal analysis.[3] Instead, "[t]he Debtors are simply asking for the Court's confirmation that Section 1145 will ultimately apply if the activities the Plan is proposing are ultimately determined by a regulator to constitute a violation of applicable state or federal securities laws." *Supplemental Declaration of Mark A. Renzi in Support of Confirmation of the Third Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1139]. In other words, they seek to have this Court preemptively immunize all of the Debtors' securities transactions from regulatory oversight and scrutiny. The Court should decline to do so, for there is no record on which to determine the applicability of Section 1145 or any other securities registration exemption, nor have the Debtors provided any rationale for the applicability of such exemptions.

---

[3] The party claiming an exemption carries the burden of proving that the exemption applies. *SEC v. Ralston Purina Co.*, 346 U.S. 119, 126 (1953) (citing *Schlemmer v. Buffalo, Rochester & Pittsburgh Ry.*, 205 U.S. 1, 10 (1907)).

WHEREFORE, for these reasons and those set forth in the Objection [Docket No. 1047], the SEC respectfully requests that the Court deny final approval of the Disclosure Statement and confirmation of the Plan, and grant such other and further relief that is just and proper.

Dated: March 6, 2023
Atlanta, Georgia

Respectfully submitted,

U.S. SECURITIES AND EXCHANGE COMMISSION

By: */s/ William M. Uptegrove*
William M. Uptegrove (*admitted pro hac vice*)
Senior Trial Counsel
950 East Paces Ferry Rd., N.E.
Suite 900
Atlanta, GA 30326
Email: uptegrovew@sec.gov
Tel.: (404) 842-5765
    -and-
Therese A. Scheuer (*admitted pro hac vice*)
Senior Trial Counsel
100 F Street, NE
Washington, DC 20549
Tel.: (202) 551-6029
Fax: (202) 772-9317
Email: Scheuert@sec.gov

# CERTIFICATE OF SERVICE

I certify that I caused a copy of the foregoing *Supplemental Objection of the U.S. Securities and Exchange Commission to Final Approval of the Adequacy of the Debtors' Disclosure Statement and Confirmation of the Chapter 11 Plan* to be served upon counsel or parties of record by the Court's CM/ECF system on March 6, 2023.

By: */s/ William M. Uptegrove*
William M. Uptegrove
