Hearing Date:  To be determined
Objection Deadline:  March 28, 2023 at 4:00 p.m. (prevailing Eastern time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
:
In re                                                              :    Chapter 11
:
VOYAGER DIGITAL HOLDINGS, INC., *et al.*,                          :    Case No. 22-10943 (MEW)
:
Debtors.[1]                                                        :    (Jointly Administered)
:
------------------------------------------------------------------ x

### NOTICE OF REQUEST OF METROPOLITAN COMMERCIAL BANK FOR REIMBURSEMENT OF FEES

**PLEASE TAKE NOTICE** that on March 14, 2023, Metropolitan Commercial Bank ("MCB") filed the *Request of Metropolitan Commercial Bank for Reimbursement of Fees* (the "Request").

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Request shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served so as to be actually received by **March 28, 2023 at 4:00 p.m., prevailing Eastern Time**, by the entities on the Master

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

Service List available on the case website of the above-captioned debtors and debtors in possession at https://cases.stretto.com/Voyager.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the hearing to be scheduled on the Request.  Failure to file a timely objection may result in entry of a final order granting the Request as requested by MCB.

**PLEASE TAKE FURTHER NOTICE** that copies of the Request and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/Voyager.  You may also obtain copies of the Request and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that a hearing has not yet been scheduled on the Request.  A subsequent notice will be provided if and when the Court schedules a hearing.

Dated: March 14, 2023
      New York, New York

Respectfully submitted,

*/s/ Amy R. Wolf*
Richard G. Mason
Amy R. Wolf
Angela K. Herring
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York  10019
Telephone:  (212) 403-1000
Facsimile:  (212) 403-2000
Email:  RGMason@wlrk.com
       ARWolf@wlrk.com
       AKHerring@wlrk.com

*Attorneys for Metropolitan Commercial Bank*

Hearing Date: To be determined
Objection Deadline: March 28, 2023 at 4:00 p.m. (prevailing Eastern time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
: 
In re : Chapter 11
:
VOYAGER DIGITAL HOLDINGS, INC., *et al.*, : Case No. 22-10943 (MEW)
:
Debtors.[1] : (Jointly Administered)
:
------------------------------------------------------------------- x

## REQUEST OF METROPOLITAN COMMERCIAL BANK FOR REIMBURSEMENT OF FEES

Pursuant to the *Stipulation and Agreed Order Between the Debtors and Metropolitan Commercial Bank* [Dkt. No. 821] (the "MCB Stipulation"), Metropolitan Commercial Bank ("MCB") hereby submits this request for reimbursement from the Reserve of the MC Bank Fees:[2]

1. Pursuant to the FBO Agreement and ACH Origination Agreement, MCB has provided banking services to Voyager and its customers, including, most significantly, by maintaining FBO accounts that allowed Voyager customers to transfer and use cash for crypto transactions on the Voyager app. Most of those cash transactions took place by Automated Clearing House ("ACH") transfers; the ACH Origination Agreement provides the terms on which MCB would accept and facilitate those transfers. Both agreements contemplate that MCB would bear the general, day-to-day costs of monitoring the programs (subject to payment of the standard fees under the agreements), but, as detailed below, that any expenses that MCB incurred

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2] Capitalized terms not defined herein have the meanings ascribed to them in the MCB Stipulation.

outside the ordinary course resulting from Voyager's programs, including but not limited to investigations, regulatory inquiries, actual or threatened litigation, and issues created by Voyager customers' activity, would be subject to reimbursement by Voyager.

2. Specifically, the FBO Agreement provides that:

> [Voyager] shall be liable to [MCB] for any and all liabilities and every loss, cost, expense, claim, demand, and cause of action (including, without limitation, the cost of investigating the claim, the cost of litigation and reasonable attorneys' fees, whether or not legal proceedings are instituted and whether paid or incurred, as the case may be) by or on behalf of any Customer, Regulatory Authority, System, or other third party as a result of any of Client's Programs or the Client's failure to fully comply with the Legal Requirements.

FBO Agreement § 9.3. The FBO Agreement further includes a broad indemnity in MCB's favor, *see id.* § 12.1(a), and provides that "any and all costs incurred by [MCB] in enforcing [the FBO Agreement], including reasonable attorneys' fees, shall constitute additional indebtedness owed by [Voyager] to [MCB]," *id.* § 8.4.

3. The ACH Origination Agreement provides that Voyager

> is responsible for the acts of each authorized user and of each person, whether or not authorized, who uses any security procedure or security item and agrees to indemnify and hold harmless the Bank for any losses, claims or expenses that result from such acts, including but not limited to attorneys' fees . . . .

ACH Origination Agreement Sched. 1. The ACH Origination Agreement further requires Voyager to indemnify MCB for losses and expenses arising from any attempt to hold MCB responsible for chargeback or other customer activity. *Id.* § 11(a).

4. Pursuant to the FBO Agreement and ACH Origination Agreement, MCB is entitled to reimbursement of the legal fees and expenses that it has incurred since Voyager's chapter 11 filing through December 31, 2022 in the amount of **$1,127,778.75** (the "MCB Fees"). These fees and expenses were incurred in connection with the cash management orders, matters

relating to the FBO account including chargebacks, the return of funds to thousands of customers, and the closing of the account, regulatory investigations concerning Voyager, and limited monitoring of potential impact on MCB of activity in the chapter 11 cases. A detailed presentation of the services rendered to MCB by outside counsel is set forth in **Exhibit A**. The categories of work performed and the bases for compensation under the applicable agreements are set forth below. The full text of the agreements is available at *Notice of Filing of Certain Banking Agreements Related to the Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to (A) Honor Withdrawals from the MC FBO Accounts, (B) Liquidate Cryptocurrency from Customer Accounts with a Negative Balance, (C) Sweep Cash Held in Third-Party Exchanges, (D) Conduct Ordinary Course Reconciliation of Customer Accounts, and (E) Continue Staking Cryptocurrency, and (II) Granting Related Relief* [Dkt. No. 145].

5.     MCB has discussed its reimbursement request with Debtors, and the Debtors are supportive of the reduced fee request. As a result of these discussions, and careful review of each of counsel's time entries fees through December 31, 2022, MCB agreed not to seek compensation for certain fees that were included in the estimate cited in the MCB Stipulation, resulting in an approximately $722,000 net reduction in the request compared with that estimate.[3] While all of these fees contemplated by the estimate were generated as a result of Voyager's chapter 11 filing and MCB believes it is entitled to reimbursement therefor, MCB agreed to deduct those fees to obtain Voyager's support of this request. MCB has been informed that Voyager is now supportive of this reduced request. MCB also understands that Voyager has informed the Committee of these discussions and of the Debtors' support for this request.

---

[3] MCB has continued to incur certain expenses in connection with these matters after December 31, 2022, but in the interest of compromise is only seeking reimbursement of fees through that date.

-3-

**A.    Regulatory Matters (Category A in Time Records; $309,094.25)**

6.    The bankruptcy filing by Voyager Digital Ltd. and its main operating subsidiaries (collectively, "Voyager") on July 5, 2022, drew intense scrutiny from numerous regulatory and law enforcement authorities to Voyager's businesses and the impact of the bankruptcy on Voyager's customers.

7.    As the bank that provided the services required for Voyager's app-based crypto business to be conducted, MCB has received and has been responding to extensive inquiries from governmental authorities regarding the FBO Accounts and related banking services that MCB has provided to Voyager. Each of the regulatory requests for which reimbursement is requested concerns Voyager exclusively. MCB is precluded by law or applicable regulations from disclosing to Voyager and to the public specific information concerning these regulatory inquiries, including identifying the relevant governmental authorities and the nature of their inquiries.[4] However, it would be reasonable to expect that each of MCB's banking regulators — the Federal Reserve, the New York State Department of Financial Services and the Federal Deposit Insurance Corporation, as well as law enforcement — would have an interest in this matter.

8.    Because of these legal limitations on disclosure, MCB cannot publicly disclose detailed information with respect to the tasks performed by outside counsel in assisting with MCB's responses to the regulatory inquiries. However, MCB can and does represent that it is seeking reimbursement only for time spent by its outside counsel on responding to inquiries and requests from governmental entities seeking information and documents about Voyager

---

[4] *See, e.g.*, 12 CFR 261.20 (limiting disclosure of communications with Federal Reserve); New York Banking Law Section 36 (same for NYS DFS); 12 CFR 309.5(g)(8) and 309.6(a) (same for FDIC).

specifically. MCB's counsel carefully scrutinized its time records to ensure that any fees incurred in connection with governmental inquiries that are not exclusively related to Voyager (*e.g.*, that might also relate to cryptocurrency or to MCB more generally) were excluded from this request for reimbursement. That scrutiny resulted in the deduction of hundreds of thousands of dollars from the initial estimate cited in the MCB Stipulation.

9. This category of fees and expenses is compensable pursuant to section 9.3 of the FBO Agreement, which requires Voyager to compensate MCB for all costs and expenses, including reasonable attorneys' fees, if MCB is subject to formal or informal inquiries and requests for information by government authorities. Specifically, the FBO Agreement provides that Voyager is liable to MCB for "every loss, cost, expense, claim, demand, and cause of action (including . . . reasonable attorneys' fees, whether or not legal proceedings are instituted . . . ) by or on behalf of any Customer, Regulatory Authority, System, or other third party as a result of any of [Voyager]'s Programs . . . ." FBO Agreement § 9.3. Sections 12.1(a)(iii) and 12.1(a)(iv) of the FBO Agreement also provide that Voyager will indemnify MCB for "any claim or action against the Bank related to any state or local law, rule regulation, or ordinance" and "any claim or action by any state regulatory agency, subdivision, or attorney general relating to any of Client's Programs."

B. **Work to prepare and obtain approval of the FBO Order and working with Voyager to prevent and address fraudulent chargeback activity (Category B in Time Records; $482,853.50)**

10. In the first days of these cases, the Debtors and MCB were concerned that Voyager customers were making improper and unfounded ACH chargeback claims to recover funds that they had transferred to the FBO Accounts. Where the customer had used their cash in the FBO Accounts to purchase crypto on the Voyager app, the chargeback would result in a shortfall in the FBO Accounts. MCB's outside counsel worked with the Debtors to address this

-5-

issue, and to obtain Court approval of the FBO Order. *Order (I) Authorizing the Debtors to (A) Honor Withdrawals from the MC FBO Accounts, (B) Liquidate Cryptocurrency from Customer Accounts with a Negative Balance, (C) Sweep Cash Held in Third-Party Exchanges, (D) Conduct Ordinary Course Reconciliation of Customer Accounts, and (E) Continue Staking Cryptocurrency, and (II) Granting Related Relief* [Dkt. No. 247].

11.     Fees incurred in connection with these matters are subject to reimbursement by Voyager pursuant to FBO Agreement section 9.3, which provides for reimbursement of expenses incurred by MCB "as a result of any of [Voyager]'s Programs . . . ." They are also subject to reimbursement pursuant to Schedule 1 and section 11 of the ACH Origination Agreement, which provide that Voyager "is responsible for the acts of each authorized user and of each person, whether or not authorized, who uses any security procedure or security item and agrees to indemnify and hold harmless [MCB] for losses, claims or expenses that result from such acts, including but not limited to attorneys' fees . . . ." ACH Origination Agreement Sched. 1; *see also* ACH Origination Agreement § 11(a) (Voyager "agrees to indemnify and hold harmless [MCB] against any loss, liability or expense (including attorneys' fees and expenses) resulting from or arising out of any claim of any person that [MCB] is responsible for any act or omission of [Voyager] or any other person described in this section 11(a).").

C.     **Monitoring proceedings and reviewing pleadings filed in Voyager bankruptcy cases (Category C in Time Records; $99,618.75)**

12.     MCB's outside counsel has engaged in limited monitoring of these proceedings, focusing specifically on the Debtors' cash management motion, sale and plan documents, and objections and letters submitted by customers raising issues concerning the Debtors' programs, including funds in the FBO Accounts. These fees were incurred in an effort to ensure that

MCB's rights in connection with the FBO Agreement and the programs thereunder were protected during the cases as well as in connection with any proposed sale.

13. These fees are subject to reimbursement by Voyager pursuant to section 9.3 of the FBO Agreement, which provides that "shall be liable to Bank for any and all liabilities and every loss, cost, expense, claim, demand, and cause of action (including . . . reasonable attorneys' fees, whether or not legal proceedings are instituted . . .) by or on behalf of any Customer, Regulatory Authority, System, or other third party as a result of any of [Voyager]'s Programs or [Voyager]'s failure to fully comply with the Legal Requirements," as well as section 8.4 of the FBO Agreement, which provides that "any and all costs incurred by [MCB] in enforcing this Supplement, including reasonable attorneys' fees, shall constitute additional indebtedness owed by [Voyager] to [MCB] pursuant to this Supplement."

**D.   Costs of litigation and negotiation relating to maintenance of reserve in FBO Accounts and closure of FBO Accounts (Category D in Time Records; $236,212.25)**

14. During November and December 2022, Voyager and MCB engaged in negotiation and litigation concerning Voyager's demand for a release of the reserve created pursuant to the FBO Agreement. As discussed in detail in *Objection of Metropolitan Commercial Bank to Debtors' Motion for Entry of an Order (I) Compelling the Release of the Reserve Held by Metropolitan Commercial Bank on Debtors' Bank Account and (II) Granting Related Relief and Cross-Motion for Relief from the Automatic Stay to Permit Setoff* [Dkt. No. 704] (the "MCB Objection"), MCB required a reserve due to the continuing threat of chargeback and return activity by Voyager customers that existed until the FBO Accounts were closed, as well as other potential losses and shortfalls in the accounts that could result from fraud and/or hacking. MCB was prepared to release a substantial amount of the reserve voluntarily, as

-7-

it described in the MCB Objection, but a consensual resolution was not reached until after MCB incurred significant litigation expenses in responding to the Debtors' motion.

15. These fees are subject to reimbursement by Voyager pursuant to section 9.3 of the FBO Agreement, which provides for compensation for expenses incurred by MCB "as a result of any of [Voyager]'s Programs," as well as section 8.4 of the FBO Agreement, which provides that "any and all costs incurred by [MCB] in enforcing this Supplement, including reasonable attorneys' fees, shall constitute additional indebtedness owed by [Voyager] to [MCB] pursuant to this Supplement." They are also subject to reimbursement pursuant to the ACH Origination Agreement, which provides that Voyager "agrees to indemnify and hold harmless [MCB] against any loss, liability or expense (including attorneys' fees and expenses) resulting from or arising out of any claim of any person that [MCB] is responsible for any act or omission of [Voyager] or any other person described in this section 11(a)." ACH Origination Agreement § 11(a).

\*    \*    \*

16. For the foregoing reasons, MCB respectfully requests that the Court enter an order, substantially in the form of the proposed order attached as **Exhibit B**, permitting MCB to apply funds in the Reserve to compensate MCB for the MCB Fees in the amount of $1,127,778.75.

<table>
<tr><td>Dated: March 14, 2023<br>New York, New York</td><td>Respectfully submitted,<br><br>/s/ Amy R. Wolf<br>Richard G. Mason<br>Amy R. Wolf<br>Angela K. Herring<br>WACHTELL, LIPTON, ROSEN & KATZ<br>51 West 52nd Street<br>New York, New York  10019<br>Telephone:  (212) 403-1000<br>Facsimile:  (212) 403-2000<br>Email:  RGMason@wlrk.com<br>          ARWolf@wlrk.com<br>          AKHerring@wlrk.com<br><br>*Attorneys for Metropolitan Commercial Bank*</td></tr>
</table>