# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re. Voyager Digital Holdings, Inc. | Case No. 22-10943 |
| Debtor(s) | Lead Case No. 22-10943 |
| | ☒ Jointly Administered |

# Monthly Operating Report                                              Chapter 11

Reporting Period Ended: 02/28/2023                    Petition Date: 07/05/2022

Months Pending: 8                                     Industry Classification: 5 2 3 9

Reporting Method:            Accrual Basis ⦿        Cash Basis ○

Debtor's Full-Time Employees (current):                          80

Debtor's Full-Time Employees (as of date of order for relief):   227


**Supporting Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒ Statement of cash receipts and disbursements
☒ Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☒ Statement of operations (profit or loss statement)
☐ Accounts receivable aging
☐ Postpetition liabilities aging
☐ Statement of capital assets
☐ Schedule of payments to professionals
☒ Schedule of payments to insiders
☒ All bank statements and bank reconciliations for the reporting period
☐ Description of the assets sold or transferred and the terms of the sale or transfer


/s/ Steve Ehrlich                                    Steve Ehrlich
Signature of Responsible Party                       Printed Name of Responsible Party

03/15/2023
Date
                                                     33 Irving Place, 3rd Floor, New York, NY 10003
                                                     Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 11-MOR (12/01/2021)                    1

Debtor's Name: Voyager Digital Holdings, Inc.    Case No. 22-10943

| | Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|---|
| a. | Cash balance beginning of month | $2,110,884 | |
| b. | Total receipts (net of transfers between accounts) | $2,000,000 | $45,065,511 |
| c. | Total disbursements (net of transfers between accounts) | $2,474,435 | $45,158,415 |
| d. | Cash balance end of month (a+b-c) | $1,636,449 | |
| e. | Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f. | Total disbursements for quarterly fee calculation (c+e) | $2,474,435 | $45,158,415 |

| | Part 2: Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|---|
| a. | Accounts receivable (total net of allowance) | $0 |
| b. | Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c. | Inventory    (Book ○  Market ○  Other ⊙  (attach explanation)) | $0 |
| d | Total current assets | $2,599,757 |
| e. | Total assets | $115,039,241 |
| f. | Postpetition payables (excluding taxes) | $14,332,528 |
| g. | Postpetition payables past due (excluding taxes) | $0 |
| h. | Postpetition taxes payable | $0 |
| i. | Postpetition taxes past due | $0 |
| j. | Total postpetition debt (f+h) | $14,332,528 |
| k. | Prepetition secured debt | $0 |
| l. | Prepetition priority debt | $0 |
| m. | Prepetition unsecured debt | $77,448,620 |
| n. | Total liabilities (debt) (j+k+l+m) | $91,781,148 |
| o. | Ending equity/net worth (e-n) | $23,258,093 |

| | Part 3: Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|---|
| a. | Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b. | Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c. | Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| | Part 4: Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|---|
| a. | Gross income/sales (net of returns and allowances) | $0 | |
| b. | Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c. | Gross profit (a-b) | $0 | |
| d. | Selling expenses | $0 | |
| e. | General and administrative expenses | $823,015 | |
| f. | Other expenses | $0 | |
| g. | Depreciation and/or amortization (not included in 4b) | $0 | |
| h. | Interest | $-569,346 | |
| i. | Taxes (local, state, and federal) | $0 | |
| j. | Reorganization items | $3,609,018 | |
| k. | Profit (loss) | $-3,862,686 | $-30,921,800 |

UST Form 11-MOR (12/01/2021)    2

Debtor's Name: Voyager Digital Holdings, Inc.  Case No. 22-10943

| | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| **Part 5: Professional Fees and Expenses** | | | | | | |
| a. | Debtor's professional fees & expenses (bankruptcy) *Aggregate Total* | | $0 | $0 | $1,237,264 | $24,998,137 |
| | *Itemized Breakdown by Firm* | | | | | |
| | Firm Name | Role | | | | |
| i | Stretto | Other | $0 | $0 | $291,128 | $3,696,657 |
| ii | FTI | Financial Professional | $0 | $0 | $576,396 | $3,863,494 |
| iii | Moelis | Financial Professional | $0 | $0 | $163,062 | $562,824 |
| iv | McDermott Will & Emery | Co-Counsel | $0 | $0 | $0 | $4,630,398 |
| v | US Trustee | Other | $0 | $0 | $149,002 | $230,718 |
| vi | Deloitte Tax LLP | Financial Professional | $0 | $0 | $0 | $694,014 |
| vii | Berkeley Research Group | Financial Professional | $0 | $0 | $0 | $3,816,412 |
| viii | Kirkland & Ellis | Lead Counsel | $0 | $0 | $0 | $6,945,357 |
| ix | Epiq | Other | $0 | $0 | $4,895 | $80,886 |
| x | Quinn Emanuel | Special Counsel | $0 | $0 | $52,781 | $477,379 |
| xi | | | | | | |
| xii | | | | | | |
| xiii | | | | | | |
| xiv | | | | | | |
| xv | | | | | | |
| xvi | | | | | | |
| xvii | | | | | | |
| xviii | | | | | | |
| xix | | | | | | |
| xx | | | | | | |
| xxi | | | | | | |
| xxii | | | | | | |
| xxiii | | | | | | |
| xxiv | | | | | | |
| xxv | | | | | | |
| xxvi | | | | | | |
| xxvii | | | | | | |
| xxviii | | | | | | |
| xxix | | | | | | |
| xxx | | | | | | |
| xxxi | | | | | | |
| xxxii | | | | | | |
| xxxiii | | | | | | |
| xxxiv | | | | | | |
| xxxv | | | | | | |
| xxxvi | | | | | | |

Debtor's Name  Voyager Digital Holdings, Inc.                                  Case No.  22-10943

| | | | | | | |
|---|---|---|---|---|---|---|
| | xxxvii | | | | | |
| | xxxvii | | | | | |
| | xxxix | | | | | |
| | xl | | | | | |
| | xli | | | | | |
| | xlii | | | | | |
| | xliii | | | | | |
| | xliv | | | | | |
| | xlv | | | | | |
| | xlvi | | | | | |
| | xlvii | | | | | |
| | xlviii | | | | | |
| | xlix | | | | | |
| | l | | | | | |
| | li | | | | | |
| | lii | | | | | |
| | liii | | | | | |
| | liv | | | | | |
| | lv | | | | | |
| | lvi | | | | | |
| | lvii | | | | | |
| | lviii | | | | | |
| | lix | | | | | |
| | lx | | | | | |
| | lxi | | | | | |
| | lxii | | | | | |
| | lxiii | | | | | |
| | lxiv | | | | | |
| | lxv | | | | | |
| | lxvi | | | | | |
| | lxvii | | | | | |
| | lxviii | | | | | |
| | lxix | | | | | |
| | lxx | | | | | |
| | lxxi | | | | | |
| | lxxii | | | | | |
| | lxxiii | | | | | |
| | lxxiv | | | | | |
| | lxxv | | | | | |
| | lxxvi | | | | | |
| | lxxvii | | | | | |
| | lxxvii | | | | | |

Debtor's Name  Voyager Digital Holdings, Inc.                                   Case No. 22-10943

|   |        |   |   |   |   |   |
|---|--------|---|---|---|---|---|
|   | lxxix  |   |   |   |   |   |
|   | lxxx   |   |   |   |   |   |
|   | lxxxi  |   |   |   |   |   |
|   | lxxxii |   |   |   |   |   |
|   | lxxxii |   |   |   |   |   |
|   | lxxxiv |   |   |   |   |   |
|   | lxxxv  |   |   |   |   |   |
|   | lxxxvi |   |   |   |   |   |
|   | lxxxvi |   |   |   |   |   |
|   | lxxxvi |   |   |   |   |   |
|   | lxxxix |   |   |   |   |   |
|   | xc     |   |   |   |   |   |
|   | xci    |   |   |   |   |   |
|   | xcii   |   |   |   |   |   |
|   | xciii  |   |   |   |   |   |
|   | xciv   |   |   |   |   |   |
|   | xcv    |   |   |   |   |   |
|   | xcvi   |   |   |   |   |   |
|   | xcvii  |   |   |   |   |   |
|   | xcviii |   |   |   |   |   |
|   | xcix   |   |   |   |   |   |
|   | c      |   |   |   |   |   |
|   | ci     |   |   |   |   |   |

|     |   |   | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|-----|---|---|---|---|---|---|
| b.  | Debtor's professional fees & expenses (nonbankruptcy) *Aggregate Total* | | $0 | $0 | $65,242 | $130,804 |
|     | *Itemized Breakdown by Firm* | | | | | |
|     | Firm Name | Role | | | | |
| i   | Conyers Dill & Pearman | Other | $0 | $0 | $0 | $31,874 |
| ii  | Troutman Pepper Hamilton | Other | $0 | $0 | $0 | $200 |
| iii | Lowenstein Sandler LLP | Other | $0 | $0 | $19,821 | $53,309 |
| iv  | Day Pitney LLP | Other | $0 | $0 | $45,421 | $45,421 |
| v   |   |   |   |   |   |   |
| vi  |   |   |   |   |   |   |
| vii |   |   |   |   |   |   |
| viii|   |   |   |   |   |   |
| ix  |   |   |   |   |   |   |
| x   |   |   |   |   |   |   |
| xi  |   |   |   |   |   |   |
| xii |   |   |   |   |   |   |
| xiii|   |   |   |   |   |   |
| xiv |   |   |   |   |   |   |

| Debtor's Name | Voyager Digital Holdings, Inc. | | | | Case No. | 22-10943 |
|---|---|---|---|---|---|---|
| | xv | | | | | |
| | xvi | | | | | |
| | xvii | | | | | |
| | xviii | | | | | |
| | xix | | | | | |
| | xx | | | | | |
| | xxi | | | | | |
| | xxii | | | | | |
| | xxiii | | | | | |
| | xxiv | | | | | |
| | xxv | | | | | |
| | xxvi | | | | | |
| | xxvii | | | | | |
| | xxviii | | | | | |
| | xxix | | | | | |
| | xxx | | | | | |
| | xxxi | | | | | |
| | xxxii | | | | | |
| | xxxiii | | | | | |
| | xxxiv | | | | | |
| | xxxv | | | | | |
| | xxxvi | | | | | |
| | xxxvii | | | | | |
| | xxxvii | | | | | |
| | xxxix | | | | | |
| | xl | | | | | |
| | xli | | | | | |
| | xlii | | | | | |
| | xliii | | | | | |
| | xliv | | | | | |
| | xlv | | | | | |
| | xlvi | | | | | |
| | xlvii | | | | | |
| | xlviii | | | | | |
| | xlix | | | | | |
| | l | | | | | |
| | li | | | | | |
| | lii | | | | | |
| | liii | | | | | |
| | liv | | | | | |
| | lv | | | | | |
| | lvi | | | | | |

| Debtor's Name | Voyager Digital Holdings, Inc. | | | | Case No. | 22-10943 |
|---|---|---|---|---|---|---|
| | lvii | | | | | |
| | lviii | | | | | |
| | lix | | | | | |
| | lx | | | | | |
| | lxi | | | | | |
| | lxii | | | | | |
| | lxiii | | | | | |
| | lxiv | | | | | |
| | lxv | | | | | |
| | lxvi | | | | | |
| | lxvii | | | | | |
| | lxviii | | | | | |
| | lxix | | | | | |
| | lxx | | | | | |
| | lxxi | | | | | |
| | lxxii | | | | | |
| | lxxiii | | | | | |
| | lxxiv | | | | | |
| | lxxv | | | | | |
| | lxxvi | | | | | |
| | lxxvii | | | | | |
| | lxxvii | | | | | |
| | lxxix | | | | | |
| | lxxx | | | | | |
| | lxxxi | | | | | |
| | lxxxii | | | | | |
| | lxxxii | | | | | |
| | lxxxiv | | | | | |
| | lxxxv | | | | | |
| | lxxxvi | | | | | |
| | lxxxvi | | | | | |
| | lxxxvi | | | | | |
| | lxxxix | | | | | |
| | xc | | | | | |
| | xci | | | | | |
| | xcii | | | | | |
| | xciii | | | | | |
| | xciv | | | | | |
| | xcv | | | | | |
| | xcvi | | | | | |
| | xcvii | | | | | |
| | xcviii | | | | | |

Debtor's Name  Voyager Digital Holdings, Inc.                                    Case No. 22-10943

|     |     |     |     |     |     |     |
|-----|-----|-----|-----|-----|-----|-----|
|     | xcix |     |     |     |     |     |
|     | c    |     |     |     |     |     |
| c.  | All professional fees and expenses (debtor & committees) | | $0 | $0 | $1,302,506 | $25,128,942 |

| **Part 6: Postpetition Taxes** | **Current Month** | **Cumulative** |
|---|---|---|
| a. Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. Postpetition employer payroll taxes accrued | $80,001 | $951,744 |
| d. Postpetition employer payroll taxes paid | $84,373 | $946,896 |
| e. Postpetition property taxes paid | $0 | $0 |
| f. Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

**Part 7: Questionnaire - During this reporting period:**

| | | | |
|---|---|---|---|
| a. | Were any payments made on prepetition debt? (if yes, see Instructions) | Yes ○ | No ⦿ |
| b. | Were any payments made outside the ordinary course of business without court approval? (if yes, see Instructions) | Yes ○ | No ⦿ |
| c. | Were any payments made to or on behalf of insiders? | Yes ⦿ | No ○ |
| d. | Are you current on postpetition tax return filings? | Yes ⦿ | No ○ |
| e. | Are you current on postpetition estimated tax payments? | Yes ⦿ | No ○ |
| f. | Were all trust fund taxes remitted on a current basis? | Yes ⦿ | No ○ |
| g. | Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions) | Yes ○ | No ⦿ |
| h. | Were all payments made to or on behalf of professionals approved by the court? | Yes ⦿ | No ○  N/A ○ |
| i. | Do you have: Worker's compensation insurance? | Yes ⦿ | No ○ |
|    | If yes, are your premiums current? | Yes ⦿ | No ○  N/A ○  (if no, see Instructions) |
|    | Casualty/property insurance? | Yes ⦿ | No ○ |
|    | If yes, are your premiums current? | Yes ⦿ | No ○  N/A ○  (if no, see Instructions) |
|    | General liability insurance? | Yes ⦿ | No ○ |
|    | If yes, are your premiums current? | Yes ⦿ | No ○  N/A ○  (if no, see Instructions) |
| j. | Has a plan of reorganization been filed with the court? | Yes ⦿ | No ○ |
| k. | Has a disclosure statement been filed with the court? | Yes ⦿ | No ○ |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ⦿ | No ○ |

UST Form 11-MOR (12/01/2021)                                           8

Debtor's Name  Voyager Digital Holdings, Inc.                                    Case No.  22-10943

**Part 8: Individual Chapter 11 Debtors (Only)**

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ◯ No ⦿ |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ◯ No ◯ N/A ⦿ |

**Privacy Act Statement**

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107.  The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6).  The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith.  This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law.  Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006).  A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm.  Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee.  11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

| | |
|---|---|
| /s/ Steve Ehrlich | Steve Ehrlich |
| Signature of Responsible Party | Printed Name of Responsible Party |
| Co-Founder and CEO; Voyager Digital Ltd | 03/15/2023 |
| Title | Date |

UST Form 11-MOR (12/01/2021)                                    9

Debtor's Name Voyager Digital Holdings, Inc.    Case No. 22-10943


PageOnePartOne


PageOnePartTwo


PageTwoPartOne


PageTwoPartTwo

Debtor's Name  Voyager Digital Holdings, Inc.                                    Case No. 22-10943


Bankruptcy1to50


Bankruptcy51to100


NonBankruptcy1to50


NonBankruptcy51to100

Debtor's Name Voyager Digital Holdings, Inc.                                            Case No. 22-10943


PageThree


PageFour

**Voyager Digital Holdings, Inc.**  Case No. 22-10943
**Debtor**  Reporting Period: February 2023

## MONTHLY OPERATING REPORT
## TABLE OF CONTENTS

| Supporting Documentation | Page # |
|---|---|
| MOR Global Notes | 1-2 |
| Cash Receipts & Disbursements | 3 |
| Balance Sheet | 4 |
| Statement of Operations | 5 |
| Payments to Insiders | 6 |
| Bank Accounts | 7 |

**Voyager Digital Holdings, Inc.**             **Case No. 22-10943**
**Debtor**             **Reporting Period: February 2023**

# MONTHLY OPERATING REPORT

## Notes to the Monthly Operating Report

This report includes activity from the following Debtors and their related Case Numbers:

| Debtor | Case Number |
|---|---|
| Voyager Digital Holdings, Inc. | 22-10943 |

**Notes to the MOR:**
On July 5th, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 6, 2022, the court entered an order [Docket No. 18] authorizing joint administration and procedural consolidation of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). On July 19, 2022, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Creditors Committee") [Docket No. 102]. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

The Debtors are filing their Monthly Operating Report solely for the purposes of complying with the monthly operating reporting requirements applicable in the Debtors' chapter 11 cases. The financial and supplemental information contained herein is presented on a preliminary and unaudited basis, remains subject to future adjustments and may not comply in all material respects with generally accepted accounting principles in the United States of America ("U.S. GAAP") or International Financial Reporting Standards ("IFRS"). This Monthly Operating Report should not be relied on by any persons for information relating to future financial conditions, events, or performance of any of the Debtors or their affiliates.

The financial information has been derived from the books and records of the Debtors. This information, however, has not been subject to certain procedures that would typically be applied to financial information in accordance with U.S. GAAP or IFRS, and upon application of such procedures, the Debtors believe that the financial information could be subject to changes, which could be material. The information furnished in this report includes primarily normal recurring adjustments, but does not include all adjustments that would typically be made for financial statements prepared in accordance with U.S. GAAP or IFRS. The preparation of the Financial Statements and MOR required the Debtors to make commercially reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities at month end, and the reported amounts of revenues and expenses during the applicable reporting periods. Actual results could differ from such estimates.

The Debtors reserve all rights to amend or supplement this Monthly Operating Report in all respects, as may be necessary or appropriate. Nothing contained in this Monthly Operating Report shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases.

**Debtor Full-Time Employees:**
This MOR includes the number of full time employees as of the Petition Date and February 28th, 2023. These figures will differ from employee totals in the Supplemental Declaration of Stephen Ehrlich [Docket No. 329] due to the exclusion of 32 part time employees from this MOR. Further, headcount noted within this MOR exclude contractors based in LATAM.

**Notes to MOR Part 1:**
For the avoidance of doubt, the bank accounts, cash balances and associated cash receipts and disbursements set forth do not include cash held in the "for the benefit of" accounts ("FBO Accounts") maintained by Metropolitan Commercial Bank ("MC Bank"), as described in the Cash Management Motion and the FBO Motion. As discussed in the FBO Motion, the Debtors do not have a legal or equitable interest in the cash held in the FBO Accounts; such held funds are owned by the Debtors' customers.

| | |
|---|---:|
| **Voyager Digital Holdings, Inc.** | **Case No. 22-10943** |
| **Debtor** | **Reporting Period: February 2023** |

## MONTHLY OPERATING REPORT

**Notes to the Monthly Operating Report**

This report includes activity from the following Debtors and their related Case Numbers:

| **Debtor** | **Case Number** |
|---|---|
| Voyager Digital Holdings, Inc. | 22-10943 |

**Notes to the MOR:**

**Notes to MOR Part 1 (Continued):**
The Debtors are party to certain prepetition loan agreements regarding certain compensation-related tax issues. The terms of those agreements provide for the cancellation of the loans over time if certain conditions are satisfied. The agreements further provide that if the cancellation occurs under certain circumstances, the Debtors will make tax payments for the benefit of the loan agreement counterparties. Due to a year-end miscommunication, the Debtors treated a portion of the loans as having been cancelled and made associated tax payments. Such tax payments were potentially premature. The agreements were addressed as part of the wind-down budget and employee transition plans described in the disclosure statement and plan supplement in connection with confirmation. The Debtors' rights are reserved in the event that the plan is not ultimately consummated.

Cash receipts and disbursements related to intercompany transfers among the debtors are included within total cash receipts on the U.S. Trustee form.

**Notes to MOR Part 2 & MOR Part 4:**
The information contained in MOR Part 2 & MOR Part 4 is provided to fulfill the requirements of the Office of the United States Trustee. All information contained in MOR Part 2 & MOR Part 4 is unaudited and subject to future adjustment.

As discussed in Notes to MOR Part 1, cash balances do not include cash held in the FBO Accounts. The Debtors made certain adjustments to reflect the impact of removing FBO Accounts from cash balances.

**Notes to MOR Part 5:**
The Debtors have received approval to pay bankruptcy or non-bankruptcy professionals in the month of February 2023. As such, applicable invoices from bankruptcy professionals were paid when due.

**Notes to MOR Part 6:**
The Debtors have received approval to pay prepetition tax and fee obligations, including, without limitation, sales, use, franchise, and income taxes as well as other governmental taxes, fees, and assessment due in the normal course of business through certain First Day Motions. As such, the applicable taxes had been paid when due except for amounts that are in dispute, if any.

The Debtors are current on post-petition payables, taking into consideration pending credits and adjustments and disputes that arise in the ordinary course of business.

**Voyager Digital Holdings, Inc.**  Case No. 22-10943
Debtor  Reporting Period: February 2023

## PART 1
### SCHEDULE OF CASH RECEIPTS AND DISBURSEMENTS

| Debtor name:<br>Case number: | Voyager Digital Holdings, Inc.<br>22-10943 |
|---|---:|
| **CASH BEGINNING OF MONTH** | 2,110,884 |
| **RECEIPTS** | |
| TOTAL RECEIPTS[1] | - |
| **DISBURSEMENTS** | |
| Salaries & Wages | 963,870 |
| Employees Benefits | 132,622 |
| Software and Infrastructure | 20,094 |
| 3rd Party Consultants | 56,919 |
| Other Operating Items | 79,538 |
| Bankruptcy Professional Fees | 1,237,264 |
| Other Non-Operating[2] | (15,873) |
| **TOTAL DISBURSEMENTS** | **2,474,435** |
| **TRANSFERS** | |
| Transfer From #3989 | 2,000,000 |
| **TOTAL TRANSFERS** | **2,000,000** |
| | |
| **NET CASH FLOW** | |
| (RECEIPTS LESS DISBURSEMENTS) | (474,435) |
| | |
| **CASH END OF MONTH** | **1,636,449** |

*(1) The U.S. Trustee form displays total receipts as net of transfers in or out of Voyager debtor entities.*

*(2) KERP related disbursements have historically been included within the Other Non-Operating line item. As such, any returned KERP payments from employees who did not meet certain criteria under the KERP, have been recorded within the Other Non-Operating line item.*

| **Voyager Digital Holdings, Inc.** | **Case No. 22-10943** |
|---|---|
| Debtor | Reporting Period: February 2023 |

**PART 2**
**BALANCE SHEET (UNAUDITED)**

| Debtor name: | Voyager Digital Holdings, Inc. |
|---|---|
| Case number: | 22-10943 |
| **Line item** | **Current Period** |
| **ASSETS** | |
| Cash and cash equivalents | 1,636,449 |
| Restricted cash | - |
| Cash held for customers | - |
| Crypto assets held | - |
| Crypto assets loaned | - |
| Crypto assets collateral received | - |
| Other current assets | 963,308 |
| **TOTAL CURRENT ASSETS** | **2,599,757** |
| Investments in subsidiaries | 76,392,720 |
| Due from (to) related parties | 26,969,186 |
| Goodwill and intangible assets | - |
| Other non-current assets | 9,077,578 |
| **TOTAL ASSETS** | **115,039,241** |
| **LIABILITIES AND EQUITY** | |
| Crypto assets payable to customers | - |
| Crypto assets collateral payable | - |
| Crypto assets borrowed | 75,000,000 |
| Warrant liability | - |
| Other current liabilities | 16,781,148 |
| **TOTAL CURRENT LIABILITIES** | **91,781,148** |
| Other non-current liabilities | - |
| **TOTAL LIABILITIES** | **91,781,148** |
| Share capital | 75,818,396 |
| Treasury shares | - |
| Share-based payments reserve | - |
| Warrant reserve | - |
| Other comprehensive loss | - |
| Retained deficit | (52,560,303) |
| **TOTAL EQUITY** | **23,258,093** |
| **TOTAL LIABILITIES & EQUITY** | **115,039,241** |

**Voyager Digital Holdings, Inc.**  **Case No. 22-10943**
Debtor  Reporting Period: February 2023

**PART 4**
**STATEMENT OF OPERATIONS (UNAUDITED)**

| Debtor name: | Voyager Digital Holdings, Inc. |
|---|---|
| Case number: | 22-10943 |
| **Line Item** | **Current period** |
| **REVENUES** | |
| Fee from crypto assets loaned | - |
| Staking revenue | - |
| **TOTAL REVENUES** | - |
| **EXPENSES** | |
| Cost of revenue | - |
| Compensation and employee benefits | - |
| Share-based payments | - |
| Professional and consulting fees | 4,357,647 |
| Marketing and sales | - |
| General and administrative | 74,385 |
| Depreciation & amortization | - |
| **TOTAL EXPENSES** | 4,432,032 |
| **INCOME (LOSS) BEFORE OTHER INCOME (LOSS)** | (4,432,032) |
| **OTHER INCOME (LOSS)** | |
| Interest income from related party | 618,854 |
| Change in fair value of crypto assets held | - |
| Fees on crypto assets borrowed | - |
| Interest expense from related party | (49,508) |
| Taxes | - |
| Other income (expense) | - |
| **TOTAL OTHER INCOME (LOSS)** | 569,346 |
| **NET INCOME (LOSS)** | (3,862,686) |

**Voyager Digital Holdings, Inc.**  Case No. 22-10943
**Debtor**  Reporting Period: February 2023

**SCHEDULE OF PAYMENTS MADE TO INSIDERS**

| Insider Name | Current Title | February Payments | Cumulative Payments |
|---|---|---:|---:|
| Ashwin Prithipaul | Chief Financial Officer | 0.00 | 127,252.31 |
| Daniel Costantino | Chief Information Security Officer | 0.00 | 90,716.09 |
| David Brosgol | General Counsel | 29,166.66 | 235,400.46 |
| Evan Psaropoulos | Chief Commercial Officer | 18,750.00 | 153,845.63 |
| Gerard Hanshe | Chief Operating Officer | 22,916.66 | 185,608.78 |
| Janice Barrilleaux | Chief Administrative Officer | 15,083.34 | 119,970.57 |
| Marshall Jensen | Head of Corporate Development | 25,000.00 | 201,082.11 |
| Matt Ray | Director | 30,000.00 | 210,000.00 |
| Pam Kramer | Chief Marketing Officer | 27,500.00 | 226,381.54 |
| Philip Eytan | Chief Strategy Officer | 0.00 | 8,781.11 |
| Rakesh Gidwani | Chief Technology Officer | 0.00 | 156,030.79 |
| Scott Vogel | Director | 30,000.00 | 210,000.00 |
| Stephen Ehrlich | Chief Executive Officer | 29,166.66 | 245,222.00 |
| **Total** | | **227,583.32** | **2,170,291.39** |

**Voyager Digital Holdings, Inc.**          Case No. 22-10943
**Debtor**          Reporting Period: February 2023

## BANK ACCOUNTS

| Debtor name: | Bank name | Account type | Account number (last four digits) | Period-end bank balance | Currency |
|---|---|---|---|---|---|
| Voyager Digital Holdings Inc. | Metropolitan Commercial Bank | Disbursement Account - Payroll | 0238 | 1,636,139.01 | USD |
| Voyager Digital Holdings Inc. | Signature Bank[1] | Operating Account | 1609 | 310.00 | USD |
| **TOTAL BANK BALANCE (USD)** | | | | **1,636,449.01** | USD |

*(1) On Sunday, March 12, 2023, Signature Bank, New York, NY was closed by the Department of Financial Services of New York. Subsequently, the Federal Deposit Insurance Corporation (FDIC) was named Receiver. No advance notice is given to the public when a financial institution is closed. To protect depositors, the FDIC transferred all the deposits and substantially all of the assets of Signature Bank to Signature Bridge Bank, N.A., a full-service bank that will be operated by the FDIC as it markets the institution to potential bidders. Depositors will automatically become customers of Signature Bridge Bank, N.A. and will continue to have uninterrupted customer service and access to their funds. The FDIC has communicated that all depositors will be made whole.*