UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------ X
                                                             :
In re                                                        :   Chapter 11
                                                             :
VOYAGER DIGITAL HOLDINGS, INC., et al.,                      :   Case No. 22-10943 (MEW)
                                                             :   (Jointly Administered)
                            Debtors.¹                        :
------------------------------------------------------------ X   Re: Docket Nos. 911 & 1053
```

## SECOND SUPPLEMENTAL DECLARATION OF MATTHEW M. MURPHY IN SUPPORT OF DEBTORS' APPLICATION PURSUANT TO SECTIONS 327(e) AND 330 OF THE BANKRUPTCY CODE FOR AUTHORITY TO EMPLOY AND RETAIN PAUL HASTINGS LLP AS SPECIAL REGULATORY AND CONFLICTS COUNSEL, EFFECTIVE AS OF THE PETITION DATE

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), I, Matthew M. Murphy, declare as follows:

1. I am a partner of the law firm of Paul Hastings LLP ("Paul Hastings"), located at, among other offices worldwide, 71 S. Wacker Drive, Forty-Fifth Floor, Chicago, Illinois 60606. I am one of the lead attorneys from Paul Hastings working on the above-captioned chapter 11 cases. I am a member in good standing of the Bar of the State of Illinois and have been admitted *pro hac vice* to this Court. There are no disciplinary proceedings pending against me.

2. I submit this second supplemental declaration (the "Second Supplemental Declaration"), pursuant to Bankruptcy Rule 2014(a) to provide additional details concerning the disclosures contained in the *Declaration of Matthew M. Murphy in Support of Debtors' Application Pursuant to Sections 327(e) and 330 of the Bankruptcy Code for Authority to*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

1

*Employ and Retain Paul Hastings LLP as Special Regulatory and Conflicts Counsel, Effective as of the Petition Date* (the "Original Declaration"), attached as Exhibit C to the *Debtors' Application Pursuant to Sections 327(e) and 330 of the Bankruptcy Code for Authority to Retain and Employ Paul Hastings LLP as Special Regulatory and Conflicts Counsel, Effective as of the Petition Date* [Docket No. 911] (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") and the *Supplemental Declaration of Matthew M. Murphy in Support of Debtors' Application Pursuant to Sections 327(e) and 330 of the Bankruptcy Code for Authority to Employ and Retain Paul Hastings LLP as Special Regulatory and Conflicts Counsel, Effective as of the Petition Date* (the "First Supplemental Declaration") [Docket No. 1053]. Except as otherwise set forth herein, this Second Supplemental Declaration does not replace anything in the Application, the Original Declaration, or the First Supplemental Declaration.

3.  The facts set forth in this declaration are based upon my personal knowledge, discussions with other Paul Hastings attorneys, and the firm's client/matter records that were reviewed by me or other Paul Hastings attorneys acting under my supervision and direction. To the extent any information disclosed in this Second Supplemental Declaration, the Original Declaration, or the First Supplemental Declaration requires amendment or modification upon Paul Hastings' completion of further review or as additional information becomes available, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

---

[2]  Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Application.

**Supplemental Disclosures**

4.  On or around December 6, 2023, Kirkland & Ellis contacted me to see if Paul Hastings would be willing represent the Debtors in filing and prosecuting a claim in the chapter 11 cases of Celsius Network LLC and its affiliated debtors and debtors in possession and opposing the late filed claim of Celsius Network LLC in the Debtors' Chapter 11 Cases (the "Conflict Matter"). After internally discussing the matter, we made the decision to take on the representation subject to clearing conflicts.

5.  On December 7, 2022, I caused Celsius Network LLC ("Celsius") to be submitted for review under the procedures developed by Paul Hastings to ensure compliance with the applicable requirements of the Bankruptcy Code and the Bankruptcy Rules regarding the retention of professionals (the "Firm Disclosure Procedures"). The results of this conflicts search indicated that Paul Hastings represents certain current and former officers (the "Officers") of Celsius in matters unrelated to the Debtors chapter 11 cases, but none of those individuals were Chris Ferraro, the interim Chief Executive Officer, Chief Restructuring Officer, and Chief Financial Officer of Celsius.

6.  As of December 7, 2022, Mr. Ferraro was not included in our conflicts check system and therefore did not appear in the results of the conflicts check as a client.[3] Accordingly, I was not aware and had no reasonable means to determine that Mr. Ferraro was a client of Paul Hastings.

---

[3] As set forth in my First Supplemental Declaration, "on July 12, 2022, Celsius issued a wire to Paul Hastings in the amount of $750,000.00 on behalf of the Officers, as an advance retainer for Paul Hastings' representation of the Officers with respect to the Legal Services (the "Retainer Payment")." First Supplemental Declaration ¶5. Unfortunately, our conflicts check system and the Firm Disclosure Procedures do not identify the source of any retainer or invoice payments made. Accordingly, at the time of the various conflict checks, I was not aware and had no reasonable means to determine that Celsius had made a retainer payment to Paul Hastings on behalf of indemnification obligations it had related to the Officers.

3

7.  Thereafter, on or about December 15, 2022, in connection with preparing to file the Application, I caused to be submitted for review under our conflicts check system the names of parties in interest in the Chapter 11 Cases identified on <u>Schedule 1</u> to my Original Declaration (collectively, the "<u>Interested Parties</u>").  The Interested Parties included Celsius Network LLC and other names provided by counsel for the Debtors.  The results of that conflicts check are set forth in my Original Declaration.  As of December 15, 2022, Mr. Ferraro was not included in our conflicts check system and therefore did not appear in the results of the December 15 conflicts check.

8.  On January 24, 2023, this Court held a hearing on the Motion of Celsius Network LLC for *Order (I) Lifting the Automatic Stay Pursuant to 11 U.S.C. 362(D)(1) and Bankruptcy Rule 4001 and (II) Granting Leave to File Late Proof of Claim Pursuant to Bankruptcy Rules 3003(C) and 9006(B)(1)* [Docket No. 727] (the "<u>Motion to File a Late Proof of Claim</u>") (i.e., the Conflicts Matter) and Paul Hastings appeared on behalf of the Debtors.  Mr. Ferraro was a witness for Celsius at that hearing.  On January 25, 2023, the Debtors filed the Application and at that time, Mr. Ferraro was not included in our conflicts check system.

9.  On March 1, 2023, in preparation for the hearing on the Application, I discovered a document that indicated that Mr. Ferraro may be a client.  Remembering that Mr. Ferraro was a Declarant in support of the Motion to File a Late Proof of Claim, I immediately reached out to my colleague representing the Officers and learned that Mr. Ferraro was a client of the firm.  Neither I, nor the other attorneys working on matters related to the Debtors, realized that Mr. Ferraro was a client of Paul Hastings until March 1, 2023.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 21st day of March, 2023

*/s/ Matthew M. Murphy*
Matthew M. Murphy