**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | ) Case No. 22-10943 (MEW) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF M3 ADVISORY PARTNERS, LP AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF VOYAGER DIGITAL HOLDINGS, INC., *ET AL.*, EFFECTIVE AS OF JANUARY 4, 2023**

Upon the *Application for Order Authorizing the Employment and Retention of M3 Advisory Partners, LP as Financial Advisor to the Official Committee of Unsecured Creditors of Voyager Digital Holdings, Inc., et al., Effective as of January 4, 2023* (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Voyager Digital Holdings, Inc., *et al.* (collectively, the "Debtors") for entry of an order (this "Order") authorizing the Committee to employ and retain M3 Advisory Partners, LP (together with its wholly-owned subsidiaries, "M3") as its financial advisor in connection with the FTX-Related Matters, effective as of the Retention Date, all as more fully set forth in the Application; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Voyager Digital Holdings, Inc.'s and Voyager Digital Ltd.'s principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003. Voyager Digital, LLC's principal place of business is 701 S. Miami Ave, 8th Floor, Miami, FL 33131.

[2] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Application.

1

and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Committee's notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Application and Meghji Declaration and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application, the Meghji Declaration, and at the Hearing establish just cause for the relief granted herein; and the Court being satisfied, based on the representations made in the Application and the Meghji Declaration, that M3 is a "disinterested person" as defined in Bankruptcy Code section 101(14) and does not hold or represent an interest adverse to the Debtors' estates with respect to any of the matters for which M3 is to be engaged; and the Court finding that the employment of M3 is necessary to the performance of the Committee's duties; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.  The Application is granted as set forth herein.

2.  Pursuant to Bankruptcy Code sections 327, 328, and 1103(a), the Committee is authorized to employ and retain M3 as its financial advisor, effective as of January 4, 2023, for the FTX-Related Matters and upon the terms set forth in the Application.

3.  M3 shall apply for compensation of professional services and reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with Bankruptcy Code sections 330 and 331 and the applicable provisions of the Bankruptcy Rules, the Local Rules, applicable fee guidelines, and any applicable orders of this Court.

4. To the extent that M3 uses the services of independent contractors or subcontractors (collectively, the "Contractors") in these cases, M3 shall (i) pass-through the cost of such Contractors at the same rate that M3 pays the Contractors; (ii) seek reimbursement for actual costs only; and (iii) ensure that the Contractors are subject to the same conflict checks as required for M3, and (iv) shall file with the Court such disclosures required by Bankruptcy Rule 2014.

5. Prior to any increases in M3's rates for any individual retained by M3 and providing services in these cases, M3 shall file a supplemental declaration with the Court and provide ten (10) business days' notice to the Debtors, the United States Trustee, the Committee, and any other official committee. The supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Committee has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

6. To the extent the Committee wishes to expand the scope of M3's employment beyond those services set forth in this Application (and M3 agrees), the Committee shall seek further approval from this Court. Specifically, the Committee shall file notice of any proposed additional services (the "Proposed Additional Services") and, to the extent necessary, a supplemental declaration, with the Court and serve such notice on the U.S. Trustee, the Debtors, and any party requesting notice under Bankruptcy Rule 2002. If no such party files an objection within ten (10) days of the Committee filing such notice, the Proposed Additional Services and any underlying engagement agreement may be approved by the Court by further order without further notice or hearing.

7. M3 is entitled to reimbursement of actual and necessary expenses, including

legal fees related to this retention application and preparation of future fee applications as approved by the Court; provided, however, that M3 shall not seek reimbursement of legal fees incurred in defending applications for compensation filed in accordance with paragraph 3.

    8.    The following indemnification provisions are approved:

        a.    subject to the provisions of subparagraphs (b) and (c) below and approval of the Court, the Debtors are authorized to indemnify, and shall indemnify, M3 for any claims arising from, related to, or in connection with the services to be provided by M3 as specified in the Application, but not for any claim arising from, related to, or in connection with M3's post-petition performance of any services other not in connection with the engagement, unless such post-petition services and indemnification therefore are approved by this Court; and

        b.    the Debtors shall have no obligation to indemnify M3 for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from M3's gross negligence, willful misconduct, bad faith, or breach of fiduciary duties (if any), or fraud unless the Court determines that indemnification would be permissible pursuant to applicable law, or (ii) settled prior to a judicial determination as to M3's gross negligence, willful misconduct, or fraud, but determined by this Court, after notice and a hearing, to be a claim or expense for which M3 is not entitled to receive indemnity under the terms of this Application; and

        c.    if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, M3 believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification obligations under the Application, including, without limitation, the advancement of defense costs, M3 must file an application in this Court, and the Debtors may not pay any such amounts to M3 before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by M3 for indemnification, and not as a provision limiting the duration of the Debtors' obligation to indemnify M3.

        d.    In the event M3 seeks reimbursement from the Debtors for reasonable attorneys' fees in connection with a request by M3 for payment of indemnity as set forth in this Order, the invoices and supporting time records from such attorneys shall be included in M3s own application (both interim and final) and such invoices and time records shall be subject to the Fee Guidelines and the approval of the Court under the

4

standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

9. To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

10. M3 shall use reasonable efforts to avoid any duplication of services by any of the Committee's other retained professionals in these Chapter 11 Cases.

11. M3 is hereby authorized to keep reasonably detailed time records in half-hour increments and will submit, with any interim or final fee application, together with the time records, a narrative summary, by project category, of services rendered and will identify each professional rendering services, the category of services rendered and the amount of compensation requested.

12. Notice of the Application as provided therein shall be deemed good and sufficient notice of the Application, and the Local Rules are satisfied by the contents of the Application.

13. The Committee and M3 are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

14. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. The Court shall retain jurisdiction with respect to any matters arising from or related to the implementation, interpretation, and enforcement of this Order and M3's retention.

Dated: New York, New York
      March 27, 2023

                                          /s/ **Michael E. Wiles**
                                          UNITED STATES BANKRUPTCY JUDGE