UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
: 
In re : Chapter 11
:
VOYAGER DIGITAL HOLDINGS, INC., *et al.*, : Case No. 22-10943 (MEW)
:
Debtors.[1] : (Jointly Administered)
:
---------------------------------------------------------------- X

### CERTIFICATE OF NO OBJECTION REGARDING REQUEST OF METROPOLITAN COMMERCIAL BANK FOR REIMBURSEMENT OF FEES

Pursuant to 28 U.S.C. § 1746, rule 9075-2 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and in accordance with this Court's case management procedures set forth in the *Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 240] (the "Case Management Order"), the undersigned counsel for the Metropolitan Commercial Bank ("MCB") hereby certifies as follows:

1. On March 14, 2023, MCB filed the *Request of Metropolitan Commercial Bank for Reimbursement of Fees* [Docket No. 1180] the ("Request"). As set forth in the *Certificate of Service* filed at Docket No. 1191, the undersigned caused the Request to be filed via CM/ECF on March 14, 2023, and also to be sent via email and regular mail on March 14, 2023 and March 15, 2023, respectively, to the parties on the Master Service List.

2. In accordance with the Case Management Order and the procedures set forth in paragraph 4 of the *Stipulation and Agreed Order Between the Debtors and Metropolitan*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

*Commercial Bank* [Docket No. 821], responses or objections to the Request and the relief requested therein were due no later than March 28, 2023 at 4:00 PM, prevailing Eastern time (the "Objection Deadline").  Local Rule 9075-2 provides that a motion may be granted without a hearing if (a) no objections or other responsive pleadings have been filed on or before the applicable objection deadline and (b) the attorney for the entity that filed the motion complies with such rule.

3. As of the filing of this certificate of no objection, more than forty-eight hours have elapsed since the Objection Deadline and, to the best of my knowledge, no responsive pleading to the Request has been (a) filed with the Court on the docket of the above-captioned chapter 11 cases or (b) served on MCB or its counsel.  However, based on informal discussions with the Official Committee of Unsecured Creditors, MCB has agreed to reduce the amount requested in the Request to $950,000.00.

4. Accordingly, MCB respectfully requests entry of the revised proposed order attached hereto as **Exhibit A** at the Court's earliest convenience.

| | |
|---|---|
| Dated: March 30, 2023<br>New York, New York | Respectfully submitted,<br><br>*/s/ Amy R. Wolf*<br>Richard G. Mason<br>Amy R. Wolf<br>Angela K. Herring<br>WACHTELL, LIPTON, ROSEN & KATZ<br>51 West 52nd Street<br>New York, New York  10019<br>Telephone:  (212) 403-1000<br>Facsimile:  (212) 403-2000<br>Email:  RGMason@wlrk.com<br>         ARWolf@wlrk.com<br>         AKHerring@wlrk.com<br><br>*Attorneys for Metropolitan Commercial Bank* |