Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | Case No. 22-10943 (MEW) |
| Debtors. | (Jointly Administered) |
| | **Re Docket Nos.: 1064, 1084, 1176** |

**DEBTORS' REPLY IN SUPPORT OF**
**DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING**
**THE JOINT STIPULATION BY AND AMONG THE DEBTORS, THE FTX**
**DEBTORS, AND THEIR RESPECTIVE UNSECURED CREDITOR COMMITTEES**

The debtors and debtors in possession (collectively, the "Debtors") respectfully submit this reply in response to the *Objection of the Ad Hoc Group of Equity Holders to Joint Stipulation and Agreed Order Between the Voyager Debtors, the FTX Debtors, and Their Respective Official Committees of Unsecured Creditors* [Docket No. 1084] and *Objection of the Ad Hoc Group of Equity Holders to Debtors' Motion for Entry of an Order Approving the Joint Stipulation By and Among the Debtors, the FTX Debtors, and Their Respective Unsecured Creditor Committees* [Docket No. 1176] (collectively, the "AHG Objection") filed by the Ad Hoc Group of Equity

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

Holders (the "Ad Hoc Group"), and *Objection to the Joint Stipulation and Agreed Order Between the Voyager Debtors, the FTX Debtors, and their Respective Official Committees of Unsecured Creditors* [Docket No. 1064] (the "Shehadeh Objection," and together with the AHG Objection, the "Objections") filed by *pro se* creditor Alah Shehadeh,[2] and in support of the *Debtors' Motion for Entry of an Order Approving the Joint Stipulation By and Among the Debtors, the FTX Debtors, and Their Respective Unsecured Creditor Committees* [Docket No. 1109] (the "Motion")[3] and respectfully state as follows:

## Reply

1. The Motion seeks approval of the Debtors' entry into the *Joint Stipulation By and Among the Debtors, the FTX Debtors, and Their Respective Unsecured Creditor Committees* [Docket No. 1106-1] (the "Stipulation"). The Stipulation favorably resolves legal and factual issues that would have otherwise resulted in an even more contested and extensive confirmation hearing and provides consensus on a path forward to resolve the laundry list of disputes between the Debtors, the FTX Debtors, and their respective UCCs.

---

[2] Mr. Shehadeh was barred from any further participation in the confirmation proceeding following his behavior at the March 2, 2023 confirmation hearing and prior hearings. *See* Transcript, *In re Voyager Digital Holdings, Inc.*, No. 22-10943 at 201:20–25, 202:1–12 (Mar. 2, 2023).

The Debtors have tried to be cooperative with Mr. Shehadeh. The Debtors are willing to continue trying, but it appears unlikely such efforts will be productive in light of Mr. Shehadeh's prior actions, including the nonconsensual recording of one of the conversations he had with the Debtors' counsel and posting it online on a public telegram channel.

This is the 22nd filing by Mr. Shehadeh in these chapter 11 cases. Nearly all of Mr. Shehadeh filings have included unsubstantiated accusations and allegations against the Debtors, their management team, and advisors, and/or the Court, while nearly all have been entirely incorrect as a matter of law (except in the few instances that Mr. Shehadeh has inadvertently agreed with the Debtors). This Objection is not unique, it lacks merit entirely, and it should be overruled.

[3] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Motion.

2

2. The Debtors, with the consent of the Voyager UCC, have elected to have the FTX Debtors (i) withdraw the Alameda Loan Facility Claims in their entirety with prejudice to the FTX Debtors or any other party reasserting such claims and (ii) waive any and all recoveries to which the FTX Debtors may be entitled to on account of their equity interests in Voyager TopCo.[4] The Ad Hoc Group confirmed that these elections resolve the Ad Hoc Group Objection. The remaining Objection is not a barrier to approval of the Stipulation. The Shehadeh Objection suggests that Mr. Shehadeh is again confused concerning the requirements of the Bankruptcy Code. Under the Bankruptcy Code, claims—especially of the magnitude of the Preference Claims—must be accounted for and properly reserved in the event that such claims are deemed valid. The FTX Debtors have asserted that the Preference Claims are administrative claims which under the Bankruptcy Code must be paid in full to confirm a plan. While the Debtors believe the FTX Debtors' Preference Claims are entirely without merit, they must be appropriately reserved for so that in the event they are allowed, the Debtors can satisfy their obligations under the Bankruptcy Code.

3. The Stipulation does not propose to pay the Preference Claims, but instead establishes that a reserve in the amount of the Preference Claims will be established pending the outcome of the future litigation. This is wholly consistent with the requirements of the Bankruptcy Code.

4. The Debtors agreed to this part of the Stipulation not because they were trying to help the FTX Debtors, but because it is required for the Debtors to comply with the requirements of the Bankruptcy Code.

---

[4] Matthew Ray, in an exercise of his duties as the independent director of Voyager TopCo, made these elections.

5. Given this, and for the reasons set forth in the Motion, the Court should approve the Stipulation as the holdback of the disputed amount of the Preference Claims is appropriate, pending further order of this Court. In the event that the Debtors successfully defend the Preference Claims, then the amount held back will be distributed to the applicable creditors.

6. Accordingly, the Debtors respectfully request that the Court overrule the remaining Objection and grant the Motion.

*[Remainder of page intentionally left blank]*

For the reasons set forth herein and in the Motion, the Debtors respectfully request that the Court overrule the Objection and grant the relief requested in the Motion as set forth in the Proposed Order.

| | |
|---|---|
| Dated: April 3, 2023<br>New York, New York | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>Christopher Marcus, P.C.<br>Christine A. Okike, P.C.<br>Allyson B. Smith (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:  (212) 446-4800<br>Facsimile:  (212) 446-4900<br>Email:  jsussberg@kirkland.com<br>        cmarcus@kirkland.com<br>        christine.okike@kirkland.com<br>        allyson.smith@kirkland.com<br><br>*Counsel to the Debtors and Debtors in Possession* |