UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
*In re*                                                          :    Chapter 11
                                                                 :
**VOYAGER DIGITAL HOLDINGS, INC.,** *et al.*,[1]                 :    Case No. 22-10943 (MEW)
                                                                 :
                              Debtors.                           :    (Jointly Administered)
---------------------------------------------------------------- x

# ORDER APPOINTING INDEPENDENT FEE EXAMINER AND ESTABLISHING RELATED PROCEDURES FOR THE REVIEW OF FEE APPLICATIONS OF RETAINED PROFESSIONALS

Upon consideration of the Motions to Appoint Fee Examiner, filed by certain creditors of the above-captioned Debtors (ECF Doc. Nos. 924, 952, 966, 980) (the "Motions"), upon further consideration that the size and complexity of these jointly administered chapter 11 cases will result in the filing of numerous, lengthy and complex professional fee applications; upon the Court's conclusion at the February 7, 2023 hearing on the Motions that the appointment of a fee examiner (the "Fee Examiner") under Bankruptcy Code section 105 appears to be in the best interests of the Debtors, their estates and creditors, and other parties-in- interest; the Court having directed the parties hereto to consult regarding the appointment of the Fee Examiner; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and this matter being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and upon the declaration of disinterestedness

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (N/A); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

of Lori Lapin Jones, Esq. (the "Fee Examiner"), dated April 5, 2023; and good and sufficient cause appearing therefor; it is hereby,

FOUND AND DETERMINED THAT:

A.    The Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code on July 5, 2022 (the "Petition Date").

B.    The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. [ECF No. 53].

C.    On July 19, 2022, the United States Trustee appointed an official committee of unsecured creditors (the "Official Committee") [ECF Nos. 102, 106].

D.    On August 4, 2022, the Court entered an Order Establishing Procedures for Interim Compensation and Reimbursement of Expense for Retained Professionals (the "Interim Compensation Order").

E.    The board of directors of debtor Voyager LLC appointed a special committee (the "Special Committee") whose mandate included the investigation of possible causes of action that Voyager may have against insiders of Voyager LLC.

F.    No chapter 11 trustee or examiner has been appointed in these cases.

G.    Certain of the Debtors' individual creditors filed motions for the appointment of a fee examiner in these cases. ECF Doc. Nos, 924, 962, 966, 980. On February 5, 2023, the Debtors filed an Objection to the Motions. ECF Doc. No. 964. At a hearing on the Motions, the Court directed that an independent fee examiner (the "Fee Examiner") be appointed in these cases. The Fee Examiner shall review and report, as appropriate, the monthly fee statements filed in accordance with the Interim Compensation Order and all interim and final applications

for allowance of compensation and reimbursement of expenses filed by professionals retained or appointed pursuant to Bankruptcy Code sections 105, 327, 1103, 1104 or similar authority or otherwise requesting compensation and/or reimbursement of expenses on an interim basis pursuant to the Interim Compensation Order (the "Retained Professionals"), in accordance with Bankruptcy Code sections 327, 330, and 331 and the Interim Compensation Order (collectively, the "Applications"), and the Debtors and the Official Committee have consented to such proposal on the terms set forth herein.

H.      For the purposes of this Order, the term "Retained Professionals" (i) shall specifically include (a) any and all professionals in these cases requesting compensation and/or reimbursement of expenses on an interim basis pursuant to Bankruptcy Code sections 327, 330, 331, or 1103, (b) each professional subject to the *Order Authorizing the Retention and Compensation of Professionals Utilized in the Ordinary Course of Business* [ECF Doc. No. 244] (as may be amended or supplemented from time to time, the "Ordinary Course Professionals Order") whose fees exceed the Case Cap (as defined in the Ordinary Course Professionals Order) applicable to such professional, solely with respect to the fees of such professional that exceed such Case Cap, and (c) any and all professionals of any official committee of preferred equity holders, if one is appointed.

I.      For purposes of this Order, the term "Retained Professionals shall exclude (a) professionals retained pursuant to sections 328 and 363 of the Bankruptcy Code, (b) ordinary course professionals employed by the Debtors pursuant to the Ordinary Course Professionals Order whose fees do not exceed the Case Cap, and (c) any requests for compensation submitted pursuant to Bankruptcy Code sections 503(b)(3) or 503(b)(4), and/or for making a substantial contribution to these chapter 11 cases.

J.	Lori Lapin Jones, Esq., the proposed Fee Examiner, is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14).

IT IS HEREBY ORDERED THAT:

1.	The Court hereby appoints Lori Lapin Jones, Esq. to serve as independent fee examiner (the "Fee Examiner") in these cases, subject to the terms and conditions of this Order and of the Interim Compensation Order, as modified herein.

2.	In the performance of her duties and powers as provided in this Order, the Fee Examiner shall enjoy the maximum immunity permitted by law from all manner of claims, demands, suits, or civil actions for all acts taken or omitted by him. Any and all claims, demands, suits, or civil actions not brought or asserted against the Fee Examiner prior to the thirtieth (30th) calendar day after entry of an order determining the last final fee Application in these cases pursuant to Bankruptcy Code section 330 shall be barred forever and discharged, and all persons and entities shall be enjoined from prosecuting such claims in any manner thereafter. No person or entity shall seek discovery from the Fee Examiner, subpoena the Fee Examiner as a witness, or commence an action against the Fee Examiner in connection with her duties or powers hereunder except in this Court and only with the prior approval of this Court, which retains exclusive jurisdiction therefor.

3.	The Fee Examiner may retain attorneys and other professionals, assistants, fee reviewers, or consultants to the extent she deems it necessary to discharge her duties. The Fee Examiner's retention of professionals shall be subject to Court approval under standards equivalent to Bankruptcy Code section 327, after notice and opportunity for hearing pursuant to Local Rules of this Court.

4.	The fees and expenses of the Fee Examiner and any Court-approved attorneys and

other professionals for the Fee Examiner shall be subject to application and review pursuant to Bankruptcy Code section 330 and shall be paid from the Debtors' estates as an expense of administration under Bankruptcy Code section 503(b)(2) and in accordance with the procedures in the Interim Compensation Order. The Fee Examiner's compensation shall not be contingent, dependent, or based on any element of success or result. The Fee Examiner's fees and expenses shall be subject to the information detail requirements set forth in Local Rule 2016-1 and the applicable United States Trustee Appendix B Guidelines for Compensation.

5. Except as otherwise provided herein, the scope of the Fee Examiner's duties and responsibilities shall encompass all interim and final Applications submitted after February 21, 2023.

6. With respect to the Interim Applications heard by the Court at the February 7, 2023 hearing (the "First Interim Fee Applications"), the Fee Examiner shall communicate with the U.S. Trustee concerning the U.S. Trustee's prior review of the First Interim Fee Applications and the U.S. Trustee's discussions with professionals concerning those Applications. To the extent the Fee Examiner and the U.S. Trustee jointly determine that there is good cause for the Fee Examiner to review one or more of the First Interim Fee Applications (or portions thereof), the Fee Examiner may review those First Interim Fee Applications, confer with professionals, and report to the Court.

7. Except as provided in Paragraph 5 above, the Fee Examiner shall review and assess all Applications filed by Retained Professionals (with the exception of professionals retained pursuant to sections 328 and 363 of the Bankruptcy Code), and the fees and reimbursement of expenses for which allowance is sought pursuant to the Applications for compliance with (1) Bankruptcy Code sections 329, 330 and 331, as applicable, (2) Rule 2016 of

the Federal Rules of Bankruptcy Procedure, (3) the Interim Compensation Order (as amended herein), and (4) Local Bankruptcy Rule 2016-1 and the applicable guidelines for compensation. The Fee Examiner is further authorized and shall have standing before the Court:

    (a)    to prepare reports (as discussed in further detail below) for the Court to aid in the review and approval of interim and final fee Applications, which may include such matters as the efficiency and reasonableness of staffing and expenses and the appropriateness of periodic increases in hourly rates;

    (b)    to require applicants for compensation to provide her such supplemental information as she may reasonably require in order to evaluate the reasonableness of any particular fee item; *provided*, however, that nothing herein shall require a Retained Professional to provide any information that would disclose privileged information, work product or anything (including potential strategies) that in the Retained Professional's reasonable discretion could be damaging or prejudicial to its clients (collectively, "<u>Privileged Information</u>"); *provided*, for the avoidance of doubt, that a professional's general discussion of projects and tasks without reference to confidential details shall not be considered a waiver of any privilege or discovery immunity; *provided further*, if a Retained Professional or its client does provide Privileged Information to the Fee Examiner, the Fee Examiner shall treat such information as confidential and the disclosure of such information to the Fee Examiner shall not be deemed to be a waiver by the disclosing party of any applicable work product, attorney-client, or other privilege;

    (c)    to conduct such discovery as may be pertinent and necessary to the performance of her other duties and responsibilities after first securing approval of

this Court, which may be granted only upon notice to all interested parties and opportunity for hearing, and the Court retains exclusive jurisdiction over all matters relating to such discovery; and

    (d) subject to the completion of the procedures set forth in Paragraph 7 for submission of a Preliminary and Final Report (each as defined below) with respect to the applicable fees or expenses, to object to the allowance of fees or expenses sought by any Retained Professional in a fee application on the same grounds as any party in interest in this case, including based on the reasonableness standard provided in Bankruptcy Code § 330.

Notwithstanding these enumerated powers, the Court shall have the final role in evaluating or judging the legal or factual merits of any papers filed or positions taken by parties in interest or their Retained Professionals, but this restriction shall not limit the ability of the Fee Examiner to consider the factors set forth in Bankruptcy Code sections 330(a)(3)(C) and (D) in her evaluation of Applications.

  8. The Fee Examiner shall review the Applications filed by each Retained Professional. To the extent practicable, the Fee Examiner shall avoid duplicative review when reviewing (1) interim fee Applications comprised of monthly fee statements and (2) final fee Applications comprised of interim fee Applications that have already been reviewed by the Fee Examiner. After reviewing each Retained Professional's Application, the Fee Examiner shall:

    (a) within the later of thirty (30) days after a Retained Professional files an Application (or in the case of interim fee applications filed prior to entry of this Order, 30 days following service of such interim fee applications on the Fee Examiner) and 30 days after the Retained Professional provides the Fee Examiner

with all relevant time records in searchable format, prepare a report on each Application (each, a "Preliminary Report") for which the Fee Examiner has a potential issue or objection, and serve any such Preliminary Report on the Retained Professional. The Fee Examiner's Preliminary Report shall quantify and present information relevant to whether the requested fees, disbursements, and expenses meet the applicable standards of Bankruptcy Code section 330 and Local Rule 2016-1. These Preliminary Reports are to be treated as part of settlement discussions with the Retained Professionals and, as such, shall not be discoverable. The contents of the Preliminary Report shall be maintained in confidence by such parties (other than the United States Trustee) until such time as the Fee Examiner incorporates all or any content of the Preliminary Report into a Final Report in accordance with Paragraph 8(c) below.

(b)     within 14 days after service of the Preliminary Report, engage in written or oral communication with each Retained Professional, the objective of which is to resolve matters raised in the Preliminary Report and endeavor to address and resolve, to the mutual satisfaction of the Fee Examiner and the Retained Professional, any issues identified or to amend its Application in a Preliminary Report.

(c)     after a reasonable opportunity to resolve the issues identified in the Preliminary Report or amend the Application, file a final report or objection (the "Final Report") with the Court and note any remaining objections to the Application. The Retained Professional may file a reply to the Final Report. The Final Report shall be in a format designed to quantify and present information relevant to whether

the requested fees and expenses of each Retained Professional meet the applicable standards of Bankruptcy Code section 330 and Local Rule 2016-1. The Final Report shall also inform the Court of any proposed consensual resolutions of the fee or expense reimbursement request for each Retained Professional and the basis for such proposed consensual resolution.

(d) The Fee Examiner shall file her Final Report at least ten (10) days before the hearing date on the relevant Application and shall serve a copy on the United States Trustee, counsel to the Debtors, counsel to the Official Committee, Counsel to the Special Committee, and all Retained Professionals.

9. Any of the periods set forth above may be extended with the consent of the Fee Examiner and the applicable Retained Professional. Nothing herein shall be construed or interpreted to require the filing of Final Reports on all Applications prior to any Application and the Final Report specific thereto being considered by the Court, and the delay or adjournment of consideration of an Application shall not affect the timing of hearings on the Applications of other Retained Professionals.

10. The Fee Examiner, the Debtors, the Official Committee, the Special Committee, and the Retained Professionals shall use best efforts to have undisputed portions of Applications both allowed by the Court and paid as soon as reasonably practicable, even if a Contested Amount remains disputed and subject to the procedures set forth above.

11. All Retained Professionals (including attorneys, the Examiner, financial advisors, auditors, and claims consultants, but excluding all professionals retained pursuant to Bankruptcy Code Sections 328 and 363) shall cooperate with the Fee Examiner in the discharge of the Fee Examiner's duties and shall, subject to the qualification set forth in Paragraph 7(b)

above with respect to privileged matters or work product, promptly respond to any reasonable request for information from the Fee Examiner.

12. Nothing contained herein shall affect the right, if any, of any party in interest in these cases to object or otherwise respond to any interim or final fee Application or monthly request for compensation and reimbursement of expenses, including those of the Fee Examiner. Nothing herein shall affect any party's right to request a waiver of the requirements of Local Rule 2016-1 or the applicable Guidelines for Compensation and the requirements under Bankruptcy Code section 330, to the extent they apply. Nothing herein shall alter or modify prior orders governing the retention of professionals.

13. The Application Recipients, as defined in the Interim Compensation Order, as amended by this Order, are authorized and empowered to take any and all actions necessary to implement and effectuate the terms of this Order, but only to the extent such actions are not inconsistent with the express terms of the Order.

14. The Interim Compensation Order is hereby modified as follows:

(a) The Fee Examiner is designated as an additional Application Recipient entitled to receive monthly fee statements, and provide objections if appropriate, under the Compensation Procedures set forth in the Interim Compensation Order.

(b) No later than three (3) business days after the filing of each Application, the Retained Professional shall send to the Fee Examiner via electronic mail the Application, including the fee detail containing the time entries and the expense detail ("Fee Detail") in searchable electronic format (Word, LEDES, Excel or PDF format).

    (c) A Retained Professional need not send to the Fee Examiner the electronic-formatted Fee Detail for any (i) Interim Fee Application if such Retained Professional has previously submitted the relevant Fee Detail with the applicable Monthly Fee Statement or otherwise or (ii) final fee Application if such Retained Professional has previously submitted the relevant Fee Detail with the applicable Interim Fee Application or otherwise. If any Retained Professional cannot reasonably convert its Fee Detail to the electronic format described above, the Fee Examiner will work with such Retained Professional to find an appropriate electronic format.

 15. All previously filed Applications and related Fee Details shall be provided to the Fee Examiner by each Retained Professional within 20 days of entry of this Order. All previously filed Applications, all future Applications, and all other documents, notices or pleadings required to be sent to or served upon any Application Recipient under the Interim Compensation Order on and after the date hereof shall be served upon the Fee Examiner[2]:

Lori Lapin Jones, Esq.<br>
Lori Lapin Jones PLLC<br>
98 Cutter Mill Road - Suite 255 South<br>
Great Neck, New York 11021<br>
Telephone: (516) 466-4110<br>
Facsimile: (516) 466-4009<br>
ljones@jonespllc.com

 16. The Wind-Down Debtors shall pay the fees and expenses of the Fee Examiner and her retained professionals in the amount the Court allows including from funds held in the Professional Fee Escrow Account as soon as reasonably practicable after such fees and expenses are allowed by entry of orders of the Court provided that the Debtors' and Wind-Down Debtor's

---

[2] The Fee Examiner shall also be deemed to have filed a request for notice of papers filed in the chapter 11 cases under Bankruptcy Rule 2002 and the Fee Examiner shall be served with all such papers.

obligations to pay the fees and expenses of the Fee Examiner and her retained professionals shall not be limited to funds held in the Professional Fee Escrow Account. The Fee Examiner and her professionals shall be deemed Professionals for purposes of the Professional Fee Escrow Account and shall be entitled to the protections afforded Professionals under the Confirmation Order.

17. Following entry of this Order, the Fee Examiner shall provide counsel to the Wind-Down Debtor an estimate of fees and expenses of the Fee Examiner and her professionals for funding of the Professional Fee Escrow Account provided however such estimate shall not be a limitation on the fees and expenses the Fee Examiner and her retained professionals may request and may be awarded.

18. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry and shall remain in effect unless and until the Court orders otherwise.

19. To the extent there is any inconsistency between the terms of any professional's retention agreement and this Order, the term of this Order shall govern.

20. The Court retains jurisdiction to enforce, modify or vacate this Order after hearing upon not less than fourteen (14) days' notice to the Fee Examiner, the Debtors, the Official Committee, the Special Committee, and the United States Trustee. Notwithstanding any provisions of this Order to the contrary, the Court retains ultimate authority to determine whether fees and expenses requested by any Retained Professional are necessary and reasonable under Bankruptcy Code section 330.

DATED this _____ day of _____, 2023

_____
Honorable Michael E. Wiles
United States Bankruptcy Judge