**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re:                                          :     Chapter 11
                                                :
VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1]    :     Case No.: 22-10943 (MEW)
                                                :
            Debtors.                            :     (Jointly Administered)
---------------------------------------------------------------x

### DECLARATION OF DISINTERESTEDNESS
### OF LORI LAPIN JONES, ESQ.

I, Lori Lapin Jones, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true to the best of my knowledge, information, and belief:

*Background*

1.  I am an attorney in good standing admitted to practice in the State of New York, and in the United States District Courts for the Southern District of New York and the Eastern District of New York.

2.  I have been practicing law since 1982. Following a clerkship in the United States Bankruptcy Court for the Southern District of New York for the Honorable Tina L. Brozman, I spent seventeen years in private practice working on large bankruptcy and restructuring cases at two New York City law firms. In 2005, I founded Lori Lapin Jones PLLC where my practice has focused on fiduciary work in the bankruptcy field. I am a member of the panel of Chapter 7 trustees for the Eastern District of New York and Southern District of New York, and I have served or currently serve in other fiduciary capacities including as Chapter 11 trustee, examiner, mediator, federal court receiver, and post-confirmation plan administrator. I am currently serving as a Fee Reviewer in the Aearo Technologies LLC chapter 11 cases, I have served as a fee consultant, and my firm, Lori Lapin Jones PLLC, has represented a fee examiner in a case in the United States Bankruptcy Court for the Southern District of New York.

3.  I am a Fellow of the American College of Bankruptcy (Co-Chair of the Education Committee for the Second Circuit), a member of the Second Circuit Judicial Council Committee on Civic Education & Public Engagement, and a member of the Chapter 11 Lawyers' Advisory Committee for the Eastern District of New York (Vice Chair 2014-2018).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital, Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, New York 10003.

*Disinterestedness*

4. I submit this Declaration to establish that I am a "disinterested person" as that term is defined in 11 U.S.C. § 101(14) ("Bankruptcy Code") to serve as Fee Examiner in the jointly administered chapter 11 cases of Voyager Digital Holdings, Inc., *et al.* (collectively "Debtors"). Unless otherwise stated, I have personal knowledge of the facts set forth herein.

5. I have reviewed the Debtors' schedules, amended schedules, statement of financial affairs, docket, claims register and lists of interested parties provided to me by Debtors' counsel.

6. With respect to my "disinterestedness" under Section 101(14) of the Bankruptcy Code, I provide the following information:

   a. I am not, nor have been, during the pendency of these Chapter 11 cases, a creditor, equity security holder or insider of any of the Debtors.

   b. I am not, nor have been, a director, officer, or employee of any of the Debtors.

   c. I do not have an interest materially adverse to the interests of the bankruptcy estates or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, any of the Debtors, or for any other reason.

   d. I am not a relative of any Bankruptcy Judge of the United States Bankruptcy Court for the Southern District of New York, the United States Trustee or any person employed by the United States Trustee.

   e. I have not and do not represent the Debtors or their affiliates, if any. I have not and do not represent any party in interest in connection with the Debtors' chapter 11 cases. Except as set forth below, I do not have any connection with any of the creditors or other parties-in-interest or their respective attorneys, financial consultants, or accountants that are included on the Debtors' petitions or shown on the Court's docket.

      i. Stretto, Inc. has been retained as the Debtors' Claims and Noticing Agent. Stretto, Inc. provides software and technological support to estates (wholly unrelated to these cases) in which I serve as Chapter 7 trustee and in certain other wholly unrelated cases in which I serve or have served as a fiduciary. I will not be involved in the review of fee applications of Stretto, Inc.

      ii. Epiq Corporate Restructuring LLC was retained as the noticing and information agent for the Official Committee of Unsecured Creditors in these cases. In wholly unrelated jointly administered cases in which I serve as Plan Administrator, Epiq Systems Class Action & Claim Solutions ("Epiq Systems") is the claims and noticing agent. Those cases are currently winding down. In 2022, Epiq Systems was paid approximately $5,000 from those estates.

        iii. In my past, current or future roles as Chapter 7 trustee, Chapter 11 trustee, post-confirmation trustee, examiner, mediator, fee reviewer, or other fiduciary in other cases, I may have had, may have and may in the future have interactions and connections with parties-in-interest and professionals retained by parties-in-interest, but any such interactions and connections would be in cases unrelated to the Debtors' cases, and Lori Lapin Jones PLLC has not represented any of the parties-in-interest or their professionals.

*Compensation and Staffing*

7. My hourly rate is $650.00. I have agreed to a discount and will charge the estates an hourly rate of $490.00 for my services plus out-of-pocket disbursements. I understand that payment of my fees and expenses will be governed by the Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief [ECF No. 236], and I will file interim and final applications for compensation and reimbursement of expenses.

8. Except as permitted under Section 504 of the Bankruptcy Code, I will not share any compensation or reimbursement received in connection with these chapter 11 cases with another person.

9. Currently, I anticipate retaining the services of a database service provider and a fee reviewer and the retention of each will be subject to this Court's approval.

10. If I discover any facts materially bearing on the matters described herein, I will supplement the information contained in this Declaration.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 5th day of April 2023

/s/ Lori Lapin Jones
Lori Lapin Jones