**Presentment Date: May 2, 2023 at 12:00 p.m. (prevailing Eastern Time)**
**Objection Deadline: May 1, 2023 at 4:00 p.m. (prevailing Eastern Time)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:                                                    :        Chapter 11

VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1]   :        Case No.: 22-10943 (MEW)

                        Debtors.                  :        (Jointly Administered)

------------------------------------------------------------x

NOTICE OF PRESENTMENT AND OPPORTUNITY FOR A HEARING ON THE
APPLICATION OF INDEPENDENT FEE EXAMINER TO EMPLOY
(A) NATIONAL CRS, LLC AS DATABASE SERVICE PROVIDER AND
(B) DIANA G. ADAMS AS A FEE REVIEWER

**PLEASE TAKE NOTICE** that Lori Lapin Jones, Esq., Independent Fee Examiner,

hereby files the annexed Application of Independent Fee Examiner to Employ (A) National CRS,

LLC as Database Service Provider and (B) Diana G. Adams as a Fee Reviewer ("Application").

**PLEASE TAKE FURTHER NOTICE** that the Independent Fee Examiner will present

the proposed order attached to the Application as Exhibit A ("Proposed Order"), to the

Honorable Michael E. Wiles, United States Bankruptcy Judge, for approval and signature on

**May 2, 2023 at 12:00 p.m. (prevailing Eastern Time)** ("Presentment Date").

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief

requested in the Application shall: (a) be in writing; (b) conform to the Federal Rules of

Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and

all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital, Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, New York 10003.

Southern District of New York; (c) be filed electronically with the Court on the docket of *In re*

*Voyager Digital Holdings, Inc.,* Case No. 22-10943 (MEW) by registered users of the Court's

electronic filing system and in accordance with all General Orders applicable to chapter 11 cases

in the United State Bankruptcy Court for the Southern District of New York (which are available

on the Court's website at http://www.nysb.uscourtsgov); and (d) be served in accordance with

the *Final Order (I) Establishing Certain Notice, Case Management, and Administrative*

*Procedures and (II) Granting Related Relief* [Docket No. 240], by May 1, 2023 at 4:00 p.m.

prevailing Eastern Time ("Objection Deadline"), on (i) entities on the Master Service List

available on the case website at https://cases.stretto.com/voyager, (ii) Lori Lapin Jones, Esq.,

Independent Fee Examiner, c/o Lori Lapin Jones PLLC, 98 Cutter Mill Road, Suite 255 South,

Great Neck, New York 11021, and (iii) any person or entity with a particularized interest in the

subject matter of the Motion and Order.

       **PLEASE TAKE FURTHER NOTICE** that if no objections or other responses are

timely filed and served by the Objection Deadline with respect to the Application, the

Independent Fee Examiner shall, on the Presentment Date, submit the Order to the Court, which

Order the Court may enter without further notice or opportunity to be heard.

       **PLEASE TAKE FURTHER NOTICE** that if a written objection to the Application is

timely filed and served, a hearing ("Hearing") may be held to consider the Application

before the United States Bankruptcy Court on a date to be announced which Hearing will be

conducted telephonically.

       **PLEASE TAKE FURTHER NOTICE** that copies of the Application (with

exhibits) may be obtained free of charge by visiting the website of Stretto LLC at

https://cases.stretto.com/Voyager.  You may also obtain copies of the Application and other

pleadings filed in these chapter 11 cases by visiting the Court's website at

http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.


Dated: April 13, 2023
       Great Neck, New York

                                              /s/ Lori Lapin Jones
                                              Lori Lapin Jones, Esq.
                                              Independent Fee Examiner

                                              Lori Lapin Jones PLLC
                                              98 Cutter Mill Road, Suite 255 South
                                              Great Neck, New York 11021
                                              Telephone: (516) 466-4110

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | : | Case No.: 22-10943 (MEW) |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------x

### APPLICATION OF INDEPENDENT FEE EXAMINER TO EMPLOY (A) NATIONAL CRS, LLC AS DATABASE SERVICE PROVIDER AND (B) DIANA G. ADAMS AS A FEE REVIEWER

TO THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE:

Lori Lapin Jones, Esq., the Independent Fee Examiner in these jointly administered cases, hereby requests that this Court authorize, pursuant to 11 U.S.C. § 105(a) and under the standards analogous to 11 U.S.C. § 327, Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York, the retention of (a) National CRS, LLC ("NCRS"), as a database service provider and (b) Diana G. Adams as a fee reviewer, each effective as of April 11, 2023. In support of this application ("Application"), the Independent Fee Examiner respectfully represents as follows.

### BACKGROUND

1. On July 5, 2022, Voyager Digital Holdings, Inc., Voyager Digital Ltd., and Voyager Digital, LLC ("Debtors") filed petitions under chapter 11 of title 11 of the United States Code ("Bankruptcy Code"). The Debtors have remained in possession of their property and continue in

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital, Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, New York 10003.

the operation and management of their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.  By Order dated March 8, 2023 ("Confirmation Order"), this Court confirmed the Debtors' Third Amended Joint Plan ("Plan"). The Confirmation Order is the subject of an appeal and stay and the Plan has not become effective.

3.  By Order Appointing Independent Fee Examiner and Establishing Related Procedures for the Review of Fee Applications of Retained Professionals entered April 10, 2023 [ECF No. 1277] ("Fee Examiner Order"), Lori Lapin Jones was appointed as the independent fee examiner ("Fee Examiner") in the Debtors' cases.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.) 1334. This is a core proceeding pursuant to 28 U.S.C. § 157 (b). Venue is proper in this district pursuant to 28 U.S.C. § §1408 and 1409.

5.  The legal predicates for the relief requested herein are section 105 (a) of the Bankruptcy Code and the Fee Examiner Order.

## RELIEF REQUESTED AND BASIS FOR RELIEF

6.  By this Application, the Fee Examiner seeks authority to retain (a) NCRS as database service provider ("Database Service Provider") and (b) Diana G. Adams as a fee reviewer ("Fee Reviewer") to assist the Fee Examiner in carrying out her responsibilities in these cases. A copy of the proposed order granting the Application is annexed as Exhibit A.

*Retention of NCRS*

7.  The work to be performed by NCRS is computer based and encompasses inputting

the time records from the fee applications into a database program that then allows for formatting

and arranging time entries so that the Fee Examiner can review the fee applications through a

streamlined process.  Data can be re-formatted, categorized, sorted, and cross checked; search

tools are enhanced; and user-friendly reports can be generated. These tools are expected to

greatly reduce the time of the Fee Examiner and facilitate her review of the fee applications on

many issues.

8.   NCRS, and its principal, Michael L. Newsom (including through predecessor firms),

have served as database service providers or consultants to fee examiners in bankruptcy cases

including: *In re Aearo Technologies LLC, et al* (S.D. Ind.); *National Realty Investment Advisors,*

*LLC* (D. N.J.); *In re Paddock Enterprises, LLC* (D. Del.); *In re Navillus Tile, Inc.* (S.D.N.Y.) and

*In re Garlock Sealing Technologies LLC* (W.D.N.C.).

9.   Michael L. Newsom will be performing all or substantially all the work on behalf of

NCRS for the Fee Examiner at an hourly rate of $275.00. If any other individual performs work

on behalf of NCRS for the Fee Examiner, the hourly rate will be less than $275.00.

10. A declaration of disinterestedness of Michael L. Newsom, the President of NCRS,

in which he represents that to the best of his knowledge, NCRS is a disinterested person is

annexed as Exhibit B.

11. NCRS will maintain detailed time records of fees and expenses incurred in

connection with providing services to the Fee Examiner. NCRS will be paid from the Debtors'

estates as an expense of administration under Bankruptcy Code section 503(b)(2) and in

accordance with the August 4, 2022 Order Establishing Procedures for Interim Compensation

and Reimbursement of Expenses for Retained Professionals ("Interim Compensation Order")

[ECF No. 95], the applicable provisions of the Bankruptcy Code, the Federal Rules of

Bankruptcy Procedure, the Local Rules of the Bankruptcy Court for the Southern District of New York and guidelines of the United States Trustee.

*Retention of Diana G. Adams*

12. As Fee Reviewer, Diana G. Adams will assist the Fee Examiner in carrying out her duties including, but not limited to, the review, analysis and assessment of fee applications, and the preparation of Preliminary Reports and Final Reports (each as defined in the Fee Examiner Order).

13. Since her retirement in 2010 as the United States Trustee for Region 2, Diana G. Adams has served as an independent fee examiner in *In re National Realty Investment Advisors, LLC,* (D. N.J.); *In re Paddock Enterprises, LLC,* (D. Del.); *In re Navillus Tile, Inc. (S.D.N.Y.); In re The Budd Company, Inc.* (N.D. IL) and as a fee reviewer assisting the independent fee examiner in *Aearo Technologies LLC, et al.* (S.D. IN) and *Garlock Sealing Technologies LLC* (W.D.N.C.)

14. Diana G. Adams will perform services at a reduced hourly rate of $400.00.

15. A declaration of disinterestedness of Diana G. Adams in which she represents that to the best of her knowledge, she is a disinterested person as defined in section 101(14) of the Bankruptcy Code, is annexed as Exhibit C.

16. Diana G. Adams will maintain detailed time records of fees and expenses incurred in connection with providing services to the Fee Examiner. She will be paid from the Debtors' estates as an expense of administration under Bankruptcy Code section 503(b)(2) and in accordance with the Interim Compensation Order, the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of the Bankruptcy Court for the Southern District of New York and guidelines of the United States Trustee.

*Basis for Relief Requested*

17. The Fee Examiner Order provides that the Fee Examiner "may retain attorneys and other professionals, assistants, fee reviewers, or consultants to the extent she deems it necessary to discharge her duties." (Fee Examiner Order at ¶ 3).  Retaining a Fee Reviewer will greatly assist the Fee Examiner in moving quickly to review and analyze at least fifteen fee applications and prepare the necessary reports. The services of the Database Service Provider, as outlined above, will reduce costs as it will allow for a quicker and more efficient and effective review of fee applications.

18. The Fee Examiner requests that the retention of the Fee Reviewer and the Database Service Provider be effective as of April 11, 2023, the date the Fee Examiner requested they begin performing services on behalf of the Fee Examiner.

19. The Fee Examiner will work cooperatively with NCRS and Diana G. Adams and best efforts will be made to insure that there is not a duplication of services being performed.

## NO PREVIOUS APPLICATION

20. No previous application for the relief requested herein has been sought from this or any other Court.

## CONCLUSION

21. For the reasons set forth herein, the Fee Examiner respectfully requests (a) approval of the retention of (i) NCRS as Database Service Provider and (ii) Diana G. Adams as Fee

Reviewer, each effective as of April 11, 2023 and as set forth in the proposed Order annexed as

Exhibit A hereto and (b) for such other and further relief as this Court deems just and proper.

Dated: April 13, 2023
     Great Neck, New York

By: /s/ Lori Lapin Jones
Lori Lapin Jones, Esq.
Independent Fee Examiner

Lori Lapin Jones PLLC
98 Cutter Mill Road – Suite 255 South
Great Neck, New York 11021
Telephone: (516) 466-4110

EXHIBIT A

[Proposed Order]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:                                                      Chapter 11

VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1]               Case No. 22-10943 (MEW)

                                    Debtors.                (Jointly Administered)
-------------------------------------------------------------x

## ORDER AUTHORIZING THE RETENTION BY THE INDEPENDENT FEE EXAMINER OF (A) NATIONAL CRS, LLC AS DATABASE SERVICE PROVIDER AND (B) DIANA G. ADAMS AS A FEE REVIEWER

Upon the application ("Application") of Lori Lapin Jones, Esq., Independent Fee

Examiner in the Voyager Digital Holdings, Inc., *et al.* chapter 11 cases ("Debtors"), seeking

entry of an order authorizing the employment and retention of National CRS, LLC ("NCRS") as

database service provider and Diana G. Adams, as a fee reviewer to the Independent Fee

Examiner and granting such relief as is just and proper dated April __, 2023; and the Court

having reviewed the Application and the Declarations of Michael L. Newsom and Diana G.

Adams; and the Court being satisfied that NCRS and Diana G. Adams each do not represent an

interest adverse to the Debtors' estates, that each is a disinterested person as that term is defined

in section 101(14) of the Bankruptcy Code; and due and sufficient notice of the Application

having been given under the particular circumstances; and it appearing that no other or further

notice need be provided; and it appearing that the relief requested by the Application is in the

best interest of the Debtors, their estates, their creditors, and other parties in interest; and after

due deliberation thereon, and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Application is granted to the extent set forth herein.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (N/A); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

2. Pursuant to section 105(a) of the Bankruptcy Code and the Order Appointing
   Independent Fee Examiner and Establishing Related Procedures for the Review of Fee
   Applications of Retained Professionals entered April 10, 2023 [ECF No. 1277] ("Fee
   Examiner Order"), the Fee Examiner is authorized to employ and retain (a) NCRS as her
   database service provider effective April 11, 2023 and (b) Diana G. Adams as a fee
   reviewer effective as of April 11, 2023. The Fee Examiner, NCRS, and Diana G. Adams
   will use best efforts to avoid duplication of services.

3. NCRS and Diana G. Adams shall each apply for interim and final compensation and
   reimbursement of expenses in accordance with sections 330 and 331 of the Bankruptcy
   Code.

4. NCRS and Diana G. Adams shall each be entitled to the privileges under, and be subject
   to the terms and conditions of, the Order Establishing Procedures for Interim
   Compensation and Reimbursement for Retained Professionals [ECF No. 1277].

5. Prior to applying any increases in their respective hourly rates in these cases beyond the
   rates set forth in the Application, NCRS and Diana G. Adams shall each provide ten
   days' notice of any such increases to the Fee Examiner, the Debtors, the United States
   Trustee, the Creditors' Committee appointed in these cases and will file such notice with
   the Court. NCRS and Diana G. Adams shall file a supplemental affidavit with the Court
   that explains the basis for any rate increase in accordance with section 330(a)(3)(F) of the
   Bankruptcy Code and state whether the Fee Examiner has approved the rate increase. The
   United States Trustee retains all rights to object to any rate increase on all grounds
   including, but not limited to, the reasonableness standard provided for in section 330 of
   the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant

to section 330 of the Bankruptcy Code.

6. In the event of a conflict between the Application and the Declarations of Michael L. Newsom and Diana G. Adams and the express terms of this Order, this Order shall govern.

7. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated this ___ day of May, 2023

_____
HONORABLE MICHAEL E. WILES
UNITED STATES BANRUPTCY JUDGE

EXHIBIT B

[Declaration of Disinterestedness – Michael Newsom]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re:                                                            Chapter 11

VOYAGER DIGITAL HOLDINGS, INC.,et al.[1]          Case No. 17-13162 (shl)
                                                                  (Jointly Administered)

                           Debtors.

------------------------------------------------------------x

### DECLARATION OF MICHAEL L. NEWSOM

            Pursuant to 28 U.S.C. § 1746, I, Michael L. Newsom, declare under penalty of

perjury that the following is true to the best of my knowledge, information and belief:

            1.      I am the President of National Creditor Recovery Services, LLC

("NCRS") and make this declaration in support of the application of Lori Lapin Jones, Esq. as

Fee Examiner, for the retention and employment of NCRS in the above captioned Chapter 11

cases ("Debtors").

            2.      As set forth more fully below, to the best of my knowledge and upon a

review of the information available to date, neither I, nor NCRS hold or represent any interest

adverse to the Debtors or their estates. In performing conflicts check, I reviewed the petition,

schedules, Statement of Financial Affairs, and docket.

            3.      Additionally, to the best of my knowledge, neither I nor NCRS:

                    a.      is a creditor of the Debtors;

                    b.      except as set forth below, presently represents a creditor or security

                            holder of the Debtors, or a person otherwise adverse or potentially

                            adverse to the Debtors or the Debtors' estate, on any matter that is

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification
numbers, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital, Ltd. (7224); and Voyager Digital, LLC
(8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, New
York 10003.

related to the Debtors or the Debtors' estate;

c.    except as set forth below, previously represented a creditor or equity security holder of the Debtors, or a person who is otherwise adverse or potentially adverse to the Debtors or their estates, on any matter related to the Debtors' Chapter 11 cases;

d.    except as set forth below, has any connection with the Debtors, their creditors, the Office of the United States Trustee or any employee of that office, or any other parties in interest; or

e.    except as set forth below, has any other interest, direct or indirect, which may affect or be affected by the proposed representation.

4.    Michael L. Newsom or NCRS: (a) may have appeared in the past, and may appear in the future, in other cases unrelated to these cases where the Debtors, their creditors and other interested parties may be involved; and (b) may have had contact with creditors of the Debtors which are wholly unrelated to these cases.

5.    To the best of my knowledge, information and belief, NCRS has no connections with the Debtors, their creditors, or other interested parties except as set forth herein.

6.    By reason of the foregoing, NCRS is eligible for employment and retention by the Fee Examiner.

7.    Neither NCRS nor Michael Newsom has received any promises regarding compensation to be received by NCRS in connection with this case other than in accordance with the provisions of the Bankruptcy Code and Bankruptcy Rules.

2

8.    Neither Michael L. Newsom nor NCRS has agreed to share with any entity any compensation received by NCRS in these cases other than in accordance with the provisions with the Bankruptcy Code and Bankruptcy Rules.

9.    If I discover any facts materially bearing on the matters described herein, I will supplement the information in this Declaration.

10.    NCRS has agreed to a reduced hourly rate of $275 for these cases.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12 day of April 2023

Michael L. Newsom

3

EXHIBIT C

[Declaration of Disinterestedness of Diana G. Adams]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
In re:                                                :        Chapter 11
                                                      :
VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1]  :        Case No.: 22-10943 (MEW)
                                                      :
                                    Debtors.          :        (Jointly Administered)
-----------------------------------------------------------------x

### DECLARATION OF DISINTERESTEDNESS
### OF DIANA G. ADAMS, ESQ.

I, Diana G. Adams, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true to the best of my knowledge, information and belief:

1.      I am an attorney in good standing admitted to practice in the State of New York, and in the United States District Courts of the Southern District of New York and the Eastern District of New York. I am also on the panel of mediators for the United States Bankruptcy Courts for the Southern District of New York and Eastern District of New York. I have previously served, or am currently serving, as a fee examiner in bankruptcy cases in New York, Delaware and New Jersey.

2.      I submit this Declaration to establish that I am a "disinterested person" as that term is defined in 11 U.S.C. § 101(14) to assist Lori Lapin Jones, Esq. ("Fee Examiner") in the above captioned Chapter 11 cases of Voyager Digital Holdings, Inc. *et al.* ("Debtors").

3.      I have reviewed the Debtors' Chapter 11 petition, schedules, amended schedules, statement of financial affairs, docket sheet and claims register and lists of interested parties provided by Debtors' counsel.

4.      Unless otherwise stated, I have personal knowledge of the facts set forth herein.

5.      With respect to my "disinterestedness" under Section 101(14) of the Bankruptcy Code, I provide the following information:

(a)      I am not, nor have been, during the pendency of these Chapter 11 cases, a creditor, equity security holder or insider of any of the Debtors.

(b)      I am not, nor have been, a director, officer or employee of any of the Debtors.

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital, Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, New York 10003.

(c)       I do not have an interest materially adverse to the interests of the bankruptcy estates or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, any of the Debtors, or for any other reason.

(d)       I am not a relative of any Bankruptcy Judge of the United States Bankruptcy Court for the District of New Jersey, the United States Trustee or any person employed by the United States Trustee.

(e)       I was employed by the United States Department of Justice, Office of the United States Trustee, for 16 years, first as a Trial Attorney in the Southern District of New York, then as Assistant United States Trustee for the Southern District of New York and thereafter for the Eastern District of New York. Subsequently, I was appointed by the United States Attorney General as United States Trustee for Region 2. I retired from the United States Trustee's Office on June 30, 2010. I have no knowledge of the Debtors' cases beyond what I have read in the filings in these cases.

(f)       I have not and do not represent the Debtors or their affiliates, if any. I have not and do not represent any party in interest in connection with the Debtors' Chapter 11 cases. I do not have any connection with any of the creditors or other parties- in-interest or their respective attorneys, financial consultants, or accountants that are included on the Debtors' petitions or shown on the Court's docket. In my capacity as mediator or fee examiner in other cases, I may have had, and may continue to have,  interactions with professionals retained by parties-in-interest, but any such interactions would be in cases unrelated to the Debtors' cases, and I never represented any of the parties-in-interest or their professionals.

(g)       The hourly rate I would charge for this type of engagement is $500.00. After discussions with the Fee Examiner, I have agreed to a discount and will charge the estate an hourly rate of $400.00 for my services.

(h)       Except as permitted under Section 504 of the Bankruptcy Code, I will not share any compensation or reimbursement received in connection with this Chapter 11 case with another person.

(i)       If I discover any facts materially bearing on the matters described herein, I will supplement the information contained in this Declaration.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 12th day of April 2023

/s/ Diana G. Adams
Diana G. Adams