**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**SUMMARY COVER SHEET TO**
**SECOND INTERIM FEE APPLICATION OF**
**HARNEY WESTWOOD & RIEGELS LP, BVI COUNSEL TO**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,**
**FOR THE INTERIM FEE PERIOD**
**FROM NOVEMBER 1, 2022, THROUGH FEBRUARY 28, 2023**

Harney Westwood & Riegels LP ("Harneys" or the "Firm"), BVI counsel to the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Voyager Digital Holdings, Inc. and its affiliated debtors (collectively, the "Debtors"), submits this summary (this "Summary") of the compensation and reimbursement that are requested in the fee application to which this Summary is attached (the "Fee Application")[2] for services rendered and expenses incurred during the Interim Fee Period from November 1, 2022, through February 28, 2023 (the "Second Interim Fee Period").[3]

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of Voyager Digital Holdings, Inc.'s and Voyager Digital Ltd.'s principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003. Voyager Digital, LLC's principal place of business is 701 S. Miami Ave, 8th Floor, Miami, FL 33131.

[2] Capitalized terms that are used but not defined in this Summary have the meanings that are given to those terms in the Fee Application.

[3] Harneys reserves the right to request, in a future fee application, compensation or reimbursement for services rendered or expenses incurred during the Second Interim Fee Period if compensation or reimbursement for such services or expenses is not requested in the Fee Application.

| General Information | |
|---|---|
| Name of Applicant: | Harney Westwood & Riegels LP |
| Name of Client: | Official Committee of Unsecured Creditors |
| Petition Date: | July 5, 2022 |
| Date of Order Approving Applicant's Employment: | November 15, 2022, Effective as of July 31, 2022 |

| Summary of Compensation and Reimbursement Requested in the Fee Application | |
|---|---|
| Interim Fee Period: | November 1, 2022 – February 28, 2023 |
| Amount of Compensation Requested: | $25,120.00 |
| Amount of Requested Compensation Paid under the Interim Compensation Order: | $0.00 |
| Amount of Reimbursement Requested: | $0.00 |
| Amount of Requested Reimbursement Paid under the Interim Compensation Order: | $0.00 |
| Blended Hourly Rate for all Timekeepers Except Paraprofessionals: | $734.50 |
| Amount of Compensation Requested, Calculated Using Rates as of Date of Order Approving Applicant's Employment: | $24,760.00 |

| Summary of Compensation and Reimbursement Allowed as of the Date Hereof | |
|---|---|
| Amount of Compensation Allowed: | $8,223.00 |
| Amount of Allowed Compensation Paid: | $6,578.40 |
| Amount of Reimbursement Allowed: | $0.00 |
| Amount of Allowed Reimbursement Paid: | $0.00 |

Dated: April 14, 2023

**HARNEY WESTWOOD & RIEGELS LP**

*/s/ Christopher Pease*
Christopher Pease, Partner
P.O. Box 71
Road Town, Tortola VG1110
British Virgin Islands
Telephone: (284) 494-2233
E-mail: christopher.pease@harneys.com

2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | ) | Case No. 22-10943 (MEW) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |

## SECOND INTERIM FEE APPLICATION OF
## HARNEY WESTWOOD & RIEGELS LP, BVI COUNSEL TO
## THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
## FOR THE INTERIM FEE PERIOD
## FROM NOVEMBER 1, 2022, THROUGH FEBRUARY 28, 2023

Harney Westwood & Riegels LP ("Harneys" or the "Firm"), BVI counsel to the Official

Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter

11 cases (the "Chapter 11 Cases") of Voyager Digital Holdings, Inc. and its affiliated debtors

(collectively, the "Debtors"), hereby submits its second interim fee application (the "Fee

Application") for (a) the allowance of $25,120.00 of interim compensation for professional

services rendered during the period from November 1, 2022, through February 28, 2023 (the

"Second Interim Fee Period") and (b) the immediate payment of all the allowed interim

compensation in accordance with the *Order (I) Establishing Procedures for Interim*

*Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting*

*Related Relief* [Docket No. 236] (the "Interim Compensation Order"). In support of this Fee

Application, Harneys submits the certification of Christopher Pease, a Partner of Harneys (the

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of Voyager Digital Holdings, Inc.'s and Voyager Digital Ltd.'s principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003. Voyager Digital, LLC's principal place of business is 701 S. Miami Ave, 8th Floor, Miami, FL 33131.

"Pease Certification"), which is attached hereto as **Exhibit A** and incorporated into this Fee

Application by reference. In further support of this Fee Application, Harneys respectfully states

as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of New York (the

"Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a

core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and other bases for the relief requested herein are sections 330 and

331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1(a) of the Local

Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), the

*Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed*

*under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases* (the "UST Guidelines"), the

*Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New*

*York Bankruptcy Cases* (the "Local Guidelines"), the Interim Compensation Order, and the

*Order Appointing Independent Fee Examiner and Establishing Related Procedures for the*

*Review of Fee Applications of Retained Professionals* [Docket No. 1277] (the "Fee Examiner

Order").

## BACKGROUND

**A.      The Debtors' Chapter 11 Cases**

4.      On July 5, 2022 (the "Petition Date"), each of the Debtors commenced a

voluntary case under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their

2

business and manage their properties as debtors in possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code. No trustee or examiner, other than a fee examiner, has been

appointed in these Chapter 11 Cases.

5.      On July 19, 2022, the Office of the United States Trustee for the Southern District

of New York (the "U.S. Trustee") appointed the Committee pursuant to section 1102 of the

Bankruptcy Code [Docket No. 106].

6.      The circumstances leading to these Chapter 11 Cases are set forth in the

*Declaration of Stephen Ehrlich, Chief Executive Officer of the Debtors, in Support of Chapter 11*

*Petitions and First Day Motions* [Docket No. 15].

7.      On August 4, 2022, the Court entered the Interim Compensation Order.

8.      On April 10, 2023, the Court, by entering the Fee Examiner Order, (a) modified

the Interim Compensation Order in part and (b) appointed Lori Lapin Jones, Esq., to serve as the

independent fee examiner in these Chapter 11 Cases (the "Fee Examiner").

**B.      The Liquidation of Three Arrows Capital Ltd.**

9.      On June 27, 2022, the High Court of Justice in the British Virgin Islands,

Commercial Division (the "BVI Court") heard (i) an application filed by Three Arrows Capital

Ltd. ("3AC") for the appointment of joint liquidators in respect of itself, 3AC, and (ii) an

application filed by a creditor of 3AC, DRB Panama Inc, to appoint joint provisional liquidators

and thereafter liquidators in respect of 3AC. After the hearings, the BVI Court entered an order

appointing Russell Crumpler and Christopher Farmer of Teneo (BVI) Limited as joint liquidators

of 3AC (the "3AC Liquidation").

10.     The Debtors are one of 3AC's largest creditors and are a member of the Creditors'

Committee in the 3AC Liquidation. In these Chapter 11 Cases, creditor recoveries can be

3

materially affected by the outcome of the 3AC Liquidation. Accordingly, the Committee determined that it was appropriate to employ and retain BVI Counsel.

**C.      Retention of Harneys as BVI Counsel to the Committee**

11.      On November 1, 2022, the Committee filed its *Application for Order Authorizing the Employment and Retention of Harney Westwood & Riegels LP as BVI Counsel to the Official Committee of Unsecured Creditors of Voyager Digital Holdings, Inc., et al., Effective as of July 31, 2022* [Docket No. 608].

12.      On November 15, 2022, the Court entered the *Order Authorizing the Employment and Retention of Harney Westwood & Riegels LP as BVI Counsel to the Official Committee of Unsecured Creditors of Voyager Digital Holdings, Inc., et al., Effective as of July 31, 2022* [Docket No. 642] (the "Retention Order"), pursuant to which the Court authorized (a) the employment and retention of Harneys to serve as the Committee's BVI counsel, (b) the compensation of Harneys on an hourly basis, and (c) the reimbursement of Harneys for actual and necessary expenses.

13.      On December 20, 2022, Harneys filed the *First Interim Application of Harney Westwood & Riegels LP for Compensation for Services and Reimbursement of Expenses as BVI Counsel to the Official Committee of Unsecured Creditors for the Period from July 31, 2022 Through October 31, 2022* [Docket No. 771] (the "First Interim Fee Application"), pursuant to which Harneys requested the allowance of $8,223.00 of interim compensation for professional services rendered.

14.      On February 17, 2023, the Court entered the *Order Granting First Interim Applications for Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred* [Docket No. 1013], pursuant to which (a) all $8,223.00 of

the interim compensation that Harneys' requested in the First Interim Fee Application was allowed and (b) $6,578.40, or 80%, of the allowed interim compensation was remitted to Harneys.

## SUMMARY OF PROFESSIONAL COMPENSATION REQUESTED

15.     This Fee Application has been prepared in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the UST Guidelines, the Local Guidelines, and the Interim Compensation Order.

16.     By this Fee Application, Harneys requests the allowance of $25,120.00 of interim compensation for professional services rendered during the Second Interim Fee Period, during which Harneys' professionals and paraprofessionals spent a total of approximately 34.2 hours rendering professional services to the Committee.

17.     In accordance with the Interim Compensation Order, Harneys filed and served on the Application Recipients, as identified in the Interim Compensation Order, the First Interim Fee Application, which is described together with this Fee Application in Table 1:

**Table 1**

| Date Filed Docket No. | Period Covered | Fees Requested (100% of Fees) | Fees Due (80% of Fees) | Holdback (20% of Fees) | Expenses Requested (100% of Expenses) | Amounts Paid to Date | Remaining Unpaid Amount |
|---|---|---|---|---|---|---|---|
| **FIRST INTERIM** Docket No. 771 | 7/31/2022 - 10/31/2022 | $8,223.00 | $6,578.40 | $1,644.60 | $0.00 | $6,578.40 | $1,644.60 |
| **SECOND INTERIM** | 11/1/2022 - 2/28/2023 | $25,120.00 | $20,096.00 | $5,024.00 | $0.00 | $0.00 | $25,120.00 |
| **GRAND TOTAL** | 7/31/2022 - 2/28/2023 | $33,343.00 | $26,674.40 | $6,668.60 | $0.00 | $6,578.40 | $26,764.60 |

18.     The fees charged by Harneys in these Chapter 11 Cases are billed in accordance with its existing billing rates and procedures in effect during the Second Interim Fee Period. The rates Harneys charges for the services rendered by its professionals and paraprofessionals in

these Chapter 11 Cases are the same rates that Harneys charges for services rendered by its

professionals and paraprofessionals in comparable non-bankruptcy related matters. Such fees are

reasonable in light of the fees that are customarily charged by comparably skilled practitioners in

comparable non-bankruptcy cases in the competitive international market for legal services.

Harneys' hourly rates are described in general terms in Table 2:

**Table 2**

| Professionals and Paraprofessionals | 2022 Chapter 11 Cases | 2022 Non-Bankruptcy Matters | 2023 Chapter 11 Cases | 2023 Non-Bankruptcy Matters |
|---|---|---|---|---|
| Partners | $925.00 | Up to $1,050.00 | $1,000.00 | Up to $1,490.00 |
| Associates and Counsel | $650.00 | $400.00 to $800.00 | $650.00 | $450.00 to $950.00 |
| Paralegals | - | $150.00 to $275.00 | - | $150.00 to $275.00 |

19.    All services for which Harneys requests compensation were performed for or on

behalf of the Committee. Harneys has received no payment and no promises of payment from

any source other than the Debtors' estates for services rendered or to be rendered in any capacity

whatsoever in connection with the matters covered by this Fee Application. There is no

agreement or understanding between Harneys and any other person other than the affiliates and

attorneys of Harneys for the sharing of compensation received or to be received for services

rendered in these Chapter 11 Cases. Harneys has not received a retainer in these Chapter 11

Cases.

20.    Harneys has classified all services rendered for which compensation is requested

in this Fee Application into one of several major categories. Harneys tried to classify those

services into the category to which they best relate. Because certain of those services may relate

to more than one of the categories, however, services relating to one category may in fact be

included in another category.

6

21.     This Fee Application summarizes the services rendered by Harneys for or on behalf of the Committee during the Second Interim Fee Period. While it is not possible or practical to describe every activity undertaken by Harneys, Harneys has maintained contemporaneous time records that include a detailed chronology of the daily activities performed, descriptions of the precise nature of those activities, the specific tasks performed, and the time expended by each professional or paraprofessional. A breakdown of the hours and fees by professional and paraprofessional is attached hereto as **Exhibit B**. A breakdown of the hours and fees by task code is attached hereto as **Exhibit C**. A detailed copy of the time records for the Second Interim Fee Period is attached hereto as **Exhibit D**. Harneys provided the Committee professionals with a prospective budget and staffing plan for the Second Interim Fee Period, which is compared to the compensation that Harneys is requesting in the Fee Application in **Exhibit E** hereto.

## SUMMARY OF SERVICES PERFORMED BY
## HARNEYS DURING THE SECOND INTERIM FEE PERIOD

22.     The Chapter 11 Cases have presented numerous large and complex issues that had to be addressed to preserve the Debtors' estates and maximize their value for the benefit of unsecured creditors. The Retention Order authorized Harneys to assist the Committee with navigating those issues by rendering legal services in connection with the 3AC Liquidation and other litigation in the British Virgin Islands.

23.     The primary services rendered by Harneys include, but are not limited to, the categories set forth below. The Fee Application and project billing format is generally consistent, or substantially conforms, with and is inclusive of all of the concepts in Exhibit A to the Local Guidelines and includes additional detail, information, and categories.

### A. Harneys Billing Code: B160 – Employment Applications
### Fees: $13,150.00
### Hours Billed: 18.20

24.    This category relates to time spent by Harneys' lawyers in preparing retention

applications and related declarations. This category also includes time spent by Harneys' lawyers

providing services related to fee applications, specifically the First Interim Fee Application.

Harneys' attorneys spent time preparing and reviewing the First Interim Fee Application and

collating associated fee notes and communicating with McDermott Will & Emery LLP, counsel

to the Committee, regarding the same.

### B. Harneys Billing Code: B470 – Foreign Proceedings
### Fees: $11,970.00
### Hours Billed: 16.00

25.    Time billed to this category relates to advice provided to the Committee regarding

foreign litigation pending against the Debtors and foreign assets and claims of the Debtors.

During the Second Interim Fee Period, time billed to this category relates to time spent by

Harneys professionals and paraprofessionals providing services related to reviewing, monitoring,

and discussing pending foreign matters related to 3AC and ongoing class-action litigation against

the Debtors.

### STATEMENT PURSUANT TO APPENDIX B GUIDELINES

26.    The following is provided in response to the request for additional information set

forth in Section C.5 of the UST Guidelines:

**Question**:    Did you agree to any variations from, or alternatives to, your standard or
customary billing rates, fees or terms for services pertaining to this
engagement that were provided during the application period? If so, please
explain.

**Response**:    Yes, Harneys agreed to waive its ordinary outlays and expenses charge
usually applicable and applied at a rate of four and half per cent of

8

professional fees incurred. Harneys has also applied a reduction to the standard hourly rates for the attorneys advising on this matter.

**Question**:    If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

**Response**:    Not applicable.

**Question**:    Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

**Response**:    No.

**Question**:    Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.). If so, please quantify by hours and fees.

**Response**:    No.

**Question**:    Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

**Response**:    No.

**Question**:    If the fee application includes any rate increases since retention: i. Did your client review and approve those rate increases in advance? ii. Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11–458?

**Response**:    Yes, the Committee approved the rate increases in advance and agreed to accept future rate increases at the time of retention.

## **BASIS FOR RELIEF**

27.    Bankruptcy Code section 331 provides for the allowance of interim compensation

for services rendered and reimbursement of expenses in bankruptcy cases:

> Any professional person . . . may apply to the court not more than
> once every 120 days after an order for relief in a case under this title,
> or more often if the court permits, for such compensation for
> services rendered . . . as is provided under section 330 of this title.

11 U.S.C. § 331.

28.    Bankruptcy Code section 330(a)(1) provides that a court may award a

professional employed under Bankruptcy Code section 327 "reasonable compensation for actual

necessary services rendered and reimbursement for actual, necessary expenses." 11 U.S.C. §

330(a)(1). Section 330(a)(3) sets forth the criteria for the award of such compensation and

reimbursement:

> In determining the amount of reasonable compensation to be
> awarded a[] . . . professional person, the court should consider the
> nature, the extent, and the value of such services, taking into account
> all relevant factors, including—
>
> (a)    the time spent on such services;
>
> (b)    the rates charged for such services;
>
> (c)    whether the services were necessary to the
> administration of, or beneficial at the time at which
> the service was rendered toward the completion of, a
> case under this title;
>
> (d)    whether the services were performed within a
> reasonable amount of time commensurate with the
> complexity, importance, and nature of the problem,
> issue, or task addressed;
>
> (e)    with respect to a professional person, whether the
> person is board certified or otherwise has
> demonstrated skill and experience in the bankruptcy
> field; and
>
> (f)    whether the compensation is reasonable based on the
> customary compensation charged by comparably
> skilled practitioners in cases other than cases under
> this title.

11 U.S.C. § 330(a)(3). The clear Congressional intent and policy expressed by the statute is to provide for adequate compensation to professionals in order to continue to attract qualified and competent bankruptcy practitioners to bankruptcy cases. *See In re Drexel Burnham Lambert Group, Inc.*, 133 B.R. 13, 20 (Bankr. S.D.N.Y. 1991) ("Congress' objective on requiring that the market, not the Court, establish lawyers' rates was to ensure that bankruptcy cases were staffed by appropriate legal specialists."); *In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 850 (3d Cir. 1994) ("Congress rather clearly intended to provide sufficient economic incentive to lure competent bankruptcy specialists to practice in the bankruptcy courts.").

29.    In assessing the "reasonableness" of the fees requested, courts have looked to a number of factors, including those first enumerated by the Fifth Circuit in *In re First Colonial Corp. of America*, 544 F.2d 1291, 1298–99 (5th Cir. 1977), and thereafter adopted by most courts. *See In re Nine Assocs., Inc.*, 76 B.R. 943, 945 (S.D.N.Y. 1987) (adopting *First Colonial/Johnson* analysis); *In re Cuisine Magazine, Inc.*, 61 B.R. 210, 212–13 (Bankr. S.D.N.Y 986) (same). Among other things, such factors include: (i) the time and labor required; (ii) the novelty and difficulty of the legal questions involved; (iii) the skill requisite to perform the legal services properly; (iv) the preclusion of other employment by applicant due to acceptance of the case; (v) the customary fees for matters of this type; (vi) the amounts involved; and (vii) the experience, reputation, and ability of the lawyers. Harneys respectfully submits that application of such factors and others supports allowance of the compensation requested by Harneys:

a.    **Time and Labor Required**: Harneys billed a total of $25,120.00 and 34.2 hours, respectively, of professional and paraprofessional services during the Second Interim Fee Period. As evidenced by this Fee Application, Harneys professionals and paraprofessionals worked diligently and efficiently without unnecessary duplication of efforts throughout the Second Interim Fee Period. Whenever possible, Harneys sought to minimize the costs of Harneys' services to the Debtors' estates by utilizing talented junior attorneys to handle the more routine aspects of the assignments. The services were performed in an effective and efficient manner

11

commensurate with the complexity, exigency, and importance of the issues involved. Harneys submits that the hours spent were reasonable given the size and complexity of the Chapter 11 Cases, the significant, and often urgent, legal and business issues raised, and the numerous pleadings filed in the Chapter 11 Cases and the insolvency proceedings in the British Virgin Islands.

b.      **Novelty and Difficulty of the Legal Questions Involved**: Harneys tasked knowledgeable lawyers to research, analyze, and advise the Committee on difficult and complex issues during the Second Interim Fee Period, including issues related to the insolvency law of the British Virgin Islands.

c.      **Skill Requisite to Perform the Legal Services Properly**: Harneys believes that its recognized expertise in the areas of financial restructuring and corporate reorganization, as well as cryptocurrency, and its ability to draw from highly experienced professionals in other areas of Harneys' practice has contributed to the effective and efficient administration of the Chapter 11 Cases and benefited the Committee, the Debtors, their estates, and their unsecured creditors. Due to the nature and complexity of the legal issues presented by the Chapter 11 Cases and the insolvency proceedings in the British Virgin Islands, Harneys was required to exhibit a high degree of legal skill in areas related to, among others, bankruptcy, cryptocurrency, litigation, tax, and mergers & acquisitions. Additionally, Harneys' strong working relationship with the legal and financial advisors to other parties in interest enabled Harneys to work with such advisors towards a swift, consensual resolution of some of the salient issues in the Chapter 11 Cases.

d.      **Preclusion of Other Employment by Applicant Due to Acceptance of the Case**: Due to the size of Harneys' restructuring and litigation departments, Harneys' representation of the Committee did not preclude its acceptance of new clients, but the demands for immediate and substantive action in the Chapter 11 Cases imposed significant burdens on Harneys' professionals and paraprofessionals working concurrently on other matters.

e.      **Customary Fees for Matters of this Type**: The fees charged by Harneys in the Chapter 11 Cases are billed in accordance with its existing billing rates and procedures in effect during the Second Interim Fee Period. The rates Harneys charges for the services rendered by its professionals and paraprofessionals in the Chapter 11 Cases are comparable to the rates Harneys charges for professional and paraprofessional services rendered in comparable nonbankruptcy related matters. Moreover, when Harneys' restructuring professionals and paraprofessionals work on nonbankruptcy matters, the firm generally charges their standard rate. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in a competitive international market for legal services. In addition, the firm's customary hourly rates and rate structure reflect that restructuring and related matters typically involve great complexity, numerous tasks requiring a high level of expertise, and severe time pressures, as is the case here.

12

 f. **Whether the Fee is Fixed or Contingent**: Harneys' fee is neither fixed nor contingent.

 g. **Time Limitations Imposed by the Client or Other Circumstances**: During the Second Interim Fee Period, Harneys was required to analyze and address certain issues arising in the Chapter 11 Cases under compressed timelines. For example, Harneys and the Committee's other advisors were faced with limited time in which to evaluate the Debtors' approach to these unprecedented Chapter 11 Cases, including the need to evaluate the pending 3AC Liquidation. The tremendous efforts of Harneys' professionals and paraprofessionals in completing this work permitted the Committee to address effectively various issues for the benefit of the Debtors' unsecured creditors.

 h. **Amounts Involved and Results Obtained**: Harneys' professionals and paraprofessionals worked diligently to maximize value for the Debtors' estates and creditors and was directly necessary to monitor the 3AC Liquidation in which the Debtors are one of the largest creditors.

 i. **Undesirability of the Cases**: This factor is not applicable to the Chapter 11 Cases.

 j. **The Experience, Reputation, and Ability of the Lawyers**: Harneys is an international law firm that is consistently recognized as a top tier law firm in the field of creditors' rights, business restructuring, and cryptocurrency. During the Second Interim Fee Period, Harneys solicited the skill and expertise of its professionals and paraprofessionals. Harneys' extensive experience enables the Firm to perform the services described herein competently and expeditiously.

 k. **Nature and Length of Professional Relationship**: Harneys has been rendering professional services to the Committee since the Firm was selected as BVI counsel to the Committee on July 31, 2022.

 30. For the foregoing reasons, Harneys respectfully submits that the services rendered by Harneys were actual, necessary, beneficial to the Committee, and performed in a timely manner. The compensation requested during the Second Interim Fee Period is reasonable in light of the nature, extent, and value of the professional services performed during the Chapter 11 Cases. Accordingly, Harneys respectfully requests that the Court approve the interim compensation for professional services requested in this Fee Application.

## **RESERVATION OF RIGHTS**

31.     It is possible that some professional services rendered or expenses incurred by Harneys during the Second Interim Fee Period are not reflected in this Fee Application. Harneys reserves the right to request compensation for such serves and reimbursement for such expenses in future fee applications.

## **NO PRIOR REQUEST**

32.     No prior application or other request for the relief requested herein has been made to this Court or any other court.

## **NOTICE**

33.     As required by the Interim Compensation Order and the Fee Examiner Order, notice of this Fee Application has been served on: (a) Voyager Digital Holdings, Inc., 33 Irving Place, Suite 3060, New York, New York 10003, Attn.: David Brosgol and Brian Nistler; (b) counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Joshua A. Sussberg, P.C. (jsussberg@kirkland.com), Christopher Marcus, P.C. (cmarcus@kirkland.com), Christine A. Okike, P.C. (christine.okike@kirkland.com), and Allyson B. Smith (allyson.smith@kirkland.com); (c) United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn.: Richard Morrissey (richard.morrissey@usdoj.gov) and Mark Bruh (mark.bruh@usdoj.gov); and (d) Lori Lapin Jones, Esq., in her capacity as the Fee Examiner, Lori Lapin Jones PLLC, 98 Cutter Mill Road, Suite 255, South Great Neck, New York 11021, ljones@jonespllc.com. A copy of this Fee Application is also available on the website of the Debtors' claims, noticing, and solicitation agent at https://cases.stretto.com/Voyager. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be served or otherwise given.

## **CONCLUSION**

WHEREFORE, Harneys respectfully requests that this Court enter an order: (a) allowing in favor of Harneys $25,120.00 of interim compensation for professional services rendered during the Second Interim Fee Period; (b) ordering the immediate payment of all the allowed interim compensation in accordance with the Interim Compensation Order, and (c) granting any other relief that this Court deems necessary and appropriate.

Dated: April 14, 2023

**HARNEY WESTWOOD & RIEGELS LP**

*/s/ Christopher Pease*
Christopher Pease, Partner
P.O. Box 71
Road Town, Tortola VG1110
British Virgin Islands
Telephone: (284) 494-2233
E-mail: christopher.pease@harneys.com

15

## EXHIBIT A

**Pease Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**CERTIFICATION OF CHRISTOPHER PEASE IN SUPPORT OF**
**SECOND INTERIM FEE APPLICATION OF**
**HARNEY WESTWOOD & RIEGELS LP, BVI COUNSEL TO**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,**
**FOR THE INTERIM FEE PERIOD**
**FROM NOVEMBER 1, 2022, THROUGH FEBRUARY 28, 2023**

I, Christopher Pease, certify as follows:

1.      I am a Partner employed in the Dispute Resolution department of Harney

Westwood & Riegels LP ("Harneys"), an international law firm with an office at Craigmuir

Chambers, Road Town, Tortola, British Virgin Islands, BVI counsel to the Official Committee

of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter 11 cases

(the "Chapter 11 Cases") of Voyager Digital Holdings, Inc. and its affiliated debtors

(collectively, the "Debtors").

2.      Harneys submits the *Second Interim Fee Application of Harney Westwood &*

*Riegels LP, BVI Counsel to the Official Committee of Unsecured Creditors, for the Interim Fee*

*Period from November 1, 2022, Through February 28, 2023* (the "Fee Application")[2] in

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of Voyager Digital Holdings, Inc.'s and Voyager Digital Ltd.'s principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003. Voyager Digital, LLC's principal place of business is 701 S. Miami Ave, 8th Floor, Miami, FL 33131.

[2]   Capitalized terms that are used but not defined in this Summary have the meanings that are given to those terms in the Fee Application.

accordance with sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases* (the "UST Guidelines"), the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases* (the "Local Guidelines"), the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Docket No. 236] (the "Interim Compensation Order"), and the *Order Appointing Independent Fee Examiner and Establishing Related Procedures for the Review of Fee Applications of Retained Professionals* [Docket No. 1277] (the "Fee Examiner Order").

3.      I am the professional designated by Harneys with the responsibility for Harneys' compliance with the UST Guidelines, the Local Guidelines, the Interim Compensation Order, and the Fee Examiner Order in these Chapter 11 Cases.

4.      This certification is made in connection with the Fee Application, which requests the allowance of interim compensation for professional services rendered during the period from November 1, 2022, through February 28, 2023 (the "Second Interim Fee Period") in accordance with the UST Guidelines, the Local Guidelines, the Interim Compensation Order, and the Fee Examiner Order.

5.      I have read the Fee Application.

6.      To the best of my knowledge, information, and belief formed after reasonable inquiry, the compensation and reimbursement requested fall within the Local Guidelines, except

2

as specifically noted in this certification and described in the Fee Application.

7.      Except to the extent that compensation or reimbursement is prohibited by the Local Guidelines, the compensation and reimbursement requested are billed at rates and in accordance with practices customarily employed by Harneys and generally accepted by Harneys' clients.

8.      In providing a reimbursable service, Harneys does not make a profit on the service, whether the service is rendered by Harneys in-house or through a third party.

9.      The U.S. Trustee, the Debtors, the Committee, and, after her appointment on April 10, 2023, Lori Lapin Jones, Esq., in her capacity as the independent fee examiner in these Chapter 11 Cases (the "Fee Examiner"), were provided with monthly statements of fees and expenses during the Second Interim Fee Period; however, those statements were not filed with the Court.

10.     The U.S. Trustee, the Debtors, the Committee, and the Fee Examiner will, concurrently with this certification's filing, be provided with a copy of the Fee Application at least 14 days before the deadline to object to it.

11.     The following is provided in response to the request for additional information set forth in section C.5. of the UST Guidelines:

**Question**:    Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.

**Response**:    Yes, Harneys agreed to waive its ordinary outlays and expenses charge usually applicable and applied at a rate of four and half percent of professional fees incurred. Harneys has also applied a reduction to the standard hourly rates for the attorneys advising on this matter.

3

**Question**:    If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

**Response**:    Not applicable.

**Question**:    Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

**Response**:    No.

**Question**:    Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.). If so, please quantify by hours and fees.

**Response**:    No.

**Question**:    Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

**Response**:    No.

**Question**:    If the fee application includes any rate increases since retention: i. Did your client review and approve those rate increases in advance? ii. Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11–458?

**Response**:    Yes, the Committee approved the rate increases in advance and agreed to accept future rate increases at the time of retention.

12.    Harneys provided the Committee professionals with a prospective budget and staffing plan for the Second Interim Fee Period (the "Budget and Staffing Plan"), which is compared to the compensation that Harneys is requesting in the Fee Application in Exhibit E thereto.

4

I certify under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Dated:  April 14, 2023

/s/ Christopher Pease
Christopher Pease

## EXHIBIT B

**Timekeeper Summary**

| Name of Professional Person | Position, Year Admitted, and Area of Expertise | 2022 Hourly Billing Rate | 2023 Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| **Partners & Counsel** | | | | | |
| Christopher Pease | Partner; Admitted in England in 2009, BVI 2017; Litigation, Insolvency and Restructuring | $925.00 | $1,000.00 | 9.2 | $8,870.00 |
| **Associates** | | | | | |
| Gabriel Adedeji | Senior Associate; Admitted in England 2012, BVI 2023; Litigation, Insolvency, and Restructuring | $650.00 | $650.00 | 25.0 | $16,250.00 |

## <u>EXHIBIT C</u>

**Summary of Fees by Task Code**

| Matter Number | Matter Category Description | Total Hours | Total Fees |
|:---:|:---:|:---:|:---:|
| B160 | Employment Applications | 18.2 | $13,150.00 |
| B470 | Foreign Proceedings | 16.0 | $11,970.00 |
| **TOTALS** | | **34.2** | **$25,120.00** |

# **EXHIBIT D**

## **Time Record**



**TIME DETAIL**

| | | | | |
|---|---|---|---|---|
| Matter: | **Advising regarding Three Arrows Capital** | | Invoice Date: | **6 February 2023** |
| Our Reference: | **CJP/059084.0001** | | Invoice Number: | **1418418** |

| Date | Timekeeper | Narrative | Hours | Amount USD |
|---|---|---|---|---|
| 02/11/2022 | CJP | Reviewing email from G Steinman re draft disclosure protocol and NDA (0.2); Considering and responding to queries re designation as highly sensitive information (0.3); Advising re same and entitlement of Voyager to information (0.4); Advising on NDA more generally (0.3) | 1.20 | 1,110.00 |
| 14/11/2022 | CJP | Correspondence with MWE re hearing before SDNY bankruptcy court. | 0.20 | 185.00 |
| 15/11/2022 | CJP | Reviewing retention application documents and declaration (0.3); preparing for November 15 hearing (0.4); conference with MWE re same (0.3). | 1.00 | 0.00 |
| 15/11/2022 | CJP | Attending court hearing before SDNY Bankruptcy Court (10.45am to 11.50am). | 1.00 | 925.00 |
| **Total: Fees** | | | | **2,220.00** |

# HARNEYS

## TIME CHARGE SUMMARY

| Matter: | **Advising regarding Three Arrows Capital** | Invoice Date: | **6 February 2023** |
|---|---|---|---|
| Our Reference: | **CJP/059084.0001** | Invoice Number: | **1418418** |

| Timekeeper | Initials | Rate | Hours | Amount USD |
|---|---|---|---|---|
| Christopher Pease | CJP | 925.00 | 2.40 | 2,220.00 |
| **Total: Fees** | | | **2.40** | **2,220.00** |

# HARNEYS

## TIME DETAIL

| | | | | | |
|---|---|---|---|---|---|
| Matter: | **Advising regarding Three Arrows Capital** | | | Invoice Date: | **14 April 2023** |
| Our Reference: | **CJP/059084.0001** | | | Invoice Number: | **1421007** |

| Task | Date | Timekeeper | Description | Hours | USD |
|------|------|------------|-------------|-------|-----|
| B160 | 06/12/2022 | CJP | Emails with G Williams re fee application and revising invoices in accordance with statutory requirements. | 0.20 | 185.00 |
| B160 | 12/12/2022 | MEE | Updating invoices to include relevant task codes (0.2); email to MWE on same (0.2). | 0.40 | 0.00 |
| B160 | 12/12/2022 | CJP | Liaising with MEE re codes for fee application and whether the revise narratives (0.1); emails with MWE (0.1). | 0.20 | 185.00 |
| B160 | 15/12/2022 | CJP | Emails with MWE re fee application and providing information in relation to same. | 0.20 | 185.00 |
| B160 | 16/12/2022 | AGA | Drafting Remuneration Application | 3.80 | 2,470.00 |
| B160 | 16/12/2022 | CJP | Emails with MWE re fee application (0.2); considering draft template application docs (0.2); liaising with GA re tailoring to Harneys application (0.2). | 0.60 | 555.00 |
| B160 | 19/12/2022 | CJP | Reviewing and updating supplemental Pease declaration re rates changes (0.4); liaising with MWE re same (0.2); liaising with G Adedeji re remuneration application (0.2). | 0.80 | 740.00 |
| B160 | 20/12/2022 | CJP | Emails internally re updating invoices for fee application (0.2); reviewing draft applications documents and comment on same (0.4); emails with MWE (0.2). | 0.80 | 0.00 |
| B160 | 20/12/2022 | AGA | Amending fee rate for MEE and disbursement values following document changes by US Firm MWE | 1.80 | 1,170.00 |
| B160 | 20/12/2022 | AGA | Emailing revised version and invoices to MWE LLP | 0.20 | 130.00 |
| B160 | 22/12/2022 | CJP | Emails internally re Trustee request for LEDES data (0.1); emails with MWE re same (0.1). | 0.20 | 0.00 |
| | | | | **9.20** | **5,620.00** |



**TIME CHARGE SUMMARY**

| Matter: | **Advising regarding Three Arrows Capital** | Invoice Date: | **14 April 2023** |
|---|---|---|---|
| Our Reference: | **CJP/059084.0001** | Invoice Number: | **1421007** |

| Timekeeper | Initials | Rate | Hours | Amount USD |
|---|---|---|---|---|
| Christopher Pease | CJP | 925.00 | 2.00 | 1,850.00 |
| Gabriel Adedeji | AGA | 650.00 | 5.80 | 3,770.00 |
| **Total: Fees** | | | **7.80** | **5,620.00** |

| Task Code | Task Name | Hours | USD |
|---|---|---|---|
| B160 | Employment Applications | 7.80 | 5,620.00 |
| **Total: Fees** | | **7.80** | **5,620.00** |



**TIME DETAIL**

| Matter: | **Advising regarding Three Arrows Capital** | Invoice Date: | **14 April 2023** |
|---|---|---|---|
| Our Reference: | **CJP/059084.0001** | Invoice Number: | **1421012** |

| Task | Date | Timekeeper | Description | Hours | USD |
|---|---|---|---|---|---|
| B160 | 03/01/2023 | CJP | Considering G Steinman email re queries from US Trustee regarding fee application (0.1); responding to same (0.1). | 0.20 | 185.00 |
| B160 | 04/01/2023 | CJP | Emails with Gregg Steinman re further conversation he had with US Trustee re fee application and further declaration required. | 0.20 | 185.00 |
| B160 | 09/01/2023 | AGA | Liaising with CJP re the retroactive Budget and Staffing Plan | 0.20 | 130.00 |
| B160 | 09/01/2023 | AGA | Preparing fee notes and application in accordance with MWE instructions. | 2.80 | 1,820.00 |
| B160 | 09/01/2023 | CJP | Emails and phone call with G Adedeji re supplemental declaration for US Trustee. | 0.20 | 185.00 |
| B160 | 10/01/2023 | AGA | Liaising with MWE re Draft Budget and Staffing doc | 0.40 | 260.00 |
| B160 | 10/01/2023 | CJP | Reviewing draft supplemental declaration (0.1) and instructions to G Adedeji re same (0.1). | 0.20 | 185.00 |
| B160 | 23/01/2023 | CJP | Liaising with MWE re budget and staffing plan to 31 March 2023. | 0.20 | 185.00 |
| B160 | 23/01/2023 | CJP | Liaising with G Adedeji re supplemental declaration for first interim fee application and reviewing same (0.1); emails with MWE (0.1). | 0.20 | 185.00 |
| B160 | 24/01/2023 | CJP | Liaising with G Adedeji re November invoice and related fee application and declaration. | 0.20 | 185.00 |
| B160 | 24/01/2023 | AGA | Drafting Remuneration Application for November 2022 | 1.00 | 650.00 |
| B160 | 24/01/2023 | CJP | Liaising with Grayson Williams re supplementary declaration re budget for US Trutsee. | 0.20 | 185.00 |
| B160 | 25/01/2023 | CJP | Liaising with G Adedeji re preparing staff and budget plan. | 0.20 | 185.00 |
| B160 | 25/01/2023 | CJP | Reviewing G Adedeji draft budget and comments on same. | 0.20 | 185.00 |
| B160 | 25/01/2023 | AGA | Considering and drafting Budget and Staffing Plan for 1 November 2022 through 31 March 2023 | 1.60 | 1,040.00 |
| B160 | 25/01/2023 | AGA | Drafting Remuneration Application for November 2022 through January 2023 | 1.20 | 780.00 |
| B160 | 26/01/2023 | AGA | Amending draft of Budget and Staffing Plan for November 2022 through March 2023 (0.4); incorporating CJP comments on same (0.2) | 0.60 | 390.00 |
| | | | | **9.80** | **6,920.00** |

| Task | Date | Timekeeper | Description | Hours | USD |
|---|---|---|---|---|---|
| B470 | 16/01/2023 | CJP | Advising in relation to process for objecting to creditor claims. | 0.60 | 555.00 |
| B470 | 18/01/2023 | CJP | Considering email and query from Darren Azman re Voyager bankruptcy plan and effects of same and updating 3AC JLs and creditor committee (0.4); advising re same (0.6); considering law re membership of CC (0.2); reviewing latest documents filed in SDNY relating to Voyager bankruptcy plan and role of wind-down trust (0.4). | 1.60 | 1,480.00 |
| B470 | 20/01/2023 | AGA | Considering the Insolvency Act and Insolvency Rules considering case law re assignment of membership of creditors committees (0.8); analysis of same and note of same for CJP (1.6). | 2.40 | 1,560.00 |
| B470 | 24/01/2023 | AGA | Further consideration of creditors committee membership and transferability of rights. | 2.20 | 1,430.00 |
| B470 | 24/01/2023 | AGA | Considering Draft Declaration from MWE prior to it being sent to the US Trustee. | 0.40 | 260.00 |
| B470 | 25/01/2023 | CJP | Considering G Adedeji note re member of creditor committee in BVI and rights; comments on same. | 0.40 | 370.00 |
| B470 | 25/01/2023 | AGA | Considering Voyager Third Amended Joint Plan and preparing analysis on giving effect to same in BVI. | 1.00 | 650.00 |

**HARNEYS**

| Task | Date | Timekeeper | Description | Hours | USD |
|------|------|------------|-------------|-------|-----|
| B470 | 26/01/2023 | AGA | Liaising with CJP re legal analysis on assignment of committee membership | 0.20 | 130.00 |
| B470 | 26/01/2023 | AGA | Reviewing legal analysis for MWE in light of Voyager Plan | 2.60 | 1,690.00 |
| B470 | 26/01/2023 | AGA | Continued consideration of Voyager Third Joint Amended Plan and issues arising from BVI law perspective (1.0); considering CJP instructions and comments on analysis (0.8). | 1.80 | 1,170.00 |
| | | | | **13.20** | **9,295.00** |



**TIME CHARGE SUMMARY**

| Matter: | **Advising regarding Three Arrows Capital** | Invoice Date: | **14 April 2023** |
|---|---|---|---|
| Our Reference: | **CJP/059084.0001** | Invoice Number: | **1421012** |

| Timekeeper | Initials | Rate | Hours | Amount USD |
|---|---|---|---|---|
| Christopher Pease | CJP | 925.00 | 4.60 | 4,255.00 |
| Gabriel Adedeji | AGA | 650.00 | 18.40 | 11,960.00 |
| **Total: Fees** | | | **23.00** | **16,215.00** |

| Task Code | Task Name | Hours | USD |
|---|---|---|---|
| B160 | Employment Applications | 9.80 | 6,920.00 |
| B470 | Foreign Proceedings | 13.20 | 9,295.00 |
| **Total: Fees** | | **23.00** | **16,215.00** |



**TIME DETAIL**

| | | | | |
|---|---|---|---|---|
| Matter: | **Advising regarding Three Arrows Capital** | | Invoice Date: | **14 April 2023** |
| Our Reference: | **CJP/059084.0001** | | Invoice Number: | **1421013** |

| Task | Date | Timekeeper | Description | Hours | USD |
|---|---|---|---|---|---|
| B160 | 06/02/2023 | AGA | Liaising with McDermott Will & Emery LLP re remuneration application and invoices | 0.40 | 260.00 |
| B160 | 13/02/2023 | CJP | Liaising with Grayson Williams re next fee application. | 0.20 | 185.00 |
| | | | | **0.60** | **445.00** |

| Task | Date | Timekeeper | Description | Hours | USD |
|---|---|---|---|---|---|
| B470 | 01/02/2023 | AGA | Considering correspondence sent on behalf of 3AC's Joint Liquidators and forwarding to MWE | 0.40 | 260.00 |
| | | | | **0.40** | **260.00** |



**TIME CHARGE SUMMARY**

| Matter: | **Advising regarding Three Arrows Capital** | Invoice Date: | **14 April 2023** |
|---|---|---|---|
| Our Reference: | **CJP/059084.0001** | Invoice Number: | **1421013** |

| Timekeeper | Initials | Rate | Hours | Amount USD |
|---|---|---|---|---|
| Christopher Pease | CJP | 925.00 | 0.20 | 185.00 |
| Gabriel Adedeji | AGA | 650.00 | 0.80 | 520.00 |
| **Total: Fees** | | | **1.00** | **705.00** |

| Task Code | Task Name | Hours | USD |
|---|---|---|---|
| B160 | Employment Applications | 0.60 | 445.00 |
| B470 | Foreign Proceedings | 0.40 | 260.00 |
| **Total: Fees** | | **1.00** | **705.00** |

## EXHIBIT E

### Summary of Compensation Against Budgeted Hours and Fees

| Task Code | Project Category | Hours Budgeted | Fees Budgeted | Hours Billed | Fees Sought |
|---|---|---|---|---|---|
| B110 | Case Administration | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B120 | Asset Analysis & Recovery | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B130 | Asset Disposition | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B140 | Automatic Stay Issues | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B150 | Meetings/Communications w/ Creditors | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B155 | Court Hearings | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B160 | Fee/Employment Applications | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B170 | Fee/Employment Objections | 8-12 | $6,600.00-$9,900.00 | 18.2 | $13,150.00 |
| B180 | Avoidance Action Analysis | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B185 | Assumption/Rejection of Leases | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B190 | Other Contested Matters | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B195 | Non-Working Travel | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B210 | Business Operations | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B220 | Employee Issues | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B230 | Financing/Cash Collateral Issues | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B240 | Tax Issues | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B250 | Real Estate | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B260 | Board of Director Matters | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B270 | Utilities | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B280 | Vendor Matters | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B290 | Insurance | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B310 | Claims Administration and Objections | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B320 | Plan and Disclosure Statement | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B410 | Gen Bankruptcy Advice/Opinion | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B420 | Restructurings | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B430 | Special Committee Investigation | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B440 | Equity Committee | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B450 | Securities Law Issues | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B460 | General Corporate | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B470 | Foreign Proceedings | 24-32 | $19,800.00-$26,400.00 | 16.0 | $11,970.00 |
| **TOTAL** | | **32-44** | **$26,400.00-$36,300.00** | **34.2** | **$25,120.00** |

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of April 2023, I caused a true and correct copy of the foregoing *Second Interim Fee Application of Harney Westwood & Riegels LP, BVI Counsel to the Official Committee of Unsecured Creditors, for the Interim Fee Period from November 1, 2022, through February 28, 2023* to be served via (i) electronic notification pursuant to the CM/ECF system for the United States Bankruptcy Court for the Southern District of New York or (ii) e-mail, as indicated in the service list attached hereto.

*/s/ Darren Azman*
Darren Azman

## SERVICE LIST

| Name | Attention | Address 1 | Address 2 | City | State | Zip | Country | Email | Method of Service |
|---|---|---|---|---|---|---|---|---|---|
| DISTRICT OF COLUMBIA | OFFICE OF THE ATTORNEY GENERAL | 400 6TH STREET NW | | WASHINGTON | DC | 20001 | | OAG@DC.GOV | VIA E-MAIL |
| FRANCINE DE SOUSA | C/O SISKINDS LLP | ATTN: ANTHONY O'BRIEN | 100 LOMBARD STREET SUITE 302 | TORONTO | ON | M5C1M3 | | ANTHONY.OBRIEN@SISKINDS.COM | VIA E-MAIL |
| FRANCINE DE SOUSA | C/O SISKINDS LLP | ATTN: MICHAEL G. ROBB & GARETT M. HUNTER | 275 DUNDAS STREET UNIT 1 | LONDON | ON | N6B3L1 | | MICHAEL.ROBB@SISKINDS.COM GARETT.HUNTER@SISKINDS.COM | VIA E-MAIL |
| GOOGLE, LLC | | 1600 AMPHITHEATRE PKWY | | MOUNTAIN VIEW | CA | 94043 | | COLLECTIONS@GOOGLE.COM | VIA E-MAIL |
| OFFICE OF THE UNITED STATES TRUSTEE | FOR THE SOUTHERN DIST OF NEW YORK | ATTN: RICHARD C. MORRISSEY, ESQ. AND MARK BRUH, ESQ. | 201 VARICK STREET, ROOM 1006 | NEW YORK | NY | 10014 | | RICHARD.MORRISSEY@USDOJ.GOV MARK.BRUH@USDOJ.GOV | VIA E-MAIL VIA E-MAIL |
| SECURITIES & EXCHANGE COMMISSION | | 100 F STREET NE | | WASHINGTON | DC | 20549 | | SECBANKRUPTCY-OGC-ADO@SEC.GOV | VIA E-MAIL |
| SECURITIES & EXCHANGE COMMISSION | NEW YORK REGIONAL OFFICE | 100 PEARL STREET SUITE 20-100 | | NEW YORK | NY | 10004-2616 | | NYROBANKRUPTCY@SEC.GOV | VIA E-MAIL |
| SECURITIES & EXCHANGE COMMISSION | NEW YORK REGIONAL OFFICE | ATTN: ANDREW CALAMARI REGIONAL DIRECTOR | 200 VESEY STREET SUITE 400 | NEW YORK | NY | 10281-1022 | | BANKRUPTCYNOTICESCHR@SEC.GOV | VIA E-MAIL |
| STATE OF ALABAMA | OFFICE OF THE ATTORNEY GENERAL | 501 WASHINGTON AVE | | MONTGOMERY | AL | 36104 | | CONSUMERINTEREST@ALABAMAAG.GO | VIA E-MAIL |
| STATE OF ALASKA | OFFICE OF THE ATTORNEY GENERAL | 1031 W 4TH AVE, STE 200 | | ANCHORAGE | AK | 99501 | | ATTORNEY.GENERAL@ALASKA.GOV | VIA E-MAIL |
| STATE OF ARIZONA | OFFICE OF THE ATTORNEY GENERAL | 2005 N CENTRAL AVE | | PHOENIX | AZ | 85004 | | AGINFO@AZAG.GOV | VIA E-MAIL |
| STATE OF ARKANSAS | OFFICE OF THE ATTORNEY GENERAL | 323 CENTER ST, STE 200 | | LITTLE ROCK | AR | 72201 | | OAG@ARKANSASAG.GOV | VIA E-MAIL |
| STATE OF CALIFORNIA | OFFICE OF THE ATTORNEY GENERAL | PO BOX 944255 | | SACRAMENTO | CA | 94244-2550 | | XAVIER.BECERRA@DOJ.CA.GOV | VIA E-MAIL |
| STATE OF COLORADO | OFFICE OF THE ATTORNEY GENERAL | RALPH L. CARR JUDICIAL BUILDING | 1300 BROADWAY, 10TH FL | DENVER | CO | 80203 | | CORA.REQUEST@COAG.GOV | VIA E-MAIL |
| STATE OF CONNECTICUT | OFFICE OF THE ATTORNEY GENERAL | 165 CAPITOL AVENUE | | HARTFORD | CT | 06106 | | ATTORNEY.GENERAL@CT.GOV | VIA E-MAIL |
| STATE OF FLORIDA | OFFICE OF THE ATTORNEY GENERAL | THE CAPITOL, PL01 | | TALLAHASSEE | FL | 32399 | | ASHLEY.MOODY@MYFLORIDALEGAL.CO | VIA E-MAIL |
| STATE OF HAWAII | OFFICE OF THE ATTORNEY GENERAL | 425 QUEEN STREET | | HONOLULU | HI | 96813 | | HAWAIIAG@HAWAII.GOV | VIA E-MAIL |
| STATE OF IDAHO | OFFICE OF THE ATTORNEY GENERAL | 700 W. JEFFERSON ST, SUITE 210 | PO BOX 83720 | BOISE | ID | 83720 | | LAWRENCE.WASDEN@AG.IDAHO.GOV AGWASDEN@AG.IDAHO.GOV | VIA E-MAIL |
| STATE OF ILLINOIS | OFFICE OF THE ATTORNEY GENERAL | JAMES R. THOMPSON CENTER | 100 W. RANDOLPH ST | CHICAGO | IL | 60601 | | INFO@LISAMADIGAN.ORG | VIA E-MAIL |
| STATE OF IOWA | OFFICE OF THE ATTORNEY GENERAL | HOOVER STATE OFFICE BUILDING | 1305 E. WALNUT STREET | DES MOINES | IA | 50319 | | CONSUMER@AG.IOWA.GOV | VIA E-MAIL |
| STATE OF KANSAS | ATTN: ATTORNEY GENERAL DEREK SCHMIDT | 120 SW 10TH AVE, 2ND FLOOR | | TOPEKA | KS | 66612 | | DEREK.SCHMIDT@AG.KS.GOV | VIA E-MAIL |
| STATE OF LOUISIANA | DEPT. OF JUSTICE - ATTORNEY GENERAL'S OFFICE | 300 CAPITAL DRIVE | | BATON ROUGE | LA | 70802 | | ADMININFO@AG.STATE.LA.US | VIA E-MAIL |
| STATE OF MAINE | OFFICE OF THE ATTORNEY GENERAL | 6 STATE HOUSE STATION | | AUGUSTA | ME | 04333 | | ATTORNEY.GENERAL@MAINE.GOV | VIA E-MAIL |
| STATE OF MARYLAND | OFFICE OF THE ATTORNEY GENERAL | 200 ST. PAUL PLACE | | BALTIMORE | MD | 21202 | | OAG@OAG.STATE.MD.US | VIA E-MAIL |
| STATE OF MINNESOTA | OFFICE OF THE ATTORNEY GENERAL | 445 MINNESOTA ST, STE 1400 | | ST. PAUL | MN | 55101 | | ATTORNEY.GENERAL@AG.STATE.MN.US | VIA E-MAIL |
| STATE OF MISSOURI | OFFICE OF THE ATTORNEY GENERAL | SUPREME COURT BUILDING | 207 W HIGH ST | JEFFERSON CITY | MO | 65101 | | CONSUMER.HELP@AGO.MO.GOV | VIA E-MAIL |
| STATE OF MONTANA | OFFICE OF THE ATTORNEY GENERAL | JUSTICE BUILDING, 3RD FLOOR | 215 N SANDERS, PO BOX 201401 | HELENA | MT | 59602 | | CONTACTDOJ@MT.GOV | VIA E-MAIL |
| STATE OF NEW HAMPSHIRE | OFFICE OF THE ATTORNEY GENERAL | NH DEPARTMENT OF JUSTICE | 33 CAPITOL ST. | CONCORD | NH | 03301 | | ATTORNEYGENERAL@DOJ.NH.GOV | VIA E-MAIL |
| STATE OF NEW MEXICO | OFFICE OF THE ATTORNEY GENERAL | 408 GALISTEO STREET | VILLAGRA BUILDING | SANTA FE | NM | 87501 | | HBALDERAS@NMAG.GOV | VIA E-MAIL |
| STATE OF NORTH DAKOTA | OFFICE OF THE ATTORNEY GENERAL | 600 E. BOULEVARD AVE, DEPT. 125 | | BISMARCK | ND | 58505 | | NDAG@ND.GOV | VIA E-MAIL |
| STATE OF OKLAHOMA | OFFICE OF THE ATTORNEY GENERAL | 313 NE 21ST ST | | OKLAHOMA CITY | OK | 73105 | | QUESTIONS@OAG.OK.GOV | VIA E-MAIL |
| STATE OF OREGON | OFFICE OF THE ATTORNEY GENERAL | 1162 COURT ST NE | | SALEM | OR | 97301-4096 | | ELLEN.ROSENBLUM@DOG.STATE.OR.US ATTORNEYGENERAL@DOJ.STATE.OR.U | VIA E-MAIL |
| STATE OF RHODE ISLAND | OFFICE OF THE ATTORNEY GENERAL | 150 S MAIN ST | | PROVIDENCE | RI | 02903 | | AG@RIAG.RI.GOV | VIA E-MAIL |
| STATE OF UTAH | OFFICE OF THE ATTORNEY GENERAL | UTAH STATE CAPITOL COMPLEX | 350 NORTH STATE ST STE 230 | SALT LAKE CITY | UT | 84114 | | UAG@UTAH.GOV | VIA E-MAIL |
| STATE OF VERMONT | OFFICE OF THE ATTORNEY GENERAL | 109 STATE ST. | | MONTPELIER | VT | 05609 | | AGO.INFO@VERMONT.GOV | VIA E-MAIL |
| STATE OF VIRGINIA | OFFICE OF THE ATTORNEY GENERAL | 202 N. NINTH ST. | | RICHMOND | VA | 23219 | | MAIL@OAG.STATE.VA.US | VIA E-MAIL |
| STATE OF WEST VIRGINIA | OFFICE OF THE ATTORNEY GENERAL | STATE CAPITOL, 1900 KANAWHA | BUILDING 1 RM E-26 | CHARLESTON | WV | 25305 | | CONSUMER@WVAGO.GOV | VIA E-MAIL |
| TORONTO STOCK EXCHANGE | | 300 - 100 ADELAIDE ST. | | WEST TORONTO | ON | M5H 1S3 | | WEBMASTER@TMX.COM | VIA E-MAIL |
| KELLEHER PLACE MANAGEMENT, LLC | HORWOOD MARCUS & BERK CHARTERED | 500 W. MADISON ST. | SUITE 3700 | CHICAGO | IL | 60661 | | AHAMMER@HMBLAW.COM NDELMAN@HMBLAW.COM | VIA ECF VIA E-MAIL |
| METROPOLITAN COMMERCIAL BANK | BALLARD SPAHR LLP | 200 IDS CENTER | 80 SOUTH 8TH STREET | MINNEAPOLIS | MN | 55402-2119 | | SINGERG@BALLARDSPAHR.COM | VIA ECF |
| METROPOLITAN COMMERCIAL BANK | WACHTELL, LIPTON, ROSEN & KATZ | 51 WEST 52ND STREET | | NEW YORK | NY | 10019-6150 | | RGMASON@WLRK.COM ARWOLF@WLRK.COM AKHERRING@WLRK.COM | VIA E-MAIL VIA ECF VIA E-MAIL |
| JASON RAZNICK | JAFFE RAITT HEUER & WEISS, P.C. | 27777 FRANKLIN ROAD | SUITE 2500 | SOUTHFIELD | MI | 48034 | | PHAGE@JAFFELAW.COM | VIA ECF |
| STEVE LAIRD | FORSHEY & PROSTOK LLP | 777 MAIN STREET | SUITE 1550 | FORT WORTH | TX | 76102 | | BFORSHEY@FORSHEYPROSTOK.COM | VIA ECF |
| ORACLE AMERICA, INC. | BUCHALTER, A PROFESSIONAL CORPORA | 425 MARKET ST. | SUITE 2900 | SAN FRANCISCO | CA | 94105 | | SCHRISTIANSON@BUCHALTER.COM | VIA ECF |
| ALAMEDA RESEARCH LLC & AFFILIATES | SULLIVAN & CROMWELL LLP | 125 BROAD STREET | | NEW YORK | NY | 10004 | | DIETDERICHA@SULLCROM.COM GLUECKSTEINB@SULLCROM.COM BELLERB@SULLCROM.COM | VIA ECF VIA ECF VIA E-MAIL |
| VOYAGER DIGITAL HOLDINGS, INC., ET AL | KIRKLAND & ELLIS LLP KIRKLAND & ELLIS INTERNATIONAL LLP | 601 LEXINGTON AVENUE | | NEW YORK | NY | 10022 | | JSUSSBERG@KIRKLAND.COM CMARCUS@KIRKLAND.COM CHRISTINE.OKIKE@KIRKLAND.COM ALLYSON.SMITH@KIRKLAND.COM | VIA ECF VIA E-MAIL VIA E-MAIL VIA E-MAIL |

| Name | C/O | ATTN | Address | City | State | Zip | Email | Method |
|---|---|---|---|---|---|---|---|---|
| EMERALD OCEAN ISLE, LLC, AMANO GLOBAL HOLDINGS, INC., SHINGO LAVINE, AND ADAM LAVINE | C/O GOLDSTEIN & MCCLINKOCK LLLP | ATTN: MATTHEW E. MCCLINTOCK, HARLEY GOLDSTEIN, AND STEVE YACHIK | 111 W WASHINGTON STREET SUITE 1221 | CHICAGO | IL | 60602 | MATTM@GOLDMCLAW.COM HARLEYG@RESTRUCTURINGSHOP.COM STEVENY@GOLDMCLAW.COM | VIA E-MAIL VIA E-MAIL VIA E-MAIL |
| EMERALD OCEAN ISLE, LLC, AMANO GLOBAL HOLDINGS, INC., SHINGO LAVINE, AND ADAM LAVINE | C/O LAW OFFICES OF DOUGLAS T. TABACHNIK, P.C. | ATTN: DOUGLAS T. TABACHNIK | 63 WEST MAIN STREET SUITE C | FREEHOLD | NJ | 07728-2141 | DTABACHNIK@DTTLAW.COM | VIA ECF |
| MATTHEW EDWARDS | C/O LIZ GEORGE AND ASSOCIATES | ATTN: LYSBETH GEORGE | 8101 S. WALKER SUITE F | OKLAHOMA CITY | OK | 73139 | GEORGELAWOK@GMAIL.COM | VIA ECF |
| TEXAS STATE SECURITIES BOARD | OFFICE OF THE ATTORNEY GENERAL OF TEXAS | ATTN: ABIGAIL R RYAN, LAYLA D MILLIGAN & JASON B BINFORD | BANKRUPTCY & COLLECTIONS DIVISION PO BOX 12548 | AUSTIN | TX | 78711-2548 | ABIGAIL.RYAN@OAG.TEXAS.GOV LAYLA.MILLIGAN@OAG.TEXAS.GOV JASON.BINFORD@OAG.TEXAS.GOV | VIA ECF VIA E-MAIL VIA E-MAIL |
| OFFICE OF THE ATTORNEY GENERAL OF TEXAS | | ATTN: ROMA N. DESAI | BANKRUPTCY & COLLECTIONS DIVISION PO BOX 12548 | AUSTIN | TX | 78711-2548 | ROMA.DESAI@OAG.TEXAS.GOV | VIA ECF |
| OFFICE OF THE ATTORNEY GENERAL | BANKRUPTCY DIVISION | ATTN: MARVIN E. CLEMENTS, JR. | BANKRUPTCY DIVISION P O BOX 20207 | NASHVILLE | TN | 37202-0207 | AGBANKNEWYORK@AG.TN.GOV | VIA ECF |
| VERMONT DEPARTMENT OF FINANCIAL REGULATION | ASSISTANT GENERAL COUNSEL | ATTN: JENNIFER ROOD | 89 MAIN STREET THIRD FLOOR | MONTPELIER | VT | 05620 | JENNIFER.ROOD@VERMONT.GOV | VIA ECF |
| ROBERT SNYDERS & LISA SNYDERS | C/O JOHNSON, POPE, BOKOR, RUPPEL & BURNS, LLP | ATTN: ANGELINA E. LIM | 401 E JACKSON STREET SUITE 3100 | TAMPA | FL | 33602 | ANGELINAL@JPFIRM.COM | VIA ECF |
| MICHAEL LEGG | C/O MCCARTHY, LEBIT, CRYSTAL & LIFFMAN CO. | ATTN: ROBERT R. KRACHT & NICHOLAS R. OLESKI | 1111 SUPERIOR AVENUE EAST SUITE 2700 | CLEVELAND | OH | 44114 | RRK@MCCARTHYLEBIT.COM NRO@MCCARTHYLEBIT.COM | VIA E-MAIL VIA ECF |
| MICHAEL GENTSCH | C/O BARSKI LAW PLC | ATTN: CHRIS D. BRASKI | 9375 E. SHEA BLVD. STE 100 | SCOTTSDALE | AZ | 85260 | CBARSKI@BARSKILAW.COM | VIA ECF |
| ILLINOIS SECRETARY OF STATE | C/O OFFICE OF THE ATTORNEY GENERAL | ATTN: JOHN P. REDING | 100 W. RANDOLPH ST FLOOR 13 | CHICAGO | IL | 60601 | JOHN.REDING@ILAG.GOV | VIA ECF |
| GEORGIA DEPARTMENT OF BANKING AND FINANCE | | ATTN: NATHAN HOVEY, ASSISTANT ATTORNEY GENERAL | DEPARTMENT OF LAW 40 CAPITOL SQUARE SW | ATLANTA | GA | 30334 | NHOVEY@LAW.GA.GOV | VIA ECF |
| MARK CUBAN AND DALLAS BASKETBALL LIMITED, D/B/A DALLAS MAVERICKS | C/O BROWN RUDNICK LLP | ATTN: SIGMUND S. WISSNER-GROSS ESQ. & KENNETH J. AULET | SEVEN TIMES SQUARE | NEW YORK | NY | 10036 | SWISSNER-GROSS@BROWNRUDNICK.COM KAULET@BROWNRUDNICK.COM | VIA E-MAIL VIA E-MAIL |
| MARK CUBAN AND DALLAS BASKETBALL LIMITED, D/B/A DALLAS MAVERICKS | C/O BROWN RUDNICK LLP | ATTN: STEPHEN A. BEST ESQ & RACHEL O. WOLKINSON, ESQ. | 601 THIRTEENTH STREET NW SUITE 600 | WASHINGTON | DC | 2005 | SBEST@BROWNRUDNICK.COM RWOLKINSON@BROWNRUDNICK.COM | VIA E-MAIL VIA E-MAIL |
| ED BOLTON | C/O AKERMAN LLP | ATTN: R. ADAM SWICK, JOHN H. THOMPSON, JOANNE GELFAND | 1251 AVENUE OF THE AMERICAS, 37TH FL | NEW YORK | NY | 10020 | ADAM.SWICK@AKERMAN.COM; JOHN.THOMPSON@AKERMAN.COM; JOANNE.GELFAND@AKERMAN.COM | VIA ECF VIA ECF VIA ECF |
| JON GIACOBBE | | ATTN: A. MANNY ALICANDRO | 11 BROADWAY, SUITE 615 | NEW YORK | NY | 10004 | MANNY@ALICANDROLAWOFFICE.COM | VIA ECF |
| WELLS FARGO BANK, N.A. | C/O ALDRIDGE PITE, LLP | ATTN: GREGORY WALLACH | FIFTEEN PIEDMONT CENTER 3575 PIEDMONT ROAD, N.E. | ATLANTA | GA | 30305 | GWALLACH@ALDRIDGEPITE.COM | VIA ECF |
| AD HOC GROUP OF EQUITY INTEREST HOLDERS | C/O KILPATRICK TOWNSEND & STOCKTON LLP | ATTN: DAVID M. POSNER & KELLY E. MOYNIHAN | THE GRACE BUILDING 1114 AVENUE OF THE | NEW YORK | NY | 10036 | DPOSNER@KILPATRICKTOWNSEND.COM KMOYNIHAN@KILPATRICKTOWNSEND.C | VIA ECF |
| AD HOC GROUP OF EQUITY INTEREST HOLDERS | C/O KILPATRICK TOWNSEND & STOCKTON LLP | ATTN: PAUL M. ROSENBLATT | 1100 PEACHTREE STREET NE SUITE 2800 | ATLANTA | GA | 30309 | PROSENBLATT@KILPATRICKTOWNSEND COM | VIA ECF |
| PIERCE ROBERTSON | C/O PACHULSKI STANG ZIEHL & JONES LLP | ATTN: RICHARD M. PACHULSKI, ALAN J. KORNFELD, DEBRA I. GRASSGREEN, AND JASON H. ROSELI | 10100 SANTA MONICA BLVD 13TH FLOOR | LOS ANGELES | CA | 90067 | RPACHULSKI@PSZJLAW.COM AKORNFELD@PSZJLAW.COM DGRASSGREEN@PSZJLAW.COM JROSELI@PSZJLAW.COM | VIA E-MAIL VIA E-MAIL VIA E-MAIL VIA E-MAIL |
| STATE OF WASHINGTON | OFFICE OF ATTORNEY GENERAL | ATTN: STEPHEN MANNING, ASSISTANT ATTORNEY GENERAL | GOVERNMENT COMPLIANCE AND ENFORCEMENT DIVISION P.O. BOX 40100 | OLYMPIA | WA | 98504-4010 | STEPHEN.MANNING@ATG.WA.GOV | VIA ECF |
| MARCUM LLP | MINTZ & GOLD LLP | ATTN: ANDREW R. GOTTESMAN | 600 THIRD AVENUE, 25TH | NEW YORK | NY | 10016 | GOTTESMAN@MINTZANDGOLD.COM | VIA ECF |
| U.S. SECURITIES & EXCHANGE COMMISSION | | ATTN: THERESE A. SCHEUER | 100 F STREET, NE | WASHINGTON | DC | 20549 | SCHEUERT@SEC.GOV | VIA E-MAIL |
| NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES | CONSUMER PROTECTION AND FINANCIAL ENFORCEMENT | ATTN: KEVIN R. PUVALOWSKI, LINDA DONAHUE, JASON D. ST. JOHN | ONE STATE STREET | NEW YORK | NY | 10004 | KEVIN.PUVALOWSKI@DFS.NY.GOV LINDA.DONAHUE@DFS.NY.GOV JASON.ST.JOHN@DFS.NY.GOV | VIA E-MAIL VIA E-MAIL VIA E-MAIL |
| NEW JERSEY BUREAU OF SECURITIES | C/O MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP | ATTN: VIRGINIA T. SHEA | 1300 MT KEMBLE AVENUE PO BOX 2075 | MORRISTOWN | NJ | 02075 | VSHEA@MDMC-LAW.COM | VIA ECF |
| NEW JERSEY BUREAU OF SECURITIES | C/O MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP | ATTN: NICOLE LEONARD | 225 LIBERTY STREET, 36TH FLOOR | NEW YORK | NY | 10281 | NLEONARD@MDMC-LAW.COM | VIA ECF |
| NEW JERSEY BUREAU OF SECURITIES | C/O MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP | ATTN: JEFFREY BERNSTEIN | 570 BROAD STREET, SUITE 1500 | NEWARK | NJ | 07102 | JBERNSTEIN@MDMC-LAW.COM | VIA ECF |
| USIO, INC. | PULMAN, CAPPUCCIO & PULLEN, LLP | ATTN: RANDALL A. PULMAN | 2161 NW MILITARY HIGHWAY SUITE 400 | SAN ANTONIO | TX | 78213 | RPULMAN@PULMANLAW.COM | E-MAIL |
| BAM TRADING SERVICES INC. D/B/A BINANCE.US | LATHAM & WATKINS LLP | ATTN: ADAM J. GOLDBERG, NACIF TAOUSSE, JONATHAN J. WEICHSELBAUM | 1271 AVENUE OF THE AMERICAS | NEW YORK | NY | 10020 | ADAM.GOLDBERG@LW.COM NACIF.TAOUSSE@LW.COM JON.WEICHSELBAUM@LW.COM | VIA ECF VIA E-MAIL VIA E-MAIL |
| BAM TRADING SERVICES INC. D/B/A BINANCE.US | LATHAM & WATKINS LLP | ATTN: ANDREW D. SORKIN | 555 ELEVENTH STREET, NW SUITE 1000 | WASHINGTON | DC | 20004 | ANDREW.SORKIN@LW.COM | VIA E-MAIL |
| ATTORNEY FOR THE STATES OF ALABAMA, ARKANSAS, CALIFORNIA, DISTRICT OF COLUMBIA, HAWAII, MAINE, NORTH DAKOTA, OKLAHOMA, AND SOUTH | C/O NATIONAL ASSOCIATION OF ATTORNEYS GENERAL | ATTN: KAREN CORDRY BANKRUPTCY COUNSEL | 1850 M ST. NW 12TH FLOOR | WASHINGTON | DC | 20036 | KCORDRY@NAAG.ORG | VIA E-MAIL |
| USIO, INC. & FICENTIVE, INC. | RUSKIN MOSCOU FALTISCHEK, P.C. | ATTN: SHERYL P. GUIGLIANO | 1425 RXR PLAZA, 15TH FLOOR | UNIONDALE | NY | 11556 | SGUIGLIANO@RMFPC.COM | VIA ECF |
| CELSIUS NETWORK LLC | AKIN GUMP STRAUSS HAUER & FELD, L.L.P | ATTN: MITCHELL P. HURLEY, DEAN L. CHAPMAN, JR. | ONE BRYANT PARK | NEW YORK | NY | 10036 | MHURLEY@AKINGUMP.COM DCHAPMAN@AKINGUMP.COM | VIA E-MAIL VIA E-MAIL |
| VOYAGER DIGITAL HOLDINGS, INC. | PAUL HASTINGS LLP | ATTN: JONATHAN D. CANFIELD | 200 PARK AVENUE | NEW YORK | NY | 10166 | JONCANFIELD@PAULHASTINGS.COM | VIA ECF |
| VOYAGER DIGITAL HOLDINGS, INC., ET AL. | PAUL HASTINGS LLP | ATTN: MATTHEW M. MURPHY, MICHAEL C. WHALEN | 71 SOUTH WACKER DRIVE SUITE 4500 | CHICAGO | IL | 60606 | MATTMURPHY@PAULHASTINGS.COM MICHAELCWHALEN@PAULHASTINGS.COM | VIA E-MAIL VIA E-MAIL |
| FEDERAL TRADE COMMISSION | | ATTN: KATHERINE JOHNSON | 600 PENNSYLVANIA AVE., NW MAIL STOP CC-9528 | WASHINGTON | DC | 20580 | KJOHNSON3@FTC.GOV | VIA ECF |
| OFFICE OF THE ATTORNEY GENERAL OF THE STATE OF NEW YORK | SENIOR ENFORCEMENT COUNSEL INVESTOR PROTECTION BUREAU | ATTN: TANYA TRAKHT | 28 LIBERTY STREET 21ST FLOOR | NEW YORK | NY | 10005 | TANYA.TRAKHT@AG.NY.GOV | VIA ECF |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| VOYAGER DIGITAL HOLDINGS, INC., ET AL. | KIRKLAND & ELLIS LLP<br>KIRKLAND & ELLIS INTERNATIONAL LLP | ATTN: RAVI SUBRAMANIAN SHANKAR | 300 NORTH LASALLE | CHICAGO | IL | 60654 | | RAVI.SHANKAR@KIRKLAND.COM | VIA ECF |
| U.S. SECURITIES & EXCHANGE COMMISSION | | ATTN: WILLIAM M. UPTEGROVE | 950 EAST PACES FERRY RD.,<br>N.E.  SUITE 900 | ATLANTA | GA | 30326 | | UPTEGROVEW@SEC.GOV | VIA E-MAIL |
| THE BANK OF NEW YORK MELLON F/K/A<br>THE BANK OF NEW YORK AS TRUSTEE<br>FOR THE CERTIFICATEHOLDERS OF<br>CWALT, INC. ALTERNATIVE LOAN TRUST<br>2005-38 MORTGAGE PASS-THROUGH<br>CERTIFICATES, SERIES 2005-38 | MCCALLA RAYMER LEIBERT PIERCE, LLC | ATTN: PHILLIP RAYMOND | 420 LEXINGTON AVENUE<br>SUITE 840 | NEW YORK | NY | 10170 | | NY_ECF_NOTICES@MCCALLA.COM<br>PHILLIP.RAYMOND@MCCALLA.COM<br>MCCALLAECF@ECF.COURTDRIVE.COM | VIA ECF |
| UNITED STATES ATTORNEY<br>SOUTHERN DISTRICT OF NEW YORK | | ATTN: LAWRENCE H. FOGELMAN,<br>JEAN-DAVID BARNEA, PETER<br>ARONOFF | 86 CHAMBERS STREET<br>3RD FLOOR | NEW YORK | NY | 10007 | | LAWRENCE.FOGELMAN@USDOJ.GOV<br>JEAN-DAVID.BARNEA@USDOJ.GOV<br>PETER.ARONOFF@USDOJ.GOV | VIA ECF |
| LORI LAPIN JONES | LORI LAPIN JONES PLLC | | 98 CUTTER MILL ROAD<br>SUITE 255 SOUTH | GREAT NECK | NY | 11021 | | LJONES@JONESPLLC.COM | VIA ECF |