Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | Case No. 22-10943 (MEW) |
| Debtors. | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) VESTING THE DEBTORS' REPRESENTATIVES
WITH AUTHORITY TO COMPLY WITH APPLICABLE LAW IN
CONSUMMATING THE PLAN AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (this "Motion"):

**Introduction[2]**

1. By this Motion, the Debtors seek to clarify that the Debtors, the Wind-Down Debtor, the Plan Administrator, and their employees, management, officers, directors and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the *Third Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan"), attached as Exhibit A to the *Corrected and Amended Order (I) Approving the Second Amended Disclosure Statement and (II) Confirming the Third Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "Confirmation Order") [Docket No. 1166].

members, as applicable (the "Debtors' Representatives"), solely in their capacity as such and, for the avoidance of doubt, in connection with consummating the terms of the Plan, are authorized to take, or refrain from taking, any actions they deem necessary in their business judgement to comply with applicable law. Granting such relief will provide the Debtors with the flexibility needed to consummate the Plan and return value to their customers and other creditors in the midst of a regulatory environment fraught with uncertainty.

2. The Debtors successfully obtained confirmation of the Plan on March 8, 2023. Prior to and during the Confirmation Hearing, the Debtors received a number of formal and informal objections to the Plan, including from the U.S. Trustee, the United States Attorney for the Southern District of New York (the "USAO"), and the Securities and Exchange Commission (the "SEC"). The U.S. Trustee objected to, among other things, the exculpation provision contained in Article VIII.C of the Plan (the "Exculpation Provision"), arguing that the scope of the Exculpation Provision was impermissible and contravened established precedent. The USAO also objected to the Exculpation Provision, arguing that the Exculpation Provision improperly prohibited the government from bringing certain causes of actions against both the Debtors and non-Debtors in connection with carrying out the Plan. The SEC's objection and comments at the Confirmation Hearing alleged, among other things, that VGX may be an unregistered security and that any sale and/or distribution of cryptocurrency, including VGX, by the Debtors may violate securities law.[3]

---

[3] *See Objection of the U.S. Securities and Exchange Commission to Final Approval of the Adequacy of the Debtors' Disclosure Statement and Confirmation of the Chapter 11 Plan* [Docket No. 1047] at ¶ 4 ("the transactions in crypto assets necessary to effectuate the rebalancing, the re-distribution of such assets to Account Holders, may violate the prohibition in Section 5 of the Securities Act of 1933 against the unregistered offer, sale, or delivery after sale of securities."); Transcript, *In re Voyager Digital Holdings, Inc., et al.*, No. 22-10943 at 24:18–25 (Mar. 2, 2023) (Mr. Uptegrove (on behalf of the SEC): "On the issue of the securities laws, the SEC is not taking a position on whether any of the transactions in the plan are violative of the federal security laws."); Transcript, *In re Voyager Digital Holdings, Inc., et al.*, No. 22-10943 at 230:14–25 (Mar. 3, 2023) (Mr. Uptegrove (on behalf of the SEC), after being denied an *in camera* review: "[T]he staff believes based solely on the facts and

2

3. On March 8, 2023, at the conclusion of the four-day Confirmation Hearing, the Court entered the Confirmation Order and overruled the outstanding objections to the Plan. The Court noted in confirming the Plan that "All of the government entities . . .had every opportunity to tell me if they believed that anything contemplated by the Plan would violate any applicable statute, rule, or regulation . . . . No other regulator has contended during the confirmation hearing that there is anything illegal in what the plan contemplates." *See Decision Regarding (1) Approval of the Debtors' Disclosure Statement, (2) Confirmation of the Debtors' Plan of Reorganization, (3) Motions Seeking the Appointment of a Trustee, (4) Motions Requesting Full Customer Access to Account Holdings, and (5) Related Matters* [Docket No. 1170] (the "Confirmation Decision") at 34. The Court also noted that the Confirmation Order or Plan "does not bar the Government from trying to stop transactions from occurring, and does not bar any regulatory contention in that regard." *Id*. at 38.

4. Immediately following confirmation of the Plan, the USAO and the U.S. Trustee (together, the "Government") filed an appeal of the Confirmation Order to the United States District Court for the Southern District of New York (the "District Court"). On March 14, 2023, the Government filed a motion to stay the Confirmation Order (the "Stay Motion"). On March 15, 2023, the Court denied the Stay Motion, but issued a temporary stay of the Confirmation Order to allow the District Court sufficient time to consider the Government's appeal of the Confirmation Order. On March 31, 2023, the District Court granted the Government's motion to stay the Confirmation Order. On April 1, 2023, the Debtors moved to the Second Circuit Court of Appeals,

---

circumstances currently known to the staff that the offering and sale of VGX tokens have the attributes of a securities transaction – securities transactions. Staff also believes that Binance.US is operating an unregistered security exchange in the United States. The Commission has not made any determination on either of these issues.").

3

seeking an emergency vacatur of the District Court's stay, but, on April 11th, the Second Circuit Court of Appeals denied the Debtors' request on jurisdictional grounds

5.  The Debtors maintain that the Exculpation Provision is appropriate and consistent with applicable law and reserve all rights on appeal. However, the Debtors also remain focused on returning cryptocurrency to Account Holders and emerging from chapter 11 as soon as possible. Over the past several weeks, the Debtors, the Committee, and the Government engaged in extensive negotiations in an attempt to resolve the Government's appeal of the Confirmation Order to allow the sale to BAM Trading Services Inc. ("BAM Trading") to proceed. Ultimately, the parties were unable to reach agreement, but after significant arm's-length negotiation, the Debtors, the Committee, and the Government entered into the *Joint Stipulation and Order Regarding the Stay Pending Appeal* [District Court Docket No. 72] (the "Stipulation"), seeking to lift the stay of the Confirmation Order other than with respect to the Exculpation Provision so that the sale to BAM Trading could proceed. The District Court approved the Stipulation on April 20, 2023. The Stipulation allows the Debtors to consummate the sale to BAM Trading, make distributions under the Plan, and emerge from chapter 11 in the very near term. The ultimate scope of the Exculpation Provision will be resolved through the appeals process.

6.  The regulatory environment that the Debtors face, however, is no less uncertain than it was when the Debtors petitioned for chapter 11 relief in July 2022. Indeed, though the Court overruled the SEC's objection, and the SEC did not launch a formal appeal, the SEC continues to maintain that certain of the restructuring transactions *may* violate securities law. *See supra* n.3. As the Exculpation Provision is stayed while the appeals process continues, the Debtors bear the regulatory risk that the restructuring transactions contemplated by the Plan may be challenged at a later date. In light of recent activity by regulatory agencies in the cryptocurrency

4

sector, including attacks on tokens and coins as unregistered securities offerings, the Debtors seek to clarify that the Debtors' Representatives are authorized to make distributions to creditors in any form of consideration (*i.e.*, cash or a specific type of cryptocurrency) that complies with any applicable or relevant laws (the "Plan Clarification"). Accordingly, to the extent that the Debtors' Representatives determine, in their business judgment, that a regulatory authority may take action following the effective date of the Plan such that the Debtors' Representatives determine in their business judgment that they cannot make certain cryptocurrency distributions or liquidate certain cryptocurrency, the cash equivalent of such cryptocurrency may be distributed instead.

7. Absent granting the relief requested herein, the Debtors' Representatives may be faced with taking action they are compelled to do under the Plan which, in turn, may violate securities or other laws and without the protection of the Exculpation Provision. Accordingly, the Debtors request that the Court grant the relief requested herein.

### Relief Requested

8. The Debtors seek entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, (i) clarifying that the Debtors' Representatives, solely in their capacity as such and, for the avoidance of doubt, in connection with effectuating the terms of the Plan, are authorized to take, or refrain from taking, any actions necessary in their business judgement to comply with applicable law and (ii) granting related relief.

### Jurisdiction and Venue

9. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012. The Debtors confirm their consent to the Court

5

entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

10. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

11. The bases for the relief requested herein are sections 105(a) and 1127(b) of title 11 of the United States Code (the "Bankruptcy Code").

## Background

12. On July 5, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Stephen Ehrlich, Chief Executive Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 15] (the "First Day Declaration"), incorporated by reference herein.

13. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 18]. On July 19, 2022, the U.S. Trustee appointed an official committee of unsecured creditors [Docket No. 102] (the "Committee").

## Basis for Relief

**I.    The Court Has Authority Pursuant to Section 105(a) of the Bankruptcy Code to Clarify the Plan.**

14. Section 105(a) of the Bankruptcy Code grants the Court authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C § 105(a). Here, clarifying that the Debtors' Representatives are authorized to modify the form of consideration distributed to Account Holders, if required, to comply with applicable law

is necessary to effectuate the Plan. As discussed above, in light of the evolving regulatory landscape and widely accepted lack of clarity therein, the Debtors' Representatives must have the flexibility to provide Account Holders with *pro rata* distributions on account of their Claims, as required by the Bankruptcy Code, if a regulator takes action that prohibits in-kind distribution of coins or liquidation of coins for users who cannot or do not want to join the Binance.US platform. If the Debtors' Representatives do not have this flexibility, the Debtors' Representatives may be forced to contravene applicable law to comply with the technical terms of the Plan, which is an untenable outcome. In order to avoid any delays in distributions to Account Holders the Debtors seek clarification that the Debtors' Representatives are vested with this authority.

15. For the foregoing reasons, it is appropriate and necessary under section 105(a) of the Bankruptcy Code to confirm the Plan Clarification.

## II. If the Plan Clarification Is Deemed a Modification of the Plan It Is Appropriate Under Section 1127(b) of the Bankruptcy Code.

16. By this Motion, the Debtors are merely seeking to *clarify*, not modify, the Plan provisions. However, to the extent the Plan Clarification is deemed to be a modification, it is appropriate and permissible.

17. Section 1127(b) of the Bankruptcy Code provides for the post-confirmation modification of a plan, provided such modifications occur prior to the substantial consummation of such plan:

> [t]he proponent of a plan or the reorganized debtor may modify such plan at any time after confirmation of such plan and before substantial consummation of such plan, but may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of this title. Such plan as modified under this subsection becomes the plan only if circumstances warrant such modification and the court, after notice and a hearing, confirms such plan as modified, under section 1129 of this title.

11 U.S.C § 1127(b).

18. In addition, the Plan provides for the post-confirmation modification of the Plan:

> …after the entry of the Confirmation Order, the Debtors or the Wind-Down Debtor, as applicable, may, upon order of the Bankruptcy Court, amend or modify the Plan, in accordance with section 1127(b) of the Bankruptcy Code, to remedy any defect or omission, or reconcile any inconsistency in the Plan in such manner as may be necessary to carry out the purpose and intent of the Plan consistent with the terms set forth herein.

Plan, Art. X.A.

19. Pursuant to section 1127(b) of the Bankruptcy Code, the Plan, and the Confirmation Order, and subject to the Court's approval, the Debtors have authority to take any and all actions necessary to modify the Plan to carry out its purpose and intent consistent with the terms therein.

### A.  The Plan Has Not Been Substantially Consummated.

20. The Plan has not been "substantially consummated" within the meaning of section 1101(2) of the Bankruptcy Code, which states that "substantial consummation" occurs upon the "(A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan." 11 U.S.C § 1101(2). None of these conditions have occurred with respect to any Debtor or any estate property. Due to the stay of the Confirmation Order, as described herein, the BAM Trading Transaction has not closed. As a result, property has not been transferred by the Debtors to BAM Trading and no distributions under the Plan have been made. Additionally, the Debtors have not yet satisfied or obtained waivers for the conditions precedent to substantial consummation set forth in Article IX of the Plan, and therefore the Effective Date has yet to occur. Accordingly, the Plan has not yet been substantially consummated.

8

B.  **The Plan Clarification Complies with Sections 1122, 1123, and 1129 of the Bankruptcy Code and Is Appropriate.**

21. *First*, the Plan Clarification does not implicate sections 1122 (classification of claims or interests) or 1123 (contents of a plan) of the Bankruptcy Code. The Plan Clarification does not adversely change the terms of the Plan, alter the Plan's classification scheme, or otherwise affect mandatory or discretionary contents of the Plan as set forth in section 1123 of the Bankruptcy Code. The Plan Clarification simply seeks to clarify and confirm the Debtors' Representatives' authority to make distributions in the form of consideration that complies with applicable law.

22. *Second*, the Plan Clarification is warranted under the circumstances, and the Plan continues to satisfy the requirements set forth in section 1129 of the Bankruptcy Code. The Court has already determined that the Plan meets the requirements of section 1129 of the Bankruptcy Code as set forth in the Confirmation Order. The Plan Clarification does not change that but instead provides the Debtors with the necessary flexibility to distribute value to creditors, as authorized by the Plan and Confirmation Order, and consistent with applicable law. As such, the Plan Clarification is appropriate and permissible under the circumstances.

III. **The Plan Clarification Does Not Require Additional Disclosure or Solicitation Pursuant to Section 1127(c) of the Bankruptcy Code.**

23. Section 1127(c) of the Bankruptcy Code provides that "[t]he proponent of a modification shall comply with section 1125 of this title with respect to the plan as modified." Compliance with section 1125 of the Bankruptcy Code does not, however, mandate resolicitation of a chapter 11 plan. *See In re Cellular Information Sys., Inc.*, 171 B.R. 926, 929 n.6 (Bankr. S.D.N.Y. 1994) ("I find that such changes are nonmaterial modifications which do not require resolicitation of the respective impaired classes of creditors and equity security holders."). Further disclosure is only necessary where a proposed plan modification materially and adversely affects

9

a claimant's treatment. *See Resolution Trust Corp. v. Best Prods. Co.*, 177 B.R. 791, 802 (S.D.N.Y. 1995) (noting that the key inquiry was whether the modification materially altered the plan so that a claimant's treatment was adversely affected); *Enron Corp. v. The New Power Co. (In re The New Power Co.)*, 438 F.3d 1113, 1118 (11th Cir. 2006) ("[A]s an initial matter, we consider whether there was any material and adverse modifications from the First Amended Plan.").

24. A proposed plan modification will be considered material "if it so affects a creditor or interest holder who accepted the plan that such entity, if it knew of the modification, would be likely to reconsider its acceptance." *In re Am. Solar Corp.*, 90 B.R. 808, 824 (Bankr. W.D. Tex. 1988) (citing 8 Collier on Bankruptcy, ¶ 3019.03 (15th ed. 1987)). This reading of section 1127(c) of the Bankruptcy Code is entirely consistent with the disclosure requirements in section 1125 because a modification that is not material is, "by definition, one which will not affect an investor's voting decision," and thus, "additional disclosure would serve no purpose." *In re Am. Solar Corp.*, 90 B.R. at 824 n.28. Additionally, courts have held that proposed plan modifications are not adverse where "[n]one of the changes negatively affects the repayment of creditors." *See, e.g., In re Mount Vernon Plaza Community Urban Redevelopment Corp. I*, 79 B.R. 305, 306 (Bankr. S.D. Ohio 1987); *see also Am. Solar King*, 90 B.R. at 823, n.27 ("The modified plan need not be resubmitted to creditors and interest holders if the court finds that they are not adversely affected.") (internal citations omitted).

25. Here, the Plan Clarification does not materially and adversely affect the interests of any Holder of a Claim or Interest in these chapter 11 cases; to the contrary, the Plan Clarification will benefit Holders of Claims who otherwise might be unable to receive an additional portion of their claim without it. As described above, the Plan Clarification pertains to the ***form*** of

10

consideration distributed to creditors (*i.e.*, cash vs. cryptocurrency), does not substantively affect the rights or treatment of any Holder of a Claim or Interest, and recovery amounts will remain consistent with (and likely higher than) what was disclosed and set forth in the Disclosure Statement. Rather than adversely affecting creditors, the Plan Clarification is necessary for the Debtors to provide *pro rata* recoveries to creditors if the SEC or another regulatory body takes action which would make the current distribution mechanics illegal. Similar to how certain creditors in Unsupported Jurisdictions may receive distributions in cash in order to comply with applicable law, the Plan Clarification too seeks solely to ensure the Plan is implemented consistent with applicable law. Indeed, the Plan, as confirmed, permitted the Debtors to take any action necessary to implement the Plan. The Plan Clarification, therefore, is proper under sections 1125 and 1127(c) of the Bankruptcy Code and should be approved.

### **Waiver of Bankruptcy Rule 6004(a) and 6004(h)**

26. To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

### **Notice**

27. The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the U.S. Trustee; (b) the Committee; (c) the lender under the Debtors' prepetition loan facility; (d) the United States Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service; (f) the Toronto Stock Exchange; (g) the attorneys general in the states where the Debtors conduct their business operations; and (h) any party that

11

has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

28.    No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| Dated:  April 21, 2023<br>New York, New York | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>Christopher Marcus, P.C.<br>Christine A. Okike, P.C.<br>Allyson B. Smith (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br>Email: jsussberg@kirkland.com<br>cmarcus@kirkland.com<br>christine.okike@kirkland.com<br>allyson.smith@kirkland.com<br><br>*Counsel to the Debtors and Debtors in Possession* |

**Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) Case No. 22-10943 (MEW) |
| Debtors. | ) (Jointly Administered) |

**ORDER (I) VESTING THE DEBTORS' REPRESENTATIVES
WITH AUTHORITY TO COMPLY WITH APPLICABLE LAW
IN CONSUMMATING THE PLAN AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (this "Order") clarifying the Debtors' Representatives authority under the *Third Amended Joint Plan of Voyager Digital Holdings, Inc. And Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code*, (the "Plan"), attached as Exhibit A to the *Corrected and Amended Order (I) Approving the Second Amended Disclosure Statement and (II) Confirming the Third Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "Confirmation Order") [Docket No. 1166], all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital, Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

1

1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Plan Clarification is confirmed to allow the Debtors' Representatives to effectuate the restructuring transactions contemplated by the Plan in compliance with relevant law.

2. To the extent applicable, pursuant to section 1127 of the Bankruptcy Code, the Plan Clarification constitutes technical changes or modifications that do not otherwise materially and adversely affect or change the treatment of any other Claim or Interest.

3. The Debtors are not required to provide further disclosure in respect of the Plan Clarification or to resolicit the votes of any creditors or equity security holders as a result thereof.

4. The Confirmation Order remains in full force and effect, subject to the District Court proceeding, and shall apply to the Plan, as modified by the Plan Clarification and this Order.

5. The Plan, including the Plan Clarification, complies with section 1127 of the Bankruptcy Code, and with sections 1122, 1123, and 1129 of the Bankruptcy Code.

6. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon entry of the Order.

9. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

10. Notice of the Motion as provided therein is good and sufficient and the requirements of the Local Rules are satisfied by such notice.

New York, New York
Dated: _____, 2023

                                                                              _____
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE