Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:     (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) ) ) | Case No. 22-10943 (MEW) |
| Debtors. | ) ) ) | (Jointly Administered) |

# DEBTORS' MOTION
# TO SHORTEN THE NOTICE PERIOD
# WITH RESPECT TO THE DEBTORS' MOTION
# FOR ENTRY OF AN ORDER (I) VESTING THE DEBTORS'
# REPRESENTATIVES WITH AUTHORITY TO COMPLY WITH APPLICABLE
# LAW IN CONSUMMATING THE PLAN AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (this "Motion"):

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), shortening the notice period with respect to the *Debtors' Motion for Entry of an Order (I) Vesting the Debtors' Representatives with Authority to Comply with*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

*Applicable Law in Consummating the Plan and (II) Granting Related Relief* [Docket No. 1334] (the "Plan Clarification Motion")[2] and the *Declaration of Christine A. Okike, P.C. in Support of Debtors' Motion to Shorten the Notice Period With Respect to the Debtors' Motion for Entry of an Order (I) Vesting the Debtors' Representatives with Authority to Comply with Applicable Law in Consummating the Plan and (II) Granting Related Relief* (the "Okike Declaration"), filed contemporaneously herewith.

2. The Debtors request that the Court schedule a hearing on the Plan Clarification Motion at the Court's earliest availability to consider the Debtors' request for entry of the proposed Order, with objections or responses, if any, to be filed with the Court on or before April 25, 2023, at 4:00 p.m. prevailing Eastern Time (the "Proposed Objection Deadline").

**Jurisdiction and Venue**

3. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012. The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The bases for the relief requested herein are section 105 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002(b), 9006(c), and 9007 of the Federal Rules of

---

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the Motion.

2

Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 9006-1 and 9077-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## Background

6. On July 5, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Stephen Ehrlich, Chief Executive Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 15] (the "First Day Declaration"), incorporated by reference herein.

7. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 18]. On July 19, 2022, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 102] (the "Committee").

## Preliminary Statement

8. As set forth in further detail in the Plan Clarification Motion, the Debtors seek to clarify that the Debtors, the Wind-Down Debtor, the Plan Administrator, and their employees, management, officers, directors and members, as applicable (the "Debtors' Representatives"), in their capacity as such and, for the avoidance of doubt, in connection with effectuating the terms of the Plan, are authorized to take, or refrain from taking, any actions the Debtors' Representatives deem necessary in their business judgement to comply with applicable law.

9. The Debtors submit that cause exists to reduce the notice period because the requested relief is necessary to provide the Debtors with the comfort they need to consummate the

transactions contemplated by the Plan in accordance with applicable law and return value to the Debtors' stakeholders as quickly as possible.

### Basis for Relief

10.     Pursuant to the Bankruptcy Rules and the Local Rules, the standard notice period required for the Motion is 14 days.  *See* Bankruptcy Rules 2002, 6004; *see also* Local Rule 9074-1. However, Bankruptcy Rule 9006(c) provides that the Court, for cause shown, may in its discretion (with or without motion or notice) reduce such a period.  *See also* Local Rule 9006-1(b) (providing that "except as otherwise ordered by the Court," motions shall be served at least fourteen days before the return date unless otherwise required by the Bankruptcy Rules).  Pursuant to Bankruptcy Rule 9007, the Court has authority to regulate the time within which, the entities to whom, and the form and matter in which, notice shall be given, which includes the authority to determine appropriate notice for conducting a hearing on the matter presented by the Motion.

11.     Moreover, pursuant to paragraph 19 of the Case Management Procedures, attached as Exhibit 1 to the *Final Order Establishing Certain Notice, Case Management, and Administrative Procedures* [Docket No. 240] (the "Case Management Procedures"), the right to seek an amendment or waiver of the provisions of the Case Management Procedures upon a showing of good cause, including, the right to file a motion seeking emergency *ex parte* relief or relief upon shortened notice, was expressly preserved.

12.     The Debtors respectfully submit that good cause exists to shorten the notice period for the Motion.  The Plan was approved by the Court on March 8, 2023, but has been stayed for [44] days due to the Government's appeal.  During this period, the Debtors have been unable to close the sale of substantially all of their assets to BAM Trading Services Inc. ("BAM Trading"), make distributions to customers, and exit from chapter 11.  On April 20, 2023, the District Court

4

entered the *Joint Stipulation and Order Regarding the Stay Pending Appeal* [District Court Docket No. 72] between the Debtors, the Committee and the Government (the "Stipulation") whereby the stay of the Confirmation Order will be lifted other than with respect to the Exculpation Provision so that the Plan—and the transaction with BAM Trading contemplated thereunder—can move forward. In order to close the sale and consummate the transactions contemplated under the Plan without further delays or hinderances, the Debtors' Representatives must have the ability to carry out the Plan in compliance with applicable law, which is constantly evolving in the crypto space. The clarity requested in the Plan Clarification Motion will ensure the Debtors' Representatives may take any necessary steps, or refrain from taking steps, to make distributions in accordance with applicable law. Such relief is in the best interests of all of the Debtors' stakeholders.

13. Further, granting the requested relief on an expedited basis will not adversely affect the Debtors' stakeholders. The relief requested in the Plan Clarification Motion does not substantively affect the rights or treatment of any Holder of a Claim or Interest. Creditor recovery amounts will remain consistent with (and likely higher than) what was disclosed and set forth in the Disclosure Statement. The Plan Clarification Motion seeks solely to ensure the Plan is implemented in accordance with applicable law.

14. Accordingly, under the facts and circumstances presented herein, the Debtors submit that cause exists to shorten the notice period for the Motion and to modify the deadline for the service and filing of responses or objections to the Motion.

**Motion Practice**

15. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion.

Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

## Notice

16. The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the U.S. Trustee; (b) the Committee; (c) the lender under the Debtors' prepetition loan facility; (d) the United States Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service; (f) the Toronto Stock Exchange; (g) the attorneys general in the states where the Debtors conduct their business operations; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

17. No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| Dated:  April 21, 2023<br>New York, New York | */s/ Joshua A. Sussberg*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>Christopher Marcus, P.C.<br>Christine A. Okike, P.C.<br>Allyson B. Smith (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:    (212) 446-4800<br>Facsimile:      (212) 446-4900<br>Email:             jsussberg@kirkland.com<br>                      cmarcus@kirkland.com<br>                      christine.okike@kirkland.com<br>                      allyson.smith@kirkland.com<br><br>*Counsel to the Debtors and Debtors in Possession* |

## Exhibit A

## Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**ORDER SHORTENING THE
NOTICE PERIOD WITH RESPECT TO
THE DEBTORS' MOTION TO SHORTEN THE
NOTICE PERIOD WITH RESPECT TO THE DEBTORS' MOTION
FOR ENTRY OF AN ORDER (I) VESTING THE DEBTORS'
REPRESENTATIVES WITH AUTHORITY TO COMPLY WITH APPLICABLE
LAW IN CONSUMMATING THE PLAN AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), scheduling an expedited hearing and shortening the notice period with respect to the *Debtors' Motion for Entry of an Order (I) Vesting the Debtors' Representatives with Authority to Comply with Applicable Law in Consummating the Plan and (II) Granting Related Relief* [Docket No. 1334], all as more fully set forth in the Motion; and upon the Okike Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital, Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2] Capitalized terms used but not defined herein have the meanings given to such terms in the Motion.

this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The hearing on the Plan Clarification Motion will be held on **April 26, 2023, at 11:00 a.m., prevailing Eastern Time**, which, in accordance with General Order M-543 dated March 20, 2020, will be conducted telephonically. Any parties wishing to participate must do so by making arrangements through CourtSolutions by visiting https://www.court-solutions.com.

3. Responses or objections to the relief requested by the Plan Clarification Motion shall be filed with the Court so as to be **actually received no later than April 25, 2023 at 4:00 p.m., prevailing Eastern Time**.

4. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

5. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2022

                                                      THE HONORABLE MICHAEL E. WILES
                                                      UNITED STATES BANKRUPTCY JUDGE