Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | Case No. 22-10943 (MEW) |
| Debtors. | (Jointly Administered) |

**STIPULATION AND ORDER BETWEEN
THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, USIO, INC. AND ITS WHOLLY OWNED SUBSIDIARY
FICENTIVE, INC. AUTHORIZING ASSUMPTION OF AUTOMATED CLEARING
HOUSE SERVICES AGREEMENT, AS AMENDED, AND RESOLVING CURE CLAIM**

This stipulation (this "Stipulation") is made this 13th day of April, 2023 by each of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), the Official Committee of Unsecured Creditors (the "Committee"), Usio, Inc. ("Usio"), and Usio's wholly owned subsidiary FiCentive, Inc. ("FiCentive" and collectively with Usio and the Debtors, the "Parties").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

**Recitals**

**WHEREAS**, on July 5, 2022 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

**WHEREAS**, Debtor CryptoTrading Technologies, LLC (now known as Voyager Digital, LLC) and Payment Data Systems, Inc. (now known as Usio) are parties to that certain *Automated Clearing House Services Agreement*, dated October 4, 2018 (as amended and supplemented from time to time, the "ACH Contract"). Pursuant to the ACH Contract, Usio provides certain essential services to the Debtors, including but not limited to providing the Debtors' customers the ability to withdraw their funds to their bank account.

**WHEREAS**, on October 3, 2022, FiCentive filed a proof of claim against Voyager Digital Holdings, Inc. (P.O.C. No. 11227). On December 23, 2022, FiCentive filed Amended Proof of Claim No. 12027 asserting a general unsecured claim against Voyager Digital, LLC in the amount of $343,838.00 (the "FiCentive Proof of Claim"), which superseded P.O.C. No. 11227.

**WHEREAS,** on October 3, 2022, Usio filed a proof of claim against Voyager Digital Holdings, Inc. (P.O.C. No. 11225). On December 23, 2022, Usio filed Amended Proof of Claim No. 12028 asserting a general unsecured claim against Voyager Digital, LLC in the amount of $6,535,063.15 (the "Usio Proof of Claim"), which superseded P.O.C. No. 11225.

**WHEREAS,** as of the Petition Date, Voyager Digital Holdings, Inc. is holding 142,857 shares in Usio, a publicly traded company (the "Usio Shares"), purchased pursuant to a Securities Purchase Agreement between these two parties dated December 19, 2021.

**WHEREAS,** as of the Petition Date, FiCentive is the holder of a deposit account at Metropolitan Bank titled "*0818 FBO FiCentive Pooled Funds" (the "FiCentive Deposit

Account"), and of the balance held, $386,453 is held by FiCentive for the benefit of Voyager Digital, LLC.

**WHEREAS**, on February 1, 2023, the Debtors filed the *Notice of Filing of Plan Supplement* [Docket No. 943] as amended by that *Notice of Filing of First Amended Plan Supplement* [Docket No. 986] filed on February 8, 2023, that *Notice of Filing of Second Amended Plan Supplement* [Docket No. 1006] filed on February 15, 2023, that *Notice of Filing of Third Amended Plan Supplement* [Docket No. 1035] filed on February 21, 2023, that *Notice of Filing of Fourth Amended Plan Supplement* [Docket No. 1115] filed on February 28, 2023, that *Notice of Filing of Fifth Amended Plan Supplement* [Docket No. 1143] filed on March 6, 2023, that *Notice of Filing of Sixth Amended Plan Supplement* [Docket No. 1161] filed on March 9, 2023, and that *Notice of Filing of Seventh Amended Plan Supplement* [Docket No. 1233] filed on March 27, 2023 (collectively, the "Plan Supplement"). The Plan Supplement provides for the assumption of the ACH Contract under the Schedule of Assumed Executory Contracts and Unexpired Leases set forth in Exhibit A of the Plan Supplement.

**WHEREAS**, on February 23, 2023, pursuant to the *Stipulation Between the Debtors and Usio, Inc. Regarding Assumption of Automated Clearing House Services Agreement* [Docket No. 1068] (the "Original Stipulation"), the Parties conferred in an attempt to resolve issues regarding the proposed assumption of the ACH Contract and cure amounts thereunder and agreed to extend the Debtors' deadline to assume or reject the ACH Contract to March 10, 2023 (the "Assumption or Rejection Deadline"). The Parties further agreed that Usio's deadline to respond to any such decision would be fourteen days thereafter on March 24, 2023 (the "Response Deadline").

**WHEREAS**, pursuant to the *Stipulation Between the Debtors and Usio, Inc. Regarding Assumption of Automated Clearing House Services Agreement* [Docket No. 1168] (the "Second Stipulation") the Parties agreed to extend the Assumption or Rejection Deadline to March 24, 2023, and to extend the Response Deadline to April 7, 2023.

**WHEREAS**, on March 7, 2023, the Court confirmed the Debtors' *Third Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* and on March 8, 2023, the Court entered the *Amended Order (I) Approving the Second Amended Disclosure Statement and (II) Confirming the Third Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1159] (the "Confirmation Order").[2]

**WHEREAS**, since March 24, 2023, the Parties have conferred and agreed to resolve the issue regarding the proposed assumption of the ACH Contract and cure amounts thereunder, as well as outstanding issues concerning the FiCentive Claim and the FiCentive Deposit Account.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE BANKRUPTCY COURT, IT IS ORDERED AS FOLLOWS**:

1. The Debtors will assume the ACH Contract, as modified by the Fifth Amendment to the ACH Contract (the "Fifth Amendment") annexed hereto as **Exhibit A**.

2. Pursuant to the terms of the Fourth Amendment to the ACH Contract, the Debtors may elect to pay a fee of $1,000,000.00 to terminate the ACH Contract early, but only after two years of performance by the Debtors under the ACH Contract ("Early Termination Fee"), in lieu of paying a rejection damages claim. Usio and the Debtors have negotiated and agreed ~~and~~ that

---

[2] On March 9, 2023, the United States Government appealed the Confirmation Order. Accordingly, the Confirmation Order is currently pending on appeal.

Usio will waive the two-year performance requirement for early termination which exists under the Fourth Amendment, and allow the Debtors to exercise their right to an early termination of the ACH Contract. The Fifth Amendment sets the termination date of the ACH Contract on December 31, 2023, and omits any early termination provisions. Accordingly, the ACH Contract will stay in place, as modified under the Fifth Amendment, until December 31, 2023; *provided* that, the Fifth Amendment may be renewed on six-month terms by mutual written consent of the Debtors, the Committee, and Usio; *provided further* that such consent shall not be unreasonably withheld by any Party. Usio and the Debtors have further agreed that in consideration, Usio is entitled to a cure claim in the amount of $1,000,000.00 as an administrative expense claim (the "Cure Claim") in connection with the Debtors' proposed assumption of the ACH Contract, as modified by the Fifth Amendment.

3.      Under the ACH Contract, Usio is entitled to require the Debtors to deposit funds in a "Reserve Account" in connection with the transactions Usio will facilitate for the Debtors' customers. Usio currently holds a Reserve Account balance of $22,256.29 for the benefit of the Debtors. Under the Fifth Amendment, the Debtor has agreed to deposit an additional $500,000.00 into a Reserve Account (as defined in the ACH Contract) held by Usio. The Debtors shall deposit the $500,000.00 in the Reserve Account within five (5) days of entry of a final and non-appealable order approving this Stipulation. Within ninety (90) days after the termination of the ACH Contract or the later of the last date a transaction or return was processed by Usio on behalf of the

Debtors, as amended by the Fifth Amendment, Usio will refund the remaining balance of the Reserve Account to the Debtors, after deducting all appropriate charges under the ACH Contract.

4. The Parties agree that upon entry of a final and non-appealable order approving this Stipulation, the Cure Claim shall be satisfied as follows:

a. FiCentive shall exercise its right of set-off pursuant to Section 553 of title 11, United States Code (the "Bankruptcy Code") with respect to the FiCentive Proof of Claim from the FiCentive Deposit Account, and refund the Debtors the difference of $42,615.00. Usio consents and agrees to credit the set-off amount ($343,838.00) as partial satisfaction of the Cure Claim. The Parties agree that the stay provided for under Bankruptcy Code § 362(a)(7) shall be lifted in order to accomplish the set-off.

b. Voyager Digital Holdings, Inc. shall return the Usio Shares to Usio, the Issuer of those shares, at the agreed price of $1.09 per share. Usio consents and agrees to credit this amount ($142,857.00) as partial satisfaction of the Cure Claim. The transfer of the Usio Shares to Usio shall be considered a sale pursuant to Bankruptcy Code § 363 and Usio shall be considered a good faith purchaser and will receive the Usio Shares free and clear of all, liens, claims and encumbrances.

c. The Debtors shall make a one-time cash payment to Usio in the amount of $500,000.00 in order to satisfy the balance of the Cure Claim after set-off by FiCentive against the FiCentive Deposit Account, and redemption of the Usio Shares. For the avoidance of doubt, this cash payment by the Debtors is separate from and in addition to the requirement of a deposit in the amount of $500,000.00 for the Reserve Account.

5. In connection with the Debtors' redemption of the Usio Shares set forth in Section 4(b) above, the Debtors shall complete and return to Usio the Stock Transfer Form annexed hereto

as **Exhibit B** and execute any other paperwork that maybe required to transfer the Usio Shares to the issuer, Usio.

6. Upon approval of this Stipulation in the form a final and non-appealable order, Usio and FiCentive shall immediately withdraw the Usio Proof of Claim and the FiCentive Proof of Claim, respectively – *i.e.,* P.O.C. Nos. 11227, 12027, 11225, 12028.

7. Upon approval of this Stipulation in the form of a final and non-appealable order, satisfaction of the Cure Claim in full, and withdrawal of the Usio Proof of Claim and the FiCentive Proof of Claim as set forth in Section 6 of this Stipulation, in consideration of the covenants, agreements, and undertakings of the Parties under this Stipulation, each of Usio and FiCentive (the "Usio Parties") hereby releases waives and forever discharges each of the Debtors and their jointly administered estates, and each of the Debtors and their jointly administered estates hereby releases waives and forever discharges each of the Usio Parties of and from any and all actions, causes of action, suits, losses, liabilities, rights, debts, dues, sums of money, accounts, reckonings, obligations, costs, expenses, liens, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands, of every kind and nature whatsoever, whether now known or unknown, foreseen or unforeseen, matured or unmatured, suspected or unsuspected, in law, admiralty or equity (collectively, the Claims"), which any of such Usio Parties or the Debtors ever had, now have, or hereafter can, shall or may have against the other for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of time, except for any surviving obligations under this Stipulation and the ACH Contract as modified by the Fifth Amendment, and Claims relating to rights and obligations preserved by, created by, or otherwise arising out of this Stipulation and the ACH Contract as modified by the Fifth Amendment.

8. Any notices, requests, consents, claims, demands, waivers, summons, or other legal process, or similar types of communications hereunder (each a "Notice") must be in writing and addressed to the relevant Party at the address set forth below (or to such other address that may be designated by the receiving Party from time to time in accordance with this Section 7), with a copy to counsel at the addresses on the last page of this Stipulation.  All Notices must be delivered by personal delivery, nationally recognized overnight courier (with all fees pre-paid), or certified or registered mail (in each case, return receipt requested, postage prepaid).

If to Usio:

Usio, Inc.
3611 Paesanos Parkway, Suite 300
San Antonio, Texas 78231
Attn: Corporate Counsel

If to FiCentive:
FiCentive, Inc.
3611 Paesanos Parkway, Suite 300
San Antonio, Texas 78231
Attn: Corporate Counsel

If to the Debtors:

33 Irving Place, Suite 3060
New York, NY 10003
Attn: Steve Ehrlich

If to the Committee:

McDermott Will & Emery LLP
One Vanderbilt Avenue
New York, NY 10017-3852
Attn: Darren Azman

9. The Parties agree that all deadlines set forth and agreed to in the Second Stipulation shall be tolled pending (a) entry of a final and non-appealable order approving this Stipulation, at which time those deadlines will be moot, or (b) entry of a final and non-appealable order denying

this Stipulation for a substantive and non-curable reason, at which time the Parties shall have all rights, remedies and defenses available to them at the time this Stipulation was executed, as set forth in the Second Stipulation, including but not limited to Usio's right to file a rejection damages claim and the Debtors' and Committee's right to object to such claim. The Parties further agree that in the event of Section 9(b) of this Stipulation, such tolling of deadlines shall survive notwithstanding the fact that this Stipulation was not approved by the Bankruptcy Court.

10. The Court shall retain exclusive jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

11. This Stipulation and ACH Contract may be amended by the mutual written consent of the Debtors, the Committee, Usio, and FiCentive.

12. In case any provision of this Stipulation shall be invalid, illegal, or unenforceable, the validity, legality and enforceability of the remaining provisions shall not in any way be affected or impaired thereby and such provision shall be ineffective only to the extent of such invalidity, illegality, or unenforceability.

13. This Stipulation hereby amends and supersedes all prior stipulations between the Parties.

14. The Parties represent and warrant that they have full authority to enter into this Stipulation.

15. This Stipulation may be executed in counterparts, each of which is deemed an original, but all of which constitute one and the same agreement. Delivery of an executed counterpart of this Stipulation electronically or by facsimile shall be effective as deliver of an original executed counterpart of this Stipulation.

16. Each of the Parties shall, and shall cause its respective affiliates to, from time to time at the request of another Party, without any additional consideration, furnish the requesting Party such further information or assurances, execute and deliver such additional documents, instruments, and conveyances, and take such other actions and do such other things, as may be reasonably necessary to carry out the provisions of this Stipulation and to give effect to the transactions contemplated hereby.

17. All of the recitals stated above are incorporated by reference as if fully set forth herein. No modification, amendment or waiver of any of the provisions of this Stipulation shall be effective unless in writing and signed by the Parties and approved by the Bankruptcy Court.

[*Signature page follows.*]

**IN WITNESS WHEREOF,** the Parties, executed this Stipulation as of the date first written above.

**AGREED AS TO FORM AND CONTENT**

| | |
|---|---|
| **KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP** | **PULMAN, CAPPUCCIO & PULLEN, LLP** |
| */s/ Joshua A. Sussberg*<br>Joshua A. Sussberg, P.C.<br>Christopher Marcus, P.C.<br>Christine A. Okike, P.C.<br>Allyson B. Smith (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br>Email:   jsussberg@kirkland.com<br>             cmarcus@kirkland.com<br>             christine.okike@kirkland.com<br>             allyson.smith@kirkland.com | */s/ Randall A. Pulman*<br>Randall A. Pulman<br>2161 N.W. Military Highway, Suite 400<br>San Antonio, Texas 78213<br>Email:  rpulman@pulmanlaw.com<br><br>-and-<br><br>**RUSKIN MOSCOU FALTISCHEK P.C.**<br>Sheryl P. Giugliano<br>1425 RXR Plaza, East Tower, 15th Floor<br>Uniondale, NY 11556<br>Email:   sgiugliano@rmfpc.com |
| *Counsel for the Debtors and Debtors-in-Possession* | *Co-Counsel for Usio, Inc.* |

**MCDERMOTT WILL & EMERY LLP**

*/s/ Darren Azman*
Darren Azman
Joseph B. Evans
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

*Counsel for the Official Committee of Unsecured Creditors*

Dated: April 13, 2023

**SO ORDERED**

**s/Michael E. Wiles    5/2/2023**
UNITED STATES BANKRUPTCY JUDGE