**Exhibit A**

Fifth Amendment to ACH Contract

**FIFTH AMENDMENT TO AUTOMATED CLEARING HOUSE SERVICES AGREEMENT**

This Amendment (the "Fifth Amendment"), to the Automated Clearing House Services (the "ACH Contract") dated October 4, 2018, between CryptoTrading Technologies, LLC now known as Voyager Digital, LLC, ("Company") and Payment Data Systems, Inc., now known as Usio, Inc. ("Processor") is entered into on April __13__, 2023 and is made part of the Agreement which is hereby amended as follows:

RECITALS

Whereas, the ACH Contract has been previously amended, renewed and extended by the Company and Processor, and all references to the ACH Contract include all previous amendments.

Whereas, the ACH Contract was last renewed and extended by way of the Fourth Amendment entered into on September 20, 2021, for a three (3) year term ending on October 31, 2024;

Whereas, the Company and Processor have agreed that the Company may exercise the right to terminate the ACH Contract for convenience prior to the expiration of 2 years from the beginning of the last term of the Agreement and avoid the payment of early terminations fees;

Whereas, on July 5, 2022 (the "Petition Date") Company filed for bankruptcy protection under Title 11 of the United States Code and desires to assume the ACH Contract as modified as part of its Third Amended Plan of Reorganization (as amended, the "Plan");

Whereas, Processor alleges that Company is in breach of several material terms of the ACH Contract which prevent assumption of the ACH Contract by the Company, and the Company denies that it is breach of any material terms of the ACH Contract;

Whereas, Company and Processor have agreed that the ACH Contract as previously amended maybe modified and then assumed by Company on the terms set forth in this Fifth Amendment, subject to approval by the Bankruptcy Court.

NOW, THEREFORE, Company and Processor, in exchange for adequate consideration, the receipt of which is hereby acknowledged by both parties, agree to modify the ACH Contract as follows:

1. The above recitals are incorporated herein by reference.

2. <u>Definitions.</u> All capitalized terms used herein and not expressly defined herein shall have the respective meanings given to such terms in the ACH Contract.

3. <u>Entire Agreement.</u> Except as expressly modified by this Fifth Amendment, the ACH Contract shall be and remain in full force and effect in accordance with its terms and shall constitute the legal, valid, binding and enforceable obligations of Processor and Company. This Fifth Amendment and the ACH Contract, together with all prior amendments, are the complete agreement of the parties and supersedes any prior agreements or representations, whether oral or written, with respect thereto.

4. <u>Successors and Assigns.</u> This Amendment shall be binding upon and insure to the benefit of the successors and permitted assigns of the parties hereto.

5. <u>Section References.</u> Section titles and references used in this Fifth Amendment shall be without substantive meaning or content of any kind whatsoever and are not a part of the agreements among the parties hereto evidenced hereby.

Page **1** of **7**
4867-4061-0138, v. 6

6.     This Fifth Amendment is subject to Bankruptcy Court approval as part of global resolution of claims between the Processor and its affiliates and the Company and its affiliates and its terms shall be considered void if such approval is not obtained by the Company.

7.     New Section 5.6 is added to Article V of the ACH Contract, as follows:

    5.6    Processor shall have the unfettered right and sole discretion to approve the depository institution sponsoring the Company's Settlement Account, but that approval will not be unreasonably withheld.

8.     Section 6.1(g) of the ACH Contract is amended as follows:

    (g) Funds used to meet any minimum Reserve Balance or collateral requirement may be held by Processor and will not be available to Company until ninety (90) days after termination of this Agreement or of processing of Entries through Processor. Upon termination of this Agreement, Processor may require, and Company shall promptly remit, funds that Processor reasonably estimates are needed to cover potential Returns, chargebacks, Adjustments, legal funds, and claims that may arise after termination.

9.     New Section 11.9 is added to Article XI of the Agreement, as follows:

    11.9    Processor and Company agree that the term of this Agreement shall end on December 31, 2023.

10.     Modification of Exhibits "C," "D," "E" & "F."

Exhibits, "C," "D," "E" and "F" are hereby replaced in their entirety by the exhibits attached hereto of the same name.

This <u>Fifth</u> Amendment modifies and amends the ACH Contract as set forth herein. All other previously existing obligations under the ACH Contract are hereby reaffirmed in all respects.

In witness thereof, the Parties hereto have executed the Fifth Amendment in multiple originals by their duly authorized representatives on the dates shown below.

| Usio, Inc. | Voyager Digital , LLC |
|---|---|
| By: _(DocuSigned by: signature)_ | By: _(DocuSigned by: Steve Ehrlich)_ |
| Name: Louis Hoch | Name: Steve Ehrlich |
| Title: President and CEO | Title: Chief Executive Officer. |
| Date: 4/13/2023 \| 1:12 PM CDT | Date: 4/13/2023 \| 1:46 PM CDT |

Exhibit C to the ACH Contract is hereby replaced in its entirety by the following
**EXHIBIT C**

| PROCESSING FEES Description | Fees |
|---|---|
| ACH Application/Setup fee – per account | $25.00 |
| Monthly Minimum Processing Fee – per account | $500.00 |
| Monthly Fee – Sunday File Processing | $100.00 |
| ACH Processing fee – per transaction – PPD, CCD, WEB | $0.20 + 0.05% |
| SDA (Same Day ACH) Fee* - per transaction- PPD, CCD, WEB | $0.10 |
| Addenda Records | $0.05 |
| Negative Database Verification (*all transactions submitted*) | $0.10 |
| Account Inquiry | $0.25 |
| RCC Check Clearing Fee ($) | $0.35 |
| RCC Check Clearing Fee (%) | 0.05% |
| RCC Returned Check Fee | $2.00 |
| RCC Warranty/Adjustment Fee | $25.00 |
| ACH Notification of Change | $0.55 |
| ACH NOC Violation | $35.00 |
| ACH Return Items | $1.00 |
| ACH Unauthorized Return Items (*R05, R07, R10, R29, R51*) | $5.00 |
| RDFI Imposed Unauthorized Entry Fee | $4.50 |
| ACH Rejects | $5.00 |
| LOI (Letter of Indemnification) Submittals | $25.00 |
| POA (Proof of Authorization) Submittals | $25.00 |
| Late POA processing (*delivered or not*) | $25.00 |
| Reversals | $50.00 |
| Deletions | $50.00 |
| Processor initiated refunds | $5.00 |
| RDFI / ODFI Customer Service Call Referrals | $10.00 |
| Incoming Wire Fee | $35.00 |
| Per hour development charge for customization | $225.00 |
| Text to Pay Inbound Phone Number- Monthly | $25.00 |
| Text to Pay Monthly Minimum (including 100 originations per month) | $25.00 |
| Text to Pay Origination Fee** (after the first 100 originations) | $0.25 |

* NOTE: Origination fees are in addition to ACH fees

| NON-COMPLIANCE FEES Description | Fees |
|---|---|
| Failure to timely provide response to records request by Processor and/or ODFI pursuant to Section **3.2 Records** of the Agreement…......................... | $250.00 per week |
| Failure to provide executed Certificate of Compliance within thirty (30) days of the end of any quarter ................................................................................................................ | $250.00 |
| Failure to provide executed Certificate of Compliance within sixty (60) days of the end of any quarter ................................................................................................................ | $500.00 |
| Failure to timely provide copies of annual financial statements to Processor or ODFI pursuant to Section **3.6 Financial Statements** of the Agreement ............ | $250.00 per week |

Company – Initials: _SE_     Processor – Initials: _LH_

**EXHIBIT D** to the ACH Contract is hereby replaced in its entirety by the following:

# EXHIBIT D

## SETTLEMENT ACCOUNT

Company has created the Settlement Account described below, to or from which all transactions that Processor originates for Company will be settled pursuant to Article V of the Automated Clearing House Services Agreement (the "Agreement") between Company and Processor dated October 4, 2018. All capitalized terms shall have the meaning set forth in the Agreement.

Settlement Bank Name: _____

Bank ABA Number: _____

Bank Account Number: _____

Account Name: _____

Settlement will occur as follows:

All Debit Entries and RCC transactions originated by Company will be settled via ACH Credit by Processor on the **Third** business day as the effective Entry Date or the settlement date assigned by the ACH Operator whichever is later, *provided* that settlement may be delayed in the event that the frequency of transactions, number of items per transmission, or dollar amount of each transaction exceeds those set forth in Exhibit F. Settlement may also be held if the percentage of Returns exceeds those set forth in Exhibit F.

All Credit Entries and RCC transactions originated by Company will be settled via ACH Debit by Processor on the **Next** business day as the effective Entry Date or the settlement date assigned by the ACH Operator whichever is later, *provided* that all Credit Entries required to be pre-funded pursuant to Section 5.4 of the Agreement **are pre-funded prior to receipt** and origination of such Entries.

In accordance with the terms of Sections 4.10 and 5.1 of the Agreement, all Returns received by Processor for Company shall be debited or credited to Settlement Account immediately upon receipt of Return.

In accordance with the terms of Section 5.1 of the Agreement, Processor and ODFI reserve the right to debit the Settlement Account for a period of one-hundred-eighty days (180) days after processing of the last transaction or return for the purpose of reclaiming funds owed to Processor or ODFI for any fees incurred by Processor or ODFI during the period of the Agreement or for losses Processor or ODFI have incurred due to Company.

Company – Initials: _SE_      Processor – Initials: _LH_

**EXHIBIT E** to the ACH Contract is hereby replaced in its entirety by the following:

## EXHIBIT E
## RESERVE ACCOUNT

The Reserve Balance shall be:    $ 522,256.29 ($500,000 to be funded on or before April 1, 2023, and combined with the existing reserve account balance of $22,256.29)

Company has created the Reserve Account titled in the name of the Processor and established and maintained for the beneficial ownership of the Processor in accordance with the terms of Section 6.1 of the Automated Clearing House Services Agreement (the "Agreement") between Company and Processor dated October 4, 2018. All capitalized terms shall have the meaning set forth in the Agreement.

The Reserve Balance funds shall be held by the Processor at ODFI in the Reserve Account. Pursuant to Section 8.4 of the Agreement, Processor reserves the right to allocate up to forty percent (40%) of the Reserve Balance to the Indemnification Reserve and may hold such funds in the Indemnification Reserve for up to four (4) years after termination of the Agreement to cover any Indemnified Liabilities that may arise during that time.

Among other rights, Processor reserves the right to debit the remaining funds in the Reserve Account not allocated to the Indemnification Reserve for a period of ninety (90) business days after processing of the last transaction or return or until all rights of return or refund associated with Entries previously processed in Company's name have expired pursuant to Section 6.1 of the Agreement.

Processor shall have the right to modify the Reserve Amount at any time upon providing Company written notice. The Reserve Balance funds will be refunded in accordance with the terms of the Agreement.

Company – Initials: _SE_    Processor – Initials: _LH_

**EXHIBIT F** to the ACH Contract is hereby replaced in its entirety by the following:

# EXHIBIT F
## MAXIMUM EXPOSURE LIMITS AND TRANSACTION LIMITS

### DEBIT ORIGINATION

| | |
|---|---|
| Individual Transaction Limit | $0.00 |
| Daily Transaction Limit | $0.00 |
| Maximum Monthly Exposure Limit | $0.00 |
| Maximum Frequency | Daily |
| Overall Return Percentage (ACH) | 15% |
| Admin Return Percentage (ACH) | 3.00% |
| Unauthorized Return Rate Threshold (ACH) | 0.50% |
| Overall Return Percentage (RCC) | 25% |

### CREDIT ORIGINATION

| | |
|---|---|
| Individual Transaction Limit | $100,000.00 |
| Daily Transaction Limit | $10,000,000.00 |
| Maximum Monthly Exposure Limit | $50,000,000.00 |
| Maximum Frequency | Daily |

**Processor and ODFI shall have the right to modify the Maximum Exposure Limits and/or Transaction Limits at any time upon providing Company written notice.**

Company – Initials: _SE_       Processor – Initials: _LH_

**DocuSign**

## Certificate Of Completion

Envelope Id: ACBCEBD922284859B161110EE07CD21B                                Status: Completed
Subject: Complete with DocuSign: FIFTH AMENDMENT TO AUTOMATED CLEARING HOUSE SERVICES AGREEMENT (Final).pdf
Source Envelope:
Document Pages: 7                       Signatures: 2                        Envelope Originator:
Certificate Pages: 5                    Initials: 8                          Louis Hoch
AutoNav: Enabled                                                             3611 Paesanos Pkwy
EnvelopeId Stamping: Enabled                                                 Suite 300
Time Zone: (UTC-06:00) Central Time (US & Canada)                            San Antonio, TX  78231
                                                                             louis.hoch@usio.com
                                                                             IP Address: 71.78.162.130

## Record Tracking

Status: Original                        Holder: Louis Hoch                   Location: DocuSign
         4/13/2023 1:07:05 PM                   louis.hoch@usio.com

| Signer Events | Signature | Timestamp |
|---|---|---|
| Louis Hoch<br>louis.hoch@usio.com<br>President and CEO<br>Usio, Inc.<br>Security Level: Email, Account Authentication (None) | DocuSigned by:<br>[signature]<br>C62E08E9D4C047A...<br><br>Signature Adoption: Drawn on Device<br>Using IP Address: 71.78.162.130 | Sent: 4/13/2023 1:11:43 PM<br>Viewed: 4/13/2023 1:11:57 PM<br>Signed: 4/13/2023 1:12:22 PM |
| **Electronic Record and Signature Disclosure:**<br>    Not Offered via DocuSign | | |
| Steve Ehrlich<br>sehrlich@investvoyager.com<br>Chief Executive Officer.<br>Voyager Digital Holdings, Inc.<br>Security Level: Email, Account Authentication (None) | DocuSigned by:<br>Steve Ehrlich<br>3724C7F0863B426...<br><br>Signature Adoption: Pre-selected Style<br>Using IP Address: 65.246.174.98 | Sent: 4/13/2023 1:11:44 PM<br>Viewed: 4/13/2023 1:46:02 PM<br>Signed: 4/13/2023 1:46:16 PM |
| **Electronic Record and Signature Disclosure:**<br>    Accepted: 4/13/2023 1:46:02 PM<br>    ID: 6aa3535b-e90b-4660-9d8e-45d82b116edf<br>    Company Name: Usio, Inc. | | |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| Nikki Sauer Gavey<br>nikki.sauer@kirkland.com<br>Security Level: Email, Account Authentication (None) | **COPIED** | Sent: 4/13/2023 1:11:44 PM<br>Viewed: 4/13/2023 1:14:16 PM |
| **Electronic Record and Signature Disclosure:**<br>    Not Offered via DocuSign | | |

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| Randy Pulman<br>rpulman@pulmanlaw.com<br>Managing Partner<br>Security Level: Email, Account Authentication (None) | **COPIED** | Sent: 4/13/2023 1:11:44 PM<br>Viewed: 4/13/2023 1:23:33 PM |
| **Electronic Record and Signature Disclosure:**<br>    Not Offered via DocuSign | | |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 4/13/2023 1:11:44 PM |
| Certified Delivered | Security Checked | 4/13/2023 1:46:02 PM |
| Signing Complete | Security Checked | 4/13/2023 1:46:16 PM |
| Completed | Security Checked | 4/13/2023 1:46:16 PM |

| Payment Events | Status | Timestamps |
|---|---|---|

**Electronic Record and Signature Disclosure**

Electronic Record and Signature Disclosure created on: 8/19/2022 12:48:26 PM
Parties agreed to: Steve Ehrlich

**ELECTRONIC RECORD AND SIGNATURE DISCLOSURE**

From time to time, Usio, Inc. (we, us or Company) may be required by law to provide to you certain written notices or disclosures. Described below are the terms and conditions for providing to you such notices and disclosures electronically through the DocuSign system. Please read the information below carefully and thoroughly, and if you can access this information electronically to your satisfaction and agree to this Electronic Record and Signature Disclosure (ERSD), please confirm your agreement by selecting the check-box next to 'I agree to use electronic records and signatures' before clicking 'CONTINUE' within the DocuSign system.

**Getting paper copies**

At any time, you may request from us a paper copy of any record provided or made available electronically to you by us. You will have the ability to download and print documents we send to you through the DocuSign system during and immediately after the signing session and, if you elect to create a DocuSign account, you may access the documents for a limited period of time (usually 30 days) after such documents are first sent to you. After such time, if you wish for us to send you paper copies of any such documents from our office to you, you will be charged a $20.00 per-page fee. You may request delivery of such paper copies from us by following the procedure described below.

**Withdrawing your consent**

If you decide to receive notices and disclosures from us electronically, you may at any time change your mind and tell us that thereafter you want to receive required notices and disclosures only in paper format. How you must inform us of your decision to receive future notices and disclosure in paper format and withdraw your consent to receive notices and disclosures electronically is described below.

**Consequences of changing your mind**

If you elect to receive required notices and disclosures only in paper format, it will slow the speed at which we can complete certain steps in transactions with you and delivering services to you because we will need first to send the required notices or disclosures to you in paper format, and then wait until we receive back from you your acknowledgment of your receipt of such paper notices or disclosures. Further, you will no longer be able to use the DocuSign system to receive required notices and consents electronically from us or to sign electronically documents from us.

**All notices and disclosures will be sent to you electronically**

Unless you tell us otherwise in accordance with the procedures described herein, we will provide electronically to you through the DocuSign system all required notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to you during the course of our relationship with you. To reduce the chance of you inadvertently not receiving any notice or disclosure, we prefer to provide all of the required notices and disclosures to you by the same method and to the same address that you have given us. Thus, you can receive all the disclosures and notices electronically or in paper format through the paper mail delivery system. If you do not agree with this process, please let us know as described below. Please also see the paragraph immediately above that describes the consequences of your electing not to receive delivery of the notices and disclosures electronically from us.

**How to contact Usio, Inc.:**

You may contact us to let us know of your changes as to how we may contact you electronically, to request paper copies of certain information from us, and to withdraw your prior consent to receive notices and disclosures electronically as follows:
To contact us by email send messages to: support@usio.com

**To advise Usio, Inc. of your new email address**

To let us know of a change in your email address where we should send notices and disclosures electronically to you, you must send an email message to us at support@usio.com and in the body of such request you must state: your previous email address, your new email address.  We do not require any other information from you to change your email address.

If you created a DocuSign account, you may update it with your new email address through your account preferences.

**To request paper copies from Usio, Inc.**

To request delivery from us of paper copies of the notices and disclosures previously provided by us to you electronically, you must send us an email to support@usio.com and in the body of such request you must state your email address, full name, mailing address, and telephone number. We will bill you for any fees at that time, if any.

**To withdraw your consent with Usio, Inc.**

To inform us that you no longer wish to receive future notices and disclosures in electronic format you may:

i. decline to sign a document from within your signing session, and on the subsequent page, select the check-box indicating you wish to withdraw your consent, or you may;

ii. send us an email to support@usio.com and in the body of such request you must state your email, full name, mailing address, and telephone number. We do not need any other information from you to withdraw consent..  The consequences of your withdrawing consent for online documents will be that transactions may take a longer time to process..

**Required hardware and software**

The minimum system requirements for using the DocuSign system may change over time. The current system requirements are found here: https://support.docusign.com/guides/signer-guide-signing-system-requirements.

**Acknowledging your access and consent to receive and sign documents electronically**

To confirm to us that you can access this information electronically, which will be similar to other electronic notices and disclosures that we will provide to you, please confirm that you have read this ERSD, and (i) that you are able to print on paper or electronically save this ERSD for your future reference and access; or (ii) that you are able to email this ERSD to an email address where you will be able to print on paper or save it for your future reference and access. Further, if you consent to receiving notices and disclosures exclusively in electronic format as described herein, then select the check-box next to 'I agree to use electronic records and signatures' before clicking 'CONTINUE' within the DocuSign system.

By selecting the check-box next to 'I agree to use electronic records and signatures', you confirm that:

- You can access and read this Electronic Record and Signature Disclosure; and
- You can print on paper this Electronic Record and Signature Disclosure, or save or send this Electronic Record and Disclosure to a location where you can print it, for future reference and access; and
- Until or unless you notify Usio, Inc. as described above, you consent to receive exclusively through electronic means all notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to you by Usio, Inc. during the course of your relationship with Usio, Inc..