UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK                     Chapter 11

                                                  Case No: 22-10943 (MEW)

                                                  Judge Wiles

In re:

VOYAGER DIGITAL HOLDINGS INC., et al.,

                Debtors.


**Motion To Stop Pay for Voyager Executives And Return Previous Payments Made**


Dear Honorable judge Wiles,

        I am writing to bring to your attention the violation of bankruptcy codes by the debtor

company and to request that relief be granted in the form of the return of all monies or crypto

paid to executives and for all payments made for the functioning of the Voyager app, which is

inoperable. I am aware that Section 548 of the Bankruptcy Code provides that any transfer of

property made with actual intent to hinder, delay, or defraud creditors may be avoided by the

trustee. In this case, the payments made to executives of the debtor company were made with the

intent to hinder, delay, or defraud creditors, as the executives were involved in securities and

exchange fraud.

        Therefore, I request that all payments made to these executives since the beginning of the

preference period be avoided and returned to the debtor's estate.

Furthermore, Section 365 of the Bankruptcy Code provides that a debtor may reject an executory contract, which is a contract under which the obligations of both the debtor and the other party to the contract are not yet fully performed. In this case, the contract for the functioning of the Voyager app is an executory contract, which means that the debtor may reject the contract and terminate its obligations under the contract. Therefore, I request that the debtor's obligations under the contract for the Voyager app be terminated.

In addition, Section 502 of the Bankruptcy Code provides that a claim against the debtor is either allowed or disallowed. If a claim is allowed, it is entitled to distribution from the debtor's estate. However, if a claim is disallowed, it is not entitled to distribution from the debtor's estate. In this case, any payments made for the functioning of the Voyager app after the debtor's bankruptcy filing should be disallowed, as the app is inoperable, and the payments were not made in the ordinary course of business.

Based on the violations of the Bankruptcy Code outlined above, I respectfully request that the judge grant relief in the form of the return of all monies or crypto paid to executives and for all payments made for the functioning of the Voyager app, which is inoperable. Thank you for your attention to this matter.

Submitted by,

Alah Shehadeh

708-578-5102

exclusivetrendz708@gmail.com