UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK                                  Chapter 11

                                                               Case No: 22-10943 (MEW)

                                                               Judge Wiles

In re:


VOYAGER DIGITAL HOLDINGS INC., et al.,

                    Debtors.



**MOTION FOR RELIEF SOUGHT FOR VIOLATIONS**


Dear Honorable judge wiles,


    I write to respectfully bring to your attention the debtor company's violations of

bankruptcy codes and procedures.

    firstly, the debtor's filing is not a chapter 11 filing as it does not have any intention of

restructuring the business. Instead, the debtor company seeks to liquidate the business.

Pursuant to Section 726 of the Bankruptcy Code, in a liquidation proceeding, creditors are

entitled to receive their pro-rata share of the debtor's assets. If the debtor had no intention of

continuing the business, the assets should have been distributed in the beginning of the

bankruptcy case. By delaying the distribution of assets, the debtor is violating Section

1123(a)(4) of the Bankruptcy Code, which requires a plan to provide for the "full payment" of

creditors' claims.

Furthermore, the toggles option which protects Voyager Digital and its associates from further litigation is illegal and against bankruptcy laws and codes. Section 105 of the Bankruptcy Code grants the court authority to issue any order necessary or appropriate to carry out the provisions of the Bankruptcy Code. The toggles option violates this provision by limiting the court's ability to hear and determine claims against the debtor. The creditors have a right to have their claims heard and determined in accordance with the Bankruptcy Code, and the toggles option deprives them of that right.

Additionally, Section 548 of the Bankruptcy Code permits the avoidance of certain transfers that were made with the intent to hinder, delay or defraud creditors. Delaying the distribution of assets in a liquidation case, as the debtor has done in this case, can be seen as a transfer made with the intent to hinder or delay creditors.

The debtor's prolonged case has also only benefited the debtor and their attorneys while creditors have suffered. The debtor's actions violate the fundamental principle of bankruptcy which is to provide equal treatment to all creditors.

In conclusion, I respectfully request that the court take appropriate action to ensure that the debtor company complies with bankruptcy laws and procedures, and that creditors are treated fairly in this case. This may include avoiding any transfers made with the intent to hinder, delay or defraud creditors, and the lifting of the toggles option to allow the court to hear and determine all claims against the debtor.

Thank you for your attention to this matter,

Alah Shehadeh
708-578-5102
Orland Park, Il 60462
exclusivetrendz708@gmail.com