UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK                          Chapter 11

                                                        Case No: 22-10943 (MEW)

                                                        Judge Wiles

In re:


VOYAGER DIGITAL HOLDINGS INC., et al.,

                    Debtors.



## MOTION FOR THE VIOLATIONS OF DEBTORS AND THE IMMEDIATE RETURN OF CRYPTO ASSETS IN FULL TO CREDITORS



Your Honor,


    I  wish to bring to your attention a matter of grave concern, which is the use of toggle options or claw backs by the debtor.


    First and foremost, it is important to note that toggle options and claw backs are not recognized in bankruptcy laws or state laws. Therefore, any attempt by the debtor to use these methods is illegal and a violation of the bankruptcy code. To be more specific, these methods violate several provisions of the Bankruptcy Code, including but not limited to:

1. 11 U.S.C. § 544: This provision empowers the bankruptcy trustee to avoid any transfer of property that is deemed fraudulent or preferential. The use of toggle options or claw backs could be seen as an attempt to fraudulently retain assets and circumvent the trustee's power to avoid such transfers.

2. 11 U.S.C. § 548: This provision allows the trustee to avoid any transfer made with the intent to hinder, delay, or defraud creditors. The use of toggle options or claw backs could be seen as an attempt to hinder or defraud creditors by manipulating the bankruptcy process.

3. 11 U.S.C. § 727: This provision sets forth the grounds for denial of discharge in bankruptcy. A debtor who engages in fraudulent conduct, including the use of toggle options or claw backs, may be denied discharge.

4. State fraudulent transfer laws: Many states have their own laws that prohibit fraudulent transfers. The use of toggle options or claw backs could potentially violate these laws.


In addition, to the provisions I previously mentioned, the use of toggle options or claw backs in bankruptcy may also violate the following provisions:

1. 11 U.S.C. § 549: This provision allows the trustee to avoid any transfer of property made after the commencement of the bankruptcy case, but before the filing of the bankruptcy petition, if the transfer is not authorized by the Bankruptcy Code or the court. The use of toggle options or claw backs may be deemed an unauthorized transfer of property and thus, subject to avoidance by the trustee.

2.  11 U.S.C. § 547: This provision allows the trustee to avoid any transfer of property
    made by the debtor within 90 days before the filing of the bankruptcy petition that is
    preferential to one or more creditors. The use of toggle options or claw backs may be
    deemed a preferential transfer because it allows the debtor to retain assets that would
    otherwise be available for distribution to creditors.

3.  11 U.S.C. § 542: This provision requires any entity that is in possession, custody, or
    control of property that belongs to the debtor to deliver such property to the trustee.
    The use of toggle options or claw backs may be seen as an attempt to retain property
    that should be delivered to the trustee.

4.  11 U.S.C. § 506: This provision determines the extent of a secured creditor's interest
    in the debtor's property. The use of toggle options or claw backs may affect the extent
    of a secured creditor's interest in the debtor's property and, therefore, may violate this
    provision.

5.  Furthermore, the use of toggle options or claw backs can be detrimental to the
    interests of the creditors. It allows the debtor to manipulate the bankruptcy process
    and potentially retain assets that rightfully belong to the creditors.

the use of toggle options or claw backs violates several provisions of the Bankruptcy
Code and state fraudulent transfer laws. It is important for the court to take action to address
these violations and protect the interests of the creditors.

**RELIEF SOUGHT**

Given the seriousness of this matter, I respectfully request that the counsel for the debtors
be fired,  all counsel, firms, accounting, anything to do with this corrupt organization be
terminated, and  the payments made to all law firms and Voyager Digital Holdings INC. et., al.,

be immediately returned, criminal charges filled, and most importantly any cryptocurrency assets acquired through the use of toggle options, claw backs , deposits, what it may be, returned to the creditors immediately and this case be done and closed.

In conclusion, Your Honor, the use of toggle options or claw backs in bankruptcy may also violate several other provisions of the Bankruptcy Code, including unauthorized transfer, preferential transfer, delivery of property, and determination of secured creditor's interest. It is critical for the court to take appropriate action to prevent such violations and protect the interests of the creditors.

Submitted by,

A.  Shehadeh

708-578-5102

exclusivetrendz708@gmail.com