UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK                    Chapter 11

                                                                    Case No: 22-10943 (MEW)

                                                                    Judge Wiles

In re:

VOYAGER DIGITAL HOLDINGS INC., et al.,

        Debtors.

## NOTICE OF OBJECTION TO THE AMENDED PLANS LIQUIDATION PROCEEDINGS AND THE CLAWBACKS AND WIND DOWN TRUST

Dear Judge Wiles,

     I hope this letter finds you in good health and high spirits. I am writing to respectfully express my objection to the amended plan in the bankruptcy case. I believe that the amended plan fails to adequately benefit the creditors involved and violates several provisions of bankruptcy law. In addition, I am writing to respectfully request the denial of claw backs and the wind-down trust in the bankruptcy case. These measures are not legally supported in bankruptcy court, as demonstrated by legal precedents, and I further urge the court to recognize that the engagement of certain law firms is unnecessary and detrimental to the best interests of the

creditors. These firms divert funds from the creditors and were not hired with their interests as a priority.

Firstly, it is essential to outline the distinction between Chapter 7 and Chapter 11 bankruptcy. Chapter 7 bankruptcy, also known as liquidation bankruptcy, involves the sale of a debtor's non-exempt assets, with the proceeds being distributed among the creditors. On the other hand, Chapter 11 bankruptcy, often referred to as reorganization bankruptcy, enables a debtor to restructure their affairs and propose a plan to repay their debts while continuing their operations.

In the present case, the debtors have filed for Chapter 11 bankruptcy. However, it has come to my attention that they are engaging in illegal activities, amounting to a violation of the bankruptcy code under Chapter 11. These illicit actions include the improper diversion of funds, misappropriation of assets, and fraudulent transfers, which directly harm the rights and interests of the creditors.

According to bankruptcy law, specifically under Chapter 11, debtors are obligated to act in good faith and to prioritize the interests of the creditors. They are required to provide accurate and complete financial information, disclose all assets and liabilities, and maintain transparency throughout the bankruptcy process. The debtors in this case have egregiously failed to fulfill these fundamental obligations, thereby violating the bankruptcy code.

Furthermore, the amended plan proposed by the debtors does not adequately address the concerns of the creditors. It fails to provide a reasonable and feasible method for repayment and appears to be more favorable to the debtors' interests rather than the creditors'. This plan, in its current form, does not adhere to the principles of fairness, equity, and the overall objectives of the bankruptcy process.

Secondly, it is essential to address the issue of claw backs and the wind-down trust. Legal precedents and bankruptcy laws clearly establish that these measures are not permissible in bankruptcy court. Claw backs, which involve the reclamation of funds previously transferred to creditors, must be supported by evidence of fraudulent conveyance or other legal violations. Likewise, the establishment of a wind-down trust is not sanctioned by state laws or bankruptcy statutes, as it introduces unnecessary complexity that hinders the equitable distribution of assets to creditors. The wind down trust lacks a legal basis and impeded the fair distribution of assets to the creditors''.

Preference claims, which have not been mentioned at all in this bankruptcy case; have become a regular occurrence as bankruptcy trustees hunt for funds available to pay creditors. The general rule is that a trustee may seek the return of funds paid by the debtor to third parties in the 90 days prior to the bankruptcy filing. This preference period is extended to one year if the payments were made to an "insider" such as a family member of the debtor's owners or certain business affiliates. See 11 U.S.C. § 547.

The policy behind this bankruptcy law is that a debtor should not be permitted to "prefer" one creditor over its other creditors, and any amounts paid out immediately prior to bankruptcy should be brought back into the bankruptcy estate for a more even distribution among the debtor's entire list of creditors. Now, wouldn't it make more sense to get back the money that was sent out 90 days prior to Voyager Digital Holdings. Instead, the debtors want to take away from the recovery of the creditors'.

Moreover, it is evident that the engagement of certain law firms in this bankruptcy case is superfluous and detrimental to the best interests of the creditors. These firms not only divert funds from the creditors but were also not hired with the primary goal of serving the creditors'

interests. The continued presence of these firms only serves to perpetuate the inequities and delays experienced by the creditors, further exacerbating the disparity between the debtors and the rightful beneficiaries of the bankruptcy process.

In light of these legal violations and the adverse effects of unnecessary law firms on the creditors' rights, I respectfully request that the court deny the implementation of claw backs and the wind-down trust. I request the plan be investigated and if we are to begin a liquidation process than I ask for the return of all monies and or crypto that was paid out from the estate to be returned, including all money held, sent, and or transfered for claw backs, the wind down trust, and the 90 days prior to the filing.

In closure, I urge the court to reassess the necessity and appropriateness of the involvement of these law firms, as their presence detracts from the creditors' interests and diverts precious resources away from the rightful beneficiaries. I trust in the court's commitment to the principles of justice and fairness.

Respectfully submitted,

Alah Shehadeh

Mr. Qasem

Mrs. Salah

Orland Park, Il 60462

708-578-5102