**Gina DiResta**
*Pro Se* Creditor
GinaDiResta@gmail.com
Los Angeles, California

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Voyager Digital Holdings, Inc., *et al.*, | Case No. 22-10943 (MEW) |
| Debtors. | (Jointly Administered) |

## OBJECTION TO FIRST AMENDED LIQUIDATION PROCEDURES

My name is Gina DiResta, and I'm a *pro se* creditor in the above-captioned case, before this Court, and before The Honorable Judge Michael Wiles.

I object to the First Amended Liquidation Procedures, filed by the Plan Administrator (Paul Hage) and his attorneys (McDermott Will & Emery LLP), on 5/27/2023, in Docket No. 1419, for the following reasons:

### A. Unfair Treatment Of All Creditors

In the INITIAL liquidation procedures, filed by Voyager and their attorneys (Kirkland & Ellis LLP), on 5/5/2023, in Docket No. 1374, the plan was to LIQUIDATE the 38 UNsupported tokens.

Also, after the 30-day period in which the 67 supported tokens could be moved from the Voyager app to a creditor's wallet, the remaining supported tokens would have also been LIQUIDATED.

In the AMENDED liquidation procedures; filed by the Plan Administrator's attorneys; rather than liquidating any of the UNsupported and supported tokens; they will be put on HOLD; pending the Plan Administrator's determination that the liquidation of the crypto is permissible under applicable "NON-bankruptcy law."

Although they don't state in the document that they're referring to the securities laws of the U.S. Securities and Exchange Commission (SEC), they do make that clear in a tweet (via the Voyager Twitter account) they put out, on 5/31/2023:

"Specifically, the Plan Administrator intends to seek clarification from the Bankruptcy Court that a liquidation of Unsupported Tokens and, as necessary, Supported Tokens, is consistent with **applicable nonbankruptcy law (e.g., securities laws).**" [Emphasis added.]

During the hearing on 5/17/2023, I asked Kirkland & Ellis to give an update on what they were doing with the small list of tokens that might be considered securities by the SEC.

Kirkland & Ellis said they believe they can liquidate all of the crypto through an "exemption" in the securities laws.

Then, I asked, how will creditors know if there ends up being some tokens that they can't take any actions on, so it's just sitting there, like VGX.

Kirkland & Ellis said an amendment to the liquidation procedures would be filed, and there would be a 7-day objection period.

Now, here we are: The exact scenario I was worried about; but it's even worse than I thought; because they're not just holding up the small list of tokens that might be considered securities.

Now, they're going to HOLD all the crypto that require liquidation, indefinitely.

Sure, they're still going to open the Voyager app, at some point; and allow people to move any of the 67 supported tokens to their wallets; because that doesn't require any transactions; it's simply moving the crypto from one storage place to another — from the Voyager app to a creditor's wallet.

But, they seem to be afraid to take any actions that require any transactions; because they seem to be afraid of any repercussions from the SEC; since the exculpation clause is still on appeal in the U.S. District Court (with Judge Jennifer Rearden).

So, it seems like any crypto that requires liquidation will simply be held hostage until they feel safe that there won't be any repercussions from the SEC; like IF they win the exculpation clause appeal; or IF The Honorable Judge Michael Wiles signs off on an order that gives them protection.

This doesn't make sense because Voyager/Kirkland & Ellis had no problems performing the transactions needed to rebalance the crypto by the lock-in date of 3/20/2023, while the exculpation clause is still on appeal. So, why does the Plan Administrator have a problem?

So, what does this mean for creditors?

1. If you have supported tokens, and you're going to move it to a wallet, you'll get your money back, whenever they open the Voyager app.

2. If you have supported tokens, and you're NOT going to move it to a wallet, you'll be waiting for your money, indefinitely.

3. If you have UNsupported tokens, you'll be waiting for your money, indefinitely.

This new plan DOESN'T treat all creditors fairly and equally.

It favors creditors with the technical knowledge of how to move crypto from wallet to wallet; while leaving behind those who don't have such technical knowledge; or those who choose to have their crypto liquidated, regardless of technical knowledge.

Out of about 1M creditors, there will probably only be about a couple of thousand creditors who will choose to move their crypto from the Voyager app to their own wallet, leaving behind the absolute majority of creditors.

While a couple of thousand creditors will immediately have access to their money, the absolute majority of creditors WON'T.

Hundreds of millions of dollars will be put on hold, and not distributed to the absolute majority of creditors, for an indeterminate amount of time.

Preferential treatment of creditors with technical knowledge of crypto wallets SHOULDN'T be allowed.

**B. Unfair Treatment Of All Crypto Assets**

This new plan DOESN'T treat all crypto assets fairly and equally.

If the crypto can be simply moved from one storage place to another — from the Voyager app to a creditor's wallet — it will be distributed as soon as possible.

If the crypto needs to be liquidated, it will be held for an indefinite amount of time.

Preferential treatment of crypto that's easier to deal with SHOULDN'T be allowed.

**C. No Clarification On Clarification**

In the AMENDED liquidation procedures, filed by the Plan Administrator's attorneys, page 2 of Exhibit 1 states:

"Although the Plan Administrator believes that the liquidation of the Unsupported Tokens and the Supported Tokens is permissible under applicable non-bankruptcy law, the Plan Administrator intends to **seek clarification from the Court** that liquidation of the Unsupported Tokens and the Supported Tokens is permissible under applicable non-bankruptcy law." [Emphasis added.]

Also, page 3 of Exhibit 1 states:

"The chart below shows estimated initial recoveries to hypothetical Holders of Account Holder Claims **after** (A) (i) **entry of the Clarification Order** or (ii) the Plan Administrator otherwise

determining that liquidating the Unsupported Tokens is permissible and (B) liquidation of the Unsupported Tokens." [Emphasis added.]

Further, a tweet (via the Voyager Twitter account) they put out, on 5/31/2023, states:

"Specifically, the Plan Administrator intends to **seek clarification from the Bankruptcy Court** that a liquidation of Unsupported Tokens and, as necessary, Supported Tokens, is consistent with applicable nonbankruptcy law (e.g., securities laws)." [Emphasis added.]

However, as of today (6/3/2023), the Plan Administrator and his attorneys HAVEN'T filed anything with this Court asking for any clarification on anything.

Instead, in a subsequent tweet (via the Voyager Twitter account) they put out, on 5/31/2023, it states:

"We **do not** yet have an estimated timeline for when clarification will be provided." [Emphasis added.]

Just like the Plan Administrator is holding up the distribution to creditors; because of his refusal to liquidate the UNsupported and supported tokens; the Plan Administrator is also holding up clarification that would make him feel comfortable to liquidate the UNsupported and supported tokens.

The Plan Administrator's first course of action was to file amended liquidation procedures that would allow him to hold off on liquidating any crypto, indefinitely. Why wasn't his first course of action to file a motion seeking clarification from this Court, instead?

Holding up clarification and liquidation of crypto assets indefinitely SHOULDN'T be allowed.

**D. SEC Statements**

In a tweet (via the Voyager Twitter account) they put out, on 5/31/2023, it states:

"This amendment was prompted by certain **statements made by the SEC**. These statements necessitate additional action by the Plan Administrator concerning certain cryptocurrencies on the Voyager platform." [Emphasis added.]

Just like there's no clarification on the clarification that the Plan Administrator says he wants from this Court, there's no clarification on what these SEC statements are.

What statements has the SEC made that has prompted the Plan Administrator to completely hold off on all liquidations of all crypto, indefinitely, rather than just holding off on the small list of crypto that the SEC might deem a security?

Making vague statements that the Plan Administrator uses to justify his ability to hold up distributions to creditors, indefinitely, and treat creditors and crypto assets unfairly and unequally SHOULDN'T be allowed.

**E. Confusing And Misleading Information**

In the AMENDED liquidation procedures, filed by the Plan Administrator's attorneys, page 3 states:

"**PLEASE TAKE FURTHER NOTICE** that **IF NO** objections or other responses are timely filed and served by the Objection Deadline with respect to the First Amended Liquidation Procedures, the Plan Administrator **shall proceed with and effectuate** the First Amended Liquidation Procedures." [Emphasis added.]

Also, a tweet (via the Voyager Twitter account) they put out, on 5/31/2023, states:

"A hearing on the amended Liquidation Procedures is scheduled for June 6. **If the Bankruptcy Court approves the amended Liquidation Procedures**, the Plan Administrator intends to move forward with making the initial distribution of Supported Tokens as soon as practicable." [Emphasis added.]

Further, in a Notice Of Agenda For Hearing To Be Held On June 6, 2023, filed by the Plan Administrator's attorneys, on 6/2/2023, in Docket No. 1429, it states:

"This matter will go forward **ONLY IF** responses are filed. **IF NO** objections or other responses are filed and served by the Objection Deadline, the Plan Administrator **shall procced with and effectuate** the First Amended Liquidation Procedures **WITHOUT the need for court order**." [Emphasis added.]

1. The verbiage in their tweet leads creditors to believe that the hearing scheduled for 6/6/2023 would be moving forward, no matter what, although both of their documents state that the hearing will only move forward if any objections are filed by the objection deadline.

2. The verbiage in their tweet leads creditors to believe that this Court needs to approve the AMENDED liquidation procedures, although both of their documents state that the AMENDED liquidation procedures will go into effect, if there are NO objections.

3. As I mention in Section C of this objection, they say the Plan Administrator intends to seek clarification from the Court, and they mention an entry of a Clarification Order for a chart that was provided. Also, they say, "If the Bankruptcy Court approves the amended Liquidation Procedures …"

However, as of today (6/3/2023), the Plan Administrator and his attorneys HAVEN'T filed anything with this Court asking for any clarification, nor have they filed any proposed order with this Court regarding this matter.

This is just one example of the confusing and misleading information that the Plan Administrator and his attorneys have provided to this Court and to creditors.

This is why I have to file this objection; because, if I don't, the AMENDED liquidation procedures will immediately go into effect; and the Plan Administrator will hold up distributions to creditors, indefinitely, and treat creditors and crypto assets unfairly and unequally.

The Plan Administrator and his attorneys making confusing and misleading statements to this Court and to creditors SHOULDN'T be allowed.

**F. Plan Administrator**

During the Confirmation Hearing, on 3/2/2023 through 3/7/2023, some of my fellow creditors and I objected to Paul Hage being approved as the Plan Administrator for the following reasons:

1. Personally, I don't have anything against Paul Hage. However, I was concerned about any conflicts of interests, since he was the personal attorney of the Chair of the Voyager UCC (Jason Raznick).

Also, during the Confirmation Hearing, I learned that Jason Raznick's brother (Brian Raznick) also works at the same law firm (Taft Stettinius & Hollister LLP) that Paul Hage works at. Further, Paul Hage and Brian Raznick don't just work at Taft Stettinius & Hollister; but they are partners at the law firm; so they have more to gain, financially, than just an attorney who isn't a partner; with the appointment of Paul Hage as the Plan Administrator of Voyager.

2. My fellow creditors and I were concerned that Paul Hage wouldn't be able to carry out his duties **properly** as the Plan Administrator.

Now, here we are: The exact scenario I was worried about; but it's even worse than I thought; because the Plan Administrator is holding up distributions to creditors, indefinitely, and treating creditors and crypto assets unfairly and unequally.

Since the Plan Administrator was the personal attorney of Jason Raznick's, since the beginning of the Voyager bankruptcy; he knew exactly what was going on in this case; and what he was getting himself into. If he was afraid to do the job properly, why did he apply for the job?

The Plan Administrator holding up distributions to creditors, indefinitely; and treating creditors and crypto assets unfairly and unequally; making vague statements to justify his actions; and making confusing and misleading statements SHOULDN'T be allowed.

**Conclusion**

This new plan DOESN'T give creditors the most value in the shortest amount of time. If anything, it does the opposite: It gives creditors the least value in the longest amount of time.

The unfair and unequal treatment of creditors and crypto assets SHOULDN'T be allowed.

Holding crypto assets (regardless of whether UNsupported or supported) for an INDEFINITE amount of time SHOULDN'T be allowed.

Would The Honorable Judge Michael Wiles have approved the Binance US plan, filed on 3/5/2023, in Docket No.1138, had the toggle option provision (The Liquidation Transaction) stated what the current First Amended Liquidation Procedures state?

**Therefore, I respectfully request the following relief:**

1. For The Honorable Judge Michael Wiles to DENY the First Amended Liquidation Procedures.

2. For The Honorable Judge Michael Wiles to ENFORCE the order signed on 5/18/2023, in Docket No. 1398, approving the original liquidation procedures, filed on 5/5/2023, in Docket No. 1374, and instruct the Plan Administrator to carry out the original plan that was filed by Voyager/Kirkland & Ellis.

3. For The Honorable Judge Michael Wiles to MOVE the hearing forward that is set for 6/6/2023, at 11:00 a.m. (Eastern Time); to allow me to further state my case, verbally, before The Honorable Judge Michael Wiles; and to give me an opportunity to ask the Plan Administrator and his attorneys some questions, on the record.

I thank The Honorable Judge Michael Wiles for his time and consideration of my objection and the relief sought herein.

Dated: June 3, 2023  
Los Angeles, California

/s/ *Gina DiResta*

**Gina DiResta**
*Pro Se* Creditor
GinaDiResta@gmail.com
Los Angeles, California