**MCDERMOTT WILL & EMERY LLP**
Darren Azman
Joseph B. Evans
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

**MCDERMOTT WILL & EMERY LLP**
Charles R. Gibbs (admitted *pro hac vice*)
Grayson Williams (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201-1664
Telephone: (214) 295-8000
Facsimile: (972) 232-3098

**MCDERMOTT WILL & EMERY LLP**
Gregg Steinman (admitted *pro hac vice*)
333 SE 2nd Avenue, Suite 4500
Miami, FL 33131-2184
Telephone: (305) 329-4473
Facsimile: (305) 503-8805
E-mail: gsteinman@mwe.com

*Counsel to the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | ) | Case No. 22-10943 (MEW) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |

## THE PLAN ADMINISTRATOR'S
## RESPONSE TO THE LETTERS FILED BY ALAH SHEHADEH

Paul R. Hage, in his capacity as the plan administrator (the "Plan Administrator") for the

*Third Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant*

*to Chapter 11 of the Bankruptcy Code* [Docket No. 1166-1] (the "Plan") of Voyager Digital

Holdings, Inc., *et al.* (collectively, the "Wind-Down Debtors") hereby submits this response

(the "Response") to the letters submitted by Alah Shehadeh ("Shehadeh") at Docket Nos. 1358,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The service address for purposes of these chapter 11 cases is 27777 Franklin, Suite 2500, Southfield, MI 48034.

1359, 1366, and 1368 (the "Shehadeh Letters"). In support of this Response, the Plan

Administrator respectfully states as follows.

## BACKGROUND

1.      On July 5, 2022 (the "Petition Date"), the Wind-Down Debtors filed voluntary

petitions for relief under chapter 11 of the Bankruptcy Code.

2.      On March 10, 2023, the Court entered the *Corrected and Amended Order*

*(I) Approving the Second Amended Disclosure Statement and (II) Confirming the Third Amended*

*Joint Plan of Voyager Digital Holdings, Inc and Its Debtor Affiliates Pursuant to Chapter 11 of*

*the Bankruptcy Code* [Docket No. 1166] (the "Confirmation Order") confirming the Plan, which

provided for the appointment of the Plan Administrator.[2]

3.      On May 19, 2023, the Effective Date of the Plan occurred. Docket No. 1405.

Pursuant to the Plan, the Plan Administrator is the sole representative of the Wind-Down Estate

and has authority to administer, pursue, prosecute, litigate, settle, dismiss or otherwise take

action with respect to the Debtors' claims and causes of action.

## SHEHADEH LETTERS

4.      This Court has addressed pleadings filed by Mr. Shehadeh on multiple occasions

during these Chapter 11 Cases.[3] Most recently, the Court entered the *Omnibus Order Denying*

*Motions* [Docket No. 1399] (the "Omnibus Order"). Among other things, the Omnibus Order

denied the relief requested[4] by Mr. Shehadeh solely to the extent it related to chapter 7

---

[2]    Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Plan or the Confirmation Order, as applicable.

[3]    In addition to his filings, Mr. Shehadeh has participated in several hearings, including the hearing on the confirmation of the Plan.  Mr. Shehadeh was barred from further participation in the confirmation proceedings following his behavior at the March 2, 2023 hearing. *See* Transcript, *In re Voyager Digital Holdings, Inc.*, No. 22-10943 at 201:20–25, 202:1–12 (Mar. 2, 2023).

[4]    The Omnibus Order addressed the Shehadeh Letters filed at Docket Nos. 1369, 1373, 1375, and 1383.

conversion, requests for distributions other than pursuant to the terms of the Plan, and the
Liquidation Procedures. The Court has also considered and denied various other relief that Mr.
Shehadeh has requested.[5]

5.      Similar to Mr. Shehadeh's prior filings, the Shehadeh Letters contain requests for
a wide variety of relief, including punitive damages against Debtor Voyager Digital Holdings
Inc. ("VDH") and Kirkland & Ellis LLP ("Kirkland") as the Wind-Down Debtors' bankruptcy
counsel during the chapter 11 cases [Docket No. 1366], the return of crypto and compensation
paid to executives since the Petition Date [Docket Nos. 1358, 1368], an objection to the toggle
option in the confirmed Plan [Docket No. 1359], and a request to reject "the contract for the
Voyager App" and disallow claims related to postpetition payments for such contract [Docket
No. 1368].

## RESPONSE

6.      The Plan Administrator believes that the majority of the relief requested in the
Shehadeh Letters is moot or has already been denied by the Court.

7.      To the extent the Shehadeh Letters request the return of payments made to the
Wind-Down Debtors' executives,[6] the Plan Administrator notes that Mr. Shehadeh has requested
similar relief in the *Letter dated February 1, 2023 to Judge Wiles* [Docket No. 946] and such
relief was denied in the *Omnibus Order Denying Certain Motions* [Docket No. 1171].

8.      To the extent that the Shehadeh Letters request conversion of these
Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code,[7] the Plan Administrator notes

---

[5]    *See Omnibus Order Denying Certain Motions* [Docket No. 1171] and *Order Denying Alah Shehadeh's Motions* [Docket No. 1073].

[6]    Shehadeh Letter at Docket Nos. 1358, 1368.

[7]    Shehadeh Letter at Docket No. 1358.

that Mr. Shehadeh requested similar relief in the *Letter to Judge Wiles* [Docket No. 1375], and

such relief was denied in the Omnibus Order.

9.      To the extent the Shehadeh Letters object to the toggle option in the confirmed

Plan or request the rejection of certain executory contracts,[8] those objections are moot following

the Court's approval of the Plan and entry of the Confirmation Order.

10.      The balance of the issues raised in the Shehadeh Letters appear to relate to: (i) an

objection to the fee application filed by the Debtors' Special Regulatory Counsel;[9] and (ii)

requests for sanctions and punitive damages against Kirkland and Debtor VDH.[10] To the extent

that Mr. Shehadeh requested sanctions and punitive damages against VDH, the Plan

Administrator replies as follows.

11.      Mr. Shehadeh alleges that Debtor VDH violated his privacy by "releasing [his]

financials without making any redactions." Docket No. 1366 at 2. He also alleges that releasing

such information "is in violation of Section 521(a)(1)(B)(iv) of the Bankruptcy Code" and that

he is entitled to seek punitive damages pursuant to Bankruptcy Code section 362(k).

12.      Bankruptcy Code section 521(a)(1)(B)(iv) provides that the debtor shall file,

unless the court orders otherwise, "copies of all payment advices or other evidence of payment

received within 60 days before the date of the filing of the petition, by the debtor from any

employer of the debtor." Furthermore, Bankruptcy Code section 362(k) provides that "an

individual injured by any willful violation of a stay provided by this section shall recover actual

damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover

punitive damages."

---

[8]      Shehadeh Letter at Docket No. 1368.

[9]      Shehadeh Letter at Docket No. 1359.

[10]      Shehadeh Letter at Docket No. 1366.

13.      The Wind-Down Debtors had an affirmative obligation under the Bankruptcy

Code to file, among other things, a list of creditors and a schedule of assets and liabilities.

11 U.S.C. § 521(a)(1).[11] Mr. Shehadeh has not cited to any filing in which a Wind-Down Debtor

disclosed his information beyond what is required to be disclosed by the Bankruptcy Code. In

fact, he has not cited to *any* filing where the Wind-Down Debtors disclosed his information.

Even if he had, Mr. Shehadeh's claim has no merit. Bankruptcy Code section 362(k) provides

monetary damages to individuals damaged by a willful violation of the automatic stay—it does

not award damages against a debtor that has made disclosures pursuant to its statutory

obligations under Bankruptcy Code section 521.[12]

14.      Accordingly, the Plan Administrator asks the Court to deny the relief requested in

the Shehadeh Letters to the extent (i) such relief has not already been denied by the Court or is

moot and (ii) it relates to punitive damages. If the Court does not grant such relief, the Plan

Administrator requests clarification from Mr. Shehadeh on the nature of his claim and an

opportunity to file additional responsive pleadings.

---

[11]   For the avoidance of doubt, on July 8, 2022, as part of the relief the Wind-Down Debtors sought on the Petition Date, the Court granted the Wind-Down Debtors the authority to redact certain personally identifiable information from their Creditor Matrix, Schedules and Statements, including home addresses. *See Order (I) Authorizing the Debtors to File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (II) Authorizing the Debtors to File a Consolidated List of the Debtors' Fifty Largest Unsecured Creditors, (III) Authorizing the Debtors to Redact Certain Personally Identifiable Information, (IV) Approving the Form and Manner of Notifying Creditors of the Commencement of These Chapter 11 Cases, and (V) Granting Related Relief* [Docket No. 54]. Mr. Shehadeh has not alleged that the Wind-Down Debtors disclosed his home address in any filing on the docket.

[12]   It is possible Mr. Shehadeh meant to object to Exhibits A-1 and A-2 to the *Declaration of Mark A. Renzi in Support of (A) Debtors' Reply Motion for Objection to Claim Amount and (B) Debtors' Omnibus Objection to (I) the Voting Amount Associated with Certain Disputed Account Holder Claims and (II) the Merits of Certain Disputed Account Holder Claims* [Docket No. 1254], which contain information relating to certain of his coin purchases to support the Wind-Down Debtors' calculation of his claim amount. These exhibits do not disclose Mr. Shehadeh's personal information, and they contain the appropriate redactions to protect his privacy.

## CONCLUSION

WHEREFORE, for the reasons stated above, the Plan Administrator respectfully requests

that this Court: (i) deny the relief requested in the Shehadeh Letters to the extent such relief is

not moot or has already been denied by the Court; (ii) deny Mr. Shehadeh's request for punitive

damages and sanctions; and (iii) grant the Plan Administrator such other and further relief as the

Court deems just and proper.

Dated:  New York, New York          **MCDERMOTT WILL & EMERY LLP**
        June 7, 2023

                                    */s/ Darren Azman*
                                    Darren Azman
                                    Joseph B. Evans
                                    One Vanderbilt Avenue
                                    New York, NY 10017-3852
                                    Telephone: (212) 547-5400
                                    Facsimile: (212) 547-5444
                                    E-mail: dazman@mwe.com
                                    E-mail: jbevans@mwe.com

                                    *and*

                                    Charles R. Gibbs (admitted *pro hac vice*)
                                    Grayson Williams (admitted *pro hac vice*)
                                    2501 North Harwood Street, Suite 1900
                                    Dallas, TX 75201
                                    Telephone: (214) 295-8000
                                    Facsimile: (972) 232-3098
                                    E-mail: crgibbs@mwe.com
                                    E-mail: gwilliams@mwe.com

                                    *and*

                                    Gregg Steinman (admitted *pro hac vice*)
                                    333 SE 2nd Avenue, Suite 4500
                                    Miami, FL 33131-2184
                                    Telephone: (305) 329-4473
                                    Facsimile: (305) 503-8805
                                    E-mail: gsteinman@mwe.com

                                    *Counsel to the Plan Administrator*