Matthew M. Murphy, Esq.
Matthew Micheli, Esq.
PAUL HASTINGS LLP
71 S. Wacker Drive
Forty-Fifth Floor
Chicago, Illinois 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100

and

Chris Daniel, Esq.
PAUL HASTINGS LLP
1170 Peachtree Street, N.E.
Suite 100
Atlanta, Georgia 30309
Telephone: (404) 815-2100
Facsimile: (404) 815-2424

and

LK Greenbacker, Esq.
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
Telephone: (202) 551-1700
Facsimile: (202) 551-1705

*Special Regulatory Counsel to
the Debtors and Debtors in Possession*

*Hearing Date*: June 14, 2023 at 11:00 AM

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- X

|  |  |  |
|---|---|---|
| | : | |
| *In re* | : | Chapter 11 |
| | : | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | : | Case No. 22-10943 (MEW) |
| | : | (Jointly Administered) |
| Debtors.[1] | : | |

---------------------------------------------------------- X

## DEBTORS' REPLY TO OBJECTIONS TO
## PAUL HASTINGS LLP MONTHLY FEE STATEMENTS

Paul Hastings LLP ("Paul Hastings"), as special regulatory counsel to the above-captioned debtors and debtors in possession (collectively, the "Debtors") in these chapter 11 cases (the "Chapter 11 Cases"), hereby submits this reply (this "Reply") in response

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

to the objection filed by Alah Shehadeh [Docket No. 1359] (the "Objection"). In support of the Reply, Paul Hastings respectfully states as follows:

## Background

1.     On July 5, 2022 (the "Petition Date"), the Debtors filed with the Court voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the *Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 18].

2.     No trustee has been appointed in the Chapter 11 Cases. On July 19, 2022, the U.S. Trustee appointed the Official Committee of Unsecured Creditors pursuant to section 1102 of the Bankruptcy Code [Docket No. 106]. On May 3, 2023, the Court appointed an independent fee examiner [Docket No. 1367].

3.     On August 5, 2022, the Court entered the *Order Authorizing the Retention and Compensation of Professionals Utilized in the Ordinary Course of Business* (the "OCP Order"). Since the Petition Date, in accordance with the OCP Order, Paul Hastings has served as an ordinary course professional to the Debtors in the Chapter 11 Cases. In accordance with the OCP Order, on August 17, 2022, Paul Hastings filed the *Declaration of Disinterestedness of Paul Hastings LLP Pursuant to the Order Authorizing the Retention and Compensation of Professionals Utilized in the Ordinary Course of Business* [Docket No. 303].

4.     On January 25, 2023, the Debtors filed the *Application of the Debtors Pursuant to Sections 327(e) and 330 of the Bankruptcy Code for Authority to Employ and Retain Paul Hastings LLP as Special Regulatory and Conflicts Counsel, Effective as of the Petition Date* [Docket No 911].

5.      On March 28, 2023, the Court authorized retention of Paul Hastings as special regulatory counsel to the Debtors [Docket No. 1234] (the "Retention Order").

6.      On April 14, 2023, Paul Hastings filed its first interim fee application [Docket No. 1293] (the "First Interim Application") and on April 27, 2023, Paul Hastings filed its second interim fee application [Docket No. 1356] (the "Second Interim Application" and together with the First Interim Application, the "Interim Applications").  On April 27, 2023, Paul Hastings filed monthly fee statements (the "Monthly Fee Statements") for the months of November 2022 through February 2023 [Docket Nos. 1352–55].

### Reply to Objection

7.      The Objection was filed in response to the Monthly Fee Statements and raises questions related to: (a) the amount of hours billed, hourly rates, and types of regulatory matters Paul Hastings assisted with and (b) the assertion that Paul Hastings' retention as special regulatory counsel is duplicative and offers no value to the Debtors' estates.  The remainder of the Objection addresses issues unrelated to the Monthly Fee Statements and Paul Hastings.

8.      In regard to the first issue, the Monthly Fee Statements and the Interim Applications include detailed information that addresses the questions raised in the Objection. For example, Mr. Shehadeh takes issue with the 369.30 hours billed in the month of February 2023, but he does not take into account that the 369.30 hours reflect an aggregate of 24 different timekeepers.  The Monthly Fee Statements and the Interim Applications were filed in accordance with sections 327, 330, and 331 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York, the Retention Order, and the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained*

*Professionals and (II) Granting Related Relief* (the "Interim Compensation Order") [Docket No. 236]. The Monthly Fee Statements and the Interim Applications provide ample support for the professional services provided by Paul Hastings, which arguments and facts are expressly incorporated by reference, but are not repeated, herein. The legal services provided by Paul Hastings enabled the Debtors to make significant progress on regulatory matters, chapter 11 restructuring efforts, the sale process, and confirmation of the Plan. As this Court is aware, regulatory concerns became a central issue in these cases with respect to the sale processes and plan confirmation. In addition, Paul Hastings spent significant time interacting with the various state and federal regulatory agencies and responding to discovery requests. The professional services provided were necessary and appropriate and within the scope of Paul Hastings' retention.

9.      In regard to the second issue, the services provided by Paul Hastings are not duplicative and have provided value to the Debtors' estates. Paul Hastings has regulatory expertise in the cryptocurrency industry and has represented the Debtors with respect to their regulatory matters since July 2021. Paul Hastings was intimately familiar with the complex financial services regulatory issues impacting the Debtors and was selected as special regulatory for that reason. The interruption of legal services provided by Paul Hastings and the cost involved in obtaining substitute counsel to replace Paul Hastings' extensive institutional knowledge of the Debtors' businesses, the intricacies of financial services regulatory law, and the Debtors' regulatory issues would not have been cost-efficient to the Debtors and their estates. Further, Paul Hastings has avoided the duplication of services in this case and the extensive time detail set forth in the Monthly Fee Statements and the Interim Applications illustrate that there was no duplication of services.

10.     Paul Hastings respectfully submits that the professional services provided during these Chapter 11 Cases were necessary and appropriate given the complexity of these Chapter 11 Cases, the time expended by Paul Hastings, the nature and extent of Paul Hastings' services provided, the value of Paul Hastings' services, and the cost of comparable services outside of bankruptcy, are all in accordance with section 330 of the Bankruptcy Code.  For these reasons, the Objection should be overruled.  The remainder of the Objection is dedicated to arguments unrelated to Paul Hastings, the Monthly Fee Statements, and the Interim Applications and are not addressed in this Reply.

## Conclusion

11.     For the foregoing reasons, Paul Hastings respectfully requests that the Court (a) overrule the Objection, and (b) grant such other and further relief as the Court deems just.

*[Remainder of Page Intentionally Left Blank]*

Dated: June 12, 2023
     New York, New York

Respectfully submitted,

*/s/ Matthew M. Murphy*
Matthew M. Murphy, Esq.
Matthew Micheli, Esq.
PAUL HASTINGS LLP
71 S. Wacker Drive
Forty-Fifth Floor
Chicago, Illinois 60606
Telephone: (312) 499-6000
Facsimile:  (312) 499-6100
mattmurphy@paulhastings.com
mattmicheli@paulhastings.com

and

Chris Daniel, Esq.
PAUL HASTINGS LLP
1170 Peachtree Street, N.E.
Suite 100
Atlanta, Georgia 30309
Telephone: (404) 815-2100
Facsimile: (404) 815-2424
chrisdaniel@paulhastings.com

and

LK Greenbacker, Esq.
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C., 20036
Telephone: (202) 551-1700
Facsimile: (202) 551-1705
lkgreenbacker@paulhastings.com

*Special Regulatory Counsel to the Debtors and Debtors in Possession*