**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | |

## ORDER DENYING CERTAIN MOTIONS

On June 14, 2023, the Court held a hearing on various matters, including the *Amended Motion to Allow/Motion for Relief Sought and the Return of Crypto Assets* [Docket No. 1358], *Objection/Motion for Objection Paul Hastings LLC Monthly Fee Statements and Clarification for Relief Sought for Docket # 1358* [Docket No. 1359], *Motion to Approve/Motion for Administrative Claims for Punitive Damages Done by Kirkland & Ellis and Voyager Digital Holdings Inc. et al.* [Docket No. 1366], *Motion to Allow/Motion to Return All Monies Crypto Paid to Executives and Motion to Stop Pay for Voyager Operations* [Docket No. 1368], *Motion for Relief Sought for Violations* [Docket No. 1369], *Motion for the Violation of Debtors and the Immediate Return of Crypto Assets in Full to Creditors* [Docket No. 1373] *Letter to Judge Wiles* [Docket No. 1375], *Letter to Judge Wiles in re: Amended Plan* [Docket No. 1383], *Motion for Relief Sought* [Docket No. 1420] and *Motion in Response to Plan Administrator's Response and Motion to Deny the Amended Plan and Relief Sought* [Docket No. 1447]  (collectively, the "Motions"), and considered the Motions, objections, and arguments of counsel and found the Motions were properly noticed.

---

[1]    The Wind-Down Debtors in these chapter 11 cases, along with the last four digits of each Wind-Down Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The service address for purposes of these chapter 11 cases is 27777 Franklin, Suite 2500, Southfield, MI 48034.

Pursuant to Federal Civil Rule 52, made applicable in bankruptcy proceedings by Bankruptcy Rule 7052, the Court stated its findings of fact and conclusions of law on the record.  As explained more fully on the record:

- The Motions are duplicative of prior requests made by the same parties to the extent the Motions ask for a conversion of the case to chapter 7 and/or for the return of cryptocurrencies other than pursuant to the Plan and approved Liquidation Procedures, which have previously been denied by the Court on numerous instances, including through an Order entered May 18, 2023 [Docket No. 1399];

- The Motions are untimely to the extent they complain belatedly about the "toggle option" in the confirmed plan of reorganization, or about the appointment of the Plan Administrator, or about the treatment of executory contracts under the confirm plan, as any objections to such matters were required to be asserted in connection with the prior confirmation hearings and all objections that were asserted were resolved by the Court;

- The Motions are duplicative of prior requests made by the same parties to the extent the Motions ask for a return of all monies paid to executives and/or for a cessation of all payments for the continuation of Voyager's operations, which have been previously denied by the Court, including through an Order entered March 11, 2023 [Docket No. 1171];

- To the extent the Motions object to the proposed Amended Liquidation Procedures filed by the Plan Administrator, those objections are moot because the Court held on June 6, 2023 that it would deny the Plan Administrator's request for approval of those modifications;

2

- To the extent the Motions complain about alleged filings of personal information they have failed to identify information that was filed that conflicts with the requirements of the Bankruptcy Code or as to which any sanctions would be appropriate or authorized;

- The Motions lack merit to the extent they allege that the Plan was not "voted on" by creditors;

- The Motions lack merit to the extent they contend that Section 503(b)(4) is an absolute bar to the compensation of officers, directors and employees;

- The Motions are moot to the extent they seek information as to whether payments were made to Jason Raznick in connection with his service on the Committee of Unsecured Creditors, as the parties confirmed during the hearing on June 14 that there were no such payments; and

- To the extent the Motions raised other issues they have been denied for reasons stated on the record on June 14 and in prior hearings.

It is, therefore HEREBY ORDERED THAT:

1.    The Motions are denied.

2.    The parties are authorized to take all actions necessary or appropriate to effectuate the relief granted herein.

3.    This Omnibus Order shall be immediately effective and enforceable upon its entry.

Dated:  New York, New York
        June 14, 2023

/s/ **Michael E. Wiles**
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE