UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | : | Case No. 22-10943 (MEW) |
| | : | |
| Debtors. | : | |
| | : | |

---

ORDER DENYING PROPOSED AMENDMENT TO
LIQUIDATION PROCEDURES AND DIRECTING PLAN ADMINISTRATOR
TO COMPLY WITH THE PREVIOUSLY APPROVED LIQUIDATION PROCEDURES

On May 5, 2023, pursuant to their Third Amended Joint Plan (the "Plan), the Debtors filed certain liquidation procedures (the "Liquidation Procedures"). [ECF No. 1374] On May 18, 2023, the Court entered an Order approving the Liquidation Procedures. [ECF No. 1398] Paragraph 4 of this order provided:

> The Plan Administrator (as defined in the Plan) may file a motion at any time after the effective date of the Plan seeking to modify the Liquidation Procedures. Parties shall have seven calendar days to file an objection to any motion by the Plan Administrator seeking to modify the Liquidation Procedures. If an objection to such motion is filed, the Court will hold a hearing to consider such motion.

On May 27, 2023, the Plan Administrator, who took control after the effective date of the Debtors' Plan, filed a Notice of Filing of First Amended Liquidation Procedures. [ECF No. 1419]. The notice provided that parties would have seven calendar days to file objections to the proposed modification, in which event a hearing would be held. It further provided that absent any timely objection, the Plan Administrator would proceed with and effectuate the First Amended Liquidation Procedures.

Prior to the termination of the objection deadline, the Court determined that, even absent the filing of an objection by any party in interest, it would conduct a hearing to consider whether to approve the proposed modification as it seemed more in the nature of an attempt to modify the

Debtors' confirmed Plan, rather than a mere modification of the Liquidation Procedures. The Plan Administrator's counsel was informed of the Court's intent to proceed with the hearing. In any event, thereafter at least one objection was filed to the proposed amendment.

A hearing on the matter was held on June 6, 2023 (the "Hearing"), at which the Court stated that it appeared that the Plan Administrator's proposal was mischaracterized as an amendment to the Liquidation Procedures because, as proposed, it was not actually a proposal to modify the mechanics of the liquidation, but essentially a modification to the Plan itself after the Plan had gone effective. The Court noted that the proposed amendment was a departure from what was initially intended in the Plan that the Court could not approve. The Court afforded the Plan Administrator an opportunity to return with any proposal that sought to fine tune the mechanics of the Liquidation Procedures. However, in the absence of any further action, the Plan Administrator was required to comply with the Liquidation Procedures because there is a confirmed Plan that has gone effective with an approved set of Liquidation Procedures. Based upon the foregoing and for the reasons stated on the record of the Hearing, it is hereby

ORDERED, that the proposal to amend the Liquidation Procedures is denied, and the proposed amendments shall have no effect; and it is further

ORDERED, that the Plan Administrator is directed to comply with the previously approved Liquidation Procedures.

Dated: New York, New York
      June 16, 2023

                          /s/ **Michael E. Wiles**
                          UNITED STATES BANKRUPTCY JUDGE