**MCDERMOTT WILL & EMERY LLP**
Darren Azman
Joseph B. Evans
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

**MCDERMOTT WILL & EMERY LLP**
Charles R. Gibbs (admitted *pro hac vice*)
Grayson Williams (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201-1664
Telephone: (214) 295-8000
Facsimile: (972) 232-3098

**MCDERMOTT WILL & EMERY LLP**
Gregg Steinman (admitted *pro hac vice*)
333 SE 2nd Avenue, Suite 4500
Miami, FL 33131-2184
Telephone: (305) 329-4473
Facsimile: (305) 503-8805

*Counsel to the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF FILING REGARDING**
**ENTRY OF ORDER APPOINTING MEDIATOR**
**IN CASE NO. 22-11068 (JTD),** *IN RE FTX TRADING LTD., ET AL.*

**PLEASE TAKE NOTICE** that, on June 27, 2023, the United States Bankruptcy Court for the District of Delaware approved that certain *Stipulation and Agreed Order to Appoint a Mediator* (the "Mediator Order") in Case No. 22-11068-JTD, styled *In re FTX Trading Ltd., et al*. A copy of the Mediator Order is attached hereto as **Exhibit A**.

---

[1] The Wind-Down Debtors in these chapter 11 cases, along with the last four digits of each Wind-Down Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The service address for purposes of these chapter 11 cases is 27777 Franklin, Suite 2500, Southfield, MI 48034.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Mediator Order, the Hon. Shelley C. Chapman (Ret.). has been appointed to conduct non-binding mediation between FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (the "FTX Debtors"), the Official Committee of Unsecured Creditors appointed in the chapter 11 cases of the FTX Debtors (the "FTX Committee"), and the plan administrator for the confirmed plan [Docket No. 1166-1] of Voyager Digital Holdings, Inc., and its debtor affiliates (the "Plan Administrator," and together with the FTX Debtors and the FTX Committee, the "Parties"), to potentially resolve all disputes and claims among or between the Parties.

**PLEASE TAKE FURTHER NOTICE** that copies of the Notice of Filing Regarding Entry of Order Appointing Mediator in Case No. 22-11068 (JTD), *In re FTX Trading Ltd., et al.* (the "Notice of Filing") and other papers filed in these chapter 11 cases may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/Voyager. You may also obtain copies of the Notice of Filing and other papers filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

[*Remainder of page intentionally left blank.*]

| | |
|---|---|
| Dated: New York, New York<br>June 27, 2023 | **MCDERMOTT WILL & EMERY LLP**<br><br>*/s/ Darren Azman*<br>Darren Azman<br>Joseph B. Evans<br>One Vanderbilt Avenue<br>New York, NY 10017-3852<br>Telephone: (212) 547-5400<br>Facsimile: (212) 547-5444<br>E-mail: dazman@mwe.com<br>E-mail: jbevans@mwe.com<br><br>and<br><br>Charles R. Gibbs (admitted *pro hac vice*)<br>Grayson Williams (admitted *pro hac vice*)<br>2501 North Harwood Street, Suite 1900<br>Dallas, TX 75201<br>Telephone: (214) 295-8000<br>Facsimile: (972) 232-3098<br>E-mail: crgibbs@mwe.com<br>E-mail: gwilliams@mwe.com<br><br>and<br><br>Gregg Steinman (admitted *pro hac vice*)<br>333 SE 2nd Avenue, Suite 4500<br>Miami, FL 33131-2184<br>Telephone: (305) 329-4473<br>Facsimile: (305) 503-8805<br>E-mail: gsteinman@mwe.com<br><br>*Counsel to the Plan Administrator* |

# EXHIBIT A

## Mediator Order

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,¹ | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | Ref Nos. 833 & 1718 |

## STIPULATION AND AGREED ORDER TO APPOINT A MEDIATOR

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (the "FTX Debtors"), the Official Committee of Unsecured Creditors appointed in the chapter 11 cases of the FTX Debtors (the "FTX Committee"), and the plan administrator appointed in the chapter 11 cases captioned *In re Voyager Digital Holdings, Inc. et al.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y) (the "Voyager Plan Administrator") (collectively with the FTX Debtors and the FTX Committee, the "Parties") hereby enter into this stipulation and agreed order (this "Stipulation and Order") to appoint Judge Shelley C. Chapman (Ret.) to serve as a mediator on the terms set forth below.

## RECITALS

A. **WHEREAS,** on February 22, 2023, the FTX Debtors, the FTX Committee, Voyager Digital Holdings, Inc. and its affiliated debtors and debtors-in-possession (the "Voyager Debtors") and the Official Committee of Unsecured Creditors appointed in the chapter 11 cases of the Voyagers Debtors entered into that certain stipulation (the "FTX/Voyager Stipulation")²,

---

1  The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

2  Capitalized terms used but not defined herein shall have the meaning ascribed to them in the FTX/Voyager Stipulation.

{1368.002-W0071389.}

approved by this Court at Dkt. No. 833, and the U.S. Bankruptcy Court overseeing the Voyager Debtors' chapter 11 cases (the "SDNY Bankruptcy Court") at Dkt. No. 1266 in the Voyager Debtors' chapter 11 cases, with respect to, among other things, certain disputes and claims between the parties, pursuant to which the parties thereto agreed to participate in good faith in non-binding mediation with respect to all claims and disputes among or between the Parties (the "Mediation Matters");

B. **WHEREAS**, on May 19, 2023, the Voyager Debtors' chapter 11 plan went effective[3] (the "Voyager Plan") and the Voyager Plan Administrator's duties under the Voyager Plan commenced;

C. **WHEREAS**, the Parties have engaged in discussions to appoint a mediator to administer a non-binding mediation process between the Parties to potentially resolve disputes and claims between the Parties as contemplated by the FTX/Voyager Stipulation (the "Mediation").

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES THROUGH THE UNDERSIGNED AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation and Order is granted as and to the extent set forth herein and shall be effective upon approval by this Court (such date, the "Effective Date").

2. The Hon. Shelley C. Chapman (Ret.) is authorized and appointed to serve as mediator (the "Mediator") to conduct the Mediation in accordance with this Stipulation and Order and the FTX/Voyager Stipulation.

3. The Mediator is authorized to mediate the Mediation Matters consistent with the terms of this Stipulation and Order and the FTX/Voyager Stipulation.

---

[3] Voyager Chapter 11 Cases, Dkt. No. 1405.

{1368.002-W0071389.}
2

4. The Parties shall meet and confer with the Mediator to establish procedures and timing for the Mediation. The Mediator shall be authorized to schedule mediation sessions as necessary. Notwithstanding any local bankruptcy rules of this Court or the SDNY Bankruptcy Court (together, the "Local Rules"), but so long as not inconsistent with the terms of this Stipulation and Order and the FTX/Voyager Stipulation, the Mediator may conduct the Mediation as she sees fit, establish rules of the Mediation, and consider and take appropriate action with respect to any matters the Mediator deems appropriate in order to conduct the Mediation.

5. The Parties shall attend and participate in the mediated sessions with at least one principal or other individual with authority to make decisions binding upon such Party (such individual may include attorneys and other advisors to each Party, at such Party's sole discretion). The Mediation shall be held based upon the availability of the Mediator and the Parties. Any in-person, video, or audio conference mediation session (each, a "Mediation Session") may include individual Parties, sub-groups of Parties, or all Parties in the Mediator's discretion, and the Mediator is authorized to meet with any Party on an *ex parte* basis.

6. If consented to in writing by all Parties and the Mediator, the Mediator may allow other parties in interest to participate in the Mediation (an "Additional Mediation Party"); *provided* that any such party that participates in the Mediation shall become subject to all of the provisions of this Stipulation and Order.

7. The results of the Mediation are non-binding and are without prejudice to any Party's rights, claims, or defenses, including with respect to the Mediation Matters. The Parties and their respective counsel and advisors shall participate in the Mediation in good faith and comply with all directions issued by the Mediator.

8. The Parties are hereby authorized to enter into a mediation engagement agreement with the Mediator. The Mediator shall be entitled to compensation for the Mediator's services, as well as reimbursement for reasonable costs, which compensation and costs (which may include the provision of services by other legal personnel of Willkie Farr & Gallagher LLP) shall be divided and invoiced evenly between the FTX Debtors and the Voyager Plan Administrator and paid without need for further order of this Court or the SDNY Bankruptcy Court. The Mediation Parties shall otherwise each be responsible for their own costs associated with the Mediation.

9. The Mediation shall be governed by Rule 9019-5(d) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware ("Local Delaware Bankruptcy Rule 9019-5(d)"). Without limiting the applicability of Local Delaware Bankruptcy Rule 9019-5(d), all communications from any Party, any Additional Mediation Party, or the Mediator that is prepared, submitted, or made (whether in writing or verbally) to any Party, Additional Mediation Party, or the Mediator in connection with the Mediation, including, without limitation, (a) discussions among any of the Parties in connection with the Mediation, including discussions with or in the presence of the Mediator, (b) mediation statements and any other documents or information provided to the Mediator, Parties, or any Additional Mediation Party in connection with the Mediation, and (c) all correspondence, settlement proposals, counterproposals, term sheets, and other offers of compromise produced for, as a result of, or in connection with the Mediation (collectively, the "Settlement Proposals") shall be strictly confidential and shall remain confidential; and the materials described in each of the foregoing clauses (a) through (c) (the "Mediation Information"): (1) shall be protected from disclosure (and shall not be disclosed) to any other Party or Additional Mediation Party, each as applicable, or to any other person or party who is not a participant in the Mediation, and/or to any

court or any governmental agency, absent the express consent of the Party or Additional Mediation Party whose Mediation Information is being shared (provided that any Party or Additional Mediation Party may share Mediation Information provided by them without seeking consent of any other Party or Additional Mediation Party), (2) shall not constitute a waiver of any existing privileges and immunities, (3) shall not be used for any purpose other than the Mediation, (4) shall not be admissible for any purpose in any judicial or administrative proceeding, (5) shall be subject to protection under Rule 408 of the Federal Rules of Evidence and any equivalent or comparable state law, and shall not be admissible for any purpose in any judicial or administrative proceeding and (6) in the case of settlement proposals not accepted in connection with the Mediation, shall not constitute material nonpublic information following the conclusion of the Mediation except to the extent that they contain material nonpublic information separate and apart from the fact that a Party or Additional Mediation Party was prepared to agree to the terms set forth therein.

10. The Parties, any Additional Meditation Party and their counsel and advisors, and the Mediator shall not in any way disclose to any non-Party or non-Additional Meditation Party or to any court or government agency, including, without limitation, in any pleading or other submission to any court, any Mediation Information, unless such Mediation Information is available to such Party or Additional Meditation Party or its counsel or advisors other than in connection with the Mediation and not in breach of the terms of this Stipulation and Order or subject to a separate confidentiality agreement or other applicable confidentiality restrictions that would prevent its disclosure. For the avoidance of doubt, a Party and any Additional Meditation Party may publicly disclose its own Mediation Information insofar as such Mediation Information was lawfully in the possession of the Party or Additional Meditation Party through means other

than the Mediation, subject to any separate confidentiality or other restriction or prohibition that would prevent its disclosure.

11. If any Party or Additional Meditation Party is in possession of privileged or confidential documents and/or information provided to such Party or Additional Meditation Party pursuant to the terms and conditions of a confidentiality agreement or a Court order entered in connection with these chapter 11 cases, such information may be disclosed to the Mediator but shall otherwise remain privileged and confidential and shall not be disclosed to any other Party or Additional Meditation Party, subject to the terms of such confidentiality agreement or Court order, each as applicable. Any Party or Additional Meditation Party may provide documents and/or information to the Mediator that are subject to a privilege or other protection from discovery, including the attorney-client privilege, the work-product doctrine, or any other privilege, right, or immunity such parties may be entitled to claim or invoke (the "Privileged Information"). Privileged Information that is provided solely to the Mediator and no other Party or person shall not serve as the disclosing party's or its respective professional's intent to waive or shall be deemed to waive, in whole or in part, the attorney-client privilege, the work-product doctrine, or any other privilege, right, or immunity that such disclosing party or its respective professional may be entitled to claim or invoke with respect to any Privileged Information or otherwise.

12. Any work product, materials, or information that a Party or Additional Mediation Party shares with or produces to the Mediator in connection with the Mediation, including Privileged Information, shall be subject to all applicable mediation privileges, and the Mediator shall not share any such work product, materials, or information with any other Party or Additional Mediation Party without the consent of the sharing or producing Party or Additional Mediation Party.

13. As a condition to participation in the Mediation, the FTX Debtors and each other Party (including any Additional Mediation Party) shall agree on the terms of and enter into a confidentiality agreement that is acceptable to the FTX Debtors, the Voyager Plan Administrator, and the applicable party to such confidentiality agreement or arrangement.

14. If any Party or Additional Mediation Party attends the Mediation and receives material non-public information, any such Party or Additional Mediation Party shall maintain internal information blocking procedures and shall not share any such information generated by, received from, or relating to the Mediation with any other of its employees, representatives, or agents, including trading and investment advisor personnel.

15. No Party or Additional Mediation Party shall, as a result of participating in the Mediation conducted pursuant to this Stipulation and Order or being aware or in possession of any Settlement Proposal, (a) be or become an insider, a temporary insider, or fiduciary of any other party, (b) be deemed to owe any duty to any other party, (c) undertake any duty to any party in interest, or (d) be deemed to misappropriate any information of any of other party that has designated any material as confidential or highly confidential under an order entered in these cases; *provided, however,* that nothing herein shall affect any Party's or any Additional Mediation Party's pre-existing fiduciary obligations.

16. No discovery may be taken in connection with the conduct of the Mediation, unless consented to by the applicable Parties or Additional Mediation Party.

17. The Mediator shall file with this Court and the SDNY Bankruptcy Court a memorandum no later than three business days after the conclusion of the Mediation stating (a) that the Mediator has conducted the Mediation, (b) the names of the Parties and any Additional Mediation Party, including counsel, advisors, and principals, who participated in the Mediation,

(c) whether the Mediator believes that the Parties and any Additional Mediation Party participated in good faith, and (d) whether and to what extent the Mediation was successful, and, if the Parties agree, the terms of such settlements and agreements. Notwithstanding anything to the contrary herein and subject only to (a)-(d) in the preceding sentence, the Mediator may not disclose to the Court any Mediation information and/or Mediator Matter, nor may the Mediator have any involvement, in any capacity, in the instant litigation and/or any other litigation proceedings, or investigations that relate to or concern the Mediation Information and/or any Mediation Matter.

18. The Mediator shall not be compelled, nor shall be permitted, to testify or disclose any information concerning the Mediation in any forum or proceeding except as provided in (a)-(d) in the preceding paragraph.

19. Unless otherwise agreed in writing by the parties, at least one in-person mediation sessions shall be held on or before October 13, 2023, failing which any Party may terminate the mediation on one day's written notice. In addition, any party may, on ten days' written notice, terminate the Mediation in the exercise of its sole discretion at any time after the first, in-person session is held. No termination made pursuant to this paragraph 19 shall be deemed a failure to participate in good faith in the Mediation. Despite giving a ten-day termination notice hereunder, (a) the Party providing the notice has the right to withdraw the notice at any time up to the end of the ninth day; and (b) the Mediator may continue to mediate the matters, including without limitation, attempting to convince the Party providing the notice to revoke the notice.

20. The Mediation shall commence after entry of this Stipulation and Order. The Mediator and any legal personnel employed by Willkie Farr & Gallagher LLP who assist the Mediator with the Mediation shall be immune from claims arising out of acts or omissions incident

to their service in the Mediation or in the chapter 11 cases of the FTX Debtors or the Voyager Debtors.

21. Nothing herein shall otherwise limit, modify, or alter the terms of the FTX/Voyager Stipulation.

22. Nothing contained herein shall be construed as a waiver of any Parties' rights, claims or defenses.

23. The limited relief set forth herein shall not be construed as an admission by any Party of liability regarding any claim or cause of action arising from or in relation to the Mediation Matters or any other matter.

24. This Stipulation and Order shall not be modified, altered, amended, or vacated otherwise without the written consent of all Parties or by further order of the Court.

25. Upon the Effective Date, the Parties are authorized to take all actions necessary to effectuate the relief provided in this Stipulation and Order.

26. Good and sufficient notice of this Stipulation and Order has been provided, and the requirements of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules are satisfied.

27. Notwithstanding the applicability of any Bankruptcy Rule to the contrary, the terms and provisions of this Stipulation and Order shall immediately be effective and enforceable upon the Effective Date.

28. Each person who executes this Stipulation and Order by or on behalf of each respective Party warrants and represents that he or she is duly authorized and empowered to execute and deliver this Stipulation and Order on behalf of such Party.

29. This Stipulation and Order may be executed in multiple counterparts, any of which may be transmitted via facsimile, and each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

30. This Stipulation and Order shall be binding on and inure to the benefit of the Parties and their respective heirs, executors, administrators, successors, and permitted assigns.

31. Neither this Stipulation and Order nor any right or interest hereunder may be assigned in whole or in part by either of the Parties without the prior consent of the other Party.

32. The Court shall retain jurisdiction to resolve any and all disputes related to this Stipulation and Order. Each of the Parties irrevocably consents for all purposes of this Stipulation and Order to the jurisdiction of the Court and agrees that venue is proper in the Court.

IN WITNESS WHEREOF, and in agreement herewith, the Parties have executed and delivered this Stipulation and Order as of the date first set forth below.

Dated: June 26, 2023
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

/s/ Matthew B. McGuire
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
brown@lrclaw.com
pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Ben. S. Beller (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
gluecksteinb@sullcrom.com
bellerb@sullcrom.com

*Counsel for the FTX Trading Ltd and Affiliated Debtors*

**MCDERMOTT WILL & EMERY LLP**

/s/ Maris Kandestin
Maris Kandestin (DE 5294)
1007 North Orange Street
Wilmington, DE 19801
Tel: (302) 485-3900
Facsimile: (302) 351-8711
Email: mkandestin@mwe.com

-and-

Darren Azman
John Calandra
Joseph B. Evans
One Vanderbilt Avenue
New York, NY 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
Email: dazman@mwe.com
          jbevans@mwe.com
          jcalandra@mwe.com

-and-

Elizabeth Rodd
200 Clarendon Street
Boston, MA 02030
Telephone: 617-535-4000
Facsimile: 617-535-3800
Email: erodd@mwe.com

*Counsel to Paul R. Hage, in his capacity as Plan Administrator of Voyager Digital Holdings, Inc., et al.*

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

/s/ Matthew B. Lunn
Matthew B. Lunn (No. 4119)
Robert F. Poppiti, Jr. (No. 5052)
1270 Avenue of the Americas, Suite 2210
New York, NY 10020
Telephone: (212) 332-8840
Facsimile: (212) 332-8855
Email: mlunn@ycst.com
          rpoppiti@ycst.com

*Counsel for the FTX Official Committee of Unsecured Creditors*

Dated: June 27th, 2023
Wilmington, Delaware

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE

12