**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## DECISION AND ORDER WITH RESPECT TO THE COMPUTATION OF THE ALLOWED CLAIM OF ALAH SHEHADEH

Alah Shehadeh was a customer of Debtor Voyager Digital, LLC ("**Voyager**") at the time these bankruptcy cases were commenced. Voyager filed schedules of its assets and liabilities that listed certain obligations owing to Mr. Shehadeh and that stated that the amounts owed were not regarded by Voyager as disputed, unliquidated or contingent. However, Mr. Shehadeh has questioned whether Voyager has correctly computed the amounts owed to him. His complaints relate to the computation of interest earnings on items held by Mr. Shehadeh.

Voyager had a program in place under which Mr. Shehadeh and other customers earned monthly rewards based on their average daily cryptocurrency balances. The Customer Agreement that governed Mr. Shehadeh's account states that Voyager would use "the daily balance method to calculate the Rewards on the Account. This method applies a daily periodic rate to the specific principal in the Account each day. The daily periodic rate is calculated by dividing the applicable interest rate by three hundred sixty-five (365) days, even in leap years." The Customer Agreement further stated that reward rates for a given month would be announced on or prior to the first

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital, Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

business day of that month. Voyager reserved the right to designate the reward rates in its "sole discretion." Voyager also had the right to use "tiered" rates, pursuant to which specified rates would be applied only to specific portions of amounts on deposit in a customer's account.

The Voyager website also contained a FAQ that explained how the rewards calculations would work. It stated:

> We take a daily snapshot of all of your eligible holdings. Your monthly annual rewards are calculated based on the average of your daily balance.
>
> All Voyager reward rates are annual. In order to find the monthly rate you will receive, please make sure to divide the annual rate by 12.
>
> For example, if you hold 5,000 Voyager Tokens for 15 days of a 30 day month, you will have a monthly average balance of ~ 2,500 Voyager Tokens and will be eligible for reward payments on that accordingly.

The website also included a FAQ regarding the manner in which reward rates were announced and changed:

> Our annual reward rates are announced once a month typically on or before the first business date of each month. The reward rate may be tiered, with specified rates in effect at any time only applied to specific portions of amounts on deposit.

The foregoing provisions of the Customer Agreement are not in dispute. There is also no dispute as to the underlying purchases and sales of cryptocurrencies that were credited to Mr. Shehadeh's account. The issues raised by Mr. Shehadeh relate to the application of the principles stated above and to the accuracy of the rewards calculations for Mr. Shehadeh's account.

Voyager has filed papers that explain its calculations of Mr. Shehadeh's rewards, including the Declaration of Mark Renzi dated April 3, 2023. The manner in which the average daily balance calculations were performed was discussed with Mr. Shehadeh during a hearing on April 5, 2023. During that hearing the Court also asked Mr. Renzi to reconstruct all of

2

Voyager's rewards calculations and to file the reconstructed calculations on the docket. The Court also informed Mr. Shehadeh that he would have the opportunity to respond to the calculations if he continued to question them.

Voyager filed a supplemental declaration by Mr. Renzi on April 8, 2023 that reviewed Voyager's rewards calculations in detail. Mr. Renzi concluded that the rewards had properly been calculated and that the scheduled claim for Mr. Shehadeh was accurate. In this regard, Mr. Shehadeh's primary complaints about the calculations were his contentions that the average daily balances in his account had been miscalculated. Mr. Shehadeh contended, for example, that the average daily balances for his Bitcoin holdings in November 2021 had been miscalculated. However, the records show (and Mr. Shehadeh did not deny) that he deposited Bitcoin into his account at Voyager on November 9, 2021. He held 0.281017 BTC in his account for a *portion* of November 2021, but rewards were payable only with respect to the "average daily balance," not the "ending" balance in his account.

Mr. Renzi's supplemental declaration explained the average daily balance calculations and the monthly reward rates that were applied, and did so with respect to every reward calculation. On April 12, 2023, the Court extended Mr. Shehadeh's time to file a response. Mr. Shehadeh filed a further response on April 20, 2023, in which he continued to object to Voyager's calculations.

I have now reviewed the detailed calculations submitted by Mr. Renzi and the objections to them that Mr. Shehadeh has filed. Mr. Renzi's calculations show that rewards were added to Mr. Shehadeh's account on the second day of each month; for example, the reward with respect to Mr. Shehadeh's ADA holdings in November 2021 was added to his account balance on December 2, 2021. Mr. Shehadeh's calculations with respect to ADA are carried to the seventh

decimal point whereas Mr. Renzi's calculations were rounded to a single decimal point, which makes a comparison more difficult.  I note, however, that Mr. Shehadeh's calculations of his ADA balances are erroneous.  In this submission he alleged (for example) that his average daily ADA balance for December 2021 was 3512.5.  In fact, he had deposited 3512.5 ADA tokens in his account in November 2021 and had earned a reward for November 2021 of 8.8 ADA tokens; the reward was added to his account balance on December 2, 2021, which meant that his actual average daily account balance for the entire month of December 2021 was 3520.9 ADA tokens.  Mr. Shehadeh's calculations also assumed an interest rate of 4.5% with respect to ADA in February 2021, whereas it appears the correct rate was 4%.  The largest discrepancy in the parties' calculations is for July 2022, as to which Mr. Shehadeh believes he was entitled to a reward of 8.99193568 ADA tokens.  However, Voyager filed for bankruptcy on July 6, 2022.  Mr. Shehadeh is entitled to a claim based on what his actual account balances were at the time the bankruptcy occurred.  *See* 11.U.S.C. § 502.  He is not entitled to add amounts that he might have earned if the bankruptcy filing had not occurred and if rewards had been paid, in August 2022, for the month of July 2022.

Mr. Shehadeh also contends that he deposited 4.03768 ETH on November 9, 2021.  He believes that his December 2021 reward should have increased his holding to 4.05315777 ETH.  However, Mr. Renzi's calculations show that Mr. Shehadeh earned ETH rewards of .01031 for November 2021 (which were added to his account on December 2, 2021) and ETH rewards of .01551 for December 2021 (which were added to his account on January 2, 2022).  The post-December 2021 ETH balance that Voyager showed is 4.06351, which is higher than Mr. Shehadeh's calculations suggested.

4

Mr. Shehadeh did not offer other calculations, but I have reviewed Mr. Renzi's calculations and they appear to be entirely in order. I therefore conclude that Voyager's calculations of Mr. Shehadeh's account balances are correct. It is therefore

**ORDERED**, that Mr. Shehadeh's objections to his scheduled claims are overruled; and it is further

**ORDERED**, that Voyager shall make distributions available to Mr. Shehadeh based on the scheduled amounts of his claims; and it is further

**ORDERED**, that this Order shall take effect immediately and shall not be subject to any stay.

Dated: New York, New York
June 30, 2023

/s/ **Michael E. Wiles**
Honorable Michael E. Wiles
United States Bankruptcy Judge