**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

### SUMMARY COVER SHEET TO THE THIRD INTERIM AND FINAL FEE APPLICATION OF HARNEY WESTWOOD & RIEGELS LP, BVI COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE THIRD INTERIM FEE PERIOD FROM MARCH 1, 2023 THROUGH MAY 18, 2023 AND THE FEE PERIOD FROM JULY 31, 2022 THROUGH MAY 18, 2023

Harney Westwood & Riegels LP ("Harneys" or the "Firm"), BVI counsel to the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Voyager Digital Holdings, Inc. and its affiliated debtors (collectively, the "Debtors"), submits this summary (this "Summary") of the compensation and reimbursement that are requested in the fee application to which this Summary is attached (the "Fee Application")[2] for services rendered and expenses incurred during the period from March 1, 2023 through May 18, 2023 (the "Third Interim Fee Period") and for services rendered and expenses incurred during the period from July 31, 2022 through May 18, 2023 (the "Fee Period").

---

[1]     The Wind-Down Debtors in these chapter 11 cases, along with the last four digits of each Wind-Down Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The service address for purposes of these chapter 11 cases is 27777 Franklin, Suite 2500, Southfield, MI 48034.

[2]     Capitalized terms that are used but not defined in this Summary have the meanings that are given to those terms in the Fee Application.

| General Information | |
|---|---|
| Name of Applicant: | Harney Westwood & Riegels LP |
| Name of Client: | Official Committee of Unsecured Creditors |
| Petition Date: | July 5, 2022 |
| Date of Order Approving Applicant's Employment: | November 15, 2022, Effective as of July 31, 2022 |

| Summary of Compensation and Reimbursement Requested in the Fee Application | |
|---|---|
| Third Interim Fee Period: | March 1, 2023 – May 18, 2023 |
| Fee Period: | July 31, 2022 – May 18, 2023 |
| Amount of Compensation Requested in Third Interim Fee Period: | $36,750.00 |
| Amount of Reimbursement Requested in Third Interim Fee Period: | $0.00 |
| Amount of Compensation Requested in Fee Period: | $69,488.00 |
| Amount of Reimbursement Requested in Fee Period: | $0.00 |
| Amount of Requested Compensation Paid under the Interim Compensation Order: | $6,578.40 |
| Amount of Requested Reimbursement Paid under the Interim Compensation Order: | $0.00 |
| Blended Hourly Rate for all Timekeepers Except Paraprofessionals: | $733.00 |
| Amount of Compensation Requested, Calculated Using Rates as of Date of Order Approving Applicant's Employment: | $8,223.00 |

| Summary of Compensation and Reimbursement Allowed as of the Date Hereof | |
|---|---|
| Amount of Compensation Allowed: | $32,738.00 |
| Amount of Allowed Compensation Paid: | $6,578.40 |
| Amount of Reimbursement Allowed: | $0.00 |
| Amount of Allowed Reimbursement Paid: | $0.00 |

Dated: July 3, 2023

**HARNEY WESTWOOD & RIEGELS LLP**

/s/ Christopher Pease
Christopher Pease, Partner
P.O. Box 71
Road Town, Tortola VG1110
British Virgin Islands
Telephone: (284) 494-2233
E-mail: christopher.pease@harneys.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

### THIRD INTERIM AND FINAL FEE APPLICATION OF HARNEY WESTWOOD & RIEGELS LP, BVI COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR THE THIRD INTERIM FEE PERIOD FROM MARCH 1, 2023 THROUGH MAY 18, 2023 AND THE <u>FEE PERIOD FROM JULY 31, 2022 THROUGH MAY 18, 2023</u>

Harney Westwood & Riegels LP ("<u>Harneys</u>" or the "<u>Firm</u>"), BVI counsel to the Official

Committee of Unsecured Creditors (the "<u>Committee</u>") appointed in the above-captioned chapter

11 cases (the "<u>Chapter 11 Cases</u>") of Voyager Digital Holdings, Inc. and its affiliated debtors

(collectively, the "<u>Debtors</u>"), hereby submits its third interim fee application (the "<u>Fee</u>

<u>Application</u>") for (a) the allowance of $36,750.00 of compensation for professional services

rendered during the period from March 1, 2023, through May 18, 2023 (the "<u>Third Interim Fee</u>

<u>Period</u>") and $0.00 of reimbursement for expenses incurred during the Third Interim Fee Period

and (b) allowance and approval on a final basis of compensation in the amount of $69,488.00

and reimbursement of actual and necessary expenses in the amount of $0.00, incurred during the

period from July 31, 2022 through and including May 18, 2023 (the "<u>Fee Period</u>"), in accordance

with the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of*

*Expenses for Retained Professionals and (II) Granting Related Relief* [Docket No. 236] (the

---

[1]   The Wind-Down Debtors in these chapter 11 cases, along with the last four digits of each Wind-Down Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The service address for purposes of these chapter 11 cases is 27777 Franklin, Suite 2500, Southfield, MI 48034.

"Interim Compensation Order"). In support of this Fee Application, Harneys submits the

certification of Christopher Pease, a Partner of Harneys (the "Pease Certification"), which is

attached hereto as **Exhibit A** and incorporated into this Fee Application by reference. In further

support of this Fee Application, Harneys respectfully states as follows:

**JURISDICTION AND VENUE**

1.  The United States Bankruptcy Court for the Southern District of New York (the

"Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a

core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory and other bases for the relief requested herein are sections 330 and

331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1(a) of the Local

Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), the

*Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed*

*under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases* (the "UST Guidelines"), the

*Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New*

*York Bankruptcy Cases* (the "Local Guidelines"), the Interim Compensation Order, and the

*Order Appointing Independent Fee Examiner and Establishing Related Procedures for the*

*Review of Fee Applications of Retained Professionals* [Docket No. 1277] (the "Fee Examiner

Order").

2

## BACKGROUND

**A.    The Debtors' Chapter 11 Cases**

4.    On July 5, 2022 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.

5.    On July 19, 2022, the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the Committee pursuant to section 1102 of the Bankruptcy Code [Docket No. 106].

6.    The circumstances leading to these Chapter 11 Cases are set forth in the *Declaration of Stephen Ehrlich, Chief Executive Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 15].

7.    On August 4, 2022, the Court entered the Interim Compensation Order.

8.    On April 10, 2023, the Court, by entering the Fee Examiner Order, (a) modified the Interim Compensation Order in part and (b) appointed Lori Lapin Jones, Esq., to serve as the independent fee examiner in these Chapter 11 Cases (the "Fee Examiner").

**B.    The Liquidation of Three Arrows Capital Ltd.**

9.    On June 27, 2022, the High Court of Justice in the British Virgin Islands, Commercial Division (the "BVI Court") heard (i) an application filed by Three Arrows Capital Ltd. ("3AC") for the appointment of joint liquidators in respect of itself, 3AC, and (ii) an application filed by a creditor of 3AC, DRB Panama Inc, to appoint joint provisional liquidators and thereafter liquidators in respect of 3AC. After the hearings, the BVI Court entered an order appointing Russell Crumpler and Christopher Farmer of Teneo (BVI) Limited as joint liquidators of 3AC (the "3AC Liquidation").

10.     The Debtors are one of 3AC's largest creditors and are a member of the Creditors'

Committee in the 3AC Liquidation. In these Chapter 11 Cases, creditor recoveries can be

materially affected by the outcome of the 3AC Liquidation. Accordingly, the Committee

determined that it was appropriate to employ and retain BVI Counsel.

**C.      Retention of Harneys as BVI Counsel to the Committee**

11.     On November 1, 2022, the Committee filed its *Application for Order Authorizing*

*the Employment and Retention of Harney Westwood & Riegels LP as BVI Counsel to the Official*

*Committee of Unsecured Creditors of Voyager Digital Holdings, Inc., et al., Effective as of July*

*31, 2022* [Docket No. 608].

12.     On November 15, 2022, the Court entered the *Order Authorizing the Employment*

*and Retention of Harney Westwood & Riegels LP as BVI Counsel to the Official Committee of*

*Unsecured Creditors of Voyager Digital Holdings, Inc., et al., Effective as of July 31, 2022*

[Docket No. 642] (the "Retention Order"), pursuant to which the Court authorized (a) the

employment and retention of Harneys to serve as the Committee's BVI counsel, (b) the

compensation of Harneys on an hourly basis, and (c) the reimbursement of Harneys for actual

and necessary expenses.

13.     On December 20, 2022, Harneys filed the *First Interim Application of Harney*

*Westwood & Riegels LP for Compensation for Services and Reimbursement of Expenses as BVI*

*Counsel to the Official Committee of Unsecured Creditors for the Period from July 31, 2022*

*Through October 31, 2022* [Docket No. 771] (the "First Interim Fee Application"), pursuant to

which Harneys requested the allowance of $8,223.00 of interim compensation for professional

services rendered.

## **SUMMARY OF PROFESSIONAL COMPENSATION REQUESTED**

14.    This Fee Application has been prepared in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the UST Guidelines, the Local Guidelines, and the Interim Compensation Order.

15.    By this Fee Application, Harneys requests the allowance of $36,750.00 of compensation for professional services rendered during the Third Interim Fee Period, during which Harneys' professionals and paraprofessionals spent a total of approximately 55.20 hours rendering professional services to the Committee.

16.    On February 18, 2023, the Court entered the *Order Granting First Interim Applications for Allowance of Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred* [Docket No. 1013], pursuant to which (a) all $8,223.00 of the interim compensation that Harneys' requested in the First Interim Fee Application was allowed and (b) $6,578.40, or 80%, of the allowed interim compensation was remitted to Harneys.

17.    On April 14, 2023, Harneys filed the *Second Interim Application of Harney Westwood & Riegels LP for Compensation for Services and Reimbursement of Expenses as BVI Counsel to the Official Committee of Unsecured Creditors for the Period from July 31, 2022 Through October 31, 2022* [Docket No. 1298] (the "Second Interim Fee Application"), pursuant to which Harneys requested the allowance of $24,515.00 of interim compensation for professional services rendered.

18.    In accordance with the Interim Compensation Order, Harneys filed and served on the Application Recipients, as identified in the Interim Compensation Order, the First Interim Fee Application, which is described together with this Fee Application in Table 1:

**Table 1**

| Date Filed Docket No. | Period Covered | Fees Requested (100% of Fees) | Fees Due (80% of Fees) | Holdback (20% of Fees) | Expenses Requested (100% of Expenses) | Amounts Paid to Date | Remaining Unpaid Amount |
|---|---|---|---|---|---|---|---|
| **FIRST INTERIM** Docket No. 771 | 7/31/2022 - 10/31/2022 | $8,223.00 | $6,578.40 | $1,644.60 | $0.00 | $6,578.40 | $1,644.60 |
| **SECOND INTERIM** Docket No. 1298 | 11/1/2022 - 2/28/2023 | $24,515.00 | $20,096.00 | $4,903.00 | $0.00 | $0.00 | $24,515.00 |
| **THIRD INTERIM** | 3/1/2023- 5/18/2023 | $36,750.00 | $29,400.00 | $7,350 | $0.00 | $0.00 | $36,750.00 |
| **GRAND TOTAL** | 7/31/2022 - 2/28/2023 | $69,488.00 | $55,590.40 | $13,897.60 | $0.00 | $6,578.40 | $62,909.60 |

19.     The fees charged by Harneys in these Chapter 11 Cases are billed in accordance with its existing billing rates and procedures in effect during the Fee Period. The rates Harneys charges for the services rendered by its professionals and paraprofessionals in these Chapter 11 Cases are the same rates that Harneys charges for services rendered by its professionals and paraprofessionals in comparable non-bankruptcy related matters. Such fees are reasonable in light of the fees that are customarily charged by comparably skilled practitioners in comparable non-bankruptcy cases in the competitive international market for legal services. Harneys' hourly rates are described in general terms in Table 2:

**Table 2**

| Professionals and Paraprofessionals | 2022 Chapter 11 Cases | 2022 Non-Bankruptcy Matters | 2023 Chapter 11 Cases | 2023 Non-Bankruptcy Matters |
|---|---|---|---|---|
| **Partners** | $925.00 | Up to $1,050.00 | $1,000.00 | Up to $1,490.00 |
| **Associates and Counsel** | $650.00 | $400.00 to $800.00 | $550 to $650.00 | $450.00 to $950.00 |
| **Paralegals** | - | $150.00 to $275.00 | - | $150.00 to $275.00 |

20.     All services for which Harneys requests compensation were performed for or on behalf of the Committee. Harneys has received no payment and no promises of payment from any source other than the Debtors' estates for services rendered or to be rendered in any capacity

6

whatsoever in connection with the matters covered by this Fee Application. There is no agreement or understanding between Harneys and any other person other than the affiliates and attorneys of Harneys for the sharing of compensation received or to be received for services rendered in these Chapter 11 Cases. Harneys has not received a retainer in these Chapter 11 Cases.

21.     Harneys has classified all services rendered for which compensation is requested in this Fee Application into one of several major categories. Harneys tried to classify those services into the category to which they best relate. Because certain of those services may relate to more than one of the categories, however, services relating to one category may in fact be included in another category.

22.     This Fee Application summarizes the services rendered by Harneys for or on behalf of the Committee during the Fee Period. While it is not possible or practical to describe every activity undertaken by Harneys, Harneys has maintained contemporaneous time records that include a detailed chronology of the daily activities performed, descriptions of the precise nature of those activities, the specific tasks performed, and the time expended by each professional or paraprofessional. A breakdown of the hours and fees by professional and paraprofessional is attached hereto as **Exhibit B**. A breakdown of the hours and fees by task code is attached hereto as **Exhibit C**. A detailed copy of the time records for the Fee Period is attached hereto as **Exhibit D**. Harneys provided the Committee professionals with a prospective budget and staffing plan for the Third Interim Fee Period, which is compared to the compensation that Harneys is requesting in the Fee Application in **Exhibit E** hereto.

## SUMMARY OF SERVICES PERFORMED BY
## HARNEYS DURING THE FEE PERIOD

23.　　These Chapter 11 Cases have presented numerous large and complex issues that had to be addressed to preserve the Debtors' estates and maximize value for the benefit of unsecured creditors. The Retention Order authorized Harneys to assist the Committee with navigating those issues by rendering legal services in connection with the 3AC Liquidation and other litigation in the British Virgin Islands.

24.　　The primary services rendered by Harneys include, but are not limited to, the categories set forth below. The Fee Application and project billing format is generally consistent, or substantially conforms, with and is inclusive of all of the concepts in Exhibit A to the Local Guidelines and includes additional detail, information, and categories.

    **A.  Harneys Billing Code: B170 – Fee Applications**
      **Fees: $13,810.00**
      **Hours Billed: 19.60**

25.　　This category relates to time spent by Harneys' lawyers in preparing retention applications and related declarations. This category also includes time spent by Harneys' lawyers providing services related to fee applications. Harneys' attorneys spent time preparing and reviewing the First Interim Fee Application, Second Interim Fee Application, and this Fee Application, and collating associated fee notes and communicating with McDermott Will & Emery LLP, counsel to the Committee, regarding the same.

    **B.  Harneys Billing Code: B470 – Foreign Proceedings**
      **Fees: $22,940.00**
      **Hours Billed: 35.60**

26.　　Time billed to this category relates to advice provided to the Committee regarding foreign litigation pending against the Debtors and foreign assets and claims of the Debtors. During the Fee Period, time billed to this category relates to time spent by Harneys professionals

8

and paraprofessionals providing services related to reviewing, monitoring, and discussing

pending foreign matters related to 3AC and ongoing class-action litigation against the Debtors.

## <u>STATEMENT PURSUANT TO APPENDIX B GUIDELINES</u>

27.     The following is provided in response to the request for additional information set

forth in Section C.5 of the UST Guidelines:

**Question**:     Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.

**Response**:     Yes, Harneys agreed to waive its ordinary outlays and expenses charge usually applicable and applied at a rate of four and half per cent of professional fees incurred. Harneys has also applied a reduction to the standard hourly rates for the attorneys advising on this matter.

**Question**:     If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

**Response**:     Not applicable.

**Question**:     Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

**Response**:     No.

**Question**:     Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.). If so, please quantify by hours and fees.

**Response**:     No.

**Question**:     Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

**Response**:     No.

**Question**:    If the fee application includes any rate increases since retention: i. Did your client review and approve those rate increases in advance? ii. Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11–458?

**Response**:    Yes, the Committee approved the rate increases in advance and agreed to accept future rate increases at the time of retention.

## <u>BASIS FOR RELIEF</u>

28.    Bankruptcy Code section 331 provides for the allowance of interim compensation for services rendered and reimbursement of expenses in bankruptcy cases:

> Any professional person . . . may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered . . . as is provided under section 330 of this title.

11 U.S.C. § 331.

29.    Bankruptcy Code section 330(a)(1) provides that a court may award a professional employed under Bankruptcy Code section 327 "reasonable compensation for actual necessary services rendered and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330(a)(3) sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded a[] . . . professional person, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (a)    the time spent on such services;
>
> (b)    the rates charged for such services;
>
> (c)    whether the services were necessary to the administration of, or beneficial at the time at which

10

the service was rendered toward the completion of, a case under this title;

(d)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(e)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(f)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3). The clear Congressional intent and policy expressed by the statute is to provide for adequate compensation to professionals in order to continue to attract qualified and competent bankruptcy practitioners to bankruptcy cases. *See In re Drexel Burnham Lambert Group, Inc*., 133 B.R. 13, 20 (Bankr. S.D.N.Y. 1991) ("Congress' objective on requiring that the market, not the Court, establish lawyers' rates was to ensure that bankruptcy cases were staffed by appropriate legal specialists."); *In re Busy Beaver Bldg. Ctrs., Inc*., 19 F.3d 833, 850 (3d Cir. 1994) ("Congress rather clearly intended to provide sufficient economic incentive to lure competent bankruptcy specialists to practice in the bankruptcy courts.").

30.     In assessing the "reasonableness" of the fees requested, courts have looked to a number of factors, including those first enumerated by the Fifth Circuit in *In re First Colonial Corp. of America*, 544 F.2d 1291, 1298–99 (5th Cir. 1977), and thereafter adopted by most courts. *See In re Nine Assocs., Inc*., 76 B.R. 943, 945 (S.D.N.Y. 1987) (adopting *First Colonial/Johnson* analysis); *In re Cuisine Magazine, Inc*., 61 B.R. 210, 212–13 (Bankr. S.D.N.Y 986) (same). Among other things, such factors include: (i) the time and labor required; (ii) the novelty and difficulty of the legal questions involved; (iii) the skill requisite to perform the legal

11

services properly; (iv) the preclusion of other employment by applicant due to acceptance of the

case; (v) the customary fees for matters of this type; (vi) the amounts involved; and (vii) the

experience, reputation, and ability of the lawyers. Harneys respectfully submits that application

of such factors and others supports allowance of the compensation requested by Harneys:

a. **Time and Labor Required**: Harneys billed a total of $36,750 and 55.20 hours, respectively, of professional and paraprofessional services during the Fee Period. As evidenced by this Fee Application, Harneys professionals and paraprofessionals worked diligently and efficiently without unnecessary duplication of efforts throughout the Fee Period. Whenever possible, Harneys sought to minimize the costs of Harneys' services to the Debtors' estates by utilizing talented junior attorneys to handle the more routine aspects of the assignments. The services were performed in an effective and efficient manner commensurate with the complexity, exigency, and importance of the issues involved. Harneys submits that the hours spent were reasonable given the size and complexity of the Chapter 11 Cases, the significant, and often urgent, legal and business issues raised, and the numerous pleadings filed in the Chapter 11 Cases and the insolvency proceedings in the British Virgin Islands.

b. **Novelty and Difficulty of the Legal Questions Involved**: Harneys tasked knowledgeable lawyers to research, analyze, and advise the Committee on difficult and complex issues during the Fee Period, including issues related to the insolvency law of the British Virgin Islands.

c. **Skill Requisite to Perform the Legal Services Properly**: Harneys believes that its recognized expertise in the areas of financial restructuring and corporate reorganization, as well as cryptocurrency, and its ability to draw from highly experienced professionals in other areas of Harneys' practice has contributed to the effective and efficient administration of the Chapter 11 Cases and benefited the Committee, the Debtors, their estates, and their unsecured creditors. Due to the nature and complexity of the legal issues presented by the Chapter 11 Cases and the insolvency proceedings in the British Virgin Islands, Harneys was required to exhibit a high degree of legal skill in areas related to, among others, bankruptcy, cryptocurrency, litigation, tax, and mergers & acquisitions. Additionally, Harneys' strong working relationship with the legal and financial advisors to other parties in interest enabled Harneys to work with such advisors towards a swift, consensual resolution of some of the salient issues in the Chapter 11 Cases.

d. **Preclusion of Other Employment by Applicant Due to Acceptance of the Case**: Due to the size of Harneys' restructuring and litigation departments, Harneys' representation of the Committee did not preclude its acceptance of new clients, but the demands for immediate and substantive action in the Chapter 11 Cases imposed

significant burdens on Harneys' professionals and paraprofessionals working concurrently on other matters.

e.    **Customary Fees for Matters of this Type**: The fees charged by Harneys in the Chapter 11 Cases are billed in accordance with its existing billing rates and procedures in effect during the Fee Period. The rates Harneys charges for the services rendered by its professionals and paraprofessionals in the Chapter 11 Cases are comparable to the rates Harneys charges for professional and paraprofessional services rendered in comparable nonbankruptcy related matters. Moreover, when Harneys' restructuring professionals and paraprofessionals work on nonbankruptcy matters, the firm generally charges their standard rate. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable nonbankruptcy cases in a competitive international market for legal services. In addition, the firm's customary hourly rates and rate structure reflect that restructuring and related matters typically involve great complexity, numerous tasks requiring a high level of expertise, and severe time pressures, as is the case here.

f.    **Whether the Fee is Fixed or Contingent**: Harneys' fee is neither fixed nor contingent.

g.    **Time Limitations Imposed by the Client or Other Circumstances**: During the Fee Period, Harneys was required to analyze and address certain issues arising in the Chapter 11 Cases under compressed timelines. For example, Harneys and the Committee's other advisors were faced with limited time in which to evaluate the Debtors' approach to these unprecedented Chapter 11 Cases, including the need to evaluate the pending 3AC Liquidation. The tremendous efforts of Harneys' professionals and paraprofessionals in completing this work permitted the Committee to address effectively various issues for the benefit of the Debtors' unsecured creditors.

h.    **Amounts Involved and Results Obtained**: Harneys' professionals and paraprofessionals worked diligently to maximize value for the Debtors' estates and creditors and was directly necessary to monitor the 3AC Liquidation in which the Debtors are one of the largest creditors.

i.    **Undesirability of the Cases**: This factor is not applicable to the Chapter 11 Cases.

j.    **The Experience, Reputation, and Ability of the Lawyers**: Harneys is an international law firm that is consistently recognized as a top tier law firm in the field of creditors' rights, business restructuring, and cryptocurrency. During the = Fee Period, Harneys solicited the skill and expertise of its professionals and paraprofessionals. Harneys' extensive experience enables the Firm to perform the services described herein competently and expeditiously.

13

k.  **Nature and Length of Professional Relationship**: Harneys has been rendering professional services to the Committee since the Firm was selected as BVI counsel to the Committee on July 31, 2022.

31.  For the foregoing reasons, Harneys respectfully submits that the services rendered by Harneys were actual, necessary, beneficial to the Committee, and performed in a timely manner. The compensation requested during the Fee Period is reasonable in light of the nature, extent, and value of the professional services performed during the Chapter 11 Cases. Accordingly, Harneys respectfully requests that the Court approve the interim compensation for professional services requested in this Fee Application for the Third Interim Period and approve on a final basis the compensation for professional services for the Fee Period.

## NO PRIOR REQUEST

32.  Except as otherwise stated herein, no prior application or other request for the relief requested herein has been made to this Court or any other court.

## NOTICE

33.  As required by the Interim Compensation Order and the Fee Examiner Order, notice of this Fee Application has been served on: (a) Voyager Digital Holdings, Inc., 33 Irving Place, Suite 3060, New York, New York 10003, Attn.: David Brosgol and Brian Nistler; (b) counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Joshua A. Sussberg, P.C. (jsussberg@kirkland.com), Christopher Marcus, P.C. (cmarcus@kirkland.com), Christine A. Okike, P.C. (christine.okike@kirkland.com), and Allyson B. Smith (allyson.smith@kirkland.com); (c) United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn.: Richard Morrissey (richard.morrissey@usdoj.gov) and Mark Bruh (mark.bruh@usdoj.gov); and (d) Lori Lapin Jones, Esq., in her capacity as the Fee Examiner, Lori Lapin Jones PLLC, 98 Cutter Mill Road,

14

Suite 255, South Great Neck, New York 11021, ljones@jonespllc.com. A copy of this Fee

Application is also available on the website of the Plan Administrator for the *Third Amended*

*Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of*

*the Bankruptcy Code* [Docket No. 1166-1] at https://cases.stretto.com/Voyager. The Committee

submits that, in light of the nature of the relief requested, no other or further notice need be

served or otherwise given.

### CONCLUSION

WHEREFORE, Harneys respectfully requests that this Court enter an order permitting

the (a) the allowance of (i) $36,750.00 of compensation for professional services rendered during

the Third Interim Fee Period and (ii) $0.00 of reimbursement for expenses incurred during the

Third Interim Fee Period and (b) allowance and approval on a final basis of compensation in the

amount of $69,488.00 and reimbursement of actual and necessary expenses in the amount of

$0.00, incurred during the Fee Period, and (c) granting any other relief that this Court deems

necessary and appropriate.

Dated: July 3, 2023                                 **HARNEY WESTWOOD & RIEGELS LLP**

                                                    */s/* Christopher Pease
                                                    Christopher Pease, Partner
                                                    P.O. Box 71
                                                    Road Town, Tortola VG1110
                                                    British Virgin Islands
                                                    Telephone: (284) 494-2233
                                                    E-mail: christopher.pease@harneys.com

## **EXHIBIT A**

**Pease Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**CERTIFICATION OF CHRISTOPHER PEASE IN SUPPORT OF**
**THE THIRD INTERIM AND FINAL FEE APPLICATION OF HARNEY**
**WESTWOOD & RIEGELS LP, BVI COUNSEL TO THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS, FOR THE THIRD INTERIM**
**FEE PERIOD FROM MARCH 1, 2023 THROUGH MAY 18, 2023 AND THE**
**FEE PERIOD FROM JULY 31, 2022 THROUGH MAY 18, 2023**

I, Christopher Pease, certify as follows:

1.      I am a Partner employed in the Dispute Resolution department of Harney

Westwood & Riegels LP ("Harneys"), an international law firm with an office at Craigmuir

Chambers, Road Town, Tortola, British Virgin Islands, BVI counsel to the Official Committee

of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter 11 cases

(the "Chapter 11 Cases") of Voyager Digital Holdings, Inc. and its affiliated debtors

(collectively, the "Debtors").

2.      Harneys submits the *Third Interim and Final Fee Application of Harney*

*Westwood & Riegels LP, BVI Counsel to the Official Committee of Unsecured Creditors, for the*

*Third Interim Fee Period from March 1, 2023 through May 18, 2023 and the Fee Period from*

---

[1]     The Wind-Down Debtors in these chapter 11 cases, along with the last four digits of each Wind-Down Debtor's
federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and
Voyager Digital, LLC (8013). The service address for purposes of these chapter 11 cases is 27777 Franklin,
Suite 2500, Southfield, MI 48034.

*July 31, 2022 Through May 28, 2023* (the "Fee Application")[2] in accordance with sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases* (the "UST Guidelines"), the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases* (the "Local Guidelines"), the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Docket No. 236] (the "Interim Compensation Order"), and the *Order Appointing Independent Fee Examiner and Establishing Related Procedures for the Review of Fee Applications of Retained Professionals* [Docket No. 1277] (the "Fee Examiner Order").

3.      I am the professional designated by Harneys with the responsibility for Harneys' compliance with the UST Guidelines, the Local Guidelines, the Interim Compensation Order, and the Fee Examiner Order in these Chapter 11 Cases.

4.      This certification is made in connection with the Fee Application, which requests the allowance of interim compensation for professional services rendered and expenses incurred during the period from March 1, 2023 through May 18, 2023 (the "Third Interim Fee Period") and the final allowance of compensation for professional services rendered and expenses incurred during the period from July 29, 2022 through May 18, 2023 (the "Fee Period").

5.      I have read the Fee Application.

---

[2]    Capitalized terms that are used but not defined in this Summary have the meanings that are given to those terms in the Fee Application.

6.      To the best of my knowledge, information, and belief formed after reasonable inquiry, the compensation and reimbursement requested fall within the Local Guidelines, except as specifically noted in this certification and described in the Fee Application.

7.      Except to the extent that compensation or reimbursement is prohibited by the Local Guidelines, the compensation and reimbursement requested are billed at rates and in accordance with practices customarily employed by Harneys and generally accepted by Harneys' clients.

8.      In providing a reimbursable service, Harneys does not make a profit on the service, whether the service is rendered by Harneys in-house or through a third party.

9.      The U.S. Trustee, the Debtors, the Committee, and, after her appointment on April 10, 2023, Lori Lapin Jones, Esq., in her capacity as the independent fee examiner in these Chapter 11 Cases (the "Fee Examiner"), were provided with monthly statements of fees and expenses during the Fee Period; however, those statements were not filed with the Court.

10.     The U.S. Trustee, the Debtors, the Committee, and the Fee Examiner will, concurrently with this certification's filing, be provided with a copy of the Fee Application at least 14 days before the deadline to object to it.

11.     The following is provided in response to the request for additional information set forth in section C.5. of the UST Guidelines:

**Question**:      Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.

**Response**:      Yes, Harneys agreed to waive its ordinary outlays and expenses charge usually applicable and applied at a rate of four and half percent of professional fees incurred. Harneys has also applied a reduction to the standard hourly rates for the attorneys advising on this matter.

3

**Question**:    If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

**Response**:    Not applicable.

**Question**:    Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

**Response**:    No.

**Question**:    Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.). If so, please quantify by hours and fees.

**Response**:    No.

**Question**:    Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

**Response**:    No.

**Question**:    If the fee application includes any rate increases since retention: i. Did your client review and approve those rate increases in advance? ii. Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11–458?

**Response**:    Yes, the Committee approved the rate increases in advance and agreed to accept future rate increases at the time of retention.

12.    Harneys provided the Committee professionals with a prospective budget and staffing plan for the Third Interim Fee Period, which is compared to the compensation that Harneys is requesting in the Fee Application in Exhibit E thereto.

I certify under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Dated:  July 3, 2023

/s/ Christopher Pease
Christopher Pease

# **EXHIBIT B**

**Timekeeper Summary**

| Name of Professional Person | Position, Year Admitted, and Area of Expertise | 2022 Hourly Billing Rate | 2023 Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| **Partners & Counsel** | | | | | |
| Christopher Pease | Partner; Admitted in England in 2009, BVI 2017; Litigation, Insolvency and Restructuring | $925.00 | $1,000.00 | 13.60 | $11,600.00 |
| **Associates** | | | | | |
| Gabriel Adedeji | Senior Associate; Admitted in England 2012, BVI 2023; Litigation, Insolvency and Restructuring | $650.00 | $650.00 | 26.60 | $16,900.00 |
| Micah Hall | Associate; Admitted in England 2021, BVI 2023; Litigation, Insolvency and Restructuring | $550 | $550 | 15.00 | $8,250.00 |

## **EXHIBIT C**

**Summary of Fees by Task Code**

| Matter Number | Matter Category Description | Total Hours | Total Fees |
|:---:|:---:|:---:|:---:|
| B160 | Employment Applications | 19.60 | $13,810.00 |
| B470 | Foreign Proceedings | 35.60 | $22,940.00 |
| **TOTALS** | | **55.20** | **$36,750.00** |

# EXHIBIT D

**Time Record**



**TIME DETAIL**

| | | | | |
|---|---|---|---|---|
| Matter: | **Advising regarding Three Arrows Capital** | | Invoice Date: | **9 May 2023** |
| Our Reference: | **CJP/059084.0001** | | Invoice Number: | **1422172** |

| Date | Timekeeper | Narrative | Hours | Amount USD |
|---|---|---|---|---|
| 14/03/2023 | AGA | Emailing Berkley Research Group re fee enquiries | 0.20 | 130.00 |
| 14/03/2023 | CJP | Catch up with AGA re status of matter and developments (.1); discussion re enquiries from BRG and responding to same (.1). | 0.20 | 200.00 |
| 17/03/2023 | CJP | Emails with MWE re developments and instruction by plan administrator to wind down debtor (.5); LoE (.5) for same; review (.6) updates re Binance. | 1.60 | 0.00 |
| 17/03/2023 | AGA | Reviewing online updates re Voyager deal; sending same to matter partner CJP | 0.60 | 390.00 |
| 17/03/2023 | AGA | Reviewing (.1) emails from MWE re updates from Joint Liquidator's counsel and setting (.1) up a meeting in respect of same. | 0.20 | 130.00 |
| 17/03/2023 | AGA | Reviewing (.4) and amending (.4) engagement letter for plan administrator. | 0.80 | 520.00 |
| 20/03/2023 | AGA | Reviewing Third Amended Joint Plan of Voyager Digital Holdings, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code, Plan Administrator Agreement, and, Asset Purchase Agreement as defined within Third Amended Joint Plan of Voyager Digital (1.4); collating documents and information relevant to Voyager claims to 3AC and status of claims if plan given effect (.6). | 2.00 | 1,300.00 |
| 20/03/2023 | CJP | Reviewing documents relating to Voyager amended plan and wind down trust arrangements (1.1); reviewing developments in relation to Voyager Chapter 11 case and 3AC liquidation (.7); liaising with AGA re preparation for call with MWE (.2). | 2.00 | 2,000.00 |
| 21/03/2023 | AGA | Considering (.1) and drafting (.3) response to BRG | 0.40 | 260.00 |
| 21/03/2023 | AGA | Conference with MWE | 0.60 | 390.00 |
| 21/03/2023 | AGA | Preparing for conference with MWE | 0.80 | 0.00 |
| 21/03/2023 | AGA | Drafting (.3) and circulating (.1) actions points after conference with MWE | 0.40 | 260.00 |
| 21/03/2023 | AGA | Considering powers of creditor's committee to remove liquidators / change liquidation process into alternative process (.3); Drafting note in respect of same (.7). | 1.00 | 650.00 |
| 21/03/2023 | CJP | Reviewing documents and updates regarding 3AC liquidation (1.3); discussions with AGA re advice previously given and issues arising out of intended plan (.4); preparing for call with MWE and attending call to discuss latest developments (.5); liaising with AGA re analysis of same (.4). | 2.60 | 2,600.00 |
| 22/03/2023 | AGA | Considering issue of delegation of liquidator's powers. | 0.80 | 520.00 |
| 22/03/2023 | AGA | Considering BVI authorities and developments regarding issues likely to arise upon Plan taking effect (.6); preparing memo on same (.6). | 1.20 | 780.00 |
| 22/03/2023 | AGA | Liasing with Grayson Williams at MWE via telephone re Harneys Updated Budget figures for providing to Kirkland (.3); Liaising with legal support for provision of same (.2); Circulating figure to MWE (.1). | 0.60 | 390.00 |
| 22/03/2023 | CJP | Considering AGA note re potential actions in 3AC liquidation and rights of creditors (.3); comments and queries on same (.3). | 0.60 | 600.00 |
| 23/03/2023 | AGA | Liasing with Grayson Williams at MWE re Harneys Updated Budget figures (.3); Circulating figure to MWE in respect of same (.1). | 0.40 | 260.00 |
| 23/03/2023 | CJP | Liaising with AGA re analysis and issues to consider. | 0.40 | 400.00 |

**HARNEYS**

| Date | Timekeeper | Narrative | Hours | Amount USD |
|------|-----------|-----------|-------|------------|
| 23/03/2023 | MJH | Legal analysis re claw back claims and powers of creditors in relation to same. | 2.00 | 1,100.00 |
| 27/03/2023 | MJH | Considering derivative actions in context of insolvency and legal analysis re same. | 0.20 | 110.00 |
| 27/03/2023 | CJP | Reviewing updated AGA note re creditor rights (.1); additional comments on same (.1). | 0.20 | 200.00 |
| 27/03/2023 | AGA | Amending memo re creditor rights. | 0.40 | 260.00 |
| 28/03/2023 | CJP | Call with other creditor to discuss issues relating to 3AC liquidation (.4); preparing for call (.4). | 0.80 | 800.00 |
| 29/03/2023 | CJP | Updating AGA re call with creditor; reviewing further updates re plan in US and 3AC status. | 0.40 | 400.00 |
| 30/03/2023 | CJP | Reviewing latest news and developments re Voyager and 3AC. | 0.20 | 200.00 |
| 31/03/2023 | AGA | Reviewing news relating to Voyager Chapter 11 proceedings and 3AC liquidation (.4); updating team re developments (.2). | 0.60 | 390.00 |
| **Total: Fees** | | | | **15,240.00** |

# HARNEYS

**TIME CHARGE SUMMARY**

| | | | |
|---|---|---|---|
| Matter: | **Advising regarding Three Arrows Capital** | Invoice Date: | **9 May 2023** |
| Our Reference: | **CJP/059084.0001** | Invoice Number: | **1422172** |

| Timekeeper | Initials | Rate | Hours | Amount USD |
|---|---|---|---|---|
| Christopher Pease | CJP | 1,000.00 | 7.40 | 7,400.00 |
| Gabriel Adedeji | AGA | 650.00 | 10.20 | 6,630.00 |
| Micah Hall | MJH | 550.00 | 2.20 | 1,210.00 |
| **Total: Fees** | | | **19.80** | **15,240.00** |

# HARNEYS

**TIME DETAIL**

| Matter: | **Advising regarding Three Arrows Capital** | Invoice Date: | **10 May 2023** |
|---|---|---|---|
| Our Reference: | **CJP/059084.0001** | Invoice Number: | **1422213** |

| Task | Date | Timekeeper | Description | Hours | USD |
|---|---|---|---|---|---|
| B170 | 02/04/2023 | CJP | Emails with Grayson Williams re 2nd fee app. | 0.20 | 200.00 |
| B170 | 03/04/2023 | CJP | Discussion with AGA re outstanding tasks and remuneration application. | 0.20 | 200.00 |
| B170 | 03/04/2023 | AGA | Reviewing invoices to compile March - May fee estimate re BRG request (.3); Providing same to BRG (.1). | 0.40 | 260.00 |
| B170 | 05/04/2023 | AGA | Drafting Second Interim Fee App | 2.20 | 1,430.00 |
| B170 | 05/04/2023 | CJP | Emails with MWE re timing of fee application. | 0.20 | 200.00 |
| B170 | 05/04/2023 | CJP | Reviewing (.1) draft report and discussion (.1) with AGA re same. | 0.20 | 200.00 |
| B170 | 05/04/2023 | CJP | Reviewing fee application documents and declaration (.8); revising same and comments (.5); instructions to AGA to consult invoices and update and circulate to MWE (.1). | 1.40 | 1,400.00 |
| B170 | 06/04/2023 | CJP | Discussions with AGA re comments on draft fee application and declaration (.2); instructions to update and send to MWE (.1); further discussions with AGA (.1). | 0.40 | 400.00 |
| B170 | 06/04/2023 | AGA | Amending draft of Second Interim Fee App following CJP review | 1.00 | 650.00 |
| B170 | 06/04/2023 | AGA | Call from Grayson Williams at MWE re amendments to Second Interim Fee App | 0.40 | 260.00 |
| B170 | 10/04/2023 | AGA | Call from Grayson Williams at MWE re payments of Harneys fees | 0.40 | 260.00 |
| B170 | 11/04/2023 | AGA | Reviewing (.1) and responding (.1) to BRG's email re payment details | 0.20 | 130.00 |
| B170 | 13/04/2023 | AGA | Reviewing (.7) amended remuneration application following receipt from MWE; Liaising (.3) with fees team re amendments to invoices as requested by MWE | 1.00 | 650.00 |
| B170 | 14/04/2023 | AGA | Reviewing further amended remuneration application against redline version following AGA amendments and further review by MWE (.5); Reviewing amended invoices (.2); sending same to MWE (.1). | 0.80 | 520.00 |
| B170 | 14/04/2023 | AGA | Liaising with MWE re amended invoices | 0.20 | 130.00 |
| B170 | 17/04/2023 | CJP | Discussion with AGA re latest remuneration application and follow up items (.2); reviewing amendments to application documents (.2). | 0.40 | 400.00 |
| B170 | 19/04/2023 | AGA | Reviewing email from Michael Newsom re provision of Second fee app. | 0.20 | 130.00 |
| B170 | 19/04/2023 | AGA | Call with Nicholas Adzima of Kirkland & Ellis re estimates requested prior to Friday's closing. | 0.20 | 130.00 |
| B170 | 19/04/2023 | AGA | Liaising with MWE for final version of Fee app as filed for providing to the Independent Fee Examiner | 0.20 | 130.00 |
| B170 | 19/04/2023 | AGA | Circulating fee app, as filed, to Michael Newsom | 0.20 | 130.00 |
| B170 | 19/04/2023 | CJP | Various emails with National CRS, K&E and MWE re fee applications and requests for estimates. | 0.20 | 200.00 |
| B170 | 20/04/2023 | AGA | Collating figure for and sending estimate for unpaid and WIP to Nick Adzima at Kirkland & Ellis | 0.20 | 130.00 |
| B170 | 20/04/2023 | AGA | Further telephone call from Mike Newsom resolving changes to LEDES data | 0.20 | 130.00 |
| B170 | 25/04/2023 | AGA | Liaising with MWE re updated budget for Amended Plan | 0.20 | 130.00 |
| B170 | 25/04/2023 | CJP | Reviewing emails and liaising with AGA re request for estimates and invoices for next remuneration application period. | 0.20 | 200.00 |
| B170 | 26/04/2023 | AGA | Liaising with MWE re updated budget for Amended Plan | 0.20 | 130.00 |
| B170 | 27/04/2023 | AGA | Reviewing reissued March Invoice | 0.40 | 260.00 |
| | | | | **12.00** | **8,990.00** |

**HARNEYS**

| Task | Date | Timekeeper | Description | Hours | USD |
|------|------|-----------|-------------|-------|-----|
| B470 | 03/04/2023 | MJH | Considering and analyzing law and availability of derivative actions. | 0.80 | 440.00 |
| B470 | 04/04/2023 | MJH | Further consideration of law re derivative claims. | 0.40 | 220.00 |
| B470 | 04/04/2023 | MJH | Reviewing news relating to Voyager Chapter 11 proceedings and 3AC liquidation (.3); updating team re developments (.1). | 0.40 | 220.00 |
| B470 | 05/04/2023 | MJH | Consider (.3) standing in derivative claims in chapter 11 bankruptcy vs BVI and review (.3) precedents for the purpose of offering advice on strategy for derivative claims. | 0.60 | 330.00 |
| B470 | 06/04/2023 | MJH | Reviewing news relating to Voyager Chapter 11 proceedings and 3AC liquidation (.3); updating team re developments (.1). | 0.40 | 220.00 |
| B470 | 11/04/2023 | MJH | Reviewing news relating to Voyager Chapter 11 proceedings and 3AC liquidation (.3); updating team re developments (.1). | 0.40 | 220.00 |
| B470 | 12/04/2023 | MJH | Reviewing news relating to Voyager Chapter 11 proceedings and 3AC liquidation (.3); updating team re developments (.1). | 0.40 | 220.00 |
| B470 | 13/04/2023 | MJH | Reviewing news relating to Voyager Chapter 11 proceedings and 3AC liquidation (.3); updating team re developments (.1). | 0.40 | 220.00 |
| B470 | 14/04/2023 | MJH | Reviewing news relating to Voyager Chapter 11 proceedings and 3AC liquidation (.3); updating team re developments (.1). | 0.40 | 220.00 |
| B470 | 18/04/2023 | MJH | Reviewing news relating to Voyager Chapter 11 proceedings and 3AC liquidation (.3); updating team re developments (.1). | 0.40 | 220.00 |
| B470 | 19/04/2023 | MJH | Reviewing news relating to Voyager Chapter 11 proceedings and 3AC liquidation (.3); updating team re developments (.1). | 0.40 | 220.00 |
| B470 | 19/04/2023 | CJP | Liaising (.1) with AGA re status of case and developments with plan; discussing calls re same; discussion (1.) with partner re 3AC JL's decision to use Sothebys and updating MWE re same. | 0.20 | 200.00 |
| B470 | 20/04/2023 | MJH | Reviewing news relating to Voyager Chapter 11 proceedings and 3AC liquidation (.3); updating team re developments (.1). | 0.40 | 220.00 |
| B470 | 21/04/2023 | MJH | Reviewing news relating to Voyager Chapter 11 proceedings and 3AC liquidation (.3); updating team re developments (.1). | 0.40 | 220.00 |
| B470 | 26/04/2023 | MJH | Reviewing news relating to Voyager Chapter 11 proceedings and 3AC liquidation (.3); updating team re developments (.1). | 0.40 | 220.00 |
| B470 | 27/04/2023 | AGA | Liaising with MWE re updated budget for Amended Plan | 0.20 | 130.00 |
| B470 | 28/04/2023 | CJP | Reviewing (.1) updates re plan and considering (.1) next steps in BVI. | 0.20 | 200.00 |
| B470 | 28/04/2023 | MJH | Reviewing news relating to Voyager Chapter 11 proceedings and 3AC liquidation (.3); updating team re developments (.3). | 0.60 | 330.00 |
| | | | | 7.40 | 4,270.00 |

**HARNEYS**

**TIME CHARGE SUMMARY**

| | | | | |
|---|---|---|---|---|
| Matter: | **Advising regarding Three Arrows Capital** | | Invoice Date: | **10 May 2023** |
| Our Reference: | **CJP/059084.0001** | | Invoice Number: | **1422213** |

| Timekeeper | Initials | Rate | Hours | Amount USD |
|---|---|---|---|---|
| Christopher Pease | CJP | 1,000.00 | 3.80 | 3,800.00 |
| Gabriel Adedeji | AGA | 650.00 | 8.80 | 5,720.00 |
| Micah Hall | MJH | 550.00 | 6.80 | 3,740.00 |
| **Total: Fees** | | | **19.40** | **13,260.00** |

| Task Code | Task Name | Hours | USD |
|---|---|---|---|
| B170 | Fee Applications | 12.00 | 8,990.00 |
| B470 | Foreign Proceedings | 7.40 | 4,270.00 |
| **Total: Fees** | | **19.40** | **13,260.00** |

**TIME DETAIL**

| | | | | | |
|---|---|---|---|---|---|
| Matter: | **Advising regarding Three Arrows Capital** | | | Invoice Date: | |
| Our Reference: | **CJP/059084.0001** | | | Invoice Number: | ****** |

| Task | Date | Timekeeper | Description | Hours | USD |
|---|---|---|---|---|---|
| B170 | 01/05/2023 | AGA | Preparing file note of call with MWE | 0.40 | 260.00 |
| B170 | 01/05/2023 | AGA | Further call with Grayson Williams at MWE re fee estimate and cut-off from Chapter 11 proceedings | 0.20 | 130.00 |
| B170 | 01/05/2023 | AGA | Call with Grayson at MWE re estimated fee structure and proposed switchover date to plan administrator. | 0.40 | 260.00 |
| B170 | 01/05/2023 | AGA | Reviewing (.6) invoices and devising estimate for period 1 March to 30 June; Discussing (.2) same with CJP before sending to MWE. | 0.80 | 520.00 |
| B170 | 01/05/2023 | AGA | Responding to MWE re form of budget, further to email correspondence re same. | 0.20 | 130.00 |
| B170 | 01/05/2023 | CJP | Discussion with AGA re calls with MWE re fee estimates and scope of work anticipated going forwards. | 0.20 | 200.00 |
| B170 | 02/05/2023 | AGA | Follow up call (.2) with MWE following MWE strategy meeting, to discuss next steps; drafting call note re same (.1); updating CJP (.1). | 0.40 | 260.00 |
| B170 | 02/05/2023 | AGA | Liaising with CJP following his review of draft budget re possible amendments. | 0.20 | 130.00 |
| B170 | 02/05/2023 | AGA | Drafting extended budget following request from MWE (1.1); forwarding same to CJP for review (.1). | 1.20 | 780.00 |
| B170 | 02/05/2023 | CJP | Reviewing March and April invoices and comments on same. | 0.40 | 0.00 |
| B170 | 03/05/2023 | AGA | Liaising with CJP following his review of draft budget re possible amendments. | 0.20 | 130.00 |
| B170 | 03/05/2023 | AGA | Call from Grayson Williams of MWE re estimate | 0.20 | 130.00 |
| B170 | 04/05/2023 | AGA | Liaising with CJP following his review of draft budget re possible amendments. | 0.20 | 130.00 |
| B170 | 04/05/2023 | AGA | Amending March and April pre-bills further to CJP's review | 0.60 | 390.00 |
| B170 | 05/05/2023 | AGA | Liaising with CJP re amended budget | 0.20 | 130.00 |
| B170 | 05/05/2023 | AGA | Liaising with CJP re amended pre-bills | 0.20 | 130.00 |
| B170 | 05/05/2023 | AGA | Amending draft budget further to CJP's review | 0.40 | 260.00 |
| B170 | 09/05/2023 | AGA | Circulating amended budget to MWE | 0.20 | 130.00 |
| B170 | 12/05/2023 | AGA | Reviewing Independent Fee Examiner's Preliminary Report, received this morning from Lori Lapin Jones | 0.20 | 130.00 |
| | | | | **6.80** | **4,230.00** |

| Task | Date | Timekeeper | Description | Hours | USD |
|---|---|---|---|---|---|
| B470 | 01/05/2023 | MJH | Review (.3) media reports and docket filings and considering next steps w/r to Toggle mechanism | 0.60 | 330.00 |
| B470 | 02/05/2023 | MJH | Review docket entries (.3); provide analysis and review (.3) of news items relating to matter. | 0.60 | 330.00 |
| B470 | 03/05/2023 | MJH | Analyse (.6) and draft (.6) summary of matters related to ACH contract from docket and register/review/summarise further information about class action lawsuit by Voyager unsecured creditors. | 1.20 | 660.00 |
| B470 | 04/05/2023 | MJH | Reviewing news relating to Voyager Chapter 11 proceedings and 3AC liquidation (.2); updating team re developments (.2). | 0.40 | 220.00 |
| B470 | 05/05/2023 | MJH | Review docket entries (.4), provide analysis and review (.4) of news items relating to matter. | 0.80 | 440.00 |
| B470 | 09/05/2023 | MJH | Review docket entries (.4); provide analysis and review (.2) of news items relating to matter. | 0.60 | 330.00 |
| B470 | 10/05/2023 | MJH | Reviewing news relating to Voyager Chapter 11 proceedings and 3AC liquidation (.3); updating team re developments (.1) | 0.40 | 220.00 |
| B470 | 11/05/2023 | MJH | Review docket entries (.3); provide analysis and review (.1) of news items relating to matter. | 0.40 | 220.00 |

| Task | Date | Timekeeper | Description | Hours | USD |
|------|------|-----------|-------------|-------|-----|
| B470 | 12/05/2023 | MJH | Review docket entries (.3); provide analysis and review (.1) of news items relating to matter. | 0.40 | 220.00 |
| B470 | 15/05/2023 | MJH | Review docket entries (.3); provide analysis and review (.1) of news items relating to matter. | 0.40 | 220.00 |
| B470 | 16/05/2023 | MJH | Review docket entries (.3); provide analysis and review (.1) of news items relating to matter. | 0.60 | 330.00 |
| B470 | 16/05/2023 | AGA | Liaising (.5) with fees team re WIP and Statement of Account; calculating estimate for Nick Adzima, following request for same by Kirkland & Ellis; Sending same to K&E (.1). | 0.60 | 390.00 |
| B470 | 16/05/2023 | AGA | Call with Nick Adzima of Kirkland & Ellis re estimate requested. | 0.20 | 130.00 |
| B470 | 17/05/2023 | CJP | Updating MWE re notice issued by 3AC liquidators re town hall meeting (.1); liaising re status of plan and following up from previous calls (.1). | 0.20 | 200.00 |
| | | | | **7.40** | **4,240.00** |

**TIME CHARGE SUMMARY**

| | | | | |
|---|---|---|---|---|
| *Matter:* | ***Advising regarding Three Arrows Capital*** | | *Invoice Date:* | |
| Our Reference: | **CJP/059084.0001** | | Invoice Number: | ****** |

| Timekeeper | Initials | Rate | Hours | Amount USD |
|---|---|---|---|---|
| Christopher Pease | CJP | 1,000.00 | 0.80 | 400.00 |
| Gabriel Adedeji | AGA | 650.00 | 7.00 | 4,550.00 |
| Micah Hall | MJH | 550.00 | 6.40 | 3,520.00 |
| **Total: Fees** | | | **14.20** | **8,470.00** |

| Task Code | Task Name | Hours | USD |
|---|---|---|---|
| B170 | Fee Applications | 6.80 | 4,230.00 |
| B470 | Foreign Proceedings | 7.40 | 4,240.00 |
| **Total: Fees** | | **14.20** | **8,470.00** |

## EXHIBIT E

### Summary of Compensation Against Budgeted Hours and Fees

| Task Code | Project Category | Hours Budgeted | Fees Budgeted | Hours Billed | Fees Sought |
|---|---|---|---|---|---|
| B110 | Case Administration | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B120 | Asset Analysis & Recovery | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B130 | Asset Disposition | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B140 | Automatic Stay Issues | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B150 | Meetings/Communications w/ Creditors | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B155 | Court Hearings | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B160 | Employment Applications | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B170 | Fee Applications | 8-12 | $6,600.00-$9,900.00 | 19.60 | $13,810.00 |
| B180 | Avoidance Action Analysis | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B185 | Assumption/Rejection of Leases | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B190 | Other Contested Matters | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B195 | Non-Working Travel | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B210 | Business Operations | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B220 | Employee Issues | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B230 | Financing/Cash Collateral Issues | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B240 | Tax Issues | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B250 | Real Estate | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B260 | Board of Director Matters | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B270 | Utilities | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B280 | Vendor Matters | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B290 | Insurance | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B310 | Claims Administration and Objections | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B320 | Plan and Disclosure Statement | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B410 | Gen Bankruptcy Advice/Opinion | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B420 | Restructurings | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B430 | Special Committee Investigation | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B440 | Equity Committee | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B450 | Securities Law Issues | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B460 | General Corporate | 0-0 | $0.00-$0.00 | 0 | $0.00 |
| B470 | Foreign Proceedings | 24-32 | $19,800.00-$26,400.00 | 35.60 | $22,940.00 |
| **TOTAL** | | **32-44** | **$26,400.00-$36,300.00** | **55.20** | **$36,750.00** |