**MCDERMOTT WILL & EMERY LLP**
Darren Azman
Joseph B. Evans
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

**MCDERMOTT WILL & EMERY LLP**
Charles R. Gibbs (admitted *pro hac vice*)
Grayson Williams (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201-1664
Telephone: (214) 295-8000
Facsimile: (972) 232-3098

**MCDERMOTT WILL & EMERY LLP**
Gregg Steinman (admitted *pro hac vice*)
333 SE 2nd Avenue, Suite 4500
Miami, FL 33131-2184
Telephone: (305) 329-4473
Facsimile: (305) 503-8805
E-mail: gsteinman@mwe.com

*Counsel to the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | Case No. 22-10943 (MEW) |
| Debtors.[1] | (Jointly Administered) |

**DECLARATION OF MARK A. RENZI**
**IN SUPPORT OF THE PLAN ADMINISTRATOR'S FIRST**
**OMNIBUS OBJECTION TO CERTAIN FILED PROOFS OF CLAIM**

I, Mark A. Renzi, pursuant to 28 U.S.C. 1746, hereby declare under penalty of perjury as follows:

---

[1] The Wind-Down Debtors in these chapter 11 cases, along with the last four digits of each Wind-Down Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The service address for purposes of these chapter 11 cases is 27777 Franklin, Suite 2500, Southfield, MI 48034.

1. I submit this declaration in support of *The Plan Administrator's First Omnibus Objection to Certain Filed Proofs of Claim* [Docket 1479] (the "Objection").[2] I am a Managing Director at Berkeley Research Group, LLC ("BRG") and have served as financial advisor to Voyager Digital Holdings, Inc. and its Debtor affiliates since June 30, 2022.

2. The statements in this declaration are, except where specifically noted, based on my personal knowledge or opinion, on information that I have received from the Wind-Down Debtors' employees or advisors, or employees of BRG working directly with me or under my supervision, direction, or control, or from the Wind-Down Debtors' Books and Records maintained in the ordinary course of their business. If I were called upon to testify, I could, and would, competently testify to the facts set forth herein on that basis. I am authorized to submit this declaration on behalf of the Wind-Down Debtors.

3. In evaluating the Disputed Claims, the Debtors, with the assistance of BRG and the Debtors' other advisors, thoroughly reviewed their Books and Records and the relevant Proofs of Claim, as well as the supporting documentation provided by each Claimant, if any, and have determined that each Disputed Claim should be reduced and allowed, reclassified, or disallowed, as applicable, as set forth in the Objection. As such, I believe that the reduction and allowance, reclassification, or disallowance, as applicable, of the Disputed Claims on the terms set forth in the Objection, are consistent with the treatment set forth for each Disputed Claim on Schedule 1 and Schedule 2, Schedule 3, Schedule 4, Schedule 5, Schedule 6, Schedule 7.

I. **The Duplicative Claims**

4. After reviewing the Books and Records and the relevant Disputed Claims, the Plan Administrator, with the assistance of his advisors, has determined that the Disputed Claims listed

---

[2] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Objection.

on Schedule 1 (the "Same-Debtor Claims") and Schedule 2 (the "Cross-Debtor Claims" and, together with the Same-Debtor Claims, the "Duplicative Claims") are duplicative. The Same-Debtor Claims are duplicative because I understand that an identical claim was filed by or on behalf of the same Claimant against the same Debtor for a liability arising from identical bases. In the majority of these instances, I understand that the Claimant simply filed the same claim two or more times against the same Debtor. The Cross-Debtor Claims are duplicative because they assert the same liability arising from identical bases against multiple Debtors that can only be properly asserted against one Debtor. To ensure that the claims register is accurate and to avoid the possibility of multiple recoveries on account of the same liability, I believe that the Duplicative Claims should be disallowed and expunged in their entirety.

    **II.    The Superseded Claims**

5.    After reviewing the Books and Records and the relevant Disputed Claims, the Plan Administrator, with the assistance of his advisors, has determined that the Disputed Claims listed on Schedule 3 (the "Superseded Claims") have been amended and superseded by another proof of claim filed against the same Debtor, on account of a single liability. It is my understanding the Claimant intended that the later-filed proof of claim amend and supersede the earlier filed proof(s) of claim, and because the Wind-Down Debtor may be held liable for this single liability at most once, the Superseded Claims must be disallowed and expunged. I, therefore, believe that the Superseded Claims should be disallowed and expunged in their entirety.

    **III.    The Misstated Amount Claims**

6.    After reviewing the Books and Records and the relevant Disputed Claims, the Plan Administrator, with the assistance of his advisors, has determined that the Disputed Claims listed on Schedule 4 (the "Misstated Amount Claims") assert amounts that do not match the Books and

Records and have not been substantiated by the Claimant. For these claims, I have been informed that the asserted amounts differed materially from the amounts the Wind-Down Debtors scheduled for the individual Claimant, and that the Claimant failed to offer adequate evidence to support their stated amounts. Given the discrepancy between the Claimant's asserted amounts and the amounts supported by the Wind-Down Debtors' Books and Records, I believe that the Misstated Amount Claims should be modified to match the scheduled amounts supported by the Books and Records.

### IV. The USD Claims

7. After reviewing the Books and Records and the relevant Disputed Claims, the Plan Administrator, with the assistance of his advisors, has determined that the Disputed Claims listed on Schedule 5 (the "USD Claims") were asserted in U.S. Dollar amounts that do not match the Books and Records and, accordingly, assert amounts that are not actual liabilities of the Wind-Down Debtors. I have been informed that the Debtors' customized proof of claim form listed all cryptocurrency available on the Debtors' platform and allowed each account holder to list the amount of cryptocurrency held by the account holder. I understand that the relevant Claimants either ignored or misunderstood the instructions on the proof of claim form and may have converted their claims to U.S. Dollars as of an unspecified conversion date. The USD Claims do not match the Books and Records because the Debtors did not hold cash on behalf of account holders. I believe that the Court should enter the Proposed Order modifying the USD Claims to reflect the cryptocurrency balances that are reflected in the Books and Records.

### V. The No Liability Claims

8. After reviewing the Books and Records and the relevant Disputed Claims, the Plan Administrator, with the assistance of his advisors, has determined that the Disputed Claims listed on Schedule 6 (the "No Liability Claims") assert amounts that cannot be reconciled with the Books

and Records and have been asserted by Claimants who do not have active existing accounts with the Debtors. I have been informed and it is my understanding that these customers did not have active, existing accounts with the Debtors as of the petition date. Accordingly, the No Liability Claims assert amounts that are not actual liabilities of the Debtors. Therefore, I believe that the Court should enter the Proposed Order disallowing and expunging the No Liability Claims in their entirety.

## VI.    The Incorrect Debtor Claims

9.      After reviewing the Books and Records and the relevant Disputed Claims, the Plan Administrator, with the assistance of his advisors, has determined that the Disputed Claims listed on Schedule 7 (the "Incorrect Debtor Claims") do not accurately reflect which Debtor entity may be liable for the underlying claim. Accordingly, the Debtor entity against which the Incorrect Debtor Claims are asserted should be modified from the Debtor identified in the column titled "Asserted" to the Debtor identified in the column titled "Corrected" as provided in Schedule 7. The "Corrected" column is consistent with the Books and Records and/or with the information provided by the Claimants. It is my belief that the failure to modify the Incorrect Debtor Claims could result in the Claimants receiving either (i) a better recovery than other similarly situated creditors, even though such recovery is not warranted, or (ii) receiving a lesser recovery than they are otherwise entitled. I believe that the Incorrect Debtor Claims should be modified so as to be filed against the "Corrected" Debtor.

10.     I understand that failure to reduce and allow or disallow the Disputed Claims, as applicable, on the merits could result in certain Claimants receiving an unwarranted recovery against the Debtors to the detriment of other creditors. Therefore, I believe the Disputed Claims

should be reduced and allowed, or disallowed, as applicable, to reflect the scheduled amounts as requested in the Objection.

Dated: July 17, 2023  
New York, New York

/s/ *Mark A. Renzi*  
Mark A. Renzi  
Managing Director  
Berkeley Research Group LLC