**MCDERMOTT WILL & EMERY LLP**
Darren Azman
Joseph B. Evans
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

**MCDERMOTT WILL & EMERY LLP**
Charles R. Gibbs (admitted *pro hac vice*)
Grayson Williams (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201-1664
Telephone: (214) 295-8000
Facsimile: (972) 232-3098

**MCDERMOTT WILL & EMERY LLP**
Gregg Steinman (admitted *pro hac vice*)
333 SE 2nd Avenue, Suite 4500
Miami, Florida 33131-2184
Telephone: (305) 329-4473
Facsimile: (305) 503-8805

*Counsel to the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | Case No. 22-10943 (MEW) |
| Debtors.[1] | (Jointly Administered) |

**OMNIBUS REPLY IN SUPPORT OF THE
PLAN ADMINISTRATOR'S FIRST OMNIBUS
OBJECTION TO CERTAIN FILED PROOFS OF CLAIM**

Paul R. Hage, in his capacity as the plan administrator (the "Plan Administrator") for the *Third Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1166-1] (the "Plan")[2] of Voyager Digital Holdings, Inc., *et al.* (collectively, the "Debtors" and, after the Effective Date, the "Wind-Down

---

[1] The Wind-Down Debtors in these chapter 11 cases, along with the last four digits of each Wind-Down Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The service address for purposes of these chapter 11 cases is 27777 Franklin, Suite 2500, Southfield, MI 48034.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan.

Debtors") files this omnibus reply (the "Reply") to: (i) the *Creditor Objection Against Modified Proof of Claim by Voyager Digital Holdings Inc.* [Docket No. 1546] (the "Chang Response") filed by Roy Chang; and (ii) the Formal Responses filed by Faith Laffin [Docket No. 1527] and Ronald Leese [Docket No. 1529] (together, the "Formal Responses"). In support of this Reply, the Plan Administrator respectfully states as follows:

**REPLY**

1. On June 23, 2023, the Plan Administrator filed the *Plan Administrator's First Omnibus Objection to Certain Filed Proofs of Claim* [Docket No. 1479] (the "Omnibus Objection")[3] in accordance with the *Order (I) Approving (A) Omnibus Claims Objection Procedures and (B) Omnibus Substantive Claims Objections and Form of Notice and (II) Waiving Bankruptcy Rule 3007(e)(6)* [Docket No. 1067] (the "Claims Objection Procedures Order").

2. As set forth in the Omnibus Objection, the Plan Administrator objected to claims on seven individual grounds, including: (i) claims that are duplicative of claims filed by the same creditor at the same Debtor entity (the "Same-Debtor Claims"); (ii) claims that are duplicative of claims filed by the same creditor at a different Debtor entity (the "Cross-Debtor Claims" and, together with the Same-Debtor Claims, the "Duplicative Claims"); (iii) claims that have been amended and superseded by another proof of claim filed against the same Debtor on account of a single liability (the "Superseded Claims"); (iv) claims asserting amounts that do not match the Books and Records (as defined in the Omnibus Objection) and have not been substantiated by the claimant (the "Misstated Amount Claims"); (v) claims that were asserted in U.S. dollar

---

[3] In support of the Omnibus Objection, the Plan Administrator filed the *Declaration of Mark A. Renzi in Support of the Plan Administrator's First Omnibus Objection to Certain Filed Proofs of Claim* [Docket No. 1537] (the "Declaration").

2

amounts instead of cryptocurrency (the "USD Claims"); (vi) claims asserted by claimants that do not have active existing accounts with the Debtors and cannot be reconciled with the Books and Records (the "No Liability Claims"); and (vii) claims that were filed against the incorrect Debtor entity (the "Incorrect Debtor Claims" and, together with the Duplicative Claims, the Superseded Claims, the Misstated Amount Claims, the USD Claims, the No Liability Claims, and the USD Claims, the "Objected Claims").[4]

3. The Omnibus Objection was filed for the purpose of correcting the claims register with respect to the Objected Claims. Holders of Objected Claims were permitted to participate in the initial distribution and withdraw the undisputed portion of their claims. Approximately 58% in number and 89% in dollar amount of holders of Objected Claims withdrew their initial distribution from the Wind-Down Debtors' platform.

**A.    The Formal Responses**

4. Mr. Chang, Ms. Laffin, and Mr. Leese are the only holders of Objected Claims that filed responses to the Omnibus Objection. Ms. Laffin and Mr. Leese are holders of Incorrect Debtor Claims, and filed the Formal Responses to inform the Plan Administrator that they do not object to the Omnibus Objection. After the Formal Responses were filed, counsel for the Plan Administrator communicated with both creditors to inform them that they can withdraw their initial distribution despite the Omnibus Objection.

**B.    The Chang Response**

5. Mr. Chang is the holder of an Incorrect Debtor Claim. In his response, Mr. Chang appears to be asserting that he is entitled to recover the full dollar value ($4,220.83) of transfers

---

[4] The Duplicative Claims, Superseded Claims, Misstated Amount Claims, USD Claims, No Liability Claims, and Incorrect Debtor Claims are listed on Schedules 1-7 attached to the Omnibus Objection, respectively.

he made to the Debtors' platform before the Petition Date, instead of the 35.72% initial distribution that all general unsecured creditors are entitled to recover. As an initial matter, Mr. Chang does not oppose the basis of the Omnibus Objection—that the claim he filed at the incorrect Debtor entity should be disallowed.[5] Moreover, Mr. Chang's request should be denied for at least two reasons.

6.  *First*, Mr. Chang is only entitled to receive an initial distribution equal to 35.72% of his claim. The Plan, which was confirmed on March 8, 2023 [Docket No. 1166], and the *Liquidation Procedures* [Docket No. 1374], which were approved by court order [Docket No. 1398], set forth the procedures for customer distributions and the initial distribution percentage (i.e., 35.72%).

7.  *Second*, Mr. Chang's request violates Bankruptcy Code section 1123(a)(4), which requires that all holders of claims in a particular class receive the same treatment.

8.  To be clear, Mr. Chang will be entitled to receive all subsequent distributions that other general unsecured creditors receive, and he was provided the opportunity to withdraw his initial distribution along with other customer-creditors. Indeed, Mr. Chang withdrew the majority of his initial distribution leaving only a de minimis amount on the platform.

## CONCLUSION

9.  For the foregoing reasons, the Plan Administrator respectfully requests that the Court: (i) sustain the Omnibus Objection; (ii) overrule the Chang Response to the extent necessary; (iii) disallow the Objected Claims; and (iv) grant such other and further relief as the Court deems just.

---

[5] On July 13, 2023, Mr. Chang e-mailed counsel for the Plan Administrator in an effort to discuss resolution of the objection. Counsel for the Plan Administrator spoke with Mr. Chang on multiple occasions in an effort to explain the basis for the Omnibus Objection. Based on these communications, the Plan Administrator believes that Mr. Chang is not objecting to the relief sought in the Omnibus Objection.

| | |
|---|---|
| Dated: New York, New York<br>July 28, 2023 | **MCDERMOTT WILL & EMERY LLP**<br><br>*/s/ Darren Azman*<br>Darren Azman<br>Joseph B. Evans<br>One Vanderbilt Avenue<br>New York, NY 10017-3852<br>Telephone: (212) 547-5400<br>Facsimile: (212) 547-5444<br>E-mail: dazman@mwe.com<br>E-mail: jbevans@mwe.com<br><br>*- and -*<br><br>Charles R. Gibbs (admitted *pro hac vice*)<br>Grayson Williams (admitted *pro hac vice*)<br>2501 North Harwood Street, Suite 1900<br>Dallas, TX 75201<br>Telephone: (214) 295-8000<br>Facsimile: (972) 232-3098<br>E-mail: crgibbs@mwe.com<br>E-mail: gwilliams@mwe.com<br><br>*- and -*<br><br>Gregg Steinman (admitted *pro hac vice*)<br>333 SE 2nd Avenue, Suite 4500<br>Miami, FL 33131-2184<br>Telephone: (305) 329-4473<br>Facsimile: (305) 503-8805<br>E-mail: gsteinman@mwe.com<br><br>*Counsel to the Plan Administrator* |

5