# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **WARD SMITH II,**<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>**VOYAGER DIGITAL HOLDINGS, INC., ET AL., DEBTORS (3)**<br>　　　　　Defendant. | Case No. 1:22-bk-10943 (MEW)<br>[Chapter 11] |

## ADVERSARY PROCEEDING

With interest, specifically the Third Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 1166-1] of case number 22-10943 of The United States Bankruptcy Court Southern District of New York One Bowling Green, New York, NY 10004-1408. As a matter of law this Adversary Proceeding supersedes the Defendants' bankruptcy plan (aka "The Plan"). Plaintiffs' "Objection to Discharge", thus this Adversary Proceeding respectfully asking this court to determine that the debt specified within this Adversary Proceeding is nondischargeable.

**NATURE OF SUIT:**
14-Recovery of money/property - other
62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
72-Injunctive relief – other
91-Declaratory judgment

**FACTS FOR ADVERSARY PROCEEDING:**
Plaintiff hereby files his Adversary Proceeding Complaint against Defendant for reasonable reasons in facts as follows;
1. Within Defendants' terms and conditions, and customer agreement Plaintiff [Creditor] did not opt or agree whatsoever with Defendant to receive any digital communications (digital statements, notices, etc.) from Defendant concerning Defendants Chapter 11 Bankruptcy. Defendants' terms and conditions, and customer agreement became void directly when Defendant filed for Chapter 11 bankruptcy, thus further communications outside its customer agreement, and terms and conditions are rightfully appropriate for written mail, especially all legal matters of case number 22-10943.
2. Defendant violated Plaintiffs' due process rights by bringing Defendants' bankruptcy action against him without first providing him "fair notice" that his crypto-assets would be subject to Chapter 11 bankruptcy proceedings, as the result Defendant willfully

    deprived Plaintiff of his constitutional right to "fair notice", and continues to deprive Plaintiff from his crypto assets held on the Voyager app.

3. Legally as a matter of law, all Plaintiffs' crypto currencies are in fact "investment contracts" made between Plaintiff and Defendant, to date all investment agreements made remain binding contracts UNTIL Plaintiff and Defendant otherwise change the original investment contracts made by Novation of Contract within Bankruptcy Proceeding which is unlikely because Plaintiff within his rights disagrees with receiving a check for his "investment contracts" made, thus as a matter of law Defendant cannot breach a contract within its bankruptcy plan (aka "The Plan"), thus the original "investment contracts" survive between Plaintiff and Defendant.
4. Defendants' intent to defraud crypto assets is shown by Defendants lack to properly notify in writing by mail.
5. Defendant had a "Duty to Disclose" to Plaintiff this Case Number 22-10943.
6. Defendant without written notice locked its Voyager app and filed bankruptcy without notice in writing by mail.
7. Defendant neglected or refused to use due diligence in ensuring Plaintiff received a "fair notice" written copy by mail of the "Third Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates", thus caused a breach to "the plan" itself.
8. Plaintiff in fact notified Defendant in advance by email to NOT send a check but instead to return all crypto assets held by Plaintiff, Defendant refused on the 31st day of opening the Voyager app for moving crypto assets to court approved crypto exchanges.
9. Voyager had a duty before, during, and after its bankruptcy to mail in writing on paper form to address on file of Voyager creditor account all notices required by bankruptcy proceedings (required by law), owed to creditor Ward Smith II. Creditor Ward Smith II was initially made aware on Voyager bankruptcy by email but never received any written notice by mail confirming such.
10. Voyager locked account so digital assets held could not be sold, this was also done without written notice by mail.
11. 30-Days are not enough timeframe to move crypto assets when there is no written communications by mail.
12. Voyager failed to give advanced notice in writing mailed to address on file concerning specifically Voyager will be filing bankruptcy with such court, "Notice to Creditors [The Bankruptcy Notice]" never was mailed on address on file. No "Meeting of Creditors [341 Hearing]" was offered to Creditor Ward Smith II.
13. Voyager failed to disclose their bankruptcy filing / notice of bankruptcy filing by in writing on paper and envelope by mail.
14. Voyager failed to maintain written notices by mail to mailing address on file within Voyager account.
15. Voyager failed to provide written notice(s) of bankruptcy proceedings to creditor Ward Smith II address on file with Voyager account.

16. Voyager failed to provide written notice by mail to Ward Smith II crypto assests held totaling 138,276,154.8 in SHIB (aka Shiba Inu token, and 444.0 in XRP (aka Ripple token) per Voyagers bankruptcy.
17. Voyager failed to legally notify in writing by mail.
18. Defendants' Chapter 11 bankruptcy is a "disguised discharge" to avoid legal liability with our Federal Government.
19. Defendant did not provide adequate disclosure(s) to Plaintiff and all other investors.
20. Defendant withheld advanced knowledge from its investors of its intensions to file Chapter 11 bankruptcy, without any notice to investors filed Chapter 11 bankruptcy. Defendant possessed knowledge from a department of the SEC issued written guidance in April 2019 that admonished those "engaging in the offer, sale, or distribution of a digital asset" to consider "whether the digital asset is a security" that would trigger the application of "federal securities laws." Sec. & Exchange Comm., Framework for "Investment Contract" Analysis of Digital Assets (April 2019), thus is another motive of Defendant to file Chapter 11 bankruptcy to avoid SEC.
21. Defendant knew crypto-assets qualify as securities, Defendant knew crypto assets are "investment contracts" and are subject to federal securities laws, thus caused liability to the Defendant, thus Defendant filed for Chapter 11 bankruptcy without any notice.
22. In fact Defendant has made misrepresentations, false pretenses, and has defrauded investors through Defendant Chapter 11 bankruptcy filing.
23. Power outages affected email communications with Voyager. Poor and no mobile phone service affected email communications with Voyager.
24. IF Voyager had mailed in writing to my address on file with Voyager account I would have been notified timely, and would have moved my cryptocurrency investments accordingly.
25. As the result of NOT being properly notified in writing by mail and as the result of Voyager inducing a check by mail this lawsuit.
26. Voyager terms and conditions, as with Voyagers customer agreement are terminated by law made unenforceable to this lawsuit due to Voyager bankruptcy, of from Voyagers bankruptcy creditor Ward Smith II has the legal right to file this lawsuit and recover all damages stated herewith.
27. At any time I did not receive a notice and proof of claim form from the bankruptcy court and/or Voyager.
28. On July 25th, 2023 2:38 PM, Plaintiff contacted Defendant via email to email address support@investvoyager.com stating "I need additional support. I am less than a day past. Again, I did not intend to miss the 30 day window for moving crypto. I expect my crypto investments to be returned. The 30 day window to move crypto from your bankruptcy is not enough time for your creditors. Return my crypto to a wallet instead of sending a check."
29. Voyager misrepresented handling notices to Creditor Ward Smith II causing undue

damages. Fraud or false pretenses also apply to this lawsuit.

**SUPPORTING EVIDENCE CITED:**
The following are evidences from documents filed within Case Number 22-10943 for in support of Plaintiffs' Adversary Proceeding Complaint;

1. "Plan Administrator's First Status Report To Creditors" (See INITIAL DISTRIBUTION, section 8. "In advance of the June 20, 2023 reopening of the Voyager app, creditors will receive communications from the Wind-Down Debtors regarding the platform reopening. Answers to frequently asked questions will also be distributed."). Note: Plaintiff relied to receive communications in writing by mail of which none arrived.
2. "Plan Administrator's Second Status Report To Creditors" (See INITIAL DISTRIBUTIONS HAVE COMMENCED, section 2. "Creditors that do not transfer their crypto in-kind within the thirty-day period will receive their initial recovery in U.S. dollars, subject to market fluctuations."). Note: Plaintiff was unaware of this statement because he received nothing in the mail regarding such.
3. "Plan Administrator's Third Status Report To Creditors" (See IN-KIND INITIAL DISTRIBUTIONS HAVE CONCLUDED, section 4. "In the days leading up to and during the thirty-day withdrawal period, the Wind- Down Debtors communicated via e-mail with the creditor body as a whole on eleven occasions. These communications reminded customers how their initial distribution amount was calculated, and detailed the requirements, procedures, and deadlines for withdrawing cryptocurrency in-kind. They also addressed frequently asked questions."). Note: At this point Plaintiff had not received any written communications by mail as mentioned within "Plan Administrator's First Status Report To Creditors" (See INITIAL DISTRIBUTION, section 8. "In advance of the June 20, 2023 reopening of the Voyager app, creditors will receive communications from the Wind-Down Debtors regarding the platform reopening. Answers to frequently asked questions will also be distributed."). Note: Plaintiff relied to receive communications in writing by mail of which none arrived.

"Precisely what material misstatements were made, the time and place of each misstatement, the speaker, the content, the [way] the statement was misleading, and what the defendants obtained as a result of the fraud." Joseph Victori Wines Inc. v. Vina Santana Carolina, S.A., 933 F. Supp. 347, 356 (S.D.N.Y. 1996)

As with failing to provide "fair notice(s)", Defendant intentionally used false and materially misleading statements as evidence above (See 1., 2., 3.) to entice Creditor(s) Plaintiff to wait until it was too late to claim. The fact of the matter is Defendant has mislead Plaintiff.

**SUPPORTING RIGHTS CITED:**
1. Right to Due Process
2. Right to a Fair Adversary Proceeding
3. Freedom of Speech
4. Reserved.

**SUPPORTING LAWS CITED:**
1. 18 U.S. Code § 1341 - Frauds and Swindles
2. 18 U.S. Code § 1343 - Fraud by Wire, Radio, or Television [Hence radio waves].
3. Reserved.

**CRIMES / POTENTIAL CRIMES / MISCONDUCT COMMITTED BY DEFENDANT:**
1. Larceny a crime at common law is the illegal taking of the property of another with intent to deprive the owner thereof.
2. False pretenses, also known as larceny by false pretenses, is a crime under common law. A defendant commits false pretenses when they obtain title to the victim's property through misrepresentations with the intent to defraud. False pretenses differ from larceny by trick in that the defendant obtains title, not just possession, of the victim's property.
3. A misrepresentation is a false or misleading statement or a material omission which renders other statements misleading, with intent to deceive. Misrepresentation is one the elements of common law fraud, and other causes of action for fraud, such as securities fraud.
4. Fraud is both a civil tort and criminal wrong.
5. Bankruptcy fraud or didn't comply with applicable bankruptcy laws. Bankruptcy fraud itself is a criminal offense.
6. Unjust Enrichment
7. Fraudulent misrepresentation is a tort claim, typically arising in the field of contract law, that occurs when a defendant makes a intentional or reckless misrepresentation of fact or opinion with the intention to coerce a party into action or inaction on the basis of that misrepresentation.

To determine whether fraudulent misrepresentation occurred, the court will look for six factors:

1. A representation was made
2. The representation was false
3. That when made, the defendant knew that the representation was false or that the defendant made the statement recklessly without knowledge of its truth
4. That the fraudulent misrepresentation was made with the intention that the plaintiff rely on it
5. That the plaintiff did rely on the fraudulent misrepresentation
6. That the plaintiff suffered harm as a result of the fraudulent misrepresentation

Like most claims under contract law, the standard remedy for fraudulent misrepresentation is damages.

*As a matter of law and to preserve Plaintiffs' rights, Plaintiff reasonably reserves his right to file for relief a "Motion to Lift The Automatic Stay" respectfully reserved with the court for Plaintiffs' right to due process in an appropriate legal jurisdiction other than bankruptcy court. – W.S.*

**SUPPORTING CASE LAW CITED:**
1. A "duty to disclose" "arises whenever secret information renders prior public statements materially misleading." In re Time Warner Inc. Sec.Litig., 9 F.3d 259, 268 (2d Cir. 1993).
2. "Fair warning" See Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct., 141 S. Ct. 1017, 1025 (2021).
3. Scienter can be pled either by "alleg[ing] facts establishing a motive to commit fraud and an opportunity to do so" or by "alleg[ing] facts constituting circumstantial evidence of either reckless or conscious behavior." In re Time Warner, 9 F. 3d at 269.
4. "Factual content that allows the court to draw the reasonable Inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).
5. Fraudulent conduct in the offer and sale of crypto-assets. See, e.g., SEC v. PlexCorps, 2018 WL 4299983, at *2-3 (E.D.N.Y. Aug. 9, 2018); SEC v. Zaslavskiy, 2018 WL 4346339, at *8-9 (E.D.N.Y. Sept. 11, 2018).
6. In Striker v. Graham Pest Control Co., the Appellate Division of the Supreme Court of New York held that a sellers' agent who did not disclose a carpenter ant infestation misrepresented the buyers, since "[n]ondisclosure of a material fact is tantamount to an affirmative misrepresentation when a party is duty-bound to disclose pertinent information."
7. "Precisely what material misstatements were made, the time and place of each misstatement, the speaker, the content, the [way] the statement was misleading, and what the defendants obtained as a result of the fraud." Joseph Victori Wines Inc. v. Vina Santana Carolina, S.A., 933 F. Supp. 347, 356 (S.D.N.Y. 1996). NOTE: Also cited at "SUPPORTING EVIDENCE CITED" above.

**PRIMARY FACTORS OF ADVERSARY PROCEEDING:**
Money obtained from a creditor by fraud, misrepresentation, or false pretenses is nondischargeable. This type of fraud often occurs due to Debtor making false representations to a creditor to secure the money—for instance, inflating income on a credit application—**or taking funds without intending to pay it back.**

Bankruptcy won't wipe out a debt proven to be incurred through fraud in an adversary proceeding in bankruptcy court.

A declaratory judgment is a binding judgment from a court defining the legal relationship between parties and their rights in a matter before the court. When there is uncertainty as to the legal obligations or rights between two parties, a declaratory judgment offers an immediate means to resolve this uncertainty. NOTE: Plaintiffs' rights are cited (See "SUPPORTING RIGHTS CITED").

**HARM DONE BY DEFENDANT TO PLAINTIFF:**
Due to Defendant neglecting or refusing its "Duty to Disclose" each "Fair Notice" in writing by mail to Plaintiff, thus Plaintiff the promisee relied on the promise of the Defendant within each "investment contract" made, Plaintiff the promisee did in fact reasonably relied for each purchase

for crypto currencies on the promise by Defendant to the degree he has been harmed as a result of his reasonable reliance.

**DEMANDS FOR INJUNCTIVE RELIEF OR DECLARATORY JUDGMENT:**
The following are Plaintiffs' demands for relief from the Defendant. Plaintiff hereby requests injunctive relief as follows;

1. XRP (Ripple Tokens): 444.0 from "Investment Contracts" made on Voyager App (Plaintiffs' Claim)
2. SHIB (Shiba Inu Tokens): 138,276,154.8 from "Investment Contracts" made on Voyager App (Plaintiffs' Claim)

The following are records of transactions between Plaintiff and Defendant from Community America Credit Union (CACU) bank statements from checking account ending in … 1707;
1. From 08-31-2021 CACU Consolidated Statement - 08-18-2021 Voyager = $15.27
2. From 09-30-2021 CACU Consolidated Statement - 09-09-2021 Voyager = $65.79
3. From 10-31-2021 CACU Consolidated Statement - 10-25-2021 Voyager = $3000
4. From 11-30-2021 CACU Consolidated Statement - 11-24-2021 Voyager = $10
5. From 12-31-2021 CACU Consolidated Statement - 12-08-2021 Voyager = $12.50
6. From 12-31-2021 CACU Consolidated Statement - 12-09-2021 Voyager = $10
7. From 12-31-2021 CACU Consolidated Statement - 12-20-2021 Voyager = $33.50
8. From 12-31-2021 CACU Consolidated Statement - 12-20-2021 Voyager = $33.05

GRAND TOTAL OF PLAINTIFFS' CLAIM: $3180.11
Injunctive relief requires a party to act in a certain way and restrains a party from doing certain acts as stated IF relief is not granted Defendant will conduct to Plaintiff irreparable harm because his investments were made to protect himself from financial hardship in the future.

Plaintiff refuses Defendants offer in "The Plan" for a check equaling market value of all crypto currencies held by Plaintiff before Defendant locked its Voyager app and filed bankruptcy without notice. Alternatively, Plaintiff requests the return of all assets derived from "investment contracts" made between Plaintiff and Defendant on Voyager App. IF Defendant does not fulfill its contract obligations under "investment contracts" made between Plaintiff and Defendant, then Defendant must by law refund to Plaintiff all USD Plaintiff spent on the Voyager App totaling three thousand and eighty 11/100 dollars ($3080.11) for purchasing all "investment contracts" for injunctive relief. The court approved bankruptcy plan (aka "The Plan") will violate Plaintiffs' rights to a fair Adversary Proceeding IF Defendant is allowed to either; (1) not return all of Plaintiffs crypto currencies as stated above; OR (2) pay Plaintiff a check to the current market value for all crypto currencies held. As a matter of law Breach of Contract in legal terms amounts to a broken promise to do or not do an act or failure to make payment in full or on time. As a matter of law Defendant remains bound by "investment contracts" made until discharge is final.

Citing New York has held that in such situations for the need of injunctive relief, monetary damages serve as an adequate remedy, for remedy Plaintiff requests a full refund of all money spent to the Voyager app IF all crypto assets as stated and specified above are not returned to Plaintiff.

Plaintiff has met his burden to the court for stating his demand for relief from Defendant. Plaintiff respectfully asks the court to order Defendant either to; (1) honor all "investment contracts" and order Defendant to return all Plaintiffs' crypto currencies as specified above; OR (2) order Defendant to refund in full all money Plaintiff spent entirely on the Voyager App.

**CRYPTO RECEIVE ADDRESSES FROM COURT APPROVED CRYPTO EXCHANGES:**
Awaiting Adversary Proceeding, subject to court approval;
1. XRP (Ripple) Receive Address: (Pending Declaratory Judgment)
2. SHIB Shiba Inu Receive Address: (Pending Declaratory Judgment)

**PLAINTIFFS' VOYAGER APP ACCOUNT INFORMATION:**
Ward Smith II Voyager App Account:
Email on File: iamalphamilkyway@gmail.com
Password on FIle: World4Life!
Phone on File: 816-266-7768
Address on File: 9604 E. 48th St., Kansas City, MO 64133
**CRYPTO ASSETS HELD (Plaintiffs' Claim):**
XRP (Ripple Tokens): 444.0
SHIB (Shiba Inu Tokens): 138,276,154.8
TOTAL USD AMOUNT INVESTED: $3180.11

**CONCLUSION:**
Although, at this time as it seems Defendant has avoided The Securities Exchange Commission known as SEC for violations of the SEC Act for unjust enrichment avoiding disgorgement, and has avoided The Federal Trades Commission known as FTC through filing its Chapter 11, Defendant must answer this adversary proceeding.

Defendant failed to maintain its duty to properly notify Plaintiff. In legal matters, email communications do not entirely satisfy enough sufficient legal notification(s) that is why courts require mail to confirm legal filings. Especially, in legal matters written communications on paper are essential for proper notification(s), and legal filing purposes for legal documents. Defendants' [Debtor] neglect to provide written communications by mail to Plaintiff [Creditor] does not legally excuse or relieve Defendant from its duty to the Third Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 1166-1]. Unjust, no legal written notices were ever mailed to Plaintiff [Creditor Ward Smith II] by Defendant this omission and/or neglect directly caused to Plaintiff a barrier to rightfully request crypto assets held as per this case, Plaintiff should not incur any loss whatsoever due to Defendants failure to notify in writing by mail. Plaintiff prays

for relief from the court. Your Honor, Plaintiff hereby respectfully requests the court to kindly order the Defendant accordingly per Plaintiffs demands for injunctive relief. Under Article III of the U.S. Constitution, a federal court may only issue a declaratory judgment when there is an actual controversy. See Federal Declaratory Judgment Act (Title 28, Section 2201 of the U.S. Code), Plaintiff reasonably has met his burden for proving there is actual controversy. Plaintiff respectfully asks the court to determine the dischargeability for injunctive relief through a declaratory judgment. Your Honor prevent future wrong and grant injunctive relief.

Respectfully Submitted,

/s/ Ward Smith II

Direct: 816-266-7768

iamalphamilkyway@gmail.com

9604 E. 48th St.

Kansas City, MO

64133

**PROS SE PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on 08/04/2023, I electronically filed the foregoing with the Clerk of the Court using PDF Upload for Self-Represented Individuals Only via https://coop.nysb.uscourts.gov/prosefiles also known as Electronic Document Submission System (EDSS), which sent electronic notice to the following:

Christine A. Okike, P.C. # 4724480
Direct: 212.446.4725
E-Fax: 212.446.4900
Christine.okike@kirkland.com

Allyson B. Smith, P.C. # 5495049
Direct: 212.909.3217
E-Fax: 212.446.4900
allyson.smith@kirkland.com

Michael B. Slade, P.C. , # 5404066
Direct: 312.862.3348 / 973.459.8778
E-Fax: 212.446.4900
michael,slade@kirkland.com / mslade20@gmail.com
https:www.kirkland.com

Christopher Marcus, P.C., # 3014701
Direct: 212.446.4878
E-Fax: 212.446.4900
Christopher.marcus@kirkland.com

Joshua A. Sussberg, P.C., # 4216453
Direct: 212.446.4829
E-Fax: 212.446.4900
joshua.sussberg@kirkland.com

Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY, 10022-4611
212.446.4800 / 212.090.3217
https:www.kirkland.com
ATTORNEYS FOR DEFENDANT

                                          /s/ Ward Smith II
                                       **PRO SE PLAINTIFF**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **WARD SMITH II,**<br><br>            Plaintiff,<br><br>    vs.<br><br>**VOYAGER DIGITAL HOLDINGS, INC., ET AL., DEBTORS (3)**<br>            Defendant. | Case No. 1:22-bk-10943 (MEW)<br>[Chapter 11] |

### DECLARATION OF WARD SMITH II

Ward Smith II states as follows:

1. I am over 21 years of age, and I have personal knowledge of and am competent to testify to the matters set forth in this Declaration.
2. I am a Creditor of Voyager Digital Holdings, Inc., ET Al., Debtors (3);

**PLAINTIFFS' VOYAGER APP ACCOUNT INFORMATION:**
Ward Smith II Voyager App Account:
Email on File: iamalphamilkyway@gmail.com
Password on FIle: World4Life!
Phone on File: 816-266-7768
Address on File: 9604 E. 48th St., Kansas City, MO 64133
**CRYPTO ASSETS HELD (Plaintiffs' Claim):**
XRP (Ripple Tokens): 444.0
SHIB (Shiba Inu Tokens): 138,276,154.8

**PLAINTIFFS' VOYAGER APP ACCOUNT INFORMATION:**
Ward Smith II Voyager App Account:
Email on File: iamalphamilkyway@gmail.com
Password on FIle: World4Life!
Phone on File: 816-266-7768
Address on File: 9604 E. 48th St., Kansas City, MO 64133
**CRYPTO ASSETS HELD (Plaintiffs' Claim):**
XRP (Ripple Tokens): 444.0
SHIB (Shiba Inu Tokens): 138,276,154.8
TOTAL USD AMOUNT INVESTED: $3180.11

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.
Executed on August 4th, 2023

Respectfully Submitted,

/s/ Ward Smith II

Direct: 816-266-7768

iamalphamilkyway@gmail.com

9604 E. 48th St.

Kansas City, MO

64133

**PROS SE PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on 08/04/2023, I electronically filed the foregoing with the Clerk of the Court using PDF Upload for Self-Represented Individuals Only via https://coop.nysb.uscourts.gov/prosefiles also known as Electronic Document Submission System (EDSS), which sent electronic notice to the following:

Christine A. Okike, P.C. # 4724480
Direct: 212.446.4725
E-Fax: 212.446.4900
Christine.okike@kirkland.com

Allyson B. Smith, P.C. # 5495049
Direct: 212.909.3217
E-Fax: 212.446.4900
allyson.smith@kirkland.com

Michael B. Slade, P.C. , # 5404066
Direct: 312.862.3348 / 973.459.8778
E-Fax: 212.446.4900
michael,slade@kirkland.com / mslade20@gmail.com
https:www.kirkland.com

Christopher Marcus, P.C., # 3014701
Direct: 212.446.4878
E-Fax: 212.446.4900
Christopher.marcus@kirkland.com

Joshua A. Sussberg, P.C., # 4216453
Direct: 212.446.4829
E-Fax: 212.446.4900
joshua.sussberg@kirkland.com

Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY, 10022-4611
212.446.4800 / 212.090.3217
https:www.kirkland.com
ATTORNEYS FOR DEFENDANT

                                                  /s/ Ward Smith II
                                                **PRO SE PLAINTIFF**