Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | Case No. 22-10943 (MEW) |
| Debtors. | (Jointly Administered) <br> **Related Docket Nos. 1513, 1570** |

**REPLY OF KIRKLAND & ELLIS LLP TO THE CREDITOR LETTER OBJECTING TO THE THIRD INTERIM AND FINAL FEE APPLICATION AND OTHER RELIEF**

Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "K&E"), counsel to the debtors and debtors in possession during their chapter 11 cases (collectively, the "Debtors") respectfully submit this reply (this "Reply") to the *Letter to Judge Wiles* [Docket No. 1570] (the "Objection") filed by Benjamin Toledano (the "Objector") regarding the *Third Interim and Final Fee Application of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, Attorneys for the Debtors and Debtors in Possession, for the (I) Interim Fee Period from March 1, 2023 Through and Including May 19, 2023 and the (II) Final Fee Period from July 5, 2022 Through*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

*and Including May 19, 2023* [Docket No. 1513] (the "Fee Application" and the fees and expenses requested for payment and reimbursement therein, the "Fees and Expenses")[2] as follows.

## Preliminary Statement

1. K&E appreciates that professional compensation is a sensitive and important issue in any chapter 11 case and does not take lightly its accountability with respect to the fee and expense reimbursement process. The Debtors' ten-month chapter 11 cases were the first major cryptocurrency restructuring and included many multifaceted, novel issues that required close and careful guidance from K&E, including two separate marketing and sale processes, negotiation and execution of purchase agreements with two separate parties, and an ultimate pivot to effectuating a self-liquidation of assets. The fees and expenses incurred were commensurate with the services provided to complete an in-court restructuring of this magnitude in under a calendar year.

2. Notwithstanding K&E's own careful approach to its fees and expenses, further steps have been implemented to ensure meaningful fee review. Following requests from certain creditors[3] and supported by the United States Trustee for the Southern District of New York (the "U.S. Trustee"), the Court appointed Lori Lapin Jones, Esq. (the "Fee Examiner") as the independent fee examiner for these chapter 11 cases.[4] Over and above the $422,643.88 voluntary reduction of fees and expenses[5] made as a result of K&E's own independent and detailed review,

---

[2] Nothing herein, including K&E's voluntary reductions of Fees and Expenses, should be construed as an admission by K&E as to the validity of those Fees and Expenses and K&E expressly reserves the right to request allowance of such Fees and Expenses in the future in both this and other cases in which K&E acts as counsel. Moreover, K&E expressly reserves the right to request compensation in the future on account of its preparation of this reply and defense of the Fee Application.

[3] *See Objection to Interim and Final Fee Application and Motion to Appoint Fee Examiner on this Mega Bankruptcy Case* [Docket No. 924]; *Joinder to Objection* [Docket No. 952]; letters [Docket Nos. 823 and 826].

[4] *See Order Appointing Independent Fee Examiner and Establishing Related Procedures for the Review of Fee Applications of Retained Professionals* [Docket No. 1277].

[5] *See* Fee Application.

2

following extensive discussions with both the Fee Examiner and U.S. Trustee, K&E agreed to further reduce its fees and expenses by an additional $94,348.30 and $15,828.68, respectively.[6]

3.     The Objection requests further investigation into the role that K&E and McDermott Will & Emery LLP ("MWE"), counsel for the Official Committee of Unsecured Creditors and Plan Administrator, played in the auction/sale processes and the $445 million holdback pending the resolution of preference litigation between Alameda/FTX and the Debtors.  But the role that counsel to the Debtors and the Committee played in those processes has already been disclosed (to the extent it is not privileged) in the detailed invoices provided publicly on the docket by K&E and MWE.  The Objection identifies nothing from any of that disclosure that needs to be investigated further.  Respectfully, there is no identified need or basis for additional investigation, and there is no connection between any such investigation and the fees owed for services rendered to the Debtors in any event.  Any additional "investigation" would do nothing but burn additional estate resources that would and should be returned to Voyager customers.

4.     At this point, the Debtors have emerged from their chapter 11 cases and the Plan Administrator is working to maximize returns for stakeholders through the efficient administration of the estate and the Debtors' claims against third parties, primarily by liquidating the estate's affirmative claims against FTX and Three Arrows Capital and defending the estate against claims by Alameda.  Further investigations into these chapter 11 cases would be futile and yield the exact same facts and outcomes already readily available to and known by parties to these chapter 11 cases and beyond.  The Objection offers no reason to believe otherwise.

---

[6]   *See Final Report of Lori Lapin Jones, Esq., Independent Fee Examiner, On Final Applications for Compensation and Reimbursement of Expenses of Retained Professionals* [Docket No. 1568] ("Final Examiner Report"), at 12.

3

5.    Accordingly, K&E respectfully requests that this Court overrule the Objection and the relief requested therein and approve the Fees and Expenses as requested by K&E.

**Reply**

I.    **The Fee Application Should Be Approved.**

6.    Section 330 of the Bankruptcy Code establishes criteria for awarding "reasonable" compensation and reimbursement, providing that "the court should consider the nature, extent, and the value of such services, taking into account all relevant factors."  11 U.S.C. § 330(a)(3). Accordingly, the reasonableness of the fees and expenses sought by K&E for services rendered during the Fee Period should be judged within the contours of these novel and extremely complex chapter 11 cases.

7.    Indeed, K&E underwent significant review of its Fee Application and the Fee Statements contained therein to ensure compliance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases* (the "Revised UST Guidelines").  In addition to ensuring the thousands of pages of time entries in the Fee Statements comported to the Revised UST Guidelines, K&E also worked closely with the Fee Examiner and U.S. Trustee.

8.    Such discussions resulted in meaningful fee reductions (in the amount of approximately $875,000)—both voluntary and as recommended by the Fee Examiner and disclosed publicly in the Fee Examiner Reports.  Notably, the Objection does not take any specific issue with the Fee Application itself, nor does it identify any specific incurrences of improperly-incurred fees and/or expenses, but rather seeks that the Court blanketly withhold approval until investigations described in only the vaguest of terms, and a litany of other items, are complete. *See* Objection, at 1.  Such requested relief is extraordinary, and the Objection does not undercut the evidence (or the Fee Examiner's conclusion) that the Fee Application should be approved at

this time—particularly given that there is no specific issue identified in the Objection. Accordingly, K&E respectfully requests that this Court overrule the Objection and approve the Fees and Expenses as requested by K&E.

## II.    The Request for Investigations Should be Denied.

9.    The Objector's request for investigations into the auction, sale processes, and the $445 million holdback on account of Alameda's and FTX's preference claim, in addition to other occurrences in the chapter 11 cases, is inappropriate, unfounded, and entirely wasteful. The Objection actually undermines the Objector's apparent goal, as an unwarranted investigation would only expend significant value that could otherwise be distributed to creditors.

10.    The Objector asks questions regarding the timing of the FTX collapse and makes baseless allegations regarding purported deficiencies in the Debtors' sale and auction processes. But such questions and allegations were already addressed months ago. The Debtors made statements to the Court and in numerous papers filed, primarily in the Debtors' Disclosure Statement and motions seeking approval of and declarations in support of the Debtors' entry into the purchase agreements.[7] The Debtors explained in detail the specific timing and circumstances surrounding the sale processes and subsequent FTX collapse, re-engagement with interested parties, and Binance.US's ultimate winning bid.[8] Any further investigation would only yield the

---

[7]    *See Debtors' Motion for Entry of An Order (I) Authorizing Entry Into the Asset Purchase Agreement, and (II) Granting Related Relief* [Docket No. 472]; *Declaration of Brian Tichenor In Support of the Debtors' Motion for Entry of An Order (I) Authorizing Entry Into the Asset Purchase Agreement, and (II) Granting Related Relief* [Docket No. 476; *Debtors' Motion for Entry of An Order (I) Authorizing Entry Into the Binance US Purchase Agreement, and (II) Granting Related Relief* [Docket No. 775]; *Declaration of Brian Tichenor In Support of the Debtors' Motion for Entry of an Order (I) Authorizing Entry Into the Binance US Purchase Agreement, and (II) Granting Related Relief* [Docket No. 836]; *Second Amended Disclosure Statement Relating to the Third Amendment Joint Plan of Voyager Digital Holdings, Inc. And Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 863] (the "<u>Disclosure Statement</u>"); *Declaration of Brian Tichenor In Support of Confirmation of the Third Amended Joint Plan of Voyager Digital Holdings, Inc. And Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1113].

[8]    *Id.*

5

same information and results already readily available, while wasting further time and money at the estate's and stakeholders' detriment.

11. Similarly, the Court approved the Debtors' entry into their stipulation with Alameda, FTX and each's respective official committees of unsecured creditors (including the Debtors' own committee), given that the Debtors are required to reserve Alameda's and FTX's asserted claim amounts pending resolution of the litigation—a common occurrence in chapter 11 proceedings.[9] These funds may ultimately be distributable, but no investigation into K&E's or MWE's work during the chapter 11 cases will resolve the legal issue at the core of the preference litigation. Accordingly, holding back K&E's fees for no identifiable legally justified basis is wholly inappropriate.

12. Accordingly, K&E requests that this Court deny the relief requested seeking to hold back K&E's fees and expenses in order to pursue investigations and overrule the Objection.

[*Remainder of the page intentionally left blank.*]

---

[9] *See Debtors' Motion for Entry of an Order Approving the Joint Stipulation By and Among the Debtors, the FTX Debtors, and Their Respective Unsecured Creditor Committees* [Docket No. 1109]; *Debtors' Reply In Support Of Debtors' Motion for Entry of an Order Approving the Joint Stipulation By and Among the Debtors, the FTX Debtors, and Their Respective Unsecured Creditor Committees* [Docket No. 1253]; *Order Approving the Joint Stipulation* [Docket No. 1266].

WHEREFORE, for the reasons set forth herein and in the Fee Application, the Debtors respectfully request entry of an order (a) approving K&E's Fees and Expenses as requested in the Fee Application and this Reply, (b) overruling the Objection, and (c) granting such other and further relief as is just and proper.

| | |
|---|---|
| Dated: September 11, 2023<br>New York, New York | */s/ Joshua A. Sussberg, P.C.*<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C.<br>Christopher Marcus, P.C.<br>Christine A. Okike, P.C.<br>Allyson B. Smith (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:  (212) 446-4800<br>Facsimile:  (212) 446-4900<br>Email:  jsussberg@kirkland.com<br>cmarcus@kirkland.com<br>christine.okike@kirkland.com<br>allyson.smith@kirkland.com<br><br>*Counsel to the Debtors and Debtors in Possession* |