Lori Lapin Jones, Esq.
Independent Fee Examiner
Lori Lapin Jones PLLC
98 Cutter Mill Road – Suite 255 South
Great Neck, New York 11021
Telephone: (516) 466-4110
Email: ljones@jonespllc.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

In re:                                                                 Chapter 11

VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1]          Case No. 22-10943 (MEW)

                                    Debtors.                    (Jointly Administered)

------------------------------------------------------x

### FIRST AND FINAL APPLICATION OF LORI LAPIN JONES, ESQ., INDEPENDENT FEE EXAMINER, FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM APRIL 10, 2023 THROUGH SEPTEMBER 15, 2023

TO THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE:

Lori Lapin Jones, Esq., the Independent Fee Examiner ("Fee Examiner"), in the above

captioned jointly administered cases, hereby submits this first and final application

("Application") for compensation and reimbursement of expenses pursuant to section 105 (a) of

Title 11 of the United States Code and the Fee Examiner Order (defined below) for the period

from April 10, 2023 through September 15, 2023 ("Compensation Period") and respectfully

represents as follows.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

## BACKGROUND

1.  On July 5, 2022, the above-captioned debtors ("Debtors") each filed petitions under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court"). The Debtors remained in possession of their assets and operation of their businesses as debtors-in-possession. No trustee was appointed. At the outset of the Debtors' cases, a committee of creditors ("Creditors' Committee") was appointed.

2.  The Bankruptcy Court confirmed a Chapter 11 plan (as modified, corrected, supplemented, and amended, the "Plan") by Order dated March 8, 2023, as corrected by Order dated March 10, 2023 ("Confirmation Order"). The Confirmation Order was appealed and subsequently stayed by the United States District Court for the Southern District of New York ("District Court") which stay the District Court subsequently extended. Thereafter, the District Court approved the Joint Stipulation and Order Regarding the Stay Pending Appeal whereby the stay of the Confirmation Order was lifted except as to an exculpation provision in the Plan. As a result, the Plan was able to go effective.

3.  On April 10, 2023, the Bankruptcy Court entered the Order Appointing Independent Fee Examiner and Establishing Related Procedures for the Review of Fee Applications of Retained Professionals ("Fee Examiner Order") (Doc 1277). Pursuant to the Fee Examiner Order, Lori Lapin Jones, Esq. was appointed Fee Examiner. A copy of the Fee Examiner Order is annexed as Exhibit A.

4.  On May 18, 2023, the Bankruptcy Court entered the Order (I) Approving the Liquidation Procedures and (II) Granting Related Relief. The effective date of the Plan was May 19, 2023.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334 and the

Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a

core proceeding pursuant to 28 U.S.C. § 157 (b). Venue is proper in this district pursuant to 28

U.S.C. § § 1408 and 1409.

6.  The legal predicates for the relief requested in this Application are section 105 (a) of

the Bankruptcy Code and the Fee Examiner Order. The Fee Examiner Order provides that fees

and expenses of the Fee Examiner shall be subject to application and review pursuant to

Bankruptcy Code section 330 and shall be paid from the Debtors' estates as an expense of

administration under Bankruptcy Code 503(b)(2) and in accordance with the Interim

Compensation Order (defined below). The Fee Examiner Order also provides that the Fee

Examiner's fees and expenses shall be subject to the information detail requirements set forth in

Local Bankruptcy Rule 2016-1 and the applicable United States Trustee Appendix B guidelines

for Compensation (Fee Examiner Order ¶ 4).  Following the effective date of the Plan, the

responsibility to pay the fees and expenses of the Fee Examiner shall be with the Wind-Down

Debtors (as defined in the Fee Examiner Order) from the Professional Fee Escrow Account (as

defined in the Fee Examiner Order).

## INTERIM COMPENSATION PROCEDURES/FINAL FEE APPLICATIONS

7.  On August 4, 2022, the Bankruptcy Court entered the Order (I) Establishing

Procedures for Interim Compensation and Reimbursement of Expenses for Retained

Professionals and (II) Granting Related Relief (Doc 236) ("Interim Compensation Order"). The

Interim Compensation Order sets forth Compensation Procedures (defined therein) which permit

retained professionals to be partially paid (80% of fees and 100% of expenses) on an interim and

monthly basis through the filing of detailed monthly fee statements. As set forth above, the Compensation Procedures in the Interim Compensation Order apply to the Fee Examiner.

8. By Order Extending Time For The Independent Fee Examiner And Her Professionals To File Applications For Compensation And Reimbursement Of Expenses dated June 6, 2023 (Doc 1441) ("Extension Order"), the Bankruptcy Court extended the deadline (to the extent the deadline for professionals to file fee applications applied to the Fee Examiner and her professionals) through and including the date that is 45 days after the conclusion of the hearing on final applications for compensation of the professionals of the Debtors and the Creditors' Committee (Extension Order ¶ 2). The hearing on the final fee applications of the Debtor and the Creditors' Committee was held and concluded on September 13, 2023.

## RELIEF REQUESTED/PRIOR PAYMENTS

9. By this Application, the Fee Examiner seeks (a) an award of compensation in the amount of $119,976.50 for services rendered and (b) reimbursement of expenses in the amount of $52.60 for the period April 10, 2023 through September 15, 2023.

10. This is the Fee Examiner's first and final application for compensation and reimbursement of expenses. In accordance with the Interim Compensation Order, the Jones Firm filed Monthly Fee Statements for April/May 2023, June 2023, and July 2023 [Docs. 1469, 1539, and 1563]. There were no objections filed to the Fee Examiner's Monthly Fee Statements. In accordance with the Interim Compensation Order, the Fee Examiner was paid 80% of fees and 100% of expenses. The amounts requested and paid on account of the Monthly Fee Statements are set forth on Exhibit B. Since this Application is being filed in September 2023, the Fee Examiner has not filed Monthly Fee Statements for August 2023 and September 2023 but the time for these months is included in this Application.

## SUMMARY OF SERVICES RENDERED

11. In summary, the Fee Examiner: (a) reviewed sixteen applications of fourteen professionals seeking an aggregate of fees in the amount of $27,591,465.28 and expenses in the amount of $320,685.56 for compensation for the second interim period, issued fourteen preliminary reports to professionals covering all the applications, negotiated resolutions with each professional for which there were objections to an application, and prepared a comprehensive report which was filed with the Bankruptcy Court; (b) reviewed fifteen applications of fifteen professionals seeking an aggregate of fees in the amount of $15,331,025.99 and expenses in the amount of $270,671.47 for compensation for the third and final interim period, issued fifteen preliminary reports to professionals, negotiated resolutions with each professional for which there were objections to an application, and prepared a comprehensive report which was filed with the Bankruptcy Court; (c) consulted with the United States Trustee regarding its review of the first interim applications; (d) attended hearings on the fee applications on June 14, 2023 and September 13, 2023; and (e) performed general administration tasks including tracking fee applications and deadlines, filing an application to retain a Fee Review and Database Service provider, filing monthly fee statements and filing this Application.

12. The legal services performed have been divided into the six categories described below.

a. *General Administration 13.00 hours; $6,370.00)*

13. The work performed by the Fee Examiner in this category consisted of general administration work as well as work that does not fall into the other categories of services. Specific work performed in this category includes: (i) start-up work in connection with each of

the two rounds of fee application reviews including setting and tracking deadlines and assigning

fee application reviews to the Fee Reviewer; (ii) reviewing relevant filings including the Fee

Examiner Order, Interim Compensation Order, and transcript of the hearing on approval of the

first interim fee applications; (iii) requesting time records in LEDES or Excel format for fee

applications; (iv) tracking fee application filings and status of resolutions with professionals;

(v) preparation of a letter request and accompanying order to extend the deadline, to the extent

applicable, for the Fee Examiner and her professionals to file applications for compensation; (vi)

communications with creditors that contacted the Fee Examiner; (vii) preparation for two

hearings on approval of fee applications for the retained professionals; and (viii) review and

provide comments on two orders granting compensation to retained professionals.

    *b.  Retention/Fee Applications (12.30 hours; $6,027.00)*

    14. The work performed in this category consisted of: (i) preparation of an application

and order for approval to retain a Fee Reviewer and Database Service Provider; (ii) preparation

of combined Monthly Fee Statement for April/May 2023, Monthly Fee Statement for June 2023,

and Monthly Fee Statement for July 2023; (iii) review and comment on the compensation

applications of the Fee Examiner's professionals; and (iv) preparation of this Application and

an omnibus Notice of Hearing

    *c.  Court Hearings (2.20 hours; $1,078.00)*

    15. The Fee Examiner attended hearings in the Bankruptcy Court on June 14, 2023 on

approval of the second interim fee applications and on September 13, 2023 on approval of the

third and final fee applications.

    *d.  Fee Application Review/Preliminary Reports (146.00 hours; $71,540.00)*

    16. A substantial portion of the work performed by the Fee Examiner (with the assistance

of the Fee Reviewer) fell within this category and generally included: (i) review of sixteen fee

applications for the second interim period (seeking $27,591,465.28 in fees and $320,685.56 in

expenses; (ii) review of fifteen fee applications for the third interim period interim period

seeking $15,331,025.99 in fees and $270,671.47 in expenses; (iii) analysis of time records for a

multitude of issues (as detailed in the /Fee Examiner's reports); (iv) review of all expenses

requested and analysis of support for certain expenses; (v) preparation of fourteen detailed

preliminary reports for the second interim fee applications and fifteen detailed preliminary

reports for the third round of fee applications; and (v) extrapolated time records and preparation

of charts on objections or potential objections which were annexed to preliminary reports.

   e. *Final Reports (40.10 hours; $19,649.00)*

   17. The work performed by the Fee Examiner in this category consisted of preparation of

a comprehensive Final Report of the Fee Examiner covering, *inter alia*, the review of fee

applications for the second interim period; and (ii) preparation of a comprehensive Final Report

of the Fee Examiner covering, *inter alia*, the review of fee applications for the third interim and

final period (Docs 1425, 1568).

   f. *Communications With Retained Professionals (27.55 hours; $13,499.50)*

   18. The work performed in this category consisted primarily of: (i) conferring with

fourteen retained professionals (both virtually and by email) in connection with the preliminary

reports issued by the Fee Examiner for the second interim fee applications; (ii) conferring with

fifteen retained professionals (both virtually and by email) in connection with the preliminary

reports issued by the Fee Examiner for the third interim and final fee applications; (iii)

reviewing supplemental information provided by certain retained professionals in response to the

preliminary reports of the Fee Examiner; and (iv) vetting with each professional the summary of

the Fee Examiner's review of the professional's application and the resolution reached for inclusion in the Fee Examiner's Final Reports.

g. *Communications With the United States Trustee (3.70 hours; $1,813.00)*

19. The work performed in this category consisted of communications with the United States Trustee on the first interim fee applications that were reviewed by the United states Trustee and on miscellaneous issues that arose during this engagement.

The above description of work performed does not include each task performed by the Fee Examiner. Reference is made to the Fee Examiner's time records annexed as Exhibit C.

## REQUEST FOR REIMBURSEMENT OF EXPENSES

20. The Fee Examiner also requests reimbursement of expenses in the amount of $52.60 as set forth on Exhibit D. The expenses are not included in the overhead of the Fee Examiner's law firm, are not marked up, and relate solely to the work performed by the Fee Examiner in these cases.

## COMPLIANCE WITH APPLICABLE RULES AND FEE GUIDELINES

21. Attached as Exhibit E is a certification of Lori Lapin Jones, Esq. that this Application complies with the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rules for the Southern District of New York, and applicable fee guidelines.

22. In accordance with section 504 of the Bankruptcy Code and Rule 2016 of the Federal Rules of Bankruptcy Procedure, no agreement or understanding exists between the Fee Examiner and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

23. No agreement or understanding prohibited by 18 U.S.C. § 155 has or will be made by the Fee Examiner.

## APPLICABLE LEGAL STANDARDS

24. The authorization for the appointment of the Fee Examiner was pursuant to section 105 of the Bankruptcy Code and the Fee Examiner Order. Pursuant to the Fee Examiner Order,

application for fees and expenses is to be made in accordance with section 330 of the Bankruptcy

Code.

25. Section 330(a) of the Bankruptcy Code provides for the compensation of reasonable

and necessary services rendered by professionals, as follows:

(1)(A) reasonable compensation for actual, necessary services rendered by the … attorney and by any paraprofessional employed by any such person; and

(B) reimbursement for actual, necessary expenses.

***

(3) In determining the amount of reasonable compensation to be awarded to…a professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including -

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases under this title.

11 U.S.C. § 330(a).

26. Viewed under the standards of section 330 (a) – or any other standard – the compensation requested by the Fee Examiner is reasonable. Lori Lapin Jones, Esq. has been practicing in the bankruptcy field for over 40 years. Her hourly rate was reduced by almost twenty-five percent (to $490.00) for this engagement and is well below the hourly rates for similarly skilled professionals. The Fee Examiner performed her work in an efficient and competent manner and in accordance with any applicable deadlines in the Fee Examiner Order. Accordingly, the Fee Examiner submits that the compensation request easily meets the standards of Bankruptcy Code section 330(a).

## NOTICE

27. Notice of this Application will be provided in accordance with the Bankruptcy Court's Interim Compensation Order. The Fee Examiner submits that further notice of this Application is neither required nor necessary.

## NO PREVIOUS APPLICATION

28. Except for the submission of Monthly Fee Statements, as set forth in paragraph 10 above and Exhibit B hereto, no request for the relief requested herein has been sought from this or any other Court.

## CONCLUSION

29. The Fee Examiner worked efficiently, competently, and at a reduced rate to carry out and complete her duties under the Fee Examiner Order. The Fee Examiner respectfully requests approval of this Application.

**WHEREFORE,** for the reasons set forth herein, the Fee Examiner respectfully requests that the Bankruptcy Court enter an Order (a) awarding Lori Lapin Jones, Esq. on a final basis

fees in the amount of $119,976.50 for the period April 10, 2023 through September 15, 2023,

(b) awarding Lori Lapin Jones, Esq. on a final basis reimbursement of expenses in the amount of

$52.60 for the period April 10, 2023 through September 15, 2023, (c) directing the Wind Down

Debtors to pay outstanding fees and expenses, and (d) granting such other relief as is just and

proper.

Dated: September 15, 2023
   Great Neck, New York

          /s/ Lori Lapin Jones
          Lori Lapin Jones, Esq.
          Independent Fee Examiner

          Lori Lapin Jones PLLC
          98 Cutter Mill Road – Suite 255 South
          Great Neck, New York 11021
          Telephone: (516) 466-4110

# EXHIBIT A

## Fee Examiner Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
*In re*                                        :        Chapter 11
                                               :
**VOYAGER DIGITAL HOLDINGS, INC.,** *et al.,*[1]  :        Case No. 22-10943 (MEW)
                                               :
                     Debtors.                  :        (Jointly Administered)
------------------------------------------------------------ x

## ORDER APPOINTING INDEPENDENT FEE EXAMINER AND ESTABLISHING RELATED PROCEDURES FOR THE REVIEW OF FEE APPLICATIONS OF RETAINED PROFESSIONALS

Upon consideration of the Motions to Appoint Fee Examiner, filed by certain creditors of

the above-captioned Debtors (ECF Doc. Nos. 924, 952, 966, 980) (the "Motions"), upon further

consideration that the size and complexity of these jointly administered chapter 11 cases will

result in the filing of numerous, lengthy and complex professional fee applications; upon the

Court's conclusion at the February 7, 2023 hearing on the Motions that the appointment of a fee

examiner (the "Fee Examiner") under Bankruptcy Code section 105 appears to be in the best

interests of the Debtors, their estates and creditors, and other parties-in- interest; the Court

having directed the parties hereto to consult regarding the appointment of the Fee Examiner; and

the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b)

and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.);

and this matter being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before

the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and upon the declaration of disinterestedness

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (N/A); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

of Lori Lapin Jones, Esq. (the "Fee Examiner"), dated April 5, 2023; and good and sufficient

cause appearing therefor; it is hereby,

FOUND AND DETERMINED THAT:

A.     The Debtors commenced voluntary cases under chapter 11 of the Bankruptcy

Code on July 5, 2022 (the "Petition Date").

B.     The Debtors' chapter 11 cases are being jointly administered for procedural

purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. [ECF No.

53].

C.     On July 19, 2022, the United States Trustee appointed an official committee of

unsecured creditors (the "Official Committee") [ECF Nos. 102, 106].

D.     On August 4, 2022, the Court entered an Order Establishing Procedures for Interim

Compensation and Reimbursement of Expense for Retained Professionals (the "Interim

Compensation Order").

E.     The board of directors of debtor Voyager LLC appointed a special committee (the

"Special Committee") whose mandate included the investigation of possible causes of action that

Voyager may have against insiders of Voyager LLC.

F.     No chapter 11 trustee or examiner has been appointed in these cases.

G.     Certain of the Debtors' individual creditors filed motions for the appointment of a

fee examiner in these cases.  ECF Doc. Nos, 924, 962, 966, 980.  On February 5, 2023, the

Debtors filed an Objection to the Motions.  ECF Doc. No. 964.  At a hearing on the Motions, the

Court directed that an independent fee examiner (the "Fee Examiner") be appointed in these

cases.  The Fee Examiner shall review and report, as appropriate, the monthly fee statements

filed in accordance with the Interim Compensation Order and all interim and final applications

for allowance of compensation and reimbursement of expenses filed by professionals retained or appointed pursuant to Bankruptcy Code sections 105, 327, 1103, 1104 or similar authority or otherwise requesting compensation and/or reimbursement of expenses on an interim basis pursuant to the Interim Compensation Order (the "Retained Professionals"), in accordance with Bankruptcy Code sections 327, 330, and 331 and the Interim Compensation Order (collectively, the "Applications"), and the Debtors and the Official Committee have consented to such proposal on the terms set forth herein.

H.      For the purposes of this Order, the term "Retained Professionals" (i) shall specifically include (a) any and all professionals in these cases requesting compensation and/or reimbursement of expenses on an interim basis pursuant to Bankruptcy Code sections 327, 330, 331, or 1103, (b) each professional subject to the *Order Authorizing the Retention and Compensation of Professionals Utilized in the Ordinary Course of Business* [ECF Doc. No. 244] (as may be amended or supplemented from time to time, the "Ordinary Course Professionals Order") whose fees exceed the Case Cap (as defined in the Ordinary Course Professionals Order) applicable to such professional, solely with respect to the fees of such professional that exceed such Case Cap, and (c) any and all professionals of any official committee of preferred equity holders, if one is appointed.

I.       For purposes of this Order, the term "Retained Professionals shall exclude (a) professionals retained pursuant to sections 328 and 363 of the Bankruptcy Code, (b) ordinary course professionals employed by the Debtors pursuant to the Ordinary Course Professionals Order whose fees do not exceed the Case Cap, and (c) any requests for compensation submitted pursuant to Bankruptcy Code sections 503(b)(3) or 503(b)(4), and/or for making a substantial contribution to these chapter 11 cases.

J.      Lori Lapin Jones, Esq., the proposed Fee Examiner, is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14).

IT IS HEREBY ORDERED THAT:

1.      The Court hereby appoints Lori Lapin Jones, Esq. to serve as independent fee examiner (the "Fee Examiner") in these cases, subject to the terms and conditions of this Order and of the Interim Compensation Order, as modified herein.

2.      In the performance of her duties and powers as provided in this Order, the Fee Examiner shall enjoy the maximum immunity permitted by law from all manner of claims, demands, suits, or civil actions for all acts taken or omitted by her.  Any and all claims, demands, suits, or civil actions not brought or asserted against the Fee Examiner prior to the thirtieth (30th) calendar day after entry of an order determining the last final fee Application in these cases pursuant to Bankruptcy Code section 330 shall be barred forever and discharged, and all persons and entities shall be enjoined from prosecuting such claims in any manner thereafter. No person or entity shall seek discovery from the Fee Examiner, subpoena the Fee Examiner as a witness, or commence an action against the Fee Examiner in connection with her duties or powers hereunder except in this Court and only with the prior approval of this Court, which retains exclusive jurisdiction therefor.

3.      The Fee Examiner may retain attorneys and other professionals, assistants, fee reviewers, or consultants to the extent she deems it necessary to discharge her duties.  The Fee Examiner's retention of professionals shall be subject to Court approval under standards equivalent to Bankruptcy Code section 327, after notice and opportunity for hearing pursuant to Local Rules of this Court.

4.      The fees and expenses of the Fee Examiner and any Court-approved attorneys and

other professionals for the Fee Examiner shall be subject to application and review pursuant to

Bankruptcy Code section 330 and shall be paid from the Debtors' estates as an expense of

administration under Bankruptcy Code section 503(b)(2) and in accordance with the procedures

in the Interim Compensation Order. The Fee Examiner's compensation shall not be contingent,

dependent, or based on any element of success or result. The Fee Examiner's fees and expenses

shall be subject to the information detail requirements set forth in Local Rule 2016-1 and the

applicable United States Trustee Appendix B Guidelines for Compensation.

5.      Except as otherwise provided herein, the scope of the Fee Examiner's duties and

responsibilities shall encompass all interim and final Applications submitted after February 21,

2023.

6.      With respect to the Interim Applications heard by the Court at the February 7,

2023 hearing (the "First Interim Fee Applications"), the Fee Examiner shall communicate with

the U.S. Trustee concerning the U.S. Trustee's prior review of the First Interim Fee Applications

and the U.S. Trustee's discussions with professionals concerning those Applications. To the

extent the Fee Examiner and the U.S. Trustee jointly determine that there is good cause for the

Fee Examiner to review one or more of the First Interim Fee Applications (or portions thereof),

the Fee Examiner may review those First Interim Fee Applications, confer with professionals,

and report to the Court.

7.      Except as provided in Paragraph 5 above, the Fee Examiner shall review and

assess all Applications filed by Retained Professionals (with the exception of professionals

retained pursuant to sections 328 and 363 of the Bankruptcy Code), and the fees and

reimbursement of expenses for which allowance is sought pursuant to the Applications for

compliance with (1) Bankruptcy Code sections 329, 330 and 331, as applicable, (2) Rule 2016 of

the Federal Rules of Bankruptcy Procedure, (3) the Interim Compensation Order (as amended

herein), and (4) Local Bankruptcy Rule 2016-1 and the applicable guidelines for compensation.

The Fee Examiner is further authorized and shall have standing before the Court:

(a)     to prepare reports (as discussed in further detail below) for the Court

to aid in the review and approval of interim and final fee Applications, which may

include such matters as the efficiency and reasonableness of staffing and expenses

and the appropriateness of periodic increases in hourly rates;

(b)     to require applicants for compensation to provide her such

supplemental information as she may reasonably require in order to evaluate the

reasonableness of any particular fee item; *provided*, however, that nothing herein

shall require a Retained Professional to provide any information that would disclose

privileged information, work product or anything (including potential strategies) that

in the Retained Professional's reasonable discretion could be damaging or

prejudicial to its clients (collectively, "Privileged Information"); *provided,* for the

avoidance of doubt, that a professional's general discussion of projects and tasks

without reference to confidential details shall not be considered a waiver of any

privilege or discovery immunity; *provided further,* if a Retained Professional or its

client does provide Privileged Information to the Fee Examiner, the Fee Examiner

shall treat such information as confidential and the disclosure of such information to

the Fee Examiner shall not be deemed to be a waiver by the disclosing party of any

applicable work product, attorney-client, or other privilege;

(c)     to conduct such discovery as may be pertinent and necessary to the

performance of her other duties and responsibilities after first securing approval of

this Court, which may be granted only upon notice to all interested parties and opportunity for hearing, and the Court retains exclusive jurisdiction over all matters relating to such discovery; and

(d)    subject to the completion of the procedures set forth in Paragraph 7 for submission of a Preliminary and Final Report (each as defined below) with respect to the applicable fees or expenses, to object to the allowance of fees or expenses sought by any Retained Professional in a fee application on the same grounds as any party in interest in this case, including based on the reasonableness standard provided in Bankruptcy Code § 330.

Notwithstanding these enumerated powers, the Court shall have the final role in evaluating or judging the legal or factual merits of any papers filed or positions taken by parties in interest or their Retained Professionals, but this restriction shall not limit the ability of the Fee Examiner to consider the factors set forth in Bankruptcy Code sections 330(a)(3)(C) and (D) in her evaluation of Applications.

8.    The Fee Examiner shall review the Applications filed by each Retained Professional. To the extent practicable, the Fee Examiner shall avoid duplicative review when reviewing (1) interim fee Applications comprised of monthly fee statements and (2) final fee Applications comprised of interim fee Applications that have already been reviewed by the Fee Examiner. After reviewing each Retained Professional's Application, the Fee Examiner shall:

(a)    within the later of thirty (30) days after a Retained Professional files an Application (or in the case of interim fee applications filed prior to entry of this Order, 30 days following service of such interim fee applications on the Fee Examiner) and 30 days after the Retained Professional provides the Fee Examiner

with all relevant time records in searchable format, prepare a report on each

Application (each, a "Preliminary Report") for which the Fee Examiner has a

potential issue or objection, and serve any such Preliminary Report on the Retained

Professional. The Fee Examiner's Preliminary Report shall quantify and present

information relevant to whether the requested fees, disbursements, and expenses

meet the applicable standards of Bankruptcy Code section 330 and Local Rule 2016-

1. These Preliminary Reports are to be treated as part of settlement discussions with

the Retained Professionals and, as such, shall not be discoverable. The contents of

the Preliminary Report shall be maintained in confidence by such parties (other than

the United States Trustee) until such time as the Fee Examiner incorporates all or

any content of the Preliminary Report into a Final Report in accordance with

Paragraph 8(c) below.

(b)    within 14 days after service of the Preliminary Report, engage in

written or oral communication with each Retained Professional, the objective of

which is to resolve matters raised in the Preliminary Report and endeavor to address

and resolve, to the mutual satisfaction of the Fee Examiner and the Retained

Professional, any issues identified or to amend its Application in a Preliminary

Report.

(c)    after a reasonable opportunity to resolve the issues identified in the

Preliminary Report or amend the Application, file a final report or objection (the

"Final Report") with the Court and note any remaining objections to the Application.

The Retained Professional may file a reply to the Final Report. The Final Report

shall be in a format designed to quantify and present information relevant to whether

the requested fees and expenses of each Retained Professional meet the applicable standards of Bankruptcy Code section 330 and Local Rule 2016-1. The Final Report shall also inform the Court of any proposed consensual resolutions of the fee or expense reimbursement request for each Retained Professional and the basis for such proposed consensual resolution.

(d)    The Fee Examiner shall file her Final Report at least ten (10) days before the hearing date on the relevant Application and shall serve a copy on the United States Trustee, counsel to the Debtors, counsel to the Official Committee, Counsel to the Special Committee, and all Retained Professionals.

9.    Any of the periods set forth above may be extended with the consent of the Fee Examiner and the applicable Retained Professional. Nothing herein shall be construed or interpreted to require the filing of Final Reports on all Applications prior to any Application and the Final Report specific thereto being considered by the Court, and the delay or adjournment of consideration of an Application shall not affect the timing of hearings on the Applications of other Retained Professionals.

10.    The Fee Examiner, the Debtors, the Official Committee, the Special Committee, and the Retained Professionals shall use best efforts to have undisputed portions of Applications both allowed by the Court and paid as soon as reasonably practicable, even if a Contested Amount remains disputed and subject to the procedures set forth above.

11.    All Retained Professionals (including attorneys, the Examiner, financial advisors, auditors, and claims consultants, but excluding all professionals retained pursuant to Bankruptcy Code Sections 328 and 363) shall cooperate with the Fee Examiner in the discharge of the Fee Examiner's duties and shall, subject to the qualification set forth in Paragraph 7(b)

above with respect to privileged matters or work product, promptly respond to any reasonable request for information from the Fee Examiner.

12. Nothing contained herein shall affect the right, if any, of any party in interest in these cases to object or otherwise respond to any interim or final fee Application or monthly request for compensation and reimbursement of expenses, including those of the Fee Examiner. Nothing herein shall affect any party's right to request a waiver of the requirements of Local Rule 2016-1 or the applicable Guidelines for Compensation and the requirements under Bankruptcy Code section 330, to the extent they apply. Nothing herein shall alter or modify prior orders governing the retention of professionals.

13. The Application Recipients, as defined in the Interim Compensation Order, as amended by this Order, are authorized and empowered to take any and all actions necessary to implement and effectuate the terms of this Order, but only to the extent such actions are not inconsistent with the express terms of the Order.

14. The Interim Compensation Order is hereby modified as follows:

(a) The Fee Examiner is designated as an additional Application Recipient entitled to receive monthly fee statements, and provide objections if appropriate, under the Compensation Procedures set forth in the Interim Compensation Order.

(b) No later than three (3) business days after the filing of each Application, the Retained Professional shall send to the Fee Examiner via electronic mail the Application, including the fee detail containing the time entries and the expense detail ("Fee Detail") in searchable electronic format (Word, LEDES, Excel or PDF format).

(c)     A Retained Professional need not send to the Fee Examiner the
electronic-formatted Fee Detail for any (i) Interim Fee Application if such Retained
Professional has previously submitted the relevant Fee Detail with the applicable
Monthly Fee Statement or otherwise or (ii) final fee Application if such Retained
Professional has previously submitted the relevant Fee Detail with the applicable
Interim Fee Application or otherwise. If any Retained Professional cannot
reasonably convert its Fee Detail to the electronic format described above, the Fee
Examiner will work with such Retained Professional to find an appropriate
electronic format.

15.     All previously filed Applications and related Fee Details shall be provided to the
Fee Examiner by each Retained Professional within 20 days of entry of this Order. All
previously filed Applications, all future Applications, and all other documents, notices or
pleadings required to be sent to or served upon any Application Recipient under the Interim
Compensation Order on and after the date hereof shall be served upon the Fee Examiner[2]:

Lori Lapin Jones, Esq.
Lori Lapin Jones PLLC
98 Cutter Mill Road - Suite 255 South
Great Neck, New York 11021
Telephone: (516) 466-4110
Facsimile: (516) 466-4009
ljones@jonespllc.com

16.     The Wind-Down Debtors shall pay the fees and expenses of the Fee Examiner
and her retained professionals in the amount the Court allows including from funds held in the
Professional Fee Escrow Account as soon as reasonably practicable after such fees and expenses
are allowed by entry of orders of the Court provided that the Debtors' and Wind-Down Debtor's

---

[2] The Fee Examiner shall also be deemed to have filed a request for notice of papers filed in the chapter 11 cases
under Bankruptcy Rule 2002 and the Fee Examiner shall be served with all such papers.

obligations to pay the fees and expenses of the Fee Examiner and her retained professionals shall

not be limited to funds held in the Professional Fee Escrow Account. The Fee Examiner and her

professionals shall be deemed Professionals for purposes of the Professional Fee Escrow

Account and shall be entitled to the protections afforded Professionals under the Confirmation

Order.

17.    Following entry of this Order, the Fee Examiner shall provide counsel to the

Wind-Down Debtor an estimate of fees and expenses of the Fee Examiner and her professionals

for funding of the Professional Fee Escrow Account provided however such estimate shall not be

a limitation on the fees and expenses the Fee Examiner and her retained professionals may

request and may be awarded.

18.    The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry and shall remain in effect unless and until the Court orders otherwise.

19.    To the extent there is any inconsistency between the terms of any professional's

retention agreement and this Order, the term of this Order shall govern.

20.    The Court retains jurisdiction to enforce, modify or vacate this Order after hearing

upon not less than fourteen (14) days' notice to the Fee Examiner, the Debtors, the Official

Committee, the Special Committee, and the United States Trustee. Notwithstanding any

provisions of this Order to the contrary, the Court retains ultimate authority to determine whether

fees and expenses requested by any Retained Professional are necessary and reasonable under

Bankruptcy Code section 330.

DATED this 10th day of April, 2023

s/Michael E. Wiles
Honorable Michael E. Wiles
United States Bankruptcy Judge

## EXHIBIT B

### Interim Applications/Monthly Fee Statements Summary

Interim Applications:  None

Monthly Fee Statements:

Combined First Monthly Fee Statement (April 10, 2023 – May 31, 2023) [Doc 1469]
(a) Fees Incurred: $67,277.00
(b) Fees Requested/Paid: $53,281.60 (80%)
(c) Expenses Requested/Paid: $24.70 (100%)
(d) Remaining Balance: $13,455.40


Second Monthly Fee Statement (June 1, 2023 – June 30, 2023) [Doc. 1539]
(a) Fees Incurred: $3,234.00
(b) Fees Requested/Paid: $2,857.20 (80%)
(c) Expenses Requested/Paid: None
(d) Remaining Balance: $646.80

Third Monthly Fee Statement (July 1, 2023 – July 31, 2023 [Doc 1563]
(a) Fees Incurred: $19,159.00
(b) Fees Requested/Paid: $15,327.20 (80%)
(c) Expenses Requested/Paid: None
(d) Remaining Balance: $3,831.80


Summary:*

Total Fees in Monthly Fee Statements: $89,670.00

Total Fees Paid on account of Monthly Fee Statements: $71,736.00 (80%)

Unpaid Fees based on Monthly Fee Statements: $17,934.00 (20%)

Total Expenses Requested in Monthly Fee Statements: $24.70

Total Expenses Paid based on Monthly Fee Statements: $24.70 (100%)


*The Monthly Fee Statements cover the period April 10, 2023 through July 31, 2023. The Fee Examiner's time for the months of August 2023 and September 2023 is included in this Application but is not included in any Monthly Fee Statement. Fees and expenses for August 2023 were $25,455.50/$17.60 and fees and expenses for September 2023 were $4,851.00/$10.30.

# EXHIBIT C

## Time Records

**Voyager Digital Holdings, Inc., *et al.***

**Time Records**
**Lori Lapin Jones, Esq.**

**April 11, 2023 – May 31, 2023**

**General Administration   4.90 hours   ($2,401.00)**

04/11/23  .10
Review fee examiner order and time frames (.1)

04/13/23  .30
Prepare introductory email to retained professionals regarding time records, expenses, timing (.3)

04/16/23  .80
Telephone call D Adams re: assignment of fee applications for review, rate change issues, expenses, timing (.5)
Develop form preliminary report to professionals for fee review (.3)

04/17/23  .20
Email from/to M Romano (Potter) re filing fee application and review interim compensation order re same (.2)

04/18/23  .10
Sent six emails to professionals requesting time records in LEDES or excel format (.1)

04/20/23  .50
Telephone call D Adams re UST review of first interim fee applications, issues noted, and expense protocols (.5)

04/26/23  .30
Telephone call creditor/account holder re background, creditor's position on objection to fees; and review follow up email from creditor/account holder providing email thread with committee counsel (.3)

05/10/23  .30
Re-review order approving fee examiner for timetables, scope (.3)

05/19/23  .20
Review plan effective date notice and email to counsel for debtors, committee re extending deadline for fee examiner and her professionals to file final fee applications (.2)

05/20/23 .10
Emails S Golden, D Azman re effective date, final fee hearings, fee examiner fee application deadline (.1)

05/21/23 .90
Re-review transcript of February 7 hearing on first interim fee applications (.9)

05/30/23 1.10
Prepare letter application to Court requesting extension of time to file fee application (.7)
Prepare proposed order granting same (.4)

**Retention/Fee Application    4.50 hours ($2,205.00)**

04/11/23 2.80
Review/revise Newsom declaration of disinterestedness (.2)
Review/comment on D Adams declaration of disinterestedness (.2)
Prepare application to retain NCRS (database service provider) and D Adams (fee reviewer) (1.8)
Prepare order approving retention of NCRS and D Adams (.6)

04/12/23 1.20
Revise application to retain NCRS and D Adams (.6)
Revise order approving same (.2)
Prepare notice of presentment (.4)

04/13/23 .30
Revise NCRS/Adams employment application and order per comment from US Trustee (.3)

05/1/23 .20
Review order on retention of NCRS/Adams and email Judge Wiles Chambers re same (.2)

**Fee Application Review/Preliminary Reports    87.00 hours ($42,630.00)**

04/16/23 .70
Review Kirkland expenses and prepare list of back up to be requested (.7)

04/17/23 1.50
Review McDermott expenses and prepare notes to request certain information (.6)
Review Katten expenses (.4)
Review ArentFox expenses (.1)
Review Paul Hastings expenses and prepare notes to follow up (.4)

04/18/23 3.00
Review Katten retention application, engagement letter, retention order, objection, order on objection (.8)

Review Katten fee application (narrative, exhibits, time records) and prepare notes on issue for further review (1.5)
Prepare rate change chart for Katten (.5)
Review FTI expenses (.2)

04/20/23  3.10
Analyze Katten time records for vagueness, non-compensable work, staffing (1.5)
Review/revise rate change chart for Katten (.4)
Prepare preliminary report on Katten's first interim fee application and revise same (1.2)

04/21/23  4.20
Review ArentFox retention application, retention order, declaration regarding rate increases (.4)
Review ArentFox fee application and time records and take notes (1.2)
Analyze ArentFox January 2023 hours, calculate rate increase differential and prepare chart (.6)
Prepare preliminary report for ArentFox first fee application (1.1)
Analyze/extrapolate time records and prepare exhibits B and C to preliminary report for ArentFox (.9)

04/23/23  6.30
Review Quinn retention application, engagement letter, order approving retention (.6)
Review three supplemental declarations of Quinn (.3)
Review objection to Quinn first fee application and review notes from US Trustee/fee examiner conference on Quinn fee application (.3)
Review Quinn second interim fee application including all time records and prepare notes (1.6)
Analyze time records in database and prepare Exhibits A, B, C to Quinn preliminary report (1.2)
Prepare preliminary report on Quinn second fee application (2)
Review FTI expenses against time records (.3)

04/24/23  7.10
Review FTI retention application, order, and two supplemental declarations (.7)
Review FTI fee application and time records (2.5)
FTI: extrapolate time, research rates, and prepare rate adjustment chart (.8)
Begin preparation of FTI preliminary report (overview, sections A, B, C) (1)
FTI: prepare Exhibit B (.4)
Review time of FTI on Celsius 4001 motion, prepare section of preliminary report and prepare exhibit (.5)
FTI: search/review time records for vagueness, prepare section to preliminary report re same (.7)
FTI: search/review time records for excessive email time and prepare section of preliminary report (.5)

04/25/23  1.00
Review Harney draft preliminary report and email D Adams re same (.2)
Review Epiq preliminary report (.2) and email D Adams re same (.2)
Review Cassels preliminary report and email D Adams re same (.2)
Review Potter preliminary report and email D Adams re same (.2)

04/27/23  1.50
Telephone call D Adams to go over eight preliminary reports for consistency, recommendations, US Trustee issues, outstanding issues (1.5)

04/28/23  3.10
Review creditor objection to Paul Hastings monthly fee statement (.2)
Review Paul Hastings rate change notice, calculate effective date, prepare Exhibit A (rate change chart) (1)
Paul Hastings: review time entries under retention/fee application and annotate objectionable entries (.6)
Review documents relating to Paul Hastings retention: ordinary course professional declaration, application to retain Paul Hastings, Dagnoli objection, supplemental declaration of Paul Hastings, second supplemental declaration, US Trustee objection, reply of Paul Hastings (1.3)

04/30/23  9.30
Review Paul Hastings first fee application, narrative, exhibits and time records (2.8)
Review Paul Hastings second fee application narrative, exhibits and time records (2.6)
Begin preparation of Paul Hastings preliminary report: overview, rate change section, non-compensable time (.8)
Analyze Paul Hastings retention/fee application category (both fee applications) and prepare preliminary report section to cover objectionable time entries (1.2)
Prepare exhibits B, C, D, E for Paul Hastings preliminary report (1.9)

05/01/23  1.90
Review Paul Hastings application for transitory timekeepers and prepare portion of preliminary report re same (.4)
Review Paul Hastings time records for scope of retention issues, prepare chart, prepare section of preliminary report (.7)
Address computation error in report (.1)
Paul Hastings: prepare two charts on vague time entries (.4) and prepare section of report re same (.3)

05/2/23  9.70
McDermott: analyze and extrapolate January time to prepare rate adjustment chart (.7)
McDermott: review narrative of fee application, retention order, supplemental declaration, and certain exhibits (1.4)
McDermott: Review time records for 20 of 23 categories and take notes (3.8)
McDermott: prepare preliminary report (2.2)
McDermott: prepare four exhibits (1.6)

05/5/23  2.60
McDermott: completed review of time entries for three categories (1.2)
McDermott: further preparation of preliminary report (.9)
McDermott: review/revise preliminary report (.5)

05/6/23  5.90
McDermott: analysis of one timekeeper's time; prepare section in report addressing same (1.4)
Revise McDermott preliminary report (.4)
Review Deloitte preliminary report, revise same, quality check certain numbers (.6)
Review/revise Berkeley preliminary report, review underlying retention documents (1)
Kirkland: review retention application, first supplemental declaration, order approving retention, second supplemental declaration, third supplemental declaration (1.3)
Kirkland: review/analyze/calculate rate increase adjustment (1.2)

05/7/23  9.00
Kirkland: review fee application (narrative, exhibits w/out time records) (.7)
Kirkland: review four months of expenses, take notes (1.2)
Kirkland: spot check overtime meals, overtime transportation, research charges for non-conforming expenses (.9)
Kirkland: review 27 potential transitory timekeepers and prepare objection list (1)
Kirkland: review work done in connection with conflict checks and prepare objection exhibit (.6)
Kirkland: review time records under 19 categories and take notes (2.8)
Kirkland: review time of two paraprofessionals (vague/necessity) and prepare two charts (.4)
Kirkland: analyze number of attendees at court hearings (.7)
Kirkland: prepare chart on case administrator time (.3)
Kirkland: prepare two charts on time spent on certain motions (.4)

05/8/23  8.00
Kirkland: complete review of time records and prepare notes (2.2)
Prepare Kirkland preliminary report (2.8); and review/revise same (.6)
Prepare several exhibits to Kirkland preliminary report (.5)
Review/revise M3 preliminary report and review exhibits (.3)
Review/revise eight preliminary reports and review exhibits (1.6)

05/9/23  2.30
Review/revise five preliminary reports and review exhibits (1.3)
Kirkland: extrapolate time re addressing US Trustee comments to fee applications (.3)
Revise Kirkland preliminary report (.5)
Several emails D Adams, M Newsom (NCRS) re Deloitte fee application, time records (.2)

05/10/23  3.60
Revisions to Kirkland preliminary report and exhibits (.8)
Revise Berkeley preliminary report (.6)
Revise Paul Hastings preliminary report (.8)
Revisions to McDermott preliminary report, coordinate exhibits (1)
Revise Deloitte report (.4)

05/11/23  2.10
Revisions to Berkeley preliminary report and to Exhibit A (.5)
Review fee examiner order for coverage of first fee application of Deloitte (.1)
Review/finalize ten preliminary reports and coordinate exhibits (1.5)

05/12/23  .80
Review/revise preliminary report of Deloitte of two fee applications (.8)

05/13/23  .30
Review back up for McDermott expenses (.3)

**Communications (with Retained Professionals)    16.60 hours  ($8,134.00)**

04/25/23  .10
Paul Hastings: review notes on expenses and email M Murphy for supporting documentation on certain expenses (.1)

04/27/23  .10
Miscellaneous emails: to Paul Hastings regarding second fee application, to US Trustee re certain fee application issues; from pro se account holder re fee review (.1)

05/1/23  .20
Review McDermott expenses and request back up from McDermott (.1)
Request back up documentation from Berkeley for expenses (.1)

05/7/23  .10
Email S Golden re back up for certain expenses (.1)

05/10/23  .20
Email S Golden on Deloitte first fee application exhibits omitted (.1)
Email Grant Thornton re LEDES data, timing (.1)

05/12/23  1.90
Email to Deloitte re preliminary report/response from Deloitte, reply to same (.2)
Email preliminary report to Harney, response and reply to same (.2)
Email preliminary report to Berkeley, response from Berkeley re expenses backup/reduction (.2)
Email preliminary report to ArentFox, reply from ArentFox (resolved) (.2)
Email preliminary report to McDermott, response emal with expense back up (.2)
Emails with preliminary reports to: Katten, Quinn, Kirkland, Epiq, Paul Hastings, M3, FTI, Cassels, Potter (.9)

05/15/23  .10
Email from/to S Garbato (Epiq) re response to preliminary report (.1)

05/16/23  .10
Email from/to N Levine (Cassels) re resolution (.1)

05/17/23  1.00
Email from/to N Levine (Cassels) re reduction/exchange rate (.1)
Review/analyze detailed response from McDermott on issues raised in preliminary report and prepare notes (.4)

Reply email to D Azman re issues raised in preliminary report (McDermott) (.2)
Prepare for conference with McDermott on preliminary report (.3)

05/18/23 .40
Telephone call D Azman re preliminary report on McDermott fees (.3)
Follow up email D Azman re same (.1)

05/19/23 .50
Zoom J Boffi, R Winning (M3) re preliminary report (resolved) (.2)
Review invoices from Paul Hastings for expenses and email from/to M Miceli re same (.3)

05/21/23 .60
Prepare for zoom conference with Paul Hastings: review Paul Hastings preliminary report and
exhibits for two fee applications, review Paul Hastings retention order, prepare notes (.6)

05/22/23 2.70
Zoom conference Paul Hastings (M Murphy, M Micheli, A Glogowski) re discussion of
preliminary report and resolutions (.5)
Re-review open issues on Paul Hastings preliminary report/reply to objection to retention (.4)
Review response from Katten and underlying entries which were objectionable (.3)
Detailed e-memo to reply to Paul Hastings (.4)
Review Deloitte response to preliminary report and email Deloitte re same (.3)
Telephone call D Adams re review responses and replies to Katten, FTI, Deloitte, Potter, Paul
Hastings (.8)

05/23/23 1.50
Email response from FTI, reply to same (.1)
Zoom with Z Russell at Quinn re resolving issues in preliminary report (.3)
Follow up summary email to Z Russell re same (.1)
Zoom Berkeley (M Renzi, P Farley, M Havercamp) re issues raised in preliminary report and
overview of work performed (1)

05/24/23 1.90
Telephone call A Smith, S Golden re Kirkland preliminary report and resolutions (.7)
Review counterproposal and back up from Berkeley, analyze numbers and prepare response (.7)
Prepare for conference with Katten (.2)
Prepare for conference with Deloitte (.3)

05/25/23 2.70
Zoom with Deloitte (Young, Rothchild, Aboulas, Turlenson) concerning issues raised in
preliminary report (.4)
Review Deloitte issues and Deloitte's offer to reduce to establish revised offer (.2)
Zoom conference with J Calandra, J Evans (McDermott) re discussion of potential excessive
time and resolution (.4)
Follow up notes from McDermott conference and email to D Azman confirming reductions (.1)
Email from/to Quinn (Z Russell) re agreement on reductions (.1)

Receipt/review Kirkland proposal, review notes from zoom, email reply proposal (.4)
Telephone call M Renzi re Berkeley counterproposal, potential resolution (.3)
Telephone call D Adams re Berkeley open issues, Kirkland open issues, Deloitte proposed counter proposal (.5)
Re-review Berkeley notes, calculate reply, email M Renzi re same (.3)

05/26/23  1.00
Email to Deloitte re counterproposal (.1)
Telephone call M Rothchild (Deloitte) re resolution (.3)
Email from A Smith (Kirkland) re resolution; calculate/itemize reductions and reply to same (.4)
Review email from Paul Hastings re resolution on reductions and reply to same (.2)

05/27/23  .10
Emails Kirkland (A Smith. S Golden) re resolution (.1)

05/30/23  1.20
Extrapolate summaries from draft final report/send 13 emails to professionals to confirm (1.1)
Email from/to/from M Rothchild (Deloitte Tax) re changes to Deloitte Tax summary (.1)

05/31/23  .20
Telephone call M Renzi (Berkeley) re resolution and email summary in report (.1)
Email to/from Z Russell re Quinn summary (.1)


**Communications (with US Trustee)   3.70 hours  ($1,813.00)**

04/11/23  .10
Email R Morrissey re discussion of first interim fee applications (.1)

04/12/23  .10
Emails with US Trustee re NCRS/D Adams retention application (.1)

04/13/23  .10
Email from/to US Trustee re inquiry on NCRS/Adams employment application (.1)

04/18/23  .20
Prepare/send agenda to US Trustee for 4/20 call (.2)

04/20/23  1.60
Zoom conference R Morrissey and M Bruh from US Trustee's office to go over their review of each first interim fee application, communications with professionals, bases of rate reductions, and to address expense protocols (1.6)

04/26/23 .60
Telephone call R Morrissey to discuss status of case, 4/26 hearing, timing of effective date,
inquiry of account holder (.2)
Telephone call M Bruh re FTI first interim fee application and negotiations, and second interim
fee application (.4)

04/28/23 .20
Telephone call R Morrissey re Celsius claim motion (.2)

05/18/23 .50
Telephone call R Morrissey re 5/17 hearing, fees (.5)

05/23/23 ,20
Email to/from R Morrissey re fee applications for fee examiner post-effective date (.2)

05/30/23 .10
Email to R Morrissey re portion of report addressing first interim fee applications (.1)


**Final Report    20.60 hours    ($10,094.00)**

05/12/23 .50
Prepare fee/expense reductions chart (.5)

05/15/23 .70
Prepare outline of Final Report (.7)

05/20/23 5.80
Prepare portions of first draft of Final Report (10 sections) (5.8)

05/21/23 7.60
All day work on preparation of Final Report: review/revise report drafted to date (1.8); prepare
12 of 14 sections of report on individual fee applications (5.8)

05/22/23 .70
Revisions/updates to Final Report (.7)

05/23/23 .30
Revise final report to update for resolutions (.3)

05/25/23 1.10
Revise/update final report for resolutions and update Exhibit A (1.1)

05/26/23 2.00
Calculate reduction allocation of Paul Hastings as between two fee applications (.3)
Revise final report and Exhibit A to update for Paul Hastings resolution (.4)

Calculate Deloitte allocation as between two fee applications, revise Exhibit A to report, revise section of report on Deloitte (.5)
Review/revise final report (.8)

05/27/23  .20
Update final report and exhibit A (.2)

05/29/23  .50
Review/incorporate D Adams' comments to Final Report (.5)

05/30/23  .20
Revise final report for technical changes based on confirmation from professionals (.2)

05/31/23  1.00
Revise report re: Berkeley (.2)
Final review/revise, finalize final report and Exhibit A (.8)

**Voyager Digital Holdings, Inc.,** *et al.*

**Time Records**
**Lori Lapin Jones, Esq.**

**June 1, 2023 – June 30, 2023**


**General Administration   3.80 hours  ($1,862.00)**

06/01/23  .20 hours
Efile First Report; emails Stretto re service (.1)
Email Report to US Trustee; email Report to Chambers (.1)

06/05/23  .40 hours
Email S Goldman, D Azman, A Smith, R Morrissey re letter application and proposed order to
extend deadline for Fee Examiner to file fee applications and review replies re same (.1)
Finalize letter application and order to extend time/set deadline for Fee Examiner to file fee
applications; efile same; submit order to Chambers re same (.3)

06/10/23  1.00 hours
Review draft fee order, quality check numbers; provide detailed comments (1)

06/12/23  .40 hours
Review revised fee order and email comments to Z Piech re same (.4)

06/13/23  1.20 hours
Prepare for fee hearing: review Final Report, pro se fee objection, reply, agenda, and prepare
notes (1.2)

06/14/23  .30 hours
Pre-hearing emails with US Trustee; review filings (status report, proposed fee order)(.3)

06/20/23  .30 hours
Efile three monthly fee statements, email R Morrissey re same; email Stretto re service (.3)


**Communications (with Retained Professionals)    .30 hours  ($147.00)**

06/01/23  .20 hours
Email from/to/from/to A Smith re First Report on Kirkland fees (.2)

06/13/23  .10 hours
Miscellaneous emails with Kirkland re 6/14 hearing, order (.1)

**<u>Court Hearings    1.10 hours ($539.00)</u>**

06/14/23  1.10 hours
Attend fee hearing (1.1)

**<u>Retention/Fee Applications    1.40 hours ($686.00)</u>**

06/01/23  1.40 hours
Prepare first combined first monthly fee statement (two months); revise same (1.4)

**Voyager Digital Holdings, Inc.,** *et al.*

**Time Records**
**Lori Lapin Jones, Esq.**

**July 1, 2023 – July 31, 2023**

**General Administration   1.20 hours  ($ 588.00)**

07/02/23 .70 hours
Review fee examiner appointment order for deadlines and communications with all parties re
timetable for final fee applications and submission of data (.3)
Emails with M Newsom re preparation of tracking chart (.1)
Review/quality check fee tracker and email M Newsom re same (.3)

07/09/23 .40 hours
Telephone call D Adams re fee application assignments, expenses, timetable (.3)
Email D Adams re expense back up and email P Farley (BRG) re same (.1)

7/25/23 .10 hours
Emails D Adams re BRG expenses (.1)

**Retention/Fee Application    .60 hours ($ 294.00)**

07/01/23 .60 hours
Prepare June 2023 monthly fee statement (.6)

**Fee Application Review/Preliminary Reports  36.30  hours  ($ 17,787.00)**

07/08/23 2.80 hours
Review Epiq fee application and time records (.7) and prepare list of issues (.2)
Review Grant Thornton retention application, order, engagement letter and three statements of
work (.9)
Review Grant Thornton fee application and take notes (1)

07/15/23 9.40 hours
Prepare preliminary report (Epiq) and chart (.7)
Prepare Grant Thornton preliminary report (.9)
Extrapolate time entries, prepare, calculate two charts for Grant Thornton (.4)
Review Harney third fee application and all time records (.6)
Prepare Harney preliminary report (.4)
Prepare Harney Exhibit A (.3)
Review Cassels fee application and time records (.9)

Prepare Cassels preliminary report (.4)
Review Quinn fee application and time records (1.3)
Prepare Quinn preliminary report and one chart (.4)
Quality check calculation of overall fees in Quinn application (.2)
Review M3 fee application and time records (1.1)
Review Arent Fox fee application and time records and take notes (1.1)
Prepare Arent Fox preliminary report and chart (.7)

07/16/23 3.80 hours
Continued review of M3 time on specific issues (hearing attendance, fee application/statements,
miscellaneous issues (and extrapolate time entries (1.2)
Prepare/revise M3 preliminary report (1)
Review Paul Hastings fee application, all time records, and prepare notes (1.6)

07/19/23 1.80 hours
Prepare Paul Hastings preliminary report (1)
Extrapolate time entries to prepare charts for Paul Hastings (.8)

07/25/23 1.90 hours
Review Katten fee application and time records and prepare notes (1.9)

07/26/23 3.80 hours
Focused review on Katten time records on specific issues (non-compensable, math errors,
staffing) and prepare four charts (2.2)
Prepare Katten preliminary report (1.4)
Review McDermott time entries with math errors and calculate same (.2)

07/29/23 5.00 hours
Review Kirkland fee application (not time records) and preliminarily review expenses (1.2)
Review McDermott fee application (w/out time records) and work on reconciling numbers on
categories chart/time billed (1.5)
Review 13 categories of time entries (McDermott) and prepare notes (2.3)

07/30/23 3.80 hours
Review 11 categories of McDermott time records and prepare notes re same (3.8)

07/31/23 4.00 hours
Prepare McDermott preliminary report (2.8)
Prepare McDermott exhibits to preliminary report (1.2)

**<u>Communications (with Retained Professionals)  1.00 hours  ($ 490.00)</u>**

07/08/23 .30 hours
Send 7 emails to professionals requesting fee data (.3)

07/11/23 .50 hours
Teams meeting with A Lehmann, C Love (Grant Thornton) to address rates billed and two
statements of work (.5)

07/29/23 .10 hours
Email S Golden/A Smith re charts for third interim fee period and expense back up (.1)

07/30/23 .10 hours
Email D Azman re request for back up for certain expenses (.1)

**Voyager Digital Holdings, Inc.,** *et al.*

**Time Records**
**Lori Lapin Jones, Esq.**

**August 1, 2023 – August 31, 2023**

**General Administration   .10 hours  ($49.00)**

08/23/23  .10
Update tracking chart for settlements (.1)

**Retention/Fee Application  .30 hours  ($147.00)**

08/20/23  .30
Review three fee statements (Jones, Adams, NCRS), efile same, and email Stretto re service (.3)

**Fee Application Review/Preliminary Reports  22.70   hours  ($11,123.00)**

08/01/23  .50
Review charts provided by Katten for second interim fee application (.1)
Update Katten preliminary report (.4)

08/02/23  .50
Review expense backup from McDermott (.3)
Review/revise McDermott preliminary report (.2)

08/03/23  1.50
Review/revise Potter preliminary report and email D Adams re same (.3)
Review/revise FTI preliminary report and charts and email D Adams re same (.4)
Review/revise Deloitte preliminary report and email D Adams re same (.3)
Review/revise Berkeley preliminary report and emails D Adams re same (.5)

08/04/23  5.80
Reviewed 18 of 20 categories of Kirkland time records and prepare notes (5.2)
Prepare two charts for Kirkland preliminary report (.3)

08/05/23  6.00
Complete review of Kirkland time records and prepare notes (1)
Analyze Kirkland time records for staffing at hearings, transitory timekeepers, invoice review,
vague, non-compensable; extrapolate time entries and prepare four charts (2.9)
Prepare Kirkland preliminary report and revise same (2.1)

08/06/23  3.90
Review/revise/finalize Epiq preliminary report with exhibits (.2)
Review/revise/finalize Harney preliminary report with exhibit (.2)
Review/revise/finalize ArentFox preliminary report and modify exhibit (.4)
Review/revise/finalize Quinn preliminary report with exhibit (.2)
Review/revise finalize M3 preliminary report (.2)
Review/revise/finalize Grant Thornton preliminary report (.3)
Review/revise/finalize Paul Hastings preliminary report and modify one chart (.5)
Review/revise/finalize Katten preliminary report (.4)
Review/revise/quality check McDermott preliminary report and revise certain exhibits (1.1)
Review/revise Kirkland preliminary report (.4)

08/07/23  .90
Review/finalize Potter preliminary report (.2)
Review/finalize FTI preliminary report (.4)
Review Deloitte preliminary report and follow up on transitory timekeepers (.3)

08/08/23  .40
Finalize Deloitte preliminary report with charts (.1)
Review/revise/finalize Berkeley preliminary report (.3)

08/09/23  1.70
Review Kirkland backup for expenses (.3)
Revise Kirkland preliminary report and finalize same (.9)
Review/revise McDermott preliminary report (.2)
Review Cassels time post-effective date and revise preliminary report (.3)

08/10/23  1.50
Review four emails from Berkeley with expenses ad email D Adams re same (.1)
Revise/finalize Cassels preliminary report (.1)
Coordinate 15 preliminary reports with exhibits and download each report for transmission to
professionals (1.4)


**Communications (with Retained Professionals)   9.35 hours  ($4,581.50)**

08/11/23  1.20
Transmitted reports to 15 professionals with emails (1)
Email responses from ArentFox, Quinn, Potter, Harney (.1)
Email from/to S Golden (Kirkland) re inquiry on particular expenses and review notes re same
(.1)

08/14/23  .25
Review detailed email response from FTI (M Cordasco) on proposed reductions and reply to
same (.25)

08/15/23  1.90
Email from/to FTI (M Cordsco) re resolution on FTI fee application (.1)
Prepare for Zoom conference with Berkeley (.1)
Zoom conference with Berkely re resolution (.2)
Prepare for Zoom conference with McDermott (.3)
Zoom conference with McDermott (D Azman, G Steinman) re resolution, calculate reductions,
and follow up emails regarding same (.5)
Review Potter (S Rizvi) email, review prior preliminary report, response email to Potter (.3)

08/16/23  .10
Email from Potter (S Rizvi) re resolution and update chart re same (.1)

08/20/23  .50
Review email from N Levine (Cassels) and back up for disbursements and time records for post-
effective date time (.4)
Email N Levine (Cassels) re resolution (.1)

08/21/23  .60
Review status of resolutions and send six emails to professionals to follow up on preliminary
reports (.2)
Review Katten response to preliminary report, review report, email reply (.4)

08/22/23  .30
Review Deloitte response and transitory timekeeper chart and reply to same (.3)

08/23/22  .90
Review M3 preliminary report and back up in preparation for call (.2)
Zoom R Winning, J Boffi re preliminary report, resolution (.2)
Follow up email M3 re resolution (.1)
Email from/to M Rothchild re resolution with Deloitte (.1)
Review Epiq response and reply (.2)
Emails to/from/to Kirkland (S Golden) re meeting to go over preliminary report (.1)

08/24/23  .80
Prepare for Zoom conference with Grant Thornton: review preliminary report and charts, review
supplemental submissions from Grant Thornton (.3)
Zoom conference with A Lehmann and C Love (Grant Thornton) re preliminary report (.5)

08/25/23  1.20
Prepare for meeting with Kirkland (review preliminary report, prepare grid) (.3)
Zoom conference with S Golden, A Smith re preliminary report (.3)
Prepare follow up notes and prepare calculations on Kirkland fees and expenses (.4)
Emails to/from/to/from S golden/A Smith re proposed resolution (.2)

08/26/23  1.00
Extrapolate 15 excerpts from final report and 15 emails to professionals re same (1)

08/27/23 .40
Several emails from professionals confirming excerpts for final report (.1)
Email from/to Katten (S Rosenberg) re changes to excerpt (.3)

08/29/23 .10
Emails from professionals confirming report excerpts (.1)

08/30/23 .10
Email to/from G Steinman re report (.1)


**Final Report  19.50 hours  ($9,555.00)**

08/15/23 .40
Work on Exhibit A to final report to reflect agreed to reductions to date (.4)

08/20/23 2.80
Preparation of first 11 pages of Final report (2.8)

08/21/23 .60
Revise Final Report (.6)

08/22/23 .40
Work on Exhibit A to final report (.4)

08/23/23 3.20
Preparation of nine sections of final report and review/revise same (3.2)

08/24/23 4.60
Prepare seven sections of final report (3.8)
Extrapolate hours, timekeepers for data for final report (.8)

08/25/23 3.30
Continue work on final report: incorporate changes, quality checking numbers, revisions (2.2)
Prepare exhibit A to final report (1.1)

08/26/23 1.20
Review/revise final report (1.2)

08/27/23 1.40
Revise Kirkland excerpt and email S Golden re same (.2)
Review revised Exhibit A (.2)
Review/revise final report (1)

08/29/23  1.20
Prepare section of final report on final fee requests and revise same (.4)
Final revisions to final report (.8)

08/30/23  .40
Prepare final report for filing; file report; email copy of report to Chambers; email to Stretto re
service (.4)

**Voyager Digital Holdings, Inc.,** *et al.*

**Time Records**
**Lori Lapin Jones, Esq.**

**September 1, 2023 – September 15, 2023**

**General Administration  3.00  hours  ($1,470.00)**

09/06/23 .20 hours
Review objection to fees (.2)

09/10/23 1.30 hours
Review proposed fee order and schedules for final fee applications for professionals and quality check same (1)
Review Kirkland reply to fee objection (.1)
Review McDermott reply to fee objection (.1)
Review agenda for 9/13 hearings (.1)

09/12/23 1.40 hours
Review revised omnibus fee order and email N Adzima re same (.2)
Prepare for 9/13 final fee hearings including review of final report, objection, replies, calculate reductions (1.2)

09/13/23 .10 hours
Review revised order filed on docket (.1)

**Retention/Fee Application  5.50  hours  ($2,695.00)**

09/04/23 .50
Begin preparation of first and final fee application (.5)

09/07/23 1.40 hours
Review/revise first/final fee application (.8)
Prepare Notice of Hearing of final fee applications (.6)

09/10/23 .30 hours
Review/comment on D Adams final fee application (.3)

09/14/23 1.00 hours
Review/revise NCRS first/final fee application (.3)
Prepare order granting fee applications for fee examiner and her professionals (.7)

09/15/23  2.30 hours
Finalize fee applications for D Adams and NCRS and coordinate exhibits (.5)
Finalize Fee Examiner fee application and coordinate exhibits (.5)
Review/revise/finalize notice of hearing on fee applications (.3)
*Estimated future time*: 1 hour (filing applications, arranging for service, preparing for and attending hearing on fee applications, updating order)

**Communications (with Retained Professionals)  .30  hours  ($147.00)**

09/10/23 .30 hours
Detailed email to N Adzima re comments to proposed omnibus fee order (.3)


**Court Hearings   1.10 hours ($539.00)**

09/14/23 1.10 hours
Attendance at hearing on final fee applications (1.1)

# EXHIBIT D

## **Expenses**

Copying/Printing  $52.60  (526.00 pages @ .10 per page)

    April/May 2023  $24.70

    August 2023      $17.60

    September 2023  $10.30

# EXHIBIT E

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[2] | Case No. 22-10943 (MEW) |
| Debtors. | (Jointly Administered) |

--------------------------------------------------------x

Certification Of Lori Lapin Jones, Esq.
In Support Of First And Final Application Of Lori Lapin Jones, Esq., Independent Fee Examiner
For Compensation For Services Rendered And Reimbursement Of Expenses Incurred
For The Period From April 10, 2023 Through September 15, 2023

Lori Lapin Jones, Esq. hereby certifies that:

1. I am an attorney and sole member of Lori Lapin Jones PLLC. I serve as Independent Fee Examiner ("Fee Examiner") in the above-captioned Chapter 11 cases. I am admitted to practice in this Court. I make this certification in support of the First And Final Application Of Lori Lapin Jones, Esq., Independent Fee Examiner For Compensation For Services Rendered And Reimbursement Of Expenses Incurred For The Period From April 10, 2023 Through September 15, 2023 ("Application")

2. I have reviewed Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York ("Local Bankruptcy Rules"), General Order M-447, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, amended as of June 17, 2013, promulgated pursuant to Local Bankruptcy Rule 2016-1(a) ("Local Guidelines"), and

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

the United States Trustee's Guidelines for Reviewing Applications for Compensation and

Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11

Cases, effective November 1, 2013 ("U.S. Trustee Large Case Guidelines").

3. I am a Certifying Professional as defined in the Local Guidelines.

4. I have read the Application and to the best of my knowledge, information, and belief,

formed after reasonable inquiry, except as specifically indicated to the contrary, (a) the

Application complies with the Local Bankruptcy Rules and Local Guidelines, (b) the fees sought

by Lori Lapin Jones, Esq. are discounted by approximately 25%, (c) expenses sought by

Lori Lapin Jones, Esq. are billed in accordance with practices customarily employed and

generally accepted by clients, and (d) Lori Lapin Jones, Esq. does not make a profit on expenses

billed.

5. To the extent the U.S. Trustee Large Case Guidelines apply, I represent as follows:

Question: If the fees sought in this fee application as compared to the fees budgeted for
the time period covered by this fee application are higher by 10% or more, did you
discuss the reasons for the variation with the client?

Answer: N/A.

Question: Have any of the professionals included in this fee application varied their
hourly rate based on geographic location of the bankruptcy case?

Answer: No.

Question: Does the fee application include time or fees related to reviewing or revising
time records or preparing, reviewing, or revising invoices? (This is limited to work
involved in preparing and editing billing records that would not be compensable outside
of bankruptcy and does not include reasonable fees for preparing a fee application). If so,
please quantify by hours and fees.

Answer: No.

Question: Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, quantify by hours and fees.

Answer: No

Question: If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when the retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

Answer: N/A.


Dated: Great Neck, New York
        September 15, 2023

                                        /s/ Lori Lapin Jones
                                        Lori Lapin Jones, Esq.
                                        Independent Fee Examiner

                                        Lori Lapin Jones PLLC
                                        98 Cutter Mill Road – Suite 255 South
                                        Great Neck, New York 11021
                                        Telephone: (516) 466-4110