Diana G. Adams, Esq.
602 Main Street – P.O. Box L
Hobart, New York 13788
Telephone:  (607) 643-2455
Fee Reviewer


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:                                                      Chapter 11

VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1]      Case No. 22-10943 (MEW)

                                    Debtors.        (Jointly Administered)


-------------------------------------------------------------x

### FIRST AND FINAL APPLICATION OF DIANA G. ADAMS, ESQ., FEE  REVIEWER, FOR COMPENSATION FOR SERVICES  RENDERED FOR THE PERIOD FROM APRIL 11, 2023 THROUGH SEPTEMBER 10, 2023

TO THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE:

Diana G. Adams, Esq., the Fee Reviewer ("Fee Reviewer"), in the above captioned jointly

administered cases, hereby submits this first and final application ("Application") for

compensation pursuant to section 105 (a) of Title 11 of the United States Code and the Fee

Reviewer Order (defined below) for the period from April 11, 2023 through September 10, 2023

("Compensation Period")and respectfully represents as follows.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

BACKGROUND

1.    On July 5, 2022, the above-captioned debtors ("Debtors") each filed petitions under

Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code") in the United States

Bankruptcy Court for the Southern District of New York ("Bankruptcy Court"). The Debtors

remained in possession of their assets and operation of their businesses as debtors-in-possession.

No trustee was appointed. At the outset of the Debtors' cases, a committee of creditors

("Creditors' Committee") was appointed.

2.    The Bankruptcy Court confirmed a Chapter 11 plan (as modified, corrected,

supplemented, and amended, the "Plan") by Order dated March 8, 2023, as corrected by Order

dated March 10, 2023 ("Confirmation Order"). The Confirmation Order was appealed and

subsequently stayed by the United States District Court for the Southern District of New York

("District Court") which stay the District Court subsequently extended. Thereafter, the District

Court approved the Joint Stipulation and Order Regarding the Stay Pending Appeal whereby the

stay of the Confirmation Order was lifted except as to an exculpation provision in the Plan. As a

result, the Plan was able to go effective.

3.    On April 10, 2023, the Bankruptcy Court entered the Order Appointing

Independent Fee Examiner and Establishing Related Procedures for the Review of Fee

Applications of Retained Professionals ("Fee Examiner Order") (Doc 1277). Pursuant to the Fee

Examiner Order, Lori Lapin Jones, Esq. was appointed Fee Examiner ("Fee Examiner").

4.    On April 11, 2023, the Court signed the Order Authorizing The Retention By The

Independent Fee Examiner Of (A) National CRS, LLC As Database Service Provider And (B)

Diana G. Adams As A Fee Reviewer ("Fee Reviewer Order") (Doc 1367).   Pursuant To The Fee

Reviewer Order, Diana G. Adams, Esq. was appointed Fee Reviewer. A copy of the Fee

Reviewer Order is annexed as Exhibit A.

5.   On May 18, 2023, the Bankruptcy Court entered the Order (I) Approving the

Liquidation Procedures and (II) Granting Related Relief. The effective date of the Plan was May

19, 2023.

## JURISDICTION AND VENUE

6.   This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334 and the

Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a

core proceeding pursuant to 28 U.S.C. § 157 (b). Venue is proper in this district pursuant to 28

U.S.C. § § 1408 and 1409.

7.   The legal predicates for the relief requested in this Application are section 105 (a) of

the Bankruptcy Code, the Fee Examiner Order, and the Fee Reviewer Order. The Fee Reviewer

Order provides that fees and expenses of the Fee Reviewer shall be subject to application and

review pursuant to Bankruptcy Code section 330 and in accordance with the Interim

Compensation Order (defined below).  Following the effective date of the Plan, the responsibility

to pay the fees and expenses of the Fee Reviewer shall be with the Wind-Down Debtors (as

defined in the Fee Examiner Order) from the Professional Fee Escrow Account (as defined in the

Fee Examiner Order).

## INTERIM COMPENSATION PROCEDURES/FINAL FEE APPLICATIONS

8.   On August 4, 2022, the Bankruptcy Court entered the Order (I) Establishing

Procedures for Interim Compensation and Reimbursement of Expenses for Retained

Professionals and (II) Granting Related Relief (Doc 236) ("Interim Compensation Order"). The

Interim Compensation Order sets forth Compensation Procedures (defined therein) which permit

retained professionals to be partially paid (80% of fees and 100% of expenses) on an interim and monthly basis through the filing of detailed monthly fee statements. As set forth above, the Compensation Procedures in the Interim Compensation Order apply to the Fee Reviewer.

9.  By Order Extending Time For The  Fee Reviewer And Her Professionals To File Applications For Compensation And Reimbursement Of Expenses dated June 6, 2023 (Doc 1441) ("Extension Order"), the Bankruptcy Court extended the deadline (to the extent the deadline for professionals to file fee applications applied to the Fee Examiner and her professionals) through and including the date that is 45 days after the conclusion of the hearing on final applications for compensation of the professionals of the Debtors and the Creditors' Committee (Extension Order ¶ 2). The hearing on the final fee applications of the Debtor and the Creditors' Committee was held and concluded on September 13, 2023.

### RELIEF REQUESTED/PRIOR PAYMENTS

10. By this Application, the Fee Reviewer seeks (a) an award of compensation in the amount of $29,720.00 for services rendered for the period April 11, 2023 through September 10, 2023. The Fee Reviewer does not seek reimbursement of expenses.

11. This is the Fee Reviewer's first and final application for compensation and reimbursement of expenses. In accordance with the Interim Compensation Order, the Fee Reviewer  filed Monthly Fee Statements for April/May 2023 and June/July 2023 (Docs. 1470 1564). There were no objections filed to the Fee Reviewer's Monthly Fee Statements. In accordance with the Interim Compensation Order, the Fee Reviewer was paid 80% of fees.  No expenses were requested. The amounts requested and paid on account of the Monthly Fee Statements are set forth on Exhibit B.  Since this Application is being filed in September 2023,

the Fee Reviewer has not filed Monthly Fee Statements for August 2023 and September 2023 but the time for these months is included in this Application.

## SUMMARY OF SERVICES RENDERED

12. The Fee Reviewer assisted the Fee Examiner in the review of compensation applications for two compensation periods. In summary, the Fee Reviewer: (a) reviewed twelve applications of eight professionals seeking an aggregate of fees in the amount of $10,406,500.00 and expenses in the amount of $73,807.23 for the second and third interim periods; (b) prepared twelve memoranda for the Fee Examiner of issues noted; (c) assisted the Fee Examiner in preparing exhibits to certain memoranda the Fee Examiner prepared; and (d) performed general administration tasks including tracking fee applications and deadlines, quality checking all dates, docket references, and figures in the Fee Examiner's reports, filing monthly fee statements, and filing this Application.

13. The services performed by the Fee Reviewer have been divided into the four categories described below.

a. _General Administration_ *(2.4 hours; $960.00)*

14. The work performed by the Fee Reviewer in this category consisted of general administration work as well as work that does not fall into the other categories of services. Specific work performed in this category includes: (i) start-up work in connection with each of the two rounds of fee application reviews including setting and tracking deadlines; (ii) reviewing relevant filings including the Fee Reviewer Order, Interim Compensation Order, and transcript of the hearing on approval of the first interim fee applications.

b. _Retention/Fee Applications (4.3 hours; $1,720.00)_

15. The work performed in this category consisted of: (i) preparation of combined Monthly Fee Statements for April/May 2023 and June/July 2023; and (ii) preparation of this Application.

c. _Fee Application Review/Preparation of Memoranda and Exhibits (63.1 hours; $25,240.00)_

16. A substantial portion of the work performed by the Fee Reviewer fell within this category and generally included: (i) reviewing twelve applications of eight professionals seeking an aggregate of fees in the amount of $10,406,500.00 and expenses in the amount of $73,807.23 for the second and third interim compensation periods; (ii) preparing twelve detailed memoranda for the Fee Examiner of issues noted; (iii) assisting the Fee Examiner in preparing certain exhibits to memoranda the Fee Examiner prepared; (iv)  analyzing time records for a multitude of issues; (v) reviewing expenses requested and analyzing support for certain expenses; and (vi) extrapolating time records and preparing charts on objections or potential objections which were annexed to memoranda.

d. _Final Reports (4.5 hours; $1,800.00)_

17.    The work performed by the Fee Reviewer in this category consisted of a quality check review of the extensive final reports prepared by the Fee Examiner for the second interim compensation applications and the third interim and final compensation applications (Docs 1425, 1568).

18.    The above description of work performed does not include each and every task performed by the Fee Reviewer.  Reference is made to the Fee Reviewer's time records annexed as Exhibit C.

<u>COMPLIANCE WITH APPLICABLE RULES AND FEE GUIDELINES</u>

19. Attached as <u>Exhibit D</u> is a certification of Diana G. Adams, Esq. that this Application complies with the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rules for the Southern District of New York, and applicable fee guidelines.

20. In accordance with section 504 of the Bankruptcy Code and Rule 2016 of the Federal Rules of Bankruptcy Procedure, no agreement or understanding exists between the Fee Reviewer and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases.

21. No agreement or understanding prohibited by 18 U.S.C. § 155 has or will be made by the Fee Reviewer.

<u>APPLICABLE LEGAL STANDARDS</u>

22. The authorization for the appointment of the Fee Reviewer was pursuant to section 105 of the Bankruptcy Code and the Fee Reviewer Order. Pursuant to the Fee Reviewer Order, application for fees and expenses is to be made in accordance with section 330 of the Bankruptcy Code.

23. Section 330(a) of the Bankruptcy Code provides for the compensation of reasonable and necessary services rendered by professionals, as follows:

(1)(A) reasonable compensation for actual, necessary services rendered by the … attorney and by any paraprofessional employed by any such person; and

(B) reimbursement for actual, necessary expenses.

\*\*\*

(3) In determining the amount of reasonable compensation to be awarded to…a professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including -

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases under this title.

11 U.S.C. § 330(a).

24. Viewed under the standards of section 330 (a) – or any other standard – the compensation requested by the Fee Reviewer is reasonable. Diana G. Adams, Esq. has been practicing in the bankruptcy field for over 35 years. Her hourly rate was reduced by twenty percent (to $400.00) for this engagement and is well below the hourly rates for similarly skilled professionals. The Fee Reviewer performed her work in an efficient and competent manner and in accordance with any applicable deadlines in the Fee Reviewer Order. Accordingly, the Fee Reviewer submits that the compensation request easily meets the standards of Bankruptcy Code section 330(a).

## NOTICE

25. Notice of this Application will be provided in accordance with the Bankruptcy Court's Interim Compensation Order. The Fee Reviewer submits that further notice of this Application is neither required nor necessary.

## NO PREVIOUS APPLICATION

26. Except for the submission of Monthly Fee Statements, as set forth in paragraph 11 above and Exhibit B hereto, no request for the relief requested herein has been sought from this or any other Court.

## CONCLUSION

27. The Fee Reviewer worked efficiently, competently, and at a reduced rate to carry out and complete her duties under the Fee Reviewer Order. The Fee Reviewer respectfully requests approval of this Application.

**WHEREFORE,** for the reasons set forth herein, the Fee Reviewer respectfully requests that the Bankruptcy Court enter an Order (a) awarding Diana G. Adams, Esq. on a final basis fees in the amount of $29,720.00 for the period April 11, 2023 through September 10, 2023, (b) directing the Debtors to pay outstanding fees, and (c) granting such other relief as is just and proper.

Dated: September 15, 2023
      Hobart, New York

                                        /s/ Diana G. Adams
                                        Diana G. Adams, Esq.
                                        Fee Reviewer
                                        Diana G. Adams
                                        602 Main Street – P.O. Box L
                                        Hobart, New York 13788
                                        Telephone:  (607) 643-2455
                                        Email:  diana.goldberg.adams@gmail.com

# EXHIBIT A

## Fee Reviewer Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re:                                          Chapter 11

VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1]      Case No. 22-10943 (MEW)

                                 Debtors.        (Jointly Administered)

------------------------------------------------------------x

## ORDER AUTHORIZING THE RETENTION BY THE INDEPENDENT FEE EXAMINER OF (A) NATIONAL CRS, LLC AS DATABASE SERVICE PROVIDER AND (B) DIANA G. ADAMS AS A FEE REVIEWER

Upon the application ("Application") of Lori Lapin Jones, Esq., Independent Fee

Examiner in the Voyager Digital Holdings, Inc., *et al.* chapter 11 cases ("Debtors"), seeking

entry of an order authorizing the employment and retention of National CRS, LLC ("NCRS") as

database service provider and Diana G. Adams, as a fee reviewer to the Independent Fee

Examiner and granting such relief as is just and proper dated April 13, 2023; and the Court

having reviewed the Application and the Declarations of Michael L. Newsom and Diana G.

Adams; and the Court being satisfied that NCRS and Diana G. Adams each do not represent an

interest adverse to the Debtors' estates, that each is a disinterested person as that term is defined

in section 101(14) of the Bankruptcy Code; and due and sufficient notice of the Application

having been given under the particular circumstances; and it appearing that no other or further

notice need be provided; and it appearing that the relief requested by the Application is in the

best interest of the Debtors, their estates, their creditors, and other parties in interest; and after

due deliberation thereon, and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Application is granted to the extent set forth herein.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (N/A); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

2. Pursuant to section 105(a) of the Bankruptcy Code and the Order Appointing Independent Fee Examiner and Establishing Related Procedures for the Review of Fee Applications of Retained Professionals entered April 10, 2023 [ECF No. 1277] ("Fee Examiner Order"), the Fee Examiner is authorized to employ and retain (a) NCRS as her database service provider effective April 11, 2023 and (b) Diana G. Adams as a fee reviewer effective as of April 11, 2023. The Fee Examiner, NCRS, and Diana G. Adams will use best efforts to avoid duplication of services.

3. NCRS and Diana G. Adams shall each apply for interim and final compensation and reimbursement of expenses in accordance with sections 330 and 331 of the Bankruptcy Code.

4. NCRS and Diana G. Adams shall each be entitled to the privileges under, and be subject to the terms and conditions of, the Order Establishing Procedures for Interim Compensation and Reimbursement for Retained Professionals [ECF No. 1277].

5. Prior to applying any increases in their respective hourly rates in these cases beyond the rates set forth in the Application, NCRS and Diana G. Adams shall each provide ten days' notice of any such increases to the Fee Examiner, the Debtors, the United States Trustee, the Creditors' Committee appointed in these cases and will file such notice with the Court.  NCRS and Diana G. Adams shall file a supplemental affidavit with the Court that explains the basis for any rate increase in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Fee Examiner has approved the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant

to section 330 of the Bankruptcy Code.

6. In the event of a conflict between the Application and the Declarations of Michael L. Newsom and Diana G. Adams and the express terms of this Order, this Order shall govern.

7. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated this 3rd day of May, 2023

s/Michael E. Wiles
HONORABLE MICHAEL E. WILES
UNITED STATES BANRUPTCY JUDGE

# EXHIBIT B

### Interim Applications/Monthly Fee Statements Summary

Interim Applications:  None

Monthly Fee Statements:

Combined First Monthly Fee Statement (April 11, 2023 – May 31, 2023) [Doc 1470]
  (a) Fees Incurred: $16,600.00
  (b) Fees Requested/Paid: $13,280.00 (80%)
  (c) Expenses Requested/Paid: None
  (d) Remaining Balance: $3,320.00

Second Monthly Fee Statement (June 1, 2023 – July 31, 2023) [Doc. 1564]
  (a) Fees Incurred: $8,080.00
  (b) Fees Requested/Paid: $6,464.00 (80%)
  (c) Expenses Requested/Paid: None
  (d) Remaining Balance: $1,616.00

Summary:*

Total Fees in Monthly Fee Statements: $24,680.00

Total Fees Paid on account of Monthly Fee Statements: $19,744.00 (80%)

Unpaid Fees based on Monthly Fee Statements: $4,936.00 (20%)

Total Expenses Requested in Monthly Fee Statements: None

*The Monthly Fee Statements cover the period April 11, 2023 through July 31, 2023. The Fee
Reviewer's time for the months of August 2023 and September 2023 is included in this Application but is
not included in any Monthly Fee Statement. Fees for August 2023 were $ $4,040.00 and fees for
September 2023 were $1,000.00.

# EXHIBIT C

## **Time Records**

**Case No. 22-10943 (MEW)**
**Voyager Digital Holdings, Inc. *et al*.**

| Date | Timekeeper | Task Code* | Description Task | Hours | Rate | Amount |
|------|-----------|-----------|------------------|-------|------|--------|
| 4/14/2023 | DGA | Admin | Prepare chart of professionals based on list from Debtors' counsel, including docket numbers for retention applications, supplemental declarations, if any, retention orders and fee applications and contact information | 1.10 | $400.00 | $440.00 |
| 4/16/2023 | DGA | Admin | Preliminary call with Fee Examiner re: timing, rate changes, expenses, division of assignments (.5) | 0.50 | $400.00 | $200.00 |
| 4/17/2023 | DGA | FAR | Review of Epiq retention application and engagement letter (.2); appointment order (.1), 2nd interim fee application, including summary charts and note issues (.3); Review of Harney retention application and supplemental declarations (.2); appointment order (.1), 2nd interim fee application, including summary charts and note issues (.3); Review of Cassels retention application and supplemental declarations (.2); appointment order (.1, 2nd interim fee application, including summary charts (.3); | 1.80 | $400.00 | $720.00 |

| 4/18/2023 | DGA | FAR | Review of Berkeley retention application, engagement letter, and supplemental declarations (.3); appointment order (.1), 2nd interim fee application, including summary charts and initial review of all expenses and note issues (.3); Review of M3 retention application, engagement letter (.2); appointment order (.1), 1st interim fee application, including summary charts (.3);  Review of Berkeley time records and note issues (.4); Review of Harney time records and note issues (.2) | 1.90 | $400.00 | $760.00 |
|---|---|---|---|---|---|---|
| 4/19/2023 | DGA | FAR | Review of Cassels time records (.4); draft memorandum and one exhibit re: same (.6); Review of Potter time records (.3) and draft memorandum re: same (.5) | 1.80 | $400.00 | $720.00 |
| 4/20/2023 | DGA | FAR | Begin drafting background information for memoranda for Fee Examiner on Harney (.3) and Epiq (.3) | 0.60 | $400.00 | $240.00 |
| 4/20/2023 | DGA | Admin | Call with L. Jones re: discussion with R. Morrisey and M. Bruh (US Trustees) on issues noted in first interim applications and expense limits. (.5) | 0.50 | $400.00 | $200.00 |
| 4/23/2023 | DGA | FAR | Input/quality review of two rate change charts for Katten (.3) and ArentFox (.3) | 0.60 | $400.00 | $240.00 |
| 4/25/2023 | DGA | FAR | Input/quality review of rate chart for FTI (.4);  Review of M3 time records (.5) and begin drafting memorandum re: M3 (.4) | 1.30 | $400.00 | $520.00 |

| 4/26/2023 | DGA | FAR | Create rate change chart for Berkeley (.8); revise Epiq memorandum (.2) | 1.00 | $400.00 | $400.00 |
|---|---|---|---|---|---|---|
| 4/27/2023 | DGA | FAR | Call with L. Jones to review and discuss 8 draft memoranda for quality checks and to ensure consistency in positions taken and recommended reductions (1.5) | 1.50 | $400.00 | $600.00 |
| 4/28/2023 | DGA | FAR | Review and revise Epiq memorandum (.2) and M3 memorandum (.4) based upon discussions with L. Jones; begin review of Berkeley time records including rebalancing (.4); review transcript of first interim fee application hearing (.7) | 1.70 | $400.00 | $680.00 |
| 4/29/2023 | DGA | FAR | Input/quality review of rate change exhibit for Paul Hastings (.4); continue review of Berkeley time records focusing on fee application time (.4) and participants at calls and meetings (1.2) | 2.00 | $400.00 | $800.00 |
| 4/30/2023 | DGA | FAR | Continue reviewing Berkeley time entries for various issues including for multiple participants on internal calls and meetings (2.1); begin drafting Berkeley memorandum (1.1) | 3.20 | $400.00 | $1,280.00 |
| | | | | 19.50 | | $7,800.00 |

*Task Code

| Court | Court Hearings |
|---|---|
| Admin | General Administration |
| R/Fees | Retention/Fee Applications |
| FAR | Fee Application Review/Memorandum |
| RPT | Fee Examiner Report |
| Com | Communication with Professionals |

## Case No. 22-10943 (MEW)
## Voyager Digital Holdings, Inc. *et al.*

| Date | Timekeeper | Task Code* | Description Task | Hours | Rate | Amount |
|------|------------|-----------|------------------|-------|------|--------|
| 5/1/2023 | DGA | FAR | Continue drafting Berkeley memorandum including sections on rate change, transitory timekeepers, duplication, multiple attendees, create 3 charts (2.8); review expenses (.7) | 3.50 | $400.00 | $1,400.00 |
| 5/2/2023 | DGA | FAR | Begin review of Deloitte including retention application and order (.3), 2nd fee application and make notes of issues (.4), review transitory timekeepers (.2), staffing (.3); begin review of time entries for multiple attendees (.5); begin drafting memorandum including section on multiple participants on calls and calculate reduction (1.0); section on transitory timekeepers including exhibit (.4), section on non-compensable work and create exhibit (.2); prepare rate change exhibit for McDermott (.7) | 4.00 | $400.00 | $1,600.00 |
| 5/3/2023 | DGA | FAR | Continue reviewing Deloitte (time records for staffing and potential excessive time and finalize memorandum to send to. L. Jones (.6); Quality check of Paul Hastings memorandum and all exhibits (1.3) | 1.90 | $400.00 | $760.00 |
| 5/9/2023 | DGA | FAR | Quality check of draft memoranda and all exhibits for McDermott (1.4) and Kirkland (.9) | 2.30 | $400.00 | $920.00 |
| 5/10/2023 | DGA | FAR | Continue final data check for McDermott memorandum (.4) and Kirkland (.4) | 0.80 | $400.00 | $320.00 |
| 5/11/2023 | DGA | FAR | Review 1st interim fee application of Deloitte and begin drafting memorandum (1.4); create three exhibits for Deloitte memorandum (.5); continue review and calculation of calls with number of attendees and add to memorandum (2.2) | 4.10 | $400.00 | $1,640.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 5/12/2023 | DGA | FAR | Review, revise and quality check Deloitte memorandum, covering two fee applications, and send to Fee Examiner (1.0) | 1.00 | $400.00 | $400.00 |
| 5/18/2023 | DGA | FAR | Review supplemental time records sent by J. Boffi (M3) in an email on May 18, 2023 in response to issue raised in memorandum  and send email re: same to L.  Jones (.6) | 0.60 | $400.00 | $240.00 |
| 5/22/2023 | DGA | FAR | Call with Fee Examiner to discuss responses to memoranda from Katten, Potter, Deloitte, FTI and Paul Hastings and possible resolutions (.8) | 0.80 | $400.00 | $320.00 |
| 5/25/2023 | DGA | FAR | Call with Fee Examiner to discuss further responses to memoranda from Deloitte, Kirkland and Berkeley and possible resolutions (.5) | 0.50 | $400.00 | $200.00 |
| 5/27/2023 | DGA | RPT | Quality check/review of Fee Examiner's draft report including all numbers, docket entries, dates and calculations on pages 1 through 12 (1.2) | 1.20 | $400.00 | $480.00 |
| 5/28/2023 | DGA | RPT | Quality check/review of Fee Examiner's draft report including all numbers, docket entries, dates and calculations on pages 13 through 26 (1.3) | 1.30 | $400.00 | $520.00 |
| | | | | 22.00 | | $8,800.00 |

**\*Task Code**

| | |
|---|---|
| **Court** | **Court Hearings** |
| **Admin** | **General Administration** |
| **R/Fees** | **Retention/Fee Applications** |
| **FAR** | **Fee Application Review/Memorandum** |
| **RPT** | **Fee Examiner Report** |
| **Com** | **Communication with Professionals** |

**Case No. 22-10943 (MEW)**
**Voyager Digital Holdings, Inc.** *et al* **.**

| Date | Timekeeper | Task Code* | Description Task | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 6/8/2023 | DGA | R/Fees | Draft 1st combined monthly fee statement covering April and May (.9) | 0.90 | $400.00 | $360.00 |
| 7/10/2023 | DGA | ADMIIN | Call with Fee Examiner (L. Jones) to discuss assignments of interim applications, timing and possible issues (.3) | 0.30 | $400.00 | $120.00 |
| 7/12/2023 | DGA | FAR | Begin review of Potter fee application including narrative and exhibits (.2); review of Potter time records and note issues (.5); draft memorandum and exhibit (.3) | 1.00 | $400.00 | $400.00 |
| 7/15/2023 | DGA | FAR | Begin review of Deloitte's 3rd interim application including narrative and exhibits (.3); review Deloitte's time records and note issues including transitory timekeepers, non-compensable time and number of attendees on calls (2.1); draft Deloitte memorandum (.4) | 2.80 | $400.00 | $1,120.00 |
| 7/16/2023 | DGA | FAR | Begin review of FTI fee application including narrative and schedules (.4); begin review of FTI time records and note issues focusing on transitory timekeepers, staffing, vague entries and non-compensable or excessive time (3.5) | 3.90 | $400.00 | $1,560.00 |

| 7/17/2023 | DGA | FAR | Continue reviewing FTI time records including rate increase and fee estimation and review previous reductions noted in fee application (1.1); draft memorandum of issues noted in FTI review (2.2) | 3.30 | $400.00 | $1,320.00 |
|---|---|---|---|---|---|---|
| 7/24/2023 | DGA | FAR | Begin review of Berkeley fee application including narrative and schedules (.4); begin review of Berkeley time records and note issues focusing on transitory timekeepers, staffing, vague entries, non-compensable or excessive time, attendance on calls and at hearings and possible duplicate entries (3.8). | 4.20 | $400.00 | $1,680.00 |
| 7/25/2023 | DGA | FAR | Review Berkeley notes and draft memorandum (1.1); extrapolate entries for exhibits (.6) | 1.70 | $400.00 | $680.00 |
| 7/27/2023 | DGA | FAR | Create exhibits for Potter (.1); FTI (.2); Deloitte (.3); Berkeley (.3) | 0.90 | $400.00 | $360.00 |
| 7/28/2023 | DGA | FAR | Quality check of memoranda and exhibits for Potter (.2); FTI (.3); Deloitte (.3) and Berkeley (.4) | 1.20 | $400.00 | $480.00 |
| | | | | 20.20 | | $8,080.00 |

**\*Task Code**

| | |
|---|---|
| Court | Court Hearings |
| Admin | General Administration |
| R/Fees | Retention/Fee Applications |
| FAR | Fee Application Review/Memorandum |

RPT
Com

Fee Examiner Report
Communication with Professionals

## Case  No. 22-10943 (MEW)
## Voyager Digital Holdings, Inc. *et al* .

| Date | Timekeeper | Task Code* | Description Task | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 8/1/2023 | DGA | FAR | Quallity check memoranda prepared by Fee Examiner, including exhibits, for Harney (.2), Epiq (.2), M3 (.2), Quinn (.2) ArentFox (.3), Cassels (.3) Grant Thornton (.4) | 1.80 | $400.00 | $720.00 |
| 8/3/2023 | DGA | FAR | Quallity check memoranda prepared by Fee Examiner, including exhibits and all calculations, for Paul Hastings (.4), Katten Muchin (.7), McDermott (1.8) | 2.90 | $400.00 | $1,160.00 |
| 8/4/2023 | DGA | FAR | Revised four memoranda based upon comments by Fee Examiner Potter (.1), Berkely (.4), FTI (.4), Deloitte (.3) | 1.20 | $400.00 | $480.00 |
| 8/6/2023 | DGA | FAR | Quality check Kirkland memaorandum, incuding all fgures and exhibits, and send comments to Fee Examiner (.3) | 0.30 | $400.00 | $120.00 |
| 8/10/2023 | DGA | R/FEES | Draft, review and revise second combined monthly fee statements for June and July 2023 (.9) | 0.90 | $400.00 | $360.00 |
| 8/10/2023 | DGA | FAR | Review more than 100 pages of expense backup provided by Berkeley and advise Fee Examiner re: same (1.0). | 1.00 | $400.00 | $400.00 |

| Date | | | | | | |
|---|---|---|---|---|---|---|
| 8/24/2023 | DGA | RPT | Quality check all dates, docket numbers, figures in background section of draft report (.5); Quality Check of all dates, docket references and figures for the Debtors' professionals (.9) | 1.40 | $400.00 | $560.00 |
| 8/25/2023 | DGA | RPR | Quality Check of all dates, docket refernces and figures for the Committee's professionals (.6) | 0.60 | $400.00 | $240.00 |
| | | | | **10.10** | | **$4,040.00** |

**\*Task Code**

| | |
|---|---|
| **Court** | **Court Hearings** |
| **Admin** | **General Administration** |
| **R/Fees** | **Retention/Fee Applications** |
| **FAR** | **Fee Application Review/Memorandum** |
| **RPT** | **Fee Examiner Report** |
| **Com** | **Communication with Professionals** |

**Case  No. 22-10943 (MEW)**
**Voyager Digital Holdings, Inc. *et al* .**

| Date | Timekeeper | Task Code* | Description Task | Hours | Rate | Amount |
|------|-----------|-----------|------------------|-------|------|--------|
| 9/9/2023 | DGA | R/FEES | Begin drafting first and final fee application, inculding all exhibits | 1.80 | $400.00 | $720.00 |
| 9/10/2023 | DGA | R/FEES | Review, revise, quality check. Fialize and send first and final fee application to the Fee Examiner | 0.70 | $400.00 | $280.00 |
| | | | | 2.50 | | $1,000.00 |

**\*Task Code**

| | |
|---|---|
| **Court** | **Court Hearings** |
| **Admin** | **General Administration** |
| **R/Fees** | **Retention/Fee Applications** |
| **FAR** | **Fee Application Review/Memorandum** |
| **RPT** | **Fee Examiner Report** |
| **Com** | **Communication with Professionals** |

## EXHIBIT D

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[2] | Case No. 22-10943 (MEW) |
| Debtors. | (Jointly Administered) |

------------------------------------------------------------x

Certification Of Diana G. Adams, Esq.
In Support Of First And Final Application Of Diana G. Adams, Esq.,
Fee Reviewer, For Compensation For Services Rendered For The
<u>Period From April 11, 2023 Through September 10, 2023</u>

Diana G. Adams, Esq. hereby certifies that:

1.      I am an attorney and. I serve as Fee Reviewer ("<u>Fee Reviewer</u>") in the above-caption ed Chapter 11 cases. I am admitted to practice in this Court. I make this certification in support of the First And Final Application Of Diana G. Adams, Esq., Fee Reviewer, For Compensation For Services Rendered For The Period From April 11, 2023 Through September 10, 2023 ("<u>Application</u>")

2.      I have reviewed Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York ("<u>Local Bankruptcy Rules</u>"), General Order M-447, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, amended as of June 17, 2013, promulgated pursuant to Local Bankruptcy Rule 2016-1(a) ("<u>Local Guidelines</u>"), and the United States Trustee's Guidelines for Reviewing Applications for Compensation and

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11

Cases, effective November 1, 2013 ("U.S. Trustee Large Case Guidelines").

3. I am a Certifying Professional as defined in the Local Guidelines.

4. I have read the Application and to the best of my knowledge, information, and belief,

formed after reasonable inquiry, except as specifically indicated to the contrary, (a) the

Application complies with the Local Bankruptcy Rules and Local Guidelines, and (b) the fees

sought by Diana G. Adams, Esq. are discounted by 20%,

5. To the extent the U.S. Trustee Large Case Guidelines apply, I represent as follows:

Question: If the fees sought in this fee application as compared to the fees budgeted for
the time period covered by this fee application are higher by 10% or more, did you
discuss the reasons for the variation with the client?

Answer: N/A.

Question: Have any of the professionals included in this fee application varied their
hourly rate based on geographic location of the bankruptcy case?

Answer: No.

Question: Does the fee application include time or fees related to reviewing or revising
time records or preparing, reviewing, or revising invoices? (This is limited to work
involved in preparing and editing billing records that would not be compensable outside
of bankruptcy and does not include reasonable fees for preparing a fee application). If so,
please quantify by hours and fees.

Answer: No.

Question: Does this fee application include time or fees for reviewing time records to
redact any privileged or other confidential information? If so, quantify by hours and fees.

Answer: No

Question: If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when the retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

Answer: N/A.


Dated: Hobart, New York
       September 15, 2023

                                        /s/ Diana G. Adams
                                        Diana G. Adams, Esq.
                                        Fee Reviewer

                                        Diana G. Adams
                                        602 Main Street – P.O. Box L
                                        Hobart, New York 13788
                                        Telephone: (607) 643-2455