**Hearing Date: November 1, 2023 at 11:00 a.m. (prevailing Eastern Time)**
**Response Deadline: October 25, 2023 at 4:00 p.m. (prevailing Eastern Time)**

**MCDERMOTT WILL & EMERY LLP**
Darren Azman
Joseph B. Evans
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

**MCDERMOTT WILL & EMERY LLP**
Charles R. Gibbs (admitted *pro hac vice*)
Grayson Williams (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201-1664
Telephone: (214) 295-8000
Facsimile: (972) 232-3098

**MCDERMOTT WILL & EMERY LLP**
Gregg Steinman (admitted *pro hac vice*)
333 SE 2nd Avenue, Suite 4500
Miami, FL 33131-2184
Telephone: (305) 329-4473
Facsimile: (305) 503-8805

*Counsel to the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF HEARING REGARDING THE PLAN ADMINISTRATOR'S SECOND OMNIBUS OBJECTION TO CERTAIN FILED PROOFS OF CLAIM

**PLEASE TAKE NOTICE** that a hearing on *The Plan Administrator's Second Omnibus Objection to Certain Filed Proofs of Claim* (the "Omnibus Objection")[2] filed by the Plan Administrator (the "Plan Administrator") for the *Third Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1166-1] of Voyager Digital Holdings, Inc., *et al.* (collectively, the "Wind-Down Debtors"), will be held on **November 1, 2023 at 11:00 a.m., prevailing Eastern**

---

[1] The Wind-Down Debtors in these chapter 11 cases, along with the last four digits of each Wind-Down Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The service address for purposes of these chapter 11 cases is 27777 Franklin, Suite 2500, Southfield, MI 48034.

[2] All capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Omnibus Objection.

**Time** (the "Hearing"). In accordance with General Order M-543 dated March 20, 2020, the

Hearing will be conducted telephonically. Any parties wishing to participate must do so by

making arrangements through CourtSolutions by visiting https://www.court-solutions.com.

      **PLEASE TAKE FURTHER NOTICE** that the deadline to file and serve responses

to the Omnibus Objection is **October 25, 2023 at 4:00 p.m. prevailing Eastern Time** (the

"Response Deadline"), and Claimants with Disputed Claims are receiving individualized

notice of the Hearing date and Response Deadline in connection with service of the Omnibus

Objection.

      **PLEASE TAKE FURTHER NOTICE** that copies of the Omnibus Objection and

other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the

website of Stretto at https://cases.stretto.com/Voyager. You may also obtain copies of the

Omnibus Objection and other pleadings filed in these chapter 11 cases by visiting the Court's

website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth

therein.

Dated:  New York, New York       **MCDERMOTT WILL & EMERY LLP**
       September 22, 2023

                                */s/ Darren Azman*
                                Darren Azman
                                Joseph B. Evans
                                One Vanderbilt Avenue
                                New York, NY 10017-3852
                                Telephone: (212) 547-5400
                                Facsimile: (212) 547-5444
                                E-mail: dazman@mwe.com
                                        jbevans@mwe.com

                                and

                                Charles R. Gibbs (admitted *pro hac vice*)
                                Grayson Williams (admitted *pro hac vice*)
                                2501 North Harwood Street, Suite 1900
                                Dallas, TX 75201
                                Telephone: (214) 295-8000
                                Facsimile: (972) 232-3098
                                E-mail: crgibbs@mwe.com
                                        gwilliams@mwe.com

and

Gregg Steinman (admitted *pro hac vice*)
333 SE 2nd Avenue, Suite 4500
Miami, FL 33131-2184
Telephone: (305) 329-4473
Facsimile: (305) 503-8805
E-mail: gsteinman@mwe.com

*Counsel to the Plan Administrator*

**MCDERMOTT WILL & EMERY LLP**
Darren Azman
Joseph B. Evans
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

**MCDERMOTT WILL & EMERY LLP**
Charles R. Gibbs (admitted *pro hac vice*)
Grayson Williams (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201-1664
Telephone: (214) 295-8000
Facsimile: (972) 232-3098

**MCDERMOTT WILL & EMERY LLP**
Gregg Steinman (admitted *pro hac vice*) 333
SE 2nd Avenue, Suite 4500
Miami, Florida 33131-2184
Telephone: (305) 329-4473
Facsimile: (305) 503-8805

*Counsel to the Plan Administrator*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

## THE PLAN ADMINISTRATOR'S SECOND OMNIBUS OBJECTION TO CERTAIN FILED PROOFS OF CLAIM

---

[1] The Wind-Down Debtor in these chapter 11 cases, along with the last four digits of each Wind-Down Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The service address for purposes of these chapter 11 cases is 27777 Franklin, Suite 2500, Southfield, MI 48034.

**THIS OMNIBUS OBJECTION SEEKS TO DISALLOW OR RECLASSIFY CERTAIN FILED PROOFS OF CLAIM. EACH PARTY RECEIVING THIS OBJECTION SHOULD LOCATE THEIR UNIQUE CLAIM IDENTIFIERS AND THEIR DISPUTED CLAIMS IDENTIFIED ON <u>SCHEDULE 1</u>, <u>SCHEDULE 2</u>, <u>SCHEDULE 3</u>, OR <u>SCHEDULE 4</u> TO THE PROPOSED ORDER (DEFINED BELOW), AS APPLICABLE.**

**IF YOU <u>DO NOT</u> OPPOSE THE DISALLOWANCE OR RECLASSIFICATION OF YOUR CLAIM, YOU <u>DO NOT</u> NEED TO FILE A WRITTEN RESPONSE, AND YOU <u>DO NOT</u> NEED TO APPEAR AT THE HEARING.  IF YOU <u>DO</u> OPPOSE THE DISALLOWANCE OR RECLASSIFICATION OF YOUR CLAIM, YOU <u>MUST</u> FILE A WRITTEN RESPONSE TO THIS OBJECTION.**

**IF YOUR CLAIM IS SUBJECT TO THIS OBJECTION AND THE BANKRUPTCY COURT DISALLOWS YOUR CLAIM, YOU WILL NOT BE ENTITLED TO ANY DISTRIBUTION BASED ON THE CLAIM.**

Paul R. Hage, in his capacity as the plan administrator (the "<u>Plan Administrator</u>") for the *Third Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1166-1] (the "<u>Plan</u>") of Voyager Digital Holdings, Inc., et al. (collectively, the "<u>Debtors</u>" and, following the Plan's effective date, the "<u>Wind-Down Debtor</u>") files this omnibus objection (the "<u>Objection</u>") pursuant to the *Order (I) Approving (A) Omnibus Claims Objection Procedures and (B) Omnibus Substantive Claims Objections and Form of Notice and (II) Waiving Bankruptcy Rule 3007(e)(6)* [Docket No. 1067] (the "<u>Claims Objection Procedures Order</u>") seeking entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Proposed Order</u>"), disallowing or reclassifying certain filed proofs of claim. In support of the Objection, the Plan Administrator submits the declaration of Mark A. Renzi, Managing Director at Berkeley Research Group, LLC (the "<u>Renzi Declaration</u>"), which is being filed contemporaneously herewith.  In further support, the Plan Administrator respectfully states as follows:

2

## REQUESTED RELIEF

1.      By the Objection, the Plan Administrator seeks entry of an order, substantially in the form of the Proposed Order, disallowing or reclassifying, as applicable, the proofs of claim identified on **Schedule 1**, **Schedule 2**, **Schedule 3**, or **Schedule 4** to the Proposed Order (collectively, the "Disputed Claims," and the holders of the Disputed Claims, the "Claimants").

## JURISDICTION AND VENUE

2.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012, and Article XI of the Plan. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The Plan Administrator consents to the Court entering a final order in connection with the Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

4.      On July 5, 2022 (the "Petition Date") the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On March 10, 2023, the Court entered the *Corrected and Amended Order (I) Approving the Second Amended Disclosure Statement and (II) Confirming the Third Amended Joint Plan of Voyager Digital Holdings, Inc and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1166] confirming the Plan, which provided for the appointment of the Plan

Administrator. On May 19, 2023, the effective date of the Plan occurred [Docket No. 1405], and

the Plan Administrator became the sole representative of the Wind-Down Debtor's estates.

5.     On February 23, 2023, the Court entered the Claims Objection Procedures Order,

approving the claim objection procedures attached thereto as Exhibit 1 (the "Objection

Procedures"). The Objection Procedures permit omnibus objections to filed proofs of claims on

the grounds enumerated in Bankruptcy Rule 3007(d), as well as on certain other grounds,

including that a claim is inconsistent with the Debtors' books and records, is asserted partially or

fully in U.S. Dollars rather than cryptocurrency, or was filed against non-Debtors, the wrong

Debtor, or against multiple Debtors.

6.     In the ordinary course of their business, the Debtors maintained books and records

reflecting, among other things, the nature and amount of the liabilities owed to their creditors

(the "Books and Records"). The Plan Administrator, with the assistance of his professionals, has

reviewed the Disputed Claims, all documents furnished by the Claimants with respect to the

Disputed Claims, and the Books and Records, and has determined that each Disputed Claim must

either be disallowed or reclassified for the reasons described below.

7.     On August 10, 2023, the Court entered the *Order Granting the Plan

Administrator's First Omnibus Objection to Certain Filed Proofs of Claim* [Docket No. 1559]

(the "Order"). The Order related to the Plan Administrator's first omnibus claims objection

which disputed certain proofs of claim filed by account holders.

8.     Through this Objection, the Plan Administrator is objecting to certain proofs of

claims filed against Voyager Digital, LLC ("OpCo"), and in certain instances filed against other

Debtor entities that must be reclassified to against OpCo.

**OBJECTION**

9.      A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."

11 U.S.C. § 502(a). Upon an objection, the claimant has the burden of demonstrating the validity

of the claim. *See Residential Capital, LLC*, 2016 WL 796860, at *9 (S.D.N.Y. 2016); *In re*

*Arcapita Bank B.S.C.(c)*, 2013 WL 6141616, at *1 (Bankr. S.D.N.Y. 2013), *aff'd sub nom. In re*

*Arcapita Bank B.S.C.(c)*, 508 B.R. 814 (S.D.N.Y. 2014); *In re Oneida, Ltd.*, 400 B.R. 384, 389

(Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827, at *5 (S.D.N.Y. Jan.

22, 2010).

### A.      The Incorrect Debtor Claims

10.      Bankruptcy Rule 3007(d) permits the filing of omnibus objections to claims that

"have been filed in the wrong case." Fed. R. Bankr. P. 3007(d)(2). After reviewing the Books

and Records and the relevant Disputed Claims, the Plan Administrator, with the assistance of his

advisors, has determined that the Disputed Claims listed on **Schedule 1** (the "Incorrect Debtor

Claims") do not accurately reflect which Debtor entity may be liable for the underlying claim.

Accordingly, the Debtor entity against which the Incorrect Debtor Claims are asserted should be

modified from the Debtor identified in the column titled "Asserted" to the Debtor identified in

the column titled "Corrected" as provided in **Schedule 1**. The "Corrected" column is consistent

with the Books and Records and/or with the information provided by the Claimants. Failure to

modify the Incorrect Debtor Claims could result in the Claimants receiving either (i) a better

recovery than other similarly situated creditors, even though such recovery is not warranted, or

(ii) receiving a lesser recovery than they are otherwise entitled. The Plan Administrator therefore

seeks entry of the Proposed Order modifying each Incorrect Debtor Claim so that it is filed

against the "Corrected" Debtor.

11.    In accordance with the Bankruptcy Rules and the Claims Objection Procedures Order, the Plan Administrator will serve an Objection Notice (as defined in the Objection Procedures) on each affected Claimant, informing the Claimant of the nature of the Objection, that their rights may be affected by the Objection, procedures for submitting a written response, the hearing date, and a description of how copies of the proofs of claim, the Objection, and other pleadings filed in the chapter 11 cases may be obtained.

**B.    The Superseded Claims**

12.    After reviewing the Books and Records and relevant Disputed Claims, the Plan Administrator, with the assistance of his advisors, has determined that the Disputed Claims listed on **Schedule 2** (the "Superseded Claims") have been amended and superseded by another proof of claim filed against the same Debtor, on account of a single liability. Because the Claimant intended that the later-filed proof of claim amended and supersede the earlier filed proof(s) of claim, and because the Wind-Down Debtor may be held liable for this single liability at most once, the Superseded Claims must be disallowed and expunged. The Plan Administrator therefore seeks entry of the Proposed Order disallowing and expunging the Superseded Claims in their entirety.

**C.    The USD Claim**

13.    After reviewing the Books and Records and the relevant Disputed Claims, the Plan Administrator, with the assistance of his advisors, has determined that the Disputed Claim listed on **Schedule 3** (the "USD Claim") was asserted in U.S. Dollar amounts that do not match the Books and Records and, accordingly, asserts amounts that are not actual liabilities of the Debtors. The Debtors' customized proof of claim form listed all cryptocurrency available on the Debtors' platform and allowed each account holder to list the amount of cryptocurrency held by

the account holder. The relevant Claimant either ignored or misunderstood the instructions on the proof of claim form and may have converted their claims to U.S. Dollars as of an unspecified conversion date. The USD Claim does not match the Books and Records because the Debtors did not hold cash on behalf of account holders.

14.      The Plan Administrator therefore seeks entry of the Proposed Order modifying the USD Claim to reflect the cryptocurrency balance that is reflected in the Books and Records.

**D.      The No Liability Claim**

15.      Bankruptcy Code section 502(b) states, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). After reviewing the Books and Records and the relevant Disputed Claims, the Plan Administrator, with the assistance of his advisors, has determined that the Disputed Claim listed on **Schedule 4** (the "No Liability Claim") asserts an amount that cannot be reconciled with the Books and Records and has been asserted by a Claimant that does not have active existing accounts with the Debtors.

16.      On January 17, 2023, the Texas Attorney General's Office filed a customer proof of claim (the "Texas Claim"). The Texas Claim asserts a claim amount of $1 in U.S. dollars. The Texas Attorney General's Office does not have an active, existing account with the Debtors as of the Petition Date. Further, the Texas Claim asserts contingent, unliquidated claims that are not supported by the Books and Records. Accordingly, the No Liability Claim asserts an amount that is not an actual liability of the Debtors. The Plan Administrator therefore seeks entry of the Proposed Order disallowing and expunging the No Liability Claim in its entirety.

## RESERVATION OF RIGHTS

17.     Nothing contained in the Objection or any actions taken pursuant to any order

granting the relief requested by the Objection is intended or should be construed as (a) an

admission as to the validity of any particular claim against the Wind-Down Debtor's estates,

(b) a waiver of the Plain Administrator's rights to dispute any particular claim on any grounds,

(c) a promise or requirement to pay any particular claim, (d) an implication or admission that any

particular claim is of a type specified or defined in the Objection or any order granting the relief

requested by the Objection, (e) a request or authorization to assume any agreement, contract, or

lease pursuant to Bankruptcy Code section 365, (f) a waiver or limitation of the Plan

Administrator's rights under the Bankruptcy Code or any other applicable law, or (g) a

concession by the Plan Administrator that any liens (contractual, common law, statutory, or

otherwise) are valid.

## NOTICE

18.     The Plan Administrator will give notice of the Objection to the following parties

and/or their respective counsel, as applicable: (a) the U.S. Trustee; (b) the Claimants; and (c) any

party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the requested

relief's nature, the Plan Administrator submits that no other or further notice need be given.

## NO PRIOR REQUEST

19.     No prior request for the relief sought in the Objection has been made to this or

any other court.

## SEPARATE CONTESTED MATTER

20.     To the extent that a response is filed regarding any Disputed Claim, the Disputed

Claim and the Objection will constitute a separate contested matter as contemplated by

Bankruptcy Rule 9014. Further, the Plan Administrator requests that any order entered by the

Court regarding an objection or other reply asserted in response to this Objection be deemed a

separate order with respect to each proof of claim.

[*Remainder of page intentionally left blank*]

Dated:  New York, New York
   September 22, 2023

MCDERMOTT WILL & EMERY LLP

*/s/ Darren Azman*
Darren Azman
Joseph B. Evans
One Vanderbilt Avenue
New York, NY 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
E-mail: dazman@mwe.com
E-mail: jbevans@mwe.com

*- and -*

Charles R. Gibbs (admitted *pro hac vice*)
Grayson Williams (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
E-mail: crgibbs@mwe.com
E-mail: gwilliams@mwe.com

*- and -*

Gregg Steinman (admitted *pro hac vice*)
333 SE 2nd Avenue, Suite 4500
Miami, FL 33131-2184
Telephone: (305) 329-4473
Facsimile: (305) 503-8805
E-mail: gsteinman@mwe.com

*Counsel to the Plan Administrator*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

---

**ORDER GRANTING THE PLAN ADMINISTRATOR'S SECOND**
**OMNIBUS OBJECTION TO CERTAIN FILED PROOFS OF CLAIM**

---

Upon the objection (the "Objection")[2] of the Plan Administrator seeking entry of an order

(this "Order") modifying each of the Disputed Claims listed on **Schedule 1** (the "Incorrect

Debtor Claims") and **Schedule 3** (the "USD Claim") to this Order and disallowing each of the

Disputed Claims listed on **Schedule 2**  (the "Superseded Claims") and **Schedule 4** (the "No

Liability Claim") to this Order and as more fully set forth in the Objection; and upon the Renzi

Declaration filed in support of the Objection; and the Court having jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the*

*United States District Court for the Southern District of New York*, entered February 1, 2022;

and the Court having the power to enter a final order consistent with Article III of the United

States Constitution; and the Court having found that venue of this proceeding and the Objection

in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found

that the Plan Administrator provided adequate and appropriate notice of the Objection under the

---

[1]    The Wind-Down Debtor in these chapter 11 cases, along with the last four digits of each Wind-Down Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The service address for purposes of these chapter 11 cases is 27777 Franklin, Suite 2500, Southfield, MI 48034.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Objection.

circumstances; and the Court having reviewed the Objection and having heard the statements in

support of the relief requested therein at a hearing before the Court (the "Hearing"); and the

Court having determined that the legal and factual bases set forth in the Objection and at the

Hearing establish just cause for the relief granted herein; and upon all of the proceedings had

before the Court; and after due deliberation and sufficient cause appearing therefor, it is

HEREBY ORDERED THAT:

1.      The Objection is granted as set forth herein.

2.      Any response to the Objection not otherwise withdrawn, resolved, or adjourned is

hereby overruled on its merits with prejudice.

3.      Pursuant to Bankruptcy Code section 105(a), Bankruptcy Rule 3007, and the

Claims Objection Procedures Order:

> a.      Each Incorrect Debtor Claim identified on **Schedule 1** hereto is modified
>
>         so as to correct the identity of the Debtor entity against whom the Claim is
>
>         asserted, as set forth in the column titled "Correct Debtor Entity" on
>
>         **Schedule 1**;
>
> b.      The claims identified as "Claims to be Disallowed" on **Schedule 2** are
>
>         hereby disallowed in their entirety, without prejudice to the claims listed
>
>         as "Surviving Claims" on that schedule;
>
> c.      Each USD Claim identified on **Schedule 3** is hereby modified as set forth
>
>         on **Schedule 3** to reflect the cryptocurrency balances reflected in the
>
>         Books and Records;
>
> d.      The claims identified as "No Liability Claims" on **Schedule 4** are hereby
>
>         disallowed in their entirety.

2

4.     Each Disputed Claim and each objection to each Disputed Claim, as addressed in the Objection, constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order will be deemed a separate Order with respect to each Disputed Claim. Any stay of this Order pending appeal by any Claimants whose claims are subject to this Order will only apply to the contested matter that involves such Claimant and will not act to stay the applicability or finality of this Order with respect to the other contested matters identified in the Objection or this Order.

5.     The Plan Administrator authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Objection, including expunging the disallowed Disputed Claims from the claims register.

6.     Notice of the Objection as provided therein, shall be deemed good and sufficient notice of the Objection, and the requirements set forth in rule 9013-1(b) of the Local Rules are satisfied.

7.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2023

_____
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

## **Schedule 1**

**Incorrect Debtor Claims**

**Schedule 1**

**Incorrect Debtor Claims**

| | | | | | | | Claim to be Modified | | |
|---|---|---|---|---|---|---|---|---|---|
| Claim Identifier | Name of Claimant | Claim Reference Number | Asserted Debtor | Correct Debtor Entity | Claim Number | Date Filed | Current Claim Amount | | Reason for Objection |
| 1 | Cloud Posse, LLC | VOY-19558 | Voyager Digital Holdings, Inc. | Voyager Digital, LLC | 11080 | 10/2/2022 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $30,002.50<br><br>Total: $30,002.50 | | Claim Asserted Against Incorrect Debtor |
| 2 | Frankfurt Kurnit Klein & Selz | | Voyager Digital Holdings, Inc. | Voyager Digital, LLC | 10296 | 9/30/2022 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $33,497.50<br><br>Total: $33,497.50 | | Claim Asserted Against Incorrect Debtor |
| 3 | Google LLC | | Voyager Digital Holdings, Inc. | Voyager Digital, LLC | 11441 | 10/6/2022 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $959,775.94<br><br>Total: $959,775.94 | | Claim Asserted Against Incorrect Debtor |
| 4 | Impact Tech, Inc. | | Voyager Digital Holdings, Inc. | Voyager Digital, LLC | 7221 | 8/31/2022 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $79,410.71<br><br>Total: $79,410.71 | | Claim Asserted Against Incorrect Debtor |
| 5 | Mode Mobile, LLC [f/k/a Current Mobile, LLC] | | Voyager Digital Holdings, Inc. | Voyager Digital, LLC | 9748 | 9/21/2022 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $1,111,900.00<br><br>Total: $1,111,900.00 | | Claim Asserted Against Incorrect Debtor |
| **TOTALS** | | | | | | | **$2,214,586.65** | | |

Voyager Digital Holdings, Inc., et al.
Case Number: 22-10943 (MEW)

Page 1 of 1

**Schedule 2**

**Superseded Claims**

**Schedule 2**
**Superseded Claims**

| | Claim to be Disallowed | | | | | Surviving Claim | | | | | Reasoning for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Claim Identifier | Name of Claimant | Debtor Name | Claim # | Date Filed | Claim Amounts | Name of Claimant | Debtor Name | Claim # | Date Filed | Claim Amounts | |
| 1 | Beekman Social, LLC | Voyager Digital, LLC | 10593 | 09/19/2022 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $97,983.87<br><br>Total: $97,983.87 | Beekman Social LLC | Voyager Digital, LLC | 12842 | 05/22/2023 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $97,983.87<br><br>Total: $97,983.87 | Amended Claim |
| 2 | Google LLC | Voyager Digital Holdings, Inc. | 11205 | 10/03/2022 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $959,775.94<br><br>Total: $959,775.94 | Google LLC | Voyager Digital Holdings, Inc. | 11441 | 10/06/2022 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $959,775.94<br><br>Total: $959,775.94 | Amended Claim |
| **TOTALS** | | | | | **$1,057,759.81** | | | | | **$1,057,759.81** | |

Voyager Digital Holdings, Inc., et al.
Case Number: 22-10943 (MEW)

1 of 1

**<u>Schedule 3</u>**

**USD Claim**

Schedule 3
USD Claims

| Claim Identifier | Name of Claimant | Claim Reference Number | Debtor Name | Claim Number | Date Filed | Current Claim Amount | Coin Amount | Modified Claim Amount | Modified Coin Amount | Reason for Objection | Treatment for Objection |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | CONFIDENTIAL CREDITOR | VOY-14100 | Voyager Digital, LLC | 5504 | 08/28/2022 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $3,350.00<br>General Unsecured: $0.00<br><br>Total: $3,350.00 | DOGECOIN (DOGE): 1002<br>ETHEREUM (ETH): 0.34<br>SOLANA (SOL): 0.0194 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $0.00<br><br>Total: $0.00 | DOGECOIN (DOGE): 1002<br>ETHEREUM (ETH): 0.34<br>SOLANA (SOL): 0.0194 | Modify Amount - Books and Records | Reduce and Allow |
| **TOTALS** | | | | | | **$3,350.00 Various** | | **$0.00 Various** | | | |

Voyager Digital Holdings, Inc., et al.
Case Number: 22-10943 (MEW)

Page 1 of 1

## **Schedule 4**

**No Liability Claim**

**Schedule 4**
**No Liability Claims**

| Claim Identifier | Name of Claimant | Claim Reference Number | Debtor Name | Claim Number | Date Filed | Current Claim Amount | Current Coin Amount | Reason for Objection | Treatment for Objection |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Texas Attorney General's Office | | Voyager Digital, LLC | 12404 | 01/17/2023 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: Contingent/Unliquidated<br><br>Total: Contingent/Unliquidated | | No Liability | Disallow – Books and Records |
| **TOTALS** | | | | | | **$0.00 Various** | | | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### NOTICE OF OBJECTION TO YOUR PROOF OF CLAIM AND DEADLINE
### TO FILE A RESPONSE WITH THE BANKRUPTCY COURT

    **PLEASE TAKE NOTICE** that Voyager Digital Holdings, Inc. and its affiliates (collectively, the "Debtors") are objecting to your Claim(s)[2] pursuant to the attached objection (the "Objection").

> **YOU SHOULD LOCATE YOUR REFERENCE NUMBER OR CLAIM NUMBER AND YOUR CLAIM(S) ON THE SCHEDULES ATTACHED HERETO. PLEASE TAKE NOTICE THAT YOUR CLAIM(S) MAY BE DISALLOWED, EXPUNGED, RECLASSIFIED, REDUCED, OR OTHERWISE AFFECTED AS A RESULT OF THE OBJECTION. THEREFORE, PLEASE READ THIS NOTICE AND THE ACCOMPANYING OBJECTION VERY CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

### Important Information Regarding the Objection

    Grounds for the Objection. Pursuant to the Objection, the Debtors are seeking to [disallow/expunge/reclassify/reduce] your Claim(s) listed in the table at the end of this notice on the grounds that your Claim(s) [is/are] [____]. The Claim(s) subject to the Objection may also be found on the schedules attached to the Objection, a copy of which has been provided with this notice.

    Objection Procedures. On February 23, 2023, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. 1067] approving procedures for filing and resolving objections to Claims asserted against the Debtors in the chapter 11 cases, attached hereto as **Exhibit A** (the "Objection Procedures"). ***Please review the***

---

[1] The Wind-Down Debtors in these chapter 11 cases, along with the last four digits of each Wind-Down Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The service address for purposes of these chapter 11 cases is 27777 Franklin, Suite 2500, Southfield, MI 48034.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection Procedures.

***Objection Procedures to ensure your response to the Objection, if any, is filed and served timely and correctly***.

## Resolving the Objection

Resolving Objections.  Certain of the Plan Administrator's advisors will be available to discuss and resolve consensually the Objection to your Claim(s) without the need for filing a formal response or attending a hearing.  Please contact Gregg Steinman and Grayson Williams at McDermott Will & Emery LLP, the Plan Administrator's counsel, via (a) e-mail at gsteinman@mwe.com and gwilliams@mwe.com, respectively, or (ii) telephone at (305) 329-4473 or (212) 210-2814, respectively, within ten (10) calendar days after the date of this notice or such other date as the Debtors may agree in writing.  Please have your Proof(s) of Claim and any related material available for any such discussions.

Parties Required to File a Response.  If you are not able to resolve consensually the Objection filed with respect to your Claim as set forth above, you must file a response (each, a "Response") with the Court in accordance with the procedures described below.

Response Contents.  Each Response must contain the following (at a minimum):

a.    a caption stating the name of the Court, the name of the Debtors, the case number, the title of the Omnibus Objection to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

b.    a concise statement setting forth the reasons why the Court should not grant the Omnibus Objection with respect to such Claim, including the specific factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection;

c.    a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Proof of Claim, upon which the claimant will rely in opposing the Omnibus Objection; *provided*, *however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided*, *further*, *however,* that the claimant shall disclose to the Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

d.    the following contact information for the responding party:

(i)    the name, address, telephone number, and email address of the responding claimant or the claimant's attorney or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any; or

(ii)  the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the claimant's behalf.

Notice and Service.  Your Response must be filed with the Court and served so as to be *actually received* on or before **4:00 p.m. (prevailing Eastern Time) on October 25, 2023**, unless the Debtors consent to an extension in writing) (the "Response Deadline").  The Response must be filed with the Court and served timely on the following parties, with a copy to the Court's chambers:

a.  **Plan Administrator.**  McDermott Will & Emery LLP, One Vanderbilt Avenue, New York, New York, 10017-3852, Attn: Darren Azman, Joseph B. Evans, Gregg Steinman, and Grayson Williams.

Failure to Respond.  A Response that is not filed and served in accordance with the procedures set forth herein may not be considered at the Hearing before the Court.  **Failure to both file and serve a Response timely as set forth herein may result in the Court granting the Objection without further notice or hearing**.  Affected creditors will be served with a copy of the order once it has been entered.

**Hearing on the Objection**

Date, Time and Location.  A hearing (the "Hearing") on the Objection will be held on November 1, 2023, at 11:00 a.m., prevailing Eastern Time, before the Honorable Michael E. Wiles, United States Bankruptcy Judge for the Southern District of New York.  In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted telephonically.  Any parties wishing to participate must do so by making arrangements through CourtSolutions by visiting https://www.court-solutions.com.  The hearing may be adjourned to a subsequent date in these cases in the Court's or Debtors' discretion.  **You must attend the Hearing if you disagree with the Objection and have filed a Response that remains unresolved prior to the Hearing.**  If such Claims cannot be resolved and a hearing is determined to be necessary, the Debtors shall file with the Court and serve on the affected claimants a notice of the hearing to the extent the Debtors did not file a notice of hearing previously.

Discovery.  If the Debtors determine that discovery is necessary in advance of a hearing on an Objection, the Debtors will serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation.  Such notice may be incorporated into the initial agenda letter for the hearing or may be provided in a separate notice.  In accordance with Local Rule 9014-2, the first hearing on any contested Omnibus

Objection with respect a particular Claim will not be an evidentiary hearing, and there is no need for any witnesses to appear at such hearing unless the Court orders otherwise in accordance with Local Rule 9014-2.

## Additional Information

Additional Information.  Copies of these procedures, the Order, the Motion, or any other pleadings filed in the Debtors' chapter 11 cases are available for free online at https://cases.stretto.com/Voyager.  Copies of these documents may also be obtained upon written request to the Debtors' Claims, Noticing, and Solicitation Agent at the following address:  Voyager Inquiries, c/o Stretto 410 Exchange, Suite 100, Irvine CA 92602.  You may also obtain copies of any of the documents filed in the Debtors' chapter 11 cases for a fee via PACER at http://www.nysb.uscourts.gov.  **Please do not contact the Court to discuss the merits of any Claim or any Objection filed with respect thereto**.

## Reservation of Rights

**NOTHING IN ANY NOTICE SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS OR ANY OTHER PARTY IN INTEREST TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO ANY CLAIMS ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION (UNLESS THE COURT HAS ALLOWED THE CLAIM OR ORDERED OTHERWISE), OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE.  AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE THEREOF AT SUCH TIME.**

*[Remainder of page intentionally left blank]*

Dated:    New York, New York
   September 22, 2023

**MCDERMOTT WILL & EMERY LLP**

*/s/ Darren Azman*
Darren Azman
Joseph B. Evans
One Vanderbilt Avenue
New York, NY 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
E-mail: dazman@mwe.com
E-mail: jbevans@mwe.com

*- and -*

Charles R. Gibbs (admitted *pro hac vice*)
Grayson Williams (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
E-mail: crgibbs@mwe.com
E-mail: gwilliams@mwe.com

*- and -*

Gregg Steinman (admitted *pro hac vice*)
333 SE 2nd Avenue, Suite 4500
Miami, FL 33131-2184
Telephone: (305) 329-4473
Facsimile: (305) 503-8805
E-mail: gsteinman@mwe.com

*Counsel to the Plan Administrator*

## **Exhibit A**

Objection Procedures

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## PROCEDURES FOR FILING AND SERVING OMNIBUS CLAIMS OBJECTIONS

On February 23, 2023, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered the *Order (I) Approving (A) Omnibus Claims Objection Procedures and (B) Omnibus Substantive Claims Objections and Form of Notice and (II) Waiving Bankruptcy Rule 3007(e)(6)* [Docket No. 1067] (the "Order") in the chapter 11 cases of the above-captioned debtors (collectively, the "Debtors"). Among other things, the Order approved these omnibus objection procedures.

### Omnibus Objections

1. Grounds for Omnibus Objections. In addition to those grounds expressly set forth in Bankruptcy Rule 3007(d), the Plan Administrator may file omnibus objections (each, an "Omnibus Objection") to Claims, in whole or part, on the following grounds or grounds similar thereto:

    a.    the Claims are inconsistent with the Debtors' books and records;

    b.    the Account Holder Claim is asserted partially or fully in U.S. Dollars rather than cryptocurrency;

    c.    the Claims fail to specify the amount or assert the amount as "unliquidated";

    d.    the Claims fail to specify sufficiently the basis for the Claim or provide sufficient supporting documentation for such Claim;

    e.    the Claims seek to recover amounts for which the Debtors are not liable;

    f.    the Claims are classified incorrectly or improperly;

---

[1]    The Wind-Down Debtors in these chapter 11 cases, along with the last four digits of each Wind-Down Debtor's federal tax identification number, are:  Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The service address for purposes of these chapter 11 cases is 27777 Franklin, Suite 2500, Southfield, MI 48034.

[2]    All capitalized terms used but not otherwise defined herein have the meanings given to them in the Order.

g.   the Claims are filed against non-Debtors, the wrong Debtor, or are filed against multiple Debtors, except to the extent permitted under the Bar Date Order;

h.   the Claims are disallowed pursuant to section 502 of the Bankruptcy Code;

i.   the Claim has been satisfied in full by a party that is not a Debtor;

j.   one or more of the Debtors' insurers are obligated to satisfy the Claims; and

k.   the claimant has withdrawn the Claim formally pursuant to either a pleading or the entry of a Court order.

2.   <u>Form of Omnibus Objection</u>.  Each Omnibus Objection will be numbered consecutively regardless of basis.

3.   <u>Supporting Documentation</u>.  To the extent appropriate, an affidavit or declaration may be provided in connection with an Omnibus Objection from a party with knowledge of the Debtors' books and records and the manner in which they are maintained that states that such party has reviewed the Claims included therein and applicable supporting information and documentation provided therewith, made reasonable efforts to research the Claim on the Debtors' books and records, and determined that the books and records do not reflect the debt or the amount of debt that is alleged in the Claim.

4.   <u>Claims Exhibits</u>.  An exhibit or exhibits listing the Claims that are subject to the particular Omnibus Objection will be attached thereto.  Each exhibit will include only the Claims for which there is a common basis for the objection.  Claims that have more than one basis for objection appear on only one exhibit with reference to all of the bases for objecting to the Claims.  The Debtors' right to object to a Claim on an additional basis or bases will not be waived if such Claim has been included on an exhibit to either a previous or the same Omnibus Objection.  The exhibits will include the following information and will be listed chronologically based on reference numbers or claim numbers, as applicable:

a.   the Claims that are the subject of the Omnibus Objection and, if applicable, the Proof of Claim number(s) or schedule number(s) related thereto from the Claims Register;

b.   the asserted amount of the Claim, if applicable;

c.   the grounds for the Omnibus Objection;

d.   a cross-reference to the section in the Omnibus Objection discussing such Claim; and

e.   other information, as applicable, including (i) the proposed classification of Claims the Debtors seek to reclassify, (ii) the reduced Claim amount(s) of Claims the Debtors seek to reduce, or (iii) the surviving Claims, if any, of groups of Claims the Debtors seek to expunge.

6

5. <u>Objection Notice</u>. An objection notice, substantially in the form attached to the Order as <u>Exhibit 2</u>, will accompany each Omnibus Objection (the "<u>Objection Notice</u>") to address a particular creditor, Claim, or objection and will include the following:

    a.    a description of the basic nature of the Omnibus Objection;

    b.    information to claimants that their rights may be affected by the Omnibus Objection and that failure to file a response may result in the Omnibus Objection being granted as to the claimant's Claim;

    c.    procedures for filing a written response (each, a "<u>Response</u>") to the objection, including all relevant dates and deadlines related thereto;

    d.    the hearing date, if applicable, and related information; and

    e.    a description of how copies of Proofs of Claim, the Omnibus Objection, and other pleadings filed in the chapter 11 cases may be obtained.

6. <u>Notice and Service</u>. Each Omnibus Objection will be filed with the Court and served upon (a) the affected claimant party set forth on the Proof of Claim or their respective attorney of record, and (b) parties that have filed a request for service of papers under Bankruptcy Rule 2002.

7. <u>Omnibus Hearings</u>. Each Omnibus Objection shall be set for hearing no less than thirty (30) days after service of the Omnibus Objection (the "<u>Hearing</u>"). The Debtors may request at the Hearing that the Court enter an order granting the Omnibus Objection with respect to each Claim subject to the Omnibus Objection when either (a) no Response has been filed in accordance with the proposed response procedures with respect to the Claim(s) or (b) a Response has been filed in accordance with the proposed response procedures with respect to the Claim(s), but such Response has been resolved prior to the Hearing. If a Response to an objection to a Claim cannot be resolved and a hearing is determined to be necessary, the Debtors shall file with the Court and serve on the affected claimant(s) a notice of the hearing to the extent the Debtors did not file a notice of hearing previously. The Debtors may adjourn Hearings regarding Omnibus Objections to subsequent hearing dates without further order of the Court in the Debtors' sole discretion so long as notice is provided to the affected claimant(s).

8. <u>Contested Matter</u>. Each Claim subject to an Omnibus Objection along with any Responses thereto shall constitute a separate contested matter as contemplated in Bankruptcy Rule 9014, and any order that the Court may enter with respect to an Omnibus Objection will be deemed a separate order with respect to such Claim. The Debtors may, in their discretion and in accordance with other orders of this Court or the provisions of the Bankruptcy Code and the Bankruptcy Rules, settle the priority, amount, and validity of such contested Claims without any further notice to or action, order, or approval of the Court.

## **Responses to Omnibus Objections**

1. <u>Resolving Objections</u>. Certain of the Plan Administrator's advisors will be available to discuss and resolve consensually the Objection to your Claim(s) without the need for filing a formal response or attending a hearing. Please contact Gregg Steinman and Grayson Williams at McDermott Will & Emery LLP, the Plan Administrator's counsel, via (a) e-mail at gsteinman@mwe.com and gwilliams@mwe.com, respectively, or (ii) telephone at (305) 329-4473 or (214) 210-2814, respectively, within ten (10) calendar days after the date of this notice or such other date as the Debtors may agree in writing. Please have your Proof(s) of Claim and any related material available for any such discussions.

2. <u>Parties Required to File a Response</u>. If the Debtors and the party are unable to consensually resolve the Objection filed with respect to the party's Claim as set forth above, the party must file a response (a "<u>Response</u>") with the Court in accordance with the procedures set forth herein. If a party's Claim is subject to an Omnibus Objection and such party does not file and serve a Response in compliance with the procedures below, the Court may grant the Omnibus Objection with respect to such Claim without further notice to the claimant.

3. <u>Response Contents</u>. Each Response must contain the following (at a minimum):

  a.   a caption stating the name of the Court, the name of the Debtors, the case number, the title of the Omnibus Objection to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

  b.   a concise statement setting forth the reasons why the Court should not grant the Omnibus Objection with respect to such Claim, including the specific factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection;

  c.   a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Proof of Claim, upon which the claimant will rely in opposing the Omnibus Objection; *provided, however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided, further, however,* that the claimant shall disclose to the Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

  d.   the following contact information for the responding party:

   (i)   the name, address, telephone number, and email address of the responding claimant or the claimant's attorney or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any; or

(ii)     the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the claimant's behalf.

4. <u>Filing and Service of the Response</u>. A Response will be deemed timely only if it is filed with the Court and served so as to be *actually received* at or before 4:00 p.m. (prevailing Eastern Time) on the day that is seven (7) calendar days before the Hearing unless the Plan Administrator consents to an extension in writing (the "<u>Response Deadline</u>"). A Response must be filed with the Court served timely on the following parties, with a copy to the Court's chambers:

    a.    **Plan Administrator.** McDermott Will & Emery LLP, One Vanderbilt Avenue, New York, New York, 10017-3852, Attn: Darren Azman, Joseph B. Evans, Gregg Steinman, and Grayson Williams.

5. <u>Discovery</u>. If the Plan Administrator determines that discovery is necessary in advance of a hearing on an Omnibus Objection, the Plan Administrator will serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation. Such notice may be incorporated into the initial agenda letter for the hearing or may be provided in a separate notice. In accordance with Local Rule 9014-2, the first hearing on any contested Omnibus Objection with respect a particular Claim will not be an evidentiary hearing, and there is no need for any witnesses to appear at such hearing unless the Court orders otherwise in accordance with Local Rule 9014-2.

6. <u>Failure to Respond</u>. A Response that is not filed and served on or before the Response Deadline or such other date as agreed with the Debtors, in accordance with the procedures set forth herein, may not be considered at the Hearing before the Court. **Absent reaching an agreement with the Plan Administrator resolving the Omnibus Objection to a Claim, failure to both file and serve a Response timely as set forth herein may result in the Court granting the Omnibus Objection without further notice or hearing**. Affected creditors will be served with such order once it has been entered.

7. <u>Reply to a Response</u>. The Plan Administrator shall be permitted to file a reply or omnibus reply to any Response or multiple Responses, as applicable, no later than one (1) business day before the Hearing with respect to the relevant Omnibus Objection.