Hearing Date: **December 6, 2023 at 10:00 a.m. (ET)**
Objection Deadline: **November 29, 2023 at 4:00 p.m. (ET)**

**MCDERMOTT WILL & EMERY LLP**
Darren Azman
Joseph B. Evans
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

**MCDERMOTT WILL & EMERY LLP**
Charles R. Gibbs (admitted *pro hac vice*)
Grayson Williams (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201-1664
Telephone: (214) 295-8000
Facsimile: (972) 232-3098

**MCDERMOTT WILL & EMERY LLP**
Gregg Steinman (admitted *pro hac vice*)
333 SE 2nd Avenue, Suite 4500
Miami, Florida 33131-2184
Telephone: (305) 329-4473
Facsimile: (305) 503-8805

*Counsel to Paul R. Hage, in his capacity as the
Plan Administrator of the Wind-Down Debtor*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | Case No. 22-10943 (MEW) |
| Debtors.[1] | (Jointly Administered) |

### NOTICE OF MOTION FOR MOTION OF THE PLAN ADMINISTRATOR FOR ENTRY OF AN ORDER EXTENDING THE DEADLINE TO OBJECT TO PROOFS OF CLAIM

**PLEASE TAKE NOTICE** that a hearing (the "Hearing") on the *Motion of the Plan Administrator for Entry of an Order Extending the Deadline to Object to Proofs of Claim* (the "Motion")[2] filed by the Plan Administrator for the *Third Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket

---

[1] The Wind-Down Debtor in these chapter 11 cases consists of the following entities (identified with the last four digits of each entity's federal tax identification number): Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The service address for purposes of these chapter 11 cases is 27777 Franklin, Suite 2500, Southfield, MI 48034

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

No. 1166-1] of Voyager Digital Holdings, Inc., *et al*., will be held on **December 6, 2023 at 10:00 a.m., prevailing Eastern Time**. In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted telephonically. Any parties wishing to participate must do so by making arrangements through CourtSolutions by visiting https://www.court-solutions.com.

**PLEASE TAKE FURTHER NOTICE** that the deadline to file and serve responses to the Motion is **November 29, 2023, at 4:00 p.m., prevailing Eastern Time** (the "Response Deadline"). Any responses or objections to the relief requested in the Motion shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of *In re Voyager Digital Holdings, Inc*., No. 22-10943 (MEW) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served in a manner consistent with the *Final Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 240] and the procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing. Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Committee.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website

https://www.investvoyager.com/.  You may also obtain copies of the Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

*[Remainder of the Page Intentionally Left Blank]*

Dated: New York, New York
November 13, 2023

**MCDERMOTT WILL & EMERY LLP**

*/s/ Darren Azman*
Darren Azman
Joseph B. Evans
One Vanderbilt Avenue
New York, NY 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
E-mail: dazman@mwe.com
E-mail: jbevans@mwe.com

- *and* -

Gregg Steinman (admitted *pro hac vice*)
333 SE 2nd Avenue, Suite 4500
Miami, FL 33131-2184
Telephone: (305) 329-4473
Facsimile: (305) 503-8805
E-mail: gsteinman@mwe.com

- *and* -

Charles R. Gibbs (admitted *pro hac vice*)
Grayson Williams (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201-1664
Telephone: (214) 295-8000
Facsímile: (972) 232-3098

*Counsel to Paul R. Hage, in his capacity as the Plan Administrator of the Wind-Down Debtor*

**Hearing Date: December 6, 2023 at 10:00 a.m. (ET)**
**Objection Deadline: November 29, 2023 at 4:00 p.m. (ET)**

**MCDERMOTT WILL & EMERY LLP**
Darren Azman
Joseph B. Evans
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

**MCDERMOTT WILL & EMERY LLP**
Charles R. Gibbs (admitted *pro hac vice*)
Grayson Williams (admitted *pro hac vice*)
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201-1664
Telephone: (214) 295-8000
Facsimile: (972) 232-3098

**MCDERMOTT WILL & EMERY LLP**
Gregg Steinman (admitted *pro hac vice*)
333 SE 2nd Avenue, Suite 4500
Miami, Florida 33131-2184
Telephone: (305) 329-4473
Facsimile: (305) 503-8805

*Counsel to Paul R. Hage, in his capacity as the*
*Plan Administrator of the Wind-Down Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | Case No. 22-10943 (MEW) |
| Debtors.[1] | (Jointly Administered) |

### MOTION OF THE PLAN ADMINISTRATOR FOR ENTRY OF AN ORDER EXTENDING THE DEADLINE TO OBJECT TO PROOFS OF CLAIM

Paul R. Hage, in his capacity as the Plan Administrator of the Wind-Down Debtor,[2] by and through his undersigned counsel, hereby submits this motion (the "Motion") requesting entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"),

---

[1] The Wind-Down Debtor is the successor under the Plan to the following debtors in these chapter 11 cases who are listed along with the last four digits of their respective federal tax identification number: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The service address for the Wind-Down Debtor is 27777 Franklin, Suite 2500, Southfield, MI 48034.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Debtor's *Third Amended Joint Plan of Voyager Digital Holdings, Inc and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1166] (the "Plan").

extending the deadline to object to the allowance of claims by 180 days from November 15, 2023 through and including May 13, 2024. In support of this Motion, the Plan Administrator respectfully represents as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.) from the United States District Court for the Southern District of New York. The Plan Administrator confirms his consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion, to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. The statutory predicates for the relief requested herein is section 105 of title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rule 9006.

## BACKGROUND

4. On July 5, 2022, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Chapter 11 Cases were jointly administered for procedural purposes only.

**I.    Bar Date and Claims and Procedures Orders**

5. On August 3, 2022, the Court entered the *Order (I) Setting Deadlines for Submitting Proofs of Claim, and (II) Approving Procedures for Submitting Proofs of Claim, and*

2

*(III) Approving Notice Thereof* [Docket No. 218] (the "Bar Date Order"). The Bar Date Order set October 3, 2022 at 5:00 p.m. (Prevailing Eastern Time) and January 3, 2023 at 5:00 p.m. (Prevailing Eastern Time) as the deadlines by which non-governmental claimants and governmental claimants, respectively, must file a proof of claim.[3] On August 18, 2022, the Debtors provided notice of the Bar Date Order, in accordance with the procedures outlined therein, to potential claimants. *See Affidavit of Service of Gregory A. Lesage* [Docket No. 391].

6.      On January 30, 2023, the Debtors filed the *Motion to Approve/Debtors' Motion for an Order (I) Approving (A) Omnibus Claims Objection Procedures and Form of Notice, (B) Omnibus Substantive Claims Objections, and (C) Satisfaction Procedures and Form of Notice and (II) Waiving Bankruptcy Rule 3007(E)(6)* [Docket No. 925] (the "Claims Procedures Motion") seeking to establish certain procedures for objecting to and resolving disputed claims.

7.      On February 23, 2023, the Court entered the *Order (I) Approving (A) Omnibus Claims Objection Procedures and (B) Omnibus Substantive Claims Objections and Form of Notice and (II) Waiving Bankruptcy Rule 3007(e)(6)* [Docket No. 1067] (the "Procedures Order"), which granted the Claims Procedures Motion and authorized the Debtors to, among other things, file omnibus objections to multiple claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and the additional grounds set forth in the Procedures Order.

## II.    Plan Confirmation and Effective Date

8.      On March 10, 2023, the Court entered the *Corrected and Amended Order (I) Approving the Second Amended Disclosure Statement and (II) Confirming the Third Amended*

---

[3] Under the Bar Date Order, proofs of claim for claims entitled to priority under section 503(b)(9) of the Bankruptcy Code must be filed by the general bar date.

3

*Joint Plan of Voyager Digital Holdings, Inc and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1166] (the "Confirmation Order") confirming the Plan which, among other things, provided for the appointment of the Plan Administrator.

9. On May 19, 2023, the Debtors filed the *Notice of (I) Entry of Corrected and Amended Order (A) Approving the Second Amended Disclosure Statement and (B) Confirming the Third Amended Joint Plan of Voyager Digital Holdings, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code and (II) Occurrence of Effective Date* [Docket No. 1405], which provided notice that the effective date of the Plan occurred on May 19, 2023 (the "Effective Date").

10. On the Effective Date, the Plan Administrator became the sole representative of the Wind-Down Debtor's estates. [Docket No. 1166-1]. The Plan vested the Plan Administrator with the sole authority to reconcile, dispute, litigate, settle, compromise, or otherwise resolve any Disputed Claim. *Id*.

**III.    Claim Objections & Reconciliation**

11. Pursuant to the Plan, the deadline for the Plan Administrator to object to claims is November 15, 2023 (the "Claims Objection Deadline"). *See* Plan, Art. VII § B. The Plan permits the Court to extend the Claims Objection Deadline in its discretion upon request by the Plan Administrator. *Id*.

12. As of the applicable Bar Date, approximately 13,096 proofs of claim (each, a "Proof of Claim" and collectively, the "Proofs of Claim") have been filed against the Debtors. The Proofs of Claim total billions of dollars. The Plan Administrator has worked diligently to reconcile such claims, having thus far filed two omnibus objections, settled numerous individual claims, and is in the process of negotiating resolutions to numerous others.

4

13. The Plan Administrator has also undertaken various other tasks necessary to the administration of the Wind-Down Debtor's estates. These tasks include: (i) investigating and pursuing potential litigation claims; (ii) fielding and resolving creditor inquiries; (iii) making in-kind and check initial distributions; (iv) participating in various insolvency proceedings involving interested parties; (v) resolving certain disputes; (vi) disposing of pending matters against the Wind-Down Debtor; (vi) working through various tax, investigations, and cross-border issues; and (vii) winding up the Wind-Down Debtor's estates.

14. Although the Plan Administrator continues to make progress reconciling and otherwise resolving claims, this process will not be completed by the current Claims Objection Deadline. Accordingly, the Plan Administrator requests an extension of the Claims Objection Deadline by 180 calendar days from November 15, 2023 through and including May 13, 2024 (the "Extended Deadline").

**RELIEF REQUESTED**

15. By this Motion, the Plan Administrator respectfully requests entry of an order, substantially in the form of the Proposed Order, extending the Claims Objection Deadline to the Extended Deadline, to allow additional time to reconcile and resolve all remaining claims and, to the extent necessary, file any required objections with this Court. The requested extension is without prejudice to the Plan Administrator's right to seek additional extensions of the Claims Objection Deadline, as appropriate.

**BASIS FOR RELIEF**

16. Section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code." 11 U.S.C. § 105(a).

5

17.     Additionally, Bankruptcy Rule 9006(b) provides that: "when an act is required or allowed to be done at or within a specified period ... by order of the court, the court for cause shown may at any time in its discretion ... with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed…."

18.     Cause exists to extend the Claims Objection Deadline in these cases. The proposed extension is necessary for the efficient administration of the Wind-Down Debtor's estates and is in the best interests of creditors. Granting the requested extension will provide the Plan Administrator with additional time to (i) finalize his review and analysis of claims against the estates, (ii) complete the required due diligence to determine objectionable claims, (iii) negotiate resolutions to those claims, if possible, and (iv) object to and potentially litigate claim disputes that cannot be consensually resolved.

19.     The extension is not sought for the purposes of delay and will not prejudice any claimants. Conversely, if the Claims Objection Deadline is not extended, invalid or unsupported claims may be allowed, which may unfairly prejudice holders of valid and supported claims.

20.     Accordingly, the Plan Administrator respectfully submits that the requested extension of the Claims Objection Deadline from November 15, 2023 to the Extended Deadline is appropriate.

## NOTICE

21.     The Plan Administrator will give notice of the Objection to the following parties and/or their respective counsel, as applicable: (a) the U.S. Trustee; (b) any party that has filed a Proof of Claim; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002. In

light of the requested relief's nature, the Plan Administrator submits that no other or further notice need be given.

## **NO PRIOR REQUEST**

22. The Plan Administrator has not made any previous application for the relief requested herein to this or any other court.

*[Remainder of the Page Intentionally Left Blank]*

| | |
|---|---|
| Dated: New York, New York<br>November 13, 2023 | **MCDERMOTT WILL & EMERY LLP**<br><br>*/s/ Darren Azman*<br>Darren Azman<br>Joseph B. Evans<br>One Vanderbilt Avenue<br>New York, NY 10017-3852<br>Telephone: (212) 547-5400<br>Facsimile: (212) 547-5444<br>E-mail: dazman@mwe.com<br>E-mail: jbevans@mwe.com<br><br>- *and* -<br><br>Gregg Steinman (admitted *pro hac vice*)<br>333 SE 2nd Avenue, Suite 4500<br>Miami, FL 33131-2184<br>Telephone: (305) 329-4473<br>Facsimile: (305) 503-8805<br>E-mail: gsteinman@mwe.com<br><br>- *and* -<br><br>Charles R. Gibbs (admitted *pro hac vice*)<br>Grayson Williams (admitted *pro hac vice*)<br>2501 North Harwood Street, Suite 1900<br>Dallas, Texas 75201-1664<br>Telephone: (214) 295-8000<br>Facsimile: (972) 232-3098<br><br>*Counsel to Paul R. Hage, in his capacity as the Plan Administrator for the Wind-Down Debtor* |

**<u>Exhibit A</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*, | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

# ORDER GRANTING THE MOTION OF THE PLAN ADMINISTRATOR FOR ENTRY OF AN ORDER EXTENDING THE DEADLINE TO OBJECT TO PROOFS OF CLAIM

Upon the *Motion of the Plan Administrator for Entry of an Order Extending the Deadline to Object to Proofs of Claim* (the "Motion")[2] filed by the Plan Administrator seeking entry of an order extending the deadline to object to claims, as more fully set forth in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered January 31, 2012; and the Court having the power to enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Plan Administrator provided adequate and appropriate notice of the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

---

[1] The Wind-Down Debtor is the successor under the Plan to the following debtors in these chapter 11 cases who are listed along with the last four digits of their respective federal tax identification number: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The service address for the Wind-Down Debtor is 27777 Franklin, Suite 2500, Southfield, MI 48034.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

1. The Motion is granted as set forth herein.

2. The Claims Objection Deadline is hereby extended 180 days from November 15, 2023 through and including May 13, 2024, without prejudice to the right of the Plan Administrator to seek further extensions of the Claims Objection Deadline.

3. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

4. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2023
New York, New York

_____
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE