Douglas T. Tabachnik (Admitted in this District)
**LAW OFFICES OF DOUGLAS T. TABACHNIK, P.C.**
Woodhull House, Suite C
63 West Main Street
Freehold, New Jersey 07728
Telephone: (732) 780-2760
Facsimile: (732) 780-2761
E-mail:  dtabachnik@dttlaw.com

*Counsel to Landon Cassill, Brent Muha,
and William George Brumder II*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| In re: | ) | Chapter 11 |
|---|---|---|
| | ) | |
| VOYAGER DIGITAL HOLDINGS, INC. *et al.*,[1] | ) | Case No. 22-10943 (MEW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## OBJECTION TO MOTION FOR AN ORDER ESTABLISHING PROCEDURES GOVERNING ADVERSARY PROCEEDINGS BROUGHT BY THE PLAN ADMINISTRATOR PURSUANT TO SECTIONS 502, 547, AND 550 OF THE BANKRUPTCY PROCEEDINGS

Landon Douglas Cassil, Brent H. Muha and William George Brumder, II by and through their counsel, the Law Offices of Douglas T. Tabachnik, P.C., hereby submit their Objection to the Debtors' Motion for an Order Establishing Procedures Governing Adversary Proceedings Brought by the Plan Administrator Pursuant to Sections 502, 547 and 550 of the Bankruptcy Proceedings the ("Motion") and in support thereof state as follows:

---

[1] The debtors in these chapter 11 cases (collectively, the "*Debtors*"), along with the last four digits of each debtor's federal tax identification number are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (N/A); and Voyager Digital, LLC (8013).

1

## I.    INTRODUCTION

1.    The Plan Administrator, Paul R. Hage, has brought adversary proceedings against Landon Douglas Cassill (Adv. Proc. No. 24-02289-mew), Brent H. Muha (Adv. Pro. No. 24-01445-mew), and William George Brumder, II (Adv. Pro. No. 24-01504- mew) (collectively, the "Adversary Proceeding Defendants") that are addressed by the Motion. As such, the Motion and the proposed procedures to govern adversary proceedings ("Proposed Procedures") it seeks to impose are directly relevant to these Adversary Proceeding Defendants, all of whose cases are included in the exhibits identifying the proceedings to which the Motion is addressed.

2.    Contrary to the Plan Administrator's assertion, the Proposed Procedures do not universally streamline litigation and promote resolution in a timely and efficient fashion or minimize costs as to the Adversary Proceeding Defendants. Instead, the Proposed Procedures, if adopted, would institute a quagmire for the Adversary Proceeding Defendants by which they would be placed in a procedural disadvantage that would impair their ability to obtain either a fair settlement by means of mediation or be enabled to adequately and fairly defend their respective interests in the event that the proposed mediation failed to accomplish a resolution of their respective matters.

3.    Without limiting the objections specified below, the Proposed Procedures do not ensure a fair mediation or discovery process, do not minimize costs for all parties, do not follow the rules to ensure summary judgment motions are only filed when appropriate, do not provide adequate time to prepare for trial, and do impose punitive and harsh consequences for violations of the Proposed Procedures that serve to defeat the legitimate due process interests of the Adversary Proceeding Defendants by impairing their ability to assert their respective substantive

rights and privileges. The Adversary Proceeding Defendants specify below the Proposed Procedures that are objectional and why.

## II. THE OBJECTIONABLE PROPOSED PROCEDURES

### A. Proposed Procedure No. 3

4. The Plan Administrator asserts in his Motion that the Proposed Procedures are intended to curb costs for all parties, but Proposed Procedure no. 3 shows that this is not the case for the Adversary Proceeding Defendants. While Proposed Procedure no. 3 states that a responsive pleading will not be due until ninety days after issuance of the summons, given that the mediations will not even be scheduled until after October 14, 2024, these Adversary Proceeding Defendants time to respond, and probably many others not represented by the undersigned, will expire before mediation occurs. While Proposed Proceeding no. 43 allows for the Plan Administrator to grant an extension for a responsive pleading, there is no guarantee of agreement. Thus, if the Proposed Procedures are intended to minimize costs for all parties, then the Plan Administrator should be required to grant an extension for all parties who request additional time to respond to the Complaints until mediation has concluded.

### B. Proposed Procedure No. 6

5. This Proposed Procedure seeks to stay discovery until mediation is concluded but allows for the agreed-upon informal exchange of discovery. This Proposed Procedure should be subject to each party's right to seek court intervention if a request for informal discovery is refused and an extension of time for conducting such mediation until the dispute is resolved and, if appropriate, the requesting party has received the requested discovery. This modification to Proposed Procedure no. 6 is essential so that the Adversary Proceeding Defendants may analyze the Plan Administrator's documents regarding the avoidance actions as well as obtain discovery

3

concerning their defenses. This discovery will allow for the most informed and, consequently, fair mediation.

6. Proposed Procedure no. 6 is an excellent example of how the Proposed Procedures unfairly favor the Plan Administrator at the expense of the Adversary Proceeding Defendants' rights. Specifically, the Plan Administrator has access to the information concerning the avoidance actions, but the Adversary Proceeding Defendants do not. They are left to rely on the accuracy of the Plan Administrator's assertions with respect to preference amounts and transfer dates without any hard data. Also, the Adversary Proceeding Defendants will not have any opportunity to conduct discovery on the defenses they have to the avoidance actions.

7. In this regard, based upon reviewed information, the Adversary Proceeding Defendants have reason to believe that the Debtors were not insolvent at the time of the transfers alleged in the respective Complaints. While the Debtors have a rebuttable presumption of insolvency under 11 U.S.C. §547(f), an analysis of record information indicates that given the opportunity to conduct discovery and upon expert review, the Adversary Proceeding Defendants may be able to prove that the Debtors were solvent for some or all of the relevant transfers. Moreover, among other defenses, the Adversary Proceeding Defendants have defenses under 11 U.S.C. Section 547(c) and need to conduct discovery regarding same. While there is no objection to proceeding informally to obtain discovery during the negotiation and mediation process, there should be an avenue for redress if such efforts are rebuffed.

8. It seems clear that by staying discovery until mediation is concluded, the Plan Administrator does not intend to consider defenses of the Adversary Proceeding Defendants during mediation. Rather, it seems that by these Proposed Procedures, the Plan Administrator intends to settle the avoidance actions based upon a settled percentage without any informed consideration

4

that these avoidance actions are not valid or otherwise fail due to defenses. Such a plan is wholly and completely unfair to the Adversary Proceeding Defendants. If mediation is to occur, it should be one where all claims and all defenses may be fully examined and considered as part of the discussion.

### C. Proposed Procedure No. 8

9. This Proposed Procedure limits the choice of mediators to three, which were either chosen by the Plan Administrator or his attorneys. There is no justification for avoiding the list of very competent mediators included on the Register of Mediators for this Court. Allowing for a selection among this list enables the parties to properly review the respective mediators' credentials[2] and determine the potential rates to be charged to the respective mediation participants. Streamlining the process should not come at the expense of fairness; this scenario does just that. The Adversary Proceeding Defendants should be able to choose a mediator not just on the limited proposed list but also one who is qualified on this Court's register of qualified mediators.

### D. Proposed Procedure No. 17

10. This Proposed Procedure seeks to limit discovery to non-privileged matters and solely to the avoidance actions. To ensure that all relevant matters are discoverable, this Proposed Procedure should be amended to mirror the language of Fed. R. Civ. P. 26(b)(1)[3] which states in pertinent part that, "[p]arties may obtain discovery regarding any nonprivileged matters that is relevant to any party's claim or defense." Also, to be clear, any party's claim of privilege in

---

[2] We note parenthetically that one of the three mediators, Bradford Sandler, is not on the list. So, his credentials are not even available for immediate review, let alone the opportunity to review the rates to be charged.

[3] Fed. R. Civ. P. 26 is made applicable here by Fed. R. Bankr. P. 7026.

5

response to discovery requests is governed by Fed. R. Civ. P. 26(b)(5). There is no rationale offered to dispense with this Rule.

### E. Proposed Procedures Nos. 19 and 20

11. Read together and in contravention of the Plan Administrator's stated intention to streamline the avoidance actions, these two Proposed Procedures give the Plan Administrator more time to submit their rebuttal expert report on insolvency than Fed. R. Civ. P. 26 (a)(2)(D)(ii) affords, absent stipulation or court order. Specifically, pursuant to these Proposed Procedures, the Adversary Proceeding Defendants must submit their expert reports on insolvency by August 1, 2025, and the Plan Administrator must submit any rebuttal insolvency report by September 15, 2025. However, Fed. R. Civ. P. 26 (a)(2)(D)(ii) would require the Plan Administrator's report to be disclosed thirty days after the Adversary Proceeding Defendants' expert report on insolvency, which would be on September 1, 2025. This is yet another example of how these Proposed Procedures favor the Plan Administrator. This Proposed Procedure should be modified to require that the Plan Administrator submit his expert rebuttal report on insolvency on September 1, 2025.

### F. Proposed Procedure No. 23

12. Proposed Procedure no. 23 is very problematic and should be deleted. First, this Proposed Procedure states that, "[e]ither or both parties may seek leave under Local Bankruptcy Rule 7056 by email to the Court, with a copy to the counsel for the opposing party." The foregoing is a modification of Local Bankruptcy Rule 7056-1(a) in that it allows any party to file a summary judgment motion upon email to the Court and bypasses the critical letter request for a pre-motion conference prior to a summary judgment motion filing. Local Bankruptcy Rule 7056-1(a) states:

> Unless the Court orders otherwise, no party shall file a motion for summary judgment without first seeking a pre-motion conference. The request for a pre-motion conference shall be made by letter, filed with the Court, on the docket of the case, and

6

served on all other parties setting forth the issues to be presented in the motion and the grounds for relief. Unless the Court otherwise directs, the letter shall not exceed two pages in length.

13. The Plan Administrator may argue that it is streamlining the avoidance actions and minimizing costs by skipping this pre-motion conference. However, in actuality, the purpose of the pre-motion conference is to avoid unnecessary time and expense for both the parties and the court. In this respect, the Comment for 7056(a)-1 provides:

> Subdivision (a) of this rule was added in 2004 because motions for summary judgment are frequently burdensome, in time and expense, for the Court and the parties. Parties frequently file motions for summary judgment when an objective examination would reveal triable issues of fact or when the Court might conclude that it would be more cost-effective to resolve all issues at trial, given that most trials in bankruptcy court are bench trials.

14. In keeping with the Plan Administrator's intention to streamline the avoidance actions and minimize costs, the requirements of Bankruptcy Local Rule 7056-1(a) must apply to the avoidance actions.

15. Additionally, Proposed Procedure no. 23 also states that "[i]n the normal course, the Court will not permit the filing and pursuit of a summary judgment motion before the completion of discovery." The Plan Administrator leaves this statement hanging without any explanation of how it is a proposed procedure. This statement needs to be deleted as its vagueness may result in uneven or unfair application.

16. Lastly, with respect to Proposed Procedure no. 23, the Plan Administrator removes Local Bankruptcy Rule 7005-1 from applying to these avoidance actions without any explanation as to how this will streamline these actions. However, it seems that the Plan Administrator's whole purpose behind Proposed Procedure no. 23 is to make summary judgment an easier vehicle for the Plan Administrator as the reality is he is the one most likely to pursue summary judgment as a

7

cudgel to gain an unfair tactical advantage over a less financially endowed defendant. This Court should not countenance this attempt, and Proposed Procedure No. 23 should be deleted in its entirety. Any procedure that seeks to eliminate requirements for making a summary judgment motion should be automatically rejected as summary judgment should only be granted in the clearest of circumstances where judgment may be made as a matter of law when there are no facts at issue, after a full and fair opportunity for appropriate discovery.

### G. Proposed Procedures Nos. 24 and 27

17.     Proposed Procedures nos. 24 and 27 only allow mediations to take place virtually upon request and if the parties and mediator agree. These Procedures run completely contrary to the Plan Administrator's assertion that these Proposed Procedures are intended to curb costs for both parties. If it is not agreed that the Adversary Proceeding Defendants may attend virtually, they will not only incur increased attorney time for travel but will incur a great travel expense for airfare and hotel as none of the Adversary Proceeding Defendants live in New York – all would have to travel thousands of miles, and one may have to travel across international boundaries to attend in person, at substantial expense. If the effort here is to avoid expenses, then it is axiomatic that all mediations must be allowed to be held virtually. In today's world, so many meetings, court hearings, mediations and trials are held with success virtually. There is absolutely no reason for the same virtual attendance not to be automatically available here.

### H. Proposed Procedures Nos. 31 and 37

18.     Proposed Procedures nos. 31 and 37, respectively, state that failure to comply with the Proposed Procedures for mediation may result in a default judgment or dismissal and failure to comply with the Proposed Procedures may result in dismissal or sanctions. These Proposed Procedures should be deleted or, at a minimum, modified to delete a default judgment or dismissal

8

as possible consequences for violation of these Proposed Procedures. As written, these Proposed Procedures seek to impose these harsh penalties with a broad brushstroke with no detail of the violations necessary to incur them, which raises due process issues before an alleged violation has even occurred. The United States Bankruptcy Court for the Southern District of New York's "Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings" already provide when sanctions may be considered and expressly do not include dismissal or a default judgment as a penalty. Likewise, Fed. Bankr. R. 7037 already deals with when sanctions are available for failure to make discovery.

19. Therefore, Proposed Procedure Nos. 31 and 37 should be deleted as both unnecessary and punitive.

### I. Proposed Procedure No. 33

20. This Proposed Procedure states that if a mediation goes beyond one day, the mediator's fee will be charged per hour without any discussion of what that hourly fee will be. Tying back to the Adversary Proceeding Defendants' objection to Proposed Procedure No. 8, not knowing the mediator's hourly fee is more reason why the parties should be allowed to choose from this Court's Register of Mediators so that they have an opportunity to vet the prospective mediator's fees as well as credentials.

### J. Proposed Procedure No. 38

21. Proposed Procedure no. 38 should be modified to state, "[a]ll proceedings and mediation statements shall be privileged and confidential and shall not be reported or placed in evidence. No document that was not privileged prior to the mediation will be rendered privileged by its use in the mediation as an exhibit to a mediation statement or otherwise."

9

### K. Proposed Procedure No. 39

22. This Proposed Procedure states that parties must be ready to go to trial three weeks after the disposition of dispositive motions. This is too tight a time deadline for the parties to adequately prepare for trial and does not allow for conflicts in calendars or for the Adversary Proceeding Defendants to make travel arrangements.

23. Additionally, this Proposed Procedure allows for a trial three weeks after dispositive motions are denied. However, Proposed Procedure No. 23 states that dispositive motions may be filed at any time after mediation resolves. Therefore, if mediation ends on November 15, 2024, and a dispositive motion is filed, heard, and denied by February 15, 2025, a trial could be scheduled before discovery is even complete. In this respect, pursuant to Proposed Procedure No. 16, the parties have until July 1, 2025, to complete non-expert fact discovery, and pursuant to Proposed Procedure No. 21, until October 30, 2025, to complete expert discovery.

24. Proposed Procedure no. 39 should be amended to state that any avoidance actions at issue may be set for trial six weeks after discovery is completed or the date all dispositive motions have been denied or denied in part, with the later date being the controlling date.

### L. Proposed Procedure No. 42

25. Proposed Procedure no. 42 should be amended to add at the beginning of the sentence, "The Federal Rules of Bankruptcy Rules and the Local Bankruptcy Rules . . . "

10

26. WHEREFORE, the Adversary Proceeding Defendants request an Order denying the Motion in part and requiring that any and all Proposed Procedures comport with this Objection, together with such other and further relief as to this Court seems just, proper, and equitable.

Dated: September 10, 2024

**LAW OFFICES OF DOUGLAS T. TABACHNIK, P.C.**

<u>*/s/ Douglas T. Tabachnik*</u>

Douglas T. Tabachnik
Woodhull House, Suite C
63 West Main Street
Freehold, New Jersey 07728
Telephone: (732) 780-2760
Facsimile: (732) 780-2761
E-mail: dtabachnik@dttlaw.com
*Counsel to Landon Cassill, Brent Muha,
and William George Brumder II*