UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re*:<br><br>VOYAGER DIGITAL HOLDINGS, INC., *et al.*,<br><br>Debtors.1 | Chapter 11<br><br>Case No. 22-10943 (MEW)<br><br>(Jointly Administered) |

**ORDER ON MOTION FOR AN ORDER ESTABLISHING PROCEDURES
GOVERNING ADVERSARY PROCEEDINGS BROUGHT BY THE PLAN
ADMINISTRATOR PURSUANT TO SECTIONS 502, 547, AND 550
OF THE BANKRUPTCY CODE**

Upon the *Motion for an Order Establishing Procedures Governing Adversary Proceedings Brought by the Plan Administrator Pursuant to Sections 502, 547, and 550 of the Bankruptcy Code* (the "Motion")2 filed by Paul R. Hage, in his capacity as the Plan Administrator (the "Plan Administrator") of Voyager Digital Holdings, Inc. *et al*. (collectively, the "Wind-Down Debtor" or "Voyager"), for entry of an order establishing streamlined procedures governing the Avoidance Actions identified on the attached **Exhibit 1**; and the Court having jurisdiction to consider and determine the Motion as a core proceeding in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion and the opportunity for a hearing thereon having been provided; and it appearing that no other or further notice need be provided; and the only objection filed by Landon Douglas Cassill, Brent H. Muha, and William George Brumder, II (the "Objecting Defendants")

---

[1] The Wind-Down Debtor in these chapter 11 cases consists of Voyager Digital Holdings, Inc. (7687), Voyager Digital Ltd. (7224), and Voyager Digital, LLC (8013). The Wind-Down Debtors' service address is 27777 Franklin, Suite 2500, Southfield, MI 48034.

[2] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them as in the Motion.

to the Motion having been resolved pursuant to a proposed So-Ordered Stipulation separately submitted to the Court in chambers pursuant to Local Bankruptcy Rule 9074-1 as to which the Court has reviewed and will separately enter (the "So-Ordered Stipulation"); and, after due deliberation the Court having determined that the legal and factual bases set forth in the Motion establish good and sufficient cause for the relief granted herein and that such relief is in the best interests of the Wind-Down Debtor, its creditors and all parties in interest in that it will facilitate the prompt, economical and fair determination and resolution of the Avoidance Actions;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein.

2. The Avoidance Actions shall be governed by the procedures set forth on the attached **Exhibit 2,** as modified in accordance with the record of the proceedings before the Court on September 17, 2024 (the "Avoidance Action Procedures") and incorporated herein by reference, which Avoidance Action Procedures, subject to the So-Ordered Stipulation, are hereby approved.

3. The time periods set forth in this Order and the Avoidance Action Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

4. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

5. This Order shall be effective immediately upon its entry.

Dated: September 30, 2024
      New York, New York

                                       **s/Michael E. Wiles**
                                       THE HONORABLE MICHAEL E. WILES
                                       UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1 - CASE LIST

| Defendant Name | Adversary Number |
|---|---|
| Alex K. Cheung | 24-01439 |
| Alex Spencer Jaffe | 24-01440 |
| Alexander Seth Kassan | 24-01441 |
| Andrew Ross Graves | 24-01442 |
| Anthony J. Moliterno | 24-01443 |
| Aviad Haimi Cohen | 24-01444 |
| Baron Digital Large Cap Fund, LLC | 24-02282 |
| Brent H. Muha | 24-01445 |
| Caleb Solomon Frankel | 24-01446 |
| Charles Robert Gentry | 24-01447 |
| Christopher Andrew Losacco | 24-01449 |
| Christopher James Heyen | 24-01450 |
| Curtis Dwayne Haines | 24-01453 |
| David W. Braden | 24-01455 |
| David William Shoemaker | 24-02286 |
| Dimitry L. Kirsanov | 24-01457 |
| Domenick E. Italiano | 24-01460 |
| Erik D. Braden | 24-01462 |
| George Robert Trosley III | 24-01468 |
| Gerald David Medina | 24-01471 |
| Gheracha Phomsouvanh aka Jay Phomsouvanh | 24-01473 |
| Graham Asher Friedman | 24-01475 |
| Heather Rochelle Rawe | 24-01477 |
| Irene J. Bang | 24-01478 |
| Jacob David Rogers III | 24-01479 |
| Jacob Wolf Doft II | 24-01480 |
| James Leigh Rogers aka Jim Rogers | 24-01481 |
| Jeffrey John Bachmeier | 24-01483 |
| John Joseph Page | 24-01485 |
| John Joseph Polischeck | 24-01487 |
| John Ottolenghi | 24-01490 |
| John William Smolen | 24-01492 |
| Justin Joel Zylick | 24-01494 |
| Kelly Alan Buber | 24-01436 |
| Kevin Hodge | 24-01437 |
| Kevin Jay Wexler | 24-01438 |

| | |
|---|---|
| Kira Elizabeth Bazile | 24-01448 |
| Landon Douglas Cassill | 24-02289 |
| Mark Edward Anderson | 24-01451 |
| Mark Emil Gertjegerdes | 24-01452 |
| Mark Richard Fuller | 24-01454 |
| Mark William Andres | 24-01456 |
| Matthew McCall Schorr | 24-01458 |
| Megan D. Anderson | 24-01459 |
| Michael Coc Conduris | 24-01461 |
| Mike N. Boudet | 24-01463 |
| Miko Yat Sun Tam | 24-01464 |
| Miles W. Wood | 24-01465 |
| Minh Han Lai | 24-01466 |
| Moonlight Capital Inc. | 24-01467 |
| Oliver E. Einstein | 24-01469 |
| Orca Capital DeFi Fund, LP | 24-01470 |
| Orca Capital Fund LP | 24-01472 |
| Orca Capital II Fund LP | 24-01474 |
| Orca Capital III Fund LP | 24-01476 |
| Paul R. Despe | 24-01482 |
| Peter Willys VanNewhyzen | 24-01484 |
| Quinn Daniel Bott | 24-01486 |
| Randy Leroy Hartnell | 24-02292 |
| Richard William Beyer | 24-01488 |
| Robert Donald Burns IV | 24-01489 |
| Robert Redford | 24-01491 |
| Ryan Mitchell Lynch | 24-01493 |
| Salwan Wesam Adjaj | 24-01494 |
| Sami Ibrahim | 24-01496 |
| Sears Richard Taylor III | 24-01497 |
| Simon Michael Lerner | 24-01498 |
| Steven A. Brooks | 24-01499 |
| Steven George Goglanian | 24-01500 |
| Steven Kenneth Lichtman | 24-01501 |
| Thomas R. Johnson | 24-01502 |
| Vincent J. Mineo | 24-02295 |
| Wendy E. Diamond | 24-01503 |
| William George Brumder II | 24-01504 |

**Exhibit 2**

**AVOIDANCE ACTION PROCEDURES**

A. **Effectiveness of the Procedures Order**

1. These Avoidance Action Procedures shall apply to all Defendants in the Avoidance Actions listed on **Exhibit 1** attached to the Motion.

2. Within 30 days of the date this Order, each Defendant shall file a statement stating the Defendant's position as to whether the Bankruptcy Court has the power to issue final orders and a final judgment in the Avoidance Action to which that Defendant is a party, and (if the Defendant contests that power) whether the Defendant consents to the entry of final orders and a final judgment by the Bankruptcy Court. Otherwise, responses to the Complaints will be deferred as set forth in paragraph 3, below.

B. **Extensions to Answer or File Other Responsive Pleading to the Complaint**

3. The time to file an answer or other responsive pleading to a complaint shall be extended such that an answer or other responsive pleading is due within 30 days after the unsuccessful conclusion of Defendant's mediation.

C. **Waiver of Requirement to Conduct Pretrial Conference**

4. Federal Rule 16, made applicable to the Avoidance Actions pursuant to Bankruptcy Rule 7016 (*i.e.*, pretrial conferences), is hereby waived and not applicable with respect to the Avoidance Actions. Neither the Plan Administrator nor any Defendant shall be required to appear at any initial pretrial conference, including any initial pretrial conference originally scheduled pursuant to Local Rule 7016-2.

D. **Waiver of Requirement to Conduct Scheduling Conference**

5. Federal Rule 26(f), made applicable to the Avoidance Actions pursuant to Bankruptcy Rule 7026 (mandatory meeting before scheduling conference/discovery plan), is hereby waived and is not applicable to the Avoidance Actions. Thus, the parties to the Avoidance Actions shall not be required to submit a written report as may otherwise be required under Federal Rule 26(f).

E. **Discovery, Mediation, and Dispositive Motion Schedule**

6. All discovery in each Avoidance Action is hereby stayed until the mediation process set forth below (the "Mediation Process") is concluded; provided that the stay of formal discovery shall in no way preclude, with respect to any Avoidance Action, the Plan Administrator and applicable Defendant from informally exchanging documents and information in an attempt to resolve such Avoidance Action in advance of, or during, the Mediation Process. Notwithstanding the pre-mediation stay of discovery, upon notification in writing on or before October 14,

22-10943-mew    Doc 1789    Filed 09/30/24    Entered 09/30/24 10:32:59    Main Document
Pg 6 of 11

2024, to a party's opposing counsel, a party may elect to engage in pre-mediation discovery. If an Avoidance Action Defendant and the Plan Administrator engage in pre-mediation discovery, then that Avoidance Action Defendant's answer or responsive motion to the Complaint will be due on November 14, 2024, and mediation of the case will occur pursuant to the parties' agreement but no later than fifteen days after the close of all discovery.

7. Any Avoidance Actions that have not been resolved and/or settled by October 14, 2024 (the "Remaining Avoidance Actions") shall be referred to mandatory mediation consistent with the procedures set forth herein.

8. Between October 14, 2024 and October 28, 2024, Defendants in the Remaining Avoidance Actions shall choose a mediator from the list of proposed mediators (each a "Mediator," collectively, the "Mediators") attached hereto as **Exhibit 3** (the "Mediator List") or any other mediator mutually agreeable to both the Defendant and the Plan Administrator, with the mediator fees being paid equally by the parties. Concurrently, Defendants in the Remaining Avoidance Actions shall notify the Plan Administrator's counsel of the Defendant's choice of Mediator by contacting: Laurie N. Miskowiec, in writing, via email at **lmiskowiec@askllp.com** or via letter correspondence addressed to: ASK LLP, 2600 Eagan Woods Drive, Suite 400, St. Paul, MN 55121. If a Defendant in a Remaining Avoidance Action does not timely choose a Mediator from the Mediator List and notify the Plan Administrator's counsel of the same, the Plan Administrator will assign such Remaining Avoidance Action to one of the Mediators from the Mediator List.

9. Upon notification of such selection or assignment, the selected Mediator shall have an opportunity to determine whether he/she has any conflicts with the Defendant(s) and, in the event of a conflict, shall abstain from acting in the particular mediation. If the selected Mediator abstains, Defendant will be given another 15 days to select an alternate Mediator as described in paragraph 8 above.

10. Upon the selection of Mediators, the Plan Administrator, working with the Mediators, will commence scheduling mediations. Each Mediator will provide to the Plan Administrator the dates on which the Mediator is available for mediation and the parties shall cooperate with the Mediators and each other regarding the scheduling of mediations. The Plan Administrator's counsel shall contact Defendant or Defendant's counsel with a list of proposed dates for mediation provided by the Mediator. Mediation will then be scheduled on a first-come, first-served basis.

11. The Plan Administrator will give at least 21 days' written notice of the first date, time and place of the mediation in each Remaining Avoidance Action (the "Mediation Notice"), which notice shall be served on the applicable Defendant.

12. Within 7 calendar days after the conclusion of the mediation, the Mediator shall file a report (the "Mediator's Report") pursuant to General Order M-452 in the Remaining Avoidance Action, which shall be limited to stating only a) compliance

or non-compliance with the General Order and b) whether the Remaining Avoidance Action settled or did not settle.

13. The Mediation Process with respect to all of the Remaining Avoidance Actions must be concluded by February 28, 2025.

14. Any open Avoidance Actions shall be required to provide the disclosures required under Bankruptcy Rule 7026(a)(1) (the "**Initial Disclosures**") on or before April 18, 2025.

15. All written interrogatories, document requests and requests for admission, if any, may be served upon the adverse party any time after the Mediator's Report is filed. All written interrogatories, document requests and requests for admission, if any, must be served upon the adverse party concurrently with the deadline to provide Initial Disclosures or no later than April 18, 2025.

16. The parties to the Avoidance Actions shall have through and including July 1, 2025 to complete non-expert fact discovery, including depositions of fact witnesses.

17. Should a discovery dispute arise, the parties' counsel shall promptly confer to attempt in good faith to resolve the dispute. If, notwithstanding their good faith efforts to do so, they are unable to resolve a discovery dispute, the complainant shall file with the Court and email to the Court's chambers, copying counsel for the opponent, a letter outlining said issues. Respondent must reply within two business days by filing a letter on the docket with a copy emailed to the Court's chambers, copying counsel for the opponent. Such letter, excluding exhibits, shall be no longer than two pages. The Court shall then inform the parties if it will require a conference call or formal motion. At any ensuing conference or hearing on a motion, the Court will ask the parties about their prior efforts to resolve the dispute.

18. Pursuant to Federal Rule 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports (a) concerning any issue on which a party bears the burden of proof (not including any report by the Plan Administrator on insolvency) and (b) if Defendant intends to provide expert testimony regarding insolvency of the Debtors, such report, if any, shall be made to the Plan Administrator on or before August 1, 2025.

19. Federal Rule 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports (a) of the parties' rebuttal experts, and (b) the Plan Administrator's report on the insolvency of the Debtors, if any, shall be made to the adverse party on or before September 1, 2025.

20. All expert discovery, including expert witness depositions, shall be concluded on or before October 30, 2025.

21. The standard provisions of Federal Rule 26(e), made applicable herein pursuant to Bankruptcy Rule 7026, shall apply to the Avoidance Actions with respect to supplementation of discovery responses.

22. Either or both parties may seek leave under Local Bankruptcy Rule 7056 by email to the Court, with a copy to the counsel for the opposing party; provided, that all dispositive motions shall be filed and served at any time after the Mediation Process but before December 15, 2025. In the normal course, the Court will not permit the filing and pursuit of a summary judgment motion before the completion of discovery.

F. **Mediation Procedures and Requirements**

23. Mediations shall take place virtually, except as otherwise agreed to by the parties. If the parties do not agree regarding the location of a mediation, the Mediator shall determine the location. Local Bankruptcy Rule 9019-1 and the Court's General Order M-452 concerning mediation procedures shall govern the mediations, except as otherwise set forth herein. General Order M-452 is available on the Court's website at: http://www.nysb.uscourts.gov/.

24. All proceedings and writing incident to the mediation will be considered privileged and confidential and subject to all the protections of Federal Rule of Evidence 408, and shall not be reported or admitted in evidence for any reason except to prove that a party failed to comply with the Mediation Process set forth in these Procedures.

25. The Mediators shall be required to file disclosures prior to the scheduling of mediation.

26. The parties in each Remaining Avoidance Action will participate in the mediation, as scheduled and presided over by the chosen Mediator, in good faith and with a view toward reaching a consensual resolution. The mediation shall be attended in person by a representative of each party with full settlement authority (and, if such party is represented by counsel, their counsel), unless the parties agree and the Mediator authorizes any party to appear via video conference (other authorizes the entire mediation by video conference). **Any request to appear via video conference must be made prior to ten business days before the scheduled mediation date, or Defendant is deemed to waive such request.** Should a party representative appear via video while counsel is in person, counsel appearing in person for that party shall have full settlement authority. Should a dispute arise regarding a Mediator's decision on whether to allow a party representative to appear via video rather than in person, a party may apply to the Court, in advance of the mediation, by sending a letter outlining said issues to chambers. The Court may then schedule a conference call to address the issues.

27. The Mediator will preside over the mediation with full authority to determine the nature and order of the parties' presentations, and the rules of evidence will not apply. Each Mediator may implement additional procedures which are reasonable and practical under the circumstances.

28. The Mediator, in the Mediation Notice (by language provided to the Plan Administrator by the Mediator) or in a separate notice that need not be filed, may

require the parties to provide to the Mediator any relevant papers and exhibits, a statement of position, and a settlement proposal. In the Mediator's discretion, upon notice (which need not be filed), the Mediator may adjourn a mediation or move a mediation to a different location within the same jurisdiction. The Mediator may also continue a mediation that has been commenced if the Mediator determines that a continuation is in the best interest of the parties.

29. The fees and costs of the Mediator (the "Mediation Fee") shall be paid equally by the parties on a fixed-fee schedule as set forth below. The parties shall pay one-fourth of the Mediation Fee as least seven calendar days prior to the commencement of mediation (the "Initial Mediation Fee"). The remaining fee will be due and paid by the parties on the date of mediation should the mediation go forward. If the parties settle prior to the mediation, the Mediator must be informed of the settlement prior to seven calendar days before the scheduled mediation or the Initial Mediation Fee is nonrefundable:

   i. cases with a claim amount (as reflected in the complaint) less than $500,000: $5,000 per case;

   ii. cases with a claim amount (as reflected in the complaint) equal to or greater than $500,000 and less than $1,000,000: $7,000 per case; and

   iii. cases with a claim amount (as reflected in the complaint) equal to or greater than $1,000,000: $8,000.00 per case.

30. Mediation that is continued for more than one calendar day will be continued on an hourly fee basis to be paid equally by the parties.

31. Defendants that have additional Avoidance Actions commenced against their affiliates in the bankruptcy cases may mediate all related Avoidance Actions at one time and, in such event, the Mediation Fee shall be based upon the combined total claim amount for all related Avoidance Actions.

32. Mediation statements shall be delivered to the Mediator seven calendar days prior to the mediation. Unless otherwise directed by the Mediator, the mediation statements shall be shared with the opposing party, except that any party that has confidential information may share such confidential information solely with the Mediator. The Mediator will direct the parties as to further instructions regarding the mediation statements.

33. Without the prior consent of both parties, no Mediator shall mediate an Avoidance Action in which his/her law firm represents a party.

34. The Mediator will not testify or present evidence regarding a mediation, except in extraordinary circumstances as determined by the Court.

35. All proceedings and mediation statements shall be privileged and confidential and shall not be reported or placed in evidence. No document that was not privileged

prior to the mediation will be rendered privileged by its use in the mediation as an exhibit to a mediation statement or otherwise.

**G.    Miscellaneous**

36.   If, after dispositive motions have been filed in an Avoidance Action and a decision on the same does not resolve the matter, that Avoidance Action shall be scheduled for a trial date that is convenient to the Court's calendar. Parties should be ready to proceed to trial within three weeks after such decision is rendered. Before seeking such trial date, the parties shall have met and conferred and agreed on their best estimate of the length of the trial, taking into account the procedures set forth below. When seeking such date, they shall inform the Court's Courtroom Deputy of such estimate. Normally, the Court expects that Avoidance Action trials will not take longer than one day. If the parties believe otherwise, they should arrange a pre-trial conference before scheduling the trial.

37.   On or before two weeks before the trial, the parties shall have (a) met and conferred and used their best efforts to agree on a joint agreed exhibit book and shall have identified any exhibits whose admissibility is not agreed and (b) exchanged proposed witness lists.

38.   The Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules shall apply, except that this Procedures Order shall control with respect to the Avoidance Actions to the extent of any conflict with the Local Rules or other applicable rules and orders of the Court.

39.   The deadlines and/or provisions contained in this Procedures Order may be extended and/or modified by the Court upon written motion and for good cause shown or consent of the parties pursuant to stipulation, which stipulation (a) if solely related to an extension of time for Defendant to file a response to the complaint, must be filed with the Court, and (b) in all other deadline extensions, must be filed with the Court, with a copy emailed to the Court's chambers and "So Ordered."

40.   The Court reserves the right to adopt additional procedures to coordinate the briefing and litigation of factual or legal issues that might be common in the Avoidance Actions.

# Exhibit 3

# MEDIATOR LIST

1. Bradford J. Sandler
2. Lucien Murley
3. Sean Southard